UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

      PLAINTIFF,

V.

GHISLAINE MAXWELL,

      DEFENDANT.

-------------------------------------------------X

**15-cv-07433-RWS**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A STAY OF DISCOVERY PENDING DECISION ON DEFENDANT'S MOTION TO DISMISS

Defendant Ghislaine Maxwell, through her attorney Laura A. Menninger of the law firm Haddon, Morgan and Foreman, P.C., hereby respectfully submits this Memorandum of Law in support of her Motion to Stay Discovery during the pendency of her Motion to Dismiss.

## LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure grants courts broad discretion to stay discovery "for good cause shown." *Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y 2002). Good cause may be shown where a party (1) has filed a dispositive motion; (2) the stay is for a short period of time; and (3) the opposing party will not be prejudiced by the stay. *Id.* Additional factors courts may consider are breadth of discovery sought and the burden of responding to it as well as the strength of the dispositive motion forming the basis for the stay application. *Id.*

<u>**ARGUMENT**</u>

I.    <u>**Ms. Maxwell's Motion to Dismiss Provides "Good Cause" to Stay Discovery**</u>

    **A.**    **The Pending Motion Cites Multiple, Independent Grounds for Dismissal**

A stay of discovery is particularly appropriate where, as here, a pending motion to dismiss has "substantial arguments for dismissal of many, if not all, of the claims asserted." *Spinelli v. National Football League*, No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (Sweet, J.). Here, Plaintiff's Complaint consists of a single defamation claim. In her motion to dismiss, Ms. Maxwell offers multiple grounds for dismissal of the entire action, none of which are "unfounded in the law." *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Ms. Maxwell respectfully refers the Court to her Memorandum of Law in Support of Motion to Dismiss wherein she argues as grounds for dismissal both that the Complaint has various pleading deficiencies and that the alleged defamatory statements are protected by not one, but two, applicable privileges. Courts in this district have stayed discovery under similar circumstances. *See e.g., Integrated Sys. and Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("granting a stay upon noting that [defendant] has put forth in its motion multiple, independent arguments for dismissal…").

While the Court will ultimately decide the merits of Ms. Maxwell's motion, the presence of multiple, independent grounds for dismissal, warrants a stay of discovery.

    **B.**    **The Requested Stay is for a Short Period of Time**

Pursuant to Rule 6.1(b) of the Local Rules of this Court, briefing on the Motion to Dismiss is scheduled to be completed on Monday, December 28. Accordingly, any delay in the commencement of discovery will last for the time it takes the Court to rule on the Motion to Dismiss. Such a short stay is unlikely to prejudice the Plaintiff. *See id.* When balanced against

the breadth of discovery required in this case, as detailed below, considerations of judicial efficiency weigh in favor of a stay. *Id.* (granting a stay upon noting that doing so "could avoid the need for costly and time-consuming discovery").

**C.** **The Nature of the Complaint Necessarily Calls for a Wide-Breadth of Discovery**

The allegations in the Complaint raise factual questions that stretch across multiple decades, from as early as 1999 to the present, and involve hundreds of individuals. Compl. ¶ 9. Discovery, therefore, necessarily will be burdensome. Lengthy discovery is inherent in defamation actions because it is well-settled that in any such claim, "truth is an absolute, unqualified defense." *Jewell v. NYP Holdings, Inc.*, 23 F. Supp.2d 348, 366 (S.D.N.Y. 1998). Here, because the alleged defamatory statements consist of Ms. Maxwell's denial of the multiple, and complex allegations levied against her by the Plaintiff concerning events that allegedly occurred 17 years ago, a wide breadth of discovery will be needed to address the veracity of each allegation. The sheer number of depositions that will be required alone will be a tremendous burden on the parties' resources. This Court has granted a stay of discovery in a recent case involving similarly complex factual questions. *Spinelli*, 2015 WL 7302266, at *2.

Plaintiff's Rule 26 disclosures and First Request for Production of Documents to Defendant Ghislaine Maxwell amply illustrate this point. In her Rule 26 disclosures, Plaintiff lists as potential witnesses 94 individuals and four categories of people, such as "all staff at the Mar-a-Largo Club during 1999." As to the 94 individuals, she provides one phone number for one witness and counsel's contact information for two witnesses and the two parties. The remaining 89 individuals' addresses and phone numbers are "unknown at this time."

In her First Request for Production of Documents, Plaintiff seeks records from the "period of July 1999 to the present" of broad categories such as:

- All documents relating to your travel from the period 1999 – present," (No. 8);
- All computers, hard drives or copies thereof for all computers in operation between 1999 – 2002," (No. 16);
- All telephone records associated with you, including cell phone records from 1999 – present." (No. 21);
- All documents relating to calendars, schedules or appointments for you from 1999 – present," (No. 22).

*See* Motion for Stay, Ex. A.  Given the strength of Ms. Maxwell's Motion to Dismiss, the burden of responding to such expansive requests is unjustifiable.

## II.   In the Alternative, Ms. Maxwell Requests Additional Time to Respond to Plaintiff's Discovery Requests.

In the alternative, if this Court declines to grant an order staying discovery, for the same reasons stated above, Ms. Maxwell respectfully requests additional time within which to respond and/or object to Plaintiff's First Request for Production of Documents to Defendant Ghislaine Maxwell, served on October 27, 2015.  The original date by which Ms. Maxwell was to respond to Plaintiff's First Request for Production is today, November 30, 2015.  Ms. Maxwell has not made any previous requests for an extension of this deadline.  Counsel for the Plaintiff has neither consented nor refused consent to this request.  Finally, this extension will not affect any other scheduled dates.

## CONCLUSION

As detailed above, good cause exists to justify a stay of discovery pending Ms. Maxwell's motion to dismiss.  The motion is dispositive and well founded in law, the stay is of short duration, and the expected discovery is broad and burdensome.  For these reasons, Ms. Maxwell respectfully requests that this Court stay discovery in this action until this Court reaches its decision on the motion to dismiss, or in the alternative, that Ms. Maxwell be granted additional time to respond and/or object to Plaintiff's First Request for Production.

Dated:  November 30, 2015.

Respectfully submitted,

s/ Laura A. Menninger
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorney for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on November 30, 2015, I electronically filed this *Motion for a Stay of Discovery Pending Decision on Defendant's Motion to Dismiss* with the Clerk of Court using the CM/ECF system which will send notification to the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

s/ Brenda Rodriguez
Brenda Rodriguez