# EXHIBIT 9

United States District Court
Southern District of New York

Virginia L. Giuffre,

        Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GHISLAINE MAXWELL

Plaintiff, by and through her undersigned counsel, hereby propounds Plaintiff's First Request for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure to the Defendant Ghislaine Maxwell. The responses are due at the offices of Boies, Schiller & Flexner LLP, 401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, Florida 33301, within thirty (30) days of service hereof.

### DEFINITIONS

Wherever they hereafter appear the following words and phrases have the following meanings:

1. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting, or purporting to act, at the discretion of or on behalf of another.

2. "Correspondence" or "communication" shall mean all written or verbal communications, by any and all methods, including without limitation, letters, memoranda, and/or electronic mail, by which information, in whatever form, is stored, transmitted or

1

received; and, includes every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopies, e-mail, text, modem transmission, computer generated message, mail, personal delivery or otherwise.

   3. "Defendant" shall mean the defendant Ghislaine Maxwell and her employees, representatives or agents.

   4. "Document" shall mean all written and graphic matter, however produced or reproduced, and each and every thing from which information can be processed, transcribed, transmitted, restored, recorded, or memorialized in any way, by any means, regardless of technology or form. It includes, without limitation, correspondence, memoranda, notes, notations, diaries, papers, books, accounts, newspaper and magazine articles, advertisements, photographs, videos, notebooks, ledgers, letters, telegrams, cables, telex messages, facsimiles, contracts, offers, agreements, reports, objects, tangible things, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or communications, or of interviews or conferences, or of other meetings, occurrences or transactions, affidavits, statements, summaries, opinions, tests, experiments, analysis, evaluations, journals, balance sheets, income statements, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, data processing input or output, microfilms, checks, statements, receipts, summaries, computer printouts, computer programs, text messages, e-mails, information kept in computer hard drives, other computer drives of any kind, computer tape back-up, CD-ROM, other computer disks of any kind, teletypes, telecopies, invoices, worksheets, printed matter of every kind and description, graphic and oral records and representations of any kind, and electronic "writings" and "recordings" as set forth in the Federal Rules of Evidence, including but not

limited to, originals or copies where originals are not available. Any document with any marks such as initials, comments or notations of any kind of not deemed to be identical with one without such marks and is produced as a separate document. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "document" such tangible item shall be produced.

5. "Employee" includes a past or present officer, director, agent or servant, including any attorney (associate or partner) or paralegal.

6. "Including" means including without limitations.

7. "Jeffrey Epstein" includes Jeffrey Epstein and any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein.

8. "Person(s)" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or any other legal or business entity.

9. "You" or "Your" hereinafter means Ghislaine Maxwell and any employee, agent, attorney, consultant, related entities or other representative of Ghislaine Maxwell.

## INSTRUCTIONS

1. Unless indicated otherwise, the Relevant Period for this Request is from July 1999 to the present. A Document should be considered to be within the relevant time frame if it refers or relates to communications, meetings or other events or documents that occurred or were created within that time frame, regardless of the date of creation of the responsive Document.

2. This Request calls for the production of all responsive Documents in your possession, custody or control without regard to the physical location of such documents.

3

3. If any Document requested was in any defendant's possession or control, but is no longer in its possession or control, state what disposition was made of said Document, the reason for such disposition, and the date of such disposition.

4. For the purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation the following:

    a) Wherever appropriate herein, the singular form of a word shall be interpreted as plural and vice versa.

    b) "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information (as defined herein) which might otherwise be construed to be outside the scope of this discovery request.

    c) "Any" shall be understood to include and encompass "all" and vice versa.

    d) Wherever appropriate herein, the masculine form of a word shall be interpreted as feminine and vice versa.

    e) "Including" shall mean "including without limitation."

5. If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full. If the recipient has no documents responsive to a particular Request, the recipient shall so state.

6. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

7. The words "relate," "relating," "relates," or any other derivative thereof, as used herein includes concerning, referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, evidencing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

8. "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

9. "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document," provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of all persons who have custody or control of each such document or copies thereof.

10. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

11. Any copy of a Document that is not identical shall be considered a separate document.

12. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for your inability to produce the remainder of the Document stating whatever information, knowledge or belief which you have concerning the portion not produced.

13. If any Document requested was at any one time in existence but are no longer in existence, then so state, specifying for each Document (a) the type of document; (b) the types of information contained thereon; (c) the date upon which it ceased to exist; (d) the circumstances

under which it ceased to exist; (e) the identity of all person having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

14. All Documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of business.

15. You are requested to produce all drafts and notes, whether typed, handwritten or otherwise, made or prepared in connection with the requested Documents, whether or not used.

