UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

Virginia L. Giuffre,

      Plaintiff,

v.

Ghislaine Maxwell,

      Defendant.

Case No.:   15-cv-07433-RWS

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR A STAY OF DISCOVERY**

Laura A. Menninger
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

**Table of Contents**

ARGUMENT ...................................................................................................... 2

    I.   The Motion to Dismiss is Dispositive and Well Founded In Law .................... 2

    II.  Discovery in This Case Will be Extremely Costly and Burdensome ............... 4

    III.  Plaintiff Cannot Establish Substantial Prejudice ............................................... 6

    IV.  Plaintiff's "Background" Section Should Be Disregarded ............................... 9

CONCLUSION ............................................................................................... 10

Contrary to Plaintiff's assertions, this is not a "simple defamation case."  Rather, under the guise of a single claim for defamation, Plaintiff clearly seeks to litigate her false and malicious accusations of sexual abuse against Ms. Maxwell.  For years, Ms. Maxwell has suffered Plaintiff's unabated and unfiltered character attacks in both the media and in thinly-veiled press releases masquerading as legal pleadings.  Now, Ms. Maxwell has moved to dismiss the Complaint with the hopes of ending further dissemination of Plaintiff's decades-old sordid allegations characterized by another court as "lurid," "immaterial and impertinent."

Given these circumstances, Ms. Maxwell has amply demonstrated good cause to stay discovery pending resolution of her Motion to Dismiss.  <u>First</u>, the Motion to Dismiss presents multiple, independent bases upon which this Court may dismiss the Complaint pursuant to Rule 12(b)(6).  Each basis for dismissal is legally well-founded and, with respect to the two independent privileges, challenges the Complaint on matters of law rather than sufficiency of the pleadings.  Assuming either privilege applies, any amendment to the Complaint would be futile.  <u>Second</u>, in her Opposition to Defendant's Motion to Stay ("Opposition" or "Pl's Opp'n") as well as in her discovery requests, Plaintiff essentially concedes the breadth of potential discovery.  Any self-serving characterization of her own discovery requests as "narrowly tailored" is disingenuous as even a cursory review can attest.  The Opposition alone references dozens of potential witnesses, many of whom reside abroad, and purported "mountain[s] of evidence" spanning over sixteen years.  <u>Third</u>, the length of the stay sought is negligible.  <u>Fourth</u>, Plaintiff has not demonstrated any unfair prejudice she will suffer as a result of the stay; given the 6 years she has already been litigating the same underlying allegations against others, Plaintiff and her various attorneys already possess substantially more documents concerning this case than does

1

Ms. Maxwell who has never been a party previously regarding any of Plaintiff's frivolous claims.

Finally but no less importantly, Ms. Maxwell takes issue with the nature of Plaintiff's Opposition.  Instead of addressing factors relevant to a stay determination, Plaintiff improperly (1) added new allegations not included or referenced in the Complaint; (2) referenced documents and evidence not properly considered on a Motion to Dismiss; and (3) effectively extended the number of pages allowed in this District in response to a motion to dismiss.  Rule 2(D) of this Court's Individual Rules of Practice expressly limits memoranda of law in support of and opposition to substantive motions to 25 pages.  Because this Opposition actually represents a substantive response to the Motion to Dismiss, Plaintiff should not be afforded an additional 25 pages for essentially a second bite at the Motion to Dismiss apple.

## ARGUMENT

### I.      The Motion to Dismiss is Dispositive and Well Founded In Law

Good cause for a stay does not require a showing that Plaintiff's claim is *definitely* unmeritorious or that this Court *will* grant the Motion to Dismiss.  Rather, Ms. Maxwell must demonstrate that the Motion to Dismiss is "potentially dispositive and appears to be not unfounded in the law."  *Negrete and Negrete v. Citibank, N.A.*, 15 CIV. 7250 (RWS), 2015 WL 8207466, at * 3 (S.D.N.Y. Dec. 4, 2015) (J. Sweet).  Ms. Maxwell has more than met this burden.  The Motion to Dismiss challenges the Complaint on multiple grounds, each affording a substantial basis for dismissal.

First, the self-defense privilege is well founded in law and not defeated by Plaintiff's conclusory allegations of intent.  *See* Mot. to Dism. at 8-13.  *Kane v. Orange Cnty. Publ'n*, 232

A.D.2d 526, 527 (2d Dept. 1996), illustrates this point.  In that case, the appellate court found the qualified privilege barred a defamation claim premised upon the defendant's open letter to a newspaper responding to unfavorable publicity against him -- "publicity concededly generated with the cooperation of plaintiffs" -- despite that plaintiff's claims that the letter "contained numerous untruths, misrepresentations, and misstatements of fact, *known to be false and misleading by defendant*."  *Id.* at 526[1] (emphasis added).  This Complaint is similarly premised on Ms. Maxwell's response to Plaintiff's direct attacks in the media against her character.  Plaintiff ignores the well-settled law that bare allegations of malice are insufficient to defeat the self-defense privilege.  *Compare* Pl's Opp'n at 8 ("This allegation alone defeats the application of privilege.") *with* Mot. to Dism. at 12 (quoting *Biro v. Conde Nast*, 883 F.Supp.2d 441, 457 (S.D.N.Y. 2012) ("Bare allegations that the defendant knew or should have known that the statements were false is insufficient.").[2]

Second, the pre-litigation privilege provides an independent and substantial basis for dismissal of the Complaint.  In opposition, Plaintiff argues that one of the statements was issued in London by Ms. Maxwell's press agent—a non-lawyer.  Pl's Opp'n at 10.  New York courts repeatedly apply the pre-litigation privilege to statements made by the "*parties*, counsel, witnesses, and the court."  *Int'l Pub. Concepts, LLC v. Locatelli*, 9 N.Y.S.3d 593, Slip Op. 50049 at *3-4 (emphasis added).  Of course, if Plaintiff is taking the position that Mr. Gow was not speaking for Ms. Maxwell, such would provide an additional reason for dismissal of the

---

[1] As Plaintiff recognizes, the court in *Kane* ultimately did not reach the question of malice, finding no need given the "open letter" was a privileged response to the unfavorable publicity, as is the case here, and therefore was not defamatory.  *Id.*

[2] Plaintiff also flagrantly ignores the *federal* case law providing that qualified privilege is properly considered at the motion to dismiss stage.  *See* Mot. to Dism. at 8 (to establish a proper claim for defamation, plaintiff must demonstrate that defendant "lack[ed] a privilege").

Complaint. Otherwise, a communication by a party's agent typically is treated as a communication by the party itself. *See In re Copper Market Antitrust Litig.*, 200 F.R.D. 213 (S.D.N.Y. 2001) (company's public relations agent "can fairly be equated" with the company for the purpose of analyzing the availability of the attorney-client privilege to protect communications). Further, Plaintiff misstates the law when she claims to defeat the privilege through her naked assertion that the intent of the statements were "to bully, harass and intimidate the Defendant" Pl's Opp'n at 9. Indeed, the *Khalil* court specifically declined to adopt any such element equivalent to spite or malice, instead applying the pre-litigation privilege to any statement made pertinent to "pending or *contemplated* litigation." *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 720 (2015); *see also Int'l Pub. Concepts*, Slip Op. 50049 at *3-4. Ms. Maxwell respectfully refers the Court to the Motion to Dismiss in which she details that her January 3 Statement specifically "reserve[d] her right to seek redress at the repetition of such claims." Mot. to Dism. at 15.

Third, the Motion to Dismiss raises three potentially fatal pleading deficiencies in the Complaint. For each pleading deficiency, Ms. Maxwell cites to binding and persuasive authority (including several cases decided by this Court) that require dismissal of defamation claims which fail to adequately plead the "to whom, where or in what manner" any such statements were made, as well as the need for special damages. *See* Mot. to Dism. at 17-23; *e.g., Cruz v. Marchetto*, No. 11 Civ. 8378, 2012 WL 4513484, at *4 (S.D.N.Y. 2012) (dismissing defamation claim for failure to meet the pleading standards set forth in Fed. R. Civ. P. 8).

## II. **Discovery in This Case Will Be Extremely Costly and Burdensome**

Not a single aspect of Plaintiff's discovery requests have been "narrowly tailored" to the heart of this action: the circumstances surrounding any allegedly defamatory statements.

4

Instead, as is apparent from the new and increasingly outlandish allegations raised in opposition, Plaintiff clearly intends a "kitchen sink" approach to discovery.  In a case such as this that encompasses allegations dating back over sixteen (16) years and involves hundreds of individuals living in various countries, the costs and burden of discovery will be extremely high. When facing such "mountains" of discovery, courts routinely grant a motion to stay pending the outcome of a dispositive motion.[3] *Johnson v. N.Y.U. Sch. Of Educ.* 205 F.R.D. 433 (S.D.N.Y. 2002) (granting stay of discovery to obviate burdensome discovery including extensive interrogatories that "ask[] for information covering a span of more than five years"); *Am. Booksellers Assoc. v. Houghton Mifflin  Co., Inc.*, 94 CIV. 8566 (JFK), 1995 WL 72376 (S.D.N.Y. Feb. 22, 1995) ("The discovery sought by plaintiffs is very broad and to require defendants to respond to it at this juncture…would be extremely burdensome.").

Emblematic of Plaintiff's mischaracterization of the breadth of discovery in this case is her claim that she served thirty (30) discovery requests when in fact she served thirty *nine* (39). Mot. for Stay, Ex. A.  In the Motion to Stay, Ms. Maxwell referenced four glaring examples of Plaintiff's so-called "narrowly tailored" discovery requests.  The rest are no more "narrowly tailored"; other examples include:

- All documents identifying passengers, manifests, or flight plans for any helicopter or plane ever owned or controlled by your or Jeffrey Epstein or any associated entity from 1999 – present. (No. 9)
- All documents relating to payments made from Jeffrey Epstein or any related entity to you from 1999-present, including payments for work performed, gifts,

---

[3] Interestingly, Plaintiff claims there exists a "voluminous number of decisions denying stay requests in contexts analogous to this case" yet cites two cases—both from 1985— that are anything but analogous to this case.  *See Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)  (noting that discovery requests were not served on the moving party, the moving party did *not* argue that document requests were burdensome or overreaching, and the party to which the discovery requests were served did not object); *Waltzer v. Conner*, No. 83 CIV 8806 (SWK), 1985 WL 2522, at *2 (S.D.N.Y. Sept. 12, 1985) (denying motion to stay where moving party made only conclusory statements to establish good cause).

real estate purchases, living expenses, and payments to your charitable endeavors including the TerraMar project.  (No. 10)

- All documents reflecting communications you have had with Bill or Hillary Clinton (or persons acting on their behalf), including all communications regarding your attendance at Chelsea Clinton's wedding ceremony in 2010. (No. 37)

- All documents reflecting training to fly a helicopter or experience flying a helicopter, including any records concerning your operation of a helicopter in the U.S. Virgin Islands. (No. 39).

Mot. for Stay, Ex. A.

Plaintiff claims that this Court's decision in *Spinelli* is inapposite.  Pl's Opp'n. at 17.  In a sense, she is correct:  the potential discovery in *Spinelli* pales in comparison to the anticipated discovery here.  *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).  This case involves 94 potential witnesses, many of whom live abroad, and decades-old factual allegations that purportedly involve the Clintons, members of the British Royal Family, an esteemed Harvard Law Professor, flight manifests, helicopter lessons, Victoria Secret models, and so on.  This is not a "simple defamation claim."

### III.   <u>Plaintiff Cannot Establish Substantial Prejudice</u>

Plaintiff presents a two-pronged complaint of prejudice:  one, Plaintiff claims that a stay of discovery "indefinitely" will "run out the clock" on Plaintiff's discovery requests (Pl's Opp'n at 18); and two, memories of potential witnesses are bound to fade and evidence may grow stale during the pendency of the Motion to Dismiss.  (*Id.* at 19).  Both positions are frivolous, not supported by specific evidence, and incorrect.

To be clear, Ms. Maxwell seeks a stay of discovery for only the *definite* period of time it takes this Court to decide the Motion to Dismiss.  Briefing will be complete by December 28, 2015, and oral argument is scheduled for January 14, 2016.  Doc. #19.  Nothing suggests this

6

Court will decide the Motion in anything other than an expeditious manner.  Thus, any stay would last at most for a brief period.

Next, Plaintiff has been represented by counsel and publicly raised allegations against Ms. Maxwell since at least May 4, 2009 (Compl. ¶ 4).  Ms. Maxwell consistently has denied Plaintiff's allegations, both publicly and privately.  Plaintiff cannot therefore complain of "fading memories" and "stale evidence" during a months' long stay when she waited years to bring a claim against Ms. Maxwell regarding events she claimed occurred 16 years ago (including four years since she claims Ms. Maxwell first issued a statement about her).  In addition, Plaintiff has not provided a single example of a memory at risk of fading or evidence that may become stale during a potential stay.  Absent specifics, Plaintiff cannot establish a substantial prejudice.  *See Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 SJF WDW, 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014); *see also Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay of discovery because, *inter alia*, plaintiffs presented no evidence suggesting unfair prejudice caused by a stay.); *cf. In re LaBranche Sec. Litig.*, 333 F.Supp.2d 178, (S.D.N.Y. 2004) (J. Sweet) (finding plaintiffs would be unduly prejudiced by a continued stay which would result in plaintiffs being the only interested party without access to relevant documents rendering them unable to make informed decisions about litigation strategy).

The court's analysis in *Bethpage Water* is directly applicable here:

> The risks of which plaintiff complain do not unfairly prejudice plaintiff, but rather are usual litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery…Thus, any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion.

*Id.* (citing *ITT Corp. v. Travelers Cas. & Surety Co.*, NO. 12-civ-38, 2012 WL 2944357, at *3-4 (D. Conn. July 18, 2012)).

Plaintiff already possesses numerous documents that she asserts are supportive of her claims. *See* Pl's Opp'n at 1 ("[o]verwhelming evidence" which is "publicly available" purportedly "corroborates" Plaintiff's claims); Decl. of Sigrid McCawley & Exs. 1-9 (including police reports and deposition transcripts which likely are not publicly available). With the assistance of able counsel, Plaintiff has litigated similar allegations based on the same facts against Mr. Jeffrey Epstein from 2009 – 2011. Compl. ¶ 17. She has involved herself in discussions with the FBI. *Id.* ¶ 22. And she has attempted to participate in the federal civil action against the U.S. Attorney's Office in the Southern District of Florida based on the Crime Victim's Rights Act. *Id.* ¶ 26-27. Plaintiff's former counsel currently is actively participating in defamation litigation against Professor Dershowitz in Florida state court, and Plaintiff through her current counsel has participated repeatedly as a non-party in that action. *See Bradley Edwards and Paul Cassell v. Alan Dershowitz*, Case No. 15-000072, Broward County, Fla.[4] By virtue of the deposition transcripts, police reports and other litigation papers Plaintiff already has gathered, attached to her Opposition and claims are pertinent to her false allegations of abuse, she has in effect demonstrated the absence of prejudice to her of any stay. *See Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209 (S.D.N.Y. 1991) (granting motion to stay where discovery request are extensive and plaintiffs already possessed extensive discovery material as a result of prior proceedings).

---

[4] Docket available at http://www.clerk-17th-flcourts.org/Web2/CaseSearch/Details/?caseid=NzkzMzM0MQ%3d%3d-zjTLrlvwx90%3d&caseNum=CACE15000072&category=CV

In sum, all of the factors weigh in favor of a stay of discovery under Fed. R. Civ. P. 26(c).  Ms. Maxwell's Motion to Dismiss contains multiple, substantial grounds for dismissal, the breadth of discovery is poised to be nearly limitless, and Plaintiff cannot show any undue prejudice resulting from a short stay.  Ms. Maxwell's motion should therefore be granted.

## IV.   Plaintiff's "Background" Section Should Be Disregarded

Plaintiff's "Background" section and supporting Declaration of Sigrid McCawley raise factual allegations and reference documents that may not properly be considered on a Motion to Dismiss.[5]  They therefore should not be considered in connection with this Motion to Stay premised on, at least indirectly, the merits of the Motion to Dismiss.

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.  Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." *Kramer v. Time Warner Cable Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).  Before considering documents outside of the complaint, several conditions must be met.  Specifically, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document…It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).  Finally, if the court elects to consider documents entirely outside the complaint, it must convert the motion to one for summary judgment and give the parties an

---

[5] Here, "Background" is a euphemism for "extrajudicial statements" that Plaintiff and her lawyers are prohibited from making under New York Rules of Professional Conduct 3.6 and 8.4(d).

opportunity to conduct appropriate discovery and submit additional supporting material contemplated by Rule 56. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).

Plaintiff here attempts to use the "Background" section of her Opposition to slip additional false accusations against Ms. Maxwell through the proverbial back door. Her references to deposition transcripts in the 2009 litigation to which Ms. Maxwell was not a party, and thus had no opportunity to defend herself, are particularly egregious. *See* Pl's Opp'n at 3-5. As Ms. Maxwell detailed in her Motion to Dismiss, this by no means represents the first time Plaintiff has introduced salacious and false accusations in a court pleading. On April 7, 2015 U.S. District Court Judge Marra denied Plaintiff's Rule 21 motion to join a 2008 CVRA litigation in the U.S. District Court for the Southern District of Florida, ordered the portions of the Joinder Motion pertaining to non-parties including Ms. Maxwell stricken as "immaterial and impertinent," and restricted the documents mentioning "lurid details" from public access. Mot. to Dism. at 4-5.

Plaintiff's undoubtedly included the superfluous false allegations, both in the Florida actions and here in order to draw additional media attention as a means to further her malicious character attack against Ms. Maxwell. The quotations from the deposition transcripts and "sworn statements" to the Palm Beach Police Department are not relevant to the Motion to Stay and may not be considered on a Motion to Dismiss. The entire "Background" section should therefore be disregarded as impertinent, immaterial and scandalous.[6]

---

[6] Ms. Maxwell also notes that this Court may follow Judge Marra's lead and issue a *sua sponte* order striking the allegations in the "background" section pursuant to F.R.Civ.P. 12(f).

## **CONCLUSION**

As detailed above, good cause exists to justify a stay of discovery pending Ms.

Maxwell's Motion to Dismiss.

Dated:  December 15, 2015.

Respectfully submitted,


*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2015, I electronically filed this *Reply Memorandum of Law in Support of Motion for a Stay of Discovery* with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record including the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

> *s/ Brenda Rodriguez*
> Brenda Rodriguez