UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

VIRGINIA L. GUIFFRE,

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: [   ][   ][   ]

        Plaintiff,

                                                    15 Civ. 7433 (RWS)

- against -

                                                    OPINION

GHISLAINE MAXWELL,

            Defendant.

--------------------------------------X

A P P E A R A N C E S:


        Counsel for Plaintiffs

        BOEIS, SCHILLER & FLEXNER LLP
        401 East Las Olas Boulevard, Suite 1200
        Fort Lauderdale, FL 33301
        By:  Sigrid S. McCawley, Esq.


        Counsel for Defendants

        HADDON, MORGAN AND FOREMAN, P.C.
        150 East Tenth Avenue
        Denver, CO 80203
        By: Laura A. Menninger, Esq.

1

**Sweet, D.J.**

Defendant has moved pursuant to Federal Rule of Civil
Procedure 26(c) for a stay of discovery pending decision on
Defendant's motion to dismiss. In the alternative, Defendant has
moved for additional time to respond to Plaintiff's discovery
request. Based upon the foregoing conclusions and as set forth
below, the motion to stay is denied, and the motion to extend is
granted.

**Prior Proceedings**

Plaintiff filed a complaint in this Court on September 21,
2015, alleging a single defamation claim. See Compl. Defendant
sought an extension of her time to answer, move, or otherwise
respond to Plaintiff's Complaint to November 30, 2015. The
request was granted on October 12, 2015. By Order filed October
30, 2015, the parties were directed to complete fact discovery
by July 1, 2016, and expert discovery by August 3, 2016.

On December 1, 2015, Defendant filed a motion to dismiss
and the instant motion to stay discovery pending a decision on
the motion to dismiss. Oral argument was held on both motions
and the matters deemed fully submitted on January 14, 2016.

2

**Applicable Standard**

Pursuant to Federal Rule of Civil Procedure 26(c), the
Court has broad discretion to issue a protective order on
matters relating to discovery. See Fed. R. Civ. P. 26(c)(1); see
also In re Chase Manhattan Corp. Sec. Litig., No. 90 CIV. 6092
(LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991).
Specifically, the Rule dictates "[t]he court may, for good
cause, issue an order to protect a party or person from
annoyance, embarrassment, oppression, or undue burden or
expense." Fed.R.Civ.P. 26(c)(1). "This rule confers broad
discretion on the trial court to decide when a protective order
is appropriate and what degree of protection is required." U.S.
Commodity Futures Trading Comm'n v. Parnon Energy Inc., 593 F.
App'x 32, 36 (2d Cir. 2014) (citing Seattle Times Co. v.
Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17
(1984)) (internal quotation marks omitted).

However, "good cause" is a significant element of the Rule.
"[D]iscovery should not be routinely stayed simply on the basis
that a motion to dismiss has been filed." Moran v. Flaherty, No.
92 CIV. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25,
1992); see also Usov v. Lazar, No. 13 CIV. 818 RWS, 2013 WL
3199652, at *9 (S.D.N.Y. June 25, 2013) ("Defendants are

incorrect, though, that discovery must automatically be stayed pending a motion to dismiss."); In re WRT Energy Sec. Litig., No. 96 CIV. 3610 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic."). The Court analyzes good cause by application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay. Morien v. Munich Reins. Am., Inc., 270 F.R.D. 65, 67 (D. Conn. 2010); Josie-Delerme v. Am. Gen. Fin. Corp., No. 08 Civ. 3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).

**The Motion to Stay is Denied**

Defendant's motion to dismiss alleges pleading deficiencies in Plaintiff's complaint and the applicability of the self-defense and pre-litigation privileges. See Def.'s Mot. to Dismiss. Plaintiff, in turn, addresses each basis for Defendant's dismissal arguments. Pl.'s Opp. to Mot. to Dismiss at 5-18. With respect to the pleading deficiencies, Plaintiff argues vigorously and in detailed fashion that a defamation claim has been adequately pled. Id. at 18-25. With respect to

4

the privileges, Plaintiff offers several strong arguments to
challenge Defendant's motion, including arguments that the
privileges do not apply substantively, that Plaintiff can defeat
the qualified privileges with a showing of actual malice, and
that neither privilege can be properly resolved on a motion to
dismiss. Id. at 5-18. Plaintiff has pled concrete facts and law
to support all of her arguments. With strong arguments on both
sides, Defendant's argument does not rise to a level of the
requisite "strong showing" that Plaintiff's claim is
unmeritorious.

     With respect to the second factor, Defendant argues that
discovery in this matter is of wide-breadth, and therefore
necessarily burdensome. Def.'s Mot to Stay at 3-4. Normal
discovery in a limited matter does not alone rise to the level
of good cause. Defendant compares the complexity of this case to
a case pending in this Court in which a stay of discovery was
granted. Id. at 3 ("This Court has granted a stay of discovery
in a recent case involving similarly complex factual questions"
(citing Spinelli v. Nat'l Football League, No. 13 CIV. 7398
(RWS), 2015 WL 7302266, at *1 (S.D.N.Y. Nov. 17, 2015)).
Defendant relies heavily this point, alleging that "the
potential discovery in Spinelli pales in comparison to the
anticipated discovery here." Def.'s Reply at 6. The

                                   5

circumstances of Spinelli could not be more inapposite to this
one. That case, in which four separate motions to dismiss were
pending at the time of the motion to stay, involves seven
individual plaintiffs against the no less than the entire
National Football League, 36 affiliated teams, the Associated
Press, Getty Images, and others. Discovery and relevant factual
questions were accordingly herculean considerations. Conversely,
this case involves a single claim against a single defendant,
related to an ongoing series of events in which Defendant was
alleged to be personally and intimately involved. See Compl.
Discovery in this matter is the narrow pole of the scale to
which Spinelli is the wide-breadth counterpoint. Discovery in
this case is accordingly tailored to that single claim and the
associated events. It does not reach such a wide-breadth that
good cause for a stay exists. Any objections to individual
discovery requests can be dealt with accordingly, and are not
proper grounds for a Rule 26 protective order. See Fed. R. Civ.
P. 34.

Finally, with respect to unfair prejudice, Defendant
submits that the requested stay is for the limited period of
time necessary for the Court to rule on the motion to dismiss,
and thus Plaintiff would not be unfairly prejudiced. Def.'s Mot.
to Stay at 2-3. Good cause not otherwise having been shown, lack

of prejudice does not justify a stay.

Accordingly, the motion to stay discovery is denied.

**The Motion to Extend the Deadline to Respond or Object to Plaintiff's First Request for Production of Documents is Granted**

Defendant was required to respond to Plaintiff's First Request for Production by November 30, 2015. In the alternative to Defendant's request for a stay, Defendant moves for an extension of the time to respond or object. Def.'s Mot. to Stay at 4. Defendant does not request any particular extension of time.

"If a motion for a protective order is wholly or partly denied, the court may, on just terms, order than any part or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). Defendant was served with the request on October 27, 2015 and has therefore had an additional month and a half to digest the requests than is usually permitted by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 34(b)(A). Accordingly, Defendant is directed to respond or object to Plaintiff's First Request for Production within fourteen days of the date of this opinion.

**Conclusion**

For the foregoing reasons and as set forth above, Defendant's motion to stay is denied, the motion to extend is granted, and discovery shall proceed as set forth above.

It is so ordered.

New York, NY
January / 9, 2016

ROBERT W. SWEET
U.S.D.J.