# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**APPENDIX A TO PLAINTIFF, VIRGINIA GIUFFRE'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS SUBJECT TO IMPROPER OBJECTIONS**

    A.    <u>Request No. 1</u>

        i.    Verbatim Statement of Request No. 1:

All documents relating to communications with Jeffery Epstein from 1999 – Present

        ii.    Maxwell's Response:

    Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

    Subject to and without waiving the above objections, Maxwell is withholding documents outside of the Relevant Periods described in paragraph15, supra, and is withholding production of documents that are privileged pursuant to a common interest agreement.

    B.    <u>Request No. 2</u>

        i.    Verbatim Statement of Request No. 2

    All documents relating to communications with Virginia Roberts Giuffre from 1999 - Present.

1

    ii.    Maxwell's Response

Maxwell has been unable to locate any such documents.

    C.    Request No. 6

    i.    Verbatim Statement of Request No. 6

All documents relating to communications with any of the following individuals from 1999 – present: Emmy Taylor, Sarah Kellen, Eva Dubin, Glen Dubin, Jean Luc Brunel, and Nadia Marcinkova.

    ii.    Maxwell's Response:

Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Maxwell. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Maxwell is withholding production of documents relating to communications with Nadia Marcinkova, Sarah Kellen and Eva Dubin that are outside of the Relevant Periods described in paragraph15, supra. Maxwell has been unable to locate any such documents relating to Ms. Marcinkova, Ms. Kellen or Ms. Dubin within the Relevant Periods. Maxwell also has been unable to locate any such documents responsive to this Request relating to Glen Dubin, Jean Luc Brunel or Emmy Taylor for any time period.

    D.    Request No. 12

    i.    Verbatim Statement of Request No. 12

All confidentiality agreements between you and Jeffrey Epstein or any entity to which he is related or involved or such agreements which are or were in your possession or control related to any other employee of Jeffrey Epstein, or any associated entity.

    ii.    Maxwell's Response:

Maxwell objects to this Request in that the terms "confidentiality agreements" and "associated entity" are vague, undefined and susceptible of multiple meanings and definitions Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Maxwell. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Maxwell has been unable to locate any documents responsive to this Request

E.  Request No. 13

i.  Verbatim Statement of Request No.13:

All documents from you, your attorneys or agents to any law enforcement entity, or from any law enforcement entity to you or any of your representatives related to any cooperation, potential charge, immunity or deferred prosecution, or which relates to suspected or known criminal activity.

ii.  Maxwell's Response:

Ms. Maxwell objects to this Request as vague and confusing. Ms. Maxwell objects to this Request to the extent it requests documents subject to either the attorney-client or work product privileges. Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request.

F.  Request No. 14

i.  Verbatim Statement of Request No. 14:

All documents relating to travel of any female under the age of 18 from the period of 1999 - present.

ii.  Maxwell's Response:

Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request.

G. <u>Request No. 35</u>

　　i. Verbatim Statement of Request No. 35:

All documents reflecting you or Jeffrey Epstein's membership or visits to the Mar-a-Lago Club in Palm Beach Florida between the years 1999 and 2002.

　　ii. Verbatim Statement of Response:

Ms. Maxwell has been unable to locate any documents responsive to this Request.

H. <u>Request No. 38</u>

　　i. Verbatim Statement of Request No. 38

All documents reflecting contact with you by any law enforcement or police agency, including any contact by the FBI, Palm Beach Police Department, or West Palm Beach Police Department.

　　ii. Verbatim Statement of Response:

Maxwell has been unable to locate any documents responsive to this Request.

4