# EXHIBIT 2

**United States District Court**
**Southern District Of New York**

-------------------------------------------------X

**Virginia L. Giuffre,**

    **Plaintiff,**

**v.**                                                                                           **15-cv-07433-RWS**

**Ghislaine Maxwell,**

    **Defendant.**

-------------------------------------------------X

### DEFENDANT GHISLAINE MAXWELL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Ghislaine Maxwell, by and through her undersigned counsel, hereby responds to Plaintiff's First Request for Production of Documents (the "Requests").

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. This response is made to the best of Ms. Maxwell's present knowledge, information and belief. Ms. Maxwell, through her attorneys of record, have not completed the investigation of the facts relating to this case, have not completed discovery in this action, and have not completed preparation for trial. Ms. Maxwell's responses to Plaintiff's requests are based on information currently known to her and are given without waiving Ms. Maxwell's right to use evidence of any subsequently discovered or identified facts, documents or communications. Ms. Maxwell reserves the right to supplement this Response in accordance with Fed. R. Civ. P. 26(e).

2. Ms. Maxwell objects to the Requests to the extent they attempt to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the local rules of this Court or any Orders of the Court.

3. Ms. Maxwell objects to the Requests to the extent they seek documents or information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

4. Ms. Maxwell objects to the Requests to the extent they seek documents or information outside of Ms. Maxwell's possession, custody or control.

5. Ms. Maxwell objects to the Requests to the extent they seek information which is not relevant to the subject matter of the litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

6. Ms. Maxwell objects to the Requests to the extent they are overly broad, unduly burdensome and/or propounded for the improper purpose of annoying, embarrassing, or harassing Ms. Maxwell.

7. Ms. Maxwell objects to the Requests to the extent they are vague and ambiguous, or imprecise.

8. Ms. Maxwell objects to the Requests to the extent they seek information that is confidential and implicates Ms. Maxwell's privacy interests.

9. Ms. Maxwell incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or for some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.

10. The Requests seek information that is confidential and implicates Ms. Maxwell's privacy interests.  To the extent such information is relevant and discoverable in this action, Ms. Maxwell will produce such materials subject to an appropriate protective order pursuant to Fed. R. Civ. P. 26(c) limiting their dissemination to the attorneys and their employees.

## OBJECTIONS TO DEFINITIONS

11. Ms. Maxwell objects to Definition No. 1 regarding "Agent" to the extent that it purports to extend the meaning beyond those permissible by law.

12. Ms. Maxwell objects to Definition No. 3 regarding "Defendant."  The Definition is overly broad and unduly burdensome to the extent it attempts to extend the scope of the Requests to documents in the possession, custody or control of individuals other than Ms. Maxwell or her counsel.

13. Ms. Maxwell objects to Definition No. 5 regarding "Employee."  Ms. Maxwell is an individual, sued in an individual capacity, and therefore there is no "past or present officer, director, agent or servant" of hers. Additionally, "attorneys" and "paralegals" are not "employees" of Ms. Maxwell given that she herself is not an attorney and therefore cannot "employ" attorneys.

14. Ms. Maxwell objects to Definition No. 9 regarding "You" or "Your."  The Definition is overly broad and unduly burdensome to the extent it attempts to extend the scope of

the Requests to documents in the possession, custody or control of individuals other than Ms. Maxwell or her counsel.

## OBJECTIONS TO INSTRUCTIONS

15. Ms. Maxwell objects to Instruction No. 1, in particular the definition of the "Relevant Period" to include July 1999 to the present, on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. The Complaint at paragraph 9 purports to describe events pertaining to Plaintiff and Defendant occurring in the years 1999 – 2002. The Complaint also references statements attributed to Ms. Maxwell occurring in January 2015. Defining the "Relevant Period" as "July 1999 to the present" is vastly overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and as to certain of the Requests, is intended for the improper purpose of annoying or harassing Ms. Maxwell and it implicates her privacy rights. Thus, Ms. Maxwell interprets the Relevant Period to be limited to 1999-2002 and December 30, 2014 - January 31, 2015 and objects to production of any documents outside that period, except as specifically noted.

16. Ms. Maxwell objects to Instruction No. 3 on the grounds that it is unduly burdensome and is intended for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell cannot possibly recall the specific disposition of documents, particularly electronic documents, dating back over 16 years. However, Ms. Maxwell, prior to this litigation has long had a practice of deleting emails after they have been read.

17. Ms. Maxwell objects to Instruction Nos. 5, 8, 9, 12, 17 to the extent they seek to impose obligations to supply explanations for the presence or absence of such documents, to specifically identify persons or documents, to provide information concerning who prepared documents, the location of any copies of such documents, the identities and contact information for persons who have custody or control of such documents, the reasons for inability to produce portions of documents, and the "natural person in whose possession they were found," beyond the requirements of Rule 34. These Instructions improperly seek to propound Interrogatories pursuant to Rule 33.

18. Ms. Maxwell objects to Instruction No. 13 on the grounds that it is unduly burdensome and is intended for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell cannot possibly recall the specific circumstances upon which a document dating back 16 years has ceased to exist.

19. Ms. Maxwell objects to Instruction No. 15 to the extent that it calls for documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege.

20. Ms. Maxwell objects to Instructions Nos. 18 & 19 to the extent they require information on any privilege log above and beyond the requirements of Local Civil Rule 26.2.

**SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST REQUESTS FOR PODUCTION OF DOCUMENTS**

**Document Request No. 1**:  All documents relating to communications with Jeffery Epstein from 1999 – Present.

   **RESPONSE**:  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

   Subject to and without waiving the above objections, Ms. Maxwell is withholding documents outside of the Relevant Periods described in paragraph 15, *supra*, and is withholding production of documents that are privileged pursuant to a common interest agreement.

**Document Request No. 2**:  All documents relating to communications with Virginia Roberts Giuffre from 1999 – present.

   **RESPONSE**:  Ms. Maxwell has been unable to locate any such documents.

**Document Request No. 3**:  All documents relating to communications with Andrew Albert Christian Edward, Duke of York (a.k.a. Prince Andrew) from 1999 – Present.

   **RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege.  Ms. Maxwell also objects to this Request to the extent it implicates her right to privacy.  *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

   Subject to and without waiving the above objections, Ms. Maxwell will produce non-privileged documents responsive to this Request limited to the Relevant Periods described in paragraph 15, *supra,* and with private phone numbers and related information redacted.  Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 4**:  All documents relating to communications between you and Jeffrey Epstein regarding any female under the age of 18 from the period of 1999 – present.

   **RESPONSE:**  Ms. Maxwell has been unable to locate any such documents.

4

**Document Request No. 5**:  All documents relating to massages, including but not limited to any documents reflecting recruiting or hiring masseuses, advertising for masseuses, flyers created for distribution at high schools or colleges, and records reflecting e-mails or calls to individuals relating to massages.

>**RESPONSE:**  Ms. Maxwell has been unable to locate any such documents.

**Document Request No. 6**:  All documents relating to communications with any of the following individuals from 1999 – present:  Emmy Taylor, Sarah Kellen, Eva Dubin, Glen Dubin, Jean Luc Brunel, and Nadia Marcinkova.

>**RESPONSE**:  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

>Subject to and without waiving the above objections, Ms. Maxwell is withholding production of documents relating to communications with Nadia Marcinkova, Sarah Kellen and Eva Dubin that are outside of the Relevant Periods described in paragraph 15, *supra*.  Ms. Maxwell has been unable to locate any such documents relating to Ms. Marcinkova, Ms. Kellen or Ms. Dubin within the Relevant Periods.  Ms. Maxwell also has been unable to locate any such documents responsive to this Request relating to Glen Dubin, Jean Luc Brunel or Emmy Taylor for any time period.

**Document Request No. 7**:  All video tapes, audio tapes, photographs or any other print or electronic media relating to females under the age of 18 from the period of 1999 – present.

>**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

>Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request which relate or pertain to Plaintiff or any of the witnesses identified by Plaintiff in her Rule 26 disclosures.  Ms. Maxwell is withholding production of other documents responsive to this Request, including things like mainstream newspapers, magazines, videos, DVDs or other media or family photographs which contain depictions of female children, including Ms. Maxwell herself as a child.

**Document Request No. 8**: All documents relating to your travel from the period of 1999 – present, including but not limited to, any travel on Jeffrey Epstein's planes, commercial flights, helicopters, passport records, records indicating passengers traveling with you, hotel records, and credit card receipts.

**RESPONSE**: Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell also objects to this Request to the extent it implicates her right to privacy. *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

Subject to and without waiving the above objections, Ms. Maxwell is withholding production of documents outside of the Relevant Periods described in paragraph 15, *supra* and is withholding documents within the Relevant Period that are private and are not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 9**: All documents identifying passengers, manifests, or flight plans for any helicopter or plane ever owned or controlled by you or Jeffrey Epstein or any associated entity from 1999 – present.

**RESPONSE**: Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell is withholding production of documents outside of the Relevant Periods described in paragraph 15, *supra*, and is withholding documents within the Relevant Period that are private and are not reasonably calculated to lead to the discovery of admissible evidence. The documents reflecting flight plans in Ms. Maxwell's possession do not identify passengers or manifests.

**Document Request No. 10**: All documents relating to payments made from Jeffrey Epstein or any related entity to you from 1999 – present, including payments for work performed, gifts, real estate purchases, living expenses, and payments to your charitable endeavors including the TerraMar Project.

**RESPONSE**: Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

6

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request during the Relevant Periods as defined in paragraph 15, *supra*. Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 11**: All documents relating to or describing any work you performed with Jeffrey Epstein, or any affiliated entity from 1999 – present.

**RESPONSE:** Ms. Maxwell objects to this Request in that the terms "work," "with" and "affiliated entity" are vague, undefined and susceptible of multiple meanings and definitions. Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request during the Relevant Periods as defined in paragraph 15, *supra*. Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 12**: All confidentiality agreements between you and Jeffrey Epstein or any entity to which he is related or involved or such agreements which are or were in your possession or control related to any other employee of Jeffrey Epstein, or any associated entity.

**RESPONSE:** Ms. Maxwell objects to this Request in that the terms "confidentiality agreements" and "associated entity" are vague, undefined and susceptible of multiple meanings and definitions. Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request.

**Document Request No. 13**: All documents from you, your attorneys or agents to any law enforcement entity, or from any law enforcement entity to you or any of your representatives related to any cooperation, potential charge, immunity or deferred prosecution, or which relates to suspected or known criminal activity.

**RESPONSE**: Ms. Maxwell objects to this Request as vague and confusing. Ms. Maxwell objects to this Request to the extent it requests documents subject to either the attorney-client or work product privileges. Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request.

**Document Request No. 14**: All documents relating to travel of any female under the age of 18 from the period of 1999 – present.

**RESPONSE**: Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request.

**Document Request No. 15**: All video tapes, audio tapes, photographs or any other print or electronic media taken at a time when you were in Jeffrey Epstein's company or inside any of his residences or aircraft.

**RESPONSE**: Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request on the grounds that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell further objects to this Request to the extent it implicates her right to privacy. *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request that are within the Relevant Periods described in paragraph 15, *supra*. Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 16**:  All computers, hard drives or copies thereof for all computers in operation between 1999- 2002.

     **RESPONSE**:  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request on the grounds that it calls for the production of copies of computers or hard drives that contain documents, media and other data that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell further objects to this Request to the extent it implicates her right to privacy.  *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

     Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any computers, hard-drives or copies of any computers responsive to this Request.

**Document Request No. 17**:  All documents relating to communications with you and Ross Gow from 2005 – Present.

     **RESPONSE**:  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell also objects to this request to the extent it seeks documents or information protected by the attorney/client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege.

     Subject to and without waiving the above objections, Ms. Maxwell is withholding documents responsive to this Request that are outside of the Relevant Periods defined in paragraph 15, *supra* as well as the period of January 1, 2011 to December 31, 2011, and also withholding documents within the Relevant Periods that are privileged.  Ms. Maxwell has been unable to locate any non-privileged documents that are within such Relevant Periods.

**Document Request No. 18**: All video tapes, audio tapes, photographs or any other print or electronic media relating to Virginia Roberts Giuffre.

     **RESPONSE**:  Ms. Maxwell objects to this Request to the extent it calls for attorney-client communications and attorney work product.  Ms. Maxwell also objects to this Request to the extent it calls for video tapes, audio tapes, photographs or any other print or electronic media relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.

     Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request.

9

**Document Request No. 19**:  All documents relating to your deposition scheduled in the matter of Jane Doe v. Epstein, 08-80893, United States Southern District of Florida.

**RESPONSE:**  Ms. Maxwell objects to this request on the grounds that it seeks documents or information protected by the attorney/client privilege, any common interest privilege, and the work-product doctrine.

Subject to and without waiving the above objections, Ms. Maxwell is withholding privileged documents Responsive to this Request.

**Document Request No. 20**:  All documents relating to any credit cards that were paid for by Jeffrey Epstein or any related entity from 1999 – present.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request on the grounds that it calls for the production of copies of computers or hard drives that contain documents, media and other data that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell further objects to this Request to the extent it implicates her right to privacy.  *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request.

**Document Request No. 21**:  All telephone records associated with you, including cell phone records from 1999 – present.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome, propounded for the improper purpose of annoying or harassing Ms. Maxwell, and seeks documents outside of Ms. Maxwell's possession, custody or control.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell further objects to this Request to the extent it implicates her right to privacy.  *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request during the Relevant Periods defined in paragraph 15, *supra*.  Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 22**:  All documents relating to calendars, schedules or appointments for you from 1999 – present.

  **RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome, propounded for the improper purpose of annoying or harassing Ms. Maxwell, and seeks documents outside of Ms. Maxwell's possession, custody or control.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell further objects to this Request to the extent it implicates her right to privacy.  *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

  Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request during the Relevant Periods defined in paragraph 15, *supra*.  Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 23**:  All documents relating to calendars, schedules or appointments for Jeffrey Epstein from 1999 – present.

  **RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome, propounded for the improper purpose of annoying or harassing Ms. Maxwell, and seeks documents outside of Ms. Maxwell's possession, custody or control.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

  Ms. Maxwell further objects to this Request to the extent it implicates her right to privacy.  *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

  Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request during the Relevant Periods defined in paragraph 15, *supra*.  Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 24**:  All documents relating to contact lists, phone lists or address books for you or Jeffrey Epstein from 1999 – present.

  **RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to

the discovery of admissible evidence. Ms. Maxwell further objects to this Request to the extent it implicates her right to privacy. *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

  Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request within the Relevant Periods defined in paragraph 15, *supra*. Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 25:**  All documents relating to any hospital records for Virginia Roberts Giuffre.

  **RESPONSE:**  Ms. Maxwell has been unable to locate any such documents.

**Document Request No. 26:**  All documents relating to any passport or license for Virginia Roberts Giuffre.

  **RESPONSE:** Ms. Maxwell has been unable to locate any such documents.

**Document Request No. 27**:  All documents relating to any gifts or monetary payments provided to Virginia Roberts Giuffre by you, Jeffrey Epstein or any related entity.

  **RESPONSE**:  Ms. Maxwell has been unable to locate any such documents.

**Document Request No. 28**:  All documents relating to Virginia Robert's employment or work as an independent contractor with you, Jeffrey Epstein or any related entity.

  **RESPONSE:**  Ms. Maxwell has been unable to locate any such documents.

**Document Request No. 29**:  All documents identifying individuals to whom Virginia Roberts provided a massage.

  **RESPONSE:**  Ms. Maxwell has been unable to locate any such documents.

**Document Request No. 30**:  All documents relating to any employee lists or records associated with you, Jeffrey Epstein or any related entity.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell has been "associated with" any number of entities over the last 17 years which have nothing to do with this civil case, Ms. Roberts or Mr. Epstein.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request insofar as it seeks employee lists for any entity related to Mr. Epstein, Ms. Roberts or any entity related to either one of them.

**Document Request No. 31**:  All documents relating to Victoria Secret, models or actresses, who were ever in the presence of you or Jeffrey Epstein or Virginia Roberts between 1999 and 2005.

**RESPONSE:**  Ms. Maxwell has been unable to locate any documents responsive to this Request.

**Document Request No. 32**:  All documents related to communications with or interaction with Alan Dershowitz from 1999 to present.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell further objects to this Request as being interposed for an improper purpose, specifically Plaintiff and her counsel's civil litigation currently pending in Broward County, Florida in the matter of *Cassells v. Dershowitz*.

Subject to and without waiving the above objections, Ms. Maxwell will produce non-privileged documents responsive to this Request during the Relevant Periods defined in paragraph 15, *supra*.  Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

13

**Document Request No. 33**: All travel records between 1999 and the present reflecting your presence in: (a) Palm Beach Florida or immediately surrounding areas; (b) 9 E. 71st Street, New York, NY 10021; (c) New Mexico; (d) U.S. Virgin Islands; (e) any jet or aircraft owned or controlled by Jeffrey Epstein.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell.  This request is also duplicative and cumulative of Requests Nos. 8 and 14 above.  Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request for the Relevant Periods as defined in paragraph 15, *supra*.  Ms. Maxwell is withholding production of documents outside of such Relevant Period.

**Document Request No. 34**:  All documents reflecting your ownership or control of property in London between the years 1999 and 2002.

**RESPONSE:**  Ms. Maxwell objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell further objects to this Request on the grounds that it calls for documents that are a matter of the public record and are thus equally available to the Plaintiff.

Subject to and without waiving the above objections, Ms. Maxwell is withholding documents Responsive to this Request that are a matter of public record.

**Document Request No. 35**:  All documents reflecting your or Jeffrey Epstein's membership or visits to the Mar-a-Lago Club in Palm Beach Florida between the years 1999 and 2002.

**RESPONSE:**  Ms. Maxwell has been unable to locate any documents responsive to this Request.

**Document Request No. 36**: All documents you rely upon to establish that (a) Giuffre's sworn allegations "against Ghislaine Maxwell are untrue." (b) the allegations have been "shown to be untrue."; and (c) Giuffre's "claims are obvious lies."

**RESPONSE:**  Ms. Maxwell objects to the Request as argumentative and misquotes and misconstrues sentence fragments attributed to Ms. Maxwell.  Ms. Maxwell further objects to this

14

Request to the extent it calls for attorney-client communications, attorney work product and other applicable privileges. Ms. Maxwell also objects to this Request to the extent it calls for documents relating to Virginia Roberts Giuffre that exist within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other sources that are more convenient, less burdensome, and less expensive. Indeed, many documents which demonstrate the falsity of Ms. Giuffre's allegations concerning Ms. Maxwell are within the possession and control of Plaintiff.

Subject to and without waiving the above objections, Ms. Maxwell is producing non-privileged documents responsive to this Request.

**Document Request No. 37:** All documents reflecting communications you have had with Bill or Hillary Clinton (or persons acting on their behalf), including all communications regarding your attendance at Chelsea Clinton's wedding ceremony in 2010.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad, unduly burdensome and/or propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell further objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request for the Relevant Periods as defined in paragraph 15, *supra*. Ms. Maxwell is withholding production of documents outside of such Relevant Periods.

**Document Request No. 38**: All documents reflecting contact with you by any law enforcement or police agency, including any contact by the FBI, Palm Beach Police Department, or West Palm Beach Police Department.

**RESPONSE:** Ms. Maxwell has been unable to locate any documents responsive to this Request.

**Document Request No. 39**: All documents reflecting training to fly a helicopter or experience flying a helicopter, including any records concerning your operation of a helicopter in the U.S. Virgin Islands.

**RESPONSE:** Ms. Maxwell objects to this Request to the extent that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell further objects to this Request to the extent

it implicates her right to privacy. *Gateway Logistics, Inc. v. Smay*, 302 P.3d 235 (Colo. 2013); Fed. R. Evid. 501.

Ms. Maxwell is withholding documents responsive to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and privacy.

Dated: February 8, 2016

Respectfully submitted,

*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax: 303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

  I certify that on February 8, 2016, I served the attached document DEFENDANT GHISLAINE MAXWELL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS via email to the following counsel of record:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

               s/*Alan Schindler*
               Alan Schindler

17