UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/16

----------------------------------------X

VIRGINIA L. GIUFFRE,

        Plaintiff,

   - against -

GHISLAINE MAXWELL,

        Defendant.

----------------------------------------X

15 Civ. 7433 (RWS)

OPINION

A P P E A R A N C E S:

       Counsel for Plaintiff

       BOEIS, SCHILLER & FLEXNER LLP
       401 East Las Olas Boulevard, Suite 1200
       Fort Lauderdale, FL 33301
       By: Sigrid S. McCawley, Esq.

       Counsel for Defendant

       HADDON, MORGAN AND FOREMAN, P.C.
       150 East Tenth Avenue
       Denver, CO 80203
       By: Laura A. Menninger, Esq.

**Sweet, D.J.**

Defendant has moved to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Based on the conclusions set forth below, Defendant's motion is denied.

## I. Prior Proceedings

Plaintiff filed a complaint in this Court on September 21, 2015, alleging a single defamation claim. See Compl.[1] Defendant sought an extension of her time to answer, move, or otherwise respond to Plaintiff's Complaint to November 30, 2015. The request was granted on October 12, 2015. By Order filed October 30, 2015, the parties were directed to complete fact discovery by July 1, 2016, and expert discovery by August 3, 2016.

On December 1, 2015, Defendant filed the instant motion to dismiss and a motion to stay discovery pending a decision on the motion to dismiss, or in the alternative, for an extension of time. Oral argument was held on both motions and the matters deemed fully submitted on January 14, 2016. The motion to stay

---

[1] Some paragraph numbering in Plaintiff's Complaint repeats. Where necessary for clarification, citations will reference page numbers either in lieu of or addition to paragraph numbering.

discovery was denied and the motion to extend granted for fourteen days by Opinion dated January 19, 2016.

## II. **Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on

3

factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (citation and internal quotation omitted).

## III. The Motion to Dismiss is Denied

Defendant's cites four grounds for dismissal: (1) the allegedly defamatory statements are protected by the self-defense privilege; (2) the allegedly defamatory statements are protected by the pre-litigation privilege; (3) the allegedly defamatory statements are non-actionable; (4) pleading defects in the Complaint, specifically, failure to allege adequate identifying details related to the statements, and failure to plead special damages. Def.'s Mem. in Supp. Mot. Dismiss Compl. 9-25 ("Def.'s MTD").

4

## A. The Complaint is Adequately Pled

At the center of this case is the veracity of a contextual world of facts more broad than the allegedly defamatory statements. Specifically, as a minor, Plaintiff was a victim of sustained underage sexual abuse between 1999 and 2002. Compl. 3-6, ¶¶ 8-27. Plaintiff has since identified Defendant as closely involved in Plaintiff's trafficking for the purpose of this abuse. Id. ¶¶ 8-10, 13, 17-19, 27. Defendant has responded to those allegations, and this case concerns those responses.

Plaintiff has identified two statements as allegedly defamatory. The first is a statement Defendant made through her agent on January 3, 2015 (the "January 3 Statement"). Compl. at 6, ¶ 29-30. Plaintiff alleges that the content of this statement contained actionable falsehoods in stating that Plaintiff's own allegations "against Ghislaine Maxwell are untrue," that Plaintiff's allegations have been "shown to be untrue," and that Plaintiff's "claims are obvious lies." Id. ¶ 30. The second concerns a January 4, 2015 on-camera statement made to the New York Daily News (the "January 4 Statement"). Id. at 7, ¶ 37. Plaintiff alleges that this statement constitutes an actionable falsehood by referring back to the January 3 statement in

5

response to a question regarding the allegations Plaintiff had made against Maxwell. Id.

Under New York law,[2] written defamation constituting actionable libel requires Plaintiff to plead: (1) a written defamatory statement of fact concerning the plaintiff; (2) publication to a third party; (3) fault, either negligence or actual malice, depending on the plaintiff's status; (4) falsity; (5) special damages or per se libel. Krepps v. Reiner, 588 F. Supp. 2d 471, 483 (S.D.N.Y. 2008) aff'd, 377 F. App'x 65 (2d Cir. 2010) (citing Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 176 (2d Cir.2000)).

Defendant argues that the statements in question are not susceptible to a defamatory meaning.[3] Def.'s MTD at 10-11; Def.'s

---

[2] Plaintiff is a citizen of Colorado. Compl. ¶ 7. The statements in question were made in New York, Defendant resides in New York, Plaintiff has brought suit in New York. Id. ¶¶ 7, 29-32, 37. There is no conflict between New York and Colorado defamation law. Compare Kforce, Inc. v. Alden Personnel, Inc., 288 F. Supp. 2d 513, 516 (S.D.N.Y. 2003) with Zerr v. Johnson, 894 F. Supp. 374, 376 (D. Colo. 1995). Because New York has the most significant interest, New York law applies. Catalanello v. Kramer, 18 F. Supp. 3d 504, 511 (S.D.N.Y. 2014).

[3] Defendant submits this argument primarily as part of the self-defense privilege argument (arguing that Defendant was taking advantage of her right to generally deny the claims against her). Def.'s MTD at 10-11. Both parties argue this point in the form of supplementary authority. See Pl.'s Supp. Auth., filed Jan. 8, 2016; Def.'s Supp. Auth., filed Jan. 21, 2016. Because this issue goes to the heart of whether the statements Plaintiff identifies as allegedly defamatory can meet the pleading requirement of a defamatory statement of fact, it will be addressed in this pleading sufficiency Part.

6

Reply 1-6; see also Def.'s Supp. Auth. Plaintiff submits that Defendant has effectively called her a "liar," while Defendant points out the word "liar" was never used in the statements alleged. Pl.'s Opp. at 4-5,10-11; Def.'s Reply at 4. "The dispositive inquiry is whether, on the basis of the over-all context in which the assertion were made, a reasonable reader could have concluded that the statements were conveying facts about the plaintiff." Davis v. Boeheim, 24 N.Y.3d 262, 22 N.E.3d 999 (2014) (internal citations, ellipses, and brackets omitted). The distinction is one between fact and opinion, the latter of which is non-actionable. Id.

In distinguishing between fact and opinion, the Court asks "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proved true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact." Id. (citations omitted). The Davis court held that to "communicate that [sexual assault victims] lied, [and] their motive was financial gain" constituted defamatory meaning. Id.

Courts recently grappling with the distinction between actionable defamation and non-actionable protected speech in the context of denials of sexual assault claims have come to different conclusions. In Green v. Cosby, the Defendant had called allegations of sexual assault "nothing" that had "proved to be nothing," and an "absurd fabrication." No. 14 Civ. 30211 (MGM), 2015 WL 5923553, at *3 (D. Mass. Oct. 9, 2015). In short, the Defendant had denied the allegations and, as here, given the impression that they were wholly untrue. The court concluded that "[g]iven the different nature of the [sexual assault] allegations in this case and the wording of the [denial] response, the court cannot conclude here that, as a matter of law, Defendant's response is incapable of negatively impacting Plaintiff Green's reputation within the community." Id. at *11. Hill v. Cosby involved statements that a sexual assault allegations were "unsubstantiated, fantastical stories," that the allegations constituted "innuendos" that ought to have been "fact-check[ed]" and "vet[ted]." No. 15 Civ. 1658 (AJS), 2016 WL 491728, at *5 (W.D.Pa. 2016). The Hill court found none of the alleged statements defamatory. Id. at *5.

Hill is distinguishable. Unlike Hill, this case (like Green) involves statements that explicitly claim the sexual assault allegations are false. Hill concerned statements that

8

the sexual assault allegations were unsubstantiated. The difference is slight but significant; both true and false allegations can be accurately described as unsubstantiated and insufficiently vetted. Vetting may make claims more or less likely to be true, but lack thereof does not alone establish falsity. Conversely, true allegations can never be accurately described as "proved to be nothing" or "absurd fabrication" as in Green, or "obvious lies" "shown to be untrue."

This case therefore requires the same finding as that in Davis and Green. First, statements that Giuffre's claims "against [Defendant] are untrue," have been "shown to be untrue," and are "obvious lies" have a specific and readily understood factual meaning: that Giuffre is not telling the truth about her history of sexual abuse and Defendant's role, and that some verifiable investigation has occurred and come to a definitive conclusion proving that fact. Second, these statements (as they themselves allege), are capable of being proven true or false, and therefore constitute actionable fact and not opinion. Third, in their full context, while Defendant's statements have the effect of generally denying Plaintiff's story, they also clearly constitute fact to the reader.

Though Defendant never called Plaintiff a "liar," to call her claims "obvious lies" that "have been shown to be untrue" demands the same meaning. Plaintiff cannot be making claims shown to be untrue that are obvious lies *without* being a liar. Furthermore, to suggest an individual is not telling the truth about her history of having been sexually assaulted as a minor constitutes more than a general denial, it alleges something deeply disturbing about the character of an individual willing to be publicly dishonest about such a reprehensible crime. Defendant's statements clearly imply that the denials are based on facts separate and contradictory to those that Plaintiff has alleged. Sexual assault of a minor is a clear-cut issue; either transgression occurred or it did not. Either Maxwell was involved or she was not. The issue is not a matter of opinion, and there cannot be differing understandings of the same facts that justify diametrically opposed opinion as to whether Defendant was involved in Plaintiff's abuse as Plaintiff has claimed. Either Plaintiff is telling the truth about her story and Defendant's involvement, or Defendant is telling the truth and she was not involved in the trafficking and ultimate abuse of Plaintiff. The answer depends on facts. Defendant's statements are therefore actionable as defamation. Whether they ultimately prove to meet the standards of defamation (including but not limited to falsity) is a matter for the fact-finder.

Defendant also argues that the allegedly defamatory statements are non-actionable because Plaintiff has "fail[ed] to provide the context within which the Statements were delivered." Def.'s MTD at 18. An allegedly defamatory must be examined in "the full context of the communication in which the statement appears" and within its broader social context and setting. Celle, 209 F.3d at 179. Failure to "provide" context is not fatal to Plaintiff's complaint. Plaintiff has pled the relevant elements of the January 3 press release calling Giuffre's claims false constitute defamation, identifying the particular defamatory words. Compl. ¶ 30. Likewise, Plaintiff alleges the January 4 statement constitutes defamation by referring back to the January 3 statement. Defendant cites dismissals of vague and conclusory defamation actions, but these cases are inapposite. See Def.'s MTD at 18. Plaintiff's claims are specific and reasoned defamatory on the basis of the history of sexual abuse Plaintiff sets forth in her Complaint. See Compl. ¶ 8-28. Plaintiff's claim is therefore sufficient.[4]

---

[4] Plaintiff further argues that, when considered in context, "it is clear that the January 3 Statement was issued in self defense and in anticipation of good-faith litigation." Def.'s MTD at 18. This is not a pleading defect argument, but one that goes to the Defendant's self-defense and pre-litigation privilege arguments. The Court will therefore address this point in considering Defendant's privilege arguments.

11

With respect to the January 3 Statement, Defendant argues

that the claim fails for failure to plead "to whom, where, or in

what manner" the statement was made. Def.'s MTD at 20-1.

"Failure to state the particular person or persons to whom the

allegedly slanderous or libelous comments were made as well as

the time and manner in which the publications were made warrants

dismissal." Hawkins v. City of New York, No. 99 Civ. 11704

(RWS), 2005 WL 1861855, at *18 (S.D.N.Y. Aug. 4, 2005)

(collecting citations). Each case Defendant cites involved a

complaint so defective it lacked a claim of particular allegedly

defamatory words. See id. ("failure to identify to whom the

statement was allegedly made and the content of that

statement"); J.P.R. Cafeteria, Inc. v. Kingsborough Cmty. Coll.

of City Univ. of N.Y., 16 Misc. 3d 1127(A), 847 N.Y.S.2d 902

(Sup. Ct. 2007) ("[The Complaint] fails to set forth the

particular words alleged to be defamatory"); Cruz v. Marchetto,

No. 11 Civ. 8378, 2012 WL 4513484, at *3 (S.D.N.Y. Oct. 1, 2012)

("Here, [Plaintiff] has not pled that [Defendant] published any

statements to the various media outlets with specificity nor

demonstrated any fault").

Unlike the cases Defendant cites, Plaintiff has alleged

that the January 3 Statement was made in a press release for

distribution to the media and the public for the purposes of

12

refuting Giuffre's story regarding her history of sexual abuse.
See Compl. ¶ 30. Plaintiff's Complaint identifies the specific
allegedly defamatory content by direct quotation. See id. By
Defendant's own admission, the January 3 Statement was made to
media in response to Plaintiff's publicized sexual abuse
history. See e.g. Def.'s MTD at 10 ("Each attributed statement
responds directly to allegations and claims made by
Plaintiff."), 17-18 ("The January 3 Statement appears, *inter
alia*, in a telegraph [sic] article . . . [containing] the
following response by Ms. Maxwell's spokesman . . . made in
response to repeated reputation-harming allegations").
Plaintiff has sufficiently pled to specificity of the content
and context of the allegedly defamatory statements.


Defendant further argues that the January 4 Statement is
not actionable, as it was a non-substantive response to
reporters that amounts to a declination to comment. Def.'s MTD
at 20. Defendant points out the sum total of the interaction and
statements recorded were as follows:

Defendant: "I wish you a happy new year and thank you so
much."
Off-Camera Individual 1: "So you're basically not
commenting, is that…"
Defendant: "I'm referring to the statement that was made."
Off-Camera Individual 2: "Is any of that true?"
Defendant: "C'mon, guys…"

Def.'s MTD at 20.

13

Plaintiff has pled that the comment "I'm referring to the statement that was made" concerns the January 3 Statement, and in doing so, reiterates its content. Compl. ¶ 37. "[I]f, upon any reasonable view of the stated facts, plaintiff would be entitled to recovery for defamation, the complaint must be deemed to sufficiently state a cause of action" that survives a motion to dismiss. Davis, 24 N.Y.3d at 268 (collecting citations). It is a reasonable reading that in "referring to the statement that was made," Defendant was implying the content of the previous day's press release (particularly in the absence of any other "statement that was made"). Whether another listener could interpret Defendant's self-described reference merely as a declination to comment does not defeat the fact that Plaintiff's alleged reading is plausible.

Finally, Defendant argues the Complaint is facially defective for failure to plead special damages. Def.'s MTD at 23. "However, it is well established that compensable injury is presumed if the defamatory statement falls within a category of libel per se." Computech Int'l, Inc. v. Compaw Computer Corp., No. 02 Civ. 2628 (RWS), 2004 WL 1126320, at *12 (S.D.N.Y. May 21, 2004) (citations and internal quotation marks omitted).

14

Libel is "actionable per se if it tends to expose another to public hatred, shame, obloquy, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or to induce an evil opinion of one in the minds of right-thinking persons and to deprive one of one's confidence and friendly intercourse in society or tends to disparage a person in the way of his office, profession or trade." Idema v. Wager, 120 F. Supp. 2d 361, 367 (S.D.N.Y. 2000) (internal marks and citations omitted).

Plaintiff has specifically pled libel per se on two grounds: First, "Maxwell's false statements constitute libel per se inasmuch as they exposed Giuffre to public contempt, ridicule, aversion, and disgrace, and induced an evil opinion of her in the minds of right-thinking persons." Compl. at 9, ¶ 10. Second, "Maxwell's false statements also constitute libel per se inasmuch as they tended to injure Giuffre in her professional capacity as the president of a non-profit corporation designed to help victims of sex trafficking, and inasmuch as they destroyed her credibility and reputation among members of the community that seeks her help and that she seeks to serve." Id. ¶ 11.

It is plausible that a comment indicating that an individual is lying about a history of underage sexual abuse

15

tends to expose that individual to public contempt as someone
willing to lie and accuse others of a truly unfathomable and
morally disgraceful course of action. Society takes accusations
of pedophilia and sexual abuse sufficiently seriously that it is
plausible to allege that to claim an individual has made false
accusations of underage sex abuse would expose that individual
to public contempt, ridicule, aversion, and disgrace in the
minds of right-thinking persons.

Furthermore, for an individual acting in the capacity of
president of a non-profit corporation designed to help victims
of sex trafficking, publication of a false narrative of sex
trafficking would tend to disparage that individual in the way
of her profession. Defendant's argument that Plaintiff may not
take advantage of this second ground on the basis that "victim"
is not a profession ignores the valid profession of non-profit
advocacy, and the very real importance of perceived competence
and integrity in the conduct of that profession.[5] Plaintiff has

---

[5] For example, Somaly Mam, an internationally celebrated anti-sex
trafficking advocate and head of the Somaly Mam Foundation was accused
of fabricating her personal story of having been trafficked. Despite
the irrefutable work of the Foundation on behalf of other victims of
trafficking, Mam was forced to resign and the Foundation closed as a
result of the scandal. See Gerhard Joren, Somaly Mam: The Holy Saint
(and Sinner) of Sex Trafficking, Newsweek, May 14, 2014, available at
http://www.newsweek.com/2014/05/30/somaly-mam-holy-saint-and-sinner-
sex-trafficking-251642.html; see also Taylor Wofford, Somaly Mam
Foundation Closes, Newsweek, Oct. 20, 2014, available at
http://www.newsweek.com/somaly-mam-foundation-closes-278657.

16

therefore met her burden of adequately pleading libelous statements constituting libel per se on two independent grounds, and need not plead special damages. Accordingly, Plaintiff has sufficiently pled a claim of defamation.

**B. Defendant's Intent to Assert Affirmative Privilege Defenses Does Not Justify Dismissal**

Defendant argues that the alleged defamatory statements are protected by the self-defense and pre-litigation privileges, and thus provide grounds to dismiss Plaintiff's complaint. Def.'s MTD at 7-16. "New York courts have articulated the standard for libel and defamation using various terms, not all of which explicitly include malice or the requirement that the statement in question lack privilege." Ornstein v. Figel, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009) (citations omitted). At least some courts require a defamation claim plead lack of privilege. Id. (citing Dillon v. City of N.Y., 704 N.Y.S.2d 1, 5 (1st Dep't 1999); Roberti v. Schroder Inv. Mgmt. N. Am., Inc., No. 04 Civ. 2404 (LTS) (THK), 2006 WL 647718, at *8 (S.D.N.Y. Mar. 14, 2006) (citing Peters v. Baldwin Union Free Sch. Dist., 320 F.3d 164, 166 (2d Cir.2003)).

Defendant acknowledges that these privileges are, even if applicable, qualified. Def.'s MTD at 8 ("New York. . . recognizes a qualified privilege to respond in self-defense") (citing Kane v. Orange Cty. Publications, 232 A.D.2d 526, 527, 649 N.Y.S.2d 23 (1996) (citations omitted) (stating "response to unfavorable publicity against [the defendant is] covered by a qualified privilege"); Id. at 13 ("Statements made by attorneys and parties pertinent to good faith anticipated litigation are conditionally privileged.").

"Qualified privilege is an affirmative defense that must be pleaded and proved by the defendant." Kroemer v. Tantillo, 270 A.D.2d 810, 810, 706 N.Y.S.2d 538, 539 (2000). Plaintiff also has a right to rebut the privilege or show it was lost. The affirmative privilege defenses are therefore not appropriate for resolution on a motion to dismiss. Roberti, 2006 WL 647718, at *8 ("Defendant's alternative argument that it is entitled to dismissal of the defamation claim on qualified privilege grounds must also be rejected at this stage of the litigation" because "a claim of qualified privilege may be rebutted").

Moreover, to the extent the privileges do apply or lack of privilege is a requisite element of Plaintiff's claim, Plaintiff has met her burden by pleading facts supporting a plausible

conclusion that the privileges may be rebutted. "Under New York law, a qualified or conditional privilege may exist where statements are made, without malice, in furtherance of a common interest." Block v. First Blood Assoc., 691 F. Supp. 685, 699 (S.D.N.Y. 1988) (citing Loughry v. Lincoln First Bank, N.A., 67 N.Y.2d 369, 502 N.Y.S.2d 965, 494 N.E.2d 70 (1986)). "There is no qualified privilege under New York law when such statements are spoken with malice, knowledge of their falsity, or reckless disregard for their truth." Id.

Plaintiff has repeatedly pled that the January 3 and 4 Statement were made with malice and knowledge of their falsity. Compl. at 9, ¶ 10; 10, ¶ 17. The Complaint pleads adequate facts to support these conclusions. See Compl. at 3-7. Specifically, Plaintiff has pled that Maxwell assisted and participated in Giuffre's trafficking and ultimate abuse. See id. Taking these facts to be true as the Court must, it is a logically necessary conclusion that Maxwell's denial of this story would be made with knowledge of falsity; Maxwell could not have participated for the purpose of Plaintiff's trafficking and falsely deny that

fact without knowledge of falsity.[5] Plaintiff has therefore pled

sufficient facts to show a plausible defeat of any qualified

privilege defense.

IV.   Conclusion

For the foregoing reasons and as set forth above, Defend-

ant's motion to dismiss is denied.

It is so ordered.

**New York, NY**
**February 〰️26 , 2016**

ROBERT W. SWEET
U.S.D.J.

---

[5] The matter of falsity is for the fact-finder and not appropri-
ate for resolution at the pleading stage. Moreover, the celeb-
rity of third parties implicated in Plaintiff's allegations has
no bearing on the veracity of her claims, as Defendant suggests.