# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

### PLAINTIFF VIRGINIA GIUFFRE'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff Virginia L. Giuffre, by and through undersigned counsel, respectfully submits this Response to Defendant's Motion for A Protective Order.

**I.    BACKGROUND**

On February 5, 2016, Plaintiff, Virginia Giuffre, noticed Defendant Maxwell's deposition for March 2, 2016. *See* Sigrid McCawley Declaration (hereinafter "McCawley Decl.") at Exhibit 1. Due to Defendant's counsel's scheduling conflict, Ms. Giuffre re-noticed the deposition to March 25, 2016. *See* McCawley Decl. at Exhibit 2. Defendant demanded that Ms. Giuffre agree to a Protective Order before Defendant would agree to sit for her deposition. *See* McCawley Decl. at Exhibit 3, (E-mail from Laura Menninger stating: "We have not and will not accept the date of March 25, *or any other date*, for Ms. Maxwell's deposition **until a protective order is in place**."). In an effort to move forward with the Defendant's deposition without further delay, Ms. Giuffre stated that she would be willing to "agree to a reasonable Protective Order being in place in this case" and attached a redlined version of Defendant's proposed Protective Order.

1

*See* McCawley Decl. at Exhibit 4, McCawley e-mail correspondence dated February 26, 2016. Ms. Giuffre also communicated that she would agree to treat Maxwell's deposition as confidential until such time as the Court would enter a Protective Order, to remove any need to delay Defendant's March 25, 2016 deposition. Defendant never responded to Ms. Giuffre's proposed revisions to the Protective Order: instead, she filed this Motion.

II. **ARGUMENT**

Ms. Giuffre does not oppose the entrance of a Protective Order in this case, but does oppose a Protective Order in the form proposed by Defendant because it is overly broad and can lead to abuse and over designation of material as "confidential." Ms. Giuffre's proposal[1], which is attached in both a redlined version and a clean version (*See* McCawley Decl. at Exhibit 5), addresses the following important issues:

- **Opening Paragraph**: Given the fact that this case involves sexual abuse allegations of a minor child, Ms. Giuffre defined confidential information as: "including sensitive personal information relating to a victim of sexual abuse, copyright or trade secrets, commercially sensitive information or proprietary information." Ms. Giuffre disagrees with Defendant's broad definition which provided "or information which will improperly annoy, embarrass or oppress any party, witness or person providing discovery in the case." There are a number of problems with Defendant's proposed language, for example, evidence that demonstrates that Maxwell engaged in abuse of a minor is clearly "embarrassing" but that should not be deemed "confidential" solely because Maxwell does not want her crimes to be made public. Allowing Maxwell to make overly broad

---

[1] Exhibit 5 varies slightly from Exhibit 4, the version sent to opposing counsel, because Ms. Giuffre corrected some typographical and spelling issues.

confidentiality designations of that type of discovery would wrongfully allow the abuser to hide behind a claim of confidentiality.

- **Purposes and Limitations:** Ms. Giuffre's proposed revisions include an introductory "purpose" section which sets forth a requirement that confidential designations must be made in "good faith." Ms. Giuffre contends this section is important to place an obligation on counsel to act in good faith and avoid broad sweeping confidentiality designations.

- **Paragraph 3**: In paragraph 3, Ms. Giuffre struck the word "implicates" and replaced it with "is covered by" because many things can "implicate" but only those things that are actually "covered by a common law and statutory privacy protection" should be deemed "confidential". Ms. Giuffre also added "or any non-party that was subject to sexual abuse" because she anticipates there will be non-party witnesses in this case testifying to abuse they endured, and the non-parties should, likewise, be able to protect that sensitive personal information with a confidentiality designation. Accordingly, if Ms. Giuffre's proposal is accepted, Paragraph 3 will read: "Information designated "Confidential" shall be information that is confidential and is covered by common law and statutory privacy protections of (a) plaintiff Virginia Giuffre (b) defendant Ghislaine Maxwell or (c) any non-party that was subject to sexual abuse."

- **Paragraph 4**: Paragraph 4 provides: "Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case." Ms. Giuffre proposed adding to this sentence: "and any related matter, including but not limited to, investigations by law enforcement." Ms. Giuffre's addition is

important because Defendant should not be able to shield her conduct from review by law enforcement by cloaking it in a "confidential" designation.

- **Paragraph 5**: Paragraph 5 addresses who may view confidential information and Ms. Giuffre proposed adding to that list: "(h) any person (1) who authored or received the particular Protected Material; (2) who has or had at any point in time access to the Protected Material outside of the context of this action; or (3) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material. and (j) any other person by written agreement of the parties or by Order of a Court of competent jurisdiction." Ms. Giuffre made the proposed addition above because she contends it will alleviate debate over a document that has been marked "confidential" by one party but is a document that has been previously disclosed to certain individuals.

- **Paragraph 11**: Ms. Giuffre revised the protocol for challenging the designation of a document as "confidential" in order to stream line that process as follows: "(a) A Party shall not be obligated to challenge the propriety of any designation of discovery material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Moreover, failure to challenge the designation of any discovery material as CONFIDENTIAL shall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material. (b) In the event that counsel for the Party receiving Protected Material objects to the CONFIDENTIAL designation of any or all such items, said counsel shall provide the Producing Party and, if different, the

Designating Party written notice of, and the basis for, such objections. The Parties will use their best efforts to resolve such objections among themselves. Should the Receiving Party, the Producing Party and, if different, the Designating Party be unable to resolve the objections, the Receiving Party may seek a hearing before this Court with respect to the propriety of the designation. The Designating Party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as Protected Material as provided hereunder. The burden of proving that Discovery Material is properly designated shall at all times remain with the Designating Party."

- **Paragraph 13**: Ms. Giuffre added paragraph 13 to provide protection for non-party witnesses who are subpoenaed in this case and are asked to disclose sensitive information regarding sexual abuse they may have endured. This paragraph provides a non-party with the opportunity to designate that sensitive information as "confidential". The added paragraph 13 provides: "With respect to any Discovery Material produced by such non-party, the non-party may invoke the terms of this Order in writing to all Parties by designating discovery material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY". Any such Protected Material produced by the non-party designated "CONFIDENTIAL" or ""HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be subject to the restrictions contained in this Order and shall only be disclosed or used in a manner consistent with this Order."

- **Paragraph 14**: Ms. Giuffre added paragraph 14 to protect a circumstance of an inadvertent failure to designate and to include a protocol for how to handle a retroactive designation in that circumstance. The added paragraph 14 provides: "In the event that any Producing Party inadvertently produces Discovery Material eligible for designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY without such designation, the Parties agree that the Producing Party may retroactively apply the correct designation. If a Producing Party makes a subsequent designation, the Receiving Party will treat the Protected Material according to the retroactive designation, including undertaking best efforts to retrieve all previously distributed copies from any recipients now ineligible to access the Protected Material."

- **Paragraph 15**: Ms. Giuffre also added a paragraph on "Limitations" to clarify that information that has been previously disclosed or is publicly available cannot be restricted from disclosure. Specifically, Ms. Giuffre added the following: "Limitations. Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that was previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party and, if different, the Designating Party; (e) pursuant to Order of the Court; or (f) for purposes of law enforcement."

As addressed above, Ms. Giuffre proposed revisions to ensure that the Protective Order is fair and limited in scope so as not to be subject to abuse. For the foregoing reasons, Ms. Giuffre respectfully requests that the Court grant Ms. Giuffre's proposed revisions set forth in Exhibit 5. *See* McCawley Decl. at Exhibit 5.

Dated: March 4, 2016

                              Respectfully Submitted,

                              BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
     Sigrid McCawley (Pro Hac Vice)
     Boies, Schiller & Flexner LLP
     401 E. Las Olas Blvd., Suite 1200
     Ft. Lauderdale, FL 33301
     (954) 356-0011

     David Boies
     Boies, Schiller & Flexner LLP
     333 Main Street
     Armonk, NY 10504

     Ellen Brockman
     Boies, Schiller & Flexner LLP
     575 Lexington Ave
     New York, New York 10022
     (212) 446-2300

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com

          /s/ Sigrid S. McCawley
             Sigrid S. McCawley