# EXHIBIT 3

# Sigrid McCawley

**From:** Laura Menninger <lmenninger@hmflaw.com>
**Sent:** Thursday, February 25, 2016 2:55 PM
**To:** Sigrid McCawley
**Cc:** Brenda Rodriguez
**Subject:** FW: Giuffre v. Maxwell - [conferral concerning deposition dates]

Sigrid –

I would suggest that rather than repeated emails on the topic of scheduling the various depositions in this case, or the unilateral issuance of deposition notices and subpoenas, you and I have a phone conference wherein we discuss which depositions are going to be taken, where, and a plan for doing them in an orderly fashion that minimizes travel and inconvenience for counsel and the witnesses. As you are well aware from your own practice of law, attorneys have other clients, other court dates and other commitments to work around. The FRCP and Local Rules contemplate courtesy and cooperation among counsel in the scheduling and timing of discovery processes. This rule makes even more sense in a case such as this spanning various parts of the country where counsel must engage in lengthy travel and the attendant scheduling of flights, hotels and rental cars.

I am available for such a call today or tomorrow morning before 11 a.m. MST.

To respond to your last email:

Defendant's Deposition

We have not and will not accept the date of March 25, or any other date, for Ms. Maxwell's deposition until a protective order is in place. My email of February 12th requested your position on a protective order and, receiving no response from you, I sent you a proposed one on February 20th. As of today's date, I still have not received your position or your comments to that protective order.

Secondly, although the rules permit a party to seek leave of the court for a second deposition should new factors or evidence become known, you are aware in advance of Ms. Maxwell's deposition that she has yet to file an Answer or Counterclaim and therefore cannot be "surprised" about the fact that she will do so when and if necessary. Should you choose to take her deposition before such a pleading has been filed, you are acknowledging your waiver of the right to take a second deposition <u>based on</u> the filing of the answer and counterclaims because this is a fact known to you in advance of the first deposition.

To reiterate, I have not accepted the date of March 25, 2016 for my client's deposition and will not agree to schedule such a deposition in the absence of a protective order and your acknowledgement of waiver as outlined above.

Other Witness Depositions

I have asked to schedule the depositions of the two Florida witnesses on consecutive days to minimize travel expenses for counsel and you have refused.

Additionally, it is completely unclear to me what, if any, relevance either of the two Florida witnesses have to the defamation action. My client has made no statements about either woman, nor has your client's voluminous press and pleadings included any indication that either woman could corroborate her claims. Finally, as noted in my email to you

1

yesterday, Ms. Chambers is not even among the hundred witnesses listed in your Rule 26 disclosures, nor her contact info nor her counsel's contact info.

Please provide an offer of proof as to the relevance <u>in this action</u> (as compared to say, any of your client's media, publicity and other litigations) of either Ms. Chambers or Ms. Sjoberg's testimony. Also provide any contact information you have for them pursuant to Rule 26.

I hope that we will be able to continue a professional dialogue regarding the timing and sequence of discovery in this case without the need for judicial intervention.

-Laura



Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Sigrid McCawley [mailto:Smccawley@BSFLLP.com]
**Sent:** Tuesday, February 23, 2016 8:46 AM
**To:** Laura Menninger
**Cc:** Brenda Rodriguez
**Subject:** RE: Giuffre v. Maxwell - [conferral concerning deposition dates]

Hello Laura,

<u>DEFENDANT's DEPOSITION:</u>

As you are aware, we originally noticed your client's deposition for March 2, 2016. We then provided you with multiple alternative dates because you stated that you had a conflict with the date provided. You have confirmed below that Ms. Maxwell is available for her deposition on March 25th in New York. The revised deposition notice is attached above. We understand that your client is requesting the entrance of a protective order in this case. We are in receipt of your proposed protective order and are reviewing and will provide you with a response to same shortly.

With respect to your demand below that we concede that we will only seek to take one 7 hour deposition of the named defendant Ms. Maxwell in this case, we disagree that we have to make any such determination at this stage of the litigation. We are entitled under the rules to depose the defendant, without delay, for one 7 hour deposition. If after

2

that deposition there are reasons that require us to seek additional time from the Court, we will do so and you can lodge any objections you have. You are not entitled to use your demand as a transparent delay tactic in an effort to preclude what is a critical deposition in this matter.

NON- PARTY SUBPOENED WITNESSES:
As a result of the conflict you had with our original date for Johanna Sjorberg's deposition, we provided you with multiple alternatives. I understand you have a conflict with March 23rd so **please confirm you can be present for her deposition in Fort Lauderdale on March 16th in Fort Lauderdale, Florida**.

Ms. Chambers and Ms. Sjorberg's depositions cannot be taken on consecutive days because -- while they are both in the state of Florida – the travel distance is about 7 hours by car so it won't work to schedule them consecutively. Moreover, these are non-party witnesses with varying work schedules that we are attempting to work around with their counsel and we have provided you will dates for which they are available.

**Please confirm you can be present at Alyson Chambers deposition in St. Augustine Florida on March 22nd.** For your travel arrangements, it is my understanding that the closest airport to St. Augustine is the Jacksonville, Florida airport.

As for your interpretation of Local Rule 30.1 we have reviewed the case law and it is not our understanding that this type of payment applies automatically to a named party. That said, you are of course able to make your application to the court in accordance with that rule and we will respond with our opposition, but nothing in that rule allows you to attempt to delay a subpoenaed deposition based on that rule.

Thank you,
Sigrid

Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Saturday, February 20, 2016 2:54 PM
**To:** Sigrid McCawley
**Cc:** Brenda Rodriguez
**Subject:** Giuffre v. Maxwell - [conferral concerning deposition dates]

Sigrid -

I had not responded regarding the dates yet, in part, because you did not address the two issues I raised by email of February 12 (below). In particular, a protective order needs to be entered prior to Ms. Maxwell's deposition to address the same concerns you raised prior to your client's deposition in the Edwards/Cassell matter. I have taken the liberty of drafting a proposed protective order which I attach here. Please provide any comments you propose and we can get it filed and ruled upon by the Court.

Further, you did not provide your acknowledgement pursuant to Rule 30(d)(1) that this deposition, which likely will occur before Ms. Maxwell has filed an answer or counterclaims, will be her only deposition in this matter. If this is not your agreement, then we will need to seek a ruling from the Court.

Assuming that the attached protective order is entered in a timely fashion and your agreement that you will not be seeking a second deposition after Ms. Maxwell files an answer and counterclaim, then I can confirm the dates which will work for me and for her. Right now, of the dates you propose it appears that the March 25th date is best.

Regarding the depositions of Ms. Sjoberg and Chambers, I propose that we do those on consecutive days. Unfortunately, I am not available on March 23d as I have a sentencing in USDC Colorado that morning. I could propose March 24-25 or March 17-18. Also, given that these depositions are "more than 100 miles from the courthouse," I request your agreement to pay for my expenses for attendance at those depositions in Florida pursuant to Local R. 30.1.

Thank you,
Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
**lmenninger@hmflaw.com**
**www.hmflaw.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Sigrid McCawley <smccawley@bsfllp.com>
**Date:** Friday, February 19, 2016 at 9:25 AM
**To:** Laura Menninger <lmenninger@hmflaw.com>
**Subject:** RE: Giuffre v. Maxwell - [conferral concerning deposition dates]

Hello Laura,

I am in receipt of your email below. As you are aware, the Court already denied your client's effort to stay discovery pending her motion to dismiss. As you are also aware, discovery in this case closes in a few short months. We are proceeding with discovery and cannot agree to wait any further for Ms. Maxwell's deposition.

You indicated you had a conflict with the original date we selected for Ms. Maxwell's deposition so we have provided you with alternate dates for Ms. Maxwell's deposition and would appreciate a timely response. You also stated that you had a conflict with the original subpoena date for Johanna Sjorberg. In an effort to accommodate the conflicts in your schedule, we provided you a selection of alternate dates that work for Ms. Sjorberg and her counsel and we have not heard back from you. Once again the dates are provided below. Please respond in a timely manner so we can schedule the depositions.

4

<u>Proposed Alternate Dates for Ms. Maxwell's Deposition</u> to be taken in NY at BSF's Office – **Feb. 29th, March 1st, March 14th or March 25th**.

<u>Proposed Alternate Dates for Ms. Sjorberg's Deposition</u> to be taken in Fort Lauderdale at BSF's Office – **March 16th or March 23rd**.

<u>Presently Scheduled Date for Alyson Chambers Deposition</u> to be taken in St. Augustine Florida – **March 22nd**. To my knowledge, you have not indicated that you have a conflict with this date.

Thank you,
Sigrid

Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Friday, February 12, 2016 1:21 PM
**To:** Sigrid McCawley
**Subject:** Re: Giuffre v. Maxwell - [conferral concerning deposition dates]

Sigrid –

I'm happy to schedule a deposition for my client on a mutually agreeable date. I will check with her on these dates you have proposed and get back to you shortly.

It would make some sense to me to not schedule this deposition until after the judge rules on the motion to dismiss. If the motion is granted, we will have wasted time and money. If the Judge denies the motion, I intend to file an answer with affirmatives defenses as well as counterclaims against your client.

Given that Rule 30(d) only permits one day of deposition lasting 7 hours, in the event you choose to depose Ms. Maxwell prior to the filing of our affirmative defenses and counterclaims, you will have exhausted that one chance to depose her, and I will not agree, and will vigorously contest, your ability to schedule a second deposition.

We should also discuss an agreed upon protective order for discovery in this case. If you have one you like, please forward it to me, or I can take the lead in drafting.

-Laura



Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com

5

www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Sigrid McCawley [mailto:Smccawley@BSFLLP.com]
**Sent:** Thursday, February 11, 2016 12:41 PM
**To:** Laura Menninger
**Cc:** Brenda Rodriguez
**Subject:** RE: Giuffre v. Maxwell - [conferral concerning deposition dates]

Hello Laura -I can offer the following alternate dates for Ms Maxwell's deposition -February 29th or March 1st or March 11th or March 14, 25 or 16.

I will get back to you on an alternate date for Ms. Sjorberg's deposition.

Thank you,
Sigrid


-----Original Message-----
**From:** Laura Menninger [lmenninger@hmflaw.com]
**Sent:** Tuesday, February 09, 2016 06:36 PM Eastern Standard Time
**To:** Sigrid McCawley
**Cc:** Brenda Rodriguez
**Subject:** Giuffre v. Maxwell - [conferral concerning deposition dates]

Sigrid –

I have received your Notice of Deposition for Ms. Maxwell on March 2 as well as your subpoena for the deposition of Johanna Sjoberg on February 22. I am not available on either one of those dates due to pre-existing scheduling conflicts.

Local Rule 26.4(a) provides that "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, *including in matters relating to scheduling and timing of various discovery procedures.*"

I respectfully request that you send me other proposed dates that would work for you to take those two depositions so that I can clear them with my calendar and (as pertains to her deposition), my client's calendar. Presumably, coordination with Ms. Sjoberg's counsel also makes sense per Rule 45(d)(1).

-Laura

6



Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]