# EXHIBIT 4

**Sigrid McCawley**

| | |
|---|---|
| **From:** | Sigrid McCawley |
| **Sent:** | Friday, February 26, 2016 12:10 PM |
| **To:** | Laura Menninger |
| **Cc:** | Brenda Rodriguez |
| **Subject:** | RE: Giuffre v. Maxwell - [conferral concerning deposition dates] |
| **Attachments:** | 2016-02-25 Agreed Protective Order (redline).pdf; Clean Version of Agreed Protective Order.docx |

Hello Laura,

It is clear to me based on the below that you are intentionally trying to stall the taking of these depositions, despite the fact that the Court denied your motion to stay discovery and are trying to grant yourself a *de facto* stay by placing conditions on these depositions that are not required by the Federal Rules, in order to push off depositions as far as you can while you await a ruling on the motion to dismiss. Again – the court denied your stay request and you cannot use unreasonable demands to try to create that delay. We are entitled to take the defendant's deposition in this case and we are not required to waive any rights in that process.

As to your demand regarding a protective order, we have reviewed what you sent and can agree to a reasonable protective order being in place in this case and have attached redlined edits and a clean version for your review above.

As for the contact information for the two subpoenaed witnesses – that was provided to you previously. The attorney representing Johanna Sjorberg and Alyson Chambers is Dore Louis. His number is (305) 374-0544 and mdl@sinclairlouis.com. Because you had conflicts with the initial dates we scheduled for Johanna, I have been coordinating with him on alternative depo dates which I provided you below.

I will call you to discuss these depositions as they need to move forward without any additional delay.

Thank you,
Sigrid

Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Thursday, February 25, 2016 2:55 PM
**To:** Sigrid McCawley
**Cc:** Brenda Rodriguez
**Subject:** FW: Giuffre v. Maxwell - [conferral concerning deposition dates]


Sigrid –

I would suggest that rather than repeated emails on the topic of scheduling the various depositions in this case, or the unilateral issuance of deposition notices and subpoenas, you and I have a phone conference wherein we discuss which depositions are going to be taken, where, and a plan for doing them in an orderly fashion that minimizes travel and inconvenience for counsel and the witnesses. As you are well aware from your own practice of law, attorneys have other clients, other court dates and other commitments to work around. The FRCP and Local Rules contemplate courtesy and cooperation among counsel in the scheduling and timing of discovery processes. This rule makes even more sense in a case such as this spanning various parts of the country where counsel must engage in lengthy travel and the attendant scheduling of flights, hotels and rental cars.

I am available for such a call today or tomorrow morning before 11 a.m. MST.

To respond to your last email:

<u>Defendant's Deposition</u>

We have not and will not accept the date of March 25, or any other date, for Ms. Maxwell's deposition until a protective order is in place. My email of February 12th requested your position on a protective order and, receiving no response from you, I sent you a proposed one on February 20th. As of today's date, I still have not received your position or your comments to that protective order.

Secondly, although the rules permit a party to seek leave of the court for a second deposition should new factors or evidence become known, you are aware in advance of Ms. Maxwell's deposition that she has yet to file an Answer or Counterclaim and therefore cannot be "surprised" about the fact that she will do so when and if necessary. Should you choose to take her deposition before such a pleading has been filed, you are acknowledging your waiver of the right to take a second deposition <u>based on</u> the filing of the answer and counterclaims because this is a fact known to you in advance of the first deposition.

To reiterate, I have not accepted the date of March 25, 2016 for my client's deposition and will not agree to schedule such a deposition in the absence of a protective order and your acknowledgement of waiver as outlined above.

<u>Other Witness Depositions</u>

I have asked to schedule the depositions of the two Florida witnesses on consecutive days to minimize travel expenses for counsel and you have refused.

Additionally, it is completely unclear to me what, if any, relevance either of the two Florida witnesses have to the defamation action. My client has made no statements about either woman, nor has your client's voluminous press and pleadings included any indication that either woman could corroborate her claims. Finally, as noted in my email to you yesterday, Ms. Chambers is not even among the hundred witnesses listed in your Rule 26 disclosures, nor her contact info nor her counsel's contact info.

Please provide an offer of proof as to the relevance <u>in this action</u> (as compared to say, any of your client's media, publicity and other litigations) of either Ms. Chambers or Ms. Sjoberg's testimony. Also provide any contact information you have for them pursuant to Rule 26.

I hope that we will be able to continue a professional dialogue regarding the timing and sequence of discovery in this case without the need for judicial intervention.

-Laura



Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Sigrid McCawley [mailto:Smccawley@BSFLLP.com]
**Sent:** Tuesday, February 23, 2016 8:46 AM
**To:** Laura Menninger
**Cc:** Brenda Rodriguez
**Subject:** RE: Giuffre v. Maxwell - [conferral concerning deposition dates]

Hello Laura,

### DEFENDANT's DEPOSITION:

As you are aware, we originally noticed your client's deposition for March 2, 2016.  We then provided you with multiple alternative dates because you stated that you had a conflict with the date provided.  You have confirmed below that Ms. Maxwell is available for her deposition on March 25th in New York. The revised deposition notice is attached above.  We understand that your client is requesting the entrance of a protective order in this case.  We are in receipt of your proposed protective order and are reviewing and will provide you with a response to same shortly.

With respect to your demand below that we concede that we will only seek to take one 7 hour deposition of the named defendant Ms. Maxwell in this case, we disagree that we have to make any such determination at this stage of the litigation. We are entitled under the rules to depose the defendant, without delay, for one 7 hour deposition. If after that deposition there are reasons that require us to seek additional time from the Court, we will do so and you can lodge any objections you have.  You are not entitled to use your demand as a transparent delay tactic in an effort to preclude what is a critical deposition in this matter.

### NON- PARTY SUBPOENED WITNESSES:
As a result of the conflict you had with our original date for Johanna Sjorberg's deposition, we provided you with multiple alternatives. I understand you have a conflict with March 23rd so **please confirm you can be present for her deposition in Fort Lauderdale on March 16th in Fort Lauderdale, Florida.**

Ms. Chambers and Ms. Sjorberg's depositions cannot be taken on consecutive days because -- while they are both in the state of Florida – the travel distance is about 7 hours by car so it won't work to schedule them consecutively.  Moreover, these are non-party witnesses with varying work schedules that we are attempting to work around with their counsel and we have provided you will dates for which they are available.

Please confirm you can be present at Alyson Chambers deposition in St. Augustine Florida on March 22nd. For your travel arrangements, it is my understanding that the closest airport to St. Augustine is the Jacksonville, Florida airport.

As for your interpretation of Local Rule 30.1 we have reviewed the case law and it is not our understanding that this type of payment applies automatically to a named party. That said, you are of course able to make your application to the court in accordance with that rule and we will respond with our opposition, but nothing in that rule allows you to attempt to delay a subpoenaed deposition based on that rule.

Thank you,
Sigrid

Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Saturday, February 20, 2016 2:54 PM
**To:** Sigrid McCawley
**Cc:** Brenda Rodriguez
**Subject:** Giuffre v. Maxwell - [conferral concerning deposition dates]

Sigrid -

I had not responded regarding the dates yet, in part, because you did not address the two issues I raised by email of February 12 (below). In particular, a protective order needs to be entered prior to Ms. Maxwell's deposition to address the same concerns you raised prior to your client's deposition in the Edwards/Cassell matter. I have taken the liberty of drafting a proposed protective order which I attach here. Please provide any comments you propose and we can get it filed and ruled upon by the Court.

Further, you did not provide your acknowledgement pursuant to Rule 30(d)(1) that this deposition, which likely will occur before Ms. Maxwell has filed an answer or counterclaims, will be her only deposition in this matter. If this is not your agreement, then we will need to seek a ruling from the Court.

Assuming that the attached protective order is entered in a timely fashion and your agreement that you will not be seeking a second deposition after Ms. Maxwell files an answer and counterclaim, then I can confirm the dates which will work for me and for her. Right now, of the dates you propose it appears that the March 25th date is best.

Regarding the depositions of Ms. Sjoberg and Chambers, I propose that we do those on consecutive days. Unfortunately, I am not available on March 23d as I have a sentencing in USDC Colorado that morning. I could propose March 24-25 or March 17-18. Also, given that these depositions are "more than 100 miles from the courthouse," I request your agreement to pay for my expenses for attendance at those depositions in Florida pursuant to Local R. 30.1.

Thank you,
Laura



**Laura A. Menninger**
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Sigrid McCawley <smccawley@bsfllp.com>
**Date:** Friday, February 19, 2016 at 9:25 AM
**To:** Laura Menninger <lmenninger@hmflaw.com>
**Subject:** RE: Giuffre v. Maxwell - [conferral concerning deposition dates]

Hello Laura,

I am in receipt of your email below. As you are aware, the Court already denied your client's effort to stay discovery pending her motion to dismiss. As you are also aware, discovery in this case closes in a few short months. We are proceeding with discovery and cannot agree to wait any further for Ms. Maxwell's deposition.

You indicated you had a conflict with the original date we selected for Ms. Maxwell's deposition so we have provided you with alternate dates for Ms. Maxwell's deposition and would appreciate a timely response. You also stated that you had a conflict with the original subpoena date for Johanna Sjorberg. In an effort to accommodate the conflicts in your schedule, we provided you a selection of alternate dates that work for Ms. Sjorberg and her counsel and we have not heard back from you. Once again the dates are provided below. Please respond in a timely manner so we can schedule the depositions.

<u>Proposed Alternate Dates for Ms. Maxwell's Deposition</u> to be taken in NY at BSF's Office – **Feb. 29th, March 1st, March 14th or March 25th**.

<u>Proposed Alternate Dates for Ms. Sjorberg's Deposition</u> to be taken in Fort Lauderdale at BSF's Office – **March 16th or March 23rd**.

<u>Presently Scheduled Date for Alyson Chambers Deposition</u> to be taken in St. Augustine Florida – **March 22nd**. To my knowledge, you have not indicated that you have a conflict with this date.

Thank you,
Sigrid

Sigrid S. McCawley
Partner

**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Friday, February 12, 2016 1:21 PM
**To:** Sigrid McCawley
**Subject:** Re: Giuffre v. Maxwell - [conferral concerning deposition dates]

Sigrid –

I'm happy to schedule a deposition for my client on a mutually agreeable date. I will check with her on these dates you have proposed and get back to you shortly.

It would make some sense to me to not schedule this deposition until after the judge rules on the motion to dismiss. If the motion is granted, we will have wasted time and money. If the Judge denies the motion, I intend to file an answer with affirmatives defenses as well as counterclaims against your client.

Given that Rule 30(d) only permits one day of deposition lasting 7 hours, in the event you choose to depose Ms. Maxwell prior to the filing of our affirmative defenses and counterclaims, you will have exhausted that one chance to depose her, and I will not agree, and will vigorously contest, your ability to schedule a second deposition.

We should also discuss an agreed upon protective order for discovery in this case. If you have one you like, please forward it to me, or I can take the lead in drafting.

-Laura



Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Sigrid McCawley [mailto:Smccawley@BSFLLP.com]
**Sent:** Thursday, February 11, 2016 12:41 PM

**To:** Laura Menninger
**Cc:** Brenda Rodriguez
**Subject:** RE: Giuffre v. Maxwell - [conferral concerning deposition dates]

Hello Laura -I can offer the following alternate dates for Ms Maxwell's deposition -February 29th or March 1st or March 11th or March 14, 25 or 16.

I will get back to you on an alternate date for Ms. Sjorberg's deposition.

Thank you,
Sigrid

-----Original Message-----
**From:** Laura Menninger [lmenninger@hmflaw.com]
**Sent:** Tuesday, February 09, 2016 06:36 PM Eastern Standard Time
**To:** Sigrid McCawley
**Cc:** Brenda Rodriguez
**Subject:** Giuffre v. Maxwell - [conferral concerning deposition dates]

Sigrid –

I have received your Notice of Deposition for Ms. Maxwell on March 2 as well as your subpoena for the deposition of Johanna Sjoberg on February 22.  I am not available on either one of those dates due to pre-existing scheduling conflicts.

Local Rule 26.4(a) provides that "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, *including in matters relating to scheduling and timing of various discovery procedures.*"

I respectfully request that you send me other proposed dates that would work for you to take those two depositions so that I can clear them with my calendar and (as pertains to her deposition), my client's calendar.  Presumably, coordination with Ms. Sjoberg's counsel also makes sense per Rule 45(d)(1).

-Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this

transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

United States District Court
Southern District Of New York

- - - - - - - - - - - - - - - - - - - - - - - - - - -

Virginia L. Giuffre,

      Plaintiff,

v.                                            15-cv-07433-RWS

Ghislaine Maxwell,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - -

### AGREED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, including sensitive personal information relating to a victim of sexual abuse, copyright or trade secrets, commercially sensitive information, or proprietary information.  or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

### I.    Purposes And Limitations

(a)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery.  Designations under this Order shall be made sparingly, with care, and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein.  If it comes to a Designating Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing or changing the designation.

> **Formatted:** List Paragraph, Indent: Left: 0",
> Space Before: 0 pt, Line spacing: Double,
> Numbered + Level: 1 + Numbering Style: I, II,
> III, … + Start at: 1 + Alignment: Left + Aligned
> at: 0.25" + Indent at: 0.75"

IT IS ORDERED:

Formatted: Indent: First line: 0.5", Space Before: 0 pt, Line spacing: Double

1.  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.  As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  Information designated "CONFIDENTIAL" shall be information that is confidential and implicates is covered by common law and statutory privacy interests protections of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell or any non-party that was subject to sexual abuse.

4.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and any related matter, including but not limited to, investigations by law enforcement.

5.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.  attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. the parties;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. the Court and its employees ("Court Personnel") in this case;

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses, or potential witnesses; and

h. any person (1) who authored or received the particular Protected Material; (2) who has or had at any point in time access to the Protected Material outside of the context of this action; or (3) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material; and

hi. any other persons by written agreement of the parties or by Order of a Court of competent jurisdiction.

6. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and

3

agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Discovery material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

8.  Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

9.  Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the

4

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10. Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

~~A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In~~

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.    **Challenging Designations Of Protected Material**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.    Moreover, failure    to    challenge    the    designation    of    any    Discovery    Material    as CONFIDENTIAL shall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material.

12.    (b)    In the event that counsel for the Party receiving Protected Material objects to the CONFIDENTIAL designation of any or all such items, said counsel shall provide the Producing Party and, if different, the Designating Party written notice of, and the basis for, such objections. The Parties will use their best efforts to resolve such objections among themselves.    Should the Receiving Party, the Producing Party and, if different, the Designating Party be unable to resolve the objections, the Receiving Party may seek a hearing before this Court with respect to the propriety of the designation.    The Designating Party will cooperate in obtaining a prompt hearing with respect thereto.    Pending a resolution, the discovery material in question shall continue to be treated as Protected Material as

provided hereunder. The burden of proving that Discovery Material is properly designated shall at all times remain with the Designating Party.

12.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13.    With respect to any Discovery Material produced by such non-party, the non-party may invoke the terms of this Order in writing to all Parties by designating Discovery Material "CONFIDENTIAL". Any such Protected Material produced by the non-party designated "CONFIDENTIAL" shall be subject to the restrictions contained in this Order and shall only be disclosed or used in a manner consistent with this Order.

14.    In the event that any Producing Party inadvertently produces Discovery Material eligible for designation as CONFIDENTIAL without such designation, the Parties agree that the Producing Party may retroactively apply the correct designation. If a Producing Party makes a subsequent designation, the Receiving Party will treat the Protected Material according to the retroactive designation, including undertaking best efforts to retrieve all previously distributed copies from any recipients now ineligible to access the Protected Material.

13.    Limitations.  Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that was previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party and, if different, the Designating Party; (e) pursuant to Order of the Court; or (f) for purposes of law enforcement.

14.    15. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.

16.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT

UNITED STATES DISTRICT JUDGE

Formatted: Font: 12 pt

## United States District Court
## Southern District Of New York

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

**Virginia L. Giuffre,**

       **Plaintiff,**

**v.**                                                            **15-cv-07433-RWS**

**Ghislaine Maxwell,**

       **Defendant.**

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

## AGREED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, including sensitive personal information relating to a victim of sexual abuse, copyright or trade secrets, commercially sensitive information, or proprietary information.

**I.**     **Purposes And Limitations**

(a)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made sparingly, with care, and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein. If it comes to a Designating Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing or changing the designation.

**IT IS ORDERED:**

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.   As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that is confidential and is covered by common law and statutory privacy protections of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell or any non-party that was subject to sexual abuse.

4.   CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and any related matter, including but not limited to, investigations by law enforcement.

5.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a.   attorneys actively working on this case;

   b.   persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.  the parties;

    d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.  the Court and its employees ("Court Personnel") in this case;

    f.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.  deponents, witnesses, or potential witnesses;

    h.  any person (1) who authored or received the particular Protected Material; (2) who has or had at any point in time access to the Protected Material outside of the context of this action; or (3) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material; and

    i.  any other persons by written agreement of the parties or by Order of a Court of competent jurisdiction.

6.    Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Discovery material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

8.   Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

9.   Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the

4

completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10.    Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

11.    **Challenging Designations Of Protected Material**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Moreover, failure to challenge the designation of any Discovery Material as CONFIDENTIALshall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material.

(b)    In the event that counsel for the Party receiving Protected Material objects to the CONFIDENTIAL designation of any or all such items, said counsel shall provide the Producing Party and, if different, the Designating Party written notice of, and the basis for, such objections.  The Parties will use their best efforts to resolve such objections among themselves.  Should the Receiving Party, the Producing Party and, if different, the Designating Party be unable to resolve the

objections, the Receiving Party may seek a hearing before this Court with respect to the propriety of the designation. The Designating Party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as Protected Material as provided hereunder. The burden of proving that Discovery Material is properly designated shall at all times remain with the Designating Party.

12.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13.   With respect to any Discovery Material produced by such non-party, the non-party may invoke the terms of this Order in writing to all Parties by designating Discovery Material "CONFIDENTIAL". Any such Protected Material produced by the non-party designated "CONFIDENTIAL" shall be subject to the restrictions contained in this Order and shall only be disclosed or used in a manner consistent with this Order.

14.   In the event that any Producing Party inadvertently produces Discovery Material eligible for designation as CONFIDENTIAL without such designation, the Parties agree that the Producing Party may retroactively apply the correct designation. If a

Producing Party makes a subsequent designation, the Receiving Party will treat the Protected Material according to the retroactive designation, including undertaking best efforts to retrieve all previously distributed copies from any recipients now ineligible to access the Protected Material.

16. Limitations.  Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that was previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party and, if different, the Designating Party; (e) pursuant to Order of the Court; or (f) for purposes of law enforcement.15. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT


UNITED STATES DISTRICT JUDGE


_____