# EXHIBIT 5

**United States District Court**
**Southern District Of New York**

---

**Virginia L. Giuffre,**

    **Plaintiff,**

**v.**                                                        **15-cv-07433-RWS**

**Ghislaine Maxwell,**

    **Defendant.**

---

### [PROPOSED] PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, including sensitive personal information relating to a victim of sexual abuse, copyright or trade secrets, commercially sensitive information, or proprietary information. ~~or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,~~

**Purposes And Limitations**

The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made sparingly, with care, and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein. If it comes to a Designating Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing or changing the designation.

**IT IS ORDERED**:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and ~~implicates~~ is covered by common law and statutory privacy ~~interests~~ protections of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell or (c) any non-party that was subject to sexual abuse.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and any related matter, including but not limited to, investigations by law enforcement.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;

**Formatted:** Indent: First line: 0.5", Space Before: 0 pt, Line spacing: Double

    b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel") in this case;

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; ~~and~~

    h. any person (1) who authored or received the particular Protected Material; (2) who has or had at any point in time access to the Protected Material outside of the context of this action; or (3) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material; and

    ~~h~~i. ~~any~~ other persons by written agreement of the parties or by Order of a Court of competent jurisdiction.

6. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and

3

agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Discovery material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

8. Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10. Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

~~A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In~~

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     **Challenging Designations Of Protected Material**

(a) A Party shall not be obligated to challenge the propriety of any designation of discovery material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Moreover, failure to challenge the designation of any discovery material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material.

12. (b) In the event that counsel for the Party receiving CONFIDENTIAL Material objects to the CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY designation of any or all such items, said counsel shall provide the Producing Party and, if different, the Designating Party written notice of, and the basis for, such objections.  The Parties will use their best efforts to resolve such objections among themselves.  Should the Receiving Party, the Producing Party and, if different, the Designating Party be unable to resolve the objections, the Receiving Party may seek a hearing before this Court with respect to the propriety of the designation.  The

Designating Party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as ~~CONFIDENTIAL~~ Protected Material as provided hereunder. The burden of proving that ~~d~~Discovery ~~m~~Material is properly designated shall at all times remain with the Designating Party.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. With respect to any ~~d~~Discovery ~~m~~Material produced by such non-party, the non-party may invoke the terms of this Order in writing to all Parties by designating ~~d~~Discovery ~~m~~Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY". Any such ~~p~~Protected ~~m~~Material produced by the non-party designated "CONFIDENTIAL" or ""HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be subject to the restrictions contained in this Order and shall only be disclosed or used in a manner consistent with this Order.

14. In the event that any Producing Party inadvertently produces ~~d~~Discovery ~~m~~Material eligible for designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY without such designation, the

Parties agree that the Producing Party may retroactively apply the correct designation. If a Producing Party makes a subsequent designation, the Receiving Party will treat the Protected Material according to the retroactive designation, including undertaking best efforts to retrieve all previously distributed copies from any recipients now ineligible to access the Protected Material.

13. 15. Limitations. Nothing in this Order shall restrict in any way the use or disclosure of CONFIDENTIAL material~~Protected Material~~ by a Receiving Party (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that was previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party and, if different, the Designating Party; (e) pursuant to Order of the Court; or (f) for purposes of law enforcement.

14. 16~~5~~. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.

~~17~~ 17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT


UNITED STATES DISTRICT JUDGE

_____

United States District Court
Southern District Of New York

------------------------------

**Virginia L. Giuffre,**

    **Plaintiff,**

**v.**                                                                 **15-cv-07433-RWS**

**Ghislaine Maxwell,**

    **Defendant.**

------------------------------


# [PROPOSED] PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, including sensitive personal information relating to a victim of sexual abuse, copyright or trade secrets, commercially sensitive information, or proprietary information.

## Purposes And Limitations

The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made sparingly, with care, and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein. If it comes to a Designating Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing or changing the designation.

1

**IT IS ORDERED**:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and is covered by common law and statutory privacy protections of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell or (c) any non-party that was subject to sexual abuse.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and any related matter, including but not limited to, investigations by law enforcement.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel") in this case;

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses;

    h. any person (1) who authored or received the particular Protected Material; (2) who has or had at any point in time access to the Protected Material outside of the context of this action; or (3) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material; and

    i. any other persons by written agreement of the parties or by Order of a Court of competent jurisdiction.

6. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and

agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Discovery material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

8. Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10. Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

11. **Challenging Designations Of Protected Material**

   (a) A Party shall not be obligated to challenge the propriety of any designation of discovery material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Moreover, failure to challenge the designation of any discovery material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material.

   (b) In the event that counsel for the Party receiving CONFIDENTIAL Material objects to the CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY designation of any or all such items, said

counsel shall provide the Producing Party and, if different, the Designating Party written notice of, and the basis for, such objections. The Parties will use their best efforts to resolve such objections among themselves. Should the Receiving Party, the Producing Party and, if different, the Designating Party be unable to resolve the objections, the Receiving Party may seek a hearing before this Court with respect to the propriety of the designation. The Designating Party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as CONFIDENTIAL as provided hereunder. The burden of proving that discovery material is properly designated shall at all times remain with the Designating Party.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. With respect to any discovery material produced by such non-party, the non-party may invoke the terms of this Order in writing to all Parties by designating discovery material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY". Any such protected material produced by the

non-party designated "CONFIDENTIAL" or ""HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be subject to the restrictions contained in this Order and shall only be disclosed or used in a manner consistent with this Order.

14. In the event that any Producing Party inadvertently produces discovery material eligible for designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY without such designation, the Parties agree that the Producing Party may retroactively apply the correct designation. If a Producing Party makes a subsequent designation, the Receiving Party will treat the Protected Material according to the retroactive designation, including undertaking best efforts to retrieve all previously distributed copies from any recipients now ineligible to access the Protected Material.

15. Limitations. Nothing in this Order shall restrict in any way the use or disclosure of CONFIDENTIAL material by a Receiving Party (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that was previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party and, if different, the Designating Party; (e) pursuant to Order of the Court; or (f) for purposes of law enforcement.

16. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT

_____
UNITED STATES DISTRICT JUDGE