UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

-------------------------------------------------X

# DEFENDANT'S COMBINED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL THE PRODUCTION OF DOCUMENTS SUBJECT TO IMPROPER CLAIM OF PRIVILEGE AND SUBJECT TO IMPROPER OBJECTIONS

Laura A. Menninger
HADDON, MORGAN AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

**ARGUMENT**

I. **PLAINTIFF FAILED TO COMPLY WITH HER REQUIREMENT TO CONFER IN GOOD FAITH PRIOR TO FILING MOTIONS TO COMPEL**

Rule 37(a)(1) of the Federal Rules of Civil Procedure mandates that a motion to compel "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (emphasis added) Notwithstanding this Rule, Plaintiff filed two Motions to Compel (Doc. #s 33 and 35), neither of which includes the required certification. More importantly, Plaintiff, in direct contradiction to both the letter and spirit of Rule 37, did not make any effort to confer with Ms. Maxwell's counsel regarding any of the issues presented in her Motions to Compel. This significant deficiency alone warrants the denial of both Motions. *Auto. Club of New York, Inc. v. Port Auth. Of New York & New Jersey*, No. 11 CIV. 6746 RKE HBP, 2012 WL 4791804, at *6 (S.D.N.Y. Oct. 9, 2012) (failure to make any attempts to resolve any specific discovery disputes "alone is a sufficient ground for denying the motion [to compel]"); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.* 96-CV-7590 (DAB)(JCF), 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) ("Ordinarily…a motion to compel must be denied where the parties have failed to meet and confer."); *Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, No. 11-CV-1529 KMW KNF, 2014 WL 3747167, at *5 (S.D.N.Y. July 28, 2014) (same).[1]

The purpose of Rule 37(a)(1) is to encourage the parties to informally resolve discovery disputes in an effort to avoid the unnecessary time and expense of motion

---

[1] Indeed, during the time period in which Plaintiff was drafting her voluminous Motions to Compel, Ms. Maxwell's counsel was busy conferring with Plaintiff's counsel on a number of different discovery disputes, including location of depositions, timing of depositions, a protective order, and Plaintiff's responses to interrogatories. *See generally* Plaintiff's Letter Motion of February 26, 2016, Attachments (filed in contravention of this Court's Individual Practices 1(A), "Copies of correspondence between counsel shall not be sent to this Court."). The product of those conferrals was resolution of many of the parties' issues.

1

practice and formal court hearings. *See* Notes of Advisory Committee on Rules—1993 Amendment. Here, had Plaintiff conferred with Ms. Maxwell prior to filing her motions to compel, several issues could have been resolved without Court intervention. While this list is by no means exhaustive, Ms. Maxwell highlights the following disputed areas that likely could be resolved by a conferral among counsel:

First, Plaintiff argues that the Ms. Maxwell's privilege log is inadequate, in part because she does not assert "that individuals such as Brett Jaffe, Philip Barden, or Martin Weinberg represent her, or that any attorney-client relationship exists between them." (Mot. Compel Priv. at 13). Certainly, court intervention is unnecessary to resolve the question of whether a certain attorney represented Ms. Maxwell at the time claimed in a privilege log entry. Local Civil Rule 26.2 requires that for written communications, a privilege log should include the author of the document, the addressees of the document, and any other recipients and "where not apparent, the relationship of the author, addressees and recipients to each other." Neither the Local Rules nor the Federal Rules require a privilege log to include explanation or proof that an attorney-client relationship existed between an author and recipient of an email. In her log, Ms. Maxwell included the names of the parties to the communication and described the relationship of the parties. For example, in an entry for an email dated January 10, 2015, between Ms. Maxwell and Philip Barden, Esq., Ms. Maxwell described the relationship of the parties as "attorney/client." If Plaintiff needed further clarification regarding that relationship, she could have, and should have, conferred with Ms. Maxwell.[2]

Second, Plaintiff takes issue with Ms. Maxwell's objection to Plaintiff's asserted "Relevant Time Period" of 1999 to the present. (Mot. Compel Imp. Obj. at 4-8). On this issue, while the parties' respective definitions of the Relevant Time Period are currently far apart, it is likely that the parties would be able to reach a compromised limitation for

---

[2] Perhaps Plaintiff needs reminding that she has in her possession, and indeed has filed with this Court, documents reflecting Mr. Jaffe, Mr. Barden and Mr. Cohen's representations of Ms. Maxwell in the course of litigation and other proceedings associated with Plaintiff's allegations. A conferral on this point alone will save the parties' expense in needlessly gathering affidavits from various attorneys and will save the Court's time.

2

many of Plaintiff's requests. Such a compromise would either eliminate the need for court intervention entirely or at the very least, drastically minimize the scope of any potential motion to compel. For example, Plaintiff's Request No. 22 asks for "All documents relating to calendars, schedules or appointments for you from 1999 – present." The overbreadth of this request is obvious. And while this Request may technically yield relevant documents, the Request could also yield such a large volume of unrelated documents that the balance of the production would not be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

<u>Third</u>, the majority of Plaintiff's requests are presumptively overbroad. Plaintiff routinely uses the phrases "all documents relating to" or "relating to" as part of her requests for production of documents. *See, e.g.,* Requests Nos. 1, 3, 6,7, 8, 10, 11, 17, 22, 23, 24, 32 and 33. Where the phrase "relating to" is not employed, Plaintiff uses equally obtuse synonyms such as "reflecting" (Requests Nos. 34, 37) or "associated with." (Request No. 21).

"Relate" is a broad term. *See, e.g.,* WEBSTER'S NEW WORLD DICTIONARY 1198 (2d Coll. Ed. 1986) (defining "relate" to mean, *inter alia,* "to connect or associate, as in thought or meaning; show as having to do with," "to have some connection or relation (to)," and "to have reference (to)"). Courts have condemned the use of "related to" as overbroad and have refused to compel a responding party to answer discovery requests using the term. *See, e.g., Meeker v. Life Care Ctrs. of Am.,* No. 14-CV-02101-WYD-NYW, 2015 WL 4400533, at *4 (D. Colo. July 20, 2015) (denying motion to compel response to interrogatory that required identification of all documents that "relate to" drills or safety security training exercises "over a decade long span," and holding that interrogatory was "facially overbroad, and potentially sweep[s] in incidents that are not proximate in location, time, and may not even be remotely of the "same type"); *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.,* No. CIV. 07-169-DRH, 2008 WL 2074093, at *3 (S.D. Ill. May 14, 2008) ("the court finds that the request to identify 'all documents that refer or relate to each such person's contribution' to be overbroad and unduly burdensome, and sustains the objection to that part of the interrogatory"); *In re Urethane*

*Antitrust Litig.,* No. 04-MD-1616-JWL-DJW, 2008 WL 110896, at *1 (D. Kan. Jan. 8, 2008) (holding that a discovery request is overly broad and unduly burdensome on its face if it uses an "omnibus term" such as "relating to," because "such broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope'"); *Roda Drilling Co. v. Siegal,* No. 07-CV-400-GFK-FHM, 2008 WL 2234652, at *2 (N.D. Okla. May 29, 2008) (finding that "many of the parties' requests for production of documents are overbroad, as they request 'all documents' relating to or concerning a subject"), *reconsideration denied in part*, 2008 WL 3892067 (N.D. Okla. Aug. 14, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999) (holding that challenged discovery request was facially overbroad due to its use of the "omnibus phrase 'relating to'"); *Parsons v. Jefferson-Pilot Corp.,* 141 F.R.D. 408, 412 (M.D.N.C. 1992) ("[b]road and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous").

And, Plaintiff has expanded the dictionary definition of "relate" in her definition section to make any attempt at deciding what documents might fall within the requests impossible.

Respectfully, this is an issue that should be discussed by professional counsel to attempt to craft a meaningful request, if possible. Here, no attempt has been made by Plaintiff to do so.

In light of the many areas in which a compromise could be reached between the parties, Plaintiff cannot claim her attempt to confer with Ms. Maxwell's counsel would have been futile. *C.f. Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6680 PKC JCF, 2013 WL 6283511, at * 3 (S.D.N.Y. Dec. 4, 2013) (recognizing that the merits of a discovery motion may be addressed despite a failure to confer where the papers submitted by the parties "indicate[d] that both sides have dug in-indeed… Ordering the parties to meet and confer is unlikely to resolve these disputes."). Similarly, because this case is in its relatively early stages (Ms. Maxwell has yet to answer the Complaint) there are no temporal exigencies that would require immediate action. *C.f. In re NASDAQ*

4

*Market-Makers Antitrust Litig.,* No. 94 Civ. 3996 (RWS), 1996 WL 187409, at * (S.D.N.Y. April 18, 1996) (J. Sweet) (finding the failure to meet and confer was mitigated by "the imminence of the deadlines for filing of papers relating to the class certification motion…").

## II. PLAINTIFF'S COMPLAINT THAT MS. MAXWELL DID NOT "SUBMIT EVIDENCE" TO SUPPORT HER CLAIMS OF PRIVILEGE IS PREMATURE

In support of her Motion to Compel Documents Subject to Improper Claim of Privilege, Plaintiff argues that Ms. Maxwell failed to satisfy her burden of establishing privilege because she did not submit "competent evidence, usually through affidavits, deposition testimony, or other admissible evidence." Mot. Compel Priv. at 3. This argument is premature.

The established practice in this Court is for the party to challenge an assertion of privilege, after which the burden shifts to the withholding party to come forward with evidence establishing the elements of the applicable privilege or protection. *See Veleron Holding, B.V. v. BNP Paribas SA,* No. 12-CV-5966 CM RLE, 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014) ("Once an assertion of privilege is challenged, the withholding party must 'submit evidence…establishing only the challenged elements of the applicable privilege or protection, with the ultimate burden of proof resting with the party asserting the privilege or protection.'") (*quoting A.I.A. Holdings, S.A. v. Lehman Bros. Inc.*, 97-CV-4978 (LMM), 2002 WL 31385824, at *6 (S.D.N.Y. Oct. 21, 2002)). Indeed, the conferral process is exactly when the burden would shift to the withholding party. Thus, the Motion to Compel should be denied as premature and Ms. Maxwell should be afforded an opportunity to meet her burden.

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court deny Plaintiff's Motions to Compel and order the parties to meet and confer in good faith, as required under Rule 26(a)(1). Ms. Maxwell also respectfully requests permission to refile her response to Plaintiff's Motions in the event the conferral is unsuccessful.

Dated: March 4, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*

Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax:     303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on March 4, 2016, I electronically filed this DEFENDANT'S COMBINED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL THE PRODUCTION OF DOCUMENTS SUBJECT TO IMPROPER CLAIM OF PRIVILEGE AND SUBJECT TO IMPROPER OBJECTIONS with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record including the following:

Sigrid S. McCawley
Boies, Schiller & Flexner, LLP
East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

*/s/Nicole Simmons*