# United States District Court
# Southern District of New York

Virginia L. Giuffre,

    Plaintiff,                    Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

    Defendant.
_____/

**PLAINTIFF, VIRGINIA GIUFFRE'S CONSOLIDATED REPLY IN SUPPORT OF MOTIONS TO COMPEL THE PRODUCTION OF DOCUMENTS SUBJECT TO IMPROPER OBJECTIONS AND IMPROPER CLAIM OF PRIVILEGE**

BOIES, SCHILLER & FLEXNER LLP

David Boies
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Sigrid McCawley (Pro Hac Vice)
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Ellen Brockman
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I. PRELIMINARY STATEMENT ................................................................................1

II. ARGUMENT .............................................................................................................2

    1. Conference Is Futile When A Party Is Stonewalling Discovery. ..................2

    2. This Court Should Reject Defendant's Improper Objections.........................5

    3. This Court Should Grant Plaintiff's Motion To Compel The
       Production Of Documents Subject To Improper Claim Of Privilege. ..........8

CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Aqua Products, Inc. v. Aquaquality Pool & Spa, Inc.*,
  No. CV-05-2538 (DRH) (ARL), 2006 WL 2884913 (E.D.N.Y. Oct. 10, 2006)..........................5

*Egiazaryan v. Zalmayev*,
  290 F.R.D. 421 (S.D.N.Y. 2013)................................................................................................9

*Gibbons v. Smith*,
  No. 01 CIV. 1224 (LAP), 2010 WL 582354 (S.D.N.Y. Feb. 11, 2010) .....................................2

*Graham v. Ortiz*,
  No. 07-CV-1690 (JG)(LB), 2009 WL 4016055 (E.D.N.Y. Nov. 18, 2009) ...............................5

*Metrokane, Inc. v. Built NY, Inc.*,
  No. 06-CIV-14447 (LAK-MHD), 2008 WL 4185865 (S.D.N.Y. Sept. 3, 2008) .......................2

*Ottoson v. SMBC Leasing and Finance, Inc.*
  2015 WL 4597542 (S.D.N.Y. July 30, 2015)..............................................................................7

*Rock Salt Co., LLC v. Norfolk S. Corp.*,
  228 F.R.D. 426 (W.D.N.Y. 2004) ..............................................................................................8

*Safeco Ins. Co. of America v. M.E.S., Inc.*,
  No. 09-CV-3312, 2013 WL 1680684 (E.D.N.Y. Apr. 17, 2013)................................................3

*Stinson v. City of New York*,
  No. 10 Civ. 4228(RWS), 2015 WL 4610422 (S.D.N.Y. July 23, 2015) ............................2, 5, 7

*Time Inc. v. Simpson*,
  No. 02 Civ. 4917, 2002 WL 31844914 (S.D.N.Y. Dec. 18, 2002) .........................................3, 5

*Veleron Holding, B.V. v. BNP Paribas SA*,
  No. 12-CV-5966 CM RLE, 2014 WL 4184806 (S.D.N.Y. Aug. 22, 2014)................................3

**Statutes**

Fed. R. Civ. P. 26 ............................................................................................................................1, 9

Plaintiff Virginia L. Giuffre, by and through undersigned counsel, respectfully submits this Consolidated Reply in Support of her Motion to Compel the Production of Documents Subject to Improper Claim of Privilege and Motion to Compel the Production of Documents Subject to Improper Objections. For the reasons set forth below, this Court should grant Plaintiff's Motions in their entirety.

## I.  PRELIMINARY STATEMENT

It took an Order from this Court to force the Defendant to participate in and begin the discovery process. From the moment this case began, it appears that the Defendant's goal has been obstruction and delay, with the apparent aim of avoiding discovery altogether. The Defendant's opposition brief is the perfect example of this ongoing tactic, because rather than address the merits of her inadequate discovery responses, Defendant relies only on the misguided argument that Ms. Giuffre failed to satisfy a meet and confer obligation. As Ms. Giuffre demonstrates herein, no such requirement existed for these motions, as the Defendant's persistence in avoiding discovery rendered futile any attempt to engage in a meet and confer process.

From the outset of this litigation, the Defendant has consistently sought to avoid any participation in the discovery process. Indeed, Ms. Giuffre served her discovery requests in **October** – it is now **March** and the Defendant has only produced **two (2) e-mails** in response to Ms. Giuffre's discovery requests. This conduct began with a motion to stay all discovery in the case, which this Court denied. Defendant also missed the deadline for filing her Rule 26 disclosures and then waited an additional three months before filing the Rule 26 disclosures.[1] Additionally, when Ms. Giuffre's counsel sought dates for Defendant's deposition, Defendant's counsel responded that her client would not sit for deposition unless Ms. Giuffre agreed to waive future rights in this case. *See* S. McCawley Decl. at Exhibit 1, Letter Brief to Judge Sweet

---

[1] Rule 26(a)(1)(a), Fed. R. Civ. P. requires that parties produce certain discovery ***without awaiting a discovery request***." (Emphasis added).

1

Regarding Defendant's Refusal to Sit for a Deposition. To date, Defendant has still failed to agree to sit for her deposition which was noticed a second time for March 25, 2016. Now, in response to Ms. Giuffre's requests for production, after requesting an additional extension of time to respond, the Defendant submitted wholesale, blanket objections that are facially improper, and moreover, Defendant unilaterally chose to eliminate over three-fourths of the time period of Ms. Giuffre's requests. With these responses, Defendant served a facially overbroad and legally deficient privilege log, where, among other things, she repeatedly asserted attorney-client privilege over communications that did not even involve an attorney. This repeated pattern of avoidance of Defendant's discovery obligations demonstrates the futility of any meet and confer.

Defendant's meet and confer arguments are particularly ironic where, after waiting four months to produce *any* discovery or her initial disclosures (then producing a mere *two e-mails*), her opposition brief does not *offer a single example* of any willingness to reconsider her improper, blanket objections. This Defendant appears to simply not want to participate in the discovery process, and her failure to respond substantively is another effort to delay and prejudice Ms. Giuffre's ability to prosecute her case.

## II. ARGUMENT

### 1. Conference Is Futile When A Party Is Stonewalling Discovery

"[C]ourts have recognized that the meet-and-confer requirement is not a prerequisite to addressing the merits of a discovery motion and that it may be excused where the meet-and-confer would be futile." *Gibbons v. Smith*, No. 01 CIV. 1224 (LAP), 2010 WL 582354, at *2 (S.D.N.Y. Feb. 11, 2010) (granting motion to compel). "[A] court may rule on a motion to compel even where the meet and confer requirement is entirely lacking." *Stinson v. City of New York*, (Sweet, J.), No. 10 Civ. 4228(RWS), 2015 WL 4610422, at *5 (S.D.N.Y. July 23, 2015) (Internal citations omitted) (granting in part motion to compel documents). *See also Metrokane, Inc. v. Built NY,*

*Inc.*, No. 06CIV14447LAKMHD, 2008 WL 4185865, at *3 (S.D.N.Y. Sept. 3, 2008) (granting in part motion for sanctions, finding that a met-and-confer session would have been futile); *See also Time Inc. v. Simpson*, No. 02 Civ. 4917, 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002) (holding that the moving party's failure to satisfy meet and confer requirement does not warrant rejecting its motion). [2]

Similarly, where claims of privilege are in dispute, courts have recognized that there is no "compromise" to be reached as to whether or not a document is privileged. *See Veleron Holding, B.V. v. BNP Paribas SA*, No. 12-CV-5966 CM RLE, 2014 WL 4184806, at *3 (S.D.N.Y. Aug. 22, 2014) ("The principle separating the Parties was not amenable to compromise: either the privilege applied or it did not.") (rejecting argument of failure to meet and confer). *See also Safeco Ins. Co. of America v. M.E.S., Inc.*, No. 09–CV–3312, 2013 WL 1680684, at *4 (noting that "[i]n camera review is 'a practice both long-standing and routine in cases involving claims of privilege.'").

Defendant's current attempt to stall discovery is through the submission of improper, sweeping objections alleging overbreadth of Ms. Giuffre's requests. As Ms. Giuffre demonstrated in her motion, such objections are legally deficient, and the only way to move discovery forward in this matter is to have the Court compel Defendant to produce the responsive documents that Ms. Giuffre properly requested. It is also apparent that the only way Ms. Giuffre will be able to depose Defendant – *the opposing party in this case* - is for this Court to Order her deposition. *See* S. McCawley Decl. at Exhibit 1, Letter Brief to Judge Sweet Regarding Defendant's Refusal to Sit for a Deposition.

Defendant's tactic of stonewalling and delay is the underlying problem, and requiring a meet and confer prior to the Court addressing this conduct would reward Defendant's intransigence. The Complaint was filed September 21, 2015. Defendant's responsive pleading

---

[2] Defendant cites several cases from outside the jurisdiction. None are relevant because the facts and circumstances in those cases make them inapposite as each result turned on specific facts not present here.

was due on October 13, 2015, but Defendant requested a month and a half extension of time until November 30, 2015 to respond to the Complaint. The Court set the parties on a tight discovery schedule with the close of discovery set for July 1, 2016. Ms. Giuffre served her discovery requests on October 27, 2016. Defendant then waited until November 30, 2016, and rather than respond to the discovery, she filed a Motion to Stay discovery which was ultimately denied by the Court on January 20, 2016 (D.E. 28). The Court, in its January 20, 2016 Order, acknowledged that Defendant already had substantial time to respond, noting that "Defendant was served with the request on October 27, 2015 and has therefore had an additional month and a half to digest the requests than is usually permitted by the Federal Rules of Civil Procedure." *See* Order re Motion to Stay Discovery, D.E. 28, at 7. After having delayed through more than half of the discovery period granted by this Court, and after seeking an additional extension of time to respond to discovery, rather than properly respond to Ms. Giuffre's discovery, Defendant stonewalled, lodging a litany of baseless objections including a substantial and unjustified reduction of the date range covered by the requests. Ms. Giuffre's requests were served in October, 2015. It is now March, and Defendant has still failed to adequately respond to discovery.

Defendant has attempted to grant herself a *de fac*to stay in discovery through intentional delay, in contravention of this Court's Order, and the Court must put an end to the gamesmanship. These delay tactics are prejudicing Ms. Giuffre, as despite serving her requests in October of last year, and despite it being less than four months before the discovery cut-off deadline, Defendant has produced exactly two documents and has blocked any path forward in which to take her deposition absent a Court order. *See* D.E. 13.

Courts consistently recognize that no meet and confer obligation exists in such a circumstance, and this Court should reject defendant's attempt at additional procedural delay. "[Meet and confer] requirements are designed to promote efficiency in litigation, and that goal

4

would not be advanced by further delay in resolving these issues on the merits." *See Time Inc. v. Simpson*, No. 02 Civ. 4917, 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002) (holding that the moving party's failure to satisfy meet and confer requirement does not warrant rejecting its motion).[3]

### 2. **This Court Should Reject Defendant's Improper Objections**

Defendant's overbreadth argument is a complete red herring, as Defendant does not -- and cannot -- make the argument that any of the requests constitute an undue burden due to the volume of the responsive documents at issue.[4] Defendant is not a corporation; she is an individual with a single set of emails and related electronic documents that would be responsive. This is not a case where - and Defendant raises no claim that - complying with the document requests would result in an unmanageable number of documents. Instead, Defendant is picking and choosing which documents she will produce, and which documents she will keep hidden. She's not making this determination based on responsiveness, or based on undue burden, but, instead, based on preference. This is impermissible.[5] *See Graham v. Ortiz*, No. 07-CV-1690 (JG)(LB), 2009 WL 4016055, at *1 (E.D.N.Y. Nov. 18, 2009)("Plaintiff does not get to pick and choose what [discovery request] he will comply with"); *Aqua Products, Inc. v. Aquaquality Pool & Spa, Inc.*, No. CV 05-2538 DRH ARL, 2006 WL 2884913, at *1 (E.D.N.Y. Oct. 10, 2006) ("Counsel cannot

---

[3] While defendant argues that Ms. Giuffre's counsel did not confer with her about her deficient discovery responses, Ms. Giuffre's counsel understood the Court's individual practices to not require such a pre-motion conference. Even if Ms. Giuffre's counsel misunderstood the Court's individual practices, Defendant's response proves that such conferral would have been futile because even in the response, Defendant fails to make *any* concessions to her abusive refusal to produce responsive documents.

[4] Defendant communicated neither to Ms. Giuffre nor to the Court that the requests would yield a voluminous or unmanageable number of documents.

[5] "When determining a motion to compel the production of ESI, a district court conducts a two-stage inquiry: first, has the party resisting discovery ***shown that the information in question is not reasonably accessible because of undue cost***, and second, has the party requesting discovery nonetheless shown good cause to obtain it?" *Stinson v. City of New York*, (Sweet, J.) 2015 WL 4610422, at *4 (Emphasis added).

5

pick and choose those documents that they believe satisfies the request; rather, they must provide the plaintiff with all non-privileged responsive documents in their client's possession.")

Most significant is the fact that Defendant unilaterally purports to limit her production, which requested documents from 1999 to the present, to less than a quarter of what is requested, arbitrarily refusing to produce highly relevant discovery.[6] At the same time, she has propounded discovery on Ms. Giuffre for *a longer period of time*: 1998 to the present.[7] Ms. Giuffre sought documents from 1999 to the present because the first part of that period is when she contends convicted sex offender Jeffrey Epstein and Defendant were engaging in sexual trafficking conduct; the later part of that period includes the investigations by law enforcement and the co-conspirator's efforts to coordinate and cover up the abuse that occurred. Therefore, the entire time period is highly relevant to the sexual abuse claims that underlie this defamation action.

Ms. Giuffre outlined in detail in her moving papers, using specific examples, why documents from 1999 to the present are highly relevant to this action. (*See* D.E. 35 at 4-6.) For example, flight logs show Defendant traveling on the convicted sex offender's plane up to at least 2005; police reports in the Palm Beach investigation reveal the abuse occurred into the mid-2000s; victim notification letters were sent in 2008; Defendant dodged a deposition in 2009 to avoid having to answer questions about the abuse of Ms. Giuffre and others; and Defendant continued to communicate with convicted sex offender Jeffrey Epstein until at least 2015. As explained in Ms. Giuffre's Motion to Compel, the abuse underlying this case started in or around

---

[6] Defendant contends she will only produce documents for the month of December 31, 2014 to January 31, 2015 and from 1999 – 2002. Ms. Giuffre requested documents from 1999 to the present.

[7] Specifically, Defendant does not define a "Relevant Period" in her Requests for Production. Instead, she defines the time period within the individual requests, asking for documents from "1998 to the present," "since 1998," "between 1998 and the present," etc. This 1998-present "Relevant Period" applies to Nos. 5, 12, 14, 15, 17, 18, and 35, and many requests have *no date restrictions whatsoever*. *See, e.g.,* Request No. 26, "All Documents concerning any prescription drugs taken by You, including the prescribing doctor, the dates of said prescription, and the dates of any fulfillment of any such prescription." In short, Defendant requests documents from an *even longer* period of time than Ms. Giuffre does.

1999, and Defendant has continued her association with Jeffrey Epstein up until at least 2015, when the defamatory statement was made, as evidenced by her privilege log. *See* McCawley Decl. at Exhibit 2, Maxwell's Privilege Log. Accordingly, Ms. Giuffre has shown good cause for requiring the production of these documents. Indeed, this is not a situation where Defendant does not have responsive documents during that time period. Defendant has admitted she has responsive documents, but is simply refusing to produce the documents. Therefore, based upon the timeline set forth in the moving papers, Ms. Giuffre respectfully requests that this Court direct Defendant to produce responsive documents from 1999 to the present.

Defendant argues that the Requests for Production are "presumptively broad," thus apparently improper, because they employed terms such as "all documents" and "relating to."[8] That is not the law. "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Ottoson v. SMBC Leasing and Finance, Inc.,* (Sweet, J.) 2015 WL 4597542 at * 2 (S.D.N.Y. July 30, 2015) (granting motion to compel) (internal quotations omitted); *Stinson v. City of New York*, (Sweet, J.), 2015 WL 4610422 (S.D.N.Y. July 23, 2015) (granting in part motion to compel production).

---

[8] In her Response, Defendant takes issue with Ms. Giuffre's requests of "all documents" that "relate to" various topics. However, Defendant also seeks from Ms. Giuffre "all documents" in 22 of her discovery requests, and employs the term "relate" in 11 of her discovery requests, including requests such as "[a]ll documents relating to any Communications occurring from 1998 to the present with . . .Sky Roberts," who is Ms. Giuffre's father.

Furthermore, Defendant's own definition of "relate" is expansive. Defendant states "relate," "related," and "relating" "means concerning, referring to, responding to, relating to, pertaining to, connected with, evidencing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting." Defendant's First Set of Discovery Requests to Plaintiff. Notably, her definition also includes the terms "reflecting" and "regarding."

Defendant's Request for Production containing the term "all documents" are Nos. 2, 3, 4, 5, 10, 12, 13, 15,17,18, 21, 23,24, 25, 26, 27, 28, 29, 30, 31, 33, and 36. Defendant's Request for Production containing the term "any documents" are Nos. 9, 33, and 36. Defendant's Request for Production containing the term "relate" or "relating" are Nos. 3, 5, 10, 17, 21, 32, 33, 34, 35, and 36. The Requests for Production containing the word "reflect" or "reflecting" are Nos. 4, 9, 11, 19, 20, 24, 28, 33, 35, and 36.

7

The contention that Ms. Giuffre's Requests for Production are "presumptively overbroad" is also directly refuted by the specific nature of the requests. Indeed, all of Ms. Giuffre's discovery requests with the term "relating to" are linked to specific topics that are highly relevant to this action. For example, Request No. 6 seeks all communications that Defendant had with Sarah Kellen. These documents are critical to this case because Sarah Kellen was questioned at deposition in another action related to Defendant's abuse of minor children, wherein Sarah Kellen invoked her Fifth Amendment Privilege:

> Q. Would you agree with me that Ghislaine Maxwell provides underage girls to Mr. Epstein for sex?
> ***
> A. Upon the instruction of my lawyer, I must invoke my Fifth Amendment privilege.

*See* McCawley Decl. at Exhibit 3, Defendant's Response to Plaintiff's Request for Production of Documents. For another example, Request No. 1 seeks "[a]ll documents relating to communications with Jeffery Epstein from 1999 – Present." These requests go to key issues in this case. Defendant has admitted that she has documents responsive to request for documents that go to the heart of this matter, she is simply refusing to produce them.

Defendant's sweeping "overbroad" objections should be rejected because it is a fundamentally misleading argument in furtherance of Defendant's ongoing goal of delay. *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y. 2004) ("generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable, and will be overruled."). Therefore, this Court should require Defendant to produce the documents she admits to withholding.

3. **This Court Should Grant Plaintiff's Motion To Compel The Production Of Documents Subject To Improper Claim Of Privilege**

There are four key problems with Defendant's privilege log that result in finding of waiver, or at least warrant *in camera* review. First, Defendant attempts to wrongfully claim that the

8

attorney-client privilege shields documents from production as to her communications with non-attorneys (including communications between herself and public relations professional Ross Gow, who was Defendant's press agent who issued the defamatory statements that lie at the heart of this matter). *See* Plaintiff's Motion to Compel Improper Claim of Privilege D.E. 33 at 6-9).

Second, Defendant improperly claims a "common interest" privilege applies to her communications with convicted sex offender – and non-attorney -- Jeffrey Epstein for which no attorney-client privilege applies, thus, precluding the application of the "common interest" privilege. *See Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 434 (S.D.N.Y. 2013) ("communications are protected where there is a disclosure by A to the attorney representing B and vice-versa"). Defendant's communications with her co-conspirator Jeffrey Epstein are not privileged in any way and they are also highly relevant to the claim in this case.

Third, Defendant improperly claims the attorney-client privilege when the communications involved the presence of a third party not involved in providing legal services, such as Ross Gow or Mark Cohen. *See Egiazaryan*, 290 F.R.D. at 431 (finding waiver of attorney-client privilege when the public relations firm participated in attorney-client communications: "[the party] has not shown that [the public relation's firm's] involvement was necessary to facilitate communications between himself and his counsel, as in the case of a translator or an accountant clarifying communications between an attorney and client").

Fourth, as explained in detail in Ms. Giuffre's Motion to Compel (D.E. 33 at 12-14), the descriptions of the communications in the log are inadequate. Every single communication on the log, even those not involving any attorneys, is described as: "Communication re: legal advice." These sparse and unvaried descriptions simply do not comply with Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2(a)(2)(B), the former requiring that "the general subject matter of the communication" be stated in the privilege log. These bare bones descriptions do not

provide sufficient information to support the privilege claims asserted therein, and obviously fail to provide Ms. Giuffre with any ability to challenge those assertions.

Accordingly, this Court should find that Defendant has waived her privilege claim for every entry which describes the subject matter as "Communication re: legal advice," or at the very least, require Defendant to submit the documents in question for *in camera* review to determine whether they are actually subject to any privilege claim. In addition, the Court should direct the production of documents on the privilege log that involve communications between the two non-lawyers.

## **CONCLUSION**

This is a simple, straight-forward case that could stay on the Court's imposed scheduled with a close of discovery in July, 2016 if the Defendant would simply comply in a timely manner with her discovery obligations. Since Defendant has refused to do so, Ms. Giuffre respectfully requests that this Court grant her Motions to Compel Production of Documents Subject to Improper Claim of Privilege and Improper Objections (D.E.'s 33 and 35), and require Defendant to produce the documents she is withholding for the time period of 1999 to the present, to produce the documents listed in her privilege log, or at the very least, conduct an *in camera* inspection to determine whether or not these documents are privileged.

Dated: March 7, 2016

                                                  Respectfully Submitted,

                                                  BOIES, SCHILLER & FLEXNER LLP

                                By: /s/ Sigrid McCawley
                                     Sigrid McCawley (Pro Hac Vice)
                                     Boies, Schiller & Flexner LLP
                                     401 E. Las Olas Blvd., Suite 1200
                                     Ft. Lauderdale, FL 33301
                                     (954) 356-0011

                                     David Boies

Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Ellen Brockman
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com

    /s/ Sigrid S. McCawley
    Sigrid S. McCawley