# EXHIBIT 1

(Pursuant to the Court's Individual Practice Rule 1A, Counsel has removed the Exhibits from the March 3, 2016 Letter to the Court.)

# BOIES, SCHILLER & FLEXNER LLP

Sigrid S. McCawley
E-mail: smccawley@bsfllp.com

March 3, 2016

**Via Facsimile (212) 805-7925**

Honorable Judge Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, New York 10007

Re:   *Giuffre v. Maxwell*
      **Case No. 15-cv-007433-RWS**

Dear Judge Sweet:

We write today in response to Defendant Maxwell's March 2, 2016 letter and to ask the Court to compel the deposition of Defendant Maxwell on March 25, 2016. The discovery issue before the Court regarding Defendant Maxwell's deposition is straightforward, and the Court should order Maxwell to sit for her deposition.

On February 25, 2016, Plaintiff Giuffre first noticed Defendant Maxwell's deposition for March 2, 2016. Due to Defendant's counsel's scheduling conflict, Plaintiff Giuffre tried to resolve the problem by re-noticing the deposition for March 25, 2016, a date for which she understood Maxwell and her counsel were available. Despite this, Defendant's counsel refused to produce Maxwell for deposition unless Ms. Giuffre would respond "acknowledging [her] waiver of the right to take a second deposition based on the filing of the Answer and Counterclaims…To reiterate, I have not accepted the date of March 25, 2016 for my client's deposition *and will not agree to schedule such a deposition* **in the absence of a protective order and your acknowledgment of a waiver as outlined above**." *See* Exhibit A. Ms. Giuffre is simply trying to move discovery forward and respectfully requests that the Court direct Maxwell to sit for her deposition on March 25, 2016.[1] The issue is not "moot," as Maxwell represented in her letter to the Court, because Maxwell is still refusing to sit for her deposition until a Protective Order is entered.

---

[1] This is not the first time that Defendant Maxwell has attempted to avoid a deposition. In the civil actions involving Jeffrey Epstein's crimes, Maxwell represented she could not attend her deposition because she had to leave the country to care for her ill mother and did not anticipate returning. Thereafter, she was photographed in the United States at a high profile wedding. *See* January 13, 2015 Daily Mail article, *Bill Clinton pictured with Jeffrey Epstein's Social Fixer at Chelsea's Wedding AFTER Severing Links With Disgraced Pedophile*.

BOIES, SCHILLER & FLEXNER LLP

Letter to Honorable Judge Robert Sweet
March 3, 2016
Page 2

      The Court should also enter the Protective Order that Ms. Giuffre has recommended. In response to Maxwell's Protective Order demand, Plaintiff provided Maxwell's counsel with a full proposed Order, based on a few revisions to the Order that Maxwell had originally circulated. *See* Exhibit B, February 26, 2016 Email Correspondence. Those revisions reasonably provided necessary parameters to protect from overuse and abuse of the "confidential" designation. Rather than respond to Plaintiff's revisions, Maxwell filed with the Court a Motion for Protective Order and submitted her original Protective Order to the Court [D.E. 38]. Ms. Giuffre is not opposed to the entry of a Protective Order. Ms. Giuffre, however, does ask that the Protective Order include specific language concerning the type of information to be protected and the method for challenging overbroad confidential designations to ensure that the Protective Order is not abused by the Defendant. Ms. Giuffre is setting forth her specific revisions in her Response to Defendant Maxwell's Motion for Protective Order, which will be filed shortly.

      Finally, with respect to Maxwell's concluding remarks, Ms. Giuffre first sent her request for Maxwell's deposition of February 5, 2016. To date, Maxwell has still not agreed to sit for her deposition. In contrast, on February 20, 2016, Maxwell's counsel requested dates for Plaintiff's deposition to take place in mid-April. Plaintiff corresponded that she was conferring with her client regarding the proposed dates and would respond with a specific date.

      Accordingly, Plaintiff Giuffre respectfully requests that the Court direct Maxwell to sit for her deposition on March 25, 2016. To the extent the Court is not able to resolve the Protective Order matter prior to Maxwell's deposition on March 25, 2016, Plaintiff will agree to treat the entire transcript as confidential until such a time as the Court enters the Protective Order. A Proposed order to this effect is attached. *See* Exhibit C, Proposed Order Granting Plaintiff's Motion to Compel Defendant's Deposition on March 25, 2016. Ms. Giuffre also agrees to sit for her deposition in mid-April, after Maxwell's deposition, at a date that is mutually convenient for the parties.

      Respectfully,

      Sigrid S. McCawley, Esq.

SSM/ep
Enclosure

cc:    Laura A. Menninger, Esq. *(via facsimile 303-832-2628)*