UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

**15-cv-07433-RWS**

---------------------------------------------------X

# DEFENDANT'S REPLY IN FURTHER SUPPORT OF
# MOTION FOR PROTECTIVE ORDER

Laura A. Menninger
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

    I.   PLAINTIFF'S PROPOSED ORDER IS INADEQUATE AND CONTRARY TO FED. R. CIV. P. 26 ............................................................................................................ 3

        A.   The Proposed Opening Paragraph and the Purposes and Limitations Paragraph are Based on False Premises ................................................................. 3

        B.   The Proposed Changes to Paragraph 3 are Unnecessary ......................................... 4

        C.   The Proposed Changes to Paragraph 4 Gut the Protective Order ............................ 5

        D.   The Proposed Changes to Paragraph 5 Make the Order Unenforceable .................. 6

        E.   Adopting the Proposed Changes to Paragraph 11 Would Make the Disclosure Process Cumbersome and Unpredictable ................................................................ 7

        F.   Proposed Paragraph 13 Adds Another Layer of Unnecessary Uncertainty .............. 7

        G.   Proposed Paragraph 14 Should Be Subject to a Reasonable Time Limitation ........ 8

        H.   Paragraph 15 Fails for the Same Reasons as Paragraph 5 ....................................... 8

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

*Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 295 (2d Cir. 1979) .......................................... 2

*Seattle Times Company v. Rhinehart,* 467 U.S. 20, 35 (1984) ......................................................... 2

*Securities and Exchange Commission v. Gilbert*, 79 F.R.D. 683 (S.D.N.Y. 1978)......................... 3

*United States v. Hines*, 110 A.F.T.R.2d 2012-6363, 2012 WL 5182910 (E.D.N.Y. Oct. 17, 2012)
 ................................................................................................................................................. 3

*United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) .................................................. 3

## INTRODUCTION

Plaintiff's response to a routine request for a plain vanilla protective order is both disturbing and revealing. It is disturbing because Plaintiff incorrectly and disingenuously attempts to re-cast the history of discovery issues in this case to support her equally disingenuous "non-protective" order. Revealing, because the "non-protective" order proposed by Plaintiff exposes her true motives: First, her continued desire to use this Court and the discovery process to promote her fantastical story to the media; second, her tactical plan to bully potential witnesses into silence by inappropriate threat of criminal prosecution. The Court should reject the "non-protective" order proposed by Plaintiff and enter the reasonable, and enforceable, order submitted by Ms. Maxwell.

**The True Facts**

Plaintiff, on February 4, 5 and 12, 2016, unilaterally and without conferral noticed a number of depositions in Florida and New York to occur shortly after the notices were served. It would have been obvious to any experienced trial lawyer that it was unlikely, given the short time frame, lack of notice, and significant travel, that opposing counsel would not be available on dates chosen without conferral in contravention of this Court's Local Rule 26.4. Not surprisingly, Counsel for Ms. Maxwell was unavailable on the dates unilaterally selected by Plaintiff.

Counsel for Ms. Maxwell attempted to have a professional conversation about an orderly discovery plan and, contemporaneously with that request, on February 12, suggested that the parties present a stipulated motion for protective order to the Court. Counsel for Ms. Maxwell received no response to this request and, accordingly, on February 20, sent a draft of a protective order to Plaintiff. This draft was, at first, ignored. When pressed, Plaintiff provided a revised

protective order that contains traps and loopholes rendering it meaningless.  Thus, Ms. Maxwell was forced to file her request for a protective order with the Court.

Ms. Maxwell has a real need for a protective order in this case.  Plaintiff and her counsel have made numerous statements to the media about Ms. Maxwell and others.  Plaintiff, in this matter, has repeatedly attached transcripts from unrelated matters, news articles about public figures, material obtained from government investigations, and discovery obtained in other cases to her hyperbolic pleadings. These attachments appear to be directed at the media as they have no real relation to any issues before the Court.  The attachments are simply a mechanism to make information available to the media in the hope of generating publicity.   Likewise, and in contravention of this Court's Practice Standards 1(A), Plaintiff attaches correspondence between counsel while misrepresenting the facts relating to those communications.

**The Law**

Under Rule 26(c) of the Federal Rules of Civil Procedure any party may move the court, for good cause shown, for a protective order regarding pretrial discovery "which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R.Civ.P. 26(c). "Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Company v. Rhinehart,* 467 U.S. 20, 35 (1984).

Confidentiality orders are intended "to 'secure the just, speedy, and inexpensive determination' of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant." *Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 295 (2d Cir. 1979). Unless protective orders are "fully and fairly enforceable," persons relying upon such orders will be inhibited from providing essential testimony and information in civil litigation, "thus

undermining a procedural system that has been successfully developed over the years for disposition of civil differences." *Id.*

## ARGUMENT

### I. PLAINTIFF'S PROPOSED ORDER IS INADEQUATE AND CONTRARY TO FED. R. CIV. P. 26

#### A. The Proposed Opening Paragraph and the Purposes and Limitations Paragraph are Based on False Premises

The "Opening Paragraph" of Plaintiff's proposed protective order falsely claims that she is a victim, other witnesses are victims, and Ms. Maxwell is a perpetrator. Thus, according to Plaintiff, the language of a standard, neutral, protective order must be changed to accommodate only those claiming to be victims and not those falsely accused. Plaintiff cites no authority for this proposal which is inapposite to Fed. R. Civ. P. 26 and the law of this Circuit. It is a regular practice for courts to include language in protective orders that protect the interests of parties and witnesses who may be accused of crimes. *See, e.g., Martindell*, *supra*; *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (acknowledging that the district court had entered a protective order prohibiting the use of the claimant's "deposition transcript, interrogatory answers and affidavit in any criminal proceeding brought against him by the United States Attorney for the District of Massachusetts," with certain exceptions); *Securities and Exchange Commission v. Gilbert*, 79 F.R.D. 683, 687 (S.D.N.Y. 1978) (ordering the SEC "not to furnish the U.S. Attorney specially with any information procured in the course of discovery in this case"). Protective orders can also serve as "an accommodation to defendants that are entitled to assert their Fifth Amendment rights in a civil lawsuit involving the government." *United States v. Hines*, 110 A.F.T.R.2d 2012-6363, 2012 WL 5182910, at *4 (E.D.N.Y. Oct. 17, 2012). The Eastern District of New York discussed "the intersection of a court's power to issue a protective

3

order prohibiting the use of discovery obtained in a civil litigation in other proceedings, and a party's constitutional right to assert the Fifth Amendment privilege …." *Id.* at *3. The court held, in part, that the magistrate judge had not erred by issuing a protective order "despite the potential burden it may place on the government's ability to bring parallel civil and criminal proceedings …." *Id.* at *7.

Plaintiff quibbles with the language describing the information to be protected, claiming that it is "overbroad." This language, however, is not Defendant's creation, it is taken almost verbatim from Fed. R. Civ. P. 26(c)(1) which states: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…."

Plaintiff proposes a Purposes and Limitations revision to include a "good faith" certification. Counsel for Ms. Maxwell understand their professional obligations under the Rules of Civil Procedure and the Rules of Professional Conduct. They have and will act pursuant to those rules. No such provision is needed to regulate the conduct of Ms. Maxwell's lawyers.

### B. The Proposed Changes to Paragraph 3 are Unnecessary

Plaintiff takes exception to the use of the word "implicates" and substitutes "covered by" and then proceeds to provide her own definition of "covered by" which cannot be found in any dictionary. In fact, use of the colloquial phrase "covered by" is imprecise and subject to many interpretations as the word "covered" has, depending on the dictionary, 13 to 14 definitions including defining a sexual act between horses. *See, e.g.* "Cover," *Merriam-Webster Online Dictionary*, 2015 ed., available at www.merriam-webster.com/dictionary/cover (last accessed March 9, 2016); *see also* "Cover," *Cambridge Dictionaries Online*, 2016 ed., available at dictionary.cambridge.org/us/dictionary/English/cover (last accessed March 9, 2016). Implicates,

4

on the other hand, is easily understood and means: to involve as a consequence, corollary, or natural inference. "Implicate," *Merriam-Webster Online Dictionary*, 2015 ed.

Plaintiff wants to add the phrase "or any non-party that was subject to sexual abuse." The obvious question raised by this proposal is: According to whom? Will the parties be able to challenge the claim of the non-party that the individual was "subject to sexual abuse." The protective order proposed by Ms. Maxwell covers this problem by allowing either party to designate information as confidential. Under Ms. Maxwell's proposal if the Plaintiff wanted to designate the information of a non-party as confidential she could, without any "sexual abuse" qualifier.

### C. The Proposed Changes to Paragraph 4 Gut the Protective Order

Paragraph 4 provides: "Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case." Plaintiff suggests adding: "and any related matter, including but not limited to, investigations by law enforcement." The use of the slippery phrase "and any related matter, including but not limited to" makes any order meaningless. With this language Plaintiff would be free to claim anything is a "related matter" and disseminate confidential information to anyone.

As discussed above, protection from government investigations is a valid and "vital function" of a protective order under F.R.C.P. 26(c). *Martindell, supra,* at 295. Given that the allegations relating to Plaintiff's claims, depending on the version, occurred over a decade ago, the likelihood of any prosecution related to Plaintiff, as an alleged victim, appears unlikely. However, Plaintiff seems to want the specter of some theoretical prosecution to hang over this case as a scare tactic. A witness adverse to Plaintiff would be reluctant to testify and may be bullied into asserting a Fifth Amendment privilege to avoid the potential of information being forwarded to a prosecutor by the Plaintiff or her lawyers.

## D. The Proposed Changes to Paragraph 5 Make the Order Unenforceable

Plaintiff proposes to dilute the enforceability of the order by adding the following to the list of people who can lawfully possess the information: "(h) any person (1) who authored or received the particular Protected Material; (2) who has or had at any point in time access to the Protected Material outside of the context of this action; or (3) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material; and (j) any other person by written agreement of the parties or by Order of a Court of competent jurisdiction."

Proposed subjection (h)(1) seems to apply to anyone who is the recipient of the Protected Material. Thus, an email or postage stamp renders the order meaningless. Plaintiff's (h)(2) makes it virtually impossible for an aggrieved party to enforce the order because the person in possession of the Protected Material simply has to claim that they, at any point in time, "had access to" the Protected Material. "Access to" is a very broad term. A burglar has "access to" an unprotected house. A hacker has "access to" an unprotected computer. Simply because someone has "access to" something does not confer the right to have it. And, it would be time consuming, expensive, and likely futile to attempt to prove when someone did, or did not, have "access to" the material.

Subsection (h)(3) further muddies Plaintiff's murky swamp of disclosure. If Plaintiff or her lawyers have a "good faith basis to conclude" that someone has either "received" (and apparently not looked at) or "seen" (which would imply receipt followed by viewing) Plaintiff or her lawyers can disseminate Protected Material to that person. Seemingly, if either Plaintiff or her lawyers are tricked by someone in the press or otherwise and have a "good faith" but

6

mistaken "basis to conclude" that the reporter has at some time "received" or "seen" the material they are free from sanctions.

> E. **Adopting the Proposed Changes to Paragraph 11 Would Make the Disclosure Process Cumbersome and Unpredictable**

As originally proposed, paragraph 11 provides for a very straightforward and predictable process: a party designates information that she deems confidential as such; the other party can object, in writing, to the designation. If the parties can resolve the disagreement within 10 days it is resolved without Court intervention. If not, it is incumbent on the objecting party to file a motion asking for the Court's assistance in resolving the matter.

Plaintiff's proposal, however, allows an unlimited amount of time to object to a confidentiality designation. Invariably, this will lead to some attempt to game the process by delaying the objection process. Moreover, if something is designated as confidential and the parties rely on that designation it would be inappropriate to then, potentially months after the fact, litigate the designation. This proposal results in sloppy work and an unreliable process. In addition, Plaintiff in her proposed paragraph 11 has injected a new category of designation, "highly confidential-attorneys' eyes only." It is unclear why this designation would apply in this case and this designation, if appropriate, should be subject to a different, more individualized process. And, the "highly confidential" documents are not referenced in paragraph 12. Presumably these types of documents would be destroyed at the conclusion of the case.

> F. **Proposed Paragraph 13 Adds Another Layer of Unnecessary Uncertainty**

Ms. Maxwell's proposed protective order does not limit any party's ability to restrict documents. Accordingly, should Plaintiff or Ms. Maxwell believe that a non-party's deposition contains confidential information either party is free to designate it as such. If neither of the

7

parties believed that the information should be afforded confidential treatment it makes no sense for a non-party to, apparently at any time, request confidential treatment. If a non-party has a particular interest that is inconsistent with that of the parties they are free to request a separate protective order that addresses that concern.

### G.     Proposed Paragraph 14 Should Be Subject to a Reasonable Time Limitation

Ms. Maxwell does not object to the addition of a provision that allows either party to claw back documents inadvertently not designated as Confidential. However, without any restriction as to the time each party has to exercise this right, the burden on the receiving party of "undertaking best efforts to retrieve all previously distributed copies from any recipients now ineligible to access the Protected Material" can become unreasonably onerous. Ms. Maxwell thus proposes that paragraph 14 be modified to require that the producing party be given a reasonable time, not to exceed thirty days, to claw back any inadvertently undesignated document.

### H.     Paragraph 15 Fails for the Same Reasons as Paragraph 5

Paragraph 15 is a restatement of Plaintiff's proposed changes to paragraph 5 and fails for the same reasons.

## CONCLUSION

The Orders of a United States District Court Judge should be understandable and enforceable. The language proposed by Plaintiff renders the Protection Order neither. The Protective Order offered by Ms. Maxwell is neutral, understandable, and enforceable. It is the type of order routinely entered in U.S. District Courts and should be entered in this case.

Dated: March 9, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorney for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

I certify that on March 9, 2016, I electronically served this *DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION FOR PROTECTIVE ORDER* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

*/s/ Nicole Simmons*
Nicole Simmons