UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

## ANSWER

Defendant Ghislaine Maxwell, through her attorneys Haddon, Morgan & Foreman, P.C., answers the Complaint as follows:

## Introduction

1. Ghislaine Maxwell did not participate in, facilitate, manage or otherwise conspire to commit sex trafficking as alleged by Plaintiff Virginia Roberts Giuffre ("Giuffre"). Giuffre's unsubstantiated allegations concerning Ms. Maxwell are false. Giuffre's fantastical claims, contained in news stories and press-releases masquerading as legal pleadings over the last five years have been well-crafted with the assistance of high-priced attorneys to facilitate Giuffre's media exposure, to enhance her marketability, to extract financial gain for herself and her family, and to promote her sham non-profit, Victims Refuse Silence, Inc.

2. No law enforcement agency pursued any criminal charges against Ms. Maxwell, even after both federal and state investigators fully scrutinized Ms. Maxwell's one-time

employer, Jeffrey Epstein, who was jailed for soliciting underage prostitution.  No court or jury has ever determined Ms. Maxwell responsible for any criminal conduct against Giuffre or anyone else.  No civil complaint has ever been lodged against Ms. Maxwell for sexual misconduct nor abuse nor has she settled privately any private claims for such.  Indeed, no other person has ever made any claim of any sort against Ms. Maxwell.

3. Rather, Giuffre fabricated a story of abuse at the hands of Ms. Maxwell in exchange for hundreds of thousands of dollars from British tabloids with a motive for selling papers and advertisements and without regard for truth, veracity or substantiation.  The more time that passes and the more potential for monetary gain she and her attorneys perceive, the more Giuffre's story, like Pinocchio's nose, continues to grow without limitation:  more and more famous people, more lurid accounts of tawdry sexual encounters, and more exploitive circumstances.  Giuffre's stories have proven wildly contradictory and, even by her own words, have been definitively proven untrue.

4. Giuffre published her false allegations and accusations about Ms. Maxwell in tabloids and in media interviews and then in press-releases disguised as legal pleadings which she shared with the press.  Faced with unrelenting negative press and harassment by the media in the United Kingdom spurred by Giuffre's false claims, Ms. Maxwell was obligated by British law to set the record straight and to defend herself by issuing a denial of Giuffre's claims about her and pointing out that her more fantastical stories contained obvious lies.

5. Giuffre filed this defamation action against Ms. Maxwell for financial and media gain and for her 15 minutes of fame.  Ms. Maxwell submits this Answer to Giuffre's unsubstantiated Complaint in order to seek vindication from Giuffre's vicious lies and improper abuse of this country's judicial system.

## NATURE OF THE ACTION[1]

1.  Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 1.

## JURISDICTION AND VENUE

2.  Paragraph 2 contains legal conclusions for which no response is required. To the extent the Court determines a response is required, Ms. Maxwell denies knowledge or information sufficient to form a belief as the allegations in paragraph 2.

3.  Ms. Maxwell admits the allegations concerning her residency. Ms. Maxwell is without knowledge or information sufficient to form a belief as to Plaintiff's residency. Ms. Maxwell denies that the amount in controversy exceeds $75,000. The remaining allegations are legal conclusions for which no response is required. To the extent the Court determines a response is required, Ms. Maxwell denies knowledge or information sufficient to form a belief as the allegations in paragraph 3.

4.  Ms. Maxwell admits the allegations concerning her residency and denies the remaining allegations in Paragraph 4.

5.  Paragraph 5 contains legal conclusions for which no response is required. To the extent the Court determines a response is required, Ms. Maxwell denies knowledge or information sufficient to form a belief as the allegations in paragraph 5.

---

[1] Because Plaintiff's Complaint repeats paragraph numbers throughout, this Answer tracks the headings and paragraph numbers contained therein to facilitate cross-reference between the two documents.

## PARTIES

6. Ms. Maxwell is without knowledge or information sufficient to form a belief as to Plaintiff's residency.

7. Ms. Maxwell admits that she is not a citizen of the state of Colorado and admits that she was domiciled in the Southern District of New York at the time this action commenced.

## FACTUAL ALLEGATIONS

8. Ms. Maxwell denies the allegations contained in Paragraph 8.

9. Ms. Maxwell denies the allegations contained in Paragraph 9.

10. Ms. Maxwell denies the allegations contained in Paragraph 10.

11. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11.

12. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12.

13. Ms. Maxwell denies that she was a co-conspirator of Epstein and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13.

14. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14.

15. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15.

16. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16.

17. Ms. Maxwell admits that Virginia Roberts made allegations about Ms. Maxwell in a lawsuit she instituted against Jeffrey Epstein. Ms. Maxwell is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17.

18. Ms. Maxwell admits that Virginia Roberts made allegations about Ms. Maxwell in a lawsuit she instituted against Jeffrey Epstein but denies the allegations contained in Paragraph 18, including that allegation that she engaged in any sex trafficking or any recruiting of any minor for purposes of sexual crimes.

19. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19.

20. Ms. Maxwell admits that her attorney received a document entitled "subpoena" in connection with some litigation against Mr. Epstein. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 20.

21. Ms. Maxwell admits that her then 89 year old mother was very ill in 2010 and that she traveled to the United Kingdom to help with her care. Ms. Maxwell denies the remaining allegations contained in Paragraph 21.

22. Ms. Maxwell denies that she committed or participated in any sexual abuse. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22.

23. Ms. Maxwell denies that Giuffre was a victim of sexual trafficking or abuse insofar as those allegations relate to Ms. Maxwell and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 23.

24. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24.

25. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25.

26. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26.

27. Ms. Maxwell admits that Ms. Giuffre made false allegations about her in a motion filed in the United States District Court for the Southern District of Florida that were stricken by that Court as "impertinent and immaterial" and Ms. Maxwell denies those allegations.

28. Ms. Maxwell denies the allegations contained in Paragraph 28.

29. Ms. Maxwell denies the allegations contained in Paragraph 29.

30. Ms. Maxwell denies the allegations contained in Paragraph 30, including the allegations in sub-paragraphs 30 (a) – (c).

31. Ms. Maxwell denies the allegations contained in Paragraph 31.

32. Ms. Maxwell denies the allegations contained in Paragraph 32.

33. Ms. Maxwell denies the allegations contained in Paragraph 33.

34. Ms. Maxwell denies the allegations contained in Paragraph 34.

35. Ms. Maxwell denies the allegations contained in Paragraph 35.

36. Ms. Maxwell denies the allegations contained in Paragraph 36.

37. Ms. Maxwell admits that she made a verbal statement to a reporter in Manhattan on or about January 4, 2015 after the reporter accosted her outside her home with a camera, in which she referenced the statement that had been made and declining further questions. The video speaks for itself. Ms. Maxwell denies the remaining allegations in Paragraph 37.

# COUNT 1: DEFAMATION

1. Ms. Maxwell restates all of the foregoing answers contained in paragraphs 1-37 above. Ms. Maxwell denies that she or her representatives made any defamatory statements. To the extent paragraph 1 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent the Court determines a response is required, Ms. Maxwell denies knowledge or information sufficient to form a belief as the allegations in paragraph 1. Ms. Maxwell denies the remaining factual allegations contained in Paragraph 1.

2. Ms. Maxwell denies the allegations contained in Paragraph 2.

3. Ms. Maxwell denies the allegations contained in Paragraph 3.

4. Ms. Maxwell denies the allegations contained in Paragraph 4.

5. Ms. Maxwell denies that she or Mr. Ross Gow made any defamatory statement. To the extent Paragraph 5 states conclusions or characterizations of the law, no response is required. Ms. Maxwell otherwise denies the legal conclusions contained in Paragraph 5.

6. Ms. Maxwell denies that she or Ross Gow made any defamatory statement. To the extent Paragraph 6 states conclusions or characterizations of the law, no response is required.

7. Ms. Maxwell denies that she or Ross Gow made any defamatory statement. To the extent Paragraph 7 states conclusions or characterizations of the law, no response is required.

8. Ms. Maxwell denies the allegations contained in Paragraph 8.

9. Ms. Maxwell denies the allegations contained in Paragraph 9.

10. Ms. Maxwell denies the allegations contained in Paragraph 10.

11. Ms. Maxwell denies the allegations contained in Paragraph 11.

12. Ms. Maxwell admits that Plaintiff lied about being recruited by Maxwell and lied about being sexually abused by Maxwell. Ms. Maxwell otherwise denies the allegations contained in Paragraph 12.

13. Ms. Maxwell admits that Plaintiff lied about specific facts. Ms. Maxwell denies that she made any false or defamatory statements. Ms. Maxwell is without information or knowledge sufficient to form a belief as to what other persons understood. Ms. Maxwell otherwise denies the allegations contained in Paragraph 13.

14. Ms. Maxwell denies that Giuffre's public description of factual events was true and therefore denies that her own statements were false. Ms. Maxwell is without information or knowledge sufficient to form a belief as to what other persons understood.

15. Ms. Maxwell denies the allegations contained in Paragraph 15.

16. Ms. Maxwell denies the allegations contained in Paragraph 16.

17. Ms. Maxwell denies that her own statements were false. Ms. Maxwell denies the remaining allegations and legal conclusions contained in Paragraph 17.

18. Ms. Maxwell denies the allegations contained in Paragraph 18.

19. Ms. Maxwell denies the allegations contained in Paragraph 19.

20. Ms. Maxwell denies the allegations contained in Paragraph 20.

21. Ms. Maxwell denies the allegations contained in Paragraph 21.

22. As to all the entire Complaint, Ms. Maxwell denies any allegation not specifically admitted.

## AFFIRMATIVE DEFENSES

23. The Complaint fails to state a claim upon which relief could be granted.

24. Plaintiff's claims may be barred by the statute of limitations.

25. Plaintiff's claims are barred by the "single publication" rule.

26. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) were constitutionally protected opinions.

27. Plaintiff's claims are barred in whole or in part by the United Kingdom's Defamation Act of 2013.

28. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) were non-defamatory statements of fact.

29. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) were protected by the self-defense privilege.

30. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) were protected by qualified or conditional privileges.

31. Plaintiff's claims are barred because she is a public figure and unable to prove that Ms. Maxwell acted with "actual malice."

32. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) were substantially true.

33. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) constituted "fair comment."

34. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) cannot realistically have caused impairment to Plaintiff's reputation.

35. This Court lacks subject matter to adjudicate Plaintiff's claims because they do not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

36. Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent (if any) did not cause or contribute to any damages suffered by Plaintiff.

37. To the extent Plaintiff suffered an injury, she failed to take reasonable, necessary, appropriate and feasible steps to mitigate her alleged damages, and to the extent of such failure to mitigate, she should be barred from recovering some or all of the alleged damages she seeks.

38. Plaintiff's damages, if any, are the proximate result of intervening causes, pre-existing medical and mental conditions of Plaintiff, and/or causes that occurred without knowledge or participation of Ms. Maxwell and for which Ms. Maxwell is not responsible.

39. Plaintiff's damages, if any, were the result of her own conduct or the conduct of others and were not proximately caused by any action of Ms. Maxwell.

40. Plaintiff voluntarily or negligently assumed a known risk.

41. Plaintiff's claims are barred, in whole or in part, by the affirmative defenses of waiver, estoppel, laches, and/or unclean hands.

**JURY DEMAND**

Ghislaine Maxwell demands a jury trial.

WHEREFORE, Defendant Ghislaine Maxwell demands judgment as follows:

A. That Plaintiff Virginia Giuffre take nothing by way of her Complaint;

B. That the Complaint be dismissed *with prejudice*;

C. That Judgment be entered in favor of Defendant Ghislaine Maxwell and against Plaintiff Virginia Giuffre;

D. That Defendant Ghislaine Maxwell be awarded her costs and fees in this action, including reasonable attorneys' fees and pre- and post-judgment interest; and

E. All other such relief as this Court deems just and proper.

Dated: March 14, 2016

                                            Respectfully submitted,

                                            */s/ Laura A. Menninger*
                                            Laura A. Menninger (LM-1374)
                                            HADDON, MORGAN AND FOREMAN, P.C.
                                            150 East 10th Avenue
                                            Denver, CO 80203
                                            Phone:   303.831.7364
                                            Fax:     303.832.2628
                                            lmenninger@hmflaw.com

                                            *Attorney for Ghislaine Maxwell*

# CERTIFICATE OF SERVICE

I certify that on March 14, 2016, I electronically served this *Answer* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

                                            */s/ Nicole Simmons*
                                            Nicole Simmons