# EXHIBIT 11
# PART 1

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CIV-80119-MARRA/JOHNSON

JANE DOE NO. 2,
        Plaintiff,
-vs-              VOLUME I OF III
JEFFREY EPSTEIN,
        Defendant.
_____/

Related cases:
08-80232, 08-08380, 08-80381, 08-80994
08-80993, 08-80811, 08-80893, 09-80469
09-80591, 09-80656, 09-80802, 09-81092
_____/

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

Page 2

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO. 502008CA028058XXXXMB AD

E.W.,
        Plaintiff,
-vs-              VOLUME I OF III
JEFFREY EPSTEIN,
        Defendant.
_____/

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

Page 3

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO. 502008CA028051XXXXMB AB

L.M.,
        Plaintiff,
-vs-              VOLUME I OF III
JEFFREY EPSTEIN,
        Defendant.
_____/

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

Page 4

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE No.502008CA037319XXXXMB AB

B.B.,
        Plaintiff,
-vs-              VOLUME I OF III
JEFFREY EPSTEIN
AND SARAH KELLEN,
        Defendants.
_____

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

1 (Pages 1 to 4)

Page 5

```
1    APPEARANCES:
2    On behalf of the Plaintiffs, B.B.:
3        SPENCER T. KUVIN, ESQUIRE
         LEOPOLD KUVIN
4        2925 PGA Boulevard
         Suite 200
5        Palm Beach Gardens, Florida  33410
         Phone: 561.515.1400
6
7    On behalf of the Plaintiffs, L.M., E.W. and
     Jane Doe:
8
9        MATTHEW WEISSING, ESQUIRE
         FARMER, JAFFE, WEISSING, EDWARDS
10       FISTOS & LEHRMAN, P.L.
         425 North Andrews Avenue
11       Suite 2
         Fort Lauderdale, Florida  33301
12       Phone: 954.524.2820
13   On behalf of Jane Does 1 through 8:
14       ADAM D. HOROWITZ, ESQUIRE
         MERMELSTEIN & HOROWITZ, P.A.
15       18205 Biscayne Boulevard
         Suite 2218
16       Miami, Florida  33160
         Phone: 305.931.2200
17       E-mail: Ahorowitz@sexabuseattorney.com
18   On behalf of the Plaintiffs, 101, 102 and 103:
19       KATHERINE W. EZELL, ESQUIRE
         AMY JOSEFSBERG EDERI, ESQUIRE
20       PODHURST ORSECK
         25 West Flagler Street
21       Suite 800
         Miami, Florida  33130
22       Phone: 305.358.2800
23       (Via telephone)
24
25
```

Page 6

```
1    Appearances continued...
2    On behalf of the Plaintiff, Jane Doe II:
3        ISIDRO MANUEL GARCIA, ESQUIRE
         GARCIA, ELKINS & BOEHRINGER
4        224 Datura Avenue, Suite 900
         West Palm Beach, Florida  33401
5        Phone: 561.832.8033
6
7    On behalf of the Defendant:
8        JACK ALAN GOLDBERGER, ESQUIRE
         ATTERBURY, GOLDBERGER & WEISS, P.A.
9        250 Australian Avenue South
         Suite 1400
10       West Palm Beach, Florida  33401-5012
         Phone: 561.659.8300
11
12
13   On behalf of the Witness:
14       BRUCE E. REINHART, ESQUIRE
         LAW OFFICE OF BRUCE E. REINHART
15       One Clearlake Center
         250 South Australian Avenue, Suite 1400
16       West Palm Beach, Florida  33401
         Phone: 561.202.6360
17
18
19
20   ALSO PRESENT:
21   Jessica Cadwell, Paralegal
     Burman, Critton, Luttier & Coleman, P.A.
22   Joseph Kozak, Videographer
     Prose Court Reporting Services
23
24
25
```

Page 7

```
1
2                   I N D E X
3                   - - -
4
5    EXAMINATION    DIRECT   CROSS   REDIRECT
6
     SARAH KELLEN
7
     BY MR. KUVIN        9
8
9
10                  E X H I B I T S
11                  - - -
12
13   EXHIBIT      DESCRIPTION        PAGE
14
15   PLAINTIFF'S EX. 1  PHOTO      16
     PLAINTIFF'S EX. 2  JEGE, INC.,  24
16   PLAINTIFF'S EX. 3  HYPERION AIR, INC.,
                        PASSENGER MANIFEST
17   PLAINTIFF'S EX. 6  PHOTO      63
     PLAINTIFF'S EX. 7  PHOTO      65
18   PLAINTIFF'S EX. 8  PHOTO      68
     PLAINTIFF'S EX. 9  PHOTO      71
19   PLAINTIFF'S EX. 10 PHOTO      100
     PLAINTIFF'S EX. 11 PHOTO      101
20   PLAINTIFF'S EX. 12 PHOTO      103
     PLAINTIFF'S EX. 4  PHONE MESSAGE PADS
21   PLAINTIFF'S EX. 5  CELLPHONE RECORDS
     PLAINTIFF'S EX. 13 PHOTO      144
22
23
24
25
```

Page 8

```
1              P R O C E E D I N G S
2                   - - -
3        THE VIDEOGRAPHER:  We are now on video
4    record.  This is Media No. 1 in the videotaped
5    deposition of Sarah Kellen in the matter of
6    Jane Doe versus Jeffrey Epstein, et al.  Today
7    is Wednesday, March 24th, 2010.  It is
8    10:36 a.m.  We are here at Prose Court
9    Reporting, 250 South Australian Avenue, West
10   Palm Beach, Florida.
11       My name is Joe Kozak.  I'm the
12   videographer.  The reporter is Cindy
13   Hopkins from Prose Court Reporting Agency.
14       Would counsel please introduce
15   yourselves, and then the court reporter
16   will swear in the witness.
17       MR. KUVIN:  Good morning.  Spencer Kuvin
18   on behalf of one of the Plaintiffs.
19       MR. HOROWITZ:  Adam Horowitz on behalf of
20   Jane Does 2 through 8.  And just for the record
21   purposes, the deposition is also being taken in
22   the federal cases, I believe, case being
23   Jane Doe 2 versus Jeffrey Epstein.
24       MR. WEISSING:  Matt Weissing on behalf of
25   three of the Plaintiffs.
```

Page 9

1      MR. GARCIA:  Sid Garcia for Jane Doe,
2   Roman Numeral II.
3      MR. GOLDBERGER:  Jack Goldberger on behalf
4   of Jeffrey Epstein.
5      MS. CADWELL:  Jessica Cadwell, paralegal,
6   on behalf of Jeffrey Epstein.
7      MR. RHEINHART:  Bruce Rheinhart on behalf
8   of the witness, Sarah Kellen.
9      MR. KUVIN:  Kathy, your turn.
10     MS. EZELL:  Okay.  Kathy Ezell and Amy
11  Ederi on behalf of Plaintiff, Jane Doe 103.
12  Thereupon,
13           (SARAH KELLEN)
14  Having been first duly sworn or affirmed, was
15  examined and testified as follows:
16           DIRECT EXAMINATION
17  BY MR. KUVIN:
18  Q.  Good morning.
19  A.  Morning.
20  Q.  Could you give us your full name, please.
21  A.  Sarah Kellen.
22  Q.  Do you have a middle name?
23  A.  Lynnelle.
24  Q.  Would you spell that for us?
25  A.  L-y-n-n-e-l-l-e.

Page 10

1   Q.  What's your current address?
2      MR. RHEINHART:  I'm going to instruct the
3   witness not to answer that question on the
4   basis of her Fifth and 14th Amendment
5   privileges against self-incrimination.
6      MR. KUVIN:  Okay.  We had spoken before
7   with respect to there are likely going to be
8   answers similar to that throughout this
9   deposition.  I have agreed to a procedure that
10  we can do a shortened answer.  However you want
11  to handle that, I leave it up to you.  But I do
12  agree that whatever the shortened answer is,
13  that it will satisfy the length, lengthy answer
14  that she would like to give.
15     So, do we want to do that with this
16  question, or how do you want to handle
17  that procedurally?
18     MR. RHEINHART:  Well, I think I have given
19  the instruction.  I think she, will give her
20  the same instruction in the future to the
21  extent that it's relevant, and I think that if
22  we can all just agree that if she simply says
23  or I simply say "The Fifth Amendment," that
24  will qualify as giving a sufficient answer to
25  -- as a matter of law, and will invoke that

Page 11

1   privilege.
2      MR. KUVIN:  I'll agree with that
3   procedure.
4      MR. RHEINHART:  Anyone object to that
5   procedure?
6      MR. GOLDBERGER:  Actually I think if, in
7   fact, this deposition is used in a trial, I
8   think you would want the lengthier answer as
9   being the answer that is played to the jury.
10  So either you guys can agree that it gets cut
11  in or she's going to have to -- I can't tell
12  you what to do, but I would suggest that she
13  give the lengthier answer each time.
14     But there's got to be a way that you
15  guys can reach an agreement though, that
16  from a technology perspective, that the
17  lengthy answer that she just gave would be
18  used during any trial testimony.  Can that
19  be done?
20     MR. KUVIN:  I don't know procedurally
21  whether it can be done.
22     MR. GOLDBERGER:  I think --
23     MR. KUVIN:  I don't know that, well --
24     MR. GOLDBERGER:  And again, it's not my,
25  it's not my deal.  I'm just telling you how

Page 12

1   we've done it in the past.
2      MR. KUVIN:  I hear you, and I have a
3   number of issues primary, primarily of which
4   that you're not here to represent anyone
5   currently.
6      MR. GOLDBERGER:  Yeah, I am.  I'm
7   actually, I'm actually here representing
8   Jeffrey Epstein, so...
9      MR. KUVIN:  Okay.  With respect to all the
10  civil cases, though, you're not here to
11  represent anyone, so --
12     MR. GOLDBERGER:  Yes, I am.
13     MR. KUVIN:  With the exception --
14     MR. GOLDBERGER:  I represent -- I am -- I
15  don't mean to interrupt you, but I am counsel
16  of record in the civil cases.
17     MR. KUVIN:  Okay.  Okay.
18     MR. RHEINHART:  If we have a stipulation,
19  what's the problem?  Are you --
20     MR. KUVIN:  There is none.
21     MR. RHEINHART:  -- worried about a waiver?
22     MR. GOLDBERGER:  No, I'm not worried about
23  that at all.  I'm worried about what is played
24  to a jury if this gets tried.
25     MR. KUVIN:  Okay.  And I appreciate you

Page 13

1  coaching Bruce, but I think he can handle
2  himself pretty adequately now --
3      MR. GOLDBERGER: I have --
4      MR. KUVIN: So I leave it up to Bruce --
5      MR. GOLDBERGER: I have all the confidence
6  in Bruce.
7      MR. KUVIN: Mr. Rheinhart, with respect to
8  how you want to handle it, I think we have an
9  agreement.
10     MR. RHEINHART: I'm satisfied that we have
11  a stipulation, and I assume if there is ever a
12  trial, that would be played or produced to the
13  jury that simply by using shorthand, what she's
14  really saying is the lengthier answer now. I'm
15  satisfied with that.
16     MR. KUVIN: And I agree with that.
17 BY MR. KUVIN:
18     Q. Okay. Ma'am, what is your current
19 address?
20     MR. RHEINHART: Again, I will instruct the
21  witness not to answer the question.
22     THE WITNESS: On the instruction of my
23  lawyer, I choose to invoke my Fifth Amendment
24  right.
25

Page 14

1  BY MR. KUVIN:
2      Q. What is your current phone number?
3      MR. RHEINHART: Same instruction.
4      THE WITNESS: On the advice of my lawyer,
5  I choose to invoke my Fifth Amendment right.
6  BY MR. KUVIN:
7      Q. What is your cellphone number?
8      MR. RHEINHART: Same instruction --
9      THE WITNESS: On the advice of my lawyer,
10  I choose to invoke my Fifth Amendment right.
11     MR. RHEINHART: You have to let me speak
12  before you answer in case there's an objection
13  or any of the other lawyers have an objection.
14 BY MR. KUVIN:
15     Q. I am going to show you a photograph. Oh,
16 what is your date of birth?
17     MR. RHEINHART: Same instruction.
18     THE WITNESS: On the advice of my lawyer,
19  I choose to invoke my Fifth Amendment right.
20     MR. KUVIN: Let's make is easier.
21 BY MR. KUVIN:
22     Q. Ms. Kellen, would you agree with me that
23 your date of birth is May 25th, 1979?
24     MR. RHEINHART: Same instruction.
25     THE WITNESS: On the advice of my lawyer,

Page 15

1  I choose to invoke my Fifth Amendment right.
2  BY MR. KUVIN:
3      Q. Would you agree with me that you're
4  approximately 5 feet, 8 inches tall?
5      MR. RHEINHART: Same instruction.
6      THE WITNESS: On the advice of my lawyer,
7  I must invoke my Fifth Amendment right.
8  BY MR. KUVIN:
9      Q. Would you agree with me that your eyes are
10 hazel?
11     MR. RHEINHART: Same instruction.
12     THE WITNESS: On the advice of my lawyer,
13  I choose to invoke my Fifth Amendment right.
14 BY MR. KUVIN:
15     Q. Would you agree with me that you were born
16 in Hawaii?
17     MR. RHEINHART: Same instruction.
18     THE WITNESS: On the advice of my lawyer,
19  I choose to invoke my Fifth Amendment right.
20 BY MR. KUVIN:
21     Q. What are the names of your parents?
22     MR. RHEINHART: Same instruction.
23     THE WITNESS: On the advice of my lawyer,
24  I must invoke my Fifth Amendment right.
25

Page 16

1  BY MR. KUVIN:
2      Q. Are you married or single?
3      MR. RHEINHART: Same instruction.
4      THE WITNESS: On the advice of my lawyer,
5  I must invoke my Fifth Amendment right.
6      (Plaintiff's Exhibit No. 1 was marked for
7  identification.)
8      MR. KUVIN: I'm going to show you what
9  we'll mark as Plaintiff's Exhibit 1.
10     And I'll ask the videographer to zoom
11  in here for a second.
12 BY MR. KUVIN:
13     Q. Okay. Ma'am, I am going to show you a
14 photograph we've marked as Plaintiff's Exhibit 1 and
15 ask you if you recognize this registered sex
16 offender.
17     MR. RHEINHART: First, object to the form
18  of the question. It assumes facts not before
19  the witness, and I'll give the witness the same
20  instruction as to that question.
21     THE WITNESS: At the advice of my lawyer,
22  I must invoke my Fifth Amendment right.
23 BY MR. KUVIN:
24     Q. Would you agree with me that this
25 registered sex offender's name is Jeffrey Epstein?

Page 17

1    MR. RHEINHART: Same instruction, same
2    objection.
3        THE WITNESS: At the advice of my lawyer,
4    I must invoke my Fifth Amendment right.
5    BY MR. KUVIN:
6        Q.  Would you agree with me that Jeffrey
7    Epstein is a sexual offender?
8        MR. RHEINHART: Object to the form of the
9    question and instruct the witness not to answer
10   on her Fifth Amendment privilege.
11       THE WITNESS: On the advice of my lawyer I
12   must invoke my Fifth Amendment right.
13   BY MR. KUVIN:
14       Q.  Would you agree with me that
15   Jeffrey Epstein sexually abused you?
16       MR. RHEINHART: Objection to the form,
17   both as to the form of the question as to
18   harassing and instruct the witness not to
19   answer, based on the Fifth Amendment privilege.
20       THE WITNESS: On the advice of my lawyer,
21   I must invoke my Fifth Amendment right.
22   BY MR. KUVIN:
23       Q.  Would you agree with me that you were a
24   minor when Jeffrey Epstein first had sexual
25   relations with you?

Page 18

1        MR. RHEINHART: Object to the form. It
2    assumes facts not before the witness. It is a
3    compound question and I would instruct the
4    witness not to answer based on her Fifth
5    Amendment privilege.
6        THE WITNESS: On the advice of my lawyer,
7    I must invoke my Fifth Amendment right.
8    BY MR. KUVIN:
9        Q.  Would you agree with me that you have had
10   sex with Jeffrey Epstein?
11       MR. RHEINHART: Same instruction.
12       THE WITNESS: On the advice of my lawyer,
13   I must invoke my Fifth Amendment right.
14   BY MR. KUVIN:
15       Q.  Would you agree with me that you first had
16   sex with Jeffrey Epstein when you were under the age
17   of 18?
18       MR. RHEINHART: Same instruction.
19       THE WITNESS: On the advice of my lawyer,
20   I must invoke my Fifth Amendment right.
21   BY MR. KUVIN:
22       Q.  Would you agree with me, ma'am, that you
23   brought numerous underage girls to Jeffrey Epstein
24   so that he could have sex with them?
25       MR. RHEINHART: Object to the form of the

Page 19

1    question. It's ambiguous and compound, and I
2    will instruct the witness not to answer based
3    on her Fifth Amendment privilege.
4        THE WITNESS: On the advice of my lawyer,
5    I must invoke my Fifth Amendment right.
6    BY MR. KUVIN:
7        Q.  And why did you do that?
8        MR. RHEINHART: Object to the form. It's
9    ambiguous, in fact that what?
10   BY MR. KUVIN:
11       Q.  Why did you bring minor girls to
12   Jeffrey Epstein for him to have sex with?
13       MR. RHEINHART: Same objection as to form
14   and instruct the witness not to answer.
15       THE WITNESS: On the advice of my lawyer,
16   I must invoke my Fifth Amendment right.
17   BY MR. KUVIN:
18       Q.  What do you currently do for a job?
19       MR. RHEINHART: Instruct the witness not
20   to answer the question.
21       THE WITNESS: On the advice of my lawyer,
22   I must invoke my Fifth Amendment right.
23   BY MR. KUVIN:
24       Q.  Would you agree with me that you currently
25   work for Jeffrey Epstein?

Page 20

1        MR. RHEINHART: Instruct the witness not
2    to answer the question.
3        THE WITNESS: On the advice of my lawyer,
4    I must invoke my Fifth Amendment right.
5    BY MR. KUVIN:
6        Q.  How long have you worked for
7    Jeffrey Epstein?
8        MR. RHEINHART: Same instruction.
9        THE WITNESS: On the advice of my lawyer,
10   I must invoke my Fifth Amendment right.
11   BY MR. KUVIN:
12       Q.  Would you agree with me that you've worked
13   for Jeff, Jeffrey Epstein for over 20 years as his
14   personal assistant?
15       MR. RHEINHART: Instruct the witness not
16   to answer the question.
17       THE WITNESS: On the instruction of my
18   lawyer, I must invoke my Fifth Amendment right.
19   BY MR. KUVIN:
20       Q.  Would you agree with me that when you
21   first were hired by Jeffrey Epstein as his personal
22   assistant, you were under the age of 18?
23       MR. RHEINHART: Object to the form. It's
24   compound and assumes facts not present before
25   the witness, and I instruct the witness not to

Page 21

```
1        answer the question based on her Fifth
2    Amendment privilege.
3            THE WITNESS: On the instruction of my
4    lawyer, I must invoke my Fifth Amendment right.
5    BY MR. KUVIN:
6        Q.   Who introduced you to Jeffrey Epstein the
7    first time that you met him?
8            MR. RHEINHART: Same instruction.
9            THE WITNESS: On the instruction of my
10   lawyer, I must invoke my Fifth Amendment right.
11   BY MR. KUVIN:
12       Q.   Did Ghislaine Maxwell introduce you to
13   Jeffrey Epstein for the first time?
14           MR. RHEINHART: Same instruction.
15           THE WITNESS: On the instruction of my
16   lawyer, I must invoke my Fifth Amendment right.
17   BY MR. KUVIN:
18       Q.   When was the first time you were in
19   Jeffrey Epstein's home located on El Brillo Way on
20   Palm Beach Island?
21           MR. RHEINHART: Object to the form of the
22   question as compound and assuming facts not
23   before the witness. And I instruct the witness
24   not to answer based on her Fifth Amendment
25   privilege.
```

Page 22

```
1            THE WITNESS: On the instruction of my
2    lawyer, I must invoke my Fifth Amendment right.
3    BY MR. KUVIN:
4        Q.   Would you agree with me that
5    Jeffrey Epstein owns a home at 358 El Brillo Way,
6    Palm Beach Island, Florida?
7            MR. RHEINHART: Instruct the witness not
8    to answer based on her Fifth Amendment
9    privilege.
10           THE WITNESS: On instruction of my
11   counsel, I must invoke my Fifth Amendment
12   right.
13   BY MR. KUVIN:
14       Q.   Would you agree with me that you've been
15   in that home numerous times?
16           MR. RHEINHART: Instruct the witness not
17   to answer the question based on her Fifth
18   Amendment privilege.
19           THE WITNESS: On instruction of my lawyer,
20   I must invoke my Fifth Amendment right.
21   BY MR. KUVIN:
22       Q.   Would you agree with me that you have gone
23   on Jeffrey Epstein's plane numerous times?
24           MR. RHEINHART: Object to the form. It
25   assumes facts that are not present for the
```

Page 23

```
1    witness, and I will instruct the witness not to
2    answer based on her Fifth Amendment privilege.
3            THE WITNESS: On the instruction of my
4    lawyer, I must invoke my Fifth Amendment right.
5    BY MR. KUVIN:
6        Q.   Would you agree with me that
7    Jeffrey Epstein owns numerous planes, private
8    planes?
9            MR. RHEINHART: Instruct the witness not
10   to answer.
11           THE WITNESS: On the instruction of my
12   lawyer, I must invoke my Fifth Amendment right.
13   BY MR. KUVIN:
14       Q.   And you've been on every one of those
15   private planes; isn't that true?
16           MR. RHEINHART: Object to the form. It
17   assumes facts not before the witness, and I
18   will instruct the witness not to answer based
19   on her Fifth Amendment privilege.
20           THE WITNESS: On the instruction of my
21   lawyer, I must invoke my Fifth Amendment right.
22   BY MR. KUVIN:
23       Q.   Ma'am, isn't it true that you've seen the
24   passenger manifest for Jeffrey Epstein's plane?
25           MR. RHEINHART: Object to the form. It
```

Page 24

```
1    assumes facts that are not established as known
2    to this witness, and I instruct the witness not
3    to answer the question based on her Fifth
4    Amendment privilege.
5            THE WITNESS: On the instruction of my
6    lawyer, I must invoke my Fifth Amendment right.
7            MR. KUVIN: Let me show you what we'll
8    mark as Exhibit 2.
9
10           (Plaintiff's Exhibit No. 2 was marked for
11   identification.)
12           MR. KUVIN: Thank you.
13           MR. RHEINHART: Do you want to zoom in on
14   it like you did the last time?
15           MR. KUVIN: No, that's fine.
16           MR. RHEINHART: Take your time.
17           MR. KUVIN: And flip through.
18   BY MR. KUVIN:
19       Q.   All right. Ma'am, would you agree with me
20   that this is a passenger manifest for one of
21   Jeffrey Epstein's airplanes?
22           MR. RHEINHART: Instruct the witness not
23   to answer the question based on her Fifth
24   Amendment privilege.
25           THE WITNESS: On the instruction of my
```

Page 25

```
 1        lawyer I must exercise my Fifth Amendment
 2     right.
 3     BY MR. KUVIN:
 4        Q.  And would you agree with me that you
 5     appear as a passenger on these flight manifests on
 6     numerous occasions?
 7        MR. RHEINHART:  Object to the form.  It
 8     assumes facts not established as known to this
 9     witness, and I instruct the witness not to
10     answer the question.
11        THE WITNESS:  On the instruction of my
12     lawyer, I must exercise my Fifth Amendment
13     right.
14     BY MR. KUVIN:
15        Q.  Would you agree with me that your name
16     does, in fact, appear on the passenger manifest for
17     these planes, for this plane?
18        MR. RHEINHART:  Same objection and same
19     instruction.
20        THE WITNESS:  On the advice of my lawyer,
21     I must invoke my Fifth Amendment right.
22     BY MR. KUVIN:
23        Q.  Who are the two females that appear on the
24     passenger manifest for January 11, 2005, on the
25     first page of Exhibit 2?
```

Page 26

```
 1        MR. RHEINHART:  I'll object to the form,
 2     and it has not been established this witness
 3     knows anything about this document, and I will
 4     instruct her not to answer based on the Fifth
 5     Amendment privilege.
 6        THE WITNESS:  On the instruction of my
 7     lawyer I must invoke my Fifth Amendment right.
 8     BY MR. KUVIN:
 9        Q.  Do you agree with me that you took a
10     flight on Jeffrey Epstein's plane from West Palm
11     Beach to the U.S. Virgin Islands, St. Thomas on
12     January 11, 2005?
13        MR. RHEINHART:  Instruct the witness not
14     to answer the question based on her Fifth
15     Amendment privilege.
16        THE WITNESS:  On the instruction of my
17     lawyer I must invoke my Fifth Amendment right.
18     BY MR. KUVIN:
19        Q.  Would you agree with me that on that
20     flight were you, Jeffrey Epstein, Nadia Marcinkova
21     and two unknown females?
22        MR. RHEINHART:  Object to the form.  Again
23     assumes facts that have not been established
24     this witness has any knowledge of and instruct
25     the witness not to answer based on her Fifth
```

Page 27

```
 1     Amendment privilege.
 2        THE WITNESS:  On the instruction of my
 3     lawyer, I must invoke my Fifth Amendment right.
 4     BY MR. KUVIN:
 5        Q.  Would you also agree with me that the two
 6     unknown females listed on the passenger manifest
 7     marked as Exhibit 2 were underage girls, under the
 8     age of 18?
 9        MR. RHEINHART:  Object to the form.  It
10     calls for speculation.  Also it's not been
11     established this witness has any knowledge of
12     this document and instruct her not to answer
13     based on her Fifth Amendment privilege.
14        THE WITNESS:  On the instruction of my
15     lawyer, I must invoke my Fifth Amendment right.
16     BY MR. KUVIN:
17        Q.  Would you agree with me that the girls
18     that are listed as females one, and the second
19     female for this flight of January 11, 2005, from
20     West Palm Beach to the U.S. Virgin Islands, that
21     those two females were under the age of 17?
22        MR. RHEINHART:  Same objection.  It has
23     not been established the witness has any
24     knowledge of this document.  It calls for her
25     to speculate, and I instruct her not to answer
```

Page 28

```
 1     based on her Fifth Amendment privilege.
 2        THE WITNESS:  On the instruction of my
 3     lawyer, I must invoke my Fifth Amendment right.
 4     BY MR. KUVIN:
 5        Q.  Would you agree with me that the two
 6     females shown on the flight with you of January 11,
 7     2005 were under the age of 16?
 8        MR. RHEINHART:  Same objection as to form.
 9     It has not been established this witness knows
10     anything about whether there were these
11     witnesses, these females and who they are, so
12     it's asking her to speculate, and I instruct
13     her not to answer based on her Fifth Amendment
14     privilege.
15        THE WITNESS:  On the instruction of my
16     lawyer, I must invoke my Fifth Amendment
17     privilege.
18     BY MR. KUVIN:
19        Q.  Ma'am, you were on that flight of
20     January 11, 2005, were you not?
21        MR. RHEINHART:  I instruct the witness not
22     to answer based on her Fifth Amendment
23     privilege.
24        THE WITNESS:  On the instruction of my
25     lawyer I must invoke my Fifth Amendment right.
```

Page 29

BY MR. KUVIN:
1
2    Q.  You also agree with me that the two girls
3    that are listed as on that flight with you of
4    January 11, 2005, were under the age of 15 years
5    old?
6        MR. RHEINHART:  Object to the form.  It
7    calls for speculation, lack of personal
8    knowledge, and instruct the witness not to
9    answer based on her Fifth Amendment privilege.
10       THE WITNESS:  On the instruction of my
11   lawyer, I must invoke my Fifth Amendment right.
12   BY MR. KUVIN:
13   Q.  Would you agree with me that the two
14   females listed as being on that flight with you of
15   January 11 of 2005 were under the age of 14 years
16   old?
17       MR. RHEINHART:  Object to the form.  It
18   calls for speculation.  The witness has no
19   personal knowledge and instruct the witness not
20   to answer based on her Fifth Amendment
21   privilege.
22       THE WITNESS:  On the instruction of my
23   lawyer, I must invoke my Fifth Amendment right.
24   BY MR. KUVIN:
25   Q.  Would you agree with me that the two

Page 30

1    females listed as being on the flight with you of
2    January 11, 2005, from West Palm Beach to the U.S.
3    Virgin Islands, with Jeffrey Epstein as well, were
4    under the age of 13 years old and you were aware of
5    that?
6        MR. RHEINHART:  Object to the form both as
7    compound, it also assumes facts that it has not
8    been established this witness has any knowledge
9    of, calls for her to speculate, and I instruct
10   her not to answer based on her Fifth Amendment
11   privilege.
12       THE WITNESS:  On the instruction of my
13   lawyer I must invoke my Fifth Amendment right.
14   BY MR. KUVIN:
15   Q.  Who is Adriana Musinska?
16       MR. RHEINHART:  I'm sorry.  Can you repeat
17   the name?
18       MR. KUVIN:  Musinska, M-u-s-i-n-s-k-a.
19       MR. RHEINHART:  I'll instruct the witness
20   not to answer based on her Fifth Amendment
21   privilege.
22       THE WITNESS:  On instruction of my lawyer,
23   I must invoke my Fifth Amendment right.
24   BY MR. KUVIN:
25   Q.  Who's Ghislaine Maxwell?

Page 31

1        MR. RHEINHART:  Same instruction.
2        THE WITNESS:  On the instruction of my
3    lawyer, I must invoke my Fifth Amendment right.
4    BY MR. KUVIN:
5    Q.  Who is Dana Burns?
6        MR. RHEINHART:  Same instruction.
7        THE WITNESS:  On the advice of my lawyer,
8    I must invoke my Fifth Amendment right.
9    BY MR. KUVIN:
10   Q.  Who is Mark Zeff.
11       MR. RHEINHART:  Same instruction.
12       THE WITNESS:  On the advice of my lawyer,
13   I must invoke my Fifth Amendment right.
14   BY MR. KUVIN:
15   Q.  Who is David Mullen?
16       MR. RHEINHART:  Same instruction.
17       THE WITNESS:  On the advice of my lawyer,
18   I must invoke my Fifth Amendment right.
19   BY MR. KUVIN:
20   Q.  Who is Todd Meister?
21       MR. RHEINHART:  Same instruction.
22       THE WITNESS:  On the advice of my lawyer,
23   I must invoke my Fifth Amendment right.
24   BY MR. KUVIN:
25   Q.  Who is Jean-Luc Brunel?

Page 32

1        MR. RHEINHART:  Same instruction.
2        THE WITNESS:  On the advice of my lawyer,
3    I must invoke my Fifth Amendment right.
4    BY MR. KUVIN:
5    Q.  Ma'am, would you agree with me that all of
6    the names I just recently mentioned where you
7    invoked your Fifth Amendment, were involved in a
8    conspiracy to abuse underaged girls, girls under
9    age of 18 for sexual gain and pleasure?
10       MR. RHEINHART:  Object to the form of the
11   question.  It calls for a legal conclusion.  It
12   is compound.  It calls for her to speculate.
13   There is no basis for her to be able to give a
14   legal opinion as to what a conspiracy is, and I
15   instruct her not to answer based on her Fifth
16   Amendment privilege.
17       THE WITNESS:  On the advice of my lawyer,
18   I must invoke my Fifth Amendment right.
19   BY MR. KUVIN:
20   Q.  Would you agree with me that all of the
21   names I just mentioned were individuals that were
22   working together for their own sexual gain and
23   pleasure?
24       MR. RHEINHART:  Object to the form of the
25   question as ambiguous and compound.  I instruct

Page 33

```
1     her not to answer based on her Fifth Amendment
2     privilege.
3          THE WITNESS: On the advice of my lawyer I
4     must invoke my Fifth Amendment privilege.
5     BY MR. KUVIN:
6          Q.  What is MC Squared?
7          MR. RHEINHART: I instruct the witness not
8     to answer based on her Fifth Amendment
9     privilege.
10         THE WITNESS: On the advice of my lawyer I
11    must invoke my Fifth Amendment right.
12    BY MR. KUVIN:
13         Q.  Would you agree with me that MC Squared is
14    a modeling agency that was funded by
15    Jeffrey Epstein?
16         MR. RHEINHART: I instruct the witness not
17    to answer based on her Fifth Amendment
18    privilege.
19         THE WITNESS: The advice of my lawyer I
20    must invoke my Fifth Amendment right.
21    BY MR. KUVIN:
22         Q.  Would you agree with me that MC Squared
23    was wholly funded by Jeffrey Epstein?
24         MR. RHEINHART: Object to the form of the
25    question as to what "wholly funded" means, and
```

Page 34

```
1     I would instruct the witness not to answer the
2     question based on her Fifth Amendment
3     privilege.
4          THE WITNESS: On the advice of my lawyer I
5     must invoke my Fifth Amendment right.
6     BY MR. KUVIN:
7          Q.  Would you agree with me that
8     Jeffrey Epstein is the sole individual whose money
9     was used to start the company, MC Squared?
10         MR. RHEINHART: Instruct the witness not
11    to answer the question based on her Fifth
12    Amendment privilege.
13         THE WITNESS: On the advice of my lawyer I
14    must invoke my Fifth Amendment right.
15    BY MR. KUVIN:
16         Q.  Would you agree with me that
17    Jean-Luc Brunel worked with Jeffrey Epstein to
18    obtain underage girls for both of their sexual
19    pleasure?
20         MR. RHEINHART: Object to the form of the
21    question as ambiguous and instruct the witness
22    not to answer based on her Fifth Amendment
23    privilege.
24         THE WITNESS: On the advice of my lawyer I
25    must invoke my Fifth Amendment right.
```

Page 35

```
1     BY MR. KUVIN:
2          Q.  Would you agree with me that Jeffrey
3     Epstein worked closely with Jean-Luc Brunel in order
4     to obtain girls from out of state and bring them to
5     Florida for their own sexual pleasure?
6          MR. RHEINHART: Object to the form as
7     ambiguous, whose own sexual pleasure, and
8     instruct the witness not to answer the question
9     based on her Fifth Amendment privilege.
10         MR. KUVIN: Perfectly good objection. She
11    doesn't have to answer the question. Let me
12    clarify.
13    BY MR. KUVIN:
14         Q.  Would you agree with me, ma'am, that both
15    Jean-Luc Brunel and Jeffrey Epstein worked together
16    to obtain underage girls from out of state and bring
17    them to Florida for both of their own sexual
18    pleasure?
19         MR. RHEINHART: I'm going to object as
20    compound and instruct -- I object to the form
21    as compound, and instruct the witness not to
22    answer based on her Fifth Amendment privilege.
23         THE WITNESS: On the instruction of my
24    lawyer I must invoke my Fifth Amendment right.
25
```

Page 36

```
1     BY MR. KUVIN:
2          A.  Would you agree with me that
3     Ghislaine Maxwell, Jean-Luc Brunel, and Jeffrey Epstein
4     worked together to obtain underage girls from out of
5     state and bring them into the State of Florida for their
6     own sexual pleasure?
7          MR. RHEINHART: Object to the form of the
8     question as compound and ambiguous, and
9     instruct the witness not to answer based on her
10    Fifth Amendment privilege.
11         THE WITNESS: On the instruction of my
12    lawyer, I must invoke my Fifth Amendment right.
13         (Katherine Ezell and Amy Ederi
14    entered the deposition.)
15         MR. GOLDBERGER: That's why we're --
16         MR. KUVIN: That's why we lost them.
17         MR. RHEINHART: Do you want to take a
18    one-minute break so we can --
19         MR. KUVIN: Yeah, let's take a quick
20    one-minute break.
21         THE VIDEOGRAPHER: We're now off video
22    record. The time is 10:56 a.m.
23         (A brief recess was held.)
24         (Plaintiff's Exhibit No. 3 was marked for
25    identification.)
```

1      THE VIDEOGRAPHER:  We're now on video
2   record at 11:01 a.m.
3      MR. KUVIN:  Just for the video record and
4   for the written record Katherine Ezell and Amy
5   Ederi have now appeared and are present in
6   person.
7      MR. GOLDBERGER:  Just one more matter for
8   the record.  Jack Goldberger, on behalf of
9   Jeffrey Epstein.  Rather than impose a form
10  objection to every question, I think we have
11  reached an agreement that on behalf of
12  Mr. Epstein, I am adopting the form objections
13  that Mr. Rheinhart is making on behalf of his
14  client nunc pro tunc to the beginning of this
15  deposition.
16     MR. KUVIN:  No objection.
17     MR. GOLDBERGER:  Okay.
18  BY MR. KUVIN:
19     Q.  All right.  All right.  Ms. Kellen, would
20  you agree with me that there was an agreement
21  between Jeffrey Epstein, Ghislaine Maxwell,
22  Jean-Luc Brunel, yourself and Nadia Marcinkova to
23  bring in girls from out of state that were underage?
24     MR. RHEINHART:  Object to the form of the
25  question as leading, as compound, and instruct

1   the witness not to answer based on her Fifth
2   Amendment privilege.
3      THE WITNESS:  On the instruction of my
4   lawyer I must invoke my Fifth Amendment right.
5   BY MR. KUVIN:
6      Q.  Would you agree with me that there was an
7   agreement between Jeffrey Epstein,
8   Ghislaine Maxwell, Jean-Luc Brunel, yourself and
9   Nadia Marcinkova to bring in girls that were
10  underage from out of state for sexual contact?
11     MR. RHEINHART:  Object to the form of the
12  question as leading and compound, and I
13  instruct the witness not to answer based on her
14  Fifth Amendment privilege.
15     THE WITNESS:  On the instruction of my
16  lawyer I must invoke my Fifth Amendment
17  privilege.
18  BY MR. KUVIN:
19     Q.  All right.  Let me show you what we've
20  premarked as Plaintiff's Exhibit 3.  Do you
21  recognize this as the passenger manifest for one of
22  Jeffrey Epstein's planes?
23     MR. RHEINHART:  I object to the form of
24  the question.  It assumes facts that this
25  witness, evidence that this witness has no

1   personal knowledge and instruct her not to
2   answer based on her Fifth Amendment privilege.
3   It's also compound.
4      THE WITNESS:  On the instruction of my
5   lawyer I must invoke my Fifth Amendment
6   privilege.
7   BY MR. KUVIN:
8      Q.  The witness says that you may not have
9   knowledge or we don't know whether you have
10  knowledge regarding this passenger manifest, so let
11  me ask you, do you have any knowledge about this
12  passenger manifest?
13     MR. RHEINHART:  Object to the form of the
14  question as ambiguous as to this and what a
15  manifest is, and as her knowledge, and I will
16  instruct her not to answer based on her Fifth
17  Amendment privilege.
18     THE WITNESS:  On the instruction of my
19  lawyer, I must invoke my Fifth Amendment
20  privilege.
21  BY MR. KUVIN:
22     Q.  Based on the objection, do you know what a
23  manifest is?
24     MR. RHEINHART:  Object to the form of the
25  question as ambiguous and instruct her not to

1   answer based on her Fifth Amendment privilege.
2      THE WITNESS:  On the instruction of my
3   lawyer I must invoke my Fifth Amendment right.
4   BY MR. KUVIN:
5      Q.  Have you heard the word "manifest" before?
6      MR. RHEINHART:  I'll instruct the witness
7   not to answer based on her Fifth Amendment
8   privilege.
9      THE WITNESS:  On the instruction of my
10  lawyer I must invoke my Fifth Amendment right.
11  BY MR. KUVIN:
12     Q.  Would you agree with me, ma'am, that you
13  have seen this passenger manifest, listed as
14  Exhibit 3, in the past?
15     MR. RHEINHART:  I'll instruct the witness
16  not to answer based on her Fifth Amendment
17  privilege.
18     THE WITNESS:  On the instruction of my
19  lawyer I must invoke my Fifth Amendment right.
20  BY MR. KUVIN:
21     Q.  Who is Zinta Broukis?
22     MR. RHEINHART:  I'll instruct the witness
23  not to answer based on her Fifth Amendment
24  privilege.
25     THE WITNESS:  On the instruction of my

Page 41

```
 1        lawyer I must invoke my Fifth Amendment
 2     privilege.
 3            MR. KUVIN:  Spelling for the court
 4     reporter is Z-i-n-t-a, B-r-o-u-k-i-s.
 5     BY MR. KUVIN:
 6        Q.  Who is Eva Andersson, with two S's?
 7            MR. RHEINHART:  I'll instruct the witness
 8     not to answer based on her Fifth Amendment
 9     privilege.
10            THE WITNESS:  On the instruction of my
11     lawyer, I must invoke my Fifth Amendment right.
12     BY MR. KUVIN:
13        Q.  Who is Sevina Dubin (phonetic)?
14            MR. RHEINHART:  Same instruction.
15            THE WITNESS:  On the instruction of my
16     lawyer, I must invoke my Fifth Amendment right.
17     BY MR. KUVIN:
18        Q.  Who is Mya Dubin (phonetic)?
19            MR. RHEINHART:  Same instruction.
20            THE WITNESS:  On the instruction of my
21     lawyer I must invoke my Fifth Amendment right.
22     BY MR. KUVIN:
23        Q.  Who is Chris Valdez (phonetic)?
24            MR. RHEINHART:  Same instruction.
25            THE WITNESS:  On the instruction of my
```

Page 42

```
 1        lawyer I must invoke my Fifth Amendment right.
 2     BY MR. KUVIN:
 3        Q.  Who is James Stanley?
 4            MR. RHEINHART:  Same instruction.
 5            THE WITNESS:  On the instruction of my
 6     lawyer, I must invoke my Fifth Amendment right.
 7     BY MR. KUVIN:
 8        Q.  Who is Sophia Stanley?
 9            MR. RHEINHART:  Same instruction.
10            THE WITNESS:  On the instruction of my
11     lawyer I must invoke my Fifth Amendment right.
12     BY MR. KUVIN:
13        Q.  Who is Alexis Stanley?
14            MR. RHEINHART:  Same instruction.
15            THE WITNESS:  On the instruction of my
16     lawyer, I must invoke my Fifth Amendment right.
17     BY MR. KUVIN:
18        Q.  Ma'am, if you would, in Exhibit 3, would
19     you turn to the date of April 27, 2005, for me?
20     It's about halfway through the packet.  April 27,
21     '05.  Are you there?
22        A.  Uh-huh.
23        Q.  Okay.  On this particular date, will you
24     agree with me that you flew from Teterboro,
25     New Jersey to West Palm Beach on a plane with people
```

Page 43

```
 1     listed in the passenger list to the left?
 2            MR. RHEINHART:  Object to the form, the
 3     question is leading and instruct the witness
 4     not to answer based on the Fifth Amendment
 5     privilege.
 6            THE WITNESS:  On the instruction of my
 7     lawyer, I must invoke my Fifth Amendment right.
 8     BY MR. KUVIN:
 9        Q.  Would you agree with me that you were on a
10     plane with Jeffrey Epstein on April 27, 2005?
11            MR. RHEINHART:  Same instruction.
12            THE WITNESS:  On the instruction of my
13     lawyer, I must invoke my Fifth Amendment right.
14     BY MR. KUVIN:
15        Q.  Would you agree with me that on that plane
16     of April 27, 2005, from Teterboro, New Jersey, to
17     West Palm Beach, was a female who was under the age
18     of 16?
19            MR. RHEINHART:  Object to the form.  It
20     assumes facts not established.  Any personal
21     knowledge by this witness, and instruct her not
22     to answer based on her Fifth Amendment
23     privilege.  It also calls for speculation.
24            THE WITNESS:  On the instruction of my
25     lawyer, I must invoke my Fifth Amendment
```

Page 44

```
 1     privilege.
 2     BY MR. KUVIN:
 3        Q.  Would you agree with me that on the flight
 4     of April 27, 2005, from Teterboro, New Jersey to
 5     West Palm Beach was a female on the plane with you
 6     that was under the age of 15?
 7            MR. RHEINHART:  Object to the form of the
 8     question.  It requires speculation.  It assumes
 9     facts not established before this witness.
10     I'll instruct her not to answer based on her
11     Fifth Amendment privilege.  It's also
12     ambiguous.
13            THE WITNESS:  On the instruction of my
14     lawyer,I must invoke my Fifth Amendment
15     privilege.
16     BY MR. KUVIN:
17        Q.  Will you turn to May 6, 2005, please.  And
18     this is, for the record, in Exhibit 3.  On May 6th,
19     2005, ma'am, will you agree with me that you took a
20     flight from Teterboro, New Jersey to West Palm
21     Beach, with Jeffrey Epstein, Nadia Marcinkova,
22     Andriana, Andrea Musinska, David Mullen, Larry
23     Morrison and another female?
24            MR. RHEINHART:  Object to the form of the
25     question as compound, calling for speculation.
```

11  (Pages 41 to 44)

Page 45

1    I instruct the witness not to answer based on
2  her Fifth Amendment privilege.
3        THE WITNESS: On the instruction of my
4    lawyer, I must invoke my Fifth Amendment
5    privilege.
6  BY MR. KUVIN:
7    Q.   Would you agree with me, ma'am, that on
8  the flight of May 6th, 2005, that's shown in
9  Exhibit 3, that the female identified in the
10  passenger manifest was under the age of 16?
11        MR. RHEINHART: Object to the form. It
12    assumes facts not established that this witness
13    has any personal knowledge. It calls for her
14    to speculate, and I'll instruct her not to
15    answer based on her Fifth Amendment privilege.
16        THE WITNESS: On the instruction of my
17    lawyer, I must invoke my Fifth Amendment
18    privilege.
19  BY MR. KUVIN:
20    Q.   Would you agree with me that the female
21  identified in the passenger manifest of May 6th,
22  2005, was under the age of 15?
23        MR. RHEINHART: Same objection as the
24    previous question, same instruction.
25        THE WITNESS: On the instruction of my

Page 46

1    lawyer I must invoke my Fifth Amendment
2    privilege.
3  BY MR. KUVIN:
4    Q.   Would you agree with me that the female
5  listed in the passenger manifest of May 6th, 2005,
6  was under the age, was under the age of 14?
7        MR. RHEINHART: Same instruction as to the
8    previous two questions and the same objection
9    as to those two questions.
10        THE WITNESS: On the instruction of my
11    lawyer I must invoke my Fifth Amendment
12    privilege.
13  BY MR. KUVIN:
14    Q.   If you would turn to the date of June 20
15  of 2005 for me, please. On the date of June 20,
16  2005, would you agree with me that you took a flight
17  with Jeffrey Epstein from West Palm Beach to
18  Teterboro, New Jersey?
19        MR. RHEINHART: Object to the form as
20    leading. I'll instruct the witness not to
21    answer based on her Fifth Amendment privilege.
22        THE WITNESS: On the instruction of my
23    lawyer, I must invoke my Fifth Amendment
24    privilege.
25

Page 47

1  BY MR. KUVIN:
2    Q.   Do you also agree with me on that flight
3  of June 20th, 2005, was an unidentified female,
4  according to the passenger manifest?
5        MR. RHEINHART: Object to the form --
6    excuse me -- as leading, and instruct the
7    witness not to answer based on her Fifth
8    Amendment privilege.
9        THE WITNESS: On the instruction of my
10    lawyer, I must choose to invoke my Fifth
11    Amendment privilege.
12  BY MR. KUVIN:
13    Q.   Would you agree with me that that female
14  listed on the flight of June 20, 2005, was under the
15  age of 16 years old?
16        MR. RHEINHART: Objection to the form as
17    leading and also requiring speculation. I'll
18    instruct the witness not to answer based on her
19    Fifth Amendment privilege.
20        THE WITNESS: On the instruction of my
21    lawyer, I must choose to invoke my Fifth
22    Amendment privilege.
23  BY MR. KUVIN:
24    Q.   Would you agree with me that the
25  unidentified female on the passenger manifest of

Page 48

1  June 20, 2005, was under the age of 14?
2        MR. RHEINHART: Objection, calls for
3    speculation, instruct the witness not to answer
4    based on her Fifth Amendment privilege.
5        THE WITNESS: On the instruction of my
6    lawyer, I must invoke my Fifth Amendment
7    privilege.
8  BY MR. KUVIN:
9    Q.   Turn to the date of June 30, if you would,
10  2005. Would you agree with me that you took a
11  flight from Teterboro, New Jersey, to West Palm
12  Beach on June 30, 2005, with Jeffrey Epstein?
13        MR. RHEINHART: Object to the form as
14    leading and compound, instruct the witness not
15    to answer based on her Fifth Amendment
16    privilege.
17        THE WITNESS: On the instruction of my
18    lawyer I must, I must invoke my Fifth Amendment
19    right.
20  BY MR. KUVIN:
21    Q.   Would you agree with me that Dana Burns
22  was on that flight?
23        MR. RHEINHART: Same instruction.
24        THE WITNESS: On the instruction of my
25    lawyer I must invoke my Fifth Amendment

```
                                          Page 49
 1      privilege.
 2   BY MR. KUVIN:
 3      Q.  Would you agree with me that there was
 4   also another female on that flight with you?
 5      MR. RHEINHART:  Same instruction.
 6      THE WITNESS:  On the instruction of my
 7   lawyer, I must invoke my Fifth Amendment
 8   privilege.
 9   BY MR. KUVIN:
10      Q.  Would you agree with me that you had
11   personal knowledge that that young female on that
12   flight with you of June 30, 2005, was under the age
13   of 16?
14      MR. RHEINHART:  Object to the form as
15   compound and calling for speculation, and
16   instruct the witness not to answer based on her
17   Fifth Amendment privilege.
18      THE WITNESS:  On the instruction of my
19   lawyer, I must invoke my Fifth Amendment
20   privilege.
21   BY MR. KUVIN:
22      Q.  Would you agree with me that you had
23   personal knowledge that that young female on the
24   flight of June 30, 2005, was under the age of 15?
25      MR. RHEINHART:  Same instruction, calls
```

```
                                          Page 50
 1      for speculation.
 2      THE WITNESS:  On the instruction of my
 3   lawyer, I must invoke my Fifth Amendment
 4   privilege.
 5   BY MR. KUVIN:
 6      Q.  Would you agree with me that you had
 7   personal knowledge that that young female on the
 8   flight of June 30, 2005, with you was under the age
 9   of 14?
10      MR. RHEINHART:  Objection to form as to
11   compound and requiring speculation.  I'll
12   instruct the witness not to answer based on her
13   Fifth Amendment privilege.
14      THE WITNESS:  On the instruction of my
15   lawyer, I must invoke my Fifth Amendment
16   privilege.
17   BY MR. KUVIN:
18      Q.  Ma'am, just so we can be quicker about
19   this, there are flights of July 5th, July 15.  It
20   looks like those are the last two.  Would you agree
21   with me that on July 5th and July 15, you took
22   flights on Jeffrey Epstein's plane?
23      MR. RHEINHART:  Object to the form as
24   compound and instruct the witness not to answer
25   based on Fifth Amendment privilege.
```

```
                                          Page 51
 1      THE WITNESS:  On the instruction of my
 2   lawyer I must invoke my Fifth Amendment
 3   privilege.
 4   BY MR. KUVIN:
 5      Q.  Would you agree with me that on both of
 6   those flights were girls that were under the age of
 7   16?
 8      MR. RHEINHART:  Same form objection as to
 9   compound, also ambiguous and requiring
10   speculation and instruct the witness not to
11   answer based on her Fifth Amendment privilege.
12      THE WITNESS:  The instruction of my lawyer
13   I must invoke my Fifth Amendment privilege.
14   BY MR. KUVIN:
15      Q.  Would you agree with me, ma'am, that you
16   have flown on Jeffrey Epstein's plane from
17   Teterboro, New Jersey, to West Palm Beach, on
18   numerous occasions where there were girls on the
19   plane under the age of 16?
20      MR. RHEINHART:  Object to the form as
21   compound and ambiguous as to what numerous
22   means.  Instruct the witness not to answer
23   based on her Fifth Amendment privilege.
24      THE WITNESS:  On the instruction of my
25   lawyer I must invoke my Fifth Amendment
```

```
                                          Page 52
 1      privilege.
 2   BY MR. KUVIN:
 3      Q.  Would you agree with me that you have
 4   flown on Jeffrey Epstein's plane from Teterboro, New
 5   Jersey, to West Palm Beach on at least 100 occasions
 6   where there were girls on the plane with you under
 7   the age of 16?
 8      MR. RHEINHART:  Object to the form as
 9   compound, requiring speculation and ambiguous,
10   and instruct her not to answer based on her
11   Fifth Amendment privilege.
12      THE WITNESS:  On the instruction of my
13   lawyer I must invoke my Fifth Amendment
14   privilege.
15   BY MR. KUVIN:
16      Q.  Would you agree with me, ma'am, that you
17   have flown on Jeffrey Epstein's plane at least 100
18   times from Teterboro, New Jersey to West Palm Beach,
19   Florida, where there were girls under the age of 15
20   on the plane with you?
21      MR. RHEINHART:  Same objections as the
22   previous question, same instruction.
23      THE WITNESS:  On the instruction of my
24   lawyer I must invoke my Fifth Amendment
25   privilege.
```

1    BY MR. KUVIN:
2       Q.  Would you agree with me that you have
3    flown on Jeffrey Epstein's plane from Teterboro, New
4    Jersey to West Palm Beach on at least 100 occasions
5    where there were girls on the plane with you that
6    were under the age of 14?
7           MR. RHEINHART:  Objection to the form.
8       It's compound and ambiguous, calls for
9       speculation and instruct her not to answer
10      based on her Fifth Amendment privilege.
11          THE WITNESS:  On the instruction of my
12      lawyer, I must invoke my Fifth Amendment
13      privilege.
14   BY MR. KUVIN:
15      Q.  Would you agree with me that you have been
16   on the plane, one of Jeffrey Epstein's -- strike
17   that.
18              Would you agree with me that you have
19   been on Jeffrey Epstein's plane with him to Paris
20   where there have been girls on the plane with you
21   under the age of 16?
22          MR. RHEINHART:  Objection to the form as
23      compound, assuming facts not established the
24      witness has any knowledge, and instruct the
25      witness not to answer based on her Fifth

1       Amendment privilege.  It's also leading.
2           THE WITNESS:  On the instruction of my
3       lawyer, I must invoke my Fifth Amendment
4       privilege.
5    BY MR. KUVIN:
6       Q.  Would you agree with me that you have been
7    on the plane with Jeffrey Epstein on flights to
8    Paris where there have been girls on the plane with
9    you under the age of 15?
10          MR. RHEINHART:  Same objection and same
11      instruction as the previous question.
12          THE WITNESS:  On the instruction of my
13      lawyer, I must invoke my Fifth Amendment
14      privilege.
15   BY MR. KUVIN:
16      Q.  Would you agree with me that you have been
17   on those same flights we have been discussing where
18   there have been girls under the age of 14?
19          MR. RHEINHART:  Same instruction and same
20      objection as the previous two questions.
21          THE WITNESS:  On the instruction of my
22      lawyer, I must invoke my Fifth Amendment
23      privilege.
24   BY MR. KUVIN:
25      Q.  Would you agree with me that on the

1    occasions where Jeffrey Epstein was flying with
2    young girls under the age of 16 from Teterboro, New
3    Jersey, to Florida, West Palm Beach, Florida, with
4    girls under the age of 16, was doing so, so that he
5    could have sexual contact with them?
6           MR. RHEINHART:  Object to the form.  It's
7       compound and requires her to assume facts that
8       have not been established, and it's ambiguous,
9       and instruct her not to answer based on the
10      Fifth Amendment privilege.
11          THE WITNESS:  On the instruction of my
12      lawyer, I must assert my Fifth Amendment right.
13   BY MR. KUVIN:
14      Q.  Do you agree with me that on the flights
15   from West Palm Beach to Paris, where you were
16   present on the plane with Jeffrey Epstein, that
17   there were girls under the age of 16 that
18   Jeffrey Epstein was having sexual contact with on
19   that plane?
20          MR. RHEINHART:  Same objections as
21      previously stated.  It's compound, ambiguous,
22      and assumes facts that she has no knowledge, or
23      it has not been established that she has any
24      knowledge of, and instruct her not to answer
25      based on the Fifth Amendment, and it's leading.

1           THE WITNESS:  On the instruction of my
2       lawyer I must invoke my Fifth Amendment right.
3    BY MR. KUVIN:
4       Q.  Ma'am, you've been on the plane, you've
5    been on a plane with Jeffrey Epstein in the past,
6    have you not?
7           MR. RHEINHART:  Objection to the form as
8       leading, and instruct her not to answer based
9       on the Fifth Amendment privilege.
10          THE WITNESS:  On the instruction of my
11      lawyer, I must invoke my Fifth Amendment
12      privilege.
13   BY MR. KUVIN:
14      Q.  Have you been on a plane with
15   Jeffrey Epstein ever in your entire life?
16          MR. RHEINHART:  Instruct the witness not
17      to answer based on her Fifth Amendment right.
18          THE WITNESS:  On the instruction of my
19      lawyer I must invoke my Fifth Amendment
20      privilege.
21   BY MR. KUVIN:
22      Q.  Have you ever been on a plane with
23   Jeffrey Epstein where there was a girl on the plane
24   with you under the age of 14?
25          MR. RHEINHART:  Same instruction.

## Page 57

1    THE WITNESS: On the instruction of my
2 lawyer, I must invoke my Fifth Amendment
3 privilege.
4 BY MR. KUVIN:
5    Q.  Ma'am, isn't it true that you've seen
6 Jeffrey Epstein have sex with girls under the age of
7 14 on his plane?
8    MR. RHEINHART: Objection to the form.  It
9    assumes facts that it's not been established
10    that she would have any knowledge of, and I'll
11    instruct her not to answer based on her Fifth
12    Amendment right.
13    THE WITNESS: On the instruction of my
14    lawyer, I must invoke my Fifth Amendment
15    privilege.
16 BY MR. KUVIN:
17    Q.  Would you agree with me that you've seen
18 Jeffrey Epstein have sex with girls on his plane in
19 your presence during flights to Paris?
20    MR. RHEINHART: Same objection previously
21    stated, and it assumes facts that have not been
22    established and instruct her not to answer
23    based on her Fifth Amendment right.
24    THE WITNESS: On the instruction of my
25    lawyer, I must invoke my Fifth Amendment

## Page 58

1 privilege.
2 BY MR. KUVIN:
3    Q.  Ma'am, isn't it true that you've seen
4 Jeffrey Epstein and Jean-Luc Brunel have sex with
5 girls under the age of 14 on Mr. Epstein's plane on
6 flights to Paris?
7    MR. RHEINHART: Objection to the form.
8    It's compound, as to several answers all at the
9    same time and certain facts, and instruct her
10    not to answer based on her Fifth Amendment.
11    THE WITNESS: On the instruction of my
12    lawyer, I must invoke my Fifth Amendment
13    privilege.
14 BY MR. KUVIN:
15    Q.  Ma'am, isn't it true that you have had sex
16 with Jeffrey Epstein on his plane?
17    MR. RHEINHART: Instruct the witness not
18    to answer based on the Fifth Amendment
19    privilege, also object to the form of the
20    question as compound and ambiguous.
21    THE WITNESS: On the instruction of my
22    lawyer, I must invoke my Fifth Amendment right.
23 BY MR. KUVIN:
24    Q.  Isn't it true that you've had sex with
25 Jeffrey Epstein on his plane on flights to Paris?

## Page 59

1    MR. RHEINHART: Same objection as stated
2 to the previous question; it's ambiguous and
3 instruct her not to answer based on the Fifth
4 Amendment.
5    THE WITNESS: On the instruction of my
6 lawyer, I must invoke my Fifth Amendment right.
7    MR. KUVIN: Just to clarify, is the
8 ambiguity the word "sex"?
9    MR. RHEINHART: Sex and also assumes that
10 she's ever met Jeffrey Epstein in her life.
11    MR. KUVIN: Any other words in there I
12 need to clarify?
13    MR. RHEINHART: No.
14 BY MR. KUVIN:
15    Q.  Okay.  Ma'am, do you -- what's your
16 definition of the word "sex"?
17    MR. RHEINHART: Object to the form of the
18    question and instruct the witness not to answer
19    based on her Fifth Amendment privilege.
20    THE WITNESS: On the instruction of my
21    lawyer, I must invoke my Fifth Amendment right.
22 BY MR. KUVIN:
23    Q.  Would you agree with me that the word
24 "sex" means both vaginal intercourse as well as oral
25 sex?  Would you agree with that definition?

## Page 60

1    MR. RHEINHART: You can answer that.
2    THE WITNESS: No.
3 BY MR. KUVIN:
4    Q.  Okay.  Would you agree with me that sex,
5 for the purpose of our questions here today, will be
6 limited strictly to vaginal intercourse?
7    A.  Sorry.  Can you repeat that?
8    Q.  Yes.  For the purpose of my questions here
9 today, will you agree that the word "sex" will be
10 limited to vaginal intercourse between a man's penis
11 and a woman's vagina?
12    MR. RHEINHART: If you're instructing her
13    that in the future she should assume that
14    that's what you mean by your question, that's
15    fine.
16    MR. KUVIN: Okay.
17    MR. RHEINHART: If that's what you mean,
18    then that's understood.
19    MR. KUVIN: That's what I mean.
20    MR. RHEINHART: Okay.
21    MR. KUVIN: All right.  Let's go with that
22    definition.  And for the purposes of my
23    questions, "oral sex" will mean contact between
24    an individual's mouth and a man's sexual organ,
25    penis.  Fair enough?

Page 61

1  MR. RHEINHART: Understood.
2  MR. KUVIN: Okay.
3  BY MR. KUVIN:
4  Q.  Working with those definitions if we
5  could, would you agree with me that you had sex with
6  Jeffrey Epstein on his plane?
7  MR. RHEINHART: Objection to the form.
8  It's compound and instruct her not to answer
9  based on the Fifth Amendment privilege, because
10  to do so would implicitly admit that she's ever
11  met Jeffrey Epstein in her life, and so as to
12  that she's invoking the Fifth Amendment
13  privilege.
14  THE WITNESS: On the instruction of my
15  lawyer, I must invoke my Fifth Amendment
16  privilege.
17  BY MR. KUVIN:
18  Q.  Would you agree with me that you have had
19  oral sex with Jeffrey Epstein on his plane?
20  MR. RHEINHART: Same objection stated to
21  the previous question. It's compound and it
22  assumes facts that's not been established as to
23  which she is invoking her Fifth Amendment
24  privilege.
25  THE WITNESS: On the instruction of my

Page 62

1  lawyer, I must invoke my Fifth Amendment
2  privilege.
3  BY MR. KUVIN:
4  Q.  Would you agree with me that you have had
5  sex with Jeffrey Epstein in his home --
6  MR. RHEINHART: Object to the --
7  MR. KUVIN: -- here in West Palm, in West
8  Palm Beach?
9  MR. RHEINHART: I'll instruct the witness
10  not to answer based on her Fifth Amendment
11  privilege and same objection previously stated
12  to the last two questions.
13  THE WITNESS: On the instruction of my
14  lawyer, I must invoke my Fifth Amendment
15  privilege.
16  BY MR. KUVIN:
17  Q.  Would you agree with me that you have had
18  oral sex with Jeffrey Epstein in his home in West
19  Palm Beach?
20  MR. GARCIA: Is it West, or Palm Beach?
21  MR. KUVIN: Palm Beach Island, I think
22  it's, because -- yeah, for clarity, his home on
23  Palm Beach.
24  MR. RHEINHART: Object to the form. It
25  assumes facts as to her knowledge of

Page 63

1  Mr. Epstein's residence, as to her knowledge of
2  Mr. Epstein and other facts as to which she's
3  invoking her Fifth Amendment privilege.
4  THE WITNESS: On the instruction of my
5  lawyer, I must invoke my Fifth Amendment
6  privilege.
7  MR. KUVIN: Let me show you what we'll
8  mark as Exhibit 6. And this one I'm going to
9  show it to the camera real briefly, if I could.
10  Okay.
11  MR. RHEINHART: Let me see it. Thank you.
12  (Plaintiff's Exhibit No. 6 was marked for
13  identification.)
14  BY MR. KUVIN:
15  Q.  Ma'am, do you recognize any of the girls
16  shown in Exhibit 6?
17  MR. RHEINHART: I'll instruct the witness
18  not to answer based on her Fifth Amendment
19  privilege.
20  THE WITNESS: On the instruction of my
21  lawyer, I must invoke my Fifth Amendment right.
22  BY MR. KUVIN:
23  Q.  Would you agree with me that that is you
24  on the right in this photograph, the far right?
25  MR. RHEINHART: I'll instruct the witness

Page 64

1  not to answer.
2  THE WITNESS: On the instruction of my
3  lawyer, I must invoke my Fifth Amendment
4  privilege.
5  BY MR. KUVIN:
6  Q.  Would you agree with me that that is
7  Nadia Marcinkova on the left in that photograph that
8  we marked as Exhibit 6?
9  MR. RHEINHART: Same instruction.
10  THE WITNESS: On the instruction of my
11  lawyer, I must invoke my Fifth Amendment
12  privilege.
13  BY MR. KUVIN:
14  Q.  How old are you in this photograph?
15  MR. RHEINHART: Same instruction.
16  THE WITNESS: On the instruction of my
17  lawyer, I must invoke my Fifth Amendment
18  privilege.
19  BY MR. KUVIN:
20  Q.  How old is Nadia Marcinkova in this
21  photograph, if you know?
22  MR. RHEINHART: I'm going to object to the
23  form in that it assumes facts as to her
24  knowledge of anything about Ms. Marcinkova, and
25  as to which she is invoking her Fifth Amendment

16  (Pages 61 to 64)

Page 65

```
 1    privilege.
 2         THE WITNESS:  On the instruction of my
 3    lawyer, I must invoke my Fifth Amendment
 4    privilege.
 5         MR. KUVIN:  This is Exhibit 7.  Let me
 6    show you what we'll mark as Exhibit 7.
 7         (Plaintiff's Exhibit No. 7 was marked for
 8    identification.)
 9    BY MR. KUVIN:
10         Q.  Do you recognize the girl that's shown in
11    Exhibit 7?
12         MR. RHEINHART:  I need to consult with her
13    one second.
14         MR. KUVIN:  Sure.
15         THE VIDEOGRAPHER:  Are we off the record?
16         MR. KUVIN:  No, no.
17         MR. RHEINHART:  Instruct the witness to
18    invoke her Fifth Amendment privilege as to
19    Exhibit 7.
20         MR. KUVIN:  She's clipped up.  Okay.
21         MR. RHEINHART:  Now you have to answer.
22         THE WITNESS:  On the advice of my lawyer,
23    I must invoke my Fifth Amendment privilege.
24    BY MR. KUVIN:
25         Q.  Would you agree with me that the girl
```

Page 66

```
 1    shown in Exhibit 7 is Haley Robson?
 2         MR. RHEINHART:  Instruct the witness not
 3    to answer based on the Fifth Amendment
 4    privilege.
 5         THE WITNESS:  On the instruction of my
 6    lawyer, I must invoke my Fifth Amendment
 7    privilege.
 8    BY MR. KUVIN:
 9         Q.  Do you agree with me that Haley Robson was
10    under the age of 16 when she was first asked to go
11    to Mr. Epstein's home?
12         MR. RHEINHART:  Objection to the form.  It
13    assumes any knowledge by this witness as to the
14    person you identified as Haley Robson.  It's
15    compound and I would instruct her not to answer
16    based on her Fifth Amendment privilege.
17         THE WITNESS:  On the instruction of my
18    lawyer, I must invoke my Fifth Amendment
19    privilege.
20    BY MR. KUVIN:
21         Q.  Would you agree with me that you know
22    personally Haley Robson?
23         MR. RHEINHART:  Instruct the witness not
24    to answer based on the Fifth Amendment
25    privilege.
```

Page 67

```
 1         THE WITNESS:  On the instruction of my
 2    lawyer, I must invoke my Fifth Amendment
 3    privilege.
 4    BY MR. KUVIN:
 5         Q.  Would you agree with me that Haley Robson
 6    has been to Mr. Epstein's home on hundreds of
 7    occasions?
 8         MR. RHEINHART:  Object to the form as
 9    compound and also assumes knowledge as this
10    witness has and instruct her to invoke her
11    Fifth Amendment privilege relating to
12    Ms. Robson.
13         THE WITNESS:  On the instruction of my
14    lawyer, I must invoke my Fifth Amendment
15    privilege.
16    BY MR. KUVIN:
17         Q.  Would you agree with me that you directed
18    Haley Robson on hundreds of occasions to bring girls
19    under the age of 16 to Mr. Epstein's house?
20         MR. RHEINHART:  Object to the form of the
21    question as compound and ambiguous and assuming
22    facts as to which there is no factual basis
23    that this witness has any knowledge and
24    instruct the witness not to answer based on her
25    Fifth Amendment privilege.
```

Page 68

```
 1         THE WITNESS:  On the instruction of my
 2    lawyer, I must choose to invoke my Fifth
 3    Amendment right.
 4    BY MR. KUVIN:
 5         Q.  Would you agree with me that on hundreds
 6    of occasions you directed Haley Robson to bring
 7    underage girls under the age of 16 to Mr. Epstein's
 8    home for sex with Mr. Epstein?
 9         MR. RHEINHART:  Object to the form.  It's
10    compound and it assumes facts as to this --
11    that this witness has no personal knowledge,
12    and it's been established by this record, and
13    instruct her to invoke her Fifth Amendment
14    privilege.
15         THE WITNESS:  On the instruction of my
16    lawyer, I must invoke my Fifth Amendment
17    privilege.
18         MR. KUVIN:  We'll mark this as Exhibit 8.
19         (Plaintiff's Exhibit No. 8 was marked for
20    identification.)
21    BY MR. KUVIN:
22         Q.  Ma'am, do you recognize the person that's
23    shown in Exhibit 8?
24         MR. RHEINHART:  Let me consult one second.
25         MR. KUVIN:  Sure.
```

Page 69

1    MR. RHEINHART: I instruct the witness not
2 to answer the question based on her Fifth
3 Amendment privilege.
4    THE WITNESS: Based on the instruction of
5 my lawyer, I must invoke my Fifth Amendment
6 right.
7 BY MR. KUVIN:
8    Q.  Would you agree with me that the person
9 shown on Exhibit 8 is you?
10    MR. RHEINHART: Same instruction.
11    THE WITNESS: On the instruction of my
12 lawyer, I must invoke my Fifth Amendment
13 privilege.
14 BY MR. KUVIN:
15    Q.  Would you agree with me that this is a
16 modeling shot of you that was taken through one of
17 Mr. Epstein's modeling agencies?
18    MR. RHEINHART: Object to the form of the
19 question as compound and assuming facts as to
20 which there has been no basis that this witness
21 has any personal knowledge, and she's going
22 invoke her Fifth Amendment privilege.
23    THE WITNESS: On the instruction of my
24 lawyer, I must invoke my Fifth Amendment
25 privilege.

Page 70

1 BY MR. KUVIN:
2    Q.  Would you agree with me that you were
3 under the age of 18 in this photograph we've marked
4 as Exhibit 8?
5    MR. RHEINHART: Same objection as to the
6 previous question and same instruction.
7    THE WITNESS: On the instruction of my
8 lawyer, I must invoke my Fifth Amendment right.
9 BY MR. KUVIN:
10    Q.  Would you agree with me that you were
11 under the age of 17 in this photograph that we've
12 marked as Exhibit 8?
13    MR. RHEINHART: Same objection as the
14 previous two question and the same instruction.
15    THE WITNESS: On the instruction of my
16 lawyer, I must invoke my Fifth Amendment right.
17 BY MR. KUVIN:
18    Q.  Would you agree with me that Jeffrey
19 Epstein kept this photograph of you in his home, if
20 you know.
21    MR. RHEINHART: Object to the form of the
22 question as compound and ambiguous, and I would
23 instruct the witness not to answer.
24    THE WITNESS: On the instruction of my
25 lawyer, I must invoke my Fifth Amendment right.

Page 71

1    MR. GARCIA: He didn't make a Fifth
2 Amendment objection. So can we just rephrase
3 the question?
4    MR. RHEINHART: I would instruct the
5 witness not to answer based on the Fifth
6 Amendment privilege to clarify.
7    MR. KUVIN: Okay. Let's mark this as
8 Exhibit 9.
9    MR. RHEINHART: And for the record, the
10 basis is that it assumes her knowledge of
11 anything relating to Jeffrey Epstein, the
12 question assumed that.
13    (Plaintiff's Exhibit No. 9 was marked for
14 identification.)
15 BY MR. KUVIN:
16    Q.  Ma'am, do you recognize the girl shown in
17 Exhibit 9?
18    MR. RHEINHART: I'll instruct the witness
19 not to answer based on her Fifth Amendment
20 privilege.
21    THE WITNESS: On the instruction of my
22 lawyer, I must invoke my Fifth Amendment right.
23 BY MR. KUVIN:
24    Q.  Would you agree with me that the girl
25 shown in Exhibit 9 is Nadia Marcinkova?

Page 72

1    MR. RHEINHART: Same instruction.
2    THE WITNESS: On the instruction of my
3 lawyer, I must invoke my Fifth Amendment
4 privilege.
5    MR. KUVIN: I forgot to do one more thing.
6 If you could give that back to me for just one
7 second just for the record so we can see what
8 we're talking about here.
9    Okay.  I will give you back Exhibit
10 9.
11    MR. RHEINHART: Thank you.
12 BY MR. KUVIN:
13    Q.  Would you agree with me that this
14 photograph of Nadia Marcinkova was taken when she
15 was under the age of 18?
16    MR. RHEINHART: Objection to the form. It
17 assumes this witness has any knowledge that the
18 person in the photograph is, in fact, Nadia
19 Marcinkova. Therefore, it's ambiguous and
20 compound, and I'll instruct her not to answer
21 based on her Fifth Amendment privilege.
22    THE WITNESS: On the instruction of my
23 lawyer, I must invoke my Fifth Amendment right.
24 BY MR. KUVIN:
25    Q.  Would you agree with me that the girl

18  (Pages 69 to 72)

Page 73

1  shown in that photograph -- strike that.
2          Would you agree with me that this
3  photograph was kept by Jeffrey Epstein in his home?
4          MR. RHEINHART: Objection to the form as
5      to being compound in that it assumes that she
6      has any knowledge of Jeffrey Epstein or his
7      home, and I would instruct her not to answer
8      based on her Fifth Amendment.
9          THE WITNESS: On the instruction of my
10     lawyer, I must invoke my Fifth Amendment right.
11 BY MR. KUVIN:
12     Q.  Would you agree with me that
13 Nadia Marcinkova was under the age of 16 when this
14 photograph was taken in Exhibit 9?
15         MR. RHEINHART: Objection to the form as
16     compound and also assuming this witness has any
17     knowledge that the person in the photograph is,
18     in, fact, Nadia Marcinkova. Therefore, I would
19     instruct her to invoke her Fifth Amendment
20     privilege.
21         THE WITNESS: On the instruction of my
22     lawyer, I must invoke my Fifth Amendment right.
23 BY MR. KUVIN:
24     Q.  Ma'am, is Jeffrey Epstein paying for your
25 attorney today?

Page 74

1          MR. RHEINHART: I'll instruct the witness
2      not to answer based on her Fifth Amendment
3      privilege.
4          THE WITNESS: On the instruction of my
5      lawyer, I must invoke my Fifth Amendment right.
6  BY MR. KUVIN:
7      Q.  Ma'am, is Jeffrey Epstein paying for you
8  to keep quiet with respect to the things he has done
9  to underage girls?
10         MR. RHEINHART: Objection to the form in
11     that it's ambiguous and compound, also assumes
12     this witness has any knowledge at all of
13     Jeffrey Epstein, and therefore I am instructing
14     her to invoke her Fifth Amendment privilege.
15         THE WITNESS: On the instruction of my
16     lawyer, I must invoke my Fifth Amendment
17     privilege.
18 BY MR. KUVIN:
19     Q.  Ma'am, how much is Jeffrey Epstein paying
20 you to keep quiet with respect to things he's done
21 to underage girls?
22         MR. RHEINHART: Object to the form as
23     multiple compound questions, and it's again
24     assuming this witness has any knowledge at all
25     of Jeffrey Epstein. Since the question

Page 75

1  implicitly assumes that she does, I would
2      instruct her not to answer it based on her
3      Fifth Amendment privilege.
4          THE WITNESS: Upon the instruction of my
5      lawyer, I must invoke my Fifth Amendment
6      privilege.
7  BY MR. KUVIN:
8      Q.  Ma'am, are you aware of the effect, the
9  emotional effect on the underage girls that have
10 been abused by Jeffrey Epstein? Are you aware of
11 the emotional effect that it's had on the underage
12 girls that have been abused by Jeffrey Epstein?
13         MR. RHEINHART: Objection to the form as
14     to, again, the question assumes this witness
15     has any knowledge, first, of Jeffrey Epstein,
16     second that Jeffrey Epstein has sexually abused
17     anyone ever, and third, that anyone has been
18     damaged by anything that Jeffrey Epstein has
19     done, and fourth, that she would somehow have
20     any knowledge of these people's emotional
21     situations. For all those reasons, the
22     question is ambiguous and compound, and I would
23     instruct her not to answer based on her Fifth
24     Amendment.
25         THE WITNESS: Upon the instruction of my

Page 76

1  lawyer, I must invoke my Fifth Amendment right.
2  BY MR. KUVIN:
3      Q.  Ma'am, do you have any regret for what
4  you've done?
5          MR. RHEINHART: Objection to the form.
6      That question is not designed to lead to
7      discoverable evidence. It's meant solely for
8      the purpose of harassment, and I would instruct
9      her not to answer.
10 BY MR. KUVIN:
11     Q.  Ma'am, do you have any regrets for what
12 Jeffrey Epstein has done through you in obtaining
13 underage girls for sexual abuse?
14         MR. RHEINHART: Same objection as the
15     previous question as well as that question is
16     now free to assume this witness has any
17     knowledge at all of Jeffrey Epstein or
18     Jeffrey Epstein having abused any underage
19     women or girls or anything else that
20     Jeffrey Epstein may ever have done.
21         And therefore, since it assumes that
22     fact, I would instruct her not to answer
23     based on her Fifth Amendment.
24 BY MR. KUVIN:
25     Q.  Are you scared of Jeffrey Epstein?

19  (Pages 73 to 76)

Page 77

```
 1           MR. KUVIN: I'm sorry, you had to respond.
 2    I cut you off.
 3           THE WITNESS: Upon the instruction of my
 4    lawyer, I must invoke my Fifth Amendment right.
 5    BY MR. KUVIN:
 6       Q. Are you scared of Jeffrey Epstein?
 7           MR. RHEINHART: Objection to the form in
 8    that it assumes this witness has ever met
 9    Jeffrey Epstein in her life. Because it
10    assumes that, I would instruct her not to
11    answer based on the Fifth Amendment.
12           THE WITNESS: On the instruction of my
13    lawyer, I must invoke my Fifth Amendment right.
14    BY MR. KUVIN:
15       Q. Are you aware of Jeffrey Epstein's sexual
16    obsession for children?
17           MR. RHEINHART: Same instructions as the
18    previous question, also objection to the
19    question. It's not designed to lead to any
20    discoverable evidence at all. It's simply
21    meant for harassment.
22           THE WITNESS: On the instruction of my
23    lawyer, I must invoke my Fifth Amendment
24    privilege.
25
```

Page 78

```
 1    BY MR. KUVIN:
 2       Q. At what point did you realize that
 3    Jeffrey Epstein was sexually attracted to girls
 4    under the age of 18?
 5           MR. RHEINHART: Once again, the question
 6    assumes this witness knows anything at all
 7    about Jeffrey Epstein, underage women, sexual
 8    abuse of underage women, and she's not going to
 9    answer any questions that assume that as a
10    predicate. They are objectionable as ambiguous
11    and compound, and I instruct her not to answer.
12           THE WITNESS: On the instruction of my
13    lawyer, I must invoke my Fifth Amendment
14    privilege.
15    BY MR. KUVIN:
16       Q. Are you aware whether or not
17    Jeffrey Epstein has had any homosexual relationships
18    in the past?
19           MR. RHEINHART: Same objection as the
20    previous question. The question as stated
21    assumes this witness has some knowledge of
22    Jeffrey Epstein. And since it assumes that
23    fact, it is ambiguous and it's compound, and I
24    instruct her not to answer.
25           THE WITNESS: On the instruction of my
```

Page 79

```
 1    lawyer, and I must invoke my Fifth Amendment
 2    privilege.
 3    BY MR. KUVIN:
 4       Q. Do you know who Les Wexner is?
 5           MR. RHEINHART: I'll instruct the witness
 6    not to answer based on her Fifth Amendment
 7    privilege.
 8           THE WITNESS: On the instruction of my
 9    lawyer, I must invoke my Fifth Amendment
10    privilege.
11    BY MR. KUVIN:
12       Q. Do you know whether or not Mr. Epstein has
13    had a homosexual relationship with Les Wexner in the
14    past?
15           MR. RHEINHART: Objection to the form in
16    that it again assumes that this witness knows
17    anything at all about Jeffrey Epstein or has
18    ever met Jeffrey Epstein in her life, and
19    therefore, I would instruct her not to answer
20    based on her Fifth Amendment privilege, and the
21    question is compound and ambiguous.
22           THE WITNESS: On the instruction of my
23    lawyer, I must invoke my Fifth Amendment
24    privilege.
25
```

Page 80

```
 1    BY MR. KUVIN:
 2       Q. Do you know the magician by the name
 3    David Copperfield?
 4           MR. RHEINHART: I'll instruct the witness
 5    not to answer based on her Fifth Amendment
 6    right.
 7           THE WITNESS: On the instruction of my
 8    lawyer, I must invoke my Fifth Amendment
 9    privilege.
10    BY MR. KUVIN:
11       Q. You are aware, are you not, that
12    David Copperfield has visited Jeffrey Epstein's home
13    in Palm Beach?
14           MR. RHEINHART: Objection to the form as
15    it once again assumes she has some knowledge of
16    Jeffrey Epstein, or whether he has a home in
17    Palm Beach. Because those facts are implicit
18    in the question, the question is ambiguous and
19    compound. I would instruct her not to answer
20    based on her Fifth Amendment.
21           THE WITNESS: On the instruction of my
22    lawyer, I must invoke my Fifth Amendment
23    privilege.
24    BY MR. KUVIN:
25       Q. You are aware, are you not, that
```

Page 81

1  David Copperfield and Jeffrey Epstein used to share
2  for sexual -- for sex, girls under the age of 16?
3       MR. RHEINHART:  Same objection as
4       previously stated to the last I don't know how
5       many questions.  This question again assumes
6       this witness knows Jeffrey Epstein, has any
7       knowledge of Jeffrey Epstein's life.  And
8       because it assumes that fact, there is an
9       underlying predicate it is ambiguous and
10      compound.  I would instruct her not to answer.
11       THE WITNESS:  On the instruction of my
12      lawyer, I must invoke my Fifth Amendment
13      privilege.
14  BY MR. KUVIN:
15      Q.  From the time you met Mr. Epstein, isn't
16  it true that he would arrange for underage girls,
17  girls under the age of 18, to have sex with every
18  single day?
19       MR. RHEINHART:  Let me try this again.
20      Objection to the form.  Any question you're
21      going to ask her that assumes she knows
22      Jeffrey Epstein, she's ever met Jeffrey
23      Epstein, she's ever seen Jeffrey Epstein, knows
24      where he lives, knows what he does, if it
25      assumes that as part of the question, I will

Page 82

1       deem the question to be ambiguous and compound,
2       because you're asking her to admit as a
3       predicate that she knows Mr. Epstein.  As to
4       any question like that, I am going to instruct
5       her to take the Fifth Amendment on that basis.
6       So I would again instruct her to take the Fifth
7       Amendment as to that question.
8       THE WITNESS:  On the instruction of my
9      lawyer, I must invoke my Fifth Amendment
10      privilege.
11       MR. KUVIN:  If you want to short circuit
12      that, anytime I mention Jeffrey Epstein you can
13      have a standing objection on that issue.  I
14      have no problem.
15       MR. RHEINHART:  Great.
16  BY MR. KUVIN:
17      Q.  Can you explain, if you would, to a jury
18  how Mr. Epstein would access underage minor females
19  for sex every day?
20       MR. RHEINHART:  The question is compound
21      in that it asks about Mr. Epstein every day,
22      underage females, and involves multiple
23      questions in the same question, and also based
24      on the standing objection, I would instruct her
25      not to answer based on her Fifth Amendment

Page 83

1       privilege.
2       THE WITNESS:  On the instruction of my
3      lawyer, I must invoke my Fifth Amendment
4      privilege.
5  BY MR. KUVIN:
6       Q.  How many people did Jeffrey Epstein use to
7  help him bring minor females to his house in Palm
8  Beach for sex?
9       MR. RHEINHART:  Same objection as the
10      previous question and I instruct her not to
11      answer.
12       THE WITNESS:  On the instruction of my
13      lawyer, I must invoke my Fifth Amendment
14      privilege.
15  BY MR. KUVIN:
16      Q.  Do you agree that Jeffrey Epstein is a
17  child molester?
18       MR. RHEINHART:  That question is solely
19      intended to harass the witness and it's
20      ambiguous as to what a child molester means,
21      and you're asking for a legal conclusion and
22      instruct her not to answer.
23  BY MR. KUVIN:
24      Q.  In your own opinion.
25       MR. RHEINHART:  I will again instruct her

Page 84

1       not to answer based on her Fifth Amendment
2       privilege as well as the question having no
3       legitimate basis and will not lead to
4       discoverable evidence.
5       THE WITNESS:  On the instruction of my
6      lawyer, I must invoke my Fifth Amendment
7      privilege.
8  BY MR. KUVIN:
9       Q.  Would you agree that Jeffrey Epstein is
10  obsessed with underage females?
11       MR. RHEINHART:  Objection to the form.
12      It's ambiguous as to what you mean by
13      "obsessed."  I'll instruct the witness not to
14      answer based on her Fifth Amendment privilege,
15      because the question assumes knowledge of
16      Jeffrey Epstein.
17       THE WITNESS:  On the instruction of my
18      lawyer, I must invoke my Fifth Amendment
19      privilege.
20  BY MR. KUVIN:
21      Q.  How would you define the word "obsessed"?
22       MR. RHEINHART:  You can answer that.
23       THE WITNESS:  I don't know.  You like a
24      lot.  I don't know.
25

21 (Pages 81 to 84)

Page 85

1  BY MR. KUVIN:
2      Q.  Okay.  Using your definition of obsessed,
3  would you agree with me that Jeffrey Epstein was
4  obsessed with underage females?
5      MR. RHEINHART:  Same objection; same
6  instruction.
7      THE WITNESS:  On the instruction of my
8  lawyer, I must invoke my Fifth Amendment
9  privilege.
10  BY MR. KUVIN:
11      Q.  When was the first time that you learned
12  Mr. Epstein was getting a massage from a girl under
13  the age of 16?
14      MR. RHEINHART:  One second.
15      MR. RHEINHART:  Sure.
16      MR. RHEINHART:  I want to make the
17  standing objection for the reasons previously
18  stated, the question is otherwise also compound
19  in that it assumes multiple facts and asks her
20  to answer multiple questions at the same time.
21  I'll instruct her not to answer based on her
22  Fifth Amendment.
23      THE WITNESS:  On the instruction of my
24  lawyer, I must invoke my Fifth Amendment
25  privilege.

Page 86

1  BY MR. KUVIN:
2      Q.  Do you know who owns the home at 358
3  El Brillo Way?
4      MR. RHEINHART:  Same instructions as to
5  the standing objection.
6      THE WITNESS:  On the instruction of my
7  lawyer, I must invoke my Fifth Amendment
8  privilege.
9  BY MR. KUVIN:
10      Q.  Have you been on Palm Beach Island before?
11      MR. RHEINHART:  I am sorry.  Can you
12  restate the question?
13      MR. KUVIN:  Sure.
14  BY MR. KUVIN:
15      Q.  Have you been on the Island of Palm Beach
16  before?
17      MR. RHEINHART:  You can answer that yes or
18  no.
19      THE WITNESS:  Yes.
20  BY MR. KUVIN:
21      Q.  How many times?
22      MR. RHEINHART:  I'll instruct her not to
23  answer that question based on her Fifth
24  Amendment privilege.
25      THE WITNESS:  On the instruction of my

Page 87

1  lawyer, I must invoke my Fifth Amendment
2  privilege.
3  BY MR. KUVIN:
4      Q.  Did you keep a journal with the names of
5  girls in it in the year 2005?
6      MR. RHEINHART:  Objection to the form as
7  ambiguous.  What do you mean by "journal"?
8      MR. KUVIN:  I will define it.
9      MR. RHEINHART:  Please.
10  BY MR. KUVIN:
11      Q.  Did you keep a pad of paper, either a
12  ringed notebook or some other format with the names
13  of girls and their phone numbers in it in 2005?
14      MR. RHEINHART:  I'll instruct the witness
15  not to answer based on her Fifth Amendment
16  privilege.  Also the question remains
17  ambiguous.
18      THE WITNESS:  On the instruction of my
19  lawyer, I must invoke my Fifth Amendment
20  privilege.
21  BY MR. KUVIN:
22      Q.  Would you agree with me that you kept a
23  pad of paper or a journal, however you want to
24  describe it, that contain the names of hundreds of
25  underage girls and their phone numbers?

Page 88

1      MR. RHEINHART:  Objection to the form of the
2  question.  It's compound and asking her to
3  answer multiple questions at the same time.
4  It's also leading, and I would instruct her not
5  to answer based on her Fifth Amendment.
6      THE WITNESS:  On the instruction of my
7  lawyer, I must invoke my Fifth Amendment right.
8  BY MR. KUVIN:
9      Q.  Would you agree with me that you kept a
10  pad of paper, notebook, or journal with the names of
11  hundreds of girls under the age of 16 so that you
12  could contact them and have them come to
13  Jeffrey Epstein's home for sex with him?
14      MR. RHEINHART:  Objection to the form as
15  compound and ambiguous, and I'll instruct her
16  not to answer based on Fifth Amendment.
17      THE WITNESS:  On the instruction of my
18  lawyer, I must invoke my Fifth Amendment
19  privilege.
20  BY MR. KUVIN:
21      Q.  Do you know Alfredo Rodriguez?
22      MR. RHEINHART:  I'll instruct the witness
23  not to answer based on her Fifth Amendment
24  privilege.
25      THE WITNESS:  On the instruction of my

Page 89

1      lawyer, I must invoke my Fifth Amendment
2      privilege.
3   BY MR. KUVIN:
4      Q.   Are you aware that Alfredo Rodriguez has
5   pled guilty to federal charges for hiding a journal
6   containing the names of women?
7          MR. RHEINHART: Objection to the form as
8      compound and instruct her not to answer.
9          THE WITNESS: On the instruction of my
10     lawyer, I must choose to invoke my Fifth
11     Amendment privilege.
12  BY MR. KUVIN:
13     Q.   Do you have a personal fear of criminal
14  prosecution as you sit here today?
15         MR. RHEINHART: I instruct the witness --
16     object to the form.  That's the whole basis why
17     one would invoke the Fifth Amendment so clearly
18     she's does.  I am not going to have her answer
19     the question.  It's solely meant to harass.
20         MR. KUVIN:  So is she not going to answer
21     that question?
22         MR. RHEINHART: She's not going to answer
23     that question.
24         MR. KUVIN: I think what I need to
25     establish is that she personally has a fear,

Page 90

1   not her lawyer.  So I would like to establish
2   whether the witness has a personal fear.
3          MR. RHEINHART: Well, first of all, under
4      the Fifth Amendment you don't have to be in
5      fear.  You just have to believe that the
6      government believes you can be prosecuted for
7      something.  She's been invoking the Fifth
8      Amendment on her own.  It is implicit in her
9      invocation in what she fears.  She's not going
10     to answer that question.
11         MR. KUVIN: Well, I tend to disagree.  She
12     hasn't been invoking it on her own.  She's been
13     invoking it after you have instructed her to
14     invoke it.  So I want to know her personal --
15         MR. RHEINHART: You can take that up with
16     the judge then.  She's not answering the
17     question.  She's invoking her Fifth Amendment
18     on her own accord based on the advice of her
19     lawyer.  And you can take it up somewhere else,
20     but she's not answering that question.
21         MR. KUVIN: Well, then let me clarify the
22     record.
23  BY MR. KUVIN:
24     Q.   Ma'am, are you invoking your Fifth
25  Amendment because you personally have a concern of

Page 91

1   prosecution by either the State or the federal
2   government?
3          MR. RHEINHART: She's not answering that
4      question.  She's not required to answer the
5      question.  She's invoked her Fifth Amendment
6      privilege.  She will continue to do so as to
7      that question.  You can move on.
8   BY MR. KUVIN:
9      Q.   Ma'am, are you invoking your Fifth
10  Amendment because your lawyer is advising you to
11  invoke your Fifth Amendment, or because you
12  personally have a fear that you might be prosecuted
13  by either the state or the federal government?
14         MR. RHEINHART: We have now been down this
15     street four times.  She's not going to answer
16     the question.  You can move along or we can
17     leave.
18         MR. KUVIN: I am just clarifying the
19     question, and I appreciate it.  And you can
20     object.  I just want to make sure that I have a
21     clear record of every possible machination of
22     the question so that I don't get hit later with
23     you didn't ask the specific question you need
24     to ask.  So, I'm not doing it certainly to
25     harass.  I just want to make sure that the

Page 92

1   record is very clear of my question.
2          MR. RHEINHART: I understand.  You can
3      move on.
4   BY MR. KUVIN:
5      Q.   Ma'am, have you had any direct
6   communications with the State Attorney's office in
7   the last two years?
8          MR. RHEINHART: When you say "direct
9      communications," can you clarify?
10         MR. KUVIN: Yes.
11  BY MR. KUVIN:
12     Q.   You, personally, have you spoken with
13  anyone in the State Attorney's office in the last
14  two years?
15         MR. KUVIN: I can't imagine there would be
16     a Fifth Amendment for that.
17         MR. RHEINHART: Let me consult.  If I
18     might.  Okay?
19         MR. KUVIN: Sure.
20         MR. RHEINHART: It would all depend on
21     what was said to her if she could consult with
22     them now.  For example, if they consulted and
23     they told her they were about to prosecute,
24     then there could be a Fifth Amendment claim,
25     couldn't there?

Page 93

```
 1          MR. KUVIN:  No, not as to the statements
 2     they told her.  I mean, that's certainly not
 3     Fifth Amendment.  That's something that was
 4     told to her.
 5          MR. RHEINHART:  We'll take that up
 6     elsewhere if you need to.  You can answer.
 7          MR. KUVIN:  Okay.
 8          THE WITNESS:  No, I have not.
 9     BY MR. KUVIN:
10          Q.  All right.  Ma'am, have you had any
11     personal communications with anyone working for the
12     federal government in the last two years?
13          MR. RHEINHART:  When you say "the federal
14     government" do you mean the postal service, the
15     entire federal government, or do you want to
16     clarify that?
17          MR. KUVIN:  Well, I certainly could leave
18     it open-ended.  If she's talked to a post
19     office employee, that would be interesting, but
20     certainly not to this case.
21     BY MR. KUVIN:
22          Q.  Let's talk about the U.S. Attorney's
23     Office or anyone working on behalf of the U.S.
24     Attorney's Office.
25          A.  Have I personally ever spoken to anyone?
```

Page 94

```
 1          Q.  Yes, ma'am, personally have you ever had
 2     any conversations with anyone at the U.S. Attorney's
 3     Office or one of their -- one -- a person
 4     representing to be from that office in the last two
 5     years.
 6          A.  No.
 7          Q.  Okay.  Do you know, as you sit here today,
 8     whether or not you ever were requested to give a
 9     statement by the State Attorney's office for the
10     Palm Beach Police Department?
11          MR. RHEINHART:  May I consult?
12          MR. KUVIN:  Yes.
13          MR. RHEINHART:  You may answer.  And for
14     the record, I was just determining whether the
15     answer to that question would be protected by
16     the attorney-client privilege.
17          MR. KUVIN:  Understood.
18          THE WITNESS:  No, I don't.  I don't know.
19     BY MR. KUVIN:
20          Q.  Let me clarify the last two questions I
21     asked about the State Attorney's Office and the U.S.
22     Attorney's Office.  Have you spoken with anybody
23     personally at the State Attorney's Office in the
24     last five years?
25          A.  No.
```

Page 95

```
 1          Q.  Have you spoken with anybody at the U.S.
 2     Attorney's Office in the last five years?
 3          A.  No.
 4          Q.  Have you spoken with anyone at the FBI in
 5     the last five years?
 6          A.  No.
 7          Q.  Have you spoken with anyone at the
 8     Palm Beach Police Department in the last five years?
 9          MR. RHEINHART:  When you say, "the Palm
10     Beach Police," for any purpose or as related to
11     this case?  Again, for example, if there was
12     like a parking ticket --
13          MR. KUVIN:  Sure.
14          MR. RHEINHART:  -- or some other thing, I
15     want to clarify that.
16     BY MR. KUVIN:
17          Q.  Let's, let's start with broad, and we can
18     work to specific.  Can you recall having any
19     conversations for any reason with the Palm Beach
20     Police Department in the last five years?
21          A.  No.
22          Q.  Okay.  Do you have knowledge whether or
23     not the Palm Beach Police Department ever requested
24     for you to come in for an interview at any time in
25     the last five years?
```

Page 96

```
 1          MR. RHEINHART:  If you know the answer to
 2     that question because that's something your
 3     attorney told you, you don't have to answer
 4     that question.  Otherwise, go ahead and answer.
 5          THE WITNESS:  No.
 6     BY MR. KUVIN:
 7          Q.  Okay.  When did you first retain an
 8     attorney?  What date did you first retain a -- I
 9     mean, let me clarify.  What date did you first
10     retain a criminal attorney?
11          MR. RHEINHART:  I'll instruct her not to
12     answer based on the Fifth Amendment privilege.
13          THE WITNESS:  On the instruction of my
14     lawyer, I must invoke my Fifth Amendment
15     privilege.
16     BY MR. KUVIN:
17          Q.  Did you first retain a criminal attorney
18     in the year 2005?
19          MR. RHEINHART:  Same instruction.
20          THE WITNESS:  On the instruction of my
21     lawyer, I must invoke my Fifth Amendment
22     privilege.
23     BY MR. KUVIN:
24          Q.  Did you retain a criminal attorney in
25     2004?
```