United States District Court
Southern District of New York

Virginia L. Giuffre,

    Plaintiff,                                              Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

    Defendant.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE ROLLING PRODUCTION AND PRIVILEGE LOG**

Plaintiff, Virginia Giuffre, hereby files this Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve Rolling Production and hereby states as follows.

**ARGUMENT**

On February 12, 2016, Defendant served Requests for Production on Ms. Giuffre. Defendant's broad Requests for Production yielded a high volume of potentially responsive documents, including a high volume of privileged and potentially privileged documents.

For example, Defendant's Request No. 20 calls for the production of "[a]ny Document reflecting Your intent, plan or consideration of, asserting or threatening a claim or filing a lawsuit against another Person, any Document reflecting such a claim or lawsuit, including any complaint or draft complaint, or any demand for consideration with respect to any such claim or lawsuit against any Person." This request seeks privileged documents and is not limited in time frame. Any communications with counsel for the purpose of seeking/receiving legal advice related to bringing a

claim are privileged under the attorney-client privilege. Similarly, any draft complaints are privileged under the work product privilege.

As Defendant is aware, Ms. Giuffre has been involved, either as a witness or a party, in three other civil cases relating to the sexual abuse she suffered as a child. Therefore, Defendant's Requests for Production intentionally target a high volume of privileged documents, creating a substantial burden on Ms. Giuffre to collect, evaluate, and log such communications within thirty days of service of the Requests.

Local Civil Rule 26.2(b) requires, *inter alia*, that when documents sought are withheld on the grounds of privilege, a privilege log shall be furnished in writing at the time of the response to such discovery or disclosure unless otherwise ordered by the court. Accordingly, with her Responses and Objections, Ms. Giuffre will produce a privilege log with approximately 128 entries, as Ms. Giuffre's counsel has devoted significant resources to the evaluation of documents, and to recording their content, with all deliberate speed in order to make all claims of privilege contemporaneously with the Responses and Objections. Indeed, the undersigned believes at this point that the entries on the privilege log produced tomorrow represent the majority of documents over which Ms. Giuffre will claim privilege.

However, Ms. Giuffre is continuing to search for additional responsive documents. Defendant propounded 57 requests for production (including subparts), with the date range spanning 18 years or longer. Accordingly, as this search goes on, the undersigned is aware that additional privileged documents may be among any newly-found documents.

Local Civil Rule 26.2(b) states, in part, that "[e]fficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end." Ms. Giuffre has attempted to meet and confer with Defendant's counsel by way of

a detailed letter on March 8, 2016, and follow-up phone calls, to request that Defendant accept production of responsive documents and related privilege log entries on a rolling basis, as Ms. Giuffre is continuing to search for responsive documents.  At the time of filing, Defendant has not agreed to this request[1] unless Ms. Giuffre cancels Defendant's deposition, which is presently scheduled for March 25, 2016.  Ms. Giuffre should not be forced to cancel Defendant's deposition in order to get a reasonable accommodation on the production of a privilege log.[2]  Ms. Giuffre is continuing to attempt to confer on this issue, but in an abundance of caution, since the privilege log is due tomorrow, files this motion seeking protection.

## CONCLUSION

For the reasons stated above, Ms. Giuffre seeks leave of this Court to serve a rolling production and rolling privilege log on Defendant after the deadline for serving Ms. Giuffre's Responses and Objections.

Dated:  March 15, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice) Boies, Schiller & Flexner LLP 401 E. Las Olas Blvd., Suite 1200 Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies, Schiller & Flexner LLP 333 Main Street
Armonk, NY 10504

---

[1] This is the first request for an accommodation that Ms. Giuffre has made, yet she has granted extensions of time readily to the Defendant, including agreeing to more than 45 days for one of Defendant's extension requests.

[2] By her February 26, 2016, letter motion, Ms. Giuffre has moved the Court to compel Defendant's deposition.

Ellen Brockman
Boies, Schiller & Flexner LLP 575
Lexington Ave
New York, New York 10022
(212) 446-2300

## CERTIFICATE OF GOOD FAITH

The undersigned hereby certifies that Counsel for Plaintiff conferred with Defendant's Counsel by sending a detailed letter detailing the request, and counsel for both parties have followed up by placing two phone calls, but have been unable to speak directly due to conflicting schedules, and therefore were unable to resolve the issue. Counsel for Ms. Giuffre files this Motion in an abundance of caution in the even that counsel for the parties cannot complete their conferral process by tomorrow, March 16, 2016, when the Responses and Objections are due. The undersigned counsel will withdraw the instant motion should counsel for the parties reach an agreement prior to adjudication.

                                                             /s/ Sigrid S. McCawley
                                                             Sigrid S. McCawley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com

                                                             /s/ Sigrid S. McCawley
                                                             Sigrid S. McCawley