# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

-------------------------------------------------X

        **15-cv-07433-RWS**

## Motion for Protective Order
## <u>Regarding Deposition of Defendant</u>

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 5

I.     PLAINTIFF PROPOUNDED IMPROPER RESPONSES, OBJECTIONS AND
       PRIVILEGES TO DEFENDANT'S DISCOVERY REQUESTS ............................ 5

       A.    Plaintiff interposed improper objections ..................................................... 5

       B.    Plaintiff propounded inapplicable Privileges, Responses & Objections to the Request
             for Production of Documents. ........................................................................ 8

             1.    Plaintiff asserted inapplicable privileges. .......................................... 8

             2.    Plaintiff interposed inapplicable objections. ...................................... 10

             3.    Plaintiff failed to state whether she was withholding documents .......... 11

II.    PLAINTIFF'S INTERROGATORY RESPONSES AND PRODUCTION CONTAINED
       ALMOST NONE OF THE REQUESTED ANSWERS OR DOCUMENTS ......................... 12

III.   PLAINTIFF FAILED TO TIMELY AND PROPERLY MAKE DISCLOSURES ............... 14

IV.    OTHER DISCOVERY ISSUES NOT YET RESOLVED ...................................... 15

V.     PLAINTIFF'S DISCOVERY TACTICS DESIGNED TO AMBUSH DEFENDANT AT
       HER DEPOSITION ........................................................................................... 15

VI.    PLAINTIFF WILL SUFFER NO HARM BY POSTPONING DEPOSITION .................... 16

CONCLUSION .................................................................................................................. 17

# TABLE OF AUTHORITIES

*In re Waterscape Resort LLC,* No. 11-11593 (SMB), 2014 WL 302856 (Bankr. S.D.N.Y. Jan. 28, 2014) ................................................................................................................................ 9

*Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D.535 (D. Kans. 2006) ........................... 8

*Jones v. J.C. Penny's Dep't Stores, Inc.*, 228 F.R.D. 190 (W.D.N.Y. 2005) .............................. 10

*Kolenc v. Bellizzi*, No. 95 CIV. 4494 (LMM KNF), 1999 WL 92604 (S.D.N.Y. Feb. 22, 1999).. 8

*Lyman v. Felter,* No. 1:12-CV-530 MAD/RFT, 2015 WL 1415270, (N.D.N.Y. Mar. 26, 2015).. 9

*SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728 (GBD)(HBP), 2015 WL 855796 (S.D.N.Y. Feb. 27, 2015) ......................................................................................................................... 10

*Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008) .......................................................................... 6

# INTRODUCTION

This Court has inherent authority to control the order, means and method of discovery in an action to promote fairness and justice between the parties.

Here, Defendant properly served discovery requests for Plaintiff, due on March 16, and thereafter accepted a deposition date of March 25, after the discovery responses and document productions were due so that she would properly have time to review the documents and prepare her client for her deposition.

Following the scheduling of the deposition, Plaintiff failed to (a) properly and timely respond to interrogatories and a request for production of documents <u>due before the deposition date</u>, (b) improperly asserted privileges and objections for which she has no good faith basis, and (c) failed to properly disclose matters subject to Fed. R. Civ. P. 26(a)(1). Plaintiff touted to this Court her "thousands of pages" produced in response to the discovery requests, but upon closer inspection, that production is essentially empty: it consists largely of numerous copies of lengthy transcripts, and defendant's pleadings *in this case*, which are not responsive to any discovery request. Now Plaintiff has stated her intent to produce thousands more pages on the eve of Ms. Maxwell's deposition, knowing that her counsel will have insufficient time to review the materials, show them to their client, and use them to properly prepare her for her deposition. Plaintiff's counsel clearly hopes to ambush Ms. Maxwell at her deposition, either by showing her a document that she has not had a chance to review, or by making her look foolish on videotape for not remembering the contents of documents that relate back to witnesses and events occurring more than 17 years ago.

The Federal Rules of Civil Procedure are designed to preclude such litigation by ambush and surprise. Plaintiff has articulated no good reason, nor any reason at all, why the deposition

cannot be held in 2-3 weeks' time, after proper Responses & Objections are produced, after her key documents in this case have been produced, after privilege issues have been resolved, and after counsel has had an opportunity to review the documents and to properly prepare their client for her deposition. Plaintiff has created the problem by failing to timely produce interrogatory responses, documents and her Rule 26 disclosures. She should not be rewarded for gaming the system.

Rule 26(c) permits the Court to issue, for good cause, a protective order in order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" by "specifying terms, including time and place…for the disclosure or discovery" and/or "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(B) & (C). Ms. Maxwell asks the Court to adjourn her deposition until mid-April so that the above-listed discovery issues can be properly resolved in advance of that time.

## Certificate of Conferral

Counsel has conferred numerous times regarding the issues contained herein, most recently in a one hour and 45 minute phone call on March 21, 2016. Although Plaintiff has promised to supplement her production, revise her Responses & Objections, and to withdraw some of her privilege assertions, sign her Interrogatories and Objections and to consult with her client and her client's other attorneys as to whether she can produce other information (like her client's current address), Plaintiff refuses to postpone the deposition of Ms. Maxwell for even the period of time it would take for her to make complete disclosures. Therefore, defense counsel believes that their obligations pursuant to Rule 26(c) as well as this Court's directive of March 17, 2016, have been fulfilled.

2

<u>**Procedural Background**</u>

Ms. Maxwell served her First Discovery Requests on Plaintiff on February 12, 2016.

Responses were thus due by March 16, 2016.  Thereafter, counsel conferred regarding deposition

dates for Ms. Maxwell and two other witnesses.  It was on February 20, 2016 that defense

counsel proposed that she could be available for Ms. Maxwell's deposition in New York on

either March 24 or March 25, 2016, anticipating that discovery responses would timely be

provided 8-9 days prior to the deposition.  Declaration of Laura A. Menninger In Support of

Motions ("Menninger Decl.") Ex. E.  The parties kept that date open, though Ms. Maxwell

repeatedly reiterated the need for a protective order prior to the deposition.

Three weeks passed, and it was not until March 8, that Plaintiff's counsel wrote a letter

claiming that she would not be able to timely produce all responsive documents.  In that letter,

she expressed her desire to produce documents on a "rolling basis," to be completed on or about

April 15, 2016.  Defense counsel responded saying that would be fine, however, Ms. Maxwell's

deposition should then be postponed until after the document production was complete.  Defense

counsel proposed dates as early as mid-April for the continued deposition.  Menninger Decl.

Ex. I.  Plaintiff disagreed and she filed a motion seeking permission from the Court to (a)

produce her documents over the course of a month but (b) keep Ms. Maxwell's deposition on

March 25, 2016, despite her incomplete and untimely production, and incorrectly stating that Ms.

Maxwell had demanded she "cancel" her deposition. (Doc. # 59 at 3)

On March 16, 2016, Plaintiff served Response and Objections to Defendant's First Set of

Discovery Requests and provided 3,190 pages of documents.  The next day, argument was heard

by this Court concerning, *inter alia*, Plaintiff's Motion for Leave to Serve Production on a

Rolling Basis.  During that argument, Plaintiff's counsel represented a number of times to this

Court the supposed breadth of her production the night before and minimized the number of

outstanding documents there remained to be produced. *See* Transcript of March 17, 2016

Hearing ("Tr.") at 12:7-10 ("We produced 3,000 pages last night. We are continuing that

production. We are moving as fast as we can. We produced a privilege log with over 134

entries on it."); *id.* at 15:21 ("Like I said, we produced 3,000 pages yesterday."); *id.* at 17:5 ("I

produced 3,000 pages"). She also offered to produce any documents that she intended to "use"

at the March 25 deposition.

Counsel engaged in a conferral on March 21, 2016, regarding the deficiencies in

Plaintiff's document production, the improper privileges and objections, and her incomplete Rule

26 disclosures. During conferral, Plaintiff's counsel conceded that many of her objections and

assertions of privilege were improper and that her responses failed to adhere to Rule

34(b)(2)(C)'s requirement that she state whether she has withheld documents. Counsel for

Plaintiff stated she will "supplement" her Response and Objections and will provide numerous

additional documents in the coming days and weeks. As to other categories of documents,

Plaintiff demanded that she be provided with legal authority to support the request, and as to

others, she stated her need to confer with her client and her client's other attorneys before even

knowing whether she had or could respond to the requests.

As of the date of this Motion, three days prior to the deposition, no additional documents

have been produced**.** Defense counsel will be traveling to New York tomorrow for the court

appearance on Thursday.

# ARGUMENT

I. **PLAINTIFF PROPOUNDED IMPROPER RESPONSES, OBJECTIONS AND PRIVILEGES TO DEFENDANT'S DISCOVERY REQUESTS IN ORDER TO AVOID TIMELY PRODUCING DOCUMENTS PRIOR TO DEFENDANT'S DEPOSITION**

Defendant's First Set of Discovery Requests included 14 interrogatories and 37 document requests. Because Plaintiff stated yesterday her intent to amend her Response & Objections and to supplement her discovery, a Motion to Compel pursuant to Rule 37 is premature. However, this Court can and should consider Plaintiff's deficient Response & Objections in deciding whether or not a deposition of Ms. Maxwell should proceed without the benefit of legally sound and appropriate responses to interrogatories and document production.

   A. **Plaintiff interposed improper objections to – and failed to even answer most – interrogatories.**

Plaintiff requested of this Court leave to produce <u>documents</u> on a rolling basis. She made no such request with respect to her Interrogatory Responses, and thus, one can presume, she believes her Interrogatory Responses of March 16, 2016, to be complete. They are not.

The Responses are not signed by Plaintiff, nor are the Objections signed by Ms. McCawley. *See* Rule 33(b)(5); Menninger Decl. at Ex. A. "The plaintiff apparently misinterprets the Federal Rules as optional. They are not. Rule 33(b)(5) could not be more clear: "The person who makes the answers must sign them, and the attorney who objects must sign any objection. This requirement is critical because 'interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.'" *Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008) (sanctioning Plaintiff for failure to sign interrogatories) (internal citations omitted).

Plaintiff *refused to answer at all* Interrogatory Nos. 5-14. *Id*. at 10-17. With respect to Interrogatory Nos. 1-4, she gave incomplete and partial answers. *Id*. at 5-10. Her assertions of privilege track the same nonsensical bases as she used in Response to the Requests for Production of Documents, discussed more fully below.[1] By way of example, again, she propounds the same assertion of all possible privileges, and completely refuses to answer, in response to Interrogatories seeking:

- Her and her attorneys' communications with journalists, media organizations, and publishers (Interrog. No. 5).

- Any employment she has had since 1996, including the names and contact information for her employers, the dates of her employment, and her titles and income from such employment (Interrog. No. 9).

- Income she has received apart from employment (Interrog. No. 10).

- Facts in support of her claims for lost wages (Interrog. No. 11).

- Her past and current treating physicians and psychiatrists (Interrog. No. 12, 13).

Most egregiously, Plaintiff refused to answer interrogatories which strike at the heart of her allegations. Ms. Maxwell interposed Interrogatories concerning which "false statements" attributed to Ms. Maxwell were "published globally" as contended in paragraph 9 of Count 1 of the Complaint (Interrog. No. 6) and whether Plaintiff has been defamed by anyone other than

---

[1]  Plaintiff additionally asserts that no interrogatories are permitted pursuant to Local Rule 33.3 prior to the last 30 days of discovery. See Menninger Decl. Ex. A. Her objection is unfounded, as defense counsel explained to her by letter of February 20, 2016. *Id.* at Ex. D. First, many of the interrogatories sought, consistent with Local Rule 33.3(a), the names of witnesses and the custodians of records, such as her treating physicians, her employers, her attorneys, as well as the bases for her computation of damages, such as any employment income, non-employment income and facts supporting her claim for lost wages. Second, Local Rule 33.3(b) authorizes, "during discovery," interrogatories which "are a more practical method of obtaining the information sought than a request for production or deposition. The remainder of the interrogatories propounded fall within this category – the kind of minutiae that Plaintiff is unlikely to "recall" at the time of her deposition, such as all cellphone numbers she has used, the dates she and her attorneys communicated with the media, etc. Plaintiff's blanket assertion of Local Rule 33.3 is clearly interposed in bad faith.

Ms. Maxwell (Interrog. No. 7). Both of these requests are standard requests in a defamation suit and directly relate to the liability and damages claimed by Plaintiff. Plaintiff refused, claiming the laundry-privilege list and stating that the "information is in the possession of Defendant who has failed to comply with her production obligations."

Likewise, Plaintiff refused to identify, in advance of Ms. Maxwell's deposition or ever, the individuals to whom Plaintiff claims Ms. Maxwell sexually trafficked her. Interrogatory No. 8 asked her to specify the individuals referred to generally in her Florida CVRA pleading that were the supposed participants of the alleged sexual trafficking, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister and other world leaders." Plaintiff refused, claiming every applicable privilege, and additionally "because naming some such individuals would jeopardize her physical safety based on credible threats to the same (sic)." Menninger Decl. Ex. A at 12-13. Does that mean that Plaintiff's counsel does not intend to ask about these world leaders during Ms. Maxwell's deposition? Does it mean that Ms. Maxwell's statements to the press that Plaintiff's claims regarding world leaders were "obvious lies" cannot be tested for their truth or falsity during this litigation? Or by failing to name these individuals does Plaintiff seek to use the deposition as a fishing expedition as to any famous person Ms. Maxwell has ever met?

Plaintiff has brought a lawsuit claiming her allegations about Ms. Maxwell are true, now she doesn't even want to say what her allegations are, or she wants to wait and try to conform her proof to sometime after Ms. Maxwell is deposed. There is no excuse for these untimely, improper and incomplete responses, and fairness dictates that the answers be provided in advance of defendant's deposition. *Kolenc v. Bellizzi*, No. 95 CIV. 4494 (LMM KNF), 1999 WL

92604, at *3 (S.D.N.Y. Feb. 22, 1999) ("Failure to respond timely to a party's request for documents results in a waiver of all objections which could have been seasonably asserted.").

**B.      Plaintiff propounded inapplicable Privileges, Responses & Objections to the Request for Production of Documents.**

**1.      Plaintiff asserted inapplicable privileges.**

As discussed during oral argument before this Court on March 17, Plaintiff's counsel interposed every single possible objection to every single discovery request, without regard to whether that privilege was applicable to the specific request. Such a blanket objection amounts to no objection at all. *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D.535, 538 (D. Kan. 2006) (a general objection which objects to a discovery request "to the extent" it may apply is tantamount to asserting no objection at all as it makes "no meaningful effort to show the application of any such theoretical objection to any request for discovery."). Plaintiff responded to each and every of the thirty-seven (37) Requests for Production of Documents with the following privilege assertion: "Ms. Giuffre objects to this request in that it seeks information that is protected by the attorney-client, work product, joint defense, investigative, spousal and other applicable privileges." *See* Menninger Decl. Ex. A.[2]  Among the type of items to which Plaintiff asserted these privileges:

- Request No. 9 – "Any Documents reflecting rental agreements or purchase agreements for residential addresses identified by You in response to Interrogatory No. 1."

- Request No. 10 – "All Documents relating to Your Employment and/or association with the Mar-A-Lago Club located in Palm Beach, FL, including any application for Employment."

---

[2]  Today at 3:15 p.m. EST, Plaintiff served "Supplemental Response and Objections to Defendant's First Set of Discovery Requests." The new version does not indicate where, if any, supplements were provided and a cursory review does not reveal any. Counsel will be prepared to address at the argument on Thursday whether any of these additions alter the arguments presented herein.

- Request No. 21 – "All Documents relating to Your driver's license from 1998-2002."

- Request No. 22 – "A copy of Your marriage license(s) from 1999 to present."

- Request No. 24 – "All Documents concerning Your employment in Australia, including, but not limited to employment applications, pay stubs, Documents reflecting Your Income including any tax Documents."

There is simply no good faith basis to assert "attorney-client" or "work product" privileges to documents such as a marriage license or employment records.

Plaintiff added equally non-applicable privileges to other of her responses. For example, she claimed an "agency privilege," "investigative privilege" and "accountant client privilege" with respect to Request No. 13 – "All Documents concerning any allegations of theft by You from the Roadhouse Grill in Palm Beach, Florida from 1999-2002." A simple Westlaw search for "agency privilege" in New York and in the Second Circuit did not reveal that one exists, certainly not for an individual rather than an "agency". Nor is an "investigative privilege" a recognized privilege. *See Lyman v. Felter,* No. 1:12-CV-530 MAD/RFT, 2015 WL 1415270, at *3 (N.D.N.Y. Mar. 26, 2015) *report and recommendation adopted,* No. 1:12-CV-530 MAD/DEP, 2015 WL 3549667 (N.D.N.Y. June 8, 2015) (chastising a pro se plaintiff for assertion of non-applicable privileges such as the "investigative" privilege). Further, "New York does not recognize an accountant-client privilege." *In re Waterscape Resort LLC,* No. 11-11593 (SMB), 2014 WL 302856, at *3 (Bankr. S.D.N.Y. Jan. 28, 2014). But that did not stop Plaintiff from asserting this privilege in response to a request for her tax returns, Request No. 14.

Because Plaintiff asserted privileges that do not exist under New York or federal law, and asserted privileges that clearly do not apply to certain documents, her assertions cannot have been propounded in good faith. *See Jones v. J.C. Penny's Dep't Stores, Inc.*, 228 F.R.D. 190, 201 (W.D.N.Y. 2005) (concluding that the plaintiff and her attorney engaged in bad faith and

willful misconduct in conducting discovery, warranting sanctions, where, among other things, counsel "merely asserted a general objection to the production [of a relevant] file based on the attorney-client privilege lacking any colorable basis.").  Such improper assertions of privilege amount to a waiver of any applicable privilege.  *SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728 (GBD)(HBP), 2015 WL 855796, at *1 (S.D.N.Y. Feb. 27, 2015) (holding  that plaintiff's unjustified failure to serve indices of privileged documents in a timely and proper manner operated as a waiver of any applicable privilege.)

### 2.    Plaintiff interposed inapplicable objections.

Plaintiff also interposed equally inapplicable objections to her responses to document requests.  For example, Plaintiff asserted:

- Response to Requests No. 5, 7, 8, 21, 25 – "Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre."

- Response to Request No. 6 - "Defendant has documents responsive to this request that she should produce."

- Response to Request No. 16, 28, 29, 30, 31, 32, 34 – "Ms. Giuffre objects to this request to the extent it seeks proprietary and copyright protected materials."

It is well-settled that a party may not object to a discovery request on the grounds that she thinks the other party "already has the materials," nor is there any legal authority for saying that because a party thinks a third party has the same materials, they do not have to produce it and the requesting party must secure them elsewhere.  Nor does Plaintiff have a good faith basis to assert a "copyright" or "proprietary protection" for her "diary, calendar and journal" that she sold to a

news organization, Radar Online,[3] or a book deal that she is attempting to sell (or has sold) to a publisher, regarding her allegations at issue in this Complaint.  Resp. to Req. No. 32.

These responses, like Plaintiff's assertions of privilege, were interposed in bad faith.

### 3. Plaintiff failed to state whether she was withholding documents

Rule 34(b)2)(C), as amended December 2, 2015, now requires that "an objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Despite the clear requirements of the rule, Plaintiff interposed numerous objections and then failed repeatedly to state whether she was withholding any documents on the basis of any particular objection or to permit discovery of the un-objected to portions of the request.

For example, in Response to Request No. 1, Plaintiff interposed objections based on Local Rule 33.3, the numerous privileges listed above, the request was "overly broad," "seeks to invade the privacy rights of a sex abuse victims (sic)," and "is meant for the improper purpose of harassing and intimidating this victim."  Then Plaintiff stated that "subject to the forgoing objections," she is producing 3,190 documents and will continue to supplement this production, but "is withholding documents based on her objections."  Additionally adding to the confusion, Plaintiff repeatedly states that she either "has produced non-privileged documents" or she "does not have any non-privileged documents", but fails to say whether she is withholding any "privileged" documents, which Rule 34 clearly requires her to state.  It is absolutely impossible to tell from Plaintiff's responses whether (a) she is persisting in any particular objection, (b)

---

[3] *Compare* Response to Request No. 16 – "Any diary, journal or calendar concerning Your activities between 1996-2002" with "Diary of Virginia Roberts Who Claims She Had Sex With Prince Andrew Reveals Details," Daily Mail.com (Jan. 13, 2015), http://www.dailymail.co.uk/news/article-2908852/Teen-diary-belonging-woman-claims-underage-sex-Prince-Andrew-reveals-explicit-details-night-London.html (last accessed March 20, 2016).

persisting in any particular privilege, (c) she placed responsive documents on a privilege log, (d) what grounds she asserts for withholding documents, and (e) which portion is being disclosed and which portion withheld.  *See also* Responses to Requests No. 2, 3, 4,

The Advisory Committee Notes reflecting the 2015 amendment to Rule 34 provide that "[t]his amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."  Far from ending the confusion, Plaintiff's responses amplify it.

## II.    PLAINTIFF'S INTERROGATORY RESPONSES AND 3,190 PAGE PRODUCTION CONTAINED ALMOST NONE OF THE REQUESTED ANSWERS OR DOCUMENTS, INCLUDING KEY DOCUMENTS FOR THIS CASE

Plaintiff stated over and over during Court that she had made a good-faith production of thousands of pages of documents and therefore could be excused for not having timely produced all of the requested documents, nor would Ms. Maxwell suffer prejudice in going forward with her deposition in the absence of a timely production.

After having had a chance to review the 3,190 page document production, however, it is clear that it contains almost none of the requested documents, but rather is filled with multiple copies of a few lengthy deposition transcripts, pleadings *in this case*, and other similarly non-responsive documents.  Plaintiff has simply inflated her document production to make it look like she did a thorough job of reviewing and producing documents, when the opposite is true.  To wit:

- Juan Alessi deposition (139 pages), produced twice.
- Alfredo Rodriguez deposition (68 pages), produced thrice
- Palm Beach police reports (redacted), (89 pages), produced twice

- Sarah Kellen deposition (116 pages), produced once

- Nadia Marcincova deposition (50 pages), produced once

- Message book (185 pages)

- Flight logs (138 pages), produced twice

- Photos (21 pages), produced four times.

Thus, the same eight documents account for more than <u>half</u> of the total production.

More telling are the documents that Plaintiff failed to produce, including documents that are key to this case. Plaintiff contends that Ms. Maxwell began her "campaign to discredit" her following her December 30, 2014 pleading in the U.S. District Court in which she attempted to join the Crime Victims' Rights Act lawsuit there. Indeed, that is the pleading in which some of Plaintiff's most outlandish claims were first set forth, and that pleading preceded by three days Ms. Maxwell's denial of Plaintiff's allegations. *Yet Plaintiff has not even produced an unredacted copy of the pleading setting forth her allegations about Ms. Maxwell.* Instead, she produced a redacted copy in which the allegations about Ms. Maxwell and the legions of famous people to whom she claims Ms. Maxwell trafficked her are blacked out. They were blacked out in response to Judge Marra's Order which struck those allegations as "impertinent" but does Plaintiff and her counsel not even possess an unredacted version? Plaintiff wants to take the deposition of Ms. Maxwell concerning her denial of a statement that Plaintiff won't even provide in advance.

Other documents that Plaintiff has failed to timely produce include:

- Her own deposition testimony in the defamation suit between her counsel and Alan Dershowitz, in which she no doubt discussed Ms. Maxwell

- Her fee agreements with her counsel

- Her communications with Mr. Epstein and with Ms. Maxwell

- Her employment records with Mar-A-Lago (which is where she claimed she met Ms. Maxwell when she was 14, or 15 or 16, depending on her various versions of events).

- Her education records (reflecting not only whether she was in school when she was a 14-16 year old) but also reflective of her potential future earnings.

- Her travel records (which might help refute her claims that she was sexually trafficking incidents abroad).

- Her confidential settlement agreement with Mr. Epstein.

Plaintiff now agrees that she will look for some of these documents and produce them at some time in the future, presumably after her deposition of Ms. Maxwell.

## III. PLAINTIFF FAILED TO TIMELY AND PROPERLY MAKE DISCLOSURES PURSUANT TO FED. R. CIV. P. 26

As detailed in the simultaneously filed pleading, Plaintiff has failed to properly make disclosures pursuant to Rule 26(a)(1). While these disclosures may not directly impact the subject matter of Defendant's depositions, they demonstrate the bad-faith of Plaintiff in fulfilling her discovery obligations and also, ultimately, may likely impact the discovery deadlines that have been set in this case.

Plaintiff's argument to go forward on March 25, 2016, rather than some date in mid-April after her own disclosures and discovery responses are complete, is due to the "looming" fact discovery cut-off of July 1. Yet she has been denying Ms. Maxwell all the clearly disclosable items that Ms. Maxwell is entitled to in order to defend her case – the computation of damages and any supporting documentation, the names of medical professionals who can supposedly verify her past and future medical treatment needs, her prior wages (if any), her bases for claiming $30 million in non-economic damages. Plaintiff has admitted that some of the treating professionals she will be relying on live in Australia but said she couldn't understand why we

thought we would need to take their depositions or that it might be difficult to get those depositions scheduled in the remaining 99 days of discovery.

To the extent Plaintiff complains of difficulties in completing discovery as the basis for need to take Ms. Maxwell's deposition on March 25 versus mid-April, the discovery deadlines are equally problematic for Defendant to complete discovery based on Plaintiff's lack of diligence and forthrightness in providing proper Rule 26 disclosures.

## IV.    OTHER DISCOVERY ISSUES NOT YET RESOLVED INCLUDING PRIVILEGE BEFORE THIS DEPOSITION

Based on this Court's Order, Ms. Maxwell will be providing supplemental materials in support of her claims of privilege within the two week deadline established by this Court. Presumably there will be a ruling sometime shortly thereafter, and, should any additional documents be disclosed to Plaintiff, she will not have had access to those records on March 25.

Similarly, Ms. Maxwell fully intends to submit a complete Motion to Compel regarding Plaintiff's deficient discovery responses should Plaintiff fail to withdraw improper objections and privileges, comply with the requirement that she state whether she is withholding documents, the deficiencies in Plaintiff's privilege log, and her incomplete and non-responsive Interrogatory responses.

## V.    PLAINTIFF'S DISCOVERY TACTICS DESIGNED TO AMBUSH DEFENDANT AT HER DEPOSITION

Plaintiff has been litigating the matters in this case since 2009, with cadres of expensive lawyers, and big law firms, behind her. Her lawyers have been working together to coordinate her media strategy, to make book deals, to give on-air interviews about Plaintiff's allegations, securing hundreds of thousands of dollars in media-money. Ms. Maxwell has not. She has not previously been a party to any criminal or civil litigation. Despite the years of litigation, here on the eve of her deposition, Plaintiff and her counsel are still sitting on thousands of pages of

documents representing Plaintiff's version of events, statements taken by witnesses,

communications to the press, which published false and defamatory statements about Ms.

Maxwell, and they have interposed baseless, frivolous and frankly sanctionable privileges,

discovery responses and have refused to even answer the most simple of interrogatories. Those

discovery requests were due on March 16, and Plaintiff knew when she proposed the deposition

date of March 25 that her discovery was due prior to that time. Three days before the deposition,

she still has not rendered answers or provided documents that go to the heart of this case – what

were her statements to the Florida court and to the press to which Ms. Maxwell was responding?

What statements were false? To whom did Ms. Maxwell supposedly sexually traffic her?

Plaintiff's gamesmanship is clear: she wants to get Ms. Maxwell on a videotaped

deposition camera, show her documents that she has not had a chance to review either because

they were not produced or because they were produced so late in the day buried amidst

thousands of pages of meaningless discovery that her attorneys have not had the opportunity to

review and to refresh her recollection. Or Plaintiffs want to ask Ms. Maxwell questions about

events that occurred 17 years ago, while in possession of documents that would refresh her

recollection but not show those to her, so that they can later spring them on her at trial and ask

about her new refreshed memories.

This is a discovery ambush and the Court should not permit it, certainly not when the

discovery requests came first, and were propounded before the deposition date was set.

## VI.     PLAINTIFF WILL SUFFER NO HARM BY POSTPONING DEPOSITION FOR 2-3 WEEKS

Notably absent from any of Plaintiff's pleadings or argument is the harm she would

suffer by having to wait 2-3 weeks for a deposition delay caused by her own lack of diligence in

producing interrogatory responses and documents.  There is none.  No other witnesses depositions have now been scheduled, no other discovery requests are outstanding, no expert disclosures have been made.

## CONCLUSION

Plaintiff's discovery responses are riddled with improper objections, non-existent privileges, failures to respond, failures to follow the basic requirements of the Rules, and her initial disclosures are the same.  In a case where Plaintiff has made the most serious of allegations against Ms. Maxwell, that she is a sexual abuser and trafficker, she should be held to the requirements of the Rules of Civil Procedure.  Allowing her to game the system, to sit on responsive documents, to evade providing the very allegations that she has decried Ms. Maxwell from denying, is to permit her the opportunity to try to game the system and ambush Ms. Maxwell at her videotaped deposition.  Particularly in the absence of any articulated harm to postponing the deposition until she serves responsive answers, provides responsive documents and withdraws frivolous objections, a delay of defendant's deposition for a period of 2-3 weeks will serve the interests of justice and fairness as well as the spirit of the Rules of Civil Procedure.

Dated: March 22, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:    303.831.7364
Fax:        303.832.2628
lmenninger@hmflaw.com

*Attorney for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

I certify that on March 22, 2016, I electronically served this *MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT'S DEPOSITION* with the clerk of the court using the CM/ECF system which will send notification to all counsel of record including the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

                                            */s/ Nicole Simmons*