# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

**15-cv-07433-RWS**

-------------------------------------------------X

## Motion to Compel Plaintiff to Disclose
## Pursuant to Fed. R. Civ. P. Rule 26(a)(1)

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

# Table of Contents

Introduction ...................................................................................................................... 1

Certificate of Conferral........................................................................................................ 1

Argument .......................................................................................................................... 2

   A.    The Claimed $102,000 for Future Medical Expenses is Unsupported
and Violates Fed. R. Civ. P. 26. ................................................................................ 4

   B.    Plaintiff Cannot Base Her Purported Damages for Non-Economic Damages
on the Outcome of the Cases of Other People.  Accordingly, the Disclosure
Violates  Rule 26 ...................................................................................................... 5

   C.    Plaintiff Cannot Base Alleged Lost Income on the Jobs of Others ...................... 6

   D.    Plaintiff Cannot Refuse to Provide Addresses and Telephone Numbers ............. 6

   E.    Plaintiff's Failure to Timely Disclose Required Information has Prejudiced
Ms. Maxwell. ........................................................................................................... 8

Conclusion ........................................................................................................................ 8

# Table of Authorities

## Cases

*Bowman v. Green Tree Servicing, Inc.*, No. 3:12–CV–31,
   2012 WL 4849718 (N.D.W.Va. Oct. 11, 2012) ...................................................7

*Design Strategy, Inc. v. Davis,* 469 F.3d 284 (2d Cir. 2006) ...............................2

*Dixon v. Certainteed Corp.*, 164 F.R.D. 685 (D. Kan. 1996) ...............................7

*Fausto v. Credigy Svcs. Corp.*, 251 F.R.D. 427 (N.D.Ca. 2008) .........................7

*Hartman v. Am. Red Cross*, No. 09–1302, 2010 WL 1882002 (C.D.Ill. May 11, 2010)....7

*Lane v. Smith, Jr.*, 84 A.D. 3d 746 (2d Dep't 2011) .........................................4

*Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV 902 (JGK)(HBP),
   2014 WL 902649 (S.D.N.Y. Mar. 7, 2014)......................................................6

*Mohamed v. N.Y.C. Transit Auth. et al.,* 80 A.D. 3d 677 (2d Dep't 2011) ........4

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. V. Coventry First LLC*.
   280 F.R.D. 147 (S.D.N.Y. 2012) .......................................................................4

*Thompson v. Jamaica Hosp. Med. Ctr.,* No. 13 CIV. 1896 (RWS),
   2015 WL 3824254 (S.D.N.Y. June 19, 2015) (Sweet, J.) ................................4

*Thurby v. Encore Receivable Mgmt.*, Inc., 251 F.R.D. 620 (D. Colo. 2008) ....7

*Viveros v. Nationwide Janitorial Ass'n Inc.*, 200 F.R.D. 681 (N.D.Ga. 2000) ..................7

## Rules

Fed. R. Civ. P. 26...........................................................................................1, 2, 3, 5

Fed. R. Civ. P. 37...........................................................................................1, 2, 4, 5

## INTRODUCTION

Defendant Ghislaine Maxwell, through her attorneys Jeffrey S. Pagliuca and Laura A. Menninger of the law firm Haddon, Morgan and Foreman, P.C., respectfully moves under Fed. R. Civ. P. 37(a)(2) to compel Plaintiff to comply with Fed. R. Civ. P. 26(a)(1).

## <u>Certificate of Conferral</u>

Defense counsel hereby certifies that they made multiple, good faith efforts to confer with Plaintiff's counsel to secure the information and material required under Fed. R. Civ. P. 26(a)(1) without court action.  On February 24, 2016, following this Court's January 20, 2016 Order lifting the stay on discovery, defense counsel emailed Ms. McCawley detailing deficiencies in Plaintiff's Initial Rule 26(a) disclosures submitted on November 11, 2015.  *See* Menninger Declaration, Ex. F.  Specifically, defense counsel pointed out those initial disclosures failed to provide addresses or phone numbers for a number of witnesses for whom Plaintiff clearly had contact information, in part because she had been serving deposition notices on witnesses and their counsel.  Additionally, defense counsel highlighted Plaintiff's failure to provide a computation of damages together with "documents or other evidentiary material…on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

On March 7, Plaintiff's counsel indicated her intent to supplement the original disclosures.  *See id.,* Ex. G.  On March 8, defense counsel again wrote and detailed additional deficiencies in the initial disclosures, in particular, her client's statements to law enforcement, her client's prior deposition testimony, and the many documents that Plaintiff's counsel's has attached in court pleadings but <u>not</u> provided by way of Rule 26

1

disclosure.  Then, on March 11, Plaintiff provided new Rule 26 disclosures but failed to address any of the items that should have been disclosed, as detailed more fully herein. On March 18, 2016, defense counsel requested an additional oral conferral on the topic of the deficient disclosures.  On March 21, 2016 counsel for the parties conferred for approximately one hour and 45 minutes regarding discovery issues, including the issues raised in this motion.  Counsel for plaintiff indicated that they would be supplementing "some" of Plaintiff's Rule 26(a) disclosures and may agree to disclose Plaintiff's address and phone number and would "get back to" Defense counsel on this issue.  Counsel for Ms. Maxwell advised Plaintiff's counsel that if the issues were not resolved by 5 p.m. EST a motion to compel would be filed.[1]

## ARGUMENT

Fed. R. Civ. P. 37(a)(2) authorizes a motion to compel "[i]f a party fails to make a disclosure required by Fed. R. Civ. P. 26(a)."  Plaintiff's failure to comply with the discovery rules has interfered with Ms. Maxwell's ability to defend this case and is jeopardizing her ability to meet the deadlines in this case.  The major flaw (among several other notable flaws) in Plaintiff's disclosures concerns her computation of damages.  When a case such as this one has progressed into discovery, a more detailed calculation of damages becomes necessary.  *See Design Strategy, Inc. v. Davis,* 469 F.3d 284, 295 (2d Cir. 2006).

---

[1] On March 22, 2016 at approximately 3:15 p.m. Eastern Time, Plaintiff sent undersigned counsel an addendum which lists the names and addresses of two doctors "who would have relevant information regarding [Plaintiff's] computation of damages.  This disclosure is insufficient to satisfy the concerns raised in this Motion.

Fed. R. Civ. P. 26(a)(1)(C) requires a party to provide "a computation of any category of economic damages claimed by disclosing party" and to make available any supporting documents or other evidentiary materials." *Id.*  In her November 2015 disclosures, Plaintiff first stated that she suffered: (1) Physical, psychological and psychiatric injures and resulting medical expenses—precise amount yet to be computed, but not less than $100,000.00; (2) Past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity, and invasion of privacy in her public and private life –precise amount yet to be computed, but not less than $30,000,000;  (3) Past and future lost wages and past and future loss of earning capacity and actual earnings – precise amounts yet to be computed, but not less than $5,000,000.00; and (4) Punitive damages…in an amount not less than $50,000,000.00.  Pl's Initial Discl. at 15, attached as Ex. B. to the Menninger Decl.  Each of those figures and particularly the fantastical $5 million, $30 million and $50 million "estimates" are completely unsupported.

Four months later, Plaintiff's supplemented disclosures state that she suffered: (A) "Physical, psychological and psychiatric injuries and resulting medical expenses—in the approximate amount of $102,200 present value"; (B) "Past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity, and invasion of privacy in her public and private life not less than $30,000,000.00"; and (C) Estimated lost income of $180,000 annually."  Pl's Supp. Discl., at 15-18, attached as Ex. C to the Menninger Decl.  Each of these disclosures is unsubstantiated and violates Fed. R. Civ. P. 26.  As this Court has

3

noted:  "It should not take a conference, a motion to compel, a court order, and a motion for sanctions to generate a computation of damages."  *Thompson v. Jamaica Hosp. Med. Ctr.,* No. 13 CIV. 1896 (RWS), 2015 WL 3824254, at * 3 (S.D.N.Y. June 19, 2015) (Sweet, J.).

Plaintiff has also failed to provide the addresses and phone numbers of many of the witnesses listed in the Supplemental Disclosure, including an address for the Plaintiff. See, witnesses 1(Plaintiff), 8, 10, 11, 12, 13, 14, 15, 20, 25, 26, 33, 34, 35, 36, 37, 38, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69 and 70-74.  Rule 26(a)(1)(A)(i) mandates that the Plaintiff *must*  provide the known addresses and telephone number of witnesses likely to have discoverable information.  Although Plaintiff may claim that she does not know the address of some of the listed witnesses she refuses to provide her own address and phone number as required by the rule.

A party that fails to comply with Rule 26(a) or (e) bears the burden of proving both that its non-compliance was substantially justified and that it was harmless.  *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. V. Coventry First LLC*.  280 F.R.D. 147, 159 (S.D.N.Y. 2012).  Plaintiff cannot meet this burden.

### A. The Claimed $102,000 for Future Medical Expenses is Unsupported and Violates Fed. R. Civ. P. 26.

Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care.  *See Lane v. Smith, Jr.*, 84 A.D. 3d 746, 748-49 (2d Dep't 2011); *Mohamed v. N.Y.C. Transit Auth. et al.,* 80 A.D. 3d 677, 679 (2d Dep't 2011).  Plaintiff failed to provide any actual

4

computation for her claimed damages and disclosed no relevant documents supporting such damages.  Remarkably, all of Plaintiff's damage "computations" are based on *other people*, not the Plaintiff. In particular, Plaintiff's calculation of medical expenses is not based on any *personal* medical expense alleged by Plaintiff or any necessary treatment. Instead, Plaintiff cites to an average amount of "mental health services" for adults in the United States.  To compute her damages figure, she multiplies that average number by 51.1 and then multiplies that number by 0.6, which equals her stated $102,200 amount. This arbitrary number would be the same for any adult, male or female, in the United States, born in 1983.  It is not based on any fact in this case, or any medical opinion, and it is not based on any actual ongoing treatment.  It is nonsense and violates Fed. R. Civ. P. 26(a)(1)(C).  *See* Fed. R. Civ. P. 37(a)(3) ("[A]n evasive or incomplete disclosure, answer, or response shall be deemed a failure to disclose, answer, or respond.").

Moreover, Plaintiff failed to identify any healthcare providers who have treated her for any alleged injuries.  This omission violates Rule 26(a)(1)(A)'s requirement that she disclose the name, address, and telephone number for any individual who is likely to have discoverable material relevant to the facts alleged in the pleadings.  *See* Fed. R. Civ. P. 37(a) (3).  Plaintiff also failed to provide any records documenting her medical care, which violates Fed. R. Civ. P. 26(a)(1)(B).[2]

**B.**   **Plaintiff Cannot Base Her Purported Damages for Non-Economic Damages on the Outcome of the Cases of Other People.  Accordingly, the Disclosure Violates Rule 26**

---

[2] Plaintiff's counsel advised undersigned counsel that she had recently requested "some" of Plaintiff's medical records which have not yet been received.  This is inadequate.

Apparently conceding that she has no actual non-economic damages, Plaintiff contends her non-economic damages are $30,000,000 based on awards "in other similar matters." Again, this is nonsense and a clear violation of Rules 26 and 37. *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV 902 (JGK)(HBP), 2014 WL 902649, at *6 (S.D.N.Y. Mar. 7, 2014) ("While [Fed.R.Civ. P. 26(a)(1)(A)(iii)] does not indicate the level of specificity that is required to disclose a 'computation' properly…[the rule] requires more than merely setting forth the figure demanded.").

### C.   Plaintiff Cannot Base Alleged Lost Income on the Jobs of Others

Plaintiff has not disclosed any prior employment history.  It appears that Plaintiff has not had any W-2 income in her life and that any income she received has been related to the selling of her fantastical story and a picture of herself standing next to Prince Andrew.[3]

Nonetheless, without factual or evidentiary support, Plaintiff claims lost income of $180,000.  Once again, this "lost income" is theoretical and based on a governmental statistical compilation—i.e. the Consumer Price Index for Urban Wage Earners and Clerical Workers.  As with her calculation of medical expenses, any person of Plaintiff's same age could claim an identical amount of damages.

### D.   Plaintiff Cannot Refuse to Provide Addresses and Telephone Numbers

Rule 26(a)(1)obligates the disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information.  "Numerous

---

[3] Plaintiff refused to provide any information concerning her past employment, her past wages and other income, and her basis for seeking past and future wages, in response to Interrogatory Nos. 9-11, Menninger Decl., Ex. A, Pl's Response and Objections at 13-15.

courts have held that this obligation is satisfied only by producing individual addresses for individual witnesses; disclosure of an attorney's address or an employer's address is not sufficient." *Hartman v. Am. Red Cross*, No. 09–1302, 2010 WL 1882002, at *1 (C.D.Ill. May 11, 2010) (where defendant had voluntarily provided contact information for some employees, court ordered production of address and phone numbers for managers and supervisors under Rule 26(a) finding that "hypothetical concern, [that plaintiff's counsel will contact represented persons] does not justify unilateral disregard for the disclosures mandated by Rule 26(a)"). *See Thurby v. Encore Receivable Mgmt.*, *Inc.*, 251 F.R.D. 620 (D. Colo. 2008) (finding that Rule 26(a)(1) required employer to disclose the personal home address, telephone number, and cellular telephone number of the employees so that plaintiff could contact them to conduct background investigations). *See also, Bowman v. Green Tree Servicing, Inc*., No. 3:12–CV–31, 2012 WL 4849718, at *3 (N.D.W.Va. Oct. 11, 2012) (ordering disclosure of home contact information of employees, in response to interrogatories, who had contact with plaintiff in a Fair Debt Collection Act action); *Dixon v. Certainteed Corp*., 164 F.R.D. 685, 689 (D. Kan. 1996) ("Identification of individuals pursuant to Fed.R.Civ.P. 26(a)(1) includes providing their addresses and telephone numbers, if known. The rule expressly states as much."); *Fausto v. Credigy Svcs. Corp*., 251 F.R.D. 427, 429 (N.D.Ca. 2008); and *Viveros v. Nationwide Janitorial Ass'n Inc.*, 200 F.R.D. 681, 684 (N.D.Ga. 2000).  Counsel for Plaintiff indicated that she would confer with her client and will consider producing Plaintiff's address and telephone number.

Plaintiff has failed to provide the name, address or contact information for any of her medical and mental health treatment providers, despite having claimed $30,000,000 in non-economic damages.  During conferral, Plaintiff's counsel represented that she "recently" had sent a release to a care provider in Colorado and she was "attempting" to gather records from Plaintiff's treatment providers in Australia.  Obviously, Plaintiff knows who her care providers are and were and knows where they are located.  Yet she has failed to provide that information in her Rule 26 disclosures.[4]

**E.   Plaintiff's Failure to Timely Disclose Required Information has Prejudiced Ms. Maxwell.**

The fact discovery in this case is currently scheduled to close on July 1, 2016. Although claiming tens of millions of dollars in damages Plaintiff has not identified one doctor, medical record or other relevant information to support her claims.  It will be difficult, if not impossible, for Ms. Maxwell to obtain records or depose medical providers in other countries, Australia, for example, within the next 90 days given that no information has been forthcoming.  Moreover, this information is necessary to conduct additional investigation and prepare expert testimony. None of this work can be accomplished in the absence of the mandatory disclosures.

**CONCLUSION**

Ms. Maxwell's counsel has repeatedly alerted Plaintiff to the significant deficiencies in her Rule 26 disclosures, while placing particular emphasis on Plaintiff's insufficient and baseless damages computations and failure to disclose witness

---

[4] Plaintiff also failed to provide this information in response to Interrogatory Nos. 12 and 13.  Menninger Decl., Ex. A, Pl's Response and Objections at 15-16.

information.  In a clear disregard for Ms. Maxwell's letters of conferral and for the

Federal Rules of Civil Procedure, Plaintiff produced Initial Rule 26 disclosures and a

supplement thereto that are woefully deficient.

WHEREFORE, Ms. Maxwell respectfully requests that this Court:

a.  Compel Plaintiff to identify any past or present health care providers, disclose

relevant medical records, and provide a computation of damages with supporting

documentation including any prior employment history;

b.  The known addresses and telephone numbers of disclosed individuals including

the Plaintiff; and

c.  Order payment, under Fed.R.Civ. P. 37(c)(1) of reasonable expenses including

attorney fees required to prosecute this Motion because of Plaintiff's failure to

make timely disclosures.

Dated: March 22, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364
Fax:      303.832.2628
lmenninger@hmflaw.com

*Attorney for Ghislaine Maxwell*

9

**CERTIFICATE OF SERVICE**

I certify that on March 22, 2016, I electronically served this *Motion to Compel Plaintiff to Disclose Pursuant to Fed. R. Civ. P. 26(a)(1)* with the clerk of the court using the CM/ECF system which will send notification to all counsel of record including the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

*/s/ Nicole Simmons*