EXHIBIT D



**HADDON
MORGAN
FOREMAN**

Haddon, Morgan and Foreman, p.c
Laura A. Menninger

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

February 20, 2016

**VIA EMAIL**

Sigrid S. McCawley
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301-2211
smccawley@bsfllp.com

Re:    *Giuffre v. Maxwell*, Case No. 15-cv-07433-RWS

Dear Ms. McCawley:

I write in response to your letter of February 19, 2016.

Rule 33.3, Local Rules for the Southern District of New York, permits interrogatories
*inter alia* "during discovery...if they are a more practical method of obtaining the
information sought than a request for production or inspection." The interrogatories
propounded on your client are just that and therefore not improper. By way of
example, I seriously doubt that your client from memory will be able to recall each
communication that she (and her many various attorneys) have had with law
enforcement agencies or with representatives of the media, nor the names of her
various health care providers, nor the sources and amounts of her income, dating back
17 years or more.

Indeed, numerous decisions by Judge Sweet have authorized the use of interrogatories
during discovery. *See, e.g., Ottoson v. SMBC Leasing & Finance, Inc.,* 2015 WL
4597542, *1 (S.D.N.Y. July 30, 2015) (*Sweet*, J.); *Hernandez v. Bare Burger Dio
Inc.,* 2013 WL 3963660 (S.D.N.Y. Aug. 1, 2013) (*Sweet*, J.).

If you are taking the wholesale position that your client will refuse to respond to *any*
interrogatories until June 2016, please advise me of that position by close of business
next Wednesday, February 24, 2016, so that we may raise the issue with the Court if
necessary.

Finally, you object to the use of sub-parts in the 14 interrogatories propounded on
your client. Your position is legally unfounded. The sub-parts utilized properly seek
to clarify the meaning of "identify" with respect to the stated interrogatory. To the

Sigrid McCawley
February 20, 2016
Page 2

extent that any such sub-part seeks a broader definition of "identify" than that permitted by Local Rule 26.3(c), you may construe the interrogatory in the narrower sense provided by that rule. *See* Local Rule 26.3(c) (defining the uniform meaning of "identify" with respect to persons and documents and requiring the "type," date, addressee and recipient of documents or, alternatively, production of same and as to persons, the name, addresses and last known place of employment).

Sincerely,

HADDON, MORGAN AND FOREMAN, P.C.

*/s/ Laura A. Menninger*
Laura A. Menninger