# EXHIBIT F

# Laura Menninger

| | |
|---|---|
| From: | Laura Menninger |
| Sent: | Wednesday, February 24, 2016 4:45 PM |
| To: | 'Sigrid McCawley' |
| Cc: | Brenda Rodriguez |
| Subject: | Giuffre v. Maxwell - [Rule 26 Disclosures] |
| Attachments: | 2016.02.24 Def Initial FRCP 26(a)(1)(A) Disclosures.pdf |

Sigrid –

Attached please find Ms. Maxwell's Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) in the above-captioned matter.

Regarding Ms. Giuffre's Rule 26 Disclosures served on November 11, 2015, they are deficient in several respects.

First of all, you have not provided addresses and telephone numbers for witnesses listed therein. For example, as to witnesses Joanna Sjoberg and Jean Luc Brunel, you do not provide addresses or telephone numbers, yet you have served subpoenas on them or their counsel. Likewise, you do not even list Ms. Chambers as a witness, yet have apparently served a subpoena for her deposition as well. *Cf.* Rule 26(e)(1)(A) (requiring supplements "in a timely matter").

Furthermore, it is apparent from pleadings in other matters that you are in possession of a substantial number of documents regarding Ms. Giuffre's claims and defenses that you have not mentioned, let alone provided copies of, consistent with Rule 26(a)(1)(A)(ii). By way of example only, your client has provided sworn testimony related to her allegations against Ms. Maxwell in the *Edwards v Dershowitz* matter that you have not provided. Your client's other attorneys have provided redacted copies of her statements to law enforcement in that matter as well, yet you did not provide them as a part of your Rule 26 disclosures.

Finally, Rule 26(a)(1)(A)(iii) requires you to provide a "computation of each category of damages" together with any "documents or other evidentiary material...on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your damages disclosures are woefully lacking. Although you list lump-sum total claims for damages, you do not provide a single "computation," let alone any "documents or other evidence" supporting any "computation."

- To the extent Ms. Giuffre purports to have, for example, "physical, psychological and psychiatric injuries and resulting medical expenses," totaling $100,000, you do not provide a computation nor any "medical expenses" or records of any such "injuries."
- To the extent Ms. Giuffre purports to have, for example, **$30 MILLLION** worth of "pain and suffering" and "mental anguish," again you do not provide a computation nor any records reflecting any such "injuries."
- To the extent Ms. Giuffre claims to have "past and future lost wages" of **$5 MILLION,** you provide no computation nor any records reflecting such "lost wages."

*See, e.g., Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13 CIV. 1896 RWS, 2015 WL 3824254, at *3 (S.D.N.Y. June 19, 2015) (Sweet, J.) ("It should not take a conference, a motion to compel, a court order, and a motion for sanctions to generate a computation of damages. *See Design Strategy, Inc. v. Davis,* 469 F.3d 284, 295 (2d Cir.2006). That computation is required in a plaintiff's initial disclosures pursuant to Rule 26(a)(1)(A)(iii), and requires both a dollar amount sought and some analysis explaining how that figure was arrived at. *See Max Impact, LLC v. Sherwood Grp.,* Inc., No. 09 Civ. 902, 2014 WL 902649, at *5–6 (S.D.N.Y. Mar. 7, 2014). When a case such as this one has progressed into discovery, a more detailed calculation becomes necessary. *See id.; see also Design Strategy,* 469 F.3d at 295. Thompson was required to make this showing; merely gesturing at a large set of documents is not sufficient. *See Design Strategy,* 469 F.3d at 295.").

1

Please correct the deficiencies in your initial disclosures by next Monday, February 29, 2016.

Thank you,
-Laura



Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.