# EXHIBIT H

# Laura Menninger

**From:** Laura Menninger
**Sent:** Tuesday, March 08, 2016 7:09 PM
**To:** 'Sigrid S. McCawley - Boies, Schiller & Flexner LLP (smccawley@bsfllp.com)'
**Cc:** Brenda Rodriguez
**Subject:** Giuffre v. Maxwell - [Rule 26 Disclosures]

Sigrid:

Please consider this a conferral pursuant to Rule 37(a)(1).

It is apparent that you do not intend to timely and appropriately attend to your Rule 26 disclosure obligations.

On February 24, two weeks ago, I first attempted to confer with you on this topic. I pointed out that you have numerous documents in your possession that you intend to use to support your claims and defenses, as evidenced by the fact that you repeatedly have attached documents to your public pleadings that you have not provided via disclosures. You did so as early as 3 months ago, but more recently last week. You also have contact information for witnesses that you have not updated, as evidenced by the fact that you have served individuals with subpoenas, one of whom is <u>not even contained in your Rule 26 disclosures</u>. And you have documents, like your client's sworn testimony and statements to law enforcement, on the topics central to this case that you have not provided.

Most significantly, you have not even attempted to provide the type of meaningful calculation of damages required by Rule 26: i.e., the **$35 million** you seek, encompassing a **"lost wages" of $5 million** (in the past year since the alleged "defamation") and her "pain and suffering" of **$30 million** (also since January 2, 2015). You have not provided the names/identities of any health care providers or witnesses who can attest to any "pain and suffering" or "mental anguish."

On February 26, you "anticipate[d]" you might have updated disclosures "in the near future." Yesterday, you "anticipated" having them by "early next week."

Rule 26(e), as you know, requires that supplements be provided "in a timely manner" when a party "learns that in some material respect the disclosure or response is incomplete or incorrect." I anticipate the documents, the contact information and calculations of damages are not new information to you that you just "learned." Rather you have deliberately withheld them from production despite your obligations.

You have filed public pleadings accusing Ms. Maxwell of "stonewalling" and deliberate stalling tactics. You have demanded depositions go forward on dates of your choosing. All the while, you have failed to fulfill your obligations to disclose documents, contact information and calculations of damages.

Please provide complete and updated Rule 26 disclosures by close of business this Friday, including a representation as to when you "learned" any of the new information, or we will be forced to seek appropriate relief from the Court. Obviously, we will not proceed with any depositions in the absence of complete disclosures. I do not want to travel to Florida for witness depositions only to have you find "new" information about those witnesses as soon as the depositions have concluded.

Thank you for your prompt attention.

-Laura

1



Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Main 303.831.7364 FX 303.832.2628
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Sigrid McCawley [mailto:Smccawley@BSFLLP.com]
**Sent:** Monday, March 07, 2016 2:44 PM
**To:** Laura Menninger
**Cc:** Brenda Rodriguez
**Subject:** RE: Giuffre v. Maxwell - [Rule 26 Disclosures]

Hello Laura – just a quick update – I am working on revisions to Virginia's Rule 26 disclosures and anticipate having those to you by early next week.

Thank you,
Sigrid

Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Sigrid McCawley
**Sent:** Friday, February 26, 2016 12:27 PM
**To:** 'Laura Menninger'
**Cc:** Brenda Rodriguez
**Subject:** RE: Giuffre v. Maxwell - [Rule 26 Disclosures]

Hello Laura,

As you know, your Rule 26 disclosures were due back in November, 2015 and you have just provided a copy of them for the first time on February 24, 2016 and you failed to attached copies of the documents you reference. Kindly provide me with copies of the documents referenced by Monday.

As for your concerns regarding the Rule 26 disclosures I served on you in November 2015, we are working on updating our disclosures in accordance with the rules and I anticipate having the revised disclosures to you in the near future.

Thank you,
Sigrid

Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

---

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Wednesday, February 24, 2016 6:45 PM
**To:** Sigrid McCawley
**Cc:** Brenda Rodriguez
**Subject:** Giuffre v. Maxwell - [Rule 26 Disclosures]

Sigrid –

Attached please find Ms. Maxwell's Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) in the above-captioned matter.

Regarding Ms. Giuffre's Rule 26 Disclosures served on November 11, 2015, they are deficient in several respects.

First of all, you have not provided addresses and telephone numbers for witnesses listed therein. For example, as to witnesses Joanna Sjoberg and Jean Luc Brunel, you do not provide addresses or telephone numbers, yet you have served subpoenas on them or their counsel. Likewise, you do not even list Ms. Chambers as a witness, yet have apparently served a subpoena for her deposition as well. *Cf.* Rule 26(e)(1)(A) (requiring supplements "in a timely matter").

Furthermore, it is apparent from pleadings in other matters that you are in possession of a substantial number of documents regarding Ms. Giuffre's claims and defenses that you have not mentioned, let alone provided copies of, consistent with Rule 26(a)(1)(A)(ii). By way of example only, your client has provided sworn testimony related to her allegations against Ms. Maxwell in the *Edwards v Dershowitz* matter that you have not provided. Your client's other attorneys have provided redacted copies of her statements to law enforcement in that matter as well, yet you did not provide them as a part of your Rule 26 disclosures.

Finally, Rule 26(a)(1)(A)(iii) requires you to provide a "computation of each category of damages" together with any "documents or other evidentiary material…on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your damages disclosures are woefully lacking. Although you list lump-sum total claims for damages, you do not provide a single "computation," let alone any "documents or other evidence" supporting any "computation."

- To the extent Ms. Giuffre purports to have, for example, "physical, psychological and psychiatric injuries and resulting medical expenses," totaling $100,000, you do not provide a computation nor any "medical expenses" or records of any such "injuries."
- To the extent Ms. Giuffre purports to have, for example, **$30 MILLLION** worth of "pain and suffering" and "mental anguish," again you do not provide a computation nor any records reflecting any such "injuries."
- To the extent Ms. Giuffre claims to have "past and future lost wages" of **$5 MILLION,** you provide no computation nor any records reflecting such "lost wages."

3

*See, e.g., Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13 CIV. 1896 RWS, 2015 WL 3824254, at *3 (S.D.N.Y. June 19, 2015) (Sweet, J.) ("It should not take a conference, a motion to compel, a court order, and a motion for sanctions to generate a computation of damages. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir.2006). That computation is required in a plaintiff's initial disclosures pursuant to Rule 26(a)(1)(A)(iii), and requires both a dollar amount sought and some analysis explaining how that figure was arrived at. *See Max Impact, LLC v. Sherwood Grp.*, Inc., No. 09 Civ. 902, 2014 WL 902649, at *5–6 (S.D.N.Y. Mar. 7, 2014). When a case such as this one has progressed into discovery, a more detailed calculation becomes necessary. *See id.; see also Design Strategy*, 469 F.3d at 295. Thompson was required to make this showing; merely gesturing at a large set of documents is not sufficient. *See Design Strategy*, 469 F.3d at 295.").

Please correct the deficiencies in your initial disclosures by next Monday, February 29, 2016.

Thank you,
-Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]