# EXHIBIT I



**HADDON**
**MORGAN**
**FOREMAN**

Haddon, Morgan and Foreman, P.C
Laura A. Menninger

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com

March 10, 2016

**VIA EMAIL**

Sigrid S. McCawley
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
smccawley@bsfllp.com

Re:   *Giuffre v. Maxwell* –
      Conferral re. Plaintiff's Production of Documents and Privilege Logs

Dear Sigrid:

I write in response to your letter of March 8 requesting (a) to produce documents on a "rolling" basis over the course of a month, (b) an agreement that any privilege asserted by Plaintiff after the deadline for production of documents will not be waived by its untimeliness, to be mutual as to any untimely privilege assertions by Defendant, (c) an agreement that privileged communications by either party with their respective counsel "after the commencement of litigation" and "communications among her counsel" need not be logged, even if responsive to a document request, and (d) an agreement that Plaintiff's communications with her counsel in other related litigation need not be separately logged but rather may be identified categorically.

I make two initial observations. First, the issues you raise are precisely the type that could have been resolved more quickly, easily and less expensively and without court intervention, had we had a meaningful conferral in early February regarding the timing and scope of discovery, as I suggested. Second, the voluminous production, and pressures inherent in producing a privilege log in a 30-day window, likely could have been averted had you timely honored your obligations to disclose materials pursuant to Rule 26.

In any event, I am not opposed to additional time for you to produce responsive documents, provided you withdraw the deposition notice to Ms. Maxwell for March 25 and we have a realistic discussion regarding scheduling her deposition for a date certain after your production is complete, presumably after April 15, 2016, if your letter is accurate. We could likewise set aside specific time frames for depositions in

Sigrid S. McCawley
March 9, 2016
Page 2

Florida, Colorado and anywhere else we anticipate witness testimony will be located. I currently have a fairly open schedule in April and May; the sooner we have that conversation the more likely we will find mutually available dates.

With respect to a "rolling privilege log," I can agree to a mutual arrangement whereby privileges asserted within a reasonable time after production of Responses and Objections, or after a Court issues an Order overruling other objections (for example relevant period) makes previously undisclosed privilege documents disclosable. I propose a 14 day window from either the date of Responses & Objections or a Court Order concerning other objections for a privilege log to be produced without effecting a waiver of privilege.

By the way, I disagree with your characterization of Defendant's Request No. 20 as calling only for "privileged documents." There are a number of unprivileged documents covered by that Request. By way of example, any writing prepared by Plaintiff reflecting her plan, hope or intent to sue another person would not be privileged. Any draft complaint prepared by counsel and shown to or shared with anyone other than Plaintiff, for example, the person against whom such Complaint would be lodged (or their representative or attorney), would not be privileged. Any communication (by Plaintiff's attorneys or by herself) with a third party demanding consideration, discussing consideration, or discussing a potential lawsuit or claim against them, would not be privileged.

As to your third request, it contains too much ambiguity for me to respond. What do you mean by "commencement of litigation" and "in this matter"? Are you referring solely to your (or other Boies Schiller attorneys') communications with Plaintiff since the date the Complaint in our action was filed? Are you referring to your communications with other of Plaintiff's lawyers outside your firm? Or are you referring to "commencement" of other litigation or other attorneys besides Boies Schiller?

Your reference to the absence of documents on our privilege log respecting Plaintiff's Request for Production Number 2 -- "all documents relating to communications with Virginia Roberts from 1999-present" -- does not help clarify these issues. I cannot conceive of what communications between myself and my client would be relevant or responsive to that Request and so, to answer your question, the "absence of such entries" on our privilege log as to that question does not indicate "a willingness to agree that privileged, responsive communications between the parties and their attorneys, and among the parties' attorneys, will not be entered on a privilege log when such communications take place after the commencement of litigation in this matter." Please explain further your request in this regard and I will timely respond.

Finally, as to your last request, I read Local Rule 26.2(c) to permit some grouping of similar documents that are being withheld on identical grounds, so long as the other contents of the log are completed, i.e., the date, the author and recipient, other copied

Sigrid S. McCawley
March 9, 2016
Page 3

individuals, description of subject matter and the like. As you know (and have asserted in this case), the presence of a third-party on a communication may destroy the privilege if there is not an independent privilege to support that third-party's participation. Thus, I cannot agree to a privilege log that omits pieces of information but can agree that, for example, a date range where the other required data are identical could be grouped together. If that is not clear, I suggest we have a discussion.

I remain available to discuss any of these issues if that would be more convenient.

Sincerely,

Laura A. Menninger