**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,           Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

### PLAINTIFF, VIRGINIA GIUFFRE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO DISLCOSE PURSUANT TO FED. R. CIV. P. RULE 26(a)(1)

BOIES, SCHILLER & FLEXNER LLP

David Boies
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Sigrid McCawley (Pro Hac Vice)
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Ellen Brockman
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... ii

I.   PRELIMINARY STATEMENT .................................................................... 1

II.  ARGUMENT ................................................................................................. 3

    A.   Ms. Giuffre's Computation Of Damages Are Sufficient And Go
        Beyond The Requirements Of Rule 26(a). ............................................. 3

    B.   The Claimed $102,000 For Future Medical Expenses Is Supported By Proper
        Calculations And Supporting Documents. ............................................. 5

    C.   Plaintiff's Non-Economic Computation Of Damages Complies With Rule 26. ........... 6

    D.   Ms. Giuffre Can Base Alleged Lost Income On "The Jobs of Others" – *i.e.*,
        On Standard Economic Estimation Techniques. .................................... 8

    E.   Plaintiff Has Not Refused To Provide Addresses And Telephone Numbers ............. 10

    F.   Defendant Is Not Prejudiced And She Has Not Made A Showing of Prejudice. ......... 11

CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

Page

**Cases**

*Cantu v. Fanigan,*,
   705 F. Supp. 2d 220 (E.D.N.Y. 2010) ..............................................................................4, 6, 8

*Celle v. Filipino Reporter Enters., Inc.,*
   209 F. 3d 163 (2d Cir. 2000) ......................................................................................................3

*City & Cty. of San Francisco v. Tutor Saliba Corp.,*
   218 F.R.D. 219 (N.D. Cal. 2003) ............................................................................................10

*In re Jolly Roger Cruises & Tours, S.A.,*
   2011 U.S. Dist. LEXIS 44143, 2011 WL 1467172 (S.D. Fla. April 18, 2011) ..........................7

*Matter of Kaplan,*
   8 N.Y.2d 214, 168 N.E.2d 660, 203 N.Y.S. 2d 836 (1960) ......................................................11

*Max Impact, LLC v. Sherwood Grp., Inc.,*
   No. 09 Civ. 902, 2014 WL 902649 (S.D.N.Y. Mar. 7, 2014) ....................................................7

*Murray v. Miron,*
   No. 3:11 CV 629 JGM, 2015 WL 4041340 (D. Conn. July 1, 2015) ........................................4

*Naylor v. Rotech Healthcare, Inc.,*
   679 F. Supp. 2d 505 (D. Vt. 2009) ....................................................................................2, 5, 8

*Pine Ridge Recycling, Inc. v. Butts Cty., Ga.,*
   889 F. Supp. 1526 (M.D. Ga. 1995) ......................................................................................10

*Robertson v. Dowbenko,*
   443 F. App'x 659 (2d Cir. 2011) ..........................................................................................2, 3

*Rosenberg v. DVI Receivables, XIV, LLC,*
   No. 12-CV-22275, 2012 WL 5198341 (S.D. Fla. Oct. 19, 2012) ..............................................7

*Scheel v. Harris,*
   No. CIV.A. 3:11-17-DCR, 2012 WL 3879279 (E.D.Ky. Sept. 6, 2012) ................................4, 6

**Statutes**

Federal Rule of Civil Procedure 26 ................................................................................2, 3, 4

Federal Rule of Civil Procedure 37 ........................................................................................4

Plaintiff Virginia L. Giuffre, by and through her undersigned counsel, respectfully submits this Response in Opposition to Defendant's Motion to Compel Plaintiff to Disclose Pursuant to Fed. R. Civ. P. 26(a)(1) [D.E. 64].  For the reasons set forth below, this Court should deny Defendant's Motion to Compel in its entirety.

## I.   <u>PRELIMINARY STATEMENT</u>

Defendant filed an unfounded motion to compel in an attempt to avoid her deposition on Friday. Message pads from law enforcement trash pulls from Jeffrey Epstein's home show that Defendant arranged to have underage girls come over for "training." Defendant flew on convicted pedophile Jeffrey Epstein's private plane no less than 360 times, and over 20 times with Plaintiff when Ms. Giuffre was a minor child. Additionally, two witnesses have invoked their Fifth Amendment rights when asked whether they witnessed Defendant sexually trafficking minors. This is not the first time Defendant has attempted to avoid her deposition.  Indeed, Defendant previously misrepresented her ability to sit for a deposition in a related civil case in 2009.  *See* Declaration of Sigrid McCawley ("McCawley Decl.") at Exhibit 1, 2009 Notice of Taking Deposition, Subpoena and Cancellation Notice, and Daily Mail Article.  Now, on the eve of her deposition, Defendant is desperately trying to manufacture baseless objections in an attempt to avoid going forward with the deposition.

To date, despite this Court's order overruling Defendant's objections on time period, Defendant has produced only *two documents* to Ms. Giuffre. Meanwhile, Ms. Giuffre has expended considerable resources, including retaining an e-discovery company, to make a nearly-complete and speedy production of 4,274 pages of responsive documents to Defendant's indiscriminate and wide-ranging discovery requests, requests that include, for example, all of Ms. Giuffre's correspondence with her family over the last 18 years.

Turning to Ms. Giuffre's voluminous Rule 26 Disclosures, Ms. Giuffre has fulfilled her discovery obligations under the applicable Rule.  It is noteworthy that Plaintiff provided timely Rule 26 disclosures on November 11, 2015 and Defendant completely disregarded the Rule 26 disclosures and waited *four months* before producing disclosures.  Rule 26 requires that a party disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Per the Rule, Ms. Giuffre has provided "all known" addresses and phone numbers for the witnesses. For witnesses known to be represented by counsel, Plaintiff has provided counsel's address and phone numbers. Defendant herself also failed to list address information for approximately 10 witnesses in her Rule 26 Disclosures. Presumably this omission was due to the fact that those addresses are unknown to Defendant.

Regarding Ms. Giuffre's Rule 26 computation of damages Plaintiff provided amounts, damage calculations and supporting evidence required under Rule 26.  Ms. Giuffre has pled defamation *per se* under New York law, where damages are presumed. *Robertson v. Dowbenko*, 443 F. App'x 659, 661 (2d Cir. 2011).  Plaintiff is retaining experts to support her Rule 26 Disclosures, and expert reports and disclosures are not due in this matter until July, 2016. Defendant takes issues with Ms. Giuffre's computation of damages in her Rule 26 disclosures but fails to cite to a single case that requires more from her, let alone more from a Plaintiff claiming defamation *per se*. Indeed, the case law supports that Plaintiff has fully complied with her Rule 26 obligations.  *See Naylor v. Rotech Healthcare, Inc.*, 679 F. Supp. 2d 505, 510 (D. Vt. 2009).

In good faith, Ms. Giuffre has produced a multitude of documents and information regarding her damages.  Ms. Giuffre is under no obligation to do more at this stage in the litigation, and Defendant does not cite to a single case that even suggests she is required to do more. What Defendant is actually seeking is expert discovery and an expert report on computation of damages. Rule 26(a)(1), under which Defendant moves, governs "initial disclosures,"

disclosures to be made at the beginning of litigation,  prior to the completion of expert work. It does not entitle a party to expert discovery at this stage in the case, months before expert discovery closes, and before Ms. Giuffre has even retained her testifying expert.

Therefore, this Motion to Compel is a failed attempt to manufacture issues to delay Ms. Maxwell's deposition. Defendant has made no showing of prejudice whatsoever, particularly in relation to her deposition on Friday. Defendant has made no showing whatsoever that the absence of unknown addresses for witnesses in Ms. Giuffre's Rule 26 disclosures would create any prejudice. Moreover, Defendant has made no showing that an unnecessary, fuller depiction of Ms. Giuffre's computation of damages is required to avoid prejudice at her deposition on Friday; she fails to cite a single case in support of her argument on this point. In fact, Ms. Giuffre, as promised to the Court at Thursday's hearing, has produced *each and every document that will be used at Ms. Maxwell's deposition*, even providing Defendant with a specific list of all documents that will be used at her deposition.  Accordingly, Defendant's deposition should go forward as scheduled.

II.   **ARGUMENT**

A.   **Ms. Giuffre's Computation Of Damages Are Sufficient, And Go Beyond The Requirements Of Rule 26(a).**

Plaintiff has satisfied her requirements under Fed. R. Civ. P. 26, and Defendant has failed to put forth any authority to the contrary. Defendant now moves the Court, seeking more than what she is entitled to, in order to manufacture a reason to delay Defendant's deposition.

Ms. Giuffre has pleaded and will prove defamation *per se*, where damages are presumed. *Robertson v. Dowbenko*, 443 F. App'x at 661 ("As the district court correctly determined, Robertson was presumptively entitled to damages because he alleged defamation per se."). Under New York law, defamation *per se*, as alleged in this case, presumes damages, and special damages do not need to be pled and proven.  *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 179 (2d Cir. 2000) (holding that "[i]f a statement is defamatory *per se*, injury is assumed. In such a

3

case 'even where the plaintiff can show no actual damages at all, a plaintiff who has otherwise

shown defamation may recover at least nominal damages,'" and confirming an award of punitive

damages) (internal citation omitted). "In assessing the amount of damages to award for

defamation, a jury is not limited to compensating the plaintiff for 'economic' losses, such as

demonstrable lost profits.  Rather, a plaintiff may suffer 'non-economic' injuries as well. Among

these is the loss of reputation, which includes the loss of professional status and the ability to earn

wages, as well as any humiliation or mental suffering caused by the defamation." *Cantu v.

Flanigan*, 705 F. Supp. 2d 220, 227 (E.D.N.Y. 2010) (internal citations omitted).

Importantly, "[i]n calculating non-economic damages in a defamation case, including

humiliation, mental suffering and damage to plaintiff's reputation, a jury may properly consider a

number of factors. In this case, the jury was instructed to consider: [1] the plaintiff's standing in

the community, [2] the nature of defendant's statements made about the plaintiff, [3] the extent to

which the statements were circulated, [4] the tendency of the statement to injure a person such as

the plaintiff, and [5] all of the other facts and circumstances in the case." *Cantu v. Flanigan*, 705

F. Supp. 2d at 227-28 (internal citations and quotations omitted).

Additionally, Ms. Giuffre has claimed punitive damages for the defamation *per se*.

"[C]ourts have generally recognized that ... punitive damages are typically not amenable to the

type of disclosures contemplated by Rule 26(a)(1)(A)(iii), and have held that the failure to disclose

a number or calculation for such damages was substantially justified." *See Murray v. Miron*, No.

3:11 CV 629 JGM, 2015 WL 4041340, at *4 (D. Conn., July 1, 2015). *See also Scheel v. Harris*,

No. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012) (finding that a

failure to provide a precise number or calculation for their punitive damages claim is substantially

justified pursuant to Fed.R.Civ.P. 37(c)(1)).

**B.**      **The Claimed $102,000 for Future Medical Expenses is Supported By Proper Calculations And Supporting Documents**

Defendant takes the position that Ms. Giuffre has to provide all of the information that would be presented to a jury upon which to make an "award[] of damages" in her initial disclosures. That is not the law. It's not even close. Revealingly, the first two cases Defendant cites in support of her made-up demands are state court cases discussing what type of damages showing is necessary at trial and in order to be awarded a default judgment.

Importantly, in Defendant's entire argument about the alleged deficiency of Ms. Giuffre's damages computations in her initial disclosures, there is not one single authority setting forth what must go into the initial disclosures for damages. Indeed, there is not even a federal case cited in the argument for this section of the brief. This is because Defendant cannot put forth any opinion authored by any court that determined that damages computations are deficient at the level of detail Ms. Giuffre has provided.

With regard to the Rule 26 disclosures for computation of damages, a detailed initial disclosure of a computation of damages is unnecessary. *See Naylor v. Rotech Healthcare, Inc.,* 679 F. Supp. 2d at 510 ("The Court is skeptical of the need for so much additional discovery, since the only open issue on the defamation claim seems to be damages. Miles's email itself provides evidence of the statement and publication to a third party. Damages will depend on [plaintiff] Naylor's testimony and perhaps evidence from a few other sources, such as Naylor's family and friends, or Streeter [one of defendant's clients].")  Despite this, Ms. Giuffre has provided the calculations evidencing how she arrived at her damage figures and has provided a myriad of documents upon which she also will rely in proving damages.  This includes supporting documents showing average medical expenses computed by her average life expectancy. Specifically, Ms. Giuffre's Rule 26 disclosures provided as follows:

1.   Physical, psychological and psychiatric injuries and resulting medical expenses – in an amount of approximately $ 102,200 present value.

    a.   **Computation Analysis**:

        i.   Giuffre has had to receive treatment for the psychological harm as a result of Maxwell's conduct towards Giuffre.

        ii.   The average annual expenditures for mental health services for adults 18-64 in the United States is $1,751.

        iii.   Giuffre needs continuing care as a result of the harm she has suffered. Ms. Giuffre was born August 9, 1983 and was 31.4 years old at the beginning of 2015 when the alleged harm occurred. The average remaining life expectancy for a 31 year old female is 51.1 years.

        iv.   Based on a remaining life expectancy of 51.1 years, annual healthcare costs growth of 3.3% and a discount rate of 2.7%, the present value of expected treatment costs is $102,200 as of 1/1/2015.

    b.   **Supporting Evidence**:

        i.   Ms. Giuffre is in the process of collecting records from her physicians.

        ii.   Ms. Giuffre's testimony.

        iii.   Ms. Giuffre is in the process of retaining an expert to calculate damages, and will provide further information through expert disclosure.

*See* McCawley Decl. at Exhibit 2, Plaintiff's Revised Rule 26 Disclosures, and Exhibit 3, Addendum to Rule 26 Disclosures.

## C.   Plaintiff's Non-Economic Computation of Damages Complies with Rule 26

As stated above, "[i]n calculating non-economic damages in a defamation case, including humiliation, mental suffering and damage to plaintiff's reputation, a jury may properly consider a number of factors. In this case, the jury was instructed to consider: [1] the plaintiff's standing in the community, [2] the nature of defendant's statements made about the plaintiff, [3] the extent to which the statements were circulated, [4] the tendency of the statement to injure a person such as the plaintiff, and [5] all of the other facts and circumstances in the case." *Cantu v. Flanigan*, 705 F. Supp. 2d at 227-28 (internal citations and quotations omitted).

"[N]on-economic damages based on pain and suffering ... are generally not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii)." *Scheel v. Harris, No*. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012) (holding that plaintiff's failure to disclose a number or calculation for such damages was substantially justified) (internal citation omitted).

"For example, in cases of per se defamation under Florida law by a private plaintiff against a non-media defendant, evidence of economic harm is not required to recover for damage to one's reputation. In fact, in certain types of cases, evidence of economic harm is not required to recover for damage to one's reputation. This is because 'in libel any language published of a person that tends to degrade him or to bring him into ill repute, or to destroy the confidence of his neighbors in his integrity, or to cause others like injury, is actionable per se.'" *Rosenberg v. DVI Receivables, XIV, LLC*, No. 12-CV-22275, 2012 WL 5198341, at *5 (S.D. Fla. Oct. 19, 2012) (internal citations omitted). *See also In re Jolly Roger Cruises & Tours, S.A.*, 2011 U.S. Dist. LEXIS 44143, at *11–*16, 2011 WL 1467172 (S.D. Fla. April 18, 2011) (explaining that "on the whole, Starkey's claims remain one of garden variety emotional distress, that is certainly susceptible of careful consideration by a jury without resort to experts").

Defendant cites *Max Impact, LLC v. Sherwood Grp., Inc*. in her non-economic damages argument, but it is wholly inapposite - it doesn't even address non-economic damages. No. 09 Civ. 902, 2014 WL 902649, at *5–6 (S.D.N.Y. Mar. 7, 2014). This case involved a claim of patent and copyright infringement, seeking lost sales, resulting in lost profits, profit made by defendant, and legal fees. The deficiencies the Court found would not apply to a defamation case: "Sherwood failed to provide a calculation or formula through which the figures were derived. . . . [I]t still does not inform BamBams how the profit margins were calculated." *Id*. A defamation claim does not

involve profit margins; there is no "formula" for damages from defamation, particularly

defamation *per se*.

Defendant's false statements have caused, and continue to cause, Ms. Giuffre economic

damage, psychological pain and suffering, mental anguish and emotional distress, and other direct

and consequential damages and losses. These damages are in the province of the jury based upon

testimony. *See Naylor v. Rotech Healthcare, Inc.*, 679 F. Supp. 2d at 510.

Finally, courts properly look to the verdicts in other, similar cases when determining the

appropriateness of damages awarded. *See Cantu v. Flanigan*, 705 F. Supp. 2d at 229-231

(examining past defamation damages awards as a basis for evaluating the award of damages in the

present case).

> **D.**   **Ms. Giuffre Can Base Allege Lost Income on "The Jobs of Others" - *i.e.*, On Standard Economic Estimation techniques.**

Defendant also argues that Ms. Giuffre "cannot base alleged lost income on the jobs of

others." MTC at 6. Apparently, what Defendant means by this claim is that Ms. Giuffre cannot

rely on standard economic estimation techniques for calculating lost income. While this may be

an interesting issue for debate before the jury, it is (at most) a claim about the weight to be given

to the evidence that Ms. Giuffre intends to produce, not some kind of grounds for motion to

compel.

It is first important to understand exactly what Ms. Giuffre has produced that Defendant

claims is, somehow, inadequate. One of the kinds of damages that Ms. Giuffre seeks in his

lawsuit is lost income. Her Rule 26 disclosure of the basis for calculating these damages was

extensive and is worth setting out here for the benefit of the Court**:**

Estimated lost income of $180,000 annually. Present value of $3,461,000 to $5,407,000.

a.   Computation Analysis

      i.  Ms. Giuffre's estimated compensation capacity is $180,000 annually.  Ms. Giuffre was born August 9, 1983 and was 31.4 years old at the beginning of 2015 when the alleged injury occurred. Her expected remaining work life based on mortality and probability of continued work was 20.2 years. Based on these factors, a 2% annual growth rate and a 2.4% discount rate, the present value of lost compensation is $3,461,000 as of 1/1/2015.

      ii.  Alternatively, if Ms. Giuffre is assumed to work until a normal retirement age of 65, or 33.6 years from her age at the beginning of 2015, and based on an annual growth rate of 2.0% and a discount rate of 2.7%, the present value of lost compensation is $5,407,000 as of 1/1/2015.

  b.  Supporting Evidence

      i.  Materials regarding compensation and work life expectancy

          1)  2010 Life Table for Females, National Vital Statistics Report, November 6, 2014, U.S. Department of Health & Human Services, Centers for Disease Control & Prevention, National Center for Health Statistics.

          2)  "Calculation of Work life Expectancy Using the Life, Participation, Employment Method," Vocational Econometrics, Inc.

          3)  Consumer Price Index for Urban Wage Earners and Clerical Workers, United States Department of Labor, Bureau of Labor Statistics.

          4)  Federal Reserve Statistical Release H.15, 1/5/2015.

      ii.  Ms. Giuffre's testimony

      iii.  Ms. Giuffre is in the process of retaining a damages expert and will provide further information through expert disclosures.

See McCawley Decl. at Exhibit 2, Plaintiff's Revised Rule 26 Disclosures, and Exhibit 3, Addendum.

In response to this detailed recitation of not only a precise range of lost income ("present value between $3,461,000 to $5,407,000") but also the underlying calculations and associated supporting evidence, Defendant complains that Ms. Giuffre's calculation is "without factual or evidentiary support."  MTC at 6.  But this claim is simply false, given not only the government publications cited but also the reference to Ms. Giuffre's own forthcoming testimony – surely appropriate "support" for a lost income claim.  Defendant also complains that a necessary

predicate for application of this kind of approach is some evidence of prior employment history. That is not necessarily true, as a person embarking on a first career – or a new career – would not need to rely upon such history.  Here, Ms. Giuffre intends to prove to the jury that she was in the process of beginning new employment – new employment that was disrupted by Defendant's devastating defamatory statements.    In any event, the narrow issue before the Court is only whether to compel Ms. Giuffre to provide more detail, at this juncture in the case, about her lost income calculation.  The Defendant, of course, has ample ways in which to obtain further information, such as the anticipated deposition of Ms. Giuffre.  And Ms. Giuffre will, of course, be providing in due course an expert report on her damages calculations – a report that is not due until July.  Claims of inadequate disclosure are premature. *Cf. Pine Ridge Recycling, Inc. v. Butts Cty., Ga.,* 889 F. Supp. 1526, 1527 (M.D. Ga. 1995) ("At this point, disputing the amount of damages actually claimed is analogous to arguing over the birth weight of a baby 3 months into the pregnancy. Arguments over the method of computation are similarly premature since the method will necessitate expert testimony, which is not due until later this year.").

Rule 26 envisions that a party's "initial damages disclosure under Rule 26(a) is merely a preliminary assessment and is subject to revision." *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003).  Here, Ms. Giuffre's initial disclosure of damages fully satisfied – and, indeed, went beyond – the requirements of Rule 26.

### E.     <u>Plaintiff Has Not Refused to Provide Addresses and Telephone Numbers</u>

As addressed, *supra*, Ms. Giuffre has not refused to provide addresses of witnesses in her Rule 26 initial disclosures. The Rule itself only requires that "known addresses" be disclosed. Ms. Giuffre has disclosed the known addresses.  Notably, many of the unknown addresses are for witnesses that are known to Defendant and her joint defense partner Jeffrey Epstein, yet, they have <u>not</u> provided even the names of these individuals in Defendant's Rule 26 disclosures.

Similarly, Defendant did not disclose all the addresses of her Rule 26 witnesses. Yet, despite the undersigned's repeated explanations that the "missing" addresses are "unknown," Defendant has wasted this Court's time by presenting this issue.  Ms. Giuffre could put the names of the witnesses without addresses into an internet search engine to try to find an address associated with the individual, but Ms. Giuffre would not be able to provide confirmation that the address is correct or current. If Ms. Giuffre should "Google" the names of witnesses with unknown addresses or phone numbers and provide those search results, and if one was incorrect, Defendant would likely be before the Court saying that Ms. Giuffre had "lied" about an address. In short, this is not a winning issue for Defendant as the Rule only requires the disclosure of known addresses, and Ms. Giuffre provided all known addresses for the witnesses.

Regarding Ms. Giuffre's own address, she is a child victim of sex trafficking. As a result of personal safety concerns, Ms. Giuffre disclosed her attorney's address and agreed to accept service at that address.  During the meet and confer, Defendant requested that Ms. Giuffre provide her address confidentially.  Plaintiff's counsel reached out to Ms. Giuffre and is awaiting a response. Ms. Giuffre is genuinely afraid that disclosure of her current address would put her, and her minor children, in serious danger. Courts have found that fear of reprisals have justified the non-disclosure of a client's name. *Matter of Kaplan*, 8 N.Y.2d 214, 168 N.E.2d 660, 203 N.Y.S.2d 836, 838-39 (1960) (refusing to hold lawyer in contempt for failure to disclose name of client because of client's justified fear of reprisals).  At present, Defendants have not made a showing whatsoever of the need for the disclosure of Ms. Giuffre's address. Additionally, this argument is premature, particularly if the undersigned is shown to be successful in her attempt to convince Ms. Giuffre to disclose her address confidentially, pursuant to the Protective Order.

**F.      Defendant Is Not Prejudiced And She Has Made No Showing of Prejudice.**

Defendant is jumping the proverbial gun with this argument, and she has made no showing whatsoever of prejudice. First, Defendant just served her discovery requests on February 12, 2016, and already the production, consisting of thousands of pages, is nearly complete. Second, Ms. Giuffre is neither withholding medical records related to her damages nor withholding medical records related to her sexual abuse and defamation. Indeed, Ms. Giuffre is actively seeking information from her medical providers and has made payment to obtain those records. Additionally, Ms. Giuffre has disclosed the names and addresses of both physicians.  *See* McCawley Decl. at Exhibit 2, Plaintiff's Revised Rule 26 Disclosures and Exhibit 3, Addendum. Finally, Ms. Giuffre has already produced dozens of pages of medical records, many of which date back to when Defendant was abusing her. Ms. Giuffre is not sitting on, withholding, or dawdling when it comes to her relevant medical records and Defendant has not shown any prejudice.

Though unorthodox, Ms. Giuffre, as she promised the Court last Thursday, has already given to Defendant a list of every document to be used at her deposition, as well as the documents themselves. Her counsel will, no doubt, use all of that information in their preparation of the witness. Ms. Giuffre disclosed her deposition "play book" for the very purpose of eliminating any argument Defendant could make about prejudice in taking her deposition on Friday. Similarly, Defendant has undertaken a huge burden in order to produce virtually all of non-privileged documents responsive to the overwhelming majority of Defendant's overly broad requests that span decades.  Accordingly, nothing stands in the way of Defendant's deposition on Friday.

## CONCLUSION

For the reasons set forth above, this Court should deny Defendant's Motion to Compel.

12

Dated: March 23, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Boies, Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies, Schiller & Flexner LLP
    333 Main Street
    Armonk, NY 10504

    Ellen Brockman
    Boies, Schiller & Flexner LLP
    575 Lexington Ave
    New York, New York 10022
    (212) 446-2300

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2016, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing

document is being served this day on the individuals identified below via transmission of Notices

of Electronic Filing generated by CM/ECF.

 Laura A. Menninger, Esq.
 Jeffrey S. Pagliuca, , Esq.
 HADDON, MORGAN & FOREMAN, P.C.
 150 East 10th Avenue
 Denver, Colorado 80203
 Tel: (303) 831-7364
 Fax: (303) 832-2628
 Email: lmenninger@hmflaw.com
 Email: jpagliuca@hmflaw.com


       /s/ Sigrid S. McCawley
        Sigrid S. McCawley