United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                 Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF, VIRGINIA GIUFFRE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF DEFENDANT**

BOIES, SCHILLER & FLEXNER LLP

David Boies
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Sigrid McCawley (Pro Hac Vice)
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Ellen Brockman
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I. PRELIMINARY STATEMENT ....................................................................................1

II. ARGUMENT .................................................................................................................2

    A. All Of Defendant's Interrgatories Seek Information Beyond The Scope Permitted Under Rule 33.3. ..................................................................................................8

    B. Interrogatory Nos. 6, 8, And 11 Are Premature Contention Interrogatories. ..............10

CONCLUSION .................................................................................................................11

# TABLE OF AUTHORITIES

Page

**Cases**

*Ferguson v. Ferrante,*
  No. 13 CIV 4468 VEC, 2014 WL 1327968 (S.D.N.Y. Apr. 3, 2014) ........................9

*In re Payment Card Interchange Fee & Merch. Dis.,*
  No. MD-05-1720 (JG)(JO), 2007 WL 121426 (E.D.N.Y. Jan. 12, 2007)....................5

*J. Goldman & Co., L.P. v. Kowal,*
  96 CIV. 7868 DAB HBP, 1997 WL 452332 (S.D.N.Y. Aug. 8, 1997) .......................8

*Kunstler v. City of New York,*
  No. 04CIV1145(RWS)(MHD), 2006 WL 2516625 (S.D.N.Y. Aug. 29, 2006) ......................8, 9

*Labarbera v. Ulster Cty. Soc'y for Prevention of Cruelty to Animals,*
  277 A.D.2d 672, 673, 716 N.Y.S.2d 421, 422 (N.Y. App. Div. 2000) ........................3

*Liveperson, Inc. v. 24/7 Customer, Inc.,*
  No. 14 CIV. 1559 RWS, 2015 WL 4597546 (S.D.N.Y. July 30, 2015) ....................10

*Matter of Klein v. Lake George Park Commn.,*
  261 A.D. 2d 774, 689 N.Y.S.2d 782 (N.Y. App. Div. 1999) ........................3

*Nunez v. City of New York,*
  No. 04CIV1145(RWS)(MHD), 2006 WL 2516625 (S.D.N.Y. Aug. 29, 2006) ........................9

*Regeneron Pharm, Inc. v. Merus B.V.,*
  No 14 CIV. 1650 KBF, 2014 WL 2447600 (S.D.N.Y. May 29, 2014) ....................10

*Shannon v. New York City Transit Auth.,*
  No. 00 Civ. 5079, 2001 U.S. Dist. LEXIS 3162 (S.D.N.Y. Mar. 22, 2001) ..............10

*Trilegian Corp. v. Sitel Corp.,*
  272 F.R.D. 360 (S.D.N.Y. 2010) ........................10

**Statutes**

Fed. R. Civ. Proc. 26 ........................7

Fed. R. Civ. Proc. 33.3 ........................4

Fed. R. Civ. Proc. 34 ........................*passim*

Plaintiff Virginia L. Giuffre, by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant's Motion for Protective Order Regarding Defendant's Deposition [D.E. 63]. For the reasons set forth below, this Court should deny Defendant's motion in its entirety.

I.  **PRELIMINARY STATEMENT**

Unfortunately, even after the Court's strong words to the parties at the hearing last Thursday, March 17, 2016, Defendant continues to misrepresent basic facts in an effort to wrongfully postpone the deposition of the Defendant in this case. The facts are that Plaintiff issued a formal Notice of Deposition to the Defendant on February 2, 2016, well before Defendant issued her first set of discovery requests. Allowing the Defendant to dictate when she is deposed based on her dilatory discovery practices turns the Rules of Civil Procedure on their head. If this were the rule, then a defendant could continuously issue discovery requests to a plaintiff in order to postpone being deposed until the close of discovery. Such a ridiculous result is not contemplated by the Federal Rules of Civil Procedure.

More importantly, Defendant can claim no prejudice here because, as Plaintiff agreed to do at the hearing last Thursday, Plaintiff has provided the Defendant with ***a list of all the documents Plaintiff intends to use at the deposition on Friday, March 25, 2016, along with all the documents***. *See* Declaration of Sigrid McCawley ("McCawley Decl.") at Exhibit 1, March 22, 2016 correspondence listing documents to be used at deposition.

The parties participated in a meet and confer on Monday, March 21, 2016, that lasted close to two hours, during which Plaintiff made a number of concessions in order to avoid additional and unnecessary motion practice with this Court. Despite this, Defendant persists in trying to create issues with Plaintiff's discovery production and responses. Plaintiff served discovery requests back in October - ***four months ago*** - which still have not been properly responded to. At

1

a minimum, she should be entitled to move discovery forward by taking the deposition of the Defendant. Indeed Local Rule 33.3 provides that rather than serving interrogatories, the parties should press discovery forward by seeking information through depositions. That is exactly what the Plaintiff is trying to do here and she is being stonewalled. Critical to this case is whether the Defendant is going to answer questions about her involvement in the alleged sexual trafficking and abuse of females or whether she is going to invoke her Fifth Amendment rights. Plaintiff should be entitled to answers, by way of a deposition, in order to shape her discovery going forward in this case. Discovery closes in three months and Plaintiff has not yet been able to depose the Defendant. That is simply wrong.

Defendant, who has only produced *two e-mails* in response to Plaintiff's thirty-nine (39) discovery requests now complains that Plaintiff produced too many documents in response to Defendant's expansive discovery requests. If Defendant did not want to receive responsive documents of that magnitude, she should have narrowly tailored her discovery requests. In fact, if anyone should be complaining about prejudice, it should be the Plaintiff who has only received two documents in Defendant's discovery production. There is absolutely no valid reason that Defendant's deposition should be postponed.

## **ARGUMENT**

Despite engaging in a lengthy meet and confer call during which Plaintiff made a number of concessions in an effort to move this case forward, Defendant filed this baseless motion without acknowledging any of those concessions and instead relying on Plaintiff's original response, instead of her supplemental response, in an effort to convince the Court to postpone the Defendant's deposition. Defendant misrepresents Plaintiff's discovery in this case in the following ways:

- **Defendant's Position**: Defendant says Plaintiff lodged baseless objections and is withholding documents.

- **Reality**: Plaintiff produced non-privileged documents without withholding anything, except pictures of her minor children, in response to 34 of the 37 document requests and thus far has produced 4,134 pages of documents.

- **Defendant's Position**: Defendant says Plaintiff should not have listed certain objections like "agency" or "investigative privilege."

- **Reality**: Plaintiff agreed during the meet and confer to revise, and did in fact revise, her objections to narrow her objections and they now *mirror exactly* the Defendant's privilege objections. Thus, Defendant has no basis for complaint. *See* McCawley Decl. at Exhibit 2, Plaintiff's Supplemental Responses and Objections to Defendant's First Set of Discovery Requests to Plaintiff. Plaintiff has asserted the "public interest privilege" to protect information she has regarding ongoing criminal investigations regarding the Defendant's alleged sexual abuse. New York law "recognizes a public interest privilege which shields from disclosure information received by governmental entities where the public interest requires that such communications, or the sources thereof, should be kept confidential and not subject to the normal, liberal discovery rules." *Labarbera v. Ulster Cty. Soc'y for Prevention of Cruelty to Animals*, 277 A.D.2d 672, 673, 716 N.Y.S.2d 421, 422 (N.Y. App. Div. 2000) (*citing Matter of World Trade Ctr. Bombing Litig.,* 93 N.Y.2d 1, 8, 686 N.Y.S.2d 743, 709 N.E.2d 452 (N.Y. 1999); *Matter of Klein v. Lake George Park Commn.,* 261 A.D.2d 774, 689 N.Y.S.2d 782 (N.Y. App. Div. 1999)).

- **Defendant's Position**: Defendant says Plaintiff should not reference in her objection that the Defendant has in its possession, custody and control the information being requested.

- **Reality**: Plaintiff preserved her objections because if Defendant had timely produced documents in this case, Plaintiff would have the material necessary to respond to the discovery request. There is no prejudice in asserting this objection because Plaintiff did not withhold documents based on this objection.

- **Defendant's Position**: Defendant complains that Plaintiff asserted a copyright protection.

- **Reality**: Plaintiff did not withhold any documents based on her copyright protection assertion, but rather she marked any copyright material as such to preserve her rights, as she is entitled to do.

- **Defendant's Position**: Defendant wrongly states that Plaintiff failed to state whether she was withholding documents.

- **Reality**: Plaintiff could not have been clearer – in accordance with Rule 34(b)(2)(c), Plaintiff clearly stated when she was withholding documents. For the small amount of documents she did withhold, she plainly stated that she is "withholding documents based on her objections." Due to the concerns Defendant raised at the meet and confer about Defendant's apparent confusion, Plaintiff went a step further and revised her answers to *mirror* the language that the Defendant used when she was withholding a documents. *See* McCawley Decl. at Exhibit 3, Original Responses and Objections, and Exhibit 4 Supplemental Responses and Objections. Accordingly, there is no way Defendant can claim confusion.

- **Defendant's Position**: Defendant, who only produced *two emails* in this case, complains that Plaintiff produced duplicate documents in her production of documents.

- **Reality**: In accordance with her obligations when dealing with electronic discovery, Plaintiff retained an electronic discovery and litigation support firm, Rational Retention, to assist with the forensic searching and producing of responsive electronic files in this case.

4

Rational Retention performed, as part of their contract, de-duping services, which eliminates duplicates. *See* McCawley Decl. at Exhibit 5, Affidavit of Robert Conley from Rational Retention. As with any electronic discovery production, a document may appear to be a "duplicate" but if it has different metadata it must be produced. Defendant's misguided argument that Plaintiff has artificially inflated the volume of her document production by producing "duplicate" documents reveals a misunderstanding of basic electronic discovery law and practices. Plaintiff utilized an electronic deduplication process prior to production. True duplicates were eliminated from the production. However, even documents that look alike contain different metadata. Any variance in metadata from document-to-document renders documents non-duplicative, even if they appear identical on their face. As courts in the Second Circuit has instructed, metadata is different for each document, but it may not show up when the documents are reduced to print. *See In re Payment Card Interchange Fee & Merch. Disc.*, No. MD 05-1720(JG)(JO), 2007 WL 121426, at *1 (E.D.N.Y. Jan. 12, 2007) ("metadata (that is, data about data; in this context, information about an electronically stored document that may or not be visible if the document is reduced to printed form)"). Defendant served incredibly broad requests and is now complaining about the results they yielded. Defendant's complaint about duplicates should be rejected because if a document is produced in a particular context, for example in a different litigation, and that was covered by a request, it was reproduced so that Defendant would have the exact information that satisfied her request. Moreover, there is no prejudice to Defendant in receiving a duplicate copy of a document.

- **Defendant's Position**: Defendant argues that Plaintiff has failed to produce certain documents so she would be prejudiced by her deposition going forward on Friday, March 25, 2016.

5

- **Reality**: There is no prejudice to Defendant because, on March 22, 2016, *Ms. Giuffre produced and provided to Defendant a list of all the documents she may use at the deposition as well as all of those documents*.

    o Defendant wrongfully states that Plaintiff has not produced travel records when she has indeed produced travel records.

    o Defendant wrongfully states that Plaintiff has not produced education records, when she has indeed produced everything she has relating to education.

    o Defendant wrongfully states that Plaintiff has not produced her communications with Epstein and Maxwell when she has indeed produced everything she has relating to those communications.

    o Defendant complains that Plaintiff has not produced "employment records for Mara Lago" but Plaintiff's search did not yield any responsive documents, and she stated that in her responses.

    o Defendant wrongfully states that Plaintiff will not produce a copy of her settlement agreement with Epstein when in fact, Plaintiff agreed to produce the settlement agreement upon receipt of the necessary waiver from Defendant and Epstein so she will not be in violation of its confidentiality provision. *See* McCawley Decl. at Exhibit 2, Supplemental Responses and Objections.

    o Defendant wrongfully states that Plaintiff has not produced a deposition transcript from the case of *Edwards/Cassell v. Dershowitz,* Case no. CACE 15-000072, when Defendant knows that Plaintiff is precluded from producing the transcript as it has been **sealed by the Court** in that matter, and Ms. Giuffre produced to Defendant a copy of the order sealing it.

    o Most importantly, none of these issues preclude the Defendant from being deposed in this case.

- **Defendant's Position**: Defendant argues that Plaintiff failed to make timely Rule 26 disclosures. Defendant admits it is wasting the Court's time by stating: "[w]hile these disclosures may not directly impact the subject matter of Defendant's deposition, they demonstrate the bad-faith of Plaintiff fulfilling her discovery obligations, and also, ultimately may likely impact the discovery deadlines that have been set in this case." (Def's MPO at 14.) Defendant is throwing everything but the kitchen sink at the Court in the desperate attempt to avoid discovery by way of a deposition in this case.

- **Reality**: Plaintiff filed her initial Rule 26 disclosures on November 11, 2015 in accordance with the Rules. Defendant delayed four months until February 2016 before submitting her initial Rule 26 disclosures. Plaintiff supplemented her Rule 26 disclosures on March 11, 2016 and added an addendum of information requested during the meet and confer on March 22, 2016. Ms. Giuffre has fully complied with her Rule 26 obligations, as fully briefed in her Response In Opposition to Defendant's Motion to Compel Plaintiff to Disclose Pursuant to Fed. R. Civ. P. 26(a)(1). *See* McCawley Decl. at Exhibit 6, March 20, 2016 Correspondence from Sigrid McCawley to Defendant's counsel.

- **Defendant's Position**: Defendant says Plaintiff has wrongfully objected to interrogatories.

- **Reality:** Local Rule 33.3 is clear that Defendant's interrogatories are premature at this stage of the litigation and in violation of that Rule. Rule 33.3 provides:

    (a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

    (b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

    (c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

S.D.N.Y. Civil R. 33.3.

Defendant's interrogatories seek information far beyond the scope of information specified in subparagraph (a) and Defendant has not demonstrated that these interrogatories are a more practical method of obtaining the requested information. *See* McCawley Decl. at Exhibit 7, Correspondence requesting Defendant's counsel withdraw her premature Interrogatories.

Additionally, several of Defendant's interrogatories are contention interrogatories, which subparagraph (c) makes clear are improper and premature at this early stage of discovery.

### A. Defendant's interrogatories seek information beyond the scope permitted under Rule 33.3.

Rule 33.3 limits interrogatories at the outset of discovery "to requests for witness names, computation of damages, and the location, custodian and general nature of pertinent documents." *Kunstler v. City of New York*, No. 04CIV1145(RWS)(MHD), 2006 WL 2516625, at *5 (S.D.N.Y. Aug. 29, 2006) *aff'd,* 242 F.R.D. 261 (S.D.N.Y. 2007) (Sweet, J.) (citing S.D.N.Y. Civil R. 33.3(a) & (b)). These limits are to be enforced unless (1) interrogatories "are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court." *Id*.

Defendant's Interrogatories seek information that does not fall into those exceptions. The requested information includes descriptions of medical treatment (Nos. 12-13) and employment records (No. 9); details and descriptions regarding income Ms. Giuffre has received over a period of 20 years (No. 10); information about Ms. Giuffre's email and social media accounts (No. 2); descriptions of "the nature" of legal representation that Ms. Giuffre received (No. 3); details and descriptions concerning specific communications (Nos. 4-5), details about other incidents of defamation not at issue in this case (No. 7); and details concerning incidents of sexual assaults (No. 14). Defendant claims that "many of the interrogatories sought, consistent with Local Rule 33.3(a), seek the names of witnesses and the custodians of records," (Def's MPO at FN 1). That does not excuse her violation of the rule since each interrogatory seeks far more than the identification of a name. *J. Goldman & Co., L.P. v. Kowal*, No. 96 CIV. 7868 DAB HBP, 1997 WL 452332, at *1 (S.D.N.Y. Aug. 8, 1997) ("To the extent the interrogatories seek information beyond the identification of persons and transactions, depositions are more practical vehicles for obtaining the information.").

8

The information that Defendant's interrogatories seek can be obtained more practically through other discovery methods. For instance, the information that Defendant seeks concerning Ms. Giuffre's medical and employment histories and sources of income can be obtained more practically by deposing her and through issuing requests for production. *See Kunstler*, 2006 WL 2516625, at *5 (denying defendants' request to compel response to interrogatory because "descriptions of the nature and extent of injuries, medical diagnoses, the course of treatment, and prescriptions are ordinarily more efficiently obtained through the production of pertinent medical records and through depositions" and thus exceed the scope of Local Civil Rule 33.3); *Ferguson v. Ferrante*, No. 13 CIV. 4468 VEC, 2014 WL 1327968, at *2 (S.D.N.Y. Apr. 3, 2014) (finding that request for identifying information of certain bank accounts could be more efficiently obtained from plaintiff at a deposition rather than through interrogatories); *Nunez v. City of New York*, No. 11 CIV. 5845 LTS JCF, 2013 WL 2149869, at *8 (S.D.N.Y. May 17, 2013) (denying motion to compel response to interrogatory seeking information about plaintiff's injuries and medical treatment because requests exceeded the scope of interrogatories permitted by Rule 33.3). As in the cases cited, the information that Defendant seeks regarding specific incidents and communications are more properly obtained through deposition testimony or document requests.

In an attempt to justify her clear contravention of Rule 33.3, Defendant asserts that her interrogatories seek "the kind of minutiae that Plaintiff is unlikely to 'recall' at the time of her deposition." (Def's MPO at FN 1.) However, to date, Defendant has yet to take a single deposition in this case. Moreover, Defendant did not serve her first request for production until February 12, 2016, and the production in response to those requests is ongoing. Thus, her conclusory claim that "the remainder of interrogatories propounded" are "a more practical method of obtaining the information sought than a request for production or deposition," *id*., is purely speculative and without any basis. For example, Ms. Giuffre has produced medical records, and

will produce more, that will satisfy Interrogatory No. 9. At this early stage in discovery, Defendant has not and cannot justify interrogatories as a more practical way of obtaining the breadth of information requested in her interrogatories.

### B. Interrogatory Nos. 6, 8, And 11 Are Premature Contention Interrogatories.

In addition to seeking information outside the scope permitted under Rule 33.3(a), Interrogatories Nos. 6, 8 and 11 are contention interrogatories, which seek identification of Ms. Giuffre's claims and the facts underlying them. For instance, Interrogatory No. 6 directs Ms. Giuffre to "[i]dentify any 'false statements' attributed to Ghislaine Maxwell which were 'published globally' … as You contend in … Your Complaint[.]" Interrogatory No. 8 directs Ms. Giuffre to identify, among other things, the dates, locations, and witnesses to Mr. Epstein's sexual trafficking of Ms. Giuffre described in pleadings that Ms. Giuffre has filed in another action.

Local Rule 33.3(c) clearly proscribes contention interrogatories such as these until "the conclusion of other discovery." S.D.N.Y. Civil R. 33.3(c); *see also Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 CIV. 1559 RWS, 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015) (Sweet, J.) (noting that "contention interrogatories" are "available at the close rather than the beginning of discovery"). In applying this rule, this Court has found that contention interrogatories are improper when served early in discovery, before any depositions have been taken. *Shannon v. New York City Transit Auth.,* No 00 Civ. 5079, 2001 U.S. Dist. LEXIS 3162, at *9-10 (S.D.N.Y. Mar. 22, 2001) (Sweet, J.)(denying motion to compel responses to contention interrogatories where the only discovery that had occurred to date was document discovery and depositions had yet to be conducted); *see also Regeneron Pharm., Inc. v. Merus B.V.*, No. 14 CIV. 1650 KBF, 2014 WL 2447600, at *3 (S.D.N.Y. May 29, 2014) (denying party's motion to compel responses to contention interrogatories at early stage in discovery); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (same).

Defendant was not entitled to serve improper and premature interrogatories in clear violation of Local Rule 33.3, and Ms. Giuffre was under no obligation to respond. While Defendant has elected to ignore the limitations in Rule 33.3, Ms. Giuffre has complied with the terms of the rule and, to date, has not served any interrogatories whatsoever. Moreover, Ms. Giuffre provided responses to some of Defendant's interrogatories, subject to objections, and despite the fact that she was not required to do so. Defendant's attempt to base her Motion for a Protective Order on interrogatory responses is in direct violation of Local Rule 33.3 and should be denied.

## **CONCLUSION**

For the reasons set forth above, Ms. Giuffre respectfully requests that the Court deny Defendant's Motion for Protective Order and direct Defendant to sit for her deposition scheduled for March 25, 2016.

Dated: March 23, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Boies, Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies, Schiller & Flexner LLP
    333 Main Street
    Armonk, NY 10504

    Ellen Brockman
    Boies, Schiller & Flexner LLP
    575 Lexington Ave
    New York, New York 10022
    (212) 446-2300

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey S. Pagliuca, , Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
    Email: jpagliuca@hmflaw.com

                                                       /s/ Sigrid S. McCawley
                                                          Sigrid S. McCawley