# EXHIBIT 5

B O I E S,  S C H I L L E R  &  F L E X N E R  L L P

Sigrid McCawley, Esq.

March 20, 2016

<u>Via Electronic Mail</u>

Jeffrey S. Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203

   Re: *Giuffre v. Maxwell*,
     <u>Case no. 15-cv-07433-RWS</u>

Dear Mr. Pagliuca:

 I write today in response to your letter sent on Friday, March 18, 2016, requesting a meet and confer conference. I was disappointed that even after Judge Sweet's comments at the hearing on Thursday; you would disregard his sentiments and write a baseless letter threatening sanctions. Your words are defeated by the actions in this case which establish two things:

 (1) The plaintiff has timely and properly engaged in discovery; and

 (2) The defendant has created numerous intentional delays and has engaged in bad faith discovery by, for example, only producing two e-mails in response to 39 Requests for Production and by delaying for four months before serving Defendant's Rule 26 disclosures.

 The false accusations in your "meet and confer" letter are unproductive and do not serve to advance any meaningful discussion on the issues that you raise. Moreover, your accusations and threats of sanctions are ironic given your persistent refusal to abide by basic discovery obligations and the provisions of the governing Local Rules. While we respond below to each of the specific points that you raise, the obvious purpose of your letter is an attempt to manufacture bases for use in your client's ongoing effort to avoid being deposed in this case.

 Turning to the specific issues your raise, I shall address them in turn.

 First, you accuse us of bad faith with regard to our client's Rule 26 disclosures. As you are no doubt aware, ***Defendant delayed for four months*** before producing her Rule 26 disclosures. Ms. Giuffre, on the other hand, has undertaken to provide comprehensive disclosures. It appears you attempt to take issue with the fact that Ms. Giuffre does not have contact information for some of the individuals listed on the Rule 26 disclosures. Ms. Giuffre listed contact information for anyone for whom she was able to confirm the information and that is her obligation under the Rule 26 standards. Notably Defendant's Rule 26 disclosure also fails

BOIES, SCHILLER & FLEXNER LLP

to list contact information for many of the individuals despite the fact that your client has admitted she has a joint defense relationship with her co-conspirator Jeffrey Epstein who clearly has all the contact information for the individuals listed.

We have provided proper damage disclosures including damage calculations. We intend to retain expert witnesses relating to damages issues in this case as provided for in the Court's scheduling order. I will not address your false characterization of the damage calculations. Ms. Giuffre's damage disclosures are proper under Rule 26. *See Naylor v. Rotech Healthcare, Inc.*, 679 F. Supp. 2d 505, 510 (D. Vt. 2009).

Second, your allegations regarding Plaintiff's interrogatory responses reveal that you have not taken the time to read the provisions of Local Rule 33.3. Had you read this rule, you would be aware that Defendant's interrogatories are premature and improper. I direct you to *Shannon v. New York City Transit Auth.*, No. 00 CIV. 5079 (Sweet, J.), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001); accord *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 1533 BSJ JCF, 2011 WL 1642381, at *4 (S.D.N.Y. Apr. 26, 2011).

Third, you lodge a hallow attack on Ms. Giuffre's document production with the transparent agenda of trying to use your false claims to again delay the deposition of the Defendant. Ms. Giuffre has properly and timely engaged in discovery in this matter and unlike the Defendant who has only produced **two documents in response to 39 requests for production of documents** – if anyone is engaging in bad faith discovery conduct it is plainly the Defendant. Ms. Giuffre produced documents within the time frame allowed by the rules and is continuing to supplement her production as required. Ms. Giuffre is in the process of making a full and complete document production, consisting of thousands of pages, and any issues you have with the volume of this production are the sole result of Defendant's expansive and overly broad requests.

You also make a vague, and non-specific claim with regard to plaintiff's privilege log which does not provide adequate context for us to assess the issues you are attempting to raise for purposes of a meet and confer. As the Court stated on Thursday, you must provide us specific written notice of the issue you are raising prior to the meet and confer call on this issue.

Fourth, you wrongfully accuse me of violating the rules of professional conduct with regard to statements made about Ms. Giuffre's document production. Like the overall tone of your letter, this accusation is unprofessional and unbecoming. In response to Defendant's overly broad discovery requests, Ms. Giuffre is in the process of completing the production of the responsive documents in her possession. As is Ms. Giuffre's obligation under the discovery rules, she is producing the documents that are responsive to your very broad requests. For example, Defendant's Request 27 seeks:

> "All documents, written or recorded, which reference by name or other description Ghislaine Maxwell."

BOIES, SCHILLER & FLEXNER LLP

Defendant cannot be heard to complain when your requests cover those documents. We ran a multitude of search terms to cover Defendant's broad production requests and produced those documents from Ms. Giuffre's electronically stored information. If pleadings contained responsive information, and they were stored in Ms. Giuffre's electronic files, then we produced them as is our obligation. Unlike the Defendant who delayed discovery production for four months and then failed to produce anything except two e-mails, we have complied with the production rules. In closing, the intention behind your letter, and the allegations raised therein, are self-serving attempts to further delay the Defendant's deposition.

Per your request, we are available to meet and confer on Monday, March 21, 2016 anytime between 2:00 EST and 5:00 EST. Please let me know what time works best for you and we will reserve that time.

Sincerely,

Sigrid S. McCawley

cc: Laura Menninger