# EXHIBIT 6

# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH. 954.356.0011 • FAX 954.356.0022

Sigrid S. McCawley, Esq.
E-mail: smccawley@bsfllp.com

February 19, 2016

**Via Electronic Mail**

Laura A. Menninger, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203

Re:   *Giuffre v. Maxwell*,
      Case no. 15-cv-07433-RWS

Dear Ms. Menninger:

We are in receipt of your discovery requests sent via electronic mail on Friday, February 12, 2016 that are attached hereto as exhibit A. The interrogatories you served violate Local Rule 33.3 and we ask that you immediately withdraw those interrogatories. *See* Rule 33.3, Local Rules for the Southern District of New York; *see also Shannon v. New York City Transit Auth.*, No. 00 CIV. 5079 (Sweet, J.), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001); accord *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 1533 BSJ JCF, 2011 WL 1642381, at *4 (S.D.N.Y. Apr. 26, 2011).

Similarly, Requests for Production numbers 1, 2, 4, 6(i), 9, 12, 30, 35 and 37 also violate Local Rule 33.3 in that they rely on the offending interrogatory requests. We ask that you reissue your Request for Production such that they comply with the Local Rule.

Finally, the interrogatories you served also violate Federal Rule of Civil Procedure 33 in that they contain in total fifty nine (59) requests including subparts. Kindly confirm you will be withdrawing the interrogatories and reissuing interrogatories that comply with Local Rule 33.3 so that we do not have to incur the expense of filing a motion with the Court.

BOIES, SCHILLER & FLEXNER LLP

Letter to Laura A. Menninger, Esq.
February 19, 2016
Page 2

We also have not received your Rule 26 disclosures despite the fact that the rules required you to serve them over four (4) months ago. Kindly provide us with your disclosures in accordance with Rule 26.

Sincerely,

Sigrid S. McCawley, Esq.

SSM/ep
Enclosure

# EXHIBIT A

**United States District Court**
**Southern District Of New York**

---------------------------------------------------X

**Virginia L. Giuffre,**

    **Plaintiff,**

v.                                                                          15-cv-07433-RWS

**Ghislaine Maxwell,**

    **Defendant.**

---------------------------------------------------X


**DEFENDANT'S FIRST SET OF**
**DISCOVERY REQUESTS TO PLAINTIFF**

    Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, defendant Ghislaine Maxwell propounds this First Set of Discovery Requests to Plaintiff Virginia Giuffre. Plaintiff shall respond in writing to the Interrogatories, and shall produce documents as requested, within thirty (30) days of service at the offices of Haddon, Morgan & Foreman, P.C., 150 E. 10th Avenue, Denver, Colorado.


**DEFINITIONS AND INSTRUCTIONS**

    1.    "Any" means any and all.

    2.    "You," "Your," or "Plaintiff" means Plaintiff Virginia Roberts Giuffre, whether known at the relevant time as Virginia Roberts, Virginia Roberts Giuffre, or some other alias, and anyone acting on her behalf, as her agent, associate, employee or assignee.

    3.    "Your Attorneys" includes any attorney who You have engaged to represent You, whether for remuneration or *pro bono,* from 1999 until today, including without limitation, David Boies, Paul Cassells, Bradley Edwards, Spencer Kuvin, Sigrid McCawley, and Jack Scarolla.

4. "Document" is intended to be defined as broadly as permitted by Rule 34 and includes every writing or record of every type and description that is or has been in Your possession, custody or control, or of which You have knowledge, including but not limited to, e-mails, text messages, instant messages, videotapes, photographs, notes, letters, memoranda, forms, books, magazines, resumes, notebooks, ledgers, journals, diaries, calendars, appointment books, papers, agreements, contracts, invoices, analyses, transcripts, plaques, correspondence, telegrams, drafts, data processing or computer diskettes and CD disks, tapes of any nature and computer interpretations thereof, instructions, announcements, and sound recordings of any nature. "Document" also means all copies which are not identical to the original document as originally written, typed or otherwise prepared. The term "Document" shall also include all documents of any nature that have been archived or placed in permanent or temporary storage including electronic storage.

5. "Communication" means any transmission or exchange of information between two or more persons, orally or in writing or otherwise, and includes, but is not limited to, any correspondence, conversation or discussion, whether face-to-face, or by means of telephone, e-mail, text message, electronic message via apps such as Facebook, What's App, Snapchat, LinkedIN or similar, or other media or Documents.

6. "Alleged Defamation" means a false statement of fact or mixed statement of fact and opinion about You which was published to a third person and caused You damage or harm. With respect to "Alleged Defamation" which You contend was committed by Ghislaine Maxwell or at her direction or request, it refers to the statements either contained in, referenced by, or alluded to in Your Complaint, or any that could be included in any amended complaint in this action.

7. "Employment" includes without limitation, the provision of work and/or services, whether paid or unpaid, whether as an employee, intern, or independent contractor, whether hourly or for a salary, and whether full or part time.

8. "Health Care Provider" means a hospital, treatment center, doctor, nurse, psychiatrist, psychologist, counselor, therapist, social worker, or other medical or mental health care practitioner, and includes any Person or entity referred to as a "Health Care Professional" or "Health Care Institution" in Colorado Revised Statute § 13-64-202(3) and (4).

9. "Identify" means to specify as to a "Person," the name, address, telephone number and any other identifying information possessed by You or Your Attorneys.

2

10. "Income" includes, without limitation, any revenue, payments, compensation, remuneration, financial benefit or support or any other financial consideration, or provision of any other thing of value.

11. "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

12. "Relate," "relating," "relates" means concerning, referring to, responding to, relating to, pertaining to, connected with, evidencing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

13. Please restate each discovery request immediately before providing Your answer or objection thereto.

14. Regardless of the tense employed, all verbs should be read as applying to the past, present and future, as is necessary to make any paragraph more, rather than less, inclusive.

15. If, in answering these interrogatories, You encounter any ambiguity in construing them, explain what is ambiguous and how You construed the interrogatory in Your response. If, after exercising due diligence to obtain the information requested, You are unable to answer an interrogatory fully, please so state and answer to the extent possible, specifying the reason or reasons why You cannot answer fully and providing whatever information You do have about the unanswered portion.

16. With respect to any Documents withheld on the basis of a privilege, provide a log consistent with Local Rule 26.2.

17. Nothing in these interrogatories or requests for production should be construed as an admission by Ghislaine Maxwell.

## INTERROGATORIES

1. State:

   a. Your present residential address;

   b. Each residential address You have had since 1998, including any residential treatment facilities;

   c. the dates You lived at each address;

    d. the other Persons who lived with You at each address and for what period of time they lived at such address.

2. Identify any email address, email account, cellphone number and cellphone provider, social media account and login or screen name, text or instant messaging account name and number, that You have used, applied for or been supplied between 1998 and the present.

3. Identify each attorney who has represented you from 1998 to the present, the dates of any such representation, and the nature of the representation.

4. Identify each Communication, including the transmission of any Document, that You or Your Attorneys have had with any local, state or federal law enforcement agent or agency, whether in the United States or any other country, whether in Your capacity as a purported victim, witness, or perpetrator of any criminal activity, and whether as a juvenile or as an adult, including without limitation:

    a. the date of any such Communication;

    b. the form of any such Communication, whether oral or written and if written, the format of any such Communication;

    c. the identities of all persons involved in the Communication, including the identity of the law enforcement agency with whom the agent is or was affiliated;

    d. the case number associated with any such Communication;

    e. the subject matter of any such Communication;

    f. the disposition of any case associated with any such Communication, irrespective of whether the matter was sealed, expunged or later dismissed.

5. Identify each Communication that You or Your Attorneys have had with any author, reporter, correspondent, columnist, writer, commentator, investigative journalist, photojournalist, newspaper person, freelance reporter, stringer, or any other employee of any media organization or independent consultant to the same, including:

    a. the date of any such Communication;

    b. the form of any such Communication, whether oral or written and if written, the format of any such Communication;

    c. the identities of all persons involved in such Communication, including the identity of the media organization with whom the agent is or was affiliated;

      d.  the article title, date of publication, and means of publication of any article, report, or re-printing of any such Communication made by You or Your Attorneys;

      e.  the amount of Income that You and/or Your Attorneys received in exchange for any such Communication;

      f.  the dates on which You and/or Your Attorneys received any such Income for any such Communication.

6.     Identify any "false statements" attributed to Ghislaine Maxwell which were "published globally, including within the Southern District of New York" as You contend in paragraph 9 of Count 1 of Your Complaint, including:

      a.  the exact false statement;

      b.  the date of its publication;

      c.  the publishing entity and title of any publication containing the purportedly false statement;

      d.  the URL or internet address for any internet version of such publication; and

      e.  the nature of the publication, whether in print, internet, broadcast or some other form of media.

7.     State whether You believe that You have ever been defamed by anyone other than Ghislaine Maxwell. If so, as to each alleged act of Defamation, state

      a.  the exact false statement;

      b.  the date of its publication;

      c.  the publishing entity and title of any publication containing the purportedly false statement;

      d.  the URL or internet address for any internet version of such publication; and

      e.  the nature of the publication, whether in print, internet, broadcast or some other form of media.

8. Identify the individuals referenced in Your pleadings filed in the U.S. District Court for the Southern District of Florida, *Jane Doe 1 and Jane Doe 2 v. United States of America*, 08-cv-80736-KAM, as the "high-profile non-party individuals" to whom Mr. Jeffrey Epstein sexually trafficked You, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," including as to each episode of alleged sexual trafficking:

   a. the date of any such sexual trafficking;

   b. the location of any such sexual trafficking;

   c. any witnesses to any such sexual trafficking;

   d. any Income You received in exchange for such sexual trafficking; and

   e. any Documents You have to support or corroborate Your claim of such sexual trafficking.

9. Identify any Employment You have had from 1996 until the present, including without limitation, the name of Your employer or the name of any Person who engaged You for such Employment, the address and telephone number for any such Employment, the beginning and ending dates of any such Employment, Your job title in such Employment, and Your Income from such Employment.

10. Identify any Income from any source other than Your Employment that You have received from January 1, 1996 until the present, including the Person or entity providing such Income, the amount of the Income, the dates on which any such Income was received, and the nature of the Income, whether a loan, investment proceeds, legal settlement, asset sale, gift, or other source.

11. Identify any facts upon which You base Your contention that You have suffered as a result of the Alleged Defamation by Ghislaine Maxwell "past and future lost wages and past and future loss of earning capacity and actual earnings – precise amounts yet to be computed, but not less than $5,000,000."

12. Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, that You suffered from <u>subsequent to</u> any Alleged Defamation by Ghislaine Maxwell, including:

   a. the Health Care Provider's name, address, and telephone number;

6

   b. the type of consultation, examination, or treatment provided;

   c. the dates You received consultation, examination, or treatment;

   d. whether such treatment was on an in-patient or out-patient basis;

   e. the medical expenses to date;

   f. whether health insurance or some other person or organization or entity has paid for the medical expenses; and

   g. for each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

  13. Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, including addiction to alcohol, prescription or illegal drugs, that You suffered from <u>prior to</u> the Alleged Defamation by Ghislaine Maxwell, including:

   a. the Health Care Provider's name, address, and telephone number;

   b. the type of consultation, examination, or treatment provided;

   c. the dates You received consultation, examination, or treatment;

   d. whether such treatment was on an in-patient or out-patient basis;

   e. the medical expenses to date;

   f. whether health insurance or some other person or organization or entity has paid for the medical expenses; and

   g. For each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

  14. Identify any Person who You believe subjected You to, or with whom You engaged in, any illegal or inappropriate sexual contact, conduct or assault prior to June 1999, including the names of the individuals involved, the dates of any such illegal or inappropriate sexual contact, conduct or assault, whether Income was received by You or anyone else concerning such event, whether a police report was ever filed concerning such event and the outcome of any such case, as well as the address and location of any such event.

7

## REQUESTS FOR PRODUCTION

1. All Communications and Documents identified in Interrogatories 1-14, above.

2. All Documents reviewed or relied upon in answering Interrogatory Nos. 1-14 above.

3. All Documents from any law enforcement agency, whether local, state or federal, whether in the United States or elsewhere, which concern or relate to You in any way. These Documents should include, without limitation, any witness statements, including statements made by You.

4. All Documents reflecting any letter of engagement, any fee agreement, or any other type of writing reflecting an engagement of any attorney identified in response to Interrogatory No. 3.

5. All Documents relating to any Communications occurring from 1998 to the present with any of the following individuals or with their attorneys, agents or representatives:

   a. Jeffrey Epstein;

   b. Ghislaine Maxwell

   c. Any witness disclosed in Plaintiff's Rule 26(a) disclosures;

   d. Any witness identified by You in response to Interrogatory No. 8 and No. 14;

   e. Sky Roberts;

   f. Lynn Roberts;

   g. Kimberley Roberts;

   h. Daniel LNU, half-brother of Plaintiff;

   i. Carol Roberts Kess;

   j. Philip Guderyon;

   k. Anthony Valladares;

   l. Anthony Figueroa;

m. Ron Eppinger.

6. All photographs or video containing any image of You and the following individuals. To the extent You have such photographs and video in their original, native format, please produce them in that format (not a paper copy).

a. Ghislaine Maxwell

b. Alan Dershowitz

c. Jeffrey Epstein

d. Andrew Albert Christian Edward, the Duke of York (aka Prince Andrew)

e. Ron Eppinger

f. Bill Clinton

g. Stephen Hawking

h. Al Gore

i. Any of the individuals identified by You in response to Interrogatory No. 8 and No. 14.

7. All photographs and video of You in any of Jeffrey Epstein's properties, including, but not limited to: his home in Palm Beach, Florida; his home in New York City, New York; his ranch in Santa Fe, New Mexico; and Little Saint James island in the U.S. Virgin Islands. To the extent You have such photographs and video in their original, native format, please produce them in that format (not a paper copy).

8. All photographs or video of You in any of Ms. Maxwell's properties, including her home in London, England and her home in New York City, New York. To the extent You have such photographs or video in their original, native format, please produce them in that format (not a paper copy).

9. Any Documents reflecting rental agreements or purchase agreements for the residential addresses identified by You in response to Interrogatory No. 1.

10. All Documents relating to Your Employment and/or association with the Mar-a-Lago Club located in Palm Beach, Florida, including any application for Employment.

9

11. Any Document reflecting any confidentiality agreement by and between, or concerning, You and the Mar-a-Lago Club.

12. All Documents concerning any Employment by You from 1998 to the present or identified by You in response to Interrogatory No. 9, including any records of Your Employment at the Roadhouse Grill in Palm Beach, Florida.

13. All Documents concerning any allegations of theft by You from the Roadhouse Grill in Palm Beach, Florida from 1999 – 2002.

14. A copy of Your federal, state or local tax returns for the years 1998 to the present, whether from the United States or any other country.

15. All Documents concerning Your attendance at or enrollment in any school or educational program of whatever type, from 1998 to the present.

16. Any diary, journal or calendar concerning Your activities between 1996 – 2002.

17. All Documents relating to Your travel from the period of 1998 to the present, including, but not limited to a copy of Your passport that was valid for any part of that time period, any visa issued to You for travel, any visa application that You prepared or which was prepared on Your behalf, and travel itinerary, receipt, log, or Document (including any photograph) substantiating Your travel during that time period.

18. All Documents showing any payments or remuneration of any kind made by Jeffrey Epstein or any of his agents or associates to You from 1999 until the present.

19. Any Document reflecting a confidentiality agreement, settlement agreement, or any contractual agreement of any kind, between You and Jeffrey Epstein, or any attorneys for You and/or Mr. Epstein.

20. Any Document reflecting Your intent, plan or consideration of, asserting or threatening a claim or filing a lawsuit against another Person, any Document reflecting such a claim or lawsuit, including any complaint or draft complaint, or any demand for consideration with respect to any such claim or lawsuit against any Person.

21. All Documents relating to Your driver's license from 1998 – 2002.

22. A copy of Your marriage license(s) from 1999 to the present.

23. All Documents concerning Your naturalization application to Australia from 1999 to the present.

24. All Documents concerning Your Employment in Australia, including, but not limited to employment applications, pay stubs, Documents reflecting Your Income including any tax Documents.

25. All Documents concerning any massage therapist license obtained by You, including any massage therapy license issued in the United States, Thailand and/or Australia.

26. All Documents concerning any prescription drugs taken by You, including the prescribing doctor, the dates of said prescription, and the dates of any fulfillment of any such prescription.

27. All Documents, written or recorded, which reference by name, or other description, Ghislaine Maxwell.

28. All Documents reflecting notes of, or notes prepared for, any statements or interviews in which You referenced by name or other description, Ghislaine Maxwell.

29. All Documents concerning any Communications by You or on Your behalf with any media outlet, including but not limited to the *Daily Mail, Daily Express,* the *Mirror*, *National Enquirer, New York Daily News, Radar Online,* and the *New York Post*, whether or not such communications were "on the record" or "off the record."

30. All Documents concerning any Income received by You from any media outlet in exchange for Your statements (whether "on the record" or "off the record") regarding Jeffery Epstein, Alan M. Dershowitz, Prince Andrew, Bill Clinton or Ghislaine Maxwell or any of the individuals identified by You in response to Interrogatory Nos. 8 and 14.

31. All Documents concerning any actual or potential book, television or movie deals concerning Your allegations about being a sex slave, including but not limited to a potential book by former New York Police Department detective John Connolly and writer James Patterson.

32. All manuscripts and/or other writings, whether published or unpublished, created in whole or in part by or in consultation with You, concerning, relating or referring to Jeffrey Epstein, Ghislaine Maxwell or any of their agents or associates.

33. All Documents concerning or relating to Victims Refuse Silence, the organization referred to in the Complaint, including articles of incorporation, any financial records for the

organization, any Income You have received from the organization, and any Documents reflecting Your role within the organization or any acts taken on behalf of the Organization.

34. To the extent not produced in response to the above list of requested Documents, all notes, writings, photographs, and/or audio or video recordings made or recorded by You or of You at any time that refer or relate in any way to Ghislaine Maxwell.

35. All phone records, including text messages, emails, social media Communications, letters or any other form of Communication, from or to You or associated with You in any way from 1998 to the present, which concern, relate to, identify, mention or reflect Ghislaine Maxwell, Jeffrey Epstein, Alan Dershowitz, Prince Andrew, Bill Clinton, or any of the individuals identified in response to Interrogatory Nos. 8 and 14.

36. All Documents relating to massages, including but not limited to any Documents reflecting the recruiting or hiring of masseuses, advertising for masseuses, flyers created for distribution at high schools or colleges, and records reflecting e-mails or calls to Persons relating to massages.

37. Statements or records from any bank into which You deposited money received from Jeffrey Epstein, any Person identified in Interrogatory No. 8 or 14, any witness disclosed in Your Rule 26(a) disclosures, any media organization or any employee or affiliate of any media organization.

Dated:  February 12, 2016

Respectfully submitted,

*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:   303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

      I certify that on February 12, 2016, I electronically served *Defendant Ghislaine Maxwell's First Set of Discovery Requests to Plaintiff* on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

                                              *s/ Laura A. Menninger*
                                               Laura A. Menninger

**Authorization to Disclose Protected Health Information**

Name:
Address:
Date of Birth:
Soc. Sec. #

      I hereby authorize the use and/or disclosure of my protected health information as described in this authorization.

      1.     Specific person/organization (or class of persons) authorized to provide the information:

      2.     Specific person/organization (or class of persons) authorized to receive and use the information:

      Haddon, Morgan and Foreman, P.C.
      150 East 10th Avenue, Denver, Colorado 80203

      3.     Specific description of the information: Complete medical record from inception of treatment to present, including, but not limited to, all of my office medical records, hospital medical records, patient information sheets, questionnaires, x-rays, other diagnostic studies and laboratory tests, emergency room records, out-patient records, consultation records, therapy records, and all other in-patient or out-patient hospital notes, charts, documents, all personal notes and all billing records.

      4.     Specific purpose for the use and/or disclosure of the protected health information:  At my request in connection with litigation pending in the  County District Court.

      5.     I understand this authorization will expire, without my express revocation, one year from the date of signing, or if I am a minor, on the date I become an adult according to state law.  I understand that I may revoke this authorization in writing at any time except to the extent that action has been taken based on this authorization.  I understand that revocation will not apply to information that has already been released as specified by this authorization or to my insurance company when the law provides my insurer with the right to contest a claim under my policy or the policy itself.

      6.     I understand that the medical information released by this authorization may include information concerning treatment of physical and mental illness, alcohol/drug abuse and past medical history.

7. I understand that after this information is disclosed, federal law might not protect it and the recipient might disclose it.

8. I understand that I am entitled to receive a copy of this authorization.

9. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment from the above-named medical provider.

10. Photocopies of this authorization are to be given the same effect as the original.

_____  _____
                                                                                             Date