## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

-------------------------------------------------X

**15-cv-07433-RWS**


## Defendant's Motion to Compel Responses to
## Defendant's First Set of Discovery Requests to Plaintiff

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………….……………………iii

INTRODUCTION ................................................................................................................. 1

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.    CERTIFICATE OF CONFERRAL ............................................................................ 2

III.    PROCEDURAL BACKGROUND .............................................................................. 3

IV.    ARGUMENT ................................................................................................................ 4

V.    PLAINTIFF HAS FAILED TO COMPLY WITH FEDERAL AND LOCAL RULES OF PROCEDURE ................................................................................................................ 6

    A.  Plaintiff has failed to state whether she is withholding documents. ................................. 6

    B.  Plaintiff has failed to execute the Discovery Reponses. .................................................. 8

    C.  Plaintiff improperly refuses to disclose her address under Local Rule 26.1 ...................... 8

VI.    PLAINTIFF'S SUBSTANTIVE OBJECTIONS ARE UNRECOGNIZED AND MERITLESS ................................................................................................................ 9

    A.  Plaintiff's privilege claims are not cognizable. ............................................................... 9

        1.  The public interest privilege belongs to the government ............................................. 10

        2.  Attorney client privilege, work product doctrine ........................................................ 11

    B.  Plaintiff cannot withhold information based on false claims of confidentiality, purported proprietary rights, or the sensitive nature of the information without seeking a Protective Order and showing good cause. ................................................................................... 12

        1.  Plaintiff put her alleged sexual encounters with high-profile individuals at issue......... 14

        2.  Allegedly "copyrighted" "proprietary" and "confidential" materials .......................... 15

    C.  Plaintiff must produce medical information and records, financial information, and employment information and information on other potential causes of her injuries based on her damages claims. ................................................................................................. 17

        1.  Plaintiff has put her medical and physiological history at issue. ................................. 18

2.  Plaintiff's lost wage claims puts her employment history, educational history and earning capacity at issue. ...................................................................................... 19

3.  Plaintiff's compensation for selling information ........................................... 20

4.  "Defamatory" actions by others is relevant .................................................. 20

D.  Plaintiff's incomplete and evasive answers are improper. ............................................. 21

1.  Interrogatory responses limited to memory without *any* investigation are improper. ... 21

2.  Plaintiff must produce documents in her possession, custody or control. ..................... 22

3.  Plaintiff cannot avoid production. .................................................................................... 23

4.  The Interrogatories are permissible under Local Rule 33.3 ............................................ 24

VII.  MS. MAXWELL IS ENTITLED TO ATTORNEYS' FEES INCURRED IN MAKING THIS MOTION ................................................................................................................... 24

CONCLUSION ........................................................................................................................... 25

## TABLE OF AUTHORITIES

*Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) ...................................................... 19

*Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.,* 171 F.R.D. 135, 146 (S.D.N.Y.1997) . 22

*Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 154 (S.D.N.Y.

    1997) ........................................................................................................................ 23

*Bauman v. 2810026 Canada Ltd.*, No. 15-CV-374A(F),  (W.D.N.Y. Feb. 3, 2016) ........ 18

*Bayne v. Provost,* 359 F.Supp.2d 234, 238 (N.D.N.Y.2005) ........................................... 18

*Bruno v. CSX Transp., Inc.*, 262 F.R.D. 131, 133-34 (W.D.N.Y. 2009) ......................... 18

*Cirale v. 80 Pine Street Corp.,* 35 N.Y.2d 113 (1974) ..................................................... 10

*Duling v. Gristede's Operating Corp.,* 266 F.R.D. 66, 71 (S.D.N.Y.2010) ..................... 13

*Edwards and Cassell v. Dershowitz*, 15-000072, (17th Judicial District, Broward County,

    Florida) ..................................................................................................................... 16

*Favors v. Cuomo*, 285 F.R.D. 187, 207 (E.D.N.Y. 2012) ................................................ 13

*In re Shargel,* 742 F.2d 61, 62 (2d Cir. 1984) ................................................................. 12

*In re Zyprexa Injunction,* 474 F.Supp.2d 385, 415 (E.D.N.Y.2007) ................................ 13

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 187-88 (S.D.N.Y.

    2014) ........................................................................................................................ 13

Kenford Co. v. County of Erie, 67 N.Y.2d 257, 261 (1986) ............................................. 21

*Kramer v. Showa Denko K.K.,* 929 F.Supp. 733, 743 (S.D.N.Y.1996) ........................... 19

*Midalgo v. McLaughlin,* No. 9:06–CV–330, (N.D.N.Y. Mar. 30, 2009) .......................... 18

*N. Mariana Islands,* 287 F.R.D. at 209 ......................................................................... 22

*O'Connor v. Rosenblatt,* 714 N.Y.S.2d 327, 327-28 (N.Y.App.Div. 2000) ..................... 19

*Pokigo v. Target Corporation*, (W.D.N.Y. Dec. 8, 2014)................................................ 18

*Romano v. SLS Residential Inc.*, 298 F.R.D. 103, 111 (S.D.N.Y. 2014) .......................... 22

Saenger v. Presbyterian Church of Mount Kisco, No. 96 Civ. 7684(JFK), (S.D.N.Y. Dec.

1, 1997) ....................................................................................................................... 21

*Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015)............................................. 23

*see Gaus v. Conair Corp.,* No. 94 Civ. 5693(KTD)(FM), (S.D.N.Y. Apr. 7, 2000) ........ 12

*Tomlinson v. El Paso Corp.,* 245 F.R.D. 474, 476–77 (D.Colo. 2007) ............................ 22

Trademark Research Corporation v. Maxwell Online, Inc., 995 F.2d 326, 332 (2d Cir.

1993) ........................................................................................................................... 21

*Treasure Lake Associates v. Oppenheim*, 993 F. Supp. 217, 220 (S.D.N.Y.) *aff'd*, 165

F.3d 15 (2d Cir. 1998) ................................................................................................ 21

*United States v. Pape,* 144 F.2d 778, 782 (2d Cir. 1944)................................................. 12

*United States v. Reynolds*, 345 U.S. 1, 7 (1953) .............................................................. 10

*Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008) ............................................................... 8

*Wardrip v. Hart,* 934 F.Supp. 1282, 1286 (D.Kan.1996) ................................................ 23

## INTRODUCTION

Pursuant to this Court's oral Order on March 24, 2016, Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Motion to Compel Plaintiff Virginia Giuffre ("Plaintiff" or "Ms. Giuffre") to respond to Interrogatories and Requests for Production of Documents relevant to this case and for sanctions pursuant to Fed. R. Civ. P 37(a)(2)(B), 37(a)(3) and 26(g)(3).

## I.     PRELIMINARY STATEMENT

This discovery motion arises from Plaintiff's failure and refusal to provide information that she has put at issue in this case.  Plaintiff broadly published statements in public court filings and in the press that as a minor child she was recruited by Ms. Maxwell into sex trafficking, and she was trafficked to "high-profile" non-party individuals "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," specifically naming Alan Dershowitz and Prince Andrew.  In response, Ms. Maxwell's press agent issued a written statement that the allegations were "untrue" and that certain new allegations were "lies."  Plaintiff sued claiming Ms. Maxwell's denial of Plaintiff's accusations is defamatory and has caused her lost earnings and emotional distress injuries in excess of $35 million dollars.

Ms. Maxwell served her First Discovery Requests on Plaintiff on February 12, 2016, with Reponses due March 16, 2016.  Ms. Maxwell sought the most fundamental information in this case aimed at discovering how, when and to whom Plaintiff claimed she was trafficked, and any and all documents that would demonstrate the allegations are, in fact, untrue -- proving the truth defense to this defamation claim.  Ms. Maxwell also requested information necessary to defend

against Plaintiff's non-cognizable damages claims, including past earnings records, employment records and medical information related to her emotional distress claims.[1]

In response, Plaintiff provided incomplete responses to four of 14 Interrogatories, and refused to answer ten of the most basic and relevant questions, including to how, when and to whom she claims she was "trafficked."  She continues to propound groundless and unrecognized objections to discovery.  Plaintiff refuses to produce information under the "public interest" privilege or because the information is "proprietary" and "copyrighted," withholds medical and wage records under claims of privacy, and responds in a manner that makes it impossible to determine what, if any, information is being withheld based on these or other improper objections.  Plaintiff brought this action putting at issue the veracity of her claim that she was "sexually trafficked," and the purported $35,000,000 in damages she claims to have suffered. She cannot now engage in evasive discovery tactics and attempt to avoid production because it "invades the privacy of a sex abuse victim."

## II.      CERTIFICATE OF CONFERRAL

Pursuant to Federal Rule of Civil Procedure 37(a)(1), undersigned counsel certifies that she has conferred numerous times regarding the issues contained herein and attempted to reach resolution on these issues without need for Court intervention.  Based on these conferrals, Plaintiff provided Plaintiff's Amended and Supplemental Responses and Objections to Defendant's First Set of Discovery Request to Plaintiff ("Supplemental Responses") on March 22, 2016.  Declaration of Laura A. Menninger In Support of Motions ("Menninger Decl."), Ex. A.  The Supplemental Responses remain woefully inadequate and fail to correct both the

---

[1] Of course, Plaintiff was and is required to provide these materials pursuant to the self-executing provisions of Fed. R. Civ. P. 26(a).  Her failures to do so were documented in Ms. Maxwell's Motion to Compel Plaintiff to Disclose, Doc. #64 which remains at issue.

procedural and substantive deficiencies nor do they comply with the discovery requirements of the Federal Rules of Procedure and this Court's Orders.

## III.    PROCEDURAL BACKGROUND

Ms. Maxwell served her First Discovery Requests on Plaintiff on February 12, 2016. Responses were thus due by March 16, 2016. Thereafter, counsel conferred regarding deposition dates for Ms. Maxwell and two other witnesses. Ms. Maxwell's deposition was scheduled for March 25, 2016 anticipating that discovery responses would timely be provided 8-9 days prior to the deposition.

On March 8 Plaintiff requested permission for production of documents on a "rolling basis," to be completed on or about April 15, 2016.  Defense counsel agreed to the request, provided that Ms. Maxwell's deposition be postponed until after the document production was complete.  Plaintiff disagreed and she filed a motion seeking permission from the Court to (a) produce her documents over the course of a month but (b) keep Ms. Maxwell's deposition on March 25, 2016, despite Plaintiff's incomplete and untimely production.

On March 16, 2016, Plaintiff served her Response and Objections to Defendant's First Set of Discovery Requests and provided 3,190 pages of documents. The next day, argument was heard by this Court concerning, *inter alia*, Plaintiff's Motion for Leave to Serve Production on a Rolling Basis, which was granted with the Court ordering completion of production on or before April 15, 2016.

Counsel engaged in a conferral on March 21, 2016, regarding the deficiencies in Plaintiff's document production, the improper privileges and objections, and her incomplete Rule 26 disclosures. During conferral, Plaintiff's counsel conceded that many of her objections and assertions of privilege were improper and that her responses failed to adhere to Rule

3

34(b)(2)(C)'s requirement that she state whether she has withheld documents.  Despite promises to the contrary, the Supplemental Responses failed to correct either the substantive issues with the incomplete and evasive answers, or the procedural deficiencies including failure to verify the responses or specify what documents, if any, were being withheld based on specific objections.

The Court scheduled the hearing on the Motion for Protective Order for March 24, 2016. A blizzard in Colorado closed the Denver airport and made defense counsels' travel to New York impossible, mooting the issue of proceeding with the scheduled March 25 deposition.  The deficiencies in Plaintiff's discovery responses remain unresolved.   The Court requested briefings on these deficiencies to permit resolution prior to the deposition of Ms. Maxwell during the week of April 18.

## IV.    ARGUMENT

Defendant's First Set of Discovery Requests included 14 interrogatories and 37 document requests.  Plaintiff wholly *refused to answer* Interrogatory Nos. 5-14. Menninger Decl., Ex. A at 10-17. With respect to Interrogatory Nos. 1-4, she gave incomplete and partial answers.  *Id.* at 5-10.  In response to the 37 document production requests, Plaintiff stated that she has produced 3,190 documents, but failed to identify (a) what documents are being produced in response to the specific request; (b) if she is persisting in any particular objection, (c) if she is persisting in any particular privilege, (c) if she placed responsive documents on a privilege log, (d) what grounds she asserts for withholding documents, and (e) which portion is being disclosed and which portion withheld.  *Id.* at 18-42.

Instead, Plaintiff provided a nonsensical recitation of all possible privileges, refused to produce information on the basis of copyright and confidentiality protection (despite the existence of a protective order protecting those materials), and completely refused to answer or

4

produce documents concerning items that could not possibly be considered privileged.  The

requested information all strike at the heart of her allegations in this case, to include:

- Her and her attorneys' communications with journalists, media organizations, and publishers, and remuneration received for such communications (Resp. to Interrog. No. 5 and RFP 29, 30, 31 and 32). Menninger Decl., Ex. A at 11-12, 36-38

- Any employment she has had since 1996, including the names and contact information for her employers, the dates of her employment, and her titles and income from such employment (Resp. to Interrog. No. 9 and RFP 10, 11, 12, 13, 18, 24 and 33 ).  Menninger Decl., Ex. A at 14, 26-27, 30, 33, 39.

- Income she has received apart from employment (Resp. to Interrog. No. 10 and RFP 14, 24, 31).  Menninger Decl., Ex. A at 14, 27, 33-34, 37.

- Facts in support of her claims for lost wages (Resp. to Interrog. No. 11), Menninger Decl., Ex. A at 15.

- Her past and current treating physicians, psychologists and psychiatrists (Resp. to Interrog. No. 12, 13 and RFP 26), Menninger Decl., Ex. A at 16-17.

- The identities of the persons to whom she claims she was sexually trafficked. (Resp. to Interrog. No. 8), Menninger Decl., Ex. A at 13.

Ms. Maxwell Requests that this Court compel Plaintiff to:

1) Provide complete responses Interrogatories 1-4, and indicate what, if any, information is being withheld on the basis of which objection;

2) Provide responses to Interrogatories 5-14, each of which she has failed to answer based on unfounded objections;

3) Specifically state for each objection to the 37 Requests for Production what, if any, documents are being withheld and the specific objection under which it is being withheld;

4) Produce all documents requested in RFP's 1-37 within her possession, custody or control, with the exception of items specifically included in the privilege log.[2]

Ms. Maxwell further requests that this Court require Plaintiff, her attorneys, or both to pay the

movant's reasonable expenses incurred in making this motion, including attorney's fees.

---

[2] Defendant anticipates she will object to certain privilege designations in the privilege log at a later date, but requires the information requested herein to fully analyze the log.

## V.    PLAINTIFF HAS FAILED TO COMPLY WITH FEDERAL AND LOCAL RULES OF PROCEDURE

### A.    Plaintiff has failed to state whether she is withholding documents.

Rule 34(b)(2)(C), as amended December 2, 2015, now requires that "an objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Despite the clear requirements of the rule, Plaintiff interposed numerous objections and then repeatedly failed to state whether she was withholding any documents on the basis of any particular objection or to permit discovery of the un-objected to portions of the request.

For example, in Response to virtually every Request for Production, Plaintiff interposed objections stating that they "seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege."  Menninger Decl., Ex. A at 18-42.   Her other improper objections, discussed in detail below, claim the request is "overly broad," "unduly burdensome," "seeks to invade the privacy rights of a sex abuse victims (sic)," "is meant for the improper purpose of harassing and intimidating this victim" or seeks "confidential financial information." Then Plaintiff stated that "subject to the forgoing objections," she is producing 3,190 documents and will continue to supplement this production, but "is withholding documents based on her objections."  Adding to the confusion, Plaintiff repeatedly states that she either "has produced non-privileged documents" or she "does not have any non-privileged documents", or that she has "not located non-privileged documents" or "will continue to supplement this production," but fails to say whether she is withholding any "privileged" documents, which Rule 34 clearly requires her to state.

The problem is compounded by the rolling production.  Defendant has no way of knowing if Plaintiff is purposefully withholding responsive documents, or if documents will be produced in the future in the rolling production.  Based on the productions made, however, responsive, non-privileged documents that have been located have been withheld.  By way of example, Plaintiff disclosed an email between her and a member of the media – a clearly non-privileged responsive communication.  Menninger Decl. at ¶ 5.  That email shows that it has an attachment, which has not been produced.  *Id.*  Yet, plaintiff does not state that she is withholding any documents concerning communications with the media, and claims she has and continues to produce responsive non-privileged documents.  *See* Resp. to RFP 29, Menninger Decl., Ex. A at 36.  Is the attachment being withheld on the basis of an objection, and if so on what basis?  Has Plaintiff simply refused to turn over a relevant document? It is absolutely impossible to tell from Plaintiff's responses whether (a) she is persisting in any particular objection, (b) persisting in any particular privilege, (c) or if she placed responsive documents on a privilege log, (d) what grounds she asserts for withholding documents, and (e) which portion is being disclosed and which portion withheld.

The Advisory Committee Notes reflecting the 2015 amendment to Rule 34 provide that "[t]his amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."  Far from ending the confusion, Plaintiff's responses exacerbate it.  Plaintiff must be required to comply with Rule 34 and identify 1) if she is withholding documents based on a particular objection; 2) if so, identify documents withheld; and 3) if the basis is a privilege, a numerical designation of where responsive documents are included in her privilege log.

**B.      Plaintiff has failed to execute the Discovery Reponses.**

The Interrogatory Responses are not signed by Plaintiff. *See* Rule 33(b)(5).  Menninger Decl. at Ex. A. "The plaintiff apparently misinterprets the Federal Rules as optional. They are not. Rule 33(b)(5) could not be more clear: The person who makes the answers must sign them, and the attorney who objects must sign any objection. This requirement is critical because interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory." *Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008) (sanctioning Plaintiff for failure to sign interrogatories) (internal citations omitted).  Despite being made aware of this deficiency in the Original Responses, Plaintiff again failed to sign the Supplemental Reponses, contrary to Rule 26(g) and 33(b)(5).   Fed. R. Civ. P. Rule 26(g) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.").  Defendant requests that the Court Order Plaintiff to sign the Interrogatory Responses.

**C.      Plaintiff improperly refuses to disclose her address under Local Rule 26.1**

Plaintiff has refused to disclose her residential address, even with a Protective Order in place, "[d]ue to safety concerns."  Menninger Decl., Ex. A at 5.  This information is required by Local Rule 26.1, which states:

>  A party shall furnish to any other party, within seven (7) days after a demand, a verified statement setting forth: (a) If the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332

S.D.N.Y. LCiv.R 26.1.

Plaintiff claims defamation and "loss of standing in the community."  Defendant must know the "community" in which she lives and works to test this claims.  In light of the stipulated Protective Order in this matter and the Local Rule, there is no justifiable basis for refusal to provide this required information.[3]

## VI.   PLAINTIFF'S SUBSTANTIVE OBJECTIONS ARE UNRECOGNIZED AND MERITLESS

The substantive objections are improper and legally unsupportable.  The objections and possible non-production of documents generally fall into five categories: 1) claims of improper and unrecognized "privilege"; 2) assertion of improper protections from discovery claiming "proprietary" "copyright" and "confidentially" protection;  3) claims of invasion of "privacy" interests in financial, employment and medical information, all of which are put directly at issue by Plaintiff's damages claims; and 4) provision of evasive and incomplete answers or production due to a failure to fully investigate prior to providing responses.  There is no legal basis supporting any of the objections raised in the Supplemental Reponses, and full production of documents and responses to the Interrogatories is required.

### A.   Plaintiff's privilege claims are not cognizable, inapplicable, or cannot be fully analyzed based on Plaintiff's refusal to provide information.

Each of Plaintiff's Supplemental Responses state all or some portion of the following "privilege" objection: "Ms. Giuffre objects to this request to the extent it seeks documents protected by the attorney client, work product, joint defense/common interest privilege, the public interest, and any other applicable privilege."  Menninger Decl., Ex. A at 5-37.  There is no support for application of these privileges.

---

[3] The information is also required under Fed. R. Civ. P. 26(a) as discussed in Ms. Maxwell's Motion to Compel Plaintiff to Disclose, Doc. #64.

1.    **The public interest privilege belongs to the government and cannot be invoked by Plaintiff**

The most confounding basis for refusal to produce documents or provide Interrogatory responses is Plaintiff's claim of the "public interest" privilege.[4]  New York does not recognize such a privilege capable of being invoked by anyone other than the government, including this private civil litigant. The public interest privilege holds that "[a]s part of the common law of evidence, 'official information' ***in the hands of governmental agencies*** has been deemed in certain contexts, privileged." *Cirale v. 80 Pine Street Corp.,* 35 N.Y.2d 113 (1974) (emphasis supplied). "The privilege belongs to the Government and must be asserted by it; ***it can neither be claimed nor waived by a private party***. It is not to be lightly invoked." *United States v. Reynolds*, 345 U.S. 1, 7 (1953) (emphasis supplied).  And, the privilege is extremely limited.  Information may not "be withheld by a mere assertion of privilege. There must be specific support for the claim of privilege." *Cirale* at 35 N.Y.2d at 117–19. There is no good faith basis for this objection.

Plaintiff also failed to fully identify which, if any, documents are being withheld on the basis of this purported privilege, with two notable exceptions.  In the Supplemental Responses relating to law enforcement proceedings, including any witness statements in such proceeding, Plaintiff states "Ms. Giuffre is withholding documents that concern or relate to any currently ongoing investigation by any law enforcement agency under the public interest privilege and other applicable privileges."  *See* Resp. to RFP 3; *see also* Resp. to RFP 2, Menninger Decl., Ex. A at 19-20. Likewise, in response to Interrogatory 4 requesting information regarding contact

---

[4] In her Supplemental Responses, Plaintiff retracted her previous reliance on the "investigative privilege" (which does not exist), "accountant-client" privilege (not recognized in New York) and "spousal privilege" (in no way applicable to the requested information).  Instead, she has created a new alleged privilege in an attempt to evade her discovery obligations.

with investigators or law enforcement, Ms. Giuffre states "as to other investigations by law enforcement, Ms. Giuffre objects as this information [is] covered by the public interest privilege." *Id.* at 10.  There is a dearth of any available law permitting Plaintiff – a private civil litigant – to refuse to produce documents or information <u>she</u> possesses regarding public investigations by law enforcement, or identify contact she has had in such investigations.  And, if she is in possession of investigative information, it has already been produced to the public outside the investigation, waiving any claim of "privilege," "public interest" or otherwise. Moreover, to the extent the information is sensitive or confidential, there is a Protective Order to ensure the preservation of confidentiality.

Despite actually withholding documents based on this privilege claim, Plaintiff failed to log a single document on her privilege log indicating "public interest" as basis for privilege.  She failed to log these documents despite this Court's Order that any responsive alleged privileged documents must be logged.  *See* Transcript of March 17, 2016 Hearing ("Tr.") at 15:8-10.

In light of the unjustifiable invocation of the "public interest privilege," Defendant requests that this Court compel production of any and all documents withheld on the basis of the "public interest privilege," including specifically any document withheld in response to RFP 2 and 3, and require a complete response to Interrogatory Number 4.

### 2. Attorney client privilege, work product doctrine and joint defense/common interest privilege

Defendant is appreciative of the necessity and applicability of both the attorney-client privilege and the protection of the work product doctrine.  These protections, however, are not without limit. Plaintiff's invocation exceeded what is protected under well-settled law.

Plaintiff refused to identify all attorneys who represent her, the dates of their engagement, and the nature of the engagement,[5] (Resp. to Interrog. Number 3), and has refused to produce any engagement letters (Resp. to RFP 4).  *See* Menninger Decl., Ex. A at 9, 20.  These refusals are patently unjustified under New York Law.  The "fact of retainer [and] identity of the client" are not privileged, because they do not qualify as "confidential communications" made for the purpose of securing legal advice. *See United States v. Pape,* 144 F.2d 778, 782 (2d Cir. 1944). "[F]ee information" also is not privileged.  *In re Shargel,* 742 F.2d 61, 62 (2d Cir. 1984); *see Gaus v. Conair Corp.,* No. 94 Civ. 5693(KTD)(FM), 2000 WL 358387, at *3 (S.D.N.Y. Apr. 7, 2000) ("The attorney-client privilege typically does not extend, however, to the identity of the client(s) or the fee arrangements that the client(s) may have entered into with the attorney.").

The requested information is necessary to test the validity of the information that has been withheld as privileged and logged by Plaintiff.  Without an understanding of the time frames, nature of the engagements and the actual represented parties, the claims of attorney-client privilege, work product, and joint/common defense privilege cannot be tested.  Ms. Maxwell anticipates that upon receipt of this requested information, counsel will be able to identify significant numbers of documents on Plaintiff's privilege log unjustifiably withheld.

**B.      Plaintiff cannot withhold information based on false claims of confidentiality, purported proprietary rights, or the sensitive nature of the information without seeking a Protective Order and showing good cause.**

In a classic hide the ball tactic, Plaintiff refused to respond to questions and provide documents that are central to this case claiming they are "sensitive" or somehow proprietary.  At no time does Plaintiff contest the relevancy of the requests; she simply refuses to respond.  This

---

[5] Plaintiff did provide the name of several attorneys and firms who have represented her in response to Interrogatory 3, but refused to provide the dates, scope and nature of the representations.

is improper.  If the information is relevant and discoverable, Plaintiff cannot refuse to produce it or respond.  Rather, when a person wants protection from a request "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way," <u>she</u> must move for a protective order under Rule 26(c)(1).

To obtain the protection she seeks, she would be required show "clearly defined and serious injury" that would result from revealing the information to the parties in this case under the existing Protective Order, which is a predicate showing for "good cause" under Rule 26(c). *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 187-88 (S.D.N.Y. 2014) (non-party could not withhold relevant sensitive information where standing protective order protected his interests and there was no showing of clearly defined serious injury); *see also In re Zyprexa Injunction,* 474 F.Supp.2d 385, 415 (E.D.N.Y.2007) (Weinstein, J.) ("'[t]he touchstone of the court's power under Rule 26(c) is the requirement of 'good cause.'") (citations omitted). A party may show good cause by "'demonstrating a particular need for protection,'" but "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Favors v. Cuomo*, 285 F.R.D. 187, 207 (E.D.N.Y. 2012) (quoting *Duling v. Gristede's Operating Corp.,* 266 F.R.D. 66, 71 (S.D.N.Y.2010)).

With a blanket Protective Order in place shielding disclosure outside of this litigation of marked "Confidential" information, Plaintiff simply cannot establish "good cause" for refusing to respond. Regardless, absent Plaintiff affirmatively moving for protection and making the requisite showing, she must respond to the relevant Interrogatories and must produce Documents.

   1. **Plaintiff put her alleged sexual encounters with high-profile individuals at issue and must disclose their names.**

  Plaintiff has intentionally generated a media frenzy by publishing (for hundreds of thousands of dollars) the salacious and spurious allegation that Ms. Maxwell was involved in "sexually trafficking" Plaintiff to "numerous prominent American politicians, powerful business executives, foreign president, a well-known Prime Minister, and other world leaders," including, but not limited to Alan Dershowitz and Prince Andrew.  Ms. Maxwell is now being sued for defamation for stating these allegations are "lies."  Ms. Maxwell has the right to all information, however sensitive, concerning these allegations to show that they are indeed fabricated, and motivated by Plaintiff's desire to profit thorough this public disparagement.

  Plaintiff refused to answer questions about the identities of the people to whom she was allegedly "sexually trafficked." Resp. to Interrog. 8, Menninger Decl., Ex. A at 13.  She claims "naming some such individuals would jeopardize her physical safety based on credible threats to the same." *Id.*  She further refuses to produce documents that might include information to prove the falsity of her public statements, including diaries (sold to Radar Online, an online celebrity gossip publication)[6] and journals (RFP 16), and travel logs and passports that might show if Plaintiff did or did not travel to the foreign countries claimed (RFP 16 and 17).  She refuses production claiming they include "highly personal information and sensitive material from a time when she was being sexually trafficked." Menninger Decl., Ex. A at 29.

---

[6] *Compare* Response to Request No. 16 – "Any diary, journal or calendar concerning Your activities between 1996-2002" - Response "Ms. Giuffre has been unable to locate any such document" with "Diary of Virginia Roberts Who Claims She Had Sex With Prince Andrew Reveals Details," Daily Mail.com (Jan. 13, 2015), http://www.dailymail.co.uk/news/article-2908852/Teen-diary-belonging-woman-claims-underage-sex-Prince-Andrew-reveals-explicit-details-night-London.html (last accessed March 20, 2016).

Plaintiff cannot make outrageous defamatory allegations about Ms. Maxwell and others in the press and in court documents, and then sue for defamation when those allegations are denied as false, and then refuse to provide any information that permits Ms. Maxwell to prove that Plaintiff's stories are indeed lies. It is similarly improper for Plaintiff to use this case as a fishing expedition related to every high profile individual that Ms. Maxwell may know so that she may fabricate further improper stories to sell to the press or add to her novel.[7] By this suit, Plaintiff put the veracity of her trafficking allegation at issue. She cannot hide behind the "sensitive" nature of alleged sexual trafficking as a shield to discovery. This is especially true when her own counsel defined this as the relevant issue in the case. *See* Transcript of March 17, 2016 Hearing at p. 30-36.

### 2. Allegedly "copyrighted" "proprietary" and "confidential" materials must be disclosed, and will be protected by the Protective Order

#### a. Claimed "proprietary" or "copyright" material.

Claiming alleged protection for "proprietary and copyrighted" information, Plaintiff refuses to respond to questions or produce documents concerning: 1) her and her agents' contact with the press, or her sale or attempts to sell her fanciful stories for profit (Resp. to Interrog. 5, RFP 29, 30, 31, 32); 2) any document in which she describes or discussed Ms. Maxwell or other individuals whom she falsely claimed were involved in her "sexual trafficking" (Resp. to RFP 27, 28, 34, 35); and 3) information relating to the Victims Refuse Silence organization (Resp. to Interrog. RFP 33). Menninger Decl., Ex. A, at 11, 35-41.

It is unclear how Plaintiff can claim that *she* holds proprietary rights to information that discusses Ms. Maxwell or others. It is equally confounding that Plaintiff refuses to turn over

---

[7] Plaintiff refers to her initial disclosures in response to questions regarding high profile individuals with whom she claims to have been sexually involved. At a minimum, Plaintiff should be confined to questioning Ms. Maxwell about any person other than those included in her initial disclosure or in response to the propounded discovery.

information that she has globally shared and sold to media publications or is actively trying to sell for a profit.  It is entirely baffling that she can claim proprietary and copyright protection over public and financial information concerning Victims Refuse Silence (the organization she claimed to found in December 2014, owns, and claims to work for) in light of her claims that she "has now dedicated her professional life to helping victims of sex trafficking" and that her reputation in working for the Organization has been damaged.  *Compare* Complaint ¶ 25 *with* Complaint Count 1, ¶ 2.  Regardless, in light of the blanket protective order, there is simply no "good cause" for withholding this relevant information.  *See John Wiley & Sons, Inc.*, 298 F.R.D. 184, 187-88 (S.D.N.Y. 2014) (standing protective order sufficient to protect proprietary interest, requiring production of relevant documents).

### b.   Claimed "confidential" material

Plaintiff also refuses to turn over at least two known documents claiming that she is prohibited from turning them over based on Confidentiality provisions.  First, she refuses to turn over a copy of her own deposition testimony from a case pending in the Broward County Florida, *Edwards and Cassell v. Dershowitz*, 15-000072, (17th Judicial District, Broward County, Florida).   Plaintiff's excuse is that the deposition is covered by a Protective Order in that case prohibiting its production here.  This is untrue.  The Order entered by the Court in that matter, *on Plaintiff's Motion and at her request*, simply states that "The deposition testimony of Non-Party Virginia Giuffre will be designated as "Confidential" and not subject to ***public*** disclosure.  It may only be filed under seal."  Menninger Decl., Ex. C.  Producing this deposition as "Confidential" pursuant to the Protective Order on file in this case is not "public" disclosure.  It is production pursuant to lawfully issued discovery.  It will be prohibited from disclosure outside this proceeding if marked "Confidential."  Ironically, Plaintiff *has already* produced her

document production from that case, which were the subject to identical provisions under the very same order, all marked "Confidential."  She has thereby waived any objection to production of her deposition testimony.

Plaintiff similarly refuses to produce any confidentiality or settlement agreements entered into between her and Mr. Epstein, claiming it or they include confidentiality provisions. *See* Resp. to RFP 19, Menninger Decl., Ex A at 19.  Settlement agreements often contain confidentiality provisions; however, most such agreements also contain exceptions for production pursuant to subpoena, lawful process or court order.  If such a provision exists, this document should be produced in its entirety pursuant to these validly issued document requests.

C.   **Plaintiff must produce medical information and records, financial information, and employment information and information on other potential causes of her injuries based on her damages claims.**

In Plaintiff's Rule 26(a) disclosures, she makes the following claims for damages: (A) "Physical, psychological and psychiatric injuries and resulting medical expenses—in the approximate amount of $102,200 present value"; (B) "Past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity, and invasion of privacy in her public and private life not less than $30,000,000.00"; and (C) Estimated lost income of $180,000 annually.  Present value $3,461,000 to $5,407,000" Pl's Supp. Discl., at 15-18, attached as Ex. B to the Menninger Decl. Despite these claims, Plaintiff refuses to answer questions regarding: a) employment history and past or present earnings (Resp. to Interrog. 9, and RFP 10, 11, 12, 18, 24 ), b) education and training history (Resp. to RFP 15, 25 ); c) her medical and mental health treatment history (Resp. to Interrog. 12 and 13 and RFP 26); d) her other sources of income or income or tax records (Resp. to Interrog. 10 and RFP 14, 30, 33 and 37), e) information regarding other potential

sources or causes of her purported injuries, including potential defamation by others or other sexual abuse (Resp. to Interrog. 7 and 14, RFP 20). Plaintiff refuses to provide this information claiming that the requests seeks "confidential financial information," (Resp. to Interrog. 10, RFP 9, 14, 24, 30-33, 37) or "confidential medical information" (Resp. to Interrog. 12-14 and RFP 26). Menninger Decl., Ex. A at14, 16-17, 25, 27, 33, 37-39, 42.

### 1. Plaintiff has put her medical and physiological history at issue by claiming physical injury and emotional distress damages.

A party who affirmatively places his or her medical condition at issue waives the right to claim her medical information and history is protected from discovery. Plaintiff is claiming significant damages resulting from her alleged physical and emotional distress injuries. Menninger Decl., Ex B  at 15-18. As a result, Ms. Maxwell is entitled to Plaintiff's medical information. *Midalgo v. McLaughlin,* No. 9:06–CV–330, 2009 WL 890544, at *2 n. 5 (N.D.N.Y. Mar. 30, 2009) ("by putting his medical condition at issue in this lawsuit, [plaintiff] waives any privilege he may have otherwise been entitled to as to his limited privacy interests in these medical records"); *Bayne v. Provost,* 359 F.Supp.2d 234, 238 (N.D.N.Y.2005) (noting that "[b]y commencing this action and seeking damages for his medical injuries, [plaintiff] placed his relevant medical condition at issue").

Moreover, "under Fed.R.Civ.P. 26(b)(1) a party is entitled to broad discovery of a party's preexisting conditions including mental health matters, relevant to a claim or defense regardless of admissibility." *Bauman v. 2810026 Canada Ltd.*, No. 15-CV-374A(F), 2016 WL 402645, at *1 (W.D.N.Y. Feb. 3, 2016); *see also Pokigo v. Target Corporation*, 2014 WL 6885905, at **2-3 (W.D.N.Y. Dec. 8, 2014) (plaintiff's preexisting mental and physical conditions relevant to plaintiff's damage claim; *Bruno v. CSX Transp., Inc.*, 262 F.R.D. 131, 133-34 (W.D.N.Y. 2009) (granting discovery of plaintiff's medical records relating to plaintiff's substance abuse and

mental health treatment where disclosure was likely to reveal evidence of alternative or

intervening causes for the damages claimed by plaintiff); *Lewis v. Velez*, 149 F.R.D. 474, 483

(S.D.N.Y. 1993) (medical records showing plaintiff's preexisting conditions relevant to issue of

causation).  This includes all information relating to alleged sexual abuse that might have

impacted Plaintiff at any time, either before or after the events at issue in this case.

**2.      Plaintiff's lost wage claims puts her employment history, educational history and earning capacity at issue.**

As briefed in the Motion to Compel Rule 26(a) Disclosures, Plaintiff has not disclosed

any prior employment history, and refuses to provide a listing of her employers or other sources

of income.[8]  Yet, she claims an estimated compensation "capacity" of $180,000 annually.  *See*

Menninger Decl., Ex. B at Section C, 3(a)(1).  Ms. Maxwell is entitled to test this claim and

evaluate any change in her earnings both before and after the alleged "defamation."  *See*

*O'Connor v. Rosenblatt,* 714 N.Y.S.2d 327, 327-28 (N.Y.App.Div. 2000); *Kramer v. Showa*

*Denko K.K.,* 929 F.Supp. 733, 743 (S.D.N.Y.1996) ("The basic rule is that loss of earnings must

be established with reasonable certainty, focusing in part on the plaintiff's earning capacity both

before and after his injury.")  Likewise, to rebut the earning capacity of this Plaintiff – not that of

a hypothetical 31 year old woman -- her <u>own</u> education, training and experience are all relevant

factors. Documents relating to these issues must be produced.

---

[8] To the extent Plaintiff claims she cannot locate or is not in possession of employment related
documents, Ms. Maxwell requests the execution of a waiver and release relating to employment
document so that documents can obtained directly from such employers once they are identified.

The same logic applies to requests for all of Plaintiff's tax returns[9] and bank records showing her income, her past work history, and her true earnings capacity through any and all sources, including the sales of her salacious stories.

### 3. Plaintiff's compensation for selling information related to Ms. Maxwell and Others is relevant and discoverable

Finally, Plaintiff refuses to respond to questions regarding payment she has received or stands to receive in the future for selling information to the media about Ms. Maxwell and others. (Resp. Interrog. 10, RFP 14, 30, 33 and 37).  Again, Plaintiff does not contest the relevance on this information. Relevance is obvious.  If, as suspected, this is Plaintiff's primary source of funds, she has motive for fabricating stories that would "sell."

### 4. "Defamatory" actions by others is relevant to causation and damages.

Plaintiff sued Ms. Maxwell for defamation claiming that she had been "damaged" in excess of $35 million dollars because Ms. Maxwell's representative referenced her obvious lies or called her a "liar."  Complaint ¶ 1, 36.  Ms. Maxwell's denial of Plaintiff's accusations pales in comparison to that of others, including Alan Dershowitz and Prince Andrew, both of whom called Plaintiff's statements lies.   Mr. Dershowitz stated on "Good Morning America" that Plaintiff is a liar. Yet, Plaintiff did not sue either of them. When other intervening acts are or could be the cause of Plaintiff's purported damages, information relating to those acts must be produced.  "Under New York law, in order to be entitled to an award of damages the plaintiff must demonstrate with certainty that such damages were caused by the actions of the defendants, and the alleged loss must be capable of proof with reasonable certainty. . .  The damages must be

---

[9] Plaintiff apparently does not contest that tax records are relevant and should be produced as she has produced at least one tax return form 2006.  To the extent Plaintiff claims she cannot locate and produce all returns, Plaintiff should be ordered to execute a release to permit the retrieval and production of those returns from the relevant taxing authorities.

directly traceable to the actions of the defendants rather than the result of intervening causes." *Treasure Lake Associates v. Oppenheim*, 993 F. Supp. 217, 220 (S.D.N.Y.) *aff'd*, 165 F.3d 15 (2d Cir. 1998) (citing *Kenford Co. v. County of Erie,* 67 N.Y.2d 257, 261 (1986); *Saenger v. Presbyterian Church of Mount Kisco,* No. 96 Civ. 7684(JFK), 1997 WL 742531 (S.D.N.Y. Dec. 1, 1997); *Trademark Research Corporation v. Maxwell Online, Inc.,* 995 F.2d 326, 332 (2d Cir. 1993)).  Yet, Plaintiff refuses to state if she has been defamed by anyone else (Resp. to Interrog. 7), or provide information regarding any other defamation claims she has or is considering making (Resp. to RFP 20).

        **D.**     **Plaintiff's incomplete and evasive answers are improper.**

      Plaintiff also attempts to hedge her failure to provide information in a group of catch-all objections designed to provide cover if Plaintiff's answers later are proven untrue, or if Defendants find documents later or through other sources and confronts Plaintiff with her failure to produce.  These attempts to punt are unacceptable under the Rules.

        **1.**     **Interrogatory responses limited to memory without *any* investigation are improper.**

      Federal Rule of Civil Procedure 26(g) requires a party to sign its interrogatory responses, attorneys to sign any objections, and requires that "by signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry"* the interrogatory response is accurate) (emphasis added); 8C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2174 at 302 (2d ed. 1994) ("As a general rule a party in answering interrogatories must furnish information that is available to it and that can be given without undue labor and expense.").  Plaintiff and her counsel fail to satisfy this requirement. For example, in response to interrogatories requesting addresses where Plaintiff has lived and dates of residence, Plaintiff provides information she "to the best of her recollection," stating she

will "supplement this information to the extent she obtains additional information" and stating

she is "not certain of dates."  *See* Menninger Decl., Ex. A, at 6-7.  Yet, Plaintiff produced

documents from which the requested information is easily ascertainable and could be verified,

including leases and residential home sales.  Plaintiff should not be permitted to punt now and

supplement later.

> ### 2.  Plaintiff must produce documents in her possession, custody or control.

Plaintiff repeatedly claims she has been "unable to locate" particular documents,

including records regarding her own criminal charges after she committed theft from her former

employer (Reponses to RFP 13), and several other categories of documents including her

naturalization papers.  *See* Menninger Decl., Ex. A at 26-27, 29, 30, 33, 34, 36, 41.  It seems

improbable that Plaintiff, and her stable of attorneys, does not possess any documentation of her

own criminal charges.

Plaintiff apparently believes if she cannot find the information in her own records, she

does not have to produce it.  That is not the case.

> "Rule 34(a) of the Federal Rules of Civil Procedure, which allows document requests to be made "as to items in the responding party's possession, custody, or control," enables a party seeking discovery "to require production of documents beyond the actual possession of the opposing party if such party has retained any *right* or *ability to influence* the person in whose possession the documents lie." Additionally, a court in this District held that documents are discoverable under Rule 34 "when that party has the right, authority or *practical ability* to obtain the documents from a non-party to the action."

*N. Mariana Islands,* 287 F.R.D. at 209 (quoting *Tomlinson v. El Paso Corp.,* 245 F.R.D. 474,

476–77 (D.Colo. 2007) (emphasis in original); *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.,*

171 F.R.D. 135, 146 (S.D.N.Y.1997)) (emphasis in original)).  This includes documents in the

possession of her attorneys, agents, accountants and other advisors.  *Romano v. SLS Residential*

*Inc.*, 298 F.R.D. 103, 111 (S.D.N.Y. 2014) (documents in the custody of defendants' attorney, are

within the control of the client); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 154 (S.D.N.Y. 1997) ("'Financial records of the defendant in the possession of defendant's accountant are documents which defendant has the legal right to obtain.'") (quoting *Wardrip v. Hart,* 934 F.Supp. 1282, 1286 (D.Kan.1996)). To the extent that Plaintiff is withholding information based on the inability to locate documents, yet has the ability to obtain those documents from an agent, representative or third party from whom she has the practical ability to obtain the records, they must be produced.

### 3. Plaintiff cannot avoid production by claiming the information is available from another source.

Plaintiff refuses production of documents she claims are "within the possession, custody and control of defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents." *See e.g.* Resp. to RFP 6-9, 34, Menninger Decl., Ex. A at 23-25. This is not the standard. If Plaintiff has responsive information, she must provide it or make it available for inspection and copying. It is well-settled that a party may not object to a discovery request on the grounds that she thinks the other party "already has the materials." Nor is there any legal authority for saying that because a party thinks a third party has the same materials, they do not have to produce it and the requesting party must secure them elsewhere. More importantly, a common interest agreement only protects privileged communications from losing their privileged status and "protects the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015). The relationship in no way conveys on either party the right or practical ability to obtain particular document or information from one another.

### 4.     The Interrogatories are permissible under Local Rule 33.3

Plaintiff asserts that no interrogatories are permitted pursuant to Local Rule 33.3 prior to

the last 30 days of discovery.[10]  See Menninger Decl., Ex. A, at 5-17.  Her objection is

unfounded.  First, many of the interrogatories sought, consistent with Local Rule 33.3(a), the

names of witnesses and the custodians of records, such as her treating physicians, her employers,

her attorneys, as well as the bases for her computation of damages, such as any employment

income, non-employment income and facts supporting her claim for lost wages.  Second, Local

Rule 33.3(b) authorizes, "during discovery," interrogatories which "are a more practical method

of obtaining the information sought than a request for production or deposition."  The remainder

of the interrogatories propounded fall within this category – the kind of minutiae that Plaintiff is

unlikely to "recall" at the time of her deposition, such as all cellphone numbers she has used, the

dates she and her attorneys communicated with the media, etc.  Plaintiff's blanket assertion of

Local Rule 33.3 is clearly interposed in bad faith.

### VII.   MS. MAXWELL IS ENTITLED TO ATTORNEYS' FEES INCURRED IN MAKING THIS MOTION.

Under Fed. R. Civ. P. 37(a)(5), if a party is required to file a motion to compel discovery

responses and the motion is granted or disclosure or discovery is provided after filing, "the court

must, after giving an opportunity to be heard, require the party or deponent whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees."  By signing the

---

[10] Plaintiff also makes an unfounded "General" objection that the Interrogatories exceed 25, including discrete subparts.  This is not true.  There are no "discrete subparts" requesting information about separate subject matters.  The interrogatories with subsections are for clarifying purposes only to describe what is requested in the identification of an act or issue.  Such information is deemed one interrogatory for purposes of Rule 33.  See Fed. R. Civ. P. 33, Notes of Advisory Committee on Rules—1993 Amendment ("question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication").

objections, Plaintiff's counsel certified the responses and objections were: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1).  The sanction for improper certifications of objections requires "the court, on motion or on its own, <u>must</u> impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."  Fed. R. Civ. P. 26(g)(3).

In this case, the Court must impose sanctions against Plaintiff and/or her counsel.  There is simply no justification for Plaintiff's refusal to respond to these properly issued discovery requests, and Plaintiff can provide none.  Not once does Plaintiff's counsel claim the discovery requested is irrelevant or unnecessary, nor could she.  Instead, she interposes meritless objections in order to delay these proceedings and force Ms. Maxwell to file a motion to obtain discovery.

## CONCLUSION

Wherefore, Defendant requests that the Court compel Plaintiff to:

1) Provide complete responses Interrogatories 1-4, and indicating what, if any, information is being withheld on the basis of objection;

2) Provide responses to Interrogatories 5-14, each of which she has failed to answer based on unfounded objections;

3) Specifically state for each objection made to the 37 Requests for Production what, if any, documents are being withheld and the specific objection under which it is being withheld;

4) Produce all documents requested in RFP's 1-37 that are within her possession, custody or control, or that of her attorneys, after a reasonable and diligent inquiry and search.

Defendant further requests the Court to 1) enter an Order for attorney costs and fees associated with this Motion pursuant to C.R.C.P. 26 and 37(a)(4); 2) Ordering that Ms. Maxwell's deposition shall not be held until Plaintiff has complied with the Court's Order,  and such other and further relief as the Court deems appropriate.

Dated: March 31, 2016.

Respectfully submitted,

*/s/ Laura A. Menninger*

Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:        303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on March 31, 2016, I electronically served this *DEFENDANT'S MOTION TO COMPEL RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

*/s/ Nicole Simmons*

Nicole Simmons

26