# EXHIBIT A

**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

          Plaintiff,                    Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

          Defendant.

_____/

**PLAINTIFF'S AMENDED SUPPLEMENTAL RESPONSE AND OBJECTIONS
TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF**

      Plaintiff hereby serves her amended supplemental responses and objections to Defendant's First Set of Discovery Requests.

**GENERAL OBJECTIONS**

      Defendant's First Set of Discovery Requests violates Local Civil Rule 33.3. Defendant has served interrogatories that are in direct violation of that Rule because the interrogatories are not "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Civil Rule 33.3(a). Instead, they seek information under subsections (b) and (c) of Local Civil Rule 33.3, and therefore, they should not be served because they are not "a more practical method of obtaining the information sought than a request for production or a deposition," and because they were served in advance of the period "30 days prior to the discovery cut-off date." Local Civil Rule 33.3(b), (c).  The interrogatories you served violate Local Rule 33.3 and we ask

1

that you immediately withdraw those interrogatories. *See* Rule 33.3, Local Rules for the

Southern District of New York; *see also Shannon v. New York City Transit Auth.*, No. 00 CIV.

5079 (Sweet, J.), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001); accord *Gary Friedrich*

*Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 1533 BSJ JCF, 2011 WL 1642381, at

*4 (S.D.N.Y. Apr. 26, 2011).  Specifically, Rule 33.3 provides:

> (a)     Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

> (b)     During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

> (c)     At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

Similarly, Requests for Production numbers 1, 2, 4, 6(i), 9, 12, 30, 35 and 37 also violate

Local Rule 33.3 in that they rely on the offending interrogatory requests.  The Rule provides that

a party must first try to obtain discovery through document production and testimony.  Discovery

does not close in this case until July 1, 2016, and Defendant has not yet noticed a deposition.  As

such, these interrogatories violate Local Rule 33.3 and are premature.

Defendant's First Set of Discovery Requests also violates Rule 33, Fed. R. Civ. P., which

provides "a party may serve on any other party no more than 25 interrogatories, including all

discrete subparts" – in that Defendant has served a total of 59 interrogatories, including subparts,

in violation of Rule 33.  We ask that you immediately withdraw those interrogatories that exceed

the 25 interrogatory limit set by Rule 33.

Ms. Giuffre objects to Defendant's First Set of Discovery Requests to the extent they seek information that is protected by any applicable privilege, including but not limited to, attorney client privilege, work product privilege, joint defense/common interest privilege, public interest privilege, and any other applicable privilege.

Ms. Giuffre objects to the requests to the extent Defendant's First Set of Discovery Requests call for the production of documents or information that is already in the possession, custody, or control of the Defendant.  Ms. Giuffre further objects to the requests to the extent that Defendant's First Set of Discovery Requests is duplicative of documents and information that can equally or more readily be obtained by the Defendant.

Ms. Giuffre objects to the requests to the extent that they seek documents that are not relevant, material, or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.  Many of the requests in the Defendant's First Set of Discovery seek documents that are in no way limited to their relation to this case. Indeed, they seek documents that are not important to resolving the issues; documents that are not relevant to any party's claim or defense; and documents that are not proportional to the needs of the case. Such requests create a heavy burden on Ms. Giuffre that outweighs any benefit. Such discovery is prohibited by the Federal Rules of Civil Procedure, particularly under the 2015 amendments to Rule 26(b)(1), Fed. R. Civ. P., and is wholly inappropriate.

Ms. Giuffre objects to the requests to the extent that they are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are overly broad under Rule 26(b)(1), Fed. R. Civ. P.  Specifically, Ms. Giuffre objects to the requests as overly burdensome to the extent that they would require logging voluminous and ever-increasing

privileged communications between Ms. Giuffre and her counsel after the date litigation commenced on September 21, 2015.  Ms. Giuffre objects to the requests as overly burdensome to the extent that they would require logging voluminous privileged documents between Ms. Giuffre and her counsel related to *Jane Doe #1 and Jane Doe #2 v. United States*, Case no. 08-80736-CIV-Marra, pending in the Southern District of Florida; *Bradley Edwards and Paul Cassell v. Alan Dershowitz*, Case no. CACE 15-000072, pending in the Seventeenth Judicial Circuit, Broward County, Florida; and *Jane Doe No. 102 v. Jeffrey Epstein*, Case No. 09-80656-CIV-Marra/Johnson (Southern District of Florida).  Accordingly, due the undue burden of individually logging responsive privileged documents related to Defendant's overly broad requests, Plaintiff has employed categorical logging of such privileged responsive documents pursuant to Local Civil Rule 26.2(c).

Ms. Giuffre objects to the requests in that they seek to invade her privacy for the sole purpose of harassing and intimidating Ms. Giuffre who was a victim of sexual trafficking.  Ms. Giuffre objects to the requests to the extent they are overly broad and unduly burdensome.

Ms. Giuffre objects to Defendant's definition of "your attorneys" because it includes names of attorneys that do not represent her, including Spencer Kuvin and Jack Scarola.

Ms. Giuffre's responses to Defendant's First Set of Discovery Requests are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to her.  Ms. Giuffre reserves the right to modify and/or supplement her responses.  Ms. Giuffre is producing documents and information herewith, and she will continue to review and produce relevant documents until completion.

Ms. Giuffre incorporates her above-listed general objections in the responses herein.

## **INTERROGATORIES**

1.    State:

    a.    Your present residential address;

    b.    Each residential address You have had since 1998, including any

        residential treatment facilities;

    c.    the dates You lived at each address;

    d.    the other Persons who lived with You at each address and for what period

        of time they lived at such address.

**Response to Interrogatory One**:

Ms. Giuffre objects to this interrogatory in part because it violates Rule 33.3.  Ms.

Giuffre objects to this interrogatory in that it seeks information that is sought by Defendant only

to harass and intimidate Ms. Giuffre who was a victim of sexual trafficking.  Per the Plaintiff's

First Responses and Objections, and per our representations during the March 21, 2016 meet and

confer phone call, we are working diligently to find information to supplement the below

information with regard to address and dates, and once that information is obtained, Plaintiff will

serve supplemental responses. Additionally, per the March 21, 2016 meet and confer phone call,

we are addressing with the Plaintiff whether she will reveal here address to Defendant's counsel

confidentially and we will update you with her response.

    a.    Due to safety concerns with respect to Ms. Giuffre and her minor children,

        she is not at liberty to reveal her present residential location.  To ensure that

        Defendant is not prejudiced by the failure to provide information about Ms.

        Giuffre's specific residential location, Ms. Giuffre agrees to have her

        attorney's accept service on her behalf of any necessary communication or

filings in this matter to be addressed to: Sigrid McCawley, Esq. Boies Schiller & Flexner LLP, 401 East Las Olas Blvd., Suite 1200, Fort Lauderdale, FL 33316.

b.   Ms. Giuffre can recall living at the following addresses during the period of 1998 to the present.  Ms. Giuffre may have lived at other locations for which she does not presently have the address. Ms. Giuffre is providing the information she has presently to the best of her recollection and review of documents and will supplement to the extent she obtains additional information responsive to this interrogatory.

c.   Ms. Giuffre believes she has lived at the following residences:

- In January 1998, Ms. Giuffre was 14 years old.  Ms. Giuffre recalls one facility named "Growing Together" that was located in or around Palm Beach, but she does not recall the dates when she resided at the facility.

  - From 1999-2002, Ms. Giuffre lived and travelled with Jeffrey Epstein and stayed at his various mansions in New York (9 E. 71st Street, New York, NY 10021-4102), Palm Beach (358 El Brillo Way, Palm Beach, Florida 33480, New Mexico (Zorro Ranch, 49 Zorro Ranch Rd., Stanley, New Mexico 87056), U.S.V.I. (Little St. James, 6100 Red Hook Quarters, Suite B3, St. Thomas, Virgin Islands 00802), and Paris (22 Avenue Foch Apt 2DD, Paris, France 75116).

- Jeffrey Epstein also rented a residence for Ms. Giuffre in Royal Palm Beach, the exact address and dates of rental are in the possession, custody and control of Jeffrey Epstein.  Tony Figueroa, James Michael Austrich and a few other individuals for whom Ms. Giuffre cannot recall the names of, stayed with her from time to time at the residence that Jeffrey Epstein rented.

- Ms. Giuffre's parents' address was 12959 Rackley Road, Loxahatchee, Florida 33470, and she lived there from time to time with her mother, her father, and her brothers.

- 2C Quentin St. Basshill NSW in approximately 2003, but she is not certain of that date.  At this location, Ms. Giuffre lived with Robert Giuffre.

- N. Paramentata, NSW from approximately 2003 - 2005, but she is not certain of those dates.  At this location, Ms. Giuffre lived with Robert Giuffre.

- Blue Bay, NSW from approximately 2005 - 2008 but is not certain of those dates.  At this location, Ms. Giuffre lived with Robert Giuffre.

- 3 Elk St., NSW from approximately 2008 - 2009 but is not certain of those dates.  At this location, Ms. Giuffre lived with Robert Giuffre.

- 50 Robertson Road, Basshill, NSW, but is not certain of the date.  At this location, Ms. Giuffre lived with Robert Giuffre.

- 50 Bundeena Rd., Glenning Valley, NSW from approximately 2009 - 2013 but is not certain of those dates.  At this location, Ms. Giuffre lived with Robert Giuffre.

- 5035 Winchester Drive, Titusville, FL from approximately November 6, 2013 to 2014 but is not certain of those dates.  At this location, Ms. Giuffre lived with Robert Giuffre.

- 1270 J. Street, Penrose, CO 81240, from approximately 2014 – 2015. At this location Ms. Giuffre lived with Robert Giuffre.

2.      Identify any email address, email account, cellphone number and cellphone provider, social media account and login or screen name, text or instant messaging account name and number, that You have used, applied for or been supplied between 1998 and the present.

**Response to Interrogatory No. 2**

Ms. Giuffre objects to this request in that it violates Rule 33.3.  Ms. Giuffre objects to this request in that it is overly broad and seeks information solely to harass and intimidate Ms. Giuffre.

For the period of 1998 to the present Ms. Giuffre provides the following information. During the time period that she was sexually trafficked by Jeffrey Epstein and the defendant, the defendant provided Ms. Giuffre with a cellphone so that she could be reached by the Defendant and Jeffrey Epstein at any time.  Defendant is in possession of the information relating to this cellphone that she provided to Ms. Giuffre. Ms. Giuffre is responding with the information she can presently recall, but to the extent she obtains additional information she will supplement this response.  Ms. Giuffre's e-mail address is robiejennag@y7mail.com.  She can recall having the following cell numbers (321) 271-4948, +61414651273, 0407.433.252.  Ms. Giuffre had a Facebook account for a short time but it is no longer active. Per our representations during the

March 21, 2015 meet and confer phone call, we are working diligently to find information to supplement the above information, and once that information is obtained, Plaintiff will serve supplemental responses.

3.      Identify each attorney who has represented you from 1998 to the present, the dates of any such representation, and the nature of the representation.

**Response to Interrogatory No. 3**

Ms. Giuffre objects to this interrogatory as it seeks privileged information relating to her representation by attorneys.  Ms. Giuffre responds that she has been represented by the following attorneys: Bob Josefsberg and members of his firm; Stan Pottinger, Brad Edwards from Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.; Paul Cassell, a Professor of Criminal Law at the S.J. Quinney College of Law at the University of Utah; David Boies, Sigrid McCawley, and other attorneys and staff at Boies Schiller & Flexner LLP.

4.      Identify each Communication, including the transmission of any Document, that You or Your Attorneys have had with any local, state or federal law enforcement agent or agency, whether in the United States or any other country, whether in Your capacity as a purported victim, witness, or perpetrator of any criminal activity, and whether as a juvenile or as an adult, including without limitation:

        a.      the date of any such Communication;

        b.      the form of any such Communication, whether oral or written and if written, the format of any such Communication;

        c.      the identities of all persons involved in the Communication, including the identity of the law enforcement agency with whom the agent is or was affiliated;

d.    the case number associated with any such Communication;

e.    the subject matter of any such Communication;

f.    the disposition of any case associated with any such Communication, irrespective of whether the matter was sealed, expunged or later dismissed.

**Response to Interrogatory No. 4**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3.  Ms. Giuffre objects to this interrogatory in that it seeks protected information regarding confidential investigations.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.  Ms. Giuffre objects to the extent this seeks information regarding sexual assaults that occurred prior to her involvement with the Defendant and Jeffrey Epstein. Ms. Giuffre responds as follows: Ms. Giuffre met with the FBI on or about March 17, 2011. Ms. Giuffre also corresponded with Maria Villafano from the U.S. Attorney's office and that correspondence has been produced.  As to other investigations by law enforcement, Ms. Giuffre objects as this seeks information covered by the public interest privilege.

5.    Identify each Communication that You or Your Attorneys have had with any author, reporter, correspondent, columnist, writer, commentator, investigative journalist, photojournalist, newspaper person, freelance reporter, stringer, or any other employee of any media organization or independent consultant to the same, including:

a.    the date of any such Communication;

b.    the form of any such Communication, whether oral or written and if written, the format of any such Communication;

    c.    the identities of all persons involved in such Communication, including the identity of the media organization with whom the agent is or was affiliated;

    d.    the article title, date of publication, and means of publication of any article, report, or re-printing of any such Communication made by You or Your Attorneys;

    e.    the amount of Income that You and/or Your Attorneys received in exchange for any such Communication;

    f.    the dates on which You and/or Your Attorneys received any such Income for any such Communication.

**Response to Interrogatory No. 5**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege. Ms. Giuffre objects in that this request is overly broad and unduly burdensome.

6.    Identify any "false statements" attributed to Ghislaine Maxwell which were "published globally, including within the Southern District of New York" as You contend in paragraph 9 of Count 1 of Your Complaint, including:

    a.    the exact false statement;

    b.    the date of its publication;

    c.    the publishing entity and title of any publication containing the purportedly false statement;

    d.    the URL or internet address for any internet version of such publication; and

    e.    the nature of the publication, whether in print, internet, broadcast or some other form of media.

## Response to Interrogatory No. 6

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege. Ms. Giuffre further objects because the information requested above is in the possession of Defendant who has failed to comply with her production obligations in this matter.

7.    State whether You believe that You have ever been defamed by anyone other than Ghislaine Maxwell. If so, as to each alleged act of Defamation, state

    a.    the exact false statement;

    b.    the date of its publication;

    c.    the publishing entity and title of any publication containing the purportedly false statement;

    d.    the URL or internet address for any internet version of such publication; and

    e.    the nature of the publication, whether in print, internet, broadcast or some other form of media.

## Response to Interrogatory No. 7

Ms. Giuffre objects to this request in that it violates Local Rule 33.3. Ms. Giuffre objects to this request in that it seeks information protected by the attorney client and work product

privileges.  Ms. Giuffre objects to this interrogatory in that it is not limited in time or to the subject nature of this litigation.

8.      Identify the individuals referenced in Your pleadings filed in the U.S. District Court for the Southern District of Florida, *Jane Doe 1 and Jane Doe 2 v. United States of America*, 08-cv-80736-KAM, as the "high-profile non-party individuals" to whom Mr. Jeffrey Epstein sexually trafficked You, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," including as to each episode of alleged sexual trafficking:

  a.      the date of any such sexual trafficking;

  b.      the location of any such sexual trafficking;

  c.      any witnesses to any such sexual trafficking;

  d.      any Income You received in exchange for such sexual trafficking; and

  e.      any Documents You have to support or corroborate Your claim of such sexual trafficking.

**<u>Response to Interrogatory No. 8</u>**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege. Additionally, Ms. Giuffre objects to this interrogatory because naming some such individuals would jeopardize her physical safety based on credible threats to the same. Ms. Giuffre refers to the list of witnesses identified in her Revised Rule 26 Disclosures.

9.      Identify any Employment You have had from 1996 until the present, including

without limitation, the name of Your employer or the name of any Person who engaged You for such Employment, the address and telephone number for any such Employment, the beginning and ending dates of any such Employment, Your job title in such Employment, and Your Income from such Employment.

**Response to Interrogatory No. 9**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.   Ms. Giuffre objects to this request in that it is overly broad and unduly burdensome, and seeks information that is not relevant to this case.

10.     Identify any Income from any source other than Your Employment that You have received from January 1, 1996 until the present, including the Person or entity providing such Income, the amount of the Income, the dates on which any such Income was received, and the nature of the Income, whether a loan, investment proceeds, legal settlement, asset sale, gift, or other source.

**Response to Interrogatory No. 10**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3.   Ms. Giuffre objects to this request in that it is overly broad and seeks confidential financial information.  Ms. Giuffre objects to this interrogatory in that it seeks information covered by confidentiality provisions.   Ms. Giuffre objects to this information in that any payment information for the sexual trafficking she endured at the hands of Jeffrey Epstein and Ghislaine Maxwell is in the possession, custody and control of the Defendant and Jeffrey Epstein.

Ms. Giuffre is in possession of a responsive document that contains a confidentiality provision.  If Defendant obtains, and produces to Ms. Giuffre, a written waiver from her co-conspirator, Mr. Epstein, of the confidentiality provision, freeing Ms. Giuffre from any liability whatsoever under the confidentiality provision, she will produce the document.

11.     Identify any facts upon which You base Your contention that You have suffered as a result of the Alleged Defamation by Ghislaine Maxwell "past and future lost wages and past and future loss of earning capacity and actual earnings – precise amounts yet to be computed, but not less than $5,000,000."

**Response to Interrogatory No. 11**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects to this interrogatory in that it prematurely seeks expert witness disclosures.  Ms. Giuffre incorporates by reference herein her Revised Rule 26 disclosures, which includes her computation of damages.

12.     Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, that You suffered from subsequent to any Alleged Defamation by Ghislaine Maxwell, including:

a.     the Health Care Provider's name, address, and telephone number;

b.     the type of consultation, examination, or treatment provided;

c.     the dates You received consultation, examination, or treatment;

d.     whether such treatment was on an in-patient or out-patient basis;

e.     the medical expenses to date;

f.     whether health insurance or some other person or organization or entity has paid for the medical expenses; and

g.     for each such Health Care Provider, please execute the medical and mental

health records release attached hereto as Exhibit A.

**Response to Interrogatory No. 12**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre

objects to this request in that it is overbroad and seeks confidential medical information of a sex

abuse victim and is not limited in scope to the issues in this case Ms. Giuffre objects in that it

seeks information protected by the attorney-client privilege, the attorney work product privilege,

joint defense/common interest privilege, the public interest privilege, and any other applicable

privilege.

13.     Identify any Health Care Provider from whom You received any treatment for any

physical, mental or emotional condition, including addiction to alcohol, prescription or illegal

drugs, that You suffered from prior to the Alleged Defamation by Ghislaine Maxwell, including:

a.     the Health Care Provider's name, address, and telephone number;

b.     the type of consultation, examination, or treatment provided;

c.     the dates You received consultation, examination, or treatment;

d.     whether such treatment was on an in-patient or out-patient basis;

e.     the medical expenses to date;

f.     whether health insurance or some other person or organization or entity

has paid for the medical expenses; and

g.     For each such Health Care Provider, please execute the medical and mental

health records release attached hereto as Exhibit A.

**Response to Interrogatory No. 13**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim and is not limited in scope to the issues in this case.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, and any other applicable privilege.   Ms. Giuffre objects to this request in that it is not limited in scope to the medical information relating to the abuse she suffered from Defendant and Jeffrey Epstein.

14.    Identify any Person who You believe subjected You to, or with whom You engaged in, any illegal or inappropriate sexual contact, conduct or assault prior to June 1999, including the names of the individuals involved, the dates of any such illegal or inappropriate sexual contact, conduct or assault, whether Income was received by You or anyone else concerning such event, whether a police report was ever filed concerning such event and the outcome of any such case, as well as the address and location of any such event.

**Response to Interrogatory No. 14**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim. Ms. Giuffre objects to this request in that it seeks sexual assault information for a period prior to the sexual abuse at issue in this matter for a period when she was a minor child from the time Ms. Giuffre was born until she was 15.  Ms. Giuffre objects to this request in that it is sought solely to harass, and intimidate Ms. Giuffre who is a victim of sexual abuse by the defendant.

## REQUESTS FOR PRODUCTION

1.      **All Communications and Documents identified in Interrogatories 1-14, above**.

## Response to Request No. 1

Ms. Giuffre objects to this request in that Defendant's interrogatories violate Local Rule 33.3. Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.  Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly burdensome, incorporating the interrogatories that total 59 subparts, and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Giuffre objects to this request in that it seeks to invade the privacy rights of a sex abuse victims, and is meant for the improper purpose of harassing and intimidating this victim.

Subject to and without waving the above objections, Ms. Giuffre is withholding production of documents that are privileged pursuant to the attorney-client privilege, the work product privilege, and the public interest privilege. Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children.

Subjection to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request limited to documents that do not depict images of her minor children as described *supra* and will continue to supplement her production.

2.      **All Documents reviewed or relied upon in answering Interrogatory Nos.**

**1-14 above.**

<u>**Response to Request No. 2**</u>

Ms. Giuffre objects to this request in that defendant's interrogatories violate Local Rule

33.3.  Ms. Giuffre objects to this request in that it seeks information that is protected by the

attorney client, work product, and public interest, and other applicable privileges.  Ms. Giuffre

objects to this request in that it is overly broad incorporating the interrogatories that total 59

subparts.  Ms. Giuffre objects to this request in that it seeks to invade the privacy rights of a sex

abuse victims and is meant for the improper purpose of harassing and intimidating this victim.

Subject to and without waving the above objections, Ms. Giuffre is withholding

production of documents that are privileged pursuant to the attorney-client privilege, the work

product privilege, and the public interest privilege. Ms. Giuffre is also withholding electronic

renditions of photographs that depict the faces of her minor children, including school portraits

and other photographs taken that reveal the faces of her minor children.

Subjection to and without waiving the above objections, Ms. Giuffre has already

produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce

non-privileged documents responsive to this Request limited to documents that do not depict

images of her minor children as described *supra* and will continue to supplement her production.

3.      **All Documents from any law enforcement agency, whether local, state or**

**federal, whether in the United States or elsewhere, which concern or relate to You in any**

**way.  These Documents should include, without limitation, any witness statements,**

**including statements made by You.**

<u>**Response to Request No. 3**</u>

Ms. Giuffre objects to this request in that it seeks information that is protected by the attorney client, work product, public interest privilege and other applicable privileges. Ms. Giuffre objects to this request in that it is not limited in time period.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request and will continue to supplement her production. Ms. Giuffre is withholding documents that concern or relate to any currently ongoing investigation by any law enforcement agency under the public interest privilege and other applicable privileges.

**4.      All Documents reflecting any letter of engagement, any fee agreement, or any other type of writing reflecting an engagement of any attorney identified in response to Interrogatory No. 3.**

<u>**Response to Request No. 4**</u>

Ms. Giuffre objects to this request in that it seeks information that is protected by the attorney client, work product, joint defense and other applicable privileges.  Ms. Giuffre is withholding documents based on this objection. Specifically, Ms. Giuffre is withholding documents reflecting the engagements between herself and her attorneys she has engaged in relation to the above-captioned action and other actions as those documents involve privileged communications.

**5.      All Documents relating to any Communications occurring from 1998 to the present with any of the following individuals or with their attorneys, agents or representatives:**

      **a.      Jeffrey Epstein;**

    **b.**    **Ghislaine Maxwell**

    **c.**    **Any witness disclosed in Plaintiff's Rule 26(a) disclosures;**

    **d.**    **Any witness identified by You in response to Interrogatory No. 8 and No. 14;**

    **e.**    **Sky Roberts;**

    **f.**    **Lynn Roberts;**

    **g.**    **Kimberley Roberts;**

    **h.**    **Daniel LNU, half-brother of Plaintiff;**

    **i.**    **Carol Roberts Kess;**

    **j.**    **Philip Guderyon;**

    **k.**    **Anthony Valladares;**

    **l.**    **Anthony Figueroa;**

    **m.**    **Ron Eppinger**

**<u>Response to Request No. 5</u>**

Ms. Giuffre objection to this request on the grounds that it is overly broad and unduly burdensome, particularly as it seeks documents relating to over 60 individuals, and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects because compliance with this request is unduly burdensome.  Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre.  Ms. Giuffre objects to this request to the

extent is seeks documents protected by the attorney client, work product, joint defense, public interest or any other applicable privilege. Ms. Giuffre objects to this request in that it is sought solely to harass and intimidate Ms. Giuffre, and invade her privacy, by seeking her private communications with her various family members, including aunts, uncles and parents and siblings.

Subject to and without waving the above objections, Ms. Giuffre is withholding production of documents that are privileged pursuant to the attorney-client privilege, the work product privilege, and the public interest privilege. Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children.

Subjection to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request limited to documents that do not depict images of her minor children as described *supra* and will continue to supplement this production.

**6.      All photographs or video containing any image of You and the following individuals.  To the extent You have such photographs and video in their original, native format, please produce them in that format (not a paper copy).**

       **a.      Ghislaine Maxwell**

       **b.      Alan Dershowitz**

       **c.      Jeffrey Epstein**

       **d.      Andrew Albert Christian Edward, the Duke of York (aka Prince Andrew)**

       **e.      Ron Eppinger**

> **f.   Bill Clinton**
>
> **g.   Stephen Hawking**
>
> **h.   Al Gore**
>
> **i.   Any of the individuals identified by You in response to Interrogatory No. 8 and No. 14.**

**Response to Request No. 6**

Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request and will continue to supplement her production. Ms. Giuffre does not have "original, native format," as requested so she is producing the paper copies she has in her possession, custody and control.

7.   **All photographs and video of You in any of Jeffrey Epstein's properties, including, but not limited to: his home in Palm Beach, Florida; his home in New York City, New York; his ranch in Santa Fe, New Mexico; and Little Saint James Island in the U.S. Virgin Islands. To the extent You have such photographs and video in their original, native format, please produce them in that format (not a paper copy).**

**Response to Request No. 7**

Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce documents responsive to this Request and will continue to supplement her production. Ms. Giuffre does not have "original, native format," as requested so she is producing the paper copies she has in her possession, custody and control. The Defendant has documents responsive to this request that she should produce.

8.     **All photographs or video of You in any of Ms. Maxwell's properties, including her home in London, England and her home in New York City, New York. To the extent You have such photographs or video in their original, native format, please produce them in that format (not a paper copy).**

**Response to Request No. 8**

Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce

non-privileged documents responsive to this Request and will continue to supplement her production. Ms. Giuffre does not have "original, native format," as requested so she is producing the paper copies she has in her possession, custody and control. The Defendant has documents responsive to this request that she should produce.

9.    **Any Documents reflecting rental agreements or purchase agreements for the residential addresses identified by You in response to Interrogatory No. 1**.

**Response to Request No. 9**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this request in that it seeks confidential financial information that is irrelevant to this action.  Ms. Giuffre objects to this request to the extent is seeks documents protected by the attorney client, work product, joint defense, public interest or any other applicable privilege.  Ms. Giuffre objects to this request in that the information regarding rental agreements for the apartments that Defendant and Jeffrey Epstein rented for her are in the Defendant's possession, control and custody.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement this production.

10.    **All Documents relating to Your Employment and/or association with the Mar-a-Lago Club located in Palm Beach, Florida, including any application for Employment**.

**Response to Request No. 10**

Ms. Giuffre objects to this request to the extent is seeks documents protected by the attorney client, work product, joint defense, public interest or any other applicable privilege.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement this production.

**11.      Any Document reflecting any confidentiality agreement by and between, or concerning, You and the Mar-a-Lago Club.**

**Response to Request No. 10**

Ms. Giuffre objects to this request to the extent is seeks documents protected by the attorney client, work product, joint defense, public interest or any other applicable privilege.

Ms. Giuffre has been unable to locate any such documents.

**12.      All Documents concerning any Employment by You from 1998 to the present or identified by You in response to Interrogatory No. 9, including any records of Your Employment at the Roadhouse Grill in Palm Beach, Florida.**

**Response to Request No. 12**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this request to the extent is seeks documents protected by the attorney client, work product, joint defense, public interest or any other applicable privilege.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement this production.

**13.     All Documents concerning any allegations of theft by You from the Roadhouse Grill in Palm Beach, Florida from 1999 – 2002.**

**Response to Request No. 13**

Ms. Giuffre objects to this request in that it seeks information solely to harass, embarrass, and intimidate Ms. Giuffre.  Ms. Giuffre objects to this request to the extent is seeks documents protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, public interest privilege, and any other applicable privilege. Ms. Giuffre objects to this request in that it wrongfully characterizes a "theft by You".  Ms. Giuffre objects to this request as it seeks documents of sealed juvenile records, and the only means of obtaining such records are either through court order or illegal means.

Ms. Giuffre has been unable to locate any such documents.

**14.     A copy of Your federal, state or local tax returns for the years 1998 to the present, whether from the United States or any other country.**

**Response to Request No. 14**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this request in that it seeks confidential financial information that is irrelevant to this action. Ms. Giuffre objects to this request in that it seeks financial information from her when she was a

minor child starting at age 14.  Ms. Giuffre objects in that it seeks information protected by the

attorney-client privilege, the attorney work product privilege, joint defense/common interest

privilege, the accountant client privilege, and any other applicable privilege.

Subject to and without waiving the above objections, Ms. Giuffre has already produced

documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-

privileged documents responsive to this Request, and will continue to supplement this

production.

**15.    All Documents concerning Your attendance at or enrollment in any**

**school or educational program of whatever type, from 1998 to the present**.

<u>**Response to Request No. 15**</u>

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly

burdensome and calls for the production of documents that are irrelevant to this action and not

reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this

request to the extent is seeks documents protected by the attorney-client privilege, the attorney

work product privilege, joint defense/common interest privilege, the public interest privilege, and

any other applicable privilege.  Ms. Giuffre objects to this request in that her school records from

when she was a minor child are an invasion of privacy, and sought only to harass and embarrass

her.

Subject to and without waiving the above objections, Ms. Giuffre has already produced

documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-

privileged documents responsive to this Request, and will continue to supplement this

production.

16.     **Any diary, journal or calendar concerning Your activities between 1996 –**
**2002.**

**Response to Request No. 16**

Ms. Giuffre objections to this Request on the grounds that the time period is overly

broad and calls for the production of documents that are irrelevant to this action and not

reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects

to this request to the extent it seeks proprietary and copyright protected materials.  Ms.

Giuffre objects in that it seeks information protected by the attorney-client privilege, the

attorney work product privilege, joint defense/common interest privilege, and any other

applicable privilege.  Ms. Giuffre objects to this request in that it seeks highly personal

and sensitive material from a time when she was being sexually trafficked.

Ms. Giuffre has been unable to locate any such documents.

17.     **All Documents relating to Your travel from the period of 1998 to the**
**present, including, but not limited to a copy of Your passport that was valid for any**
**part of that time period, any visa issued to You for travel, any visa application that**
**You prepared or which was prepared on Your behalf, and travel itinerary, receipt, log,**
**or Document (including any photograph) substantiating Your travel during that time**
**period.**

**Response to Request No. 17**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly

burdensome and calls for the production of documents that are irrelevant to this action and not

reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects in that

it seeks information protected by the attorney-client privilege, the attorney work product

privilege, joint defense/common interest privilege, and any other applicable privilege.  Ms. Giuffre objects to this request in that it is overly broad and not limited to travel records relevant to the abuse she suffered.  Ms. Giuffre objects to this request in that it seeks information that is wholly irrelevant to this lawsuit.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement this production.  Per the agreements made in the March 21, 2016 meet and confer, we will attempt to locate and make copies of Plaintiff's current passport book.

**18.    All Documents showing any payments or remuneration of any kind made by Jeffrey Epstein or any of his agents or associates to You from 1999 until the present.**

**Response to Request No. 18**

Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.

At this point in time, Ms. Giuffre has been unable to locate any such documents, but continues to search for responsive documents.

19.     Any Document reflecting a confidentiality agreement, settlement agreement, or any contractual agreement of any kind, between You and Jeffrey Epstein, or any attorneys for You and/or Mr. Epstein.

**Response to Request No. 19**

Ms. Giuffre objects to this request in that the documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.  Ms. Giuffre is in possession of a responsive document that contains a confidentiality provision.  As discussed during the March 21, 2016 meet and confer, If Defendant obtains, and produces to Ms. Giuffre, a written waiver from her co-conspirator, Mr. Epstein, of the confidentiality provision, releasing Ms. Giuffre from any liability whatsoever under the confidentiality provision, she will produce the document.

20.     Any Document reflecting Your intent, plan or consideration of, asserting or threatening a claim or filing a lawsuit against another Person, any Document reflecting such a claim or lawsuit, including any complaint or draft complaint, or any demand for consideration with respect to any such claim or lawsuit against any Person.

**Response to Request No. 20**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms.

Giuffre objects to this request to the extent is seeks documents protected by the attorney

client, work product, joint defense or any other applicable privilege.  Ms. Giuffre objects

because this request is overly broad and unduly burdensome in that it seeks wholly privileged

communications from other cases the logging of which on a privilege log would be unduly

burdensome.  As such, Ms. Giuffre is providing categorical privilege entries relating to those

matters.

At this point in time, Ms. Giuffre has not found any non-privileged documents

responsive to this request, but continues to search for responsive documents.

**21.     All Documents relating to Your driver's license from 1998 – 2002.**

<u>**Response to Request No. 21**</u>

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly

burdensome and calls for the production of documents that are irrelevant to this action and not

reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this

request in that documents responsive to this request are within the possession, custody and

control of the defendant and Jeffrey Epstein for whom she claims a joint defense privilege and

defendant has refused to produce responsive documents.

At this point in time, Ms. Giuffre has not found any documents responsive to this request,

but continues to search for responsive documents.

**22.     A copy of Your marriage license(s) from 1999 to the present.**

<u>**Response to Request No. 22**</u>

Ms. Giuffre objections to this Request on the grounds that it is irrelevant to this action

and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre

objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, and any other applicable privilege.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this request, and will continue to supplement this production.

23.     **All documents concerning Your naturalization application to Australia from 1999 to the present.**

**Response to Request No. 23**

Ms. Giuffre objections to this Request on the grounds that it is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, and any other applicable privilege.

Ms. Giuffre has been unable to locate any such documents.

24.     **All Documents concerning Your Employment in Australia, including, but not limited to employment applications, pay stubs, Documents reflecting Your Income including any tax Documents.**

**Response to Request No. 24**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this request in that it seeks confidential financial information Ms. Giuffre objects to this request to the extent is seeks documents protected by the attorney client, work product, joint defense, or

any other applicable privilege.  Ms. Giuffre objects to this request in that it seeks overly broad

financial information not tailored to the sexual abuse and defamation issues in this case.

Subject to and without waiving the above objections, Ms. Giuffre has already produced

documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-

privileged documents responsive to this request, and will continue to supplement this production.

**25.     All Documents concerning any massage therapist license obtained by**
**You, including any massage therapy license issued in the United States, Thailand and/or**
**Australia**.

**Response to Request No. 25**

Ms. Giuffre objects to this request in that documents responsive to this request are

within the possession, custody and control of the defendant and Jeffrey Epstein for whom

she claims a joint defense privilege and defendant has refused to produce responsive

documents.  Ms. Giuffre objects in that it seeks information protected by the attorney-client

privilege, the attorney work product privilege,  and any other applicable privilege.

At this point in time, Ms. Giuffre has not found any non-privileged documents

responsive to this request, but continues to search for responsive documents.

**26.     All Documents concerning any prescription drugs taken by You,**
**including the prescribing doctor, the dates of said prescription, and the dates of any**
**fulfillment of any such prescription**.

**Response to Request No. 26**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and

unduly burdensome and calls for the production of documents that are irrelevant to this

action and not reasonably calculated to lead to the discovery of admissible evidence. Ms.

Giuffre objects to this request in that it is not limited in date range in any way; therefore if she was on a prescription drug **when she was 2 years old**, she would have to produce that document.  Ms. Giuffre also objects to this request in that it is not limited to prescription drugs she has taken as a result of the abuse she endured. Ms. Giuffre objects to this request to the extent it seeks confidential medical records that are not relevant to this action. Ms. Giuffre objects to this request to the extent is seeks documents protected by the attorney client, work product, or any other applicable privilege.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and is producing non-privileged documents responsive to the Request limited to documents relating to prescription drugs relating to her treatment for sexual abuse she suffered at the hands of the Defendant and Jeffrey Epstein, and relating to conditions or symptoms arising after Defendant's defamatory statement, and will continue to supplement this production.

27.    **All Documents, written or recorded, which reference by name, or other description, Ghislaine Maxwell.**

<u>Response to Request No. 27</u>

Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.  Ms. Giuffre objects to this request to the extent it seeks proprietary or copyright protected materials.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-

privileged documents responsive to this Request, and will continue to supplement her

production.

**28.    All Documents reflecting notes of, or notes prepared for, any**

**statements or interviews in which You referenced by name or other description,**

**Ghislaine Maxwell.**

**Response to Request No. 28**

Ms. Giuffre objects in that it seeks information protected by the attorney-client

privilege, the attorney work product privilege, joint defense/common interest privilege,

the public interest privilege, and any other applicable privilege.  Ms. Giuffre objects to

this request to the extent it seeks proprietary or copyright protected materials.

At this point in time, Ms. Giuffre has not found any non-privileged documents

responsive to this request, but continues to search for responsive documents.

**29.    All Documents concerning any Communications by You or on Your behalf**

**with any media outlet, including but not limited to the *Daily Mail, Daily Express,* the**

***Mirror, National Enquirer, New York Daily News, Radar Online,* and the *New York Post,***

**whether or not such communications were "on the record" or "off the record."**

**Response to Request No. 29**

Ms. Giuffre objects in that it seeks information protected by the attorney-client

privilege, the attorney work product privilege, and any other applicable privilege.  Ms.

Giuffre objects to this request to the extent it seeks proprietary or copyright protected

materials.

Subject to and without waiving the above objections, Ms. Giuffre has already

produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will

produce non-privileged documents responsive to this Request, and will continue to supplement her production.

**30.     All Documents concerning any Income received by You from any media outlet in exchange for Your statements (whether "on the record" or "off the record") regarding Jeffery Epstein, Alan M. Dershowitz, Prince Andrew, Bill Clinton or Ghislaine Maxwell or any of the individuals identified by You in response to Interrogatory Nos. 8 and 14.**

<u>**Response to Request No. 30**</u>

Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, and any other applicable privilege.  Ms. Giuffre objects to this request to the extent it seeks proprietary or copyright protected materials.  Ms. Giuffre objects to this request in that it seeks confidential financial information.

 Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement her production.

**31.     All Documents concerning any actual or potential book, television or movie deals concerning Your allegations about being a sex slave, including but not limited to a potential book by former New York Police Department detective John Connolly and writer James Patterson.**

<u>**Response to Request No. 31**</u>

Ms. Giuffre objects in that it seeks information protected by the attorney-client

privilege, the attorney work product privilege, and any other applicable privilege.  Ms.

Giuffre objects to this request to the extent it seeks proprietary or copyright protected

materials.  Ms. Giuffre objects to this request in that it seeks confidential financial

information.

Subject to and without waiving the above objections, Ms. Giuffre has already

produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will

produce non-privileged documents responsive to this Request, and will continue to

supplement her production.

**32.     All manuscripts and/or other writings, whether published or unpublished,
created in whole or in part by or in consultation with You, concerning, relating or
referring to Jeffrey Epstein, Ghislaine Maxwell or any of their agents or associates**.

**Response to Request No. 32**

Ms. Giuffre objects in that it seeks information protected by the attorney-client

privilege, the attorney work product privilege, and any other applicable privilege.  Ms.

Giuffre objects to this request to the extent it seeks proprietary or copyright protected

materials.  Ms. Giuffre objects to this request in that it seeks confidential financial

information.

Subject to and without waiving the above objections, Ms. Giuffre has already

produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will

produce non-privileged documents responsive to this Request, and will continue to

supplement her production.

33.     **All Documents concerning or relating to Victims Refuse Silence, the organization referred to in the Complaint, including articles of incorporation, any financial records for the organization, any Income You have received from the organization, and any Documents reflecting Your role within the organization or any acts taken on behalf of the Organization**.

**Response to Request No. 33**

Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, and any other applicable privilege.  Ms. Giuffre objects to this request to the extent it seeks proprietary or copyright protected materials.  Ms. Giuffre objects to this request in that it seeks confidential financial information.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement her production.

34.     **To the extent not produced in response to the above list of requested Documents, all notes, writings, photographs, and/or audio or video recordings made or recorded by You or of You at any time that refer or relate in any way to Ghislaine Maxwell**.

**Response to Request No. 34**

Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein for whom she claims a joint defense privilege and defendant has refused to produce responsive documents.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work

product privilege, and any other applicable privilege.  Ms. Giuffre objects to this request to the extent is seeks proprietary and copyright protected material.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement her production.

**35.     All phone records, including text messages, emails, social media Communications, letters or any other form of Communication, from or to You or associated with You in any way from 1998 to the present, which concern, relate to, identify, mention or reflect Ghislaine Maxwell, Jeffrey Epstein, Alan Dershowitz, Prince Andrew, Bill Clinton, or any of the individuals identified in response to Interrogatory Nos. 8 and 14**.

**Response to Request No. 35**

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this request to the extent it seeks documents from "anyone associated with you" as that is vague and ambiguous.  Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein for whom she claims a joint defense privilege and defendant has refused to produce responsive documents. Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, the public interest privilege, and any other applicable privilege.

Ms. Giuffre objects to this request to the extent is seeks proprietary and copyright protected material.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement her production. While Ms. Giuffre has produced her documents, Ms. Giuffre's response does not include documents "from anyone associated with you" based on the above referenced objection.

**36.    All Documents relating to massages, including but not limited to any Documents reflecting the recruiting or hiring of masseuses, advertising for masseuses, flyers created for distribution at high schools or colleges, and records reflecting e-mails or calls to Persons relating to massages**.

<u>**Response to Request No. 36**</u>

Ms. Giuffre objections to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this request in that it is not time limited in any way.  Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein for whom she claims a joint defense privilege and defendant has refused to produce responsive documents.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, public interest privilege, and any other applicable privilege.

Ms. Giuffre has been unable to locate any such documents.

37.     Statements or records from any bank into which You deposited money received from Jeffrey Epstein, any Person identified in Interrogatory No. 8 or 14, any witness disclosed in Your Rule 26(a) disclosures, any media organization or any employee or affiliate of any media organization.

**Response to Request No. 37**

Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.  Ms. Giuffre objects to this request in that it seeks personal financial information. Ms. Giuffre objects to this request in that it is overly broad as it has no time limitation.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce non-privileged documents responsive to this Request, and will continue to supplement her production.

Dated: March 22, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
 Sigrid McCawley (Pro Hac Vice)
 Boies Schiller & Flexner LLP
 401 E. Las Olas Blvd., Suite 1200
 Ft. Lauderdale, FL 33301
 (954) 356-0011

 David Boies
 Boies Schiller & Flexner LLP
 333 Main Street
 Armonk, NY 10504

Ellen Brockman
Boies Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 22, 2016, I electronically served *Plaintiff Virginia Giuffre's*

*Amended Supplemental Responses and Objections to Defendant's First Set of Discovery*

*Requests* on the following:

Laura A. Menninger, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com

Jeffrey S. Pagliuca, , Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: jpagliuca@hmflaw.com

By:  /s/ Sigrid McCawley_____
     Sigrid McCawley