**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

## PLAINTIFF, VIRGINIA GIUFFRE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

BOIES, SCHILLER & FLEXNER LLP

David Boies
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Ellen Brockman
Boies, Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

# **TABLE OF CONTENTS**

Page

I.     PRELIMINARY STATEMENT ....................................................................1

II.    ARGUMENT ............................................................................................4

    A.    Ms. Giuffre Has Stated, With Specificity, All Documents She
        Is Withholding ...............................................................................4

    B.    Execution of Discovery Responses ....................................................7

    C.    Ms. Giuffre Has Disclosed Her Address ...........................................7

    D.    Ms. Giuffre's Substantive Objections Are Proper...............................8

        1.    Ms. Giuffre's Claims Of Privilege Are Appropriate .......................9

        2.    Ms. Giuffre's Claims Of Attorney-Client Privilege, Work Product
               Privilege, and Common Interest Privilege Are Appropriate, And
               Defendant's Argument On This Point Is Meritless ........................11

        3.    Ms. Giuffre Is Not Withholding Information Based on Confidentiality,
               Proprietary Rights, Or Their Sensitive Nature ..............................13

        4.    Ms. Giuffre Is Not Withholding Copyright Or Proprietary Materials............13

        5.    Names Of High Profile Individuals ..............................................13

            a.    Defendant's Interrogatory No. 8 Has Been Deemed Improper
                  Under Local Rule 33.3...................................................13

            b.    Ms. Giuffre Has Not Located Any "Diaries Or Journals," And
                  She Has Produced Travel Logs And Passports .....................14

        6.    Ms. Giuffre Is Not Withholding Any Copyright, Proprietary, Or
               Confidential Material...................................................................15

        7.    Ms. Giuffre Is Withholding Her Confidential Settlement Agreement
               With Her Abuser and Convicted Sex Offender, Jeffrey Epstein, And
               Ms. Giuffre Is Withholding Her Deposition Transcript That A Judge
               Has Ordered To Be Sealed .........................................................15

        8.    Ms. Giuffre Has Provided Medical Records And Has Requested, In
               Writing And Paying Applicable Fees, That Her Medical Providers Turn
               Over Her Medical Records ..........................................................16

9.   Ms. Giuffre Has Provided Documents Concerning Her Employment History, Education History, And Earning Capacity..................19

10.   Ms. Giuffre Has Provided All Documents Concerning "Selling Information" And Payments Received By The Media ...................20

11.   This Court Has Ruled That Ms. Giuffre Is Not Required To Answer Interrogatories That Violate Local Rule 33.3 ..................20

12.   Ms. Giuffre's Answers Are Not "Evasive" Or "Improper"............................20

13.   Ms. Giuffre Has Produced Documents In Her Possession, Custody, And Control .....................21

14.   Ms. Giuffre Has Not Refused To Produce Any Documents On The Grounds That They Are Available From Another Source .............................22

15.   Defendant's Interrogatories Are Improper Under Local Rule 33.3................22

16.   Defendant Is Not Entitled To Attorneys' Fees ................................22

CONCLUSION ..................................................23

# <u>TABLE OF AUTHORITIES</u>

Page

## <u>Cases</u>

*Cirale v. 80 Pine St. Corp.*,
  316 N.E. 2d 301 (1974) ................................................................................................10

*C.K. Indus. Corp. v. C.M. Indus. Corp.*,
  213 A.D.2d 846, 623 N.Y.S.2d 410 (1995)..............................................................12

*Evanko v. Electronic Systems Assoc., Inc.*,
  No. 91 CIV. 2851, 1993 WL 14458 (S.D.N.Y. Jan. 8, 1993) ..................................18

*In re World Trade Ctr. Bombing Litig.*,
  93 N.Y.2d 1, 709 N.E.2d 452 (1999) .......................................................................11

*Kiobel v. Royal Dutch Petroleum Co.*,
  No. 02CIV.7618(KWK)(HBP), 2009 WL 4279421 (S.D.N.Y. Dec. 1, 2009) .........19

*Kunstler v. City of New York*,
  No. 04CIV1145(RWS)(MHD), 2006 WL 2516625 (S.D.N.Y. Aug. 29, 2006) ......22

*Labarbera v. Ulster Cty. Soc'y for Prevention of Cruelty to Animals*,
  716 N.Y.S.2d 421 (N.Y. App. Div. 2000)............................................................10, 11

*Liveperson, Inc. v. 24/7 Customer, Inc.*,
  No. 14CIV 1559 (RWS), 2015 WL 4597546 (S.D.N.Y. July 30, 2015)..................22

*Manessis v. New York City Dep't of Transp.*,
  No. 02 CIV 359SASDF, 2002 WL 31115032 (S.D.N.Y. Sept. 24, 2002) ...............18

*Moore v. Publicis Groupe*,
  287 F.R.D. 182, 188 (S.D.N.Y. 2012).......................................................................19

*People v. Ellis*,
  397 N.Y.S.2d 541 (N.Y. Sup. Ct. 1977)....................................................................12

*Pugliese v. United Techs. Corp.*,
  No. 3:06CV1013 (AVC), 2007 WL 3124726 (D. Conn. Oct. 23, 2007) ..........8, 9, 21

*Sgambellone v. Wheatley*,
  630 N.Y.S.2d 835 (N.Y. Sup. Ct. 1995).....................................................................18

*Shannon v. New York City Transit Auth.*,
  No. 00 Civ. 5079, 2001 U.S. Dist. LEXIS 3162 (S.D.N.Y. Mar. 22, 2001) ............22

*Wachtman v. Trocaire College*,
    532 N.Y.S.2d 943(N.Y. App. Div. 998).................................................................................18

**<u>Statutes</u>**

S.D.N.Y. Local Rule 33.3..............................................................................................*passim*

Federal Rule of Civil Procedure 26 ..............................................................................*passim*

**<u>Other</u>**

1 Modern New York Discovery § 23:38 ................................................................................10

7 Carmody-Wait 2d, New York Practice § 42:178 ...............................................................10

Plaintiff Virginia L. Giuffre, by and through her undersigned counsel, respectfully submits this Response in Opposition to Defendant's Motion to Compel [D.E. 75]. For the reasons set forth below, this Court should deny Defendant's Motion to Compel in its entirety, and grant Ms. Giuffre's fees incurred in replying to this frivolous motion.

## I.   PRELIMINARY STATEMENT

Before this Court is yet another one of Defendant's attempts to avoid her deposition. "Defendant further requests the Court to . . . Ordering [sic] that Ms. Maxwell's deposition shall not be held until Plaintiff has complied with the Court's Order."[1] Defendant's Motion to Compel ("MTC") at 25. Defendant's Motion to Compel is a transparent attempt to manufacture discovery deficiencies where there are none, in order to deflect attention away from Defendant's own bad faith discovery conduct. Ms. Giuffre has produced over 4,274 pages of documents to date in this case and Defendant has produced **_two emails_**.[2] Indeed, in light of this Court's strong words at the hearing on March 17, 2016--that the parties should work together to resolve discovery disputes-- Ms. Giuffre made every effort to expedite her discovery production, incurring great expense in doing so. Moreover, during the nearly two hour meet and confer call with the Defendant's Counsel, Ms. Giuffre's counsel made numerous concessions and agreements to produce and revise her discovery responses in order to avoid further burdening the Court with unnecessary motion practice. Defendant's counsel, on the other hand, apparently did not even bother to review Ms. Giuffre's second document production before filing yet another frivolous discovery motion, seeking the same documents Ms. Giuffre previously produced to Defendant. If they had reviewed

---

[1] As the Court knows, Maxwell's deposition has been scheduled 4 times and Ms. Giuffre even took the extraordinary measure of providing Defendant with a list of documents that will be used at Defendant's deposition to avoid any issue with her deposition proceeding the week of April 18, 2016 as the Court directed.

[2] On March 17, 2016 the Court granted Ms. Giuffre's Motion to Compel in part, yet to date, Defendant has still not produced any additional documents.

Ms. Giuffre's document production, they would know that the documents that they are claiming have been "withheld" have in fact been produced.

Ms. Giuffre **has produced** the following non-privileged[3] documents:

- Ms. Giuffre **has produced** her communications with journalists, media organizations and publishers.  She has not withheld this information despite Defendant's false assertion.  Rather, she produced those documents. These produced documents include copyright protectable material, and they were labeled as such upon production to protect her copyright interest.

- Ms. Giuffre **has produced** employment information, including job applications, job certificates, draft resumes, tax returns and other employment related documents.  Ms. Giuffre did not withhold this information despite Defendant's false assertion.

- Ms. Giuffre **has produced** information regarding income from various sources and has provided copies of her tax returns.[4]

- Ms. Giuffre **has produced** documents she has from her treating physicians and has separately requested records from those physicians for which she is awaiting the responses. She has requested the records in writing and paid any applicable fees for the release of the records.

- Ms. Giuffre has not responded to certain of Defendant's interrogatories as they violate Local Rule 33.3 as previously briefed for the Court [D.E. 68 & 70].  The Court denied Defendant's Motion with respect to their interrogatories at the hearing on March 24, 2016, and permitted Defendant to re-file as to specific interrogatories.

  o  Specifically the Court ruled: "I think that I am going to deny the motion to compel answers to the [sic -defendant's] interrogatories except insofar as the plaintiff has indicated that she is compliant and is going to comply.  However, I recognize that this method of making decisions is not quite as desirable as it is if we had you physically present here.  So, I will grant leave to the defense, *if there are particular interrogatories that you feel are critical to you* within the time frame which we will discuss in a few moments, I grant leave for you to submit any additional materials and I think that submission should be on the schedule that we have already determined with respect to the privilege issues, that is, by March 31st."  *See* McCawley Decl. at Exhibit 1, March 24, 2016

---

[3] To be absolutely clear – "non-privileged" documents means that the 153 log entries on Ms. Giuffre's privilege log are privileged documents that she has withheld because they were responsive to Defendant's discovery requests but are privileged. This is a common phrase used in discovery responses and is, indeed, the **exact phrase** used by Defendant, yet they somehow feign confusion.

[4] Ms. Giuffre has only withheld "income" information that relates to her settlement with Jeffrey Epstein because it contains a confidentiality clause with a penalty provision.  Ms. Giuffre informed Defendant that if Defendant would obtain a waiver of the confidentiality clause from Jeffrey Epstein, with whom Defendant has a joint defense agreement, then Ms. Giuffre will gladly turn over that information.

Hr'g Tr.  Instead, Defendant ignored the Court's direction and re-filed this Motion to Compel as to all of Defendant's interrogatories to Ms. Giuffre.

- Ms. Giuffre has produced over *4000 pages* of discovery to date and Ms. Giuffre has specifically stated which documents she is withholding.

Out of the thirty nine requests propounded by Defendant, **Ms. Giuffre is only withholding the following documents**:

- Pictures of Ms. Giuffre's minor children;

- Documents relating to on-going criminal investigations by law enforcement relating to Defendant's conduct;

- Retention agreements containing the details of Ms. Giuffre's relationships with her lawyers that Ms. Giuffre's counsel contends are protected by the attorney-client and work product privileges;

- Documents relating to prescriptions and medical records that are unrelated to defamation and the sexual abuse she endured during the time she was with Jeffrey Epstein and the Defendant.  Defendant's request was so broad, unlimited at all in time and scope, that it would cover a prescription Ms. Giuffre received when she was two years old.  Nonetheless, Ms. Giuffre did agree to produce medical records she has from the period of 1999 – 2002.

- A sealed deposition transcript from the case of *Edwards/Cassell v. Dershowitz*, case number CACE 15-000072 (05), pending before Judge Lynch in the Seventeenth Judicial Circuit, Broward County, Florida. Ms. Giuffre did provide a copy of the seal Order.

- Confidential Settlement Agreement with Jeffrey Epstein that contains a penalty provision if Ms. Giuffre discloses the amount in the agreement. Ms. Giuffre agreed during the meet and confer that if Defendant could obtain a waiver from her joint defense party Jeffrey Epstein, Ms. Giuffre will gladly turn over the document.

- Documents relating to any sexual abuse that occurred prior to the time Ms. Giuffre was abused by Jeffrey Epstein and Ghislaine Maxwell.[5]

The above list is the entire universe of documents Ms. Giuffre has withheld from production in response to Defendant's over-broad and over-reaching discovery requests.  As such,

---

[5] Request for Production No. 1 seeks documents relating to Defendant's Interrogatory No. 14.  Ms. Giuffre contends that Interrogatory No. 14 violates Local Rule 33.3, but in an abundance of caution, wants to make clear to the Court that she is withholding documents that relate to sexual abuse she suffered as a minor child, prior to being abused by Defendant and Jeffrey Epstein.

the documents in that list are the only documents that could possibly be in controversy in this

Motion to Compel.

## II.     <u>ARGUMENT</u>

### A.     <u>Ms. Giuffre Has Stated, With Specificity, All Documents She Is Withholding</u>

Ms. Giuffre has not only complied with Rule 26 by disclosing the requests for which she is

withholding documents, but she has gone above and beyond that requirement by identifying and

specifying exactly what documents she is withholding:

- "Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children." Supplemental Responses and Objection at 18.

- "Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children." *Id*. at 19.

- "Ms. Giuffre is withholding documents that concern or relate to any currently ongoing investigation by any law enforcement agency under the public interest privilege and other applicable privileges". *Id*. at 20.

- "Specifically, Ms. Giuffre is withholding documents reflecting the engagements between herself and her attorneys she has engaged in relation to the above-captioned action and other actions as those documents involve privileged communications." *Id*. at 20.

- "Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children." *Id*. at 22.

- "Ms. Giuffre is in possession of a responsive document that contains a confidentiality provision. As discussed during the March 21, 2016 meet and confer, If Defendant obtains, and produces to Ms. Giuffre, a written waiver from her co-conspirator, Mr. Epstein, of the confidentiality provision, releasing Ms. Giuffre from any liability whatsoever under the confidentiality provision, she will produce the document." *Id*. at 31.

- "Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and is producing non-privileged documents responsive to the Request limited to documents relating to prescription drugs relating to her

> treatment for sexual abuse she suffered at the hands of the Defendant and Jeffrey
> Epstein, and relating to conditions or symptoms arising after Defendant's
> defamatory statement, and will continue to supplement this production." *Id*. at 35.

Accordingly, it is disingenuous for Defendant to suggest that she does not know what

documents are being withheld.  With Ms. Giuffre's level of specificity (a level of specificity

completely lacking from Defendant's Responses),[6] describing the exact documents Ms. Giuffre is

withholding, Defendant's claim that she "has no way of knowing if Ms. Giuffre is purposefully

withholding responsive documents, or if documents will be produced in the future in the rolling

production" is entirely without merit.  MTC at 7.  Defendant knows exactly which documents are

being withheld and why.

Ms. Giuffre has complied with Rule 34, and Defendant's highlighting of the Advisory

Committee Notes, requiring that a party "identify documents withheld," merely shines light upon

what Defendant failed to do. Defendant states she is withholding documents, but nowhere states

what documents she is withholding, and Ms. Giuffre is left to guess.  By contrast, Ms. Giuffre

enumerates the documents she is withholding, as quoted above.

Defendant states that the process of a rolling production "compounds" this alleged

"problem."  All civil discovery productions are "rolling" until the close of discovery because Rule

26 requires a continuing duty to search and supplement with responsive documents.  Indeed,

Defendant's own production is also a "rolling" one, per this Court's March 17, 2016 Order at the

hearing of the same day, compelling Defendant to produce documents.  Despite this Court

overruling numerous objections brought by Defendant, including her objection on the self-serving

selection of dates from which to produce documents, Defendant has not yet turned over ***a single***

---

[6] Notably, Defendant was not nearly as specific in her Responses and Objections. Instead, Defendant merely stated she was "withholding documents" without identifying what type of documents she is withholding, with one exception. *See* McCawley Decl. at Exhibit 2, Defendant's Responses and Objections to Plaintiff's First Request for Production at 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16.

*additional document*.  Therefore, to date, Defendant has failed to produce documents this Court has required her to produce.[7]

Ms. Giuffre and her counsel have expended considerable resources, time, and money in order to make a substantial production of records going back decades and reaching into all aspects of Ms. Giuffre's life in six weeks.  By contrast, Defendant has taken *5 months* to produce exactly *two emails* to Ms. Giuffre, even after this Court's direction to produce more.  Indeed Ms. Giuffre's Counsel has conducted a reasonable inquiry to locate documents that may be responsive to Defendant's over-broad requests.  Nearly 200 broadly-drafted search terms have been run over Ms. Giuffre's electronically stored information (ESI) collected from her computer and email.  Counsel has also searched through, and produced from, Ms. Giuffre's hard-copy documents, as well as Ms. Giuffre's Counsel's hard copy documents.  Ms. Giuffre has signed medical release forms in order to produce provider records held by third-parties, and has produced medical provider records that were in the custody of third-parties.  Ms. Giuffre has maintained an ongoing search and effort to find any responsive document that may exist, in satisfaction of her discovery obligations.

Despite all this, Defendant now comes before the Court with a motion to compel Ms. Giuffre to produce documents based on frivolous claims and manufactured issues.  The following is a great example of Defendant meritless, manufactured, and "gotcha-type" discovery arguments.

Defendant states, "Plaintiff disclosed an email between her and a member of the media . . . [t]hat emails shows that it has an attachment, which has not been produced." MTC at 7.  This is not correct.  The email, referenced by Bates number in Defendant's Declaration, is

---

[7] Indeed, it is Ms. Giuffre, who does not know at this point, what documents Defendant is still withholding and what documents Defendant will eventually produce pursuant to this Court's Order.  Moreover, Ms. Giuffre does not know whether Defendant will even comply with that order and produce any additional documents, since, to date, Defendant has not even acknowledged her obligation to produce more than two documents, let alone informed Ms. Giuffre when the documents will be produced, despite Ms. Giuffre's requests for such information.  *See* McCawley Decl. at Exhibit 3, March 28, 2016 Correspondence from Sigrid McCawley.

GIUFFRE003714.  *See* McCawley Decl. at Exhibit 4, GIUFFRE003714.  This document does not have an attachment.  Therefore, no attachment to this document was produced.  Indeed the text of the chain itself establishes that Ms. Giuffre was unable to open the attachment.  Nevertheless, to avoid any issues, upon receiving Defendant's Motion, Ms. Giuffre has had her discovery management company Rational Retention, retrieve the attachment to an email within the chain in GIUFFRE003714, which was a picture, and Ms. Giuffre immediately produced it to Defendant.[8]

### B.   Execution of Discovery Responses

Here, Defendant raises another meritless argument.  Defendant issued Interrogatories in violation of Local Rule 33.3 and Ms. Giuffre objected on that basis.  Defendant's Interrogatories did not include a signature page, and Ms. Giuffre's Counsel returned responses to the Interrogatories without Ms. Giuffre's signature.  Defendant's Counsel raised this issue at the March 21, 2016 meet and confer.  Counsel for Ms. Giuffre stated that she would obtain a signature page.  Pursuant to that agreement, Ms. Giuffre's Counsel created a Declaration, sent it to Ms. Giuffre, whereupon she executed it.  The Declaration was served upon Defendant.  This is a good example of the frivolous nature of Defendant's Motion to Compel as Ms. Giuffre's Counsel agreed to provide the signature.  But, again, such an issue is moot because Defendant is in possession of Ms. Giuffre's signature.

### C.   Ms. Giuffre Has Disclosed Her Address

Defendant asserts yet another meritless argument by claiming that Ms. Giuffre has not disclosed her address.  First, it is noteworthy that while Defendant complains that Ms. Giuffre provided her counsel's address rather than Ms. Giuffre's personal address, Defendant did the exact same thing.  Ms. Giuffre initially provided her Counsel's address as her contact information

---

[8] Had Defendant's Counsel obeyed this Court's order, and raised this issue in a meet-and-confer, Counsel for Ms. Giuffre would have been more than happy to make efforts to try to electronically retrieve the information.  But, instead, counsel for Ms. Giuffre first learned there may be an issue related to GIUFFRE003714 upon receiving Defendant's Motion to Compel.

because she had received credible threats to her safety and was concerned about revealing her

location.  After conferring with Defendant where they committed to keep the address information

confidential and not reveal it to convicted sex offender Jeffrey Epstein or anyone other than

counsel of record, Ms. Giuffre agreed to disclose her current location and has provided that

information to the Defendant.  Despite Ms. Giuffre's counsel's commitment to confer with her

client and try to reach agreement on this disclosure, Defendant filed a Motion to Compel on this

issue.

### D.  Ms. Giuffre's Substantive Objections Are Proper

Here, Defendant's argument is without merit because Ms. Giuffre is not withholding

documents based on the overwhelming majority of the objections about which Defendant

complains.[9]  While Defendant can *dislike* the objections raised by Ms. Giuffre under Rule 26,

disliking those objections is not grounds for bringing a motion to compel, and Defendant cites no

authority in support of her argument.  A motion to compel may only be brought to compel

documents or information being withheld, and a party's objections are only relevant if a document

is being withheld based upon such objections. *See Pugliese v. United Techs. Corp.*, No.

3:06CV1013 (AVC), 2007 WL 3124726, at *3 (D. Conn. Oct. 23, 2007) (denying motion to

---

[9] This argument also cannot be taken at face value because Defendant, herself, makes the same objections. Compare Defendant's Responses and Objections to Ms. Giuffre's Responses and Objections:

Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiving the above objections, Ms. Maxwell is withholding documents outside of the Relevant Periods described in paragraph 15, *supra*, and is withholding production of documents that are privileged pursuant to a common interest agreement. Defendant's Responses and Objections at 4.

Ms. Giuffre object[s] to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects to this request to the extent it seeks documents protected by the attorney client, work product, joint defense, public interest or any other applicable privilege. Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE003190, and will produce nonprivileged documents responsive to this Request, and will continue to supplement this production.  Plaintiff's Amended Supplemental Responses and Objections at 26-27.

compel and stating: "[t]he defendant does not purport to withhold responses or documents on the basis of its objections").

As in *Pugliese*, Ms. Giuffre does not purport to withhold responsive documents on the basis of the vast majority of the objections with which Defendant takes issue. Therefore, Defendant's arguments concerning objections upon which Ms. Giuffre is **<u>not</u>** withholding documents are without merit.

For example, Ms. Giuffre is not withholding any documents based on "proprietary," "copyright" and "confidentially" objections. Indeed, Ms. Giuffre produced these documents and Defendant has been in possession of Ms. Giuffre's proprietary and copyright protected material. Additionally, Ms. Giuffre is not withholding any documents based on any "privacy" objection.[10] Indeed, she has produced her financial information (including tax returns), employment information (including drafts of resumes), and medical information (including extensive medical provider files).

Again, the only documents Ms. Giuffre is withholding are the ones listed above. This Court should note that Defendant, also, produced her two documents, and included the same "*notwithstanding* the objections" language that Ms. Giuffre used. Accordingly, Defendant is seeking no relief under this "argument" concerning improper objections, and she is entitled to none. Because Ms. Giuffre has produced documents *notwithstanding* her objections, Defendant's arguments about Ms. Giuffre's objections are largely moot, except for those few objections concerning documents that are *actually* being withheld, as explained in fuller detail below.

1. <u>Ms. Giuffre's Claims of Privilege are Appropriate</u>

Defendant asserts that Ms. Giuffre's "most confounding" basis for withhold documents is the public interest privilege. This privilege was asserted by Ms. Giuffre with respect to documents

---

[10] Notably, Defendant objects to the production of documents based upon "Defendant's right to privacy" in response to Request Nos. 3, 8, 15, 16, 20, 21, 22, 23, 24, and 39.

relating to any law enforcement investigations regarding the Defendant.  Obviously, revealing confidential law enforcement investigations can impede an investigation.  Defendant does not deny that this privilege exists.  She argues, however, that this privilege can only be asserted by public agencies, such as law enforcement agencies.

The Defendant's own cited New York case, however, recognizes that the public interest privilege attaches not only to confidential communications between public officers," but also "to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged."  *Cirale v. 80 Pine St. Corp.*, 35 N.Y.2d 113, 117, (N.Y. 1974); *accord* 1 Modern New York Discovery § 23:38 (2d ed. updated through Aug. 2015) ("The public interest privilege extends to confidential communications made to public officers in the performance of the officers' duties, and for which disclosure would harm the public interest by removing the protection afforded by confidentiality."); 7 Carmody-Wait 2d, New York Practice § 42:178 ("A public-interest privilege, which permits appropriate parties to protect information from ordinary disclosure, inheres in certain confidential communications in the care and custody of governmental or private entities, where the public interest requires that such confidential communications or their sources should not be divulged.").  Of course, if Defendant could not obtain the same information from the law enforcement agency itself, the Defendant should not be permitted to make an "end run" around that prohibition by seeking the same information from the crime victim herself.

In applying the public interest privilege, this Court must balance competing concerns. "Since the term 'public interest' is flexible, a judicial determination must be made on the specific facts of each case to determine if sufficient potential harm to the public interest exists to render the privilege operable."  *Labarbera v. Ulster Cty. Soc'y for Prevention of Cruelty to Animals*, 716 N.Y.S.2d 421, 422 (N.Y. App. Div. 2000) (citing  *Cirale*, 316 N.E.2d 301)).  In making that

determination, the Court "must balance the harmful effect of disclosure to the public interest against the injury imposed on the party seeking the confidential information by nondisclosure. If disclosure would be more harmful to the public interest than nondisclosure is to the party seeking the information, disclosure must be denied." *Labarbera*, 716 N.Y.S.2d at 422.

Here, the balance of interest tips decisively against forcing Ms. Giuffre to disclose any communications with law enforcement regarding any on-going investigation of the Defendant. Defendant cannot show any significant reason for needing that information.  And, weighed against that non-existent need, the ability of the law enforcement agency to conduct its investigation unimpeded may be impaired if Ms. Giuffre is forced to disclose the information.

Ms. Giuffre can immediately provide clear evidence to this Court of how the investigation would be impaired if the Court directs her to make an *in camera* submission to this Court.  In evaluating the competing interests, it is clear that this Court is entitled to receive an *in camera* submission.  *See, e.g., In re World Trade Ctr. Bombing Litig.*, 93 N.Y.2d 1, 8, 709 N.E.2d 452, 456 (1999) ("Whether the [public interest] privilege attaches in a particular setting is a fact-specific determination for a fact-discretion weighing court, operating in camera, if necessary"(emphasis added)).  Accordingly, if the Court needs further information to sustain her claim of privilege, Ms. Giuffre respectfully requests leave to make an *in camera* submission regarding the law enforcement inquiry that is currently underway and how disclosure might compromise that investigation.[11]

> 2. Ms. Giuffre's Claims of Attorney-Client Privilege, Work Produce Privilege, and Common Interest Privilege are Appropriate, and Defendant's Argument on this Point is Meritless

Defendant argues that if she has Ms. Giuffre's retainer agreements, her counsel "will be able to identify significant numbers of documents on Ms. Giuffre's privilege log unjustifiably

---

[11] These documents are referenced on Ms. Giuffre's supplemental privilege log.

withheld." MTC at 12.  This statement makes no sense, and there is no explanation for it in Defendant's brief. Neither is there any supporting case law, nor any hint as to which documents, in "significant numbers," are wrongly withheld.

Indeed, all the attorneys on Ms. Giuffre's privilege log are known by Defendant to represent her (and at the very least, known to work at the law firms of the attorneys known to represent her). Additionally, along with production of her Privilege Log, Ms. Giuffre provided Defendant with a master document identifying every individual who appears on the privilege log. That master document explains who they are, what position they hold, what law firm they are with (if applicable), and that they represent (or represented) Ms. Giuffre.  *See* McCawley Decl. at Exhibit 5, "Identification Information from Privilege Log for Plaintiff's First Production ("Privilege Log IDs")."

Moreover, most of these attorneys are counsel of record for publicly filed actions, and most of the remainder represented Ms. Giuffre against convicted sex offender, Jeffrey Epstein, with whom Defendant has a joint defense agreement.  Therefore, there is no credible basis for Defendant to claim that retention agreements would somehow disqualify communications with Ms. Giuffre's attorneys from being privileged.

Additionally, as Defendant is well aware, an executed agreement is not necessary for the formation of the attorney-client relationship to which the attorney-client privilege attaches.  *See C.K. Indus. Corp. v. C.M. Indus. Corp.*, 213 A.D.2d 846, 848, 623 N.Y.S.2d 410, 411 (1995) ("Since formality is not essential to the formation of the contract, it is necessary to look to the words and actions of the parties to ascertain if an attorney-client relationship was formed"); *People v. Ellis*, 91 Misc. 2d 28, 35, 397 N.Y.S.2d 541, 545 (Sup. Ct. 1977) ("In determining whether a lawyer has entered the proceedings "mechanical" and "arbitrary" requirements should be avoided.").  Accordingly, retainer agreements are ***not***, contrary to Defendant's assertion,

"necessary to test the validity of the information that has been withheld as privileged," as they are not necessary for the formation of an attorney-client relationship.  Defendant is simply wrong on the law here.

### 3.   Ms. Giuffre is not withholding information based on confidentiality, proprietary rights, or their sensitive nature.

As stated above, last month, Ms. Giuffre produced her copyright protected material as well as any material that is "sensitive," to use Defendant's term.  Indeed, Ms. Giuffre has produced her copyright protected material, her communications with journalists and literary agents, and her documents concerning her charity, Victims Refuse Silence.  Additionally, Ms. Giuffre has produced her personal healthcare files, private communications with family members, and manifold categories of other personal documents.  Because Ms. Giuffre is not withholding documents on these grounds, and because Ms. Giuffre has already produced these documents, Defendant's arguments on all of these points are baseless.

### 4.   Ms. Giuffre is not withholding copyright or proprietary materials

This argument is baseless: Ms. Giuffre has produced to Defendant this material, and stamped the documents "copyright protected material" and/or "confidential" as necessary. Ms. Giuffre is not withholding any material based on these objections.

### 5.   Names of High Profile Individuals

#### a.   Defendant's Interrogatory No. 8 has been deemed Improper under Local Rule 33.3.

As explained above, Defendant did not limit its request to the Court to compel the response to a particular Interrogatory, and, instead, even after the Court denied the Interrogatories during the Motion for Protective Order hearing, again asks the Court to require Ms. Giuffre to respond to "all" the interrogatories, even though they clearly violate Local Rule 33.3. MTC at 25.  Pursuant to this Court's March 24, 2016 ruling, quoted, *supra*, and pursuant to Local Rule 33.3, Ms. Giuffre

is not responding at this point to Interrogatories propounded in violation of Local Civil Rule 33.3. Despite this Court's adverse ruling on Defendant propounding these Interrogatories in the March 24, 2016, hearing, Defendant persists in seeking responses to all of them.  With respect to Interrogatory No. 8, Defendant is seeking information regarding the activities of sexual trafficking.  Defendant has scheduled Ms. Giuffre for a deposition in that matter.  The local rule makes clear that this type of information is supposed to be obtained through depositions and documents as an initial matter.  This Court has already ruled against Defendant on this issue, and styling the request as a motion to compel this time, instead of a motion for a protective order, should not disturb this Court's ruling on this issue.

        b.  Ms. Giuffre Has Not Located any "Diaries or Journals," and she has produced travel "logs" and passports

Ms. Giuffre is **_not_** refusing to produce diaries, journals, or travel logs. This argument is patently false. A document in Ms. Giuffre's handwriting was published by The Daily Mail. Despite the fact that counsel for Ms. Giuffre has already explained to counsel for Defendant **_multiple times_** that the hand-written document was not a diary, but, instead, Ms. Giuffre's statements, created for the publication, written at the behest of and in the presence of a journalist, and then **_retained by_** the publisher, Defendant is still convinced that some "diary" exists in Ms. Giuffre's possession. It does not. Again, to repeat what was explained in the March 21, 2016, meet and confer, the journalist writing the article for the Daily Mail requested that Ms. Giuffre hand-write certain statements about her sexual abuse in order for those hand-written statements to be photographed and printed with the article. The journalist and publisher kept, in their possession, the only copy of these hand-written statements. Ms. Giuffre has not been able to locate any "journal" or "diary." Therefore, Ms. Giuffre is not withholding such documents.

With respect to travel logs, Ms. Giuffre has produced flight logs as travel information that she has from the time period she was with Jeffrey Epstein. She also produced her travel

information that she had when Jeffrey Epstein and the Defendant sent her to Thailand.  In addition to that, Ms. Giuffre has produced other travel records that exist, and these include multiple itineraries for trips she took over the last decade. Regarding her passport, Ms. Giuffre has produced documents concerning her passport that exist, including the production of every page (including front and back cover) of her current passport.

The bottom line is, Ms. Giuffre is **_not_** refusing production of documents that contain "highly personal information and sensitive material from a time when she was being sexually trafficked." No documents are being withheld on this ground. Again, the only documents being withheld are those listed in the preliminary statement. Accordingly, this argument is wholly without merit.

> 6.   Ms. Giuffre is not withholding any copyright, proprietary, or confidential material

As Ms. Giuffre has explained this, *supra*, she is not withholding any such document. This argument is baseless because Ms. Giuffre has produced those documents, stamped as "confidential" or "copyright protected material" as necessary.

> 7.   Ms. Giuffre is withholding her Confidential Settlement Agreement with Her Abuser and Convicted Pedophile, Jeffrey Epstein, and Ms. Giuffre is withholding her deposition transcript that a judge has Ordered Sealed.

On page 16 of her brief, Defendant has finally lit upon two documents that Ms. Giuffre is actually withholding from production.  Regarding the Settlement Agreement with Jeffrey Epstein, in 2009, Jeffrey Epstein entered into settlement agreements with many of his underage sex abuse victims.  Ms. Giuffre was among them.  Ms. Giuffre's Settlement Agreement with Jeffrey Epstein contains a confidentiality agreement with a penalty clause. Ms. Giuffre has told Defendant, and wrote in her responses and objections, that she is willing to produce the Settlement Agreement and all documents concerning the Settlement Agreement if Defendant gets a waiver of liability from Jeffrey Epstein for its disclosure. Defendant has a joint defense agreement with Jeffrey Epstein

and is in recent contact with him (as shown from her 2015 communications with him in her privilege log).  Presumably, it would be no trouble for Defendant to procure such a waiver from her joint defense partner.  Ms. Giuffre has no obligation to produce a Confidential Settlement Agreement, particularly a Settlement Agreement entered into with a litigious criminal that contains a penalty clause. Accordingly, without a waiver of liability for its disclosure, Ms. Giuffre is withholding the Settlement Agreement.

Judge Lynch, the presiding judge in *Edwards and Cassell v. Dershowitz*, 15-000072, in the Seventeenth Judicial Circuit in and for Broward County, Florida has Ordered that Ms. Giuffre's deposition in that matter be kept confidential and filed only under seal. Judge Lynch issued a protective order sealing the deposition and quashed portions of the subpoena. *See* McCawley Decl. at Exhibit 6, January 12, 2016 Protective Order. The Court specifically sealed the deposition transcript of this sex abuse victim and ordered it could not be publicly disclosed. Defendant has made no effort at this time to appear before Judge Lynch and argue that she should be entitled to the sealed transcript.

> 8. <u>Ms. Giuffre has provided medical records and has requested, in writing and paying applicable fees, that her medical providers turn over her medical records.</u>

Defendant wrongly contends that she is entitled to all medical information from Ms. Giuffre.  MTC at 23-24.  Indeed, Defendant's request for all of Ms. Giuffre's prescriptions for her entire life is not limited in time or scope at all, and, therefore, this request is invalid on its face under Rule 26.

Defendant seeks all of Ms. Giuffre's "medical and mental health treatment history" for her entire life, related to every conceived ailment, without qualification whatsoever. *See* Defendant's Request No. 26: "All Documents concerning any prescription drugs taken by You, including the prescribing doctor, the dates of said prescription, and the dates of any fulfillment of any such prescription." Naturally, Defendant cites no case law in any of her briefs supporting her

unjustifiable proposition that she is entitled to all of Ms. Giuffre's medical treatment, even that which is wholly unrelated to the claims and issues in this case, such as treatment for colds or a childhood case of chickenpox. Defendant is not entitled to such discovery, as described more fully below. This is not a "privacy" issue, as Defendant tries to frame it,[12] but, instead, it is a relevancy issue and an undue burden issue.

Rule 26 does not allow Defendant wholly irrelevant discovery, such as treatment for the chickenpox as a child. Rule 26 does not allow discovery that is so burdensome as to require a Sisyphean effort by an adult to track down every possible prescription ever written for her, even as a small child. If such documents are not yielded in a "reasonable inquiry," Ms. Giuffre is not obligated to expend all of her time and resources on a fruitless quest to gather medical files from her birth to the present to find any prescriptions ever written for her for anything at all. Defendant can make unreasonable requests, but they, still, only entitle her to reasonable responses under the Rules. Defendant's brazen request for a lifetime of medical records, on its face, fails on both relevancy and burden grounds under Rule 26, and, therefore this request should be denied.

Ms. Giuffre has made clear throughout these proceedings (for example, during a March 21, 2016, meet-and-confer conference call) that she will produce all medical records relating to her sexual abuse at the hands of Epstein and Defendant, as well as all records relating to her injuries from the defamation. Additionally, Ms. Giuffre will produce all medical records (without limitation) she has from the time that she was with Epstein for the period of 1999 - 2002.

In light of these stipulations by Ms. Giuffre, most of Defendant's motion to compel is beside the point.  Defendant cites a handful of cases that have allowed discovery of pertinent medical records.  But Defendant fails to recognize the broader principle at play, which is that courts remain empowered to limit medical record discovery to information pertinent to the case.

---

[12] Again, though Defendant's motion complains extensively about Ms. Giuffre's mention of privacy in her objections, Defendant makes the exact same objection based upon "privacy" in response to Ms. Giuffre's Requests Nos. 3, 8, 15, 16, 20, 21, 22, 23, 24, and 39.

*See, e.g., Manessis v. New York City Dep't of Trans*p., No. 02 CIV. 359SASDF, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (concluding that "ability to pursue discovery regarding [plaintiff's] medical records should be limited in some manner"); *Evanko v. Electronic Systems Assoc., Inc.*, No. 91 Civ. 2851, 1993 WL 14458 at *2 (S.D.N.Y. Jan. 8, 1993) (applying the New York state physician-patient privilege, and holding that where plaintiff claimed that she suffered emotional distress, defendants did not have "a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress," including plaintiff's medical records); *Wachtman v. Trocaire College*, 532 N.Y.S.2d 943, 944 (N.Y. App. Div. 1988) (holding that the scope of a waiver of the physician-patient privilege in personal injury cases is "limited and does not permit discovery of information involving unrelated illnesses and treatment"); *Sgambellone v. Wheatley*, 165 Misc.2d 954, 958, 630 N.Y.S.2d 835, 838 (N.Y. Sup.Ct. 1995) (holding that in a personal injury action, plaintiff's waiver of the physician-patient privilege "is not a wholesale waiver of all information about the plaintiff's entire physical and mental conditions but a waiver *only* of the physical and/or mental condition that is affirmatively placed in controversy") (emphasis in original).  The limitations that Ms. Giuffre has proposed regarding production of her medical records fit comfortably within the limits recognized by these cases. Accordingly, the Court should deny the motion to compel further production of extraneous medical records.

Indeed, Defendant's arguments regarding Ms. Giuffre's medical records are largely moot. Ms. Giuffre has provided extensive medical records from the time when Defendant was sexually abusing and trafficking her, including records related to her sexual abuse in which both Defendant and Jeffrey Epstein were present for her admission to the hospital.  Ms. Giuffre has disclosed her providers' names and contact information. Moreover, she has sent written requests to her providers, paid the fees associated with copying her files, and is awaiting her providers' responses.

Ms. Giuffre contends that medical records that predate Defendant and her co-conspirator's sexual abuse, and medical records that have nothing to do with Defendant and her co-conspirator's sexual abuse or Defendant's subsequent defamation, are not relevant to this litigation. She claims no damages based upon them, and Defendant merely seeks them to annoy, embarrass, and oppress Ms. Giuffre through such a fishing expedition. Defendant has not shown good cause why, for example, she is entitled to discovery on the medical treatment for a prescription relating to a common cold. The fact is, she is not entitled to such discovery, and none of the cases she cites say otherwise.

9.   Ms. Giuffre has provided documents concerning her employment history, education history, and earning capacity

Ms. Giuffre is not withholding documents concerning her "employment history, education history, or earning capacity," and she has produced her responsive documents. Ms. Giuffre has satisfied her requirement to a reasonable search for such documents. *See* Fed. R. Civ. P. 26(g)(1) (requiring discovery responses to be "to the best of the person's knowledge, information, and belief formed after a reasonably inquiry."). *See also Moore v. Publicis Groupe*, 287 F.R.D. 182, 188 (S.D.N.Y. 2012), *adopted sub nom. Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012) ("Rule 26(g)(1)(B) . . . does not call for certification that the discovery response is 'complete,' but rather incorporates the Rule 26(b)(2)(C) proportionality principle."); *Kiobel v. Royal Dutch Petroleum Co.*, No. 02CIV.7618(KWK)(HBP), 2009 WL 4279421, at *2 (S.D.N.Y. Dec. 1, 2009) ("An attorney's inquiry satisfies Rule 26(g) if it was objectively reasonable under the circumstances. In making this inquiry, an attorney may rely, when appropriate, on representations by his client or communications with other counsel involved in the case.") (internal citations omitted).

Ms. Giuffre is not required, as Defendant suggests, to travel or track down any schools or employers with whom she has ever been associated to search for records that may or may not

exist, and Defendant cites no authority whatsoever that would require Ms. Giuffre to do so. Ms. Giuffre produced the school records she has.  Indeed, Defendant is in possession of what educational certificates Ms. Giuffre has as well as drafts of resumes, both from the document production, and detailed statements about earning capacity from the Rule 26 disclosures. Accordingly, Ms. Giuffre has neither refused to produce nor failed to produce documents concerning these requests. As such, Defendant's argument is baseless.

10. <u>Ms. Giuffre has provided all documents concerning "selling information" and payments received by the media</u>

Ms. Giuffre is not withholding any such documents and she has produced such documents. These include bank statements reflecting payments from media as well as communications with members of the media discussing payments. Accordingly, Defendant's argument is baseless.

11. <u>This Court has Ruled that Ms. Giuffre is not required to Answer Interrogatories that Violate Local Rule 33.3</u>

Defendant argues that Ms. Giuffre refuses to answer her Interrogatory No. 7, seeking information relating to possible other acts of defamation. As this Court has ruled, that interrogatory is improper under Rule 33.3, and therefore, Ms. Giuffre does not have to respond to that Interrogatory. Defendant then argues that Ms. Giuffre "refuses to . . . provide information regarding any other defamation claims she has or is considering making" pursuant to Defendant's Request No. 20. MTC at 21. Ms. Giuffre has already responded: "At this point in time, Ms. Giuffre has not found any non-privileged documents responsive to this request, but continues to search for responsive documents." (Plaintiff's Amended Supplemental Responses and Objection at 32.) That answer has not changed despite the empty claims in Defendant's motion to compel.

12. <u>Ms. Giuffre's answers are not "evasive" or "improper"</u>

As this Court ruled in the March 24, 2016 hearing, Defendant's Interrogatories are improper.  Accordingly, Defendant's arguments regarding Ms. Giuffre's responses to them are

moot. Additionally, Ms. Giuffre adopts and incorporates the legal brief on Local Civil Rule 33.3 made in her Opposition to Defendant's Motion for a Protective Order (DE 70).

For the few Interrogatories Defendant served that might be deemed proper under Local Rule 33.3, Ms. Giuffre provided answers in order to avoid unnecessary Court intervention. Defendant argues that Ms. Giuffre's listing of the places she has lived is flawed because it is made "to the best of her recollection." MTC at 21. Since 1998, when Ms. Giuffre was 14 years old, Ms. Giuffre has had seventeen different residences that she can remember, several of which were the various residences in which Defendant and Jeffrey Epstein kept her as a minor child. She listed 16 in her Answer and provided her current address confidentially. These 17 addresses and their corresponding dates were ascertained after a reasonable inquiry. Defendant has wholly failed to make any showing that the exact day and time of each of her changes in residence are required or relevant. Tellingly, Defendant makes no request for relief with this "argument."

13. Ms. Giuffre has produced documents in her possession, custody, and control

Ms. Giuffre, does not have any documents concerning any criminal charges filed against her. Defendant's counsel knows this from the March 21, 2016, meet and confer. If such documents exist, and Defendant has them in her possession, custody or control, Defendant should have produced them to the Ms. Giuffre with her Rule 26 disclosures. Defendant's wild speculation that Ms. Giuffre's attorneys have these documents when they have informed during the meet and confer that they are unaware of any documents of this type is, is not a proper basis for a motion to compel. *See Pugliese*, 2007 WL 3124726, at *3. Ms. Giuffre is not withholding documents responsive to Defendant's Request No. 13.

Defendant now represents to the Court that Ms. Giuffre or her attorneys are withholding her Australian "naturalization papers."  Ms. Giuffre searched for "naturalization papers" as requested, but did not locate any such documents, and therefore, is not withholding them. Ms.

Giuffre did produce her current United States Passport. Accordingly, Ms. Giuffre is not

withholding any documents responsive to Request No. 23.

14. <u>Ms. Giuffre has not refused to produce any documents on the grounds that they are available from another source</u>

In responding to Defendant's discovery requests, Ms. Giuffre indicated requests where she

knew the Defendant had responsive information in her possession or the possession of her joint

defense partner Jeffrey Epstein.  Certainly Defendant should have, but did not, produce the

documents as part of her Rule 26 disclosures.  Again, this argument is baseless because Ms.

Giuffre has not withheld a single document on the basis that it is available from another source.

15. <u>Defendant's Interrogatories are Improper Under Rule 33.3</u>

This issue is discussed *supra* at 2, 13-14, and 20. Ms. Giuffre simply notes that, as

previously briefed for the Court in response to Defendant's Motion for Protective Order to prevent

Defendant's deposition from proceeding -- which was denied by this Court -- Defendant's

argument on interrogatories is completely devoid of any supporting case law.  *See e.g., Kunstler v.*

*City of New York*, No. 04CIV1145(RWS)(MHD), 2006 WL 2516625, at *5 (S.D.N.Y. Aug. 29,

2006) *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007) (Sweet, J.) (citing S.D.N.Y. Civil R. 33.3(a) & (b));

*Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 CIV. 1559 RWS, 2015 WL 4597546, at *7

(S.D.N.Y. July 30, 2015) (Sweet, J.) (noting that "contention interrogatories" are "available at the

close rather than the beginning of discovery"); *Shannon v. New York City Transit Auth.,* No 00

Civ. 5079, 2001 U.S. Dist. LEXIS 3162, at *9-10 (S.D.N.Y. Mar. 22, 2001) (Sweet, J.)(denying

motion to compel responses to contention interrogatories where the only discovery that had

occurred to date was document discovery and depositions had yet to be conducted).

16. <u>Defendant is not entitled to attorneys' fees</u>

Ms. Giuffre made clear in her supplemental responses exactly which documents she was

withholding.  The fact that Defendant failed to review Ms. Giuffre's responses and document

production before filing this baseless Motion to Compel should result in Ms. Giuffre being awarded her attorney's fees for this wasted time, rather than any fee to the Defendant. Defendant's motion to compel is largely based upon wild speculation that Ms. Giuffre is withholding documents that she simply does not have. Ms. Giuffre has produced over 4000 pages of documents. Defendant's motion is based upon objections under which Ms. Giuffre is not withholding documents. Defendant's motion requests that this Court order Ms. Giuffre to produce documents that Ms. Giuffre has already produced to Defendant (e.g., copyright, confidential, and private documents). Defendant's motion requests that this Court disturb its ruling on the issue of Defendant's interrogatories without showing cause.

Such a motion is a waste of judicial resources. This is particularly true as few pages of the motion even discussed documents that Ms. Giuffre is actually withholding.  Finally, Defendant has wholly failed to make any showing of any improper certification of objections under Fed. R. Civ. P. 26.  Accordingly, Defendant has not made any showing whatsoever that she is entitled to fees, and this request should be denied in its entirety.

<u>**CONCLUSION**</u>

For the reasons set forth above, this Court should deny Defendant's Motion to Compel and for Fees in its entirety.

Dated: April 4, 2016

                                         Respectfully Submitted,

                                         BOIES, SCHILLER & FLEXNER LLP

                                  By:  /s/ Sigrid McCawley
                                        Sigrid McCawley (Pro Hac Vice)
                                        Meredith Schultz (Pro Hac Vice)
                                        Boies, Schiller & Flexner LLP
                                        401 E. Las Olas Blvd., Suite 1200
                                        Ft. Lauderdale, FL 33301
                                        (954) 356-0011

                                        David Boies
                                        Boies, Schiller & Flexner LLP
                                        333 Main Street
                                        Armonk, NY 10504

                                        Ellen Brockman
                                        Boies, Schiller & Flexner LLP
                                        575 Lexington Ave
                                        New York, New York 10022
                                        (212) 446-2300

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2016, I electronically filed the foregoing document

with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document

is being served this day on the individuals identified below via transmission of Notices of

Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey S. Pagliuca, , Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
Email: jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley