# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------X
                                         :
VIRGINIA L. GIUFFRE,                     :
                                         :
        Plaintiff,                       :
                                         :
v.                                       :
                                         :              15-cv-07433-RWS
GHISLAINE MAXWELL,                       :
                                         :
        Defendant.                       :
                                         :
                                         :
--------------------------------------------------X
```

**Objection to Motion to Appear *Pro Hac Vice* of Bradley James Edwards or, Alternatively, to Modify the Protection Order to Restrict <u>Mr. Edwards's Access to Information Designated Confidential</u>**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

## INTRODUCTION

Defendant Ghislaine Maxwell, through her attorneys, objects to the Motion for Admission Pro Hac Vice filed by Bradley Edwards (Doc#86).  In the alternative Ms. Maxwell requests that the Court modify the Protective Order, (Doc. # 62) to restrict Mr. Edwards's access to information designated "confidential" for the following reasons.

## ARGUMENT

This case has been pending since September 21, 2015.

Plaintiff is represented in this case by 4 attorneys from Boies, Schiller & Flexner, LLP who have entered their appearances in this matter.

On March 18, 2016, the Court entered a Protective Order restricting the use of information marked "Confidential" in this matter to "attorneys actively working on this case" and "persons regularly employed or associated with the attorneys actively working on this case." (Doc. #62 at 2)  Further, Confidential information "shall not be disclosed or used for any purpose **except the preparation and trial of this case**."  *Id.* at ¶ 4 (emphasis added).

On March 21, counsel for Ms. Maxwell conferred with counsel for Plaintiff and advised counsel for Plaintiff that any information deemed Confidential was restricted to lawyers who had entered an appearance in this matter and could not be shared with any of Plaintiff's other lawyers.  Counsel for Ms. Maxwell further advised Plaintiff's counsel that any such dissemination of Confidential information, for example to one of the 10 other attorneys representing Plaintiff in her various media deals and litigations, would be deemed a violation of the Order of this Court.

On April 4, 2016 Paul G. Cassell filed a motion to appear on behalf of the Plaintiff in this matter.  Ms. Maxwell objected to the motion by letter to the Court dated April 5, 2016.  The contents of that letter objection and the exhibits are incorporated by reference.  The Court, on

1

April 6, 2016, indicated that it would treat the letter objection as a Motion and scheduled a

hearing on the objection. Mr. Edwards' Motion to Appear followed.

Mr. Edwards' appearance in this matter is as inappropriate as that of Mr. Cassell.

Mr. Edwards is a named Plaintiff and Counterclaim Defendant in an action captioned

*Edwards and Edwards, Plaintiffs and Counterclaim Defendants v. Dershowitz*, 15-000072

pending in the Circuit Court in Broward County, Florida.  The subject of that litigation includes

allegations made by Mr. Edwards during his representation of the Plaintiff in this matter about

Harvard Law Professor Alan Dershowitz.

Mr. Edwards is counsel for Plaintiff in other matters including Plaintiff's attempt to

intervene in CVRA litigation pending in the United States District Court for the District of

Florida.  In pleadings filed in that action, Mr. Edwards made representations on behalf of the

Plaintiff here that were stricken by the Court as "immaterial and impertinent."  These statements

were publicized and subsequently denied by Ms. Maxwell.  Thereafter, Mr. Edwards told the

press that with respect to his pleading on behalf of Plaintiff he "carefully investigate[s] all of the

allegations in our pleadings before presenting them." See "How a Famous Harvard Professor Got

Caught Up in a Financier's Sex Abuse Scandal," *Business Insider* (Jan. 5, 2015),

http://www.businessinsider.com/how-alan-dershowitz-got-involved-in-jeffrey-epstein-case-

2015-1 (last visited April 6, 2016).

In addition to being a defendant concerning his statements regarding Plaintiff, and also

representing Plaintiff in other ongoing litigation, Mr. Edwards purportedly represents Plaintiff

with regard to communications with the media, with regards to "Victims Refuse Silence," and

with regards to communications with law enforcement.  See Giuffre's Supplemental Privilege

Log at "Log IDs" 1, 9, 12-14, 126-26, 134-36, 152.

Mr. Edwards's role in the creation and dissemination of statements concerning Ms. Maxwell and his various roles as advisor to Plaintiff makes Mr. Edwards a witness in this case. Accordingly, Mr. Edwards will be precluded from participating at any trial.

Rule 3.7 of the New York Code of Professional Conduct provides, in relevant part,

(a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:

(1) the testimony relates solely to an uncontested issue;

(2) the testimony relates solely to the nature and value of legal services rendered in the matter;

(3) disqualification of the lawyer would work substantial hardship on the client;

(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

(5) the testimony is authorized by the tribunal.

22 N.Y.C.R.R. § 1200.0 (2016).

Three principal concerns underlie the qualified prohibition against a lawyer serving as an advocate and a witness in the same proceeding: "(1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client." *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers,* 378 F.3d 269, 282–33 (2d Cir.2004).

Ms. Maxwell recognizes that Plaintiff may claim that this objection is premature because these concerns arise only when an attorney appears as both witness and advocate before the fact finder, see *Glueck v. Jonathan Logan, Inc*., 653 F.2d 746, 748 (2d Cir.1981) (disqualification is

3

appropriate only where there is "a significant risk of trial taint"), "numerous courts in this District have held that [the advocate-witness rule] addresses [only] counsel's participation at trial, and does not bar counsel's participation in pre-trial proceedings."  It is, however, clear that Mr. Edwards is a witness in this matter and will be prohibited from participating at any trial. Given concerns about the treatment and mistreatment of Confidential information disclosed in the discovery, he should be prohibited from participating in this matter at all.

Based on the, albeit deficient and cryptic, entries on Plaintiff's "privilege log" it appears that Mr. Edwards wears many hats, some legal and some not.  In April 2015, he was flown by ABC News to New York to participate and facilitate in Plaintiff's on-camera interview concerning her false allegations against Ms. Maxwell and Mr. Dershowitz. (GIUFFRE3379_3383).  He published an article in the Journal of Criminal Law and Criminology entitled "Crime Victims' Rights During Criminal Investigations?  Applying the Crime Victims' Rights Act Before Criminal Charges are Filed," Vol 104:1 (Winter 2014), based in part on Plaintiff's allegations.

Mr. Edwards is a litigant concerning the statements that are at issue in this case.  Mr. Edwards is active in other litigation matters on behalf of the Plaintiff.  Given Mr. Edwards's many roles it is impossible to believe that he would be able to, ethically, restrict use of information that he acquires in this litigation should it be helpful to the Plaintiff in another context.  Mr. Edwards's multiple conflicting interests, his own, the Plaintiff's and those imposed by the Court, create a conflict of interest that should preclude him from acting as counsel in this case.  Regardless, Ms. Maxwell has no method of protecting the use of her confidential information by Mr. Edwards in any other context.

4

## CONCLUSION

Accordingly, Ms. Maxwell requests that the Court deny the Motion to Appear Pro Hac Vice or, in the alternative, modify the Protection order to restrict current counsel for Plaintiff from providing Mr. Edwards with any information designated as Confidential.

In the event the Court allows Mr. Edwards to appear, Defendant reserves the right to renew this motion prior to trial in the event Mr. Edwards persists in appearing as trial counsel.

Dated: April 8, 2016

Respectfully submitted,

*/s/ Jeffrey S. Pagliuca*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:      303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

5

## CERTIFICATE OF SERVICE

I certify that on April 8, 2016, I electronically served this *OBJECTION TO MOTION TO APPEAR PRO HAC VICE OF BRADLEY EDWARDS OR, IN THE ALTERNATIVE, TO MODIFY THE PROTECTION ORDER TO RESTRICT MR. EDWARDS'S ACCESS TO INFORMATION DESIGNATED CONFIDENTIAL* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

*/s/ Nicole Simmons*
Nicole Simmons
