# EXHIBIT D

United States District Court
Southern District of New York

Virginia L. Giuffre,

    Plaintiff,

Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

    Defendant.
_____/

### PLAINTIFF, VIRGINIA GIUFFRE'S REVISED DISCLOSURE PURSUANT TO FED. R. CIV. P. 26

COMES NOW the Plaintiff, Virginia L. Giuffre, by and through her undersigned counsel, and serves this revised disclosure pursuant to Fed. R. Civ. P. 26 and states as follows:

**A.** **Witnesses:**

    1.    Virginia L. Giuffre
            c/o Sigrid S. McCawley, Esq.
            Boies, Schiller & Flexner LLP
            401 East Las Olas Boulevard, Suite 1200
            Miami, Florida 33301
            Tel: (954) 356-0011
            Email: smccawley@bsfllp.com

            Plaintiff - information regarding Defendant, Ghislaine Maxwell's conduct that is the subject of this action

    2.    Ghislaine Maxwell
            c/o Laura A. Menninger, Esq.
            HADDON, MORGAN & FOREMAN, P.C.
            150 East 10th Avenue
            Denver, Colorado 80203
            Tel: (303) 831-7364
            Email: lmenninger@hmflaw.com

            Defendant in this action.

    iii.    Giuffre needs continuing care as a result of the harm she has suffered. Ms. Giuffre was born August 9, 1983 and was 31.4 years old at the beginning of 2015 when the alleged harm occurred. The average remaining life expectancy for a 31 year old female is 51.1 years.

    iv.    Based on a remaining life expectancy of 51.1 years, annual healthcare cost growth of 3.3% and a discount rate of 2.7%, the present value of expected treatment costs is $102,200 as of 1/1/2015.

b. **Supporting Evidence**:

    i.    Ms. Giuffre is in the process of collecting records from her physicians

    ii.    Ms. Giuffre's testimony

    iii.    Ms. Giuffre is in the process of retaining an expert to calculate damages, and will provide further information through expert disclosure.

2. Past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity and invasion of privacy in her public and private life not less than $30,000,000.00.

    a.  **Computation Analysis**

        i.    Under New York law, defamation per se as alleged in this case presumes damages and special damages do not need to be plead and proven. *See Celle v. Filipino Reporter Enterprises Inc.,* 209 F.3d 163, 179 (2nd Cir. 2000) (Second Circuit holding that '[i]f a statement is defamatory per se, injury is assumed. In such a case 'even where the plaintiff can show no actual damages at all, a plaintiff who has otherwise shown defamation may recover at least nominal damages' and the Second Circuit also confirmed an award of punitive damages). Ms. Giuffre has been severely damaged by the defamation of the defendant, by calling her claims of sexual abuse "obvious lies". The defamation caused Ms. Giuffre to re-live the sexual abuse she previously endured. Ms. Giuffre has suffered and continues to suffer from the pain, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity and invasion of privacy in her public and private life. The computation of this amount is in the province of the jury but Ms. Giuffre contends, including but not limited to, awards in other similar matters, that the

        amount is not less than $30,000,000.00. Ms. Giuffre is in the process of retaining an expert, and will provide further information through expert disclosure.

    b. **Supporting Evidence**

        i. Ms. Giuffre's testimony

        ii. Witness testimony

        iii. Awards in similar matters

        iv. Ms. Giuffre is in the process of retaining an expert, and will provide further information through expert disclosure.

3. Estimated lost income of $180,000 annually. Present value of $3,461,000 to $5,407,000.

    a. **Computation Analysis**

        i. Ms. Giuffre's estimated compensation capacity is $180,000 annually. Ms. Giuffre was born August 9, 1983 and was 31.4 years old at the beginning of 2015 when the alleged injury occurred. Her expected remaining work life based on mortality and probability of continued work was 20.2 years. Based on these factors, a 2% annual growth rate and a 2.4% discount rate, the present value of lost compensation is $3,461,000 as of 1/1/2015.

        ii. Alternatively, if Ms. Giuffre is assumed to work until a normal retirement age of 65, or 33.6 years from her age at the beginning of 2015, and based on an annual growth rate of 2.0% and a discount rate of 2.7%, the present value of lost compensation is $5,407,000 as of 1/1/2015.

    b. **Supporting Evidence**

        i. Materials regarding compensation and work life expectancy

            1) 2010 Life Table for Females, *National Vital Statistics Report*, November 6, 2014, U.S. Department of Health & Human Services, Centers for Disease Control & Prevention, National Center for Health Statistics.