UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

Virginia L. Giuffre,

     Plaintiff,

V.

Ghislaine Maxwell,

     Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**Motion to Compel Plaintiff to Disclose Alleged**
**"On-going Criminal Investigations by Law Enforcement [sic]" or,**
<u>**In the Alternative, to Stay Proceedings**</u>

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

## INTRODUCTION

Ms. Maxwell, through counsel, requests, pursuant to Rules 37(a) and 26(c) of the Federal Rules of Civil Procedure that the Court enter an order requiring Plaintiff to either disclose any purported ongoing criminal investigations and any alleged supporting documents or enter an order staying these proceedings pending the resolution of the purported "on-going criminal investigations [sic]". In support of this motion, Ms. Maxwell states:

Throughout the pendency of this case Plaintiff repeatedly has represented to the Court and Ms. Maxwell that she is privy to, and part of, some ongoing criminal investigation in which, per Plaintiff's innuendo, Ms. Maxwell is a person of interest. For example, Plaintiff purports to be withholding documents "relating to on-going [sic] criminal investigations by law enforcement relating to [Ms. Maxwell's] conduct." *See* Plaintiff's Response in Opposition to Defendant's Motion to Compel (Doc. #78) at 3. Plaintiff claims to be withholding "documents that concern or relate to any currently ongoing investigation by any law enforcement agency under the public interest privilege and other applicable privileges." *Id*. at 4. According to Plaintiff, she "can immediately provide clear evidence to this Court of how [the purportedly ongoing] investigation would be impaired. . ." *Id*. at 11. Further, Plaintiff refers to "the law enforcement inquiry that is currently underway," *id*., representing to the Court that, in fact, there is an active investigation regarding Ms. Maxwell.

Ms. Maxwell is not aware of any such investigation. Indeed, a review of the now more than a decade old police reports involving Mr. Epstein reflects that Ms. Maxwell was not a suspect in any of the activity which resulted in any prosecution of Mr. Epstein. Counsel for Ms. Maxwell have attempted to learn about any investigation by contacting Assistant United States Attorney A. Marie Villafana, the Government lawyer handling the VRA litigation that Plaintiff

1

has attempted to join.  Ms. Villafana's response was that she was unaware of any such investigation.

Plaintiff also seems to be claiming that she is part of this alleged investigation and, as a consequence, has inappropriately attempted to claim a non-existent "investigative privilege" which has been replaced by her equally inappropriate "public interest privilege."  Issues related to Plaintiff's ongoing failures to produce discovery, including her specious claims of privilege have been raised and fully briefed.  Ms. Maxwell incorporates her Motion to Compel Responses to Defendant's First Set of Discovery Requests (Doc. # 75) and Reply in support thereof (Doc. # 92), by reference.

According to Plaintiff, Ms. Maxwell "cannot show any significant reason for needing" the information.  This is, again, a meritless argument which ignores the fact that Ms. Maxwell is entitled to the information under the rules of discovery.  And, the "need" for the information is both obvious and necessary for at least three reasons:  first, any communications between Plaintiff, her lawyers and law enforcement are likely inconsistent with statements Plaintiff has made to the media; second, the statements will reflect Plaintiff's motive and bias in bringing this litigation; and third, knowing the information will allow Ms. Maxwell to access the impact on any 5th Amendment privilege.  Plaintiff, at this point, should be either required to provide the information or accept a stay in the proceedings as a consequence of her failure to comply with her discovery obligations.  She should not be allowed to brandish this, likely nonexistent, sword but deny Ms. Maxwell the opportunity to adequately prepare for her deposition and other discovery matters.  Accordingly, in the event that the Plaintiff continues to fail to reveal the information that she claims to have regarding some "ongoing criminal investigation," Ms. Maxwell moves to stay these proceedings.

2

**ARGUMENT**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706–08 (1997); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (noting that courts may "defer [ ] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action"); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("'[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.'") (*quoting SEC v. Dresser Indus.*, 628 F.2d 1368, 1372 (D.C.Cir. 1980) (*en banc*)) (ellipses and internal quotation marks omitted); *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994) ("Although civil and criminal proceedings covering the same ground may sometimes justify deferring civil proceedings until the criminal proceedings are completed, a court may instead enter an appropriate protective order."). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55; *see also Ofosu v. McElroy*, 98 F.3d 694, 699 (2d Cir.1996) ("A request for a stay is an appeal to equity.").

Courts have the discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (citations omitted); *Steiner v. Minnesota Life Ins. Co.*, 85 P.3d 135, 143 (Colo. 2004) (suggesting trial court erred in failing to consider the stay of a civil proceeding while parallel criminal matter was pending). The determination of whether to grant a stay pending resolution of a related criminal proceeding depends on the particular circumstances of a case.

In deciding to stay the civil case, courts generally weigh six factors: (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interests of and burden on the defendant; (5) the interest of the Court; and (6) the public interest. *See Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (stay was appropriate so as to not interfere with defendant's Fifth Amendment rights).

Here, consideration of the six factors weighs in favor of staying this action against Ms. Maxwell, largely because Plaintiff controls access to the alleged information and has refused to provide the information to Ms. Maxwell. First, presumably the issues in any purported criminal investigation are identical with the underlying issue in this case: did Ms. Maxwell assist in "trafficking" the Plaintiff as she claims from 1999 to 2001. As to the second factor Plaintiff claims to have information about this issue, although no indictment has been issued. Third, given the age of the underlying allegations, almost 20 years, there does not appear to be any prejudice that could be caused by any delay. Fourth, in the event there actually is an investigation and Plaintiff is involved in fomenting the investigation, Ms. Maxwell has a significant interest in knowing about the investigation so that she can appropriately respond and assess any claim of privilege. Concerning factor five, the Court has an interest in controlling the proceedings before it and also has an interest in protecting the rights of the litigants. Appropriate disclosure would allow an informed decision to be made regarding these issues. Finally, there is no compelling public interest that would outweigh disclosure and an informed decision.

Accordingly, Ms. Maxwell requests that the Court enter an order compelling Plaintiff to disclose her purported knowledge of any criminal investigation along with any documents relating to such investigation. In the alternative, Ms. Maxwell requests that the Court enter an order staying these proceedings, including Ms. Maxwell's deposition, until further order by the Court.

Dated: April 18, 2016

Respectfully submitted,

*/s/ Jeffrey S. Pagliuca*
Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com
jpagliuca@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on April 18, 2016, I electronically served this *MOTION TO COMPEL PLAINTIFF TO DISCLOSE ALLEGED "ON-GOING CRIMINAL INVESTIGATIONS BY LAW ENFORCEMENT [sic]" OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

                                              */s/ Nicole Simmons*
                                              Nicole Simmons