# United States District Court
## Southern District of New York

Virginia L. Giuffre,

        Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE CRIMINAL INVESTIGATIONS BY LAW ENFORCEMENT OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

Plaintiff Virginia L. Giuffre, by and through her undersigned counsel, hereby files this Opposition to Defendant's Motion to Disclose Criminal Investigations by Law Enforcement or, in the Alternative, to Stay Proceedings. Defendant offers no good reason why the Court should compel the disclosure of non-public, on-going law enforcement investigations. Nor is there any good reason for the Court to grant a last-minute "stay" of this case (including Defendant's long-delayed deposition, which is currently scheduled for Friday). Defendant has made no showing that such extraordinary relief is warranted, particularly while representing to the Court that such an investigation is "likely nonexistent." (Defendant's Mtn. at 2). Defendant will certainly be entitled to invoke her Fifth Amendment right to remain silent when asked questions about her involvement in sex trafficking. But neither an investigation nor her invocations provide any basis for staying this case. Defendant suffers no prejudice going into her deposition not knowing the name of the law enforcement entity because truthful testimony should not change. Accordingly, the Court should deny Defendant's motion in its entirety. If the Court believes that

1

additional information would be helpful in ruling on this motion – specifically, the nature of the current law enforcement investigation – Ms. Giuffre respectfully requests leave to provide such information to the Court via an ex parte, *in camera* submission.

## I.    Background

As the Court is well aware from previously filed pleadings, this is a single-count defamation case, turning on whether Defendant defamed Ms. Giuffre by calling her a liar when Ms. Giuffre reported the sexual abuse she suffered as a minor child.  Ms. Giuffre has sought to move the case along towards the projected trial date in the fall, while Defendant has repeatedly attempted to stall progress[1].

Defendant's deposition is currently set to be taken on Friday, April 22 – many months after Ms. Giuffre filed her complaint.  Defendant's deposition has not been taken earlier because she has made multiple previous efforts to delay her deposition.[2]  Nor is this the first lawsuit in which Defendant has evaded efforts to ask her questions about her involvement in sex trafficking. [3]

---

[1] This is Defendant's second Motion for Stay.  Defendant previously delayed discovery responses and Rule 26 Disclosures for many months based on Defendant's first Motion to Stay.

[2] Defendant has filed a Motion to Stay [DE 17], a Motion for Protective Order regarding Maxwell's Deposition [DE 63], a Motion to Compel Plaintiff's Response Pursuant to Rule 26 [DE 64], Motion to Compel Plaintiff's Response to Defendant's First Set of Discovery Reponses [DE 75], and now Defendant's Motion to Compel Disclosure of Criminal Investigation, or Alternatively, Motion to Stay [DE 101], all requesting a stay of her deposition or similar relief.  Defendant's deposition has been scheduled for March 2, 2016, March 25, 2016, April 12, 2016, and now is currently scheduled for April 22, 2016.

[3] Defendant has a history of avoiding deposition in relation to sex abuse claims.  In 2009, Maxwell's deposition was sought in connection with various sexual abuse allegations. Maxwell avoided her deposition, claiming her mother was ill, so she would be traveling outside the country with no plans of returning.  Despite this claim to avoid her deposition, she was photographed shortly thereafter in the United States at Chelsea Clinton's wedding in Rhinebeck, New York. *See* McCawley Decl. at Exhibit 1, Maxwell Deposition Notice; Subpoena and Cancellation Payment Notice, and January 13, 2015 Daily Mail Article with photograph.

Now, a mere four days before her deposition, Defendant has filed one last-ditch effort to avoid answering questions under oath about her involvement in sex trafficking.  This motion, styled as a "Motion to Compel [Ms. Giuffre] to Disclose Alleged On-going Criminal Investigations by Law Enforcement or, in the Alternative, to Stay Proceedings" (DE 101), seeks to compel Ms. Giuffre to disclose the name of law enforcement agency with which she is cooperating in an investigation into Jeffrey Epstein's sex trafficking.  Defendant has not conferred with Ms. Giuffre on her request to stay the case, so some aspects of the motion remain unclear.  In particular, it is not clear whether or not Defendant is actually planning on invoking her Fifth Amendment rights.  But, in any event, what is clear is that Defendant's motion provides no good cause for any relief, particularly the extraordinary relief of a stay of all proceedings. "'[A] stay of [a] civil case' to permit conclusion of a related criminal prosecution has been characterized as 'an extraordinary remedy.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 98 (2d Cir. 2012), quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y.1995).

## II.   **ARGUMENT**

Defendant first notes that she contacted the prosecutor (Ms. Villafaña) handling the Crime Victim Rights Act (CVRA) litigation with which Ms. Giuffre has been involved in Florida to determine what investigations are proceeding.  Defendant asserts that the prosecutor's "response was that she was unaware of any such investigation."  DE 101 at 3. Defendant does not reveal, however, that the prosecutor felt compelled to recently write defense counsel to add some "clarifications" to the representations being made about the current state of law enforcement investigations.  *See* McCawley Decl. at Exhibit 2, April 13, 2016, Letter from Assistant U.S. Attorney Marie Villafaña to Laura A. Menninger, Esq..  In particular, the

prosecutor explains that due to the CVRA litigation, that the office in which she works – the U.S. Attorney's Office for the Southern District of Florida – has been recused by the Justice Department "from prospective responsibility for any criminal investigation or potential prosecution relating to Jeffrey Epstein's alleged sexual activities with minor females."  *Id.* at 1. As a result, while the prosecutor is personally unaware of any pending criminal investigation, "my lack of knowledge should not be construed as signifying either that there is or that there is not a pending criminal investigation of [Defendant] Ms. Maxwell."  *Id.*

In her motion, Defendant offers three reasons why she believes that the Court should compel Ms. Giuffre to disclose the name of the law enforcement agency with which she is cooperating, specifically (1) that the communications with law enforcement are "likely inconsistent" with Ms. Giuffre's other statements; (2) that these communications will show motive and bias in filing her lawsuit, and (3) "knowing the information will allow [Defendant] to [assess] the impact on any 5th Amendment privilege."  DE 101 at 3.

To cut to the chase, Defendant's main concern appears to be her third argument – that she wants to know the name of the investigating law enforcement agency so that she can better assess whether she should invoke her Fifth Amendment right to remain silent on Friday during her deposition.  Defendant presumably realizes that during the deposition, she will be asked questions about her role in Jeffrey Epstein's sex trafficking organization.  Truthful answers to those questions could require Defendant to incriminate herself in various crimes, including such as the federal offenses listed in 18 U.S.C. § 1591 (sex trafficking of children), § 2421 (interstate transportation relating to sex offense), § 2422 (coercion of interstate transportation relating to sex offenses), § 2423 (interstate transportation of minors relating to sex offenses) and § 371 (conspiracy).

No good reason would be served by forcing Ms. Giuffre to disclose the name of the law enforcement agency with which she is cooperating in a non-public, on-going investigation.  If the Court desires, Ms. Giuffre could explain this cooperation in further detail to the Court in an ex parte, *in camera* submission.  But Defendant's request rests on little more than a desire to know the status of the law enforcement investigation before deciding whether to answer potentially incriminating questions.  For example, Defendant claims that she must know the name of the law enforcement agency "to adequately prepare for her deposition."  DE 101 at 3.  No such information is required to "prepare." Defendant can simply answer all questions about her involvement Jeffrey Epstein's sex trafficking organization truthfully.  If she believes that truthful answers to those questions will expose her to criminal liability, then she is certainly entitled to invoke her Fifth Amendment right to self-incrimination.  Ms. Giuffre's cooperation with law enforcement has no bearing on that "preparation."  Again, truthful deposition testimony should not change depending on who is looking over one's shoulder.

Ms. Giuffre has previously explained to the Court why the public interest privilege protects against disclosure of her cooperation with law enforcement in an on-going criminal investigation.  *See* DE 78, Ms. Giuffre's Response in Opposition to Defendant's Motion to Compel, at 10-11.  As noted there, a privilege attaches to confidential communications "to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged."  *Cirale v. 80 Pine St. Corp.*, 35 N.Y.2d 113, 117, (N.Y. 1974).  Defendant's desire to be informed of law enforcement efforts is not a legitimate basis for forcing Ms. Giuffre to disclose a non-public, on-going law enforcement investigation.

Presumably recognizing the weakness of her claim that she should be informed regarding the progress of a confidential law enforcement investigation, Defendant advances the fallback argument that the Court should stay the proceedings in this case until the law enforcement investigation is concluded.  But as Ms. Giuffre could explain in detail in an ex parte, in camera submission (if requested by the court), the law enforcement investigation in question has not yet produced criminal charges.  Accordingly, at this point, a stay of proceedings would be premature and inappropriate.  As this Court has explained in an earlier case (cited by Defendant at DE 101 at 3), "*stays [of civil cases] will generally not be granted before an indictment is issued*." *Trustees of Plumbers & Pipefitters Nat. Pension Fund*, 886 F. Supp. at 1139 (emphasis added). *See also Citibank v. Hakim,* 1993 WL 481335 (S.D.N.Y.1993) (denying defendant's motion to stay a civil action pending resolution of an ongoing federal criminal investigation and stating: "[a]lthough defendant Hakim allegedly is a target of a continuing grand jury investigation, he does not claim to have been indicted. Accordingly, Hakim's pre-indictment motion to stay can be denied on this ground alone."); *Securities and Exchange Commission v. Musella,* 38 Fed. Rules Serv.2d 426 (S.D.N.Y.1983) (defendant's pre-indictment motion to stay civil case denied).   The reason for waiting to stay a civil case until any criminal indictment is handed up is, in part, because "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Id.*  Here, Ms. Giuffre will be prejudiced by additional delays in taking Defendant's (long-delayed) deposition.

The Second Circuit has taken the same dim view of stays in civil cases because of Fifth Amendment issues, explaining that "the Constitution *rarely, if ever, requires such a stay.*  The existence of a civil defendant's Fifth Amendment right arising out of a related criminal proceeding thus does not strip the court in the civil action of its broad discretion to manage its

docket." *Louis Vuitton Malletier S.A.,* 676 F.3d at 98-99 (2d Cir. 2012) (internal citations omitted) (affirming the District Court's determination not to stay proceedings). *Cf. Nosik v. Singe,* 40 F.3d 592, 596 (2d Cir. 1994).

Additionally, Defendant's motion should be denied because she has delayed in presenting this issue to the Court.  Of course, the Fifth Amendment issue could have been anticipated months ago.  Defendant offers no reason why she waited until just a few days before her deposition, which was originally noticed back in February 2016, to present this issue.  Indeed, as the Court will recall, Defendant's deposition was previously set to be held in March, only to be delayed due to a Colorado snowstorm.  *See* McCawley Decl. at Exhibit 3, Tr. of Hearing at 5-6 (March 24, 2016). Having had additional time to file additional motions, the Defendant now raises this new argument.  This is too late in the day to be presenting such claims.

Finally, Defendant's assertion of Fifth Amendment justifications for staying these proceedings is also premature.  Defendant has not alleged whether or not she will, in fact, take the Fifth Amendment on Friday.  Instead, she has only asserted that she wishes to "assess" the issues surrounding whether she will take the Fifth.  In light of that uncertainty, the Court should accordingly permit the deposition to move forward on Friday.  Of course, Defendant is entitled to take the Fifth rather than answer questions during her deposition.  That choice is entirely up to her.  But the fact that she may not wish to take the Fifth – and potentially have adverse inferences drawn against her – is not "prejudice" in the sense of any unfairness to her.  It is simply a consequence of her involvement.  Such discomfort hardly provides a legitimate basis for preventing Ms. Giuffre from moving forward with her civil action.

## **CONCLUSION**

Based upon the foregoing, Ms. Giuffre respectfully requests that this Court deny

Defendant's motion for disclosure of the law enforcement investigation or for a stay of further

proceedings.   Ms. Giuffre requests leave to submit additional information ex parte and *in*

*camera* if the Court believes information regarding the nature of the on-going law enforcement

investigation is necessary to resolve the pending motion.

Dated: April 19, 2016

                                    Respectfully Submitted,

                                    BOIES, SCHILLER & FLEXNER LLP

                    By:  /s/ Sigrid McCawley
                            Sigrid McCawley (Pro Hac Vice)
                            Meredith Schultz (Pro Hac Vice)
                            Boies Schiller & Flexner LLP
                            401 E. Las Olas Blvd., Suite 1200
                            Ft. Lauderdale, FL 33301
                            (954) 356-0011

                            David Boies
                            Boies Schiller & Flexner LLP
                            333 Main Street
                            Armonk, NY 10504

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 19th day of April, 2016, I served the attached document

via Email to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: <u>lmenninger@hmflaw.com</u>
        <u>jpagliuca@hmflaw.com</u>

<u>/s/ Sigrid S. McCawley</u>
        Sigrid S. McCawley