UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

Virginia L. Giuffre,

       Plaintiff,

V.

Ghislaine Maxwell,

       Defendant.

15-cv-07433-RWS

---------------------------------------------------X

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR FORENSIC EXAMINATION

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

**INTRODUCTION**

Plaintiff's motion for a forensic examination of Ms. Maxwell's computer (the "Motion") has exposed her blatant tendency to speak out of both sides of her mouth. On the one hand, Plaintiff claims that this is a complex civil case that warrants the application of a Standing Order issued by the US District Court for the Southern District of New York ("SDNY"), titled, M10-468- *In re Pilot Project Regarding Case Management Techniques for **Complex Civil Cases** in the Southern District of New York*. Pl's Motion at 9. On the other hand, in her Opposition to Defendant's Motion to Stay Discovery (Doc. # 20), Plaintiff repeatedly described this case as "a simple claim for defamation," a "simple defamation case," and "one, simple defamation claim." Doc. # 20 at 7, 17 and 18 ("Instead of complex issues of antitrust and copyright law in *Spinelli*, there is one, simple defamation claim based upon Defendant's widely-publicized statements."). A case cannot simultaneously be both simple and complex.[1]

In deciding Ms. Maxwell's Motion to Stay Discovery (Doc # 18), this Court agreed with Plaintiff's *original* contention, stating "this case involves a single claim against a single defendant, relating to an ongoing series of events in which Defendant was alleged to be personally an intimately involved." January 20, 2016 Order (Doc. # 28) at 6. Likewise, while addressing the breadth of discovery, this Court stated: "Discovery in this matter is the narrow pole of the scale to which *Spinelli* is the wide-breadth counterpoint." *Id.* In light of this Court's position, and Plaintiff's earlier stance on this issue, Plaintiff's newfound characterization of this case as complex is disingenuous at best.

It is also disingenuous for Plaintiff to claim that she in good faith attempted to negotiate a protocol for searching electronically stored information ("ESI"). On March 10, 2016,

---

[1] According to the Merriam-Webster thesaurus, the words "simple" and "complex" are antonyms. *See* "Complex." Merriam-Webster Online Thesaurus. 2016. http://www.merriam-webster.com/thesaurus/complex (April 20, 2016).

1

Plaintiff's counsel sent a letter to Ms. Maxwell's counsel in which she enclosed a proposed Stipulation relating to ESI.  *See* McCawley Decl. at Ex. 6.  That proposed protocol was clearly adopted from one of Plaintiff's counsel's more complex civil cases as it is largely inapplicable and/or inappropriate for use in this case.  For example, in Plaintiff's proposed protocol, she suggested that "Counsel for Defendant and Plaintiff will correspond *regarding custodians* and sources of documents from which they are collecting ESI for production in the above-captioned action."  *Id.* at § 2(a).  Ms. Maxwell's counsel responded to this proposal on March 14, 2016 by highlighting the reasons why the proposed protocol was not appropriate for this case and by suggesting a counter proposal.  *See* Menninger Decl. at Ex. A.  Notably, Ms. Maxwell's counsel stated:  "In the interest in reaching a reasonable agreement, I propose that the parties meet and confer regarding appropriate search terms to be used when collecting documents."  *Id.*  It appears Plaintiff has ignored this correspondence as she now claims that "Defendant refuses to have a dialogue about the procedures she has undertaken to collect electronic documents."  Pl's Motion at 9.  As indicated in her March 14 correspondence, Ms. Maxwell's counsel is willing to discuss her ESI discovery protocols, but only if such discussion begins at a rational starting point for a single-plaintiff, single-defendant case such as this.

## ARGUMENT

Plaintiff's request for a forensic examination of Ms. Maxwell's computer is premature, and will ultimately prove to be unnecessary.  In conducting her search for responsive materials, Ms. Maxwell used appropriately broad, but tailored search terms, including, but not limited to the names of the individuals expressly listed in Plaintiff's Requests for Production as well as the e-mail addresses of those individuals, if known.   Ms. Maxwell is confident that these searches yielded an appropriate universe of potentially responsive documents, but is willing, if this Court

requires, to conduct additional searches using reasonable and specifically-tailored keywords.  In fact, Ms. Maxwell has recently produced over 700 pages of documents that reflect the broad scope of her search, both in terms of subject matter and temporal range.

In addressing a request for forensic examination, courts are generally cognizant of the undue burden and intrusiveness inherent in such a request.  *See e.g. Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3552 KAMJO, 2012 WL 1078000, at *6 (E.D.N.Y. Mar. 30, 2012) (noting that a forensic examination "would be duplicative, burdensome, overly broad and intrusive, likely to reveal irrelevant material, and constitute an unnecessary expense."). Accordingly, courts are reluctant to order a forensic examination, particularly where there are less intrusive and less costly means of addressing the requesting party's concerns.  *See id.*  For example, one court has suggested if a party is not satisfied by counsel's representations as to the nature of a particular search for ESI, that party can pursue the matter through deposition testimony.  *See* Menninger Decl. at Ex. B. (*Dash v. Seagate Tech. (US) Holdings, Inc.*, No. 13-CV-6329 LDW, AKT, Unpublished Minute Order at p. 3 (E.D.N.Y.  Aug. 25, 2014)).  Here, as evidenced in her March 14 Correspondence, Ms. Maxwell's counsel is willing to engage in a discussion regarding Ms. Maxwell's search protocol.  In addition, Plaintiff is free to explore this issue in Ms. Maxwell's upcoming deposition.

Indeed, Plaintiff herself agrees that representations by a party and their counsel that discovery was conducted via reasonable inquiry are sufficient to satisfy that party's discovery obligations.  As Plaintiff stated:

> Ms. Giuffre has satisfied her requirement to a reasonable search for such documents.  *See* Fed. R. Civ. P. 26(g)(1) (requiring discovery responses to be "to the best of the person's knowledge, information, and belief formed after a reasonably inquiry.").  *See also Moore v. Publicis Groupe*, 287 F.R.D. 182,188 (S.D.N.Y. 2012), *adopted sub nom. Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012) ("Rule 26(g)(1)(B).

3

> . . does not call for certification that the discovery response is 'complete,' but rather incorporates the Rule 26(b)(2)(C) proportionality principle."); *Kiobel v. Royal Dutch Petroleum Co.*, No. 02CIV.7618(KWK)(HBP),2009 WL 4279421, at *2 (S.D.N.Y. Dec. 1, 2009) ("An attorney's inquiry satisfies Rule 26(g) if it was objectively reasonable under the circumstances. In making this inquiry, an attorney may rely, when appropriate, on representations by his client or communications with other counsel involved in the case.") (internal citations omitted).

Pl's Opp'n to Def's M. Compel (Doc. # 78) at 19.  Based on Plaintiff's own position in this regard, and on Ms. Maxwell's willingness to describe the nature of her search, a forensic examination is unnecessary.

Lastly, Ms. Maxwell's representation that ***"prior to this litigation"*** she has long had a practice of deleting emails after they have been read does not warrant a forensic examination. First, prior to this litigation, Ms. Maxwell was neither a party to, or under investigation for any crimes or civil actions relating to the allegations in the Complaint.  Second, in Ms. Maxwell's recent production, she produced documents dating back as far as 2009, indicating that she saved documents that were potentially relevant to any reasonably foreseeable litigation.   Third, if Plaintiff has concerns regarding deleted emails, Plaintiff has the opportunity to investigate this issue at Ms. Maxwell's deposition.

## CONCLUSION

For the reasons set forth above, Ms. Maxwell respectfully requests that this Court deny Plaintiff's motion for a forensic examination.

Dated: April 21, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax: 303.832.2628
lmenninger@hmflaw.com
jpagliuca@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2016, I electronically served this *Defendant's Opposition to Plaintiff's Motion for Forensic Examination* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

                                */s/ Nicole Simmons*
                                 Nicole Simmons