# EXHIBIT B

| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 8-22-2014 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 3:31 p.m. (1 hr 13 minutes) |

*Dash v. Seagate Technology (US) Holdings, Inc.*,
**CV 13-6329 (LDW) (AKT)**

| TYPE OF CONFERENCE: | **DISCOVERY STATUS CONFERENCE** | |
|---|---|---|
| APPEARANCES: | Plaintiff | Paul C. Whalen |
| | Defendant | Eamon P. Joyce |

FTR:   3:31-4:44

**THE FOLLOWING RULINGS WERE MADE**:

1. As a preliminary matter, the Court addressed Defendant's motion for an inspection, pursuant to Fed. R. Civ. P., of the Rugged Thunderbolt External Hard Drive ("Rugged TBT Drive") Plaintiff asserts that he purchased and which is at the core of this putative consumer class action. *See* DE 40. The parties have confirmed that Plaintiff's deposition has yet to be taken in light of this outstanding discovery dispute.

   Having reviewed and considered Defendant's motion to compel [DE 40] and Plaintiff's opposition [DE 41] the Court is GRANTING, in part, and DENYING, in part, Defendant's motion. Counsel are directed to make arrangements for the Rule 34 inspection of the Rugged TBT Drive to be completed by **September 15, 2014**. The inspection shall be conducted in the presence of both Plaintiff Matt Dash and his counsel, Paul Whalen. Plaintiff is further directed to produce for inspection any device which he attempted to connect to his Rugged TBT Drive (e.g. laptop, digital camera). Defendant's counsel and/or representative must be given an opportunity to inspect the port interfaces which are also in question. Plaintiff's devices are to remain within his custody and control throughout this process.

   To the extent Defendant seeks to inspect any documents and files on Plaintiff's laptop, the motion has been DENIED. The Court notes that this case revolves around the testing and inspection of the hardware at issue as well as testing the speed of the Defendant's product. The private and confidential records which may exist on Plaintiff's laptop have no bearing on the claims at bar.

   Defendant's motion to conduct a forensic examination of Plaintiff's Rugged TBT Drive and laptop is DENIED, at least at this stage of the litigation.

2. The Court next addressed the parties respective proposals for the briefing of Plaintiff's putative Rule 23 motion for class certification. At the outset, the parties were reminded that fact discovery and class discovery is not being bifurcated. The parties confirmed to the Court that they have simultaneously proceeded with merits and class discovery as directed by the Court at the Initial Conference.

> The parties have two weeks to meet and confer regarding ESI search terms. If any disputes remain following the meet-and-confer, any aggrieved party may move for relief from the Court no later than September 8, 2014.
>
> After hearing further from the parties, the Court is extending the fact discovery deadline to December 31, 2014, but counsel are on notice that there will be no further extensions of this deadline. Both class discovery and merits discovery must be completed by December 31.

3. The Court then established a briefing schedule with counsel for Plaintiff's putative motion for class certification:

| | |
|---|---|
| Plaintiff's Rule 23 motion for class certification shall be served by: | October 17, 2014 |
| Defendant's opposition shall be served by: | November 19, 2014 |
| Plaintiff's reply brief, if any, shall be served by: | December 4, 2014 |

4. The Court turned to outstanding paper discovery. The parties confirmed that the initial production of documents has been completed. Defendant pointed out that it has thus far produced 7,000 documents which consist of 22,000 pages.

   However, certain documents requested by Plaintiff which are located on servers in France are subject to European/France's blocking laws which, as a matter of law, can neither be disclosed nor discussed in this U.S. litigation.

   Plaintiff's counsel, nonetheless, seeks assurances that all remaining ESI is, indeed, on French servers and not housed in such places G-mail or Skype which have co-locations for information which may be found outside of European servers.

   Defendant's counsel maintains that his client has assured him that all remaining materials are in European servers. Counsel has spoken with the French IT professionals of his client who have disclosed where their servers are based for e-mail, for Cloud materials, and for document storage etc. and have been consistently told that all of those servers are in Europe. Defense counsel noted that he cannot even have substantive discussion regarding documents his client possesses in France without violating French Law. He cannot even discuss any of those documents with his French witnesses.

   Rather than seeking specific documents, Plaintiff states that he is seeking information whether the defendant has used Skype, G-Chat (or if they used Microsoft where some transcripts may have been kept) or some similar communications service which might contain identifiable or responsive information to the discovery requests served. Plaintiff believes to the extent that such services were used, he believes he can make an argument that this information would not violate the European blocking statutes.

   Defendant's counsel stated that Seagate only began using proprietary G-mail software in their business within the last year. Previously the company used Lotus Notes which were kept locally

on French big box file servers. The Court has directed Defendant to inquire whether there is a Seagate representative with first-hand knowledge who can provide an affidavit attesting to the fact that what plaintiff's counsel is seeking essentially does not exist in that there are no other servers in other locations containing the information plaintiff's counsel is seeking. Defendant's counsel is not sure he can do so but will look into the issue. Defendant is directed to serve this affidavit on Plaintiff within **30 days**. It is not necessary to file the affidavit with the Court at this time. Plaintiff's counsel then inquired if he could draft the inquiry to be made to defendant's IT representatives concerning this issue. I granted the request but directed plaintiff's counsel to provide his draft to defendant's counsel within **one (1) week**.

Second, Plaintiff asserted that the documents were not produced to Plaintiff in any clear order. Defendants stated that they were produced as they were kept in the ordinary course of business, pursuant to the Federal Rules. Moreover, they were produced consistent with the ESI protocol agreed to between the parties in this action.

Plaintiff wants to confirm where Defendant has searched for sources of ESI. Defense counsel has noted, to the Court's satisfaction, that he has searched all responsive sources and has interviewed multiple custodians to ensure that the production was responsive. If plaintiff's counsel wishes to pursue this matter, he can serve a Rule 30(b)(6) Notice on defendant for a corporate representative(s) to respond to these issues, including the custodial sources who were questioned and whose computers were searched, he is free to do so.

Regarding the most recent production made by Seagate, plaintiff's counsel pointed out that many of the items included were YouTube videos and web pages. Plaintiff noted that many of these YouTube videos and web pages which he found through independent channels on the Internet were not included in that production. Defendant pointed out that there were YouTube videos produced via a specific custodian. I have directed defendant's counsel to specifically point out to plaintiff's counsel, by bates-number or some equivalent, the custodian and specific videos and web pages.

Finally, upon inquiry from Plaintiff, Defendant's counsel confirmed that none of its custodians utilized personal devices (blackberries, ipads, etc.) to conduct business. Defendant's counsel pointed out that in every custodian interview conducted, the individual was asked about peripheral drives and devices and counsel were told (A) that the individual does not use those devices for business matters or (B) that where emails are concerned, the emails on those devices are duplicative of email on their desktop computer. The Court suggested to plaintiff's counsel that he begin the process of conducting depositions to try to get answers to the issues he is raising and that his right to seek relief, if necessary, once he has done so is preserved.

**AMENDED SCHEDULING ORDER**:

- All merits and class discovery completed by:   December 31, 2014

- Deadline for plaintiff to serve expert reports regarding the merits of plaintiff's claims:   January 27, 2015

:
- Deadline for plaintiff to produce merits expert witnesses for deposition:   February 10, 2015

- Deadline for defendant to serve expert reports regarding the merits of plaintiff's claims:  March 11, 2015

- Deadline for defendant to produce merits expert witnesses for deposition:  March 25, 205

- Deadline to to serve rebuttal expert report(s), if any:  April 22, 2015

- Deadline to produce rebuttal expert witnesses for depositions, if any:  May 1, 2015

- Any letter request for a pre-motion conference to Judge Wexler for purposes of making a summary judgment motion must be filed by:  May 11, 2014

- Proposed Joint Pre-Trial Order must be filed on ECF by:  June 9, 2014

- <u>Pre-Trial Conference will be held on</u>:  June 16, 2015 at 2:30 p.m.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge