# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BLVD.* SUITE 1200* FT. LAUDERDALE, FL 33301* PH. 954-356-0011* FAX 954-356-0022

Sigrid S. McCawley, Esq.
Email: smccawley@bsfllp.com

April 21, 2016

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Maxwell*,
      <u>Case no. 15-cv-07433-RWS – Regarding Pro Hac Vice Motion of Bradley J. Edwards</u>

Dear Judge Sweet:

This letter is in response to the Court's direction that additional material be submitted regarding Bradley J. Edwards, Esq. motion to appear pro hac vice in this matter. This letter provides: (1) the stipulation for dismissal of the litigation referenced in the Defendant's objection to the pro hac vice motion; (2) an affidavit from Bradley J. Edwards that he is not aware of any other anticipated litigation in which he would be a party, other than a malicious prosecution counterclaim that he has pending against Jeffrey Epstein; and (3) an affidavit from Bradley J. Edwards stating that he is aware of the protective order in this matter and will abide by its restrictions. In light of these submissions, plaintiff Ms. Giuffre requests that her choice of counsel be honored and that Bradley J. Edwards' motion for pro hac vice be granted. As mentioned at today's hearing, because the deposition of Defendant is scheduled to start tomorrow, April 21, at 9:00 a.m., and because it is anticipated that confidential matters will be discussed. Ms. Giuffre requests expedited consideration of these materials.

As the Court recalls, in her opposition to Bradley J. Edward's pro hac vice motion, Defendant briefly mentioned that Edwards is a party to litigation styled as *Edwards and Cassell v. Dershowitz*, No. 15-000072 (17th Cir. Court Fla.) In response, Ms. Giuffre explained that the litigation had settled and the dismissals would be entered shortly. DE 89 at 3. All parties to the action have now filed their dismissals. *See* Edwards Declaration at Exhibit 1. Under Florida law, such dismissals end the case. *See* Fla. R. Civ. P. 1.420 ("any part of an action or claim may be dismissed by plaintiff without order of court . . . (B) by filing a stipulation of dismissal signed by all current parties to the action.").[1] As discussed in Court this morning, this dismissal

---

[1] During the hearing this morning, Defendants referenced an appeal to the Florida court of appeals challenging a subpoena served in the course of that action – *Jeffrey Epstein v. Edwards and Cassell*. Because the subpoena relates

**BOIES, SCHILLER & FLEXNER LLP**

Letter to Honorable Judge Robert Sweet
April 21, 2016
Page 2

eliminates this issue raised by Defendant. In an effort narrow the range of disputes to present to the Court, Mr. Edwards advised defense counsel, Mr. Pagliuca, of these facts and asked whether it would resolve this concern raised by Defendant. Mr. Pagliuca said only that he would consider the matter further.

The Court also asked for information regarding other litigation involving Mr. Edwards. In the attached declaration, Mr. Edwards indicates that he is not aware of any other litigation in which he is a party involving Jeffrey Epstein's sexual abuse apart from the case discussed above and a malicious prosecution counterclaim against Jeffrey Epstein.

The counterclaim arises from a lawsuit filed by Jeffrey Epstein against Edwards. In 2009, Jeffrey Epstein filed a lawsuit against Edwards, attacking his representation of three sex abuse victims in their lawsuits against Epstein. These victims were *not* Ms. Giuffre, and Epstein ultimately settled those three legitimate cases. Epstein dismissed his lawsuit, while Edwards filed a counterclaim against Epstein, which alleges malicious prosecution by Epstein.

As the Court can immediately determine from reviewing the counterclaim, it alleges that Epstein filed the lawsuit against Mr. Edwards for no purpose other than to prevent Edwards from representing sexual assault victims against Epstein (victims, it should be emphasized, who are not Ms. Giuffre). The lawsuit accordingly turns on issues regarding Epstein's bad faith and malicious conduct towards Edwards. It would be perverse in the extreme if Epstein's alleged bad faith and malicious actions in trying to prevent Edwards from representing sexual assault victims were used as a basis for denying his pro hac vice motion in this case. And, in any event, as the Court can immediately determine from reviewing the face of the counterclaim, Ms. Maxwell is nowhere mentioned in the counterclaim and issues raised in that counterclaim are separate from the issue being litigated here.

Mr. Edwards does not anticipate any other new litigation in which he is a party arising. Edwards Declaration at 2. Accordingly, the issue regarding Mr. Edwards being a party to other litigation related to issues covered by the protective order is resolved.

Finally, Mr. Edwards acknowledges in his Declaration that he is familiar with provisions of the protective order and agrees to be bound by them.

---

to the underlying case which has been dismissed, the court of appeals case is moot. And, in any event, Mr. Edwards also never advanced any claims in that case.

**B O I E S,   S C H I L L E R   &   F L E X N E R   L L P**

Letter to Honorable Judge Robert Sweet
April 21, 2016
Page 3

      In light of all this, Ms. Giuffre asks that Mr. Edward's pro hac vice motion be granted – as the Court advised it would be inclined to do.  *See* Tr. of April 21, 2016 Hearing ("If I get an affidavit saying that you're unaware of any claims against you or any intention to make a claim arising out of the circumstances surrounding this lawsuit, that should be broad.  I think that would satisfy me.").  Because Defendant's deposition is scheduled to begin at 9:00 a.m. on Friday, April 22, 2016, Ms. Giuffre requests expedited consideration of these materials.

      Respectfully submitted,

      <u>/s/ Sigrid S. McCawley</u>

SSM/ep
Enclosures