# EXHIBIT 3

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502009CA040800XXXXMBAG

JEFFREY EPSTEIN,

    Plaintiff,

vs.

SCOTT ROTHSTEIN, individually,
BRADLEY J. EDWARDS, individually, and
L.M., individually,

    Defendant,

_____/

## FOURTH AMENDED COUNTERCLAIM

Bradley J. Edwards (EDWARDS) sues Jeffrey Epstein (EPSTEIN) and alleges:

### COUNT I—ABUSE OF PROCESS

1. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

2. Counter/plaintiff, EDWARDS, is sui juris, resides in Broward County, Florida, and is an attorney licensed to practice in the State of Florida at all times material hereto.

3. Counter/defendant, EPSTEIN, is sui juris and is a resident of Palm Beach County, Florida.

4. EPSTEIN is a convicted felon having entered into a plea agreement pursuant to which he effectively conceded his having engaged in illicit sexual activity with a large number of female children over an extended period of time in violation of both State and Federal criminal laws.

5. EPSTEIN was sued civilly by a large number of his victims. Many of the cases against him have been settled, and upon information and belief, federal law enforcement agencies continue to investigate additional allegations of EPSTEIN'S serial abuse and molestation of children; others remain pending. As a consequence, EPSTEIN continues to face the potential of further criminal prosecution and huge civil judgments for both compensatory and punitive damages in favor of many victims of his depraved criminal exploitation of children including victims represented by EDWARDS.

6. In the face of overwhelming evidence of his guilt, EPSTEIN repeatedly asserted his Fifth Amendment Right against self-incrimination and refused to answer any substantive questions regarding his sexual exploitation of his minor victims. Lacking any substantive defense to the claims against him, EPSTEIN sought to avoid his compensatory and punitive liability and to deter cooperation in the ongoing criminal investigation by employing the extraordinary financial resources at his disposal to intimidate his victims and their legal counsel into abandoning their legitimate claims or resolving those claims for substantially less than their just value.

7. In some circumstances, EPSTEIN's tactics have proven successful, while other victims have thus far withstood this continued assault upon them and persisted in the prosecution of their claims. EDWARDS' clients are among those who continued the prosecution of their claims and the assertion of federal statutory rights afforded to them pursuant to the Federal Crime Victims' Rights Act (CVRA).

Edwards adv. Epstein
Case No.: 502009CA040800XXXXMBAG
Fourth Amended Counterclaim
Page 3 of 13

8.  While prosecuting the legitimate claims on behalf of his clients, EDWARDS has not engaged in any unethical, illegal, or improper conduct nor has EDWARDS taken any action inconsistent with the duty he has to vigorously represent the interests of his clients. EPSTEIN has no reasonable basis to believe otherwise and has never had any reasonable basis to believe otherwise.

9.  Nevertheless, EPSTEIN filed civil claims against EDWARDS and EDWARDS' client, L.M. for the sole purpose of further attempting to intimidate EDWARDS, L.M., and others into abandoning or settling their legitimate claims for less than their just and reasonable value. His sole purpose in both filing and prosecuting claims against EDWARDS was never the stated purpose of collecting money damages from EDWARDS since EPSTEIN knew that he had never suffered any damage as a consequence of any wrongdoing by EDWARDS. Nevertheless, EPSTEIN filed knowingly baseless and unsupportable claims against EDWARDS and proceeded to prosecute those baseless and unsupportable claims in order to divert EDWARDS from the prosecution of EDWARDS' legitimate claims against EPSTEIN, to require EDWARDS to expend time, energy and resources on his own defense, to embarrass EDWARDS and impugn his integrity, and deter others with legitimate claims against EPSTEIN from pursuing those claims at the risk of having to fend off similar assaults. EPSTEIN's real purpose was to put pressure on EDWARDS, L.M., and other victims by publishing what amounts to nothing more than a highly defamatory press release issued under the cloak of protection of the litigation privilege.

10. EPSTEIN acted purely out of malice toward EDWARDS and others, and he had ulterior motives and purposes in filing his unsupported and unsupportable claims. EPSTEIN'S

primary purpose in both filing and continuing to prosecute each of the claims against EDWARDS was to inflict a maximum economic burden on EDWARDS in having to defend against the spurious claims, to distract EDWARDS from the prosecution of claims against EPSTEIN arising out of EPSTEIN'S serial abuse of minors, and ultimately to extort EDWARDS into abandoning the claims he was prosecuting against EDWARDS.

11. The claims filed by EPSTEIN against EDWARDS included the following:

 a. violation of F.S. §§772.101, et. seq.—

  Florida Civil Remedies for Criminal Practices Act;

 b. Florida RICO—"Racketeer Influenced and Corrupt Organization Act" pursuant to F.S. §§895.01, et. seq.;

 c. abuse of process;

 d. fraud;

 e. conspiracy to commit fraud.

12. EPSTEIN, in his Complaint, directly alleged that EDWARDS was a knowing participant in a civil theft and criminal enterprise when EPSTEIN was well aware that there was and is absolutely no evidence whatsoever to support such false assertions. Indeed, his Complaint was replete with speculation, conjecture, and innuendo and was entirely devoid of factual support for his spurious allegations. Indicative of his total disregard for the lack of any predicate for his claims, EPSTEIN ignored the statutory requirement for written notice prior to the initiation of a civil theft claim.

Edwards adv. Epstein
Case No.: 502009CA040800XXXXMBAG
Fourth Amended Counterclaim
Page 5 of 13

13. EPSTEIN knew at the time of the filing of the specified claims and throughout his failed prosecution of those claims that he could not prosecute the claims to a successful conclusion because:

   a. they were both false and unsupported by any reasonable belief or suspicion that they were true;

   b. he had suffered no legally cognizable injury proximately caused by the falsely alleged wrongdoing on the part of EDWARDS;

   c. he had no intention of waiving his Fifth Amendment privilege against self-incrimination in order to provide the relevant and material discovery that would be necessary in the course of prosecuting the claims, (even if they had any reasonable basis), and he knew that his prosecution would consequently be barred by the sword-shield doctrine;

   d. EDWARDS' conduct in the prosecution of claims against EPSTEIN could not support the prosecution of a separate civil lawsuit against EDWARDS because of the absolute protection of the litigation privilege.

14. EPSTEIN acted purely out of malice toward EDWARDS and others, and he had ulterior motives and purposes in filing his unsupported and unsupportable claims as previously detailed in Paragraph 9.

15. EPSTEIN'S filing and prosecution of claims against EDWARDS recklessly and purposely disregarded the lack of justification for each of the claims and EPSTEIN never had as

his primary purpose to establish what he did consider or reasonably could have considered to be meritorious claims.

16. Each and every pleading filed by and on behalf of EPSTEIN in his prosecution of every claim against EDWARDS, every motion, every request for production, every subpoena issued, and every deposition taken as detailed on the docket sheet was intended with respect to EDWARDS solely and exclusively to advance EPSTEIN'S efforts at extortion as previously detailed, and constituted a perversion of process after its initial service.

17. As a result of EPSTEIN's wrongful conduct as alleged, EDWARDS has suffered and will continue to suffer the following special damages:

a. injury to his reputation;

b. mental anguish, embarrassment and anxiety;

c. fear of physical injury to himself and members of his family;

d. the loss of the value of his time required to be diverted from his professional responsibilities;

e. the cost of defending against EPSTEIN's spurious and baseless claims.

WHEREFORE, EDWARDS demands judgment against EPSTEIN for compensatory damages, costs, and such other and further relief as the Court may deem appropriate under the circumstances. Counter/plaintiff, EDWARDS, having satisfied the statutory prerequisites for the assertion of a claim for punitive damages and having been granted leave of Court to assert such a claim does hereby also assert a claim for punitive damages.

Counter/plaintiff, EDWARDS, further demands trial by jury.

Edwards adv. Epstein
Case No.: 502009CA040800XXXXMBAG
Fourth Amended Counterclaim
Page 7 of 13

## COUNT II—MALICIOUS PROSECUTION

18. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

19. Counter/plaintiff, EDWARDS, is sui juris, resides in Broward County, Florida, and is an attorney licensed to practice in the State of Florida at all times material hereto.

20. Counter/defendant, EPSTEIN, is sui juris and is a resident of Palm Beach County, Florida.

21. EPSTEIN is a convicted felon having entered into a plea agreement pursuant to which he effectively conceded his having engaged in illicit sexual activity with a large number of female children over an extended period of time in violation of both State and Federal criminal laws.

22. EPSTEIN was sued civilly by a large number of his victims. Many of the cases against him have been settled, and upon information and belief, federal law enforcement agencies continue to investigate additional allegations of EPSTEIN'S serial abuse and molestation of children; others remain pending. As a consequence, EPSTEIN continues to face the potential of further criminal prosecution and huge civil judgments for both compensatory and punitive damages in favor of many victims of his depraved criminal exploitation of children including victims represented by EDWARDS.

23. In the face of overwhelming evidence of his guilt, EPSTEIN repeatedly asserted his Fifth Amendment Right against self-incrimination and refused to answer any substantive

Edwards adv. Epstein
Case No.: 502009CA040800XXXXMBAG
Fourth Amended Counterclaim
Page 8 of 13

questions regarding his sexual exploitation of his minor victims. Lacking any substantive defense to the claims against him, EPSTEIN sought to avoid his compensatory and punitive liability and to deter cooperation in the ongoing criminal investigation by employing the extraordinary financial resources at his disposal to intimidate his victims and their legal counsel into abandoning their legitimate claims or resolving those claims for substantially less than their just value.

24.    While prosecuting the legitimate claims on behalf of his clients, EDWARDS has not engaged in any unethical, illegal, or improper conduct nor has EDWARDS taken any action inconsistent with the duty he has to vigorously represent the interests of his clients. EPSTEIN has no reasonable basis to believe otherwise and has never had any reasonable basis to believe otherwise.

25.    Nevertheless, EPSTEIN filed civil claims against EDWARDS and EDWARDS' client, L.M. for the sole purpose of further attempting to intimidate EDWARDS, L.M., and others into abandoning or settling their legitimate claims for less than their just and reasonable value. His sole purpose in filing claims against EDWARDS was never the stated purpose of collecting money damages from EDWARDS since EPSTEIN knew that he had never suffered any damage as a consequence of any wrongdoing by EDWARDS. Nevertheless, EPSTEIN filed knowingly baseless and unsupportable claims against EDWARDS and proceeded to prosecute those baseless and unsupportable claims in order to divert EDWARDS from the prosecution of EDWARDS' legitimate claims against EPSTEIN, to require EDWARDS to expend time, energy and resources on his own defense, to embarrass EDWARDS and impugn his integrity, and deter

others with legitimate claims against EPSTEIN from pursuing those claims at the risk of having to fend off similar assaults. EPSTEIN's real purpose was to put pressure on EDWARDS, L.M., and other victims by publishing what amounts to nothing more than a highly defamatory press release issued under the cloak of protection of the litigation privilege.

26. EPSTEIN acted purely out of malice toward EDWARDS and others, and he had ulterior motives and purposes in filing his unsupported and unsupportable claims. EPSTEIN'S primary purpose in filing each of the claims against EDWARDS was to inflict a maximum economic burden on EDWARDS in having to defend against the spurious claims, to distract EDWARDS from the prosecution of claims against EPSTEIN arising out of EPSTEIN'S serial abuse of minors, and ultimately to extort EDWARDS into abandoning the claims he was prosecuting against EDWARDS.

27. The claims filed by EPSTEIN against EDWARDS were the following:

    a. violation of F.S. §§772.101, et. seq.—

        Florida Civil Remedies for Criminal Practices Act;

    b. Florida RICO—"Racketeer Influenced and Corrupt Organization Act" pursuant to F.S. §§895.01, et. seq.;

    c. abuse of process;

    d. fraud;

    e. conspiracy to commit fraud.

28. EPSTEIN, in his Complaint, directly alleged that EDWARDS was a knowing participant in a civil theft and criminal enterprise and that he had conspired to and did engage in

a fraud against EPSTEIN when EPSTEIN was well aware that there was and is absolutely no evidence whatsoever to support such false assertions. Indeed, his Complaint was replete with speculation, conjecture, and innuendo and was entirely devoid of factual support for his spurious allegations. Indicative of his total disregard for the lack of any predicate for his claims, EPSTEIN ignored the statutory requirement for written notice prior to the initiation of a civil theft claim.

29. EPSTEIN knew at the time of the filing of the specified claims and throughout his failed prosecution of those claims that he could not prosecute the claims to a successful conclusion because:

    a. they were both false and unsupported by any reasonable belief or suspicion that they were true;

    b. he had suffered no legally cognizable injury proximately caused by the falsely alleged wrongdoing on the part of EDWARDS;

    c. he had no intention of waiving his Fifth Amendment privilege against self-incrimination in order to provide the relevant and material discovery that would be necessary in the course of prosecuting the claims, (even if they had any reasonable basis), and he knew that his prosecution would consequently be barred by the sword-shield doctrine;

    d. EDWARDS' conduct in the prosecution of claims against EPSTEIN could not support the prosecution of a separate civil lawsuit against EDWARDS because of the absolute protection of the litigation privilege.

30. EPSTEIN acted purely out of malice toward EDWARDS and others, and he had ulterior motives and purposes in filing his unsupported and unsupportable claims as previously detailed in Paragraph 25.

31. EPSTEIN'S filing and prosecution of claims against EDWARDS recklessly and purposely disregarded the lack of justification for each of the claims and EPSTEIN never had as his primary purpose to establish what he did consider or reasonably could have considered to be meritorious claims.

32. After unsuccessful efforts to defend and amend his maliciously filed and prosecuted claims over a period of almost two years, EPSTEIN abandoned each of the claims described in Paragraph 27 except for an ongoing effort to salvage his abuse of process claim. That abandonment brings to successful conclusion EDWARDS' defense against each of the other abandoned claims and constitutes a specific bona fide termination in EDWARDS' favor of the prior prosecution of each abandoned claim.

33. As a result of EPSTEIN's wrongful conduct as alleged, EDWARDS has suffered and will continue to suffer the following special damages:

    a. injury to his reputation;

    b. mental anguish, embarrassment and anxiety;

    c. fear of physical injury to himself and members of his family;

    d. the loss of the value of his time required to be diverted from his professional responsibilities;

    e. the cost of defending against EPSTEIN's spurious and baseless claims.

WHEREFORE, EDWARDS demands judgment against EPSTEIN for compensatory damages, costs, and such other and further relief as the Court may deem appropriate under the circumstances. Counter/plaintiff, EDWARDS, having satisfied the statutory prerequisites for the assertion of a claim for punitive damages and having been granted leave of Court to assert such a claim does hereby also assert a claim for punitive damages.

Counter/plaintiff, EDWARDS, further demands trial by jury.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Serve to all Counsel on the attached list, this ____ day of January, 2013.

JACK SCAROLA
Florida Bar No.: 169440
Primary E-mail: jsx@searcylaw.com
Secondary E-mail(s): mep@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9451
Attorney for Bradley J. Edwards

Edwards adv. Epstein
Case No.: 502009CA040800XXXXMBAG
Fourth Amended Counterclaim
Page 13 of 13

## COUNSEL LIST

Jack A. Goldberger, Esquire
jgoldberger@agwpa.com;
smahoney@agwpa.com
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, FL 33401
Phone: (561)-659-8300
Fax: (561)-835-8691
Attorneys for Jeffrey Epstein

Bradley J. Edwards, Esquire
bje.efile@pathtojustice.com;
staff.efile@pathtojustice.com
Farmer, Jaffe, Weissing, Edwards, Fistos &
Lehrman, FL
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Phone: (954) 524-2820
Fax: (954) 524-2822

Fred Haddad, Esquire
Dee@FredHaddadLaw.com;
haddadfm@aol.com
Fred Haddad, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, FL 33394
Phone: (954)-467-6767
Fax: (954)-467-3599
Attorneys for Jeffrey Epstein

Marc S. Nurik, Esquire
marc@nuriklaw.com
Law Offices of Marc S. Nurik
One E Broward Blvd., Suite 700
Fort Lauderdale, FL 33301
Phone: (954)-745-5849
Fax: (954)-745-3556
Attorneys for Scott Rothstein

Lilly Ann Sanchez, Esquire
lsanchez@thelsfirm.com
The L-S Law Firm
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Phone: (305)-503-5503
Fax: (305)-503-6801
Attorneys for Jeffrey Epstein

Tonja Haddad Coleman, Esquire
tonja@tonjahaddad.com;
Debbie@Tonjahaddad.com
Tonja Haddad, P.A.
315 SE 7th Street, Suite 301
Fort Lauderdale, FL 33301
Phone: (954)-467-1223
Fax: (954)-337-3716
Attorneys for Jeffrey Epstein