UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,                              15-cv-07433-RWS

    Defendant.

---------------------------------------------------X

**DEFENDANT'S OPPOSITION TO MESSRS. CASSELL AND EDWARDS'
RENEWED MOTIONS TO APPEAR PRO HAC VICE**

    Defendant Ghislaine Maxwell, by and through her attorneys, hereby submits the following opposition to Messrs. Cassell and Edwards' Renewed Motions to Appear Pro Hac Vice in this Matter (Doc. #112 - 115).  As further grounds, she asserts as follows:

### INTRODUCTION

    On April 21, 2016, the Court conducted a hearing on the Motions of Messrs. Cassell and Edwards to appear pro hac vice (Doc. # 80 & 86).  The Court denied these motions but granted Messrs. Cassell and Edwards leave to re-apply, if they provided evidence of  "something that closes [the Dershowitz] case and I get the affidavit that there are no other matters in which they have any claims or defenses relating to any of these statements, that will do it."  (Tr. 25).

    The following colloquy occurred at or about page 26:

1

>    MS. McCAWLEY:  Your Honor, one more thing.  I didn't realize that my counsel can submit that stipulation to you **because that case has been settled** --
>    THE COURT:  If I get something that closes that case and I get the affidavit that there are no other matters in which they have any claims or defenses relating to any of these statements, that will do it.
>    …
>    MR. EDWARDS:  Sure.  … There are two ways in which a case can be dismissed in Florida.  One is by way of a court order.  The other is by way of a stipulation.  That is what was done.  There was a stipulation of dismissal signed by both parties, that being the plaintiff and the defendants and counsel, that has been done and that was dismissed.
>    THE COURT:  That's filed in the case.
>    MR. EDWARDS:  That's filed in the case and filed in the court.
>    THE COURT:  Do you have a copy of that?
>    MR. EDWARDS:  I can get a copy of it immediately.
>    THE COURT:  **Give it to the defense**.  If they have any problems, they will let me know.  That sounds all right to me.  What do I know about Florida except that it's flat and hot.  Your representation sounds right….
>    MR. EDWARDS:  Additionally, just with respect to the affidavit, there needs to be an affirmation that we have no other claims that relate to the statements in this case.  Is that what we are saying?
>    THE COURT:  I think it should be broader than that.  I think it should be -- look.  I don't think it would be appropriate if there is any possibility for either of you to being a party.  That's what I'm after.  And having any proceedings against you arising out of the situation with the plaintiff.  **I think it would be inappropriate for you to be counsel if you have the potentiality of being a party, either plaintiff or defendant, in any proceedings.  If I get an affidavit saying that you're unaware of any claims against you or any intention to make a claim arising out of the circumstances surrounding this lawsuit, that should be broad. I think that would satisfy me.**
>    MR. EDWARDS:  Ok.
>    MR. CASSELL:  I'll be filing those materials this afternoon, your Honor.  My plan is to attend – ..
>    THE COURT:  That's great.  **Whatever the applicants have on this subject, please turn it over.**  You all can work out how you are going to do that.  **Turn it over to the defense**.  And if there is anything you want me to do, I would be prepared to do it tomorrow.  But that way I hope we can get it cleared up.

(emphasis added).

Disregarding the Court's Order, instead of "turning [the supplements] over to the defense," the Plaintiff and *pro hac vice* applicants Cassell and Edwards filed with the Court:

- at 5:33 p.m. Motion for Paul G. Cassell to Appear *Pro Hac Vice* (Doc. #112), which referenced "supplemental materials submitted at the hearing today";

- at 5:59 p.m., Letter Motion Addressed to Judge Sweet from Sigrid McCawley (Doc. # 113), in which she advised the Court that "Under Florida law, such dismissals end the case. See Fla. R. Civ. P. 1.420 ("any part of an action or claim may be dismissed by plaintiff without order of court . . . (B) by filing a stipulation of dismissal signed by all current parties to the action.")."

Beginning at 5:44 p.m., defense counsel inquired of Plaintiff "how and when" Plaintiff had submitted "supplemental materials to the Court," as referenced in Motion for Paul Cassell to Appear (Doc. #112), because defense counsel had not received any such supplemental materials. [Menninger Decl. Ex. A]. Ms. McCawley responded that her "staff is scanning them to you now. You should have them shortly." *Id.* At 5:49 p.m., Plaintiff's counsel sent a document with an unsent fax cover sheet, to which Ms. Maxwell's counsel requested to know "when these were filed with the Court." *Id*. Ms. McCawley, at 6:02 p.m. stated that she "gave it to staff for faxing and scanning…I believe it was about an hour ago." *Id.* Defense counsel requested a "time stamped copy." *Id*. More than an hour passed, during which defense counsel again requested a fax confirmation sheet. At 6:07, counsel for Plaintiff represented that:

> "We sent the fax to the Court at approximately 4:30. We were going to serve it to you at that time, but it did not get out until later due to a clerical error. … My fax transmittal sheet is in error, and says that the fax was sent at 3:31. Again, this is in error. All of the fax machines in my firm's New York office are off by approximately 1 hour. It appears that all the fax machines were not set reset last month with the 'spring forward' time change. Judge Sweet's fax receipt (if set correctly) should say the exact time it was received, and it should reflect that it was transmitted around 4:30 instead of around 3:30."

*Id*.

Subsequently, the following pleadings were filed with the Court:

- at 6:59 p.m., Letter Response to Motion addressed to Robert J. Sweet from Sigrid McCawley (Doc. #113).
- at 7:03 p.m., Declaration of Bradley Edwards in Support of Motion to Appear Pro Hac Vice (Doc. #114).
- at 7:14 p.m., Motion for Bradley Edwards to Appear Pro Hac Vice (Doc. #115)

Contrary to Plaintiff and Mr. Edwards and Cassell's representations to this Court, they remain parties in proceedings related to the core issues in this case. There are material omissions in the submissions by attorneys McCawley, Cassell and Edwards. To wit:

Messrs. Cassell and Edwards, and Ms. McCawley, on April 11, 2016, filed a pleading in Broward County, Florida court captioned: "Plaintiffs and Non-Party Virginia Giuffre's Notice Regarding the Parties' Joint Stipulation of Dismissal." Menninger Decl. at Ex. B. In that pleading, Messrs. Cassell, Edwards and Ms. Giuffre, through Ms. McCawley, advise the Court that they still have a hearing on May 12, 2016, and "in an abundance of caution, Plaintiffs [Cassell and Edwards] and Non-Party Giuffre provide this Notice to ensure the Court retains jurisdiction over the matter to resolve the remaining pending issues." *Id.* According to the docket, hearings on the topics are set for *next Thursday*, April 28, 2016 and May 12, 2016.

Moreover, Mr. Cassell and Mr. Edwards recently demanded formal arbitration against Mr. Dershowitz regarding the claims arising out of the purported settlement agreement in which Messrs. Cassell and Edwards admitted that the claims of Plaintiff were a "mistake." Likewise, Mr. Dershowitz has also demanded formal arbitration against Messrs. Cassell and Edwards regarding their post-mediation conduct. Thus, the matter is not over. The adverse litigation has simply moved to another, less public forum.

Mr. Edwards, in his renewed application, admits that he is a party in active litigation involving Jeffrey Epstein. This litigation involves claims by Mr. Epstein that Mr. Edwards actively participated in a scheme to defraud investors based on falsified claims by "victims" of Mr. Epstein. Mr. Edwards has counterclaimed for malicious prosecution. The public docket sheet for the case reflects that the matter is set for the trial calendar between August 29, 2016 and November 4, 2016. *See* Epstein v. Edwards, Case No. 2009-CA-040800, In the Circuit Court of

the Fifteenth Judicial Circuit, Palm Beach County, Florida https://showcase.mypalmbeachclerk.com/ showcaseweb/#CaseSearch (last accessed Apr. 21, 2016).  Although Ghislaine Maxwell is not a party that action, it "aris[es] out of the circumstances surrounding this lawsuit" in that Ms. Maxwell's supposed conduct is derivative of, and supposedly acting in concert with, Mr. Epstein.  *See* Complaint at ¶¶ 9-10.  The Edwards and Epstein lawsuit also appears to still have a portion of the case on appeal.  *See* Edwards v. Epstein and Scott Rothstein (Mr. Edwards' former law partner), District Court of Appeal of Florida, Fourth District, No. 4D14-2282.

      This Court advised the pro hac vice applicants that "I think it would be inappropriate for you to be counsel if you have the potentiality of being a party, either plaintiff or defendant, in any proceedings.  If I get an affidavit saying that you're unaware of any claims against you or any intention to make a claim arising out of the circumstances surrounding this lawsuit, that should be broad. I think that would satisfy me."   Instead of providing assurance that they are neither plaintiffs nor defendants in any proceedings "arising out of the circumstances surrounding this lawsuit," they have misrepresented to the Court that the Dershowitz matter is final and over, they have omitted their own demands for arbitration and their receipt of demands for arbitration in that case, and they have craftily worded affidavits to avoid the substance of the Court's inquiry.

      For these reasons, Defendant Maxwell hereby continues to oppose the motions for admission *pro hac vice* by these applicants.

      Dated: April 21, 2016.

          Respectfully submitted,

          */s/ Laura A. Menninger*
          Laura A. Menninger (LM-1374)
          Jeffrey S. Pagliuca
          HADDON, MORGAN AND FOREMAN, P.C.
          150 East 10th Avenue
          Denver, CO 80203
          Phone: 303.831.7364
          Fax:  303.832.2628
          lmenninger@hmflaw.com

          *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

   I certify that on April 21, 2016, I electronically served this *DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

          */s/ Laura A. Menninger*
          Laura A. Menninger