United States District Court
Southern District of New York

Virginia L. Giuffre,

      Plaintiff,                                   Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

      Defendant.

_____/

## PLAINTIFF VIRGINIA GIUFFRE'S REDACTED REPLY IN SUPPORT OF MOTION FOR FORENSIC EXAMINATION

BOIES, SCHILLER & FLEXNER LLP

David Boies
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Plaintiff Virginia L. Giuffre, by and through her undersigned counsel, respectfully submits this this Reply Motion In Support of Plaintiff's Motion for Forensic Examination, and in support thereof, states as follows.

## I.   INTRODUCTION

Fed. R. Civ. P. 26(f)(3)(C) requires parties to have a plan for the "disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced." Pursuant to that Rule, parties have an obligation to be transparent about their electronically stored information (ESI) preservation, collection, and production procedures, and an obligation to attempt to mutually agree to such procedures. *See Stinson v. City of New York*, No. 10 CIV. 4228 RWS, 2015 WL 4610422, at *7 (S.D.N.Y. July 23, 2015) (Sweet, J.) (ordering that "the parties shall meet and confer in order to set a[n electronic] search protocol"). A case need not be designated "complex" for Fed. R. Civ. P. 26(f)(3)(C) to apply. To the contrary, Fed. R. Civ. P. 26(f)(3)(C) applies with equal force to all federal civil cases, regardless of the subject matter.

In addition to the requirements stated plainly in Fed. R. Civ. P. 26, and in addition to case law from the this Court and others courts within the Southern District of New York, various other instructive authorities emphasize the need for disclosure and agreement concerning ESI preservation, collection, and production protocols among the parties. For example, the *Sedona Principles for Electronic Document Production*, Second Edition, 2007, at page ii states: "Parties should confer early in discovery regarding the preservation and production of electronically stored information . . . and seek to agree on the scope of each party's rights and responsibilities." Similarly, Standing Order M10-468, *In re: Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York,* requires a Joint E-

Discovery Submission, requiring the parties to address, their (1) preservation obligations, (2) search and review protocols, and (3) sources of ESI production. Under this model order, the parties are required to discuss methods for search and review, including potential keyword searches, date restrictions, and search backup files.

In short, a party's responsibility to be forthcoming to reach agreed protocols concerning ESI preservation, collection, and production is written into Rule 26, *see* Fed. R. Civ. P. 26(f)(3)(C), and it is echoed again through case law, treatises, conferences, and this District's Standing Order. Therefore, when Defendant refuses to confer about ESI protocols when asked by Ms. Giuffre[1], and instead states, "[w]e do not believe we have an obligation to describe for your [sic] our document search methods," it is *prima facie* evidence that Defendant is not fulfilling her responsibilities under Fed. R. Civ. P. 26. *See* McCawley Decl. at Exhibit 1, April 11, 2016, Letter from Laura Menninger, counsel for Defendant.

Defendant's refusal to disclose her ESI preservation and collection methods, coupled with an insufficient production as described in the moving brief,[2] constitutes good cause for a forensic examination. *See Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 449 (D. Conn. 2010) ("grant[ing] the Plaintiff's motion to compel forensic imaging to be performed

---

[1] Ms. Giuffre, pursuant to this Court's direction, served Defendant with a detailed agenda for a meet and confer call on the topic of Defendant's electronic discovery. *See* McCawley Decl. at Exhibit 5, Correspondence from Sigrid McCawley. In addition, Ms. Giuffre also sent Defendant a detailed ESI Protocol on March 10, 2016, which was rejected by the Defendant. *See* McCawley Decl. at Exhibit 6.

[2] It is notable that, prior to Ms. Giuffre filing the instant motion, Defendant had produced a mere ***two documents*** in response to Ms. Giuffre's First Request for Production. Now, Defendant's counsel states that Defendant "recently produced over 700 pages of documents," yet, the bulk of those pages ███████████████████████████████████████████████████ Even if counting such marginally responsive, "filler" pages, Defendant's production is still inadequate. For example, ████████████ ███████████████████████████████████████ and Defendant has stated she had a practice of regularly deleting e-mails. Ms. Giuffre is entitled to seek and retrieve that electronic data.

by a neutral court-appointed expert" under a confidentiality agreement). Such an examination is

particularly important because Ms. Maxwell has stated in her discovery responses that she has a

practice of deleting her e-mails.  A forensic review is necessary to try to pull the deleted

materials that are relevant to this action.  Accordingly, a forensic examination of Defendant's

computers and email, conducted by a neutral expert agreed upon by the parties (or ordered by the

Court), is warranted.

## II.    ARGUMENT

### A.    Defendant Has Repeatedly Refused to Confer Regarding Their Document Collection Process

After an unequivocal and flat refusal to discuss her ESI protocols (" [w]e do not believe

we have an obligation to describe for your [sic] our document search methods"), Defendant now

acknowledges in her Response brief some willingness to do so.[3] Yet, still, she has neither

disclosed to Ms. Giuffre what preservation, collection, and production methods she employed,

nor what methods she plans to employ regarding Ms. Giuffre's Second Request for Production.

There have been no disclosures made whatsoever.

As detailed in the instant motion, Plaintiff's counsel have expended considerable sums of

money and considerable time to ensure Ms. Giuffre's compliance with her discovery obligations.

(DE 96 at 7.)  Fact discovery closes in less than two months, and Defendant has yet to disclose

information about what was done to collect Defendant's documents, stating only that her search

terms were "appropriately broad, but tailored."  Significantly, it appears that Defendant has

---

[3] It should not have taken this motion practice for Defense counsel to acknowledge their
obligations under the Federal Rules of Civil Procedure. Regardless of Defendant's refusal to
engage in ESI protocol discussions or agreements, Ms. Giuffre' counsel employed a robust
collection, search, and review methodology, as detailed in her moving brief (DE 96).  That said,
given that Defendant now seems willing to discuss her collection procedures, Ms. Giuffre will
make an additional attempt to confer with her before re-scheduling the hearing on this Motion, in
an effort to avoid any waste of judicial resources if the parties are able to narrow the issue for the
Court.

failed to produce all documents as directed by the Court in its Clarification Order and Ms.

Giuffre's Second Request for Production of Documents is still outstanding. Ms. Giuffre's

counsel is entitled to know what, if any, efforts are being employed by Defendant to comply with

discovery obligations.

Ms. Giuffre should not be required to rely on vague representations, in contravention of

the requirements under Fed. R. Civ. P. 26, particularly after she has disclosed her robust

preservation, collection, and production methods - methods that courts have found to be the best

practice to ensure compliance with Fed. R. Civ. P. 26. (DE 96 at 7-8, describing the protocol Ms.

Giuffre's employed for her ESI.)

Even more troubling, Defendant admitted at her deposition that ███████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████

████████████.

*See* McCawley Decl. at Exhibit 7, ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

For example, this Court ordered Defendant to produce documents from 1999 - present.

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████ *See* McCawley Decl. at Exhibit

8, ███████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ *See* McCawley Decl. at Exhibit 2, Message Pads. Yet, remarkably, Defendant produced not a single email to or from Ms. Dubin, despite Ms. Giuffre's request for all documents relating to communications with her.

To fulfill her requirements under Fed. R. Civ. P. 26, Defendant would have needed to employ the basic and commonly-employed steps of imaging her computer, collecting her email, and running search terms over the ESI to find responsive documents. In other words, she should have employed the same ESI procedures that Ms. Giuffre employed - a procedure endorsed by the case law, by the Southern District of New York,[4] the Sedona Conference,[5] by e-discovery treatises,[6] and by common practice. *See Stinson v. City of New York*, No. 10 CIV. 4228 RWS, 2015 WL 4610422, at *7 (S.D.N.Y. July 23, 2015) (Sweet, J.).

Since the Defendant still refuses to provide transparency into her document collection efforts as of filing this Reply brief, a forensic examination of Defendant's electronic data, conducted by a neutral expert, is appropriate to ensure that she is not wrongfully withholding discoverable material.

B. **A Forensic Examination is Warranted To Determine Whether Defendant Has Deleted or Withheld Responsive Communications**

Defendant has admitted that she regularly deletes documents. *See* McCawley Decl. at Exhibit 3, Defendant's Responses and Objections at ¶ 16. Although Defendant suggests that she stopped deleting emails once this litigation commenced, (*see* Def's Br. at 4), this representation is

---

[4] M10-468, *In re: Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York*

[5] *See the Sedona Principles for Electronic Document Production*, Second Edition, 2007, at ii.

[6] *See, e.g.*, Handbk. Fed. Civ. Disc. & Disclosure § 13:5 (3d ed.).

insufficient to ensure that Defendant has complied with her obligations in this case for several reasons.

First, Defendant was obligated to retain her electronic data when litigation was reasonably anticipated.  Defendant claims that she contemplated filing a lawsuit in 2011.  Accordingly, at a minimum, she should have been retaining her electronic data from that date forward.  Yet, Defendant admits that she was deleting emails after that point and up until this litigation began.  Additionally, ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████  A forensic expert could possibly recover Defendant's "deleted" e-mail and could possibly identify when Defendant's hard drive was wiped.  Recovery of deleted material is critical in this case because Defendant has admitted to a deletion practice.

Second, Defendant's continued secrecy – she still has not disclosed to Ms. Giuffre her preservation, collection, or production procedures – demonstrates the necessity of a forensic review. Defendant's continued refusal to disclose her methods, coupled with an insufficient production as described above, constitutes good cause for a forensic examination conducted by a neutral expert. *See Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 449 (D. Conn. 2010) ("grant[ing] the Plaintiff's motion to compel forensic imaging to be performed by a neutral court-appointed expert" under a confidentiality agreement). Such an examination is particularly important because Ms. Giuffre has outstanding document requests that were issued in her Second Request for Production.

Finally, the forensic examination would be performed at a time and in a manner that created no disruption for Defendant, so Defendant has no significant countervailing interests to

weigh against Ms. Giuffre's compelling need for the information.  Accordingly, a forensic

review of Defendant's computers and email is warranted.

> **C.**      **In the Alternative, Ms. Giuffre is Entitled to a Court Order Compelling Defendant to Implement a Transparent and Reasonable Document Collection Protocol that Includes the Imaging of Defendant's Computer, the Collection of her Email, and the Application of Robust, Mutually-Agreed Upon Search Terms**

Defendant has had multiple opportunities to negotiate a document production protocol or

describe her document collection efforts on her own accord or when asked by Ms. Giuffre.  Thus

far, she has refused to do either. Defendant's reliance on her March 14, 2016 Correspondence, as

evidence of her willingness to discuss her document collection efforts is disingenuous given that

her counsel: (1) flatly refused to discuss them when asked in a meet and confer, (2) stated that

any discussion of their collection procedures inappropriate, and (3) wrote that "[w]e do not

believe we have an obligation to describe for your [sic] our document search methods." *See*

McCawley Decl. at Exhibit 1, April 11, 2016, Letter from Laura Menninger, counsel for

Defendant.

Accordingly, if the Court determines that a forensic examination is not warranted at this

stage, Ms. Giuffre respectfully requests that the Court direct the Defendant to (1) image her

computers ████████████████████████████████████████, (2) collect her

email, (3) run robust, search terms provided by Ms. Giuffre (applicable to both Ms. Giuffre's

First and Second Request for Production) over that collected ESI to identify documents

responsive to Ms. Giuffre's Requests for Production, and (4) produce responsive documents to

Ms. Giuffre by May 16, 2016 (the day documents responsive to Ms. Giuffre's Second Request

for Production are due under Fed. R. Civ. P. 34). Such a process would, at last, fulfill

Defendant's requirements under the Federal Rules of Civil Procedure, be in accord with case law

and other authorities, and be in parity with Ms. Giuffre's ESI protocol.

7

## <u>CONCLUSION</u>

For the reasons set forth above and in Plaintiff's Motion for Forensic Examination, Ms. Giuffre requests that the Court order: (1) a neutral expert to conduct a forensic exam upon Defendant's computers and email prior to May 16, 2016, or, (2) in the alternative, order that Defendant:

    (a) image her computers;

    (b) collect her email and text messages,

    (c) run robust, mutually agreed-upon search terms (applicable for both Ms. Giuffre's First and Second Request for Production) over that collected ESI, and

    (d) produce responsive documents to Ms. Giuffre by May 16, 2016.


Dated: April 25, 2016

                    Respectfully Submitted,

                    BOIES, SCHILLER & FLEXNER LLP

          By:  <u>/s/ Sigrid McCawley</u>
                 Sigrid McCawley (Pro Hac Vice)
                 Meredith Schultz (Pro Hac Vice)
                 Boies, Schiller & Flexner LLP
                 401 E. Las Olas Blvd., Suite 1200
                 Ft. Lauderdale, FL 33301
                 (954) 356-0011

                 David Boies
                 Boies, Schiller & Flexner LLP
                 333 Main Street
                 Armonk, NY 10504

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2016, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing

document is being served this day on the individuals identified below via transmission of Notices

of Electronic Filing generated by CM/ECF.

> Laura A. Menninger, Esq.
> Jeffrey S. Pagliuca, Esq.
> HADDON, MORGAN & FOREMAN, P.C.
> 150 East 10th Avenue
> Denver, Colorado 80203
> Tel: (303) 831-7364
> Fax: (303) 832-2628
> Email: lmenninger@hmflaw.com
> Email: jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley<br>Sigrid S. McCawley