UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

## Objection to Submission of Law Enforcement Materials for In Camera Review

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislane Maxwell, by and through her attorneys, hereby objects to the Plaintiff's Submission of Law Enforcement Materials For in Camera Review and requests that the Court reject the submission and direct the Plaintiff, forthwith, to deliver any "materials" to the Defendant for the following reasons:

For months Ms. Maxwell has been requesting documents from the Plaintiff relating to her claim that there is an ongoing and active criminal investigation in which Ms. Maxwell is a target. First, Plaintiff claimed that the documents were protected by a non-existent "investigative privilege." When Ms. Maxwell demonstrated that the "investigative privilege" does not exist, Plaintiff threw up the inapplicable "public interest" privilege, the assertion of which was overruled by your Honor on April 21, 2016. The Court ordered:

> "The criminal investigation. Any materials that the plaintiff has with respect to any criminal investigations will be turned over except for any statements made by the plaintiff to law enforcement authority and those statements, if there are such, will be submitted in camera, and I will review them."

(Tr. of Apr. 21, 2016 at 21)  The Order was not confusing and no one asked for clarification.

On April 28, 2016 Plaintiff filed a document captioned "Notice of Submissions of Law Enforcement Materials For In Camera Review." (Doc. #128)

The "Notice," on its face, appears to be a violation of this Court's order of April 21, 2016. The Court ***did not*** order an *ex-parte* submission of "Law Enforcement Materials." The Order by the Court was limited to statements made by the Plaintiff, nothing else. Significantly, the "Notice" does not identify what documents have been provided to the court. And, the "Notice" does not identify if any argument was submitted to the court as part of the *ex-parte* submission. To the extent that the submission contains information other than "statements made by the plaintiff to law enforcement authority," it violates New York Rule of Professional Conduct 3.5. As noted in comment (2) of the Rule,

1

> "Unless authorized to do so by law or court order, a lawyer is prohibited from communicating ex parte with persons serving in a judicial capacity in an adjudicative proceeding, such as judges, masters or jurors, or to employees who assist them, such as law clerks. See New York Code of Judicial Conduct, Canon 3(B)(6), 22 N.Y.C.R.R. § 100.3(B)(6) "

Canon 3(A)(4) of the Code of Conduct for United States Judges provides, in relevant part:

> [A] judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.

Ms. Maxwell has not been provided with any of the documents or any argument that accompanied the submission.  Accordingly, she is unable to address the substance of any argument made to the Court related to any documents that were submitted.  To the extent that the submission contains information other than "statements made by the plaintiff to law enforcement authority," Ms. Maxwell objects to the submission and requests that the Court provide the submission, in its entirety, to Ms. Maxwell, forthwith.

Dated: April 29, 2016

2

3

      Respectfully submitted,

      */s/ Laura A. Menninger*
      Laura A. Menninger (LM-1374)
      Jeffrey S. Pagliuca
      HADDON, MORGAN AND FOREMAN, P.C.
      150 East 10th Avenue
      Denver, CO 80203
      Phone:   303.831.7364
      Fax:       303.832.2628
      lmenninger@hmflaw.com

      *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2016, I electronically served this *Objection To Submission Of Law Enforcement Materials For In Camera Review* via ECF on the following:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

                                          */s/ Nicole Simmons*
                                             Nicole Simmons