United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

### PLAINTIFF, VIRGINIA GIUFFRE'S REDACTED BRIEF IN SUPPORT OF THE PRIVILEGE CLAIMED FOR HER *IN CAMERA* SUBMISSION

Plaintiff Virginia L. Giuffre, by and through her undersigned counsel, respectfully submits the following authority for the application of the privilege claimed regarding her *in camera* submission, pursuant to the Court's Order [DE 134] dated May 2, 2016.[1]

### ARGUMENT

Statements made by witnesses to law enforcement are protected by the public interest privilege, which "exists to encourage witnesses to come forward and provide information in criminal investigations . . . without fear that the information will be disclosed." *Sanchez by Sanchez v. City of New York*, 201 A.D.2d 325, 326 (N.Y.A.D.,1994) (affirming the denial of a request for records held by the New York County District Attorney's office).[2]

---

[1] Portions of this brief are redacted because they quote from, or describe, materials from Ms. Giuffre's *in camera* submission. The non-redacted brief will be submitted for *in camera* review because, if the relief requested is granted, Ms. Giuffre will not have to disclose to Defendant the redacted portions of this Motion.

[2] By the same principle, statements made by law enforcement to a witness that reference or reveal the witness's statements are similarly protected by the public interest privilege; otherwise, the protections for witness statements would be meaningless. Accordingly, communications by law enforcement to Ms. Giuffre are privileged under the law enforcement privilege.

1

The law puts a very high burden on the Defendant in her effort to obtain access to these documents. "Accordingly, one seeking disclosure first must demonstrate a compelling and particularized need for access. General and conclusory allegations in support of an application for disclosure will not satisfy this threshold requirement." *Id*. (internal citations and quotations omitted).

The Defendant cannot meet that standard here. Indeed, she cannot approach that standard, as she has made no showing whatsoever of any compelling or particularized need for these materials. Defendant is attempting to improperly interfere with an ongoing criminal investigation, and under New York law, disclosure is unwarranted.

As a witness making statements to law enforcement (including making statements by and through her attorneys), Ms. Giuffre had an expectation of privacy in her communications with law enforcement. *See* Sanchez, 201 A.D.2d at 326 (statements with law enforcement are privileged). These communications are protected by New York's public interest privilege. Furthermore, through her *in camera* submission, Ms. Giuffre has demonstrated that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Declaration of Sigrid McCawley ("McCawley Decl.) at Exhibit 1, LE000001-LE000002 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

To protect the public interest, the law imposes a high burden on Defendant's effort to obtain access to these documents involving an on-going law enforcement investigation. *See*

*Sanchez*, 201 A.D.2d at 326. Since the privilege surrounding communications with law enforcement "exists to encourage witnesses to come forward and provide information in criminal investigations . . . without fear that the information will be disclosed," and since parties must make a showing of "a compelling and particularized need for access," to such privileged communications, *Sanchez*, 201 A.D.2d at 326, courts must balance competing concerns in applying the public interest privilege.[3] "Since the term 'public interest' is flexible, a judicial determination must be made on the specific facts of each case to determine if sufficient potential harm to the public interest exists to render the privilege operable." *Labarbera v. Ulster Cty. Soc'y for Prevention of Cruelty to Animals*, 716 N.Y.S.2d 421, 422 (N.Y. App. Div. 2000) (citations omitted). In making that determination, the Court "must balance the harmful effect of disclosure to the public interest against the injury imposed on the party seeking the confidential information by nondisclosure. If disclosure would be more harmful to the public interest than nondisclosure is to the party seeking the information, disclosure must be denied." *Labarbera*, 716 N.Y.S.2d at 422.

Here, the balance of interests tips decisively against forcing Ms. Giuffre to disclose any communications with law enforcement regarding any ongoing investigation.[4] Defendant has made no demonstration of any need for the materials, much less the compelling and particularized need

---

[3] *See also* McCawley Decl. at Exhibit 2, 1 Modern New York Discovery § 23:38 (2d ed. updated through Aug. 2015) ("The public interest privilege extends to confidential communications made to public officers in the performance of the officers' duties, and for which disclosure would harm the public interest by removing the protection afforded by confidentiality.").

[4] Ms. Giuffre notes that if she were to produce **any one of the law enforcement materials** sought by Defendant, that production would necessarily reveal the identity of the law enforcement entity, and Defendant has made no showing that she is entitled to that information, nor that the "potential harm to the public interest" is outweighed by any interest that could be ascribed to Defendant. Indeed, Ms. Giuffre has made a showing that all such materials identifying the law enforcement entity should be protected from disclosure. *See* LE000001-LE000002.

3

for access required by controlling case law.[5] And weighed against that non-existent need for the information, there is a compelling need to keep these materials confidential. The ability of the law enforcement agency to conduct its investigation unimpeded will be impaired if Ms. Giuffre is forced to disclose the information. *Accord In re The City of New York*, 607 F3d 923, 947 (2d Cir 2010) (granting mandamus relief with regard to District Court's order granting motion to compel police reports, and holding that though the District Court correctly determined that the law enforcement privilege applied to the police reports, it (1) committed clear error when it failed to apply a strong presumption against lifting the privilege; (2) committed clear error when it failed to require a showing of a compelling need for the police reports; and (3) committed clear error when it held that plaintiffs' need for the police reports outweighed the strong presumption against disclosure). *See also Klein v. Lake George Park Comm'n*, 261 A.D.2d 774, 775 (N.Y.A.D.,1999) (denying pre-action discovery of the source of an allegation made to a governmental entity regarding environmental damage); *Brady v Ottaway Newspapers, Inc.*, 97 A.D.2d 451, 452 (N.Y.A.D.,1983) (confidential file of State Police regarding investigation into municipal police corruption not discoverable in defamation action); *Martin A. v. Gross*, 194 A.D.2d 195, 201-205 (N.Y.A.D.,1993) (internal report of municipal agency which investigated death of foster child not discoverable in action alleging negligence in foster care placement); *Lowrance v State*, 185 A.D.2d 268, 269 (N.Y.A.D.,1992) (Inspector General's investigative files regarding incident in correctional facility not discoverable by inmate).

---

[5] In her first Motion to Compel (DE 75), Defendant wholly fails to make any representation that she has any need whatsoever for law enforcement materials. In her second Motion to Compel (DE 101), she makes the general and conclusory allegation that she "has a significant interest in knowing about the investigation so that she can appropriately respond and assess any claim of privilege." Seeking documents in order to assess claims of privilege over the very documents she seeks is **not** a compelling and particularized need for access, particularly when weighed against the compelling need for law enforcement to conduct its investigation unimpeded.

Moreover, Ms. Giuffre has grounds to assert the public interest privilege, and Defendant has not cited any case holding that Ms. Giuffre cannot make this claim of privilege.[6] *See* McCawley Decl. at Exhibit 3, 7 Carmody-Wait 2d, New York Practice § 42:178 ("A public-interest privilege, **which permits appropriate parties to protect information from ordinary disclosure,** inheres in certain confidential communications in the care and custody of governmental or private entities, where the public interest requires that such confidential communications or their sources should not be divulged.") (emphasis added). The materials sought are also in the care and custody of governmental entities. Of course, if Defendant could not obtain the same information from the law enforcement agency itself, the Defendant should not be permitted to make an "end run" around that prohibition by seeking the same information from the crime victim herself. Therefore, Ms. Giuffre is the "appropriate party" to protect the information from disclosure, particularly as the governmental entity is not a party to this action.

## CONCLUSION

Therefore, based on the foregoing, Ms. Giuffre respectfully requests that this Court allow the materials at issue to remain sealed until such time as the law enforcement agency makes its investigation known to the public.

Dated: May 4, 2016

                                             Respectfully Submitted,

                                             BOIES, SCHILLER & FLEXNER LLP

                                             By: /s/ Sigrid McCawley
                                                   Sigrid McCawley (Pro Hac Vice)

---

[6] Defendant cites *United States v. Reynolds,* 345 U.S. 1 (1953) for the proposition that Ms. Giuffre cannot invoke the public interest privilege, a New York common law privilege. This is incorrect. *Reynolds*, a 63-year-old case, does not address the issue of New York's public interest privilege, but, instead, addresses the privilege protecting military and state secrets within Federal Tort Claims Act cases. Therefore, it is not even relevant authority.

        Meredith Schultz (Pro Hac Vice)
        Boies, Schiller & Flexner LLP
        401 E. Las Olas Blvd., Suite 1200
        Ft. Lauderdale, FL 33301
        (954) 356-0011

        David Boies
        Boies, Schiller & Flexner LLP
        333 Main Street
        Armonk, NY 10504

        Paul G. Cassell (Pro Hac Vice)
        Ronald N. Boyce Presidential Professor of Criminal Law
        S.J. Quinney College of Law at the University of Utah
        383 S. University St.
        Salt Lake City, UT 84112-0730
        (801) 585-5202 (phone)[7]
        (801) 585-2750 (fax)
        cassellp@law.utah.edu

        Bradley Edwards (Pro Hac Vice)
        Farmer, Jaffe, Weissing, Edwards,
          Fistos & Lehrman, P.L.
        425 North Andrews Avenue, Suite 2
        Fort Lauderdale, Florida 33301
        Tel: (954) 524-2820
        Fax: (954) 524-2822
        Email: brad@pathtojustice.com

---

[7] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 4, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey S. Pagliuca, , Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>Email: jpagliuca@hmflaw.com

>/s/ Sigrid S. McCawley
>Sigrid S. McCawley