# EXHIBIT 2

Case 1:15-cv-07433-LAP   Document 140-2   Filed 05/04/16   Page 2 of 3

§ 23:38."Public interest" privilege, 1 Modern New York Discovery § 23:38 (2d ed.)

1 Modern New York Discovery § 23:38 (2d ed.)

Modern New York Discovery
Database updated August 2015
Anne M. Payne and Arlene Zalayet
PART C. Scope of Disclosure
Chapter 23. Privilege, In General
III. Particular Privileges
D. Other Particular Privileges

References

§ 23:38. "Public interest" privilege

The "public interest privilege" inheres in certain official confidential information in the care and custody of governmental entities, which permits the appropriate parties to protect the information from ordinary disclosure as an exception to liberal discovery rubrics.[1] The justification for the privilege is that the public interest might otherwise be harmed if extremely sensitive material were to lose this special shield of confidentiality.[2]
Whether the privilege applies is determined by balancing the needs of the plaintiffs against the needs of the public interest.[3] The court must calibrate the need of a litigant for information with the government's duty to try to prevent similar occurrences and to maintain the public peace and welfare.[4] Among the governmental or public interests that may be considered in making this determination is the need to protect building security and anti-terrorism planning at public buildings from disclosure.[5] A municipality's status as a plaintiff is one factor for a court to consider in determining whether the public interest privilege may be invoked in a particular situation,[6] although it has also been stated that the privilege may not be invoked when the government itself brings suit.[7] However, the conclusory assertion of a general harm to the public good if the disputed documents are disclosed is inadequate to justify invoking the public interest privilege; there must be proof of harm to the public interest if disclosure were to occur.[8] Similarly, a conclusory assertion of usefulness if disclosed is insufficient to warrant disclosure of otherwise privileged documents.[9]
The public interest privilege may only be invoked by entities that perform an essential governmental function.[10]

**Comment:**
This "public interest" privilege for official government information has been described in the Practice Commentaries as "… a nebulous category presumably subsumed at least in some measure by the Freedom of Information Law and its qualifications and exceptions."[11] The Commentaries go on to note that if there is indeed a privilege involved, there can be nothing to balance, as privileges are absolute and nothing need be produced; thus, the Commentaries argue that it is conceptually peculiar to use a balancing test to determine whether there's a privilege in the first place.[12]

Once the public interest privilege has been determined to be applicable to protect information in the possession of a governmental agency, private litigant may obtain such information only if the overriding public interest requires its disclosure to prevent injustice.[13]
The Freedom of Information Law[14] does not abolish the common law privilege for official information.[15]

Westlaw. © 2015 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

[1]   In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999); Zampatori v. United Parcel Service, 94 A.D.2d 974, 463 N.Y.S.2d 977 (4th Dep't 1983) (privilege attaches only to certain confidential communications between public officers in performance of their duties).
      The public interest privilege extends to confidential communications made to public officers in the performance of the officers duties, and for which disclosure would harm the public interest by removing the protection afforded by confidentiality. Thus, where the plaintiffs are a group of infants alleging sexual abuse by the defendant, the defendant is not entitled to disclosure of

§ 23:38."Public interest" privilege, 1 Modern New York Discovery § 23:38 (2d ed.)

  criminal investigation files pertaining to nonparty victims. Nevertheless, the criminal investigation files pertaining to the infant parties are not similarly protected and may be disclosed upon a showing of good cause. Doe v. Riback, 7 Misc. 3d 341, 788 N.Y.S.2d 590 (Sup 2005).

[2]  In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999).

[3]  In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999); Lamitie v. Emerson Elec. Co. - White Rodgers Div., 142 A.D.2d 293, 535 N.Y.S.2d 650 (3d Dep't 1988) (declining to create a "critical self-analysis privilege" to protect manufacturers from discovery in a personal injury action of communications between the manufacturer and the Consumer Product Safety Commission concerning the product).
  In deciding whether "confidential" government information should be disclosed, courts must exercise their discretion by balancing the need for disclosure, the availability of the information elsewhere, the facts of the case, the sensitivity of the information in question, and the advantages of preserving its confidentiality. LaValle v. State, 185 Misc. 2d 699, 713 N.Y.S.2d 844 (Sup 2000) (noting that the privilege could be easily abused, serving as a cloak for official misconduct).

[4]  In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999).

[5]  In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999); In re Park and Park Addition in Borough of Manhattan, City of New York, 43 Misc. 2d 173, 250 N.Y.S.2d 664 (Sup 1964) (recognizing rule).

[6]  City of New York v. Keene Corp., 304 A.D.2d 119, 756 N.Y.S.2d 536 (1st Dep't 2003).

[7]  Burke v. Yudelson, 81 Misc. 2d 870, 368 N.Y.S.2d 779 (Sup 1975), judgment aff'd, 51 A.D.2d 673, 378 N.Y.S.2d 165 (4th Dep't 1976).

[8]  City of New York v. Keene Corp., 304 A.D.2d 119, 756 N.Y.S.2d 536 (1st Dep't 2003); Corporation of Lloyd's v. Cameron-Webb, 158 A.D.2d 651, 552 N.Y.S.2d 122 (2d Dep't 1990).

[9]  Melendez v. City of New York, 109 A.D.2d 13, 489 N.Y.S.2d 741 (1st Dep't 1985).

[10]  In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999) (holding that the Port Authority of New York performed an essential governmental function).

[11]  NY CPLR Rule 3101.

[12]  NY CPLR Rule 3101.

[13]  City of New York v. BusTop Shelters, Inc., 104 Misc. 2d 702, 428 N.Y.S.2d 784 (Sup 1980).

[14]  For a general discussion of FOIL, see § 19:9.

[15]  Cirale v. 80 Pine St. Corp., 35 N.Y.2d 113, 359 N.Y.S.2d 1, 316 N.E.2d 301 (1974).

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.