# EXHIBIT 3

7 Carmody-Wait 2d § 42:178

Carmody-Wait 2d New York Practice with Forms
March 2016 Update
Chapter 42. Disclosure

William H. Danne, Jr. J.D., John J. Dvorske, J.D., M.A., Tracy Bateman Farrell, J.D., Thomas M. Fleming, J.D., Tammy E. Hinshaw, J.D., John A. Gebauer, J.D., Anne E. Melley, J.D., LL.M., of the staff of the National Legal Research Group, Inc., Tom Muskus, J.D., Caralyn M. Ross J.D., Elizabeth Williams, J.D., and Judy E. Zelin, J.D.

V. Privileged Communications and Confidential Matters
D. Particular Privileges and Confidential Matters Under Common Law

Summary Correlation Table References

§ 42:178. Public-interest privilege

**West's Key Number Digest**

**West's Key Number Digest, Privileged Communications and Confidentiality ⚷=357**
A public-interest privilege, which permits appropriate parties to protect information from ordinary disclosure, inheres in certain confidential communications in the care and custody of governmental or private entities, where the public interest requires that such confidential communications or their sources should not be divulged.[1] The public interest privilege is accorded confidential communications to public officers in the performance of their duties when the public interest would be harmed by removal of the protection of confidentiality.[2] The justification for the privilege is that the public interest might otherwise be harmed if extremely sensitive material were to lose this special shield of confidentiality.[3]

**Illustrations:**

In actions arising out of the World Trade Center (WTC) bombing, in which the plaintiffs alleged injuries resulting from the negligent failure of the defendant Port Authority of New York and New Jersey to implement security measures, the defendant was not required, as a matter of law, to disclose the WTC security-related plans and documents at issue; rather, an in camera assessment of the disputed documents was deemed necessary to weigh whether the particular requested documents are shielded by a public-interest privilege against disclosure of confidential communications.[4]

The public interest privilege applied, in a civil action against a doctor by alleged minor victims of sexual abuse, to bar disclosure of documents related to police officers' questioning of nonparty victims in connection with a criminal investigation of the doctor, inasmuch as disclosure could imperil future investigations and have a chilling effect with respect to future reporting of crimes, and there was no showing that such investigations had any relevancy to the civil action.[5]

However, the public interest privilege did not apply to bar, in a civil action against a doctor by alleged minor victims of sexual abuse, disclosure of the town's criminal investigative files related to victims who were parties to the action, inasmuch as it was highly unlikely that disclosure would have a chilling effect on future reporting of crimes, there was no showing that criminal investigations related to plaintiffs were pending, and the possibility that the doctor could make use of the requested materials if his related criminal conviction was reversed on appeal was speculative and dependent upon future events that might not occur.[6]

The broad, conclusory assertion by a city's school construction authority and target of its investigation that confidentiality was necessary to the pending investigation and vital to public safety because it encouraged potential witnesses to provide information to the authority's inspector general was insufficient to invoke the public interest privilege against discovery in

§ 42:178.Public-interest privilege, 7 Carmody-Wait 2d § 42:178

the contractor's suit alleging diversion of Lien Law trust funds; no potential harm was identified, such as a threat to public security or danger to a confidential informant, and the requested information was not provided in an alternate form.[7]

The public interest privilege did not protect alleged invasion of thought processes and policy-making functions of supervisors of a municipal employee, through disclosure of the employee's personnel file which consisted mainly of evaluations, since the information sought was material and necessary to the claims in the case, and the candor of the employee's evaluators would not have been diminished by the speculative prospect that their evaluations might have been discoverable in a civil action.[8]

A municipality does not absolutely waive its public-interest privilege when it commences an action. Rather, the court engages in a fact-specific balancing assessment in which a municipality's status as a plaintiff is merely one factor to be considered. Whether a public-interest privilege attaches is a fact-specific determination requiring a court to balance a litigant's need for information against the municipality's duty to protect the public good.[9] The mere showing by a private litigant in a civil case that information sought would be helpful to secure useful testimony is not enough to override a demonstrated or manifest potential harm to the public good. The court must balance the needs of the litigant with the government's duty to try to prevent similar occurrences and to maintain the public peace and welfare.[10] "Public interest" encompasses not only the needs of the government, but also the societal interests in redressing private wrongs and arriving at a just result in private litigation.[11] The balancing that is required goes to the determination of the harm to the overall public interest, and once it is shown that disclosure would be more harmful to the interests of the government than the interests of the party seeking the information, the overall public interest on balance would then be better served by nondisclosure.[12] To avoid abuse of the public interest privilege against discovery, specific support is required to invoke it.[13]

**CUMULATIVE SUPPLEMENT**

**Cases:**

Supreme Court abused its discretion in granting plaintiffs' motion to compel the disclosure of certain documents in action against county concerning personal injuries plaintiffs allegedly sustained in a multi-vehicle accident without first requiring their production and reviewing them, in camera, so that the county's assertion of the public interest privilege could be evaluated on the merits. Zheng v. Bermeo, 114 A.D.3d 743, 980 N.Y.S.2d 541 (2d Dep't 2014).

Balancing of public interest in disclosure against public interest in secrecy of the grand jury favored disclosure of banking records of alleged perpetrators of a Ponzi scheme, which were in possession of county district attorney in connection with a pending grand jury investigation, in action brought against perpetrators by alleged victim of the scheme. McKinney's CPL § 190.25(4). Aiani v. Donovan, 98 A.D.3d 972, 950 N.Y.S.2d 745 (2d Dep't 2012).

**[END OF SUPPLEMENT]**

Westlaw. © 2016 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1   In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999)

2   Doe v. Riback, 7 Misc. 3d 341, 788 N.Y.S.2d 590 (Sup 2005)

3   In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999)

4   In re World Trade Center Bombing Litigation, 93 N.Y.2d 1, 686 N.Y.S.2d 743, 709 N.E.2d 452 (1999)

§ 42:178.Public-interest privilege, 7 Carmody-Wait 2d § 42:178

| | |
|---|---|
| 5 | Doe v. Riback, 7 Misc. 3d 341, 788 N.Y.S.2d 590 (Sup 2005) |
| 6 | Doe v. Riback, 7 Misc. 3d 341, 788 N.Y.S.2d 590 (Sup 2005) |
| 7 | Colgate Scaffolding & Equipment Corp. v. York Hunter City Services, Inc., 14 A.D.3d 345, 787 N.Y.S.2d 305 (1st Dep't 2005) |
| 8 | Weingard v. City of New York, 9 Misc. 3d 891, 804 N.Y.S.2d 537 (Sup 2003) |
| 9 | City of New York v. Keene Corp., 304 A.D.2d 119, 756 N.Y.S.2d 536 (1st Dep't 2003) |
| 10 | Doe v. Riback, 7 Misc. 3d 341, 788 N.Y.S.2d 590 (Sup 2005) |
| 11 | Colgate Scaffolding & Equipment Corp. v. York Hunter City Services, Inc., 14 A.D.3d 345, 787 N.Y.S.2d 305 (1st Dep't 2005) |
| 12 | City of New York v. Keene Corp., 304 A.D.2d 119, 756 N.Y.S.2d 536 (1st Dep't 2003) |
| 13 | Colgate Scaffolding & Equipment Corp. v. York Hunter City Services, Inc., 14 A.D.3d 345, 787 N.Y.S.2d 305 (1st Dep't 2005) |

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.