# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

**15-cv-07433-RWS**

----------------------------------------------------X

### Defendant's Reply In Opposition to *In Camera* Submission

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

## INTRODUCTION

Plaintiff has improperly re-raised an issue that she litigated and lost.  No basis exists for the Plaintiff, a private litigant who has publicly disclosed volumes of information related to her allegations, to claim that letters or emails from her lawyers or other documents sent to any law enforcement agency are protected by any privilege.  Plaintiff lacks standing to raise the issue and her privilege assertion should be rejected, again, for the following reasons:

## ARGUMENT

### I.     PLAINTIFF'S VIOLATION OF THIS COURT'S ORDER TO PRODUCE DOCUMENTS IS NOT AN OPPORTUNITY FOR HER TO RE-LITIGATE THE ISSUE.

Plaintiff has been attempting to dodge the production of these documents for months.  First, Plaintiff claimed that the documents were protected by a non-existent "investigative privilege."  When Ms. Maxwell demonstrated that the "investigative privilege" did not exist, Plaintiff threw up the inapplicable "public interest" privilege, the assertion of which was overruled by the Court on April 21, 2016.

The Court Ordered:

"The criminal investigation. Any materials that the plaintiff has with respect to any criminal investigations will be turned over except for any statements made by the plaintiff to law enforcement authority and those statements, if there are such, will be submitted in camera, and I will review them."
(Tr. of Apr. 21, 2016 at 21)

Instead of complying, Plaintiff, apparently, submitted all of the documents to the Court for an *in camera* review.  In support of this transparent attempt to delay production of the documents until after Plaintiff's deposition (which occurred on May 3, 2016), Plaintiff obtusely attempts to construe  a summary statement by the Court at the conclusion of the proceedings as leave to ignore the plain meaning of the Order.  Wrapping up the proceedings on April 21, 2016,

1

in response to a question by Ms. Menninger, the Court stated: "Anything that has been submitted to any law enforcement officer by the plaintiff I will take in camera. Anything other than that with respect to any law enforcement should be produced." (This was simply a recap of the earlier ruling, not an invitation for Plaintiff to add the words "or her lawyers." (Tr. of Apr. 21, 2016 at 24). Moreover, Plaintiff ignores the fact that she has listed communications from some agency to her lawyers on her deficient privilege log. These communications are not statements by Plaintiff or statements by her lawyers. Nevertheless, Plaintiff continues to withhold the documents, and simply pretends that Ms. Maxwell's Motion to Compel production of these documents had not been granted.

Plaintiff did not move for a reconsideration or clarification of the Order. Instead, she slyly submitted the documents for review by the Court and now attempts to re-litigate an issue that was briefed, argued, and decided. Having never been provided with an appropriate privilege log, Ms. Maxwell has only a vague idea of what has been submitted to the Court and has been prejudiced in her ability to respond.

The Court should reject this attempt to re-litigate this issue. Had the Plaintiff filed a proper motion for reconsideration it would have failed under controlling law. A court should grant the motion "only if the moving party presents [factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." *Morser v. AT&T Information Systems,* 715 F.Supp. 516, 517 (S.D.N.Y. 1989) (Sweet, J.); *see also Violette v. Armonk Assocs., L.P.,* 823 F.Supp. 224, 226 (S.D.N.Y. 1993). Moreover, a motion for reconsideration may not be used to plug gaps in an original argument (*see McMahan & Co. v. Donaldson, Lufkin & Jenrette Securities Corp.,* 727 F.Supp. 833, 833–34 (S.D.N.Y. 1989)) or "to argue in the alternative once a decision has been made."

2

Nothing new has been presented to the Court by Plaintiff and the *de facto* motion for reconsideration should be denied.

## II.     PLAINTIFF, A PRIVATE LITIGANT WHO HAS PUBLICLY ACCUSED MS. MAXWELL OF CRIMES (AND PUBLISHED PURPORTED DIARY EXCERPTS ABOUT IT), CANNOT INVOKE THE PUBLIC INTEREST PRIVILEGE

The "public interest privilege" also known as the "law enforcement privilege"[1]provides that "'official information' in the hands of governmental agencies has been deemed, in certain contexts, privileged." *Cirale v. 80 Pine Street Corp.,* 35 N.Y. 2d 113 (1974).  "The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."  *See In re Dep't of Investigation of City of N.Y.*, 851 F.2d 481, 484 (2d Cir. 1988).  The information being withheld by Plaintiff is not "official"; is not "in the hands of a governmental agency"; and in the context of this case is decidedly not privileged.

Because Ms. Maxwell has only been provided with Plaintiff's deficient Supplemental Privilege Log she does not know what types of documents the Plaintiff submitted to the Court. Regardless, Plaintiff had the burden of establishing that the privilege applies to the documents in question.  *In Re The City of New York,* 607 F.3d 923,944 (2nd Cir.  2010).  She failed to do so and, given the nature of the documents, cannot do so, for a number of reasons.

First, the documents are not "official information."  The documents are a series of exchanges initiated by Plaintiff's lawyers in an attempt to advance Plaintiff's economic interests. The documents do not contain the internal communications of law enforcement or relate to law

---

[1] *See, e.g. In Re The City of New York*, 607 F.3d 923, (2nd Cir. 2010).

enforcement techniques or procedures.  Given that Plaintiff has filed a lawsuit, injected the issue

into the litigation, and published her allegations in the media, it is incredible to suggest that the

documents are such that revealing the documents would endanger witnesses or law enforcement

personnel or the privacy of individuals involved in the investigation.

Second, the information is not "in the hands of a governmental agency."  Plaintiff is a

private litigant, not a governmental agency.  Ms. Maxwell has not issued any subpoena to any

law enforcement agency or governmental agency for any of the information in its possession.

Tellingly, no law enforcement or governmental agency has moved to intervene in this case to

assert any privilege which is held by that agency, not the Plaintiff.  *See Brady v. Ottaway*

*Newspapers*, 97 A.D. 2d 451, 451 (1983) (although New York State Police was not a party to the

underlying defamation action, it had standing to assert and appeal  the trial court's order

requiring disclosure of its police reports).  Although Ms. Maxwell does not have any description

of any document sent to the Plaintiff by any agency, she is confident that none of the documents

were restricted, in any way, by the agency.  Moreover, if any agency viewed the material as

privileged it would be the proper non-party to assert the claimed privilege.

Plaintiff does not articulate why the documents are "official" or how they are "in the

hands of a governmental agency" and how she, as a private litigant has standing to assert the

government's privilege.  Accordingly, she has failed to meet her burden of establishing how any

of the material is subject to any claim of privilege.

## III.    PLAINTIFF HAS NO EXPECTATION OF PRIVACY IN THE MATERIAL

Plaintiff, in her Redacted Brief in Support Of the Privilege Claimed for Her In Camera

Submission, Doc. #139, now claims that all of the materials are "statements of a witness to law

enforcement" which should not be disclosed because Plaintiff, according to Plaintiff, had an

expectation of privacy when she, or her lawyers, made these statements to law enforcement. This argument is incredible given the facts of this defamation case. Plaintiff, in publicly filed pleadings accused Ms. Maxwell and others of enslaving her when she was a minor and sexually trafficking her to powerful men around the world. She then contacted various media organizations and repeated these false allegations. Along the way, she sold her fantastical story for hundreds of thousands of dollars. When Ms. Maxwell denied the false claims made by the Plaintiff, she became the Defendant in this lawsuit.

Now, Plaintiff has admitted, apparently through her lawyers, that the allegations against Professor Dershowitz were a "mistake" and that there are other "mistakes" related to her claims including the important "mistake" about her age when the activity is alleged to have occurred.

Having made these allegations to the whole world and having publicly accused Ms. Maxwell of defamation, among other things, Plaintiff cannot now claim that she had some expectation of privacy in any statements, either her own or her lawyers, to any law enforcement agency.

## IV. THE CASES CITED BY PLAINTIFF IN HER DE FACTO MOTION TO RE-LITIGATE SUPPORT MS. MAXWELL'S POSITION

All of the cases cited by Plaintiff in her attempt to re-litigate this issue support Ms. Maxwell's position. *Sanchez by Sanchez v. City of New York*, 201 A.D. 2d 325 (N.Y.A.D. 1994), involved an attempt by the New York City Housing authority to compel the production of a statement from the custody of the New York City District Attorney. The District Attorney, a non-party to the action, objected to the production of the statement which was made during the course of the district attorney's investigation that a minor child had been raped in a building owned by the City of New York. The information was not being requested from the witness and the witness who presumably had not sold her story to various news agencies.

5

Similarly, *Labarbera v. Ulster Cty. Soc'y,* 716 N.Y.S.2d 421 (N.Y. App. Div. 2000) involved a pre-action attempt to determine the identity of a witness who made an unfounded allegation of animal cruelty to a quasi-governmental entity, the Ulster County Society for the Prevention of Cruelty to Animals.   The quasi-governmental entity opposed the disclosure.   The complaining witness had not published a book about the alleged animal cruelty, had not filed pleadings seeking to join litigation, and had not issued press releases about being a witness.   The Court, understandably, denied the CPLR 3102(c) application for pre-action disclosure because ***the agency***, the proponent of the privilege, established a specific public interest, would be jeopardized by revealing the confidential source of the information.   The court held that the public interest in preventing cruelty to animals outweighed the petitioner's interest in obtaining the name of the complainant so that he could sue the complainant for a false report.  *Id.* at 674. Here, no agency has stepped forward to complain that disclosure of information in the possession of the plaintiff or her lawyers will undermine any public interest.   Moreover, Ms. Maxwell knows by whom she is being falsely accused.  Plaintiff is not a Good Samaritan witness.   She has sought and seeks to profit from her wild accusations.   As such, she has no credible claim to privacy or that society has any interest in the non-disclosure of the documents in her possession.

The same analysis applies to *Klein v. Lake George Park Comm'n*, 261 A.D.2d 774, (N.Y.A.D. 1999), *Brady v. Ottaway Newspapers, Inc*., 97 A.D. 2d 451, (N.Y.A.D. 1983), *Martin A. v. Gross*, 194 A.D.2d 195  (N.Y.A.D. 1993) and *Lawrance v. State*, 185 A.D.2d 268 (N.Y.A.D. 1992).   In each case the agency objected to production and asserted the privilege; in each case the information had not already been widely disseminated; and in each case the information was not in the possession of a plaintiff in a case where the allegations were central to the claims and defenses in the litigation.

6

*In Re The City of New York*, 607 F.3d 923, (2nd Cir. 2010), also supports Ms. Maxwell, not the Plaintiff.  Again, the government was asserting the privilege and bore the burden of establishing the types of documents were within the exception.  The documents were not in the possession of a private litigant.  The Court identified protected information as information pertaining to law enforcement techniques and procedures (not applicable to Plaintiff), information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation (not applicable to Plaintiff), and information that would otherwise interfere with an investigation (also not applicable to Plaintiff).  *Id*. at 944.

## CONCLUSION

No basis exists to allow the continued stonewalling by Plaintiff with respect to these documents.  The Court should reaffirm its prior ruling and order production of the information forthwith.  Ms. Maxwell also request that the Court enter an order requiring that Plaintiff pay reasonable fees and costs associated with this motion.

Dated: May 9, 2016.

Respectfully submitted,

*/s/ Jeffrey S. Pagliuca*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

7

**CERTIFICATE OF SERVICE**

I certify that on May 9, 2016, I electronically served this *Defendant's Reply In Opposition to In Camera Submission* via ECF on all counsel of record including:

Sigrid S. McCawley
Meridith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
S.J. Quinney College of Law, University of
Utah
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

*/s/ Nicole Simmons*
Nicole Simmons

8