UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

     Plaintiff,

v.

GHISLAINE MAXWELL,

     Defendant.

15-cv-07433-RWS

-------------------------------------------------X

**Defendant's Combined Response to Plaintiff's Motion to Compel Defendant
to Answer Deposition Questions Filed Under Seal and
<u>Motion to Terminate or Limit Pursuant to F.R.Civ.P. 30(d)(3)</u>**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

## INTRODUCTION

Defendant, Ghislaine Maxwell, through her attorneys, responds to Plaintiff's Motion to Compel Defendant to Answer Deposition Questions Filed Under Seal (Doc. # 143 ) ("Motion" ). Ms. Maxwell, pursuant to Rule 30(d)(3) of the Federal Rules of Civil Procedure, moves to prohibit Plaintiff from asking her questions about any adult, ▮▮▮▮▮▮▮▮ In support of her requests, Ms. Maxwell states:

Plaintiff initiated this action purportedly in reaction to statements attributed to Ghislaine Maxwell on January 3, and 4, 2015.  The first of the two statements, according to Plaintiff's complaint, was issued by Ross Gow in the United Kingdom.  The second was made by Ms. Maxwell in New York when she was accosted by reporters on the street.  Both statements were brief, contained no factual content, and can best be described as general denials of allegations made by Plaintiff against Ms. Maxwell, to wit, that Ms. Maxwell "assisted" and participated in sexual abuse of the Plaintiff between 1999 and 2002.

Plaintiff does not claim that any sexual abuse occurred after 2002 or that she had any contact with Ms. Maxwell after 2002.  Indeed, according to Plaintiff, in 2002 she relocated, first to Thailand and then to Australia, where she married and started a family.  Given that she has been thousands of miles away from the United States for more than a decade it is unlikely that Plaintiff has any personal knowledge about events involving Jeffrey Epstein after she left the country and broke off all contact with both Mr. Epstein and Ms. Maxwell.

This lawsuit presents one relatively simple question:  is Plaintiff's claim that she was sexually abused by Jeffrey Epstein between 1999 and 2002 "with the assistance and participation of" Ms. Maxwell substantially true?  In light of this one simple question, ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

Plaintiff deposed ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

█████████████████████████

██████████████████████████

███████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████

█████████████████████████████

███████████████████████████

████████████████████████████████

██████████████████████████████

█████████████████████████████████

███████████████████████████████████████

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This is a very reasonable line given the subject matter of this defamation action, *i.e.,* did Ms. Maxwell assist Mr. Epstein in the sexual trafficking of the Plaintiff from 1999 to 2002. The ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party …."

Although the scope of discovery is deliberately broad, a Court is not "required to permit plaintiff to engage in a `fishing expedition' in the hope of supporting [her] his claim.'" *McGee v. Hayes, 43 Fed.Appx.* 214, 217 (10th Cir. 2002) (unpublished opinion). *See Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. 2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support") (quotations omitted); *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983) (courts should remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests") (quotation omitted). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotation omitted).

3

Although relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 041, 1998 WL 9181, at *2 (N.D.I11.1998) (quoting *Piacenti v. Gen. Motors Corp.,* 173 F.R.D. 221, 223 (N.D.I11.1997)).  Courts have also recognized that "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery."  *Id*. (quotation omitted).

Under Rule 26(c) of the Federal Rules of Civil Procedure any party may move the court, for good cause shown, for a protective order regarding pretrial discovery "which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R.Civ.P. 26(c). "Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Company v. Rhinehart,* 467 U.S. 20, 35 (U.S. 1984).

It is important to consider that Ms. Maxwell is the ***defendant*** in this action.  She has not put her private affairs at issue.  She simply denied that she assisted Jeffrey Epstein in the sexual trafficking of the Plaintiff.  She stated that claims made by Plaintiff about her are "untrue" and contain "obvious lies". ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████

It is also important to recognize that Ms. Maxwell is not Mr. Epstein and Mr. Epstein's alleged conduct after Plaintiff left the country is not an issue in this defamation case.  The

4

Plaintiff has no personal knowledge of any of Mr. Epstein's activities after 2002.  Accordingly, any statements by Plaintiff about Mr. Epstein's activities occurring after 2002 are her opinions, not facts that are subject to any defamation claim.

In an attempt to avoid the obvious problems with the non-relevant, highly intrusive, overbroad, and in most instances technically objectionable questions, Plaintiff has created a new theory: ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████

In *Conduit v. Dunn*, 225 F.R.D. 100 (S.D.N.Y. 2004), the court considered the reverse of the issue presented here.  Mr. Conduit, a former United States Congressman brought a defamation action against a media commentator based on statements made regarding the disappearance and death of a Washington intern. The defendant filed a motion to compel the plaintiff to provide deposition testimony regarding his sexual relationships which was opposed by the plaintiff who requested a protective order.  Although the court allowed for a limited inquiry into the Plaintiff's sexual relationships it did so in large part because the Courts in the District of New York have:

> adamantly refused to allow a litigant to invoke privilege to protect discovery of information **relating to the matter the litigant put directly at issue**. *Sanofi–Synthelabo v. Apotex*, Inc., 299 F.Supp.2d 303, 308–09 (S.D.N.Y.2004) (finding it unfair for complainant to assert contentions to the court and then to rely on privilege to block disclosure of materials that might disprove or undermine those contentions). This holds true in defamation cases. *Cf. Weber v. Multimedia Entm't*, No. 97 Civ. 0682, 1997 WL 729039 (S.D.N.Y. Nov. 24, 1997) (allowing discovery of sexual history of plaintiff as to damages in defamation case, though plaintiff claimed irrelevancy).  *Id.* at 108 (emphasis added).

5

The court recognized that:

> New York, of course, recognizes a right to privacy arising from its own constitution and the United States Constitution. *See People v. Onofre*, 72 A.D.2d 268, 424 N.Y.S.2d 566, 568 (App.Div.1980), aff'd, 51 N.Y.2d 476, 434 N.Y.S.2d 947, 415 N.E.2d 936 (1980) ("Personal sexual conduct is a fundamental right, protected by the right to privacy."); *see, e.g., Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

[text redacted]

For [text redacted]

[text redacted]



## CONCLUSION

Dated: May 10, 2016.

Respectfully submitted,

*/s/ Jeffrey S. Pagliuca*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on May 10, 2016, I electronically served this *Defendant's Combined Response to Plaintiff's Motion to Compel Defendant to Answer Deposition Questions Filed Under Seal and Motion to Terminate or Limit Pursuant to F.R.Civ.P. 30(d)(3)* via ECF on the following:

| | |
|---|---|
| Sigrid S. McCawley<br>Meridith Schultz<br>BOIES, SCHILLER & FLEXNER, LLP<br>401 East Las Olas Boulevard, Ste. 1200<br>Ft. Lauderdale, FL 33301<br>smccawley@bsfllp.com<br>mschultz@bsfllp.com | Paul G. Cassell<br>S.J. Quinney College of Law, University of Utah<br>383 S. University Street<br>Salt Lake City, UT 84112<br>cassellp@law.utah.edu |
| Bradley J. Edwards<br>FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.<br>425 North Andrews Ave., Ste. 2<br>Ft. Lauderdale, FL 33301<br>brad@pathtojustice.com | |

*/s/ Nicole Simmons*
Nicole Simmons