# EXHIBIT G

Unidentified "Professionals"

| Log ID | Email Sent Date | Email From | Email To | CC Address | Subject Matter | Type of Privilege | Privilege Action | Page Count | Doc Type |
|---|---|---|---|---|---|---|---|---|---|
| 125 | Emails, letters, and other communicat ions from 2011 - Present | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson (and other , Sigrid McCawley, Meredith Schultz, David Boies, Jack Scarola, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice and representation | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson, Sigrid McCawley, Meredith Schultz, David Boies, Jack Scarola, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice and representation | | Plaintiff has objected that Defendant's requests are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are not reasonably calculated to lead to the discovery of admissible evidence, are not important to resolving the issues, are not relevant to any party's claim or defense, are not proportional to the needs of the case, and creates a heavy burden on Plaintiff that outweighs its benefit. Therefore, Plaintiff has employed categorical logging pursuant to Local Civil Rule 26.2(c). Correspondence re: Jane Doe #1 and Jane Doe #2 v. United States ("CVRA case"), Case no. 08-80736-CIV-Marra, pending in the Southern District of Florida. Documents withheld pursuant to the privileges asserted included communications from Ms. Giuffre to the attorneys listed seeking legal advice related to the CVRA case, communications from the attorneys to Ms. Giuffre giving legal advice or giving attorney mental impressions related to the CVRA case, communications sending or attaching attorney work product related to the CVRA case, and/or communications sending or attaching client revisions to attorney work product related to the CVRA case, and communications re evidence. | AC Privilege and Work Product/joint defense/common interest | Withheld | Appro x. 1.3K docs overla pping with other cases | |

Unidentified "Professionals"

| Log ID | Email Sent Date | Email From | Email To | CC Address | Subject Matter | Type of Privilege | Privilege Action | Page Count | Doc Type |
|---|---|---|---|---|---|---|---|---|---|
| 126 | Emails, letters, and other communications from 9/21/15 - Present | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson, Sigrid McCawley, Meredith Schultz, David Boies, Stephen Zach, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice and representation | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson, Sigrid McCawley, Meredith Schultz, David Boies, Stephen Zach, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice and | | Plaintiff has objected that Defendant's requests are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are not reasonably calculated to lead to the discovery of admissible evidence, are not important to resolving the issues, are not relevant to any party's claim or defense, are not proportional to the needs of the case, and creates a heavy burden on Plaintiff that outweighs its benefit. Therefore, Plaintiff has employed categorical logging pursuant to Local Civil Rule 26.2(c). Correspondence re: Giuffre v. Maxwell ("Maxwell case"), 15-cv-07433-RWS, pending in the Southern District of New York, since the date of filing, September 21, 2015. Documents withheld pursuant to the privileges asserted included communications from Ms. Giuffre to the attorneys listed seeking legal advice related to the Maxwell case, communications from the attorneys to Ms. Giuffre giving legal advice or giving attorney mental impressions related to the Maxwell case, communications sending or attaching attorney work product related to the Maxwell case, and/or communications sending or attaching client revisions to attorney work product related to the Maxwell case, and communications re evidence. | AC Privilege and Work Product/joint defense/common interest | Withheld | Approx. 1.3K docs overlapping with other cases | |

Unidentified "Professionals"

| Log ID | Email Sent Date | Email From | Email To | CC Address | Subject Matter | Type of Privilege | Privilege Action | Page Count | Doc Type |
|---|---|---|---|---|---|---|---|---|---|
| 127 | Emails, letters, and other communications from January 2015 - Present | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson, Sigrid McCawley, Meredith Schultz, David Boies, Stephen Zach, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice and representation | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson, Sigrid McCawley, Meredith Schultz, David Boies, Stephen Zach, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice and | | Plaintiff has objected that Defendant's requests are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are not reasonably calculated to lead to the discovery of admissible evidence, are not important to resolving the issues, are not relevant to any party's claim or defense, are not proportional to the needs of the case, and creates a heavy burden on Plaintiff that outweighs its benefit. Therefore, Plaintiff has employed categorical logging pursuant to Local Civil Rule 26.2(c). Correspondence re: Bradley Edwards and Paul Cassell v. Alan Dershowitz("Dershowitz case"), Case no. 15000072, pending in the Seventeenth Judicial Circuit, Broward County, Florida. Documents withheld pursuant to the privileges asserted included communications from Ms. Giuffre to the attorneys listed seeking legal advice related to the Dershowitz case, communications from the attorneys to Ms. Giuffre giving legal advice or giving attorney mental impressions related to the Dershowitz case, communications sending or attaching attorney work product related to the Dershowitz case, and/or communications sending or attaching client revisions to attorney work product related to the Dershowitz case, and communications re | AC Privilege and Work Product/joint defense/common interest | Withheld | Approx. 1.3K docs overlapping with other cases | |

Unidentified "Professionals"

| Log ID | Email Sent Date | Email From | Email To | CC Address | Subject Matter | Type of Privilege | Privilege Action | Page Count | Doc Type |
|---|---|---|---|---|---|---|---|---|---|
| 128 | Emails, letters, and other communications from 2009 - Present | Virginia Giuffre, Bob Josefsberg, Katherine W. Ezell, Amy Ederi, other Podhurst attorneys, Legal Assistants, and Professionals retained by attorneys to aid in the rendition of legal advice | | | Plaintiff has objected that Defendant's requests are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are not reasonably calculated to lead to the discovery of admissible evidence, are not important to resolving the issues, are not relevant to any party's claim or defense, are not proportional to the needs of the case, and creates a heavy burden on Plaintiff that outweighs its benefit. Therefore, Plaintiff has employed categorical logging pursuant to Local Civil Rule 26.2(c). Correspondence re: Jane Doe No. 102 v. Jeffrey Epstein("Epstein case"), Case No. 09-80656-CIV-Marra/Johnson (Southern District of Florida). Documents withheld pursuant to the privileges asserted included communications from Ms. Giuffre to the attorneys listed seeking legal advice related to the Epstein case, communications from the attorneys to Ms. Giuffre giving legal advice or giving attorney mental impressions related to the Epstein case, communications sending or attaching attorney work product related to the Epstein case, and/or communications sending or attaching client revisions to attorney work product related to the Epstein case, and communications re evidence. | AC Privilege and Work Product/joint defense/common interest | Withheld | Approx. 1.3K docs overlapping with other cases | |

Unidentified "Professionals"

| Log ID | Email Sent Date | Email From | Email To | CC Address | Subject Matter | Type of Privilege | Privilege Action | Page Count | Doc Type |
|---|---|---|---|---|---|---|---|---|---|
| 152 | Emails, letters, and other communications from January 2015 - Present | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson, Sigrid McCawley, Meredith Schultz, David Boies, Stephen Zach, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice | Virginia Giuffre, Brad Edwards, Paul Cassell, Brittany Henderson, Sigrid McCawley, Meredith Schultz, David Boies, Stephen Zach, Stan Pottinger, Ellen Brockman, Legal Assistants, Professionals retained by attorneys to aid in the rendition of legal advice | | Plaintiff has objected that Defendant's requests are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are not reasonably calculated to lead to the discovery of admissible evidence, are not important to resolving the issues, are not relevant to any party's claim or defense, are not proportional to the needs of the case, and creates a heavy burden on Plaintiff that outweighs its benefit. Therefore, Plaintiff has employed categorical logging pursuant to Local Civil Rule26.2(c). This categorical entry is regarding correspondencere potential legal action against entities and individuals. Documents withheld pursuant to the privileges asserted included communications from Ms. Giuffre to the attorneys listed seeking legal advice related to potential law suits, communications from the attorneys to Ms. Giuffre giving legal advice or giving attorney mental impressions related to the law suits, communications sending or attaching attorney work product related to potential lawsuits, and/or communications sending orattaching client revisions to attorney work product relatedto potential lawsuits, and communications re evidence. | AC Privilege and Work Product/joint defense/common interest | Withheld | Approx. 1.3K overlapping with other cases | |