# EXHIBIT 2

| | |
|---|---|
| **From:** | Laura Menninger <lmenninger@hmflaw.com> |
| **Sent:** | Friday, May 27, 2016 12:59 PM |
| **To:** | Brad Edwards |
| **Cc:** | Sigrid McCawley; Meredith Schultz; Paul Cassell (cassellp@law.utah.edu); Jeff Pagliuca; Brenda Rodriguez |
| **Subject:** | Re: Giuffre v. Maxwell, Case no. 15-cv-07433-RWS |

Brad -

Although we have never agreed to any dates you noticed for June depositions because we have never been provided by you a comprehensive plan for both sides to schedule their remaining depositions in the allotted time (and you have ignored our suggested plan), we will make arrangements to appear at the depositions you unilaterally scheduled on Tuesday, Wednesday and Friday of next week provided we have your agreement that we will work together to schedule the balance of remaining depositions in June for both sides.

By my count, the defense has thus far taken two fact witness depositions and you have taken one; after next week, you will have six remaining and we will have eight. That will require 14 depositions during the period June 6-30th. I believe we have ample time to complete discovery during that time frame.

If you intend to seek more than 10 depositions or to continue the discovery cut-off past July 1, then we will not be appearing at the depositions next week (again, noticed without any agreement for a comprehensive schedule for all depositions to be taken in this case and also particularly burdensome because travel to/from New York mid-week will be required). Instead, we will allow the Court to resolve your application next Thursday. I think it would be unfortunate to force the Court to micro-manage a discovery schedule which all professional attorneys should be able to handle without such intervention. It bears repeating that the vast majority of your noticed witnesses do not appear to have anything relevant to add to your client's defamation claim.

Let me know by 4:00 today whether we will be proceeding with the depositions next week or whether you will be applying to the Court to extend the discovery cut-off or to take more than the allotted ten depositions. We will need to make travel arrangements accordingly.

Thank you,
-Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
**lmenninger@hmflaw.com**
**www.hmflaw.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Brad Edwards <brad@pathtojustice.com>
**Date:** Thursday, May 26, 2016 at 3:35 PM
**To:** Laura Menninger <lmenninger@hmflaw.com>
**Cc:** Sigrid McCawley <smccawley@bsfllp.com>, Meredith Schultz <mschultz@BSFLLP.com>, Paul Cassell <cassellp@law.utah.edu>, Jeff Pagliuca <jpagliuca@hmflaw.com>, Brenda Rodriguez <brodriguez@hmflaw.com>
**Subject:** Re: Giuffre v. Maxwell, Case no. 15-cv-07433-RWS

Laura,

As I said in an email to Jeff yesterday it seems that most, if not all, of our differences can be resolved with more time to get things done. I am not going to get into a counter-productive point by point response to your letter. I am only interested in both parties getting time to do the things each needs to do before trying this case. There is nothing easy about coordinating schedules in this case, for counsel or the various witnesses. We can blame you and you can blame us but in reality we are all trying to cram a lot into a short period of time and conflicts and unpredictable issues inevitably arise.

I am interested in the conversation you mention in your letter. How much more time do we think is reasonable to complete discovery? My suggestion is that we agree to initially extend discovery 1 month - to July 31 – and present an agreed order to the court in that regard. If we find ourselves in a similar position, due to witnesses not cooperating or any other reason, we can work together to decide on another reasonable extension if the Court will approve that. I think your client and ours wants this case tried as soon as possible. But this tight discovery schedule is just causing problems. And I would think you agree that spending time with finger-pointing letters does not help anyone.

I understand that you are checking to see if you can make the depositions next week that are not in direct conflict with the hearing. I expect to be the one covering those depositions on our end so the sooner I know the better. To be clear, the depositions that we plan to proceed with next week are Tuesday, May 31st Juan Alessi in Fort Lauderdale, Wednesday, June 1st Maria Alessi in Fort Lauderdale, and Friday, June 3rd Dave Rodgers in Fort Lauderdale.

We also have two depositions the following week that we have had to coordinate with the witnesses' counsel and they have arranged their schedules so they would be difficult to move, and your proposed calendar appears to designate those dates to us but I want to confirm so there is no misunderstanding. On Monday June 7th we have scheduled Jean Luc Brunel in New York City and on Friday, June 10th we have re-scheduled Mr. Rizzo in Armonk, NY.

If we are agreeing to an extension we can discuss moving the other two depos that were scheduled that week, Dana Burns (June 8th) and Jo Jo Fontanella (June 9th) that we scheduled as we have not been contacted by their counsel at this point.

Again, I'm not looking to get into whose privilege claims are good and whose are not. It seems we can't agree with yours and you can't agree with ours. So the Court will decide and we'll go with the decision. But let's try to agree on what we can agree on, which is hopefully at least a reasonable time to attempt to complete discovery and a schedule that makes sense and doesn't have us all going crazy trying to meet short deadlines.

Email may be the best way to confer on this as I am traveling. If you could please let me know about the extension by tomorrow at noon and about the depositions for next week and Mr. Brunel and Mr. Rizzo's depositions the following week that would be helpful. I look forward to hearing back from you and hopefully working together in a productive way aimed at eventually bringing this case in for a landing.

Brad


Sent from my iPhone

On May 26, 2016, at 1:24 PM, Laura Menninger <lmenninger@hmflaw.com> wrote:

2