# EXHIBIT 6

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 15-000072

BRADLEY J. EDWARDS and
PAUL G. CASSELL,

    Plaintiffs/Counterclaim Defendants,

vs.

ALAN M. DERSHOWITZ,

    Defendant/Counterclaim Plaintiff.

_____/

## DEFENDANT/COUNTERCLAIM PLAINTIFF ALAN M. DERSHOWITZ'S MOTION FOR FINDING OF WAIVER BASED ON PLAINTIFFS' FAILURE TO PROVIDE A PRIVILEGE LOG OR, IN THE ALTERNATIVE, TO COMPEL PLAINTIFFS TO PROVIDE AN ITEMIZED PRIVILEGE LOG

Defendant/Counterclaim Plaintiff ALAN M. DERSHOWITZ ("Dershowitz") respectfully moves this Court for entry of an Order ruling that Plaintiffs BRADLEY J. EDWARDS ("Edwards") and PAUL G. CASSELL ("Cassell") (together, "Plaintiffs") have waived any privilege or protection that may have otherwise applied to documents and information that are responsive to Dershowitz's discovery requests. In the alternative, Dershowitz requests that the Court enter an Order compelling Plaintiffs to provide an itemized privilege log by a date certain.

On February 11, 2015, Dershowitz served his First Sets of Document Requests and First Sets of Interrogatories on each of the Plaintiffs, individually (collectively, the "Initial Discovery Requests"). On March 13, 2015, Plaintiffs served their responses to the Initial Discovery Requests, which asserted that many of the documents and much of the information sought by Dershowitz are protected by the attorney-client privilege and/or the work product doctrine. *See*

**Exhibits A & B**.  Plaintiffs did not, however, produce a single document to Dershowitz, nor did they provide a privilege log to substantiate their assertions of privilege.  After months of delay, Plaintiffs finally produced some documents to Dershowitz in late July and early August 2015.  On August 25, 2015, Plaintiffs served Supplemental Responses to Dershowitz's First Sets of Document Requests that continued to assert the attorney-client privilege and the work product doctrine as a basis for withholding responsive documents.  *See* **Exhibit C.**  To date, however, Plaintiffs still have not provided a privilege log in connection with the Initial Discovery Requests, despite numerous requests by Dershowitz and despite Plaintiffs' representation that they would provide such a privilege log no later than September 4, 2015.

On September 9, 2015, Plaintiffs served responses to Dershowitz's Second Set of Document Requests to Edwards and to Dershowitz's Third Set of Document Requests to Cassell (the "Additional Discovery Requests").  *See* **Exhibits D & E.**   In response to Request No. 2 in the Additional Discovery Requests, both Plaintiffs objected *solely* on the basis of attorney-client privilege, *see id.***,** but once again failed to provide any privilege log listing the specific documents that were withheld as privileged.

**1.    Plaintiffs have waived their right to assert any privileges or protections by failing to provide a privilege log in a timely manner or by their own self-imposed deadline.**  Without a privilege log, it is impossible to assess the basis of Plaintiffs' assertions of privilege or to determine the validity of those assertions.  *See, e.g.*, *Gen. Motors Corp. v. McGee*, 837 So. 2d 1010, 1033 (Fla. 4th DCA 2002) ("One purpose of the privilege log is to identify materials which might be subject to a privilege or work product protection so that a court can rule on the applicability of the privilege or protection prior to trial.") (internal quotation marks omitted) , *as*

*modified on clarification* (Mar. 5, 2003). It is also impossible to determine whether responsive documents exist and are being withheld, or whether there simply are no responsive documents.

Moreover, the failure to provide a privilege log is, in and of itself, a sufficient basis to conclude that Plaintiffs have waived any privilege or protection that may have attached to documents and information responsive to the Initial Discovery Requests and the Additional Discovery Requests. *See, e.g.*, *Kaye Scholer LLP v. Zalis*, 878 So. 2d 447, 449 (Fla. 3d DCA 2004) (a waiver can be found based upon a party's failure to file a privilege log after objecting to discovery requests on the basis of privilege); *TIG Ins. Corp. of Am. v. Johnson*, 799 So. 2d 339, 340-42 (Fla. 4th DCA 2001) (same).[1]

**2.     Plaintiffs must, at a minimum, be compelled to provide a comprehensive, itemized privilege log by a date certain.** Plaintiffs have indicated to Dershowitz that – if they provide a privilege log at all – they do not intend to log individual documents; rather, they plan to indicate broadly which "categories" of documents they have withheld.[2] This approach is inconsistent with Florida law. *See, e.g.*, *Johnson*, 799 So. 2d at 341 (interpreting what is now Fla. R. Civ. P. 1.280(b)(6) as requiring a privilege log that specifies (1) the type of document; (2) the document's subject matter; (3) the date of the document; and (4) other information

---

[1] As set forth in Dershowitz's Motion to Compel Plaintiffs' Production of Documents & Complete Responses to Interrogatories, filed on September 8, 2015, Plaintiffs' actions in filing this defamation lawsuit have also resulted in an at-issue waiver of any privilege or protection that may have otherwise attached to responsive information and documents. Plaintiffs' failure to file a privilege log presents a separate and independently sufficient basis for a finding of waiver.

[2] As noted above, Plaintiffs initially represented to Dershowitz that they would provide a privilege log in connection with the Original Discovery Responses no later than September 4, 2015. Most recently, however, Plaintiffs have indicated that they will not provide any sort of privilege log for certain documents located at their counsel's office – not even one that lists broad categories of documents that are being withheld – unless and until the Court orders them to do so.

needed to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the recipient of the document, and, if not apparent, the relationship between the author and recipient). Thus, in the alternative to a finding of waiver, Plaintiffs must be compelled to produce, by a date certain, an itemized privilege log that lists each responsive document that was created before December 30, 2014,[3] but has been withheld on the basis of the attorney-client privilege or work product protection.

WHEREFORE, Defendant / Counterclaim Plaintiff ALAN M. DERSHOWITZ, by and through his undersigned counsel, respectfully requests this Honorable Court to enter an Order (a) ruling that, due to their continued failure to provide a privilege log, Plaintiffs have waived any privilege or protection that may have otherwise applied to documents and information that are responsive to the Initial Discovery Requests and the Additional Discovery Requests; or, in the alternative, (b) compels Plaintiffs to provide an itemized privilege log that comports with Florida law by a date certain.

## CERTIFICATE OF CONFERRAL

Pursuant to the Court's Rules and Florida Rules of Civil Procedure, the undersigned counsel certifies that he has made a good faith attempt to resolve this matter with opposing counsel prior to filing this motion.

---

[3] Dershowitz agrees that there is no reason to log individual documents that were created on or after December 30, 2014, which is the date on which the parties to this defamation lawsuit reasonably anticipated litigation.

4

Respectfully submitted,

/s/ Thomas E. Scott
Thomas E. Scott, Esq.
Florida Bar No. 149100
Thomas.scott@csklegal.com
Steven R. Safra, Esq.
Florida Bar No. 057028
Steven.safra@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II, 14th Floor
9150 South Dadeland Boulevard
Miami, Florida 33156
Phone: (305) 350-5300
Fax: (305) 373-2294

Richard A. Simpson (pro hac vice)
rsimpson@wileyrein.com
Mary E. Borja (pro hac vice)
mborja@wileyrein.com
Ashley E. Eiler (pro hac vice)
aeiler@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone:  (202) 719-7000
Fax:  (202) 719-7049

*Counsel for Alan M. Dershowitz*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic mail (email) at email address: jsx@searcylaw.com, mep@searcylaw.com, scarolateam@searcylaw.com to: **Jack Scarola, Esq,** Searcy Denney Scarola Barnhart & Shipley, P.A., Counsel for Plaintiff, 2139 Palm Beach Lakes Blvd., West Palm Beach, Florida 33409, and I electronically filed the foregoing with the Clerk of Broward County by using the Florida Courts eFiling Portal this 10th day of September, 2015 .

By: *s/Thomas E. Scott*
THOMAS E. SCOTT
FBN: 149100