# EXHIBIT 7

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 15-000072

BRADLEY J. EDWARDS and PAUL G. CASSELL,

Plaintiffs,

vs.

ALAN M. DERSHOWITZ,

Defendant,

______________________________________/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

Paul G. Cassell, by and through his undersigned attorneys, responds to Defendant's Motion to Compel as follows:

**FACTS**

On February 11, 2015 Dershowitz served his First Set of Document Requests and his First set of Interrogatories on Plaintiffs. On March 13, 2015 Plaintiffs responded to these discovery requests. Their responses included answers to interrogatories, responses to requests for production and specific objections to particular interrogatories and requests for production. Many hundreds of responsive documents were produced in July, 2015. On August 28, 2015 Plaintiffs served supplemental responses to Dershowitz's request for production. The supplemental responses reasserted the bulk of Plaintiffs' objections but clarified the documents Plaintiffs considered responsive to Request for Production No. 2., including the specific identification of a publicly available document identified as DOC 291 in the matter *Does v. United States*, 9:08-cv-80736-KAM (S.D. Fla filed July 7, 2008) ("the CVRA Action") and the publicly available materials found in *Epstein v. Edwards et al.*, 502009CA040800XXXXMBAG

(Circuit Court of the 15th Cir. for Palm Beach County) ("*Epstein v. Edwards*"). The Supplemental responses also identified the pleadings, discovery responses and depositions in twenty-four civil proceedings in which Dershowitz's client, Jeffrey Epstein, is named as a party.

DOC 291 merits specific discussion. DOC 291 thoroughly outlines: (1) The relationship between Dershowitz and Epstein; (2) Dershowitz's role representing Epstein during the criminal investigation of Epstein; (3) Dershowitz's role in negotiating the Non-Prosecution Agreement ("the NPA") between Epstein and the United States; (4) Facts inferring that Dershowitz was aware of Epstein's illegal sexual activities with underage girls; and (5) Dershowitz's participation in those activities. In addition to the numerous citations to publicly available media stories concerning Epstein, DOC 291 included 29 exhibits. Those exhibits included, inter alia: (1) A detailed and direct declaration of Jane Doe #3 concerning her sexual contact with Epstein, Dershowitz, and others; (2) A Statement of Undisputed Facts containing 120 paragraphs of supported factual material detailing Epstein's sexual abuse of children; (3) Deposition excerpts identifying Dershowitz as one of Epstein's associates; (4) Deposition excerpts placing Dershowitz in Epstein's home on numerous occasions and when girls were present; (5) Deposition excerpts indicating Dershowitz received "a massage" at Epstein's home; (6) Portions of an address book containing Dershowitz's name and contact information which an Epstein associate characterized as "the Holy Grail;" and (7) Numerous demonstrably incomplete flight manifests showing tbat Jane Doe No. 3 was transported on Epstein's private plane. *See* Plaintiffs Response to Motion for Limited Intervention by Alan M. Dershowitz. Of course, production of

this document to Mr. Dershowitz was unnecessary as it was specifically filed in the CVRA case to oppose his efforts to intervene in that case and was unquestionably already in his possession.

Plaintiffs subsequently delivered a Bates stamped version of their original July 2015 document production to Dershowitz's counsel. Additionally, Plaintiffs' counsel have identified approximately four boxes of documents that they have offered to make available to Dershowitz's counsel for inspection. vAs of today's date Plaintiffs have produced all documents which are properly subject to discovery in this action, either by producing a copy directly to Dershowitz or identifying publicly available pleadings which are responsive and easily obtainable by Dershowitz. Plaintiffs have complied with this Court's order and indicated that they have produced all responsive non-privileged documents. See Notice of Compliance with Discovery Order, Dated July 14, 2015.

**ARGUMENT**

**1. The Attorney-Client and Work Product Privileges Were Not Waived**

**a. Attorney-Client Privilege**

The attorney-client privilege is codified under Florida's Title VII Evidence. The statute provides that neither an attorney nor a client may be compelled to divulge confidential communications between a lawyer and client which were made during the rendition of legal services. Fla. Stat. Ann. § 90.502(1)(c). Communication denotes more than just giving legal advice; it also includes giving information to the lawyer to enable him to render sound and informed advice. *Hagans v. Gatorland Kubota, LLC/Sentry Ins.*, 45 So.3d 73, 76 (Fla. 1st DCA 2010) citing *Upjohn Co. v. U.S.*, 449 U.S. 383, 390 (1981). To that end, the attorney-client

privilege, under Florida law, protects from discovery not only Plaintiff's advice to Jane Doe #3, but any information that Jane Doe #3 told Plaintiffs in confidence.

Generally, the burden of establishing the attorney-client privilege rests on the party claiming it, *Turney*, 824 So.2d at185; citing *Fisher v. United States*, 425 U.S. 391 (1976), but when communications appear on their face to be privileged, the burden is on the party seeking disclosure to prove facts which would make an exception to the privilege applicable. *Ford Motor Co. v. Hall-Edwards*, 997 So.2d 1148, 1153 (Fla. 3d DCA 2008); *Rousso v. Hannon*, 146 So.3d 66, 70 (Fla. 3d DCA 2014). In this case, there is no real dispute that an attorney-client privilege exists with regard to the communications between Jane Doe #3 and Plaintiffs. Dershowitz's argument is that the privilege should be waived. Therefore, the burden is on Dershowitz to overcome the privilege.

Dershowitz asserts that he is entitled to the privileged communications between Jane Doe #3 and her counsel under the "at issue" doctrine. Dershowitz relies on two federal district court cases – *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975) and *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444 (S.D. Fla. 1980) – both apply federal, not Florida law. Under Florida law, which applies to this state law defamation claim, waiver only occurs if the privileged communication is required to prove a claim. *Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, 300 F.R.D. 590, 594-95 (S.D. Fla. 2014). Dershowitz cannot make this showing.

**i. Since Jane Doe #3 is the sole possessor of the attorney-client privilege, Edwards and Cassell could not put Jane Doe #3's privileged information "at-issue" in the defamation suit against Dershowitz**

First and foremost, Dershowitz's "at issue" argument fails because it relies on the assumption that Edwards and Cassell are the holders of the attorney-client privilege and have authority to waive the attorney-client privilege. They are not and they do not.

In this case, only Jane Doe #3, as the client, has authority to waive the privilege. She is not a party to this case. The holdings in *Savino v. Luciano*, 92 So.2d 817 (Fla. 1957), *Coates v. Akerman, Senterfitt & Edison, P.A.*, 940 So.2d 504 (Fla. 2d DCA 2006), and *Genovese v. Provident Life and Accident Ins. Co.*, 74 So.3d 1064 (Fla. 2011) all make plain that only the holder of the privilege can put the privileged communication at issue. Indeed, in each of these cases it was the client who brought the action, not the attorneys, as is the case here. This distinction alone makes the "at-issue" doctrine inapplicable.[1]

---

[1] Under Florida law, the attorney-client privilege belongs to the client, not the attorney. Fla. Stat. Ann. § 90.502(3); *See also* Fla. Stat. Ann. § 90.502(2) (A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client). Although Jane Doe #3 is not a party to the current action, the privilege is still hers alone. A client may assert the privilege even though the client is not a party to the action in which the communication might be disclosed. *Gerheiser v. Stephens*, 712 So.2d 1252, 1255 (Fla. 4th DCA 1998); Charles W. Ehrhardt, 1 Fla. Prac., Evidence§ 502.6 (2015 ed.). Some courts have even recognized that there could be serious due process issues created by a procedure through which a client lost their privilege without notice or an opportunity to be heard in the proceedings. *Rogers v. State*, 742 So.2d 827, 829 (Fla. 2d DCA 1999). Under § 90.502(2), Jane Doe #3 has the right to refuse to disclose the contents of confidential communications made during the rendition of legal services by Edwards and Cassell. As long as the Jane Doe #3 has a reasonable expectation of privacy in the communication, under § 90.507, the privilege is protected. *Mcwatters v. State*, 36 So.3d 613, 636 (Fla. 2010).

Plaintiffs could not nor did they waive the attorney-client privilege by filing a personal defamation claim against Dershowitz. Dershowitz has cited no authority establishing that an exception to the privilege applied or that Jane Doe #3 ever consented to a waiver of the privilege.

**ii The test set out in *Savino* for "at-issue" doctrine is not met with regard to the defamation action filed by Edwards and Cassell.**

Even if Plaintiffs were able to waive Jane Doe #3's attorney-client privilege, Dershowitz's "at issue" argument fails because it does not meet the "at-issue" test as set out in *Savino v. Luciano*, 92 So.2d 817 (Fla. 1957). In *Savino*, a defendant filed a counterclaim based on an audit and report from a certified public accountant. *Id.* at 818. There was no doubt that at trial the defendant would rely on the audit and report. *Id.* at 819. However, the defendant asserted that for the purposes of discovery, the audit and report were confidential and privileged. *Id.* The court found this to be an anomaly and held that the defendant waived his privilege during the discovery procedure because (1) there was no doubt that the defendant would use privileged information as proof of his defenses and counterclaim at trial and (2) his pleadings led inescapably to that conclusion. *Id.* Therefore, the test for whether a claim or defense will "necessarily require that the privileged matter be offered in evidence" under the "at-issue" doctrine is whether the holder of the privilege clearly intends to offer the privileged matter at trial and that intent is clear in the pleadings, i.e., the complaint. *Id*; *see also Diaz–Verson v. Walbridge Aldinger Co.*, 54 So.3d 1007, 1011 (Fla. 2d DCA 2010).

In *Coates v. Akerman, Senterfitt & Edison, P.A.*, 940 So.2d 504 (Fla. 2d DCA 2006), the court explained the holding in *Savino* did not mean that a party waives attorney-client privilege

merely by bringing or defending a lawsuit. *Id.* Waiver only occurs when a party raises a claim that will *necessarily* require proof by way of privileged information. *Id.*

In *Coates*, clients brought claims against their former lawyers based on the legal advice the lawyers allegedly gave with regard to a plan and joint venture. *Id.* Since the clients could not establish their claim against the lawyers at trial without evidence of the advice the lawyers gave, the court found that the privilege was waived with regard to the communications between the former lawyers and the clients. *Id.* On the other hand, the clients did not put at issue their communications with other professionals regarding the plan and joint venture by suing the lawyers. *Id.* Rather, the lawyers, by asserting a defense based upon the clients' communications with other professionals, put the communications at issue. The court held that an opposing party cannot waive a party's attorney client privilege based on the possibility that disputed communications may be relevant to or may assist the opposing party in their defense or in their third party claims. *Id.* at 509. Under *Coates*, Dershowtiz cannot claim that Plaintiffs put attorney-client communications at issue just because those communications might help Dershowitz defend the defamation action. *See* Def. Mot. to Compel at 6 ("It would be inequitable to preclude Dershowitz from proving this affirmative defense" by upholding privilege).

In *Genovese v. Provident Life and Accident Ins. Co.*, the Florida Supreme Court further clarified that the attorney-client privilege "is not concerned with the litigation needs of the opposing party," and that "there is no exception provided under § 90.502 that allows the discovery of attorney-client privileged communications where the requesting party has demonstrated need or undue hardship." *Id.* at 1068. The purpose of the attorney-client privilege

is to encourage full and frank communication between the attorney and the client. *Id.* This significant goal of the privilege would be severely hampered if a client were aware that her communications with her attorney, which were not intended to be disclosed, could be revealed upon the request of the opposing party. *Id.* The court cited both *Coates* and *Savino* to show that the "at issue" doctrine allows discovery of privileged material *only* when the holder of the privilege – the client – raises the advice of counsel as a claim or defense in the action and the communication is essential to the claim or defense. *Id.*

Dershowitz asserts that in order to establish he defamed Plaintiffs, they must show that (i) they conducted an investigation regarding the credibility of Jane Doe #3's allegations against Dershowitz, and (ii) that the allegations asserted against Dershowitz by Jane Doe #3 were well-founded. (Dershowitz Mot. to Compel pp. 5-6). But to make this assertion, Dershowitz must show the complaint filed against him is premised on privileged information which they would have to introduce at trial in order to establish defamation. Dershowitz has not made this showing.

Instead, Dershowitz merely points to paragraph 17 of the Complaint. Paragraph 17 states:

> Immediately following the filing of what Defendant, Dershowitz, knew to be an entirely proper and well-founded pleading, Dershowitz initiated a massive public media assault on the reputation and character of Bradley J. Edwards and Paul G. Cassell accusing them of intentionally lying in their filing, of having leveled knowingly false accusations against the Defendant, Dershowitz, without ever conducting any investigation of the credibility of the accusations, and of having acted unethically to the extent that their willful misconduct warranted and required disbarment.

This paragraph is not a clear indication that Plaintiffs must introduce privileged information to establish that Dershowitz defamed them. In fact, Dershowitz himself asserts that Plaintiffs "made

the information and documents they seek to withhold directly *relevant* to the issues in dispute." (Dershowitz Mot. to Compel, p. 5) (emphasis added). Relevance is insufficient to waive privilege under Florida law. *Guarantee Ins*, 300 F.R.D. at 594; citing *Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A.*, 715 So.2d 1021, 1022 (Fla. 4th DCA 1998). Dershowitz must show that Plaintiffs made clear in their complaint that they would rely on privileged information as evidence at trial. He has failed to make this showing. Therefore, the "at-issue" test, as stated in *Savino*, has not been met.

**b. Attorney-Work Product**

Although Dershowitz peppers his privilege argument with assertions that Edwards and Cassell have waived their work product privilege, he cites no authority. The "at issue" legal theory Dershowits relies on to argue, incorrectly, that attorney-client privilege has been waived, applies *only* to that privilege. The work product doctrine is quite distinct from attorney-client privilege, and application of the privileges and exception to them differ. *West Bend Mutual Ins. Co.* v. *Higgins, 9 So.3d 655,* 656 (Fla. 5th DCA 2009). The function of the work product doctrine is to protect counsel's mental impressions. *Id.* To pierce the privilege, Dershowitz must show "that the substantial equivalent of the material cannot be obtained by other means." *S. Bell Tel. & Tel. Co. v. Deason.* 632 So.2d 1377, 1385 (Fla.1994). Dershowitz has not even identified any specific work product he claims to need, much less shown why he cannot get the underlying information from another source. The Court should disregard Dershowitz's assertions that Cassell and Edwards waived their work product privilege because Dershowitz has made no argument to support his sweeping assertions.

**2. Plaintiff's Relevancy and Admissibility Objections**

Discovery requests must be relevant to the subject matter of the litigation and must seek admissible evidence or be reasonably calculated to lead to admissible evidence. *Davich v. Norman Bros. Nissan, Inc.*, 739 So. 2d 138, 141 (Fla 5th DCA 1999) (emphasis added); Fla. R. Civ. P. 1.280(b). While relevancy in the discovery context is broader than in the trial context, and a party may be permitted to discover relevant evidence that would be admissible at trial if it may lead to the discovery of admissible evidence, "'litigants are not entitled to carte blanche discovery of irrelevant material.'" *Tanchel v. Shoemaker*, 928 So. 2d 440 (Fla. 5th DCCA 2006) (quoting *Residence Inn by Marriott v. Cecile Resort, Ltd.*, 822 So. 2d 548, 550 (Fla. 5th DCA 2002)).

**a. Request for Production No. 2.**

As discussed below, Plaintiffs provided an exhaustive response to this request, including DOC 291 and exhibits, and the Statement of Undisputed Material Facts filed in *Epstein v. Edwards*, which explicitly detail Dershowitz's "participation in Epstein's criminal conduct." All documents which are relevant, admissible, or likely to lead to discoverable evidence which are responsive to this request have been: (1) Produced; (2) Made available for inspection at Plaintiffs' counsel's office; or (3) Identified and available to Dershowitz in public case files. Plaintiffs' production consists of the known universe of documents that are responsive to this request and to the extent Dershowitz seeks additional materials they are certainly beyond the scope of discovery and as to those documents the objection is appropriate. Additionally, as

discussed below, any material covered by the attorney-client or attorney-work product would also be beyond the scope of discovery, irrelevant and/or inadmissible.

**b. Request for Production Nos. 10, 20, 26, 28, 29, 30, 31 and 34.**[2]

These requests seek pleading drafts, internal documents and drafts and attorney-client communications concerning press releases, notes concerning Plaintiffs' investigation into Jane Doe's allegations against Dershowitz and Jane Doe herself, and notes and attorney-client communications concerning potential media deals for Jane Doe #3, and notes and attorney-client communications used to draft Jane Doe No. 3's motion to intervene. As stated above the Jane Doe #3 has not waived the attorney-client privilege and the requested material is inadmissible attorney-client and attorney-work product. *See* Fla. R. Evid. 90.402, Law Revision Council Note—1976. Plaintiffs' relevancy and admissibility objections to these requests were proper.

**3. Plaintiff's Remaining Objections Are Sufficiently Specific**

"Objections to a request for production can be made either because the items requested are not within the permissible scope of discovery or on any ground that would support an application for protective order under Rule 1.280(c)." *American Funding, Ltd. v. Hill*, 402 So. 2d 1369, 1370 (Fla. 4th DCA 1981). The grounds provided for under Rule 1.280(c) are:

---

[2] Dershowitz also argues that relevancy and admissibility objections to Interrogatory Nos. 13 and 21, and Requests for Production Nos. 3,6,7,8,9, 14,15,21,22,25, 32 and 35 should be overruled. Plaintiffs did not raise relevancy and admissibility objections to Interrogatory Nos. 13 and 21. Similarly, Plaintiffs did not raise relevancy and admissibility objections to Requests for Production No. 3,6, 7,8,9, 14, 15, 21, 22, 25, 32, and 35 except to the extent raised in Plaintiffs' responses to other requests for production, and particularly Plaintiffs' responses to Request Nos. 2 and 10.

"annoyance, embarrassment, oppression, or undue burden or expense." To preserve the objection "the response to the request for production of documents need only set forth the objection and the reason for the objection." *Bartolo-Aventura, Inc. v. Hernandez*, 638 So.2d 988 (1994). The foregoing authority necessarily applies equally to objections to interrogatories as the language in the rule concerning the making of an objection to an interrogatory is identical to the language concerning the making of an objection to a request for production. *See* Fla. R. Civ. P. 1.340(a) ("Each interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the grounds for objection shall be stated,...") and Fla R. Civ. P. 1350(b) ("For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated.").

In each instance where Plaintiff's raised objections beyond the attorney-client privilege, attorney-work product, and relevance and admissibility, Plaintiffs stated the reason for the objection. Moreover, Dershowitz has failed to identify which, if any of Plaintiffs' request-specific objections is insufficient, making instead a generalized argument that all of these objections fail regardless of the request-specific context in which the objections were raised. Plaintiffs have demonstrated that their objections complied with the rules. Plaintiffs, however, cannot guess as to why Dershowitz thinks a particular request-specific objection is improper. Plaintiffs' objections accordingly, should be sustained.

**4. Plaintiffs Have Either Produced or Identified All Documents Concerning Dershowitz's Relationship With Epstein and His Involvement in Epstein's Criminal Activities**

**A. Plaintiffs' Production Adequately Identifies the Documents Supporting Plaintiffs' Claims and Defenses in this Action.**

As detailed in the introduction, in response to Plaintiff's Request for Production No. 2, Plaintiffs either produced or identified an exhaustive number of documents.

Finally, and most significantly, Plaintiffs identified and produced DOC 291, which plainly identifies publicly available documents and includes voluminous exhibits identifying Epstein's crimes, Dershowitz's relationship with Epstein, Dershowitz's representation of Epstein, and facts indicating Dershowitz's knowledge of Epstein's activities and participation in the same. For Dershowitz to claim, after having litigated the issues raised in DOC 291 and studying its contents, that he cannot determine which documents implicate him in Epstein's criminal conduct, negotiating the NPA for his own benefit and documents evincing Plaintiffs investigation of him, is disingenuous. DOC 291 and its attachments, including the Statement of Undisputed Material Facts in *Epstein v. Edwards* thoroughly and completely identify the documents Dershowitz needs to have to understand Plaintiffs' claims and defenses in this action.

Moreover, while Dershowitz claims Plaintiffs' responses were inadequate under Florida law, he cites not authority for this proposition. It is apparent that Dershowitz's real motivation for filing this motion to compel was not to obtain responsive documents, but to force Plaintiffs to explain why they identified the responsive documents and prematurely produce an exhibit list. Plaintiffs' discovery responses were more than adequate and Dershowitz's motion to compel additional responses should be denied.

**B. Dershowitz Has the Same Access to Public Documents As do Plaintiffs.**

In addition to the documents produced directly to Dershowitz and/or made available for him to inspect at counsel's office Plaintiffs identified the case files in 24 civil lawsuits as responsive to Dershowitz's request. These files demonstrate the magnitude of Epstein's criminal conduct and the unlikelihood that Dershowitz was ignorant of his confidant and close friend's criminal behavior.

Dershowitz complains that some of the documents are sealed or otherwise unavailable to him. A review of the federal cases identified in Plaintiffs' responses, however, reveals in the federal cases approximately sixty-five pleadings out of hundreds of documents were sealed and many of them have subsequently been unsealed.[3] The documents that remain sealed are almost exclusively related to a single sealed civil case, Case No. 9:08-cv-80119 KAM. Plaintiffs did not represent parties in that case and do not have access to those documents. This case was almost certainly sealed on Epstein's request after settlement, and Dershowitz is undoubtedly familiar with its contents given his association with Epstein. Dershowitz's argument also fails to comprehend that the documents that remain sealed are sealed as to Plaintiffs as well. Moreover, given the magnitude and thoroughness of the production already made available to Dershowitz, the sealed documents are almost certainly duplicative of material already produced and available to Dershowitz. Finally, Plaintiffs have produced numerous depositions and deposition excerpts

[3] Plaintiffs have not conducted a similar analysis of the State Court dockets but Dershowitz has not identified any sealed documents in the State Court dockets that he believes he is entitled to.

that were in their possession, and/or made them available to Dershowitz to inspect and his complaint that he does not have access to these materials is not factually supported.

**C. Dershowitz Is In the Better Position to Know What Documents Concern His Negotiation of the NPA.**

Plaintiffs, in their extensive production, produced, identified, or made available for inspection all known and unsealed documents related to Dershowitz's negotiation of the NPA for his benefit. If there are responsive documents that were not included in this response Dershowitz is in a better position than Plaintiffs to know what those documents are, yet has failed to identify any such document with sufficient specificity to permit Plaintiffs to conduct an investigation into whether the documents exists and are in their possession or control. Further, Plaintiffs have, in fact, attempted to discover this information from Dershowitz, only to be stonewalled by him. Dershowitz's complaint that Plaintiffs' response to his Request for Production No. 22 fails to produce responsive documents, accordingly, is not well taken.

**5. Dershowitz Is Not Entitled to Compel Discovery of Plaintiff's Fee Agreement with Jane Doe #3.**

"[D]iscovery of an opposing party's legal costs is a matter left to the discretion of the trial court," and the trial court's discretion is tempered by the requirement that any information sought must be "relevant to the subject matter of the pending action." *Anderson Columbia v. Brown*, 902 So.2d 838, 841 (Fla. 1st DCA 2005); Fla. R. Civ. P. Rule 1.280(b)(1).

Although an attorney fee agreement is generally not privileged, Florida has not yet adopted a hard and fast rule regarding the discovery and admission of opposing counsel's fees. *Anderson Columbia v. Brown*, 902 So.2d 838, 841 (Fla. 1st DCA 2005) citing *Mangel v. Bob*

*Dance Dodge, Inc.*, 739 So.2d 720, 724 (Fla. 5th DCA 1999). Plaintiffs are not required to reveal information containing descriptions of the services rendered to Jane Doe No. 3. If the billing statements or fee agreement at issue include detailed descriptions of the nature of the services rendered and could reveal the mental impressions and opinions of the Jane Doe No. 3's counsel to Dershowitz, the billing statements may be protected from discovery by both the attorney-client privilege and the work product doctrine. *Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So.2d 1128, 1128-29 (Fla. 4th DCA 1991); Fla. R. Civ. P. 1.280(b)(4); *see Markel Am. Ins. Co. v. Baker*, 152 So. 3d 86, 92 (Fla. Dist. Ct. App. 2014) (Opinion work product consists primarily of the attorney's mental impressions, conclusions, opinions, and theories" concerning the client's case and is basically absolutely privileged); *S. Bell Tel. & Tel. Co. v. Deason*, 632 So.2d 1377, 1383–84 (Fla.1994). Under these circumstances, Edwards and Cassell are entitled to an in camera review of the documents prior to disclosure to Dershowitz. *Butler v. Harter*, 152 So. 3d 705, 714 (Fla. 1st DCA 2014) citing *E. Airlines, Inc. v. Gellbert*, 431 So.2d 329, 332 (Fla. 3d 1983).

**6. Dershowitz is Not Entitled to Book, Television or Movie Deal Documents.**

**A. Dershowitz Is Not Entitled to Documents that Are Not in Plaintiffs' Possession or Under Their Control and Supervision.**

Plaintiffs do possess or control any signed media agreements, either between themselves and media companies, or between Jane Doe No. 3 and prospective media companies. Plaintiffs have no obligation to produce documents which are not in their "possession, or which are under [their] control and supervision." *Fritz v. Norflor Const. Co.*, 386 So.2d 899, 901 (Fla. 5th DCA

1980). Any media deals Jane Doe No. 3, a non-party, may have negotiated but did not provide to Plaintiffs are beyond their control and supervision and cannot be produced in response to Dershowitz's discovery request.

**B. Any Communications Between Plaintiffs and Jane Doe No. 3 Concerning Media Deals Are Privileged.**

Absent a signed contract in Plaintiffs' possession, the only plausibly responsive documents Plaintiffs' could produce in response to Request for Production No. 29 would be Plaintiffs' communications with Jane Doe No. 3 concerning potential media contracts. Such documents are plainly protected by attorney-client privilege. The privileged character of these communications is not negated by Dershowitz's claimed need to probe her and her lawyers' financial motivations. The Florida District Court of appeal has plainly held that the attorney-client privilege is not waived by a party unless the party raises a claim that necessarily will require proof by way of a privileged communication. *Jenney v. Airdata Wiman, Inc.* 846 So.2d 664, 668 (Fla. 2d DCA 2003). That has not happened here. Jane Doe No. 3's intent and motivation in negotiating a media contract is not necessary to prove Plaintiffs' defamation claims. Moreover, Jane Doe No. 3 is not a party to this case and has not put her intent and motivation at issue. Finally, as discussed above, the attorney-client privilege belongs to Jane Doe No. 3, not Plaintiffs and she has not waived it in this case.

**7. Discovery Received from the U.S. Attorney's Office in the CVRA Case Remains Sealed.**

Dershowitz's assertion that discovery from the United States in the CVRA has been unsealed is wrong. On January 5, 2011, Judge Marra ruled that before victims' counsel (i.e.,

Edwards and Cassell) could use any of the correspondence in a proceeding, they had to seek a ruling from the appropriate institution – for example, from the federal court in the CVRA case. *See* DE 226 at 5. Thereafter, Cassell and Edwards did seek a ruling that they could use the correspondence in the federal CVRA case. The Court ultimately ruled that there was no privilege to the materials involved. DE 188. Epstein then appealed to the 11thCircuit, which affirmed Judge Marra's order holding that "[n]o privilege prevents the disclosure of the plea negotiations." *Jane Doe No. 1 v. United States of America*, 749 F.3d 999, 1008, 1010 (11th Cir. 2014).

Thereafter, Epstein moved for a confidentiality order. Judge Marra granted the motion in part and denied the motion in part. DE 255. Judge Marra asked for the drafting of a protective order. After further litigation about the scope of the protective order, on April 15, 2015, Judge Marra denied the issuance of any supplemental protective order and ordered that victims' counsel could file any of the correspondence that they wanted <u>in support of motions in the CVRA case</u>. DE 326 at 12-13. However, Judge Marra also cautioned that any such filing of correspondence should be limited to those materials that were "pertinent to a matter fairly presented for judicial resolution." DE 326 at 13.

All correspondence that has not been made public elsewhere remains under seal—unless and until plaintiff's counsel find a good faith reason for including it in filings in support of motions in the CVRA case. Stated otherwise, the only correspondence <u>that is not sealed</u> at this time is correspondence that has been filed publicly, either in the CVRA case or elsewhere. Any

such correspondence is easily available to Dershowitz in the public court files of the CVRA case or elsewhere.

Additionally, several hundred pages of correspondence have already been provided to Dershowitz. See, e.g., Bates BE-000997-1000, BE-001063-1100; BE-001161-1484. These materials were properly and publicly filed in the *Edwards v. Epstein* action and are thus no longer under seal. While these materials are publicly accessible to Dershowitz, they have already been provided directly to him. It is ironic that Dershowitz is claiming difficulty in obtaining the correspondence. By definition, the materials at issue involve correspondence sent either to or from the defense team, a group that includes Dershowitz.

Finally, Dershowitz never clearly explains how these materials regarding plea negotiations in 2006 to 2008 about crimes committed in 1999 to 2001 are relevant to his defamation action alleging that Edwards and Cassell made inappropriate statements in 2015.

**8. Plaintiffs' Have Already Certified Their Compliance With This Court's Discovery Order.**

Plaintiffs have already complied with this Court's July 2, 2015 Agreed Order on Motions to Compel by filing their Notice of Compliance with Discovery Order on July 14, 2015. Plaintiffs continue to conduct their investigation into the facts of this matter and are mindful of the discovery deadlines, this Court's order and their implications. Dershowitz can assume: (1) All non-privileged documents that are responsive to legitimate discovery requests and in Plaintiffs' possession or control have been produced or are available to him for inspection; (2) All non-privileged documents that are responsive to legitimate discovery requests and not in Plaintiffs' possession or control, but publicly available, have been identified; and (3) Production

will be complete at the close of fact discovery. Dershowitz's request for an extraordinary order forcing Plaintiffs' conclude their investigation prior to the close of discovery and certify that they have produced all responsive documents should be denied.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Serve to all Counsel on the attached list, this 15th day of October, 2015.

JACK SCAROLA
Florida Bar No.: 169440
Attorney E-Mail(s): jsx@searcylaw.com and _mep@searcylaw.com
Primary E-Mail: _Scarolateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9451
Attorney for Plaintiffs

**COUNSEL LIST**

Sigrid Stone McCawley, Esquire
smccawley@bsfllp.com; sperkins@bsfllp.com; ftleserve@bsfllp.com
Boies Schiller & Flexner, LLP
401 E Las Olas Boulevard., Suite 1200
Fort Lauderdale, FL 33301
Phone: (954)-356-0011

Thomas Emerson Scott, Jr., Esquire
Thomas.scott@csklegal.com; Steven.safra@csklegal.com; Renee.nail@csklegal.com; shelly.zambo@csklegal.com
Cole Scott & Kissane P.A.
9150 S Dadeland Boulevard, Suite 1400
Miami, FL 33156
Phone: (305)-350-5329
Fax: (305)-373-2294
Attorneys for Alan M. Dershowitz

Kenneth A. Sweder, Esquire
ksweder@sweder-ross.com
Sweder & Ross, LLP
131 Oliver Street
Boston, MA 02110
Phone: (617)-646-4466
Fax: (617)-646-4470
Attorneys for Alan M. Dershowitz

Richard A. Simpson, Esquire
RSimpson@wileyrein.com
Wiley Rein, LLP
17769 K Street NW
Washington, DC 20006
Attorneys for Alan M. Dershowitz

| Case No. | Document No. | Notes |
|---|---|---|
| 08-80893 | 5 | |
| | 15 | Order granting doc. 2, Motion to Proceed |
| | 109 | Sealed Document Associated Cases: 9:08-cv- |
| | 142 | Sealed Document |
| | 143 | Sealed Document |
| | 144 | Endorsed Order denying doc. 141, Motion for |
| | No doc. number, located | Docket Entry 194 restricted/sealed until further |
| | No doc. number, located | Docket Entry 195 restricted/sealed until further |
| | No doc. number, located | Docket Entry 204 restricted/sealed until further |
| | No doc. number, located | Docket Entry 205 restricted/sealed until further |
| | No doc. number, located | Docket Entry 206 restricted/sealed until further |
| 08-80232 | 14 | Sealed Document. Unsealed see DE 18 |
| | 15 | Sealed Document. Unsealed see DE 19 |
| | 18 | Unsealed Motion to Seal |
| | 19 | Unsealed Notice of Continued Pendency of |
| | 16 | Order denying motion to file Ex Parte and Under |
| | 24 | Unsealed Sealed Document |
| | 25 | Unsealed Sealed Document |
| | 28 | Order Denying motion to seal. The clerk shall |
| | 128 | Sealed Document Associated Cases: 9:08-cv- |
| 08-80380 | 25 | Sealed Document. Unsealed see DE 29 |
| | 26 | Sealed Document. Unsealed see DE 30 |
| | 29 | Unsealed Motion to Seal |
| | 30 | Unsealed Notice of Continued Pendency of |
| | 27 | Order denying motion to file Ex Parte and Under |
| | 35 | Unsealed Sealed Document |
| | 36 | Unsealed Sealed Document |
| | 43 | Unsealed Reply to Response to Motion re 13 |
| | 40 | Order Denying Motion to Seal. The clerk shall |
| | 145 | Sealed Document Associated Cases: 9:08-cv- |
| 08-80994 | 81 | Sealed Document Associated Cases: 9:08-cv- |
| 08-80993 | 96 | Sealed Document Associated Cases: 9:08-cv- |
| 08-80811 | 6 | Sealed Document. Unsealed see DE 32 |
| | 7 | Sealed Document. Unsealed see DE 33 |
| | 32 | Unsealed Motion to File Under Seal |
| | 33 | Unsealed Motion to Stay |
| | 17 | Sealed Document. Unsealed see DE 34 |
| | 34 | Unsealed Reply in Support of 33 Motion to Stay |
| | 27 | Order Denying Motion to Seal re 6 Sealed Document, 17 Sealed Document, 7 Sealed Document. The clerk shall unseal docket entries 6, 7, and 17 and make them available for public inspection |

ATTACHMENT TO PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO COMPEL

| | | |
|---|---|---|
| | 28 | Order Denying Motion to Stay 6 Sealed Document, 7 Sealed Document. Per this Court's Order DE 27 the Clerk shall unseal and terminate these pending documents. |
| | 143 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 08-80381 | 23 | Sealed Document. Unsealed see DE 27 |
| | 24 | Sealed Document. Unsealed see DE 28 |
| | 27 | Unsealed Motion to seal |
| | 28 | Unsealed Notice of Continued Pendency of Federal Criminal Action by Jeffrey Epstein |
| | 25 | Order denying motion to file Ex Parte and Under Seal. The Clerk shall unseal DE 23 and 24 and make them available for public inspection |
| | 33 | Unsealed Sealed Document |
| | 34 | Unsealed Sealed Document |
| | 41 | Unsealed Motion for Leave to File |
| | 42 | Unsealed Reply to Response to Motion re 11 Defendant's Motion to Stay |
| | 37 | Order Denying Motion to Seal. The Clerk shall unseal DE 33 Sealed Document, 34 Sealed Document and make them available for public inspection |
| | 129 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 08-80804 | 4 | Sealed Document. Unsealed see DE 17 |
| | 5 | Sealed Document. Unsealed see DE 18 |
| | 17 | Unsealed Motion to File Under Seal |
| | 18 | Unsealed Motion to Stay |
| | 6 | Order Denying Motion to Seal. The Clerk shall unseal DE 4 Sealed Document, 5 Sealed Document and make them available for public inspection |
| 09-80469 | 54 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 09-80591 | No doc. number, located between docs. 2 & 5 | Docket Entry 3 restricted/sealed until further notice |
| | No doc. number, located between docs. 2 & 5 | Docket Entry 4 restricted/sealed until further notice |
| | 68 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 09-80656 | No doc. number, located between docs. 2 & 5 | Docket Entry 3 restricted/sealed until further notice |
| | No doc. number, located between docs. 2 & 5 | Docket Entry 4 restricted/sealed until further notice |
| | 46 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 09-50802 | N/A | N/A |
| 09-81092 | N/A | N/A |
| 10-81111 | N/A | N/A |





| | | |
|---|---|---|
| 10-80447 | N/A | N/A |
| 08-80893 | 5 | System entry-Docket Enrty 5 restricted/sealed until further notice |
| 08-80893 | 15 | Order granting doc. 2, Motion to Proceed Anonymously; granting doc. 3, Motion to Keep True Name in Sealed Envelope |
| 08-80893 | 109 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 08-80893 | 142 | Sealed document (rb) |
| 08-80893 | 143 | Sealed document (rb) |
| 08-80893 | N/A | System Entry- Docket entry 194 restricted/sealed until further notice |
| 08-80893 | N/A | System Entry- Docket entry 195 restricted/sealed until further notice |
| 08-80232 | 14 | Sealed document. Unsealed see DE 18 |
| 08-80232 | 15 | Sealed document. Unsealed see DE 19 |
| 08-80232 | 18 | Unsealed motion to seal Jeffery Epstein |
| 08-80232 | 19 | Unsealed Notice of Continued Pendency of Federal Criminal Action by Jeffrey Epstein |
| 08-80232 | 28 | Order Denying motion to seal. The clerk shall unseal DE 24 Sealed Document and make them available for public inspection |
| 08-80232 | 128 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 08-80380 | 25 | Sealed document see DE 29 |
| 08-80380 | 26 | Sealed document see DE 30 |
| 08-80380 | 29 | Unsealed motion to seal by Jeffery Epstein |
| 08-80380 | 30 | Unsealed Notice of Continued Pendency of Federal Criminal Action by Jeffrey Epstein |
| 08-80380 | 27 | Order denying motion to file ex parte and under seal.The clerk shall unseal DE 25 and 26 and make them available for public inspection at the earliest possible time |
| 08-80380 | 35 | Unsealed Sealed Document See DE 43 |
| 08-80380 | 36 | Unsealed Sealed Document See DE 44 |
| 08-80380 | 43 | Unsealed motion for Leave to File by Jeffery Epstein |
| 08-80380 | 44 | Unsealed Reply to Response to Motion re 13 Defendant's Motion to Stay |
| 08-80380 | 40 | Order Denying Motion to Seal. The clerk shall unseal DE 36, 35 Sealed Document and make them available for public inspection |
| 08-80380 | 145 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 08-80994 | 81 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 08-80993 | 96 | Sealed Document Associated Cases: 9:08-cv-80119-KAM et al. |
| 08-80811 | 6 | Sealed document Unsealed DE 32 |
| 08-80811 | 7 | Sealed document unsealed DE 33 |
| 08-80811 | 17 | Sealed document unsealed DE 34 |
| 08-80811 | 34 | Unsealed Reply in Support of 33 Motion to Stay |

(4)

| | | |
|---|---|---|
| 08-80811 | 27 | Order Denying Motion to Seal re 6 Sealed Document, 17 Sealed Document, 7 Sealed Document. The clerk shall unseal docket entries 6, 7, and 17 and make them available for public inspection |
| 08-80811 | 28 | Order denying motion to stay 6 sealed document 7 sealed document. Per this court's order DE 27 |
| 08-80811 | 143 | Sealed Document Associated Cases: 9:08-cv- |
| 08-80381 | 23 | Sealed document unsealed see DE 27 |
| 08-80381 | 24 | Sealed document unsealed see DE 28 |
| 08-80381 | 27 | Unsealed motion to seal by Jeffery Epstein |
| 08-80381 | 28 | Unsealed Notice of Continued Pendency of |
| 08-80381 | 25 | Order denying motion to file Ex Parte and Under |
| 08-80381 | 33 | Unsealed sealed document see DE 41 |
| 08-80381 | 34 | Unsealed sealed document see DE 42 |
| 08-80381 | 41 | Unsealed motion for Leave to File by Jeffery |
| 08-80381 | 42 | Unsealed Reply to Response to Motion re 11 |
| 08-80381 | 37 | Order denying motion to seal. The clerk shall |
| 08-80381 | 129 | Sealed Document Associated Cases: 9:08-cv- |
| 08-80804 | 4 | Sealed document unsealed DE 18 |
| 08-80804 | 5 | Sealed document unsealed DE 17 |
| 08-80804 | 17 | Unsealed motion to file Under Seal by Sarah |
| 08-80804 | 18 | Unsealed motion to file Under Seal by Sarah |
| 08-80804 | 6 | Order Denying Motion to Seal. The Clerk shall |
| 09-80469 | 54 | Sealed Document Associated Cases: 9:08-cv- |
| 9-80591 | N/A | System entry Docket entry 3 restricted/sealed |
| 9-80591 | N/A | System entry Docket entry 4 restricted/sealed |
| 9-80591 | 68 | Sealed Document Associated Cases: 9:08-cv- |
| 9-80656 | N/A | System entry Docket entry 3 restricted/sealed |
| 9-80656 | N/A | System entry Docket entry 4 restricted/sealed |
| 9-80656 | 46 | |