# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

       Plaintiff,

v.

GHISLAINE MAXWELL,

       Defendant.

**15-cv-07433-RWS**

-------------------------------------------------X


**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ALL ATTORNEY-CLIENT COMMUNICATIONS AND ATTORNEY WORK PRODUCT <u>PLACED AT ISSUE BY PLAINTIFF AND HER ATTORNEYS</u>**


Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

I.    The Florida Court's Order is not Binding on Ms. Maxwell ................................................. 1

II.   Federal Rule of Evidence 502 Does Not Apply to this At Issue Waiver ........................... 3

III.  Plaintiff has Waived her Attorney-Client Privilege ........................................................... 4

   a.   *New York State Law Controls the Attorney-Client Privilege* ........................................... 4

   b.   *Plaintiff's Disclosure of Communications with Her Attorney's Waived Privilege under any law* ....................................................................................................................... 5

   c.   *Edwards and Cassell's Waivers with Plaintiff's Consent* ................................................ 6

   d.   *The Communications are At Issue* ..................................................................................... 7

IV.   The Work Product Privilege has been Waived ................................................................... 9

   a.   *Federal Law Controls the Work Product Doctrine* ......................................................... 9

   b.   *Edwards and Cassell Waived Any Work Product Protection* ......................................... 9

V.    Edwards and Cassell are Conflicted Because of Their Multiple Roles – Plaintiff's Choice to Present Their Testimony at Trial not Relevant to the Waiver Issue ............................ 10

CERTIFICATE OF SERVICE ...................................................................................................... 12

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Reply in Support of Motion to Compel All Attorney-Client Communications and Attorney Work Product Placed At Issue By Plaintiff and Her Attorneys ("Motion"), and as grounds therefore states as follows:

## I.     THE FLORIDA COURT'S ORDER IS NOT BINDING ON MS. MAXWELL

The vast majority of Plaintiff's Response presumes that a one line decision, without any legal analysis, entered by a Florida State Court judge in a matter where Ms. Maxwell was not a party and did not participate, is somehow binding on Ms. Maxwell.  It is not.[1]  A party asserting collateral estoppel bears the burden of proving its application.  *May Ship Repair Contracting Corp. v. Barge Columbia New York*, 160 F. Supp. 2d 594, 599 (S.D.N.Y. 2001).  The rules of collateral estoppel prohibit any binding effect based on the decision by the Florida Court because Ms. Maxwell was neither a party to the prior action or in privity with a party to the prior action. *See Weiss v. Feigenbaum*, 558 F. Supp. 265, 275 (E.D.N.Y. 1982) (emphasis supplied) (*citing Montana v. United States,* 440 U.S. 147, 153–55 (1979) and *GAF Corp. v. Eastman Kodak Co.,* 519 F.Supp. 1203, 1211 (S.D.N.Y.1981)).

As the Supreme Court has made clear:

> The application of claim and issue preclusion to nonparties thus runs up against the "deep-rooted historic tradition that everyone should have his own day in court." *Richards,* 517 U.S. at 798 (internal quotation marks omitted).  Indicating the strength of that tradition, we have often repeated the general rule that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."

*Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008) (*quoting Hansberry,* 311 U.S. 32, 40 (1940)).

Ms. Maxwell was not a party to the Dershowitz Case.  The Florida Court Order has no preclusive effect as to Ms. Maxwell, a non-party to the prior litigation.

---

[1] Plaintiff's counsel conceded this fact in the conferral on the Motion regarding waiver.

1

Plaintiff's only allegation in support of a claim for collateral estoppel is the completely unsubstantiated allegation Ms. Maxwell is in privity with Mr. Dershowitz by virtue of a common interest agreement. This is not true. There is no joint defense or common interest agreement between Mr. Dershowitz and Ms. Maxwell. Plaintiff is well aware that this claim is false because Ms. Maxwell has responded to discovery requests informing Plaintiff that no such agreement exists. *See* Menninger Decl., Ex. Q. Regardless, privity requires a degree of control over the prior proceeding. *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 327 F.3d 173, 185 (2d Cir. 2003) ("In those cases where we have applied the doctrine of privity to a person who was not represented by a fiduciary or agent in the previous litigation, we have found that that person nonetheless exercised some degree of actual control over the presentation of a party's case at the previous proceeding."). Ms. Maxwell did not participate in the Dershowitz litigation, let alone exercise any control over Dershowitz in that matter.

The inquiry could end there, but the other factors for application of collateral estoppel are equally important to assessing both the lack of preclusive effect and the unreliability of the Florida Court's Order. It is true that there was some briefing on at issue waiver in that litigation. The briefing occurred, however, ***before*** key events relied on in Ms. Maxwell's Motion. The briefing all occurred ***before*** the Motion for Summary Judgment was filed by Edwards and Cassell, including Plaintiff's supporting affidavit. Most importantly the decision was issued prior to Plaintiff's testimony in the Dershowitz case where she voluntarily testified about her attorney communication in a manner affirmatively waiving privilege (as noted by the magistrate judge overseeing the deposition). The "at issue" waiver briefed in this case is thus ***not*** identical, was not actually litigated, nor was there a full and fair opportunity to litigate. Moreover, there

was no final judgement on the merits.[2]  The Florida Court order is irrelevant and must be

ignored.

## II.      FEDERAL RULE OF EVIDENCE 502 DOES NOT APPLY TO THIS AT ISSUE WAIVER

Plaintiff next argues that Florida law applies to the determination of the privilege waiver.

Again, she is wrong.  Federal Rule of Evidence 502 – the sole basis cited by Plaintiff for this

argument – was enacted primarily for two situations, neither of which apply to this motion.  *See*

F.R.C.P. 502 Advisory Committee Notes.  First and foremost, the rule was intended to protect a

litigant who provides limited amounts of information to government agencies under a

confidentiality agreement to gain leniency from the government by demonstrating cooperation.

Second, the rule addresses how the inadvertent disclosure of documents should be treated if

those disclosures were made in another matter, with a particular concern of inadvertent wavier in

e-discovery, because the federal and various state rules differ.  Neither of these situations are the

basis for the Motion.

Here, Plaintiff committed a classic common law privilege waiver by putting the

communications at issue.  This type of waiver is well established in the law.  The Committee

Notes for Rule 502 state that such common law rules *are not affected* by the Rule and that the

choice of law and waiver provisions of 502 have no effect on these common law rules:

> The rule governs only certain waivers by disclosure. Other common-law waiver
> doctrines may result in a finding of waiver even where there is no disclosure of
> privileged information or work product.  *See, e.g., Nguyen v. Excel Corp.*, 197
> F.3d 200 (5th Cir. 1999) (reliance on an advice of counsel defense waives the
> privilege with respect to attorney-client communications pertinent to that
> defense); *Ryers v. Burleson*, 100 F.R.D. 436 (D.D.C. 1983) (allegation of lawyer
> malpractice constituted a waiver of confidential communications under the
> circumstances). The rule is not intended to displace or modify federal common

---

[2] In light of the additional acts confirming waiver that occurred after the previous briefing in the Dershowitz case, had the Dershowitz case continued, Mr. Dershowitz likely would have moved for reconsideration or made a new motion.  An interim discovery order is simply not a final judgment on the merits.

law concerning waiver of privilege or work product where no disclosure has been made.[3]

Thus, Federal Rule of Evidence 502 is not applicable this Motion.

## III.   PLAINTIFF HAS WAIVED HER ATTORNEY-CLIENT PRIVILEGE

### a.   *New York State Law Controls the Attorney-Client Privilege*[4]

The instant motion involves the waiver of attorney-client privilege based on the common law "at issue" waiver doctrine.  This Court has fully analyzed the applicable choice of law relating to attorney-client communications and determined that, as a federal court sitting in diversity relating to a state law claims, New York law should apply because it has the predominant interest.[5] *Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 1756918, at *5 (S.D.N.Y. May 2, 2016) ("Thus, any consequence resulting from a ruling on the confidentiality of the Barden communications will sound only in New York, the situs of this case and the location of the allegedly defamatory statements at issue.  New York therefore has the predominate interest in whether these communications remain confidential. The similarity between New York and British attorney-client privilege demonstrates that no public policy conflict exists. Consequently, New York law applies to all of Plaintiff's privilege claims.").  Indeed, Plaintiff concedes that New York law should apply.  Response at 11.  There is no

---

[3] *See also Henry v. Quicken Loans, Inc.,* 263 F.R.D. 458, 465 (E.D. Mich. 2008) (upholding magistrate judge ruling on at issue waiver and noting "[s]ince the magistrate judge concluded that Quicken had waived the attorney client privilege by putting the content of the advice of counsel at issue in this litigation rather than by disclosing the content of the communications, the Court finds that analysis of the issue is not affected or changed by the enactment of Rule 502.").

[4] Ms. Maxwell admits that the citations in her brief are primarily to Federal decisions from New York Courts.  Many of those cases either expressly or impliedly apply New York's attorney-client privilege because they are state law diversity cases. Regardless, both federal and New York state law recognize the common law at issue waiver doctrine and closely parallels federal law.  *Chin v. Rogoff & Co., P.C.,* No. 05 CIV. 8360(NRB), 2008 WL 2073934, at *5 (S.D.N.Y. May 8, 2008) ("New York law on "at issue" waiver derives from *Hearn* and closely parallels federal law") (collecting cases).

[5] The case at bar is a single state law claim for defamation in a New York Federal Court sitting in diversity.  Plaintiff is a Colorado citizen, according to her Complaint, although she is currently living in Australia.  While her attorneys elected to file suit in Florida (one of their places of residence, and a convenient forum shopping location), the subpoena for Plaintiff's third-party deposition was issued out of the County Court for Fremont Colorado.  Plaintiff's communications to her attorneys took place in Colorado.  There is simply no basis for claiming application of Florida state law to Plaintiff's attorney-client privilege.

difference between Florida and New York in this instance.  Moreover, regardless of the law applied, Plaintiff *did* waive her attorney-client privilege by testifying about her communications with her attorneys (express waiver) *and* by permitting her attorneys/joint defense partners to *rely* on her communications with them as the basis for their claim without objection (implied at issue waiver).  *See* Response at 9-13.

### b. *Plaintiff's Disclosure of Communications with Her Attorney's Waived Privilege under any law*

Plaintiff claims that she did not intend or authorize the waiver of her privilege and provides a self-serving, un-notarized affidavit to that effect.  McCawley Decl., Ex. 13.  That does not change the facts, fully supported in the Motion, that she *did* share the content of her communications and thereby did waive the privilege.  *Hoyas v. State*, 456 So. 2d 1225, 1228 (Fla. Dist. Ct. App. 1984) (there is a waiver of attorney-client privileged when "[t]he client's offer of his own or the attorney's testimony as to a *part of any communication* to the attorney is a waiver as to the whole of that communication, on the analogy of the principle of completeness.").  Ms. Maxwell does not (as Plaintiff contends) rely on the summary judgment motion filed by Edwards and Cassell to demonstrate Plaintiff's own waiver.  Ms. Maxwell relies on *Plaintiff's own* sworn Declarations[6] and deposition testimony in which she revealed the content of her attorney-client communications.  *See* Motion at 10-15.  Plaintiff cannot overcome this waiver simply by ignoring it.

Plaintiff attempts to avoid the issue by arguing that the facts included in various declarations are not privileged, thus, she contends, filing a declaration does not waive privilege. Everyone agrees that facts communicated to an attorney do not become privileged simply by

---

[6] Plaintiff attempts to ignore these clear waivers and instead makes another mis-statement.  She avers: "[a]nd, in any event, Defendant does not include that affidavit among her supporting materials to her motion, much less explain how the recitation of factual information in that affidavit constitutes a waiver by Ms. Giuffre with respect to communications with her attorneys."  The Declaration *is* attached to the Menninger Decl. at Ex. I, and the explanation of the various waivers are found in the Motion at 11.

virtue of their communication to an attorney.  As such, including facts upon which a client had personal knowledge in the form of an affidavit or declaration does not serve as a waiver – the facts are not privileged in the first place.  That is not the issue.  Plaintiff does not limit her Declarations and affidavits to "facts" – she specifically discusses what she has "***told***" her attorneys, what her attorney "***explained***" to her, and her "***direction***" to counsel.  Menninger Decl., Ex. I, ¶¶ 55-56, 61, 65, 67, 68.  These are not underlying non-privileged "facts."  They are attorney-client communications specifically drafted in support of Edwards and Cassell's lawsuit.  They were expressly relied on by Edwards and Cassell in the prosecution of their claims.  Menninger Decl., Ex. E ("Ms. Giuffre has submitted a sworn affidavit, not only attesting to the truthfulness of her allegations against Dershowitz <u>but also about the fact that she told her lawyers about these claims</u>.").  Voluntarily disclosing these communications waived the privilege.

Plaintiff also claims, without legal authority, that her deposition testimony denying that her attorneys encouraged or helped her fabricate her claims[7] is not testimony about her communications with them.  She does not explain how she could answer these questions without reference to her communications, because she could not.  "[I]t has been established law for a hundred years that when the client waives the privilege by testifying about ***what transpired*** between her and her attorney, she cannot thereafter insist that the mouth of the attorney be shut.  From that has grown the rule that testimony as to part of a privileged communication, in fairness, requires production of the remainder."  *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987).

### c.  *Edwards and Cassell's Waivers with Plaintiff's Consent*

Plaintiff acknowledges that she is in a joint defense relationship with Edwards and Cassell relating to the Dershowitz Case and was consulted at every step of that litigation

---

[7] Plaintiff actually admits this constitutes a crime or fraud under all applicable state or federal law eviscerating the attorney-client privilege.  Ms. Maxwell agrees, and anticipates a filing of a motion on this issue in the near future based on recent discovery.

regarding how it would be prosecuted.  *See* McCawley Decl., Ex. 16.  By permitting disclosure of and reliance on her communications with Edwards and Cassell without objecting to the filings or proceedings in the Dershowitz Case, Plaintiff gave them the right to waive her privilege, with her consent.  Instead of facing this issue head on, Plaintiff simply disregards it.[8]

### d.  The Communications are At Issue

Plaintiff's primary argument for Florida law is that somehow it would not permit an issue waiver.  Assuming, *arguendo*, that Florida law applies or is somehow more protective than New York law on at issue waiver, Florida law also mandates a finding that waiver occurred here.  As Plaintiff's own citation to Florida case law dictates, "waiver occurs only when a party must necessarily use the privilege information to establish its claim or defense." *Coates v. Akerman, Senterfitt & Edison, P.A.*, 940 So.2d 504, 510-11 (Fla. 2d DCA 2006).  Waiver also occurs when a claim may not require support via a privileged communication, but privileged communications are relied on.  *See* Response at 11-13.

Plaintiff fails to address that the claims brought in the Dershowitz Case "must necessarily use the privileged information to establish [their] claim" and they *did in fact* use Plaintiff's communications to the attorneys to support their claims.[9]  Specifically, Edwards and Cassell *affirmatively allege* on numerous occasions that they had a "good faith basis" to rely on the representation of their client when they filed the Joinder Motion.  *See* Motion at 16-17.  How can one prove a "good faith basis" for the reliance on client representations *without* using or disclosing those representations?

---

[8] It is remarkable that Plaintiff was encouraged to be in a common interest agreement with her own lawyers acting as Plaintiff against Mr. Dershowitz.  This arrangement violates New York Rule of Professional Conduct 1.7(a)(2) and Comment 10 (personal interest of lawyer).

[9] Again, Plaintiff misleads the Court by addressing a "typical claim" made in the Dershowitz litigation that could, but would not be *required* to prove the claim.  She ignores the fact that other claims *do* require support through attorney communications, causing a waiver.

In an attempt to avoid this obvious problem, Edwards, Cassell and McCawley attempt to manufacture an argument that their "reliance" is not on Plaintiff's communications with them, but only on their clients "sworn statements." *Id*. This, again, is false. The Joinder Motion spurring the Dershowitz statements and the subsequent defamation lawsuit was filed on December 30, 2014. At that time, there was not a single "sworn statement" by Plaintiff. Thus, Edwards and Cassell's reliance on their client's representations could *only* be supported through the representations they had at the time, *to wit*, their client's communications to them.

The most analogous situation to this case is an attorney responding to a motion for sanctions pursuant to Fed. R. Civ. P. 11. In that situation, the attorneys and their client have a choice. They can choose to rely on attorney-client privileged communication and/or their work product to support their contention that their filing was substantially justified; or, they can choose not to rely on this information. Indeed, the Committee notes to Rule 11 state "[t]he rule does not require a party or an attorney to disclose privileged communications or work product in order to show that the signing of the pleading, motion, or other paper is substantially justified. . . . But this comment merely echoes a truism: a party is not obligated to disclose privileged information in a Rule 11 proceeding. Instead, it has the opportunity to decide *whether* to make such a disclosure." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 286 F.R.D. 661, 666 (S.D. Fla. 2012). Once they have relied on such information, then an at issue privilege waiver occurs concerning otherwise privileged matters. *See id.* ("If QBE decides to rely on attorney-client privileged information at the evidentiary hearing, then it will have generated a waiver applicable to all other attorney-client communications relating to the same subject matter.").

While unusual, that is precisely what occurred here. Edwards and Cassell preemptively filed an action against Dershowitz proclaiming they did not violate Rule 11 – *i.e.,* they acted in good faith reliance on their client's communications to them, conducted a reasonably diligent

investigation of the matters communicated and their pleading was substantially justified.  In doing so, they voluntarily put at issue *and relied on*: a) their good faith reliance on information communicated to them by Plaintiff, and b) their work product showing that their filing was reasonably investigated and substantially justified.  Having done so, Edwards and Cassell effected a waiver as to their communications, work product and investigations.

## IV.   THE WORK PRODUCT PRIVILEGE HAS BEEN WAIVED

### a.   *Federal Law Controls the Work Product Doctrine*

"While state law governs the question of attorney-client privilege in a diversity action, federal law governs the application of the work product doctrine." *Egiazaryan v. Zalmayev,* 290 F.R.D. 421, 435 (S.D.N.Y. 2013); *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 471 (S.D.N.Y. 1993) ("The invocation of the work-product rule is governed by federal law.").

### b.   *Edwards and Cassell Waived Any Work Product Protection.*

Plaintiff cannot contest that Edwards and Cassell's work product was put at issue and therefore waived.  She simply ignores the fact that this alone constitutes a waiver under any applicable law.  "Parties may waive any work product protection by putting the privileged information at issue…Parties waive the work product privilege for certain documents by asserting claims which in fairness require examination of those documents."  *McGrath v. Nassau Cty. Health Care Corp.*, 204 F.R.D. 240, 244 (E.D.N.Y. 2001) (citing *In re Grand Jury Proceedings*, 219 F.3d 175, 190 (2d Cir.2000)).  "As to work product, the test for whether waiver has occurred is whether the disclosure at issue has 'substantially increased the opportunities for potential adversaries to obtain the information.'"  *Norton v. Town of Islip*, No. CV 04-3079 PKC SIL, 2015 WL 5542543, at *2 (E.D.N.Y. Sept. 18, 2015) (*quoting In re Vitamin C Antitrust Litig.,* No. MD 06–1738, 2011 WL 197583, at *2 (E.D.N.Y. Jan. 20, 2011)).

Cassell's 50-plus pages of testimony concerning his and Edwards's evaluation of the evidence prior to filing the Joinder Motion is  the disclosure of both fact and thought work product.  He extensively details not just what he looked at, but what he thought, what he was "seeing" in reviewing documents, his assumptions, his logic, and his conclusion.  It is an obvious disclosure.  It was not just likely to end up in the hand of an adversary – it was given directly to an adversary and Edwards and Cassell relied on the testimony in the Dershowitz case to support their claim for summary judgment.  The issue – did they do an adequate factual investigation, what work did they do, and was the pleading in Joinder Motion substantially justified – was at the heart of their claims.  There can be no question that a waiver over all work product occurred.

## V.   EDWARDS AND CASSELL ARE CONFLICTED BECAUSE OF THEIR MULTIPLE ROLES – PLAINTIFF'S CHOICE TO PRESENT THEIR TESTIMONY AT TRIAL NOT RELEVANT TO THE WAIVER ISSUE.[10]

Plaintiff argues that even if there were an at issue waiver in the Dershowitz Case (there was), since *she* does not plan on using the uncovered or disclosed communications and work product in this case, the waiver that already occurred should have no effect here.[11]  Again, that is not the standard.  *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) ("The waiver doctrine provides that voluntary disclosure of work product to an adversary waives the privilege as to other parties [in a subsequent proceeding].");  Motion at 9.  Some of the work product and attorney-client communications put affirmatively at issue in the Dershowitz Case support Ms. Maxwell's defenses.  Ms. Maxwell is entitled to discovery of additional supporting evidence since the waiver is complete.  Once Pandora's box has been opened, it cannot simply be closed.

---

[10] This issue was anticipated by the Court and Ms. Maxwell's counsel.  Ms. Maxwell's counsel expects that there will be further briefing on only this issue in the upcoming weeks.  It is currently, however, limited to rebutting the claims of "relevance" made by Plaintiff relating to the at issue waiver.

[11] Plaintiff's argument on this issue is actually internally contradictory.  By alleging Fed. R. Evid. 502 controls, she admits that if Florida or Federal law would find a waiver, then that is binding in this proceeding.  As discussed above, under any potentially applicable law, and at issue waiver occurred.

**WHEREFORE,** for the foregoing reasons and those set forth in Motion to Compel All Communications and Work Product Put At Issue by Plaintiff and Her Attorneys, Ms. Maxwell requests that the relief requested therein be granted.

Dated: June 6, 2016.

Respectfully submitted,

/s/ Laura A. Menninger
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on June 6, 2016, I electronically served this *Defendant's Reply in Support of Motion to Compel all Communications and Work Product Put At Issue by Plaintiff and Her Attorneys* via ECF on the following:

Sigrid S. McCawley
Meridith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

12