# United States District Court
# Southern District of New York

Virginia L. Giuffre,

               Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

               Defendant.

_____/

## PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO COMPLETE DEPOSITIONS

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this motion for a brief extension of time to complete pending depositions.  Ms. Giuffre has been actively working to complete discovery in this case.  However, due to a number of circumstances beyond her control, she is unable to complete the necessary depositions by the close of discovery on June 30, 2016, and, therefore, requests an additional four (4) weeks to complete these depositions.  She requests the deposition deadline be extended to July 30, 2016. The requested relief would not disturb the trial date.

## BACKGROUND

As the Court knows, this case was filed in September 2015.  The Court's original scheduling order set the completion of fact discovery for July 1, 2016. (*See* D.E. 13.)  However, after the filing of the complaint, the Defendant moved to stay any discovery in the matter. Therefore, discovery did not commence until the Court directed Defendant to respond to discovery by February 2, 2016.  Defendant did not respond to Ms. Giuffre's first requests for discovery until February 8, 2016, and only produced two documents.  Defendant did not produce

any additional documents until April 18, 2016 -- after this Court directed Defendant to turn over documents that had been withheld under an improper claim of privilege. While Ms. Giuffre provided her initial disclosures on November 11, 2015, in accordance with the federal rules, Defendant did not provide her initial disclosures until February 24, 2016, in violation of those Rules.

In addition, while Ms. Giuffre started her efforts to get the Defendant's deposition in February, 2016, Defendant did not actually sit for her deposition until after being directed to do so by the Court, on April 22, 2016.  Defendant's deposition is now subject to Plaintiff's Motion to Compel Defendant to Answer Deposition Questions Filed Under Seal.  (*See* [DE 143]).  Ms. Giuffre also started her efforts to attempt to schedule depositions of other witnesses in February, 2016.  Ms. Giuffre's efforts to obtain depositions have been hampered by a number of factors.

An example of the conduct that has hampered Ms. Giuffre's efforts to timely obtain depositions is stall tactics of Defendant's co-conspirator, Jeffrey Epstein.  Ms. Giuffre started her attempts to serve Mr. Epstein back on **March 7, 2016** by contacting Mr. Epstein's lawyer.  (*See* [DE 160] Plaintiff's Motion for Leave to Serve Three Deposition Subpoenas By Means Other Than Personal Service, and [DE 161] Declaration of Sigrid McCawley in Support of Plaintiff's Motion for Leave to Serve Three Deposition Subpoenas By Means Other Than Personal Service.)  Mr. Epstein refused to accept service, thereby forcing Ms. Giuffre to hire investigators and spend considerable time and money in an attempt to personally serve the Defendant's former boyfriend, employer, and co-conspirator, with whom she has a joint defense agreement.  *Id*. It was not until after Ms. Giuffre filed her Motion for Alternative Service with this Court that Mr. Epstein finally agreed to accept service of the subpoena on **May 27, 2016** – three (3) months after Ms. Giuffre's initial attempts to serve Mr. Epstein, but he conditioned that acceptance upon

the fact that his deposition must take place in the U.S. Virgin Islands at a time that is mutually

convenient to the parties, despite the fact that he has at least three residences in the continental

United States, including Manhattan.  (*See* [DE 175] Notice of Acceptance of Service.) As that is

a remote location, and we are nearing the end of the discovery period with many dates already

filled for depositions or conflicts with schedules of counsel, it is not likely that this deposition

can be completed within the remaining timeframe.

Another example of delay that has harmed Ms. Giuffre's ability to obtain all depositions

in a timely manner is Mr. Rizzo.   Ms. Giuffre subpoenaed the deposition of Rinaldo Rizzo on

April 11, 2016 for a date over a month later on May 13, 2016.   *See* McCawley Decl. at Exhibit

1, Subpoena of Rinaldo Rizzo and related correspondence.  Just days before the deposition,

however; Defendant's counsel claimed she did not realize the deposition was proceeding forward

despite having received  Ms. Giuffre's Notice of Serving Subpoena the month prior, and asked

Ms. Giuffre to re-schedule the deposition.  Ms. Giuffre then had to coordinate scheduling with

the witnesses' counsel and re-set the deposition for another month later, on June 10, 2016,

thereby taking another date in June away that could have been used for other necessary

depositions.   *See* McCawley Decl. at Exhibit 2, Re-Notice of Deposition of Rinaldo Rizzo.

An additional problem has been that certain witnesses, despite being represented by

counsel, have refused to accept service of subpoenas.  Therefore, until the Court rules on Ms.

Giuffre's pending motion for alternative service, she is unable to take the depositions of Ms.

Kellen and Ms. Marcinkova.   (*See* [DE 160] Plaintiff's Motion for Leave to Serve Three

Deposition Subpoenas By Means Other Than Personal Service and [DE 161] Declaration of

Another example that is hampering the ability of Ms. Giuffre to complete the necessary

depositions by June 30, 2016, is Ross Gow, who Defendant has admitted was her agent for

purposes of submitting to the press the defamatory statements at issue in this case.  Mr. Gow resides in London.  Ms. Giuffre asked that Defendant produce her agent, Mr. Gow, for a deposition, but Defendant has refused.  Defendant has refused this request despite acknowledging that Defendant plans to call Mr. Gow for testimony at trial.  Ms. Giuffre may now be forced to have to go through the Hague Convention for service on Mr. Gow, and forced to go to London to obtain his deposition.  It appears there is not sufficient time for Ms. Giuffre to complete this process before the June 30, 2016 deadline.

In addition, there have been third-party witnesses that we have subpoenaed for depositions who have, through their counsel, requested that we change the dates of their depositions.  These individuals include: Dana Burns, Jo Jo Fontanella, and Jean Luc Brunel who were all set for mid-June deposition dates. An extension of the discovery deadline by a few weeks will allow Ms. Giuffre to work cooperatively and accommodate these requests for changes in the scheduling of these depositions. The Court also has pending before it the motion to compel Ms. Maxwell to complete her deposition testimony.  (*See* [DE 143], Plaintiff's Motion to Compel Defendant to Answer Deposition Questions Filed Under Seal.)  And briefing is continuing on Ms. Giuffre's motion regarding the number of depositions that she is permitted to take in this case.

Finally, while the parties have attempted to coordinate the scheduling of depositions, and indeed had a lengthy meet and confer call regarding scheduling back in May, those efforts have not resulted in a feasible schedule.  If the deadline is not extended for Plaintiff to complete her depositions into July, it appears that both sides might be forced to notice conflicting dates in June.  Ms. Giuffre could provide more detail on these issues, which are documented in numerous back and forth emails between the parties; but rather than inundate the Court with those issues,

the bottom line is that the only way that the both sides will be able to work cooperatively to set

up a schedule that meets the competing needs of her counsel, defense counsel, the subpoenaed

witnesses, and the witnesses' counsel is for a short extension of time.[1]

## ARGUMENT

Ms. Giuffre has attempted to conduct discovery in a timely manner in this case to

prepare her case for trial in October, but has been hampered by many intervening issues.  This is

Ms. Giuffre's first request for an extension relating to the discovery deadline and the request is

being made for good cause. Rule 16(b)(4) specifically provides that a scheduling order may be

modified for good cause.

> "Good cause" requires a greater showing than "excusable neglect." At a
> minimum, good cause requires a showing by the moving party of an objectively
> sufficient reason for extending a deadline such that the deadlines cannot
> reasonably be met despite the diligence of the party needing the extension. The
> inquiry focuses on the moving party's reason for requesting the extension. *Pyke v.
> Cuomo,* No. 92 CV 554, 2004 WL 1083244, at *2 (N.D.N.Y. May 12, 2004)
> (internal citations and quotation marks omitted) (quoted in *Scott v. City of New
> York,* No. 04 Civ. 9638, 2007 WL 4178405, at *4 (S.D.N.Y. Nov. 26, 2007)).
> Thus, "[t]he mistake or inadvertence of counsel will not support a finding of good
> cause." *Id.* "[T]he primary consideration is whether the moving party can
> demonstrate diligence." *Kassner,* 496 F.3d at 244. However, the court may
> consider other factors, including, in particular, potential prejudice to the opposing
> party. *Id.; see also Scott,* 2007 WL 4178405, at *5.

*Michael Grecco Photography, Inc. v. Everett Collection, Inc.,* 07 CIV.8171(CM)(JCF), 2008

WL 4580024, at *2 (S.D.N.Y. 2008), *as corrected* (Oct. 15, 2008).

In the *Michael Grecco Photography* case, the court found that the plaintiff had

demonstrated good cause to re-open discovery for the limited purpose of deposing defendant's

employee where plaintiff's counsel made repeated attempts to schedule deposition. *See also*

*Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (holding that defendants

---

[1] Ms. Giuffre's counsel conferred with the Defendant but the Defendant was not willing to grant the request for an extension to complete the depositions requested by Ms. Giuffre.

established good cause to extend discovery in order to conduct plaintiff's deposition where defense counsel made sufficient efforts to schedule her deposition prior to the close of discovery). Similarly here, Ms. Giuffre has made timely efforts to obtain the depositions that she needs to support her claims but has been hampered by a number of issues. Defendant will not be prejudiced because the request is short in duration and will allow a more reasonable schedule to be established with the remaining witnesses and their counsel. Again, Ms. Giuffre is not seeking to move the trial date presently set for October 17, 2016, but is only asking for a few additional weeks to complete the pending depositions due to scheduling conflicts and issues outlined above.

## **CONCLUSION**

Ms. Giuffre respectfully requests that the Court allow her an additional four (4) weeks to complete the remaining depositions before July 30, 2016.

Dated: June 10, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2

Fort Lauderdale, Florida 33301
 (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 10th day of June, 2016, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the

foregoing document is being served this day on the individuals identified below via transmission

of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com


/s/ Sigrid S. McCawley
    Sigrid S. McCawley

8