United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,           Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF'S MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATION**

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this motion to maintain her designation of her Third Revised Rule 26 Disclosures as confidential under the terms of the parties' Protective Order.

**BACKGROUND**

On June 1, 2016, Ms. Giuffre issued her Third Revised Rule 26 Disclosure (the "Rule 26 Disclosure") and marked the document "confidential" under the terms of the Protective Order. Defendant objected to the designation of the Rule 26 Disclosure as confidential. The Protective Order (DE 62) entered in this matter requires that, after an objection is made to a confidential designation, the party seeking to protect the designation must file a motion within ten business days of the date of the objection. *See* D.E. 62 at ¶11. Accordingly, Ms. Giuffre has filed this motion to protect the Rule 26 Disclosures as confidential.

**ARGUMENT**

As the Court knows, this case involves such highly sensitive topics as sexual abuse of females and sexual trafficking of these females. In accordance with Rule 26, Ms. Giuffre has

1

identified individuals who may have relevant information about the matters at issue in this case. Certain of those individuals have been the subject of sexual abuse or were witnesses to events involving the abuse. Accordingly, to protect the identity of these non-party potential witnesses, Ms. Giuffre has fittingly marked her Rule 26 Disclosures as confidential. The designation is made in good faith to protect these individuals and their privacy, who are victims of sexual abuse (or, alternatively, witnesses with information about sexual abuse).

Federal Rule of Civil Procedure 26(c) authorizes federal courts to issue a protective order "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Federal courts may also issue protective orders to safeguard the identity of witnesses." *Kinlaw v. Walsh*, 2011 WL 4620966, at *1 (S.D.N.Y. 2011). *See, e.g., City of Pontiac General Employees' Retirement System v. Lockheed Martin Corp.*, 952 F.Supp.2d 633, 636 (S.D.N.Y. 2013) (wherein "plaintiff's counsel disclosed the names of their confidential witnesses to defendants' counsel, pursuant to a protective order"); *Alvarez v. City of New York*, 2015 WL 1499161, at *1 (S.D.N.Y. 2015) (wherein "[c]ertain witnesses' . . . names [were] redacted in accordance with the protective order").

The Court's inherent power to protect witnesses is crucial when applied to protect witnesses who are victims of, or witnesses to, sexual abuse and sexual crimes. Indeed, even when they are plaintiffs, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Here, the confidentiality designations concern not parties to the litigation, but mere witnesses. The "public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id.* at 195-96 (*citing Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa.2001) (granting anonymity to sexual assault victim)).

Many states in this country, including New York, have enacted laws to protect the anonymity of sexual assault victims. *See* N.Y. Civil Rights Law § 50–b. Upon approving New York's rape shield law, then Governor Mario Cuomo stated, "sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy." 1991 McKinney's Sessions Laws of N.Y., at 2211–2212 (quoted in *Deborah S. v. Diorio,* 153 Misc.2d 708, 583 N.Y.S.2d 872 (N.Y. City Civ.Ct.1992)); *see also Coker v. Georgia,* 433 U.S. 584, 597 (1977) ("Short of homicide, [rape] is the ultimate violation of self").

Weighed against this strong interest in maintaining the confidentiality of sexual assault victims (and those with information about the sexual assault), it is unclear what interest could be served by making the Rule 26 disclosures non-confidential. Defendant has not explained why the disclosures should be public. Moreover, Defendant cannot show good cause to publicize the identities of victims of sexual assault or witnesses to such sexual assault. Indeed, Defendant can have no legitimate reasons for publicizing these names.

In this circumstance, the Court should exercise its authority and provide protection to the individuals named on the Rule 26 Disclosures. The "confidential" designation will also protect these non-parties from having their name publically disseminated and wrongfully contacted or harassed as a result of being publically identified as a witness in this case.

## CONCLUSION

Ms. Giuffre respectfully requests that the Court affirm her confidential designation of her Rule 26 Disclosures to ensure protection of the individuals named in the disclosures.

Dated: June 13, 2016.

                                              Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
 (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 13th day of June, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                         /s/ Sigrid S. McCawley
                                            Sigrid S. McCawley