United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER REGARDING THE SUBPOENA TO MICROSOFT CORPORATION SEEKING PRODUCTION OF ALL OF MS. GIUFFRE'S SENT AND RECEIVED EMAILS AND RELATED DATA**

      Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this motion for a protective order, barring enforcement of a defense subpoena submitted to Microsoft Corporation for all of the records associated with Ms. Giuffre's live.com email account and Hotmail.com account. Defendant is not entitled to all emails that Ms. Giuffre may have ever sent or received at any time from those accounts. Accordingly, the Court should enter a protective order and bar enforcement of the subpoena.

**FACTUAL BACKGROUND**

      Defendant has issued a subpoena for the production of all Ms. Giuffre's documents associate with her live.com email account, Hotmail.com email account, and all emails associated with the accounts, sent or received, with the attendant metadata. Previously, however, Plaintiff's counsel communicated that that it appears that Microsoft deleted the live.com email account for inactivity, and that Ms. Giuffre has lost access to her Hotmail.com account (multiple password

1

recovery attempts failed due to the aged, non-recoverable information required for such attempts). *See* Schultz Decl., Exhibit 1, May 17, 2016, letter.

On June 8, 2016, Defendant served Notice of Service of Rule 45 Subpoena Upon Microsoft Corporation. *See* Schultz Decl., Exhibit. 2, Notice of Service of Rule 45 Subpoena Upon Microsoft Corporation.

It is likely that data in the Hotmail.com account and the live.com account (if any data exists) contain confidential, attorney-client communications.

## DISCUSSION

Ms. Giuffre moves for a protective order forbidding defense counsel from enforcing a subpoena served on Microsoft, with whom she maintains an email account. The Court's authority to issue such a protective order is well established. Federal Rule of Civil Procedure 26(c)(1)(A) & (D) states that "[a] party . . . may move for a protective order in the court where the action is pending . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." While Defendant has chosen to serve her subpoena on Microsoft Corporation, the subpoena is plainly for Ms. Giuffre's records. A party has standing to file a motion to quash a subpoena served on a third party when the party has a personal right or privilege regarding the subject matter of the subpoena. *See, e.g., Estate of Ungar v. Palestinian Authority*, 332 Fed. Appx. 643, 645 (2d Cir.2009) (movant had standing to challenge subpoena to itself and its attorneys because it claimed privilege in the material sought).

Here, the Court clearly should grant a protective order barring disclosure of *all* of Ms. Giuffre's emails maintained by Microsoft. Defendant cannot possibly make a case for disclosure

of all emails that Ms. Giuffre has ever written or received that are maintained in her accounts, regardless of whether they were written to or from her attorney or to and from other personal friends or acquaintances who have nothing to do with this lawsuit.  The subpoena is hopelessly overbroad.

In addition, the subpoena calls upon Microsoft to do something that is illegal to disclose customer records.  Under the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, an internet service provider (such as Microsoft) is not permitted to disclose such records based up a mere civil subpoena, precisely because of the gross invasion of privacy that would be involved.  *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications . . . because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas.").  A protective order should be entered for this reason as well.

Moreover, it is also illegal under the Stored Communications Act (SCA), 18 U.S.C. § 2701 *et seq*. This Act protects individuals' privacy in their email, and "reflects Congress's judgment that users have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility . . . the Act protects users whose electronic communications are in electronic storage with an ISP or other electronic communications facility." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072-73 (9th Cir. 2003). Under the Stored Communications Act, a civil discovery subpoena is not sufficient to overcome its protection.

3

"The contents of e-mail communications may be released by an ISP[1] only under the specifically enumerated exceptions found in §§ 2702 and 2703 of the Privacy Act. Those exceptions require a search warrant issued under the Federal Rules of Criminal Procedure or a subpoena issued in the course of a criminal investigation." *In re Toft*, 453 B.R. 186, 197 (Bkrtcy. S.D.N.Y. 2011), citing F.*T.C. v. Netscape Commc'n Corp.*, 196 F.R.D. 559 (N.D.Cal.2000) (discovery of e-mails from ISP not available under Fed.R.Civ.P. 45). "Indeed, one court has held that the disclosure procedures under the Privacy Act are unconstitutional to the extent they permit warrantless searches of e-mails, because a reasonable expectation of privacy exists and e-mails are subject to the Fourth Amendment's protection from warrantless searches and seizures." *See United States v. Warshak*, 631 F.3d 266, 288 (6th Cir.2010)." *In re Toft*, 453 B.R. at 197.

Indeed, courts have taken a dim view of such sweeping subpoenas. A good illustration comes from *Theofel v. Farey-Jones*, which condemned a subpoena that sought production of emails that that was not limited to the subject matter of the litigation or emails sent during a relevant time period. The Court allowed a civil suit to proceed against an attorney who had propounded the subpoena, explaining that "[t]he subpoena's falsity transformed the access from a bona fide state-sanctioned inspection into private snooping." *Id.* at 611.

It is important to understand that Defendant's subpoena to Microsoft seeks not mere identifying information about an email subscriber, but all of the communications sent or received by Ms. Giuffre for both of her inactive accounts. *Cf. Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *6 (N.D. Cal. Aug. 22, 2013) (upholding, in part, subpoenas that did "not seek the contents of any subscriber's emails" but rather only "identifying

---

[1] The SCA "protects users whose electronic communications are in electronic storage with an ISP *or other electronic communications facility*." *Theofel v. Farey-Jones*, 341 F.3d at 982 (emphasis added).

information associated with the subscriber as well as the usage information of each account for certain time periods."). Such a request is inappropriate.

Finally, to the extent that this subpoena will, as part of its sweeping reach, touch on documents that have already been produced (and, indeed, emails from these accounts have been produced as some were embedded in the data in Ms. Giuffre's accessible email account that were captured and searched by Ms. Giuffre's counsel), the subpoena is duplicative and should not be enforced.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

In sum, the Federal Rules (and other authority cited herein) do not countenance Defendant's brazen attempt to procure ***all emails ever sent or received by Ms. Giuffre*** on these accounts, as well as other data. The subpoena at issue is an abuse of civil discovery. Accordingly, Ms. Giuffre seeks attorneys' fees for the motion practice associated with this subpoena.

## CONCLUSION

The Court should issue a Protective Order quashing this subpoena issued to Microsoft Corporation in its entirety for the reasons stated above, and award fees for the motion practice associated with this subpoena.

Dated: June 13, 2016

                                        Respectfully Submitted,

                                        BOIES, SCHILLER & FLEXNER LLP

                       By: /s/ Meredith Schultz            
                            Sigrid McCawley (Pro Hac Vice)
                            Meredith Schultz (Pro Hac Vice)
                            Boies Schiller & Flexner LLP
                            401 E. Las Olas Blvd., Suite 1200
                            Ft. Lauderdale, FL 33301

(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
 (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 13th day of June, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>       jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley