**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

Plaintiff, Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

Defendant.
________________________________/

**PLAINTIFF'S CORRECTED[1] REPLY IN SUPPORT OF MOTION TO EXCEED PRESUMPTIVE TEN DEPOSITION LIMIT**

Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

[1] On June 13, 2016, Ms. Giuffre filed her Reply in Support of her Motion to Exceed the Presumptive Ten Deposition Limit (DE 203). [redacted] There are no other changes to this document.

# TABLE OF CONTENTS

Page

I. THE PROPOSED DEPOSITIONS ARE IMPORTANT TO THE FUNDAMENTAL CLAIMS AND DEFENSES IN THIS CASE, AND NONE ARE DUPLICATIVE. ........ 1

II. MS. GIUFFRE IS SEEKING HIGHLY RELEVANT TRIAL TESTIMONY. .................. 6

III. MS. GIUFFRE'S REQUEST IS TIMELY. ......................................................................... 9

## TABLE OF AUTHORITIES

Page

**Cases**

*Atkinson v. Goord*,
No. 01 CIV. 0761 LAKHBP, 2009 WL 890682 (S.D.N.Y. Apr. 2, 2009) ................................3

*Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*,
No. 3:06-CV-232 (CFD), 2006 WL 1525970 (D. Conn. May 25, 2006) ..................................9

*LiButti v. United States*,
107 F.3d 110 (2d Cir. 1997)..........................................................................................8

**Rules**

Fed. R. Evid. 404(b)..........................................................................................................7

Fed. R. Evid. 415(a) ..........................................................................................................7

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this reply in support of her Motion to Exceed Presumptive Ten Deposition Limit. The motion should be granted because Ms. Giuffre has shown good cause for needing to exceed the ten deposition limit and in light of recent developments, Ms. Giuffre has streamlined her request, and now seeks only a total of three additional depositions. Notably, while Defendant contests Ms. Giuffre's motion, Defendant has herself unilaterally – **and without seeking any Court approval** – set ***twelve*** witnesses for deposition in this matter. In contrast to Defendant's unilateral action, Ms. Giuffre has properly sought this Court's permission. The Court should grant her motion and allow her to take the three additional depositions.

**I. THE PROPOSED DEPOSITIONS ARE IMPORTANT TO THE FUNDAMENTAL CLAIMS AND DEFENSES IN THIS CASE, AND NONE ARE DUPLICATIVE.**

Defendant argues that the depositions Ms. Giuffre seeks to take are somehow "duplicative" of each other. Even a quick reading of the Defendant's pleading makes clear this is untrue. [REDACTED] But, as the mere

[2] [REDACTED]

fact of this dispute confirms, this case is going to be hotly contested and the weight of the evidence on each side is going to be vitally important. The Court is well aware of many other civil cases where the parties have taken far more than ten depositions by mutual agreement. Defendant's refusal to agree to a few more depositions here is simply an effort to keep all the relevant facts from being developed.

Since Ms. Giuffre filed her initial motion seeking seven additional deposition, she has worked diligently to try to streamline the necessary depositions and has discovered new information concerning witnesses and their knowledge of the claims in this case. Accordingly, Ms. Giuffre currently brings before this Court a significantly shorter list[3] of witnesses she needs to depose to prove her claim, with some alterations. To be clear, Ms. Giuffre has narrowed her request and is now only seeking an additional three depositions from the Court as follows:



- 

Ms. Giuffre is still working diligently with opposing counsel, these witnesses, and their attorneys on scheduling, as well as identifying other witnesses who may have factual information about the case. But, at this time, she seeks this Court's approval for an additional three depositions – depositions that will not consume the full seven hours presumptively allotted.

All three prongs of the three-factor test to evaluate a motion for additional depositions strongly support granting the motion. *Atkinson v. Goord*, No. 01 CIV. 0761 LAKHBP, 2009 WL 890682, at *1 (S.D.N.Y. Apr. 2, 2009). First, as reviewed in detail on a witness-by-witness basis above, the discovery sought is not duplicative.

Second, if Ms. Giuffre is denied these depositions, she will not have had the opportunity to obtain the information by other discovery in this case. [redacted]

4 [redacted]




Document discovery and interrogatories are not helpful in obtaining this type of evidence: depositions are needed.

Third, the burden and expense of this proposed discovery is limited to three additional depositions. Defendant in this case is a multi-millionaire with able counsel. Three depositions will not cause her undue burden, expense, or inconvenience. These depositions are important to resolving issues in this case.

While Defendant opposes Ms. Giuffre's request for Court approval of more than ten depositions, she has unilaterally noticed more than ten depositions without bothering to seek approval. As of the date of this filing, Defendant's counsel has issued ***twelve*** subpoenas for

5


deposition testimony – the almost the exact same number Ms. Giuffre is seeking.[6] Defendant cannot credibly oppose Ms. Giuffre's additional depositions while she, herself, is trying to take more than ten without leave of court.[7]

It is plain why Defendant does not want these depositions to go forward. [redacted]

## II. MS. GIUFFRE IS SEEKING HIGHLY RELEVANT TRIAL TESTIMONY.

All of the people Ms. Giuffre seeks to depose have discoverable and important information regarding the elements of Ms. Giuffre's claims. [redacted]

---

[redacted]

Defendant has unilaterally scheduled - without consulting counsel for Ms. Giuffre - at least two of these depositions for days when depositions of Ms. Giuffre's witnesses have been set.



[redacted]

In addition, one of the witnesses that Ms. Giuffre seeks to depose is registered sex offender Jeffrey Epstein, who stands at the center of the case. Indeed, some of the most critical events took place in the presence of just three people: Ms. Giuffre, defendant Maxwell, and Epstein. If Epstein were to tell the truth, his testimony would fully confirm Ms. Giuffre's account of her sexual abuse. Epstein, however, may well attempt to support Defendant by invoking the Fifth Amendment to avoid answering questions about his sexual abuse of Ms. Giuffre. [redacted]

Defendant makes the claim that it would be a "convoluted argument" to allow Ms. Giuffre to use those invocations against her. Defendant's Resp. at 3. Tellingly, Defendant's response brief cites no authority to refute that proposition that adverse inference can be drawn against co-conspirators. Presumably this is because, as recounted in Ms. Giuffre's opening brief (at pp. 20-22), the Second Circuit's seminal decision of *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997), squarely upheld the drawing of adverse inferences based on a non-party's invocation of a Fifth Amendment right to remain silent. The Second Circuit instructed that, the circumstances of given case, rather than status of particular nonparty witness, determines whether nonparty witness' invocation of privilege against self-incrimination is admissible in course of civil litigation. *Id.* at122-23. The Second Circuit also held that, in determining whether nonparty witness' invocation of privilege against self-incrimination in course of civil litigation and

[redacted]

drawing of adverse inferences is admissible, court may consider the following nonexclusive factors:

> (1) nature of witness' relationship with and loyalty to party;
> (2) degree of control which party has vested in witness in regard to key facts and subject matter of litigation;
> (3) whether witness is pragmatically noncaptioned party in interest and whether assertion of privilege advances interests of witness and party in outcome of litigation; and
> (4) whether witness was key figure in litigation and played controlling role in respect to its underlying aspects.

*Id*. at 124-25. Ms. Giuffre will be able to establish that all these factors tip decisively in favor of allowing an adverse inference. Accordingly, her efforts to depose Epstein, Marcinkova, and Kellen seek important information that will be admissible at trial.

## III. MS. GIUFFRE'S REQUEST IS TIMELY.

Defendant also argues that this motion is somehow "premature." Defendant's Resp. at 2-3. Clearly, if Ms. Giuffre had waited to file her motion until later, Defendant would have argued until the matter came too late. The motion is proper at this time because, as of the date of this filing, fact discovery closes in 17 days (although Ms. Giuffre has recently filed a motion for a 30-day extension of the deadline). In order to give the Court the opportunity to rule as far in advance as possible – thereby permitting counsel for both side to schedule the remaining depositions – Ms. Giuffre brings the motion now. She also requires a ruling in advance so that she can make final plans about how many depositions she has available and thus which depositions she should prioritize. [10]

---

[10] Defendant tries to find support for her prematurity argument in *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 3:06-CV-232 (CFD), 2006 WL 1525970, at *2 (D. Conn. May 25, 2006). However, in that case, the Court found a motion for additional depositions to be premature, in part, because "[d]iscovery has not even commenced" . . . and the moving party "ha[d] not listed with specificity those individuals it wishes to depose." Of course, neither of these points applies in this case at hand: the parties are approaching the close of fact discovery, and Ms. Giuffre has provided detailed information about each individual she has deposed already and still seeks to depose.

An additional reason this motion is appropriate now is that, despite Ms. Giuffre's diligent pursuit of depositions, many witnesses have cancelled their dates, failed to appear, or wrongfully evaded service. These maneuvers have frustrated Ms. Giuffre's ability to take their depositions in a logical and sequential fashion, complicating the planning of a deposition schedule. [redacted] Additionally, three other important witnesses evaded Ms. Giuffre's repeated efforts to serve them. It took Ms. Giuffre's motion for alternative service (DE 160) to convince Jeffrey Epstein to allow his attorney to accept service of process. The Court also has before it Ms. Giuffre's motion to serve Sarah Kellen and Nadia Marcinkova by alternative service. These witnesses' evasion of service delayed the taking of their depositions, and, as of the date of this filing, none have been deposed yet.

**CONCLUSION**

For all these reasons, Ms. Giuffre should be allowed to take three more depositions than the presumptive ten deposition limit – a total of thirteen depositions.

Dated: June 14, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley

Sigrid McCawley (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP

333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[11]

[11] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 14th day of June, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley