# EXHIBIT 7

LAW OFFICES OF GREGORY L. POE PLLC
THE EXECUTIVE BUILDING
1030 15TH STREET, N.W., SUITE 580 WEST
WASHINGTON, D.C. 20005
www.gpoelaw.com

Tel: (202) 583-2500    gpoe@gpoelaw.com
Fax: (202) 583-0565

June 9, 2016

<u>Via Email and First Class U.S. Mail</u>

Sigrid S. McCawley, Esq.
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301

Re:   *Giuffre* v. *Maxwell*, No. 15-cv-07433-RWS (S.D.N.Y.)

Dear Ms. McCawley:

This firm represents Jeffrey Epstein with respect to the enclosed subpoena *duces tecum* in the above-referenced matter ("Subpoena"). On May 27, 2016, Martin Weinberg (who represents Mr. Epstein in *Does* v. *United States*, No. 08-CV-80736-KAM (S.D. Fla.)) accepted service of the Subpoena subject to an agreement that the U.S. Virgin Islands would be the place of compliance and that Mr. Epstein reserves "all rights to contest the breadth of the subpoena and whether a deposition should be required at all" in light of the Fifth Amendment invocation that Mr. Weinberg has represented to you will be made in connection with the Subpoena.

We write to assert and preserve all objections under Fed. R. Civ. P. 45. If you intend to proceed with the Subpoena despite the position stated on Mr. Epstein's behalf by Mr. Weinberg, Mr. Epstein continues to reserve the right to take all appropriate action with respect to the Subpoena.

1.   Mr. Epstein objects to the Subpoena on the ground that it places an undue burden on him. That undue burden includes, but is not limited to, the cost and inconvenience of a deposition of a non-party invoking his Fifth Amendment privilege in connection with the Subpoena where the plaintiff will not obtain, as a result of the Subpoena, information within the scope of Fed. R. Civ. P. 26(b)(1) or information (if any) that otherwise may properly be obtained or used under the rules and in the action.

2.   Mr. Epstein objects to the Subpoena to the extent that it seeks or purports to require production or disclosure of privileged or other protected matter. Mr. Epstein hereby asserts all privileges, including his Fifth Amendment privilege against self-incrimination, the attorney-client

LAW OFFICES OF GREGORY L. POE PLLC

Sigrid S. McCawley, Esq.
June 9, 2016
Page 2

privilege, and all protections afforded by the work product doctrine, with respect to the Subpoena and all compliance efforts that may be sought or required under the Subpoena.

       3.       Mr. Epstein objects to videography as a form of recording of any deposition that may occur.

       4.       Mr. Epstein objects to the Definitions, Instructions, and Document Requests as overbroad and beyond the scope permitted by the applicable rules, including but not limited to the seeking of irrelevant information, the definitions of "Agent," "Correspondence," "communication," "Defendant," "Document," "Employee," "Jeffrey Epstein," "Ghislaine Maxwell," "Person(s)," "You," and "Your," the definitions of "Relevant Period" and "relevant time frame," the phrases "relating to" and "associated with," the seeking of documents and information already in the possession of counsel for plaintiff or readily obtainable from other sources, the vagueness of the Definitions, Instructions, and Documents Requests, and the imposition of purported obligations beyond the scope of the applicable rules.

       5.       Mr. Epstein also reserves all rights with respect to the motion for leave to serve three deposition subpoenas by means other than personal service filed on May 25, 2016 (Dkt. 160), which was mooted as to Mr. Epstein by the notice filed on May 27, 2016 (Dkt. 175), including but not limited to the assertion of objections to factual omissions, factual inaccuracies, and the allegations that Mr. Epstein was evasive with respect to any efforts that may have been made to serve a subpoena on Mr. Epstein.

Sincerely,

Gregory L. Poe

Enclosure

cc:    Laura A. Menninger, Esq.
       (with enclosure)