# EXHIBIT M



**Haddon, Morgan and Foreman, P.C**
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

May 25, 2016

**VIA EMAIL**

Sigrid S. McCawley
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
smccawley@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Re:    *Giuffre v. Maxwell*, Case No. 15-cv-07433-RWS

Dear Sigrid and Brad:

Beginning on February 12, I have requested a meaningful conferral via telephone with you regarding the scheduling of depositions, as required by the rules and necessary given the counsel and the witnesses' various locations in different states in different parts of the country.  On February 25, for example, I wrote:

> "I would suggest that rather than repeated emails on the topic of scheduling the various depositions in this case, or the unilateral issuance of deposition notices and subpoenas, you and I have a phone conference wherein we discuss which depositions are going to be taken, where, and a plan for doing them in an orderly fashion that minimizes travel and inconvenience for counsel and the witnesses.  As you are well aware from your own practice of law, attorneys have other clients, other court dates and other commitments to work around.  The FRCP and Local Rules contemplate courtesy and cooperation among counsel in the scheduling and timing of discovery processes.  This rule makes even more sense in a case such as this spanning various parts of the country where counsel must engage in lengthy travel and the attendant scheduling of flights, hotels and rental cars." *See* Laura Menninger email of 2/25 attached.

Sigrid McCawley
Brad Edwards
May 25, 2016
Page 2

      I repeated this request by email to Ms. McCawley on February 20, 25, 29, March 8, and April 5. You failed to respond to a single one of those requests.

      At the March 24 hearing, the Court inquired of both parties whether the discovery cut-off of June 30 remained appropriate. We advised the Court that we did not think it was a reasonable cut-off. Ms. McCawley advised the court that it was appropriate. The Court inquired whether an October trial date was appropriate. We said it was not. Ms. McCawley said that it was. *See* Transcript of Mar. 24 at 8-10.

      We finally had our first conferral on May 10, 2016, regarding a deposition schedule for the balance of the time remaining before the discovery cut-off of June 30. During that call, we discussed both sides' needs to take depositions in this case. At that time, you agreed to propose a workable calendar with depositions for both sides to take the balance of our respective 10 depositions in the various locations (Florida, New York, elsewhere) during the remaining weeks of discovery.

      Since our call, you have sent notices of deposition for approximately 18 witnesses. You canceled two business days prior your previously scheduled deposition of Ms. Allyson Chambers in St. Augustine, FL on May 17. You set and cancelled numerous other depositions or moved the dates. You have done all of this without once discussing the changes or the dates with us, knowing that we live in Colorado and must travel to Florida or New York. You have wasted our resources and we will be seeking our costs and fees accordingly.

      Finally, on May 17, a week after our conferral and while you knew I was traveling to Florida for your deposition of Johanna Sjoberg the next morning, you sent a proposed calendar. You also asked, for the first time, whether the parties could agree that you would be permitted to take more than the 10 depositions allowed by the F.R.C.P. Despite the promises made during our conferral, that calendar reserves 16 days of depositions for your side and two for us. It has back-to-back depositions in different states, Florida and New York. It has a deposition on a Saturday.

      Your proposed calendar is not acceptable and do we not agree to it. I attach hereto our proposed deposition schedule which blocks out equal time for the parties' remaining depositions in the various states.

      Regarding your request for an agreement to take more than 10 depositions, Brad's email unfortunately did not provide good cause for your request. By way of example only:

- You have allotted 3 days of depositions for persons who have indicated to you (either through their counsel or their previous conduct) that they intend to take the 5th Amendment. These are all persons over whom Ms. Maxwell has no control or authority and thus there is no good faith basis for spending three

Sigrid McCawley
Brad Edwards
May 25, 2016
Page 3

- days of depositions for assertions of the 5th Amendment which will not lead to admissible evidence at trial.

- Many of your proposed witnesses are not even included on your Rule 26 disclosures.

- Many of your proposed witnesses do not know either of our clients and therefore their testimony is not likely to lead to admissible evidence in this case.  Brad's email did not explain, for example, how Alexandra Hall or Rinaldo Rizzo have anything meaningful to say in this *defamation* case against *Ghislaine Maxwell*.  The police reports generated by Recarey and Reiter do not mention Ghislaine Maxwell as having been a target of their investigation; she wasn't.  Nor do those police reports reveal that *any* of the complaining witnesses against Mr. Epstein buttress your client's false assertion that Ghislaine Maxwell either "recruited" them, sexually abused them, or trafficked them.

In sum, you have not shown good cause for taking more than 10 depositions.

Moreover, your repeated, sustained and flagrant failure to provide requested discovery has significantly hampered our ability to identify witnesses and conduct meaningful discovery.  Again, by way of example, we have sought from you since February 12 the identities of your client's healthcare treatment providers, all of which should have been disclosed pursuant to Rule 26 last November.  You objected to providing that information.   We were forced to file a Motion to Compel.  On April 22, the Court ordered you to produce all medical records from 1999 to the present.  You first provided the names of any treating physician – Dr. Olson – on April 29.  You certified the interrogatory responses as complete and your client verified them.  Then on May 3, your client at her deposition came up with a new psychiatrist she claims she has seen since 2011, Dr. Lightfoot, who lives in Australia.  Then, yesterday during Ms. Miller's deposition, it was revealed for the first time that Ms. Giuffre was seen at Centura Health in Colorado following an incident of domestic violence with her husband in March 2015.  Those doctors have not been disclosed, those records have not been disclosed, and Ms. Shultz sent a letter decrying the difficulty it caused her to have to send a signed release to Centura for their records.  I have never, ever had such difficulty getting the names of treatment providers or the medical records from a plaintiff claiming personal injury!  What kind of game is this?

Please get back to me regarding our proposed calendar so that any disagreements can be aired with the Court next Thursday during our hearing.

Sigrid McCawley
Brad Edwards
May 25, 2016
Page 4

         Sincerely,

         HADDON, MORGAN AND FOREMAN, P.C.

         */s/ Laura A. Menninger*
         Laura A. Menninger

Enclosure

Giuffre v. Maxwell
Defendant's Proposed Deposition Calendar
May 25, 2016

# May 2016

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
| 1 | 2 | 3<br>Virginia Giuffre - CO | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17<br>Allyson Chambers (Plaintiff #1) – FL (canceled on 5/13) | 18<br>Johanna Sjoberg (Plaintiff #2) – FL | 19 | 20<br>Sky Roberts – (Defendant #1) – FL | 21 |
| 22 | 23 | 24<br>Lynn Miller (Defendant #2) – CO | 25 | 26<br>Dr. Olson – (Defendant #3) - CO | 27 | 28 |
| 29 | 30<br>Memorial Day | 31 | | | | |

Giuffre v. Maxwell
Defendant's Proposed Deposition Calendar
May 25, 2016

# June 2016

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
|  |  |  | 1 | 2<br>Court Hearing – NY | 3<br>Plaintiff Deposition #3 – New York | 4 |
| 5 | 6 | 7<br>Plaintiff Deposition #4 – NY | 8<br>Defendant Deposition #4 – NY | 9<br>Defendant Deposition #5 – NY | 10<br>Plaintiff Deposition #5 - NY | 11 |
| 12 | 13 | 14<br>Plaintiff Deposition #6 – NY | 15<br>Defendant Deposition #6 – NY | 16<br>Plaintiff Deposition #7 – NY | 17<br>Defendant Deposition #7 - NY | 18 |
| 19 | 20 | 21<br>Plaintiff Deposition #8 – FL | 22<br>Defendant Deposition #8 – FL | 23<br>Defendant Deposition #9 – FL | 24<br>Plaintiff Deposition #9 - FL | 25 |
| 26 | 27 | 28<br>Plaintiff Deposition #10 – NY | 29<br>Defendant Deposition #10 - NY | 30 |  |  |