United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                            Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

## PLAINTIFF'S AMENDED SUPPLEMENTAL RESPONSE AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF

Plaintiff hereby serves her amended supplemental responses and objections to Defendant's First Set of Discovery Requests.

## GENERAL OBJECTIONS

Defendant's First Set of Discovery Requests violates Local Civil Rule 33.3. Defendant has served interrogatories that are in direct violation of that Rule because the interrogatories are not "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Civil Rule 33.3(a). Instead, they seek information under subsections (b) and (c) of Local Civil Rule 33.3, and therefore, they should not be served because they are not "a more practical method of obtaining the information sought than a request for production or a deposition," and because they were served in advance of the period "30 days prior to the discovery cut-off date." Local Civil Rule 33.3(b), (c).  The interrogatories you served violate Local Rule 33.3 and we ask

1

Ms. Giuffre is in possession of a responsive document that contains a confidentiality provision. If Defendant obtains, and produces to Ms. Giuffre, a written waiver from her co-conspirator, Mr. Epstein, of the confidentiality provision, freeing Ms. Giuffre from any liability whatsoever under the confidentiality provision, she will produce the document.

11. Identify any facts upon which You base Your contention that You have suffered as a result of the Alleged Defamation by Ghislaine Maxwell "past and future lost wages and past and future loss of earning capacity and actual earnings – precise amounts yet to be computed, but not less than $5,000,000."

**Response to Interrogatory No. 11**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects to this interrogatory in that it prematurely seeks expert witness disclosures. Ms. Giuffre incorporates by reference herein her Revised Rule 26 disclosures, which includes her computation of damages.

12. Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, that You suffered from <u>subsequent to</u> any Alleged Defamation by Ghislaine Maxwell, including:

    a. the Health Care Provider's name, address, and telephone number;

    b. the type of consultation, examination, or treatment provided;

    c. the dates You received consultation, examination, or treatment;

    d. whether such treatment was on an in-patient or out-patient basis;

    e. the medical expenses to date;

    f. whether health insurance or some other person or organization or entity has paid for the medical expenses; and

      g.    for each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

**Response to Interrogatory No. 12**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim and is not limited in scope to the issues in this case Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.

    13.    Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, including addiction to alcohol, prescription or illegal drugs, that You suffered from <u>prior to</u> the Alleged Defamation by Ghislaine Maxwell, including:

      a.    the Health Care Provider's name, address, and telephone number;

      b.    the type of consultation, examination, or treatment provided;

      c.    the dates You received consultation, examination, or treatment;

      d.    whether such treatment was on an in-patient or out-patient basis;

      e.    the medical expenses to date;

      f.    whether health insurance or some other person or organization or entity has paid for the medical expenses; and

      g.    For each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

**Response to Interrogatory No. 13**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim and is not limited in scope to the issues in this case.  Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, and any other applicable privilege.   Ms. Giuffre objects to this request in that it is not limited in scope to the medical information relating to the abuse she suffered from Defendant and Jeffrey Epstein.

14.     Identify any Person who You believe subjected You to, or with whom You engaged in, any illegal or inappropriate sexual contact, conduct or assault prior to June 1999, including the names of the individuals involved, the dates of any such illegal or inappropriate sexual contact, conduct or assault, whether Income was received by You or anyone else concerning such event, whether a police report was ever filed concerning such event and the outcome of any such case, as well as the address and location of any such event.

**Response to Interrogatory No. 14**

Ms. Giuffre objects to this interrogatory in that it violates Local Rule 33.3. Ms. Giuffre objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim. Ms. Giuffre objects to this request in that it seeks sexual assault information for a period prior to the sexual abuse at issue in this matter for a period when she was a minor child from the time Ms. Giuffre was born until she was 15.  Ms. Giuffre objects to this request in that it is sought solely to harass, and intimidate Ms. Giuffre who is a victim of sexual abuse by the defendant.

Ellen Brockman
Boies Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

**CERTIFICATE OF SERVICE**

I certify that on March 22, 2016, I electronically served *Plaintiff Virginia Giuffre's Amended Supplemental Responses and Objections to Defendant's First Set of Discovery Requests* on the following:

Laura A. Menninger, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com

Jeffrey S. Pagliuca, , Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: jpagliuca@hmflaw.com

By: /s/ Sigrid McCawley
    Sigrid McCawley