United States District Court
Southern District of New York

Virginia L. Giuffre,

    Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA TO JEFFREY EPSTEIN

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this response to Jeffrey Epstein's motion to quash a subpoena calling for his testimony. Having spent months attempting to avoid service of a subpoena, Epstein claims that it will now be an "undue burden" to answer questions at a location near his Virginia Islands residence rings hollow. Epstein has relevant and admissible information to this case, and the Court should deny his motion to quash the subpoena for his deposition.

### FACTUAL BACKGROUND

The Court is already familiar with the factual circumstances surrounding Epstein's efforts to avoid answering questions related to this case. Indeed, after having spent thousands of dollars unsuccessfully trying to serve Epstein personally, on May 25, 2016, Ms. Giuffre filed a motion for leave to serve Epstein's deposition subpoena by means of alternative service. *See* DE 160 at

1-3 (recounting Epstein's efforts to avoid service).[1] Ms. Giuffre's subpoena to Epstein, that was posted on his door, mailed to him and e-mailed to his counsel, set the date of deposition for June 14, 2016. *See* McCawley Decl. at Exhibit 2. Shortly after that motion was filed, Epstein's counsel agreed to accept service of a subpoena on the condition that the deposition would take place in The Virgin Islands. *See* McCawley Decl. at Composite Exhibit 3. On June 16, 2016, Epstein filed the pending motion to quash.

I.  **Epstein Is Not Subject to an Undue Due Burden if He is Deposed in the Virgin Islands at a Location of His Choosing.**

Epstein argues that he will be subject to an "undue burden" if, like other witnesses with relevant information in this case, he is deposed. Curiously, he cites cases about "expense" and "costs imposed on third parties" (Mot.to Quash at 5) without acknowledging that he is a billionaire represented by legions of lawyers and he owns a mansion where he regularly resides in New York City. Epstein does admit, however, that "it is not common to bar a deposition from occurring" (*id.*) – a point that this Court has previously emphasized. *See, e.g., Naftchi v. New York Univ. Med. Ctr.,* 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."); *accord Investment Properties Int'l, Ltd. v. IOS, Ltd.,* 459 F.2d 705, 708 (2d Cir.1972) ("an order to vacate a notice of taking [of a deposition] is generally regarded as both unusual and unfavorable ....").

---

[1] In his motion, Epstein takes issue with the history of Ms. Giuffre's attempts to get cooperation with service but the facts are simple, as the correspondence reflects, counsel reached out to counsel for Epstein back on March 7, 2016. Epstein's counsel did not have permission to agree to accept service of the subpoena and Ms. Giuffre had to go through the time and expense of trying to personally serve Mr. Epstein. Counsel was not aware of April 11, 2016 e-mail referenced, however Epstein's counsel had the opportunity to make that offer in response to the prior phone conferences and e-mail correspondence that took place in early March. See McCawley Declaration at Exhibit 1.

Epstein attempts to carry his "exceedingly difficult" burden of barring his deposition by arguing that, because he will invoke the Fifth Amendment, the deposition will be a waste of time. To be sure, it appears probable that Epstein will take the Fifth when asked some questions at his deposition, particularly direct questions about defendant Maxwell's involvement in his sex trafficking scheme. But as Epstein must know, he will be asked a broad range of questions, not all of which will be the proper subject of Fifth Amendment invocations. It is well-settled that although a witness in a civil proceeding has a Fifth Amendment right not to respond to civil discovery when his responses may tend to incriminate him, a blanket assertion of the privilege against self-incrimination is impermissible." *see G.D. Searle & Co.,* Interstate Drug Exchange 495, 117 F.R.D. at 500 (E.D.N.Y. 1987) (citing cases), *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F. Supp. 45, 50 (S.D.N.Y. 1982) (finding "no justification for [litigants'] more or less blanket invocation of the privilege."). With respect to each and every question asked, "[s]ome nexus between the risk of criminal conviction and the information requested must exist." *Martin–Trigona v. Gouletas,* 634 F.2d 354, 360 (7th Cir.1980). A witness must "tender some credible reason why a response would pose a real danger of incrimination, not a remote and speculative possibility." *Id.* (citing *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 478 (1972)). Until Epstein has heard all of the questions, it is not possible for him to say that he can properly invoke the Fifth Amendment on all of them.

When Epstein has been deposed in other analogous civil cases, he has not invoked the Fifth Amendment on every question. Instead, he has invoked on some questions and not on others. For example, during a deposition on March 8, 2010, in the case of *Jane Doe 2 v. Epstein* (S.D. Fla.), Epstein answered (among others) the following questions:

3

- And you are, sir, a registered sex offenders in the State of Florida? (McCawley Decl, Exhibit 5 at 6);

- In June of 2008, you plead guilty to two felonies; is that correct? (*id.* at 8);

- One of those felonies involved procuring a person under the age of 18 for prostitution, correct? (*id.*)

Epstein has also answered questions in other depositions brought by his sexual assault victims.

Epstein also argues that Ms. Giuffre will not be able to use at trial his invocations of the Fifth Amendment against Defendant Maxwell. Mot. to Quash at 6. Ms. Giuffre can understand why Epstein is curious as to how that issue will ultimately play out in the course of these proceedings – clearly his assertion of the privilege advances not only his interests but also Defendant's by preventing exploration of the sexual abuse scheme they worked on together. Nonetheless, Epstein lacks standing to argue about any issue concerning the admissibility of trial evidence in this case. Those issues must be litigated between Ms. Giuffre and Defendant Maxwell.

In any event, Epstein's arguments about the admissibility of his Fifth Amendment invocations are spurious. Epstein concedes, as he must, that the Second Circuit has squarely held that Fifth Amendment invocations by a non-party can be used against a party in the proper circumstances. *Libutti v. United States*, 107 F.3d 110 (2d Cir. 1997). A five-factor test requires the Court to consider and balance various factors. The first factor, for example, is "the nature of the relevant relationships." *Id.* at 123. Conveniently, Epstein does not bother to discuss this factor. Presumably this is because of the exceedingly close personal, financial, and social relationships (among other things) between himself and Defendant Maxwell. Defendant is his former girlfriend. She was also his partner in crime – literally – for years while the two were

4

involved together in the sexual abuse of minors. Flight logs shows Epstein, Defendant and Ms. Giuffre on numerous flights together. Epstein and Defendant also have extensive financial dealing with each other. These are the kind of facts that the Court will need to consider when ultimately making its determination of the issue. But fact discovery has not yet even closed in this case, so it is surely premature at this time to rule on the issue. Instead, the issue of whether the invocations can be used against Defendant should await further development and full briefing between the parties. Epstein should be required to sit for his deposition now – just like all other subpoenaed witnesses in this case.

## II. Epstein Should Not Be Able Exempt Himself from Standard Videotaping Requirements.

For many of the same reasons that his motion to quash should be denied, Epstein's motion to prohibit videography of his deposition should be denied. Epstein has previously obtained apparently preferential treatment in the court system, *see ,e.g.,* Abby Goodnough, *Questions of Preferential Treatment Are Raised in Florida Sex Case*, N.Y. Times, Sept. 3, 2006, at A19 (discussing special non-prosecution agreement obtained by Epstein and his co-conspirators), so he continues to press to be treated differently than other witnesses in this case. Epstein cites no authority that would support barring videotaping of his deposition. And his argument hinges on the claim that (1) he can properly invoke the Fifth Amendment with regard to *every* question at his deposition and (2) that the Court will exclude *all* such invocations at the trial. For the reasons discussed above, neither of these points is true now … and neither will be true at trial. Accordingly, Epstein's motion to have the recording of his deposition treated differently than the deposition of other witnesses should be denied.

**III.    Epstein's Motion to Quash is Not Timely.**

As explained in the Motion for Alternative (DE 160), Ms. Giuffre started her attempts to serve Epstein on March 7, 2016.  Epstein would not agree to allow his counsel to accept service of the subpoena and, therefore, Ms. Giuffre was forced to retain Alpha Group Investigations to attempt personal service on Epstein.  After over 15 attempts at personal service, on May 18, 2016, the investigators posted the subpoena for the June 14, 2016 deposition on Epstein's door and mailed a copy to the address and a copy was also sent to his counsel via e-mail.  *See* McCawley Decl. at Exhibit 4, Declaration of Doug Mercer.  Despite this, Epstein's counsel did not file his motion to Quash until two days after the date of the subpoena.

A motion to quash must be "timely filed" under Rule 45.  *See* Fed. R. Civ. P. 45(c)(3)(A) ("On *timely* motion, the issuing court must quash or modify a subpoena …." (emphasis added)).  Ample authority exists holding that timeliness means within the specified compliance period, so long as that period is of reasonable duration. *See* 9 Moore's Federal Practice–Civil § 45.50 (2006); *Dexter v. Cosan Chem. Corp.,* No. 91–5436, 2000 U.S. Dist. LEXIS 22134, at *7–8 (D.N.J. Oct. 24, 2000) (motion to quash filed on September 21, 2000, two days after September 19, 2000 return date, was untimely and therefore denied); *Innomed Labs, LLC v. Alza Corp.,* 211 F.R.D. 237, 240 (S.D.N.Y.2002) ("Although Rule 45(c)(3)(A)(iv) requires that the motion to quash be timely without defining what 'timely' is, it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition.").  Because Epstein had the subpoena through service to his home and to his counsel on May 18, 2016, almost a month before the subpoenaed date, Epstein's motion to quash is untimely, the Court should deny it for that reason alone.

## **CONCLUSION**

Epstein's motion to quash should be denied and Ms. Giuffre should be entitled to take Epstein's deposition.

Dated: June 20, 2016

>Respectfully Submitted,
>
>BOIES, SCHILLER & FLEXNER LLP
>
>By: /s/ Sigrid McCawley
>Sigrid McCawley (Pro Hac Vice)
>Meredith Schultz (Pro Hac Vice)
>Boies Schiller & Flexner LLP
>401 E. Las Olas Blvd., Suite 1200
>Ft. Lauderdale, FL 33301
>(954) 356-0011
>
>David Boies
>Boies Schiller & Flexner LLP
>333 Main Street
>Armonk, NY 10504
>
>Bradley J. Edwards (Pro Hac Vice)
>FARMER, JAFFE, WEISSING,
>EDWARDS, FISTOS & LEHRMAN, P.L.
>425 North Andrews Avenue, Suite 2
>Fort Lauderdale, Florida 33301
>(954) 524-2820
>
>Paul G. Cassell (Pro Hac Vice)
>S.J. Quinney College of Law
>University of Utah
>383 University St.
>Salt Lake City, UT 84112
>(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 20, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below and to all related parties via transmission of the Electronic Court Filing System generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                                /s/ Sigrid S. McCawley
                                                   Sigrid S. McCawley