# EXHIBIT L



Haddon, Morgan and Foreman, P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

June 13, 2016

**VIA EMAIL**

Sigrid S. McCawley
Meredith Schultz
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
smccawley@bsfllp.com

Re:    *Giuffre v. Maxwell*, Case No. 15-cv-07433-RWS

Dear Sigrid and Meredith:

　　　Interrogatory No. 2 issued to your client on February 12, 2016 sought all email addresses used by Plaintiff from 1998 to the present.  Her sworn response of March 16, 2016, stated only "Ms. Giuffre's e-mail address is robiejennag@y7mail.com."  Her verified Supplemental and her Amended Supplemental Responses, both dated March 22, 2016, did not mention any additional email accounts.  Nor did her Second Amended Supplemental Response on April 29, 2016, nor at any date following April 29, 2016.  You have signed each of those discovery responses certifying that they were true and accurate pursuant to Rule 26's requirement.  This is remarkable because you, her attorneys, had in your possession emails from Ms. Giuffre from the requested time period that came from her other email accounts, specifically from her "icloud," "hotmail" and "live.com" email addresses.

　　　I raised with you during written and oral conferrals your deficient productions and your obvious failure to search for relevant documents in your client's possession and control from these email accounts.  You were highly dismissive of my concerns.  During our May 9 conferral, for example, you stated:

> Your IT person "tracked those down" and they are "closed" accounts, but you did not know what that means, *i.e.,* whether the IT person spoke to the entities (live.Com and Hotmail.com) to confirm that no documents exist in their servers with regard to Ms. Giuffre's accounts.

Sigrid McCawley
Meredith Schultz
June 13, 2016
Page 2

You did not explain why your client's interrogatory response did not list those additional email accounts. You will look into what your IT person did and report back. You will also research your client's undisclosed "icloud" account and search for any responsive documents within that account.

Yet, we never received any such report from your IT person. Instead, by letter of March 17, 2016, Ms. Schultz represented that Ms. Giuffre had tried to recover her password for her "hotmail" account but had been unable to do so, which, you suggested, meant that the account had been closed. You also said you were working on finding out the "details" of the "icloud account" and would "update" me when you knew additional information.

More than one month after our conferral, on June 10, 2016, you simply produced documents you claim are responsive to our discovery requests from her "icloud" account. Why were these not produced earlier? What efforts did you undertake to preserve documents on your client's "icloud" account? Who searched that account – Ms. Giuffre, the same person who had a "bonfire" of responsive documents a few years ago? Or was it the IT person who said the accounts were closed?

In any event, I was forced to serve a subpoena to Microsoft for the other accounts and now understand that Plaintiff's "jennag1203@hotmail" account remains active. Please have your client fill out the attached release, sign it and return it to me by Wednesday, June 15, 2016. We reserve our right to seek sanctions for your failure to timely search and provide responsive documents contained in the various email accounts. Further, has your IT person actually checked Ms. Giuffre's computers to ensure that she does not have any additional email accounts that she has "forgotten" about?

Missing Boxes of Documents

We also conferred with you, several times, regarding the missing boxes of documents that your client shipped to Australia after the pendency of this case and which you and your client admit have not been searched for responsive documents. On May 19, nearly four weeks ago, you represented that those boxes were being shipped to you and that you would review and produce any responsive documents. Please provide an update and also consider this a final conferral regarding those documents prior to a motion to compel and for sanctions.

Additional Releases

We have also been advised that Ms. Giuffre has been seen for medical treatment with the HealthFusion medical centers. Also attached is a release for her to

Sigrid McCawley
Meredith Schultz
June 13, 2016
Page 3

sign regarding those records.  Similarly, Plaintiff apparently still has medical records from the 2000-2002 through her insurance company Blue Cross/Blue Shield of Florida, also known as HealthOptions.  Please have her sign the attached release for their records, consistent with the Court's Order.

    Finally, since your client has not been forthcoming with her dates of employment and wages, we also would like her to sign the attached request for information from the Social Security Administration.

    Sincerely,

    HADDON, MORGAN AND FOREMAN, P.C.


    */s/ Laura A. Menninger*
    Laura A. Menninger