UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA GIUFFRE, : | |
| : | |
| Plaintiff, : | |
| v. : | No. 15-cv-07433-RWS |
| : | |
| GHISLAINE MAXWELL, : | |
| : | |
| Defendant. : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH (OR IN
THE ALTERNATIVE MODIFY) SUBPOENA AND FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26 and 45, Jeffrey Epstein, through counsel, respectfully submits this reply memorandum in support of his motion to quash (or in the alternative modify) a subpoena *duces tecum* served on May 27, 2016 ("Subpoena") and for a protective order regarding the Subpoena.

**INTRODUCTION**

Plaintiff's opposition demonstrates why a deposition of Mr. Epstein is unwarranted in this case. First, plaintiff asserts a meritless claim that the motion to quash is untimely. Second, plaintiff's argument that the deposition should occur because it ostensibly would properly elicit non-privileged answers undermines plaintiff's own position. Third, plaintiff's claim that it is premature to address whether an adverse inference may be drawn against the defendant (Ghislaine Maxwell) based on silence from a non-party (Jeffrey Epstein) illustrates why Mr. Epstein should not be subjected to a deposition in the first place. Fourth, plaintiff's opposition underscores why videography should not be permitted if a deposition occurs.

## ARGUMENT

### I. The Motion To Quash Is Timely

Plaintiff claims that the subpoena was served on May 18 and that the motion to quash was not timely filed. See Dkt. 233, Plaintiff's Opposition to Motion to Quash ("Opp.") at 6. That argument has no basis whatsoever. On May 27, counsel for Mr. Epstein accepted service of the subpoena on certain agreed conditions. Supplemental Declaration of Gregory L. Poe in Support of Motion to Quash, Exhibit 1 ("Supp. Poe Decl."). *Id.* One of the conditions was that the compliance date would be determined by agreement. *Id.* Sixteen days later, on June 12, counsel for plaintiff contacted counsel for Mr. Epstein *for the first time* regarding a compliance date and suggested June 28, 2016. *Id.* Counsel for defendant Maxwell, however, immediately made clear that June 28 was not an available date for defense counsel and proposed two alternative dates in June that were not available to Mr. Epstein and his counsel. *Id.* The motion to quash (the likelihood of which Mr. Epstein's counsel had made plain before the agreement to accept service was made, Dkts. 223-2 through 223-6) was filed on June 15 without a compliance date having been set. Accordingly, the motion is timely and plaintiff's contrary argument is baseless. *See, e.g.*, *Nova Biomedical Corp.* v. *i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998) (motion to quash filed two days before compliance date was timely).

### II. Plaintiff's Opposition Demonstrates That A Deposition Is Unwarranted

The central issue before the Court is whether a proper litigation purpose would be served if Mr. Epstein is subjected to a deposition. If a deposition would *not* serve such a litigation purpose, then the burden would necessarily be undue because it would result in cost and inconvenience to a non-party without a corresponding case-related benefit for either party. Cf. *Usov* v. *Lazar*, No. 13 Civ. 818 (RWS), 2014 WL 4354691, *16 (S.D.N.Y. Sept. 2, 2014) (Sweet,

J.) ("status of a witness as a non-party to the underlying litigation entitles [the witness] to consideration regarding expense and inconvenience"); Opening Brief (Dkt. 222) at 5-6. According to plaintiff, Mr. Epstein should be deposed because (1) he answered certain questions in a 2010 deposition in a different proceeding without invoking the Fifth Amendment; and (2) it is premature for the Court to determine whether any adverse inferences against defendant Maxwell may be drawn based on Mr. Epstein's silence in response to questions if a deposition occurs. Opp. at 2-5. Both of those arguments are unavailing and the motion to quash should be granted (or held in abeyance in the alternative).

### A. Plaintiff Fails to Identify Questions That Would Justify a Deposition

Plaintiff's first argument, which ignores the distinction between parties and non-parties for purposes of discovery (Opp. at 2-3; Opening Br. at 5-6), is that a deposition should occur because Mr. Epstein "will be asked a broad range of questions" and that "[u]ntil Epstein has heard all of the questions, it is not possible for him to say that he can properly invoke the Fifth Amendment on all of them." Opp. at 3. For that proposition, plaintiff cites three questions in a 2010 deposition in another proceeding that Mr. Epstein answered without invoking the Fifth Amendment: (1) whether he is a registered sex offender in the State of Florida; (2) whether he pleaded guilty to two felonies in June 2008; and (3) whether one of the felonies involved certain elements. *Id.* at 3-4; Dkt. 233-5. But plaintiff cannot justify deposing Mr. Epstein to learn facts that are a matter of public record and that plaintiff already knows. See, *e.g.*, *Aristocrat Leisure Ltd.* v. *Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 299-300 (S.D.N.Y. 2009) ("this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source. It obviously is a highly case specific

3

inquiry and entails an exercise of judicial discretion.") (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2008)).

### B. Mr. Epstein Has Properly Raised the Adverse Inference Issue and It Is Not Premature

Without citing authority, plaintiff claims that Mr. Epstein "lacks standing" to argue that a deposition should not occur because plaintiff has failed to show that a basis exists on which to allow adverse inferences against a party (defendant Maxwell) based on Fifth Amendment invocations by a non-party (Mr. Epstein). Opp. at 6. Plaintiff fails to explain why the doctrine of standing would allow a party to take a Fifth Amendment deposition of a non-party that would serve no litigation purpose. To the contrary, Mr. Epstein's standing to challenge the subpoena is established by the Federal Rules of Civil Procedure, which sets forth the standards allowing non-parties to challenge subpoenas, and the Court's control over the discovery process. Opening Br. at 5-6.

As plaintiff recognizes (Opp. at 4-5), the real question is whether, if a deposition occurs, the standards set forth in *Libutti* v. *United States*, 107 F.3d 110 (2d Cir. 1997), would permit adverse inferences to be drawn against defendant Maxwell based on Fifth Amendment invocations by Mr. Epstein in response to questions posed at a deposition. Along with the reasons stated in Mr. Epstein's opening brief, defendant Maxwell recently articulated in detail why plaintiff fails to meet the *Libutti* standards in this case and why, therefore, any adverse inference would be impermissible. See Defendant's Memorandum in Opposition to Extending Deadline to Complete Depositions (Dkt. 228) at 15-18.

As a fallback, plaintiff asserts that "fact discovery has not yet even closed in this case, so it is surely premature at this time to rule on the issue. Instead, the issue of whether the invocations can be used against Defendant should await further development and full briefing between the

parties." Opp. at 5. If the Court accepts that premise, Mr. Epstein respectfully requests that the Court defer a decision as to whether he may be deposed until the parties have completed "fact discovery" and engaged in "full briefing." *Id.* The Court has the discretion to take such an approach given its broad control over discovery matters. Opening Br. at 5-6. Such an approach would result in no litigation disadvantage to either party. And it would avoid the unnecessary cost and inconvenience to Mr. Epstein (*i.e.*, being subjected to a deposition without a sufficient litigation purpose) if the Court determines that plaintiff has failed to meet the *Libutti* standards in this case.

### III.    If a Deposition Occurs, No Video Recording Should Be Permitted

Without contesting any of the authority that Mr. Epstein has provided, or even citing it, plaintiff relies solely on two assertions in arguing that a video deposition should occur. First, plaintiff claims that Mr. Epstein somehow would receive "preferential treatment" unless he is subjected to a video deposition. Opp. at 5. Plaintiff's opposition, however, offers nothing to support that claim. The opposition fails to identify (1) another similarly situated witness who is being treated differently; (2) what the putative preferential treatment would be; or (3) a single instance in which any other witness or potential witness in this case has argued that a video deposition should not occur. Instead of citing any authority, plaintiff cites only to a 2006 *New York Times* article. *Id.*; http://www.nytimes.com/2006/09/03/us/03epstein.html?_r=1 (site last visited June 21, 2016). That newspaper article, which itself is nothing more than a particular reporter's account of highly disputed allegations, has no bearing on the legal issue before the Court – just as plaintiff's insinuation that Mr. Epstein's wealth is somehow relevant to the legal analysis, Opp. at 2, is utterly baseless and unsupported by any citation to authority.

Plaintiff's second argument for videotaping an entire deposition, which again lacks any citation to authority, is just as wanting. According to plaintiff, Mr. Epstein's position "hinges on the claim" that he can "properly invoke the Fifth Amendment with regard to *every* question at his at his deposition[.]" Opp. 5 (emphasis in original). On its face, plaintiff's argument applies only to answers that would *not* involve a Fifth Amendment invocation. With respect to answers that *would* implicate the Fifth Amendment, Mr. Epstein's credibility and demeanor would not be at issue (as we explained in our opening brief (Dkt. 222 at 7-9)), and plaintiff has provided nothing to contest our position that videography serves no proper purpose regarding such answers. Plaintiff also asserts that Mr. Epstein's position depends on a premise that "the Court will exclude *all* such invocations at the trial." Opp. at 5 (emphasis in original). Again, if answers to questions at a deposition involve Fifth Amendment invocations, then credibility and demeanor will not be at issue, and whether the Court at trial excludes answers involving Fifth Amendment invocations has no logical bearing on the videography question.

## CONCLUSION

For the reasons stated above, and for any other reason that the Court may deem just and proper, Jeffrey Epstein respectfully requests that the Court quash the subpoena as unduly burdensome and enter a protective order. In the alternative, Mr. Epstein requests that the Court hold in abeyance a decision on the motion to quash for the reasons stated above. If the Court does not grant that requested relief, Mr. Epstein respectfully requests that the Court modify the subpoena by prohibiting videography as a means of recording.

        Respectfully submitted,

        */s/ Gregory L. Poe*
        Gregory L. Poe (admitted *pro hac vice*)
        Rachel S. Li Wai Suen (RS-1145)
        Law Offices of Gregory L. Poe PLLC
        The Executive Building
        1030 15th Street, N.W., Suite 580 West
        Washington, D.C. 20005
        (202) 583-2500
        gpoe@gpoelaw.com
        rliwaisuen@gpoelaw.com

        *Counsel for Non-Party Jeffrey Epstein*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 21st day of June, 2016, I caused a true and correct copy of Jeffrey Epstein's Reply Memorandum in Support of Motion to Quash (or in the Alternative Modify) Subpoena and for a Protective Order to be served via the Court's CM/ECF system on the following:

>Sigrid S. McCawley
>Meridith Schultz
>BOIES, SCHILLER & FLEXNER, LLP
>401 East Las Olas Boulevard, Ste. 1200
>Ft. Lauderdale, FL 33301
>smccawley@bsfllp.com
>mschultz@bsfllp.com
>
>Paul G. Cassell
>383 S. University Street
>Salt Lake City, UT 84112
>cassellp@law.utah.edu
>
>Bradley J. Edwards
>FARMER, JAFFE, WEISSING, EDWARDS,
>FISTOS & LEHRMAN, P.L.
>425 North Andrews Ave., Ste. 2
>Ft. Lauderdale, FL 33301
>brad@pathtojustice.com
>
>Laura A. Menninger
>Jeffrey S. Pagliuca
>HADDON, MORGAN AND FOREMAN, P.C.
>150 East 10th Avenue Denver, CO 80203
>Phone:   303.831.7364
>Fax:     303.832.2628
>lmenninger@hmflaw.com

>*/s/ Rachel S. Li Wai Suen*
>Rachel S. Li Wai Suen