**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

              Plaintiff,                 Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

              Defendant.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO EXTEND THE DEADLINE TO COMPLETE DEPOSITIONS  AND OPPOSITION TO MOTION FOR SANCTION FOR VIOLATION OF RULE 45**

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this reply in support of her motion for a brief extension of time to complete pending depositions.

## BACKGROUND

While Defendant uses an abundance of highly inflammatory language in her opposition brief, Ms. Giuffre will disregard that and simply focus Court on the timeline and the facts that support the need for additional time to complete the remaining depositions.  Pursuant to the Court's Order dated June 20, 2016, the depositions that remain to be taken by Ms. Giuffre are as follows:

- Jeffrey Epstein
- Nadia Marcinkova
- Sarah Kellen
- Jean Luc Brunel
- Ross Gow
- Defendant's 2nd Deposition (pursuant to Judge Sweet's June 20, 2016 Order).

Ms. Giuffre is requesting an extension of time of four weeks to be able to accommodate these third party witnesses' schedules and complete these depositions. Ms. Giuffre believes she has

been diligent in her efforts to secure these witnesses' testimony and contests Defendant's representation of what has transpired.

As the Court will recall, Defendant moved twice to stay discovery in this case and did not produce a single document until ordered by the Court on February 8, 2016 and did not produce even her initial Rule 26 disclosures until February 24, 2016, many months after they were originally due on November 11, 2015.  Defendant did not serve her answer and affirmative defenses in this case until March 14, 2016. (DE 54).  While Ms. Giuffre attempted to start scheduling depositions in February, 2016, she was unable to secure the Defendant's deposition until after the Court ordered the deposition to go forward at which time it was taken on April 22, 2016.  Ms. Giuffre, despite reaching out to Epstein's counsel in early March, was unable to secure his acceptance of service as explained in detail below. Ms. Giuffre was also unable to obtain cooperation on service as to Sarah Kellen, Nadia Marcinkova and Defendant's own agent who issued the defamatory statement in this case Ross Gow.  Ms. Giuffre's efforts to scheduled depositions were also hampered by third party witnesses' counsel having conflicts and requesting date changes.

It is disingenuous for Defendant to argue that Ms. Giuffre "frittered" away the discovery period when Defendant had active motions to stay discovery pending before the Court, refused to produce any documents until that decision was rendered, refused to produce Rule 26 disclosures and refused to produce the Defendant for deposition.  On May 9, 2016, the parties met and conferred about the remaining depositions that needed to be taken, and on May 17, 2016, Ms. Giuffre sent Defendant a detailed calendar with a proposal regarding the dates the parties had discussed during the meet and confer. There were a number of conferences thereafter about the pending schedule for depositions.  As explained below, Ms. Giuffre has engaged in good faith efforts to secure these depositions and has good cause for needing additional time. *See  Carlson*

2

*v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (holding that defendants established good cause to extend discovery in order to conduct plaintiff's deposition where defense counsel made sufficient efforts to schedule her deposition prior to the close of discovery).

### Depositions of Epstein, Marcinkova and Kellen:

Ms. Giuffre has made diligent efforts to subpoena each of these witnesses. Ms. Giuffre first reached out the Mr. Epstein's counsel of record on March 7, 2016. *See* McCawley Decl. at Exhibit 1. Mr. Epstein's counsel was not authorized to accept service. Therefore, Ms. Giuffre had to retain investigative professionals to attempt personal service on Mr. Epstein at great expense. Defendant misrepresents the April 11, 2016 correspondence in her Opposition brief and Ms. Giuffre did not receive that correspondence. Indeed as of May 25, counsel for Epstein was <u>still saying</u> he was not authorized to accept service (**"I will not have any answer on the threshold question of whether or not I am authorized to accept service until after the holiday weekend i.e. Tuesday May 31st."**) *See* McCawley Decl. at Exhibit 2, May 25, 2016 e-mail correspondence from Marty Weinberg. Defendant is also flat wrong when she says Ms. Giuffre "waited an additional three weeks" to attempt to set a date. Ms. Giuffre's subpoena to Mr. Epstein had a date in the subpoena of **June 14th** and that date was also reflected on the deposition calendar provided to opposing counsel a month earlier on May 17th. *See* McCawley Decl. at Exhibit 3 and 4. Setting aside all this back and forth, Ms. Giuffre has pressed Epstein's counsel for dates and Epstein's counsel has acknowledge that if he is unsuccessful in his Motion to Quash his deposition, then he can be available on July 26th or 27th for a deposition in the U.S. Virgin Islands. *See* McCawley Decl. at Exhibit 5, Correspondence from George Poe to Bradley Edwards. Of course, if Defendant will not cooperate with the date requested by her joint defense counsel, then that will result in even more delay.

As to Ms. Kellen and Ms. Marcinkova, Ms. Giuffre likewise made diligent efforts to obtain their depositions. (See [DE160] Plaintiff's Motion for Leave to Serve Three Deposition Subpoenas By Means Other Than Personal Service.) On March 31, 2016, Ms. Giuffre's counsel reached out to Sarah Kellen's counsel to seek agreement that she would accept service of the subpoena in this matter. *See* McCawley Decl. at Exhibit 6, Electronic Correspondence with Bruce Reinhart. Ms. Kellen refused to allow her counsel to accept service of the subpoena so we were forced to commence the efforts to attempt to personally serve her with the subpoena. Thereafter, Ms. Giuffre had to retain Alpha Investigative Services to attempt personal service on Ms. Kellen. Those efforts have continued with over nineteen (19) attempts to locate her and concluded as recently as May 18, 2016 at which time the investigator affixed the subpoena to the front door of Kellen's residence and mailed copies of the subpoena to both of her New York addresses. (See [DE 160].)

Ms. Giuffre also diligently pursued efforts to serve Ms. Marcinkova. Ms. Giuffre has had her investigators make efforts to attempt to personally serve Marcinkova at her New York residence and also made efforts to try to personally serve her while on a trip to California but have been unable to obtain personal service. Ms. Giuffre's investigators made over ten (10) attempts to locate Marcinkova. *See* McCawley Decl. at Exhibit 7, Affidavit of Douglas G. Mercer, Chief Investigator Alpha Group. In addition, counsel for Ms. Giuffre reached out to Ms. Marcinkova's former counsel but he indicated that he could not accept service as he no longer represents her. *See* McCawley Decl. at Exhibit 8 Electronic Correspondence with Jack Goldberg.

In sum, Ms. Giuffre started her pursuit of these witnesses several months ago and now that the Court has granted her Motion for Alternative Service, she will need additional time to coordinate a deposition date for Epstein, Kellen and Marcinkova and that will also depend on whether Defendant's counsel cooperates in the efforts to set these witnesses for deposition. Ms.

Giuffre contacted Ms. Kellen's counsel yesterday about scheduling her deposition and Mr. Reinhart represented that he has a pre-paid family vacation from June 23rd through July 4th so he is requesting that we agree to a deposition date thereafter. *See* McCawley Decl. at Exhibit 9, e-mail correspondence with Bruce Reinhart.   Ms. Giuffre will need additional time from this Court in order to accommodate counsel's request.

**Jean Luc Brunel**:

Mr. Brunel is represented by counsel.  Ms. Giuffre issued a Notice of Subpoena Duces Tecum on May 23, 2016 for a deposition of Mr. Brunel on June 7, 2016  *See* Exhibit 10, Notice of Subpoena Duces Tecum.  Mr. Brunel's counsel, Robert Hantman, agreed to accept service of the subpoena so there was no need to obtain a process server to serve the subpoena and incur that expense.  Thereafter, Mr. Brunel's counsel notified Ms. Giuffre that Mr. Brunel had to leave the country unexpectedly for France and would not be able to attend the deposition on June 7, 2016. Ms. Giuffre is requesting additional time to coordinate a new date with Mr. Brunel's counsel for a deposition in this matter.  There is nothing dilatory about any of Ms. Giuffre's efforts with respect to Mr. Brunel.

**Ross Gow:**

Ross Gow is Maxwell's agent, retained and employed by Maxwell, yet she has refused to produce him for deposition in this matter. Ross Gow is the agent who issued the defamatory statement at issue in this case.  Ms. Giuffre has not been dilatory in her efforts to obtain Ross Gow's testimony. First, Defendant's statement in her brief that May 23rd was the "first communication regarding any deposition of Mr. Gow" is plainly wrong.  (DE 228 at 10). Indeed, Ross Gow was discussed at the parties meet and confer on May 9th and was specifically listed with a deposition date and a request for Defendant to agree to produce Gow for deposition in the deposition calendar provided by Ms. Giuffre on May 17, 2016 requesting that his

deposition be set for June 30th.  *See* McCawley Decl. at Exhibit 4, E-mail Correspondence Attaching Deposition Calendar.  What is completely missing from Defendant's Opposition brief is any good faith basis for why she should not be required to produce her employee/agent who she directed to issue the defamatory statement at issue in this case, for deposition.  After the May 17, 2016 correspondence, Ms. Giuffre followed up with correspondence on May 23, 2016 and then also made efforts to reach Mr. Gow personally to see if he would agree to attend a deposition. *See* McCawley Decl. at Comp. Exhibit 11. When all those efforts failed, Ms. Giuffre resorted to initiating the Hague process to attempt to get service on Ross Gow.

Ms. Giuffre respectfully requests additional time to depose Mr. Gow and would respectfully request that the Court direct, Defendant to produce her agent for deposition, or waive his ability to be called as a witness at trial.[1]

### Ms. Giuffre Has Not Engaged In Bad Faith Discovery

The remainder of Defendant's motion contains a variety of misstatements in an effort to support a disingenuous motion for sanctions. Defendant faults Ms. Giuffre for disclosing too many witnesses on her Rule 26 disclosures, but as the Court has seen, Defendant simultaneously has filed another Motion for Sanction where she argues that Ms. Giuffre has not disclosed enough information on her Rule 26 Disclosures. Ms. Giuffre simply can't be right, according to Defendant, regardless of what she does. Notably, while Defendant argues that Ms. Giuffre recently added new witnesses to her disclosures, Defendant - just days ago, on June 17, 2016 -

---

[1] Defendant clips a partial statement by the Court from the March 24, 2016 and suggests that the Court was referring to Ross Gow in that hearing but a full reading of the transcript makes clear that the Court was simply saying that if there were problems with getting the necessary discovery, the parties could come back to the Court regarding a good faith need for additional time: "The Court: Well let's do this. Let's set a trial date recognizing that it's not in stone and it certainly can be and may well be pushed back. But let's keep the present schedule. It may be purely hopeful. By the way, if we change it and you all do not agree as to the change, just let me say if somebody comes forward and presumably it would be the defense but I don't know, it could also be the plaintiff, but if somebody comes forward with a good faith showing as to an effort to comply with the schedule and an inability because of Hague Convention problems or other problems or whatever, we can change it but just so that nobody gets ahead of us in terms of your commitments, how about a tentative trial date of October 17, and hold that time?" *See* McCawley Decl. at Exhibit 12, March 24, 2016 hearing transcript at 10.

added 42 witnesses to her Rule 26 disclosures. Moreover, Defendant noticed the deposition of a victim, whose name did not appear on Defendant's Rule 26 disclosures and also noticed another victim for deposition who she has yet to name on her Rule 26 disclosures.  *See* McCawley Decl. at Exhibit 13. Therefore, Defendant complaints should ring hollow.

Similarly, there is no basis for her allegations relating to Rule 45. Ms. Giuffre has sent Notices of Service to Defendant for the subpoenas she served on witnesses.  In many instances, Ms. Giuffre had to hire investigators to attempt to identify the location of various individuals in order to serve them with subpoenas. This was no small task, as many witnesses were difficult to locate, and many witnesses were flight risks. Once our investigators had gathered sufficient information on where to best attempt to find these witnesses, Ms. Giuffre's counsel then issued Notices of Serving Subpoena. As the Court (and Defendant) is aware, personal service was never achieved on Ms. Kellen, Ms. Marcinkova, and Mr. Epstein, despite multiple attempts to effectuate service. Ms. Giuffre, in full disclosure, provided Defendant with information from her process server regarding notice; yet, despite multiple requests, Defendant will not disclose her proofs of service.  *See* McCawley Decl. at Comp. Exhibit 14, Correspondence from Meredith Schultz to Laura Menninger requesting proof of service. Now, Defendant complains that Ms. Giuffre should not have served subpoenas on the day that she received her Notices of Subpoena on opposing counsel. Discovery is a two-way street and Defendant should not be heard to complain when she is withholding her own service information. Indeed, there have clearly been service issues on Defendant's side because she cancelled Jared Weisfeld's deposition, for which Ms. Giuffre had already made travel arrangements, because she had failed to serve the witness properly with the subpoena, but did not inform Ms. Giuffre of this defect until just prior to his deposition.

Moreover, there simply has been no prejudice to Defendant as Defendant received notice well in advance of any deposition taking places. Indeed, on May 17, 2016, Ms. Giuffre provided Defendant with a comprehensive calendar of the depositions she wanted to take which had been discussed previously on May 9, 2016. *See* McCawley Decl. at Exhibit 4.

Defendant spends several pages applauding herself for what she says is her "good faith efforts to conduct discovery."[2] These multiple pages involve a number of inaccuracies, but since they bear no relevance to the issue of whether Ms. Giuffre made appropriate efforts to secure the above referenced witnesses, Ms. Giuffre will not waste the Court's time addressing those issues.[3]

More to the point, the sanctions request is specious, and presented solely for the purpose of distraction as there is no prejudice that has been incurred by Defendant whatsoever, nor does she claim any prejudice in her brief. As articulated in *Allison v. Clos-Ette, L.L.C.*, "the majority approach to Rule 45s prior notice requirement is to quash an improperly-noticed non-party subpoena if the moving party has suffered prejudice from the late notice." 2015 WL 136102 (S.D.N.Y. Jan. 9, 2015).[4] Here, Defendant had ample notice and ample opportunity to file a motion to quash regarding the witnesses she complains about in her brief. Indeed, Defendant had well over a month of notice prior to the ▆ deposition about which she complains and the Epstein, Marcinkova, and Kellen depositions still have yet to go forward:

---

[2] An example of Defendant's bad faith discovery is Defendant had documents produced to her on April 22, 2016 or April 25, 2016 (GM 00748-00840) that were relevant to Ms. Giuffre's deposition but Defendant withheld the documents, and waited until after Ms. Giuffre deposition, to produce them finally on May 16, 2016.

[3] Defendant's motion also includes argument on a number of issues that were resolved by this Court's June 20, 2016 sealed order and therefore, Ms. Giuffre has not addressed those matters herein.

[4] Defendant cites *Usov v. Lazar*, 2014 WL 4354691 (S.D.N.Y. Sept. 2, 2014), but it is clear from a reading of the text that the subpoenas at issue were issued under Rule 45(a)(1)(D) - **subpoenas for the production of documents upon third parties as opposed to subpoenas for deposition testimony for a date in the future.** Defendant complains in her Response about subpoenas for deposition testimony (under Rule 45(a)(1)(B)). A deposition subpoena necessarily gives Defendant ample opportunity to object, if she chooses to, because depositions are set for dates in the future. In this case, the ▆ deposition was set for over a month into the future. Accordingly, *Usov*'s holding is not applicable to the issues at hand. Tellingly, Defendant cites no cases where sanctions were considered regarding notice concerning subpoenas for deposition testimony.

| Witness | Date of Service | Date of Deposition |
|---------|-----------------|--------------------|
| ■ | May 16, 2016 | June 20, 2016 |

Additionally, regarding ■ Plaintiff did not serve the subpoena prior to providing notice, as claimed in Defendant's brief. This is incorrect. Defendant attaches the Proof of Service to her brief, but does not attach the email communication sending the Notice of Serving Subpoena. The time stamp of the email clearly shows that Notice was given prior to the time of service recorded on the Proof of Service. *See* McCawley Decl. at Exhibit 15.

Courts recognize the purpose of the notice requirement is to allow opposing parties to object before discovery occurs. Here, Defendant has made no objection to this Court regarding the ■ deposition (or the Epstein, Marcinkova, or Kellen depositions). Defendant has had over a month's prior notice before the ■ deposition occurred, and the Epstein, Marcinkova, or Kellen depositions are yet to be set. Defendant failed to file any objections with the Court, nor raise any objections with Plaintiff's counsel with regard to these depositions. Moreover, Defendant has never been deprived of an opportunity to raise any objections. This failure to act waives her right to seek any relief at this junction. Defendant cannot sit by silently when she has notice of a deposition over a month away, participate in the deposition, and then complains after the fact about the deposition having been set in the first place. Such conduct wastes the Court's and the parties' resources.

Defendant cannot claim that she did not have adequate notice of these depositions because she had weeks to seek any form of intervention that she saw fit. Now that the one deposition that has occurred, she is moving *ex post facto* to seek sanctions. Defendant identifies no case from any jurisdiction where sanctions were even considered where a party indisputably had over 30 days of notice prior to a deposition occurring, took no action to lodge any objections

or seek relief from the court, and then after the deposition occurred, retroactively tried to seek sanctions. Any such motion is frivolous.

Finally, Defendant failed to meet and confer on this issue and the relief requested should be denied for that reason. Had counsel raised this issue in a meet and confer as required by this Court's Order and the Local Rules of this Court,[5] Ms. Giuffre's counsel could have agreed to reschedule any discovery dates to give Defendant time to lodge objections with this Court. However, it is clear that Defendant had no intention of raising objection to any of these depositions.

## <u>CONCLUSION</u>

For the reasons set forth above, Ms. Giuffre respectfully requests additional time of 4 weeks up to July 31, 2016 to take the depositions of: Jeffrey Epstein, Nadia Marcinkova, Sarah Kellen, Jean Luc Brunel, Ross Gown and Defendant's 2nd deposition pursuant to this Court's June 20, 2016 Order.

---

[5] Defendant has failed to meet and confer as to other issues, not just the issues she raises in her response brief. For example, on Wednesday, June 8, 2016, Ms. Giuffre's counsel sent Defendant's counsel a lengthy and detailed letter concerning the deficiencies in Defendant's production in response to Plaintiff's Second Request for Production. *See* McCawley Decl. at Exhibit 15. That letter proposed counsel have a meet and confer call at Defendant's counsel's convenience, any time Thursday, June 9, 2016, after 11:00 AM EST (which is any time after 9:00 AM MST where Defendant's counsel is located). It further offered any time after 9:00 AM MST the following day, Friday, June 10, 2016. The undersigned received no response. On Monday, June 13, 2016, the following business day, Ms. Giuffre's counsel wrote again, requesting a meet and confer call. See McCawley Decl. at Exhibit 16. This time the undersigned offered 6 hours during the work day on Tuesday, June 14, 2016, and 6 hours during the work day on Wednesday, June 15, 2016 (both days from 10:00 AM EST through 4:00 PM EST). Again, the undersigned received no response whatsoever. Accordingly, the undersigned has offered up 4 business days during which Defendant's counsel could have a call at her counsel's convenience. As of the date of this filing, defendant's counsel has wholly failed to respond in any way to the undersigned's repeated attempts to schedule a meet and confer call. (Defendant's counsel did not even acknowledge these requests, let alone state any unavailability). This abject refusal to participate in the meet and confer process is a transparent attempt to "run out the clock" on Ms. Giuffre's ability to seek relief from the Court in advance of the close fact discovery, particularly as any further delay would necessarily jeopardize Ms. Giuffre's ability to file a timely motion with the Court.

Dated: June 22, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:   /s/ Sigrid McCawley
        Sigrid McCawley (Pro Hac Vice)
        Meredith Schultz (Pro Hac Vice)
        Boies Schiller & Flexner LLP
        401 E. Las Olas Blvd., Suite 1200
        Ft. Lauderdale, FL 33301
        (954) 356-0011

        David Boies
        Boies Schiller & Flexner LLP
        333 Main Street
        Armonk, NY 10504


        Bradley J. Edwards (Pro Hac Vice)
        FARMER, JAFFE, WEISSING,
        EDWARDS, FISTOS & LEHRMAN, P.L.
        425 North Andrews Avenue, Suite 2
        Fort Lauderdale, Florida 33301
         (954) 524-2820

        Paul G. Cassell (Pro Hac Vice)
        S.J. Quinney College of Law
        University of Utah
        383 University St.
        Salt Lake City, UT 84112
        (801) 585-5202[6]

---

[6] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 22th day of June, 2016, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the

foregoing document is being served to all parties of record via transmission of the Electronic

Court Filing System generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
        Sigrid S. McCawley