EXHIBIT 9

# EXHIBIT 9

## Sigrid McCawley

**From:** Sigrid McCawley
**Sent:** Tuesday, June 21, 2016 11:56 AM
**To:** 'Reinhart, Bruce'
**Subject:** RE: Service on Sarah (Kellen) Vickers

Hello Bruce,

We received the Court's sealed Order yesterday and I informed you of it as soon as we received it. As you know, I provided you with a copy of the subpoena we were attempting to serve on your client, Sarah Kellen on May 23, which contained the requested deposition date of June 22, 2016. I was not trying to put you in a position where you would have to file an emergency motion and I am happy to agree to move the date and provide you with time to respond, however, I am presently still limited by the discovery deadline of July 1st unless the Court on Thursday provides for an extension to that deadline. I can agree to wait until Thursday to let you know what the Court rules with respect to our requested extension and I will inform the Court that you are on vacation from June 23rd through July 4th so Ms. Kellen will not be available for deposition until thereafter. Defendant's counsel has opposed our requested extension of the discovery deadline so I cannot tell you what position they will take, but your client has a relationship with the Defendant so I assume she knows her position.

I would hope that given your conflict with the dates remaining in June, the Court will allow us more time in early July to complete your client's deposition. I can agree not to proceed with the deposition tomorrow due to the time constraints, without prejudice to noticing another date in June if the Court fails to grant our requested extension on Thursday. We do not agree to proceed by written question.

I disagree with the remaining representations in your e-mail below regarding your client's residence and business transactions in New York, that said, if the Court allows us additional time, we are happy to work with you on a convenient time and location for your client's deposition subject to the fact that I cannot control any objections Defendant may raise to a location other than New York.

Thank you,
Sigrid


Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

---

**From:** Reinhart, Bruce [mailto:breinhart@mcdonaldhopkins.com]
**Sent:** Tuesday, June 21, 2016 10:13 AM
**To:** Sigrid McCawley
**Subject:** RE: Service on Sarah (Kellen) Vickers

Sigrid,

1

I received your email last evening at 5:30 pm attaching a subpoena for my client to appear for deposition in Manhattan tomorrow morning at 9:00.

First, as my client does not reside within 100 miles of Manhattan, is not employed within 100 miles of Manhattan, nor regularly transacts business within 100 miles of Manhattan, the deposition is not properly venued there. As we previously discussed, the proper venue for any deposition of my client is the Southern District of Florida. Second, putting the improper venue aside, 39.5 hours notice is not "a reasonable time to comply" as required by Rule 45(d)(3)(A)(i).

I understand that you have a discovery cut-off date looming and that there is a motion pending to extend that date. I also understand from the docket sheet that Mr. Epstein has raised certain legal objections that might apply to my client and therefore could affect the timing and scope of my client's deposition. I have a pre-planned, pre-paid family vacation in California from June 23 through July 4. Assuming that the Court's rulings allow my client's deposition to proceed, I am happy to work with you to find a mutually convenient date shortly after I return from my vacation.

As I previously informed you, my client will invoke her 5th amendment privilege as to all substantive questions, as she did in her prior deposition in the Florida litigation. To accommodate everyone's interests, and to avoid the inconvenience and expense of having to retain local counsel in New York and filing an emergency motion to quash today, I renew my proposal that you depose my client using written questions. If you are not amenable to that proposal, please let me know if you and counsel for Ms. Maxwell realistically intend to proceed with the deposition tomorrow. If it's not really happening, I'd prefer to avoid a last-minute rush today.

**Bruce E. Reinhart**
Member



A business advisory and advocacy law firm®

Business Advocate
a community for collaboration

T: 561-472-2970
breinhart@mcdonaldhopkins.com
www.mcdonaldhopkins.com

McDonald Hopkins LLC
Flagler Center Tower
505 South Flagler Drive
Suite 300
West Palm Beach, FL 33401

Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach

**From:** Sigrid McCawley [mailto:Smccawley@BSFLLP.com]
**Sent:** Monday, June 20, 2016 5:32 PM
**To:** Reinhart, Bruce
**Subject:** FW: Service on Sarah (Kellen) Vickers

Hello Bruce – we just received a sealed order from Judge Sweet today granting our motion for alternative service on Ms. Kellen. The Court has labelled the Order confidential until the parties confer regarding which sections can be unsealed. I will be conferring with Ms. Menninger, Maxwell's counsel to unseal the portion relating to the Court's ruling as to Ms. Kellen and will get that paragraph of the order to you as soon as she agrees to release it.

In the interim, as Ms. Kellen's subpoena is now effective and her date for deposition per the subpoena is scheduled for June 22nd, I am writing to confer with you regarding whether you and Ms. Kellen are available on June 22nd for a deposition or whether you can provide me for alternative dates when you and your client are available so that I can provide those alternate dates to opposing counsel and we can set a date that is agreeable. Presently the Court has set the discovery close for July 1st so if June 22nd does not work I would appreciate dates prior to July 1st. We have filed a

motion for additional time to complete discovery however, Maxwell's counsel has opposed that motion and the issue will be heard by the Court this Thursday. If the Court grants us additional time, I would appreciate you also providing dates in early July when you and your client are available for a deposition.

Thank you,
Sigrid


Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Sigrid McCawley
**Sent:** Monday, May 23, 2016 9:37 AM
**To:** breinhart@mcdonaldhopkins.com
**Cc:** Meredith Schultz
**Subject:** Service on Sarah (Kellen) Vickers

Dear Bruce,

As you are aware we initially reached out to you back on March 31, 2016 to inquire as to whether you would accept service on your client, Sarah (Kellen) Vicker's behalf. You did not agree to accept service so we proceeded with numerous service attempts on Sarah (Kellen) Vickers. I am attaching above the latest subpoena that we have been attempting service of. Please confirm whether you will accept service of this subpoena on behalf of Sarah (Kellen) Vickers or whether we will be required to seek court intervention for alternative service. As I mentioned previously, if you accept service, we can work with you and your client on a the date and location of the deposition to make it convenient for the parties.

Thank you,
Sigrid


Sigrid S. McCawley
Partner
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4223
Fax: 954-356-0022
http://www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

3