# EXHIBIT 12

```
                                                              1
      G3o5giuc                    phone conference

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    -----------------------------x

 3    VIRGINIA L. GIUFFRE,

 4                    Plaintiff,

 5             v.                         15 Civ. 7433 (RWS)

 6    GHISLAINE MAXWELL,

 7                    Defendant.

 8    -----------------------------x

 9                                        March 24, 2016
                                          4:00 p.m.
10    Before:

11                    HON. ROBERT W. SWEET,

12                                        District Judge

13                         APPEARANCES

14    BOIES, SCHILLER & FLEXNER, LLP
           Attorneys  for Plaintiff S
15    BY:  SIGRID S. McCAWLEY

16    HADDON, MORGAN & FOREMAN
           Attorneys  for Defendant
17    BY:  JEFFREY S. PAGLIUCA
           LAURA A. MENNINGER
18

19

20

21

22

23

24

25


                  SOUTHERN DISTRICT REPORTERS, P.C.
```

2

G3o5giuA                        phone conference

```
 1              (Case called)
 2              THE DEPUTY CLERK:  Counsel, can you please state your
 3      name for the record for the court reporter?  Thank you.
 4              MS. McCAWLEY:  Sigrid McCawley, counsel for the
 5      plaintiff, Ms. Giuffre, from Boies, Schiller & Flexner.
 6              MR. PAGLIUCA:  Good afternoon, your Honor.  Jeffrey
 7      Pagliuca for the reporter, Ms. Maxwell, and we are present with
 8      Laura Menninger.  We are with the law firm of Haddon, Moore &
 9      Foreman.
10              THE COURT:  This is Judge Sweet.  Let me just go
11      through a few preliminaries with you all.
12              First of all, this is being treated as it was
13      scheduled, that is as a motion with respect to discovery and
14      also the timing of the deposition and maybe there are some
15      other matters.
16              Because it was a motion it was, of course, set down
17      for noon today and in open court and so that prevails -- that
18      situation exists now.  It is another way of saying we are in
19      the courtroom and there are members of the public and, for all
20      I know, members of the press present so that you all understand
21      that.
22              The reason we are on the phone is because defense
23      counsel had the good judgment to live in Colorado and because
24      Colorado has been blessed with frequent snow this season and
25      there was, when we last spoke, about the problem of defense
```

SOUTHERN DISTRICT REPORTERS, P.C.

3

G3o5giuA                        phone conference

1     counsel actually getting here.  Now, our research indicates
2     that the Denver Airport is now open but obviously there were
3     some problems and in an excess of caution and at defense
4     counsel's request, I decided that it made more sense to try to
5     do this telephonically.
6             Let me just say about telephone motions and
7     conferences, they're terrible because I can't -- you cannot see
8     me frown and it is very hard for me to control counsel by
9     telephone.  However, we will try to do that if it is necessary.
10            What I would ask -- fortunately because we have a
11    sexual differentiation between counsel it won't be necessary
12    for you to identify yourself as we speak and talk.
13            I take it that is sort of the preliminaries and I take
14    it that that raises no problems for anybody, correct?
15            MR. PAGLIUCA:  Correct, your Honor.  Not on behalf of
16    the defendant Ms. Maxwell.
17            THE COURT:  Okay.  That's fine.
18            Now, I have read your papers and I think I understand
19    the issues.  Let me tell you what I think.  I think that I am
20    going to deny the motion to compel answers to the plaintiff's
21    interrogatories except insofar as the plaintiff has indicated
22    that she is compliant or is going to comply.  However, I
23    recognize that this method of making decisions is not quite as
24    desirable as it is if we had you physically present here.  So,
25    I will grant leave to the defense, if there are particular

SOUTHERN DISTRICT REPORTERS, P.C.

4

G3o5giuA                        phone conference

1     interrogatories that you feel are critical to you within the

2     time frame which we will discuss in a few moments, I grant

3     leave for you to submit any additional materials and I think

4     that submission should be on the schedule that we have already

5     determined with respect to the privilege issues, that is, by

6     March 31st.

7             Now, as far as the schedule itself is concerned and

8     the deposition, you know, this Colorado gambit is not going to

9     work again because it is going to stop snowing sooner or later,

10    even in Colorado.  So, hopefully we won't have this problem

11    again but, obviously, you can't be here tomorrow -- well, I

12    suppose you could, there is a red eye, but tomorrow is Good

13    Friday and one thing and another.

14            So, I am going to grant the request to adjourn the

15    deposition and part of the reason for that is it occurs to

16    me -- I don't know how the privilege rulings are going to work

17    out.  Obviously, as you know, that submission will be in camera

18    and I don't know how they're going to work out, but it occurs

19    to me that it's possible that if some of the privilege rulings

20    go against the defense, then there might be additional

21    questions at deposition.  So, it seems to me it is sensible to

22    put that over.

23            So, assuming that we can resolve the privilege matters

24    and anything else you want to bring up reasonably promptly, I

25    was thinking that we would set the deposition at a date that is

5

G3o5giuA                    phone conference

1    agreeable to the parties sometime in the week of April 18th.

2           Now, having said all of that, I would be pleased to

3    hear any protests, suggestions, amendments, questions, whatever

4    strikes you as a result of my conclusions.

5           MR. PAGLIUCA:  Your Honor, this is Jeff Pagliuca on

6    behalf of Ms. Maxwell.

7           I think preliminarily the Court should be aware that

8    yesterday counsel discussed, by e-mail, the protective order

9    issue relating to Ms. Maxwell's deposition and trying to find a

10   convenient date that would work for the parties and

11   Ms. Maxwell.  We settled in on April 12th which is about six

12   days before your Honor's proposed date.  We, the defendants,

13   are happy to consider a different date but I thought, in

14   fairness to plaintiff's counsel, I should alert the Court to

15   that series of events and I am not sure how that changes the

16   Court's analysis.  I do agree and it was part of our papers

17   that we wanted to get the privilege issues resolved so that we

18   would not be subjecting ourselves, potentially, to a second

19   deposition.

20          So, I think your Honor's suggestion makes some sense

21   but we did agree to the 12th and I am not backing out of that

22   agreement, certainly subject to comments by plaintiff's counsel

23   and the Court.

24          THE COURT:  I am getting to the age where somehow

25   sometimes I don't trust my memory but I thought at our last

                    SOUTHERN DISTRICT REPORTERS, P.C.

6

G3o5giuA                           phone conference

1     session the plaintiff agreed to your proposed protective order.

2              Am I wrong about that?

3              MR. PAGLIUCA:  No, you are correct, your Honor.  And I

4     am sorry because I am referring to the motion that was filed

5     captioned Request for Protective Order regarding Ms. Maxwell's

6     deposition going forward in which we asked for an adjournment.

7     So, I may be confusing your Honor with my use of the word

8     "protective order" which is from the rule.

9              THE COURT:  Oh.

10             MR. PAGLIUCA:  That's that it was of a request for

11    adjournment of that deposition.

12             THE COURT:  So, what are you all going to confer about

13    on the 12th?  You mean on the date of the deposition?

14             MR. PAGLIUCA:  No, your Honor.  We agreed to that as

15    the date so let me back up.

16             I think everyone recognized that we would not be able

17    to be there today given the airport situation here and the

18    backlog of flights and so the parties, by e-mail, agreed to

19    reschedule Ms. Maxwell's deposition for April 12th.

20             THE COURT:  Oh, I see.  Okay.  All right.  I

21    understand.

22             Well, look.  If it is all right with you all I would

23    prefer the week of the 18th simply because that gives me a

24    little bit more see room on the privilege decision.

25             Is that possible?

SOUTHERN DISTRICT REPORTERS, P.C.

G3o5giuA                    phone conference

1          MR. PAGLIUCA:  It is possible, your Honor, and that's

2    fine with counsel for Ms. Maxwell.

3          THE COURT:  Well how about the plaintiff?

4          MS. McCAWLEY:  Yes, your Honor.  This is Sigrid

5    McCawley.

6          We are comfortable pushing it another week if that's

7    the Court's desire.  The only caveat to that that I have is

8    that Ms. Menninger wanted to take my client's deposition that

9    week and I would ask the Court that of course since we were the

10   first to notice and we noticed back in February, that we be

11   able to have Ms. Maxwell's deposition that week and then choose

12   another week for my client's deposition.

13         THE COURT:  I think that makes sense.  I don't see any

14   problem with that.  Do you all?

15         MR. PAGLIUCA:  We agree with that, your Honor.  That's

16   not a problem.

17         THE COURT:  Okay.  Anything else we should cover this

18   afternoon?

19         MR. PAGLIUCA:  Your Honor, just in terms of

20   clarification in terms of what is before the Court today and

21   potentially before the Court in the next, I would say, two

22   weeks or so, the other motion that was filed was the motion to

23   compel responses pursuant to Rule 26A.  We have not cued up yet

24   any issue related to the interrogatories or the requests for

25   production of documents because counsel conferred about that

SOUTHERN DISTRICT REPORTERS, P.C.

8

G3o5giuA                    phone conference

1      earlier this week on Monday.  There was a supplemental

2      production on, I believe, Tuesday, and so we are in the process

3      of reviewing the supplemental response and the production and

4      so I think any issues related to interrogatories or requests

5      for production of documents pursuant to Rules 33 and Rule 34

6      are not before the Court at this time.

7              THE COURT:  Well, that's fine.  I think it is great if

8      you all can resolve those without confusing me.  So, I think

9      that's fine.  And we will just consider that those motions are

10     withdrawn at this point and then, if necessary, they can be

11     renewed at a later time.  Hopefully it won't be necessary.

12             Anything else?

13             MR. PAGLIUCA:  No.  That's fine with counsel for the

14     defendant, your Honor.

15             THE COURT:  Okay.

16             One other thought that has occurred to me.  These are

17     two excellent and prominent law firms and history teaches that

18     good lawyers, like the ones in this case, tend to get

19     committed -- I mean to trials, not to institutions.

20             MR. PAGLIUCA:  I am looking at a couple of

21     institutions right now, your Honor.

22             THE COURT:  Okay, but it occurs to me we have our

23     schedule which I think is, as far as I know, still makes sense

24     and is the one that we entered back in October and I think that

25     still makes sense, but it does seem to me that it would also

SOUTHERN DISTRICT REPORTERS, P.C.

```
                                                    9
     G3o5giuA                      phone conference
```

1    make sense perhaps to book a time when counsel would be

2    committed so that we don't have the problem of somebody popping

3    up and saying, well, I have got another case with Judge

4    so-and-so.

5              I was thinking late September early October, how does

6    that sound to you all?

7              MR. PAGLIUCA:  Your Honor, this is Ms. Maxwell's

8    counsel.

9              I think this may be a premature discussion, your

10   Honor, for two reasons.  The first is we have not yet gone

11   through the disclosures that we just received with the detail

12   that we would like to.  I believe, though, having done a fairly

13   quick review of the documents produced that it is unlikely, in

14   my opinion, that fact discovery will be completed by July 1.

15   And I say that, your Honor, because at sort of the tip of the

16   iceberg here is that there are a number of witnesses that

17   appear to be living in other countries and we are going to need

18   to discuss how we are going to be able to conduct discovery

19   related to those witnesses.

20             There are a lot of witnesses in this case and given

21   the recent document production, I think it is going to take

22   some time to complete first the fact discovery and then have

23   expert discovery completed.  So, my guess, your Honor, is that

24   we are probably looking at realistically pushing discovery in

25   this case until October, I would say, and then setting a trial

10

G3o5giuA                    phone conference

1    date after that.  That's my best guess at this point.

2              THE COURT:  What's the plaintiff's view of that?

3              MS. McCAWLEY:  Your Honor, this is Sigrid McCawley for

4    the plaintiff.

5              We have been obviously trying to push discovery

6    forward.  We have served our initial requests for production

7    back in October of this year and, again, while the Court

8    granted our motion to compel in part last week, we haven't

9    received any more documents.  We are trying to move discovery

10   forward, as you know, as quickly as we can.  We hoped to be

11   done by July, that is our goal.  We would like to go to trial

12   in late September or early October.

13             THE COURT:  Well, let's do this.  Let's set a trial

14   date recognizing that it's not in stone and it certainly can

15   be -- can be and may well be pushed back.  But, let's keep the

16   present schedule.  It may be purely hopeful.

17             By the way, if we change it and you all do not agree

18   as to the change, just let me say if somebody comes forward and

19   presumably it would be the defense but I don't know, it could

20   also be the plaintiff, but if somebody comes forward with a

21   good faith showing as to an effort to comply with the schedule

22   and an inability because of Hague Convention problems or other

23   problems or whatever, we can change it but just so that nobody

24   gets ahead of us in terms of your commitments, how about a

25   tentative trial date of October 17th and hold that time?  Of

G3o5giuA                        phone conference

1    course we don't know at this juncture how long the trial is but

2    I am guessing a week, somewhere in the area of a week.  And if

3    counsel would just hold that time until it's changed, if it is

4    changed, I would be grateful.  And then I won't be faced with

5    the problem of your commitment somewhere else.

6            How does that sound?

7            MS. McCAWLEY:  This is Sigrid McCawley for the

8    plaintiff, your Honor.

9            That sounds great.  Thank you.

10           THE COURT:  Okay.  All right.  Anything else we should

11   try to deal with this afternoon?

12           MR. PAGLIUCA:  No.  I think we are fine, your Honor.

13           THE COURT:  Okay, we are all set?

14           MS. McCAWLEY:  Thank you, your Honor.

15           THE COURT:  Well, you have the court reporter, it is

16   Pamela Utter, and I am sure you will want to get her

17   contribution to all of this.

18           Okay.  Thanks a lot.  I appreciate your courtesy and

19   cooperation and I look forward to getting whatever you want to

20   give me.

21           Thank you.

22           MS. McCAWLEY:  Thank you.

23           MR. PAGLIUCA:  Have a good afternoon, your Honor.

24           THE COURT:  Okay.  Bye-bye.

25                              oOo