**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN**
**DEPOSITION OF PLAINTIFF**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

I.     MEDICAL RECORDS ........................................................................................ 3

II.    EMAIL RECORDS ............................................................................................. 8

III.   SCHOOL RECORDS ......................................................................................... 9

IV.   RULE 26 DISCLOSURES ................................................................................. 9

V.    PLAINTIFF'S ERRATA ................................................................................... 11

VI.   REOPENING THE DEPOSITION ................................................................... 12

      A.    Areas of Inquiry ..................................................................................... 12

      B.    Time Should Be Limited And Costs Should Not Be Awarded ............ 12

      C.    Deposition Should Be By Video Conference ....................................... 13

CONCLUSION ............................................................................................................................ 14

## **TABLE OF AUTHORITIES**

Page

**Cases**

*Bank of Brussels Lambert v. Chase Manhattan Bank*,
 175 F.R.D. 34 (S.D.N.Y.1997) .............................................................................................. 11

*Koch v. Pechota*,
 2012 WL 2402577 (S.D.N.Y. 2012) ...................................................................................... 14

*Liveperson, Inc. v. 24/7 Customer, Inc.*,
 14 CIV. 1559 RWS, 2015 WL 4597546 (S.D.N.Y. 2015) ..................................................... 11

*Long–Term Capital Holdings, LP v. United States*,
 No. 01 Civ 1290, 2003 WL 21269586 (D.Conn. May 6, 2003) ............................................ 11

*Usov v. Lazar*,
 2015 WL 5052497 (S.D.N.Y. 2015) ...................................................................................... 13

*Zakre v. Norddeutsche Landesbank Girozentrale*,
 2003 WL 22208364 (S.D.N.Y. 2003) .................................................................................... 13

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 11

Fed. R. Civ. P. 26(b)(4)(D) ..................................................................................................... 10, 11

Fed. R. Civ. P. 26(b)(4)(D)(ii) ...................................................................................................... 11

Plaintiff Virginia Giuffre respectfully submits this Opposition to Defendant's Motion to Reopen Deposition of Plaintiff, and hereby states as follows.

### INTRODUCTION

To be clear from the outset, Ms. Giuffre does not wholly oppose the relief requested in Defendant's motion.[1] Ms. Giuffre agrees to reopen the deposition for a limited amount of time, and for discrete lines of questioning.[2] Ms. Giuffre replies in opposition because the bulk of Defendant's moving brief contains baseless suggestions of improper behavior, and such distortions of the truth should not go unaddressed. And, Ms. Giuffre's consent to reopen her deposition moots Defendant's frivolous Motion for Sanctions, and therefore, that unfounded motion should be denied in its entirety.

The Defendant's first inaccuracy appears in Defendant's introduction in the instant motion, where she asserts that Ms. Giuffre has "engaged in an active effort to hide relevant information." ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[1] Defendant failed to meet and confer with counsel for Ms. Giuffre prior to filing this motion.

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████







Confusingly, following a complaint for alleged failure to disclose enough information, in the next paragraph, Defendant argues that Ms. Giuffre disclosed too much information, complaining that Ms. Giuffre "added multiple new witnesses" to her Rule 26 disclosures. (Br. at 1). Defendant does not disclose here, that Defendant also, recently, added 43 new witnesses to her Rule 26 disclosures. Tellingly, Defendant does not claim (nor explain) any prejudice caused by Ms. Giuffre's updated Rule 26 disclosures.

███████████████████████████████████████████
███

It is not just Defendant's introduction, but the entire brief is filled with such distortions. Ms. Giuffre will address them in turn.

## DISCUSSION

### I. MEDICAL RECORDS

Ms. Giuffre has had various health care providers since 1999. Gathering medical records from the past 17 years from providers, from various locations spanning two continents, has been an involved and complicated task. One of the first obstacles was for Ms. Giuffre to remember and identify her medical providers from various locations, for various types of treatment, over 17 years. When counsel represented that she had disclosed her health care providers, counsel had conducted many interviews with Ms. Giuffre asking about medical providers, and had worked diligently to identify them. By Defendant's own admission, Ms. Giuffre provided 15 health care providers prior to Ms. Giuffre's deposition. (Mtn. at 3). On April 29, 2016, Ms. Giuffre submitted an interrogatory answer outlining the providers she was able to identify.

████████████████████████████████████████
████████████████████████████████████████
████ ██████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
─────────────────────────────
████████████████████████████████████████

5



█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████

   Defendant goes on to complain that Plaintiff has "failed" to produce a variety of other records. There has been no failure to produce. For each of the providers mentioned by Defendant, Plaintiff has dutifully executed and sent releases for all medical records. █████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

7

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████

Curiously absent from this brief is the fact that Ms. Giuffre has sent releases to each and every one of the providers Defendant complains about for all medical records. Ms. Giuffre has produced copies of those releases and the related correspondence to Defendant. Accordingly, it is bad faith to represent to the Court that Ms. Giuffre herself has somehow "failed to produce" these records. They are not in her possession, and she has done everything she can do to make those records available to Defendant.

## II.  EMAIL RECORDS

In the same vein, Defendant claims that "Plaintiff failed to produce emails from her iCloud and Hotmail accounts." The issue was resolved by the Court at the hearing on June 23, 2016. Here again, these allegations are simply false. Ms. Giuffre has produced every relevant document (Giuffre 005607-005613) from her iCloud account. Ms. Giuffre has no access to her Hotmail account, but, as explained at the hearing on June 23, 2016, Ms. Giuffre has agreed to write a letter to Microsoft in attempt to regain access to that account. If she receives access, she will produce all relevant documents, as she has done for each and every email account to which she has access.

It is useful to contrast Ms. Giuffre's efforts at production with the limited steps Defendant has taken. Ms. Giuffre had to litigate for every document Defendant produced in this case. Moreover, it required additional litigation and a Court Order for Defendant to even search her own email accounts for responsive documents, which, to date, has not yet been done. Ms.

8

Giuffre simply notes that Defendant's characterization of Ms. Giuffre's email correspondence with Sharon Rikard borders on the absurd.[4]

### III. SCHOOL RECORDS

Likewise, Ms. Giuffre has not "failed to produce her education records." Defendant concedes that Ms. Giuffre produced multiple pages of school transcripts to Defendant in advance of her deposition. Giuffre 004981-004988. In addition to that, Ms. Giuffre executed a release for her high school transcripts. Defendant has received transcripts pursuant to that release, which Defendant admits in her brief. Despite Defendant's bald and unsubstantiated claim, these records do not conflict with Ms. Giuffre's previous testimony. Ms. Giuffre contends that Ms. Maxwell is not entitled to examine Ms. Giuffre on her high school transcripts. Defendant has made no showing of prejudice and no showing that they contradict any of Ms. Giuffre's testimony. To the contrary, Ms. Giuffre's testimony regarding school was truthful based on the best of her recollection.

### IV. RULE 26 DISCLOSURES

Defendant complains that Ms. Giuffre "expanded her list of witnesses with relevant information from 69 specific witnesses to 87," on June 1, 2016. Mtn. at 9. Defendant fails to mention that on June 17, 2016, Defendant expanded her list of witnesses with relevant information by adding 43 additional witnesses. These disclosures are not "late," as they are within the fact discovery period. As in other cases, as discovery proceeds, legal theories evolve, and the claims and defenses of both sides begin to crystalize, additional disclosures are made. There is nothing remarkably in the least about additional disclosures by either Ms. Giuffre or

---

[4] And, moreover, Sharon Rikard, is not a "previously undisclosed potential witness," as Ms. Rikard is not a witness: she does not have information concerning Defendant recruiting children for sex with Jeffrey Epstein.

Defendant. Indeed, Defendant has regularly faulted Ms. Giuffre for not providing enough information in her disclosures so if she did not include the names of individuals who may have information relevant to the case, Defendant would most certainly fault her.

Nonetheless, the Defendant states that the additional disclosures should be "stricken under Rule 37(c)." Mtn. at 10. They should not be stricken. Tellingly, Defendant cannot cite to any case in any jurisdiction that provides any support for such an outlandish claim. Presumably, if Defendant's unfounded theory was applied even-handedly, Defendant's 43 new, additional witnesses would be stricken as well. Accordingly, the Court should disregard this specious argument lacking any legal support.

Regarding questions concerning Ms. Churcher, Ms. Giuffre has produced all that she has, and produced them far in advance of Ms. Giuffre's deposition. Defendant's counsel appeared to attempt to mislead Ms. Giuffre into believing that one of Ms. Churcher's articles said something that it did not, and would not allow Ms. Giuffre to see the actual article. Ms. Giuffre is happy to answer questions about the content of the article provided she has access to the article.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████

Regarding Defendant's effort to pry into the disclosure of a non-testifying expert, Ms. Giuffre is not required to make that disclosure. It is settled law that a party is not required to disclose non-testifying experts. Rule 26(b)(4)(D) states: "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been

10

retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." This Court has held that even the identity of a non-testifying expert is not discoverable, absent a showing of exceptional circumstances. *Liveperson, Inc. v. 24/7 Customer, Inc.*, 14 CIV. 1559 RWS, 2015 WL 4597546, at *2 (S.D.N.Y. 2015) (Sweet, J) ("This Court concludes a non-testifying expert's identity is protected from discovery absent a showing of exceptional circumstances."). Defendant has not made any showing of exceptional circumstances.[5] The cases cited by Defendants on page 12 of their motion to the contrary are all from other districts which have interpreted Rule 26(b)(4)(D) as applying only to the facts and opinions of the non-testifying experts. This Court has explicitly rejected this interpretation and held that the rule also protects the identity of non-testifying experts from disclosure. Accordingly, Defendant is not entitled to know the identities of any non-testifying experts ("Professionals retained by attorneys to aid in the rendition of legal advice and representation") that may be retained by Ms. Giuffre, as Rule 26 precludes from discovery the identity of an informal consulting expert.

---

[5] Indeed, there are four commonly articulated policy considerations underlying the protection of facts or opinions known by consulting experts from discovery (1) the interest in allowing counsel to obtain the expert advice they need in order properly to evaluate and present their clients' positions without fear that every consultation with an expert may yield grist for the adversary's mill; (2) the view that each side should prepare its own case at its own expense; (3) the concern that it would be unfair to the expert to compel [her] testimony and also the concern that experts might become unwilling to serve as consultants if they suspected their testimony would be compelled; and (4) the risk of prejudice to the party who retained the expert as a result of the mere fact of retention. *Long–Term Capital Holdings, LP v. United States*, No. 01 Civ 1290, 2003 WL 21269586, at *2 (D.Conn. May 6, 2003) (internal quotations omitted) (quoting *Bank of Brussels Lambert v. Chase Manhattan Bank*, 175 F.R.D. 34, 45 (S.D.N.Y.1997)) (further citation omitted). All four factors are relevant here, and Defendant has made no showing under Fed. R. Civ. P. 26(b)(4)(D)(ii) to overcome them nor raised that argument.

V.    **PLAINTIFF'S ERRATA**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████

VI.   **REOPENING THE DEPOSITION**

   A.   **Areas of Inquiry**

As stated in the Introduction, Ms. Giuffre agrees to reopening the deposition for certain questions related to the following:

   1) Any medical care records that were produced subsequent to her deposition.

   2) The area of questioning relating to articles that counsel instructed her not to answer because Defendant was refusing to provide her with a copy of the article.

   3) Questions regarding any edits she made on her errata sheet.

   B.   **Time Should Be Limited And Costs Should Not Be Awarded**

Ms. Giuffre does not consent to seven additional hours of examination, nor to pay any costs or fees associated with such a deposition. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

12

[redacted]

### C.     Deposition Should Be By Video Conference

Finally, Ms. Giuffre requests to be deposed via videoconferencing.  First, videography and stenography are available through this method.  Second, Ms. Giuffre's counsel would appear remotely as well as Defendant's counsel.  Therefore, Defendant's counsel would suffer no prejudice by this method of taking deposition.  It is an undue burden for Ms. Giuffre to make a trans-Pacific trip for these follow-up questions. [redacted]. In addition, Ms. Giuffre recently traveled back to the United States to accommodate Defendant's request for a Rule 35 examination and cooperated with Defendant's request without the need for any Court intervention.  Accordingly, Ms. Giuffre respectfully requests that she appear for her reopened deposition via videoconferencing.  *See Usov v. Lazar*, 2015 WL 5052497, at *1 (S.D.N.Y., 2015) (Sweet, J.) (granting motion for deposition to be taken via video conference); *Zakre v.*

13

*Norddeutsche Landesbank Girozentrale*, 2003 WL 22208364, at *2 (S.D.N.Y., 2003) (Sweet, J.) (granting motion for videoconference deposition due to deponent living overseas); *Koch v. Pechota*, 2012 WL 2402577, at *7 (S.D.N.Y., 2012) (Sweet, J.) ("In considering the cost, convenience, and litigation efficiency, the deposition of Mrs. Koch's should commence in the Czech Republic via videoconference.").

## CONCLUSION

Reopening the deposition moots Defendant's frivolous request for Rule 37 sanctions related to the issues addressed in this brief, ███████████████████████████████████████████████████████████████████████ Accordingly, there's no prejudice to Defendant. This request for sanctions is baseless. For the foregoing reasons, Ms. Giuffre agrees to reopen her deposition, but respectfully requests that this Court

(1) Limit the time to two hours,

(2) Allow it to proceed via videoconferencing; and

(3) Limit to the subject areas of:



Dated: June 28, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)

14

Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[6]

---

[6] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 28, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                      /s/ Sigrid S. McCawley
                                        Sigrid S. McCawley