# United States District Court
# Southern District of New York

Virginia L. Giuffre,

               Plaintiff,                    Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

               Defendant.

_____/


**PLAINTIFF'S CORRECTED[1] RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DEFENDANT'S RULE 37(b) &(c) SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH RULE 26(a)**

---

[1] Due to inadvertence, one of the medical providers Ms. Giuffre disclosed to Defendant, and from whom she diligently sought medical records as far back as March of this year, ███████ ████████, was left off of Ms. Giuffre's medical provider chart. It has been added in this version of the brief for increased accuracy. There are no other changes.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORTIES ......................................................................... ii

INTRODUCTION ................................................................................. 1

FACTUAL BACKGROUND ....................................................................... 2

I.      MEDICAL PROVIDER IDENTITIES ............................................... 2

II.     MEDICAL RECORDS ............................................................... 7

        A.      ██████████ ............................................. 9

        B.      ████████ .................................................. 9

        C.      ████████████████████████████
                ████████ .................................................. 10

        D.      ████████ ................................................ 10

        E.      ██████ ................................................... 11

III.    MS. GIUFFRE HAS PROVIDED DISCOVERY IN ACCORDANCE WITH HER
        DISCOVERY OBLIGATIONS ........................................................ 12

IV.     DEFENDANT CAN SHOW NO PREJUDICE .......................................... 13

V.      MS. GIUFFRE HAS BEEN FULLY COMPLIANT IN DISCOVERY ..................... 15

LEGAL ARGUMENT .............................................................................. 17

I.      DEFENDANT CANNOT SHOW NON-COMPLIANCE, AND HAS PUT FORTH
        NO COLORABLE LEGAL ARGUMENT FOR SANCTIONS ........................... 17

II.     THERE WAS NO INFORMATION "WITHHELD", AND THEREFORE, NO
        PREJUDICE .......................................................................... 19

III.    MS. GIUFFRE HAS FULFILLED HER REQUIREMENTS REGARDING HER
        RULE 26 DISCLOSURES ............................................................ 19

IV.     THIS COURT SHOULD NOT STRIKE MS. GIUFFRE'S CLAIMS FOR
        MEDICAL AND EMOTIONAL DISTRESS DAMAGES ................................ 22

CONCLUSION ..................................................................................... 23

# TABLE OF AUTHORITIES

Page

**Cases**

*Candelaria v. Erickson*,
  2006 WL 1636817 (S.D.N.Y. 2006) ...................................................................... 12

*Celle v. Filipino Reporter Enters. Inc.*,
  209 F.3d 163 (2d Cir.2000) ..................................................................................... 20

*Design Strategy, Inc. v. Davis*,
  469 F.3d 284 (2d Cir. 2006) .................................................................................... 14

*Gurvey v. Cowan, Liebowitz & Lathman, P.C.*,
  2014 WL 715612 (S.D.N.Y. 2014) ........................................................................ 18

*In re Consol. RNC Cases*,
  2009 WL 130178 (S.D.N.Y. Jan. 8, 2009) ..................................................... 22, 23

*In re Dana Corp.*,
  574 F.3d 129 (2d Cir. 2009) ...................................................................................... 6

*In re Weiss*,
  703 F.2d 653 (S.D.N.Y. 1983) ................................................................................ 18

*Murray v. Miron*,
  2015 WL 4041340 (D. Conn., July 1, 2015) ......................................................... 21

*Naylor v. Rotech Healthcare, Inc.*,
  679 F. Supp. 2d 505 (D. Vt. 2009) .................................................................. 20, 21

*Nittolo v. Brand,*
  96 F.R.D. 672 (S.D.N.Y.1983) ............................................................................... 22

*Robertson v. Dowbenko*,
  443 F. App'x 659 (2d Cir. 2011) ............................................................................ 20

*Scheel v. Harris*,
  No. CIV.A. 3:11-17-DCR, 2012 WL 3879279 (E.D. Ky. Sept. 6, 2012) .............. 21

*Skywark v. Isaacson*,
  1999 WL 1489038 (S.D.N.Y. Oct. 14, 1999) ........................................................ 22

**<u>Rules</u>**

Fed. R. Civ. P. 26 ................................................................................................. *passim*

Fed. R. Civ. P. 26(a) ......................................................................................... 1, 19

Fed. R. Civ. P. 26(a)(1) ......................................................................................... 21

Fed. R. Civ. P. 26(a)(1)(A)(iii) ............................................................................. 21

Fed. R. Civ. P. 26(a)(5) ........................................................................................... 6

Fed. R. Civ. P. 37 ............................................................................................ 18, 24

Fed. R. Civ. P. 37 (b) & (c) ..................................................................................... 1

Fed. R. Civ. P. 37(c)(1) ......................................................................................... 21

## <u>INTRODUCTION</u>

As more and more witnesses come forward testifying about Defendant's involvement in the sexual abuse of young girls, Defendant's discovery arguments have become more removed from the merits of this case and increasingly strident in their tone.  The latest example of this genre is the instant motion in which the Defendant boldly proclaims that Ms. Giuffre is "playing a game of catch and release" by deliberately "withholding information" regarding her medical care.  Yet the basis for these strong charges turns out to be nothing more than the fact that, when asked to produce a listing of medical care providers that Ms. Giuffre has seen in the last seventeen years – during a period of time when she lived in Australia, then Florida, then Colorado, finally returning to Australia – she was unable to recall all of the providers.  Ms. Giuffre and her attorneys have worked diligently to provide this listing to Defendant and, as new information has become available, or as Ms. Giuffre has been able to recall another provider, the information has been disclosed.  Indeed, Ms. Giuffre signed every medical records release that Defendant requested. There has been no deliberate "withholding" of information, much less withholding of information that would warrant the extreme sanction of precluding Ms. Giuffre from presenting her claims to a jury.

Moreover, this baseless motion for sanctions comes on the heels of disturbing testimony corroborating what lies at the core of this case –Defendant was involved in facilitating the sexual abuse of young girls with Jeffrey Epstein. ███████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████

 It is against this backdrop that Defendant has filed a

motion seeking sanctions. The motion is a transparent effort to deflect attention from the merits

of Ms. Giuffre's claim by inventing "willful" discovery violations and should be rejected in its

entirety.

**FACTUAL BACKGROUND**

**I.     MEDICAL PROVIDER IDENTITIES**

As the Court is aware, Defendant has requested that Ms. Giuffre provide the names and

medical records of every medical provider she has ever had, for any type of treatment, since

1999. This would be no easy task for anyone, and Ms. Giuffre has had many medical providers



in multiple locations.  So she and her legal counsel have worked diligently to track them down

through a search that has spanned nearly two decades and two continents.

Ms. Giuffre made her initial disclosures on this subject in an answer to an interrogatory

that she served on April 29, 2016. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████

██████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████

███████████████████████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████████

████████████████████████

██████████████████████████████

███████████████████████████████████



████
██████████████████████████████████
████████████████████████████
██████



















### III. MS. GIUFFRE HAS PROVIDED DISCOVERY IN ACCORDANCE WITH HER DISCOVERY OBLIGATIONS

From that point, other medical records were sought and obtained, with Ms. Giuffre facilitating their production from the providers by executing and sending release forms and paying all applicable fees for their release. Moreover, counsel for Ms. Giuffre has kept Defendant fully apprised of such efforts, even giving Defendant copies of all releases that have been issued, and providing updates on Ms. Giuffre's continued efforts to obtain medical records beyond signing releases. *See* McCawley Decl. at Composite Exhibits 5 and 6.

Executing and sending medical release forms to all of the medical providers satisfies Ms. Giuffre's discovery obligations with regard to her medical records, and Defendant cannot cite to a case that states otherwise. *See*, e.g., *Candelaria v. Erickson*, 2006 WL 1636817, at *1 (S.D.N.Y. 2006) (requiring the execution of updated medical release forms to satisfy discovery

obligations).  The fact that Defendant has presented this weak tea to the Court - concerning the

actions of third-parties Ms. Giuffre does not control - shows just how baseless the motion is.

**IV.     DEFENDANT CAN SHOW NO PREJUDICE**



A factor relevant to the appropriateness of sanctions under Rule 37 for discovery

violations is the "prejudice suffered by the opposing party."  *Design Strategy, Inc. v. Davis*, 469

F.3d 284, 296 (2d Cir. 2006).  Here, Defendant cannot claim any prejudice resulting from her empty claims of "discovery violations."  Accordingly, sanctions are inappropriate.

## V.    MS. GIUFFRE HAS BEEN FULLY COMPLIANT IN DISCOVERY

It is the Defendant in this case that has failed to comply with discovery at every turn. Defendant has refused to produce any documents whatsoever without this Court entering an Order directing her to do so.  The only reason Plaintiff has documents from Defendant at all is because of this Court's denial of Defendant's stay requests and the Court's rulings on Ms. Giuffre's Motion to Compel for Improper Claim of Privilege (wherein Defendant was ordered to turn over documents that did not even involve communications with counsel) and her Motion to Compel for Improper Objections.  Even then, Defendant's counsel refused to even take the routine step of looking at Defendant's email and other electronic documents to find responsive documents, but produced, instead, only what Defendant wanted to produce.  Ms. Giuffre had to bring a Motion for Forensic Examination and the Court had to order that Defendant's counsel actually produce documents from Defendant's electronic documents, something that has not yet been done to date.  Indeed, Defendant did not make her initial disclosure until February 24, 2016 several months *after* the deadline for these disclosures.  Additionally, while Ms. Giuffre started her efforts to take the Defendant's deposition in February, 2016, Defendant did not actually sit for her deposition until after being directed to do so by the Court, on April 22, 2016.

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

15

Ms. Giuffre has had to litigate, multiple times, for Defendant to make any document production, and Ms. Giuffre has had to litigate, also multiple times, for Defendant to be deposed. *See* Plaintiff's Response in Opposition to Defendant's Motion to Stay Discovery (DE 20); Plaintiff's February 26, 2016, Letter Motion to Compel Defendant to Sit for Her Deposition; Plaintiff's Motion to Compel Documents Subject to Improper Claim of Privilege (DE 33); Plaintiff's Motion to Compel Documents Subject to Improper Objections (DE 35); Plaintiff's Response in Opposition to Defendant's Motion for a Protective Order Regarding Defendant's Deposition (DE 70); Plaintiff's Motion for Forensic Examination (DE 96); ███████████ ████████████████████████████████████ Ms. Giuffre has had to expend considerable time and resources simply to have Defendant meet her basic discovery obligations in this case.

Now, having completely stonewalled on discovery, making every produced document and even her own deposition the result of extensive and unnecessary litigation, taking positions that are contrary to the Federal Rules and wholly contrary to prevailing case law, Defendant claims that Ms. Giuffre has been "non-compliant since the outset of discovery."  (Mtn. at 11). This statement is completely inaccurate.

████████████████████████████████████████ ████████████████████████ Most of these issues have been resolved pursuant to this Court's orders. ██████████████████████████████████████ ████████████████████████ June 23, 2016, Minute Entry. Ms. Giuffre merely points out that Defendant not only failed to review, search, or produce Defendant's email, from any of her multiple accounts, but also wholly failed to disclose her terramarproject.org email account or her ellmax.com email account.

Regarding photographs, counsel for Ms. Giuffre has gone to considerable expense to recover boxes that Ms. Giuffre thought may contain photographs, including paying approximately $600.00 for shipping of the boxes to ensure production of any recent information. Accordingly, Defendant articulates no legitimate complaint in this section of her brief.

## LEGAL ARGUMENT

I.   **DEFENDANT CANNOT SHOW NON-COMPLIANCE, AND HAS PUT FORTH NO COLORABLE LEGAL ARGUMENT FOR SANCTIONS**

Sanctions are not appropriate in this case because Defendant cannot show non-compliance. ██████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████ That does not constitute non-compliance. That is not sanctionable behavior. And, Defendant cannot cite any case in which a court found differently. Additionally, though Defendant attempts to ascribe blame to Ms. Giuffre for any medical records that have not been sent by providers (or medical records that may not exist), the uncontested fact is that Ms. Giuffre has executed releases for all of the providers Defendant requested. Again, Defendant can point to no case in which sanctions were awarded over medical records where the party signed all applicable releases. Accordingly, Defendant's motion should be denied.[12]

---

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

Even Defendant's own cases cited in her brief are inapposite and do not suggest that sanctions are appropriate in this case.  For example, in *Davidson v. Dean,* the plaintiff "refused to consent to the release of mental health records" for periods for which he was seeking damages and for which the Court ordered him to provide releases.  204 F.R.D. 251, 254 (S.D.N.Y. 2001). By contrast, Ms. Giuffre has executed each and every release for medical records requested by Defendant. In *In re Payne*, Rule 37 sanctions were not even at issue: an attorney was reprimanded for "default[ing] on scheduling orders in fourteen cases, resulting in their dismissal . . . fili[ing] stipulations to withdraw a number of appeals only after his briefing deadlines had passed," etc. 707 F.3d 195, 198-99 (2d Cir. 2013).  Similarly, in *Gurvey v. Cowan, Liebowitz & Lathman, P.C.*, 2014 WL 715612, at *2 (S.D.N.Y. 2014), sanctions were awarded because, *inter alia*, "my . . . Order explicitly limited discovery to plaintiff's malpractice and breach-of-fiduciary duty claims . . . However . . . plaintiff has sought discovery of extraordinary breadth that is far beyond the scope of the two claims . . . [and] disregarded my Order . . .  by failing to explain in writing how each of her discovery requests to CLL is relevant to the remaining claims." Accordingly, as stated above, Defendant has not put forth any colorable legal argument for sanctions under Rule 37.

## II.   THERE WAS NO INFORMATION "WITHHELD," AND THEREFORE, NO PREJUDICE

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

Accordingly, sanctions are wholly inappropriate.

### III.   MS. GIUFFRE HAS FULFILLED HER REQUIREMENTS REGARDING HER RULE 26 DISCLOSURES[14][15]

Regarding Ms. Giuffre's computation of damages, Ms. Giuffre has pled defamation *per se* under New York law, where damages are presumed. *Robertson v. Dowbenko*, 443 F. App'x 659, 661 (2d Cir. 2011). Plaintiff provided amounts, damage calculations and supporting evidence required under Rule 26. Plaintiff is retaining experts to support her Rule 26 Disclosures, and expert reports and disclosures are not due at this time. Defendant takes issues with Ms. Giuffre's computation of damages in her Rule 26 disclosures but fails to cite to a single case that requires more from her, let alone more from a Plaintiff claiming defamation *per se*. Indeed, the case law supports that Plaintiff has fully complied with her Rule 26 obligations. *See Naylor v. Rotech Healthcare, Inc.*, 679 F. Supp. 2d 505, 510 (D. Vt. 2009).

In good faith, Ms. Giuffre has produced a multitude of documents and information regarding her damages. Defendant does not cite to a single case that even suggests she is required to do more. What Defendant purports to lack is expert discovery and an expert report on

_____

██████████████████████████████████

████████████████████████████████████████████████████

[14] Defendant references her Motion to Compel Rule 26(a) disclosures (DE 64) that she filed on March 22, 2016, but failed to mention that, after a hearing, this Court denied that motion with leave to refile (DE 106).

[15] Defendant repeatedly attempts to conflate the required disclosures under Federal Rule of Civil Procedure 26(a) and the disclosures ordered by this Court on April 21, 2016, in an apparent effort to 'backdate' those required disclosures.

computation of damages. Rule 26(a)(1), governs "initial disclosures," disclosures to be made at the beginning of litigation,  prior to the completion of expert work. It does not entitle a party to expert discovery at this stage in the case.

Ms. Giuffre has pleaded and will prove defamation *per se*, where damages are presumed. *Robertson v. Dowbenko*, 443 F. App'x at 661 ("As the district court correctly determined, Robertson was presumptively entitled to damages because he alleged defamation per se."). Under New York law, defamation per se, as alleged in this case, presumes damages, and special damages do not need to be pled and proven. *See Celle v. Filipino Reporter Enters. Inc*., 209 F.3d 163, 179 (2d Cir.2000) (Second Circuit holding that "[i]f a statement is defamatory per se, injury is assumed.  In such a case 'even where the plaintiff can show no actual damages at all, a plaintiff who has otherwise shown defamation may recover at least nominal damages,'" and confirming an award of punitive damages) (Emphasis added).

Additionally, Ms. Giuffre has claimed punitive damages for the defamation per se. "[C]ourts have generally recognized that ... punitive damages are typically not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii), and have held that the failure to disclose a number or calculation for such damages was substantially justified." *See Murray v. Miron*, 2015 WL 4041340 (D. Conn., July 1, 2015). *See also Scheel v. Harris*, No. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012) (finding that a failure to provide a precise number or calculation for their punitive damages claim is substantially justified pursuant to Fed. R. Civ. P. 37(c)(1)).

Accordingly, Ms. Giuffre's disclosures comply with Rule 26 for the computation of damages. *See Naylor v. Rotech Healthcare, Inc.*, 679 F. Supp. 2dat 510 ("The Court is skeptical of the need for so much additional discovery, since the only open issue on the defamation claim

seems to be damages.  Miles's email itself provides evidence of the statement and publication to

a third party.  Damages will depend on [plaintiff] Naylor's testimony and perhaps evidence from

a few other sources, such as Naylor's family and friends, or Streeter [one of defendant's

clients].")  Ms. Giuffre has provided the calculations evidencing how she arrived at her damage

figures and has provided a myriad of documents upon which she also will rely in proving

damages.  This includes supporting documents showing average medical expenses computed by

her average life expectancy.  "'[N]on-economic damages based on pain and suffering ... are

generally not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii).'"

*Scheel v. Harris,* No. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012)

(holding that plaintiff's failure to disclose a number or calculation for such damages was

substantially justified).

## IV. THIS COURT SHOULD NOT STRIKE MS. GIUFFRE'S CLAIMS FOR MEDICAL AND EMOTIONAL DISTRESS DAMAGES

Defendant cites four cases in support of her request for this Court to strike her claims for

medical and emotional distress damages, and each one of them militates against any such relief

being awarded in this case.  In the first, *Nittolo v. Brand*, sanctions were awarded in a personal

injury action because, *inter alia*, the plaintiff went to his physician and took away his medical

records before defendant had a chance to use the court-ordered release to access them, and the

Court found the plaintiff lied under oath about taking away the records.  96 F.R.D. 672, 673

(S.D.N.Y.1983) ███████████████████████████

███████████████████████

Defendant's second case is equally inapposite.  In *Skywark v. Isaacson*, Court found that

the plaintiff "began his pattern of lying about at least three matters of extreme significance to his

claim for damages;" lied to his experts and lied under oath; and "never provided defendants with

the promised [medical release] authorizations." 1999 WL 1489038 at *3, *5, *11 (S.D.N.Y. Oct. 14, 1999). ████████████████████████████████████████████

████████████████████████████████████████████████

Defendant's third case continues in the same pattern. In *In re Consol. RNC Cases*, "all Plaintiffs either expressly refused to provide mental health treatment records or simply failed to provide such records during the course of discovery." 2009 WL 130178, at *2 (S.D.N.Y. Jan. 8, 2009). Defendant's fourth case is similarly inapposite by Defendant's own description, turning on failure to provide medical releases. (Mtn. at 19).

Importantly, Defendant represents to the Court that she seeks the "sanction of striking the claim or precluding evidence only on the damages that relate to the withheld documents and information." (Mtn. at 19). This is confusing for two reasons. ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████ Accordingly, there are no "withheld records" upon which sanctions could be applied. And, again, there has been no violation of this Court's Order.

## CONCLUSION

Since filing the instant motion for sanctions, two other witnesses - witnesses subpoenaed by Defendant herself in order to mount her defense - have given testimony to support Ms. Giuffre. ████████████████████████████████████████



Therefore, this baseless motion for sanctions is more a reflection of the

abundant testimonial evidence condemning Defendant than any type of imagined discovery

violation on behalf of Ms. Giuffre.

Ms. Giuffre respectfully requests that it be denied in its entirety.


Dated:  June 28, 2016.

                                        Respectfully Submitted,

                                        BOIES, SCHILLER & FLEXNER LLP

                                    By: /s/ Sigrid McCawley
                                        Sigrid McCawley (Pro Hac Vice)
                                        Meredith Schultz (Pro Hac Vice)
                                        Boies Schiller & Flexner LLP
                                        401 E. Las Olas Blvd., Suite 1200
                                        Ft. Lauderdale, FL 33301
                                        (954) 356-0011

                                        David Boies
                                        Boies Schiller & Flexner LLP
                                        333 Main Street
                                        Armonk, NY 10504

                                        Bradley J. Edwards (Pro Hac Vice)
                                        FARMER, JAFFE, WEISSING,
                                        EDWARDS, FISTOS & LEHRMAN, P.L.
                                        425 North Andrews Avenue, Suite 2
                                        Fort Lauderdale, Florida 33301
                                        (954) 524-2820

                                        Paul G. Cassell (Pro Hac Vice)
                                        S.J. Quinney College of Law
                                        University of Utah
                                        383 University St.
                                        Salt Lake City, UT 84112
                                        (801) 585-5202[17]

---

[17] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 28th day of June, 2016, I served the attached document

via Email to the following counsel of record.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: <u>lmenninger@hmflaw.com</u>
          <u>jpagliuca@hmflaw.com</u>


                <u>/s/ Sigrid S. McCawley</u>
                  Sigrid S. McCawley