UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

# REPLY IN SUPPORT OF MOTION TO REOPEN DEPOSITION OF PLAINTIFF VIRGINIA GIUFFRE

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I.   PLAINTIFF'S PRODUCTION OF KEY DOCUMENTS AFTER HER DEPOSITION
     NECESSITATES ADDITIONAL EXAMINATION ........................................................... 2

     A.   Plaintiff failed to identify her health care providers and produce their records prior to
          her deposition, despite this Court's order ................................................................... 2

     B.   Plaintiff failed to produce emails from her ▮▮▮▮▮▮▮▮ accounts ....................... 4

     C.   Plaintiff failed to address issue of her employment records ........................................ 5

     D.   Newly obtained education records and other witness testimony contradict Plaintiff's
          deposition .................................................................................................................. 5

     E.   Plaintiff identified new witnesses in her Rule 26 disclosures after her deposition .......... 6

II.  PLAINTIFF'S COUNSEL INSTRUCTED PLAINTIFF NOT TO ANSWER RELEVANT,
     NON-PRIVILEGED QUESTIONS IN HER FIRST DEPOSITION ..................................... 7

III. PLAINTIFF CONCEDES THAT HER ERRATA SHEET IS PROPERLY THE SUBJECT
     FOR RE-OPENED DEPOSITION ................................................................................... 9

IV.  RESTRICTIONS TO TWO HOURS AND VIA VIDEOTAPE UNJUSTIFIED .................... 9

CERTIFICATE OF SERVICE ............................................................................................... 12

Defendant Ghislaine Maxwell submits this Reply to Plaintiff's Opposition ("Response") to Motion to Reopen Deposition of Plaintiff ("Motion"), and as grounds therefore states as follows:

## INTRODUCTION[1]

Plaintiff concedes the reopening of her deposition based on (a) the late production of records concerning Plaintiff's medical and mental health treatment, (b) her unjustifiable refusal to answer questions related █████████████████," (c) material edits to her deposition testimony through her errata sheet. Plaintiff did not address her newly disclosed employment records and thus it should be deemed admitted. Apparently, she still contests questions regarding other items not disclosed until <u>after</u> her deposition, including (a) █████████████ (b) school records from ████████████████████ ███████████ and (c) witnesses newly identified in her Third and Fourth Revised Rule 26 disclosures. There is no legally principled reason to exclude these topics during Plaintiff's reopened deposition and Ms. Maxwell should be permitted to examine Plaintiff based on this information produced *after* her deposition although requested *before*.

The other limitations proposed by Plaintiff are not appropriate. Due to the quantity of documents and the number of topics, two hours will be insufficient to appropriately inquire. Moreover, Plaintiff's deposition should be in person; she chose to move t█████████ ████████ during the pendency of this case and has been in the US for weeks attending witness depositions and other litigation matters by her own choosing. Deposition by videoconference will be extremely cumbersome to accomplish given the hundreds of pages of documents to be

---

[1] Defendant conferred with counsel for Plaintiff regarding this Motion prior to its filing. By email of May 8, 2016, Mr. Pagliuca requested conferral regarding Plaintiff's refusal to answer questions at her deposition. That conferral was held on May 9 and May 10. Mr. Edwards offered, for example, to consider whether a verified representation by Plaintiff all of the statements that the media "got wrong" would suffice instead of a re-opened deposition.

1

covered and which were necessitated by Plaintiff's late disclosures and refusal to answer questions at her first deposition.

**ARGUMENT**

I. **PLAINTIFF'S PRODUCTION OF KEY DOCUMENTS AFTER HER DEPOSITION NECESSITATES ADDITIONAL EXAMINATION**

    A. **Plaintiff failed to identify her health care providers and produce their records prior to her deposition, despite this Court's order**

Plaintiff concedes that numerous medical records were not produced until after her May 3rd deposition, to wit:



Furthermore, there remain numerous doctors from the relevant time frame for whom no records have been provided. In addition to all of the treatment providers from 1999-2002, no records have been provided by Plaintiff for:



Menninger Decl., Ex. O.

Plaintiff, while not opposing the reopening of the deposition for documents produced after that date, writes to refute supposed "baseless suggestions of impropriety." Yet, her Response contains additional impropriety. Plaintiff repeatedly asserts that she *has* produced and disclosed documents but her chart and her arguments neglect to mention that those documents were only sought and produced *after* the deposition, indeed up to and including the very same day she filed her Response on June 28. Her claim that she could not "remember" Dr. Donohue or Judith Lightfoot until her deposition is hard to believe given she had consulted with them in the days and weeks just before her Interrogatory Responses. *Id*.; Ex. D at 334-35. Further, all of the 2015-2016 medical records ▇▇▇▇▇▇ were only produced because *the defense*, not

---

[2] Defendant's Interrogatories sought the identities and locations of Plaintiff's health care providers, the dates of treatment, the nature of the treatment, medical expenses to date, and releases for each. Inexplicably, despite this Court's Order to answer the interrogatory, Plaintiff still has not provided the dates of treatment, the nature of treatment or any information concerning expenses for *any* of her providers.

3

Plaintiff, sent a subpoena to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and then learned that Plaintiff had been seen by other doctors there and secured a release which the *defense* sent to Plaintiff. As detailed more fulsomely in the Reply in Support of Sanctions filed contemporaneously, the late disclosures were not due to Ms. Giuffre and her attorneys going to "great lengths" to track down records; they have only responded to requests for doctor's records when the *defense* has brought to their attention missing doctors and records. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Given Plaintiff's agreement to submit to questioning based on the late-disclosed records, it is hardly worth the Court or counsel's time to again correct the record as to each of Plaintiff's misstatements. In lieu, Ms. Maxwell hereby incorporates by reference her Reply in Support of Motion for Sanctions which addresses many of Plaintiff's misstatements concerning production of her health care providers' identities and their records.

    **B.**    **Plaintiff failed to produce emails from her ▓▓▓▓▓▓▓▓▓▓▓▓ accounts**

Plaintiff objects to further questioning regarding emails from her ▓▓▓▓▓▓▓▓▓▓▓▓ accounts and submits that Ms. Maxwell's claims regarding these missing emails "are simply false" because she "produced every relevant document from her iCloud account." Resp. at 8. Plaintiff ignores the most important fact: <u>she produced them after the deposition</u> and only after Ms. Maxwell issued a subpoena to the email providers. The emails were produced on <u>June 10</u>, more than one month after Plaintiff's deposition. *See* Menninger Decl., Ex. K.

Similarly, following Ms. Maxwell's subpoena to ▓▓▓▓▓▓▓, that company has now confirmed that Plaintiff has an active account with them and that the account has been used by

4

Plaintiff since the beginning of this case. Plaintiff concededly did not search that account for responsive documents but has represented to this Court that she will sign the release provided by Microsoft, obtain the records and search the account. Thus, any responsive emails from that account likewise will not have been available at the time of Plaintiff's deposition.

Plaintiff does not argue the responsive emails are not relevant, nor can she. Thus, Ms. Maxwell should be entitled to reopen Plaintiff's deposition to inquire regarding those emails as well as any that are produced from the ▮▮▮▮ account.

### C.   Plaintiff failed to address issue of her employment records

In her Response, Plaintiff did not address Ms. Maxwell's request to reopen Plaintiff's deposition regarding late-disclosed employment records. Accordingly, the issue should be deemed admitted and inquiry into Plaintiff's employment based on the new records permitted.

### D.   Newly obtained education records and other witness testimony contradict Plaintiff's deposition

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ Menninger Decl., Ex. D at 57. This Court ordered Plaintiff to produce her education records and, mere days before her deposition, Plaintiff signed releases for some of the institutions she attended in Florida. Defendant obtained records pursuant to those releases <u>after</u> the deposition (despite having sought them by discovery request in February). The transcripts from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Appropriate areas of inquiry at a reopened deposition of Plaintiff would be matching her story up to the records and

5

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████

Furthermore, testimony from other witnesses in this case, ███████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Based on these newly discovered records, ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████

Based on the newly discovered education records and other witness testimony concerning those records, Ms. Maxwell should be entitled to question Plaintiff at her continued deposition about those records. Ms. Maxwell lacked those records at the time of Plaintiff's deposition because Plaintiff refused to produce her education records, Ms. Maxwell had to file a Motion to Compel and obtain a Court Order before Plaintiff would sign a release for the records. Therefore, there is no basis for Plaintiff to object to a continued deposition regarding the newly obtained records and witness testimony.

### E. Plaintiff identified new witnesses in her Rule 26 disclosures after her deposition

Plaintiff does not address the fact that she added 28 new witnesses to her Rule 26 disclosures after her deposition.[3] The new witnesses added <u>by Ms. Maxwell</u> to her Rule 26 list

---

[3] The only mention Plaintiff makes is asking the Court to deny Ms. Maxwell's motion to strike the new witnesses. Ms. Maxwell stated that her motion to strike would be by *separate* motion (Mot. at 10), thus there is no motion to strike.

6

are almost entirely ones that were taken off Plaintiff's list.  Presumably, they have information relevant to this case and Ms. Maxwell is entitled to question Plaintiff on these disclosures to determine what, if any, relevant information these newly disclosed witnesses might have.

## II. PLAINTIFF'S COUNSEL INSTRUCTED PLAINTIFF NOT TO ANSWER RELEVANT, NON-PRIVILEGED QUESTIONS IN HER FIRST DEPOSITION

Plaintiff's counsel glosses over their instruction to Plaintiff not to answer questions at her deposition regarding non-privileged issues.

During her deposition, the following exchange occurred:

7

███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████

███████████████████████████████████████████
██████████████████████████

███████████████████████████████████████████
██████
████████████████████████████

Menninger Decl., Ex. D at 220-23.

███████████████████████████████████████ Mr. Edwards refused to allow her to answer the question unless her recollection was "refreshed," even though she never said she lacked a recollection. This is a patently improper instruction not to answer, as well as improper suggestion to his client that she needed to have a "refreshed" memory ███████████████████████. The instruction not to answer was improper and Plaintiff should be required to answer all questions regarding inaccuracies in the media reports of this case. Indeed, it is hard to conceive of an area more directly relevant to this single-count defamation case in which Ms. Maxwell has said that Plaintiff's statements to the press were lies, ████████████████████████████████

Plaintiff's counsel similarly would not allow Plaintiff to answer questions regarding her communications with law enforcement, specifically regarding Ms. Maxwell. Ms. Maxwell respectfully disagrees that this area should be off limits. Efforts by a Plaintiff to have another party charged with a crime, including any statement made during the course of those efforts, are clearly relevant, reflect bias and motive, and may be used for impeachment. There is no privilege which attaches to a civil litigant's prior statements to law enforcement and to the extent

any such statements exist, Ms. Maxwell should be permitted to inquire regarding the statements and the circumstances of surrounding their issuance, during Plaintiff's reopened deposition.

Ms. Maxwell disagrees with Plaintiff's contention regarding the identity of her expert but agrees not to inquire into that topic during the reopened deposition in light of the upcoming expert disclosure deadlines.

In light of the clearly improper instructions not to answer non-privileged relevant questions, Plaintiff's deposition must be reopened.

### III. PLAINTIFF CONCEDES THAT HER ERRATA SHEET IS PROPERLY THE SUBJECT FOR RE-OPENED DEPOSITION

Because Plaintiff concedes, as she must, that changes to her deposition testimony as reflected on her errata sheet are proper areas of inquiry, Ms. Maxwell perceives no need for additional argument regarding the materiality of Plaintiff's changes although they were not based on "misspellings and the like" as Plaintiff avers.

### IV. RESTRICTIONS TO TWO HOURS AND VIA VIDEOTAPE UNJUSTIFIED

Ms. Maxwell has identified a significant number of areas of inquiry for reopened deposition and two hours is insufficient to accomplish that goal. Ms. Maxwell seeks leave to reopen Plaintiff's deposition regarding belatedly disclosed records from:



- 18 newly listed witnesses
- Any published news stories that Plaintiff concedes were inaccurate
- Plaintiff's interactions with law enforcement regarding Ms. Maxwell.

9

All of these are properly the subject of additional inquiry at a deposition and to address them will require more than two hours. While Ms. Maxwell does not believe that seven hours will be necessary, she did not use all of the first seven hours based on Plaintiff's refusal to answer relevant non-privileged questions and believes that she will be able to finish her examination on these topics within a reasonable period of time, most likely between 4-5 hours.

Further, such deposition should be done live and in person, not via videotape from Australia. Video conference depositions are exceedingly difficult and cumbersome when handling the number of records at issue here – medical records, school records, employment records and emails, as well as press statements, errata sheets and the like. Counsel will not have the ability to hand over documents to the witness as needed.

███████████████████████████████████████████████. Notably, Plaintiff has spent several weeks in the U.S. attending in person the depositions of ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████. She and her counsel failed to disclose relevant doctors and medical records, emails, employment and school records in advance of her deposition, and she was instructed not to answer relevant, non-privileged questions. She chose to change her deposition testimony after the fact.

WHEREFORE, Ms. Maxwell respectfully requests a reopened deposition of Plaintiff to include the topics of:

1. Any documents disclosed after May 3 regarding:
    a. Plaintiff's medical and mental care
    b. Plaintiff's employment
    c. Plaintiff's education
    d. Plaintiff's emails from her ███████████ accounts

2. Any question she was instructed not to answer regarding:
    a. Inaccurate statements attributed to her in the press;
    b. Her communications with law enforcement about Ms. Maxwell;

3. Any changes to her deposition testimony as reflected on her errata sheet.

Ms. Maxwell asks the Court to deny Plaintiff's request that the reopened deposition be limited to two hours or occur via remote means. Finally, Ms. Maxwell requests costs incurred in bringing this Motion based on counsel's improper instructions not to answer relevant and non-privileged questions.

Dated: July 8, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax:    303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

11

## CERTIFICATE OF SERVICE

I certify that on July 8, 2016, I electronically served this *REPLY IN SUPPORT OF DEFENDANT'S MOTION TO REOPEN DEPOSITION OF PLAINTIFF VIRGINIA GIUFFRE* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons