UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X


# DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RULE 37(b) &(c) SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH RULE 26(a)

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

BACKGROUND FACTS ...................................................................................................... 2

ARGUMENT .......................................................................................................................... 9

    A.    Plaintiff's Cannot Avoid Sanctions through Belated Production of Documents and Information Improperly Withheld ....................................................................... 11

    B.    Ms. Maxwell has been Prejudiced, Although Prejudice Is Not Required for Imposition of Rule 37 Sanctions ............................................................................ 133

    C.    Preclusion of Plaintiff's Claims for Emotional Distress and Physical and Psychological Damages is Warranted ................................................................... 14

CERTIFICATE OF SERVICE ............................................................................................. 17

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Reply ("Reply") to Plaintiff's Response in Opposition to Defendant's Motion for Rule 37(b) &(c) Sanctions for Failure to Comply with Court Order and Failure to Comply with Rule 26(a) ("Response"), as follows:

## INTRODUCTION

Plaintiff filed this Complaint in September 2015 seeking $30 million of non-economic damages related to her psychological damage from a defamation which, she claims, occurred in January 2015. In her Rule 26 disclosures served November 11, 2015, she included not a single treating physician to support this claim. As she now admits, Plaintiff only began to request her own medical records on April 5, 2016 – 15 months after the supposed defamation, 8 months after filing suit, 8 weeks after the defense requested the records, 2 weeks after the Motion to Compel was filed, and 1 day after she informed the Court that she had "already sent releases to all of her medical care providers." The records Plaintiff requested on April 5, and produced mere days before her deposition on May 3███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████

Plaintiff's Response is devoted to (a) extraneous, irrelevant and selective quotations from witnesses who know nothing about her medical records or treatment,[1] and (b) incomplete and inaccurate representations that she has, since the Court's Order, disclosed some of her providers and produced some of their records. Essentially, Plaintiff argues that her failure to identify her

---

[1] In her own flagrant attempt to direct attention away from sanctionable litigation tactics, Plaintiff includes in her "Introduction" and her "Conclusion" inaccurate, incomplete, misleading deposition testimony from certain witnesses in this case. That testimony has no bearing on the issue of whether Plaintiff violated a Court Order to produce medical records (indeed none of the witnesses discussed know a single thing about Plaintiff's medical conditions), and Plaintiff's Introduction and Conclusions should be stricken as impertinent and scandalous. Similarly, Plaintiff devotes pages to inaccurate accounts of Ms. Maxwell's productions and discovery, which also should be stricken as irrelevant and impertinent.

1

own treatment providers and produce their records was the product of excusable neglect: a failed memory, doctors who will not respond to two inquiries, and other factors beyond her control.

In fact, Plaintiff still has not fully answered Interrogatory Numbers 12 and 13, which seeks the identities of her providers, the dates and nature of her treatments, and releases for each. Nor has she acted in good faith to comply with the Court Order that she do so; the majority of the newly produced records only came *after* the defense conducted independent investigation, learned of other providers' identities, brought it to Plaintiff's attention, gave her releases to sign, and then, and only then, did Plaintiff "provide releases" or "disclose records." Her claimed lack of memory as to the names of all of her providers "going back decades," does not excuse her failures. The doctors at issue are ones she had seen in the *days* and *weeks* immediately preceding her incomplete Interrogatory response and, ███████████████████████████, are well known personally to her counsel.

Rule 26 is designed to place the burden on a party claiming damages to disclose persons with knowledge related to their claims. Rule 37 is designed to encourage parties to comply with Court orders and discovery obligations; fault only comes into play when assessing the severity of the sanction. Plaintiff has not undertaken a good faith effort to comply with the Court's Order or with Rule 26's mandate concerning her astronomical request for non-economic damages.

## BACKGROUND FACTS

Ms. Maxwell identified in her Motion specific categories of documents that still have not been disclosed despite the Court Order to do so:



2. ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████.

2

Motion at 5.  Since filing the Motion, *additional* failures have been identified.  Specifically:

███████████████████████████████████
█████████████████████████████
███████████████████████████████
█████████████████████████████
████████████████████████████████
███████████

█████████████████████████████████
████████████████████████████
█

Plaintiff has failed to demonstrate good faith in disclosing the doctors nor in retrieving their records in compliance with this Court's Order and Rule 26's mandates.

████████████████████

Plaintiff claims she "innocently remembered" ████████████████████

████████████████████████████████
██████████████████████████████
██████████████████████████████
████████████████████████████
██████████████████████████████
████████████████████████████████
████████████████████████████████
██████████████████████████
███████████████████████████
██████████████████████
████████████████████████████
███████████████████████████

███████████████████████████████████████████████

██████████████████████████████

    ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████

    ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

██████

    ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

5

[Page content redacted]

6

[Page content redacted]

██████████████████████████████████████████████

████████████████████████████████████████

Plaintiff makes two extraordinary claims with regard to these records. ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████ Resp. at 6.

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

**ARGUMENT**

Rules 26, 33, 34 and 37 do not make it the opposing party's obligation to ferret out information that is already in the possession, custody, and control of a party or their counsel. Before Court intervention, Plaintiff refused to answer a single interrogatory related to her medical treatment. After Ms. Maxwell filed a Motion to Compel, Plaintiff (a) represented to this Court that she had already sent releases for the records when she had not, and (b) sought only a few records from a few treatment providers, omitting health care providers she had recently seen just months or weeks prior to responding to the Interrogatory.

It was only through Defendant's independent investigation, subpoenas, and diligence that the following treatment providers became known at all in this case: ████████████ ███████████████████████████████████████████████████████████ ████████████ There are still numerous others who have not been disclosed and from whom records have not been obtained: ████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████. Plaintiff has failed to include these providers, as well as ████████████████████████████████ in her Interrogatory responses that directly requested all health care providers from 1999 until the present, which this Court ordered to be answered.

---

[3] These records are relevant in that ████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████.

In *Cine Forth-Second St. Theatre Corp v. Allied Artists Pictures Corp*, 602 F.2d 1062, 1067 (2d Cir. 1979), the Second Circuit "held it was proper to preclude plaintiff from offering proof of damages as a sanction for its failure to provide adequate answers to damages interrogatories even if plaintiff was not guilty of willfulness, so long as it was guilty of gross negligence." Wright, Miller and Marcus, FEDERAL PRACTICE AND PROCEDURE § 2284 (2010). "Negligent, no less than intentional, wrongs are fit subjects for general deterrence. And gross professional incompetence no less than deliberate tactical intransigence may be responsible for the interminable delays and costs that plague modern complex lawsuits." *Cine Forty-Second Street*, 602 F.2d at 1067.

In this case, Plaintiff has acted either willfully or with gross negligence in complying with the Court's Order and her Rule 26 obligations. When a party files a single count defamation suit seeking $30 million in non-economic damages, competent counsel will generally have already gathered their client's medical records or set about doing so soon after the case is filed. Indeed, in fulfilling Rule 11 pleading obligations, medical records that either support (or disprove) the requested damages should be considered *prior* to filing suit.

Here, the bulk of Plaintiff's failures to comply with the Court Order concern medical professionals that Plaintiff has seen subsequent to the alleged defamation in January 2015 and during the pendency of her lawsuit against Ms. Maxwell. There was the ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ With respect to these providers, it has largely been through defense counsel's persistence that Plaintiff has provided the names of two and records from the others. As demonstrated in the attached chart, with respect to the majority of medical records, they have only been provided once uncovered by defense counsel, and many have yet to be provided. *See* Menninger Decl., Ex. R. This is a blatant violation of discovery obligations and this Court's Order and Plaintiff should be sanctioned.

Plaintiff provides two responses to the actual substance of the Motion 1) there is no harm because ***once discovered*** by the defense, medical releases "that have been requested" have been signed and the documents have been produced; and 2) there is no prejudice because they have offered to permit the re-deposition of Plaintiff on newly revealed medical providers and belatedly produced documents. The law does not permit a Plaintiff to willfully violate a Court's order, fail to properly respond to interrogatories by providing incomplete and inaccurate information, and then avoid sanctions simply because they provide a portion of the information once they are caught by the opposing party.

    **A.**    **Plaintiff's Cannot Avoid Sanctions through Belated Production of Documents and Information Improperly Withheld**

Plaintiff's primary argument for avoidance of Rule 37 sanctions is that "Ms. Giuffre has executed releases for all of the providers Defendant ***requested***." *Response* at p. 1, 9, 17, 18 and 21. Plaintiff is careful to include the phase "requested" by Defendant because the only releases she has provided are for medical providers specifically identified by name by Defendant that have been uncovered through Defendant's independent investigation. But, that is not compliance with the discovery obligations or Defendant's Interrogatories. The Interrogatories at issue asked

11

*Plaintiff* to identify all of her health care providers ***and provide a release for each of them***. Menninger Decl. Ex. F, Interrogatories 12 and 13. Plaintiff failed to identify all of her health care providers in her Response and still has not done so; she only provided releases for specific providers *discovered by defendant* through independent investigation and specifically requested. Plaintiff cannot be permitted to hide the identity of treatment providers and then avoid sanctions by complying once caught in her improper conduct.

"The sanctions imposed by Rule 37 for obstructing or failing to comply with discovery procedures would be hollow indeed if they could be imposed only on those whose efforts at concealment proved to be successful. Plaintiff may not properly escape the consequences of his own wrongful conduct because the defendants were diligent and persistent enough to overcome the obstacles which he placed in their path." *Nittolo v. Brand*, 96 F.R.D. 672, 676-77 (S.D.N.Y. 1983); *Penthouse Intl., Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 390 (2d Cir. 1981) (affirming dismissal pursuant to Rule 37 where plaintiff refused to produce certain records in violation of court discovery order and where false testimony, material misrepresentations by counsel and foot-dragging were used in an effort to prevent defendant from getting at the relevant records, despite subsequent production of the records); *Radetsky v. Binney & Smith, Inc.*, No. 85 CIV. 4379 (PNL), 1989 WL 234026, at *35 (S.D.N.Y. Dec. 13, 1989) (recommending dismissal of the case under Rule 37, despite the fact than many of documents withheld had subsequently been produced based on the defense's investigation, because "Plaintiff's continued obstreperous conduct has prejudiced defendant's ability to develop his case and resulted in additional expense to the litigants and the court system.").

B.   **Ms. Maxwell has been Prejudiced, Although Prejudice Is Not Required for Imposition of Rule 37 Sanctions**

Likewise, Plaintiff's willingness to be re-deposed on belatedly disclosed medical treatments, medical records, and treatment providers is not relevant to the question of Rule 37 sanctions, nor does it moot the issue. First, it does not fully cure the discovery abuses. As demonstrated above, the belatedly disclosed records produced on the day of the Response to this Motion reveal multiple intervening causes of Plaintiff's claimed medical and emotional distress damages. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The defense did not have this information prior to depositions of other medical providers or deponents and could not question them on these issues. While the deposition period has been extended for a month, there is insufficient time to: a) track down additional and remaining medical providers and records; b) conduct an orderly examination of their records; c) determine which providers are the most necessary to depose given the remaining number of depositions available and the location of several of the providers ▮▮▮▮▮; or d) re-depose individuals who should have been questioned on these issues. Simply re-opening Plaintiff's deposition does not cure the prejudice caused by the belated productions.

Nor does the belated disclosure of certain records cure this prejudice or weigh against the imposition of Rule 37 sanctions. The Second Circuit has "consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). The purpose of Rule 37 goes beyond merely curing prejudice. It also serves a specific and general deterrent effect. *Id.* (citing *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)). As the Second Circuit noted "[e]ven when a party finally (albeit belatedly) complies with discovery orders after sanctions are imposed, these

13

purposes may still justify the sanctions [of default judgment]." *Id.* To permit a party to avoid Rule 37 sanctions based on the purposeful avoidance and delay in providing key relevant and discoverable information would disserve the deterrence purpose of Rule 37. "[I]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules. . . . Under the deterrence principle of [*National Hockey League*], plaintiff's hopelessly belated compliance should not be accorded great weight. Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." *Id.* (quoting *Cine Forty–Second St. Theatre,* 602 F.2d at 1068).

### C. Preclusion of Plaintiff's Claims for Emotional Distress and Physical and Psychological Damages is Warranted

Plaintiff's attempt to distinguish the authority warranting the preclusion of her damages claims for emotional distress and physical and psychological injury is unavailing. As proven by her most recent productions, her discovery abuses are equally as purposeful, prejudicial, and sanctionable as those in the cited cases where the Court has dismissed the cases entirely.

Since this Court's Order at the April 21, 2016 hearing, despite the Plaintiff's counsel representation to undersigned counsel and this Court that the identities and all medical records for Plaintiff's treatment providers after the alleged defamation had been provided, ███

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

14

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

*At a minimum,* Plaintiff was and is capable of identifying the physicians and psychologists who have treated her; the matter is fully in her control. These were providers who she is currently seeing or has seen in the recent past, who have prescribed her medication, and who are treating her for emotional and mental issues, the very conditions for which she seeks damages. There can be no argument that the failure to identify and produce records from these doctors was anything but an intentional and willful violation of the discovery rules and this Court's Order.

This is but one example of Plaintiff's discovery misconduct. Plaintiff repeatedly has produced requested documents only when the non-production of the documents had been or was about to be discovered. In addition to the examples discussed in the opening brief, most recently, ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████.[4]

Plaintiff's pattern of discovery abuses and failure to disclose necessary and required information makes clear that no lesser sanction will deter Plaintiff's continuing discovery abuses. The purpose of Rule 37 sanctions, "to 'ensure that a party will not benefit from its own failure to comply,' to 'obtain compliance with a particular order issued,' and to 'serve a general deterrent

---

[4] Plaintiff lodged an objection to communications regarding "ongoing" investigations, but did not object to production of documents regarding Det. Recarey's 2006 investigation. Moreover, weeks prior to the deposition, Plaintiff amended her Rule 26 disclosures to include these as documents on which she planned to rely, yet failed to produce them until the day before the deposition, despite multiple requests for production of all newly listed Rule 26 documents.

effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.'" *Szafrankowska v. AHRC Home Care Servs., Inc.,* 2008 WL 186206, *1 (S.D.N.Y. Jan. 22, 2008) (quoting *Update Art,* 843 F.2d at 71); *see also S. New England,* 624 F.3d at 149.

Any action short of precluding Plaintiff's recovery of claims for physical, psychological and emotional distress damages will fall short of serving Rule 37's purpose to "ensure that a party will not benefit from its own failure to comply" with court orders. *S. New England,* 624 F.3d at 149. To permit Plaintiff to get away with her purposeful non-compliance would reward her by allowing her to conceal relevant discoverable information. Some of this information may be dispositive on the lack of causation between Ms. Maxwell's alleged defamatory statement and Plaintiff's alleged physical symptoms and emotional distress.

WHEREFORE, for the forgoing reasons and those set forth in the Motion, Ms. Maxwell request that the relief requested in the Motion be granted.

Dated: July 8, 2016

                                                                Respectfully submitted,

                                                             */s/ Laura A. Menninger*
                                                             Laura A. Menninger (LM-1374)
                                                             Jeffrey S. Pagliuca (*pro hac vice*)
                                                             HADDON, MORGAN AND FOREMAN, P.C.
                                                             150 East 10th Avenue
                                                             Denver, CO 80203
                                                             Phone:   303.831.7364
                                                            Fax:     303.832.2628
                                                            lmenninger@hmflaw.com

                                                            *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

      I certify that on July 8, 2016, I electronically served this *REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 37(B) &(C) SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH RULE 26(A)* via ECF on the following:

Sigrid S. McCawley  
Meredith Schultz  
BOIES, SCHILLER & FLEXNER, LLP  
401 East Las Olas Boulevard, Ste. 1200  
Ft. Lauderdale, FL 33301  
smccawley@bsfllp.com  
mschultz@bsfllp.com  

Bradley J. Edwards  
FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.  
425 North Andrews Ave., Ste. 2  
Ft. Lauderdale, FL 33301  
brad@pathtojustice.com  

Paul G. Cassell  
383 S. University Street  
Salt Lake City, UT 84112  
cassellp@law.utah.edu  

J. Stanley Pottinger  
49 Twin Lakes Rd.  
South Salem, NY 10590  
StanPottinger@aol.com  

      */s/ Nicole Simmons*  
      Nicole Simmons