

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

July 15, 2016

<u>**Via Facsimile (212) 805-7925**</u>

Hon. Robert W. Sweet
United States District Judge
United States District Court
Daniel Patrick Moynihan Courthouse
Southern District of New York
500 Pearl Street, Room 1940
New York, New York 10007-1312

        Re:    *Giuffre v. Maxwell*, 15-cv-07433-RWS

Dear Judge Sweet:

By this Letter Motion, Defendant Ghislaine Maxwell moves this Court to Strike
Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to
Rule 37(B), (E), and (F), Fed. R. Civ. P. based on Plaintiff's failure to confer with
counsel as required by this Court's Orders.

On June 20, 2016, this Court Ordered

> Defendant is ordered to collect all ESI by imaging her computers and
> collecting all email and text messages on any devices in Defendant's
> possession or to which she has access that Defendant used between the
> period of 2002 to present. Defendant is further directed to run
> ***mutually-agreed upon search terms related to Plaintiff's requests for
> production*** over the aforementioned ESI and produce responsive
> documents within 21 days of distribution of this opinion.

On June 30, 2016, Plaintiff's counsel provided a list of 368[1] search terms, most of
which included wild card characters, substantially expanding the scope of information
that might contain such terms.  The terms were in no way connected to or directly
related to the Plaintiff's discovery requests.  They were so expansive and non-specific

---

[1] The vendor employed to image the electronic devices and conduct agreed to searches
estimates it would take over 35 hours of time – almost a full week – simply to run the over
350 requested search terms.

Hon. Robert W. Sweet
July 15, 2016
Page 2

that the use of the terms would yield in vast amounts of clearly non-relevant, non-discoverable information, all of which would need to be reviewed and culled for relevance and responsiveness.

On July 5, 2016, Plaintiff's counsel Brad Edwards and Defendant's counsel Jeff Pagliuca had a telephone meet and confer conference on a number of issues. Among the issues raised by Mr. Pagliuca was the overbreadth of the proposed search terms. The discussion was left that Mr. Edwards would talk with Plaintiff's team of lawyers to narrow the scope, as Mr. Pagliuca understood it. Thus, contrary to the representation in the Motion, Ms. Maxwell's counsel did inform Plaintiff's counsel of their disagreement with the proposed search terms.

As well, Mr. Pagliuca informed Mr. Edwards that because he, Laura Menninger and Ms. Maxwell were all traveling on vacations in the weeks before and after the 4th of July holiday, that they would need additional time to comply with the Court's Order and provide the production. Mr. Pagliuca advised that productions would be made prior to Ms. Maxwell's second deposition, scheduled by agreement on July 22, 2016.

Based on this discussion, defense counsel was blindsided when they received the Motion for Sanctions, anticipating that they would soon be receiving a substantially limited and modified list of proposed search terms to permit search and production prior to the July 22 deposition, or at least a conversation about the terms. In the interim, all of Ms. Maxwell's electronic devices had been sent for imaging.

Defense counsel corresponded with Plaintiff's counsel upon receipt of the Motion for Sanctions, requesting that it be withdrawn (without prejudice), pending completion of conferral on the search terms as required by this Court's specific and general orders on conferral. *See* Ex. 1. It appears there was a miscommunication between Plaintiff's own counsel on this issue, as well as between counsel for both of the parties; but, it was clearly just that – a miscommunication and misunderstanding on where things stood. Since that time, Ms. Maxwell's counsel specifically identified the problematic terms that are vastly overbroad, agreed to a limited list, and requested a substantive conferral call on these issue. *See* Ex. 2.

Despite these good faith efforts to resolve the issues raised and any miscommunication resulting in the Motion, Plaintiff's counsel has refused to withdraw the Motion.

Based on Plaintiff's counsel's failure to confer in good faith on search terms as required this Court's June 20, 2016 Order and this Court's standing Order on conferral in advance of filing Motions as stated in the hearing held on March 17, 2016 hearing,[2] Defendant requests that the Court Strike Plaintiff Virginia Giuffre's Motion

---

[2] In the March 17, 2016 hearing, the Court ordered that prior to motions practice, the parties

Hon. Robert W. Sweet
July 15, 2016
Page 3

for an Adverse Inference Instruction Pursuant to Rule 37(B), (E), and (F), Fed. R. Civ. P.


Sincerely,

HADDON, MORGAN AND FOREMAN, P.C.


*/s/ Laura A. Menninger*
Laura A. Menninger

## CERTIFICATE OF SERVICE

I certify that on July 15, 2016, I electronically served this *LETTER MOTION TO STRIKE PLAINTIFF VIRGINIA GIUFFRE'S MOTION FOR AN ADVERSE INFERENCE INSTRUCTION PURSUANT TO RULE 37(B), (E), AND (F), FED. R. CIV. P* via ELECTRONIC MAIL on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com


Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu


J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com


*/s/ Holly Rogers*
Holly Rogers

---

were to set an agenda on the disputed issue in writing, and have a meeting of substance prior to filing a motion on the dispute. "So I would say exchange writing as to what it's going to be and have a meeting. It doesn't have to be in person, but it certainly has to be a significant meeting; it can't be just one ten-minute telephone call. So that's how I feel about the meet and confer." Tr. p. 3. As shown in the Plaintiff's motion, no such call has occurred.

```
*****************************************************************************
*                                                                P. 01     *
*                         TRANSACTION REPORT                               *
*                         ─────────────────                               *
*                                                     JUL-15-2016 FRI 01:44 PM *
*                                                                          *
*    FOR:  HADDON FOREMAN              3038321015                         *
*                                                                          *
*──────────────────────────────────────────────────────────────────────── *
*  DATE   START   RECEIVER      TX TIME   PAGES TYPE      NOTE       M#  DP *
*──────────────────────────────────────────────────────────────────────── *
*  JUL-15 01:42 PM 912128057925   2'39"     11  SEND       OK       953    *
*                                                                          *
*                                 TOTAL :    2M 39S  PAGES:  11            *
*                                                                          *
*****************************************************************************
```



H A D D O N
M O R G A N
F O R E M A N

Haddon, Morgan and Foreman, P.C.

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com

# FAX COVER SHEET

Date: July 15, 2016

To: Hon. Robert W. Sweet              Fax #:  **(212) 805-7925**

From: Laura A. Menninger

Re: *Giuffre v. Maxwell*, 15-cv-07433-RWS

Total Number of pages including cover sheet: 11   Original will follow by U.S. Mail: Yes ☐   No ☒

**Please call Holly Rogers at 303.831.7364
immediately if the fax you receive is incomplete or illegible.**

Message: Please see the following Letter Motion.