



HADDON MORGAN FOREMAN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/16

RECEIVED
Haddon, Morgan and Foreman, P.C
Laura A. Menninger
JUL 13 2016
150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
JUDGE SWEET CHAMBERS
lmenninger@hmflaw.com

Sur sur reply permitted.
So ordered
B Sweet
7-18-16

July 13, 2016

**Via Facsimile (212) 805-7925**

Hon. Robert W. Sweet
United States District Judge
United States District Court
Daniel Patrick Moynihan Courthouse
Southern District of New York
500 Pearl Street, Room 1940
New York, New York 10007-1312

      Re:   *Giuffre v. Maxwell*, 15-cv-07433-RWS

Dear Judge Sweet:

By this Letter Motion, Defendant Ghislaine Maxwell hereby requests the Court strike and disregard Plaintiff's Sur-Reply in Response to Defendant's Reply in Support of Motion for Sanctions, or in the alternative, permit Ms. Maxwell to file a Sur Sur-Reply responding to both the matters raised therein and new documents disclosed contemporaneously with the Sur-Reply.

Defendant's June 20 Motion for Rule 37(b)&(c) Sanctions (Doc. # 231) was fully briefed upon Ms. Maxwell's Reply filed on July 8, 2016. On July 12, 2016, Plaintiff sent a Letter Motion to this Court requesting leave to file a Sur-Reply and, contemporaneously therewith and prior to receiving a ruling on her Letter Motion, Plaintiff filed her Sur-Reply.

Both the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York require leave of Court *prior* to filing any Sur-Reply. *See Colida v. Nokia Am. Corp.*, No. 05CIV.9920(KMW)(HBP), 2006 WL 2597902, at *4 (S.D.N.Y. Sept. 11, 2006) (declining to consider sur-reply and stating "it was improper for plaintiff to submit these sur-reply papers without leave of the court"); *see also A.B.C. Home Furnishings, Inc. v. Town of East Hampton*, 964 F.Supp. 697, 703 (E.D.N.Y.1997) ("These papers are in the nature of sur reply, and sur sur reply, which will not be considered because they were filed without leave of the Court."); *Nat. Fuel Gas Distrib. Corp. v. TGX Corp.*, CIV-84-1372, 1992 WL 49996 at *2 (W.D.N.Y. Mar. 2, 1992) ("This Court will not consider such sur-reply in deciding

Hon. Robert W. Sweet
July 13, 2016
Page 2

the pending motion because [defendant] filed and served it without the leave of court.").

If the Court permits Plaintiff's submission of a Sur-Reply or accepts or considers the Sur-Reply in consideration of the Rule 37 Motion for Sanctions, Defendant hereby requests permission to file a Sur Sur-Reply addressing the new issues and arguments raised in Plaintiff's Sur-Rely. Such issues would include:

### A. No Disclosure of Doctors and Records

Plaintiff's speciously argues she has "disclosed" treatment providers because their names are embedded amongst thousands of belatedly produced documents (some produced the same day as her Response). Discovery productions with documents that include names of doctors or records does not satisfy her formal Rule 26 "disclosure" obligations nor her continuing duty to supplement Interrogatory Responses under Rules 26 and 37.

Rule 26(e)(1)(A) mandates that a party must supplement their initial disclosures as well as responses to interrogatories and requests for production of documents "in a timely manner if the party learns that in some material respect the disclosure or response is incorrect and incomplete." "The duty to supplement and correct disclosures and responses is a continuing duty and no motion to compel further supplementation is required." *Lima LS PLC v. PHL Variable Ins. Co.*, No. 3:12CV1122 WWE, 2014 WL 2002485, at *2 (D. Conn. May 15, 2014) (citing 6 Moore's Federal Practice, § 26.131[3] [3d Ed.2012]). This duty is not only triggered by a court order but "whenever a party learns that its prior disclosures are in some material respect incomplete or incorrect." *Id.* (citing Federal Practice, *supra* at § 26.13[3]; Fed. R. Civ. P. 26(e)(1)(A) and (B)). Plaintiff *still* has not listed all of her doctor's names nor provided their records and thus has wholly ignored her duty of supplementation.

Plaintiff's duty of supplementation, both of her Rule 26 disclosures and her Interrogatory Responses, is not satisfied by producing documents in which one or more doctors' names may be embedded, especially in light of the over 7,000 documents produced by Plaintiff in this case. *Pal v. New York University*, No. 06 Civ. 5892, 2008 WL 2627614 (S.D.N.Y. June 30, 2008) (production of documents which may contain a witness's name does not meet Rule 26(a)(1) disclosure obligations and failure to supplement Rule 26 disclosures with witnesses name resulted in Rule 37 sanctions); *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (parties reference to third party records in response to interrogatory was improper where i) it failed to respond each portion of the interrogatory separately and fully, ii) the interrogatory did not call for business records, and iii) the records referred to were not business records *of the party* as required to utilize the reference to business records permitted by Rule 33(d)).

Hon. Robert W. Sweet
July 13, 2016
Page 3

These belatedly produced documents do not include most of the information requested in Interrogatories, including the dates and nature of treatment, costs of treatment, and name address and phone numbers of providers. The Interrogatory does not call for the production of business records – it calls for Plaintiff to identify her medical care providers and records concerning their treatment of her. Rule 26 does not merely call for production of documents – it requires the identification of witnesses with relevant information.

The Sur-Reply's argument that "Ms. Giuffre, in her Rule 26 disclosures, stated that for computation of medical damages, she would be relying upon medical records collected from her physicians and expert testimony. After issuing her Rule 26 disclosures, Ms. Giuffre supplemented her discovery on medical providers *by production of numerous medical records* and signing medical releases" simply proves that Plaintiff is and remains in willful non-compliance with her discovery obligations under Rule 26, Rule 33 and this Court's Order to separately and fully respond to the Interrogatory questions regarding her health care providers.

### B. Plaintiff Misrepresents Witness Testimony and Records

The second issue that would be addressed in a Sur Sur Reply is a correction of Plaintiff's misstatements concerning testimony and documents purposefully distorted and taken out of context in the Sur-Reply. These include:

- Corrections concerning the allegations that Dr. Del Mar was Plaintiff's son's doctor and that was the reason she did not "remember" to disclose him. The treatment records disclose he was seen by *her*, the purpose of the visit was for *her* depression and to get a mental health plan in place before she was deposed in the *Dershowitz* case, and she never followed up on that treatment plan.

- Corrections concerning the deposition testimony of Dr. Olsen, who testified that he could only check potential drug misuse by Plaintiff in *Colorado* where Plaintiff had only lived a few months. Dr. Olsen acknowledged he did not check records from – and Plaintiff did not disclose the existence of records from -- Florida and Australia where Plaintiff had recently obtained valium. When shown documents from Australian treatment providers, including Dr. Harris who terminated Plaintiff's prescription for valium because of his concerns, Dr. Olsen testified that information would likely have affected his valium prescriptions to Plaintiff. Dr. Olsen also acknowledged that Plaintiff reacted to being terminated from valium by Dr. Harris by shortly thereafter shopping for a new doctor, Dr. Wah Wah Sen, from whom she sought valium *without* disclosing Dr. Harris's cessation of valium prescription. This is the type of "doctor shopping" that Dr. Olsen found concerning and indicated may be a sign of addiction.

Hon. Robert W. Sweet
July 13, 2016
Page 4

- Correction to the representation that "nothing in the records or the testimony show that Ms. Giuffre is an opioid abuser." (Sur-Reply at 2). Dr. Harris wrote in 2011, "I told her the contra-indications to continued use of Valium and I am not prepared to repeat this script. She really needs to see a psychiatrist. Discussed her issues." She then ignored that suggestion and went to see Dr. San a few months later, asked for and received from this new doctor a prescription for valium 5 mg, without mentioning Dr. Harris. In 2015, she visited Dr. Olsen without mentioning these events, sought and obtained 240 valium tablets. And on April 2016, she visited another new doctor, Dr. Donohue, told him her last prescription was for 50 pills which lasted 6-12 months (a lie), got a new prescription of 50, and then went back a few weeks later asking for more medications. On May 24, Dr. Donohue wrote that she "essentially presented wanting another script of endone as her neck is still quite painful…will need to watch her for opioid abuse as she would be high risk given her stressful life." He then indicated a plan of "titrate the opioids down" and "Valium 5 mg Tablet ceased."

- Correction to Plaintiff's assertion that "it is a misrepresentation to say that she has not disclosed any 'pre-2011 Valium provider,' as there was no indication that there was one." In fact, Dr. Harris wrote in September 2011 that Plaintiff was "a very anxious lady, having therapy. Has tried all medications to no avail and is *only helped by occasional valium*." (Harris 9/9/11 record) (emphasis added). Thus, it is *Plaintiff* who indicated there was a provider who gave her valium prior to 2011.

- Correction to representations about Ms. Lightfoot. It is *Plaintiff* who said she visited Lightfoot weekly for *2 years* and then had weekly phone calls for *7 months* – Ms. Lightfoot has nothing beyond an initial intake form from 2011. Ms. Lightfoot is not doing her job "out of charity" – Plaintiff testified she paid her $200 every week for 2 years, yet mysteriously no records of such payments exist.

- Correction to the representation about the Emergency Room doctor visits and their records concerning Plaintiff's mental health. Each of those records contains "mental health status" observations as well as intake forms and questions to Plaintiff wherein she denied having mental health problems in the weeks and months following the alleged defamation.

Hon. Robert W. Sweet
July 13, 2016
Page 5

### C. Plaintiff Concedes She Remains Non-Compliant With This Court's Order

Finally, a Sur Sur Reply would address Plaintiff's additional concessions that she remains non-compliant with this Court's Order, including the revelation of yet another treating physician in the production on July 11, 2016 (contemporaneously with the Sur-Reply).

For the forgoing reasons, Ms. Maxwell requests that the Court Strike Plaintiff's Sur-Reply or, in the alternative, accept the filing of a Sur Sur-Reply on the issues raised in the Sur-Reply.

Sincerely,

HADDON, MORGAN AND FOREMAN, P.C.

*/s/ Laura A. Menninger*
Laura A. Menninger

Hon. Robert W. Sweet
July 13, 2016
Page 6

## CERTIFICATE OF SERVICE

I certify that on July 13, 2016, I electronically served this *LETTER MOTION TO STRIKE SUR-REPLY IMPROPERLY FILED BY PLAINTIFF* via ELECTRONIC MAIL on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons