

EXHIBIT 1

**From:** Jeff Pagliuca
**Sent:** Thursday, July 14, 2016 11:23 AM
**To:** Laura Menninger
**Subject:** FW: Your motions

**From:** Jeff Pagliuca
**Sent:** Thursday, July 14, 2016 11:22 AM
**To:** 'Brad Edwards'
**Subject:** RE: Your motions

Brad,
I after our conversation last week I thought that you understood that we did not agree with the 344 search terms that Ms. Schultze unilaterally imposed on us and that we needed additional time to complete the exam process because all of us, Laura, me and the client, were out of town over the holiday weekend.  I recall telling you that we intended to complete any search in advance of the deposition on the 22nd because I did not want to have a third deposition.  My recollection of the discussion was that you were going to confer with your team about this along with the other items we discussed. I apologize if I was not clearer and for my part in any miscommunication.  We covered a lot of topics and we both had a number of other things to do.

In any event, I did not expect that we would receive a motion for sanctions without some conversation about the topic.  The court has ordered conferrals prior to the filing of these types of motions.  No conferral took place.

Had a conferral occurred, you would have learned that the devices have been sent to Denver to our forensic consultant for imaging and searching and that to the extent any responsive documents exist we intend to get them to you as soon as possible, in advance of the deposition on the 22nd.
So, this is much ado about nothing, in my view.

I request that the plaintiff withdraw the motion for sanctions, in light of the non-conferral and the absence of any prejudice to the Plaintiff.  You can re-raise the issue if you believe we have somehow violated the court's order after we properly confer.

---

**From:** Brad Edwards [mailto:brad@pathtojustice.com]
**Sent:** Wednesday, July 13, 2016 8:22 PM
**To:** Jeff Pagliuca
**Subject:** Fwd: Your motions

Jeff,

Look I'm not going to be dragged into these nonsense emails.  I'm willing to help clear up miscommunication if that indeed occurred. However, I can only imagine the miscommunication was between you and Laura, not you and me.  We had our entire agenda before us today.

Also, taking cheap shots in emails doesn't resolve anything. Only makes things worse.  That really has to stop soon.

Brad

Sent from my iPhone

Begin forwarded message:

> **From:** Laura Menninger <lmenninger@hmflaw.com>
> **Date:** July 13, 2016 at 10:16:52 PM EDT
> **To:** Brad Edwards <brad@pathtojustice.com>
> **Cc:** Meredith Schultz <mschultz@BSFLLP.com>, Jeff Pagliuca <jpagliuca@hmflaw.com>, "Paul Cassell (cassellp@law.utah.edu)" <cassellp@law.utah.edu>, "Sigrid S. McCawley" <smccawley@bsfllp.com>
> **Subject: Re: Your motions**
>
> There's clearly a disconnect. We understood you were waiting to review the search terms.  In addition, Jeff advised you that given the holiday and travel schedules it would take more time to resolve this issue. You never told Jeff that Meredith was the only person handling this. Jeff understood that you would discuss with her and get back to him.
>
> The Judge has required for conferrals to occur after a writing which spells out the

**EXHIBIT 1**

nature of a dispute. There is no such communication from you prior to filing this Motion. The motion is classic deflection. The plaintiff is now under scrutiny for her failure to produce readily available medical records and rather than dealing with that issue you choose, without required conferral, to ask for sanctions on a non issue.

Apparently you all want to spend every Thursday at noon in New York before the Court for no reason. We are in the process of the forensic examination of the devices. We expect to have that examination completed prior to Ms. Maxwell's continued deposition. To be clear, we do not agree to the 344 search terms unilaterally proposed by Ms. Schultz. If Ms. Schultz wants to propose reasonable search terms we will consider them. In the absence of reasonable terms we will conduct the search I propose and advise you of the results.

I will raise all of these issues with the Court.

-Laura

On Jul 13, 2016, at 8:00 PM, Brad Edwards <brad@pathtojustice.com> wrote:

> Just to be clear, I specifically did not confer with anyone about this issue.
>
> A few weeks ago Jeff told me they had not received search terms and if I remember correctly said that it would take 10 days after receiving the terms to make the complete production. I told him that was something Meredith was compiling and I had nothing at all to do with it.
>
> Last week Jeff and I talked about the scheduling of depositions and trial, and during that call Jeff said he received the search terms and thought the search terms were overbroad. I told him I had not seen them and that Meredith was handling that. Jeff even read one or two of them to me to make his point. I said that motion and those issues are not items I am involved in. He would have to confer with Meredith on that issue.
>
> Jeff and I talked again today to complete the agenda items that we were conferring on. This is not one of them.
>
> Brad
>
> Sent from my iPhone
>
>> On Jul 13, 2016, at 9:44 PM, Laura Menninger <lmenninger@hmflaw.com> wrote:

3

**EXHIBIT 1**

Meredith -

We did confer with Brad regarding your search terms. He said he would get back to us regarding your 300+ search terms which we told him were excessive and not related to your Requests or the Court Order. We also told him that we needed additional time given the parties' lack of agreement (required by the court), the holidays and counsels' travel schedules.

Because he was out of the country, no further discussion has yet occurred. In light of this sequence of events, which you can confirm with him, I ask you to withdraw the motion you just filed (without conferral) at once.

-Laura

4

**EXHIBIT 1**