

**From:** Laura Menninger
**Sent:** Thursday, July 14, 2016 2:35 PM
**To:** Meredith Schultz
**Cc:** Jeff Pagliuca; Sigrid S. McCawley - Boies, Schiller & Flexner LLP (smccawley@bsfllp.com); 'brad@pathtojustice.com' (brad@pathtojustice.com)
**Subject:** Giuffre - Conferral regarding search terms

Meredith –

I am writing to you, in compliance with the Court's Order, to negotiate the search terms for the search of our client's electronic devices.  While Jeff raised many of these issues orally with Brad last week, I am including them in written form so that there can be no dispute about our position.

I do object to the vast number of your 368 search terms.  Most are not tied to any Request for Production served on Ms. Maxwell, nor the Court's Orders limiting those requests.

Terramar –
Search term 49 is "Terramar."  While we are searching our client's terramar email address for otherwise responsive documents, this search term would pull up thousands of documents related to her work for that organization which are (a) non-responsive and (b) irrelevant to this action.  We will not agree to this standalone search term.

Witness Names
With regard to the search terms numbered 124-341, insofar as I can tell, you have simply broken apart the first and last names of every witness included within your Rule 26 disclosures.  However, you never submitted a RFP seeking all communications between our client and your witnesses.  There are some

RFPs which identify individual witnesses whose communications with our client you sought (e.g., 1 – Epstein, 2, -Plaintiff, 3-Prince Andrew, 6-Taylor, Kellen, Dubins, Brunel and Marcincova, 17-Gow, 37-Clintons) and I will include those names within our searches.

As to other names included on the list, many are incredibly common names (e.g., Bill, Mark, Phil, Pete, Bob, Mike, Todd) which you are asking to search as standalone terms, i.e., divorced from the accompanying surnames or first names.  You have included the name "max*" well aware that our client's surname, and that of all of her paternal family members, will begin with those three letters together.  Your search terms thus are likely to yield every single email sent or received by our client, or her family members, or any other document in her possession with her own name on the document or in the metadata, in other words hundreds of thousands of non-responsive documents.  Your search terms include "bill" and thus are likely to include every bill that our client has received or sent or discussed.  Your search terms include Philip Barden who the court has already ruled maintains an attorney-client relationship with our client (and to the extent others are copied on his emails, those would be captured by searches for the other people's names).  You included my client's boyfriend of many years, though he is not on any witness list or in any RFP.

In sum, I will not agree to the search terms regarding witness names numbered 124-341 unless you (a) provide me with an actual RFP to which they each relate, and (b) make some effort to match them to actual people who have some relationship to this case (like first name /3 last name or some parts thereof).

Lawyer Names
What is your basis for search terms numbered 366-368:  McCawley, Schultz and Boies?  Likewise to the extent Mr. Edwards and Cassell are also included in the witness list, what is your basis for searching for documents referencing them?  These search terms seemed designed to pull privileged attorney-client communications and do not correspond to any RFP.  We will not agree to these terms.

Common Words
You have included a number of words that relate to common items and place names.   Please explain which RFP allows for a search of the following terms:

50 – Southern District (which will pull up every attorney-client communication that refers to our case and includes any pleading)
51 – Palm Beach (a place our client lived for many years)
64 – New Mexico
66-72 – USVI by various names
113 – hospital
114 – 116 – hotel, suite, villa (every single travel record related to our client's travel which the Court has not ordered)
119 – 120 – Paris, France
121 – 122 – Zoro, Ranch
360 – Bed
361 – Bath
365 - Lingerie

Other Words
Many other words have no relationship to this case.  Please advise me as to (a) which RFP they correspond to and (b) your good faith basis for seeking these search terms in relation to any such RFP:

93 – Abernathy
94 – Brillo

2

**EXHIBIT 2**

355 – Guggenheim
358 - Gerbil

Conferral

Although many of your other search terms are a tremendous stretch, I can agree to them in the interest of getting the search done on a timely basis.  According to our forensic expert, running a search on Ms. Maxwell's devices of all 368 terms will take more than a week.  I am available by telephone today and tomorrow to discuss the issues raised herein.  If I do not hear from you, I will presume that you are in agreement to the remainder of the terms being run on the devices.  That should allow a production of documents in time for Ms. Maxwell's continued deposition next week.

I am intentionally not taking a position regarding the other demands you provided in your letter of June 30 at pages 1-2.  The searches will be conducted in accordance with standard practices in the industry and the Court ordered us to negotiate search terms only.

-Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
lmenninger@hmflaw.com
www.hmflaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT 2**