United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF VIRGINIA GIUFFRE'S MOTION FOR FINDING
OF CIVIL CONTEMPT AGAINST NADIA MARCINKOVA
FOR IGNORING SUBPOENA AND FOR ASSOCIATED SANCTIONS**

      Petitioner, Virginia Giuffre, pursuant to Rule 45(g) of the Federal Rules of Civil Procedure and Local Rule 83.6, by and through her undersigned counsel, respectfully moves this Court to issue an order finding of civil contempt and associated sanctions against Respondent Nadia Marcinkova for failing to respond to a valid subpoena. Specifically, Ms. Giuffre asks this Court to find Marcinkova to be in civil contempt for ignoring a subpoena *decus tecum* issued by this Court in this case. The subpoena was properly served on her via means of alternative service, as this Court directed. Ms. Giuffre asks for associated civil contempt sanctions, specifically (1) that Ms. Marcinkova be directed to appear for her deposition; (2) that Ms. Marcinkova pay Ms. Giuffre's costs and reasonable attorney's fees associated with bringing this motion; (3) that Ms. Marcinkova be ordered to pay a civil penalty of $2500 per day for each day after the day on which her deposition is rescheduled if she fails to appear at that time; and (4) that the Court impose any other sanction that is just and proper.

    **I.**      **BACKGROUND**

1

The Court will recall that Ms. Marcinkova is an important witness in this case. DE 172 at 20. Ms. Marcinkova was specifically identified by the U.S. Attorney's Office for the Southern District of Florida as a "potential co-conspirator of Epstein" in the non-prosecution agreement it executed with Mr. Epstein as part of his guilty plea." She has relevant information because she was present during the time when Ms. Giuffre was with Epstein and the Defendant, and she travelled with all of them during this critical time period. *Id.*

Ms. Giuffre made numerous efforts to personally serve Ms. Marcinkova, who appeared to be evading service. DE 160 at 4. Those efforts at personal service were unsuccessful. Accordingly, on May 25, 2016, Ms. Giuffre filed a motion to serve Ms. Marcinkova by alternative means – i.e., means reasonably calculated to give her actual notice of the subpoena. DE 160. The Court ordered that Ms. Giuffre could effectuate service by posting the subpoena at Ms. Marcinkova's known address and also mailing to the address.

On June 20, 2016, this Court authorized a subpoena to be served on Ms. Marcinkova by these alternative means. DE 164-1. Following the Court's order, effected alternative service of a subpoena to testify at a deposition on Ms. Marcinkova in multiple ways, all calculated to give her actual notice of the subpoena. *See* Schultz Decl. at Composite Exhibit 1, Affidavits of Service of Process related to Marcinkova; and Exhibit 2, July 21, 2016, Deposition Record Transcript. The subpoena directed that Ms. Marcinkova appear at the offices of Boies, Schiller, and Flexner in New York on July 21, 2016, for her deposition. *See* Schultz Decl. at Exhibit 3, Marcinkova Subpoean.

Going beyond what this Court directed, Ms. Giuffre's investigators emailed the subpoena to what they determined was Ms. Marcinkova's email address, and counsel for Ms. Giuffre mailed copies of this Court's Order directing alternative service to all of Ms. Marcinkova's

known addresses. *See* Schultz Decl. at Composite Exhibit 4, July 7, 1016, Email to Nadia Marcinkova; July 11, 2016, Letters to Nadia Marcinkova. Ms. Giuffre also, in an abundance of caution, provided a copy of the subpoena to Ms. Marcinkova's prior counsel. *See* Schultz Decl. at Exhibit 5, July 8, 2016, Email to Jack Goldberger.

On July 21, 2016, Ms. Marcinkova failed to appear for her deposition, as she had been directed to do by the subpoena.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 45(g), "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Under this rule, party may seek a contempt finding for a person who fails to respond to a subpoena. *See, e.g., Sprint Nextel Corp. v. Ace Wholesale, Inc.,* No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (*citing PaineWebber Inc. v. Acstar Ins. Co.,* 211 F.R.D. 247, 249 (S.D.N.Y.2002) ("The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena."). Here, the facts recounted above make clear that Marcinkova, having been properly served with a duly-issued subpoena, has failed to appear for her deposition. This failure is sufficient for a finding of contempt. *See, e.g., Securities Investor Protection Corp. v. Executive Secs. Corp.*, 433 F. Supp. 470 (S.D.N.Y. 1977) ("The failure of a corporate officer to account in any way for his nonproduction of corporate books, coupled with the reasonable belief that the officer was the custodian of such records, was prima facie evidence of the officer's contempt of subpoenas duces tecum."). And Marcinkova's reasons (if any) for failing to respond are irrelevant, because for purposes of civil contempt, "the [contemnor's] failure to comply with the court decree need not be intentional." *National Labor Relations Board*

*v. Blevins Popcorn Co.,* 659 F.2d 1173, 1183 (D.C.Cir.1981).  The "intent of the recalcitrant party is irrelevant in a civil contempt proceeding because, unlike a criminal contempt proceeding, a civil contempt action is a remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC,* 103 F.3d 1007, 1016-17 (D.C. Cir. 1997); *see also McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949) ("The absence of wilfulness does not relieve from civil contempt . . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act.").

The appropriate sanctions for Marcinkova's failure to respond should be an order from this Court directing Marcinkova to promptly appear and sit for her deposition – that is the obvious and appropriate remedy for failure to appear, as the subpoena ordered Marcinkova to do. To avoid any damage to Ms. Giuffre, Marcinkova should also be ordered to pay reasonable attorneys' fees to Ms. Giuffre for the time and expense associated with filing this motion.  As a sanction, Ms. Marcinkova should be ordered to pay reasonable attorneys' fees and costs associated with efforts to serve her for her July 21 deposition.  As a sanction, Ms. Marcinkova should also be ordered to pay the reasonable attorney's fees of Ms. Giuffre's lawyers in preparing for her deposition.  Because Ms. Marcinkova has previously failed to appear as ordered, the Court should also inform Ms. Marcinkova that her failure to appear at this her upcoming rescheduled deposition will lead to a fine of $2500 per day until the failure is corrected.  The Court should also impose whatever other sanctions it deems just and appropriate.

Ms. Giuffre has complied with the requirements of Local Rule 83.6 for an order of contempt.  The Schultz Declaration sets forth with particularity the conduct on which the contempt order is based – i.e., Ms. Marcinkova's refusal to appear as directed for her deposition.

The attorneys' fees and costs associated with the contempt motion will be established by affidavit and such other proof as the Court may direct at the conclusion of the contempt proceedings.

To ensure that Ms. Marcinkova receives notice of the Court's order, Ms. Giuffre's counsel should be directed to serve the order by the means previously employed by her investigators of posting the subpoenas to her known locations and also sending the subpoenas via U.S. mail.  In addition, the Court should order that service of its order be made by a United States marshal or deputy marshal.  *See* Fed. R. Civ. P. 4(c)(3) (authorizing the court to direct service of a summons by the marshals).

### III.   CONCLUSION

The Court should find Marcinkova to be in civil contempt for failing to respond to a subpoena.  The Court should impose the associated sanctions of directing Marcinkova to promptly appear and sit for her deposition and to pay reasonable attorneys' fees to Ms. Giuffre for the time and expense associated with filing this motion, as well as attorneys' fees for the time spent preparing for her deposition.  The Court should also inform Ms. Marcinkova that her failure to appear at her upcoming rescheduled deposition will lead to a fine of $2500 per day until the failure is corrected.  The Court should also impose whatever other sanctions it deems just and appropriate.  To ensure that Ms. Marcinkova receives notice of the Court's order, Ms. Giuffre's counsel should be directed to serve the order by the means previously employed by her investigators of posting the subpoenas to her known locations and also sending the subpoenas via U.S. mail.  The Court should also direct that service of its order be made by a United States marshal or deputy marshal.

Dated:  July 25, 2016.

        Respectfully Submitted,
        BOIES, SCHILLER & FLEXNER LLP

By: /s/ Meredith Schultz
    Sigrid McCawley (Pro Hac Vice)
    Meredith Schultz (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies Schiller & Flexner LLP
    333 Main Street
    Armonk, NY 10504

    Bradley J. Edwards (Pro Hac Vice)
    FARMER, JAFFE, WEISSING,
    EDWARDS, FISTOS & LEHRMAN, P.L.
    425 North Andrews Avenue, Suite 2
    Fort Lauderdale, Florida 33301
    (954) 524-2820

    Paul G. Cassell (Pro Hac Vice)
    S.J. Quinney College of Law
    University of Utah
    383 University St.
    Salt Lake City, UT 84112
    (801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 25st day of July, 2016, I served the attached document via Email and CM/ECF to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
         jpagliuca@hmflaw.com

I also certify that this motion will be served on Ms. Marcinkova by the Court's previously-approved means.


/s/ Meredith S. Schultz
Meredith S. Schultz