# COMPOSITE
# EXHIBIT 4

## Meredith Schultz

| | |
|---|---|
| **From:** | Doug Mercer <DMercer@alphagp.com> |
| **Sent:** | Thursday, July 21, 2016 4:07 PM |
| **To:** | Meredith Schultz |
| **Subject:** | FW: Giuffre v. Maxwell |
| **Attachments:** | 15-090007 Nadia Marcinkova subpoena 7-7.pdf |

Meredith,

Below is the email and the attachment that was sent to Nadia Marcinkova

Doug



Douglas G. Mercer
Chief Investigator

Alpha Group
100 Broadhollow Road; Suite 200
Farmingdale, New York 11735
Phone: (631) 454-1100
Fax:    (631) 454-0625
dmercer@alphagp.com


THIS TRANSMISSION INCLUDING ANY ATTACHMENTS MAY CONTAIN INFORMATION THAT IS LEGALLY PRIVILEGED AND CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IT CONSTITUTES NON-PUBLIC INFORMATION INTENDED TO BE CONVEYED ONLY TO THE DESIGNATED RECIPIENT(S). IF YOU ARE NOT AN INTENDED RECIPIENT PLEASE DELETE THIS EMAIL AND ANY ATTACHMENTS AND DO NOT READ, COPY, DISPLAY, OR RE-TRANSMIT ANY PART OF THE INFORMATION CONTAINED HEREIN. THE UNAUTHORIZED USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS TRANSMISSION, INCLUDING ATTACHMENTS, IS PROHIBITED AND MAY BE UNLAWFUL.


-----Original Message-----
From: Doug Mercer
Sent: Thursday, July 07, 2016 4:36 PM
To: 'info@aviloop.com'
Subject: Giuffre v. Maxwell

Dear Ms. Marcinkova,

Attached is a subpoena commanding that you appear at a scheduled deposition regarding the matter of Giuffre v. Maxwell..

Please contact the attorney prior to your appearance.

1

If you have any questions please call the attorney, or you may contact me at the below number.

Thank you for you immediate attention to this matter,

Douglas G. Mercer


Douglas G. Mercer
Chief Investigator

Alpha Group
100 Broadhollow Road; Suite 200
Farmingdale, New York 11735
Phone: (631) 454-1100
Fax:    (631) 454-0625
dmercer@alphagp.com


THIS TRANSMISSION INCLUDING ANY ATTACHMENTS MAY CONTAIN INFORMATION THAT IS LEGALLY PRIVILEGED AND
CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IT CONSTITUTES NON-PUBLIC INFORMATION
INTENDED TO BE CONVEYED ONLY TO THE DESIGNATED RECIPIENT(S).  IF YOU ARE NOT AN INTENDED RECIPIENT PLEASE
DELETE THIS EMAIL AND ANY ATTACHMENTS AND DO NOT READ, COPY, DISPLAY, OR RE-TRANSMIT ANY PART OF THE
INFORMATION CONTAINED HEREIN.  THE UNAUTHORIZED USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF
THIS TRANSMISSION, INCLUDING ATTACHMENTS, IS PROHIBITED AND MAY BE UNLAWFUL.

# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301 22 • PH 954.356.00 • FAX 954.356.0022

Meredith Schultz, Esq.
E-mail: mschultz@bsfllp.com

June 11, 2016

Ms. Nadia Marcinkova
63 Kidder Street
Manchester, NH  03101

Re:    *Giuffre v. Maxwell*
       Case No. 15-cv-07433-RWS

Dear Ms. Marcinkova:

You have been served with a subpoena for your deposition testimony pursuant to Judge Sweet's June 20, 2016, Order, which is attached to this letter. *See* Exhibit A. Accordingly, the subpoena you have received is a valid subpoena, which commands your attendance at the deposition on June 21, 2016, at Boies, Schiller & Flexner LLP located at 575 Lexington Avenue, New York, NY  10022 at 1:00 PM. This subpoena has been issued with the power of the United States District Court for the Southern District of New York.

If you are represented by counsel, please provide your counsel with a copy of this letter and the attachments and please ask your counsel to contact me. If you have any questions, please contact me at 954-356-0011 or at mschultz@bsfllp.com.

Sincerely,

Meredith Schultz /dk

Meredith Schultz

MS:dk
Enclosure

# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH 954.356.0011 • FAX 954.356.0022

Meredith Schultz, Esq.
E-mail: mschultz@bsfllp.com

June 11, 2016

Ms. Nadia Marcinkova
38 Hawthorne Drive
Unit E312
Bedford, NH 03110

Re:     *Giuffre v. Maxwell*
        <u>Case No. 15-cv-07433-RWS</u>

Dear Ms. Marcinkova:

        You have been served with a subpoena for your deposition testimony pursuant to Judge Sweet's June 20, 2016, Order, which is attached to this letter. *See* Exhibit A. Accordingly, the subpoena you have received is a valid subpoena, which commands your attendance at the deposition on June 21, 2016, at Boies, Schiller & Flexner LLP located at 575 Lexington Avenue, New York, NY 10022 at 1:00 PM. This subpoena has been issued with the power of the United States District Court for the Southern District of New York.

        If you are represented by counsel, please provide your counsel with a copy of this letter and the attachments and please ask your counsel to contact me. If you have any questions, please contact me at 954-356-0011 or at mschultz@bsfllp.com.

Sincerely,

*Meredith Schultz/dk*

Meredith Schultz

MS:dk
Enclosure

# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301 2211 • PH 954.356.0011 • FAX 954.356.0022

Meredith Schultz, Esq.
E-mail: mschultz@bsfllp.com

June 11, 2016

Ms. Nadia Marcinkova
301 E. 66th Street
Apartment 11E/10N
New York, NY 10065

> Re: ***Giuffre v. Maxwell***
> **Case No. 15-cv-07433-RWS**

Dear Ms. Marcinkova:

You have been served with a subpoena for your deposition testimony pursuant to Judge Sweet's June 20, 2016, Order, which is attached to this letter. *See* Exhibit A. Accordingly, the subpoena you have received is a valid subpoena, which commands your attendance at the deposition on June 21, 2016, at Boies, Schiller & Flexner LLP located at 575 Lexington Avenue, New York, NY 10022 at 1:00 PM. This subpoena has been issued with the power of the United States District Court for the Southern District of New York.

If you are represented by counsel, please provide your counsel with a copy of this letter and the attachments and please ask your counsel to contact me. If you have any questions, please contact me at 954-356-0011 or at mschultz@bsfllp.com.

Sincerely,

Meredith Schultz /dk

Meredith Schultz

MS:dk
Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-10-16

------------------------------------X

VIRGINIA L. GUIFFRE,

            Plaintiff,

     – against –

GHISLAINE MAXWELL,

            Defendant.

------------------------------------X

15 Civ. 7433 (RWS)

OPINION

A P P E A R A N C E S:

       Counsel for Plaintiffs

       BOEIS, SCHILLER & FLEXNER LLP
       401 East Las Olas Boulevard, Suite 1200
       Fort Lauderdale, FL 33301
       By:  Sigrid S. McCawley, Esq.
           Meredith L. Schultz, Esq.

       Counsel for Defendants

       HADDON, MORGAN AND FOREMAN, P.C.
       150 East Tenth Avenue
       Denver, CO 80203
       By:  Laura A. Menninger, Esq.
           Jeffrey S. Pagliuca, Esq.

1


EXHIBIT
A

Sweet, D.J

Eight discovery motions are currently pending before this
court.

1. Plaintiff Virginia Giuffre ("Giuffre" or "Plaintiff") has
   moved for an order of forensic examination, ECF No. 96. As
   set forth below, this motion is granted in part and denied
   in part.

2. Defendant Ghislaine Maxwell ("Maxwell") or ("Defendant")
   has moved to compel Plaintiff to disclose alleged on-going
   criminal investigations by law enforcement, ECF No. 101. As
   set for below, this motion is denied.

3. Plaintiff has moved to compel Defendant to answer
   deposition questions, ECF No. 143. This motion is granted.

4. Defendant has moved to compel non-privileged documents, ECF
   No. 155. As set forth below, this motion is denied.

5. Plaintiff has moved for leave to serve three deposition
   subpoenas by means other than personal service, ECF No.
   160. As set forth below, this motion is granted in part and
   denied in part.

6. Defendant has moved to compel attorney-client
   communications and work product, ECF No. 164. As set forth
   below, this motion denied.

2

7. Plaintiff has moved to exceed the presumptive ten
   deposition limit, ECF No. 172. As set forth below, this
   motion is granted in part and denied in part.

8. Plaintiff has moved for leave to file an opposition brief
   in excess of the 25 pages permitted under this **Court's**
   Individual Rules of Practice. This **motion** is granted.


I.   Prior Proceedings

     Familiarity with the prior proceedings and facts of this
case as discussed in the Court's prior opinions is assumed. See
Giuffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2016 WL 831949
(S.D.N.Y. Feb. 29, 2016); Giuffre v. Maxwell, **No.** 15 Civ. 7433
(RWS) (S.D.N.Y. May 2, 2016).

     Plaintiff filed her motion for clarification of the Court's
March 17, 2016 Order and for forensic examination on April 13,
2016. By Order dated April 15, 2016, the motion for
clarification was denied on the basis that further clarification
was unnecessary. Oral argument was held with respect to forensic
examination on May 12, 2016, at which time the matter was deemed
fully submitted.

3

Defendant filed her motion to compel Plaintiff to disclose ongoing criminal investigations by law enforcement, or in the alternative to stay proceedings, on April 18, 2016. Oral argument was heard and the motion granted in part and denied in part on April 21, 2016. Plaintiff was directed to submit the relevant materials for in camera review. Plaintiff did so on April 28, 2016

Plaintiff filed her motion to compel Defendant to answer deposition questions on May 5, 2016. Oral argument was held on May 12, 2016, at which time the matter was deemed fully submitted.

Defendant filed her motion to compel non-privileged documents on May 20, 2016. By Order dated May 23, 2016, the motion was set for argument on June 2, 2016. The motion was taken on submission on that date. Defendant filed a reply on June 6, 2016.

Plaintiff filed her letter motion for leave to serve three depositions subpoenas by means other than personal service. By Order dated May 27, 2016, the motion was set for argument on June 2, 2016. The motion was taken on submission on that date.

4

Defendant filed her motion to compel attorney-client communications and work product on May 26, 2016. By Order dated May 27, 2016, the motion was set for argument on June 2, 2016. The motion was taken on submission on that date. Defendant filed a reply on June 6, 2016.

Plaintiff filed her motion to exceed the presumptive ten deposition limit on May 27, 2016. By Order dated June 6, 2016, the motion was set returnable on June 16, 2016, at which time the motion was deemed fully submitted.

Plaintiff filed her motion for leave to file excess pages on June 1, 2016.

II. Applicable Standards

Rule 26 "create[s] many options for the district judge . . . [to] manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." Crawford-El v. Britton, 523 U.S. 574, 599, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). It "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598, 118 S.

5

Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). The District Court may

expand or limit the permitted number and time limits of

depositions, direct "the time, place, and manner of discovery,

or even bar discovery on certain subjects," and may "set the

timing and sequence of discovery." Id. at 598-99; Fed. R. Civ.

P. 26(b)(2)(A)


Consequently the Court has wide discretion in deciding

motions to compel. See Grand Cent. P'ship. Inc. v. Cuomo, 166

F.3d 473, 488 (2d Cir.1999). Federal Rule of Civil Procedure 26

states:

> Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense-
> including the existence, description, nature, custody,
> condition, and location of any documents or other tangible
> things and the identity and location of persons who know of
> any discoverable matter. For good cause, the court may
> order discovery of any matter relevant to the subject
> matter involved in the action.

Fed. R. Civ. P. 26. If a party objects to discovery requests,

that party bears the burden of showing why discovery should be

denied. Freydl v. Meringolo, 09 Civ. 07196(BSJ)(KNF), 2011 WL

256608-7, at *3 (S.D.N.Y. June 16, 2011).

III. The Motion For an Order of Forensic Examination Is Granted in Part and Denied in Part

Federal Rule of Civil Procedure 26(f)(3)(C) requires the parties to state their views and proposals as to preservation of electronically stored information ("ESI") and the form of production of ESI. Fed. R. Civ. P. 26(f)(3)(C). Defendant having admitted to deletion practices that indicate relevant documents and also refused to detail document search methods, good cause exists to warrant court supervised examination of her electronic devices. Accordingly, Plaintiff's motion is granted in part.

Defendant is ordered to collect all ESI by imaging her computers and collecting all email and text messages on any devices in Defendant's possession or to which she has access that Defendant used between the period of 2002 to present. Defendant is further directed to run mutually-agreed upon search terms related to Plaintiff's requests for production over the aforementioned ESI and produce responsive documents within 21 days of distribution of this opinion

IV.   The Motion to Compel Plaintiff to Disclose Ongoing Criminal
Investigations is Denied

The public interest privilege "exists to encourage
witnesses to come forward and provide information in criminal
investigations carried out by . . . [law enforcement] without
fear that the information will be disclosed." Sanchez by Sanchez
v. City of New York, 201 A.D.2d 325, 326, 607 N.Y.S.2d 321
(1994). A party seeking disclosure of such information "first
must demonstrate a compelling and particularized need for
access" beyond "[g]eneral and conclusory allegations." Id. The
Court then weighs application of the qualified privilege by
balancing the need for production against the potential harm to
the public from disclosure. Id.

After review of the materials in camera, the qualified
public interest privilege as set forth in Sanchez has been
established with respect to the submitted documents. Defendant
has articulated no need for the documents. Accordingly, the
balance weighs in favor of the privilege, and the motion to
compel is denied. To preserve the record, Plaintiff is directed
to file under seal a comprehensive copy of the log and documents
within 21 days of distribution of this opinion.

8

REDACTED

REDACTED

VI.   The Motion to Compel Non-Privileged Documents is Denied in
Full

Defendant has sought to compel the following documents: (1)
attorney-client communications regarding media advice; (2) pre-
existing documents transmitted to counsel; (3) documents shared
with or communicated to unidentified third parties; (4)
documents primarily for the purpose of providing business
advice; (5) documents subject to an unidentified common interest
or joint defense protection.

Plaintiff has represented that all responsive "attachments"
Defendant seeks to compel have been produced. Accordingly, this
request is denied.

Defendant seeks to compel attorney-client communications
that include "third parties" on the basis that Plaintiff's
privilege log is deficient for identifying individuals as
"professionals retained by attorneys to aid in the rendition of
legal advice." A review of Plaintiff's privilege log shows
Plaintiff has expressly claimed privilege, described the nature
of the withheld documents, communications, and tangible things
not produced, and generally logged communications in compliance
with Federal Rule of Civil Procedure 26(b)(5)(A)(ii). "Unless

11

the client waives privilege, an attorney or his or her employee,
or any person who obtains without the knowledge of the client
evidence of a confidential communication *made between the
attorney or his or her employee and the client in the course of
professional employment*, shall not disclose, or be allowed to
disclose such communication, nor shall the client be compelled
to disclose such communication." N.Y. C.P.L.R. 4503 (McKinney)
(emphasis added). The conduct explicitly described by statute as
privileged does not operate as waiver, and again Defendant has
provided no factual basis to suggest Plaintiff has
misrepresented the identity or role of the third-parties listed.
Defendant's request is denied.

Defendant's challenge to the common interest privilege
claims is likewise unavailing. Regardless of whether Plaintiff
has reflexively claimed the common interest privilege in each
entry does not vitiate the otherwise applicable privilege claims
made, and Defendant has provided no factual foundation to
establish waiver or failure of the other claimed privileges.

Finally, with respect to the media and business advice
communications, Defendant has marshaled no evidence to support
her speculation that the documents logged as privileged are
improperly withheld other than the fact that one member of

12

Plaintiff's legal team is an author. Plaintiff has represented
to the Court and via a detailed privilege log that the
communications in question are privileged. Stan Pottinger, the
author in question, is a barred attorney of record in this case,
incomparable to Defendant's media agent (and non-attorney) Ross
Gow. That Pottinger has written non-legal material, or even
whether his "primary occupation in the most recent years [is] as
a novelist," is irrelevant to whether his communication with
Plaintiff as her counsel was for the purpose of providing legal
advice. Similarly, Bradley Edwards, who Defendant has already
challenged, is an attorney of record in this case, and Defendant
has provided no evidence other than the fact of his
representation of Plaintiff's non-profit to doubt that the
communications logged are privileged.

Having provided no grounds to doubt the sworn
representations of Plaintiff's counsel, Defendant's motion to
compel these communications is denied. Defendant is granted
leave to refile the motions with respect to media and business
advice on the basis of relevant and non-specious factual
support. Court intervention should not be invoked to resolve
routine discovery matters on the basis of a supposition of bad
faith. Further filing of frivolous or vexatious motions lacking
sufficient factual support to support a colorable argument (or

13

on the basis of misrepresented or false facts or law) will be
met with sanctions.


VII. The Motion for Leave to Serve Three Deposition Subpoenas By
Means Other than Personal Service is Granted in Part and Denied
in Part


   Plaintiff seeks to compel subpoenas to serve Nadia
Marcinkova, Sarah Kellen, and Jeffrey Epstein. The request is
denied with respect to Epstein as moot. No opposition having
been filed and the testimony of Marcinkova and Kellen being
relevant to falsity of the defamation at issue, the motion is
granted with respect to Marcinkova and Kellen.


VIII.    The Motion to Compel Attorney-Client Communications
and Work Product is Denied


   Defendant argues that "Edwards and Cassell preemptively
filed an action against Dershowitz proclaiming they did not
violate Rule 11 . . . [and i]n doing so, they voluntarily put at
issue and relied on: a) their good faith reliance on information
communicated to them by Plaintiff, and b) their work product

showing that their filing was reasonably investigated and substantially justified." Def.'s Reply in Supp. Mot. to Compel all Att'y-Client Comms. and Att'y Work Product at 8-9 (Def.'s Reply on AC"). The Broward County, Florida Court ruled on this argument in Edwards and Cassell v. Dershowitz and Defendant argues in reply that this order is non-binding, and was issued prior to Plaintiff's testimony. Id. at 1.

Defendant was not a party to the Florida case. Nevertheless, Defendant's argument is nearly identical to Dershowitz's. Defendant argues Plaintiff's testimony arose after the ruling in the Florida case, however, the principle of that argument is the same: Defendant placed her attorney-client communications with Edwards and Cassell at issue by relying on the content of those communications in Edwards and Cassell v. Dershowitz. The Florida Court's ruling is therefore highly relevant privilege has not been waived.[2] The motion is accordingly denied.

[2] The Court declines to address the choice of law issue, as application of Florida or New York at-issue doctrines are not outcome determinative in this instance and thus no determination is necessary. Compare Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So. 2d 504, 510 (Fla. Dist. Ct. App. 2006) ("for waiver to occur under the at issue doctrine, the proponent of a privilege must make a claim or raise a defense based upon the privileged matter and the proponent must necessarily use the privileged information in order to establish its claim or defense.") with Chin v. Rogoff & Co., P.C., No. 05 CIV.

15

REDACTED

REDACTED

7

X.   The Motion for Leave to File Excess Pages is Granted

Plaintiff sought leave to file excess pages in response to Defendant's motion to compel attorney-client communications and work product. To the extent the motion is not moot, leave is granted.

XI.  Conclusion

As set forth above: the motion for an order of forensic examination is granted in part and denied in part; the motion to compel Plaintiff to disclose alleged on-going criminal investigations by law enforcement is denied; the motion to compel Defendant to answer deposition questions is granted; the motion to compel non-privileged documents is denied; the motion for leave to serve three deposition subpoenas by means other than personal service is granted in part and denied in part; the motion to compel attorney-client communications and work product is denied; the motion to exceed the presumptive ten deposition limit is granted; the motion for leave to file an opposition brief in excess of the 25 pages permitted under this Court's Individual Rules of Practice is granted. This opinion resolves ECF Nos. 96, 101, 143, 155, 160, 164, 172, and 182.

18

For purposes of managing the filings in this case, the parties are further directed to comply with the Court's Individual Rules of Practice by providing all future motion papers in their full non-redacted form, complete with related declarations and exhibits, in a single complete bound hard copy delivered to Chambers at the time of filing. All soft-copies must be provided by attachment of a single PDF in its full non-redacted form, including all related declarations and exhibits irrespective of whether each attachment or declaration is intended to be filed under seal. Soft-copies must be provided in addition to, not in lieu of, hard-copies.

This matter being subject to a Protective Order, the parties are directed to meet and confer regarding redactions to this Opinion consistent with that Order. The parties are further directed to jointly file a proposed redacted version of this Opinion or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion.

It is so ordered

19

New York, NY
June 20, 2016

ROBERT W. SWEET
U.S.D.J