**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

       Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

      Petitioner, Virginia Giuffre, hereby gives notice of legal authority relevant to this litigation, and states as follows.

      In *In re Initial Public Offering Securities Litigation*, 220 F.R.D. 30 (S.D.N.Y. 2003), Judge Scheindlin held that disclosure of identities of individuals that the party did not intend to use as evidence at trial are not required under Rule 26(a)(1), but, instead, should be disclosed in response to interrogatories, stating:

> Underwriters first argue that plaintiffs must disclose this material pursuant to Rule 26(a)(1).11 Underwriters are wrong. Plaintiffs need not disclose the identities of individuals called for by interrogatories 1(a) and 2(a) because they have "no intention of using that information—at trial or any other stage of the proceeding—to support [their] claims."12 Rule 26(a)(1) requires parties, as a matter of course and before any discovery requests have been exchanged, to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses."13 Indeed, the Advisory Committee Notes specifically state that, under the 2000 amendments to Rule 26(a), "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use."

*In re Initial Public Offering Securities Litigation*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003). This case supports Ms. Giuffre's position that she has properly complied with her discovery requests because it holds that a witness that a party does not intend to call at trial need not be included in

1

Rule 26 disclosures. The medical providers at issue in Defendant's Motion for Sanctions (D.E. 2.31) are not witnesses Ms. Giuffre intends to call at trial. In accordance with the above authority, Ms. Giuffre has disclosed medical providers in numerous documents she has produced, and she has also supplemented her Interrogatory Responses to include a specific listing of the providers that were previously identified in documents produced in this matter, attached, in relevant part, hereto as Exhibit 1.

Dated: July 29, 2016.

           Respectfully Submitted,
           BOIES, SCHILLER & FLEXNER LLP

         By: /s/ Sigrid Schultz
           Sigrid Schultz (Pro Hac Vice)
           Meredith Schultz (Pro Hac Vice)
           Boies Schiller & Flexner LLP
           401 E. Las Olas Blvd., Suite 1200
           Ft. Lauderdale, FL 33301
           (954) 356-0011

           David Boies
           Boies Schiller & Flexner LLP
           333 Main Street
           Armonk, NY 10504

           Bradley J. Edwards (Pro Hac Vice)
           FARMER, JAFFE, WEISSING,
           EDWARDS, FISTOS & LEHRMAN, P.L.
           425 North Andrews Avenue, Suite 2
           Fort Lauderdale, Florida 33301
           (954) 524-2820

           Paul G. Cassell (Pro Hac Vice)
           S.J. Quinney College of Law
           University of Utah
           383 University St.
           Salt Lake City, UT 84112

(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 29th day of July, 2016, I served the attached document via CM/ECF to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
jpagliuca@hmflaw.com

/s/ Sigrid S. Schultz
Sigrid S. Schultz