United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**APPLICATION FOR LETTER ROGATORY**

      Plaintiff, Virginia Giuffre, pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. § 1781(b)(2,) by and through her undersigned counsel, hereby submits this application that the Court issue a Letter Rogatory pursuant to Federal Rules of Civil Procedure 4(f)(2)(b) to the appropriate Judicial Authority of the United Kingdom to permit the production of documents from and the taking of the deposition of Ross Gow, a witness located outside the United States, , and states as follows:

    **I.**      **INTRODUCTION**

      As was explained in Ms. Giuffre's Motion for Extension of time to Serve Process Upon and Depose Ross Gow (DE 306), even though Mr. Gow is Defendant's press agent – and is represented by one of Defendant's attorneys -- Defendant has refused to assist in making him available for a deposition. And, Mr. Gow has been attempting to thwart service of process in England, now necessitating the intervention of an English court. Ms. Giuffre has been advised that it is likely that an English court will order Mr. Gow to sit for his deposition; however, in

1

order to petition an English court, it is necessary for this Court to issue a Letter Rogatory. Accordingly, Ms. Giuffre respectfully requests that this Court issue a Letter Rogatory, a draft of which is attached to this exhibit, and will be emailed to chambers as a Microsoft Word document for the Court's convenience.

## II.     FACTUAL BACKGROUND

The Court will recall that Mr. Ross Gow is an important witness in this defamation case, because he was Defendant's "image consultant" and public relations agent who facilitated the publication of some of the Defendant's most significant defamatory statements.   Given Mr. Gow's significant role in the case, Ms. Giuffre has been attempting to depose him.  Ms. Giuffre has requested the assistance of Defendant in scheduling his deposition, and sought Mr. Gow's cooperation directly, but those efforts have failed. Additionally, Ms. Giuffre has tried to work through Ms. Gow's legal counsel to schedule a deposition, but Mr. Gow's counsel has refused to accept service. It turns out that Defendant's attorney, Philip Barden, now also represents Ross Gow.  The Court will recall that Mr. Barden is Defendant's attorney who participated in relevant communications that this Court ordered Defendant to produce to Ms. Giuffre after *in camera* review. Mr. Barden has recently informed the undersigned that he now represents Mr. Gow as his attorney. It appears that Mr. Barden's joint representation of both Defendant and Mr. Gow arose in response to Ms. Giuffre's efforts to obtain Mr. Gow's deposition testimony.

This Court has previously granted Ms. Giuffre's motion to take Mr. Gow's deposition. *See* June 20, 2016, Redacted Omnibus Order, filed in redacted version at D.E. 264-1. Upon information and belief, Mr. Gow is a British national who resides in England, and therefore Ms. Giuffre attempted to work with both Defendant and Mr. Gow to secure Mr. Gow's voluntary appearance. Counsel for Ms. Giuffre sent Mr. Gow two requests to take his deposition in relation

to this matter. *See* Schultz Decl. at Composite Exhibit 1, June 12, 2016, Email to Ross Gow and June 14, 2016 Email to Ross Gow. Neither of these communications received any response.

After such efforts came to nothing, Ms. Giuffre attempted to serve Mr. Gow through the Hague Convention, to which both the U.S. and the U.K. are parties. On June 17, 2016, Ms. Giuffre's counsel commenced service via The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Pursuant to the Convention, Ms. Giuffre followed the specific instructions detailed by the United States Department of State and other resources to effectuate service. *See* Declaration of Meredith Schultz ("Schultz Decl.") at Exhibit 2, Request for Service Abroad of Judicial or Extrajudicial Documents sent to The Senior Master, For the Attention of the Foreign Process Section, Room E16, Royal Courts of Justice Strand, London, WC2A 2LL, United Kingdom.

Upon information and belief, that June 17, 2016, subpoena was served to Mr. Gow's business address via the Hague Convention by the Foreign Process Section (or related United Kingdom agency) in receipt of the subpoena from Ms. Giuffre. *See* Schultz Decl. at Exhibit 3, July 1, 2016, London, Senior Courts of England and Wales Foreign Process Section, Transmitting Agency Reference: Acknowledgment of Receipt, Article 6(1) of Council Regulation (EC) No 1348/2000. Indeed, on July 12, 2016, Defendant's attorney, Mr. Barden alerted counsel for Ms. Giuffre that the June 17, 2016, subpoena was served to Mr. Gow's office address, and Mr. Barden communicated that he represented Mr. Gow. *See* Schultz Decl. at Composite Exhibit 4, July 12, 2016 emails to/from Philip Barden.

The June 17, 2016, subpoena had a deposition date of June 29, 2016. This was set so that the deposition could be taken before the discovery cutoff date of July 1, 2016. This Court has

since granted Ms. Giuffre's one-month extension of time to take depositions. *See* June 20, 2016, Redacted Omnibus Order, the redacted Order filed at D.E. 264-1.

Ms. Giuffre again utilized The Hague Convention Processes to serve an updated subpoena for a date at the end of July, 2016. Specifically, on July 1, 2016, Ms. Giuffre's counsel commenced separate service of process through The Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, noticing this deposition for July 20, 2016. Ms. Giuffre does not know whether or not that subpoena has yet been served through The Hague Convention.

In order to speed service of process for the deposition to be completed within this Court's new deadline, Ms. Giuffre retained a private process serving firm in London to attempt to effectuate personal service on Mr. Gow.  The firm has since attempted service of process at Mr. Gow's business and residential addresses, with fees in excess of £1,349.50 GBP ($1,768.99 USD)**.** *See* Schultz Decl. at Exhibit 5, Affidavit of Cesar Agusto.

Thereafter, when Defendant's attorney, Mr. Barden, informed the undersigned that he also represented Mr. Gow, Ms. Giuffre's counsel asked Mr. Barden whether he was authorized to accept service on Mr. Gow's behalf, and sent Mr. Barden the updated subpoena for the July 20, 2016, deposition date. *See* Schultz Decl. at Composite Exhibit 4, July 13, 2016 email communication to Mr. Barden stating, "Please advise at your earliest convenience whether you accept service of process of the subpoena on behalf of Mr. Gow."  Instead of answering that question, Mr. Barden twice replied that service was (in his view) improper because the subpoena lacked an order from an English Court. *See* Schultz Decl. at Composite Exhibit 4, July 13, 2016, emails from Mr. Barden.

On July 14, 2016, the undersigned sent a letter to Mr. Barden that stated: "To the extent that you consider service has been defective, please confirm whether you waive service of process and accept service of the subpoena on Mr. Gow's behalf," and, again, informing Mr. Barden that counsel would be happy to arrange a date and time convenient for Mr. Gow. *See* Schultz Decl. at Exhibit 6, July 14, 2016, letter to Mr. Barden. As of the date of this filing, Mr. Barden has not accepted service of process.

Ms. Giuffre has secured English counsel to seek an English court order pursuant to the English Evidence (Proceedings in Other Jurisdictions) Act 1975, a process Mr. Barden claims is necessary to effectuate proper service upon Mr. Gow. The undersigned has been informed that such an application to an English High Court will likely be successful; however; it is an expensive and potentially lengthy process, and requires the issuance of a letter rogatory from this Court.

### III. ARGUMENT

This Court has the authority to issue letters rogatory pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781(b). *See Elliot Assoc., L.P. v. Republic of Peru*, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (Sweet, J.); *Leasco Data Processing Equip. Corp. v. Maxwell*, M.C.M.P., 63 F.R.D. 94, 96 (S.D.N.Y. 1973). Fed. R. Civ. P. 28(b) provides that letters rogatory "shall be issued on application and notice and on terms that are just and appropriate." Courts routinely grant motions for letters rogatory where, as here, the movant has made a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *Netherby Ltd. v. Jones Apparel Group, Inc.*, 2005 WL 1214345, *1 (S.D.N.Y. May 18, 2005); see also Elliot Assoc., 1997 WL 436493 at *2 (granting motion for letters rogatory despite opposing party's claims that the testimony sought would be duplicative); *Philan Ins. LTD v. Frank B. Hall*

5

*& Co.*, 1992 WL 183553, *2 (S.D.N.Y. July 21, 1992) (granting motion for letters rogatory because the records sought might lead to relevant evidence and might assist in proving damages).

Accordingly, 28 U.S.C. §1781(b) expressly contemplates and permits a United States Court to issue a Letter Rogatory to a foreign judicial authority. Federal Rules of Civil Procedure 4[1] and 28 U.S.C. §1781(b) therefore provide statutory authority for this Court to act as is being requested in this motion. "Letters rogatory are the medium, in effect, whereby one country, speaking through one of its courts, requests another country, acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control, to assist the administration of justice in the former country." *United States v. Al Fawwaz*, No. S7 98 CRIM. 1023 LAK, 2014 WL 627083, at *2 (S.D.N.Y. Feb. 18, 2014) (internal quotation marks omitted). District courts have both statutory and inherent authority to issue letters rogatory and whether to do so rests within a district court's discretion. *Id.*; 2 8 U.S.C. § 1781. "The standard for issuance of a letter rogatory is the same as if the evidence were located in the United States, *United States v. Korogodsky*, 4 F.Supp.2d 262, 265 (S.D.N.Y.1998)" *U.S. v. Hoskins*, 2015 WL 4874921, at *5 (D. Conn. 2015).

---

[1] Federal Rule of Civil Procedure 4(f) provides as follows:

(f) Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in a place not within any judicial district of the United States:

(2) If there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(B) as directed by the foreign authority in response to a letter rogatory or letter of request;

Fed. R. Civ. P. 4(f).

It is the undersigned's understanding that letters rogatory are the proper method to utilize where the foreign country involved is not a signature to any international treaty governing service of process. *See* Wright and Miller, Federal Practice and Procedure, 3rd Edition §1134. Both the United States and the United Kingdom are signatories to the Hague Convention, which has a mechanism for service of process to which Ms. Giuffre believes she has complied. However, it appears that this Court may lack jurisdiction to enforce the subpoenas properly served upon Mr. Gow through the Hague convention. Therefore, based on Mr. Gow's utter unwillingness to accept service of process that was made through the Hague Convention and to his attorney, Ms. Giuffre seeks issuance of a letter rogatory, which would enable an English Court to require Mr. Gow sit for his deposition. Documents and testimony from Mr. Gow are material to Ms. Giuffre's action, because he was Defendant's press agent who released one of the defamatory statements that is at the heart of this action. Therefore, the Court should issue the requested letter rogatory.

Further, authorization of the service of a letter rogatory is appropriate in this case because the discovery sought has already been approved by this Court. Specifically, Ms. Giuffre has petitioned this Court to be able to depose Ross Gow (DE 170), and this Court granted that request in its June 20, 2016, Order. (Redacted version at DE 264-1). The type of evidence sought by the subpoena - Mr. Gow's testimony and documents relating to this case - is appropriate in the context of this litigation and already sanctioned by this court. Accordingly, this court should grant Ms. Giuffre's request. *See Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.,* 2012 WL 4784632, at *3 (S.D.N.Y. 2012).

The undersigned has prepared a Letter Rogatory for Your Honor's consideration and will submit the same to the Court as a Word document under separate cover. A copy of Ms. Giuffre's proposed Letter Rogatory is also attached to this motion. *See* Schultz Decl. at Exhibit 7.

Should the Court grant this motion and sign the proposed Letter Rogatory, the undersigned will forward it to English counsel for presentment to the appropriate judicial authority in England. The undersigned will also present a copy to Mr. Barden, Defendant and Mr. Gow's attorney.

## IV.    CONCLUSION

Discovery from Mr. Gow in the requested letter rogatory is material to Ms. Giuffre's claim. Accordingly, the Court should grant Ms. Giuffre's motion and issue the requested letter rogatory.

Dated: August 3, 2016

          Respectfully Submitted,

          BOIES, SCHILLER & FLEXNER LLP

    By:  /s/ Sigrid McCawley
        Sigrid McCawley (Pro Hac Vice)
        Meredith Schultz (Pro Hac Vice)
        Boies Schiller & Flexner LLP
        401 E. Las Olas Blvd., Suite 1200
        Ft. Lauderdale, FL 33301
        (954) 356-0011

        David Boies
        Boies Schiller & Flexner LLP
        333 Main Street
        Armonk, NY 10504

        Bradley J. Edwards (Pro Hac Vice)
        FARMER, JAFFE, WEISSING,
        EDWARDS, FISTOS & LEHRMAN, P.L.
        425 North Andrews Avenue, Suite 2
        Fort Lauderdale, Florida 33301

(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 3nd day of August 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>          jpagliuca@hmflaw.com