# EXHIBIT 2

U.S. Department of Justice
United States Marshals Service



# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Sigrid McCawley on behalf of Virginia Giuffre<br>Boies Schiller & Flexner LLP<br>401 E. Las Olas Blvd., Suite 401<br>Ft. Lauderdale, FL 33301<br>United States | The Senior Master, For the Attention of the<br>Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>LONDON WC2A 2LL, United Kingdom |

The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address)

*Le requérant soussignée a l'honneur de faire parvenir--en double exemplaire--à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir:*
*(identité et adresse)*

Ross Gow, Acuity Reputation
23 Berkely Square, London W1J6HE, United Kingdon

☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*a) selon les formes légales (article 5 alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
*c) le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

(1) United States District Court for the Southern District of New York Subpoena to Testify in a Civil Action, Giuffre v. Maxwell, 15-cv-07422 with Exhibit A

Done at Ft. Lauderdale, FL USA, the 17 June 2016
*Fait à                                    , le*

Signature and/or stamp
*Signature et/ou cachet*

*Delete if inappropriate*
*Rayer les mentions inutiles.*

Form USM-94
Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
## ATTESTATION

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1) que la demande a été exécutée*
- the (date) – *le (date)* _____
- at (place, street, number) - *à (localité, rue, numéro)*

– in one of the following methods authorized by article 5:
– *dans une des formes suivantes prévues à l'article 5:*

☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
  *a) selon les formes légales (article 5. alinéa premier, lettre a)*

☐ (b) in accordance with the following particular method:
  *b) selon la forme particulière suivante:*

☐ (c) by delivery to the addressee, who accepted it voluntarily.*
  *c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

- (identity and description of person)
- *(Identité et qualité de la personne)*

- relationship to the addressee family, business or other
- *liens de parenté de subordination ou autres avec le destinataire de l'acte:*

2) that the document has not been served, by reason of the following facts*:
*2) que la demande n'a pas été exécutée, en raison des faits suivants:*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pièces renvoyées*

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

Done at _____ the _____
*Fait à* _____ *le* _____

Signature and/or stamp
*Signature et/ou cachet*

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

United Stated District Court for the Southern District of New York, 500 Pearl St., New York NY 10007, US

**Particulars of the parties:**
*Identité des parties:*

Virginia Giuffre v. Ghislaine Maxwell, 15-cv-07433, Southern District of New York

## JUDICIAL DOCUMENT
*ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Subpoena to Testify at a Deposition in a Civil Action with Exhibit A

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

Defamation claim brought by Plaintiff against Defendant for $30M in damages.

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

June 29, 2016, Boies, Schiller & Flexner LLP, 25 Old Broad Street, London, EC2N 1HQ, United Kingdom

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*

**Date of judgment**:**
*Date de la décision:*

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte:*

June 29, 2016

## EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

**Time limits stated in the document:****
*Indication des délais figurant dans l'acte:*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Virginia L. Giuffre ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 15-cv-07433-RWS |
| Ghislaine Maxwell ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ROSS GOW, Acuity Reputation
23 Berkeley Square, London W1J6HE, United Kingdon
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Boies, Schiller & Flexner, LLP  25 Old Broad Street  London, ECN 1HQ | Date and Time:  06/29/2016 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and Videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/17/2016

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Virginia Giuffre
_____, who issues or requests this subpoena, are:
Sigrid S. McCawley, Boies, Schiller & Flexner LLP, 401 E. Las Olas Blvd., Suite 1200, Ft. Lauderdale, FL 33301; Tel: (954) 356-0011; e-mail smccawley@bsfllp.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15-cv-07433-RWS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

To:  Ross Gow

## Schedule A
### DEFINITIONS

Wherever they hereafter appear the following words and phrases have the following meanings:

1. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting, or purporting to act, at the discretion of or on behalf of another.

2. "Correspondence" or "communication" shall mean all written or verbal communications, by any and all methods, including without limitation, letters, memoranda, and/or electronic mail, by which information, in whatever form, is stored, transmitted or received; and, includes every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopies, e-mail, text, modem transmission, computer generated message, mail, personal delivery or otherwise.

3. "Defendant" shall mean the defendant Ghislaine Maxwell and her employees, representatives or agents.

4. "Document" incorporates the definition as set forth in Rule 26.3(c)(2), Southern District of New York Local Rules, and, therefore, is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5. "Employee" includes a past or present officer, director, agent or servant, including any attorney (associate or partner) or paralegal.

6. "Including" means including without limitations.

7. "Jeffrey Epstein" includes Jeffrey Epstein and any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein.

8. "Ghislaine Maxwell" includes Ghislaine Maxwell and any entities owned or controlled by Ghislaine Maxwell, any employee, agent, attorney, consultant, or representative of Ghislaine Maxwell.

9. "Person(s)" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or any other legal or business entity.

10. "You" or "Your" hereinafter means Ross Gow and any employee, agent, attorney, consultant, related entities or other representative of Ross Gow.

## INSTRUCTIONS

1. Unless indicated otherwise, the "Relevant Period" for this Request is from 1999 to the present. A Document should be considered to be within the relevant time frame if it refers or relates to communications, meetings or other events or documents that occurred or were created within that time frame, regardless of the date of creation of the responsive Document.

2. This Request calls for the production of all responsive Documents in Your possession, custody or control without regard to the physical location of such documents.

3. If any Document requested was in any defendant's possession or control, but is no longer in its possession or control, state what disposition was made of said Document, the reason for such disposition, and the date of such disposition.

4. For the purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation the following:

   a) Wherever appropriate herein, the singular form of a word shall be interpreted as plural and vice versa.

   b) "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information (as defined herein) which might otherwise be construed to be outside the scope of this discovery request.

   c) "Any" shall be understood to include and encompass "all" and vice versa.

   d) Wherever appropriate herein, the masculine form of a word shall be interpreted as feminine and vice versa.

   e) "Including" shall mean "including without limitation."

5. If You are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full. If the recipient has no documents responsive to a particular Request, the recipient shall so state.

6. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

7. The words "concern," "concerning," "concerns," or any other derivative thereof, as used herein is defined as meaning relating to, referring to, describing, evidencing or constituting, under Rule 26.3(c)(7), Southern District of New York Local Civil Rules.

8. "Identify"(with respect to persons) incorporates the definition as set forth in Rule 26.3(c)(3), Southern District of New York Local Rules. Therefore, when referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known

3

address, and when referring to a natural person, additionally, the present or last known place of employment.

9. Identify (with respect to documents) incorporates the definition as set forth in Rule 26.3(c)(4), Southern District of New York Local Rules. Therefore, when referring to documents "to identify" means to give, to the extent known, the (i) type of documents, (ii) general subject matter; (iii) date of the documents; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

10. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

11. Any copy of a Document that is not identical shall be considered a separate document.

12. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for Your inability to produce the remainder of the Document stating whatever information, knowledge or belief which You have concerning the portion not produced.

13. If any Document requested was at any one time in existence but are no longer in existence, then so state, specifying for each Document (a) the type of document; (b) the types of information contained thereon; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all person having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

14. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of business.

15. You are requested to produce all drafts and notes, whether typed, handwritten or otherwise, made or prepared in connection with the requested Documents, whether or not used.

16. Documents attached to each other shall not be separated.

17. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found, and business address of each Document's custodian(s).

18. If any Document responsive to the request is withheld, in all or part, based upon any claim of privilege or protection, whether based on statute or otherwise, state separately for each Document, in addition to any other information requested: (a) the specific request which calls for the production; (b) the nature of the privilege claimed; (c) its date; (d) the name and address of each author; (e) the name and address of each of the addresses and/or individual to whom the Document was distributed, if any; (f) the title (or position) of its author; (g) type of tangible object, *e.g.*, letter, memorandum, telegram, chart, report, recording, disk, etc.; (h) its title and subject matter (without revealing the information as to which the privilege is claimed); (i) with sufficient specificity to permit the Court to make full determination as to whether the claim of privilege is valid, each and every fact or basis on which You claim such privilege; and (j) whether the document contained an attachment and to the extent You are claiming a privilege as to the attachment, a separate log entry addressing that privilege claim.

19. If any Document requested herein is withheld, in all or part, based on a claim that such Document constitutes attorney work product, provide all of the information described in

Instruction No. 18 and also identify the litigation in connection with which the Document and the information it contains was obtained and/or prepared.

20. Plaintiff does not seek and does not require the production of multiple copies of identical Documents.

21. This Request is deemed to be continuing. If, after producing these Documents, You obtain or become aware of any further information, Documents, things, or information responsive to this Request, You are required to so state by supplementing Your responses and producing such additional Documents to Plaintiff.

## DOCUMENTS TO BE PRODUCED PURSUANT TO THIS SUBPOENA

1. All documents concerning communications with Ghislaine Maxwell.

2. All documents concerning any statement You or Acuity Reputation made on behalf of, or concerning, Ghislaine Maxwell.

3. All documents concerning any contracts between and among You and Ghislaine Maxwell.

4. All documents concerning any contracts between Acuity Reputation and Ghislaine Maxwell.

5. All drafts of, or documents associated with, any statements You or Acuity Reputation issued or made concerning Ghislaine Maxwell.

6. All statements You or Acuity Reputation issued or made concerning Ghislaine Maxwell.

7. All documents concerning communications with Jeffrey Epstein.

8. All documents concerning communications with Alan Dershowitz.