UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,
v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

# DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF VIRGINIA GIUFFRE'S (SECOND) MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS UPON AND DEPOSE ROSS GOW

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Response in Opposition to Plaintiff Virginia Giuffre's (Second)Motion For An Extension Of Time To Serve Process Upon And Depose Ross Gow ("Response"), and states as follows:

**INTRODUCTION**

Plaintiff has failed to demonstrate good cause for this second request to extend the time to take the deposition of Ross Gow after the close of fact discovery.[1] Rule 16(b) and this Court's October 28, 2015 Scheduling Order require a moving party to establish *diligence* in trying to obtain the discovery *prior* to the deadlines set in the Scheduling Order. Plaintiff not only has failed to establish diligence, she instead has fully documented her own neglect in attempting to timely secure Mr. Gow's attendance at a deposition. Plaintiff's Motion, supporting documents and recently filed Application for Letters Rogatory clearly establish: 1) she was well aware of Mr. Gow's importance as a witness from the inception of this case, as she mentioned him by name in her September 21, 2015 Complaint; 2) Ms. Maxwell included Mr. Gow as a witness in her February 24, 2016 Rule 26 Initial Disclosures; 3) Plaintiff was fully aware of Mr. Gow's address in the UK; and 4) Plaintiff knew additional steps would be required to obtain proper service under UK law and The Hague Convention.

Despite such knowledge, Plaintiff failed to make *any* effort to obtain Mr. Gow's deposition until June 12, 2016 -- two weeks before the original deadline for fact discovery. And, at *no time* prior to the original (or the extended) close of discovery did Plaintiff take any steps to secure from the UK Courts the necessary documents to effectuate proper service and compel a

---

[1] The fact discovery cutoff in this case originally was July 1, 2016. DE 13. Plaintiff requested and received a one-month extension of the fact discovery cutoff, modifying the deadline to July 29, 2016. See Transcript of Hearing, June 23, 2016 hearing, DE 276.

1


deposition under UK law. Plaintiff's lack of diligence in seeking the requested testimony prohibits a finding of good cause, requiring denial of her Motion.

## I. Plaintiff Must Demonstrate Good Cause, Requiring Proof Of Diligence, To Modify The Fact Discovery Cutoff

Rule 16(b) permits modification of a Scheduling Order only by court order upon a showing of "good cause." The Scheduling Order in this case reiterates that requirement, stating: "Adjournments of the dates set forth above will not be granted except for good cause and upon written application made as soon as the grounds for such application are known." (Doc. # 13).

To satisfy the good cause standard "the party must show that, ***despite its having exercised diligence***, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMD Munai, Inc.,* 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611 at *7 (S.D.N.Y. Aug. 14, 2009) (emphasis added) (*citing Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (McMahon, J.)); *accord Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) ("'[G]ood cause' depends on the diligence of the moving party."); *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.,* 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (Engelmeyer, J.) ("To show good cause, a movant must demonstrate that it has been diligent, meaning that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.").

The Second Circuit likewise conditions "a finding of 'good cause' … on the diligence of the moving party." *Parker v. Columbia Pictures Industries,* 204 F.3d 326, 340 (2d Cir. 2000); *see also Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir. 2003); *Holmes v. Grubman* 568 F.3d 329, 335 (2d Cir. 2009) ("Whether good cause exists turns on the diligence of the moving party"); *DiGennaro v. Whitehair,* 2012 WL 880616, *2 (2d Cir. 2012). When a "party has done little or nothing to schedule the depositions until the deadline arrives, 'good cause' does not

exist." *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 (W.D.N.Y. 2012) (denying motion to modify scheduling order made on the day discovery closed when Plaintiff had noticed depositions early in discovery and done nothing to schedule dates for depositions until the date discovery closed); *Carlson v. Geneva City School Dist.*, 277 F.R.D. 90 (W.D.N.Y. 2011) (no "good cause" or diligence when party raised prospect of a deposition nine days prior to discovery deadline). A party fails to show good cause when the request for an extension "rests on information that the party knew, or should have known, in advance of the deadline." *Perfect Pearl Co.,* 889 F.Supp.2d at 457.

## II.   Plaintiff Has Not Demonstrated, or Even Argued, Good Cause

Discussion of the good cause standard is notably absent from Plaintiff's Motion presumably because she recognizes that the facts demonstrate otherwise. The timeline concerning Mr. Gow is as follows:

- **September 21, 2015**: Mr. Gow identified as a material witness in Plaintiff's Complaint. Cplt. ¶ 29 ("As part of Maxwell's campaign, she directed her agent, Ross Gow, to attack Giuffre's honesty and truthfulness and to accuse Giuffre of lying.") (Doc. # 1).
- **February 24, 2016**: Initial Disclosures identified Mr. Gow as a witness with knowledge of facts on which Ms. Maxwell will rely and also providing his address in London. *Shultz Decl.* Ex. 8.
- **February 26, 2016**: Plaintiff sought communications with Mr. Gow withheld on the basis of privilege, acknowledging Mr. Gow is located in London. Plaintiff's Motion to Compel Improper Privileges (Doc. # 33).
- **June 10, 2016:**  Plaintiff filed Motion to Extend the Deadline to Complete Depositions until July 30, 2016, affirming that she "may now be forced to have to go through the Hague Convention for service on Mr. Gow, and forced to go to London to obtain his deposition." Doc. # 199 at 3.
- **June 12, 2016**: Plaintiff *first* attempted to contact Mr. Gow regarding deposition, via email. *See Shultz Decl.* Ex. 1.
- **June 29, 2016:**  Plaintiff transmitted deposition notice for Mr. Gow to occur on the same day, June 29, at her counsel's office in London. *See Schultz Decl.,* Ex. 3.

3

- **July 13, 2016:**  Plaintiff first "sent" a copy of the subpoena for testimony and documents to Mr. Gow's work and residential addresses.  *Shultz Decl.,* Ex. 5 at ¶ 2.
- **July 13, 2016:** Mr. Gow's counsel notified Plaintiff's counsel that subpoena served is not in compliance with The Hague Convention or UK Law. *Shultz Decl.* Ex. 4, p. 3
- **July 14, 2016**: Plaintiff acknowledged that she has not invoked the Evidence (Proceeding in Other Jurisdictions) Act of 1975,[2] required by UK law, and threatened to seek fees from Mr. Gow if she is forced to comply with the law and serve legal process.  *Shultz Decl.* Ex. 4, p. 2
- **July 19, 2016**: Plaintiff again informed that subpoena issued is not in compliance with UK law and will be challenged if submitted to an English Court in its present form.  *Id.*
- **July 25, 2016**: Four days prior to the extended date for the close of fact discovery, Plaintiff filed the instant Motion, requesting she be allowed to take Mr. Gow's deposition any time prior to trial in this matter.
- **July 30, 2016:**  Extension of discovery cutoff requested by Plaintiff to obtain deposition of Gow expired.  *See* Order of June 20, 2016, Redacted Omnibus Order (Doc. # 264-1).
- **August 3, 2016:**  Plaintiff filed Application for Letters Rogatory.  (Doc. # 330).

As Plaintiff's own documents establish, she waited until mere days before the original discovery cut-off to initiate attempts to serve Mr. Gow, and those attempts were legally improper.  Plaintiff has six attorneys who have entered their appearance in this case and countless others who work for the esteemed law firms of Boies, Schiller, Flexner LLP and Farmer, Jaffe, & Weissing, Edwards, Fistos & Lehrman, P.L., actively working on this matter.[3] Plaintiff's counsel includes former federal judge, Paul Cassell.  Lead counsel, Mr. David Boies, is founding partner of the firm, Boies, Schiller & Flexner, whose office in London employs more

---

[2] The Evidence (Proceedings in Other Jurisdictions) Act 1975 was enacted to give effect to The Hague Convention, and is the process required to obtain documentary and testimonial evidence under UK law.

[3]  According to Plaintiff's most recent privilege log, she has a team of at least 14 attorneys from 7 different firms or entities representing her.

4

than a dozen licensed attorneys.[4]  Despite the fact that Plaintiff has counsel in London with complete knowledge of the process required for issuance of a valid subpoena for evidence and testimony under UK law, she apparently improperly attempted to serve a US subpoena by simply leaving it at Mr. Gow's office without seeking prior permission from this Court to authorize the deposition to occur abroad.  When informed that the issued documents did not comply with the requirements of UK law, rather than immediately seeking to obtain the proper papers under The Evidence (Proceeding in Other Jurisdictions) Act of 1975, she sent a threating letter to Mr. Gow's counsel claiming that she would seek sanctions and payment for the costs of issuing proper process if Mr. Gow did not voluntarily accept the improper papers.  Indeed, only yesterday, after the already extended period for depositions had closed, Plaintiff finally sought Letters Rogatory from this Court for Mr. Gow's deposition.

Now, eleven months after filing her Complaint mentioning Mr. Gow by name and six months after Mr. Gow was identified as a witness in Ms. Maxwell's 26(a)(1) disclosures, Plaintiff contends she should be entitled to additional time "to effectuate service pursuant to the English Evidence Act 1975," despite the fact that *she did not even begin* the correct process prior to the *extended* deadline for the close of discovery.  This is despite the clear warning of the Court in the March 24 hearing that it would expect to see "good faith showing" of efforts to comply with the schedule and "an inability because of Hague Convention problems," before it would consider changing the Scheduling Order.

Plaintiff focuses on Mr. Gow's legal counsel's decision not to voluntarily accept service of a deposition notice that did not comply with the legal requirements of the laws of the country

---

[4] http://www.bsfllp.com/locations/international/london.  Plaintiff's counsel's London office attorneys include litigators who have published on statutory methods for obtaining discovery abroad. http://www.bsfllp.com/lawyers/data/1818

in which it was served. Of course, there is no requirement that a third party[5] voluntarily accept service of process, especially when that process is not compliant with the law applicable in the location of the deposition.

Plaintiff's failure to demonstrate any effort – let alone a diligent one – to properly obtain Mr. Gow's testimony under The Hague Convention, as implemented by the Evidence (Proceedings in Other Jurisdictions) Act 1975, prohibits a finding of good cause required to extend the deadline for fact discovery required to modify the Scheduling Order under Rule 16(b) and this Court's Order. Courts routinely reject modifications to scheduling orders based on attorney neglect[6] or when the movant (as here) fails to explain the delay.[7] Also pertinent is the fact that this is Plaintiff's second request for relief. She already moved on June 10 for an extension of the discovery deadline *inter alia* to take Mr. Gow's deposition and she then sought only an additional 30 days to do so. She has failed to explain why she sought only 30 days and then failed to apply for letters rogatory until after the expiration of those 30 days. *See, e.g., Marcum v. Zimmer*, 163 F.R.D. 250 (W.D.Va. 1995) (lack of explanation for failure to use previous extensions to add claims weighed against further extension).

### III. Prejudice Cannot Be Considered Absent a Showing of Good Cause

Knowing she cannot establish the standards of good cause and required diligence, Plaintiff instead focuses on the alleged importance of Mr. Gow as a witness and her own

---

[5] Plaintiff's claim that simply because Mr. Gow is represented by an attorney who has also previously represented Ms. Maxwell in a separate capacity somehow reflects a joint defense is unsupported speculation. These individual representations by the same attorney do not provide Ms. Maxwell with the power or authority to require Mr. Gow, a third party witness, to voluntarily accept the improper subpoena.

[6] *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152 (1st Cir. 2004); *Geiserman v. MacDonald*, 893 F.2d 587 (5th Cir. 1990); *Hansen v. Schubert*, 459 F.Supp.2d 973 (E.D. Cal. 2009); *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997), *aff'd without opinion*, 129 F.3d 116 (4th Cir. 1997); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439 (W.D.N.Y. 1997).

[7] *Fahim v. Marriott Hotel Svcs., Inc.*, 551 F.3d 344, 358 (5th Cir. 2008); *U.S. v. Godwin*, 247 F.R.D. 503 (E.D.N.C. 2007); *Lincoln v. Potter*, 418 F.Supp.2d 443 (S.D.N.Y. 2006).

prejudice. These two factors are not relevant in the determination of the motion *until* the moving party first establishes diligent efforts to complete discovery by the Scheduling Order deadline. Because she has not even argued good cause, the Court should disregard any claimed importance of Mr. Gow's deposition or Plaintiff's prejudice. Yet, even if considered, those factors do not save Plaintiff's argument.

First, Plaintiff's argument concerning Mr. Gow's importance as a witness cuts against her claim that an extension is appropriate. If his testimony is so important, one would have expected that efforts to obtain his deposition would have been commenced at the beginning of discovery, not at the end, particularly with her knowledge that foreign process would be required. Instead, Plaintiff made no informal effort to depose Mr. Gow until two weeks before the initial Scheduling Order deadline and only yesterday -- August 3d -- made her first attempt to seek an order from this Court which she appears to believe is the method required by the law of the jurisdiction in which Mr. Gow resides. Obviously, Plaintiff did not think the deposition was important enough to set the wheels in motion to obtain testimony at the outset of the discovery period in 2015, waiting until two weeks prior to the close of discovery to even attempt to contact Mr. Gow to request informal service, and still having not commenced proper formal service.

Second, Plaintiff's argument that a lack of prejudice can be the basis for to the modification of the Scheduling Order deadlines has been soundly rejected. "[T]he absence of prejudice alone is insufficient for a finding of good cause under Rule 16(b)." *F.D.I.C. v. Horn*, No. CV 12-5958 DRH AKT, 2015 WL 1611995, at *14 (E.D.N.Y. Apr. 8, 2015) (quoting *Chrebet,* 2014 WL 1836835, at *16 (quoting *Hernandez v. Immortal Rise, Inc.,* No. 11–CV– 4360, 2013 WL 1703529, at *2 (E.D.N .Y. Apr. 19, 2013); *Estate of Ratcliffe v. Pradera Realty*

7

*Co.,* No. 05–CV–10272, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007) (explaining that the absence of prejudice does not fulfill the good cause requirement of Rule 16(b)).

Indeed, it is black letter law that:

"The existence or degree of prejudice to the party opposing modification may supply an additional reason to deny a motion to modify a scheduling order, but it is irrelevant to the moving party's exercise of diligence and does not show good cause."

3 MOORE'S FEDERAL PRACTICE § 16.14[1][b] (Matthew Bender 3d ed.); *see also Woodworth v. Erie Insurance Co.,* 2009 WL 3671930, *3 (W.D.N.Y. 2009) ("The Court does not understand ... *Kassner* to mean that where the moving party has *not been diligent,* a court many nonetheless grant the motion if it would not prejudice the non-moving party."); *Mendez v. Barlow,* 2008 WL 2039499, at *2 (W.D.N.Y. 2008) ("For purposes of Rule 16, a showing of good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.... Although the absence of prejudice to the non-moving party is relevant to the exercise of the court's discretion, it does not satisfy the good cause requirement.").[2] Thus, prejudice is only considered as an additional basis to deny Plaintiff's Motion in the case that she could establish diligence, which she cannot.

Yet, even if the Court considers the prejudice prong, it is an additional basis to deny the present Motion. Plaintiff requests time "up to the date of trial to complete the process with the English court and secure Gow's testimony" which mean it would be *months*, up until the date of trial, before the deposition is taken.[8] The present remaining deadlines under the order are:

- Expert disclosures per 26(a)(2)(A) and (B) shall be made by August 31, 2016;
- Expert disclosures per 26(a)(2)(D) shall be made by September 30, 2016;
- Expert depositions shall be concluded by October 14, 2016;
- Dispositive motions and 702 motions shall be filed by October 28, 2016;

---

[8] As noted in the Motion, Ms. Maxwell's counsel has agreed to an extension until August 31 for Plaintiff to obtain Mr. Gow's testimony, which is consistent with the completion of fact discovery prior to the remaining agreed to deadlines in this case.

8

- Initial designations of deposition testimony to be used at trial shall be made by November 10, 2016;
- Objections to deposition designations shall be filed by November 21, 2016;
- Counter-designations to initial deposition designations shall be made by November 21, 2016;
- Motions in Limine/other motions shall be filed by November 21, 2016;
- Joint Pre-trial Order shall be submitted by November 21, 2016;
- Objections to any counter-designations shall be made by November 30, 2016;
- Proposed agreed upon/disputed Jury Instructions and Verdict forms shall be submitted by November 30, 2016;
- Proposed jury questions shall be submitted by November 30, 2016;
- Tentative jury trial scheduled to begin on December 12, 2016.

If this unlimited extension is granted, Ms. Maxwell will be unduly prejudiced without sufficient additional time to (a) secure any witness to rebut testimony gleaned from this witness, (b) conduct discovery of Plaintiff's retained experts on the testimony, (c) submit or rebut a summary judgment motion which includes facts learned from the late deposition, (d) submit or rebut any motions in limine concerning Mr. Gow's testimony; (e) submit or rebut any proposed jury instructions regarding Mr. Gow's testimony; (f) designate deposition testimony that may support or refute any testimony learned from this late deposition, and (g) prepare for trial.  All of these factors are all the more heightened with the prospect of the deposition testimony occurring overseas.  The prejudice caused by Plaintiff's improper and unexplained delay in effectuating discovery is an additional basis to deny the Motion.

## **CONCLUSION**

Plaintiff cannot meet the good cause standard for the requested extension based on her complete lack of diligence.  Plaintiff's utter failure to take any measure to secure the testimony of Mr. Gow – a known foreign fact witness listed in both the Complaint and in Ms. Maxwell's initial disclosures since the beginning of this case – prior to the extended deadline for fact discovery requires denial of the Motion for lack of good cause.

9

**WHEREFORE**, Defendant Ghislaine Maxwell requests that Plaintiff Virginia Giuffre Motion for Extension of Time to Serve Process upon and Depose Ross Gow be denied.

Dated: August 4, 2016.

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

I certify that on August 4, 2016, I electronically served this *Response in Opposition to Plaintiff Virginia Giuffre's (Second) Motion for Extension of Time to Serve Process upon and Depose Ross Gow* via ECF on the following:

| | |
|---|---|
| Sigrid S. McCawley<br>Meredith Schultz<br>BOIES, SCHILLER & FLEXNER, LLP<br>401 East Las Olas Boulevard, Ste. 1200<br>Ft. Lauderdale, FL 33301<br>smccawley@bsfllp.com<br>mschultz@bsfllp.com | Paul G. Cassell<br>383 S. University Street<br>Salt Lake City, UT 84112<br>cassellp@law.utah.edu |
| Bradley J. Edwards<br>FARMER, JAFFE, WEISSING, EDWARDS,<br>FISTOS & LEHRMAN, P.L.<br>425 North Andrews Ave., Ste. 2<br>Ft. Lauderdale, FL 33301<br>brad@pathtojustice.com | J. Stanley Pottinger<br>49 Twin Lakes Rd.<br>South Salem, NY 10590<br>StanPottinger@aol.com |

*/s/ Nicole Simmons*
Nicole Simmons