**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,              Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR ADVERSE INFERENCE**
**INSTRUCTION BASED ON NEW INFORMATION**

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this

Supplement to her Motion for Adverse Inference Instruction Based on New Information. Eleven

months into this case, and after the close of fact discovery, Defendant continues to refuse to

abide by her most basic and fundamental discovery obligations. A summary of this ongoing and

willful non-compliance, as well as a supplement to her motion for an adverse inference

instruction based on new information, follows. ███████████████████

███████████████████████████████

███████████████████████████████████

████████

**I.     FACTUAL BACKGROUND**

On October 27, 2015, Ms. Giuffre submitted her first set of Requests for Production.

Defendant failed to make a reasonable search or production of her documents, and Ms. Giuffre

sought relief from the Court numerous times:

- Plaintiff's Response in Opposition to Defendant's Motion to Stay Discovery (DE 20) - Defendant's Motion to Stay - Denied (DE 28).
- Plaintiff's February 26, 2016 Letter Motion to Compel Defendant to Sit for Her Deposition (DE 63) - Granted (DE 106).
- Plaintiff's Motion to Compel Documents Subject to Improper Claim of Privilege (DE 33) - Granted in Part (DE 73).
- Plaintiff's Motion to Compel Documents Subject to Improper Objections (DE 35) - Granted in part (106).
- Plaintiff's Response in Opposition to Defendant's Motion for a Protective Order Regarding Defendant's Deposition (DE 70) - Defendant's Motion Denied (DE 106).
- Plaintiff's Motion for Forensic Examination (DE 96) - Granted in part (June 20, 2016 Sealed Order).

- Plaintiff's Motion for Adverse Inference Instruction (DE 279) - Pending.

2

## II.   DISCUSSION





















The Second Circuit has stated, "[w]here documents, witnesses, or information of any kind relevant issues in litigation is or was within the exclusive or primary control of a party and is not provided, an adverse inference can be drawn against the withholding party. Such adverse inferences are appropriate as a consequence for failure to make discovery." *Bouzo v. Citibank*, N.A., 1993 WL 525114, at *1 (S.D.N.Y. 1993) (internal citations omitted).  The Defendant's continued systemic foot-dragging and obstructionism – even following the Court's June 20 order – makes an adverse inference instruction with regard to Defendant's documents appropriate.  An adverse inference instruction is appropriate when a party refuses to turn over documents in defiance of a Court Order. *See Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, 2005 WL 1026461, at *1 (S.D.N.Y. May 2, 2005) (denying application to set aside Magistrate Judge Peck's order entering an adverse inference instruction against defendant for failure to produce documents that the Judge Peck had ordered Defendant to produce). Accordingly, because a "party's failure to produce evidence within its control creates a presumption that evidence would be unfavorable to that party" an adverse inference should be applied with respect to Defendant's failure to produce "in order to ensure fair hearing for [the] other party seeking evidence." *Doe v. U.S. Civil Service Commission*, 483 F. Supp. 539, 580 (S.D. N.Y., 1980) (*citing International Union v. NLRB*, 148 U.S. App. D.C. 305, 312-317, 459 F.2d 1329, 1336-41 (D.C.Cir.1972)).

"An adverse inference serves the remedial purpose of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of [or willful refusal to produce] evidence by the opposing party." *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 222 (S.D.N.Y. 2013) (granting an adverse inference when defendants refused to produce documents pursuant to the District Court's order). Where "an adverse inference ... is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must

show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* (citing *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 108 (2d Cir. 2002)).

███████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████ *See*

*Brown v. Coleman*, 2009 WL 2877602, at *2 (S.D.N.Y. Sept. 8, 2009) ("Where a party violates a court order—either by destroying evidence when directed to preserve it or by failing to produce information because relevant data has been destroyed—Rule 37(b) of the Federal Rules of Civil Procedure provides that the court may impose a range of sanctions, including dismissal or judgment by default, preclusion of evidence, imposition of an adverse inference, or assessment of attorneys' fees and costs. Fed. R. Civ. P. 37(b); *see Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 106–07 (2d Cir.2002)"). *See also Essenter v. Cumberland Farms, Inc.*, 2011 WL 124505, at *7 (N.D.N.Y. Jan. 14, 2011); and Rule 37(e), Fed. R. Civ. P. ("If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it . . . the court: (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to

the party; (b) instruct the jury that it may or must presume the information was unfavorable to

the party; or (C) dismiss the action or enter a default judgment.").

███████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████

**III.    CONCLUSION**

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████

Dated: August 8, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Meredith Schultz (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies Schiller & Flexner LLP
    333 Main Street
    Armonk, NY 10504

    Bradley J. Edwards (Pro Hac Vice)
    FARMER, JAFFE, WEISSING,
    EDWARDS, FISTOS & LEHRMAN, P.L.
    425 North Andrews Avenue, Suite 2
    Fort Lauderdale, Florida 33301
    (954) 524-2820

    Paul G. Cassell (Pro Hac Vice)
    S.J. Quinney College of Law
    University of Utah
    383 University St.
    Salt Lake City, UT 84112
    (801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 8th day of August, 2016, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the

foregoing document is being served this day on the individuals identified below via transmission

of Notices of Electronic Filing generated by CM/ECF.

       Laura A. Menninger, Esq.
       Jeffrey Pagliuca, Esq.
       HADDON, MORGAN & FOREMAN, P.C.
       150 East 10th Avenue
       Denver, Colorado 80203
       Tel: (303) 831-7364
       Fax: (303) 832-2628
       Email: lmenninger@hmflaw.com
             jpagliuca@hmflaw.com

                        /s/ Sigrid S. McCawley
                          Sigrid S. McCawley