**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------X
                                                 :
VIRGINIA L. GIUFFRE,                             :
                                                 :
        Plaintiff,                               :
                                                 :
v.                                               :
                                                 :          15-cv-07433-RWS
GHISLAINE MAXWELL,                               :
                                                 :
        Defendant.                               :
                                                 :
                                                 :
-------------------------------------------------X
```

**Response in Opposition to Plaintiff's Motion to Enforce the Court's Order and**
**Direct Defendant to Answer Deposition Questions Filed Under Seal**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND .............................................................................................. 2

I.  PLAINTIFF'S FAILURE TO IDENTIFY THE SPECIFIC QUESTIONS CLAIMED
    UNANSWERED REQUIRES DENIAL OF THE MOTION .............................................. 8

II.  THE REQUESTED TOPIC AREAS ARE CUMULATIVE, DUPLICATIVE AND NO
     GOOD CAUSE EXISTS FOR PERMITTING ADDITIONAL DEPOSITION TIME...... 10

III.  COUNSEL INSTRUCTED MAXWELL NOT TO ANSWER TO ENFORCE THE
      COURT'S ORDER AND TO PREVENT HARASSMENT BY PLAINTIFF'S COUNSEL
      ............................................................................................................................... 13

     A.  Objected to Question Number 1: ...................................................................... 13

     B.  Objected to Questions Number 2 and 3. ........................................................... 14

     C.  "Objected" to Question Number 4 ..................................................................... 15

     D.  "Objected" to Question Number 5 ..................................................................... 15

     E.  "Objected" to Question Number 6 ..................................................................... 15

     F.  Objected to Question Number 7 ......................................................................... 16

     G.  Objection to Question Number 8 ....................................................................... 17

     H.  Objections to Questions 9, 10, and 11. ............................................................. 17

CERTIFICATE OF SERVICE ............................................................................................ 25

Defendant Ghislaine Maxwell, by and through her counsel, hereby submits the following Response in Opposition ("Response") to Plaintiff's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed Under Seal ("Motion"), as follows:

## **INTRODUCTION**

This lawsuit presents one relatively simple question:  is Plaintiff's claim that she was sexually abused, sexually trafficked and held as a "sex slave" by Jeffrey Epstein between 1999 and 2002 "with the assistance and participation of" Ms. Maxwell substantially true?  Plaintiff already has admitted, under oath, that substantial portions of her story are untrue; she has so far refused to say under oath ███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████ ██████

██████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████ *Id.*

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

1

████████████████████████████████████████████████████

████████████████████████████

## **FACTUAL BACKGROUND**

On April 22, 2016 Plaintiff deposed Ms. Maxwell for a full seven hours.  The transcript

of that deposition is 418 pages long. Ms. Maxwell did not assert any privilege against self-

incrimination and was questioned extensively about, among other things ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████

During her **first** deposition, Ms. Maxwell was freely questioned and testified about the

following:

████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

██

████████████████████████████████████████████████████

██

██████████████████████████████████████████





4

5

█████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

t██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

| **Duplicative Topic of Questioning** | **First Deposition (Exhibit C)** | **Second Deposition (Exhibit D)** |
|---|---|---|
| ████████████████████████ ██████████████████████ ███████████ | █████████ █████████ █████████ | ███████ |
| ████████████████████████ ██████████████████████ ███████████ | █████████ █████████ █████████ ██████████ | ██████████ |
| ████████████████████████ ██████████████████████ ██████████████ | █████████ ██████████ █████████ | ███████▪ |
| ████████████████████████ ██████ | █████████ ███████ | ██████████ █████████ |
| █████████████████████ ███████████████ | ███████ | █████████ █████████ |

_____

[1] Consistent with Ms. Maxwell's testimony, ████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████

| Duplicative Topic of Questioning | First Deposition (Exhibit C) | Second Deposition (Exhibit D) |
|---|---|---|
| ████████████████ ██████████████████ ██████████████████ ████████████ | ████████ ████████ ████████ ██████ ████████ | ██████████ █████████ |
| ██████████████ | ██████████ █████████ | █████████ |
| ████████████████ ██████████████████ | ██████████ ██████ ██████████ █████████ | ██████ |
| ████████████████ ██████████████████ ████████████████ ███ | █████████ | ██████████ |

**THE QUESTIONS**

## I.   PLAINTIFF'S FAILURE TO IDENTIFY THE SPECIFIC QUESTIONS CLAIMED UNANSWERED REQUIRES DENIAL OF THE MOTION

Plaintiff broadly, and inaccurately, claims now that at her second deposition, ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████ This assertion is patently dispelled by a review of the second deposition transcript which is 193 pages long.  Pagliuca Decl., Ex. D.  The deposition began at 9:04 a.m. and concluded at 2:51 p.m.  The total time Ms. Maxwell testified in this deposition was 4 hours and 52 minutes for a total combined deposition

time of 11 hours and 52 minutes.  A total of 787 questions were posed to Ms. Maxwell in the

second deposition.  Ms. Maxwell answered every question posed to her that fell within the scope

of the June 20 Order, many that were outside the scope, and countless questions that had been

asked and answered in her first deposition.

It is difficult to discern precisely what questions Plaintiff is complaining about in her

Motion because of her generalized and non-specific complaints. Plaintiff fails to cite to a single

instruction not to answer that 1) falls within the scope to the Court's Order and 2) that was not

answered when properly rephrased to fall within the scope of the Order.  S.D.N.Y. Local Rules

require that:

> A party seeking or opposing relief under Fed. R. Civ. P. 26 through 37
> inclusive, or making or opposing any other motion or application, **shall
> quote or attach only those portions of the depositions**, interrogatories,
> requests for documents, requests for admissions, or other discovery or
> disclosure materials, **together with the responses and objections
> thereto, that are the subject of the discovery motion or application**, or
> that are cited in papers submitted in connection with any other motion or
> application. See also Civil Local Rule 37.1.

The failure to comply with Rule 37.1 and set forth the particular questions or responses

Plaintiff claims are deficient is "enough to require denial of the motion."  *Sibley v. Choice Hotels

Int'l*, No. CV 14-634 (JS) (AYS), 2015 WL 9413101, at *5 (E.D.N.Y. Dec. 22, 2015) (denying

motion to compel where party failed to identify the specific questions and responses to

interrogatories claimed deficient); *see also Kilkenny v. Greenberg Traurig, LLP*, No. 05 CIV.

6578NRB, 2008 WL 371808, at *1 (S.D.N.Y. Feb. 7, 2008) (denying motion to compel where

specific questions and objection were not provided,  noting rule 37.1 is "This is not an academic

or ritual requirement.  . . . Court cannot be tasked with performing the functions of Kilkenny's

legal counsel [by identifying claimed deficiencies] and thereby seen as advocating for one party

over another."; *Frattalone v. Markowitz,* No. 91 CIV. 5854 (LMM), 1994 WL 494878, at *3

(S.D.N.Y. Sept. 9, 1994) (permitting reopening of deposition only if party could specifically identify areas of inquiry previously foreclosed).  To the extent Plaintiff has not identified specific questions that Ms. Maxwell was instructed not to answer she has waived any issue related to the questioning.

## II.   THE REQUESTED TOPIC AREAS ARE CUMULATIVE, DUPLICATIVE AND NO GOOD CAUSE EXISTS FOR PERMITTING ADDITIONAL DEPOSITION TIME

Plaintiff's proffered "topic areas" that she would like to re-open the deposition to cover – again – makes clear that what she is asking for is additional time – in excess of the almost 12 hours she has already had – to ask questions that have already been answered.  This is impermissible under Rule 30(d)(1) which prohibits depositions in excess of 7 hours seeking the type of duplicative and cumulative testimony Plaintiff seeks.

The only testimony cited in the Motion are instances in which Ms. Maxwell had already fully testified on the topic area. ████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

Second, Plaintiff inaccurately complains that Ms. Maxwell refused to answer questions concerning ████████████████████████████████████████. Motion at 6. Not so.  Ms. Maxwell answered questions for fully **13 pages** of her deposition c███████████ ████████████████████████████████████████. Ms. Maxwell answered **well over 76 questions** relating ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████ This was on top of the questions that Ms. Maxwell had already answered at her **first** deposition that were nearly identical: ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ In fact, at the first deposition, Ms. Maxwell did not refuse to answer a single question regarding ██████████████ Thus, all of the questions at the second deposition were redundant, cumulative and outside of the Court's Order. The only question that Ms. Maxwell refused to answer was: █████████████████████

████████████████████████████ after which she answered another 10 pages of questions that centered around ██████████████████████████████ ██████████████████████████. Ms. Maxwell has already flatly denied she had any knowledge of the allegations posited ██████████████████████

Plaintiff is not permitted to re-depose Ms. Maxwell on issues already covered, or which she had the opportunity to cover, in the first 7-hour deposition, particularly in light of the

additional 4.5 hours permitted in the second deposition and the fact that she answered in the second deposition the only pertinent questions permitted by the Court Order.  *See* Fed. R. Civ. P. 30(d)(1) ("the court must allow additional time ***consistent with Rule 26(b)(1) and (2)*** if needed to fairly examine the deponent") (emphasis added).  Rule 30(d)(1) requires a court to guard against redundant or disproportionate discovery, stating that any additional deposition time must be consistent with Rule 26(b)(1) and (2), prohibiting, among other things, cumulative and duplicative testimony.  The duplicative nature of the "topics" requested by Plaintiff is demonstrated by the previously cited testimony.  ██████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████  The redundancy of the requested testimony (much of which is outside the scope of the Order) prohibits a finding of good cause for reopening – yet again – Ms. Maxwell's testimony.  *See Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) ("a party seeking a court order to extend the duration of the examination must show 'good cause' to justify such an order" including showing information is not duplicative and cumulative).

Of course, Ms. Maxwell and her counsel had no desire to subject Ms. Maxwell to a third deposition, thus permitting many questions that far exceeded the scope of the Order.  When called on to explain how extraneous questions were proper, Plaintiff's counsel refused to proffer why certain questions were within the Court's order leaving Ms. Maxwell's counsel no option, on a few occasions, to instruct Ms. Maxwell to not answer.  Plaintiff's counsel's refusal to simply explain how objectionable questions were within the scope of the permitted deposition makes clear that they were not, and should act as a waiver**.**  *See, e.g.,* Pagliuca Decl., Ex. D at 99-101.

### III.   COUNSEL INSTRUCTED MAXWELL NOT TO ANSWER TO ENFORCE THE COURT'S ORDER AND TO PREVENT HARASSMENT BY PLAINTIFF'S COUNSEL

The only questions to which counsel for Ms. Maxwell instructed her not to answer were those that she had already answered or were outside the Court's Order permitting a re-opening of the deposition. Fed. R. Civ. P. 30(c)(2) (instruction not to answer appropriate "when necessary to … enforce a limitation ordered by the court"). Plaintiff loosely points to eleven questions in her Motion. She omits parts in which the question had already been answered, and she implies an instruction not to answer where none was given. None of the cited questions merits the re-opening of Ms. Maxwell's deposition for a third bite at the apple.

### A.   Objected to Question Number 1:

**B.**     **Objected to Questions Number 2 and 3.**

**C.** **"Objected" to Question Number 4.**

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████

████

**D.** **"Objected" to Question Number 5**

████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████

**E.** **"Objected" to Question Number 6**

"███████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████████

**F.**     **Objected to Question Number 7**

**G.     Objection to Question Number 8**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

**H.     Objections to Questions 9, 10, and 11.**

████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████

████████████████████████████████████████████████████████
██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

17

██████████████████████████████████

████████████████████████████████

██████████████████████████████

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part, that "[p]arties may

obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

any party …."  Although the scope of discovery is deliberately broad, a Court is not "required to

permit plaintiff to engage in a `fishing expedition' in the hope of supporting his claim." *McGee v.*

*Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002) (unpublished opinion); *see also Tottenham v.*

*Trans World Gaming Co*rp., 2002 WL 1967023, at *2 (S.D.N.Y.2002) ("Discovery, however, is

not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out

allegations for which they initially have at least a modicum of objective support") (quotations

omitted); *Hardrick v. Legal Services Corp*., 96 F.R.D. 617, 618 (D.D.C.1983) (courts should,

remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved

in overbroad and far-ranging discovery requests.") (quotation omitted).  "[B]road discovery is

not without limits and the trial court is given wide discretion in balancing the needs and rights of

both plaintiff and defendant." *Gomez v. Martin Marietta Corp*., 50 F.3d 1511, 1520 (10th

Cir.1995) (quotation omitted).

Although relevance in discovery is broader than that required for admissibility at trial,

"the object of inquiry must have some evidentiary value before an order to compel disclosure of

otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc*., No. 93 C

041, 1998 WL 9181, at *2 (N.D.I11.1998) (quoting *Piacenti v. Gen. Motors Corp*., 173 F.R.D.

221, 223 (N.D.I11.1997)).  Courts have also recognized that "[t]he legal tenet that relevancy in

the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.* (quotation omitted).

Under Rule 26(c) of the Federal Rules of Civil Procedure any party may move the court, for good cause shown, for a protective order regarding pretrial discovery "which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). "Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Company v. Rhinehart*, 467 U.S. 20, 35 (1984).

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

## I.     THE PURPORTED "FACTUAL BACKGROUND" CITED BY PLAINTIFF IS NOT RELEVANT TO THE ISSUES IN THE CASE OR THIS MOTION

As Carl Sandburg famously said, "If the facts are against you, argue the law. If the law is against you, argue the facts. If the law and the facts are against you, pound the table and yell like hell." In this case, rather than pound the table, Plaintiff tries to distract from the issues at hand – whether Ms. Maxwell fully answered all questions posed – by pointing to selective misleading quotes from various other witnesses who have been deposed in this case. When viewed in their entirety, those witnesses neither support Plaintiff's single claim for defamation nor her claim for

relief in this Motion.  In direct contradiction to Plaintiff's fabricated story, the witnesses actually testified as follows:







22



## **CONCLUSION**

Because Ms. Maxwell fully answered all questions within the Court's Order (and many

that were not) at her continued deposition, she respectfully requests the Court deny Plaintiff's

Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed Under Seal. Further, because Plaintiff brought this Motion without a valid basis to assert that she refused to answer any question that was (a) within this Court's Order and (b) not already responded to either at her first deposition or during this deposition, Ms. Maxwell requests that the fees and costs associated with defending this Motion be imposed on Plaintiff, her counsel or both.

Respectfully submitted,

/s/ Jeffrey S. Pagliuca

Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax: 303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

I certify that on August 8, 2016, I electronically served *Response in Opposition to Plaintiff's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed Under Seal* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

25