United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR EXTENSION OF TIME TO SERVE PROCESS UPON AND DEPOSE ROSS GOW**

      Plaintiff, Ms. Giuffre, by and through her undersigned counsel, files this Reply in Support of her Motion for Extension of Time to Serve Process upon and Depose Ross Gow. Defendant argues that an extension of time is unwarranted. But Ms. Giuffre has been diligently attempting to depose Mr. Gow and it is only because of his obstructionism (apparently coordinated with Defendant) that his deposition has not been taken. Allowing a short extension of time to permit international process to be served for his deposition will not prejudice the Defendant and will serve the search for truth. Ms. Giuffre's motion should be granted.

      **I.    PRELIMINARY STATEMENT**

      It is undisputed that Mr. Gow is a key witness in this case, given that he was authorized by the Defendant to release the defamatory statements, that are central to this case to the media. Defendant, however, attempts to block his deposition by suggesting that Ms. Giuffre has not been diligent in pursuing his deposition. This accusation is entirely misplaced. Ms. Giuffre has diligently sought Mr. Gow's deposition for months, and has been unsuccessful only because of his

1

efforts to frustrate and evade the taking of his deposition. Instead of simply working with Ms. Giuffre's counsel to secure a mutually agreement date and time for Mr. Gow's deposition, Mr. Gow and Defendant have chosen to force Ms. Giuffre to engage in the time-consuming and expensive process of serving Mr. Gow through the Hague Convention and petitioning an English court for an order requiring Mr. Gow to sit for his deposition.

Despite the joint and concerted efforts of Defendant and Mr. Gow to avoid having him appear for a deposition, Ms. Giuffre has gone to great lengths and expense to serve international process on this witness, as detailed in full in her moving brief. While the conduct of Defendant and Mr. Gow is consistent with the obstructionist tactics Defendant has employed throughout this litigation, the important point at this stage of the case is to secure Mr. Gow's testimony – testimony that will facilitate the search for truth in this matter. *Cf.* Fed. R. Civ. P. 1 (rules of procedure should be construed to secure the "just, speedy, and inexpensive determination of every action").

**II.    ARGUMENT**

   **A.    Plaintiff Has Demonstrated Good Cause for an Extension of Time, and the Southern District of New York Recognizes that Extensions of Time are Proper where Service through the Hague Requires a Foreign Judicial Order**

Courts routinely grant extensions of time of deadlines when awaiting Hague Convention service, and the facts and circumstances in this case call for the same. *Daly v. Llanes*, 1999 WL 259507, (S.D.N.Y. April 30, 1999), is perfectly illustrative:

> This Court also recognizes that "service pursuant to the Hague Convention may be a time-consuming process even in an English-speaking jurisdiction ...." . . . [t]he Court therefore grants plaintiff additional time in which to complete the execution of service . . . [the party to be served] is not prejudiced by this decision because it is fully aware of these proceedings and further delay may be avoided by . . . a decision by [the party to be served] to waive service of process.

*Daly v. Llanes*, 1999 WL 259507, at *2. Similarly, in the case at hand, service through The Hague and initiation of a separate court proceeding in England is a "time consuming process." Additionally, neither Defendant nor Mr. Gow would be prejudiced by an extension of time because Defendant and Mr. Gow are both "fully aware of these proceedings, and further delay may be avoided by" a decision by Defendant's counsel, Philip Barden, "to waive service of process."

Indeed, "[o]nce documents have been properly transmitted to a Hague Convention Central Authority, the period for completion of service of process may be extended, as 'the timing of service is out of a plaintiff s control.'" *In re South African Apartheid Litigation,* 643 F.Supp.2d 423, 433 (S.D.N.Y. 2009). In such circumstances, particularly when an application to a foreign court is necessary, justice requires an extension of time. *See Vantone Group Limited Liability Co . v. Yangpu Ngt Industrial Co., Ltd*., 2016 WL 3926449, at *4 (S.D.N.Y.  2016) ("The Court finds that a brief extension of time to renew the Hague Convention service attempt or to make a properly supported motion for authorization of substituted service is warranted.").[1]

Moreover, "[c]ourts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (granting alternative service upon the defendant's counsel), citing *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562–66 (C.D.Cal.2012) (ordering alternative service and noting that service of defendant under the Hague Convention would take four to six months); *Ackerman v. Global Vehicles U.S.A., Inc*., 2011 WL 3847427, at

---

[1] *C.f. Standard Commercial Tobacco Co., Inc. v. Mediterranean Shipping Co*., S.A., 1995 WL 753901, at *1 (S.D.N.Y.,1995) (Plaintiff attempted to request waiver of service to save cost. Having failed to obtain waiver of service, plaintiff effected service pursuant to the Hague Convention. . . . The Court finds that this course of conduct was not so unreasonable as to render the service untimely under the flexible due diligence standard.").

*3–4 (E.D. Mo. Aug. 26, 2011) (authorizing service on defendant's counsel "so as to not further delay" the lawsuit); *The Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944, at *4–5 (E.D. Pa. Dec. 7, 2010) (plaintiff granted leave to serve a defendant via counsel where Hague Convention service would take up to three months and plaintiff sought a waiver of service from the defendant before seeking leave to serve the defendant by alternative means); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (authorizing service on defendant's counsel "to prevent further delays in litigation").

These holdings involved service of summons for complaints wherein alternative service was granted for service upon the defendant in the action. Here, Mr. Gow is not a defendant - neither his rights nor his property are at stake - he is merely being called upon to give evidence. *C.f. U.S. S.E.C. v. Shehyn,* 2008 WL 6150322, at *4 (S.D.N.Y. 2008) ("Whatever delay there may have been in applying to the Spanish Central Authority was caused, in large part, by defendant Donald Marr and his co-defendants' evasive measures. Accordingly, Plaintiff's application to the Spanish Central Authority under Rule 4(f)(1) was timely and satisfied the due diligence standard.")

Defendant cites various cases, but not a single opinion is relevant here. Not a single one of Defendant's cases mention service under The Hague Convention, or service abroad, or procuring service through an action in a foreign court; therefore, they are all completely inapposite. As the authority above shows, service abroad under the Hague Convention, particularly when an order from a foreign court is required, necessitates extensions of time in order for justice to be served. Therefore, none of these opinions cited in Defendant's response are remotely analogous to this case. Further, Defendant fails to cite a single case that states a party has not met their burden for an extension of time when attempting to effectuate service of process under The Hague, as Ms. Giuffre

4

is doing here.

After counsel for Defendant refused to work with Ms. Giuffre to schedule Mr. Gow's deposition, Plaintiff has diligently attempted to serve Mr. Gow, as recounted in fully in Ms. Giuffre moving brief. Some key dates are outlined below:

- **May 17, 12016** – Deposition calendar asking Defendant to confirm she will accept service of her agent Ross Gow
- **June 12, 2016; June 14, 2016** - reached out to Gow personally for voluntary appearance
- **June 17, 2016** - Commencement of the first Hague Convention Process
- **July 1, 2016** - Commencement of the second Hague Convention Process
- **July 4, 2016** - Retention of U.K. Process Servers
- **July 8, 2016** - U.K. process servers attempt service at Mr. Gow's business resulting in fees in excess of £1,263.00
- **July 13, 2016** - First of multiple communications with Mr. Barden (Defendant and Mr. Gow's attorney) requesting acceptance of service
- **July 13, 2016** - U.K. process servers attempt service at Mr. Gow's residence and business after extensive research to find his residential address

Accordingly, Ms. Giuffre has been diligent in her attempts to effectuate service on Mr. Gow. The refusal of Defendant's lawyer, Mr. Barden, to accept service of process is the only hindrance here. Defendant and Mr. Gow's attorney's refusal to accept service has increased costs for Ms. Giuffre significantly, and has necessitated motion practice before this Court and the filing of a new and separate action in England.

### B. Seeking to Avoid Testimony Harmful to One's Case Does Not Constitute Legal Prejudice.

Defendant cannot cite to any single *specific* prejudice that would inure to her if this deposition was allowed. Instead, she makes multiple generic references to purported prejudices - none of which is legally sufficient for prohibiting this deposition. For example, the Defendant suggests she may need to "secure a witness to rebut the testimony of Mr. Gow." This argument makes no sense. As stated, Mr. Gow is an agent of the Defendant who is fully aligned with her

5

position in this case, including, sharing the same attorney. Defendant is presumably aware of everything that her press agent will say.[2]

If Defendant truly needs to secure a rebuttal witness, she knows, right now, who any such witness would be. This is not a situation involving a "surprise witness," particularly considering the longstanding relationship between Defendant and Mr. Gow.  Indeed, Maxwell's own attorney, Mr. Barden, has it within his power to accept service today, thereby extinguishing any possibility of prejudice. In sum, seeking to avoid testimony harmful to one's case does not constitute legal prejudice.

### III.    CONCLUSION

Based upon the foregoing, Ms. Giuffre respectfully requests that this Court grant her Motion for an Extension of Time to Serve Process upon and Depose Ross Gow.

---

[2] Acknowledging that Defendant and Gow share an attorney, Defendant writes, in a footnote, "Plaintiff's claim that simply because Mr. Gow is represented by an attorney who has also previously represented Ms. Maxwell in a separate capacity somehow reflects a joint defense is unsupported speculation." Defendant knows with certainty whether such a JDA exists, yet she obstinately refuses to tell Ms. Giuffre or the Court.

6

Dated: August 9, 2016.

                        Respectfully Submitted,

                        BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
      Sigrid McCawley (Pro Hac Vice)
      Meredith Schultz (Pro Hac Vice)
      Boies, Schiller & Flexner LLP
      401 E. Las Olas Blvd., Suite 1200
      Ft. Lauderdale, FL 33301
      Tel: (954) 356-0011
      Email: smccawley@bsfllp.com

      David Boies
      Boies, Schiller & Flexner LLP
      333 Main Street
      Armonk, NY 10504

      Paul G. Cassell (Pro Hac Vice)
      Ronald N. Boyce Presidential Professor
       of Criminal Law
      S.J. Quinney College of Law at the University of Utah
      383 S. University St.
      Salt Lake City, UT 84112-0730
      (801) 585-5202[3] (phone)
      (801) 585-2750 (fax)
      Email: cassellp@law.utah.edu

      Bradley Edwards (Pro Hac Vice)
      Farmer, Jaffe, Weissing, Edwards,
       Fistos & Lehrman, P.L.
      425 North Andrews Avenue, Suite 2
      Fort Lauderdale, Florida 33301
      Tel: (954) 524-2820
      Fax: (954) 524-2822
      Email: brad@pathtojustice.com

---

[3] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley, Esq.