**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------X
:
VIRGINIA L. GIUFFRE,                              :
:
      Plaintiff,                              :
:
v.                                                :          **15-cv-07433-RWS**
:
GHISLAINE MAXWELL,                                :
:
      Defendant.                              :
:
:
--------------------------------------------------X


**Defendant's Motion to Compel Responses to**
**<u>Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions</u>**


Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ........................................................................................................... 2

I.    PLAINTIFF'S INTERROGATORY RESPONSES ARE DEFICIENT. ............................ 2

II.   PLAINTIFF'S ANSWERS TO THE REQUESTS FOR ADMISSION ARE DEFICIENT.
      ................................................................................................................. 21

III.  PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION ARE DEFICIENT. 25

CONCLUSION ....................................................................................................... 35

CERTIFICATE OF SERVICE ................................................................................. 37

i

# TABLE OF AUTHORITIES

**Cases**

*Bauman v. 2810026 Canada Ltd.*, No. 15-CV-374A(F), 2016 WL 402645, at *1 (W.D.N.Y. Feb. 3, 2016) .................................................................................................................... 14

*Bruno v. CSX Transp., Inc.*, 262 F.R.D. 131, 133-34 (W.D.N.Y. 2009) ...................................... 15

*Pokigo v. Target Corporation*, 2014 WL 6885905, at **2-3 (W.D.N.Y. Dec. 8, 2014) ............. 15

*Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008) .......................................................................... 33

**Rules**

Fed. R. Civ. P. 26(g)(1) ................................................................................................................ 34

Fed. R. Civ. P. 26(g)(3) ................................................................................................................ 34

Fed. R. Civ. P. 37(a)(5) ................................................................................................................ 34

Defendant Ghislaine Maxwell moves under Federal Rule of Civil Procedure 37(a)(3)(B) to compel Plaintiff  Virginia Giuffre to provide responsive answers to Ms. Maxwell's Second Set of Discovery Requests, attached as Exhibit A to Declaration of Laura A. Menninger ("Menninger Decl.").

*Certificate of conferral.* Undersigned counsel certifies counsel for Ms. Maxwell has conferred with Plaintiff's counsel regarding the subject matter of this Motion. Based on the conferral, Plaintiff's counsel wrote a letter declining to supplement any of the responses to the Second Set of Discovery Requests.

## PRELIMINARY STATEMENT

Plaintiff has brought a lawsuit alleging Ms. Maxwell defamed her. The defamation consisted of Ms. Maxwell's defensive statements denying Plaintiff's repeated, false allegations that Ms. Maxwell had subjected plaintiff to "sex trafficking" while Plaintiff was 15 years old. Plaintiff alleged in her Rule 26(a)(1)(A)(iii) disclosures that she has suffered noneconomic injury of "not less than" $30 million, medical expenses of "not less than" $100,000, and lost earnings of "not less than" $5 million.[1] She also has requested punitive damages of $50 million.

Despite claiming defamation damages exceeding ***$80 million***, Plaintiff routinely has stonewalled our efforts to obtain basic information about the nature of the alleged defamation and the scope of her alleged damages. Plaintiff's frustration of our discovery efforts has impeded our ability to prepare a defense.

Illustrative is Interrogatory No. 6, propounded on Plaintiff in Ms. Maxwell's Second Set of Discovery Requests, which are at issue in this Motion. We are entitled to know each allegedly defamatory statement that is the subject of this lawsuit. Plaintiff and her counsel have alleged

---

[1] Seven months after claiming she had suffered $5 million in "past and future lost wages" and "past and future los[t] … earning capacity and actual earnings," Plaintiff on June 24, 2016, abruptly withdrew all claims for alleged lost wages, earning capacity and "actual earnings."

that Ms. Maxwell has published "numerous" false statements, yet Plaintiff stubbornly refuses to identify each of these allegedly false statements. Interrogatory No. 6 asked simply that for each allegedly false statement, Plaintiff "identify … the exact false statement."  True to form, Plaintiff identified only statements referenced in her Complaint and refused to provide any other "exact false statement[s]" allegedly published by Ms. Maxwell.

## ARGUMENT

This Motion concerns improper objections and evasive and other improper responses to six interrogatories, eleven requests for admissions, and six requests for production of documents. *See* Menninger Decl., Ex. B (Plaintiff's Responses and Objections to Ms. Maxwell's Second Set of Discovery Requests).  The Court should compel Plaintiff to:

- submit responsive answers to the interrogatories, and identify what information, if any is being withheld on the basis of which objection;
- answer the requests for admissions in compliance with Rule 36(a)(4);
- for each objection to a request to produce, identify what documents are being withheld on the basis of which objection; and
- produce all documents that are the subject of requests for production at issue in this Motion.

We respectfully submit that Plaintiff's responses were not made in good faith and the objections were not interposed in good faith and, accordingly, the Court should award Ms. Maxwell reasonable attorney fees and costs incurred in bringing this Motion.

### I.  Plaintiff's interrogatory responses are deficient.

**Interrogatory No. 5.** Identify each Communication that You or Your Attorneys have had with any author, reporter, correspondent, columnist, writer, commentator, investigative journalist, photojournalist, newspaper person, freelance reporter, stringer, or any other employee of any media organization or independent consultant to the same, including:

a. the date of any such Communication;

b. the form of any such Communication, whether oral or written and if written, the format of any such Communication;

c. the identities of all persons involved in such Communication, including the identity of the media organization with whom the agent is or was affiliated;

d. the article title, date of publication, and means of publication of any article, report, or re-printing of any such Communication made by You or Your Attorneys;

e. the amount of Income that You and/or Your Attorneys received in exchange for any such Communication;

f. the dates on which You and/or Your Attorneys received any such Income for any such Communication.

**Response**:





**Objection 1.**[2]

*The interrogatory does not exceed the limit.* Plaintiff alleged Interrogatory No. 5 exceeds the 25-interrogatory limit. Plaintiff is wrong. She failed to take into account that the Second Set of Discovery Requests merely repeated five (5) interrogatories that were propounded in the First Set of Discovery Requests. Defendant objected in her Responses to the First Set on the ground the interrogatories were propounded prematurely. Plaintiff double-counted those interrogatories.

Second, Plaintiff's argument is wrong because she counted every subpart as a separate interrogatory, regardless of whether all the subparts are related by subject matter. That is an improper way to count interrogatories. Rule 33(a)(1) itself provides that for a subpart to count as a separate interrogatory, it must be "discrete." Among the courts that have dealt with this issue, "there has developed a common denominator on how to weigh an interrogatory's subparts as independent and discrete." *Bartnick v. CSX Transp.*, No. 1:11-CV-1120 GLS/TRF, 2012 WL 1565057, at *2 (N.D.N.Y. Apr. 27, 2012). An interrogatory's subparts are to be counted as separate and discrete subparts only "if they are not logically or factually subsumed within and necessarily related to the primary question," *id.* (citing cases).

Further, Local Rule 26.3(c) provides a uniform meaning of "identify" with respect to persons and documents and requiring the "type," date, addressee and recipient of documents or, alternatively, production of same and as to persons, the name, addresses and last known place of

---

[2]Many of Plaintiff's objections were repeated for numerous interrogatory responses. To avoid repetition in this Motion, we number each discrete objection serially.

employment.  Here, each of the interrogatories—even those like No. 5 with subparts—propounded by Ms. Maxwell constitute a single interrogatory under Rule 33(a)(1).

**Objection 2.**

***Plaintiff's unreasonable reading of the interrogatory.*** Plaintiff objected that the interrogatory is not limited in "time, manner or subject matter."  The objection is not well taken. Local Rule 26.4(b) provides in part that "[d]iscovery requests shall be read *reasonably*" (emphasis supplied). So read, this interrogatory is limited to communications Plaintiff and her attorneys have had with media representatives concerning the subject matter of this lawsuit. Notably, setting aside Plaintiff's unreasonable interpretation of the interrogatory, Plaintiff provided no responsive answer whatsoever.

Plaintiff also argued that with respect to her attorneys the interrogatory required the attorneys to disclose their communications with media representatives "for every year of their practice, regardless of what case was involved, and regardless of what year the communication was made." That is an unreasonable—absurd—interpretation of the interrogatory.

**Objection 3.**

***There is no undue burden.*** Plaintiff objected that the interrogatory imposes upon her an "undue burden" because she would have to "catalogue literally hundreds of communications that she has already produced in this case." So long as Plaintiff admitted—as she does—that her and her attorneys' communications with media representatives regarding the subject matter of this lawsuit are relevant, she cannot complain of an "undue burden" because she and her attorneys have communicated "hundreds" of times with media representatives. Such an unreasonable view of the law would permit a party to resist providing relevant information by claiming she has too much relevant information.

**Objection 4.**

***The requested information is relevant.*** Piggybacking on Objection 2, Plaintiff objected that "Communications with the media regarding cases that *bear no relation to the subject matter of this case*, from decades in the past, are … not calculated to lead to the discovery of admissible evidence" (emphasis supplied). As already discussed, the interrogatory requested information about Plaintiff's and her attorneys' communications with media representatives concerning the subject matter of this action.  Plaintiff and her attorney's communications with the media are directly relevant to numerous defenses available to Ms. Maxwell, including without limitation, her self-defense privilege, whether Plaintiff is a limited public figure, Ms. Maxwell's right to fair comment, that Ms. Maxwell's comments did not affect Plaintiff's reputation, Plaintiff's contributory negligence, Plaintiff's failure to mitigate, and Plaintiff's damages are the proximate result of her own conduct or the conduct of others.

**Objection 5.**

***No privilege applies.*** Plaintiff has interposed the attorney-client privilege and the work product doctrine.[3]  It is inconceivable that Plaintiff or her attorneys have a good faith basis to interpose the attorney-client privilege or work product doctrine over their communications with media representatives. In any event, they have failed to explain any factual basis for interposing the privilege or doctrine.

---

[3]Plaintiff also attempted to interpose "any" objection listed in her "general objections." In her "general objections" Plaintiff asserted—generally and redundantly—"any applicable privilege, including but not limited to, attorney client privilege, work product privilege, joint defense privilege, public interest privilege, and any other applicable privilege [sic]." Such a broad, general and generic assertion of privilege is ineffective to preserve any privilege, even if one existed. *P. & B. Marina, Ltd. P'ship v. Logrande*, 136 F.R.D. 50, 54 (E.D.N.Y. 1991) ("A general allegation or blanket assertion that the privilege should apply is insufficient to warrant protection."), *aff'd sub nom. P&B Marina Ltd. v. LoGrande*, 983 F.2d 1047 (2d Cir. 1992).

**Plaintiff's deficient answer.** "Notwithstanding" her objections, Plaintiff "answered" by

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████. The vast majority of these documents do not contain any communications

between Plaintiff and her lawyers, on the one hand, and media representatives, on the other. The

answer is improper. *See, e.g.*, *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL

2327, 2013 WL 8744561, at *3 (S.D.W. Va. July 26, 2013) (finding interrogatory responses

insufficient where they instructed plaintiffs to search mass of documents for requested

information); *Nickerman v. Remco Hydraulics, Inc.*, No. C 06-2555SI, 2007 WL 3407437, at *3

(N.D. Cal. Nov. 13, 2007) ("Despite repeated admonitions against doing so, plaintiffs continue to

provide general and vague responses and to direct defendants to masses of documents…. Neither

defendants nor the Court should be expected to comb through literally thousands of pages of

documents searching for documents that might support plaintiffs' IIED claims.").

---

**Interrogatory No. 6.** Identify any "false statements" attributed to Ghislaine
Maxwell which were "published globally, including within the Southern District
of New York" as You contend in paragraph 9 of Count 1 of Your Complaint,
including:

    a. the exact false statement;

    b. the date of its publication;

    c. the publishing entity and title of any publication containing the purportedly
false statement;

    d. the URL or internet address for any internet version of such publication;
and

    e. the nature of the publication, whether in print, internet, broadcast or some
other form of media.

**Response:**

    ████████████████████████████████████████████

████████████████████████████████████████████████████████



**Objection 6.**

*Plaintiff cannot answer by stating that Ms. Maxwell already has the information.*

Plaintiff "object[ed]" to the interrogatory because the answer to the interrogatory, she alleged, "is

in the possession of [Ms. Maxwell]" and her agent, or "is in the public domain." Such an

objection is improper:

> [T]o the extent defendant objects that certain requests … seek information equally
> available to plaintiff, "courts have unambiguously stated that this exact objection
> is insufficient to resist a discovery request." *St. Paul Reinsurance Co., Ltd., CNA
> v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000); *see also City
> Consumer Servs., Inc. v. Horne,* 100 F.R.D. 740, 747 (D. Utah 1983) ("It is 'not
> usually a ground for objection that the information is equally available to the
> interrogator or is a matter of public record.'" (citation omitted)); *United States v.
> 58.16 Acres of Land,* 66 F.R.D. 570, 573 (E.D. Ill.1975) ("Generally, an
> interrogatory is proper although the information sought is equally available to
> both parties."). Thus, plaintiff's motion to compel a response to Interrogatory no.
> 13 should be granted.

*National Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009).

**Subpart objection.** Plaintiff argued Ms. Maxwell's interrogatories exceed the limit. This already is addressed above in the discussion of Objection 1.

**Objection 7.**

***No privilege applies.*** Plaintiff objected that the information requested in the interrogatory is "protected by the attorney-client/work product privilege, and any other applicable privilege." The assertion of privilege is frivolous. The interrogatory requested the false statements that Plaintiff attributes to Ms. Maxwell and that were published anywhere in the world. These statements are the very subject of this lawsuit. No such statement is subject to a privilege belonging to Plaintiff.

**Plaintiff's deficient answer.** "Notwithstanding" her objections, Plaintiff answered ▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As discussed above, it is improper to answer an interrogatory by referring to an undifferentiated mass of documents.

Plaintiff also "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." This answer is non-responsive. The interrogatory required Plaintiff, among other things, to provide each "exact false statement" that she attributes to Ms. Maxwell and that was published anywhere in the world. This entire case centers on Plaintiff's claim that Ms. Maxwell published false statements about Plaintiff and now Plaintiff refuses to identify those statements.  The question is not whether Ms. Maxwell knows what statements have been made in the press; the question is which statements does Plaintiff contend are false.

**Interrogatory No. 7.** State whether You believe that You have ever been defamed by anyone other than Ghislaine Maxwell. If so, as to each alleged act of Defamation, state

    a. the exact false statement;

    b. the date of its publication;

    c. the publishing entity and title of any publication containing the purportedly false statement;

    d. the URL or internet address for any internet version of such publication; and

    e. the nature of the publication, whether in print, internet, broadcast or some other form of media.

**Response:**



**Subpart objection.** This is addressed above in the discussion of Objection 1.

**Privilege assertion.** This is addressed above in the discussion of Objection 7. For the same reasons discussed there, this interrogatory does not request any privileged information. It is inconceivable that a statement about Plaintiff that allegedly is false and published would be protected from discovery by a privilege held by Plaintiff.

**Plaintiff's deficient answer.** "Notwithstanding" her objections, Plaintiff purported to answer the interrogatory. The answer is woefully deficient. She answered that ▮▮▮▮▮▮▮

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████, the date of the publication, the publishing entity,

and the other information required in the interrogatory.

As justification for her failure to answer the interrogatory fully, Plaintiff argued ████████

███████████████████████████████████████████████████" That

argument is meritless. This interrogatory required Plaintiff to disclose *her* knowledge as to each

of the interrogatory's subparts. She improperly failed to disclose this information.

Plaintiff argued that "identification of the numerous publically [sic] made statements

would be unduly burdensome." She also argued ███████████████████████

███████████████████████████████████████████████████

██████████████████████████" Neither was a responsive answer. To the extent they

were offered as objections, they are meritless. *See National Acad. of Recording Arts & Scis.*, 256

F.R.D. at 682 (cited in discussion of Objection 5).

---

**Interrogatory No. 8.** Identify the individuals referenced in Your pleadings filed in the U.S. District Court for the Southern District of Florida, *Jane Doe 1 and Jane Doe 2 v. United States of America*, 08-cv-80736-KAM, as the "high-profile non-party individuals" to whom Mr. Jeffrey Epstein sexually trafficked You, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," including as to each episode of alleged sexual trafficking:

a. the date of any such sexual trafficking;

b. the location of any such sexual trafficking;

c. any witnesses to any such sexual trafficking;

d. any Income You received in exchange for such sexual trafficking; and

e. any Documents You have to support or corroborate Your claim of such sexual trafficking.

**Response:**

11



**Subpart objection.** This is addressed above in the discussion of Objection 1.

**Privilege assertion.** This is addressed above in the discussion of Objection 6. It is inconceivable that any privilege applies to the identities of individuals to whom Plaintiff alleges she was sexually trafficked. This is a frivolous assertion of privilege.

**Plaintiff's deficient answer.** Instead of identifying individuals as required by the interrogatory, Plaintiff instead "refer[red]" ███████████████████████████ ███████████████████████████. This is non-responsive and evasive, in violation of Rule 37(a)(3). *See, e.g.*, *Public Storage v. Sprint Corp.*, No. CV 14-2594-GW PLAX, 2015 WL 1057923, at *17 (C.D. Cal. Mar. 9, 2015) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, or declarations…. [A] responding party may not answer an interrogatory by directing the party propounding the interrogatory to find answers from

previously produced documents or identified witness lists."), *appeal dismissed* (Mar. 30, 2016);

*Smith v. Trawler Capt. Alfred, Inc.*, No. 2:12-CV-2866-DCN, 2014 WL 1912067, at *3 (D.S.C.

May 13, 2014) ("Smith's cursory references to the pleadings, his deposition, and his medical

records are not responsive answers to defendants' interrogatories."); *DirectTV, Inc. v. Puccinelli*,

224 F.R.D. 677, 680 (D. Kan. 2004) ("defendant may not direct plaintiffs to find answers from

previously produced documents or identified witness lists") (internal quotations omitted).

---

**Interrogatory No. 13.** Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, including addiction to alcohol, prescription or illegal drugs, that You suffered from prior to the Alleged Defamation by Ghislaine Maxwell, including:

   a. the Health Care Provider's name, address, and telephone number;

   b. the type of consultation, examination, or treatment provided;

   c. the dates You received consultation, examination, or treatment;

   d. whether such treatment was on an in-patient or out-patient basis;

   e. the medical expenses to date;

   f. whether health insurance or some other person or organization or entity has paid for the medical expenses; and

   g. For each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

**Response:**



13



**Objection 8.**

***Pre-1999 medical records are discoverable.*** Plaintiff had requested damages allegedly suffered from being the "victim of sex trafficking" dating back to 1999. On April 21, 2016, the Court ruled that Plaintiff's damages are limited to harm from the alleged defamation. Regarding Ms. Maxwell's request for records pre-dating 1999, the Court said: "As for the pre-'99 medical records, based on where we are at the moment, I do not believe that those are relevant … [b]ecause the damage issue relates … solely to the defamation." Tr. 20:21-24 (Apr. 21, 2016).

Plaintiff objected to this interrogatory on the ground it requested pre-1999 medical information in "violat[ion]" of the Court's ruling. The objection should be overruled. The issue

---

[4]Plaintiff's voluminous arguments and argumentative citations to case law—inserted into her multi-page "objections"—are omitted in this Motion.
[5]Immediately following this paragraph was a tabular chart listing ███████████████. On July 29, 2016, Plaintiff supplemented the chart.  The supplementation did not cure the deficiencies.

14

before the court in April concerned discovery of Plaintiff's medical records because those

records bore on her claim she had suffered "sex trafficking" damages. Interrogatory No. 13 does

not seek medical information for that purpose.

Plaintiff has alleged she has suffered more than $30 million in noneconomic damages

from the allege defamation; she intends to request an additional $50 million in punitive damages

related at least in part on the alleged conduct that caused the noneconomic damages. The defense

intends to show that Plaintiff for financial and other improper reasons manufactured her

allegations of "sex trafficking" and created from whole cloth her alleged $30 million in

noneconomic damages from "defamation." Some of the most relevant and material evidence

concerns pre-1999 medical records and information, which contradict some of Plaintiff's sworn

testimony about the alleged "sex trafficking." For example, Plaintiff has testified Mr. Epstein and

Ms. Maxwell subjected her to sex trafficking in 1998. Yet, in 1998 Plaintiff was an inpatient

resident at a drug rehabilitation facility. As another example, Plaintiff has alleged that

Ms. Maxwell's denial in 2015 of Plaintiff's allegations of sex trafficking caused her ████████

██████████████████████████████████████████, for which Plaintiff is

seeking noneconomic damages. Yet, Plaintiff's pre-1999 medical records will establish that

Plaintiff was a longtime drug addict—addicted to prescription and other drugs.

Additionally, based on Plaintiff's claims of having suffered $30 million in mental pain

and anguish, among other noneconomic damages, Ms. Maxwell is entitled to pre-1999 medical

records to establish the mental and emotional baseline for Plaintiff and to determine her

preexisting mental and emotional condition, since under no circumstances is Ms. Maxwell liable

for Plaintiff's preexisting mental and emotional condition. *See, e.g.*, *Bauman v. 2810026 Canada

Ltd.*, No. 15-CV-374A(F), 2016 WL 402645, at *1 (W.D.N.Y. Feb. 3, 2016); *Pokigo v. Target*

*Corp.*, 2014 WL 6885905, at **2-3 (W.D.N.Y. Dec. 8, 2014) (plaintiff's preexisting mental and physical conditions relevant to plaintiff's damage claim); *Bruno v. CSX Transp., Inc.*, 262 F.R.D. 131, 133-34 (W.D.N.Y. 2009) (granting discovery of plaintiff's medical records relating to plaintiff's substance abuse and mental health treatment where disclosure was likely to reveal evidence of alternative or intervening causes for the damages claimed by plaintiff).

    **Objection 9.**

    ***The interrogatory is not overbroad.*** The interrogatory required Plaintiff to identify healthcare providers who treated her for specified conditions, e.g., mental conditions and addiction, "prior to" any alleged defamation of her by Ms. Maxwell. Plaintiff's "overbreadth" objection argued that the interrogatory was not "limited in scope to the medical information relating to the abuse she suffered from Defendant and Jeffrey Epstein." The premise is wrong. Plaintiff, who is suing for more than $80 million in damages and who claims to have suffered more than $30 million in noneconomic damages, including "pain and suffering," cannot be heard to complain about an interrogatory requesting the identities of healthcare providers who treated her before the alleged defamation-related injuries. Plaintiff's pre-defamation physical and mental condition is the baseline for her claim for damages and is therefore highly relevant. *See, e.g.*, This Mot., at 15-16 (citing cases).

    **The interrogatory is not unduly burdensome.** We incorporate here the discussion above on Objection 3, and supplement as follows. Plaintiff implicitly concedes that her physical and mental condition before the alleged defamation is relevant to this lawsuit. Her complaint about burdensomeness suggests only that her "pre-defamation" physical and mental condition was so complex or required so much medical attention that it would be unduly burdensome for her to "track down" all her medical providers. The simple answer is twofold. One, relevant and

16

discoverable information does not become immune from discovery or "unduly burdensome" because there is a lot of it. Two, when a plaintiff alleges, as here, that she has suffered more than $30 million in physical and mental injury from an allegedly defamatory denial of her claim of sex trafficking, the defense is entitled to know her physical and mental condition before and after the alleged defamation.

Relatedly, Plaintiff argued that if she has made a "reasonable inquiry," she cannot be required to "expend all of her time and resources on a quest to gather medical files." To begin with, the interrogatory does not require Plaintiff to "gather medical files." Additionally, the interrogatory does not require Plaintiff to expend "all of her time and resources" to gather documents, and Plaintiff has not done so. Finally, although Plaintiff has provided the identity of some healthcare providers, it is far from clear she has made a "reasonable inquiry" required by the interrogatory.

**No privilege applies.** The assertion of the doctor-patient privilege is frivolous. The identities of Plaintiff's healthcare providers are not subject to privilege. Regardless, Plaintiff has placed her physical and mental condition and the identities of those who treated her condition in issue by alleging $50 million worth of physical and mental injuries.

**Subpart objection.** This is addressed above in the discussion of Objection 1.

**Plaintiff's deficient answer.** "Without waiving [her] objections," Plaintiff answered ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮. The answer is non-responsive. Interrogatory 13 is not a request for production of documents. Additionally, as discussed above at page 7 of this Motion, it is improper for a party to answer an interrogatory by reference to ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮.

17

By way of example only, Plaintiff's mother, father, boyfriend, and ex-fiance all have testified that in 1998 and 1999, ████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████████████████████.

Further, Plaintiff has claimed as losses "medical expenses of 'not less than' $100,000," yet her interrogatory response states █████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████ This is non-responsive. It is insufficient to claim ████████████████████ ████████████████████ when she is seeking 'not less than' $100,000 in damages from that category.

---

**Interrogatory No. 14.** Identify any Person who You believe subjected You to, or with whom You engaged in, any illegal or inappropriate sexual contact, conduct or assault prior to June 1999, including the names of the individuals involved, the dates of any such illegal or inappropriate sexual contact, conduct or assault, whether Income was received by You or anyone else concerning such event, whether a police report was ever filed concerning such event and the outcome of any such case, as well as the address and location of any such event.

**Response:**

███████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████

██████████████████████████████████
███████████████████████████

██████████████████████████████████████
███████████████████████████████████



**Objection 10.**

***Plaintiff has no valid "privacy" objection.*** This interrogatory requested the identity of individuals who Plaintiff believes "subjected [her] to, or with whom [she] engaged in, any illegal or inappropriate sexual contact, conduct or assault prior to June 1999," and basic information relating to such improper actions, *e.g.,* date, whether a police report was filed.  None of this illegal or inappropriate sexual contact, conduct or assault is within the right to privacy. To the extent any right of privacy is applicable, the Court's Protective Order affords Plaintiff all the privacy to which she is entited.

**Objection 11.**

***There is no "harassment."***  Federal Rule of Evidence 412, commonly referred to as the rape-shield law, does not apply in a defamation action such as this where the evidence would be offered to show that the alleged defamatory statements are true or did not damage plaintiff's reputation. *See* Advisory Committee Notes, 1994 Amendments, Federal Rule of Evidence 412 ("in a defamation action involving statements concerning sexual misconduct in which the evidence is offered to show that the alleged defamatory statements were true or did not damage the plaintiff's reputation, neither Rule 404 nor this rule will operate to bar the evidence"). Certainly, if evidence of prior alleged sexual assaults (whether unfounded or not) are admissible in this action, *ipso facto* they are discoverable under the standards of Rule 26 previously articulated.

Plaintiff has alleged Ms. Maxwell's denial of Plaintiff's allegations of sex trafficking caused her to suffer in excess of $30 million in compensatory damages. There is an abundance of evidence suggesting that well before she met Ms. Maxwell, Plaintiff had engaged in illegal sex activities or falsely claimed she was the victim of illegal sex activities. Information relating to

this subject is hardly harassing. To the contrary, it constitutes evidence relevant to the defense of this action.

**Objection 12.**

*No law bars a responsive answer to this interrogatory.* Plaintiff argued that Florida laws bar the interrogatory and relieve her of the obligation to provide a responsive answer. This is a frivolous argument. The Florida laws prohibit Florida agencies from disclosing certain information about sexual assault victims. Plaintiff is not a state agency. None of the laws is relevant to this action, where a defamation plaintiff claiming to be the victim of sexual trafficking sues a defendant for reputational injury and is required in discovery to provide information about illegal sex activities.

**Subpart objection.** This is addressed above in the discussion of Objection 1.

**No privilege applies.** The discussion above relating to Objection 6 applies here. None of Plaintiff's illegal sex activities, whether she was a willing participant or a victim, is cloaked with any privilege.

**Plaintiff's deficient answer.** Plaintiff suggested ███████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████.

**II.   Plaintiff's answers to the requests for admission are deficient.**

Plaintiff's responses to the following requests for admissions are deficient:

**RFA No. 1.** Admit that you were not 15 years old when you first met Ghislaine Maxwell.

**Response**:

████████████████████████████████████████████████████
█████████████████████████████████████████



**RFA No. 2.** Admit that you were not 15 years old when you first met Jeffrey Epstein.

**Response**:

**RFA No. 3.** Admit that you were not 15 years old at the time you claim you were sexually trafficked by Jeffrey Epstein.

**Response**:

**RFA No. 4.** Admit that Ghislaine Maxwell did not celebrate your 16th birthday with You.

**Response**:



**RFA No. 5.** Admit that Ghislaine Maxwell did not make a joke on your 16th birthday after You blew out an array of candles and said You "would be soon getting too old for Jeffrey's taste, and soon they'd have to trade me in."

**Response**:

**RFA No. 6.** Admit that you did not work at Mar-a-Lago when you were 15 years old

**Response**:

**RFA No. 7.** Admit that you did not work for Jeffrey Epstein for four years.

**Response**:



**RFA No. 8.** Admit that You did not spend four years as an underage sex slave for Jeffrey Epstein.

**Response**:

**RFA No. 13.** Admit that You never observed Al Gore on the island of Little St. James.

**Response**:

In Request for Admissions Nos. 1-8 and 13, Plaintiff answered ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. None of these responses is proper. Rule 36(a)(4)

provides in relevant part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and *when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest*.

(emphasis supplied).  Plaintiff denied only "a part of a matter" and therefore was required to

"specify the part admitted."  In Request for Admissions Nos. 1-8 and 13, Plaintiff failed to

specify any part that was admitted. Her answers violate Rule 36.

**Request for Admission No. 12.** Admit that You never had a conversation with
Bill Clinton regarding him flying with Ghislaine Maxwell in a helicopter.

**Response**:

Plaintiff objected to this request for admission and provided no answer. That is improper.

The request required Plaintiff to admit whether she had a conversation with President Clinton

regarding him flying in a helicopter with Ms. Maxwell. Either she is able to admit this request in

full or in part, or she is able to deny the request in full or in part, as Rule 36 requires. She may

not object and refuse to admit or deny.

### III.   Plaintiff's responses to requests for production are deficient.

**RFP No. 1.** All Communications and Documents identified in Interrogatories 5-
14, above.

**Response:**





**No privilege applies.** As discussed above in connection with Plaintiff's assertion of privilege in her interrogatory responses, *see, e.g.*, This Motion, at 9, no privilege applies to the information requested in Interrogatory Nos. 5-14. Nor does any privilege apply to the communications and documents identified in those interrogatories.

**The RFP is not overbroad.** Plaintiff's overbreadth objection appears to be the same as its overbreadth objection interposed in response to the interrogatories. For the reasons discussed in response to Plaintiff's Objection 9, *see* This Motion, at 16, the objection is meritless.

**The RFP is not unduly burdensome.** Plaintiff's burdensomeness objection is premised on an unreasonable reading of the interrogatories. That objection is meritless. *See* This Motion, at 5.

**The RFP does not implicate Plaintiff's right to privacy.** As discussed above, *see* This Motion, at 20, Plaintiff has no right to privacy to the information requested in the interrogatories or to the related communications and documents.

**RFP No. 4.** All Documents relating to any Communications between or among You or Your attorneys or any agent for You or Your attorneys, and any of the following individuals or with their attorneys, agents or representatives:

    a. Any witness disclosed in Plaintiff's Rule 26(a) disclosures;

    b. Any witness disclosed in Defendant's Rule 26(a) disclosures;

    c. Any witness identified by You in response to Interrogatory No. 8 and No. 14.

**Response**:

The objections are meritless. As to burdensomeness, the relevance of the requested

communications is obvious, as the witnesses all have information relevant to the factual issues in

this case. Plaintiff argued that the request encompasses "over 100" witnesses; notably, however, Plaintiff did not claim she and her attorneys have communicated with even 20, let alone 100, witnesses, nor has she disclosed the volume of documents actually implicated by this request; so Plaintiff has failed even to make a prima facie case of burdensomeness. As to "privacy," no such right to privacy is implicated in this request; even if it were, the Court's Protective Order more than adequately protects that right. As to assertions of privilege or immunity over any responsive document, to the extent any privilege or immunity applies, Plaintiff must comply with her duties under Local Rule 26.2 and Federal Rule 26(b)(5).

The "objection" that Plaintiff has no duty to produce because the defense "already has" the requested documents is meritless. *See* This Motion, at 8 (citing cases).

That Plaintiff's attorneys represent or have represented other clients and have had non-privileged, non-immunized communications with the witnesses described in the request is not a relevant fact for purposes of discovery in this case. So long as the Plaintiff and her attorneys have responsive documents, those documents must be produced.

**Plaintiff's deficient response.** Notwithstanding her objections, Plaintiff responded that ████████████████████████████████████████████████████████. That is a deficient response. In violation of Rule 34(b)(2)C), Plaintiff has failed to state whether she is withholding documents. Additionally, Plaintiff may not answer a Rule 34 request by ████████████████████████████████. *DirecTV*, 224 F.R.D. at 682 (holding that Rule 34 response referring opponent to previous production was "improper": "Plaintiff was required to identify the particular documents or to organize and label them to correspond to these specific requests. There is nothing in the record indicating that Plaintiff did so. Thus, Plaintiff's partial responses to these requests did not comply with Rule 34(b).").

**RFP No. 9.** All Documents concerning any Communications between You or Your attorneys and any witness in the case captioned Jane Doe #1 and Jane Doe #2 v. United States, Case No. 08-ev-80736-KAM, in the U.S. District Court for the Southern District of Florida ("CVRA" case).

**Response**:





**RFP No. 10.** All Documents concerning any Communications between you or your attorneys and any witness or potential witness in Edwards and Cassell v Dershowitz ("Dershowitz" case).

**Response**:



RFP Nos. 9 and 10 request documents concerning communications between Plaintiff or her attorneys and various witnesses. Because the responses are substantially identical, we combine here the discussion of both RFPs and Plaintiff's respective responses.

As to alleged burdensomeness and overbreadth, we refer the Court to the discussion above of the same objections interposed in response to RFP No. 4. As to relevance, such communications with witnesses certainly bear on Plaintiff's claim and Ms. Maxwell's defense, see Fed. R. Civ. P. 26(b)(1). As to assertions of privilege or immunity over any responsive document, to the extent any privilege or immunity applies, Plaintiff must comply with her duties under Local Rule 26.2 and Federal Rule 26(b)(5).

**RFP No. 11.** Any statement obtained by You or Your attorneys from any witness or potential witness in the CVRA case.

**Response**:





**RFP No. 12.** Any statement obtained by You or Your attorneys from any witness or potential witness in the Dershowitz case.

**Response**:





████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████.

RFP Nos. 11 and 12 request statements Plaintiff has obtained from witnesses in related cases. Because the responses are substantially identical, we combine here the discussion of both RFPs and Plaintiff's respective responses.

As to alleged burdensomeness and overbreadth, we refer the Court to the discussion above of the same objections interposed in response to RFP No. 4. As to relevance, the written statements of the witnesses certainly bear on Plaintiff's claim and Ms. Maxwell's defense, *see* Fed. R. Civ. P. 26(b)(1). As to Plaintiff's blanket assertions of privilege or immunity over witness statements, to the extent any privilege or immunity applies, Plaintiff must comply with her duties under Local Rule 26.2 and Federal Rule 26(b)(5). While some witness statement might qualify for work product protection, it is clear that some do not, e.g., witness statements that do not reveal an attorney's mental impressions. *See, e.g.*, *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-CV-581, 2007 WL 4561530, at *2 (S.D. Ohio Dec. 21, 2007) ("Affidavits are normally not protected by the work product doctrine for the very reason that an affidavit purports to be a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel. Further, Defendants should not be frustrated in their ability to test the perception and credibility of these affiants.") (internal quotations omitted).

**Plaintiff has failed to sign her interrogatory responses.**

Rule 33(b)(5) requires that a party answering interrogatories sign her answers. Plaintiff has failed to do so, despite a request from defense counsel. This violation of Rule 33(b)(5) subjects Plaintiff to sanctions. *See, e.g.*, *Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008)

Ms. Maxwell is entitled to attorney fees incurred in making this Motion.

Under Rule 37(a)(5), if a party is required to file a motion to compel discovery responses and the motion is granted or disclosure or discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." By signing the objections, Plaintiff's counsel certified the responses and objections were: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1). The sanction for improper certifications of objections requires "the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

Sanctions are appropriate here. Plaintiff's counsel have interposed improper, sometimes frivolous, objections, and Plaintiff without any substantial justification has simply refused to answer discovery requests.

## CONCLUSION

For the foregoing reasons, the Court should compel Plaintiff to:

1. Overrule Plaintiff's objections to discovery requests;

2. Provide complete responses Interrogatories 5-8, 13-14, and state what information, if any, information is being withheld on the basis of objection;

3. Provide answers to requests for admissions that comply with Rule 36;

4. Specifically state for each objection made to the requests for production what, if any, documents are being withheld and the specific objection under which it is being withheld;

5. Undertake a reasonable and diligent inquiry for all documents requested in RFP Nos. 1, 4, 9-12 that are in her possession, custody or control, and produce them.

Ms. Maxwell further requests under Fed. R. Civ. P. 26(g) and 37(a)(5) that the Court enter an

Order for attorney costs and fees incurred in preparing and prosecuting this Motion.

Dated: August 10, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*

Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:        303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

36

## CERTIFICATE OF SERVICE

I certify that on August 10, 2016, I electronically served this *Defendant's Motion to Compel Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos &
Lehrman, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons