# EXHIBIT A

**United States District Court**
**Southern District Of New York**

---------------------------------------------------X

Virginia L. Giuffre,

      Plaintiff,

v.                                           15-cv-07433-RWS

Ghislaine Maxwell,

      Defendant.

---------------------------------------------------X

**DEFENDANT'S SECOND SET OF**
**DISCOVERY REQUESTS TO PLAINTIFF**

      Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, defendant Ghislaine Maxwell propounds this Second Set of Discovery Requests to Plaintiff Virginia Giuffre. Plaintiff shall respond in writing to the Interrogatories and Requests for Admission and shall produce documents as requested, within thirty (30) days of service at the offices of Haddon, Morgan & Foreman, P.C., 150 E. 10th Avenue, Denver, Colorado.

**DEFINITIONS AND INSTRUCTIONS**

      1.      "Any" means any and all.

      2.      "You," "Your," or "Plaintiff" means Plaintiff Virginia Roberts Giuffre, whether known at the relevant time as Virginia Roberts, Virginia Roberts Giuffre, or some other alias, and anyone acting on her behalf, as her agent, associate, employee or assignee.

      3.      "Your Attorneys" includes any attorney who You have engaged to represent You, whether for remuneration or *pro bono,* from 1999 until today, including without limitation, David Boies, Ellen Brockman, Paul Cassell, Amy Ederi, Bradley Edwards, Katherine Ezell, Brittany Henderson, Sigrid McCawley, Meredith Shultz, Stan Pottinger, Bob Josefsberg, and Stephen Zack.

4.      "Document" is intended to be defined as broadly as permitted by Rule 34 and includes every writing or record of every type and description that is or has been in Your possession, custody or control, or of which You have knowledge, including but not limited to, e-mails, text messages, instant messages, videotapes, photographs, notes, letters, memoranda, forms, books, magazines, resumes, notebooks, ledgers, journals, diaries, calendars, appointment books, papers, agreements, contracts, invoices, analyses, transcripts, plaques, correspondence, telegrams, drafts, data processing or computer diskettes and CD disks, tapes of any nature and computer interpretations thereof, instructions, announcements, and sound recordings of any nature. "Document" also means all copies which are not identical to the original document as originally written, typed or otherwise prepared. The term "Document" shall also include all documents of any nature that have been archived or placed in permanent or temporary storage including electronic storage.

5.      "Communication" means any transmission or exchange of information between two or more persons, orally or in writing or otherwise, and includes, but is not limited to, any correspondence, conversation or discussion, whether face-to-face, or by means of telephone, e-mail, text message, electronic message via apps such as Facebook, What's App, Snapchat, LinkedIN or similar, or other media or Documents.

6.      "Alleged Defamation" means a false statement of fact or mixed statement of fact and opinion about You which was published to a third person and caused You damage or harm. With respect to "Alleged Defamation" which You contend was committed by Ghislaine Maxwell or at her direction or request, it refers to the statements either contained in, referenced by, or alluded to in Your Complaint, or any that could be included in any amended complaint in this action.

7.      "Employment" includes without limitation, the provision of work and/or services, whether paid or unpaid, whether as an employee, intern, or independent contractor, whether hourly or for a salary, and whether full or part time.

8.      "Health Care Provider" means a hospital, treatment center, doctor, nurse, psychiatrist, psychologist, counselor, therapist, social worker, or other medical or mental health care practitioner, and includes any Person or entity referred to as a "Health Care Professional" or "Health Care Institution" in Colorado Revised Statute § 13-64-202(3) and (4).

9.      "Identify" means to specify as to a "Person," the name, address, telephone number and any other identifying information possessed by You or Your Attorneys.

2

10.     "Income" includes, without limitation, any revenue, payments, compensation, remuneration, financial benefit or support or any other financial consideration, or provision of any other thing of value.

11.     "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

12.     "Relate," "relating," "relates" means concerning, referring to, responding to, relating to, pertaining to, connected with, evidencing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

13.     Please restate each discovery request immediately before providing Your answer or objection thereto.

14.     Regardless of the tense employed, all verbs should be read as applying to the past, present and future, as is necessary to make any paragraph more, rather than less, inclusive.

15.     If, in answering these interrogatories, You encounter any ambiguity in construing them, explain what is ambiguous and how You construed the interrogatory in Your response.  If, after exercising due diligence to obtain the information requested, You are unable to answer an interrogatory fully, please so state and answer to the extent possible, specifying the reason or reasons why You cannot answer fully and providing whatever information You do have about the unanswered portion.

16.     If you deny only a portion of a request to admit, specify in full and complete detail: (a) the portion of the request that is denied; (b) the reasons for your denial; and (c) those positions that are admitted as true.

17.     With respect to any Documents withheld on the basis of a privilege, provide a log consistent with Local Rule 26.2.

18.     Nothing in these interrogatories or requests for production should be construed as an admission by Ghislaine Maxwell.

## **INTERROGATORIES**

5.     Identify each Communication that You or Your Attorneys have had with any author, reporter, correspondent, columnist, writer, commentator, investigative journalist,

photojournalist, newspaper person, freelance reporter, stringer, or any other employee of any media organization or independent consultant to the same, including:

      a.  the date of any such Communication;

      b.  the form of any such Communication, whether oral or written and if written, the format of any such Communication;

      c.  the identities of all persons involved in such Communication, including the identity of the media organization with whom the agent is or was affiliated;

      d.  the article title, date of publication, and means of publication of any article, report, or re-printing of any such Communication made by You or Your Attorneys;

      e.  the amount of Income that You and/or Your Attorneys received in exchange for any such Communication;

      f.  the dates on which You and/or Your Attorneys received any such Income for any such Communication.

6.     Identify any "false statements" attributed to Ghislaine Maxwell which were "published globally, including within the Southern District of New York" as You contend in paragraph 9 of Count 1 of Your Complaint, including:

      a.  the exact false statement;

      b.  the date of its publication;

      c.  the publishing entity and title of any publication containing the purportedly false statement;

      d.  the URL or internet address for any internet version of such publication; and

      e.  the nature of the publication, whether in print, internet, broadcast or some other form of media.

7.     State whether You believe that You have ever been defamed by anyone other than Ghislaine Maxwell.  If so, as to each alleged act of Defamation, state

      a.  the exact false statement;

b.  the date of its publication;

c.  the publishing entity and title of any publication containing the purportedly false statement;

d.  the URL or internet address for any internet version of such publication; and

e.  the nature of the publication, whether in print, internet, broadcast or some other form of media.

8.  Identify the individuals referenced in Your pleadings filed in the U.S. District Court for the Southern District of Florida, *Jane Doe 1 and Jane Doe 2 v. United States of America*, 08-cv-80736-KAM, as the "high-profile non-party individuals" to whom Mr. Jeffrey Epstein sexually trafficked You, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," including as to each episode of alleged sexual trafficking:

a.  the date of any such sexual trafficking;

b.  the location of any such sexual trafficking;

c.  any witnesses to any such sexual trafficking;

d.  any Income You received in exchange for such sexual trafficking; and

e.  any Documents You have to support or corroborate Your claim of such sexual trafficking.

11.  Identify any facts upon which You base Your contention that You have suffered as a result of the Alleged Defamation by Ghislaine Maxwell "past and future lost wages and past and future loss of earning capacity and actual earnings – precise amounts yet to be computed, but not less than $5,000,000."

13.  Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, including addiction to alcohol, prescription or illegal drugs, that You suffered from <u>prior to</u> the Alleged Defamation by Ghislaine Maxwell, including:

a.  the Health Care Provider's name, address, and telephone number;

b.  the type of consultation, examination, or treatment provided;

c.   the dates You received consultation, examination, or treatment;

d.   whether such treatment was on an in-patient or out-patient basis;

e.   the medical expenses to date;

f.   whether health insurance or some other person or organization or entity has paid
for the medical expenses; and

g.   For each such Health Care Provider, please execute the medical and mental health
records release attached hereto as Exhibit A.

14.   Identify any Person who You believe subjected You to, or with whom You
engaged in, any illegal or inappropriate sexual contact, conduct or assault prior to June 1999,
including the names of the individuals involved, the dates of any such illegal or inappropriate
sexual contact, conduct or assault, whether Income was received by You or anyone else
concerning such event, whether a police report was ever filed concerning such event and the
outcome of any such case, as well as the address and location of any such event.

## REQUESTS FOR ADMISSION

1.   Admit that you were not 15 years old when you first met Ghislaine Maxwell.

2.   Admit that you were not 15 years old when you first met Jeffrey Epstein.

3.   Admit that you were not 15 years old at the time you claim you were sexually
trafficked by Jeffrey Epstein.

4.   Admit that Ghislaine Maxwell did not celebrate your 16th birthday with You.

5.   Admit that Ghislaine Maxwell did not make a joke on your 16th birthday after
You blew out an array of candles and said You "would be soon getting too old for Jeffrey's
taste, and soon they'd have to trade me in."

6.   Admit that you did not work at Mar-a-Lago when you were 15 years old.

7.   Admit that you did not work for Jeffrey Epstein for four years.

8.   Admit that You did not spend four years as an underage sex slave for Jeffrey
Epstein.

9.      Admit that you were no younger than 17 years old when you worked at Mar-a-Lago.

10.      Admit that You never observed Ghislaine Maxwell ever have any sexual contact with any person under the age of 18.

11.      Admit that You never observed Bill Clinton on the island of Little St. James.

12.      Admit that You never had a conversation with Bill Clinton regarding him flying with Ghislaine Maxwell in a helicopter.

13.      Admit that You never observed Al Gore on the island of Little St. James.

14.      Admit that You never had sexual contact with Alan Dershowitz.

15.      Admit that You never had sexual contact with Andrew, Duke of York.

## **REQUESTS FOR PRODUCTION**

1.      All Communications and Documents identified in Interrogatories 5-14, above.

2.      All Documents reviewed or relied upon in answering Interrogatory Nos. 5-14 above.

3.      All Docuements reviewed or relied upon in answering Requests for Admission Nos. 1-15 above.

4.      All Documents relating to any Communications between or among You or Your attorneys or any agent for You or Your attorneys, and any of the following individuals or with their attorneys, agents or representatives:

      a.   Any witness disclosed in Plaintiff's Rule 26(a) disclosures;

      b.   Any witness disclosed in Defendant's Rule 26(a) disclosures;

      c.   Any witness identified by You in response to Interrogatory No. 8 and No. 14.

5.      All photographs or video containing any image of You and the following individuals.  To the extent You have such photographs and video in their original, native format, please produce them in that format (not a paper copy).

      a.   Any of the individuals identified by You in response to Interrogatory No. 8 and No. 14.

6.     All Documents concerning any Communications between you or your attorneys and any witness or any potential witness in *Guiffre v Maxwell*.

7.     All Documents concerning any Communications between You and Your attorneys and Johanna Sjoberg or her lawyer, Marshall Dore Louis.

8.     All Documents concerning any Communications between You and Your attorneys and Allyson Chambers or her lawyer, Marshall Dore Louis.

9.     All Documents concerning any Communications between You or Your attorneys and any witness in the case captioned Jane Doe #1 and Jane Doe #2 v. United States, Case No. 08-cv-80736-KAM, in the U.S. District Court for the Southern District of Florida ("CVRA" case).

10.    All Documents concerning any Communications between you or your attorneys and any witness or potential witness in *Edwards and Cassell v Dershowitz* ("Dershowitz" case).

11.    Any statement obtained by You or Your attorneys from any witness or potential witness in the CVRA case.

12.    Any statement obtained by You or Your attorneys from any witness or potential witness in the Dershowitz case.

Dated:  May 31, 2016

                                              Respectfully submitted,

                                              *s/ Laura A. Menninger*
                                              Laura A. Menninger (LM-1374)
                                              HADDON, MORGAN AND FOREMAN, P.C.
                                              150 East 10th Avenue
                                              Denver, CO 80203
                                              Phone:   303.831.7364
                                              Fax:      303.832.2628
                                              lmenninger@hmflaw.com

                                              *Attorneys for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2016, I personally served *Defendant Ghislaine Maxwell's Second Set of Discovery Requests to Plaintiff* on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca