**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

    Plaintiff,     Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO ENFORCE THE COURT'S ORDER AND DIRECT DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL[1]

   Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this

Motion to Compel Defendant to Answer Deposition Questions. ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

## FACTUAL BACKGROUND

   As the Court is aware, this defamation case involves Ms. Giuffre's assertions that she and

other females were recruited by Defendant to be sexually abused by Jeffrey Epstein under the

guise of being "massage therapists."  *See* Complaint, DE1, at ¶ 27 (Giuffre "described Maxwell's

role as one of the main women who Epstein used to procure under-aged girls for sexual activities

_____

[1] Defendant has labelled her entire deposition transcript as Confidential at this time.



and a primary co-conspirator and participant in his sexual abuse and sex trafficking scheme").



In response to Ms. Giuffre's assertions about Defendant recruiting of females for sexual purposes, Defendant has made the sweeping claim that Ms. Giuffre's assertions are "entirely false" and "entirely untrue."  Complaint, DE 1, at ¶ 31. ███████████████████
███████



*See* Schultz Decl. at Exhibit 6, ███████████████████ (Emphasis added).







"What do you have on the girls?" [Epstein] would ask the question over and over again. What I had "on the girls" were some remarkably brave first-person accounts. Three on-the-record stories from a family: a mother and her daughters ███████████████ ███████████████ who came from Phoenix. The oldest daughter, an artist whose character was vouchsafed to me by several sources, including the artist Eric Fischl, had told me, weeping as she sat in my living room, of how Epstein had attempted to seduce both her and, separately, her younger sister, then only 16. He'd gotten to them because of his money. He promised the older sister patronage of her art work; he'd promised the younger funding for a trip abroad that would give her the work experience she needed on her resume for a place at an Ivy League university, which she desperately wanted - and would win. The girls' mother told me by phone that she had thought her daughters would

be safe under Epstein's roof, not least because he phoned her to reassure her, *and she also knew he had Ghislaine Maxwell with him at all times.* When the girls' mother learned that *Epstein had, regardless, allegedly molested her 16-year-old daughter*, she'd wanted to fight back.

"I Tried to Warn You about Sleazy Billionaire Jeffrey Epstein in 2003," Vicky Ward, January 6, 2015, *Daily Beast* Article (Emphasis added). ██████████████████

██████████████████████████████████

██████████████████

████████████████████████████████
████

█████████████████████████

████████████████████████████████
████████████████████████████
███

███████████████████████████████████

████████████████████████████████
███████████████████████████████
███████████████████████████████
████████████████████████████████
██████████

████████████████████████████████
████████████████

████████████████████████████████
████████████████████████████████
████████████████████████████████
██████████████████████

████████████████████████████████
█████████

████████████████████

██████████████████











11





. *See* Fed. R. Crim. P.

37(a)(3)(B)(i); *see, e.g., Kelly v. A1 Tech.*, No. 09 CIV. 962 LAK MHD, 2010 WL 1541585, at

*20 (S.D.N.Y. Apr. 12, 2010) ("Under the Federal Rules, when a party refuses to answer a

question during a deposition, the questioning party may subsequently move to compel disclosure

of the testimony that it sought.  The court must determine the propriety of the deponent's

objection to answering the questions, and can order the deponent to provide improperly withheld

answers during a continued deposition" (internal citations omitted)).  Of course, the party

objecting to discovery must carry the burden of proving the validity of its objections, particularly

in light of "the broad and liberal construction afforded the federal discovery rules . . . ." *John

Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014).  For

purposes of a deposition, the information sought "need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Chen-

Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (*citing* Fed.R.Civ.P.

26(b)(1)).

█████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

████ *See also, Condit v. Dunne*, 225 F.R.D. 100, 113 (S.D.N.Y. 2004) (in defamation case, "Plaintiff is hereby ordered to answer questions regarding his sexual relationships in so far as they are relevant to a defense of substantial truth, mitigation of damages, or impeachment of plaintiff."); *Weber v. Multimedia Entm't, Inc.*, No. 97 CIV. 0682 PKL THK, 1997 WL 729039, at *3 (S.D.N.Y. Nov. 24, 1997) ("While discovery is not unlimited and may not unnecessarily intrude into private matters, in the instant case inquiry into private matters is clearly relevant to the subject matter of the suit. Accordingly, plaintiff Misty Weber shall respond to defendants' interrogatories concerning her sexual partners . . . ."). Moreover, generally speaking, instructions from attorneys to their clients not to answer questions at a deposition should be "limited to [issues regarding] privilege." *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001). █████

██████████████████████████████████████

████████████████████████████████████████

████████████████████

█████████████████████████████

██████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

14

## CONCLUSION

Defendant should be ordered to sit for a follow-up deposition and directed to answer questions regarding the topics enumerated above.

Dated: July 29, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Meredith Schultz (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies Schiller & Flexner LLP
    333 Main Street
    Armonk, NY 10504

    Bradley J. Edwards (Pro Hac Vice)
    FARMER, JAFFE, WEISSING,
    EDWARDS, FISTOS & LEHRMAN, P.L.
    425 North Andrews Avenue, Suite 2
    Fort Lauderdale, Florida 33301
    (954) 524-2820

    Paul G. Cassell (Pro Hac Vice)
    S.J. Quinney College of Law
    University of Utah
    383 University St.
    Salt Lake City, UT 84112
    (801) 585-5202[5]

---

[5] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

15

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 29th day of July, 2016, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the

foregoing document is being served this day on the individuals identified below via transmission

of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com


/s/ Sigrid S. McCawley
Sigrid S. McCawley