# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

JANE DOE No. 102,

# 09-80656

Civil Action No. _____

**Plaintiff,**

## CIV-RYSKAMP

vs.

MAGISTRATE JUDGE
VITUNAC

JEFFREY EPSTEIN,

| | |
|---|---|
| FILED by **ATB** D.C. | |
| INTAKE | |
| MAY - 1 2009 | |
| STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. MIAMI | |

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe No. 102, brings this Complaint against Defendant, Jeffrey Epstein, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     At all times material to this cause of action, Plaintiff, Jane Doe No. 102, was a resident of Palm Beach County, Florida.

2.     This Complaint is brought under a fictitious name to protect the identity of Plaintiff, Jane Doe No. 102, because this Complaint makes sensitive allegations of sexual assault and abuse of a then minor.

3.     At all times material to this cause of action, Defendant, Jeffrey Epstein, had a residence located at 358 El Brillo Way, Palm Beach, Palm Beach County, Florida.

4.     Defendant, Jeffrey Epstein, is currently a citizen of the State of Florida, as he is currently incarcerated in the Palm Beach County Stockade.

5.     At all times material to this cause of action, Defendant, Jeffrey Epstein, was an adult male born in 1953.

---

**Podhurst Orseck, P.A.**

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800     Fort Lauderdale 954.463.4346     www.podhurst.com

| EXHIBIT |
|---|
| C |

6.      This Court has jurisdiction over this action and the claims set forth herein pursuant to 18 U.S.C. § 2255.

7.      This Court has venue of this action pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

8.      At all relevant times, Defendant, Jeffrey Epstein, was an adult male, spanning the ages of 45 and 55 years old.  Epstein is known as a billionaire financier and money manager with a secret clientele limited exclusively to billionaires.  He is a man of tremendous wealth, power, and influence.  He owns a fleet of aircraft that includes a Gulfstream IV, a helicopter, and a Boeing 727, as well as a fleet of motor vehicles.  Until his incarceration, he maintained his principal place of residence in the largest home in Manhattan, a 51,000-square-foot eight-story mansion on the Upper East Side.  Upon information and belief, he also owns a $6.8 million mansion in Palm Beach, Florida, a $30 million 7,500-acre ranch in New Mexico he named "Zorro," a 70-acre private island known as Little St. James in St. Thomas, U.S. Virgin Islands, a mansion in London's Westminster neighborhood, and a home in the Avenue Foch area of Paris. The allegations herein concern Defendant's conduct while at his lavish homes and/or numerous other locations both nationally and internationally.

9.      Upon information and belief, Defendant has a sexual preference for underage minor girls.  He engaged in a plan, scheme, or enterprise in which he gained access to countless vulnerable and relatively economically disadvantaged minor girls, and sexually assaulted, molested, and/or exploited these girls, and then gave them money.

10.     Beginning in or around 1998 through in or around September 2007, Defendant used his resources and his influence over vulnerable minor girls to engage in a systematic pattern of sexually exploitative behavior.

2

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

11.    Defendant's plan and scheme reflected a particular pattern and method. Defendant coerced and enticed impressionable, vulnerable, and relatively economically less fortunate minor girls to participate in various acts of sexual misconduct that he committed upon them. Defendant's scheme involved the use of underage girls, as well as other individuals, to recruit other underage girls. Upon information and belief, Defendant and/or an authorized agent would call and alert Defendant's assistants shortly before or after he arrived at his Palm Beach residence. His assistants would call economically disadvantaged and underage girls from West Palm Beach and surrounding areas who would be enticed by the money being offered and who Defendant and/or his assistants perceived as less likely to complain to authorities or have credibility issues if allegations of improper conduct were made. The then minor Plaintiff and other minor girls, some as young as 12 years old, were transported to Defendant's Palm Beach mansion by Defendant's employees, agents, and/or assistants in order to provide Defendant with "massages."

12.    Many of the instances of illegal sexual conduct committed by Defendant were perpetrated with the assistance, support, and facilitation of at least three assistants who helped him orchestrate this child exploitation enterprise. These assistants would often arrange times for underage girls to come to Defendant's residence, transport or cause the transportation of underage girls to Defendant's residence, escort the underage girls to the massage room where Defendant would be waiting or would enter shortly thereafter, urge the underage girls to remove their clothes, deliver cash from Defendant to the underage girls and/or their procurers at the conclusion of each "massage appointment," and, upon information and belief, take nude photographs and/or videos of the underage girls for Defendant with and/or without their knowledge. Defendant would pay the procurer of each girl's "appointment" hundreds of dollars.

3

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   |   www.podhurst.com

13.     Epstein designed this scheme to secure a private place in Defendant's Palm Beach mansion where only persons employed and invited by Epstein would be present, so as to reduce the chance of detection of Defendant's sexual abuse and prostitution as well as to make it more difficult for the minor girls to flee the premises and/or to credibly report his actions to law enforcement or other authorities. The girls were usually transported by his employees, agents, and/or assistants or by a taxicab paid for by Defendant in order to make it difficult for the girls to flee his mansion.

14.     Upon arrival at Defendant's Palm Beach mansion, each underage victim would generally be introduced to one of Defendant's assistants, who would gather the girl's personal contact information. The minor girl would then be led up a flight of stairs to a room that contained a massage table and a large shower. The staircase leading to the room was plastered with nude photographs of young girls, including some photographs depicting two or more young girls engaged in lewd acts. Upon information and belief, Defendant, Jeffrey Epstein, had such photographs in each of his six homes and/or on his computers.

15.     At times, if it was the girl's first "massage" appointment, another female would be in the room to "lead the way" until Defendant would have her leave. Generally, Defendant would start his massage wearing only a small towel, which eventually would be removed. Defendant and/or the other female would direct the girl to massage him, giving the minor girl specific instructions as to where and how he wanted to be touched, and then direct her to remove her clothing. He would then perform one or more lewd, lascivious, and sexual acts, including masturbation, fondling the minor's breasts and/or sexual organs, touching the minor's vulva, vagina, and/or anus with a vibrator and/or back massager and/or his finger(s) and/or his penis, digitally penetrating her vagina, performing intercourse, oral sex, and/or anal sex, and/or coercing or attempting to coerce the girl to engage in lewd acts and/or prostitution and/or

4

Podhurst Orseck, P.A.

enticing the then minor girl to engage in sexual acts with another female in Defendant's presence. The exact degree of molestation and frequency with which the sexual exploitations took place varied and is not yet completely known; however, Defendant committed such acts regularly on a daily basis and, in most instances, several times a day. In order to facilitate the daily exchanges of money for sexual assault and abuse, Defendant kept U.S. currency readily available.

16.     Defendant, Epstein, traveled to his mansion in Palm Beach for the purpose of luring minor girls to his mansion to sexually abuse and/or batter them. He used the telephone to contact these minor girls for the purpose of coercing them into acts of prostitution and to enable himself to commit sexual battery against them and/or acts of lewdness in their presence, and he conspired with others, including assistants and/or his driver(s) and/or pilot(s), and his socialite friend/partner, Ghislaine Maxwell, to further these acts and to avoid police detection. Defendant's systematic pattern of sexually exploitative behavior referred to in paragraph 10 and described in paragraphs 11 through the present paragraph occurred in all of Defendant's domestic and international residences and/or places of lodging and/or modes of transportation.

17.     Consistent with the foregoing plan and scheme, Defendant used his money, wealth, and power to unduly and improperly manipulate and influence the then minor Plaintiff. A vulnerable young girl, Plaintiff was working as a changing room assistant at The Mar-A-Lago Club in Palm Beach making approximately $9 an hour when she was first lured into Defendant's sexually exploitative world. In or about the summer of 1998, when Plaintiff was merely fifteen years old while attending to her duties at Mar-A-Lago, Plaintiff was recruited by Ghislaine Maxwell, who lived, traveled, socialized, and worked with Defendant. Ms. Maxwell asked Plaintiff if she was interested in learning massage therapy and earning a great deal of money while learning the profession. Plaintiff's father, who was a maintenance manager at The Mar-A-

5

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

Lago Club, was not apprehensive because he felt comforted that an older woman had approached Plaintiff with this opportunity. As a result, Plaintiff's father dropped off Plaintiff at Defendant's mansion that same day. Ms. Maxwell met Plaintiff and her father outside of Defendant's Palm Beach mansion, where Ms. Maxwell assured the minor girl's father that Ms. Maxwell would provide transportation home for his teenaged daughter. Ghislaine Maxwell led Plaintiff up a flight of stairs to a spa room with a shower and a massage table. Defendant was lying naked on the massage table. Plaintiff was shocked, but, with no experience with massages, thought this could be massage therapy protocol. Ms. Maxwell then took off her own shirt and left on her underwear and started rubbing her breasts across Defendant's body, impliedly showing Plaintiff what she was expected to do. Ms. Maxwell then told Plaintiff to take off her clothes. The minor girl was apprehensive about doing this, but, in fear, proceeded to follow Ms. Maxwell by removing everything but her underwear. She was then ordered to remove her underwear and to straddle Defendant. The encounter escalated, with Defendant and Ms. Maxwell sexually assaulting, battering, exploiting, and abusing Plaintiff in various ways and in various locations, including the steam room and shower. At the end of this sexually exploitive abuse, Defendant and Ms. Maxwell giddily told Plaintiff to return the following day and told her she had "lots of potential." Defendant paid Plaintiff hundreds of dollars, told her it was for two hours of work, and directed one of his employees to drive her home.

18.     Defendant and/or his procurers thereafter lured the then minor Plaintiff to his Palm Beach mansion every day for the next two weeks in order to engage in a similar pattern of sexual exploitation. Defendant and/or his procurers arranged at the end of each incident the transportation and scheduling for the following day's appointment. Additionally, Defendant telephoned the minor Plaintiff himself and/or had Ms. Maxwell telephone Plaintiff to make arrangements. Plaintiff was often times driven to and from Epstein's mansion by Epstein

6

himself or his driver.  Alternatively, Defendant or Ms. Maxwell would arrange and pay for
Plaintiff's transportation home by taxicab.

19.     During Plaintiff's second incident of being sexually exploited and assaulted by
Defendant at Defendant's Palm Beach mansion, Defendant asked Plaintiff to quit her job at The
Mar-A-Lago Club and travel with him to earn much more money while learning the massage
profession.  Thus, Plaintiff, an impressionable and vulnerable young girl of modest means, quit
her job as a changing room assistant, was lured by Defendant, and continued to be victimized by
Defendant, who immersed the minor Plaintiff into Defendant's lewd and abusive lifestyle.
Under Defendant's dominion and control, Defendant continuously "groomed" the minor
adolescent.  Defendant's daily routine required the minor Plaintiff to perform sexually on
Defendant multiple times per day and to provide Defendant massages multiple times per day.
Plaintiff had absolutely no say as to when, how many times, or what was done during each
sexual encounter.  Often, Plaintiff was joined by Ms. Maxwell, Ms. Maxwell's assistant, and/or a
countless array of young women who would be brought to one of Defendant's homes for the
sexual trysts and then be sexually exploited by Defendant.

20.     The first time that Defendant transported Plaintiff to another state in order to
engage in sexual acts with her occurred when she was merely fifteen years old and after only two
weeks of daily sexually abusive encounters with Defendant.  Defendant used his private jet to
transport the minor Plaintiff to Manhattan, where he provided her with spending money and
accommodations with him at his mansion.  From the time that Plaintiff was 15 years old,
Defendant abused her to serve his every sexual whim, obtaining and purchasing passports and
whatever was needed for her to travel with him and/or for him.  Defendant transported Plaintiff
in his private jet to locations that included Palm Beach, New York City, Santa Fe, Los Angeles,
San Francisco, St. Louis, and numerous other domestic destinations, as well as international

7

destinations, including Europe, the Caribbean, and Africa. He provided accommodations with him in order to have her available to him at all times wherever he went, including while transporting the minor Plaintiff on his private jet. Each time they would travel to one of these destinations, the same pattern of sexual abuse would occur, often with a vast array of aspiring models, actresses, celebrities, and/or other females, including minors, from all over the world. Upon information and belief, Defendant transported minor girls from Turkey, the Czech Republic, Asia, and numerous other countries, many of whom spoke no English. To Plaintiff's knowledge, the only females specifically excluded from Defendant's sexual escapades were African-Americans.

21.    In addition to being continually exploited to satisfy Defendant's every sexual whim, Plaintiff was also required to be sexually exploited by Defendant's adult male peers, including royalty, politicians, academicians, businessmen, and/or other professional and personal acquaintances. Whenever Defendant transported Plaintiff with him in his private jet to any destination, Defendant would pay Plaintiff a flat rate per day while he and/or his above-mentioned associates would sexually exploit and abuse minor Plaintiff.

22.    Most of these acts of abuse occurred during a time when Defendant knew that Plaintiff was approximately 15, 16, and 17 years old, and, after years of daily sexual exploitation, continued into her adulthood. Despite Defendant's stating shortly before Plaintiff's sixteenth birthday that he soon would have to trade her in because she was getting too old, Defendant continued to sexually exploit Plaintiff until she fled at age 19. Defendant's predilection for young girls was well known to those who regularly procured them for him and to his circle of friends. On one of Defendant's birthdays, a friend of Defendant sent him three 12-year-old girls from France who spoke no English for Defendant to sexually exploit and abuse. After doing so, they were sent back to France the next day.

8

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346       |       www.podhurst.com

23.    Any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by his own actions, and are rendered irrelevant by the provision of applicable federal statutes concerning the sexual exploitation and abuse of a minor child.  Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of Plaintiff's age of minority.  Defendant and Ms. Maxwell acknowledged and celebrated Plaintiff's 16th birthday.  Defendant's preference for underage girls was well-known to those who regularly procured them for him.

24.    As previously stated in paragraph 14, Defendant displayed nude photographs of underage girls throughout his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands.  Plaintiff, Jane Doe No. 102, saw photographs of naked young girls in each of Defendant's homes, including a photograph of herself naked at Defendant's home in Palm Beach. When she asked Defendant about it, he stated dismissively that he had naked photographs of her in all of his homes.

25.    Upon information and belief, some of the photographs in Defendant's possession were taken with hidden cameras set up in his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant may have taken lewd photographs of Plaintiff, Jane Doe No. 102, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce.  In addition, while Plaintiff was a minor teenager and upon Ms. Maxwell's insistence after Ms. Maxwell rejected as inappropriate photographs that Plaintiff presented of herself fully clothed, Ms. Maxwell photographed Plaintiff naked in different sexually explicit positions.   Ms. Maxwell then presented these nude photographs of Plaintiff to Defendant as a birthday present for Defendant from Ms. Maxwell.

9

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Upon information and belief, one or more nude photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Sheriff's Office during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005. Upon information and belief, those photographs are still in the custody of law enforcement.

26.     It is virtually impossible to calculate the exact number of times that Defendant sexually exploited and abused Plaintiff. From the age of 15, Plaintiff was sexually exploited and abused by Defendant on a daily basis and, most often, multiple times each day. While some of the precise dates these acts occurred are unknown to Plaintiff, these dates are known to Defendant, as he is reported to have kept a written log of each instance in which he engaged in these lewd acts with then minor Plaintiff and others. Upon information and belief, these logs are also in the custody of law enforcement.

27.     In or around September 2002, Defendant purchased a commercial round-trip airline ticket, and provided a passport, U.S. currency, and accommodations for Plaintiff to fly to Thailand. While thousands of miles away from Defendant on this extended trip alone for the first time in more than four years, Plaintiff met, fell in love, and married a young man. She escaped from Defendant's abuse with the help and insistence of her new husband and, instead of returning to Defendant, boarded a plane to Australia with one suitcase.

28.     Since November 2002, Plaintiff has lived a modest life in Australia, while maintaining lines of communication with her family and without contact with Defendant or any of the people in his entourage. However, suddenly, in 2008, Plaintiff received numerous phone calls from one of Defendant's agents. During these phone calls to Plaintiff, he repeatedly asked whether she knew anything about the civil cases against Defendant, whether she knew any of the females who were proceeding with the civil suits, whether she was planning on filing suit, whether she was communicating and/or cooperating with anyone against Defendant, and whether

10

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

she would return to the United States to testify.  Terrified by Defendant's demonstrated ability to track her down on her changed cell phone number halfway across the world, Plaintiff attempted to reassure Defendant's agent that she would remain quiet.  During the course of one of these phone calls from Defendant's agents, Defendant himself spoke on the phone, continued to question her intentions, and, upon being reassured by Plaintiff, thanked her for not getting involved.

29.     Around January 2009, Plaintiff received a letter from the United States Attorney's Office for the Southern District of Florida, informing her of her potential civil claims against Defendant under 18 U.S.C. § 2255.  Plaintiff contacted undersigned counsel within days and diligently and repeatedly pursued a good faith viable settlement of her claims against Defendant. Unable to reach a settlement, this lawsuit followed.

30.     As a result of these encounters with Defendant, Plaintiff, Jane Doe No. 102, has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's controlling and manipulating her on a daily basis for years into a perverse and unhealthy way of life.

31.     Defendant, Jeffrey Epstein, committed the above-referenced acts upon Plaintiff in violation of federal statutes condemning the coercion and enticement of a minor to engage in prostitution or sexual activity, travel with intent to engage in illicit sexual conduct, sex trafficking of children, sexual exploitation of minor children, transport of visual depictions of a minor engaging in sexually explicit conduct, transport of child pornography, child exploitation enterprises, and other crimes, specifically including, but not limited to, those crimes designated

11

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

in 18 U.S.C. § 2421, § 2422(a), § 2422(b), § 2423(a), § 2423(b), § 2423(e), § 2251, § 2252, § 2252A(a)(1), and § 2252A(g)(1).

32.    In June 2008, after investigations by the Palm Beach Police Department, the Palm Beach State Attorney's Office, the Federal Bureau of Investigation, and the United States Attorney's Office for the Southern District of Florida, Defendant, Jeffrey Epstein, entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purposes of prostitution in the Fifteenth Judicial Circuit in Palm Beach County, Florida.  Defendant, Jeffrey Epstein, is in the same position as if he had been tried and convicted of the sexual offenses committed against Plaintiff and, as such, must admit liability unto Plaintiff, Jane Doe No. 102.  Plaintiff hereby exclusively seeks civil remedies pursuant to 18 U.S.C. § 2255.

### COUNT ONE
### (Cause of Action for Coercion and Enticement of Minor to Engage in Prostitution or Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2422(b))

33.    Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

34.    Defendant, Jeffrey Epstein, used a facility or means of interstate and/or foreign commerce to knowingly persuade, induce, entice, or coerce Jane Doe No. 102, when she was under the age of 18 years, to engage in prostitution and/or sexual activity for which any person can be charged with a criminal offense, or attempted to do so, pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(b).

35.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

12

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

36.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT TWO**
**(Cause of Action for Transportation of Minor with Intent to Engage in Criminal Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2423(a))**

37.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

38.     Defendant, Jeffrey Epstein, knowingly transported then minor Plaintiff, Jane Doe No. 102, in interstate and/or foreign commerce, with the intent that Plaintiff engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, in violation 18 U.S.C. § 2423(a).  As previously stated in paragraphs 20, 21, and 27,

13

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

Defendant transported Plaintiff, Jane Doe No. 102, across state lines and across international borders numerous times from the time that Plaintiff was merely 15 years old through adulthood with the primary intent of sexually exploiting her.

39.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

40.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

**COUNT THREE**
**(Cause of Action for Travel with Intent to Engage in Illicit Sexual Conduct pursuant to 18**
**U.S.C. § 2255 in Violation of 18 U.S.C. § 2423(b))**

41.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

42.     Upon information and belief, Defendant, Jeffrey Epstein, traveled in interstate and/or foreign commerce with the intent to engage in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, including the then minor Plaintiff, in violation of 18 U.S.C. § 2423(b).

43.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

44.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation,

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT FOUR
### (Cause of Action for Coercion and Enticement to Engage in Prostitution or Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2422(a))

45.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

46.     Defendant, Jeffrey Epstein, knowingly persuaded, induced, enticed, and/or coerced Jane Doe No. 102 to travel in interstate and/or foreign commerce to engage in prostitution and/or sexual activity for which any person can be charged with a criminal offense, or attempted to do so, pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(a).

47.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

48.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn

16

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT FIVE
### (Cause of Action for Transportation with Intent to Engage in Criminal Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2421)

49.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

50.     Defendant, Jeffrey Epstein, knowingly transported, or attempted to transport, Plaintiff, Jane Doe No. 102, in interstate and/or foreign commerce, with the intent that Plaintiff engage in prostitution and/or in any sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2421. As previously stated in paragraphs 20, 21, and 27, Defendant transported Plaintiff, Jane Doe No. 102, across state lines and across international borders numerous times from the time that Plaintiff was merely 15 years old through adulthood with the primary intent of sexually exploiting her.

51.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

52.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress,

17

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

### COUNT SIX
### (Cause of Action for Sexual Exploitation of Children pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2251)

53.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

54.     Defendant, Jeffrey Epstein, knowingly persuaded, induced, enticed, or coerced the then minor Plaintiff to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251. As previously stated in paragraphs 14, 24, and 25, Defendant kept and displayed a myriad of nude photographs of underage girls throughout his homes, including his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands. Plaintiff, Jane Doe No. 102, saw photographs of naked young girls in each of Defendant's homes, including a photograph of herself naked at Defendant's home in Palm

18

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

Beach.  Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up in his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe No. 102, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce.  Upon information and belief, one or more nude photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Sheriff's Office during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005.  Upon information and belief, those photographs are still in the custody of law enforcement.

55.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

56.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT SEVEN
### (Cause of Action for Transport of Visual Depiction of Minor Engaging in Sexually Explicit Conduct pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252(a)(1))

57. Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

58. Defendant, Jeffrey Epstein, knowingly mailed, transported, shipped, or sent via computer and/or facsimile in or affecting interstate and/or foreign commerce at least one visual depiction of the minor Plaintiff engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). As previously stated in paragraphs 14, 24, and 25, Defendant displayed a myriad of nude photographs of underage girls throughout his homes, including his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands. Plaintiff, Jane Doe No. 102, saw photographs of naked young girls in each of Defendant's homes, including a photograph of herself naked as a minor at Defendant's home in Palm Beach. As previously stated in paragraph 24, Defendant told Plaintiff that he had photographs of her naked in all of his homes. Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up throughout his home in Palm Beach. On the day of his arrest, police found two hidden cameras and nude photographs of underage girls on a computer in Defendant's home. Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd

20

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346  •  www.podhurst.com

photographs of Plaintiff, Jane Doe No. 102, with his hidden cameras and may have transported

lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere

using a facility or means of interstate and/or foreign commerce.  Upon information and belief,

one or more nude photographs of Plaintiff that were taken when she was a minor were

confiscated by the Palm Beach Sheriff's Office during its execution of a search warrant of

Defendant's Palm Beach mansion on October 20, 2005.  Upon information and belief, those

photographs are still in the custody of law enforcement.

     59.     As previously stated in paragraph 23, any assertions by Defendant that he was

unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by

the provision of applicable federal and state statutes concerning the sexual exploitation and abuse

of a minor child.  Defendant, Jeffrey Epstein, at all times material to this cause of action, knew

and should have known of Plaintiff's age of minority.  Defendant's preference for underage girls

was well-known to those who regularly procured them for him.

     60.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in

18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein,

pursuant to this Section of the United States Code.

     61.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255

being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered,

and will in the future continue to suffer, physical injury, pain and suffering, emotional distress,

psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment,

loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy,

separation from her family, and other damages associated with Defendant's manipulating and

leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical

and psychological expenses, and Plaintiff will in the future suffer additional medical and

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   |   www.podhurst.com

psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn

income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in

nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant,

Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation,

actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as

this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right

by a jury.

## COUNT EIGHT
### (Cause of Action for Transport of Child Pornography pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(a)(1))

62.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by

reference the allegations contained in paragraphs 1 through 32 above.

63.     Defendant, Jeffrey Epstein, knowingly mailed, transported, shipped, or sent via

computer and/or facsimile in or affecting interstate and/or foreign commerce child pornography

in violation of 18 U.S.C. § 2252A(a)(1).

64.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in

18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein,

pursuant to this Section of the United States Code.

65.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255

being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered,

and will in the future continue to suffer, physical injury, pain and suffering, emotional distress,

psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment,

loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy,

separation from her family, and other damages associated with Defendant's manipulating and

22

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT NINE
### (Cause of Action for Engaging in a Child Exploitation Enterprise pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(g))

66.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above and Counts One through Eight above.

67.     Defendant, Jeffrey Epstein, knowingly engaged in a child exploitation enterprise, as defined in 18 U.S.C. § 2252A(g)(2), in violation of 18 U.S.C. § 2252A(g)(1).  As more fully set forth above, Defendant engaged in actions that constitute countless violations of 18 U.S.C. § 1591 (sex trafficking of children), Chapter 110 (sexual exploitation of children in violation of 18 U.S.C. §§ 2251, 2252(a)(1), and 2252(A)(a)(1)), and Chapter 117 (transportation for illegal sexual activity in violation of 18 U.S.C. §§ 2421, 2422, and 2423).  As more fully set forth above in paragraphs 9 through 32, Defendant's actions involved countless victims and countless separate incidents of sexual abuse, which he committed against minors, including Plaintiff, in concert with at least three other persons.

23

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

68.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

69.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.    The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.    Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.    These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Date:   May 1, 2009

Robert C. Josefsberg, Bar No. 040856
Katherine W. Ezell, Bar No. 114771
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
(305) 358-2382 (fax)
rjosefsberg@podhurst.com

24

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

kezell@podhurst.com

*Attorneys for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff demands to have her case tried before a jury.


Robert C. Josefsberg, Bar No. 040856
Katherine W. Ezell, Bar No. 114771
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
(305) 358-2382 (fax)
rjosefsberg@podhurst.com
kezell@podhurst.com

*Attorneys for Plaintiff*

25

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Jane Doe No. 102

**DEFENDANTS**
Jeffrey Epstein

**(b)** County of Residence of First Listed Plaintiff    West Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    West Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert C. Josefsberg, Esq./Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 W. Flagler St., Suite 800
Miami, FL 33130

09-CV - 80656-Ryskamp/

Attorneys (If Known)
Jack A. Goldberger, Esq., Atterbury Goldberger, et al., 250 S.
Australian Ave., #1400, West Palm Beach, FL

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ✗ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE
Vitunac                                                                                                                                    HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

✗ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|                                                    | PTF | DEF |                                                         | PTF | DEF |
|----------------------------------------------------|-----|-----|---------------------------------------------------------|-----|-----|
| Citizen of This State                              | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                           | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country            | ☐ 3 | ☐ 3 | Foreign Nation                                          | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ✗ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

✗ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✗ NO        b) Related Cases ✗ YES ☐ NO

JUDGE  Kenneth A. Marra        DOCKET NUMBER  See Attached

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

18 U.S.C. 2255 (Predicate Statutes 18 U.S.C. 2422(b), 2423(b), 2423(e), 2251, 2252, 2252A(a)(1), 2252A(g)(1)

LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ✗ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
Katherine W. Ezell

DATE  5/1/09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT #  9100080

05/01/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


**ATTACHMENT TO CIVIL COVER SHEET**
**FOR: Jane Doe 101 v. Jeffrey Epstein**


VI:     RELATED/RE-FIELD CASE(S):

        08-80069
        08-80119
        08-80232
        08-80380
        08-80381
        08-08804
        08-80811
        08-80893
        08-80993
        08-80994
        08-80469
        09-80591