# Exhibit F

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

BRADLEY J. EDWARDS, and
PAUL G. CASSELL,

   Plaintiffs,

v.

ALAN DERSHOWITZ,

   Defendant.
_____/

CASE NO. CACE 15-000072

## MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENA SERVED ON NON-PARTY JANE DOE NO. 3

  Non-party Jane Doe 3, by and through undersigned counsel and pursuant to Florida Rules of Civil Procedure 1.410(c)(1)[1], hereby moves for an order quashing the subpoena *duces tecum* served on her by Defendant, or alternatively, pursuant to Florida Rules of Civil Procedure 1.280(c) for issuance of a protective order sharply limiting the scope of the subpoena.

## INTRODUCTION

  This Court should quash the subpoena issued to non-party Jane Doe No. 3 as it is unreasonable and oppressive. The Defendant is abusing the subpoena power in an effort to intimidate, harass and cause undue burden to a non-party. Indeed, Defendant - just days ago - publicly admitted that his goal of deposing Jane Doe No. 3 has nothing to do with this Florida Defamation Action; rather, he is trying to find a way to send this victim of sexual trafficking to "jail." "She was hiding in Colorado…but we found her and *she will have to be deposed. The end*

---

[1] For the limited purpose of the Motion to Quash or for Protective Order and resolving the scope of the subpoena and any enforcement issues, Jane Doe No. 3 voluntarily submits herself to this Court's jurisdiction.

*result is that she'll go to jail because she will repeat her lies and we'll be able to prove it* and she will end up in prison for perjury." (emphasis added).  *See* Exhibit 1, New York Daily News, April 7, 2015.  Defendant has subjected Jane Doe No. 3 to horrific public attacks including publicly calling her a "prostitute" and a "bad mother" to her three minor children.  *See* Exhibit 2, Local 10 News, January 22, 2015.

Defendant has gone on a media blitz campaign against this non-party for statements she made under oath in a federal action: "The end result of this case should be *she [Jane Doe No. 3] should go to jail*, the lawyers should be disbarred and everybody should understand that I am completely and totally innocent." (emphasis added).  *See* Exhibit 3, CNN International, New Day, January 6, 2015.  "*My goal is to bring charges against the client and require her to speak in court.*" (emphasis added).  *See* Exhibit 4, Australian Broadcasting System (ABC), January 6, 2015.  Defendant also stated, in an interview in Newsmax, that he is "considering" bringing a lawsuit against Jane Doe No. 3.  "*And we're considering suing her for defamation* as well, but right now she was trying to hide in Colorado and avoid service, but we found her and we served her and *now she'll be subjected to a deposition*." (emphasis added).  *See* Exhibit 5, Newsmax, April 8, 2015.

Defendant's own words demonstrate that he is abusing the subpoena power of this Court to try to get discovery that is irrelevant to this case, in the hopes of being able to intimidate Jane Doe No. 3 with the press and generate a claim against her.  Considering the extensive abuse that Jane Doe No. 3 suffered as a minor child, and Defendant's threats and intimidation, it would be both unreasonable and oppressive to require this non-party to comply with this subpoena *duces tecum*.  Accordingly, Defendant's subpoena should be quashed.  *See* Exhibit 6, Defendant's Subpoena to Jane Doe No. 3.

## **BACKGROUND**

The underlying action before this Court is a defamation case filed by a former federal judge, Paul Cassell, and his colleague Brad Edwards, who represent various sexual trafficking victims in a case pending in the Southern District of Florida, specifically case no. 08-cv-80736-KAM, hereinafter ("CVRA case"). As a result of an affidavit filed in the CVRA case, Defendant went on a national media defamation campaign calling, among other things, former federal judge Paul Cassell and attorney Brad Edwards, "unethical lawyers" who should be "disbarred". *See* Exhibit 7, Today Show, January 5, 2015. In response to this national slander campaign by the Defendant, Paul Cassell and Brad Edwards filed a defamation case against Defendant in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Case No. CACE 15-000072, hereinafter "Florida Defamation Action").

Defendant's statements against Paul Cassell and Brad Edwards are statements about their character as lawyers and do not directly involve non-party Jane Doe No. 3. Despite this fact, Defendant is abusing the subpoena power in this case by seeking documents from a non-party that are irrelevant to the defamation issue before this Court. Defendant is determined to find a way to harm non-party Jane Doe No. 3 and anyone who braves to represent her. Jane Doe No. 3 has good cause to be fearful of the Defendant in this matter based on Defendant's repetitive threats. *See* Exhibit 8, Affidavit of Jane Doe No. 3. This Court should not allow Defendant to abuse the subpoena power to further abuse this non-party. Florida Rules of Civil Procedure provide a vehicle for this Court to protect a non-party from a harassing, burdensome and unnecessary subpoena. As explained below, non-party Jane Doe No. 3 should be protected from having to be deposed in this matter or produce documents. Defendant's campaign of threats and intimidation should not be condoned by this Court and Defendant's subpoena should be quashed in its entirety.

**ARGUMENT**

1. **This Court Should Quash Defendant's Abusive Subpoena In Its Entirety.**

Florida Rule of Civil Procedure 1.410(c)(1) provides that the Court may "quash or modify the subpoena if it is unreasonable and oppressive." *Id*. The Court has discretion to evaluate the circumstances in determining whether the subpoena is "unreasonable and oppressive." *Matthews v. Kant*, 427 So. 2d 369, 370 (Fla. 2d DCA 1983). "The sufficiency thereof is a factual determination for the trial judge who is vested with broad judicial discretion in the matter, and whose order will not be overturned absent a clear showing of abuse of discretion." *Id.*; *see also Sunrise Shopping Center, Inc. v. Allied Stores Corp.*, 270 So. 2d 32 (Fla. 4th DCA 1972) (Fourth DCA quashing lengthy subpoena served on non-party who was not in control of documents as being "oppressive and unreasonable."). It is undisputed that Jane Doe No. 3 was sexually trafficked as a minor child by Jeffrey Epstein and he was sentenced for his crimes. Allowing the Defendant in this case to force this non-party to provide discovery on this highly sensitive topic would be both oppressive and unreasonable and serves no purpose other than to foster Defendant's publicly admitted and utterly baseless campaign to try to send Jane Doe No. 3 to "jail."

The documents requested in Defendant's subpoena demonstrate the oppressive and unreasonable nature of the requests. Defendant, for example, seeks highly personal and sensitive information from this victim of sexual trafficking, including requesting her personal diary during the time when she was being sexually abused as a minor child. *See* Exhibit 6, Request no. 16. Defendant also demands that this non-party produce photographs and videos of her as a minor child while she was being sexually trafficked by convicted sex offender Jeffrey Epstein. *See* Exhibit 6, Request nos. 2, 3, 4 and 10. Defendant's unreasonable subpoena even includes a demand for this non-party's personal cell phone records for more than a three (3) year period during the time when she was a minor child being sexually trafficked. *See* Exhibit 6, Request no.

4

15. Defendant also demands items like personal financial documents from this non-party including payments she received from convicted sex offender Jeffrey Epstein and the men he "lent" this minor child out to from 1999 – 2002. *See* Exhibit 6, Request no. 20. It is without question that Defendant is abusing the subpoena power in this case to conduct a fishing expedition in an effort to intimidate and harass this victim and to try to dig up information he can use in his openly stated "goal" to send this non-party to "jail."

Jane Doe No. 3 is rightfully fearful of Defendant as he is an incredibly powerful individual and the legal counselor to convicted Jeffrey Epstein who sexually trafficked Jane Doe No. 3 for years when she was a minor child. *See* Exhibit 8, Affidavit of Jane Doe No. 3. Jane Doe No. 3 believes Defendant's goal is to abuse the subpoena power to get her into a deposition so he can harass and intimidate her by forcing her to discuss the abuse she had to withstand as a minor child. *See* Exhibit 8, Affidavit of Jane Doe No. 3. None of that childhood abuse is relevant to this case which involves the narrow issue of whether Defendant defamed two lawyers. Defendant's subpoena is both unreasonable and oppressive and should be quashed. *See Matthews v. Kant*, 427 So. 2d 369, 370 (Fla. 2d DCA 1983).

   **2. The Court Should Quash The Subpoena In Its Entirety, But At A Minimum, It Should Severely Limit The Production Requirements.**

In addition to its power to quash the subpoena, Florida Rule of Civil Procedure 1.280(c) also allows the Court to protect a non-party from discovery that would result in "annoyance, embarrassment, oppression or undue burden or expense…" *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 2003) (Florida Supreme Court overturning denial of protective order and holding that "[d]iscovery of certain kinds of information 'may reasonably cause material injury of an irreparable nature.'") (internal quotations omitted). *Matthews v. City of Maitland*, 923 So. 2d 591, 595 (Fla. 5th DCA 2006) (quashing discovery order where "[t]he compelled disclosure… would create a chilling effect on [petitioners] rights…"). The Court may determine that "the discovery

5

not be had" or that "the discovery may be had only on specified terms and conditions…". Fla. R. Civ. P. 1.280(c).

Defendant issued a vastly overbroad subpoena to this non-party which included 25 separate document requests, many with subparts. In addition to placing an undue burden on this non-party to have to search for the broad scope of materials requested, the document requests seek information that is irrelevant to the Florida Defamation Action and clearly intended to "embarrass and oppress" this non-party. Fla. R. Civ. P. 1.280(c). Defendant's overly broad subpoena to non-party, Jane Doe No. 3, goes so far as to seek documents relating to former President, Bill Clinton and former Vice President, Al Gore, which, even if such documents existed, would be absolutely irrelevant to the Florida Defamation Action. *See Toledo v. Publix Super Markets, Inc.*, 30 So. 3d 712 (Fla. 4th DCA 2010).

Defendant's requests can be grouped into four key categories: (1) documents that contain highly personal and sensitive information sought only to harass, embarrass and intimidate the non-party; (2) documents unrelated to this action and, instead, intended to gain discovery relating to Defendant's admitted "goal" of putting this non-party in "jail," bringing a new case against Jane Doe No. 3, or related to the federal action; (3) documents that contain personal financial or other confidential information; and (4) privileged communications between the non-party and her lawyers. Non-party, Jane Doe No. 3, has filed specific objections as to each request sought in Defendant's subpoena as set forth in Exhibit 9. Here, Jane Doe No. 3 provides the Court with a sampling of the oppressive nature of the subpoena that is the subject of her detailed objections.

    a. <u>Category 1 – Overly Broad Subpoena Requests Intended Solely to Harass, Embarrass and Intimidate the Non-Party by Seeking Highly Personal and Sensitive Information</u>

It is clear from the Defendant's requests that his intent is to intimidate and harass this non-party by seeking highly sensitive personal information that is irrelevant to this action. For example, Request no. 16 seeks "Any diary, journal or calendar concerning your activities between

January 1, 1999 and December 31, 2002." Defendant is seeking personal diary information during the time this non-party was a minor child and a victim of sexual trafficking. There is no reason this non-party should be forced to produce her diary from when she was a child. *See Peisach v. Antuna*, 539 So. 2d 544 (Fla. 3rd DCA 1989) (court of appeal holding that trial court departed from the essential requirements of law by granting deposition of party's gynecologist which was only meant to invade privacy and intimidate and harass the party).

Defendant also has a number of requests (Request nos. 2, 3, 4, 10 and 19) that seek "photographs" and "videos" of this non-party when she was a minor child and during the time she was the subject of sexual abuse. Photographs of Jane Doe 3 when she was a minor child are completely irrelevant to the matter before this Court. Defendant served this subpoena demand solely to intimidate, harass and embarrass this non-party and the Court should preclude this type of discovery set forth in Request Nos. 2, 3, 4, 10, 15, 16, 19 and 21. *See Citimortgage, Inc. v. Davis*, No. 50 2009 CA 030523, 2011 WL 3360318 (Fla. 15th Cir. Ct. April 4, 2011) (trial court granting protective order precluding a deposition noting "this deposition request is mere harassment" and had no relevance to the underlying dispute where the party was wrongfully using the discovery process for personal gain).

  b. <u>Category 2 – Clear Abuse of the Subpoena Power By Seeking Documents Unrelated to this Action and Intended Instead to Provide Discovery for Other Actions</u>

Defendant is abusing the subpoena power of this Court by issuing subpoena requests that are intended to obtain discovery for the development of other actions against this non-party and are unrelated to the instant case. *See* Exhibit 5, Newsmax Interview ("And we're considering suing her for defamation as well, but right now she was trying to hide in Colorado and avoid service, but we found her and we served her and now she'll be subjected to a deposition."). Defendant has admitted that his "goal" is to put Jane Doe No. 3 in "jail" and he is using this Court's subpoena power to go on a fishing expedition in the hopes of fulfilling his ultimate stated

7

"goal." *See Toledo v. Publix Super Markets, Inc.*, 30 So. 3d 712 (Fla. 4th DCA 2010) (court of appeal quashing discovery order where party sought law firm client file relating to a different matter holding that "curiosity" about a law firm's records does not satisfy the relevance requirement and explaining that the contents of the "subpoena is a classic 'fishing expedition' and the trial court's order departs from the essential requirements of the law."); *Calvo v. Calvo*, 489 So. 2d 833, 834 (Fla. 3d DCA 1986) (quashing subpoena served on wife's bank for financial records finding them irrelevant: "*indeed, the husband has failed to demonstrate what possible relevance the records might have in the proceeding below other than to harass the wife*."). (emphasis added).

Defendant's incredibly broad and unrelated demands include, for example, Request no. 24: "All documents concerning, relating or referring to your assertions that you met former President Bill Clinton, Former Vice President Al Gore and/or Mary Elizabeth "Tipper" Gore on Little Saint James Island in the U.S. Virgin Islands." *See* Exhibit 6, Request no. 24. Whether or not Jane Doe No. 3 met any of these individuals has absolutely nothing to do with the action before this Court. *See Allstate Ins. Co. v. Langston,* 655 So. 2d 91, 94 (Fla. 2003) (Florida Supreme Court holding that "we do not believe a litigant is entitled carte blanch to irrelevant discovery" and '"It is axiomatic that information sought in discovery must relate to the issues involved in the litigation, as framed in the pleadings."') (internal citations omitted). Defendant's Request demonstrates a blatant example of abuse of the subpoena power.

Indeed, the face of many of Defendant's subpoena demands demonstrate that he is using the subpoena power of this Court to obtain discovery for the federal action. Request nos. 1, 5, 6 and 9 all reference the "federal action" or specifically cite the declaration and case number "OS-SO736-CIV-MARRA/JOHNSON. Request no. 1, for example, demands: "All documents that reference by name, Alan M. Dershowitz, which support and/or confirm the allegations set forth in Paragraphs 24-31 of your Declaration dated January 19, 2015 and/or Paragraph 49 of your

8

Declaration dated February 5, 2015, which were filed with the United States District Court for the Southern District of Florida, in <u>Jane Doe #1 and Jane Doe #2 v. United States of America</u>, Case No. OS-S0736-CIV-MARRA/JOHNSON, [ECF No. 291-1] (the "Federal Action")." Defendant should not be using the subpoena power of this Court to issue a non-party subpoena for documents sought for a federal action.[2]

      c. <u>Category 3 – Documents that Contain Personal Financial Information Completely Irrelevant to this Action</u>

Defendant also wrongfully abuses the subpoena power to seek personal financial information from this non-party. *See Woodward v. Berkery*, 714 So. 2d 1027, 1034-38 (Fla. 4th DCA 1998) (quashing lower court's discovery order and finding irreparable harm to husband in disclosure of private financial information when wife's *clear purpose was to wrongfully disclose the financial information to the press*) (emphasis added); *see also Granville v. Granville*, 445 So. 2d 362 (Fla. 1st DCA 1984) (court of appeal overturning denial of protective order and finding that private financial information should have been protected from disclosure).

The requests are clearly meant to intimidate and harass her by, for example, seeking information during the time she was the subject of sexual trafficking by Jeffrey Epstein. Request no. 20 seeks "All documents showing any payments or remuneration of any kind made by Jeffery Epstein or any of his agents or associates to you from January 1, 1999 through December 31, 2002." Whether Jeffrey Epstein paid minor children that he sexually trafficked has absolutely nothing to do with the action before this Court and there is no basis to force a non-party who was subject to this abuse to comply with a production demand on this topic. The subpoena also includes request for financial information relating to the media. Apparently, Defendant believes Jane Doe No. 3 has a book "deal" in the works. For example, Request no. 18 seeks: "All documents concerning any monetary payments or other consideration received by you from any

---

[2] The requests relevant to this category are nos.: 1, 5, 6,7, 8, 9, 12, 13, 14, 22, and 24.

9

media outlet in exchange for your statements (whether "on the record" or "off the record") regarding Jeffrey Epstein, Alan M. Dershowitz, Prince Andrew, Duke of York, and/or being a sex slave." Whether Jane Doe No. 3 has interacted with the media has nothing to do with the Florida Defamation Action. As explained above, a non-party's personal financial information and other confidential information is subject to protection by this Court. *See Woodward v. Berkery*, 714 So. 2d 1027, 1034-38 (Fla. 4th DCA 1998). Accordingly, the requests relating to financial information from this non-party should be quashed[3].

    d.   Category 4 – Plainly Privileged Communications

Defendant's subpoena requests seek documents that are plainly privileged. Florida courts are unequivocal in stating that an opposing party can never obtain attorney-client privileged materials. *See Quarles & Brady LLP v. Birdsall*, 802 So. 2d 1205, 1206 (Fla. 2d DCA 2002) (quashing discovery order and noting "undue hardship is not an exception (to disclosure of privileged material), nor is disclosure permitted because the opposing party claims that the privileged information is necessary to prove their case.") (internal citations omitted). Non-party, Jane Doe No. 3, objects to all of Defendant's subpoena requests to the extent that they seek documents protected by the attorney client privilege, work product doctrine, joint defense and common interest privileges and any other relevant privilege. Indeed, Jane Doe No. 3 should be protected from responding to Request no. 25 in its entirety because on its face it seeks solely privileged and confidential information relating to her retention of BSF.[4] *See Westco Inc. v. Scott Lewis' Gardening & Trimming, Inc.*, 26 So. 3d 620, 622 (Fla. 4th DCA 2010) (court explaining that "[w]hen confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy

---

[3] These Requests include nos. 9, 17, 18, 20 and 23.

[4] Specifically, Request no. 25 seeks: "All documents concerning your retention of the law firm Boies, Schiller & Flexner LLP, including but not limited to: signed letter of retainer, retention agreement, explanation of fees, and/or any documents describing the scope of retention."

10

rights of the non-party."). Defendant has not established any basis for these privileged and confidential documents that outweighs this non-party's privacy rights.

> **3. The Subpoena Should Be Quashed In Its Entirety. If the Court Will Not Take That Action, at a Minimum, It Should Grant a Protective Order Severely Limiting The Areas Of Inquiry At Deposition And Grant Protections For This Victim Who Is Fearful Of The Defendant.**

This Court has the power to preclude and/or limit the deposition of non-party Jane Doe No. 3. Specifically, Florida Rule of Civil Procedure 1.280(c) allows the Court to prevent a deposition from going forward "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense that justice requires," and courts routinely enter protective orders to reduce the burden on subpoenaed non-parties to a case, as well as in cases where the discovery sough is irrelevant. *See, e.g., Peisach v. Antuna*, 539 So. 2d 544 (Fla. 3d DCA 1989) (holding that the trial judge erred in allowing the deposition of certain non-parties where evidence sought was irrelevant); *see also Citimortgage, Inc. v. Davis*, No. 50 2009 CA 030523, 2011 WL 3360318 (Fla. 15th Cir. Ct. April 4, 2011) (trial court granting protective order precluding a deposition noting "this deposition request is mere harassment" and had no relevance to the underlying dispute where the party was wrongfully using the discovery process for personal gain). Section 4 of Rule 1.280 provides that the Court can also limit the areas of inquiry of a deposition providing "that certain matters not be inquired into, or that the scope be limited to certain matters."

Jane Doe No. 3 contends that the subpoena for her deposition should be quashed. If the Court, however, is inclined to allow a deposition of Jane Doe No. 3, then she respectfully requests the issuance of a Protective Order modifying the subpoena as set forth below.

    a. Testimony Limitations

Non-party Jane Doe No. 3 respectfully requests that this Court limit the deposition to questions directly related to Defendant's defamatory statements about Brad Edwards and Paul Cassell. The Court should limit Defendant's ability to engage in a "fishing expedition" of this

victim to foster his goal of putting her into "jail" or of bringing a new action against Jane Doe No. 3. *See Peisach v. Antuna*, 539 So. 2d 544 (Fla. 3d DCA 1989); *see also Citimortgage, Inc. v. Davis*, No. 50 2009 CA 030523, 2011 WL 3360318 (Fla. 15th Cir. Ct. Apr. 4, 2011). Defendant should be precluded from asking any questions about Jane Doe No. 3's experiences as a sexually trafficked minor. Defendant should be precluded from questioning Jane Doe No. 3 about individuals that she was sexually trafficked to or about other victims or individuals involved in the sexual trafficking orchestrated by Jeffrey Epstein. Defendant should be precluded from questioning Jane Doe No. 3 about any rapes that occurred when she was a minor child. Defendant should be precluded from questioning Jane Doe No. 3 about anything related to her sexual activity either as a minor or thereafter as these questions would only be intended to embarrass and harass this non-party witness.

      b. <u>Language and Harassment Limitations</u>

In addition, Jane Doe No. 3 requests that the Court provide counsel with a cautionary notice, that counsel for Defendant may not harass the non-party victim in any way during the deposition. With respect to the language used at the deposition, the Defendant's counsel should be directed by the Court to not use any of the derogatory terms the Defendant has used in the press including calling Jane Doe No. 3 a "prostitute," a "liar," or a "bad mother" or any other similar derogatory and harassing language.

      c. <u>Physical Location Limitations</u>

Non-party Jane Doe No. 3 has a valid and real basis to fear being in physical proximity of the Defendant. *See* Exhibit 8, Affidavit of Jane Doe No. 3. Accordingly, to the extent a deposition is to go forward, we would request that the Court direct that the Defendant not be present in the same room as non-party Jane Doe No. 3 and, instead, follow the testimony electronically from a separate location. In addition, non-party Jane Doe No. 3 respectfully requests that the Court hold that the physical location of the deposition should be the offices of

Jane Doe No. 3's attorney's Boies, Schiller & Flexner LLP.

## CONCLUSION

WHEREFORE, non-party Jane Doe No. 3 respectfully requests that this Court grant her Motion to Quash, or alternatively, that the Court enter an order limiting the scope of her document production and deposition as set forth above.

Dated: April 9, 2015

                                                  Respectfully submitted,

                                                  **BOIES, SCHILLER & FLEXNER LLP**
                                                  401 East Las Olas Boulevard, Suite 1200
                                                  Fort Lauderdale, Florida  33301
                                                  Telephone: (954) 356-0011
                                                  Facsimile: (954) 356-0022

                                            By: /s/Sigrid S. McCawley
                                                  Sigrid S. McCawley, Esq.
                                                  Florida Bar No. 129305

                                                  *Attorney for Non-Party Jane Doe No. 3*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 9, 2015, a true and correct copy of the foregoing was served by Electronic Mail to the individuals identified below.

By: /s/Sigrid S. McCawley
Sigrid S. McCawley

| | |
|---|---|
| Thomas E. Scott<br>Thomas.scott@csklegal.com<br>Steven R. Safra<br>Steven.safra@csklegal.com<br>COLE, SCOTT & KISSANE, P.A.<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, Florida 33156<br>Renee.nail@csklegal.com<br>Shelly.zambo@csklegal.com<br><br>Richard A. Simpson<br>rsimpson@wileyrein.com<br>Mary E. Borja<br>mborja@wileyrein.com<br>Ashley E. Eiler<br>aeiler@wileyrein.com<br>WILEY REIN, LLP<br>1776 K Street NW<br>Washington, D.C. 20006<br><br>*Counsel for Defendant Alan Dershowitz* | Jack Scarola<br>SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.A.<br>JSX@searcylaw.com<br>2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409-6601<br><br>*Attorney for Plaintiffs* |

14