UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER
REGARDING PERSONAL FINANCIAL INFORMATION**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

## Table of Contents

Certificate of Conferral .................................................................................................................. 1

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 3

I.    Ms. Maxwell's Personal and Financial Information ARE Irrelevant to This Action .......... 3

II.   Personal (and business) Financial Information Not Subject to Pre-Trial Discovery where it Relates Solely to Claim for Punitive Damages ................................................................... 5

   A.  Discovery Not Appropriate Pre-Trial ................................................................... 6
   B.  At A Minimum, Discovery For Purposes Of Punitive Damages Premature In Advance Of Dispositive Motions ................................................................................ 8

III.  Any Disclosure of Ms. Maxwell's Net Worth, as related to Punitive Damages, Should be Limited to the Least Intrusive Means ................................................................................. 11

CONCLUSION ........................................................................................................................... 13

CERTIFICATE OF SERVICE ................................................................................................... 15

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Motion for Protective Order Regarding Personal Financial Information pursuant to Fed. R. Civ. P. 26(c), requesting the Court to quash the requests related to such information in Plaintiff's Second Request for Production of Documents to Defendant Ghislaine Maxwell ("Second Requests").

### CERTIFICATE OF CONFERRAL

Pursuant to Federal Rule of Civil Procedure 26(c)(1), undersigned counsel certifies that she has conferred with opposing counsel regarding the issues contained herein and attempted to reach resolution on these issues without need for Court intervention. The parties have been unable to reach resolution on these issues.

### INTRODUCTION

In her Second Request for Production of Documents, Plaintiff sought 21 categories of personal financial information from the Defendant under the heading "Document Requests Concerning Punitive Damages." *See* Second Requests, attached to Declaration of Laura Menninger ("Menninger Decl.") as Ex. A. The documents requests cover every single aspect of Ms. Maxwell's personal life and finances from 2015 to present, including all documents "related to" her:

- tax returns, W-2 or any other source of income statements for her or any entity in which she holds an interest; *Id.* at RFP 23, 24, 35 and 39.
- financial statements and ownership documentation for any entity in which she holds an interest; *Id.* at RFP 22 and 32.
- banking statement, passport books, check books, and account balances for her or any entity in which she holds an interest; *Id.* at RFP 25, 27, 28, 29, 30, and 31.
- real estate or personal property in which she holds an interest; *Id.* at RFP 20, 26, and 36.
- loans or statements of indebtedness to or from Ms. Maxwell; *Id.* at RFP 34 and 38.
- lawsuits in which Ms. Maxwell claims damages; *Id.* at RFP 21.
- charitable organizations in which Ms. Maxwell may be involved; *Id.* at RFP 37.

1

- securities held by Ms. Maxwell or anyone related to her; *Id.* at RFP 33, 40 and 41.
- trust account documents; *Id.* at RFP 43.
- insurance policies held, regardless of whether such policies might cover the claims made in this litigation.[1] *Id.* at RFP 42.

These Requests have no relevance to the claim or defenses in this defamation action. On May 16, 2016, Ms. Maxwell objected to each of the objectionable Requests as follows:

> Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.
>
> Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.
>
> Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Menninger Decl., Ex. B.

Ms. Maxwell has not brought any claims in this action, although certainly she could have counterclaimed for the defamatory statements made about her by the Plaintiff. To protect her privacy interest, and avoid unnecessary intrusion into her personal and private matters, including her financial information, Ms. Maxwell elected not to seek damages at this time for the multiple and continuing defamatory statements made by the Plaintiff. Ms. Maxwell, an unwilling defendant in a baseless lawsuit, cannot be penalized by the judicial system and have her privacy

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(4), Ms. Maxwell already has disclosed that there are no insurance policies that would be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

2

interests destroyed based on unfounded allegations and a conclusory claim for punitive damages. Unless and until there is a determination of <u>both</u> liability and a special verdict that Plaintiff is entitled to punitive damages based on the alleged defamatory statement, discovery concerning Ms. Maxwell's private personal and financial information is improper. Alternatively, such discovery should be held in abeyance until this Court's determination of Ms. Maxwell's motion for summary judgment.

These requests are made solely for the purpose of harassment and embarrassment of Ms. Maxwell. Ms. Maxwell requests that this Court enter a Protective Order prohibiting discovery on issues concerning Ms. Maxwell's personal financial information and quashing the requests for production relating to this information.

## ARGUMENT

### I. MS. MAXWELL'S PERSONAL AND FINANCIAL INFORMATION ARE IRRELEVANT TO THIS ACTION

At issue here are requests for literally every piece of financial information regarding Ms. Maxwell and any company or non-profit in which she holds an interest, including tax returns, bank statements, income statement, property holdings, trusts, and every other conceivable document regarding Ms. Maxwell's wealth. Under the Federal Rules, this information is not discoverable because it is not relevant to the claim or defense of any party in this action. Further, Ms. Maxwell's privacy interest in this information outweighs any need for discovery of such matters.

The scope of permissible discovery set out in Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

3

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

For information to be subject to a request to production, it must be both relevant to the actual pending claims and proportional[2] to the issue on which it is sought. The pending requests are neither. "Even where information may be relevant, discovery should not be compelled if the information is privileged or if there is good cause for a protective order." *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (citing Fed. R. Civ. P. 26(b)(1), 26(c)).

It is well settled that all persons have a privacy interest in their personal financial information. *See Trudeau v. New York State Consumer Protection Bd.*, 237 F.R.D. 325 (N.D.N.Y 2006) (personal financial information is "presumptively confidential or cloaked with a qualified immunity"); *see also Statharos v. New York City Taxi and Limousine Commission*, 198 F.3d 317, 322-23 (2nd Cir. 1999) ("This Court has recognized the existence of a constitutionally protected interest in the confidentiality of personal financial information.") (*quoting Barry v. City of New York,* 712 F.2d 1554, 1558–59 (2d Cir.1983)).

As to tax returns, this court has held "it is well-settled that a court should only order their disclosure where it finds both that the returns are relevant to the subject-matter of the action and that there is a compelling need therefor because the information contained therein is not 'otherwise readily obtainable.'" *Hamm v. Potamkin*, No. 98-civ-7245 (RWS), 1999 WL 249721 (S.D.N.Y. 1999) (quoting *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985).

---

[2] Rule 26(b)(1) "has been amended to add a sentence to deal with the problem of over-discovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Committee Comments, 2015 Amendments, Fed. R. Civ. P. 26.

Plaintiff's Requests for Production # 21 - 40 are not relevant to the actual claim or defenses in this matter.  Ms. Maxwell has no claims in this action: she has not claimed damages; she has not sought any compensation; she has not put her financial condition at issue.  There is one single claim pending in the matter – Plaintiff's claims for defamation and alleged damages.  Ms. Maxwell's financial information in no way relates to the elements necessary to prove or disprove this claim and is not calculated to lead to any information that would be admissible at trial.  The information is being sought solely for the purposes of harassment and embarrassment of this witness.

The requests are also grossly overbroad, seeking to probe literally every financial matter in Ms. Maxwell's personal and professional life.  In light of the absence of any claim of relevance, Plaintiff simply cannot provide any basis for a claim that this roving inquiry into Ms. Maxwell's financial information is proportional to the need of the case, and discussed in more detail below.  Nor can there be any showing of a "compelling need" for the extremely private and sensitive information requested.  As such, there is good cause for a protective order from production of this irrelevant material.  Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

**II.     PERSONAL (AND BUSINESS) FINANCIAL INFORMATION NOT SUBJECT TO PRE-TRIAL DISCOVERY WHERE IT RELATES SOLELY TO CLAIM FOR PUNITIVE DAMAGES**

Acknowledging that Ms. Maxwell's financial information is not relevant to her claim, Plaintiff instead couches her request under the caption "Document Requests Concerning Punitive

Damages."[3]  Under New York state law, as adopted by a number of federal courts in New York, discovery relating to a defendant's financial condition based solely on a claim for punitive damages is improper prior to dispositive motions, and in some instances, ever.

### A. Discovery Not Appropriate Pre-Trial

Since 1975, New York law has been clear that 1) information regarding a defendant's wealth may not be presented at trial where it relates only to a claim for punitive damages; 2) discovery relating to defendant's wealth for purposes of a punitive damages claim is only appropriate if the plaintiff obtains such a special verdict that she is entitled to punitive damages at trial; and 3) even if a special verdict is obtained, discovery into a defendant's wealth for presentation on the amount of punitive damages sought should be limited to a statement of defendant's net worth; there is no need for plaintiff to explore the details of a defendant's assets and liabilities. *Rupert v. Sellers*, 48 A.D.2d 265 (4th Dept. 1975).

In *Rupert,* a defamation and libel case, the Court conducted a detailed analysis of the pitfalls of permitting the discovery of a defendant's financial information and presentation of that information at trial where it relates only to a claim for punitive damages. The Court noted:

> In view of every citizen's right to privacy and the general desire of people not to divulge their wealth, on the one hand, and on the other hand, the ease with which a plausible claim for punitive damage may be made in many actions (including actions for double and treble damages authorized by various statutes), it is readily seen that a rule permitting unlimited examination before trial of a defendant as to his wealth in a punitive damage action could have unfortunate results. It could constitute undue pressure on defendants in such actions to compromise unwarranted claims.

*Id.* at 269.

---

[3] Under New York Law, "[p]unitive damages are a remedy and not a separate cause of action." *Alley Sports Bar, LLC v. SimplexGrinnell, LP*, 58 F. Supp. 3d 280, 295 (W.D.N.Y. 2014) (quoting *Eldridge v. Rochester City Sch. Dist.,* 968 F.Supp.2d 546, 563 (W.D.N.Y.2013).

Recognizing that a defendant's wealth should not be used to persuade finding a defendant guilty, but only as a guide for suitable punishment if a finding of malice justifying punitive damages is first made, the Court held:

> Defendant's wealth should not be a weapon to be used by plaintiff to enable him to induce the jury to find the defendant guilty of malice, thus entitling plaintiff to punitive damages. To avoid such possible abuse, we conclude that the split trial procedure should be used, and that the Court should take a special verdict as to whether defendant was guilty of such conduct that plaintiff is entitled to punitive damages. *Not until plaintiff obtains such a special verdict that he is entitled to punitive damages is it necessary or important for him to know defendant's wealth*.

*Id.* at 270 (emphasis added).

Since *Rupert*, federal courts in New York have followed the same principle. Courts have routinely held that because the defendant's financial condition as it relates to a claim for punitive damages can only proceed upon a determination of liability and special verdict permitting punitive damages, discovery on defendant's financial condition is premature in the pre-trial phase of the proceeding.

Diana Ross was sued in diversity for a single count of state law defamation, including a claim for punitive damages. *Davis v. Ross*, 107 F.R.D. 326, 327 (S.D.N.Y. 1985). In denying the plaintiff's motion to compel discovery of her financial information, the court noted "the rule in New York is that 'evidence of defendant's wealth [can] not be brought out upon trial unless and until the jury [brings] in a special verdict that plaintiff is entitled to punitive damages against defendant.'" *Id.* at 327 (quoting *Rupert,* 368 N.Y.S.2d at 913). Further, the Court held, "[d]iscovery of defendant's net wealth will become necessary only in the event plaintiff obtains such a special verdict." *Id.*; *see also Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) ("The issue of punitive damages thus may never arise, and discovery on that issue is not necessary at this time.").

More recently, Judge Cote ruled in *Tyco Intern. Ltd. v. Walsh*, that "discovery concerning defendant's net worth may not be required if defendant does not attempt to use his financial circumstances to limit the size of the award." No. 02-civ-4633 (DLC), 2010 WL 3000179, at *1 (S.D.N.Y. 2010). Thus, she found under "it is not clear that the defendant will invoke his financial circumstances as a defense," and "[t]hus it would be premature to force the defendant to produce his net worth information at this time." *Id.*

And this Court, in the *Guccione v. Flynt* matter, directed defendant Larry Flynt to prepare the requested financial information to be held by his counsel "until the time of trial at which time it will be turned over to counsel for their use only and subject to a confidentiality order and will be made public only after a special verdict has been returned awarding punitive damages to Guccione." No. 83-civ-8020 (RWS), 1985 WL 255, at *1 (S.D.N.Y. 1985).

Such an intrusion into Ms. Maxwell's highly confidential and sensitive financial information is not warranted in this case in advance of the remote chance that (a) this Court permits a punitive damages question to advance to a jury and (b) the jury returns a special verdict to award such punitive damages.

**B.     At A Minimum, Discovery For Purposes Of Punitive Damages Premature In Advance Of Dispositive Motions**

At a minimum, Ms. Maxwell request a protective order barring such discovery until after this Court has ruled on her summary judgment motion. A number of courts in the Southern District and elsewhere have permitted discovery related to financial matters in support of a punitive damages claim only ***after*** resolution of any dispositive motions. For example, in *McNamee v. Clemens*, another state law defamation case, the court found that the anticipated summary judgment motion may negate the need for disclosure of Mr. Clements "clearly sensitive and confidential" financial information and so denied the requests with leave to renew following

8

a decision on the dispositive motion. No. 09-cv-1647 (SJ), 2013 WL 6572899, at *9 (E.D.N.Y. Setp. 18, 2013). The same result was reached in *Pasternak v. Dow Kim*, 275 F.R.D. 461 (S.D.N.Y. 2011) (discovery premature where defendant planned to move to strike the claim for punitive damages at the summary judgment stage of the proceeding) and *Copantitla v. Fiskardo Estiatorio, Inc.,* No. 09 CIV. 1608-RJH-JCF, 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010) (discovery denied with leave to renew following summary judgment claim); *see also Uebelacker v. Paula Allen Holdings, Inc*., No. 06-c-316, 2006 WL 6021169, at *1 (W.D.Wis. Jan. 3, 2006) (same); *Agudas Chasidei Chabad of United States v. Gourary,* No. CV-85-2909, 1989 WL 38341, at *1 (S.D.N.Y. Apr. 12, 1989). Likewise, Chief Judge Motley ruled in a much-cited decision, *Tillery v. Lynn*, 607 F.Supp.399 (S.D.N.Y. 1985), that discovery of the defendant's personal assets could go forward in the context of her denial of summary judgment in that same decision. She also ruled it appropriate to bifurcate the trial between liability and punitive damage phases and would proceed to the second phase only if the jury rendered a verdict finding punitive damages appropriate in the first instance. *Id.*

The logic of these holdings applies with at least as much force in this case. Ms. Maxwell intends to file a motion for summary judgment at the appropriate time on a number of different bases. Should she prove successful on the merits of such motion, discovery of her confidential and personal financial information will never be required. *Cf. Davis v. Ross*, 107 F.R.D. at 328 ("Ross should not be compelled to disclose private facts to *anyone* – even to someone who has agreed to keep the information confidential – until it is found that plaintiff is entitled to summary judgment.") (emphasis supplied). The summary judgment motion, which likely will include the substantial truth of Ms. Maxwell's statements as well as Plaintiff's status as a libel-proof plaintiff, *see Guccione v. Hustler Magazine, Inc.,* 800 F.2d 298 (2d Cir. 1986), may well

9

succeed, thus negating the need for any such discovery of her confidential financial information. Plaintiff already has distanced herself from many of her allegations, admitted they were incorrect, and other of Plaintiff's allegations, such as her claim to have been "trafficked" or held a "sex slave," have been conclusively disproven by Professor Dershowitz, Louis Freeh, and as confirmed by lay witnesses such as Johanna Sjoberg and Detective Recarey.

Moreover, Plaintiff will have a nearly insurmountable task to demonstrate that Ms. Maxwell acted with the requisite degrees of malice. Plaintiff first must demonstrate as a threshold matter that Ms. Maxwell acted with "constitutional malice," but then also must demonstrate for purposes of any punitive damage award that Ms. Maxwell likewise acted with actual, or common-law, malice. *Prozeralik v. Capital Cities Communications*, 82 N.Y.2d 466, 479 (1993). Common-law malice focuses on the defendant's mental state in relation to her and the motive in publishing the falsity. *Id.* In this case, Ms. Maxwell repeatedly declined to issue statements about Plaintiff, despite the fact that Plaintiff had repeatedly lied to the press about her and others, because she stated, she did not want to get involved in litigation. ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiff will be unable to adduce

evidence, because there is none, that Ms. Maxwell issued the statement in question based on "hatred, ill will, spite or wanton, reckless, or willful disregard of the rights of another." *Prozeralik, supra*.

At a minimum, Ms. Maxwell is entitled to protection of her personal financial information until determination of the anticipated dispositive motions in this matter.

### III. ANY DISCLOSURE OF MS. MAXWELL'S NET WORTH, AS RELATED TO PUNITIVE DAMAGES, SHOULD BE LIMITED TO THE LEAST INTRUSIVE MEANS

In addition to the improper timing of the requested discovery, the requests at issue grossly exceed any permissible discovery of financial information related to Ms. Maxwell's net worth for purposes of punitive damages. The requests seek literally every piece of financial information about Ms. Maxwell for a two year period. The requests do not stop at Ms. Maxwell but extend to organizations in which Ms. Maxwell may be involved, such as the "TerraMar Project or any other not-for-profit entities with which You are associated, including but not limited to, funding received from the Clinton Global Initiative, the Clinton Foundation (a/k/a William J. Clinton Foundation, a/k/a/ the Bill, Hilary & Chelsea Clinton Foundation), and the Clinton Foundation Climate Change Initiative." RFP 37, Menninger Decl., Ex. A. The scope of the requests are overly broad and unduly burdensome, obviously intended to harass and embarrass Ms. Maxwell, and wholly disproportionate to the needs of the case under Rule 26(b)(1) given the very narrow and limited issue of net worth. No case in the Southern District has authorized such a wide-ranging inquest into a defendant's financial position solely for purposes of punitive damages and many, including this Court, have expressly declined to enforce such discovery requests.

Again, *Rupert* and subsequent cases discussing discovery of a defendant's financial information for presentation at the post-verdict punitive damages stage are instructive. In

11

*Rupert,* the court strictly limited post-trial financial discovery, finding "[s]ince the purpose of presenting to the jury the amount of defendant's wealth is only to furnish to them a guide for suitable punishment, there is no need for a plaintiff to explore the details of a defendant's assets and liabilities. *A mere statement of defendant's respective total net worth is sufficient.*" *Rupert v. Sellers*, 48 A.D.2d at 270 (4th Dep't 1975); *see also Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (denying discovery on financial information finding there are more efficient and less intrusive means for obtaining financial information, such as having the defendant to swear to an affidavit declaring her net worth); *Hazeldine v. Beverage Media, Ltd.*, 1997 WL 362229 (S.D.N.Y. 1997) (where punitive damages were only basis for relevance of defendant's financial information, discovery limited to defendant providing financial affidavit of net worth).

Courts in the Southern District repeatedly have declined to authorize broad ranging financial inquiries such as Plaintiff proposes here. Judge Leisure in another libel case declined to permit punitive damages discovery of defendant's home ownership and value of home; filing of tax returns, savings, checking, or other bank deposits, investment deposits, ownership of a safe deposit box, cash on hand and pending legal actions for money. *Evans v. Celise*, No. 92-civ-8430 (PKL), 1994 WL 185696, at *2 (S.D.N.Y. May 12, 1994). In a case this Court referred to as well-reasoned, *Hazeldine v. Beverage Media, Ltd.,* No. 94-civ-3466 (CSH), 1997 WL 362229 (S.D.N.Y. June 27, 1997), Senior Judge Haight disallowed requests for three years of tax returns, real estate holdings, motor vehicles, investments, bank and brokerage accounts, and personal loans, and instead ordered a "general statement of net worth." *Id.* at *4; *accord Hamm v. Potamkin*, No. 98 CIV. 7425 (RWS), 1999 WL 249721, at *2-*3 (S.D.N.Y. Apr. 28, 1999)

(refusing disclosure of tax returns in favor of a financial affidavit listing assets, liabilities and general net worth).

Conversely, there are no cases authorizing the type of requests Plaintiff has interposed here. From tax returns, to trust documents, to securities, to unrelated insurance policies, Plaintiff has sought literally all information concerning both Ms. Maxwell and her private non-profit's finances. Such intrusion into her private finances is not warranted and a Protective Order concerning those Requests is therefore appropriate.

## CONCLUSION

WHEREFORE: Defendant Ghislaine Maxwell requests that this Court enter a Protective Order: 1) Prohibiting all discovery regarding her personal financial information prior to the conclusions of the liability phase of a trial in this matter, including quashing Request Nos. 21 to 43 of Plaintiff's Second Request for Production Of Documents to Defendant Ghislaine Maxwell; 2) Ordering that if a special verdict permitting punitive damages is entered, discovery related to her financial condition be limited to a sworn affidavit of net worth, or in the alternative, that such discovery may be had, if at all, following this Court's resolution of Ms. Maxwell's motion for summary judgment.

Dated: August 12, 2016

                                  Respectfully submitted,

                                  */s/ Laura A. Menninger*
                                  Laura A. Menninger (LM-1374)
                                  Jeffrey S. Pagliuca (*pro hac vice*)
                                  HADDON, MORGAN AND FOREMAN, P.C.
                                  150 East 10th Avenue
                                  Denver, CO 80203
                                  Phone:   303.831.7364
                                  Fax:      303.832.2628
                                  lmenninger@hmflaw.com

                                  *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on August 12, 2016, I electronically served this *DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Brenda Rodriguez*
Brenda Rodriguez