# EXHIBIT A

United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT GHISLAINE MAXWELL**

      Plaintiff, by and through her undersigned counsel, hereby propounds Plaintiff's Second Request for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure to the Defendant Ghislaine Maxwell. The responses are due at the offices of Boies, Schiller & Flexner LLP, 401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, Florida 33301, within thirty (30) days of service hereof.

**DEFINITIONS**

      Wherever they hereafter appear the following words and phrases have the following meanings:

      1.    "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting, or purporting to act, at the discretion of or on behalf of another.

      2.    "Correspondence" or "communication" shall mean all written or verbal communications, by any and all methods, including without limitation, letters, memoranda, and/or electronic mail, by which information, in whatever form, is stored, transmitted or

1

received; and, includes every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopies, e-mail, text, modem transmission, computer generated message, mail, personal delivery or otherwise.

      3.      "Defendant" shall mean the defendant Ghislaine Maxwell and her employees, representatives or agents.

      4.      "Document" incorporates the definition as set forth in Rule 26.3(c)(2), Southern District of New York Local Rules, and, therefore, is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

      5.      "Employee" includes a past or present officer, director, agent or servant, including any attorney (associate or partner) or paralegal.

      6.      "Including" means including without limitations.

      7.      "Income" includes income in-kind, and means all money, stock, bonds, in-kind income, earnings, salary, pay, remuneration, wages, stipends, revenue, profits, gains, proceeds, turnover, yield, or dividends.

      8.      "Jeffrey Epstein" includes Jeffrey Epstein and any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein.

      9.      "Person(s)" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or any other legal or business entity.

10. "You" or "Your" hereinafter means Ghislaine Maxwell and any employee, agent, attorney, consultant, related entities or other representative of Ghislaine Maxwell.

## INSTRUCTIONS

1. Unless indicated otherwise, the "Relevant Period" for this Request is from 1999 to the present. A Document should be considered to be within the relevant time frame if it refers or relates to communications, meetings or other events or documents that occurred or were created within that time frame, regardless of the date of creation of the responsive Document.

2. This Request calls for the production of all responsive Documents in Your possession, custody or control without regard to the physical location of such documents.

3. If any Document requested was in any defendant's possession or control, but is no longer in its possession or control, state what disposition was made of said Document, the reason for such disposition, and the date of such disposition.

4. For the purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation the following:

    a) Wherever appropriate herein, the singular form of a word shall be interpreted as plural and vice versa.

    b) "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information (as defined herein) which might otherwise be construed to be outside the scope of this discovery request.

    c) "Any" shall be understood to include and encompass "all" and vice versa.

    d) Wherever appropriate herein, the masculine form of a word shall be interpreted as feminine and vice versa.

    e) "Including" shall mean "including without limitation."

5. If You are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full. If the recipient has no documents responsive to a particular Request, the recipient shall so state.

6. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

7. The words "concern," "concerning," "concerns," or any other derivative thereof, as used herein is defined as meaning relating to, referring to, describing, evidencing or constituting, under Rule 26.3(c)(7), Southern District of New York Local Civil Rules.

8. "Identify" (with respect to persons) incorporates the definition as set forth in Rule 26.3(c)(3), Southern District of New York Local Rules. Therefore, when referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

9. Identify (with respect to documents) incorporates the definition as set forth in Rule 26.3(c)(4), Southern District of New York Local Rules. Therefore, when referring to documents "to identify" means to give, to the extent known, the (i) type of documents, (ii) general subject matter; (iii) date of the documents; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

10. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

11. Any copy of a Document that is not identical shall be considered a separate document.

12. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for Your inability to produce the remainder of the Document stating whatever information, knowledge or belief which You have concerning the portion not produced.

13. If any Document requested was at any one time in existence but are no longer in existence, then so state, specifying for each Document (a) the type of document; (b) the types of information contained thereon; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all person having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

14. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of business.

15. You are requested to produce all drafts and notes, whether typed, handwritten or otherwise, made or prepared in connection with the requested Documents, whether or not used.

16. Documents attached to each other shall not be separated.

17. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found, and business address of each Document's custodian(s).

18. If any Document responsive to the request is withheld, in all or part, based upon any claim of privilege or protection, whether based on statute or otherwise, state separately for each Document, in addition to any other information requested: (a) the specific request which

calls for the production; (b) the nature of the privilege claimed; (c) its date; (d) the name and address of each author; (e) the name and address of each of the addresses and/or individual to whom the Document was distributed, if any; (f) the title (or position) of its author; (g) type of tangible object, *e.g.,* letter, memorandum, telegram, chart, report, recording, disk, etc.; (h) its title and subject matter (without revealing the information as to which the privilege is claimed); (i) with sufficient specificity to permit the Court to make full determination as to whether the claim of privilege is valid, each and every fact or basis on which You claim such privilege; and (j) whether the document contained an attachment and to the extent You are claiming a privilege as to the attachment, a separate log entry addressing that privilege claim.

19. If any Document requested herein is withheld, in all or part, based on a claim that such Document constitutes attorney work product, provide all of the information described in Instruction No. 18 and also identify the litigation in connection with which the Document and the information it contains was obtained and/or prepared.

20. Plaintiff does not seek and does not require the production of multiple copies of identical Documents.

21. This Request is deemed to be continuing. If, after producing these Documents, You obtain or become aware of any further information, Documents, things, or information responsive to this Request, You are required to so state by supplementing Your responses and producing such additional Documents to Plaintiff.

**DOCUMENT REQUEST NO. 19**

Produce all documents concerning any alleged illegal activity involving Plaintiff from the Relevant Period. This request includes, but is not limited to, any documents concerning the Roadhouse Grill in Florida.

**DOCUMENT REQUEST NO. 20**

Produce all documents concerning any apartment or other dwelling occupied by Plaintiff from 1999 to the present, including but not limited to, all documents concerning the acquisition of, and payment for, such dwellings. This Request includes, but is not limited to, any dwelling paid for - in whole or in party by Defendant or Jeffrey Epstein.

**DOCUMENT REQUESTS CONCERNING PUNITIVE DAMAGES**

**DOCUMENT REQUEST NO. 21**

Produce all copies of the complaints in any lawsuits that You have filed in any court in which You seek damages or any other financial recovery from 2014 to the present.

**DOCUMENT REQUEST NO. 22**

Produce all Financial Statements prepared for or submitted to any Lender or Investor for the past three years by You personally or on Your behalf or on behalf of any entity in which You hold or held a controlling interest from January 2015 to the Present.

**DOCUMENT REQUEST NO. 23**

Produce all W-2s, K-1s, and any other documents reflecting any income (including salary, bonuses, dividends, profit distributions, royalties, advances, annuities, and any other form of income), including all gross and net revenue received by You directly or indirectly from January 2015 to the present.

**DOCUMENT REQUEST NO. 24**

Produce all tax returns filed with any taxing entity (either foreign or domestic) from January 2015 to the present by You or on Your behalf, or on behalf of any entity in which You hold or held a controlling interest at the time of filing.

**DOCUMENT REQUEST NO. 25**

Produce all bank statements or other financial statements which were prepared by You, on Your behalf or by or on behalf of any entity in which You held an ownership interest of 10% or more at any time from January 2015 to the present.

**DOCUMENT REQUEST NO. 26**

Produce all deeds and titles to all real property owned by You or held on Your behalf either directly or indirectly at any time from January 2015 to the present.

**DOCUMENT REQUEST NO. 27**

Produce all passbooks (or other documents showing account balances) with respect to all savings accounts, checking accounts, and savings and loan association share accounts owned by You or on which You hold a right or have held a right to withdraw funds at any time from January 2015 to the present.

**DOCUMENT REQUEST NO.  28**

Produce all passbooks (or other documents showing account balances) with respect to all savings accounts, checking accounts and savings loan association share accounts, owned by You in whole or in party jointly as co-owner, partner, or joint venture, in any business enterprise, or owned by an entity in which You have or have had a controlling interest at any time from January 2015 to the present.

**DOCUMENT REQUEST NO.  29**

Produce all bank ledger sheets (from the internet or otherwise) concerning all bank accounts in which You have a right to withdraw funds, reflecting the highest balance in said accounts from January 2015 to the present. .

**DOCUMENT REQUEST NO.  30**

Produce all bank ledger sheets (from the internet or otherwise) concerning all bank accounts owned by You solely, or jointly as co-owner, partner, or joint venture, in any business enterprise, or any entity in which You have or have had a controlling interest from January 2015 to the present, reflecting het highest balance in said accounts for each month from January 2015 to the present.

**DOCUMENT REQUEST NO. 31**

Produce all checkbooks for all accounts on which You were authorized to withdraw funds from January 2015 to the present.

**DOCUMENT REQUEST NO. 32**

Produce the 2015 and 2016 balance sheets and other financial statements with respect to any and all business enterprises of whatever nature (including not-for-profit enterprises), either foreign or domestic, in which You possess any ownership interest of 10% or more, whether a partner, joint venture, stockholder, or otherwise.

**DOCUMENT REQUEST NO. 33**

Produce all corporate securities (stocks or bonds), foreign or domestic, directly or indirectly held by You, or held on Your behalf or for Your benefit by another individual or entity, including trusts from January 2015 to the Present.

**DOCUMENT REQUEST NO. 34**

Produce all accounts receivable ledgers or other records which set forth the names and addresses of all persons or business enterprises that are indebted to You and the amounts and terms of such indebtedness from August 2016 to the Present.

**DOCUMENT REQUEST NO. 35**

Produce all copies of the partnership or corporation Income Tax Returns for any partnership or corporation, either foreign or domestic, in which You do possess or have possessed any ownership interest of 4% or more whether as partner, joint venture, stockholder or otherwise, from 2014 to the present.

**DOCUMENT REQUEST NO. 36**

Produce all title certificates, registration certificates, bills of sale, and other evidences of ownership possessed by You or held for Your beneficial interest with respect to any of the following described property owned by You or held directly or indirectly for Your beneficial interest from January 2015 to the present:

    a. Motor vehicles of any type, including trucks, other automobiles, and two or three-wheeled vehicles (motorcycles, ATV, etc.).
    b. Aircraft of any type, including jets, propeller planes, and helicopters

12

      c. Boats, launches, cruisers, sailboats, or other vessels of any type
      d. Real estate and real property

**DOCUMENT REQUEST NO. 37**

From January 2012 to the present, produce all documents concerning any source of funding for the TarraMar Project or any other not-for-profit entities with which You are associated, including but not limited to, funding received from the Clinton Global Initiative, the Clinton Foundation (a/k/a William J. Clinton Foundation, a/k/a/ the Bill, Hilary & Chelsea Clinton Foundation), and the Clinton Foundation Climate Change Initiative.

**DOCUMENT REQUEST NO. 38**

Produce all memoranda and/or bills evidencing the amount and terms of all of Your current debts and obligations that exist presently.

**DOCUMENT REQUEST NO. 39**

Produce all records indicating any and all income (whether taxable or not) received by You from all sources from January 2015 to the present.

**DOCUMENT REQUEST NO. 40**

Produce all copies of any and all brokerage account statements or securities owned by You individually, jointly with any person or entity or as trustee, guardian or custodian, from January 2015 to the present, including in such records date of purchase and amounts paid for such securities, and certificates of any such securities.

**DOCUMENT REQUEST NO. 41**

Produce all records pertaining to the acquisition, transfer and sale of all securities by You or on Your behalf from January 2015 to the present, such records to include any and all information relative to gains or losses realized from transactions involving such securities.

**DOCUMENT REQUEST NO. 42**

Produce all policies of insurance having any cash value that exist or existed from January 2015 to the present, which policies You or any entity controlled by You is the owner or beneficiary.

**DOCUMENT REQUEST NO. 43**

      Produce all copies of any and all trust agreements that exist or existed from January 2015 to the present in which You are the settlor or beneficiary together with such documents necessary and sufficient to identify the nature and current value of the trust.


Dated: April 14, 2016

                                      By: /s/ Sigrid McCawley
                                             Sigrid McCawley (Pro Hac Vice)
                                             Meredith Schultz (Pro Hac Vice)
                                             Boies Schiller & Flexner LLP
                                             401 E. Las Olas Blvd., Suite 1200
                                             Ft. Lauderdale, FL 33301
                                             (954) 356-0011

                                             David Boies
                                             Boies Schiller & Flexner LLP
                                             333 Main Street
                                             Armonk, NY 10504

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of April, 2016, I served the attached document PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GHISLAINE MAXWELL via Email to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey S. Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
Email: jpagliuca@hmflaw.com

          /s/ Sigrid S. McCawley
          Sigrid S. McCawley