United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DE 353)

Plaintiff filed a "Supplement," to her Motion for Adverse Inference Instruction, based on new, relevant information in the case, namely, Defendant's behavior and representations that occurred *after* Ms. Giuffre filed her July 13, 2016, Motion for an Adverse Inference Instruction (DE 278). The Motion for Adverse Inference Instruction concerns Defendant's failures and misconduct regarding electronic discovery, and the Supplement concerns Defendant's new electronic discovery misconduct that occurred after the motion was filed. Defendant, wanting the Court to ignore her further misconduct, again, wrongly moves to strike.

**1. The Motion to Strike Should be Denied As Improper**

The instant motion is procedurally improper, as Rule 12(f), Fed. R. Civ. P., permits pleadings to be stricken - not motions nor notices of supplemental authority.[1] *See Huelbig v.*

---

[1] Regardless of whether the Court construes Ms. Giuffre's Supplement as part of her Motion for Adverse Inference or regards it as a Notice of Supplemental Authority because it contains new information, there is no Rule under which Defendant can move to strike the filing. Should the Court prefer the Supplement to be styled differently, Ms. Giuffre is more than happy to refile the document at issue as a Second Motion for Adverse Inference Instruction, or as whatever other style the Court may suggest.

1

*Aurora Loan Services*, LLC, 2011 WL 4348281, at *2 (S.D.N.Y.2011) ("Plaintiff's Motion to Strike is improper because Federal Rule of Civil Procedure 12(f) allows a court to strike pleadings only . . . motions, declarations, and affidavits are not pleadings."); *Del Col v. Rice*, 2014 WL 1834983, at *9 (E.D.N.Y. May 7, 2014) (denying motion to strike portions of memorandum of law as procedurally improper because it was not a "pleading"); 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Motions, briefs, or memoranda ... may not be attacked by the motion to strike.").

This Court recently denied Defendant's previous attempt to strike Ms. Giuffre's Motion for Adverse Inference Instruction (July 22, 2016 Order D.E. 301). There is no Rule under which Defendant can move to strike the supplemental briefing on the same, setting forth new factual grounds that support the motion. The cases she cites in the instant motion are wholly inapposite. Accordingly, this motion to strike requires the same treatment as Defendant's previous motion to strike.

### 2. Defendant's Repeated Disregard for this Court's Order Supports An Adverse Inference

Ms. Giuffre does not want to burden the Court with unnecessary briefing on a topic that has been argued multiple times. *See* Docket Entry 96 (Motion for Forensic Examination); Docket Entry 279 (Motion for Adverse Inference Instruction); Docket Entry 338 (Supplement based in New Information). When Defendant refused to participate in electronic discovery, this Court ordered Defendant to collect and produce data based on mutually agreed upon search terms, (June 20, 2016 Order). When Defendant disobeyed that Order, this Court ordered Defendant to collect and produce data based on Ms. Giuffre's submitted search terms (August 9, 2016 Order, D.E. 352). To date, Defendant has made no document production pursuant to those Orders.

With the pending motion for an adverse inference instruction and the supplement, Ms. Giuffre has set forth the factual basis for an adverse inference instruction as well as the supporting case law. For the reasons contained therein, this Court should grant Ms. Giuffre's Motion for Adverse Inference Instruction and should deny Defendant's Motion to Strike (DE 353).

Dated: August 17, 2016.

          Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP
By: /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
 (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 17, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
       jpagliuca@hmflaw.com

                                           /s/ Sigrid S. McCawley
                                              Sigrid S. McCawley