# United States District Court
## Southern District of New York

Virginia L. Giuffre,

          Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

          Defendant.

_____/


## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S SECOND MOTION TO COMPEL AND FOR SANCTIONS

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ..................................................................................1

II.   DEFENDANT'S ENTIRE MOTION SHOULD BE DENIED............................................1

III.  MOTION TO COMPEL RESPONSES TO INTERROGATORIES SHOULD BE DENIED..................................................................................2

      A.    Interrogatory No. 5.................................................................. 2

            1.    ████████████████████████████████████
                  ███████████████████...........................................2

            2.    ████████████████████████████████████
                  ███████..........................................................3

      B.    Interrogatory No. 6.................................................................. 5

      C.    Interrogatory No. 7.................................................................. 8

      D.    Interrogatory No. 8.................................................................. 10

      E.    Interrogatory No. 13................................................................ 10

            1.    Ms. Giuffre Has Answered This Interrogatory Completely.....................10

            2.    This Court Has Already Ruled Against Defendant on Pre-1999
                  Medical Records, so Defendant is Estopped From Bringing This
                  Argument...............................................................15

            3.    This Request is Overly Burdensome and Disallowed Under New
                  York Law...............................................................17

            4.    The Physician-patient Privilege Applies to These Documents ...............19

      F.    Interrogatory No. 14............................................................... 20

            1.    █████████████████████████..............................20

            2.    ████████████████████████████████████....21

            3.    This Request Seeks Irrelevant Information ...............................22

i

4. ████████████████████████████
███████.................................................................23

5. ████████████████████████
███████.................................................................24

6. Defendant Makes Misrepresentations to the Court ..................................25

7. ████████████████████████████..............25

IV. PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSIONS
ARE NOT DEFICIENT AND DEFENDANT'S MOTION SHOULD BE DENIED ......26

A. Requests for Admission Nos. 1-8 and 13.............................................. 26

B. Requests for Admission Nos. 12..................................................... 28

V. PLAINTIFF'S RESPONSES TO DEFENDANT'S OVERLY BROAD REQUESTS
FOR PRODUCTION ARE COMPLIANT WITH HER DISCOVERY
OBLIGATIONS UNDER THE APPLICABLE RULES AND DEFENDANT'S
MOTION SHOULD BE DENIED ....................................................................30

A. Request for Production No. 1................................................... 30

B. Request for Production No. 4................................................... 36

C. Request for Production No. 9................................................... 36

D. Request for Production No. 10.................................................. 40

E. Requests for Production No. 11 and No. 12 ...................................... 40

VI. CONCLUSION......................................................................42

CERTIFICATE OF SERVICE ....................................................... 44

## <u>TABLE OF AUTHORITIES</u>

Page

### <u>Cases</u>

*Blodgett v. Siemens Industry, Inc.*,
  2016 WL 4203490 (E.D.N.Y., 2016).................................................................. 2

*Does 1 and 2 v. United States*,
  817 F. Supp. 2d 1337 (S.D. Fla. 2011) ............................................................. 39

*Does v. United States*,
  749 F.3d 999 (11th Cir. 2014) .......................................................................... 39

*Dubin*,
  125 F.R.D 372 (S.D.N.Y. 1989). ...................................................................... 30

*Elghanian v. Schachter*,
  1997 WL 607546 (S.D.N.Y. 1997)..................................................................... 1

*Evanko v. Electronic Systems Assoc., Inc.*,
  No. 91 Civ. 2851, 1993 WL 14458 (S.D.N.Y. Jan. 8, 1993)............................ 17

*Gibbons v. Food Lion, Inc.*,
  No. 98-1197-CIV-T-23F, 1999 WL 33226474 (M.D. Fla. Feb.19, 1999) .......... 21

*Havenfield Corp. v. H & R Block, Inc.*,
  67 F.R.D. 93 (W.D.Mo.1973)............................................................................ 30

*Jane Doe 1 v. United States*,
  No. 9:08-cv-80736 (S.D. Fla. July 7, 2008)...................................................... 38

*Jane Does 1 and 2 v. United States*,
  950 F. Supp. 2d 1262 (S.D. Fla. 2013) ............................................................. 39

*Manessis v. New York City Dep't of Transp.*,
  No. 02 CIV. 359SASDF, 2002 WL 31115032 (S.D.N.Y. Sept. 24, 2002) .......... 17

*S.E.C. v. Micro-Moisture Controls*,
  21 F.R.D. 164 (S.D.N.Y.1957) .......................................................................... 30

*Sgambellone v. Wheatley*,
  165 Misc.2d 954, 630 N.Y.S.2d 835 (N.Y. Sup.Ct. 1995)................................. 17

*Silva v. Pioneer Janitorial Servs., Inc.*,
  No. CIV.A. 10-11264-JGD, 2011 WL 4729783 (D. Mass. Oct. 4, 2011)......... 21, 22

*Spin Master Ltd. v. Bureau Veritas Consumer Products Service, Inc.*,
    2016 WL 690819 (W.D.N.Y., 2016) .......................................... 30

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*,
    174 F.R.D. 38 (S.D.N.Y. 1997) .............................................. 31

*Thalheim v. Eberheim*,
    124 F.R.D. 34 (D.Conn.1988)................................................ 30

*United States v. Consolidated Edison Co.*,
    1988 WL 138275 (E.D.N.Y. Dec. 15, 1988) ........................... 30

*Wachtman v. Trocaire College*,
    532 N.Y.S.2d 943 (N.Y. App. Div. 1988) .............................. 17

**Statutes**

18 U.S.C. § 3771 ............................................................. 38, 39

18 U.S.C. § 3771(a)(9)............................................................ 39

Fla. Stat. § 39.202(6)............................................................. 25

Fla. Stat. § 480.041 ............................................................... 19

Fla. Stat. § 794.026 ............................................................... 25

Fla. Stat. § 985.036 ............................................................... 25

Fla. Stat. § 985.04 ................................................................. 25

Fla. Stat. § 985.054 ............................................................... 25

**Rules**

Fed. R. Civ. P. 26 ........................................................... *passim*

Fed. R. Civ. P. 26(a)(1)(A)(i) .................................................... 1

Fed. R. Civ. P. 26(b)(1)...................................................... *passim*

Fed. R. Civ.P. 26(c) .............................................................. 21

Fed. R. Civ. P. 33.3 ............................................................ 9, 35

Fed. R. Civ. P. 35(a)(5).......................................................... 30

Fed. R. Civ. P. 36 ................................................................. 30

Fed. R. Civ. P. 36(a)(4) ........................................................................ 29

Fed. R. Civ. P. 36(a)(5) ........................................................................ 29

Fed. R. Civ. P. 37 ................................................................................... 2

Fed. R. Civ. P. 37.1 ...................................................................... *passim*

Fed. R. Evid. 412 .......................................................................... *passim*

**Other Authorities**

8 C. Wright & A. Miller, Federal Practice and Procedure, § 2258 .............................................. 30

Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771 .............................................................. 38

████████████████████████████████████████ ............................................. 26

Pub. L. 114-22, Title I, § 113(a), (c)(1), May 29, 2015, 129 Stat. 240, 241 ................................ 39

Plaintiff Virginia Giuffre ("Ms. Giuffre"), by and through her undersigned counsel, hereby files this Response in Opposition to Defendant's Motion to Compel and her baseless Motion for Sanctions (DE 354).

## I.   INTRODUCTION

██████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████ ███████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

████████████████████████████ ███████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████

## II.   DEFENDANT'S ENTIRE MOTION SHOULD BE DENIED

Defendant's motion violates Local Rule 37.1, and should be denied for that reason before the Court even reaches the merits. Local Rule 37.1 states that, "upon any motion or application



involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim *in the motion papers* each discovery request and response to which the motion or application is addressed." For the majority of discovery items upon which Defendant moves, Defendant has wholly failed to do this. Instead, Defendant edits out a great deal of Ms. Giuffre's answers and objections to the interrogatories, skipping entire data sets put forth in response to the interrogatories, and skipping Ms. Giuffre most cogent objections.

This is improper conduct. Upon a motion to compel, a Court is called upon to evaluate the discovery requests *as well as the responses and objections*. Local Rule 37.1 is designed to protect against the exact type of self-serving editing of the opposing party's objections that Defendant has done in this brief. Accordingly, the Court should deny Defendant's motion in its entirety for failure to comply with Local Rule 37.1. *See Blodgett v. Siemens Industry, Inc.*, 2016 WL 4203490, at *1 (E.D.N.Y., 2016) (denying motion without prejudice for failure to comply with Local Rule 37.1 (which is the same rule in the Eastern District of New York)).

## III.  MOTION TO COMPEL RESPONSES TO INTERROGATORIES SHOULD BE DENIED

### A.  Interrogatory No. 5





4

**B.**     **Interrogatory No. 6**





**C.     Interrogatory No. 7**

9

**D.**    **Interrogatory No. 8**

**E.**    **Interrogatory No. 13**



















19

**F.**     **Interrogatory No. 14**











## IV.   PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSIONS ARE NOT DEFICIENT AND DEFENDANT'S MOTION SHOULD BE DENIED

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████

### A.   Requests for Admission Nos. 1-8 and 13

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████



**B.**     **Requests for Admission Nos. 12**

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

███████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

**V.      PLAINTIFF'S RESPONSES TO DEFENDANT'S OVERLY BROAD REQUESTS FOR PRODUCTOIN ARE COMPLIANT WITH HER DISCOVERY OBLIGATIONS UNDER THE APPLICABLE RULES AND DFEENDANT'S MOTION SHOULD BE DENIED**

**A.      Request for Production No. 1**

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████









███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

**B.**     **Request for Production No. 4**

█████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████ █

█████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

**C.**     **Request for Production No. 9**

─────────────────────────────

█ ████████████████████████████████████████████████ ██

███████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

**D.**     **Request for Production No. 10**

████████████████████████████████████████

████████ ███████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████

**E.**     **Requests for Production No. 11 and No. 12**

██████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████

████████████████████████████████████████████

██████████████████████████████████████████

───────────────────────

█ ███████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████



## VI.    CONCLUSION

Defendant's brief is bereft of case law, lacking the authority upon which this Court can grant her overly-broad requests, many of which have already been fully satisfied. Similarly, Defendant's motion for sanctions is completely baseless, and should be denied. For the foregoing reasons, Ms. Giuffre respectfully requests Defendant's Motion to Compel and for Sanctions be denied in its entirety.

DATED:  August 17, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Meredith Schultz
      Sigrid McCawley (Pro Hac Vice)
      Meredith Schultz (Pro Hac Vice)
      Boies Schiller & Flexner LLP
      401 E. Las Olas Blvd., Suite 1200
      Ft. Lauderdale, FL 33301
      (954) 356-0011

      David Boies
      Boies Schiller & Flexner LLP
      333 Main Street
      Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
 (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[18]

---

[18] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 17, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com


                                        /s/ Meredith Schultz
                                        Meredith Schultz