United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,           Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE FINANCIAL INFORMATION

Plaintiff, Virginia Giuffre, by and through her undersigned counsel, files this Motion to Compel Defendant to Provide Financial Information. On April 14, 2016, Ms. Giuffre served her Second Request for Production of Documents to Defendant Ghislaine Maxwell, seeking various financial information from the Defendant. Defendant's financial information is highly relevant to this case, particularly in light of Ms. Giuffre's punitive damages claim as well as press reports suggesting that the Defendant may be selling her assets in New York and transferring the money overseas. Accordingly, Defendant should be ordered to produce that information, which Ms. Giuffre agrees would be subject to the existing protective order.

The issue of whether financial information should be produced has been briefed. *See* DE 388. In particular, perhaps anticipating that this motion to compel was about to be filed, on August 12, 2016, Defendant filed a motion for a protective order seeking to justify her failure to produce *any* financial information in response to Ms. Giuffre's discovery request. Today, August 22, 2016, in a contemporaneously-filed brief (DE 388), Ms. Giuffre explains why that motion for a protective order is unfounded. *See* Plaintiff's Response in Opposition to

1

Defendant's Motion for Protective Order Regarding Financial Information (DE 388).  As explained in greater length in that brief, Defendant's financial information is relevant to this case for at least three reasons.  First, the financial information is relevant to show Defendant's apparent transfer of assets out of the jurisdiction of the Court – an effort to conceal assets that show her consciousness of guilt and thus her liability for defamation.  Second, the financial information is relevant to show a financial links to Epstein, and perhaps other co-conspirators.  Third, as Defendant herself is ultimately forced to concede, the financial information is relevant to Ms. Giuffre's punitive damages claims, because of well-settled law that evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded.  *See Restatement (Second) of Torts* § 908, cmt. e (1979) ("[t]he wealth of the defendant is also relevant, since the purposes of exemplary damages are to punish for a past event and to prevent future offenses, and the degree of punishment or deterrence resulting from a judgment is to some extent in proportion to the means of the guilty person.").

Rather than repeat all of those arguments in this brief, in the interest of brevity before the Court, Ms. Giuffre simply adopts all of her facts and arguments from her response brief (DE 388) and incorporates them by reference here.  Ms. Giuffre is filing this separate motion to compel because her understanding of the procedural rules of this Court is that any request for affirmative relief (such an order compelling production of financial information) must be accomplished by means of a separate, affirmative motion rather than simply by making such a request as part of a responsive motion.

Ms. Giuffre's requests for financial information have previously been provided to the Court as Attachment B to Defendant's motion for a protective order.  DE 370 (Attachment B) (Plaintiff's Second Request for Production of Documents to Defendant Ghislaine Maxwell).

Because Defendant has no good reason for refusing to comply with these discovery requests, the Court should order her to produce the requested information. Under Federal Rule of Civil Procedure 34(a), a party may request that another party produce documents in her possession so long as the documents are within the scope of Fed. R. Civ. P. 26(b), which allows for broad discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Information within this scope of permitted discovery need not be admissible in evidence to be discoverable. Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (granting motion to compel). For reasons explained above and in the contemporaneously filed response to Defendant's request for a protective order, the financial information sought is plainly relevant to issues in this case. Accordingly, the Court should enter an order compelling the Defendant to produce it.

Counsel for Ms. Giuffre and Defendant previously conferred on this issue. However, Defendant declined to produce *any* financial information and filed a motion for a protective order. Accordingly, an order from this Court is required to force Defendant to produce the information.

To protect the Defendant from any undue intrusion, Ms. Giuffre would, of course, have no objection to the financial information being provided subject to the previously-entered protective order in this case. As this Court has previously explained, in compelling a defendant to provide discovery of financial information for punitive damage purposes, "any privacy interests defendants may have in confidential financial information produced to plaintiffs can be

secured by the protective order issued by this Court." *Hamm v. Potamkin*, No. 98 CIV. 7425 (RWS), 1999 WL 249721, at *2 (S.D.N.Y. Apr. 28, 1999).

## CONCLUSION

Based upon the foregoing, Ms. Giuffre respectfully requests that this Court compel Defendant to provide the financial information requested in her Second Request for Production of Documents to Defendant Ghislaine Maxwell.

Dated: August 22, 2016

        Respectfully Submitted,
        BOIES, SCHILLER & FLEXNER LLP

        By: /s/ Sigrid McCawley
            Sigrid McCawley (Pro Hac Vice)
            Meredith Schultz (Pro Hac Vice)
            Boies Schiller & Flexner LLP
            401 E. Las Olas Blvd., Suite 1200
            Ft. Lauderdale, FL 33301
            (954) 356-0011

            David Boies
            Boies Schiller & Flexner LLP
            333 Main Street
            Armonk, NY 10504

            Bradley J. Edwards (Pro Hac Vice)
            FARMER, JAFFE, WEISSING,
            EDWARDS, FISTOS & LEHRMAN, P.L.
            425 North Andrews Avenue, Suite 2
            Fort Lauderdale, Florida 33301
            (954) 524-2820

            Paul G. Cassell (Pro Hac Vice)
            S.J. Quinney College of Law
            University of Utah
            383 University St.
            Salt Lake City, UT 84112

(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 22th day of August, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
         jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley