# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**DECLARATION OF PAUL G. CASSELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENOR ALAN M. DERSHWOITZ'S MOTION FOR PERMISSIVE INTERVENTION**

I, Paul G. Cassell, declare that the below is true and correct to the best of my knowledge as follows:

**BACKGROUND**

1. I am a licensed attorney in the state of Utah. I am authorized to practice before this Court pursuant to this Court's Order granting my Application to Appear Pro Hac Vice.

2. I respectfully submit this Declaration in opposition to Proposed Intervenor Alan M. Dershowitz's Motion for Permissive Intervention and Unseal of Judicial Documents, or in the Alternative Modification of the Protective Order.

3. I am the Ronald N. Boyce Presidential Professor of Criminal Law and University Distinguished Professor of Law at the S.J. Quinney College of Law, where I teach criminal procedure, criminal, and crime victims' rights.

1

## THE FLORIDA CRIME VICTIMS RIGHTS ACT CASE

4. Since July 2008, I have been involved in important and precedent-setting crime victims' rights litigation in the Southern District of Florida trying to protect the rights of various victims under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. Along with Florida co-counsel Bradley J. Edwards, I have been pursuing a federal case pro bono on behalf of two young women who were sexually abused as underage girls by Dershowitz's close personal friend – Jeffrey Epstein.



6. During the litigation, Mr. Edwards and I have won several important victories for our clients, including a ruling that the CVRA can apply to protect crime victims' rights even before an indictment is filed. *See* Paul G. Cassell, Nathanael J. Mitchell & Bradley J. Edwards, *Crime Victims' Rights During Criminal Investigations? Apply the Crime Victims' Rights Act Before Criminal Charges are Filed,* 104 J. CRIM. L. & CRIMINOLOGY 58, 67-69 (2014) (describing litigation concerning Epstein).

7. ████████████████████████████

---

[1] In this section of the Declaration, all references to docket entries will be to CVRA case in the Southern District of Florida, No. 9:08-cv-80736.

█████████████████████████████. Further efforts from the Government to avoid producing any discovery followed (*see* generally DE 225-1 at 4-5),[2] ultimately leading to a further Court ruling in June 2013 that the Government should produce documents. DE 189. The Government then produced about 1,500 pages of largely irrelevant materials to the victims (DE 225-1 at 5), while simultaneously submitting 14,825 pages of relevant materials under seal to the Court. The Government claimed that these pages were "privileged" for various reasons, attaching an abbreviated privilege log.

8. While these discovery issues were pending, in the summer of 2014, Mr. Edwards and I contacted Government counsel to request their agreement to add two additional victims to the case, including Ms. Virginia Giuffre (who was identified in court pleadings as "Jane Doe No. 3"). Edwards and I sought to have her added to the case via stipulation, which would have avoided the need to include any detailed facts about her abuse. Weeks went by and the Government – as it had done on a similar request for a stipulation to add another victim – did not respond to counsel's request for a stipulation.

9. Finally, on December 10, 2014, despite having had four months to provide a position, the Government responded by email to counsel that it was seeking more time, indicating that the Government understood that victims' counsel might need to file a motion with the court on the matter immediately. DE 291 at 3-5. Rather than file a motion immediately, victims' counsel waited and continued to press the Government for a stipulation. *See id.* at 5. Finally, on December 23, 2014 – more than four months after the initial request for a stipulated joinder into the case – the Government tersely indicated its objection, without indicating any

---

[2] Jeffrey Epstein also attempted to block discovery of materials, leading to an Eleventh Circuit ruling that the victims' discovery efforts were proper. *Doe v. Epstein*, 749 F.3d 999 (11th Cir. 2014).

reason: "Our position is that we oppose adding new petitioners at this stage of the litigation." See DE 291 at 5.

10. Because the Government now contested the joinder motion, Edwards and I prepared a more detailed pleading explaining the justification for granting the motion. One week after receiving the Government's objection, on December 30, 2014, Ms. Giuffre (i.e., Jane Doe No. 3) and Jane Doe No. 4 filed a motion (and later a corrected motion) seeking to join the case. DE 279 and DE 280. Uncertain as to the basis for the Government's objection, the motion briefly proffered the circumstances that would qualify the two women as "victims" eligible to assert rights under the CVRA. *See* 18 U.S.C. 3771(e) (defining "crime victim" protected under the Act). ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████

11. After the motion was filed, various news organizations published articles about it. Dershowitz also made numerous media statements about the filing, including calling Jane Doe No. 3 "a serial liar" who "has lied through her teeth about many world leaders." http://www.cnn.com/2015/01/06/us/dershowitz-sex-allegation/. Dershowitz also repeatedly called Edwards and me "two sleazy, unprofessional, disbarable lawyers." *Id.* He made many similar remarks of an equivalent character, and also stated in media appearance that if we had

done one hour of work investigating Ms. Giuffre's allegations of sexual abuse against him, we would have immediately seen that those allegations were false.

12. On January 5, 2015, Dershowitz filed a motion to intervene to argue to have the allegations stricken. DE 282. Dershowitz also argued that Ms. Giuffre had not provided a sworn affidavit attesting to the truth of her allegations.

13. On January 21, 2015, Edwards and I filed a response for our clients, Ms. Giuffre and Jane Doe No. 4. DE 291. ███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████

14. On February 6, 2015, Edwards and Cassell filed a further pleading (and affidavit from Ms. Giuffre, *see* DE 291-1) in support of her motion to intervene.

15. On April 7, 2015, Judge Marra denied Ms. Giuffre's motion to join the case. Judge Marra concluded that "at this juncture in the proceedings" details about the sexual abuse she had suffered was unnecessary to making a determination "of whether Jane Doe 3 and Jane Doe 4 should be permitted to join [the other victims'] claim that *the Government* violated their rights under the CVRA. The factual details regarding with whom and where the Jane Does engaged in sexual activities are impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering

5

that the details involve non-parties who are not related to the respondent Government." DE 324 at 5 (emphasis in original). While Judge Marra struck those allegations, he emphasized that "Jane Doe 3 is free to reassert these factual details through proper evidentiary proof, should [the victims] demonstrate a good faith basis for believing that such details are pertinent to a matter presented for the Court's consideration. Judge Marra then denied Ms. Giuffre's motion to join the case, but allowed her to participate as trial witness: "The necessary 'participation' of [Ms. Giuffre] . . . in this case can be satisfied by offering . . . properly supported − and relevant, admissible, and non-cumulative − testimony as needed, whether through testimony at trial . . . or affidavits supported in support [of] the relevancy of discovery requests." DE 324 at 8 (emphasis deleted).

16. In a later supplemental order, Judge Marra stated that the victims "may re-refile these documents omitting the stricken portions." DE 325. The victims have since refiled these documents.

17. The CVRA case continues to be litigated, and the victims filed a comprehensive motion for summary judgment earlier this year. *See* DE 361 (filed Feb. 10, 2016; government response not yet filed).

**THE FLORIDA DEFAMATION CASE**



19. Rather than try these questions in the media, Mr. Edwards and I filed a defamation action in Florida against Dershowitz. We were represented by well-known Florida attorney Jack Scarola.









Sealed Exhibit 1, Depo. of Paul Cassell (Oct. 16 & 17, 2015), at 61-117.

22. Ms. Giuffre was not a party to the litigation between Dershowitz, Mr. Edwards, and me.

23. During the course of the litigation, however, Dershowitz sought to obtain discovery from Ms. Giuffre. In particular, Dershowitz sought to obtain from Ms. Giuffre (a non-party to the action) all of her emails with the media. The Court denied his discovery request. Attached hereto as Sealed Exhibit 2 is a true and correct copy of the court's order denying that discovery.

24. Dershowitz produced many documents in the course of discovery in that case – and, ironically, he placed many document under a protective order in Florida. Attached hereto as

Sealed Exhibit 3 is a true and correct copy of the court's protective order, which Dershowitz used to keep documents under seal.

███████████████████████████████████████████████████████████████

26. Ultimately, Dershowitz settled the defamation case. That settlement included both a public statement and confidential monetary payments. As part of the settlement, Edwards and I withdrew our allegations against Dershowitz in the defamation case contained in the then-pending summary judgment motion and Dershowitz withdrew his allegations of unethical conduct, as reflected in the Notice of Withdrawal of Motion for Partial Summary Judgment attached hereto as Sealed Exhibit 4.

27. As Mr. Edwards and I explained in the notice of withdrawal of this motion, "the withdrawal of the referenced filings is not intended to be, and should not be construed as being, an acknowledgement by Edwards and Cassell that the allegation made by Ms. Giuffre were mistaken. Edwards and Cassell do acknowledge that the public filing in the Crime Victims' Rights Act case of their client's allegation against Defendant Dershowitz became a major distraction from the merits of the well-founded Crime Victims' Rights Act by causing delay and, as a consequence, turned out to be a tactical mistake." *Id.*

28. Contrary to representations made by Dershowitz in his brief (DEC ¶24 at pg. 5), in settling our personal defamation case against Dershowitz, Edwards and I have *never* reached any conclusion that Ms. Giuffre – our client -- was mistaken in her allegations that Dershowitz sexually abused her.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Paul G. Cassell
Paul G. Cassell, Esq.

Dated: August 29, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Meredith Schultz
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[3]

---

[3] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 29, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>           jpagliuca@hmflaw.com

/s/ Meredith Schultz
Meredith Schultz