UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**DEFENDANT'S RESPONSE TO, AND REQUEST TO STRIKE, PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE FINANCIAL INFORMATION <u>OR IN THE ALTERNATIVE, LEAVE TO FILE SUR-REPLY</u>**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Response and Request to Strike Plaintiff's Motion to Compel Defendant to Produce Financial Information, Or in the Alternative, Leave to File Sur-Reply, and states as follows:

## I. THE MOTION TO COMPEL SHOULD BE STRICKEN OR DENIED AS PROCEDURALLY IMPROPER

In her latest attempt to contort the rules of civil procedure to get the "last word," Plaintiff files an unnecessary and procedurally improper Motion to Compel contemporaneously with her Response to a Motion for Protective Order on the exact same subject matter. Plaintiff admits that the Motion to Compel relates to the same subject matter as Ms. Maxwell's Motion for Protective Order. She makes no additional argument, incorporating her entire Response to the Motion for Protective Order by reference. This improper use of the Rules of Civil Procedure should not be condoned and alone is reason to strike the Motion to Compel.

This is the third tactic Plaintiff has used to unnecessarily multiply the proceedings in this litigation and cause unnecessary, redundant briefings and filings that exceed the permitted filings under the Federal and Local Rules. The rules on Motions are clear. There are three filings - a Motion, a Response, and a Reply. *See* Fed. R. Civ. P. 7(b)(1); S.D.N.Y Loc.R. 7.1(b). "There is no need to file a motion to compel the same discovery that is the subject of a motion for protective order." *Sanchez v. Matta*, 229 F.R.D. 649, 656–57 (D.N.M. 2004) (denying improperly filed motion to compel on the same subject and motion for protective order). As explained in *Sanchez,* "[Plaintiff's] motion is unnecessary because it is redundant of what the parties present in the Defendants' motion for protective order. If the Court denies the Defendants' motion for protective order, the discovery goes on, as [Plaintiff] requests." *Id.*

Prior to this unnecessary and frivolous filing, Plaintiff has attempted two other tactics in an attempt to avoid the proper limitations on filings. First, she filed a Sur-Reply, without leave

1

of court (Doc. #272), resulting in the need for a Sur-Sur-Reply to respond to her newly raised issues.  Doc. #296 & 303.  Next, knowing that the excessive briefings were not reaching the intended result of getting the last word, Plaintiff used the improper method of filing "Supplemental Authority" – an improper Sur-Reply by a different name.  *See* Doc. #313 & 338.  All of these excessive filings, many of them containing improper argument or misstatements of fact, have only engendered additional unnecessary filings and litigation and improperly multiplied these proceedings.  Indeed, this Response is a completely unnecessary exercise, as the Motion for Protective Order on the very same subject matter was fully briefed as of August 29, 2016.  There is no more to say.  The harassing and duplicative Motion to Compel should be stricken or denied as moot.

**II.   THE MOTION TO COMPEL IS SUBSTANTIVELY DEFICIENT AND FAILS AS A MATTER OF LAW**

If Plaintiff is to be taken at her word that she believed a separate Motion to Compel was required to obtain the affirmative relief of obtaining production, the motion must be denied prior to the filing of a Reply because it is procedurally and substantively deficient.  Under S.D.N.Y. Loc. R. 37.1, "the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed.  The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response."  Plaintiff completely fails to meet this requirement.  There is no statement specifying the discovery requests she seeks to be compelled.  Certainly, there is no argument regarding each of those specific requests showing how or why they are relevant to the actual claims or defense in this matter.  Rule 37.1 "is not an academic or ritual requirement."  *Kilkenny v. Greenberg Traurig, LLP,* No. 05 CIV. 6578NRB, 2008 WL 371808, at *1 (S.D.N.Y. Feb. 7, 2008); *see also Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088-RMB-

HBP, 2016 WL 616386, at *10 (S.D.N.Y. Feb. 16, 2016) (denying motion to compel based in part of failure to comply with Rule 37.1); *Gorman v. Cty. of Suffolk,* No. CV 08-533 ADS AKT, 2009 WL 5093680, at *1 (E.D.N.Y. Dec. 15, 2009) (denying motion to compel and requiring filing compliant with Rule 37.1).

     Ms. Maxwell cannot be asked to respond to the Motion to Compel, nor can the Court be asked to evaluate the Motion, when Plaintiff has not specified the documents sought or made any factual or legal argument to claim their relevance in this limited defamation action.  Plaintiff does not even attempt to identify by request number which documents she seeks to compel.  Where a party fails "to provide any argument as to why the documents [s]he is seeking are relevant to his case" merely providing a "bare-bones motion and memorandum of law merely allege, without further explanation, that the defendant has 'not provided plaintiff with documents [p]laintiff requested'" the failure to argue or establish relevance is "fatal to [her] motion to compel." *Perkins v. Chelsea Piers Mgmt.,* No. 11 CIV. 8998 ALC JCF, 2012 WL 4832814, at *1 (S.D.N.Y. Oct. 10, 2012); *see also Zanowic v. Reno*, 97 Civ. 5292, 2000 WL 1376251, at *6 (S.D.N.Y. Sept. 25, 2000) ("Since the party seeking discovery bears the burden of initially showing relevance, [the moving party's] failure to explain the relevance of this information is fatal to [its] motion to compel."); *Mandell*, 2007 WL 3022552, at *1 (quashing plaintiff's request for production of documents because "Plaintiff has not demonstrated the relevance of any of his requests").

     Indeed, the only argument made in the motion to compel relates to the alleged sale of Ms. Maxwell's townhouse, which might arguably be covered by Request for Production Number 26, although it is never identified in the Motion.  There is no argument or analysis for relevance of production of a single other piece of "financial information."  The Court should not be required

3

to scour the discovery requests and responses to determine how Plaintiff's arguments relate to the discovery she seeks to compel, or which requests she seeks to compel. It would be improper for a Court to have to "attempt to identify the[n] evaluate the sufficiency of the production as measured against the relevant scope of [Plaintiff's] document requests" where the moving party has failed to identify the requests and the alleged deficiencies. *Kilkenny*, 2008 WL 371808, at *1. "More importantly, however, the Court cannot be tasked with performing the functions of [Plaintiff's] legal counsel and thereby seen as advocating for one party over another." *Id.*

To the extent that the unarticulated claimed relevance relates to Plaintiff's punitive damages claims, that matter has been fully briefed in the Motion for Protective Order and the Reply, which are incorporated herein by reference.

## III. IF THE MOTION IS NOT STRICKEN OR DENIED, MS. MAXWELL REQUESTS LEAVE TO FILE A SUR-REPLY

If the Court accepts Plaintiff's Motion to Compel and permits a Reply in Support of the Motion, it will likely address the deficiencies raised herein, which would effectively prevent an actual substantive Response. Alternatively, it may address the issues raised in the Motion for Protective Order, thereby constituting a Sur-Reply. If such a filing is accepted, Ms. Maxwell requests leave to file a Sur-Reply to address any newly raised issues or arguments to which she would not otherwise have an opportunity to respond.

**WHEREFORE**, Defendant Ghislaine Maxwell respectfully requests that the Court either strike the improper Motion to Compel or deny it in its entirety prior to the filing of a Reply. If a Reply is accepted and considered, Ms. Maxwell requests leave to file a Sur-Reply on any newly raised factual or legal issues or arguments.

Dated: August 31, 2016

                                                  Respectfully submitted,

                                                  */s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

5

## CERTIFICATE OF SERVICE

I certify that on August 31, 2016, I electronically served this *Defendant's Response to, and Request To Strike, Plaintiff's Motion To Compel Defendant To Produce Financial Information, Or In The Alternative, Leave To File Sur-Reply* via ECF on the following:

Sigrid S. McCawley
Meredith Schitz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons