# United States District Court
## Southern District of New York

Virginia L. Giuffre,

               Plaintiff,                    Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

               Defendant.

_____/

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT TO PRODUCE FINANCIAL INFORMATION

Plaintiff, Virginia Giuffre, by and through her undersigned counsel, files this Reply in

Support of her Motion to Compel Defendant to Provide Financial Information. Because defendant

cannot effectively contest the fact that the financial information is highly relevant to the case, the

motion should be granted.

## I.      PROCEDURAL BACKGROUND

The pending motion asks the Court to compel Defendant Maxwell to provide financial

information.  Ms. Giuffre first sought financial information from Defendant on April 14, 2016,

when Ms. Giuffre served a Second Request for Production of Documents on Defendant, seeking

financial information from the Defendant. The issue of whether financial information should be

produced has been previously briefed. In particular, perhaps anticipating that a motion to compel

was about to be filed, on August 12, 2016, Defendant filed a motion for a protective order

seeking to justify her failure to produce *any* financial information in response to Ms. Giuffre's

discovery request. DE 370.  On August 22, 2016, Ms. Giuffre filed a response explaining why

that motion for a protective order was unfounded. *See* Plaintiff's Response in Opposition to Defendant's Motion for Protective Order Regarding Financial Information, DE 388. As explained in greater length in that brief, Defendant's financial information is relevant to this case for at least three reasons. First, the financial information is relevant to show Defendant's apparent transfer of assets out of the jurisdiction of the Court – an effort to conceal assets that show her consciousness of guilt and thus her liability for defamation. Second, the financial information is relevant to show a financial links to Epstein, and perhaps other co-conspirators. Third, as Defendant herself is ultimately forced to concede, the financial information is relevant to Ms. Giuffre's punitive damages claims, because of well-settled law that evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded. *See Restatement (Second) of Torts* § 908, cmt. e (1979) ("[t]he wealth of the defendant is also relevant, since the purposes of exemplary damages are to punish for a past event and to prevent future offenses, and the degree of punishment or deterrence resulting from a judgment is to some extent in proportion to the means of the guilty person.").

At the same time as Ms. Giuffre responded to the Defendant's motion for a protective order, she also filed a motion to compel Defendant to produce her financial information.  DE 390.  As she explained in her motion, she understood that the Court's procedural rules specifically required a separate motion whenever affirmative relief was being sought – e.g., when a court order directing a Defendant to produce materials was being sought.  *Id*. at 2.[1]  She also noted that the discovery requests regarding financial information that she was seeking to enforce

---

[1] *See* Local Civil Rule 7.1 (b) ("Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above, and an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1) above [a rule which, in turn, requires a "notice of motion" and a memorandum of law).

had previously been provided to the Court, so she simply cross-referenced to the text of those requests there.  *Id*. at 2.

On September 1, 2016, the Defendant filed a pleading styled "Defendant's Response to, and Request to Strike, Plaintiff's Motion to Compel Defendant to Produce Financial Information or in the Alternative, Leave to File Sur-Reply."  DE 414.  The Defendant raised three arguments, each of which is without merit.

## II.    ARGUMENT

### A.    <u>A Motion for Affirmative Relief is Procedurally Proper and Required</u>.

First, Defendant claimed that it was procedurally improper for Ms. Giuffre to file a motion to compel seeking production of the same discovery as covered by the earlier motion for a protective order.  In support of this argument, Defendant cited a case from the District of New Mexico, where the judge had concluded that, in that particular case, both a response to a motion for a protective order and a motion to compel were not required.  *See* DE 414 at 1 (*citing Sanchez v. Matta*, 229 F.R.D. 649, 656-57 (D.N.M. 2004)).  But that ruling turned on the facts of that particular case, where a motion to compel was not necessary to obtain affirmative relief and the local rules provided a particular procedure for litigating the discovery issue at hand.  *See* 229 F.R.D. at 656 (*citing* New Mexico Local Rule CV 7.1(a)).  Defendant does not explain how in this case, merely because the Court denies her request for a protective order, such an order would force her to produce her financial information.  Particularly given the track record of the Defendant in this case where production of documents has been essentially non-existent without court order, an affirmative motion was appropriate.  Nor did the Defendant discuss the applicable local rule from *this* Court requiring a notice of motion from "an opposing party who seeks relief that goes beyond the denial of the motion."  S.D.N.Y. Local Civil R. 7.1(b).

**B.      A Second Incorporation of a Document Previously Provided to the Court is Not Required by the Local Rules.**

Second, Defendant argued that Ms. Giuffre had deviated from Local Civil Rule 37.1, which provides that "[u]pon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed."  DE 414 at 2.  In her motion, Ms. Giuffre had noted that the financial discovery requests at issue had previously been provided to the Court, in their entirety, as an attachment to the Defendant's related motion for a protective order.  *See* DE 390 at 2; (noting that "Ms. Giuffre's requests for financial information have previously been provided to the Court as Attachment B to Defendant's motion for a protective order. DE 371 (Attachment B) (Plaintiff's Second Request for Production of Documents to Defendant Ghislaine Maxwell).").  In view of the fact that the Court already had the requests in question in pleadings associated with the motion (DE 371, Ex. B), Ms. Giuffre had given the local rules the common sense interpretation that it was not necessary for her to incorporate those requests into her pleading as well.  To eliminate all doubt on this issue now, Ms. Giuffre has reproduced each of the discovery requests as an Addendum to this pleading below.

Defendant also claims that there is no argument as to why the various requests are relevant to the matter at hand.   But Ms. Giuffre had explained in her response to the motion for a protective order, quite directly, why she was concerned that Ms. Maxwell as transferring assets overseas beyond the reach of the Court – including Defendant's recent sale of her $15 million townhome in Manhattan.  DE 388 at 2-4.  Ms. Giuffre concluded her argument by noting that Defendant Maxwell could obviate this concern by simply certifying to the Court that the proceeds from that sale would remain reachable by Ms. Giuffre to satisfy any judgment:

> The Court should review Defendant's reply to this pleading carefully to see if she represents to the Court that the $15 million in assets she has apparently concealed will be made available to satisfy any judgment that Ms. Giuffre might obtain in this case. If Defendant fails to make such a representation, the Court can draw the obvious inference that Defendant is attempting to hide her assets to escape responsibility for paying any ultimate judgment here.

DE 388 at 4 n.3.

In her reply – as Ms. Giuffre had forewarned – Defendant did not take the simple step of representing to the Court that her assets would remain available to satisfy any judgment. Instead, Defendant cagily stated only that "[i]t is pure unsupported speculation that sale proceeds are being 'secreted' away . . . ."   DE 404 at 4.  The Court will notice that the Defendant, while calling the issue "speculation," did not deny the overseas transfer of assets.  It is this concern about hiding assets that makes it necessary for the Ms. Giuffre to have a complete financial picture of the Defendant.  Obviously, only Defendant knows where she is secreting the proceeds from the sale of her townhome (and other possible asset liquidations or transfers), which is one reason why Ms. Giuffre has propounded a standard and comprehensive set of financial discovery requests.[2]

**C.**   **An Anticipatory Request for a Sur-Reply is Improper and Should be Denied.**

Finally, Defendant makes an anticipatory request for a sur-reply.  See DE 414.  Such a request is inappropriate, because the Defendant should at least read Ms. Giuffre's reply before deciding whether she needs a sur-reply.  If Defendant reviews this reply and concludes that a sur-reply appears necessary, she should then confer with Ms. Giuffre's counsel about whether the motion could be a stipulated consent motion, rather than a contested motion.  Ms. Giuffre's

---

[2] The other reasons are fully briefed in Ms. Giuffre's response to the motion a protective order, DE 388 at 2-20, as Defendant herself appears to concede.  *See* 414 at 4 (noting that the protective order motion "has been fully briefed").

counsel would trust that Defendant will state clearly whether or not the proceeds from the sale of her town home remain available to satisfy any judgment in this case.[3]

## III.    CONCLUSION

Based upon the foregoing, Ms. Giuffre respectfully requests that this Court compel Defendant to provide the financial information requested in her Second Request for Production of Documents to Defendant Ghislaine Maxwell.  An addendum listing these requests verbatim is found below.

September 6, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Meredith Schultz (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies Schiller & Flexner LLP
    333 Main Street
    Armonk, NY 10504

    Bradley J. Edwards (Pro Hac Vice)
    FARMER, JAFFE, WEISSING,
    EDWARDS, FISTOS & LEHRMAN, P.L.
    425 North Andrews Avenue, Suite 2
    Fort Lauderdale, Florida 33301
    (954) 524-2820

---

[3] Defendant has previous promised only to include proceeds of the sale in any net worth affidavit that she might later provide.  Reply at 4. But, of course, there is a vast difference between proceeds that are part of one's net worth and proceeds that will be made available voluntarily to satisfy an American court judgment.  Defendant has not stated directly whether the proceeds have remained in this country or whether, for example, they have been moved overseas to a "tax haven" country or other difficult-to-reach location.

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[4]

---

[4] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## ADDENDUM CONTAINING FINANCIAL DISCOVERY REQUESTS AND OBJECTIONS

Request No. 21: Produce all copies of the complaints in any lawsuits that You have filed in any court in which You seek damages or any other financial recovery from 2014 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 22: Produce all Financial Statements prepared for or submitted to any Lender or Investor for the past three years by You personally or on Your behalf or on behalf of any entity in which You hold or held a controlling interest from January 2015 to the Present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 23: Produce all W-2s, K-1s, and any other documents reflecting any income (including salary, bonuses, dividends, profit distributions, royalties, advances, annuities, and any other form of income), including all gross and net revenue received by You directly or indirectly from January 2015 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 24: Produce all tax returns filed with any taxing entity (either foreign or domestic) from January 2015 to the present by You or on Your behalf, or on behalf of any entity in which You hold or held a controlling interest at the time of filing.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 25: Produce all bank statements or other financial statements which were prepared by You, on Your behalf or by or on behalf of any entity in which You held an ownership interest of 10% or more at any time from January 2015 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at

issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 26:  Produce all deeds and titles to all real property owned by You or held on Your behalf either directly or indirectly at any time from January 2015 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 27: Produce all passbooks (or other documents showing account balances) with respect to all savings accounts, checking accounts, and savings and loan association share accounts owned by You or on which You hold a right or have held a right to withdraw funds at any time from January 2015 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request

in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 28: Produce all passbooks (or other documents showing account balances) with respect to all savings accounts, checking accounts and savings loan association share accounts, owned by You in whole or in party jointly as co-owner, partner, or joint venture, in any business enterprise, or owned by an entity in which You have or have had a controlling interest at any time from January 2015 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 29: Produce all bank ledger sheets (from the internet or otherwise) concerning all bank accounts in which You have a right to withdraw funds, reflecting the highest balance in said
accounts from January 2015 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

<u>Request No. 30:</u> Produce all bank ledger sheets (from the internet or otherwise) concerning all bank accounts owned by You solely, or jointly as co-owner, partner, or joint venture, in any business enterprise, or any entity in which You have or have had a controlling interest from January 2015 to the present, reflecting het highest balance in said accounts for each month from January 2015 to the present.

<u>Response:</u> Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

<u>Request No. 31:</u> Produce all checkbooks for all accounts on which You were authorized to withdraw funds from January 2015 to the present.

<u>Response:</u> Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

<u>Request No. 32:</u> Produce the 2015 and 2016 balance sheets and other financial statements with respect to any and all business enterprises of whatever nature (including not-for-profit enterprises), either foreign or domestic, in which You possess any ownership interest of 10% or more, whether a partner, joint venture, stockholder, or otherwise.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 33: Produce all corporate securities (stocks or bonds), foreign or domestic, directly or indirectly held by You, or held on Your behalf or for Your benefit by another individual or entity, including trusts from January 2015 to the Present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 34: Produce all accounts receivable ledgers or other records which set forth the names and addresses of all persons or business enterprises that are indebted to You and the amounts and terms of such indebtedness from August 2016 to the Present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at

issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 35: Produce all copies of the partnership or corporation Income Tax Returns for any partnership or corporation, either foreign or domestic, in which You do possess or have possessed any ownership interest of 4% or more whether as partner, joint venture, stockholder or otherwise, from 2014 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 36: Produce all title certificates, registration certificates, bills of sale, and other evidences of ownership possessed by You or held for Your beneficial interest with respect to any of the following described property owned by You or held directly or indirectly for Your beneficial interest from January 2015 to the present:

      a. Motor vehicles of any type, including trucks, other automobiles, and two or three-wheeled vehicles (motorcycles, ATV, etc.).
      b. Aircraft of any type, including jets, propeller planes, and helicopters
      c. Boats, launches, cruisers, sailboats, or other vessels of any type
      d. Real estate and real property

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell

14

objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 37: From January 2012 to the present, produce all documents concerning any source of funding for the TarraMar Project or any other not-for-profit entities with which You are associated, including but not limited to, funding received from the Clinton Global Initiative, the Clinton Foundation (a/k/a William J. Clinton Foundation, a/k/a/ the Bill, Hilary & Chelsea Clinton Foundation), and the Clinton Foundation Climate Change Initiative.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 38: Produce all memoranda and/or bills evidencing the amount and terms of all of Your current debts and obligations that exist presently.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial

information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 39: Produce all records indicating any and all income (whether taxable or not) received by You from all sources from January 2015 to the present.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Request No. 40: Produce all copies of any and all brokerage account statements or securities owned by You individually, jointly with any person or entity or as trustee, guardian or custodian, from January 2015 to the present, including in such records date of purchase and amounts paid for such securities, and certificates of any such securities.

Response: Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move

for a Protective Order with regard to this Request, without further conferral.

    <u>Request No. 41:</u> Produce all records pertaining to the acquisition, transfer and sale of all securities by You or on Your behalf from January 2015 to the present, such records to include any and all information relative to gains or losses realized from transactions involving such securities.

    <u>Response:</u> Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

    Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

    Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

    <u>Request No. 42:</u> Produce all policies of insurance having any cash value that exist or existed from January 2015 to the present, which policies You or any entity controlled by You is the owner or beneficiary.

    <u>Response:</u> Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

    Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

    Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

    <u>Request No. 43:</u> Produce all copies of any and all trust agreements that exist or existed from January 2015 to the present in which You are the settlor or beneficiary together with such documents necessary and sufficient to identify the nature and current value of the trust.

    <u>Response:</u> Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

    Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

    Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 6, 2016, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing

document is being served to all parties of record via transmission of the Electronic Court Filing

System generated by CM/ECF.

      Laura A. Menninger, Esq.
      Jeffrey Pagliuca, Esq.
      HADDON, MORGAN & FOREMAN, P.C.
      150 East 10th Avenue
      Denver, Colorado 80203
      Tel: (303) 831-7364
      Fax: (303) 832-2628
      Email: lmenninger@hmflaw.com
              jpagliuca@hmflaw.com


                             /s/ Meredith Schultz
                                Meredith Schultz