UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X


**DEFENDANT'S RENEWED MOTION TO COMPEL SETTLEMENT AGREEMENT**


Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell"), pursuant to Fed. R. Civ. P. 37(a)(3), files this Renewed Motion to Compel Settlement Agreement regarding the confidential settlement agreement between Plaintiff and Jeffery Epstein, and states as follows:

## INTRODUCTION

As part of her scorched earth litigation practice, Plaintiff, without any legal basis, continues to withhold production of a settlement agreement and the amount of her settlement between herself and Jeffrey Epstein.  Initially, Plaintiff improperly conditioned production of the document by requiring that counsel for Ms. Maxwell obtain a "waiver from Mr. Epstein." Although it was not Ms. Maxwell's burden to do so, in an attempt to avoid filing this Motion, counsel for Ms. Maxwell obtained the waiver from counsel for Mr. Epstein.  These efforts were apparently useless because, although counsel for the Plaintiff promised the Court that she would "gladly" produce the documents with a "waiver from Mr. Epstein," she has reneged on that promise, forcing Ms. Maxwell to file yet another motion to compel production of relevant, discoverable information in Plaintiff's possession.  Plaintiff's refusal to produce the document is groundless and the Court should order production of the document forthwith and sanction Plaintiff for her conduct.

## STATEMENT OF CONFERRAL

The undersigned has conferred extensively with Plaintiff's counsel on this issue by telephone and email, as demonstrated in the correspondence attached hereto in Menninger Decl. Ex. B.  The parties have been unable to reach a resolution without the need for Court intervention.

I.   **PROCEDURAL HISTORY**

- On February 12, 2016 Ms. Maxwell served her First Set of Discovery Requests on Plaintiff.  Request Number 19 requested "Any Document reflecting a confidentiality agreement, settlement agreement, or any contractual agreement of any kind, between You

1

- and Jeffrey Epstein, or any attorneys for You and/or Mr. Epstein." Menninger Decl. Ex. A.

- On March 16, 2016 Defendants responded to the Request for production stating "Ms. Giuffre is in possession of a document that contains a confidentiality provision. If Defendant obtains, and produces to Ms. Giuffre, a written waiver from . . . Mr. Epstein, of the confidentiality provision, she will produce the document." Menninger Decl. Ex. A

- On March 31, 2016, Ms. Maxwell moved to compel production of, *inter alia,* the Settlement Agreement between Plaintiff and Mr. Epstein. Doc. #75.

- On April 4, 2016, Plaintiff represented in Response that she "is willing to produce the Settlement Agreement and all documents concerning the Settlement Agreement if Defendant gets a waiver of liability from Jeffrey Epstein for its disclosure." Doc. #78 at 15. Indeed, with a "waiver of the confidentiality clause from Jeffrey Epstein," she said she would "gladly turn over" information regarding the amount of her settlement with Mr. Epstein. *Id.* at 2.

- On April 21, 2016, the Court held a hearing on the Motion to Compel. At the hearing, Plaintiff's counsel represented to the Court:

    "The other things, your Honor, that she has raised is, for example, she had asked for the Epstein settlement agreement and that was one of the things she had asked for. **We agreed to produce that if we got the waiver from Mr. Epstein because we can't produce it without that waiver.** I believe that covers it, your Honor." (Transcript of April 21, 2016 at 19).

- The Court did not specifically issue a ruling on the Motion to Compel concerning Request for Production 19, presumably relying upon Plaintiff's counsel's representation.

- On August 16, 2016, Mr. Epstein's counsel provided a written waiver of claims concerning the confidentiality provision of the settlement agreement as requested by Plaintiff. Mr. Poe, Mr. Epstein's counsel stated "I am authorized to state that Jeffrey Epstein is willing to agree not to sue plaintiff's counsel/plaintiff if the settlement agreement is disclosed to defendant Maxwell's counsel provided that (1) the settlement agreement is designated as confidential under the protective order; (2) the settlement agreement is deemed fully subject to the protective order; and (3) the settlement agreement (including individual terms) will not be publicly disclosed or used in court proceedings without notice to Mr. Epstein and an opportunity to be heard." Menninger Decl. Ex. B.

Despite Mr. Epstein's specific waiver of any claim concerning the confidentiality provision of the settlement agreement between himself and Plaintiff based on the production of the document, Plaintiff continues to refuse to produce this document. Plaintiff now claims that Ms. Maxwell must obtain the document from a third party – Mr. Epstein. Menninger Decl., Ex.

2

B. She requires this despite acknowledging that Ms. Maxwell has no right to demand these documents from a third party instead of Plaintiff because it is an improper use of a third party subpoena. *Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, No. 10-CV-35A SR, 2013 WL 5652759, at *3 (W.D.N.Y. Oct. 15, 2013) (imposing sanctions under Rule 45 where party imposed an undue burden on a third party by, among other things, failing to seek documents from party to the action); *Burns v. Bank of America,* 2007 WL 1589437, at *4 (S.D.N.Y. June 4, 2007) (if documents available from a party, preferable to obtain them pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45).

Mr. Epstein will likely move to quash as he has specifically stated. Plaintiff has no basis for non-production. The Settlement Agreement is readily available and within her control. Plaintiff's failure to abide by her representations to Ms. Maxwell and the Court have forced this unnecessary Motion to Compel.

## II.  THE SETTLEMENT AGREEMENT IS RELEVANT TO THE CLAIMS AND DEFENSES

No one contests that the Settlement Agreement between Plaintiff and Mr. Epstein is relevant. Plaintiff sued Mr. Epstein in 2009 under various theories for his alleged sexual abuse of her from 1998 to 2002. Plaintiff's damages claims alleged:

> Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages

Menninger Decl. Ex. C.

Plaintiff alleges the same damages in this case. She claims that "[t]he defamation caused Ms. Giuffre to re-live the sexual abuse she previously endured" as alleged against Mr. Epstein, which claims have been settled. *Plaintiff's Rule 26(a) Disclosures*, Menninger Decl. Ex. D.

3

Plaintiff's settlement with Mr. Epstein is relevant to multiple issues including, but not limited to: 1) Plaintiff's own valuation of her damages for the types of damages alleged in that matter, 2) whether Plaintiff has already been fully compensated for any past and future alleged pain and suffering relating to the alleged sexual abuse she endured, 3) the scope of the parties and claims released in the agreement, and 4) Ms. Maxwell's defenses, including other intervening causes and acts of others causing any and all alleged damages.  Indeed, in Plaintiff's Discovery Responses, she does not raise any relevance objection to production of the Settlement Agreement, thereby waiving any objection as to its relevance.  Menninger Decl., Ex. A, Resp. No. 19.  A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.  *See Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (noting that failure to timely object to discovery request waives objections and collecting cases); *Smith v. Conway Organization, Inc.,* 154 F.R.D. 73 (S.D.N.Y.1994). Plaintiff cannot and does not contest that the Settlement Agreement is relevant and must be produced.

### III. PLAINTIFF MUST COMPLY WITH HER DISCOVERY OBLIGATIONS AND REPRESENTATIONS TO THE COURT

Plaintiff made the unreasonable demand that Mr. Epstein provided a waiver of any claim relating to a purported confidentiality provision in the Settlement Agreement prior to production. Ms. Maxwell has never seen the Agreement, but presumably, it contains a confidentiality clause, as do most settlement agreements.  What is unclear is if that clause would permit the disclosure of the Agreement in this litigation pursuant to validly issued discovery requests, as most settlement agreements contain.  It is also unclear if Plaintiff was permitted to turn over the document upon giving notice to Mr. Epstein, again a common provision.  Regardless, Mr. Epstein has been notified and consented to the production of the document pursuant to the terms

4

of the blanket protective order in the matter, which both parties have agreed is appropriate.[1] He has stated he will not sue Plaintiff for the production of the document. Plaintiff has gotten exactly what she requested. Despite her promises to this Court and Ms. Maxwell that production would be made immediately after receiving this assurance, she now refuses to produce the Agreement without any reason or justification. Plaintiff should be required to comply with her representations and produce the Settlement Agreement between her and Mr. Epstein.

## IV. CONFIDENTIAL SETTLEMENT AGREEMENTS ARE NOT PROTECTED FROM DISCOVERY

The demand for a waiver from Mr. Epstein, however, was unnecessary and inappropriate. Confidential "'Settlement agreements,' and related documents, 'are governed by Rule 26, which allows discovery thereof so long as such disclosure 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Casagrande v. Norm Bloom & Son, LLC*, No. 3:11-CV-1918 CSH, 2014 WL 5817562, at *7 (D. Conn. Nov. 10, 2014) (quoting *Rates Tech. Inc. v. Cablevision Sys. Corp.,* No. 05 cv 3583(DRH)(WDW), 2007 WL 1176732, at *2 (E.D.N.Y. Apr. 20, 2007) (dismissing case where, after court order, Plaintiff refused to turn over confidential settlement agreement relevant to the pending litigation)); *see also Laforest v. Honeywell Int'l Inc.*, No. 03-CV-6248T, 2004 WL 1498916, at *7 (W.D.N.Y. July 1, 2004) ("the mere fact that the third-party defendants designated their indemnification agreement as confidential does not shield it from discovery"); *Tribune Co. v. Purcigliotti,* 1996 WL 337277 at *3; *Weissman v. Fruchtman,* 1986 WL 15669, *19 (S.D.N.Y.1986) ("parties' intention that agreement remain confidential is not controlling."). In sum, a third-party's desire to maintain confidentiality as to a

---

[1] Mr. Epstein's counsel does request that if the Agreement is to be used at trial that he be given notice and opportunity to be heard prior to such use. Ms. Maxwell has agreed to this request to notify Mr. Epstein's counsel, and there is no reason to object to this notice request.

Settlement Agreement is immaterial if the agreement itself is relevant to the proceeding and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff does not contest that the Settlement Agreement is relevant. She therefore had and has no basis for refusing to produce the Agreement. There is certainly no reason to refuse the request now since she has been assured that the production will not result in any claim for breach of the confidentiality provision. The Court should compel production of the Settlement Agreement between Plaintiff and Jeffery Epstein.

**WHEREFORE**, Defendant Ghislaine Maxwell request that this Court compel Plaintiff to produce the Settlement Agreement between her and Jeffery Epstein and all associated documents concerning her receipt of money from that settlement within two business days of the Order on this Motion, for fees and costs associated with the filing of this motion and such other and further relief as this Court deems appropriate.

Dated: September 6, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

6

## CERTIFICATE OF SERVICE

  I certify that on September 6, 2016, I electronically served this *Defendant's Renewed Motion to Compel Settlement Agreement* via ECF on the following:

| | |
|---|---|
| Sigrid S. McCawley<br>Meredith Schultz<br>BOIES, SCHILLER & FLEXNER, LLP<br>401 East Las Olas Boulevard, Ste. 1200<br>Ft. Lauderdale, FL 33301<br>smccawley@bsfllp.com<br>mschultz@bsfllp.com | Paul G. Cassell<br>383 S. University Street<br>Salt Lake City, UT 84112<br>cassellp@law.utah.edu |
| Bradley J. Edwards<br>FARMER, JAFFE, WEISSING, EDWARDS,<br>FISTOS & LEHRMAN, P.L.<br>425 North Andrews Ave., Ste. 2<br>Ft. Lauderdale, FL 33301<br>brad@pathtojustice.com | J. Stanley Pottinger<br>49 Twin Lakes Rd.<br>South Salem, NY 10590<br>StanPottinger@aol.com |

                 */s/ Nicole Simmons*
                 Nicole Simmons