# Exhibit X

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT

IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:  CACE 15-000072

BRADLEY J. EDWARDS, and

PAUL G. CASSELL,

Plaintiffs,

vs.

ALAN DERSHOWITZ,

Defendant.

_____/

TRANSCRIPT OF NON-PARTY VIRGINIA ROBERTS'

EMERGENCY MOTION TO SEAL

DATE TAKEN:    December 18, 2015

TIME:          9:26 a.m - 9:45 a.m.

PLACE:         Broward County Courthouse

201 Southeast 6th Street

Fort Lauderdale, Florida 33301

BEFORE:        Thomas M. Lynch, IV, Circuit Court Judge

This cause came on to be heard at the time and place
aforesaid, when and where the following proceedings were
reported by:

Michele Cameron

Magna Legal Services

866-624-6221



Page 2

1   APPEARANCES:
2   On behalf of Non-Party, Virgina Roberts:
3        SIGRID MCCAWLEY, ESQUIRE
         BOIES, SCHILLER & FLEXNER, LLP
4        401 East Las Olas Boulevard
         Suite 1200
5        Fort Lauderdale, Florida 33301
         Phone: (954) 356-0011
6
7   On behalf of the Defendant:
8        STEVEN R. SAFRA, ESQUIRE
         COLE, SCOTT, KISSANE, P.A.
9        9150 South Dadeland Boulevard
         Suite 1400
10       Miami, Florida 33156
         Phone: (305) 294-4440
11
12
13                     -  -  -
              N O   E X H I B I T S   M A R K E D
14                     -  -  -
15
16
17
18
19
20
21
22
23
24
25



Page 3

```
 1                    (The following proceedings were had:)
 2                    THE COURT:  Good morning, everyone.
 3                    MS. MCCAWLEY:  Good morning, Your Honor.
 4                    MR. SAFRA:  Good morning.
 5                    THE COURT:  Sorry for the delay.
 6                    Do we have anything other than what I
 7             reviewed, the Emergency Motion to Seal?
 8                    MS. MCCAWLEY:  There's the Emergency
 9             Motion to Seal that we filed.
10                    We also filed, on Wednesday, a Motion to
11             Strike that affidavit, which is not set for
12             today.
13                    THE COURT:  Okay.
14                    MS. MCCAWLEY:  And counsel would like an
15             opportunity to respond to that; so I will
16             just briefly address that, but not in
17             substance.
18                    THE COURT:  I just wanted to make sure.
19                    MS. MCCAWLEY:  Sure.
20                    MR. SAFRA:  And our opposition to the
21             emergency motion.
22                    THE COURT:  Yes.
23                    MR. SAFRA:  Okay.
24                    THE COURT:  I also read about everything
25             in the Sunday Times.
```



Page 4

```
 1              MS. MCCAWLEY:  Your Honor, may I
 2         proceed?
 3              THE COURT:  Sure.
 4              MS. MCCAWLEY:  Great, thank you.
 5         We're here before you today on
 6         non-party, Virginia Roberts', Emergency
 7         Motion to Seal the affidavit of Alan
 8         Dershowtiz.  The issue before the Court is
 9         discrete.  It's a single issue, and that is
10         whether or not Mr. Dershowitz violated the
11         settlement privilege by filing his affidavit
12         in the public file with this Court.
13              To give you some background, how this
14         transpired, Mr. Dershowitz was set for
15         deposition in this case.  As you know, he is
16         a party in this case.  I attended that
17         deposition on behalf of non-party, Virginia
18         Roberts.  During the course of that
19         deposition, there were a number of issues
20         that transpired.  Mr. Dershowitz was
21         difficult to control.  He would make speaking
22         answers that were not pertinent to the
23         question that had been asked.  In the course
24         of that, he started to try to disclose what I
25         allege are confidential settlement
```



1            discussions that occurred amongst my client,

2            her lawyers, and Mr. Dershowitz, along with

3            some other individuals.  I objected to those.

4            I tried to talk over -- he continued to talk

5            over me.  I tried to stop that from

6            happening.  Eventually, his counsel assisted

7            in that and got him to hold off, over my

8            objections, so that we could have the Court

9            hear that issue.

10           It would have been appropriate for them

11          to present their Motion in Limine asking the

12          Court to rule on those objections.  That

13          piece of their motion is something that the

14          Court would commonly see.

15          What is different about their Motion in

16          Limine is Mr. Dershowitz intentionally

17          attached, and his lawyers allowed him to

18          attach to that Motion in Limine, an

19          affidavit -- I think it's five or six pages

20          long -- where he puts in the public court

21          file everything that he proclaims occurred

22          during those confidential settlement

23          discussions.

24          So my objection was on file.  Rather

25          than allowing the Court to rule on that


MAGNA
LEGAL SERVICES

Page 6

```
 1              objection, he proceeded to put in the public
 2              court file his litany, we which contend is a
 3              misrepresentation of what occurred during
 4              those confidential settlement discussions.
 5                   Then he proceeded to leak that affidavit
 6              to the New York Times, because he knew they
 7              were doing a story, and he wanted that
 8              information to go to the Times.  This
 9              transpired very quickly; that is why I filed
10              an emergency motion.  I don't take that
11              lightly.
12                   THE COURT:  Can I ask a question?
13                   MS. MCCAWLEY:  Sure.
14                   THE COURT:  Is there a dispute as to
15              that quote, unquote, leak?
16                   MR. SAFRA:  Yes.
17                   THE COURT:  Okay.
18                   MS. MCCAWLEY:  Oh, is there a dispute?
19                   Okay.  I wasn't aware that there was a
20              dispute.  I thought that was --
21                   THE COURT:  I wasn't, either; so that's
22              why --
23                   MS. MCCAWLEY:  No, that's good to know.
24                   With respect to what transpired, he knew
25              the objections were sitting.
```



Page 7

1              Now, the basis of the Motion in Limine,

2        his argument, through his lawyers, is that

3        these were not settlement discussions.  In

4        other words, there's no protection here; he's

5        entitled to say whatever he wants about those

6        conversations because they were not

7        settlement discussions.

8              We have been very careful -- my partner,

9        David Boies, who is the Chairman of my

10       firm -- was very careful not to reveal any of

11       those conversations because we contend they

12       are settlement discussions.  But if the Court

13       would allow me, I'd like to submit in camera,

14       for your review, nothing that reveals the

15       settlement discussions, but an e-mail from

16       Mr. Dershowitz's team that characterizes this

17       exact issue as being, quote, This is being

18       sent to you as part of a process of

19       negotiation, hopefully leading to a

20       resolution of the matter involving

21       in Dershowitz and Ms. Roberts.

22             Then the documents attached to that,

23       which I will not submit to the Court because

24       we contend that's part of the confidential

25       settlement process, were labeled



```
 1              "Confidential negotiation purposes only".

 2                   It is shameless that they came before

 3              this Court and told the Court that these were

 4              not confidential settlement negotiations

 5              when, in their own words, in this negotiation

 6              process, they labeled them as such.

 7                   Your Honor, that's sanctionable conduct.

 8              We clearly contend that this was a

 9              confidential process.  The whole purpose of

10              Statute 90.408 that deals with settlement

11              discussions amongst parties is to allow

12              parties to freely discuss those issues to

13              resolve a matter without worrying about a

14              repercussion that something said during those

15              confidential negotiations could be used

16              against their client.  That is the whole

17              purpose.  That's why we have this protection.

18                   There's also the mediation privilege

19              protection, which is set forth in 44.403.

20              And while there was not a mediator, per se,

21              attending these, that statute, the Florida

22              legislature also protected conversations

23              leading up to that mediation.  And as you

24              know, in this case, the parties have engaged

25              in a mediation with Judge Streitfeld.  All of
```



Page 9

```
 1              these conversations were efforts by the
 2              parties to try to find resolution of the
 3              matters between the issues at stake in this
 4              case; so for them to file a motion saying
 5              that these were not confidential settlement
 6              discussions, I think, is sanctionable
 7              conduct.  I contend that it is.
 8                   The Court has the power -- there's a
 9              number of cases, Parzino, which is cited in
10              our Motion to Strike -- and I know counsel
11              will have an opportunity to respond to this
12              one -- the Court considers that, but that
13              case is directly on point because it dealt
14              with this exact issue, where a party wanted
15              to reveal settlement discussions to the press
16              and to the public, file them publically,
17              revealed them to the press, and the Court
18              struck the pleadings in that case because --
19              and the District Court approved that because
20              it was an appropriate sanction for revealing
21              something that was confidential information,
22              particularly when it was done intentionally.
23                   You don't have to go any further than
24              the face of the Motion in Limine that says,
25              "I have objected that those are confidential
```



```
 1            settlement discussions."  They disagree with
 2            that objection.  Instead of allowing the
 3            Court to rule on that objection, they then
 4            submit an affidavit that spews falsehoods of
 5            what transpired in those meetings, but then
 6            says that they are true; so we contend that
 7            the affidavit should be sealed and stricken
 8            from the record, but at a minimum, sealed for
 9            the moment until the Court can make that
10            ruling.  Because if it's not sealed, the
11            media can continue to use that and they can
12            continue to work that angle without any
13            protection on our end.
14                 If the Court is not inclined to do that,
15            if the Court deicides no, that I don't
16            believe these were settlement conversations
17            of some kind and Mr. Dershowitz is allowed to
18            go to the media and any other public source
19            and say these things, then we want a clear
20            statement on the record that we are entitled
21            to do so, as well.  What's good for the goose
22            is good for the gander: all of these
23            documents that we were given, all the
24            information that he gave us in the course of
25            that process, which we have protected as
```



Page 11

```
 1            confidential settlement discussions --
 2                 THE COURT:  Well, I'm sure there would
 3            be no problem with that, correct?
 4                 MR. SAFRA:  With regard to the
 5            disclosure of the documentation that was
 6            given to them at meetings at issue?
 7                 THE COURT:  Right.
 8                 MR. SAFRA:  No problem.
 9                 MS. MCCAWLEY:  And everything said
10            during those meetings.  Everything said
11            during those meetings.
12                 THE COURT:  You have no problem with
13            that, right?
14                 MR. SAFRA:  Yes.
15                 THE COURT:  Okay.
16                 MR. SAFRA:  Yes, like in agreement as to
17            the documents.
18                 MS. MCCAWLEY:  So Your Honor, at bottom,
19            we contend that these were confidential
20            settlement negotiations.  We believe that
21            Mr. Dershowitz intentionally did this
22            knowingly and that he should be sanctioned
23            for this conduct.  Because if not, he will
24            continue to do this.  This is his way of
25            litigating.  It's the wrong way.  It's in bad
```



Page 12

```
1          faith, and we contend that those discussions

2          should be protected.

3               THE COURT:  Thank you.

4               MS. MCCAWLEY:  Thank you, Your Honor.

5               MR. SAFRA:  Good morning, Your Honor.

6               THE COURT:  Good morning.

7               MR. SAFRA:  I'm going to put my argument

8          aside for a second and address probably the

9          three main points that, based upon even your

10         comments, I think it would probably behoove

11         everybody to understand first.

12              What's at issue here is just whether

13         there's a basis, an emergency basis, for

14         sealing.  Not the Motion to Strike, not their

15         pending request for sanctions, and not our

16         Motion in Limine.

17              THE COURT:  Correct.

18              MR. SAFRA:  Okay.  I think the primary

19         argument or the majority of what she has

20         conveyed, Ms. McCawley, deals with what is

21         not at issue; and we got one of those major

22         filings on Wednesday afternoon and are

23         entitled to an opportunity to respond, and

24         that's not in dispute.

25              As to the practices of my client that
```



MAGNA
LEGAL SERVICES

1          are alleged and this alleged leaking, I

2          actually think it's the total opposite.

3          Other than one op-ed piece by the Wall Street

4          Journal, okay, my client -- which was a legal

5          analysis piece -- has never been the

6          initiator to any of the press, okay.

7               What is going on here is that the

8          Plaintiffs, and now also Ms. Roberts, are

9          making their filings in the public record,

10         okay, and then tipping off the press to them

11         either through the filing or themselves and

12         saying, "No comment," or, "I'm not

13         commenting," but here's my comment where I

14         call them a liar or, you know, try to hide

15         under the litigation privilege.  And then

16         they're trying to prevent my client from

17         responding either publically when the Times,

18         for example, contacts them after they've

19         received the filing, or even through public

20         record, if he does make a response --

21              THE COURT:  How did the Times receive

22         the filing?

23              MR. SAFRA:  Either from Plaintiffs or

24         getting notice that it was filed, but not

25         from us.



Page 14

```
 1              There was a phone call to my client that
 2         then said we've interviewed --
 3              THE COURT:  Well, certainly Mr. Boies'
 4         client wouldn't have any motivation.
 5              MR. SAFRA:  They spoke to Mr. Boies
 6         before they spoke to my client and told them
 7         that they had already spoken to them.
 8              THE COURT:  I'm talking about to
 9         disclose the filing in question.
10              MR. SAFRA:  The filing in question, no,
11         but the affidavits of Ms. Roberts that after
12         Your Honor --
13              THE COURT:  No, I'm not talking about
14         that.
15              MR. SAFRA:  But that's what --
16              THE COURT:  I'm talking about what we
17         are talking about today.
18              MR. SAFRA:  They called and they had
19         disclosed how they got -- the Times article
20         got the affidavit, they were then checking
21         the court record.
22              But I'm saying that my client was called
23         about the Times and asked for statements in
24         response, but he didn't do any leaking of any
25         sort.  He didn't do any initiating; so I'm
```



Page 15

```
 1            just advising the Court that our position is
 2            all he did was respond to some questions when
 3            he was contacted, saying that they had
 4            already interviewed Boies, they're doing an
 5            article on this story and so on.  And I
 6            believe they were asked, "Well, how did you
 7            get notice?"  And I can't confirm whether --
 8            but their practice has been -- and that's why
 9            we tried to prevent the affidavit from being
10            put back in the record, and as the Court
11            remembers you ruled, that it should not be
12            sealed; the presumption of openness trumps
13            any desire to seal.
14                  THE COURT:  I understand that.
15                  MR. SAFRA:  Okay.  So --
16                  THE COURT:  But if the argument for that
17            was different than the argument as it relates
18            to this.
19                  MR. SAFRA:  Okay.  And as to this, I'll
20            address that.  The first thing is, is that
21            first of all, it's not at issue today whether
22            these are settlement conversations, but I
23            tell this Court, they are not.
24                  The e-mail that Ms. McCawley is
25            referencing is from after mediation.  Every
```



Page 16

```
 1              single meeting and subject matter of Mr.
 2              Dershowitz's affidavit deals with meetings
 3              with Mr. Boise before mediation or any
 4              settlement conversation ever occurred.
 5                   There was a meeting between a
 6              non-party's counsel and my client to try to
 7              get to the facts, because Mr. Dershowitz
 8              believes that if he could have an opportunity
 9              to disprove the facts, then maybe, if
10              Mr. Boies agreed and then Ms. Roberts then
11              agreed or they talked to him, then maybe,
12              from a factual standpoint, there could be
13              some resolution and who knows what effect.
14                   But Mr. Boise made it very, very clear:
15              he does not represent the Plaintiffs, he has
16              no authority for anything, he is not there
17              for any capacity on their behalf --
18                   THE COURT:  I understand.  But I had a
19              question --
20                   MR. SAFRA:  -- and that was after -- and
21              I can't get into the specifics of the
22              mediation and the conversations to the extent
23              in which Ms. McCawley and Mr. Boies were
24              involved, which were over the last month or
25              two, and is nothing of the subject matter of
```



Page 17

```
 1              Mr. Dershowitz's public affidavit.  Those
 2         communications had to do with when there was
 3         resolution trying to be reached with the
 4         Plaintiffs, and one part of it involved
 5         Ms. Roberts.  But that's not in the
 6         affidavit.  That has no reference, and that's
 7         an afterwards.
 8              THE COURT:  Well, I've got a question.
 9              MR. SAFRA:  They ignore the timeline.
10              THE COURT:  During the deposition of
11         your client, your client certainly was aware
12         that it was their position that these
13         discussions were confidential, right?
14              MR. SAFRA:  They raised an objection,
15         and actually, I disagree with the
16         characterization of Mr. Dershowitz's
17         testimony, because at one point, he even --
18              THE COURT:  That's not my question.
19              MR. SAFRA:  I was going to answer that.
20              THE COURT:  Okay.
21              MR. SAFRA:  Okay.  So he was aware of
22         the objection.  He even stated on the record,
23         "I can't answer that because it implicates
24         that conversation."
25              But we waited over a month for them to
```



```
 1              bring it, and they're trying to complete
 2              these depositions.  And so we filed our
 3              Motion in Limine not addressing the
 4              settlement part, but just addressing the
 5              non-settlement-related communications that
 6              occurred before settlement was even an issue.
 7                   THE COURT:  That sounds like a, "Yes" --
 8                   MR. SAFRA:  Yes.
 9                   THE COURT:  -- to my question.
10                   MR. SAFRA:  We were aware of their
11              objection, and we did not implicate that
12              aspect in our affidavit.
13                   THE COURT:  So your client was aware of
14              those discussions, that it was their
15              position, were confidential?
16                   MR. SAFRA:  They ever never specified
17              which -- the mediation-related ones, yes.
18                   THE COURT:  Notwithstanding that fact,
19              there was that filing.  Why would that
20              happen?
21                   MR. SAFRA:  That filing has nothing to
22              do with the settlement-related conversations.
23              Those have not been made public --
24                   THE COURT:  Well, I know that's your
25              position.
```



Page 19

```
 1              MR. SAFRA:  -- and Mr. Boise was even
 2         contacted and said, "We are going to be" --
 3              THE COURT:  It just doesn't seem like
 4         it's the right thing to do, if your client is
 5         aware that it's their position that those
 6         discussions are confidential, and then, after
 7         that, the filing occurs.
 8              MR. SAFRA:  The right thing to do was
 9         wait a time period for them to raise the
10         objections, which we did; contact Mr. Boies,
11         which my client did, and say we are going to
12         be making a filing, okay.  Gave them extra
13         time.  No response.  Nothing.  And then we
14         have no choice but try to proceed.  So that
15         way, when the next deposition comes, we can
16         actually resolve the issues.  We purposely
17         did not address the at-issue settlement time
18         period after the mediation when that issue --
19         when that was involved.  These meetings all
20         occurred months before then and related to an
21         opportunity for Mr. Dershowitz to meet with
22         Mr. Boise to show him, these are my
23         calendars, information, and disprove the
24         facts.  He is a non-party.  There's no
25         resolution, and it did not involve the
```



Page 20

```
 1              Plaintiffs.  It was not a settlement.  There
 2              was no mediator.
 3                   If it was supposed to be confidential,
 4              wouldn't we have seen, for that time period,
 5              an e-mail from Mr. Boise, or someone, saying
 6              it's confidential?  Something in writing
 7              saying it's a confidential settlement?  There
 8              is nothing for that time period, and that's
 9              the time period that's at issue in his
10              affidavits.
11                   THE COURT:  Ma'am, from your standpoint,
12              does it matter that it was published in the
13              Times?
14                   I mean, that's where I first learned
15              about it, because I don't monitor filings on
16              the computer, obviously.
17                   MS. MCCAWLEY:  Right.  Your Honor, it
18              matters, two things.
19                   First, yes, it does matter.  It matters
20              that it was filed in the public record, over
21              my objection.  That, in and of itself, is
22              sanctionable.  But it also matters that it
23              was leaked to the press.
24                   THE COURT:  No, no.  I'm not talking
25              about sanctions.
```



Page 21

1              MS. MCCAWLEY:  Right.  Okay.  Yes, but
2         it does matter to us, because those are
3         confidential settlement negotiations.  You
4         know, with all due respect, I --
5              THE COURT:  And it's probably all over
6         the internet, and certainly were mentioned in
7         the New York Times.
8              MS. MCCAWLEY:  I understand.  And the
9         reason why it matters to strike those is
10        because once they're stricken --
11             THE COURT:  No, I'm not talking about
12        the striking.
13             MS. MCCAWLEY:  No, I understand.  But
14        the --
15             THE COURT:  I'm talking about the
16        sealing.
17             MS. MCCAWLEY:  The sealing, yes.  Right.
18             THE COURT:  That's the only thing we're
19        here for.
20             MS. MCCAWLEY:  I understand what you're
21        saying.  Is the cat already out of the bag?
22        How does it help to seal it?
23             THE COURT:  I was going to use that, but
24        cats in bags are troubling to me.
25             MS. MCCAWLEY:  I understand.  It's so



Page 22

```
 1            odd, right?
 2                 MR. SAFRA:  I still need an explanation
 3            on that one.
 4                 THE COURT:  It's, like, skinning cats,
 5            cats in bags.
 6                 MS. MCCAWLEY:  Right.  I know.  My
 7            apologies.  But --
 8                 THE COURT:  Beating dead horses.
 9                 MS. MCCAWLEY:  Right.
10                 THE COURT:  All of that stuff.
11                 MS. MCCAWLEY:  But the point is -- and
12            that phrase has been used in case law.  And
13            the point is, that if it is sealed, the media
14            is less likely to repeat those things.  So if
15            there's an action by the Court that says it
16            was not appropriate for those things to be
17            leaked, they're confidential settlement
18            negotiations, that empowers us to have
19            actionability against the media.
20                 But I want to be very clear here,
21            because I attended those settlement
22            conversations; I was involved in that.  This
23            e-mail that I have is dated July 9th, 2015,
24            where Dershowitz, out of his own words,
25            labels these as confidential settlement
```



Page 23

```
 1              negotiations between the parties.  It is
 2              without question that these were settlement
 3              conversations.
 4                   I appreciate what he is trying to refer
 5              to, this later mediation with Judge
 6              Streitfeld.  There is a mediation that has
 7              gone on in the last couple of weeks with
 8              Judge Streitfeld.  These were confidential
 9              settlement negotiations that started in May
10              and went up to the present; so to say that --
11                   THE COURT:  I agree with you.  I think
12              they're confidential settlement discussions.
13              I'm going to grant the Motion to Seal.
14                   MS. MCCAWLEY:  Thank you, Your Honor.
15                   MR. SAFRA:  Well, Your Honor --
16                   THE COURT:  Over the strong objection of
17              the Defendant.
18                   MR. SAFRA:  Can I, for the record --
19                   MS. MCCAWLEY:  Thank you.
20                   MR. SAFRA:  -- at least also reserve
21              that for the relief that needs to be shown
22              irreparable harm, death, or manifest injury,
23              and it's our position that that hasn't been
24              shown in the requested relief.
25                   THE COURT:  You don't think confidential
```



Page 24

```
 1              settlement agreements should be sealed?  I
 2              know you don't think they are confidential
 3              settlement agreements --
 4                   MR. SAFRA:  Well --
 5                   THE COURT:  -- but if they are, which
 6              I've made that finding, you don't think they
 7              should be sealed?
 8                   MR. SAFRA:  Well, you're making the
 9              finding that they were confidential
10              settlement --
11                   THE COURT:  I am.
12                   MR. SAFRA:  -- but that wasn't at issue
13              here, and they haven't even filed the
14              opposition, and we have our Motion in Limine;
15              so you're ruling upon that when --
16                   THE COURT:  No.  I'm just sealing these
17              because I think they should be sealed.
18                   MR. SAFRA:  Okay.
19                   THE COURT:  Although, you know --
20                   MR. SAFRA:  Take your words for the
21              future.
22                   THE COURT:  -- everyone is aware of --
23                   MR. SAFRA:  Understood.
24                   THE COURT:  Well, everyone.  Whoever
25              read the New York Times is aware of the
```



Page 25

```
 1              situation; so I will grant the motion.
 2                   MR. SAFRA:  For clarity, the Motion in
 3              Limine, when that gets scheduled, is your
 4              finding that it's a settlement
 5              communication --
 6                   THE COURT:  I'll listen to any argument
 7              anyone has on any issue.  We're not doing
 8              that today.
 9                   MR. SAFRA:  Just the seal.
10                   THE COURT:  I'm available for hearings
11              anytime after the 3rd of January.
12                   MR. SAFRA:  And can I state, so you
13              don't get a disagreement where we end up back
14              before the Court -- just because I'm aware
15              and I want to raise --
16                   MS. MCCAWLEY:  Right.
17                   MR. SAFRA:  -- it and so that you have
18              an opportunity, it is our position or my
19              client's position that these meetings
20              occurred in New York and that the sealing
21              would apply to the public filings and in
22              Florida.
23                   MS. MCCAWLEY:  Your Honor, if the intent
24              here is to continue to spew the confidential
25              settlement negotiations and have
```



Page 26

 1          Mr. Dershowitz go to New York or other
 2          locations to say these things again, I would
 3          object to that.  I think this Court needs to
 4          be very stern in its response that these are
 5          not appropriate to be disclosed.
 6              THE COURT:  Well, I think he is aware of
 7          that.
 8              MR. SAFRA:  I'm aware, and I will convey
 9          to my client.  I think the Court's
10          jurisdiction is what is it, but I just wanted
11          to raise the issue and we will act in good
12          faith and, you know, do just like we did last
13          time, contact Mr. Boies to give opportunities
14          before anything happens.
15              MS. MCCAWLEY:  Your Honor, I disagree
16          with that.  I have no indication that
17          Mr. Boies was contacted about this in
18          advance.
19              THE COURT:  Thanks.  Nice to see you.
20              MS. MCCAWLEY:  Thank you, Your Honor.
21              MR. SAFRA:  Thank you, Your Honor.  Have
22          a good weekend.
23              THE COURT:  You, too.
24              MS. MCCAWLEY:  I have a Proposed Order
25          with me.  Do you want me to --



Page 27

```
 1                THE COURT:  Yes, it's probably best to
 2          do that.
 3                MS. MCCAWLEY:  Thank you.
 4                THE COURT:  My suggestion would be to
 5          follow up with the clerk, as well.
 6                MS. MCCAWLEY:  Yes.  Of course, yes.
 7                (Whereupon, the proceedings concluded at
 8                9:45 o'clock a.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



Page 28

```
 1
 2
 3
 4                     CERTIFICATE
 5  STATE OF FLORIDA     )
 6  COUNTY OF BROWARD    )
 7          I, MICHELE CAMERON, Notary Public in and for
 8   the State of Florida at Large, do hereby certify that
 9   the case of BRADLEY J. EDWARDS, and PAUL G. CASSELL
10   are the Plaintiffs, and ALAN DERSHOWTIZ is the
11   Defendant, was heard before the Honorabe Thomas M.
12   Lynch, IV, as Judge, and that the foregoing pages,
13   numbered 1 to 28, inclusive, constitute a true and
14   correct transcription of the proceedings taken on
15   December 18, 2015.
16          WITNESS my hand and official seal in the City
17   of Fort Lauderdale, County of Broward, State of
18   Florida, this 18th day of December, 2015.
19
20
21          _____
            MICHELE CAMERON
22          Notary Public, State of
            Florida at Large
23          My Commission Expires: 12-27-15
            My Commission No.: EE152087
24
25
```



**A**

**a.m** 1:13,13 27:8
**act** 26:11
**action** 22:15
**actionability** 22:19
**address** 3:16 12:8
  15:20 19:17
**addressing** 18:3,4
**advance** 26:18
**advising** 15:1
**affidavit** 3:11 4:7
  4:11 5:19 6:5 10:4
  10:7 14:20 15:9
  16:2 17:1,6 18:12
**affidavits** 14:11
  20:10
**aforesaid** 1:18
**afternoon** 12:22
**agree** 23:11
**agreed** 16:10,11
**agreement** 11:16
**agreements** 24:1,3
**Alan** 1:7 4:7 28:10
**allege** 4:25
**alleged** 13:1,1
**allow** 7:13 8:11
**allowed** 5:17 10:17
**allowing** 5:25 10:2
**analysis** 13:5
**angle** 10:12
**answer** 17:19,23
**answers** 4:22
**anytime** 25:11
**apologies** 22:7
**APPEARANCES**
  2:1
**apply** 25:21
**appreciate** 23:4
**appropriate** 5:10
  9:20 22:16 26:5
**approved** 9:19
**argument** 7:2 12:7
  12:19 15:16,17
  25:6
**article** 14:19 15:5

**B**

**B** 2:13
**back** 15:10 25:13
**background** 4:13
**bad** 11:25
**bag** 21:21
**bags** 21:24 22:5
**based** 12:9
**basis** 7:1 12:13,13
**Beating** 22:8
**behalf** 2:2,7 4:17
  16:17
**behoove** 12:10
**believe** 10:16 11:20
  15:6
**believes** 16:8
**best** 27:1
**Boies** 2:3 7:9 14:5
  15:4 16:10,23
  19:10 26:13,17
**Boies'** 14:3
**Boise** 16:3,14 19:1
  19:22 20:5
**bottom** 11:18
**Boulevard** 2:4,9
**BRADLEY** 1:4
  28:9

**aside** 12:8
**asked** 4:23 14:23
  15:6
**asking** 5:11
**aspect** 18:12
**assisted** 5:6
**at-issue** 19:17
**attach** 5:18
**attached** 5:17 7:22
**attended** 4:16
  22:21
**attending** 8:21
**authority** 16:16
**available** 25:10
**aware** 6:19 17:11
  17:21 18:10,13
  19:5 24:22,25
  25:14 26:6,8

**C**

**CACE** 1:3
**calendars** 19:23
**call** 13:14 14:1
**called** 14:18,22
**camera** 7:13
**Cameron** 1:20 28:7
  28:21
**capacity** 16:17
**careful** 7:8,10
**case** 1:3 4:15,16
  8:24 9:4,13,18
  22:12 28:9
**cases** 9:9
**CASSELL** 1:4 28:9
**cat** 21:21
**cats** 21:24 22:4,5
**cause** 1:17
**certainly** 14:3
  17:11 21:6
**CERTIFICATE**
  28:4
**certify** 28:8
**Chairman** 7:9
**characterization**
  17:16
**characterizes** 7:16
**checking** 14:20
**choice** 19:14
**Circuit** 1:1,1,15
**cited** 9:9
**City** 28:16
**clarity** 25:2
**clear** 10:19 16:14
  22:20
**clearly** 8:8
**clerk** 27:5
**client** 5:1 8:16
  12:25 13:4,16
  14:1,4,6,22 16:6
  17:11,11 18:13

**briefly** 3:16
**bring** 18:1
**Broward** 1:1,14
  28:6,17

19:4,11 26:9
**client's** 25:19
**COLE** 2:8
**comes** 19:15
**comment** 13:12,13
**commenting** 13:13
**comments** 12:10
**Commission** 28:23
  28:23
**commonly** 5:14
**communication**
  25:5
**communications**
  17:2 18:5
**complete** 18:1
**computer** 20:16
**concluded** 27:7
**conduct** 8:7 9:7
  11:23
**confidential** 4:25
  5:22 6:4 7:24 8:1
  8:4,9,15 9:5,21,25
  11:1,19 17:13
  18:15 19:6 20:3,6
  20:7 21:3 22:17
  22:25 23:8,12,25
  24:2,9 25:24
**confirm** 15:7
**considers** 9:12
**constitute** 28:13
**contact** 19:10 26:13
**contacted** 15:3 19:2
  26:17
**contacts** 13:18
**contend** 6:2 7:11,24
  8:8 9:7 10:6 11:19
  12:1
**continue** 10:11,12
  11:24 25:24
**continued** 5:4
**control** 4:21
**conversation** 16:4
  17:24
**conversations** 7:6
  7:11 8:22 9:1
  10:16 15:22 16:22

18:22 22:22 23:3
**convey** 26:8
**conveyed** 12:20
**correct** 11:3 12:17
  28:14
**counsel** 3:14 5:6
  9:10 16:6
**County** 1:1,14 28:6
  28:17
**couple** 23:7
**course** 4:18,23
  10:24 27:6
**court** 1:1,15 3:2,5
  3:13,18,22,24 4:3
  4:8,12 5:8,12,14
  5:20,25 6:2,12,14
  6:17,21 7:12,23
  8:3,3 9:8,12,17,19
  10:3,9,14,15 11:2
  11:7,12,15 12:3,6
  12:17 13:21 14:3
  14:8,13,16,21
  15:1,10,14,16,23
  16:18 17:8,10,18
  17:20 18:7,9,13
  18:18,24 19:3
  20:11,24 21:5,11
  21:15,18,23 22:4
  22:8,10,15 23:11
  23:16,25 24:5,11
  24:16,19,22,24
  25:6,10,14 26:3,6
  26:19,23 27:1,4
**Court's** 26:9
**Courthouse** 1:14

**D**

**D** 2:13
**Dadeland** 2:9
**DATE** 1:13
**dated** 22:23
**David** 7:9
**day** 28:18
**dead** 22:8
**deals** 8:10 12:20
  16:2



MAGNA
LEGAL SERVICES

**dealt** 9:13
**death** 23:22
**December** 1:13
 28:15,18
**Defendant** 1:8 2:7
 23:17 28:11
**deicides** 10:15
**delay** 3:5
**deposition** 4:15,17
 4:19 17:10 19:15
**depositions** 18:2
**Dershowitz** 1:7
 4:10,14,20 5:2,16
 7:21 10:17 11:21
 16:7 19:21 22:24
 26:1
**Dershowitz's** 7:16
 16:2 17:1,16
**Dershowtiz** 4:8
 28:10
**desire** 15:13
**different** 5:15
 15:17
**difficult** 4:21
**directly** 9:13
**disagree** 10:1 17:15
 26:15
**disagreement**
 25:13
**disclose** 4:24 14:9
**disclosed** 14:19
 26:5
**disclosure** 11:5
**discrete** 4:9
**discuss** 8:12
**discussions** 5:1,23
 6:4 7:3,7,12,15
 8:11 9:6,15 10:1
 11:1 12:1 17:13
 18:14 19:6 23:12
**disprove** 16:9
 19:23
**dispute** 6:14,18,20
 12:24
**District** 9:19
**documentation**

 11:5
**documents** 7:22
 10:23 11:17
**doing** 6:7 15:4 25:7
**due** 21:4

**E**

**E** 2:13,13
**e-mail** 7:15 15:24
 20:5 22:23
**East** 2:4
**EDWARDS** 1:4
 28:9
**EE152087** 28:23
**effect** 16:13
**efforts** 9:1
**either** 6:21 13:11
 13:17,23
**emergency** 1:11 3:7
 3:8,21 4:6 6:10
 12:13
**empowers** 22:18
**engaged** 8:24
**entitled** 7:5 10:20
 12:23
**ESQUIRE** 2:3,8
**Eventually** 5:6
**everybody** 12:11
**exact** 7:17 9:14
**example** 13:18
**Expires** 28:23
**explanation** 22:2
**extent** 16:22
**extra** 19:12

**F**

**face** 9:24
**fact** 18:18
**facts** 16:7,9 19:24
**factual** 16:12
**faith** 12:1 26:12
**falsehoods** 10:4
**file** 4:12 5:21,24 6:2
 9:4,16
**filed** 3:9,10 6:9
 13:24 18:2 20:20

 24:13
**filing** 4:11 13:11,19
 13:22 14:9,10
 18:19,21 19:7,12
**filings** 12:22 13:9
 20:15 25:21
**find** 9:2
**finding** 24:6,9 25:4
**firm** 7:10
**first** 12:11 15:20,21
 20:14,19
**five** 5:19
**FLEXNER** 2:3
**Florida** 1:1,15 2:5
 2:10 8:21 25:22
 28:5,8,18,22
**follow** 27:5
**following** 1:18 3:1
**foregoing** 28:12
**Fort** 1:15 2:5 28:17
**forth** 8:19
**freely** 8:12
**further** 9:23
**future** 24:21

**G**

**G** 1:4 28:9
**gander** 10:22
**getting** 13:24
**give** 4:13 26:13
**given** 10:23 11:6
**go** 6:8 9:23 10:18
 26:1
**going** 12:7 13:7
 17:19 19:2,11
 21:23 23:13
**good** 3:2,3,4 6:23
 10:21,22 12:5,6
 26:11,22
**goose** 10:21
**grant** 23:13 25:1
**Great** 4:4

**H**

**H** 2:13
**hand** 28:16

**happen** 18:20
**happening** 5:6
**happens** 26:14
**harm** 23:22
**hear** 5:9
**heard** 1:17 28:11
**hearings** 25:10
**help** 21:22
**hide** 13:14
**hold** 5:7
**Honor** 3:3 4:1 8:7
 11:18 12:4,5
 14:12 20:17 23:14
 23:15 25:23 26:15
 26:20,21
**Honorabe** 28:11
**hopefully** 7:19
**horses** 22:8

**I**

**ignore** 17:9
**implicate** 18:11
**implicates** 17:23
**inclined** 10:14
**inclusive** 28:13
**indication** 26:16
**individuals** 5:3
**information** 6:8
 9:21 10:24 19:23
**initiating** 14:25
**initiator** 13:6
**injury** 23:22
**intent** 25:23
**intentionally** 5:16
 9:22 11:21
**internet** 21:6
**interviewed** 14:2
 15:4
**involve** 19:25
**involved** 16:24 17:4
 19:19 22:22
**involving** 7:20
**irreparable** 23:22
**issue** 4:8,9 5:9 7:17
 9:14 11:6 12:12
 12:21 15:21 18:6

 19:18 20:9 24:12
 25:7 26:11
**issues** 4:19 8:12 9:3
 19:16
**IV** 1:15 28:12

**J**

**J** 1:4 28:9
**January** 25:11
**Journal** 13:4
**Judge** 1:15 8:25
 23:5,8 28:12
**JUDICIAL** 1:1
**July** 22:23
**jurisdiction** 26:10

**K**

**K** 2:13
**kind** 10:17
**KISSANE** 2:8
**knew** 6:6,24
**know** 4:15 6:23
 8:24 9:10 13:14
 18:24 21:4 22:6
 24:2,19 26:12
**knowingly** 11:22
**knows** 16:13

**L**

**labeled** 7:25 8:6
**labels** 22:25
**Large** 28:8,22
**Las** 2:4
**Lauderdale** 1:15
 2:5 28:17
**law** 22:12
**lawyers** 5:2,17 7:2
**leading** 7:19 8:23
**leak** 6:5,15
**leaked** 20:23 22:17
**leaking** 13:1 14:24
**learned** 20:14
**legal** 1:20 13:4
**legislature** 8:22
**liar** 13:14
**lightly** 6:11



**Limine** 5:11,16,18
  7:1 9:24 12:16
  18:3 24:14 25:3
**listen** 25:6
**litany** 6:2
**litigating** 11:25
**litigation** 13:15
**LLP** 2:3
**locations** 26:2
**long** 5:20
**Lynch** 1:15 28:12

**M**

**M** 1:15 2:13 28:11
**Ma'am** 20:11
**Magna** 1:20
**main** 12:9
**major** 12:21
**majority** 12:19
**making** 13:9 19:12
  24:8
**manifest** 23:22
**matter** 7:20 8:13
  16:1,25 20:12,19
  21:2
**matters** 9:3 20:18
  20:19,22 21:9
**McCawley** 2:3 3:3
  3:8,14,19 4:1,4
  6:13,18,23 11:9
  11:18 12:4,20
  15:24 16:23 20:17
  21:1,8,13,17,20
  21:25 22:6,9,11
  23:14,19 25:16,23
  26:15,20,24 27:3
  27:6
**mean** 20:14
**media** 10:11,18
  22:13,19
**mediation** 8:18,23
  8:25 15:25 16:3
  16:22 19:18 23:5
  23:6
**mediation-related**
  18:17

**mediator** 8:20 20:2
**meet** 19:21
**meeting** 16:1,5
**meetings** 10:5 11:6
  11:10,11 16:2
  19:19 25:19
**mentioned** 21:6
**Miami** 2:10
**Michele** 1:20 28:7
  28:21
**minimum** 10:8
**misrepresentation**
  6:3
**moment** 10:9
**monitor** 20:15
**month** 16:24 17:25
**months** 19:20
**morning** 3:2,3,4
  12:5,6
**motion** 1:11 3:7,9
  3:10,21 4:7 5:11
  5:13,15,18 6:10
  7:1 9:4,10,24
  12:14,16 18:3
  23:13 24:14 25:1
  25:2
**motivation** 14:4

**N**

**N** 2:13
**need** 22:2
**needs** 23:21 26:3
**negotiation** 7:19
  8:1,5
**negotiations** 8:4,15
  11:20 21:3 22:18
  23:1,9 25:25
**never** 13:5 18:16
**New** 6:6 21:7 24:25
  25:20 26:1
**Nice** 26:19
**non-party** 1:10 2:2
  4:6,17 19:24
**non-party's** 16:6
**non-settlement-r...**
  18:5

**Notary** 28:7,22
**notice** 13:24 15:7
**Notwithstanding**
  18:18
**number** 4:19 9:9
**numbered** 28:13

**O**

**O** 2:13
**o'clock** 27:8
**object** 26:3
**objected** 5:3 9:25
**objection** 5:24 6:1
  10:2,3 17:14,22
  18:11 20:21 23:16
**objections** 5:8,12
  6:25 19:10
**obviously** 20:16
**occurred** 5:1,21 6:3
  16:4 18:6 19:20
  25:20
**occurs** 19:7
**odd** 22:1
**official** 28:16
**Oh** 6:18
**okay** 3:13,23 6:17
  6:19 11:15 12:18
  13:4,6,10 15:15
  15:19 17:20,21
  19:12 21:1 24:18
**Olas** 2:4
**once** 21:10
**ones** 18:17
**op-ed** 13:3
**openness** 15:12
**opportunities**
  26:13
**opportunity** 3:15
  9:11 12:23 16:8
  19:21 25:18
**opposite** 13:2
**opposition** 3:20
  24:14
**Order** 26:24

**P**

**P.A** 2:8
**pages** 5:19 28:12
**part** 7:18,24 17:4
  18:4
**particularly** 9:22
**parties** 8:11,12,24
  9:2 23:1
**partner** 7:8
**party** 4:16 9:14
**Parzino** 9:9
**PAUL** 1:4 28:9
**pending** 12:15
**period** 19:9,18 20:4
  20:8,9
**pertinent** 4:22
**phone** 2:5,10 14:1
**phrase** 22:12
**piece** 5:13 13:3,5
**place** 1:14,17
**Plaintiffs** 1:5 13:8
  13:23 16:15 17:4
  20:1 28:10
**pleadings** 9:18
**point** 9:13 17:17
  22:11,13
**points** 12:9
**position** 15:1 17:12
  18:15,25 19:5
  23:23 25:18,19
**power** 9:8
**practice** 15:8
**practices** 12:25
**present** 5:11 23:10
**press** 9:15,17 13:6
  13:10 20:23
**presumption** 15:12
**prevent** 13:16 15:9
**primary** 12:18
**privilege** 4:11 8:18
  13:15
**probably** 12:8,10
  21:5 27:1
**problem** 11:3,8,12
**proceed** 4:2 19:14
**proceeded** 6:1,5
**proceedings** 1:18

3:1 27:7 28:14
**process** 7:18,25 8:6
  8:9 10:25
**proclaims** 5:21
**Proposed** 26:24
**protected** 8:22
  10:25 12:2
**protection** 7:4 8:17
  8:19 10:13
**public** 4:12 5:20
  6:1 9:16 10:18
  13:9,19 17:11
  18:23 20:20 25:21
  28:7,22
**publically** 9:16
  13:17
**published** 20:12
**purpose** 8:9,17
**purposely** 19:16
**purposes** 8:1
**put** 6:1 12:7 15:10
**puts** 5:20

**Q**

**question** 4:23 6:12
  14:9,10 16:19
  17:8,18 18:9 23:2
**questions** 15:2
**quickly** 6:9
**quote** 6:15 7:17

**R**

**R** 2:8,13
**raise** 19:9 25:15
  26:11
**raised** 17:14
**reached** 17:3
**read** 3:24 24:25
**reason** 21:9
**receive** 13:21
**received** 13:19
**record** 10:8,20 13:9
  13:20 14:21 15:10
  17:22 20:20 23:18
**refer** 23:4
**reference** 17:6



referencing 15:25
regard 11:4
related 19:20
relates 15:17
relief 23:21,24
remembers 15:11
repeat 22:14
repercussion 8:14
reported 1:19
represent 16:15
request 12:15
requested 23:24
reserve 23:20
resolution 7:20 9:2
  16:13 17:3 19:25
resolve 8:13 19:16
respect 6:24 21:4
respond 3:15 9:11
  12:23 15:2
responding 13:17
response 13:20
  14:24 19:13 26:4
reveal 7:10 9:15
revealed 9:17
revealing 9:20
reveals 7:14
review 7:14
reviewed 3:7
right 11:7,13 17:13
  19:4,8 20:17 21:1
  21:17 22:1,6,9
  25:16
Roberts 2:2 4:18
  7:21 13:8 14:11
  16:10 17:5
Roberts' 1:10 4:6
rule 5:12,25 10:3
ruled 15:11
ruling 10:10 24:15

S

S 2:13
SAFRA 2:8 3:4,20
  3:23 6:16 11:4,8
  11:14,16 12:5,7
  12:18 13:23 14:5

14:10,15,18 15:15
  15:19 16:20 17:9
  17:14,19,21 18:8
  18:10,16,21 19:1
  19:8 22:2 23:15
  23:18,20 24:4,8
  24:12,18,20,23
  25:2,9,12,17 26:8
  26:21
sanction 9:20
sanctionable 8:7
  9:6 20:22
sanctioned 11:22
sanctions 12:15
  20:25
saying 9:4 13:12
  14:22 15:3 20:5,7
  21:21
says 9:24 10:6
  22:15
scheduled 25:3
SCHILLER 2:3
SCOTT 2:8
se 8:20
seal 1:11 3:7,9 4:7
  15:13 21:22 23:13
  25:9 28:16
sealed 10:7,8,10
  15:12 22:13 24:1
  24:7,17
sealing 12:14 21:16
  21:17 24:16 25:20
second 12:8
see 5:14 26:19
seen 20:4
sent 7:18
Services 1:20
set 3:11 4:14 8:19
settlement 4:11,25
  5:22 6:4 7:3,7,12
  7:15,25 8:4,10 9:5
  9:15 10:1,16 11:1
  11:20 15:22 16:4
  18:4,6 19:17 20:1
  20:7 21:3 22:17
  22:21,25 23:2,9

23:12 24:1,3,10
  25:4,25
settlement-related
  18:22
shameless 8:2
show 19:22
shown 23:21,24
SIGRID 2:3
single 4:9 16:1
sitting 6:25
situation 25:1
six 5:19
skinning 22:4
Sorry 3:5
sort 14:25
sounds 18:7
source 10:18
South 2:9
Southeast 1:14
speaking 4:21
specifics 16:21
specified 18:16
spew 25:24
spews 10:4
spoke 14:5,6
spoken 14:7
stake 9:3
standpoint 16:12
  20:11
started 4:24 23:9
state 25:12 28:5,8
  28:17,22
stated 17:22
statement 10:20
statements 14:23
statute 8:10,21
stern 26:4
STEVEN 2:8
stop 5:5
story 6:7 15:5
Street 1:14 13:3
Streitfeld 8:25 23:6
  23:8
stricken 10:7 21:10
strike 3:11 9:10
  12:14 21:9

striking 21:12
strong 23:16
struck 9:18
stuff 22:10
subject 16:1,25
submit 7:13,23
  10:4
substance 3:17
suggestion 27:4
Suite 2:4,9
Sunday 3:25
supposed 20:3
sure 3:18,19 4:3
  6:13 11:2

T

T 2:13
take 6:10 24:20
taken 1:13 28:14
talk 5:4,4
talked 16:11
talking 14:8,13,16
  14:17 20:24 21:11
  21:15
team 7:16
tell 15:23
testimony 17:17
thank 4:4 12:3,4
  23:14,19 26:20,21
  27:3
Thanks 26:19
thing 15:20 19:4,8
  21:18
things 10:19 20:18
  22:14,16 26:2
think 5:19 9:6
  12:10,18 13:2
  23:11,25 24:2,6
  24:17 26:3,6,9
Thomas 1:15 28:11
thought 6:20
three 12:9
time 1:13,17 19:9
  19:13,17 20:4,8,9
  26:13
timeline 17:9

Times 3:25 6:6,8
  13:17,21 14:19,23
  20:13 21:7 24:25
tipping 13:10
today 3:12 4:5
  14:17 15:21 25:8
told 8:3 14:6
total 13:2
TRANSCRIPT
  1:10
transcription 28:14
transpired 4:14,20
  6:9,24 10:5
tried 5:4,5 15:9
troubling 21:24
true 10:6 28:13
trumps 15:12
try 4:24 9:2 13:14
  16:6 19:14
trying 13:16 17:3
  18:1 23:4
two 16:25 20:18

U

understand 12:11
  15:14 16:18 21:8
  21:13,20,25
Understood 24:23
unquote 6:15
use 10:11 21:23

V

violated 4:10
Virgina 2:2
Virginia 1:10 4:6
  4:17
vs 1:6

W

wait 19:9
waited 17:25
Wall 13:3
want 10:19 22:20
  25:15 26:25
wanted 3:18 6:7
  9:14 26:10



**wants** 7:5
**wasn't** 6:19,21
    24:12
**way** 11:24,25 19:15
**we're** 4:5 21:18
    25:7
**we've** 14:2
**Wednesday** 3:10
    12:22
**weekend** 26:22
**weeks** 23:7
**went** 23:10
**WITNESS** 28:16
**words** 7:4 8:5 22:24
    24:20
**work** 10:12
**worrying** 8:13
**wouldn't** 14:4 20:4
**writing** 20:6
**wrong** 11:25

**X**

**X** 2:13

**Y**

**York** 6:6 21:7
    24:25 25:20 26:1

**Z**

**0**

**1**

**1** 28:13
**12-27-15** 28:23
**1200** 2:4
**1400** 2:9
**15-000072** 1:3
**17TH** 1:1
**18** 1:13 28:15
**18th** 28:18

**2**

**201** 1:14
**2015** 1:13 22:23
    28:15,18
**28** 28:13

**294-4440** 2:10

**3**

**305** 2:10
**33156** 2:10
**33301** 1:15 2:5
**356-0011** 2:5
**3rd** 25:11

**4**

**401** 2:4
**44.403** 8:19

**5**

**6**

**6th** 1:14

**7**

**8**

**866-624-6221** 1:21

**9**

**9:26** 1:13
**9:45** 1:13 27:8
**90.408** 8:10
**9150** 2:9
**954** 2:5
**9th** 22:23

