**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,         Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

## PLAINTIFF'S MOTION FOR COURT APPROVAL OF PLAINTIFF'S CERTIFICATION OF PRODUCTION

    Plaintiff, Virginia Giuffre, by and through her undersigned counsel, hereby files this Motion for Court Approval of Ms. Giuffre's Certification of Production and states as follows.

## I.    INTRODUCTION

    On May 3, 2016, Ms. Giuffre sat through a full day of deposition. ███████████████ ███████████████████████████████████████████████████ ███████████████████████████████████. As the Court knows, Ms. Giuffre also agreed to sit for a second deposition, but requested certain limitations from the Court. ████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████

        ███████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████

███████████████████████████████████████████████████ ███████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████.

Ms. Giuffre does not want to delay the trial in this matter, and wants to move forward with her second deposition. ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████ Therefore, Ms. Giuffre comes before the Court now to request the Court's approval of her certification.

## II.   **LEGAL ARGUMENT**

In this single count defamation case, defendant's discovery requests included incredibly broad requests for Ms. Giuffre's medical records and pharmaceutical records *spanning her entire lifetime*. For example, Defendant's request for production 26 seeks, without any time limitation: "All documents concerning any prescription drugs taken by You, including the prescribing doctor, the dates of said prescription, and the dates of any fulfillment of any such prescription." The Court limited the requests at April 21, 2016 hearing:

> THE COURT: . . . The medical records of the period '99 to 2002 will be produced and the plaintiff will indicate whether that production is complete or, if it isn't complete, when it will be complete. As for the pre-'99 medical records, based on where we are at the moment, I do not believe that those are relevant. Because the damage issue relates, in my view, solely to the defamation. If that changes in any way, I will revisit that issue.

*See* McCawley Dec. at Exhibit 1, April 21, 2106 Hr. Tr. at 20.  Defendant's interrogatories were also incredibly broad, demanding that Ms. Giuffre list all "pre" and "post" defamation physicians she has ever seen and all details relating thereto - this would also include all pediatric records from birth:

> "Identify any Health Care Provider from who You received any treatment for any physical,

2

mental or emotional condition, including addiction to alcohol, prescription or illegal drugs
that You suffered from prior to the Alleged Defamation by Ghislaine Maxwell , including:

> a. the Health Care Provider's name, address and telephone number;
> b. the type of consultation, examination or treatment provided;
> c. the dates You received consultation, examination or treatment;
> d. whether such treatment was on an in-patient or out of patient basis;
> e. the medical expenses to date;
> f. whether health insurance or some other person or organization or entity has paid
> for the medical expenses; and
> g. For each such Health Care Provider, please execute the medical and mental health
> records release attached hereto as Exhibit A.

*See* McCawley Dec. at Exhibit 2, Defendant's Interrogatory 13. This request is not limited in time and
covers a lifetime of medical information by its breadth.

Pursuant to this Court's April 21, 2016, ruling Ms. Giuffre has made significant efforts to try to
track down and collect any medical record she can find from 1999 to the present, including paying all
fees associated with that collection process. Defendant's demands for records reach far beyond what
could reasonably be contemplated as relating to this action, to the point of absurdity. For example,
Defendant demanded (and received) Ms. Giuffre's medical information concerning everything from
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████ – despite the fact that those medical records
have nothing to with the harm to Ms. Giuffre from Defendant's defamation.

In this case Ms. Giuffre has produced over **9,000** pages of documents, including running over
200 search terms over her electronic data, and sending letter requests or releases to over 30 entities.
The below list identifies the medical providers from whom Ms. Giuffre sought records detailing what
efforts were employed to obtain the records:







---

[1] In addition, counsel for Ms. Giuffre made multiple phone calls to potential medical records custodians in an attempt to locate ███████████. These efforts were unsuccessful.





Discovery in this case closed on July 31, 2016. Ms. Giuffre has nevertheless continued to attempt to collect records from a variety of doctors and facilities as requested by Defendant.

Despite Ms. Giuffre and her attorneys' burdensome and time-consuming efforts to collect her medical records, some medical providers either have not responded to the request or have discontinued their practice rendering the records unreachable. Ms. Giuffre wants to ensure that she can move forward to trial on December 12, 2016, as set forth by the Court, and would like to move forward with her second deposition; however, Defendant is rejecting Ms. Giuffre's attempt to certify her production in accordance with the Court's order because there are medical providers who have yet to produce irrelevant records. *See* McCawley Dec. at Exhibit 3, September 16, 2016 correspondence.

A.    **Employment Records**:

Defendant also complains that Ms. Giuffre has not produced all of her employment records, but this claim is without merit. It is noteworthy that Ms. Giuffre revised her Rule 26 disclosures back in June, and is *no longer seeking any damages relating to lost employment income*. Despite that fact, Ms. Giuffre continued to collect her irrelevant employment records based on Defendant's demands. Ms. Giuffre has produced all her electronic documents relating to employment. Additionally, Ms. Giuffre has sent requests for records and releases to every employer (and even one non-employer) requested by Defendant.

For example, upon Defendant's request, Ms. Giuffre executed a release and request for records from ███████ over four months ago, on May 9, 2016. On May 25, 2016, Ms. Giuffre produced the request to ███████ and the response received from ███████, dated May 18, 2006, at GIUFFRE005489-GIUFFRE005491. The ███████ response stated that it was ███████

███████████████████████████████████████████

██████████████ *See* GIUFFRE005489. Ms. Giuffre has exhausted her obligation under Rule 26 to retrieve employment records that the purported employer states do not exist.

Similarly, Ms. Giuffre executed a release and request for records from ████, which was sent over four months ago, on May 9, 2016. On May 25, 2016, Ms. Giuffre produced the request to ████ and the response received from ████, dated May 13, 2006, at GIUFFRE005486-GIUFFRE005488. Defendant is also insisting that Ms. Giuffre obtain records from ██████████ ██████████████████████████████████ As explained in her deposition, ████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████ Ms. Giuffre has produced all employment records that she has obtained and, again, she has forgone any claim for lost wages rendering record searches for employment records unnecessary and irrelevant.

### B.  Medical Records

1.  Ms. Giuffre has Exhausted All Practical Ways to Search for and Produce Medical Records

While Ms. Giuffre has made significant efforts to collect her medical (and employment) records, these records are held by third parties.  Ms. Giuffre, is not in possession of the records, and cannot control the response (or lack thereof) by the third parties who hold the records. Indeed, some old providers no longer have records; and some providers no longer exist. A complete overview of what medical records are unavailable to Ms. Giuffre is below at Appendix A.

Even if Ms. Giuffre had endless resources and endless time to pursue *all* her medical records – records spanning almost two decades and across two continents – it is unlikely that establishing complete certainty that a full recovery of medical records is even possible, particularly when some of these records would be pediatric records. *See e.g.*, Margot Sanger-Katz, *'Full Medical Records' for*

*Trump and Clinton? That's Fiction*, NEW YORK TIMES, Sept. 8, 2016 ("'Getting someone's records is a

nightmare, because they are in paper, and they're scattered everywhere,' said Dr. William Tierney, the

department chairman of population health at the Dell Medical School at the University of Texas, who

has studied and worked on electronic health records systems, and used them as a physician."). 

Accordingly, "certainty" that *every* medical record *ever* created for Ms. Giuffre, across nearly two

decades and two continents is a chimera - endless time and resources could never produce such

certainty.

    2. <u>Ms. Giuffre has More than Satisfied Her Burden under Rule 26, and Courts Do</u>
      <u>Not Require Exhaustive Discovery of Irrelevant Medical Information</u>

  Ms. Giuffre can certify that she has made reasonable, diligent, and persistent efforts to collect

all of her employment and medical records, thus satisfying her responsibilities under Rule 26, Fed. R.

Civ. P. Ms. Giuffre, her counsel, and their staff, have spent hundreds of hours working to collect these

records, the overwhelming majority of which are not even tangentially related to this case. These efforts

have been fruitful: Ms. Giuffre has produce over 250 pages of medical records from over 20 providers.

Again, Ms. Giuffre has tracked down and produced old medical records ███████████████████

████████████████████████████. It is axiomatic that these medical records are

highly-personal. These records have nothing - absolutely nothing - to do to this case, and are wholly

irrelevant to the claims and defenses asserted herein.

  Courts in this district and in New York have repeatedly explained that medical discovery

requests do not give a party *carte blanche* license "to rummage through all aspects of the plaintiff's

life in search of a possible source of stress or distress," which is exactly what Defendant has been

doing for the last five months. *See Evanko v. Electronic Systems Assoc., Inc.*, 1993 WL 14458 at *2

(S.D.N.Y. Jan. 8, 1993) (applying the New York state physician-patient privilege, and holding that

where plaintiff claimed that she suffered emotional distress, defendants did not have "a license to

rummage through all aspects of the plaintiff's life in search of a possible source of stress or

distress," including plaintiff's medical records); *Manessis v. New York City Dep't of Trans*p., 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (concluding that "ability to pursue discovery regarding [plaintiff's] medical records should be limited in some manner").

Even in personal injury actions - which this is not: it is a defamation action - courts do not give defendants unbridled license to obtain irrelevant medical records. *See e.g., Wachtman v. Trocaire College*, 532 N.Y.S.2d 943, 944 (N.Y. App. Div. 1988) (holding that the scope of a waiver of the physician-patient privilege in personal injury cases is "limited and does not permit discovery of information involving unrelated illnesses and treatment"); *Sgambellone v. Wheatley*, 165 Misc.2d 954, 958, 630 N.Y.S.2d 835, 838 (N.Y. Sup.Ct. 1995) (holding that in a personal injury action, plaintiff's waiver of the physician-patient privilege "is not a wholesale waiver of all information about the plaintiff's entire physical and mental conditions but a waiver *only* of the physical and/or mental condition that is affirmatively placed in controversy") (emphasis in original).

Rule 26(b)(1), Fed. R. Civ. P., limits discovery in civil cases, and the December 2015 amendment to the Rule limits discovery even further. It states:

> Parties may obtain discovery regarding any nonprivileged matter ***that is relevant*** to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(1), Fed. R. Civ. P. Defendant's discovery requests for employment and medical records wholly fail to meet any of these requirements.

First, the medical records Defendant seeks ███████████████████████ ███████████████████), are not relevant to any party's claim or defense in this defamation action. Additionally, employment records are not relevant to this action since Ms. Giuffre has long ago dropped any claim related to lost wages.

10

Second, these requests are not proportional to the needs of this case. In this defamation case, to prevail, Ms. Giuffre needs to prove that Defendant lied when she called Ms. Giuffre a liar when she spoke out about the sexual abuse she suffered at the hands of Defendant and her live-in boyfriend, convicted pedophile Jeffrey Epstein. To defeat the claim, Defendant would have to prove that she was telling the truth and that she and Epstein did not abuse Ms. Giuffre. The records Defendant seeks in these overly-broad and extraneous requests do not go to the issues in this case, and are, therefore, not proportional to the case.

Finally, for the reasons stated above, the burden and expense of seeking to obtain the proposed discovery outweighs its benefit.  It is highly burdensome to track down all employment and medical records (including pediatric records) that span nearly two decades, and span various locations in two continents. There are no issues in this case that are brought closer to resolution by Defendant gaining Ms. Giuffre's records of treatment for ███████████████████████████ ██████. Tellingly, throughout this entire litigation, Defendant has ***cited no case*** in support of her position that she should have these records. Despite that failing, Ms. Giuffre has performed an enormous undertaking to procure over 250 pages of medical records from over 20 providers ████████ ████████████████████████████████████████████████████████████ ████████████. At this point, Defendant's continued discovery requests are nothing more than harassment.

### C.  Ms. Giuffre's Production Should Be Deemed Complete

Ms. Giuffre can certify that she has produced all of the documents relating to any medical treatment or employment *in her possession* [3] after a burdensome, diligent, and lengthy quest to obtain

---

[3] ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

and produce all documents in existence from dozens of third parties. Based on these efforts, and the

case law cited above, Ms. Giuffre respectfully requests that the Court accept that certification so that

Ms. Giuffre can move forward with the second deposition and ensure that the trial in this matter will

not be delayed.

## CONCLUSION

Based upon the foregoing, Ms. Giuffre respectfully requests that this Court approve Ms.

Giuffre's certification of production as complete so that Ms. Giuffre's second deposition can

go forward and the parties can advance toward trial.

September 21, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
 (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112

(801) 585-5202[4]

---

[4] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**APPENDIX A**

On September 7, 2016, Ms. Giuffre wrote to Defendant with a summary and certification of

Ms. Giuffre's discovery. ███████████████████████████████████ Therein, Ms.

Giuffre identified providers from whom no records could be obtained, despite all reasonable

diligence in pursuit of those records. They are as follows:



Defendant responded, claiming there were outstanding medical records from 13 different

sources (though, for some, the sources were one and the same, and merely categorized as different providers by Defendant). However, for each of them, there are no "outstanding records." To the contrary, Ms. Giuffre had already issued requests, or no provider name was remembered, or Ms. Giuffre never saw the provider, as explained in Ms. Giuffre's September 16, 2016, letter. Specifically, Ms. Giuffre stated:







*See* McCawley Dec. at Exhibit 3.

Accordingly, Ms. Giuffre has made a thorough search and robust production of her medical records, in good faith, and, therefore, can sit for her deposition and proceed to trial.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 21, 2016, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing

document is being served to all parties of record via transmission of the Electronic Court Filing

System generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
          jpagliuca@hmflaw.com

/s/ Meredith Schultz
Meredith Schultz