Courtesy Copy

United States District Court
Southern District of New York

Virginia L. Giuffre,

        Plaintiff,

v.

Ghislaine Maxwell,

        Defendant.

Case No.: 15-cv-07433-RWS

RECEIVED JUL 27 2016 JUDGE SWEET CHAMBERS

## PLAINTIFF VIRGINIA GIUFFRE'S MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS UPON AND DEPOSE ROSS GOW

Plaintiff, Virginia Giuffre, hereby submits this Motion for Extension of Time to Serve Process upon and Depose Ross Gow. Even though Mr. Gow is Defendant's press agent – and is represented by one of Defendant's attorneys -- Defendant has refused to assist in making him available for a deposition. And, Mr. Gow has been attempting to thwart service of process in England, now necessitating the intervention of an English court. Accordingly, Ms. Giuffre seeks additional time from this Court for to serve him for a deposition.[1]

*[Handwritten: Motion granted. Time extended 60 days. So ordered. Sweet USDJ 9-27-16]*

---

[1] The parties have conferred about this request for an extension of time. Defendant's attorney, Ms. Menninger, has represented that she is willing to agree to a thirty-day extension to take Mr. Gow's deposition. That would extend the deadline until August 30, 2016. However, Defendant's other attorney, Mr. Barden, who now also represents Mr. Gow, has informed the undersigned that his "client is away on holiday and is not back in London until September." See July 19, 2016, letter from Philip Barden. See McCawley Decl. at Exhibit 9. Accordingly, it is clear that the allotted time for extension that Defendant's first attorney proposed will be insufficient because Defendant's second attorney has said Defendant's agent is unavailable during that time. Moreover, it is likely that the process to procure an order from and English court directing Mr. Gow to sit for his deposition will exceed thirty-days plus the six remaining days in this month. Accordingly, Ms. Giuffre seeks an extension of time beyond thirty days in order to take Mr. Gow's deposition.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/16

## I.  BACKGROUND

The Court will recall that Mr. Ross Gow is an important witness in this defamation case, because he was Defendant's "image consultant" and public relations agent who facilitated the publication of some the Defendant's most significant defamatory statements. Given Mr. Gow's significant role in the case, Ms. Giuffre has been attempting to depose him. Ms. Giuffre has requested the assistance of Defendant in scheduling his deposition, and sought Mr. Gow's cooperation directly, but those efforts have failed. Additionally, Ms. Giuffre has tried to work through Ms. Gow's legal counsel to schedule a deposition, but Mr. Gow's counsel has refused to accept service. It turns out that Defendant's attorney, Philip Barden, now also represents Ross Gow. The Court will recall that Mr. Barden is Defendant's attorney who participated in relevant communications that this Court ordered Defendant to produce to Ms. Giuffre after *in camera* review. Mr. Barden has recently informed the undersigned that he now represents Mr. Gow as his attorney. It appears that Mr. Barden's joint representation of both Defendant and Mr. Gow arose in response to Ms. Giuffre's efforts to obtain Mr. Gow's deposition testimony.

This Court has previously granted Ms. Giuffre's motion to take Mr. Gow's deposition. *See* June 20, 2016, Redacted Omnibus Order, filed in redacted version at D.E. 264-1. Upon information and belief, Mr. Gow is a British national who resides in England, and therefore Ms. Giuffre attempted to work with both Defendant and Mr. Gow to secure Mr. Gow's voluntary appearance. Counsel for Ms. Giuffre sent Mr. Gow two requests to take his deposition in relation to this matter. *See* Schultz Decl. at Composite Exhibit 1, June 12, 2016, Email to Ross Gow and June 14, 2016 Email to Ross Gow. Neither of these communications received any response.

After such efforts came to nothing, Ms. Giuffre attempted to serve Mr. Gow through the Hague Convention, to which both the U.S. and the U.K. are parties. On June 17, 2016, Ms.

Giuffre's counsel commenced service via The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Pursuant to the Convention, Ms. Giuffre followed the specific instructions detailed by the United States Department of State and other resources to effectuate service. *See* Declaration of Meredith Schultz ("Schultz Decl.") at Exhibit 2, Request for Service Abroad of Judicial or Extrajudicial Documents sent to The Senior Master, For the Attention of the Foreign Process Section, Room E16, Royal Courts of Justice Strand, London, WC2A 2LL, United Kingdom.

Upon information and belief, that June 17, 2016, subpoena was served to Mr. Gow's business address via the Hague Convention by the Foreign Process Section (or related United Kingdom agency) in receipt of the subpoena from Ms. Giuffre. *See* Schultz Decl. at Exhibit 3, July 1, 2016, London, Senior Courts of England and Wales Foreign Process Section, Transmitting Agency Reference: Acknowledgment of Receipt, Article 6(1) of Council Regulation (EC) No 1348/2000. Indeed, on July 12, 2016, Defendant's attorney, Mr. Barden alerted counsel for Ms. Giuffre that the June 17, 2016, subpoena was served to Mr. Gow's office address, and Mr. Barden communicated that he represented Mr. Gow. *See* Schultz Decl. at Composite Exhibit 4, July 12, 2016 emails to/from Philip Barden.

The June 17, 2016, subpoena had a deposition date of June 29, 2016. This was set so that the deposition could be taken before discovery cutoff date of July 1, 2016. This Court has since granted Ms. Giuffre's one-month extension of time to take depositions. *See* June 20, 2016, Redacted Omnibus Order, the redacted Order filed at D.E. 264-1.

Ms. Giuffre again utilized The Hague Convention Processes to serve an updated subpoena for a date at the end of July, 2016. Specifically, on July 1, 2016, Ms. Giuffre's counsel commenced separate service of process through The Hague Convention on the Taking of

3

Evidence Abroad in Civil and Commercial Matters, noticing this deposition for July 20, 2016. Ms. Giuffre does not know whether or not that subpoena has yet been served through The Hague Convention.

In order to speed service of process for the deposition to be completed within this Court's new deadline, Ms. Giuffre retained a private process serving firm in London to attempt to effectuate personal service on Mr. Gow. The firm has since attempted service of process at Mr. Gow's business and residential addresses, with fees in excess of £1,349.50 GBP ($1,768.99 USD). *See* Schultz Decl. at Exhibit 5, Affidavit of Cesar Agusto.

Thereafter, when Defendant's attorney, Mr. Barden, informed the undersigned that he also represented Mr. Gow, Ms. Giuffre's counsel asked Mr. Barden whether he was authorized to accept service on Mr. Gow's behalf, and sent Mr. Barden the updated subpoena for the July 20, 2016, deposition date. *See* Schultz Decl. at Composite Exhibit 4, July 13, 2016 email communication to Mr. Barden stating, "Please advise at your earliest convenience whether you accept service of process of the subpoena on behalf of Mr. Gow." Instead of answering that question, Mr. Barden twice replied that service was (in his view) improper because the subpoena lacked an order from an English Court. *See* Schultz Decl. at Composite Exhibit 4, July 13, 2016, emails from Mr. Barden.

On July 14, 2016, the undersigned sent a letter to Mr. Barden that stated: "To the extent that you consider service has been defective, please confirm whether you waive service of process and accept service of the subpoena on Mr. Gow's behalf," and, again, informing Mr. Barden that counsel would be happy to arrange a date and time convenient for Mr. Gow. *See* Schultz Decl. at Exhibit 6, July 14, 2016, letter to Mr. Barden. As of the date of this filing, Mr. Barden has not accepted service of process.

4

Ms. Giuffre is prepared to secure English counsel to seek an English court order pursuant to the English Evidence (Proceedings in Other Jurisdictions) Act 1975, a process Mr. Barden claims is necessary to effectuate proper service upon Mr. Gow. The undersigned has been informed that such an application to an English High Court will likely be successful; however; it is an expensive and potentially lengthy process.

## ARGUMENT

Ms. Giuffre has worked diligently to obtain a deposition of Mr. Gow. As is clear from the foregoing facts, however, Defendant is not cooperating with Ms. Giuffre to facilitate that deposition, *even though her own attorney is now representing Mr. Gow*, a fact that evidences shared legal interests. And Mr. Gow himself is also not cooperating with these efforts, having ignored correspondence from Ms. Giuffre's counsel. Accordingly, Ms. Giuffre requests that this Court allow Ms. Giuffre additional time to effectuate service pursuant to the English Evidence Act 1975. The additional time is appropriate because Mr. Gow is an important witness, Defendant will not be prejudiced by the grant of extra time, and Ms. Giuffre would be prejudiced if she was prevented from deposing Mr. Gow.

### A. Mr. Gow Is an Important Witness in the Case.

Mr. Gow possesses important information in this case. Mr. Gow is Defendant's press agent who issued the press statement at issue in this case on Defendant's behalf. He will be able to testify regarding the defamatory statement, its distribution, any other defamatory statements that were distributed, and any information he had regarding the basis for the statement. This Court has already granted Ms. Giuffre's request to depose Mr. Gow. *See* June 20, 2016, Redacted Omnibus Order, filed in redacted version at D.E. 264-1.

Mr. Gow's testimony is now of particular importance because Defendant has not answered directly questions about her relationship with him. Defendant issued the following answers to requests for admission concerning Mr. Gow:

> 1. Admit that Ross Gow was authorized by You or your agents to make statements to the public on your behalf.
>
> Ms. Maxwell objects to this Request based on the vagueness of the terms "authorized", "statements to the public," and "agents". Without waiver of the foregoing, Ms. Maxwell responds as follows:
>
> **Denied in part**. Ms. Maxwell admits that she has worked with Mr. Gow on occasion for several years and that she has corresponded with Mr. Gow regarding communications to members of the British press to reserve her right to seek redress for their repetition of defamatory statements about Ms. Maxwell.
>
> 5. Admit that you knew or had reason to believe that Ross Gow would make a press release addressing accusations made against you in January 2015.
>
> Ms. Maxwell objects to this Request based on the vagueness of the term "press release." Without waiver of the foregoing, Ms. Maxwell responds as follows:
>
> **Denied in part.** Ms. Maxwell admits that she engaged in communications with Mr. Gow in January 2015 prior to his communication to members of the British press reserving her right to seek redress for their repetition of defamatory statements about Ms. Maxwell. All such communications have been produced to Plaintiff and speak for themselves.

*See* Schultz Decl. at Exhibit 7, Excerpt from Defendant's Response to Plaintiff's First Set of Requests for Admissions at p. 3-5.

Accordingly, it is essential for Ms. Giuffre to take testimony from Mr. Gow about his work as Defendant's press agent and the release of the defamatory statement.

### B. An Extension of Time to Take Mr. Gow's Deposition Will Not Prejudice Defendant

Defendant will suffer no prejudice if the motion is granted. Mr. Gow is Defendant's agent, and they share the same lawyer. As a result, Defendant cannot plausibly argue that the deposition will somehow surprise and prejudice her by producing newly-revealed information.

6

## CONCLUSION

For the reasons set forth above, Ms. Giuffre respectfully requests that this Court grant her motion for an extension of time. Given the length of time that may be involved in securing an English court order, Ms. Giuffre requests that she be given up to the date of trial to complete the process with the English court and secure Gow's testimony.

Dated: July 25, 2016.

          Respectfully Submitted,
          BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Meredith Schultz (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies Schiller & Flexner LLP
    333 Main Street
    Armonk, NY 10504

    Bradley J. Edwards (Pro Hac Vice)
    FARMER, JAFFE, WEISSING,
    EDWARDS, FISTOS & LEHRMAN, P.L.
    425 North Andrews Avenue, Suite 2
    Fort Lauderdale, Florida 33301
    (954) 524-2820

    Paul G. Cassell (Pro Hac Vice)
    S.J. Quinney College of Law
    University of Utah
    383 University St.
    Salt Lake City, UT 84112
    (801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 25th day of July, 2016, I served the attached document via Email and CM/ECF to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com

                          /s/ Sigrid S. McCawley
                            Sigrid S. McCawley