# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH. 954.356.0011 • FAX 954.356.0022

Sigrid S. McCawley, Esq.
E-mail: smccawley@bsfllp.com

September 28, 2016

**VIA CM/ECF**

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re:   *Giuffre v. Maxwell*,
             Case No.: 15-cv-07433-RWS

Dear Judge Sweet:

      We write to respond briefly in opposition to Proposed Intervenor Alan M. Dershowitz's letter motion of September 26, 2016, for leave to publicly file a less-redacted version of Dershowitz's Reply Declaration. The motion is untimely and unjustified. However, the Court need not even reach those considerations as Dershowitz is not a party and has no standing to make this motion. Dershowitz's letter tacitly admits the same by wholly failing to address the standing defects that preclude him from seeking this relief.

      If we understand the letter motion correctly, it appears to argue that the Professor Cassell's declaration, filed August 29, 2016, was too heavily redacted. Dershowitz gives no explanation for waiting four weeks for raising this issue. Importantly, under the Protective Order that exists in this case, any challenges to a redaction must be raised *by written notice to the party designating the disputed information, and not brought to the court before ten business days after the notice is received.* Dershowitz is bound by the terms of the Protective Order through his receipt of confidential materials from the Defendant.[1] In bringing this letter motion, Dershowitz violates those terms by failing to provide written notice to the designating party, and prematurely brings this motion before the Court in direct contravention of this Court's Protective Order. This premature filing, in contravention of this Court's Order, is yet another reason to deny this motion.

---

[1] The Protective Order states: "Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above . . . counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions."

Honorable Judge Robert W. Sweet
U.S. District Court
September 28, 2016
-2-

In any event, Dershowitz's letter motion appears to be a further attempt to use public filing in this case as an opportunity to cherry-pick certain information that he wants to disclose. Dershowitz's letter motion claims that redactions are somehow improper under Supreme Court decisions such as *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). But the Court will recall from Ms. Giuffre's earlier briefing that all federal appellate courts that have taken up the issue have soundly rejected Dershowitz's argument that attachment to discovery documents somehow are transformed into "judicial documents." Most important are two Second Circuit holdings in *Amodeo I* and *Amodeo II*. In *Amodeo II* the Second Circuit held that documents "passed between the parties in discovery, lie entirely beyond the presumption's reach…" *Amodeo II*, 71 F.3d at 1050. In *Amodeo I* the Second Circuit noted the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Amodeo I*, 44 F.3d at 145. Accordingly, the Second Circuit has held (1) discovery materials are not judicial documents; (2) the mere filing of a document with the court does not render it a judicial document; and (3) a court simply reviewing a piece of discovery material does not make the document a "judicial document." Therefore, there is no question that the Second Circuit would resolve the issue at hand in exactly the same way that every other circuit to address the issue has.

Dershowitz's motion fails on the law and his instant letter motion to file a "less-redacted" Reply brief fails on the law for the exact same reasons. Tellingly, the only case he cites in his letter motion expressly instructed lower courts to "exercise an informed discretion as to the release" of materials, because, "[o]therwise, there would exhibit a danger that the court could become a partner in the use of the subpoenaed material to gratify private spite or promote public scandal, with no corresponding assurance of public benefit." *Nixon v. Warner Communications, Inc.*, 98 S.Ct. at 1315, 435 U.S. at 603 (internal citations and quotations omitted).

Dershowitz's professed purpose for going to the press with cherry-picked, self-serving pieces of discovery - for the public's "right to monitor the judicial process" (Reply at 2) - is belied by his own admission that he seeks to reveal purportedly "[self-]exculpatory facts to the public" (Reply at 10). His proposed, selected unsealing does not allow the public to "monitor the judicial process," because it does not give the public any insight onto the facts and testimony upon which this Court has made its rulings in the discovery process. It does nothing to elucidate Maxwell's testimony, which Dershowitz is happy to keep under seal, nor does it elucidate the deposition testimony of the multiple witnesses who testified that ████████████ ████████████████████████████████ Significantly, it does not even seek to have this Court's own sealed rulings made public – the documents that would give the public the most insight into the judicial process. Instead, the cherry-picked documents Dershowitz seeks to reveal would not give the public any insight on the Court's activities, particularly as it is not clear whether the Court has even reviewed or considered them.

In sum, Dershowitz's latest letter motion illustrates why Dershowitz's motion to intervene should be denied. Dershowitz is an interloper to this case, who wants to restructure the

Honorable Judge Robert W. Sweet
U.S. District Court
September 28, 2016
-3-

existing confidentiality order so that material that he believes is useful to him is made public[2] while the significant evidence tending to show his (and other's) culpability remains sealed. Dershowitz should not be allowed to intervene for such grand standing purposes – and his current letter motion in the same vein should likewise be denied.

Sincerely,

Sigrid McCawley

---

[2] In his letter, Dershowitz seems to continue to argue that the documents he seeks to release to the public somehow exonerate him. But the main documents at issue do no such thing,