UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**MOTION TO COMPEL TESTIMONY OF JEFFREY EPSTEIN**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell submits this Motion to Compel Testimony of Jeffrey Epstein and states as follows:

## INTRODUCTION

On September 9, 2016, pursuant to this Court's Order denying Jeffrey Epstein's Motion to Quash Subpoena (Doc. #226), Mr. Epstein appeared for his deposition. After being sworn in, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Declaration of Jeffrey S. Pagliuca, Ex. A.

If compelled to truthfully answer the questions posed regarding the Plaintiff, Mr. Epstein's testimony will support Ms. Maxwell's position in this case. His responses will confirm that Ms. Maxwell never engaged in any sexual contact with Plaintiff and did not arrange for the Plaintiff to have sexual contact with anyone. His responses will confirm that Plaintiff was never held as a "sex slave" for four years, nor "sexually trafficked" to world leaders, heads of state, foreign presidents, Prince Andrew or Alan Dershowitz, the allegations that the press statement referred to as obvious lies.

Mr. Epstein previously has acknowledged ████████████████████████ ██████████████████████████████████████. Pagliuca Decl., Ex. B.  Further, Mr. Epstein confirmed to Ms. Maxwell that ████████████████████████████████████ ████████████ Pagliuca Decl., Ex. C. Ms. Maxwell's lack of involvement with any purported wrongdoing by Mr. Epstein is corroborated by correspondence from the U.S. Attorney who was prepared to prosecute Mr. Epstein in the event that he did not resolve the matter through a global federal and state plea bargain. In an email dated September 24, 2007, Ms. Villafana, the Assistant U.S. Attorney handling the federal case, identified the 5 potential individual targets of the federal investigation -- Ms. Maxwell was *not* one of them. Pagliuca Decl., Ex. D.

1

Ms. Maxwell ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Pagliuca Decl., Ex. E.  Similarly, the Palm Beach Police Department investigation revealed ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Pagliuca Decl., Ex. F.

Mr. Epstein's refusal to testify truthfully in this matter is prejudicial to Ms. Maxwell because the truth fully exonerates her.  Mr. Epstein previously has acknowledged that Ms. Maxwell was not involved in any criminal activity but now, improperly, refuses to answer questions that are critical to a fair resolution of this case.

It is Mr. Epstein's burden to demonstrate that his invocation of the Fifth Amendment Privilege is proper.  He must demonstrate an actual possibility of prosecution and unless that burden is met, he should be compelled to testify.[1]

## LEGAL STANDARDS

"In the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) (citing *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir.1995). "The fifth amendment privilege against self-incrimination may be invoked when there exists a *possibility* of criminal prosecution; there need not be a pending or likely criminal prosecution." *Transatlantic Reinsurance Co. v. Ditrapani*, No. 90 CIV. 3884 (JMC), 1991 WL 12135, at *3 (S.D.N.Y. Jan. 28, 1991) (citing *United Liquor*

---

[1] Plaintiff has filed a Motion to Compel Mr. Epstein's testimony in the United States District Court for the District of Southern Florida, (case # 9:16-mc-81608-DMM).  Ms. Maxwell does not believe that the United States District Court for the District of Southern Florida has jurisdiction on this issue.  Counsel for Ms. Maxwell has been advised that the Plaintiff and Mr. Epstein agreed to request that the motion filed in United States District Court for the Southern District of Florida be transferred to this Court.

2

*Co. v. Gard (In re Seper),* 705 F.2d 1499, 1501 (9th Cir.1983)).  "[T]he general reasonableness of a fear of potential self-incrimination does not justify a refusal to answer any and all questions; the appropriateness of assertions of privilege must be determined on a question-by-question basis."  *Sterling Nat'l. Bank v. A-1 Hotels Int'l, Inc.*, No. 00 CIV. 7352(GEL), 2004 WL 1418201, at *2 (S.D.N.Y. June 23, 2004).

There are exceptions to the general rule that an individual may invoke the privilege against self-incrimination. Three such exceptions are relevant here. First, "if a prosecution for a crime, concerning which the witness is interrogated, is barred by the statute of limitations, he is compellable to answer."[2] *In re Flat Glass Antitrust Litig.*, 385 F.3d 350, 371 (3d Cir. 2004) (*quoting Brown v. Walker,* 161 U.S. 591, 598 (1896)); *see Stogner v. California,* 539 U.S. 607, 620 (2003) (noting that "the Fifth Amendment's privilege against self-incrimination does not apply after the relevant limitations period has expired"); *Brown v. Walker,* 161 U.S. 591, 598 (1896).

Second, "[s]uspects who have been granted immunity from prosecution may ... be compelled to answer; with the threat of prosecution removed, there can be no reasonable belief that the evidence will be used against them." *Hiibel v. Sixth Judicial Dist. Court,* 542 U.S. 177, 190 (2004) (citing *Kastigar v. United States*, 406 U.S. 441, 453 (1972)).

Third, an otherwise valid Fifth Amendment privilege may be lost by conviction, *United States v. Romero*, 249 F.2d 371 (2d Cir. 1957), or waived by a guilty plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *United States v. Sanchez*, 459 F.2d 100, 103 (2d Cir. 1972), *cert. denied* 409 U.S. 864 (1972).

---

[2] Mr. Epstein has not identified any jurisdiction in which he claims that he might be prosecuted.  It is, accordingly, impossible to analyze any specific statute of limitation.

More than 14 years have passed since the Plaintiff had any contact with Mr. Epstein. In addition, Mr. Epstein engaged in extensive plea negotiations with the State of Florida and the U.S. Attorney for the Southern District of Florida. Those negotiations resulted in a plea/non-prosecution agreement that resolved all of the charges against Mr. Epstein. On June 30, 2008 Mr. Epstein pled guilty to state law prostitution charges and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Pagliuca Decl., Ex. E.

## ARGUMENT

The burden of establishing the propriety of the invocation lies with the proponent of the privilege. *Securities and Exchange Commission v. Militano*, No. 89 Civ. 0572 (JFK), 1991 WL 270116, at *3 (S.D.N.Y. Dec. 9, 1991); *Computerland Corp. v. Batac, Inc.*, No. 88 Civ. 8624 (SWK), 1989 WL 2720 (S.D.N.Y. Jan. 12, 1989); *Camalot Group, Ltd. v. N.A. Kieger*, 486 F.Supp. 1221, 1225 (S.D.N.Y. 1980). For the court to hold that the invocation was appropriate, the proponent must establish that the testimony sought poses a real danger of self-incrimination. *G.D. Searle Co. v. Interstate Drug Exchange*, 117 F.R.D. 495, 500 (E.D.N.Y. 1987) (quoting *Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 478 (1972) ("the privilege 'protects against real dangers, not remote or speculative possibilities'")); *Minnesota v. Murphy*, 465 U.S. 420, 435 (1984) (holding that a witness has no Fifth Amendment privilege if the questions asked "posed no realistic threat of incrimination in a separate criminal proceeding"); *United States v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir. 1987) (noting that risk of incrimination must be substantial and real not a trifling or imaginary hazard of communication); *In re. Morganroth v. Fitzsimmons*, 718 F.2d 161, 167 (6th Cir. 1983) (quoting *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980) ("witness must … show 'real danger,' not mere imaginary, remote or speculative possibility of prosecution")).

In this case, Mr. Epstein has not explained why there is the possibility of criminal prosecution. Indeed, Mr. Epstein has entered into a non-prosecution/plea-agreement with the federal government and Florida ████████████████████████████ ████████████████████████████████████. He entered a guilty plea pursuant to a plea agreement that included all the offenses that were known or investigated by the State of Florida and the United States Attorney through 2007.

A guilty plea constitutes a waiver of, among other things, the privilege against self-incrimination. *Parke v. Raley*, 506 U.S. 20 (1992); *see also United States v. Rodriguez*, 706 F.2d 31, 36 (2d Cir. 1983) (an otherwise valid Fifth Amendment privilege can be waived by a guilty plea); *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (a guilty plea constitutes a waiver); *United States v. Yurasovich*, 580 F.2d 1212, 1218 (3rd Cir. 1978) (when a defendant pleads guilty, the plea acts as a waiver of Fifth Amendment rights as to the crime to which the guilty plea pertains).

The waiver of privilege is limited to the crimes and conduct about which the defendant has pled guilty. Where, the plea encompasses all crimes for which the witness could potentially face prosecution, the privilege is waived completely and a court can compel full testimony. *Securities and Exchange Commission v. Militano*, No. 89 Civ. 0572 (JFK), 1991 WL 270116, at *4 (S.D.N.Y. Dec. 9, 1991). If the plea does not contemplate all crimes and conduct, the scope of the waiver is more focused - but there is still a waiver. Thus, whether broadly or narrowly construed, it is clear that the Fifth Amendment does not protect a witness as to subject matters about which that witness has already pled guilty. *Rodriguez*, 706 F.2d at 36.

As to the questions posed to Mr. Epstein concerning the Plaintiff related to events allegedly occurring in 2000 to 2002, any statute of limitations has long since expired. Thus, any

5

Fifth Amendment privilege that Mr. Epstein enjoyed was either extinguished by the passage of time or by his agreements with Florida and the United States.  Mr. Epstein has not made any showing that there remains any possibility of a criminal prosecution, and, accordingly, he should be compelled to testify.

## CONCLUSION

Mr. Epstein should be required to testify fully in this matter because:  he is immune from prosecution by agreement; he is immune from prosecution by operation of his guilty plea; and any statute of limitations has expired relating to activities purportedly occurring over 14 years ago.

**WHEREFORE,** Plaintiff Ghislaine Maxwell requests that this Court compel Jeffrey Epstein to reappear and to respond to all proper questions posed to him at his deposition without invoking the Fifth Amendment, and for such other and further relief as this Court deems appropriate.

Dated: September 30, 2016

Respectfully submitted,

*/s/ Jeffrey S. Pagliuca*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:     303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*


**CERTIFICATE OF SERVICE**

I certify that on September 30, 2016, I electronically served this *Motion to Compel Testimony of Jeffrey Epstein* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Jack Goldberger
Atterbury, Goldberger & Weiss, P.A.
250 N. Australian Avenue, #1400
West Palm Beach, FL 33401
jgoldberger@agwpa.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons