**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

Plaintiff, Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

Defendant.
________________________________/

**PLAINTIFF'S MOTION TO REOPEN DEFENDANT'S DEPOSITION BASED ON DEFENDANT'S LATE PRODUCTION OF NEW, KEY DOCUMENTS**

Plaintiff, Virginia Giuffre, by and through her undersigned counsel, files this Motion to Reopen Defendant's Deposition Based on Defendant's Production of New, Key Documents because Defendant produced documents subsequent to her deposition about which she should answer questions. The Court has already ruled that reopening a party deposition is appropriate where important documents are produced after the deposition is completed. Accordingly, the Court should grant Ms. Giuffre's request to reopen Defendant's deposition to answer questions relating to her lately produced documents.

## I. BACKGROUND

The Court will recall Defendant's case-long, unjustified recalcitrance regarding her testimony. She first attempted to avoid her deposition (causing unnecessary motion practice), and, then, she failed to answer questions at her deposition, upon which the Court ordered her to sit for her deposition again. Specifically, Ms. Giuffre started her quest to obtain Defendant's deposition back on February 2, 2016, by serving a Notice of Deposition. Defendant filed a

Motion for Protective Order trying to avoid her deposition. After a hearing on the issue, the Court directed Maxwell to sit for her deposition on April 22, 2016. [REDACTED] As a result, Ms. Giuffre was forced to file a Motion to Compel Defendant to Answer Deposition Questions Filed under Seal (DE 143). On June 20, 2016, this Court granted Ms. Giuffre's Motion and directed Defendant to sit for a second deposition to [REDACTED] (June 20, 2016 Sealed Order, filed in redacted version DE 264-1).

[REDACTED] As a result, on July 29, 2016, Ms. Giuffre was forced to file a Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed under Seal. (DE 314/356). That motion is still pending before this Court.

Discovery closed in this case on July 31, 2016. On August 16, 2016, after the close of discovery, and after Defendant's second deposition was taken, Defendant produced two critical documents which were e-mail communications: [REDACTED] *See* McCawley Decl. at Sealed Composite Exhibit 1, [REDACTED].

It is important for Ms. Giuffre to ask questions about these newly-produced communications with [REDACTED]. [REDACTED]

[redacted]

Accordingly, a follow up deposition of Defendant is critical. It is necessary both to ensure that she answers the questions [redacted] (as set forth in Plaintiff's Motion to Direct Defendant to Answer Deposition Questions (DE 314/356)), and to ensure that Ms. Giuffre can ask Defendant questions about the critical and late produced [redacted]

Indeed, Defendant cannot credibly oppose Ms. Giuffre's request because Defendant herself previously sought and received a deposition based on newly produced documents. Defendant previously argued before this Court that Ms. Giuffre's deposition should be reopened, in part, because Ms. Giuffre obtained and produced certain documents that Defendant wanted to ask her about ***after*** Ms. Giuffre's deposition was taken. Specifically, Defendant's motion stated "Plaintiff's production of key documents after her deposition necessitates additional examination." *See* (DE 230) at 3. Defendant's brief continued: "All of the new information that has come to light . . . justifies the reopening of Plaintiff's deposition." *Id*. at 5-6.

The Court granted Defendant's motion in a sealed Order that stated: "[redacted]" *See* Sealed August 30, 2016 Order. As the Court has already ruled that reopening a deposition is appropriate

when where important documents are produced after the deposition is completed, the same relief is appropriate for Ms. Giuffre upon this motion.

## II. ARGUMENT

The same standard set forth in the Court's August 30, 2016, Order applies to Defendant's post-deposition production of key documents. Defendant's late production of two key documents similarly "necessitates" and "justifies" the reopening of Defendant's deposition for questioning upon them. Therefore, Ms. Giuffre should receive the same relief from the Court that Defendant obtained: the reopening of Defendant's deposition to answer questions about these key documents. *See Wesley v. Muhammad*, 2009 WL 1490607, at *5 (S.D.N.Y. 2009) ("while defendants' delay in producing documents may have interfered with the completeness of depositions, plaintiff will be free to reopen any depositions for which he deems the newly produced documents to be a relevant source of questions"); *Ganci v. U.S. Limousine Serv., Ltd*., 2011 WL 4407461 at *2 (E.D.N.Y. Sept. 21, 2011) ("Courts will typically reopen a deposition where there is new information on which a witness should be questioned").

Moreover, it was after Defendant's deposition was complete, ***and after*** the briefing to reopen her deposition (on other grounds) was complete, and after discovery closed, that Defendant produced these key documents. Ms. Giuffre should be allowed to ask Defendant questions concerning them.



A.

These documents are of particular importance because one

Ms. Giuffre did not have the opportunity to question Defendant about

[redacted], nor did she have the opportunity to use it to cross [redacted] Additionally, due to the late production, Ms. Giuffre did not have the opportunity to include these facts in her briefing related to her Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed under Seal (DE 315).

a. [redacted]

[redacted] For example, [redacted]

[redacted]

*See* McCawley Decl. at Sealed Composite Exhibit 2, [redacted].

[redacted]



*See* McCawley Decl. at Sealed Composite Exhibit 2, [redacted] Ms. Giuffre should not be prejudiced or penalized by Defendant's late production, just as Defendant was not prejudiced nor penalized by Ms. Giuffre late production.

b. [redacted]

Importantly, Defendant's evasive responses regarding Ross Gow in her Answers to Ms. Giuffre's Requests for Admission[1] necessitate reopening of questioning regarding [redacted]. For example, Defendant stated as follows:

[redacted]

[redacted].

*See* McCawley Decl. at Sealed Exhibit 3, [redacted] Notably,

[1] Plaintiff attempted to meet and confer with Defendant in order to obtain a follow up deposition regarding these newly produced documents without Court intervention. Defendant refused stating that she would consider responding to written questions. However, as the Court can see from Defendant's pattern of evasive written responses, an oral deposition is necessary in order to attempt to obtain a complete response.

Defendant did not produce her response to Gow's email. Additionally, since the communication appears to directly contradict her deposition testimony as well as her responses to Requests for Admission, [REDACTED] to cross Defendant on her prior deposition answers. [REDACTED]

[REDACTED]

Similarly, [REDACTED].

C. Ms. Giuffre Did Not Oppose the Relief Sought When Defendant Brought The Same Motion and the Court Ruled that this Relief was Appropriate

As the Court will recall, Ms. Giuffre ***did not oppose*** the relief sought in Defendant's motion to reopen her deposition. ("Ms. Giuffre agrees to reopen the deposition for a limited amount of time, and for discrete lines of questioning." DE 259 at 1). And, Ms. Giuffre specifically agreed to the relief of answering questions about, *inter alia*, documents produced after her deposition: "Ms. Giuffre agrees to reopening the deposition for [REDACTED] (DE 259 at 12). Accordingly, as Defendant sought and received the same relief upon her motion, which was unopposed by Ms. Giuffre, Defendant can put forth no valid argument against re-

opening Defendant's deposition to ask questions about these newly-produced documents, particularly given the case law that also requires the re-opening of a deposition in these circumstances.

**III. CONCLUSION**

Therefore, based on the foregoing, Ms. Giuffre respectfully requests that the Court Reopen Defendant's deposition to (1) answer lines of questions discussed in Ms. Giuffre's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed under Seal (DE 315) which is pending before the Court; and (2) answer questions related to the two key documents produced by Defendant after her deposition.

Dated: October 13, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law

University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[2]

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 13, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
jpagliuca@hmflaw.com

/s/ Meredith Schultz
Meredith Schultz