# EXHIBIT 2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Virginia L. Giuffre | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  15-cv-07433-RWS |
| Ghislaine Maxwell | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      NADIA MARCINKOVA (A/K/A NADIA MARCINKO)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Boies, Schiller & Flexner LLP<br>575 Lexington Avenue<br>New York, NY 10022  (954) 356-0011 | Date and Time:<br>10/12/2016 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and Videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/26/2016

*CLERK OF COURT*

OR  [signature]

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Virginia Giuffre
, who issues or requests this subpoena, are:

Sigrid McCawley, Boies, Schiller & Flexner LLP, 401 E. Las Olas Blvd., #1200, Ft. Lauderdale, FL 33301; 954-356-0011; smccawley@bsfllp.com.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15-cv-07433-RWS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Nadia Marcinkova a/k/a Nadia Marcinko)

## EXHIBIT A

## DEFINITIONS

Wherever they hereafter appear the following words and phrases have the following meanings:

1. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting, or purporting to act, at the discretion of or on behalf of another.

2. "Correspondence" or "communication" shall mean all written or verbal communications, by any and all methods, including without limitation, letters, memoranda, and/or electronic mail, by which information, in whatever form, is stored, transmitted or received; and, includes every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by Document or otherwise, face-to-face, by telephone, telecopies, e-mail, text, modem transmission, computer generated message, mail, personal delivery or otherwise.

3. "Plaintiff" in the above captioned action shall mean the plaintiff Virginia Giuffre formerly known as Virginia Roberts.

4. "Defendant" in the above captioned action shall mean the defendant Ghislaine Maxwell and her employees, representatives or agents.

5. "Document" shall mean all written and graphic matter, however produced or reproduced, and each and every thing from which information can be processed, transcribed, transmitted, restored, recorded, or memorialized in any way, by any means, regardless of technology or form. It includes, without limitation, correspondence, memoranda, notes, notations, diaries, papers, books, accounts, newspaper and magazine articles, advertisements, photographs, videos, notebooks, ledgers, letters, telegrams, cables, telex messages, facsimiles,

1

Nadia Marcinkova a/k/a Nadia Marcinko)

## EXHIBIT A

contracts, offers, agreements, reports, objects, tangible things, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or communications, or of interviews or conferences, or of other meetings, occurrences or transactions, affidavits, statements, summaries, opinions, tests, experiments, analysis, evaluations, journals, balance sheets, income statements, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, data processing input or output, microfilms, checks, statements, receipts, summaries, computer printouts, computer programs, text messages, e-mails, information kept in computer hard drives, other computer drives of any kind, computer tape back-up, CD-ROM, other computer disks of any kind, teletypes, telecopies, invoices, worksheets, printed matter of every kind and description, graphic and oral records and representations of any kind, and electronic "writings" and "recordings" as set forth in the Federal Rules of Evidence, including but not limited to, originals or copies where originals are not available. Any Document with any marks such as initials, comments or notations of any kind of not deemed to be identical with one without such marks and is produced as a separate Document. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "Document" such tangible item shall be produced.

6. "Employee" includes a past or present officer, director, agent or servant, including any attorney (associate or partner) or paralegal.

7. "Including" means including without limitation.

8. "Jeffrey Epstein" includes Jeffrey Epstein and any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein.

Nadia Marcinkova a/k/a Nadia Marcinko)

## EXHIBIT A

9. "Ghislaine Maxwell" includes Ghislaine Maxwell and any entities owned or controlled by Ghislaine Maxwell, any employee, agent, attorney, consultant, or representative of Ghislaine Maxwell.

10. "Person(s)" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or any other legal or business entity.

11. "You" or "Your" hereinafter means Nadia Marcinkova (a/k/a Nadia Marcinko) and any employee, agent, attorney, consultant, related entities or other representative of Nadia Marcinkova (a/k/a Nadia Marcinko).

## INSTRUCTIONS

1. Production of Documents and items requested herein shall be made at the offices of Boies Schiller & Flexner, LLP, 575 Lexington Avenue, New York, NY 10504, no later than five (5) days before the date noticed for Your deposition, or, if an alternate date is agreed upon, no later than five (5) days before the agreed-upon date.

2. Unless indicated otherwise, the Relevant Period for this Request is from 1998 to the present. A Document should be considered to be within the relevant time frame if it refers or relates to communications, meetings or other events or Documents that occurred or were created within that time frame, regardless of the date of creation of the responsive Document.

3. This Request calls for the production of all responsive Documents in Your possession, custody or control without regard to the physical location of such Documents.

4. If any Document requested was in Your possession or control, but is no longer in its possession or control, state what disposition was made of said Document, the reason for such disposition, and the date of such disposition.

Nadia Marcinkova a/k/a Nadia Marcinko)

## EXHIBIT A

5. For the purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation the following:

   a) Wherever appropriate herein, the singular form of a word shall be interpreted as plural and vice versa.

   b) "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information (as defined herein) which might otherwise be construed to be outside the scope of this discovery request.

   c) "Any" shall be understood to include and encompass "all" and vice versa.

   d) Wherever appropriate herein, the masculine form of a word shall be interpreted as feminine and vice versa.

   e) "Including" shall mean "including without limitation."

6. If You are unable to answer or respond fully to any Document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full. If the recipient has no Documents responsive to a particular Request, the recipient shall so state.

7. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

8. The words "relate," "relating," "relates," or any other derivative thereof, as used herein includes concerning, referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, evidencing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

9. "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business

4

Nadia Marcinkova a/k/a Nadia Marcinko)

## EXHIBIT A

address, business telephone number, e-mail address, and a description of each such person's connection with the events in question.

10. "Identify" means, with respect to any "Document," or any reference to stating the "identification" of any "Document," provide the title and date of each such Document, the name and address of the party or parties responsible for the preparation of each such Document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such Document and the present location of any and all copies of each such Document, and the names and addresses of all persons who have custody or control of each such Document or copies thereof.

11. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

12. Any copy of a Document that is not identical shall be considered a separate Document.

13. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for Your inability to produce the remainder of the Document stating whatever information, knowledge or belief which You have concerning the portion not produced.

14. If any Document requested was at any one time in existence but are no longer in existence, then so state, specifying for each Document (a) the type of Document; (b) the types of information contained thereon; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all person having knowledge of the

Nadia Marcinkova a/k/a Nadia Marcinko)

EXHIBIT A

circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

15. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of business.

16. You are requested to produce all drafts and notes, whether typed, handwritten or otherwise, made or prepared in connection with the requested Documents, whether or not used.

17. Documents attached to each other shall not be separated.

18. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found, and business address of each Document's custodian(s).

19. If any Document responsive to the request is withheld, in all or part, based upon any claim of privilege or protection, whether based on statute or otherwise, state separately for each Document, in addition to any other information requested: (a) the specific request which calls for the production; (b) the nature of the privilege claimed; (c) its date; (d) the name and address of each author; (e) the name and address of each of the addresses and/or individual to whom the Document was distributed, if any; (f) the title (or position) of its author; (g) type of tangible object, *e.g.*, letter, memorandum, telegram, chart, report, recording, disk, etc.; (h) its title and subject matter (without revealing the information as to which the privilege is claimed); (i) with sufficient specificity to permit the Court to make full determination as to whether the claim of privilege is valid, each and every fact or basis on which You claim such privilege; and (j) whether the Document contained an attachment and to the extent You are claiming a privilege as to the attachment, a separate log entry addressing that privilege claim.

Nadia Marcinkova a/k/a Nadia Marcinko)

## EXHIBIT A

20. If any Document requested herein is withheld, in all or part, based on a claim that such Document constitutes attorney work product, provide all of the information described in Instruction No. 19 and also identify the litigation in connection with which the Document and the information it contains was obtained and/or prepared.

21. Plaintiff does not seek and does not require the production of multiple copies of identical Documents.

22. This Request is deemed to be continuing. If, after producing these Documents, You obtain or become aware of any further information, Documents, things, or information responsive to this Request, You are required to so state by supplementing Your responses and producing such additional Documents to Plaintiff.