UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
REOPEN DEFENDANT'S DEPOSTION**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Response to Plaintiff's Motion to Reopen Defendant's Deposition, and states as follows:

## INTRODUCTION

Plaintiff comes to this Court – for the third time – seeking to reopen the deposition of Ms. Maxwell based on the production of two innocuous documents which she received more than two months ago on August 16, 2016. Ms. Maxwell has twice sat for deposition, approaching 13 hours on the record, far more than the presumptive 7 hour limit under the Federal Rules. During that time, Plaintiff has had a full and fair opportunity to depose Ms. Maxwell on the subject matters she claims are raised by these two emails, and Plaintiff did in fact question Ms. Maxwell on the subjects covered by the emails. Moreover, despite having access to other email communications that are similar in nature and substance to the two email communications Plaintiff now claims are "key" documents, Plaintiff elected to *not* examine Ms. Maxwell on those similar documents for the purposes she now claims necessitate reopening the deposition. The deposition questions Plaintiff proposes are cumulative, duplicative and Plaintiff had the opportunity to and did obtain the information from other sources making a third deposition of Ms. Maxwell improper.

## LEGAL STANDARD

"A person who has previously been deposed in a matter may be deposed again, but only with leave of the court." *Sentry Ins. v. Brand Mgmt. Inc.,* No. 10 Civ. 347, 2012 WL 3288178, at *8 (E.D.N.Y. Aug. 10, 2012) (citing Fed.R.Civ.P. 30(a)(2)(A)(ii)). "Leave should be granted to the extent that doing so is consistent with the factors set forth in Rule 26(b)(2), such as 'whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit.'" *Id.* (quoting *Ganci,*

1

2011 WL 4407461, at *2) (collecting cases); *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005) (same); *see also Dash v. Seagate Tech. (US) Holdings, Inc.*, No. CV 13-6329 LDW AKT, 2015 WL 4257329, at *6 (E.D.N.Y. July 14, 2015) (refusing to reopen deposition where party neglected to or affirmatively opted not to inquire about information available at prior deposition and had or could obtain the information through other discovery devices).

Here, Plaintiff's sole justification for an extraordinary *third* deposition are two irrelevant documents that are cumulative of information previously produced, covering topics on which Ms. Maxwell already has been deposed at length, relating to lines of inquiry covered in other written discovery that have been fully responded to, making reopening the deposition cumulative and duplicative. Moreover, Ms. Maxwell has offered to provide responses to specific questions in writing (despite the fact that discovery has closed) which is the least burdensome and less expensive means of obtaining responses to the limited inquiry proposed regarding the two documents.

## ARGUMENT

### A. The Motion is Untimely

Pursuant to the Initial Scheduling Order entered in this matter, motions on discovery issues would not be considered after the date scheduled for disclosure of expert witnesses absent "showing of special circumstances." *See* DE 13, ¶ 2. By agreement of the parties and with approval of the court, that deadline was modified and occurred on September 8, 2016. No special circumstances exist to permit this additional discovery, well after the close of discovery on July 31, 2016. Plaintiff had the documents at issue in advance of September 8, 2016 and could have moved at any time between August 16, 2016 and September 8, but chose not to do so.

The Motion is untimely and no special circumstance exists, nor have any been claimed, requiring denial of the motion.

[redacted]

Plaintiff's Motion itself proves that Ms. Maxwell has already fully submitted to numerous discovery requests concerning whether she was [redacted]

3





*Dash,* 2015 WL 4257329, at *6 (refusing to reopen deposition where party neglected to or affirmatively opted not to inquire about information available at prior deposition).

Finally, ▮ himself is scheduled to sit for a deposition himself during November on topics to include his correspondence with Ms. Maxwell and with the press concerning Ms. Maxwell, presumably to include the very email that forms the subject of this motion. Plaintiff will have a full and fair opportunity to question him under oath regarding the email that he wrote to Ms. Maxwell.

Finally, Plaintiff claims relevance and prejudice based on a one-line email, received by Ms. Maxwell and to which she never responded, on November 15, 2015 – almost a year after the alleged defamatory statement was issued by Mr. Gow. This document has no bearing on the issue Plaintiff claims requires reopening of her deposition – Ms. Maxwell's input into the content of the January 2, 2015. And, again, nearly identical emails ▮▮▮▮▮, were produced prior to the deposition and Plaintiff chose not to question Ms. Maxwell about these emails for the purposes she now claims are relevant. Menninger Decl., Ex. C [GM_01060-01068, 00594].

Ms. Maxwell has fully testified regarding the consultation she had ▮▮▮, produced all non-privileged documents prior to her depositions, and this later dated email is irrelevant to Ms. Maxwell's clear sworn responses on the subject matter.

C. **Plaintiff Misrepresents Previous Discovery Concerning** ▮▮▮

Plaintiff's half-hearted attempt to claim that a communication between ▮▮▮ is somehow "new," not previously explored, or relevant is provably inaccurate. The entirety of Plaintiff's argument concerning the "key" nature of this email is:

6

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████

As Plaintiff is fully aware, Ms. Maxwell already fully deposed ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████[1]

    ████████████████████████

    ██████████████████████████████
        ██████████████████████████
        ██████████████████████████
        ██████████████████████████
        ████████

    ██████

    ████████████████████████

    ██████████████████████████
        ████████████████████

    ██████████████████████████████
        ████████

    ████████████████████████

    ██████████████████████████
        ████████████

    ████████████

---

[1] As to the substance of the email – ████████████████████████████ ██████████████ Ms. Maxwell was extensively questioned in her first deposition. Menninger Decl. Ex. A, at 337-39.



Menninger Decl., Ex. A at 392-94.

As to the second point, there is simply no basis for claiming ▮▮▮▮▮ ▮▮▮▮▮ Again, numerous communications were produced in advance of Ms. Maxwell's depositions relating to ▮▮▮▮▮ ▮▮▮▮▮ thus making any line of inquiry available to Plaintiff had she believed it were actually relevant or "key."  Regardless, Plaintiff provides no reason to claim that there is any relevance to a line of inquiry regarding an ▮▮▮▮▮.

▮▮▮▮▮. This is certainly no basis to reopen a deposition as the document speaks for itself.

### D. The Reopening of Plaintiff's Deposition is Irrelevant

Plaintiff attempts to distract the Court form the legal standards required to reopen a deposition, instead arguing that she did not oppose reopening her own deposition.  Of course, Plaintiff did not simply inadvertently miss two irrelevant documents in a 1,200 page production. Rather, prior to her deposition she failed to identify over ▮▮▮▮▮ and failed to produce hundreds of pages of medical records, work records and educational records, all of which were requested prior to her deposition.  She even omitted records from her ▮▮▮▮▮. Indeed, Plaintiff's second deposition still cannot be

8

scheduled because Plaintiff persists in her failures to provide complete medical records. ▓

▓ To date, those (and many other) records have not been produced.

Moreover, Plaintiff made substantive and completely contradictory changes to her deposition testimony in errata sheets after the conclusion of her deposition. As well, she was instructed by counsel not to answer ▓

▓ Unlike Plaintiff, Ms. Maxwell had no opportunity to depose Plaintiff on multiple and critical issues including ▓

▓ Ms. Maxwell did not request to reopen the deposition to seek cumulative, duplicative and/or irrelevant information. The two situations are vastly different and cannot be compared.

**WHEREFORE**, Defendant Ghislaine Maxwell requests that Plaintiff's Motion to Reopen her Deposition and permit a third deposition be denied.

9

Dated: October 24, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

       I certify that on October 24, 2016, I electronically served this *Defendant's Response to Plaintiff's Motion to Reopen Defendant's Deposition* via ECF on the following:

Sigrid S. McCawley  
Meredith Schultz  
BOIES, SCHILLER & FLEXNER, LLP  
401 East Las Olas Boulevard, Ste. 1200  
Ft. Lauderdale, FL 33301  
smccawley@bsfllp.com  
mschultz@bsfllp.com  

Bradley J. Edwards  
FARMER, JAFFE, WEISSING, EDWARDS,  
FISTOS & LEHRMAN, P.L.  
425 North Andrews Ave., Ste. 2  
Ft. Lauderdale, FL 33301  
brad@pathtojustice.com  

Paul G. Cassell  
383 S. University Street  
Salt Lake City, UT 84112  
cassellp@law.utah.edu  

J. Stanley Pottinger  
49 Twin Lakes Rd.  
South Salem, NY 10590  
StanPottinger@aol.com  

                          */s/ Nicole Simmons*  
                          Nicole Simmons