UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

-----------------------------------------------------X

# DEFENDANT'S REPLY IN FURTHER SUPPORT OF
# MOTION TO COMPEL TESTIMONY OF JEFFREY EPSTEIN

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

## INTRODUCTION

On September 9, 2016 non-party witness Jeffrey Epstein appeared for his deposition in this case. ███████████████████████████████████████████████████████████████

Ms. Maxwell opposes ███████████████████ because Mr. Epstein has failed to establish that any threat of prosecution is either substantial or real. It is not likely that the privilege is available because Mr. Epstein has immunity from prosecution as a result of his joint resolution of the potential criminal charges that were investigated by the United States and Florida.

In his response to Ms. Maxwell's Motion to Compel, [ECF #473] Mr. Epstein does not direct the Court to any existing prosecution, investigation, or threat of prosecution, by any local or federal prosecuting authority because, to Ms. Maxwell's knowledge, none exists.[1] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███████. Ms. Maxwell is not a party to the *Doe* case and has no control over the timing of the litigation or any input into the resolution of the matter. However, the current status of Mr. Epstein's threat of prosecution is non-existent given his agreements with the United States and Florida. Accordingly he should be required to give truthful testimony which Ms. Maxwell expects will be exculpatory and support her position in this matter.

---

[1] Similarly, as discussed, infra, Plaintiff's Response to Defendant's Motion to Compel Testimony of Jeffrey Epstein, [ECF #470] does not provide any evidence that Mr. Epstein is the subject of any investigation by any law enforcement agency. Plaintiff attaches, as exhibits to her Response, copies of pleadings ███████████████ ███████████████████████████████████████. See, ECF # 471. Ms. Maxwell was not a party to that proceeding which was not properly before ███████████. Ms. Maxwell disagrees with the factual assertions contained █████████████████████████████████████████████████████████████████████████.

1

**ARGUMENT**

**The Danger of Incrimination is Neither Substantial Nor Real.**

The Fifth Amendment privilege against self-incrimination "protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 445, (1972).  It can be asserted "in any proceeding, civil or criminal," *Id*. at 444, but the privilege will not be upheld merely because the person asserting it believes that such assertion is reasonable. "It is for the court to say whether [the] silence is justified", *Hoffman v. United States*, 341 U.S. 479, 486, (1951).

A proper invocation of the Fifth Amendment privilege requires that the party asserting it demonstrate "reasonable cause to believe that a direct answer would support a conviction or furnish a link in the chain of evidence needed to prove a crime."  *Camelot Group, Ltd. v. W.A. Krueger Co*., 486 F.Supp. 1221, 1225 (S.D.N.Y. 1980).  Moreover, the privilege against self-incrimination "protects against real dangers, not remote and speculative possibilities."  *Id*., Citing, *Zicarelli v. New Jersey Investigating Commission*, 406 U.S. 472, 478 (1972).

The Fifth Amendment privilege is only properly invoked when the danger of self-incrimination is "real and appreciable," as opposed to "imaginary and unsubstantial," *Brown v. Walker*, 161 U.S. 591, 599, (1896), and "this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman*, 341 U.S. at 486, (1951).

In assessing the validity of an assertion of Fifth Amendment privilege, the court must look to all of the circumstances of the case and "be governed as much by ... personal perceptions of the peculiarities of the case as by the facts actually in evidence."  *Id*. Although the privilege

must be accorded liberal application, "the court may order a witness to answer if it clearly appears he is mistaken as to the justification for the privilege or is advancing his claim as a subterfuge." *Camelot Group, Ltd. v. W.A. Krueger Co.*, 486 F.Supp.1221, 1225 (S.D.N.Y. 1980).

Here, ███████████████████████████████████████, in which the Plaintiff attempted to join, as the reason that he must invoke his privilege against self-incrimination. Mr. Epstein has not pointed to any active police investigation, grand jury investigation, or other governmental inquiry that might establish any real or substantial threat of prosecution. Accordingly, he has failed to meet his burden and should be required to provide truthful testimony.

Similarly, the Plaintiff has proffered no evidence that she is a party to or aware of any investigation related to Mr. Epstein. Plaintiff's attorneys have been involved in active litigation against the United States, seeking to invalidate Mr. Epstein's non-prosecution agreement, and have engaged in dialogue and discovery with the Government in that proceeding. Presumably, if any criminal inquiry about Mr. Epstein were active, Plaintiff would know about the investigation. If, as she claims, Epstein committed some crime against her, Plaintiff would have had some contact with some law enforcement agency related to her grievance against Epstein that she could produce to the Court. Plaintiff has produced no affidavit, statement, declaration, exhibit, grand jury subpoena, or even a worrisome letter that would support the contention that any investigation exists.

## CONCLUSION

Mr. Epstein has not met his burden to establish that any credible threat of prosecution exists. Because truthful testimony would support Ms. Maxwell's defense it would be both unfair and prejudicial to allow him to refuse to testify.

Dated: October 24, 2016

                        Respectfully submitted,

                        */s/ Jeffrey S. Pagliuca*
                        Laura A. Menninger (LM-1374)
                        Jeffrey S. Pagliuca (*pro hac vice*)
                        HADDON, MORGAN AND FOREMAN, P.C.
                        150 East 10th Avenue
                        Denver, CO 80203
                        Phone:   303.831.7364
                        Fax:      303.832.2628
                        lmenninger@hmflaw.com

                        *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on October 24, 2016, I electronically served this *Defendant's Reply in Further Support of Motion to Compel Testimony of Jeffrey Epstein* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons