**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

Plaintiff, Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

Defendant.
________________________________/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REOPEN DEFENDANT'S DEPOSITION BASED ON LATE PRODUCTION OF NEW, KEY DOCUMENTS**

Plaintiff, Virginia Giuffre, by and through her undersigned counsel, hereby files her Reply in Support of her Motion to Reopen Defendant's Deposition Based on Late Production of New, Key Documents. Because Ms. Giuffre has shown the importance of reopening Defendant's deposition on these several important documents, because Defendant has not offered any substantial countervailing consideration, the Court should allow Ms. Giuffre to question Defendant in a deposition about these late produced communications.

## I. INTRODUCTION

As the Court is well aware, Ms. Giuffre has alleged that Defendant defamed her when she called her a liar after Ms. Giuffre spoke out about being a child victim of sex abuse at the hands of Defendant and Defendant's long-time boyfriend, convicted pedophile, Jeffrey Epstein. The two documents at issue in the instant motion are [REDACTED] Therefore, not only do they involve two key individuals, but also a key topic in this litigation: Defendant's defamation of Ms. Giuffre through the media. [REDACTED]

p[redacted] That is relevant to Ms. Giuffre's claims for multiple reasons, not least of which is [redacted] Ms. Giuffre should be able to cross her with [redacted] and ask related questions. Therefore, both of these documents are highly relevant. Whatever Defendant argues about her prior deposition, she cannot claim that she was questioned about [redacted] Ms. Giuffre deserves the opportunity to ask Defendant about them.

## II. ARGUMENT

### A. Discovery Concerning [redacted] is Not Duplicative, and it is Highly Relevant

As the Court will recall, a Defendant's initial deposition, [redacted]. As a result, Ms. Giuffre was forced to file a Motion to Compel Defendant to Answer Deposition Questions (DE 143). On June 20, 2016, this Court granted Ms. Giuffre's Motion [redacted] (June 20, 2016 Sealed Order, filed in redacted form at DE 264-1). As recounted in Ms. Giuffre's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions (DE 314/356), Defendant [redacted]. *See id.* [redacted]

---

[redacted]

[redacted] That motion is currently pending before this Court (DE314/356).

Thereafter, in this case [redacted] thereby forcing Ms. Giuffre to file this motion with the Court to secure the Defendant's deposition on [redacted]

[redacted] That argument is unavailing.

First, Ms. Giuffre is entitled to question the Defendant on [redacted] Defendant's press agent who she refused to produce for a deposition, despite him being her agent and ***despite their sharing the same attorney***, forcing Ms. Giuffre to litigate the issue in the London courts, against Defendant's counsel, and at significant expense. An English Court has since ordered Gow to sit for his deposition, despite Defendant and her counsel's obstructionist refusal to produce him prior to that litigation.

Second, these documents are relevant precisely for the reason Defendant attempts to say they are not: their date. [redacted]



[redacted]

[redacted]. Ms. Giuffre will refer the Court to her discussion on pages 4-7 of her moving brief, describing [redacted]

In sum, contrary to Defendant's argument, the fact that Ms. Giuffre [redacted]

Seeming to acknowledge the relevance of Ms. Giuffre asking questions about [redacted] This is a flippant suggestion, as Defendant and her counsel have played an expensive game of cat-and-mouse with Mr. Gow's deposition, refusing to accept service of his Rule 45 subpoena. [redacted]

[redacted]



[redacted] Ms. Giuffre should not be precluded from asking about [redacted] because Defendant failed to produce [redacted] until after so many key witnesses, including the Defendant, had testified.

**B. This Court has Already Held that Reopening a Deposition is Appropriate for Question concerning Documents Produced After the Deposition**

This Court has already ruled that reopening a party deposition is appropriate where important[3] documents are produced after the deposition is completed. This ruling is in accord with relevant precedent. *See Wesley v. Muhammad*, 2009 WL 1490607, at *5 (S.D.N.Y. 2009) ("while

---

[2] Incorrectly, in Footnote 1, Defendant claims that Ms. Giuffre fabricated her claim that Maxwell and Epstein asked Ms. Giuffre to bear a child for them. Ms. Giuffre's statement is directly corroborated by [redacted]

*See* Schultz Dec. at Exhibit 1, [redacted] There is no "fabrication" here.

[3] [redacted]



defendants' delay in producing documents may have interfered with the completeness of depositions, plaintiff will be free to reopen any depositions for which he deems the newly produced documents to be a relevant source of questions"); *Ganci v. U.S. Limousine Serv., Ltd.*, 2011 WL 4407461 at *2 (E.D.N.Y. Sept. 21, 2011) ("Courts will typically reopen a deposition where there is new information on which a witness should be questioned").

Here, Defendant produced [REDACTED] well after her deposition, and well after she was served with the discovery request seeking those documents. These are not auxiliary documents. [REDACTED]

Defendant's error should not prejudice Ms. Giuffre, particularly since, pursuant to this Court's Order, Defendant will have the opportunity to depose Ms. Giuffre on her lately produced documents. The same standard that this Court applied to Defendant's motion to open Ms. Giuffre's deposition should apply to Ms. Giuffre's motion for the same relief, made on the same grounds. *See e.g.*, *Robinson v. T.J. Maxx, Inc.*, 148 F.R.D. 490, 492 (N.D.N.Y. 1993) (holding that discovery ruling regarding extension of discovery deadline applied to both parties equally); *In re 650 Fifth Ave.*, No. 08 CIV. 10934 KBF, 2013 WL 1870090, at *3 (S.D.N.Y. Apr. 24, 2013) (applying equal

standards to the parties' privilege logs, explaining "what's good for the goose is good for the gander.").

Well-reasoned precedent, as well as the facts in this case, requires the re-opening of Defendant's deposition. Accordingly, the Court should grant Ms. Giuffre's request to reopen Defendant's deposition to answer questions relating to her lately produced documents.

**C. Ms. Giuffre's Motion is Not Untimely**

Without any supporting case law or authority, Defendant has the gumption to argue that Ms. Giuffre's motion is somehow "untimely" when it was the Defendant who withheld t[REDACTED] [REDACTED] during the entire discovery period, denying Ms. Giuffre the benefit of being able to use [REDACTED] [REDACTED] at multiple witness depositions. The only "untimeliness" claim that can be made here is against the Defendant.

The [REDACTED] in question are responsive to a Request for Production served on Defendant on February 2, 2016. Defendant produced [REDACTED] on August 16, 2016, after her deposition and after the fact discovery period closed on July 29, 2016 (D.E. 317). Defendant wrongly suggests to this Court that the fact discovery closure date was September 8, 2016 but that is incorrect. The only deadline modified to September 8, 2016, was the expert disclosure deadline. (D.E. 413). Defendant's documents were clearly produced after the close of fact discovery. The only party that is untimely here is the Defendant.

**III. CONCLUSION**

For the foregoing reasons, and the reasons set forth in the moving brief, Ms. Giuffre respectfully requests that this Court Reopen Defendant's deposition to (1) answer lines of questions discussed in Ms. Giuffre's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed under Seal (DE 315) which is pending before the Court; and (2) answer questions related to the two key late produced documents.

October 28, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[4]

[4] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 28, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
jpagliuca@hmflaw.com

/s/ Meredith Schultz
Meredith Schultz