UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

**15-cv-07433-RWS**

---------------------------------------------------X

## DEFENDANT'S MOTION FOR SANCTIONS BASED ON PLAINTIFF'S INTENTIONAL DESTRUCTION OF EVIDENCE

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") hereby submits this Motion for Sanctions Based on Plaintiff's Intentional Destruction of Evidence and further states as follows:

**INTRODUCTION**

In 2013, after Plaintiff was in the process of attempting to join the Crime Victims' Rights Act litigation ("CVRA Litigation") represented by her current counsel, Plaintiff willfully and deliberately ███████████████████████████████████████. According to Plaintiff, the ██████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ Plaintiff made a deliberate decision to █████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████

One can only assume then that ████████ contained the opposite: evidence <u>un</u>favorable to Plaintiff and inconsistent with the story she ultimately submitted to the Court in the CVRA case. Presumably, ████████ documented that the newest iteration of her story contained in the CVRA litigation differed materially from ████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████ Rather than having her new story impeached by her own words, she destroyed the unfavorable evidence. Such willful and intentional destruction of evidence warrants an adverse inference jury instruction, if not outright dismissal of Plaintiff's claims.

**BACKGROUND FACTS**

As the Court is well aware, Plaintiff first decided to publicize her story concerning Jeffery Epstein in 2011. In February 2011, she participated for a substantial sum of money in a week-long series of interviews with reporter Sharon Churcher in advance of a series of sensationalist articles published in February and March 2011 in the *Daily Mail*. Those articles contain a series of stories that vary substantially from the accounts published by Plaintiff in late

1

2014 as a part of her CVRA joinder motion. The *Daily Mail* articles state, for example, that (a) Ms. Maxwell was not present during Mr. Epstein's first meeting with Plaintiff, nor did she participate in any alleged sexual encounters; (b) there is "no suggestion" that Plaintiff had any sexual interaction with Prince Andrew at any time; and (c) there was no mention of Plaintiff ever meeting, let alone having sexual encounters with, Professor Alan Dershowitz.

After the publication of those articles, Sharon Churcher introduced Plaintiff to attorney Brad Edwards. Edwards was then (and now) actively litigating his own personal civil case against Mr. Epstein as well as pursuing the CVRA action in an attempt to void the non-prosecution agreement between Mr. Epstein and the Government. According to Plaintiff's discovery responses:



Menninger Decl., Ex. A, at p. 9-10. Thus, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As the Court is well aware, it was Plaintiff's Joinder Motion in the CVRA action (filed by Edwards and Paul Cassell), that immediately preceded the purportedly defamatory denial by Ghislaine Maxwell three days later that forms the statement at issue in this case.

In 2013, Plaintiff r▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] In the process of that move, she purposely destroyed

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Menninger Decl., Ex. B, 129:15-130:6.

More disturbingly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Plaintiff and her husband willfully and intentionally destroyed hundreds of documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Q ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Menninger Decl., Ex. B 64:6-65:23; 194:2-21.

4

In her first deposition in this action, Plaintiff described her purposeful d▇▇▇▇▇
▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇

▇▇▇▇▇▇▇

▇▇▇▇▇

▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  ▇▇

▇▇▇▇▇▇▇▇▇▇

▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  ▇▇▇▇▇▇▇▇

▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇

[redacted]

Additionally, in the Dershowitz litigation, Plaintiff also described a



---

[2] Menninger Decl. Ex. D, Plaintiff's Second Amended Supplemental Response And Objections To Defendant's First Set Of Discovery Requests To Plaintiff, RFPs 16, 28 and 34.



████████████████████████ either Plaintiff has also destroyed this evidence after the initiation of the litigation, or is willfully and improperly withholding it from production in the matter.

## LEGAL STANDARD

Each litigant has an obligation to take reasonable measures to preserve all potentially relevant documents. That obligation arises even pre-suit, if "the party 'should have known that the evidence may be relevant to future litigation.'" *MASTR Adjustable Rate Mortgages Trust 2006–0A2 v. UBS Real Estate Secs., Inc.,* 295 F.R.D. 77, 82 (S.D.N.Y.2013) (quoting *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir.1998)); *accord University of Montreal Pension Plan v. Bank of America Secs., LLC,* 685 F.Supp.2d 456, 465–66 (S.D.N.Y.2010) *abrogated on other grounds*, *Chin v. Port Auth. of N.Y. & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012).

"Spoliation is 'the destruction of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *MASTR Adjustable Rate Mortgages Trust,* 295 F.R.D. at 82 (quoting *Byrnie v. Town of Cromwell Board of Educ.,* 243 F.3d 93, 107 (2d Cir.2001)). A party seeking sanctions based on the destruction of evidence must demonstrate:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable

state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Residential Funding Corp. v. Degeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.2002)[3] (quotations omitted). The Second Circuit has held that the requisite "culpable state of mind" may encompass simple negligence as gross negligence and most certainly covers deliberate misconduct. The degree of culpability affects the choice of remedies. *See Sekisui American Corp. v. Hart,* 945 F.Supp.2d 494, 503–04 (S.D.N.Y. 2013); *MASTR Adjustable Rate Mortgages Trust,* 295 F.R.D. at 84; *Orbit One Communications, Inc. v. Numerex Corp.,* 271 F. R.D.2d 429, 438 (S.D.N.Y. 2010).

The moving party has the burden to demonstrate both that the destroyed materials meet the relevance standard of Rule 26(b)(1), and that such evidence would have been favorable to the discovering party. *See MASTR Adjustable Rate Mortgages Trust,* 295 F.R.D. at 85–86 (citing cases). The burden is "not onerous," *id.* at 86, since it is difficult to prove what is contained in documents that have been destroyed. To require a detailed showing in such circumstances poses the danger that "the spoliator [may] profit from its" own misconduct. *Id.* (quoting *Orbit One,* 271 F.R.D. at 440). If the destruction of evidence was done in bad faith (*i.e.*, willfully or intentionally), that alone justifies a finding that the material that was lost was relevant to claims or defenses in the case. *Residential Funding,* 306 F.3d at 109.

If the moving party meets the burden to demonstrate destruction of relevant evidence, the court has broad discretion in choosing appropriate sanctions to remedy the injury to the

---

[3] *Residential Funding* has been superseded by statute with respect Electronically Stored Information ("ESI") in the 2015 amendments to 37(e) of the Federal Rules of Civil Procedure, which now require willful or purposeful destruction of ESI, as opposed to negligence or gross negligence, to impose terminating sanctions or adverse inference instructions. Because this matter concerns the destruction of a physical journal, not ESI that might be recoverable or available through other sources, Rule 37(e) is instructive but not controlling. Regardless, because the destruction at issue was willful and intentional (not merely negligent or grossly negligent), *Residential Funding* and its progeny remain good law respecting the willful destruction of evidence.

discovering party. *See, Fujitsu Ltd. v. Federal Express Corp.,* 247 F.3d 423, 436 (2d Cir.2001); *Zebulake v. UBS Warburg LLC,* 229 F.R.D. 422, 430 (S.D.N.Y.2004). The goal of the remedy is to "(1) deter the parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore 'the prejudiced party to the same position [she] would have been in absent the wrongful destruction of evidence by the opposing party.'" *University of Montreal Pension Plan,* 685 F.Supp.2d at 469 (quoting *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir.1999)); *accord Chen*, 685 F.3d at 162 (quoting *Byrnie,* 243 F.3d at 107).

The court should determine the remedy "based on the relative fault of the party against whom sanctions are sought and the prejudice suffered by the party seeking sanctions." *Treppel,* 249 F.R.D. at 123–24 (quoting *Klezmer v. Buynak,* 227 F.R.D. 43, 51 (E.D.N.Y.2005)). The available remedies, from "least harsh to most harsh," start with ordering more discovery, and range to cost-shifting, to adverse-inference instructions, to preclusion and, finally, to entry of a default or dismissal ("terminating remedies"). *University of Montreal Pension Plan,* 685 F.Supp.2d at 469 (citing cases). Terminating remedies are justified "in only the most egregious cases" for example, when "a party has engaged in perjury, tampering with evidence, ***or intentionally destroyed evidence by burning***, shredding, or wiping out computer hard drives." *Id.* at 469–70 & n.48.

## ARGUMENT

I. **PLAINTIFF ADMITTED EACH ELEMENT OF INTENTIONAL SPOLIATION**

Plaintiff admitted at her depositions to each factor required for a finding of spoliation.

[redacted]

[redacted]

10



█████████████ satisfies the definition of destruction with a culpable state of mind. "Where a party seeks to demonstrate intent, that intent need not be directed at spoliation of evidence to the other party's detriment. Rather, any intentional destruction suffices." *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 47 (S.D.N.Y. 2014); *Byrnie,* 243 F.3d at 107–09 (noting that "intentional destruction of documents in the face of a duty to retain those documents is adequate" to show a "culpable state of mind"); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 388 (S.D.N.Y. 2015).

The relevance of the documents to the pending litigation need not be proven in this case, but nevertheless has been admitted by Plaintiff. "When evidence is destroyed in bad faith (*i.e.,* intentionally or willfully), that fact alone is sufficient to demonstrate relevance." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003); *Byrnie*, 243 F.3d at 109; *compare* Fed R. Civ. P. 37(e)(2) (permitting adverse inference or dismissal of claims for intentional for destruction of ESI, noting that "Subdivision (e)(2) does not include a requirement that the court find prejudice to the party deprived of the information. This is because the finding of intent required by the subdivision can support not only an inference that the lost information was

11

unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position. Subdivision (e)(2) does not require any further finding of prejudice.). ▮

▮ is the definition of intentional and willful destruction with the intent to deprive its use in known pending litigation.

Plaintiff's testimony only solidifies that the presumption of relevance is proper. The alleged defamatory statement that is central to this case is important in this context. The alleged defamatory press release states:

> Each time the story is re told it changes with new salacious details about public figures and world leaders and now it is alleged by Ms Roberts that Alan Derschowitz [sic] is involved in having sexual relations with her, which he denies.
>
> Ms Roberts claims are obvious lies and should be treated as such and not publicised as news, as they are defamatory.

By Plaintiff's own admission, ▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

There is no way to recreate ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ It clearly contained relevant information – information that would support a claim or defense in this matter. Of course, we will never know because, in Plaintiff's own words, ▌▌▌▌▌▌▌▌▌▌ It was purposefully and willfully destroyed.

## II.     SEVERE SANCTIONS ARE APPROPRIATE

When deciding appropriate sanctions for this purposeful destruction, one must bear in mind the three goals of sanctions for spoliation: (1) deterring the parties from engaging in spoliation; (2) placing the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restoring the prejudiced party to the same position she would have been in absent the wrongful destruction of evidence by the opposing party. As is apparent by the recent amendments to Fed. R. Civ. P. 37(e)(2)(B)&(C), where there has been intentional destruction of evidence, the proper sanctions for consideration in a jury context are instructing the jury that it may or must presume the information was unfavorable to the party or b) dismissing the action or entering a default judgment.

### A.     Terminating Sanctions are Appropriate

"A terminating sanction is justified in only the most egregious cases, such as where a party has engaged in perjury, tampering with evidence, or intentionally destroying evidence by burning, shredding, or wiping out computer hard drives." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 469–70 (S.D.N.Y. 2010), *abrogated on other grounds by Chin v. Port Auth. of N.Y. & New Jersey*, 685 F.3d 135 (2d Cir. 2012).

In 2013, knowing that her goal was to join the CVRA action by telling a story of allegedly being forced to be a "sex slave" at the age of 15, trafficked to "numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime

13

Minister, and other world leaders," she ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This type of intentional destruction of key evidence is precisely the type of conduct that warrants the terminating sanction of dismissal of Plaintiff's claims. *McMunn v. Memorial Sloan–Kettering Cancer Ctr.,* 191 F.Supp.2d 440, 446–62 (S.D.N.Y.2002) (dismissing plaintiff's claims for intentionally and in bad faith lying during depositions, destroying potentially critical evidence which could have harmed her case, repeatedly lying and misleading defendant to prevent the deposition of key witnesses, editing certain tapes before turning them over to defendant so that they would provide stronger evidence in plaintiff's favor, and engaging in a sham transaction to unfairly bolster her claim); *Miller v. Time–Warner Commc'ns,* No. 97 Civ. 7286, 1999 WL 739528, at *2–*4 (S.D.N.Y. Sept. 22, 1999) (granting dismissal where plaintiff deliberately erased a harmful handwritten notation and committed perjury in pre-trial proceedings); *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 CIV. 2493 KBF, 2014 WL 3844796, at *16 (S.D.N.Y. Aug. 5, 2014) (ordering dismissal of suit and consideration of attorneys' fees and cost of entire suit for intentional spoliation finding any lesser sanction "would fail to account for the prejudice or to sufficiently penalize [Plaintiff] or deter others from engaging in such misconduct"); *Gutman v. Klein*, No. 03CV1570(BMC)(RML), 2008 WL 4682208, at *12 (E.D.N.Y. Oct. 15, 2008), *report and recommendation adopted*, No. 03 CIV. 1570 (BMC), 2008 WL 5084182 (E.D.N.Y. Dec. 2, 2008), aff'd, 515 F. App'x 8 (2d Cir. 2013) (granting default judgment for permanent deletion of files and noting "lesser sanctions such as adverse inferences are ill-suited to a case like this, where the spoliator has, in bad faith, irretrievably deleted computer files that likely contained important discovery information").

## B. Ms. Maxwell is entitled to an Adverse Inference Instruction

At a minimum, the purposeful destruction ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ require the imposition of an adverse inference instruction. An adverse inference instruction can take many forms, again ranging in degrees of harshness. "The harshness of the instruction should be determined based on the nature of the spoliating party's conduct—the more egregious the conduct, the more harsh the instruction." *Pension Comm. of Univ. of Montreal Pension Plan*, 685 F. Supp. 2d at 70.

"When a spoliating party has acted willfully or in bad faith, a jury can be instructed that certain facts are deemed admitted and must be accepted as true. At the next level, when a spoliating party has acted willfully or recklessly, a court may impose a mandatory presumption." *Id.* (collecting cases). Here, there is no question that Plaintiff's conduct was willful ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is the definition of willful conduct. In light of the admitted relevance of the information contained in (or not contained in) the journal, the only way to place the risk of an erroneous judgment on the Plaintiff who wrongfully created the risk by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and restoring Ms. Maxwell to the same position she would have been in absent the wrongful destruction of evidence is through mandatory adverse inference instructions. If the case is not dismissed, the jury should be instructed that Plaintiff purposely ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and that the jury should presume that the information contained ▓▓▓▓▓▓▓▓▓▓ would have supported Ms. Maxwell's contentions and be detrimental to Plaintiff's claims.

**WHEREFORE**, Defendant Ghislaine Maxwell request that this Court 1) dismiss Plaintiff's claim based on her intentional destruction of evidence, or, in the alternative, 2) tender to the jury an adverse inference instruction that it should presume the information contained in

the destroyed documents would have supported Ms. Maxwell's contentions and been detrimental to Plaintiff's claims.

Dated: December 9, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

I certify that on December 9, 2016, I electronically served this *DEFENDANT'S MOTION FOR SANCTIONS BASED ON INTENTIONAL DESTRUCTION OF EVIDENCE* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons