Virginia L. Giuffre,

        Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/


**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION FOR SANCTIONS**

BOIES SCHILLER & FLEXNER LLP
Sigrid S. McCawley (Pro Hac Vice)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................ 1

II.   LEGAL ARGUMENT .......................................................................................... 5

    A.   Defendant's Motion Should Be Denied Because it is Untimely and Defendant
        is Merely Trying to Deflect from Her Own Discovery Misconduct ....................... 5

    █   ████████████████████████████████████████████████████

    C.   There Was No Willful Destruction of Evidence ..................................................... 8

    █   ████████████████████████████████████████████████████

    E.   No Alleged Spoliation in the Context of an Unrelated Claim Attaches to a
        Future Defamation Claim ................................................................................... 13

    █   ████████████████████████████████████████████████████

III.  CONCLUSION .................................................................................................. 16

CERTIFICATE OF SERVICE ................................................................................... 18

# TABLE OF AUTHORITIES

Page

**Cases**

*Brigham Young Univ. v. Pfizer, Inc.*,
  282 F.R.D. 566 (D. Utah 2012) ......................................................................... 14

*Cedar Petrochemicals, Inc. v. Dongbu Chem. Co.*,
  769 F. Supp. 2d 269 (S.D.N.Y. 2011).................................................................. 9

*Gutman v. Klein*,
  2010 WL 4916722 (E.D.N.Y. Nov. 24, 2010)........................................................ 6

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
  643 F. Supp. 2d 482 (S.D.N.Y. 2009)................................................................... 8

*In re Pfizer Inc. Securities Litigation*,
  288 F.R.D. 297 (S.D.N.Y. 2013) .............................................................. 9, 13, 14

*Jane Doe No. #1 and #2 v. United States*,
  No. 9:08-cv-80736-KAM, S.D. Fla. [at DE 324] ................................................... 7

*Kraus v. General Motors Corp.*,
  2007 WL 3146911 (S.D.N.Y. Oct. 24, 2007).................................................... 6, 13

*Mercy v. County of Suffolk*,
  748 F.2d 52 (2d Cir.1984)..................................................................................... 5

*Orbit One Commc'ns. v. Numerex Corp.*,
  271 F.R.D. 429 (S.D.N.Y. 2010) ........................................................................ 10

*Treppel v. Biovail Corp.*,
  233 F.R.D. 363 (S.D.N.Y. 2006) ........................................................................ 15

*United States v. Aleshire*,
  2014 WL 11394905 (W.D. Wis. Oct. 20, 2014)................................................... 15

**Statutes**

18 U.S.C. § 3771.......................................................................................................... 6

18 U.S.C. § 3771(a) ..................................................................................................... 6

18 U.S.C. § 3771(a)(8).................................................................................................. 7

**Rules**

Fed. Rul. Evid. 401 ...................................................................................................... 9

By and through her undersigned counsel, Ms. Giuffre hereby submits her Response in Opposition to Defendant's Motion for Sanctions. Defendant's frivolous motion should be denied. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████ Sanctions are, accordingly, obviously not appropriate.

## I.   INTRODUCTION

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████

████████ Of course, the facts at issue in this case began in January 2015, when Defendant defamed Ms. Giuffre, leading to this lawsuit, filed in September 2015. ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████. In any event, it is wholly unsupported in law, as no duty exists to preserve documents before a cause of action accrues. Of course, Ms. Giuffre could not predict in 2013 that Defendant would later defame her in 2015. Therefore, Ms. Giuffre had no duty to preserve anything at that point in time. ████████

Defendant is unable to cite even a single case in which any court has imposed a "sanction" for document destruction entirely unrelated to the case before the court. Seeming to recognize this problem,

Tellingly, Defendant cites no case law – in any jurisdiction – to support the proposition

that ███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███ To the contrary, even rulings in the Southern District of New York hold the opposite, but

Defendant failed to cite those rulings.  Instead, Defendant's brief quotes extensively from cases

in which parties destroyed evidence ***after*** the cause of action accrued and ***after*** the parties had

notice of a duty to preserve.  Those are inapposite.

Because this is a losing argument for the Defendant, unsupported by law or logic,

Defendant's brief turns to fiction and fancy, making inflammatory claims against Ms. Giuffre

and her attorneys that have absolutely no basis in fact.  For example, ███████████████

██████████████████████████████████████████████████████████████

█████████████████████ Tellingly absent from Defendant's brief are any

"reasons" or supporting facts for that allegation.



## II. LEGAL ARGUMENT

### A. Defendant's Motion Should Be Denied Because it is Untimely and Defendant is Merely Trying to Deflect from Her Own Discovery Misconduct

The first reason the Court should deny this motion is that it is simply and obviously untimely. Defendant complained to this Court at least as early as May 2016, ██████████ █████████████████████████████████████████████████████████████████ ██

██████████████████████████████████████████████████████ █████████████████████████████████ ██████████████████████████ ███████████████████████████████████████████ ██████████████████████████████ ██████████████████████

Yet while these issues were before the Court by (at least) May, Defendant waited an additional ***seven months*** to file this motion that she claims should result in ***the complete dismissal*** of this action. Such delay is unreasonable. The Second Circuit has held that "a motion for Rule 37 sanctions should be promptly made thereby allowing the judge to rule on the matter when it is still fresh in his mind." *Mercy v. County of Suffolk*, 748 F.2d 52, 56 (2d Cir.1984). Defendant gives no reason why she did not present this issue to the Court last May, and she cites no new information in her brief that developed during that time. ████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

<hr style="width:30%">

██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████

The key fact is that Defendant fails to offer any explanation whatsoever for her delay in bringing this motion. Therefore, this Court should reject Defendant's motion as untimely. *See Gutman v. Klein*, 2010 WL 4916722, at *8 (E.D.N.Y. Nov. 24, 2010) (denying sanctions motion, in part, as untimely).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Kraus v. General Motors Corp.*, 2007 WL 3146911, at *1 (S.D.N.Y. Oct. 24, 2007) (denying sanctions).



**C.     There Was No Willful Destruction of Evidence**

"A party must have acted in bad faith – intentionally or willfully – in order to have a sufficiently culpable state of mind warranting an adverse inference . . . [which] may be met through ordinary negligence."  *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 495-96 (S.D.N.Y. 2009) (denying sanctions) (internal quotations omitted).



**D.** **Defendant Cannot Show That** ████████ **Was Favorable to Her**

"If the spoliating party has acted only negligently, the moving party can satisfy the final requirement of the spoliation analysis if it can show that the lost materials were relevant." *In re Pfizer Inc. Securities Litigation*, 288 F.R.D. 297, 315 (S.D.N.Y. 2013) (denying sanctions).[3] "[T]he Court of Appeals has held that for the destroyed evidence to be 'relevant' it must be 'more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence.'" *Id*. A party may establish relevance by "'adduc[ing] sufficient evidence from which a reasonable trier of fact could infer that 'the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction.'" *Id*. Put more succinctly, a plaintiff must present extrinsic evidence that tends to show that the destroyed documents would have been favorable to her case. *See Cedar Petrochemicals, Inc. v. Dongbu Chem. Co.*, 769 F. Supp. 2d 269, 292 (S.D.N.Y. 2011) (denying sanctions). Indeed, "relevance requires a showing beyond

---

[3] The *Pfizer* Court applies a negligence standard which is applicable to the documents at issue here, should this Court find that any duty attaches, which it does not, as explained above.

the straightforward assertion that the opposing party has failed to produce requested information." *Id.* at 293 (quoting *Orbit One Commc'ns. v. Numerex Corp.*, 271 F.R.D. 429, 440 (S.D.N.Y. 2010) (denying sanctions)).



The evidence does not end there.





**E.** **No Alleged Spoliation in the Context of an Unrelated Claim Attaches to a Future Defamation Claim**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

*See, e.g., In re Pfizer Inc. Securities Litigation*, 288 F.R.D. at 316 (holding no breach in duty to

preserve where documents allegedly relevant to a previous litigation were not retained).  In

*Pfizer*, this Court explained:

> I conclude that Pfizer's duty to preserve in this case arose in 2004, not in 2001.
> The 2001 lawsuit was a patent action related to the identification of the enzyme
> that led to the development of Celebrex and Bextra.  As such, it raised different
> factual issues from the instant action and would not have given Pfizer reasonable
> notice of the foreseeability of this securities fraud litigation.

*Id*. at 316. ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████  *Cf. Kraus v. Gen. Motors Corp*., 03 Civ. 4467

(CM), 2007 WL 3146911, at *2 (S.D.N.Y. Oct. 24, 2007) (McMahon, D.J.) (defendant was

under no duty to preserve a car as evidence in products liability suit before complaint was filed

because it had not been previously notified of any injury that might reasonably lead to litigation and no litigation had been threatened); *Brigham Young Univ. v. Pfizer, Inc.*, 282 F.R.D. 566, 572 (D. Utah 2012) (rejecting argument that Pfizer's duty to preserve extended back to earlier, unrelated litigations).

The *Pfizer* court further explained: "In addition, the duty to preserve only extends to documents relevant to the claim *of which the party has notice*." *In re Pfizer Inc. Securities Litigation*, 288 F.R.D. at 317 (emphasis added). ████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███ ██████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████



 To simply describe the argument is to show how far-fetched Defendant's position has become. The Court should deny this frivolous motion and prepare to try this case on March 13, 2017.

## III.   CONCLUSION

The Defendant's motion for sanctions due to Ms. Giuffre's destruction of materials for entirely benign reasons, long before this litigation ever arose, should be denied in its entirely.

---



Dated:  December 16, 2016

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Meredith Schultz
　　Sigrid S. McCawley (Pro Hac Vice)
　　Boies Schiller & Flexner LLP
　　401 E. Las Olas Blvd., Suite 1200
　　Ft. Lauderdale, FL 33301
　　(954) 356-0011

　　David Boies
　　Boies Schiller & Flexner LLP
　　333 Main Street
　　Armonk, NY 10504

　　Bradley J. Edwards (Pro Hac Vice)
　　FARMER, JAFFE, WEISSING,
　　EDWARDS, FISTOS & LEHRMAN, P.L.
　　425 North Andrews Avenue, Suite 2
　　Fort Lauderdale, Florida 33301
　　(954) 524-2820
　　Paul G. Cassell (Pro Hac Vice)
　　S.J. Quinney College of Law
　　University of Utah
　　383 University St.
　　Salt Lake City, UT 84112
　　(801) 585-5202[6]

---

[6] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

17

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 16th day of December, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

> Laura A. Menninger, Esq.
> Jeffrey Pagliuca, Esq.
> HADDON, MORGAN & FOREMAN, P.C.
> 150 East 10th Avenue
> Denver, Colorado 80203
> Tel: (303) 831-7364
> Fax: (303) 832-2628
> Email: lmenninger@hmflaw.com
>         jpagliuca@hmflaw.com

/s/ Meredith L. Schultz
Meredith L. Schultz