# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X


# DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS
# BASED ON PLAINTIFF'S INTENTIONAL DESTRUCTION OF EVIDENCE

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Reply in Support of Defendant's Motion for Sanctions Based on Plaintiff's Intentional Destruction of Evidence and states as follows:

**INTRODUCTION**

All of Plaintiff's hyperbole and indignation cannot change the simple fact that Plaintiff willfully and intentionally ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓ She then either lost a destroyed ▓▓▓▓▓▓▓▓▓▓▓▓ after the commencement of this litigation. The intentional destruction of this evidence, regardless of the motive, requires the imposition of sanctions.

**I. PLAINTIFF'S DUTY TO PRESERVE ▓▓▓▓▓▓▓▓ ATTACHED IN 2011 WHEN SHE FORMED AN INTENT TO JOIN THE CVRA LITIGATION**

Plaintiff concedes she willfully and deliberately destroyed ▓▓▓▓▓▓▓▓ while she prepared to join the CVRA litigation and while she was represented by current counsel for that express purpose. Plaintiff also admits that the contents ▓▓▓▓▓▓▓▓ contained the very allegations she intended to (and did) advance in the CVRA litigation, i.e., ▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The journal thus was relevant to the CVRA litigation as a purported memorialization of, or contradiction to, the factional assertions contained in ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] (Of

---

[1] Plaintiff now takes the stance that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

course, Plaintiff's Joinder Motion was followed three days later by the denial of Ms. Maxwell's press agent that forms the basis of this defamation action.). While the present defamation action may not have accrued at the time she destroyed ▬▬▬▬,[2] the preservation duty nevertheless existed from the time she knew she intended to join or participate as a witness in the CVRA action and forms the basis for this spoliation motion.

Plaintiff makes three inaccurate claims concerning the duty to preserve based on the CVRA litigation. First, she claims that because she was not permitted to join the CVRA action, her preservation duty was mooted. That is incorrect. While not a party, Plaintiff still anticipated being called as witness in that action, and the Court specifically ruled that she could be a "fact witness[] available to offer relevant, admissible and non-cumulative testimony." *See Jane Doe 1 & 2 v. United States*, Case No. 08-CV-80736-KAM (S.D. Fla.)*,* ECF No. 324, p. 7-8. After the ruling, Plaintiff's attorney Bradley Edwards issued a public statement contending that Plaintiff "could still participate in the case later and that the sex abuse allegations may surface again as evidence . . . 'we look forward to those later stages.'" *See* Talk Left, The Politics of Crime, "Fl. Judge Strikes Allegations Against Dershowitz and Prince Andrew" (April 8, 2015) (available at

---

▬▬▬▬▬▬▬▬▬▬▬▬. *See, eg. Svege v. Mercedes-Benz Credit Corp*., 329 F.Supp. 2d. 285, 287 (D.Conn 2004), "party's pleadings are admissible as admissions, either judicial or evidentiary, as to the facts alleged in the pleading."

[2] In actuality, it appears that the very purpose of Plaintiff's inclusion in the CVRA action of explicitly detailed allegations of sexual interaction with high profile individuals including Ms. Maxwell, Prince Andrew and Alan Dershowitz was a calculated decision designed to elicit public denials by such individuals so that she could lodge defamation claims against them. Indeed, just three weeks earlier, an accuser of Bill Cosby filed for defamation based his then recent denials of a 2005 sexual assault. *See* CBS News, "Bill Cosby Hit with a Defamation Lawsuit," (Dec. 10, 2014) (available at http://www.cbsnews.com/news/bill-cosby-hit-with-a-defamation-lawsuit/. Although Ms. Maxwell had issued a denial of Plaintiff's similar claims in 2011, Plaintiff never sued based on that denial. Making public accusations again in 2015, this time against high profile individuals in the context of litigation, in order to incite these individuals to make non-litigation denials to create claims for defamation against them renders this defamation action a foreseeable and anticipated consequence. If Plaintiff's status as a "victim" was not contested as she claims, there was no other legitimate purpose for including such explicit details in the publicly filed joinder motion.

http://www.talkleft.com/story/2015/4/8/41018/19103/courtdecisions/FL-Judge-Strikes-Allegations-Against-Dershowitz-and-Prince-Andrew-.).

The preservation duty was not mooted simply because Plaintiff was not permitted to become a party to the CVRA litigation. Because Plaintiff and her attorneys Mr. Edwards (who also represents *Jane Doe 1 & 2*), and Mr. Cassell anticipated Plaintiff becoming a party to or at least a witness in that litigation, she possessed a duty to preserve all documentary evidence reflecting her anticipated testimony regarding "sex abuse allegations" such as ▆▆▆▆. *See Alter v. Rocky Point Sch. Dist.*, No. 13-1100 JS AKT, 2014 WL 4966119, at *9 (E.D.N.Y. Sept. 30, 2014) (duty to preserve based on knowledge of being a potential witness); *see also In re Napster, Inc. Copyright Litig.,* 462 F. Supp. 2d 1060, 1070-71 (N.D. Cal. 2006) (investor should have remained on notice that litigation was probable even though previous litigation was dismissed).

Second, Plaintiff incorrectly claims that her preservation duty was directed solely to the federal government. In a third related argument, she claims that because her duty to preserve related to prior or different litigation, it does extend to this later litigation. Both of these arguments lack merit. Any event that puts an individual on notice that future litigation is reasonably foreseeable, particularly if that event is other litigation or investigations, triggers the preservation obligation. *M & T Mortg. Corp. v. Miller,* 2007 WL 2403565 (E.D.N.Y. Aug. 17, 2007) (preservation obligation existed as to later litigation with different party as soon as company was on notice of first litigation based on strikingly similar factual allegations); *Stinson v. City of N.Y.*, No. 10 CIV. 4228 (RWS), 2016 WL 54684, at *4 (S.D.N.Y. Jan. 5, 2016) (complaint in prior litigation triggered duty to preserve which extended to later litigation with different party); *see also In re Napster, Inc. Copyright Litig.,* 462 F. Supp. 2d 1060, 1070-71

(N.D. Cal. 2006) (investor should have remained on notice that litigation was probable even though previous litigation was dismissed). Given that Plaintiff's allegations in this case (specifically, that the statements made in the CVRA action were truthful), and that Plaintiff's factual allegations are identical as between the CVRA action and this case, the preservation duty extends to this litigation.

Plaintiff fails in her response to even acknowledge, much less address, the fact that her counsel was fully aware of the existence of her journals prior to their destruction, and therefore required to instruct her client as to her preservation obligations and/or to take possession of the journals to ensure they were not lost or destroyed. Mr. Cassell admitted knowledge of the existence of ▇▇▇▇ in January 2015, shortly after the publication of an article in Radar Online concerning the journal. He disseminated a press release regarding "excerpts" from ▇▇▇▇. In it, he states:



Menninger Decl. Ex. E. Not only was Plaintiff's counsel apparently "aware" of ▇▇▇▇, but according to Mr. Cassell, they ▇▇▇▇. If Plaintiff's counsel knew of the existence of the journal and claimed consistency with the CRVA allegations, clearly they and Plaintiff knew ▇▇▇▇ was relevant to that action and had an obligation to ensure preservation.[3]

---

[3] Having made these public assertions about the significant evidentiary value of these journals it is inconceivable that Plaintiff's lawyers did not make and maintain a copy of the evidence. *See, e.g., The Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC*, 685 F.Supp.2d. 456, 461 (S.D.N.Y. 2010) ("[C]ourts have the right to expect that litigants and counsel will take the necessary steps to ensure that relevant records are preserved…").

Plaintiff and her counsel's knowledge of her intent to testify about her alleged sexual abuse in the CVRA action, either as a party or a witness, triggered her duty to preserve any ▮▮▮▮▮ or other document related to or that would test her consistency or credibility regarding such stories. According to Plaintiff's dates of representation, that duty arose ▮▮▮▮▮ ▮▮▮▮▮

## II. AN INTENTIONAL ACT OF DESTRUCTION PROVES BOTH A CULPABLE STATE OF MIND AND ESTABLISHES RELEVANCE AND PREJUDICE

Plaintiff's claim of her ▮▮▮▮▮ is irrelevant to the claim for spoliation. By definition, the word intentional means an act was done on purpose or deliberately undertaken. ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮. "Where a party seeks to demonstrate intent, *that intent need not be directed at spoliation of evidence to the other party's detriment*. Rather, any intentional destruction suffices." *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 47 (S.D.N.Y. 2014) (emphasis supplied); *Byrnie,* 243 F.3d at 107–09 (noting that "intentional destruction of documents in the face of a duty to retain those documents is adequate" to show a "culpable state of mind"); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 388 (S.D.N.Y. 2015); *see also Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 469–70 (S.D.N.Y. 2010) *abrogated on other grounds by Chin v. Port Auth. of N.Y. & New Jersey*, 685 F.3d 135 (2d Cir. 2012) ("A terminating sanction is justified in only the most egregious cases, such as where a party has engaged in perjury, tampering with evidence, or *intentionally destroying evidence by burning*, shredding, or wiping out computer hard drives.") (emphasis supplied). The motivation for the action is irrelevant. The purposeful nature and manner of the destruction is all that matters.

Because the act of destruction ▮▮▮▮ – was intentional, Ms. Maxwell is not required to meet the relevance requirement of the spoliation test. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) ("When evidence is destroyed in bad faith (*i.e.,* intentionally or willfully), that fact alone is sufficient to demonstrate relevance."). Moreover, as pointed out in the moving papers, where intentionality of the destruction exists, there is a presumption that the evidence is both relevant and would have been favorable to the moving party's position.

> When evidence is destroyed willfully or through gross negligence, prejudice to the innocent party may be presumed because that party is 'deprived of what [the court] can assume would have been evidence relevant to [the innocent party's claims or defenses]'. That is, prejudice is presumed precisely because relevant evidence, *i.e.,* evidence presumed to be unfavorable to the spoliating party, has been intentionally destroyed and is no longer available to the innocent party

*Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 504–05 (S.D.N.Y. 2013) (internal citations omitted); *see also* Fed. R. C. P. 37(e)(2) Committee notes ("This is because the finding of intent required by the subdivision can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position."). Put another way, where evidence is destroyed through an intentional act, the Court must presume that the evidence was favorable to the moving party precisely because the moving party has no way to prove the favorability of the evidence because of the very act of intentional destruction.

Finally, Plaintiff's own argument proves the point that the evidence likely would have been favorable to Ms. Maxwell. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████.[4] ███████████████████████████████████████

███████████. Indeed, there is every reason to believe that the journal contained the information that Plaintiff reported to ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████.

### III. PLAINTIFF'S "BEST EVIDENCE" ARGUMENT IS UNAVAILING

Plaintiff argues that ██████████████████ is the "best evidence" and that the now-missing ██████ would merely be "duplicative." This argument is belied by Plaintiff's own sworn testimony.

████████████████████████████████████████

████████████████████████████████████████████

██████████ █████

████████████████████

---

[4] ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

[5] ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████

[6] Plaintiff's 2011 report to Churcher, contrary to the CVRA motion, was that she never had sexual interactions with Prince Andrew. "While Ms. Roberts said there was never any sexual relationship between the Prince and herself, she claims that as a 17-year-old she met the Prince on three occasions - at one of which she was told to sit on his knee while he touched another woman's breast." *The Daily Telegraph*, Sharon Churcher and Chelsea White "The Prince, a paedophile and the sex slave teen" (February 28, 2011) (available at http://www.dailytelegraph.com.au/the-prince-a-paedophile-and-the-sex-slave-teen/news-story/8cdeee961a486febf459eafe00a7f710).

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████
████████████████████

Menninger Decl. Ex. F, at 41:5-18 (emphasis supplied).  An admittedly incomplete and incorrect ███████████ cannot serve as the "best evidence" of anything.

Second, the █████████████████ in dramatic respects from her CVRA joinder motion. In the Joinder Motion, Plaintiff alleged she was trafficked "to many other powerful men, including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders." *See Jane Doe 1 & 2 v. United States*, Case No. 08-CV-80736-KAM (S.D.Fla.)*,* ECF No. 279, p. 6.  ████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████
█████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████
█████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

8

In fact, the ▮▮▮ more likely contained the opposite: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. No one will ever know because she intentionally destroyed that proof, thus militating imposition of an appropriate sanction.

### IV. PLAINTIFF'S ▮▮▮▮▮▮▮▮▮▮ DISAPPEARED AFTER THE INITIATION OF THIS LITIGATION

Plaintiff remains purposefully evasive about her ▮▮▮▮▮▮▮, including how or when it was destroyed or lost. Undisputed, however, is the fact that on January 16, 2016 when Plaintiff provided ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which was *after* Plaintiff had initiated this litigation, ▮▮▮▮▮▮▮, Plaintiff claimed it was in her possession, and Plaintiff claimed to know exactly where it was located. At that time, she indisputably was under a duty to preserve ▮▮▮▮▮▮▮▮▮ and that duty was breached. The ▮▮▮▮ contained notes of things Plaintiff remembered about her past ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Menninger Decl. Ex. G, 194-196. Whether lost or intentionally destroyed, a spoliation sanction is appropriate based on the admitted relevance and loss of the information after the inception of this litigation.

### V. PLAINTIFF'S UNTIMELINESS MOTION IS MERITLESS

Plaintiff cites a single case claiming that present motion is untimely. Her sole support, a case in which a motion for costs under Rule 37 was made *after* trial and judgment, is irrelevant. The two potentially relevant deadlines for a motion based on despoiled evidence are those for Motions in Limine and Proposed Jury Instructions, both of which are February 24, 2016.

9

# CONCLUSION

Plaintiff's intentional destruction of evidence cannot be undone. This highly probative evidence is ██████████ and can never be recovered to show Plaintiff's contradictions and the constant changes to her story, which is the very subject of this defamation action. No sanction short of dismissal or, at a minimum, an adverse inference can put Ms. Maxwell even close to a level playing field.

**WHEREFORE**, Defendant Ghislaine Maxwell request that this Court: 1) grant Defendant's Motion for Sanctions and dismiss Plaintiff's defamation claim, or, alternatively, 2) provide to the jury at trial an adverse inference instruction that it should presume that the information contained in the ██████ would have supported Ms. Maxwell's contentions and been detrimental to Plaintiff's claims.

Dated: December 20, 2016

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax: 303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

# CERTIFICATE OF SERVICE

I certify that on December 20, 2016, I electronically served this *Defendant's Reply In Support of Motion for Sanctions Based on Intentional Destruction of Evidence* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons