# United States District Court
# Southern District of New York

Virginia L. Giuffre,

               Plaintiff,              Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

               Defendant.

_____/


## PLAINTIFF'S MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW


Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

PRELIMINARY  STATEMENT ................................................................................. 1

ARGUMENT.................................................................................................................. 2

I. ██████████████████████████████████
██████████████████████████████
█████████████████████████████.................... 2

II. ████████████████████████████████
████████████████████████. .................... 6

III. ██████████████████████████████████
████████.................................................................. 8

CONCLUSION ....................................................................................................... 9

CERTIFICATE OF SERVICE ............................................................................. 10

# TABLE OF AUTHORITIES

Page

## Cases

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002) ............................................................................... 1

*Balk v. N.Y. Inst. of Tech., No. CV 11-509 JFB AKT*,
   2012 WL 5866233 (E.D.N.Y. Nov. 19, 2012) ................................................... 6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 ........................................................................................................ 1

*Highland Capital Mgmt., L.P. v. Schneider*,
   379 F. Supp. 2d 461 (S.D.N.Y. 2005) ................................................................ 2

*In re Initial Pub. Offering Sec. Litig.*,
   174 F. Supp. 2d 61 (S.D.N.Y.2001) ................................................................... 2

*In re Rezulin Products Liab. Litig.*,
   309 F.Supp.2d 531 (S.D.N.Y.2004) ................................................................... 2

*Kelly v. A1 Technology*,
   No. 09–CV–962, 2010 WL 1541585 (S.D.N.Y. April 12, 2010) ....................... 6

*Lippe v. Bairnco Corp.*,
   288 B.R. 678 (S.D.N.Y.2003) ............................................................................ 2

*Malletier v. Dooney & Bourke, Inc.*,
   525 F. Supp. 2d 558 (S.D.N.Y. 2007) ................................................................ 1

*Nimely v. City of New York*,
   414 F.3d 381 ........................................................................................................ 8

*United States v. Bilzerian*,
   926 F.2d 1285 (2d Cir.) ....................................................................................... 2

*United States v. Duncan*,
   42 F.3d 97 (2d Cir.1994) ..................................................................................... 2

*United States v. Lumpkin*,
   192 F.3d 280 (2d Cir.1999) ................................................................................. 2

## Rules

Fed. R. Civ. P. 26 (a)(4)(A) ...................................................................................... 6

Fed. R. Civ. P. 30(c)(2) ............................................................................................. 6

Fed. R. Civ. P. 37(c)(l) .............................................................................................. 1

Fed. R. Evid. 401 ....................................................................................................... 1

Fed. R. Evid. 403................................................................................................. 1, 2

Fed. R. Evid. 702................................................................................................. 1, 2

**<u>Other Authorities</u>**

David C. Raskin & Phillip W. Esplin,
    *Assessment of Children's Statements of Sexual Abuse*, in THE SUGGESTIBILITY
    OF CHILDREN'S RECOLLECTIONS 153 (1991)............................................................ 2

Pursuant to FRE 401, 403, and 702, as well as Fed. R. Civ. P. 37(c)(l) and other related rules, Plaintiff, Ms. Giuffre respectfully, submits this motion in limine and incorporated memorandum of law to bar certain opinions offered by Defendant's ██████████ expert Phillip W. Esplin. In particular, Esplin should be precluded from testifying about subjects related to ████████████████████████████ ████████████████████████████████

## PRELIMINARY STATEMENT

Defendant Maxwell has offered ███████ Phillip W. Esplin as an expert on ██████ ████████████████████████████████████████████ ███████. While Esplin may be an expert on certain ████████████████ ███████████ the Court should preclude his testimony. This Court's "gatekeeping" function requires it to carefully scrutinize proposed expert testimony for relevancy, reliability, and helpfulness to the jury. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 589. "[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002). In addition, the ordinary rules of evidence remain in play with expert witnesses. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 566 (S.D.N.Y. 2007).

It is also important to note that "[o]ne of the fundamental requirements of Rule 702 is that

1

the proposed [expert] testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *In re Rezulin Products Liab. Litig.,* 309 F.Supp.2d 531, 540 (S.D.N.Y.2004) (*quoting* Fed.R.Evid. 702); *accord Lippe v. Bairnco Corp.,* 288 B.R. 678, 685 (S.D.N.Y.2003), *aff'd,* 99 Fed.Appx. 274, 275, 2004 WL 1109846, at *1 (2d Cir. May 17, 2004); *see also In re Initial Pub. Offering Sec. Litig.,* 174 F.Supp.2d 61, 68 (S.D.N.Y.2001) ("As Rule 702's plain language shows, the opinion of an expert witness is *only* admissible if it (1) assists the trier of fact in (2) understanding the evidence or determining a disputed fact.") (emphasis in original). In deciding whether expert testimony will be helpful to the fact-finder, the Court must determine whether the testimony "usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Lumpkin,* 192 F.3d 280, 289 (2d Cir.1999) (*quoting United States v. Duncan,* 42 F.3d 97, 101 (2d Cir.1994)) (internal quotation marks omitted); *accord United States v. Bilzerian,* 926 F.2d 1285, 1294 (2d Cir.), *cert. denied,* 502 U.S. 813 (1991); *see also Highland Capital Mgmt., L.P. v. Schneider,* 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005).

## ARGUMENT

**I.    Esplin Should Not Be Allowed to Offer any Opinions Regarding Subjects Touching on ███████████████████████████████**
███████████████████

Esplin and a colleague, Professor David C. Raskin, d███████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████  *See* David C. Raskin & Phillip W. Esplin, *Assessment of Children's Statements of Sexual Abuse*, in THE SUGGESTIBILITY OF CHILDREN'S RECOLLECTIONS 153 (1991). ████████████████████████████

2

███████████████████████████████. *Id.* at 155. ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████ *Id.* at 163.

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████ *See id.* at

156-57 (entered as Exhibit 15 during Esplin's deposition), attached as McCawley Decl. at Exhibit

1, █████████████████████████

    In his expert report, █████████████████ *See* McCawley Decl. at Exhibit

2, Esplin Expert Report at 9.  And in his deposition, ████████████████████

*See* McCawley Decl. at Exhibit 3, Esplin Depo. Tr. at 57, 232-33.  And, more broadly, in his

report Esplin ██████████████████████████████████

██████████████████████████████████████████████

███████

    During Esplin's deposition, ████████████████████

████████████████████████████████████████████

██████████████ In particular, Ms. Giuffre ████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████





*See* McCawley Decl. at Exhibit 3, Esplin Depo. Tr. at 295-300 (emphases added).



*See* McCawley Decl. at Exhibit 3, Esplin Depo. Tr. at 300.

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████ "not a valid basis for

refusing to answer a question during a deposition."   *Balk v. N.Y. Inst. of Tech.*, No. CV 11-509

JFB AKT, 2012 WL 5866233, at *2 (E.D.N.Y. Nov. 19, 2012) (citing *Kelly v. A1 Technology,* No.

09–CV–962, 2010 WL 1541585, at *20 (S.D.N.Y. April 12, 2010.  Indeed, ███████████████

████████████████████████ "If there is an objection to a question, the court reporter

must note the objection 'but the examination still proceeds [and] the testimony is taken subject to

any objection.'"   *Balk*, 2012 WL 1541585 at *2 (*citing* Fed.R.Civ.P. 30(c)(2)).

The question then arises of what remedy is available for ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████

**II.    Esplin Should Not Be Allowed to Testify Regarding or Offer any** ████████████
████████████████████████████████



*See* McCawley Decl. at Exhibit 3, Esplin Depo. Tr. at 52-53.

Nor does he have any expertise (above and beyond that of ordinary jurors)

in assessing whether, ███████████████████████████████████████████████

███████████████████████. Those kinds of determinations belong to the jury and Esplin

should be precluded from offering opinions on such subjects. *See Nimely v. City of New York*, 414

F.3d 381, 398 (C.A.2 (N.Y.),2005) (reversing failure to exclude expert testimony on an

individual's propensity for truthfulness because such testimony represented an "attempt[] to

substitute the expert's judgement for the jury's.") (internal citations omitted).

**III.     Esplin Should Not Be Permitted to ████████████████████████████████**

At several points in his report, ███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████████████████

*See* McCawley Decl. at Exhibit 2, Esplin Expert Report at 2 (emphasis added).

███████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████       *See* McCawley Decl. at Exhibit 3, Esplin Depo. Tr. at 281 (internal quotation

added).   Accordingly, ███████████████████████████████████████████████

███████████████████████████████████████

**CONCLUSION**

For all of the foregoing reasons, Ms. Giuffre respectfully requests that the Court

preclude Court preclude defendant's proposed expert, Phillip W. Esplin, from presenting expert

testimony on subjects related to ██████████████████████████████

████████████████████████████

Dated:  January 6, 2017.

                      Respectfully Submitted,

                      BOIES, SCHILLER & FLEXNER LLP

              By:  /s/ Sigrid McCawley
                  Sigrid McCawley (Pro Hac Vice)
                  Boies Schiller & Flexner LLP
                  401 E. Las Olas Blvd., Suite 1200
                  Ft. Lauderdale, FL 33301
                  (954) 356-0011

                  David Boies
                  Boies Schiller & Flexner LLP
                  333 Main Street
                  Armonk, NY 10504

                  Bradley J. Edwards (Pro Hac Vice)
                  FARMER, JAFFE, WEISSING,
                  EDWARDS, FISTOS & LEHRMAN, P.L.
                  425 North Andrews Avenue, Suite 2
                  Fort Lauderdale, Florida 33301
                  (954) 524-2820

                  Paul G. Cassell (Pro Hac Vice)
                  S.J. Quinney College of Law
                  University of Utah
                  383 University St.
                  Salt Lake City, UT 84112

(801) 585-5202[2]


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 6th of January, 2017, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the

foregoing document is being served this day on the individuals identified below via transmission

of Notices of Electronic Filing generated by CM/ECF.

> Laura A. Menninger, Esq.
> Jeffrey Pagliuca, Esq.
> HADDON, MORGAN & FOREMAN, P.C.
> 150 East 10th Avenue
> Denver, Colorado 80203
> Tel: (303) 831-7364
> Fax: (303) 832-2628
> Email: lmenninger@hmflaw.com
>          jpagliuca@hmflaw.com


/s/ Sigrid S. McCawley
Sigrid S. McCawley

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.