# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF'S MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

    I.    TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING MS. GIUFFRE'S CLAIM FOR ███████ ███████████████████████████████████ ............................... 2

    II.    TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING MS. GIUFFRE'S CLAIM FOR ███████ ███████████ ............................... 6

    III.    TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING MS. GIUFFRE'S CLAIM FOR ███████ ███████████████████████████████████ ███████████ ............................... 7

    IV.    TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING MS. GIUFFRE'S ███████████████████████ ███████████████ ............................... 7

    V.    TAYLOR SHOULD BE PRECLUDED FROM OFFERING ANY OPINIONS REGARDING THE ███████████ ███████████████████████████████ ............................... 8

    VI.    TAYLOR SHOULD BE PRECLUDED FROM OFFERING ANY OPINIONS REGARDING ███████████████ ............................... 9

    VII.    TAYLOR SHOULD BE PRECLUDED FROM OFFERING ANY OPINIONS REGARDING ███████████████ ███████████ ............................... 10

    VIII.    ANY REMAINING OPINIONS OFFERED BY TAYLOR WOULD NOT BE RELEVANT AND HELPFUL. ............................... 12

CONCLUSION ............................................................................................................................ 12

CERTIFICATE OF SERVICE ................................................................................................... 14

# TABLE OF AUTHORITIES

Page

**Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
  303 F.3d 256 (2d Cir. 2002) ................................................................................................. 1

*Andrews v. Metro N. Commuter R.R. Co.*,
  882 F.2d 705 (2d Cir.1989) ................................................................................................ 11

*Bouveng v. NYG Capital LLC*,
  175 F. Supp. 3d 280 (S.D.N.Y. 2016) ............................................................................. 3, 4

*Calhoun v. Cooper*,
  206 A.D.2d 497, 614 N.Y.S.2d 762 (2d Dept.1994) .......................................................... 3

*Cantu v. Flanigan*,
  705 F. Supp. 2d 220 (E.D.N.Y. 2010) ............................................................................ 3, 6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ...................................................................................................... 1, 12

*Highland Capital Mgmt., L.P. v. Schneider*,
  379 F. Supp. 2d 461 (S.D.N.Y. 2005) ........................................................................ *passim*

*In re Initial Pub. Offering Sec. Litig.*,
  174 F. Supp. 2d 61 (S.D.N.Y. 2001) ................................................................................... 2

*In re Rezulin Products Liab. Litig.*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004) ................................................................................. 2

*Lippe v. Bairnco Corp.*,
  288 B.R. 678 (S.D.N.Y. 2003) *aff'd*, 99 Fed.Appx. 274,
  2004 WL 1109846 (2d Cir. May 17, 2004) ........................................................................ 2

*Malletier v. Dooney & Bourke, Inc.*,
  525 F. Supp. 2d 558 (S.D.N.Y. 2007) ................................................................................. 2

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir.) ....................................................................................................... 2

*United States v. Duncan*,
  42 F.3d 97 (2d Cir.1994) ..................................................................................................... 2

*United States v. Lumpkin*,
  192 F.3d 280 (2d Cir.1999) ................................................................................................. 2

*Yammine v. DeVita,*
    43 A.D.3d 520, 840 N.Y.S.2d 652 (3d Dept. 2007) ............................................................. 3

**<u>Rules</u>**

Fed. R. Civ. P. 37(c)(l) ............................................................................................................. 1
Fed. R. Evid. 401 ..................................................................................................................... 1
Fed. R. Evid. 403 ................................................................................................................. 1, 8
Fed. R. Evid. 702 ................................................................................................................. 1, 2

Pursuant to FRE 401, 403, and 702, as well as Fed. R. Civ. P. 37(c)(l) and other related rules, plaintiff Ms. Giuffre respectfully submits this motion in limine and incorporated memorandum of law to bar opinions offered by Defendant's experts, Gregory B. Taylor (and Kyle D. Jacobson – hereinafter referred to simply as "Taylor") from testifying at trial. Taylor is not properly qualified as an expert on some subjects that he plan to testify about, his testimony is not well-founded on reliable principles, will not be helpful to the jury, and is prejudicial.

## PRELIMINARY STATEMENT

Taylor is a certified public accountant (CPA). And yet, under the guise of providing an accounting-related expert opinion, Taylor opines on such subjects as ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ His expert opinions should be precluded under this Court's "gatekeeping" function to carefully scrutinize proposed expert testimony for relevancy, reliability, and helpfulness to the jury. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). "[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002). In addition, the ordinary rules of evidence remain in play with expert witnesses. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of

1

this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 566 (S.D.N.Y. 2007).

It is also important to note that "[o]ne of the fundamental requirements of Rule 702 is that the proposed [expert] testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004) (*quoting* Fed. R. Evid. 702); *accord Lippe v. Bairnco Corp.*, 288 B.R. 678, 685 (S.D.N.Y. 2003), *aff'd*, 99 Fed.Appx. 274, 275, 2004 WL 1109846, at *1 (2d Cir. May 17, 2004); *see also In re Initial Pub. Offering Sec. Litig.,* 174 F. Supp. 2d 61, 68 (S.D.N.Y. 2001) ("As Rule 702's plain language shows, the opinion of an expert witness is *only* admissible if it (1) assists the trier of fact in (2) understanding the evidence or determining a disputed fact.") (emphasis in original). In deciding whether expert testimony will be helpful to the fact-finder, the Court must determine whether the testimony "usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir.1999) (*quoting United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994)) (internal quotation marks omitted); *accord United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991); *see also Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005).

## ARGUMENT

**I.　TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING MS. GIUFFRE'S ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**

Taylor is a ▮▮▮▮▮▮▮▮▮▮ who claims general familiarity with ▮▮▮▮  ▮▮▮. Remarkably, however, his expert report contains unfounded opinions on ▮▮▮

2

█████ Most prominently, at page 1 of his report, Taylor presents a █████ *See* McCawley Dec. Exhibit 1, Expert Report of Gregory B. Taylor at 1. In that summary, Taylor writes that Ms. Giuffre has █████ *Id.* Later in his report, Taylor goes on to write that █████ *Id.* at 14. Taylor also says that █████ *Id.*

Taylor's opinions on █████ should not be permitted. As the Court is aware, the issue of █████ in a defamation case is a matter left to the jury. As the *Bouveng* Court recently explained, "The unique nature of [defamation] cases is well established. 'In actions for other torts there is generally ... some standard by which the reasonableness of an award of damages may be tested, but it is seldom so in actions for libel and slander where the elements of wounded sensibilities and the loss of public esteem play a part.'" *Bouveng v. NYG Capital LLC*, 175 F. Supp. 3d 280, 335 (S.D.N.Y. 2016) (*quoting Yammine v. DeVita*, 43 A.D.3d 520, 521, 840 N.Y.S.2d 652 (3d Dept. 2007) (internal quotations omitted)). For these reasons, in a defamation case "the amount of such damages is peculiarly within the jury's province, requiring prudence and restraint by a trial court in the exercise of its discretion over these awards." *Bouveng*, 175 F. Supp. 3d at 335*; see also Cantu v. Flanigan*, 705 F. Supp. 2d 220, 227 (E.D.N.Y. 2010) ("Due to the uncertainties in

3

calculating [non-economic] damage awards [in defamation cases], New York courts have consistently held that deference to the jury's findings is required in considering whether to reduce a jury's award." (*citing Calhoun v. Cooper*, 206 A.D.2d 497, 497, 614 N.Y.S.2d 762 (2 Dept.1994)). "Jurors are uniquely positioned to assess the evidence presented at trial and assign a monetary value to the plaintiff's non-economic damages." *Bouveng*, 175 F. Supp. 3d at 335.

Taylor is in no position to assist the jury in determining ▒▒▒▒. His expertise (if any) lies in *economic* areas; by definition, ▒▒▒ fall outside the area in which he is qualified to offer expert opinions.

During his deposition, ▒▒▒▒

▒▒▒▒

*See* McCawley Decl. at Exhibit 2, Gregory B. Taylor Dec. 2, 2016, Dep. Tr. pp. 22-23.

Further deposition questions confirmed that ▒▒▒



*See* McCawley Decl. at Exhibit 2, Gregory B. Taylor Dec. 2, 2016, Dep. Tr. pp. 132-34.

In calculating ▮▮▮, the jury will be instructed that they should consider such things as Ms. Giuffre's "standing in the community, the nature of the statement made about [her], the extent to which the statement was circulated, the tendency of the statement to injure a person such as [her], and all of the other facts and circumstances in the case." *See Cantu*, 705 F. Supp. 2d at 227–28 (listing these factors). In evaluating these factors, the jury will not be assisted by Taylor's testimony and he should be precluded from offering any opinions regarding ▮▮▮.

## II. TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING ▮▮▮

Taylor should also not be allowed to offer any expert testimony concerning ▮▮▮

Of course, as an accountant, Taylor has no expertise in ▮▮▮. That is an area outside of his expertise. Only a properly-trained ▮▮▮ can offer opinions in that area.

Taylor was questioned about ▮▮▮

6



*See* McCawley Decl. at Exhibit 2, Gregory B. Taylor Dec. 2, 2016, Dep. Tr. pp. 178-79.

**▇ TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING ▇**

Taylor should also be precluded from offering opinions regarding ▇ *See* McCawley Decl. at Exhibit 4, Revised Rule 26 Disclosures dated September 12, 2016.

Accordingly, Mr. Taylor's opinions on ▇ would, obviously, not be "helpful" to the jury – the predicate for any admissibility of expert testimony. *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D. N.Y. 2005).

**IV. TAYLOR SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS REGARDING ▇**

Quite remarkably, Taylor also purports to offer "expert" opinions on ▇ *See* McCawley Decl. at Exhibit 2, Gregory B. Taylor Dec.

7

2, 2016, Dep. Tr. pp. 180-81. ███

███ *Id.* at 186-90.

In any event, testimony about ███ Clearly such testimony should be excluded under the standard probative value/prejudice balancing under Fed. R. Evid. 403.

## V. TAYLOR SHOULD BE PRECLUDED FROM OFFERING ANY OPINIONS REGARDING ███.

In addition to offering opinions on ███ Taylor also apparently intends to offer opinions about ███ Here again, ███. His testimony on such subjects should not be allowed. ███

███ *See* McCawley Decl. at Exhibit 1, Expert Report of Gregory B. Taylor at 12, ¶ 18

During his deposition, ███ *See* McCawley Decl. at Exhibit 2, Gregory B. Taylor Dec. 2, 2016, Dep. Tr. pp. 14. Later on, however, ███ *Id.* at 138-40. ███ (*id.* at 142).

In any event, ███ *Id.* at 147-48. ███ would not be helpful to the jury.

Taylor's report also purports to offer an expert opinion that ███ *See* McCawley Decl. at Exhibit 1, Expert Report of Gregory B. Taylor at 26, ¶ 26. But this opinion is itself ███ As an accountant, Taylor clearly cannot offer an expert opinion as to ███

For all these reasons, Taylor should not permitted to offer any opinions about ███

## VI. TAYLOR SHOULD BE PRECLUDED FROM OFFERING ANY OPINIONS REGARDING ███.

9

Taylor's report does not directly mention ███ anywhere. ███

███

*See* McCawley Decl. at Exhibit 2, Gregory B. Taylor Dec. 2, 2016, Dep. Tr. pp. 210-11.

As is readily apparent, ███ And properly so, because an accountant is in no position to helpfully advise the jury on ███ ███. Taylor should be precluded from offering any opinions on ███.

10

## VII. TAYLOR SHOULD BE PRECLUDED FROM OFFERING ANY OPINIONS REGARDING ███████████████████████████████████ ███

In his report, Taylor ████████████████████████████████████ ████████████████████████████████ *See, e.g.*, McCawley Decl. at Exhibit 1, Expert Report of Gregory B. Taylor at 12-13, ¶ 20. ████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████ *Id.* at 12 ¶ 20. But whether ████████ have anything to do with the damages in this case is not for an accountant to determine, but rather for the jury. It is clear that "expert testimony is inadmissible when it addresses 'lay matters which a jury is capable of understanding and deciding without the expert's help.'" *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005) (*quoting Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir.1989) (citing cases)).

Throughout his report, ████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████ *See* McCawley Decl. at Exhibit 1, Expert Report of Gregory B. Taylor at 14, ¶ 24.

Taylor's discussion of ████████, however, is simply confused. ████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

While an expert "may opine on an issue of fact within the jury's province," an expert "may not give testimony stating ultimate legal conclusions based on those facts." *Highland Capital Mgmt., L.P. v. Schneider* 

During his deposition, ▮

▮ *See* McCawley Decl. at Exhibit 2, Gregory B. Taylor Dec. 2, 2016, Dep. Tr. pp. 132. Accordingly, Taylor has nothing useful to offer to the jury on ▮ issues. His testimony on this subject should be precluded.

## VIII. ANY REMAINING OPINIONS OFFERED BY TAYLOR WOULD NOT BE RELEVANT AND HELPFUL.

The previous seven sections of this *Daubert* motion have explained why seven different kinds of testimony that Taylor plans to offer should be excluded. If all of this testimony is excluded, nothing of substance remains in Taylor's opinion that would be relevant and helpful to the jury. Accordingly, he should be precluded from testifying at all.

## CONCLUSION

For all of the foregoing reasons, Ms. Giuffre respectfully requests that the Court preclude Court preclude defendant's propose expert, Gregory B. Taylor (and Kyle D. Jacobson) from offering expert opinions in this case.

Dated: January 6, 2017                  Respectfully Submitted,

                                       BOIES, SCHILLER & FLEXNER LLP

                                    By: /s/ Sigrid McCawley
                                           Sigrid McCawley (Pro Hac Vice)
                                           Boies Schiller & Flexner LLP

Sigrid S. McCawley, Esq.
Meredith Schultz, Esq.
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 MainStreet
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 6th of January, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>jpagliuca@hmflaw.com

>/s/ Sigrid S. McCawley
>Sigrid S. McCawley