# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:08-CV-80736-KAM

JANE DOE 1 and JANE DOE 2,

      Petitioners,

vs.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER DENYING PETITIONERS' MOTION TO JOIN UNDER RULE 21 AND MOTION TO AMEND UNDER RULE 15

This cause is before the Court on Jane Doe 3 and Jane Doe 4's Corrected Motion Pursuant to Rule 21 for Joinder in Action ("Rule 21 Motion") (DE 280), and Jane Doe 1 and Jane Doe 2's Protective Motion Pursuant to Rule 15 to Amend Their Pleadings to Conform to Existing Evidence and to Add Jane Doe 3 and Jane Doe 4 as Petitioners ("Rule 15 Motion") (DE 311). Both motions are ripe for review. For the following reasons, the Court concludes that they should be denied.

## I.  Background

This is an action by two unnamed petitioners, Jane Doe 1 and Jane Doe 2, seeking to prosecute a claim under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. (DE 1). Generally, they allege that the respondent Government violated their rights under the CVRA by failing to consult with them before negotiating a non-prosecution agreement with Jeffrey Epstein, who subjected them to various sexual crimes while they were minors. (Id.). Petitioners initiated this action in July 2008. (Id.).

GIUFFRE002844

On December 30, 2014, two other unnamed victims, Jane Doe 3 and Jane Doe 4, moved to join as petitioners in this action pursuant to Federal Rule of Civil Procedure 21.  (DE 280). Petitioners (Jane Doe 1 and Jane Doe 2) support the Rule 21 Motion.  (Id. at 11).  Jane Doe 3 and Jane Doe 4 argue that they "have suffered the same violations of their rights under the [CVRA] as the" Petitioners, and they "desire to join in this action to vindicate their rights as well."  (Id. at 1).  The Government vehemently opposes joinder under Rule 21.  (DE 290).  The Government argues that Rule 15 is the proper procedural device for adding parties to an action, not Rule 21. (Id. at 1).

"[O]ut of an abundance of caution," Petitioners filed a motion to amend their petition under Rule 15, conforming the petition to the evidence and adding Jane Doe 3 and Jane Doe 4 as petitioners.  (DE 311 at 2).  The Government opposes the Rule 15 Motion as well.  (DE 314). Among other things, the Government argues that amending the petition to include Jane Doe 3 and Jane Doe 4 should be denied because of their undue delay in seeking to join the proceedings, and the undue prejudice that amendment will cause.  (Id.).

After considering the parties' submissions and the proposed amended petition, the Court finds that justice does not require amendment in this instance and exercises its discretion to deny the amendment.

## II.  Discussion

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court."  Laurie v. Ala. Ct. Crim. Apps., 256 F.3d 1266, 1274 (11th Cir. 2001).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Justice does not require amendment in several instances, "includ[ing] undue delay, bad faith, dilatory motive

2

GIUFFRE002845

on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Laurie, 256 F.3d at 1274 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  In addition to considering the effect of amendment on the parties, the court must consider "the importance of the amendment on the proper determination of the merits of a dispute."  6 Wright & Miller, Fed. Prac. & Fed. P. § 1488, p. 814 (3d ed. 2010).  Justice does not require amendment where the addition of parties with duplicative claims will not materially advance the resolution of the litigation on the merits.  See Herring v. Delta Air Lines, Inc., 894 F.2d 1020, 1024 (9th Cir. 1989).

A.     **Rule 21 Motion**

Jane Doe 3 and Jane Doe 4's first attempt to join in this proceeding was brought under Rule 21.  (DE 280).  "If parties seek to add a party under Rule 21, courts generally use the standard of Rule 15, governing amendments to pleadings, to determine whether to allow the addition."  12 Wright & Miller, Fed. Prac. & Fed. P., p. 432 (3d ed. 2013); see also Galustian v. Peter, 591 F.3d 724, 729-30 (4th Cir. 2010) (collecting cases and noting that Rule 15(a) applies to amendments seeking to add parties); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) ("A motion to add a party is governed by Fed. R. Civ. P. 15(a) . . . .").

Rule 21, "Misjoinder and Non-joinder of Parties," provides the court with a tool for correcting the "misjoinder" of parties that would otherwise result in dismissal.  Fed. R. Civ. P. 21.  Insofar as Rule 21 "relates to the addition of parties, it is intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable."  United States v. Com. Bank of N. Am., 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotation marks omitted).

3

GIUFFRE002846

In their Rule 21 Motion, Jane Doe 3 and Jane Doe 4 do not claim that they were omitted from this proceeding due to any "inadvertence" or "mistake" by Petitioners; rather, they seek to join this proceeding as parties that could have been permissively joined in the original petition under Rule 20 ("Permissive Joinder of Parties").  As courts generally use the standards of Rule 15 to evaluate such circumstances, the Court will consider the joinder issue as presented in the Rule 15 Motion.[1]  The Court will consider the arguments presented in the Rule 21 Motion as if they are set forth in the Rule 15 Motion as well.  Because the arguments are presented in the Rule 15 Motion (and because the Court is denying the Rule 15 Motion on its merits, as discussed below), the Rule 21 Motion will be denied.

The Court also concludes that portions of the Rule 21 Motion    and related filings    should be stricken from the record.  Pending for this Court's consideration is a Motion for Limited Intervention filed by Alan M. Dershowitz, who seeks to intervene to "strike the outrageous and impertinent allegations made against him and [to] request[] a show cause order to the attorneys that have made them."  (DE 282 at 1).  The Court has considered Mr. Dershowitz's arguments, but it finds that his intervention is unnecessary as Federal Rule of Civil Procedure 12(f) empowers the Court "on its own" to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

Petitioners' Rule 21 Motion consists of relatively little argumentation regarding why the Court should permit them to join in this action: they argue that (1) they were sexually abused by

---

[1]  The Court notes that, regardless of which motion it considers, the same standard governs the addition of parties under Rule 21 and Rule 15.  See Goston v. Potter, No. 08-cv-478 FJS ATB, 2010 WL 4774238, at *5 (N.D.N.Y. 2010) (citing Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008)).

GIUFFRE002847

Jeffrey Epstein, and (2) the Government violated their CVRA rights by concealing the non-prosecution agreement with them.  (DE 280 at 3; see id. at 7-8).  However, the bulk of the Rule 21 Motion consists of copious factual details that Jane Doe 3 and Jane Doe 4 "would prove" "[i]f allowed to join this action."  (Id. at 3, 7).  Specifically, Jane Doe 3 proffers that she could prove the circumstances under which a non-party introduced her to Mr. Epstein, and how Mr. Epstein sexually trafficked her to several high-profile non-party individuals, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders."  (Id. at 3-6).  She names several individuals, and she offers details about the type of sex acts performed and where they took place.  (See id. at 5).[2]

At this juncture in the proceedings, these lurid details are unnecessary to the determination of whether Jane Doe 3 and Jane Doe 4 should be permitted to join Petitioners' claim that the Government violated their rights under the CVRA.  The factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering that these details involve non-parties who are not related to the respondent Government.  These unnecessary details shall be stricken.

The original Rule 21 Motion (DE 279) shall be stricken in its entirety, as it is wholly superseded by the "corrected" version of the Rule 21 Motion (DE 280).  From the corrected Rule 21 Motion, the Court shall strike all factual details regarding Jane Doe 3 between the following sentences: "The Government then concealed from Jane Doe #3 the existence of its NPA from

---

[2]  Jane Doe 4's proffer is limited to sexual acts between Mr. Epstein and herself.  (See DE 280 at 7-8).

5

GIUFFRE002848

Jane Doe #3, in violation of her rights under the CVRA" (id. at 3); and "The Government was

well aware of Jane Doe #3 when it was negotiating the NPA, as it listed her as a victim in the

attachment to the NPA" (id. at 6). As none of Jane Doe 4's factual details relate to non-parties,

the Court finds it unnecessary to strike the portion of the Rule 21 Motion related to her

circumstances. Regarding the Declaration in support of Petitioners' response to Mr.

Dershowitz's motion to intervene (DE 291-1), the Court shall strike paragraphs 4, 5, 7, 11, 13,

15, 19 through 53, and 59, as they contain impertinent details regarding non-parties. Regarding

the Declaration of Jane Doe 3 in support of the Rule 21 Motion (DE 310-1), the Court shall strike

paragraphs 7 through 12, 16, 39, and 49, as they contain impertinent details regarding non-

parties. Jane Doe 3 is free to reassert these factual details through proper evidentiary proof,

should Petitioners demonstrate a good faith basis for believing that such details are pertinent to a

matter presented for the Court's consideration.

As mentioned, Mr. Dershowitz moves to intervene "for the limited purposes of moving to

strike the outrageous and impertinent allegations made against him and requesting a show cause

order to the attorneys that have made them." (DE 282 at 1). As the Court has taken it upon itself

to strike the impertinent factual details from the Rule 21 Motion and related filings, the Court

concludes that Mr. Derschowitz's intervention in this case is unnecessary. Accordingly, his

motion to intervene will be denied as moot.[3] Regarding whether a show cause order should

---

[3] This also moots Mr. Dershowitz's Motion for Leave to File Supplemental Reply in
Support of Motion for Limited Intervention. (DE 317). Denying Mr. Dershowitz's motion to
intervene also renders moot Petitioners' motion (DE 292) to file a sealed document supporting its
response to Mr. Dershowitz's motion. It will accordingly be denied as moot, and DE 293 (the
sealed response) will be stricken from the record.

GIUFFRE002849

issue, the Court finds that its action of striking the lurid details from Petitioners' submissions is

sanction enough.  However, the Court cautions that all counsel are subject to Rule 11's mandate

that all submissions be presented for a proper purpose and factual contentions have evidentiary

support, Fed. R. Civ. P. 11(b)(1) and (3), and that the Court may, on its own, strike from any

pleading "any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f).

**B.      Rule 15 Motion**

Between their two motions (the Rule 21 Motion and Rule 15 Motion), Jane Doe 3 and

Jane Doe 4 assert that "they desire to join in this action to vindicate their rights [under the

CVRA] as well."  (DE 280 at 1).  Although Petitioners already seek the invalidation of Mr.

Epstein's non-prosecution agreement on behalf of all "other similarly-situated victims" (DE 189

at 1; DE 311 at 2, 12, 15, 18-19), Jane Doe 3 and Jane Doe 4 argue that they should be fellow

travelers in this pursuit, lest they "be forced to file a separate suit raising their claims" resulting

in "duplicative litigation" (DE 280 at 11).  The Court finds that justice does not require adding

new parties this late in the proceedings who will raise claims that are admittedly "duplicative" of

the claims already presented by Petitioners.

The Does' submissions demonstrate that it is entirely unnecessary for Jane Doe 3 and

Jane Doe 4 to proceed as parties in this action, rather than as fact witnesses available to offer

relevant, admissible, and non-cumulative testimony.  (See, e.g., DE 280 at 2 (Jane Doe 3 and

Jane Doe 4 "are in many respects similarly situated to the current victims"), 9 ("The new victims

will establish at trial that the Government violated their CVRA rights in the same way as it

violated the rights of the other victims."), 10 (Jane Doe 3 and Jane Doe 4 "will simply join in

motions that the current victims were going to file in any event."), 11 (litigating Jane Doe 3 and

GIUFFRE002850

Jane Doe 4's claims would be "duplicative"); DE 298 at 1 n.1 ("As promised . . . Jane Doe No. 3 and Jane Doe No. 4 do not seek to expand the number of pleadings filed in this case. If allowed to join this action, they would simply support the pleadings already being filed by Jane Doe No. 1 and Jane Doe No. 2."); DE 311 at 5 n.3 ("[A]ll four victims (represented by the same legal counsel) intend to coordinate efforts and avoid duplicative pleadings."), 15 (Jane Doe 3 and Jane Doe 4 "challenge the same secret agreement    i.e., the NPA that the Government executed with Epstein and then concealed from the victims. This is made clear by the proposed amendment itself, in which all four victims simply allege the same general facts.")). As the Does argue at length in their Rule 15 Motion, Jane Doe 1's original petition "specifically allege[s] that the Government was violating not only her rights but the rights of other similarly-situated victims." (DE 311 at 2). The Court fails to see why the addition of "other similarly-situated victims" is now necessary to "vindicate their rights as well." (DE 280 at 1).

Of course, Jane Doe 3 and Jane Doe 4 <u>can</u> participate in this litigated effort to vindicate the rights of similarly situated victims    there is no requirement that the evidentiary proof submitted in this case come only from the named parties. Petitioners point out as much, noting that, regardless of whether this Court grants the Rule 15 Motion, "they will call Jane Doe No. 3 as a witness at any trial." (DE 311 at 17 n.7). The necessary "participation" of Jane Doe 3 and Jane Doe 4 in this case can be satisfied by offering their properly supported    and <u>relevant</u>, <u>admissible</u>, and <u>non-cumulative</u>    testimony as needed, whether through testimony at trial (<u>see</u> DE 280 at 9) or affidavits submitted to support the relevancy of discovery requests[4] (<u>see</u>

_____

[4] The non-party Jane Does clearly understand how to submit affidavits. (<u>See</u> DEs 291-1, 310-1).

GIUFFRE002851

id. at 10).  Petitioners do not contend that Jane Doe 3 and Jane Doe 4's "participation in this

case" can only be achieved by listing them as parties.

As it stands under the original petition, the merits of this case will be decided based on a

determination of whether the Government violated the rights of Jane Doe 1, Jane Doe 2, and all

"other similarly situated victims" under the CVRA.  Jane Doe 3 and Jane Doe 4 may offer

relevant, admissible, and non-cumulative evidence that advances that determination, but their

participation as listed parties is not necessary in that regard.  See Herring, 894 F.2d at 1024

(District court did not abuse its discretion by denying amendment where "addition of more

plaintiffs . . . would not have affected the issues underlying the grant of summary judgment."); cf.

Arthur v. Stern, 2008 WL 2620116, at *7 (S.D. Tex. 2008) (Under Rule 15, "courts have held

that leave to amend to assert a claim already at issue in [another lawsuit] should not be granted if

the same parties are involved, the same substantive claim is raised, and the same relief is

sought.").[5]  And, as to Jane Doe 4 at least, adding her as a party raises unnecessary questions

about whether she is a proper party to this action.[6]

Petitioners also admit that amending the petition to conform to the evidence    by

including references to the non-prosecution agreement itself   is "unnecessary" as the "existing

petition is broad enough to cover the developing evidence in this case."  (DE 311).  The Court

_____

[5]  The Court expresses no opinion at this time whether any of the attestations made by
Jane Doe 3 and Jane Doe 4 in support of their motion will be relevant, admissible, and non-
cumulative.

[6]  The Government contends that Jane Doe 4 is not a true "victim" in this case because
she was not known at the time the Government negotiated the non-prosecution agreement, and
accordingly she was not entitled to notification rights under the CVRA.  (See DE 290 at 10).
Any "duplicative" litigation filed by Jane Doe 4 would necessarily raise the issue of whether she
has standing under the CVRA under these circumstances.

GIUFFRE002852

agrees, and it concludes that justice does not require amending the petition this late in the proceedings.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows: the Rule 21 Motion (DE 280) is **DENIED**; the Rule 15 Motion (DE 311) is **DENIED**; Intervenor Dershowitz's Motion for Limited Intervention (DE 282) and Motion for Leave to File Supplemental Reply in Support of Motion for Limited Intervention (DE 317) are **DENIED AS MOOT**; Petitioners' Motion to Seal (DE 292) is **DENIED AS MOOT**; the following materials are hereby **STRICKEN** from the record:

- DE 279, in its entirety.

- DE 280, all sentences <u>between</u> the following sentences: "The Government then concealed from Jane Doe #3 the existence of its NPA from Jane Doe #3, in violation of her rights under the CVRA" (DE 280 at 3); <u>and</u> "The Government was well aware of Jane Doe #3 when it was negotiating the NPA, as it listed her as a victim in the attachment to the NPA" (DE 280 at 6).

- DE 291-1, paragraphs 4, 5, 7, 11, 13, 15, 19 through 53, and 59.

- DE 310-1, paragraphs 7 through 12, 16, 39, and 49.

- DE 293, in its entirety.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of April, 2015.

_____
KENNETH A. MARRA
United States District Judge

10

GIUFFRE002853