```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
VIRGINIA L. GUIFFRE,                          :
                                              :
                    Plaintiff,                :    Case No.: 15-cv-7433 (RWS)
                                              :
    -against-                                 :
                                              :
GHISLAINE MAXWELL,                            :
                                              :
                    Defendant.                :
                                              :
------------------------------------------------------------x
```

# MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENOR MICHAEL CERNOVICH D/B/A CERNOVICH MEDIA'S MOTION TO INTERVENE AND UNSEAL

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ III

MEMORANDUM OF LAW ....................................................................................................... 1

   1.0    CERNOVICH MEDIA MAY PROPERLY INTERVENE ............................................ 2

   2.0    ANALYSIS ................................................................................................................ 3

      2.1    Historical and Constitutional Presumptions............................................................ 3

         2.1.1   Common Law Right to Access ...................................................................... 4

         2.1.2   The First Amendment Compels Access......................................................... 5

      2.2    Standard for Sealing a Court Record ...................................................................... 6

         2.2.1   The Compelling Reason Standard Applies to the Documents at Issue.................... 7

         2.2.2   The Parties Have Provided Neither a "Compelling Reason" nor "Good Cause" to Seal the Summary Judgment Documents ............................................. 8

         2.2.3   Movant's Motion is Distinct from Prof. Dershowitz's ........................................... 9

   3.0    CONCLUSION........................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*AT & T Corp. v. Sprint Corp.*,
  407 F.3d 560 (2d Cir. 2005) ................................................................................................ 2

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
  814 F.3d 132 (2d Cir. 2016) ........................................................................................ *passim*

*Craig v. Harney*,
  331 U.S. 367 (1947) ............................................................................................................ 1

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
  146 F.3d 1042 (D.C. Cir. 1998) .......................................................................................... 2

*E*Trade Fin. Corp. v. Deutsche Bank AG*,
  582 F. Supp. 2d 528 (S.D.N.Y. 2008) ................................................................................ 4

*Globe Newspaper Co. v. Superior Court*,
  457 U.S. 596 (1982) ............................................................................................................ 6

*Hartford Courant Co. v. Pellegrino*,
  380 F.3d 83 (2d Cir. 2004) .............................................................................................. 5, 6

*In re Continental Ill. Secs. Litig.*,
  732 F.2d 1302 (7th Cir. 1984) ............................................................................................ 5

*In re Iowa Freedom of Info. Council*,
  724 F.2d 658 (8th Cir. 1983) .............................................................................................. 5

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
  164 F.R.D. 346 (S.D.N.Y. 1996) ........................................................................................ 3

*In re Orion Pictures Corp.*,
  21 F.3d 24 (2d Cir. 1994) .................................................................................................... 6

*In re Pineapple Antitrust Litig.*,
  2015 U.S. Dist. LEXIS 122438 (S.D.N.Y. Aug. 7, 2015) .................................................. 3

*Katzman v. Victoria's Secret Catalogue*,
  923 F. Supp. 580 (S.D.N.Y. 1996) ...................................................................................... 6

*Kelly v. City of New York*,
  2003 U.S. Dist. LEXIS 2553, 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003) ...................... 3

*Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*,
  156 F.Supp.3d 425 (S.D.N.Y. 2016) ................................................................................ 10

*Lugosch v. Pyramid Co.*,
　435 F.3d 110 (2d Cir. 2006) ............................................................................................... 7

*Maryland v. Baltimore Radio Show, Inc.*,
　338 U.S. 912 (1950) ............................................................................................................ 4

*N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*,
　684 F.3d 286 (2d Cir. 2011) ............................................................................................... 5

*Newman v. Graddick*,
　696 F.2d 796 (11th Cir. 1983) ............................................................................................ 5

*Newsday LLC v. Cty. of Nassau*,
　730 F.3d 156 (2d Cir. 2013) ............................................................................................... 7

*Nixon v. Warner Communications*,
　435 U.S. 589 (1978) ............................................................................................................ 4

*NML Capital, Ltd. v. Republic of Arg.*,
　2014 U.S. Dist. LEXIS 173780 (D. Nev. Dec. 12, 2014) .................................................. 3

*Press-Enter. Co. v. Superior Court*,
　478 U.S. 1 (1986) ................................................................................................................ 5

*Publicker Indus., Inc. v. Cohen*,
　733 F.2d 1059 (3d Cir. 1984) ............................................................................................. 5

*Richmond Newspapers v. Virginia*,
　448 U.S. 555 (1980) ................................................................................................... 4, 5, 6

*Rushford v. New Yorker Magazine, Inc.*,
　846 F.2d 249 (4th Cir. 1988) ............................................................................................. 5

*Schiller v. City of N.Y.*,
　2006 U.S. Dist. LEXIS 70479 (S.D.N.Y. Sep. 27, 2006) .................................................. 3

*SEC v. TheStreet.com*,
　273 F.3d 222 (2d Cir. 2001) ............................................................................................... 6

*Suen v. Las Vegas Sands, Inc.*,
　District Court, Clark County, Nevada, Case No. A493744-C (Apr. 16, 2013) ................. 4

*United States v. Amodeo II*,
　71 F.3d 1044 (2d Cir. 1995) ................................................................................ 5, 7, 9, 10

*United States v. Burr*,
　25 F. Cas. 1 (No. 14,692) (CC Va. 1807) .......................................................................... 5

*United States v. Erie Cty.*,
    763 F.3d 235 (2d Cir. 2014) ............................................................................... 6, 7

*United States v. Myers (In re in re Nat'l Broad. Co.)*,
    635 F.2d 945 (2d Cir. 1980) .................................................................................. 6

*Westmoreland v. Columbia Broad. Sys., Inc.*,
    752 F.2d 16 (2d Cir. 1984) ................................................................................ 5, 6

**RULES**

Federal Rule of Civil Procedure 24 ............................................................................ 2

# MEMORANDUM OF LAW

Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor") is a lawyer, author, documentary filmmaker, author, and host of the Mike Cernovich Podcast. *See* Declaration of Michael Cernovich ("Declaration") at ¶ 3. His broadcasts on Periscope have over 63,000 subscribers and 13 million "likes", and are watched by tens-of-thousands of people per episode.[1] *See id.* at ¶ 4. His Twitter account, in which he reports on news and provides opinion, has nearly 200,000 followers and reaches millions monthly. *See id.* at ¶ 8.

Part of Cernovich Media's mission is conducting investigative journalism in pursuit of an open government. Maxwell's currently sealed pleadings, and anticipated future related documents, prevents the public from learning about wrongdoing by high level government officials, media moguls and high profile business people. Cernovich Media is an organization whose mission is to use and promote investigative journalism as a tool to expose corruption and abuse of public power by promoting transparency, accountability, and public awareness, by involving private citizens in the discussion of these problems. Cernovich Media cannot conduct its Forth Estate function if this Court allows the Parties to conduct their dispute outside of the normal sunlight of transparency and accessibility. The public has a right to see Maxwell's Motion for Summary Judgment and the press is here to show it to them.

Movant takes no position with respect to the relative merits of the Parties' arguments in this litigation. However, Movant takes the absolute position that all Parties to this litigation have committed a transgression in that they have sought to shield from scrutiny that which rightfully should be exposed to sunlight. The courts do not belong to the parties – they belong to the people. *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("what transpires in the court room is public property"). Although the Court originally ordered that the Parties had to seek leave to file under seal (ECF No. 62), it subsequently amended that Order to permit the Parties to substitute their judgment for the Court's and seal any document they chose. *See* Order of August 8, 2016, ECF No. 348.

---

[1] His Periscope coverage of the Republican National Convention and Democrat National Convention was featured on Periscope's main page and served as one of the only real-time sources of information from those conventions. *See* Cernovich Declaration at ¶ 4.

The Parties have abused this rare privilege and the August 8 Order should be vacated. If the Parties wished to litigate in private, then they should have chosen to arbitrate this matter privately. Now that the Parties have used the public's courts, the Parties must have their dispute in full view. As such, Movant is entitled to access and publish judicial documents currently sealed and those that would improperly be sealed in the future.

**1.0    Cernovich Media May Properly Intervene**

Under Rule 24(b)(2), "[o]n timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2) (colons and alphanumerals omitted). Permissive intervention is permitted where, as here, a member of the public seeks intervention to modify a protective order and inspect court documents. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order."); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases and stated that "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."). Here, Movant is seeking access to this Court's records, specifically Ghislaine Maxwell's (hereinafter "Maxwell") currently sealed Memorandum of Law in Support of Defendant's Motion for Summary Judgment (ECF No. 541), Declaration of Laura A. Menninger in Support of Defendant's Motion for Summary Judgment (ECF No. 542) and all exhibits annexed thereto, and any and all other notices, pleadings, memoranda, declarations, exhibits, orders, and other documents filed or to be filed under seal in relation to Defendant's Notice of Motion for Summary Judgment (ECF No. 540).

The motion is timely. "When a member of the public moves to intervene to unseal judicial records, the motion to intervene is timely as long as the documents remain under seal because sealing places the public's interest in open access in controversy." *NML Capital, Ltd. v. Republic of Arg.*, No. 2:14-cv-492-RFB-VCF, 2014 U.S. Dist. LEXIS 173780, at *11 (D. Nev. Dec. 12,

2014). Here, Maxwell filed her Motion for Summary Judgment and related documents on January 9, 2017. (ECF No. 541). Movant has a significantly protectable interest in this case, as members of Cernovich Media, particularly Cernovich, have been following and reporting on the issues in this case, and have contributed to providing the public with information regarding this case. *See* Declaration at ¶¶ 9-10. "[I]ntervention by the press – a step preliminary to determining whether any sealed documents should be disclosed – should be granted absent some compelling justification for a contrary result." *In re Pineapple Antitrust Litig.*, 2015 U.S. Dist. LEXIS 122438, at 5 (S.D.N.Y. Aug. 7, 2015); *see also Schiller v. City of N.Y.*, 2006 U.S. Dist. LEXIS 70479, at 5 (S.D.N.Y. Sep. 27, 2006) (noting that: "The Times may well have an absolute right of intervention in the circumstances of this case"); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (granting intervention as of right to newspaper to seek modification of protective order and access to documents in judicial proceeding); *and see Kelly v. City of New York*, 2003 U.S. Dist. LEXIS 2553, 2003 WL 548400, *3 (S.D.N.Y. Feb. 24, 2003) (newspaper intervention granted so that it may "articulate the public interest in access to the records at issue"). Movant's intervention is appropriate to protect not only its own interest in covering this case, but also to protect the interests of the public at large.

**2.0    Analysis**

As discussed herein, there is no proper basis to deny Movant access to the Summary Judgment documents at issue. There are both common law and First Amendment rights of access. The Parties have not provided any compelling reason why those rights should be abridged.

**2.1    Historical and Constitutional Presumptions**

There is both a First Amendment and common law right of access to court records. Both remind us that there is a strong presumption of openness in the judicial branch. That presumption should not be laid aside lightly.

### 2.1.1 Common Law Right to Access

The common law right to access is long-established. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). In *Nixon*, the Supreme Court recognized the federal common law right "to inspect and copy public records and documents." *Id*. This right extends to motions filed in civil cases. "[H]istorically both civil and criminal trials have been presumptively open." *E\*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980)); *see also id*. at 599 (Stewart, J., concurring); *and see Maryland v. Baltimore Radio Show, Inc*., 338 U.S. 912, 920 (1950) ("one of the demands of a democratic society is that the public should know what goes on in courts").

Courts have consistently noted that access to courts and court records is important for public education, public trust, and the integrity of the court system. "[A] trial courtroom also is a public place where the people generally and representatives of the media have a right to be present, and where their presence historically has been through to enhance the integrity and quality of what takes place." *Richmond Newspapers*, 448 U.S. at 587 (1980). The press play a vital role in ensuring that the public can view the workings of the judicial process. "What better way to demonstrate to the public that its courts are fair and just than to say to the public, 'come and view the proceedings yourself and judge for yourself?" *Suen v. Las Vegas Sands, Inc*., District Court, Clark County, Nevada, Case No. A493744-C at 8 (Apr. 16, 2013). Here, access to the court records, especially Maxwell's Motion for Summary Judgment, are particularly important because this case involves claims of public concern. Adjudicating this case in secret would cast doubt on the system and the people will be left wondering if another politician, celebrity, or business person has been tied to any of the already public, and quite disturbing, allegations.

The Second Circuit reinforced the common law presumption in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("The courts have long recognized the "general right to inspect and copy public records and documents, including judicial records and documents.") (citing *Nixon*, 435 U.S. at 597, 598 & n.7). "This right is said to predate

the Constitution." *Bernstein* 814 F.3d at 142 (citing *United States v. Amodeo II*, 71 F.3d 1044, 1048 (2d Cir. 1995)) (internal quotation marks omitted).

### 2.1.2 The First Amendment Compels Access

The First Amendment requires public access to court proceedings. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 10 (1986);[2] *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (the public and the press have a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents."). This is long unquestioned in the criminal context, but the Supreme Court has made it clear that this extends to civil cases. *Richmond Newspapers*, 448 U.S. at 580 n.7. "[T]he First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal." *Id*. at 599 (Stewart, J. concurring). "[T]he First Amendment guarantees a qualified right of access not only to criminal but also to civil trials and to their related proceedings and records. *N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2011) (citing *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 22 (2d Cir. 1984)); *see also Hartford Courant*, 380 F.3d at 93 (2d Cir. 2004) (finding a right to civil and criminal docket sheets).

Notably, every circuit that has considered whether the First Amendment requires public access in civil cases has concluded it does. *See, e.g., Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988); *In re Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983). "The First Amendment requires that court proceedings be open to the public, and by extension the news media, absent the most clearly articulated and compelling reason for closing them in a particular circumstance." *Katzman v. Victoria's Secret Catalogue*, 923 F. Supp. 580,

---

[2] Historically, the Supreme Court noted: "Long ago in the celebrated trial of Aaron Burr for treason, for example, with Chief Justice Marshall sitting as trial judge, the probable-cause hearing was held in the Hall of the House of Delegates in Virginia, the courtroom being too small to accommodate the crush of interested citizens." *Id.* citing to *United States v. Burr*, 25 F. Cas. 1 (No. 14,692) (CC Va. 1807).

5

588 (S.D.N.Y. 1996). The First Amendment, "protects the public's right to have access to judicial documents [and] has been understood to be stronger than its common law ancestor and counterpart." *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014). No compelling reason for secrecy exists here. The Parties are trying to have this Court to themselves, without allowing the public and the media to observe how they use it. This defies the constitutional mandate that legal proceedings are inherently public affairs. *Richmond Newspapers*, 448 U.S. at 580; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605 (1982).

### 2.2 Standard for Sealing a Court Record

The Court should begin from a strong presumption in favor of access and, "[i]n most cases, a judge must carefully and *skeptically* review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis added); *see also SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91(2d Cir. 2004) ("The Supreme Court [has] recognized that the First Amendment grants both the public and the press a qualified right of access" to judicial proceedings.); *Westmoreland v. CBS*, Inc., 752 F.2d 16, 22 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom."); *United States v. Myers (In re in re Nat'l Broad. Co.)*, 635 F.2d 945 (2d Cir. 1980) (finding that there is an especially strong presumption requiring extraordinary circumstances to justify restrictions). "Once a First Amendment right of access to judicial documents is found, the documents may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. And, broad and general findings by the trial court are not sufficient to justify closure." *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014).

The starting point is to determine whether the documents at issue are "judicial documents" for which a presumption of access applies. *See SEC v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001) ("[A] subspecies of sealed documents in civil cases—so-called 'judicial documents'—

deserve a presumption in favor of access." When evidence is used in a dispositive motion or its opposition, there must be a compelling reason to shield it from public view. Generally, a "[f]inding that a document is a "judicial document" triggers a presumption of public access." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013). Documents that directly affect adjudication or are used, "to determine litigants' substantive legal rights, the presumption of access is at its zenith…and thus can be overcome only by extraordinary circumstances." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006) and *United States v. Amodeo II*, 71 F.3d 1044 (2d Cir. 1995)) (internal quotation marks omitted). The locus of the inquiry is whether the document "is presented to the court to invoke its powers or affect its decisions." *Bernstein*, 814 F.3d at 142.

### 2.2.1 The Compelling Reason Standard Applies to the Documents at Issue

As dispositive judicial documents, there must be compelling reasons to seal the documents at issue. "Since such a document is the basis for the adjudication, only the most compelling reasons can justify sealing." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 136 (2d Cir. 2016). Here, Maxwell's Motion for Summary Judgment and related filings, including responsive and related documents to be filed, asks for a final adjudication of the case. The *Bernstein* Court noted, the Second Circuit has specifically held that not only are motions for summary judgment dispositive, but even, "report[s] submitted in connection with a summary judgment motion [are] entitled to a strong presumption of access." *Bernstein,* 814 F.3d at 142 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

A dispositive motion is one that relates to the settlement of an issue in a case and in this case a motion for summary judgment is dispositive as it seeks to settle the entire case. The claimed compelling reasons must be supported by specific factual findings. *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014). The compelling reason and facts must show more than mere conjecture, and more than embarrassment, incrimination, or wider exposure of the facts to the

7

public. *Bernstein*, 814 F.3d at 144 (finding that information that was embarrassing or suggested the party was complicit in a kickback scheme fell, "woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal") (internal citation omitted). Maxwell's Summary Judgment pleadings have been improperly sealed, as "privacy concerns" alone cannot be a compelling reason to hide a final adjudication from the public. Anything in the Motion for Summary Judgment that Maxwell considers embarrassing or raises a concern of incrimination cannot be held back from the public for those reasons, as the press has the right to report on the happenings of the judiciary. For a party to prevail on a showing of a compelling reason to seal a court record, that party must present specific factual findings sufficient to overcome the presumption that court records will be open to the public. The Parties have failed to provide a compelling reason to seal the record.

### 2.2.2 The Parties Have Provided Neither a "Compelling Reason" nor "Good Cause" to Seal the Summary Judgment Documents

The Court must apply the stringent compelling reason standard because Maxwell has filed a motion for summary judgment which could lead to the adjudication of this case. Due to all the redactions in the record, even the reasons for the Protective Order are hidden from the public. (ECF No. 39-1). Movant recognizes that this Court entered an order stating that "[a]llegations implicating absent third parties… implicate and potentially irreparably intrude on the privacy of individuals not present before this Court.) (ECF No. 250). Preliminary, the Parties do not have standing to raise absent third party privacy concerns. More importantly, even if they did, the concerns raised are insufficient when contrasted with the rights of the people to have open courts, an issue that it appears the Parties did not raise with the Court. If the "absent third parties" are public figures, then this would be a matter of great public interest. Here, Movant has no way of knowing. Ultimately, mere privacy concerns are insufficient to warrant sealing of records. The Parties have presented neither a compelling reason nor good cause as to why Maxwell's Motion for Summary Judgment should be sealed. Moreover, ECF No. 250 only address "the names and identifying information of individuals", yet the Summary Judgment documents

redact well in excess of that limited matter. No matter what standard the Court applies, Maxwell's Motion for Summary Judgment must be unsealed because Maxwell has not put forth any compelling reason or any particularized showing of good cause as to why the Motion for Summary Judgment has been sealed, other than that the Parties desire privacy.[3]

### 2.2.3 Movant's Motion is Distinct from Prof. Dershowitz's

Movant is aware that Prof. Alan M. Dershowitz filed a Motion to Intervene (ECF No. 362), which appears to have been denied (ECF No. 496). The denial is for unknown reasons, as the Order denying the Motion is itself sealed. Such is only identifiable on the docket by virtue of Prof. Dershowitz's notice of appeal (ECF No. 504).

The only opposition to Prof. Dershowitz's Motion was filed by Defendant. *See* ECF No. 406. Plaintiff challenged the motion on three primary bases: (1) documents relating to discovery were sought; (2) Prof. Dershowitz was pursuing only his personal interest; and (3) Prof. Dershowitz had agreed to be bound by the protective order. *See id.* None of those bases are present here. Movant recognizes that "documents such as those passed between the parties in discovery often play no role in the performance of U.S. Const. Art. III functions [ ]". *Bernstein,* 814 F.3d at 136. Movant is not presently seeking access to such documents, but rather to those specifically playing a role in the adjudication of the merits of the action. Although Prof. Dershowitz may have

---

[3] Although the Second Circuit demands a strong presumption for judicial documents, the Parties could not, hypothetically even meet a lower "good cause" standard, as none has been articulated. *See*, *e.g.*, *United States v. Amodeo II*, 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Bernstein*, 814 F.3d at 142 ("By contrast, documents 'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low.") (citing *Amodeo II*, 71 F.3d at 1050). Defendant must articulate specific reasons as to why the Court must seal the Motion for Summary Judgment. Here, there is a Protective Order that states that there are privacy interests at stake (ECF No. 39-1), but Maxwell has not articulated any reasons as to why the specific sealed matters relating to the Motion for Summary Judgment, which asks for final adjudication of this case, should be hidden from public view. Thus, the press, including Movant, has the right to intervene to unseal the documents.

had private interests motivating his motion, Movant's motivation is grounded solely in the public interest.[4] Finally, Movant has never agreed to be bound by the Protective Order.

Plaintiff's sole articulation of a reason to deny access appeared redacted in one sentence of her opposition, and citing to *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F.Supp.3d 425, 445 n.7 (S.D.N.Y. 2016). *See* ECF No. 406 at p. 17. There is nothing in the public record that would allow Movant to evaluate (a) the specific privacy interest at issue; or even (b) whether that issue relates to Summary Judgment, as opposed to just the discovery exhibits sought by Prof. Dershowitz. Movant has not even been given an inkling as to what the privacy interests are, especially as much of Plaintiff's claims of a sexual nature are already matters of public record. Moreover, in *Louis Vuitton Malletier,* the court did not rely upon the sealed matters; in contrast, Maxwell's entire argument, pages 1-68 of ECF No. 541, the memorandum in support of summary judgment, was redacted. The Court must necessarily rely upon such matters to adjudicate the case. Plaintiff's single sentence is unlikely to constitute all 68 pages of Defendant's argument. Therefore, the Order as to Prof. Dershowitz does not adjudicate the instant motion.

**3.0    Conclusion**

Both parties are public figures and the case has been covered by multiple state and national media outlets. The media has a vested interest in these and all court proceedings, and the public in the United States and beyond have a strong interest in how these courts are being used in this dispute. If Cernovich Media is not permitted to intervene and view court records, it will suffer great impairment, as it cannot perform their Fourth Estate function without access to public documents. By extension, the public will be harmed because it will be deprived of its right to know.

. . .

. . .

. . .

---

[4]    Movant assumes *arguendo* that this public/private is relevant. *But see Amodeo II,* 71 F.3d at 1050.

Based on the foregoing, Cernovich Media respectfully requests that this Court unseal Maxwell's summary judgment pleadings and preclude automatic sealing of future related documents, allowing the public and media access to these necessary and important judicial documents.

Dated: January 19, 2017.	Respectfully Submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele:   702-420-2001
Fax:    305-437-7662
Email: ecf@randazza.com

*Attorneys for Movant/Putative Intervenor, Cernovich Media*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

    Respectfully submitted,

    /s/ Jay M. Wolman
    Jay M. Wolman