# United States District Court
# Southern District of New York

Virginia L. Giuffre,

              Plaintiff,              Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

              Defendant.

_____/

### PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S DESIGNATION OF DEPOSITION EXCERPTS OF ALAN DERSHOWITZ IN AN UNRELATED CASE

Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 1

ARGUMENT ......................................................................................................... 3

I.     DERSHOWITZ'S DEPOSITION TESTIMONY FROM ANOTHER CASE IS NOT
       ADMISSIBLE UNDER FED. R. CIV. P. 32(a)(8). .............................................. 4

       A.     The Florida State Case Did Not Involve the Same Subject Matter. ......................... 5

       B.     The Florida State Case Did Not Involve the Same Parties. ....................................... 6

II.    THE COURT SHOULD USE ITS DISCRETION TO PRECLUDE INTRODUCTION
       OF TESTIMONY FROM A WITNESS MS. GIUFFRE HAS NOT HAD THE
       OPPORTUNITY TO CROSS EXAMINE. ............................................................ 8

       A.     Allowing Excerpts from the Dershowitz Deposition in the Florida Case Would
              be Fundamentally Unfair to Ms. Giuffre. .................................................. 8

       B.     Ms. Giuffre Should At Least Be Permitted to Depose Dershowitz if Deposition
              Transcript is Allowed. .............................................................. 12

III.   IF THE COURT PERMITS ANY USE OF EXCERPTS FROM THE DEPOSITION,
       MS. GIUFFRE SHOULD BE PERMITTED TO RAISE EVIDENTIARY
       OBJECTIONS AND CROSS-DESIGNATE OTHER PARTS OF THE DEPOSITION. .... 13

CONCLUSION ...................................................................................................... 16

CERTIFICATE OF SERVICE ................................................................................. 18

i

## <u>TABLE OF AUTHORITIES</u>

Page

### <u>Cases</u>

*Arnstein v. Porter*,
    154 F.2d 464 (2d Cir. 1946) ................................................................................ 11

*Baldwin-Montrose Chem. Co. v. Rothberg*,
    37 F.R.D. 354 (S.D.N.Y. 1964) ........................................................................... 12

*Bankers Trust Co. v. Rhoades*,
    108 B.R. 423 (S.D.N.Y. 1989) ............................................................................. 12

*Bobb v. Modern Products, Inc.*,
    648 F.2d 1051 (5th Cir.1981) ................................................................................. 9

*Duttle v. Bandler & Kass*,
    127 F.R.D. 46 (S.D.N.Y. 1989) .............................................................................. 9

*Hertz v. Graham*,
    23 F.R.D. 17 (S.D.N.Y. 1958) ............................................................................. 12

*In re Paramount Payphones, Inc.*,
    256 B.R. 341 (Bankr. M.D. Fla. 2000) ............................................................... 13

*Mid–West Nat. Life Ins. Co. of Tennessee v. Breton*,
    199 F.R.D. 369, 371 ............................................................................................... 8

*Napier v. Bossard*,
    102 F.2d 467 (2d Cir. 1939) ................................................................................ 11

*Nash v. Heckler*,
    108 F.R.D. 376 (W.D.N.Y.1985) ........................................................................... 9

*Polozie v. United States*,
    835 F. Supp. 68 (D. Conn. 1993) ........................................................................... 8

*Powertrain, Inc. v. Ma*,
    88 F. Supp. 3d 679 (N.D. Miss. 2015) .................................................................. 6

*United States v. De Sisto*,
    329 F.2d 929 (2d Cir.) ........................................................................................... 9

*United States v. Int'l Bus. Machines Corp.*,
    90 F.R.D. 377 (S.D.N.Y. 1981) ...................................................................... 4, 11

**Rules**

Fed. R. Evid. 32 ................................................................................................... 9

Fed. R. Evid. 32(a)(4)(B) .................................................................................... 11

Fed. R. Civ. P. 32(a)(8) ................................................................................. *passim*

Fed. R. Evid. 608(b) .......................................................................................... 10

Fed. R. Evid. 611(a)(1) ........................................................................................ 9

**Other Authorities**

BLACK'S LAW DICTIONARY 1473 (8th ed. 2004) ................................................... 7

Plaintiff Ms. Virginia Giuffre files this motion to exclude from trial excerpts from a deposition taken of Alan Dershowitz in another case – a Florida state case in which Ms. Giuffre was not a party and did not have an opportunity to cross-examine him.

## PRELIMINARY STATEMENT

Defendant has designated for use in this trial various excerpts from Dershowitz's deposition in a state court case in which Ms. Giuffre was not a party. Obviously, because she was not a party, Ms. Giuffre did not have the opportunity to cross-examine Dershowitz in this earlier proceeding.  Moreover, the earlier proceeding did not revolve around the question of whether Ms. Giuffre was telling the truth about Ms. Maxwell's involvement in sex trafficking, but whether attorneys representing her in a separate case had filed allegation on her behalf concerning Alan Dershowitz with due diligence. Under Fed. R. Civ. P. 32(a)(8)'s provision dealing with a "deposition taken in an earlier action," prior deposition testimony can only be used where the earlier deposition involved the same parties and the same subject matter. Because those conditions are not satisfied, the deposition cannot be used here.

In addition, permitting Maxwell to use the deposition against Ms. Giuffre would be fundamentally unfair. Because Ms. Giuffre never had the opportunity to cross-examine Dershowitz, the Court should exercise its discretion to either preclude the use of the transcript or, at the very least, provide Ms. Giuffre with the opportunity to question Dershowitz in a deposition.

Finally, all of the Dershowitz testimony is inadmissible under the Rules of Evidence in any event.

## FACTUAL BACKGROUND

1

Defendant designated for use in this trial various excerpts from a deposition of Alan Dershowitz taken in a Florida state case entitled *Bradley J. Edwards and Paul G. Cassell v. Alan M. Dershowitz*, Case No. CACE 15-000072 (17th Cir. Ct. for Broward County, Florida).   Attorneys Edwards and Cassell brought the case against Dershowitz, alleging that he had defamed them by accusing them of having conducted inadequate investigation before filing a motion on Ms. Giuffre's behalf in a crime victims' rights action in federal court in Florida.  *See Jane Doe #1 and Jane Doe #2 v. U.S.*, No. 9:08-cv-80736 (filed S.D. Fla. 2008).[1]  On December 30, 2014, Edwards and Cassell filed a motion for joinder on Ms. Giuffre's (Jane Doe #3's) behalf in that case.  *See* Jane Doe #3 and Jane Doe #4's Motion Pursuant to Rule 21 for Joinder in Action, DE 279 (and as amended DE 280), No. 9:08-cv-80736 (S.D. Fla.).  In that motion, Ms. Giuffre alleged that she had been sexually trafficked by Jeffrey Epstein to his friends, including Epstein's close friend and criminal defense attorney, Alan Dershowitz.  Thereafter, Dershowitz repeated attacked Edwards and Cassell's professionalism in a protracted mass media campaign.   Edwards and Cassell responded to this attack by bringing a Florida state defamation action Dershowitz.  As explained in Edwards and Cassell's complaint, filed by their Florida attorney Jack Scarola, the issue was the adequacy of the investigation that they had undertaken before filing the motion for joinder:

> Immediately following the filing of what the Defendant, DERSHOWITZ, knew to be an entirely proper and well-founded pleading, DERSHOWITZ initiated a massive public media assault on the reputation and character of BRADLEY J. EDWARDS and PAUL G. CASSELL accusing them of intentionally lying in their filing, of having leveled knowingly false accusations against the Defendant, DERSHOWITZ, without ever conducting any investigation of the credibility of the accusations, and of having acted unethically to the extent that their willful misconduct warranted and required disbarment.

*See* McCawley Dec., Exhibit 1 (Complaint) at p. 4 ¶ 17.  Dershowitz later filed a defamation counterclaim Edwards and Cassell.

---

[1] Jane Doe #1 and Jane Doe #2 are persons *other* than Ms. Giuffre.

2

As the defamation case proceeded in Florida state court, Edwards and Cassell took Dershowitz's deposition, on October 15 and 16, 2015, and a second time on January 12, 2016. As indicated in the case caption, Ms. Giuffre was not a party to that lawsuit, which was between Edwards and Cassell on the one hand, and Dershowitz on the other. But because certain collateral issues concerning her privacy were at stake, Ms. Giuffre's attorney (Ms. Sigrid McCawley) was allowed to attend the depositions.

The Edwards and Cassell's defamation case did not turn on whether Ms. Giuffre's allegations against Dershowitz were true, but rather whether they, as her attorneys, had adequately investigated her allegations before filing them.  As Edwards and Cassell explained in their motion for summary judgment:

> The central issue upon which Edwards and Cassell's complaint rest is not whether Ms. Giuffre's claims were true, but instead whether Dershowitz lacked any basis whatsoever to support his claims that Edwards and Cassell not only knew that the statements were false but indeed actively participated in fabricating false statements.  The record is completely devoid of evidence to support the existence of any such basis.

McCawley Dec., Exhibit 2 (Summary Judgment Motion) at 12.

Ultimately, before the Florida court could rule on Edwards and Cassell's summary judgment motion, Dershowitz chose to settle the case.  The financial and other terms associated with the settlement are confidential.

## ARGUMENT

The Court should not permit the Defendant to use at trial in this case excerpts from Dershowitz's deposition in the Florida state defamation case involving Edwards and Cassell. Ms. Giuffre did not have the opportunity to cross-examine Dershowitz in that case, which revolved around whether the two attorneys had acted in good faith when they filed allegations for Ms. Giuffre – not whether Ms. Giuffre's allegations were true or false.  Moreover, the

3

allegations at issue in that case involved Dershowitz – not the Defendant.  Accordingly, the provisions of 32(a)(8) of the Federal Rules of Civil Procedure for admitting a deposition in another case are not satisfied.

In addition, the Court should exercise its discretion and bar use of the deposition.  Ms. Giuffre never had the opportunity to cross-examine Dershowitz and the Defendant has not explained why she is resorting to presenting deposition testimony rather than calling him as a live witness.  At the very least, Ms. Giuffre should have the opportunity to depose Dershowitz before his deposition testimony is presented against her.

Finally, virtually all of excerpts that Defendant has designated are inadmissible for other evidentiary reasons as well.

## I.    DERSHOWITZ'S DEPOSITION TESTIMONY FROM ANOTHER CASE IS NOT ADMISSIBLE UNDER FED. R. CIV. P. 32(A)(8).

The Federal Rules of Civil Procedure are premised on the belief that justice is best served when witnesses appear at trial to be examined and cross-examined by both parties.  As this Court has explained, "There is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness*." United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981).  Of course, if it is not possible for a witness to appear live at trial, the Federal Rules of Civil Procedure also provide for depositions to obtain and preserve testimony, as well as a giving both parties an opportunity to ask any necessary questions.

Because of this preference for live testimony, or at the very least testimony secured during pre-trial proceedings in which all parties to a lawsuit can participate, the Rules of Civil Procedure restrict the circumstances in which depositions taken in other cases can be used at a

trial.  Under Fed. R. Civ. P. 32(a)(8), a deposition taken in a different case can be used only in very limited circumstances:

> **Deposition Taken in an Earlier Action.**  A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action.

Under the plain terms of this rule, the Dershowitz deposition taken in the Florida state case cannot be used in this case for two separate and independent reasons: First, that Florida state defamation case and this one do not involve "the same subject matter;" and, second, the earlier Florida state case did not involve the "same parties."

### A.      The Florida State Case Did Not Involve the Same Subject Matter.

As this Court has previously summarized, "[t]his bitterly contested defamation action turns on the truth or falsity of statements made by [Ms. Giuffre] concerning sexual abuse of minors in which she stated that the Defendant participated, statements which [Defendant] stated were false, giving rise to this action."  Sealed Opinion, Nov. 2, 2016, at 16.  In clear contrast, the Florida state action did not involve "the same subject matter" – i.e., it did not involve the Defendant's participation in procuring girls and young women as part of Epstein's sex trafficking enterprise.  Indeed, the Defendant is not even mentioned in that Florida complaint, as the Court can determine with a quick word search.  McCawley Dec. Exhibit 1 (Complaint) at 12.

Instead of concerning Defendant Maxwell's involvement in sex trafficking, the Florida state action involved the actions of Edwards and Cassell, two lawyers who were accused by Dershowitz of having failed to adequately investigate allegations made by their client before filing those claims.  The central issue upon which Edwards and Cassell's complaint rested was "not whether Ms. Giuffre's claims were true, but instead whether Dershowitz lacked any basis whatsoever to support his claims that Edwards and Cassell not only knew that the statements

were false but indeed actively participated in fabricating false statements."  McCawley Dec., Exhibit 2 (Summary Judgment Motion) at 12.  Put another way, the Florida state case involved the actions of *lawyers*, not the actions of any client.

In light of these stark differences, the earlier case did not involve "the *same* subject matter," which is a prerequisite to the admissibility of Dershowitz's deposition here.  *See, e.g.*, *Powertrain, Inc. v. Ma*, 88 F. Supp. 3d 679, 690–91 (N.D. Miss. 2015), *aff'd*, 640 F. App'x 263 (5th Cir. 2016) (actions did not involve "the same subject matter" when, although engines referred to in both cases were the same, one case involved trademark infringement issues and the second case involved import and sale of engines that allegedly violated EPA standards).

### B.    The Florida State Case Did Not Involve the Same Parties.

A second reason requiring the exclusion of the Dershowitz deposition is that the earlier action did not involve the same parties.  The earlier action was brought by attorneys Edwards and Cassell (represented by Florida lawyer Jack Scarola) against Dershowitz. Ms. Giuffre was not a party to that action.

Under Fed. R. Civ. P. 32(a)(8), a deposition taken in a different case can be used only where the earlier case involved "the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action."  Edwards and Cassell were obviously not "the same party" as Ms. Virginia Giuffre.  Nor were they her "representative" in that lawsuit. A "representative" is conventionally defined as "[o]ne who stands for or acts on behalf of another. . . . *See* Agent."  BLACK'S LAW DICTIONARY 1328 (8th ed. 2004).  Edwards and Cassell were acting on their own behalves when sued to protect their reputations – not acting on Ms. Giuffre's behalf.  Nor were Edwards and Cassell "successors in interest" to Ms. Giuffre.  A "successor in interest" is conventionally defined as "[o]ne who follows another in ownership or control of property."  BLACK'S LAW DICTIONARY 1473 (8th ed. 2004).  Ms. Giuffre had no

6

property interest of her own at stake in defamation case, much less one that Edwards and Cassell became successors to.

To be sure, when they filed their defamation action against Dershowitz, Edwards and Cassell were representing Ms. Giuffre at that time in a separate lawsuit (a pro bono Crime Victims' Rights Act) and continue to serve as part of Ms. Giuffre's legal team in this case, along with lead counsel David Boies and Sigrid McCawley of the Boies Schiller law firm. But the two attorneys had their own legal interests at stake in the defamation action that they filed – i.e., their own reputational interests as competent and ethical attorneys. That is why their summary judgment motion emphasized that their defamation action against Dershowitz turned "not whether Ms. Giuffre's claims were true, but instead whether Dershowitz lacked any basis whatsoever to support his claims that Edwards and Cassell not only knew that the statements were false but indeed actively participated in fabricating false statements." McCawley Dec. Exhibit 2 (Summary Judgment Motion) at 12. Indeed, because of the separate interests involved, Ms. Giuffre had her own attorney – Sigrid McCawley Esq. – representing her.

It is also important to understand that while Ms. McCawley attended the deposition of Dershowitz, she was not permitted to cross-examine him. Instead, Ms. McCawley's very limited role was simply to insure that Ms. Giuffre's interests were protected. For example, Ms. McCawley objected when Dershowitz improperly disclosed confidential settlement discussions he had with David Boies, one of Ms. Giuffre's attorneys.[2] But Ms. Giuffre was not a party to the Florida state lawsuit and was unable to protect her own interests when Dershowitz was deposed.

Nor were there similar motives for cross-examination in the Florida defamation action as there would have been had Dershowitz been deposed in this case. Most important, Defendant

---

[2] *See* note 8, *infra.*

Maxwell's involvement in Epstein's sex trafficking scheme was simply not a part of that earlier litigation.  The attorneys who questioned Dershowitz would not have had any reason to flesh out Maxwell's role because it made no difference *who* had trafficked Ms. Giuffre to Dershowitz.  *See Polozie v. United States*, 835 F. Supp. 68, 71-72 (D. Conn. 1993) (finding deposition inadmissible because" motive for investigation in the deposition was not the same as motive for cross–examination at trial").

Indeed, a clear illustration of the fact that the attorneys deposing Dershowitz had little incentive to develop testimony about Maxwell is the fact that, while Dershowitz was questioned for three days, spanning some 457 pages of testimony, Maxwell's name is only mentioned a handful to times, and there was no effort in any of those times to pin down what Dershowitz knew about Maxwell's involvement in Epstein's sex trafficking ring.  *Cf. Mid–West Nat. Life Ins. Co. of Tennessee v. Breton*, 199 F.R.D. 369, 371 (N.D. Fla. 2001) (deposition of insured would not be admissible against assignee of insured, which had been added to insurer's action for rescission after insured's deposition was taken, because the insured's motivations in deposition would not be the same as those of the assignee).

For all these reasons, the Dershowitz deposition excerpts are simply inadmissible in this case under Fed. R. Civ. P. 32(a)(8).

**II.     THE COURT SHOULD USE ITS DISCRETION TO PRECLUDE INTRODUCTION OF TESTIMONY FROM A WITNESS MS. GIUFFRE HAS NOT HAD THE OPPORTUNITY TO CROSS EXAMINE.**

> **A.     Allowing Excerpts from the Dershowitz Deposition in the Florida Case Would be Fundamentally Unfair to Ms. Giuffre.**

In addition to the fact the Federal Rules of Civil Procedure bar admission of Dershowitz's deposition testimony taken in a separate case by attorneys for different parties, the Court also retains discretion to preclude introduction of the deposition.  As the Court has previously explained, even where a deposition is admissible under Rule 32, "the courts retain discretion to

preclude the admission of deposition transcripts." *See Duttle v. Bandler & Kass,* 127 F.R.D. 46, 49 (S.D.N.Y. 1989) (*citing Bobb v. Modern Products, Inc.*, 648 F.2d 1051, 1055 (5th Cir.1981)); *see also* Fed. R. Evid. 611(a)(1) giving the court ability to control "over the mode and order of examining witnesses and presenting evidence" so as to "make those procedures effective for determining the truth"). As the *Duttle* Court has explained, this ability to exclude deposition testimony "is at least in part attributable to the preference for live testimony and for subjecting the witness to the crucible of cross-examination." *Duttle*, 127 F.R.D. at 49 (*citing United States v. De Sisto*, 329 F.2d 929, 934 (2d Cir.), *cert. denied*, 377 U.S. 979 (1964); *Nash v. Heckler*, 108 F.R.D. 376, 377 (W.D.N.Y.1985)).

In exercising discretion to decide whether to allow use of the deposition, the Court must "weigh the prejudice suffered by the objecting party if the deposition is admitted against that suffered by the party offering the deposition if it is excluded." *Duttle*, 127 F.R.D. at 49. Here, the prejudice to Ms. Giuffre would be substantial if the deposition is presented to the jury. The jury will hear testimony from Dershowitz which she has been unable to cross-examine or otherwise develop to support her theory of the case. Here, for example, is one of the excerpts that Defendant proposes to introduce into the trial:



McCawley Dec. Composite Exhibit 3 Dershowitz Dep. Tr. Vol. 3 at 364:22-365:14.

As the Court can readily see, Dershowitz's statements are not only riddled with impermissible opinions, ad hominem attacks, inflammatory language, and speculative conclusions,[3] it is highly prejudicial to Ms. Giuffre's case.  But because of the procedural posture of that Florida state law case, there was no follow-up or attempt to cross-examine Dershowitz about what he was saying about Ms. Giuffre's credibility.[4]

On the other hand, any unfair prejudice to defendant is insubstantial.[5]  To begin with, Dershowitz is a sideshow to this case.  The main event is whether Ms. Maxwell herself was involved in Epstein's sex trafficking enterprise.  She is, of course, free to testify and produce all relevant witnesses on that central issue.  Whether or not Dershowitz was one of the persons who received sexual favors from the enterprise is a not a central issue.

Moreover, Defendant can offer no good reason for failing to have deposed Dershowitz – her joint defense partner – during the discovery phase of this case. Defendant's failure to depose Dershowitz, and subject him to cross examination, suggests that Defendant wanted to ambush Ms. Giuffre by introducing deposition testimony that she had not had an opportunity to cross-examine.

---

[3] For example, Dershowitz has no first-hand knowledge ███████████████████████████████
██████████████████████████████████████████████████████
███████████████████.

[4] The fact that Defendant would attempt to use evidence so clearly inadmissible under the rules of evidence is troubling.   Dershowitz's statements ████████████████████████████
██████████████████████████████ on subjects for which he lacks knowledge.  *See* Fed. R. Evid. 608(b).   This is not an isolated example, as Defendant has repeatedly designated for use in this trial similar inadmissible opinions ██████████████████. *See, e.g.,* 422:9-13
████████████████████████████████████████████████████
█████████████████████████; 423:6-7 ████████████████████
██████████████████████████████████████████████████████
██████  *See, e.g.*, 436:8-14.

[5] So that the Court can evaluate the deposition excerpts in question, they are attached as an exhibit to this motion.  *See* McCawley Dec. Composite Exhibit 3, Dershowitz Dep. Tr. Vol. 3.

Defendant has also not explained why she is resorting to the maneuver of using a deposition from a separate case rather than calling Dershowitz to testify live before the jury at trial here.  Perhaps the reason is that, at the deposition, Dershowitz was able to inject all sorts of irrelevant and prejudicial material without a judge being present to prevent these improper actions.  In any event, no reason exists for resorting to this second-best testimony. "As Judge Learned Hand stated, '[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.'" *United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981) (*Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939); *see Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946)).

As the Court is aware, the Defendant and Dershowitz are closely aligned in this case and, indeed, they appear to have a Joint Defense Agreement. If Dershowitz is now going to conveniently absent himself from the trial, this absence would appear to be due to a plan hatched between Defendant and Dershowitz.  *Cf.* Fed. R. Evid. 32(a)(4)(B) (explaining that a witness cannot be considered to be "unavailable" where "it appears that the witness's absence was procured by the party offering the deposition").

As the Court is also aware, Dershowitz filed a motion to intervene in this case, ███████

███████ *See* Sealed Opinion, Nov. 2, 2016, at 15-16.[6] ████████████

████████████████████████████████████████████████████████████

Maxwell has not explained why she did not subpoena Dershowitz to appear in this case, either for a deposition earlier in the case or at the upcoming trial.  Lacking any such explanation, the Court should use its discretion to preclude use of these excerpts.

---

[6] ████████████████████████████████████████████████████
████████████████████████████████████████████

**B.    Ms. Giuffre Should At Least Be Permitted to Depose Dershowitz if Deposition Transcript is Allowed.**

At the very least, before the Court allows Defendant to deploy the Dershowitz deposition here, Ms. Giuffre should be given the opportunity to cross-examine Dershowitz, specifically with regard to the deposition excerpts which Defendant proposes to use.  This Court has adopted a similar approach in many other cases when a party has proposed using depositions from an earlier action that the other parties have not had an opportunity to challenge.  *See, e.g.*, *Bankers Trust Co. v. Rhoades*, 108 B.R. 423, 431 (S.D.N.Y. 1989) ("Nor does a holding that the prior depositions are treated as if originally taken in this action hinder Soifer and Braten's ability to defend themselves from Bankers' allegations.  Soifer and Braten retain the opportunity to take further depositions . . . to correct or clarify their testimony in the prior depositions."); *Hertz v. Graham*, 23 F.R.D. 17, 23 (S.D.N.Y. 1958) ("The plaintiff should be allowed to read the depositions taken in [the earlier case] . . . . Furthermore, if the defendant wishes, she may proceed to take further depositions wherever necessary, to amplify, clarify or correct any prior depositions."); *Baldwin-Montrose Chem. Co. v. Rothberg*, 37 F.R.D. 354, 356 (S.D.N.Y. 1964) ("The defendants will have had their full opportunity to cross-examine the deponents in the [earlier] action . . . and the right to conduct further discovery proceedings on matters not covered in the [earlier] depositions and interrogatories.  They are therefore not prejudiced by [allowing use of depositions from the earlier action]."); *cf. In re Paramount Payphones, Inc.*, 256 B.R. 341, 345 (Bankr. M.D. Fla. 2000) (refusing to admit depositions taken in an earlier proceeding even though party seeking to use the deposition had "stated willingness to allow the defendants to further depose the witnesses and to file supplemental depositions").  If the Court is inclined to allow the earlier deposition transcript to be used by Defendant, Defendant will suffer less prejudice if Ms. Giuffre is given an opportunity to depose Dershowitz herself and secure testimony that will be useful to her case at trial.

Giving Ms. Giuffre an opportunity to depose Dershowitz is particularly important because the existing deposition transcript is heavily "polluted" by Dershowitz's failure to confine his answers to the questions he was asked.  As a result, cross-designating material from the existing transcript is quite difficult.

For all these reasons, the Court should also exercise its discretion to exclude the deposition transcript or, at a minimum, allow Ms. Giuffre to take Dershowitz's Deposition.

## III.   IF THE COURT PERMITS ANY USE OF EXCERPTS FROM THE DEPOSITION, MS. GIUFFRE SHOULD BE PERMITTED TO RAISE EVIDENTIARY OBJECTIONS AND CROSS-DESIGNATE OTHER PARTS OF THE DEPOSITION.

For all the foregoing reasons, Dershowitz deposition should not be admitted. But if the court is inclined to allow portions of the deposition into this trial, a whole host of evidentiary issues would arise regarding admissibility.  Ms. Giuffre is simultaneously lodging evidentiary objections to Dershowitz's testimony, which is riddled with hearsay, improper opinions, confidential settlement discussions, and other inflammatory and prejudicial materials.  *See* McCawley Dec. Exhibit 4 (objections and cross-designations). While Ms. Giuffre would request leave to supplement her objections and provide appropriate cross designations if the Court rejects her motion in limine, it may be appropriate for Ms. Giuffre to discuss now some of the deposition excerpts to illustrate the manifold problems that will arise if the excerpts are allowed.

Consider, for example one of the first paragraphs that Defendant has designated for use in the trial:



[redacted]

*See* McCawley Dec. Composite Exhibit 3, Dershowitz Dep. Tr. Vol. 1 at 42:21-44:17.

As the Court can readily see, this passage is riddled with inadmissible statements. First of all, [redacted][7] More important, Dershowitz obviously has no way of providing admissible testimony from his first hand observation of what [redacted] and his (entirely unfounded) speculation is obviously inadmissible.

Moreover, Dershowitz's reference to [redacted] is clearly recounting second-hand, hearsay information. Dershowitz

[7] Similar problems infect other parts of the designated Dershowitz transcript, such as portions [redacted] *See, e.g.*, 119:3-121:5; Vol. 2, 39:13-41:2; Vol. 2, 42:3-43:13; Vol. 2, 57:1-20.

cannot be called to recount ████████████████████████████████████████████

████████ [8]

Portions of the deposition that Defendant has designation also simply involve

████████████████████████████████████████████ *See, e.g.,* 141:13-142:25;

159:2-15; Vol. 2, 43:20-44:13; 356:11-357:8; 364:22-365:14.   Of course, ████████████

████████████████████████████   The documents will speak for themselves –

assuming, of course, that they can properly be introduced into evidence.

Introducing parts of Dershowitz's testimony would also require complicated issues of

what materials can be cross-designated.   Dershowitz clearly said a number of things that were

helpful to Ms. Giuffre.   For example, ████████████████████████████████

████████████████████████████████████.   For example, ████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████ ."

*See* McCawley Dec. at Composite Exhibit 3, Dershowitz Depo., Vol. 3, 427:9-14.   Ms. Giuffre

would need to designate significant parts of the Dershowitz transcript to respond to the

misleading impression that the designations offered by Defendant would create.   And as the

---

[8] Similar hearsay problems riddle all of references ████████████████████████ *See,*
*e.g.*, 45:1-21; 47:12-48:5; 50:6-18; 51:19-52:17; 54:2-14; 75:11-80:20; Vol. 2 47:6-48:13; Vol. 2
50:2-17.   Indeed, some of these passages contain double or triple hearsay problems, ██████████
████████████████████   Dershowitz also recounts hearsay statements at other points in his
testimony.   *See, e.g.*, 113:17-114:21 (████████████████████████████████████;
Vol. 2 85:2-23 (████████████████████████; 371:10-19; 372:1-20;
373:15-23 (████████████
██████████; 396:15-397:8 ████████████████████; 418:20-420:22 (██████
██████████████████████████████████████

Court can tell from just the few passages indicated above, redacting inadmissible and prejudicial statements inserted by Dershowitz into the transcript will be a time consuming and challenging task – a task that is unlikely to ultimately produce excerpts that fairly provide to the jury responsive evidence that Ms. Giuffre is entitled to present.   While Ms. Giuffre respectfully requests leave to make those designations if the Court admits excerpts from the Dershowitz deposition, the more appropriate course is for the Court to exclude the deposition entirely.

Ms. Giuffre has attempted to pull together an initial list of cross-designations, as well as an initial list of objections to Defendant's designations.   For the convenience of the Court, they are attached to this pleading. *See* McCawley Dec. Exhibit 4 (objections and cross-designations). These objections are substantial and should lead to the exclusion of Dershowitz's deposition in its entirety because his testimony is simply inadmissible under the Rules of Evidence.

## CONCLUSION

For all of the foregoing reasons, Ms. Giuffre respectfully requests that Court exclude from the case the excerpts from the deposition of Alan Dershowitz that have been offered by the Defendant.


Dated:  January 27, 2017

                                        Respectfully Submitted,

                                        BOIES, SCHILLER & FLEXNER LLP

                                By:  /s/ Sigrid McCawley
                                        Sigrid McCawley (Pro Hac Vice)
                                        Boies Schiller & Flexner LLP
                                        401 E. Las Olas Blvd., Suite 1200
                                        Ft. Lauderdale, FL 33301
                                        (954) 356-0011

                                        David Boies

16

Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[9]

---

[9] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on January 27, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

> Laura A. Menninger, Esq.
> Jeffrey Pagliuca, Esq.
> HADDON, MORGAN & FOREMAN, P.C.
> 150 East 10th Avenue
> Denver, Colorado 80203
> Tel: (303) 831-7364
> Fax: (303) 832-2628
> Email: lmenninger@hmflaw.com
>           jpagliuca@hmflaw.com

> /s/ Sigrid S. McCawley
> Sigrid S. McCawley

18