# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

## PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S DESIGNATION OF DEPOSITION EXCERPTS OF VIRIGINA GIUFFRE IN AN UNRELATED CASE

 

Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

ARGUMENT .......................................................................................................................... 2

I.    MS. GIUFFRE'S DEPOSITION TESTIMONY FROM ANOTHER CASE IS NOT ADMISSIBLE UNDER FED. R. CIV. P. 32(a)(8). ............................................................ 2

II.    THE COURT SHOULD ALSO USE ITS DISCRETION TO PRECLUDE INTRODUCTION OF RECORDED DEPOSITION TESTIMONY FROM MS. GIUFFRE WHEN SHE IS AVAILABLE AS A LIVE WITNESS, BOTH DURING HER CASE IN CHIEF AND DURING THE DEFENSE CASE. ....................................... 3

CONCLUSION ....................................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Arnstein v. Porter*,
  154 F.2d 464 (2d Cir. 1946)...............................................................................................3

*Bobb v. Modern Products, Inc.*,
  648 F.2d 1051 (5th Cir.1981) ............................................................................................3

*Duttle v. Bandler & Kass*,
  127 F.R.D. 46 (S.D.N.Y. 1989) ......................................................................................3, 4

*Napier v. Bossard*,
  102 F.2d 467 (2d Cir. 1939)...............................................................................................3

*Nash v. Heckler*,
  108 F.R.D. 376 (W.D.N.Y.1985).......................................................................................4

*United States v. De Sisto*,
  329 F.2d 929 (2d Cir.1964)................................................................................................4

*United States v. Int'l Bus. Machines Corp.*,
  90 F.R.D. 377 (S.D.N.Y. 1981) .....................................................................................3, 4


**Rules**

Fed. R. Evid. 32 ......................................................................................................................4

Fed. R. Civ. P. 32(a)(8)........................................................................................................1, 2

Fed. R. Evid. 611(a)(1) ...........................................................................................................3

Fed. R. Evid. 613 ....................................................................................................................4

Plaintiff Ms. Virginia Giuffre files this motion to exclude from trial excerpts from a deposition taken of her in another case – she will testify in person at the upcoming trial and there is, accordingly, no need to resort to previously video recorded deposition testimony.

## PRELIMINARY STATEMENT

Defendant has designated for use in this trial various excerpts from Ms. Giuffre's video recorded deposition in a state court case. It appears that Defendant intends to play those excerpts at the upcoming trial. Ms. Giuffre was not a party to the Florida state court case and, accordingly, she did not have the opportunity to have her attorneys ask clarifying or other questions to develop her testimony. Moreover, the earlier proceeding did not involve the question of whether Ms. Giuffre was telling the truth, but whether attorneys representing her in a separate case had filed allegation on her behalf with due diligence. Under Fed. R. Civ. P. 32(a)(8)'s provision dealing with a "deposition taken in an earlier action," prior deposition testimony can only be used where the earlier deposition involved the same parties and the same subject matter. Because those conditions are not satisfied, her deposition cannot be used here as substantive evidence (as opposed to impeachment evidence).

But, in any event, there is simply no need to resort to such recorded testimony. Ms. Giuffre will appear at trial at testify during her case-in-chief and, of course, be cross-examined by defense counsel. In addition, Ms. Giuffre will be available to be a witness during the defense case-in-chief, should the Defendant prefer to ask her questions at that time. In light of her availability at trial, there is no need to resort to recorded deposition testimony and the Court should exercise its discretion to keep that evidence out of the trial.

**FACTUAL BACKGROUND**

Defendant has designated for use in this trial various excerpts from a deposition taken of Ms. Giuffre in a Florida state case entitled *Bradley J. Edwards and Paul G. Cassell v. Alan M. Dershowitz*, Case No. CACE 15-000072 (17th Cir. Ct. for Broward County, Florida). The circumstances surrounding the case have been recounted in a contemporaneously-filed Motion in Limine regarding Defendant's efforts to use Excerpts from Alan Dershowitz's Deposition in an Unrelated Case. Rather than repeat that information, Ms. Giuffre simply adopts that factual summary by cross-reference here.

**ARGUMENT**

In this case, the Defendant has designated for use at trial excerpts from Ms. Giuffre deposition in a Florida state defamation case involving Edwards and Cassell. The provisions of 32(a)(8) of the Federal Rules of Civil Procedure for admitting a deposition in another case are not satisfied, and accordingly the excerpts are not admissible. But even more important, Ms. Giuffre will appear at her trial and Defendant can ask her any appropriate questions at that time. Because of the preference for live testimony from witnesses, this Court should exercise discretionary power to require Defendant to proceed in that fashion rather than through the cumbersome means of designating excerpts from another case that were video recorded.

I.  **MS. GIUFFRE'S DEPOSITION TESTIMONY FROM ANOTHER CASE IS NOT ADMISSIBLE UNDER FED. R. CIV. P. 32(A)(8).**

Contemporaneously with the filing of this motion, Ms. Giuffre is filing a parallel motion to exclude excerpts from the deposition of Alan Dershowitz taken in the Florida case. For all the reasons argued there, Federal Rule of Civil Procedure 32(a)(8) similarly does not permit the use of Ms. Giuffre's deposition in this case. To avoid duplicative briefing, Ms. Giuffre simply adopts the arguments that she made in her Motion in Limine to Exclude Deposition Excerpts of

Alan Dershowitz in an Unrelated Case here and asks the Court, for the same reasons, to preclude Defendant from using her deposition testimony in this case.

**II.  THE COURT SHOULD ALSO USE ITS DISCRETION TO PRECLUDE INTRODUCTION OF RECORDED DEPOSITION TESTIMONY FROM MS. GIUFFRE WHEN SHE IS AVAILABLE AS A LIVE WITNESS, BOTH DURING HER CASE IN CHIEF AND DURING THE DEFENSE CASE.**

Not only are Ms. Giuffre's excerpts inadmissible, they are entirely unnecessary. Ms. Giuffre is available throughout the trial to answer appropriate questions. It makes no sense to resort to the cumbersome procedure of playing designated video recorded excerpts in these circumstances.

The Federal Rules of Civil Procedure are premised on the belief that justice is best served when witnesses appear at trial to be examined and cross-examined by both parties. As this Court has explained, "There is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness." *United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981). As Judge Learned Hand stated, "(t)he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (*quoted in United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981); *see also Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946).

As this Court has previously explained, even where a deposition is admissible under Rule 32, "the courts retain discretion to preclude the admission of deposition transcripts." *See Duttle v. Bandler & Kass*, 127 F.R.D. 46, 49 (S.D.N.Y. 1989) (*citing Bobb v. Modern Products, Inc.*, 648 F.2d 1051, 1055 (5th Cir.1981)); *see also* Fed. R. Evid. 611(a)(1) giving the court ability to control "over the mode and order of examining witnesses and presenting evidence" so as to "make those procedures effective for determining the truth"). As this Court has explained, this

3

ability to exclude deposition testimony "is at least in part attributable to the preference for live testimony and for subjecting the witness to the crucible of cross-examination." *Duttle*, 127 F.R.D. at 49 (*citing United States v. De Sisto*, 329 F.2d 929, 934 (2d Cir.1964), *cert. denied*, 377 U.S. 979 (1964); *Nash v. Heckler,* 108 F.R.D. 376, 377 (W.D.N.Y.1985)). This Court has also explained that a party cannot use a mix-and-match approach of combining part live testimony and part recorded testimony for a witness: "Rule 32 was intended to provide deposition use as a substitute for live testimony under certain circumstances. The rule was not intended to allow parties to combine deposed with live testimony." *United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 382 (S.D.N.Y. 1981).

Given this "strong preference" for live testimony, the Court should simply require the Defendant to ask whatever appropriate questions they may have for Ms. Giuffre in court during the upcoming trial. In raising this point, we certainly do not suggest that the deposition would be inadmissible should Ms. Giuffre offer inconsistent testimony at trial. Of course, a witness who gives inconsistent statements can be impeached with those statements, as provided in Fed. R. Evid. 613. But we do not anticipate that Ms. Giuffre will offer testimony different from her previous sworn testimony. And should such a circumstance arise, Ms. Giuffre can certainly be asked appropriate questions about the variance.

Requiring the Defendant to ask questions of Ms. Giuffre through live testimony in court avoids the need to consider complicated issues about the designations made by Defendant. As shown in the attached set of objections and cross designations, the Defendant has misleadingly designated numerous short snippets from Ms. Giuffre's deposition. *See* McCawley Dec. Sealed Exhibit 1, Cross-designations and Objections to Ms. Giuffre's Deposition Excerpts. To correct the misleading nature of those snippets, significant counter-designations have been made. █

███████████████████████████████████████████████

██████████ Accordingly, the Court will be forced to sort through such issues if it allows these deposition excerpts to be used at trial.  It is far simpler for everyone if the Court simply requires Defendant to ask questions of Ms. Giuffre live, at which time any relevance or other issues can be sorted out.

## CONCLUSION

For all of the foregoing reasons, Ms. Giuffre respectfully requests that Court exclude from the case the excerpts from the deposition of Ms. Giuffre that have been offered by the Defendant.

Dated:  January 27, 2017

                           Respectfully Submitted,

                           BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
     Sigrid McCawley (Pro Hac Vice)
     Boies Schiller & Flexner LLP
     401 E. Las Olas Blvd., Suite 1200
     Ft. Lauderdale, FL 33301
     (954) 356-0011

     David Boies
     Boies Schiller & Flexner LLP
     333 Main Street
     Armonk, NY 10504

     Bradley J. Edwards (Pro Hac Vice)
     FARMER, JAFFE, WEISSING,
     EDWARDS, FISTOS & LEHRMAN, P.L.
     425 North Andrews Avenue, Suite 2
     Fort Lauderdale, Florida 33301
     (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 27, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>           jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley