United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                    Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

# PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF GREGORY B. TAYLOR AND KYLE D. JACOBSON

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.   TAYLOR DOES NOT OFFER ANY OPINION THAT WOULD BE HELPFUL TO THE JURY .................................................................................................................................... 2

    II.   TAYLOR IS NOT QUALIFIED TO OFFER ANY OPINIONS REGARDING ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ .......................... 4

    III.   TAYLOR IS NOT QUALFIED TO OFFER ANY OPINIONS REGARDING THE ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ....................................................... 5

CONCLUSION ............................................................................................................................. 7

CERTIFICATE OF SERVICE ...................................................................................................... 9

# TABLE OF AUTHORITIES

Cases                                                                                                         Page

*Andrews v. Metro N. Commuter R.R. Co.*,
  882 F.2d 705 (2d Cir. 1989) .................................................................................... 3

*Carter v. Full Serv., Inc.*,
  815 N.Y.S.2d 41 (2006) ......................................................................................... 3

*Highland Capital Mgmt., L.P. v. Schneider*,
  379 F. Supp. 2d 461 (S.D.N.Y. 2005) .................................................................... 3

Statutes

IRC §170 ...................................................................................................................... 6

§501(c)(3) of the Internal Revenue Code ................................................................... 6

**Rules**

Fed. R. Evid. 403 ......................................................................................................... 6

Rule 702, Federal Rules of Evidence .......................................................................... 7

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this reply in support of her Motion in Limine to Exclude Testimony of Gregory B. Taylor and Kyle D. Jacobson (hereinafter "Taylor").

**PRELIMINARY STATEMENT**

Ms. Giuffre has moved to exclude the testimony of Defendant's purported expert Taylor, a certified public accountant, who offers testimony on an olio of subjects wholly unrelated to accounting, ranging from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These are among the topics upon which Taylor, as an accountant, is not qualified to opine. *See* McCawley Dec. at Exhibit 1, ▮▮▮▮▮▮. More specifically, Ms. Giuffre has correctly explained why Taylor should not be allowed to opine on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The remaining opinions offered by Taylor would not be relevant or helpful to the jury, which is why Taylor should be precluded from testifying at all. Defendant has already conceded that Taylor cannot offer any opinions on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, Defendant incorrectly states that Taylor may opine on issues that are exclusively reserved for the jury's determination, and on subjects on which an accountant has no expertise whatsoever. Taylor is unqualified to opine on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

████████████████████████████ an opinion that is wholly irrelevant to the cause of action being tried.

## ARGUMENT

I.  **TAYLOR DOES NOT OFFER ANY OPINION THAT WOULD BE HELPFUL TO THE JURY.**

While Taylor's report concedes that ███████████████████████████ ████████████████████████████████████████████████████ ████████████████████ Instead, Taylor provides opinion after opinion for which he lacks expertise. Putting forth these miscellaneous and unqualified opinions necessarily usurps the role of the jury.

Taylor contends that ██████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ █████████████████████████████████████

Simply put, Taylor's report lacks explanation or analysis for most, if not all, of his claims. For example, i██████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████

Furthermore, Taylor lacks any expertise in ████████████████████ █████████████████████ Notably, Defendant's response does not proffer any explanation

2

as to why an accountant is qualified to testify about issues – such as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ – that clearly lie in the province of the jury. Indeed, "expert testimony is inadmissible when it addresses 'lay matters which a jury is capable of understanding and deciding without the expert's help.'" *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005) (*quoting Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (citing cases)).

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Setting aside the fact that such a determination is far afield of an accountant's expertise, this is an issue that a jury can resolve, a jury that will also be equipped with the knowledge that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ To add a veneer of plausibility of her argument, Defendant cites *Carter v. Full Serv., Inc.*, 815 N.Y.S.2d 41, 43 (2006) – a case involving a car accident and a medical doctor providing expert testimony on the cause of the plaintiff's injured knee. Of course, such specialized testimony is useful to a jury, because it comes from a medical doctor with expertise on the nature of physical injuries. In contrast, Taylor does not offer opinions that fall within the competence of an accountant, such as financial reports and loss/profit ledgers. Instead, he ventures far afield ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Such is the stuff of an attorney's closing argument, not the expert opinion from an accountant of all people.

Perhaps recognizing how remote Taylor's testimony is from his field of expertise, Defendant claims that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ Taylor's opinions are just a thinly-veiled effort to invade the province of the jury. The Court should exclude Taylor from testifying entirely.

**II.    TAYLOR IS NOT QUALIFIED TO OFFER ANY OPINIONS REGARDING ██**
████████████████████████████████████████████████████

Remarkably, ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Yet Taylor obviously lacks any expertise ████████████████████████████████████ and his opinions in this area are particularly objectionable.

In her response, before offering any explanation as to why an accountant could opine on issues relating to ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ *See* McCawley Dec. at Composite Exhibit 2, ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ Taylor has absolutely no experience in ████████████████

████████████████████████

4

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████ *See* McCawley Dec. at Exhibit 3, ██████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████ And, given Defendant's own arguments, Taylor should obviously be precluded from testifying on ████████████ that are far afield from any expertise he might otherwise have.

### III. TAYLOR IS NOT QUALFIED TO OFFER ANY OPINIONS REGARDING THE ████████████████████████████████

Defendant now concedes that Taylor should not be permitted to offer any opinions on ████████████████████████████ Resp. at 6. ████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████ Such opinions are irrelevant and highly prejudicial and should be excluded.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

In any event, ████████████████████████ are wholly irrelevant to the central issue to be tried before the jury: whether Defendant defamed Ms. Giuffre in calling her a liar

5

about the sex abuse she experienced at her hands, and how much damage that defamation caused. Defendant's response fails to offer any rational reason █████████

███████████

███████████

██████████

    ████████████

███████████

███████████

██████████

███████████

███████████

██████████

███████████

██████████

    ██████████

███████████

███████████

██████████

███████████

███████████

██████████

██████████



Accordingly, Taylor's opinion regarding ▮ appears to be contrary to facts and based on unfounded speculation. There are no grounds for the admission of Taylor's report or testimony under Rule 702, Federal Rules of Evidence. And given the confusion of issues – ▮▮▮ -- the Court should exclude his unfounded opinions.

## CONCLUSION

For all of the foregoing reasons, Ms. Giuffre respectfully requests that the Court preclude Defendant's purported experts, Gregory B. Taylor and Kyle D. Jacobson, from offering any expert opinions in this case.

Dated: February 9, 2017.

                                        Respectfully Submitted,

                                        BOIES, SCHILLER & FLEXNER LLP

                                        By: /s/ Sigrid McCawley
                                              Sigrid McCawley (Pro Hac Vice)
                                              Boies Schiller & Flexner LLP
                                              401 E. Las Olas Blvd., Suite 1200
                                              Ft. Lauderdale, FL 33301
                                              (954) 356-0011

                                              David Boies
                                              Boies Schiller & Flexner LLP
                                              333 Main Street
                                              Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 9th of February, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>       jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley