**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. PHILLIP W. ESPLIN**

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    ESPLIN IS OPINING ON ███████████████████████████ ███████████████ AND THEREFORE SUCH OPINIONS MUST BE EXCLUDED. .............................................................................................................. 1

    ███████████████████████████████████████████████ ██████. ................................................................................................................. 4

    III.    DEFENDANT SHOULD MAKE ESPLIN AVAILABLE AT TRIAL TO AVOID THE NEED FOR MS. GIUFFRE TO RELY ON DEPOSITION DESIGNATIONS. ....................... 5

CONCLUSION ............................................................................................................................... 6

CERTIFICATE OF SERVICE ....................................................................................................... 8

<u>TABLE OF AUTHORITIES</u>

Cases                                                                                                                    Page

*Balk v. N.Y. Inst. of,*
   *Tech.*, 2012 WL 5866233 (E.D.N.Y. Nov. 19, 2012) .................................................................. 4

*Kelly v. A1 Technology*,
   2010 WL 1541585 (S.D.N.Y. April 12, 2010) ........................................................................... 4

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this reply in support of her Motion in Limine to Exclude Testimony of Dr. Phillip W. Esplin (hereinafter "Esplin").

## PRELIMINARY STATEMENT

Ms. Giuffre has moved to exclude three opinions offered by Defendant's expert Esplin, specifically any opinions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* McCawley Dec. at Exhibit 1, ▮▮▮▮▮▮ Defendant has already conceded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, Defendant has incorrectly characterized ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In this reply to Defendant's response, Ms. Giuffre explains how Esplin's proposed testimony does, in fact, opine on ▮▮▮▮▮▮▮▮▮▮ which is wholly inappropriate. Furthermore, Esplin should not be allowed to testify on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## ARGUMENT

**I.   ESPLIN IS OPINING ON** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **AND THEREFORE SUCH OPINIONS MUST BE EXCLUDED.**

Defendant attempts to use Esplin's testimony as a backdoor method for opining on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

2

███████████████████████████████ *See* McCawley Dec. at Composite Exhibit 2, █████

████████████████████████████████████████████ This is improper as █████

████████████████████████████████████

As stated in Ms. Giuffre's motion in limine regarding ████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██

      █████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

  Despite Defendant ████████████████████████████████

███████████████████████████████████████

██████████████████████████████ Esplin offered ██████████

██████████ during his deposition:



See McCawley Dec. at Exhibit 3, ████████████████████

  There is no way for Defendant to claim that Esplin's opinions and corresponding testimony ██████████████████████. Ms. Giuffre respectfully asks this Court to exclude these portions of Esplin's testimony and instruct him not to opine on ██ ██████████████.

3

II. **ESPLIN'S SHOULD NOT BE ALLOWED TO OFFER ANY OPINIONS ON ███**

Defendant's characterization ███ is not only contrary to reality, but contrary to her own expert's characterization:

███

*See* McCawley Dec. at Exhibit 3, ███

███

*See* McCawley Dec. at Exhibit 3, ███

As articulated in Ms. Giuffre's motion in limine, ███ *Balk v. N.Y. Inst. of Tech.*, 2012 WL 5866233, at *2 (E.D.N.Y. Nov. 19, 2012) (citing *Kelly v. A1 Technology*, 2010 WL 1541585, at *20 (S.D.N.Y. April 12, 2010).

4

In any case, these deposition questions were highly relevant to this case because Ms. Giuffre sought to show that ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████ this Court should exclude *all* of Esplin's opinions on ████████ – both from his report and from his deposition.

### III. DEFENDANT SHOULD MAKE ESPLIN AVAILABLE AT TRIAL TO AVOID THE NEED FOR MS. GIUFFRE TO RELY ON DEPOSITION DESIGNATIONS.

Although not specifically discussed in Defendant's response to Ms. Giuffre's motion in limine on Esplin, ████████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████████████████████

Ms. Giuffre is willing to stipulate that she will rely on live testimony from Esplin instead of the designated deposition testimony. But because Esplin lives in Arizona, Ms. Giuffre is unable to secure his attendance at trial through a subpoena. Ms. Giuffre has requested that Defendant promise to produce Esplin at trial, so that she can cross-examine him. So far, Defendant has not responded to that request.

5

███████████████████████████████████████████████
███████████████████

## CONCLUSION

For all of the foregoing reasons, Ms. Giuffre respectfully requests that the Court preclude Defendant's proposed expert, Dr. Phillip W. Esplin, from opining on ███████ ████████████████████████████████████████████████████ ███████████████████████████████████████████ Ms. Giuffre is also willing to rely on the live testimony of Dr. Esplin instead of her deposition designations should Defendant promise to make him available at trial.

Dated:  February 9, 2017.

                                            Respectfully Submitted,

                                            BOIES, SCHILLER & FLEXNER LLP

                               By:  /s/ Sigrid McCawley
                                            Sigrid McCawley (Pro Hac Vice)
                                            Boies Schiller & Flexner LLP
                                            401 E. Las Olas Blvd., Suite 1200
                                            Ft. Lauderdale, FL 33301
                                            (954) 356-0011

                                            David Boies
                                            Boies Schiller & Flexner LLP
                                            333 Main Street
                                            Armonk, NY 10504

                                            Bradley J. Edwards (Pro Hac Vice)
                                            FARMER, JAFFE, WEISSING,
                                            EDWARDS, FISTOS & LEHRMAN, P.L.
                                            425 North Andrews Avenue, Suite 2
                                            Fort Lauderdale, Florida 33301
                                            (954) 524-2820

                                            Paul G. Cassell (Pro Hac Vice)

S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th of February, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                          /s/ Sigrid S. McCawley
                                          Sigrid S. McCawley