UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA GIUFFRE,<br><br>                Plaintiff,<br><br>  -against-<br><br>GHISLAINE MAXWELL,<br><br>                Defendant. | No. 15 Civ. 7433 (RWS) |

**INTERVENOR ALAN M. DERSHOWITZ'S MEMORANDUM OF LAW IN SUPPORT OF MICHAEL CERNOVICH'S MOTION TO UNSEAL**

Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

**ARGUMENT**

Intervenor Alan M. Dershowitz[1] hereby joins in the pending motion by Michael Cernovich d/b/a Cernovich Media ("Cernovich") to unseal all papers filed under seal in relation to Defendant's pending motion for summary judgment.  Dershowitz relies upon and incorporates by reference his previous submissions in support of his motion to unseal certain documents in this case (*see* ECF Nos. 362-64, 382, 435-36), as well as Cernovich's filings in support of his motion to unseal (*see* ECF Nos. 550-52, 604-05), to the extent consistent with Dershowitz's prior filings.

Unlike the extent of the public's right to access discovery motion papers—the subject of Dershowitz's previous unsealing motion—the right of access to summary judgment papers is well-settled in this Circuit: "'Documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'" *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (alteration omitted) (quoting *Joy v. North*, 692 F.2d 880, 8932 (2d Cir. 1982)).  The parties cannot possibly establish such reasons with respect to the summary judgment record in this case, as the substance of Plaintiff's allegations have been a matter of public record for years.  *See* ECF No. 364 at 4-11, 19-20, 25.  The Second Circuit has specifically held that documents filed in support of or in opposition to a summary judgment motion are publicly accessible judicial documents as a matter of law *when they are filed,* regardless of "how a court ultimately comes out on [the] motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122 (2d Cir. 2006) (noting that the filing party should, for purposes of public access, "be assumed to have supported their papers with admissible evidence").  "If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision, documents that the judge *should* have considered or relied

---

[1] In its sealed November 2, 2016 Order, the Court granted Dershowitz's motion for permissive intervention under Federal Rule of Civil Procedure 24(b).

1

upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *Id.* at 124 (internal quotation marks and ellipsis omitted).

Ultimately, "summary judgment is an adjudication, and an adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Id.* at 121 (internal quotation marks and alteration omitted). Because no such circumstances are present here, Cernovich's motion should be granted, and Dershowitz joins Cernovich's application to unseal the summary judgment record in its entirety.

Dated: February 10, 2017
New York, New York

                                           EMERY CELLI BRINCKERHOFF
                                           & ABADY LLP

                                           _____/s/_____
                                           Andrew G. Celli, Jr.
                                           David A. Lebowitz

                                           600 Fifth Avenue, 10th Floor
                                           New York, New York 10020

                                           (212) 763-5000

                                           *Attorneys for Intervenor*
                                           *Alan M. Dershowitz*