UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO EXCLUDE DESIGNATION OF DEPOSITION EXCERPTS
OF VIRGINIA GIUFFRE IN AN UNRELATED CASE**

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell files this Response to Plaintiff's Motion to Exclude Designation of Depositions Excerpts in an Unrelated Case as follows:

## INTRODUCTION

Ms. Maxwell identified various portions of Plaintiff's testimony in the litigation involving Alan Dershowitz. Plaintiff has objected pursuant to F. R. Civ. P. 32(a)(8). Plaintiff further represents that she will testify in person thus obviating the need for deposition testimony. Ms. Maxwell agrees that certain evidentiary issues related to how and when the testimony is used can be deferred to the time that Plaintiff testifies and is cross-examined. However, Plaintiff is incorrect with the regard to the nature and admissibility of her prior statements which are non-hearsay and admissible as substantive evidence under Fed. R. Evid. 801(d)(2)(A). Moreover, the deposition is admissible under Fed. R. Civ. P. 32(a)(3).

## ARGUMENT

The statements at issue were made by the Plaintiff about her allegations relating to Mr. Dershowitz. They were made in her individual capacity. Rule 801(d)(2)(A) provides, in relevant part:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
> …
>
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
>
> (A) was made by the party in an individual or representative capacity…
>
> Although Plaintiff relies on a part of F. R. Civ. P. 32(a)(8) she has ignored the last sentence of this Rule which states that: " A deposition previously taken may also be used as allowed by the Federal Rules of Evidence".

Many Courts have held this type of evidence admissible, as substantive evidence, under Fed. R. Evid. 801(d)(2)(A) as an admission by a party-opponent. For example, in a shareholders'

1

derivative action transcripts of the defendant's sworn testimony in a bankruptcy proceeding were properly admitted as an admission of a party-opponent. *Marquis Theatre Corp. v. Condado Mini Cinema*, 846 F.2d 86 (1st Cir. 1988). The court reasoned that Rule 801(d)(2)(A) requires on its face only that the statement be offered against a party and is the party's own statement in either an individual or representative capacity, and that the statements at issue clearly complied with these two requirements at Rule 804(b)(3), not as admission excluded from the definition of hearsay in Rule 801(d)(2), the court said.

A debtor-attorney's admissions in his testimony in a client's prior malpractice action against him could be used against the debtor for the purposes of ruling on a summary judgment motion in the client's non-dischargeability proceeding against the debtor based on the state court malpractice judgment. *In re Lazar*, 196 B.R. 381 (Bankr. E.D. Mich. 1996), citing Rule 801(d)(2)(A).

In a civil Racketeer Influenced and Corrupt Organizations Act action, the court held that two defendants' statements in testimony they gave in a third defendant's criminal trial were admissible against them on the issue of their intent to defraud since it was excluded from the definition of hearsay under Rule 801(d)(2)(A) because the statements were offered against the party making them and were their own statements. *Beneficial Standard Life Ins. Co. v. Madariaga,* 851 F.2d 271(9th Cir. 1988).

The statements are relevant, by definition not hearsay and its use is allowed under Fed. R. Evid. 801(d)(2)(A). Accordingly, the objection is not well founded.

Finally, under Fed. R. Civ. P. 32:

(1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

2

    (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

    (B) it is used to the extent it would be admissible under the <u>Federal Rules of Evidence</u> if the deponent were present and testifying; and

    (C) the use is allowed by Rule 32(a)(2) through (8).

    Under subsection (a)(3),

    (3) *Deposition of Party, Agent, or Designee.* An adverse party may use *for any purpose* the deposition of a party. . .

Plaintiff was present at the deposition, and was represented by counsel. Under the rules, that deposition can be used for any purpose. Plaintiff's argument concerning the use of Plaintiff's deposition – from any matter – are thus unfounded.

WHEREFORE, Ms. Maxwell requests that the Court deny the Motion to Exclude.

Dated: February 15, 2017

                                          Respectfully submitted,

                                          */s/ Jeffrey S. Pagliuca*
                                          Laura A. Menninger (LM-1374)
                                          Jeffrey S. Pagliuca (*pro hac vice*)
                                          *Ty Gee (pro hac vice)*
                                          HADDON, MORGAN AND FOREMAN, P.C.
                                          150 East 10th Avenue
                                          Denver, CO 80203
                                          Phone:   303.831.7364
                                          Fax:     303.832.2628
                                          lmenninger@hmflaw.com

                                          *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on February 15, 2017, I electronically served this *Defendant's Response in Opposition to Plaintiff's Motion to Exclude Designation of Deposition Excerpts of Virginia Giuffre in an Unrelated Case* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

4