UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

VIRGINIA L. GIUFFRE,

Plaintiff,

v.

15 Civ. 7433 (RWS)

GHISLAINE MAXWELL,

Defendant.

Oral Argument

------------------------------x

New York, N.Y.
February 2, 2017
12:04 p.m.

Before:

HON. ROBERT W. SWEET,

District Judge

APPEARANCES

BOIES, SCHILLER & FLEXNER LLP
Attorneys for Plaintiff
BY: SIGRID S. McCAWLEY, ESQ.

HADDON, MORGAN AND FOREMAN, P.C.
Attorneys for Defendant
BY: LAURA A. MENNINGER, ESQ.

(Case called)

MS. McCAWLEY: Yes, your Honor. We're here today on the plaintiff's letter motion --

THE COURT: Yes.

MS. McCAWLEY: -- to add a new witness. May I begin?

THE COURT: Yes.

MS. McCAWLEY: I'm going to refer, since there are other individuals in the courtroom, to the individual as the witness, if that's all right with the Court, and attempt not to disclose any confidential information.

We're seeking to add a new witness that we would like to use at trial. We have revised our Rule 26 disclosures to disclose that witness, and we immediately told the defendants that we would make the witness available for deposition in New York at a time that was convenient for them. We believe that this witness is somebody that should have been on the defendant's Rule 26 disclosures as an initial matter, this particular individual.

With respect to the process that we're seeking here today, your Honor, we would request that the Court allow a deposition to go forward so that we can use this witness at trial. As the Court knows, the plaintiff has been very diligent in discovery in this case. We've produced over 10,000 pages of documents, we've tracked down witnesses wherever we could in order to gather information that was relevant to the

trial in this matter. You held, in your case of *MBIA v. Patriarch*, which is 2012 WL 2567892, that "this Court and other courts have adopted the taking of deposition as the appropriate mechanism to address late-disclosed witnesses." So your Honor, we believe that this is the appropriate way to resolve any prejudice to any of the parties by producing this witness for deposition. This witness is in Europe, and we agreed to fly her over as swiftly as possible to allow that to occur. We acted diligently with respect to this witness once we were informed of the witness. We then conducted a due diligence investigation to ensure that she had information that was highly relevant to the case. We flew our lawyers to meet with her in person and had her sign an affidavit at the embassy, the US embassy in Europe, which has been submitted in this matter confidentially. We believe she's critical to the issues in this case. She directly contradicts a number of the defendant's statements under oath that relate to what we contend was the sexual trafficking organization and also one of the witnesses that they intend to propose at trial.

So your Honor, we believe we meet the test. As the Court knows, there's a six-prong test that you can look at in this process, and we believe we meet that test and that it would be prejudicial to the plaintiff to not allow this witness in. If we had known about her earlier, we certainly would have had her on our Rule 26 disclosures. We believe she is

necessary for the trial in this matter, and we believe that the case law supports that in this instance.

Thank you, your Honor.

THE COURT: Thank you.

MS. MENNINGER: Good morning, your Honor. Laura Menninger on behalf of defendant Ghislaine Maxwell.

Ms. Maxwell, your Honor, absolutely denies these new allegations relating to events that purportedly occurred more than a decade ago and, moreover, do not bear directly on the defamation claim at issue in this case.

I'd like to make four points, your Honor, in addressing what is essentially plaintiff's request to call this new witness at trial for which they urge the Court a simple deposition would cure any prejudice.

First of all, simply permitting a deposition of this late-disclosed witness does not cure the significant prejudice to Ms. Maxwell based on the facts and procedural posture of this case. The deposition, your Honor, would be the beginning of the process of defending against this new claim, this new allegation by this new witness, related to a time period that is not at all overlapping with the plaintiff's allegations in this case. One affidavit has been submitted, your Honor. It is four paragraphs in length, of which one paragraph actually mentions my client. The witness is apparently a South African national who lives in Europe. She was present, according to

the affidavit, for a six-month period, more than a decade ago. In order to investigate, as we would be obligated to do and entitled to do, your Honor, we would be forced to engage in cross-border discovery. A simple Rule 45 subpoena would not suffice, your Honor. Does she have a criminal record? In which countries has she lived? Does she have a history of fabricating stories? Has she participated in other litigation? Does she have a motive to depart from the truth for financial gain? Over the last ten years has she mentioned these allegations to anyone? Who are they? How can they be contacted? Plaintiff's Rule 26 disclosure doesn't even give the woman's address. The Rule 26 disclosure, your Honor, says that she can be reached care of one of plaintiff's attorneys. They gave no other documents to support her claims -- no photos, no travel documents, no names of other witnesses. So apparently, your Honor, apart from her testimony, the only thing they intend to introduce at trial is her testimony.

Contemporaneous with taking her deposition, indeed to prepare for her deposition, your Honor, we would need to engage in other discovery. There are, as your Honor is well aware, some 25 witnesses who have been deposed in this case. And fact discovery closed last July. Any one of those witnesses who supposedly had contact with this witness would either need to be reinterviewed or redeposed. Expert discovery closed, your Honor, more than two months ago. Plaintiff has engaged an

expert in what she calls human trafficking, the law related to human trafficking. This woman's allegations differ in material respects from those of the other complainants and I believe would require the reopening of that expert's deposition. Depending on the results of our investigation, your Honor, there may be other witnesses in other countries, and I doubt any of them are here in New York who would be required to be deposed in order to preserve their trial testimony.

Your Honor, over the next five weeks, between now and trial, as you know, there is a significant amount of litigation that needs to occur, primarily in this courtroom. We have our reply to summary judgment due next week, we have our 702 replies due next week, we have our joint pretrial order due next week, we have arguments here on February 16th on all of those motions, we have arguments here on February 23rd in relation to all of our objections to deposition designations, which are voluminous. It would be a substantial, significant imposition to both investigate a decades-old allegation that occurred by someone who didn't overlap with plaintiff at the same time we are preparing for a trial next month of two weeks in length.

I'd like to next address plaintiff's argument that somehow we should have disclosed this witness in our Rule 26 disclosures.

THE COURT: Yes.

MS. MENNINGER: Plaintiff omitted from her recitation of Rule 26 the second half of the same sentence, which requires disclosure of individuals with discoverable information, and I'll supply the rest of the sentence now, your Honor, "that the disclosing party may use to support its claims or defenses, unless the use would be simply for impeachment." Your Honor, obviously, the defense has no intention of using this woman to support its claims or its defenses.

Third, the information disclosed, your Honor, demonstrates the very limited information -- the four paragraphs of information demonstrate that this witness' evidence is neither relevant nor material to this defamation action.

Your Honor, this particular witness is an adult woman. She was an adult woman in her 20s when she claims to have met the gentleman who serves as the backdrop of this litigation. She met him, she says, by virtue of being introduced by a completely different person, not by my client, your Honor. She says she met him in the year 2006, which was four years after plaintiff had moved to another country and had stayed in that country for a decade. They haven't met each other. They don't know each other. She has no direct evidence with regard to plaintiff and plaintiff's action. She also alleges facts that are significantly different from plaintiff's and therefore would make them ineligible to be admitted vis-à-vis Rule

404(b). In her declaration, the only paragraph in which she mentions my client at all is all inadmissible evidence, your Honor. It's speculative. She's guessing about things. I'm hesitant to recite them because I know that plaintiff has marked that declaration confidential, but if your Honor checks, she is saying things that are based purely on her speculation. There is no evidence, including the evidence included in the letter motion --

THE COURT: You know, oddly enough, I don't seem to have any affidavit from her.

MS. MENNINGER: It was in the plaintiff's reply motion, attached to the plaintiff's reply motion in the copy I received, your Honor.

MS. McCAWLEY: Your Honor, if I can approach, I can hand you a copy of that.

THE COURT: Okay. Fine. Thanks. I'll take it.

Oh, yes. My apologies. I did have it. Yes. I didn't realize that. Hold on just a second.

Yes. Yes. Thank you.

MS. MENNINGER: In paragraph 3, she talks about what, quote-unquote, "became clear to me" and what "appeared to be" things and she recalls seeing things that she believes indicated ages of other individuals there but has no direct knowledge of that information. Upon a full briefing, your Honor, I believe your Honor would be led to conclude that this

is impermissible 404(b) evidence. It's not direct evidence that goes to the heart of this defamation case, your Honor, brought by plaintiff.

Your Honor, plaintiff has been represented by current counsel for approximately six years. During those six years they have had these flight logs for the entire time. There are some hundreds and hundreds of flight log pages with individuals named on them. My client denies knowing this woman, and there's nothing on the flight logs that indicate they were together at any point in time.

While plaintiff has argued they have acted diligently after learning of this witness, your Honor, in none of their pleadings, neither in court today, have they told your Honor when they first were contacted by her, first met her, or the like. All we know is that in the last 30 days, they've had enough time to go to Europe to meet with her, to draft a separate complaint which they filed. They said they've done due diligence. As I pointed out already, your Honor, the Rule 26 doesn't even give her address, much less any initial disclosures under Rule 26 of corroborating evidence, like her own travel records, or her own photographs, or anything else that they would use to support this claim. So waiting, your Honor, for more than 30 days to seek to reopen discovery, frankly, when we are 39 days from trial, is too long.

Your Honor, we absolutely object to having this new

witness called at trial. We've been litigating for a year and a half vigorously litigating for a year and a half, and discovery has been closed, fact discovery has been closed for six months and expert discovery for more than two. We have not had sufficient time since we received this one week ago to investigate these allegations -- certainly not to prepare for a deposition, and we do not have time going forward to both do that and simultaneously engage in the very complicated, rigorous pretrial depressed schedule that we have set between now and March 13th. If, however, your Honor is inclined to allow this witness to testify at trial, then, in addition to her deposition, we will need at least 90 days to do all of the things that I've outlined above. We don't know how long plaintiff has been engaging in their due diligence, but as your Honor knows, when someone makes an allegation about events occurring more than ten years ago, it takes more than 39 days to look into contrary facts and to do what is appropriate for any lawyer to do to defend against these claims.

Thank you.

MS. McCAWLEY: Your Honor, may I be heard?

THE COURT: Yes.

MS. McCAWLEY: Your Honor, this witness is obviously critical to the case. We would not have brought this witness to the Court in this circumstance unless that was the situation.

The idea that discovery has been closed since July is a bit inaccurate in that there have been subsequent depositions of witnesses -- in fact one was taken just last week -- of witnesses who were not cooperative in the discovery process, so we had to get orders in order to compel their testimony. So that discovery has been ongoing for those bits and pieces that we needed to shore up.

While I appreciate the concern over the fact that the Rule 26 disclosures has her name, it does identify counsel, which is appropriate in a Rule 26 disclosure if the individual is represented by a lawyer so that they're not directly contacted.

With respect to the deposition, of course we said we'd fly her over right away to have that take place. We're not objectionable to receiving a subpoena, to the extent that's a concern because she is a foreigner. We want to comply with discovery here.

We feel that this is definitely critical information. I know that you've heard a parade of horribles from the defendants, but really, this is just a situation where a witness was not disclosed previously. We did not know of her. Of course if we had known of her, she would have been number one on our list, because we believe she is absolutely critical to the allegations in this case. While this is referenced as a defamation case a number of times, the defamation at issue was

about whether or not there was a sexual trafficking and sexual abuse situation occurring. She corroborates that directly, your Honor, so she is critical to the case in that regard. She has directly observed things that other individuals had not observed, so we believe she is not at all duplicative and is necessary for us to be able to try this case.

I appreciate the concerns about timing, your Honor. In fairness, if that is the concern of the Court, we're happy to accommodate that in some way. We just do want to make sure that we're able to bring this witness' testimony forward, because we believe that's very important to the jury with respect to this issue. We were diligent with respect to this witness. We did, as soon as she was able to meet with us, get on a plane and go to Europe, and we then, within the week, disclosed her and said we would produce her for deposition, your Honor. So while I appreciate those concerns, we will bend over backwards to allow discovery in order to get this witness before the Court.

So we appreciate the Court entertaining our motion, and we hope that you will allow this witness to testify at trial.

THE COURT: Considering the factors which have to be considered with respect to such an application, the trial is imminent. The request is opposed. As to the prejudice of the nonmoving party, the defendant, I understand that it would put

a burden upon them to do the things that they think is necessary in the event that the deposition goes forward, but that kind of prejudice is the prejudice created by this lawsuit and that's unavoidable, so I don't think that there is any prejudice in the sense of impropriety of the deposition.

And of course, I make no determination at this time as to whether or not this witness has anything to say that would be material in the case which we have. I reach no conclusion on that, and I understand that that can be a subject of some considerable discussion at a later time.

As far as the diligence of the plaintiff is concerned, I think under all the circumstances set forth in the letters and today, I think they were reasonably diligent with respect to this witness.

As to whether it leads to relevant evidence or not, I have no idea. It has been stated that it will contradict a direct statement by the defendant. Maybe yes, maybe no. I just don't know. I don't know whether the testimony by this witness is going to involve a statement by the defendant or what it's going to involve. But it is conceivable, it seems to me, that it may lead to relevant evidence.

Therefore, considering all these factors, I will grant the motion. The deposition may go forward. The discovery is open for this limited purpose of dealing with this witness and her deposition. I anticipate that it may generate, as

everything in this case manages to generate, another motion, but if that happens, it happens.

So is there anything further that I need to decide to make things easier for you all?

MS. MENNINGER: Just to clarify, your Honor.

THE COURT: Sure.

MS. MENNINGER: Since you're saying that discovery is open for this limited purpose, I assume that any rebuttal witnesses or subpoenas or discovery requests --

THE COURT: No, no. I'm just talking about this woman's deposition at the moment. Now quite obviously, if she comes up with something that's material and that you think needs further investigation and you want to have additional discovery, that's certainly something we'll deal with at that time. Again, I don't know what this relevant evidence is that's going to be produced, and maybe there won't be any. I don't know. So I will permit the deposition for discovery purposes, and we'll stop there, without reaching any conclusion as to whether additional discovery may be necessary. Okay?

MS. MENNINGER: Typically, your Honor, for a third-party witness such as this woman, we would serve her with a subpoena to appear at a deposition along with relevant documents that we could examine her on at that deposition.

THE COURT: Sure.

MS. MENNINGER: So I'm just making sure, under the

Court's ruling, we are permitted to serve her with such subpoena so she would bring the relevant documents to or in advance of her deposition and we could ask her then.

THE COURT: Sure. And just to make things clear, I take it, since she's represented by counsel --

MS. MENNINGER: Yes, plaintiff's counsel.

THE COURT: Yes, plaintiff's counsel. -- that you can agree right now that you'll accept that subpoena on her behalf.

MS. McCAWLEY: Yes. We'll accept the subpoena on her behalf and make sure she appears.

THE COURT: I assumed you'd do that.

MS. McCAWLEY: Yes.

THE COURT: But a very wise judge once told me, never assume a goddamn thing. So there you are. Yes. That's J. Edward Lumbard's maxim.

Anything else?

MS. McCAWLEY: Thank you.

MS. MENNINGER: Not on this motion, your Honor. Thank you.

THE COURT: Thank you, all.

(Adjourned)