United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL ALL WORK PRODUCT AND ATTORNEY CLIENT COMMUNICATIONS WITH PHILIP BARDEN**

                                       Meredith Schultz
                                       BOIES, SCHILLER & FLEXNER LLP
                                       401 E. Las Olas Blvd., Suite 1200
                                       Ft. Lauderdale, FL 33301
                                       (954) 356-0011

██████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████ Specifically, Ms. Giuffre, hereby moves this Court to Order Defendant to produce all work product documents (including any internal e-mail communications) and all attorney-client communications she has had with her attorney, Philip Barden, relating to his representation of her, as well as all documents drafted, edited, or considered by Philip Barden in relation to his representation of Ghislaine Maxwell, which would include, but not be limited to, those privileged documents Defendant listed on her privilege log and order Mr. Barden to sit for his deposition in New York relating to the subject matter of his waiver. *See* Schultz Dec. at Composite Exhibit 1.

I.   BACKGROUND

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████







## II. LEGAL ARGUMENT

**A. Defendant Must Produce All Documents And Communications Relating to the Waived Work Product And Sit For A Deposition.**

"The work-product doctrine is waived when documents are voluntarily shared with an adversary or when a party possessing the documents seeks to selectively present the materials to prove a point, but then attempts to invoke the privilege to prevent an opponent from challenging the assertion." *Niagara Mohawk Power Corp. v. Stone & Webster Eng. Corp.*, 125 F.R.D. 578, 587 (S.D.N.Y.1989). "Generally, the work product privilege is waived when protected materials are disclosed in a manner which is either inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information." *Id.* at 590. Additionally, "[t]he work product privilege is waived when a party to a lawsuit uses it in an unfair way that is inconsistent with the principles underlying the doctrine of privilege. It is well settled that waiver may be imposed when the privilege-holder has attempted to use the privilege as both 'sword' and 'shield.' *Granite Partners, L.P. v. Bear Stearns & Co. Inc.*, 184 F.R.D. 49, 54 (S.D.N.Y.1999) (Sweet, D.J.); *see also Coleco Indus., Inc.*

*v. Universal City Studios, Inc.*, 110 F.R.D. 688, 691 (S.D.N.Y.1986) (Sweet, D.J.) ("[Defendant's] affidavit and attached work product were proffered as a 'testimonial use' of materials otherwise privileged. Fairness requires that discovery not be limited only to those documents which have selectively been disclosed.").

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████ *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 511, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947) (work product includes "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways"); *Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (partial waiver of work product demanded waiver of all work-product related to the subject matter of the initial disclosure); *Coleco Indus., Inc. v. Universal City Studios, Inc.*, 110 F.R.D. 688 (S.D.N.Y. 1986) (finding defendant waived work-product privilege in disclosing documents that contained legal opinion of defendant's attorney in order to show reliance on attorney's advice, which also waived privilege for other documents containing work product on same issue); *cf. In re Sealed Case*, 676 F.2d 793, 817–18 (D.C. Cir. 1982) (disclosure required "when a party seeks greater advantage from its control over work product than the law must provide to maintain a healthy adversary system").

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████

**B. Defendant Waived Her Attorney Client Privilege By Submitting the Barden Declaration In Support of Her Motion for Summary Judgement**.

Just as with the work-product privilege, the attorney-client privilege cannot be used as a sword and a shield. *See, e.g., United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("attorney-client privilege cannot at once be used as a shield and a sword"); *McGrath v. Nassau County Health Care Corp.*, 204 F.R.D. 240, 245 (E.D.N.Y.2001) (attorney-client privilege and work-product privilege are governed by the "same fairness concerns"); *Granite Partners*, 184 F.R.D. at 54 (Sweet J.) ("waiver may be invoked where 'a litigant makes selective use of privileged materials, for example, by releasing only those portions of the material that are favorable to his position, while withholding unfavorable portions.'" (internal citations omitted)).

The Second Circuit has held that "the [attorney-client] privilege may be implicitly waived when [a party] asserts a claim that in fairness requires examination of protected communications." *Bilzerian*, 926 F.2d at 1292. Thus, "even if the privilege holder does not attempt to make use of the privileged communication[,] he may waive the privilege if he makes factual assertions the truth of which can only be assessed by examination of the privileged communication." *In re Kidder Peabody Secs. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996).

Moreover, countless district courts have found that the filing of privileged communications also waives the attorney-client privilege. *See Curto v. Med. World Commc'ns,*

7

*Inc.*, 783 F. Supp. 2d 373, 380 (E.D.N.Y. 2011) (waiver where party filed attorney-client communications on "publically-accessible electronic docket" and voluntarily sent copy to opposing counsel); *accord First Am. CoreLogic, Inc. v. Fiserv, Inc.*, 2010 WL 4975566, at *2 (E.D.Tex. Dec. 2, 2010) (finding waiver of attorney-client privilege when party attached privileged communications to motion for protective order and served the documents on all parties); *Tardiff v. Knox Cnty.*, 2007 WL 2413033, at **1–2 (D.Me. Aug. 21, 2007) (noting party's concession of waiver of attorney-client privilege when party submitted privileged email communications as an exhibit to court filing); *Malkovich v. Best Buy Enter. Servs., Inc.*, 2006 WL 1428228, at *1 (D. Minn. May 22, 2006) ("By submitting the affidavit and accompanying exhibits, Plaintiff has waived the attorney-client privilege....").

[redacted]

███████████████████████████████████████████████████████████
█████████████████████████████████

### III.  CONCLUSION

███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████

Dated:  February 22, 2017

                                       Respectfully Submitted,

                                       BOIES, SCHILLER & FLEXNER LLP

                                By:  /s/ Meredith Schultz
                                     Meredith Schultz (Pro Hac Vice)
                                     Sigrid McCawley (Pro Hac Vice)
                                     Boies Schiller & Flexner LLP
                                     401 E. Las Olas Blvd., Suite 1200
                                     Ft. Lauderdale, FL 33301
                                     (954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 22nd of February, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>       jpagliuca@hmflaw.com

>/s/ Meredith Schultz
>Meredith Schultz

## **CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that she raised the failure to produce issue in opposition to Defendant's Summary Judgment and also raise it at oral argument with the Court. To date, Defendant has not produced any of the documents relating to her waiver of the work product or attorney client privilege.

/s/ Meredith Schultz  
Meredith Schultz
