United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**PLAINTIFF MS. GIUFFRE'S RENEWED MOTION TO COMPEL DATA FROM DEFENDANT'S UNDISCLOSED EMAIL ACCOUNT AND FOR AN ADVERSE INFERENCE INSTRUCTION**

Ms. Giuffre hereby files a Renewed Motion to Compel Data from Defendant's Undisclosed Email Accounts and for an Adverse Inference Jury Instruction, and states as follows.

### I.    SIGNIFICANT PROCEDURAL HISTORY

On October 14, 2016, Ms. Giuffre filed a Motion to Compel Data from Defendant's Undisclosed Email Accounts and for an Adverse Inference Jury Instruction. Briefing was completed upon Ms. Giuffre filing her Reply brief on October 28, 2016. *See* Schultz Dec. at Compilation Exhibit 1, full briefing on this issue. This Court then heard Oral Argument on this motion on November 11, 2016.

[redacted]

[redacted]

[redacted]

1

███████████ The briefing upon which this Court heard oral argument on November 11, 2016, being renewed with this motion, c███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████
███

## II.   BACKGROUND

Due to Defendant's continual refusal to produce responsive documents in this case, and her continual refusal to search for responsive documents from her various email accounts, ████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████

After issuing that Order, Defendant implausibly claimed that ████████████

████████████████████████

However, ████████████████████████████████████

███████████████████████████████████████████████

████████████████████████ Accounts Defendant used during the relevant period were excluded from this "search." Moreover, Defendant has inappropriately refused to disclose what email accounts she has used during the relevant period for which this Court ordered her to produce documents.

In the briefing, Ms. Giuffre requested an adverse inference jury instruction for Defendant's willful failure to comply with this Court's Order to produce electronically stored information

from all of Defendant's email accounts, and in particular, the email accounts Defendant used while she was abusing Ms. Giuffre from 2000-2002.[1] Ms. Giuffre argued that in light of Defendant's unabashed and unabated pattern of recalcitrance regarding her discovery obligations, and her clear defiance of this Court's Order commanding compliance with her discovery obligations, the Court should instruct the jury that it can draw an inference that the Defendant has concealed relevant evidence that is adverse to her defenses. Specifically, Ms. Giuffre argued that an adverse inference jury instruction was appropriate for Defendant's willful and bad faith failure to search and produce data from her various email addresses.

Relatedly, Defendant falsely represented to the Court that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (DE 345 at pg. 8). This claim seemed implausible at the time Defendant made it. Other witnesses testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

After the briefing on this matter was completed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Ms. Giuffre proposes the following instruction: Defendant had a duty to collect and produce relevant data from her email accounts from 1999 to the present. Defendant failed to collect and produce relevant emails from some of those accounts. You may consider that this evidence would have been unfavorable to Defendant on the issue of her defense that her alleged defamatory statements were true.

3

██████████████████████████████████████████████[2] *See* Schultz Dec. at Compilation Exhibit 2.

At oral argument, ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

On February 24, 2017, counsel for Ms. Giuffre sent a letter to counsel for Defendant ████████████████████, requesting that Defendant disclose the email accounts she used for each year for which Court ordered Defendant to run search terms over her email accounts. *See* Schultz Dec. at Exhibit 4, Schultz letter to Pagliuca. As of the date of this filing, counsel for Ms. Giuffre has not received any response.

### III.  ARGUMENT

Defendant continues to hide from discovery the email accounts she used during the relevant period. ████████████████████████████████████████████████████████████ ██████████████ This, in itself (let alone in combination Defendant's other bad faith discovery maneuvers), demonstrates the Defendant's bad faith. Defendant's actions willfully defy this Court's Order ████████████████████████████████████████████████████████ ████████████████████████████████████████ Continued conferral by Ms. Giuffre's counsel regarding the hidden email accounts was unavailing.

An adverse inference instruction is appropriate when a party refuses to turn over documents in defiance of a Court Order. *See Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*,

---

[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████


2005 WL 1026461, at *1 (S.D.N.Y. May 2, 2005) (denying application to set aside Magistrate Judge Peck's order entering an adverse inference instruction against defendant for failure to produce documents that the Judge Peck had ordered Defendant to produce). Further, the Second Circuit has stated, "[w]here documents, witnesses, or information of any kind relevant issues in litigation is or was within the exclusive or primary control of a party and is not provided, an adverse inference can be drawn against the withholding party. Such adverse inferences are appropriate as a consequence for failure to make discovery." *Bouzo v. Citibank, N.A.,* 1993 WL 525114, at *1 (S.D.N.Y. 1993) (internal citations omitted).

Accordingly, based on the foregoing and the previous briefing on this subject, an adverse inference jury instruction is warranted at this time for Defendant's and willful bad faith refusal to produce relevant documents ███████████████.

### IV. CONCLUSION

For the foregoing reasons, Ms. Giuffre hereby renews her motion for an adverse inference jury instruction, and respectfully requests that the Court make a finding of bad faith and issue a ruling for an adverse inference jury instruction based upon the briefing submitted and oral argument heard on November 11, 2016.

March 3, 2017.

                               Respectfully Submitted,

                               BOIES, SCHILLER & FLEXNER LLP

                               By:  /s/ Meredith L. Schultz
                                     Sigrid McCawley (Pro Hac Vice)
                                     Boies Schiller & Flexner LLP
                                     401 E. Las Olas Blvd., Suite 1200
                                     Ft. Lauderdale, FL 33301
                                     (954) 356-0011

                                     David Boies

Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[4]

---

[4] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 3rd day of March, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                         /s/ Meredith L. Schultz
                                         Meredith L. Schultz