# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                 Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFF'S ATTORNEYS AS WITNESSES AT TRIAL**

Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Pursuant to FRE 401 and 403, as well as Fed. R. Civ. P. 37(c)(l), Plaintiff Ms. Giuffre respectfully submits this motion in limine to preclude Defendant Maxwell from calling Ms. Giuffre's attorneys, Paul Cassell and Brad Edwards, during the trial. ██████████ ████████████████████████████ This is a transparent ploy to attempt to disrupt Ms. Giuffre's legal team and should be precluded.

**FACTUAL BACKGROUND**

In the upcoming four-week trial of this matter, Ms. Giuffre will primarily rely on three attorneys with significant trial experience: David Boies of Boies, Schiller & Flexner (New York office); Bradley J. Edwards of Farmer, Jaffe Weissing; and Sigrid McCawley, Boies, Schiller & Flexner (Fort Lauderdale, Florida, office). Paul Cassell, who maintains his office at the University of Utah College of Law is expected to handle significant motions during the trial.

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████

**LEGAL STANDARDS**

"The purpose of a motion in limine 'is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence ... without lengthy argument at, or interruption of, the trial.' *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted). The power to rule on motions in limine lies within the district court's 'inherent authority to manage the course of its trials.' *Carofino v. Forester*, 450 F. Supp. 2d 257, 270 (S.D.N.Y. 2006). This includes the authority to prohibit irrelevant and prejudicial arguments or references at trial. *See, e.g., In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2005 WL 578109, at *3 (S.D.N.Y. Mar. 4, 2005). Only relevant evidence is admissible. Fed. R. Evid.

1

402. Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence.' Fed. R. Evid. 401. 'If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant. If it does not tend to prove a material fact, it is irrelevant.' *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (internal citation omitted). 'A material fact is one that would affect the outcome of the suit under the governing law.' *Id.*" *Ferring B.V. v. Allergan, Inc.*, No. 12 CIV. 2650, 2016 WL 6441567, at *1 (Sweet, J.) (S.D.N.Y. Oct. 28, 2016).

## ARGUMENT

[redacted]



**CONCLUSION**

██████████████████████████████████████████████

██████████████████████████████████████████████

████

Dated: March 3, 2017

                                                  Respectfully Submitted,

                                                  BOIES, SCHILLER & FLEXNER LLP

                                        By: /s/ Sigrid McCawley
                                              Sigrid McCawley (Pro Hac Vice)
                                              Boies Schiller & Flexner LLP
                                              401 E. Las Olas Blvd., Suite 1200
                                              Ft. Lauderdale, FL 33301
                                              (954) 356-0011

                                              David Boies
                                              Boies Schiller & Flexner LLP
                                              333 Main Street
                                              Armonk, NY 10504

                                              Bradley J. Edwards (Pro Hac Vice)
                                              FARMER, JAFFE, WEISSING,
                                              EDWARDS, FISTOS & LEHRMAN, P.L.
                                              425 North Andrews Avenue, Suite 2
                                              Fort Lauderdale, Florida 33301
                                              (954) 524-2820

                                              Paul G. Cassell (Pro Hac Vice)
                                              S.J. Quinney College of Law
                                              University of Utah
                                              383 University St.
                                              Salt Lake City, UT 84112
                                              (801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 3rd day of March, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

> Laura A. Menninger, Esq.
> Jeffrey Pagliuca, Esq.
> HADDON, MORGAN & FOREMAN, P.C.
> 150 East 10th Avenue
> Denver, Colorado 80203
> Tel: (303) 831-7364
> Fax: (303) 832-2628
> Email: lmenninger@hmflaw.com
>        jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley