# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,             Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/


## PLAINTIFF GIUFFRE'S MOTION TO PRESENT TESTIMONY FROM ██████████████████████ FOR PURPOSES OF OBTAINING AN ADVERSE INFERENCE INSTRUCTION

Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 4

BACKGROUND ............................................................................................................. 4

███████████ ................................................................................................ 6

█ ██████████████████████████████████████████████
████████████ .............................................................................................. 6

    A.    Controlling Second Circuit Case Law from *LiButti v. United States* Permits Calling a Witness for Purposes of Obtaining Adverse Inferences.......................... 7

    B.    Federal Law Rather than New York Law Controls the Evidentiary Issue of Whether ████████████ Can Be Called as Witnesses. ............................ 9

    █    ███████████████████████████████ ............................................ 11

        █    ███████████████████████████

        █    ███████████████████████████

        █    ███████████████████████████

        █    ███████████████████████████

        █    ███████████████████████████

      █    ██████████████████████████████

█    ████████████████████████████████████

█    ████████████████████████████████████

███████████ ................................................................................................ 39

CERTIFICATE OF SERVICE ...................................................................................... 41

# TABLE OF AUTHORITIES

Page

**Cases**

*Amusement Indus., Inc. v. Stern,*
No. 07CIV11586LAKGWG, 2016 WL 4249965 (S.D.N.Y. Aug. 11, 2016) ........................ 10

*Andrew Carothers, M.D., P.C. v. Progressive Ins. Co.,*
42 Misc. 3d 30, 979 N.Y.S.2d 439 (App. Term 2013) ........................... 12

*Baxter v. Palmigiana,*
425 U.S. 308 (1976) ................................................................................ 8

*Brink's Inc. v. City of New York,*
717 F.2d 700 (2d Cir. 1983) ................................................................... 8

*Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co.,*
819 F.2d 1471 (8th Cir. 1987) ............................................................ 8, 9

*Federal Deposit Ins. Corp. v. Fidelity & Deposit Co.,*
45 F.3d 969 (5th Cir. 1995) .................................................................... 8

*Gasperini v. Ctr. for Humanities, Inc.,*
518 U.S. 415 (1996) .............................................................................. 11

*In re Grand Jury Subpoena Issues June 18, 2009,*
593 F.3d 115 (2d Cir. 2010) .................................................................. 12

*John Paul Mitchell Sys. v. Quality King Distributors, Inc.,*
106 F. Supp. 2d 462 (S.D.N.Y. 2000) .................................................... 10

*Legg v. Chopra,*
286 F.3d 286 (6th Cir. 2002) ................................................................ 11

*LiButti v. United States,*
107 F.3d 110 (2d Cir. 1997) .......................................................... passim

*RAD Servs., Inc. v. Aetna Casualty & Sur. Co.,*
808 F.2d 271 (3d Cir.1986) .................................................................... 8

*Rosebud Sioux Tribe v. A & P Steel, Inc.,*
733 F.2d 509 (8th Cir.1984) ................................................................... 9

*S.E.C. v. Durante,*
No. 01 CIV. 9056 DAB AJP, 2013 WL 6800226 (S.D.N.Y. Dec. 19, 2013) ........................ 10

*Salas by Salas v. Wang*,
    846 F.2d 897 (3d Cir. 1988) ................................................................................ 11

*U.S. Underwriters Ins. Co. v. LCRF Enterprises, LLC*,
    No. 10-CV-3418 GBD, 2012 WL 993502 (S.D.N.Y. Mar. 26, 2012) .................... 11

*Fifth Amendment invoked by a* ................................................................................ 10

*United States ex rel. Bilokumsky v. Tod*,
    263 U.S. 149 (1923) ............................................................................................ 40

## Rules

Fed. R. Evid. 1101(b) ................................................................................................ 11

Fed. R. Evid. 402, 403 .............................................................................................. 11

Fed. R. Evid. 801(d)(2) .............................................................................................. 9

## Other Authorities

*The Conjurer's Circle – The Fifth Amendment in Civil Cases*,
    91 Yale LJ. 1062 (1982) ........................................................................................ 8

Plaintiff Ms. Giuffre respectfully submits this Motion to Present Testimony from ███

███████████████████ for Purposes of Obtaining an Adverse Inference.

**PRELIMINARY STATEMENT**

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

░░███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████

**BACKGROUND**

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████





**A.    Controlling Second Circuit Case Law from *LiButti v. United States* Permits Calling a Witness for Purposes of Obtaining Adverse Inferences.**

Ms. Giuffre has recently briefed the controlling law for obtaining an adverse inference, but it bears repeating in light of this crucial motion. The Second Circuit (among many other courts) has made clear that a litigant can present to the jury the fact that a witness has invoked her Fifth Amendment right against self-incrimination rather than answering questions. In *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997), the Second Circuit began by observing that that "while the Fifth Amendment precludes drawing adverse inferences against defendants in criminal cases, it 'does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" 107 F.3d at 121 (quoting *Baxter v. Palmigiana*, 425 U.S. 308, 318 (1976)). The Second Circuit then explained that although "*Baxter* focused on the invocation of the privilege by parties, '[a] non-party's silence in a civil proceeding implicates Fifth Amendment concerns to an even lesser degree.'" *LiButti*, 107 F.3d at 121 (citing *RAD Servs., Inc. v. Aetna Casualty & Sur. Co.*, 808 F.2d 271, 275 (3d Cir.1986)). In light of the lesser concern, the Second Circuit held in *Brink's Inc. v. City of New York,* 717 F.2d 700 (2d Cir. 1983), that a plaintiff's ex-employees' claims of privilege were admissible evidence in that case. The Second Circuit adopted the rational that the ex-employees' refusal to testify could be appropriately conceptualized "as vicarious admissions of their former employer." *LiButti*, 107 F.3d at 121 (citing Robert Heidt, *The Conjurer's Circle – The Fifth Amendment in Civil Cases*, 91 YALE LJ. 1062, 1119-20 n.214 (1982)).

*LiButti* also surveyed other Court of Appeals decisions on the subject, in which invocations of the Fifth Amendment were properly allowed into evidence. *See LiButti*, 107 F.3d at 121-22 (discussing *RAD Servs., Inc.,* 808 F.2d 271 (3d Cir.1986); *Federal Deposit Ins. Corp. v. Fidelity & Deposit Co.,* 45 F.3d 969 (5th Cir. 1995); *Cerro Gordo Charity v. Fireman's Fund*

*Am. Life Ins. Co.,* 819 F.2d 1471 (8th Cir. 1987); *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509 (8th Cir.1984)). For example, in the *Rosebud Sioux Tribe* case, the Eighth Circuit affirmed a district court decision allowing a witness (Mr. Richards) to be called to the stand solely to invoke his Fifth Amendment privilege. The Circuit explained that Richards was "a key figure in this case. His actions form the very basis of the affirmative defense of fraud. If anyone knew whether there was an intent to commit a fraud, it was Richards. Hearing Richards invoke the privilege informed the jury why the parties with the burden of proof . . . resorted to less direct and more circumstantial evidence than Richards' own account of what had occurred. Otherwise, the jury might have inferred that the companies did not call Richards to testify because his testimony would have damaged their case." *Cerro Gordo Charity*, 819 F.2d at 1482 (citing Heidt, *supra,* at 1123–24).

*LiButti* also articulated several non-exclusive factors to be considered, in light of the circumstances of the case, which should guide a district court in making a determination about whether to allow the jury to hear a Fifth Amendment invocation. The factors are worth quoting:

> *1. The Nature of the Relevant Relationships:* While no particular relationship governs, the nature of the relationship will invariably be the most significant circumstance. It should be examined, however, from the perspective of a non-party witness' loyalty to the plaintiff or defendant, as the case may be. The closer the bond, whether by reason of blood, friendship or business, the less likely the non-party witness would be to render testimony in order to damage the relationship.

> *2. The Degree of Control of the Party Over the Non-Party Witness:* The degree of control which the party has vested in the non-party witness in regard to the key facts and general subject matter of the litigation will likely inform the trial court whether the assertion of the privilege should be viewed as akin to testimony approaching admissibility under Fed. R. Evid. 801(d)(2), and may accordingly be viewed, as in *Brink's,* as a vicarious admission.

> *3. The Compatibility of the Interests of the Party and Non-Party Witness in the Outcome of the Litigation:* The trial court should evaluate whether the non-party witness is pragmatically a noncaptioned party in interest and whether the assertion

of the privilege advances the interests of both the non-party witness and the affected party in the outcome of the litigation.

*4. The Role of the Non-Party Witness in the Litigation:* Whether the non-party witness was a key figure in the litigation and played a controlling role in respect to any of its underlying aspects also logically merits consideration by the trial court.

*LiButti*, 107 F.3d at 123–24. The Second Circuit emphasized, however, that whether these or other circumstances unique to a particular case are considered by the trial court, "the overarching concern is fundamentally *whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth.*" *Id.* at 124 (emphasis added).

A number of subsequent decisions from the Southern District of New York have allowed evidence of a third party's invocations to be used against a party in litigation. *See, e.g.*, *Amusement Indus., Inc. v. Stern*, No. 07CIV11586LAKGWG, 2016 WL 4249965, at *8 (S.D.N.Y. Aug. 11, 2016) (drawing negative inference against defendant based on key witness' invocation of privilege); *S.E.C. v. Durante*, No. 01 CIV. 9056 DAB AJP, 2013 WL 6800226, at *11 (S.D.N.Y. Dec. 19, 2013) (drawing negative inference when Fifth Amendment invoked by a "prominent figure in the case," *report and recommendation adopted*, No. 01 CIV. 9056 DAB, 2014 WL 5041843 (S.D.N.Y. Sept. 25, 2014), *aff'd*, 641 F. App'x 73 (2d Cir. 2016); *John Paul Mitchell Sys. v. Quality King Distributors, Inc.*, 106 F. Supp. 2d 462, 471 (S.D.N.Y. 2000) (drawing inference from invocation and noting alignment of interests).

**B.     Federal Law Rather than New York Law Controls the Evidentiary Issue of Whether ██████████████████ Can Be Called as Witnesses.**

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *U.S. Underwriters Ins. Co. v. LCRF Enterprises, LLC,* No. 10-CV-3418 GBD, 2012 WL 993502, at *3 (S.D.N.Y. Mar. 26, 2012) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). For these purposes, "[r]ules of evidence are deemed rules of procedure, and therefore, the Federal Rules of Evidence, rather than state evidentiary laws, are held to apply in federal diversity proceedings." *Legg v. Chopra*, 286 F.3d 286, 289–90 (6th Cir. 2002) (citing 19 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, § 4512 (2d ed.1996); *Salas by Salas v. Wang*, 846 F.2d 897, 905–06 (3d Cir. 1988)). Indeed, the Federal Rules of Evidence themselves provide that they "apply generally to civil actions and proceedings." Fed. R. Evid. 1101(b). The Second Circuit's *LiButti* decision rests ultimately on the admissibility of relevant evidence recognized in Rule 402 as well as the concern about possible unfair prejudice reflected in Rule 403. *See LiButti*, 107 F.3d at 121. Defendant even appears to (unwittingly) concede this point. *See* Mot. at 6 (citing Fed. R. Evid. 402, 403).































































Dated:  March 3, 2017

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Boies Schiller & Flexner LLP

401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 3rd day of March, 2017, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the

foregoing document is being served this day on the individuals identified below via transmission

of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley