UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                        :

VIRGINIA L. GUIFFRE,              :      Case No.: 15-cv-7433 (RWS)

         Plaintiff,                     :

                                         :      **PROPOSED INTERVENOR MICHAEL**
     -against-                    :      **CERNOVICH D/B/A CERNOVICH**
                                         :      **MEDIA'S OPPOSITION TO NOTICE**
GHISLAINE MAXWELL,            :      **OF INTENT TO REQUEST**
                                         :      **REDACTION OF FEBRUARY 16, 2017**
         Defendant.                  :      **HEARING TRANSCRIPT**
                                         :
------------------------------------------------------------x

      Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor") moved to intervene in this action to unseal the pending summary judgment motion (Doc. No. 540) and all related proceedings, including the then-anticipated opposition, reply, and hearing. Doc. No. 550. Argument on that motion was heard on February 16, 2017, along with argument on the summary judgment motion itself. Such argument occurred in open court, with counsel for Movant present throughout the entirety of the arguments, as well as the subsequent conference regarding case logistics. Notably, immediately prior to the beginning of his argument on summary judgment, counsel for Defendant intimated that the courtroom might need to be sealed, but the Court deemed it unnecessary. Plaintiff lodged no contemporaneous objection to the open courtroom or to the presence of counsel for Movant.

      Now, Plaintiff has filed a Notice of Intent to Request Redaction of the February 16, 2017 transcript. Doc. No. 721. Movant does not know what is sought to be redacted or why, as such was itself sealed. *Id.* As set forth in his motion, reply, and at argument, summary judgment proceedings involve judicial documents to which a First Amendment right of access attaches, whether or not the summary judgment motion is allowed. The transcript is one of those documents. Moreover, because the courtroom was not sealed, and the Court indicated that closing the courtroom was not appropriate, despite the presence of counsel for Movant, redaction of the transcript is impermissible. See *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013)

("The transcript of a proceeding is so closely related to the ability to attend the proceeding itself that maintaining secrecy is appropriate only if closing the courtroom was appropriate.")

As this Court has observed, "[t]he First Amendment requires that court proceedings be open to the public, and by extension the news media, absent the most clearly articulated and compelling reasons for closing them in a particular circumstance." *Katzman v. Victoria's Secret Catalogue (In re Courtroom TV Network)*, 923 F. Supp. 580, 588 (S.D.N.Y. 1996) (Sweet, U.S.D.J.). There are no such compelling reasons. Movant cannot guess what Plaintiff seeks to redact, but none of the bits of information revealed during the hearing raised any significant confidentiality concerns that warranted sealing the courtroom or transcript. See *Newsday* at 165-166. The First Amendment right of access is paramount. See *id.* at 166.

WHEREFORE Intervenor respectfully requests this Honorable Court deny Plaintiff's request to redact the February 16, 2017 transcript.

Dated: March 17, 2017.                                    Respectfully Submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele:   702-420-2001
Fax:    305-437-7662
Email: ecf@randazza.com

*Attorneys for Movant/Putative Intervenor,
Cernovich Media*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

        Respectfully submitted,

        /s/ Jay M. Wolman
        Jay M. Wolman