UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**Defendant's Response in Opposition to
Plaintiff's Omnibus Motion *in Limine***

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

I.  FED. R. EVID. 405(B) REQUIRES ADMISSION OF ALL SPECIFIC INCIDENTS OF PLAINTIFF LYING OR ENGAGING IN DECEITFUL OR FRAUDULENT CONDUCT  1

   A.  All allegations or comments made by Plaintiff are "connected to" the alleged defamatory statement................................................................................................................... 4

   B.  Responses to Enumerated Motions *In Limine* ................................................................. 6

      1.  Stories and allegations concerning Dershowitz, foreign presidents, and world leaders are highly relevant and admissible (Motion in Limine 1) ............................................... 6

      2.  Meeting Bill Clinton at Jeffrey Epstein's private island twice (Motion in Limine 2) ..... 8

      3.  FOIA responses and related materials are admissible (Motion in Limine 3)................... 8

      4.  Louis Freeh's testimony and report are admissible evidence (Motion in Limine 4) ....... 9

      5.  Prince Andrew and Buckingham Palace's denials of Plaintiff's claims are not offered for the truth of the matter asserted (Motion in Limine 5)............................................. 11

      6.  Evidence Regarding Plaintiff's Sexual History and Reputation is Admissible (Motion in Limine 6) ........................................................................................................... 14

      7.  Plaintiff cannot prohibit use of words such as "prostitute," which she used to describe herself, or any other "derogatory" terms that describe her reputation (Motion in Limine 7)............................................................................................................................ 14

      8.  Plaintiff's drug use is relevant to her memory and lack of damages (Motion in Limine 8)............................................................................................................................ 16

      9.  Information regarding Plaintiff's criminal history is relevant and admissible evidence when character is an essential element of the claim (Motion in Limine 9).................... 18

     10. Evidence concerning school attendance is relevant to Plaintiff's allegations of how she spent her time in 1999 to 2002 (Motion in Limine 10) ................................................. 19

     11. Plaintiff put her full childhood history and character at issue (Motion in Limine 11) .. 20

     12. Victims Refuse Silence is a sham not-for-profit established to create a claim for defamation per se (Motion in Limine 12)..................................................................... 20

13. Plaintiff's failure to pay her personal tax obligations is relevant to her character for truthfulness (Motion in Limine 13) ............................................................................... 22

14. Plaintiff's husband's domestic violence against her in March 2015 is probative of other intervening causes of emotional distress and related damages (Motion in Limine 14) 23

15. Plaintiff's lies about her age and the year she met Mr. Epstein must be exposed to the jury (Motion in Limine 15) ............................................................................................. 24

16. All of Plaintiff's medical records are relevant to Plaintiff's damages claims (Motion in Limine 16) ........................................................................................................................ 25

17. The Parties agree to preclusion of all documents and discussion of the Jane Doe 102 case, including the settlement of those claims (Motion in Limine 17) ........................... 26

18. The Cassell/Edwards v. Dershowitz litigation is relevant and admissible (Motion in Limine 18) ........................................................................................................................ 26

19. Judge Marra's ruling is relevant and admissible (Motion in Limine 19) ....................... 29

20. The transcript of the tape recording of Mr. Dershowitz's conversation with Rebecca Boylan is admissible (Motion in Limine 20) ................................................................. 31

C. Plaintiff's Remaining Motions In Limine Are Premature and Request an Unnecessary Advisory Opinion (Motions in Limine 21-29) ................................................................. 32

1. "Bad Acts" by Plaintiff's counsel .................................................................................. 34

2. Discussion of missing witnesses and absence of evidence is appropriate, and missing witness instruction may be requested ........................................................................... 35

CONCLUSION ............................................................................................................................ 36

CERTIFICATE OF SERVICE ................................................................................................... 38

# TABLE OF AUTHORITIES

**Cases**

*Brady v. Chemical Construction Corp.,* 740 F.2d 195 (2d Cir. 1984) .......................................... 10

*Cannistraci v. Kirsopp*, No. 1:10-CV-980 MAD/DRH, 2012 WL 2089687, at *1–2 (N.D.N.Y. June 8, 2012) ............................................................................................................................ 11

*Cardillo v. Doubleday & Co., Inc.,* 518 F.2d 638, 639–40 (2d Cir.1975) ................................... 13

*Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ......................... 22

*Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993) ..................................................................... 22

*Daniels by Glass v. Wal-Mart Stores, Inc.,* 634 So.2d 88, 93 (Miss. 1993) .................................. 4

*DeVaul v Carvigo Inc.*, 526 N.Y.S.2d 483 (2d Dept. 1988) ......................................................... 35

*Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 459-60 (5th Cir. 1996) ................................................. 10

*Donnelly v. DeChristoforo,* 416 U.S. 637, 646–47, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). ....... 33

*Edwards v. City of N.Y.*, No. 08-2199 TLM, 2011 WL 2748665, at *4 (E.D.N.Y. July 13, 2011) ................................................................................................................................................... 22

*EEOC v. Grief Brothers Corp.*, 218 F.R.D. 59, 61–62 (W.D.N.Y. 2003) .................................... 25

*Equal Employment Opportunity Comm'n v. Reed Pierce's Sportsman's Grille, LLC*, No. 3:10-CV-541-WHB-LRA, 2013 WL 12123370, at *1 (S.D. Miss. Jan. 11, 2013) ............................ 24

*Gaillard v. Jim's Water Service, Inc.*, 535 F.3d 771, 778–779 (8th Cir. 2008) ........................... 22

*Gallo v. Ricci*, 814 N.Y.S.2d 422, 423 (2006) ............................................................................. 36

*Geraty v. Vill. of Antioch*, No. 09 C 6992, 2015 WL 127917, at *7 (N.D. Ill. Jan. 8, 2015) ......... 9

*Gordy Co. v. Mary Jane Girls, Inc.*, No. 86 CIV. 6814 (RWS), 1989 WL 28477, at *6 (S.D.N.Y. Mar. 24, 1989) ........................................................................................................................... 17

*Gov't of Virgin Islands v. Grant,* 775 F.2d 508, 511 & n. 4 (3d Cir. 1985) ................................... 3

*Grasso v. Mathew*,  564 N.Y.S.2d 576, 578 (3d Dep't 1991) ...................................................... 30

*Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 303 (2d Cir. 1986) ...................................... 13

*Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) .................................. 22

*Kadant Johnson Inc. v. D'Amico*, No. CIV.A. 10-2869, 2012 WL 2190897, at *1 (E.D. La. June 14, 2012) ............................................................................................................................... 3

*Kevorkian v. Am. Med. Ass'n*, 237 Mich. App. 1, 12, 602 N.W.2d 233, 239 (1999).................... 13

*Longmire v. Ala. State Univ.,* 151 F.R.D. 414, 419 (M.D.Ala. 1992)……………………………3

*Minemyer v. R-Boc Representatives, Inc.*, No. 07 C 1763, 2012 WL 379904, at *4 (N.D. Ill. Feb. 6, 2012) ............................................................................................................................... 12

*O'Brien v. Alexander*, 898 F.Supp. 162, 171 (S.D.N.Y. 1995) ..................................................... 30

*Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) ................................................................... 33

*People v Thomas*, 21 N.Y.3d 226 (2013)....................................................................................... 35

*People v. Williams*, 5 N.Y.3d 732, 734 (2005) .............................................................................. 35

*Preferred Properties, Inc. v. Indian River Estates, Inc.,* 276 F.3d 790, 799 n.5 (6th Cir. 2002) . 13

*Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-CV-00708-DN, 2015 WL 3533844, at *5 (D. Utah June 4, 2015) ................................................................................................................. 13, 28

*S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 412 (S.D.N.Y. 2009) ................................... 19

*Schafer v. Time, Inc.*, 142 F.3d 1361, 1364–75 (11th Cir. 1998) .................................................... 3

*Seligson, Morris & Neuburger v Fairbanks Whitney* Corp., 257 N.Y.S.2d 706 (1st Dept. 1965)35

*Sidor v. Reno*, 95 CIV. 9588 (KMW), 1998 WL 164823, *2 (S.D.N.Y. April 7, 1998).............. 25

*United States v. Dukes,* 727 F.2d 34, 37 (2d Cir. 1984) ............................................................... 17

*United States v. Hatchett*, 918 F.2d 631, 641 (6th Cir. 1990) ...................................................... 22

*United States v. Lujan,* No. 05–CR–924 (RB) (D.N.M. Mar. 25, 2011) ...................................... 32

*United States v. Piche,* 981 F.2d 706, 713 (4th Cir. 1992) ............................................................. 3

*United States v. Rabbani*, 382 F. App'x 39, 42 (2d Cir. 2010)..................................................... 35

*United States v. Robinson*, 583 F.3d 1265, 1272 (10th Cir. 2009) ............................................... 17

*United States v. Van Meerbeke,* 548 F.2d 415, 417–18 (2d Cir. 1976) ........................................ 17

*United States v. West*, 58 F.3d 133, 141 (5th Cir. 1995) ................................................................ 22

*United States v. Wexler,* 79 F.2d 526, 529–30 (2d Cir. 1935) ........................................................ 33

*United States v. Wilson*, No. 04-CR-1016 NGG, 2013 WL 2948034, at *4–6 (E.D.N.Y. June 14, 2013) ................................................................................................................................. 32

*World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1138 (10th Cir. 2006) .... 3

*Zamora v. GC Servs., L.P.*, 647 F. App'x 330 (5th Cir. 2016) ........................................................ 9

**Rules**

Fed. R. Evid. 403 ........................................................................................................................ 7

Fed. R. Evid. 405 and 608 ......................................................................................... 4, 6, 15, 20

Fed. R. Evid. 405(b) ............................................................................................................ passim

Fed. R. Evid. 801 ...................................................................................................................... 12

Fed. R. Evid. 801 (d)(2)(D) ................................................................................................ 29, 31

Fed. R. Evid. 803(6) ................................................................................................................. 19

Fed. R. Evid. 803(8) ................................................................................................................... 8

Fed. R. Evid. 902(4) and 902(11) ............................................................................................ 19

**PAGES 1-36**

**REDACTED**

Dated: March 17, 2017

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
*Ty Gee (pro hac vice)*
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

37

## CERTIFICATE OF SERVICE

I certify that on March 17, 2017, I electronically served this *Defendant's Response in Opposition to Plaintiff's Omnibus Motion In Limine* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons