UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**Defendant's Motion to Strike Plaintiff's "Supplemental Authority"**

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell, through counsel, moves to strike Plaintiff's "Supplemental Authority" (Doc.711).

## INTRODUCTION

Plaintiff has formed a habit of filing a motion containing bare or otherwise insufficient facts, waiting for our response (or oral argument) that points out the motion should be denied because of bare or insufficient facts, and then filing a reply or other paper that introduces new facts we did not have an opportunity to address in the response.

At the summary-judgment hearing on February 16, 2017, the Court characterized the approximately "five feet of paper" filed as embodying the "chaos" of this lawsuit. We submit that plaintiff's habit of introducing new facts in replies and at oral argument—facts that should have been provided in her original motion—adds to the chaos. It does so by multiplying exponentially the filings needed to resolve a litigation issue. Moreover, plaintiff's habit violates the settled rules and practice—motion, response, and reply—for resolving litigation issues.

Plaintiff's "supplemental authority" is another example of plaintiff's disregard of the rules and practice of this Court.

## ARGUMENT

**The "Supplemental Authority" is improper and should be stricken.**

On March 9, 2017, the Court held a hearing on plaintiff's "Motion to Present Testimony from Jeffrey Epstein for Purposes of Obtaining an Adverse Inference" (Doc.608). During the course of oral argument at the hearing, plaintiff's counsel for the first time in the "adverse inference" proceedings referenced a "$17,000,000 townhouse" for the non-sequitur argument that it was evidence "[s]he's a coconspirator" with Mr. Epstein. Menninger Decl., Ex.A, Tr. 36.

The Court justifiably expressed surprise that plaintiff's counsel was discussing a $17 million townhouse as evidence of a conspiracy, remarking: "You just said something that I

had not heard before, that you have reason to believe Epstein was involved in the townhouse? . . . . I hear you say that, but I haven't seen anything to support it." *Id.*, Ex.A, Tr.37.

In response, plaintiff's counsel conceded he did not know whether there was any discussion of the townhouse because—notwithstanding the Court's scheduling of the hearing for March 9—"[i]t's been a while since I've looked at the briefing." *Id.*, Ex.A, Tr.38. He then flatly admitted he could not remember whether the townhouse was ever referenced. *Id.*, Ex.A, Tr.38.

In fact, the townhouse never had been referenced in the adverse-inference briefing, let alone as evidence of any conspiracy. Consistent with her motion-practice habit, plaintiff improperly tries to fix her failure to cite the townhouse "evidence" in a purported "supplemental authority."

A supplemental authority by definition is a legal "authority" in support of an argument. *Cf. United States v. Ashford*, 718 F.3d 377, 381 (4th Cir. 2013) ("We do not countenance a litigant's use of [Fed. R. App. P.] 28(j) as a means to advance new arguments couched as supplemental authorities. Indeed, considering an argument advanced for the first time in a Rule 28(j) filing is not only unfair to the appellant, it also creates the risk of an improvident or ill-advised opinion being issued on an unbriefed issue.") (brackets and internal quotations omitted).

Plaintiff's "supplemental authority" is not a legal authority. It is the assertion of an alleged fact—not previously asserted—in support of an argument that was in want of factual support. A party should not be permitted to sneak evidence into the record on a fully briefed and argued motion through the vehicle of a "supplemental authority," which such evidence is not. It is unfair to the opponent and creates the risk of an improvident or ill-advised decision being issued on facts not subject to the adversary process.

Setting aside the unfairness of sneaking new facts through a "supplemental authority," the "authority" plaintiff seeks to introduce without rebuttal is a news article containing inadmissible hearsay statements made without an evidentiary foundation. It would have been improper to submit the news article with the *motion*, let alone after the issue has been briefed and argued.

## CONCLUSION

The Court should strike the "supplemental authority."

Dated:  March 17, 2017

                        Respectfully submitted,

                        */s/ Laura A. Menninger*
                        Laura A. Menninger (LM-1374)
                        Jeffrey S. Pagliuca (*pro hac vice*)
                        Ty Gee (*pro hac vice*)
                        HADDON, MORGAN AND FOREMAN, P.C.
                        150 East 10th Avenue
                        Denver, CO 80203
                        Phone:   303.831.7364
                        Fax:     303.832.2628
                        lmenninger@hmflaw.com

                        *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on March 17, 2017, I electronically served this *Defendant's Motion to Strike Plaintiff's "Supplemental Authority"* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

4