

Meredith Schultz, Esq.<br>
E-mail: mschultz@bsfllp.com

March 27, 2017

**VIA ECF**

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

  Re: ***Giuffre v. Maxwell*,**
    **Case No.: 15-cv-07433-RWS**

Dear Judge Sweet,

On March 15, 2017, Plaintiff's submitted proposed redactions to Defendant of this Court's February 16, 2017 hearing transcript. In response Defendant's counsel has made a blanket unsupported challenge to all proposed redactions.

At the summary judgment hearing, this Court heard argument on Defendant's motion for summary judgment. Defendant's counsel submitted his entire summary judgment motion and reply brief under seal, as did Ms. Giuffre's counsel with her response. The summary judgment argument discussed the same issues that Defendant and Plaintiff previously filed under seal. Accordingly, that portion of the transcript should be kept under seal.

Despite Defendant's counsel filing his entire motion for summary judgment and reply under seal, Defendant takes a different view about the oral argument based upon those briefs. On March 21, 2017, counsel for Defendant, Ty Gee, sent a letter (attached) to counsel for Ms. Giuffre stating:

> We object under Paragraph 11 of the Protective Order (Doc.62) to plaintiff's "confidential" designation (see Docs.721 & 721-1) of the transcript of the February 16 hearing. No portions of the transcript plaintiff has [sic] designated are confidential under the Protective Order.

This is the second time Defendant has challenged a confidentiality designation made by Ms. Giuffre. As the Court will recall, Defendant's first (and failed) attempt sought to make public certain materials that are not only protected from public view by various statutes, but also by a common sense of decency.

While Defendant's counsel gives no reason in his letter why he wants the hearing transcript revealed, it is somewhat perplexing given that he wants to keep his briefs sealed. Indeed, his

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Honorable Judge Robert W. Sweet
District Court Judge
March 27, 2017
Page-2-

hour-long oral argument hewed so closely to the content of the sealed briefs that much of the hearing transcript consists of him simply reading portions of those briefs aloud.

At any rate, because Defendant has already agreed to (and designated) this material confidential (in brief-form), there is no cause reveal this material simply because he read it into a hearing transcript, particularly when Defendant is not moving to unseal her briefs on the same topic.

Finally, should this inconsistent position not be spurred by a desire to entangle Ms. Giuffre's counsel in unnecessary motion practice, but, instead, represents a genuine change of Defendant's counsel's position since filing her briefs under seal, the confidentiality designations should still remain. The content of Ms. Giuffre's response in opposition contains confidential information, and counsel for both parties discussed that confidential information at oral argument. And, to be sure, Ms. Giuffre's counsel is not wavering from their confidentiality designations. Accordingly, the Court should maintain Ms. Giuffre's confidentiality designations.

Sincerely,

Meredith Schultz

MS/

cc: Counsel of Record