UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                       :
VIRGINIA L. GUIFFRE,              :        Case No.: 15-cv-7433 (RWS)
                                                       :
                Plaintiff,                :
                                                       :        **PROPOSED INTERVENOR MICHAEL**
       -against-                           :        **CERNOVICH D/B/A CERNOVICH**
                                                       :        **MEDIA'S OPPOSITION TO MOTION**
GHISLAINE MAXWELL,              :        **TO STRIKE**
                                                         :
               Defendant.              :
                                                        :
------------------------------------------------------------x

        Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor") hereby opposes Plaintiff's Motion to Exclude his Opposition [DE 763] to Plaintiff's ongoing efforts to shield judicial documents from media and public scrutiny.[1] Her latest argument is that Intervenor lacks standing to object to the redaction of a transcript of open-court proceedings in which his counsel participated, even sitting at counsels' table the entire time without objection.[2]

        Plaintiff's citation to *Esther Sadowsky Testamentary Tr. v. Fed. Hous. Fin. Agency*, 412 F. App'x 361 (2d Cir. 2011) is inapposite. In that matter, the motion to intervene had been denied, so the putative intervenor had no standing to contest collateral orders. Here, Intervenor's motion

---

[1] It must also be noted that there is no basis in the Federal Rules of Civil Procedure to "exclude" a filing. The motion was, however, docketed as a "motion to strike", though internally named a motion to "exclude". The closest applicable rule, Fed. R. Civ. P. 12(f), only applies to striking pleadings, not other filings, and it does not include lack of standing as a basis to strike. See *Colony Ins. Co. v. Jack A. Halprin, Inc.*, No. 3:10 - CV - 1059 (CSH), 2012 U.S. Dist. LEXIS 95982, at *10-12 (D. Conn. July 11, 2012). Neither is Intervenor's objection an evidentiary document to which exclusion under the Federal Rules of Evidence might apply.

[2] Plaintiff has not otherwise suggested that Intervenor is incorrect on the merits of his objection. As a result, it appears Plaintiff is seeking to redact matters beyond the personal identifiers listed in Fed. R. Civ. P. 5.2(a). Further, per Fed. R. Civ. P. 5.2(e), additional redactions are only to be made upon order of the Court. All requests for a court order must be made by motion. See Fed. R. Civ. P. 7(b)(1); accord Notice to the Bar, Electronic Availability of Civil Transcripts of Proceedings Before U.S. District and Magistrate Judges ("If a party wants to redact information in addition…the party must make the appropriate application to the assigned judicial officer"). Thus, as there is no motion for further redaction pending, there is no proper request for such redaction before this Court.

has neither been denied nor is Plaintiff's redaction request collateral to his involvement in the case.

Although Plaintiff's citation only actually addresses standing to appeal, the law of standing also shows that non-party standing to appeal has been "long allowed…when the nonparty has an interest that is affected by the trial court's judgment." *Rothstein v. Am. Int'l Grp., Inc.*, 837 F.3d 195, 204 (2d Cir. 2016)(internal citation and quotations marks omitted). Thus, by the same token, Intervenor has a demonstrable interest in the non-redaction a transcript of open-court proceedings in which his counsel participated, which interest would be adversely affected were the Court to allow whatever the undisclosed redaction request entails.

Dated: March 29, 2017.                     Respectfully Submitted,

                                           */s/ Jay M. Wolman*
                                           Jay M. Wolman (JW0600)
                                           RANDAZZA LEGAL GROUP, PLLC
                                           100 Pearl Street, 14th Floor
                                           Hartford, CT 06103
                                           Tele:   702-420-2001
                                           Fax:    305-437-7662
                                           Email: ecf@randazza.com

                                           *Attorneys for Movant/Putative Intervenor,
                                           Cernovich Media*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman