

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

29 March 2017

Via ECF

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Maxwell* | Case No.: 15-cv-07433-RWS

Dear Judge Sweet:

Movant-Intervenor Michael Cernovich d/b/a Cernovich Media was previously unable to divine from the publicly available portions of Plaintiff's Notice of Intent to Request Redaction (Doc No. 721) what redactions were sought, thus limiting his ability to file his opposition thereto (Doc. No. 725). Plaintiff's March 27, 2017 letter (Doc. No. 793) has finally revealed what portion of the February 16, 2017, transcript she is seeking to redact: the entire portion that is the summary judgment argument. Movant hereby responds to Plaintiff's letter.

It appears now that Defendant, at least, recognizes the fundamental problem under the common law right of access and the First Amendment in sealing any portion of the summary judgment argument. And, Plaintiff has now revealed in her letter that the oral argument "hewed so closely to the content of the sealed brief that much of the hearing transcript consists of him simply reading portions of those briefs aloud". If this is the case, then it is even more apparent there is no basis for sealing the summary judgment pleadings, let alone the transcript.

Undersigned counsel was present at the proceedings. Defendant's counsel invited the Court to seal the courtroom in advance of his argument, but the Court indicated such would be unnecessary. The Court was correct and, though at any time Plaintiff could have asked for a seal mid-argument, none was sought. Now, Plaintiff is trying to close the proverbial barn door after the horses have escaped.

Not only is redaction frivolous, as it would only limit public access to verbatim arguments, rather than the substance of the arguments themselves, but there are no other good grounds. The law of republication and how it applies in this case has nothing to do with Plaintiff's or anyone else's alleged abuse, but rather Defendant's and her alleged agents' dealings with the media. Neither do the issues involving the pre-litigation privilege. Or whether the alleged defamatory publication is an assertion of opinion or fact, where truthfulness of the alleged factual statements is not necessary to determine the question or otherwise involve reference to third-party, publicly available publications.



Although Plaintiff's counsel, in her arguments, made reference to allegedly confidential evidence of sexual trafficking, she knowingly did so in the presence of undersigned counsel.  Moreover, her arguments were sufficiently vague in detail as to merely referencing flight logs, house staff witnesses, pictures, hospital records, time & travel records, victim notification letters, and a black book.  This reference to evidence is otherwise discussed in publicly available articles and even the public docket entries in this case.

Similarly, her arguments over the press release language itself, to whom it was directed, and the meaning of "malice" are issues of law, not of fact.  As stated by Defendant's counsel, this is not a sexual abuse case, it is about defamation; he even noted that were abuse conceded, summary judgment in favor of Defendant would be appropriate as a matter of law.  Though Movant takes no position on whether Defendant is entitled to judgment as a matter of law, he agrees that the issues at summary judgment, in the transcript and, apparently, in the briefing, do not raise any basis for the wholesale sealing of legal argument.

Whether or not the Court previously denied Defendant's ability to publicize protected materials, the case is now in a different posture.  Summary judgment proceedings are undeniably judicial documents to which there is a strong presumption of access.  Nothing in Plaintiff's letter suggests any reason for the particularized findings the Court would be required to make why the press and the public at large should be denied the freedom to exercise their First Amendment and common law rights.  Movant, therefore, reiterates his position that the summary judgment briefs should be unsealed and the transcript should not be redacted.

Sincerely,

Jay Marshall Wolman