

**Haddon, Morgan and Foreman, P.C.**
**Ty Gee**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

April 3, 2017

The Honorable Robert W. Sweet
District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007
*Via* ECF

Re: Plaintiff's Letter Motion to Redact the Transcript of the Summary-
    Judgment Hearing on February 16, 2017
    *Giuffre v. Maxwell*, No. 15-cv-07433-RWS (S.D.N.Y.)

Dear Judge Sweet:

The Court should deny plaintiff's request filed indiscriminately and without good cause to redact parts of the summary-judgment arguments of the parties held in open court on February 16, 2017.

The Protective Order (Doc.062) provides a mechanism by which the parties may designate as "confidential" documents that would warrant protection under Federal Rule of Civil Procedure 26(c). The designation is important, since it confers upon the document the Court's imprimatur that, in fact, the document meets the criteria for a protective order, e.g., confidentiality is needed to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1).

Because it carries the Court's imprimatur, the Protective Order provides that the lawyer making the designation certifies (a) she has "reviewed" the document, (b) "there is a valid and good faith basis for such designation," and (c) disclosure of the information in the document to non-parties "would cause a privacy harm to the designating party." Doc.062 ¶ 8. If a non-designating party disagrees with a "confidential" designation, it is entitled under the Protective Order to object, giving notice identifying the information subject to the objection. *Id.* ¶ 11.

Judge Sweet
April 3, 2017
Page 2

In her letter motion Ms. Schultz complains we "g[ave] no reason" for objecting to her "confidentiality" designation and "[t]his is the second time" we have objected. That is incorrect. Our objection said, "No portions of the transcript plaintiff has designated are confidential under the Protective Order." If no portion of the transcript is confidential, *a fortiori* Ms. Schultz's designation of the vast majority of it as confidential is objectionable under Paragraph 11 of the Protective Order.

Two things are missing from the letter motion. Ms. Schultz fails to explain how her designation—her certification—was based on a "valid and good faith basis," Prot. Ord. ¶ 8. The second thing missing is a discussion acknowledging, let alone establishing, she has "good cause," Fed. R. Civ. P. 26(c)(1), for an order to be entered protecting the transcript of the summary-judgment arguments of counsel. She cannot obtain a protective order by ignoring these two things. And she cannot carry her burden by complaining we have "entangle[d]" her in "unnecessary motion practice."

We suggest the letter motion's red herrings are intended to distract from the obvious problem with Ms. Schultz's "confidentiality" designation: there was no legal basis for it. She says the transcript should be subject to a protective order because the briefs were. That is an unserious argument. One, the briefs referenced "confidential"-designated materials and the parties' summary-judgment oral argument on February 16 did not. Two, as proposed Intervenor Cernovich Media pointed out (Docs.810 at 1), the Court did not close the courtroom on February 16. Indeed, it explicitly denied a request to close the courtroom. *Media representatives*, if not also members of the general public, were present in the courtroom and heard every word of the argument.
Ms. Schultz certainly knew this. She was opposite Cernovich Media's counsel Jay Wolman, who argued Cernovich Media's motion to intervene in this action to object to "confidentiality" designations. As Mr. Wolman pointedly notes, during the *Giuffre v. Maxwell* summary-judgment oral argument he was "sitting at counsels' table the entire time without objection." Doc.810 at 1. At least one print reporter was seated in the gallery. As this Court has made clear, when a reporter is present during a public hearing, there is no "confidentiality" accorded to what is said at the hearing. *See* 3/9/17 Tr. 7 (agreeing that names of individuals identified in open court are "already a matter of public record" and "I do think what's done is done").

Ms. Schultz conspicuously fails to make any effort to show why any sentence, let alone the entire transcript, of the summary-judgment argument should be

Judge Sweet
April 3, 2017
Page 3

designated "confidential." That is a failure at liftoff. *See Vazquez v. City of N.Y.*, 2014 WL 11510954, at *1 (S.D.N.Y. May 2, 2014) (denying motion to designate as confidential all videotaped depositions and other recordings, and noting that Rule 26(c) standard of good cause "ordinarily requires a party to show that disclosure will result in a clearly defined, specific and serious injury. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle."); *see id.* (denying protective order as to specific videotape because it "is already in the hands of the media—which is to say, the proverbial cat is already out of the bag").

The motion for protective order should be denied.

Very truly yours,


*s/ Ty Gee*

Ty Gee

Judge Sweet
April 3, 2017
Page 4

## CERTIFICATE OF SERVICE

I certify that on April 3, 2017, I electronically served this *Letter Motion Regarding Plaintiff's Letter Motion to Redact the Transcript of the Summary-Judgment Hearing on February 16, 2017* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons