UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VIRGINIA L. GUIFFRE,                        :
                                            :          Case No.: 15-cv-7433 (RWS)
                    Plaintiff,              :
                                            :     **PROPOSED INTERVENOR MICHAEL**
        -against-                           :      **CERNOVICH D/B/A CERNOVICH**
                                            :     **MEDIA'S OPPOSITION TO NOTICE**
GHISLAINE MAXWELL,                          :        **OF PLAINTIFF'S PROPOSED**
                                            :      **REDACTIONS TO THIS COURT'|S**
                    Defendant.              :       **ORDER DENYING SUMMARY**
                                            :               **JUDGMENT**
-----------------------------------------------------------x

        Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor")
moved to intervene in this action to unseal the pending summary judgment motion (Doc. No.
540) and all related proceedings, including the then-anticipated opposition, reply, hearing, and
disposition thereof. Doc. No. 550. Argument on that motion was heard on February 16, 2017,
along with argument on the summary judgment motion itself. Such argument occurred in open
court, with counsel for Movant present throughout the entirety of the arguments, as well as the
subsequent conference regarding case logistics. Notably, immediately prior to the beginning of
his argument on summary judgment, counsel for Defendant intimated that the courtroom might
need to be sealed, but the Court deemed it unnecessary. Plaintiff lodged no contemporaneous
objection to the open courtroom or to the presence of counsel for Movant.

        Now, Plaintiff has filed a Notice of Proposed Redactions to This Court's Order Denying
Summary Judgment. Doc. No. 813. Movant does not know what is sought to be redacted or
why, as such was itself sealed.[1] *Id.* As set forth in his motion, reply, and at argument, summary
judgment proceedings involve judicial documents to which a First Amendment right of access
attaches, whether or not the summary judgment motion is allowed. The Order Denying
Summary Judgment is necessarily one of those judicial documents as it is the disposition itself.

---

[1] On March 30, 2017, Plaintiff also filed a Notice of Intent to Request Redaction of March 23, 2017 Sealed Opinion.
Doc. No. 823. To the extent the unidentified Sealed Opinion relates to summary judgment proceedings, Movant
similarly opposes redaction as otherwise set forth herein.

It is unclear if the Court has already issued a sealed order denying summary judgment or whether this is wishful thinking on the part of Plaintiff, as the docket is silent as to any adjudication of the summary judgment motion.

As this Court has observed, "[t]he First Amendment requires that court proceedings be open to the public, and by extension the news media, absent the most clearly articulated and compelling reasons for closing them in a particular circumstance." *Katzman v. Victoria's Secret Catalogue (In re Courtroom TV Network)*, 923 F. Supp. 580, 588 (S.D.N.Y. 1996) (Sweet, U.S.D.J.). There are no such compelling reasons. Movant cannot guess what Plaintiff seeks to redact, but none of the bits of information revealed during the hearing raised any significant confidentiality concerns that warranted sealing the courtroom or the order. See *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165-166 (2d Cir. 2013). The First Amendment right of access is paramount. See *id.* at 166.

To the extent oral argument revealed the issues decided, there is no basis for redaction or another form of seal. The law of republication and how it applies in this case has nothing to do with Plaintiff's or anyone else's alleged abuse, but rather Defendant's and her alleged agents' dealings with the media. Neither do the issues involving the pre-litigation privilege. Or whether the alleged defamatory publication is an assertion of opinion or fact, where truthfulness of the alleged factual statements is not necessary to determine the question or otherwise involve reference to third-party, publicly available publications.

Although Plaintiff's counsel, in her arguments, made reference to allegedly confidential evidence of sexual trafficking, she knowingly did so in the presence of undersigned counsel. Moreover, her arguments were sufficiently vague in detail as to merely referencing flight logs, house staff witnesses, pictures, hospital records, time & travel records, victim notification letters, and a black book. This reference to evidence is otherwise discussed in publicly available articles and even the public docket entries in this case.

Similarly, her arguments over the press release language itself, to whom it was directed, and the meaning of "malice" are issues of law, not of fact. As stated by Defendant's counsel, this is not a sexual abuse case, it is about defamation; he even noted that were abuse conceded, summary judgment in favor of Defendant would be appropriate as a matter of law. Though Movant takes no position on whether Defendant is entitled to judgment as a matter of law, he agrees that the issues at summary judgment, in the transcript and, apparently, in the briefing, do not raise any basis for the wholesale sealing of legal argument, let alone any portion of the Court's Order.

WHEREFORE Intervenor respectfully requests this Honorable Court deny Plaintiff's request to redact the Court's Order Denying Summary Judgment.

Dated: April 5, 2017.                                Respectfully submitted,

                                                     */s/ Jay M. Wolman*
                                                     Jay M. Wolman (JW0600)
                                                     RANDAZZA LEGAL GROUP, PLLC
                                                     100 Pearl Street, 14th Floor
                                                     Hartford, CT 06103
                                                     Tele:   702-420-2001
                                                     Fax:    305-437-7662
                                                     Email: ecf@randazza.com

                                                     *Attorneys for Proposed Intervenor,*
                                                     *Michael Cernovich d/b/a Cernovich Media*

3

CASE NO. 15-cv-7433 (RWS)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of April 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman

4