UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

# Reply in Support of Motion to Appoint Special Master to Preside Over Third Deposition of Defendant

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell"), pursuant to Federal Rule of Civil Procedure 53, files this Reply in Support of Motion to Appoint a Special Master to Preside over the Third Deposition of Defendant Ghislaine Maxwell, and states as follows:

## INTRODUCTION

Plaintiff apparently intends to make Ms. Maxwell's third deposition yet another round of repetitious and duplicative questions regarding subjects already twice covered. In response to a request for a special master, Plaintiff argues she is entitled to *four* hours of questioning (two hours on the 4 subjects outlined on page 7 of the Court's November 2, 2016 Order and an *additional* two hours on two emails consisting of a total of 4 pages). Plaintiff clearly intends to harass Ms. Maxwell and subject her to hours of repetitive questions that will force defense counsel no option but to object and end the deposition to seek a protective order.

To avoid this outcome, which likely would result in further motions practice and the delay of a trial scheduled to begin in less than 25 days, Ms. Maxwell simply requests a neutral arbiter to preside over the deposition. Plaintiff's unfounded objection simply confirms that she would rather have free reign to ask inappropriate and duplicative questions outside the scope of permitted topics. Without immediate determinations on the propriety of the questions, Ms. Maxwell's counsel will be in the Catch 22 positon of either letting improper examination continue or facing a request for a *fourth* deposition. Appointment of a Special Master[1] can stop this madness.

## I.   TIME LIMITS FOR THE DEPOSITION

The parties obviously disagree as to the permitted length of the deposition. We believe this Court's November 2, 2016 Order and its oral ruling on November 10, 2016 permit the same

---

[1] Ms. Maxwell would have no objection to the reference to a magistrate judge to oversee the deposition, which would alleviate any concerns about additional costs.

1

two hours of deposition, with the November 10 Order (issued orally at a hearing mere days after the order permitting the third deposition issued) simply expanding the permitted topics to include the two emails inadvertently produced late by defense counsel.  This reading makes sense as it seems impossible for examination on the contents of 2 emails, totaling 4 pages, to take two hours.  Regardless of the determination on the appointment of a Special Master, both parties would benefit from clarification of the time allotted: either 1) two hours of total deposition time for nonduplicative questioning on the topics of (a) Johanna Sjoberg, (b) Maria and Annie Farmer, (c) women brought by Tony Figueroa, (d) other women who gave massages to Jeffrey Epstein ("Epstein"), and any evidence, circumstances, or records relating to the massages, and (e) the two emails produced August 16, 2016[2] **or** 2) two hours on the 4 topics identified in the Nov. 2, 2016 Order *and* two hours on the two emails produced in August 2016.

## II.     THE SPECIAL MASTER WILL NOT REQUIRE EXCESSIVE PREPARATION

The function of the special master is limited – rule on objections raised at the deposition concerning the scope of the examination, including repetitive questioning outside the scope of the order, or claims of harassment and oppression.  It is this type of questioning that may require counsel to either terminate the deposition, instruct the witness not to answer, to enforce the limitations of the Court's orders, or seek a protective order, all of which are permitted by Fed. R. Civ. P. 30(c)(2).  The Master is not being asked to rule on evidentiary objections, which will continue to be preserved for the record in the standard format – *i.e.* objection to form and foundation, followed by response from witness (unless privileged information is requested).

The Master will be asked to read party-designated sections of the prior two depositions that have already covered the topics at issue to avoid repetitive questioning consistent with the

---

[2] Plaintiff does not contest, and both parties agree, that non-duplicative questioning on these 5 topics is the full scope of permitted questioning.

Court's Order. While the Master may choose to read the entire deposition, it will not be required. There is no need for reviewing over 800 pleadings, motions, or Orders, or a deep familiarity with any proceeding other than the prior two depositions. By reviewing the Orders at issue and the prior deposition questions on these same subjects, and with knowledge of the Federal Rules of Civil Procedure relating to depositions, the Master will be fully prepared to preside over the deposition.

The Court can determine for itself if it is harassing for a lawyer to refuse a restroom break requested by the deponent when there was no question pending. It will come as no surprise to this Court that the tone and demeanor of Plaintiff's counsel in Ms. Maxwell's prior depositions has been sharp, often sarcastic, and most would say insolent. While we have not previously halted the depositions for this behavior in an effort to avoid the necessity of more motions and yet another deposition, it would have been justified. No attorney should be heard to complain that having a third party neutral present to ensure proper, ethical, and non-harassing conduct is oppressive or burdensome. If one does not intend to use such improper tactics, there is no reason to protest.

The request for a Special Master is not a stalling tactic. It is an attempt to avoid a repeat performance of improper duplicative questions that will lead to halting the deposition to enforce the limits of the Court's Order, followed by a motion for protective order and almost inevitably a cross motion for a fourth deposition. This would, of course, delay the trial in this matter that is scheduled to start on May 15, 2017. The simple procedural mechanism is far less costly to both parties than the costs of the motions practice, a hearing in New York, and delay of trial that will inevitably result from the lack of a Special Master if history is any indication. The two hours of

deposition time and an estimated 10 or less hours of preparation time that would be required by the Master is a far better employment of resources than further briefing on these issues.

## CONCLUSION

WHEREFORE, Defendant requests the appointment of a special master under Fed. R. Civ. P. 53 to oversee this third and final two-hour deposition of Ms. Maxwell with the power as identified in the Motion.

Dated: April 20, 2017.

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
*Ty Gee (pro hac vice)*
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

   I certify that on April 20, 2017, I electronically served this *Reply in Support of Motion to Appoint Special Master to Preside Over Third Deposition of Defendant* via ECF on the following:

Sigrid S. McCawley  
Meredith Schultz  
BOIES, SCHILLER & FLEXNER, LLP  
401 East Las Olas Boulevard, Ste. 1200  
Ft. Lauderdale, FL 33301  
smccawley@bsfllp.com  
mschultz@bsfllp.com  

Bradley J. Edwards  
FARMER, JAFFE, WEISSING, EDWARDS,  
FISTOS & LEHRMAN, P.L.  
425 North Andrews Ave., Ste. 2  
Ft. Lauderdale, FL 33301  
brad@pathtojustice.com  

Paul G. Cassell  
383 S. University Street  
Salt Lake City, UT 84112  
cassellp@law.utah.edu  

J. Stanley Pottinger  
49 Twin Lakes Rd.  
South Salem, NY 10590  
StanPottinger@aol.com  

         */s/ Holly Rogers*  
         Holly Rogers