**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

Plaintiff, Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

Defendant.
_________________________________/

**RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO COMPEL NON-PARTY WITNESS TO PRODUCE DOCUMENTS AND RESPOND TO DEPOSITION QUESTIONS AND TO COMPLETE SEARCH OF ESI**

**TABLE OF CONTENTS**



## TABLE OF AUTHORITIES



Non-party, [redacted], by and through her undersigned counsel, hereby files this reply in Opposition to Defendant's Renewed Motion to Compel Non-Party Witness to Produce Documents and Respond to Deposition Questions and to Complete Search of ESI (DE 864)[1].

**BACKGROUND**

Despite the way the instant motion is styled by Defendant, it is little more than an improper Motion for Reconsideration, as Defendant attempts to re-litigate her previous motion to compel [redacted] documents -- a motion upon which this Court has already ruled. This is Defendant's second such effort in as many weeks. As the Court will recall, Defendant recently filed another Motion for Reconsideration (DE 844) on April 11, 2016. This Court summarily denied that motion the day after it was filed. *See* DE 853, April 12, 2017 Order Denying Motion for Reconsideration ("The Defendant's motion for reconsideration, ECF No. 844, is denied."). And now, a mere eight days later, on April 20, 2017, Defendant filed yet another Motion for Reconsideration of this Court's Order regarding discovery of non-party witness, [redacted] but styled it as a "Motion to Compel." This motion requires the same treatment.

[redacted]

[redacted]

---

[1] [redacted]

[Content redacted]

**ARGUMENT**

[Content redacted]

[redacted] *See Smartix International LLC v. Garrubbo, Romankow & Capese*, No. 06 CIV 1501 (JGK), 2007 WL 41666035 at *2 (S.D.N.Y Nov. 20, 2007) (court protecting deponent from annoyance, embarrassment and harassment by denying party's attempt to obtain personnel records relating to non-party).

Courts are more vigilant with these protections when the discovery is being sought from a non-party. "[T]he fact of non-party status may be considered by the Court in weighing the burdens imposed in the circumstances." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed.Cir.1993); *accord Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014); *see also Dart Industries Co., Inc. v. Westwood Chemical Co.,* 649 F.2d 646 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a non-party is the target of discovery.").

Courts have routinely denied the discovery of non-parties when it is clear that the purpose is to obtain personal information for intimidating or harassing the witness. *See DaCosta v. City of Danbury*, 298 F.R.D. 37 (D. Conn. 2014). [redacted]



Case 1:15-cv-07433-LAP   Document 871   Filed 04/26/17   Page 7 of 17

5





7

[redacted]

9

[page contents redacted]



10



*Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 92 (D. Conn. 2012) (finding request for production on non-party - including creation of privilege log - too burdensome). "Within this [Second] Circuit, courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome."

*Tucker*, 281 F.R.D. at 92 (citing *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (status as non-party "significant" factor in denying defendant's discovery demand [redacted]

**CONCLUSION**

[redacted]

Dated: April 26, 2017

Respectfully Submitted,

By: /s/ J. Stanley Pottinger

J. Stanley Pottinger (Pro Hac Vice)
*Counsel for Sarah Ransome*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 26th of April, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
       jpagliuca@hmflaw.com

Sigrid McCawley, Esq.
Meredith Schultz, Esq.
BOIES SCHILLER & FLEXNER, LLP
401 E. Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 956-0022
smccawley@bsfllp.com
mschultz@bsfllp.com

David Boies
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
brad@pathtojustice.com

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[3]
cassellp@law.utah.edu

Peter Guirguis, Esq.
MINTZ & GOLD, LLP
600 Third Avenue
New York, NY 10016
(212) 696-4848
guirguis@mintzandgold.com

/s/ J. Stanley Pottinger
J. Stanley Pottinger

[3] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.