# United States District Court
## Southern District of New York

Virginia L. Giuffre,

               Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

               Defendant.

_____/


## PLAINTIFF MS. GIUFFRE'S NOTICE PURSUANT TO RULE 415 OF SIMILAR ACTS EVIDENCE


Sigrid McCawley
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

## **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................. 1

SUMMARIES OF EXPECTED TESTIMONY ............................................................. 2

CONCLUSION .......................................................................................................................... 11

CERTIFICATE OF SERVICE ................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**                                                                    **Tab**

*United States v. Barnason,*
  852 F. Supp. 2d 367 (S.D.N.Y. 2012) .................................................................. 1, 2

**Rules**

Fed. R. Evid. 413(d)(5) ......................................................................................... 1

Fed. R. Evid. 415 ......................................................................................... *passim*

Fed. R. Evid. 415(b) ............................................................................................. 2

**Other Authorities**

137 Cong. Rec. S4925(daily ed. Apr. 24, 1991) ................................................... 2

Plaintiff, Ms. Virginia Giuffre, respectfully submits this notice of her intent to present evidence of Defendant Maxwell's similar acts, pursuant to Fed. R. Evid. 415.

## BACKGROUND

The Court will recall that during the March 30, 2017, hearing regarding Ms. Giuffre's Motion in Limine to Present All Evidence of Defendant's Involvement in Epstein Sexual Abuse and Sex Trafficking (DE 686), counsel discussed with the Court an opportunity to provide additional notice of the similar acts evidence that Ms. Giuffre was seeking to admit under Fed. R. Evid. 415. Ms. Giuffre's position is that all of this evidence is admissible without resort to Rule 415, either as simply substantive evidence of the truth of Ms. Giuffre's allegations that Defendant was involved in Epstein's sex abuse and sex trafficking or as prior bad acts evidence admissible under 404(b). But because the Court has not yet ruled on those arguments, out of an abundance of caution, Ms. Giuffre wishes to ensure that she has complied with all of the procedural requirements for admissibility of the evidence under Rule 415.

Fed. R. Evid. 415 broadly admit evidence that a "party committed any other sexual assault or child molestation." The rule extends to acts of conspiracy to commit sexual assault. *See* Fed. R. Evid. 413(d)(5) (defining "sexual assault" as specifically extends to "conspiracy" to engage in sexual assault. This Court has previously dealt with the application of Rule 415 in *United States v. Barnason*, 852 F. Supp. 2d 367 (S.D.N.Y. 2012) (Sweet, J.). The Court explained the basis for Rule 415 in words that have a very direct application to the circumstances of this case. The Court acknowledged that while mere "propensity" evidence is generally inadmissible, "an exception exists for cases involving sexual abuse and child molestation." *Id.* at 371. This Court explained that Rule 415 rests on "probability" grounds – i.e., that if a Defendant has been involved in a sexual assault on one occasion, that makes a victim's allegation of sexual assault on another occasion more likely:

Another ground for consideration is probability. For example, consider a rape case in which the defense attacks the victim's assertion that she did not consent, or represents that the whole incident was made up by the victim. If there is conclusive evidence that the defendant had previously engaged in similar acts – such as a prior conviction of the defendant for rape – then the defense's claim of consent or fabrication would normally amount to a contention that the victim made up a false charge of rape against a person who just happened to be a rapist. The inherent improbability of such a coincidence gives similar crimes evidence a high degree of probative value and support for its admission in such cases.

852 F. Supp. 2d at 376 (Sweet, J.) (*quoting* 137 Cong. Rec. S4925, 4928 (daily ed. Apr. 24, 1991));

Rule 415(b) provides that "[i]f a party intends to offer [similar acts] evidence, the party must disclose it to the party against whom it will be offered, including witnesses' statements or a summary of the expected testimony. The party must do so at least 15 days before trial or at a later time that the court allows for good cause."  This notice will serve to provide the required disclosure of evidence of other acts of sexual assault, including conspiracy to commit sexual assault.  This notice is in addition to the notice previously provided by Ms. Giuffre via her Motion in Limine to Present All Evidence of Defendant's Involvement in Epstein Sexual Abuse and Sex Trafficking (DE 686) and her reply in support of that motion (DE 781).

## SUMMARIES OF EXPECTED TESTIMONY

What follows is a list of the witnesses (and their expected testimony) that Ms. Giuffre will use to establish the similar acts evidence under Rule 415, as well as a summary of the expected testimony and/or a source from which expected testimony can be readily ascertained (e.g., a deposition).  This list is offered only with regard to Rule 415.  Obviously Ms. Giuffre will offer other evidence at trial apart from the testimony described here.

This list does not include the two parties – Ms. Giuffre and Defendant – although both of the parties are obviously expected to testify at trial.  To the extent that the admissibility of their

2

testimony depends on Rule 415, Ms. Giuffre gives notice that her deposition testimony will serve

as the summary of their expected testimonies.



















## **CONCLUSION**

Ms. Giuffre asks the Court to take notice of the foregoing summaries in ruling on her

pending Motion in Limine to Present All Evidence of Defendant's Involvement in Epstein

Sexual Abuse and Sex Trafficking (DE 686).

Dated:  April 28, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By:  /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.

425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 28, 2017, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing

document is being served this day on the individuals identified below via transmission of Notices

of Electronic Filing generated by CM/ECF.

       Laura A. Menninger, Esq.
       Jeffrey Pagliuca, Esq.
       HADDON, MORGAN & FOREMAN, P.C.
       150 East 10th Avenue
       Denver, Colorado 80203
       Tel: (303) 831-7364
       Fax: (303) 832-2628
       Email: lmenninger@hmflaw.com
             jpagliuca@hmflaw.com

                           /s/ Sigrid S. McCawley
                           Sigrid S. McCawley

13





































