**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

**15-cv-07433-RWS**

---------------------------------------------------X

## Defendant Ghislaine Maxwell's Proposed Jury Instructions

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell respectfully submits her proposed jury instructions and provides the following background for and reservations concerning the instructions.

1.    We fundamentally disagree with plaintiff's attempts to litigate this public-figure defamation action as a sex-abuse and sex-trafficking case, and we object to the Court's rulings that have permitted plaintiff to litigate the case in that way.

2.    We have raised numerous legal issues with the Court, and the Court has erred in denying those issues. For example, we asserted numerous meritorious legal issues in our motion for summary judgment, which the Court denied.

3.    Defendant's proposed jury instructions were prepared in this context. That is, for purposes of the instructions we largely have accepted the legal landscape as it has been shaped— improperly and erroneously—by plaintiff and the Court.

4.    We have preserved each of these legal issues for appeal. By submitting these instructions, we do not waive any of our legal positions in the paper submitted to the Court and we do not waive any of our objections to the plaintiff's corresponding legal positions and the Court's adverse rulings. Quite the contrary, we reserve each of these legal issues, and our legal positions and objections, for appeal.

5.    Nonetheless, we reserve the right prior to the jury instruction conference to submit additional proposed jury instructions that we believe reflect the prevailing law on various legal issues, notwithstanding the Court's rulings adversely to defendant on those issues.

6.    We reserve the right to submit additional proposed instructions to the extent legal issues arise before the jury begins its deliberations.

7.    There are numerous motions pending before the Court that implicate a plethora of legal issues, including the scope of discovery, the admissibility of certain evidence, and the propriety of

1

certain expert testimony. We reserve the right to submit additional proposed instructions based on the Court's disposition of those motions.

8.      The defense gives notice that it does not objection to the following instructions proposed by plaintiff: 1, 2, 3, 4, 5 (we object to the last sentence), 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 19, 20, 22, 26, 28, 33 and 34.

Instruction No. 1
Introduction to Jury

Members of the jury, we are about to start the trial of this case, about which you have heard some details during jury selection. Before the trial begins, however, there are certain instructions you should have in order to understand what you will hear and see and how you should conduct yourself during the trial.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:1.

Instruction No. 2
Parties

The party who brings a lawsuit is called plaintiff. In this action the plaintiff is Virginia Giuffre, whose maiden name was Virginia Roberts. She is suing to recover for defamation. The party against whom the suit is brought is called defendant. In this action the defendant is Ghislaine Maxwell.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:2.

4

Instruction No. 3
Openings and Evidence

When I have completed these opening instructions to you, the attorneys will make opening statements to you in which each will outline for you what he or she expects to prove. The purpose of such opening statements is to tell you about each party's claims so that you will have a better understanding of the evidence as it is introduced. What is said in such opening statements is not evidence. The evidence upon which you will base your decision will come from the testimony of witnesses here in court or in examinations before trial, or in the form of photographs, documents, or other exhibits introduced into evidence. Plaintiff makes an opening statement first, and is followed by defendant. After the opening statements, plaintiff will introduce evidence in support of her claim. Normally a plaintiff must produce all of her witnesses and complete her entire case before defendant introduces any evidence, although exceptions are sometimes made to that rule in order to accommodate a witness. After plaintiff has completed the introduction of all of her evidence, defendant may present witnesses and exhibits. If she does so, plaintiff may be permitted to offer additional evidence for the purpose of rebutting defendant's evidence. Each witness is first examined by the party who calls that witness to testify, and then the opposing party is permitted to question the witness. Additional examination and questioning of a witness may occur.

**SOURCE**: N.Y. Pattern Jury Instr.—Civil 1:3.

Instruction No. 4
Objections, Motions

At times during the trial, an attorney may object to a question or to the introduction of an exhibit or make motions concerning legal questions that apply to this case. Arguments in connection with such objections or motions are sometimes made out of the presence of the jury. Any ruling upon such objections or motions will be based solely upon the law and therefore you must not conclude from any such ruling or from anything I say during the course of the trial that I favor either party to this lawsuit.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:4.

Instruction No. 5
Summations

Upon completion of the introduction of evidence, the attorneys will again speak to you in a closing statement or summation. In summing up, the lawyers will point out what they believe the evidence has shown, what inferences or conclusions they believe you should draw from the evidence and what conclusions they believe you should reach as your verdict. What is said by the attorneys in summation, like what is said by them in their opening statements, or in the making of objections or motions during the trial, is not evidence. Summations are intended to present the arguments of the parties based on the evidence.

**SOURCE**: N.Y. Pattern Jury Instr.—Civil 1:5.

Instruction No. 6
Function of Court and Jury

After the summations, I will instruct you on the rules of law applicable to the case and you will then retire for your deliberations. Your function as jurors is to decide what has or has not been proved and apply the rules of law that I give you to the facts as you find them to be. The decision you reach will be your verdict. Your decision will be based on the testimony that you hear and the exhibits that will be received in evidence during the trial. You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as any indication of my opinion as to the facts. As to the facts, neither I nor anyone else may invade your province. I will preside impartially and not express any opinion concerning the facts. Any opinions of mine on the facts would, in any event, be totally irrelevant because the facts are for you to decide. On the other hand, and with equal emphasis, I instruct you that in accordance with the oath you took as jurors you are required to accept the rules of law that I give you whether you agree with them or not. You are not to ask anyone else about the law. You should not consider or accept any advice about the law from anyone else but me.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:6.

8

Instruction No. 7
Competent Evidence

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions and you may hear no answer, or, where an answer has been made, I may instruct that it be stricken or removed from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony that has been stricken or removed from the record in reaching your decision. The law requires that your decision be made solely upon the evidence before you. Such items as I exclude from your consideration will be excluded because they are not legally admissible.

**SOURCE**: N.Y. Pattern Jury Instr.—Civil 1:7.

Instruction No. 8
Weighing Testimony

The law does not, however, require you to accept all of the evidence I shall admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness's testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a conflict in the evidence, you will have to consider whether the apparent conflict can be reconciled by fitting the different versions together. If, however, that is not possible, you will have to decide which of the conflicting versions you will accept.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:8.

Instruction No. 9
Conduct During Recess

The purpose of the rules I have outlined for you is to make sure that a just result is reached when you decide the case. For the same purpose, you should keep in mind several rules governing your own conduct during any recess.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:9.

Instruction No. 10
Discussion with Others; Independent Research

In fairness to the parties to this lawsuit, it is very important that you keep an open mind throughout the trial. Then, after you have heard both sides fully, you will reach your verdict only on the evidence as it is presented to you in this courtroom, and only in this courtroom, and then only after you have heard the summations of each of the attorneys and my instructions to you on the law. You will then have an opportunity to exchange views with each member of the jury during your deliberations to reach your verdict.

Please do not discuss this case either among yourselves or with anyone else during the course of the trial. Do not do any independent research on any topic you might hear about in the testimony or see in the exhibits, whether by consulting others, reading books or magazines or conducting an internet search of any kind. All electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are in the courtroom and while you are deliberating after I have given you the law applicable to this case.

It is important to remember that you may not use any internet services or social media, including Google, Facebook, Twitter, to individually or collectively give or get information about the case or to research topics concerning the trial. Some of the topics you are not to research or discuss through the use of your computers or personal electronic devices are the law, information about any of the issues in the case, the parties, the lawyers or the court. After you have rendered your verdict and have been discharged, you will be free to do any research you choose, or to share your experiences, either directly, or through your favorite electronic means.

For now, be careful to remember these rules whenever you use a computer or other personal electronic device during the time you are serving as a juror but you are not in the courtroom.

While this instruction may seem unduly restrictive, it is vital that you carefully follow these directions. The reason is simple. The law requires that you consider only the testimony and evidence you hear and see in this courtroom. Not only does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence. To do otherwise, by allowing outside information, which may be inaccurate, to affect your judgment, is unfair and prejudicial to the parties and could lead to this case having to be retried.

Accordingly, I expect that you will seriously and faithfully abide by this instruction.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:11.

12

Instruction No. 11
Discussion by Others

Please do not permit any person who is not a juror to discuss this case in your presence, and if anyone does so despite your telling the person not to, report that to me as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact you feel necessary to bring to my attention.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:12.

13

Instruction No. 12
Conversation with Parties or Attorneys

Although it is a normal human tendency to talk to people with whom one comes in contact, please do not, during the time you serve on this jury, talk, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not talk about the case, but do not talk to them at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:13.

Instruction No. 13
Alternate Jurors

Under the law only twelve jurors will deliberate on this case when it is submitted for consideration.

We have selected additional jurors. Alternate jurors are selected to serve because a regular juror may be prevented from continuing to serve by some emergency such as a serious illness or death. Although this seldom happens during a trial, there are cases where we do call on the services of alternates. Alternates are required to pay the same careful attention to the trial as the regular jurors, so that if needed they will be fully familiar with the case.

The fact that there are alternate jurors does not mean that any regular juror is free to excuse himself or herself from the case. As a duly chosen juror it is your obligation to be available throughout the trial.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:13A.

Instruction No. 14
Summary

The description of trial procedure, the rules governing your conduct and the legal principles
I have discussed with you will, I believe, make it easier for you to understand the trial as it goes
on and to reach a just result at its conclusion.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:14.

Instruction No. 15
Introduction

Members of the jury, we come now to that portion of the trial when you are instructed on the law applicable to the case and after which you will retire for your final deliberations. You have now heard all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions that each party believes should be drawn from the evidence presented to you.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:20.

Instruction No. 16
Review Principles Stated

You will recall that at the beginning of the trial I stated for you certain principles so that you could have them in mind as the trial progressed. Briefly, they were that you are bound to accept the law as I give it to you, whether or not you agree with it. You are not to ask anyone else about the law. You should not consider or accept any advice about the law from anyone else but me. Furthermore, you must not conclude from my rulings or anything I have said during the trial that I favor any party to this lawsuit. Furthermore, you may not draw any inference from an unanswered question nor consider testimony that has been stricken from the record in reaching your decision. Finally, in deciding how much weight you choose to give to the testimony of any particular witness, there is no magical formula that can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. The items to be taken into consideration in determining the weight you will give to the testimony of a witness include the interest or lack of interest of the witness in the outcome of the case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner of the witness as the witness testified, the opportunity that the witness had to observe the facts about which he or she testified, the probability or improbability of the witness' testimony when considered in the light of all the other evidence in the case. If it appears that there is a conflict in the evidence, you will have to consider whether the apparent conflict can be reconciled by fitting the different versions together. If, however, that is not possible, you will then have to decide which of the conflicting versions you will accept.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:21.

Instruction No. 17
Falsus in Uno

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:22.

Instruction No. 18
Return to Courtroom

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you have any question about my instructions to you on the law, you have the right to return to the courtroom for the purpose of having such testimony read to you or have such question answered.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:24.

Instruction No. 19
Consider Only Testimony and Exhibits

In deciding this case, you may consider only the exhibits that have been admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom (or as there has been read to you testimony given on examination before trial. Under our rules of practice an examination before trial is taken under oath and is entitled to equal consideration by you notwithstanding the fact that it was taken before the trial and outside the courtroom). However, arguments, remarks, and summation of the attorneys are not evidence nor is anything that I now say or may have said with regard to the facts, evidence.

Do not use any internet services, social media or texting services, such as Google, Facebook, and Twitter, to individually or collectively give or get any information about the case or to research topics concerning the trial. It is important that electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices be turned off while you are deliberating.

Allowing outside information, which may be inaccurate, to affect your judgment is unfair and prejudicial to the parties and could lead to this case having to be retried.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:25.

Instruction No. 20
General Instruction—Circumstantial Evidence

Facts must be proved by evidence. Evidence includes the testimony of a witness concerning what the witness saw, heard or did. Evidence also includes writings, photographs, or other physical objects which may be considered as proof of a fact. Evidence can be either direct or circumstantial. Facts may be proved either by direct or circumstantial evidence or by a combination of both. You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

Direct evidence is evidence of what a witness saw, heard, or did which, if believed by you, proves a fact. For example, let us suppose that a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testifies that he saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact which does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts which form the basis of an inference must be proved and the inference to be drawn must be one that may be reasonably drawn. In the example, even though the witness did not see me knock over the glass, if you believe (his, her) testimony, you could conclude that I did. Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

In reaching your conclusion you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The witness states that he heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it would be only a guess as to who did it. But, if the witness also testifies that he heard the court clerk say "I am sorry," this additional evidence would allow you to decide who knocked over the water glass.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:70.

Instruction No. 21
General Instruction—Interested Witness

The plaintiff and the defendant both testified before you. As parties to the action, both are interested witnesses.

An interested witness is not necessarily less believable than a disinterested witness. The fact that (he, she) is interested in the outcome of the case does not mean that (he, she) has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by (his, her) interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of (his, her) testimony as you find reliable and reject such part as you find unworthy of acceptance.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:91.

Instruction No. 22
General Instruction—Expert Witness

You will recall that [*state name(s) of expert witness(es)*] testified concerning (his, her, their) qualifications in the field(s) of [*state profession(s)*] and gave (his, her, their) opinion(s) concerning issues in this case. When a case involves a matter of science or art or requires special knowledge or skill that most people do not have, a qualified witness is permitted to state (his, her) opinion(s) for the information of the court and jury. The opinion(s) stated by [*state name(s) of expert witness(es)*] (was, were) based on particular facts, as (he, she, they) obtained knowledge of them and testified about them or as the attorney(s) who questioned (him, her, them) asked (him, her, them) to assume. You may reject any opinion if you find the facts to be different from the facts that formed the basis for the opinion. You may also reject an opinion if, after careful consideration of all the evidence in the case, including the cross-examination of [*state name(s) of expert witness(es)*], you decide that an opinion is not convincing. In other words, you are not required to accept any opinion to the exclusion of the facts and circumstances disclosed by other evidence. Opinion testimony should be evaluated in the same way as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the witness's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:90.

Instruction No. 23
General Instruction—Stipulation of Facts

You will remember that during the trial the attorneys made a stipulation in which they agreed to certain facts. This means that there is no dispute as to these facts and that these facts are established for the purposes of this case. You must consider the agreed facts along with all of the other evidence presented and give the agreed facts such weight as you find is appropriate. You will remember that the following facts were agreed to: *[summarize stipulated facts]*.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:78.

Instruction No. 24
Juror's Use of Professional Expertise

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:25A.

Instruction No. 25
Exclude Sympathy

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence—both the testimony and the exhibits—find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:27.

Instruction No. 26
Defamation—Elements of Case—Public Figure

This is an action to recover damages for libel. A libel is a writing that tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace. Before January 2, 2015, plaintiff made numerous public allegations that she was the victim of sexual abuse and sexual trafficking, and that defendant participated in plaintiff's sexual abuse and sexual trafficking. On January 2, 2015, Defendant's press agent, Ross Gow, released a statement denying plaintiff's allegations as "untrue" and "obvious lies." The January 2015 statement was sent via email to various news reporters who had requested a response from defendant. The full statement stated as follows:

To Whom It May Concern,

Please find attached a quotable statement on behalf of Ms Maxwell.

No further communication will be provided by her on this matter.

Thanks for your understanding.

Best

Ross

Ross Gow

ACUITY Reputation

Jane Doe 3 is Virginia Roberts—so not a new individual. The allegations made by Victoria Roberts against Ghislaine Maxwell are untrue. The original allegations are not new and have been fully responded to and shown to be untrue.

Each time the story is re told [sic] it changes with new salacious details about public figures and world leaders and now it is alleged by Ms Roberts [sic] that Alan Derschowitz [sic] is involved in having sexual relations with her, which he denies.

Ms Roberts claims are obvious lies and should be treated as such and not publicised as news, as they are defamatory.

Ghislaine Maxwell's original response to the lies and defamatory claims remains the same. Maxwell strongly denies allegations of an unsavoury nature, which have appeared in the British press and elsewhere and reserves her right to seek redress at the repetition of such old defamatory claims.

To recover damages for libel, plaintiff has the burden of proving several distinct elements. If plaintiff has proved all of these elements, you will decide in her favor and go on to determine the amount of damages. However, if plaintiff failed to prove any one of these elements, she may not recover.

Plaintiff must prove each of the following elements of defamation:

First, plaintiff must prove by a fair preponderance of the credible evidence that statement was defamatory, meaning that the statement had a tendency to expose plaintiff to public hatred, contempt, ridicule or disgrace.

Second, plaintiff must prove by a fair preponderance of the credible evidence that the statement referred to plaintiff, meaning that the statement would be reasonably understood to be about plaintiff.

Third, plaintiff must prove by a fair preponderance of the credible evidence that Maxwell published or broadcast the statement, meaning that the defendant communicated the statement to someone other than plaintiff.

Fourth, plaintiff must prove by clear and convincing evidence that the statement was false, meaning substantially untrue.

Fifth, plaintiff must prove by clear and convincing evidence that when defendant made the statement, defendant knew that it was false or acted in reckless disregard of the truth or falsity of the statement.

Sixth, plaintiff must prove by a fair preponderance of the credible evidence that the statement was a substantial factor in causing plaintiff to suffer financial loss.

You will notice that I told you that plaintiff must prove four of these elements of her libel claim by a "fair preponderance of the credible evidence" and two elements by "clear and convincing evidence."

What does "a fair preponderance of the credible evidence" mean? The credible evidence means the testimony or exhibits that you find to be worthy of belief. A preponderance means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your mind. The law requires that, in order for plaintiff to sustain her burden of proof, the evidence that supports her claim must appeal to you as more nearly representing what took place than that opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. If the evidence favoring plaintiff's claim outweighs the evidence opposed to it that you must decide in favor of plaintiff.

As I told you, plaintiff has the burden of proving, by clear and convincing evidence, that the statement was false and that when defendant made the statement, defendant knew it was false or acted with reckless disregard of whether it was true or false.

"Clear and convincing evidence" is a more demanding standard of proof than a fair preponderance of the credible evidence. Clear and convincing evidence is evidence that satisfies you that there is a high degree of probability that the statement was substantially untrue and that when defendant made the statement, defendant knew it was false or acted with reckless disregard of whether it was true or false.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:23 (modified); *Khan v. N.Y. Times Co.*, 710 N.Y.S.2d 41, 43-44 (1st Dep't 2000); *Dibella v. Hopkins*, No. 01 CIV. 11779 (DC), 2002 WL 31427362, at *2 (S.D.N.Y. Oct. 30, 2002); *Gjonlekaj v. Sot*, 764 N.Y.S.2d 278 2d Dep't 2003).

Instruction No. 27
Defamatory Meaning

The first question for you to decide is whether the January 2015 statement was defamatory. A person's statement is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace—that is, if it would tend to lead the intended audience to whom it was published to form an evil or bad opinion of the plaintiff.

The words in the statement are to be construed in the context of the statement as a whole, and in the same way that the specialized audience to whom the statement was published, news reporters, acquainted with the parties and the subject matter would take them.

Not every unpleasant or uncomplimentary statement is defamatory. A statement that is merely unpleasant, offensive or embarrassing, or that hurts the plaintiff's feelings, is not necessarily defamatory. Because language often has different meanings, the law imposes upon the plaintiff the burden of proving that the statement about which the plaintiff complains would in fact be understood by the average news reporters to whom the statement was addressed as defamatory.

Plaintiff claims that the defendant in January 2015 published via email to various news reporters a statement which said plaintiff's sexual-abuse and sexual-trafficking allegations concerning defendant were "untrue" and "obvious lies." The full text of the email is contained in Instruction No. 26.

You must decide whether the news reporters to whom the January 2015 statement was sent knew sufficient other information to understand the meaning of certain phrases contained within the statement.  You must decide, based on the evidence presented to you, whether plaintiff has proven that the news reporters who received the January 2015 statement already knew:

1.   Plaintiff's allegations that she was the victim of sexual abuse and trafficking;

2.   Plaintiff's allegations against defendant;

3.   Defendant's March 2011 statement denying as "entirely false" plaintiff's allegations about her.

If you find that the news reporters who received the January 2015 statement knew those three categories of information, then you must decide whether plaintiff has proven that the January 2015 statement tended to expose her to hatred, contempt, ridicule or disgrace to those news reporters.  If she has proven this, then you will decide that the statement was defamatory and proceed to consider the other elements.

31

If, however, you decide that:

A. the three categories of information listed above were not known by the news reporters who received the January 2015 statement, _or_

B. although these categories of information were known to those reporters, the statement did not tend to expose plaintiff to hatred, contempt, ridicule or disgrace to those news reporters, then you will decide that the January 2015 statement was not defamatory. In that event, you should end your proceedings and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:24 & 3:24.1 (modified); _Agnant v. Shakur_, 30 F. Supp. 2d 420, 426 (S.D.N.Y. 1998) ("It is well established in New York, however, that statements cannot be libelous per se 'if reference to extrinsic facts is necessary to give them a defamatory import'") (quoting _Aronson v. Wiersma_, 483 N.E.2d 1138, 1140 (N.Y. 1985)), _quoted with approval in Franklin v. Daily Holdings, Inc._, 21 N.Y.S.3d 6, 11 (1st Dep't 2015).

Instruction No. 28
Defamation—Reference to Plaintiff

The second element that plaintiff must prove is that the January 2015 statement referred to her; that is, the plaintiff must prove that the statement was communicated to third persons who reasonably would have understood the statement to refer to the plaintiff.

The January 2015 statement references "Virginia Roberts" and "Victoria Roberts," but plaintiff claims it would be commonly understood by the news reporters who received the statement from their prior communications with defendant's press agent that the statement referred to plaintiff.

If you find it would be commonly understood by those news reporters from the content of the statement, taken according to the customary use of language and from facts about plaintiff known to those reporters, that the statement referred to the plaintiff, then you must consider the remaining elements of plaintiff's case.

If you find it would not be commonly understood by those news reporters from the statement, taken according to the customary use of language and from facts about plaintiff known to such news reporters, that the statement referred to plaintiff, then you should end your proceedings and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:25 (modified).

Instruction No. 29
Defamation—Publication

The third element that plaintiff must prove is that defendant published the January 2015 statement, that is, the statement was read by some person or persons other than the plaintiff.

Plaintiff alleges the statement was published by Ross Gow, the defendant's press agent, to various news reporters.

If you find that the statement was read by someone other than the plaintiff, then you must proceed to consider the other elements of plaintiff's case.

If you find that the statement was not read by someone other than the plaintiff, then you should end your proceedings and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:26 (modified).

Instruction No. 30
Defamation—Falsity

The fourth element for you to decide is whether defendant's January 2015 statement is false. A person's statement is false if it is not substantially true. Minor inaccuracies in the statement may be disregarded in determining whether the statement is false.

You will determine from the evidence presented what the truth was and then compare that with the written statement that you find was made by defendant, taking that statement according to the ordinary meaning of the words.

In order to find the statement to be false, plaintiff must prove the truth of each one of her many allegations that she was the victim of sexual abuse and sexual trafficking, including the following: allegations that defendant engaged in any criminal or other misconduct; allegations that defendant conspired or aided others in any criminal or other misconduct; allegations that defendant was part of a scheme or conspiracy to engage in any criminal or other misconduct; allegations that she was forced to have sex with world leaders and other prominent men; and the facts or details of any events occurring as part defendant's criminal or other misconduct.

If you find that plaintiff has proved the falsity of the January 2015 statement by proving each one of her allegations about sexual abuse and sexual trafficking, then you must proceed to consider the other elements of plaintiff's case.

If you find that plaintiff has not proved the truth of each of her allegations about sexual abuse and sexual trafficking, then plaintiff has not proved the falsity of the January 2015 statement. You should not proceed further, and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:27 (modified).

35

Instruction No. 31
Defamation—Constitutional Malice

The next question for you to decide is whether plaintiff has proved by clear and convincing evidence, as I have defined that term for you, that when defendant made the statement, defendant knew that it was false or acted in reckless disregard of the truth or falsity of the statement.

Reckless disregard means that when defendant made the statement, she had serious doubts as to the truth of the statement or made the statement with a high degree of awareness that the statement was probably false.

If you find that the plaintiff has proved by clear and convincing evidence that when defendant made the statement, she knew the statement was false or acted in reckless disregard of its truth or falsity, then you must proceed to consider the other elements of plaintiff's case.

If you find that plaintiff has not proved by clear and convincing evidence that when defendant made the statement, she knew the statement was false or acted in reckless disregard of truth or falsity of the statement, then you should not proceed further, and report to the Court.

**SOURCE:** Pattern Jury Instr.—Civil 3:28 (modified).

Instruction No. 32
Defamation—Causation of Damages

The sixth element for you to decide is whether the January 2015 statement was a substantial factor in causing plaintiff to suffer financial loss.

To prove financial loss, plaintiff must show that she has already suffered identifiable pecuniary loss as a direct result of the issuance of the January 2015 statement. A future or expected financial loss is not enough. Financial loss is limited to actual pecuniary loss already incurred. Medical expenses do not constitute loss of something having economic or pecuniary value flowing directly from the injury to plaintiff's reputation.

If you find that plaintiff has proved that the January 2015 statement was a substantial factor in causing plaintiff to suffer financial loss, then you must proceed to consider defendant's claimed privileges.

If you find that plaintiff has not proved that the January 2015 statement was a substantial factor in causing plaintiff to suffer financial loss, you should not proceed further, and report to the Court.

**SOURCE:** *F.A.A. v. Cooper*, 566 U.S. 284, 295–96 (2012); D. Dobbs, Law of Remedies § 7.2, pp. 511–513 (1973); *cf.* W. Prosser, Law of Torts § 112, p. 761 (4th ed.1971) (contrasting specific damages with general damages and explaining that "general damages may be recovered for the injury to the plaintiff's reputation, his wounded feelings and humiliation, and resulting physical illness and pain, as well as estimated future damages of the same kind" (emphasis added)); *Andrews v. Hansford Mfg. Corp.*, No. 4641/00, 2002 WL 193139 (N.Y. Sup. Ct. Jan. 22, 2002) (holding that plaintiff's claimed damages, including medical expenses, anguish, loss of future earnings, and loss of retirement benefits, did not constitute loss of something having economic or pecuniary value flowing directly from the injury to former employee's reputation).

Instruction No. 33
Defamation—Absolute Privilege—Pre-Litigation Privilege

Defendant claims the absolute privilege of the pre-litigation privilege. The law protects the defendant—no matter how injurious the publication may have been to the plaintiff—if an allegedly defamatory statement is pertinent to a good faith anticipated legal proceedings and is issued by a lawyer or an agent under his direction. A statement is "pertinent" to a good faith anticipated legal proceeding if it relates in any way to an anticipated legal proceeding. If there is any doubt about whether a statement is pertinent to litigation, you should find that the statement is pertinent. A lawyer anticipates legal proceedings in "good faith" if he or she believes a lawsuit to protect his or her client's rights is or could be supported by the facts and the law.

Defendant asserts that the January 2015 statement was prepared on her behalf by her lawyer Philip Barden in collaboration with her and press agent Ross Gow. Defendant further asserts that Mr. Barden supervised, controlled and directed the response to the news reporters who had requested defendant's response to plaintiff's allegations in the CVRA Joinder Motion, and that for these purposes Mr. Barden directed Mr. Gow as his agent.

If you find that the January 2015 statement was not prepared and sent to various news reporters by a lawyer or a person acting under his direction or was not pertinent to a good faith anticipated legal proceeding, then you should proceed to consider the other defenses the defendant has asserted.

If you find that the January 2015 statement was prepared and sent to various news reporters by a lawyer or a person acting under his direction and was pertinent to a good faith anticipated legal proceeding, then you should not proceed further, and report to the Court.

**SOURCE:** *Front, Inc. v. Khalil*, 28 N.E.3d 15, 16 (N.Y. 2015); *Flomenhaft v. Finkelstein*, 8 N.Y.S.3d 161, 164-65 & n.2 (N.Y. 1st Dep't 2015); *Hawkins v. Harris*, 661 A.2d 284, 289-91 (N.J. 1995); *see* N.Y. Pattern Jury Instr.—Civil 3:31; *Stukuls v. State*, 366 N.E.2d 829, 831 (N.Y. 1977); *Sorenson v. Wolfson*, No. 16-1224, 2017 WL 1043073, at *1 (2d Cir. Mar. 16, 2017); *Bright-Asante v. Saks & Co.*, No. 15 CIV. 5876 (ER), 2017 WL 1064890, at *6 (S.D.N.Y. Mar. 16, 2017).

Instruction No. 34
Defamation—Qualified Privilege—Generally

Defendant has asserted four qualified privileges as defenses to defamation. A defendant is not liable for a statement that is subject to a qualified privilege even if the statement is false and defamatory, unless the defendant in making the statement abused the privilege.

I charge you that under the circumstances of this case the January 2015 statement was made on a privileged occasion. Therefore, good faith on the part of the defendant is presumed.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:32 & 3:32.1 (modified); *Stukuls v. State of N.Y.*, 366 N.E.2d 829, 834 (N.Y. 1977); *Hoyt v. Kaplan*, 694 N.Y.S.2d 227, 229 (3d Dep't 1999); *Thanasoulis v. Nat'l Ass'n for Spec. Foods* Trade, 640 N.Y.S.2d 562, 564 (1st Dep't 1996); *Present v. Avon Prods., Inc.*, 687 N.Y.S.2d 330, 334-35 (1st Dep't 1999); *Feldschuh v. State*, 658 N.Y.S.2d 772, 774 (3d Dept' 1997); *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 62 (2d Cir. 1993); *Hemmens v. Nelson*, 34 N.E. 342 (N.Y. 1893); Restatement (Second) of Torts § 603 & cmt. a (1977).

Instruction No. 35
Defamation—Qualified Privilege—Self-Defense

The first qualified privilege asserted by the defendant is the privilege of self-defense.

The privilege of self-defense arises when the defendant has been attacked by the plaintiff or believes that a statement by the plaintiff has harmed the defendant's reputation. In that event, the defendant is entitled to publish a reply to the plaintiff's attack or statement harming her reputation. The defendant may publish anything she reasonably believes necessary to defend her own reputation against the defamation of the plaintiff, including the statement that the plaintiff's statements are untrue or false, so long as the defendant's counterattack is related to plaintiff's attack.

The defendant's privilege is lost if the reply in self-defense includes substantial defamatory matter not relevant or responsive to the plaintiff's attack, includes substantial defamatory material that is disproportionate to the plaintiff's attack, or is excessively publicized.

Defendant claims plaintiff made an unprovoked and unnecessary attack against defendant that exposed her to public hatred, contempt, ridicule or disgrace and plaintiff engaged in an extensive effort to publicize the attack on defendant. Defendant further claims that she responded with a statement to only those news reporters who had requested a response from her, and that her response was related to plaintiff's attack on defendant.

If you find that defendant has proven the privilege of self-defense by a preponderance of the credible evidence, then you should not proceed further, and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:32 & 3:32.1 (modified); *Cusimano v United Health Servs. Hosps., Inc.*, 91 AD3d 1149, 937 N.Y.S.2d 413 (3d Dept 2012); *Kane v. Orange Cnty. Publ'n*, 232 A.D.2d 526, 527-28, 649 N.Y.S.2d 23 (2d Dep't 1996); *Shenkman v. O'Malley*, 157 N.Y.S.2d 290, 297-98 (1st Dep't 1956); *Collier v. Possum Cereal Co.*, 134 N.Y.S. 847, 853 (1st Dep't 1912); *Buckley v. Vidal*, 327 F. Supp. 1051, 1056 (S.D.N.Y. 1971); Restatement (Second) of Torts § 594 cmt. K,599, 603-605A (1977); Robert D. Sack, *Sack on Defamation: Libel, Slander and Related Problems*, Kindle Loc. 20357-70 (Practicing Law Inst., Apr. 2015 ed.)

Instruction No. 36
Defamation—Qualified Privilege—Common Interest

The second qualified privilege asserted by the defendant is the privilege of common interest.

A defendant is not liable for an allegedly defamatory statement if the statement is a good faith communication on a subject in which he or she has an interest, or a legal, moral or social duty to speak, and the communication is made to a person, such as a news reporter, having a corresponding duty or interest.

The privilege is lost only if defendant made the statement with a reckless disregard for the statement's truth or falsity. Reckless disregard means that defendant entertained serious doubts as to the truth of the statement or made the statement with a high degree of awareness that it was probably false.

Defendant claims she had an interest in communicating with various news reporters via the January 2015 statement concerning plaintiff's allegations and accompanying press, since those news reporters were familiar with plaintiff's allegations and had requested a response from defendant.

If you find that defendant has proven the privilege of common interest by a preponderance of the credible evidence, then you should not proceed further, and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:32 & 3:32.1 (modified); *Buckley v. Fitzsimmons*, 509 U.S. 259, 276-78 (1993); *Wyllie v. Dist. Att'y of Cnty. of Kings*, 770 N.Y.S.2d 110, 115 (2d Dep't 2003); *Lee v. City of Rochester*, 677 N.Y.S.2d 848, 851 (4th Dep't 1998); *Chase v. Grilli*, 512 N.Y.S.2d 125, 125 (2d Dep't 1987); *Perkins v. City of New Rochelle*, No. 00 Civ. 0725(MBM), 2002 WL 31496204, at *2 (S.D.N.Y. Nov. 7, 2002).

Instruction No. 37
Defamation—Qualified Privilege—Fair Comment

The third qualified privilege asserted by the defendant is the privilege of fair comment.

A defendant is not liable for an allegedly defamatory statement if the statement is made regarding a matter of public concern, and is (1) a comment, (2) based on facts truly stated, (3) free from corrupt or dishonorable motives, and (4) the honest expression of the defendant's real opinion.

The privilege is lost only if defendant made the statement with a reckless disregard for the statement's truth or falsity. Reckless disregard means that defendant entertained serious doubts as to the truth of the statement or made the statement with a high degree of awareness that it was probably false.

Defendant claims her January 2015 statement was made regarding a matter of public concern, namely, the alleged sexual abuse and trafficking of women, and was a comment based on facts truly stated, free from corrupt or dishonorable motives and constituted an honest express of defendant's real opinion.

If you find that defendant has proven the privilege of fair comment by a preponderance of the credible evidence, then you should not proceed further, and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:32 & 3:32.1 (modified); *Diaz v. Espada*, 778 N.Y.S.2d 38, 40 (1st Dep't 2004); *Foley v. Press Publ'g Co.*, 235 N.Y.S. 340, 351 (1st Dep't 1929); *Misek-Falkoff v. McDonald*, 177 F. Supp. 2d 224, 232 (S.D.N.Y. 2001), *aff'd*, 63 Fed. Appx. 551 (2d Cir. 2003).

Instruction No. 38
Defamation—Qualified Privilege—Provocation

The fourth qualified privilege asserted by the defendant is provocation. A plaintiff engages in provocation when she publicly attacks the defendant or commences a lawsuit against the defendant when the defendant responds to the public attack. A plaintiff's claimed damages from defamation should be reduced in an amount commensurate with the plaintiff's provocation. The level of plaintiff's provocation should be gauged by the following factors: whether the attack tended to expose the defendant to public hatred, contempt, ridicule or disgrace; the nature and stridency of the attack on the defendant; the extent to which plaintiff publicized her attack on the defendant; and the extent to which plaintiff's initial attack and her lawsuit for defamation against the defendant based on defendant's response to the attack contributed to plaintiff's claimed damages.

Defendant claims that plaintiff deliberately mounted a public, strident and unprovoked attack against defendant, that the attack subjected defendant to public hatred, contempt, ridicule and disgrace, and that plaintiff's unprovoked attack against defendant resulted in plaintiff's self-inflicted injuries.

If you find that defendant has proven plaintiff's provocation by a preponderance of the credible evidence, you should reduce the amount of plaintiff's damages, if you find any, by an amount equal to the harm plaintiff caused by her provocation.

**SOURCE:** *Shenkman v. O'Malley*, 157 N.Y.S.2d 290, 294-96 (1st Dep't 1956); *Animation Equip. Corp. v. Portman*, 192 N.Y.S.2d 268, 271 (Sup. Ct. 1959) (citing Seelman, *The Law of Libel and Slander* §§ 256 & 324, and *Shenkman*); *Andrus v. Harris*, 110 N.Y.S. 819, 819-20 (3d Dep't 1908); *Xavier v. Oliver*, 80 N.Y.S. 225, 225 (2d Dep't 1903); *Fleming v. Kane Cnty.*, 636 F. Supp. 742, 749 (N.D. Ill. 1986) (applying Illinois law; noting that provocation is form of mitigation of damages); *see Klaw v. N.Y. Press Co.*, 129 N.Y.S. 226-27 (1st Dep't 1911).

Instruction No. 39
Defamation—Republication

Each person is responsible for his or her written and oral statements. A person who makes an allegedly defamatory statement to another person is not liable for the other person's republication or repetition of the statement so long as the first person did not authorize or direct the second person to republish or repeat the statement.

Defendant's press agent Ross Gow sent to various news reporters the January 2015 statement. There is no evidence that any media organization republished the January 2015 statement *in toto*. There is evidence that some media organizations republished excerpts from the statement.

Defendant is not liable for the selective republication by the news reporters, or the media organizations whom the reporters were employed by or affiliated with, of any excerpts from the January 2015 statement unless defendant had real and actual authority and control over the reporters' and their organizations' decision to selectively republish excerpts from the statement and she exercised that authority and control to cause the republication of the excerpts.

If you find that defendant authorized and controlled the news reporters' and organizations' decisions to selectively republish excerpts from the January 2015 statement, you may proceed to a consideration of any damages caused by the republication of the excerpts.

If you find that defendant did not authorize and control the news reporters' and organizations' decisions to selectively republish excerpts from the January 2015 statement, you may not award any damages caused by the republication of the excerpts.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:26 cmt.; *Geraci v. Probst*, 938 N.E.2d 917, 921 (N.Y. 2010); *Macy v. N.Y. World-Telegram Corp.*, 141 N.E.2d 586, 570 (N.Y. 1957); *Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1096 (S.D.N.Y. 1984); *Rand v. N.Y. Times Co.*, 430 N.Y.S.2d 271, 275 (1st Dep't 1980).

Instruction No. 40
Defamation—Republication—Redistribution

Defendant's press agent Ross Gow sent to various news reporters the January 2015 statement.

Defendant is not responsible for the distribution by those news reporters to other reporters or other organizations of the January 2015 statement, unless defendant authorized or directed such distribution.

If there was such distribution to other reporters or other organizations without defendant's authorization or direction, then defendant is not responsible for any republication of all of, or excerpts from, the January 2015 statement by these other reporters or other organizations.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:26 cmt.; *Geraci v. Probst*, 938 N.E.2d 917, 921 (N.Y. 2010); *Macy v. N.Y. World-Telegram Corp.*, 141 N.E.2d 586, 570 (N.Y. 1957); *Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1096 (S.D.N.Y. 1984); *Rand v. N.Y. Times Co.*, 430 N.Y.S.2d 271, 275 (1st Dep't 1980).

Instruction No. 41
Defamation—Libel by Extrinsic Fact

Libel by "extrinsic fact" is libel whose defamatory import is not apparent on the face of the publication, but arises only by reference to facts extrinsic to—outside of—the publication. Libel "on its face" is libel whose defamatory import is apparent on the face of the publication itself, without resort to any other source.

You should decide whether the January 2015 statement was capable of a defamatory meaning or whether its defamatory meaning, if any, can only be determined by reference to facts outside of the statement.

If you decide that the defamatory meaning of the January 2015 statement cannot be determined without reference to facts outside of the statement, then you should not proceed further, and report to the Court.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil, Div. 3.D.1; *Aronson v. Wiersma*, 483 N.E.2d 1138, 1140 (N.Y. 1985); *Franklin v. Daily Holdings, Inc.*, 21 N.Y.S.3d 6, 11 (1st Dep't 2015).

Instruction No. 42
Defamation—Single Publication

In March 2011 defendant's press agent Ross Gow issued a statement on behalf of defendant. The statement said in part: "Ghislaine Maxwell denies the various allegations about her that have appeared recently in the media. These allegations are all entirely false."

You are instructed that you may not consider the March 2011 statement to be defamatory and you may not award any damages to plaintiff based on the March 2011 statement.

If you find that the January 2015 statement merely referred back to the March 2011 statement, you are instructed that you may not award any damages for the January 2015 statement.

**SOURCE:** CPLR § 215(3); *Firth v. State*, 775 N.E.2d 463, 464-65 (N.Y. 2002); *Fischer v. Forrest*, No. 14 CIV 1304 & 1307 (PAE) (AJP), 2017 WL 1063464, at *5 (S.D.N.Y. Mar. 21, 2017); *Adelson v. Harris*, 973 F. Supp. 2d 467, 490 (S.D.N.Y. 2013).

# Verdict

I am going to provide you with a written verdict form. You will decide this case by answering the following questions:

1.   Has the plaintiff proved by a fair preponderance of the credible evidence that the January 2015 statement was defamatory?

No _____

Yes _____

**If your answer to this question is No, proceed no further and report to the Court.**

_____   _____
_____   _____
_____   _____
_____   _____
_____   _____

2.   Has the plaintiff proved by a fair preponderance of the credible evidence that the January 2015 statement referred to the plaintiff?

No _____

Yes _____

**If your answer to this question is No, proceed no further and report to the Court.**

_____   _____
_____   _____
_____   _____
_____   _____
_____   _____

3.   Has the plaintiff proved by a fair preponderance of the credible evidence that defendant published or broadcast the January 2015 statement?

No _____

Yes _____

**If your answer to this question is No, proceed no further and report to the Court.**

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

4.   Has the plaintiff proved by clear and convincing evidence that the January 2015 statement was false?

No _____

Yes _____

**If your answer to this question is No, proceed no further and report to the Court.**

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

5.   Has the plaintiff proved by clear and convincing evidence that when defendant made the January 2015 statement, defendant knew that the statement was false or acted in reckless disregard of the truth or falsity of the statement?

No _____

Yes _____

**If your answer to this question is No, proceed no further and report to the Court.**

_____    _____
_____    _____
_____    _____
_____    _____
_____    _____
_____    _____


6.   Has the plaintiff proved by a fair preponderance of the credible evidence that the January 2015 statement was a substantial factor in causing the plaintiff to suffer financial loss?

No _____

Yes _____

**If your answer to this question is No, proceed no further and report to the Court.**

_____    _____
_____    _____
_____    _____
_____    _____
_____    _____
_____    _____


**SOURCE:** Special Verdict Form PJI3:23 SV (modified); N.Y. Pattern Jury Instr.—Civil 3:23.

# Questions Regarding Defendant's Privileges

1.   Has the defendant proved by a fair preponderance of the credible evidence the pre-litigation privilege?

No _____

Yes _____

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

2.   Has the defendant proved by a fair preponderance of the credible evidence the privilege of self-defense?

No _____

Yes _____

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

3.   Has the defendant proved by a fair preponderance of the credible evidence the privilege of common interest?

No _____

Yes _____

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

4.   Has the defendant proved by a fair preponderance of the credible evidence the privilege of fair comment?

No _____

Yes _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____


**SOURCE:** Special Verdict Form PJI3:23 SV (modified); N.Y. Pattern Jury Instr.—Civil 3:23; *see Harris v. O'Hare*, 770 F.3d 224, 230 (2d Cir. 2014), as amended (Nov. 24, 2014); *Kickstarter, Inc. v. Fan Funded, LLC*, 11 CIV. 6909 KPF, 2015 WL 3947178, at *5 n.7 (S.D.N.Y. June 29, 2015), *aff'd*, 654 Fed. Appx. 481 (Fed. Cir. 2016) (quoting *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 115 (2011) (Breyer, J., concurring)).

Instruction No. 43
Compensatory Damages—Financial Loss Required

I am now going to instruct you on the law of compensatory damages. The fact that I instruct you on the law of compensatory damages must not be taken as an indication that you should decide for plaintiff. You will decide on the evidence presented and the rules of law that I have given you whether plaintiff is entitled to recover from defendant.

As I have already explained, in order to recover, plaintiff must prove financial loss. It is not sufficient for plaintiff to claim generally a financial loss. Plaintiff must prove specific financial loss—that is, specific and identifiable financial loss flowing directly from the issuance of the January 2015 statement. A general financial or reputational loss is not enough. Nor is it sufficient to show mental distress, physical prostration, or loss of social position. Instead, plaintiff is not entitled to compensatory damages unless she proves specific financial loss caused by the issuance of the January 2015 statement.

The financial loss that plaintiff claims to have suffered as a result of the January 2015 statement is [*Counsel for Plaintiff to insert*].

If you find that plaintiff did suffer such financial loss, you will award her a sum of money that equals the amount of the financial loss actually suffered by plaintiff.

If you find that plaintiff did not suffer a specific financial loss, you will not award her any compensatory damages, and your duties as jurors will be complete.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:29A; *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 179 (2d Cir. 2000); *Matherson v. Marchello*, 473 N.Y.S.2d 998, 1000 (N.Y. 2d Dep't 1984); *Drug Research Corp. v Curtis Pub. Co.*, 166 N.E.2d 319 (N.Y. 1960); *Garrison v Sun Printing & Publ'g. Ass'n*, 100 N.E. 430 (N.Y. 1912); *Wehringer v Allen-Stevenson School*, 360 N.Y.S.2d 429 (N.Y. 1st Dep't 1974); *Moody v Baker*, 5 Cow. 351 (N.Y. Sup. Ct. 1826).

Instruction No. 44
Compensatory Damages—Harm to Reputation, Emotional Harm

If you find that plaintiff did suffer specific financial loss, you may also award plaintiff such amount as, in the exercise of your good judgment and common sense, you find is fair and just compensation for the injury to plaintiff's reputation and the humiliation and mental anguish in her public and private life which you find was directly and actually caused by the emailing of the January 2015 statement.

In fixing that amount, you should consider plaintiff's standing in the community, the nature of defendant's charge against plaintiff, the extent to which the charge was circulated by defendant or her agents, the tendency of the charge to injure such a person as plaintiff, and all of the other facts and circumstances surrounding the parties.

Such damages cannot be proved with mathematical certainty. Fair compensation may vary, ranging from one dollar, if you decide that there was no injury, to a substantial sum if you decide that the injury was substantial.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:29A; *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 179 (2d Cir. 2000).

Instruction No. 45
Compensatory Damages—Truthful Portions of the Statement

You may not award compensatory damages for those portions of the January 2015 statement you find to be true.

Moreover, if you award compensatory damages after concluding that the January 2015 statement is false and defamatory, you may reduce the award of damages based on the truthful portions of the January 2015 statement, to the extent the truthful portions indicate that plaintiff's reputation was already damaged.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:29:2; *Crane v. N.Y. World Telegram Corp.*, 126 N.E.2d 753 (N.Y. 1955).

Instruction No. 46
Compensatory Damages—Causation—Recipients

In arriving at your decision as to the amount of compensatory damages, you may compensate plaintiff only for damage actually and directly caused by Mr. Gow's transmission of the January 2015 statement.

In determining whether the January 2015 statement actually and directly caused damage to plaintiff, you should consider whether an average news reporter would understand the defamatory meaning of the January 2015 statement absent extrinsic facts. If an average news reporter would not understand the defamatory meaning of the January 2015 statement absent extrinsic facts, and therefore would not have a lesser opinion of plaintiff, then defendant cannot have actually and directly caused damage to plaintiff's reputation. In that case, you should not award general compensatory damages to plaintiff for reputational injury.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:29A; *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, No. 14-CV-7170 (CM), 2017 WL 455561, at *15 (S.D.N.Y. Jan. 31, 2017); *Macy v. N.Y. World-Telegram Corp.*, 141 N.E.2d 566, 570 (N.Y. 1957) *Garrison v. Sun Printing & Publ'g Ass'n*, 100 N.E. 430, 431 (N.Y. 1912); *Bee Publ'n, Inc. v. Cheektowaga Times, Inc.*, 485 N.Y.S.2d 885 (4th Dep't 1985).

Instruction No. 47
Compensatory Damages—Injuries via Conduct of Others

This is a defamation case concerning the January 2015 statement issued on defendant's behalf. I have instructed you that you may compensate plaintiff only for damage actually and directly caused by the issuance of the January 2015 statement.

Accordingly, you cannot award damages against defendant based on:

- Other acts that may have caused harm to plaintiff;

- The actions of other individuals;

- Injuries that may have occurred prior to issuance of the January 2015 statement, no matter the cause;

- Injuries caused by other individuals, such as Jeffrey Epstein; or

- Statements by other individuals, including Alan Dershowitz and Prince Andrew.

If you are unable to determine what, if any, damages were actually and directly caused by the issuance of the January 2015 statement, you cannot award plaintiff any compensatory damages.

**SOURCE:** U.S. Const. amends. I, V, XIV; *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *Albert v. Loksen*, 239 F.3d 256, 271 (2d Cir. 2001); N.Y. Pattern Jury Instr.—Civil 2:278; N.Y. Pattern Jury Inst.—Civil 2:72.

Instruction No. 48
Compensatory Damages—No Reputational Impairment

Defendant claims plaintiff's reputation was already so badly tarnished that issuance of the
January 2015 statement could not have further injured plaintiff. If you find that only sight, if
any, harm could have been caused by the January 2015 statement, either because plaintiff's
reputation was already so low or because the true portions of the January 2015 statement have
such damaging effects, then you cannot award compensatory damages of any amount for
reputational harm.

**SOURCE:** *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 303 (2d Cir. 1986); N.Y. Pattern
Jury Instr.—Civil 3:29.

Instruction No. 49
Compensatory Damages—Statement Made in Good Faith Anticipation of Litigation

Defendant claims that the January 2015 was issued in good faith anticipation of litigation. If you find that the January 2015 statement was pertinent to a good faith anticipated litigation, and that the statement was made by defendant's attorney Philip Barden (or his agent, Ross Gow), then you cannot award plaintiff compensatory damages.

**SOURCE:** *Front, Inc., v Khalil*, 28 N.E.3d 15, 16 (N.Y. 2015).

Instruction No. 50
Compensatory Damages—Reasonable Grounds for Belief in Truth of Statement

You cannot award plaintiff compensatory damages if defendant had reasonable grounds to believe in the truth of the January 2015 statement.

**SOURCE:** *Crane v. N.Y. World Telegram Corp.*, 126 N.E.2d 753, 757 (N.Y. 1955); N.Y. Pattern Jury Instr.—Civil 3:30.

Instruction No. 51
Compensatory Damages—Republication

I have instructed you that, in arriving at your decision as to the amount of compensatory damages, you may consider the extent to which the January 2015 statement was circulated by defendant or her agents. Specifically, you may only consider to whom the January 2015 statement was initially sent by defendant or her agents.

However, plaintiff is not entitled to compensatory damages based on the republication of the January 2015 statement by the original recipients of the statement unless you find that defendant had actual control over the decision of the media representatives to republish all or a portion of the January 2015 statement.

**SOURCE:** *Davis v. Costa-Garvas*, 580 F. Supp. 1082, 1096 (S.D.N.Y. 1984); *Geraci v. Probst*, 938 N.E.2d 917, 921 (N.Y. 2010).

Instruction No. 52
Compensatory Damages—Selective, Partial Republication

I have instructed you that, in arriving at your decision as to the amount of compensatory damages, you may consider the extent to which the January 2015 statement was circulated. Specifically, you may consider to whom the January 2015 statement was initially sent.

However, plaintiff is not entitled to compensatory damages based on the selective, partial republication of the January 2015 statement by any of the media recipients or by anyone else.

**SOURCE:** *Rand v. N.Y. Times Co.*, 430 N.Y.S.2d 271, 275 (1st Dep't 1980).

Instruction No. 53
Compensatory Damages—Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

If you find defendant liable and plaintiff has suffered damages, plaintiff may not recover for any item of damage that she could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages that she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether plaintiff acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendant has the burden of proving the damages that plaintiff could have mitigated. In deciding whether to reduce plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether defendant has satisfied her burden of proving that plaintiff's conduct was not reasonable.

**SOURCE:** Pattern Civ. Jury Instr. 5th Cir. 15.5 (2014); N.Y. Pattern Jury Instr.—Civil 2:325; *Wilmot v. State*, 297 N.E.2d 90, 92 (N.Y. 1973) ("No recovery may be had for losses which the person injured might have prevented by reasonable efforts and expenditures.") (internal quotations omitted).

# Compensatory Damages—Special Verdict Form

1.   State the amount of financial loss, if any, awarded to plaintiff.

Amount: $_____

If you decide not to make an award of damages for financial loss to plaintiff, you will insert the word "none" and skip Question 2.

Your verdict must be unanimous.

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

2.   State the amount of general compensatory damages, if any, awarded to plaintiff.

Amount: $_____

If you decide not to make an award of general compensatory damages to plaintiff, you will insert the word "none."

Your verdict must be unanimous.

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:29A.

Instruction No. 54
Punitive Damages—Entitlement to Punitive Damages—General Instruction—Common Law
Malice

Plaintiff asks that you award punitive damages. Punitive damages may be awarded to punish a defendant who has acted maliciously and to discourage others from doing the same. A statement is made maliciously if it is made with deliberate intent to injure, or made out of hatred, ill will, or spite, or made with willful, wanton or reckless disregard of another's rights.

If you find that the January 2015 statement was malicious, as that term is defined, you may, but are not required to, award plaintiff punitive damages.

If you find that the January 2015 statement was not malicious, as that term is defined, you cannot award punitive damages.

The burden is on plaintiff to prove by clear and convincing evidence that defendant acted maliciously.

**SOURCE:** *Prozeralik v. Capital Cities Commc'ns, Inc.*, 626 N.E.2d 34, 41-42 (N.Y. 1993); *Orange & Rockland Utils, Inc. v Muggs Pub, Inc.*, 739 N.Y.S.2d 610, 611 (2d Dep't 2002); *Camillo v Geer*, 587 N.Y.S.2d 306, 309 (2d Dep't 1992); N.Y. Pattern Jury Instr.—Civil 3:30 (modified).

Instruction No. 55
Punitive Damages—Entitlement to Punitive Damages—Common Law Malice Definition—
Causation

"Maliciously" does not refer to defendant's general feelings about plaintiff, but instead to her motivation for issuing the January 2015 statement. If the January 2015 statement was issued to defend defendant from the allegations in the CVRA Joinder Motion and resulting media coverage of that motion, to dissuade the media from publishing plaintiff's allegations, or for some other non-malicious reason, then you cannot award punitive damages to plaintiff. Rather, plaintiff is entitled to punitive damages only if malice was the one and only cause for the publication of the statement.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is entitled to punitive damages.

**SOURCE:** *Liberman v. Gelstein*, 605 N.E.2d 344, 350 (N.Y. 1992); *Morsette v. "The Final Call"*, 764 N.Y.S.2d 416, 421 (1st Dep't 2003); N.Y. Pattern Jury Instr.—Civil 3:30.

Instruction No. 56
Punitive Damages—Entitlement to Punitive Damages—Common Law Malice Definition—
Effect of the Statement absent Extrinsic Facts

In determining whether defendant acted maliciously when her press agent issued the January 2015 statement, you should consider whether an average news reporter would understand the defamatory meaning of the January 2015 statement absent extrinsic facts. If an average news reporter would not understand the defamatory meaning of the January 2015 statement absent extrinsic facts, and therefore would not have a lesser opinion of plaintiff's reputation, you can consider that fact in determining whether defendant made the statement with deliberate intent to injure, or out of hatred, ill will, or spite, or with willful, wanton or reckless disregard of another's rights.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is entitled to punitive damages.

**SOURCE:** *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, No. 14-CV-7170 (CM), 2017 WL 455561, at *15 (S.D.N.Y. Jan. 31, 2017); *Bee Publ'n, Inc. v. Cheektowaga Times, Inc.*, 485 N.Y.S.2d 885 (4th Dep't 1985).

Instruction No. 57
Punitive Damages—Entitlement to Punitive Damages—Presumption against Punitive
Damages

In arriving at your decision whether to award punitive damages, you should presume plaintiff
has been made whole for her injuries by compensatory damages. As a result, you should award
punitive damages only if defendant's culpability, after having paid compensatory damages, is so
reprehensible as to warrant the imposition of further sanctions to achieve punishment or
deterrence.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is
entitled to punitive damages.

**SOURCE:** *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

Instruction No. 58
Punitive Damages—Entitlement to Punitive Damages—No Punitive Damages if Plaintiff
Provoked Defendant to Issue the January 2015 statement

You cannot award plaintiff punitive damages if there was a reasonable excuse for defendant, arising from the provocation of plaintiff, to issue the January 2015 statement. Defendant submits that she was provoked by the allegations plaintiff made in the CVRA Joinder Motion and the resulting media coverage of that motion. If you conclude that the CVRA Joinder Motion and resulting media coverage of that notion provided a reasonable excuse for defendant to cause her lawyer and press agent to issue the January 2015 statement, you cannot award punitive damages.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is entitled to punitive damages.

**SOURCE:** *Gressman v. Morning Journal Ass'n*, 90 N.E. 1131, 1133 (N.Y. 1910); N.Y. Pattern Jury Instr.—Civil 3:30.

Instruction No. 59
Punitive Damages—Entitlement to Punitive Damages—No Punitive Damages if Statement
Made in Good Faith Anticipation of Litigation

Defendant claims that the January 2015 was issued in good faith anticipation of litigation. If you find that the January 2015 statement was pertinent to a good faith anticipated litigation, and that the statement was made by defendant's attorney Solicitor Philip Barden (or his agent, Ross Gow), then you cannot award plaintiff punitive damages.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is entitled to punitive damages.

**SOURCE:** *Front, Inc., v Khalil*, 28 N.E.3d 15, 16 (N.Y. 2015).

Instruction No. 60
Punitive Damages—Entitlement to Punitive Damages—No Punitive Damages if Reasonable
Grounds for Belief in Truth of Statement

You cannot award plaintiff punitive damages if defendant had reasonable grounds to believe in
the truth of the January 2015 statement.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is
entitled to punitive damages.

**SOURCE:** *Crane v. N.Y. World Telegram Corp.*, 126 N.E.2d 753, 757 (N.Y. 1955); N.Y.
Pattern Jury Instr.—Civil 3:30.

Instruction No. 61

Punitive Damages—Entitlement to Punitive Damages—No Damages if Defendant's Conduct
Could Not Have Realistically Caused Reputational Impairment

Defendant claims that plaintiff's reputation was already so badly tarnished that issuance of the
January 2015 statement could not have further injured plaintiff. If you find that only sight, if
any, harm could have been caused by the January 2015 statement, either because plaintiff's
reputation was already so low or because the true portions of the January 2015 statement have
such damaging effects, then you cannot award punitive damages.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is
entitled to punitive damages.

**SOURCE:** *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 303 (2d Cir. 1986); N.Y. Pattern
Jury Instr.—Civil 3:29.

Instruction No. 62
Punitive Damages—Entitlement to Punitive Damages—No Punitive Damages Based on
Republication

Plaintiff is not entitled to punitive damages based on the republication by media representatives of all or portions of the January 2015 statement, unless you find that defendant had actual control over the decision of the media representatives to republish all or portions of the January 2015 statement.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is entitled to punitive damages.

**SOURCE:** *Davis v. Costa-Garvas*, 580 F. Supp. 1082, 1096 (S.D.N.Y. 1984); *Geraci v. Probst*, 938 N.E.2d 917, 921 (N.Y. 2010).

Instruction No. 63
Punitive Damages—Entitlement to Punitive Damages—No Punitive Damages Based on
Selective, Partial Republication

Plaintiff is not entitled to punitive damages based on the selective, partial republication of the
January 2015 statement.

I remind you that the burden is on plaintiff to prove by clear and convincing evidence that she is
entitled to punitive damages.

**SOURCE:** *Rand v. N.Y. Times Co.*, 430 N.Y.S.2d 271, 275 (1st Dep't 1980).

Instruction No. 64
Punitive Damages—Entitlement to Punitive Damages—Actual (Constitutional) Malice
Required if Plaintiff is Not a Public Figure

[*If Court concludes plaintiff is not a public figure:*] [Plaintiff is not entitled to punitive damages unless she proves by clear and convincing evidence that defendant acted with actual (constitutional) malice when, through her lawyer and press agent, she issued the January 2015 statement—that is, with knowledge of the falsity of the January 2015 statement, or with reckless disregard for the truth or falsity of the statement.]

**SOURCE:** U.S. Const. amends. I, IX; *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974).

# Punitive Damages—Special Verdict—Entitlement to Punitive Damages

Is plaintiff entitled to punitive damages against defendant?

No _____

Yes _____

Your verdict must be unanimous.

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:30; *Rupert v. Sellers*, 368 N.Y.S.2d 904, 912-13 (4th Dep't 1975).

Instruction No. 65
Conclusion

I have now outlined for you the rules of law that apply to this case and the processes by which you weigh the evidence and decide the facts. In a few minutes you will retire to the jury room for your deliberations. Your first order of business when you are in the jury room will be the election of a foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote is entitled to no greater weight than that of any other juror. Your function—to reach a fair decision from the law and the evidence—is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view of reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence and while each of you must decide the case for yourself and not merely consent to the decision of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper respect and regard for the opinions of each other. Remember in your deliberations that the dispute between the parties is, for them, a very important matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to truly try the issues of this case and render a true verdict.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:28.

Instruction No. 66
Punitive Damages—Amount of Punitive Damages—General Considerations

You have decided that plaintiff is entitled to punitive damages. You must next decide what amount of punitive damages to award.

In arriving at your decision as to the amount of punitive damages, you should consider the following factors:

    1.   The nature and reprehensibility of what defendant's approval of her lawyer and press agent's issuance of the January 2015 statement. That would include the character of the wrongdoing and defendant's awareness of what harm the conduct caused or was likely to cause. In considering the amount of punitive damages to award, you should weigh this factor heavily.

    2.   The actual and potential harm created by defendant in approving her lawyer and press agent's issuance of the January 2015 statement. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by plaintiff, and to the compensatory damages you awarded plaintiff.

    3.   Defendant's financial condition and the impact your punitive damages award will have on defendant.

An award of punitive damages must be reasonable in light of these factors.

**SOURCE:** U.S. Const. amends. V, XIV; *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); N.Y. Pattern Jury Instr.—Civil 3:30.

Instruction No. 67
Punitive Damages—Amount of Punitive Damages—Defendant's Financial Condition

I have instructed you that, in arriving at your decision as to the amount of punitive damages, you may consider defendant's financial condition and the impact your punitive damages award will have on defendant.

Your consideration of this factor cannot be based on passion or prejudice, or bias against defendant or her financial condition. Your consideration of this factor must not be arbitrary. Rather, any consideration of defendant's financial consideration must be reasonable, and any award based on it must be proportionate to the actual and potential harm suffered by plaintiff, and to the compensatory damages you awarded.

**SOURCE:** U.S. Const. amends. V, XIV; *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); N.Y. Pattern Jury Instr.—Civil 3:30.

Instruction No. 68
Punitive Damages—Amount of Punitive Damages—No Penalty for Other Injuries or the
Conduct of Other People

This is a defamation case concerning the January 2015 statement issued on defendant's behalf. In arriving at your decision as to the amount of punitive damages, you may only consider the issuance of the January 2015 statement and the harm, if any, caused by the issuance of that statement.

You cannot consider other acts that may or may not have caused harm to plaintiff, nor may you consider the actions of other individuals, such as Jeffrey Epstein, who may have injured plaintiff. You may not penalize defendant for the conduct of others.

Rather, you many award punitive damages only if you conclude defendant acted maliciously in issuing the January 2015 statement, and any punitive damages must be based solely on the harm caused by the January 2015 statement.

**SOURCE:** U.S. Const. amends. I, V, XIV; *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); N.Y. Pattern Jury Instr.—Civil 2:278.

Instruction No. 69
Punitive Damages—Amount of Punitive Damages—Causation Absent Extrinsic Facts

I have instructed you that, in arriving at your decision as to the amount of punitive damages, you should consider the actual and potential harm created by defendant in approving her lawyer and press agent's issuance of the January 2015 statement. In evaluating this factor, you should consider whether an average news reporter would understand the defamatory meaning of the January 2015 statement absent extrinsic facts. The actual or potential harm created by defendant in approving her lawyer and press agent's issuance of the January 2015 statement is less if an average news reporter would not understand the defamatory meaning of the January 2015 statement absent extrinsic facts, and therefore would not have a lesser opinion of plaintiff's reputation.

**SOURCE:** *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, No. 14-CV-7170 (CM), 2017 WL 455561, at *15 (S.D.N.Y. Jan. 31, 2017); *Bee Publ'n, Inc. v. Cheektowaga Times, Inc.*, 485 N.Y.S.2d 885 (4th Dep't 1985).

Instruction No. 70
Punitive Damages—Amount of Punitive Damages—Statement Made in Good Faith

In arriving at your decision as to the amount of punitive damages, you should consider whether defendant acted in good faith in issuing the January 2015 statement. Defendant claims that she relied in good faith on the advice of her attorney, Philip Barden, in authorizing issuance of the January 2015 statement. If you find that defendant acted in good faith reliance on Mr. Barden's advice, you may consider that good faith in reducing the amount of punitive damages you award.

*Shenkman v. O'Malley*, 157 N.Y.S.2d 290, 296-97 (N.Y.1956); *Bush v. Prosser*, 11 N.Y. 347, 356 (1854); N.Y. Pattern Jury Instr.—Civil 3:30 (modified).

Instruction No. 71
Punitive Damages—Amount of Punitive Damages—Partial Truth

In arriving at your decision as to the amount of punitive damages, you should consider whether portions of the January 2015 statement are true. If you conclude that portions of the January 2015 statement are true, you may consider those truthful portions in reducing the amount of punitive damages you award.

**SOURCE:** *Gressman v. Morning Journal Ass'n*, 90 N.E. 1131, 1133 (N.Y. 1910); N.Y. Pattern Jury Instr.—Civil 3:30 (modified).

# Punitive Damages—Special Verdict—Amount of Punitive Damages

State the amount of punitive damages you award against defendant.

Amount: $

Your verdict must be unanimous.

_____     _____
_____     _____
_____     _____
_____     _____
_____     _____

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 3:30 (modified); *Rupert v. Sellers*, 368 N.Y.S.2d 904 (4th Dep't 1975).

Instruction No. 72
General Instruction—Charge After Verdict

Members of the jury, your verdict completes your service in this case. On behalf of the judicial system of this state, I thank you for that service. Before you leave the courtroom, however, I want to inform you that you do not have to answer questions about the case asked by anyone other than me. The public interest requires that jurors have the utmost freedom of debate in the jury room, and that each of you be free to express your views without fear of what others may think. Although you are not required to maintain secrecy about what occurred in the jury room, you should keep in mind your own best interests as jurors before discussing the case with anyone or answering any questions about it. In sum, you are free to discuss the case with anyone and you are also free to decline to discuss the case.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:105.

Jury Instruction No. _____ (Reserved)

You will remember that during the testimony of the witness _____, a written statement made by (him, her) before this trial was introduced in evidence. That written statement is not proof of the facts stated in it. If, however, you find that the written statement is not consistent with the testimony given by _____ at this trial, you may consider that inconsistency in deciding whether you will believe all, or a part, or none of the testimony _____ gave during this trial and how much weight you will give to _____'s testimony. In other words, you may only consider the written statement in connection with _____'s believability and not for any other purpose.
[*It is suggested that this charge be adapted to the appropriate statement, written or oral, and be given in appropriate form initially when the statement is received in evidence. See, e.g.*, N.Y. Pattern Jury Instr.—Civil 1:90.2.]

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:66.

Jury Instruction No. _____ (Reserved)

You will recall that [*state expert witness's name*] was called as a witness by (plaintiff AB, defendant CD). On cross-examination, [*state expert witness's name*] was asked whether (he, she) recognized (a certain work, certain works) as authoritative. Many professional treatises and articles are written, but they are not necessarily recognized as authoritative by all professionals in the field of [*state witness's field of expertise*]. Therefore, the fact that [*state expert witness's name*] did not recognize as authoritative some or all of the works listed by (AB's, CD's) lawyer should not be used by you in deciding the weight to be given [*state expert witness's name*] testimony.

With regard to those articles or treatises that [*state expert witness's name*] did recognize as authoritative, they should not be considered by you as proof of any fact. The only purpose for which the statements in those articles and treatises were (read, referred to) is to assist you in evaluating the reliability of [*state expert witness's name*] testimony. If you find that any statement contained in these articles or treatises is inconsistent with [*state expert witness's name*] testimony, you may consider that inconsistency in deciding what weight you will give to [*state expert witness's name*] testimony. You may not consider the contents of the articles or treatises for any other purpose.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:90.1.

Jury Instruction No. _____ (Reserved)

The [*identify demonstrative exhibit*] was (admitted, shown to you) for the limited purpose of illustrating and assisting you to understand the opinion of [*state expert witness's name*] and may not be considered for any other purpose.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:90.2.

Jury Instruction No. _____ (Reserved)

You are about to hear the lawyer for (plaintiff, defendant) read portions of a document referred to as an examination before trial of (plaintiff, defendant, the witness AB). You may hear the lawyers refer to this document as an EBT or deposition.

At some point before this trial began the (plaintiff, defendant, witness AB), under oath, answered certain questions put to (him, her) by the lawyers for (plaintiff, defendant, all parties). A stenographer recorded the questions and answers and transcribed them into a document which the (plaintiff, defendant, witness AB) later signed before a notary public. The portions of the transcript of the examination before trial that you will hear are to be considered as if (plaintiff, defendant, witness AB) were testifying from the witness stand.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:94.

Jury Instruction No. _____ (Reserved)

It is highly desirable that you agree upon a verdict, if you reasonably can. The case is important to the parties involved, and its presentation has involved expense to both sides. If you fail to agree upon a verdict, the case will have to be tried before another jury selected in the same manner as you were chosen. There is no reason to believe that the case will ever be submitted to a jury more competent than you.

By pointing out to you the desirability of your reaching a verdict, I am not, in any way, suggesting that you surrender your conscientious convictions about the truth and about the weight and effect of all the evidence. However, in most cases, absolute certainty cannot be expected, and each of you must decide the case for yourselves by examining the questions with candor and frankness. It is your duty to give careful consideration to the opinion and reasoning of your fellow jurors, and they must give similar consideration to yours. After full deliberation and consideration of all of the evidence, it is your duty to agree upon a verdict, if you can do so without violating your individual judgment and conscience.

**SOURCE:** N.Y. Pattern Jury Instr.—Civil 1:100.

Dated: April 28, 2017

Respectfully submitted,

/s/ Laura A. Menninger
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
Ty Gee *(pro hac vice)*
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

91

## CERTIFICATE OF SERVICE

I certify that on April 28, 2017, I electronically served this *Defendant's Proposed Jury Instructions* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
Boies, Schiller & Flexner, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos &
Lehrman, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons