United States District Court
Southern District of New York

Virginia L. Giuffre,

      Plaintiff,          Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

      Defendant.
_____/

**<u>PLAINTIFF MS. GIUFFRE'S MOTION TO EXCLUDE PHILIP BARDEN FROM TESTIFYING AT TRIAL, TO EXCLUDE DEFENSES BASED UPON CERTAIN DOCUMENTS AND TO EXCLUDE THEIR PRESENTATION AT TRIAL, FOR AN ADVERSE INFERENCE JURY INSTRUCTION, AND FOR ATTORNEYS' FEES</u>**

Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

This Court recently issued an Order requiring that Defendant ███████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
         █████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
         ████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
      █████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████████ These documents are responsive to

Ms. Giuffre's previous Requests for Production,[1] they contain Court-ordered search terms, and they are not protected by any privilege, work product or otherwise. Accordingly, they should have been produced pursuant to this Court's previous Order, and Defendant willfully failed to produce them.



It is well-settled law that once an attorney deliberately distributes her work product to an adverse party, it loses any privilege. *Costabile v. Westchester, New York*, 254 F.R.D. 160, 164 (S.D.N.Y. 2008) ("Work product may be shown to others when there is some good reason to show it; however, once a party voluntarily discloses work product to an adversary, the need for the privilege disappears."); *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 90 (D.C.N.Y., 1981) ("Disclosure to an adversary waives the work product protection as to items actually disclosed, even where disclosure occurs in settlement.).

---

[1] The Requests to which these documents are responsive include, but are not limited to, Ms. Giuffre's Document Request No. 12 and Request No. 17 from Ms. Giuffre's Second Request for Production. *See* McCawley Dec. at Exhibit 3.

█████████████████████████ *See* August 9, 2016 Order.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ yet these responsive documents – that Defendant now claims are protected by the work product doctrine – do not appear on Defendant's Privilege Log. *See* █████████████████ ██████████ Accordingly, not only did Defendant improperly withhold these documents, she also improperly failed to disclose them on her privilege log. They were simply hidden.

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

---

[3] The Requests to which these documents are responsive include, but are not limited to, Ms. Giuffre's Document Request No. 12 and Request No. 17 from Ms. Giuffre's Second Request for Production. *See* McCawley Dec. at Exhibit 3.

███████████████████████████████████████████████████████

This is yet another document wrongfully withheld by Defendant in contravention of this Court's August 9, 2016 Order.

The Court is now in possession of three additional documents that Defendant failed to produce in contravention of this Court's Order, in addition to the ███ emails (emails that included among them ████████████████████████████████████████ that Defendant wrongfully withheld. So, it is not simply the ███ emails that Defendant withheld, it was also non-privileged, responsive ████████████████████████ These documents should have been gathered by the Court-ordered search terms and produced, but they were not, not until this Court ordered ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

Finally, it is apparent ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

## REQUESTED RELIEF

For the foregoing reasons, Ms. Giuffre respectfully asks this Court to give the jury an adverse inference instruction for failure to produce electronically stored information, exclude Barden from testifying at trial, forbid any use of the Barden documents at trial by Defendant, exclude any of Defendant's defenses relating to these documents or the presentation of these documents to the jury, award attorneys' fees to Ms. Giuffre for bringing the instant motion, and

5

provide such other relief as the Court deems just and proper.

Dated: May 1, 2017

                Respectfully Submitted,

                BOIES SCHILLER FLEXNER LLP

        By: /s/ Sigrid McCawley
                Sigrid McCawley (Pro Hac Vice)
                Boies Schiller Flexner LLP
                401 E. Las Olas Blvd., Suite 1200
                Ft. Lauderdale, FL 33301
                (954) 356-0011

                David Boies
                Boies Schiller & Flexner LLP
                333 Main Street
                Armonk, NY 10504

                Bradley J. Edwards (Pro Hac Vice)
                FARMER, JAFFE, WEISSING,
                EDWARDS, FISTOS & LEHRMAN, P.L.
                425 North Andrews Avenue, Suite 2
                Fort Lauderdale, Florida 33301
                (954) 524-2820

                Paul G. Cassell (Pro Hac Vice)
                S.J. Quinney College of Law
                University of Utah
                383 University St.
                Salt Lake City, UT 84112
                (801) 585-5202[4]

---

[4] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 1, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>         jpagliuca@hmflaw.com

>/s/ Sigrid S. McCawley
>Sigrid S. McCawley