UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

VIRGINIA GIUFFRE,

                Plaintiff,               15 Civ. 7433

    -against-

                                OPINION

GHISLAINE MAXWELL,

                Defendant.

----------------------------------------X

A P P E A R A N C E S:

        Counsel for Virginia Giuffre

        BOIES, SCHILLER & FLEXNER LLP
        401 East Las Olas Boulevard, Suite 1200
        Fort Lauderdale, FL 33301
        By:   Sigrid S. McCawley, Esq.
              Meredith L. Schultz, Esq.

        Counsel for Ghislaine Maxwell

        HADDON, MORGAN AND FOREMAN, P.C.
        150 East Tenth Avenue
        Denver, CO 80203
        By:   Laura A. Menninger, Esq.
              Jeffrey S. Pagliuca, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/17

        Counsel for Michael Cernovich

        RANDAZZA LEGAL GROUP PLLC
        100 Pearl Street, 14th Floor
        Hartford, CT 06103
        By:   Jay M. Wolman, Esq.

**Sweet, D.J.**

Michael Cernovich ("Cernovich" or the "Intervenor") has moved under Rule 24(b) to intervene in this action and to modify the protective order entered in this action in order to unseal particular documents submitted in connection with the motion of defendant Ghislaine Maxwell ("Maxwell" or the "Defendant") for summary judgment to dismiss the complaint of plaintiff Virginia L. Giuffre ("Giuffre" or the "Plaintiff"). Based upon the conclusions set forth below, the motion to intervene is granted, and the motion to modify the protective order is denied.

## I.    Prior Proceedings

This defamation action was commenced on September 21, 2015 and has been intensely litigated as reflected by over 880 docket entries as of this date. Familiarity with the prior opinions is assumed. *See Giuffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 831949 (S.D.N.Y. Feb. 29, 2016); *Giuffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016); *Giuffre v. Maxwell*, No. 15 Civ. 7433 (RWS) (S.D.N.Y. May 2, 2016); *see also* March 22, 2017 Redacted Opinion on Defendant's Motion for Summary Judgment, ECF No. 872.

2

At issue is the truth or falsity of statements made by
the Plaintiff which have been characterized as lies by the
Defendant, giving rise to this defamation action. Among the
statements at issue are allegations of sexual abuse of minors.
Discovery has proceeded involving these issues and those persons
allegedly involved.

**II.   The Protective Order**

The Protective Order was entered on March 17, 2016 and
provided confidentiality for documents, materials and/or
information so designated by the parties, together with
procedures relating to the designations and any challenges to
the designations among other provisions. It also provided that
the Protective Order would not affect the use of confidential
information at trial.

**III.   The Motion to Intervene is Granted**

Based upon the conclusions reached in the November 2,
2016 order granting intervention to Alan Dershowitz, the motion

3

of Cernovich to intervene to modify the Protective Order is
granted.[1]

## IV. The Motion to Modify the Protective Order is Denied

The Protective Order provided confidentiality for
information the parties determine would "improperly annoy,
embarrass or oppress any party, witness or person providing
discovery in this case." Protective Order, ECF No. 62, p. 1.
Intensive discovery has proceeded without challenge to a
significant number of designations, principally by the
Plaintiff. The Intervenor seeks to unseal the materials
submitted in connection with the Defendant's motion for summary
judgment. The opinion denying that motion for summary judgment
has been filed under seal, and includes a direction, in
accordance with the agreed-upon procedure, that the parties
submit an opinion that redacts any information that is subject
to the Protective Order. That opinion, containing uncontested
redactions, has been filed, ECF No. 872. The redactions to the

---

[1] The Plaintiff had moved to strike Cernovich's opposition to her
notice of intent to request certain redactions on the basis that
Cernovich had not been granted standing as an Intervenor. That
motion, ECF No. 763, is now denied as moot.

opinion omit only the confidential fact contentions of the
parties resulting from the discovery.[2]

In the Second Circuit, there is a "strong presumption
against the modification of a protective order, and orders
should not be modified absent a showing of improvidence in the
grant of the order or some extraordinary circumstance or
compelling need." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir.
2011) (affirming denial of motion to lift confidentiality
provisions of the protective order). Indeed, "once a discovery
protective order is in place, the applicable standard required
plaintiff seeking to modify the order to show improvidence in
the grant of the protective order or some extraordinary
circumstance or compelling need." *In re September 11 Litigation*,
262 F.R.D. 274 (S.D.N.Y. 2009). This Court has, three times,
found the issues presented in the action warrant a Protective
Order, and has specifically expressed concern for its ongoing
efficacy.

The Second Circuit has been hesitant to permit
modifications that might "unfairly disturb the legitimate

---

[2] The argument with respect to the summary judgment was held in
open court without objection, *see* Transcript of February 16,
2017 Hearing, ECF No. 702, at p. 16. The Plaintiff's request for
redaction, ECF No. 721 and 793, is denied.

5

expectations of the parties or deponents." *Dorsett v. County of Nassau*, 289 F.R.D. 54, 65 (E.D.N.Y. 2012) (internal citations and quotations omitted) (denying motion to lift confidentiality of report of policing failures surrounding the murder of a young mother). "It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* (internal citations and quotations omitted). Consequently, "the Second Circuit determined that 'absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need . . . a witness should be entitled to rely upon the enforceability of a protective order against any third parties.'" *Id.* (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) (denying governmental access for criminal investigative purposes civil deposition transcripts taken under a protective order).

In this case, the parties and multiple deponents have reasonably relied on the Protective Order in giving testimony and producing documents including evidence of assault, medical records, and emails. *See Med. Diagnostic Imaging, PLLC v. Carecore Nat., LLC*, 2009 WL 2135294, at *4 (S.D.N.Y. 2009) (denying motion to modify protective order because parties and

third parties reasonably relied upon the terms of the protective order). Third-party witnesses have done the same.

Cernovich cites no civil case in which a court modified a protective order to give an intervenor access to discovery information about the sexual assault of a minor, except for a case when the intervenor was the handicapped victim's mother. Instead, Cernovich cites authority that is inapposite and self-evidently distinguishable.

In *In re Pineapple Antitrust Litig.*, No. 04 MD. 1628 RMB MHD, 2015 WL 5439090 (S.D.N.Y. Aug. 10, 2015), cited by Cernovich, the motion was granted because it was a "long-closed civil lawsuit," not an ongoing litigation, as is the case here. Similarly, in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016), the Court only allowed intervention "[after parties settled the action" – not one month prior to the commencement of trial. This action is currently scheduled for trial in mid-May and a release of contested confidential discovery materials could conceivably taint the jury pool.

Further, there was "no viable basis to deny the motion" offered in *In re Pineapple*, 2015 WL 5439090, at *1,

7

whereas here, the Plaintiff has provided in opposition
sufficient basis to deny the motion, including the case's status
as ongoing and near trial, and the nature of the documents
requested as sensitive, regarding sexual assault of a minor at
issue. In *N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 685
F.3d 286, 298 (2d Cir. 2011), the Court stated: "Accordingly, we
have recognized that 'a person's physical safety' as well as
'the privacy interests of individuals' such as witnesses, third
parties, and those investigated in connection with a legal
violation, may 'warrant closure.'" Here, privacy interests of
both parties and third parties warrant closure with respect to
discovery materials. In *Schiller v. City of N.Y.*, No. 04 CIV.
7921(KMK), 2006 WL 2788256 (S.D.N.Y. Sept. 27, 2006), the motion
was brought by the New York Times and the Court granted the
motion while noting that the intervention "for the limited
purpose of challenging strictures on the dissemination of
information should not impede the progress of the litigation."
*Id.* at *3. There is no such limited purpose here.


Another case cited by Cernovich, *Hartford Courant Co.
v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004), is inapposite
because it involved the right of access to docket sheets which
Cernovich already has.

The Court recognizes that there is generally a
presumption of public access to judicial documents. The Second
Circuit has noted that where, as here, "a district court 'denied
the summary judgment motion, essentially postponing a final
determination of substantive legal rights,' the public interest
in access 'is not as pressing.'" *United States v. Amodeo*, 71
F.3d 1044, 1049 (2d Cir. 1995) (quoting *In re Reporters Comm.
for Freedom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C. Cir.
1985) (Wright, J., concurring in part and dissenting in part)).
Because of the sensitive nature of the materials designated as
confidential, involving allegations of sexual abuse and
trafficking of minors, and because we are mere weeks from
assembling a jury for trial, the importance of leaving these
materials protected by the Protective Order outweighs any public
interest in their publication at this time.

The Intervenor seeks to modify the Protective Order
with respect to documents produced in discovery and referred to
in the parties' factual statements. Protection of confidential
discovery in this case is appropriate. *See, e.g.*, *Doe v. City of
San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *5 (S.D.
Cal. May 14, 2014) (denying in part a request to unseal where
the court found the information to be of the kind that would
"gratify private spite, promote public scandal, circulate

9

libelous statements, or release trade secrets") (internal
quotation marks and citation omitted). To the extent that the
summary judgment decision of March 22, 2017 relied upon the
confidential fact submissions, that reliance was set forth.

The Intervenor has not established a compelling need
for the documents obtained in discovery which undergird the
summary judgment decision.

The motion of the Intervenor to modify the Protective
Order to obtain discovery materials deemed confidential by the
parties is denied.

**V.   Conclusion**

This opinion resolves ECF Nos. 550, 763, and 793.

The motion of the Intervenor to intervene is granted.
The motion to modify the Protective Order is denied.

10

It is so ordered.

**New York, NY**
**May 2, 2017**

_____
ROBERT W. SWEET
U.S.D.J.