**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------X
                                                    :
VIRGINIA L. GIUFFRE,                                :
                                                    :
        Plaintiff,                                  :
                                                    :
v.                                                  :          **15-cv-07433-RWS**
                                                    :
GHISLAINE MAXWELL,                                  :
                                                    :
        Defendant.                                  :
                                                    :
----------------------------------------------------X


## Defendant's Response in Opposition to Plaintiff's Notice Pursuant to Rule 415 of Similar Acts Evidence

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

I.   FED. R. EVID. 415 IS NOT APPLICABLE TO THIS CASE BECAUSE THERE IS NO "CLAIM FOR RELIEF BASED ON SEXUAL ASSAULT OR MOLESTATION"............ 2

II.  NONE OF THE PROFFERED EVIDENCE SUBSTANTIATES ANY ALLEGED "SEXUAL ASSAULT" OR "CHILD MOLESTATION" AS DEFINED BY FED. R. EVID. 413 AND 414 ................................................................................................................ 4

   A.   There are no allegations of "sexual assault" by Ms. Maxwell ......................... 4

   B.   Plaintiff cannot demonstrated that Ms. Maxwell "committed any other sexual assault"  6

III.   THE PROFFERED TESTIMONY IS INDEPENDENTLY INADMISSIBLE ................. 7

IV.  THE SPECIFIC PROFFERS ARE INSUFFICIENT, INCORRECTLY SUMMARIZE TESTIMONY, OR OTHERWISE INADMISSIBLE ........................................................ 8

   A.   The summary of previously undisclosed witness testimony is insufficient to meet the notice requirements of Fed. R. Evid. 415 ............................................................... 8

      ■ ████████ ................................................................................................. 8
      ■ ████████ ................................................................................................. 10
      ███████████████████████████████████
      ██████████ .................................................................................. 10
      ████████████████████████████████████
      ████████████████████████████
      ██████████ .................................................................................. 10

   B.   Witnesses admittedly having no personal knowledge cannot provide Fed. R. Evid. 415 testimony ....................................................................................................... 10

   C.   Women claiming to have had sexual relations with Mr. Epstein provide no evidence of sexual assault committed by Ms. Maxwell .................................................... 14

      ■ ████████ ................................................................................................. 15
      ■ ████████ ................................................................................................. 15
      ■ ████████ ................................................................................................. 16

   D.   Witnesses' invocation of the Fifth Amendment is not admissible under Rule 415 and the notice is insufficient ................................................................................... 16

   E.   Testimony of the parties ................................................................................. 17

V.   PLAINTIFF'S PROFFERED EVIDENCE IS INADMISSIBLE UNDER RULE 403 ....... 18

CONCLUSION ................................................................................................................... 21

CERTIFICATE OF SERVICE .............................................................................................. 22

i

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Response in Opposition to Plaintiff's Notice Pursuant to Rule 415 of "Similar Acts Evidence" ("Notice") and further states as follows:

## INTRODUCTION

The title of Plaintiff's Notice is telling.  Plaintiff captions her document "Notice Pursuant to Rule 415 of <u>Similar Acts Evidence</u>."  Fed. R. Evid. 415 does not apply to "similar acts." The Rule is strictly limited to "evidence that the party committed any other sexual assault or child molestation," as those acts are narrowly defined.  There is not *a single* allegation in any of the noticed testimony that Ms. Maxwell *ever* engaged in any act of child molestation or sexual assault.  No such evidence exists.

Nevertheless, Plaintiff has identified  Plaintiff, however, provides no legal support that this *defamation* case qualifies for the application of Rule 415.  It does not.  She further fails to identify *any* testimony that would qualify under the narrow scope of Rule 415, which permits, but does not require, admission of "evidence that the party committed any other sexual assault or child molestation" as those terms are defined in Fed. R. Evid. 413 and 414.  **There is no proffered testimony that Ms. Maxwell sexually assaulted anyone.  There is not even an allegation that she touched anyone, let alone had sexual contact with them, and certainly no sexual contact that would constitute sexual assault as defined in Fed. R. Evid. 414.**  Plaintiff does nothing more than allege vague "other acts" that are inadmissible under both 415 and 404(b). [1]

---

[1] Plaintiff has separately filed a Motion *in Limine* to Present All Evidence of Defendant's Involvement in Epstein Sexual Abuse and Sex Trafficking," (Doc. No. 686), to permit "other acts" evidence under Fed. R. Evid. 404(b). That motion remains pending.  For the reasons fully briefed in the Response to that Motion, (Doc. No. 744), and in Ms. Maxwell's Motion in Limine to Exclude 404(b) Evidence, (Doc. No. 694), all testimony proffered by

In addition, the vast majority of Plaintiff's proffered testimony is independently inadmissible under the Federal Rules of Evidence, almost all of it constituted of hearsay or testimony not based on personal knowledge.  But even if Plaintiff could overcome all other evidentiary hurdles, the evidence must be excluded under Fed. R. Evid. 403 because it has no probative value to this single count defamation action, would expand the scope of trial, waste time, and mislead and confuse the jury.

Rule 415 is inapplicable to this single count defamation claim, and the proffered evidence is otherwise inadmissible under the Rules of Evidence. It must be excluded.

## I.   FED. R. EVID. 415 IS NOT APPLICABLE TO THIS CASE BECAUSE THERE IS NO "CLAIM FOR RELIEF BASED ON SEXUAL ASSAULT OR MOLESTATION"

The starting point for analysis of Plaintiff's Notice is the text of Fed. R. Evid. 415, noticeably absent from the Notice itself.  The rule reads:

Similar Acts in Civil Cases Involving Sexual Assault or Child Molestation

(a) Permitted Uses. In a civil case *involving a claim for relief based on a party's alleged sexual assault or child molestation*, the court may admit evidence that the party committed any other sexual assault or child molestation. The evidence may be considered as provided in Rules 413 and 414.

(b) Disclosure to the Opponent. If a party intends to offer this evidence, the party must disclose it to the party against whom it will be offered, including witnesses' statements or a summary of the expected testimony. The party must do so at least 15 days before trial or at a later time that the court allows for good cause.

(c) Effect on Other Rules. This rule does not limit the admission or consideration of evidence under any other rule.

Plaintiff assumes, without support or analysis, that the Fed. R. Evid. 415 is applicable to this case.  Plaintiff is wrong.

---

Plaintiff of other alleged acts is inadmissible and must be excluded under 404(b).  None of that proffered evidence constitutes 415 evidence, as demonstrated herein.

Under Rule 415, a claim is "'predicated' on a sexual offense **only when the elements of that offense are also elements of the civil claim**." § 5413B Scope of Rule 415—"Case Predicated", 23 Fed. Prac. & Proc. Evid. § 5413B (1st ed.).[2] Here, however, there is no "*claim for relief based on* a party's alleged sexual assault or child molestation.*"* Fed. R. Evid. 415(a). The only claim for relief in this case is based on alleged defamation.  Defamation requires proof of: (1) a defamatory statement of fact; (2) that is false; (3) published to a third party; (4) of and concerning the Plaintiff; (5) made with the applicable level of fault on the part of the speaker; (6) either causing harm or constituting slander per se; and (7) not protected by privilege. *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 14-CV-7170 (CM), 2017 WL 455561, at *11 (S.D.N.Y. Jan. 31, 2017) (citing *Albert v. Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001)).  The element of "sexual assault" is starkly lacking.  Plaintiff is not seeking "relief" in the form of recovery of damages for sexual assault or child molestation.  She is seeking damages based on alleged reputational injury.

One need only look to the "relief" requested by Plaintiff in her damages calculation as set forth ████████████████████ to see that she seeks relief solely "based on" damages for the allegedly defamatory statement, *i.e.*, being accused of making untrue claims.  Her claimed ████ ████████████████ specifically *exclude*[3] any ████████████████████ ████████████████████.  *See* Menninger Decl. Ex. A, at 1, 16.  Plaintiff has one claim for relief, and it is "based on" defamation.  Sexual assault or child molestation are not elements of a defamation claim.  Rule 415 does not apply to this case.

---

[2] The 2011 Amendments changed the word "predicated" to "based on," specifically noting that there was no change in meaning of the Rule.

[3] Ms. Maxwell maintains that the relief requested in ████████████████ is improper, a matter that has been addressed in other motions and will be addressed in the charging conference.  For purposes of this analysis, however, the only point is that ████████ properly excluded alleged damages for ████████████████ acknowledging such "relief" was improper in this defamation case.

II.   **NONE OF THE PROFFERED EVIDENCE SUBSTANTIATES ANY ALLEGED "SEXUAL ASSAULT" OR "CHILD MOLESTATION" AS DEFINED BY FED. R. EVID. 413 AND 414**

A.      **There are no allegations of "sexual assault" by Ms. Maxwell**

Assuming *arguendo* that Rule 415 applies to this case, Plaintiff's argument fails on its own terms.  Three conditions must be met for evidence to be admissible under Fed. R. Evid. 415:

> First, the defendant must be accused of an offense of sexual assault or child molestation; second, the evidence being proffered must relate to the commission of *another* offense of sexual assault or child molestation; and last, the evidence has to be relevant.

*Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (citing *United States v. Guardia,* 135 F.3d 1326, 1328, 1332 (10th Cir.1998)).  Rule 415 states that "the court may admit evidence that ***the party*** committed any other ***sexual assault or child molestation***. The evidence may be considered as provided in Rules 413 and 414."  Thus, to proffer any evidence under the Fed. R. Evid. 415, the proffered evidence must show that: 1) Ms. Maxwell, 2) committed, 3) some "other" 4) sexual assault or child molestation as those terms are defined by Fed. R. Evid. 413 and 414.  Not one of Plaintiff's proffers meets this standard.

The claim of any act, let alone *another* act, of "child molestation" is a non-starter.  There is no claim in this defamation action that Ms. Maxwell engaged in "child molestation" as that term is defined by Fed. R. Evid. 414, which defines "child" as a "person below the age of 14." Fed. R. Evid. 414(d)(1).  Focusing on Plaintiff's allegation in the CVRA Motion and attendant press coverage that she acknowledges she must prove were true, Plaintiff alleged that she was █ ████████████████████████████  This has been proven and admitted untrue by Plaintiff. Regardless, even by Plaintiff's false allegation, there is no claim of "child molestation."

Thus, Rule 415 would only apply if there were evidence of actual *commission* of sexual assault ***by Ms. Maxwell*** (the Party) against a specific "other" person that constitutes sexual assault is defined by Fed. R. Evid. 413.  "At the very least Rule 413 does *not* authorize courts to

4

admit evidence of an act that is not itself a 'sexual assault' or at least an 'attempt' to commit

sexual assault." *See Proving prior sexual offenses in trials for sexual offenses*, 2 Federal

Evidence § 4:84 (4th ed.)

None of Plaintiff's proffered testimony includes any such claim. Rule 413 defines

"sexual assault" for purposes of Rule 415:

> **(d) Definition of "Sexual Assault."** In this rule and Rule 415, "sexual assault" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:
>
> **(1)** any conduct prohibited by 18 U.S.C. chapter 109A[4];
>
> **(2)** contact, without consent, between any part of the defendant's body — or an object — and another person's genitals or anus;
>
> **(3)** contact, without consent, between the defendant's genitals or anus and any part of another person's body;
>
> **(4)** deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
>
> **(5)** an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4).

The entirety of the proffered "summary" testimony lacks a single reference to any claim

that Ms. Maxwell engaged in any sexual act, let alone one constituting sexual assault under Rule

413. None of the witnesses states that Ms. Maxwell had sexual contact with the witnesses

themselves, or was directly observed by that witness having sexual contact with anyone else.

There is certainly no testimony of non-consensual sexual contact. Because the evidence contains

---

[4] All conduct prohibited by 18 U.S.C. chapter 109A involves "sexual acts" defined as:
**(2)** the term "sexual act" means—
**(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
**(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
**(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
**(D)** the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; 18 U.S.C. 2246.

no allegation of sexual assault by Ms. Maxwell as that term is defined in Rule 413, Rule 415

cannot serve as a theory of admissibility for the proffered testimony.

> **B.      Plaintiff cannot demonstrated that Ms. Maxwell "committed any other sexual assault"**

Under the text of the Rule 415, the proffered evidence must show that "the party

<u>committed</u> any other sexual assault."  Plaintiff bears the burden of proving by clear and

convincing evidence that Ms. Maxwell committed any other sexual assault. 2 Federal Evidence §

4:84, *Proving prior sexual offenses in trials for sexual offenses* (4th ed.).

> *Proving other assaults.* Proof that the defendant committed a prior assault may be less than definitive if there has been no conviction. The question arises whether this issue is resolved by the trial judge as a matter of admissibility under Rule 104(a), or by the jury as a matter of conditional relevancy under Rule 104(b). Since such evidence almost by definition brings a risk of prejudice, the wiser course would be to vest greater authority in the trial judge, and to authorize the judge to exclude the proof not convinced that defendant committed the assault (applying at least a preponderance standard, or perhaps a clear and convincing standard).

Absent specifying the crime alleged, the elements of the crime, or how the proffered

"evidence" proves the crime, the Court must exclude the evidence as irrelevant under Fed. R.

Evid. 104(a).

Put differently, for Plaintiff's proffer to survive the requirements of Fed. R. Evid. 415,

she must make a specific proffer of 1) the specific "sexual assault" that was committed by Ms.

Maxwell, 2) specify how that act is covered by the provisions on 413(d); and 3) demonstrate by

clear and convincing evidence the specific elements of the crime specified, *i.e.* that Ms. Maxwell

actually *committed* the specified "other" crime.  Plaintiff has met none of these requirements,

requiring exclusion of the proffered evidence.

6

### III.    THE PROFFERED TESTIMONY IS INDEPENDENTLY INADMISSIBLE

Fed. R. Evid. 415 requires application of the other Rules of Evidence in addition to its strictures.  *See* Rule 415(c) ("Effect on Other Rules. This rule does not limit the admission or consideration of evidence under any other rule.").  While the court *may* admit evidence (which would otherwise automatically be excluded under 404(b)), the evidence must be excluded if required by other evidentiary rules, including the hearsay rules.

> Since the 2011 restyling, Rule 413(a) has said that a court "may admit evidence" of other sexual assaults, and it is clear that such evidence must clear other evidentiary hurdles, including the hearsay doctrine. Hence other sexual assaults must be proved in the usual way by testimony **based on firsthand observation**, or by other competent proof that satisfies a hearsay exception.

*See Proving prior sexual offenses in trials for sexual offenses*, 2 Federal Evidence § 4:84 (4th ed.) (emphasis supplied); *see also McMahon v. Valenzuela*, No. 214CV02085-CASA-GRX, 2015 WL 7573620, at *3 (C.D. Cal. Nov. 25, 2015) ("'[T]he general standards of the rules of evidence ... continue to apply [to Rule 415], including the restrictions on *hearsay* evidence.'") (emphasis in original) (*quoting* Kenneth W. Graham, Jr.23 Fed. Prac. & Proc. Evid. § 5416 (1st ed.)).

As Plaintiff notes in each of the "summary" sections, she has previously designated portions of deposition testimony from these witnesses that she would like to use at trial.  Ms. Maxwell has provided her evidentiary objections to that testimony.  Most, if not all, of the designated testimony requires exclusion because it is: 1) not based on personal knowledge or observation and is purely speculative; 2) hearsay without exception; 3) responsive to improper leading questions; 4) irrelevant; and/or 5) more prejudicial than probative.  By way of extremely limited example, Plaintiff seeks to offer testimony from ███████████ about what *Plaintiff told him* about ██████████████████████████.  Motion at 3.  This is classic inadmissible hearsay.

7

The Court has before it the objections to the designated testimony, which it took on submission without argument at the April 5, 2017 hearing.  The objections to the designated testimony are well-founded and must be ruled on individually.  Once the objections to the previously designated testimony are sustained, that testimony is inadmissible.  The inadmissible nature of the testimony is not changed by its designation in the Rule 415 Notice.  To the extent that Plaintiff has provided new designations in the Notice that were not provided as part of the previous designations, such newly designated testimony must be excluded as untimely.

## IV.   THE SPECIFIC PROFFERS ARE INSUFFICIENT, INCORRECTLY SUMMARIZE TESTIMONY, OR OTHERWISE INADMISSIBLE

### A.   The summary of previously undisclosed witness testimony is insufficient to meet the notice requirements of Fed. R. Evid. 415

Three of the witness for whom "summaries" are provided in the Rule 415 Notice, ███████████████████████████████████████████, are subject to a Motion to Exclude under Fed. R. Civ. P. 37(c) because they were never properly disclosed under Rule 26.  *See* Doc. No. 878.  The Rule 415 Notice is the *first* time that the purported content of their testimony has *ever* been disclosed, less than 15 days prior to the scheduled trial, requiring exclusion under the self-executing provisions of Fed. R. C. P. 37.  Moreover, the "summaries" provided fall short of the requirements of Fed. R. Evid. 415.

███████████████████████

The most outrageous of Plaintiff's new witnesses is ██████████, a name never mentioned until Plaintiff filed her witness list February 2017, and a person for whom no contact information has ever been provided.  The ***complete*** summary of her purported testimony is as follows:

███████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████



There is no allegation that Ms. Maxwell participated in any "sexual abuse." There is no allegation, let alone evidence, that Ms. Maxwell witnessed any interaction between ████████ ████████████████. There is no allegation, let alone evidence, that Ms. Maxwell had knowledge of the purpose for bringing ████████████████████. There is certainly no evidence that Ms. Maxwell intended any sexual abuse to occur.

If Plaintiff wants "████████████████████████████ ████████████████," her opportunity to have ████████ provide that description was this Notice. At a minimum, the "notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature."[5] *United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1995) (discussing 404(b) notice). When was she allegedly ████████████████? She does not actually say. What does it even mean that ████████████████████ ████████████████████████████████████ ████████████████.

Plaintiff fails to provide "sufficient information to establish the relevance and probative value of the proffered testimony," and thus fails to meet the notice requirements of Fed. R. Evid. 415. *United States v. Canales*, 718 F.Supp.2d 327, 329 (S.D.N.Y. 2010) (discussing 404(b) notice). For these reasons, and because ████████ was not a witness disclosed in discovery at any time, her testimony must be excluded.

---

[5] The courts have not articulated the degree of information that must be provided in Fed. R. Evid. 415 Notice. Because the alleged act is required to be the commission of a specifically identified type of crime, the correct standard of notice should be the specific details that would be required to actually obtain an indictment for the particular crime alleged.



The purported testimony of these witnesses is as clear as mud.  Plaintiff summarizes their testimony as follows:

What ████████████████? "  Consistent with what "████████████████ ██████████████████? "  When is the ██████████? "

It is apparent that Plaintiff does not even know what, if any, information these witnesses might have or what their testimony would be, even though the witnesses are apparently planning to appear live at trial in less than two weeks.  Under even the most generous reading of the Rule's notice requirement, Plaintiff's summary is "[in]sufficient information to establish the relevance and probative value of the proffered testimony."  *Id.* The ███████' testimony must be excluded under Fed. R. Evid. 415. It must also be excluded under Fed. R. Civ. P. 37(c) for failure to provide required Rule 26 disclosure information.

**B.    Witnesses admittedly having no personal knowledge cannot provide Fed. R. Evid. 415 testimony**

As discussed above, any proffered "evidence" of "sexual assault" by Ms. Maxwell must meet standard evidentiary hurdles, such as being based on personal knowledge and not constituting hearsay.  None of the alleged witnesses purport to have such knowledge.

No witness can provide Rule 415 evidence if she never observed Ms. Maxwell engaging in "sexual assault" as that term is defined by 413.  The proffered summaries are about Jeffery Epstein, and much of the testimony relates to █████████████.  What Plaintiff implies by this testimony is that all of these ███████████████.  But this does not equate to Ms. Maxwell engaging in sexual assault for a simple reason—the proffer does not claim that Ms. Maxwell was a party to the ██████████.  With respect to any witness who does not actually claim to have participated in sexual activity with ████████████, *none* of them have the requisite knowledge to provide evidence against ████████████, let alone Ms. Maxwell.  Indeed, many of the listed witnesses specifically state that they have *no personal knowledge* of anyone engaging in sexual activities with anyone, let alone sexual assault.





---

[6] Plaintiff' claim that █████████ testified that █████████████████ ████████████ is flatly contradicted by his prior testimony where he stated the opposite.
Q█████████████████
████
███████████████
████
████████████████
████
███████████████
████████

Plaintiff's counsel's improper leading questioning resulting in a contrary testimony must be excluded under Fed. R. Evid. 611.  Regardless, there can be no probative value to █████████ conflicting claims, especially in a Fed. R. Evid. 415 analysis where the 403 burdens are heighted.



Plaintiff's claim that ███████████ will provide Rule 415 evidence is baffling.

---

[7] The implication that the alleged pictures of ██████████ were pornographic is belied by ██ ████████ testimony. ████████████████████████████████ ████████████.



████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████ revealed that not one of the alleged ██████ victims ever mentioned ████████

██████ and she was never considered a ████████████████. *Id.* at 10-11, 180-82, 187-96,

241-42, 278. None of ████████ alleged victims said they had seen ██████████████

██████, nor said they had been ████████████████████████████████████

██████████████████ *Id.* Indeed, none of ██████████████████ ever reported to the

government they had met or spoken to ████████. ██████████████████████████

██████████████████████████████████████████████. *Id.* at 214-15.

The ██████████ did not mention ██████████████████████████████████

██████ *Id.* at 203, 211. No property belonging to ██████████████████████

██████████████ was seized from ██████████████████████████████ *Id.*

at 257. Detective Recarey, when asked to describe "██████████████████████████

██████████████████████ replied, ████████ *Id.* at 278. He confirmed he

has no knowledge about ████████████████████ *Id.* at 278-79.

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

██████████

13

The evidence proffered from the ███████████████████████████ ████████ is inadmissible for the multiple reasons set forth in the Motion in Limine to Exclude Police Reports and Other Inadmissible Hearsay (Doc. No. 677).  It should be noted that Plaintiff's sleight of ███████████████████████████████████ ███████████████████████.  Motion at 7.  If Plaintiff intends to offer Rule 415 testimony from any of the witnesses ████████████████████, their testimony must be individually summarized in the Notice.  Moreover, because not *a single* one of these witnesses mentioned Ms. Maxwell, they have no evidence to provide that Ms. Maxwell committed any sexual assault.

> **C.   Women claiming to have had sexual relations with Mr. Epstein provide no evidence of sexual assault committed by Ms. Maxwell**

The only sexual assault evidence permitted under Rule 415 is that committed by *a party*. The testimony █████████████████████████████████ ████████████ therefore fails to meet the requirements of Rule 415.  Moreover, the "summary" of their testimony is inconsistent with that actually provided at deposition.

███ ░░░ ████████

Contrary to the summary provided by Plaintiff, ████████ testimony is that Ms.

Maxwell *never* sexually assaulted her, nor did Mr. Epstein.  What she actually testified is that

████████████████████████████████████.  *See* Menninger Decl. Ex. G, at 60-62.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ provided *no*

testimony that Ms. Maxwell ever engaged in any inappropriate sexual conduct, let alone sexual

assault.  The remaining proffered testimony, *i.e.*, what ████████████████████

████████████████████████████████████████████, is

pure speculation and inadmissible.

███ ░░░ ████████

Again, Rule 415 applies only if there is evidence of sexual assault committed by a party

to the case. Here, the proffer of ████████████████ under Rule 415 is improper because

████████ *never once* mentioned ████████████ does not claim to have met Ms.

Maxwell, and she had no interaction with her.  There is no conceivable relevance between ███

████ testimony and a claim that Ms. Maxwell, who ██████ never met, committed another

sexual assault.  The inadmissibility of ████████ testimony and statements to police are also

separately addressed in Doc. No. 567 (Motion to Exclude Certain Depositions Designations In

ToTo) and Doc. No. 677 (Motion to Exclude Police Reports and other Inadmissible Hearsay),

and should be excluded entirely for the reasons set forth therein.

3.   ████████████

Belatedly disclosed witness ████████████ is the subject of multiple pending Motions, which require her either to comply with required discovery, including sitting for another deposition, or to be excluded as a witness from trial.  Regardless, none of the proffered testimony is admissible under Rule 415.  The sum of the proffer is ████████████ recently fabricated testimony that Ms. Maxwell was ████████████████████████████ ████████████.  What is missing from this testimony is evidence of any commission of sexual assault *by Ms. Maxwell*.  As discussed fully above, absent identification of a specific sexual assault committed by Ms. Maxwell, Rule 415 is inapplicable.

**D.   Witnesses' invocation of the Fifth Amendment is not admissible under Rule 415 and the notice is insufficient**

The final three non-party witnesses identified as providing Rule 415 evidence are ████████ ████████████████████████  Each party invoked their Fifth Amendment privilege and refused to provide any substantive testimony.  As fully briefed in various motions relating to the adverse inference Plaintiff seeks to request from these invocations (Doc. Nos. Doc. Nos. 567, 644, 673 and 746), presentation of non-party invocation must be excluded because it is legally irrelevant and constitutes unduly prejudicial improper lawyer testimony.

For purposes of the Rule 415, the "Notice" provided is inadequate.  The Notice fails to cite to any evidence that Ms. Maxwell ████████████████████████████."  The sum total of the notice is "[a]spects of that [adverse] inference appear to be covered by (among other things) Rule 415, and accordingly Ms. Giuffre provides this notice."  Motion at 9-10.  If Plaintiff cannot even identify what portions of the non-testimony might be considered evidence of commission of another crime of sexual assault, the defense and this Court cannot assess its admissibility.  This is clearly insufficient information for the Court to apply the test

required under Rule 415 or make any relevance determination. *See Canales*, 718 F.Supp.2d at 329 (discussing 404(b) notice requiring notice must provide "sufficient information to establish the relevance and probative value of the proffered testimony").

What is the other alleged sexual assault?  What is the independent proof that would support the questions at all, as required in *LiButti* and fully addressed in the motions concerning adverse inference?  It is preposterous to claim that there can be any relevance to a non-party invocation to *prove* commission of an uncharged offense of sexual assault, especially when such testimony is put under the Fed. R. Evid. 403 microscope, discussed below.

### E.   Testimony of the parties

Plaintiff also purports to provide "notice" that she may seek admission of her own testimony and Ms. Maxwell's testimony under Fed. R. Evid. 415, and provides a "summary" of her testimony as *her entire* deposition.  This, again, is improper notice.  Nowhere in Plaintiff's deposition does she claim that Ms. Maxwell committed another sexual assault.  How is the Court supposed to evaluate, or the defense supposed to argue, issues of quantum or proof or relevance or prejudice under Rule 415 where there is no summary of the actual claimed other "sexual assault" that Plaintiff allegedly testified about?  The Court must rule that there in insufficient notice to permit any Rule 415 testimony by Plaintiff.

Similarly, in her first two depositions lasting more than 13 hours, Ms. Maxwell was asked extensively about ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ and all other conceivable question regarding potential "sexual assaults" and "child molestation."  She adamantly denied any sexual misconduct of any nature or sort at any time. There is not a shred of her deposition testimony that would be admissible pursuant to Rule 415.

17

**V.      PLAINTIFF'S PROFFERED EVIDENCE IS INADMISSIBLE UNDER RULE 403**

Notably absent from Plaintiff's 415 Notice is any discussion of Rule 403.  Of course, Rule 415 evidence must satisfy Rule 403.  *See United States v. Barnason*, 852 F. Supp. 2d 367, 375 (S.D.N.Y. 2012); *see also Morris v. Eversley*, No. 00 CIV. 8166DC, 2004 WL 856301, at *2 (S.D.N.Y. Apr. 20, 2004) ("Rule 403 does still apply, however, and hence I must balance the probative value of the evidence against the danger of unfair prejudice and confusion and considerations of undue delay."); *see also Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268–69 (9th Cir. 2000) (noting applicability of Rule 403 to 415 evidence is "confirmed by the legislative history of Fed.R.Evid. 413–415 because Rep. Susan Molinari, the proponent of the new evidentiary rules, while stating that these new rules were specifically intended to limit Fed.R.Evid. 404(b) in this area, was solicitous in pointing out that 'the general standards of the rules of evidence' such as Fed.R.Evid. 403 still applied to the evidence covered by the new rules") (citing 140 Cong. Rec. 23,603 (1994)).

As the Court noted in *Doe ex rel. Rudy-Glanzer*, courts should pay "careful attention to both the significant probative value and the strong prejudicial qualities" of Rule 415 evidence. *Id.* The Court enumerated several factors to be considered, including: 1) the similarity of the prior acts to the acts charged; 2) the closeness in time of the prior acts to the acts charged; 3) the frequency of the prior acts; 4) the presence or lack of intervening circumstances; and 5) the necessity of that evidence beyond the testimonies already offered at trial." 232 F.3d at 1268-69 (citing *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998))  "In light of the sensitive nature of the evidence proffered, it is important that the district court fully evaluate the factors enumerated above, and others that might arise on a case-by-case basis, and make a clear record concerning its decision whether or not to admit such evidence." *Id.*

18

In her section advocating for admissibility of Rule 415 evidence, Plaintiff neglects to even mention Rule 403. That is fatal it her request to admit this evidence.

In any event, such application of Rule 403 results in exclusion of Plaintiff's proffered testimony. First, none of the proffered testimony is actually evidence of any sex assault by Ms. Maxwell. Even assuming Plaintiff's allegation in CVRA Motion and related press falls under an allegation of "sexual assault" as defined in Rule 414, *and* assuming that proof of that sexual assault is an element of Plaintiff's claim in this defamation case, *not a single other witness* has made an allegation of sexual assault by Ms. Maxwell, including the witnesses identified in the proffer. There is no similarity to the "act charged" (which, again, is defamation, not sex assault). The proffered testimony of the witnesses carries no probative value on the truth of the allegation by Plaintiff that she was the subject of unwanted sexual contact by Ms. Maxwell. It certainly bears no relevance to the question of whether Plaintiff's reputation was damaged when those allegations were denied.

In contrast to the lack of probative value, the danger of unfair prejudice is high. The only summaries of "sexual assault" were purportedly committed by ████████, a non-party. But the risk of unfair prejudice and improper guilt by association is profound.

The likelihood of wasting time and undue delay are even more substantial. The proffer of this testimony will cause multiple mini-trials. Plaintiff will have to identify the particular claim of "sexual assault" she is attempting to prove. She will be required to prove each element based on the legal requirements of that crime and the law under which it is charged. Ms. Maxwell will have to defend against these uncharged allegations. The Court will have to provide a cautionary instruction to jurors that they can consider these other acts only if each element of the alleged commission of the act is proven. This wasteful and distracting testimony and evidence is

19

precisely the type of evidence Fed. R. Evid. 403 is intended to prohibit. *United States v. Mergen*, No. 06-CR-352 (NGG), 2010 WL 1423245, at *3 (E.D.N.Y. Apr. 9, 2010) (excluding 404(b) evidence under 403 because it would cause mini-trials on uncharged crimes and jury's attention will be diverted from the charged crimes); *Fitzpatrick v. Am. Int'l Grp., Inc.*, No. 10 CIV. 0142 MHD, 2013 WL 5912236, at *3 (S.D.N.Y. Nov. 2, 2013) (excluding 404(b) evidence that would "series of mini-trials on satellite issues" expanding the scope of trial and misleading the jury); *United States v. Hatfield*, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010) (same).

Misleading and confusion of the jury with these supposed "other" unidentified "sexual assaults" is greatest danger of all.  This jury is going to be asked to decide whether Plaintiff made at least two untrue allegations about Ms. Maxwell and if so, they are going to find Ms. Maxwell not liable.  Plaintiff admits that she *must* prove that Ms. Maxwell's statement was false. To do this, she must prove that *every single* allegation she made in the CVRA Joinder Motion and the associated press was true, *and* that every single one of her original claims in the 2011 news articles were true.  If Plaintiff has ever made two or more untrue statements, Ms. Maxwell's statement is *not* false and there is no defamation.

As previously argued and demonstrated, Plaintiff concedes that she has made at least two untrue allegations because she has changed her story so dramatically over time.  First she was ████ ████████████████████████████████████. First it was ████████████ ██████████████████████████████████████. First she had no sexual interactions ████████████████████████████████. First she claimed she witnessed ████████ flying on a helicopter piloted by Ms. Maxwell, later she said that never happened.  These "other" unidentified alleged "sexual assaults" do not bear on any of Plaintiff's many untruths, and will simply mislead and confuse the jury.  Plaintiff very much

would like to try this case as a sex assault case about Mr. Epstein, and tarnish Ms. Maxwell by association.  Rule 403 is designed to prevent such miscarriages of justice.

## CONCLUSION

For the reasons articulated above, Fed. R. Evid. 415 is inapplicable to this case at all. None of the proffers provided includes any evidence of the commission of another sexual assault committed by Ms. Maxwell as that term is defined by Fed. R. Evid. 413.  All of the proffered evidence is also inadmissible under other evidentiary rules as fully briefed in multiple motions *in limine* and the specific objections to the designated testimony, making any analysis under Fed. R. Evid. 415 moot.  And the evidence is prohibited by Rule 403. The Court must exclude the proffered under Rule 415 evidence.

Dated: May 3, 2017

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
Ty Gee (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:     303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on May 3, 2017, I electronically served this *Response in Opposition to Plaintiff's Notice Pursuant to Rule 415 of "Similar Acts Evidence"* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

22