

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Eric J. Feder**
212.603.6483 tel
212.379.5279 fax

ericfeder@dwt.com

May 4, 2017

**Via Facsimile and Email**

Hon. Robert W. Sweet
U.S. District Court
  for the Southern District of New York
500 Pearl Street
New York, New York
Email:  SweetNYSDChambers@nysd.uscourts.gov
Facsimile:  (212) 805-7925

Re:     *Giuffre v. Maxwell*, **No. 15 Civ. 7433 (RWS)**

Dear Judge Sweet:

      This firm represents non-parties NYP Holdings, Inc., publisher of the *New York Post* (the "Post") and Daily News, L.P., publisher of the *New York Daily News* (the "Daily News") (collectively, the "Newspapers"). The Newspapers are aware that the Court has scheduled a pre-trial conference for today in the above-referenced case "to address any outstanding issues including confidentiality."  ECF No. 648.  We write in advance of the conference because the confidentiality practices in this case to date raise concerns that the parties may seek to try some or all of this case behind closed doors.  Should the parties seek to close any portion of the trial proceedings in this case (or to seal any trial exhibits), the Newspapers respectfully request that they be provided with advance notice and an opportunity to oppose any such closure or sealing.  Such notice and opportunity to be heard is both Constitutionally required and appropriate under the circumstances.

      This case is of obvious, significant public interest, and the events underlying the lawsuit have been covered extensively in the press, including in the Post and Daily News.  However, a significant portion of the parties' filings with the Court (and the Court's rulings) thus far have been kept secret and sealed, despite the presumption of open access to judicial proceedings and documents under the First Amendment and common law.  With trial set to commence in less than two weeks, the practice of filing nearly all substantive submissions under seal has not abated, and the Court just yesterday denied a motion to unseal the papers filed in connection with the Defendant's summary judgment motion.  *See* ECF No. 892.

      The Newspapers are aware of the general privacy interests at stake in this case, and that the parties and witnesses relied on the existence of the protective orders in place when providing testimony and evidence in discovery.  *See* ECF No. 892 at 6-7.  However, once documents are filed with the Court, and certainly once the case proceeds to a jury trial, the balance shifts, and

May 3, 2017
Page 2

the strong presumption of access to judicial proceedings under the First Amendment attaches. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under this presumption, access to trial proceedings may be denied only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120. In particular, the Second Circuit has instructed that a proceeding may be closed only where four factors are satisfied: "[1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure." *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.*, 684 F.3d 286, 304 (2d Cir. 2012) (quotation marks and citation omitted). "Broad and general findings by the trial court … are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120. Thus, the fact that the case *generally* involves sensitive or private issues is insufficient to close the entire trial—or indeed, to close any portion of the trial that does not directly intrude upon sufficiently compelling interests in privacy with respect to that particular information.

  Of particular relevance to this case, although the Supreme Court has acknowledged that an interest in "safeguarding the physical and psychological well-being of a minor" testifying about sexual abuse could be considered "a compelling one," it held that a court rule automatically requiring closure of the courtroom during such testimony was unconstitutional, because it could not "be viewed as a narrowly tailored means of accommodating" that interest. *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 608 (1982). Because "the circumstances of the particular case may affect the significance of the interest," courts must be able to determine "on a case-by-case basis whether the State's legitimate concern for the well-being of the minor victim necessitates closure." *Id.* at 608, 609. "Among the factors to be weighed are the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." *Id.* at 608. The fact that "the names of the minor victims were already in the public record, and the record indicates that the victims may have been willing to testify despite the presence of the press," would presumably have weighed against closure. *Id.* at 608-09. Here, of course, since the alleged abuse took place in the late 1990s and early 2000s, any victim witnesses testifying today will no longer be minors, in any event.

  The current practices in this case leave the Newspapers concerned that the parties' view of the appropriate scope of confidentiality in this case far exceeds what could be considered narrowly tailored to serve a compelling interest. For example, under the protective orders in place, the parties submitted a Joint Pretrial Statement that was completely redacted, save the contact information for the parties' attorneys. *See* ECF No. 859. Thus, in the parties' view, there is a compelling interest in withholding from public scrutiny even the "brief statement … as to the basis of subject matter jurisdiction," or the statement "whether the case is to be tried with or without a jury," let alone <u>any</u> portion of the summary of "the claims and defenses [the]

May 3, 2017
Page 3

part[ies have] asserted which remain to be tried."  Individual Practices of Robert W. Sweet § 3.A.  It does not seem possible that all of the information contained in this document—which serves as a basic roadmap of the issues to be tried for the Court and the public—could legitimately be deemed confidential.

Similarly, the Court characterized the redactions to its summary judgment decision as "omit[ting] only the confidential fact contentions of the parties resulting from the discovery."  ECF No. 892 at 5.  Yet the redacted portion of the opinion comprises the entire "Facts" section—nearly two-thirds of the 76-page opinion.  *See* ECF No. 872 at 3-52.  Treating every single "fact" at issue on a summary judgment motion as "confidential"—presumably in accordance with the parties' requested redactions—raises concerns about whether the parties will likewise seek to have the Court hold substantial portions of the trial outside of public view.

In addition, the purported confidentiality of the facts in this case is further undermined by the fact that many of the most salacious allegations have already been widely reported in the press, many based on interviews with or court filings from Plaintiff herself.  *See, e.g.*, Martin Gould, *EXCLUSIVE: Jeffrey Epstein's 'sex slave' Virginia Roberts wins round in defamation lawsuit against British socialite and alleged 'pimp' Ghislaine Maxwell who 'passed her around for sex' and trained her to be 'everything a man wanted'*, Dailymail.com (May 2, 2017), http://dailym.ai/2qvcjqq; Maureen Callahan, *The 'sex slave' scandal that exposed pedophile billionaire Jeffrey Epstein*, N.Y. Post (Oct. 9, 2016), *available at* http://nyp.st/2dc8bac; Sharon Churcher, *WORLD EXCLUSIVE: The first full account of the masseuse at the center of the explosive Prince Andrew 'sex slave' drama... but is she telling the truth?*, Mail On Sunday (Jan. 3, 2015), *available at* http://dailym.ai/146Oo4i.

The Supreme Court has long acknowledged the "universal rule against secret trials" in our system of government.  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 591 (1980) (quoting *In re Oliver*, 333 U.S. 257, 266 (1948)).  And the Supreme Court, Second Circuit, and this Court have all consistently emphasized that "[w]hat transpires in the court room is public property," and "[o]ne of the demands of a democratic society is that the public should know what goes on in courts."  *Katzman v. Victoria's Secret Catalogue*, 923 F. Supp. 580, 588 (S.D.N.Y. 1996) (Sweet, J.) (quoting *Craig v. Harney,* 331 U.S. 367, 374 (1947), and *Maryland v. Baltimore Radio Show, Inc.,* 338 U.S. 912, 920 (1950)); *see also Huminski v. Corsones*, 396 F.3d 53, 82 (2d Cir. 2005) ("Based on the history and purposes of maintaining public access to court proceedings, 'a presumption of openness inheres in the very nature of a trial under our system of justice.'") (quoting *Richmond Newspapers, Inc.,* 448 U.S. at 573) (ellipses omitted).

In light of these principles (and the fundamental right of public access to judicial proceedings under the First Amendment), the Newspapers respectfully urge the Court to treat skeptically any request to close the courtroom or seal trial exhibits in this case.  And to the extent any such request is made, the Newspapers request that the Court provide notice sufficiently in advance of the closure to afford the Newspapers the Constitutionally-required opportunity to

May 3, 2017
Page 4

"assert the public's First Amendment right of access" to the proceedings. *United States v. Aref,* 533 F.3d 72, 81 (2d Cir. 2008). *See also Globe Newspaper*, 457 U.S. at 609 n.25 ("[R]epresentatives of the press and general public must be given an opportunity to be heard on the question of their exclusion [from court proceedings].") (citation and quotation marks omitted).

      We thank Your Honor for your time and attention to this request, and are prepared to submit or discuss anything further, including a formal motion to intervene, if the Court determines that such a motion is necessary or proper.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/ Eric J. Feder

cc:    Parties' counsel (*via* Email)