

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

4 May 2017

<u>Via CM/ECF</u>

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Maxwell* | Case No.: 15-cv-07433-RWS | Joinder to ECF No. 898

Dear Judge Sweet:

As your Honor is aware, I represent Intervenor Michael Cernovich d/b/a Cernovich Media. I am writing on behalf of Intervenor to join the request of non-parties NYP Holdings, Inc., and Daily News, L.P., by letter of today (ECF No. 898) and adopt the reasoning set forth therein by reference.

Although Intervenor appreciates the issues raised by the Court in its May 3, 2017, order on Intervenor's motion to unseal (ECF No. 892), Intervenor is particularly concerned that the Court did not unseal any portion of the statement of facts and that it unsealed no portion of the memoranda by the parties in support or in opposition to summary judgment. As the newspapers suggest, it is unlikely that the entirety of these documents should properly be sealed, especially where none of the witnesses are minors. Moreover, the Court seems to have misunderstood Intervenor's motion to unseal. Intervenor did not seek to modify a discovery protective order under Fed.R.Civ.P. 26(c) or unseal discovery documents; intervenor sought to modify a blanket sealing order under Fed.R.Civ.P. 5.2(d) and unseal material evidentiary documents submitted in connection with a dispositive motion. Should one or more of the parties attempt to seal such evidence at trial, Intervenor may need to renew and reargue his motion.

Thus, Intervenor similarly requests sufficient notice sufficiently in advance of any closure to afford him the opportunity to assert common law and First Amendment right of access.

Sincerely,

Jay Marshall Wolman

cc:   All Counsel of Record (via CM/ECF)

100 Pearl Street, 14th Floor, Hartford, Connecticut 06103

jmw@randazza.com | 702.420.2001