**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

Plaintiff, Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

Defendant.
________________________________/

**JOINT RESPONSE IN OPPOSITION TO PROPOSED INTERVENORS' MOTION FOR LEAVE TO INTERVENE AND TO MODIFY THE PROTECTIVE ORDER**

Non-Party Jane Doe 43 in the captioned matter *Jane Doe 43 v. Epstein, et al*, No. 17 Civ. 616 (JGK) and Plaintiff Virginia Giuffre oppose the Proposed Intervenors' Motion for Leave to Intervene and to Modify the Protective Order for the reasons set forth below. The Proposed Intervenors are two non-parties, Jeffrey Epstein and Leslie Groff ("Epstein Defendants").

**PRELIMINARY STATEMENT**

[REDACTED]

**PROCEDURAL HISTORY**

On March 18, 2016, this Court entered a Protective Order (DE 62) for the privacy of the parties and deponents. [REDACTED]

[Page content redacted]



## ARGUMENT

It is well settled that a Court should not consider documents outside the four corners of the Complaint at the Motion to Dismiss stage. *See, e.g., In re Giant Interactive Grp., Inc. Sec. Litig.*, 643 F. Supp. 2d 562, 573 (S.D.N.Y. 2009) (Sweet, J.) (Court not considering evidence outside of complaint in deciding motion to dismiss, denying motion) ("'[T]he evidence advanced by Defendants is not within the four corners of the Complaint, and cannot be considered here.'" (citing *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988))); *Bill Diodato Photography LLC v. Avon Prod., Inc.*, No. 12 CIV. 847 RWS, 2012 WL 3240428, at *4 (S.D.N.Y. Aug. 7, 2012), on reconsideration, No. 12 CIV. 847 RWS, 2012 WL 4335164 (S.D.N.Y. Sept. 21, 2012) (Sweet, J.) ("A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading. Thus, in deciding such a motion to dismiss, 'the Court must limit its analysis to the four corners of the complaint.'" (internal citations omitted)).

[Page content fully redacted]

[Page content fully redacted]

[redacted]

**III. <u>The Court Should Not Modify the Protective Order as to These Documents</u>**

The Court took care to have the parties enter into the Protective Order in this case given the sensitive nature of the sexual abuse allegations at issue. [redacted]

There is a "strong presumption against the modification of a protective order," in the Second Circuit, and "orders should not be modified absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011); *see also In re September 11 Litigation*, 262 F.R.D. 274 (S.D.N.Y. 2009). The Second Circuit has been hesitant to permit modifications that might "unfairly disturb the legitimate expectations of the parties or deponents." *Dorsett v. County of*

*Nassau*, 289 F.R.D. 54, 64 (E.D.N.Y. 2012). Indeed, "[i]t is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* (internal citations and quotations omitted); *see also Medical Diagnostic Imaging, PLLC v. Carecore Nat., LLC*, 2009 WL 2135294, at *4 (S.D.N.Y. 2009) (denying motion to modify protective order because parties and third parties have reasonably relied upon the terms of the protective order).

[redacted]

[redacted]

[redacted]

Finally, "a litigant's purpose in seeking modification of an existing protective order is also relevant for determining whether to grant a modification. Requests to modify protective orders so that the public may access discovery materials is arguably subject to a more stringent presumption against modification because there is no public right of access to discovery materials." *Dorsett*, 289 F.R.D. at 65 (E.D.N.Y. 2012). [redacted]

[redacted]

## CONCLUSION

For all the foregoing reasons, the Court should deny the Proposed Intervenors' Motion for Leave to Intervene and to Modify the Protective Order.

Dated: October 19, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: /s/ Sigrid McCawley

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112

(801) 585-5202[2]

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of October, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

Michael C. Miller, Esq.
Justin Y.K. Chu, Esq.
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Email: mmiller@steptoe.com
Email: jchu@steptoe.com
*Counsel for Jeffrey Epstein and Lesley Groff*

/s/ Sigrid McCawley
Sigrid McCawley

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.