UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
VIRGINIA L. GUIFFRE, :
:
                    Plaintiff, :    Case No.: 15-cv-7433 (RWS)
:
-against- :    **MEMORANDUM OF LAW**
:    **IN SUPPORT OF THE**
GHISLAINE MAXWELL, :    **MIAMI HERALD'S MOTION TO**
:    **INTERVENE AND UNSEAL**
                    Defendant, :
:
                      -and- :
:
MICHAEL CERNOVICH d/b/a :
CERNOVICH MEDIA, :
:
                    Intervenor. :
---------------------------------------------------------x

      Intervenor Michael Cernovich d/b/a Cernovich Media hereby joins the Motion to Intervene and Unseal (Dkt. Nos. 935 & 936) filed by Julie Brown and the Miami Herald Media Company and, pursuant to Local Rule 6.1(b)(2), hereby submits his answering memorandum in support thereof.

**1.0    Background**

By Order of August 9, 2016 (Dkt. No. 348), this Court stated:

> To reduce unnecessary filings and delay, it is hereby ordered that letter motions to file submissions under seal pursuant to the Court's Protective Order, ECF No. 62, are granted.  The Protective Order is amended accordingly such that filing a letter motion seeking sealing for each submission is no longer necessary.  A party wishing to challenge the sealing of any particular submission may do so by motion.

Although Fed. R. Civ. P. 5.2(d) permits a court to order that filings be made under seal, it does not authorize the Court to give litigants unfettered authority to decide what should or should not be sealed.  Neither do the ordinary procedures of the Southern District of New York.  Pursuant to the Electronic Case Filing Rules & Instructions, at § 6.2, motions to file under seal are required. Section 6.2 further incorporates the Sealed Records Filing Instructions, which state:

> In order for a document to be filed under seal, a protective order must be signed or a request by letter must be granted by a judge. A copy of the order or letter must be presented when filing the document. The only exceptions are if the entire action has been placed under seal or a judge has signed the sealing envelope and submits it directly to the sealed records clerk.

See Sealed Records Filing Instructions, U.S. District Court, Southern District of New York.[1] Those instructions did not authorize the Court to dispense with the letter request as this entire action was not placed under seal.

Thus, on January 19, 2017, after the defendant filed an overly-redacted motion for summary judgment (Dkt. Nos. 540-542), Mr. Cernovich moved to intervene and unseal. Dkt. No. 550. On May 3, 2017, Mr. Cernovich was permitted to intervene with respect to the Protective Order (Dkt. No. 62), as amended by the Order of August 9, 2016 (Dkt. No. 348). Dkt. No. 892. However, that same order denied Mr. Cernovich's request that the Court unseal the summary judgment materials. *Id*. That portion of the order is presently on appeal to the U.S. Court of Appeals for the Second Circuit. *See* Dkt. No. 920.

**2.0    Argument**

In the May 3, 2017 Order, the Court partially misconstrued Mr. Cernovich's motion as one to modify a protective order, rather than unseal. Mr. Cernovich did seek to modify the August 9, 2016 Order (Dkt. No. 348) that modified the Protective Order (Dkt. No. 62), but only to restore the conditions as of August 8, 2016; that is, to terminate the ability of the litigants to seal materials from the public record at-will, and to restore the Court's superintendency over its docket. However, the bulk of the issue was the request to unseal the judicial documents comprising the summary judgment record, both under the common law and First Amendment right of access.

Unfortunately, the Court focused on the fact that the documents had been obtained in confidential discovery rather than the overarching fact that the parties were filing documents in support of and against summary judgment. Ultimately, the rationale of the denial of unsealing was boiled down to the following countervailing factors:

---

[1] Available at: <http://www.nysd.uscourts.gov/cases_records.php?records=sealed_records> (last accessed Apr. 19, 2018).

> Because of the sensitive nature of the materials designated as confidential, involving allegations of sexual abuse and trafficking of minors, and because we are mere weeks from assembling a jury for trial, the importance of leaving these materials protected by the Protective Order outweighs any public interest in their publication at this time.  Dkt. No. 892 at 9.

However, on May 24, 2017, the plaintiff and defendant filed a Stipulation of Voluntary Dismissal (Dkt. No. 916), which the Court endorsed the following day (Dkt. No. 919).  Thus, with that dismissal, half of the Court's rationale for refusing to unseal disappeared.

Now, the Miami Herald has moved to unseal.  Dkt. No. 935.  Mr. Cernovich agrees that, as a member of the media with an interest in reporting on the underlying issues in the case, including sex trafficking allegations involving Mr. Epstein, Ms. Brown and the Miami Herald are properly entitled to intervene as he did.  They, as with the rest of the public, have a right of access to the judicial documents under the common law and First Amendment.

In his prior motion, Mr. Cernovich only sought summary judgment materials, which the Court appeared to have recognized were "judicial documents."  Dkt. No. 892 at 9.  The motion of the Miami Herald is broader, and seeks certain documents submitted in support of or in opposition to discovery motions, also asserting they are "judicial documents."  *See* Dkt. No. 936 at 17.  Mr. Cernovich recognizes that the weight of the presumption for documents related to discovery motions do not enjoy as strong a presumption of access as dispositive materials (e.g. summary judgment), but agrees they are nonetheless judicial documents.  *See Schiller v. City of N.Y.*, 2006 U.S. Dist. LEXIS 70479, at *13-15 (S.D.N.Y. Sep. 27, 2006).

Neither is there proper basis to deny access.  Recently, Judge Batts issued an order denying a motion to seal certain settlement agreements.  *Bernstein, et al. v. O'Reilly, et al.*, Case No. 1:17-cv-09483 (S.D.N.Y. Apr. 3, 2018).  In that order, the Court observed that simply because there may be embarrassing conduct, such is not a sufficient countervailing factor.  *Id*. at 12.  Similarly, Judge Forrest found that the risk of "professional repercussions and personal humiliation" did not warrant sealing.  *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017).  Ms. Giuffre is a well-known public figure.  As part of her decision in *Under Seal,* Judge Forrest quoted from Judge Castel in *Prescient Acquisition Grp., Inc. v. MJ Publ'g Tr.*, 487 F. Supp. 2d

374, 376 (S.D.N.Y. 2007).[2] *Id.* at 470-471.  Specifically, Judge Castel rejected "the notion that a generalized concern of adverse publicity concerning a public figure is a sufficiently compelling reason that outweighs the presumption of access." 487 F. Supp. 2d at 376.  As pointed out by the Miami Herald (Dkt. No. 936 at 19), there has been an absence of the "specific, on-the-record findings" required under law to rebut the presumption of access.

Here, even the fact that there were "allegations of sexual abuse and trafficking of minors" is not, of itself, good cause to seal, let alone sufficient justification to overcome the rights of access to judicial documents.  It is precisely because such allegations are heinous that "[p]ublicity is justly commended as a remedy for social and industrial diseases.  Sunlight is said to be the best of disinfectants; electric light the most efficient policeman." L. Brandeis, Other People's Money and How the Bankers Use It 62 (National Home Library Foundation ed. 1933), as quoted in *Igneri v. Moore*, 898 F.2d 870, 877 (2d Cir. 1990).  By exposing the trafficking ring and abuses, justice can be meted out and provisions can be made to potentially prevent future harm.  Mr. Cernovich is not aware that any person currently a minor would be harmed by disclosure, but secrecy puts the minors of today and tomorrow at continued risk.

The Court may recall that only Ms. Giuffre opposed unsealing previously.  Her opinion now seems to have changed.  On April 2, 2018, Ms. Giuffre informed the Second Circuit that:

> [N]ow that the underlying case between Ms. Giuffre and Ms. Maxwell has settled, it may be that *all* case-related documents and deposition testimony can simply be released – an approach to which Ms. Giuffre is not opposed.

Supplemental Brief of Virginia Giuffre at 7 (emphasis in original).  Thus, as not even Ms. Giuffre would oppose unsealing, the relief sought by the Miami Herald should be granted and the records unsealed.

. . .

. . .

. . .

---

[2]   Judge Batts also quoted the same portion of Judge Castel's Order as cited above.

WHEREFORE Mr. Cernovich respectfully requests this Honorable Court allow Ms. Brown and the Miami Herald to intervene and all sealed or redacted docket entries should be immediately unsealed.

Dated: April 20, 2018.                    Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele:   702-420-2001
Fax:    305-437-7662
Email: ecf@randazza.com

*Attorneys for Intervenor*
*Michael Cernovich d/b/a Cernovich Media*

Case No. 15-cv-7433 (RWS)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of April 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman