# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF'S RESPONSE TO PROPOSED INTERVENORS JULIE BROWN AND MIAMI HERALD MEDIA COMPANY'S MOTION TO INTERVENE AND UNSEAL**

Sigrid McCawley
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301

Plaintiff Virginia Giuffre, by and through her undersigned counsel, responds to Intervenors Julie Brown and the Miami Herald Media Company's (hereinafter collectively referred to as "The Miami Herald") Motion to Intervene and Unseal as follows:

## BACKGROUND

A Protective Order was entered in this case on March 17, 2016 to maintain the privacy of the parties and deponents during the pendency of discovery and to facilitate selection of an unbiased jury. (DE 62) During the course of the litigation, Ms. Giuffre objected to the piecemeal release of only certain documents proposed by Intervenors Alan Dershowitz and Michael Cernovich. This Court denied Dershowitz and Cernovich's efforts to selectively unseal only portions of the record in advance of trial (November 2, 2016 Sealed Order and DE 892). Dershowitz and Cernovich appealed this Court's ruling to the Second Circuit, and the appeal is presently pending.[1] Ms. Giuffre and Ms. Maxwell settled their case in May 2017 just a few weeks before the trial was scheduled to commence. Now the Miami Herald requests that the Court unseal the Court record.

## ARGUMENT

Ms. Giuffre has consistently taken the position that if anything is going to be unsealed in this matter, in fairness to Ms. Giuffre and the other victims who provided testimony, all filings must be unsealed, including all deposition testimony that was designated for trial. Only then, will the complete picture of the abuse that occurred be clear and only then will Ms. Giuffre be able to defend against the horrific public attacks that Mr. Dershowitz and others have launched against her, despite knowing full well she was a victim of abuse when she was a minor. To

---

[1] The Second Circuit recently requested supplemental briefing on whether it has jurisdiction to hear the appeal, in light of the fact that this Court's rulings might not be appealable "final orders." *See* Dershowitz v. Giuffre, No. 16-3945(2d Cir.) (DE 187).

2

allow Intervenor Dershowitz, or anyone else, to selective use and mischaracterize documents without all of the other key testimony and documents being made public, would be inherently unfair. As explained in this Court's May 3, 2017 Order (DE 892):

> "The Second Circuit has been hesitant to permit modifications that might "unfairly disturb the legitimate expectations of the parties or deponents." *Dorsett v. County of Nassau*, 289 F.R .D. 54, 65 (E .D. N. Y. 2012) (internal citations and quotation omitted) (denying motion to lift confidentiality of report of policing failures surrounding the murder of a young mother). "It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id*. (internal citations and quotations omitted). Consequently, "the Second Circuit determined that 'absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need… a witness should be entitled to rely upon the enforceability of a protective order against any third parties.'" *Id*. (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) (denying governmental access for criminal investigative purposes civil deposition transcripts taken under a protective order)."

The Miami Herald's request, unlike Mr. Dershowitz and Mr. Cernovich, appears to seek the unsealing of the entire court record. Accordingly, Plaintiff Virginia Giuffre, does not oppose Intervenor Julie Brown and the Miami Herald Media Company's Motion to Intervene and Unseal to the extent it seeks to unseal <u>all</u> docket entries, and not simply select entries, including the unsealing of all trial designated deposition transcripts.

Of course, "unsealing" the substantive court records will not mean that every single piece of the documents in the Court record would be made public.  For example, any unsealing would be with (among others) the following necessary protections: (1) any social security numbers are redacted from the record; (2) the names of victims who were minors at the time of the abuse are redacted and substituted with initials; and (3) any document that the Court reviewed *in camera* and determined was protected by a privilege or comparable protection will remain sealed**.**

## **CONCLUSION**

Fairness dictates that if the Court is going to entertain the Miami Herald's request for an unsealing of the Court records, all filings with their exhibits and related trial designated testimony must be unsealed.

Dated: April 27, 2018　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　By: */s Sigrid McCawley*
　　　　　　　　　　　　　　　　　　　Sigrid McCawley (*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　Meredith Schultz (*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　Boies Schiller Flexner LLP
　　　　　　　　　　　　　　　　　　　401 E. Las Olas Blvd., Suite 1200
　　　　　　　　　　　　　　　　　　　Ft. Lauderdale, FL 33301
　　　　　　　　　　　　　　　　　　　(954) 356-0011

　　　　　　　　　　　　　　　　　　　David Boies
　　　　　　　　　　　　　　　　　　　Boies Schiller & Flexner LLP
　　　　　　　　　　　　　　　　　　　333 Main Street
　　　　　　　　　　　　　　　　　　　Armonk, NY 10504

　　　　　　　　　　　　　　　　　　　Bradley J. Edwards (*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　EDWARDS POTTINGLER LLC
　　　　　　　　　　　　　　　　　　　425 North Andrews Avenue, Suite 2
　　　　　　　　　　　　　　　　　　　Fort Lauderdale, Florida 33301
　　　　　　　　　　　　　　　　　　　(954) 524-2820

　　　　　　　　　　　　　　　　　　　Paul G. Cassell (*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　S.J. Quinney College of Law
　　　　　　　　　　　　　　　　　　　University of Utah
　　　　　　　　　　　　　　　　　　　383 University St.
　　　　　　　　　　　　　　　　　　　Salt Lake City, UT 84112
　　　　　　　　　　　　　　　　　　　(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 27th day of April, 2018, I served the attached document via CM/ECF and e-mail to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
         jpagliuca@hmflaw.com


Christine N. Walz
Sanford L. Bohrer
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Email: Christine.walz@hklaw.com
         Sandy.bohrer@hklaw.com


                              By: */s Sigrid McCawley*
                                   Sigrid McCawley