EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL:  (212) 763-5000
FAX:  (212) 763-5001
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
EMERITUS

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN

DANIEL TREIMAN

December 3, 2018

**By ECF**

Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Giuffre v. Maxwell,* No. 15 Civ. 7433 (RWS)

Dear Judge Sweet:

  This firm represents Intervenor Professor Alan M. Dershowitz, and we write to alert the Court to certain troubling developments concerning the treatment of materials subject to this Court's orders, and to seek the Court's assistance and guidance.  Specifically, we have reason to believe that materials subject to this Court's Protective Order and sealing order have been improperly leaked to members of the press.  We believe that these materials, which repeat provably-false and defamatory allegations of sexual misconduct against Mr. Dershowitz, were leaked by persons associated with Virginia Roberts Giuffre ("Ms. Roberts"), the plaintiff in the above-captioned matter.  Once again, Mr. Dershowitz – who has conscientiously and expeditiously pressed, through the judicial process, for disclosure of *all* documents in the case – has been the victim of one-sided and selective leaking of materials, with no recourse because of the existence of this Court's protective and sealing orders.  We ask that the Court immediately convene a conference with counsel for all parties to discuss how to address this grave matter, given the procedural posture of this case and the ongoing harm being inflicted upon Mr. Dershowitz.

**Background, Recent Developments, and Request for An Immediate Conference**

  As this Court knows, Mr. Dershowitz is a criminal defense lawyer and retired professor at Harvard Law School.  In or about 2006, Mr. Dershowitz joined a defense team assembled by Jeffrey Epstein, a financier who was then under investigation for having sex with underage girls.  In 2008, Mr. Epstein pleaded guilty to state charges of solicitation of prostitution and solicitation

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

of prostitution with a minor under the age of 18 and entered into a non-prosecution agreement with federal authorities.

In a 2014 court filing that has since been struck by the court and withdrawn by counsel, Ms. Roberts, who asserts that she was a victim of Epstein, alleged, among other things, that Epstein had "trafficked" her to Mr. Dershowitz for sex. The allegation is utterly false and defamatory: Mr. Dershowitz has never even *met* Ms. Roberts – and, as an investigation by former FBI director Louis Freeh concluded, records prove that Mr. Dershowitz *could not have* abused Ms. Roberts because he was not present in the places where she claims such abuse occurred. Notwithstanding the demonstrable falsity of the allegations, however, media outlets ran with the story – and Mr. Dershowitz's reputation has been forever tarnished.

In or about 2016, Mr. Dershowitz, a witness in the instant matter, became aware of additional documentary materials – materials that were part of the record in *this* case – that further exculpate him of the false allegations, and that demonstrate that the whole story about him being part of a sex ring is made up. For over two years, over the objection of Ms. Roberts, Mr. Dershowitz, who is now 80 years old, has been litigating to unseal those materials and release them to the public, all in an effort to clear his name. Intervenor's appeal of this Court's order denying his motion, *inter alia*, to unseal materials filed in this case is slated for argument in the Second Circuit Court of Appeals in February 2019.

In recent days, the *Miami Herald* and other media outlets – prompted, we believe, by Ms. Roberts and/or her representatives – have revived the story of the criminal investigation of Jeffrey Epstein, and, in the process, have repeated the false allegations against Mr. Dershowitz. At least one reporter has stated to Mr. Dershowitz that she has been given materials that are subject to the Court's protective and sealing orders. Mr. Dershowitz supports *full* disclosure of the underlying record in this case. But the selective leaking of *parts* of the record to smear Mr. Dershowitz and destroy his good name is patently improper and ought not be countenanced.

In this instance, the proper remedy for selective disclosure of the record is full disclosure: "sunlight is the best of disinfectants." L. Brandeis (1914). Full disclosure is what Mr. Dershowitz seeks – on the same basis that he been seeking such disclosure for *over two years*. But, because this Court has thrice denied applications for such disclosure (once when made by Mr. Dershowitz; once when made by Michael Cernovich; and a third time when made by the *Miami Herald*), and because these issues are currently on appeal in the Second Circuit, Mr. Dershowitz asks that the Court immediately convene an in-person conference with counsel for all parties to discuss how to address this grave matter – whether through motion practice or otherwise. Given the ongoing harm being suffered by Mr. Dershowitz, and the procedural posture of this case, we submit that convening such a conference immediately is critical to ensuring a fair and orderly process.

\*          \*          \*

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

      Intervenor Dershowitz thanks the Court for its timely consideration of the instant application.

Respectfully submitted,

Andrew G. Celli, Jr.

c:    All counsel (by Email)