UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

# Ms. Maxwell's Motion for an Order to Show Cause re Protective Order

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell, through her counsel, moves for an Order to Show Cause requiring plaintiff Virginia Giuffre and her lawyers to state why this Court should not impose sanctions for their failure to comply with this Court's Protective Order (Doc.62) and Opinion issued on November 14, 2017.

## INTRODUCTION

This Court entered a Protective Order that governs the parties' use and disposition of documents designated as "Confidential" ("Confidential Materials"). The Protective Order prohibits the use of the materials in any other case, and requires the parties to return or destroy the materials at the conclusion of this case.

This case concluded in May 2017. Despite our requests, Ms. Giuffre's lawyers have refused to return or destroy the Confidential Materials. Instead, they have indicated they wish to use the Confidential Materials in another case they are pursuing.

The Protective Order on which all the parties relied to disclose and produce Confidential Materials is unambiguous about the use and return or destruction of Confidential Materials. This Court should issue an Order to Show Cause.

## FACTUAL BACKGROUND

Ms. Giuffre sought to convert her defamation action into a lawsuit for child "sexual abuse" and "sexual trafficking" of children. Toward that end, she made numerous allegations of sexual conduct involving herself, Jeffrey Epstein, Ms. Maxwell, and dozens of others, including numerous prominent men. In preparation to litigate Ms. Giuffre's factual allegations, the parties sought and obtained from each other and non-parties a wide range of highly sensitive, personal and confidential information about themselves and non-parties.

**This Protective Order.** To facilitate disclosures and discovery the Court entered a Protective Order allowing parties to disclose and produce "confidential"-designated materials

1

("Confidential Materials"). The parties' depositions were taken under the Order's auspice: The parties and numerous non-parties in depositions and document productions disclosed highly sensitive, personal and confidential information with the understanding that such information would be designated "Confidential." The Order prohibits Confidential Materials from being "disclosed or used for any purpose except the preparation and trial of this case." Doc.62 ¶ 4. Under the Order the parties are (a) prohibited from disclosing such materials to non-parties except on certain conditions, and (b) required at the conclusion of the case to return or destroy "each document and all copies thereof" of these Confidential Materials. *Id.* ¶ 12. The parties produced thousands of pages of Confidential Materials under the Protective Order.

The parties submitted various Confidential Materials under seal as exhibits to court filings. The Protective Order provided that any such materials submitted to the Court "shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York."

In May 2017 the parties entered into a settlement agreement resolving all matters relating to the lawsuit. On May 25, 2017, "[t]his action was settled and dismissed with prejudice pursuant to a joint stipulation for dismissal." Sealed Op., at 3 (Nov. 14, 2017); *see* Doc.917 (Order approving joint stipulation for dismissal with prejudice).

On November 14, 2017, this Court ordered: "[A]ll documents, materials, and information subject to the Protective Order *must be returned to the party who designated its confidentiality as of the date this action was dismissed.*" *Id.* 2 (emphasis supplied). Ms. Giuffre and her counsel have not complied with this order. This Motion seeks enforcement of the Protective Order and this Court's November 14, 2017, reiterating the command contained in the Protective Order to return Confidential Materials.

2

**The attempts by non-parties to gain access to Confidential Materials.** Four sets of non-parties have sought access to various Confidential Materials submitted to the Court in various filings.

In August 2016 Alan Dershowitz requested unsealing of portions of a brief filed in connection with a motion to quash, discrete emails filed with the motion, and the manuscript of Ms. Giuffre's memoir filed with another motion. Doc.364, at 1-2. The Court denied the motion to unseal. Sealed Op., at 15-25 (Nov. 2, 2016). The Court noted ███████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ *Id.* 21 (internal quotations and citation omitted). ███████████████████████████████████ ██████████████████████████████████████████████████ *Id.* at 21-22. The Court concluded:

> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ██████████

*Id.* at 23 (quoting *Dorsett v. City of Nassau*, 289 F.R.D. 54, 64 (E.D.N.Y. 2012) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979))). Mr. Dershowitz filed an appeal (Doc.504), which is pending.

In January 2017 a purported journalist Michael Cernovich requested unsealing of Ms. Maxwell's summary judgment brief, her attorney's declaration in support of the summary judgment motion, and any "pleadings, memoranda, declarations, exhibits, orders, and other documents filed or to be filed" in connection with the summary judgment motion. Doc.551, at 2.

3

Mr. Dershowitz joined the motion. Doc.610. The Court denied the motion. Doc.892. Among other things, the Court found that "the parties and multiple deponents have reasonably relied on the Protective Order in giving testimony and producing documents including evidence of assault, medical records, and emails." *Id.* at 6. Mr. Cernovich (Doc.920) and Mr. Dershowitz (Doc.915) filed an appeal, which is pending.

In January 2017, while the case at bar was pending, the *Giuffre* lawyers brought a second lawsuit, *Doe 43 v. Epstein*, No. 17-cv-616 (S.D.N.Y.). In the case *sub judice* the *Giuffre* lawyers had identified their new client, Doe 43, as a witness for Ms. Giuffre in the case at bar, and we deposed and obtained documents relating to Doe 43. In the second lawsuit, Doe 43 (an adult) alleged she, like Ms. Giuffre, had been the victim of sexual abuse and sexual trafficking by Mr. Epstein to prominent men. *Doe 43* named multiple defendants, including Mr. Epstein and Ms. Maxwell.

In October 2017 two of the *Doe 43* defendants, Mr. Epstein and Lesley Groff, requested unsealing of numerous Confidential Materials relating to Doe 43's alleged relationship with Mr. Epstein. Doc.924, at 4. Ms. Giuffre and Doe 43 opposed the motion, arguing in part, "Jane Doe 43 courageously gave her testimony . . . and voluntarily produced documents . . . The documents that she produced contain sensitive information." Doc.928, at 7. Ms. Giuffre and Doe 43 objected, arguing that the movants were seeking "to humiliate and embarrass Jane Doe 43" by using the Confidential Materials in public filings in the *Doe 43* case. *Id.* 9-10. This Court denied the motion to unseal. ████████████████████████████████
████████████████████████ Sealed Op., at 7 (Nov. 14, 2017). ████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

4

██████████████████████████████████
████████████████████████████

*Id.* at 7-8 (footnote omitted; quoting Protective Order ¶ 12).[1] The Court ordered: "[A]ll documents, materials, and information subject to the Protective Order *must be returned* to the party who designated its confidentiality as of the date this action was dismissed." *Id.* at 2 (emphasis supplied).

Notwithstanding the Court's November 14, 2017, Opinion and our specific requests, the lawyers for Ms. Giuffre and Doe 43 have refused to comply with Paragraph 12 of the Protective Order. In the face of the Court's conclusion that this case "terminat[ed]" on May 25, 2017, the lawyers have taken the position that this case has *not* terminated because of the pendency of appeals of this Court's orders denying motions to unseal documents *filed with the Court* and in the Court's possession. As these lawyers know the vast bulk of the Confidential Materials was never filed with the Court. They have offered no reason why they have refused to return or destroy Confidential Materials "and all copies thereof" in their possession, custody and control that have *not* been filed with the Court.

In April 2018 a Miami Herald journalist and the Herald (collectively "the Miami Herald") moved to unseal all sealed and redacted documents filed with the Court. Doc.936, at 1. Messrs. Dershowitz and Cernovich joined the motion. Docs.941 & 947; *see* Doc.953, at 10. The lawyers for Ms. Giuffre and Doe 43 took this position on behalf of Ms. Giuffre: "Plaintiff Virginia Giuffre *does not oppose* [the Miami Herald's motion to unseal] to the extent it seeks to unseal <u>all</u> docket entries . . ., including the unsealing of all trial designated deposition

---

[1] In the footnote the Court acknowledged that the parties could comply with Paragraph 12 by destroying the Confidential Materials, but observed that "without any affidavits provided to the Court stating [that destruction has occurred], and in light of the present dispute, the Court infers that such action was not taken." *Id.* at 8 n.1.

transcripts." Doc.945, at 3 (italics added; underscoring in original). The Court denied the motion. Doc.953. It noted the case at bar contained "allegations concerning the intimate, sexual, and private conduct of the parties and of third persons, some prominent, some private," *id.* at 2; Ms. Giuffre had alleged she had been subjected to "public ridicule, contempt and disgrace," *id.* at 3; she also alleged she had been "sexually abused at numerous locations around the world with prominent and politically powerful men," *id.* at 3-4. As it did in denying the Dershowitz and Cernovich motions, the Court found that release of the Confidential Materials "could expose the parties to annoyance, embarrassment, and oppression given the highly sensitive nature of the underlying allegations." *Id.* at 24. Moreover,

> [t]he parties mutually assented to entering into the Protective Order. The parties relied upon its provisions, as did dozens of witnesses and other non-parties. Documents designated confidential included a range of allegations of sexual acts involving Plaintiff and non-parties to this litigation, some famous, some not; the identities of non-parties who either allegedly engaged in sexual acts with Plaintiff or who allegedly facilitated such acts; Plaintiff's sexual history and prior allegations of sexual assault; and Plaintiff's medical history. The Protective Order has maintained the confidentiality of these sensitive materials.

*Id.* The Court found irrelevant that Mr. Dershowitz and Ms. Giuffre in joining or not opposing the Miami Herald's motion were choosing not to protect their privacy interests:

> The privacy interests of Maxwell, Giuffre, Dershowitz, as well as dozens of third persons, all of whom relied upon the promise of secrecy outlined in the Protective Order and enforced by the Court, have been implicated. It makes no difference that Giuffre and Dershowitz have chosen to waive their privacy interests to the underlying confidential information by supporting this motion, as Maxwell has not agreed to such a waiver.
>
> More importantly, the dozens of non-parties who provided highly confidential information relating to their own stories provided that information in reliance on the Protective Order and the understanding that it would continue to protect everything it claimed it would. . . .

6

*Id.* at 34-35.² The Miami Herald filed an appeal (Doc.955), which is pending.

## ARGUMENT

**The Court should enter an Order to Show Cause requiring Ms. Giuffre and her lawyers to state why the Court should not impose sanctions on them for violation of this Court's orders.**

The Protective Order requires the return or destruction of all Confidential Materials:

At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

Doc.62 ¶ 12 (capitalization altered). Ms. Giuffre and her lawyers have not returned any Confidential Materials to us. Nor have they provided us with an affidavit confirming the destruction of the materials.

On July 6, 2017, we proposed a procedure for compliance with Paragraph 12 of the Protective Order. Under that procedure the parties would destroy all Confidential Materials in their possession, custody and control and would cause any non-party to whom they provided Confidential Materials to destroy the materials. We proposed compliance by July 31, 2017. *See* EXHIBIT A. Ms. Giuffre's counsel rejected this proposal. Mr. Cassell said Paragraph 12's provisions were not in effect because the case had not concluded:

---

²Just as Mr. Dershowitz correctly points out in his papers that the Confidential Materials establish the falsity of Ms. Giuffre's allegations against him, the materials contain compelling evidence establishing that the allegations against Ms. Maxwell are false and that Ms. Giuffre sold her false narrative to the press. Nonetheless we recognize that it is impossible to put back into the proverbial bag Ms. Giuffre's salacious and defamatory statements. Even if all the Confidential Materials were disclosed contrary to the privacy rights of dozens of individuals, they "will be selectively deployed" "not in this court but in the court of public opinion," Sealed Op. (Nov. 3, 2016), at 22, by the media and others for their own purposes, none of which will be the search for the truth. Accordingly we continue to believe the right of privacy of Ms. Maxwell and other innocent individuals should carry the day.

7

> [T]wo appeals involving this case (and to which Ms. Giuffre has been named as a party) are currently pending in the Second Circuit. These two appeals [by Messrs. Dershowitz and Cernovich] involve some of the confidential documents that you are, apparently, proposing may need to be destroyed now.
>
> Until those appeals have been resolved, it would be premature to begin implementing paragraph 12's provision.

EXHIBIT B.

On September 6, 2018, we renewed our request that Ms. Giuffre and her counsel comply with Paragraph 12 "in light of Judge Sweet's Opinions of November 14, 2017 [denying Mr. Epstein and Ms. Groff's motion to unseal] and August 27, 2018 [denying the Miami Herald's motion to unseal]. EXHIBIT C. Ms. Giuffre's counsel again rejected our request. Mr. Cassell repeated that this case had not concluded. In addition to the two pending appeals involving Messrs. Dershowitz and Cernovich, he said, the Miami Herald's appeal of the denial of its motion to unseal also was pending. "Until the three pending appeals have been resolved," he concluded, "it continues to be the case that it would be premature to begin implementing paragraph 12's provisions." EXHIBIT D. Mr. Cassell did not address this Court's conclusion in its November 14, 2017, opinion that this case terminated on May 25, 2017, and as of that date the parties were required to comply with Paragraph 12.

On November 21, 2018, we conferred once more with Ms. Giuffre's counsel. They said their position remained unchanged.

Ms. Giuffre's and her counsel's position violates the Protective Order. Their position that this case has not concluded flies in the face of this Court's conclusion and direction to the parties more than a year ago to comply with Paragraph 12. In its sealed Opinion issued November 14, 2017, the Court ruled that this lawsuit concluded for purposes of Paragraph 12 on May 25, 2017,

8

and that the parties were required to return or destroy the Confidential Materials pursuant to Paragraph 12:



- ███ Sealed Op. (Nov. 14, 2017), at 2 (emphasis supplied).

- ███ *Id.* at 7.

- ███ *Id.* at 7-8 (footnote omitted; emphasis supplied).

These conclusions and the Court's direction to the parties to comply with Paragraph 12 underscore the willful violation of Paragraph 12 of the Protective Order and the directive in Court's November 14, 2017, opinion to comply with Paragraph 12.

    Ms. Giuffre's counsel's argument that the case has not been terminated because of the pendency of the appeals by the non-parties is meritless. When the Court issued its directive on November 14, 2017, to comply with Paragraph 12, it was well aware of the two pending appeals. There is no dispute this action has been terminated: the case was dismissed with prejudice by the parties' stipulation approved by the Court on May 25, 2017. *Id.* at 3; Doc.917. The Court's interpretation of its own Protective Order is conclusive. It explicitly held that the Protective Order "did not extend beyond the completion of discovery or beyond the termination of this action," and it declared on November 14, 2017, that this case is well beyond both. Sealed Op., at 3 (Nov. 14, 2017).

9

The three pending appeals are irrelevant to the parties' compliance with Paragraph 12. None of the non-parties who brought the appeals requested Confidential Materials in the parties' possession, custody and control. To the contrary, each requested the unsealing of discrete court filings or, in the case of the Miami Herald, the unsealing of all sealed court filings. None of these requests concern the parties, who are not in the possession, custody or control of the court filings. Indeed none of the non-parties requested any order requiring the parties to maintain or produce Confidential Materials to them. Axiomatically whatever the result of the appeals, nothing but unwarranted intransigence explains Ms. Giuffre and her counsel's refusal to comply with the Protective Order or the Court's November 14, 2017, directive.

The Court's inherent power to vindicate its orders is broad. "When the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). We have such a situation here. Ms. Giuffre's attorneys' refusal to comply with Paragraph 12 and this Court's November 14, 2017, directive was not undertaken for Ms. Giuffre's benefit. Ms. Giuffre has settled her lawsuit. Meanwhile Ms. Giuffre's lawyers are prosecuting *Doe 43* and seeking to take advantage of the Confidential Materials in that lawsuit.[3]

---

[3] To the extent Ms. Giuffre is complicit in her attorneys' violation of the Court's orders and directives, both she and her counsel are subject to sanction. *See, e.g.*, *Seltzer*, 227 F.3d at 40-41; *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989).

## CONCLUSION

The Court should issue an Order to Show Cause requiring Ms. Giuffre and her counsel to state why this Court should not impose sanctions upon Ms. Giuffre or her counsel or both for violation of this Court's Protective Order and November 14, 2017, directive.

Dated: December 4, 2018

Respectfully submitted,

*s/   Laura A. Menninger, Ty Gee*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
*Ty Gee (pro hac vice)*
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:     303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

      I certify that on December 4, 2018, I electronically served this *Motion for an Order to Show Cause re Protective Order* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
Boies, Schiller & Flexner, LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Road
South Salem, NY 10590
stanpottinger@aol.com


*s/ Nicole Simmons*