# EXHIBIT C



**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364   FX  303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

September 6, 2018

**VIA EMAIL**

Sigrid McCawley
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
smccawley@bsfllp.com

      Re:      *Giuffre v. Maxwell*, 15-cv-07433-RWS

Dear Sigrid:

I am writing again to confer with you regarding the handling of "Confidential" materials from the *Giuffre v. Maxwell* matter, in light of Judge Sweet's Opinions of November 14, 2017 and August 27, 2018.

Pursuant to paragraph 12 of the Protective Order, at the conclusion of the case, "each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents," whereupon an affidavit confirming destruction must be provided.  Since the conclusion of the *Giuffre* matter, Judge Sweet has twice reaffirmed this provision and ordered that the parties abide by it.  *See* Sealed Op'n of Nov. 14, 2017 at 8-9; Op'n of Aug. 27, 2018.[1]

Therefore, pursuant to the Protective Order, please confirm the following on or before September 12, 2018:

- Each party will destroy all documents (and all copies of such documents) designated CONFIDENTIAL by the opposing counsel and certify via affidavit

---

[1] Although Mr. Cassell asserted in July 2017, that the matter has not yet been "concluded" given the pendency of an appeal by intervenors, Judge Sweet found otherwise, i.e., that the case terminated on May 25, 2017, at which point "all protected information, including the Jane Doe Evidence, was to be returned to the original party, parties, non-party, or non-parties who designated it as confidential." Op'n of Nov. 14, 2017 at 7-8.

Sigrid McCawley
September 6, 2018
Page 2

> to the same. With regard to counsel from your side, that would mean an affidavit from each law firm representing Ms. Giuffre (including Messrs. Cassell and Pottinger, along with Boies, Schiller and the firm formerly known as Farmer, Jaffe).

- With respect to deposition transcripts, the party who noticed the deposition (all of which were designated CONFIDENTIAL) will undertake to obtain certification from the court reporters as to the destruction of all copies of the deposition transcripts and exhibits thereto.

- As to any individual to whom CONFIDENTIAL information was shared pursuant to Paragraph 6 (and from whom there must be a written acknowledgment of their willingness to abide by the Protective Order):

    o The attorney who shared the CONFIDENTIAL information will obtain from such individual an affidavit that all copies of such CONFIDENTIAL information have been destroyed;

    o The attorney who shared the CONFIDENTIAL information with the witness will (a) maintain the individual's written acknowledgment and affidavit of destruction in their files, and (b) include in the attorney's affidavit of compliance a certification that all such individuals have supplied the appropriate affidavits of destruction.

- Both parties will complete this process and exchange affidavits of compliance by October 1, 2018.

I appreciate your prompt attention to resolving this outstanding issue.

      Thank you,

      HADDON, MORGAN AND FOREMAN, P.C.

      Laura A. Menninger

Sigrid McCawley
September 6, 2018
Page 3

cc:

Bradley J. Edwards
brad@pathtojustice.com

Paul G. Cassell
cassellp@law.utah.edu

J. Stanley Pottinger
StanPottinger@aol.com