**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,               Case No: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/


**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AN**
**ORDER TO SHOW CAUSE**

       Plaintiff, Virginia Giuffre (Ms. Giuffre), hereby responds to Ms. Maxwell's Motion for

an Order to Show Cause re Protective Order (DE 957), and states as follows.

**INTRODUCTION**[1]

       Ms. Maxwell has argued that counsel for Ms. Giuffre have been ordered by this Court to

immediately destroy certain materials covered by the protective order in this matter.  Counsel for

Mr. Giuffre stand ready, of course, to immediately implement the destruction provisions in that

order. But counsel are now torn between two courts.  Three appeals are currently pending in the

Second Circuit regarding the protective order, and appellants in several of the appeals have asked

for (among other things) a remand back to this Court, apparently for further proceedings on what

materials are to be sealed.  In light of these pending appeals implicating materials covered by the

protective order, counsel do not believe that immediate destruction of any materials is required.

---

[1] The underlying motion is rife with factual inaccuracies, and in this opposition, Ms. Giuffre will only address those
that are relevant to the pending issue before the Court. The court should not take Ms. Giuffre's silence on factual
assertions irrelevant to the pending dispute as agreement on their veracity.

Indeed, it appears counsel for Ms. Giuffre are not the only ones who are taking the view that the time for implementing the destruction provisions has yet to arrive.  While Ms. Maxwell brings this motion asking for immediate relief, this matter has been under discussion for more than one year.  And Ms. Maxwell has herself failed to undertake the destruction or return of the confidential materials she possesses.[2]

Further complicating the question is whether this Court even currently possesses jurisdiction to order the return or destruction of documents implicated in ongoing appellate proceedings before the Second Circuit.  As Ms. Giuffre demonstrates below, Courts within the Second Circuit consistently hold that document destruction obligations under a protective order are not triggered until the completion of all the appellate proceedings.   While many aspects of this case are obviously concluded, issues relating to the protective order and public access to documents remain under active litigation in the Second Circuit, with the fate of much, if not most, of the confidential material now resting in the hands of the Second Circuit.  In light of these appeals, Ms. Giuffre cannot destroy these materials until the Second Circuit finally rules on the issues.

Finally, Ms. Maxwell shows no need for precipitous action by this Court.  The documents in questions are being securely held, so no harm will come from allowing the appellate process to run its ordinary course.

This Court should deny the motion.

---

[2] Defendant's counsel have neither advised Ms. Giuffre's counsel that Defendant destroyed the confidential materials in her possession, nor has she returned them to Ms. Giuffre's counsel.

## ARGUMENT

### A. This Court Lacks Jurisdiction to Rule on the Disposition of Confidential Materials Subject to the Protective Order, as the Second Circuit has Taken Appeals Regarding the Confidential Materials

The general rule is that a case can only be in one court at one time.  Thus, the filing of an appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") As this Court previously articulated, "[t]he filing of a notice of appeal ordinarily ousts a district court of jurisdiction as to those aspects of the case involved in the appeal." *Shapiro v. Kronfeld*, 2005 WL 183137, at *1 (S.D.N.Y. January 27, 2005) (Sweet, J.).

The Second Circuit currently has pending before it three appeals -- all concerning the Protective Order and its treatment of certain confidential materials, all of which are at issue in instant motion.  Because the Second Circuit will finally determine whether the confidential materials will be sealed under the Protective Order, made public, or have some other fate, this Court does not have jurisdiction over this motion while those appeals are pending.

The importance of this black-letter jurisdictional law is readily apparent in the issue at hand. The outcome of the various appeals at the Second Circuit is undetermined at this time, but possible outcomes include (1) the unsealing of the entire docket as sought by certain parties, which would render aspects of the instant motion largely moot; or (2) a remand to this Court for further proceedings, which may require Ms. Giuffre's use of confidential materials subject to this motion.  For example, the appellate brief filed by Mr. Dershowitz (in appeal 16-3945) concludes with a plea that the Second Circuit should "reverse and remand."  Dershowitz Br. at 55, *Giuffre*

3

*v. Maxwell*, No. 16-3945 (2nd Cir.  Aug. 24, 2017).  And the more-recently filed appellate brief

filed by the *Miami Herald* concludes by asking that this Court "Order must be reversed."  Miami

Herald Br. at 36, No. 18-2868 (2d Cir. Dec. 10, 2018).  Either way, the fate of much of the

confidential materials in this litigation now rests with the Second Circuit.   And oral argument

has been set by the Second Circuit for February 6, 2019.

In her motion, Ms. Maxwell remarkably contends that "nothing but unwarranted

intransigence explains Ms. Giuffre and her counsel's refusal to comply with the Protective Order

or the Court's November 14, 2017 directive."  Mot. at 10.  Nothing could be further from the

truth.  The only reason Ms. Giuffre's counsel have delayed in following the destruction

requirements is to ensure that counsel's actions do not in any way interfere with the Second

Circuit's efforts to bring the case to an appropriate resolution.

### B. <u>Defendant is Estopped from Arguing the Case is "Concluded," as She has Failed to Return or Destroy Documents Herself or to Seek Immediate Enforcement of the Protective Order.</u>

Once the appellate process concludes, Ms. Giuffre's counsel stand ready to immediately

implement the destruction provisions of the protective order.  This Court's Protective Order

states:

> *At the conclusion of this case*, unless other arrangements are agreed upon, each document
> and all copies thereof which have been designated as Confidential shall be returned to the
> party that designated it Confidential, or the parties may elect to destroy Confidential
> documents. Where the parties agree to destroy Confidential documents, the destroying
> party shall provide all parties with an affidavit confirming the destruction.

D.E. 62 ¶ 12 (emphasis added and capitalization altered).  Until this case concludes, by its plain

terms, the Protective Order's document destruction provision is not yet triggered.

Ms. Maxwell, however, seeks sanction against Ms. Giuffre's counsel for their cautious

approach.  Ms. Maxwell takes the view that the confidential materials should have been

destroyed shortly after this Court's order of November 17, 2017 – a decision handed down well over a year ago.  But Ms. Maxwell never indicates that she herself has taken such action.  Ms. Maxwell has neither returned the materials nor sent Ms. Giuffre an affidavit of destruction.

Given the fact that the parties are mutually retaining the documents during the appeals process, should the Court grant the instant motion for an Order to Show Cause to Ms. Giuffre's counsel, it would necessarily have to issue an identical order to Ms. Maxwell's counsel, and perhaps other litigants as well.[3]   Surely the more appropriate resolution is for the Court to simply deny Defendant's motion, allow all parties to subject to the Protective Order to destroy or return documents at the final conclusion of the appeals.

Ms. Maxwell's plea that this Court should take more precipitous action is also belied by her conduct over the last year.  Not only has she failed to implement the document destruction provisions of the protective order, but she has delayed in seeking their enforcement.  After this Court's order on November 17, 2017, the Second Circuit appeals moved forward.  Ms. Maxwell seemed to understand that the pendency of those appeals meant that the case was not yet concluded – until months later when she raised a question about implementing the protective order. Ms. Giuffre's counsel explained their position that the pendency of the appeals made implementation premature.  And, again, several more months went by without Ms. Maxwell raising the issue.

Time of not of the essence with regard to destruction of documents that remain under seal.  The Court should deny the motion for this reason as well.

---

[3] The Court would also have to issue an Order to Show Cause to the intervenor party, Alan Dershowitz, who, as a witness in the above-captioned case and was provided access to the confidential materials by Defendant Maxwell.

C. **Courts in the Southern District of New York Routinely Issue Protective Orders that Contemplate Protection of Documents through the Appellate Process**

Ms. Giuffre's counsel decision to wait for the conclusion of the three appeals before implementing the document destruction provisions of the protective order is consistent with standard practice. In the November 8, 2017, hearing, which preceded this Court's November 14, 2017, order, this Court and the parties did not address whether the Protective Order would require the return or destruction of the documents before the conclusion of the Second Circuit's appellate proceedings. Yet any such result that would be contrary to existing precedent, which holds that return and destruction obligations are not triggered until the conclusion of appellate proceedings.

In the Southern District of New York, "[c]ourts that have issued protective orders requiring the return of documents have customarily ordered such return at the conclusion of the case, including all appeals." *Standard Inv. Chartered, Inc. v. National Ass'n of Securities Dealers, Inc.*, 2008 WL 199537, at *14 (S.D.N.Y. January 22, 2008) (holding that the relevant party "may retain all documents subject to the accompanying protective order until its current, and any other, appeals in this case have concluded"). Indeed, "[t]he common practice . . . appears to be for protective orders to require the . . . return [of] sensitive material after the completion of all appeals in the case." *United States v. Basciano,* 03 Cr. 929 (NNG), 2006 WL 2270432 at *3, (E.D.N.Y. June 30, 2006).

Defendant has offered no case law to support her curious argument that the "conclusion of this case" as contemplated by this Protective Order could somehow occur before the final conclusion of the appellate process – particularly where the appeal relates to what to do with documents related to the protective order. As things stand, neither party is out of compliance with the Protective Order, because this case has not concluded because it is still on appeal.

6

Therefore, this Court should simply take the normal view that the "conclusion of the case" for the purposes of this Protective Order is the conclusion of the appeals process.

The motion should be denied for this reason as well.

### D. Defendant Cannot Show Prejudice in Maintaining the Status Quo

Ms. Giuffre will, of course, comply with this Court's Protective Order and destroy all confidential materials at the end of the appellate process, subject to any alternative directive from the Second Circuit. And the appellate process appears to be moving towards resolution. The Second Circuit has consolidated all three pending appeals and scheduled oral argument for February 6, 2019.

Against this backdrop, it is hard to understand why so need for immediate action by this Court exists. Ms. Maxwell claim that "[m]eanwhile Ms. Giuffre's lawyers are prosecuting Doe 43 and seeking to take advantage of the Confidential Materials in that lawsuit." (Mtn. at 10). This is inaccurate. Ms. Ransome has not sought to take advantage of any delay in destroying the documents subject to the protective order, and Ms. Maxwell points to no evidence to the contrary. Instead, Ms. Giuffre continues to hold these materials strictly confidential, without disclosing them to any person or entity, and storing them securely at the undersigned's law firm, which has implemented market-leading cybersecurity measures across the entire firm's electronic databases. Accordingly, Ms. Maxwell has shown no harm or prejudice that might stem from letting the appellate process run its course in the Second Circuit before destruction of any documents begins.

### CONCLUSION

This Court lacks jurisdiction to adjudicate this motion. And in any event, on the merits, this case is not yet fully and finally concluded, so the Protective Order's document destruction

7

provisions are not yet operative.  Indeed, Defendant herself is estopped from advancing any

contrary argument, as she has not certified her compliance with those provisions.  Ms. Giuffre's

decision to await a final conclusion of the appeals is consistent with precedent in this Court, and

Ms. Maxwell can show no prejudice will come from waiting the short period of time needed for

the Second Circuit to rule on the validity of the protective order.  For all these reasons, this Court

should deny the instant motion in its entirety.


Dated:  December 12, 2018                  Respectfully Submitted,


                                           By:  */s Sigrid McCawley*
                                           Sigrid McCawley (*Admitted Pro Hac Vice*)
                                           Meredith Schultz (*Admitted Pro Hac Vice*)
                                           Boies Schiller Flexner LLP
                                           401 E. Las Olas Blvd., Suite 1200
                                           Ft. Lauderdale, FL 33301
                                           (954) 356-0011

                                           David Boies
                                           Boies Schiller & Flexner LLP
                                           333 Main Street
                                           Armonk, NY 10504

                                           Bradley J. Edwards (*Admitted Pro Hac Vice*)
                                           Stan Potinger
                                           EDWARDS POTTINGER LLC
                                           425 North Andrews Avenue, Suite 2
                                           Fort Lauderdale, Florida 33301
                                           (954) 524-2820

                                           Paul G. Cassell (*Admitted Pro Hac Vice*)
                                           S.J. Quinney College of Law
                                           University of Utah
                                           383 University St.
                                           Salt Lake City, UT 84112
                                           (801) 585-5202[4]

---

[4] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

8

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 12th day of December, 2018, I served the attached

document via CM/ECF and e-mail to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
Ty Gee, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com

By:  _/s Sigrid McCawley_____
          Sigrid McCawley

9