UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

# Ms. Maxwell's Reply in Support of Her Motion for an Order to Show Cause re Protective Order

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell, through her counsel, submits this Reply in support of her motion for an Order to Show Cause requiring plaintiff Virginia Giuffre and her lawyers to state why this Court should not impose sanctions for their failure to comply with the Court's Protective Order.

**INTRODUCTION**

The Protective Order requires the destruction or return of all "Confidential"-designated materials. This action was terminated more than eighteen months ago when the parties reached a settlement and stipulated to dismissal, and the Court dismissed the case. In November 2017 the Court explicitly ruled, "[A]ll documents, materials, and information subject to the Protective Order *must be returned to the party* who designated its confidentiality as of the date this action was dismissed." Sealed Op., at 3 (Nov. 14, 2017) (emphasis supplied).

To justify their refusal to comply with the Court's direction, Ms. Giuffre and her counsel argue the materials subject to the Protective Order are "implicat[ed]" in three pending appeals and so they are "torn between two courts." Resp. 1. This is a false and manufactured drama.

As we pointed out in the show-cause motion, *none* of the movants who appealed this Court's denials of their unseal motions had requested *any* documents from Ms. Giuffre or Ms. Maxwell. The movants requested unsealing only of judicial documents. Nothing but Ms. Giuffre and her lawyers' intransigence and motivation to use the Confidential documents in their possession for improper purposes prevents them from complying with the Protective Order and this Court's November 2017 direction.

1

**ARGUMENT**

I. **The Court has jurisdiction to enforce its Protective Order as to materials held by the parties, none of which is at issue in the appeals.**

Ms. Giuffre and her attorneys argue this Court lacks jurisdiction because three appeals are pending challenging this Court's denial of unseal motions. They cite *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 56 (1982), for the proposition that a district court loses jurisdiction "over those aspects of the case involved in [an] appeal." To bring this case within *Griggs*, Ms. Giuffre and her attorneys make this extraordinary statement: "[A]ll" three appeals concern the Protective Order and its protection of "certain confidential materials, *all of which are at issue*" in Ms. Maxwell's Motion for an Order to Show Cause. Resp. 3 (emphasis supplied). It is extraordinary because it is a false statement made to a federal court.

None of the three unseal motions concerns the materials at issue in Ms. Maxwell's show-cause motion. That motion seeks relief for Ms. Giuffre's lawyers' "refus[al] to return or destroy Confidential Materials," Doc.957, at 1, in their possession, custody and control. *See generally id.* at 7-9.

1. Mr. Dershowitz moved to unseal portions of a brief filed in connection with a motion to quash, discrete emails filed with the motion, and the manuscript of Ms. Giuffre's memoir filed with another motion. Doc.364, at 1-2. He appealed the denial of his unseal motion. Doc.504. Ms. Giuffre's attorneys knew then and now that Mr. Dershowitz requested unsealing only of documents *filed with the Court*, not documents in the parties' possession and custody. In Ms. Giuffre's attorneys' Second Circuit answer brief, filed December 13, 2017, they said Mr. Dershowitz sought "an order unsealing certain documents previously filed with the district." EXHIBIT E, at 21 (attached).

2. Mr. Cernovich moved to unseal Ms. Maxwell's summary judgment brief and any papers filed in connection with the summary judgment motion. Doc.551, at 2. Mr. Dershowitz joined. Doc.610. After the Court denied the motion, both appealed. Docs.915 & 920. In Ms. Giuffre's attorneys' Second Circuit answer brief, they said Mr. Cernovich's unseal motion "sought essentially the same relief Dershowitz requested." EXHIBIT E, at 23.

3. The Miami Herald moved to unseal all sealed and redacted documents filed with the Court. Doc.936, at 1. The Herald appealed the denial of its unseal motion. Doc.955.

It is a violation of Federal Rule of Civil Procedure 11(b) to "'mak[e] false, misleading, improper, or frivolous representations to the court.'" *Monroe v. Geo Grp., Inc.*, 2018 WL 582473, at *3 (S.D.N.Y. Jan. 29, 2018) (quoting *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 51 (2d Cir. 2008)). The Court *sua sponte* may impose Rule 11 sanctions or sanctions pursuant to courts' inherent power when it finds subjective bad faith. *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). Subjective bad faith is established when an attorney "[makes] a false statement with intent to mislead a court." *Monroe*, 2018 WL 582473, at *3 (brackets and internal quotations omitted).

No "aspect[]," *Griggs*, 459 U.S. at 56, of the appeals concerns the subject matter of Ms. Maxwell's Motion for an Order to Show Cause, namely, enforcement of the Protective Order as to confidential materials in Ms. Giuffre's attorneys' possession, custody and control.

## II. "Estoppel" does not preclude this Court's enforcement of its Protective Order and its November 2017 directive.

Ms. Giuffre and her attorneys argue Ms. Maxwell is "estopped from arguing the case is concluded" because Ms. Maxwell has not returned or destroyed documents. Doc.961, at 4 (capitalization altered). This argument is meritless.

3

Ms. Giuffre and her attorneys ignore that on July 6, 2017, and September 6, 2018, we proposed by letter a procedure for "joint compliance" with Paragraph 12 of the Protective Order that would result in destruction of the protected materials in the parties' possession, custody and control. *See* Doc.958-1 & -3; Doc.958, at 8. The September 6 letter noted that this Court in its November 14, 2017, Order had directed the parties to comply with Paragraph 12. On November 21, 2018, we conferred with Ms. Giuffre's attorneys before filing the show-cause motion. Ms. Giuffre's attorneys' response to these repeated requests for compliance with Paragraph 12 was their "frivolous," *Williamson*, 542 F.3d at 51, position. They argued that the pending appeals relating to judicial filings in the *Court's* possession justified their continued refusal to destroy confidential documents in *the parties'* possession.

Regardless Ms. Giuffre's attorneys' "estoppel" argument is as useless as their *Griggs* argument. The first clue is their failure to cite any authority for their contention that non-compliance with a court order can be excused by pointing the finger at the party who over the course of eighteen months repeatedly has requested joint compliance with the order. The second clue is that, as with any *ad hominem* argument, it fails to address the merits. The question in response to a show-cause motion is not whether someone else has complied with a court order; it is whether the non-movant has and, if not, why. Ms. Giuffre's attorneys admit they have faile to comply. Their reasons for non-compliance, based on false misrepresentations, do not excuse their non-compliance but rather aggravate their misconduct.

### III.   There is no cover for Ms. Giuffre's attorneys under the practice of this District.

Ms. Giuffre's attorneys argue it is "common practice" in this District for protective orders to require return of materials "after the completion of all appeals in the case." Doc.961, at 6. This is merely another rendition of the frivolous *Griggs* argument.

The argument is as improper as its earlier argument: it conflates merits appeals by the parties and collateral appeals by non-parties. Paragraph 12 of the Protective Order by its terms is effective upon the "conclusion of th[e] case." This Court confirmed on November 14, 2017, that this case concluded on May 25, 2017, and ordered the parties to comply with Paragraph 12. In any event the "practice" of courts in this District in no way limits this Court's "inherent powers to enforce its own orders," *Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 Fed. Appx. 19, 22 (2d Cir. 2018).

## IV. "Prejudice" is irrelevant to compliance with a court order.

Ms. Giuffre's attorneys argue Ms. Maxwell "has shown no harm or prejudice" in support of her show-cause motion. Doc.961, at 7. This misses the point entirely. Enforcement of court orders do not center on prejudice to a party but on "uphold[ing] the dignity of the court and [vindicating] its authority," *Serio v. Black, Davis & Shue Agency, Inc.*, No. 05 CIV. 15 (MHD), 2006 WL 176983, at *1 (S.D.N.Y. Jan. 23, 2006) (internal quotations omitted). Regardless it is axiomatic Ms. Maxwell suffers prejudice when materials she has designated confidential in reliance on this Court's authority are not disposed of in accordance with the Court's orders and instead are held by her opponent in violation of those orders.

Mr. Dershowitz's recent court filing destroys Ms. Giuffre and her attorneys' contention that there is no urgency for the Court to enforce its own orders, and reveals additional violations of the Court's orders. In his December 3, 2018, submission, Mr. Dershowitz said he believes Ms. Giuffre "and/or her representatives" have revived the story of Mr. Epstein's criminal investigation and "[a]t least one reporter" told Mr. Dershowitz that "she has been given materials that are subject to the Court's protective and sealing orders." Letter Mot. [1] (Dec. 3, 2018).

5

## CONCLUSION

The Court should issue an Order to Show Cause requiring Ms. Giuffre and her counsel to state why this Court should not impose sanctions upon Ms. Giuffre or her counsel or both for violation of this Court's Protective Order and November 14, 2017, directive.

December 18, 2018

Respectfully submitted,

*s/ Ty Gee*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
*Ty Gee (pro hac vice)*
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:      303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2018, I electronically served this *Ms. Maxwell's Reply in Support of Her Motion for an Order to Show Cause re Protective Order* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
Boies, Schiller & Flexner, LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Road
South Salem, NY 10590
stanpottinger@aol.com

*s/ Nicole Simmons*

6