J265giuC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

VIRGINIA L. GIUFFRE,

               Plaintiff,           New York, N.Y.

          v.                        15 Civ. 7433 (RWS)

GHISLAINE MAXWELL,

               Defendant.

------------------------------x
                                    February 6, 2019
                                    12:15 p.m.
Before:

                    HON. ROBERT W. SWEET,

                                    District Judge


                         APPEARANCES

BOIES, SCHILLER & FLEXNER, LLP
     Attorneys for Plaintiff
BY:  SIGRID S. McCAWLEY

HADDON, MORGAN & FOREMAN, P.C.
     Attorneys for Defendant Maxwell
BY:  JEFFREY S. PAGLIUCA
     LAURA A. MENNINGER

EMERY CELLI BRINCKERHOFF & ABADY, LLP
     Attorneys for Intervenor Dershowitz
BY:  ANDREW G. CELLI
```

1                    (Case called)

2                    THE COURT:  How nice to see you all again.

3                    MR. PAGLIUCA:  Good afternoon, your Honor.

4                    THE COURT:  I have the sense that somehow this

5      litigation will never die.  However, we will see.

6                    Yes.  I will hear from the movant.

7                    MR. PAGLIUCA:  Good afternoon, your Honor.  Jeff

8      Pagliuca and Laura Menninger appearing on behalf of Defendant

9      Maxwell.  This is our request for the Court's help in

10     implementing paragraph 12 of the protective order entered by

11     this Court March 17, 2016.

12                   This case settled, as the Court may remember, in May

13     of 2017, much to everyone's happiness, including the Court's,

14     and was dismissed shortly thereafter.  Two times since May we

15     have asked for agreed upon protocol with the plaintiff's

16     counsel to finish up destroying or exchanging-back confidential

17     documents.  The first request was shortly after the case was

18     dismissed in July of 2017.  That request was rejected by

19     plaintiff's counsel.  We asked again about a year later, that

20     was also rejected.

21                   The plaintiffs offer three reasons why they don't

22     believe they should have to comply with the Court's order.  The

23     first is according to plaintiffs the case is not concluded.

24     This Court has held the case concluded, the case has been

25     dismissed with prejudice, and really the only thing left to do

1   is to implement paragraph 12 of the protective order.

2   　　　The plaintiffs also argue the Court doesn't have
3   jurisdiction to hear this matter.  Clearly, it does.  This is
4   an order of the Court that the Court retains jurisdiction over
5   to implement and there is no merit to that argument.

6   　　　The third argument, as I understand it from the
7   plaintiff, is that there is really no prejudice and we can sort
8   of let this linger in limbo.  I think that is a fallacy, your
9   Honor, in that the longer this case goes on, in my view, the
10  more likely it is that we are going to have some disclosure of
11  protected information in violation of this Court's order.  I
12  don't have control over anyone that the plaintiff has
13  disseminated this information to pursuant to the protection
14  order, and the longer this goes on the more likely it is that
15  either inadvertently or overtly this information will get
16  disclosed.

17  　　　It is time to end this litigation with finality and
18  this is the last thing left to do.  We would ask that the Court
19  enter an order directing that all counsel in this case comply
20  with the Court's orders entered almost three years ago and that
21  we begin the protest of either exchanging or destroying these
22  confidential materials.  We have proposed that the information
23  simply be destroyed and documented by affidavit which seems to
24  me to be the most expeditious way to deal with it.

25  　　　I guess finally, your Honor, the claim I think is that

because there are three appeals related to documents that were filed with the Court that somehow they need to hold on to these documents and I guess I haven't heard any reason why documents in the possession of the parties and witnesses have anything to do with the discrete issues that are currently on appeal in the Second Circuit, and so I think at this point Court should simply direct that everyone follow Court's order.

Thank you.

MS. McCAWLEY:  Good afternoon, your Honor.  Sigrid McCawley on behalf of Virginia Giuffre.

Your Honor, Ms. Giuffre's position is simple and is supported by law.  It is that the protective order in this case, while it stands, should not be altered to enforce destruction of evidence when there are three appeals pending with respect to the documents at issue in this case.  As your Honor knows there are three appeals; Mr. Cernovich has one, Mr. Dershowitz; and then the Miami Herald has an appeal.  They all relate to the underlying documents in this case that were marked at issue under the protective order.  So, that is our position.

There are cases that we have cited to you in the Southern District of New York, for example, the Standard Charter case which is a 2008 case, Westlaw 199537.  That case had the exact issue.  One of the parties was moving to enforce the protective order and saying that the documents needed to be

1    destroyed and there were appeals pending and the Court said

2    simply that in the Southern District of New York, when there

3    are appeals pending and there is a protective order, it is

4    prudent to wait until the appeal has completed before requiring

5    the destruction of evidence in the case.

6         So, that is all that we are asking, your Honor.  We,

7    as you know, Ms. Giuffre produced thousands and thousands of

8    pages of documents in this case and also had non-parties

9    produce documents as well that were marked confidential.

10   Ms. Maxwell comes to the Court, while she has not herself

11   returned or destroyed any of Ms. Giuffre's documents,

12   requesting a motion and sanctions against us for not doing the

13   same.  We simply had meet and confers with them saying that we

14   would follow the order.  We thought it was prudent to wait

15   until the appeals were resolved because once something is

16   destroyed you cannot recreate it.

17        So, that was our position, your Honor, that's still

18   our position, we believe it is the prudent course for this

19   Court.

20        With respect to jurisdiction, we cited to you the

21   Shapiro case which is one of your prior cases that simply says

22   that when there is an appeal pending and the underlying issue

23   comes again before the Court, the Court does not have

24   jurisdiction to hear that appeal.  Whether or not that is the

25   case, we believe that it is prudent in this circumstance to

1    wait until the Court of Appeals in the Second Circuit has ruled
2    on whether or not those documents, whether or not there is
3    going to be a change to the status of those documents, whether
4    or not they're unsealed or kept confidential, etc.
5               Your Honor, I note that Mr. Dershowitz's counsel is
6    here as well.  I am happy to address the letter submitted if
7    you want me to.  That was not noticed for today but I can do
8    that, if your Honor wants me to.
9               Thank you, your Honor.
10              MR. CELLI:  Good afternoon, your Honor.  I am Andrew
11   Celli, I represent Alan Dershowitz.
12              We are here today to continue the position that
13   Mr. Dershowitz has always had in this case which is the
14   position in favor of transparency and openness.  We are
15   intervenors in the case, we are appellants in the case and, you
16   know, life makes strange bedfellows, we actually are in
17   agreement with Ms. Giuffre's counsel that the case is ongoing
18   and we don't believe there ought to be destruction order at
19   this point.
20              I want to be available for the Court for questions
21   about our appeal.  I think the Court is aware we initially are
22   seeking unsealing of three unique categories of records.  We
23   subsequently filed a second appeal that relates to the entire
24   summary judgment record which that lines up with
25   Mr. Cernovich's application and appeal, and then of course the

1   Miami Herald has an application to unseal the entire record of
2   materials that have been filed with the Court.
3           Just so the Court knows, at last, the Circuit has set
4   this down for argument; it will be argued on March 6th, your
5   Honor.
6           Thank you.
7           MR. PAGLIUCA:  Your Honor, would I like to just
8   respond briefly with regard to the appellate issue.
9           THE COURT:  Sure.
10          MR. PAGLIUCA:  The three appeals deal solely with
11  documents filed with the Court.  The three appeals do not deal
12  with documents maintained by the parties.
13          THE COURT:  I'm not sure that -- one might have
14  thought that every piece of paper in this case would be
15  indelibly etched in my mind but since there were thousands of
16  pieces of paper that's not true and I don't know now and I, in
17  a sense, do not want to be forced to look but perhaps I will
18  have to.
19          My best recollection is that the summary judgment
20  briefing included reference to papers other than just the
21  summary judgment papers but also depositions, etc., etc., that
22  supported the two parties, the different positions that the
23  parties had.
24          MR. PAGLIUCA:  That is true, your Honor.
25          THE COURT:  That's what I thought.  Yes.

            MR. PAGLIUCA:  All of those papers were attached or
submitted in connection with the summary judgment filings; they
weren't, oh, somebody has it in their office.
            THE COURT:  So, it seems to me -- well, that raises
for me the question about the decision of the Court of Appeals
with respect to the validity of my sealing order.
            MR. PAGLIUCA:  I think what is --
            THE COURT:  I mean the extent of it.
            MR. PAGLIUCA:  Yes.  I understand, your Honor.  But
assume for a moment that the Court of Appeals disagree with
your Honor and I think it would -- the only appeal that would
really have impact would be the Miami Herald appeal which deals
with a larger volume of documents than the other appeals.
            THE COURT:  Well, except to the extent that for the
reasons we just mentioned, the Dershowitz appeal and the other
one on the summary judgment may also deal with the larger group
of documents.
            MR. PAGLIUCA:  True.  All of those documents, however,
were submitted to the Court as part of any of some argument or
pleading and so what we are asking you to do, your Honor, is to
direct the parties, pursuant to paragraph 12, to destroy the
documents that we have in our possession.  Certainly it would
not be difficult, frankly, to carve out whatever is at issue
and is maintained by the Court because we know what we
submitted to the Court.  The parties know that.  And there is a

1    large volume of other material that has not been submitted to
2    the Court in any fashion and is not a part of any appeal in
3    this case and so we understand that --
4              THE COURT:  But would be covered by --
5              MR. PAGLIUCA:  Paragraph 12 of the protective order,
6    correct.
7              THE COURT:  Yes, but also be part of the scope of the
8    Miami Herald decision in the Court of Appeals.
9              MR. PAGLIUCA:  I don't believe so, your Honor, because
10   I believe that appeal as well as the Cernovich appeal simply
11   relate to an issue of whether or not the Court files would be
12   maintained, sealed, not the parties' files which are two
13   different things.  So, those appeals deal with what was
14   submitted to the Court, not as what is maintained by the
15   parties and that's a significant distinction, your Honor.
16             THE COURT:  I hear you.  Thank you, all.  I will
17   reserve decision.
18             Anything further?
19             MS. McCAWLEY:  No, that's fine, your Honor.
20             MR. CELLI:  No, your Honor.
21             THE COURT:  Thank you very much.  I will reserve
22   decision.
23                                oOo
24
25