UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

VIRGINIA GIUFFRE,                          15 Civ. 7433
                                               OPINION

              Plaintiff,

     -against-

GHISLAINE MAXWELL,

              Defendant.

USDC SDNY
DOCUMENT
ELECTRON
DOC #:
DATE FIL 2/26/19

------------------------------------X

A P P E A R A N C E S:


          Attorney for Plaintiff

          BOIES SCHILLER & FLEXNER LLP
          401 E. Las Olas Boulevard, Suite 1200
          Fort Lauderdale, FL 33301
          By:  Sigrid McCawley
               Meredith Schultz


          Attorneys for Defendant

          HADDON, MORGAN & FOREMAN, P.C.
          150 East 10th Avenue
          Denver, CO 80203
          By:  Laura A. Menninger
               Jeffrey Pagliuca
               Ty Gee

**Sweet, D.J.**

Defendant Ghislaine Maxwell ("Maxwell" or the "Defendant") has moved for an Order to Show Cause requiring plaintiff Virginia Giuffre ("Giuffre" or the "Plaintiff") to state why this Court should not impose sanctions for their failure to comply with this Court's Protective Order, ECF No. 64, and Sealed Opinion dated November 14, 2017.

## I. **Prior Proceedings & Factual Background**

Giuffre commenced this action on September 21, 2015.

On March 17, 2016, the Court entered a Protective Order providing confidentiality for documents, materials and/or information so designated by the parties (the "Confidential Materials"). *See* Order, ECF No. 62. Under the Protective Order, the parties are (a) prohibited from disclosing such materials to non-parties except on certain conditions, and (b) required at the conclusion of the case to return or destroy each document and all copies of these Confidential Materials. *Id.* ¶¶ 5-7, 12. The Protective Order also provided that any such materials submitted to the Court "shall be accompanied by a Motion to Seal

pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York." *Id.* ¶ 10.

Throughout this action, four separate motions were filed seeking access to certain Confidential Materials submitted to the Court in various filings.

In August 2016, Intervenor Alan Dershowitz ("Dershowitz") requested unsealing of portions of a brief filed in connection with a motion to quash, discrete emails filed with the motion, and the manuscript of Giuffre's memoir filed with another motion. *See* ECF No. 364. In January 2017, Intervenor Michael Cernovich ("Cernovich") requested unsealing of Maxwell's summary judgment brief, her attorney's declaration in support of the summary judgment motion, and any documents filed in connection with the summary judgment motion. *See* ECF No. 551. Dershowitz joined the motion. *See* ECF No. 610. In October 2017, Intervenors Jeffrey Epstein ("Epstein") and Lesley Groff ("Groff") requested unsealing of numerous documents concerning the alleged relationship between Epstein and Jane Doe 43--a witness who was deposed in this action and who brought an action against Epstein and Groff, *Doe 43 v. Epstein et al.*, No 17 Civ. 616 (S.D.N.Y). *See* ECF No. 924. Finally, in April 2018, Intervenors Julie Brown and the Miami Herald Media Company

2

(collectively, the "Miami Herald") moved to unseal all sealed and redacted documents filed with the Court. *See* ECF No. 936. Dershowitz and Cernovich joined the motion. *See* ECF Nos. 941 & 947.

This Court denied each motion to unseal. *See* Sealed Op. (Nov. 2, 2016); ECF No. 892; Sealed Op. (Nov. 17, 2017); ECF No. 953. Dershowitz, Cernovich, and the Miami Herald appealed the denial of their respective motions. *See* ECF Nos. 504, 915, 920, 955. The three appeals were consolidated and remain pending in the Second Circuit.

This action was settled and dismissed with prejudice pursuant to a joint stipulation for dismissal on May 25, 2017.

On July 6, 2017, Maxwell's counsel proposed a procedure for compliance with Paragraph 12 of the Protective Order under which the parties would destroy all Confidential Materials in their possession, custody and control and would cause any non-party to whom they provided Confidential Materials to destroy the materials. *See* Gee Decl. Ex. A, ECF No. 958-1. Giuffre's counsel rejected this proposal, contending that Paragraph 12's provisions were not in effect because the case had not "concluded" in light of the Second Circuit appeals. *See*

Gee Decl. Ex. B, ECF No. 958-2. On September 6, 2018, Maxwell's

counsel renewed their request that Giuffre and her counsel

comply with Paragraph 12. *See* Gee Decl. Ex. C, ECF No. 958-3.

Giuffre's counsel again stated their view that, until the

pending appeals were resolved, it would be premature to begin

implementing the provisions of Paragraph 12. *See* Gee Decl. Ex.

D, ECF No. 958-4.

As a result of the foregoing events, Maxwell filed the

instant motion for an Order to Show Cause requiring Giuffre and

her counsel to state why this Court should not impose sanctions

upon Giuffre or her counsel for their alleged violation of this

Court's Protective Order and November 14, 2017 directive. ECF

No. 957. This motion was heard and marked fully submitted on

February 6, 2019.

## II. **The Motion is Denied**

By its terms, the Protective Order's document

destruction provision is not triggered until the "conclusion of

this case." Order ¶ 12, ECF No. 62. The instant motion thus

requires this Court to interpret its own Order and determine the

4

time at which this case has concluded for purposes of that provision.[1]

"Courts that have issued protective orders requiring the return of documents have customarily ordered such return at the conclusion of the case, including all appeals." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 Civ. 2014 (SWK), 2008 WL 199537, at \*14 (S.D.N.Y. Jan. 22, 2008). Indeed, the "common practice . . . appears to be for protective orders to require the . . . return [of] sensitive material after the completion of all appeals in the case." *United States v. Basciano*, 03 Cr. 929 (NGG), 2006 WL 2270432, at \*3 (E.D.N.Y. June 30, 2006).

As previously described, the Second Circuit currently has pending before it three appeals concerning the documents underlying the Protective Order. The possible outcomes of these consolidated appeals include the unsealing of the entire docket, which would render aspects of the instant motion moot, and a

---

[1]     In support of her motion, Maxwell points to this Court's November 17, 2017 Opinion, which stated: "[A]ll documents, materials, and information subject to the Protective Order must be returned to the party who designated its confidentiality as of the date this action was dismissed." Sealed Op. at 2. However, that Opinion focused on Epstein and Groff's motion to unseal and did not articulate the effect of the pending appeals on the document destruction provision.

5

remand to this Court for further proceedings, which may require
parties' use of confidential materials subject to this motion.

In sum, this case has not yet concluded and the
Protective Order's provision requiring the return of materials
will not be enforced at this time.

**III. Conclusion**

For the foregoing reasons, Maxwell's motion for an
Order to Show Cause is denied.

It is so ordered.

**New York, NY**
**February** ⟋ ⟋ **2019**

ROBERT W. SWEET
U.S.D.J.