

Haddon, Morgan and Foreman, P.C
Ty Gee

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
tgee@hmflaw.com

July 10, 2019

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Request to Adjourn July 9 Order re Conference
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

The parties are in receipt of the Court's July 9, 2019 Order directing them to confer and appear for a conference tomorrow to discuss how to proceed. We have begun conferrals with the other parties.

This firm represents the defendant Ghislaine Maxwell. As the appellee in the consolidated appeals of Judge Sweet's orders denying unseal motions, Ms. Maxwell has resisted the appellants' and plaintiff Virginia Giuffre's efforts to unseal and release to the public materials and information we believe properly were sealed.

Since the mandate has not issued and jurisdiction has not been returned to the district court, *see, e.g.*, *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals."), we are inclined to agree with Ms. Giuffre's counsel's suggestion that the Court is convening only a status conference for advisory reasons only. *See United States v. Polizzi*, 257 F.R.D. 33, 34, 38-39 (E.D.N.Y. 2009).

Even so, we respectfully suggest the status conference would be premature. We are evaluating the Second Circuit's opinion for purposes of petitioning the Court for rehearing before the panel and/or *en banc*. We have substantial

The Honorable Loretta A. Preska
July 10, 2019
Page 2

concerns about the procedures discussed in the opinion, particularly as those procedures apply to this action. Modification or vacatur of the opinion by the panel or *en banc* Court could affect significantly the parties' views on the proper procedure on remand.

Setting aside issues of jurisdiction and prematurity, Ms. Maxwell's counsel Jeffrey Pagliuca and I are unavailable to participate in-person in the conference (Laura Menninger is out of the country), although we could participate via telephone. Accordingly, we respectfully request that the conference be rescheduled for a later date.[1]

Respective counsel for intervenors Miami Herald, Julie Brown and Alan Dershowitz do not oppose our request to continue the conference. Sanford Bohrer for the Herald intervenors is available August 6-8, 14-16; David Lebowitz for Mr. Dershowitz is available August 6-8 and 16. We are available on all these dates. We have not received available dates from the other counsel. Counsel for Ms. Giuffre opposes our request to continue the conference. We had not received any communication from counsel for intervenor Cernovich as of the time we said we would need to submit this letter to the Court.

Very truly yours,

Ty Gee

C: Counsel of Record (via ECF); Kerrie Campbell (via Email)

---

[1] Attorney Kerrie Campbell represents one of the third parties whose identifying information appears in some of the sealed materials and who moved to intervene in the consolidated appeals. Mr. Bohrer notified Ms. Campbell of our conferral efforts and suggested that she participate in the conferral and the conference. For the reasons we provided to the Second Circuit, we believe her participation and the participation of other third parties whose privacy interests are implicated are appropriate. Ms. Campbell expressed interest in participating in the post-remand proceedings, and does not oppose adjournment of the conference.