# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue
New York, NY 10110

Telephone: (212) 390-9550
www.KKLllp.com

September 3, 2019

<u>By ECF</u>

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

      Re:    *Giuffre v. Maxwell*, 15 Civ. 07433 (LAP)

Dear Judge Preska:

      We write on behalf of an anonymous third party, John Doe, in advance of the conference scheduled for tomorrow in the above-referenced matter. As this Court well knows, the July 3, 2019 Opinion of the United States Court of Appeals for the Second Circuit directed this Court to perform a "particularized review" of materials previously filed under seal in this matter (the "Sealed Materials") to determine whether they, in the first instance, constitute judicial records and, if so, whether and to what extent such records may be unsealed without infringing upon the privacy and reputational rights of persons not before this Court. *See Brown v. Maxwell,* 929 F.3d 41, 51 (2d Cir. 2019). We respectfully write to ask this Court to protect those non-party interests; a request that is consistent with long-standing Circuit precedent establishing that this responsibility "rests heavily upon the shoulders" of the district court. *In re New York Times*, 828 F.2d 110, 116 (2d Cir. 1987).

      To that end, we submit that: (a) non-judicial records in this matter should remain sealed; (b) judicial records found to have had only a negligible role in the performance of Article III duties should likewise remain sealed; and (c) as to all other judicial records, the Court should balance the competing interests of public access and non-party privacy and reputational interests by redacting the names and other identifying information of the non-parties. We further propose for the Court's consideration a protocol to assist the Court in conducting its review.

    **A.**    <u>Judge Sweet Observed That The Sealed Materials Implicate Non-Parties And Include Non-Adjudicated Claims On Non-Public, Private Matters.</u>

      We represent John Doe. Doe is not, and has never been, a party in any judicial proceeding involving Ghislaine Maxwell or Virginia Giuffre, or in any proceeding relating to Giuffre's allegation that Jeffrey Epstein sexually abused her.

      As a non-party to these proceedings, Doe lacks specific knowledge about the contents of the Sealed Materials. But it is clear that these materials implicate the privacy and reputational

interests of many persons other than the two primary parties to this action, Giuffre and Maxwell. Judge Sweet summarized the contents of documents sealed in this action as including a "range of allegations of sexual acts involving Plaintiff and non-parties to this litigation, some famous, some not; the identities of non-parties who either allegedly engaged in sexual acts with Plaintiff or who allegedly facilitated such acts." *Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 442 (S.D.N.Y. 2018). Of course, these allegations against non-parties remain unadjudicated even though they are based upon events occurring over a decade and a half ago.

The Court of Appeals plainly contemplated that this Court's review process would include the participation of "outside parties whose privacy interests might be implicated by the unsealing" – as demonstrated by the Court of Appeal's observation that the parties can assist this Court in notifying such parties. *Brown*, 929 F.3d at 51. Thus, although Doe has not received such notice, we respectfully make this submission in furtherance of the privacy rights of such non-parties and propose a non-party objection protocol in light of what is reasonably discerned to be the far-ranging scope of the allegations contained in the Sealed Materials.

    **B.**    **The Court of Appeals' Stated Concern For The Publication Of Libelous Statements Protected By The Litigation Privilege Emphasizes This Court's Responsibility To Protect The Interests Of Non-Parties.**

While the Court of Appeals ultimately found Judge Sweet erred in not conducting an individualized review of the Sealed Materials, it "share[d the district court's] concern that court files might be used to promote scandal arising out of unproven potentially libelous statements." *Brown*, 929 F.3d at 51 (internal quotation omitted). The Court of Appeals specifically observed:

> Our legal process is already susceptible to abuse. Unscrupulous litigants can weaponize the discovery process to humiliate and embarrass their adversaries. Shielded by the litigation privilege, bad actors can defame opponents in court pleadings or depositions without fear of lawsuit and liability. Unfortunately, the presumption of public access to court documents has the potential to exacerbate these harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record.

*Brown*, 929 F.3d at 47 (internal quotation omitted).

The media coverage over the course of the previous weeks bears out – powerfully – the concerns expressed by the Court of Appeals. A review of media reporting from the date of Epstein's arrest through August 26, 2019, reveals the following:

- More than 17,000 different articles concerning the Epstein matter have been published worldwide (which includes print and online reports, but excludes strictly web sources).

- If one were to include online blogs and the like, that number would soar to more than 180,000.

- Over 230,000 mentions of the Epstein matter have been broadcast on television worldwide.

Unsealing references to non-parties would throw those non-parties into the middle of this frenzy, and unfairly do irreparable harm to their privacy and reputational interests. Indeed, a vast number of these articles have published unsubstantiated allegations as fact. The careless regurgitation of allegations made under the litigation privilege, and not elsewhere, has the potential to permanently and unjustifiably harm non-parties and their families.

The concerns about non-party interests are particularly acute here because – as a result of the parties' settlement of the underlying civil action – the allegations at issue in this matter will likely never be resolved. Whereas named parties can avail themselves of the litigation process to refute false accusations, non-parties whose names become associated with misconduct can suffer the "unfairness of being stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing" utterly bereft of any opportunity to respond. *United States v. Smith*, 985 F. Supp. 2d 506, 526 (S.D.N.Y. 2013); *see also, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). And some will never have that opportunity, as is the case with former Massachusetts Institute of Technology professor Marvin Minsky, who was recently implicated in the Epstein matter when the summary judgment materials were publicly released. More than 350 different news reports repeating these allegations of sexual misconduct with Plaintiff have been published regarding Professor Minsky. But, because he has passed away, his family must confront these allegations and the associated stigma without the benefit of Professor Minsky's response, let alone an available forum for seeking redress.

Providing the media more unsubstantiated allegations, never leveled outside of the cloak of the litigation privilege, only serves to continue this cycle of irresponsible, sensationalist reporting. For these reasons, the privacy and reputational interests of third parties, like Doe, "should weigh heavily in [this Court's] balancing equation in determining what portions of [the Sealed Materials] should remain sealed or should be redacted." *In re New York Times*, 828 F.2d at 116. "The job of protecting [privacy rights] rests heavily upon the shoulders of the trial judge, since all the parties who may be harmed by disclosure are typically not before the court." *Id.*

C.   **<u>Two Categories of the Sealed Materials Should Readily Remain Sealed.</u>**

From a review of the docket sheet, it is clear there are several categories of materials within the Sealed Materials relating to non-parties that should remain permanently sealed.[1] First, discovery materials, including written responses and deposition transcripts, or excerpts of the same, that were not relevant to the performance of Article III functions, are not judicial records, are entitled to no presumption of access, and should remain sealed pursuant to the terms of the Protective Order. *See Brown,* 929 F.3d at 49 (If a court "determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches.") (emphasis in original); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.

---

[1] Doe takes no position as to the unsealing of records relating solely to the parties and not implicating non-parties.

1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach.").

Nevertheless, should the Court consider unsealing portions of these discovery materials, its review necessarily requires a page-by-page review. For example, simply because one page of a deposition transcript is deemed a judicial record, does not mean another page, which pertains to a different subject or person, is as well. This approach is compelled by the particularized review set forth by the Court of Appeals. *See Brown,* 929 F.3d at 49–51.

The second category of Sealed Materials consists of those records determined to be judicial records, but that only "play[ed] a negligible role in the performance of Article III duties." *Id.* at 49 (internal quotation omitted). These records may, in fact, have had the tendency to influence a district court's ruling or relate to the court's exercise of its supervisory power, thus rendering them judicial records, but the role of the information was ultimately negligible to the judicial function. Thus, the presumption of access accorded such information is so low that it "amounts to little more than prediction of public access absent a countervailing reason." *Id.* at 49–50 (internal quotation omitted). In practical terms, as to records within this category, where a non-party's privacy or reputational interests are implicated, these records should also remain sealed in their entirety.

### D. Privacy and Reputational Harm To Non-Parties Outweigh The Lower Presumption of Access To The Final Category of Sealed Materials, Or, Alternatively, Require The Redaction Of Personal Identifying Information.

With the Court of Appeals' disposition of the summary judgment materials, the final category of Sealed Materials consists of judicial records that played something more than a negligible role in the performance of this Court's Article III duties. Importantly, however, this Court's analysis of this category of materials should be markedly different from that undertaken with respect to the summary judgment materials by the Court of Appeals.

To be sure, though this Court must still "articulate specific and substantial reasons for sealing [the] material[s], the reasons [for sealing] usually need not be as compelling as those required to seal summary judgment filings." *Brown,* 929 F.3d at 50. This is because the presumption of access "in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* As the Court of Appeals explained, a district court's authority to oversee discovery and control the evidence introduced at trial is "ancillary to the court's core role in adjudicating a case." *Id.*

On the other side of the scale, here, the privacy and reputational interests of non-parties are indisputably strong, especially where the allegations in the Sealed Materials may be the product of false statements, mistake, confusion, or failing memories based upon events occurring more than sixteen years ago. And, critically, such allegations will never be resolved here in light of the parties' settlement. Courts routinely protect the identities of non-parties who are subject to unproven allegations of impropriety. *See, e.g., Nixon v. Warner*

*Communications*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as reservoirs of libelous statements for press consumption . . . ."); *Amodeo*, 71 F.3d at 1051 ("Raw, unverified information should not be as readily disclosed as matters that are verified. Similarly, a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein."). This is particularly true where the alleged impropriety is sexual in nature. *See, e.g.*, *United States v. Silver*, No. 15 Cr. 93 (VEC), 2016 WL 1572993, at *6–7 (S.D.N.Y. Apr. 14, 2016) (permitting redaction of the names of two women with whom the defendant had allegedly had extramarital affairs, despite the fact that – in the court's view – the women were "not entirely innocent third parties.") (internal quotation omitted).

As the Third Circuit has explained in declining to publicize a list of unindicted co-conspirators in a criminal case:

> The individuals on the sealed list are faced with more than mere embarrassment. It is no exaggeration to suggest that publication of the list might be career ending for some. Clearly, it will inflict serious injury on the reputations of all. In some instances, there may be truth to the prosecutor's accusation. On the other hand . . . it is virtually certain that serious injury will be inflicted upon innocent individuals as well. In these circumstances, we have no hesitancy in holding that the trial court had a compelling governmental interest in making sure its own process was not utilized to unnecessarily jeopardize the privacy and reputational interests of the named individuals.

*United States v. Smith*, 776 F.2d 1104, 1114 (3d Cir. 1985). Similar considerations recently motivated Judge Pauley to order the redaction of the names of non-parties from warrant materials filed in connection with the Michael Cohen case. *United States v. Cohen*, 18 Cr. 602 (WHP), 2019 WL 472577, at *7 (S.D.N.Y. Feb. 7, 2019) ("The relevant considerations weigh in favor of redacting the names and descriptions of these uncharged individuals, who may nonetheless be stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing, combined with the inability of these third parties to clear their names at trial. . . [R]eferences to those around Cohen from which the public might infer criminal complicity . . . should also be redacted.") (internal quotation omitted).[2]

---

[2] Courts within this Circuit and otherwise across the country have found that the privacy interests of third persons warranted the sealing of a record or redactions thereto notwithstanding a presumption of access. In addition to the cases cited above, the following are offered as examples: *Am. Friends Ser. Comm. v. City & Cty. of Denver*, 02 Civ. N740 (CBS), 2004 WL 7334020 (D. Colo. Feb. 19, 2004) (privacy concerns can overcome the First Amendment presumption of access in permitting redaction of certain court records); *Lynch v. Private Diagnostic Clinic, PLLC*, 16 Civ. 0526 (LCB), 2018 WL 1384486, (M.D.N.C. Mar. 16, 2018) (interest in preserving the confidentiality of the sensitive personal information regarding non-parties is sufficiently compelling to overcome the First Amendment presumptive right of access); *Guessford v. Pa. Nat'l Mut. Case. Ins. Co.*, 12 Civ. 260 (WLO), 2014 WL 12594127 (M.D.N.C., September 30, 2014) (employee personnel files implicate privacy interests and redactions are the less intrusive means of protecting such private data); *Robinson v. Bowser*, 12 Civ. 301 (LPA) 2013 WL 3791770 at *4 (M.D.N.C. July 19, 2013) (explaining that the interest in keeping "sensitive personal material regarding third

Here, the public interest is not adversely impacted by redacting personal identifying information from the materials unrelated to the summary judgment motion. The public is still afforded access to the specific allegations contained in the Sealed Materials: the alleged acts of misconduct. This information is sufficient for the public to evaluate and review the district court's faithful discharge of its judicial function in this case consistent with the facts, law, and basic precepts of fairness.

More practically, nothing precludes participants in this matter from publicly disclosing their own allegations with more particularity. This is true in two key respects. First, New York's recent legislation extending and revising the statute of limitations for child abuse claims, permits victims to institute proceedings to seek relief, state their claims, and identify those whom they believe were involved or otherwise complicit in any wrongdoing. No sealing order would necessarily apply in any such action. Second, Plaintiff and others remain free to publish their claims to the world. No gag order has been ever imposed – their ability to share their stories and personal experiences remains absolutely unfettered. An order maintaining the seal order or otherwise redacting personal identifying information of non-parties in this case in no way limits or impairs such rights.

E.     **Proposed Protocol.**

Fashioning a mechanism to protect the privacy and reputational interests of non-parties is a challenging task. But it is a critical one. Accordingly, if this Court is inclined to unseal the names of non-parties in the Sealed Materials, John Doe respectfully requests that the Court adopt a protocol designed to protect non-parties and give them an opportunity to be heard, as contemplated by the Court of Appeals. We have set out such a protocol in an Exhibit appended hereto, and respectfully request that the Court implement it.

*     *     *

The Court of Appeals concluded its opinion by emphasizing that, "[d]istrict courts should exercise the full range of their substantial powers to ensure their files do not become vehicles for

---

parties[ ] private outweighs the First Amendment right of access"); *Corl v. Burlington Coat Factory of N.C., LLC*, 10 Civ. 406 (LPA) 2011 WL 2607942 (M.D.N.C. June 30, 2011) (finding that personal privacy of defendant's employees and former employees represent a compelling interest sufficient to overcome First Amendment right of access to some materials filed in connection with Defendant's summary judgment motion); *In re Savitt/Adler Litig.*, 1997 WL 797511, *3 (N.D.N.Y. Dec. 23, 1997) (citing *Amodeo*, the court allowed the redaction of names identifying details in summary judgment materials based upon the strong privacy interests of the non-parties); *Brigham Young Univ. v. Pfizer, Inc.*, 281 F.R.D. 507, 511–12 (D. Utah 2012) ("judicial documents may still be kept under seal if there are weightier countervailing factors in the common law or higher values in the First Amendment framework. Thus, even with judicial documents, a court must balance . . . the private interests of innocent third-parties . . . .") (internal footnote and quotation omitted); *Nettles v. Farmers Ins. Exch.*, 06 Civ. 5164 (RJB), 2007 WL 858060 at *1 (W.D. Wash. Mar. 16, 2007) (granting motion to seal in part because information at issue related to nonparties "who have not sought to place [their] private information in the public sphere").

September 3, 2019
Page 7 of 7

defamation," *Brown*, 929 F.3d at 53.  John Doe respectfully submits that in this case, this Court should do just that – and should therefore maintain the Sealed Materials under seal or, at the very least, redact from them the names and other identifying information of non-parties.

In furtherance of that objective, if this Court determines that unsealing the identities of some non-parties may be appropriate, we respectfully request that the Court adopt the protocol outlined in the attached Exhibit to facilitate this process and ensure adequate notice and opportunity to be heard are afforded to affected non-parties in order to protect against potentially life-changing, unfair and irremediable disclosures.

                                        Respectfully Submitted,
                                        KRIEGER KIM & LEWIN LLP

                                    By: _____
                                        Nicholas J. Lewin
                                        Paul M. Krieger


cc (by ECF):   All counsel of record

## EXHIBIT

## PROPOSED PROTOCOL

(1)     <u>Parties Identify Non-Parties</u>: Plaintiff Virginia Giuffre and Defendant Ghislaine Maxwell (collectively, the "Original Parties") shall be required to jointly identify any non-parties whose privacy or reputational rights may be implicated by the unsealing of the Sealed Materials (each, a "Non-Party" and collectively, "Non-Parties").  The Non-Parties identified by the Original Parties should include, but not be limited to: (a) those persons who produced or answered discovery based upon the representation or understanding that the discovery would be subject to the Protective Order previously issued in this action; (b) persons who are identified to have allegedly engaged in sexual acts with Plaintiff, or other alleged victims, or allegedly facilitated such acts; (c) persons whose intimate, sexual, or private conduct is described in the Sealed Materials; and (d) persons who are alleged to have been victimized by Jeffrey Epstein or Defendant.

(2)     <u>Notification to This Court</u>: The Original Parties shall apprise the Court of the identities of the Non-Parties by making a joint submission, under seal, identifying each Non-Party and noting where in the Sealed Materials that Non-Party is identified or referenced.  The Original Parties' submission to the Court shall also include the following:

- The Original Parties' respective contentions as to whether the content of the Sealed Materials referring to each Non-Party constitutes a judicial record, and the basis for each Original Party's contention, including the purported use of such record in the exercise of the judicial function.

- In order to facilitate an orderly adjudication of the privacy interest of each Non-Party, the Original Parties' sealed submission to the Court should also assign to each Non-Party a numerical identifier (*e.g.* J. Doe #1, J. Doe #2, and J. Doe #3.

- The Original Parties should also be required to exercise best efforts to identify and provide the Court any available contact information or addresses for each Non-Party or his or her legal counsel.

(3)     <u>Initial Judicial Adjudication</u>: The Court may determine that portions of the Sealed Materials will remain sealed because they are non-judicial records or judicial records that played a nominal role in the judicial function.  If so, the additional involvement of a Non-Party affected by such records is unnecessary.  However, to the extent that the Court elects to receive the benefit of Non-Parties' participation because it preliminarily determines that a portion of the Sealed Materials may warrant unsealing, we submit that the Court should then provide written notice to affected Non-Parties in order to permit such Non-Parties to file, under seal, objections to the release of the Sealed Materials.  As set forth below, the notice to each Non-Party should furnish to him or her the assigned anonymous description and numerical assignment, and set out the process for responding to such notice.

1

(4) <u>Provision of Sealed Materials to Affected Non-Parties</u>: Upon request, a Non-Party so notified shall receive from the Original Parties the excerpts of the Sealed Materials pertaining to him or her (the "Excerpts"). Such request should be made under seal and served upon counsel for the Original Parties. Upon receipt, the Original Parties shall jointly release the Excerpts to the requesting Non-Party, who must maintain the Excerpts as confidential and not disclose the same absent further order of this Court. The requesting Non-Party may utilize the Excerpts only as part of its sealed objections, if any, submitted to this Court.

(5) <u>Non-Party Objections</u>: This Court should then set a fixed date for the receipt of objections from Non-Parties. The Court should permit that any such objections be: (a) filed under seal; and (b) served upon the Original Parties. In order to ensure as transparent a process as possible in these circumstances, in addition to filing under seal, the objecting Non-Party shall publicly file a redacted objection on the Electronic Case Filing system ("ECF") reflecting the assigned J. Doe identifier. The redacted versions, publicly filed on ECF must remove all identifying information about the Non-Party, and any other referenced Non-Parties, including from the Excerpts.

A Non-Party's participation in this protocol should be optional. Non-Parties should be under no obligation to formally object and a Non-Party's decision not to do so should not be deemed as consenting to the unsealing of the Sealed Materials. The solicitation and receipt of objections from Non-Parties who wish to do so is intended to aid this Court in balancing privacy interests against the public's right of access; it is not intended to substitute for that critical balancing test, which is the responsibility of the Court. *See In re New York Times*, 828 F.2d at 116 ("The job of protecting [non-party privacy rights] rests heavily upon the shoulders of the trial judge . . . ."). Accordingly, even if no objection is filed by a Non-Party, the Court must nonetheless undertake the particularized review directed by the Court of Appeals.

(6) <u>Responses of the Original Parties to Any Non-Party J. Doe Objections</u>: The Court should provide the Original Parties an opportunity to respond to any objections filed by Non-Parties. Accordingly, we submit that the Court may elect to set a schedule that provides the Original Parties fourteen (14) days to file any opposition to a Non-Party J. Doe objection, and the objecting J. Doe seven (7) days to file a reply in support of any such Original Party objection. The Original Parties and J. Doe would file their respective submissions under seal, and, as set out above, file a redacted copy of their submissions on ECF redacting the Sealed Materials (or excerpts therefrom) and any personally identifying information concerning each J. Doe.

\*      \*      \*

Unless expressly stated otherwise, all notices, submissions, and filings made pursuant to this Order should remain permanently sealed inasmuch as they are submitted solely so that the Court may decide whether any Sealed Materials may be unsealed. *See Brown,* 929 F.3d at 50 n.33 (2d Cir. 2019).

This process outlined in this Order is intended to afford Non-Parties the opportunity to participate in this proceeding solely as to the issue of whether the Sealed Materials should be unsealed. Thus, if a Non-Party files an objection, he or she will be treated as having made a

limited purpose appearance in this action.  An order from this Court unsealing the Sealed Materials, in whole or part, as to a Non-Party should be deemed to have affected the Non-Party's rights and interest for purposes of appeal.

Pending the Court's in camera review, the Sealed Materials should remain sealed.  However, nothing set forth herein precludes any party from communicating, publicly or otherwise, including to law enforcement agencies, so long as such disclosures do not reveal the contents of the Sealed Materials.  A party is, therefore, free and without any restraint whatsoever, to disclose any information within their personal knowledge.  He or she is only limited, pending the completion of the Court's inquiry, from proceeding in violation of the Protective Order and other direction of this Court.