

Haddon, Morgan and Foreman, P.C
Jeffrey Pagliuca

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

September 18, 2019

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

    Defendant Ghislaine Maxwell, through counsel, submits in accordance with the Court's direction at the hearing on September 4, 2019, proposed categories for all the sealed materials.

    The purpose of creating categories for the hundreds of sealed court filings is to identify categories of filings that the original parties, i.e., plaintiff Giuffre and defendant Maxwell, might agree fall into essentially two categories: (1) non-judicial documents and therefore not subject to sealing, (2) judicial documents that are afforded a presumption of access that ranges from a minimal presumption to a heavy presumption and that, regardless of the weight of the presumption, can be rebutted by countervailing interests. As the Court noted at the hearing, to the extent the original parties can agree that one or more categories of documents are non-judicial documents, they are not subject to any presumption of access and they may remain sealed— without the need to involve non-parties whose interests might be implicated by their unsealing.

The Honorable Loretta A. Preska
September 18, 2019
Page 2

Plaintiff's counsel notified us that plaintiff's position is that *all* sealed filings are judicial documents and *all* of them should be unsealed and made available to the public. This position fundamentally undermines the utility of plaintiff's participation in this attempt to categorize sealed filings to help the parties find agreement on whether there are certain categories of filings that are non-judicial documents. In short, if plaintiff believes all sealed filings are judicial documents that must be unsealed, then categorization of the documents is irrelevant to her. It *is*, however, relevant to the defense, since we will be required to submit briefs on each category of documents we believe should remain sealed.

Since September 4 counsel for the original parties conferred at length and on a number of occasions. There is agreement on all but three categories. The parties request that the Court resolve the disagreement.

The parties have narrowed the categories to a total of eleven possible categories (the parties agree on seven categories; we believe there properly are eight; plaintiff believes there should be ten). The shaded categories identify for the Court the categories on which there is disagreement:

| | |
|---|---|
| 1 | Motions to Compel and Related Motions for Protective Orders and Court Orders |
| 2 | Motions in Limine re Admissibility of Evidence and Related Orders ( |
| 3 | Motions in Limine re Expert Testimony and Related Orders |
| 4 | Trial Deposition Designations and Counter-Designations |
| 5 | Objections to Trial Deposition Designations and Counter-Designations |
| 6 | Filings related to Third-Party Intervenors and Related Orders |
| 7 | Filings related to Third-Party – Other – and Related Orders |
| 8 | Case Management Filings and Related Orders |
| 9 | Adverse Inference/Sanction Motions/ Motions to Strike or Exclude Evidence |
| 10 | Trial Motions and Trial Submission |
| 11 | Motions re Depositions |

The Honorable Loretta A. Preska
September 18, 2019
Page 3

**Categories 4 and 5.** As we noted at the September 4 hearing, the parties took many depositions of witnesses outside the state of New York. Before the scheduled May 2017 trial, in accordance with Federal Rule of Civil Procedure 32(b) and the Court's Case Management and Pretrial Scheduling Order (Doc.455), the parties designated and served portions of many depositions that they believed they might introduce at trial. In response, each party filed counter-designations and objections to the opposing party's designations. These designations and counter designations consist of charts with hundreds of start and end times related to the depositions of numerous out-of-state witnesses. However, although no actual testimony was attached, Plaintiff seems to be contending that the mere designation of start and end times of deposition testimony, obtained pursuant to a protective order, allows for the release of the confidential testimony as a judicial document.

On April 5, 2017, the parties appeared for a hearing to discuss the objections to the various deposition designations. Plaintiff's counsel attended the hearing with what appeared to be more than a dozen boxes of material, presumably all of the deposition transcripts. None of the material was inspected by counsel for Ms. Maxwell. The Court did not hold any hearing on the objections to the various designations and counter designations and counsel for Ms. Maxwell do not know, or recall, what happened to the many boxes with unknown content which we presume to be deposition transcripts. If entire unread deposition transcripts remain somewhere within the United States District Court for the Southern District of New York a determination of what to do with the material is necessary. The case was settled and dismissed with prejudice before any ruling was issued. The parties do not know whether Judge Sweet ever reviewed any of the deposition designations, counter-designations, or objections.

The Honorable Loretta A. Preska
September 18, 2019
Page 4

The parties' positions are as follows on Categories 4 and 5. Ms. Giuffre's counsel argues that Categories 4 and 5 should be combined. We disagree. Deposition designations and counter-designations are a category of documents that constitute non-judicial documents, as we intend to argue in a brief. Such excerpts from depositions serve the sole and limited purpose of giving notice to the opposing party of the portions of a witness's deposition that party may use at trial. Having received that notice a party may choose to object or to designate additional deposition testimony from that witness. These designations and counter-designations—what we propose should be Category 4—are not "relevant to the performance of the judicial function" and are not "useful in the judicial process," *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (internal quotations omitted). Indeed, the Court plays no role. The Category 5 documents are different. These are *objections* lodged pursuant to Rule 32(b) to the admissibility of particular designations and counter-designations. Such objections do call upon the Court for a judicial decision. There are arguments why the presumption of access to the parties' objections might be entitled to very little weight, e.g., the Court never considered them, but such arguments do not bear on the categorization exercise the parties are engaging in here.

We submit that when at least one party can identify an entire category of filings that at least arguably are non-judicial documents, the Court should permit that category. It makes the briefing more efficient—the party urging continued sealing can present a set of arguments that are narrowly tailored to the entire category of documents. Notably, since plaintiff takes the position that all the sealed filings are judicial documents, she has no use for categories at all.

The Honorable Loretta A. Preska
September 18, 2019
Page 5

**Category 10.** Plaintiff has proposed a category for "Trial Motions and Trial Submission." There was no trial; so there were no "trial motions" or "trial submissions" per se. Insofar as plaintiff has identified the contents of this category, the category appears to only include the Joint Pretrial Order and motion practice with regard to one of plaintiff's witnesses. We submit the category is unnecessary since such filings would be included in Category 8, which captures all case management-type filings or Category 7, filings related to third parties.

**Category 11.** Plaintiff has proposed a category of "Motions re Depositions," which would include, for example, motions to compel a party or witness to appear for a deposition. There are few such motions. The category is unnecessary. Such motions would be included in Categories 1, 2, 5, 6 and/or 7, which captures, e.g., all motions to compel and all motions relating to the admissibility of portions of depositions.

Sincerely,

Jeffrey Pagliuca

C: Counsel of Record (via ECF)