

**HADDON MORGAN FOREMAN**

Haddon, Morgan and Foreman, P.C
Jeffrey Pagliuca

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

September 23, 2019

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Deposition Designations, and Briefing on Categorization of Documents
*Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

Now that the parties have agreed on seven categories of sealed documents (while disagreeing on four categories), we write (1) to address plaintiff Giuffre's argument regarding deposition designations and objections to them; and (2) clarify the next steps in the Court's process of determining whether to unseal any particular document.

**Deposition designations/counter-designations and objections to such designations.** In our submission of the categories, we observed, "The parties do not know whether Judge Sweet ever reviewed any of the deposition designations, counter-designations, or objections." In response, Ms. Giuffre attached an *ex parte* email exchange between the Court's law clerk Maya Nuland and a Boies Schiller Flexner paralegal Sandra Perkins on April 27, 2017—eleven days before the parties notified the Court of a settlement. Docs.988 & 988-1. Ms. Giuffre argues that the email exchange proves "Judge Sweet actively reviewed the materials submitted." *Id.* The argument is meritless.

The email exchange is nothing more than a series of communications clarifying what Boies Schiller submitted to the Court. Ms. Nuland apparently had questions about the "designations binder" Boies Schiller submitted to the Court. The last email from Ms. Nuland said she was trying to determine whether anything was missing from the binder "that the Judge needs to rule

The Honorable Loretta A. Preska
September 23, 2019
Page 2

on." Doc.988-1, at 1. That email exchange says nothing about whether Judge Sweet ever reviewed any of the depositions, counter-designations, or objections.

**Next steps in the Court's process.** In the Court's Amended Order, counsel for the parties were to "agree on the categories of documents." Doc.982. On or before September 25, the Order provided, the proponent for continuing the sealing of the sealed documents may submit briefs of no more than five double-spaced pages. *Id.* At the September 4, 2019, hearing the Court contemplated that there were three kinds of documents: judicial documents, "negligibly judicial documents," and non-judicial documents. Tr. of 9/4/2019 Hearing, at 13.

The parties on September 18 submitted proposed categories. The parties agreed on seven, disagreed on four others, and asked the Court to rule on the disagreement. Pending the Court's ruling on the four disputed categories, we intend to submit five-page briefs on the seven categories on which the parties agree and the one additional category, deposition designations and counter-designations, proposed by Defendant Maxwell. If the Court would like Defendant to brief all 11 of the proposed categories, Maxwell's eight plus the additional three proposed by Plaintiff, we will do so. However, the additional categories proposed by Plaintiff are duplicative of those already proposed by Maxwell and the Court will receive virtually identical briefing related to those categories.

We want to clarify the purpose of the briefing. We understand its principal purpose is to help the Court decide whether there is a category of sealed documents that constitute non-judicial documents, which would remain sealed. The Court reasoned at the September 4 hearing that identifying such categories of non-judicial documents would substantially simplify the process, e.g., by avoiding the need to "notify[] a thousand people" whose privacy interest might be implicated and who are not parties to this litigation.

Put another way, the Court is not intending at this stage that the parties would brief whether *specific* pages within a court filing (in a category that admittedly encompasses judicial documents) would be a non-judicial document. To illustrate, Category 1 is "Motions to Compel," which included related motions for protective orders and court orders. We agree that motions to compel are at least nominally judicial documents. However, as the Second Circuit observed, the materials *attached to* motions to compel may not qualify as judicial documents. For example, an attachment might be submitted to the court "solely so that the court may decide whether [it] must be disclosed in the discovery

The Honorable Loretta A. Preska
September 23, 2019
Page 3

process or shielded by a Protective Order." *Brown v. Maxwell*, 929 F.3d 41, 50 n.33 (2d Cir. 2019). As another example, the attachment may be submitted for an improper purpose, e.g., it is "redundant, immaterial, impertinent, or scandalous" and therefore "would not be considered a 'judicial document' and would enjoy no presumption of public access. *Id.* at 51-52 (internal quotations omitted). There may be references in a given motion to compel to such non-judicial papers and therefore even if the motion to compel is unsealed, those references in the motion to compel should be redacted.

We understand, in short, that briefing and/or argument on *specific* attachments to documents that fall within a judicial-documents or quasi-judicial documents category will take place at a later date. Because of the number of non-judicial attachments we have identified, we do not believe such briefing in any event could be done in five double-spaced pages. To the extent we are mistaken we request that the Court grant us leave to address such attachments at a later date to be set by the Court.

Sincerely,

Jeffrey S. Pagliuca

C: Counsel of Record (via ECF)