UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA GIUFFRE,<br><br>       Plaintiff<br><br>– against –<br><br>GHISLAINE MAXWELL,<br><br>       Defendant. | 15 Civ. 7433 (LAP)<br><br>NON-PARTY BRIEF |

  On September 5, 2019, the Court issued an Order ("Order") permitting non-parties to submit briefing regarding the parties' proposed categorization of the filings in this matter. *See* Docket Entry ("DE") 982. On behalf of our non-party client, we respectfully submit this brief.

  The Court's Order effectuates the approach suggested by this Court in the initial status conference following remand ("Conference"). During the Conference, the Court explained that the first step of the review process – upon which everyone seemingly agreed – was for the parties to collectively identify categories of filings which constitute non-judicial documents that would remain under seal. *See* Conference Tr. ("Tr.") at 15-22. The Court highlighted the inefficiency of "notifying a thousand people [non-parties] on something that may ultimately easily be determined to be non-judicial," and therefore would remain under seal. *Id.* at 18. Accordingly, the Court suggested that the parties first identify categories of non-judicial documents "and then to the extent that we think perhaps some of it should be unsealed, then worry about giving notice" to non-parties to permit their involvement in the rest of the judicial review and balancing process. *Id.* at 16.

  Plaintiff's two recent filings, in particular, fail to advance this Court's common-sense objective. For instance, Plaintiff elected to submit a 60-page chart purporting to categorize the

documents into ten categories – but then argued that *every single document* in *every single category* constitutes a judicial document.  See DE 986 at 1.  Plaintiff's argument thus accomplishes the unique feat of both being contrary to law[1] and totally unhelpful to this Court.

In light of the foregoing and the Court's desire to expeditiously consider these matters, we respectfully propose that the Court establish at least the following three specific categories of filings that are definitively non-judicial, and direct the parties to identify filings they believe fall into each: (1) filings related to motions or judicial requests that were unadjudicated by Judge Sweet; (2) filings that Judge Sweet – or this Court *sua sponte* – determines, or should determine, contain frivolous arguments, inadmissible evidence, are lacking credibility, or are redundant, immaterial, impertinent, or scandalous; and (3) documents that were not actually filed with the Court, or filed without notice to the adverse party.  Finally, because the identification of non-judicial documents to remain under seal is only the first step of the review process required by Circuit law, we respectfully request that the Court delineate the additional steps to be followed, and the role of non-parties in each step of that process.

1. **Filings Related to Unadjudicated Motions or Requests are Non-Judicial**

Documents that were filed in connection with motions or other requests which were never adjudicated or acted upon by Judge Sweet are, categorically, non-judicial documents.  This is because the *sine qua non* of a judicial document is that it relate to affirmative judicial action.  Where there is no affirmative judicial action, there can be no judicial document.[2]

---

[1] *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (observing that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document").

[2] The logic of this bright-line rule is cast in stark relief where, as here, the original Judge is no longer available to identify filings that influenced decisions.  In circumstances in which the

2

The Court of Appeals here emphasized that a court performs "the judicial function . . . when *it rules* on motions currently before it [and] when properly *exercising* its inherent supervisory powers."  *Brown*, 929 F.3d at 49 (internal quotation marks and emendations omitted; emphasis supplied).  The relevant issue is not litigant requests – it is judicial action.  *See, e.g.*, *United States* v. *Gatto*, No. 17-CR-686 (LAK), 2019 WL 4194569, at *3 (S.D.N.Y. Sept. 3, 2019) (a judicial document must relate to the actual "exercise[] of judicial power"); *see Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 63 (S.D.N.Y. 2007) (holding that, where documents "did not in any way figure into the Court's performance of its Article III functions, the documents do not qualify as judicial and carry no presumption of public access"); *see also S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) (holding that documents were not judicial if they "did not directly affect an adjudication [or] significantly determine litigants' substantive rights" (internal quotation marks omitted)).[3]

The public's interest in access to court filings is "derived from the role those documents played in *determining litigants' substantive rights* – conduct at the heart of Article III – and from the need for public monitoring of that conduct."  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (emphasis supplied); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

---

original Judge did not act, it simply makes no sense to ask a *different* Judge to assess the double-hypothetical question of: *if* the original Judge had acted, what documents *might have* affected such hypothetical action.  Fortunately, that is not what the law requires.

[3] To be sure, when a court is exercising its judicial authority through action, then the relevant question becomes whether any particular filing would reasonably tend to influence that action regardless of which way the court rules, or whether the document in fact influenced that action.  *See Brown*, 929 F.3d at 49.  The question then is not whether the court in fact relied on the document, but rather whether the document would tend to influence such a decision.  But, critically, to get to that point in the analysis, a court first must *act*.

123 (2d Cir. 2006) (explaining that "the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision" (internal quotation marks omitted)).

This rule makes perfect sense.  The purpose of the presumption of public access is to permit the public to understand judicial action – to understand the bases for the exercise of judicial authority; to understand the determination of litigants' substantive rights.  Applying a presumption of public access to a document that has the tendency to influence the exercise of judicial authority is productive insofar as it may give the public insight into potential bases for a court's action – which helps the public understand and monitor its courts and its judges.

Here, where a given motion was not adjudicated, or a request for judicial action was not acted upon, documents submitted in connection therewith are categorically non-judicial.

2. **Filings With Frivolous, Scandalous or Otherwise Improper Content Are Non-Judicial**

Insofar as Judge Sweet determined that a filing, or a portion of a filing, was comprised of inadmissible evidence or contained frivolous arguments – *see e.g., Lugosch*, 435 F.3d at 122 (any presumption of public access assumes that the parties "supported their papers with admissible evidence and non-frivolous arguments"); *Gatto*, 2019 WL 4194569, at *3 (same) – or was "redundant, immaterial, impertinent, or scandalous" or "lack[ing] credibility," *Brown, 929 F.3d* at 51-52 (internal quotation marks omitted), that filing or portion thereof is non-judicial.  In addition, this Court has the affirmative obligation to identify any such filings and *sua sponte* strike it from the record or deem it non-judicial.

3. **Non-Filed or Improperly Filed Documents are Non-Judicial**

Another category of non-judicial documents includes filings that were not properly "filed with the court." *Brown,* 929 F.3d at 49-50 (repeatedly describing the documents subject to remand as those filed with the court).  Plainly, then, hard copy documents that were submitted *ex*

4

*parte* to Judge Sweet and without notice to the defendant – such as those described by Plaintiff's supplemental filing, *see* DE 988 – are not judicial documents.

**4. The Court Should Set Forth the Rest of Its Review Process and the Role of Non-Parties**

Critically, the identification of non-judicial filings to remain under seal is only the first step of this process. Specifically, after the Court (1) identifies which filings are "judicial documents," it must then (2) assess the weight of any presumption of public access that applies to those judicial documents,[4] before (3) identifying countervailing considerations counseling against unsealing, such as non-party privacy interests, and then, finally, (4) the Court must balance any interest of public access against countervailing interests.[5] *See Gatto*, 2019 WL 4194569 at *4-5; *Lugosch*, 435 F.3d at 119; *Amodeo*, 71 F.3d 1044 at 1050. And, as the Court of Appeals observed here, due to the extraordinary privacy interests at stake here, "outside parties whose privacy interests might be implicated by the unsealing" should be afforded an opportunity to be involved in this multi-step process. *Brown,* 929 F.3d at 51. We respectfully refer the Court to our proposed protocol as one means of so doing. *See* DE 980.

\*     \*     \*     \*     \*

---

[4] The documents subject to remand here have been described as "ancillary to the court's core role in adjudicating a case," and thus subject to a lower presumption. *Brown,* 929 F.3d at 50.

[5] As Judge Kaplan recently wrote: "The privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests are a venerable common law exception to the presumption of access. Furthermore, courts have the power to insure that their records are not used to gratify private spite or promote public scandal, and have refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Gatto*, 2019 WL 4194569, at *6 (internal quotation marks and emendations omitted).

Dated: September 25, 2019
New York, New York

                              Respectfully Submitted,
                              KRIEGER KIM & LEWIN LLP

By: _____
                              Nicholas J. Lewin
                              Paul M. Krieger

                              Attorneys for Non-Party John Doe