RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN
HARVEY PRAGER
SCOUT KATOVICH

October 2, 2019

*Via ECF*

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *Giuffre v. Maxwell*, No. 15 Civ. 07433

Dear Judge Preska:

  We represent Intervenor Alan M. Dershowitz. We write pursuant to Your Honor's September 5, 2019 Order (ECF No. 982) to oppose Defendant Ghislaine Maxwell's proposal to maintain various parts of the record under seal. That proposal contravenes the Second Circuit's clear mandate in *Brown v. Maxwell*, 929 F.3d 41 (2019), and should be rejected out of hand. This submission addresses the categories of filings set forth in Maxwell's brief (ECF No. 991).

  **Categories 1 and 7: Motions to Compel and Related Discovery Motions**. Maxwell overstates the law in contending that discovery motions categorically "are not judicial documents and therefore are not afforded a presumption of access," ECF No. 991 at 5. As courts in this Circuit had repeatedly held even before *Brown*, "[w]here, as here, the disputed documents are filed in support of or in opposition to a discovery motion other than a motion as to the discoverability or confidentiality of the disputed documents themselves, they are properly

E<span style="font-variant:small-caps">mery</span> C<span style="font-variant:small-caps">elli</span> B<span style="font-variant:small-caps">rinckerhoff</span> & A<span style="font-variant:small-caps">bady</span> <span style="font-variant:small-caps">llp</span>
Page 2

deemed 'judicial documents,' requiring the court to balance the public access presumption against the competing considerations identified by the party seeking to seal them." *Royal Park Investments SA/NV v. Deutsch Bank Nat'l Trust Co.*, No. 14 Civ. 04394, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016) (collecting authorities).  In *Brown*, the Second Circuit specifically recognized that "erroneous decision-making with respect to such evidentiary and discovery matters can cause substantial harm" and that such motions "are therefore of value to those monitoring the federal court," rendering them "subject to at least some presumption of public access."  929 F.3d at 50.  This Court should heed the Second Circuit's teaching that "a court must still articulate specific and substantial reasons for sealing such material," *id.*, and decline to seal these documents without a particularized showing that satisfies the First Amendment.

To the extent Maxwell contends that documents concerning third parties who "were compelled to participate in the discovery process" are presumptively entitled to sealing, *see* ECF No. 991 at 19, she is wrong.  Compelling testimony is a quintessential exercise of coercive judicial power that the public is entitled to monitor.  *See United States v. Bryan*, 339 U.S. 323, 331-32 (1950) (elaborating the importance of balancing "the great power of testimonial compulsion" against exemptions "grounded in a substantial individual interest which has been found, through centuries of experience, to outweigh the public interest in the search for truth").  Judicial decisions compelling disclosure—which "carry the threat of coercive sanctions and seek to enforce the court's own orders," *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013)—are no less subject to public monitoring than other exercises of government power.

**Categories 2, 3, 4 and 5: Motions in Limine, Deposition Designations, and Objections to Deposition Designations.**  As with discovery motions, the Second Circuit made clear in *Brown* that "a court's authority to . . . control the evidence introduced at trial surely

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

constitutes an exercise of judicial power" and therefore held that motions relating to the presentation of trial evidence are subject to the presumption of access, albeit in a somewhat weaker form than would apply to trial evidence itself or to dispositive motion filings.  *Id.*  The Second Circuit specifically concluded that "insofar as the District Court held that privacy interests outweigh the presumption of public access in each of the thousands of pages at issue, that decision—which appears to have been made without particularized review—amounts to an abuse of discretion."  *Id.* at 50-51.  The Circuit's conclusion that "specific and substantial reasons" are required to seal such documents, *id.* at 50, is irreconcilable with Maxwell's claim that the presumption of access to them is "negligible," ECF No. 991 at 7, 12.

   Likewise, Maxwell's assertions that the presumption of access is overcome by the fact that the documents were covered by a protective order or because they relate to third parties are shopworn red herrings that the Second Circuit has repeatedly rejected and are exactly the type of non-particularized boilerplate that cannot justify sealing of judicial documents.  "[T]he mere existence of a confidentiality order says nothing" about whether particular judicial documents should be sealed, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2016), because judicial documents are immune from the general presumption against disclosure that applies to documents subject to a protective order; they "deserve a presumption in favor of access" irrespective of any protective order.  *S.E.C. v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001).  Thus, "the facts necessary to show good cause for a protective order [for non-judicial discovery documents] will not necessarily meet the threshold imposed by the First Amendment with respect to judicial documents."  *Newsday*, 730 F.3d at 166 (finding it was error to rely "solely on the prior finding of good cause to determine that the First Amendment right did not apply or was outweighed by countervailing factors").

Emery Celli Brinckerhoff & Abady llp
Page 4

Nor can Maxwell defend sealing on the basis that the district court never ruled on certain pretrial disputes. The Second Circuit rejected this precise premise in *Brown*, holding that "the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon." 929 F.3d at 50 ("Indeed, decision-makers often find that a great deal of relevant material does not ultimately sway their decision."). The Court cannot, as Maxwell suggests, retroactively rule on the *in limine* motions by determining that the matters they concern would not ultimately have been admissible at trial and then seal the filings on that ground. *See Lugosch*, 435 F.3d at 123 ("If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision, documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." (internal quotation marks and ellipsis omitted)). Particularized review and unsealing are required.

**Category 6: Filings Related to Intervention Motions**. Dershowitz specifically waives and disclaims any privacy interest in any of these documents—most of which were sealed as a result of confidentiality designations applied by Plaintiff Virginia Giuffre—and urges the Court to unseal them. In general, intervention motions—whose purpose is to determine parties' rights to participate in an action—are clearly judicial documents to which the presumption of access attaches. "There is a strong presumption of access to such materials, as they 'directly affect' courts' adjudication of issues." *Wells Fargo Bank, N.A. v. Wales LLC*, 994 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (holding that exhibits submitted in connection with motion to intervene are "clearly" judicial documents). That presumption applies here with full force.

**Category 8: Case Management Documents**. It is unclear why documents relating to routine case management issues were ever sealed at all, or what facts could possibly justify their

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 5

continued sealing at this juncture. Although the precise nature of these documents is unknown, the law by no means dictates that case management documents are categorically entitled to no presumption of access. This Second Circuit has recognized that a district court's case management decisions may "affect a party's substantial rights." *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985). Accordingly, courts in this Circuit have repeatedly recognized that filings submitted in connection with a motion to alter the pace or schedule of litigation are subject to public access. *See, e.g.*, *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 72 (S.D.N.Y. 2015) (applying presumption of public access to "papers filed in connection with [a] motion to stay"); *accord Skyline Steel, LLC v. PilePro, LLC*, No. 13 Civ. 8171, 2015 WL 556545, at *4 (S.D.N.Y. Feb. 9, 2015). Case management documents should not remain sealed absent a particularized showing justifying continued confidentiality as to individual documents.

**Category 9: Motions for Adverse Inferences or Sanctions and Motions to Strike or Exclude Evidence.** Documents in this category indisputably merit a presumption of public access. As the Second Circuit observed in holding that the presumption of access applies to civil contempt proceedings, judicial documents relating to a court's power to impose "coercive sanctions" are crucial to the governmental accountability that the First Amendment exists to bolster. *Newsday*, 730 F.3d at 164. There is no basis for the presumption urged by Maxwell that this category contains only non-judicial and negligibly judicial documents.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/

Andrew G. Celli, Jr.
David A. Lebowitz

C.	All Counsel of Record (via ECF)