HOLLAND & KNIGHT LLP
Sanford L. Bohrer
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VIRGINIA L. GIUFFRE, <br><br> Plaintiff, <br><br> - against - <br><br> GHISLAINE MAXWELL, <br><br> Defendant. | Case No. 15-cv-7433 (RWS) |

**RESPONSE OF INTERVENOR MIAMI HERALD**
**REGARDING SEALING OF COURT FILINGS**

Intervenors Julie Brown and the Miami Herald Media Company (the "Miami Herald") respectfully submit this response to the briefs filed by Defendant Ghislaine Maxwell ("Ms. Maxwell") and non-party J. Doe[1] regarding the sealing of court filings, Dkt. 990 and 991.

---

[1] Counsel for non-party J. Doe argues that certain categories of documents should remain sealed. J. Doe has not filed a motion to intervene in this matter, nor has he filed a motion to proceed anonymously. He lacks standing to participate, and his filing should not be considered for that reason alone. *See* Dkt. 225, *Brown v. Maxwell*, Case No. 18-2868 (2d. Cir. 2019) (denying J. Doe motion to intervene).

**PRELIMINARY STATEMENT**

Notwithstanding the Second Circuit's instructions, Ms. Maxwell and J. Doe continue to argue that hundreds of documents should remain under seal in their entirety as either non-judicial documents or negligibly judicial documents. In so doing, they mischaracterize the Second Circuit's ruling in *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) and other case law that is directly on point. Accordingly, as set forth in detail below, the Miami Herald respectfully requests that the Court enter an order identifying each of these documents as judicial documents subject to both the First Amendment right of access and the common law right of access.[2]

Given the presumption of access to these documents, the Court should also find that Ms. Maxwell and J. Doe have failed to identify any non-generalized, non-speculative interest that would outweigh these First Amendment and common law rights of access. Therefore, the remaining documents should be immediately unsealed with only very limited exceptions and minor redactions for social security numbers, the names of alleged minor victims and their relations, and other personal identifying information (addresses, dates of birth, phone numbers) of the same.

**ARGUMENT**

**The Governing Law Establishes a Substantial Presumption
of Access to All of the Documents at Issue**

Both Ms. Maxwell and J. Doe selectively quote from the Second Circuit's ruling in *Brown v. Maxwell* in an attempt to minimize the right of access that attaches to all judicial documents. In

---

[2] At the outset, the Miami Herald notes that neither it, nor its counsel, has access to the remaining sealed documents. For this briefing then, it is relying on the Parties' categorizations and characterizations of these documents for purposes of this briefing. The descriptions and categorizations contained in Ms. Maxwell's filing appear designed to obfuscate the issues in order to establish any possible basis for further review, creating an endless briefing loop. This delay tactic should not be countenanced.

fact, the Second Circuit makes clear, a judicial document is a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 50. The required inquiry then is whether the documents "would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules, or whether the document ultimately in fact influences the court's decision." *Id.* (emphasis in the original).

The Second Circuit described the remaining sealed documents at issue here as "filings related to, *inter alia*, motions to compel testimony, to quash trial subpoenas, and to exclude certain deposition testimony" and said that "[a]ll such motions, at least on their face, call upon the court to exercise its Article III powers."

Ms. Maxwell and J. Doe's repeated assertion that these documents are entitled to only a "slight presumption of access" is directly contradicted by the Second Circuit's conclusion that "the presumption of access to "materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions," while less than strong presumption afforded summary judgment filings, is nonetheless "substantial."

Where there is a substantial presumption of access, that presumption can be overcome only where the party seeking to seal the documents identifies with specificity competing and compelling interests in closure, and the court determines that those interests outweigh the presumption of access. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621 (S.D.N.Y. 2011) (denying requests to seal after balancing competing interests in third-party privacy and law enforcement efforts).

Ms. Maxwell and J. Doe have entirely failed to meet that burden.

3

**Category 1:  Motions to Compel and Related Motions for Protective Orders**

Ms. Maxwell makes two arguments that some of the 132 documents in this category would not be entitled to a substantial presumption of access.

The first concerns a very limited exception to the right of access for "material that is submitted to the court solely so that the court may decide whether that same material must be disclosed in the discovery process or shielded by a Protective Order"  *See* Maxwell Brief (Dkt. 991 at 5 (citing *Brown*, n.33).  This exception is extremely limited and applies only to documents submitted to the court for an *in camera* review to determine whether they must be disclosed in discovery:  it does not apply to all of the motion practice around the motion for a protective order. The only document that Ms. Maxwell claims actually falls within this exception is Document 370, which is a motion for a protective order regarding Ms. Maxwell's personal financial information. Even with respect to Document 370, however, only Ms. Maxwell's personal financial information itself may fall within this exception.  The motion and its supporting memoranda of law, affidavits, and other exhibits would not fall within the exception.  If one of the exhibits to this motion was submitted under seal for the purpose of an *in camera* review and the Court granted the motion for a protective order, then the Miami Herald agrees that the exhibit alone would fall within this exception.

Maxwell's argument concerning the remaining 131 documents in this category is that "they concerned issues wholly collateral to the lawsuit's merits" because they addressed whether material was discoverable under Rule 26's relevancy standard.  She provides no factual detail to support this position, and, as a matter of law, this argument is wholly without merit.

It is well-established that motions to compel and their accompanying exhibits are judicial documents.  *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (motions concerning discovery disputes are relevant to court's authority to oversee discovery); *VR Optics, LLC v. Peloton*

4

*Interactive, Inc.*, No. 16-CV-6392 (JPO), 2019 WL 2121690, at *8 (S.D.N.Y. May 15, 2019) (motions to compel and attached exhibits are judicial documents to which a presumptive right of public access attaches); *Gucci Am., Inc. v. Guess?, Inc.*, No. 09 CIV 4373 (SASJLC), 2010 WL 1416896, at *2 (S.D.N.Y. Apr. 8, 2010) (declarations and memorandum of law in support of a protective order were judicial documents); *In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311, at *3 (S.D.N.Y. Oct. 23, 2006) ("Motion papers, including briefing and any affidavits, constitute an application for court action—that is, a request for adjudication. As such, they are presumptively subject to public filing. In addition, the exhibits accompanying such briefing—although often the product of discovery—do not, by virtue of their provenance, fit within the category of documents that are not to be filed 'until they are used in the proceeding or the court orders filing,' nor do they disqualify the briefing that they accompany from presumptive public filing."); *Schiller v. City of New York*, 2006 WL 2788256 (S.D.N.Y. Sept. 27, 2006) (briefs and supporting papers submitted in connection with a dispute over the confidentiality of discovery materials were "created by or at the behest of counsel and presented to a court in order to sway a judicial decision" and were therefore "judicial documents that trigger the presumption of public access").

Maxwell has identified no compelling countervailing interest that would outweigh the substantial presumption of access to these documents and they should be unsealed.

### Category 2:  Motions *In Limine* and Related Orders

In addition to the motions to compel, Ms. Maxwell and J. Doe contend that 116 pleadings associated with motions *in limine* are not judicial documents because (1) they were not ruled on prior to the case settling and (2) were produced in discovery subject to a protective order.  Again, these arguments fail under the governing case law.

5

Like motions to compel, motions *in limine* and related filings are judicial documents. *United States v. Silver*, 2016 WL 1572993 (S.D.N.Y. Apr. 4, 2016) (unsealing government's motion *in limine*, defendant's opposition, corresponding transcripts, and letters briefing request to unseal on grounds that such documents are "judicial documents," even if evidence that was subject of motion *in limine* was not ultimately introduced at trial); *MacroMavens, LLC v. Deutsche Bank Securities, Inc.*, 2011 WL 1796138 (S.D.N.Y. Apr. 27, 2011) ("[A]ny information or argument which the parties intend to rely upon in the *in limine* motions, such as deposition testimony . . . , is entitled to a presumption of access which has not been overcome."). Indeed, these motions—which pertain to evidentiary rulings governing the admissibility of testimony and evidence at trial—are entitled to a greater presumption of access than discovery motions. *See United States v. Martoma*, No. S1 12 CR 973 PGG, 2014 WL 164181, at *4 (S.D.N.Y. Jan. 9, 2014)(noting that a strong presumption of public access attaches to motion *in limine* papers).

And, Second Circuit precedent demonstrates that whether a court rules or relies on a document is not dispositive as to whether the document is relevant to a judicial function. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120–21 (2d Cir. 2006) (holding that it was an error for the trial court to delay a sealing decision until it rule on the underlying summary judgment motion); *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon). *See also Gucci Am., Inc. v. Guess?, Inc.*, No. 09 CIV 4373 (SASJLC), 2010 WL 1416896, at *2 (S.D.N.Y. Apr. 8, 2010) (denying motion to seal prior to ruling on underlying motion).[3]

---

[3]Even non-judicial documents are presumptively public, and closure requires that a litigant establish good cause for sealing. *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *11 (D. Minn. Oct. 14, 2014) (holding that, even if disputed documents are not judicial records, the party opposing unsealing must establish good cause under Rule 26(c)

Further, any agreement between the parties to produce documents in discovery under a protective order is irrelevant to a decision about whether those documents are judicial documents and whether they may be properly sealed. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (affirming district court decision to unseal documents designated as confidential by the defendant-bank, when they were later filed with the court as part of the summary judgment proceedings); *Bernsten v. O'Reilly,* 307 F. Supp. 3d 161 (S.D.N.Y. 2018) (ordering the unsealing of a complaint notwithstanding the fact that the "parties settled the suit on confidential terms."); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 334 (S.D.N.Y. 2012) (unsealing a settlement agreement and noting that "the presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties in keeping their settlement private").[4] Reliance on confidentiality agreements has been repeatedly outweighed by competing interests, including the very interests at issue here – the public right of access.

The briefs filed by Ms. Maxwell and J. Doe fail to identify with the required specificity any other countervailing interest sufficient to overcome the substantial presumption of access. Instead, they generalized concerns about impairing law enforcement interests, judicial efficiency and privacy interests of third-parties." These general assertions are wholly insufficient to support

---

to maintain confidentiality); *United States v. Valdis Woldemars Didrichsons*, 15 Med. L. Rptr. 1869 (W.D. Wash. 1988) ("[FRCP] 26(c) assumes openness of discovery unless good cause is presented to close it.").

[4] *See also Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014) (holding the fact that the agreement "contains a confidentiality clause is not binding here, given the public's right of access to 'judicial documents.'"); *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co*., No. 12-cv-3274, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) ("[W]hile enforcement of contracts is undeniably an important role for a court, it does not constitute a 'higher value' that would outweigh the presumption of public access to judicial documents.... Respondents may have an action for breach of contract against [petitioner] for its alleged failure to adhere to its obligations under the confidentiality agreement—the Court makes no finding whatsoever on that question.").

the continued sealing of documents in this case. *See New York v. Actavis*, PLC, No. 14 CIV. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (citing *Lugosch*, 435 F.3d at 124) (decisions to seal must be supported by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."); *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (stating that the court must articulate specific and substantial reasons for sealing documents).

### Category 3: Motions *in Limine* Regarding Expert Testimony

Ms. Maxwell identifies another 48 sealed entries that relate to the admissibility of all or part of a purported expert's testimony. Her argument with regards to sealing these documents is that they contain "discovery documents that ordinarily are not filed with the Court." Again, this mischaracterizes the governing framework. *See In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311, at *3 (S.D.N.Y. Oct. 23, 2006) (recognizing that documents exchanged in discovery can become judicial documents when they are part of a request that the court take action).

Ms. Maxwell attempts to minimize the role of these documents in informing a judicial function: but in doing so, she admits that they were submitted to the Court in order to seek the Court's assistance in addressing the admissibility of such information at trial. Expert reports and related documents submitted to the Court for purposes of determining admissibility become judicial documents. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511-12 (S.D.N.Y. 2015) (holding that exhibits filed in connection with *Daubert* motions constituted judicial documents and noting that the "public interest in each is high."); *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 667 (S.D.N.Y. 2018) (balancing countervailing interests asserted with presumption of access to exhibits filed in support of *Daubert* motions).

For this reason, the documents are entitled to a presumption of access, and, with one limited exception, no countervailing interest has been identified that would warrant sealing any of these documents.[5]

### Category 4:  Trial Deposition Designations and Counter-Designations

Ms. Maxwell contends that trial deposition designations and counter-designations are not judicial documents:  In fact, pre-trial disclosures like this contain the direct witness testimony that the parties were designating as public trial testimony.  *See Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 440 (S.D.N.Y. 2018), *vacated and remanded sub nom. Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) (noting that "It is a given accepted by the Protective Order that the trial and all trial documents are accessible and public absent special circumstances.").

Further, as set forth in Document 989, Ms. Giuffre's counsel has submitted communications with Chambers to demonstrate that these designations and counter-designations were provided to and reviewed by the Court for review and determinations regarding admissibility in advance of trial.  Ms. Maxwell's suggestion that these depositions were "unread" by the Court is contradicted by this communication from the Court.

Therefore, the documents are entitled to a presumption of access, and with one limited exception regarding financial documents, no countervailing interest has been identified that would warrant sealing any of these documents.

### Category 5:  Objections to Trial Deposition Designations and Counter-Designations

Ms. Maxwell offers no basis for sealing objections to trial depositions and counter-designations.  Like the trial deposition designations and counter-designations themselves, these

---

[5] Ms. Maxwell states that photocopies of checks are included in these materials.  The Miami Herald does not object to limited redactions to these documents to avoid disclosure of bank account numbers.

objections are judicial documents as they were submitted to the Court for rulings regarding admissibility. Additionally, it is unclear from Ms. Maxwell's filing what material contained in these documents would warrant sealing these documents in the first place, if, as Ms. Maxwell states, they "by and large are start and stop times with citations to the Federal Rules of Evidence." *See* Maxwell Brief, Dkt. 991 at 17.

These documents are therefore entitled to a presumption of access and no countervailing interest has been identified that would warrant sealing any of these documents.

### Category 6: Filings Related to Third-Party Intervenors

Court filings to intervene and exhibits offered in support of same are judicial documents to which a substantial presumption of access attaches. *See Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. Jan. 27, 2014).

Ms. Maxwell argues, again based on generalized allegations, that these documents were irrelevant, implicate the privacy interests of third-parties, and/or were subject to a motion to strike related to an action filed in a separate court.[6] For the reasons set forth above, these allegations are wholly insufficient to overcome the presumption of access in these documents.

### Category 7: Filings Related to Third-Parties (Other than Intervenors)

Ms. Maxwell's arguments regarding Category 7 are largely duplicative of those raised concerning discovery disputes. Ms. Maxwell's briefing wholly mischaracterizes the law in asserting that discovery documents are not judicial documents. *See In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311, at *3 (S.D.N.Y. Oct. 23, 2006)(recognizing that documents exchanged in discovery can become judicial documents when

---

[6] Indeed, the only specific detail Ms. Maxwell references is that certain documents were related to a wholly separate lawsuit between Plaintiff's counsel and Mr. Dershowitz. Yet, neither Plaintiff's counsel nor Mr. Dershowitz have asked the Court to maintain the confidentiality of these documents.

they are part of a request that the court take action).  In her briefing, Ms. Maxwell concedes that the documents in this category were relevant to a judicial function, as certain third parties were compelled to participate in discovery.  Therefore, these filings are judicial documents.

Ms. Maxwell and J. Doe's generalized reference to third-party privacy interests is insufficient to support sealing documents.  Instead, to the extent a serious privacy interest of an innocent third party is implicated by certain documents, the case law requires a balancing of the privacy interests of those innocent third parties against the public interest in disclosure.  This first requires determining the weight to be accorded an assertion of a right of privacy by an innocent third party.  In analyzing this issue, courts are required to analyze "the degree to which the subject matter is traditionally considered private rather than public."  *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("*Amodeo II*").  For example, in *Amodeo II*, the court states "financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications" may be considered private information.  If a privacy interest is involved, then the Court must balance that interest against the public interest in disclosure.

With regard to minor victims, the Second Circuit has already indicated the appropriate redactions to be made, and the Miami Herald consents to similar redactions in the remaining sealed documents (to the extent these individuals continue to ask that their names and information be redacted).

With regard to any other alleged privacy interests, those interests must be identified with specificity and balanced against the strong interest in public access to these court filings.  Ms. Maxwell and J. Doe have failed to do so.

Further, there is no recognized privacy interest in allegations of sex-trafficking or sexual abuse by minors.  Therefore, to the extent the documents at issue contain allegations of that nature about third parties to the underlying lawsuit, there is no privacy interest to be protected, or

11

alternatively, any privacy interest is vastly outweighed by the substantial public interest in disclosure of such allegations.

Therefore, the remaining documents within this category should be unsealed with minor redactions for social security numbers, the names of alleged minor victims and their relations, and other personal identifying information (addresses, dates of birth, phone numbers) of the same.

### Category 8: Case Management Documents

Ms. Maxwell argues that case management documents should remain sealed. Again, as noted above, the Miami Herald has not seen these documents so it is relying on the parties' characterizations of them. However, it appears that certain documents categorized as "case management documents" were, in fact, disputed filings ruled on by the Court. *See* Maxwell Brief, Dkt. 990 at 21 (referencing motion to exceed presumption deposition limit and extensive documents filed in support of same). Those filings are subject to the substantial presumption of public access discussed above.

It is possible that other documents within this category are more "ministerial" case management documents that are "ancillary" to core judicial functions, and, therefore, they might be entitled to a lesser presumption of access than documents submitted in connection with disputes between the parties. However, documents falling within this category—like motions for extension of time, joint pretrial statements, motions for leave of the court—are still entitled to some presumption of access, given their value to those, like the Miami Herald, monitoring the courts. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019), *Amodeo II*, 71 F.3d at 1048 ("[P]rofessional and public monitoring is an essential feature of democratic control. Monitoring both provides judges with critical views of their work and deters arbitrary judicial behavior. Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or

honesty of judicial proceedings. Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions.")

Ms. Maxwell has not identified any countervailing reason that would warrant sealing any material in these documents, let alone the documents in their entirety. For this reason, these documents should be unsealed.

Finally, both Ms. Maxwell and J. Doe claim with no specificity that "many documents attached to the case management pleadings are 'redundant, immaterial, impertinent, [and/] or scandalous." These allegations are untimely, as they are being made years after the underlying documents were filed with the Court. *See* Fed. R. Civ. P. 12(f) (requiring that a motion to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter be made either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.) Additionally, the allegations are vague and self-serving, and they should be afforded no weight.

### Category 9: Adverse Inferences/Sanctions Motions/ Motions to Strike or Exclude Evidence

Ms. Maxwell has not made any separate arguments regarding the sealing of documents in this category. The Miami Herald adopts its earlier arguments and notes that these documents are particularly "relevant to the performance of the judicial function and useful in the judicial process." Therefore, they are judicial documents and should be unsealed. *See also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("the presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication'") (internal citation omitted).

## CONCLUSION

For the reasons discussed above, with the very limited exceptions discussed in this filing, all of the documents that remain under seal should be identified as judicial documents and released with only minor redactions, consistent with those made by the Second Circuit to the summary judgment record.

                                  Respectfully submitted,

Dated: New York, NY
        October 2, 2019

                                  /s Christine N. Walz

                                  Sanford L. Bohrer
                                  HOLLAND & KNIGHT LLP
                                  701 Brickell Avenue, Suite 3300
                                  Miami, Florida 33131
                                  (305) 374-8500

                                  Christine N. Walz
                                  HOLLAND & KNIGHT LLP
                                  31 West 52nd Street
                                  New York, New York 10019
                                  (212) 513-3200
                                  *Attorneys for Intervenors Julie Brown and Miami Herald Media Company*