UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA GIUFFRE,<br><br>              Plaintiff<br><br>– against –<br><br>GHISLAINE MAXWELL,<br><br>              Defendant. | 15 Civ. 7433 (LAP)<br><br>NON-PARTY REPLY BRIEF |

Notwithstanding this Court's invitation for non-party participation, *see* Amended Order (DE 982), and the Court of Appeals' endorsement of the same, *see Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) – Plaintiff's essential point seemingly is that John Doe's arguments constitute an attempt to "dictate" process to this Court and "to serve as a de facto Special Master." Plaintiff's Memorandum (DE 995) ("Pl. Mem.") at 1-2.[1] John Doe's brief does not "dictate" anything. And Plaintiff's declaration that it does cannot shield the shortcomings in Plaintiff's own legal arguments – shortcomings which are plain on the face of Plaintiff's own brief.[2]

### A. Filings Related to Unadjudicated Motions or Requests are Non-Judicial

Plaintiff argues that the Court of Appeals' decision "forecloses" the argument that filings related to unadjudicated motions or requests are categorically non-judicial. *Id.* at 3. That is wrong. Indeed, one need not even look past the four-corners of *Plaintiff's own brief* to see that.

Plaintiff cites for that bald proposition the following language (quoted here from Plaintiff's brief in its entirety): "'Insofar as the District Court held that these materials are not

---

[1] The Plaintiff also asserts that our "arguments are unnecessary," *id.* at 1; that our participation is "counterproductive," *id.* at 6; *and* that a citation to the Court of Appeals' decision is "pointless . . . because th[is] Court did not need John Doe to remind it of what the opinion and order remanding the case said," *id.* at 5.

[2] This brief consolidates our replies to Plaintiff's and Intervenor *Miami Herald's* briefs.

judicial documents because it did not rely on them in adjudicating a motion, this was legal error.'" *Id.* (quoting *Brown*, 929 F.3d at 50). But we agree. It would be legal error for a court to conclude that a given filing is non-judicial merely because the court did not expressly rely on that filing "in adjudicating a motion."

But, of course, that is not the argument here. Rather, where Judge Sweet did *not* "adjudicat[e]" a motion or otherwise engage in some form of judicial action or determination of litigants' rights, the documents related to that motion that were – at the time, properly, and pursuant to court order[3] – filed under seal, cannot be judicial documents.

Critically, the Court of Appeals invoked the above-quoted language in its criticism of the basis Judge Sweet himself invoked for maintaining the documents under seal: namely that those documents "'were neither relied upon by [the District] Court *in the rendering of an adjudication*, nor necessary to or helpful *in resolving a motion*.'" *Id.* (quoting *Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 434 (S.D.N.Y. 2018) (Sweet, *J.*) (emphasis supplied). The Court of Appeals was unambiguous: a court performs the judicial function when it "rules on motions" and "exercises its supervisory powers" though a "judicial decision." *Id.* at 49 & n.26.

Plaintiff further undermines her own argument in the very next paragraphs in which Plaintiff rightly points out that the Court of Appeals' analysis is focused on documents submitted in connection with "'judicial decision-making.'" Pl. Mem. at 3 (quoting *Brown*, 929 F.3d at

---

[3] Plaintiff argues that our contention that the *sine qua non* of a judicial document is that it relate to affirmative judicial action cannot be correct because it would lead, for example, to complaints and answers being filed under seal until a case is resolved. But that is a straw-man. The instant issue concerns a circumstance in which the Court explicitly permitted filings under seal (and pursuant to a protective order), and now a different Court is reviewing the propriety of *maintaining* the seal. This is not about *ex ante* sealing; it is about *ex post* unsealing.

50).[4]  Plaintiff argues that the Court of Appeals "was aware of" the status of motions and therefore must have "meant for the holding to apply to this specific situation" – namely to wholly unadjudicated motions. *Id.*

But why?  The Court of Appeals nowhere stated that it had assessed whether any motion subject to remand here involved actual "judicial decision-making."  And there is nothing about the "status of the docket" that obviously sets out which motions were and were not adjudicated.[5]  Accordingly, the question of whether certain of the motions subject to remand – including "motions to compel testimony, to quash trial subpoenae, and to exclude certain deposition testimony," *Brown*, 929 F.3d at 50 – were adjudicated was simply not examined by the Court of Appeals.[6]

But, most importantly, for the (unrebutted) reasons set forth in our initial brief, Plaintiff's argument is fundamentally contrary to law[7] and common sense.[8]  *See* NP Br. at 2-4.

---

[4] A court performs "the judicial function . . . when *it rules* on motions currently before it [and] when properly *exercising* its inherent supervisory powers." *Brown*, 929 F.3d at 49 (internal quotation marks and emendations omitted; emphasis supplied).

[5] Indeed, the underlying case was settled on the eve of trial, and thus the Court of Appeals may well have assumed that motions subject to remand had been adjudicated.

[6] The single motion that the Court of Appeals, itself, unilaterally unsealed was, in fact, adjudicated by Judge Sweet "in a heavily redacted 76-page opinion." *Brown*, 929 F.3d at 46.

[7] *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 63 (S.D.N.Y. 2007) (holding that, where documents "did not in any way figure into the Court's performance of its Article III functions, the documents do not qualify as judicial and carry no presumption of public access"); *see also S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) (documents are non-judicial if they "did not directly affect an adjudication [or] significantly determine litigants' substantive rights" (internal quotation marks omitted)).

[8] *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (explaining that "the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision" (internal quotation marks omitted)).

### B. Filings With Frivolous, Scandalous or Otherwise Improper Content Are Non-Judicial

Plaintiff does not appear to contest that filings with frivolous, scandalous, or otherwise improper content, which is predicated on the express language of governing precedent. *See*, *e.g.*, *Lugosch*, 435 F.3d at 122; *United States v. Gatto,* No. 17-CR-686 (LAK), 2019 WL 4194569, at *3 (S.D.N.Y. Sept. 3, 2019); *Brown*, 929 F.3d at 51-52. Indeed, Plaintiff appears to argue only that because the Court of Appeals already made clear that this Court has the authority to *sua sponte* strike or deem non-judicial documents that contain such content, this "Court did not need John Doe to remind it" of that authority. Pl. Mem at 5.

### C. The *Herald* Seems to Misunderstand the Unsealing Review Process

For all its failings, Plaintiff's brief at least appreciates that *this stage* of the review process – identifying potential categories of non-judicial documents that should remain under seal – is only the first step of a process that will also involve notice to and participation of non-parties. *See*, *e.g.*, Pl Mem. at 7. The same cannot be said of intervenor *Miami Herald's* brief.

Consistent with its single-note performance at the initial status conference, *see* Tr. at 22-23 ("THE COURT: And [counsel for the *Herald*] is going to say unseal the whole thing, right?"), the *Herald's* brief argues that because Defendant and John Doe "have failed to identify any non-generalized, non-speculative interest that would outweigh these . . . rights of access . . . the remaining documents should be immediately unsealed." *Herald* Br. at 2. Obviously, that is wrong, and reflects a fundamental misapprehension of the status of this review. This is not the time to be identifying countervailing interests;[9] that may come later. This is the time to identify

---

[9] Indeed, a non-party cannot be expected to identify any countervailing interest when it lacks any means of knowing what any sealed document contains.

whether any categories of documents can be deemed non-judicial and therefore remain sealed and require no further review or non-party input.  *See generally* Order at 1; Transcript, *passim*.

Dated: October 9, 2019
      New York, New York

                                Respectfully Submitted,
                                KRIEGER KIM & LEWIN LLP

By: _____
                                Nicholas J. Lewin
                                Paul M. Krieger

                                KRIEGER KIM & LEWIN LLP
                                500 Fifth Avenue, 34th Floor
                                New York, New York 10110
                                Tel.: (212) 390-9550
                                Attorneys for Non-Party John Doe