# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue
New York, NY 10110

Telephone: (212) 390-9550
www.KKLllp.com

October 30, 2019

<u>By ECF</u>

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

Re:    *Giuffre v. Maxwell*, 15 Civ. 07433 (LAP)

Dear Judge Preska:

We write on behalf of a non-party, John Doe, regarding the letter filed by Alan Dershowitz on October 24, 2019, in the case of Giuffre v. Dershowitz, 19 Civ. 3377 (LAP). *See* 19 Civ. 3377 (LAP) Docket Entry ("DE") 71. By that letter, Dershowitz – the defendant in that case, and an intervenor seeking categorical unsealing of all sealed filings here – requests that this Court order the plaintiff there (and here) Virginia Giuffre to "immediately produce" two documents that he styles as "pre-Answer discovery." *Id.* On the following day, October 25, 2019, this Court directed counsel in that case to confer regarding Dershowitz's request and, if Giuffre disagrees with Dershowitz's request, to so inform the Court by November 4, 2019. *See* DE 72. The Court should not permit Dershowitz to engage in an end run around the unsealing process Your Honor is conducting in this matter.

Dershowitz seeks the "immediate" production of two non-public documents, including Giuffre's partially sealed deposition taken in this case. DE 71. This request effectively proposes to by-pass the sealing-review process this Court has initiated here. And Dershowitz does not even attempt to address how his request can be aligned with the sealing-review process in this case. Nor does he articulate why pre-answer access to sealed documents – which he presumably intends to unilaterally unseal and use in potential counterclaims and his answer – would be necessary to satisfy notice-pleading requirements.

October 30, 2019
Page 2 of 2

We respectfully submit that the documents to which Dershowitz requests immediate access be subject to the same unsealing procedure that the Court envisions for the rest of the documents subject to the Court of Appeals' remand. *See Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019).

Respectfully Submitted,
KRIEGER KIM & LEWIN LLP

By: _____
Nicholas J. Lewin
Paul M. Krieger

cc (by ECF):   Counsel of record (15 Civ. 7433 (LAP))

cc (by email):  Counsel of record (19 Civ. 3377 (LAP))