LAW OFFICES OF
## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
DOMINICK GULLO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
JENNIFER CASSANDRA
PETER W. KOLP
WILLIAM R. SANTO
PETER S. THOMAS

October 30, 2019

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Giuffre v. Dershowitz*, Case No. 19-Civ-3377-LAP
             **Response to Letter Filed by John Doe**

Dear Judge Preska,

      Defendant Alan Dershowitz (hereinafter "Mr. Dershowitz") respectfully writes the Court in response to the letter filed counsel to "John Doe" (hereinafter "Mr. Doe") today in *Giuffre v. Maxwell*, Case No. 15-Civ-07433-LAP, [Dkt. No. 999] raising objection to Mr. Dershowitz's request to engage in discrete pre-Answer discovery in the instant matter, to wit, requesting the unsealing of Plaintiff's deposition testimony, along with corresponding exhibits, in the *Giuffre v. Maxwell* case, and *Edwards et al v. Dershowitz* Case No.: CACE 15-000072 (Cir. Ct. Broward Cnty., Fla.).

      By filing the instant lawsuit against Mr. Dershowitz, Plaintiff has "opened the door" and put at issue her prior statements, testimony, pleadings, filings, conduct and actions as they relate to Mr. Dershowitz and the allegations she has made against him. Perhaps most critical of this material, is the prior sworn testimony she has given in collateral yet clearly related matters.

      Plaintiff's deposition testimony, along with the corresponding exhibits, are necessary and material evidence that Mr. Dershowitz requires in order to answer the allegations made by the Plaintiff in her Complaint, and also filing his own Counterclaims. To deny Mr. Dershowitz access to this material will be prejudicial to his defense and an impediment to Mr. Dershowitz interposing his Counterclaims against the Plaintiff.

      Mr. Dershowitz does not seek to circumvent the unsealing process Your Honor is conducting in the *Giuffre v. Maxwell* matter as Mr. Doe's counsel claims. However, these circumstances call for the Court's discretionary unsealing of the limited material Mr. Dershowitz seeks. Faced with the task of Answering the allegations made against him that he has

categorically denied since they have made, and exercising his own right to file Counterclaims against the Plaintiff, he is placed in an onerous position, where material critical to his defense and his own claims remain sealed.

Nor can one claim this is a fishing expedition. We know that material exists in the *Giuffre v. Maxwell* case that will be of substantial assistance to Mr. Dershowitz in preparation of his responsive pleading. One example, is the email between journalist Sharon Churcher and the Plaintiff that states there was "no proof" that Mr. Dershowitz engaged in sexual misconduct and that his name is good for a book "pitch".

> — On Wed, 11/5/11, Sharon.Churcher@mailonsunday.co.uk <Sharon.Churcher@mailonsunday.co.uk> wrote:
>
> From: Sharon.Churcher@mailonsunday.co.uk <Sharon.Churcher@mailonsunday.co.uk>
> Subject: Re: Good News!!
> To: "Virginia Giuffre" <[redacted]>
> Received: Wednesday, 11 May, 2011, 4:17 PM
>
> Don't forget Alan Dershowitz.. JE's buddy and lawyer..good name for your pitch as he repped Claus von Bulow and a movie was made about that case...title was Reversal of Fortune. We all suspect Alan is a pedo and tho no proof of that, you probably met him when he was hanging out w JE

To the extent counsel for Mr. Doe believes there is a basis for Plaintiff's testimony relating to their client be kept confidential, it is not a reason to delay requiring the Plaintiff from producing the pre-Answer discovery Mr. Dershowitz has requested.

To the contrary, counsel for Mr. Doe should address any specific concerns about testimony which mentions Mr. Doe directly to us in the first instance, so we can see if we can accommodate any legitimate concerns by agreement. If not, then the matter as to that limited testimony will need to be resolved by the Court. In the interim, we will agree to refer to John Doe only as John Doe in any filing. Certainly, under no circumstances should any alleged concerns of Mr. Doe delay the discovery we seek that does not mention him. (See, *Foltz v State Farm Mut. Auto. Ins. Co.*, 331 F3d 1122, 1131-32 [9th Cir 2003] "*[A] collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted.*")

Mr. Dershowitz respectfully requests that the Court maintain its previous order dated October, 25, 2019 [Dkt. No. 72] regarding Mr. Dershowitz's October 24, 2019 Rule 2.A request [Dkt. No. 71].

Respectfully Submitted,

_____
Imran H. Ansari

CC:   Counsel of Record via ECF (*Giuffre v. Dershowitz*, Case No. 19-Civ-3377-LAP)
       Counsel of Record via ECF (*Giuffre v. Maxwell*, Case No. 15-Civ-07433-LAP)

2