

**Haddon, Morgan and Foreman, P.C**
Ty Gee

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364   FX  303.832.2628
www.hmflaw.com
tgee@hmflaw.com

November 1, 2019

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  October 30 Order (Doc.1000)
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

In a different case, *Giuffre v. Dershowitz*, No. 19-cv-3377 (LAP) (S.D.N.Y.) defendant Mr. Dershowitz requested pre-answer discovery—"immediate[] produc[tion]" of sealed documents in the case at bar. Doc.71, No. 19-cv-3377. Non-party John Doe objected in the case at bar to the discovery. Doc.999. On behalf of defendant Ghislaine Maxwell, we submit this response to Mr. Doe's objection.

We have read plaintiff's allegations of "defamation" in the *Giuffre v. Dershowitz* lawsuit, which is *Giuffre v. Maxwell* redux. It is plaintiff's familiar litigation template: Identify a prominent person with any ties to Jeffrey Epstein, go to the media, make false allegations that that person participated in Mr. Epstein's "sex trafficking ring," wait for the public denial, and then sue for "defamation." So we agree with Mr. Dershowitz that Ms. Giuffre's deposition testimony and related exhibits, are "relevant to [the *Giuffre v. Dershowitz*] claim[s] or defense[s]," Fed. R. Civ. P. 26(b)(1).

To the extent the Court agrees Mr. Dershowitz's request for pre-answer discovery should be granted, the Court may permit the discovery while preserving the parties' and non-parties' interests in the case at bar. Ms. Giuffre and the media intervenors in the case at bar have taken the position that none

Honorable Loretta Preska
November 1, 2019
Page 2

of the sealed materials should remain sealed; so they have waived any unsealing objection. Ms. Maxwell and the non-parties such as Mr. Doe have objected to unsealing and are seeking to protect their privacy and other interests. We respectfully submit that these interests can be protected by entry of an order granting Mr. Dershowitz's request for the discrete pre-answer discovery he has requested subject to the Protective Order (Doc.62) already entered in this case.

We wish to underscore that we are addressing here only Mr. Dershowitz's request for "discrete pre-Answer discovery," Doc.1001 at 1, namely, the production of the transcript of and related exhibits used in Ms. Giuffre's deposition in the case at bar. We do not wish to be seen as waiving Ms. Maxwell's right to object to the unsealing of any materials in this case.[1] Nor do we waive Ms. Maxwell's right to address the appropriate limitations on the use in another case of sealed materials in this case.

Very truly yours,

Ty Gee

C: Counsel of Record (via ECF)

---

[1] In his pre-answer letter motion Mr. Dershowitz requested "immediate[] produc[tion]" of the transcript and exhibits. Doc.71, No. 19-cv-3377. In his response to Mr. Doe's objection Mr. Dershowitz said he was requesting the "unsealing" of the transcript and exhibits. Doc.1001. We do not agree unsealing is appropriate since that is the very question being addressed in the proceedings in the case at bar. We assume the issue is academic, since the letter motion is the operative request for pre-answer discovery, and it requests production only.