

**Haddon, Morgan and Foreman, P.C**
**Ty Gee**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

November 12, 2019

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: October 28, 2019 Order (Doc.998)
   *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

Paragraphs 4-5 of the October 28 Order provide that the proponents of sealing shall submit a letter "informing the Court of their views of the effect of a motion's being undecided on whether the motion papers are or are not a judicial document." On behalf of defendant Ghislaine Maxwell, we submit that undecided motions are non-judicial documents for the reasons provided in Doc.991, at 7 n.4, and Doc.990, at 2-4.

In defining "judicial records and documents," the Second Circuit "ha[s] emphasized that '*the mere filing* of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis supplied; footnote omitted; quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). *Amodeo I*, the inception of the Second Circuit's principle that a file stamp is not a judicial-document talisman, is instructive. There an appointed Court Officer tasked with an investigation for the District Court for the Southern

Honorable Loretta A. Preska
November 12, 2019
Page 2

District of New York prepared and filed with the court a sealed report of her investigation.

Newsday moved to unseal the report. After the court released an edited and redacted copy of

the report, Newsday appealed. *See* 44 F.3d at 142-43.

If its mere filing transformed the report into a judicial document, *Amodeo I* would have

been categorical and succinct. It was neither. The decision turned on the Second Circuit's

lengthy discussion of the First and Third Circuits' divergent approaches to the question, when

is a mere document transformed into a judicial one? The Third Circuit's focus was "'on the

technical question of whether a document is physically on file with the court.'" *Amodeo I*, 44

F.3d at 145 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 782 (3d Cir. 1994)). In that

circuit if a document is filed with a court, it is a judicial document; otherwise it is not. *See id.*

(citing *Pansy*, 23 F.3d at 782). The *Amodeo I* court cited two other Third Circuit cases

confirming that circuit's litmus-test approach to identifying judicial documents: *Bank of*

*America National Trust and Savings Association v. Hotel Rittenhouse Association*, 800 F.2d 339,

344-45 (3d Cir. 1986) ("Once a settlement is filed in the district court, it becomes a judicial

record, and subject to the access accorded such records."); *Leucadia, Inc. v. Applied Extrusion*

*Technologies, Inc.*, 998 F.2d 157, 161-62 (3d Cir. 1993) (listing cases in which "other courts have

also recognized the principle that the filing of a document gives rise to a presumptive right of

public access"). *Amodeo I*, 44 F.3d at 145.

The First Circuit "has taken a somewhat different approach," *id.* In that circuit

"documents must have a role in the adjudication process in order to be accessible and . . .

documents that have no such role, such as those used in discovery, cannot be reached." *Id.*

(citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)). *Amodeo I* found instructive

Honorable Loretta A. Preska
November 12, 2019
Page 3

*F.T.C. v. Standard Financial Management Corp.*, 830 F.2d 404 (1st Cir. 1987). In *F.T.C.* a

district court relied upon financial records referenced in a proposed consent decree in deciding

whether to approve the decree. The First Circuit held the financial records were judicial

documents because they were submitted to the court as part of the decree-approval process,

they were "'relevant and material'" to the process, and the district court "relied upon the

documents in assessing the reasonableness of the order, *i.e.*, in determining the litigants'

substantive rights, and in performing its adjudicatory function.'" *Id.* (quoting *F.T.C.*, 830 F.2d

at 410).

> The Second Circuit adopted the First Circuit's approach:
>
> We think that the mere filing of a paper or document with the court is
> insufficient to render that paper a judicial document subject to the right of
> public access. We think that the item filed must be relevant to the performance
> of the judicial function and useful in the judicial process in order for it to be
> designated a judicial document.

*Id. Brown* was building on *Amodeo I*'s holding when it said, "As our precedent makes clear, a

court "'perform[s] the judicial function' . . . when it *rules on motions currently before it*." *Brown*,

929 F.3d at 49 (emphasis supplied; footnote omitted; quoting *Amodeo I*, 44 F.3d at 145). And it

was building on *Amodeo I* when it said, "A document is thus 'relevant to the performance of

the judicial function' if it *would reasonably have the tendency to influence* a district court's ruling

on a motion . . . ." *Id.* (emphasis supplied; footnote omitted; quoting *Amodeo I*, 44 F.3d at 145).

Both *Brown* accretions to the *Amodeo I* principle are themselves dependent upon the principle.

If a motion is not "currently before" the district court, then *a fortiori* the court is not

Honorable Loretta A. Preska
November 12, 2019
Page 4

"perform[ing] the judicial function." And if a motion is not currently before the court, then

*a fortiori* it cannot "reasonably have [a] tendency to influence" the court.

*Brown*'s holding was hardly a surprise. It followed *S.E.C. v. TheStreet.Com*, 273 F.3d

222, 233 (2d Cir. 2001). There the Second Circuit held that documents that "did not 'directly

affect an adjudication' nor . . . significantly 'determine litigants' substantive rights'" were not

judicial documents. (Brackets omitted; quoting *United States v. Amodeo*, 71 F.3d 1044, 1049

(2d Cir. 1995) ("*Amodeo II*").)

Intervenors Dershowitz and Miami Herald have argued that lapsed motions—motions

filed and never decided by the district court—nonetheless are judicial documents.

Mr. Dershowitz argued that *Brown* "rejected" the view that a submission never ruled on can

be a judicial document. In support he cites page 50, where the *Brown* court said "'the proper

inquiry is whether the documents are relevant to the performance of the judicial function, *not*

*whether they were relied upon*.'" Doc.992, at 4 (emphasis supplied; quoting *Brown*). The Miami

Herald makes the same argument and uses the same quotation. Doc.994, at 6. Both Mr.

Dershowitz's and the Miami Herald's argument depend upon taking the *Brown* quotation

badly out of context to build a straw man.

In *Brown* the Second Circuit addressed Judge Sweet's order sealing certain summary

judgment materials. Judge Sweet ruled that the evidentiary materials in support of and

opposition to the summary judgment motion, which it denied, properly were sealed because

they "'were neither relied upon by the [district court] in the rendering of an adjudication, nor

necessary to or helpful in resolving a motion.'" *Brown*, 929 F.3d at 50 (quoting district court's

ruling).

Honorable Loretta A. Preska
November 12, 2019
Page 5

That is a very different question from the one the Court raised in its October 28 Order. In the case before the *Brown* court Judge Sweet actually had reviewed the summary judgment motion (and the supporting materials) before denying it. In contrast here the court is considering the question whether motions (and supporting materials) Judge Sweet *never reviewed* and *never ruled on* are judicial documents. It does not help answer the question for Mr. Dershowitz and the Miami Herald to point to *Brown* for the proposition that documents may be judicial ones even if never "relied upon." It is a straw man. *Brown* teaches that a court's reliance on a document is irrelevant to whether it is a judicial one. But no one has argued the lapsed motions are non-judicial documents because Judge Sweet did not rely on them.

A lapsed motion is a non-judicial document not because of Judge Sweet's reliance on it or not, but because it functionally is no different from one never filed. Neither involves a situation in which a court is "rul[ing] on motions currently before it" and neither "would reasonably have the *tendency* to influence" a district court's decisions. *See Brown*, 929 F.3d at 49. In short a lapsed motion is "[ir]relevant to the performance of the judicial function" and not at all "useful in the judicial process," *id.* It therefore has no "resultant value . . . to those monitoring the federal courts," *id.*, as there is nothing judicial to see there.

To whatever extent a lapsed motion notwithstanding *Brown* and *Amodeo I* might achieve the status of a negligibly judicial document merely by acquiring a file stamp and a hope of judicial attention, it surely is disqualified when, as here, all hope is lost—the case is settled, dismissed with prejudice, and closed years ago. It may retain its status as a filed document, but it is not a judicial one—and it is not one subject to a presumption of access.

Honorable Loretta A. Preska
November 12, 2019
Page 6

Very truly yours,

Ty Gee

C: Counsel of Record *via* ECF