

Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

November 12, 2019

**VIA ECF**

The Honorable Judge Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    **Re:**   *Giuffre v. Maxwell*,
            **Case No. 15-cv-7433-LAP**

Dear Judge Preska:

    Plaintiff Virginia Giuffre responds to the Court's October 28, 2019, order, concerning "the effect of a motion's being undecided on whether the motion papers are or are not . . . judicial document[s]." Dkt. 998 ¶ 4. Documents presented to a court in support of a request for judicial relief are "judicial documents," and the fact that a court did not decide a given motion has no bearing on the materials' status as such. The materials become judicial documents upon submission, and the public's presumptive right to access these documents begins at that time. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (holding that documents submitted with a motion are "unquestionably judicial documents" "by virtue of having been submitted to the court"). For the following reasons, the Court should hold that materials submitted in support of motions are judicial documents, and that no exception exists for undecided motions.

    **I.**    **Motions Are Relevant to the Judicial Function, Whether Ruled upon or Not.**

    For a document to be a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995). As the Second Circuit explained on appeal in this matter, a document is relevant to the performance of the judicial function "if it would reasonably have the tendency to influence



The Honorable Judge Loretta A. Preska
November 12, 2019
P a g e | 2

a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *see also Schiller v. City of New York*, No. 04 Civ. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) ("Documents created by or at the behest of counsel and presented to a court in order to sway a judicial decision are judicial documents.").

Undecided motions and their accompanying papers fit the definition of judicial documents as articulated in *Brown*. When filed, motions "call upon the court to exercise its Article III powers" because they call for and intend to influence judicial decision-making. *See Brown*, 929 F.3d at 50. "[A]ll documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access." *Id*. The fact that such motions were not decided does not negate the fact that they were filed as advocacy documents with the sole purpose of influencing a judicial decision. *See Schiller*, 2006 WL 2788256, at *4 ("[The] relevance and usefulness [of a brief and its declarations] are demonstrated by the fact that the defendants created and submitted them specifically in order to influence [the court's] determination [of the motion].").

This court addressed that issue in *Eagle Star*, where an intervener sought to unseal a fully briefed motion that was never decided because the parties settled prior to a decision. *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, No. 13 Civ. 3410, 2013 WL 5322573, at *1 (S.D.N.Y. Sept. 23, 2013). The court held that even though the motion had not been decided, the motion and its briefs were judicial documents because "[a]t the time of filing, . . . [they were] filed for the Court's consideration in ultimately adjudicating the case." *Id.* at *2; *see also Abidor v. Johnson*, No. 10 Civ. 4059, 2016 WL 3102017, at *4 (E.D.N.Y. June 2, 2016) ("The presumption of access remains even when the motion relying on the sealed documents is rendered moot before it has been



The Honorable Judge Loretta A. Preska
November 12, 2019
P a g e | 3

decided."). In light of this precedent, the Court should hold that materials submitted to a court to influence a judicial decision are judicial documents even in the case of undecided motions.

## II. Whether a District Court Relies on a Document Has No Bearing on Its Status as a Judicial Document.

If the Court were to rule that submissions lose their status as a judicial document because the underlying motions remain undecided, that ruling would contradict the Second Circuit's holding in *Brown* that whether a district court actually relies on a document has no bearing on whether it is a judicial document. *See Brown*, 929 F.3d at 50 ("Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error."). Instead, "the proper inquiry is whether the documents *are relevant to the performance of the judicial function*." *Id.* (emphasis added). More recently, the Second Circuit again reiterated "that court reliance is not the test" of whether a document qualifies as a judicial document. *Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019).

These holdings align with prior Second Circuit precedent. In *Lugosch*, the court held that the district court erred by delaying a sealing decision until it ruled on the underlying motion to be sealed. In reaching its decision, the court clarified that, in determining whether documents are judicial, courts should not weigh "the extent to which [the documents] were relied upon" because "*once those submissions come to the attention of the district judge*, they can fairly be assumed to play a role in the court's deliberations." 435 F.3d at 123 (emphasis added; internal quotation marks omitted); *see also United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) ("[*Lugosch*] made clear that the weight of the presumption is not affected by the fact that the Court may not



The Honorable Judge Loretta A. Preska
November 12, 2019
P a g e | **4**

have relied upon the document submitted or found the document useful."). The contention that undecided motions are not judicial documents cannot be reconciled with *Brown* and *Lugosch*.

In this case, for example, the record reflects that Judge Sweet did not rule on certain pretrial motions, but actively considered the contents of those motions and their briefs. Judge Sweet held argument spanning several days on the motions, and he actively participated. *See* Dkts. 849, 851, 903. The motions therefore "can fairly be assumed to [have played] a role in [Judge Sweet's] deliberations" as to other rulings, *see Lugosch*, 435 F.3d at 123, such as rulings on later motions and his endorsement of the parties' Joint Stipulation for Dismissal. *See* Dkts. 919, 935, 953.

If the Court were to hold that undecided motions are *not* judicial documents, such a ruling would be at odds with *Lugosch*'s holding that documents submitted in support of a motion are judicial documents even before the court has ruled on the motion itself. In *Lugosch* the parties seeking to keep motion papers under seal argued "that until a district court knows the disposition of the underlying motion, any attempt at calling something a judicial document is premature." *Lugosch*, 435 F.3d at 121. The Second Circuit summarily rejected this line of reasoning, holding that "[t]his reading cannot stand" because the submitted materials became judicial documents "by virtue of having been submitted to the court as supporting material in connection with a motion," independent of any action taken by the district court. *Id*. at 121, 123; *see also Gucci Am., Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2010 WL 1416896, at *2 (S.D.N.Y. Apr. 8, 2010) (deciding request to seal motion papers prior to ruling on underlying motion). If an undecided motion were deemed a non-judicial document merely because it had not yet been decided, then a court could never deem a pending motion a judicial document. That proposition does not square with *Lugosch*.



### III.     <u>Judicial Inaction Is Subject to Public Accountability</u>

Finally, categorically sealing documents that litigants submitted in support of motions that were ultimately not ruled upon contradicts the purpose of public access to judicial records: to ensure "that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  The administration of justice is not limited to how a court rules on motions.  Because of a district court's "inherent 'supervisory power over its own records and files,' even the District Court's inaction is subject to public accountability." *United States v. Erie County*, 763 F.3d 235, 240 (2d Cir. 2014) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

Monitoring judicial inaction is as important to the administration of justice and judicial accountability as monitoring judicial opinions.  Allowing the public to access motions and papers that a court has failed to decide (or even consider) holds courts accountable and "would materially assist the public . . . in evaluating the fairness and integrity of the court's proceedings." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 (2d Cir. 2013).  For this reason, the Civil Justice Reform Act of 1990 requires the Administrative Office of the United States Courts to prepare a semiannual report summarizing judicial inaction, including motions pending more than six months and civil cases pending more than three years. *See* 28 U.S.C. § 476(a).

                                              Sincerely,

                                              <u>*/s/ Sigrid McCawley*</u>

                                              Sigrid S. McCawley, Esq.

cc:  Counsel of Record  (via ECF)