

**Haddon, Morgan and Foreman,** P.C
**Ty Gee**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
tgee@hmflaw.com

November 18, 2019

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Defendant Maxwell's Request for Clarification and More Time to Address
    Paragraphs 2, 3, and 5 of the Court's October 28, 2019 Order (Doc.998)
    *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

Paragraphs 2 and 3 of your October 28 Order require that the parties' counsel conduct a review of the sealed and redacted materials, confer and inform the Court by letter about the identity of non-parties identified in the material, and confer and inform the Court by letter of any material in the already-decided motions that should remain sealed and the reason the material should remain sealed. Paragraph 5 provides that to the extent the parties disagree on what material in the already-decided motions should remain sealed, the party favoring sealing shall submit its letter by November 19. Plaintiff reversed her position about the protective order some time ago and now takes the position that all the material should be unsealed. One does not need to be clairvoyant to accurately predict that Plaintiff will disagree with any request to maintain the sealed documents "as is," making any conferral largely futile and placing the burden of identifying the information that should remain sealed and the reasons for continued sealing exclusively with the Defendant.

We request clarification of the Order. Providing the "reason" a particular document should remain sealed can be accomplished in summary fashion, e.g., "Doc.____ should remain sealed because it implicates Ms. Maxwell's privacy interests." Alternatively providing the reason can be accomplished through briefing, with evidentiary support. Since the Court is requesting that the reason be provided in a letter, we want to assume the Court is contemplating the former and not the latter, i.e., the Court is not contemplating briefing and evidentiary support.

Honorable Loretta A. Preska
November 18, 2019
Page 2

Even with that assumption, however, we report on behalf of defendant Ghislaine Maxwell that we have engaged in a good faith evaluation of the work that must be done to comply with Paragraphs 2, 3, and 5, and we respectfully submit that we simply cannot complete the task within the time allotted. We conferred with Plaintiffs' counsel, who said she would not agree to more than seven additional days. We submit there is good cause for a 30-day extension of time.

Of the already-decided motions, there are 350-375 separate ECF filings consisting of, on the one hand, motions, responses, replies, surreplies (collectively, "briefing papers"), and on the other hand, orders, opinions, declarations, exhibits and other attachments to the briefing papers (collectively, "briefing-related papers"). To identify the names of the dozens if not hundreds of non-parties contained within the redacted and sealed documents as paragraph 2 of this Court's Order requires a substantial number of hours and cannot be completed by the deadline. The task can only be properly accomplished with a thorough line-by-line review of each of the redactions contained within the briefing papers and briefing-related papers.

It likewise is a substantial undertaking to identify even in summary fashion the reason for maintaining the seal on the papers. The undertaking is more substantial yet if full briefing and evidentiary support are contemplated. We conservatively estimate these 350-375 filings comprise more than 3,500 pages. We see the task as follows. We must review each page of the sealed papers and each redaction in a publicly filed paper. That alone is time-consuming. Then we must identify the legal ground if any for maintaining the seal or redaction of the paper. The legal inquiry and analysis of each paper can be exceedingly complex.

The first question is whether it is a judicial document. If it is not a judicial document because, e.g., it is not useful in the judicial process or was submitted for an "improper purpose," *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *see id.* at 51-52, then we must state why it is not useful in the judicial process or why it was submitted for an improper purpose. After providing the reason why it is not a judicial document and therefore is not subject to a presumption of access, we then must give the reason why it should remain sealed, that is, the interest weighing in favor of sealing or redaction.

Even if we conclude a paper is a judicial document, we must describe or at least determine the weight of the presumption of access that should be accorded it. The weight accorded a judicial document depends upon its role "in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. Judicial documents that play only a

Honorable Loretta A. Preska
November 18, 2019
Page 3

"negligible role" are accorded a low presumption; others will have a higher presumption. *See id.* at 49-50. After determining the weight of the presumption that should be afforded a document, i.e., we then must identify the countervailing interests and, depending on the Court's clarification, marshal the evidence in support of those interests.

The legal analysis and evidentiary burden are challenging enough. It is made more challenging yet because of the number of times we must perform the analysis and carry that burden. There will be times when there are multiple grounds to maintain the seal of a single document or to maintain the redaction of words, sentences or paragraphs within it, *e.g.,* it is not a judicial document and even if it is, there are countervailing factors sufficient to overcome the presumption's relative weight. Much of the work necessarily falls on the two lead defense counsel for Ms. Maxwell during the district court proceedings, both of whom have many other previously scheduled professional obligations. We respectfully submit this work cannot be done short of 30 days.

We of course are aware of this Court's and the Second Circuit's desire to expedite the remand seal-unseal process. At the same time we think it appropriate to point out that the Court and the parties are effectively doing a substantial amount of work that took place over a two-year period and encompassed hundreds of court submissions. If the seal-unseal process is to work it must be fair to all the parties so that each of them has sufficient time to make their case for and against sealing, including reviewing the documents, applying the proper legal analysis, and marshaling the facts as needed. Expeditiousness must give way to fairness.

For these reasons we respectfully request that the Court clarify the October 28 Order and extend by 30 days the time within which we may comply with paragraphs 2, 3 and 5 of the Court's October 28, 2019 Order, Doc. 998.

Very truly yours,

Ty Gee

C: Counsel of Record *via* ECF