

Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

December 12, 2019

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  **Re:** *Giuffre v. Maxwell*,
     **Case No. 15-cv-7433-LAP**

Dear Judge Preska:

  Plaintiff Virginia Giuffre responds to Defendant Ghislaine Maxwell's sealed letter in response to Paragraph 3 of the Court's October 28, 2019, Order. *See* Dkt. 998.[1] Plaintiff opposes Maxwell's broad and categorical attempt to keep virtually all of the motion papers in this matter, which are judicial documents afforded a presumption of public access, shielded from the public. As set forth below, Maxwell fails to meet her burden of establishing that any of the documents should remain under seal.

  First, the first three pages of Maxwell's submission, which (1) detail "the difficulty and complexity" of complying with the Court's instructions to provide reasons for maintaining under seal judicial documents to which the public has a presumptive right to access, and (2) describe the task's "difficult-to-overstate importance to the lives of Ms. Maxwell and the non-parties," serve no purpose. *See* Def.'s Dec. 5 Ltr. at 1–3. "Difficulty" is no reason to deny the public access to documents to which it is entitled under law. Maxwell is the party who seeks to protect these judicial documents from public scrutiny. The burden of providing specific reasons to do so therefore falls on Maxwell, not Plaintiff or the Court.

  The "'media's' interest in this case" is also not a reason to keep judicial documents sealed. *Id.* at 3. To the contrary, it demonstrates the public's strong interest in these materials, for which a strong presumption of access applies. Maxwell's letter suggests that the Second Circuit's unsealing of 2,000 pages of sealed and redacted summary judgment materials caused increased media interest in Maxwell. To be clear, Maxwell has been accused of serious wrongdoing by multiple individuals in multiple lawsuits. The media's attention on Maxwell began long before

---

[1] Plaintiff objects to Maxwell's decision to file her letter under seal without the Court's authorization to do so. Maxwell does not identify any grounds for sealing the letter itself, which does not contain any sensitive information. The public has a keen interest in this unsealing process, and is entitled to review Maxwell's arguments in favor of keeping these documents from its view.



The Honorable Loretta A. Preska
December 12, 2019
P a g e | **2**

the Second Circuit released the summary judgment materials in this matter. Maxwell therefore cannot blame the Second Circuit's order for "reporters lurking in the bushes." *See id*.[2]

Second, the format of Maxwell's submission does not comply with the Court's instruction to state the reason for maintaining documents under seal "in a summary fashion *sufficient for the Court to make a ruling*." *See* Dkt. 1011 (emphasis added). According to the Second Circuit's remand instructions, in weighing the presumption of access to judicial documents against countervailing interests, the Court must "review the documents individually and produce specific, on-the-record findings that sealing is necessary to preserve higher values" as opposed to making "generalized statements about the record as a whole." *Brown*, 929 F.3d at 48 (internal quotation marks omitted). Instead of providing the Court with specific reasons necessitating sealing as to each document, Maxwell provided the Court with a list of 13 broad and vague categories of reasons for maintaining nearly all of the motion papers in this matter under seal. Maxwell's chart links each document to one or more categories of reasons for sealing. Such a high-level approach does not adequately describe the countervailing interests that would justify sealing, and the Court should reject the reasons proffered on this ground alone.

It should be noted that this is not Maxwell's first effort to keep documents under seal using vague arguments describing generic categories. On March 19, 2019, Maxwell filed a response to the Second Circuit's order to show cause, wherein she listed (in a similarly cursory fashion) several reasons that the summary judgment materials should remain under seal, and attached a chart that listed (again, in cursory fashion) why each specific document was either "[n]ot a judicial document," was filed "without any valid Rule 56 purpose," or was otherwise objectionable. Case No. 18-2868, Dkt. 149. The Second Circuit rejected each of these same arguments on appeal when it published the entirety of the summary judgment record, and this Court should do the same.

For the following reasons, Maxwell's list and chart raise meritless arguments, and are otherwise insufficient to allow the Court to make a ruling on each individual document.

As to Reason A ("Privacy"), Maxwell's chart does not state whose privacy interests are at stake with respect to any document, or what information in each document threatens that privacy interest. The chart does not pair with the separate list Maxwell submitted, which lists the non-parties who are to receive notice from the Court. Absent any meaningful attempt to describe these individuals' "privacy" interests, Maxwell has waived her arguments under this reason.

---

[2] Maxwell asserts that "[d]espite the Second Circuit's best efforts, it made serious mistakes." *Id*. The vague examples she lists, however, are not mistakes at all. Neither a "non-party's name" nor Maxwell's email address is subject to redaction. *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) ("We have implemented minimal redactions to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers. We have also redacted the names of alleged minor victims of sexual abuse . . . .").



The Honorable Loretta A. Preska
December 12, 2019
P a g e | **3**

Reason B ("'Ancillary' court submissions") is meaningless. First, Maxwell has not explained how or why certain documents designated as such in her chart are "ancillary" submissions—each document was submitted as part of a motion eventually ruled upon by the court, and was necessary for the court's ruling. Second, even if those documents were "ancillary," in *Brown*, the Second Circuit explained that "a court's authority to oversee discovery and control the evidence introduced at trial . . . is ancillary to the court's core role in adjudicating a case." 929 F.3d at 50. But the court did not hold that such "ancillary" documents are not judicial documents subject to the presumption of public access, as Maxwell's letter suggests. Instead, the court explained that the presumption of public access as to those documents "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* But a presumption of public access still applies, and "a court must still articulate specific and substantial reasons for sealing such material." *Id.* The fact that a document is an "ancillary court submission" is therefore not in itself a reason for sealing, and Maxwell has failed to provide any actual justification for sealing documents marked with Reason B in the chart.

Reason C ("Reasonable reliance on a protective order by a party or non-party") is a consideration that, once again, weighs in favor of taking the same approach the Second Circuit took on appeal. The Second Circuit "redacted . . . deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Id.* at 48 n.22. To the extent any redactions are required for this reason, they should likewise be "minimal."

Reason D ("Prevention of the abuse of court records and files") suggests that documents marked with this reason in Maxwell's chart contain defamatory statements or will "promote public scandal." Although the court may use its supervisory power "to protect the judicial process," *id.* at 51, the fact that a judicial document *might* contain a defamatory statement or scandalous information is not a reason to shield the entire document from the public. Without any explanation or indication of what statements Maxwell alleges are defamatory or "promote public scandal," or how those statements constitute "abuse of court records and files," Plaintiff has no way of responding to this reason for sealing.

Reason E ("Annoyance, embarrassment, oppression, undue burden") is a list of reasons within a list of reasons. Maxwell does not explain whether she objects to unsealing on the basis of annoyance, embarrassment, oppression, or undue burden as to each document. The words in the list are far from synonymous, and the chart provides no justification or explanation, however brief, supporting the countervailing interest at hand. Maxwell also cannot point to anything in the record to suggest that documents were filed for these reasons, or to indicate that she timely raised these objections before the district court in the first instance. Nor could she, as the documents were obviously quite relevant to the topics at issue in the motions for which they were submitted.

Reason F ("Redundant, immaterial, impertinent, or scandalous material") is also a list of reasons without sufficient explanation as to the basis for maintaining each document under seal,



and should be disregarded on this basis alone. None of the documents here is "redundant, immaterial, impertinent, or scandalous," and in any event Maxwell waived her right to have any document excluded on this basis by not seeking relief from the district court when the documents were first submitted.

Reasons G ("Preserving the fundamental rights of suspects or others under criminal investigation") and H ("Protecting criminal investigations and the privacy and safety of witnesses and suspects in criminal investigations") are based on the existence of a criminal investigation. But Maxwell has not explained how the documents that she has identified would impact such a criminal investigation. The fact that information in a document might relate to a pending criminal investigation is not alone grounds for sealing. Without further justification, these reasons are useless to both Plaintiff and the Court.

Reason I is simply "[o]ther interests." Plaintiff has no way of responding to Maxwell's unknown reason for keeping documents marked with Reason I under seal.

Reason J ("Untrustworthy, unreliable and incorrect information") also fails to specify Maxwell's actual interest in keeping the document sealed, or whether she seeks to keep the document fully sealed as opposed to redacting certain portions that contain problematic information. To the extent Maxwell is requesting the Court to pass judgment on the truth or falsity of any of the statements she seeks to keep under seal, this would directly contradict the Second Circuit's direction that any unsealed materials "not reflect the court's own findings." *Brown*, 929 F.3d at 52.

Reason K ("Expectation of continued confidentiality"), like Reason A, fails to indicate who holds as "legitimate expectation" of confidentiality over the "sensitive information they have disclosed pursuant to protective orders." It is also unclear whether there is any meaningful difference between Reason K and Reason C ("Reasonable reliance on a protective order by a party or non-party"). In any event, this reason would in no way justify keeping entire documents under seal. Rather, as the Second Circuit noted, the Court should apply at most "minimal redactions" for "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Id*. at 48 n.22.

Reason L ("Improper submission of documents") is not a reason for maintaining a document under seal. Maxwell has not made it clear whether she is contending that the documents that fall under this category are not judicial documents, or whether they *are* judicial documents but that there is some countervailing interest weighing in favor of sealing. If it is the latter, Maxwell has failed to provide the applicable countervailing interest. It is also unclear to Plaintiff why Maxwell has characterized "documents that a party has submitted for a non-merits purpose, e.g., the confidentiality, discoverability or admissibility of information" as "improper." To be clear, none of the documents at issue was an "[i]mproper submission." Each of the documents at issue here were submitted in support of a motion, and is therefore a judicial document to which a



The Honorable Loretta A. Preska
December 12, 2019
P a g e | 5

presumption of access applies. *See Schiller v. City of New York*, 4 Civ. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) ("Documents created by or at the behest of counsel and presented to a court in order to sway a judicial decision are judicial documents that trigger the presumption of public access.").

Reason M ("Non-judicial documents") relies on the false premise that any document submitted in support of (or in opposition to) a motion would ever *not* be a judicial document. Plaintiff stands by the arguments in her September 20, 2019, and November 12, 2019, letters to the Court on the issue of what documents amount to judicial documents. Dkts. 988, 1008.[3]

Plaintiff maintains her position that each judicial document should be fully unsealed in this matter with the exception of the same minimal redactions that the Second Circuit made to the summary judgment materials: (1) "to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers;" (2) "the names of alleged minor victims of sexual abuse from deposition testimony and police reports;" and (3) "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Brown*, 929 F.3d at 48 n.22. Plaintiff also requests that the Court redact any sensitive medical records that do not relate to Plaintiff's claims in this matter. If Maxwell objects to this approach, then she must provide a specific reason for each objection so that Plaintiff may respond and the Court may properly evaluate the countervailing interests at hand.

Sincerely,

*/s/ Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc:  Counsel of Record  (via ECF)

---

[3] Plaintiff does not intend to respond to John Doe's letter contending that undecided motions are not judicial documents, which merely re-hashes arguments he has already made and is substantively incorrect. Dkt. 1012. The Court ordered the parties to submit briefing on that issue by November 12, 2019. Dkt. 998 at 2. John Doe's letter is therefore more than three weeks late. Nor is it clear that the Court's order permitted John Doe, an unidentified non-party, to weigh in on this issue. John Doe's continued participation in the unsealing process is inappropriate and taints these proceedings.