# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T  | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 305-789-7678
Sandy.Bohrer@hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

December 12, 2019

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: **RESPONSE REGARDING SEALING OF UNDECIDED MOTIONS**
     *Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska:

 Intervenors respectfully submit this response to John Doe's and Ghislaine Maxwell's letters to the Court regarding the treatment of undecided motions as judicial documents. *See* Dkts. 1005, 1012.

 J. Doe's filing emphasizes and, in fact, heavily relies on the fact that the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Dkt. 1012, at 1 (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). On that, all parties agree. Filing alone does not make a document a judicial document. But the filing of a document that is "relevant to the performance of the judicial function and useful in the judicial process" *is* sufficient to render that filing a judicial document. *Lugosch*, 435 F.3d at 119. The Court in *Lugosch* explicitly stated, "As a matter of law, then, we hold that the contested

The Honorable Loretta A. Preska
December 12, 2019
Page 2

documents—*by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment*—are unquestionably judicial documents under the common law." *Id.* at 123.

Motions and their supporting documents that are submitted to the Court for the Court's consideration in determining an issue of law are relevant to the Court's judicial function and useful in that process. They are thus judicial documents at the time of filing. There is no precedent to suggest a filing can lose its status as a judicial document once given. Doe accepts the fact that papers submitted in support of a *pending* motion for summary judgment are judicial documents before the judge rules on them. *See* Dkt. 1012 at 4 (attempting to distinguish *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2019). Accepting this, Doe would presumably agree that Intervenors had a presumptive right of access to undecided motions on May 23, 2017, before the case settled. Doe and Maxwell then must necessarily argue that the presumption of access dissipated a day or two later, once the case settled. But there is no expiration date on judicial documents. They either are or are not. The timing of when a requester seeks unsealing is simply not a factor in determining whether a filing is a judicial document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("While the defendants are correct that the underlying summary judgment motion in *Joy v. North* had already been decided when the motion for access to the documents was made, *nothing about that timing was relevant to our conclusion in that case*." (emphasis added)).

Doe and Maxwell appear to argue that the undecided motions in this case were judicial documents once, and that Intervenors had a presumptive right to access them at any point prior to the case settling, but that those rights were extinguished upon the case settling. Yet they can point

The Honorable Loretta A. Preska
December 12, 2019
Page 3

to no authority imposing a time limit on the accessibility of judicial documents. To suggest that the public *could* have had access, had they only acted faster to enforce their rights, is found nowhere in the case law and cannot possibly serve the public interest in promoting "confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Intervenors thus respectfully request that the court treat undecided motions as judicial documents, just as they would with decided and pending motions.

Sincerely yours,

HOLLAND & KNIGHT LLP

/s/ Christine N. Walz
Sanford L. Bohrer
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax:  212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*