# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T  | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 305-789-7678
Sandy.Bohrer@hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

December 12, 2019

**Via ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **MOTION TO DOCKET AND UNSEAL MAXWELL'S DECEMBER 5, 2019, LETTER**
            *Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska:

      It has come to Intervenors' attention that Defendant Ghislaine Maxwell has transmitted a letter to the court and to Plaintiff's counsel under seal, without any notice of the filing on the Court's docket and without notice to Intervenors, a party in this case. Such surreptitious filing is highly improper and illustrates Maxwell's utter disregard for the public access issues at stake in this litigation. Moreover, there is no indication Maxwell's letter itself or any attachments setting forth Maxwell's arguments on sealing should be sealed.  To the extent the attachments contain the names and contact information of any non-parties named in sealed documents, as contemplated by the Court's October 28, 2019 Order (Dkt. 998), the parties should be instructed to enter into a

The Honorable Loretta A. Preska
December 12, 2019
Page 2

protective order with Intervenors' counsel to allow Intervenors to meaningfully participate in the briefing on sealing.

## ARGUMENT

I.   **Notice of Maxwell's December 5, 2019, Letter to the Court Must Be Docketed.**

Notice of a filing under seal must be entered on the docket, to afford the public an opportunity to contest the sealing of that document. *See United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988) ("[N]otice that the government has moved to seal the agreement should be promptly entered in the public docket files maintained by the district court clerk's office."); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) ("The docketing of motions to close a proceeding or seal certain documents provides notice to the public, as well as to the press, that such a motion has been made and . . . affords the public and the press an opportunity to present objections to the motion." (citing *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 575 (8th Cir. 1988)).  Moreover, "[i]t is the clear law of this Circuit that civil docket sheets "enjoy a presumption of openness and that the public and the media possess a qualified First Amendment right to inspect them." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *6 (S.D.N.Y. Mar. 18, 2016), *aff'd*, 814 F.3d 132 (2d Cir. 2016).

Maxwell's failure to notify the public of her submission under seal is made more egregious by the fact that Maxwell did not even notify Intervenors – a party to this litigation – that the letter was sent to the Court and opposing counsel.  Thus, Intervenors respectfully request that the Court docket the filing of Maxwell's letter.

The Honorable Loretta A. Preska
December 12, 2019
Page 3

## II.    Maxwell's December 5, 2019, Letter and Portions of the Letter's Attachments Should Be Unsealed.

Without having seen the contents of Maxwell's letter, Intervenors understand the letter was submitted in response to the Court's Order dated October 28, 2019, asking the parties to identify the docket entries they argue should not be unsealed and the reasons supporting their arguments. As a party seeking unsealing of these very documents, Intervenors unquestionably have a right to meaningfully respond. They are denied that right, first, when they were not even notified of the letter's submission to the Court, as discussed above, and second, when they cannot see the very arguments to which they are entitled to respond.

Moreover, Maxwell's letter and supporting materials are unquestionably judicial documents to which the public has a right of access. The Court specifically requested the information contained in Maxwell's letter and attachments to aid the Court in determining which docket entries should be unsealed. *See* Dkt. 998 ¶¶ 2, 3. Thus, Maxwell's letter and attachments are undoubtedly "relevant to the performance of the judicial function and useful in the judicial process." *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). The documents are therefore entitled to a "substantial" presumption of access. *Id.* at 53. Such a presumption may be overcome only where the party seeking to seal the documents has identified with particularity competing interests that outweigh the public interest in disclosure. *See id.* at 50. Here, the public has an articulable interest in understanding a party's arguments for sealing records *in a matter devoted entirely to adjudicating the right of public access to judicial records*. In contrast, Maxwell has no valid interest in keeping from the public her explanations to the court for sealing documents.

The Honorable Loretta A. Preska
December 12, 2019
Page 4

Interevenors therefore respectfully request that Maxwell's letter and attachments be unsealed in their entirety, with the exception of any attachment identifying the names and contact information of any non-parties named in sealed documents, as contemplated by the Court's October 28, 2019 Order (Dkt. 998). With regards to that attachment, the parties should be instructed to enter into an "attorneys eyes only" protective order with Intervenors' counsel to allow Intervenors to meaningfully participate in the briefing on sealing.

Sincerely yours,

HOLLAND & KNIGHT LLP

/s/ Christine N. Walz
Sanford L. Bohrer
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax:  212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*