UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

        Plaintiff,

-against-

GHISLAINE MAXWELL,

        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-16-19
```

15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Having considered the parties' various submissions, the Court concludes that only motions actually decided by Judge Sweet--along with documents relevant to Judge Sweet's decisions on those motions--are properly considered judicial documents to which a presumption of public access attaches. The Court will set forth the basis for its decision in a forthcoming opinion.

    Counsel[1] shall appear for a conference on January 16, 2020 at 10:00 AM in Courtroom 12A on 500 Pearl Street, New York, NY, 10007. The purpose of that conference will be to discuss next steps that will enable the Court to conduct an individualized review of the relevant documents and to evaluate properly any countervailing factors that function to limit the weight of the presumption of public access. See Brown v. Maxwell, 929 F.3d 41

---

[1] Counsel for Intervenor Miami Herald Media Company and Interested Party John Doe may also attend the conference.

(2d Cir. 2019).[2]  The conference will also address notification of third parties named in the documents.  Counsel shall confer in advance of the conference.

**SO ORDERED.**

Dated:  New York, New York
        December 16, 2019

                                    _____
                                    LORETTA A. PRESKA
                                    Senior United States District Judge

---

[2] As an initial matter, the Court's November 13, 2019 Order instructed the parties to supply reasons for maintaining decided motions under seal "in a summary fashion <u>sufficient to make a ruling.</u>"  [<u>See</u> dkt. no. 1011] (Emphasis added.).  While the Court appreciates the hard work that Defendant's Counsel did to identify and categorize the motions decided by Judge Sweet in its December 5, 2019 submission, it did not provide justifications for sealing that were specific to each document.  Instead, Defendant's Counsel used broad categories to describe each document, which will not allow the Court to conduct the individualized, document-specific review required by the Court of Appeals.