# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue  
New York, NY 10110

Telephone: (212) 390-9550  
www.KKLllp.com

January 15, 2020

<u>By ECF</u>

The Honorable Loretta A. Preska  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 2220  
New York, NY 10007-1312

      Re:    *Giuffre v. Maxwell*, 15 Civ. 07433 (LAP)

Dear Judge Preska:

    We write on behalf of an anonymous non-party, John Doe, in advance of the conference in the above-referenced matter scheduled for tomorrow.

    The purpose of this conference, as set forth by the Court, is to "discuss next steps that will enable the Court to conduct an individualized review of relevant documents" for potential unsealing. Order, dated Dec. 16, 2019 (DE 1016), at 1. The Court has further explained that those next steps include – in addition to evaluating the weight of any presumption of public access that applies to judicial documents – identifying and assessing "any countervailing factors that function to limit the weight of the presumption of public access." *Id.* And the Court has specifically explained that, as part of evaluating those countervailing factors, it intends to "address notification of third parties named in the documents." *Id.* at 2.

    We write to renew our request that, as the Court establishes an individualized review process, it consider the protocol we initially proposed in our letter to the Court dated September 3, 2019 (DE 980). We have appended a revised proposed protocol hereto, which seeks to incorporate the progress made by the Court and parties since then.

                                                            Respectfully Submitted,  
                                                           KRIEGER KIM & LEWIN LLP

                                           By: _____  
                                                   Nicholas J. Lewin  
                                                   Paul M. Krieger

Encl.

cc (by ECF):   All counsel of record

## **EXHIBIT**

## **REVISED PROPOSED PROTOCOL**

The Court previously held that "only motions actually decided by Judge Sweet – along with documents relevant to Judge Sweet's decisions on those motions – are properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (DE 1016). Such materials are referred to herein as the "Sealed Materials." The Court will conduct an individualized review of these Sealed Materials to evaluate the weight of any presumption of public access that applies, and to identify and weigh countervailing factors that function to limit the weight of that presumption of public access. To assist in this process and afford parties identified in the Sealed Materials the opportunity to participate, the Court should adopt the following protocol:

(1) <u>Parties Identify Non-Parties</u>: Pursuant to the Court's Order, dated Oct. 28, 2019 (DE 998), at ¶ 2, Plaintiff Virginia Giuffre and Defendant Ghislaine Maxwell (collectively, the "Original Parties") shall continue to jointly identify any non-parties whose privacy or reputational rights may be implicated by the unsealing of the Sealed Materials (each, a "Non-Party," and collectively, the "Non-Parties"). The Non-Parties identified by the Original Parties should include, but not be limited to: (a) those persons who produced or answered discovery based upon the representation or understanding that the discovery would be subject to the Protective Order previously issued in this action; (b) persons who are identified as having allegedly engaged in sexual acts with Plaintiff, or other alleged victims, or allegedly facilitated such acts; (c) persons whose intimate, sexual, or private conduct is described in the Sealed Materials; and (d) persons who are alleged to have been victimized by Jeffrey Epstein or Defendant.

(2) <u>Notification to This Court</u>: To the extent not already completed, *see id.*, the Original Parties shall apprise the Court of the identities of the Non-Parties by making a joint submission, under seal, identifying each such Non-Party and noting where in the Sealed Materials each Non-Party is identified or referenced. To the extent not already done, the Original Parties' submission to the Court should also include the following:

- In order to facilitate an orderly adjudication of the privacy interest of each Non-Party, the Original Parties' sealed submission to the Court shall assign to each Non-Party a numerical identifier (*e.g.* J. Doe #1, J. Doe #2, and J. Doe #3).

- The Original Parties shall be required to exercise best efforts to identify and provide to the Court available contact information or addresses for each Non-Party or his or her legal counsel.

(3) <u>Initial Judicial Adjudication:</u> The Court should then provide confidential written notice to identified Non-Parties in order to permit such Non-Parties an opportunity to file, under seal, objections to the release of the Sealed Materials. As set forth below, the notice to

each affected Non-Party should furnish him or her with the assigned anonymous description and numerical assignment, and set out the process for responding to such notice.

(4) <u>Provision of Sealed Materials to Affected Non-Parties:</u> Upon request, a Non-Party so notified shall receive from the Original Parties the excerpts of the Sealed Materials pertaining to him or her (the "Excerpts"). Such request should be made under seal and served upon counsel for the Original Parties. The Original Parties shall hold all requests received as strictly confidential and shall not disclose the request. Upon receipt, the Original Parties shall jointly release the Excerpts to the requesting Non-Party, who must maintain the Excerpts as confidential and not disclose the same, absent further order of this Court. The requesting Non-Party may utilize the Excerpts only as part of its sealed objections, if any, submitted to this Court.

(5) <u>Non-Party Objections:</u> This Court should then set a fixed date for the receipt of objections from Non-Parties. The Court should require that any such objections be: (a) filed under seal; and (b) served upon the Original Parties. In order to ensure as transparent a process as possible in these circumstances, in addition to filing under seal, the objecting Non-Party shall publicly file a redacted objection on the Electronic Case Filing system ("ECF") reflecting the assigned J. Doe identifier. The redacted versions publicly filed on ECF must remove all identifying information about the Non-Party, and any other referenced Non-Parties, including from the Excerpts.

A Non-Party's participation in this protocol is optional. Non-Parties are under no obligation to object and a Non-Party's decision not to do so shall not be deemed as consenting to the unsealing of the Sealed Materials. The solicitation and receipt of objections from Non-Parties who wish to participate is intended merely to aid the Court in balancing privacy interests against the public's right of access; it is not intended to substitute for that critical balancing test, which is the responsibility of the Court in any event. See *In re New York Times*, 828 F.2d at 116 ("The job of protecting [non-party privacy rights] rests heavily upon the shoulders of the trial judge . . . ."). Accordingly, even if no objection is filed by a Non-Party, the Court still will undertake the particularized review directed by the Court of Appeals.

(6) <u>Responses of the Original Parties to Any Non-Party J. Doe Objections:</u> The Court should provide the Original Parties an opportunity to respond to any objections filed by Non-Parties. Accordingly, the Original Parties shall have fourteen (14) days after the filing of any Non-Party objection to file an opposition, and the objecting J. Doe shall have seven (7) days after the Original Party's opposition is filed to file a reply in support of his or her objection. The Original Parties and J. Doe shall file their respective submissions under seal, and, as set out above, file a redacted copy of their submissions on ECF, redacting the Sealed Materials (or excerpts therefrom) and any personally identifying information concerning each J. Doe.

*   *   *

Unless expressly stated otherwise, all notices, submissions, and filings made pursuant to this Order should remain permanently sealed inasmuch as they are submitted solely so

that the Court may decide whether any Sealed Materials may be unsealed. *See Brown v. Maxwell*, 929 F.3d 41, 50 n.33 (2d Cir. 2019).

The process outlined herein is intended to afford Non-Parties the opportunity to participate in this proceeding solely as to the issue of whether any Sealed Materials that identify them should be unsealed. Thus, if a Non-Party files an objection, he or she will be treated as having made a limited purpose appearance in this action. An order from this Court unsealing the Sealed Materials, in whole or part, as to a Non-Party should be deemed to have affected the Non-Party's rights and interests for purposes of appeal.

Pending the Court's in camera review, the Sealed Materials should remain sealed. However, nothing set forth herein precludes any party from communicating, publicly or otherwise, including to law enforcement agencies, so long as such disclosures do not reveal the contents of the Sealed Materials. A party is, therefore, free and without any restraint whatsoever, to disclose any information within their personal knowledge. He or she is only limited, pending the completion of the Court's inquiry, from proceeding in violation of the Protective Order and other direction of this Court.