

**Haddon, Morgan and Foreman,** P.C
**Ty Gee**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

December 5, 2019

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Defendant Maxwell's Letter Brief re Materials That Should Remain Sealed or
Redacted
*Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

Paragraph 1 of the Court's October 28 Order (Doc.998) required the parties to identify
motions decided by the Court and related papers that were sealed and redacted ("Sealed
Materials"). Paragraphs 3 and 5 required that any party contending a Sealed Material
should remain sealed or redacted submit a letter brief providing the reason each such
material should remain sealed or redacted. On November 19 the Court said the
proponent of continued sealing/redaction need only state the reason in summary
fashion. Doc.1011. The Court extended to December 5 the time for submitting reasons.

**The difficulty and complexity of the project.** Before reaching the merits of
sealing/redaction of the Sealed Materials we think it appropriate and necessary to
address the complexity and difficulty of the project as well as its difficult-to-overstate
importance to the lives of Ms. Maxwell and the non-parties.

The volume of Sealed Materials is substantial. The Sealed Materials contain motions,
responses, replies, surreplies, sur-surreplies, memoranda, correspondence, declarations,
exhibits, notices, and orders. Depending whether the materials were filed under seal,
each motion, response, etc., occupied a separate docket number. We estimate we
reviewed more than 600 docketed materials, totaling more than 8,600 pages.

This project could not be accomplished by scanning or speed-reading. For redacted
materials, there were many documents where there was only a single item on a page
was redacted, e.g., a surname or an email address; there were other documents where
on a single page various phrases, sentences or paragraphs were redacted. To determine

Honorable Loretta A. Preska
November 16, 2019
Page 2

whether redaction was warranted, context was important. We were required to read each word, line, paragraph and page of the Sealed Materials.

For reasons having to do with the legal bases for sealing and redacting non-judicial and judicial documents, discussed later in this letter, this was not a project that could be performed by non-lawyers or by lawyers who did not have familiarity with the lawsuit, including plaintiff's counsel's litigation tactics, plaintiff's allegations, and Ms. Maxwell's privacy interests.

Further complicating the review are the numerous and varied legal grounds for sealing and redacting non-judicial and judicial documents. Two general grounds exist. A document may be sealed if it is a non-judicial document or if it is a judicial document which implicates a person's interests that outweigh the presumption of access afforded to that document. As the Second Circuit's jurisprudence disclosees, it is not always clear what is or is not a judicial document. Even when a document categorically is a judicial one, there is more complexity yet. The weight of the presumption of access depends on the nature of the document. The Second Circuit has declined to limit the universe of interests that may be advanced to rebut the presumption. *See Hardy v. Equit. Life Assur. Soc'y of U.S.*, 697 Fed. Appx. 723, 725 (2d Cir. 2017). We have identified at least twelve applicable to Ms. Maxwell in this action. Those reviewing the Sealed Materials on Ms. Maxwell's behalf therefore were required to determine while reading the materials (a) the weight of the presumption that should be afforded a particular judicial document, and (b) whether one, two or, as frequently was the case, numerous interests could be identified sufficient to rebut the presumption of access.

The three counsel of record completed this project within the time constraints imposed by the Court in this expedited proceeding. That is not a complaint or an excuse, simply the reality that informs the product of our work. We have no doubt that we failed to see all the redacted words, phrases, sentences or paragraphs that should remain redacted and that we failed as to each redacted or sealed material to identify all the interests supporting continued redaction and sealing of a material. It could not be otherwise, given the time constraints and human limitations.

We speak from shared experience. The Second Circuit released some 2,000 pages of sealed and redacted summary-judgment materials. *See Brown v. Maxwell*, 929 F.3d 41, 54 (2d Cir. 2019) Before releasing the materials the Second Circuit panel did not request review by the parties, did not hold a hearing, did not notify the parties which of the 2,000 pages would be unsealed and unredacted, and did not specify what words, phrases, sentences or paragraphs it would be redacting. Instead the panel said it was redacting "personal phone numbers, contact lists, birth dates, and social security

Honorable Loretta A. Preska
November 16, 2019
Page 3

numbers," and "the names of alleged minor victims of sexual abuse from deposition testimony and police reports, as well as deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Brown*, 929 F.3d at 48 n.22. These criteria, the panel said, led to only "minimal" redactions. *Id.* at 48. The panel apparently did not consider any countervailing interests other than the parties' and minors' "privacy interest[s]," *id.*

Despite the Second Circuit's best efforts, it made serious mistakes. For example, it redacted a non-party's name in one location but not another; so the media immediately gained access to that name. As another example, it redacted Ms. Maxwell's email address (which linked to her own domain name) in one location but not another; shortly afterward hackers breached the host computer.

It would be hard to overstate the "media's" interest in this case. By "media" we include all constituents of the twenty-first century media—established newspapers and broadcast media, internet publications of every kind, bloggers, hackers who publish on the internet, social media users, and every person who owns a computer, tablet or smart phone who distributes information to others. The lawyers for the parties and non-parties have received hundreds of emails and telephone communications and inquiries. Some of the parties, including plaintiff Giuffre and other plaintiffs and their respective lawyers and public relations consultants, have stoked and are actively stoking media interest for their own ends.

Ms. Maxwell has not sought out any media attention, and for that she has attracted *more* media attention. London's tabloid the *Sun* placed a "£10,000 bounty on Maxwell's head, dangling its checkbook to encourage anyone with information on her whereabouts to come forward."[1] Vanity Fair reported, "Now, perhaps, Maxwell is the one who needs to be looking over her shoulder—that is, for reporters lurking in the bushes, ready to pounce with voice recorders and cameras in hand. In recent months, journalists have searched high and low for Maxwell, who had already been maintaining a low profile even before the Epstein scandal came roaring back to life this past summer."[2]

---

[1]https://www.vanityfair.com/news/2019/11/hunt-for-jeffrey-epstein-alleged-enabler-ghislaine-maxwell?utm_medium=social&mbid=social_facebook&utm_brand=vf&utm_social-type=owned&utm_source=facebook

[2]*Id.*

Honorable Loretta A. Preska
November 16, 2019
Page 4

There is no doubt that every word, phrase, sentence and paragraph of any document disclosed to the public will be scrutinized by members of the media with as much diligence as we have—with the exception that they have no time limit and, depending on the media member, with an economy of ethics.

For these reasons we respectfully request that before ordering the unsealing or unredaction of any of the Sealed Materials, the Court notify us and the affected non-parties of the docket numbers it intends to disclose so that we can conduct a second review of the materials. Under the circumstances we also request that, as to any material to which we have lodged an objection to unsealing or unredaction, the Court allow us to preserve the right to assert additional reasons to continue the sealing/redaction that we were unable to identify in our initial review of these thousands of pages of documents.

**The reasons for maintaining the seal/redactions of the Sealed Materials.** Because of the volume of Sealed Materials, we prepared a spreadsheet, attached, which for each docket number (a) states whether the filing was sealed or redacted, (b) provides the title of the filing, and (c) provides the reason it should remain sealed or redacted. The "reason" given is one or more letters, A, B, C, D, and so on, that correspond to the following legal grounds:

A. **Privacy.** A person's privacy interests are sufficient to overcome even a heavy presumption of access afforded to a judicial document. *See, e.g.*, *Brown*, 929 F.3d at 47 n.13, 51, 54; *United States v. Amodeo* ("*Amodeo I*"), 71 F.3d 1044, 1050 (2d Cir. 1995) ("'[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (internal quotations omitted).

B. **"Ancillary" court submissions.** A court's authority to oversee discovery and control the evidence introduced at trial is ancillary to the court's core role in adjudicating a case. *Brown*, 929 F.3d at 50. Accordingly, the presumption is generally lower than the presumption afforded to submissions implicating the court's core adjudicatory role. We submit that among the ancillary court submissions, many are so far removed from the adjudicatory role that the presumption afforded them should be negligible. *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("We do not say that every piece of evidence, no matter how tangentially related to the issue or how damaging to a party disclosure might be, must invariably be subject to public scrutiny. An exercise of judgment is in order. The importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials should be taken into account before a seal is imposed.").

C. **Reasonable reliance on a protective order by a party or non-party.** If a party or non-party provides information in connection with a lawsuit in reasonable reliance upon a

Honorable Loretta A. Preska
November 16, 2019
Page 5

Federal Rule of Civil Procedure 26(c) protective order, the information must remain sealed. *See Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979); *see id.* at 297-98 (Medina, J., concurring) (noting "overriding policy in favor of enforcing the civil protective order against federal prosecutor's request for deposition transcripts, and holding, "A plaintiff in a civil litigation is bound by the terms of an agreement he has made to restrict the access of non-parties, including the Government, to the products of discovery. This was the essence of Judge Frankel's decision in *GAF Corp. v. Eastman Kodak Co.*, 415 F.Supp. 129 (S.D.N.Y.1976), with which I fully concur.") (footnote omitted). *Martindell* was cited with approval in *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001), which was cited with approval in *Brown*, 929 F.3d at 51 n.40. Notably the Second Circuit in *Brown* held that redactions of sensitive, private information disclosed by witnesses in depositions because of "a strong expectation of continued confidentiality." *Brown*, 929 F.3d at 48 n.22.

**D. Prevention of the abuse of court records and files.** Courts must exercise their supervisory power over their own records and files to ensure they "'are not used to gratify private spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption.'" *Brown*, 929 F.3d at 51 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The *Brown* court held: "District courts should exercise the full range of their substantial powers to ensure their files do not become vehicles for defamation." *Id.* at 53.

**E. Annoyance, embarrassment, oppression, undue burden.** Materials that cause annoyance, embarrassment, oppression or undue burden to an individual should be sealed or redacted. *See Brown*, 929 F.3d at 51.

**F. Redundant, immaterial, impertinent, or scandalous material.** Materials filed with the court that are either impertinent or immaterial and also scandalous are entitled to no presumption of access. *Brown*, 929 F.3d at 52 n.42.

**G. Preserving the fundamental rights of suspects or others under criminal investigation.** The preservation of the fundamental rights of suspects and others under criminal investigation is a powerful countervailing interest weighing against the presumption of access. *See Nixon*, 435 U.S. at 595, 602; *Brown*, 929 F.3d at 47 n.13; *Martindell*, 594 F.2d at 295-97.

**H. Protecting criminal investigations and the privacy and safety of witnesses and suspects in criminal investigations.** The courts have an obligation to safeguard the integrity of criminal investigations and the privacy and safety of witnesses and suspects that are part of those investigations. *United States v. Longueuil*, 567 F. App'x 13, 16 (2d Cir. 2014) (holding that district court properly sealed contested documents "as they reflected sensitive information about cooperating witnesses," and concluding that sealing

Honorable Loretta A. Preska
November 16, 2019
Page 6

was justified in part "to safeguard the privacy of individuals involved in an investigation"; "[t]he district court was in the best position to weigh these factors") (internal quotations and citation omitted); *Hardy*, 697 Fed. App'x at 725 (2d Cir. 2017) (noting that courts have found that the following can defeat presumption of access: protection of ongoing investigations, safety of witnesses, national security, and trade secrets).

**I.  Other interests.** *See Hardy*, 697 Fed. App'x at 725 ("Courts have found that interests such as protection of ongoing investigations, safety of witnesses, national security, and trade secrets may be sufficient to defeat the presumption. We leave it to the district court to identify any interest in favor of secrecy sufficient to defeat the presumption that court orders be open to the public.").

**J.  Untrustworthy, unreliable and incorrect information.** Courts should continue the sealing or redaction of information that is or may be untrustworthy, hearsay or incorrect or that simply is misinformation. *See Amodeo I*, 71 F.3d at 1052 ("The nature of some parts of the Report militate against unsealing, however. Portions of the Report are hearsay, and may contain misinformation. There is a strong possibility that the report will contain material which is untrustworthy or simply incorrect.") (internal quotations, brackets, citation and ellipsis omitted).

**K.  Expectation of continued confidentiality.** The Second Circuit has held that courts should honor the "legitimate expectation of litigants" in the confidentiality of sensitive information they have disclosed pursuant to protective orders. *TheStreet.Com*, 273 F.3d at 230; *see Brown*, 929 F.3d at 48 n.22 (redacting confidential or sensitive information because of the witnesses' "strong expectation of continued confidentiality" that had been promised under protective order).

**L.  Improper submission of documents.** Documents that a party has submitted for a non-merits purpose, e.g., the confidentiality, discoverability or admissibility of information, should remain sealed or redacted if there is any interest in sealing or redaction. *See TheSreet.Com*, 273 F.3d at 233.

**M.  Non-judicial documents.** As the Second Circuit has recognized, the mere filing of a document with the court is insufficient to render it a judicial document subject to the right of public access. *Brown*, 929 F.3d at 49. To be a judicial document it must be relevant to the performance of the judicial function and useful in the judicial process. *Id.* A document that fails this two-part test is not a judicial one, and it is not entitled to any presumption of access. *A fortiori* any valid interest in sealing or redacting the document is sufficient to result in sealing or redaction.

Very truly yours,

Honorable Loretta A. Preska
November 16, 2019
Page 7

Ty Gee

C: Counsel of Record *via* ECF