```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   VIRGINIA L. GIUFFRE,

 4                Plaintiff,              New York, N.Y.

 5           v.                           15 Civ. 7433 (LAP)

 6   GHISLANE MAXWELL, et al.,

 7                Defendants.

 8   ------------------------------x

 9                                        January 16, 2020
                                          10:05 a.m.
10
     Before:
11
                    HON. LORETTA A. PRESKA,
12
                                          District Judge
13

14
                          APPEARANCES
15

16   BOIES, SCHILLER & FLEXNER, LLP
          Attorneys for Plaintiff
17   BY:  SIGRID S. McCAWLEY
          SABINA MARIELLA
18        JOSH SCHILLER

19   HADDON, MORGAN & FOREMAN, P.C.
          Attorneys for Defendant Maxwell
20   BY:  LAURA A. MENNINGER

21   KRIEGER, KIM & LEWIN, LLP
          Attorneys for John Doe, non-party
22   BY:  PAUL M. KRIEGER
          NICHOLAS J. LEWIN
23
     HOLLAND & KNIGHT, LLP
24        Attorneys for Intervenors
     BY:  CHRISTINE WALZ
25
```

1           (Case called)
2           THE COURT:  Is plaintiff's counsel ready?
3           MS. McCAWLEY:  Yes, your Honor.
4           THE COURT:  Good morning.
5           MS. McCAWLEY:  Good morning.  We are here for the
6  purposes of status conference.  Would you like me to address
7  the status of the case with respect to these issues?
8           THE COURT:  Certainly.  If you feel you want to.  I
9  have your letters.
10          MS. McCAWLEY:  Okay.
11          THE COURT:  But, whatever you want to do.  Sure.
12          MS. McCAWLEY:  Sure.  I just wanted to do a few
13  updates, the focus trying to be to alleviate some of the burden
14  on the Court with respect to this review.
15          THE COURT:  Bless you, my daughter.
16          MS. McCAWLEY:  A few ideas that we have come up
17  with -- we have submitted the letter to you, obviously, which
18  poses an approach dealing with the non-parties.  One other
19  piece of that, if it would be beneficial to the Court, we have
20  also gone through and categorized the individual non-parties to
21  put them in groupings.  For example, if there are a reporter's
22  name mentioned in the document that wouldn't necessarily be
23  deemed a non-party that the Court would think would need to get
24  notice, we can separate those out.  There are names that appear
25  obviously in Maxwell's non-party list that are not in ours but

we have gone through and categorized those to tried to give a grouping to alleviate some of the that so that the Court can make a judgment as to who actually needs to get notice.

The other option that we came up with respect to Court's overall review is with respect to crossover documents. As you know, the Second Circuit released certain documents. We have had a team at our firm trying to go through and identify where, if at all, those show up with within the documents that are in the decided motions so that the Court, when doing the review, doesn't have to look at something that's already been ruled on.

THE COURT: Released.

MS. McCAWLEY: Released by the Second Circuit. We are making headway with that. We can have a piece of that to the Court in about two weeks.

The most time-consuming piece is the deposition transcripts so that will take us a little bit longer but that would be at least give the Court, within the decided motions that we have provided, a separate column that would indicate as to those, as you know, we laid forth the specific exhibits and then, if one of those exhibits had a released portion of it or it was all released, it would indicate that in the column.

So, we have started that project in assessing this thinking that would be beneficial to the Court. We need a little bit more time to complete it but I think we would be

1    able to submit something like that to the Court.

2              THE COURT:  Yes, ma'am.  Thank you.

3              Ms. Menninger, did you want to add anything?

4              MS. MENNINGER:  Yes, your Honor.

5              We also have endeavored to do the same type of review

6    that Ms. McCawley just referred to and I think we would be in a

7    position to confer with Ms. McCawley and reach agreement on the

8    documents that we both believe have already been released by

9    the Second Circuit and no further review would be necessary.  I

10   would I distinguish that, of course from the mere fact a

11   non-party's name --

12             THE COURT:  I saw that in your letter.

13             MS. MENNINGER:  That's a different issue.

14             There is a third category that I think I might propose

15   to your Honor.  We were the only party to submit a request to

16   keep documents sealed and we, in our chart, elicit a number of

17   documents that we don't believe there is any countervailing

18   interest and we would propose could be unsealed to the extent

19   they do not include any non-party name.  I would need to go

20   back and recheck that list, your Honor, but we did, in our

21   December 5th submission, note a number of documents to which we

22   don't have a countervailing interest to assert and to the

23   extent they don't name any non-parties, I think your Honor

24   could also skip a review of those documents.

25             THE COURT:  Certainly.

1        And you will confer with counsel?

2            MS. MENNINGER:  Of course.

3            THE COURT:  And send that list in when you have it?

4            MS. MENNINGER:  Of course, your Honor; and try to just
5   cut down on the number of documents to which this notice piece
6   and second review needs to occur.

7            THE COURT:  Yes, ma'am.  Thank you.

8        May I give you our preliminary thoughts as to how to
9   proceed?  And I will say that I am working off of Mr. Lewin's
10  revised proposed protocol.  First of all, I think it must be
11  correct that you people have all of these documents in
12  electronic form.  Is that correct?

13           MS. McCAWLEY:  Yes, your Honor.

14           THE COURT:  And one of the reasons I am asking that is
15  because now I am looking at Ms. Menninger's list of motions.
16  In many places where the docket number of the resolution is
17  listed, so for example I'm looking at the motion at docket
18  number 164, this is at page 14 of her list, and you will see
19  under resolved docket number it says sealed order.  Well, we
20  can't find on PACER anything that looks like an order, and we
21  can't find in the sealed documents anything that looks like an
22  order at or about that date resolving this motion.

23           So, to the extent that we can receive from you all of
24  this stuff in electronic form, that would be very helpful.  And
25  I will ask you, as we go along, what's going to make it easier

1     for you?
2              We also thought that the way to do this would be to do
3     it in groups of motions.  So, for example, we take the first
4     five motions and, say, let's work on those first and get that
5     done.  So, for example, if you wanted to send the material just
6     as to those motions, great.  But, if it is easier for you to
7     send the electronic files as to everything, that's fine, too.
8     But, we certainly thought we should do this on a rolling basis.
9     We talked about giving notice to the non-parties of what's
10    going on now.  We would look to you to provide us with a
11    proposed form of notice saying here is what we are doing.  If
12    you wish to object you have, let's say, 14 days to do so.  You
13    have to file it with the Court within that time, serve it on
14    the parties within that time, etc., etc.
15             So, we would look to you for a form order for you to
16    use in notifying the non-parties.  We probably would look to
17    you for affidavits of service on the non-parties -- of course
18    they would have to be sealed because that's the whole point
19    here.  I think you would have to do that.  Then, of course, as
20    we discussed, as is discussed in the proposed revised protocol,
21    then after the non-parties respond -- if they do -- then you
22    would have an opportunity to put in your countervailing
23    interests.  So, maybe a week or two weeks after the date for
24    the non-parties to respond.
25             What would that look like?  Now I am going to go to

1    Ms. Maxwell's letter dated December 5, and that's the letter in
2    which she notes the various reasons for maintaining the sealed
3    or redactions of the sealed materials and she lists a group of
4    countervailing factors including privacy ancillary court
5    submissions and the like, and in each one of the listings, of
6    course, she has citations to appropriate cases talking about
7    those factors.  It would be fine if anyone else wishes to put
8    together a similar list with the citations and the reason I am
9    saying this is what we are looking for from you is a specific
10   explanation of why the document should remain sealed or the
11   redactions should continue specific to that document.  I think
12   that's what the Court of Appeals told us we have to do.  But, I
13   am not looking to you for a brief on every single document.  I
14   would think you would give me this much material.  You know,
15   this document implicates this person's privacy interests
16   because she is said to be a victim of sex trafficking.  That's
17   all you need to say.  And, somewhere you have already given me
18   the citations to privacy, right, as Ms. Maxwell did in this
19   letter.  This person's privacy, mostly I think they're going to
20   be privacy interests but whatever you want to say.  But, we are
21   looking to you for something pretty brief but certainly
22   document-specific because I believe that's what the Court of
23   Appeals wants us to do.  Then what I would propose to you is we
24   will give you notice when we are going to rule on, let's just
25   say, motions 1, 2, 3, 4, and 5 of the sealed motions, we are

1  going to rule on January 16th at 10:00.  I will come out on the
2  bench with a court reporter and rule.  You can be here if you
3  want, you don't have to be here.  But, that is what we propose
4  in order to make the process go more quickly.
5            So that's, in general, what we have in mind.
6            Mr. Lewin, in your proposed protocol you talked about
7  identifying the non-parties.  Counsel has done that in a sealed
8  manner so we have got that down and I agree that those parties
9  should be assigned identifiers John Doe no. 1, 2; whatever you
10 want to do.  And the documents filed by the non-parties and the
11 documents filed by the parties should be as transparent as
12 possible.  So, you are going to say in your documents, with
13 respect to John Doe no. 3, privacy interest, whatever, whatever
14 and file that redacted document on the public docket sheet.
15 Right?  Does that make sense?  Okay.
16           What else?  May I have your responses?
17           Yes, ma'am.
18           MS. WALZ:  Christine Walz, Holland & Knight
19 representing the Miami Herald.  With regards to the letter you
20 have been referring to submitted by Ms. Maxwell's counsel --
21           THE COURT:  Yes, ma'am.
22           MS. WALZ:  -- that letter itself has not been filed on
23 the docket and isn't available to counsel, as I understand it;
24 the December 5th letter.
25           THE COURT:  Let me just ask counsel if there is a

reason that can't be put on the public docket.  I get perhaps the attachment can't be.

MS. MENNINGER:  Correct, your Honor.

THE COURT:  But the letter itself is pretty much legal argument, right?

MS. MENNINGER:  I have no objection to the letter being put on the docket.

THE COURT:  Would you do that, please?

MS. MENNINGER:  Yes, ma'am.

THE COURT:  Yes, ma'am.  Thank you.

What else, friends?

MS. MENNINGER:  Your Honor, if I may?

I only want to bring to the Court's attention that some of these non-parties that we are talking to certainly are either persons of means or otherwise have counsel.  Some of them, however, live out of the country or live in remote places and are not persons of means and don't have counsel and so I only highlight that because I would like to make sure that whatever process we employ for them to provide their objections, etc., dealing them you need to file something under seal or file it here or there is not likely to be something within their Ken of knowledge.

THE COURT:  What is your suggestion?

MS. MENNINGER:  Your Honor, I am thinking that they might need to just direct, be given alternatives including to

1    just submit it by letter.
2            THE COURT:  Why don't you talk with counsel about this
3    because presumably that would be included in the form --
4            MS. MENNINGER:  Exactly.
5            THE COURT:   -- notice order to them.
6            MS. MENNINGER:  Certainly, your Honor.
7            THE COURT:  Okay.
8            MS. MENNINGER:  We did discuss it a little bit, your
9    Honor, but we can finalize that.
10           THE COURT:  Yes, ma'am.
11           What else, friends?  What are your thoughts on time
12   frame?  I mean, I think that Mr. Lewin's proposed order had 14
13   days for the non-parties to respond which sounds pretty good
14   and I have forgotten, Mr. Lewin, if you said time for the time
15   for parties to respond to that or not.
16           MR. LEWIN:  I think we said seven days, Judge, but it
17   was no more than a suggestion.
18           THE COURT:  Talk to each other, tell me what that
19   should be, and we will figure that out.
20           What else?  Then, I would like to know from you, could
21   you give me an idea how many motions you want to do at a time?
22   I mean, my own view would be that we would take them in the
23   order that they're listed on Ms. Maxwell's attachment to the
24   November 12 letter and the reason I like this listing is
25   because it lists the motion, the date it was filed, the related

1    documents, the docket number of the order resolving the motion,

2    and the date of the resolution and whether it is sealed or

3    redacted.  So, I would like to work off of this form if we

4    could and so the question to you is how many of these motions

5    do you want to do at a time and how do you want to 0how many do

6    you want to do at a time?

7              Do you want to confer with each other and let me know?

8              MS. McCAWLEY:  That's fine, your Honor.  I mean,

9    obviously the plaintiff's position is to roll things out as

10   quickly as possible but it is really the Court's timing that

11   matters here.

12             THE COURT:  Well, but it is you too, or your opponent,

13   because you are going to have to be briefing this as we go on a

14   rolling basis.

15             MS. McCAWLEY:  Right.  We can confer.

16             THE COURT:  All right.  So, let me know that.

17             What else, friends?  Yes, ma'am.

18             MS. WALZ:  With regards to the attachment that you

19   referred to, that attachment will also be publicly filed?

20             THE COURT:  What's your position on that, please,

21   Ms. Menninger?  It seems to just have docket numbers on it.  Is

22   there any reason that can't be released?

23             MS. MENNINGER:  Your Honor, I would like to review it

24   again but assuming that that is the case, I don't have a

25   problem releasing it.

1           THE COURT:  Okay.  And confer with counsel.

2           MS. MENNINGER:  I can't remember if there are

3  non-parties mentioned because they were in the title of a

4  particular pleading.

5           THE COURT:  Good point.  Well, why don't you do that

6  and let us know promptly because that will help everybody here

7  keep track of what we are doing.

8           Ms. Walz, again, the motions on this copy are in gray

9  so my view would be, counsel, that we go through and just do it

10 in order, take the first five or something like that.

11          MS. WALZ:  To the extent there is a third-party name

12 or something like that that counsel feels must be redacted, can

13 it be just redacted?

14          THE COURT:  Of course.

15          MS. WALZ:  So we can have the benefit of the chart.

16          THE COURT:  Of course.  Yes, indeed.

17          And, counsel, obviously one of the things you are

18 going to do first is assign identifiers to those third-parties

19 and maybe we could agree now that we are going to refer to them

20 by their identifiers throughout so if you file something in

21 this list of motions you will use the same identifier that you

22 have assigned, right?

23          MS. MENNINGER:  Yes.

24          THE COURT:  And the list of non-parties that you faxed

25 in last night, it is fine with me if you go down the side of

1    that and put your identifiers there and file it under seal so
2    we all know what we are doing.
3             MS. MENNINGER:  Your Honor, I believe there are some
4    discrepancies between counsel's lists.
5             THE COURT:  We will figure it out.
6             MS. MENNINGER:  If we can get the most complete one
7    and do that.
8             THE COURT:  Yes, ma'am.
9             MS. MENNINGER:  Thank you.
10            THE COURT:  What else, friends?  Anybody else want
11   anything?
12            Yes, ma'am.
13            MS. WALZ:  Your Honor, with regards to the unruled
14   upon motions --
15            THE COURT:  Yes, ma'am.
16            MS. WALZ:  -- on page 10 of the Court's order issued
17   earlier this week it seems to contemplate an additional process
18   with regards to the motions.  My client would like some
19   clarification as to what that might look like.
20            THE COURT:  I don't know.  Why don't you folks confer
21   among yourselves.  To my mind, the most important thing is to
22   get these ruled on motions in the process so that we can start
23   rolling them out.  But, if you people want to confer and tell
24   me what else you want to do and when you want do it, that's
25   fine.  But, it seems to me you can only do what you can do at a

1           time.
2                   MS. WALZ:  Thank you, your Honor.
3                   THE COURT:  Yes, ma'am.  What else?  Gents?  Anything?
4                   MR. LEWIN:  Nothing, Judge.  Thank you.
5                   THE COURT:  All right.
6                   May we look to you for the form order in the next two
7           weeks, please?  And then tell me also what, if anything, you
8           want to do about any other general briefing on the
9           countervailing factors.  And again, the reason I refer to it is
10          because I assume when you do your document-by-document response
11          you will be referring back to the issues noted, whether it is
12          privacy, whether it's untrustworthy, unreliable and incorrect
13          information or whatever it is.  And, again, I'm not looking to
14          you to have citations in your document-by-document response but
15          rather to refer back.
16                  Ms. McCawley, you are probably not going to have any
17          countering factors?
18                  MS. McCAWLEY:  No, we would have objections to them.
19                  THE COURT:  Yes, ma'am.  But what I am trying to do is
20          limit the size of your responses.
21                  What else?
22                  MR. LEWIN:  Judge, on this particular topic, obviously
23          part of the briefing is precisely what the Court is discussing
24          now which is the countervailing factors.
25                  THE COURT:  Yes, sir.

1          MR. LEWIN:  Identifying them.  But I would just raise
2    that, in addition, it may make sense to include in this
3    briefing the parties' sense of the weight --
4          THE COURT:  Precisely.
5          MR. LEWIN:  -- could be accorded to the presumption
6    itself.  The fact of the presumption is only the first step.
7          THE COURT:  Yes, sir.
8          MR. LEWIN:  Thank you, Judge.
9          THE COURT:  And, obviously however you want to do
10   that.  It would probably -- you look at them and if you can
11   categorize them generally, this one is a motion *in limine*, we
12   never went to trial so it is not really entitled to much
13   weight.  If you want to do something like the countervailing
14   factors so your briefing is all in one place and your citations
15   are all in one place, that's fine.  But, obviously, that goes
16   with the document-by-document review as well.
17         Does it make sense for us to, when we have agreed,
18   would you mark up, do further revisions to Mr. Lewin's revised
19   proposed protocol so we all know what we are doing?  And,
20   ladies, may I ask you, maybe you can confer with Mr. Lewin as
21   well.  I mean, obviously this is on his machine, I guess, but
22   let's get it revised so we know what we are doing.  Okay?
23         MR. LEWIN:  I am happy to share a Microsoft Word
24   version.
25         THE COURT:  Oh, you're the best.

            What else, friends?  Okay.  So, here we are.  Let's get going here, the sooner the better.  And we will do our level best to rule on these as quickly as we can in a rolling manner.

            Thank you, all.  Nice to see you.

            (Discussion off record)

            THE COURT:  I belatedly reminded counsel that I would be looking for their list of documents already released and documents as to which they say there is no countervailing interest.

            Yes, ma'am?

            MS. McCAWLEY:  So, the only concern I have on the second piece, which is the ones that Maxwell is not objecting to in this, they obviously are all of the documents that they would like to see released and when we talked about this process in the beginning it was not going to be piecemeal, meaning things that were negative to Virginia only get released when the things to Maxwell don't get reviewed or released timely.  So, that's why I appreciate your Honor's taking it bucket by bucket so that there is a quality in what is being released at the same time.

            THE COURT:  I missed what you said.  I don't know what you are saying to me right now.

            MS. McCAWLEY:  In other words, Maxwell is not objecting to many things and to the items she is not objecting

Case 1:15-cv-07433-LAP   Document 1021   Filed 01/23/20   Page 17 of 18    17
K1G5giuC                    conference

|  |  |
|---|---|
| 1 | to, those are items that she would like to see released for |
| 2 | reasons that they could be, could be negative to my client. |
| 3 | And the whole point of this process was to have it be fair and |
| 4 | equal where there would be review of all documents at the same |
| 5 | time and they would be being released equally. |
| 6 |     THE COURT:  Here is the deal.  We are not doing all |
| 7 | the documents at the same time because that would take you 12 |
| 8 | years to brief and me 12 years to decide. |
| 9 |     MS. McCAWLEY:  Right. |
| 10 |     THE COURT:  We are going to do it on a rolling basis |
| 11 | on a motion-by-motion basis. |
| 12 |     MS. McCAWLEY:  I understand.  So, I am asking that on |
| 13 | the motion-by-motion, as you are taking those first five |
| 14 | they're released in that order, in other words this first batch |
| 15 | of the things that they're just not objecting to doesn't roll |
| 16 | out, it rolls out at the same time in the order that you have |
| 17 | already processed so that things are really equally -- |
| 18 |     THE COURT:  I am still not understanding you. |
| 19 |     There should be a list of documents as to which there |
| 20 | is no countervailing interest, that is no reason not to release |
| 21 | them.  There is no reason they shouldn't be released ASAP. |
| 22 | Right?  There is no justification for holding documents as to |
| 23 | which the right of access has attached. |
| 24 |     MS. McCAWLEY:  I understand, your Honor.  I think the |
| 25 | point that I was trying to make -- and your point is well |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   taken -- I just want to ensure that the process, that it is not
2   a situation where only those get released and then we are miles
3   away from other things being released.  It just seems
4   inherently unfair and it should be reviewed in the process.
5            THE COURT:  I don't see that.  Documents as to which
6   there is no countervailing interest should be released ASAP
7   whatever they are.
8            MS. McCAWLEY:  I understand, your Honor.
9            THE COURT:  Thank you, friends.  Was there anything
10  else back there?  No.
11           Thank you.  Good morning.
12                                o0o