UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Virginia L. Giuffre,

    *Plaintiff*,

v.

Ghislaine Maxwell,

    *Defendant*.

Case No.: 15-cv-07433-RWS

**MEMORANDUM OF LAW IN SUPPORT OF
INTERVENORS JULIE BROWN AND MIAMI HERALD MEDIA COMPANY'S
<u>MOTION FOR RECONSIDERATION</u>**

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................1
    I.    LEGAL STANDARD ..................................................................................................1
    II.   RECENT NINTH CIRCUIT OPINION MAKES CLEAR THAT UNDECIDED MOTIONS ARE JUDICIAL RECORDS. ..............................................................................................1
CONCLUSION .......................................................................................................................4

# TABLE OF AUTHORITIES

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
No. 14-CV-6867 (VEC), 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016) ...................................2, 3

*Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) ....................................................................3, 4

*Courthouse News Serv. v. Planet*,
No. 16-55977, 2020 WL 253562 (9th Cir. Jan. 17, 2020) ........................................................1, 2, 4

*Glob. View Ltd. Venture Capital v. Great Cent. Basin Expl., L.L.C.*,
288 F. Supp. 2d 482 (S.D.N.Y. 2003).............................................................................................1

*Perez v. Progenics Pharm., Inc.*,
46 F. Supp. 3d 310 (S.D.N.Y. 2014)...............................................................................................1

Pursuant to Local Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York, Intervenors Julie Brown and Miami Herald Media Co. respectfully submit this Memorandum in Support of their Motion for Reconsideration of the Court's Opinion and Order (Dkt. 1018), filed January 13, 2020.

## ARGUMENT

### I. Legal Standard

Reconsideration is appropriate "where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *Perez v. Progenics Pharm., Inc.*, 46 F. Supp. 3d 310, 314 (S.D.N.Y. 2014). Where new law or facts become known, a motion for reconsideration is appropriate to determine whether, "had they been considered, [they] might reasonably have altered the result reached by the court." *Id.* "Alternatively, the Court may grant the motion to 'correct a clear error or prevent manifest injustice.'" *Glob. View Ltd. Venture Capital v. Great Cent. Basin Expl., L.L.C.*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003).

### II. Recent Ninth Circuit Opinion Makes Clear That Undecided Motions Are Judicial Records.

Just four days after this Court issued its opinion on undecided motions, the Ninth Circuit issued an opinion that would have provided substantial guidance to this court on pre-judicial action filings and is likely to alter the outcome of the court's decision. *See Courthouse News Serv. v. Planet*, No. 16-55977, 2020 WL 253562 (9th Cir. Jan. 17, 2020). For this reason, Intervenors urge this Court to reconsider its January 13, 2020 decision addressing whether undecided motions are judicial documents.

In *Courthouse News*, the Ninth Circuit considered "at what point in time [the] right [of access] attaches" to a court filing, rejecting the argument that "the right of access to civil

complaints attaches only at the moment 'they become the subject of some type of judicial action.'" *Id.* at *6, *8. Specifically, in *Courthouse News*, a court clerk argued that the public's right to access newly filed civil complaints "does not arise until judicial action of some sort." *Id.* at *7. The Ninth Circuit flatly rejected this argument, stating that "no court has held or even suggested that the public character of judicial records depends on whether the proceedings have progressed to a stage requiring a judge to act on the papers." *Id.* at *8.

While the newly filed complaints in *Courthouse News* are the subject of still-pending litigation, Intervenors urge the Court, for this case and all those that follow, not to create an artificial distinction between undecided and still-pending motions, which cannot withstand scrutiny under the First Amendment. In distinguishing between still-pending and ultimately undecided motions, the Court focused only on the benefit of having the public "monitor judicial decision-making." Dkt. 1018, at 8. But the purpose in allowing public access to court documents is far broader than that. As the Ninth Circuit articulated in *Courthouse News*:

> Some civil complaints may *never* come up for judicial evaluation because they may prompt the parties to settle. The public still has a right to know that the filing of the complaint in our courts influenced the settlement of the dispute: "When a complaint is filed, and the authority of the people of the United States is thereby invoked, even if only as a threat to induce settlement, the American people have a right to know that the plaintiff has invoked their power to achieve his personal ends."

*Courthouse News Serv.*, No. 16-55977, 2020 WL 253562, at *8 (emphasis in original) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *9 (S.D.N.Y. Mar. 18, 2016), aff'd, 814 F.3d 132 (2d Cir. 2016)).

As this Court held in *Bernstein*, "a public understanding of the courts is necessary for the judicial branch's accountability and legitimacy." No. 14-CV-6867 (VEC), 2016 WL 1071107, at *9. "And the public has a right to know how its resources are being used—courts are funded by the public, . . . and the laws under which parties sue may be refined, rescinded, or strengthened

2

based on the public's views of the ways in which they play out in court." *Id.* Thus, the fact that parties settled after filing motions with the Court is in itself worth of public scrutiny. It is entirely likely the filing of the motions and a desire not to have the judge rule adversely against a party caused the settlement. The public has a right to know what influences parties' settlement decisions and how they use the court – a public resource – to achieve settlement.

Moreover, finding that undecided motions are not judicial documents while at the same time "acknowledg[ing] the realistic possibility that [the undecided motions] are relevant" to Judge Sweet's other decisions is directly contrary to the mandate from the Second Circuit on this matter. Dkt. 1018 at 10. The Second Circuit held that a document is "'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion . . . , without regard to . . . whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original). Thus, a document that has the *tendency* to influence a judge's decision, even if it in fact does *not* influence the judge's decision, is a judicial document. Yet this Court says it will unseal undecided motions only if it is shown that they were in fact "relevant to Judge Sweet's actual decisions." Dkt. 1018, at 10. This places an impossible burden on Intervenors to demonstrate what was in the mind of Judge Sweet when the documents were filed (and he held hearings on many of those motions). In contrast, the Second Circuit articulated an objective, rather than subjective, analysis to determine whether certain *types* of documents are judicial documents, that is, those "that would reasonably have the *tendency* to influence" a court's ruling, regardless of whether it "ultimately in fact influences the court's decision." *Brown*, 929 F.3d at 49. "[T]he proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon." *Id.* at 50.

The Second Circuit's opinion in *Brown*, combined with this Court's opinion in *Bernstein* and the Ninth Circuit's newly issued opinion in *Courthouse News*, lead to an unquestionable conclusion: whether a document was the subject of judicial action cannot form the basis for determining whether it is a judicial document. A document is a judicial document if it is of the type that "reasonably [has] the tendency to influence a district court's ruling," regardless of "whether the document ultimately in fact influences the court's decision." *Brown*, 929 F.3d at 49. A presumptive "right of access to [judicial documents] arises when they are filed with the court." *Courthouse News*, No. 16-55977, 2020 WL 253562, at *9. It does not matter "whether the proceedings have progressed to a stage requiring a judge to act on the papers." *Id.* at *8. And if the parties settle before a judge has the opportunity to rule on a motion, all the more reason for the public to gain access to the undecided motions so that they may understand how the motions "influenced the settlement of the dispute." *Id.* ("Citizens could hardly evaluate and participate in robust public discussions about the performance of their court systems if complaints—and, by extension, the very existence of lawsuits—became available only after a judicial decision had been made.").

## CONCLUSION

For all of the foregoing reasons, Intervenors respectfully request that this Court reconsider its January 13, 2020, order and issue a ruling consistent with this and other circuits' finding that whether a judge ruled on a motion is not determinative of whether a document is deemed judicial.

Dated: New York, New York
January 27, 2020

Respectfully submitted,

/s/ Christine N. Walz
Sanford L. Bohrer
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax:  212.385.9010
*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*

4