

**Haddon, Morgan and Foreman, P.C**
*Ty Gee*

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

January 30, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Defendant Maxwell's Letter Submitting Materials Relating to Protocol
and Non-Party Notice
*Giuffre v. Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

We submit with this letter four documents for the Court's review and approval:

- [Proposed] Order and Protocol for Unsealing Decided Motions ("Order and Protocol");

- Notice to Non-Parties of Possible Unsealing of Sealed Documents ("Non-Party Notice");

- Form – Non-Party's Request for Excerpts of Sealed Documents and Acknowledgment of Court Order and Protocol Governing the Excerpts ("Non-Party Request");

- Form – Non-Party's Objection to Unsealing ("Non-Party Objection").

The original parties have conferred between themselves and with counsel for Intervenors Brown and Miami Herald and for J. Doe (collectively, "Seal Participants"). All the Seal Participants agree on the form of the last three bulleted documents. There are a few disagreements relating to the language of the Order and Protocol that the Seal Participants request that the Court resolve.

Honorable Loretta A. Preska
January 30, 2020
Page 2

The original parties, i.e., plaintiff and defendant, worked off J. Doe's proposed protocol, Doc.1019. The original parties ultimately made substantial changes to the protocol. The changes were made for various reasons, most of which will be apparent, e.g., the protocol did not address various substantive and procedural issues, it did not account for the Court's rulings and comments at the January 16 status conference, and, in our view, it did not establish a process for non-party participation that accounted for non-parties who had no experience with court submissions. Because of the sheer number of substantive changes to the protocol, we do not believe a redline would be useful; so we do not supply one here. However, we would be happy to supply one upon request from the Court. We do not believe the Seal Participants' various disagreements about our proposed Order and Protocol require a redline for their resolution.

The Seal Participants have consensus on the general process for non-party participation:

1. Non-parties would be notified via the Non-Party Notice.

2. The Non-Party Notice would attach three documents:

    a. The Order and Protocol;

    b. The form Non-Party Request;

    c. The form Non-Party Objection.

3. If the non-party wishes to participate, he or she would fax or mail to the Court the completed Non-Party Request form.

4. The original parties would serve the requesting non-party with sealed excerpts referencing/identifying the non-party.

5. If the non-party wishes to object, she would fax or mail to the Court the completed Non-Party Objection form.

I want to point out that on one area we were presumptuous about the Court's resources and inclinations. Doe's protocol contemplated that each objecting non-party would submit requests for excerpts and objections "under seal" and would file "a redacted objection" on the Electronic Case Filing system "reflecting assigned [pseudonymous] identifier," Doc.1019, at 3. We did not think that was a workable procedure for various reasons, e.g., most non-lawyers would not know what it means to file something "under seal" or to "redact," and non-lawyers do not have access to the

ECF filing system. So in the Order and Protocol we propose to have the non-parties submit excerpt requests and unseal objections by faxing or mailing them to the Court directly and faxing, mailing or emailing a copy to counsel for the original parties. We further propose that the Court's staff be responsible for keeping the non-party submissions under seal, and publicly filing a redacted version of the objection. We contemplate that for each non-party submission the Court's staff would substitute in the redacted version the pseudonymous identifier for the non-party's name, redact as appropriate the submission, and file the redacted version in the ECF system. We could not come up with a better idea. We assume—but have no way of knowing—that the number of non-parties who will make excerpt requests and file objections will be relatively small.

The original parties are in discussions about a list of the non-parties (each correlated to pseudonymous identifiers) who should receive notices. We expect to submit on February 3 either a joint list or separate list with differences outlined.

Very truly yours,

Ty Gee

C: Counsel of Record *via* ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
:
VIRGINIA L. GIUFFRE, :
: 15-cv-07433-LAP
Plaintiff, :
v. :
: **[PROPOSED] Order and Protocol for**
GHISLAINE MAXWELL, : **Unsealing Decided Motions**
:
Defendant. :
:
---------------------------------------------------X

The Court previously ruled that "only motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (Doc.1016). Such materials are referred to herein as the "Sealed Materials" or "Sealed Item." The Sealed Materials are enumerated in the List of Decided Motions (Doc.1007-1) approved by the Court on January 16, 2020. In accordance with *Brown v. Maxwell,* 929 F.3d 41, 49-51 (2d Cir. 2019), the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (1) whether it is a judicial document, (2) if it is not a judicial document, whether it should remained sealed/redacted, (3) if it is a judicial document, (a) the weight of presumption of public access that should be afforded it, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access. To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the

opportunity to participate in the Court's individualized review, the Court adopts the following protocol.

1.   Non-Parties List: Plaintiff Virginia Giuffre and Defendant Ghislaine Maxwell (collectively, the "Original Parties") each have submitted under seal a list of non-parties whose privacy, reputational or other interests may be implicated by the unsealing of the Sealed Materials (each, a "Non-Party," and collectively, the "Non-Parties"). Because the Original Parties did not agree on one or more Non-Parties to be included in the list, the Court has resolved all such disagreements and shall issue to the Original Parties a Court-approved Non-Parties List, which shall be sealed. The Non-Parties shall include but are not limited to: (a) persons who produced or answered discovery based upon the representation or understanding that the discovery would be subject to the Protective Order previously issued in this action; (b) persons who are identified as having allegedly engaged in sexual acts with Plaintiff, or other alleged victims, or allegedly facilitated such acts; (c) persons whose intimate, sexual, or private conduct is described in the Sealed Materials; and (d) persons who are alleged to have been victimized. The Non-Parties List will:

- Identify each Non-Party by his or her name, which correlates to a unique pseudonymous identifier, i.e., Doe #1, Doe #2, and Doe #3.

- Provide the address or contact information for each Non-Party or his or her legal counsel, which the Original Parties identified to the best of their ability.

2.   Judicial Adjudication: Because of the volume of Sealed Materials, the Court will conduct an individualized review of the Sealed Materials sequentially, five motions at a time. For the purpose of this Protocol, "motion" refers to each shaded Sealed Item in the List of Decided Motions (Doc.1007-1). For example, Doc. 14 and all unshaded Sealed Items listed below

Doc.14, i.e., Docs. 15, 16, 16-1, 23, 24, 25, 26, 26-1, 29 and 30, constitute a "motion" for purposes of this Order and Protocol The following procedure shall be used for each set of motions reviewed by the Court:

    a.    The Court will notify the parties via minute order ("Notification") of the set of five motions that will be decided. The Court will consider input from the Original Parties whether five motions, or a greater or lesser number of motions, is appropriate in light of the volume and complexity of the motions.

    b.    As soon as practicable after the Notification the Original Parties shall confer and shall use their best efforts to cause each Non-Party to be served confidentially with a Non-Party Notice approved by the Court. Service shall be effected via first class certified mail, return receipt requested. After service, the party causing the service shall file a certificate of service, stating the date of service and identifying the Non-Party by his or her pseudonymous identifier.

    c.    Within 14 days of service of the Non-Party Notice, a Non-Party may submit to the Court a request for excerpts of the Sealed Materials pertaining to him or her (the "Excerpts"). The form request shall be approved by the Court and attached to the Non-Party Notice. The request shall be faxed or mailed to the Court and served upon counsel for the Original Parties. Upon receipt of the request, the Original Parties shall confer and cause the Excerpts to be served via U.S. mail promptly on the requesting Non-Party.

    d.    Within 14 days of service of the Excerpts, the Non-Party may submit to the Court an objection to unsealing/unredacting ("Non-Party Objection"). A form Non-Party Objection, approved by the Court, shall be attached to the Non-Party Notice. The

submission shall be served on the Original Parties. Within 14 days of service of any Non-Party Objection, the Original Parties may file a response; the response shall be served on the objecting Non-Party. Within 7 days of service of any response, the objecting Non-Party may submit a reply.

  e. Within 14 days of service of any Non-Party Objection, any Original Party may file an objection to unsealing/unredacting ("Party Objection"). Any response to the Party Objection shall be filed within 14 days. The objector shall have 7 days to file a reply.

  f. If within 14 days of the Notification no Non-Party has requested Excerpts, the Original Parties shall have 14 days from the date on which the Non-Party's time to object expires to submit an objection to unsealing. Any response shall be filed within 14 days. The objector shall have 7 days to file a reply.

  g. The objection to a particular sealed item shall be succinct and shall state the reasons for the objection and shall identify any countervailing interest, if applicable.

  h. Any objecting Original Party or Non-Party may request an evidentiary hearing after receiving a response to his or her objection. Any such request shall be made prominently in the reply and shall summarize the evidence he or she wishes to present. The Court will determine whether a hearing will be granted.

  i. After objections, responses and replies have been submitted, and any evidentiary hearing held, the Court will enter a minute order setting the date and time it will decide in open court the objections lodged as to each set of motions. Appearance by any of the parties or Non-Parties is optional. The Court will determine whether each Sealed Item shall be (1) unsealed in its entirety, (2) unsealed in redacted form, or (3) kept under seal.

Thereafter the Court will issue a Notification of the next set of five motions to be decided.

3. <u>Non-Party Participation.</u>

    a.    Any Non-Party requesting Excerpts shall maintain them as confidential and shall not disclose them to anyone other than, as applicable, to the lawyer representing him or her in this proceeding. The requesting Non-Party may use the Excerpts only to decide whether to object and to prepare his or her objection, if any, submitted to this Court. A Non-Party's request for the Excerpts constitutes acknowledgment of compliance with this Court's restrictions placed on the Excerpts and submission to this Court's jurisdiction for purposes of enforcement of the restrictions.

    b.    A Non-Party who submits an objection submits to the Court's jurisdiction for purposes of the unsealing/unredaction proceeding.

    c.    A copy of this Order and Protocol shall be served with the Non-Party Notice.

    d.    All submissions by Non-Parties to the Court shall be under seal. The Original Parties served with Non-Party submissions shall not disclose them to anyone else.

    e.    The Court's staff will receive Non-Party submissions, make appropriate redactions, e.g., the Non-Party's identifying information (with the assistance of the Original Parties, as appropriate), substitute Non-Party pseudonymous identifiers as appropriate, redact the submission as appropriate, and file them as redacted via ECF, identifying the Non-Party solely by his or her pseudonymous identifier.

    f.    A Non-Party's participation in this protocol is optional. Appearances by Non-Parties and their counsel in this seal/unseal proceeding shall be considered limited and for

the purposes set forth in this Order. Non-Parties are under no obligation to object and a Non-Party's decision not to do so shall not be deemed consent to the unsealing of any Sealed Materials. The solicitation and receipt of objections from Non-Parties who wish to participate is intended merely to aid the Court in balancing privacy and other interests against the public's right of access. The Court will conduct a particularized review of the sealed materials and weigh the competing interests regardless whether it receives any Non-Party Objection.

4.   Unless expressly stated otherwise, all notices, submissions, and filings made pursuant to this Order shall remain permanently sealed inasmuch as they are submitted solely so that the Court may decide whether any Sealed Materials should be unsealed. *See Brown*, 929 F.3d at 50 n.33.

**SO ORDERED**.

Dated this ____ day of February 2020.

LORETTA A. PRESKA<br>
Senior United States District Judge

# United States District Court
# Southern District of New York

Virginia L. Giuffre,

        Plaintiff,                Case No. 15-cv-07433-LAP

v.

Ghislaine Maxwell,

        Defendant.

**NOTICE TO NON-PARTIES OF POSSIBLE UNSEALING OF SEALED DOCUMENTS**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

This case involves allegations of sexual abuse and sexual trafficking of minors. Some documents submitted to the Court were filed under seal. You are receiving this Notice because your name appears in one or more sealed court documents in this case, which is pending before U.S. District Judge Loretta Preska.

The documents that mention your name (the "Sealed Materials") are currently under seal and cannot be accessed or viewed by the public. **Pursuant to court order, that document may be unsealed in the future, which means it will be publicly available.**

**The Court has entered the attached Order and Protocol governing the possible unsealing of sealed materials.**

**Your options are as follows:**

1. **Do nothing.** The Court may determine that the Sealed Materials should be unsealed, at which point they would become available to the public.

2. **Ask to see Excerpts of the document(s) to decide whether you want to object to unsealing.** *Within 14 days of your receipt of this notice*, you may ask the parties to this case to review the relevant excerpts of the Sealed Materials (the "Excerpts"). You may then file an objection to the unsealing of the Sealed Materials *within 14 days after the Excerpts are placed in the U.S. mail to you*.

**If you wish to view the Excerpts pursuant to Option 2 above:**

- You must use the attached form, "Non-Party's Request for Access to Sealed Excerpts."

- Your request for the Excerpts must be submitted within 14 days of the date this Notice was mailed to you.

- Your request must be submitted by U.S. mail or by fax to Judge Preska:

    500 Pearl Street
    New York, NY 10007
    Fax (212) 805-7941

- Your request must also be sent by email, U.S. mail or fax to counsel for the parties to this action:

    | *Attorney for Plaintiff Virginia Giuffre:* | *Attorney for Defendant Ghislaine Maxwell:* |
    |---|---|
    | Sigrid S. McCawley | Laura A. Menninger |
    | Boies Schiller Flexner LLP | Haddon, Morgan and Foreman, P.C. |
    | 401 East Las Olas Blvd., Suite 1200 | 150 East Tenth Avenue |
    | Fort Lauderdale, FL 33301 | Denver, CO 80203 |
    | Tel 954.377.4223 | Tel 303.831.7364 |
    | Fax 954.356.0022 | Fax 303.832.1015 |
    | smccawley@bsfllp.com | lmenninger@hmflaw.com |

- You will then be provided with the Excerpts via U.S mail.

- The use and disclosure of the Excerpts are governed by a Court Order. You may review and make reference to the Excerpts in your objection to unsealing. With the exception of any lawyer representing you in this matter, the Excerpts may not be shared with any other person. Disclosing the Excerpts is a violation of the Court's Order limiting the use of the Excerpts.

After viewing the Excerpts pursuant to Option 2, you may either do nothing or file an objection to the unsealing of the Sealed Materials.

**If you wish to file an objection:**

- Your objection must be filed within *14 days after the Excerpts are placed in the U.S. mail to you*.

- You must use the attached form, "Non-Party's Objection to Unsealing." You should fax the form to Judge Preska at (212) 805-7941.

- Your objection should also be served by email upon counsel for the parties to this action.

Your participation in this process is optional. You are under no obligation to object to the unsealing of the Sealed Materials and your decision not to do so will not signify your consent to the unsealing of any document. Ultimately, the court will determine whether to unseal each document in this case, regardless of your participation in this process.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

---------------------------------------------------X

**15-cv-07433-LAP**

# —Filed under Seal—

**Non-Party's Request for Excerpts of Sealed Documents
and Acknowledgment of Court Order and Protocol Governing the Excerpts**

1. I received a copy of the Court's Order and Protocol ("Court Order") for the unsealing of materials in this case and the Notice to Non-Parties.

2. I acknowledge that the excerpts from the sealed materials I am requesting ("Excerpts") are governed by the Court Order, which restricts the use and disclosure of the Excerpts. I acknowledge I am required to comply with the Court Order. I understand that under the Court Order: (a) I may only use the Excerpts from the sealed materials to decide whether to object and, if so, to prepare my objection; (b) I am prohibited from disclosing the Excerpts to any person other than a lawyer representing me in connection with this proceeding.

3. I acknowledge that if I want to review the Excerpts, I must submit this Request to the Court via United States mail or fax:

The Hon. Loretta Preska
United States District Court
500 Pearl Street
New York, NY 10007
Fax (212) 805-7941

I am submitting this Request to the Court on this date: _____, 2020.

4. I acknowledge that within 14 days from the date the Excerpts are placed in the U.S. mail to me, I must file any objection I have to unsealing the materials that identify me.

5. I certify I have sent a copy of this Request to the parties' lawyers listed below via U.S. mail, fax or email:

| | |
|---|---|
| Sigrid S. McCawley | Laura A. Menninger |
| BOIES, SCHILLER & FLEXNER, LLP | HADDON, MORGAN AND FOREMAN, P.C. |
| 401 East Las Olas Boulevard, Suite 1200 | 150 East 10th Avenue |
| Ft. Lauderdale, FL 33301 | Denver, CO 80203 |
| Tel 954.377.4223 | Tel 303.831.7364 |
| Fax 954.356.0022 | Fax 303.832.2628 |
| smccawley@bsfllp.com | lmenninger@hmflaw.com |
| *Attorneys for Plaintiff Virginia Giuffre* | *Attorneys for Defendant Ghislaine Maxwell* |

1

**Requester**

Signature: _____

Name: _____

Address: _____

City, State, Zip Code: _____

Telephone: _____

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

**15-cv-07433-LAP**

GHISLAINE MAXWELL,

    Defendant.

---------------------------------------------------X

# —Filed under Seal—

## Non-Party's Objection to Unsealing

1. I received a copy of the Court's Order and Protocol for the unsealing of materials in this case and the Notice to Non-Parties. At my request I also received a copy of excerpts from the sealed materials ("Excerpts").

2. I understand this Objection will be filed under seal and I will not be identified in any court filing.

3. I am submitting this Objection within 14 days after the date the Excerpts were deposited in the U.S. mail addressed to me.

4. I am submitting this Objection to the Court via United States mail or fax to:

The Hon. Loretta Preska
United States District Court
500 Pearl Street
New York, NY 10007
Fax (212) 805-7941

5. I certify that I have sent a copy of this Objection to the parties' lawyers listed below via U.S. mail, fax or email:

| | |
|---|---|
| Sigrid S. McCawley | Laura A. Menninger |
| BOIES, SCHILLER & FLEXNER, LLP | HADDON, MORGAN AND FOREMAN, P.C. |
| 401 East Las Olas Boulevard, Suite 1200 | 150 East 10th Avenue |
| Ft. Lauderdale, FL 33301 | Denver, CO 80203 |
| Tel 954.377.4223 | Tel 303.831.7364 |
| Fax 954.356.0022 | Fax 303.832.2628 |
| smccawley@bsfllp.com | lmenninger@hmflaw.com |
| *Attorneys for Plaintiff Virginia Giuffre* | *Attorneys for Defendant Ghislaine Maxwell* |

6. I object to unsealing the Excerpts for the following reasons (if needed, attach additional pages):

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

**Non-Party Objector**

Signature: _____

Name: _____

Address: _____

City, State, Zip Code: _____

Telephone: _____

2