

Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

January 30, 2020

**VIA ECF AND FACSIMILE**

The Honorable Judge Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:** *Giuffre v. Maxwell*,
            **Case No. 15-cv-7433-LAP**

Dear Judge Preska:

    Plaintiff Virginia Giuffre writes to update the court on the progress of the parties' discussions regarding the unsealing protocol to be administered by the Court. The parties are in agreement as to the majority of the protocol's provisions, including the form Nonparty Notice, but have come to an impasse on a few key issues. The disagreements are reflected in Plaintiff's proposed protocol (Ex. A) and the attached redline comparing Plaintiff's proposed protocol with Defendant's proposed protocol (Ex. B).

### I. List of Decided Motions

    First, the opening paragraph of Defendant's proposed protocol states that this Court "approved" Defendant's list of decided motions (Dkt. 1007-1) as the list of motions to guide the unsealing process. That is not true. According to the transcript of the status conference before the Court on January 16, 2020, the Court directed the parties to use the *format* of Defendant's list of decided motions, but it did not "approve" the contents of Defendant's list. In fact, the Court's words were: "the reason I like this listing is because it lists the motion, the date it was filed, the related conference documents, the docket number of the order resolving the motion, and the date of the resolution and whether it is sealed or redacted. So, I would like to work off of this form if we could." Dkt. 1021 at 10:22–11:6.

    Plaintiff objects to using Defendant's list of decided motions because it excludes two motions that Judge Sweet decided from the bench. Those motions are: (1) Plaintiff's Motion to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account and For an Adverse Inference Instruction, Dkt. 468, and (2) Defendant's Motion in Limine to Exclude In Toto Certain Deposition Designated by Plaintiff for Use at Trial, Dkt. 567. As Plaintiff explained in her November 12, 2019 letter to the Court, Dkt. 1006, Judge Sweet held a hearing on the Motion to Compel, Dkt. 468, on November 10, 2016, and made a ruling with respect to that motion at page 40 of the transcript of that hearing. And Judge Sweet indicated that the Motion in Limine, Dkt. 567, was partially resolved in an April 5, 2017 minute entry and at the April 5, 2017, hearing on that motion. Dkt. 903.

BOIES SCHILLER FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

Defendant continues to refuse to include those two motions on her list of decided motions clearly because these filings contain an abundance of critical information relating to the issues in this case that Defendant does not want made public.  Plaintiff has prepared a list that includes *all* of the decided motions, including those two motions.  Plaintiffs is prepared to file that list with the Court, but Defendant is currently reviewing it to determine whether she objects to it being filed on the public docket.  Once Defendant reviews the list, Plaintiff will file it with the Court.

In addition to including the columns that the Court found useful at the status conference, in order to lessen the Court's review burden, Plaintiff went through the documents to determine if any of the sealed exhibits had been unsealed by the Second Circuit.  Accordingly, the list of decided motions that Plaintiff intends to file also includes a column indicating whether any portion of the respective document has already been released by the Second Circuit in *Brown v. Maxwell*, 18-2868.[1]  Plaintiff proposes that the Court use her list to guide the unsealing process.

## II.     Judicial Documents

As the redline comparing Plaintiff's proposed protocol and Defendant's proposed protocol reflects, the opening paragraph of Defendant's protocol says that "the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (1) whether it is a judicial document [and] (2) if it is not a judicial document, whether it should remained sealed/redacted . . ."  But Defendant is asking the Court to repeat work that it has already done—the Court already determined that decided motions are judicial documents and that a presumption of public access applies to each one.  The Court's December 16, 2019, Order specifically said: "The Court concludes that only motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches."  Dkt. 1016.  Plaintiff therefore contends that the first step of the *Brown* procedure is complete as to the decided motions, and that the Court need only determine whether countervailing interests exist and whether those countervailing interests outweigh the presumption of public access that applies to the decided motions.  Asking the parties to brief and the Court to decide this issue once again will unduly delay the unsealing process.

## III.     List of Nonparties

The parties have also largely agreed to the list of nonparties to be notified when his or her name appears in a document that could be unsealed.  Specifically, the parties agreed to exclude four categories of nonparties from the list:  (1) reporters, authors and/or other literary professionals; (2) police and/or other investigators of Epstein; (3) attorneys; and (4) medical professionals.[2]

Plaintiff contends that Epstein's house staff and other employees should not be entitled to notice because their names and associations with Epstein are public and well-known.  For example, many of those employees' names appear in Plaintiff's Rule 26 Disclosures, which were filed publicly on the docket in unredacted form.  Dkts. 69-2, 69-3.  In addition, many of Epstein's employees have given depositions (in this matter and other related matters) that are publicly

---

[1] This column does not address whether deposition testimony included in or attached to the motion has been released.  As discussed at the January 16, 2020, status conference, that project will take more time to complete.

[2] Plaintiff intends to submit a list of these nonparties that the parties have agreed to exclude from the list to the Court under seal.

2

available on the docket or on the internet. *See, e.g.*, *Brown v. Maxwell*, 18-2868 (2d Cir.), Dkt. 283, Exs. 1, 15, 18, 19, 20, 21. Further, none of the employees that Plaintiff seeks to exclude from the nonparty list were victims of Epstein's sexual abuse and have not been accused of participating in that abuse.

Pursuant to the instructions the Court provided on November 13, 2019, "any nonparties discussed in materials that have already been unsealed in this litigation" and "nonparties discussed in otherwise unsealed materials that are included in sealed filings" do not need to be included on the list of nonparties to be noticed during the unsealing process. Dkt. 1009. Plaintiff sees no reason that the Court should be burdened with separately notifying nonparties (1) whose names have already been widely publicized and reported on, (2) who are not victims of Epstein's sexual abuse, and (3) who have not been accused of participating in that abuse. Yet Defendant continues to maintain that individuals falling into that category should be notified each time their name appears in a document that could potentially be unsealed and allowed to raise an objection. Defendant's position is simply an attempt to delay and complicate the unsealing process to ensure that no further misconduct becomes available to the public. Plaintiff is attempting to create efficiencies and streamline this process. Plaintiff therefore requests that the Court use Plaintiff's list of nonparties to guide this process, attached as Exhibit C to this letter.

### IV. Other Edits to Promote Efficiency

Plaintiff has made a number of other edits to the protocol intended to minimize the burden on the Court. First, Plaintiff has included a definition of "best efforts" in Paragraph 2(b), which describes the method by which the parties must serve nonparties in order to avoid future disputes about whether a party has made a sufficient attempt to serve a nonparty. Second, in an effort to speed up the process, Plaintiff has edited the protocol to allow for a reply in support of an objection only if the Court would find such a reply helpful. In that case, the Court would order the objector to file such a reply. *See* Ex. B ¶ 2(d)-(f). Finally, Plaintiff sees no reason to provide all noticed nonparties with the ability to request an evidentiary hearing. *See* Ex. B ¶ 2(h). The weighing of any countervailing interests against the presumption of public access is a legal issue for the Court, and written submissions would be sufficient. If the Court reviews a nonparty objection and determines that a factual dispute exists that prevents the Court from making a ruling, it can order the parties and relevant nonparties to appear for an evidentiary hearing to resolve the issue.

Sincerely,

*/s/ Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.          No. 15-cv-07433-LAP

GHISLAINE MAXWELL,

    Defendant.

## Order and Protocol for Unsealing Decided Motions

    The Court previously ruled that "only motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (DE 1016). Such materials are referred to herein as the "Sealed Materials" or "Sealed Item." The Sealed Materials will be enumerated in a List of Decided Motions designated by the Court.[1] In accordance with *Brown v. Maxwell,* 929 F.3d 41, 49-51 (2d Cir. 2019), the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access. To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopts the following protocol.

    1.    <u>Non-Parties List</u>: Plaintiff Virginia Giuffre and Defendant Ghislaine Maxwell (collectively, the "Original Parties") each have submitted under seal a list of non-parties whose privacy, reputational or other interests may be implicated by the unsealing of the Sealed Materials (each, a "Non-Party," and collectively, the "Non-Parties"). Because the Original Parties did not agree on one or more Non-Parties to be included in the list, the Court has resolved all such disagreements and shall issue to the Original Parties a Court-approved Non-Parties List, which shall be sealed. The Non-Parties shall include but are not limited to: (a) persons who produced or answered discovery based upon the representation or understanding that the discovery would be subject to the Protective Order previously issued in this action; (b) persons who are identified as having allegedly engaged in sexual acts with Plaintiff, or other alleged victims, or allegedly facilitated such acts; (c) persons whose intimate, sexual, or private conduct is described in the Sealed Materials; and (d) persons who are alleged to have been victimized.

---

[1] The Original Parties have been unable to agree on a list of decided motions, as Defendant Maxwell excluded two decided motions (Dkts. 468 & 567) from the list she previously submitted to the Court (Dkt. 1007-1).

The Non-Parties List will:

- Identify each Non-Party by his or her name, which correlates to a unique pseudonymous identifier, i.e., Doe #1, Doe #2, and Doe #3.

- Provide the address or contact information for each Non-Party or his or her legal counsel, which the Original Parties identified to the best of their ability.

2. <u>Judicial Adjudication:</u> Because of the volume of Sealed Materials, the Court will conduct an individualized review of the Sealed Materials sequentially, five motions at a time. For the purpose of this Protocol, "motion" refers to each shaded Sealed Item in the List of Decided Motions. For example, Doc. 14 and all unshaded Sealed Items listed below Doc.14, i.e., Docs. 15, 16, 16-1, 23, 24, 25, 26, 26-1, 29 and 30, constitute a "motion" for purposes of this Order and Protocol.  The following procedure shall be used for each set of motions reviewed by the Court:

   a. The Court will notify the parties via minute order ("Notification") of the set of five motions that will be decided. The Court will consider input from the Original Parties whether five motions, or a greater or lesser number of motions, is appropriate in light of the volume and complexity of the motions.

   b. As soon as practicable after the Notification the Original Parties shall confer and shall use their best efforts to cause each Non-Party to be served confidentially with a Non-Party Notice approved by the Court. "Best efforts" entails identifying the most current address available for the nonparty in a public records database.  Service shall be effected via first class certified mail, return receipt requested. After service, the party causing the service shall file a certificate of service, stating the date of service and identifying the Non-Party by his or her pseudonymous identifier.

   c. Within 14 days of service of the Non-Party Notice, a Non-Party may submit to the Court a request for excerpts of the Sealed Materials pertaining to him or her (the "Excerpts"). The form request shall be approved by the Court and attached to the Non-Party Notice. The request shall be faxed or mailed to the Court and served upon counsel for the Original Parties. Upon receipt of the request, the Original Parties shall confer and cause the Excerpts to be served via U.S. mail promptly on the requesting Non-Party.

   d. Within 14 days of service of the Excerpts, the Non-Party may submit to the Court an objection to unsealing/unredacting ("Non-Party Objection"). A form Non-Party Objection, approved by the Court, shall be attached to the Non-Party Notice. The submission shall be served on the Original Parties. Within 14 days of service of any Non-Party Objection, the Original Parties may file a response; the response shall be served on the objecting Non-Party.  The Court may, in its discretion, ask the objecting Non-Party to file a reply in support of his or her objection.

  e. Within 14 days of service of any Non-Party Objection, any Original Party may file an objection to unsealing/unredacting ("Party Objection"). Any response to the Party Objection shall be filed within 14 days. The Court may, in its discretion, ask the objector to file a reply in support of his or her objection.

  f. If within 14 days of the Notification no Non-Party has requested Excerpts, the Parties shall have 14 days from the date on which the Non-Party's time to object expires to submit an objection to unsealing. Any response shall be filed within 14 days. The Court may, in its discretion, ask the objector to file a reply in support of his or her objection.

  g. The objection to a particular Sealed Item shall be succinct and shall state the reasons for the objection and shall identify any countervailing interest, if applicable.

  h. If the Court determines that a factual issue exists as to a Sealed Item and that its ruling requires resolution of that factual issue, it may order the Original Parties and relevant Non-Parties to appear for an evidentiary hearing.

  i. After objections, responses and replies have been submitted, and any evidentiary hearing held, the Court will enter a minute order setting the date and time it will decide in open court the objections lodged as to each set of motions. Appearance by any of the parties or Non-Parties is optional. The Court will determine whether each Sealed Item shall be (1) unsealed in its entirety, (2) unsealed in redacted form, or (3) kept under seal. Thereafter the Court will issue a Notification of the next set of five motions to be decided.

3. <u>Non-Party Participation.</u>

  a. Any Non-Party requesting Excerpts shall maintain them as confidential and shall not disclose them to anyone other than, as applicable, to the lawyer representing him or her in this proceeding. The requesting Non-Party may use the Excerpts only to decide whether to object and to prepare his or her objection, if any, submitted to this Court. A Non-Party's request for the Excerpts constitutes acknowledgment of compliance with this Court's restrictions placed on the Excerpts and submission to this Court's jurisdiction for purposes of enforcement of the restrictions.

  b. A Non-Party who submits an objection submits to the Court's jurisdiction for purposes of the unsealing/unredaction proceeding.

  c. A copy of this Order and Protocol shall be served with the Non-Party Notice.

  d. All submissions by Non-Parties to the Court shall be under seal. The Original Parties served with Non-Party submissions shall not disclose them to anyone else.

  e. The Court's staff will receive Non-Party submissions, make appropriate

redactions, e.g., the Non-Party's identifying information (with the assistance of the Original Parties, as appropriate), substitute Non-Party pseudonymous identifiers as appropriate, redact the submission as appropriate, and file them as redacted via ECF, identifying the Non-Party solely by his or her pseudonymous identifier.

      f.    A Non-Party's participation in this protocol is optional. Appearances by Non-Parties and their counsel in this seal/unseal proceeding shall be considered limited and for the purposes set forth in this Order. Non-Parties are under no obligation to object and a Non-Party's decision not to do so shall not be deemed consent to the unsealing of any Sealed Materials. The solicitation and receipt of objections from Non-Parties who wish to participate is intended merely to aid the Court in balancing privacy and other interests against the public's right of access. The Court will conduct a particularized review of the sealed materials and weigh the competing interests regardless whether it receives any Non-Party Objection.

    4.    Unless expressly stated otherwise, all notices, submissions, and filings made pursuant to this Order shall remain permanently sealed inasmuch as they are submitted solely so that the Court may decide whether any Sealed Materials should be unsealed. *See Brown*, 929 F.3d at 50 n.33.

    So ordered.

    Dated this \_\_\_ day of February 2020.

_____<br>U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.                                                               No. 15-cv-07433-LAP

GHISLAINE MAXWELL,

    Defendant.

## Order and Protocol for Unsealing Decided Motions

        The Court previously ruled that "only motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (DE 1016). Such materials are referred to herein as the "Sealed Materials" or "Sealed Item." The Sealed Materials are will be enumerated in the a List of Decided Motions designated by the Court (Doc.1007-1) approved by the Court on January 16, 2020.[1]  In accordance with *Brown v. Maxwell,* 929 F.3d 41, 49-51 (2d Cir. 2019), the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (1) whether it is a judicial document, (2) if it is not a judicial document, whether it should remained sealed/redacted, (3) if it is a judicial document, (a) the weight of presumption of public access that should be afforded it to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access. To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopts the following protocol.

        1.    <u>Non-Parties List</u>: Plaintiff Virginia Giuffre and Defendant Ghislaine Maxwell (collectively, the "Original Parties") each have submitted under seal a list of non-parties whose privacy, reputational or other interests may be implicated by the unsealing of the Sealed Materials (each, a "Non-Party," and collectively, the "Non-Parties"). Because the Original Parties did not agree on one or more Non-Parties to be included in the list, the Court has resolved all such disagreements and shall issue to the Original Parties a Court-approved Non-Parties List, which shall be sealed. The Non-Parties shall include but are not limited to: (a) persons who produced or answered discovery based upon the representation or understanding that the discovery would be subject to the Protective Order previously issued in this action; (b) persons who are identified as having allegedly engaged in sexual acts with Plaintiff, or other alleged victims, or allegedly facilitated such acts; (c) persons whose intimate, sexual, or private conduct

---

[1] The Original Parties have been unable to agree on a list of decided motions, as Defendant Maxwell excluded two decided motions (Dkts. 468 & 567) from the list she previously submitted to the Court (Dkt. 1007-1).

is described in the Sealed Materials; and (d) persons who are alleged to have been victimized. The Non-Parties List will:

- Identify each Non-Party by his or her name, which correlates to a unique pseudonymous identifier, i.e., Doe #1, Doe #2, and Doe #3.

- Provide the address or contact information for each Non-Party or his or her legal counsel, which the Original Parties identified to the best of their ability.

2.  <u>Judicial Adjudication:</u> Because of the volume of Sealed Materials, the Court will conduct an individualized review of the Sealed Materials sequentially, five motions at a time. For the purpose of this Protocol, "motion" refers to each shaded Sealed Item in the List of Decided Motions ~~(Doc.1007-1)~~. For example, Doc. 14 and all unshaded Sealed Items listed below Doc.14, i.e., Docs. 15, 16, 16-1, 23, 24, 25, 26, 26-1, 29 and 30, constitute a "motion" for purposes of this Order and Protocol. The following procedure shall be used for each set of motions reviewed by the Court:

   a.  The Court will notify the parties via minute order ("Notification") of the set of five motions that will be decided. The Court will consider input from the Original Parties whether five motions, or a greater or lesser number of motions, is appropriate in light of the volume and complexity of the motions.

   b.  As soon as practicable after the Notification the Original Parties shall confer and shall use their best efforts to cause each Non-Party to be served confidentially with a Non-Party Notice approved by the Court. <u>"Best efforts" entails identifying the most current address available for the nonparty in a public records database.</u> Service shall be effected via first class certified mail, return receipt requested. After service, the party causing the service shall file a certificate of service, stating the date of service and identifying the Non-Party by his or her pseudonymous identifier.

   c.  Within 14 days of service of the Non-Party Notice, a Non-Party may submit to the Court a request for excerpts of the Sealed Materials pertaining to him or her (the "Excerpts"). The form request shall be approved by the Court and attached to the Non-Party Notice. The request shall be faxed or mailed to the Court and served upon counsel for the Original Parties. Upon receipt of the request, the Original Parties shall confer and cause the Excerpts to be served via U.S. mail promptly on the requesting Non-Party.

   d.  Within 14 days of service of the Excerpts, the Non-Party may submit to the Court an objection to unsealing/unredacting ("Non-Party Objection"). A form Non-Party Objection, approved by the Court, shall be attached to the Non-Party Notice. The submission shall be served on the Original Parties. Within 14 days of service of any Non-Party Objection, the Original Parties may file a response; the response shall be served on the objecting Non-Party. <u>The Court may, in its discretion, ask the objecting Non-Party to file a reply in support of his or her objection.</u> ~~Within 7 days of service of any response, the~~

objecting Non-Party may submit a reply.

    e.    Within 14 days of service of any Non-Party Objection, any Original Party may file an objection to unsealing/unredacting ("Party Objection"). Any response to the Party Objection shall be filed within 14 days. The Court may, in its discretion, ask the objector to file a reply in support of his or her objection. The objector shall have 7 days to file a reply.

    f.    If within 14 days of the Notification no Non-Party has requested Excerpts, the Original Parties shall have 14 days from the date on which the Non-Party's time to object expires to submit an objection to unsealing. Any response shall be filed within 14 days. The objector shall have 7 days to file a reply. The Court may, in its discretion, ask the objector to file a reply in support of his or her objection.

    g.    The objection to a particular sealed Sealed item Item shall be succinct and shall state the reasons for the objection and shall identify any countervailing interest, if applicable.

    h.    If the Court determines that a factual issue exists as to a Sealed Item and that its ruling requires resolution of that factual issue, it may order the Original Parties and relevant Non-Parties to appear for an evidentiary hearing. Any objecting Original Party or Non-Party may request an evidentiary hearing after receiving a response to his or her objection. Any such request shall be made prominently in the reply and shall summarize the evidence he or she wishes to present. The Court will determine whether a hearing will be granted.

    i.    After objections, responses and replies have been submitted, and any evidentiary hearing held, the Court will enter a minute order setting the date and time it will decide in open court the objections lodged as to each set of motions. Appearance by any of the parties or Non-Parties is optional. The Court will determine whether each Sealed Item shall be (1) unsealed in its entirety, (2) unsealed in redacted form, or (3) kept under seal. Thereafter the Court will issue a Notification of the next set of five motions to be decided.

3.    Non-Party Participation.

    a.    Any Non-Party requesting Excerpts shall maintain them as confidential and shall not disclose them to anyone other than, as applicable, to the lawyer representing him or her in this proceeding. The requesting Non-Party may use the Excerpts only to decide whether to object and to prepare his or her objection, if any, submitted to this Court. A Non-Party's request for the Excerpts constitutes acknowledgment of compliance with this Court's restrictions placed on the Excerpts and submission to this Court's jurisdiction for purposes of enforcement of the restrictions.

      b.    A Non-Party who submits an objection submits to the Court's jurisdiction for purposes of the unsealing/unredaction proceeding.

      c.    A copy of this Order and Protocol shall be served with the Non-Party Notice.

      d.    All submissions by Non-Parties to the Court shall be under seal. The Original Parties served with Non-Party submissions shall not disclose them to anyone else.

      e.    The Court's staff will receive Non-Party submissions, make appropriate redactions, e.g., the Non-Party's identifying information (with the assistance of the Original Parties, as appropriate), substitute Non-Party pseudonymous identifiers as appropriate, redact the submission as appropriate, and file them as redacted via ECF, identifying the Non-Party solely by his or her pseudonymous identifier.

      f.    A Non-Party's participation in this protocol is optional. Appearances by Non-Parties and their counsel in this seal/unseal proceeding shall be considered limited and for the purposes set forth in this Order. Non-Parties are under no obligation to object and a Non-Party's decision not to do so shall not be deemed consent to the unsealing of any Sealed Materials. The solicitation and receipt of objections from Non-Parties who wish to participate is intended merely to aid the Court in balancing privacy and other interests against the public's right of access. The Court will conduct a particularized review of the sealed materials and weigh the competing interests regardless whether it receives any Non-Party Objection.

    4.    Unless expressly stated otherwise, all notices, submissions, and filings made pursuant to this Order shall remain permanently sealed inasmuch as they are submitted solely so that the Court may decide whether any Sealed Materials should be unsealed. *See Brown*, 929 F.3d at 50 n.33.

So ordered.

Dated this ___ day of February 2020.

                                                                                      _____
                                                                                      U.S. District Judge

EXHIBIT C

(FILE UNDER SEAL)