

Haddon, Morgan and Foreman, P.C
Ty Gee

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

February 4, 2020

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Defendant Maxwell's Letter Brief re Materials That Should Remain Sealed or Redacted
*Giuffre v. Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

I am writing in response to plaintiff's counsel's January 30 letter, which concerns three matters: the List of Decided Motions, the Non-Party List, and Ms. Maxwell's proposed Order and Protocol.

**List of Decided Motions**. Plaintiff's only objection to the use of Doc.1007-1 as the List of Decided Motions is her position that two motions, Docs. 468 and 567, improperly were omitted. Plaintiff advanced this same position in Doc. 1006, when she submitted a proposed List of Decided Motions (Doc.1006-1) different from Doc.1007-1. In our submission (Doc. 1007) we established that Judge Sweet never decided the motions, Docs. 468 and 567, and so, we said, we omitted it from our proposed List of Decided Motions. We took the Court's acceptance of Doc.1007-1 at the January 16 hearing as an implicit resolution of the dispute. *See* Doc.1021, at 10:22-11:6. If we are incorrect, we re-urge our points in Doc. 1007. Judge Sweet did not decide the merits of either motion. Contrary to plaintiff's suggestion, denial of Doc. 468 without prejudice with direction to re-confer is not a ruling on the motion. It merely "remove[d] [it] from the court's docket," *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001), allowing it to be re-asserted later, which plaintiff never did. As to Doc. 567, plaintiff contends that the motion was decided at the hearing before Judge Sweet on April 5, 2017. A close review of that transcript shows that Judge Sweet never decided Doc. 567.  *See* Transcript of April 5, 2017

Judge Preska
February 4, 2020
Page 2

Hearing at 38 (following extensive argument on the motion, Judge Sweet stated "We're done."); *id.* at 42 (with respect to argument on a separate motion, "At least I got ride of one motion.").

Further review has revealed that there are three additional sealed pleadings erroneously listed in Doc. 1007-1 as "decided' although Judge Sweet never ruled on them. Doc. 659, 660 and 660-1 were scheduled for argument on April 13, 2017, counsel argued the motion for 75 pages worth of transcript that day, after which Judge Sweet stated, "Thank you all.  I will reserve decision."  The motion was never thereafter ruled on and should be removed from the list.

Finally, as discussed at the January 16 status conference (Tr. 11-12), Ms. Menninger has reviewed the sealed Doc.1007-1 and determined that it contains confidential information, specifically non-party's names. As suggested by the Court, as soon as the identifiers are assigned to the non-parties, such identifier can be used in place of the respective non-party's name in Doc. 1007-1 and then that document can be publicly filed.

**Non-Party List.** This list is intended to capture all non-parties who should be notified if they are identifiably referenced in the sealed materials. The original parties, non-party J.Doe and intervenors Ms. Brown and the Miami Herald agree on the non-exclusive criteria for inclusion in the list. *See* Doc.1025, at 5. The criteria describe circumstances in which we can contemplate a non-party would have a cognizable interest in not having his or her name disclosed to the public, e.g., a crime victim.

Plaintiff and Ms. Maxwell have a fundamental difference in the approach to identifying the non-parties who should be on the list. Plaintiff takes the position that if a non-party's name has appeared anywhere in unsealed court submissions, e.g., the summary judgment materials, then his or her name should be excluded from the Non-Party List. We disagree. In a case like this the decision to unseal a document containing a person's name can have difficult-to-overstate consequences, e.g., to his or her privacy, reputation, livelihood, and even safety. Unsealing is forever. Therefore, we respectfully submit, given the significant potential and irreversible implications to the Non-Parties, the Court should be over-inclusive and hesitant to remove a Non-Party unless the Original Parties and the Court can see no reason to leave the Non-Party on the list.

Judge Preska
February 4, 2020
Page 3

A person who was identified in an unsealed court submission in one context may have a substantial interest in the unsealing of a sealed document containing her name. A simple example illustrates the problem with Plaintiff's approach. Say Doe #100 was identified in a flight log unsealed by the Second Circuit. Doe #100 no longer would have a viable interest in the non-disclosure of the flight log, which he might consider benign and insignificant. However, Doe #100 likely has significant privacy and other interests in the unsealing of materials in which a person alleges he sexually abused a minor. In the second disclosure, he has a weighty "countervailing" interest in, e.g., avoiding "exacerbat[ion of] . . . harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record," *Brown v. Maxwell*, 929 F.3d 41, 57 (2019).

Plaintiff has proposed to exclude non-parties from the list based on occupation and their role in various events. There is some merit to that, since, e.g., police officers investigating Mr. Epstein surely have no such interest. But this proposal has its own problems. For one, plaintiff mis-categorizes at least one person, Ross Gow, as a "reporter," when in fact he is not. He has articulable interests against unsealing and should receive notice of possible unsealing of documents identifying him.

For another, plaintiff seeks to exclude from the list Mr. Epstein's house staff and other employees. She reasons that all their names and associations with Mr. Epstein "are public and well-known"; "many" have given depositions that are publicly available; and, according to plaintiff, none of the employees she seeks to exclude from the list were victims or perpetrators of "Epstein's sexual abuse." Doc. 1026, at 2-3. It is untrue that all Mr. Epstein's house staff's and employees' names are public and well known. As discussed above, merely because a person previously has been identified—perhaps years ago in an innocuous context—in a court submission does not bear on whether she has no interest to assert in opposing the unsealing of *another* court submission—now in a different, more inculpatory context.

Accordingly, we have attached as a <u>sealed</u> exhibit to this letter our original Non-Party List and have stricken from that list (a) the names of any reporter, (b) the names of Plaintiff's medical treatment providers, and (c) the names of law enforcement personnel. We agree that these three groups do not have the type of privacy interest that the Second Circuit contemplated in *Brown* and its progeny. We dispute the other deletions contained on the list submitted by plaintiff.

Judge Preska
February 4, 2020
Page 4

**Order and Protocol.** Plaintiff seeks numerous changes to the Order and Protocol ("Protocol"). We disagree with those changes.

*Non-judicial documents.* Plaintiff argues that the first step of the *Brown* analysis—determining whether a court submission is a judicial document—has been completed. *Id.* at 2. This argument relies on the Court's December 16 order stating that "only motions actually decided by Judge Sweet—along with documents relevant to [his] decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches." Plaintiff is wrong.

The Court made it clear in its order it wanted to address whether the undecided motions are in the mix to be evaluated for unsealing purposes. The Court was not addressing whether all decided motions are judicial documents. It would not have done so, since the purpose of the December 5 submissions was for sealing proponents to give "reasons" why any of the hundreds of items in the Decided Motions list should remain sealed. Indeed, one of the sealing reasons (Letter M) we advanced was that the document in question was a non-judicial document. Accordingly the Order and Protocol properly indicates that non-parties and the original parties may object to unsealing of a court submission either because it is a non-judicial or it is a judicial document whose presumption of access is rebutted by a countervailing interest.

*"Best efforts."* The original parties agree they should undertake their best efforts to serve the non-parties. Plaintiff argues the Protocol should define "best efforts" to mean "identifying the most current address available for the nonparty in a public records database." Doc. 1026-2, at 2. Such a definition is too wooden. For example, plaintiff until recently had said she did know her own mother's address. Plaintiff's search of a public records database is not as likely to find their address as one or two phone calls to her relatives and friends. This Court has indicated that where a person's constitutionally protected interests are implicated, notice should be "the best practicable under the circumstances including by first class mail where the names and addresses of the beneficiaries . . . are available through reasonable efforts." *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *11 (S.D.N.Y. Dec. 18, 2019); *see id.* at 12 ("'The notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); internal quotations omitted).

Judge Preska
February 4, 2020
Page 5

*Replies.* Plaintiff proposes to eliminate the right of Ms. Maxwell or the non-parties to submit a reply in support of their objections. Doc. 1026 at 3. We object. Plaintiff did not confer with us about this proposal. She offers no rationale for it. The Court consistently has permitted replies in these proceedings. *See, e.g.*, Docs. 996 & 997. Since the objectors have the burden of demonstrating countervailing interests, they are entitled to a reply. We respectfully submit that eliminating the right of reply has the effect of encouraging improper liberties in the response to an objection.

*Evidentiary hearing.* Plaintiff proposes to eliminate an objector's right to request an evidentiary hearing, subject to this Court's discretion whether to grant it. Litigants shouldering an evidentiary burden routinely have the right to request an evidentiary hearing, subject to the court's discretion whether to grant it. This proceeding should be no different. Plaintiff has indicated she is agreeable to evidence being presented by affidavit as needed; so it is unlikely many objectors would need an evidentiary hearing.

Very truly yours,

Ty Gee

C: Counsel of Record *via* ECF