

Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

February 5, 2020

**VIA ECF**

The Honorable Judge Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   ***Giuffre v. Maxwell,***
>        **Case No. 15-cv-7433-LAP**

Dear Judge Preska:

Plaintiff Virginia Giuffre writes in response to several positions that Defendant advances in her February 4, 2020 letter.  Dkt. 1028.  First, this Court has determined that it will review in the first instance those motions that were decided by Judge Sweet.  Both parties submitted lists of decided motions to this Court, but Defendant's list excluded two of those decided motions.  *See* Dkt. 1026 at 1–2.  Defendant now attempts to argue that, because this Court adopted the "form" of her list at the conference on January 16, 2020, the Court ruled on the merits of the list and excluded the two motions that Plaintiff contends were decided by Judge Sweet.  But the record is clear that Judge Sweet "decided" both of these motions.  Dkts. 468 & 567.

As to Plaintiff's Motion to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account and For an Adverse Inference Instruction, Dkt. 468, the Court held a hearing on November 10, 2016, and, after considering the parties' arguments, held:  "The motion to compel additional data is denied at this time."  Sealed November 10, 2016 Hearing Transcript at 40:7–8.  The fact that the motion was decided without prejudice has no bearing on whether it was "decided" or whether Judge Sweet performed his "judicial function" or exercised his "judicial power" when ruling.  *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

As to Defendant's Motion in Limine to Exclude In Toto Certain Deposition Designated by Plaintiff for Use at Trial, Dkt. 567, the April 5, 2017 minute entry for the hearing on that motion specifically says "ECF No. 567 Partially resolved."  And Defendant herself points out that Judge Sweet heard extensive argument on the motion.  Dkt. 1028 at 2.  Judge Sweet carefully considered the parties' arguments and the evidence at issue before deciding whether to exclude the evidence at issue prior to trial—he did not simply categorically deny all motions in limine to be raised at trial.  He performed his judicial function when deciding how to handle the motion in limine at issue, and it should be included on the list of decided motions.

Defendant's argument that the Court should not consider Dkts. 468 and 567 during the initial unsealing protocol is unsurprising.  Defendant knows that those documents contain critical evidence of wrongdoing, and Defendant is therefore attempting to avoid any public review of the documents.  But those documents are decided motions that should be considered with the rest of

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

the decided motions on Defendant's list.  And the Court can consider Defendant's arguments in determining how much weight to give the presumption of public access as to those documents.

Second, Defendant has mischaracterized Plaintiff's position as to what nonparties should be noticed of the appearance of their name in a sealed document.  Defendant says that "Plaintiff takes the position that if a non-party's name has appeared anywhere in unsealed court submissions, e.g., the summary judgment materials, then his or her name should be excluded from the Non-Party List."  Dkt. 1028 at 2.  But, as the Court knows, the parties reached agreement that certain categories of nonparties were not entitled to notice, including reporters, medical staff, and law enforcement officers whose names may appear in a sealed document.  Dkt. 1026 at 2.  The parties disagree as to how to handle the issue of Jeffery Epstein's house staff.  To be clear, and as Plaintiff's list reveals, while Plaintiff does believe a more limited nonparty list is appropriate, in an effort to move this process forward she agreed to include a majority of the nonparties that Defendant contends are entitled to notice.  Accordingly, Plaintiff worked from Defendant's larger nonparty list and struck only those members of Epstein's house staff that have not been accused of participating in the abuse.   Plaintiff also struck plaintiff's press agent Ross Gow, as addressed below.  Plaintiff submitted that list to the Court under seal for its review.  Dkt. 1026, Ex. C.  Plaintiff notes that she also added other docket entries where nonparty names appear that were missing from Defendant's list to ensure that the Court has the most fulsome list available.  Adding the burden of having to notify Epstein's house staff as part of this process will only cause unnecessary delay and expense, and those employees' affiliations with Epstein are already public.

The real motivation behind Defendant's over broad nonparty list is best demonstrated by her efforts to include her press agent on the list.  Ross Gow is a media specialist who issued the key defamatory statement that was the subject of this litigation on behalf of Defendant.[1]  His unredacted name also appears in numerous unsealed documents, including Plaintiff's Complaint.  *See, e.g.*, Dkts. 1, 135, 305, 307, 343.  Defendant's position that Mr. Gow should receive notice of his name appearing in sealed documents because he is not a reporter is simply another attempt by Defendant to slow down and hinder the unsealing process and lodge invalid objections.

Finally, Defendant's letter says that Plaintiff never conferred with her about striking the proposed protocol's automatic right to a reply for nonparties.  Dkt. 1028 at 5.  That is untrue.  Plaintiff proposed that change in a draft protocol she circulated on January 20, 2020.  Nonparty John Doe objected, and Defendant responded with her own version of the protocol that did not incorporate the change.  In any event, that proposed change (along with the other changes proposed in Part IV of Plaintiff's January 30, 2020 letter, Dkt. 1026 at 3) was meant to streamline the unsealing process and ease the Court's burden.  If the Court determines that a reply from every objecting nonparty is necessary, Plaintiff of course defers to what the Court believes is necessary.

Sincerely,

*/s/ Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc:  Counsel of Record  (via ECF)

---

[1] *See, e.g.*, https://www.prnewswire.co.uk/news-releases/statement-on-behalf-of-ghislaine-maxwell-156665045.html.