# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue                                                                    Telephone: (212) 390-9550
New York, NY 10110                                                                  www.KKLllp.com

February 6, 2020

By ECF

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

      Re:     *Giuffre v. Maxwell*, 15 Civ. 07433 (LAP)

Dear Judge Preska:

      We write on behalf of anon-party, John Doe, in response to the parties' submissions, dated January 30, 2020, regarding the protocol that we previously proposed to the Court.  *See* Defendant's Submission and Proposed Protocol, dated Jan. 30, 2020 (DE 1025) ("Defendant's Submission"); Plaintiff's Submission and Proposed Protocol, dated Jan. 30, 2020 (DE 1026) ("Plaintiff's Submission"); *see also* John Doe's Initial Proposed Protocol, dated Sept. 3, 2019 (DE 980), at 8-10; John Doe's Revised Proposed Protocol, dated Jan. 15, 2020 (DE 1019) ("John Doe's Submission"), at 2-4.  After submitting their protocols, each party has also submitted briefs regarding the other's submission.  *See* Defendant's Brief, dated Feb. 4, 2020 (DE 1028) ("Def. Br."); Plaintiff's Brief, dated Feb. 5, 2020 (DE 1029).  We write to briefly address several modifications to, and omissions from, the parties' respective proposed protocols.

      **1.   The Court Must Evaluate Whether Filings Associated With Adjudicated Motions are Judicial**

      Both parties agree that the Court has already ruled that unadjudicated motions are non-judicial; but they disagree as to whether the Court ought to review the adjudicated motions to determine whether associated filings are judicial.  *See* Plaintiff's Submission at 2; Def. Br. at 4.  We agree with the Defendant that the Court must review such filings associated with adjudicated motions and make the determination as to whether each is, in the first instance, a judicial record.

      In order to be deemed "judicial," it is not enough for a filing to simply have been filed in connection with an adjudicated motion; it must also: (i) be "relevant to the performance of the judicial function," *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); (ii) be "useful in the judicial process," *id.*; (iii) contain "admissible evidence and non-frivolous arguments," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122 (2d Cir. 2006); and (iv) not be "redundant, immaterial, impertinent, or scandalous," *Brown*, 929 F.3d at 51 (citation omitted); *see also id.* at 51 n.42.

February 6, 2020
Page 2 of 5

Indeed, in a recent opinion, Judge Kaplan, in reviewing the Court of Appeals' decision in *Brown*, observed:

> [I]n explaining that documents submitted to a court for its consideration in a summary judgment motion constitute judicial documents as a matter of law, the Circuit stated that this conclusion relies upon the general principle that parties may be assumed to have supported their papers with admissible evidence and non-frivolous arguments. Insofar as a district court has, through striking a filing, specifically found that assumption inapplicable, the categorical rule may not apply.

*United States* v. *Gatto*, No. 17-CR-686 (LAK), 2019 WL 4194569, at *3 (S.D.N.Y. Sept. 3, 2019) (internal quotation marks and emendations omitted).[1] Accordingly, even with respect to motions fully adjudicated by Judge Sweet, if this Court determines, *inter alia*, that any associated "documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches." *Brown*, 929 F.3d at 49 (emphasis in original).

As such, the Court must review filings associated with adjudicated motions to determine whether those filings are indeed judicial (and then must evaluate the weight of any presumption of public access that attaches[2]).

---

[1] Moreover, Judge Kaplan was addressing documents submitted in connection with an adjudicated summary judgment motion. *See Gatto*, 2019 WL 4194569, at *3. The fact of, and weight of, the presumption of public access is, of course, much higher with respect to documents submitted in connection with a dispositive motion. *See infra* n.2 and accompanying text.

[2] After a court determines that a document is judicial, and therefore carries a presumption of public access, the court must proceed to weigh the strength of that presumption, which ranges from an extremely strong presumption of access to an effectively nominal one:

> Once an item is deemed relevant to the exercise of judicial power [that is, a judicial document], the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Thus, while evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that play only a negligible role in the performance of Article III duties are accorded only a low presumption that amounts to little more than a prediction of public access absent a countervailing reason.

### 2. The Protocol Should Broadly Provide Non-Parties Who Are Identified in the Sealed Documents Notification and an Opportunity to Object

The Plaintiff seemingly asserts that certain non-parties whose involvement in some capacity has already been made public should receive no notice of any sort, and thus be preemptively denied the opportunity to object and advance their privacy interests. *See* Plaintiff's Submission (DE 1026), at 2-3. We disagree. The fact that certain information about non-parties identified in the sealed materials may be already public does not mean that the Court is relieved of the obligation to weigh the privacy interests of such individuals implicated by further, or different, disclosures. Indeed, as Judge Kaplan recently observed: "That some information relating to the documents in question already has been discussed on the public record or reported in the media does not mean that the third-parties concerned have lost any remaining privacy interests in their contents." *Gatto*, 2019 WL 4194569, at *8 (citing *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Nevertheless, our request here is straightforward: the parties should adhere strictly to the definition of non-parties to be noticed that is set forth in Paragraph 1 of each party's – and John Doe's – proposed protocol.

### 3. The Court Should Fully Inform Non-Parties Regarding Their Rights, Including Their Appellate Rights

Each party's proposal omits a provision from John Doe's proposed protocol that provides: "An order from this Court unsealing the Sealed Materials, in whole or part, as to a Non-Party should be deemed to have affected the Non-Party's rights and interests for purposes of appeal." *Compare* Plaintiff's Submission (DE 1026), ¶ 3(f), *and* Defendant's Submission (DE 1025), ¶ 3(f), *with* John Doe's Submission (DE 1019), at 4.

An objecting non-party possesses a right of appeal as a matter of course. Such a non-party is entering a limited appearance before this Court as part of a process intentionally and carefully structured to afford them the opportunity to protect their privacy and reputations, and plainly these important rights will be directly affected by this Court's ruling on whether to maintain under seal documents that identify such a non-party.

The parties do not appear to contest this point. Yet the omission of notice of this legal right runs counter to the structure of the proposed notices and protocol, each of which is styled, in many respects, like the form of notice typically utilized in, for example, a class action or for a creditor-claim process. Such notices are generally intended to inform recipients of the process and of their rights. Indeed, the parties modified John Doe's proposed protocol to account for the participation of non-parties who may object without the benefit of legal counsel and proceed pro se (and we have no objections to these modifications). For example, requirements that items be

---

*Brown*, 929 F.3d at 49-50 (internal quotation marks omitted). Because none of the documents here relate to "evidence introduced at trial or in connection with summary judgment," the weight of the documents presently at issue here is categorically weaker. *Id.* at 49.

filed "under seal" or be "redacted" were removed in favor of a more simplified submission process to accommodate anticipated pro se filings.[3]

Absent this language regarding appellate rights, the protocol fails to adequately inform non-parties of an important facet of the process, and thereby (unnecessarily) creates a risk that non-parties make decisions about whether to participate in this process without a full appreciation of the fact that they would also have further recourse to protect their legal rights. This is, we submit, counter to the purpose of the notice in the first instance.

Accordingly, we request that the Court include the following language in Paragraph 3(f): "An order from this Court unsealing the Sealed Materials, in whole or part, as to a Non-Party should be deemed to have affected the Non-Party's rights and interests for purposes of appeal." John Doe's Submission (DE 1019), at 4.

### 4. The Court Should Permit Standard Replies for Non-Parties

The Plaintiff has removed from her proposed protocol the right of non-parties to reply to any objection interposed by the parties, and rather puts the onus on the Court to make individualized determinations regarding when non-parties should be permitted to submit a reply. *See* Plaintiff's Submission (DE 1026), ¶ 2(d). We disagree with Plaintiff's approach. Non-parties should have the standard right to submit a reply to any opposition interposed by the parties.

This approach is both fair and substantively proper. The parties to the case necessarily possess knowledge of the extensive case history of this matter and the universe of presently sealed materials. An objecting non-party should not (and necessarily cannot) be expected to anticipate every response and argument from a party opponent – particularly in light of the length and complexity of this case, and non-parties' limited access to the sealed materials. In short, the parties begin this process at a great advantage in terms of knowledge and preparation, and fairness dictates that non-parties be provided the opportunity to respond to the parties' positions. Indeed, a proponent for unsealing the records should not have the proverbial last word on an issue where it is the objecting non-party who is charged with demonstrating that the countervailing interests outweigh whatever level of presumption of access has been assigned to a particular document, or excerpt thereof.

---

[3] It is common, if not the norm, for participants in such processes to be informed of their procedural rights – just as federal magistrate orders typically advise litigants of their objection rights notwithstanding the publication of such rights in Civil Rule 72(a), or administrative agencies provide specific notice of an aggrieved person's right to file an appeal. *See* 29 C.F.R. § 1614.50(e)(2)(ii) (EEOC notice); 38 C.F.R § 19.101 (Department of Veterans Affairs notice); 45 C.F.R. § 155.15(b) (Affordable Care Act regulation).

Accordingly, we request that the Court utilize the language set forth in the Defendant's proposed protocol. *See* Defendant's Submission (DE 1025), ¶ 2(d) ("Within 7 days of service of any response, the objecting Non-Party may submit a reply.").

### 5. The Protocol Should Provide for Briefing Regarding the Weight of the Presumption of Public Access

Both parties and John Doe agree that part of the protocol should be to identify and assess the weight of the public presumption of access that should apply to a given filing or part of a filing. *See* Defendant's Submission (DE 1025), at 4; Plaintiff's Submission (1026), at 4; *see also* John Doe's Submission (DE 1019), at 2 ("The Court will conduct an individualized review of these Sealed Materials to evaluate the weight of any presumption of public access that applies, and to identify and weigh countervailing factors that function to limit the weight of that presumption of public access."); *see also supra* n.2 and accompanying text. Accordingly, with respect to any document the Court concludes is, in fact, judicial, we submit that the protocol should permit the parties and non-parties to address the weight of the presumption of public access that applies to any such document.

Respectfully Submitted,
KRIEGER KIM & LEWIN LLP

By: _____
Nicholas J. Lewin
Paul M. Krieger

cc (by ECF):   All counsel of record