UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

              Plaintiff,

-against-

GHISLAINE MAXWELL,

              Defendant.

15 Civ. 7433 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is a motion filed by Intervenors Julie Brown and the Miami Herald Media Company ("the Intervenors") seeking reconsideration of the Court's January 13, 2020 opinion and order.[1] (See dkt. no. 1023.) For the following reasons, that motion is DENIED.

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). Such motions "are properly granted only if there is a showing of: (1) an intervening change

---

[1] In that order, the Court explained the basis for its December 16, 2019 order, in which it concluded that "only motions actually decided by Judge Sweet--along with documents relevant to Judge Sweet's decisions on those motions--are properly considered judicial documents to which a presumption of public access attaches." (See January 13, 2020 Opinion & Order (the "January 13 Opinion"), dated January 13, 2020 [dkt. no. 1018].)

1

in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." Id. at 696.

First, the Intervenors have urged that reconsideration is warranted because the Ninth Circuit Court of Appeals issued a purportedly relevant opinion[2] after the issuance of the January 13 Opinion. (See Memorandum of Law in Support of Motion for Reconsideration ("Mem."), dated January 27, 2020 [dkt. no. 1024] at 1-3.) This argument borders on frivolous. As the Intervenors themselves note in their supporting memorandum, reconsideration is appropriate "where there is an intervening change in controlling law." Perez v. Progenics Pharm., Inc., 46 F. Supp.3d 310, 314 (S.D.N.Y. 2014)(emphasis added). The Court has the utmost respect for its colleagues in the Ninth Circuit, but that court's rulings --as Intervenors no doubt know--are in no way binding in the Southern District of New York.

Second, the Intervenors have urged that the Court's conclusion in the January 13 Opinion is "directly contrary" to the Second Circuit's guidance in Brown v. Maxwell that documents that have the "tendency to influence a district court's ruling on a motion" are judicial documents. (See Mem. at 3 (citing Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019).) The Intervenors'

---

[2] That opinion was issued in the matter of Courthouse News Services v. Planet. See 947 F.3d 581 (9th Cir. 2020).

2

proposition hinges on the Court of Appeals' use of the word "tendency," which they take to refer to a given document's ability, in general, to influence judicial decision-making. Specifically, the Intervenors aver that because the Court noted the possibility that undecided motions could be relevant in some way to decided motions, (Jan. 13 Opinion at 10), they must be categorically assumed to have the "tendency" to influence the decisions on those motions.

The Intervenors' argument is ostensibly that this unsealing process requires the Court to evaluate the Aristotelian essence of a document, i.e., to decide that certain documents are imbued with an inherent, free-floating power to influence judicial decision-making that makes them necessarily subject to the presumption of public access. Notwithstanding the Court's substantive disagreement with that position, it is unavailing for purposes of a motion for reconsideration. "[R]econsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." Christoforou v. Cadman Plaza N., Inc., No. 04 Civ. 8403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009) (citation and internal quotation marks omitted). The gravamen--indeed, the entire point--of the January 13 Opinion was that the judicial power to adjudicate cases or controversies "cannot . . . exist in a vacuum," (Jan. 13 Opinion at 5), and that the presumption of access cannot adhere to documents to which the

3

judicial power cannot extend. The Court has thus already considered and rejected the exact contention Intervenors advance here: that judicial documents can be categorized as such based on their abstract, generalized effect on judicial decisions rather than in the context of a decided motion. That the Intervenors have found alternative dress for that position does not provide grounds for reconsideration.[3]

**CONCLUSION**

For the reasons detailed above, the Intervenors' motion for reconsideration (dkt no. 1023) is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         February 26, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[3] Further, and as a practical matter, the Intervenors appear to believe that the Court ruled that Judge Sweet would have had to in fact rely upon the undecided motions in his rulings on the decided motions. (See, e.g., Mem. at 3.) It did no such thing. Rather, the Court suggested that undecided motions may be relevant to the judicial function because they may have been in some way germane to a ruling on a decided motion but declined to categorically assume as such because its evaluation of the decided motions was not yet underway. Notwithstanding Intervenors' comment that this places an "impossible burden" upon them, (Mem. at 3), the Court of Appeals in Brown cited cases, namely Amodeo I, where the Court conducted this exact type of inquiry. See Brown, 929 F.3d at 49 n. 27 (noting language in Amodeo I that concluded that documents were relevant to the performance of a judicial function because they would have 'informed' the district court's decision whether to discharge or retain a Receiver")(citing United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir. 1995)).

4