UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIRGINIA L. GIUFFRE

                    Plaintiff,

 -against-

 GHISLAINE MAXWELL,

                    Defendant.

---

15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court has considered the parties' various submissions regarding the review protocol ("the Protocol") to be utilized by the Court in its individualized review of the sealed materials at issue in this litigation. (See dkt. nos. 1025, 1026, 1028, 1029, 1030.) The Court rules as follows:

1. **Decided Motions**: The parties disputed whether two motions (dkt. nos. 468, 567) were actually decided by Judge Sweet and thus disagreed as to whether they should be included on the list of materials to be reviewed by the Court. After reviewing those items, the Court determines that they were ruled on by Judge Sweet and thus should be included in the Court's individualized review.

2. **List of Non-Parties:** The parties disagreed as to the scope of the list of non-parties that should receive notice of unsealing. Specifically, Plaintiff suggested that non-parties "discussed in materials that have already been unsealed in this litigation [or] in otherwise unsealed materials that are included in sealed filings" should not be required to receive notice. (See dkt. no. 1026.) The Court disagrees. Because a subsequent naming of a non-party in the sealed materials may carry a different context from the naming of that non-party in the unsealed materials, the unsealing may present different consequences for the relevant non-party. Thus, the Court will adopt the more fulsome list provided by Defendants, which strikes the names of reporters,

1

Plaintiff's medical providers, and law enforcement personnel but retains all other potentially relevant non-parties. (See dkt. no. 1028.)

3. **Definition of "Best Efforts":** The Protocol will employ a broader definition of "best efforts" than the one proposed by Plaintiff. (See dkt. no. 1026.) The Court agrees with Defendant that Plaintiff's proposed definition, which would only require a search of public records databases for the addresses of non-parties, is "too wooden." (See dkt. nos. 1026, 1028.) Accordingly, the Protocol will require the parties to "identify[] the most current address available for [a non-party] in a public records database or other readily available source." This will ensure that the notice to non-parties is "the best practicable under the circumstances." Guevoura Fund Ltd. v. Sillerman, 2019 WL 6889901, at *11 (S.D.N.Y. Dec. 18, 2019).

4. **Notice of Appellate Rights:** The Protocol will include the provision notifying non-parties of their appellate rights with respect to any decision to unseal a document mentioning their name. That provision will provide that "[a]n order from this Court unsealing the Sealed Materials, in whole or in part, as to a Non-Party should be deemed to have affected the Non-Party's rights and interests for purposes of an appeal." (See dkt. no. 1030.)

5. **Right of Reply:** The Protocol will permit reply briefing both for objecting parties and objecting non-parties.

6. **Evidentiary Hearings:** The Court will allow the parties or non-parties to request by letter that the Court hold an evidentiary hearing to resolve any factual issues underlying the unsealing of specific documents. Any such request shall explain why an evidentiary hearing is necessary for the resolution of those factual issues.

7. **Judicial Documents:** In their submissions to the Court, non-parties and the original parties may object to the unsealing of a court submission because it is, in their view, a non-judicial document. Non-parties and the original parties should, in their submissions, also address the weight of the presumption of public access that applies to any such document in the event that the Court concludes that it is, in fact, a judicial document.

The Court attaches to this order its proposed revisions to the Protocol,[1] the Notice to Non-Parties, the Non—Party Request for Excerpts, and the Non-Party Form Objection.[2] The parties shall confer and inform the Court by letter no later than March 26, 2020 of any additional changes that the Court should consider to the Protocol or to the Notice to Non-Parties, the Non—Party Request for Excerpts, and the Non-Party Objection. The Court specifically requests the parties' input as to reviewing the documents by Non-Party rather than by motion.   In that letter, the parties shall also propose a date for a telephonic conference to discuss next steps in the unsealing process.

**SO ORDERED.**

Dated:    New York, New York
          March 19, 2020

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge

---

[1]  Specifically, the Court attaches an edited version of the Protocol submitted by Plaintiff with her January 30, 2020 letter. (See dkt. no. 1026 at Ex. 1.)

[2] The Court attaches edited versions of the materials submitted by Defendant with her January 30, 2020 letter.  (See dkt. no. 1025.)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.                                     No. 15-cv-07433-LAP

GHISLAINE MAXWELL,

      Defendant.

---

## Order and Protocol for Unsealing Decided Motions

       The Court previously ruled that "only motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (DE 1016). Such materials are referred to herein as the "Sealed Materials" or "Sealed Items." The Sealed Materials will be enumerated in a List of Decided Motions designated by the Court . In accordance with *Brown v. Maxwell,* 929 F.3d 41, 49-51 (2d Cir. 2019), the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access. To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopts the following protocol.

       1.   Non-Parties List: Plaintiff Virginia Giuffre and Defendant Ghislaine Maxwell (collectively, the "Original Parties") each have submitted under seal a list of non-parties whose privacy, reputational or other interests may be implicated by the unsealing of the Sealed Materials (each, a "Non-Party," and collectively, the "Non-Parties"). Because the Original Parties did not agree on one or more Non-Parties to be included in the list, the Court has resolved all such disagreements and shall issue to the Original Parties a Court-approved Non-Parties List, which shall be sealed. The Non-Parties shall include but are not limited to: (a) persons who produced or answered discovery based upon the representation or understanding that the discovery would be subject to the Protective Order previously issued in this action; (b) persons who are identified as having allegedly engaged in sexual acts with Plaintiff, or other alleged victims, or allegedly facilitated such acts; (c) persons whose intimate, sexual, or private conduct is described in the Sealed Materials; and (d) persons who are alleged to have been victimized.

The Non-Parties List will:

- Identify each Non-Party by his or her name, which correlates to a unique

pseudonymous identifier, i.e., Doe #1, Doe #2, and Doe #3.

- Provide the address or contact information for each Non-Party or his or her legal counsel, which the Original Parties identified to the best of their ability.

2. <u>Judicial Adjudication</u>: Because of the volume of Sealed Materials, the Court will conduct an individualized review of several Sealed Items at a time, thereby allowing the review to proceed on a rolling basis and in a manageable fashion. The Court will review sealed items based on the Non-Party mentioned in the Sealed Materials. For example, for Doe #1, the Court would review each Sealed Item that mentions Doe #1, and would do the same for Does #2, #3, etc. This will allow the Court more easily to manage and review any objections from Non-Parties. The following procedure shall be used for each set of Sealed Items reviewed by the Court:

    a.    The Court will notify the parties via minute order ("Notification") of the set of Sealed Items that will be considered. The Court will consider input from the Original Parties as to the number of Sealed Items that is appropriate to consider at once in light of the volume and complexity of the Sealed Items.

    b.    As soon as practicable after the Notification the Original Parties shall confer and shall use their best efforts to cause each Non-Party mentioned in the Sealed Materials to be considered to be served confidentially with a Non-Party Notice approved by the Court. "Best efforts" entails identifying the most current address available for the nonparty in a public records database or other readily available source. Service shall be effected via first class certified mail, return receipt requested. After service, the party causing the service shall file a certificate of service, stating the date and method of service and identifying the Non-Party by his or her pseudonymous identifier.

    c.    Within 14 days of service of the Non-Party Notice, a Non-Party, identified by his or her pseudonymous identifier, may submit to the Court a request for excerpts of the Sealed Materials pertaining to him or her (the "Excerpts"). The form request shall be approved by the Court and attached to the Non-Party Notice. The request shall be faxed, mailed, or e-mailed[1] to the Court and served upon counsel for the Original Parties. Upon receipt of the request, the Original Parties shall confer and cause the Excerpts to be served via U.S. mail or e-mail, as requested by the Non-Party, promptly on the requesting Non-Party.

    d.    Within 14 days of service of the Excerpts, the Non-Party may submit to the Court an objection to unsealing/unredacting ("Non-Party Objection"). A form Non-Party Objection, approved by the Court, shall be attached to the Non-Party Notice. The Non-Party Notice will require any objecting Non-Party to state briefly the reasons for the objection and identify any countervailing interest that militates against unsealing, if

---

[1] The Court may be reached by e-mail at PreskaNYSDChambers@nysd.uscourts.gov.

applicable.  A Non-Party may also submit a memorandum of law in support of the Non-Party Objection.  The Non-Party Objection and any accompanying memorandum shall be served on the Original Parties. Within 14 days of service of any Non-Party Objection and accompanying memorandum, if any, the Original Parties may file an opposition stating the reasons why any Sealed Item should remain sealed.  The opposition shall be served on the objecting Non-Party.  The objecting Non-Party may file a reply in support of its objection within 7 days of service of the Original Parties' opposition.

e.    Within 14 days of service of any Non-Party Objection, any Original Party may file its own objection to unsealing/unredacting ("Party Objection"), and an accompanying memorandum of law in support of the objection. Any opposition to the Party Objection shall be filed within 14 days. The objecting Original Party may file a reply in support of his or her objection within 7 days of service of any opposition.

f.    If within 14 days of the Notification no Non-Party has requested Excerpts, the Original Parties shall have 14 days from the date on which the Non-Party's time to object expires to submit an objection to unsealing and an accompanying memorandum. Any opposition to such an objection shall be filed within 14 days.   The Court may, in its discretion, ask the objector to file a reply in support of his or her objection.

g.    Any memorandum in support of a Non-Party or Party Objection to unsealing a particular Sealed Item shall be no longer than 6 double-spaced pages in 12 point, Times New Roman font.  Any memorandum in opposition to a Non-Party or Party Objection shall also be no longer than 6 double-spaced pages in 12 point, Times New Roman font. Any reply in further support of a Non-Party or Party Objection may be no longer than 4 double-spaced pages in 12 point, Times New Roman font.

h.    An order from this Court unsealing a Sealed Item, in whole or in part, as to a Non-Party should be deemed to have affected the Non-Party's rights and interests for purposes of an appeal.

i.    If the Court determines that a factual issue exists as to a Sealed Item and that its ruling requires resolution of that factual issue, it may order the Original Parties and relevant Non-Parties to appear for an evidentiary hearing.  In addition, the relevant Non-Parties or the Original Parties may affirmatively request an evidentiary hearing.  Any such request shall be made by letter explaining any factual issues that exist with a Sealed Item (or Sealed Items) and the reasons that an evidentiary hearing may facilitate their resolution.

j.    After objections, responses and replies have been submitted, and any evidentiary hearing held, the Court will enter a minute order setting the date and time it will decide in open court the objections lodged as to each set of motions. Appearance by any of the parties or Non-Parties is optional. The Court will determine whether each Sealed Item shall be (1) unsealed in its entirety, (2) unsealed in redacted form, or (3) kept under seal.

Thereafter the Court will issue a Notification of the next set of Sealed Items to be decided.

3.   Non-Party Participation.

a.   Any Non-Party requesting Excerpts shall maintain them as confidential and shall not disclose them to anyone other than the lawyer, if any, representing him or her in this proceeding. The requesting Non-Party may use the Excerpts only to decide whether to object and to prepare his or her objection, if any, submitted to this Court. A Non-Party's request for the Excerpts constitutes acknowledgment of the requirement to comply with this Court's restrictions placed on the Excerpts and submission to this Court's jurisdiction for purposes of enforcement of the restrictions.

b.   A Non-Party who submits an objection submits to the Court's jurisdiction for purposes of the unsealing/unredaction proceeding.

c.   A copy of this Order and Protocol shall be served with the Non-Party Notice.

d.   All submissions by Non-Parties to the Court shall be under seal. The Original Parties served with Non-Party submissions shall not disclose them to anyone else pending further order of the Court.

e.   The Court's staff will receive Non-Party submissions, make appropriate redactions, e.g., the Non-Party's identifying information (with the assistance of the Original Parties, as appropriate), substitute Non-Party pseudonymous identifiers as appropriate, redact the submission as appropriate, and file them as redacted via ECF, identifying the Non-Party solely by his or her pseudonymous identifier.

f.   A Non-Party's participation in this protocol is optional. Appearances by Non-Parties and their counsel in this proceeding shall be considered limited and for the purposes set forth in this Order. Non-Parties are under no obligation to object, and a Non-Party's decision not to do so shall not be deemed consent to the unsealing of any Sealed Materials. The solicitation and receipt of objections from Non-Parties who wish to participate is intended merely to aid the Court in balancing privacy and other interests against the public's right of access. The Court will conduct a particularized review of the Sealed Materials and weigh the competing interests regardless whether it receives any Non-Party Objection.

4.   Unless expressly stated otherwise, all notices, submissions, and filings made pursuant to this Order shall remain permanently sealed inasmuch as they are submitted solely so that the Court may decide whether any Sealed Materials should be unsealed. *See Brown*, 929 F.3d at 50 n.33.

So ordered.

4

Dated this ____ day of March 2020.

_____
U.S. District Judge

# United States District Court
## Southern District of New York

Virginia L. Giuffre,

        Plaintiff,                Case No. 15-cv-07433-LAP

v.

Ghislaine Maxwell,

        Defendant.

## NOTICE TO NON-PARTIES OF POSSIBLE UNSEALING OF SEALED DOCUMENTS

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

This case involves allegations of sexual abuse and sexual trafficking of minors. Some documents submitted to the Court were filed under seal. You are receiving this Notice because your name appears in one or more sealed court documents in this case, which is pending before U.S. District Judge Loretta Preska.

The documents that mention your name (the "Sealed Materials") are currently under seal and cannot be accessed or viewed by the public. **Pursuant to court order, those documents may be unsealed in the future, which means they will be publicly available.**

**The Court has entered the attached Order and Protocol governing the possible unsealing of sealed materials.**

**Your options are as follows:**

1. **Do nothing.** The Court may determine that the Sealed Materials should be unsealed, at which point they would become available to the public.

2. **Ask to see Excerpts of the document(s) to decide whether you want to object to unsealing.** *Within 14 days of your receipt of this notice*, you may ask the parties to this case to send you the relevant excerpts of the Sealed Materials (the "Excerpts"). You may then file an objection to the unsealing of the Sealed Materials *within 14 days after the Excerpts are placed in the U.S. mail to you, e-mailed to you, or faxed to you*.

**If you wish to view the Excerpts pursuant to Option 2 above:**

- You must use the attached form, "Non-Party's Request for Access to Sealed Excerpts."

- Your request for the Excerpts must be submitted within 14 days of the date this Notice was mailed to you.

- Your request must be submitted by U.S. mail, by fax, or by e-mail to Judge Preska:

  500 Pearl Street
  New York, NY 10007
  Fax (212) 805-7941
  E-mail: PreskaNYSDChambers@nysd.uscourts.gov

- Your request must also be sent by email, U.S. mail or fax to counsel for the parties to this action:

| *Attorney for Plaintiff Virginia Giuffre:* | *Attorney for Defendant Ghislaine Maxwell:* |
|---|---|
| Sigrid S. McCawley | Laura A. Menninger |
| Boies Schiller Flexner LLP | Haddon, Morgan and Foreman, P.C. |
| 401 East Las Olas Blvd., Suite 1200 | 150 East Tenth Avenue |
| Fort Lauderdale, FL 33301 | Denver, CO 80203 |
| Tel 954.377.4223 | Tel 303.831.7364 |
| Fax 954.356.0022 | Fax 303.832.1015 |
| smccawley@bsfllp.com | lmenninger@hmflaw.com |

- You will then be provided with the Excerpts via U.S mail or by-email, as you specify.

- The use and disclosure of the Excerpts are governed by a Court Order. You may review and make reference to the Excerpts in your objection to unsealing. With the exception of any lawyer representing you in this matter, the Excerpts may not be shared with any other person. Disclosing the Excerpts is a violation of the Court's Order limiting the use of the Excerpts.

After viewing the Excerpts pursuant to Option 2, you may either do nothing or file an objection to the unsealing of the Sealed Materials.

**If you wish to file an objection:**

- Your objection must be filed within *14 days after the Excerpts are placed in the U.S. mail to you*.

- You must use the attached form, "Non-Party's Objection to Unsealing." You should fax the form to Judge Preska at (212) 805-7941.

- Your objection should also be served by email upon counsel for the parties to this action.

Your participation in this process is optional. You are under no obligation to object to the unsealing of the Sealed Materials and your decision not to do so will not signify your consent to the unsealing of any document. Ultimately, the court will determine whether to unseal each document in this case, regardless of your participation in this process.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.                                                                                    **15-cv-07433-LAP**

GHISLAINE MAXWELL,

      Defendant.

-------------------------------------------------X


# —Filed under Seal—

### **Non-Party's Objection to Unsealing**

1.   I received a copy of the Court's Order and Protocol for the unsealing of materials in

this case and the Notice to Non-Parties. At my request I also received a copy of excerpts from

the sealed materials ("Excerpts").

2.   I understand this Objection will be filed under seal and I will not be identified in any

court filing.

3.   I am submitting this Objection within 14 days after the date the Excerpts were

deposited in the U.S. mail addressed to me.

4.   I am submitting this Objection to the Court via United States mail or fax to:

The Hon. Loretta Preska
United States District Court
500 Pearl Street
New York, NY 10007
Fax (212) 805-7941

5.   I certify that I have sent a copy of this Objection to the parties' lawyers listed below

via U.S. mail, fax or email:

Sigrid S. McCawley
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
Tel 954.377.4223
Fax 954.356.0022
smccawley@bsfllp.com
*Attorneys for Plaintiff Virginia Giuffre*

Laura A. Menninger
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Tel 303.831.7364
Fax 303.832.2628
lmenninger@hmflaw.com
*Attorneys for Defendant Ghislaine Maxwell*

6.   I object to unsealing the Excerpts for the following reasons (if needed, attach

additional pages):

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

**Non-Party Objector**

Signature: _____

Name: _____

Address: _____

City, State, Zip Code: _____

Telephone: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.                                                                                       **15-cv-07433-LAP**

GHISLAINE MAXWELL,

      Defendant.

--------------------------------------------------X

# —Filed under Seal—

### <u>Non-Party's Request for Excerpts of Sealed Documents</u>
### <u>and Acknowledgment of Court Order and Protocol Governing the Excerpts</u>

1.   I received a copy of the Court's Order and Protocol ("Court Order") for the

unsealing of materials in this case and the Notice to Non-Parties.

2.   I acknowledge that the excerpts from the sealed materials I am requesting

("Excerpts") are governed by the Court Order, which restricts the use and disclosure of the

Excerpts. I acknowledge I am required to comply with the Court Order. I understand that under

the Court Order: (a) I may only use the Excerpts from the sealed materials to decide whether to

object and, if so, to prepare my objection; (b) I am prohibited from disclosing the Excerpts to any

person other than a lawyer representing me in connection with this proceeding.

3.   I acknowledge that if I want to review the Excerpts, I must submit this Request to the

Court via United States mail, e-mail, or fax:

The Hon. Loretta Preska
United States District Court
500 Pearl Street
New York, NY 10007
E-mail: PreskaNYSDChambers@nysd.uscourts.gov
Fax (212) 805-7941

I am submitting this Request to the Court on this date: _____, 2020.

4.   I acknowledge that within 14 days from the date the Excerpts are placed in the

U.S. mail to me, I must file any objection I have to unsealing the materials that identify me.

5.   I certify I have sent a copy of this Request to the parties' lawyers listed below via

U.S. mail, fax or email:

1

Sigrid S. McCawley                          Laura A. Menninger
BOIES, SCHILLER & FLEXNER, LLP              HADDON, MORGAN AND FOREMAN, P.C.
401 East Las Olas Boulevard, Suite 1200     150 East 10th Avenue
Ft. Lauderdale, FL 33301                     Denver, CO 80203
Tel 954.377.4223                             Tel 303.831.7364
Fax 954.356.0022                             Fax 303.832.2628
smccawley@bsfllp.com                         lmenninger@hmflaw.com

*Attorneys for Plaintiff Virginia Giuffre*   *Attorneys for Defendant Ghislaine Maxwell*


6.   I wish to receive the Excerpts (check one) ☐ by U.S. Mail at the address listed

below or ☐ by e-mail at the address listed below.

**Requester**

Signature: _____

Name: _____

Address: _____

City, State, Zip Code: _____

Telephone: _____

E-mail Address: _____

2