

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

March 26, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Giuffre v. Maxwell*,
            **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

    Pursuant to the Court's March 19, 2020 Order (Dkt. 1034), Plaintiff's counsel and Defendant's counsel have conferred about the Court's proposed Protocol. Plaintiff agrees to the Court's Protocol as written, including the Court's proposal to review documents by Non-Party in the order that the Non-Parties are listed on the Non-Party list. Defendant has proposed a number of changes to the Court's proposed revisions to the Protocol, however, to which Plaintiff objects as follows.

    *First*, Defendant proposes that paragraph 2(f) of the Protocol, which addresses the situation in which a Non-Party does not object to a document's unsealing, be changed to provide the Original Party objecting to unsealing (i.e., Defendant) with an automatic right to file a reply brief. But because this paragraph deals with the situation in which a Non-Party has not objected to unsealing, an automatic right to a reply brief would allow Defendant to file two briefs in support of keeping a document sealed and Plaintiff to file only one brief in support of unsealing. In the event that a Non-Party does not file an objection, and only the Original Parties are briefing the issue of whether a document should be unsealed, each Original Party should be permitted to file one brief unless the Court otherwise orders.

    *Second*, Defendant proposes that paragraph 3(e) be deleted in its entirety. Plaintiff disagrees. This paragraph allows the Court to determine what redactions are appropriate, in consultation with the parties, before filing Non-Parties' objections on the docket. To the extent an objection reveals identifying information about a Non-Party, the Court is well-positioned to redact that identifying information.

    *Third*, Plaintiff objects to the Defendant's proposal to insert the following bolded language to the form Notice to Non-Parties of Possible Unsealing of Sealed Documents: "**Once the materials are made publicly available, the media entities who have sought the unsealing will**

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



The Honorable Loretta A. Preska
March 26, 2020
Page 2

**gain access to these materials including your name and the other references to you contained in the Sealed Materials, and they will be free thereafter to publish any such information.**" Defendant's proposed language misstates the reason for this unsealing process, which is driven by the common law right of access and the First Amendment. Further, the Notice already includes bolded language that unsealed documents "will be publicly available." Finally, Defendant had the opportunity to propose this language to Plaintiff prior to submitting the form Notice to the Court, but failed to do so. This last-minute injection of language that is clearly intended to scare non-parties into filing objections is inappropriate.

*Fourth*, Defendant has proposed allowing Non-Parties to submit their objections by email. Plaintiff defers to the Court, but contends that the options of submitting objections by fax or regular mail are sufficient.

Per the Court's order, the parties have conferred about their availability for a telephonic conference. The parties are available for a telephonic conference on the following dates and times:

- Tuesday, March 31, 2020: 1:00 EST, 2:00 EST, or 4:00 EST
- Friday, April 3, 2020: 1:00 EST, 2:00 EST, or 4:00 EST

If those dates and times do not work for the Court, please let the parties know and we will provide additional options.

Sincerely,

*/s/ Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)