# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T  | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 305-789-7678
Sandy.Bohrer@hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

March 31, 2020

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Response to Dkt. Nos. 1037, 1038 , 140
     *Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska:

  Intervenors Julie Brown and Miami Herald Media Company write in response to the parties' letters dated March 26, 2020 (Dkt. Nos. 1037, 1038), and in advance of the conference scheduled for March 31, 2020, pursuant to this Court's Order dated March 30, 2020 (Dkt. No. 1039). Specifically, Intervenors respond to:

- Ms. Maxwell's mischaracterization of the media's role and interest in this case;
- Ms. Maxwell's request that Non-Party Objections be made under seal; and
- J.Doe's proposed extension of the time frames set forth in the protocol.

  First, Ms. Maxwell's attack on Intervenors' reporting on this case of significant public interest is wholly unwarranted, and her positions demonstrate her interest in continues to hide from public scrutiny that which has already been sealed for far too long.  She further fundamentally mischaracterizes the role of the media in seeking access to court records:  The media are not distinguishable from the public; they are the *surrogates* for the public. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573, 100 S. Ct. 2814, 2825, 65 L. Ed. 2d 973 (1980)("Instead of acquiring information about trials by firsthand observation or by word of mouth from those who attended, people now acquire it chiefly through the print and electronic media . . . validat[ing] the media claim of functioning as surrogates for the public."). Thus, a request by the media for access

The Honorable Loretta A. Preska
March 31, 2020
Page 2

to documents under the First Amendment and common law rights of access are made on behalf of the public interest at large, and the term "publicly available" is presumed to include availability to the media and needs no further explanation or qualification.

     Second, Ms. Maxwell requests that Non-Party Objections themselves be made under seal. Intervernors and the public are entitled to access to the objections (or a redacted version of the objections) so that they can meaningful respond to them.  And, Ms. Maxwell's proposed language stating that Non-Parties "will not be identified in any court filing" is misleading.  After the objections are considered, it is likely that Non-Parties will be identified because the public interest in disclosure outweighs any asserted privacy interest or other counterailing interest.

     And third, in response to J. Doe's letter dated March 30, 2020, (Dkt. No. 1040), Intervenors object to the proposed extension of the time for non-parties to respond to the notice and for the Parties to respond to any objections. While we are certainly experiencing unprecedented times, J.Doe seeks to double the response time for any Non-party objections, as well as for responses to objections and replies.  This will prolong the process into a months-long endeavor.  The Second Circuit's ruling in this matter was issued on July 2, 2019, nearly nine months ago.  There is no basis for further extending what will already be a lengthy process any further.

     Respectfully submitted,

     HOLLAND & KNIGHT LLP

     /s/ Christine N. Walz
     Sanford L. Bohrer
     Christine N. Walz
     31 West 52nd Street
     New York, NY 10019
     Telephone: 212.513.3200
     Fax:  212.385.9010

     *Attorneys for Intervenors*
     *Julie Brown and Miami Herald Media Company*