

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

April 3, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Order and Protocol (DE 1044) and March 31, 2020 Status Conference
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

On behalf of Defendant Ghislaine Maxwell, I write pursuant to this Court's Telephone Conference of March 31, 2020, to propose a sequence for the Court's consideration of motions under its Order and Protocol (DE 1044). Unfortunately, counsel for the original parties were unable to reach an agreement as to the sequence of motions.  I also write to submit a joint proposed redacted Decided Motions List.

First, Ms. Maxwell proposes that the Court proceed in chronological order and consider the first five motions (together with any related, sealed documents) that mention J. Does 1 & 2.  Those five motions are DEs 143, 164, 172, 199 and 230. Accompanying this letter (and filed under seal) are two charts listing all the filings from the Decided Motions List which contain references to J. Does 1 & 2, plus an additional column which pinpoints the reference in each filing to Does 1 & 2.[1] The charts also include the original Decided Motion, regardless of whether it references J. Doe 1 or 2, so that the Court has the benefit of the "Related Docket #" column listing the related filings.

Ms. Maxwell submits that consideration of the motions in chronological order is the most logical, efficient and fair method to adopt. Plaintiff's counsel proposes an *ad hoc* approach in which filings appear to be selected in order to speed up review of materials that Plaintiff would like to see unsealed first rather than a review method that favors efficiency and objectivity.  Taking motions out of sequence likely will result in a substantial amount of

---

[1] The accompanying chart is more accurate with respect to the Docket Entries for J. Does 1 and 2 than the "Docket Entries" column of Defendant's Updated Sealed Submission of Non-Parties in Decided Motions with Pseudonyms (Feb. 4, 2020) (sealed).  That column was over-inclusive in that it contained documents where the particular J. Doe was not referenced in a sealed or redacted context.

Honorable Loretta A. Preska
April 3, 2020
Page 2

confusion and backtracking to re-consider motions and exhibits multiple times.  Ms. Maxwell opposes Plaintiff's planned sequence.

  Second, we also propose that all excerpts applicable to a particular J. Doe be provided at one time, irrespective of whether the Court is then considering all motions and pleadings associated with that J. Doe.  *See* Order and Protocol at 2(c).  With respect to J. Doe 1, for example, should that individual request their Excerpts under the Protocol, all Excerpts reflected in the last column of the accompanying charts would be provided.  J. Doe 1 will then have the opportunity to file a single Objection to the unsealing of all such excerpts once rather than separate objections submitted three or four times. Many of the Excerpts are redundant across pleadings, it will promote judicial efficiency to provide for one Objection rather than multiple ones, and it will be less burdensome and onerous from the perspective of the Non-Party to request and review materials and object once.

  Finally, consistent with the Court's Order of March 23, 2020 (DE 1036), the parties conferred and hereby submit a joint proposed redacted Decided Motions List to be filed on the public docket. Because the parties identified two minor numbering changes (with respect to DEs 272 and 423), we also hereby provide (under seal) an updated unredacted Decided Motions List.

         Respectfully submitted,

         Laura A. Menninger

CC: Counsel of Record *via* ECF