

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

April 3, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Giuffre v. Maxwell*,
          **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

    Plaintiff writes pursuant to the Court's instructions during the March 31, 2020 telephone conference, to identify the first five motions for the unsealing process. The Original Parties have met and conferred multiple times to propose five motions pertaining to J. Doe 1 and J. Doe 2, as identified on the sealed Non-Party List, with which the Court may begin administering the Order and Protocol for Unsealing Decided Motions, Dkt. 1044. The Original Parties agree that the motion at Docket Entry 172, along with its Related Docket Entries (Dkts. 171, 173, 173-1, 189, 190, 190-1, 202, 203, 204-1, 211, 212, 212-1, 224), should be among the first five motions to be considered, but reached an impasse as to the remaining four motions.

    Plaintiff's position is that the Court should address the motions in an order that prioritizes those containing the most docket entries that involve the non-parties. To that end, Plaintiff proposes that the Court begin with the following five motions:

    Dkt. 172: Motion to Exceed Presumptive Ten Deposition Limit,
    Dkt. 315: Motion to Enforce Court Order and Direct Defendant to Answer Depo Questions,
    Dkt. 279: Motion for Adverse Inference Instruction,
    Dkt. 345: Motion to Compel Production of Documents Subject to Improper Objection, and
    Dkt. 659: Second Motion to Compel.

To illustrate the utility of this approach, at the March 31, 2020, conference, the Court indicated that it was using the February 4, 2020, list of non-parties as its guide. *See* Mar. 31, 2020, Tr. at 4:8-10 ("Working off the Non-Party's list, I have been looking at the list that has the Doe I, Doe II identifiers down the right-hand side, and our proposal is that we begin with Doe I and II together . . . ."). Using the February 4 Non-Party List as a scorecard, following this approach would knock out a significant number of docket entries in dispute for Does 1 and 2, as highlighted below.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



The Honorable Loretta A. Preska
April 3, 2020
Page 2

| DOCKET ENTRIES (15-CV-7433) | PSEUDONYM |
|---|---|
| 152, 153, 165-1, 172, 173, 173-1, 184, 185-1, 189, 203, 204, 204-1, 211, 212, 212-1, 224, 228, 232-1, 235-1, 249-1, 280-1, 315, 316, 316-1, 321-1, 338, 338-1, 338-2, 339, 340, 340-1, 363-1, 368, 369-1, 388, 389, 389-1, 392, 393-1, 398, 398-1, 400, 401, 401-1, 406, 407, 407-1, 408-1, 423-1, 656-1, 660-1 | J. DOE 1 |
| 172, 173-1, 189, 228, 232-1, 249-1, 423-1 | J. DOE 2 |

Proceeding in this manner ensures that the unsealing process moves forward efficiently and swiftly, and is consistent with the goal of satisfying the public's right of access to the information it seeks in as expeditious a manner as possible. Plaintiff understands that Maxwell will argue that the first five motions should be selected in chronological order: Dkts. 143, 164, 172, 199, 230. But Maxwell's approach would capture far fewer docket entries implicating Does 1 and 2, and is therefore inconsistent with the Court's decision to proceed by non-party, as opposed to by motion.[1] It would also delay the unsealing process for the motions and related docket entries to which the public has a greater interest in seeing published.

In the interest of minimizing disputes, Plaintiff proposes as a compromise that each party be entitled to choose two motions and attempt to reach agreement on the fifth. If at any point the Original Parties are unable to agree on a fifth motion, then the Original Parties can take turns choosing the fifth motion so that the process is fair and balanced. For the purposes of selecting the first five motions, because both parties' lists include the motion at Docket Entry 172, the motions, which include the top two motions from each side's list, should be:

Dkt. 172: Motion to Exceed Presumptive Ten Deposition Limit,

---

[1] By order dated March 19, 2020, the Court "specifically request[ed] the parties' input as to reviewing the documents by Non-Party rather than by motion." Dkt. 1034 at 3. Plaintiff agreed with that approach, Dkt. 1038 at 1, and Maxwell did not address that request in her separate letter, Dkt. 1037. At the March 31, 2020, hearing, the Court indicated that it would be "[w]orking off the Non-Party's list. Mar. 31, 2020, Tr. at 4:8-9.



The Honorable Loretta A. Preska
April 3, 2020
Page 3

      Dkt. 315: Motion to Enforce Court Order and Direct Defendant to Answer Depo Questions,
      Dkt. 279: Motion for Adverse Inference Instruction,
      Dkt. 143: Motion to Compel Defendant to Answer Deposition Questions, and
      Dkt. 164: Motion to Compel all Attorney-Client Communications and Work Product.

                    Sincerely,

                    */s/ Sigrid S. McCawley*

                    Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)