```
              K3VQgiuC

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    VIRGINIA L. GIUFFRE,

 4                 Plaintiff,

 5           v.                              15 Civ. 7433 (LAP)
                                             Telephone Conference
 6    GHISLAINE MAXWELL, et al,

 7                 Defendants.

 8    ------------------------------x
                                             New York, N.Y.
 9                                           March 31, 2020
                                             1:00 p.m.
10
      Before:
11
                          HON. LORETTA A. PRESKA,
12
                                             District Judge
13
                                APPEARANCES
14
      BOIES SCHILLER & FLEXNER
15         Attorneys for Plaintiff Giuffre
      BY:  SIGRID S. McCAWLEY
16         ANDREW VILLACASTIN
           SABINA MARIELLA
17
      HADDON MORGAN & FOREMAN PC
18         Attorney for Defendant Maxwell
      BY:  LAURA A. MENNINGER
19
      HOLLAND & KNIGHT LLP
20         Attorney for Intervenors Julie Brown and Miami Herald
      BY:  CHRISTINE WALZ
21

22    KRIEGER KIM & LEWIN
           Attorney for Non-Party John Doe
23    BY:  NICHOLAS J. LEWIN
           PAUL M. KRIEGER
24

25
```

K3VQgiuC

1           (The Court and all parties appearing telephonically)
2           THE COURT:  Who is on for the plaintiff, please?
3           MS. McCAWLEY:  Yes, your Honor. it's Sigrid McCawley
4   from Boies Schiller & Flexner.  I have with me my colleague
5   Andrew Villacastin and Sabina Mariella.
6           THE COURT:  Thank you.
7           For Ms. Maxwell, please.
8           MS. MENNINGER:  Good morning, your Honor.  Laura
9   Menninger on behalf of Ms. Maxwell.
10          THE COURT:  Good morning.
11          Ms. Walz, for the Miami Herald, let's hear your voice,
12  please.
13          MS. WALZ:  Yes, your Honor.  Christine Walz from
14  Holland & Knight on behalf of Intervenors Julie Brown and Miami
15  Herald.
16          THE COURT:  Thank you.
17          How about Non-Party John Doe?
18          MR. LEWIN:  Yes, your Honor.  Good afternoon.  I hope
19  you and everyone are doing well.
20          This is Nick Lewin on behalf of John Doe.  And Paul
21  Krieger is also on the line from Krieger Kim & Lewin.
22          THE COURT:  Yes, sir.  Good afternoon.
23          MR. KRIEGER:  Good afternoon, Judge.
24          THE COURT:  Is there any party or non-party who I have
25  missed who wishes to identify himself or herself?

1    All right, friends, I will ask you, please, when you
2    speak to say your name first so that the court reporter is able
3    to do a good transcript.
4    We have looked at your various letters regarding the
5    protocol, and with respect to paragraph 2(f), the right of
6    reply, that's fine, we will adopt that.
7    With respect to paragraph 3(e), that paragraph will
8    remain in the interest of access and transparency.  The upshot
9    of that, as you all know, is that the Non-Parties will
10   initially file their objection under seal.  The Court then,
11   sometimes with information from the Original parties, will
12   prepare a redacted copy of those filings so that those can be
13   docketed.
14   With respect to filing objections by email, we're
15   going to include that to give the Non-Parties the greatest
16   opportunity of methods of filing their objections.
17   We had earlier asked the parties to agree on a list of
18   decided motions, and you will recall that we added two motions
19   that were in controversy.
20   Are we pretty much prepared to file that list of
21   decided motions, counsel?
22   MS. McCAWLEY:  Your Honor, this is Sigrid McCawley.
23   I'm sorry, Laura, go ahead.
24   MS. MENNINGER:  This is Laura Menninger for Ms.
25   Maxwell.  We are pretty close.  I have received from Ms.

McCawley the redactions that she proposes, and I think we are similar, so I would expect within the next day we could agree on the redacted version of that decided motions list which would have the two motions that your Honor had ruled were decided over our objection. We put those back into our list and have redacted ones almost ready to go.

THE COURT: Wonderful. That sounds great.

Working off the Non-Party's list, I have been looking at the list that has the Doe I, Doe II identifiers down the right-hand side, and our proposal is that we begin with Doe I and II together because they are mentioned in the same item. My proposal would be for the Original parties to confer and to propose five motions or so, whatever you think is a reasonable number, that pertain to Doe I and Doe II for us to begin our review with.

Is that something that sounds reasonable to you folks?

MS. McCAWLEY: This is Sigrid for plaintiff. And that sounds reasonable to me.

THE COURT: Ms. Menninger?

MS. MENNINGER: Yes, this is Laura Menninger. That sounds reasonable to me. I'm not sure that I have the list with the Doe I and II down the side. Maybe I missed that.

THE COURT: Let me just see. Will you recall the date on the letter that that came in with?

MR. LEWIN: Judge, I believe it was February 4.

1      THE COURT:  So you will be able to find that on the
2 February 4 letter.
3      MS. MENNINGER:  I will.
4      THE COURT:  I think it is the same list, it only has
5 the additional column of Doe identifiers on the right-hand
6 side.
7      So, would you people be able to tell us by the end of
8 the week what motions you will want to begin with?
9      MS. MENNINGER:  This is Laura Menninger.  Yes, your
10 Honor.
11      MS. McCAWLEY:  Yes, your Honor.
12      THE COURT:  Good.  Our thought was also following this
13 call, we should docket the final protocol and the forms that we
14 have come up with so that it's out there for everyone to see.
15      Is there any objection to that?
16      MS. McCAWLEY:  This is Sigrid for the plaintiff.  No,
17 your Honor.
18      MS. MENNINGER:  For Ms. Maxwell, no, your Honor.
19 Thank you.
20      THE COURT:  Terrific.  What else do you people want to
21 discuss?
22      MS. MENNINGER:  Your Honor, I think there was a
23 proposal to change the -- this is Laura Menninger again, I'm
24 sorry -- to change the length of time from 14 days to 30 days
25 just in the interest of the current challenges posed by the

1 crisis. I don't know if your Honor had a position, but I would
2 say that was again set forth by a Non-Party participant.
3 THE COURT: Indeed, I saw that in Mr. Lewin's letter.
4 Although I certainly am ambivalent about it, I'm not sure if
5 that is going to help us a lot. If somebody says to us "give
6 me some more time," fine; but to allow 30 days does seem to be
7 a bit excessive. We have a lot of work to do here, and we
8 wanted to undertake it on a rolling basis so it does seem to be
9 the sooner, the better.
10 If someone feels strongly about it, I'm happy to hear
11 you. Does anyone want to add anything?
12 MR. LEWIN: Judge, this is Nick Lewin. With your
13 Honor's permission, I would like to please, Judge.
14 THE COURT: Yes, sir.
15 MR. LEWIN: So, we fully understand that your Honor
16 wants to keep this going and that there's a massive task ahead,
17 but we just point out that as it stands right now, a Non-Party
18 has 14 days from service, which could mean as little as ten
19 days when they get a legal notice out of the blue. Right now,
20 given what's happening, people have a limited ability to check
21 their mail, to receive their mail and, frankly, not every
22 recipient of these notices is the kind of person that has a
23 lawyer on speed dial.
24 We also think that it can be hard to -- communications
25 are more difficult now. So we certainly recognize and share

the desire to move through this but suggest that at least with respect to the amount of time between receiving the initial notice and having to put in a request for excerpts and make all the decisions that go along with that, that extending that time to 30 days under these circumstances really does make sense and does not delay in a really substantial way this important process from going forward.

So we would urge your Honor to consider the breadth of people who will be notified and the amount of time that could be really limited. It could be nine or ten days to make that request, and therefore renew the request to extend it just briefly as set forth in our letter.

THE COURT: Yes, sir. Who else?

MS. McCAWLEY: This is Christine Walz on behalf of the Intervenors.

We think that the proposal would in fact actually extend the process into a month-long endeavor without any reasonable tie to any COVID slowdown. And this has already been quite a lengthy process, and it is already going to continue to be a lengthy process. So, we object to any extension along the lines of what has been proposed.

THE COURT: Who else, please?

MS. McCAWLEY: Thank you. Your Honor, this is Sigrid McCawley on behalf of the plaintiff.

While we certainly appreciate the current environment

1   we are in, the protocol as you set it up will have us notifying
2   two individuals at a time, at least as of this moment.  So we
3   think it is perfectly reasonable the amount of time you've
4   built in.  And the John Does proposal was not for a limited
5   period of time.  It was for the entire term that this process
6   goes forward, which would extenuate it significantly, so we
7   disagree with any extension of those time frames.
8            THE COURT:  Anyone else?
9            OK.  I certainly appreciate what Mr. Lewin has said
10  here.  On the other hand, the decision to ask for the excerpts
11  is not a particularly complicated one in contrast, for example,
12  to the decision to file objections.  All the Non-Party is doing
13  is asking to see materials in which he or she is mentioned.  At
14  this point I think 14 days is certainly adequate.  Again, if
15  someone asks for an extension, I'm sure it will be granted.  So
16  for now I will leave it as it is.
17           What else, gentlemen, ladies and gentlemen?
18           MS. McCAWLEY:  Your Honor, this is Sigrid McCawley.  I
19  apologize if you addressed this and I missed it, but in the
20  defendant's proposal, they proposed additional language to be
21  added to the notice of Non-Parties of possible unsealing of the
22  sealed documents, so one of the attachments.
23           THE COURT:  Correct.
24           MS. McCAWLEY:  We object to that language.  I just
25  want to make sure that the Court has an opportunity to address

K3VQgiuC

1  that.

2              THE COURT:  You're right.  Forgive me.  I missed it on
3  my notes.  It was for material relating to what's publicly
4  available, that's right.

5              MS. McCAWLEY:  It was the statement that was going to
6  be added to the notice that says, "Once the materials are made
7  publicly available, the media entities to have sought the
8  unsealing will gain access to these materials including your
9  name and the other references to you contained in the sealed
10 materials, and they will be free thereafter to publish any such
11 information."  And that's in bold.

12             THE COURT:  Yes, ma'am.

13             Who wishes to be heard on that?

14             MS. MENNINGER:  Your Honor, Laura Menninger for
15 Ms. Maxwell.

16             My concern, as I set forth in my letter, but I wanted
17 to just expound upon it a little bit, is that in the normal
18 case the fact that a document is available on a court database
19 may not then give rise to publication.  I would point out that
20 some of the Non-Parties do not have residences in the U.S.
21 There are international persons who are listed as Non-Parties,
22 and I think they may not be aware of necessarily what may come
23 of the unsealing.  I think in fact what I would predict is a
24 likely outcome.

25             And so I felt in order for a Non-Party to fully

1  understand whether or not they want to participate, they should
2  have a little more fulsome explanation as to what this
3  unsealing process might mean, especially for those who aren't
4  necessarily familiar with our court system.  And as Mr. Lewin
5  earlier pointed out, not all of these individuals have lawyers.
6  Certainly most of them probably do not, and I think that a
7  little wider explanation would be appropriate for them in the
8  notice.
9           THE COURT:  Yes, ma'am.  Thank you.
10          Who else?
11          MS. WALZ:  Your Honor, Christine Walz on behalf of
12 Intervenors.  There is no difference between public access to
13 court filings and media access.  The Intervenor's role in this
14 case is to advocate for the public right of access, which is
15 protected by the First Amendment and the common law.  And
16 Ms. Maxwell's supposed language mischaracterizes that role in
17 an effort to --
18          THE COURT:  Ms. Walz, you need to slow down if you
19 want the court reporter to take this.
20          MS. WALZ:  I'm sorry, your Honor.  Ms. Maxwell's
21 proposed language mischaracterizes the media's role in an
22 effort to encourage objections for Non-Parties.  We object to
23 the change in the language especially at this late date.
24          THE COURT:  Anyone else?
25          MS. McCAWLEY:  Your Honor, this is Sigrid McCawley on

1  behalf of the plaintiff.
2          We similarly object to the language as we put forth in
3  our letter to you.  First, the Court has already included in
4  that notice that bolded statement about the information
5  becoming public.  So the added language is simply intended in
6  my view to scare a Non-Party and is unnecessary and
7  inappropriate for a filing like this.
8          THE COURT:  Anyone else?
9          Thank you, counsel.  I agree that the proposed
10 additional language is not necessary, and in fact does sound
11 terribly scary.  On the other hand, if it is available, it is
12 publicly available and that means publicly available to anyone.
13 Accordingly, the proposed language is denied.
14         Anything else, counsel?
15         MR.  LEWIN:  Judge, this is Nick Lewin.  Just a
16 clarifying question.
17         THE COURT:  Yes, sir.
18         MR. OIFMENT:  One of the proposed changes by the
19 defendant here related to paragraph 2(d).  It appears to us to
20 have just been a typographical error, but the defendant
21 Ms. Maxwell requested that in the penultimate, or maybe third
22 from final sentence, that there be a small change made to make
23 clear that Original parties that would be filing an opposition
24 to a Non-Party objection to unsealing would be arguing for sort
25 of for unsealing, and we just wanted to confirm that your Honor

K3VQgiuC

1   was planning to make that change suggested by 2(d).
2           THE COURT:  It looks appropriate to me.  I'm sorry I
3   missed it in my list.
4           MR.  LEWIN:  Thank you, Judge.
5           THE COURT:  Thank you.
6           Anyone else?
7           All right, counsel.  We will try to do a brief order
8   reflecting what we've done here today, and we will look forward
9   to your filing the agreed list of decided motions so that that
10  is on the docket sheet within the next day or two.  We will put
11  up the amended protocol and the forms so that those are
12  publicly available as well.
13          Anything else?
14          Counsel, good afternoon, and thank you.
15          (Adjourned)
16
17
18
19
20
21
22
23
24
25