

April 30, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Giuffre v. Maxwell*,
            **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

    The Original Parties jointly write to seek clarification of the following parts of the Protocol for Unsealing Decided Motions, ECF No. 1044:

- Paragraph 2: "[T]he Court will conduct an individualized review of several Sealed Items at a time, thereby allowing the review to proceed on a rolling basis and in a manageable fashion. The Court will review sealed items based on the Non-Party mentioned in the Sealed Materials. For example, for Doe #1, the Court would review each Sealed Item that mentions Doe #1, and would do the same for Does #2, #3, etc. This will allow the Court more easily to manage and review any objections from Non-Parties."

- Paragraph 2(b): "As soon as practicable after the Notification the Original Parties shall confer and shall use their best efforts to cause each Non-Party mentioned in the Sealed Materials to be considered to be served confidentially with the Non-Party Notice."

- Paragraph 2(j): "After objections, responses and replies have been submitted, and any evidentiary hearing held, the Court will . . . will determine whether each Sealed Item shall be (1) unsealed in its entirety, (2) unsealed in redacted form, or (3) kept under seal."

The Original Parties disagree as to whether they should notify all Non-Parties mentioned in the first five motions that the Court has selected for review (Docket Entries 143, 164, 172, 199, and 230 (the "First Five Motions"), *see* ECF No. 1047), or only J. Doe 1 and J. Doe 2. The Original Parties also disagree as to whether, when the Court makes a ruling pursuant to Paragraph 2(j), it will be ruling on whether an *entire document* should be unsealed, or ruling on whether certain *portions* of a document should be unsealed.

    **1.  Plaintiff's Position**

    Plaintiff's position is that the plain meaning of Paragraphs 2(b) and 2(j) suggests that the Original Parties must notify J. Doe 1 and J. Doe 2 along with any other Non-Party mentioned in

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

the First Five Motions (and their accompanying papers) that those documents may be unsealed, and that once all Non-Parties whose name appears in the First Five Motions are notified and have had an opportunity to object, the Original Parties will have the opportunity to respond to any Non-Party objection to the unsealing of an entire document. Then, the Court will rule on whether the document should be "(1) unsealed in its entirety, (2) unsealed in redacted form, or (3) kept under seal." *See* Paragraph 2(j). Under the Defendant's position, the Court would be unable to rule on the unsealing of any of the First Five Motions until each Non-Party is separately noticed in the order that their name appears on the Non-Party list. And each time the Court makes a ruling, it would be ruling only on whether the names of two Does should be unsealed or unredacted in a particular set of documents. That is inconsistent with Paragraph 2(j). And it could take years before the Court could unseal even the First Five Motions.

Docket Entry 143 and its accompanying briefing, for example, contains approximately 15 Non-Party names. The Original Parties and the Court would therefore need to repeat this process 15 times, even if no Non-Party seeks to object to that document's release, and despite the fact that some of the Non-Parties mentioned in Docket Entry 143 might be at the very bottom of the Non-Party list. The Court would need to make 15 separate rulings before Docket Entry 143 is unsealed.

If the Court were to adopt Plaintiff's approach, all Non-Parties mentioned in the First Five Motions would be notified at once, and the Original Parties and the Court could consider all objections to unsealing a particular document together. While that may mean more work up front, it would ultimately make the process move more smoothly because, as the Court moves on to the next set of motions, many Non-Parties mentioned in those motions would have already received the Non-Party Notice. Further, the fact that the Original Parties must notify many Non-Parties at once does not necessarily mean that the Original Parties will need to provide all of those notified Non-Parties with Excerpts—the Original Parties only need to do so for the Non-Parties that actually request the Excerpts.

In any event, if notifying all of the Non-Parties in the First Five Motions at once is too burdensome, Plaintiff is amenable to any proposal that would ease that burden. For example, the Original Parties and the Court could consider fewer than five motions at a time. Or the Original parties could notify the Non-Parties mentioned in the First Five Motions in rounds, notifying only 30 Non-Parties at a time, and then notifying the next 30 Non-Parties two weeks after submitting affidavits of service.

But Plaintiff does not believe that the Court intended the piecemeal approach that Defendant suggests, and instead intended to rule on whether the First Five Motions should be unsealed before moving onto the next five. The public has a presumptive right to access these documents. The Second Circuit remanded this matter nearly 10 months ago. Plaintiff therefore contends that, despite the burdens of this process, the Original Parties should make every effort to ensure that this process proceeds quickly and efficiently. A piecemeal approach would not meet those goals.

### 2. Defendant's Position

Defendant, on the other hand, understood the Court's intent when proposing to "review the documents by Non-Party rather than by motion" (ECF No. 1034 at 3), and to "begin with Doe I and II together" (Mar. 31, 2020 Tr. at 4) to mean that the Court would provide Notice under the Protocol initially to *only* J. Does 1 & 2, provide them upon request with all excerpts of Sealed Items mentioning their names, and then consider their objections if any (and the Parties' and Intervenors' responses to such objections) prior to moving on to Does 3, 4, etc. This reading reflects a review by Non-Party rather than by Motion and comports with the paragraph 2 of the Protocol to "allow the Court more easily to manage and review any objections from Non-Parties." Defendant thus provided the Court (under seal) charts reflecting the pinpoint references to Does 1 & 2 in the First Five Motions. *See* ECF No. 1045 & Sealed Attachments. Counsel for Ms. Maxwell also suggested sending to Does 1 & 2 each of the other Sealed Items that mention them, so that they could review and object one time, rather than several times, a suggestion this Court adopted. (ECF No. 1047 at 2)

Plaintiff's proposal to notify all Non-Parties mentioned in each of the First Five Motions reflects a review "by motion" rather than by Non-Party and would not promote an "easily" managed review.  Notification of not only Does 1 & 2 but each and every other Non-Party mentioned in the First Five Motions and their related pleadings will be staggeringly complex and unmanageable. Docket Numbers 143, 164, 172, 199 and 230, in addition to mentioning Does 1 & 2, also mention 96[1] *other* Non-Parties. Apart from sending out 98 notices at once, each Non-Party would be entitled to receive a redacted excerpt from each of the other pleadings that mention their name.  In the case of the 98 Non-Parties Plaintiff proposes notifying now, the collective number of pleadings which would need to be individually redacted as to each one of the 98 Non-Parties totals *987 pleadings*.  Each of those pleadings would have to be un-redacted to reveal that Non-Party's name or reference, leaving all other redactions for each other Non-Party mentioned in that pleading intact. By way of example, in order to accurately redact the List of Undecided Motions took the Original Parties approximately two weeks, about 20 hours of paralegal time, and two conferral calls. Regardless of the Parties' best efforts, there were multiple errors caught by the other counsel's staff.  Multiplying the length of that process by 987 pleadings shows that it would be utterly impossible to accomplish even 50 pleadings in a 14-day turnaround period, much less 987.

Counsel for Ms. Maxwell respectfully suggests that the Court's Protocol was intended to do as it plainly states, consider Doe #1 and #2 before moving on to Doe #3, etc. This burdens the Parties with giving notice to Doe #1 and 2 of all pleadings (50 or so) that mentions them, which is itself a large task.  The Court could then consider Doe #1 and 2's objections before ordering notice

---

[1]  Plaintiff calculated that the list includes *96* other Non-Parties, approximately 60 of whom are persons only mentioned in Rule 26 Disclosures attached to one or more motions and who otherwise are not mentioned in any other of the First Five Motions or their Related Pleadings.  *See* Doc. 235-13, 249-13.  Apart from the Initial Disclosures, Defendant calculates 35 unique Non-Parties in the First Five Motions, of whom 18 are unique Non-Parties mentioned in Doc. 143, the first of the Five Motions.

be given to #3, etc.  If the first round of review proceeds quickly and smoothly, the Court could add more than two Does to the next round.  Starting with 98 Does and 987 pleadings is simply too much for the Parties to handle at one time.

If the Court is inclined to also notify all other Non-Parties mentioned in each pleading as Plaintiff proposes, then respectfully the Court should reduce the number of motions to be considered at one time.  Doc. 143 mentions about 18 other Non-Parties[2]; notice to those other Non-Parties could occur as to Doc. 143, but not to the other pleadings that mention those other 18 Non-Parties because those pleadings total in the hundreds. The Court could then rule on Doc. 143 and proceed to Doc. 164.  Apart from the fact that this is proceeding on a motion-by-motion rather than a Doe-by-Doe basis, this process would require that the Non-Parties be notified, receive excerpts and object potentially dozens of times each. While potentially manageable for the Court and Parties, it would seem to be a large inconvenience and confusing to the Non-Parties.

Sincerely,

/s/ *Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

/s/

Laura Menninger, Esq.

cc:  Counsel of Record  (via ECF)

---

[2]  By defense counsel's calculation, apart from the Rule 26 Disclosures, the unique number of Non-Parties mentioned in each of the First Five Motions and related pleadings are as follows:  18 (Doc. 143), 28 (Doc. 164); 32 (Doc. 172); 29 (Doc. 199); 27 (Doc. 230).