

Howard M. Cooper
E-mail: hcooper@toddweld.com

June 12, 2020

**Via ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: **Giuffre v. Dershowitz, Case No.: 19-cv-03377-LAP and
     Giuffre v. Maxwell, Case No.: 15-cv-07433-LAP**

Dear Judge Preska:

  I write pursuant to Rule 2.A. of Your Honor's Individual Practices.

  Defendant Alan Dershowitz ("Professor Dershowitz" or "Dershowitz") respectfully requests a pre-motion conference with Your Honor in the above matters to discuss his request that this Court compel Plaintiff Virginia Giuffre ("Plaintiff") and others to produce to him all filings and discovery materials, including third-party discovery, from *Giuffre v. Maxwell*, Civil Action No. 15-07433 ("*Maxwell*").[1] As Your Honor is aware from our initial conference, the discovery in *Maxwell* overlaps substantially with the discovery in Plaintiff's suit against Professor Dershowitz, and its production will promote efficiency and avoid duplication in this case. Plaintiff does not dispute this but takes the position that the Protective Order in *Maxwell* prevents her from producing the requested materials. Likewise, third-party witnesses from whom Professor Dershowitz has sought discovery have already or are expected to raise similar objections. Professor Dershowitz has explained that he is prepared to abide by any applicable court order subject only to reserving the right to seek relief from the Court as to particular items if appropriate, a right which would exist in any event. Through this letter, Professor Dershowitz seeks leave to file a motion in both his case and in *Maxwell* allowing him access to all discovery materials and pleadings in *Maxwell*. Of course, if the Court prefers a different procedural route to accomplish what he requests, then Professor Dershowitz will follow the Court's directive.

  Professor Dershowitz will be brief with respect to the obvious. It is plainly evident that Plaintiff has made relevant here all of the discovery from *Maxwell*. Without limitation, and by example only, Plaintiff has alleged, falsely, that circumstances surrounding Jeffrey Epstein made it obvious to Dershowitz that she was being "trafficked" to him. As we understand it, virtually every witness in *Maxwell* was asked about their percipient knowledge of Epstein's alleged actions. All of this, of course, is separate and aside from discovery in *Maxwell* directed at establishing Plaintiff's lack of credibility and false allegations, which we understand to be substantial. For example, we have a good faith basis to believe that friends, family members and others who were deposed in *Maxwell* gave testimony likely to undermine Plaintiff's credibility here. Likewise,

---

[1] Todd & Weld LLP will handle these matters for Dershowitz in both cases.

Todd & Weld LLP • Attorneys at Law • One Federal Street, Boston, MA 02110 • T: 617.720.2626 • F: 617.227.5777 •
www.toddweld.com



Plaintiff put her reputation (which she contended was destroyed by Ghislaine Maxwell) and her damages at issue in *Maxwell*. Dershowitz is entitled to discover and use that evidence here.

Dershowitz can easily surpass the standard required to access materials under the Protective Order. When there has been "reasonable reliance" on a protective order, modification is justified only upon a showing of an improvidently granted order or "some extraordinary circumstance or compelling need." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)). However, "where the deponent or party could not have reasonably relied on the protective order to continue indefinitely, 'a court may properly permit modification of the order.'" *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 318 (D. Conn. 2009) (quoting *TheStreet.com*, 273 F.3d at 231). To evaluate the reasonableness of reliance, courts consider:

> (1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order. Additional considerations that may influence a court's decision to grant modification include: the type of discovery materials the collateral litigant seeks and the party's purpose in seeking a modification.

*EPDM*, 255 F.R.D. at 318; *see also Tradewinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901 (JFK), 2016 WL 3951181, at *2 (S.D.N.Y. July 20, 2016). The characteristics of the *Maxwell* Protective Order justify modification because reliance on comprehensive and indefinite protection from this Protective Order was not reasonable. First, the Protective Order is a blanket order that covers all private documents without consideration as to whether a specific document actually contains justifiably confidential material. *See* Exhibit A. Second, the Protective Order contains language permitting future modifications. *See id.* at ¶ 14 (allowing modification by the Court "at any time for good cause"). Third, the Court entered a verbatim version of Maxwell's proposed order with no individualized determination for specific documents and allowed parties to make their own designations of confidentiality, widening the gap between the Court's judgment and materials that are actually confidential. *See id.* at ¶ 8; Exhibit B. Finally, parties likely relied on the Protective Order not in exchange for sacrificing a privilege or right of refusal, but instead only to hide embarrassing information. Dershowitz could access the same material through discovery but pursues modification of the Protective Order as a more efficient path. *EPDM*, 255 F.R.D. at 324 ("Certainly if the litigant could access the same materials and deposition testimony by conducting its own discovery, it is in the interest of judicial efficiency to avoid such duplicative discovery.").

Each of these factors gives credence to the conclusion that reliance on the Protective Order was not reasonable, rendering modification an appropriate mechanism for the Court to use to facilitate discovery. However, even if reliance was reasonable, Dershowitz is able to show a "compelling need" under *Martindell* because his subpoenas for the same information will result in duplicative and wasteful discovery. *Soros*, 2016 WL 3951181, at *2 ("Without modification of the



Protective Order, the same discovery materials will likely have to be reviewed and re-produced, needlessly causing duplication of effort and extra expense.").

The following is a list of objections or responses based upon the Protective Order in *Maxwell* which Professor Dershowitz has received pursuant to his document and subpoena requests. Professor Dershowitz anticipates additional similar objections to his other subpoenas.

- **Alan Dershowitz's First Request for Production of Documents to Virginia L. Giuffre, Request 2:** *All Documents and Communications concerning Your allegations in the Complaint in this Action.* Plaintiff responded: "[A]ssuming the Court grants leave, Plaintiff will produce to Defendant the document production received from Ghislaine Maxwell in the *Giuffre v. Maxwell* matter, which is currently subject to the protective order in that case." *See* Exhibit C.
- **Alan Dershowitz's Subpoena to Paul G. Cassell, Request 14:** *All Documents previously produced by You in Giuffre v. Maxwell, 15-cv-07433 (S.D.N.Y.)*. Cassell "also objects because these documents are under seal by court order in the U.S. District Court for the Southern District of New York." *See* Exhibit D.
- **General objections based on confidentiality and privacy:** Plaintiff and non-parties Paul Cassell, Stanley Pottinger, and Boies Schiller Flexner LLP all generally object to document and subpoena requests based on confidentiality and privacy obligations which would naturally encompass objections based on the *Maxwell* Protective Order. Plaintiff makes similar objections in her interrogatory responses.

Professor Dershowitz has conferenced these matters with Plaintiff in good faith and it is necessary for the Court to resolve them. Plaintiff does not oppose the Court granting Dershowitz access under the Protective Order in the *Maxwell* case to any discovery or other filings from that case the Court deems are relevant to issues in dispute in this case. If the Court deems that any additional discovery or filings from the *Maxwell* matter are relevant to this case and orders their production, Plaintiff will of course comply with that Court order.

Respectfully submitted,

/s/ Howard M. Cooper
Howard M. Cooper

cc:   All counsel of record, via ECF