# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>        Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>        Defendant. | Civil Action No. 19-cv-03377-LAP |
| ALAN DERSHOWITZ,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>        Counterclaim Defendant. | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Virginia Giuffre, by and through her counsel, provides the following Responses and Objections to Defendant Alan Dershowitz's First Request for Production of Documents ("Requests" or "RFPs") as follows:

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the Requests to the extent that they attempt to impose obligations on Plaintiff beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or any applicable order of the Court.

2.      Plaintiff objects to the Requests to the extent that they rely on definitions or rules of construction that are broader than the uniform definitions contained in Local Civil Rule 26.3.

3.      Plaintiff objects to the Requests to the extent that they use or contain words or phrases that are vague and/or ambiguous.

4.      Plaintiff objects to the Requests to the extent that they seek the disclosure of information that is not within the scope of Federal Rule of Civil Procedure 26, not relevant, material or necessary to this action, and not likely to lead to the discovery of admissible evidence.

5.      Plaintiff objects to the Requests to the extent they seek information not reasonably in Plaintiff's possession, custody, or control.

6.      Plaintiff objects to the Requests insofar as they seek the disclosure of information that is subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others. To the extent that Plaintiff agrees or is ordered to disclose information in response to these Requests, such disclosure shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

7.      Plaintiff objects to these Requests to the extent they seek personal and private information of any individual, the disclosure of which is prohibited by federal, state or local law, rule or regulation.

8.      Plaintiff objects to these Requests to the extent that they are unreasonably cumulative, duplicative, or redundant.

9.      Plaintiff objects to these Requests to the extent that they are disproportionate to the needs of the case.

10.     Plaintiff objects to these Requests to the extent that they call for the disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, that contains privileged attorney-client communications, including privileged

2

information or documents shared with entities with which Plaintiff holds or held a common interest, or that is otherwise protected from disclosure under applicable privileges, laws, or rules.

11.     Plaintiff objects to these Requests on the grounds that they are overbroad to the extent that they seek privileged communications such as the communications by and between Plaintiff and her counsel since the filing of the Complaint. Such a demand places an undue burden on Plaintiff because it would require her to log voluminous and ever-increasing privileged communications between Plaintiff and her counsel as the prosecution of this case continues. Likewise, Plaintiff objects to the Requests as overly burdensome to the extent they would require logging voluminous privileged documents between Plaintiff and her counsel related to *Giuffre v. Maxwell*, Case No. 15-cv-07433-RWS (Southern District of New York); *Jane Doe #1 and Jane Doe #2 v. United States,* Case No. 08-80736-CIV-Marra (Southern District of Florida); *Bradley Edwards and Paul Cassell v. Alan Dershowitz*, Case No. CACE 15-000072, (Seventeenth Judicial Circuit, Broward County, Florida); and *Jane Doe No. 102 v. Jeffrey Epstein*, Case No, 09-80656-CIV-Marra/Johnson (Southern District of Florida). Based on this objection, Plaintiff objects to and does not intend to produce a privilege log of her communications with counsel related to the prosecution of this Action and the cases identified above.

12.     Plaintiff objects to these Requests to the extent they seek publicly available documents that are as readily identifiable and obtainable by Defendant as Plaintiff.

13.     Plaintiff objects to these Requests to the extent they call for the production of documents or information that is already in the possession, custody, or control of the Defendant.

14.     Plaintiff objects to these Requests to the extent that they are duplicative of documents or subpoenas that were served or will be served by or on other entities, including but not limited to the Subpoena served on Boies Schiller Flexner on December 5, 2019.

15.     Plaintiff objects to the Definitions of "You," "Your" and "Giuffre" as overbroad particularly to the extent they intend to sweep Plaintiff's counsel into the definition. Consistent with Local Civil Rule 26.3, Plaintiff will construe these terms to exclude other non-affiliated persons acting at the direction, under the control of, or on behalf of Plaintiff.

16.     Plaintiff objects to the Definition of "Your Attorneys" because it includes names of attorneys that do not and have not represented her.

17.     Plaintiff objects to the Definition of "concerning" as overbroad and will construe the phrase consistent with Local Civil Rule 26.3.

18.     Plaintiff objects to Instruction 1 to the extent it attempts to place obligations on her to obtain documents that are not in her custody or control by compelling production from third-parties.

19.     Plaintiff objects to Instructions 2-5. Any productions will be made in accordance with a protocol to be agreed upon among the parties.

20.     Plaintiff objects to Instructions 11 and 14 as unduly burdensome as they seek to place obligations on Plaintiff spanning a 22-year period.

21.     Plaintiff objects to the Requests to the extent that they use terms not defined in the "Definitions." The objections to any defined term are incorporated by reference at every instance of the use of that term in the Requests.

22.     Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's rights to rely on other facts or documents not produced in response to these Requests.

23.     In responding to these Requests, Plaintiff does not waive or intend to waive her right to object to the admission of any answer in evidence at any proceeding, hearing, or trial.  Plaintiff

reserves the right to object on all grounds to the introduction of any evidence covered or referred to in the responses below.

24.     Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

25.     By agreeing to search for and produce documents in response to a request, Plaintiff is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

26.     By objecting to a request, Plaintiff is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

## SPECIFIC RESPONSES AND OBJECTIONS

**1.     All Documents that you consulted or referred to in answering Dershowitz's First Set of Interrogatories.**

**RESPONSE:**  In addition to the General Objections set forth above, Plaintiff objects to this Request because Defendant's Interrogatories violate Local Rule 33.3. Plaintiff further objects to this Request in that it seeks information protected by the attorney-client privilege and the attorney work-product privilege.

Subject to and without waiving these objections, Plaintiff directs Defendant to Plaintiff's Initial Disclosures and documents served on December 16, 2019 and December 30, 2019 and the list of Plaintiff's medical providers served on December 30, 2019.

**2.     All Documents and Communications concerning Your allegations in the Complaint in this Action.**

**RESPONSE:**  In addition to the General Objections set forth above, Plaintiff objects to this Request as over broad. As written, this Request would sweep in potentially scores of

documents with little to no relevance to the disputed issues in this case and would impose
burdens on Plaintiff that are disproportionate to the needs of this case. Plaintiff further objects to
this Request to the extent it calls for the production of privileged communications and/or
documents protected by the attorney-client, attorney work-product, or other applicable privileges.
Plaintiff also objects to this Request to the extent it calls for the production of publicly available
documents, such as news stories, media reports, etc. that are as readily available to Defendant as
they are to Plaintiff. In responding to this Request, Plaintiff will not be logging privileged
communications that post-date the filing of the Complaint or producing publicly available
materials such as those cited in the Complaint.

Subject to and without waiving these objections, Plaintiff responds that as part of her
Initial Disclosures, Plaintiff produced to Defendant the entirety of her document production in
*Giuffre v. Maxwell* and her non-party production of documents in *Edwards v. Dershowitz*. In
addition, Plaintiff produced a copy of her depositions in the *Giuffre v. Maxwell* case, records from
Mar-a-Lago, flight logs, and the non-party production from Victims Refuse Silence in the *Giufffre
v. Maxwell* matter. In searching for and producing responsive emails in the *Giuffre v. Maxwell*
matter, which were included in the production already provided to Defendant, Plaintiff employed
search terms that would capture documents and communications in her email account related to
Defendant. For example, Plaintiff used the following search terms: "Alan," "Dersh%," and "AD."
Thus, Plaintiff, with the exceptions noted below, objects to searching her emails anew for the time
period prior to August 24, 2015 when her email was collected for the *Giuffre v. Maxwell* matter as
responsive, non-privileged emails would already be part of the prior *Maxwell* production, which
has already been provided to Defendant. However, Plaintiff is willing, subject to an agreement on
an appropriate production protocol and search terms, to update these prior productions with
responsive, non-privileged documents and communications that were either created or obtained

6

since those productions were made, and to do a non-date-limited search for emails and

attachments containing the following search terms that were not included in the search protocol in

the *Giuffre v. Maxwell* case – Farmer, Ransome, Rodriguez, Boylan, Brown, Bruck, Zeiger,

Kessler, Alexander, Lang, Reiter, Stratton, Barak and Kessler (taken from the list of individuals

identified in Defendant's Request No. 5). In addition, assuming the Court grants leave, Plaintiff

will produce to Defendant the document production received from Ghislaine Maxwell in the

*Giuffre v. Maxwell* matter, which is currently subject to the protective order in that case. Plaintiff's

willingness to run these search terms and produce materials from the *Giuffre v. Maxwell* matter

should not be construed as an agreement that any of the terms or materials are relevant.

> **3.**     **All Documents and Communications referenced in your Complaint or**
> **Answers to Interrogatories.**

> **RESPONSE:**  In addition to the General Objections set forth above, Plaintiff objects to

this Request to the extent it seeks the production of publicly available materials, which Defendant

can access based on the citations and references provided by Plaintiff in her Complaint and which

do not require production by Plaintiff. Plaintiff likewise objects to this Request to the extent it

calls for the production of materials that are already in Defendant's possession such as his own

deposition testimony, correspondence sent to Defendant or Defendant's lawyers, or

documentation that Defendant would have by virtue of his prior representation of Jeffrey Epstein.

> Subject to and without waiving these objections, Plaintiff directs Defendant to the

materials produced as part of her Initial Disclosures in this case. For the statements in Paragraph

20 of the Amended Complaint for which a specific citation was not provided, Plaintiff directs

Defendant to the news article available at www.cnn.com/2015/01/05/europe/prince-andrew-sex-abuse-

allegations/index.html; the transcript available at www.cnn.com/TRANSCRIPTS/1501/05/cnnt.02.html;

and Defendant's deposition testimony and deposition exhibits in the *Edwards v. Dershowitz*

matter. For the statement in Paragraph 35 for which a specific citation was not provided, Plaintiff directs Defendant to https://www.axios.com/newsletters/axios-sneak-peek-570398b2-a21c-428e-a8f8-a7d3dabeb30e.html. For the quote in Paragraph 59 for which a specific citation was not provided, Plaintiff directs Defendant to https://www.law.com/americanlawyer/almID/1202715316005/?slreturn=20200021150317. The information in Paragraph 74 is based on confidential documentation that Plaintiff cannot disclose absent a court order from the court in Ms. Ransome's case against Jeffrey Epstein's estate. In addition, Plaintiff is producing herewith the deposition transcript of Adriana Ross taken in *Jane Doe v. Jeffrey Epstein*, No. 08-cv-80893-CIV.

   4.     **All Documents and Communications that You contend refute Dershowitz's defenses in his Answer and claims in his Counterclaim in this Action.**

   **RESPONSE:**  In addition to the General Objections set forth above, Plaintiff objects to this Request as premature in that Defendant has not served his amended Answer and Counterclaims. This Request is also premature because discovery in this case is in its infancy and Plaintiff is still in the process of compiling all of the evidence that refutes Defendants various claims and allegations. Plaintiff further objects to this Request because it calls for the identification of her attorneys' work-product.

   Subject to and without waiving these objections, Plaintiff responds that she has produced thousands of pages of documents and deposition testimony that refute Defendant's defenses and claims in his Counterclaim in this Action and will supplement this production as noted in response to Request No. 2. Any more detailed identification of specific documents or information that will be used to refute Defendant's answer and claims will be done after discovery is completed and pursuant to any case management order and pretrial schedule set by the Court for disclosing experts, witnesses, exhibits, etc.

5.      **All Documents concerning any Communications with any of the following individuals or their attorneys, agents or representatives:**

      a.  **Dershowitz;**

      b.  **Epstein;**

      c.  **Ghislaine Maxwell;**

      d.  **Maria Farmer;**

      e.  **Sarah Ransome;**

      f.  **Juan Alessi;**

      g.  **Alfredo Rodriguez;**

      h.  **Anthony Figueroa;**

      i.  **Rebecca Boylan;**

      j.  **Sharon Churcher;**

      k.  **Julie Brown;**

      l.  **Connie Bruck;**

      m. **Bill Richardson;**

      n.  **George Mitchell;**

      o.  **Thomas Pritzker;**

      p.  **Leslie Wexner;**

      q.  **Abigail Wexner;**

      r.  **John Zeiger;**

      s.  **Glenn Dubin;**

      t.  **Prince Andrew;**

      u.  **Ehud Barak;**

      v.  **Marvin Minsky;**

    **w.  Patrick Kessler;**
    **x.  Any witness identified in Your Rule 26(a) disclosures;**

    **y.  Any witness identified in Your Answers to Interrogatories.**

**RESPONSE:**  In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad. As written this Request would call for any document concerning any communication any of the 23 specifically identified individuals and any additional individuals identified in Plaintiff's Initial Disclosures or Interrogatory Responses may have had on any subject whatsoever whether related to this case or not. Plaintiff further objects to this Request as including individuals who are not relevant to Plaintiff's allegation that Defendant sexually abused her and defamed her or Defendant's denial of those allegations. This Request is also objectionable to the extent it seeks documents protected from disclosure by the attorney-client, work-product, common interest, or any other applicable privilege.

Subject to and without waiving these objections, Plaintiff will supplement her prior production from the *Giuffre v. Maxwell* matter as noted in response to Request No. 2. by producing any non-publicly available, non-privileged communications in Plaintiff's possession with or about any of the above identified individuals regarding issues relevant to this action that postdate the prior production.

    **6.**    **All photographs or video containing any image of You and the following individuals:**

    **a.  Dershowitz;**

    **b.  Epstein**

    **c.  Ghislaine Maxwell;**

    **d.  Bill Richardson;**

    **e.  George Mitchell;**

    f.   **Thomas Pritzker;**

    g.   **Leslie Wexner;**

    h.   **Glenn Dubin;**

    i.   **Prince Andrew;**

    j.   **Ehud Barak;**

    k.   **Marvin Minsky;**

    l.   **Bill Clinton;**

    m.  **Al Gore;**

    n.   **Tipper Gore.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request as seeking information and documents that are not relevant to this action or designed to lead to the discovery of relevant information. Subject to and without waiving these objections, Plaintiff responds that she has already produced all relevant documents in her possession as part of her production in the *Giuffre v. Maxwell* matter.

**7.** **All photographs and video of You in any of Epstein's properties, including but not limited to his properties in: Palm Beach, Florida; New York City, New Mexico, and the U.S. Virgin Islands.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request as seeking information and documents that are not relevant to this action or designed to lead to the discovery of relevant information.  Subject to and without waiving these objections, Plaintiff responds that she has already produced all relevant documents in her possession as part of her production in the *Giuffre v. Maxwell* matter.

**8.** **All Documents concerning Your Employment at the Mar-a-Lago Club.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here.  Subject and

without waiving those objections, Plaintiff responds that she has already produced to Defendant the records she has regarding her employment at the Mar-a-Lago Club including information showing that the Mar-a-Lago Club was open for business in the Spring/Summer of 2000 when Plaintiff has testified she met and was recruited by Ghislaine Maxwell.

9.     **All Documents concerning any Employment by You from January 1, 1998 to present.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced all relevant documents in her possession as part of her production in the *Giuffre v. Maxwell* matter.

10.     **A copy of Your federal, state or local tax returns for the years 1998 to the present, whether from the United States or any other country.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production in *Giuffre v. Maxwell* matter the tax records she had through 2016. Plaintiff will conduct a reasonable search for additional responsive documents that post-date the *Maxwell* production and produce any such documents to Defendant.

11.     **All Documents concerning Victims Refuse Silence, including any organizing documents, financial records, any form 990 or other similar tax documents, and any Documents reflecting Income You received from the organization.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production from non-party Victims Refuse Silence in the *Giuffre v. Maxwell* matter records responsive to this Request. Plaintiff will conduct a reasonable search for additional responsive documents in her possession that post-date the *Maxwell*

production and produce any such documents to Defendant. This request, however, is more properly directed to Victims Refuse Silence, and Plaintiff is not representing that she has all documents that may be in that non-party's possession.

      12.    **Any diary, journal or calendar concerning Your activities from 1998 to 2002.**

      **RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production in the *Giuffre v. Maxwell* matter provided as part of Plaintiff's Initial Disclosures all documents in her possession responsive to this Request.

      13.    **All Documents concerning Your travel from 1998 to 2002, including but not limited to a copy of Your passport, any visa issued to you, any visa application prepared or submitted on your behalf, and any travel itinerary, receipts, logs or other Documents evidencing your Travel during that time period.**

      **RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production in the *Giuffre v. Maxwell* matter provided as part of Plaintiff's Initial Disclosures all documents in her possession responsive to this Request.

      14.    **All Documents which demonstrate that You met Dershowitz.**

      **RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request as premature in that discovery is ongoing. Plaintiff reserves the right to supplement her response as additional information and documents are discovered.

      Subject to and without waiving these objections, Plaintiff responds that she has already produced to Defendant as part of the documents provided with Plaintiff's Initial Disclosures all documents in her possession responsive to this Request including but not limited to Plaintiff's deposition testimony from the *Giuffre v. Maxwell* matter.

15.     **All Documents showing any Income You received from Epstein or any of his agents or associates from 1998 to the present.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it is vague and ambiguous because Epstein's "agents or associates" are not defined or listed as part of the Request. Plaintiff objects to this Request on the grounds that it seeks irrelevant information. Plaintiff also objects to this Request to the extent Defendant intends to include any settlements with Epstein or any of his agents or associates in the definition of "Income." Plaintiff is interpreting this Request to not include such settlement payments.

Subject to and without waiving these objections, Plaintiff responds that she has been unable to locate any such documents.

16.     **All Documents concerning the terms of Your engagement of any of Your Attorneys.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request as seeking irrelevant and immaterial information not designed to lead to the discovery of relevant information. Plaintiff also objects to this Request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains protected attorney-client communications, including privileged information or documents shared with entities with which Plaintiff holds a common interest.

Subject to and without waiving these objections, Plaintiff responds that she understands that Boies Schiller Flexner ("BSF") will be producing all engagement letters between BSF and Plaintiff. Plaintiff will also produce her engagement letter with Cooper & Kirk, PLLC. These are the only attorneys representing Plaintiff in this Action. Plaintiff objects to providing any additional information on the grounds noted above.

17.    **All Documents concerning Communications with Your Attorneys concerning Dershowitz.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it calls for the production of privileged documents irrelevant to this litigation. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. In accordance with Rule 34(b)(2)(C), Plaintiff states that she is withholding all responsive documents on the basis of the objections contained herein and objects to providing a privilege log due to the burdensome and harassing nature of this Request.

18.    **All Documents concerning Communications with Your Attorneys concerning Leslie Wexner.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it calls for the production of privileged documents irrelevant to this litigation. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action.  In accordance with Rule 34(b)(2)(C), Plaintiff states that she is withholding all responsive documents on the basis of the objections contained herein and objects to providing a privilege log due to the burdensome and harassing nature of this Request.

19.    **All Documents concerning any confidentiality agreement, settlement agreement, or other contractual agreement of any kind between You and any of the following individuals:**

   a.  **Epstein**

   b.  **Ghislaine Maxwell;**

   c.  **Bill Richardson;**

      **d.   George Mitchell;**

      **e.   Thomas Pritzker;**

      **f.    Leslie Wexner;**

      **g.   Glenn Dubin;**

      **h.   Prince Andrew;**

      **i.   Ehud Barak;**

      **j.   Marvin Minsky;**

      **k.   Bill Clinton;**

      **l.   Al Gore;**

      **m.  Tipper Gore.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it seeks irrelevant information not proportionate to the needs of this case and not designed to lead to the discovery of relevant or admissible information. Plaintiff also objects to this Request to the extent compliance with it would require her to violate the terms of any such confidentiality, settlement or contractual agreement.

Subject to and without waiving these objections, Plaintiff responds that she has already produced to Defendant her settlement agreement with Jeffrey Epstein as part of her confidential deposition testimony in the *Giuffre v. Maxwell* matter. Plaintiff is prohibited by the terms of the settlement agreement reached with Ghislaine Maxwell in resolving the *Giuffre v. Maxwell* matter from disclosing that agreement without both an order of a court in a court proceeding after in-camera review by the Court and notice and an opportunity to be heard by all of the parties to the settlement agreement. Assuming those conditions are satisfied, Plaintiff has no objection to producing that settlement agreement. Plaintiff has no other agreements with any of the parties listed in this Request.

**20.    All Documents concerning any prescription drugs taken by You from 1998 to**

**present, including the prescribing doctor, dates of prescription, and the dates of fulfillment of any such prescription.**

RESPONSE:  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production in the *Giuffre v. Maxwell* matter records responsive to this Request. Plaintiff will conduct a reasonable search for additional responsive documents that post-date the *Maxwell* production.

21.     **All records concerning any treatment for any physical, mental or emotional condition which You sought or received from any Health Care Provider from 1998 to present.**

RESPONSE:  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production in the *Giuffre v. Maxwell* matter records responsive to this Request. Plaintiff will conduct a reasonable search for additional responsive documents that post-date the *Maxwell* production.

22.     **All Documents which reference the following individuals by name or other description:**

  a.  **Dershowitz;**

  b.  **Epstein;**

  c.  **Ghislaine Maxwell;**

  d.  **Maria Farmer;**

  e.  **Sarah Ransome;**

  f.  **Juan Alessi;**

  g.  **Alfredo Rodriguez;**

  h.  **Anthony Figueroa;**

  **i. Rebecca Boylan;**

  **j. Sharon Churcher;**

  **k. Julie Brown;**

  **l. Connie Bruck;**

  **m. Bill Richardson;**

  **n. George Mitchell;**

  **o. Thomas Pritzker;**

  **p. Leslie Wexner;**

  **q. Abigail Wexner;**

  **r. John Zeiger;**

  **s. Glenn Dubin;**

  **t. Prince Andrew;**

  **u. Ehud Barak;**

  **v. Marvin Minsky;**

  **w. Bill Clinton;**

  **x. Al Gore;**

  **y. Tipper Gore;**

  **z. Patrick Kessler;**

  **aa. Any witness identified in Your Rule 26(a) disclosures;**

  **aa. Any witness identified in Your Answers to Interrogatories.**

  **RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks irrelevant information, information that is publicly available and thus equally as available to Defendant as it is to Plaintiff, privileged information that is protected from disclosure by the

attorney-client, attorney work-product, common interest and other applicable privileges. Plaintiff also objects to this Request to the extent it is duplicative of and/or overlaps with other Requests. Because it is unclear what information that is different from that which is requested in Request Nos. 2, 3, 4, and 5 Defendant is seeking in this Request, Plaintiff objects on the grounds that this renders this Request vague and ambiguous and thus not subject to response.

23.     **All Documents concerning the Persons to whom you claim you were sexually trafficked by Epstein, including but not limited to the unnamed Persons referenced in your pleadings filed in the CVRA Action.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client and attorney work-product privileges or the common interest or other applicable privileges. Plaintiff further objects to this Request on the grounds that it seeks irrelevant information and that it is designed for the sole purpose of harassing and intimidating Plaintiff, who was a victim of sexual trafficking. Plaintiff also objects to this Request on the grounds that naming some such individuals would jeopardize her physical safety based on credible threats to the same.

Subject to and without waiving these objections, Plaintiff refers Defendant to information provided as part of her confidential deposition in the *Giuffre v. Maxwell* matter and to documents produced as part of Plaintiff's Initial Disclosures.

24.     **All Documents concerning any Communications by You or on Your behalf with any media outlet.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects on the grounds that this Request seeks information and documents protected by the attorney-client and attorney work-product privileges.

19

Subject to and without waiving these objections, Plaintiff responds that she has provided Defendant with this requested information as part of the document production from the *Giuffre v. Maxwell* matter. Plaintiff will supplement her prior production from the *Giuffre v. Maxwell* matter as noted in response to Request No. 2. by producing any non-publicly available, non-privileged communications in Plaintiff's possession that postdate that production.

  25. **All Documents concerning any Income received by you from any media outlet.**

  **RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request to the extent it seeks information and documents protected by the attorney-client and attorney work-product privileges.

Subject to and without waiving these objections, Plaintiff responds that she has provided Defendant with this requested information as part of the document production from the *Giuffre v. Maxwell* matter. Plaintiff will supplement her prior production from the *Giuffre v. Maxwell* matter as noted in response to Request No. 2. by producing any non-publicly available, non-privileged communications in Plaintiff's possession that postdate that production.

  26. **All Documents concerning any actual or potential book, television, movie or other media deal concerning your allegations about being sexually trafficked by Epstein.**

  **RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request to the extent it seeks information and documents protected by the attorney-client and attorney work-product privileges.

Subject to and without waiving these objections, Plaintiff responds that she has provided Defendant with this requested information as part of the document production from the *Giuffre v. Maxwell* matter. Plaintiff will supplement her prior production from the *Giuffre v. Maxwell* matter as noted in response to Request No. 2. by producing any non-publicly available, non-privileged communications in Plaintiff's possession that postdate that production.

27.     **All Documents concerning any damages you claim to have suffered as a result of the Alleged Defamation by Dershowitz.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it is premature. The Court has not entered a case management or pretrial order setting deadlines for the disclosure of experts and the exchange of expert reports, which will likely include a damages expert. Plaintiff also objects to this Request to the extent it suggests, contrary to the law in New York, that defamation per se as alleged in this case doesn't presume damages or that special damages need to be plead and proven.

Subject to and without waiving these objections, Plaintiff responds that she has produced numerous documents as part of her production in the *Giuffre v. Maxwell* matter that was provided to Defendant as part of Plaintiff's Initial Disclosures that support her claims for damages. To the extent additional documents are identified, they will be produced. Plaintiff also anticipates offering expert testimony on this issue and will provide that testimony and supporting documents at the times specified by the Court.

28.     **All Documents concerning statements made by You concerning in any way the allegations contained in the Complaint, Answer or Counterclaim.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it is overbroad to the extent it seeks documents that are publicly available and documents protected by the attorney-client privilege, attorney work-product privilege, and other applicable privileges. Plaintiff also objects to this Request to the extent it is duplicative of and/or overlaps with other Requests. Because it is unclear what information that is different from that which is requested in Request Nos. 2, 3, 4, and 5 Defendant is seeking in this Request, Plaintiff objects on the grounds that this renders this Request vague and ambiguous and thus not subject to response.

29.     **All Documents concerning statements made by any non-party concerning the allegations contained in the Complaint, Answer or Counterclaim.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it is overbroad to the extent it seeks documents that are publicly available and documents protected by the attorney-client privilege, attorney work-product privilege, and other applicable privileges. Plaintiff also objects to this Request to the extent it is duplicative of and/or overlaps with other Requests. Because it is unclear what information that is different from that which is requested in Request Nos. 2, 3, 4, and 5 Defendant is seeking in this Request, Plaintiff objects on the grounds that this renders this Request vague and ambiguous and thus not subject to response.

30.     **All documents provided to any expert in this Action.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request as premature. The Court has not yet entered a case management or pre-trial order, and the deadline for identifying testifying experts is currently unknown. Plaintiff also objects to the extent the Request could be read to create obligations broader than and inconsistent with Rule 26(a)(2) of the Federal Rules of Civil Procedure such as by suggesting that there is an obligation to produce documents, including protected attorney work product, provided to non-testifying, consulting experts.

Subject to and without waiving these objections, Plaintiff responds that in accordance with whatever schedule is ultimately set by the Court, consistent with the requirements of Rule 26(a)(2), and to the extent not already produced, Plaintiff will produce documents relied upon by her testifying experts.

31.     **All documents concerning reports You have received from experts, consultants or other professionals, concerning any of the allegations, claims or defenses at**

issues in this Action.

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request as premature. The Court has not yet entered a case management or pre-trial order, and the deadline for identifying testifying experts is currently unknown. Plaintiff also objects to the Request as vague and ambiguous. It is unclear what additional documents or information Defendant is seeking beyond what is required by Rule 26(a)(2) of the Federal Rules of Civil. Plaintiff also objects to the extent the Request could be read to create obligations broader than and inconsistent with Rule 26(a)(2) of the Federal Rules of Civil Procedure such as by suggesting that there is an obligation to produce documents, including protected attorney work product, provided to non-testifying, consulting experts.

Subject to and without waiving these objections, Plaintiff responds that in accordance with whatever schedule is ultimately set by the Court, consistent with the requirements of Rule 26(a)(2), and to the extent not already produced, Plaintiff will produce the expert reports and documents relied upon by her testifying experts.

**32.    The curriculum vitae of each expert whom you expect to call at trial in this Action.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request as premature. The Court has not yet entered a case management or pre-trial order, and the deadline for identifying testifying experts is currently unknown.

Subject to and without waiving these objections, Plaintiff responds that in accordance with whatever schedule is ultimately set by the Court, consistent with the requirements of Rule 26(a)(2), Plaintiff will produce a curriculum vitae or similar document for each expert she expects to call at trial.

**33.    Any and all documents considered or relied upon by any expert whom you**

intend to call at trial of this Action.

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request as premature. The Court has not yet entered a case management or pre-trial order, and the deadline for identifying testifying experts is currently unknown. Plaintiff also objects to the Request as vague and ambiguous. It is unclear what additional documents or information Defendant is seeking beyond what is required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Plaintiff responds that in accordance with whatever schedule is ultimately set by the Court, consistent with the requirements of Rule 26(a)(2), and to the extent not already produced, Plaintiff will produce documents relied upon by her experts.

**34.** **All Documents and Communications you intend to rely upon on [sic] introduce into evidence at trial of this Action.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request as premature. Discovery in this matter is ongoing, and the Court has not yet entered a case management or pre-trial order, and the deadline for identifying exhibits is currently unknown.

Subject to and without waiving these objections, Plaintiff responds that in accordance with whatever schedule is ultimately set by the Court, consistent with the obligations imposed by the Federal Rules of Civil Procedure and the Local Rules, Plaintiff will provide Defendant with an exhibit list, and to the extent not already produced, copies of whatever exhibits Plaintiff intends to affirmatively rely upon at trial.

**35.** **All Documents and Communications received pursuant to subpoenas issued to non-parties in connection with this Action.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she currently has not served any subpoenas in this Action, but when and if subpoenas are served, Plaintiff will comply with the requirements of Rule 45 of the Federal Rules of Civil Procedure and will produce copies of any documents received to Defendant.

36.     **All Documents received pursuant to public records requests to non-parties in connection with this Action.**

**RESPONSE:**  Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff will produce all public records received in response to any public records requests to non-parties in connection with this Action.

Dated:  February 28, 2020

Respectfully Submitted,

By:

Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss *
Haley N. Proctor*
*Admitted Pro Hac Vice
COOPER & KIRK, PLLC
1523 New Hampshire Ave. N.W.
Washington, D.C. 23006
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
nmoss@cooperkirk.com
hprocter@cooperkirk.com

*Counsel for Plaintiff, Virginia Giuffre*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 28TH day of February, 2020, I served the attached document via e-mail and U.S. Mail, postage pre-paid, to the following counsel of record:

> Arthur L. Aidala
> Imran H. Ansari
> AIDALA, BERTUNA & KAMINS, P.C.
> 546 5th Ave
> New York, NY 10036
> Tel: (212) 486-0011
> Fax: (212) 750-8297
> arthur@aidalalaw.com
> iansari@aidalalaw.com
>
> Howard M. Cooper
> Christian G. Kiely
> TODD & WELD LLP
> One Federal Street, 27th Floor
> Boston, MA 02110
> (617) 720-2626
> hcooper@toddweld.com
> ckiely@toddweld.com

*Counsel for Defendant, Alan Dershowitz*

By: _____
        Nicole J. Moss