# Exhibit D

LAW OFFICES
# HATCH LAW GROUP
A PROFESSIONAL CORPORATION
22 EAST 100 SOUTH, SUITE 400
SALT LAKE CITY, UTAH 84111
TELEPHONE: (801) 869-1919

BRENT O. HATCH

hatch@hatchpc.com

June 10, 2020

*Via electronic mail only*

Saraa Basaria, Esq.
TODD & WELD LLP
One Federal Street
Boston, MA 02110
sbasaria@toddweld.com

      Re: <u>Dershowitz subpoena to Professor Paul G. Cassell</u>

Saraa,

      You granted Professor Cassell until today to send you objections to the Subpoena dated April 27, 2020, in the matter styled *Virginia L. Giuffre v. Alan Dershowitz*, No. 1:19-cv-03377-LAP (S.D.N.Y.). We agreed that after you had time to consider the objections, we would have a meet and confer on Monday June 15 at 9:30amMT/11:30amET. If we are unable to resolve the objections in the meet and confer, we agreed that Professor Cassell would have until June 17, 2020, for his formal response and/or motion to quash.

## **GENERAL OBJECTIONS**

1.     Cassell objects to the Subpoena to the extent that it attempts to impose obligations on him beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Utah, or any applicable order of the Court.

2.     Cassell objects to the Subpoena to the extent that its uses or contains words or phrases that are vague and/or ambiguous.

3.     Cassell objects to the Subpoena to the extent that it seeks the disclosure of information that is not within the scope of Federal Rule of Civil Procedure 26, not relevant, material or necessary to this action, and not likely to lead to the discovery of admissible evidence.

4.     Cassell objects to the Subpoena to the extent it seeks information not in his possession, custody, or control.

5.     Cassell objects to the Subpoena insofar as it seeks the disclosure of information that is subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others. To the extent that Cassell may agree to disclose information in response to the Subpoena, such disclosure, if any, shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

HATCH LAW GROUP
June 10, 2020
Page 2

---

6. Cassell objects to the Subpoena to the extent it seeks personal and private information of any individual, the disclosure of which is prohibited by federal, state or local law, rule or regulation.

7. Cassell objects to the Subpoena to the extent that it is unreasonably burdensome, cumulative, duplicative, redundant, or disproportionate to the needs of the case. Cassell objects to the timeframe specified by Instruction 14 (call for production of materials from 1998 through today) as burdensome and disproportionate. Cassell also objects because the materials sought are not central to the dispute and because Dershowitz has access to many other sources of information on the same subjects.

8. In responding to the Subpoena, Cassell does not waive or intend to waive his right to object to the admission of any answer in evidence at any proceeding, hearing, or trial. Cassell reserves the right to object on all grounds to the introduction of any evidence covered or referred to in the responses below.

9. Cassell objects to the Subpoena to the extent that it calls for the disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, that contains privileged attorney-client communications, including privileged information or documents shared with entities with which Cassell holds or held a common interest, or that is otherwise protected from disclosure under applicable privileges, laws, or rules.

10. Cassell objects to the Subpoena to the extent that it calls for the production of documents or disclosure of information protected by the Utah News Reporter Privilege and the Scholar's Privilege.

11. Cassell objects to the Subpoena to the extent that it seeks the disclosure of information, or the production of documents, that would not be admissible pursuant to Federal Rule of Evidence 408.

12. Cassell objects to the Subpoena to the extent that it is duplicative of documents or subpoenas that were served or will be served by or on other parties in the above-captioned case, including but not limited to requests for production to the Plaintiff in this action.

13. Cassell objects to the Definitions of "You," "Your" and "Cassell" as vague and overbroad as they include other persons not subject to his control.

14. Cassell objects to the Definition of "Giuffre" as vague and overbroad.

15. Cassell objects to the Definition of "concerning" as vague and overbroad.

16. Cassell expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

HATCH LAW GROUP
June 10, 2020
Page 3

---

17. Cassell expressly reserves the right to move to quash or modify the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3).

18. Cassell objects to the Subpoena in its entirety because Dershowitz has made no attempt to or arrangement for the compensation of Cassell for his costs to be incurred in complying with the Subpoena, which should be borne by the party requiring such compliance. Cassell gives notice that if he is required to comply with any part of the Subpoena, he will seek a cost-shifting order to relieve him of the undue burden and expense of compliance.

19. By agreeing to produce documents in response to a request, Cassell is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

20. By objecting to a request, Cassell is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

## SPECIFIC RESPONSES AND OBJECTIONS

Cassell incorporates his General Objections as though fully made in response to each individual Request as set forth below.

**REQUEST NO. 1.** All Documents concerning Communications between You and Giuffre concerning Dershowitz.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 1.**
Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, and other applicable privileges. Cassell also objects that these materials can be sought directly from Ms. Giuffre (or others).

**REQUEST NO. 2.** All Documents concerning Communications between You and Giuffre concerning Wexner.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 2.**
Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges. Cassell also objects that these materials can be sought directly from Ms. Giuffre (or others). Cassell also objects that these materials can be sought directly from Ms. Giuffre (or others).

**REQUEST NO. 3.** All Documents concerning Communications between You and Wexner or any lawyer for Wexner.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 3.**
  Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; and (ii) because it is overboard, unduly burdensome, and disproportionate. Cassell also objects that these materials can be sought directly from Ms. Giuffre (or others).

**REQUEST NO. 4.** All Documents concerning Communications between You and David Boies or any lawyer at Boies Schiller Flexner LLP concerning Giuffre and/or Dershowitz.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 4.**
  Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, and other applicable privileges.

**REQUEST NO. 5.** All Documents concerning Communications between You and any media outlet concerning Giuffre and/or Dershowitz.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 5.**
  Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; and (ii) because it is overboard, unduly burdensome, and disproportionate. Cassell also objects based on the Utah News Reporter Privilege and scholar privilege. Cassell also objects because the request, indirectly, seeks documents protected by the attorney-client privilege and other privileges.

**REQUEST NO. 6.** All Documents concerning Communications between You and any journalist, reporter and/or author concerning Giuffre and/or Dershowitz.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 6.**
  Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; and (ii) because it is overboard, unduly burdensome, and disproportionate. Cassell also objects based on the Utah News Reporter Privilege and scholar privilege. Cassell also objects because the request, indirectly, seeks documents protected by the attorney-client privilege and other privileges.

**REQUEST NO.7.** All Documents concerning Communications between You and the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 7.**
  Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges.

  Subject to the foregoing objections, Cassell states that no such documents exist if the subpoena is construed as seeking documents concerning documents regarding communications

HATCH LAW GROUP
June 10, 2020
Page 5

---

between him and "Patrick Kessler."

**REQUEST NO. 8.** All Documents concerning Communications between You and David Boies concerning the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 8.**
    Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges.

    Subject to the foregoing objections, Cassell states that no such documents exist if the subpoena is construed as seeking documents concerning documents regarding communications between him and David Boies concerning "Patrick Kessler."

**REQUEST NO. 9.** All Documents concerning Communications between You and the New York Times and/or other media outlets concerning the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 9.**
    Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; and (ii) because it is overboard, unduly burdensome, and disproportionate.

    Subject to the foregoing objections, Cassell states that no such documents exist if the subpoena is construed as seeking documents concerning documents regarding communications between him and the New York Times regarding "Patrick Kessler."

**REQUEST NO. 10.** All Documents concerning Communications between You and law enforcement concerning the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 10.**
    Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; and (ii) because it is overboard, unduly burdensome, and disproportionate.

    Subject to the foregoing objections, Cassell states that no such documents exist if the subpoena is construed as seeking documents concerning documents regarding communications between him and the law enforcement regarding "Patrick Kessler."

**REQUEST NO. 11.** All Documents concerning Communications between You and any of the following individuals, their agents, representatives, all persons acting on their behalf, and any and all persons associated with, affiliated with, or controlled by them:
    a. Wexner;
    b. Bill Richardson;
    c. George Mitchell;
    d. Thomas Pritzker
    e. Glenn Dubin;

HATCH LAW GROUP
June 10, 2020
Page 6

---

    f.  Prince Andrew;
    g.  Ehud Barak;
    h.  Marvin Minsky;
    i.  Sarah Ransome;
    j.  Maria Farmer.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 11.**
    Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, and other applicable privileges.

    Subject to the foregoing objections, Cassell states that no such documents exist if the subpoena is construed as seeking documents concerning documents regarding communications between him and the identified individuals above, with the sole exception of Sarah Ransome. All communications with her are directly covered by the attorney-client privilege, common interest privilege, and other protections and privileges identified above.

**REQUEST NO. 12.** All documents concerning the terms of any engagement between You and Giuffre, whether individually or through a law firm.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 12.**
    Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, and other applicable privileges. Cassell also objects that these materials can be sought directly from Ms. Giuffre.

**REQUEST NO. 13.** All Documents previously produced by You in *Edwards and Cassell v. Dershowitz*, Case No. CACE 15-000072 (17th Judicial District, Broward County, Florida).

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 13.**
    Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges. Cassell also objects because Dershowitz already possesses or has access to these documents.

**REQUEST NO. 14.** All Documents previously produced by You in *Giuffre v. Maxwell*, 15-cv-07433 (S.D.N.Y.).

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 14.**
    Cassell incorporates his General Objections as though fully set forth herein.
Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks

HATCH LAW GROUP
June 10, 2020
Page 7

disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges. Cassell also objects because Dershowitz already possesses or has access to these documents. Cassell also objects because these documents are under seal by court order in the U.S. District Court for the Southern District of New York.

**REQUEST NO. 15.** All Documents previously produced by You in response to any subpoena, whether criminal or civil, in any matter related to Epstein.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST NO. 15.**
    Cassell objects to this request (i) because it calls for documents irrelevant to this litigation; (ii) because it is overboard, unduly burdensome, and disproportionate; and (iii) because it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges. Cassell also objects based on the objections to RFPs #14 and #15 above.

    I look forward to discussing your requests and our objections next Wednesday.

                                Sincerely yours,

                                Brent O. Hatch
                      Counsel for Professor Paul G. Cassell

cc:    Darrin Goff, Assistant Attorney General
        Rachel George Terry, Assistant Attorney General
        Utah Attorney General's Office