

**Haddon, Morgan and Foreman,** P.C
Ty Gee

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

June 17, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Mr. Dershowitz's Request for Discovery Subject to Protective Order
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

Defendant Alan Dershowitz in *Giuffre v. Dershowitz*, No. 19-cv-3377 (LAP) filed a request in that case and this one to request a conference. He intends as a non-party to move in this case to modify the Protective Order (Doc.62) so that he has access to "all filings and discovery materials, including third-party discovery." Doc.1058-1, at [1]. There is no basis for such a modification.

Mr. Dershowitz's request is brought on plowed ground. In October 2017 third parties sued by an alleged Epstein victim moved to modify the Protective Order to permit them to "use all evidence" produced by a non-party witness in this case. Doc.924 (filed under seal Oct. 5, 2017). In a sealed opinion this Court denied the motion. It ruled that the Protective Order did not extend beyond the completion of discovery or beyond the termination of the case, which the Court determined had occurred. Sealed Op. 7 (Nov. 14, 2017). Accordingly, the Court concluded, the documents the third parties sought were not subject to the Protective Order. Instead they were in the actual or constructive possession of the parties, since the Protective Order required that upon case termination all documents would be returned to the party designating the documents as confidential. *See id*.

In March 2017 intervenor Cernovich moved for access to materials in this case, including documents produced in discovery. Doc.551; Doc.892, at 4, 9. The Court construed the motion as one to modify the Protective Order, and denied it. Doc.892, at 4-10. It found that "the parties and multiple deponents have reasonably relied on the Protective Order in giving testimony and producing documents including evidence of assault, medical records, and emails," and "[t]hird-party witnesses have done the same." Doc.892, at 6-7. "Protection of confidential discovery in this case is appropriate," the Court concluded. *Id*. at 9.

Honorable Loretta A. Preska
June 17, 2020
Page 2

The Sealed Order and the Court's May 2017 Order were never appealed. They are the law of the case. That doctrine "counsels against revisiting . . . prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Thorn*, 446 F.3d 378, 383 (2d Cir. 2006) (internal quotations omitted), *quoted in United States v. Barnett*, Nos. 90-cr-913 & 19-cv-132, 2020 WL 137162, at *4 (S.D.N.Y. Jan. 13, 2020). Mr. Dershowitz asserts none of these grounds for revisiting the Court's ruling from two and a half years ago.

Mr. Dershowitz plowed some of this ground himself. In August 2016 he moved in the alternative to modify the Protective Order to give him access to discovery. Doc.364. He intended to use the discovery to mount a media campaign to make public a selected portion of the discovery to "defend himself" in the court of public opinion. Doc.364, at 2; *see* Doc.957, at 3. This Court denied the request to modify the Protective Order. Sealed Op. 22-23.

Although Mr. Dershowitz comes before the Court today with a different purpose—to acquire discovery materials in this case to "defend himself," now in his own case—the result must be the same. One, he seeks "all filings" in this case, Doc.1058-1, at [1], but to the extent those filings are not already available to him, they were sealed under an Order that (i) waived the requirement of letter motions seeking leave to file submissions under seal, and (ii) amended the Protective Order to eliminate the requirement of such a letter motion. Doc.348. The Order now is moot.

Even if the law of the case did not apply, Mr. Dershowitz cannot show an "extraordinary circumstance or compelling need," *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001), to modify the Protective Order. This Court's analysis in the three orders discussed above foreclose his pursuit of discovery materials in this case.

Mr. Dershowitz's reliance on *In re Ethylene Propylene Diene Monomer Antitrust Litigation* ("*EPDM*"), 255 F.R.D. 308 (D. Conn. 2009), is misplaced. First, the facts are entirely distinguishable. The lead plaintiff in a Canadian class action suit against the same defendant, DSM, moved to modify the Protective Order to obtain a wide range of discovery materials from the district court case in Connecticut. While the court modified the Protective Order in part, it did so only with respect to "preexisting business documents." 255 F.R.D. at 325. The court expressly held that it would not permit the movant to obtain interrogatory requests and responses, expert reports, or deposition transcripts. *See id.*

*EPDM* underscores the fundamental problem with Mr. Dershowitz's indiscriminate request for all discovery materials in this case. Notwithstanding factual overlap, he is defending against a substantially different lawsuit. Unlike in Mr. Dershowitz's case, the plaintiff in this action falsely alleged Ms. Maxwell was a longstanding and integral part of Mr. Epstein's scheme. So the documents and third party witnesses needed to defend against that claim necessarily are different from those needed to defend against plaintiff's claim against Mr. Dershowitz. Yet he seeks to sweep within his discovery basket every document and every statement by witnesses,

much of which will be wholly irrelevant to the defense of his case. Ms. Maxwell and the third party witnesses—who are not part of Mr. Dershowitz's requested proceeding—reasonably relied on a Protective Order they believed would restrict the use of their documents and their testimony to this case. The Court should honor that reliance.

In the event the Court grants a hearing on Mr. Dershowitz's motion, we respectfully submit that the Court should permit plenary briefing on this important issue and should permit the third parties an opportunity to participate as well. As the Court is aware, some of these third party witnesses were represented at the depositions and presented testimony in reliance on the Protective Order.

The Court should deny the pre-hearing request.

Very truly yours,

Ty Gee

C: Counsel of Record *via* ECF