

Howard M. Cooper
E-mail: hcooper@toddweld.com

June 18, 2020

**Via ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:     <u>Giuffre v. Maxwell, Case No.: 15-cv-07433-LAP</u>

Dear Judge Preska:

      Professor Alan Dershowitz ("Dershowitz") writes in brief reply to Ghislaine Maxwell's letter submitted yesterday. ECF No. 1059.

      Maxwell's position is the height of impracticality.  The evidence Professor Dershowitz seeks from *Giuffre v. Maxwell* is clearly discoverable given the overlapping allegations in the cases at issue, and she does not and cannot argue otherwise.  Indeed, Maxwell ignores that the materials sought are in the custody, possession or control of Plaintiff Virginia Giuffre, whose position is that she will need relief in order to be able to produce any materials the Court deems to be relevant to her lawsuit with Dershowitz.  Maxwell likewise ignores that at least until the Court rules otherwise upon a motion related to specific materials, Dershowitz will comply with the existing protective order. Instead, Maxwell apparently seeks to force Dershowitz and this Court to litigate piecemeal each and every individual subpoena for materials from each and every witness in the *Maxwell* case from whom testimony and documents is sought.  Maxwell seeks to force this path while making no showing whatsoever that the discovery materials Dershowitz seeks from Giuffre are (i) not fairly in Giuffre's hands and discoverable, or (ii) why they would not be discoverable from Maxwell herself.

      Maxwell incorrectly contends that there have been three unsuccessful prior attempts made by non-parties to gain access to documents in *Maxwell*. ECF No. 1059 at 1-2.  She characterizes each of these attempts as failed and then states that this Court's decisions somehow are the law of the case.  Yet, the very standard she cites in her response provides an exception that clearly applies here. *Id.* at 2.  As this Court knows, the Second Circuit spoke directly to the issues of confidentiality and unsealing of documents *in this case* and specifically *vacated* two of the three decisions cited by Maxwell. *Brown v. Maxwell*, 929 F.3d 41, 44 (2d Cir. 2019).  The same ruling uprooted the third opinion mentioned by Maxwell (the so-called "Sealed Opinion"), by rendering unreasonable any reliance on the confidentiality designations associated with the protective order.

      In *Brown v. Maxwell*, the Second Circuit unsealed the summary judgment motion and ordered particularized review of the remaining materials for the purpose of unsealing. *Maxwell*, 929 F.3d at 44-45.  As this Court well knows, the summary judgment briefing contained many of



Hon. Loretta A. Preska
June 18, 2020
Page 2 of 2

the discovery materials that were protected by the protective order the parties supposedly "relied on" in making the productions. Yet, the Second Circuit ordered these materials released to the *public* (not just to another party willing to follow the protective order, as Dershowitz proposes here). In doing so, the Court made it clear that any reliance on the confidentiality designations made to discovery was not reasonable. This is hardly "plowed ground." ECF No. 1059 at 1.

  For these reasons, Dershowitz respectfully requests that the Court proceed with a pre-motion conference regarding his access to discovery from *Giuffre v. Maxwell*.

            Respectfully submitted,

            /s/ Howard M. Cooper
            Howard M. Cooper

cc: All counsel of record, via ECF