UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Virginia L. Giuffre,<br><br>*Plaintiff*,<br><br>v.<br><br>Ghislaine Maxwell,<br><br>*Defendant*. | Case No.: 15-cv-07433-RWS |

**INTERVENORS' JULIE BROWN AND MIAMI HERALD MEDIA CO.'S
RESPONSE TO MAXWELL'S OBJECTIONS TO UNSEALING**

Sanford L. Bohrer
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010
*Attorneys for Intervenors
Julie Brown and Miami Herald Media Company*

Pursuant to this Court's Order and protocol for Unsealing Decided Motions, Intervenors Julie Brown and Miami Herald Media Co. ("Miami Herald") respectfully submit this response to Ms. Maxwell's Memorandum Brief in Support of Her Objections to Unsealing Sealed Materials (Dkt. 1057) ("the Objections").[1]

## ARGUMENT

Ms. Maxwell's objections to the unsealing of Dkt. Entries 143, 164, 172, 199, and 230 (and related submissions) are entirely without merit, and these documents should be unsealed in their entirety. The objections mischaracterize the governing law, including the Second Circuit's ruling in *Brown v. Maxwell*, 929 F.3d 41 (2d. Cir. 2019); rely upon general "alleged countervailing interests" against disclosure that are not supported by the extensive body of case law addressing whether a judicial document may be sealed by the Court; and assert unsubstantiated, generalized, and speculative harms based on the alleged countervailing interests that are insufficient to outweigh the presumption of access to these judicial documents.

As set forth in detail below, there is no basis identified in the Objections for the Court to continue sealing Dkt. Entries 143, 164, 172, 199, and 230 (and related docket entries identified by Ms. Maxwell).

### I. Ms. Maxwell Mischaracterizes *Brown v. Maxwell*.

Ms. Maxwell's filing selectively quotes from the Second Circuit's ruling in *Brown v. Maxwell* in an attempt to minimize the right of access that attaches to all judicial documents. Maxwell's repeated assertion that these documents are entitled to "a minimal presumption of access" is directly contradicted by the Second Circuit's conclusion that "the presumption of access to "materials submitted in connection with, and relevant to, discovery motions, motions *in limine*,

---

[1] Counsel for Intervenors has not seen these documents and submits this response based on the list of Decided Motions prepared by counsel for the Parties and Ms. Maxwell's Objections.

and other non-dispositive motions" is "substantial." *Brown v. Maxwell*, 929 F.3d at 53 (2d. Cir. 2019).

It is also well-established that the party requesting that documents remain sealed bears the heavy burden of demonstrating that there are compelling competing factors that outweigh the presumption of access that attaches to each of the judicial documents at issue here. *See Delta Air Lines, Inc. v. Bombardier, Inc.,* No. 1:20-CV-3025-GHW, 2020 WL 2614704, at *4 (S.D.N.Y. May 22, 2020); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621–22 (S.D.N.Y. 2011). Those factors and the harm of disclosure must be identified with specificity. *Lytle*, 810 F. Supp. 2d at 621–22. None of Ms. Maxwell's Objections meets this heavy burden.

## II.     Ms. Maxwell's General Objections Are Without Merit.

Ms. Maxwell asserts objections based on alleged "countervailing interests" that are not recognized in the extensive body of case law addressing whether a judicial document may be sealed by the Court.

### A.     Reliance on a Protective Order By a Party or Non-Party

Ms. Maxwell argues that, if a party or non-party relies on a protective order or sealing order and provides information in discovery, the information must remain sealed. This is incorrect.

First, courts in this Circuit have routinely ordered unsealing of documents in cases with protective orders or confidentiality provisions. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (unsealing judicial document despite party's claim that it had settled claim to "avoid public disclosure at trial of the temporarily sealed documents"); *Bernsten v. O'Reilly,* 307 F. Supp. 3d 161 (S.D.N.Y. 2018) (unsealing documents submitted in support of motion to compel arbitration despite parties' agreement to file them under seal); *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F.Supp.2d 409, 414 (S.D.N.Y. 2014) (holding the fact that the agreement

2

"contains a confidentiality clause is not binding here, given the public's right of access to 'judicial documents'").[2] Courts do so, recognizing that "[t]he presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties…" *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 334 (S.D.N.Y. 2012).

And second, here, the plain terms of the Protective Order do not support Maxwell's reliance argument. The Protective Order at issue specifically provided that it would "have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial." Dkt. 39-1, at 6. Therefore, the Protective Order contemplated certain information becoming public at trial, and any party's reliance on the Protective Order to prevent all sensitive information from becoming public is unfounded.

### B. Prevention of the Abuse of Court Records and Files

Ms. Maxwell again mischaracterizes *Brown v. Maxwell* in stating that the Court should use sealing orders to prevent abuse of court records and files. In *Brown v. Maxwell*, the Second Circuit's instruction that courts should manage their dockets to ensure that court filings are not abused was made in the context of providing *alternatives* to sealing, which the Court noted are "often preferable" to sealing, including "explaining on the record that the statements appear to lack credibility" and striking from the record materials that are "redundant, immaterial, impertinent, or

---

[2] The case relied on by Maxwell is not to the contrary. Instead, *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 297 (2d Cir. 1979), addresses only whether reliance on a valid protective order may be a considered as a countervailing interest to disclosure. But here, the Second Circuit has already held that the protective order was not valid, as implemented. *See Brown v. Maxwell*, 929 F.3d 41 (2d. Cir. 2019). Therefore, *Martindell* is not applicable. Further, in later cases, the Second Circuit limited *Martindell*'s ruling to cases involving documents that were not "judicial documents" subject to a presumption of access. *See United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995).

3

scandalous." *Brown*, 929 F.3d at 49 n.28, 51-52. Ms. Maxwell's argument, here, turns that reasoning on its head.

Ms. Maxwell also provides no basis for her conclusory statements that the documents at issue were "abusively filed" court records and files.

### C. Annoyance, Embarrassment, Oppression, and Undue Burden

Rule 26 allows protective orders to issue that allow the sealing of materials upon a showing of good cause that they are likely to cause annoyance, embarrassment, oppression, or undue burden. *See* Fed. R. Civ. P. 26; *Brown*, 929 F.3d at 51.

Simply stating that questions were "intrusive" or "embarrassing," however, is insufficient to meet the good cause standard of Rule 26, especially when the allegations at issue in the litigation concern the sexual abuse of young girls at the hands of the wealthy and powerful. Framing allegations of sexual abuse as "private" protects perpetrators at the expense of victims. The Miami Herald's coverage of Mr. Epstein's and his associates' alleged crimes has nothing to do with consensual sexual preferences and everything to do with the abuse of young girls, whether that crime was justly prosecuted or, instead, whether it was quietly dispensed with by the legal system to protect the reputations of well-connected adults. This is not information that could be reasonably characterized as exposing Ms. Maxwell to "annoyance" or "embarrassment" in a way that could support continued sealing under the good cause standard of Rule 26.

### D. Rights of Suspects Under Criminal Investigation

Ms. Maxwell also claims that the mere existence of criminal investigations into Mr. Epstein and his associates' conduct warrants the sealing of materials because it is "unclear who are witnesses or targets of any investigation." Dkt. 1057, at 6. The cases she relies on stand for the general proposition that documents may sometimes be sealed to protect the integrity of criminal

4

investigations. *See United States v. Longueuil*, 567 F.App'x 13, 16 (2d Cir. 2014) (finding it was not an abuse of discretion to allow continued sealing of discovery materials that were not judicial documents and that reflected sensitive information about cooperating witnesses and the government's investigative methods and techniques); *Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725 (2d Cir. 2017) (noting generally that protection of ongoing investigations and safety of witnesses may be countervailing interests).

However, Ms. Maxwell's generalized assertion that there are ongoing criminal investigations is wholly insufficient to warrant sealing. *See United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013) (denying request to seal in high-profile case and noting "[t]here will be no surprises to the potentially accused by the revelations of their names. Interference with ongoing investigations will be of almost no significance."). Further, it is completely unreasonable to allow Ms. Maxwell – a potential target of investigations – to assert this as a "countervailing interest" under the circumstances. This would lead to an absurd result in which court documents that could shed light on how Mr. Epstein's alleged crimes were kept secret for so long would be sealed to protect the perpetrators at the expense of victims and the public.

### E. Improper Submission of Documents

Ms. Maxwell contends that documents submitted for a "non-merits purpose" should remain sealed or redacted if there is any interest in sealing or redaction. The case she cites, *SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001), does not support this argument, nor are Intervenors aware of any case supporting this position. This position is directly in conflict with *Brown v. Maxwell*.

All of the documents at issue appear to have been submitted to the Court for purposes of an adjudication call upon the court to exercise its Article III powers and are judicial documents.[3] Ms. Maxwell's arguments to the contrary are wholly unsupported.

### F.  Untrustworthy, Unreliable, and Incorrect Information

Ms. Maxwell contends that material submitted to the court should not be unsealed because it is untrustworthy, unreliable, and incorrect. Again, Ms. Maxwell offers little support for those conclusions, relying on hearsay requirements found in the Federal Rules of Evidence.[4]  This argument conflates the admissibility requirements and sealing requirements. *See Burton v. Zwicker & Assocs.*, No. CV 10-227-WOB-JGW, 2012 WL 12925759, at *1 (E.D. Ky. Sept. 24, 2012) ("[D]efendant cites no authority—nor has the Court independently located any—which supports the sealing of documents based upon alleged evidentiary problems."); *Krause v. Rhodes*, 535 F. Supp. 338, 354 (N.D. Ohio 1979), *aff'd*, 671 F.2d 212 (6th Cir. 1982) ("It is not a ground for a protective order as suggested by deponents' counsel, that the depositions contain hearsay answers or answers whose relevancy or competency might be suspect. The test of the propriety of a discovery deposition question or answer is not admissibility at trial, nor is admissibility at trial the test for entry of the depositions into the public domain.").

---

[3] Additionally, Ms. Maxwell's reference to issues that were briefed in various undecided motions *in limine* put those motions at issue.  Therefore, under the Court's January 13, 2020 Order, these motions should also be unsealed.  *See* Dkt. 1018.

[4] While Ms. Maxwell is correct that the *Amodeo II* court allowed some portions of a report containing hearsay to be sealed, it did so on the basis of specific assertions regarding the material, rather than the generalized assertions Ms. Maxwell offers.

### III. The Specific Objections for Each of the Documents at Issue Also Do Not Justify Sealing.

Notwithstanding the 17-page brief submitted by Maxwell, she has failed to identify with the required specificity any countervailing interest sufficient to overcome the substantial presumption of access. Instead, Maxwell repeatedly cites generalized concerns and asks the Court to broadly continue to seal entire documents based on those generalized concerns. These alleged "countervailing interests" are wholly insufficient to support the continued sealing of documents in this case. *See New York v. Actavis*, PLC, No. 14 CIV. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (citing *Lugosch*, 435 F.3d at 124) (decisions to seal must be supported by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim").

#### A. Dkt. 143 and Related Submissions

Ms. Maxwell contends that these pleadings all concern Plaintiff's attempt to compel Ms. Maxwell to answer intrusive questions about her sex life. However, the related exhibits and submissions appear to be much broader and include deposition transcripts, a "Flight Log Summary Chart" and flight logs, and police reports.

None of the reasons Ms. Maxwell identifies warrants sealing these materials:

- J. Does 1 and 2 have not asserted any objections with regard to these materials, despite receiving notice and an opportunity to be heard.

- Sexual content alone is insufficient to justify continued sealing of Ms. Maxwell's deposition transcript. This case concerns allegations of sexual assault and trafficking of minors. There is no recognized privacy interest in allegations of sex trafficking. Any privacy interest Ms. Maxwell may have is substantially outweighed by the public interest

7

- in disclosure, which will shed light on the abuse of young girls and women—and the system that allowed the abuse to continue.

- There is no support for Ms. Maxwell's claims that the third-party depositions are unreliable. She simply claims that her counsel did not cross-examine the witnesses under oath. But this is the hearsay standard, not the sealing standard. *See* Section II.F.

- Whether Ms. Maxwell is identified as a "suspect, a perpetrator, or participant" in the police reports is irrelevant to whether the police reports should be unsealed. Additionally, the police reports are public records under Florida's Sunshine Act. *See* Fla. AG Advisory Opinion AGO 80-96 ("…crime and arrest reports are not exempt from the inspection provisions of the Public Records Law…"). This lends additional support to the release of these documents in full here.

**B.     Dkt. 153-1, Exhibits 4, 5, 6 and 7**

Ms. Maxwell claims that the third-party depositions are unreliable and inadmissible. Again, this is not the correct standard for sealing. *See* Section II.F.

**C.     Dkt. 172 and Related Submissions**

Ms. Maxwell contends that this request was filed for an improper purpose because it could "have been a straightforward request by Plaintiff to exceed the presumptive 10 deposition limit set by the Court." Dkt. 1057, at 8. What this filing could have been is irrelevant to the Court's analysis: The relevant inquiry turns on what it was.

Ms. Maxwell does not dispute that the Plaintiff made this request to the Court seeking judicial action and that the Court acted. The remaining arguments that Ms. Maxwell makes, including that these are not judicial documents, are all addressed above and/or are non-sequiturs.

**D.     Dkt. 199 and Related Submissions**

For the reasons set forth above, there is no basis for continuing to seal these documents. *See* Sections II.A, B, C, D.

Further, Ms. Maxwell's claim that the Court's ruling on these documents is premature because they name other third parties who have not yet received notice is inconsistent with the Court's note in Dkt. 1053.  There, the Court said that it was "amenable to unsealing portions of documents mentioning non-parties rather than waiting to unseal the entirety of a given document until all non-parties have provided input."  Intervenors ask that the Court follow the approach set forth in Dkt. 1053.

### E. Dkt. 164 and Related Submissions

It appears the Court has received no objections regarding these submissions, and they should be released (as to J. Does 1 and 2).

### F. Dkt. 230 and Related Submissions

It appears the Court has received no objections regarding these submissions, and they should be released (as to J. Does 1 and 2).

## CONCLUSION

For all of the foregoing reasons, Intervenors respectfully request that this Court unseal in their entirety Dkt. entries 143, 164, 172, 199, and 230 and their related submissions (as they pertain to J. Does 1 and 2).

Dated: New York, New York
       June 24, 2020

Respectfully submitted,

/s/ Christine N. Walz
Sanford L. Bohrer
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010
*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*