**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIRGINIA L. GIUFFRE,

       Plaintiff,                Case No.: 15 Civ. 7433 (LAP)

v.

GHISLAINE MAXWELL,

       Defendant.

_____/

**PLAINTIFF'S BRIEF IN OPPOSITION TO MAXWELL'S OBJECTION TO**
**UNSEALING DOCKET ENTRIES 143, 164, 172, 199, & 230**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

**I.    All Documents at Issue are Judicial Documents Entitled to a Presumption of Public Access.** ......................................................................................................................... 5

**II.    The Court Should Unseal Portions of Docket Entries the Second Circuit Already Released.** ....................................................................................................................... 6

**III.    The Court Should Unseal Portions of Documents Mentioning Doe 1 and Doe 2.**.... 6

**IV.    The Court Should Unseal Docket Entry 143 and Related Docket Entries.** ............. 8

    A.    "Personal" Information in Maxwell's Deposition Transcript Does Not Warrant Continued Sealing. .......................................................................................................... 9

    B.    The Potential for "Media Abuse" Does Not Warrant Continued Sealing. ................. 9

    C.    The Protective Order Does Not Warrant Continued Sealing.................................... 10

    D.    The "Abuse of Court Records and Files" Does Not Warrant Continued Sealing. ... 12

    E.    "Annoyance, Embarrassment, Oppression, and Undue Burden" Do Not Warrant Continued Sealing. ......................................................................................................... 13

    F.    A Criminal Investigation Does Not Warrant Continued Sealing............................. 14

V.    The Court Should Unseal Docket Entry 164 and Related Docket Entries. ..................... 14

VI.    The Court Should Unseal Docket Entry 172 and Certain Related Docket Entries........... 15

    A.    Docket Entry 172 ..................................................................................................... 15

    B.    Docket Entry 173-6.................................................................................................. 16

    C.    Docket Entries 203, 211, 224.................................................................................. 17

VII.    The Court Should Unseal Docket Entry 199 and Certain Related Docket Entries........... 18

VIII.    The Court Should Unseal Docket Entry 230 and Related Docket Entries ...................... 19

CONCLUSION.................................................................................................................... 19

# TABLE OF AUTHORITIES

*Bernsten v. O'Reilly*,
    307 F. Supp. 3d 161 (S.D.N.Y. 2018) ................................................................. 13

*Brown v. Maxwell*,
    929 F.3d 41 (2d Cir. 2019) ..................................................................... *passim*

*In re Coordinated Pretrial Proceedings*,
    101 F.R.D. 34 (C.D. Cal. 1984) ........................................................................ 11

*In re Omnicom Grp., Inc. Sec. Litig.*,
    No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311 (S.D.N.Y. Oct. 23, 2006) ......................... 5

*In re Parmalat Sec. Litig.*,
    258 F.R.D. 236 (S.D.N.Y. 2009) ............................................................... *passim*

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) ................................................................. 10, 11, 12

*Lytle v. JPMorgan Chase*,
    810 F. Supp. 2d 616 (S.D.N.Y. 2011) ........................................................ *passim*

*Martindell v. Int'l Tel. & Tel. Corp.*,
    594 F.2d 291 (2d Cir. 1979) ............................................................................ 10

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ......................................................................................... 3

*Prescient Acquisition Grp., Inc. v. MJ Public Trust*,
    487 F. Supp. 2d 374 (S.D.N.Y. 2007) ................................................................. 9

*S.E.C. v. TheStreet.Com*,
    273 F.3d 222 (2d Cir. 2001) ............................................................................ 10

*United States v. Amodeo*,
    44 F.3d 141 (2d Cir. 1995) ............................................................................... 2

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995) ............................................................................. 9

*United States v. Huntley*,
    943 F. Supp. 2d 383 (E.D.N.Y. 2013) ................................................................. 9

*United States v. Massino*,
    356 F. Supp. 2d 227 (E.D.N.Y. 2005) ................................................................. 3

*United States v. Sattar*,
  471 F. Supp. 2d 380 (S.D.N.Y. 2006) ...................................................................... 19

*VR Optics, LLC v. Peloton Interactive, Inc.*,
  No. 16-CV-6392 (JPO), 2019 WL 2121690 (S.D.N.Y. May 15, 2019) ................................... 5

*Wolinsky v. Scholastic Inc.*,
  900 F. Supp. 2d 332 (S.D.N.Y. 2012) .................................................................. 13

iv

Pursuant to Paragraph 2(f) of the Court's Order and Protocol for Unsealing Decided Motions (ECF No. 1044), Plaintiff Virginia Giuffre files this Brief in Opposition to Maxwell's Objection to Unsealing Docket Entries 143, 164, 172, 199, and 230.  ECF Nos. 1056, 1057.

## PRELIMINARY STATEMENT

Maxwell's objection is a blatant attempt to stall the unsealing process by creating unjustified obstacles and inducing this Court into a pattern of delay that will ensure the documents in this case, which are clearly subject to a presumption of public access, never see the light of day. To be clear, the two Does at issue have not raised any objection to the unsealing of these materials. It is only Maxwell who objects.

In objecting to the unsealing of *any document* related to Docket Entries 143, 164, 172, 199, and 230 (or "the first five motions"), Maxwell has illustrated the very problem that Plaintiff pointed out in the Original Parties' April 30, 2020 joint letter to the Court.  *See* ECF No. 1052.  Because only Doe 1 and Doe 2 have received notice of potential sealing thus far, and because the first five motions contain the names of various other Non-Parties, Maxwell contends in her objection that the Court cannot unseal *any* of the first five motions or their related docket entries until each Non-Party is separately noticed in the order that their name appears on the Non-Party list.  *Id.* at 1-2.  Under Maxwell's approach, the public will not have access to those documents, to which they have a First Amendment right of access, for years.  And if Maxwell's meritless objections prevail, the public will *never* have access to those documents.

Recognizing Plaintiff's concern, the Court stated in its May 1, 2020 Order that the Court would be "amenable to unsealing <u>portions</u> of documents mentioning non-parties rather than waiting to unseal the entirety of a given document until all non-parties have provided input."  ECF No. 1053 at 1 (emphasis in original).  Yet Maxwell now asks the Court to keep every document related to motions 143, 164, 172, 199, and 230—more than 80 total documents—under seal *in*

1

*their entirety* until every Non-Party listed therein receives notice and has an opportunity to request excerpts and object.  This is despite the fact that Doe 1 and Doe 2 did not even request excerpts of the documents in which their names appear, let alone file objections to unsealing.  Maxwell's objections are inconsistent with the Court's May 1, 2020 Order, the presumption of public access to documents, and the Second Circuit's instructions when it remanded this matter nearly a year ago.  Further, Maxwell's objections are extraordinarily general and vague, and cannot defeat the First Amendment presumption of public access as to any document. [1]

## <u>ARGUMENT</u>

The party seeking to seal documents has the burden of demonstrating "that the interests favoring non-access outweigh those favoring access."  *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995) ("*Amodeo I*").  Accordingly, Maxwell bears the "burden of demonstrating that such documents should be sealed," thereby rebutting the presumption of public access.  *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621 (S.D.N.Y. 2011); *see also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection.").  "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244; *see also* Tr. of Jan. 16, 2020 Conf. at 7:9-12, 21-23 ("[W]hat we are looking for from you is a specific

---

[1]     Plaintiff is cognizant of the Court's directive not to file lengthy briefs on every document throughout the course of the unsealing process.  Tr. of Jan. 16, 2020 Conf. at 7:11-14.  Plaintiff has therefore attempted to keep her opposition concise, and attached as Exhibit A hereto a summary chart of her position as to each document for ease of reference.  In future oppositions to objections to unsealing, Plaintiff will refer back to relevant portions of this brief instead of re-briefing issues multiple times.  Further, Plaintiff files this brief with the same understanding as Maxwell—that the Original Parties are afforded six pages *per document. See* Maxwell Mem. at 1 n.1.  If the Court's understanding is different, Plaintiff will submit a corrected, six-page brief.

explanation of why the document should remain sealed or the redactions should continue specific to that document. I think that's what the Court of Appeals told us we have to do.").

Maxwell's general, non-specific arguments that certain documents are, for example, "personal," "intrusive," "embarrassing," or "unreliable" are woefully inadequate to meet her burden of overcoming the First Amendment presumption of public access. Maxwell's failure is especially jarring in light of the public's interest in this litigation, which involved voluminous documents and testimony about Jeffrey Epstein's transcontinental sex-trafficking operation and documents concerning various public agencies' utter failure to protect and bring justice to his victims. *See United States v. Massino*, 356 F. Supp. 2d 227, 235 (E.D.N.Y. 2005) (recognizing that law enforcement's efforts "to stamp out organized crime in this District" were "a matter of vital public concern" and that the public had "a legitimate interest in being able to review materials that helped to ensure that the reputed boss of a notorious organized crime family will spend the rest of his natural life in a federal prison"); *see also Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597-98 (1978) ("The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies.").

Maxwell's present objection to unsealing the first five motions is now Maxwell's third attempt at using vague arguments describing high-level categories of countervailing interests to keep the docket in this case under seal. *See* Sealed December 5, 2019 Letter (providing the Court with a list of broad and vague categories of reasons for maintaining nearly all of the motion papers in this matter under seal); *Brown v. Maxwell*, No. 18-2868, Dkt. 149 (2d Cir. Mar. 19, 2019) (listing in a cursory fashion several reasons that the summary judgment materials should remain under in response to the Second Circuit's order to show cause). Her consistent failure to adhere to the

Second Circuit's directive to provide *specific reasons* as to why *specific documents* should remain shielded from the public demonstrates that she cannot articulate such specific reasons and cannot meet her burden.

Further, the central allegations underlying this case—that Maxwell recruited Plaintiff into a sex-trafficking network and participated in the recruitment and abuse of many others—are no secret and have been available to the public for years.  *See, e.g.*, Compl. ¶¶ 8, 9, 18, ECF No. 1.  Absent specific, compelling reasons to seal the first five motions *in their entirety*, Maxwell's objections are meritless.  Accordingly, as a general approach, the Court should unseal the first five motions with only (1) the minimal redactions that the Second Circuit applied to the summary judgment record, *Brown*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (the "*Brown* minimal redactions"), if any are applicable,[2]  and (2) redactions of the names of yet-to-be-noticed Non-Parties if the document reveals non-public information about the Non-Parties that could warrant sealing.  Alternatively, if the Court finds upon review that a document contains no sensitive information about a yet-to-be-noticed Non-Party, or if the document contains only publicly available information about a yet-to-be-noticed Non-Party, the Court could unseal the document with only the *Brown* minimal redactions, if any, without engaging in the notice process.  Either approach would be consistent with the Second Circuit's remand instructions.  For ease of reference, Plaintiff's specific position as to each document at issue is also included in the chart attached to this brief as Exhibit A.

---

[2]     The *Brown* minimal redactions encompass: (1) "personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers;" (2) "the names of alleged minor victims of sexual abuse;" and (3) "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality."  929 F.3d at 48 n.22

I.      **All Documents at Issue are Judicial Documents Entitled to a Presumption of Public Access.**

Judicial documents, or those that are "relevant to the performance of the judicial function and useful in the judicial process," are entitled to a presumption of public access. *Brown*, 929 F.3d at 50. The first five motions to be considered under the Order and Protocol for Unsealing Decided Motions are discovery motions that were resolved by Judge Sweet. ECF No. 1044 at 1. Therefore, as the Second Circuit explained, "[t]he remaining sealed materials at issue here . . . call[ed] upon the court to exercise its Article III powers" and "are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[A]ll documents submitted in connection with, and relevant to, such judicial decision-making" are also entitled to a presumption of public access. *Id.*; *see also VR Optics, LLC v. Peloton Interactive, Inc.*, No. 16-CV-6392 (JPO), 2019 WL 2121690, at *8 (S.D.N.Y. May 15, 2019) (motions to compel and exhibits are judicial documents); ECF No. 1018 at 1 (concluding that "motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches").

As to the weight of the presumption of public access applicable to the first five motions, Maxwell's contention that they are entitled to "the lowest presumption of public access" is incorrect. Maxwell Mem. at 2. The first five motions are all resolved discovery motions. "While adjudication of the ultimate merits of the case arguably triggers the highest degree of protection against sealing, this does not imply that motion papers addressed to a discovery dispute do not trigger the public-access presumption." *In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311, at *4 (S.D.N.Y. Oct. 23, 2006). "[E]rroneous judicial decision-making with respect to such evidentiary and discovery matters can cause substantial harm." *Brown*, 929 F.3d at 50. Further, "a court must still articulate specific and substantial

reasons for sealing such material." *Id.* All of the documents at issue, including motions, briefs, declarations, and exhibits, are therefore judicial documents entitled to a presumption of public access that can only be overcome by specific and substantial reasons for sealing.

## II.   The Court Should Unseal Portions of Docket Entries the Second Circuit Already Released.

The List of Decided Motions that the Original Parties submitted to the Court (ECF No. 1049) contains a column indicating that certain portions of the documents at issue were already unsealed by the Second Circuit. The Court should unseal any portion of the first five motions that is already available to the public.

## III.   The Court Should Unseal Portions of Documents Mentioning Doe 1 and Doe 2.

Pursuant to the Court's May 1, 2020 Order, the Court should "unseal[] portions of documents mentioning [Doe 1 and Doe 2] rather than waiting to unseal the entirety of [the first five motions] until all non-parties have provided input." ECF No. 1053 at 1. Neither Doe 1 nor Doe 2 requested excerpts of the sealed materials that mention their names, and Maxwell has not identified any compelling reason to continue to keep their identities hidden. In fact, Doe 1 and Doe 2's names, as well as their relationships with Jeffrey Epstein and Ghislaine Maxwell, have already been widely publicized, weighing against continued sealing. *See, e.g.*, *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) ("In considering whether sealing is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public."); *Lytle*, 810 F. Supp. 2d at 626 ("While the conduct at issue may be potentially embarrassing to these employees . . . their names are already in the public record, and have been for several years."). Their names, as well as portions of Doe 1's deposition transcripts and statements to law enforcement, were made public when the Second Circuit unsealed the summary judgment record in this matter. Indeed, a quick

Google search of Doe 1 or Doe 2's last name, plus the term "Epstein" or "Maxwell," reveals much of the information about those Non-Parties that is currently under seal.

The only argument that Maxwell makes concerning documents specifically relating to Doe 1 or Doe 2 is that Docket Entries 204-3 and 212-3, identical excerpts from Doe 1's deposition, should remain sealed because "J. Doe 1 made it clear in this deposition that J. Doe 1 did not want any further involvement in this matter and that J. Doe 1 was unable to accurately recall details of the events described as a result of a medical condition."  Maxwell Mem. at 13.[3]  Whether Doe 1 wants to be involved in this matter has no bearing on whether the public has a constitutional right to access excerpts from his deposition that were exhibits to motion papers.  And Maxwell cites no precedent for the proposition that Doe 1's memory is a countervailing interest sufficient to justify continued sealing—Doe 1's medical condition may have been the proper subject of cross-examination, but it does not justify keeping portions of his deposition shielded from the public, which can judge his credibility for itself.  The Court should unseal Docket Entries 204-3 and 212-3.

As to the following docket entries that mention Doe 1 or Doe 2, Maxwell has identified no reason to keep the portions of the documents that mention them under seal.  The Court should unseal them at this time.

| Docket Entry & Page Number(s) |
|:---:|
| 173-6 at 71, 72, 73, 218 |
| 184 at 3 |
| 203 at 2, 5, 6 |
| 211 at 2, 5, 6 |
| 212 at 2 |
| 224 at 2 |

---

[3]      In referring to specific documents, Plaintiff refers to them by the docket entry number that appears on the docket and on the List of Decided Motions.  Plaintiff recognizes that this approach is inconsistent with how Maxwell's brief refers to documents in some places, but believes that her approach is the clearest way to convey her position as to each document to the Court.

| 235-4 at 122, 126, 134, 138 |
| 249-4 at 4, 5 |
| 249-13 at 2 |

Finally, Docket Entry 152 summarizes publicly available statements. Page 6 summarizes (1) Doe 1's statements to law enforcement in a report that is already entirely public and (2) the entirely publicly available deposition testimony of a deceased Non-Party.  That page, at the very least, should unsealed.  Docket Entry 185-3, which mentions J. Doe 1, is already entirely publicly available on the docket of *Doe v. United States*, 08-cv-80736 (S.D. Fla.), and therefore should also be unsealed.

## IV.    The Court Should Unseal Docket Entry 143 and Related Docket Entries.

In addition to unsealing portions of Docket Entry 143 and related docket entries that mention Doe 1 or Doe 2, the Court should unseal Docket Entries 143, 144-1, 144-2, 144-4, 144-5, 144-6, 144-7, 149, 150-1, 152, 153, and 153-1 because Maxwell has failed to meet her burden of identifying specific competing and compelling interests in favor of sealing, and that those interests outweigh the presumption of access.  *See Lytle*, 810 F. Supp. 2d at 621; *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244.  Maxwell contends that the above-listed documents should all remain under seal because they contain "quotes from, summaries of, or portions of transcripts" from Maxwell's deposition and that the subject matter of the documents "is extremely personal, confidential, and subject to considerable abuse by the media."  Maxwell Mem. at 3.  Her arguments are unavailing and insufficient to meet her burden of showing that her deposition transcript or *any* document containing an excerpt from or discussion of her deposition must remain sealed or redacted *in its entirety*.

A.   **"Personal" Information in Maxwell's Deposition Transcript Does Not Warrant Continued Sealing.**

First and foremost, Maxwell's broad and vague claim that the above-listed docket entries contain "personal" information and therefore should remain entirely sealed is unavailing.  But even if Maxwell had provided specific reasons as to why certain portions of her deposition are "personal," "most of the cases in which courts have concluded that the privacy interests of individuals were sufficient to overcome the presumption of access involve illness or sensitive personal financial information." *Lytle*, 810 F. Supp. 2d at 629.  And it is generally the privacy interests of "innocent third parties," not defendants accused of serious misconduct, that "weigh heavily in a court's balancing equation."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*").  Finally, in cases with far reaching public ramifications, like this one, and where there exists "a fair opportunity for the subject to respond to any accusations contained therein," also like this one, countervailing privacy interests "are at the lowest."  *United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013) (internal quotation marks and citations omitted); *see also Amodeo II*, 71 F.3d at 1051 ("[A] court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein.").

B.   **The Potential for "Media Abuse" Does Not Warrant Continued Sealing.**

*Second*, Maxwell vaguely states that the above-listed documents are "subject to considerable abuse by the media."  Maxwell Mem. at 3.  Not only is this vague and not specific enough to satisfy Maxwell's burden of justifying continued sealing, but "a generalized concern of adverse publicity concerning a public figure is [not] a sufficiently compelling reason that outweighs the presumption of access."  *Prescient Acquisition Grp., Inc. v. MJ Public Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (rejecting opposition to unsealing on the basis that the

9

celebrity status of Michael Jackson, a party, would make portions of the record "subject to sensational media accounts").  The fact that the public and the media are interested in this case weighs in favor of unsealing Maxwell's deposition, not against it.

### C.   The Protective Order Does Not Warrant Continued Sealing.

*Third*, Maxwell cites "reasonable reliance on a protective order by a party or non-party" as a reason to keep portions and summaries of her deposition transcript sealed.  Maxwell Mem. at 3-4.  But reasonable reliance on a protective order is not a countervailing interest that alone justifies keeping a document sealed.  *Martindell*, the case on which Maxwell primarily relies, was not about the presumption of public access or sealing.  *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979).  Rather, the issue in that case was the modification of a protective order.  *Id.* at 296. Further, in another case that Maxwell cites, *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 234 (2d Cir. 2001), the Second Circuit explained that "in the case of documents that are *not 'judicial documents'* . . . *Martindell* establishes a strong presumption against public access where it is established that the party claiming privacy has reasonably relied on the protective order." (Emphasis added).  The cases that Maxwell cites say nothing about generalized reliance on a protective order being sufficient to shield *judicial documents* from the public, or whether such reliance can outweigh the preemption of public access.  Absent some other legitimate and specific countervailing interest justifying closure, Maxwell cannot rely on the protective order alone to defeat the presumption of public access to the judicial documents at hand.

But even if "reasonable reliance on a protective order" could alone outweigh the presumption of public access, Maxwell has failed to demonstrate that she relied on the protective order in answering *every single question* during her deposition.  In fact, the Second Circuit squarely addressed and rejected the argument Maxwell currently makes in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  In *Lugosch*, "[t]he district court suggested that [a]

10

confidentiality order was a strong factor against [public] access," but the Second Circuit disagreed and held that the existence of a confidentiality order did not defeat the presumption of public access to judicial documents where the order was an umbrella order and specifically contemplated that relief from its provisions could be sought at any time.  435 F.3d at 125.  The Second Circuit explained that: "umbrella protection should not substantively expand the protection provided by Rule 26(c)(7) or countenanced by the common law of access.  To reverse the burden in this situation would be to impose a significant and perhaps overpowering impairment on the public access right."  *Id.* at 126 (quoting *In re Coordinated Pretrial Proceedings*, 101 F.R.D. 34, 43-44 (C.D. Cal. 1984)).

In this case, as in *Lugosch*, the protective order is an umbrella protective order that "specifically contemplates that relief from the provisions of the order may be sought at any time." *Lugosch*, 435 at 125; ECF No. 62 ¶¶ 11, 14. Maxwell cannot use such an umbrella order to shield the entirety of her deposition from the public. "Given this provision, it is difficult to see how [Maxwell] can reasonably argue that [she] produced documents in reliance on the fact that the documents would always be kept secret."  *See Lugosch*, 435 F.3d at 125.

Contrary to Maxwell's argument, *Brown* is of no help to her here and does not support keeping Maxwell's deposition under seal in its entirety due to the mere existence of a protective order.  Rather, the Second Circuit stated that it would release "a *minimally redacted* version of the summary judgment record" to protect: (1) "personally identifying information;" (2) "the names of alleged minor victims of sexual abuse;" and (3) "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality."  929 F.3d at 48 n.22 (emphasis added). Maxwell has not explained what redactions to her deposition transcript are warranted under the Second

Circuit's criteria, and has provided no reason justifying the above-listed documents remaining sealed *in their entirety*. *See Lugosch*, 435 F.3d at 126 ("[O]n remand, the defendants should have the opportunity to call the district court's attention to any *particular circumstances* surrounding the production of a contested document." (emphasis added)). Maxwell's broad reliance on the protective order does not justify the permanent sealing of her entire deposition transcript.

### D. The "Abuse of Court Records and Files" Does Not Warrant Continued Sealing.

*Fourth*, Maxwell's contention that docket entries related to Docket Entry 143 were improperly submitted or constituted an "abuse of court records and files" is meritless. Maxwell Mem. at 4. Each document at issue was submitted to assist the Court in rendering a decision on a discovery motion. Maxwell has failed to articulate with any specificity whatsoever how each document was an abuse of court records, merely stating that the documents are "textbook examples of materials that should not be submitted to courts because of their potential for abuse." *Id*. Filing excerpts from deposition transcripts or summaries of deposition testimony in connection with discovery motions is commonplace, not an "abuse of court records."

Further, "prevention of the abuse of court records and files" is not a legitimate countervailing interest justifying sealing of documents. After holding that the district court's "failure to conduct an individualized review of the sealed materials" was an abuse of discretion, the Second Circuit in dicta "describe[d] certain methods courts can employ to" *prevent* records from being used to "gratify private spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption." *Brown*, 929 F.3d at 51-52. The Court did not hold that "the abuse of court records and files" is a reason to keep documents shielded from the public after they have already been filed and ruled upon by the court. In fact, *Brown* provided a cautionary

note that the public should recognize that public court filings do not necessarily reflect the court's own findings and should read filings "with discernment."  *Id.* at 53.

E.     **"Annoyance, Embarrassment, Oppression, and Undue Burden" Do Not Warrant Continued Sealing.**

*Fifth*, Maxwell's countervailing interest of "[a]nnoyance, embarrassment, oppression, undue burden" does not explain with specificity why all portions or summaries of Maxwell's deposition must remain under seal.  Maxwell Mem. at 4.  Stating that "[t]he questions were intrusive and embarrassing" is simply not enough to overcome the presumption of public access. *See Lytle*, 810 F. Supp. 2d 616 at 626 (refusing to redact names of targets of harassment and discrimination complaints even though "conduct at issue may be potentially embarrassing to these employees"); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (denying motion to seal where the defendant failed to "explain what conduct may, or may not, be embarrassing or the public ramifications of that conduct"); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 339 (S.D.N.Y. 2012) (holding that the fear that disclosure will cause embarrassment was too "speculative" and "insufficient to justify sealing" (internal quotation marks and citations omitted)).  The fact that this case involves the sensitive subject of child sex abuse does not allow an accused abuser to shield her conduct by claiming embarrassment.

Similarly, the fact that Maxwell's deposition transcript and documents summarizing her deposition contain allegations of misconduct is not enough to warrant continued sealing.  "Were this the standard for sealing, it is difficult to imagine any lawsuit in which any of the papers—starting with the complaint and ending with summary-judgment motions—would not be subject to seal."  *In re Omnicom Grp., Inc. Sec. Litig.*, 2006 WL 3016311, at *2.

### F.       A Criminal Investigation Does Not Warrant Continued Sealing.

*Finally*, Maxwell cites the countervailing interest of "[p]reserving the fundamental rights of suspects or others under criminal investigation" as justifying complete sealing of any document containing portions or summaries of her deposition testimony.  Maxwell Mem. at 5.  She states that she is aware of an investigation "surrounding the alleged conduct of Mr. Epstein," provides no other information, yet states in a conclusory manner that "the sealed testimony or summaries may inappropriately influence potential witnesses or alleged victims."  *Id*.  Maxwell provides no support for her assertion that the criminal justice system would be hindered by the disclosure of her deposition testimony, and she cannot demand blanket sealing based on vague assertions about a criminal investigation.

Maxwell has failed to meet her burden of justifying the continued sealing of Docket Entries 143, 144-1, 144-2, 144-4, 144-5, 144-6, 144-7, 149, 150-1, 152, 153, and 153-1.[4]  The Court should unseal those documents in their entirety, with only any applicable *Brown* minimal redactions and redactions of yet-to-be-noticed Non-Party names if the sealed information about the Non-Parties is sensitive and non-public.

## V.      The Court Should Unseal Docket Entry 164 and Related Docket Entries.

Maxwell stated that she does not object to unsealing Docket Entry 164 and its related docket entries at a later date, but that doing so now would be premature "because various Non-Parties may raise countervailing interests that must be addressed by the Court pursuant to the Protocol."  Maxwell Mem. at 14–15.  In light of Maxwell's failure to identify any reason to keep

---

[4]      Maxwell also contends that the following docket entries should remain under seal:  144-3, 153, 153-2, 153-3, 153-4, 153-5, 153-6, 153-7.  Maxwell Mem. at 5-7.  With the exception of Docket Entry 153, however, which contains only one redaction that can be removed because it poses no countervailing interests, these docket entries are already publicly available on the docket and are not on the List of Decided Motions.

these documents sealed or redacted, Docket Entry 164 and its related docket entries should be unsealed with only any applicable *Brown* minimal redactions and redactions of the names of yet-to-be-noticed Non-Parties if the sealed information about the Non-Parties is sensitive and non-public.[5]

## VI.   The Court Should Unseal Docket Entry 172 and Certain Related Docket Entries

In addition to unsealing portions of Docket Entry 172 and its related docket entries that mention Doe 1 or Doe 2, the Court should unseal Docket Entries 172, 173, 173-6, 189, 190, 190-1, 203, 204, 204-3, 211, 212, and 224 because Maxwell has failed to meet her burden of identifying specific competing and compelling interests in favor of sealing, and that those interests outweigh the presumption of public access.  *See Lytle*, 810 F. Supp. 2d at 621; *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244.   Docket Entries 204-3 and 212-3, excerpts from Doe 1's deposition, are addressed in Part III, *supra*.

### A.     Docket Entry 172

As to Docket Entry 172, Maxwell contends that all redactions should remain in place because the document contains "references" to her deposition testimony and a Non-Party's deposition testimony, and she cites the same countervailing interests discussed in Part IV, *supra.* Maxwell Mem. at 8.  For the same reasons explained above, she has failed to state with specificity why the portions of this document that mention no Non-Party should remain shielded from the public.  Further, the portions of the document that are relevant to Maxwell's deposition (pp. 2-8, 12, 16-17) do not actually summarize Maxwell's testimony, but rather summarize either Plaintiff's public allegations in this matter or questions that Maxwell *failed to answer* during her deposition. Therefore, even if Maxwell's vague references to, for example, "personal" or "embarrassing"

---

[5]     Docket Entries 165-3, 185-2, and 185-15 are already publicly available on the docket of *Doe v. United States*, 08-cv-80736 (S.D. Fla.).

information were valid reasons to keep a document sealed, Docket Entry 172 cannot be said to contain any such "personal" information because it does not list Maxwell's answers to "personal" or "embarrassing" questions. Pages 2 through 8 of Docket Entry 172 should therefore be unredacted.

If the Court declines to unseal pages 2 through 8 in full, the following items in Docket Entry 172 summarize portions of Maxwell's deposition that are already public and should be unsealed. Specifically, each bullet point listed below includes a citation to a page of Maxwell's deposition that is a part of the summary judgment record that the Second Circuit unsealed.

| Publicly Available Item |
| --- |
| Page 6, Bullet Point No. 5 |
| Page 6, Bullet Point No. 6 |
| Page 7, Bullet Point No. 3 |
| Page 7, Bullet Point No. 5 |
| Page 7, Bullet Point No. 10 |

**B.      Docket Entry 173-6**

Docket Entry 173-6 is a full transcript of Maxwell's deposition. Again, instead of providing specific reasons to redact certain portions of her deposition, Maxwell contends the *entire document* must remain under seal because the deposition was "taken under the guarantee of the Protective Order." Maxwell Mem. at 11. For the reasons articulated in Part IV, *supra*, this is simply not how the presumption of public access works. The protective order that governs this case is a blanket order covering any document that the producing party deemed "private," and the contention that Maxwell relied on that protective order in answering each and every deposition question is not reasonable or credible. *See supra* Part IV.C. Maxwell has failed to articulate any specific, compelling reason to keep this entire document, which largely contains questions about the public allegations underlying this case and refusals to answer those questions, under seal and shielded from the public. *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244 ("[B]road allegations of

harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test [for sealing].").  Further, portions of this transcript are already public, as noted on the List of Decided motions.  Docket Entry 173-6 should therefore be unsealed with only the *Brown* minimal redactions, if any are applicable, and of the names of yet-to-be-noticed Non-Parties if the sealed information about the Non-Parties is sensitive and non-public.

### C.   Docket Entries 203, 211, 224

Maxwell contends that the redactions in Docket Entry 203 contain quotations from Non-Party depositions, and thus that all of the redactions should remain in place.  Maxwell Mem. at 12.  But, at a minimum, the following redactions contain no such quotations and do not implicate the privacy interests of any Non-Party, or merely restate the public allegations that Plaintiff made against Maxwell, and can be unsealed:

| Page | Redaction |
|---|---|
| Page 3 | From "The proposed" through "by Defendant." |
| Page 4 | All Redactions (redacted information regarding Non-Party summarizes public portions of his deposition) |
| Page 5 | From "Given that" through "reasonable request." |
| Page 6 | "Ms. Giuffre" through "and that Ms." |
| Page 7 | All Redactions |
| Page 8 | All Redactions |

Docket Entries 211 and 224 are corrected or amended versions of Docket Entry 203, and should be treated similarly.[6]

---

[6]   Maxwell objects to unsealing Docket Entries 173-7, 173-8, and 173-9, Maxwell Mem. at 11, but those documents are not currently sealed and are thus not on the List of Decided Motions. The same is true of Docket Entries 173-1, 173-2, 173-3, 173-4, 173-10, which Maxwell argues are not judicial documents because they contain "various back and forth emails between counsel." Maxwell Mem. at 11-12.  These docket entries are already available to the public in full on the docket.

## VII.   The Court Should Unseal Docket Entry 199 and Certain Related Docket Entries

In addition to unsealing portions of docket entries related to Docket Entry 199 that mention Doe 1 or Doe 2, the Court should unseal Docket Entries 228, 229, 229-2, 229-4, 229-10, 229-11, 249, and 249-4 because Maxwell has failed to meet her burden of identifying specific competing and compelling interests in favor of sealing, and that those interests outweigh the presumption of public access.  *See Lytle*, 810 F. Supp. 2d at 621; *In re Parmalat Sec. Litig*., 258 F.R.D. at 244.[7] As to these documents, Maxwell has summarily stated that these documents should remain sealed because they mention Non-Parties that have yet to receive notice, and that the Court "could determine that the Sealed Materials remain sealed by application of countervailing interests CI-1 through CI-4." Maxwell Mem. at 13.  Yet again, Maxwell has failed to provide any specific reasons to keep these documents entirely under seal that outweigh the presumption of public access.  The Court should therefore unseal docket entries related to Docket Entry 199 in their entirety, with minimal redactions as articulated in *Brown*, if any are applicable, and of the names of yet-to-be-noticed Non-Parties if the sealed information about the Non-Parties is sensitive and non-public.

---

Plaintiff takes no position at this time as to the following docket entries: 173-5; 204-1; 204-2; 212-1; 212-2. Plaintiff, however, points out that the List of Decided Motions notes that the Second Circuit already unsealed various portions of those documents, which may be unsealed in these docket entries as well.

Plaintiff agrees with Maxwell that everything except for the redaction on page 5 of Docket Entry 189 should be unsealed.  Maxwell Mem. at 12.  But because there are no other Non-Parties mentioned in redacted portions of the document, there is no need to wait for further Non-Parties to be noticed to do so.

Plaintiff also agrees with Maxwell that Docket Entries 190 and 190-1 can be unsealed, Maxwell Mem. at 12, with the exception of page 2 of 190-1 because that letter appears to have been included in the filing by mistake.  Because there are no other Non-Parties mentioned in the documents, there is no need to wait for further Non-Parties to be noticed to do so.

[7]   Docket Entry 229-1 is a Non-Party deposition transcript, and Plaintiff takes no position as to that document at this time

18

## VIII.   The Court Should Unseal Docket Entry 230 and Related Docket Entries

Maxwell does not object to unsealing Docket Entry 230 and its related docket entries at later date, but contends that doing so now would be premature "because various Non-Parties may raise countervailing interests that must be addressed by the Court pursuant to the Protocol." Maxwell Mem. at 14-15.   In light of Maxwell's failure to identify any reason to keep these documents sealed or redacted, Docket Entry 230 and its related docket entries should be unsealed with only the *Brown* minimal redactions, if applicable, and redactions of the names of yet-to-be-noticed Non-Parties if the sealed information about the Non-Parties is sensitive and non-public. However, Docket Entries 235-5, 235-6, 235-8, 235-9, 260, 260-1, 260-2, 267, and 268-1 contain Plaintiff's medical records or information about Plaintiff's medical history, and such information should remain sealed or redacted.  *See United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) (noting that a party's medical records implicate a privacy interest that would warrant redaction or sealing). [8]

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should reject Maxwell's objection to keeping Docket Entries 143, 164, 172, 199, and 230 sealed in their entirety at this time, and unseal or unredact them as directed by the Second Circuit.

---

[8]     Docket Entries 235-7 and 268-2 are Non-Party deposition transcript, and Plaintiff takes no position as to those docket entries at this time.  The Second Circuit has, however, already unsealed certain pages of the deposition at Docket Entry 268-2, as noted in the List of Decided Motions.

Dated:  June 24, 2020

Respectfully Submitted,

/s/ Sigrid S. McCawley

Sigrid S. McCawley
(Pro Hac Vice)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

*Counsel for Plaintiff Virginia Giuffre*

**Exhibit A**
**Plaintiff's Position on Docket Entries 143, 164, 172, 199, & 230**

| Docket Entry | Plaintiff's Position |
|---|---|
| **143: Plaintiff's Motion to Compel Defendant to Answer Deposition Questions** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **144** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **144-1** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **144-2** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **144-4** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **144-5** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **144-6** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **144-7** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **149** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **150** | • Unseal in its entirety (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Parties) |
| **150-1** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• Unseal remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **152** | • Unseal portions summarizing Doe 1's public statements (pg. 6)<br>• Unseal portions summarizing deceased Non-Party's public statements (pg. 6) |

**Exhibit A**
**Plaintiff's Position on Docket Entries 143, 164, 172, 199, & 230**

| | |
|---|---|
| | • Unseal remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **153** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **153-1** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **164: Defendant's Motion to Compel all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **165** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **165-3** | • Unseal in full (document is already public) |
| **165-8** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **165-10** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **165-11** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **184** | • Unseal portions mentioning Doe 1 or Doe 2 (pg. 3)<br>• Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **185** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **185-2** | • Unseal in full (document is already public) |
| **185-3** | • Unseal in full (document is already public) |
| **185-11** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• Unseal remainder of document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **185-13** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |

**Exhibit A**
**Plaintiff's Position on Docket Entries 143, 164, 172, 199, & 230**

| | |
|---|---|
| **185-14** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **185-15** | • Unseal in full (document is already public) |
| **185-16** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **194** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **194-3** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **172: Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any)<br>• In the alternative, at a minimum, unseal bullets summarizing Maxwell's public deposition testimony |
| **173** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **173-5** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• No position as to the remainder of the document |
| **173-6** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• Unseal portions mentioning Doe 1 or Doe 2 (pg. 71, 72, 73, 218)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **189** | • Unseal everything except for redaction on page 5 until Non-Party deponent receives notice |
| **190** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **190-1** | • Unseal everything except for inadvertently included letter on page 2 |
| **203** | • Unseal portions mentioning Doe 1 or Doe 2 (pp. 2, 5, 6)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |

**Exhibit A**
**Plaintiff's Position on Docket Entries 143, 164, 172, 199, & 230**

| | |
|---|---|
| **204** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **204-1** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• No position as to the remainder of the document |
| **204-2** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• No position as to the remainder of the document |
| **204-3** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **211** | • Unseal portions mentioning Doe 1 or Doe 2 (pp. 2, 5, 6)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **212** | • Unseal portions mentioning Doe 1 or Doe 2 (pg. 2)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **212-1** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• No position as to the remainder of the document |
| **212-2** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• No position as to the remainder of the document |
| **212-3** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **224** | • Unseal portions mentioning Doe 1 or Doe 2 (p. 2)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **199: Plaintiff's Motion for Extension of Time to Complete Depositions** | • N/A (not currently sealed or redacted) |
| **228** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **229** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |

**Exhibit A**
**Plaintiff's Position on Docket Entries 143, 164, 172, 199, & 230**

| | |
|---|---|
| **229-1** | • No position |
| **229-2** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **229-4** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **229-10** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **229-11** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **248** | • No position |
| **249** | • Unseal in full (no applicable *Brown* minimal redactions or yet-to-be-noticed Non-Party names) |
| **249-4** | • Unseal portions mentioning Doe 1 or Doe 2 (pp. 4, 5)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **249-13** | • Unseal portions mentioning Doe 1 or Doe 2 (p. 2)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **249-14** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **249-15** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **230:**<br>**Defendant's Motion to Reopen Deposition of Plaintiff Virginia Giuffre** | • Keep redactions of information related to Plaintiff's medical history<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |

**Exhibit A**
**Plaintiff's Position on Docket Entries 143, 164, 172, 199, & 230**

| | |
|---|---|
| **235** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **235-4** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• Unseal portions mentioning Doe 1 or Doe 2 (pp. 122, 126, 134, 138)<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **235-5** | • Medical records on pages 5-12 should remain sealed<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **235-6** | • Keep sealed |
| **235-7** | • No position |
| **235-8** | • Keep sealed |
| **235-9** | • Keep sealed |
| **235-10** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **235-12** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **235-13** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **260** | • Keep redactions |
| **260-1** | • Keep sealed |
| **260-2** | • Keep sealed |
| **267** | • Keep redactions of information related to Plaintiff's medical history<br>• Unseal the remainder of the document with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |

**Exhibit A**
**Plaintiff's Position on Docket Entries 143, 164, 172, 199, & 230**

| | |
|---|---|
| **268** | • Unseal with applicable *Brown* minimal redactions (if any) and redactions of yet-to-be-noticed Non-Party names (if any) |
| **268-1** | • Keep sealed |
| **268-2** | • Unseal pages released by Second Circuit (*see* List of Decided Motions)<br>• No position on the remainder of the document |