## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

Plaintiff,

v.                                                                    **15-cv-07433-LAP**

GHISLAINE MAXWELL,

Defendant.

-------------------------------------------------X

**Ms. Maxwell's Reply In Support Of Her Objections to Unsealing Sealed Materials**

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

**Introduction**

This Court asked the parties to brief three issues:  "(a) the weight of presumption of public access that should be afforded to an item, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction of the item, and (c) whether the countervailing interests rebut the presumption of public access to the item."  DE 1044 at 1. Plaintiff and the *Miami Herald*'s responses improperly afford the highest level of presumption to discovery dispute documents, deny that *any* countervailing interests exist, and protest that Ms. Maxwell's numerous proposed countervailing interests, and those of yet unheard-from Non-Parties, cannot possibly rebut the presumption of public access.  Because their Responses ignore both the law and the facts, Ms. Maxwell's Objections to Unsealing various of the documents should be granted.

Plaintiff's *ad hominem* attacks -- that the Objections are intended to "stall the unsealing process," are "unjustified obstacles" or that the public will *never* have access to these documents -- reflect unjustified criticisms of the Protocol itself and the Second Circuit's decision in *Brown,* both of which fairly outline the legal process for parties and Non-Parties alike to be heard with respect to unsealing.  Notably, many of the documents were sealed in the first instance at the request of Plaintiff and her counsel.  And as to, for example, Plaintiff's medical records, no one interposed any objection to their unsealing until Plaintiff's belated request to do so in her Response.  As detailed in Ms. Maxwell's Objection and further below, there are numerous documents to which Ms. Maxwell does not interpose objections to unsealing, subject to Non-Parties' opportunity for notice to be heard.  That the process for review of literally thousands of pages of sealed materials takes time to accomplish is not a reason to unseal.  Rather, the hundreds of interested Non-Parties together with Ms. Maxwell have every right and reason to expect that the promises of confidentiality afforded by a Protective Order, to which Plaintiff and

her counsel agreed, would be honored subject to the few very limited situations in which the public right to access the court files overcomes the privacy interests at stake.

## ARGUMENT

### I.   Weight of Presumption

Each of the Sealed Items currently under consideration relates to a resolved discovery dispute.  *Brown* held, yet Plaintiff and the *Miami Herald* dispute, that the "weight of presumption of public access" afforded to discovery disputes, which "play only a negligible role in the performance of Article III duties," is "only a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason.'"  929 F.3d at 49-50 (quoting *Amodeo II*, 71 F.3d at 1050); *id.* at 50 (describing these "remaining sealed materials" as "subject to at least some presumption of public access"); *id.* at 53 (discovery motion materials "subject to a lesser – but still substantial – presumption of public access"); *see also Securities and Exchange Comm'n v. Telegram Grp. Inc.,* Case No. 19-cv-9439 (PKC), 2020 WL 3264264 at *2 (S.D.N.Y. June 17, 2020) ("The presumption attached to non-dispositive motions… 'is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.'") (*quoting Brown*, 929 F.3d at 50).

#### A.   Non-Response from Does 1 and 2 Not Dispositive of Countervailing Interests

Plaintiff argues that all documents mentioning Does 1 and 2 should be released because neither requested excerpts nor interposed any objection.  She also claims that some information, specifically Doe 1's name, has already been made public, or that a "Google search" reveals other information about Doe 1 and 2.  Obviously, the contested sections of the Sealed Materials are not already public or no unsealing issue would exist. The fact that Doe 1's name has already been

made public is a different issue from whether there exist other substantially valid countervailing reasons to keep Sealed Items mentioning Doe 1 or quoting from Doe 1 sealed.  There are.

      a.   There is no evidence that Doe 1 received or read the Notice from the Court, nor even that Doe 1 is still living.  The return receipt was signed for by someone other than Doe 1.  Ex. A.



      b.   Doe 1 detailed during ██████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████ Ex. B, 159:4 – 160:17.

      c.   Doe 1 repeatedly testified that █ did not like to be involved in this matter.
DE 204-3 at 5-13 ██████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████ Ex. B, 199:10-12 ██████████████████████████████
████████████████████████████████████████████████████████; Ex. B,
234:23-235:2 ████████████████████████████████████████████████
██████████████████████████████████████ After this statement, *Plaintiff's counsel* agreed that it "made sense" to mark Doe 1's entire deposition as "Confidential."  *Id.* at Ex. B, 235:3-7.  (CI-1 – Reliance on Protective Order; CI-3 Annoyance, embarrassment, oppression, undue burden).

d.   Regarding the fact that Doe 1's name is already available via a Google search, Doe 1 ███████████████████████ attributed false statements to ███
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████ Ex. B, 198:4-199:19.

e.   There was no legitimate reason to attach Doe 1's deposition to a garden-variety request to exceed the presumptive 10-deposition limit.  (CI-5 Improper submission of papers).

f.   Plaintiff repeatedly misstated Doe 1's testimony and misled the Court as to its contents, either by omitting critical pieces of the testimony or out-right falsely relaying its contents.  By way of example, in DE 203 at page 5, Plaintiff's counsel claimed that Doe 1 ██████████████████████████████████████████ citing DE 204-3 at 36-41.  In fact, Doe 1 testified in excerpts that were not attached to pleadings that ████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████ Ex. B, 174:21-176:2. ██████████████
████████████████████ Ex. B, 36:17-37:3. ████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████
██████████████████████████ Without including other portions of Doe 1's

testimony, Plaintiff's counsel's factually incorrect and misleading statements will be presented without the necessary explanations provided by the witness.  (CI-2; CI-6)

g.    Contrary to Plaintiff's chart in her Response at 7-8, Ms. Maxwell identified numerous reasons to keep those references to Doe 1 and 2 under seal.  *See* DE 173-6 (Obj. 7-11).

h.    Plaintiff incorrectly claims that DE 152 "summarizes publicly available statements."  Resp. at 8.  This is not true.  DE 152 selectively quotes from the deposition testimony of a deceased individual, who Ms. Maxwell never had the opportunity to cross-examine, and who (contemporaneous with his deposition) was convicted of a felony and sent to prison for stealing, and then trying to *sell*, documents related to Jeffrey Epstein.  *See* DE 679, ███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████ It also quotes from Doe 1's prior sworn statements and testimony, which he explained earlier, e.g.,

█████████████████████████ Given Doe 1's further explanations, which are not included among the Sealed Materials, countervailing interests CI-2 and CI-6 rebut the minimal presumption of access attendant to these Sealed Items.

*See SEC v. Telegram Grp., Inc.,* 2020 WL 3264264 at *3 (finding "privacy interests of non-parties … represents a legitimate basis for sealing judicial documents").

**B.   Effect of Previous Unsealing of Documents by Second Circuit**

Plaintiff claims that if a document is already public in another context, then it should be unsealed.  She cites no law for this proposition, which runs contrary to the Second Circuit's holding in *Brown*.  The Circuit made clear that this District Court must engage in its own review with respect to each document and provide notice to the Non-Parties for documents that were not

entitled to the highest presumption of access, *i.e.,* those attached to summary judgment pleadings.

## II.   Identification and Weight of Any Countervailing Interests

### A.   DE 143 and Related Pleadings

Docket Entry 143 and its associated pleadings involve Plaintiff's effort ███████████ ███████████████████████████████████████████████ which were not and should not have been relevant to Plaintiff's false claim that she was sexually abused by Epstein as a minor. The Second Circuit in *Brown* itself redacted from the summary judgment pleadings and exhibits all of Ms. Maxwell's deposition answers involving her intimate, sexual matters, based on its apparent finding that the selected questions involved "deposition responses concerning intimate matters where the questions were likely only permitted – and the responses only compelled – because of a strong expectation of continued confidentiality."  929 F.3d at 48 n.22; *Brown,* 18-2868, DE 280 at 15 (redacting Plaintiff's contention ████████████████████████ ███████████████████████████████████████████████; DE 283 at 195-201 (redacting four pages of defendant's deposition testimony concerning private, intimate matters).

Even though the Second Circuit itself found a countervailing interest on these matters significant enough to remove the materials from summary judgment pleadings and exhibits, which enjoy the highest presumption of public access, Plaintiff makes a number of frivolous arguments that a Motion to Compel her to answer deposition questions ████████████ ████████████ has insufficient countervailing interests, even though the dispute relates to a judicial document with lesser presumptive access.  Plaintiff's Response represents a gross distortion of the record in this case and highlights the substantial, countervailing need for the Motion and all associated pleadings to remain sealed.  DE 143 contains material

misrepresentations of fact, and the attached portions of deposition testimony demonstrate that

Plaintiff's questions themselves were packed with inadmissible, false representations.

### 1.   Reliance on a protective order by a party or non-party (CI-1)

As it pertains to DE 143 and related pleadings, the issue is not, as Plaintiff complains,

that Ms. Maxwell must demonstrate she relied on the protective order in answering *every single*

*question* during her deposition.  Resp. at 10.  The subject matter of DE 143, the representations

in the Motion and Reply, and the associated deposition excerpts attached, each pertain to the

topic of Ms. Maxwell's refusal to answer irrelevant questions concerning her ██████████████

███████████   That she relied on the Protective Order in answering questions, or refusing to

answer questions, is obvious from the procedural posture of the case:

- March 2, 2016 (DE 38):  Defendant moved for a Protective Order, citing Plaintiff's anticipated deposition of Ms. Maxwell would include questions "concerning her personal and professional relationships as well as matters concerning her private affairs."

- March 17, 2016 (DE 66 at 9):  At hearing on the Protective Order, Ms. McCawley stated "I can have the deposition of the defendant in this case and move this case forward.  I will agree to their protective order.  I just want that deposition….It is that important to me."

- March 22, 2016 (DE 63):  Maxwell moves for a Protective Order regarding her Deposition in part due to Plaintiff's attempt to ambush her at her deposition without having produced requested, responsive documents in advance.

- April 22, 2016:  At deposition of Ms. Maxwell, the excerpts of which are attached to DE 143, 144-1, 144-2, 144-4, 144-5, 144-6, 144-7, 150-1, and 153-1, the first substantive question posed to Ms. Maxwell was ████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████████████ Ex. C, at 1, 6-7.

Even a cursory review of the deposition excerpts at issue, as well as the redactions in the

associated pleadings, reveals that Ms. Maxwell reasonably relied on the Protective Order in

responding to the questions, which provides ample grounds (as the *Brown* court found with

respect to other of her deposition answers) a sufficiently compelling countervailing interest to maintain the records under seal.

Plaintiff and *Miami Herald* also complain the Protective Order at issue is "an umbrella protective order" that only governed until trial and so there could have been no reasonable reliance that the "documents would always be kept secret."  Resp. at 11; Miami Herald Resp. at 3.  For the reasons recently briefed to the Court concerning Professor Dershowitz's identical argument, the position is without merit.  *See* DE 892 (Judge Sweet's May 2017 Order); DE 1059 (law of the case that parties and deponents reasonably relied on protective order); DE 1062 at 3-6 (protective order tracks permissible scope under Rule 26(c)(1), includes provisions to challenge improper designation of confidentiality, contained no temporal limit, and appropriately limited use of confidential materials to "preparation and trial of this case").

### 2.  Prevention of the abuse of court records and files (CI-2) and Untrustworthy, unreliable and incorrect information (CI-6)

Remarkably, Plaintiff claims as *dicta* the Circuit's clear directive in *Brown* that a district court should exercise the full range of its substantial powers to ensure their files do not become vehicles for defamation. 929 F.3d at 51.  Her position is nonsense.  The *Brown* court described the district court's "supervisory function" not merely as within its "power, but also among its responsibilities."  *Id.*  The Circuit then described the "several methods" of fulfilling this function to include "issu[ance of] protective order forbidding dissemination of certain materials to protect a party or person from annoyance, embarrassment, oppression or undue burden" and "requir[ing] that filings containing such materials be submitted under seal."  *Id.*  That is precisely what occurred in this case.  To contend that the *Brown* court meant to strip this district court of such power on remand of this case, to decide whether to *un*-seal documents which were sealed for that very purpose, borders on the frivolous.

Moreover, that Plaintiff hopes and intends for the court records and files in this case to be abused by the media is readily apparent in DE 143 and its related pleadings combined with Plaintiff and her counsel's extensive media participation.  For example, in DE 144-6 at 55, Plaintiff's counsel asked Ms. Maxwell the questions, ███████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████ In fact, ████████████ in connection with her current lawsuit filed a lawsuit against Mr. Epstein ███████████████████████████████ failed to produce ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████ Similarly, in DE 144-4 at 62, Plaintiff's counsel insinuated during her questions ████████████████████████████████ ███████████████████████████████████████████████████████████████. *See* ████████████████████████████. Unsealing the deposition question posed by Plaintiff's counsel, which suggests that there *was* ████████████████████████████████ ████████████, when in fact there was not, would promote a defamation-proof lie to be perpetuated by the media.  The deposition transcript also reflects numerous meritorious objections to the questions, including foundation, asked and answered, form of the question, and otherwise improper questions.  Were this case to have gone to trial, many of the questions would never have been admitted in a court of law; opening them up to the press presents an opportunity for abuse and misuse of the court's files.  *See United States v. Gatto*, 17-CR-686 (LAK), 2019 WL 4194569, at *4 (S.D.N.Y. Sept. 3, 2019) ("documents merely shown to witnesses or otherwise discussed in Court but not offered into evidence" do not constitute judicial documents because "neither relevant to the performance of the judicial function nor useful in the judicial process").

Plaintiff's counsel's persistent and repeated statements to the press, including those that on their face appear to violate Rule of Professional Conduct 3.6 given the ongoing litigation in this district, also reflect her hope and intent that the misrepresentations, untested allegations and other inadmissible evidence contained in the pleadings and their attachments will be abused by the press.  *See, e.g., https://www.dailymail.co.uk/news/article-7896171/Lawyers-Ghislaine-Maxwell-Virginia-Giuffre-hash-plan-release-docs.html* (Plaintiff's counsel statements to the press that the "document dump" would include evidence that would "expose that sex trafficking scheme," implying it contains evidence that young females "as young as 11" were abused, despite absolute lack of any such evidence in the Sealed Materials); Kevin G. Hall, "Ghislaine Maxwell says she was Epstein's employee not his madam," MIAMI HERALD (Mar. 18, 2020) (quoting Sigrid McCawley, "It is absolutely appalling that Ghislaine Maxwell, who committed crimes with Epstein against these victims, is seeking to drain funds from the very estate that should be paying the Epstein victims' claims...We view her actions as unconscionable but this is an individual who lost sight of right from wrong a very long time ago.").

The potential for abuse by the press is all the more acute because, as Judge Sweet noted, this case did not go to trial, nor will it ever, given the settlement of the matter more than three years ago.  Were there a trial, then each of the allegations could be met with contrary evidence, the witnesses would be subject to cross-examination, and inadmissible evidence (such as deposition questions lacking a good faith foundation) would be excluded.  Instead, by unsealing materials that were never subject to cross examination or rebuttal will permit these inaccurate and false statements to be widely publicized in the media without a fair opportunity to reply, even if one takes the wholly unsupported leap to assume that the types of publications covering this story are interested in the truth versus the salacious gossip that Plaintiff and her counsel

peddle with great frequency.  In the absence of continued Sealing these items, the Second

Circuit's prediction that the court files will be "used to gratify private spite or promote public

scandal" is an assured result.

### 3.    Annoyance, embarrassment, oppression, undue burden (CI-3)

Although Rule 26(c) and *Brown* expressly permit continued sealing of materials that

cause *a party* or non-party "annoyance, embarrassment, oppression or undue burden," Plaintiff

and *Miami Herald* dismiss these concerns as unspecific or, worse, suggest that the Sealed

Materials contain evidence of "misconduct." Resp. at 13; Miami Herald Resp. at 4.  To the extent

that Plaintiff makes this assertion, implying knowledge of the contents of the Sealed Materials,

that alone is a violation of the Protection Order.

As Plaintiff well knows, Ms. Maxwell was forced to answer substantial, numerous, ill-

founded questions regarding her private life, her ███████████████████████, her

residences, her friends, and her living arrangements.  She is not citing this countervailing interest

because she believes there is any evidence of "misconduct" or the "sexual abuse of young girls at

the hands of the wealthy and powerful," as the Miami Herald speculates.  While the Court's

review of the Sealed Materials will speak for itself on this score, to be specific, a few examples

the "annoying" and "embarrassing" items contained in DE 143 and its related documents to

which Ms. Maxwell asserts this countervailing interest are:





These annoying, embarrassing, and highly personal questions are exactly the type that the *Brown* court itself redacted and the very type of questions that Rule 26(c) shields via a protective order.

> **4.   Ongoing criminal investigation and other pending civil lawsuits warrant continued sealing.**

Feigned ignorance aside, Plaintiff and her counsel are well aware of the purportedly ongoing criminal investigation into all persons surrounding Mr. Epstein; Plaintiff and her counsel have been the primary instigators of such a prosecution.[1]   Indeed, Plaintiff's counsel has objected to production of responses and documents in another pending civil case "insofar as it calls for information related to an ongoing criminal investigation."  *See* Ex. D.

Moreover, Plaintiff's counsel also is well aware of the numerous civil actions pending in this district against Ms. Maxwell and related to Ms. Giuffre's claims; she is counsel of record in one of them and filed another in which Plaintiff is a party, after which this Court disqualified her from continued representation.  *See, e.g., Farmer v. Indyke,* Case No. 19-cv-10475-LGS

---

[1] *See, e.g.,* Lee Brown, "Virginia Roberts Giuffre wants Ghislaine Maxwell to 'rot in jail,'" NY Post (Dec. 4, 2019); Andrew Denney and Bruce Golding, *"*Jeffrey Epstein's no-bail ruling may encourage more accusers to come forward," NY Post (July 18, 2019) ("McCawley wouldn't identify her new clients but said she encouraged them to report their alleged abuse to the FBI. McCawley declined to say if any had been interviewed by the feds, but Manhattan federal prosecutor Alex Rossmiller … told Berman that the case against Epstein was 'getting stronger every day.'"); Mark Townsend, "Prince Andrew:  US prosecutor leading inquiry into Epstein links refuses to quit," The Guardian (June 20, 2020) ("Geoffrey Berman says he will continue to investigate duke's relationship with sex offender despite pressure to resign.").

(S.D.N.Y.); *Giuffre v. Dershowitz*, Case No. 19-cv-3377-LAP.  This Court recently presided over

a telephone conference in which Mr. Dershowitz has asserted that *all* of the pleadings in this

matter are relevant to his dispute with Ms. Giuffre because she has put her credibility at issue.

While Ms. Maxwell disagrees with that assertion, no doubt many of the same witnesses will be

relevant in both disputes and pre-trial publicity concerning exhibits and deposition testimony

could work to undermine the right to a fair and impartial trial based on the evidence for any of

the defendants, including Ms. Maxwell and Professor Dershowitz, should any of these pending

matters eventually be tried.  Plaintiff's efforts to publicize the court files, again, present a

countervailing interest to their unsealing.

> ### 5.    Privacy Rights of Non-Party Does 1 and 2

Doe 1 is mentioned in DE 152 at 6.  Although many of the attachments (DE 153-4, 153-5

and 153-6) are unsealed, Plaintiff's misrepresentations contained in DE 152 are countervailing

interests to the unsealing of that pleading.  As described more fully above, *see Section* I(A)(f)

*supra,* Plaintiff's counsel claimed in her Reply that ▮ testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Coupled with ▮

repeated statements that ▮ does not want to be hounded by the media, some of whom had

broken into ▮ home, Doe 1's privacy interests should be respected.

> ### B.   DE 164 and Related Pleadings

Ms. Maxwell does not assert any countervailing interests to the unsealing of DE 164 and

its related pleadings.  However, the Court should be aware that DEs 165-3, 185-2 and 185-15 are

pleadings that were stricken pursuant to Rule 12(f) by U.S. District Court Judge Marra and thus

are not, as Plaintiff claims, "publicly available on the docket of *Doe v. United States*, 08-cv-

80736 (S.D.Fla.)."  Resp. at 15 n.5.  These three documents were "restricted/sealed until further

notice" by U.S. District Court Judge Marra in that proceeding after he *sua sponte* found the materials contained in those pleadings were "redundant, immaterial, impertinent, or scandalous." *See Doe v. United States,* 08-cv-80736 (S.D.Fla.), DE 324 at 4. Ex. F.  Specifically as to Jane Doe 3, ███████████, Judge Marra found her allegations of being "sexually trafficked to several high-profile non-party individuals" to be "lurid" and "unnecessary" to the determination of whether she should be allowed to join the proceedings, particularly given that "these details involve non-parties who are not related to the respondent Government" and "shall be stricken." *Id.* at 5.  Therefore, although Ms. Maxwell does not object to their unsealing, this Court may wish to preserve the seal on these documents, and any related argument contained in the pleadings, in deference to Judge Marra's findings.  *See also Brown*, 929 F.3d at 51-52 (documents stricken per Rule 12(f) "not relevant to the performance of the judicial function," "not considered a judicial document" and enjoys "no presumption of public access.").

Further, in addition to Doe 1, other Non-Parties are included in DE's 185-3, 185-11, 185-14 and 185-15 each of whom has not yet been notified or had the opportunity to object under this Court's Protocol.  (CI-1)

## C.   DE 172 and Related Pleadings (CI-1 through CI-7)

In asking the Court to permit her to exceed the presumptive ten deposition limit, Plaintiff attached **803 pages** of exhibits including, as is pertinent, the complete 160-page deposition transcript of Doe 162 (DE 173-5) and the complete 418-page deposition of Ms. Maxwell (DE 173-6).  Plaintiff's Reply and Corrected Replies additionally attached deposition transcripts of Doe 151 (DE 204-2, 212-2), additional excerpts from Doe 162's deposition (DE 204-1, 212-1), and portions of Doe 1's deposition (DE 204-3, 212-3).  Additional sealed and related items include DE 190-1 (portions of Plaintiff's deposition) and redactions of the motion papers consistent with the sealed materials.

As to these Sealed Materials, Ms. Maxwell asserted countervailing interests that overlapped with those she raised as to DE 144 and related pleadings (CI-1 through CI-6), as well as asserting that the exhibits each are non-judicial documents (CI-7) because none "would reasonably have the tendency to influence a district court's ruling on a motion…." *Brown*, 929 F.3d at 49 (quoting *Amodeo I*, 44 F.3d at 145). In Response, Plaintiff makes no effort to explain to this Court why the wholesale attachment of deposition transcripts "would reasonably have a tendency to influence a district court's ruling on a motion." *See* Resp. at 15-18. Her silence is unsurprising because there is no reasonable explanation for the attachment of entire deposition transcripts. The failure to establish that the exhibits are "judicial documents" alone justifies their continued sealing. *See, e.g., United States v. Gatto,* 17-CR-686 (LAK), 2019 WL 4194569, at *4 (S.D.N.Y. Sept. 3, 2019) (documents not offered into evidence not judicial documents); *Newsday LLC v. County of Nassau*, 730 F.3d 156 (2d Cir. 2013) (report used to refresh witness's recollection not a judicial document).

### 1. DE's 204-3 and 212-3 are excerpts from Doe 1's Deposition That Should Remain Sealed (CI-1)

DEs 204-3 and 212-3 contain the same portions of Doe 1's deposition discussed *supra* at Section I(A)(f) and should remain sealed for the same reasons, as should the redactions at DE 203-5 and 211-5. Additionally, Plaintiff has not explained why excerpts from a deposition she had already is something upon which a court would reasonably rely to determine whether additional depositions of other witnesses are justified.

### 2. DE 172 and 173-6 Should Remain Sealed (CI-1 through CI-6)

Ms. Maxwell incorporates by reference her argument, *supra* at Section II(A), as it pertains to her deposition transcript (DE 173-6) and purported references to the transcript contained in DE 172. At least with regard to DE 144 and its related pleadings, however, the

deposition bore some relationship to the topic of the motion and Plaintiff only attached a few excerpts.  By contrast, regarding DE 172 and exhibit DE 173-6, Ms. Maxwell's full deposition bears *no relationship* to Plaintiff's request to take additional depositions of *other* witnesses; Plaintiff does not even attempt to explain how it might.  In DE 172, Plaintiff purports to summarize in sound-bites her spin on the content of Ms. Maxwell's 7 ½ hour deposition, but as is her wont, inaccurately summarizes the deposition and falsely claims that Ms. Maxwell refused or failed to answer a number of questions concerning events purportedly occurring 15 years prior.  *See* DE 172 at 5-8.  Ms. Maxwell pointed this out in her Response.  DE 189 at 1 & n.1. Further, Plaintiff's argument that Ms. Maxwell did not rely on the Protective Order in sitting for the 7 ½ hour deposition is belied by the record regarding the origins of the Protective Order and the exclusion of non-entered attorneys from attending the deposition.

As a last gasp, Plaintiff claims that certain of her "summary" bullet points should be unsealed because, she claims, the bullet points summarize citations to Ms. Maxwell's deposition transcript that the Second Circuit already unsealed.  Resp. at 15-16.  This is the proverbial cart before the horse.  Plaintiff's inaccurate "summaries" are not judicial documents, nor are the deposition pages to which they cite, and so it is of no moment that the excerpts may have been unsealed by the Second Circuit as relates to a pleading which undisputedly was a "judicial document."

But DE 172 contains much more than summaries of Ms. Maxwell's deposition.  Plaintiff fails to mention that DE 172's redactions also include purported "summaries" of Doe 162's deposition and the purported anticipated deposition testimony of Doe 84 (whose name and testimony the Second Circuit redacted in *Brown*).  Both Does were represented by counsel and requested and relied upon confidentiality pursuant to the Protective Order prior to their

testifying.  Obviously, any ruling on DE 172 is premature in advance of their participation in the unsealing protocol.

### 3.   DE 203, 211 and 224

Plaintiff also seeks to unseal certain of the redactions that her counsel made at the time she filed DE 203 (and corrected/amended versions at DE 211 and 224).  All of the portions she cites include either (a) argument of counsel purporting to summarize the testimony, or anticipated testimony, of witnesses Non-Parties who have yet to receive notice or an opportunity to be heard pursuant to the Court's protocol, or (b) purport (but fail) to summarize Ms. Maxwell's deposition testimony.  For the Countervailing Interests 1-4, as well as the fact that the inclusion of these materials "would not have a tendency to influence" the court's determination of the motion and thus fail the "judicial documents" test, the cited redactions should remain sealed.

### 4.   DE 173-5, 189, 190, 190-1, 204-1, 204-2, 204-3 (and related 211, 212, 212-1, 212-2, 212-3, 224)

Each of these documents include materials pertaining to other Does and any ruling would be premature at this time.

### D.   DE 199's Related Pleadings Should Remain Sealed Pending Notification to the Referenced Non-Parties Pursuant to this Court's Protocol

In DE 199's related pleadings, the redactions and sealed exhibits contain numerous references to Non-Parties who have yet to be provided notice or an opportunity to be heard pursuant to his Court's protocol.  These include:  DE 228 (numerous Non-Parties); 229-1 (excerpt of deposition of Doe 151); DE 229-4 (deposition of Plaintiff including multiple Non-Party names); DE 229-10 (including Non-Parties); DEs 248, 249-4, 249-13, 249-15, 249-15 (same).

Plaintiff contends that these DEs each should be immediately unsealed, without regard to notice to the Non-Parties discussed therein.  She cites no support for doing so and fails to acknowledge that her request runs counter not only to this Court's Protocol, but also the Second Circuit's requirement in *Brown* the District Court can "notify[] any outside parties whose privacy interests might be implicated by the unsealing."  929 P.2d at 51.  Plaintiff's request should be denied.

### E.   DE 230 and Related Pleadings

Plaintiff's response regarding DE 230 is largely the same as her response to DE 199 *infra*, with one significant exception:  buried on page 19 of her Response to Ms. Maxwell's Objection to Unsealing, Plaintiff takes the position for the first time that she herself is objecting to the unsealing of a number of pleadings because they contain her "medical records" or "medical history."  Resp. at 19.

Of course, Plaintiff neglected to actually follow this Court's Protocol and object to the unsealing by the deadline to do so, June 10, 2020.  *See* DE 1044 at 2(f).  Nor did she seek leave to file her objection to unsealing out of time, nor explain the "good cause" for failing to object on a timely basis, nor explain why she is making such objection at the end of her response to Ms. Maxwell's objection.  Without any such request, or leave, this Court should deem her untimely objection to the unsealing of those records waived.  *See Mattel, Inc. v. Animefun Store*, 18 CIV. 8824 (LAP), 2020 WL 2097624, at *1 (S.D.N.Y. May 1, 2020) ("By failing either to file their reply papers or to request an extension to do so within the allotted time, Defendants waived their right a reply.").  Because the records do not otherwise contain the names of Non-Parties (medical providers having been excluded from the list), and no party has asserted a countervailing interest with respect to those records, they may be released forthwith.

With respect to the other DE's related to DE 230, however, those contain the names and references to numerous Non-Parties apart from Does 1 and 2, and any unsealing determination should await notice and an opportunity to be heard by those Non-Parties.

## Conclusion

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court grant her Objection to Unsealing the following DE's:

1. 143, 144, 144-1, 144-2, 144-4, 144-5, 144-6, 144-7, 149, 150, 150-1, 152, 153, 153-1

2. 172, 173, 173-5, 173-6, 189, 190, 190-1, 203, 204-1, 204-2, 204-3, 211, 212, 212-1, 212-2, 212-3, 224

Ms. Maxwell respectfully requests that the Court defer ruling on the following pleadings pending notification to other Non-Parties referenced therein:

1. 164, 165, 165-3, 165-8, 165-10, 165-11, 184, 185, 185-2, 185-3, 185-11, 185-13, 184-14, 185-15, 185-16, 194-3.

2. (Related to 199) 228, 229-; 229-4, 229-10, 248, 249-4, 249-13, 249-15, 249-15.

3. 230, 235, 235-4, 235-5, 235-7, 235-11, 235-13, 235-14, 260, 268

Ms. Maxwell has no objection to the immediate unsealing of the following pleadings:

1. 235-8, 235-6, 235-8, 235-9, 260, 260-1, 260-2, 267, 268-1.

Dated: July 1, 2020

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice)*
Ty Gee (*pro hac vice*)
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax:    303.832.2628
lmenninger@hmflaw.com
*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on July 1, 2020, I electronically served this *Ms. Maxwell's Reply In Support of Her Objections to Unsealing Sealed Materials* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Stan J. Pottinger
EDWARDS POTTINGER LLC
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com
StanPottinger@aol.com

Christine N. Walz
Sanford L. Bohrer
Cynthia A. Gierhart
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Christine.walz@hklaw.com
Sandy.bohrer@hklaw.com
Cindy.gierhart@hklaw.com

Nicholas J. Lewin
Paul M. Krieger
KRIEGER KIM & LEWIN, LLP
500 Fifth Avenue
New York, NY 10110
nick.lewin@kklllp.com
paul.krieger@kklllp.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

Imran H. Ansari
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue
6th Floor
New York, NY 10036
iansari@aidalalaw.com

Jay M. Wolman
Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
jmw@randazza.com
mjr@randazza.com

*/s/ Nicole Simmons*
Nicole Simmons