```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>                Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>                Defendant. | No. 15 Civ. 7433 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court has reviewed Defendant Ghislaine Maxwell's letter requesting reconsideration of the Court's July 23, 2020, decision to unseal (1) the transcripts of Ms. Maxwell's and Doe 1's depositions, and (2) court submissions excerpting from, quoting from, or summarizing the contents of the transcripts.  (See dkt. no. 1078.)

Ms. Maxwell's eleventh-hour request for reconsideration is denied.  As Ms. Maxwell acknowledges in her letter, reconsideration is an "extraordinary remedy."  In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  Such motions "are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice."  Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011).  "A motion for reconsideration

1

may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Bennett v. Watson Wyatt & Co., 156 F. Supp.2d 270, 271 (S.D.N.Y. 2001).

Here, Ms. Maxwell's request for reconsideration hinges on her assertion that new developments, i.e., her indictment and arrest, provide compelling reasons for keeping the deposition transcripts sealed. (See dkt. no. 1078 at 5.) But, despite Ms. Maxwell's contention that she could not address the effect of those events in her objections because they occurred after the close of briefing, (id.),[1] this is plowed ground. Indeed, in her original objection to unsealing, Ms. Maxwell argued that the specter of ongoing criminal investigations into unknown individuals associated with Jeffrey Epstein--a group that, of course, includes Ms. Maxwell--loomed large over the Court-ordered unsealing

---

[1] The Court notes as a practical matter that Ms. Maxwell was arrested on July 2, 2020--that is, three weeks prior to the Court's July 23 decision to unseal the materials at issue. To the extent that they relate to the to the Court's balancing of interests in the unsealing process, the issues that Ms. Maxwell raises in her request were surely plain the day that Ms. Maxwell was apprehended. Ms. Maxwell, however, did not seek to supplement her objections to unsealing despite ample time to do so. In fact, the Court notified the parties on July 21, 2020, that it would announce the unsealing decision with respect to Ms. Maxwell's deposition, together with other documents, on July 23. (See dkt. no. 1076.) Even then, Ms. Maxwell made no request for delay or to supplement her papers. Ms. Maxwell did not raise her "vastly different position," (Transcript of July 23 Ruling at 16:2-3), until moments after the Court had made its decision to unseal the relevant documents.

2

process.  (See dkt. no. 1057 at 5.)  This argument, specifically Ms. Maxwell's concern that unsealing would "inappropriately influence potential witnesses or alleged victims," (id.), and her reference to "publicly reported statements by Plaintiff, Plaintiff's counsel, the United States Attorney for the Southern District of New York, and the Attorney General for the U.S. Virgin Islands" about those investigations, (id.), carried with it the clear implication that Ms. Maxwell could find herself subject to investigation and, eventually, indictment.  The Court understood that implication as applying to Ms. Maxwell and thus has already considered any role that criminal charges against Ms. Maxwell might play in rebutting the presumption of public access to the sealed materials.  Ms. Maxwell's request for reconsideration of the Court's July 23 ruling is accordingly denied.

Given the Court's denial of Ms. Maxwell's request for reconsideration, the Court will stay the unsealing of Ms. Maxwell's and Doe 1's deposition transcripts and any sealed or redacted order or paper that quotes from or discloses information from those deposition transcripts for two business days, i.e., through Friday, July 31, 2020, so that Ms. Maxwell may seek relief from the Court of Appeals.  Any sealed materials that do not quote from or disclose information from those deposition transcripts shall be unsealed on July 30, 2020, in the manner described by the Court's Order dated July 28, 2020. (See dkt. no. 1077.)  Ms. Maxwell's and

3

Doe 1's deposition transcripts and any sealed materials that quote or disclose information from them shall be unsealed in the manner prescribed by the July 28 Order on Monday, August 3, 2020, subject to any further stay ordered by the Court of Appeals.

**SO ORDERED.**

Dated:   New York, New York
         July 29, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge