

July 29, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    ***Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP**

Dear Judge Preska,

      We represent Plaintiff Virginia Giuffre in this matter and write in response to the Court's order directing the parties to prepare for unsealing the documents listed in Exhibit A to Plaintiff's Opposition to Defendant Ghislaine Maxwell's Objections to Unsealing Docket Entries 143, 164, 172, 199, & 230 (ECF No. 1068-1).

      At the July 23, 2020, hearing, the Court held that Defendant "fail[ed] to rebut the presumption of public access to the motions at issue and the documents filed in connection with those motions. Accordingly, those papers shall be unsealed." July 23, 2020 Tr. 5:12-16. The Court noted, however, that "personal identifying information as to any person mentioned in the documents and the names of nonparties other than Does 1 and 2 and other portions related to such nonparties' specific conduct will be redacted from the materials being unsealed. Disclosure of the additional nonparty names will await notice to those parties and an opportunity for them to be heard." *Id.* 5:20-6:1.

      Plaintiff's counsel sent defense counsel the documents with proposed redactions on a rolling basis, beginning on July 25. On July 28, Defendant informed Plaintiff that she objects to Plaintiff's proposed redactions because, in her opinion, they were under-inclusive. The parties met and conferred on July 29, and disagreed as to what constitutes "nonparties' specific conduct" requiring redaction. Plaintiff's understanding of the Court's order is that the documents are to be unsealed unless it falls within the caveat of personal identifiers (email addresses, phone numbers, addresses, etc.) and the names and conduct of nonparties yet to be noticed (i.e., the first and last names of nonparties and their own deposition testimony).[1]

      In contrast, Defendant's position is that broad swaths of material should be redacted because it is "nonparty specific conduct," even if the nonparty is anonymized, and even if the "conduct" could be attributed to any number of nonparties. Under this interpretation, Defendant

---

[1] After the parties' conference, Plaintiff amended certain of her proposed redactions to accommodate Defendant's concern that some details were so unique that a reader would be able to discern who the nonparty is, despite the name being redacted.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

intends to shield large portions of her own deposition testimony from publication. Further, as the Court recognized, Defendant's deposition testimony consisted of "mostly nontestimony," and her answers provide virtually no information about affirmative conduct by any nonparty. July 23, 2020 Tr. 4:3-16. Plaintiff contends that Defendant's approach contravenes the Court's ruling, which (as did the Second Circuit) unsealed the documents subject to limited redactions.

Given the parties' disagreement, Plaintiff will send her proposed redactions to Chambers (copying defense counsel) via a secure ShareFile, and respectfully requests that the Court order that those versions be filed publicly in response to its July 28, 2020, order (ECF No. 1077).

Sincerely,

/s/   Sigrid S. McCawley

Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)