

**Haddon, Morgan and Foreman, P.C**
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364   FX  303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

July 30, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  July 23 and July 29, 2020 Orders (Docs. 1077, 1079)
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

     This Court Ordered on July 23, 2020 (Doc. 1077) that the parties redact from those pleadings to be unsealed three categories:  1) "personal identifying information as to any person mentioned in the documents," 2) "the names of nonparties other than Does 1 and 2," and 3) "other portions related to such nonparties' specific conduct."  The rationale for redacting categories 2 and 3, implicit in the Court's Order and Protocol for Unsealing Decided Motions, was to afford each Nonparty the opportunity for notice and the chance to be heard prior to unsealing materials that implicate their privacy rights. (Doc. 1044).[1] Nonparties on the list include (a) persons who produced or answered discovery based on the understanding that such discovery would be subject to the Protective Order, (b) persons who are identified as allegedly having engaged in sex acts with Plaintiff or other alleged victims, or facilitated such acts, (c) persons whose "intimate, sexual, or private conduct is described in the Sealed Materials," and (d) persons who allegedly have been victimized.  *Id.* at 1.

     The parties conferred on July 29, 2020.  Plaintiff, after making some changes to address these concerns, plaintiff nevertheless submitted to the Court late on July 29 numerous proposed redactions which disregard the Court's Order to redact "names of nonparties" and "nonparties' specific conduct."  Plaintiff proposes to unseal significant portions of the testimony which would not only identify the Nonparty at issue, but also their alleged conduct, both as alleged perpetrators of sexual misconduct and also as alleged victims of such conduct.  Because those Nonparties have yet to be heard, and many have already represented through counsel their vociferous opposition to such unsealing, Ms. Maxwell objects to such unsealing

---

[1] The *Brown v. Maxwell* court contemplated that Nonparties be given such notice and opportunity to be heard.  929 F.3d 41, 54 (2d Cir. 2019).

Honorable Loretta A. Preska
July 30, 2020
Page 2

and will be submitting her own proposed redactions which account for the nonparties' names and "specific conduct."

     First, plaintiff's proposed redactions contain errors which reveal the names of Nonparties, including alleged victims. For example, in ▮▮▮▮, plaintiff proposes redacting the name of alleged victims in some places (e.g., pages ▮▮) but not in others (e.g., page ▮). Both of these two alleged victims are represented by counsel and sought confidentiality for their depositions; neither has yet been afforded notice or an opportunity to be heard with respect to this unsealing. Plaintiff's error will result in their never having the opportunity to be heard. As another example, in ▮▮▮▮▮ at pages 39-40, plaintiff redacted some mentions of the Nonparty's ▮▮▮ but left it in the lines three lines earlier. At page 63, plaintiff redacts the phrase "▮▮▮▮▮▮" but then the next line says ▮▮▮▮▮▮▮▮▮▮ and the ▮▮ ▮▮▮▮▮▮▮▮ are noted. The affected persons, through counsel, have requested confidentiality and also the right to be heard regarding the unsealing of any excerpts that mention them.

     Defense counsel and staff currently are attempting to check each of plaintiff's proposed redactions uploaded late on July 29, 2020 to ensure that no such mistakes are included in any publicly-filed versions. Because the July 29 submissions is different from that received from plaintiff's counsel on July 28, that review is not yet complete.

     Second, plaintiff proposes to unseal information which will indirectly both identify a Nonparty and also implicate such Nonparty either as an alleged perpetrator or victim of misconduct. By way of example, in ▮▮▮▮▮▮▮▮▮▮, plaintiff proposes redacting the name of an alleged victim of Mr. Epstein but includes all of the rest of the "specific conduct" that would lead to the identity of the person (again, who requested confidentiality in the discovery process) to be easily ascertained by the media. In the same deposition, plaintiff proposes un-redacting at pages ▮▮ *et seq.* the name of a Nonparty but leaving in the allegation – widely reported in the press -- that is associated with the Nonparty (who has through counsel requested an opportunity to be heard regarding unsealing), thereby assuring that the identity will not be kept confidential. The same is true of pages ▮▮▮▮▮▮▮▮, and many others.

     To correct these errors and to ensure that the Protocol and this Court's ruling on July 23 are accurately followed, Ms. Maxwell is finalizing her proposed redactions and will provide them to the Court today under seal, as Ordered, together with a chart that shows those pleadings for which she has no disagreement with plaintiff's proposed redactions. Ms. Maxwell seeks leave of the Court to submit her proposed redactions under seal because the contents contain references to sealed or redacted materials.

                                          Very truly yours,

                                          Laura A. Menninger

Honorable Loretta A. Preska
July 30, 2020
Page 3

CC: Counsel of Record *via* ECF