UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

                    Plaintiff,

 -against-

GHISLAINE MAXWELL,

                    Defendant.

No. 15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

     The Court is in receipt of Defendant Ghislaine Maxwell's
letter dated July 30, seeking to submit under seal her proposed
redactions to the materials ordered unsealed by the Court's July
23 Order and raising issues with proposed redactions submitted by
Plaintiff Virginia Giuffre. (Dkt. no. 1083.)  The Court is also in
receipt of Ms. Giuffre's response to that letter. (Dkt. no. 1084.)

     Prior to receiving Ms. Maxwell's latest last-minute request,
the Court conducted an in camera review of Plaintiff Virginia
Giuffre's proposed redactions to the materials, which are
described in Ms. Giuffre's letter dated July 29 (dkt. no. 1080)
and which were provided to the Court late in the evening of July
29.  Having heard nothing from Ms. Maxwell late this morning, the
Court upon completing its review prepared an order for docketing
that (1) found Ms. Giuffre's proposed redactions--which include
minimal redactions of personally identifiable information, the
names of nonparties, and descriptions of nonparty conduct that

1

would allow readers to discern the identity of a given nonparty--
to be appropriate and (2) ordered the parties to proceed with
unsealing the materials in the manner set forth by the Court's
orders of July 28 and July 29.  (See dkt. nos. 1077, 1079.)  The
Court elected not to issue that order so that it could address the
requests contained in Ms. Maxwell's letter and any additional
issues raised in Ms. Giuffre's response.

First, Ms. Maxwell's request to submit her own proposed
redactions to the Court under seal for in camera review is denied.
As Ms. Maxwell well knows, the Court on July 23 ordered the parties
to prepare the relevant materials for unsealing by today. While
Ms. Maxwell gripes that Ms. Giuffre submitted her proposed
redactions to the Court "late on July 29," (dkt. no. 1083 at 1),
Ms. Giuffre at a minimum gave the Court time to conduct a review
of her proposed redactions while preserving the original schedule
for unsealing.  By contrast, Ms. Maxwell at 2:00 p.m. informed the
Court that she is "finalizing her proposed redactions" and that
she will be ready to provide them to the Court at some undefined
point "today."  (Id. at 2.)  On top of this--and despite the
Court's instruction that the parties work together to ensure that
the materials were properly redacted by the appointed time--Ms.
Maxwell apparently has not provided to Ms. Giuffre her proposed

redactions, either. (Dkt. no. 1084.)   For reasons that should be plain, this is entirely unworkable.[1]

Second, the Court adheres to its planned order, see supra at 1, and approves as appropriate Ms. Giuffre's proposed redactions to the sealed materials.  The Court does so, however, subject to several caveats.  Ms. Maxwell contends that Ms. Giuffre's "proposed redactions contain errors which reveal the names of [n]onparties, including alleged victims." (Id.)   Ms. Giuffre suggests in her response that any unredacted nonparty names may have already been released by the Court of Appeals, but otherwise acknowledges that it is possible there were errors in her proposed redactions.  (Dkt. no. 1084.)  To the extent that nonparty names appear on pages that have already been unsealed by the Court of Appeals they need not be redacted.   To the extent that nonparty names appear on pages that have not been publicly released, those names shall be redacted.  Names of nonparties' family members that could be used

---

[1] Just yesterday, the Court admonished Ms. Maxwell for filing an "eleventh-hour request for reconsideration" on grounds that could have been raised well before the Court ordered the relevant documents unsealed.  (Dkt. no.  1079.)  The Court is troubled-- but not surprised--that Ms. Maxwell has yet again sought to muddy the waters as the clock ticks closer to midnight.

to identify the nonparties, to the extent that they are not already public, shall be redacted.[2]

Counsel shall accordingly proceed with unsealing the relevant materials by the method prescribed in the Court's July 28 Order (dkt. no. 1077) and modified by this order and by the Court's July 29 Order (dkt. no. 1079).[3]

**SO ORDERED.**

Dated:      New York, New York
            July 30, 2020

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge

---

[2] Ms. Maxwell further suggests that Ms. Giuffre "proposes to unseal information which will indirectly both identify a [n]onparty and also implicate such [n]onparty either as an alleged perpetrator or victim of misconduct." (Dkt. no. 1083 at 3.) The Court does not share these concerns after reviewing Ms. Giuffre's proposed redactions. However, the Court notes that Ms. Maxwell has primarily raised issues related to nonparties named in Doe 1's and Ms. Maxwell's depositions. As discussed in the Court's July 29 Order (dkt. no. 1079), those deposition transcripts and documents that quote from or disclose information contained in the transcripts will not be unsealed until August 3. The parties are free to confer and attempt to reach agreement on additional redactions to those materials.

[3] As discussed in the July 29 Order, counsel may today proceed with posting on the public docket any materials that do not quote from or disclose information from the deposition transcripts of Ms. Maxwell and Doe 1. Those transcripts, along with materials that quote from or disclose information contained in the transcripts, will be unsealed on August 3, pending further order from the Court of Appeals staying their release.