# EXHIBIT H

1    IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
          IN AND FOR BROWARD COUNTY, FLORIDA
2                 CASE NO. 15-000072

3
     BRADLEY J. EDWARDS and PAUL G.
4    CASSELL,

5              Plaintiffs,

6    -vs-                              **CONFIDENTIAL**

7    ALAN M. DERSHOWITZ,

8              Defendant.
                                              /
9

10       VIDEOTAPED DEPOSITION OF VIRGINIA ROBERTS GIUFFRE

11

12             Saturday, January 16, 2016
                  9:07 a.m. - 2:48 p.m.
13

14        401 East Las Olas Blvd., Suite 1200
              Fort Lauderdale, Florida 33301
15

16

17

18   Reported By:

19   Deborah A. Harris, Court Reporter
     Notary Public, State of Florida
20   Phone - 305.651.0706

21
     Job No. J0277789
22

23

24

25

**CONFIDENTIAL**

GIUFFRE005093
CONFIDENTIAL

1      raises.  Do you understand that?
2              MS. MCCAWLEY:  I do.  So let's take a
3      break.  It's a moment to take a break and I'll
4      discuss with these folks and we'll come back.
5              THE VIDEOGRAPHER:  Going off video record
6      2:25 p.m.
7              (A recess was taken.)
8              THE VIDEOGRAPHER:  We're now back on video
9      record 2:32 p.m.
10             SPECIAL MASTER:  Just for the record, ▇
11     ▇▇▇▇▇▇ through counsel examined the witness
12     for four hours and seven minutes and there was a
13     request and it appears to be in agreement to
14     allow.
15             MR. SCOTT:  No agreement.
16             SPECIAL MASTER:  Hang on one second.  Hang
17     on.  Between Mr. Scarola and Ms. McCawley, to
18     allow Mr. Scarola a couple questions on
19     examination on cross and then my ruling is going
20     to be as follows:  You can go ahead and ask
21     whatever questions you want, Mr. Scarola, at which
22     time I will give opportunity for re-direct based
23     upon the topics that you've raised.
24             MR. SCAROLA:  With the understanding that
25     re-direct is going to be limited to the area of

1          inquiry that I am about to conduct.  I am about to
2          conduct an inquiry.
3                  SPECIAL MASTER:  That is the understanding.
4          My understanding of my ruling, I know that ▮.
5          ▮▮▮▮▮ team has objected to that.  I also
6          understand that there might be -- this is no
7          impact or their right or anybody else's right to
8          go back to Judge Lynch and ask for more time from
9          this witness based upon my ruling or my reading of
10         the original order.
11                 MS. MCCAWLEY:  And there's also the motion
12         to strike the testimony that you allowed over the
13         ruling.
14                 SPECIAL MASTER:  And there's a series of
15         those things that might need to be cleaned up in a
16         subsequent sitting.
17                 MR. SCOTT:  It's my understanding this is
18         going to be limited to five minutes or less; is
19         that correct?
20                 MR. SCAROLA:  That's what I anticipate.
21                 MR. SCOTT:  Over our objection, okay.
22                 SPECIAL MASTER:  Let's rock and roll.
23                        CROSS-EXAMINATION
24  BY MR. SCAROLA:
25         Q.   Virginia, has Brad Edwards ever pressured

CONFIDENTIAL

GIUFFRE005293
CONFIDENTIAL

1  you or encouraged you in any way whatsoever at any time
2  and under any circumstances to provide false information
3  about ▓▓▓▓▓▓▓▓▓▓▓▓
4          A.    Never.
5          Q.    Has Brad Edwards ever pressured you or
6  encouraged you in any way or under any circumstances at
7  any time to provide false information about Jeffrey
8  Epstein?
9          A.    Never.
10         Q.    Has he ever pressured you or encouraged you
11 at any time or in any way, under any circumstances to
12 provide false information about anyone or anything?
13         A.    Never.
14         Q.    Has Paul Cassell ever pressured you or
15 encouraged you in any way, at any time, under any
16 circumstances to provide false information about ▓▓
17 ▓▓▓▓▓▓▓
18         A.    Never.
19         Q.    Has he ever pressured or encouraged you in
20 any way at any time, under any circumstances to provide
21 false information about Jeffrey Epstein?
22         A.    Never.
23              MS. BORJA:  Objection.  I couldn't follow
24         who he was.
25 BY MR. SCAROLA:

1      Q.    Mr. Cassell, Professor Cassell?  You
2  understood that I was asking you that question about
3  Professor Cassell, right?
4      A.    And he's never pressured me or encouraged
5  me in any way to talk --
6           MS. MCCAWLEY:  I don't want you to go into
7       discussions with them if you're saying something
8       didn't happen --
9           SPECIAL MASTER:  Just --
10          MS. MCCAWLEY:  I'm preserving privilege.  I
11      just want to make sure if something didn't happen
12      she can say that.
13 BY MR. SCAROLA:
14     Q.    Has Professor Cassell ever pressured you or
15 encouraged you in any way to provide false information
16 about anyone or anything at any time?
17     A.    Never.
18     Q.    Apart from any efforts made by Jeffrey
19 Epstein or agents on behalf of Jeffrey Epstein to silence
20 you or to have you refrain from providing true and
21 accurate information about the interactions that you had
22 with Jeffrey Epstein and others to whom you were
23 trafficked by Jeffrey Epstein, has anyone apart from that
24 circumstance pressured you or encouraged you to provide
25 false information about any of the topics that were

CONFIDENTIAL

GIUFFRE005295
CONFIDENTIAL

1   covered during the course of your examination?
2           MS. BORJA: Objection. Objection to the
3       form. Leading, assumes facts not in evidence,
4       compound, misleading.
5           SPECIAL MASTER: Your form objection will
6       be reserved. You can answer.
7   A.  No.
8           MR. SCAROLA: Thank you. I don't have any
9       further questions.
10          MR. SCOTT: Judge, excuse me, none of this
11      was covered on direct examination so we move to
12      exclude and strike the entire testimony because
13      none of this was covered on our direct. But we
14      would like to request a two-minute recess because
15      these are completely new areas.
16          SPECIAL MASTER: I'll grand your two-minute
17      recess.
18          THE VIDEOGRAPHER: Going off video record
19      2:37 p.m.
20          (A recess was taken.)
21          THE VIDEOGRAPHER: We are now back on video
22      record 2:41 p.m.
23          MR. SCAROLA: Could we have a reading how
24      much time is used in my examination.
25          SPECIAL MASTER: That's going to be

CONFIDENTIAL

GIUFFRE005296
CONFIDENTIAL

1         irrelevant at this point, but you can ask.
2                 THE VIDEOGRAPHER:  It's going to be about
3         eight minutes, seven minutes of change.
4                 MR. SCAROLA:  Hard for me to believe that
5         but if the counter says what the counter says.
6                 SPECIAL MASTER:  The overtime got three
7         minutes, let's go.
8                       REDIRECT EXAMINATION
9   BY MS. BORJA:
10        Q.    Before you were scheduled here under oath
11  today by Mr. Scarola, did you talk to him in the break
12  before that?
13                MS. MCCAWLEY:  Objection to the extent you
14        discussed privileged information with your lawyers
15        you don't have to reveal.
16  BY MS. BORJA:
17        Q.    I'm asking what she talked about with Mr.
18  Scott?
19                MS. MCCAWLEY:  She's in a joint defense
20        agreement with Mr. Scarola.
21  BY MS. BORJA:
22        Q.    Are you in a joint defense agreement with
23  Mr. Scarola?
24                MR. SCAROLA:  I will tell you that there is
25        a joint defense, a common interest privilege

CONFIDENTIAL

GIUFFRE005297
CONFIDENTIAL

1      agreement between the witness and my clients, yes.
2              SPECIAL MASTER:  Are you asserting that
3          privilege then?
4              MR. SCAROLA:  Yes, we are asserting that
5          privilege and instructing the witness not to
6          answer on the basis of the privilege that exists
7          for Bradley Edwards and Professor Cassell.
8              SPECIAL MASTER:  So with that I'm going to
9          grant the motion similar to what I did the other
10         day when ███████████ was testifying and under
11         the reservation that that can be dealt with later
12         in front of the judge or in front of me, whichever
13         you choose.
14   BY MS. BORJA:
15       Q.   Now, I understand from your testimony that
16   Mr. Edwards did not pressure you to give false
17   information about this matter, is that fair?
18       A.   That's fair.
19       Q.   Tell me everything that Mr. Edwards told
20   you about this matter?
21             MS. MCCAWLEY:  Objection, that's privileged
22         and she has not waived any privilege.  She's not
23         here testifying as to what she discussed with her
24         lawyers.
25             SPECIAL MASTER:  You know, it's an

1           interesting point.  I'm going to grant your motion
2           for privilege, but I'm going to suggest to you
3           that there might be a strong argument to be made
4           that those questions opened some of the door.  I'm
5           going to let the judge decide that.  But you can
6           go ahead, ask the questions, we'll put it on the
7           record for later determination, and it's going to
8           force, to be blunt, this among other things may
9           force the witness to come back and complete the
10          deposition.  Just let's be aware of that.
11                  MS. BORJA:  And I can't make a proffer to
12          all of my questions because some of them will
13          depend on this witness' answers.
14                  SPECIAL MASTER:  I'm aware of that.
15                  MS. BORJA:  I want the record to be clear
16          that although I'm being asked for a proffer, I'm
17          constrained based on my inability to follow up.
18                  SPECIAL MASTER:  I understand that, but I'm
19          sure that you have a couple questions that you'd
20          like to proffer to give the record an idea of
21          where you might have gone without restraint to
22          what the answer might be and then a subsequent
23          question might lead from the answer, I understand
24          that.
25     BY MS. BORJA:

CONFIDENTIAL

GIUFFRE005299
CONFIDENTIAL

```
 1          Q.    Did Mr. Edwards ever suggest to you
 2   anything regarding ████████████████
 3                MS. MCCAWLEY:  Objection.  Hang on, I'm
 4        objecting.  She's making a proffer and I need to
 5        make my objection on the record.  Do not answer.
 6        Objection, attorney/client privilege.
 7                SPECIAL MASTER:  So I'm going to grant
 8        within the reservation it be brought back later.
 9   BY MS. BORJA:
10          Q.    Did Paul Cassell ever tell you anything
11   about the topics that were covered in today's deposition?
12                MS. MCCAWLEY:  Objection, attorney/client
13        privilege.
14                SPECIAL MASTER:  Same ruling.
15   BY MS. BORJA:
16          Q.    Did anyone from Boise, Schiller ever tell
17   you anything about the topics that were covered in
18   today's deposition?
19                MS. MCCAWLEY:  Objection, privileged work
20        product.
21                SPECIAL MASTER:  Same ruling.
22   BY MS. BORJA:
23          Q.    Did Mr. Scarola ever tell you anything
24   about the topics that were covered in today's deposition?
25                MS. MCCAWLEY:  Objection, attorney/client
```

CONFIDENTIAL

GIUFFRE005300
CONFIDENTIAL