# EXHIBIT 14

(Filed Under Seal)

```
 1      IN THE CIRCUIT COURT OF THE SEVENTEENTH
           JUDICIAL CIRCUIT IN AND FOR
 2              BROWARD COUNTY, FLORIDA

 3            CASE NO.  CACE 15-000072

 4

 5   BRADLEY J. EDWARDS and PAUL G. CASSELL,

 6
             Plaintiffs/Counterclaim Defendants,
 7
         vs.
 8

 9   ALAN M. DERSHOWITZ,

10
             Defendant/Counterclaim Plaintiff.
11   _____/

12

13

14            VIDEOTAPED DEPOSITION OF

15               PAUL G. CASSELL

16      TAKEN ON BEHALF OF THE DEFENDANT

17          VOLUME I, PAGES 1 to 151

18

19

20          Friday, October 16, 2015

21           1:33 p.m. - 4:31 p.m.

22
             110 Southeast 6th Street
23            110 Tower - Suite 1850
           Fort Lauderdale, Florida  33301
24

25            Theresa Tomaselli, RMR
```

ESQUIRE DEPOSITION SOLUTIONS

(954) 331-4400

1  2014, you had a sufficient basis under the Federal Rules
2  of Procedure and applicable ethical rules to allege that
3  anyone who got a massage at Mr. Epstein's residences had
4  abused minors?
5       A.   No.
6       Q.   What -- I'm gonna back up now.  With respect
7  again to other minors, as of December 30th, 2014, had
8  anyone -- had any young woman, other than -- we will
9  put Virginia -- I'm going to ask about Virginia Roberts
10 separately.
11      A.   Okay.
12      Q.   -- had any other young woman told you she had
13 been abused ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14      A.   No other young woman had told me that, no.
15      Q.   Had -- as of that date, had anyone told you
16 that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ had abused other minors?
17      A.   Had --
18           MS. McCAWLEY:  I'm going to object for a
19      moment here.  To the extent that you're going to
20      be answering a question that requires you to
21      divulge any attorney/client communication with
22      Virginia Roberts, I have a standing objection
23      that I'm putting on the record right now.
24           Virginia Roberts does not waive her
25      attorney/client privilege with her lawyers, and

1 they are not entitled to testify as to
2 information that she intended to be confidential
3 that she communicated to her lawyers.
4           MR. SCAROLA:  And I would instruct you not to
5 answer the question on that basis.
6           MR. SIMPSON:  All right.
7 BY MR. SIMPSON:
8      Q.   I -- I disagree with the position on the
9 privilege, but I will -- you're going to follow the
10 instruction not to answer those questions?
11      A.   I am.
12      Q.   Okay.  I want to put then aside, Virginia
13 Roberts.  Had anyone else as of December 30th, 2014,
14 told you that ▇▇▇▇▇▇▇▇▇▇▇▇ had abused any minor,
15 other than Virginia Roberts?
16      A.   No one -- no other -- no other person -- no
17 other person had spoken to me and told me that directly,
18 no.
19      Q.   And when you say, no other person, I'm -- I'm
20 including not just any -- any victims of Mr. Epstein,
21 but anyone else.  No one had said to you, I have
22 knowledge that ▇▇▇▇▇▇▇▇▇▇ abused a minor, other
23 than Virginia Epstein [sic]; is that -- Virginia
24 Roberts; is that correct?
25           MR. SCAROLA:  Let me ask you for a

```
 1      A.    If that's all you have, obviously not.
 2            MR. SIMPSON:  Okay.
 3            MR. SCAROLA:  Thank you.
 4            MR. SIMPSON:  We will break then and we will
 5      talk off the record about logistics for tomorrow.
 6            MR. SCAROLA:  Okay.
 7            THE VIDEOGRAPHER:  We are going off the video
 8      record, 4:31 p.m.
 9                    (Witness excused.)
10                 (Deposition was adjourned.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```