# EXHIBIT 16

(Filed Under Seal)

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

PRIVILEGED AND CONFIDENTIAL
JOINT DEFENSE AND COMMON INTEREST, PRIVILEGE, AND
CONFIDENTIALITY AGREEMENT

This Joint Defense and Common Interest, Privilege, and Confidentiality Agreement ("Agreement") by and among Virginia Roberts, Bradley J. Edwards, and Paul G. Cassell (the "Parties") and Boies, Schiller & Flexner LLP, Stan Pottinger of J. Stanley Pottinger PLLC, Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., and General Counsel John Morris and Associate General Counsel Robert Payne, and Robert Adler, Dean at S.J. Quinney College of Law, University of Utah memorializes and confirms the prior oral and written understandings among the Parties by and through their respective counsel.

This Agreement is made with respect to the following recitals:

Whereas, Bradley J. Edwards of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. and Paul G. Cassell represent Virginia Roberts in an action pending in the Southern District of Florida under the caption *Jane Does v. U.S.A.* (the "Florida Litigation"), and Stan Pottinger of J. Stanley Pottinger PLLC, Brad J. Edwards of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., and Paul G. Cassell represent Virginia Roberts with respect to future actions that may relate to or arise from the same alleged issues presented in the Florida Litigation;

Whereas, Bradley J. Edwards of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. and Paul G. Cassell are named Plaintiffs and Counterclaim Defendants in an action pending in the Seventeenth Judicial Circuit, for Broward County, Florida (the "Defamation Action") and in future actions that may relate to or arise from the same alleged issues presented in the Florida Litigation;

Whereas, Jack Scarola of Searcy, Denney Scarola, Barnhart & Shipley, P.A. represents Brad Edwards and Paul Cassell in the Defamation Action;

Whereas, John Morris, General Counsel and Robert Payne, Associate General Counsel represent the University of Utah and represent Paul G. Cassell in connection with claims that may arise within the course and scope of Professor Cassell's employment with the University of Utah, including the Counterclaims presented in the Defamation Action;

Whereas, Robert Adler, Dean at S.J. Quinney College of Law at the University of Utah, has obtained advice in his capacity as Dean from John Morris and Robert Payne in connection with the Defamation Action and Paul Cassell's participation in the Florida Litigation;

Whereas, Virginia Roberts is a fact witness in the Defamation Action, and is represented by Boies, Schiller & Flexner LLP in that action, and may be represented by Boies, Schiller & Flexner LLP in future actions that may relate to or arise from the same alleged issues presented in the Defamation Action;

GIUFFRE005570
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

Whereas, Boies, Schiller & Flexner LLP has been subpoenaed in the Defamation action;

Whereas, Virginia Roberts is investigating potential claims and actions relating to her abuse during the time she was a minor child, and is represented in that connection by Boies, Schiller & Flexner LLP, Stan Pottinger of J. Stanley Pottinger PLLC, Bradley J. Edwards of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., and Paul G. Cassell;

Whereas, the Parties both directly and through their respective counsel have individually undertaken, and will undertake, factual and legal research and analysis, and on the basis of that research and analysis believe and anticipate that the nature of their interests will present various common legal and factual issues and/or a mutuality of interest in connection with the Florida Litigation and Defamation Action and any related suits and any related disputes (collectively the "Proceedings");

Whereas, the Parties have concluded that they have a separate but joint, mutual, and common interest in preparing an appropriate defense, including developing joint strategies and defenses and in jointly engaging in fact-gathering, investigation, legal analysis, and negotiations, in the Proceedings and any related suits;

Whereas, the Parties, for a significant period of time, have already exchanged confidential information in anticipation of litigating the Proceedings and any related suits and have been acting in accordance with a common interest/joint defense agreement while not previously reduced to writing, it is the intention that all prior communications were protected and continue to be protected;

Whereas, it is the intention and understanding of the Parties that past, present, and future communications among and between the Parties and their counsel in anticipation of or relating to the Proceedings and any related suits or disputes are, and shall continue to remain, confidential and protected by all available rights, privileges, immunities, and protections from disclosure to any third party;

Whereas, the Parties wish to continue to pursue their separate but joint, mutual, and common interests in the Proceedings and any related suits by lawfully communicating and sharing documents and/or their contents, factual material, mental impressions, opinions, correspondence, notes, memoranda, interview reports, transcripts of testimony, debriefing memos, research, analysis, strategy, and other information, including confidences shared by the Parties with their respective counsel – all of which when obtained or communicated shall be referred to as "Joint Defense Materials";

Whereas, it is the purpose of this Agreement to ensure that the past, present, or future sharing of Joint Defense Materials contemplated herein does not diminish in any way the confidentiality of such materials and information and does not constitute a waiver of any applicable rights, privileges, immunities, or protections: and;

GIUFFRE005571
CONFIDENTIAL

**PRIVILEGED AND CONFIDENTIAL AGREEMENT**
**ATTORNEY WORK PRODUCT**
**ATTORNEY-CLIENT PRIVILEGE**
**JOINT DEFENSE PRIVILEGE**

Now, therefore, the Parties agree as follows:

1. The foregoing recitals are incorporated herein as a material part of this Agreement.

2. It is the intention and understanding of the Parties and their respective counsel that Joint Defense Materials exchanged pursuant to this Agreement are being shared solely for internal use of the Parties and their counsel in connection with the Proceedings and any related suits, and that such Joint Defense Materials shall remain confidential and protected from disclosure to any third party by the attorney-client, joint defense, common interest, and self-critical analysis privileges, work product doctrine, or any other applicable rights, privileges, immunities, or protections. It is the understanding of the Parties and their respective counsel that materials obtained or prepared in connection with Proceedings may be exchanged as Joint Defense Materials in order to allow the Parties to pursue their joint, mutual, and common interests in defending the Proceedings. It is the intent of this Agreement that the confidentiality and all rights, privileges, immunities, or protections applicable to the Joint Defense Materials shall apply to all Joint Defense Materials shared pursuant to this Agreement to same extent as if such Joint Defense Materials had not been so shared. The Parties' exchange of confidential and privileged information pursuant to this Agreement shall not waive and shall not be construed in any way as a waiver of confidentiality or of any applicable right, privilege, immunity, or protection.

3. Each Party and their respective counsel agrees to honor the designations made by the sharing Party with respect to whether Joint Defense Materials shared with another Party are protected by the attorney-client, joint defense, common interest, or self-critical analysis privileges, the attorney work product doctrine, or other applicable rights, privileges, immunities, or protections. Each Party further agrees that any rights, privileges, immunities, or protections asserted by the sharing Party with respect to any Joint Defense Materials cannot be waived by any Party other than the sharing Party, and not without express prior written consent of the sharing Party.

4. Each Party agrees that the voluntary sharing of Joint Defense Materials hereunder is necessary to the pursuit of the Parties' joint, mutual, and common interest in the defense of the Proceedings and any related suits. Nothing in this Agreement, however, shall obligate any Party to share or communicate any Joint Defense Materials with another Party.

5. None of the Parties nor their respective counsel shall disclose Joint Defense Materials or the contents thereof to anyone other than the persons set forth in Paragraph 6. It is expressly understood that nothing contained in this Agreement shall limit the right of any Party or their respective counsel to disclose to anyone as they see fit their own documents or information, or any documents or information obtained independently and not pursuant to this Agreement.

GIUFFRE005572
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

6. Except as otherwise provided in this paragraph, Joint Defense Materials shared pursuant to this Agreement may be disclosed to (a) the Parties' respective counsel (and their secretaries, clerical aides, and legal assistants) in the Proceedings and any related suits; and (b) any consultants, agents, and/or experts used in connection with the Proceedings and any related suits who sign a copy of the confidentiality agreement attached hereto as Exhibit A. A Party sharing Joint Defense Materials may limit the distribution of the Joint Defense Materials further by stating the limitation at the time the Joint Defense Materials are shared. Each person receiving Joint Defense Materials pursuant to this Agreement shall maintain it in the strictest confidence, not disclose it to anyone other than the persons specified above, and not use the information for any purpose other than representing a Party to the Agreement in connection with the Proceedings and any related suits.

7. Neither Party to this Agreement nor the Parties' counsel will disclose the terms of this Agreement to any person not a Party nor the Parties' counsel except upon prior notice to the other Party sufficient to allow for an opportunity for the Party to discuss the proposed disclosure. If any Party receives a subpoena, request for production of documents or other form of compulsory process, it will immediately notify the other Party and will assert all applicable rights, privileges, protections, and immunities, including the joint defense privilege, in response thereto and provide not less than five (5) business days-notice before production, or order to permit the other Party to take appropriate action. If five (5) days-notice cannot be provided, the Party upon which the demand or request is made agrees to bring a motion to stay the proceedings in order to allow the other Party an opportunity to respond.

8. Nothing in this Agreement shall be construed to (a) affect the independent representation of each Party by its respective counsel; (b) alter any counsel's right or obligation to advise its client according to what counsel believes to be the best interest of its client; (c) bind or oblige any Party or their respective counsel to agree to a single course of action or to take any specific action with respect to the Proceedings and any related suits; (d) preclude either Party from asserting any claim or defense in any proceeding or from seeking dismissal of any claims or defenses or proceedings by motion or otherwise; or (e) prevent any counsel from advising its client to settle any claim.

9. Nothing contained in this Agreement is intended to create any attorney-client relationship for the purposes of conflicts or otherwise. Each Party and its respective counsel understands that such Party's counsel has sole responsibility to represent that Party and the attorneys representing other Parties to this Agreement have not assumed any such responsibility. Moreover, the participation in, execution of, or receipt of any information pursuant to this Agreement shall not, preclude or be used as a basis for seeking to disqualify any representative of a Party from (a) accepting any other future engagement that may be adverse to another Party to this Agreement; or (b) representing its respective client in the Proceedings and any related suits.

4

GIUFFRE005573
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

10. This Agreement memorializes and reflects the earlier agreements and understandings between the Parties pursuant to the Proceedings and any related suits or disputes for which Joint Defense Materials may have been exchanged. This Agreement also confirms that to the extent that the Parties have already been in communication with each other concerning any aspect of the issues raised in the Proceedings and any related suits, such communications and any attorney work product were and are subject to any and all applicable privileges, including but not limited to, the joint defense privilege, the common interest privilege, the attorney-client privilege, and the work product doctrine and are now the subject of this Agreement. This Agreement is intended to be the written embodiment of the Parties' prior oral and written understandings.

11. Subject to the last two sentences of this paragraph, upon completion of the Proceedings and any related suits, unless otherwise agreed in writing, the Parties shall, within 30 days, return all Joint Defense Materials and copies thereof received pursuant to this Agreement to the other Party or destroy all such Joint Defense Materials. A Party shall not be required to return or destroy materials that embody the work product of counsel for the Party. Outside counsel for either Party shall not be required to return materials that are part of that counsel's Proceedings' files and any related suit files.

12. Each Party specifically agrees and acknowledges that a remedy at law will be inadequate as a result of any violation of the terms of this Agreement by any Party, counsel, or other person found to have violated or about to violate any of the terms of this Agreement. Therefore, in addition to any and all other legal or equitable remedies, the non-breaching party will be entitled to injunctive relief for any breach of this Agreement.

13. The inadvertent disclosure of Joint Defense Materials to persons not authorized under this Agreement to receive such Joint Defense Materials shall not be intended to constitute waiver of any applicable privilege or protection afforded such Joint Defense Materials. A Party inadvertently disclosing Joint Defense Materials to unauthorized persons shall immediately notify the other Party and shall take all necessary steps to recover such Joint Defense Materials from the unauthorized persons and to protect against the waiver of any applicable privilege or protection.

14. Each Party agrees to make this Agreement available to, and to bring it to the attention of, any substitute or associated counsel who may appear on behalf of any Client, which counsel shall be automatically bound to the terms hereof.

15. This Agreement shall not be subject to abrogation by any heir, assign, or other successor in interest to any Party hereto. Nor shall such heir, assign, or successor in interest waive any privilege or doctrine with regard to information shared by or among the Parties to this Agreement.

GIUFFRE005574
CONFIDENTIAL

**PRIVILEGED AND CONFIDENTIAL AGREEMENT**
**ATTORNEY WORK PRODUCT**
**ATTORNEY-CLIENT PRIVILEGE**
**JOINT DEFENSE PRIVILEGE**

16. If any part of this Agreement is held to be invalid, unenforceable, or illegal, such determination shall not affect any other provision of this Agreement, and this Agreement shall then be construed as if the impermissible provision was not contained herein.

17. A person or entity that shares a mutual interest in a common and joint defense relating to the Proceedings, whether currently pending or initiated hereafter, may join this Agreement with the written consent of all Parties.

18. Modifications to this Agreement may only be made in writing and are effective upon written signature of each Party.

19. This Agreement has no termination date. Each Party to this Agreement has the right to terminate his, her, or its participation at any time and to withdraw from the Agreement. Termination shall be effective ten (10) days after the withdrawing Party tenders written notice, including but not limited to e-mail notification, to all Parties to this Agreement and their respective counsel.

20. Termination of a Party's participation under this Agreement shall be prospective only and shall not operate as a waiver, or authorize violation, of this Agreement. A terminating Party remains bound to maintain the confidentiality of Joint Defense Materials received under this Agreement. The Agreement shall continue between and among the remaining Parties.

21. A terminating Party shall, within thirty (30) days after the withdrawing Party tenders written notice of withdrawal, return all Joint Defense Materials and copies thereof received pursuant to this Agreement to the other Party or destroy all such Joint Defense Materials. A Party shall not be required to return or destroy materials that embody the work product of counsel for the Party. Outside counsel for either Party shall not be required to return materials that are part of that counsel's Proceedings' files and any related suit files.

GIUFFRE005575
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

In witness whereof each of the following counsel on behalf of themselves, their respective clients, and the other attorneys within their organizations, have executed this Agreement as of _____ day in _____, 2015.

| | |
|---|---|
| Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.<br><br>By: _____<br>Bradley J. Edwards<br>425 North Andrews Avenue, Suite 2<br>Fort Lauderdale, Florida 33301<br><br>*Counsel for Virginia Roberts (a.k.a. Jane Doe No. 3) and Plaintiff in the Defamation Action* | Boies, Schiller & Flexner LLP<br><br>By: _____<br>David Boies<br>Sigrid S. McCawley<br>401 East Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301<br><br>*Counsel for Virginia Roberts (a.k.a. Jane Doe No. 3)* |
| By: _____<br>Paul G. Cassell<br>Presidential Professor of Criminal Law<br>S.J. Quinney College of Law at the University of Utah<br>332 South 1400 East, Room 101<br>Salt Lake City, Utah 84112-0730<br><br>*Counsel for Virginia Roberts (a.k.a. Jane Doe No. 3) and Plaintiff in the Defamation Action* | Searcy, Denney, Scarola, Barnhart & Shipley, P.A.<br><br>By: _____<br>Jack Scarola<br>2139 Palm Beach Lakes Boulevard<br>West Palm Beach, Florida 33409<br><br>*Counsel for Bradley J. Edwards and Paul G. Cassell* |
| By: _____<br>John Morris, General Counsel<br>University of Utah<br>332 South 1400 East, Room 101<br>Salt Lake City, Utah 84112-0730<br><br>*Counsel for Paul G. Cassell* | By: _____<br>Robert Payne, Associate General Counsel<br>Office of the General Counsel,<br>University of Utah<br>332 South 1400 East, Room 101<br>Salt Lake City, Utah 84112-0730<br><br>*Counsel for Paul G. Cassell* |

7

GIUFFRE005576
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

In witness whereof each of the following counsel on behalf of themselves, their respective clients, and the other attorneys within their organizations, have executed this Agreement as of _____ day in _____, 2015.

| | |
|---|---|
| Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.<br><br>By:_____<br>Bradley J. Edwards<br>425 North Andrews Avenue, Suite 2<br>Fort Lauderdale, Florida 33301<br><br>*Counsel for Virginia Roberts (a.k.a. Jane Doe No. 3) and Plaintiff in the Defamation Action* | Boies, Schiller & Flexner LLP<br><br>By:_____<br>David Boies<br>Sigrid S. McCawley<br>401 East Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301<br><br>*Counsel for Virginia Roberts (a.k.a. Jane Doe No. 3)* |
| By:_____<br>Paul G. Cassell<br>Presidential Professor of Criminal Law<br>S.J. Quinney College of Law at the University of Utah<br>332 South 1400 East, Room 101<br>Salt Lake City, Utah 84112-0730<br><br>*Counsel for Virginia Roberts (a.k.a. Jane Doe No. 3) and Plaintiff in the Defamation Action* | Searcy, Denney, Scarola, Barnhart & Shipley, P.A.<br><br>By: /s/ Jack Scarola<br>Jack Scarola<br>2139 Palm Beach Lakes Boulevard<br>West Palm Beach, Florida 33409<br><br>*Counsel for Bradley J. Edwards and Paul G. Cassell* |
| By:_____<br>John Morris, General Counsel<br>University of Utah<br>332 South 1400 East, Room 101<br>Salt Lake City, Utah 84112-0730<br><br>*Counsel for Paul G. Cassell* | By:_____<br>Robert Payne, Associate General Counsel<br>Office of the General Counsel,<br>University of Utah<br>332 South 1400 East, Room 101<br>Salt Lake City, Utah 84112-0730<br><br>*Counsel for Paul G. Cassell* |

7

GIUFFRE005577
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

By: *[signature: Robert W. Adler]*
Robert Adler, Dean
S.J. Quinney College of Law, University of Utah
332 South 1400 East, Room 101
Salt Lake City, Utah 84112-0730

By: _____
Virginia Roberts Giuffre

J. Stanley Pottinger PLLC

By *[signature: Stan Pottinger]*
Stan Pottinger
49 Twin Lakes Road, Suite 100
South Salem, NY 10590

8

GIUFFRE005578
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

By: _____
Robert Adler, Dean
S.J. Quinney College of Law, University of Utah
332 South 1400 East, Room 101
Salt Lake City, Utah 84112-0730

By: _____
Virginia Roberts Giuffre

J Stanley Pottinger PLLC

By: _____
Stanley Pottinger
49 Twin Lakes Road, Suite 100
South Salem, NY 10592

8

GIUFFRE005579
CONFIDENTIAL

PRIVILEGED AND CONFIDENTIAL AGREEMENT
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT PRIVILEGE
JOINT DEFENSE PRIVILEGE

### EXHIBIT A

I, Virginia Roberts Giuffre residing at [redacted] have read the foregoing Joint Defense and Common Interest Privilege and Confidentiality Agreement (the "Agreement") and agree to be bound by the terms of the Agreement with respect to Joint Defense Materials furnished to me as set forth in the Agreement. I further agree: (a) not to disclose to anyone any Joint Defense Materials other than as set forth in the Agreement; and (b) not to make copies of any written Joint Defense Materials except in accordance with the Agreement. I further consent to the jurisdiction of the court before which proceedings in the Florida Litigation and Defamation Action and any related suits are then pending with regard to any proceedings to enforce the terms of this Agreement against me. I further agree that Joint Defense Materials furnished to me will be used by me only for the purposes of these Proceedings and any related suits, and for no other purpose, and will not be used by me in any business affairs of my employer or my own; nor will the information contained therein be imparted by me to any other person other than as provided for under the Agreement.

Name: Virginia Roberts Giuffre

Signature: V G

Title: _____

Date: 5/18/15

9

GIUFFRE005580
CONFIDENTIAL