UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X


# DEFENDANT'S RESPONSE IN OPPOSITION TO
# MOTION TO EXCEED PRESUMPTIVE TEN DEPOSITION LIMIT

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Response in Opposition to Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit, and states as follows:

## INTRODUCTION

Despite having taken only three depositions to date, Plaintiff prematurely requests permission to exceed the presumptive ten deposition limit imposed by Fed. R. Civ. P. 30(a)(2)(A)(i) and to conduct 17 separate depositions, almost twice the limit. Without legal support, Plaintiff attempts to conflate the presumptive time limitation for each deposition of seven hours with a right to take a total of 70 hours of depositions. This is an absurd reading of the Federal Rules. The presumptive ten deposition limitation is an independent limitation, and speaks to the number of separate deponents, not deposition time. Indeed, the two independent limitations do not even appear in the same section of the rules.

The heart of Plaintiff's argument is that Ms. Maxwell inconveniently testified and denied Plaintiff's claims, rather than invoking the Fifth Amendment. This dashed Plaintiff's apparent hope to obtain an adverse inference, rather than actually having to prove her case against Ms. Maxwell. Instead, Ms. Maxwell fully testified for the entire 7 hours, responded to all questions posed to her,[1] and testified based on her actual knowledge. Ms. Maxwell's testimony simply bears no relevance to Plaintiff's request to take more than 10 depositions of non-party witnesses.

Conspicuously absent from Plaintiff's motion are (a) any actual information she believes these witnesses may provide which is neither cumulative nor duplicative of other information already disclosed in this case, (b) the fact the information can be obtained from other sources,

---

[1] Plaintiff flatly mis-represents to the Court that Ms. Maxwell "refused" to answer the questions posed to her, as the actual transcript amply demonstrates. Ms. Maxwell did not avoid any questions and answered all questions to the best of her recollection relating to alleged events 15 years ago. The majority of the bullet point "summary" of the matters about which Ms. Maxwell could not testify were based either on a lack of any personal knowledge or the fact that the events claimed by Plaintiff did not actually happen.

1

and (c) facts demonstrating that the burden and expense of the discovery is justified by the needs of this case.  Indeed, she has not established that the testimony is even relevant to the actual issues in this matter.  Plaintiff's inability to establish these factors requires denial of the motion.

## I.  PLAINTIFF'S REQUEST IS PREMATURE

First, the request to exceed the presumptive ten-deposition limit is premature.  "[C]ourts generally will not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A) or the number stipulated to by the opposing party."  *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 3:06-CV-232 (CFD), 2006 WL 1525970, at *2 (D. Conn. May 25, 2006).

This guideline makes sense because a "moving party must not only justify those depositions it wishes to take, but also the depositions it has already taken."  *Id.*  (*citing Barrow v. Greenville Indep. Sch. Dist.,* 202 F.R.D. 480, 482 (N.D.Tex. 2001)).  This rule is in place because "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to those that she could not justify under the Rule 26(b)(2) standards, and then seek[ ] leave to exceed the limit in order to take depositions that she could substantiate."  *Id.* at 483.

Here, Plaintiff seeks a pre-emptive determination that she should be permitted 17 depositions, almost twice the presumptive limit, yet her proposed depositions are not calculated to lead to admissible evidence in this case.  By way of example, Plaintiff identifies Nadia Marcinkova, Sarah Kellen (a/k/a Sarah Kensignton or Sarah Vickers), and Jeffrey Epstein as alleged "co-conspirators" with each other.  She requests the depositions of each.  Plaintiff anticipates each will invoke the Fifth Amendment – in other words, she will not obtain any discoverable information from them.

Plaintiff makes a bizarre argument that somehow this testimony can be used to create an adverse inference against Ms. Maxwell,[2] despite the fact that Ms. Maxwell did not invoke the Fifth Amendment and she testified fully and answered every question posed to her with the only exception the irrelevant and harassing questions Plaintiff posed to her concerning her adult, consensual sexual activities. In other words, depositions of Marcincova, Kellen and Epstein would serve Plaintiff's goal to make a convoluted legal argument, not to actually seek discoverable information. In light of this, the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Atkinson v. Goord*, No. 01 CIV. 0761 LAKHBP, 2009 WL 890682, at *1 (S.D.N.Y. Apr. 2, 2009); Fed. R. Civ. P. 26(b)(1). If Plaintiff chooses to use her depositions in this manner, she risks utilizing three of her available 10 depositions for an illegitimate purpose. She should not be rewarded with a pre-emptive carte blanche in advance to take additional depositions.

## II. THE PROPOSED DEPOSITIONS ARE CUMULATIVE, DUPLICATIVE, AND NOT RELEVANT TO THE CENTRAL ISSUES OF THE DISPUTE

Plaintiff has not met the requisite showing to permit in excess of 10 depositions. In *Sigala v. Spikouris*, 00 CV 0983(ILG), 2002 WL 721078 at *3 (E.D.N.Y. Mar. 7, 2002), the Court set forth the general principles relevant to a party's application to conduct more than ten depositions:

---

[2] Invocation of the Fifth Amendment by a third party witness cannot be used to create an adverse inference against a party in a civil action. *See United States v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, No. 90 CIV. 5722 (CSH), 1993 WL 159959, at *5 (S.D.N.Y. May 12, 1993) ("the general rule [is] that an individual's claim of Fifth Amendment protection is personal, and does not give rise to adverse inferences against others."); *Brenner v. World Boxing Council,* 675 F.2d 445, 454 n. 7 (2d Cir.), *cert denied,* 459 U.S. 835 (1982) ("Furthermore, since King was a non-party witness, no adverse inference against appellees could have been drawn from his refusal to testify.").

> The Federal Rules presumptively limit the number of depositions that each side may conduct to ten. *See* Fed.R.Civ.P. 30(a)(2) (A) ("A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if ... a proposed deposition would result in more than ten depositions being taken ...."); *accord Universal City Studios v. Reimerdes,* 104 F.Supp.2d 334, 342 (S.D.N.Y.2000); *Landry v. St. James Parish Sch. Bd.,* No. Civ. A 99-1438, 2000 WL 1741886, at *2 (E.D.La. Nov. 22, 2000). The purpose of Rule 30(a)(2)(A) is to "enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery' . . . ." *Whittingham v. Amherst Coll.,* 163 F.R.D. 170, 171-72 (D.Mass.1995) (citation omitted). Accordingly, "[t]he mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 692 (D.Kan.1996).

"The factors relevant to determining whether a party should be entitled to more than ten depositions are now set forth in Fed.R.Civ.P. 26(b)(2)(C)[3] and include whether (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, and (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Atkinson*, 2009 WL 890682, at *1 (S.D.N.Y. Apr. 2, 2009) (internal quotations omitted).

---

[3] Rule 26(b)(1) has since been modified to read "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  The scope of discovery permitted by 26(b)(1) is "non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Thus, the factors to be considered have simply been moved to a new number with cross reference.

Weighing these factors, there is no basis for permitting more than the presumptive ten deposition limit. First, as highlighted by the motion, the information purportedly sought is cumulative and duplicative. By way of example, Plaintiff has already deposed Johanna Sjoberg (a former Epstein employee), Juan Alessi (a former Epstein employee), and David Rodgers[4] (former Epstein Pilot). She further seeks to depose Maria Alessi and Jo Fontanella (former Epstein household employees), as well as Dana Burns and Emmy Taylor (identified as assistants to Ms. Maxwell or Mr. Epstein). The information Plaintiff claims each of the witnesses may have is identical to that of each other – what they observed while working for Epstein. Plaintiff goes so far as to state that Maria Alessi's deposition is expected to "corroborate" the observations of her husband's.

Plaintiff admits that the purpose in seeking the additional depositions is "obtaining witnesses, like Ms. Sjoberg, who can corroborate that [Plaintiff] is telling the truth." Yet, Ms. Sjoberg did <u>not</u> "corroborate that [Plaintiff] is telling the truth." Instead, she testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Regardless, Plaintiff is looking in vain for more testimony of exactly the same character, precisely the type of testimony the presumptive limit is intended to prevent.

Similarly, the expected deposition testimony of former Palm Beach Detective Joe Recarey and former Palm Beach Police Chief Michael Reiter are duplicative of each other.

---

[4] Mr. Rodgers deposition, held last Friday and requiring a separate trip to Florida for Colorado counsel after the scheduled court hearing on Thursday, served simply to authenticate flight logs. There are far more convenient, less burdensome, and less expensive methods by which such information could have been obtained, such as a verifying affidavit, yet Plaintiff chose to unnecessarily burden counsel, the witness and counsel for the witness with a 3 hour deposition to accomplish the same end.

Putting aside the admissibility of this testimony, it appears that both men were involved in the investigation of Mr. Epstein and are expected to testify about their investigation. Plaintiff's allegations were not a part of their investigation, which took place years after Plaintiff left the country. Moreover, their investigation did not involve Ms. Maxwell. Again, such duplicative and irrelevant deposition testimony speaks to the intended purpose of the ten-deposition limit, not a reason to exceed that limit.

The same holds true for Nadia Marcinkova, Sarah Kellen (a/k/a Sarah Kensignton or Sarah Vickers) and Jeffrey Epstein, each of whom Plaintiff anticipates will not respond to questions and invoke their Fifth Amendment right. As discussed above, such invocation has no bearing on the issues in this matter. Moreover, it is obviously cumulative and duplicative.

Plaintiff also identifies Rinaldo Rizzo and Jean Luc Brunel but fails to provide any information from which Ms. Maxwell or the Court could identify the subject matter of their expected testimony. Thus, it is unclear how these individuals have information that differs from or would add to the other proposed deponents. It is the Plaintiff's burden to explain to the Court why these depositions should be permitted if they exceed the presumptive limit, why the information would not be cumulative, and its relevance to the important issues in the action, or the importance of the discovery in resolving those issues. She simply fails to provide any information by which the Court can assess these factors, and thus should not be permitted to exceed the deposition limit based on her proffer.

**III.   THE TESTIMONY SOUGHT IS IRRELEVANT TO THIS SINGLE COUNT DEFAMATION CASE**

This case is a simple defamation case. Plaintiff, through her counsel, filed a pleading making certain claims regarding "Jane Doe No. #3" – the Plaintiff – and her alleged

"circumstances." *See* Complaint. Ms. Maxwell denied the allegations made stating they were "untrue" and "obvious lies." Plaintiff claims these statements are defamatory because she has been called a "liar."

"A public figure claiming defamation under New York law must establish that 'the statements ... complain[ed] of were (1) of and concerning [the plaintiff], (2) likely to be understood as defamatory by the ordinary person, (3) false, and (4) published with actual malice.'" *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 276 (S.D.N.Y. 2013), *aff'd,* 807 F.3d 541 (2d Cir. 2015), and *aff'd,* 622 F. App'x 67 (2d Cir. 2015).

If Ms. Maxwell's statements are essentially true – Plaintiff lied – Plaintiff cannot establish her claim, and it is an absolute defense.[5] Further, if Plaintiff cannot prove actual malice by Ms. Maxwell, her claim fails. *See Contemporary Mission, Inc. v. New York Times Co.*, 842 F.2d 612, 621 (2d Cir. 1988) (limited purpose public figure must establish by clear and convincing evidence that the defendant published the alleged defamatory statement with actual malice, "that is, with knowledge that it was false or with reckless disregard of whether it was false or not") (*quoting New York Times,* 376 U.S. 241, 280 (1964)). That is, Plaintiff must prove that Ms. Maxwell permitted the publication of the statement knowing it to be untrue.

None of the witnesses identified are listed as having discoverable information regarding any of the elements of this claim. None is claimed to have direct knowledge to confirm the truth of Plaintiff's claims about what happened *to her*, that the acts she claims *she* participated in

---

[5] There is only one public statement that existed on January 2, 2015 to which Ms. Maxwell was responding in the statement by her press agent. The document is the Joinder Motion filed in the Crime Victims' Rights Act case on behalf of Plaintiff by her attorneys, Bradley Edwards and Paul Cassell. Menninger Decl., Ex. A, p. 4. The very first line describing Jane Doe #3 Circumstances is false, as Plaintiff now concedes. It read: "In 1999, Jane Doe #3 was approached by Ghislaine Maxwell," and continuing that "Maxwell persuaded Jane Doe # 3 (who was only fifteen years old) to come to Epstein's mansion . . ." Plaintiff now concedes that she did not meet Ms. Maxwell or Mr. Epstein in 1999, and she was not 15 years old. Menninger Decl., Ex. A at 26-29. No amount of "circumstantial evidence" can overcome the fact that Ms. Maxwell's statement was correct and that statements in the Joinder Motion were untrue.

7

occurred or that they occurred with the people *she* claims to have been involved. Rather, each witness identified as being able to provide their observations regarding "other" allegedly underage girls, their own personal experience,[6] or beliefs about Plaintiff's credibility. None of this is relevant. This is not a case about Jeffery Epstein or the alleged "modus operandi of the Epstein organization." This is a simple case of if Ms. Maxwell's denial of the allegations made *by Plaintiff* about *Plaintiff's* own interactions with Maxwell was defamatory, and if Ms. Maxwell acted with actual malice in issuing the denial. Plaintiff's attempt to amplify this proceeding into something broader should not be condoned.

Because the evidence sought is nothing more than extraneous inadmissible "circumstantial evidence"[7] irrelevant to proving the essential elements of the claim, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Atkinson*, 2009 WL 890682, at *1. As such, the request for the additional depositions should be denied.

WHEREFORE, Ms. Maxwell requests that the Motion to permit in excess of the presumptive ten deposition limit be denied; <u>alternatively</u>, if in excess of ten depositions are permitted, Ms. Maxwell requests that Plaintiff be required to pay all costs and attorney's fees

---

[6] The information sought is also inadmissible. Plaintiff seeks testimony from witness who she claims will testify to experience similar to her stories and this will "corroborate Ms. Giuffre's account description of the motive, way in which Epstein and his co-conspirators created opportunity, intent, plan, knowledge, and to the specifics that make up the criminal signature of Epstein and his co-conspirators." *Motion* at 15-16. Such evidence is prohibited by FRE 404(b), which states "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Furthermore, no other witness has claimed as Plaintiff does that Ghislaine Maxwell sexually abused them, sexually trafficked them, or that she partook in daily sex with any underage girls. Plaintiff's claim stands in isolation because it is fictional.

[7] This "circumstantial evidence" has no bearing on the truthfulness of the stories published by Plaintiff. It is equally likely to show that Plaintiff became aware of the allegations of others and decided to hop on the band wagon. She then made up similar claims for the purpose of getting paid hundreds of thousands of dollars by the media for publicizing her allegations and identifying well know public figures whose names she has seen documents that she reviewed or other stories she had read.

8

associated with attending any deposition occurring outside 100 miles of the Courthouse for the Southern District of New York pursuant to S.D.N.Y L.Civ.R. 30.1.

Dated: June 6, 2016.

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax: 303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on June 6, 2016, I electronically served this *Defendant's Response in Opposition to Motion to Exceed Presumptive Ten Deposition Limit* via ECF on the following:

Sigrid S. McCawley
Meridith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons