# *GIUFFRE*

# *VS.*

# *MAXWELL*

Deposition

# VIRGINIA GIUFFRE

05/03/2016

_____

*Agren Blando Court Reporting & Video, Inc.*

*216 16th Street, Suite 600*
*Denver Colorado, 80202*
*303-296-0017*

Page 29

1  Q   And based on the fact that you learned the
2  fact you had worked at Mar-a-Lago in 2000 -- you
3  became aware in mid-2015 --
4  A   Um-hum.
5  Q   -- that you had met Ms. Maxwell in 2000,
6  correct?
7  A   That's --
8      MR. EDWARDS:  Object to the form.
9  A   That's correct.
10 Q   (BY MS. MENNINGER)  All right.  And you
11 became aware in mid-2015 that you were not 15 years
12 old when you met Ghislaine Maxwell, correct?
13     MR. EDWARDS:  Object to the form.
14 A   That's correct.
15 Q   (BY MS. MENNINGER)  Okay.  And who
16 provided you those Mar-a-Lago records in
17 approximately mid-2015?
18     MR. EDWARDS:  I'm going to object.
19     And to the extent that this invades the
20 attorney-client privilege, if it was your attorneys
21 that you spoke to and learned this information or
22 received this information from, then you're
23 instructed not to answer.
24 A   I cannot answer that question.
25 Q   (BY MS. MENNINGER)  Did you yourself look

Page 30

1  at records in the middle of 2015 regardless of who
2  showed them to you?
3      MR. EDWARDS:  Objection.  And to the
4  extent that they were showed to you or shared by any
5  of your lawyers, you're instructed not to answer the
6  question.  It invades the attorney-client privilege.
7  Q   (BY MS. MENNINGER)  Did you look at
8  Mar-a-Lago records in the middle of 2015 yourself?
9      MR. EDWARDS:  She's not answering the
10 question.
11     MS. MENNINGER:  On what grounds is she not
12 answering the question?
13     MR. EDWARDS:  I just told you it invades
14 the attorney-client privilege.  If she learned --
15 I will instruct her if she learned by some
16 other way than her attorneys sharing the information
17 with her, then she can answer the question.
18 Q   (BY MS. MENNINGER)  I'm asking you not to
19 tell me whether your attorneys showed you the record.
20 I'm asking you not to tell me the source of the
21 record.
22     I'm asking you if you personally in the
23 middle of 2015 looked at Mar-a-Lago records?
24     MR. EDWARDS:  Same objection.
25     Same instruction.

Page 31

1  Q   (BY MS. MENNINGER)  I'm going to show you
2  an exhibit filed on, I believe on or about
3  February 6th of 2015.  Defendant's Exhibit 4.
4      (Exhibit 4 marked.)
5      MR. EDWARDS:  Thank you.
6  Q   (BY MS. MENNINGER)  And drawing your
7  attention to the heading line that says, Entered on
8  the docket February 6th, 2015.
9      Do you see that?
10 A   Yes.
11 Q   All right.  And Declaration of Jane Doe 3,
12 do you see that on the first page?
13 A   Yes.
14 Q   And it's in the CVRA case, correct, Jane
15 Doe 1 and Jane Doe 2 versus United States of America?
16 A   Yes.
17 Q   All right.  And do you recognize this
18 document?
19 A   Yes.
20 Q   And what do you understand this document
21 to be?
22 A   I believe it's more reason to why I should
23 have been added to the CVRA case.
24     MR. EDWARDS:  Objection to the relevance,
25 Counsel.

Page 32

1  Q   (BY MS. MENNINGER)  Okay.  And again, if
2  you look to the last page of the document,
3  paragraph 67 --
4  A   The last page?
5  Q   Yes, the very last.
6  A   67, yes.
7  Q   All right.  It says in paragraph 67:  I
8  declare under penalty of perjury that the foregoing
9  is true and correct, right?
10 A   Yes.
11 Q   And it was executed on or about the
12 5th day of February, 2015, correct?
13 A   It's a bit smudged, but it kind of looks
14 like a 5.
15 Q   All right.  And then there's a signature
16 block that's redacted that says Jane Doe 3, correct?
17 A   Correct.
18 Q   Do you believe that you signed this
19 document and it was later covered up by that block?
20 A   Yes.
21 Q   All right.  And again, is there anything
22 in this document that you believe today to not be
23 true?
24     MR. EDWARDS:  I just ask that you read
25 through the entire document and answer the question.