UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>                    Plaintiff,<br><br>-against-<br><br>ALAN DERSHOWITZ,<br><br>                    Defendant. | No. 19 Civ. 3377 (LAP) |
| VIRGINIA L. GIUFFRE,<br><br>                    Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>                    Defendant. | No. 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court has reviewed the parties' update, filed in <u>Giuffre v. Dershowitz</u>, No. 19 Civ. 3377, on the status of their discussions regarding Defendant Alan Dershowitz's request that Plaintiff Virginia Giuffre produce to him confidential discovery materials and sealed filings from <u>Giuffre v. Maxwell</u>, No. 15 Civ. 7433.  (<u>See</u> dkt. no. 153 in 19 Civ. 3377.)

    In that update, the parties agree that, if the Court permits it, they are amenable to disclosure to Mr. Dershowitz of, among other things, the names of all deponents, subpoena recipients, and affiants in the <u>Maxwell</u> case and all documents listed on Exhibit A to that letter, a copy of which is attached hereto.  Many of the

1

documents on Exhibit A are deposition transcripts which will undoubtedly disclose names and information about numerous of the Does whose names have heretofore been redacted from the Maxwell materials.

The Court is concerned that such disclosure, even under a protective order, will (1) undermine the careful unsealing process agreed to by the parties in Maxwell, and (2) infringe on the privacy or other countervailing interests against disclosure of the Does without their having notice and an opportunity to be heard.  Accordingly, by posting this order both in Giuffre v. Maxwell, No. 15 Civ. 7433, and Giuffre v. Dershowitz, No. 19 Civ. 3377, the Court invites the Does to comment on the proposed disclosure.

Any Doe who wishes to be heard on the disclosure proposed by counsel in Giuffre v. Dershowitz shall inform the Court of his/her views no later than August 18, 2020.  Because those comments may discuss information that is currently under seal in Giuffre v. Maxwell, they will be submitted directly to the Court so that the Court can review them in camera.  Comments may be sent to the Court's email address at PreskaNYSDChambers@nysd.uscourts.gov.  The Court specifically requests comment from counsel for John Doe who has appeared in Maxwell.  The Court will, at the least, inform the parties generally of the nature of any comments received.

Relatedly, the parties request that the Court clarify that deposition transcripts and other documents not designated confidential on their face (excerpts of some of which were submitted under seal as part of the (now unsealed) summary judgment record in Maxwell, see infra n. 1) are not subject to the Maxwell Protective Order (dkt. no. 62 in 15 Civ. 7433) and thus may be freely disclosed and produced to Defendant without any restrictions on their use or disclosure.  The Court agrees that materials not designated confidential are not covered by the Maxwell Protective Order but disagrees that there is necessarily no restriction on their disclosure.  Specifically, certain materials may both (1) lack confidentiality designations made pursuant to the Protective Order and (2) be filed under seal in the Maxwell litigation.  To the extent that the materials mention nonparties to the Maxwell action and remain under seal, such materials should not be disclosed before the nonparties mentioned are given notice and an opportunity to comment on the disclosure.  (See supra at 2.)  However, where such materials have already been

unsealed--either by this Court or by the Court of Appeals--they may be freely disclosed.[1]

**SO ORDERED.**

Dated:   New York, New York
         August 4, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge

4

---

[1] For example, the parties' update specifically discusses "the transcripts of the depositions of witnesses including James Austrich, Tony Figueroa, Sky Roberts, Brittany Henderson, and Juan Alessi," which "do not bear confidential designations" and which were unsealed by the Court of Appeals' unsealing of the Maxwell summary judgment record. (See dkt. no. 153 in 19 Civ. 3377 at 1.) The Court agrees that disclosure of those and similar materials would not run afoul of the Maxwell Protective Order.

APPENDIX A

1. All documents concerning Alan Dershowitz.

2. All documents produced, or deposition or written testimony given, by any of Giuffre's family members or boyfriends, including but not limited to Sky Roberts, Anthony Figueroa, and James Michael Austrich.

3. All documents produced, or deposition or written testimony given, by any friends of Giuffre, including Rebecca Boylan and Michael Boylan.

4. All documents produced, or deposition or written testimony given, by any Epstein employees or non-employee staff, including but not limited to Juan Alessi and David Rodgers.

5. All documents produced, or deposition or written testimony given, by Jeffrey Epstein.

6. All documents produced, or deposition or written testimony given, by Sarah Ransome or Maria Farmer.

7. All documents produced, or deposition or written testimony given, by any of the following individuals whom Giuffre has testified she was sexually trafficked to by Epstein:

    a. Prince Andrew

    b. Jean-Luc Brunel

    c. Glenn Dubin

    d. Stephen Kaufmann

    e. Marvin Minsky

    f. George Mitchell

    g. Thomas Pritzker

    h. Bill Richardson

    i. Leslie Wexner

    j. [Redacted]

    k. [Redacted]

    l. [Redacted]

2

8. All communications between Giuffre, and/or her agents or representatives, and any members of the media.

9. Ghislaine Maxwell's deposition transcripts and exhibits.

10. All documents describing, or photographs, videos, or other media depicting, any of Epstein's properties or airplanes.

11. All flight logs from Epstein's planes.

12. All police reports concerning Giuffre.

13. All emails exchanged between Sarah Ransome and any member of the media, including but not limited to Maureen Callahan of the New York Post.