

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

August 10, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    ***Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP**

Dear Judge Preska,

Plaintiff writes pursuant to the Court's August 3, 2020 order directing the parties to confer and report suggestions for streamlining the unsealing process and a proposed next set of docket entries to be reviewed for potential unsealing. Dkt. 1096.

As to streamlining the process, the parties have agreed upon the following changes to the Protocol:

*First*, to speed up the unsealing process and to minimize the number of Non-Party names that need to be redacted from future materials that are unsealed, the parties will send the Non-Party Notice to *all* remaining Non-Parties as soon as practicable. Once all Non-Parties are noticed, the Court and the parties will better understand exactly how many Non-Parties intend to participate in the unsealing process. The number of Non-Parties who request excerpts will help inform the Court's decision as to how to proceed with the Protocol going forward. Having a list of Non-Parties who have not requested Excerpts (and who therefore do not intend to object to unsealing) will also be exceedingly helpful to the Original Parties tasked with redacting the names of Non-Parties who have not yet had the opportunity to object to unsealing. For example, going forward, the Original Parties would need to redact fewer names in documents that are ordered unsealed because they would have a list of Non-Parties who have no objection to their names being unsealed. Plaintiff suggests that the Original Parties serve the Non-Party Notice on all Non-Parties within 7 days, and that the Original Parties file letters with the Court 21 days thereafter advising the Court of any further suggested changes to the Protocol based on how many Non-Parties request excerpts.[1]

---

[1] As explained below, Plaintiff requests that the unsealing process continue with the next 5 motions for Does 1 and 2 while the Notice is being sent to the remaining Non-Parties.



The Honorable Loretta A. Preska
August 10, 2020
Page 2

*Second*, the parties agree to change from 14 days to 7 days the response times provided in paragraphs 2(d) and 2(e) of the Protocol for the Original Party objections and the responses thereto, but to continue to provide Non-Parties with 14 days to object as currently provided for in paragraph 2(d).

*Third*, the Original Parties agree to provide the Court with a joint exhibit comparing the Original Parties' positions on each document being considered with the reply in support of an Original Party's objections to unsealing.

The parties have been unable to reach agreement on the following proposals:

*First*, Plaintiff proposed reviewing the remaining set of motions that mention Doe 1 or Doe 2: 231, 279, 315, 320, 335, 345, 362, 370, 422, 640, and 659. Maxwell's counsel rejected that proposal based on the volume of documents and pages associated with those motions, and suggested considering only five more motions in the next round of unsealing without specifying which five motions she contended should be reviewed next. Plaintiff consented to proceeding with the next five motions that mentioned Doe 1 or Doe 2 in chronological order, as opposed to all of the remaining Doe 1 and Doe 2 motions: 231, 279, 315, 320, and 335. Maxwell's counsel again rejected Plaintiff's proposal, and instead proposed reviewing the first five motions on the Decided Motions List (Dkt. 1049) that do not quote from either Maxwell's deposition or Doe 1's deposition, regardless of whether those motions mention Doe 1 or Doe 2. Plaintiff disagrees with this approach, as the parties agreed and the Court ordered that the Protocol would proceed by Non-Party, not by motion. Dkts. 1034 at 3, 1037-1 at 2, 1038 at 1, 1044 at 2. Plaintiff sees no reason to discard that approach at this time. As explained above, once the Original Parties have served Non-Party notices on all of the Non-Parties and understand how many objectors are at issue, the parties and the Court can discuss whether the Protocol should be further revised.

*Second*, Plaintiff proposed, as the Court suggested, reducing the page limit in paragraph 2(g) of the Protocol to ten pages per set of motions. *See* Tr. of July 23, 2020 Ruling at 17:7–9. Given Plaintiff's agreement to limit the next set of motions to five motions, a ten-page limit is reasonable and will greatly simplify this process. A ten-page limit will also encourage the parties to focus their briefing on specific countervailing interests as to specific portions of documents, as opposed to writing long briefs opposing the unsealing of broad categories of documents for a broad array of generalized countervailing interests.

*Third*, Maxwell proposed that any brief arguing for unsealing by an Original Party should include a sealed set of proposed redactions of the documents to be unsealed. Plaintiff does not consent to this requirement. This additional requirement is clearly not meant to streamline this process—providing proposed redactions to documents before the Court has made a ruling as to what documents will be unsealed is extraordinarily wasteful. This proposal is also a transparent effort to put the burden of redacting documents to be unsealed solely on Plaintiff, who will be, in most instances, the Original Party advocating for unsealing.



The Honorable Loretta A. Preska
August 10, 2020
Page 3

      Maxwell based this proposal on "mistakes" that Plaintiff made in the redacted documents filed on July 30 pursuant to this Court's order. But Maxwell's counsel did not point out those alleged mistakes in Plaintiff's proposed redactions prior to filing, even though Plaintiff began sending Maxwell's counsel proposed redactions *five days* prior to the Court-ordered deadline to unseal the documents. And as this Court recognized, Maxwell's counsel did not provide Plaintiff with *any* proposed redactions until the evening of the Court-ordered deadline to unseal. Dkt. 1087 at 2–3. Nor did Maxwell's counsel offer to provide the Court with a competing set of proposed redactions for in camera review until the afternoon of the Court-ordered deadline to unseal. Even then, Maxwell's counsel did not specify when she would be providing the Court with her proposed redactions. Dkt. 1087 at 2. Plaintiff's attorneys endeavored to the best of their ability to ensure that there were no mistakes in Plaintiff's proposed redactions prior to filing, with no real help from Maxwell "despite the Court's instruction that the parties work together to ensure that the materials were properly redacted by the appointed time." *Id.* Plaintiff therefore rejects Maxwell's attempt to blame Plaintiff for any alleged errors in the redactions filed on July 30, and rejects her attempt to punish Plaintiff for any such alleged errors by imposing a new, onerous requirement on Plaintiff to include a set proposed redactions each time she files a brief advocating for the unsealing of documents to which the public has a right of access. The law is clear that the party seeking to keep a judicial record under seal has the burden, and Maxwell's proposed revision would turn the public's presumption of access on its head. *See Chen v. City of New York*, No. 14 Civ. 10296, 2015 WL 11022885, at *3 (S.D.N.Y. Feb. 23, 2015) (Preska, J.) ("A party has the burden to overcome the presumption in favor of public access to the records of judicial proceedings.").

      *Fourth*, Maxwell proposed providing a one-week window in the Protocol for filing an appeal as to any ruling before documents are released. Plaintiff rejects this proposal as well. The Court ordered the parties to confer as to ways to "streamline" this process. Dkt. 1096. Adding in an additional window of time that Maxwell can use to further delay the unsealing of documents in this matter will not "streamline" this process—it will elongate it. Nothing currently prevents Maxwell from requesting time to appeal a ruling with the Court, as she did prior to filing her most recent appeal. Maxwell also had ample opportunity to negotiate for the inclusion of such a one-week appeal window in the Protocol when the parties were negotiating the Protocol many months ago, yet failed to do so. She should not be permitted to further complicate the process now by facilitating her ability to file frivolous appeals.

      *Finally*, on Sunday, August 9, Maxwell's counsel for the first time contended that Doe 1 needed to be provided with a second Non-Party notice because she had "received new contact information for Doe 1." The Protocol is clear on how the Original Parties are to effect Notice on Non-Parties, and nothing in the Protocol, which the parties negotiated *at length*, permits a Non-Party to be noticed twice. Re-noticing Doe 1 now would undo much of the Court's previous work in reviewing and ruling on motions that mentions Doe 1, eviscerating any judicial economy, and would set a precedent for Non-Parties to file delayed objections long after their time to do so has expired under the Protocol.



The Honorable Loretta A. Preska
August 10, 2020
Page 4

      Maxwell's demand that Doe 1 be re-noticed is also clearly tactical. Maxwell's counsel provided Plaintiff's counsel with no details as to when she mysteriously obtained new contact information for Doe 1 after this Court ruled that excerpts from Doe 1's deposition be unsealed. As the Court knows, Maxwell has appealed that ruling and is seeking to shield Doe 1's deposition from the public. Doe 1 was noticed in May, Dkt. 1054, yet Maxwell only sought to correct Doe 1's address yesterday. Maxwell is clearly seeking to provide Doe 1 with another opportunity to object to the release of the deposition testimony despite the fact that Doe 1 did not request Excerpts, did not object to unsealing anything, has not otherwise participated in this process whatsoever, and despite the Court's ruling that Doe 1's deposition testimony should be unsealed. Maxwell should not get another bite at the apple.

      Plaintiff therefore requests that the Court enter an order (1) accepting the changes to the Protocol to which the parties have agreed, (2) providing a deadline (7 days) by which the Original Parties must serve Non-Party Notices on the remaining Non-Parties, (3) providing a deadline (28 days) by which the Original Parties must advise the Court of any further suggested changes to the Protocol after all Non-Parties have been noticed and provided with enough time to request Excerpts, (4) accepting Plaintiff's proposal to consider motions 231, 279, 315, 320, and 335 next and ordering the Original Parties to file any objection to the unsealing of those motions and their related docket entries within 7 days of the Court's order, (5) accepting Plaintiff's proposal to reduce the page limit in paragraph 2(g) of the Protocol to ten pages per set of motions, and (6) rejecting all of Maxwell's additional proposals, which appear to be aimed at further complicating and slowing down this process.

      Sincerely,

/s/ Sigrid S. McCawley
Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)