

**Haddon, Morgan and Foreman, P.C**
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

August 10, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  August 3, 2020 Order (Doc. 1096)
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

    I write in response to the Court's Order of August 3, 2020 (Doc. 1069), the Order and Protocol for Unsealing Decided Motions (Doc. 1044) ("Protocol"), and to raise with the Court the legal effect of new information that came to the attention of counsel for Ms. Maxwell on Friday, August 7, 2020.

    <u>New information</u>**:**  On Friday, August 7, 2020, counsel for Ms. Maxwell learned of critical new information that impacts both this action and *U.S. v. Maxwell,* 20 Cr. 330 (AJN) (the "Criminal Action"). The information implicates Ms. Maxwell's right to due process and fairness in this civil action and affects the Second Circuit's review of the Court's unsealing order of July 23, 2020. Additionally, the information implicates her rights as a criminal defendant guaranteed under the Fourth, Fifth and Sixth Amendments.

    Counsel makes the representations about implications of the new information as an officer of this Court. At this time, counsel is not at liberty to disclose the information because it is subject to a protective order in the Criminal Action, which forbids its use "for any civil proceeding or any purpose other than the defense" of the criminal action absent "further order of the Court." Protective Order, 20 Cr. 330 (AJN) at ¶¶ 1(a), 18 (Exhibit A). As required by that Protective Order and Judge Nathan's Individual Practices in Criminal Cases, counsel initiated a conferral with the U.S. Attorney's Office over the weekend concerning a modification of the Protective Order to share the information with this Court and the Second Circuit.  Barring agreement, Ms. Maxwell intends to seek modification of the Protective Order in the Criminal Action from Judge Nathan forthwith to permit sharing the information with this Court, *ex parte* and *in camera* if necessary, and with the Second Circuit (likewise under seal if necessary).

Honorable Loretta A. Preska
August 10, 2020
Page 2

Ms. Maxwell requests a temporary stay of the unsealing process for approximately three weeks until the conclusion of (a) the conferral with the U.S. Attorney's Office to a modification of the Protective Order in the Criminal Action and, if necessary, an application and ruling by Judge Nathan on the issue, to permit the use of the information in this Court and before the Second Circuit (under seal in both courts, if necessary), (b) an application to this Court containing the new information in support of a request to stay the unsealing process until the conclusion of the Criminal Action, and (c) a ruling by this Court on the motion for stay.

Streamlining of Unsealing Process: As directed by the Court, counsel for Ms. Maxwell conferred with plaintiff's counsel concerning various proposals to streamline the unsealing process. Subject to Ms. Maxwell's request to temporarily pause the process as described above, defense counsel has agreed to several potential modifications of the Protocol which we hope will ease the burden on the parties and the Court going forward, should the unsealing move ahead. Of note, and as Plaintiff will explain to the Court, the parties have agreed to notify all of the Non-Parties at once so that we can understand which Non-Parties object to the unsealing before deciding how to proceed with future redactions. Although this will give the Court and the Original Parties more information about the scope of objectors, there are limitations to the extent to which it will expedite the process. As counsel has made clear in the past, it will take significant effort by the Original Parties and their staff to put together the excerpts for any Non-Party who requests them because each Non-Party will be entitled to see his or her own information (but not that of other Non-Parties). After receiving a request from a Non-Party, we anticipate it will take up to a week per Non-Party to agree to the excerpts to send to them for review. But on balance we agree that having a sense of the number of participating Non-Parties will aid the Court in conducting future proceedings, we have agreed to Plaintiff's suggestion on that front. The parties can submit a proposed modification of the Protocol and Notice to the Court to reflect this agreement.

We also have agreed, as the Court suggested, to shorten the time period for the Original Parties to object and to respond from 14 to 7 days. This would impact paragraphs 2(d), 2(e) and 2(f) of the Protocol. The parties can also submit a proposed modification of the Protocol to the Court. The parties also agreed to leave the time for Non-Parties to object at 14 days given some practical considerations applicable to them.

Although the parties were able to reach some agreement, we cannot agree to all of Plaintiff's proposals and write separately to explain the basis for our disagreements.

First, we carefully considered the Court's suggestion to reduce the number of pages of briefing to ten pages per side. *Id.* Our initial Objection (DE 1057) was 14 pages long; Plaintiff's Response was 19 pages. The Court concluded that our Objection was, in many respects, not specific enough. We would ask leave to at least have 15 pages to object to the five motions proposed below, with any response limited to the same. We will endeavor to keep it shorter than that, but also allow for more space to provide specifics to the Court.

Second, we have obtained new contact information for Doe 1 from a separate civil suit. We believe that Doe 1 retains a right to notification and participation. We suggest

Honorable Loretta A. Preska
August 10, 2020
Page 3

providing the Notice to Doe 1 at the new address for any future pleadings that implicate his or her deposition, which is currently subject to the Second Circuit's stay.

   Third, to prevent against some of the errors that occurred during the last round of unsealings, we request that the Protocol be amended to require the Responding Original Party who proposes unsealing to supply with their Response a proposed unredacted set of the pleadings at issue, for the Court's consideration and for the Objecting Original Party or Non-Party to have the right of reply. Preparing those redactions after the fact allows much ambiguity into the Court's ruling and we believe the Court's ruling should specify which redactions it is accepting or rejecting at the time of ruling.

   Finally, we request that the Court allow for the any objecting Non-Party or Original Party be given 7 days following any unseal order to apply for relief in the Second Circuit from the order prior to the documents being released.

   <u>Proposed Next Set of Docket Entries for Review</u>:

   Given the Second Circuit's stay concerning Ms. Maxwell and Doe 1's deposition transcripts and materials that quote from them, we propose that the Court deviate from the Doe 1 and 2 chronology (given that Doe 1's deposition is sprinkled throughout those motions) and instead take the following five decided motions and their related pleadings. This list represents the first five chronological decided motions that (a) have sealed or redacted materials and (b) do not have attached or quote from documents subject to the stay. They are:

- 75 – Defendant's Motion to Compel Responses to Defendant's First Set of Discovery Responses to Plaintiff
- 139 – Plaintiff's Brief in Support of the Privilege Claimed for In Camera Submission
- 155 – Defendant's Motion to Compel Non-Privileged Documents
- 215 – Sharon Churcher Motion to Quash Subpoena
- 231 – Defendant's Motion to Reopen Deposition of Plaintiff Virginia Giuffre

Counsel for Ms. Maxwell is available for a telephone conference to discuss any of the foregoing, should the Court desire.

            Respectfully submitted,

            */s/ Laura A. Menninger*
            Laura A. Menninger

CC: Counsel of Record *via* ECF

# EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA        :
                                :    **PROTECTIVE ORDER**
        - v. -                  :
                                :    20 Cr. 330 (AJN)
GHISLAINE MAXWELL,              :
                                :
                    Defendant.  :
                                :
- - - - - - - - - - - - - - - - x

ALISON J. NATHAN, United States District Judge:

   WHEREAS the Government intends to produce to GHISLAINE MAXWELL, the defendant, certain documents and materials that (i) affect the privacy and confidentiality of individuals, (ii) would impede, if prematurely disclosed, the Government's ongoing investigation; (iii) would risk prejudicial pretrial publicity if publicly disseminated, and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action, and other materials pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16") and pursuant to any other disclosure obligations (collectively, the "Discovery"), which contain sensitive, confidential, or personal identifying information;

   WHEREAS, the Government seeks to protect sensitive, confidential, or personal identifying information contained in the materials it produces consistent with Rule 16 or other disclosure obligations;

1

WHEREAS the Government has applied for the entry of this Order;

IT HEREBY IS ORDERED:

1. The Discovery disclosed to the defendant ("Defendant") and/or to the defendant's criminal defense attorneys ("Defense Counsel") during the course of proceedings in this action:

   a) Shall be used by the Defendant or her Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action;

   b) Shall not be copied or otherwise recorded or transmitted by the Defendant, except to Defense Counsel, or except as necessary for the Defendant to take notes, which are not to be further transmitted to anyone other than Defense Counsel;

   c) Shall not be disclosed or distributed in any form by the Defendant or her counsel except as set forth in paragraph 1(d) below;

   d) May be disclosed only by Defense Counsel and only to the following persons ("Designated Persons"):

      i. investigative, secretarial, clerical, or paralegal personnel employed full-time, part-time, or as

2

independent contractors by the defendant's counsel ("Defense Staff");

        ii.  any expert or potential expert, legal advisor, consultant, or any other individual retained or employed by the Defendant and Defense Counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors");

        iii.  such other persons as hereafter may be authorized by Order of the Court ("Other Authorized Persons");

    e)  May be provided to prospective witnesses and their counsel (collectively, "Potential Defense Witnesses"), to the extent deemed necessary by defense counsel, for trial preparation. To the extent Discovery materials are disclosed to Potential Defense Witnesses, they agree that any such materials will not be further copied, distributed, or otherwise transmitted to individuals other than the recipient Potential Defense Witnesses.

    2.  The Defendant and Defense Counsel shall provide a copy of this Order to any Designated Persons to whom they disclose Discovery materials. Prior to disclosure of Discovery materials to Designated Persons, any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to Defense Counsel. All

3

such acknowledgments shall be retained by Defense Counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated. The Defendant and her counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

   3. To the extent that Discovery is disseminated to Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses, via means other than electronic mail, Defense Counsel shall encrypt and/or password protect the Discovery.

   4. The Government, the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses and their counsel, and Other Authorized Persons are prohibited from posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website or other publicly available medium.

   5. The Government (other than in the discharge of their professional obligations in this matter), the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses and their counsel, and Other Authorized Persons are strictly prohibited from publicly

4

disclosing or disseminating the identity of any victims or witnesses referenced in the Discovery. This Order does not prohibit Defense Counsel or Defense Staff from referencing the identities of individuals they believe may be relevant to the defense to Potential Defense Witnesses and their counsel during the course of the investigation and preparation of the defense case at trial. Any Potential Defense Witnesses and their counsel who are provided identifying information by Defense Counsel or Defense Staff are prohibited from further disclosing or disseminating such identifying information. This Order does not prohibit Defense Counsel from publicly referencing individuals who have spoken by name on the public record in this case.

      6.    The Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses, and Other Authorized Persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing the identity of any victims or witnesses referenced in the Discovery, who have not spoken by name on the public record in this case, unless authorized by the Government in writing or by Order of the Court. Any such filings must be filed under seal, unless authorized by the Government in writing or by Order of the Court.

5

7. Copies of Discovery or other materials produced by the Government in this action bearing "confidential" stamps, or designated as "confidential" as described below, and/or electronic Discovery materials designated as "confidential" by the Government, including such materials marked as "confidential" either on the documents or materials themselves, or designated as "confidential" in a folder or document title, are deemed "Confidential Information." The Government shall clearly mark all pages or electronic materials containing Confidential Information, or folder or document titles as necessary, with "confidential" designations.

8. Confidential Information may contain personal identification information of victims, witnesses, or other specific individuals who are not parties to this action, and other confidential information; as well as information that identifies, or could lead to the identification of, witnesses in this matter. The identity of an alleged victim or witness who has identified herself or himself publicly as such on the record in this case shall not be treated as Confidential Information.

9. Defense Counsel may, at any time, notify the Government that Defense Counsel does not concur in the designation of documents or other materials as Confidential Information. If the Government does not agree to de-designate such documents or materials, Defense Counsel may thereafter move

6

the Court for an Order de-designating such documents or materials. The Government's designation of such documents and materials as Confidential Information will be controlling absent contrary order of the Court.

    10. Confidential Information disclosed to the defendant, or Defense Counsel, respectively, during the course of proceedings in this action:

    a) Shall be used by the Defendant or her Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action;

    b) Shall be maintained in a safe and secure manner;

    c) Shall be reviewed and possessed by the Defendant in hard copy solely in the presence of Defense Counsel;

    d) Shall be possessed in electronic format only by Defense Counsel and by appropriate officials of the Bureau of Prisons ("BOP"), who shall provide the defendant with electronic access to the Discovery, including Confidential Information, consistent with the rules and regulations of the BOP, for the Defendant's review;

7

    e)  Shall be reviewed by the Defendant solely in the presence of Defense Counsel or when provided access to Discovery materials in electronic format by BOP officials;

    f)  May be disclosed only by Defense Counsel and only to Designated Persons;

    g)  May be shown to, either in person, by videoconference, or via a read-only document review platform, but not disseminated to or provided copies of to, Potential Defense Witnesses, to the extent deemed necessary by Defense Counsel, for trial preparation, and after such individual(s) have read and signed this Order acknowledging that such individual(s) are bound by this Order.

    11.  Copies of Discovery or other materials produced by the Government in this action bearing "highly confidential" stamps or otherwise specifically designated as "highly confidential," and/or electronic Discovery materials designated as "highly confidential" by the Government, including such materials marked as "highly confidential" either on the documents or materials themselves, or designated as "highly confidential" in an index, folder title, or document title, are deemed "Highly Confidential Information." To the extent any Highly Confidential Information is physically produced to the Defendant and Defense Counsel, rather than being made available to the Defendant and Defense Counsel for on-site review, the

Government shall clearly mark all such pages or electronic materials containing Highly Confidential Information with "highly confidential" stamps on the documents or materials themselves.

12. Highly Confidential Information contains nude, partially-nude, or otherwise sexualized images, videos, or other depictions of individuals.

13. Defense Counsel may, at any time, notify the Government that Defense Counsel does not concur in the designation of documents or other materials as Highly Confidential Information. If the Government does not agree to de-designate such documents or materials, Defense Counsel may thereafter move the Court for an Order de-designating such documents or materials. The Government's designation of such documents and materials as Highly Confidential Information will be controlling absent contrary order of the Court.

14. Highly Confidential Information disclosed to Defense Counsel during the course of proceedings in this action:

    a) Shall be used by the Defendant or her Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action;

      b) Shall not be disseminated, transmitted, or otherwise copied and provided to Defense Counsel or the Defendant;

      c) Shall be reviewed by the Defendant solely in the presence of Defense Counsel;

      d) Shall not be possessed outside the presence of Defense Counsel, or maintained, by the Defendant;

      e) Shall be made available for inspection by Defense Counsel and the Defendant, under the protection of law enforcement officers or employees; and

      f) Shall not be copied or otherwise duplicated by Defense Counsel or the Defendant during such inspections.

      15. The Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses, and Other Authorized Persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing any Confidential Information or Highly Confidential Information referenced in the Discovery, unless authorized by the Government in writing or by Order of the Court. Any such filings must be filed under seal, unless authorized by the Government in writing or by Order of the Court.

      16. The provisions of this Order shall not be construed as preventing disclosure of any information, with the exception of victim or witness identifying information, that is

Case 1:20-cr-07333-AJN Document 136-1 Filed 07/30/20 Page 11 of 12

publicly available or obtained by the Defendant or her Defense Counsel from a source other than the Government.

17. Except for Discovery that has been made part of the record of this case, Defense Counsel shall return to the Government or securely destroy or delete all Discovery, including but not limited to Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the expiration of the period for a petition pursuant to 28 U.S.C. § 2255; any period of time required by the federal or state ethics rules applicable to any attorney of record in this case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

18. The foregoing provisions shall remain in effect unless and until either (a) the Government and Defense Counsel mutually agree in writing otherwise, or (b) this Order is modified by further order of the Court.

19. The Government and Defense Counsel agree to meet and confer in advance of any hearings or trial to discuss and agree to any modifications necessary for the presentation of evidence at those proceedings. In the absence of agreement,

Defense Counsel may make an appropriate application to the Court for any such modifications.

SO ORDERED:

Dated:    New York, New York
          <u>July</u>  <u>30</u>, 2020

                                    _____
                                    HONORABLE ALISON J. NATHAN
                                    United States District Judge

12