# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

     Plaintiff,

v.                                       No. 15-cv-07433-LAP

GHISLAINE MAXWELL,

     Defendant.

---

## Order and Protocol for Unsealing Decided Motions

### *(Updated August 27, 2020)*

---

       The Court previously ruled that "only motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (DE 1016). Such materials are referred to herein as the "Sealed Materials" or "Sealed Items." The Sealed Materials will be enumerated in a List of Decided Motions designated by the Court . In accordance with *Brown v. Maxwell,* 929 F.3d 41, 49-51 (2d Cir. 2019), the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access. To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopts the following protocol.

       1.  <u>Non-Parties List</u>: Plaintiff Virginia Giuffre and Defendant Ghislaine Maxwell (collectively, the "Original Parties") each have submitted under seal a list of non-parties whose privacy, reputational or other interests may be implicated by the unsealing of the Sealed Materials (each, a "Non-Party," and collectively, the "Non-Parties"). Because the Original Parties did not agree on one or more Non-Parties to be included in the list, the Court has resolved all such disagreements and shall issue to the Original Parties a Court-approved Non-Parties List, which shall be sealed. The Non-Parties shall include but are not limited to: (a) persons who produced or answered discovery based upon the representation or understanding that the discovery would be subject to the Protective Order previously issued in this action; (b) persons who are identified as having allegedly engaged in sexual acts with Plaintiff, or other alleged victims, or allegedly facilitated such acts; (c) persons whose intimate, sexual, or private conduct is described in the Sealed Materials; and (d) persons who are alleged to have been victimized.

The Non-Parties List will:

- Identify each Non-Party by his or her name, which correlates to a unique pseudonymous identifier, i.e., Doe #1, Doe #2, and Doe #3.

- Provide the address or contact information for each Non-Party or his or her legal counsel, which the Original Parties identified to the best of their ability.

    2.   <u>Judicial Adjudication:</u> Because of the volume of Sealed Materials, the Court will conduct an individualized review of several Sealed Items at a time, thereby allowing the review to proceed on a rolling basis and in a manageable fashion.  The Court will review sealed items based on the Non-Party mentioned in the Sealed Materials.  For example, for Doe #1, the Court would review each Sealed Item that mentions Doe #1, and would do the same for Does #2, #3, etc.  This will allow the Court more easily to manage and review any objections from Non-Parties.  The following procedure shall be used for each set of Sealed Items reviewed by the Court:

      a.   The Court will notify the parties via minute order ("Notification") of the set of Sealed Items that will be considered. The Court will consider input from the Original Parties as to the number of Sealed Items that is appropriate to consider at once in light of the volume and complexity of the Sealed Items.

      b.   As soon as practicable after the Notification the Original Parties shall confer and shall use their best efforts to cause each Non-Party mentioned in the Sealed Materials to be considered to be served confidentially with the Non-Party Notice.  The Non-Party Notice is attached to the original Order and Protocol for Unsealing Decided Motions (dkt. no. 1044) and has been approved by the Court. "Best efforts" entails identifying the most current address available for the nonparty in a public records database or other readily available source.  Service shall be effected via first class certified mail, return receipt requested. After service, the party causing the service shall file a certificate of service, stating the date and method of service and identifying the Non-Party by his or her pseudonymous identifier.

      c.   Within 14 days of service of the Non-Party Notice, a Non-Party, identified by his or her pseudonymous identifier, may submit to the Court a request for excerpts of the Sealed Materials pertaining to him or her (the "Excerpts"). The form request attached to the original Order and Protocol for Unsealing Decided Motions (dkt. no. 1044) has been approved by the Court and shall be attached to the Non-Party Notice. The request shall be faxed, mailed, or e-mailed[1] to the Court and served upon counsel for the Original Parties. Upon receipt of the request, the Original Parties shall confer and cause the Excerpts to be served via U.S. mail or e-mail, as requested by the Non-Party, promptly on the requesting

---

[1] The Court may be reached by e-mail at PreskaNYSDChambers@nysd.uscourts.gov.

Non-Party.

    d.    Within 14 days of service of the Excerpts, the Non-Party may submit to the Court an objection to unsealing/unredacting ("Non-Party Objection").  The form Non-Party Objection attached to the original Order and Protocol for Unsealing Decided Motions (dkt. no. 1044) has been approved by the Court and shall be attached to the Non-Party Notice.  The Non-Party Notice will require any objecting Non-Party to state briefly the reasons for the objection and identify any countervailing interest that militates against unsealing, if applicable.  A Non-Party may also submit a memorandum of law in support of the Non-Party Objection.  The Non-Party Objection and any accompanying memorandum shall be served on the Original Parties. Within 7 days of service of any Non-Party Objection and accompanying memorandum, if any, the Original Parties may file an opposition stating the reasons why any Sealed Item should be unsealed.  The opposition shall be served on the objecting Non-Party.  The objecting Non-Party may file a reply in support of its objection within 7 days of service of the Original Parties' opposition.

    e.    Within 7 days of service of any Non-Party Objection, any Original Party may file its own objection to unsealing/unredacting ("Party Objection"), and an accompanying memorandum of law in support of the objection. Any opposition to the Party Objection shall be filed within 7 days. The objecting Original Party may file a reply in support of his or her objection within 7 days of service of any opposition.

    f.    If within 14 days of the Notification no Non-Party has requested Excerpts, the Original Parties shall have 7 days from the date on which the Non-Party's time to object expires to submit an objection to unsealing and an accompanying memorandum. Any opposition to such an objection shall be filed within 7 days.   The objecting Party may then file a reply within 7 days of service in support of his or her objection.

    g.    Any memorandum in support of a Non-Party or Party Objection to unsealing a set of Sealed Items shall be, in total, no longer than 15 double-spaced pages in 12 point, Times New Roman font.   Any memorandum in opposition to such a Non-Party or Party Objection shall also be, in total, no longer than 15 double-spaced pages in 12 point, Times New Roman font.  Any reply in further support of a Non-Party or Party Objection may be, in total, no longer than 10 double-spaced pages in 12 point, Times New Roman font.  Applications to extend the page limit of any memorandum may be made to the Court on an ad hoc basis.  Any such application shall articulate specifically the reasons why additional pages are necessary.

    h.    An order from this Court unsealing a Sealed Item, in whole or in part, as to a Non-Party should be deemed to have affected the Non-Party's rights and interests for purposes of an appeal.

    i.    If the Court determines that a factual issue exists as to a Sealed Item and that its

ruling requires resolution of that factual issue, it may order the Original Parties and relevant Non-Parties to appear for an evidentiary hearing.  In addition, the relevant Non-Parties or the Original Parties may affirmatively request an evidentiary hearing.  Any such request shall be made by letter explaining any factual issues that exist with a Sealed Item (or Sealed Items) and the reasons that an evidentiary hearing may facilitate their resolution.

     j.    After objections, responses and replies have been submitted, and any evidentiary hearing held, the Court will enter a minute order setting the date and time it will decide in open court the objections lodged as to each set of motions. Appearance by any of the parties or Non-Parties is optional. The Court will determine whether each Sealed Item shall be (1) unsealed in its entirety, (2) unsealed in redacted form, or (3) kept under seal. Thereafter the Court will issue a Notification of the next set of Sealed Items to be decided.

3.    <u>Non-Party Participation.</u>

     a.    Any Non-Party requesting Excerpts shall maintain them as confidential and shall not disclose them to anyone other than the lawyer, if any, representing him or her in this proceeding. The requesting Non-Party may use the Excerpts only to decide whether to object and to prepare his or her objection, if any, submitted to this Court. A Non-Party's request for the Excerpts constitutes acknowledgment of the requirement to comply with this Court's restrictions placed on the Excerpts and submission to this Court's jurisdiction for purposes of enforcement of the restrictions.

     b.    A Non-Party who submits an objection submits to the Court's jurisdiction for purposes of the unsealing/unredaction proceeding.

     c.    A copy of this Order and Protocol shall be served with the Non-Party Notice.

     d.    All submissions by Non-Parties to the Court shall be under seal. The Original Parties served with Non-Party submissions shall not disclose them to anyone else pending further order of the Court.

     e.    The Court's staff will receive Non-Party submissions, make appropriate redactions, e.g., the Non-Party's identifying information (with the assistance of the Original Parties, as appropriate), substitute Non-Party pseudonymous identifiers as appropriate, redact the submission as appropriate, and file them as redacted via ECF, identifying the Non-Party solely by his or her pseudonymous identifier.

     f.    A Non-Party's participation in this protocol is optional. Appearances by Non-Parties and their counsel in this proceeding shall be considered limited and for the purposes set forth in this Order. Non-Parties are under no obligation to object, and a Non-Party's decision not to do so shall not be deemed consent to the unsealing of any Sealed

Materials. The solicitation and receipt of objections from Non-Parties who wish to participate is intended merely to aid the Court in balancing privacy and other interests against the public's right of access. The Court will conduct a particularized review of the Sealed Materials and weigh the competing interests regardless whether it receives any Non-Party Objection.

4.   Unless expressly stated otherwise, all notices, submissions, and filings made pursuant to this Order shall remain permanently sealed inasmuch as they are submitted solely so that the Court may decide whether any Sealed Materials should be unsealed. *See Brown*, 929 F.3d at 50 n.33.

**SO ORDERED.**

Dated this 27th day of August 2020.

_____
U.S. District Judge