UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>              Plaintiff,<br><br>-against-<br><br>ALAN DERSHOWITZ,<br><br>              Defendant. | No. 19 Civ. 3377 (LAP) |
| VIRGINIA L. GIUFFRE,<br><br>              Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>              Defendant. | No. 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    In an order dated August 4, 2020 (dkt. no. 1097 in 15 Civ. 7433), the Court invited any nonparties named in the sealed materials at issue in Giuffre v. Maxwell, No. 15 Civ. 7433, to submit to the Court for in camera review their comments on Defendant Alan Dershowitz's request in Giuffre v. Dershowitz, No. 19 Civ. 3377, that Plaintiff Virginia Giuffre produce to him confidential discovery materials and sealed filings from the Maxwell litigation.  In that order, the Court noted that it would "at the least, inform the parties generally of the nature

1

of any comments received." (Id. at 2.)[1] The Court writes to provide that update.

Nonparties were permitted to submit comments on the proposed disclosure to Mr. Dershowitz no later than August 25, 2020. (See dkt. no. 1104 in 15 Civ. 7433.) The submissions were not numerous by any measure. In total, the Court received three submissions from nonparties--one of those submissions, from nonparty John Doe who has been actively involved in the Maxwell litigation, was filed on the public docket (dkt. no. 1105 in 15 Civ. 7433),[2] while the other two submissions were provided directly to the Court by email for in camera review.

The comments submitted to the Court on the proposed disclosure to Mr. Dershowitz covered three general tracks. First, the comments noted the gravity of the privacy and reputational interests that would be implicated by any disclosure to Mr. Dershowitz. For example, one Doe noted the potential impact of any disclosure on the mental health of alleged victims of Jeffrey Epstein's abuse. Second, and relatedly, the comments argued that nonparties reasonably relied on the Maxwell protective order when

---

[1] In addition, Intervenors Julie Brown and Miami Herald Media Company requested that "the nature and quantity of comments received be reflected on the public docket." (See dkt. no. 1098 in 15 Civ. 7433.)
[2] In the August 4 order, the Court "specifically request[ed] comment from counsel for John Doe who has appeared in Maxwell. (See dkt. no. 1097 in 15 Civ. 7433 at 2.)

producing documents or providing testimony in that case and, accordingly, expected that such materials would remain confidential. Third, the comments suggested that Mr. Dershowitz has not made a showing that certain of the sealed materials are relevant to a degree sufficient to justify any disclosure.

The Court will rule on (1) the appropriateness of the proposed disclosure to Mr. Dershowitz and (2) the scope of any disclosure to Mr. Dershowitz at a later date.

**SO ORDERED.**

Dated:   New York, New York
         August 31, 2020

_____*Loretta A. Preska*_____
LORETTA A. PRESKA
Senior United States District Judge