UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE, <br><br>                Plaintiff, <br><br> -against- <br><br> ALAN DERSHOWITZ, <br><br>                Defendant. | No. 19 Civ. 3377 (LAP) |
| VIRGINIA L. GIUFFRE, <br><br>                Plaintiff, <br><br> -against- <br><br> GHISLAINE MAXWELL, <br><br>                Defendant. | No. 15 Civ. 7433 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court for approval is a proposal by Defendant Alan Dershowitz in Giuffre v. Dershowitz, No. 19 Civ. 3377, to modify the protective order in Giuffre v. Maxwell, No. 15 Civ. 7433, to allow Plaintiff Virginia Giuffre to produce to Mr. Dershowitz certain sealed materials from the Maxwell litigation. (See dkt. no. 153.)[1] Ms. Giuffre does not object to the proposal. (Id.) Mr. Dershowitz's request is granted in part and denied in part.

---

[1] Unless otherwise noted, cites to the docket refer to the docket in Giuffre v. Dershowitz, No. 19 Civ. 3377.

1

I.   <u>BACKGROUND</u>

Mr. Dershowitz has had several bites at this particular apple. Most recently, Mr. Dershowitz sought modification of the <u>Maxwell</u> protective order (dkt. no. 62 in 15 Civ. 7433) to permit him blanket access to all sealed materials and discovery at issue in the <u>Maxwell</u> litigation, a request that the Court denied.   (<u>See</u> dkt. no. 144.) Core to the Court's conclusion were several issues. First, Mr. Dershowitz's request was staggeringly overbroad given the relatively constrained facts at issue in the <u>Dershowitz</u> litigation.   (<u>Id.</u> at 8.)   Second, the proposed modification of the protective order would threaten to undercut the carefully planned unsealing process in <u>Maxwell</u>.   (<u>Id.</u> at 9.)   Third, the Court found that parties providing documents and testimony in <u>Maxwell</u> reasonably relied on the <u>Maxwell</u> protective order, whose promises of confidentiality "functioned as a powerful mechanism for inducing parties to provide discovery in a contentious litigation."   (<u>Id.</u> at 11-12.)

Shortly after the Court's denial of Mr. Dershowitz's request, the Court, in an effort to hasten the resolution of this case, ordered Mr. Dershowitz and Ms. Giuffre to confer "with an eye toward reaching a reasonable accommodation concerning Mr. Dershowitz's requests for various filings and discovery materials from <u>Giuffre v. Maxwell</u>."   (Dkt. no. 152.)   The parties conferred and informed the Court via joint letter (dkt. no. 153) that Ms.

Giuffre had no objection to producing to Mr. Dershowitz (1) the names of all deponents, subpoena recipients, and affiants in the Maxwell case and (2) sealed materials from the Maxwell action falling in 13 enumerated categories--a list of those categories is provided in Exhibit A to the parties' joint letter. (See dkt. no. 153, Ex. A.)

The Court expressed concerns about the parties' proposal for two reasons.  First, the proposed disclosure could "undermine the careful unsealing process agreed to by the parties in Maxwell." (Dkt. no. 154 at 2.)  Second, the proposed disclosure could "infringe on the privacy or other countervailing interests against disclosure of the Does [who are providing input in Maxwell] without their having notice and an opportunity to be heard." (Id.)  In light of those concerns, the Court invited the nonparty Does to submit comments to the Court on the proposed disclosure to Mr. Dershowitz for in camera review.  (Id.)

The Court received three submissions from nonparties--one of those submissions, from nonparty John Doe who has been actively involved in the Maxwell litigation, was filed on the public docket (dkt. no. 1105 in 15 Civ. 7433), while the other two submissions were provided directly to the Court by email for in camera review and were docketed under seal.  As discussed by the Court in a prior order, the comments covered three general tracks.  (See dkt. no. 172 at 2.)  First, the comments noted the gravity of the privacy

3

and reputational interests that would be implicated by any disclosure to Mr. Dershowitz. Second, and relatedly, the comments argued that nonparties reasonably relied on the Maxwell protective order when producing documents or providing testimony in that case and, accordingly, expected that such materials would remain confidential. Third, the comments suggested that Mr. Dershowitz has not made a showing that certain of the sealed materials are relevant to a degree sufficient to justify any disclosure. (Id. at 2-3.)

## II.  DISCUSSION

In an effort to provide a reasonable accommodation to Mr. Dershowitz, the Court will permit modification of the Maxwell protective order to allow limited disclosure to Mr. Dershowitz of sealed documents and testimony that mention Mr. Dershowitz, subject to an exception that is the subject of a sealed order to be provided to Ms. Giuffre.[2]  The Court will not permit modification

---

[2] That sealed order excludes from production to Mr. Dershowitz material produced by or material (or portions of material) that discusses a specific nonparty Doe whose identity will remain confidential.  With respect to material not produced by the nonparty Doe, the order also requires that descriptive material (defined in the order) concerning the nonparty Doe should be redacted entirely and that merely redacting the Doe's name is not sufficient.  In a separate explanatory order--also docketed under seal but not provided to the parties--the Court concludes that disclosure of documents and testimony discussing this Doe would undermine that Doe's particularly weighty privacy interests in the sealed materials.  To the extent that Mr. Dershowitz can discern the identity of this Doe, the Doe's identity shall neither be publicly disclosed nor intimated in public filings.

to allow a disclosure to Mr. Dershowitz of sealed materials outside of that universe.  The Court reaches that conclusion for several reasons.

First, the Court reaches the same conclusion as it did in July regarding nonparty reliance on the Maxwell protective order. That is to say, given that the confidentiality provisions of the Maxwell protective order "functioned as a powerful mechanism for inducing parties to provide discovery in a contentious litigation," (dkt. no. 144 at 11), the Court concludes that a disclosure to Mr. Dershowitz that is as circumscribed as reasonably possible will best protect the reliance interests of nonparties who provided testimony and discovery in Maxwell.

Second, and relatedly, the Court finds the gravity of the privacy interests of nonparties--particularly nonparties who are alleged victims of Jeffrey Epstein's sexual abuse--weighs heavily against the unilateral disclosure that Mr. Dershowitz seeks.  Those interests are particularly acute given that the psychological and emotional wellbeing of survivors of alleged sexual assaults may be implicated by such a broad disclosure.  Indeed, protecting such interests is one of the core purposes of the unsealing process in Maxwell.  Even the more limited disclosure sought by Mr. Dershowitz threatens to undermine that purpose by allowing disclosure without the extensive input from the nonparties that is provided for by the unsealing process in Maxwell.

5

Third, while Mr. Dershowitz has winnowed his request for documents somewhat since his earlier request for modification, he still seeks quite a broad universe of sealed materials related to the Maxwell litigation.  As discussed above, Mr. Dershowitz seeks documents that fall into 13 separate categories, some of which are extremely broad.  For example, Mr. Dershowitz seeks all documents "concerning Alan Dershowitz" and all documents produced and testimony given by dozens of witnesses.  (See dkt. no. 153, Ex. A.)  Mr. Dershowitz claims to have a "compelling need" for these materials because he wants to prove that all of the various instances of trafficking--by Mr. Dershowitz and numerous others-- alleged by Ms. Giuffre are false and therefore he never could have been on notice that Ms. Giuffre was a victim of sex trafficking. (See dkt. no. 171 at 5.)  The Court again reminds Mr. Dershowitz that the central factual issue in this case is narrow, (see dkt. no. 152 at 1-2), and that discovery should therefore be proportionally narrow.  While Mr. Dershowitz will not be forced to "litigate this action with one arm tied behind his back," (dkt. no. 144 at 6 n.4), that does not require that the Court allow Mr. Dershowitz to use this defamation action as a vehicle for reconstructing everything that Ms. Giuffre has ever said about Jeffrey Epstein's alleged sex trafficking operation.

III. <u>CONCLUSION</u>

Mr. Dershowitz's request to modify the <u>Maxwell</u> protective order (dkt. no. 153) is granted in part and denied in part.  Ms. Giuffre shall produce to Mr. Dershowitz all sealed materials and discovery that mentions Mr. Dershowitz, excluding material produced by or material (or portions of material) discussing a specific nonparty Doe whose privacy interests are the subject of a separate sealed order to be provided to Ms. Giuffre.

**SO ORDERED.**

Dated:     New York, New York
           September 9, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge