# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue
New York, NY 10110

Telephone: (212) 390-9550
www.KKLllp.com

September 22, 2020

By ECF

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

      Re:    *Giuffre v. Maxwell,* 15 Civ. 7433 (LAP) ("*Maxwell*")

Dear Judge Preska:

      We respond on behalf of a non-party, John Doe, to the Motion to Intervene and for Confidential Access to Judicial Records and Discovery Documents filed by the Government of the United States Virgin Islands (the "USVI").  DEs 1110-11.

      The USVI's motion should be denied principally for the reasons set forth in the defendant's submission, *see* DE 1118; we write here only to emphasize three points.

### A.    <u>No Intervention Is Necessary, As the Second Circuit Has Already Ordered the Release of the Summary Judgment Materials</u>

      In *Brown vs. Maxwell,* 929 F.3d 41 (2d Cir. 2019), the Second Circuit released "the summary judgment materials," which consisted of the defendant's motion for summary judgment, the parties' memoranda of law, and supporting exhibits.  Upon the issuance of its mandate, the Second Circuit specifically made these materials available on its own docket, subject to what it held were appropriate redactions for personally identifying information, names of alleged minor victims of sexual abuse, and deposition responses disclosing intimate matters.  *Id.* at 48 n.22.  Thus, no intervention is necessary to access these materials (DEs 540-43, 586, 620-21, and 872).[1]

---

[1] Even if the USVI's motion to intervene were not moot, the USVI cannot in any event satisfy the factors governing such motions under Federal Rules of Civil Procedure 24(a) and (b), for the reasons set forth by the defendant.  *See* DE 1118 at 15-19.

### B.     The USVI Offers No Reason to Circumvent the Court's Unsealing Process

To the extent that the USVI is seeking access to sealed materials beyond what was unsealed by the Second Circuit, the carefully constructed protocol established by this Court remains the appropriate mechanism for resolving all such access issues for judicial records. This Court will ultimately determine what, if any, public access rights attach to presently sealed filings through a process carefully designed to afford the parties and non-parties alike notice and an opportunity to be heard. Upon completion of this process, the seal will either remain or be removed, in whole or in part, and the USVI will have access to those materials that this Court determines to unseal.

The USVI offers no reason to depart from this process. Although it engages in an extended discussion of the law regarding access to judicial documents, *see* DE 1111 at 8-11, it does so in generic terms, untethered to the facts of this case, and it points to no shortcoming regarding the already unsealed summary judgment materials. It merely asserts, in conclusory fashion, that the requested materials "are judicial documents" and that no countervailing interests justify continued sealing, *see id.* at 10-11 – without proffering any specific argument or supporting evidence. As such, the USVI has failed to provide any basis for summarily circumventing the individualized review mandated by the Second Circuit and the protocol carefully crafted by this Court, and it should not be permitted to do so.[2]

### C.     No Modification of the Protective Order Should Occur

These same generalizations put forth by the USVI also do not support its request for modification of the *Maxwell* Protective Order, DE 62 (the "Protective Order") to grant access to non-judicial materials, namely unfiled deposition transcripts.[3] This Court has already rejected a nearly identical request for non-judicial records made by Mr. Dershowitz, *see* DE 1071, and the same result attains here.

As the Court is well-aware, and has been briefed at length previously, *see* DEs 1062, 1105, under circumstances such as these, the Court should not modify the Protective Order "absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) (quoting

---

[2] As has been observed by the defendant, *see* DE 1118, it makes no difference that the USVI purportedly seeks these materials for purposes of a criminal investigation; that purported purpose does not mitigate the important privacy interests of parties and non-parties, nor does it negate the Fifth Amendment rights at stake – indeed, quite the reverse. *See, e.g.*, *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295-96 (2d Cir. 1979) (explaining that "witnesses might be expected frequently to refuse to testify pursuant to protective orders if their testimony were to be made available to the Government for criminal investigatory purposes in disregard of those orders").

[3] The USVI concedes implicitly that such materials do not constitute judicial records under Second Circuit precedent and thus will not be released pursuant to the protocol.

*Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)).  In determining whether such extraordinary circumstances exist, the trial court considers several factors, as set out in *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 318 (D. Conn. 2009).  This Court already engaged in an analysis of the *EPDM* factors in denying Mr. Dershowitz's earlier request, and that same analysis applies with equal force to the USVI's nearly identical motion.

  The USVI, like Mr. Dershowitz, has plainly failed to demonstrate any extraordinary circumstance or compelling need that could justify modification of the Protective Order.  In support of its motion, the USVI declares that the materials it seeks "may be obtained more expeditiously herein than through duplicative discovery in its separately filed action."  DE 1111 at 12.  But this Court has already expressly rejected this precise argument.  *See* DE 1071 at 7-8.  Nor is Mr. Epstein's death a basis to modify the Protective Order.  His death does not establish any need for Mr. Epstein's testimony in the USVI's action.  (And, at least as set forth by the defendant, the USVI will not find any meaningful information in Mr. Epstein's deposition transcript in any event.  *See* DE 1118 at 8.)

  Furthermore, as noted above, *see supra* note 2, it is of no moment that the USVI purportedly seeks these materials for purposes of its law enforcement action.  The government has sufficient investigatory powers that it is unnecessary for it to "exploit[] . . . the fruits of private litigation," *Martindell*, 594 F.2d at 296, and the Second Circuit and district courts within have uniformly followed *Martindell* and its progeny to deny government requests to modify protective orders in private litigation to obtain material for their own investigations.  *See, e.g.*, *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.,* 797 F.2d 85, 88 (2d Cir. 1986); *Palmieri v. New York,* 779 F.2d 861, 866 (2d Cir. 1985); *Abbott Labs. v. Adelphia Supply USA*, No. 2015-cv-5826 (CBA) (MDG), 2016 WL 11613256, at *2 (E.D.N.Y. Nov. 22, 2016); *Daniels v. City of New York*, 200 F.R.D. 205, 209-10 (S.D.N.Y. 2001).

*   *   *

  For all the reasons set forth herein and by the defendant, the Court should deny the USVI's motion to intervene and to modify the Protective Order.  The request is flatly contrary to the rigorous standard set by governing law.  And there is good reason that the governing law imposes such a rigorous standard for requests for *post hoc* modification of protective orders:  In addition to protecting people (like the parties and numerous non-parties here) who reasonably relied on the Protective Order, this standard serves as a floodgate to control a deluge of modification requests – a deluge that this Court should certainly expect if, on this record, it grants this motion.

September 22, 2020
Page 4 of 4

Respectfully Submitted,
KRIEGER KIM & LEWIN LLP

By: _____
Nicholas J. Lewin
Paul M. Krieger

cc (by ECF):   *Maxwell* Counsel of Record