

**Haddon, Morgan and Foreman**, P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364   FX  303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

September 30, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Doe 1 & 2 Request for Excerpts and Updated Protocol (Doc. # 1108)
    *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

On behalf of Ms. Maxwell, we write to seek clarification from the Court regarding the Updated Protocol (Doc. # 1108) as it applies to Doe 1 and Doe 2's recent communication and the related deadlines for objecting and responding.  After conferral with Plaintiff's counsel, the parties were unable to reach an agreement.  Depending on the Court's clarification, Ms. Maxwell also seeks a one-week extension of time to object to the unsealing of the Doe 1 and 2 materials at issue in this second round.

The Original Parties and the Court received a request for excerpts for sealed materials from Does 1 and 2 on Friday, September 25, 2020.  The excerpt request was accompanied by an email indicating that Does 1 and 2 "do not object to the unsealing" but "ask that [they] are not identified by name."  Because the email incorporates (a) an excerpt request, (b) a general non-objection to unsealing but also (c) an objection to the unsealing of their names, it is ambiguous exactly how it should be treated under the Protocol.

The Protocol contemplates that the time to object or oppose objection begins to run after a Non-Party's receipt of the excerpts once such excerpts are requested and received.  Per ¶ 2(c), a Non-Party may request excerpts by fax, mail or email.  "Upon receipt of the request, the Original Parties shall confer and cause the Excerpts to be served via U.S. mail or e-mail."

Under ¶ 2(d), "[w]ithin 14 days of service of the Excerpts, the Non-Party may submit to the Court an objection."  Any such "objection" must "state briefly the reasons for the objection and identify any countervailing interest that militates against unsealing."  *Id.*  Then, "[w]ithin 7 days of service" of the Non-Party Objection, the Original party "may file an opposition stating the reasons why any Sealed Item should be unsealed" (¶ 2(d)) and "any Original Party may file its own objection to unsealing/unredacting" (¶ 2(e).

Honorable Loretta A. Preska
September 30, 2020
Page 2

      Here, Doe 1 and 2, acting *pro se*, have not received their excerpts.  Their objection to the release of their names does not give the reasons nor the countervailing interests.  The Doe 1 & 2 email, formulated without access to the excerpts concerning them, does not make clear what their position is or why.  It seems to misapprehend the process because the objection (and non-objection) was lodged prior to receipt of the excerpts.  Moreover, it is fundamentally inconsistent to permit "unsealing" but keeping their names anonymous.  Ms. Maxwell raised some concerns about Doe 1 in the unredacted "Reply in Support of Her Objections to Unsealing Sealed Materials."  Doc. # 1073 at 4.  Those same concerns may be help explain the Doe 1 email.  These two Does cannot properly formulate their objections or non-objections until they have had a chance to review the excerpts mentioning them.  For example, they don't really know how, when or why their names are mentioned, or surrounding information that might make their identities obvious without inclusion of their actual names.

      Under our reading of the Protocol, we believe the next step is to send the excerpts to Does 1 and 2, permit them 14 days to object (or not) after receipt of the excerpts, and, whether or not they object or do not lodge further objection, the Original Parties then have 7 days to file objections, 7 days to respond, 7 days to reply.  Plaintiff disagrees with this process and believes that Doe 1 and 2's objections (and non-objections) stand without need to provide them excerpts first.

      We seek clarity from the Court.  We ask the Court to Order the Original Parties to provide the excerpts to Does 1 and 2, per the Protocol ¶ 2(c), wait 14 days for a better-formulated objection (or non-objection), and then the Original Parties can file their support or objection to the Doe 1 and 2 position, if any.

      Should the Court disagree and believe that the email from Does 1 and 2 stands as their final position without regard to their review of excerpts, Ms. Maxwell <u>seeks an additional one (1) week</u> to file her objection to the unsealing to and including <u>October 9, 2020</u>.  Counsel for Ms. Maxwell has had a firm-wide shut-down due to a positive Covid test from a staff member on Monday. The entire staff and all counsel have had to switch back to remote practice and counsel and the appropriate paralegals do not have access to the full files for the case on a remote access basis.  The pleadings at issue in this round concerning Does 1 and 2 number approximately 1,000 pages.  Although normally 7 days from receipt of an objection would be sufficient to file a response, the circumstances this week have made preparing any such response exceedingly difficult.

      Respectfully submitted,

      Laura A. Menninger

CC: Counsel of Record *via* ECF