

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

October 1, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     ***Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP**

Dear Judge Preska,

      Plaintiff writes in response to Defendant's letter dated September 30, 2020, seeking clarification from the Court regarding Doe 1 and Doe 2's communication to the Court. ECF No. 1123. As a preliminary matter, although Defendant did not propose a one-week extension of time to object to the unsealing of the next set of Doe 1 and Doe 2 materials when conferring with Plaintiff, Plaintiff does not oppose that request provided that Plaintiff also receives a one-week extension to respond to Doe 1 and Doe 2's objection to unsealing.

      As background, on May 15, 2020, Plaintiff served Doe 1 and Doe 2 with a Non-Party Notice by first class certified mail pursuant to the Protocol. ECF Nos. 1054, 1055. Neither Doe 1 nor Doe 2 requested Excerpts under the Protocol, the Original Parties submitted their own briefs, and the Court ruled that the first five motions, including portions of those documents mentioning Doe 1 or Doe 2, should be unsealed. ECF No. 1077. Defendant then contended that she had obtained a "new address" for Doe 1, and the Court ordered that Doe 1 be provided with a second Non-Party Notice at his new address. ECF Nos. at 1100 at 2–3, 1107 at 2.

      On September 25, 2020, Doe 1 and Doe 2 sent an email to the Original Parties and the Court. In that email, Doe 1 and Doe 2: (1) stated that Doe 1 and Doe 2 did not object to unsealing documents, (2) objected to the unsealing of their names out of respect for their "privacy," and (3) requested excerpts for their "review." They also provided Doe 1's current address—the same

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



The Honorable Loretta A. Preska
October 1, 2020
Page 2

address to which Plaintiff originally mailed the Non-Party Notice on May 15, 2020, and not a "new address."[1]

Plaintiff's position is that when Doe 1 and Doe 2 emailed the Court, they filed their objection to unsealing, and the Original Parties therefore have 7 days to respond to that objection or to file their own objection to unsealing the five motions at issue pursuant to the Protocol. ECF No. 1109 ¶¶ 2(d), (e). The scope of Doe 1 and Doe 2's objection is clear—they do not object to the unsealing of documents that contain their statements or testimony in this matter, but they object to the release of their names for privacy concerns. Doe 1 and Doe 2 chose to make that limited objection prior to receiving Excerpts, and although Plaintiff will happily send them Excerpts so they have prior access to documents that may be released, they should not receive a second opportunity to object thereafter.

Allowing Non-Parties multiple opportunities to object to unsealing would set a precedent that would exponentially delay this process. The same is true of allowing an Original Party to unilaterally decide that a Non-Party did not understand the Non-Party Notice or that the Non-Party should get another opportunity to object because their first objection was not good enough or specific enough. Although Plaintiff is sensitive to the fact that Doe 1 and Doe 2 are proceeding *pro se*, their communication indicates that they know the subject-matter of the documents that mention them, for example testimony in this case, and formulated their objection based on that understanding. Accordingly, Plaintiff seeks to move the Protocol forward, not delay it, but defers to the Court in how it believes the Original Parties should proceed.

Sincerely,

/s/ Sigrid S. McCawley
Sigrid S. McCawley, Esq.

cc:  Counsel of Record  (via ECF)

---

[1]     Doe 1 and Doe 2 stated in their email that they did not receive the first Non-Party Notice that Plaintiff sent to them in May, but according to that email Plaintiff sent the first Notice to the correct address.