UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE

              Plaintiff,

-against-

GHISLAINE MAXWELL,

              Defendant.

15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    The Court has reviewed Defendant Ghislaine Maxwell's letter dated September 30, 2020, and Plaintiff Virginia Giuffre's letter dated October 1, 2020.  (See dkt. nos. 1123-24.)  Those letters concern an email sent on September 25, 2020, by Does 1 and 2 to the Court and to the parties (1) stating that Doe 1 and Doe 2 did not generally object to unsealing documents, (2) objecting to the unsealing of their names out of respect for their privacy, and (3) requesting excerpts of sealed materials that mention them for their review (the "September 25 Email").

    The parties dispute the procedural import of the September 25 Email under the Protocol governing the unsealing of documents in this action.  (Dkt. no. 1108.)  The Protocol provides that, within 14 days of service of excerpts upon a non-party, the relevant non-party may submit to the Court an "objection" to unsealing which "[states] briefly the reasons for the objection" and "[identifies] any countervailing interest that militates against unsealing."

1

(Id. ¶ 2(d).)  Once a non-party has served his or her objection on Ms. Maxwell and Ms. Giuffre--or once 14 days have elapsed without action by the non-party--the parties have 7 days to file their own objections to unsealing.  (Id. ¶¶ 2(e)-(f).)  Here, Ms. Giuffre believes that the September 25 Email amounted to a non-party objection for purposes of Paragraph 2(d) of the Protocol, thereby triggering the 7-day clock under Paragraph 2(e) for Ms. Maxwell to file her own objection to unsealing.  (Dkt. no. 1124.)  Ms. Maxwell argues that the clock is not yet running.  (Dkt. no. 1123.)

Ms. Maxwell wins the day here.  First, the plain terms of the Protocol suggest that the 7-day clock is not yet running.  As Ms. Maxwell points out, the Protocol contemplates specifically that a non-party has 14 days to object to unsealing after service of the relevant excerpts, (dkt. no. 1108 ¶ 2(d) (emphasis added)), and Does 1 and 2 had not yet received their excerpts when they submitted the September 25 Email.  This makes sense, as a non-party cannot fully articulate any objection to unsealing without knowing the context in which he or she is mentioned in the sealed materials (and therefore any countervailing interests to unsealing).

Second, refusing to consider the September 25 Email a formal objection for purposes of Paragraph 2(d) comports with the core purpose of the Protocol, which was designed specifically to facilitate the participation of non-parties to the fullest extent

2

practicable.  Construing the September 25 Email, which as an objection would be half-baked by any measure, as triggering the 7-day clock in Paragraph 2(e) would amount to a conscious decision by the Court to undercut that purpose.  Should Does 1 and 2 wish to submit a more thorough explanation for their objection, doing so would be to the benefit of all involved in this process.

Third, and relatedly, that Does 1 and 2 are (for now) proceeding pro se further counsels in favor of a finding that the September 25 Email is not a formal objection for purposes of Paragraph 2(d) of the Protocol.  Here, the ambiguity in the September 25 Email may be the product of Does 1 and 2 misunderstanding the process provided by the Protocol, which to those unrepresented by counsel may understandably appear dense and convoluted.  For example, the September 25 Email is internally inconsistent in that it purports not to object to unsealing but in the same breath objects to the unsealing of the names of Does 1 and 2.  This evinces a fundamental misunderstanding about the process at hand--after all, an objection by Does 1 and 2 to the release of their names is itself an objection to unsealing.  The Court will not find that Does 1 and 2 waived their right to receive their excerpts or to otherwise file a full objection when they may

not have had a working understanding of the process in the first place.[1]

Ms. Giuffre argues that "[a]llowing Non-Parties multiple opportunities to object to unsealing would set a precedent that would exponentially delay this process." (Dkt. no. 1124 at 2.) This point is well-taken, but it is of little concern here. The Court, of course, would not permit a non-party to manipulate the process prescribed by the Protocol to file multiple objections or otherwise to create undue delay. This is not such a circumstance. As discussed above, it is far more likely that Does 1 and 2 misunderstood the somewhat Byzantine process provided by the Protocol in submitting the September 25 Email. The Court is thus less concerned about any precedent it sets by permitting Does 1 and 2 the full 14 days to submit a formal objection to unsealing as provided by Paragraph 2(d) of the Protocol.

Accordingly, the September 25 Email submitted by Does 1 and 2 shall not be construed as a formal objection to unsealing under Paragraph 2(d) of the Protocol. Pursuant to Paragraph 2(d), Does

---

[1] In the past, the Court has also stressed that the public legitimacy of the unsealing process is critically important. That is to say, the unsealing process will be undermined if non-parties are unduly dissuaded from participating in it. (See, e.g., dkt. no. 1071 at 10.) Whether due to means or personal preference, many non-parties may elect, as Does and 1 and 2 have here, to participate unrepresented in the unsealing process. Strictly construing the terms of the Protocol against pro se participants in the unsealing process might serve to dissuade similarly-situated individuals from participating at all.

4

1 and 2 shall have 14 days after service of the requested excerpts to file a formal objection to unsealing.  The original parties to this action may file their own objection to unsealing no later than (1) 7 days after service of any formal objection by Does 1 and 2, as provided by Paragraph 2(e) of the Protocol or (2) 7 days after the time period for Does 1 and 2 to object has expired, as provided by Paragraph 2(f) of the Protocol.  The Court will provide a copy of this order to Does 1 and 2 by email.

**SO ORDERED.**

Dated:     New York, New York
           October 2, 2020

\_\_\_*Loretta A. Preska*_____
LORETTA A. PRESKA
Senior United States District Judge