20-2413-cv
*Giuffre v. Maxwell*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2020

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           REENA RAGGI,
                   *Circuit Judges.*

---

VIRGINIA L. GIUFFRE,

       *Plaintiff-Appellee,*     20-2413-cv

       v.

GHISLAINE MAXWELL,

       *Defendant-Appellant*,

SHARON CHURCHER, JEFFREY EPSTEIN,

       *Respondents,*

JULIE BROWN, MIAMI HERALD MEDIA COMPANY,
MICHAEL CERNOVICH, DBA CERNOVICH MEDIA,

       *Intervenors.*

---

1

MANDATE ISSUED ON 10/19/2020

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | DAVID BOIES (Sigrid S. McCawley, *on the brief*) Boies Schiller Flexner LLP, Armonk, NY. |
| **FOR DEFENDANT-APPELLANT:** | ADAM MUELLER (Ty Gee, *on the brief*) Haddon, Morgan and Foreman, P.C., Denver, CO. |
| **FOR INTERVENORS:** | CHRISTINE N. WALZ (Sanford L. Bohrer, *on the brief*) Holland & Knight LLP, New York, NY, *for Intervenors Julie Brown and Miami Herald Media Company*. |

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Ghislaine Maxwell appeals from a July 23, 2020 order unsealing certain litigation materials, including, and related to, Maxwell's April 2016 deposition transcript. She argues that the District Court abused its discretion in ordering the unsealing of the deposition materials. Specifically, she argues that there is a lower presumption of access to the deposition materials at issue in this case than to the summary judgment materials we ordered unsealed in *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), and that her interests outweigh the public's interests. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

When reviewing a district court's decision to seal a filing or maintain such a seal, "we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Brown*, 929 F.3d at 47 (citing *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). A district court abuses its discretion if it "(1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Klipsch Grp. Inc. v. Epro E-Commerce Ltd.*, 880 F.3d 620, 627 (2018) (internal quotation marks omitted).

---

[1] Although Michael Cernovich, DBA Cernovich Media, did not enter an appearance in this appeal, letters of his dated July 31, 2020 and September 9, 2020 are before the Court.

We cannot conclude that the District Court abused its discretion in ordering the unsealing of the deposition materials. While "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment," the District Court correctly held that the deposition materials are judicial documents to which the presumption of public access attaches, and did not abuse its discretion in rejecting Maxwell's meritless arguments that her interests superseded the presumption of access. *Brown*, 929 F.3d at 50. The District Court's order articulated and applied the correct legal framework in its individualized review of the materials to be unsealed.

## CONCLUSION

We have reviewed all of the arguments raised by Defendant-Appellant Maxwell on appeal and find them to be without merit. We **DENY** the motion to consolidate this appeal with the pending appeal in *United States v. Maxwell*, No. 20-3061-cr. For the foregoing reasons, we also **AFFIRM** the July 23, 2020 order of the District Court.

In the interest of judicial economy, any further appeal in this civil case shall be referred to this panel.

The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3