

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

October 20, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Response to Plaintiff's Letter (Doc. # 1128)
      *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

I write in response to Plaintiff's letter of today's date, purporting to confirm that her counsel may release "later today" the previously unsealed deposition testimony of Ms. Maxwell and Doe 1 ("Unsealed Materials"), while redacting Doe 1's name from the materials that will be filed.  We oppose Plaintiff's request. For at least two reasons, Plaintiff's request contravenes the Court's Order also from today (Doc. # 1127), concerning the manner in which the Unsealed Materials should be evaluated and released.

First, Plaintiff's proposal does not redact all "descriptions of nonparty conduct that would allow readers to discern the identity of a given non-party."  Complaints by non-parties in the wake of the July 30 unsealings made that crystal-clear.  This Court has received at least one email from a non-party's counsel expressing dissatisfaction with the previous redactions because there were descriptions of conduct that would allow the identity of the given non-party to be surmised by the public, before they have had an opportunity to review excerpts pertaining to them and to object.  Counsel for Ms. Maxwell has received several other such complaints, even though the redactions were Plaintiff's, not hers.

Second, since Plaintiff's proposed redactions in July, Doe 1 submitted an objection that was the subject of this Court's Order of October 2, 2020 (Doc. # 1125).  According to the Order, "an objection by Does 1 and 2 to the release of their names is itself an objection to unsealing.  The Court will not find that Does 1 and 2 waived their right to receive their excerpts or to *otherwise file a full objection when they may not have had a working understanding of the process in the first place*."  Doc. # 1125 at 3-4.  Thus, Plaintiff's suggested course of action today – to release Doe 1's transcript before Doe 1 has had an opportunity to review that transcript and "otherwise file a full objection" – would undercut the Court's Order to provide Doe 1 those opportunities.  Simply redacting Doe 1's name does not satisfy the potential that he or she might object more fully after review of the transcript.

Honorable Loretta A. Preska
October 20, 2020
Page 2

     Finally, the Second Circuit's ruling regarding the appeal was issued late in the day yesterday. Counsel for Ms. Maxwell (who is in custody and difficult to communicate with) is still considering whether to seek any further emergency appellate remedies and/or to provide this Court additional information to the extent consistent with other courts' rulings that might impact the release of these materials. Any such remedy would be sought within 24-48 hours, and the conferral between counsel for the parties regarding redactions would occur simultaneously because counsel is fully aware of this Court's desire not to have any "last-minute disputes."

     For these reasons, counsel for Ms. Maxwell requests that the Court refuse to "confirm" Plaintiff's proposed course of action and instead, consistent with today's Order at Doc. #1127, direct the parties confer as they have been on proposed redactions to Ms. Maxwell's deposition prior to its release. Additionally, Doe 1 should be afforded the opportunity to fully object as this Court ruled in Order at Doc. # 1125.

     Respectfully submitted,

     Laura A. Menninger

CC: Counsel of Record *via* ECF