

October 21, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Giuffre v. Maxwell*, **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

    We represent Plaintiff Virginia Giuffre in this matter and write in response to Defendant Ghislaine Maxwell's October 20, 2020, letter, which seeks to further delay the unsealing process despite both this Court and the Second Circuit having already ruled against her as to these specific documents, and the redactions that should be applied to them. ECF No. 1129. Each of Maxwell's arguments is meritless.[1]

    Pursuant to this Court's October 20, 2020, order (ECF No. 1131), Plaintiff sent Maxwell copies of her proposed redactions yesterday evening[2] and scheduled a telephone conference to discuss those materials today. The parties met and conferred this afternoon, but could not reach agreement on the materials to be unsealed. Whereas Plaintiff's proposed redactions adhered to each of the Court's prior orders (and were reviewed and approved by the Court previously), Maxwell repeated her assertion that large portions of these materials (including sections of Maxwell's deposition transcript) should remain under seal. For the reasons set forth below, the Court should reject each of Maxwell's arguments, and allow Plaintiff to file these materials as it has already ordered.

    Maxwell asserts that Plaintiff's proposed redactions do not remove "descriptions of nonparty conduct to discern the identity of a given non-party." ECF No. 1129 at 1. But this Court has already reviewed Plaintiff's proposed redactions and held them to be appropriate. As this Court held yesterday, "the necessary redactions are intended to be as limited in scope as is workable." ECF No. 1127. Maxwell asks the Court to "direct the parties [to] confer as they have been on proposed redactions," ECF No. 1129 at 2, but Maxwell's proposed redactions are overbroad, and seek to obscure wide swaths of information in a manner wholly inconsistent with this Court's (and the Second Circuit's) direction that any redactions be narrowly tailored.

---

[1] Pursuant to the Court's October 21, 2020, order (ECF No. 1133), Plaintiff will withhold the transcript of Doe 1's deposition and redact other documents that quote or disclose information from that transcript.

[2] So that the Court may review the proposed redactions before the parties' deadline for filing tomorrow morning, Plaintiff will email chambers a link to access the materials that will be unsealed.

Maxwell argues that "[c]omplaints by non-parties in the wake of the July 30 unsealings" somehow support her assertion that the redactions were insufficient. *Id*. at 1. But it should not come as a surprise that those "non-parties," including those implicated as potential abusers within Jeffrey Epstein's sex-trafficking conspiracy, would seek to obscure as much information concerning their conduct as possible. Both this Court and the Second Circuit were able to review Plaintiff's proposed redactions, however, and each concluded that they sufficiently obscured information such that the public would not be able to identify the nonparty being discussed. In any event, Maxwell's vague and ambiguous reference to "complaints" from unidentified individuals, without specific reference to any Doe or description of the unsealed material that allegedly revealed his or her identity, is merely another *ipse dixit* argument, similar to other conclusory assertions this Court has rejected in the past.

Maxwell also asserts that the Court should stay the unsealing process because "the Second Circuit's ruling regarding the appeal was issued late in the day" on Monday, and Maxwell needs "24-48 hours" in order "to seek any further emergency appellate remedies." *Id*. at 2.[3] The Court should reject Maxwell's request for several reasons. First, Maxwell cannot now feign surprise that the Second Circuit rejected her frivolous appeal, and there is no excuse for her delay in seeking "emergency" relief now. This Court has previously chastised Maxwell for filing "eleventh-hour" requests, and should not entertain her latest effort to seek reconsideration without a coherent explanation for her entitlement to relief. ECF No. 1079 at 1, 2 & n.1. Second, there is no conceivable basis for any "emergency appellate remedy" Maxwell intends to file in the next day or two. The Second Circuit affirmed this Court's release of the materials, holding: "The District Court's order articulated and applied the correct legal framework in its individualized review of the materials to be unsealed." ECF No. 1126 at 3. Given that holding, there is no reasonable basis to believe that the Second Circuit will grant any motion for rehearing that Maxwell may choose to file. Maxwell also claims that she may "provide this Court additional information to the extent consistent with other courts' rulings that might impact the release of these materials." ECF No. 1129 at 2. But if it were true (it is not) that Maxwell is able to furnish this Court with anything that would impact this Court's ruling, then she should have done so already, and cannot use vague allusions to "additional information" as a basis for seeking judicial relief. In any event, the Second Circuit has already rejected this argument in dismissing Maxwell's criminal appeal, holding that, "as the District Court [Judge Nathan] correctly noted, Maxwell 'provides no coherent explanation' connecting the discovery materials at issue in the criminal case to the civil litigation." *United States v. Maxwell*, No. 20-3061 (2d Cir. Oct. 19, 2020), ECF No. 147 at 4.

Sincerely,

/s/ Sigrid McCawley

Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)

---

[3] As of this filing, Maxwell has not filed a request for any "emergency appellate remedy."