# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

                            **15-cv-07433-RWS**

---------------------------------------------------X

**Defendant's Combined Response to Plaintiff's Motion to Compel Defendant
to Answer Deposition Questions Filed Under Seal and
<u>Motion to Terminate or Limit Pursuant to F.R.Civ.P. 30(d)(3)</u>**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

## INTRODUCTION

Defendant, Ghislaine Maxwell, through her attorneys, responds to Plaintiff's Motion to Compel Defendant to Answer Deposition Questions Filed Under Seal (Doc. # 143 ) ("Motion" ). Ms. Maxwell, pursuant to Rule 30(d)(3) of the Federal Rules of Civil Procedure, moves to prohibit Plaintiff from asking her questions about any adult, consensual sex.  In support of her requests, Ms. Maxwell states:

 Plaintiff initiated this action purportedly in reaction to statements attributed to Ghislaine Maxwell on January 3, and 4, 2015.  The first of the two statements, according to Plaintiff's complaint, was issued by Ross Gow in the United Kingdom.  The second was made by Ms. Maxwell in New York when she was accosted by reporters on the street.  Both statements were brief, contained no factual content, and can best be described as general denials of allegations made by Plaintiff against Ms. Maxwell, to wit, that Ms. Maxwell "assisted" and participated in sexual abuse of the Plaintiff between 1999 and 2002.

Plaintiff does not claim that any sexual abuse occurred after 2002 or that she had any contact with Ms. Maxwell after 2002.  Indeed, according to Plaintiff, in 2002 she relocated, first to Thailand and then to Australia, where she married and started a family.  Given that she has been thousands of miles away from the United States for more than a decade it is unlikely that Plaintiff has any personal knowledge about events involving Jeffrey Epstein after she left the country and broke off all contact with both Mr. Epstein and Ms. Maxwell.

This lawsuit presents one relatively simple question:  is Plaintiff's claim that she was sexually abused by Jeffrey Epstein between 1999 and 2002 "with the assistance and participation of" Ms. Maxwell substantially true?  In light of this one simple question, Plaintiff's attempts to question Ms. Maxwell about her consensual adult sex life should be denied.

Plaintiff deposed Ms. Maxwell for a full seven hours.  Ms. Maxwell did not assert any privilege against self -incrimination and was questioned extensively about, among other things: her relationship with Jeffrey Epstein, her knowledge of "sexual trafficking", sex with minors, non-consensual sex, sex involving the Plaintiff and others, sex involving Plaintiff and Mr. Epstein, sex involving the Plaintiff and Ms. Maxwell and sex involving the Plaintiff, Ms. Maxwell and Mr. Epstein.  She was asked questions about whether she recruited girls for Mr. Epstein to have sex with and her knowledge of Mr. Epstein's sex with a number of people.  She was asked questions about "sex toys", pornographic images, child pornography, and nudity at Mr. Epstein's house.  Ms. Maxwell answered these questions, and many others, to the best of her ability.  *See* Declaration of Jeffrey S. Pagliuca, Composite Exhibit A. .

In sum, Ms. Maxwell testified:

- She never had a sexual encounter with the Plaintiff, ever;

- She never saw the Plaintiff massage Mr. Epstein;

- She did not have a set of outfits for the Plaintiff to wear;

- She had no knowledge of any non-consensual sex acts involving Mr. Epstein;

- She had no knowledge of Mr. Epstein having sex acts with any underage girl;

- She never engaged in any sex acts with any underage girl;

- She never had  non-consensual sex with anyone;

- She did not train the Plaintiff to recruit other girls for massages;

- She never trained a female under the age of 18 at Mr. Epstein's home; and

- She never arranged for or asked Plaintiff to have sex with anyone.

Any question about the actual subject matter of this defamation lawsuit was fair game. The line was drawn, however, at questions concerning Ms. Maxwell's consensual sex with any

adult other than the Plaintiff.  This is a very reasonable line given the subject matter of this

defamation action, *i.e.,* did Ms. Maxwell assist Mr. Epstein in the sexual trafficking of the

Plaintiff from 1999 to 2002.  The questions at issue were not limited to the time frame in which

the Plaintiff claims she was sexually trafficked and was expanded to the time frame of 1992 to

2009--- seven years before the Plaintiff claims to have met Mr. Epstein and five years after she

left the country.

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part, that "[p]arties may

obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

any party …."

Although the scope of discovery is deliberately broad, a Court is not "required to permit

plaintiff to engage in a `fishing expedition' in the hope of supporting [her] his claim.'" *McGee v.*

*Hayes, 43 Fed.Appx.* 214, 217 (10th Cir. 2002) (unpublished opinion).  *See Tottenham v. Trans*

*World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. 2002) ("Discovery, however, is not

intended to be a fishing expedition, but rather is meant to allow the parties to flesh out

allegations for which they initially have at least a modicum of objective support") (quotations

omitted); *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983) (courts should

remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved

in overbroad and far-ranging discovery requests") (quotation omitted).  "[B]road discovery is not

without limits and the trial court is given wide discretion in balancing the needs and rights of

both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.

1995) (quotation omitted).

Although relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc*., No. 93 C 041, 1998 WL 9181, at *2 (N.D.Il1.1998) (quoting *Piacenti v. Gen. Motors Corp.,* 173 F.R.D. 221, 223 (N.D.Il1.1997)).  Courts have also recognized that "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery."  *Id*. (quotation omitted).

Under Rule 26(c) of the Federal Rules of Civil Procedure any party may move the court, for good cause shown, for a protective order regarding pretrial discovery "which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R.Civ.P. 26(c). "Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Company v. Rinehart,* 467 U.S. 20, 35 (U.S. 1984).

It is important to consider that Ms. Maxwell is the ***defendant*** in this action.  She has not put her private affairs at issue.  She simply denied that she assisted Jeffrey Epstein in the sexual trafficking of the Plaintiff.  She stated that claims made by Plaintiff about her are "untrue" and contain "obvious lies".  Plaintiff's allegations concerning Mr. Epstein's adult consensual massages with persons other than herself are not the subject of Ms. Maxwell's denial and therefore not relevant to this defamation claim.  Furthermore, Ms. Maxwell's private adult sexual relationships, which do not involve Plaintiff, any underage persons, or any adult who claims to have been sexually trafficked also do not relate in any way to Plaintiff's allegations, and by extension, to Ms. Maxwell's denial of the same.

It is also important to recognize that Ms. Maxwell is not Mr. Epstein and Mr. Epstein's alleged conduct after Plaintiff left the country is not an issue in this defamation case.  The

4

Plaintiff has no personal knowledge of any of Mr. Epstein's activities after 2002. Accordingly, any statements by Plaintiff about Mr. Epstein's activities occurring after 2002 are her opinions, not facts that are subject to any defamation claim.

In an attempt to avoid the obvious problems with the non-relevant, highly intrusive, overbroad, and in most instances technically objectionable questions, Plaintiff has created a new theory: according to the Plaintiff, the questions are not really about Ms. Maxwell's private, consensual sex life, they are about "Defendant's participation in massages with Epstein", which she now says, "is a central part of this case." This case is not about massages. It is about whether the Plaintiff's claim that Ghislaine Maxwell assisted in sexually trafficking the Plaintiff to people like ███████████████████, and other famous people are substantially true. Whether Ms. Maxwell gave Mr. Epstein a massage in 1992 has nothing to do with this case.

In *Conduit v. Dunn*, 225 F.R.D. 100 (S.D.N.Y. 2004), the court considered the reverse of the issue presented here. Mr. Conduit, a former United States Congressman brought a defamation action against a media commentator based on statements made regarding the disappearance and death of a Washington intern. The defendant filed a motion to compel the plaintiff to provide deposition testimony regarding his sexual relationships which was opposed by the plaintiff who requested a protective order. Although the court allowed for a limited inquiry into the Plaintiff's sexual relationships it did so in large part because the Courts in the District of New York have:

> adamantly refused to allow a litigant to invoke privilege to protect discovery of information **relating to the matter the litigant put directly at issue**. *Sanofi–Synthelabo v. Apotex*, Inc., 299 F.Supp.2d 303, 308–09 (S.D.N.Y.2004) (finding it unfair for complainant to assert contentions to the court and then to rely on privilege to block disclosure of materials that might disprove or undermine those contentions). This holds true in defamation cases. *Cf. Weber v. Multimedia Entm't*, No. 97 Civ. 0682, 1997 WL 729039 (S.D.N.Y. Nov. 24, 1997) (allowing discovery of sexual history of plaintiff as to damages in defamation case, though plaintiff claimed irrelevancy). *Id.* at 108 (emphasis added).

5

The court recognized that:

> New York, of course, recognizes a right to privacy arising from its own constitution and the United States Constitution. *See People v. Onofre*, 72 A.D.2d 268, 424 N.Y.S.2d 566, 568 (App.Div.1980), aff'd, 51 N.Y.2d 476, 434 N.Y.S.2d 947, 415 N.E.2d 936 (1980) ("Personal sexual conduct is a fundamental right, protected by the right to privacy."); *see, e.g., Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973);  *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

A defendant who has <u>not</u> put her private life at issue, and whose private life is otherwise irrelevant to the action, should not be forced to testify regarding her private adult relationships that do not involve Plaintiff or anything improper.

In analogous circumstances courts have refused to allow questions about a deponent's sexual history.  For example, in *Silva v. Pioneer Janitorial Services*, 2011 WL 4729783 (D. Mass 2011), the court restricted deposition questions about a plaintiff's sexual history.  The court took guidance from F.R.E. 412, and held that in an alleged sexual harassment case questions about a plaintiff's prior sexual history would not be allowed. *See also, A.W. v. I.B. Corp*., 224 F.R.D. 20, 23 (D.Me. 2004); *Gibbons v. Food Lion, Inc*., No. 98–1197–CIV–T–23F, 1999 WL 33226474, at *2 (M.D.Fla. Feb.19, 1999) (stating that a majority of courts that have considered whether Fed.R.Evid. 412 is applicable to discovery "have found that Rule 412 has significance in the resolution of a discovery dispute").

In *Barta v. City & County of Honolulu*, 169 F.R.D. 132, 136 (D.Haw. 1996), the court held that defendants were not entitled to inquire into plaintiff's sexual conduct while she was off-duty, outside the workplace, and which did not involve conduct with the defendants. The court stated that plaintiff's "sexual conduct in that defined area, remote in time and/or kind from her claims, has no relevance to her claims or applicable defenses."

6

Similarly, the theory that any consensual adult sexual encounter that Ms. Maxwell may have had in an approximate 17 year period is irrelevant to any issue in this case, is propounded simply to harass and embarrass Ms. Maxwell and should not be permitted by this Court.

## CONCLUSION

Ms. Maxwell has not put her sex life at issue in this case and under the circumstances here she should not be required to answer open-ended highly intrusive questions about activity unrelated to the Plaintiff or her claim that she was sexually trafficked.  Like the Court in *Conduit v. Dunn,* this court should preclude non-relevant salacious fishing expeditions.  *Id.,* at 111.  All of the questions posed by Plaintiff are just that.  Accordingly, Ms. Maxwell requests that the Motion to Compel be denied and that her Motion to Terminate or Limit pursuant to F.R.Civ. P.30(d)(3) be granted.


Dated: May 10, 2016.


Respectfully submitted,


*/s/ Jeffrey S. Pagliuca*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

7

## CERTIFICATE OF SERVICE

I certify that on May 10, 2016, I electronically served this *Defendant's Combined Response to Plaintiff's Motion to Compel Defendant to Answer Deposition Questions Filed Under Seal and Motion to Terminate or Limit Pursuant to F.R.Civ.P. 30(d)(3)* via ECF on the following:

Sigrid S. McCawley
Meridith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
S.J. Quinney College of Law, University of Utah
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

/s/ Nicole Simmons
Nicole Simmons

8