**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

**PLAINTIFF'S CORRECTED[1] REPLY IN SUPPORT OF MOTION TO**
**<u>EXCEED PRESUMPTIVE TEN DEPOSITION LIMIT</u>**

Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

---

[1] On June 13, 2016, Ms. Giuffre filed her Reply in Support of her Motion to Exceed the Presumptive Ten Deposition Limit (DE 203). This brief contained excerpt from ▮▮▮▮▮▮▮▮ "rough" deposition transcript, as the final transcript had not yet been completed by the stenographer. On June 14, 2016, the stenographer issued the "final" deposition transcript, and Ms. Giuffre hereby files the final transcript citations and excerpts to replace the "rough" transcript that accompanied her supporting Declaration (DE 204-2). There are no other changes to this document.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   THE PROPOSED DEPOSITIONS ARE IMPORTANT TO THE FUNDAMENTAL
     CLAIMS AND DEFENSES IN THIS CASE, AND NONE ARE DUPLICATIVE. ........ 1

II.  MS. GIUFFRE IS SEEKING HIGHLY RELEVANT TRIAL TESTIMONY. .................. 6

III. MS. GIUFFRE'S REQUEST IS TIMELY. ........................................................................ 9

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**<u>Cases</u>**

*Atkinson v. Goord*,
 No. 01 CIV. 0761 LAKHBP, 2009 WL 890682 (S.D.N.Y. Apr. 2, 2009)................................3

*Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*,
 No. 3:06-CV-232 (CFD), 2006 WL 1525970 (D. Conn. May 25, 2006) ................................9

*LiButti v. United States*,
 107 F.3d 110 (2d Cir. 1997).........................................................................................................8

**<u>Rules</u>**

Fed. R. Evid. 404(b).....................................................................................................................7

Fed. R. Evid. 415(a).....................................................................................................................7

Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this reply in support of her Motion to Exceed Presumptive Ten Deposition Limit.  The motion should be granted because Ms. Giuffre has shown good cause for needing to exceed the ten deposition limit and in light of recent developments, Ms. Giuffre has streamlined her request, and now seeks only a total of three additional depositions.  Notably, while Defendant contests Ms. Giuffre's motion, Defendant has herself unilaterally – **and without seeking any Court approval –** set *twelve* witnesses for deposition in this matter.  In contrast to Defendant's unilateral action, Ms. Giuffre has properly sought this Court's permission.  The Court should grant her motion and allow her to take the three additional depositions.

## I.     THE PROPOSED DEPOSITIONS ARE IMPORTANT TO THE FUNDAMENTAL CLAIMS AND DEFENSES IN THIS CASE, AND NONE ARE DUPLICATIVE.

Defendant argues that the depositions Ms. Giuffre seeks to take are somehow "duplicative" of each other.  Even a quick reading of the Defendant's pleading makes clear this is untrue.  Defendant repeatedly gives her own narrow view of what existing witnesses have said.  For example, Defendant argues that ████████ "did not corroborate that [Ms. Giuffre] is telling the truth."  Defendant's Response at 5.  Defendant's characterization is untrue.[2]  But, as the mere

---

[2] ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

fact of this dispute confirms, this case is going to be hotly contested and the weight of the

evidence on each side is going to be vitally important.  The Court is well aware of many other

civil cases where the parties have taken far more than ten depositions by mutual agreement.

Defendant's refusal to agree to a few more depositions here is simply an effort to keep all the

relevant facts from being developed.

Since Ms. Giuffre filed her initial motion seeking seven additional deposition, she has

worked diligently to try to streamline the necessary depositions and has discovered new

information concerning witnesses and their knowledge of the claims in this case. Accordingly,

Ms. Giuffre currently brings before this Court a significantly shorter list[3] of witnesses she needs

to depose to prove her claim, with some alterations.  To be clear, Ms. Giuffre has narrowed her

request and is now only seeking an additional three depositions from the Court as follows:



For descriptions concerning the depositions already taken (Defendant; ███████; ███

███ ████████; and ████████), and those yet to be taken (Mr. Epstein; ██████████

███████████████████████████████, Ms. Giuffre references and

incorporates her descriptions in the moving brief.  The only remaining witness is ██████

████████.  His deposition is necessary for the following reason:

_____

████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████  It is

depositions like this - verifying Ms. Giuffre's account of being recruited by Defendant for sex

with Epstein – that Defendant is trying avoid.  However, multiple other witnesses have testimony

that supports Ms. Giuffre's claims, in different and various ways, and Ms. Giuffre needs that

testimony to prove her defamation claim against Defendant.

[3] Ms. Giuffre is no longer seeking the deposition testimony of ████████████████

█████████████████.

- ██████████████████████████████████████████
  ██████████████████████████████████████
  ████████████████████████████████, Ms. Maxwell in her deposition raised Ms.
  Giuffre's comments about ██████████ as one of the "obvious lies" to which she
  was referring in her public statement that formed the basis of this suit.  Apart from the
  Defendant and Mr. Epstein, ████████████████ is a key person who can provide
  information about his close relationship with Defendant and Mr. Epstein and disapprove
  Ms. Maxwell's claims.

Ms. Giuffre is still working diligently with opposing counsel, these witnesses, and their attorneys

on scheduling, as well as identifying other witnesses who may have factual information about the

case.  But, at this time, she seeks this Court's approval for an additional three depositions –

depositions that will not consume the full seven hours presumptively allotted.

All three prongs of the three-factor test to evaluate a motion for additional depositions

strongly support granting the motion.  *Atkinson v. Goord*, No. 01 CIV. 0761 LAKHBP, 2009 WL

890682, at *1 (S.D.N.Y. Apr. 2, 2009).  First, as reviewed in detail on a witness-by-witness basis

above, the discovery sought is not duplicative.  The proposed deponents include the individual

who assisted in making the defamatory statement, women Defendant Maxwell hired to recruit

girls for Jeffrey Epstein, an individual with intimate knowledge of Defendant and Epstein's

sexual trafficking ring, other victims of Jeffrey Epstein (including a then underage victim), Mr.

Epstein himself, and other witnesses who can corroborate important pieces of Ms. Giuffre's

statements or refute Ms. Maxwell's statements and positions.  These witnesses' testimony will

corroborate Ms. Giuffre's account of Defendant being a recruiter of females for Epstein and

corroborate the type of abuse she and others suffered.  Sadly, Ms. Giuffre is far from the only

one of Defendant's victims, and there are other witnesses whose testimony is necessary in order

to demonstrate the truth of Ms. Giuffre's claims and the falsity of the statements made by

Defendant.

Second, if Ms. Giuffre is denied these depositions, she will not have had the opportunity to obtain the information by other discovery in this case.  The Court will recall from Ms. Giuffre's opening motion that Defendant's surprising lack of memory has, in no small part, caused the need for additional depositions.  *See* Motion at 5-8 (listing 59 examples of memory lapses during Ms. Maxwell deposition, including inability to remember events recorded on aircraft flight logs or a photograph).  Defendant offers no explanation for her convenient forgetfulness.  Moreover, evidence of being recruited by Defendant and being sexually assaulted is not something Ms. Giuffre can obtain through requests for production or through interrogatories.  The only way of obtaining such evidence is from witness testimony by those who were victimized, those who assisted Defendant in recruiting and abuse, and those who observed the recruiting or the abuse.  ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ ████████████

████████████████████████████████████████████

---

4 ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████

████████████████████████████████████████ ██████████

████████████████████████████████████████

████████████████. ████████████████████████████████

████████████████████████. Yet Defendant has failed to produce a single photo

in this case. ████████████████████████████. Document discovery

and interrogatories are not helpful in obtaining this type of evidence: depositions are needed.

Third, the burden and expense of this proposed discovery is limited to three additional

depositions. Defendant in this case is a multi-millionaire with able counsel. Three depositions

will not cause her undue burden, expense, or inconvenience. These depositions are important to

resolving issues in this case. Given that very few witnesses reside within 100 miles of the

courthouse and therefore cannot be compelled to trial, this request for only three additional

depositions is a reasonable request.

While Defendant opposes Ms. Giuffre's request for Court approval of more than ten

depositions, she has unilaterally noticed more than ten depositions without bothering to seek

approval. As of the date of this filing, Defendant's counsel has issued *twelve* subpoenas for



deposition testimony – the almost the exact same number Ms. Giuffre is seeking.[6]  Defendant

cannot credibly oppose Ms. Giuffre's additional depositions while she, herself, is trying to take

more than ten without leave of court.[7]

It is plain why Defendant does not want these depositions to go forward.  ██████████,

██████████ ██████████ testimony was harmful to Defendant's case, and the additional

depositions will provide further evidence that Defendant acted as Jeffrey Epstein's madam,

proving the truth of Ms. Giuffre's statements that Defendant proclaimed publically as "obvious

lies."

## II.    MS. GIUFFRE IS SEEKING HIGHLY RELEVANT TRIAL TESTIMONY.

All of the people Ms. Giuffre seeks to depose have discoverable and important

information regarding the elements of Ms. Giuffre's claims.  Ms. Giuffre stated that Defendant

recruited her and other young females for sex with Jeffrey Epstein.  The people she now seeks to

depose are all witnesses who can testify to Defendant working essentially as a madam for Jeffrey

Epstein, recruiting young females for Epstein, or corroborate other important aspects of her

statements.  The fact that Defendant recruited girls, some of which were underage, for Epstein

makes Ms. Giuffre's claim that she was also recruited by Defendant to ultimately have sex with

Epstein and others more credible – and that Defendant's denials of any involvement in such

recruiting is a bald-faced lie.  Witnesses will testify that Defendant's recruitment and

management of the girls for Jeffrey Epstein was a major aspect of Defendant's job, and that Ms.

---

[6] Defendant's counsel has taken the deposition testimony of (1) Ms. Giuffre; (2) Ms. Giuffre's
mother (██████████); (3) Ms. Giuffre's father (██████████); and (4) Ms. Giuffre's physician
(Dr. Olson). Defendant's counsel has noticed the following witnesses for deposition: (5) ████
██████████████████████████; (8) a known victim of Jeffrey Epstein; (9) Mr.
Weisfield; (10) Ms. Churcher; (11) ██████████; and (12) the 30(b)(6) witness for Victims Refuse
Silence.
[7] Defendant has unilaterally scheduled - without consulting counsel for Ms. Giuffre - at least two
of these depositions for days when depositions of Ms. Giuffre's witnesses have been set.

Giuffre's account of her sexual abuse and Defendant's involvement accords perfectly with other witnesses' accounts of what Defendant's job was for Epstein.[8]

That other young females were similarly recruited by the Defendant is evidence that Ms. Giuffre is telling the truth about her experiences – and thus direct evidence that Defendant defamed her when calling her a liar.  Clearly, if Ms. Giuffre can establish that Defendant's modus operandi was to recruit young females for Epstein, that helps corroborate Ms. Giuffre's own testimony that Defendant recruited her for the same purposes and in the same manner. Although the Court need not make a final ruling on this evidentiary issue now, Rule 404(b) itself makes such testimony admissible.  *See* Fed. R. Evid. 404(b) (other act "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").  Indeed, even more specifically than the general provisions of Rule 404(b), Rule 415 makes these other acts admissible, due to the fact that those involved in sexual abuse of minors have a strong propensity for repeating those crimes.  *See* Fed. R. Evid. 415(a)( ("In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation.").

Entirely apart from corroborating Ms. Giuffre's own individual abuse, however, Defendant fails to recognize that in calling Ms. Giuffre a "liar", she was attacking all aspects of Ms. Giuffre's account – including Ms. Giuffre's statements that Defendant served generally as a recruiter of girls for Epstein and that Epstein sexually abused the underage girls that were

---

[8] Defendant's specious suggestion that Ms. Giuffre heard about the other girls whom she recruited for sexual purposes and then decided to "hop on the band wagon" (Defendant's Resp. at 8 n.7) tacitly admits that Defendant procured a "band wagon" of girls for Jeffrey Epstein to abuse.  Moreover, Defendant cannot refute the documentary evidence that she was on Epstein private jet with Ms. Giuffre over 20 times while Ms. Giuffre was a minor – flights that Defendant is, quite conveniently, now unable to recall.  Motion at 5-8.

brought to him.  Thus, in this defamation case, the testimony of these witnesses are admissible not only to bolster Ms. Giuffre's testimony about her individual abuse, but because they are simply part of the body of statements whose truth or falsity is at issue in this case.

In addition, one of the witnesses that Ms. Giuffre seeks to depose is registered sex offender Jeffrey Epstein, who stands at the center of the case.  Indeed, some of the most critical events took place in the presence of just three people: Ms. Giuffre, defendant Maxwell, and Epstein.  If Epstein were to tell the truth, his testimony would fully confirm Ms. Giuffre's account of her sexual abuse.  Epstein, however, may well attempt to support Defendant by invoking the Fifth Amendment to avoid answering questions about his sexual abuse of Ms. Giuffre.  Apparently privy to her former boyfriend Epstein's anticipated plans in this regard,[9] Defendant makes the claim that it would be a "convoluted argument" to allow Ms. Giuffre to use those invocations against her.  Defendant's Resp. at 3.  Tellingly, Defendant's response brief cites no authority to refute that proposition that adverse inference can be drawn against co-conspirators.  Presumably this is because, as recounted in Ms. Giuffre's opening brief (at pp. 20-22), the Second Circuit's seminal decision of *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997), squarely upheld the drawing of adverse inferences based on a non-party's invocation of a Fifth Amendment right to remain silent.  The Second Circuit instructed that, the circumstances of given case, rather than status of particular nonparty witness, determines whether nonparty witness' invocation of privilege against self-incrimination is admissible in course of civil litigation.  *Id*. at122-23.  The Second Circuit also held that, in determining whether nonparty witness' invocation of privilege against self-incrimination in course of civil litigation and

---

[9] In discovery, Defendant Maxwell has produced several emails between Epstein and herself discussing Ms. Giuffre.

drawing of adverse inferences is admissible, court may consider the following nonexclusive

factors:

> (1) nature of witness' relationship with and loyalty to party;
> (2) degree of control which party has vested in witness in regard to key facts and subject matter of litigation;
> (3) whether witness is pragmatically noncaptioned party in interest and whether assertion of privilege advances interests of witness and party in outcome of litigation; and
> (4) whether witness was key figure in litigation and played controlling role in respect to its underlying aspects.

*Id*. at 124-25. Ms. Giuffre will be able to establish that all these factors tip decisively in favor of

allowing an adverse inference. Accordingly, her efforts to depose Epstein, Marcinkova, and

Kellen seek important information that will be admissible at trial.

## III.   MS. GIUFFRE'S REQUEST IS TIMELY.

Defendant also argues that this motion is somehow "premature." Defendant's Resp. at

2-3. Clearly, if Ms. Giuffre had waited to file her motion until later, Defendant would have

argued until the matter came too late. The motion is proper at this time because, as of the date of

this filing, fact discovery closes in 17 days (although Ms. Giuffre has recently filed a motion for

a 30-day extension of the deadline). In order to give the Court the opportunity to rule as far in

advance as possible – thereby permitting counsel for both side to schedule the remaining

depositions – Ms. Giuffre brings the motion now. She also requires a ruling in advance so that

she can make final plans about how many depositions she has available and thus which

depositions she should prioritize. [10]

---

[10] Defendant tries to find support for her prematurity argument in *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 3:06-CV-232 (CFD), 2006 WL 1525970, at *2 (D. Conn. May 25, 2006). However, in that case, the Court found a motion for additional depositions to be premature, in part, because "[d]iscovery has not even commenced" . . . and the moving party "ha[d] not listed with specificity those individuals it wishes to depose." Of course, neither of these points applies in this case at hand: the parties are approaching the close of fact discovery, and Ms. Giuffre has provided detailed information about each individual she has deposed already and still seeks to depose.

An additional reason this motion is appropriate now is that, despite Ms. Giuffre's diligent pursuit of depositions, many witnesses have cancelled their dates, failed to appear, or wrongfully evaded service. These maneuvers have frustrated Ms. Giuffre's ability to take their depositions in a logical and sequential fashion, complicating the planning of a deposition schedule. For example, on April 11, 2016, Ms. Giuffre served notice on Defendant's counsel for the deposition of ███████, setting it for May 13, 2016. Nearly a month later, just a few days before that properly noticed deposition, Defendant's counsel requested that it be rescheduled, and, therefore, that deposition did not take place until June 10, 2016. Additionally, three other important witnesses evaded Ms. Giuffre's repeated efforts to serve them. It took Ms. Giuffre's motion for alternative service (DE 160) to convince Jeffrey Epstein to allow his attorney to accept service of process. The Court also has before it Ms. Giuffre's motion to serve Sarah Kellen and Nadia Marcinkova by alternative service. These witnesses' evasion of service delayed the taking of their depositions, and, as of the date of this filing, none have been deposed yet.

## CONCLUSION

For all these reasons, Ms. Giuffre should be allowed to take three more depositions than the presumptive ten deposition limit – a total of thirteen depositions.

Dated: June 14, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

    David Boies
    Boies Schiller & Flexner LLP

333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[11]

---

[11] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of June, 2016, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the

foregoing document is being served this day on the individuals identified below via transmission

of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com


/s/ Sigrid S. McCawley
Sigrid S. McCawley