

November 10, 2020

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska,

    Plaintiff writes concerning the Court's August 26 and 27, 2020, orders regarding the next steps in the Court's individualized review of the sealed materials, and deadlines set forth in the Order and Protocol for Unsealing Decided Motions (the "Protocol"). Dkts. 1107, 1108.

    A.  Deadlines as to the Next Set of Motions

    The Court's August 27 order provided: "The Court will continue to review motions for Does 1 and 2 in chronological order. The Court will next review docket entries 231, 279, 315, 320, and 335, as well as documents relevant to those motions." Dkt. 1107 ¶ 1. Pursuant to the Court's orders (Dkt. 1107 ¶ 7; Dkt. 1133), Plaintiff served Doe 1 with Excerpts at his/her new address on October 22, 2020, and Does 1 and 2 did not submit any Non-Party Objections by their November 5, 2020, deadline. As such, under the Protocol any Party Objection to the materials related to docket entries 231, 279, 315, 320, and 335 is due on November 12, 2020, and any oppositions to such objections are due on November 19, 2020. *See* Dkt. 1108 ¶ 2f (providing that "the Original Parties shall have 7 days from the date on which the Non-Party's time to object expires to submit an objection to unsealing and an accompanying memorandum. Any opposition to such an objection shall be filed within 7 days").

    B.  Notification of Non-Parties

    The Court's August 27 order also provided: "The Original Parties shall send the Non-Party Notice to all remaining Non-Parties." Dkt. 1107 ¶ 2. As Plaintiff explained in making this suggested edit to the Protocol, providing notice to all remaining Non-Parties speeds up the unsealing process by minimizing the number of Non-Party names that need to be redacted from future materials that are unsealed, and will provide greater clarity on exactly how many Non-Parties intend to participate in the unsealing process. Dkt. 1099.

    The parties have sent the Non-Party Notice to the remaining Non-Parties, have worked diligently to respond to requests for Excerpts, and are on track to complete serving Excerpts by the end of the month. As of this date, seven Non-Parties submitted Objections on November 2, 5,

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

and 6, 2020.  Because the Court is still deciding the motions for Does 1 and 2 at this time, Plaintiff understands that any oppositions to those Non-Party Objections are not due until 7 days after the Court indicates that it will review sets of motions for those Does.  Proceeding this way allows the Court to continue to review materials on a "Doe-by-Doe" basis, and will prevent the Court from having to resolve Non-Party Objections out of order.  *See* Dkt. 1053 (May 1, 2020, order explaining that the Court is "amenable to unsealing portions of documents mentioning non-parties rather than waiting to unseal the entirety of a given document until all non-parties have provided input" and that [t]his will hopefully allow the materials to be unsealed on a rolling basis and at a rate somewhat coextensive with that of the review process").[1]

The parties conferred, and Defendant agrees with Plaintiff's positions set forth above.  Defendant also contends, however, that the Court should *not* consider whether to release any Non-Party's name other than Does 1 and 2 in the next set of motions.  Plaintiff disagrees with this interpretation, as the entire point of sending the Non-Party Notice to all remaining Non-Parties was to expedite the review process by minimizing the number of redactions applied at each round and allowing the Court to have more clarity on which Non-Parties were actually objecting to the information being unsealed.  *See* Dkt. 1099 at 1 ("Having a list of Non-Parties who have not requested Excerpts (and who therefore do not intend to object to unsealing) will also be exceedingly helpful to the Original Parties tasked with redacting the names of Non-Parties who have not yet had the opportunity to object to unsealing.").  The names of all Non-Parties whose deadlines to object have passed, and who failed to file an objection, should therefore be unsealed if and when the Court overrules Maxwell's forthcoming objections.

Sincerely,

/s/ Sigrid McCawley

Sigrid S. McCawley, Esq.

cc:  Counsel of Record   (via ECF)

---

[1] If this interpretation of the Protocol is mistaken, Plaintiff respectfully requests 14 days to submit oppositions to the Non-Party Objections served to date.