

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

November 18, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Response to Plaintiff's Letters of November 10 (DE 1143) and
      November 16 (DE 1153)
      *Giuffre v. Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

        On behalf of Ghislaine Maxwell, we write in response to Plaintiff's letters to the Court
dated November 10, 2020 (DE 1143) and November 16, 2020 (DE 1153) concerning various
issues surrounding the unsealing protocol.

        In the final paragraph of her November 10, 2020 correspondence, Plaintiff asserts her
belief that the Court will consider in this current round of unsealing not only whether to
release Doe 1 and 2's names and identifying information but also the same information for
any Non-Party "whose deadlines to object have passed, and who failed to file an objection."
(DE 1143 at 2).  Plaintiff's position is flawed and runs contrary to many aspects of the Order
and Protocol for Unsealing Decided Motions ("Protocol").  At paragraph 3(f) of the Protocol
(DE 1108), this Court held the following:

        A Non-Party's participation in this protocol is optional….Non-Parties are
        under no obligation to object, and a Non-Party's decision not to do so shall not
        be deemed consent to the unsealing of any Sealed Materials.  The solicitation
        and receipt of objections from Non-Parties who wish to participate is intended
        merely to aid the Court in balancing privacy and other interests against the
        public's right of access.  The Court will conduct a particularized review of the
        Sealed Materials and weigh the competing interests regardless whether it
        receives any Non-Party Objection.[1]

---

[1] The Second Circuit remanded this case to the district court to "conduct a particularized review and
unseal all documents for which the presumption of public access outweighs any countervailing privacy
interests."  *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019).

Honorable Loretta A. Preska
November 18, 2020
Page 2

Whereas Plaintiff suggests that the failure to file an objection results in an automatic unsealing of a Non-Party's name, the Protocol provides otherwise, requiring the Court to undertake its own particularized review regardless of a Non-Party's participation. Further the Court emphasized in the Protocol that participation is "optional" and the solicitation of input meant "merely to aid the Court in balancing privacy and other interests." To find now that the failure to seek excerpts or object by a Non-Party forfeited their ability to have the Court perform its review function would contradict the plain terms of the Protocol. Plaintiff knows that many of the Non-Parties timely asserted their privacy interests during the proceedings. These assertions occurred, in many instances, through counsel. These Non-Parties were guaranteed, by Plaintiff's counsel, that their testimony would remain confidential subject to the Protective Order. Nothing further should be required.

Apart from the Protocol, there are practical problems with Plaintiff's position. First, many of the Non-Parties never received the Notice at all. Defense counsel was charged with providing notice to 91 Non-Parties. Of those: 12 had no known addresses, 18 had Notices that were returned without explanation by the U.S. mail, and 10 individuals resulted in no return receipt nor returned Notice. Thus, it appears that nearly half of the 91 Non-Parties served by defense counsel have not actually received the Notice. For one individual, the U.S. mail provided a new address on November 2 and counsel recently re-sent the notice to that person. For two others, the counsel formerly representing the Non-Party alerted the Court that they no longer represented the individual and Plaintiff found new addresses for service. Counsel assumes that the return rates for the other 96 Non-Parties served by Plaintiff are similar. It would be particularly egregious to hold against a Non-Party the failure to object when they never received Notice of the Protocol at all.

Second, among those for whom the Notice was returned without ever being delivered are Non-Parties who gave deposition testimony upon a promise of confidentiality pursuant to the Protective Order. For example, Doe # 84 is an individual who testified at a deposition, represented by counsel, under the express promise of confidentiality under the Protective Order. This individual accused Mr. Epstein of wrongdoing perpetrated when the individual was minor. During the deposition, the Non-Party testified that they had undergone extensive therapy to overcome the trauma and did not want to be involved in the proceedings at all. Doe #84's name was mentioned in some of the sealed summary judgment pleadings, and the Second Circuit *sua sponte* redacted the name and the deposition testimony based on that Non-Party's privacy interests. *See, e.g., Brown v. Maxwell,* Case No. 18-2868 (2d. Cir. 2019), DE 280 at 22-23; DE 281 at 8, 10 and 18; DE 282 at ¶ 9; DE 283 at Ex. 7. Notice of the Protocol was served on Doe #84's attorney but was returned undelivered to defense counsel, for reasons unknown. Despite the obvious privacy interests and reliance on the Protective Order and despite the fact that the Second Circuit redacted this individual's name even though the person had not participated in the appeal or lodged an objection, Plaintiff apparently would have this Court unseal this Doe's name in the upcoming round of pleadings.

Finally, with regard to Plaintiff's November 16 letter (DE 1153), Doe 1 and 2 submitted an objection to their names being released, yet Plaintiff now seeks to publicly file Docket Entries 204-3 and 212-3 with Doe 1's name unredacted. For the reasons addressed in

Honorable Loretta A. Preska
November 18, 2020
Page 3

Ms. Maxwell's recent Objection to Unsealing pertaining to Doe 1 (DE 1149 at 5-6, 10-11, n.6), she objects to the release of Doe 1's name and deposition transcript.

Respectfully submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF