UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Virginia L. Giuffre,<br><br>  *Plaintiff*,<br><br>v.<br><br>Ghislaine Maxwell,<br><br>  *Defendant*. | Case No.: 15-cv-07433-RWS |

**INTERVENORS' JULIE BROWN AND MIAMI HERALD MEDIA CO.'S
RESPONSE TO MAXWELL'S OBJECTIONS TO UNSEALING SEALED MATERIALS
RELATED TO DOCKET ENTRIES 231, 279, 315, 320, & 335**

Sanford L. Bohrer
Christine N. Walz
Cynthia A. Gierhart
HOLLAND & KNIGHT, LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors
Julie Brown and Miami Herald Media Company*

Intervenors Julie Brown and Miami Herald Media Co. ("Miami Herald") respectfully submit this response to Defendant Ghislaine Maxwell's Memorandum of Law in Support of Objections to Unsealing Sealed Materials Related to Docket Entries 231, 279, 315, 320, & 335 (Dkt. 1149) ("the Objections") and to the objections raised in Ms. Maxwell's November 18, 2020 letter regarding J. Doe 1 (Dkt. 1154).[1]

## ARGUMENT

Ms. Maxwell's Objections continue to assert the same meritless arguments that this Court and the Second Circuit have already found unpersuasive. *See, e.g.*, *Giuffre v. Maxwell*, 827 F. App'x 144 (2d Cir. 2020) (affirming this Court's "individualized review of the materials to be unsealed" and decision to unseal). Ms. Maxwell's arguments fare no better with regard to the present batch of docket entries than they did with the last. Moreover, Ms. Maxwell's request to withhold "plaintiff's counsels' commentary on the credibility of witnesses" and "lawyer vitriol" and "argument" (*see* Objections, at 2) is entirely without merit. Disagreeing with opposing counsel's arguments is not a basis for withholding them from public view.

This Court has already ruled that the same countervailing interests Ms. Maxwell asserts in her present Objections were conclusory and speculative. *See* App. 838-39 (transcript of ruling), *Giuffre v. Maxwell*, 20-cv-2413 (2d Cir. 2020). This Court held that "[w]ith respect to the argument that the material constitutes personal information which might lead to annoyance or embarrassment if unsealed, Ms. Maxwell proffers little more than her [ipse] dixit; she provides no specifics as to these conclusions." *Id.* at 838. And regarding the impact of disclosure on her

---

[1] As with prior filings, counsel for Intervenors have seen only the redacted versions of these documents that are available on the public docket and submit this response based on the known portions of the documents as well as the parties' public representations as to their contents. Intervenors incorporate by reference their arguments offered in response to the alleged "Countervailing Interests" identified by Ms. Maxwell—all of which are without merit. *See* Dkt. 1067.

criminal matter, this Court held, "[a]gain, Ms. Maxwell has relied on [ipse] dixits and has not explained how the sealed material, if released, could, as she posits, 'inappropriately influence potential witnesses or victims.'" *Id.* at 839. "[U]nder the facts of this case," the Court held Ms. Maxwell's interests connected to her criminal matter are "entitled to little weight." *Id.* The Second Circuit affirmed these findings, holding this Court "did not abuse its discretion in rejecting Maxwell's meritless arguments that her interests superseded the presumption of access." *Giuffre*, 827 F. App'x 144.

Yet, with this second batch of documents, Ms. Maxwell offers only the same repackaged generalized arguments, which this Court and the Second Circuit have already rejected as insufficient to support the continued sealing of documents in this matter. *Giuffre*, 827 F. App'x 144; App. 838-39 (transcript of ruling), *supra*. These arguments are wholly insufficient to meet the burden to justify continued sealing of the documents at issue.

For the reasons stated herein, Docket Entries 231, 279, 315, 320, and 335, and their related submissions—as well as all docket entries that received no objection—should be unsealed with minimal redactions.[2]  Additionally, the objections raised in Ms. Maxwell's November 18, 2020 letter regarding the J. Doe 1 transcript have already been considered and rejected—by both this Court and the Second Circuit. The transcript should be released immediately.

I.   **MS. MAXWELL'S OBJECTIONS TO THE UNSEALING OF THE SECOND BATCH OF DOCUMENTS ARE WITHOUT MERIT, AND THESE DOCUMENTS SHOULD BE UNSEALED.**

The party requesting that documents remain sealed bears the heavy burden of demonstrating that there are compelling competing factors that outweigh the presumption of access

---

[2] As maintained previously, Intervenors do not object to redactions of limited, sensitive personal identifying information, such as Social Security and bank account numbers, and the identities of underage sexual assault victims.

that attaches to each of the judicial documents at issue. *See Delta Air Lines, Inc. v. Bombardier, Inc.*, No. 1:20-CV-3025-GHW, 2020 WL 2614704, at *4 (S.D.N.Y. May 22, 2020); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621–22 (S.D.N.Y. 2011). Those factors and the harm of disclosure must be identified with specificity. *Lytle*, 810 F. Supp. 2d at 621–22.

Each of Ms. Maxwell's arguments are insufficient to meet the burden to justify continued sealing of the documents at issue.

  **A.**   **Reliance on a Protective Order By a Party or Non-Party**

Ms. Maxwell continues to argue that, if a party or non-party relies on a protective order or sealing order and provides information in discovery, the information must remain sealed. This is incorrect. Parties to a case cannot—by agreement—override the public right of access to judicial documents.

For this reason, courts in this Circuit have routinely ordered unsealing of documents even though the parties in those cases had agreed to protective orders or confidentiality provisions. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (unsealing judicial document despite a party's claim that it had settled the claim to "avoid public disclosure at trial of the temporarily sealed documents"); *Bernsten*, 307 F. Supp. 3d 161 (unsealing documents submitted in support of motion to compel arbitration despite parties' agreement to file them under seal); *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014) (holding the fact that the agreement "contains a confidentiality clause is not binding here, given the public's right of access to 'judicial documents'").[3] Courts do so, recognizing that "[t]he presumption of

---

[3] The case relied on by Maxwell is not to the contrary. Instead, *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 297 (2d Cir. 1979), addresses only whether reliance on a valid protective order may be a considered as a countervailing interest to disclosure. But here, the Second Circuit

3

public access would become virtually meaningless if it could be overcome by the mutual interest of the parties…" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 334 (S.D.N.Y. 2012).

Further, the Second Circuit has held it is unreasonable to rely on a protective order that, by its very terms, may be modified or contemplates disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006); *Allen v. City of New York*, 420 F. Supp. 2d 295, 301 (S.D.N.Y. 2006). In *Lugosch*, the court held that a provision stating "[t]his Confidentiality Order shall not prevent anyone from applying to the Court for relief therefrom" makes it "difficult to see how the defendants can reasonably argue that they produced documents in reliance on the fact that the documents would always be kept secret." 435 F.3d at 126. Moreover, "protective orders that are on their face temporary or limited may not justify reliance by the parties." *Allen*, 420 F. Supp. 2d at 301 (citing *Gambale,* 377 F.3d at 142 n. 7).  In other words, parties cannot reasonably rely on a document that is subject to change or that provides a mechanism for disclosure.

The protective order at issue here contemplates modification and disclosure in at least two provisions. First, it states it would "have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter," thereby signaling to the parties that information deemed CONFIDENTIAL is not guaranteed to remain so. Dkt. 62, at 5.  Second, the protective order states that it could be "modified by the Court at any time for good cause shown . . . ." *Id.* at 6.  Given these provisions, which explicitly contemplate confidential information later becoming public at trial and modification of the order "at any time for good cause shown," it was not reasonable for Ms. Maxwell to rely on the protective order.  *See Lugosch*, 435 F.3d at 126.

---

has already held that the protective order was not valid, as implemented.  *See Brown v. Maxwell*, 929 F.3d 41 (2d. Cir. 2019).   Therefore, *Martindell* is not applicable.  Further, in later cases, the Second Circuit limited *Martindell*'s ruling to cases involving documents that were not "judicial documents" subject to a presumption of access. *See United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995).

4

Additionally, a blanket protective order, such as the one at issue here, cannot reasonably be relied on because it is "by nature overinclusive and, therefore, peculiarly subject to later modification." *Application of Akron Beacon Journal*, No. 94 CIV. 1402 (CSH), 1995 WL 234710, at *15 (S.D.N.Y. Apr. 20, 1995) (emphasis and internal citation omitted). Indeed, the Federal Rules of Civil Procedure require a showing of good cause for protection of documents, *see* Fed. R. Civ. P. 26(c), and it is unreasonable to rely on a blanket protective order to protect a document the party has not yet independently shown good cause to seal, *see Application of Akron Beacon Journal*, 1995 WL 234710, at *15; *Schiller v. City of New York*, No. 04 CIV. 7921 KMK JCF, 2007 WL 136149, at *5 (S.D.N.Y. Jan. 19, 2007); *see also Fournier v. Erickson*, 242 F. Supp. 2d 318, 342 (S.D.N.Y. 2003) (finding "the Court has no basis to seal [documents] indefinitely" where the parties "were never required to show good cause for sealing the various documents").

Ms. Maxwell and non-parties[4] could not have reasonably relied on a blanket protective order that allowed the parties to file documents under seal before a court had made an independent determination as to whether good cause exists. *Cf. Allen v. City of New York*, 420 F. Supp. 2d 295, 301 (S.D.N.Y. 2006) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection."); *see also* Dkt. 348, Standing Order (J. Sweet) ("To reduce unnecessary filings and delay, it is hereby ordered that letter motions to file submissions under seal pursuant to the Court's Protective Order, ECF

---

[4] Ms. Maxwell lacks standing to assert arguments on behalf of non-party Does. *In re Bernard L. Madoff Inv. Sec. LLC*, 721 F.3d 54, 58 (2d Cir. 2013) ("A party must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"). Doe 1 and Doe 2 were given notice and an opportunity to contest disclosure, and they declined to do so. They were sent excerpts of sealed documents in which they were identified, and they chose not to object. *See* Dkt. 1153.

5

No. 62, are granted. The Protective Order is amended accordingly such that filing a letter motion seeking sealing for each submission is no longer necessary.").

Because the protective order was a blanket order that did not require demonstration of good cause for sealing each document and, by its very terms, expected materials marked CONFIDENTIAL to later be publicly disclosed at trial, and allowed for modification by the Court at any time, Ms. Maxwell and third parties could not have reasonably relied on the protective order.

### B. Privacy

Ms. Maxwell suggests that her privacy interests outweigh the public interest in these judicial documents. But sexual content alone is insufficient to justify continued sealing of Ms. Maxwell's deposition transcript. This case concerns allegations of sexual assault and trafficking of minors. Therefore, discovery in the case would involve questions about sex.

Framing allegations of sexual abuse as "private" protects perpetrators at the expense of victims. The Miami Herald's coverage of Mr. Epstein's and his associates' alleged crimes has nothing to do with consensual sexual preferences and everything to do with the abuse of young girls, whether that crime was justly prosecuted or, instead, whether it was quietly dispensed with by the legal system to protect the reputations of well-connected adults. This is not information that could reasonably be characterized as exposing Ms. Maxwell to "annoyance" or "embarrassment" in a way that could support continued sealing under the good cause standard of Rule 26.

The fact that this testimony was compelled by Judge Sweet does not change the analysis. Parties may be compelled to testify for any number of reasons, and there is no correlation between granting a motion to compel (which simply requires a showing of relevancy and lack of privilege), with sealing (which requires a showing of good cause). *See* Fed. R. Civ. P. 26.

Here, the public interest in disclosing materials regarding matters of grave public importance outweighs Ms. Maxwell's alleged privacy rights. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) [hereinafter *Amodeo II*] ("[A] court must balance competing considerations against" the presumption of access). The Second Circuit in *Amodeo II* held that the "nature and degree of injury" should be considered when weighing the privacy interests against public access. *Id.* at 1051. But as articulated above, the materials Ms. Maxwell seeks to withhold involve allegations of child sex trafficking that cannot be shielded by claims of privacy for those involved. Another factor "a court may consider [is] whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.* The materials Ms. Maxwell principally objects to disclosing are her deposition transcript and references to it. Because the transcript contains her own admissions and her own defenses to the allegations, this factor should weigh heavily in favor of disclosure.

### C. Unsubstantiated Claims and Speculative Harms Regarding Ms. Maxwell's Right to a Fair Jury Trial

In addition to her claims about reliance, Ms. Maxwell continues to make unsubstantiated claims about speculative harms regarding her right to a fair jury trial.

In this Court's oral ruling to unseal the first batch of documents, the Court held "Ms. Maxwell has relied on *[ipse] dixits* and has not explained how the sealed material, if released, could, as she posits, 'inappropriately influence potential witnesses or victims.'" App. 839 (transcript of ruling), *Giuffre v. Maxwell*, 20-cv-2413 (2d Cir. 2020). Ms. Maxwell continues to make the same *ipse dixit* arguments regarding her right to a fair jury trial.

The First Amendment right of access cannot be overcome by the conclusory assertion that publicity might deprive the defendant of [the right to a fair trial]." *Press-Enter. Co. v. Superior Court of California for Riverside Cty.*, 478 U.S. 1, 15 (1986).

7

Rather than meaningfully addressing this, Ms. Maxwell instead asks why the judge in her criminal trial "should need to" "undertake steps that might ameliorate the prejudicial effect of an unsealing in this case," when this court could simply not unseal the records. *See* Objections, at 9. The answer is that the First Amendment requires it. Restricting public access to judicial proceedings and records is not an appropriate remedy for ensuring a fair trial where there are alternate means of accomplishing the same goal. *See Lugosch*, 435 F.3d at 124 (sealing must be narrowly tailored). For example, "voir dire examination still remains a sufficient device to eliminate from jury service those so affected by exposure to pre-trial publicity that they cannot fairly decide issues of guilt or innocence." *Myers*, 635 F.2d at 953. Before ordering material to be sealed, the Court must consider these alternative steps to ameliorate the prejudice against Ms. Maxwell, and if sufficient alternatives exist, sealing is not justified.

Ms. Maxwell's claims of prejudice also extend far beyond arguments that release will taint a jury pool: She also asks this Court to withhold judicial documents to help her win her criminal case. *See* Objections, at 10 ("Unless suppressed, the deposition transcript will most certainly be a trial exhibit."); *id.* at 12-13 ("Unsealing the deposition material in this case would … prejudice Ms. Maxwell's right to seek relief in the criminal case" regarding the Government's acquisition of her deposition transcript). It is not this Court's role to prevent documents that were publicly filed in this case from being released, simply because they might be offered against Ms. Maxwell in a criminal trial or might disadvantage her position in a pre-trial suppression motion.[5]

While Ms. Maxwell spends a considerable amount of time decrying the media attention that has befallen her, enhanced media attention—especially media attention about matters of public

---

[5] Of course, whether documents are released in this matter is not relevant to whether they will be admissible in a criminal proceeding.

concern like those at issue here—does not alone jeopardize a defendant's right to a fair trial. *See United States v. Graham*, 257 F.3d 143, 155 (2d Cir. 2001). The Court is not required to "[sanitize] the public at large … as if they all would become jurors." *Id.* at 155. Ms. Maxwell is required to demonstrate a threat to her right to a fair trial that goes beyond mere speculation to overcome the presumption of public access. *Id.*; *Application of Nat'l Broad. Co., Inc. v. Myers*, 635 F.2d 945, 953-54 (2d Cir. 1980). She has failed to do so here.

### D. Ms. Maxwell Fails to Provide Specific Objections That Could Justify Sealing.

Notwithstanding the 18-page brief and 28-page chart submitted by Ms. Maxwell, she has failed to identify with the required specificity any countervailing interest sufficient to overcome the substantial presumption of access. Indeed, the chart attached to Ms. Maxwell's Objections as Exhibit A provides very little information about the docket entries, including even a name or description of the filing, making it difficult to meaningful respond to "Defendant's Position."

As set forth above, Ms. Maxwell repeatedly cites generalized concerns and asks the Court to broadly continue to seal entire documents based on those generalized concerns. These alleged "countervailing interests" are wholly insufficient to support the continued sealing of documents in this case. *See New York v. Actavis*, PLC, No. 14 CIV. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (citing *Lugosch*, 435 F.3d at 124) (decisions to seal must be supported by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim").

Plaintiff argues that all quotes from Ms. Maxwell and non-party depositions, non-party identifying information, and "argument of counsel violative of Local Criminal Rule 23.1" remain sealed. She also argues—without any substantive explanation—that more than 60 full exhibits or supporting documents remain sealed in full. Ms. Maxwell offers no specific argument that would support these redactions and the wholesale sealing of more than 60 exhibits.

These documents should be released in full because:

- There is no stated reason not to release general identifying information about non-parties involved in this litigation, as witnesses or otherwise.

- Testimony cited in judicial documents must be public unless there is a specific countervailing interest that outweighs the presumption of access. Here, no such specific interest has been identified, and Ms. Maxwell has failed to even identify with specificity the testimony she believes should be sealed.

- Local Criminal Rule 23.1 applies to extrajudicial statements that go beyond the public record—it does not apply to statements made in court filings (like those at issue here), which should have been unsealed and made public years ago.

- J. Does 1 and 2 have not asserted any objections with regard to these materials, despite receiving notice and an opportunity to be heard.

- Sexual content alone is insufficient to justify continued sealing of Ms. Maxwell's deposition transcript. This case concerns allegations of sexual assault and trafficking of minors. There is no recognized privacy interest in allegations of sex trafficking. Any privacy interest Ms. Maxwell may have is substantially outweighed by the public interest in disclosure, which will shed light on the abuse of young girls and women—and the system that allowed the abuse to continue.

- There is no support for Ms. Maxwell's claims that the third-party depositions are unreliable. She simply claims that her counsel did not cross-examine the witnesses under oath. But this is the hearsay standard, not the sealing standard.

...
...

- Generalized statements about reliance and vague and unsupported assertions about harm to Ms. Maxwell's right to a fair trial are insufficient to overcome the public right of access to these documents.

## II. MS. MAXWELL'S OBJECTIONS TO THE UNSEALING OF THE J. DOE 1 DEPOSITION HAVE ALREADY BEEN RULED UPON.

In her November 18, 2020 letter regarding the J. Doe 1 transcript (Dkt. 1154), Ms. Maxwell re-asserted her objections that the J. Doe 1 transcript remain sealed. Ms. Maxwell has already asserted these objections (Dkt. 1056).[6] The Court considered those objections, made its own assessment of whether any countervailing interests supported continued sealing of this transcript, and determined that there were no countervailing interests that could support the continued sealing of the transcript. App. 837, 844 (transcript of ruling), *Giuffre v. Maxwell*, 20-cv-2413 (2d Cir. 2020) (ordering that the J. Doe 1 transcript be "[u]nseal[ed] in full" and noting "the names of Does 1 and 2, [and] portions of their deposition transcripts … have already been made public"); Dkt. 1077 (incorporating oral ruling); Dkt. 1079 (denying Ms. Maxwell's motion for reconsideration). Ms. Maxwell appealed that decision, and the Second Circuit issued a summary affirmance, stating that this Court "did not abuse its discretion in rejecting Maxwell's meritless arguments that her interests superseded the presumption of access." *Giuffre*, 827 F. App'x 144. There is no basis for Ms. Maxwell to object to the release of Doe 1's name and deposition transcript.

Further, Doe 1 has received the relevant documents that reference Doe 1 and has not objected to the release of any of the information. The Court has also independently assessed whether any countervailing interests support continued sealing of this transcript and determined that there were none. To the extent that Doe 1 has objected to disclosure of his or her name, that objection is insufficient to support sealing, particularly where there has been no objection to the

---

[6] As set forth above, Ms. Maxwell also does not have standing to raise these issues.

11

release of all of the related information about Doe 1. If the information does not in itself raise privacy concerns, then attaching one's name to it should not raise privacy concerns, either. And simply being associated with this litigation is not a sufficient privacy interest to warrant sealing. *See Moussouris v. Microsoft Corp.*, No. 15-CV-1483 JLR, 2018 WL 2017296, at *2 (W.D. Wash. Apr. 26, 2018) (finding that non-parties' "desire not to be associated with this lawsuit" is not a sufficient privacy justification to warrant redacting their names). Simply requesting that one's name be withheld is not enough. The Does must demonstrate that their privacy interests outweigh the presumption of access, and Doe 1 has not done so here.

## CONCLUSION

For all of the foregoing reasons, Intervenors respectfully request that this Court unseal sealed materials related to Docket Entries 231, 279, 315, 320, and 335, and their related submissions, as well as all docket entries that received no objection.  Additionally, Intervenors request that the J. Doe 1 transcript be released immediately.


Dated: New York, New York                           Respectfully submitted,
       November 19, 2020

                                                        /s/ Christine N. Walz
                                                        Sanford L. Bohrer
                                                        Christine N. Walz
                                                        Cynthia A. Gierhart
                                                        31 West 52nd Street
                                                        New York, NY 10019
                                                        Telephone: 212.513.3200
                                                        Fax: 212.385.9010
                                                        *Attorneys for Intervenors*
                                                        *Julie Brown and Miami Herald Media Company*