**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**


VIRGINIA L. GIUFFRE,

                Plaintiff,                      Case No.: 15 Civ. 7433 (LAP)

v.

GHISLAINE MAXWELL,

                Defendant.

_____/


**PLAINTIFF'S BRIEF IN OPPOSITION TO MAXWELL'S OBJECTIONS TO**
**UNSEALING SEALED MATERIALS RELATED TO DOCKET ENTRIES**
**231, 279, 315, 320, & 335**

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT.....................................................................................................................2

    I.     Maxwell's Reliance on the Protective Order, if Any, Does Not Justify Sealing Her July 2016 Deposition Transcript...................................................................4

    II.    Maxwell's Argument Regarding Third-Party Reliance is Meritless. ............................6

    III.   Maxwell's Argument About Her Right to a Fair Criminal Trial Was Raised and Rejected on Appeal. ..........................................................................................8

    IV.   Maxwell's Argument Concerning Potential Evidence at Her Criminal Trial Was Raised on Appeal and is Irrelevant to the Instant Inquiry. ....................................12

    V.    The Court Should Not Release Plaintiff's Medical Records. .......................................14

CONCLUSION................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019) .......................................................................... 2, 3, 4, 5

*DiRussa v. Dean Witter Reynolds Inc.*,
  121 F.3d 818 (2d Cir. 1997) ................................................................................. 2

*Gannett Co. v. DePasquale*,
  443 U.S. 368 (1979) ......................................................................................... 9, 10

*Giuffre v. Maxwell*,
  827 F. App'x 144 (2d Cir. 2020) ................................................................*passim*

*In re Nat'l Broad Co.*,
  635 F.2d 945 (2d Cir. 1980) ......................................................................9, 10, 14

*In re Parmalat Sec. Litig.*,
  258 F.R.D. 236 (S.D.N.Y. 2009) ......................................................................... 3

*Iridium India Telecom Ltd. v. Motorola, Inc.*,
  165 F. App'x 878 (2d Cir. 2005) ......................................................................... 6

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) ............................................................................. 2, 6

*Lytle v. JPMorgan Chase*,
  810 F. Supp. 2d 616 (S.D.N.Y. 2011) ................................................................. 3

*Martindell v. Int'l Tel. & Tel. Co.*,
  594 F.2d 291 (2d Cir. 1979) ............................................................................. 5, 6

*S.E.C. v. TheStreet.Com*,
  273 F.3d 222 (2d Cir. 2001) ................................................................................. 6

*Sheppard v. Maxwell*,
  384 U.S. 333 (1966) ........................................................................................... 13

*U.S. v. Martoma*,
  2014 WL 164181 (S.D.N.Y., 2014) ................................................................... 10

*United States v. Amodeo*,
  44 F.3d 141 (2d Cir. 1995) ................................................................................... 2

*United States v. Graham*,
  257 F.3d 143 (2d Cir. 2001) ................................................................................. 9

*United States v. Quintieri,*
　306 F.3d 1217 (2d Cir. 2002) ............................................................................9

*United States v. Volpe,*
　42 F. Supp. 2d 204 (E.D.N.Y. 1999) ...................................................... 10, 14

*Yick Man Mui v. United States,*
　614 F.3d 50 (2d Cir. 2010) ................................................................................9

Pursuant to Paragraph 2(f) of the Court's Order and Protocol for Unsealing Decided Motions (ECF No. 1108), Plaintiff Virginia Giuffre files this Brief in Opposition to Maxwell's Objections to Unsealing Sealed Materials Related to Docket Entries 231, 279, 315, 320, & 335. ECF No. 1149 (referred to as "Maxwell Br."). Attached as Exhibit A hereto is a summary chart of her position as to each document for ease of reference.

## PRELIMINARY STATEMENT

On October 19, 2020, the Second Circuit affirmed this Court's order unsealing the deposition materials included within the first set of motions the Court reviewed. *Giuffre v. Maxwell*, 827 F. App'x 144 (2d Cir. 2020). The Second Circuit found that the Court "correctly held that the deposition materials are judicial documents to which the presumption of public access attaches, and did not abuse its discretion in rejecting Maxwell's *meritless arguments that her interests superseded the presumption of access.*" *Id.* (emphasis added). Despite this clear guidance from the Second Circuit, Maxwell raises the same already-rejected arguments to claim that, for this next set of motions, the Court should keep sealed "all quotes from Ms. Maxwell and Non-Party deposition testimony, Non-Party identifying information, and argument of counsel." ECF No. 1150-1 at 1. Maxwell still cannot, however, identify any countervailing interests that would overcome the presumption of public access to these judicial documents. The publication of Maxwell's deposition testimony is in the public interest. Maxwell's brief concedes (as it must) that the public has expressed a strong interest in reviewing these materials, especially her deposition testimony. Maxwell Br. at 8-10. The public is entitled to review information concerning Jeffrey Epstein's sex-trafficking conspiracy that, until recently and until this unsealing process began, remained largely unpunished and undisclosed. Because Maxwell's deposition testimony is a judicial document that she herself submitted in connection with a request for judicial

relief, the principle of open justice dictates that the transcript be released absent compelling countervailing interests.

Each of Maxwell's arguments is meritless, and this Court should once again reject Maxwell's contentions as unsupported *ipse dixits*. As it did during last round of unsealing, the Court should instead unseal the documents in their entirety, subject only to (1) the "minimal redactions" the Second Circuit applied to the summary judgement record,[1] and (2) redactions of the names of Non-Parties that have submitted Non-Party objections per the Unsealing Protocol or whose time to submit an objection under the Protocol has not yet expired and order that the documents be published with minimal redactions.

## <u>ARGUMENT</u>

It is settled that there is a common law right to public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995).[2] "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Accordingly, Maxwell bears the burden of identifying "with specificity competing and compelling interests in closure" and that "those interests outweigh

---

[1]     The *Brown* minimal redactions encompass: (1) "personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers;" (2) "the names of alleged minor victims of sexual abuse;" and (3) "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019).

[2]     Maxwell does not challenge (she cannot) the fact that each of the materials to which she objects is a judicial document. *See* Tr. of July 23, 2020, Conf. at 2:24-3:2 ("The documents at issue here relate to discovery motions previously decided by Judge Sweet, and so the Court concludes that they are judicial documents to which the presumption of public access attaches."). Maxwell's brief identifies a "CI-7" category for non-judicial documents, but fails to explain how any of these documents fall within that category.

2

the presumption of access." *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621 (S.D.N.Y. 2011). "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009); *see also* Tr. of Jan. 16, 2020, Conf. at 7:9–12, 21–23 ("[W]hat we are looking for from you is a specific explanation of why the document should remain sealed or the redactions should continue specific to that document. I think that's what the Court of Appeals told us we have to do.").

Rather than raising specific reasons that specific portions of these judicial documents should remain under seal, Maxwell instead submits a chart with the same generic "Countervailing Interests" this Court has already rejected, and asserts three vague arguments in favor of continued sealing.  First, Maxwell wrongly asserts that her July 2016 deposition transcript should somehow remain under seal *in its entirety* because the Second Circuit had previously applied minimal redactions to excerpts of that document.  Maxwell Br. at 2-5.  But the Second Circuit's redaction of specific testimony does not support Maxwell's unfounded contention that her transcript should be sealed *in its entirety*, and the Court should instead apply redactions only if it can independently determine that her responses truly concern "intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality."  *Brown*, 929 F.3d at 48 n.22.  Second, Maxwell argues that third parties' "reliance" on the Protective Order somehow merits confidential treatment, even if those same Non-Parties failed to lodge objections pursuant to the Court's unsealing protocol.  *Id.* at 5-6.  This position ignores the fact that this Court's unsealing protocol provides Non-Parties the opportunity to lodge objections and explain for themselves why specific portions of the judicial documents implicating them should remain under seal.  In cases where Non-Parties have *not* filed such objections, Maxwell's attempt to assert a "reliance" interest on their behalf is speculative and, in

any event, insufficient to overcome the presumption of public access.  Third, Maxwell asserts that broad swaths of materials should remain under seal because, according to her, her "right to a fair criminal trial will be compromised" should these judicial documents become public.  *Id*. at 6.  This argument is foreclosed by the Second Circuit's October 19, 2020, ruling.  The crux of Maxwell's argument on appeal was that unsealing deposition materials would somehow prejudice her right to a fair trial.  Because these arguments are frivolous, the Second Circuit summarily rejected them, stating: "We have reviewed all of the arguments raised by Defendant-Appellant Maxwell on appeal and find them to be without merit."  *Giuffre*, 827 F. App'x at 144.

For the reasons set forth below, the Court should reject each of Maxwell's recycled arguments as meritless and contrary to how this Court and the Second Circuit have already ruled, and order the materials published with minimal redactions forthwith.

## I. Maxwell's Reliance on the Protective Order, if Any, Does Not Justify Sealing Her July 2016 Deposition Transcript.

Maxwell's asks this Court to "Keep sealed" the entire transcript of her July 2016 deposition, ECF No. 1150-1 at 15 (row for docket entry 340-4), because she "relied on the Protective Order" when she "appeared at the July 2016 deposition and answered hundreds of pages worth of questions concerning her 'own sexual activity' and 'her knowledge of the sexual activities of others.'"  Maxwell Br. at 2.  Maxwell's argument fails, however, as a witness's reliance on the existence of a protective order does not shield her testimony from disclosure when a transcript is a judicial document.

As an initial matter, Maxwell is incorrect in asserting that "the Second Circuit already determined" that her entire transcript should remain under seal.  Maxwell Br. at 2-4.  Maxwell notes that in the *Brown* appeal, the Second Circuit redacted portions of the July 2016 deposition that were a part of the summary judgment record.  Maxwell Br. at 3.  But as that document shows

(attached as Exhibit B to Maxwell's brief), the Second Circuit did <u>not</u> redact the entire testimony.

ECF No. 1150-2.  For example, the Second Circuit left the following unredacted:

- "Was Virginia, in the period of around 2000, the youngest person that, as you understood it, was giving Mr. Epstein massages?" *Id*. at 44:5-8.

- "Whether you barely remember her or not, you do remember back in the period around 2000, Virginia was giving Mr. Epstein massages, right?"  *Id*. 45:5-8.

- "During the period of time back in the period around 2000, when you knew that Virginia was somebody who would give Mr. Epstein a massage, was she somebody who you considered an adult?" *Id*. at 45:14-18.

The fact that the Second Circuit redacted some portions of the July 2016 transcript but not others forecloses Maxwell's assertion that the entire transcript should be kept sealed.  Instead, this Court should unseal the July 2016 deposition transcript, and apply redactions for only "responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality."  *Brown*, 929 F.3d at 48 n.22.

Maxwell also asserts that she "relied on the Protective Order when she sat for and responded to questions during the July 2016 deposition," and that her testimony is therefore protected from disclosure under "the Second Circuit's case law governing access to judicial documents."  Maxwell Br. at 4 (citing *Martindell v. Int'l Tel. & Tel. Co.*, 594 F.2d 291, 296-97 (2d Cir. 1979)).  This is, however, the same argument that the Second Circuit rejected when it affirmed this Court's order as to the first set of deposition materials.  *See* 2d Cir. Case No. 20-2413, ECF No. 68 (hereinafter, "Maxwell's Appellate Br.") at 15 (arguing that "the district court failed to address or even acknowledge the reliance interests of those who, like Ms. Maxwell, sat for a deposition confident in the guarantee of confidentiality provided by the Protective Order").  The Second Circuit correctly rejected Maxwell's argument that her reliance overcame the presumption

of public access as "meritless." *Giuffre*, 827 F. App'x at 144 ("rejecting Maxwell's meritless arguments that her interests superseded the presumption of access").

Maxwell's reliance on *Martindell* is misplaced, as the issue of whether the documents at issue were judicial documents with a presumption of public access was not before the *Martindell* court. *Martindell*, 594 F.2d at 293. Where, as here, the deposition transcripts are judicial documents, under Second Circuit precedent "there is a presumption in favor of public access" that *Martindell* does not disturb. *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 234 (2d Cir. 2001); *see also Iridium India Telecom Ltd. v. Motorola, Inc.*, 165 F. App'x 878, 881 (2d Cir. 2005) ("A second exception to *Martindell*'s presumption exists for 'judicial documents.'").

By arguing that her deposition transcript should be sealed in its entirety, Maxwell fails to identify or explain how her countervailing interests overcome the presumption of access for any specific response. Because Maxwell's brief does not the assist the Court in making the requisite "specific, on-the-record-findings that sealing is necessary to preserve higher values," the Court should apply "narrowly tailored" redactions sparingly, and only when it is clear that countervailing interests outweigh the public's presumption of access. *Lugosch*, 435 F.3d at 124.

## II.   Maxwell's Argument Regarding Third-Party Reliance is Meritless.

Maxwell next argues that "third party reliance" on the protective order should somehow shield other witnesses' testimony from disclosure even if, as in the case of Does 1 and 2, those Non-Parties did not lodge any objections as part of the unsealing process. Maxwell's position is at odds with this Court's Unsealing Protocol, and was also rejected by the Second Circuit in its October 19, 2020, order.

Maxwell's attempt to assert objections on behalf of Non-Parties who did not lodge objections is entirely speculative. This Court, through the Unsealing Protocol, provided Non-Party

deponents with the opportunity to request excerpts of their testimony that might be unsealed, and to object to that unsealing by articulating countervailing interests that outweigh the presumption of public access.[3]  ECF Nos. 1044, 1108.  Where, as here, Non-Parties' deadlines for lodging objections have passed without their having filed any, their testimony should be presumptively unsealed.  Rather than identifying compelling countervailing interests against their disclosure, Maxwell only asserts that "[t]here are other witnesses whose testimony was secured with promises of confidentiality pursuant to the Protective Order."  Maxwell Br. at 6.

Before the Second Circuit, Maxwell argued that "Ms. Maxwell and numerous third parties, including Doe 1, unquestionably relied on the Protective Order in offering their deposition testimony," and asserted that "many of the approximately thirty depositions in this case were made possible only because of the Protective Order."  Maxwell's Appellate Br. at 25.  Maxwell's current argument is, therefore, once again one of the arguments that the Second Circuit heard and determined to be "without merit."  *Giuffre*, 827 F. App'x at 144 ("We have reviewed all of the arguments raised by Defendant-Appellant Maxwell on appeal and find them to be without merit.").  This Court should similarly reject Maxwell's attempt to insert objections on behalf of Non-Parties who did not object themselves.[4]

---

[3]     The Protocol provides Non-Parties with notice and the opportunity to object to unsealing as a courtesy that is not provided in the vast majority of cases.  In the normal course, nonparties whose names are mentioned in depositions, briefs, or other documents are not notified before such documents are publicly filed on a docket, and such documents are only sealed if a countervailing interest justifies sealing.  Maxwell's attempt to justify complete closure based on a Non-Party's failure to object—regardless of the substance of the document that mentions the Non-Party— therefore flies in the face of the presumption of public access.

[4]     Indeed, the point of notifying all Non-Parties at once was to streamline the unsealing process.  ECF No. 1099.  The Original Parties agreed that noticing all Non-Parties at once would "be exceedingly helpful to the Original Parties tasked with redacting the names of Non-Parties who have not yet had the opportunity to object to unsealing.  For example, going forward, the Original Parties would need to redact fewer names in documents that are ordered unsealed because

Maxwell's reference to this Court's prior order granting in part and denying in part Alan Dershowitz's request to modify the Protective Order is irrelevant, as Dershowitz's request did not implicate the presumption of public access to judicial documents.  Maxwell Br. at 5.  Instead, Dershowitz sought to modify the protective order so that he could use confidential documents exchanged in discovery in a separate action to which he is a party.  ECF No. 1113 at 1, 3.  This Court has already explained that the unsealing process operates independently from requests to modify the Protective Order, and noted that "the proposed modification of the protective order would threaten to undercut the carefully planned unsealing process in *Maxwell*."  *Id.* at 2.

Maxwell also argues that Doe 1's deposition testimony should be sealed in its entirety, despite conceding that Does 1 and 2 merely "expressed their desire to not have their names released" informally, and "did not thereafter submit any objection."  Maxwell Br. at 5.  As Plaintiff has explained, their decision not to object should result in the publication of Doe 1's deposition testimony with their name unredacted.  ECF No. 1153.  But even if the Court were to consider what Maxwell now describes as Doe 1's and Doe 2's "*pro se* objections to the release of their names," there is simply no reason to redact anything more than their names, which is all they have ever requested.  Maxwell's request to keep Doe 1's deposition testimony under seal in its entirety is therefore baseless.

## III.   Maxwell's Argument About Her Right to a Fair Criminal Trial Was Raised and Rejected on Appeal.

Maxwell's arguments regarding her right to a fair criminal trial and issues of pretrial publicity were raised and rejected on appeal, and should be again rejected here.  As Maxwell notes,

---

they would have a list of Non-Parties who have no objection to their names being unsealed."  *Id.* Maxwell agreed to that proposal then, but her claim now that Non-Parties who have not requested excerpts or who have not lodged an objection somehow counsels against unsealing because of the Protective Order would render the point of noticing all Non-Parties meaningless.

the law of the case doctrine has two branches, one of which is the so-called "mandate rule." Maxwell Br. at 4 (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).  "The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).

On appeal, Maxwell argued that the April 2016 "deposition material should remain sealed to protect Ms. Maxwell's right to a fair trial by an impartial jury."  Maxwell's Appellate Br. at 35. She further argued that "[a]part from pretrial publicity affecting the ability to obtain a fair and impartial jury, unsealing the deposition material also risks compromising the integrity of witness testimony because it provides an opportunity for a witness to change his or her story to conform to the allegations made in the unsealed (and publicized) material."  *Id.* at 38.  Maxwell's arguments concerning pretrial publicity are meritless, as even in high-profile criminal cases, vague arguments that negative pretrial publicity will result in a tainted jury pool are too speculative to justify keeping judicial documents under seal.  *See United States v. Graham*, 257 F.3d 143, 155-56 (2d Cir. 2001) ("In short, because we agree with the district court that the remedies of voir dire and change of venue are sufficient to address any potentially prejudicial effects of the additional publicity that will result from the broadcast of the tapes, we find that the court did not err in concluding that the defendants had failed to overcome the strong presumption in favor of access to these judicial documents."); *In re Nat'l Broad Co.*, 635 F.2d 945, 953 (2d Cir. 1980).  The Second Circuit's October 19, 2020, order, which held that all of her arguments on appeal were meritless, rejected Maxwell's arguments concerning her rights to a free trial as well.  *Giuffre*, 827 F. App'x at 144.

Maxwell quotes *Gannett Co. v. DePasquale*, 443 U.S. 368 (1979), for the generic proposition that "adverse publicity can endanger the ability of the defendant to receive a fair trial."

9

Maxwell Br. at 7.  *Gannett*, however, was about "whether members of the public have an independent constitutional right to insist upon access to a pretrial judicial proceeding, even though the accused, the prosecutor, and the trial judge all have agreed to the closure of that proceeding in order to assure a fair trial."  443 U.S. at 370-71.  The Court answered a narrow question and held "members of the public have no constitutional right under the Sixth and Fourteenth Amendments to attend criminal trial."  *Id.* at 391.  Because this case does not concern the closure of pretrial criminal proceedings, *Gannett*'s holding does not apply.[5]

Any perceived prejudice to Maxwell from pretrial publicity could be remedied through the voir dire process in the criminal action, through which a jury can be impaneled consisting of members who either have not heard of the controversy or otherwise demonstrate their ability to remain fair and impartial.  *See, e.g.*, *In re Nat'l Broad. Co.*, 635 F.2d at 953 ("The opportunity for voir dire examination still remains a sufficient device to eliminate from jury service those so affected by exposure to pre-trial publicity that they cannot fairly decide the issues of guilt or innocence"); *United States v. Martoma*, 2014 WL 164181, at *7 (S.D.N.Y. Jan 9., 2014) ("Numerous courts in high-profile cases have recognized that a thorough voir dire may be adequate to address concerns about the effect of pre-trial publicity on a defendant's right to a fair trial."); *United States v. Volpe*, 42 F. Supp. 2d 204, 218 (E.D.N.Y. 1999) ("Indeed, thorough voir dire examinations have been used in this circuit to produce unbiased juries, even in high-profile cases.").

---

[5]    In rejecting another appeal Maxwell filed in her criminal proceedings, the Second Circuit held: "Further, as the District Court correctly noted, Maxwell 'provide[s] no coherent explanation' connecting the discovery materials at issue in the criminal case to the civil litigation."  *Giuffre v. Maxwell*, 20-2413, ECF No. 147 (2d Cir. Oct 19, 2020).

Maxwell's remaining arguments do not describe countervailing interests and are therefore irrelevant to the question whether the current set of materials under review should be unsealed. In any event, each of Maxwell's accusations is baseless. Maxwell first argues that, in her criminal proceeding, Judge Nathan "should not have to" take steps to cure any issue resulting from adverse pretrial publicity. Maxwell Br. at 8. But the public has its own First Amendment right to access judicial documents, and this right is not forfeited just because Maxwell speculates that publicity may taint her jury pool. *See Lugosch*, 435 F.3d at 121 (describing "strong presumption of access" to judicial documents "under both the common law and the First Amendment."). Given Judge Nathan's ability to remedy any bad pretrial publicity through the voir dire process (which will not commence for another eight months), Maxwell's speculative concerns about her right to a fair trial are insufficient to outweigh the public's presumption of access.

Maxwell next criticizes Plaintiff's attorney, claiming that she "undoubtedly wants, and is trying to have, Ms. Maxwell to be tried in the press, not in the courtroom." Maxwell Br. at 9. This assertion is false, legally irrelevant, and an unfair attempt to place blame on Plaintiff for participating in this court-ordered unsealing process, which the Second Circuit ordered on remand after the *Brown* appeal. Making brief statements to the media about the unsealing process and advocating for Plaintiff is neither improper nor relevant to the unsealing analysis before the Court.

Finally, Maxwell takes issue with the court-ordered redactions of her first deposition transcript, which she calls "redactions proposed by plaintiff." Maxwell Br. at 9. As a preliminary matter, it is impossible to prevent the public from speculating that they are able to "crack" the redactions or guess which names exist behind any given redaction. In any event, the redaction process was a joint effort where both Plaintiff and Maxwell submitted proposed redactions that the Court ruled on, and neither Plaintiff nor Maxwell proposed redactions to the information that the

11

press allegedly used to "crack" redactions.  This argument is yet another example of an irrelevant point that ignores the record in order to make Plaintiff's court-ordered participation in the unsealing process seem like a contrived plan to ruin Maxwell's right to a fair trial.

## IV.   Maxwell's Argument Concerning Potential Evidence at Her Criminal Trial Was Raised on Appeal and is Irrelevant to the Instant Inquiry.

Maxwell's arguments concerning potential evidence and testimony that will be presented at her criminal trial is irrelevant to whether there is a public right of access to the instant judicial documents and whether Maxwell can demonstrate any countervailing interests that counsel against unsealing.  Moreover, this issue was addressed on appeal and decided against Maxwell.  The arguments should not be re-litigated.

Maxwell argues that "[t]he Sealed Items contain information relevant to the Criminal Action that may or may not later be determined inadmissible in that trial," and that "[u]nless suppressed, the deposition transcript will most certainly be a trial exhibit."  Maxwell Br. at 10. But the fact that a judicial document may become public by means of a ruling in the civil unsealing process does not necessarily mean that any such document will be admissible evidence in Defendant's criminal trial.  For example, Maxwell indicates that she will move to suppress her July 2016 testimony in her criminal action by challenging the "means by which the government came into possession of her sealed deposition testimony."  Maxwell Br. at 10, 12.  This concedes that Maxwell will still enjoy all of the protections of the Federal Rules of Criminal Procedure and Evidence, in addition to having the opportunity to raise objections to the Government's evidence-gathering process before Judge Nathan, and obviates the need for this Court to consider future evidentiary motions before a different judge as part of this unsealing process.

In any event, whether or not the Government may use evidence against Maxwell during her criminal trial bears absolutely no relation to whether the public has a right to access that same

document.  In dismissing Maxwell's appeal in her criminal action, the Second Circuit agreed, explaining that, "as the District Court correctly noted, Maxwell provides no coherent explanation connecting the discovery materials at issue in the criminal case to the civil litigation." *United States v. Maxwell*, No. 20-3061, ECF No. 105 at 4 (2d Cir. Oct. 19, 2020) (internal quotation marks and alterations omitted).

Similarly, Maxwell's claim that certain Non-Parties may be witnesses in her criminal trial has no bearing on whether the public has a right to access a judicial document filed in this civil action.  Maxwell will be afforded all of the protections of the Federal Rules of Criminal Procedure and Evidence should she seek to exclude their testimony.  Further, the notion that unspecified witnesses will lie or otherwise improperly change their testimony based on the deposition materials to Maxwell's detriment is entirely speculative, and provides no reason to justify the continued sealing of these materials.

Finally, Maxwell cites *Sheppard v. Maxwell*, 384 U.S. 333 (1966), for the proposition that a trial court can violate a defendant's due process rights when it fails to take precautions against the dissemination to jurors of evidence made available to the media that was never offered at trial. Maxwell Br. at 13.  *Sheppard*, however, concerned a state trial court's complete failure to insulate jurors in a murder prosecution and instruct them not to rely on materials observed outside of judicial proceedings.  *Sheppard*, 384 U.S. at 353 ("On the contrary, the Sheppard jurors were subjected to newspaper, radio and television coverage of the trial while not taking part in the proceedings. They were allowed to go their separate ways outside of the courtroom, without adequate directions not to read or listen to anything concerning the case.").  "Moreover, the jurors were thrust into the role of celebrities by the judge's failure to insulate them from reporters and photographers." *Id.*  Here, however, Judge Nathan can sufficiently safeguard Maxwell's right to

a fair trial through the voir dire process and by instructing jurors against reading, watching, or listening to anything concerning the case outside of the courtroom. *See In re Nat'l Broad. Co.*, 635 F.2d at 953 ("The opportunity for voir dire examination still remains a sufficient device to eliminate from jury service those so affected by exposure to pre-trial publicity that they cannot fairly decide the issues of guilt or innocence."); *Volpe*, 42 F. Supp. 2d at 218 ("Indeed, thorough voir dire examinations have been used in this circuit to produce unbiased juries, even in high-profile cases."). Moreover, unlike the facts of *Sheppard*, there are presently no jurors in Maxwell's criminal trial, as no jury has been empaneled, so there are no jurors that Judge Nathan needs to protect at this time. The concern is therefore premature, and is too speculative to affect the instant unsealing process.

## V.     The Court Should Not Release Plaintiff's Medical Records.

Maxwell claims that "Plaintiff waives any objection to unsealing not timely asserted," and suggests that Plaintiff's medical records should be unsealed as a result. Maxwell Br. at 15-16. In a footnote, Maxwell also criticizes the Court for previously allowing Plaintiff to identify in her response chart the medical records that she sought to keep under seal, with which the Court ultimately agreed. *Id.* at 16 n.8. Maxwell's request to have Plaintiff's medical records unsealed is both petty and malicious. In any event, it is also meritless. Just as the Court may determine that the medical records (or other similarly sensitive information like addresses and social-security numbers) of Non-Parties who did not object to unsealing should remain sealed or redacted, the Court may determine that Plaintiff's medical records and similarly sensitive documents should remain under seal even though Plaintiff has not filed a formal objection.[6]

---

[6]     If the Court prefers, Plaintiff can file objections to the release of her medical records with each round of objections. Given the materials' obvious sensitivity, Plaintiff submits that identifying such materials in her responses to Maxwell's objections should suffice.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should overrule Maxwell's objections as to Docket Entries 231, 279, 315, 320, and 335, and order those materials unsealed subject to minimal redactions.

Dated:  November 19, 2020                          Respectfully Submitted,

                                                   /s/ *Sigrid S. McCawley*

                                                   Sigrid S. McCawley
                                                   (Pro Hac Vice)
                                                   BOIES SCHILLER FLEXNER LLP
                                                   401 E. Las Olas Blvd., Suite 1200
                                                   Ft. Lauderdale, FL 33301
                                                   (954) 356-0011

                                                   *Counsel for Plaintiff Virginia Giuffre*

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| Docket Entry[1] | Plaintiff's Position |
|---|---|
| **231: Defendant's Motion for Rule 37(b) & (c) for Failure to Comply with Court Order and Sanctions for Failure to Comply with Rule 26(a)** | Unseal and redact only (1) medical information and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **232** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **232-7** | Unseal and redact only (1) medical information and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. **Note:** The full version of this deposition transcript was unsealed by this Court on July 30, 2020, DE 1090-32.  If this excerpt of the transcript is unsealed, it should be redacted in the same way as DE 1090-32, but the redactions of the names of Non-Parties whose time to object has expired should be removed. |
| **232-8** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. **Note**: The Original Parties sent the Non-Party deponent (Doe 131) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **232-9** | Keep sealed (medical records). |
| **232-10** | Keep sealed (medical records). |
| **232-11** | Unseal. **Note**: Original Parties agree. |
| **257** | Unseal and redact only (1) medical information and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

---

[1]  Plaintiff has omitted documents that are not currently sealed or redacted from this chart

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **258** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **258-1** | Keep sealed until Non-Party deponent (Doe 151) time to object expires.<br><br>**Note**: Original Parties agree to keep sealed, but for different reasons. |
| **258-2** | Keep sealed until Non-Party deponent (Doe 160) time to object expires.<br><br>**Note**: Original Parties agree to keep sealed, but for different reasons. |
| **258-3** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 83) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **258-4** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note:** The deponent is not on the Non-Party notification list because he is a law enforcement officer. |
| **258-5** | Unseal but redact medical information and addresses. |
| **258-6** | Unseal but redact medical information and addresses. |
| **258-7** | Unseal but redact tax returns and addresses. |
| **258-8** | Keep sealed (medical records). |
| **258-9** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 67) notice of unsealing, and the Non-Party deponent did not request excerpts. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **258-10** | Unseal but redact medical information. |
| **261** | Unseal and redact only (1) medical information and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **269** | Unseal but redact medical information. |
| **270** | Unseal.<br><br>**Note**: Original Parties agree. |
| **270-1** | Keep sealed (medical records). |
| **270-2** | Unseal and redact only (1) medical information and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note:** The full version of this deposition transcript was unsealed by this Court on July 30, 2020, DE 1090-32. If this excerpt of the transcript is unsealed, it should be redacted in the same way as DE 1090-32, but the redactions of the names of Non-Parties whose time to object has expired should be removed. |
| **270-3** | Unseal but redact address. |
| **270-4** | Unseal.<br><br>**Note**: Original Parties agree. |
| **270-6** | Unseal.<br><br>**Note**: Original Parties agree. |
| **272** | Unseal.<br><br>**Note**: Original Parties agree. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **272-1** | Unseal and redact only (1) medical information and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **272-2** | Unseal.<br><br>**Note:** Original Parties agree. |
| **272-3** | Keep sealed (medical records). |
| **272-4** | Unseal but redact medical information. |
| **272-5** | Already publicly filed (DE 45). |
| **272-6** | Already publicly filed (DE 31). |
| **272-7** | Unseal but redact (1) information about Plaintiff when a minor and (2) medical information. |
| **272-8** | Keep sealed (medical records) |
| **272-9** | Unseal.<br><br>**Note**: Original Parties agree. |
| **272-10** | Unseal and redact only (1) medical information and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note:** The full version of this deposition transcript was unsealed by this Court on July 30, 2020, DE 1090-32. If this excerpt of the transcript is unsealed, it should be redacted in the same way as DE 1090-32, but the redactions of the names of Non-Parties whose time to object has expired should be removed. |
| **303** | Unseal but redact medical information. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **304** | Unseal.<br><br>**Note**: Original Parties agree. |
| **304-1** | Unseal but redact medical information. |
| **304-2** | Keep sealed (medical records). |
| **304-3** | Keep sealed (medical records). |
| **304-4** | Unseal but redact medical information. |
| **313-1** | Unseal but redact medical information. |
| **279: Plaintiff's Motion for Adverse Inference Instruction** | Unseal in full. |
| **280** | Unseal in full. |
| **280-1** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **280-2** | Unseal subject to Second Circuit redactions.<br><br>**Note**:  This document was released by the Second Circuit with redactions.   The redactions should match the Second Circuit redactions. |
| **288-1** | Unseal in full. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **288-2** | Unseal in full. |
| **290** | Unseal in full. |
| **291-1** | Unseal in full. |
| **291-2** | Unseal in full. |
| **291-3** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **338** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **338-1** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **338-2** | Unseal in full. |
| **338-3** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **338-4** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **338-5** | Unseal in full.<br><br>**Note**: These pages of this deposition transcript were released by the Second Circuit without redactions. |
| **338-6** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| | **Note:** The deponent is not on the Non-Party notification list because he is a law enforcement officer. |
| **338-7** | Keep sealed until Non-Party deponent (Doe 160) time to object expires.<br><br>**Note**: Original Parties agree to keep sealed, but for different reasons. |
| **338-8** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **338-9** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 7) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **338-10** | Unseal.<br><br>**Note:** Original Parties agree. |
| **353** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **315: Plaintiff's Motion to Enforce Court Order and Direct Defendant to Answer Deposition Questions** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **316** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **316-1** | Keep sealed until Non-Party deponent (Doe 160) time to object expires.<br><br>**Note**: Original Parties agree to keep sealed, but for different reasons. |
| **316-2** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

|  |  |
|---|---|
|  | **Note**: The Original Parties sent the Non-Party deponent (Doe 67) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **316-3** | Unseal in full.<br><br>**Note**: These pages of this deposition transcript were released by the Second Circuit without redactions. |
| **316-4** | Unseal in full.<br><br>**Note**: These pages of this deposition transcript were released by the Second Circuit without redactions. |
| **316-5** | Unseal in full.<br><br>**Note**: These pages of this deposition transcript were released by the Second Circuit without redactions. |
| **316-6** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **316-7** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **316-8** | Unseal and redact only (1) names and identifying information of minors and (2) names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: Portions of this document were redacted and released by the Second Circuit. The redactions of the portions already released should match the Second Circuit redactions. |
| **339** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **340** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **340-1** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note:** The full version of this deposition transcript was unsealed by this Court on July 30, 2020, DE 1090-32.  If this excerpt of the transcript is unsealed, it should be redacted in the same way as DE 1090-32, but the redactions of the names of Non-Parties whose time to object has expired should be removed. |
| **340-3** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **340-4** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **340-5** | Keep sealed until Non-Party deponent (Doe 160) time to object expires.<br><br>**Note**: Original Parties agree to keep sealed, but for different reasons. |
| **340-6** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note:** The deponent is not on the Non-Party notification list because he is a law enforcement officer. |
| **340-7** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 1) notice of unsealing, the Non-Party deponent requested excerpts, and the Non-Party deponent did not object to unsealing within two weeks of receiving the excerpts. |
| **340-8** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| | **Note**: The Original Parties sent the Non-Party deponent (Doe 67) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **340-9** | Keep sealed until Non-Party deponent (Doe 151) time to object expires. <br><br> **Note**: Original Parties agree to keep sealed, but for different reasons. |
| **368** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **369** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **369-1** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. <br><br> **Note:** This deposition transcript was unsealed on October 22, 2020, DE 1137-13.  This document should be redacted in the same way as DE 1137-13, but the redactions of the names of Non-Parties whose time to object has expired should be removed. |
| **369-2** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **369-3** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **369-4** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. <br><br> **Note**: The Original Parties sent the Non-Party deponent (Doe 67) notice of unsealing, and the Non-Party deponent did not request excerpts. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **369-5** | Keep sealed until Non-Party deponent (Doe 160) time to object expires. |
| | **Note**: Original Parties agree to keep sealed, but for different reasons. |
| **369-6** | Unseal subject to Second Circuit redactions. |
| | **Note**: These pages of this deposition transcript were released by the Second Circuit without redactions, except for page 59 which contains redactions of a minor's name. |
| **369-7** | Unseal in full. |
| | **Note**: These pages of this deposition transcript were released by the Second Circuit without redactions. |
| **369-8** | Unseal in full. |
| | **Note**: These pages of this deposition transcript were released by the Second Circuit without redactions. |
| **369-9** | Unseal in full. |
| | **Note**: This document was released by the Second Circuit without redactions. |
| **369-10** | Unseal in full. |
| **369-11** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| | **Note:** The deponent is not on the Non-Party notification list because he is a law enforcement officer. |
| **369-12** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| | **Note**: The Original Parties sent the Non-Party deponent (Doe 145) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **369-13** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

|  |  |
|---|---|
|  | **Note**: The Original Parties sent the Non-Party deponent (Doe 155) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **369-14** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 99) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **369-15** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 122) notice of unsealing, and the Non-Party deponent did not request excerpts. |
| **369-16** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note:** Non-Party deponent is deceased. |
| **320: Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **321** | Retain redaction of email address. |
| **321-1** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **321-2** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **321-3** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **321-4** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **321-5** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **321-6** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **323** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **335: Plaintiff's Motion for Protective Order for Court to Direct Defendant to Disclose Individuals Whom Defendant Disseminated Confidential Information** | Unseal but redact information about events when Plaintiff was minor child. |
| **336** | Unseal. <br><br> **Note**: Original Parties agree. |
| **336-1** | Unseal. <br><br> **Note**: Original Parties agree. |
| **336-2** | Unseal but redact information about events when Plaintiff was minor child. |
| **336-3** | Unseal. <br><br> **Note**: Original Parties agree. |
| **380** | Unseal but redact information about events when Plaintiff was minor child. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **381** | Unseal.<br><br>**Note**: Original Parties agree. |
| **381-1** | Keep sealed (information about events when Plaintiff was minor child). |
| **381-2** | Keep sealed (information about events when Plaintiff was minor child). |
| **381-3** | Keep sealed (information about events when Plaintiff was minor child). |
| **381-4** | Unseal redacted version released by Second Circuit.<br><br>**Note**: Original Parties agree. |
| **381-5** | Unseal redacted version released by Second Circuit.<br><br>**Note**: Original Parties agree. |
| **381-6** | Unseal but redact telephone numbers, email addresses, and addresses. |
| **381-7** | Unseal redacted version released by Second Circuit.<br><br>**Note**: Original Parties agree. |
| **381-8** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **392** | Unseal but redact information about events when Plaintiff was minor child. |
| **393** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **393-1** | Unseal subject to Second Circuit redactions. |
| | **Note**: These pages of these deposition transcripts were all released by the Second Circuit without redactions, except for page 24 of the composite exhibit, where the Second Circuit redacted a minor's name. |
| **393-2** | Unseal in full. |
| | **Note:** This document was released by the Second Circuit without redactions. |
| **393-3** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **393-4** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **400** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **401** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **401-1** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **401-2** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired. |
| **401-3** | Unseal in full. |
| | **Note**: These pages of this deposition transcript were released by the Second Circuit without redactions. |
| **401-4** | Keep sealed until Non-Party deponent (Doe 160) time to object expires |
| | **Note**: Original Parties agree to keep sealed, but for different reasons. |

**Exhibit A**
**Plaintiff's Position on Docket Entries 231, 279, 315, 320, & 335**

| | |
|---|---|
| **401-5** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 1) notice of unsealing, the Non-Party deponent requested excerpts, and the Non-Party deponent did not object to unsealing within two weeks of receiving the excerpts. |
| **401-6** | Unseal and redact only names and identifying information of Non-Parties who have objected to unsealing or whose time to object to unsealing has not yet expired.<br><br>**Note**: The Original Parties sent the Non-Party deponent (Doe 67) notice of unsealing, and the Non-Party deponent did not request excerpts. |