UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

                    Plaintiff,

-against-

GHISLAINE MAXWELL,

                    Defendant.

15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

        The Court is in receipt of letters from counsel to
Plaintiff dated November 10, 2020 (see dkt. no. 1143 ("Nov. 10
Letter")) and November 16, 2020 (see dkt. no. 1153 ("Nov. 16
Letter")), and from counsel to Defendant dated November 18, 2020
(see dkt. no. 1154 ("Def. Letter")), addressing (1) their
respective interpretations of certain aspects of the unsealing
protocol (Order and Protocol for Unsealing Decided Motions,
dated Aug. 27, 2020 ("Protocol") [dkt. no. 1108]) that concern
(a) the effect of a Non-Party's failure to object to unsealing
and (b) the timeline for responding to Non-Party objections; and
(2) the unsealing of the transcript of Doe 1's deposition and
materials quoting or disclosing information from that
transcript.

1. <u>The Protocol</u>

    a. <u>Effect of a Non-Party's Failure to Object</u>

As an initial matter, the parties dispute whether the Court should unseal in the next set of motions the names of Non-Parties other than Does 1 and 2.  Plaintiff contends "[t]he names of all Non-Parties whose deadlines to object have passed, and who failed to file an objection, should . . . be unsealed if and when the Court overrules Maxwell's forthcoming objections" for the next set of motions.  (<u>See</u> Nov. 10 Letter at 2.) Defendant contends otherwise, reasoning that failure to file an Objection does not result in the automatic unsealing of a Non-Party's name because the Court is obligated "to undertake its own particularized review regardless of a Non-Party's participation."  (<u>See</u> Def. Letter at 2.)

The Court of Appeals' Mandate and the terms of the Protocol support Defendant's interpretation.  The Court of Appeals instructed the Court to undertake a "particularized review" of the sealed materials (Mandate, dated Aug. 9, 2019 [dkt. no. 978]), which the Protocol was created to help facilitate. Accordingly, Protocol Section 3(f) states that "[t]he Court will conduct a particularized review of the Sealed Materials and weigh the competing interests regardless whether it receives any Non-Party Objection."  (Protocol at 5.)  Moreover, it states squarely that "Non-Parties are under no obligation to object,

and a Non-Party's decision not to do so shall not be deemed
consent to the unsealing of any Sealed Materials."  (Id. at 4-
5.)  Although Plaintiff contends that "the entire point of
sending the Non-Party Notice to all remaining Non-Parties was to
expedite the review process by minimizing the number of
redactions applied at each round and allowing the Court to have
more clarity on which Non-Parties were actually objecting to the
information being unsealed," (Nov. 10 Letter at 2), that has not
been the Court's sole consideration in requiring these notices.
The Court's position, as provided in the Protocol, is that the
"solicitation and receipt of objections from Non-Parties who
wish to participate is intended merely to aid the Court in
balancing privacy and other interests against the public's right
of access."  (Protocol at 5.)  Accordingly, the Court of
Appeals' Mandate and plain terms of the Protocol make clear that
the Court will not unseal the names of Non-Parties solely on the
basis that their deadlines to object have passed.

      b. <u>Time to Oppose Objections from Non-Parties</u>

As to the timeline for responding to Non-Party Objections
from other Does, Plaintiff notes that several other Non-Party
Does have already submitted Objections to unsealing.  Because
the Court is still deciding the motions for Does 1 and 2 at this
time, Plaintiff is correct that the clock has not yet started to
run on oppositions to those Non-Party Objections.  Any

3

oppositions to those Non-Party Objections are not due until 7 days after the Court indicates that it will review sets of motions for those Does.  The Court will update the Protocol and file a revised version on the docket that states explicitly that the clock does not start running on any opposition to a Non-Party Objection until the Court takes up the motion relevant to the Non-Party who has objected.

   2. Unsealing of Doe 1's Deposition

     Plaintiff seeks confirmation from the Court that she may file the transcript of Doe 1's deposition and materials quoting or disclosing information from that transcript, which are entries 204-3 and 212-3 on the docket.  (Nov. 16 Letter at 1.) Defendant argues that "Doe 1 and 2 submitted an objection to their names being released" and thus Docket Entries 204-3 and 212-3 should not be filed publicly with Doe 1's name unredacted. (See Def. Letter at 2.)

     The Court has already declined to construe the emails from Does 1 and 2 that Defendant refers to as formal objections (Order, dated Oct. 2, 2020 [dkt. no. 1125], at 4), but provided Does 1 and 2 14 days from the time of service of their excerpts to file such an objection.  (Order, dated Oct. 21, 2020 [dkt. no. 1133].)  Having already undertaken a particularized review of Doe 1's deposition materials, the Court instructed then that the transcript of Doe 1's deposition and related materials

should be unsealed as soon as practicable after the 14-day clock had run, if Does 1 and 2 failed to lodge an objection.  (<u>Id.</u>)

Having received no Objection from Does 1 or 2, the transcript of Doe 1's deposition and materials quoting or disclosing information from that transcript [dkt. nos. 204-3 and 212-3] shall be posted on the public docket no later than Monday, November 23rd, at 9:00 a.m.

**SO ORDERED.**

Dated:    New York, New York
          November 20, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge