**In the United States District Court
for the Southern District of New York**

```
---------------------------------------------------X
                                                   :
VIRGINIA L. GIUFFRE,                               :
                                                   :
        Plaintiff,                                 :
v.                                                 :          15-cv-07433-LAP
                                                   :
GHISLAINE MAXWELL,                                 :
                                                   :
        Defendant.                                 :
                                                   :
---------------------------------------------------X
```

**MS. MAXWELL'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF OBJECTIONS TO UNSEALING SEALED MATERIALS RELATED TO DOCKET ENTRIES 231, 279, 315, 320, & 335**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

## Introduction

Plaintiff cannot meet the merits of Ms. Maxwell's well-founded objections to the release her July 2016 compelled deposition testimony or information concerning various Non-Parties, all of whom relied on the Protective Order issued by the Court. The objections at issue here involve different facts, information, and circumstances than those present in the first round of objections, including a pending indictment against Ms. Maxwell in this District. The Second Circuit already determined that Ms. Maxwell relied on the Protective Order to testify to "intimate matters" in her July 2016 compelled deposition. The public treatment of the information unsealed in round-one leaves no doubt that the unsealing of the materials at issue here will unfairly prejudice Ms. Maxwell's rights to a fair trial by poisoning any venire and influencing witness testimony. For reasons discussed below, the Court should decline to unseal the identified Sealed Items.

### I. Ms. Maxwell's July 22, 2016 deposition must remain sealed.

By failing to respond, plaintiff concedes each essential facts leading to Ms. Maxwell's July 2016 deposition:

- Plaintiff moved to compel the deposition, promising that "any answers will be maintained as confidential under the Protective Order in this case" (Brief at 2);

- Ms. Maxwell objected to the second deposition, based in part on her privacy concerns about testifying to her adult consensual activity (*id.*);

- Judge Sweet overruled Ms. Maxwell's objections to the deposition, ruling that her "privacy concerns are alleviated by the protective order in this case" (*id.*);

- The July 2016 deposition was confined to questions "relating to [Ms. Maxwell's] own sexual activity" and "knowledge of the sexual activity of others." (*id.*).

*See, e.g., Brown v. Maxwell,* 929 F.3d 41, 54 n.13 (2d. Cir. 2019) ("Examples of such countervailing values may include, depending on the circumstances, . . . 'the privacy interest of those who resist disclosure.'") (*quoting SEC v. TheStreet.Com,* 273 F.3d 222, 232 (2d Cir. 2001)). That Ms. Maxwell "resist[ed] disclosure" of her sexual activity and knowledge of

others' sexual activity cannot be – and was not – contested by plaintiff.

Plaintiff also admits, crucially that the Second Circuit, by its redactions, implicitly held that the deposition contained "responses concerning intimate matters where the questions were likely only permitted – and the responses only compelled – because of a strong expectation of continued confidentiality." *See* Resp. at 5 ("this court should . . . apply redactions for[] 'responses concerning intimate matters'"). There is thus no dispute that all "intimate matters" from the deposition should remain sealed.[1]

Plaintiff's response concerning the balance of the deposition misconstrues Ms. Maxwell's objections and misstates the facts and the law of unsealing previously sealed judicial documents.

First, plaintiff's argument that the Second Circuit unsealed two pages of the July 2016 transcript *ergo* all other non-intimate questions and answers should likewise be unsealed relies on faulty logic and an improper legal premise. Summary judgment pleadings (like the excerpts from the July 2016 transcript considered by the Second Circuit) enjoy a "strong presumption of access," whereas discovery motions (*i.e.,* those before this Court) are subject to a "lesser" presumption of public access. *Brown,* 929 F.3d at 49 & 53. While the Second Circuit's decision to keep sealed seven pages pertaining to questions explicitly referring to sexual matters proves that the "strong" presumption was overcome, the converse is not true, specifically the decision to unseal two pages of non-intimate matters does not bear on whether Ms. Maxwell's interests have overcome the "lesser" presumption here. As explained below, the presumption is overcome as to the July 2016 deposition *in toto,* not just as to questions concerning "intimate matters."

Second, and relatedly, plaintiff argues that the reliance argument was "rejected [by the

---

[1] Although Ms. Maxwell believes that the entire deposition transcript should remain sealed for the reasons set forth below, in the interest of judicial economy she hereby attaches under seal proposed redactions (in yellow) concerning all "intimate matters" from the July 2016 deposition as Exhibit E.

2

Second Circuit] when it affirmed this Court's order as to the first set of deposition materials." (Resp. at 5)  Yet, unlike the July 2016 deposition transcript at issue here, the first set of deposition materials was not based on a specific promise by the Court and plaintiff's counsel that all of the answers would be kept confidential under the Protective Order.  Rather, this Court's ruling regarding the first deposition, affirmed by the Second Circuit, found that Ms. Maxwell failed to identify deposition testimony that "constitute[] personal information which might lead to annoyance or embarrassment if unsealed" because, *inter alia*, she "refused to testify as to any consensual adult activity behavior and generally disclaimed any knowledge of underage activity."  TR 7/23/2020, p 4.  This Court declined to keep sealed this "mostly nontestimony." *Id.*  The July 2016 deposition testimony – obtained under far different circumstances – is full of "personal information which might lead to annoyance or embarrassment if unsealed."  In fact, the only *authorized* questions were eight topics that either "related to [Ms. Maxwell's] own sexual activity" or "her knowledge of the sexual activity of others."  DE 316-6 at 10.  The unsealing of the April 2016 deposition has nothing to do with the potential unsealing of the July 2016 deposition.

Third, even apart from questions that pertain directly to "intimate" matters, the July 2016 deposition contains testimony that should remain sealed.  First, Judge Sweet authorized only questions that pertained to intimate matters. DE 340-1 at 10.  Any questions beyond the authorized topics were improper.  *See, e.g.,* DE 316-6 at 71-72, 82, 89-90, 98-99, 122; *see also* DE 339 at 13-24 (detailing the record support for the argument that defense "counsel instructed Maxwell not to answer to enforce the Court's Order and to prevent harassment by plaintiff's

3

counsel.").[2]  Additionally, even questions about massages were only permitted by the Court's order as they pertained to "sexual activity" and, in plaintiff's view, questions about massages were questions about sex.  DE 316-6 at 83-84 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); DE 316-10 (Ms. Maxwell ordered to answer questions "relating to Defendant's own sexual activity" or "relating to her knowledge of sexual activities of others" . . . "(d) involving or including massage with individuals Defendant knew to be, or believed might become, known to Epstein").  In plaintiff's view, then, even questions about massages were questions and answers about "sexual activity" and therefore should remain sealed.[3]

Next, plaintiff misconstrues *Martindell*.  594 F.2d 291 (2d Cir. 1979).  She claims it is irrelevant because it concerned the government's – rather than the public's – right to access documents covered by a protective order.  In fact, *this* unsealing came about after a request by two intervenors to "modify the protective order" to obtain access to sealed documents.  As *Martindell* instructs, "Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil disputes. 594 F.2d at 295–96.  And the Second Circuit there found that true even in the face of "the public interest in obtaining all relevant evidence required for law enforcement purposes," *id.* at 296, arguably a weightier interest than the right of a tabloid to publish and exploit salacious gossip arising from a compelled deposition.

---

[2] The parties attempted to call the court for a ruling during the deposition but were advised by chambers to "bring any issue to him after the conclusion of the deposition." *See* 316-6 at 79-89.

[3] Exhibit E, attached hereto, highlights in blue questions that pertain to "massage" without specifically referencing sexual activity.

4

Nor does *SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001), aid plaintiff.  The deposition at issue in *TheStreet* was attended by "at least two parties who were not signatories to the protective order," thereby waiving any confidentiality.  *Id.* at 233-34.  Further, the Second Circuit found that the simple act of submitting deposition testimony to the court to decide whether or not to enter the protective order did not transform the transcript into a "judicial document."  *Id.* at 233.  Analogously, Ms. Maxwell submitted her complete July 2016 deposition to the Court for review in opposing a request to reopen that deposition; Ms. Maxwell was forced to show the Court *all* the questions she had answered beyond those authorized by the Court's order and the number of repetitive and harassing questions.  This submission of the July 2016 transcript to the Court was similar to requesting that the Court "shield[ it] by a Protective Order." *Brown*, 929 F.3d at 54 n. 33.   Unlike *TheStreet*, Ms. Maxwell relied on the protective order when answering the questions in the July 2016 deposition, because, unlike *TheStreet,* no third parties were present during her deposition.  Therefore, the *Martindell* presumption against disclosure applies.

## II. Third party reliance on the Protective Order justifies continued sealing.

Without any support, plaintiff argues that Non-Parties who did not object to any unsealing have forfeited any right to an independent determination of whether they reasonably relied on the Protective Order or have valuable privacy interests at stake that overcome the "lesser" presumption of access.  This argument is contrary to the Protocol and does not account for the many practical problems that persist, through no fault of the Court or the parties, in attempting to provide adequate notice to the Non-Parties.  *See* DE 1154 (detailing issues).

As to the former, the Protocol explicitly advised Non-Parties that their participation is "optional" and that failure to participate "shall not be deemed consent to the unsealing of any Sealed Materials."  DE 1108 at 3(f).  The Court also promised it would "conduct a particularized

5

review of the Sealed Materials and weigh the competing interests *regardless whether it receives any Non-Party Objection*." *Id.* (emphasis supplied).

As to the latter, many Non-Parties never received a copy of the Protocol Notice; receipt of the Notice to nearly half of the 91 Non-Parties to whom Ms. Maxwell attempted service was never confirmed; plaintiff's counsel has not said how many of the 90+ Non-Parties parties it served actually received the Notice.  Given the plain language of the Protocol, it would be improper to default a Non-Party for failure to object when Notice was never provided. For example, Doe #84 did not receive notice and it is uncontested that Doe #84 testified only under the express promise of confidentiality.  The Second Circuit *sua sponte* redacted Doe #84's name from summary judgment pleadings finding that Doe's privacy interests outweighed the "strong presumption" of access inherent to those pleadings.  Doe #84 has not filed an objection to unsealing here – presumably she never learned of the need to do so -- but plaintiff would have Doe #84's confidential information unsealed regardless. *See* DE 1156-1; DE 258-3.

Plaintiff incorrectly asserts that the parties *agreed* that they "would need to redact fewer names in documents that are ordered unsealed" based on who had *failed* to object to unsealing. To the contrary, Ms. Maxwell agreed only that a party who had communicated they have "no objection" to their names being unsealed could thereafter be unsealed.  *See, e.g.,* DE 1138 (Prof. Dershowitz's request that his name be unredacted).  Ms. Maxwell asserted only that knowledge of who was objecting might aid the Court in "conducting future proceedings."  *See* DE 1100 ("Although [providing notice to all Non-Parties now] will give the Court and the Original Parties more information about the scope of objectors, there are limitations to the extent to which it will expedite the process"; "on balance we agree that having a sense of the number of participating Non-Parties will aid the Court in conducting future proceedings").

The Second Circuit in *Martindell*, *TheStreet*, *United States v. Amodeo*, and *Brown v.*

6

*Maxwell*, has re-affirmed repeatedly the principle that third parties are entitled to rely on a valid protective order at the time they give discovery and that the Court has a role in weighing both the weight of the presumption of public access by evaluating "the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995). Ms. Maxwell cannot take on the burden of asserting the privacy interests of each Non-Party who failed to object. The Second Circuit was able to determine for itself that Doe #84 was entitled to protection. This Court promised the Non-Parties in its Protocol that it would undertake that individualized review, plaintiff's dismissiveness nothwithstanding.

### III. Ms. Maxwell's Right to a Fair Trial Requires Continued Sealing of her July 2016 Deposition and the Testimony and Names of Witnesses.

#### A. Fair Trial / Evidence

As one "example" of a "countervailing value[]," the *Brown* panel specifically identified "preserving 'the right of an accused to fundamental fairness in the jury selection process.'" 929 F.3d at 54 n. 12 (*quoting Press-Enter. Co. v. Sup. Court of Cal., Riverside Cty.,* 464 U.S. 501, 510 (1984)). Plaintiff ignores this expressly-condoned countervailing factor and instead relies on cases generally concerning pretrial publicity and motions to transfer venue.[4]

Plaintiff shrugs off concerns about the fairness of Ms. Maxwell's criminal trial as "vague" and "speculative." Resp. at 9. Yet Ms. Maxwell detailed in her brief – and plaintiff does not dispute – that (a) every single detail related to this case and Ms. Maxwell's criminal

---

[4] Resp. at 9-11; *cf. Nat'l Broad. Co.*, 635 F.2d 945 (2d Cir. 1980) (permitting broadcast of videotapes after entered into evidence in criminal trial); *United States v. Martoma*, 2014 WL 165181 (S.D.N.Y. Jan. 9, 2014) (denying motion to seal courtroom during litigation of motions *in limine*); *U.S. v. Volpe*, 42 F.Supp.2d 204 (E.D.N.Y. 1999) (motion to transfer venue, distinguishing cases, like this one, which amounted to a "cause celebre" involving a "constant barrage of inflammatory adverse publicity up to the day of trial").

7

action are widely reported by the press, including the publishing of the first unsealed deposition word-for-word by NPR, Brief at 8-10; (b) the Sealed Items contain evidence in the upcoming criminal trial, including the July 2016 deposition at issue here which is quoted in the Indictment, Brief at 10-11; and (c) witnesses in this case will be witnesses in the criminal case because, *inter alia*, the government must prove that any perjury was material to *this* action, thereby necessitating them to prove this case within a case.[5]  *Id.*

In addition to the perjury counts (Brief at 10-11), there exists substantial overlap between the witnesses and testimony in this case and those likely to testify in the criminal action.  First, Ms. Maxwell was directly asked during her July 2016 deposition about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Second, all other witnesses who testified in this action may be witnesses in the criminal trial under either Rule 404(b) or background to the conspiracy; both cases allege an ongoing conspiracy between Ms. Maxwell and Mr. Epstein.  Local Criminal Rule 23.1 provides that a presumption of interference with a fair trial attaches to categories of documents including "the existence of contents of any confession, admission or statement given by the accused" and "the identity, testimony or credibility of prospective witnesses."  Here, both categories of documents are before this Court for release:  the contents of Ms. Maxwell (the accused's) deposition testimony, and the identity

---

[5] Due to the protective order in the criminal case, Ms. Maxwell is barred from articulating more fulsomely the reasons she believes that the witnesses in this case, whose testimony may be on the verge of release by this Court, will likewise be witnesses in the criminal action on identical issues.  *See* Case No. 20-cr-330 (AJN), DE 36 at 1(a) (protective order in criminal case forbidding use of any criminal discovery "for any civil proceeding"); *id.* at DE 51 at 3-4 (Memorandum Opinion and Order denying application to modify the criminal protective order to provide information to this Court).

8

and testimony of prospective criminal trial witnesses.[6] History proves that any and all of the Sealed Items will be broadcast to the jury pool. There is no interest identified that outweighs Ms. Maxwell's right to a fair jury. The documents at issue should remain sealed.

### B. Ms. Maxwell's right to a "fair trial" vested post-indictment, *after* briefing in the prior round of sealing.

Plaintiff's assertion that the mandate rule precludes this Court from considering unaddressed Sixth Amendment concerns is baseless. "[T]he mandate is controlling only as to matters within its compass. When the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *Cohen v. DHB Indus., Inc.,* 658 F. App'x 593, 594 (2d Cir. 2016) (internal quotations omitted).

Ms. Maxwell's Sixth Amendment fair trial rights were first raised in her letter Motion for Reconsideration, DE 1078, and not earlier, because she was indicted after briefing during the last round of unsealing. The Second Circuit did not decide those issues in its October 20, 2020 ruling. Therefore, they were outside the scope of the mandate. *See Nat'l Union Fire, Ins. Co. v. Stroh Cos.,* 265 F.3d 97, 115–16 (2d Cir. 2001) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration."). Moreover, the known facts have changed. The way in which the government obtained both the first and second Maxwell depositions is different from what Ms. Maxwell first believed. No Court, including this one, has had the opportunity to address these factual issues, or their effect on the unsealing process and Ms. Maxwell's countervailing interests.

Third, this round of unsealing is distinct from the first one. Under *Brown,* and as

---

[6] Ex. E includes redactions in purple for any references to potential witnesses or their testimony contained in Ms. Maxwell's deposition. Some categories are overlapping – for example, at pages 95-101, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Regarding other individuals likely to be witnesses in the criminal trial, Ms. Maxwell has noted those on her chart at Ex. F.

9

memorialized in the Protocol, the Court must "thoroughly consider particular objections to unsealing *specific* materials" and "conduct such a *particularized* review and unseal all documents for which the presumption of public access outweighs any countervailing privacy interests." 929 F.3d at 51 (emphasis supplied). The Sixth Amendment concerns relating to Ms. Maxwell's July 2016 deposition could not have been raised in the July 3, 2019 *Brown* ruling because Ms. Maxwell had not been indicted. And, those concerns, as well as the other countervailing interests could not have been raised or decided in connection with Ms. Maxwell's July 2016 deposition in the Second Circuit's October 20, 2020 order because no portion of Ms. Maxwell's second deposition was at issue in that ruling. The countervailing interest of fair trial rights (as well as the other countervailing interests) requires factual findings on each document, and how the release of the document at issue in this round of unsealing affects those interests.

The only relevant mandate is the one from the decision in *Brown*, in which the Second Circuit redacted "deposition responses [from the July 2016 deposition] concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." 929 F.3d at 49 n.22. The Sixth Amendment countervailing interest combined with Local Criminal Rule 23.1 compel the conclusion that the entire deposition, and witnesses' names and testimony, must remain sealed.

**IV. Plaintiff applies a different standard to her own request to keep records sealed.**

Plaintiff asks this Court to keep her medical records (and other records on her chart) sealed without providing any basis for the request. The tactical reason plaintiff chose to not object to unsealing these records is that to do so would admit the inconsistency in her argument: that she (like Ms. Maxwell and many Non-Parties who gave discovery) has privacy interests, relied on the Protective Order in providing discovery of a sensitive and personal nature, and she wants to shield her private life from public consumption. But plaintiff cannot claim, on one

hand, that Ms. Maxwell's private life should be exposed to public scrutiny and scurrilous media reporting while, on the other, her own privacy should be protected.

Plaintiff also wants to keep confidential numerous records because they concern "information about events when plaintiff was a minor." *See* DE 1156-1 at Lines re. 381-1, 381-2, 381-3 & 392. Plaintiff did not file any objection to unsealing these non-medical records. Nor did she detail the grounds on which the documents should be kept unsealed, other than her chart which states in *ipse dixit* fashion that the documents reference "information about events when ▬▬▬▬▬▬▬▬▬▬." Fatal to her belated request is the fact that these records were not produced by plaintiff because of any reliance on the Protective Order. In fact, the records were, as is clear from the Bates numbers, obtained by the defense from open records requests as public records. The names of any minors who were alleged victims or minors accused of crimes were redacted by the law enforcement agencies. *See, e.g.,* DE 381-1 and 381-3. Other similar documents that were attached to the summary judgment pleadings were released by the Second Circuit in the redacted form provided by the relevant law enforcement agencies. DEs 381-4, 381-5, 381-7.

## CONCLUSION

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court grant her objections to unsealing.

11

Dated: December 1, 2020

        Respectfully submitted,

        */s/Laura A. Menninger*
        Laura A. Menninger (LM-1374)
        Jeffrey S. Pagliuca (*pro hac vice*)
        Haddon, Morgan and Foreman, P.C.
        150 East 10th Avenue
        Denver, CO 80203
        Phone: 303.831.7364
        Fax:    303.832.2628
        lmenninger@hmflaw.com
        *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on December 1, 2020, I electronically served this *Reply Memorandum in Further Support of Objections to Unsealing Sealed Materials Related to Docket Entries 231, 279, 315, 320, & 335* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Stan J. Pottinger
EDWARDS POTTINGER LLC
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com
StanPottinger@aol.com

Christine N. Walz
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Christine.walz@hklaw.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

Andrew G. Celli
David Lebowitz
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, NY 10020
acelli@ecbalaw.com
dlebowitz@ecbalaw.com

Jay M. Wolman
Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
jmw@randazza.com
mjr@randazza.com

*/s/ Nicole Simmons*
Nicole Simmons