# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue  
New York, NY 10110

Telephone: (212) 390-9550  
www.KKLllp.com

December 23, 2020

By ECF

The Honorable Loretta A. Preska  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 2220  
New York, NY 10007-1312

Re:   *Giuffre v. Maxwell,* 15 Civ. 7433 (LAP)

Dear Judge Preska:

We write respectfully on behalf of non-party John Doe with regard to the Protective Order that was proposed by the parties in *Giuffre v. Dershowitz*, 19 Civ. 3377 (LAP) ("*Dershowitz*") on December 21, 2020, *see* DE 226, and entered by the Court later that day, *see* DE 227 ("*Dershowitz* Protective Order" or "Order").[1]  The *Dershowitz* Protective Order appears to give plaintiff Virginia Giuffre and defendant Alan Dershowitz the unfettered bilateral authority to publicly file presently sealed documents from *Giuffre v. Maxwell*, 15 Civ. 7433 (LAP) ("*Maxwell*"), which have been produced as discovery in *Dershowitz*.  For all the reasons previously set forth by this Court, that must not be permitted.  Accordingly, we request that the Court clarify the *Dershowitz* Protective Order to require judicial approval for any such unsealing or public filing of presently sealed materials from this case.[2]

The *Dershowitz* Protective Order addresses the handling and treatment of documents designated by Ms. Giuffre and Mr. Dershowitz as "Confidential Information."  *See* DE 227 ¶ 2.  It defines Confidential Information to include, *inter alia*, "information filed under seal or designated as 'Confidential' in another action for which the confidentiality designation or seal has not been lifted."  *Id.*  Thus, "Confidential Information" encompasses sealed information from *Maxwell* that has been produced in *Dershowitz*.

Paragraph 2 of the Order provides, however, that "any party *to this action* [the *Dershowitz* case – *i.e.*, Ms. Giuffre and Mr. Dershowitz]" may request that "another party *to this action* [again, either Ms. Giuffre or Mr. Dershowitz] remove the confidentiality designation" from confidential documents from "another action" that were produced in the *Dershowitz* case.

---

[1] Unless otherwise noted, Docket Entries refer to the *Dershowitz* case.

[2]  We also request that any de-designation of Confidential Information of presently sealed materials in *Maxwell* – or any other agreement between the *Dershowitz* parties – or any filing of presently sealed materials that identify any non-party, should be held in abeyance pending the Court's consideration of the instant request.

*Id.* (emphasis added).  It further provides that, upon such a designation-removal request by one *Dershowitz* party, the other *Dershowitz* party should "promptly review" the identified document and "remove the confidentiality designation . . . if appropriate." *Id.*

But even if presently sealed materials from *Maxwell* retain the confidentiality designation, the *Dershowitz* parties are nonetheless free to publicly file those materials without any judicial review or intervention.  Specifically, Paragraph 11 of the Order permits "any party" to file Confidential Information in the public record so long as that party "obtain[s] written permission from the producing party to file such material." *Id.* ¶ 11.

As such, the *Dershowitz* Protective Order may fatally undermine this Court's carefully constructed measures designed to protect from unnecessary public disclosure sensitive and private non-party information in the *Maxwell* materials.

After rejecting multiple attempts by Mr. Dershowitz to gain access to sealed materials from the *Maxwell* case, this Court ultimately directed Ms. Giuffre to produce to Mr. Dershowitz "sealed materials and discovery that mentions Mr. Dershowitz." DE 174, at 7.  In ruling on Mr. Dershowitz's application, the Court drastically limited Mr. Dershowitz's access to certain sealed materials owing, in large part, to the reliance and privacy interests of non-parties.  The Court observed that "the gravity of the privacy interests of nonparties . . . weigh[ed] heavily against the unilateral disclosure" that Mr. Dershowitz sought because it would betray "one of the core purposes of the unsealing process in *Maxwell*" – that is, protecting non-parties' privacy interests. *Id*. at 5.  As the Court explained, the disclosure sought by Mr. Dershowitz "without the extensive input from the nonparties that is provided for by the unsealing process in *Maxwell*" would threaten to undermine those very same privacy interests. *Id.*

Nevertheless, even the more limited universe of sealed *Maxwell* materials ultimately provided in discovery by Ms. Giuffre to Mr. Dershowitz pursuant to this Court's order, *see* DE 174, seems likely to include information about non-parties.  Indeed, according to a recent filing by Ms. Giuffre, she has already "applied confidentiality designations to the thousands of pages of mostly third-party documents she reviewed, excerpted, redacted, and produced [to Mr. Dershowitz] from *Giuffre v. Maxwell*." DE 209, at 2.  Of course, we do not know the scope, volume or contents of the sealed *Maxwell* documents and testimony that have been disclosed to Mr. Dershowitz in discovery, or the extent to which those materials identify non-parties.  Indeed, it is possible that through redactions, limited productions or otherwise, these materials do not identify non-parties. *See*, *e.g.*, DE 220-2; 225.  But to whatever extent non-parties are, in fact, identified in those materials, the *Dershowitz* Protective Order, as presently drafted, provides no protection whatsoever to their privacy interests.  That is so, of course, because the Order seemingly grants Mr. Dershowitz and Ms. Giuffre the bilateral authority to re-classify sealed *Maxwell* materials as non-confidential and to file those documents on the public record in any event.  Mr. Dershowitz and Ms. Giuffre's position on sealing is no secret: they both want – and have repeatedly argued for – mass unsealing.  They are thus in a uniquely poor position to fill the role of guardians of non-party privacy interests.

December 23, 2020
Page 3 of 3

      Accordingly, we respectfully request that this Court modify the *Dershowitz* Protective Order to ensure that the protection of the privacy interests of non-parties identified in the sealed documents is not delegated to Mr. Dershowitz and Ms. Giuffre, but rather remains firmly within the dominion of this Court. *See In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("The job of protecting [non-party privacy rights] rests heavily upon the shoulders of the trial judge.")

                                      Respectfully Submitted,
                                      KRIEGER KIM & LEWIN LLP

                                  By: _____
                                      Nicholas J. Lewin
                                      Paul M. Krieger

cc (by ECF):  *Maxwell* Counsel of Record (15 Civ. 7433 (LAP))

cc (by email):  *Dershowitz* Counsel of Record (19 Civ. 3377 (LAP))