UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>         Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>         Defendant. | 15 Civ. 7433 (LAP) |
| VIRGINIA L. GIUFFRE,<br><br>         Plaintiff,<br><br>-against-<br><br>ALAN DERSHOWITZ,<br><br>         Defendant. | 19 Civ. 3377 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of a letter from counsel to a non-party Doe (dkt. no. 1182 in 15-cv-7433) raising concerns that that protective order recently entered in Giuffre v. Dershowitz (dkt. no. 227 in 19-cv-3377) "give[s] plaintiff Virginia Giuffre and defendant Alan Dershowitz the unfettered bilateral authority to publicly file presently sealed documents from Giuffre v. Maxwell."  The Court also has reviewed the letter responses from Professor Dershowitz and Ms. Giuffre.  (Dkt. nos. 231, 232 in 19-cv-3377.)

1

The Court does not read the protective order, as presently entered, to give the parties unrestricted authority to disclose publicly the confidential materials from Maxwell--not least of all because the parties only may agree to downgrade confidentiality designations for materials that the "designating party has subsequently produced in this action," i.e., only materials that Ms. Giuffre alone designated as confidential in Maxwell. To avoid any doubt, however, the parties shall append to the end of the definition of "Confidential Information" in the protective order the underlined language at the end of the following excerpt, which makes clear that the parties cannot agree to unseal the identities of non-party Does where that information is still sealed in Maxwell:

> As used in this Protective Order, the term "Confidential Information" includes (i) private financial information, such as tax records and bank account numbers; (ii) personally identifiable information, such as a social security numbers, home addresses, personal email addresses or personal telephone numbers; (iii) protected health information, inclusive of physical and mental health records; and (iv) identifying information of sexual abuse victims, such as names, emails, telephone numbers, or home addresses. "Confidential Information" also includes information filed under seal or designated as 'Confidential' in another action for which the confidentiality designation or seal has not been lifted; provided, however, that any party to this action may request that another party to this action remove the confidentiality designation from any document that was designated as "Confidential" in another action but which the designating party has subsequently produced in this action and which the requesting party wishes to use

2

in a filing, at a deposition, or in a court proceeding. Should such a request be made, the designating party will promptly review the identified documents and remove the confidentiality designation from those documents if appropriate. If the requesting party disagrees with a decision not to remove a confidentiality designation, the requesting party must promptly move the Court for further relief.  <u>For the avoidance of doubt, for materials produced in or generated as a result of discovery in Giuffre v. Maxwell, the parties may only agree to remove confidentiality designations for Ms. Giuffre's personal documents, i.e., those bearing her bates stamp in Maxwell.  Even where Ms. Giuffre agrees to remove the confidentiality designations for such materials produced in Maxwell, the parties shall not publicly disclose or file on the public docket the names or identifying information of non-party Does (except for Mr. Dershowitz) in materials originally designated confidential in Maxwell and filed in that case either under seal or with the non-party Doe's identifying information redacted (unless such information has been unsealed already by the Court in Maxwell)</u>.

The parties shall file a revised protective order with this language appended to the definition of "Confidential Information."

**SO ORDERED.**

Dated:    New York, New York
         January 6, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge

3