

Sigrid S. McCawley<br>
Telephone: (954) 356-0011<br>
Email: smccawley@bsfllp.com

January 8, 2021

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Giuffre v. Maxwell*,
              **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

The Original Parties write in response to the Court's December 14, 2020, order directing them to confer about a proposed next set of docket entries to be reviewed for unsealing. ECF No. 1179. The Original Parties have conferred and discussed ways in which the unsealing process can move more efficiently without becoming unduly burdensome. The Original Parties therefore present the following options to the Court.

### Plaintiff's Proposal

Plaintiff proposes beginning to address Non-Party objections in the next round of unsealing, rather than first finishing the remaining motions that mention Doe 1 and Doe 2. The remaining Doe 1 and Doe 2 motions mention many other Non-Parties, so they will still be reviewed in time and, when they are reviewed, the Court can decide whether to unseal Doe 1 and Doe 2's names where they appear. But because Doe 1 and Doe 2 have not objected to unsealing, Plaintiff sees no reason to continue expending resources on briefing motions as they specifically relate to them. Further, we assume that the Non-Parties that have filed objections are eager to complete this process and to know what may be released about them, as opposed to waiting indefinitely.

Thus, in an effort to move expeditiously, Plaintiff proposes first addressing the objections of Does 55, 56, 93, and 151 together. This would be efficient because the names of Does 55, 56, and 93 only appear in motions that Doe 151's name also appears in, so the parties and the Court would be able to cover four Non-Parties at once. Further, this proposal would not be unduly burdensome because (1) the objections of Does 55, 56, and 93 are very narrow and their names only appear in a small handful of documents and (2) the majority of motions that mention Does 55, 56, 93, and 151 have already been briefed and considered by the Court in some capacity; thus,



The Honorable Loretta A. Preska
January 8, 2021
Page 2

as to those motions, the parties would only be briefing whether the names of Does 55, 56, 93, and 151 should be unredacted in those documents and whether the names of other nonparties who have not objected should be unredacted in those documents.

Accordingly, Plaintiff proposes next addressing the following list of motions that mention Does 55, 56, 93, and 151, six of which have already been briefed by the parties:

- 172: Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit
- 199: Plaintiff's Motion for Extension of Time to Complete Depositions
- 231: Defendant's Motion for Rule 37(b) & (c) for Failure to Comply with Court Order and Sanctions for Failure to Comply with Rule 26(a)
- 279: Plaintiff's Motion for Adverse Inference Instruction
- 315: Plaintiff's Motion to Enforce Court Order and Direct Defendant to Answer Depo Questions
- 370: Defendant's Motion for Protective Order regarding Financial Information
- 335: Plaintiff's Motion for Protective Order for Court to Direct Defendant to Disclose Individuals Whom Defendant Disseminated Confidential Information
- 422: Defendant's Motion to Compel Settlement Agreement

Addressing these motions as to these four Non-Parties expedites the Court's review of documents in which the public has an interest. Defendant's first proposal below will not make the Protocol more efficient for the reasons outlined above. Defendant's second proposal will require changes to the Protocol because it proposes proceeding on a motion-by-motion (as opposed to Doe-by-Doe) basis and will also require objecting Non-Parties to file a reply brief each time their names appear in a motion, rather than only when they are the Doe whose materials are up for review. *See* ECF No. 1108 at p.3 ¶ 2(d).

### Defendant's Proposal

Defendant opposes a process whereby Plaintiff unilaterally and tactically seems to have selected certain Non-Parties to consider first in the next round of unsealing. Those particular Non-Parties are among many who have submitted objections, and Plaintiff offers no discernible basis for advancing them to the next round. Plaintiff has not demonstrated that its proposal will expedite the review, nor that it will be more efficient. To the contrary, Plaintiff's *ad hoc* approach that picks and chooses among Non-Parties will more likely to lead to confusion and inefficiency in lieu of an orderly and logistical progression of unsealing.

Defendant instead offers two alternatives for selecting the pleadings to consider in the next round, both of which would promote an orderly and fair process by which objections to unsealing



The Honorable Loretta A. Preska
January 8, 2021
Page 3

are heard by the Court:

1. The Court could finish the decided motions and related pleadings that mention Does 1 and 2.  Defendant believes the following DEs, or their related pleadings, contain references to Does 1 and 2:  345, 356, 362, 370, 422, 468, 640.  Although there are more than five DEs to consider, some of them are short and without significant redactions.

2. Alternatively (not additionally), the Court could circle back and consider any Non-Party objections to the pleadings already briefed and decided.  For example, the Court could take expedited briefing on DE 143 and its related pleadings and rule on any Non-Party objections that were interposed to unsealing their names in that set of documents.  This would require amending the Order and Protocol to reflect a deviation from considering the motions on a Doe by Doe basis.  The parties could jointly propose amendments to the Order and Protocol to reflect this change.

    Sincerely,

    /s/ Sigrid S. McCawley
    Sigrid S. McCawley

    /s/ Laura Menninger
    Laura Menninger

cc:  Counsel of Record   (via ECF)