

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

January 25, 2021

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Limited Motion to Reconsider Proposed Redactions of Ms. Maxwell's July
     2016 Deposition Transcript
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

    I write to respectfully request a narrow and limited reconsideration of this Court's proposed redactions of Ms. Maxwell's July 2016 deposition transcript.  Ms. Maxwell also seeks clarification on a few specific lines of the Court's redactions.  Ms. Maxwell primarily requests that this Court further redact the July 2016 deposition transcript (and any DE that quotes from it) by redacting the testimony at Page 112, Line 17 through and including Page 113, Line 12 of the deposition. This is but twenty lines of testimony. There are three primary reasons for this request.

    First, as this Court recognized in its January 19 order, the limited presumption of access applicable to these discovery filings was overcome by Ms. Maxwell's interest in keeping private the details of her own consensual, sexual activity. TR 1/19/2021, p 7:7–10 ("Ms. Maxwell's interest in keeping private the details of her sexual relationships with consenting adults warrants the sealing of those portions of her testimony (and any materials that reference them)."). In the July 2016 deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ only insofar as they pertained to Ms. Maxwell's "knowledge of the sexual activities" of herself or others. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were *not* about sexual activity, then the questions were improper to begin with. Either way, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should remain sealed: They either fall within the category of redactions this Court already applied because they concern sexual activity, or they were improper and violated Judge Sweet's limitations on the permissible deposition questions.

    Second, Ms. Maxwell's reliance interest and her actual reliance on the Protective Order outweigh the limited presumption of access to the twenty lines of deposition testimony

Honorable Loretta A. Preska
January 25, 2021
Page 2

at issue here. *See AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied."); *see also Martindell v. Int'l Tel. & Tel. Co.*, 594 F.2d 291, 296–97 (2d Cir. 1979). Plaintiff persuaded Judge Sweet to compel the July 2016 deposition in part by arguing that the deposition transcript would be shielded from public release by the Protective Order. Judge Sweet agreed, saying any "privacy concerns are alleviated by the Protective Order in this case, drafted by Defendant." In turn, the Second Circuit in *Brown v. Maxwell* concluded that Ms. Maxwell's reliance on the Protective Order as to questions compelled in the July 2016 deposition outweighed the public's right to access the summary judgment material that quoted or excerpted the July 2016 deposition transcript. 929 F.3d at 47, 49 n.22 (2d Cir. 2019). If Ms. Maxwell's reliance outweighed the presumption of access to summary judgment material (which enjoys the *highest* presumption of access), that reliance *a fortiori* outweighs the presumption of access to the discovery material at issue here (which enjoys a lesser presumption of access).

Respectfully, this Court did not make findings on reliance at the January 19 proceeding. Ms. Maxwell requests that this Court make those findings now, and she suggests that her reliance on the Protective Order outweighs the limited presumption of access that attaches to the one page of testimony this letter motion concerns.

Finally, the additional testimony Ms. Maxwell asks this Court to redact is the basis of Count 6 (perjury) in the criminal case. *United States v. Maxwell*, 20-cr-330, DE 17, pp 16–17. Unless that testimony is suppressed, the deposition transcript will be an exhibit in the criminal case. But if the testimony is released, Ms. Maxwell's ability to seek suppression (as she does in a series of motions filed today) will be compromised because the Government will argue that the release of the deposition transcript by this Court renders harmless any unconstitutional conduct by the Government in obtaining the deposition transcript and indicting Ms. Maxwell for perjury. This Court should redact the testimony as Ms. Maxwell requests to preserve the status quo and to permit Ms. Maxwell to vindicate her constitutional right to a fair trial and to challenge the lawfulness and constitutionality of the Government's conduct. U.S. CONST. amends. IV, V.

For these reasons, Ms. Maxwell respectfully requests that this Court further redact the July 2016 deposition transcript (and any DE that quotes from it) by redacting the testimony at Page 112, Line 17 through and including Page 113, Line 12 of the deposition.

Additionally, Ms. Maxwell wants to clarify that the Court intends to <u>not</u> redact the following specific lines, which were answers to redacted questions, from the July 2016 deposition transcript:

 Page 55:2
 Page 86:10
 Page 86:19-21
 Page 86:24
 Page 91:21

Honorable Loretta A. Preska
January 25, 2021
Page 3

      Because this letter quotes from and describes information that cannot be disclosed publicly pursuant to the Protective Order in the criminal case, Ms. Maxwell will file a redacted version of the letter on ECF, and she requests leave to file the unredacted version of this letter under seal with this Court.

                                  Respectfully submitted,

                                  Laura A. Menninger

CC: Counsel of Record *via* ECF