**KRIEGER KIM & LEWIN** LLP

500 Fifth Avenue
New York, NY 10110

Telephone: (212) 390-9550
www.KKLllp.com

January 25, 2021

<u>By ECF</u>

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY  10007-1312

    Re: *Giuffre v. Maxwell*, 15 Civ. 7433 (LAP)

Dear Judge Preska:

  We write respectfully on behalf of non-party John Doe in response to a letter submitted by the parties in *Giuffre v. Dershowitz*, 19 Civ. 3377 (LAP) ("*Dershowitz*"), *see* DE 237, requesting a clarification and modification of an order entered by the Court in *Dershowitz* on January 6, 2021 ("January 6 Order"), *see* DE 233.[1]  This appears to be yet another attempt by the *Dershowitz* parties to evade this Court's carefully constructed privacy protections, by requesting (i) access to non-party information from *Giuffre v. Maxwell*, 15 Civ. 7433 (LAP) ("*Maxwell*") to which they are not entitled; and (ii) modifications to the Protective Order in *Dershowitz*, *see* DE 227 ("*Dershowitz* Protective Order"), that would permit the *Dershowitz* parties, as opposed to this Court, to determine whether presently sealed documents from *Maxwell* (the "Sealed Materials") should be publicly released.  We write to request that the Court protect the integrity of the Protocol in *Maxwell* (the "Protocol") against these evasions; the Court should deny the *Dershowitz* parties' request for a list of non-party Does and their proposed modifications to the *Dershowitz* Protective Order.

  We initially raised objections to the *Dershowitz* Protective Order owing to a concern that it constituted another effort by the *Dershowitz* parties to circumvent the Protocol and the ongoing process proceeding thereunder.  *See Maxwell*, DE 1182.  We believed that the Protective Order granted Ms. Giuffre and Mr. Dershowitz unfettered bilateral authority to publicly file Sealed Materials from *Maxwell* which have been, or could be, produced in discovery in *Dershowitz*.  *See id.*  While the Court did not fully share our concern, in its January 6 Order, it instructed the parties to append to the Protective Order's definition of "Confidential Information" language "which makes clear that the parties cannot agree to unseal the identities of non-party Does where that information is still sealed in *Maxwell*."  DE 233, at 2.  The Court's revised language underscored that "the parties may only agree to remove confidentiality designations for Ms. Giuffre's personal documents" from *Maxwell*, "i.e., those bearing her bates stamp in *Maxwell*."  *Id.* at 3.  Further, even where Ms. Giuffre agrees to remove the confidentiality designations from such materials, the parties may not "publicly disclose or file on the public docket the names or identifying information of non-party Does (except for Mr. Dershowitz) in materials originally

---

[1] Unless otherwise noted, Docket Entries refer to the *Dershowitz* case.

designated confidential in *Maxwell* and filed in that case either under seal or with the non-party Doe's identifying information redacted (unless such information has been unsealed already by the Court in *Maxwell*)." *Id.*

The Court's January 6 Order mitigated our concerns. But, apparently unsatisfied with the Court's reasonable and apt modifications, the *Dershowitz* parties now attempt again to thwart the Protocol by way of their January 20, 2021 letter. *See* DE 237. They do so in multiple respects.

First, the parties seek to clarify the term "non-party Does" as it appears in the January 6 Order. This purported ambiguity is just a pretext to again request information from *Maxwell* to which they are not entitled, as discussed below. The January 6 Order's reference to non-party Does, of course, is in the context of *Maxwell* and the Protocol. *See* DE 233, at 3. Paragraph 1 of the Protocol uses the term "Non-Party" to identify the Does and provides a broad – but non-exhaustive – list of the criteria under which a person is identified as a Doe. *Maxwell*, DE 1108 ¶ 1. Indeed, the Protocol's criteria explicitly captures the categories posed as questions by the *Dershowitz* parties in their recent letter. *See* DE 237, at 1. There is nothing ambiguous about the January 6 Order or the Protocol in this regard.

Rather, the parties advance this assertion as a precursor to asking the Court whether there is a list of Does in *Maxwell*. The Protocol affirmatively states that such a list exists – as it must in order for the *Maxwell* parties to execute the Protocol. *See Maxwell*, DE 1108 ¶ 1. It is difficult to imagine that Mr. Dershowitz is unaware of this, particularly in light of his prior efforts to obtain similar information in the past, *see, e.g.*, DE 153, at 3 – efforts which the Court rejected, *see* DE 174. There is no basis or need to provide him with this list now.

Finally, the *Dershowitz* parties seek to modify the Protective Order to permit them to file on the public docket the names or identifying information of non-party Does so long as they can determine that such "information . . . is otherwise publicly available." DE 237, at 2. As an initial matter, it is the sole providence of this Court to decide whether the seal should be removed. The case law makes this clear and this very subject was extensively debated and resolved prior to the issuance of the Protocol.

More fundamentally, there is a substantial difference between, on the one hand, a specific document that has been unsealed (or was never filed under seal), and, on the other, "information" reflected in a sealed document which "the filing party is able to determine," unilaterally, "is otherwise publicly available."[2] *Id.* Lots of "information" – accurate and inaccurate; legitimately public and improperly leaked – is "publicly available"; and the fact of asserted-public

---

[2] Notably, the parties' description of their own request is materially different than the specific modification language they propose to Your Honor. Specifically, the parties describe their request only as permitting them to publicly file specific documents that are "available publicly in unredacted form." DE 237, at 2. But their proposed modification to the Protective Order would permit public filing so long as "the filing party" is "able to determine" that the "information" reflected in that document "is otherwise publicly available." *Id.*

January 25, 2021
Page 3 of 3

availability is not a proper predicate for prospective public filing. Especially here. *See*, *e.g.*, DE 144, at 10–11 n.6 (observing the particular incentives for public disclosure at play in *Dershowitz*). The fact that publicly disclosed "information" exists is not determinative. *See*, *e.g.*, *United States v. Gatto*, No. 17 Cr. 686 (LAK), 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019) (refusing to unseal documents even when "some information relating to the documents in question already has been discussed on the public record or reported in the media" and observing that governing law dictates that the existence of such public information "does not mean that the third-parties concerned have lost any remaining privacy interests in their contents"). It is merely a factor to be considered by the Court in balancing competing interests to determine whether the seal should be maintained or removed. That is simply not something that Mr. Dershowitz, Ms. Giuffre, or the parties acting collectively (or non-parties) can, or should, decide.[3]

      We respectfully submit that the parties should not be permitted to publicly file any Sealed Materials until this Court has determined, pursuant to the Court-ordered Protocol, whether the Sealed Materials should be unsealed. The *Dershowitz* parties do not need a list of Does or further clarification to ensure that this Court Order is followed. Pending this Court's ruling on the unsealing of specific documents, the solution for the *Dershowitz* parties is simple: Sealed Materials designated as Confidential by Ms. Giuffre, and which disclose non-party identifying information, should remain exactly that – sealed and confidential.

Respectfully Submitted,<br>
KRIEGER KIM & LEWIN LLP<br><br>
By: _____<br>
Nicholas J. Lewin<br>
Paul M. Krieger

cc (by ECF):  *Maxwell* Counsel of Record (15 Civ. 7433 (LAP))

cc (by email):  *Dershowitz* Counsel of Record (19 Civ. 3377 (LAP))

---

[3] The parties' proposal would also fail to provide adequate notice to the affected parties and undermine that important component of the Protocol. In rejecting Mr. Dershowitz's original opposition to the Protocol – and one of his unsuccessful attempts to obtain the release of all Sealed Materials for public consumption – the Court specifically structured the Protocol to afford notice to those persons identified or otherwise interested in the Sealed Materials; and to allow such affected persons the opportunity to object and be heard before their identities are revealed. *Maxwell*, DE 1108 ¶ 2.