

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

January 27, 2021

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Giuffre v. Maxwell*,
      **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

  Plaintiff writes in response to Defendant's last-minute request that this Court reconsider its ruling concerning the unsealing of Defendant's July 2016 deposition transcript, which the Court provided to the parties with redactions marked. Plaintiff respectfully asks that this Court deny Defendant's motion to reconsider. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Alternatively, the Court may grant the motion to correct a clear error or prevent manifest injustice." *Glob. View Ltd. Venture Cap. v. Great Cent. Basin Exploration, L.L.C.*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation marks and citations omitted). Defendant fails to meet this standard.

  *First*, there is no grounds for this Court to redact what Defendant asks to be kept hidden. At the January 19 hearing, this Court held that Defendant's "interest in keeping private the details of her sexual relationships with consenting adults warrants the sealing of those portions of her testimony (and any materials that reference them)." Jan. 19, 2021, Hr'g Tr. at 7:7-10. What Defendant asks this Court to redact are plainly not questions or answers concerning "her sexual relationships with consenting adults." Indeed, her proposal to redact this testimony makes little sense, as the phrase ▇▇▇▇▇▇▇▇▇▇ appears hundreds of times throughout the transcript, including in portions where Defendant does not object to the Court's proposed redactions.

  *Second*, that Defendant says the questions and answers at issue violated Judge Sweet's order compelling Defendant's second deposition is not relevant to unsealing; Defendant cites no authority otherwise. As to reliance on the Protective Order, Defendant raised that purported reliance on the Protective Order in arguing that her deposition testimony should remain sealed in

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



The Honorable Loretta A. Preska
January 27, 2021
Page 2

her objection to unsealing, and the Court rejected it.  ECF No. 1149 at 2-5.  Defendant has provided no reason to revisit those arguments.

*Third*, Defendant's note that certain testimony should be kept sealed so that she can challenge its admissibility at her criminal trial is not only speculative, but has also already been addressed by this Court.  Jan. 19, 2021, Hr'g Tr. at 5:23-6:5 ("The public's First Amendment right to access these documents is not outweighed by the prospective inadmissibility of certain of them in some later proceeding.  In any case, the Court takes comfort in the fact that Ms. Maxwell recognizes that she has the Federal Rules of Criminal Procedure and evidence at her disposal when the appropriate time comes to fight this fight down the road.").  The Court's reasoning was clear and its ruling was well within its discretion, and it should decline Defendant's invitation to revisit.

Simply put, the Court should deny Defendant's motion for reconsideration.  Her latest attempt fails to satisfy the standard for reconsideration in that it is not based on new or overlooked information; rather, it is based on information already known to the Court.  Moreover, there is no clear error or manifest injustice that warrants reconsideration of the Court's ruling.  Defendant's request should be denied.

Sincerely,

/s/ Sigrid S. McCawley
Sigrid S. McCawley, Esq.

cc:  Counsel of Record  (via ECF)