# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T  | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Sanford L. Bohrer
+1 305.789.7678
Sandy.Bohrer@hklaw.com

Christine N. Walz
+1 305.789.7678
Christine.Walz@hklaw.com

January 27, 2021

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   **INTERVENORS' LETTER IN RESPONSE TO MAXWELL'S LETTER
> (DKT. 1191)**, *Giuffre v. Maxwell*, **Case No. 15-cv-7433-LAP**

Dear Judge Preska:

Intervenors Julie Brown and Miami Herald Media Co. respectfully submit this letter in response to Ghislaine Maxwell's letter dated January 25, 2021 (Dkt. 1191), and in concurrence with Virginia Giuffre's letter in response (Dkt. 1194).

While Ms. Maxwell begins her letter by expressing privacy concerns over the soon-to-be-released portion of her transcript, it is clear her real concern, expressed on the second page, is concealing potential evidence of perjury.  This is not a recognized countervailing interest to overcome the presumption of public access.

First, Ms. Maxwell's privacy concerns can hardly be weighty when Ms. Maxwell herself seems unsure whether the statements even relate to sexual activity or not.[1]  *See* Dkt. 1191, at 1.

Second, Ms. Maxwell continues to rehash the same reliance argument that has been rejected by this Court numerous times.  The Second Circuit has held that "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure

---

[1] Again, Intervenors do not have access to the unredacted letter and can only understand the contents based on the context surrounding the redactions.

The Honorable Loretta A. Preska
January 27, 2021
Page 2

was reasonable." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). And when a protective order contemplates modification or disclosure, parties should expect that information deemed CONFIDENTIAL may not remain so. *Id.* The protective order in this case explicitly states it would "have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter." Dkt. 62, at 5. It additionally states that it could be "modified by the Court at any time for good cause shown . . . ." *Id.* at 6. Given these provisions, which explicitly contemplate confidential information later becoming public at trial and modification of the order "at any time for good cause shown," it was not reasonable for Ms. Maxwell to rely on the protective order. *See Lugosch*, 435 F.3d at 126.

Third, Ms. Maxwell unabashedly seeks to "suppress" evidence of potential perjury that could be used against her in a criminal trial. Dkt. 1191, at 2. A court may weigh a criminal defendant's constitutional right to a fair jury trial when considering whether to release judicial records, but it is *not* the Court's role to aid a criminal defendant in concealing relevant evidence from reaching the hands of the government. "A Rule 26(c) protective order, no matter how broad its reach, provides no guarantee that compelled testimony will not somehow find its way into the government's hands for use in a subsequent criminal prosecution." *Andover Data Servs., a Div. of Players Computer, Inc. v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1083 (2d Cir. 1989). Further, the plain terms of the Protective Order define "CONFIDENTIAL" as "information that is confidential and implicates common law and statutory *privacy interests* of [the parties] . . . ." Dkt. 62, at 2 (emphasis added). The Protective Order was never intended to protect statements that may self-incriminate either party.

Intervenors therefore respectfully request that this Court deny Ms. Maxwell's request that the Court further redact page 112, line 17 through page 113, line 12 of the July 2016 deposition transcript.

Sincerely yours,
HOLLAND & KNIGHT LLP

/s/ Christine N. Walz
Sanford L. Bohrer
Christine N. Walz
Cynthia A. Gierhart
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*