LBJ9GIUC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   VIRGINIA L. GIUFFRE,

4                   Plaintiff,

5            v.                          15 CV 7433 (LAP)

6   GHISLAINE MAXWELL,

7                   Defendant.           Telephone Conference

8   ------------------------------x
                                        New York, N.Y.
9                                       January 19, 2021
                                        10:10 a.m.
10
    Before:
11
                        HON. LORETTA A. PRESKA,
12
                                           District Judge
13

14                          APPEARANCES

15  BOIES SCHILLER & FLEXNER LLP
         Attorneys for Plaintiff
16  BY:  SIGRID S. McCAWLEY

17  HADDON MORGAN and FOREMAN, P.C.
         Attorneys for Defendant
18  BY:  LAURA A. MENNINGER

19  HOLLAND & KNIGHT
         Attorneys for Intervenors Julie Brown and Miami Herald
20       Media Company
    BY:  CHRISTINE N. WALZ
21
    KRIEGER KIM & LEWIN, LLP
22       Attorneys for John Doe Defendants
    BY:  PAUL M. KRIEGER
23

24

25

1              (Case called)

2              THE COURT:  Good morning, counsel.  Good morning,

3    ladies and gentlemen.

4              Not that you are required to be present, but who is on

5    for Ms. Giuffre, please?

6              MS. McCAWLEY:  Good morning, your Honor.  It is Sigrid

7    McCawley from the law firm of Boies Schiller & Flexner on

8    behalf of Virginia Giuffre.

9              THE COURT:  Good morning.

10             Who is on for Ms. Maxwell, please?

11             MS. MENNINGER:  Good morning, your Honor, Laura

12   Menninger on behalf of Ms. Maxwell from Haddon Morgan and

13   Foreman.

14             THE COURT:  Good morning.

15             Counsel, as you know, today the Court announces its

16   rulings on the unsealing of the motions associated with docket

17   entries 231, 279, 315, 320, and 335 in Giuffre v. Maxwell, as

18   well as the documents relevant to those motions.

19             At has become the custom, the Court will announce its

20   general findings relevant to this round of unsealing before

21   marching through its specific findings for each document.

22             As to the Court's general findings, to determine

23   whether materials should be unsealed, the Court's mandate is to

24   undertake a particularized review of each document and to:  (1)

25   evaluate the weight of the presumption of public access to the

1   materials; (2) identify and evaluate the weight of any

2   countervailing interests; and (3) determine whether the

3   countervailing interests rebut the presumption.

4           The presumption of public access attaches to judicial

5   documents; that is, those documents filed in accordance with a

6   decided motion or papers that are relevant to the Court's

7   exercise of its inherent supervisory powers.  The documents at

8   issue here were submitted in connection with discovery motions

9   decided by Judge Sweet.  The Court concludes that they are

10  judicial documents to which the presumption of public access

11  attaches.

12          As with the documents that the Court ordered unsealed

13  in July, however, the motions at issue today are, as noted,

14  discovery motions.  Accordingly, the presumption of public

15  access is somewhat less weighty than for a dispositive motion.

16  It is, nevertheless, important to the public's interest in

17  monitoring federal courts' exercise of their Article III powers

18  that the public review the documents.

19          With this presumption of public access in mind, the

20  Court turns to the countervailing interests at stake.  The

21  Court has considered the arguments advanced by the parties in

22  their briefing.  It has also considered the submission from

23  intervenors Julie Brown and the Miami Herald Media Company.

24  The Court has also received submissions from various Does, in

25  addition to Does 1 and 2, who are under consideration now.

Those additional Does have asserted privacy interests that purportedly weigh against unsealing their names and related materials.  The Court will undertake its review of those submissions when it comes time to consider the unsealing of the names of those Does, after the parties have had a chance to respond to those submissions today.  The only nonparty Does the Court has considered for unsealing are Does 1 and 2, who have submitted no formal objection to unsealing, but who did ask belatedly that their names not be revealed.

Moving to the countervailing interests advanced by the parties:

First, Ms. Maxwell argues that the unsealing of certain documents -- and portions thereof -- will create a "media frenzy" that will unlawfully jeopardize her right to a fair trial, and which will also violate Local Criminal Rule 23.1.  Local Rule 23.1 prohibits the release of nonpublic information or opinion where there is a "substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the administration of justice."  Local Criminal Rule 23.1(a).  By its terms, this rule applies to "lawyers or law firms, "government agents and police officers," "in connection with pending or imminent criminal litigation with which they are associated.  *Id.*  It is not clear to the Court that this particular rule is applicable to courts' unsealing of these documents, in which the public has long had

1    a First Amendment right to access -- pursuant to the mandate

2    from the Court of Appeals.  The Court observes, however, that

3    "the right of an accused to fundamental fairness in the jury

4    selection process" may be a countervailing interest that weighs

5    against public access to documents.

6         Here, however, the Court rejects Ms. Maxwell's

7    argument that the unsealing of any of the materials under

8    consideration today will jeopardize her right to a fair trial,

9    let alone sufficiently enough to overcome the presumption of

10   public access that attaches to these materials.  Ms. Maxwell's

11   observation of the general media coverage of the unsealing

12   process does little to show how the unsealing of any specific

13   information at issue in the current round of unsealing will

14   jeopardize her right to a fair trial that is likely many months

15   away, or why this cannot be cured through the normal processes

16   in place for jury selection.

17        As a corollary to this countervailing interest, Ms.

18   Maxwell argues that the unsealing process should be put on hold

19   because the Court that is overseeing her criminal prosecution

20   has not yet determined whether these documents will be

21   considered admissible evidence or testimony at trial.  The

22   Court finds that this argument is entitled to little weight at

23   this stage with respect to these specific documents.  The

24   public's First Amendment right of access to these documents is

25   not outweighed by the prospective inadmissibility of certain of

them in some later proceeding.  In any case, the Court takes

comfort in the fact that Ms. Maxwell recognizes that she has

the Federal Rules of Criminal Procedure and evidence at her

disposal when the appropriate time comes to fight this fight

down the road.

A word about Ms. Maxwell's July 2016 deposition.  The

full transcript of Ms. Maxwell's July 2016 deposition

transcript was submitted as an exhibit annexed to her motion

opposing a request to reopen that deposition, at docket entry

340-4.  Excerpts of that transcript were also submitted as

exhibits to various other briefing.  Ms. Maxwell argues that

the "privacy interests of those who resist disclosure" -- in

the case of her deposition, Ms. Maxwell's interests -- counsel

against unsealing deposition transcript.  Ms. Maxwell argues

that her discussion of certain "intimate matters" during that

deposition should remain sealed.

During this deposition, Ms. Maxwell was asked

repeatedly about her own sexual activity with consenting

adults.  Unlike in her prior deposition, at her July 2016

deposition, she provided testimony in response to those

questions.  As noted earlier, the presumption of public access

does attach to this transcript (although, has the Court has

observed, to a lesser extent than if it were submitted in

connection with a dispositive motion).

Here, however, public access to certain parts of the

1   transcript is outweighed by Ms. Maxwell's countervailing

2   interests in resisting disclosure of the details of her

3   private, intimate relationships with consenting adults.  This

4   testimony is, in any case, far afield from the sex trafficking

5   and sexual abuse allegations that were central to the dispute

6   in *Giuffre v. Maxwell*.  Although the prurient interest of some

7   may be left unsatiated as a result, Ms. Maxwell's interest in

8   keeping private the details of her sexual relationships with

9   consenting adults warrants the sealing of those portions of her

10  testimony (and any materials that reference them).

11          For the sake of efficiency, my chambers will share

12  with the parties a copy of the transcript that highlights the

13  portions of Ms. Maxwell's deposition that should remain

14  redacted.  This will avoid, I know you're happy to hear, my

15  reading into the record my line-by-line determinations

16  regarding the full 193-page transcript.

17          Ms. Giuffre, likewise, asserts certain privacy

18  interests that she argues outweigh the presumption of public

19  access in certain documents.  The Court finds, as it did for

20  the last round of motions it considered for unsealing, that

21  Ms. Giuffre's privacy interests in her medical records, where

22  they reference the medical treatment she received, outweigh any

23  public interests in those materials.  So when I refer to

24  medical information to be redacted, I am referring to

25  information describing medical treatment.  The parties agree,

however, that references to health care providers in their

institutions may be unsealed.

       Ms. Giuffre likewise argues that, for certain police

reports, the privacy interests of certain persons warrant

continued sealing where they were minor victims.  Because these

police reports were obtained through a public records request,

they should be unsealed and docketed in the form that they were

received from the law enforcement agency.  This is also

consistent with the approach that the Court of Appeals has

taken.  Consistent with the Court of Appeals' approach, other

personal information in these police reports, such as

addresses, should be redacted from previously undisclosed

reports, to the extent such information has not already been

redacted by the law enforcement agency.

       As for the names and identifying information of

nonparty Does:  At this stage, unless otherwise noted, the only

Does for whom names and identifying information should be

unsealed are Does 1 and 2.  The Court has already noted that

the names of Does 1 and 2, portions of their deposition

transcripts, and portions of the Palm Beach police report

ascribed to them, have already been made public.  Doe 1 gave a

press interview about the subject matter of this action.  Does

1 and 2 did, belatedly, ask that their names not be disclosed,

after the horse was already out of the barn.  They were given

an additional opportunity to lodge formal objections, but did

1    not do so.  The Court ordered Doe 1's transcript released after

2    undertaking a particularized review of that transcript and

3    finding that the presumption of public access warranted

4    unsealing.  Having received no normal objection from Does 1 or

5    2, the Court cannot discern a justification for continued

6    sealing of their names in this case's documents.  Accordingly,

7    the names and identifying information for Does 1 and 2 should

8    be unsealed.

9        Additionally, Alan Dershowitz's name and information

10   identifying him may be unsealed.  By his letter at docket entry

11   1138, he has requested that redactions of his name in these

12   materials be unsealed in all cases.

13       Finally, excerpts of any deposition testimony for

14   nonparty Does in the Court of Appeals that has already been

15   unsealed may be unsealed here also with redactions, if any,

16   ordered by the Court of Appeals.

17       For efficiency, I will not repeat this caveat as to

18   each document; I will only comment when it is not applicable.

19   Unless there is a specific comment, personal identifying

20   information for all nonparty Does should be redacted, with the

21   exception of Does 1 and 2, Professor Dershowitz, and in

22   deposition testimony already unsealed by the Court of Appeals.

23       The other names of Does and identifying information

24   will remain sealed until we move to particularized

25   consideration of those Does.

1           The Court will now announce its findings with respect

2    to the sealed documents that are the subject of this motion to

3    unseal.  These findings are a result of the Court's

4    particularized review of each of the 156 documents it has

5    considered for unsealing today.

6           As before, the Court will proceed in the order of the

7    documents listed on the chart that the parties have provided,

8    listing their respective positions for each document.  This

9    chart is Exhibit F to Ms. Menninger's declaration, filed with

10   Ms. Maxwell's reply brief in support of her objections to

11   unsealing.  The docket number is 1167-2.

12          As before, the Court is grateful to the parties for

13   their assistance in organizing the enormous number of documents

14   for review.  It has been a great service to the Court, and I do

15   thank the parties for that.

16          As I go through, references to page numbers are going

17   to be those typed on the document, not those numbers assigned

18   by the ECF system.

19          Finally, as I go through, I will ask my law clerk,

20   Patrick Malone, to interrupt if I am misreading any of this.

21   As you can see, the parties' chart is enormous and has

22   multiple, multiple iterations of findings listed on it.  If I

23   am misreading, I will ask Pat to interrupt so we don't have to

24   go back at the end and confuse ourselves even more.

25          Here we go.

1          Document No. 231, motion for sanctions.  Unseal and

2    redact only medical information and the names and identifying

3    information of nonparty Does, except for 1, 2 and Dershowitz.

4    I am not going to say this every time, the except for Does 1

5    and 2 and Dershowitz.  I am only going to say names and

6    identifying information for nonparties.

7          Docket entry 232.  Declaration of Ms. Menninger.

8    Same.  Redact names and identifying information of nonparties.

9          232-7.  Excerpts from Ms. Giuffre's deposition.  This

10   deposition has been unsealed and, as redacted, is at docket

11   entry 1090-32.  Same.  Same.

12         Document 232-8.  This is a transcript of a nonparty

13   Doe.  We are not up to that Doe yet.  Keep it sealed.

14         232-9.  Ms. Giuffre's medical records shall remain

15   sealed.

16         232-10.  Same.  More of Ms. Giuffre's medical records.

17         23-11.  Excerpts from the deposition of Dr. Steven

18   Olson.  Unseal the deposition as both sides agree.

19         255.  Letter motion to seal documents.  It is not

20   sealed.  It will, of course, remain unsealed.

21         257.  Response in opposition to the motion for

22   sanctions.  Unseal and redact only medical information and

23   names and identifying information of nonparties.

24         258.  Declaration of Ms. McCawley.  Unseal and redact

25   only names and identifying information of nonparties.  I will

1   just note here that material relating to Detective Recarey may

2   be unsealed because, of course, he is not a Doe but a law

3   enforcement official.

4         258-1.  Deposition of a Doe.  We are not up to that

5   Doe yet.  Keep sealed.

6         Same for 258-2.  Not up to the Doe.

7         Same for 258-1.  The deposition will remain sealed.

8         I'm sorry.  That was 258-3.  Forgive me.  It was the

9   deposition of a Doe.

10        258-4, Detective Recarey's deposition.  Unseal except

11   for names and identifying information of nonparties.

12        258-5.  Correspondence to Ms. Menninger.  Unseal but

13   redact medical information.

14        258-6.  Medical release information.  Unseal but

15   redact medical information and addresses.

16        258-7.  The signed medical releases.  Unseal but

17   redact the tax returns and addresses.

18        258-8.  Keep sealed.  That's medical records.

19        258-9.  Excerpts of a deposition of a Doe.  Keep

20   sealed.  We are not up to that Doe yet.

21        258-10.  Excerpts from Dr. Steven Olson's deposition.

22   Unseal but redact the medical information.

23        261.  Response in opposition to the motion for

24   sanctions.  Unseal and redact medical information and names,

25   identifying information and deposition testimony of nonparties.

1    I will note that in this document, but for the redactions that

2    I just talked about, the arguments section may be unsealed.

3           269.  Reply and response to the motion for sanctions.

4    Unseal but redact the medical information, including the

5    treatment noted on page 2 in the text.

6           270.  Declaration of Ms. Menninger.  Both parties

7    agree to unseal.

8           270-1.  Medical records of Ms. Giuffre shall remain

9    sealed.

10          270-2.  Ms. Giuffre's deposition previously unsealed

11   at docket entry 10, 90-32, with the same redactions.

12          270-3.  A subpoena served on Dr. Olson.  Unsealed, but

13   redact the address.

14          270-4.  A chart regarding counsel's statements

15   concerning health care providers' identities and records.  Both

16   parties agree to unseal.

17          270-6.  Documents produced, both sides agree to

18   unseal.

19          272.  Letter motion for leave to file a surreply.

20   Unsealed.  Wasn't sealed to begin with.

21          272-1.  Ms. Giuffre's surreply on the sanctions

22   motion.  Unseal and redact only medical information and names

23   and identifying information of nonparties.

24          272-2.  Declaration of Ms. McCawley in reply.  Both

25   sides agree to unseal.

```
 1              272-3.  Medical records which shall remain sealed.
 2              272-4.  Excerpts from Dr. Olson's deposition.
 3  Unsealed but redact the medical information.
 4              272-5.  Defendant's supplemental memorandum of law.
 5  Already publicly filed.
 6              272-6.  January 14, 2016 hearing transcript.  Already
 7  publicly filed.
 8              272-7.  Defendant's response to plaintiff's
 9  interrogatories.
10              Forgive me, counsel.
11              Attaches the medical information therein.
12              272-8.  Medical records shall remain sealed.
13              272-9.  Correspondence which may be unsealed by the
14  agreement of the parties.  Correspondence between Bernadette
15  Martin and Meredith Schultz.
16              272-10.  Excerpts from Ms. Giuffre's deposition.
17  Already publicly filed at docket entry 1090-32.
18              Document 303.  Response to the letter motion.
19  Unsealed but redact the medical information.
20              304.  Declaration of Ms. Menninger in support of the
21  motion for sanctions.  Both parties agree to unseal.
22              304-1.  Excerpts from Dr. Olson's deposition.  Unseal
23  but redact the medical information.
24              304-2.  Same.  Dr. Olson.  Keep sealed because it has
25  medical records.
```

1           304-3.  Same.  Keep sealed.  Medical records.

2           304-4.  Letter from Ms. Menninger to Ms. Schultz.

3   Unsealed but redact the medical information.

4           313.  Supplemental authority.  That has already been

5   publicly filed.

6           313-1.  Plaintiff's supplemental responses to

7   interrogatories.  Unsealed but redact the medical information.

8           279.  Motions for an adverse instruction.  Unseal in

9   full.

10          280.  Declaration of Ms. Schultz on the adverse

11  inference instruction.  Unseal but redact names and identifying

12  information and testimony of nonparties.

13          280-1.  Correspondence with Ms. Menninger.  Unseal and

14  redact only the names and identifying information of

15  nonparties, including search terms that might disclose the

16  nonparties.

17          Counsel, I am going to do an aside here because I

18  forgot something else.

19          With respect to Ms. Maxwell's deposition, you are to

20  redact the index.  As we know, that might lead to premature

21  identification of Does and, in any event, I do not believe that

22  Judge Sweet relied on the index in making his rulings.

23          280-1.  Correspondence with Ms. Menninger.  Same

24  thing.  Unseal and redact only names and identifying

25  information of nonparties, including search terms.

1              280-2.  These are Palm Beach County State Attorney's

2  Office public records.  Unseal in the same manner as the Second

3  Circuit allowed the unsealing.

4              288.  Letter motion regarding discovery.  Not sealed.

5              288-1.  E-mail correspondence.  Not sealed.

6              288-2.  More e-mail correspondence.  Not sealed.

7              289.  Letter motion in response to the motion to seal.

8  Not sealed.

9              290.  Letter response in opposition to the motion.

10  Redact identifying information and e-mail addresses.

11              291.  Declaration of Ms. Schultz.  Not sealed.

12              291-1.  E-mail correspondence from Ms. Menninger.  The

13  parties agree unsealed.  I think it was not sealed.

14              291-2.  Letter correspondence from Ms. Schultz.

15  Unseal in full except for paragraph 1 under document request

16  No. 1.  Should remain sealed.

17              291-3.  Letter correspondence from Ms. Schultz.

18  Unseal and redact only names and identifying information of

19  nonparties.

20              300.  Letter to Judge Sweet.  Not sealed.

21              300-1:2.  E-mail correspondence.  Not sealed.

22              337.  Letter motion.  Not sealed.

23              338.  Memorandum of law in support of the adverse

24  inference motion.  Redact names and identifying information of

25  nonparties and excerpts from their testimony.  Redact e-mail

1    addresses but, as a side note, material relating to Detective

2    Recarey may be unsealed.

3          338-1.  Ms. McCawley's declaration.  Unseal and redact

4    names and identifying information with respect to nonparties.

5          338-2.  Unseal in full.  Correspondence from Ty Gee.

6          338-3.  Excerpts from Ms. Maxwell's deposition.  As

7    with the full transcript, same here.

8          338-4.  Excerpts from Ms. Maxwell's July deposition.

9    Same.  Same.

10         338-5.  Excerpts from a Doe's deposition.  We are not

11   up to that Doe yet.  Keep sealed.

12         338-6.  Excerpts from Detective Recarey's deposition.

13   Unseal and redact only names of identifying information of

14   nonparties.

15         338-7.  Excerpts from a Doe's deposition.  Not up to

16   that Doe yet.  Keep sealed.

17         338-8.  Excerpts from the deposition of Doe No. 1.

18   Unseal and redact only names and identifying information of

19   nonparties.

20         338-9.  Testimony of a Doe.  Keep sealed.  Not up to

21   that Doe yet.

22         338-10.  This is a subpoena.  Both sides agree it may

23   be unsealed.

24         353.  Motion to strike.  Unseal and redact only the

25   names and identifying information of the nonparties.

1        375.  Response in opposition to the motion to strike.

2    Not sealed.

3        Document No. 77.  I think it's docket entry 315.

4    Motion to compel.  Unseal and redact the names and identifying

5    information of nonparties and their testimony.  Page 12.  The

6    last bullet point shall remain redacted.  It relates to private

7    conduct.  Argument may be unsealed.  The public Vanity Fair

8    article may be unsealed.

9        316.  Ms. Schultz's declaration.  Unseal and redact

10   the names and identifying information of the nonparties.

11       316-1.  Excerpts from a Does deposition.  We are not

12   up to that Doe yet.  Remain sealed.

13       Document No. 80.  Forgive me.  I don't have the docket

14   entry, but it is composite Exhibit 2.  It's excerpts from a

15   Doe's deposition.  Not up to that Doe yet.  Keep sealed.

16       316-3.  Excerpts from Detective Recarey's deposition.

17   Unseal except for names and identifying information of

18   nonparties.

19       316-4.  Excerpts of a Doe deposition.  Not up to that

20   Doe.  Keep sealed.

21       Document No. 83, which is composite Exhibit 5.  These

22   are excerpts from Doe 1's deposition.  Apparently, the Second

23   Circuit already released them without redactions.

24       316-6.  June 20, 2016 order from Judge Sweet.  This

25   was filed at docket entry 264-1 and the same redactions shall

1    remain.

2           316-7.  Excerpts from Ms. Maxwell's deposition.  As

3    with the entire transcript.

4           Document No. 86, which is composite Exhibit 8.

5    Messages involving the defendant.  Portions of this document

6    were redacted and released by the Second Circuit.  So whatever

7    happened with respect to the Second Circuit's release, we will

8    abide by its ruling.

9           339.  Response in opposition to the motion to compel.

10   Unseal and redact the names, identifying information, and

11   testimony of the nonparties.  With respect to Ms. Maxwell's

12   depositions, as ordered for the whole transcript.  The

13   objections to questions 9, 10, and 11 will remain sealed

14   because it relates to Ms. Maxwell's intimate conduct.

15          The material on pages 17 to 19, the shaded material

16   there shall remain sealed.  Same reason.

17          Pages 20 to 23.  Testimony from or about the Does.

18   The shaded material shall remain sealed except for Detective

19   Recarey.

20          340.  Declaration of Mr. Pagliuca.  Unseal and redact

21   only the names and identifying information of the nonparties.

22   I will note Detective Recarey is in there and Ms. Maxwell's

23   depositions are in there, but those rulings are already out.

24          340-1.  Ms. Giuffre's deposition.  This was already

25   unsealed by us on docket entry 1090-32.

1            340-3.  Ms. Maxwell's deposition.  As before.

2            340-4.  Ms. Maxwell's deposition.  As before.

3            340-5.  Deposition of a Doe.  Not up to that Doe yet.

4    Keep sealed.

5            340-6.  Detective Recarey's deposition.  Unseal with

6    the redaction of names and identifying information of

7    nonparties.

8            Document 94, Exhibit G in that series, that is Doe 1's

9    deposition.  As before, unseal and redact only names and

10   identifying information of nonparties.

11           340-8.  Nonparty Does deposition.  Not up to that Doe

12   yet.  Keep sealed.

13           Document 96, Exhibit I in that series.  Deposition of

14   a Doe.  Not up to that Doe yet.  Keep sealed.

15           368.  Reply memorandum of law.  Unseal and redact only

16   the names and identifying information and summaries of

17   testimony of nonparties.  By way of note, the argument may be

18   unsealed, subject to the caveats.  Detective Recarey may be

19   unsealed, subject to the caveats.

20           369.  Declaration of Ms. McCawley.  Unseal and redact

21   only the names and identifying information of the nonparties.

22           369-1.  Ms. Maxwell's April 2016 deposition.  As

23   before.

24           369-2.  Sealed court order.  That has already been

25   filed at docket entry 264-1.

1          369-3.  Excerpts from Ms. Maxwell's June 2016

2     deposition.  As before.

3          369-4.  Excerpts from a Doe's deposition.  Not up to

4     that Doe yet.  Keep sealed.

5          Same with 269-5.  Another Doe we are not up to yet.

6     Keep sealed.

7          369-6.  This is depositions of a Doe.  The Second

8     Circuit has already released this transcript, so it remains

9     released subject to the redactions ordered by the Second

10    Circuit.

11         369-7.  Excerpts from Doe 1's deposition.  The Second

12    Circuit already released this transcript without redactions.

13         369-8.  Excerpts of the deposition of a Doe.  The

14    Second Circuit already released this transcript without

15    redactions.

16         369-9.  Flight logs.  This document was also released

17    by the Second Circuit without redactions.

18         THE DEPUTY CLERK:  Judge, I need to interrupt.  I was

19    just informed that apparently somebody is broadcasting this on

20    to YouTube, so I don't know if you want to give a reminder that

21    that is illegal to do.

22         THE COURT:  Whoever is doing it, you are operating

23    against the law.  I suspect there is a way to find out.  So I

24    will ask you, most respectfully, to stop doing it.  We have had

25    enough of lack of the rule of law around here.  Let's try to

observe it.

I think we are up to 369-10.  This is a January 22,
2015 Daily Mail article.  That may be unsealed in full but,
apparently, it's publicly available anyway.

369-11.  Excerpts from Detective Recarey's deposition.
Same.  Same.  Unseal and redact names and identifying
information of nonparties.

369-12.  Excerpts from a deposition of a Doe.  We are
not up to that Doe.  Remain sealed.

369-13.  Excerpts from the deposition of a Doe.  We
are not up to that Doe yet.  Keep sealed.

Same with 369-14.  Another Doe.

369-15.  Another Doe.

And 369-16, another Doe.  We are not up to any of
those yet.  Those transcripts shall remain sealed.

320.  This is defendant's submission regarding search
terms.  Unseal and redact only the names and identifying
information of nonparties.  People's e-mails, including Ms.
Maxwell's, should be redacted.

321.  Ms. Menninger's declaration.  Unseal and keep
redacted the e-mail addresses and any names, identifying
information, or e-mail addresses of nonparties.

321-1.  Correspondence from Ms. Schultz.  Unseal and
redact only the names and identifying information of nonparties
and Ms. Maxwell's e-mail address.

1          321-2.  Correspondence from Ms. Menninger to

2   Ms. Schultz.  Unseal and redact only the names and identifying

3   information of nonparties.

4          Same with 321-3, 321-4, 321-5.  That's all

5   correspondence between the lawyers and it should be unsealed

6   and the names and identifying information of nonparties

7   redacted.

8          321-6.  Search terms.  Unseal and redact only the

9   names, identifying information, including identifying

10  information in the search terms of nonparties.

11         322.  Motion to seal document.  Not sealed.

12         323.  Submission of proposed search terms.  Same

13  thing.  Unseal and redact the names, identifying information of

14  nonparties, including search terms that might disclose it.

15         329.  Letter to Judge Sweet.  Not sealed.

16         335.  Motion for a protective order.  Unseal.

17         336.  Declaration of Ms. McCawley.  Both sides agree

18  to unseal it.

19         336-1.  Correspondence between the lawyers.  The

20  parties agree to unseal.

21         336-2.  Correspondence between the lawyers.  The

22  parties agree to unseal.

23         336-3.  Correspondence from Ty Gee to Meredith

24  Schultz.  The parties agree to unseal.

25         380.  Response in opposition to the motion for the

1    protective order.  Unseal.

2           381.  Ms. Menninger's declaration.  The parties agree

3    to unseal.

4           We are now coming upon a group of Palm Beach County

5    Sheriff's Office records and later Fremont County police

6    reports.

7           And the answer to all of this is going to be unseal.

8           This applies to 381-1, 381-2, 381-3, 381-4, 381-5,

9    381-6, 381-7, all of which were Palm Beach County police

10   records and 381-8, which is a Fremont County police record.

11   Unseal all of that.  As I said at the outset, as produced.  So

12   to the extent that the producing agency redacted material, it

13   should remain redacted.

14          392.  Reply memo of the law.  Unseal but redact names

15   and identifying information of nonparties.

16          393.  Declaration of Ms. McCawley.  Unseal but redact

17   names and identifying information of nonparties.

18          393-1.  These were unsealed by the Second Circuit and

19   shall remain unsealed, subject to the redactions ordered by the

20   circuit on page 24 of the composite exhibit.

21          393-2.  These are flight logs.  They were released by

22   the Second Circuit without redactions.

23          393-3.  Excerpts from Ms. Maxwell's July 2016

24   deposition.  As with the entire transcript.

25          393-4.  Excerpts from Ms. Maxwell's April 22, 2016

1   deposition.  As with the entire transcript.

2           400.  Motion for leave to file a surreply.  In the

3   introduction, the sentence beginning "Ms. Maxwell never

4   admitted" shall remain sealed.  It relates to private, intimate

5   conduct.

6           Pages 1 to 2.  The material under No. 1 relating to

7   Ms. Maxwell's adult conduct shall remain sealed.

8           Item 3.  Detective Recarey's material.  Unsealed,

9   other than the names and identifying information of nonparties.

10          Item 4.  Shall remain sealed.  We are not up to this

11  Doe yet.

12          Item 5.  Shall remain sealed.  We are not up to this

13  Doe yet.

14          Item 6.  Unseal.  Relates to Doe No. 1.

15          Item 7.  Shall remain sealed.  We are not up to this

16  Doe yet.

17          The last sentence in paragraph 1 under argument may be

18  unsealed.  The next sentence, the material relating to adult

19  consensual behavior, should be redacted.  And by way of

20  notation, Detective Recarey's information may be unsealed

21  except for names and identifying information of nonparties.

22          401-1.  Excerpts from Ms. Maxwell's July 2016

23  deposition.  As with the whole transcript.

24          401-2.  Excerpts from Ms. Maxwell's April 2016

25  deposition.  As with the entire transcript.

 1            401-3.  Excerpts from Detective Recarey's deposition.

 2   These pages were released by the Second Circuit without

 3   redactions.

 4            401-4.  Excerpts from the depositions of the Doe.  We

 5   are not up to that Doe yet.  Remain sealed.

 6            401-5.  Excerpts from the deposition of Doe No. 1.

 7   Unseal and redact only names and identifying information of

 8   nonparties.

 9            401-6.  Excerpts of the deposition of a Doe.  We are

10   not up to that Doe yet.  So it shall remain sealed.

11            Counsel, may I ask you to proceed as you did last

12   time, confer, and prepare the documents for unsealing pursuant

13   to this order, and post the documents within a week on the

14   public docket.  As before, give them an appropriate name, such

15   as documents ordered unsealed on January 19.

16            Counsel, are there any questions?

17            MS. MENNINGER:  I have two housekeeping questions, I

18   think.  I recognize your Honor just said one week.  If it's

19   possible to ask for one week and one day.  We have all of our

20   motions due in Ms. Maxwell's criminal case next Monday.  And

21   the burden on my paralegal staff to get these redactions done

22   at the same time, one extra day would be very helpful.

23            THE COURT:  If that's all you need, one day, that's

24   fine.  If you need a couple more, confer with Ms. McCawley and

25   just let me know.  Certainly you have the one day.

1          MS. MENNINGER:  Your Honor, when will the Court be

2    providing us with that line itemed deposition?  The reason I

3    ask is, we would just ask for a couple days after we receive

4    that to analyze -- I think an appeal looks unlikely.  But once

5    we see the redactions, we would have to make that determination

6    and confer with Ms. Maxwell, who is in custody, as you know.  I

7    would just ask for a little bit of leeway to be able to do

8    those two things.

9          THE COURT:  Yes, ma'am.  I expect you will receive it

10   in the next day or two.  But if you don't and you need extra

11   time, let me know.

12         MS. MENNINGER:  Thank you, your Honor.

13         The last one, your Honor, is with regards, since we

14   are all together, to the issue of the third round of unsealing.

15   Because we already provided notice to Does 1 and 2, we are not

16   providing notice to them, I understand.

17         But there is a little bit of a gray area within the

18   protocol as to how to calculate days for objections because

19   they normally flow from the date on which a nonparty receives

20   notice.

21         And so if I could ask for a date certain, preferably,

22   given the other obligations, a week from this Friday, that

23   would allow us enough time to get those objections done as

24   well.

25         THE COURT:  Ms. McCawley, is that OK with you?

1              MS. McCAWLEY:  Yes, that's fine with me, your Honor.

2              I also have one housekeeping matter once Ms. Menninger

3    is done.

4              THE COURT:  A week from Friday is fine with me.

5              MS. MENNINGER:  Thank you.  Those were all that I had.

6              THE COURT:  Ms. McCawley.

7              MS. McCAWLEY:  Thank you, your Honor.

8              My question relates to those Does in the bucket that

9    did not object.  Each time we go through these, obviously,

10   there is a burden to redact those names, which is lessened if

11   we don't have to worry about the individuals who have not

12   objected.  Is there a mechanism by which we can address that so

13   we won't have to labor through those in each section?

14             THE COURT:  Ms. Menninger, what do you have to say?

15             MS. MENNINGER:  Your Honor, I think the parties have

16   taken two pretty different views of this.

17             One, Ms. McCawley asked in her briefing on this round

18   that if someone didn't file an objection, then we should

19   release their names.  As I pointed out in another letter to

20   your Honor on this topic, it's apparent that many of the Does

21   didn't actually receive the notice from the Court.  And so I

22   still believe that the Court has to evaluate, as the Second

23   Circuit did, Does even if we didn't receive an objection from

24   them.

25             So, unfortunately, I think it still means we go

1    through in the order that we have been doing, move on to the

2    next Does, for example.  And if a party, like Professor

3    Dershowitz, has made clear that they do not object, then

4    certainly we understand those should be unsealed.  But for many

5    of these nonparties we know for a fact that they did not

6    actually receive the notice, despite everyone's best efforts to

7    get them notice.

8            So I would say that, unfortunately, we still need to

9    continue to redact them until we take up those particular Does

10   in the future and your Honor has an opportunity to do the

11   particularized review that the protocol promised would happen

12   with respect to nonparties, whether or not they objected.

13           THE COURT:  Ms. McCawley.

14           MS. McCAWLEY:  Yes, your Honor.  I think it's

15   analogous to this situation where we have got a party who is

16   saying they are not objecting.  They have the notice.  They

17   received it.  They did not object.  And the burden on the Court

18   and the parties to go through this process --

19           THE COURT:  You broke up a little bit.  Would you go

20   back.  Somebody has another device on.

21           Ms. McCawley, would you go back to the burden on the

22   Court and the parties, please.

23           MS. McCAWLEY:  Yes, your Honor.  The burden on the

24   Court and the parties is extensive with respect to this

25   grouping of individuals who have not objected.  So it seems to

1   me to make the most sense for us to look at that group and not

2   have to go through the burden of redacting as to those

3   individuals with each round.  We can address them in one

4   setting in some manner.  Then we wouldn't have to be in each

5   round redacting and paying attention to people who have no

6   objection on the file.

7          THE COURT:  Ms. Menninger, anything else?

8          MS. MENNINGER:  I just think there is a big difference

9   between people who have not objected affirmatively, like

10  Professor Dershowitz, and those from whom we have heard nothing

11  or received back no confirmation that they received the notice

12  from the Court.  I think we need to treat those groups

13  differently.

14         With respect to people who affirmatively want their

15  name out there, fine, I have no problem.  For those who have

16  not just simply not responded, we know for the half that we

17  served, in approximately half of the cases we never received,

18  despite a return receipt requested, any confirmation that they

19  actually received the notice.

20         MR. KRIEGER:  Your Honor, if I may have a brief minute

21  to respond.

22         THE COURT:  Yes, sir.

23         MR. KRIEGER:  Your Honor, I just want to echo Ms.

24  Menninger's points that the mere fact that a Doe doesn't

25  object, even if they have received notice, doesn't mean that

1    the Court is not obliged to do the balancing test that the

2    Court has so carefully done today and previously.  The fact

3    that someone -- there is going to be many reasons why a party

4    doesn't want to weigh in, and it doesn't absolve the Court and

5    the parties from the obligation of taking those steps, even if

6    it is a burden.  That's part of the process here, Judge.

7              THE COURT:  Anything else, counsel?

8              MS. WALSH:  Christine Walsh from Holland & Knight, on

9    behalf of the Miami Herald.

10             We do agree with Ms. McCawley that the process seems

11   to be duplicative with regards to the Does who are not

12   responding that the Court will need to go back and revisit

13   documents that are being released piecemeal.  And if there is

14   not objections, those should be considered at one time.

15             THE COURT:  Anything else, counsel?

16             MS. McCAWLEY:  Yes, your Honor.  One more option for

17   you to consider, with Ms. Menninger raising the concern about

18   people who we didn't get a return receipt from.  We can also

19   segregate out those for whom we did get a return receipt from,

20   meaning they received it, we got the return receipt, and they

21   did not object, so we would have that body.  If that's a

22   concern for the Court, we could narrow it at least somewhat.

23             THE COURT:  Anything else, counsel?

24             Thank you.  Some of you have taken the words right out

25   of my mouth.

1              First, there is a difference between people like

2     Professor Dershowitz, who say affirmatively, I don't care, let

3     it all out, and people from whom we just have not heard,

4     whether they received the documents or not.

5              Secondly, I understand that my direction from the

6     Court of Appeals is to make a particularized finding.  I don't

7     think I can weigh the countervailing interests of any

8     particular Doe without considering that particular Doe by

9     himself or herself.

10             Accordingly, I don't think we can lump them together.

11    Should we receive indications from other Does that they

12    affirmatively have no objection to release of their material,

13    that makes it easy.  But, otherwise, we have to go through

14    them, and I have to make a particularized finding.  It will be

15    a long, tedious process, but even this time I think it went a

16    little more quickly.

17             Anything else, counsel?

18             Thank you, counsel, and thank you again for your

19    assistance in organizing the documents.  Good morning.

20             (Adjourned)

21

22

23

24

25