UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------X
                                              :
VIRGINIA L. GIUFFRE,                          :
                                              :
        Plaintiff,                            :
                                              :
v.                                            :
                                              :         15-cv-07433-RWS
GHISLAINE MAXWELL,                            :
                                              :
        Defendant.                            :
                                              :
----------------------------------------------------X
```

**DEFENDANT'S MOTION FOR RULE 37(b) &(c) SANCTIONS FOR FAILURE TO
COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH RULE 26(a)**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

# TABLE OF CONTENTS

CERTIFICATE OF CONFERRAL ........................................................................... 1

INTRODUCTION ................................................................................................ 1

BACKGROUND FACTS ...................................................................................... 2

I.   SANCTIONS AVAILABLE FOR FAILURE TO COMPLY WITH DISCOVERY ORDER
     OR PROVIDE RULE 26(A) DISCLOSURES ...................................................... 6

   A.  Rule 37(b) Factors for Failure to Comply With Court Order .............................. 8

      1.  Plaintiff's actions were willful .......................................................... 8

      2.  Lesser sanctions will be insufficient and Ms. Maxwell has been prejudiced ............... 10

      3.  Plaintiff has been non-compliant since the outset of discovery ...................... 11

      4.  Plaintiff and her counsel are fully aware of sanctions for non-compliance with Court
          orders ........................................................................................... 14

   B.  Additional Rule 37(c) Factors for Failure to Comply With Initial Disclosure Requirements
       ........................................................................................................ 15

      1.  The information withheld is critically important ......................................... 15

      2.  Ms. Maxwell would require an extension of the discovery period ......................... 17

II.  STRIKING CLAIMS FOR MEDICAL AND EMOTIONAL DISTRESS DAMAGES IS
     CONSISTENT WITH THE PURPOSE OF RULE 37, COMMENSURATE WITH THE
     INFORMATION WITHHELD, AND LESS HARSH THAN THE AVAILABLE
     DISMISSAL SANCTION ........................................................................... 18

CONCLUSION ................................................................................................. 19

CERTIFICATE OF SERVICE ............................................................................ 21

i

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Motion for Rule 37(b) &(c) Sanctions for Failure to Comply with Court Order and Failure to Comply with Rule 26(a), stating as follows:

## CERTIFICATE OF CONFERRAL

The undersigned has conferred with Plaintiff's counsel on multiple occasions in an attempt to obtain records and interrogatory responses Ordered by the Court, including by letter dated April 25, 2016, outlining the expected productions and information.  Menninger Decl., Ex. L.  As set forth below, Plaintiff has not produced the documents and did not provide complete or accurate information.

## INTRODUCTION

Plaintiff is playing a game of catch and release.  She is withholding information the Court ordered be produced and only releasing that information when she is caught in her deception.

At the April 21, 2016 hearing on Ms. Maxwell's Motion to Compel, the Court clearly Ordered Plaintiff to disclose all of her treating health care providers since 1999 and produce their records.  Plaintiff did not do so, and still has not provided this information to date.  It is only through deposition testimony that Ms. Maxwell became aware of at least five – if not more – treating health care providers who were never previously identified.  Yet, Plaintiff has never supplemented her discovery responses to include these health care providers.  Plaintiff has also failed to provide records, or has provided incomplete records, of several of the health care professionals, both disclosed and newly discovered, despite her counsel's assurances to this Court that all records have been produced.  Further, Plaintiff has still failed to provide an actual computation of her damages, or any documentation supporting those claims.

These discovery abuses cannot be condoned.  All of this information is directly relevant to, and necessary to defend against, Plaintiff's damages claims for "psychological and psychiatric injuries and resulting medical expenses" and "past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem."  Plaintiff's claims for these categories of damages must be stricken or evidence as to these damages precluded from trial under Fed. R. Civ. P. 37(b)(2)(A)(ii)&(iii) and Fed. R. Civ. P. 37(c)(1)(C).

## BACKGROUND FACTS

On February 12, 2016, Ms. Maxwell served Interrogatories on Plaintiff for the identities and locations of any Health Care Provider from whom she has "received any treatment for any physical, mental or emotional condition, including addiction to alcohol, prescription or illegal drugs, that You suffered from *subsequent to* the Alleged Defamation by Ghislaine Maxwell" (Interrogatory No. 12) and "*prior to* the Alleged Defamation."  Interrogatory No. 13 (emphasis added).  As to both, Ms. Maxwell provided releases for Plaintiff's signature.

On March 16, 2016, Plaintiff refused to provide the names of any of Plaintiff's treating physicians, nor the requested releases, claiming "privilege."  Menninger Decl., Ex. A.

On March 22, 2016, Plaintiff served Supplemental Responses & Objections and then Amended Supplemental Responses & Objections.  Menninger Decl., Ex. B. Neither contained responses as to Plaintiff's health care providers.  On March 22, 2016, Plaintiff also provided an Addendum to Plaintiff's Rule 26 Initial Disclosures in which she listed as potential witnesses, Dr. Steven Olson and Dr. Carol Hayek. Menninger Decl., Ex. C.

In her Initial Disclosures, Plaintiff included medical records as documents that she intends to use to establish her damages claims.  Menninger Decl., Ex. D.  On March 22, 2016,

Ms. Maxwell was forced to file a Motion to Compel Plaintiff to Disclose Pursuant to Fed. R.

Civ. P. 26(a)(1).  Docket Entry ("DE") 64.[1]

On March 31, 2016, Ms. Maxwell was forced to file a Motion to Compel Plaintiff, *inter alia*, to properly respond to Interrogatory Nos. 12 and 13.  Docket Entry ("DE") 75.

On April 21, 2016, Plaintiff's counsel represented to the Court during oral argument that "We have disclosed the names.  She has those names.  We have also disclosed the records, the more recent records.  We have not contested that…. But we have disclosed the names of the providers."  (Tr. at 21-22)  Plaintiff's counsel stated the only missing doctors were "in the past…. years and years ago."  (Tr. at 22-23) attached to Menninger Decl., Ex. E.

At the April 21, 2016 hearing, the Court ordered Plaintiff to produce the records from Ms. Giuffre's medical doctors (apart from pre-1999) and to respond fully to the interrogatories concerning all of her treating physicians after 1999.  *Id.* (Tr. 20-21).

On April 29, 2016, Plaintiff served Second Amended Supplemental Responses & Objections.  Menninger Decl., Ex. F.  As to Interrogatory No. 12 (seeking the names of treatment providers subsequent to the Alleged Defamation).  Plaintiff listed:

- Dr. Steven Olson
- Dr. Chris Donahue
- Dr. John Harris and Dr. Majaliyana
- Dr. Wah Wah
- Dr. Sellathuri
- Royal Oaks Medical Center
- Dr. Carol Hayek
- NY Presbyterian Hospital
- Campbelltown Hospital
- Sydney West Hospital
- Westmead Hospital
- Dr. Karen Kutikoff
- Wellington Imaging Associates
- Growing Together.

---

[1] That motion remains open.

For some providers, Plaintiff provided records, and the nature of treatment was identified by reference to the records.  For other providers, no records were produced.  Where no documents were produced, Plaintiff failed to identify the dates and nature of the treatment received, as requested in the Interrogatory.  *Id.*  Plaintiff failed therein to identify any treatment providers *prior to* the alleged defamation, despite the Court's order concerning 1999-2015.

At Plaintiff's deposition on May 3, 2016, she described receiving treatment from Dr. Donahue and a Dr. Judith Lightfoot from October 2015 to the present.  Menninger Decl., Ex. G at 308-14 & 328-331.  Plaintiff also described obtaining prescriptions from Dr. Donahue ███ ████████████████████████████████████████████ from Dr. Olson.  She claimed she was not treated by any other physicians that had not been previously listed.  *Id.*

During the deposition of Plaintiff's mother, Lynn Miller, on May 24, 2016, Ms. Maxwell learned that ██████████████████████████████████████████████████ ████████████████████.  Menninger Decl., Ex. H at 144.

On June 1, 2016, Plaintiff produced additional documentation from Centura Health for treatment received by Plaintiff in March 2015 (████████████████████) and May 2015.  These documents identify three *additional* health care professionals who treated Plaintiff, including Dr. Scott Robert Geiger, Dr. Joseph Heaney, and Donna Oliver P.A.  Menninger Decl., Ex. I at 144.

On May 25, 2016, Plaintiff sent Ms. Maxwell additional records obtained from Plaintiff's treatment at Centura in June 2015.  Those documents identify another medical provider, Dr. Michele Streeter. Menninger Decl., Ex. J at 144.

Further, during the deposition of Dr. Olson on May 26, 2016, Ms. Maxwell learned that he had additional records in his laptop that had not been produced prior to his deposition.[2] Menninger Decl., Ex. K, p. 36.

As of today's date, more than four months after Ms. Maxwell first sought the identities of Plaintiff's health care providers and the records concerning the same, more than a month and a half since the Court ordered Plaintiff to produce such identities and records, and 10 days before the end of fact discovery in this case, Ms. Maxwell has learned of at least five additional doctors who have treated Plaintiff since the time of the alleged defamatory statement:  Dr. Lightfoot, Dr. Geiger, Dr. Heaney, Donna Oliver P.A and Dr. Streeter.  In each case, documents relating to these doctors were not provided *until after* their identities became known through deposition or other independent investigation by Ms. Maxwell.

Plaintiff still has failed to produce any records from:  (a) Dr. Donahue, (b) Dr. Hayek, (c) Dr. Kutikoff, (d) Wellington Imaging Assocs., (e) Growing Together, (f) post 2011 records from Dr. Lightfoot, and (g) the remaining documents for treatment by Dr. Olson.

With respect to Dr. Donahue, Dr. Hayek, Dr. Kutikoff, Wellington Imaging Assocs., Growing Together and Dr. Olson, Plaintiff has failed to provide complete responses to the Interrogatories including the dates and nature or treatment.  Menninger Decl., Ex. F.

Plaintiff has alleged the following categories of damages:

> (A) "Physical, psychological and psychiatric injuries and resulting medical expenses—in the approximate amount of $102,200 present value";
> (B)  "Past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity, and invasion of privacy in her public and private life not less than $30,000,000.00"; and
> (C) Estimated lost income of $180,000 annually.  Present value $3,461,000 to $5,407,000"

---

[2] At the deposition, copies were produced that were difficult to read.  Despite requests, legible copies have not been provided.

Pl's Supp. Discl., at 15-18, Menninger Decl., Ex. D.

## I.  SANCTIONS AVAILABLE FOR FAILURE TO COMPLY WITH DISCOVERY ORDER OR PROVIDE RULE 26(A) DISCLOSURES

Federal Rule of Civil Procedure 37(b)(2) sets forth the sanctions for a party's failure to

comply with a Court's discovery order, providing in relevant part:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f),35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

These same sanctions are available for Plaintiff's failure to provide required disclosures

under Fed. R. Civ. Procedure 26(a).[3]  Specifically, Rule 37(c) provides:

---

[3] Rule 26(a)(iii) requires the Plaintiff to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, *including materials bearing on the nature and extent of injuries suffered*.

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be hear

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

"Under Rule 37(b)(2), courts enjoy broad discretion to sanction parties that fail to obey discovery orders. This discretion includes, but is not limited to, the power to issue an order 'dismissing the action or proceeding in whole or in part.'" *Naguib v. Pub. Health Sols.*, No. 12-CV-2561 ENV LB, 2014 WL 3695965, at *3 (E.D.N.Y. July 24, 2014), *appeal dismissed* (Nov. 5, 2014). In "exercise [ ] its broad discretion to order sanctions under Rule 37," a court may consider a number of factors in issuing sanctions for failure to comply with a Court Order, "including: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of his non-compliance." *Nieves v. City of New York,* 208 F.R.D. 531, 535 (S.D.N.Y.2002); *see also S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (same). This list is not exclusive, and many courts also consider the prejudice to the opposing party in determination of the sanction that should be awarded. *See id.* (factors not exclusive)*; Labib v. 1141 Realty LLC*, No. 10 CIV. 8357 MHD, 2013 WL 1311002, at *7 (S.D.N.Y. Mar. 29, 2013)(examining the prejudicial impact of the non-compliance).

The factors considered in evaluation precluded as a sanction for non-disclosure under rule 26(a) are: "(1) the party's explanation for the failure to comply with the discovery [requirement]; (2) the importance of ... the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 29-30 (W.D.N.Y. 2014) (*quoting Ritchie Risk–Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 157 (S.D.N.Y. 2012)).

The examination of these factors demonstrates that preclusion of Plaintiff's claims regarding physical and emotional distress damages is the appropriate sanction for Plaintiff's failure to comply with the Court's April 21, 2015 discovery order and failure to provide medical information that bear directly on her damages claims under Rule 26(a)(iii).

## A.    Rule 37(b) Factors for Failure to Comply With Court Order

### 1.    Plaintiff's actions were willful

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (*citing Davis v. Artuz,* 96 Civ. 7699(GBD), 2001 WL 50887 at *3 (S.D.N.Y. Jan. 19, 2001)).

The Court's Order at the April 21, 2016 hearing was entirely clear – Plaintiff was required to fully respond to the Interrogatory identifying all of her medical providers from 1999 to present, including the dates of treatment, reasons for treatment, and costs of treatment, as well as providing records relating to her treatment. Menninger Decl., Ex. E. For avoidance of doubt, undersigned counsel sent a confirming letter to Plaintiff's counsel setting forth the precise information required, and requesting that it be produced in advance of Plaintiff's deposition to so that Plaintiff could be fully examined on these issues. Menninger Decl., Ex. L.

At the hearing, Plaintiff's counsel represented to undersigned counsel and this Court that the identities and all medical records for Plaintiff's treatment providers after the alleged defamation had been provided.  Menninger Decl., Ex. E at 21-23.  This was simply false.  At this point, there are at least five treatment providers that had not been disclosed.  None of their records were disclosed until after their identities were uncovered through depositions.

Plaintiff was and is capable of *at a minimum* identifying the physicians and psychologists who have treated her – the matter is fully in her control.  Yet, she completely failed to identify at least five health care providers.  These were providers who she is currently seeing or has seen in the recent past, who have prescribed her medication, and are treating her for emotional and mental issues – the very things for which she is seeking damages.  There can be no argument that the failure to identify and produce records from these doctors was anything but an intentional and willful violation.

Additionally, at her deposition, Plaintiff intentionally concealed other treating physicians who treated her ███████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████.  *See* Menninger Decl., Ex. I.  As fully briefed, the existence of other or intervening physical and emotional distress damages was the primary purpose for requesting medical information and treatment providers.  *See* Motion to Compel at 18-19 (DE 75).  ████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████

Plaintiff's intentional refusal to obey this Court's Order, including failure to disclose her treating psychologist she is still seeing to this day for the very injuries she claims in this lawsuit, is ground for precluding her damage claims for physical and emotional distress.

> ### 2.     Lesser sanctions will be insufficient and Ms. Maxwell has been prejudiced

Plaintiff's pattern of discovery abuses and failure to disclose necessary and required information makes clear that no lesser sanction will deter Plaintiff's continuing discovery abuses. "[T]he purposes of Rule 37 sanctions, [is] "to 'ensure that a party will not benefit from its own failure to comply,' to 'obtain compliance with a particular order issued,' and to 'serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.'" *Szafrankowska v. AHRC Home Care Servs., Inc.,* 2008 WL 186206, *1 (S.D.N.Y. Jan. 22, 2008) (*quoting Update Art, Inc. v. Modiin Pub., Ltd.,* 843 F.2d 67, 71 (2d Cir.1988)); *see also S. New England,* 624 F.3d at 149.

Ms. Maxwell has been severely prejudiced by Plaintiff's failure to provide the required identifying information and documents from her health care providers.  One health care provider identified by Plaintiff in her deposition is a psychiatrist, Judith Lightfoot, who is located in Australia.  Plaintiff's specifically claims ██████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████  Obviously, Dr. Lightfoot has relevant information concerning Plaintiff's emotional state both before and after the alleged defamatory statement. Indeed, her testimony could conclusively prove that Plaintiff's mental state has been unaffected by the alleged defamation.  Despite this, Plaintiff purposefully omitted Dr. Lightfoot from her

sworn interrogatory responses and has not produced any records from Dr. Lightfoot's recent treatment of Plaintiff.[4]  With less than ten days left in discovery, arranging for and taking the deposition of Dr. Lightfoot – a person living in a foreign county, is nearly impossible.

Likewise, Plaintiff has seen another doctor, Dr. Donahue, ███████████████████ ███████████████████████. She has met with him ████████████████████████ on two occasions, both after the alleged defamatory statement.  Yet, Plaintiff failed to identify this as the nature of Dr. Donahue's treatment in her Interrogatory Reponses.  Nor did she identify the time frame in which she was treated by Dr. Donahue.  She has never provided his records.  Obviously, Dr. Donahue also has relevant information, which was entirely unclear from the Interrogatory response provided. █████████████████████████████████

████████████████████████████████████████

█████████████████████████████████ This information is all relevant, discoverable, and was purposefully hidden by Plaintiff.

Any action short of precluding claims for physical, psychological and emotional distress damages will fall short of serving Rule 37's purpose to "ensure that a party will not benefit from its own failure to comply" with court orders.  *S. New England,* 624 F.3d at 149.  To permit Plaintiff to get away with her purposeful non-compliance would reward her by allowing her to conceal relevant discoverable information that might fully disprove causation between Ms. Maxwell's statement and Plaintiff's alleged physical symptoms and emotional distress.

### 3.   Plaintiff has been non-compliant since the outset of discovery

From the initiation of discovery, Plaintiff has played hide the ball.  Starting with the service of Rule 26(a) disclosures, Plaintiff has simply refused to turn over required and necessary

---

[4] After Plaintiff revealed Dr. Lightfoot's identity in her deposition, Plaintiff belatedly produced a single document from Dr. Lightfoot concerning Plaintiff's ████████████████████████.  No records from her more recent treatment have been produced.

information.  In her initial Rule 26(a) disclosures in November 2015, Plaintiff failed to provide

any information on the calculation of or supporting evidence for her damages claim.  When she

supplemented her Rule 26(a) disclosures, she provided none of the necessary information or an

actual computation of damages, relying on other people's alleged earning potential and average

damage awards in other cases with completely different claim types.  *See* Motion to Compel

Rule 26(a) Disclosure at 5-6 (DE 64).[5]  To date, over six months after her Rule 26(a) disclosures

were required and with less than 10 days left in discovery, Plaintiff has failed and refused to

provide any supporting documentation for her damages claims or an actual computation of her

damages based on her alleged injury as required by Fed. R. Civ. P. 26(a)(iii).  At a minimum,

reliance on any calculation, information or evidence that has not been provided as of this filing

of this motion must be precluded.

Plaintiff's Rule 26 failures do not end with the damages calculations.  It has now become

clear that Plaintiff failed to disclose witnesses with relevant information based on the subpoenas

she has served in this matter.  Plaintiff repeatedly has issued subpoenas to witnesses for

depositions and document production <u>before</u> including them on her Rule 26 disclosures.  To wit,

- Allyson Chambers – subpoena February 12; disclosed March 11

- Aviation Insurance – subpoena April 27; never disclosed

- ███████ – subpoena notice May 16; disclosed June 1

- Joe Recarey – subpoena notice May 17; disclosed June 1

- █████████ – subpoena notice May 17; disclosed June 1

- Shopper's Paradise – subpoena notice April 26; never disclosed

How many other witnesses are there with relevant information that Plaintiff has hidden?

---

[5] No ruling had been made on this Motion.

Plaintiff has been equally evasive in responding to written discovery.  Until Ms. Maxwell was forced to file a Motion to Compel, Plaintiff failed to give even the most basic relevant and fully discoverable information, including the identities of Plaintiff's physicians, information on her work and education history, and even the identity of her counsel and the matters on which they represent her.  *See* DE 75. After being ordered to provide this information, Plaintiff continued her strategy of providing made up or false information, or simply refusing to provide the ordered information.

First, despite being ordered to produce all documents relating to alleged law enforcement inquiries *other than* Plaintiff's own statements (which would be provided for *in camera* review), she simply provided *all* documents relating to alleged law enforcement inquires for *in camera* review, attempting to re-litigate the issue instead of complying with the Court's order.  *See* DE 139.  Second, she and her attorneys have fabricated and backdated a string of engagement letters attempting to substantiate their privilege claims, as fully detailed in Ms. Maxwell's Reply in Support of Motion to Compel Non-Privileged Documents.  *See* DE 191, p. -9.  As shown above, Plaintiff only selectively and belatedly turned over medical records and the identity of her medical providers, and only after Ms. Maxwell uncovered their existence.  Similarly, Plaintiff was specifically asked for photographs of Plaintiff with certain individuals (including Prince Andrew), and production of those photographs in native format.  Plaintiff claimed she produced documents she had, but did not possess any native format pictures.  Menninger Decl., Ex. E at 26-27.  In Plaintiff's deposition, she revealed that she had a box of documents that included pictures, including perhaps a photograph of herself and Prince Andrew, but that she did not look through the box or provide any of its contents.  Menninger Decl., Ex. G at 208-13.  Shortly thereafter, Plaintiff's counsel produced 60 pages of pictures previously withheld.  Menninger

13

Decl., Ex. M.  Plaintiff still not provided the native versions of these photographs.  This pattern was repeated again in just the past few days when Plaintiff turned over additional relevant documents from Plaintiff's iCloud account, but only did so after Ms. Maxwell's counsel ferreted out that account through detailed review of documents produced showing that the account was used by Plaintiff including in her correspondence with her counsel.  Plaintiff failed to disclose the account, the identity of which was requested discovery.  *Compare* Menninger Decl., Ex. F at 8-9 *with* Menninger Decl., Ex. G at 277; Menninger Decl*.,* Ex. N (letter re: iCloud account).

While Ms. Maxwell has been able to unearth some of the information Plaintiff has purposefully withheld, there is simply no telling what else she is still hiding.  "The sanctions imposed by Rule 37 for obstructing or failing to comply with discovery procedures would be hollow indeed if they could be imposed only on those whose efforts at concealment proved to be successful. Plaintiff may not properly escape the consequences of [plaintiff's] own wrongful conduct because the defendants were diligent and persistent enough to overcome the obstacles which [plaintiff] placed in their path." *Nittolo v. Brand*, 96 F.R.D. 672 (S.D.N.Y. 1983).  Put simply, Plaintiff's discovery abuses have been rampant since the beginning of this case.  In the case of withholding required documents and information regarding health care providers that are central to the defense claimed damages, these abuses necessitate preclusion of the claims.

> **4.    Plaintiff and her counsel are fully aware of sanctions for non-compliance with Court orders**

"Although formal warnings often precede the imposition of serious sanctions, this court has never considered warning an absolute condition precedent." *Davidson v. Dean*, 204 F.R.D. 251, 257 (S.D.N.Y. 2001).  Plaintiff is represented by no less than four law firms and has seven attorneys of record in this case.  Each should be fully aware, without need for warning, that the failure to comply with this Court's orders can result in Rule 37 sanctions.  "[I]t is an elementary

fact and expectation of legal practice that an attorney who fails to abide by a court rule or order may be subject to sanctions or other adverse consequences." *In re Payne*, 707 F.3d 195, 206 (2d Cir. 2013); s*ee also Gurvey v. Cowan, Liebowitz & Lathman, P.C.*, No. 06 CIV. 1202 LGS HBP, 2014 WL 715612, at *6 (S.D.N.Y. Feb. 25, 2014) ("Although [the offending party] was not expressly warned of the consequences of disobeying my Orders, she is an attorney and is chargeable with knowing the consequences of violating a court order." (footnote omitted)).

**B.     Additional Rule 37(c) Factors for Failure to Comply With Initial Disclosure Requirements**

The factors considered under Rule 37(b) and (c) largely overlap, and the issues of willfulness and prejudice are addressed above.  The two additional factors considered in imposing the sanctions for failure to provide required Rule 26(a) damages calculations and documents -- the importance of the information withheld and possibility of continuance – also warrant imposition of striking the claims for physical and emotional distress damages.

**1.     The information withheld is critically important**

As fully explained in the Motion to Compel Rule 26(a) disclosures, to date Plaintiff still has not provided an actual computation of the physical and emotional distress damages she claims.  Despite specific discovery requests, Plaintiff failed to provide the information about her most current physical and mental health treatment providers – those people whom she saw after the alleged defamation.  This information is critical to the defense against Plaintiff's damages claims.  The undisclosed records demonstrate that Plaintiff did not seek any treatment immediately following the alleged defamatory statement on January 2, 2015.  The first treatment she sought thereafter ████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████.  Yet, Plaintiff did not report this treatment or

identify these health care providers in her Initial Disclosures or Interrogatory Reponses.  She also

purposefully left this information out of her testimony relating to doctors she has seen after

January 2, 2015.  ██████████████████████████

██████████████████████████████████.  Plaintiff is

obviously trying to hide this very serious other intervening cause of her damages – and she

almost got away with it.

         ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████

██████████████  Dr. Lightfoot is perhaps the most relevant health care provider, yet

her name appears nowhere in the Disclosures or in the Interrogatory Reponses.  Plaintiff still has

not produced a single record from Dr. Lightfoot for any treatment after the alleged defamatory

statement.

         A third doctor, Dr. Donahue, may have been named, but the nature and dates of the

treatment he provided were never disclosed.  ██████████████████████████

████████████████████████████████████████

██████  No records have been produced.  ██████████████████████

████████████████████████████████████████

██████████████  Menninger Decl., Ex. G, p. 336.  There is a clear need to depose Dr.

Donahue regarding this failure to mitigate damages.  Yet, his records have not been produced,

and his role in Plaintiff's treatment was not disclosed until Plaintiff's deposition.

One can only assume Dr. Carol Hayek has relevant information – she was actually included in Plaintiff's Second Supplemental Responses & Objections.  Plaintiff nevertheless fails to identify the nature of Dr. Hayek's treatment of her and no records have been produced.  Plaintiff cannot be permitted to identify people with relevant information that she plans on relying on and yet refuse to inform the defense the content of the information.

The information that was withheld and only produced after Ms. Maxwell's counsel discovered its existence is of paramount importance to the damages claims.  It is likely that the still undisclosed evidence is equally compelling.

### 2.      Ms. Maxwell would require an extension of the discovery period

Ms. Maxwell does not wish to extend the discovery deadlines in this matter and has diligently worked to meet all deadlines so that this case can proceed on the schedule set out in the Scheduling Order.  Ms. Maxwell obtained the deposition testimony of the one treatment provider Plaintiff did initially identify[6] – Dr. Olsen – who has provided valuable information that disproves any physical or emotional distress damages caused by the alleged defamation.  Now, on the eve of discovery closing, Ms. Maxwell has learned of at least five other medical treatment providers in the most relevant timeframe – people providing medical and mental health services post the alleged defamatory statement in January 2015.  Plaintiff's discovery failures in hiding relevant treating physician information have prevented Ms. Maxwell from obtaining what now appears to be critical information.  Two of these providers – Drs. Lightfoot and Donahue -- are located in Australia, requiring significant travel to obtain their deposition, and potentially requiring service of process through other means.  Four other treatment providers – Dr. Geiger,

---

[6] Plaintiff also originally disclosed a Dr. Carol Hayek as a treatment provider.  However, no information has been provided on what Dr. Hayek treated Plaintiff for or when she was treated, and no medical records have been produced.

Dr. Heaney, Donna Oliver P.A and Dr. Streeter – reside in Colorado.  Because they are outside

of the jurisdiction, they are not subject to be compelled to appear at trial, requiring that their

depositions be taken to present their testimony.

Ms. Maxwell does not wish to drag this case out, and should not be forced to incur the

time and expense that would be required to obtain discovery from these hidden health care

providers, especially at this late stage.

## II.     STRIKING CLAIMS FOR MEDICAL AND EMOTIONAL DISTRESS DAMAGES IS CONSISTENT WITH THE PURPOSE OF RULE 37, COMMENSURATE WITH THE INFORMATION WITHHELD, AND LESS HARSH THAN THE AVAILABLE DISMISSAL SANCTION.

Under Rule 37, Ms. Maxwell could certainly request the more severe sanction of

dismissal of the case.[7]  This most severe sanction would be appropriate in this circumstance.

Dismissal is consistent with the sanctions imposed by many courts in this district and throughout

New York in similar situations where medical records have been withheld despite a court order

to produce, and those medical records are central to the issue in the case.  *See Nittolo v. Brand*,

96 F.R.D. 672 (S.D.N.Y. 1983) (dismissing plaintiff's claims under Rule 37 for providing false

and evasive answers concerning material facts including medical history); *Skywark v. Isaacson*,

No. 96 CIV. 2815 JFK, 1999 WL 1489038, at *1 (S.D.N.Y. Oct. 14, 1999), *aff'd,* No. 96 CIV.

2815 (JFK), 2000 WL 145465 (S.D.N.Y. Feb. 9, 2000) (dismissal of Plaintiff's claims for failure

to turn over medical records relevant to claims, and withholding Court ordered information until

uncovered by defendant); *In re Consol. RNC Cases*, No. 127, 2009 WL 130178, at *13

(S.D.N.Y. Jan. 8, 2009) (dismissal of emotional distress claims under Rule 37 for failure to turn

over relevant medical records despite Court Order); *Witharana v. Dorsey*, No. 13-CV-3102 ENV

---

[7] Obviously, the Court has the power to elect this sanction on its own should it so choose.

MDG, 2015 WL 4510273, at *5 (E.D.N.Y. July 24, 2015) (dismissal of claims under Rule 37 for failure to provide Court Ordered medical releases relevant to claims).

Here, Ms. Maxwell seeks the lesser sanction of striking the claim or precluding evidence only on the damages that relate to the withheld documents and information.  The information being withheld – medical and psychological providers and their records – related directly to the claims for physical, psychological and emotional distress damages.  The sanction sought is commensurate with and directly related to Plaintiff's violation of the Court's Order.  Given the ten days left in discovery Ms. Maxwell cannot adequately get discovery on this newly disclosed evidence. In light of Plaintiff's continuing and persistent discovery misconduct, the punishment fits.

## CONCLUSION

WHEREFORE, Ms. Maxwell requests that this Court enter an Order:

1) Striking Plaintiff Damages Claims for psychological pain and suffering, mental anguish and emotional distress (Complaint ¶ 19), Physical, psychological and psychiatric injuries and resulting medical expenses (Rule 26(a) Disclosures, Paragraph (C)(1)) and "Past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity and invasion of privacy in her public and private life" (Rule 26(a) Disclosures, Paragraph (C)(1));

2) For attorneys' fees and costs incurred in filing this Motion; and

3) Warning Plaintiff that further violation of this Court orders or the discovery rules may result in the sanction of dismissal of her claims.

Dated: June 20, 2016

Respectfully submitted,


*/s/ Laura A. Menninger*

Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2016, I electronically served this *Defendant's Motion for Rule 37(B) &(C) Sanctions for Failure to Comply with Court Order and Failure to Comply with Rule 26(A)* via ECF on the following:

Sigrid S. McCawley
Meridith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

21