# United States District Court
# Southern District of New York

Virginia L. Giuffre,

               Plaintiff,              Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

               Defendant.

_____/

## PLAINTIFF VIRGINIA GIUFFRE'S SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS

       Plaintiff, Virginia Giuffre, hereby submits this sur-reply in response to Defendant's Reply in Support of Motion for Sanctions, responding to Defendant's new – and inaccurate – representation of facts.

## I.    CORRECTIONS TO DEFENDANT'S FACTUAL MISREPRESENTATIONS

       Ms. Giuffre does not make new arguments in this brief, but, instead, rebuts some of the most significant factual inaccuracies throughout Defendant's reply brief.

### A.  Ms. Giuffre has Properly Disclosed Dr. Del Mar.

       Defendant claims in her reply that the "Donahue records reveal a completely new doctor," Dr. Del Mar, that Ms. Giuffre failed to disclose. This is a misrepresentation for two reasons. First, Dr. Del Mar and his records have obviously been disclosed, as Defendant's reply brief makes clear. Second, Dr. Donahue has a practice with at least one other physician, including Dr. Del Mar.

1

[REDACTED]

Therefore, it is a misstatement to claim that "Plaintiff without explanation still has not formally disclosed Dr. Del Mar in her Interrogatory Responses nor in her Rule 26 disclosures," (br. at 4) because Ms. Giuffre disclosed the information in medical records she produced.

**B. Ms. Giuffre is Not a Drug Addict.**

Defendant also gratuitously claims that Ms. Giuffre has an "opioid addiction." (Reply Br. at 13). This new factual representation is also false. Nothing in the records or the testimony show that Ms. Giuffre is in opioid abuser; in fact, they point to the contrary, including testimony by her own physician. *See* McCawley Decl. at 2, Deposition of Dr. Olson at p.74.



Defendant's portrayal of Ms. Giuffre as a drug addict is inappropriate, but typical behavior from this Defendant, who has used this case to call Ms. Giuffre a "remora;"[1] a "professional victim;"[2] and "sexually permissive."[3]

---

[1] *See* McCawley Decl. at Exhibit 3, Defendant's Supplemental Memorandum of Law in Response to Plaintiff's Motion to Compel Production of Documents Subject to Improper Objections, at p. 2 (D.E. 45).
[2] *See* McCawley Decl. at Exhibit 4, January 14, 2016 Hearing Transcript at 5:9

### C.  Ms. Giuffre Has Worked to Obtain Records from Dr. Kutikoff and Other Providers.

Defendant next claims that "Plaintiff indisputably has done nothing to retrieve her medical records from Dr. Karen Kutikoff, from Wellington Imaging, or from Growing Together."[4] (Reply Br. at 5). This new claim, too, is false. First, Ms. Giuffre executed releases for all of these providers, allowing all of her records that exist to be produced to the Defendant, and sent those releases to the providers. Therefore, she has done the most important thing to "retrieve" her medical records from those providers: provide authorization for the release of the records that she sent, and, in many cases, paid for the records to be released. In doing so, she has exhausted her legal obligations.  But, going above and beyond her obligations, Ms. Giuffre's counsel and their staff have spent considerable resources (including a significant number of hours of attorney time) attempting to track down Ms. Giuffre's old medical records.  That certain providers did not maintain or produce records does not show any lack of diligence on Ms. Giuffre's part.

### D.  Ms. Giuffre Has Properly Disclosed Dr. Hayek.

Defendant next complains about an alleged inconsistency in her disclosures about Dr. Hayek. Reply Br. at 4-5.  But Dr. Hayek only illustrates the hours Ms. Giuffre's legal team has spent on the phone with medical provider offices to follow up on the medical releases that Ms. Giuffre executed.  For example, despite a seven-year destruction of records policy, Ms. Giuffre's counsel and Ms. Giuffre's persistent telephone calls, emails, and in-person requests have now yielded Dr. Hayek's medical records despite being initially told by the office that there were no records

---

[3] *See* McCawley Decl. at Exhibit 5, Defendant's Response to Plaintiff's First Set of Interrogatories at p. 11.
[4] Defendant states that Growing Together was a "residential drug treatment program." (Br. at 5). This is another misstatement: this facility does not keep people overnight.

based on their 7 year destruction policy, as explained further in Dr. Hayek's cover letter. *See* McCawley Decl. at Exhibit 6, Dr. Hayek Medical Records.

Documentary evidence of counsel's extensive efforts is seen in the production of Dr. Hayek's records, received on Monday, July 11, 2016. *See* McCawley Decl. at Exhibit 6, Dr. Hayek Medical Records. ████████████████████████████████████████████████

████████████████████, ***Defendant appears to be mentioned by name***.

**E.  Ms. Giuffre Has Properly Provided Records from Ms. Lightfoot.**

Defendant next claims that it is not believable that Ms. Lightfoot has records from 2011 but no current records. (Reply Br. at 6). But the simple fact is that Ms. Lightfoot sent a communication to Ms. Giuffre's counsel, which was produced to Defendant (GIUFFRE006636), in which Ms. Lightfoot states that she has no other records. *See* McCawley Decl. at Exhibit 7.

Moreover, Defendant's claim that "Plaintiff still has failed to include Ms. Lightfoot, the dates of her treatment, the nature of her treatment, or the medical expenses in her Interrogatory response," is equally misleading. First, Defendant knows the dates of treatment, as in the very next sentence, Defendant says that ████████████████████████████████

████████████ Defendant also has all records from Ms. Lightfoot. The fact that Ms. Lightfoot, a retired therapist, providing treatment out of charity, no longer keeps written records does not, by any logic, show any failure to respond to discovery by Ms. Giuffre.

**G.  Ms. Giuffre Has Properly Disclosed Emergency Room Providers**

Defendant next suggests that Ms. Giuffre is withholding information about being treated at an emergency room.  Reply Br. at 7-8.  The emergency records have been produced, so it is not completely clear what Defendant's complaint is. ████████████████████████████

████████████████████████████████████████████████

McCawley Decl. at Exhibit 8, Deposition Excerpts from Ms. Giuffre's May 3, 2016 Deposition. And, of course, Ms. Giuffre has also agreed to reopen her deposition so that Defendant can ask any questions about the medical records that were obtained after her initial deposition.

Defendant, however, misleadingly then interweaves the emergency room doctors with mental health providers, attempting to create the impression that Ms. Giuffre is not turning over mental health records. For example, Defendant writes that █████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Although her reply brief does not contain a citation to the source of these observations, it appears that Defendant is referring to an intake form prepared by Dr. Olson's office. That intake form was not withheld by Ms. Giuffre, as she explained in her response. Defendant has also deposed Dr. Olson about what the form allegedly states. *Id.*

**H. Ms. Giuffre Has Not Failed to Disclose Other Medical Records.**

Curiously, in the "Argument" section of her reply brief, Defendant also raises a host additional – and new – factual claims about allegedly withheld records. Reply Br. at 9. Here again, Defendants' claims are inaccurate.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Defendant also misleadingly says that she did not disclose various other vaguely described providers.

### I.   Ms. Giuffre has not Omitted Medical Providers.

In her reply brief, Defendant states that Ms. Giuffre "omitted" fifteen treatment providers from her initial disclosures. (Reply Br. at 1-2). Ms. Giuffre, in her Rule 26 disclosures, stated that for computation of medical damages, she would be relying upon medical records collected from her physicians and expert testimony.  After issuing her Rule 26 disclosures, Ms. Giuffre supplemented her discovery on medical providers by production of numerous medical records and signing medical releases for every provider Defendant requested, going back numerous years, providing testimony regarding her medical issues, and voluntarily submitting herself for a Rule 35 examination to Defendant's doctor, without requiring Court intervention, and providing responses to interrogatories.  Ms. Giuffre has not intentionally withheld anything in discovery.

There are multiple other inaccuracies throughout Defendant's brief, but in the interest of brevity and addressing only the most material inaccuracies, Ms. Giuffre has not addressed each one.

### CONCLUSION

Ms. Giuffre has properly disclosed her medical care providers to Defendant and, accordingly, Defendant's motion for sanction should be denied.

Dated:  July 12, 2016.

Respectfully Submitted,
BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[5]

---

[5] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 12th day of July, 2016, I served the attached document via Email and CM/ECF to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
       jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley

9