UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

                                  **15-cv-07433-RWS**

---------------------------------------------------X


**DEFENDANT'S SUR SUR-REPLY IN SUPPORT OF
MOTION FOR RULE 37(b) &(c) SANCTIONS**


Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Sur Sur-Reply ("Sur Sur-Reply") to Plaintiff's Sur-Reply in Response to Defendant's Reply is Support of Motion for Sanctions ("Sur-Reply"), stating as follows:

## INTRODUCTION

Plaintiff's Response and Sur-Reply are founded entirely on a miscomprehension of the requirements of Federal Rules of Civil Procedure 26 and 33. She strenuously argues that she has "disclosed" various treatment providers because their names are buried in records that she has belatedly produced and which she obtained only after defense counsel had identified their existence and absence through independent investigation. Such production, however, does not constitute "disclosure" of these treatment providers under the Rules and does not satisfy Plaintiff's obligation to provide sworn Responses to Interrogatories – issued in February – requiring her to provide the names of her medical treatment providers and dates and nature of treatments. Despite this Court's Order and the Motion to Strike Plaintiff's damages claims for her refusal to comply with discovery obligations, to date, Plaintiff has ***still*** failed to provide a single listing of all of her health care providers and the nature of treatment.

Even after filing her Sur-Reply, a new treating physician of Plaintiff's has emerged, as well as the likelihood that all of Plaintiff's medical and prescription records in Australia are documented through Plaintiff's participation in that country's Medicare program. Thus, her claimed failure to remember all of her doctor's names does not square with the information readily available to herself and her attorneys.

### A.     Plaintiff Has Failed to Comply with Her Obligations to Respond to Interrogatory Requests as Ordered by the Court.

Plaintiff speciously argues she has "disclosed" treatment providers and complied with the Court's Order to respond to Interrogatories relating to her medical treatment providers because

some of her treatment providers' names are embedded amongst thousands of belatedly produced

documents, many produced the same day as her Response to the Motion or the day she filed the

Sur-Reply.  Production of documents that include names of doctors does not satisfy Plaintiff's

obligation to respond to the Interrogatory[1] Requests as specifically ordered by the Court.  Fed. R.

Civ. P. 33(b)(1) requires that "[e]ach interrogatory shall be answered separately and fully."  The

mere production of records does not satisfy the obligation to respond to each interrogatory

including its related subparts, separately and fully.

> A submission by that party's counsel which cross-references pleadings and
> exhibits is simply not an answer to that interrogatory by that party. It must be
> recalled that interrogatories serve not only as a discovery device but as a means of
> producing admissible evidence; there is no better example of an admission of a
> party opponent, which is admissible because it is not hearsay
> (Fed.R.Evid.801(d)(2)), than an answer to an interrogatory. *See* Fed.R.Civ.P.
> 33(c) (expressly authorizing the use of interrogatories at trial to extent permitted
> by the law of evidence). A response which is nothing more than a cross-reference
> by counsel to other pleadings and exhibits is certainly not that kind of admission
> and defendant has every right to insist that the answer to its interrogatories be in
> the form the Federal Rules of Civil Procedure requires.

*Melius v. Nat'l Indian Gaming Com.m'n*, No. CIVA98-2210(TFH/JMF), 2000 WL 1174994, at

*1 (D.D.C. July 21, 2000).

To the extent that Plaintiff attempts to rely on Rule 33(d) to claim that her production of

records containing some of her treatment providers' names has satisfied her discovery

obligations, such reliance in misplaced.  First, to rely on this Rule, a party must "(1) specify[] the

records that must be reviewed, in sufficient detail to enable the interrogating party to locate and

identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1); *see also In re*

---

1 The Interrogatories at issue request "a. the Health Care Provider's name, address, and telephone number; b. the type of consultation, examination, or treatment provided; c. the dates You received consultation, examination, or treatment; d. whether such treatment was on an in-patient or out-patient basis; e. the medical expenses to date; f. whether health insurance or some other person or organization or entity has paid for the medical expenses; and g. for each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A" both before and after the alleged defamatory statement.  Plaintiff has only answered one of the two Interrogataories, and wholly failed to answer the other, for treatment post-defamation.  She offers no excuse for this failure.

2

*Vivendi Universal, S.A. Sec. Litig.*, No. 02 CIV. 5571 RJH HBP, 2009 WL 8588405, at *6 (S.D.N.Y. July 10, 2009) ("Rule 33(d) does not permit a party to respond to an interrogatory by simply pointing to a mass of documents and advising the interrogating party that the answer to its question is 'in there somewhere.' A Rule 33(d) interrogatory response must, to some extent, specify the appropriate documents from which the information sought can be derived."); *Hypertherm, Inc. v. Am. Torch Tip Co.*, Civ. No. 05–cv–373–JD, 2008 WL 5423833, at *3 (D.N.H. Dec. 29, 2008) ("'[M]aking only a general reference to a mass of documents or records' is an abuse of Rule 33(d)."). To date, Plaintiff has failed to serve any supplements to her Interrogatory Responses that identifies all of her medical providers, let alone that refers to *specific* records that might include the remaining responsive information.

Second, the Interrogatories do not call for business records: they call for the identification of treatment providers and specific information about the treatment provided. *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (improper to refer to records where interrogatory requested basis for claims and contentions, not business records).

Third, a party may only rely on Rule 33(d) when referring to *its own* business records in response to an interrogatory. Fed. R. Civ. P. 33(d) "OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing ***a party's business records***. . ." Rule 33(d) does not permit a party to respond to interrogatories by reference to the business records of a third party. *In re Savitt/Adler Litig.*, 176 F.R.D. at 49; *see also United States ex rel. Landis v. Tailwind Sports Corp.*, No. 1:10-CV-00976 (CRC), 2016 WL 2944648, at *3 (D.D.C. May 20, 2016) ("courts and commentators have long agreed that Rule 33(d) applies 'only where the answers to the interrogatories may be found in the business records of the party upon whom the interrogatories

have been served.'") (*citing McSwiggin v. Limousine*, No. 2:14–cv–02172–JCM–NJK, 2016 WL 1030053, at *6 (D.Nev. Mar. 10, 2016)); *see also* 1970 Advisory Comm. Note to Fed. R. Civ. P. 33(c) (now 33(d)) ("This is a new subdivision ... relating especially to interrogatories which require a party to engage in burdensome or expensive research into *his own* business records in order to give an answer." (emphasis added)).  Plaintiff's "disclosure" of medical providers through belated production of partial medical records received from her treatment providers simply does not satisfy her obligation to fully and separately respond to the Interrogatory Requests, as this Court ordered.

**B.   The Belated Production of Medical Records Does Not Satisfy Rule 26 Requirements or the Duty to Supplement**

Plaintiff, to date, has not listed a single one of her medical treatment providers in her Rule 26 Disclosures.

Rule 26(e)(1)(A) mandates that a party must supplement their initial disclosures as well as responses to interrogatories and requests for production of documents "in a timely manner if the party learns that in some material respect the disclosure or response is incorrect and incomplete."  "The duty to supplement and correct disclosures and responses is a continuing duty and no motion to compel further supplementation is required." *Lima LS PLC v. PHL Variable Ins. Co.*, No. 3:12CV1122 WWE, 2014 WL 2002485, at *2 (D. Conn. May 15, 2014) (citing 6 Moore's Federal Practice, § 26.131[3] [3d Ed.2012]). This duty is not only triggered by a court order but "whenever a party learns that its prior disclosures are in some material respect incomplete or incorrect." *Id.*  (citing Federal Practice, *supra* at § 26.13[3]; Fed. R. Civ. P. 26(e)(1)(A) and (B)).  Plaintiff *still* has not listed all of her doctor's names nor provided their records despite obvious knowledge that her prior disclosures and Interrogatory Responses are incomplete, and thus has wholly ignored her duty of supplementation.

4

Plaintiff's duty of supplementation, both of her Rule 26 Disclosures and her Interrogatory

Responses, is not met by producing documents in which one or more doctors' names may be

embedded, especially in light of the over 7,000 document produced by Plaintiff in this case. *Pal*

*v. New York University,* No. 06 Civ. 5892, 2008 WL 2627614 (S.D.N.Y. June 30, 2008)

(production of documents which may contain a witness's name does not meet Rule 26(a)(1)

disclosure obligations and failure to supplement Rule 26 disclosures with witnesses name

resulted in Rule 37 sanctions); *Lebada v. New York City Dep't of Educ.*, No.

14CIV758LAKGWG, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016) ("Rule 26(a) thus fulfills

a critical function: transmitting formal notice from the disclosing party to the opposing party that

the opposing party should be prepared for the disclosing party to use the information provided by

the witness. In the absence of such a disclosure, the opposing party can properly assume that its

adversary will not rely upon that witness.").

The Sur-Reply's argument that "Ms. Giuffre, in her Rule 26 disclosures, stated that for

computation of medical damages, she would be relying upon medical records collected from her

physicians and expert testimony" simply proves that Plaintiff was obligated to provide all of her

medical provider's names and contact information from the inception of this case.  Under Rule

26(a)(1), Plaintiff was obligated to provide "the name and, if known, the address and telephone

number of each individual likely to have discoverable information—along with the subjects of

that information—that the disclosing party may use to support its claims or defenses."  Plaintiff

states that she has planned all along to rely on the medical records of her physicians,

necessitating that they had relevant information and were required to be disclosed under Rule

26(a).  Yet, to date, despite Plaintiff's multiple supplementations of her Rule 26(a) witnesses,

two interrogatories requesting medical provider information, this Court's April 21 Order

5

requiring this information, Plaintiff has still failed to provide a listing of her medical treatment providers in her Rule 26 disclosures and failed to provide a complete listing in her Interrogatory Responses.  There is no justification for these failures to comply with the Rules or this Court's order, and Plaintiff remains willful in her refusal to comply.  The delay has now continued for over 3 months since the Court's Order, and 8 months since Rule 26 disclosures were required.  With fact discovery to close in four days, no lesser sanction than preclusion of Plaintiff's claims for emotional distress damages and physical and psychological damages claims will be effective to remedy this willful non-compliance.

### C.   **Plaintiff Misrepresents Witness Testimony and Records**

In the Sur-Reply, Plaintiff makes several inaccurate representations regarding her "disclosure" of certain physicians or the alleged reasons for her failure to disclose.  Most are irrelevant to the issue raised in the Rule 37 Motion, but should be corrected because they inaccurately state the record evidence.

**<u>Dr. Del Mar</u>**

Plaintiff claims that Dr. Del Mar was Plaintiff's son's doctor and that was the reason she did not "remember" to list him. ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████   This is all relevant information indicating other intervening causes of Plaintiff's emotional distress and failure to mitigate.

### Dr. Olson's Testimony Concerning Plaintiff's Prescription Drug Usage

Plaintiff contends that she has never had an issue with prescription drug usage, citing the testimony of Dr. Olson. ███████████████████████████████████████

██████████████████████████████████████████████████████████

████████. Dr. Olson acknowledged he did not check records from – and Plaintiff did not disclose the existence of records from -- Florida and Australia where Plaintiff had recently obtained ██████ *Id.* When shown documents from Australian treatment providers, ████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████ ███████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████  ████████

████████████████████████████████████████████████████

██████████████

### Plaintiff's Claims Concerning Opioid Abuse

Plaintiff contends that "nothing in the records or the testimony show that Ms. Giuffre is an opioid abuser." (Sur-Reply at 2). This is inaccurate. ███████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████

Then, most recently, on April 2016, Plaintiff visited another new doctor, Dr. Donohue,

████████████████████████████████████████████████████████████ ██

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████

**Plaintiff's Claim of** ██████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████

**Plaintiff's Claims of Charitable Work by Ms. Lightfoot**

Plaintiff claims that Ms. Lightfoot is doing work "out of charity" and therefore does not

have records is belied by Plaintiff's testimony. ████████████████████████████  ████████████

████████████████████████████████████████████  ████████████████████████████

████████████████████████████████████████████████████████████████

3   Notably, other medical records demonstrate that Plaintiff is on Medicare, and thus does not have any out of pocket medical expenses.  Yet, medical expenses are a category of her alleged damages claims.

**Information in Emergency Room Treatment and Other Treatment Records Include Mental Health Information**

Plaintiff incorrectly contends that

#### D.   Plaintiff Concedes She Remains Non-Compliant with This Court's Order

Plaintiff's Sur-Reply makes clear that she has no intention of complying with her obligations under Rule 26(a) and 33, instead relying on her belated production of limited documents claiming "disclosure," which is insufficient under the Rules.  Additionally, because certain documents produced contemporaneously with the Sur-Reply revealed yet another undisclosed treating physician, Defendant again corresponded with Plaintiff's counsel pointing out this additional treatment provider and seeking records.  Menninger Decl., Ex. R.

As well, because some of the records produced included Plaintiff's Australian Medicare numbers, Defendant's counsel researched various sources from which Plaintiff might have all along been able to obtain her medical providers and fully responded to the Interrogatory and complied with Rule 26.  While Plaintiff has now agreed to provide this information,[4] it is additional proof that the only reason Defendant has been able to obtain medical records is

---

[4] As of the filing of this Sur Sur-Reply, this information, and that promised in the Sur-Reply, still have not been produced.  Thus, it is unknown what additional treatment providers and medical information will be uncovered through these sources.

through diligent research and dogged follow up, not because Plaintiff has complied with discovery obligations.  As fully set forth in the Reply, a party cannot avoid the penalties of its own sanctionable conduct simply because the opposing party has been able to overcome some of the obstructionist tactics.  *Nittolo v. Brand*, 96 F.R.D. 672, 676-77 (S.D.N.Y. 1983); *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 390 (2d Cir. 1981) (affirming dismissal pursuant to Rule 37 where plaintiff refused to produce certain records in violation of court discovery order and where false testimony, material misrepresentations by counsel and foot-dragging were used in an effort to prevent defendant from getting at the relevant records, despite subsequent production of the records).

The harm to Ms. Maxwell is real.  Because new doctors are pouring in at the close of fact discovery, most of whom reside in Australia, Ms. Maxwell is effectively precluded from deposing these witnesses and obtaining other fact discovery from them.  Had the doctors been disclosed, as they ought, at the outset of the case, ample time would have been permitted for seeking discovery from these treatment providers.

## CONCLUSION

Plaintiff's steadfast refusal to comply with this Court's order and her refusal to comply with discovery requirements *despite* the pending motion for sanctions makes clear that Plaintiff has no justification for her non-compliance and that it is willful and intentional.  Preclusion of Plaintiff's claims regarding physical and emotional distress damages is the appropriate sanction for Plaintiff's failure to comply with the Court's April 21, 2015 discovery order, Rule 26(a) and Rule 33 by refusing to specifically identify medical providers that have relevant information bearing directly on these damages claims.  At a minimum, Plaintiff must be precluded from relying on evidence from these undisclosed witnesses.

WHEREFORE, for the foregoing reasons, and those set forth in the Motion, Ms.

Maxwell requests that the relief requested in the Motion be granted.


Dated: July 25, 2016


Respectfully submitted,


*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on July 25, 2016, I electronically served this D*efendant's Sur Sur-Reply in Support of Motion for Rule 37(b) &(c) Sanctions* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons