

Exhibit 1

(File Under Seal)

**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

Plaintiff, Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

Defendant.
________________________________/

**PLAINTIFF'S SUPPLEMENTAL RESONSES TO DEFENDANT'S INTERROGATORIES 12 and 13**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, Plaintiff hereby serves her supplemental responses to Defendant's Interrogatories 12 and 13.

**OBJECTIONS**

Plaintiff maintains and hereby incorporates by reference all applicable objections, including both general objections and specific objections to individual interrogatories, in her prior responses and objections served on Defendant in these supplemental responses.

Defendant's Discovery Requests violate Rule 33, Fed. R. Civ. P., which provides "a party may serve on any other party no more than 25 interrogatories, including all discrete subparts" – in that Defendant has served a total of 59 interrogatories in this case, including subparts, in violation of Rule 33.

Ms. Giuffre objects to Defendant's Discovery Requests to the extent they seek information that is protected by any applicable privilege, including but not limited to, attorney client privilege, work product privilege, and any other applicable privilege.

Ms. Giuffre objects to the requests to the extent Defendant's Discovery Requests call for the production of documents or information that is already in the possession, custody, or control of the Defendant. Ms. Giuffre further objects to the requests to the extent that Defendant's Discovery Requests are duplicative of documents and information that can equally or more readily be obtained by the Defendant.

Ms. Giuffre objects to the requests to the extent that they seek documents that are not relevant, material, or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre further objects because Defendant's Second Set of Requests for Production seeks documents that are in no way limited to their relation to this case. Indeed, they seek documents that are not important to resolving the issues; documents that are not relevant to any party's claim or defense; and documents that are not proportional to the needs of the case. Such requests would create a heavy burden on Ms. Giuffre that outweighs any benefit. Such discovery is prohibited by the Federal Rules of Civil Procedure, particularly under the 2015 amendments to Rule 26(b)(1), Fed. R. Civ. P., and is wholly inappropriate.

Ms. Giuffre objects to the requests to the extent that they are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are overly broad under Rule 26(b)(1), Fed. R. Civ. P. Specifically, Ms. Giuffre objects to the requests as overly burdensome to the extent that they would require logging voluminous and ever-increasing privileged communications between Ms. Giuffre and her counsel after the date litigation commenced on September 21, 2015. Ms. Giuffre additionally objects to the requests as overly burdensome to the extent that they would require logging voluminous privileged documents between Ms. Giuffre and her counsel related to *Jane Doe #1 and Jane Doe #2 v. United States*, Case no. 08-80736 CIV-Marra, pending in the Southern District of Florida; *Bradley Edwards and Paul Cassell v. Alan Dershowitz*, Case no. CACE 15-000072, from the Seventeenth Judicial Circuit, Broward County, Florida; and

Jane Doe No. 102 v. Jeffrey Epstein, Case No. 09-80656-CIV-Marra/Johnson (Southern District of Florida). Accordingly, due to the undue burden of individually logging responsive, privileged documents related to Defendant's overly-broad requests, Plaintiff has employed categorical logging of such privileged responsive documents pursuant to Local Civil Rule 26.2(c).

Ms. Giuffre objects to the requests in that they seek to invade her privacy for the sole purpose of harassing and intimidating Ms. Giuffre who was a minor victim of sexual trafficking.

Ms. Giuffre objects to the requests to the extent they are overly broad and unduly burdensome.

Ms. Giuffre's responses to Defendant's Second Set of Discovery Requests are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to her. Ms. Giuffre reserves the right to modify and/or supplement her responses. Ms. Giuffre has produced documents and information in response to these Requests.

Ms. Giuffre incorporates her above-listed general objections in the responses herein.

**SUPPLEMENTAL INTEROGATORY RESPONSES**

12. Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, including addiction to alcohol, prescription or illegal drugs, that You suffered from subsequent to the Alleged Defamation by Ghislaine Maxwell, including:

a. the Health Care Provider's name, address, and telephone number;

b. the type of consultation, examination, or treatment provided;

c. the dates You received consultation, examination, or treatment;

d. whether such treatment was on an in-patient or out-patient basis;

e. the medical expenses to date;

f. whether health insurance or some other person or organization or entity has paid for the medical expenses; and

g. for each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

**Supplemental Response to Interrogatory No. 12:**

Ms. Giuffre objects to this interrogatory in that it is overbroad and not limited in scope to the medical information relating to the abuse she suffered from Defendant and Jeffrey Epstein.

Pursuant to the Rules, if requested documents are not yielded in a "reasonable inquiry," Ms. Giuffre is not obligated to expend all of her time and resources on a quest to gather medical files that are unknown to her or unaccessable after reasonable inquiry. *See, e.g., Manessis v. New York City Dep't of Trans*p., No. 02 CIV. 359SASDF, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (concluding that "ability to pursue discovery regarding [plaintiff's] medical records should be limited in some manner"); *Evanko v. Electronic Systems Assoc., Inc.*, No. 91 Civ. 2851, 1993 WL 14458 at *2 (S.D.N.Y. Jan. 8, 1993) (applying the New York state physician-patient privilege, and holding that where plaintiff claimed that she suffered emotional distress, defendants did not have "a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress," including plaintiff's medical records); *Wachtman v. Trocaire College*, 532 N.Y.S.2d 943, 944 (N.Y. App. Div. 1988) (holding that the scope of a waiver of the physician-patient privilege in personal injury cases is "limited and does not permit discovery of information involving unrelated illnesses and treatment"); *Sgambellone v. Wheatley*, 165 Misc.2d 954, 958, 630 N.Y.S.2d 835, 838 (N.Y. Sup.Ct. 1995) (holding that in a personal injury action, plaintiff's waiver of the physician-patient privilege "is not a wholesale waiver of all information about the plaintiff's entire physical and mental conditions but a waiver *only* of the physical and/or mental condition that is affirmatively placed in controversy") (emphasis in original).

Finally, Ms. Giuffre objects in that it seeks information protected by the doctor-patient privilege, and any other applicable privilege stated in the General Objections. Ms. Giuffre further objects to this interrogatory in that it violates Rule 33 as its subparts, in combination with the other interrogatories, exceed the allowable twenty-five interrogatories. Ms. Giuffre further objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim and is not limited in scope to the issues in this case.

Without waiving her objections, Ms. Giuffre has produced those records available to her or obtainable through reasonable inquiry from the health care providers known to her who provided treatment subsequent to Ghislaine Maxwell's defamation of Ms. Giuffre. Ms. Giuffre has executed releases for healthcare providers as requested by Defendant and either sent those releases directly to the health care provider or provided them to Defendant's counsel.

Health Care Providers known to Ms. Giuffre who may have provided treatment subsequent to the defamation are as follows[1]:

- **Dr. Steven Olson**, [redacted]
- **Dr. Chris Donohue**, [redacted]

[1] Health care providers known to have provided treatment both prior to and subsequent to Defendant's January 3, 2015 defamation of Ms. Giuffre are listed in the supplemental responses for both Interrogatories 12 and 13. There may be additional crossover of providers that have treated Ms. Giuffre prior to the defamation, listed in the supplemental response to Integratory 13, who also provided treatment subsequent to the defamation. Ms. Giuffre reserves the right to revise, amend, and supplement her response to Interrogatory No. 12 with providers listed in her supplemental response to Interrogatory 13 if and when she becomes aware of any additional crossover.

- **Dr. Peter Del Mar**, [REDACTED]
- **St. Thomas More Hospital**, [REDACTED]
- **Ms. Judith Lightfoot**, [REDACTED].
- **Medicare Australia** [REDACTED].
- **Dr. Rauf Yousaf**, [REDACTED]
- **CVS Pharmacy** may have provided prescribed medications to Ms. Giuffre sufsequent to the defamation. Those records have been requested and a release provided to the pharmacy, see GIUFFRE007606-7610.

- **Walgreens Pharmacy** may have provided prescribed medications to Ms. Giuffre. Those records have been requested and a release provided to the pharmacy, *see* GIUFFRE007611-7616.

13. Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition, including addiction to alcohol, prescription or illegal drugs, that You suffered from <u>prior to</u> the Alleged Defamation by Ghislaine Maxwell, including:

a. the Health Care Provider's name, address, and telephone number;

b. the type of consultation, examination, or treatment provided;

c. the dates You received consultation, examination, or treatment;

d. whether such treatment was on an in-patient or out-patient basis;

e. the medical expenses to date;

f. whether health insurance or some other person or organization or entity has paid for the medical expenses; and

g. for each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

**<u>Supplemental Response to Interrogatory No. 13:</u>**

Ms. Giuffre objects to this interrogatory because it violates this Court's Order. The Court has excluded the production of medical records from prior to 1999, stating, "the damage issue relates, in my view, solely to the defamation." (April 21, 2016, Hearing Transcript at 20:23-24). This holding applies to pre-1999 medical records. Accordingly, medical records prior to 1999 are not responsive to this request. As this interrogatory is not limited to the time period ordered by this Court, Ms. Giuffre objects.

Ms. Giuffre objects to this interrogatory in that it is overbroad and not limited in scope to the medical information relating to the abuse she suffered from Defendant and Jeffrey Epstein.

Ms. Giuffre objects because Rule 26 does not allow discovery that is so burdensome as to require a Herculean effort by an adult to track down every possible prescription ever written for Ms. Giuffre, or every physician who ever treated Ms. Giuffre, even as a small child. Such a request is not only impractical and unduly burdensome, but likely impossible. Accordingly, such an interrogatory is merely for the purpose of imposing a burden on Ms. Giuffre and her attorneys, not to mention the purposes of harassment.

Pursuant to the Rules, if requested documents are not yielded in a "reasonable inquiry," Ms. Giuffre is not obligated to expend all of her time and resources on a quest to gather medical files from her birth to the present to find any prescriptions ever written for her for anything at all. *See, e.g., Manessis v. New York City Dep't of Trans*p., No. 02 CIV. 359SASDF, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (concluding that "ability to pursue discovery regarding [plaintiff's] medical records should be limited in some manner"); *Evanko v. Electronic Systems Assoc., Inc.*, No. 91 Civ. 2851, 1993 WL 14458 at *2 (S.D.N.Y. Jan. 8, 1993) (applying the New York state physician-patient privilege, and holding that where plaintiff claimed that she suffered emotional distress, defendants did not have "a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress," including plaintiff's medical records); *Wachtman v. Trocaire College*, 532 N.Y.S.2d 943, 944 (N.Y. App. Div. 1988) (holding that the scope of a waiver of the physician-patient privilege in personal injury cases is "limited and does not permit discovery of information involving unrelated illnesses and treatment"); *Sgambellone v. Wheatley*, 165 Misc.2d 954, 958, 630 N.Y.S.2d 835, 838 (N.Y. Sup.Ct. 1995) (holding that in a personal injury action, plaintiff's waiver of the physician-patient privilege "is not a wholesale waiver of all information about the plaintiff's entire physical and mental conditions but a waiver *only* of the physical and/or mental condition that is affirmatively placed in controversy") (emphasis in original).

Finally, Ms. Giuffre objects in that it seeks information protected by the doctor-patient privilege, and any other applicable privilege stated in the General Objections. Ms. Giuffre further

objects to this interrogatory in that it violates Rule 33 as its subparts, in combination with the other interrogatories, exceed the allowable twenty-five interrogatories. Ms. Giuffre further objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim and is not limited in scope to the issues in this case, and, therefore, is propounded for the purposes of harassment.

Without waiving her objections, Ms. Giuffre has produced those records available to her or obtainable through reasonable inquiry from the health care providers known to her who provided treatment prior to Ghislaine Maxwell's defamation of Ms. Giuffre. Ms. Giuffre has executed releases for healthcare providers as requested by Defendant and either sent those directly to the health care provider or provided them to Defendant's counsel.

Health Care Providers known to Ms. Giuffre who may have provided treatment prior to the defamation are as follows[2]:

- **Dr. John Harris** [redacted]
- **Dr. Darshanee Majaliyana** [redacted]

[2] Health care providers known to have provided treatment both prior to and subsequent to Defendant's January 3, 2015 defamation of Ms. Giuffre are listed in the supplemental responses for both Interrogatories 12 and 13. There may be additional crossover of providers that have treated Ms. Giuffre subsequent to the defamation, listed in the supplemental response to Integratory 12, who also provided treatment prior to the defamation. Ms. Giuffre reserves the right to revise, amend, and supplement her response to Interrogatory No. 13 with providers listed in her supplemental response to Interrogatory 12 if and when she becomes aware of any additional crossover.

[redacted]

- **Dr. K. L. Lee** [redacted].
- **Dr. M. Sellathurai** (a/k/a Dr. Sella), [redacted]
- **Dr. Carol Hayek**, [redacted]
- **Dr. Ahmed El Moghazi**, [redacted]
- **Dr. Stephen Edmond**, [redacted]

- **Campbelltown Hospital,** [redacted]
- **Westmead Hospital,** [redacted]
- **Ms. Judith Lightfoot,** [redacted]
- **Royal Oaks Medical Center,** [redacted]
- **Dr. Mona Devanesan,** [redacted]

- **Dr. Karen Kutikoff** may have treated Ms. Giuffre. A release allowing Defendant to obtain this provider's records directly was sent to Defendant's counsel on April 29, 2016, *see* GIUFFRE007632-7633.[3]
- **Wellington Imaging Associates** may have treated Ms. Giuffre. A release allowing Defendant to obtain this provider's records directly was sent to Defendant's counsel on April 29, 2016, *see* GIUFFRE007634-7635.
- **Dr. Ranjit Thind**, [redacted]
- **Medicare Australia** [redacted]
- **Dr. Wah Wah San**, [redacted]
- **Dr. Wah San**, [redacted]

---

[3] In addition, counsel for Ms. Giuffre made multiple phone calls to potential medical records custodians in and attempt to locate Dr. Kutikoff's records. These efforts were unsuccessful.

[4] On information and belief, this occurred after 1999 and prior to the January 3, 2015 defamation. Based on the uncertainty of the exact date, Ms. Giuffre reserves the right to revise, amend, and supplement her responses to Interrogatories 12 and 13.

[5] Records from Medicare Australia are generally limited to 3 years. Ms. Giuffre is continuing to pursue additional records from prior to July 19, 2013 through their offices in Australia.

[6] The Medicaid records identifying Dr.Wah San do not indicate the physician's address. In an abundance of caution, in case Dr. Wah San is actually a different provider than Dr. Wah Wah San, above, Ms. Giuffre sent a release and records request to a Dr. Wah San located via an internet search, and found to be [redacted].

- **CVS Pharmacy** may have provided prescribed medications to Ms. Giuffre. Those records have been requested and a release proved to the pharmacy, see GIUFFRE007606-7610.
- **Walgreens Pharmacy** may have provided prescribed medications to Ms. Giuffre. Those records have been requested and a release provided to the pharmacy, *see* GIUFFRE007611-7616.

Dated: July 29, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[7]

[7] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing has been provided by electronic mail to all counsel of record identified below, on this 29th day of July, 2016.

Laura A. Menninger, Esq.
Jeffrey S. Pagliuca, , Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
Email: jpagliuca@hmflaw.com

By: /s/ Sigrid McCawley______
Sigrid McCawley