United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

### MOTION FOR PROTECTIVE ORDER AND MOTION FOR THE COURT TO DIRECT DEFENDANT TO DISCLOSE ALL INDIVIDUALS TO WHOM DEFENDANT HAS DISSEMINATED CONFIDENTIAL INFORMATION

      Plaintiff, Ms. Giuffre, by and through her undersigned counsel, hereby files this Motion for Protective Order and Motion for the Court to Direct Defendant to Disclose All Individuals to Whom Defendant has Disseminated Confidential Information pursuant to this Court's Protective Order (DE 62), wherein the Court allowed various documents to be maintained as confidential. Pursuant to the Court's Protective Order, Ms. Giuffre marked as confidential highly sensitive documents and Defendant is now challenging that designation. Defendant objects to maintaining as confidential police reports involving Ms. Giuffre, including two police reports describing Ms. Giuffre as ***a fourteen-year-old victim of rape***. Other police reports show her to be the victim of other crimes, including domestic violence. Defendant should not be allowed to make these police reports public, nor disseminate them to third parties. They contain personal, sensitive, and embarrassing information. Many of them also concern minors and a victim of sexual assault; therefore, they are protected by various state statutes. Ms. Giuffre requests that this Court maintain the confidentiality designations over these police reports and direct the Defendant to disclose all the recipients of the

1

information contained therein.

I. BACKGROUND

In a March 21, 2016, meet-and-confer call, Defendant's counsel specifically referenced certain police reports wherein Ms. Giuffre was identified as a victim. On April 14, 2016, Ms. Giuffre issued requests for production, seeking the police reports referenced by Defendant's counsel in the March 21, 2016 call. In response, on May 16, 2016, Defendant produced various police reports, most identifying Ms. Giuffre as a victim. However, the date-stamps on these documents, marking when Defendant received them, were ***dated in April of 2016***.[1] In other words, Defendant received those reports ***after*** the March 21, 2016, meet-and-confer call.[2] Ms. Giuffre has moved to compel the reports that Defendant's counsel actually relied upon in the March call to identify what date is reflected on those reports, but Defendant is resisting production of those documents. Upon receipt of the newly produced police reports, counsel for Ms. Giuffre immediately informed counsel for Defendant that she would like those documents to be treated as confidential under the Court's Protective Order (DE 62).

Significantly, two of the police reports identify Ms. Giuffre as a fourteen-year-old victim of rape, and give details about Ms. Giuffre being raped.

Surprisingly, on May 18, 2016, counsel for Ms. Giuffre received a letter from Mr. Pagliuca, Defendant's counsel, stating that Ms. Giuffre had not provided "any good faith basis for the assertion" regarding Ms. Giuffre's confidentiality designation. *See* McCawley Decl. at Exhibit 1,

---

[1] Notably, it appears that Defendant acquired these materials in April, but held onto them without producing them to Ms. Giuffre until after her Ms. Giuffre's May 3, 2016, deposition.
[2] Defendant appears to have acquired these police reports outside of the normal discovery process, as they unequivocally came from non-parties, yet Defendant never served a notice of subpoena on Plaintiff indicating her efforts to acquire these documents.

May 18, 2016, letter from Mr. Paglicua to Ms. Schultz. On May 20, 2016, counsel for Ms. Giuffre wrote Mr. Pagliuca a letter, explaining in detail both her good faith and statutory basis upon which she made her confidentiality designation, as various state statutes protect the confidentiality of these materials. *See* McCawley Decl. at Exhibit 2, May 20, 2016, Letter from Ms. Schultz to Mr. Pagliuca.

Given Ms. Giuffre's lengthy and detailed explanation of her bases for the confidentiality designation, counsel for Ms. Giuffre considered the matter resolved, with her designations standing. Indeed, Defendant's attorneys are criminal defense attorneys, and therefore, they are well versed in the statutory schemes that protect public dissemination of the identities of minor rape victims, and related information. Therefore, counsel for Ms. Giuffre trusted that counsel for Defendant would not disseminate these documents.

Ms. Giuffre's counsel again sought to confirm the designations on a July 26, 2016, meet-and-confer call with counsel for defendant. Counsel for Defendant replied in writing on July 29, 2016. *See* McCawley Decl. at Exhibit 3, July 29, 2016 Letter from Ty Gee to Meredith Schultz. Mr. Gee stated that the police reports are not confidential:

> Regarding redacted police reports that plaintiff designated "confidential": We objected to plaintiff's confidentiality designation, and plaintiff failed to file a motion in accordance with the Protective Order to maintain the confidentiality of the reports. Accordingly, the reports are not confidential under the Protective Order.

While Defendant did raise a question about the designations in May, Ms. Giuffre thereafter provided a good faith basis for the designations (*see* McCawley Decl. at Exhibit 2, May 20, 2016, Letter from Ms. Schultz to Mr. Pagliuca), and Defendant failed to respond or renew her objections. Accordingly, Ms. Schultz's letter stating the bases of the confidentiality designations "resolve[d]" Defendant's objection, pursuant to paragraph 11 of the Protective Order. To conclude otherwise would render

futile the entire meet-and-confer process. There would be no point in Defendant requesting, or Plaintiff supplying, her good-faith bases for confidentiality designations if Defendant wholly disregards them. Accordingly, the July 29, 2016, letter from Mr. Gee constitutes a new "objection" under the Protective Order. Therefore, Ms. Giuffre now moves this Court for a Protective Order.

The materials at issue consist of police reports. Defendant has produced at least seven police reports depicting Ms. Giuffre when she was a minor child. In some, she is the victim of a crime. In one, she is noted as a bystander. In others, she is reported as missing. All police reports that concern Ms. Giuffre as a minor child should be treated as confidential under the Protective Order because they concern a minor child, and therefore, are of a sensitive nature. Indeed, two of these reports concern her being raped at fourteen years old.

Defendant has produced other police reports concerning Ms. Giuffre as an adult. These, too, fundamentally implicate her privacy interests, particularly as they include reports depicting her as the victim of domestic violence. In fact, the domestic violence report also identifies and describes her minor children.

Accordingly, Ms. Giuffre requests that this Court grant her motion for a Protective Order concerning the materials at issue described above ("the Materials"), and direct the Defendant to disclose all individuals to whom Defendant (or Defendant's attorneys or agents) disseminated the Materials and/or the information contained therein.

## II.    ARGUMENT

The Court entered a Protective Order on March 18, 2016. It states: "Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good

faith basis for such designation, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party." Protective Order at ¶ 8.  The Order continues:

> A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely field, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation s CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Protective Order at ¶ 11.

The Materials are sensitive in nature, and therefore fall squarely into the categories of material over which courts routinely grant protection. C.f. *Strategic Growth Intern., Inc. v. Remote MDX, Inc.*, 2007 WL 3341522, at *3 (S.D.N.Y., Nov. 9, 2007) (Sweet, J.) ("To the extent that RMDX is concerned about the sensitive nature of the redacted information, those concerns should be allayed by the September 13, 2007 Stipulated Protective Order").

        **A.**    **This Motion is Timely Filed**

When Defendant first objected to Ms. Giuffre's confidential designations of the material at issue on May 18, 2016, counsel for Ms. Giuffre wrote back two days later, setting forth the good faith basis for the confidentiality designation. Pursuant to this Order, that May 20, 2016, communication "resolve[d] the objection within ten (10) business days after the time the notice was received," and therefore, those materials are confidential under the Protective Order. This is

particularly true as, after receipt of Ms. Giuffre's counsel's May 20, 2016, letter Defendant wholly failed to renew her objection or otherwise respond.

Accordingly, the materials are confidential pursuant to Ms. Giuffre resolving the objection on May 20, 2016. Indeed, it is Defendant's July 29, 2016, renewed objection that is the triggering event for Ms. Giuffre to file a motion with this Court, particularly since there is ambiguity in the language of the Protective Order (which Defendant drafted) and because Ms. Giuffre previously made a timely resolution of Defendant's objection pursuant to the Protective Order.

### B. Ms. Giuffre has a Good Faith Basis for Maintaining the Confidentiality of the Materials at Issue

As recounted above, Defendant somehow came into possession of police reports depicting the crime of rape committed against Ms. Giuffre when she was fourteen years old. *See* GM_00785-801 (November 4, 1997 - December 23, 1997 police reports regarding "two counts of lewd and lascivious conduct with a child under 14 years of age"); GM_00775 (February 28, 1998, Police Report regarding sexual battery by two individuals committed against Ms. Giuffre). It is noteworthy that, although Defendant has repeatedly characterized these assaults against Ms. Giuffre as Ms. Giuffre "crying rape," Ms. Giuffre, actually, never went to the police with regard to these matters. Instead, the police came to her based on their investigation and the accounts of third-parties.

Defendant has produced at least seven police reports depicting Ms. Giuffre as a minor child. Defendant has challenged the confidentially designation of each and every one, including those depicting the rape of a fourteen-year-old. All juvenile police records should be treated as confidential under the Protective Order because they concern a minor child, and therefore, are of a sensitive nature.

Other police reports concerning Ms. Giuffre as an adult fundamentally implicate her privacy

6

interests, particularly as they include reports depicting her as the victim of domestic violence.

The foregoing is exactly the type of material a Protective Order is designed to protect. Defendant has not, and, indeed, cannot articulate any legitimate reason for this material to enter the public realm, nor can Defendant articulate any reason for her to disseminate it to others. Therefore, the Court should grant Ms. Giuffre's motion for a Protective Order.

### C. Florida Statutes Protect the Dissemination of the Content of the Police Reports Concerning Ms. Giuffre's when She was a Juvenile

All police reports concerning Ms. Giuffre when she was a juvenile are protected by Florida Statute. Accordingly, GM_00785-801 (November 4, 1997 - December 23, 1997, sex offense report); GM_00752-00754 (January 29, 1998 missing person report); GM_00783 (February 3, 1998, missing person report); GM_00775 (February 28, 1998, sexual battery report); GM_00750-751 (February 18, 1999, runaway report); GM_00780-782 (June 10, 2001, police report regarding a fight among third parties that reported Ms. Giuffre to be present at the scene); GM_00777-779 (August 3, 2001 report of a theft of monies stolen from Ms. Giuffre) are protected from disclosure independent of this Court's Protective Order.

Florida Statute 985.036 protects records where a juvenile is a victim of a crime. Additionally, Florida Statutes protect "any information in a videotaped statement of a minor who is alleged to be or who is a victim of sexual battery . . . which reveals that minor's identity." Fla. Stat. § 119.071.These statutes apply to GM_00785-801 and GM_00775, the police reports regarding the sexual battery committed against Ms. Giuffre when she was fourteen years old.

Furthermore, Section 794.026, Fla. Stat., creates a civil right of action against an individual who communicates to others, identifying information concerning the victim of a sexual offense. In her second request for production, Ms. Giuffre has requested information relating to how Defendant

7

obtained these reports (and/or the identifying information concerning the victim) prior to the March 21, 2016, meet and confer call, and prior to Defendant's April 2016 receipt of these documents from the Palm Beach County Sheriff's Office. Defendant refuses that request without articulating any justifiable excuse or objection.

Therefore, Ms. Giuffre requests that the Court direct Defendant to disclose the names of the individuals involved in furnishing Defendant these reports (and/or the information contained therein) prior to March 21, 2016. Similarly, to the extent that Defendant has already disseminated these reports (or the information contained therein), Ms. Giuffre requests that this Court order Defendant to disclose to Ms. Giuffre all the individuals to whom Defendant (or Defendant's counsel) disseminated the reports and/or the information contained therein.

Additionally, Fla. Stat. § 985.04 and Fla. Stat. § 985.054 make juvenile law enforcement records confidential from members of the public, and state that information obtained by a law enforcement agent participating in the assessment of a juvenile is confidential. These statutes apply to the police reports involving Ms. Giuffre as a juvenile, both because she was a juvenile when she was victimized, and because the perpetrators were reportedly juveniles as well.

Finally, certain of the police reports implicate Ms. Giuffre's involvement with the Florida Department of Children and Families, *see e.g.*, GM_00752-754 (January 29, 1998, missing person report); GM_00783 (February 3, 1998, missing person report); GM_00750-751 (February 18, 1999, run away report). If such reports are part of the State's Department of Children and Families' records, they are confidential pursuant to Fla. Stat. § 39.202(6).

### D. Police Reports Concerning Ms. Giuffre as a Victim of Domestic Abuse that also Depict her Minor Children

Defendant has challenged Ms. Giuffre's confidentiality designation for the police report

8

wherein she was a victim of domestic violence in Colorado. This police report also depicts and describes Ms. Giuffre's minor children. The confidentiality designation for this report is designed to protect the identity of Ms. Giuffre's minor children, and to protect Ms. Giuffre's privacy interests which are naturally implicated in the potential release of domestic violence records. Colorado statutes recognize and protect the privacy of domestic violence victims, *see*, *e.g.*, CRS § 13-90-107(k), and maintaining the confidentiality of these records naturally protects Ms. Giuffre's privacy interests.

    **E.**  **Colorado Statutes Protect the Dissemination of the Content of the Police Reports Concerning Ms. Giuffre's Domestic Abuse (including the depictions of her minor children)**

The domestic abuse police report is a "law enforcement record involving juveniles" because it depicts Ms. Giuffre's minor children. It is further protected by Colorado Statute. Specifically, access to law enforcement records involving juveniles is protected by C.R.S. 19-1-301, *et. seq.*, because "[t]he disclosure of sensitive information carries the risk of stigmatizing children." C.R.S. 19-1-302. Accordingly, Colorado law protects from disclosures police reports concerning Ms. Giuffre's minor children, particularly, in situations like the one at hand, in the domestic abuse context, when such disclosure would stigmatize Ms. Giuffre's minor children.

    **F.**  **The Other Police Reports**

Defendant challenges the confidentiality designation of police reports made when individuals attempted to break into Ms. Giuffre's home that she shared with her minor children. The police report shows photographs of Ms. Giuffre's former home, which implicates her privacy interests. Therefore, this report should remain outside of the public realm.

Finally, Defendant challenges the confidentiality of police report concerning an alleged crime

9

that occurred at a restaurant where Ms. Giuffre worked. This report is not in the public realm, and Ms. Giuffre has never been convicted of a crime. Accordingly, such police reports should be confidential as they naturally implicate her privacy interests, and wrongfully suggest she was involved in a crime

### G. Defendant Seeks to Make These Police Reports Public for Improper Purposes

As criminal defense attorneys, Defendant's attorneys are already familiar with the fact that the law protects from disclosure police records involving juveniles, and police records involving sexual assault victims. Therefore, their willingness to go along with their client's desire to make these records public is improper.

Records produced by Defendant, and inspected as part of this Court's *in camera* review, have already shown the rationale behind Defendant's desire to publish these reports: she is trying to further wound Ms. Giuffre, simply because the sexual crimes committed against her as a child did not result in a conviction of the perpetrators. As this Court has already seen in its *in camera* review, Defendant and ▬▬▬▬▬ are attempting to twist and contort the facts in these police reports to tell the public that Ms. Giuffre "cried rape" as a fourteen year old, a phrase repeated by Defendant's counsel on the March 21, 2016, meet-and-confer call. The evidence of this plot to defame Ms. Giuffre once again is as recent as February of 2015:

```
From:      ▬▬▬▬▬
Sent:      Tuesday, February 24, 2015 3:36 AM
To:        G Max; ▬▬▬▬▬
Subject:   VR cried rape - prior case dismissed as prosecutors found her 'not credible'
```

Ghislaine

Some helpful leakage...

*See* GM_00577. Non-prosecution of a rape does not mean the rape didn't happen, and that in the United States, out of every 1,000 rapes, 994 perpetrators will walk free.[3] The statistics were likely even worse over twenty years ago when these assaults took place. Indeed, in one of the police reports, the investigator noted that Ms. Giuffre was unconscious during the sexual assault. *See* GM_00761 (police report stating "When she awoke, she was lying on the front seat of Kevin's car with her pants around her ankles and suspect number 2 (the unidentified suspect) on top of her engaging in forced vaginal intercourse. Said that Kevin (suspect) was attempting to force her to perform oral sex on him"). Obviously, if the victim is unconscious, it is rape.

Accordingly, this Court should put a stop to Defendant's plan to defame Ms. Giuffre again by telling the public that she "cried rape" through the Defendant's public release of these police reports depicting Ms. Giuffre's rape as a fourteen year old. The Court should also direct Defendant to disclose every person to whom she or her counsel disseminated these reports or the information therein.

### III. CONCLUSION

For the reasons stated above, Ms. Giuffre requests that this Court maintain the confidentiality designations over these police reports and direct the Defendant to disclose all the recipients of the information contained therein

Dated: August 8, 2016.

---

[3] Rape Abuse & Incest National Network, https://www.rainn.org/statistics/criminal-justice-system

        Respectfully Submitted,

        BOIES, SCHILLER & FLEXNER LLP

By: <u>/s/ Sigrid McCawley</u>
  Sigrid McCawley (Pro Hac Vice)
  Meredith Schultz (Pro Hac Vice)
  Boies Schiller & Flexner LLP
  401 E. Las Olas Blvd., Suite 1200
  Ft. Lauderdale, FL 33301
  (954) 356-0011

  David Boies
  Boies Schiller & Flexner LLP
  333 Main Street
  Armonk, NY 10504

  Bradley J. Edwards (Pro Hac Vice)
  FARMER, JAFFE, WEISSING,
  EDWARDS, FISTOS & LEHRMAN, P.L.
  425 North Andrews Avenue, Suite 2
  Fort Lauderdale, Florida 33301
  (954) 524-2820

  Paul G. Cassell (Pro Hac Vice)
  S.J. Quinney College of Law
  University of Utah
  383 University St.
  Salt Lake City, UT 84112
  (801) 585-5202[4]

---

[4] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 8, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                           /s/ Sigrid S. McCawley
                                               Sigrid S. McCawley