16. Documents attached to each other shall not be separated.

17. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found, and business address of each Document's custodian(s).

18. If any Document responsive to the request is withheld, in all or part, based upon any claim of privilege or protection, whether based on statute or otherwise, state separately for each Document, in addition to any other information requested: (a) the specific request which calls for the production; (b) the nature of the privilege claimed; (c) its date; (d) the name and address of each author; (e) the name and address of each of the addresses and/or individual to whom the Document was distributed, if any; (f) the title (or position) of its author; (g) type of tangible object, *e.g.*, letter, memorandum, telegram, chart, report, recording, disk, etc.; (h) its title and subject matter (without revealing the information as to which the privilege is claimed); (i) with sufficient specificity to permit the Court to make full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege; and (j) whether the document contained an attachment and to the extent you are claiming a privilege as to the attachment, a separate log entry addressing that privilege claim.

19. If any Document requested herein is withheld, in all or part, based on a claim that such Document constitutes attorney work product, provide all of the information described in Instruction No. 19 and also identify the litigation in connection with which the Document and the information it contains was obtained and/or prepared.

20. Plaintiff does not seek and does not require the production of multiple copies of identical Documents.

21. This Request is deemed to be continuing. If, after producing these Documents, you obtain or become aware of any further information, Documents, things, or information responsive to this Request, you are required to so state by supplementing your responses and producing such additional Documents to Plaintiff.

## DOCUMENTS REQUESTED

### DOCUMENT REQUEST NO. 1

All documents relating to communications with Jeffrey Epstein from 1999 – present.

### DOCUMENT REQUEST NO. 2

All documents relating to communications with Virginia Roberts Giuffre from 1999 – present.

### DOCUMENT REQUEST NO. 3

All documents relating to communications with Andrew Albert Christian Edward, Duke of York (a.k.a. Prince Andrew) from 1999 – present.

### DOCUMENT REQUEST NO. 4

All documents relating to communications between you and Jeffrey Epstein regarding any female under the age of 18 from the period of 1999 – present.

### DOCUMENT REQUEST NO. 5

All documents relating to massages, including but not limited to any documents reflecting recruiting or hiring masseuses, advertising for masseuses, flyers created for distribution at high schools or colleges, and records reflecting e-mails or calls to individuals relating to massages.

7

**DOCUMENT REQUEST NO. 6**

All documents relating to communications with any of the following individuals from 1999 – present: Emmy Taylor, Sarah Kellen, Eva Dubin, Glen Dubin, Jean Luc Brunel, and Nadia Marcinkova.

**DOCUMENT REQUEST NO. 7**

All video tapes, audio tapes, photographs or any other print or electronic media relating to females under the age of 18 from the period of 1999 – present.

**DOCUMENT REQUEST NO. 8**

All documents relating to your travel from the period of 1999 – present, including but not limited to, any travel on Jeffrey Epstein's planes, commercial flights, helicopters, passport records, records indicating passengers traveling with you, hotel records, and credit card receipts.

**DOCUMENT REQUEST NO. 9**

All documents identifying passengers, manifests, or flight plans for any helicopter or plane ever owned or controlled by you or Jeffrey Epstein or any associated entity from 1999 – present.

**DOCUMENT REQUEST NO. 10**

All documents relating to payments made from Jeffrey Epstein or any related entity to you from 1999 – present, including payments for work performed, gifts, real estate purchases, living expenses, and payments to your charitable endeavors including the TerraMar project.

**DOCUMENT REQUEST NO. 11**

All documents relating to or describing any work you performed with Jeffrey Epstein, or any affiliated entity from 1999 –present.

**DOCUMENT REQUEST NO. 12**

All confidentiality agreements between you and Jeffrey Epstein or any entity to which he is related or involved or such agreements which are or were in your possession or control related to any other employee of Jeffrey Epstein, or any associated entity.

**DOCUMENT REQUEST NO. 13**

All documents from you, your attorneys or agents to any law enforcement entity, or from any law enforcement entity to you or any of your representatives, related to any cooperation, potential charge, immunity or deferred prosecution, or which relates to suspected or known criminal activity.

**DOCUMENT REQUEST NO. 14**

All documents relating to travel of any female under the age of 18 from the period of 1999 – present.

**DOCUMENT REQUEST NO. 15**

All video tapes, audio tapes, photographs or any other print or electronic media taken at a time when you were in Jeffrey Esptein's company or inside any of his residences or aircraft.

**DOCUMENT REQUEST NO. 16**

All computers, hard drives or copies thereof for all computers in operation between 1999 – 2002.

**DOCUMENT REQUEST NO. 17**

All documents relating to communications with you and Ross Gow from 2005 – present.

**DOCUMENT REQUEST NO. 18**

All video tapes, audio tapes, photographs or any other print or electronic media relating to Virginia Roberts Guiffre.

**DOCUMENT REQUEST NO. 19**

All documents relating to your deposition scheduled in the matter of Jane Doe v. Epstein, 08-80893, United States Southern District of Florida.

**DOCUMENT REQUEST NO. 20**

All documents relating to any credit cards used that were paid for by Jeffrey Epstein or any related entity from 1999 – present.

**DOCUMENT REQUEST NO. 21**

All telephone records associated with you, including cell phone records from 1999 – present.

**DOCUMENT REQUEST NO. 22**

All documents relating to calendars, schedules or appointments for you from 1999 – present.

**DOCUMENT REQUEST NO. 23**

All documents relating to calendars, schedules or appointments for Jeffrey Epstein from 1999-present.

**DOCUMENT REQUEST NO. 24**

All documents relating to contact lists, phone lists or address books for you or Jeffrey Epstein from 1999 – present.

**DOCUMENT REQUEST NO. 25**

All documents relating to any hospital records for Virginia Roberts Guiffre.

**DOCUMENT REQUEST NO. 26**

All documents relating to any passport or license for Virginia Roberts Guiffre.

**DOCUMENT REQUEST NO. 27**

All documents relating to any gifts or monetary payments provided to Virginia Roberts Guiffre by you, Jeffrey Epstein or any related entity.

**DOCUMENT REQUEST NO. 28**

All documents relating to Virginia Robert's employment or work as an independent contractor with you, Jeffrey Epstein or any related entity.

**DOCUMENT REQUEST NO. 29**

All documents identifying any individuals to whom Virginia Roberts provided a massage.

**DOCUMENT REQUEST NO. 30**

All documents relating to any employee lists or records associated with you, Jeffrey Epstein or any related entity.

**DOCUMENT REQUEST NO. 31**

All documents relating to Victoria Secret, models or actresses, who were ever in the presence of you or Jeffrey Epstein or Virginia Roberts between 1999 and 2005.

**DOCUMENT REQUEST NO. 32**

All documents related to communications with or interaction with Alan Dershowitz from 1999 to present.

**DOCUMENT REQUEST NO. 33**

All travel records between 1999 and the present reflecting your presence in: (a) Palm Beach, Florida or immediately surrounding areas; (b) 9 E. 71st Street, New York, NY 10021; (c) New Mexico; (d) U.S. Virgin Islands; (e) any jet or aircraft owned or controlled by Jeffrey Epstein.

**DOCUMENT REQUEST NO. 34**

All documents reflecting your ownership or control of property in London between the years 1999 and 2002.

**DOCUMENT REQUEST NO. 35**

All documents reflecting your or Jeffrey Epstein's membership or visits to the Mar-a-Lago Club in Palm Beach Florida between the years 1999 and 2002.

**DOCUMENT REQUEST NO. 36**

All documents you rely upon to establish that (a) Giuffre's sworn allegations "against Ghislaine Maxwell are untrue." (b) the allegations have been "shown to be untrue."; and (c) Giuffre's "claims are obvious lies."

**DOCUMENT REQUEST NO. 37**

All documents reflecting communications you have had with Bill or Hillary Clinton (or persons acting on their behalf), including all communications regarding your attendance at Chelsea's Clinton's wedding ceremony in 2010.

**DOCUMENT REQUEST NO. 38**

All documents reflecting contact with you by any law enforcement or police agency, including any contact by the FBI, Palm Beach Police Department, or West Palm Beach Police Department.

**DOCUMENT REQUEST NO. 39**

All documents reflecting training to fly a helicopter or experience flying a helicopter, including any records concerning your operation of a helicopter in the U.S. Virgin Islands.

Dated: October 27, 2015

                        By: /s/ David Boies
                            David Boies
                            Boies Schiller & Flexner LLP
                            333 Main Street
                            Armonk, NY 10504

                            /s/ Sigrid McCawley
                            Sigrid McCawley
                            (Pro Hac Vice Pending)
                            Boies Schiller & Flexner LLP
                            401 E. Las Olas Blvd., Suite 1200
                            Ft. Lauderdale, FL 33301
                            (954) 356-0011

                            Ellen Brockman
                            Boies Schiller & Flexner LLP
                            575 Lexington Ave
                            New York, New York 10022
                            (212) 446-2300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of October, 2015, I served the attached document PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GHISLAINE MAXWELL via Email to the following counsel of record.

Laura A. Menninger, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley