Exhibit 2

# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH. 954.356.0011 • FAX 954.356.0022

*CONFIDENTIAL*

Meredith Schultz, Esq.
E-mail: mschultz@bsfllp.com

May 20, 2016

**VIA E-MAIL**

Jeffrey Pagliuca, ESQ.
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203

  Re: ***Giuffre v. Maxwell***
     <u>Case No. 15-cv-07433-RWS</u>

Dear Jeffrey:

  You have stated that there is "likely" no good faith basis for keeping the details of the rape of a 14 year old girl, and the reactions of Ms. Giuffre's minor children to domestic violence, outside of the public realm. *See* May 18, 2016 letter from J. Pagliuca ("Your email does not provide any good faith basis for the [confidentiality] assertion, likely because there is none."). I disagree.

  Your latest production includes a police report detailing the rape of a 14 year old child, my client. Other materials you produced include police records concerning my client while she was a minor child, and police records showing my client as a victim of domestic abuse, which include descriptions of her minor children.

  As far as my good faith basis for designating the remainder of your production confidential, I have several.

  First, Florida statutes protect "[a]ny information in a videotaped statement of a minor who is alleged to be or who is a victim of sexual battery . . . which reveals that minor's identity." Fla. Stat. § 119.071. Additionally, Fla. Stat. 985.036 protects records where a juvenile is a victim of a crime.

  Section 794.026, Fla. Stat., creates a civil right of action against an individual who communicates to others, identifying information concerning the victim of a sexual offense. Please identify all individuals with whom you have shared this police report.

BOIES, SCHILLER & FLEXNER LLP

*CONFIDENTIAL*

Letter to Jeffrey Pagliuca, Esq.
May 20, 2016
Page 2

Second, Fla. Stat. § 985.04 and Fla. Stat. § 985.054 make juvenile law enforcement records confidential from members of the public, and states that information obtained by a law enforcement agent participating in the assessment of a juvenile is confidential. These statutes apply to the police reports involving Ms. Giuffre as a juvenile.

Additionally, certain of the police reports implicate Ms. Giuffre's involvement with the Florida Department of Children and Families, *see e.g.*, GM_00750, and if such reports are part of the State's Department of Children and Families' records, they are confidential pursuant to Fla. Stat. § 39.202(6).

Moreover, all records concerning Ms. Giuffre as a juvenile should be treated as confidential under the Protective Order because they concern a minor child, and therefore, are of a sensitive nature.

Third, police reports concerning Ms. Giuffre as a victim of domestic abuse that also describe her minor children are confidential. This confidentiality is to protect the identity of Ms. Giuffre's minor children, and to protect Ms. Giuffre's privacy interests which are naturally implicated in the potential release of domestic violence records. Colorado statutes recognize and protect the privacy of domestic violence victims, *see, e.g., CRS* § 13-90-107(k), and maintaining the confidentiality of these records naturally protect Ms. Giuffre's privacy interests.

Additionally, access to law enforcement records involving juveniles is protected by C.R.S. 19-1-301, *et. seq.*, as "[t]he disclosure of sensitive information carries the risk of stigmatizing children." C.R.S. 19-1-302. Accordingly, Colorado law protects from disclosures police reports concerning Ms. Giuffre's minor children, particularly, in situations like the one at hand, when such disclosure would stigmatize Ms. Giuffre's minor children.

Fourth, the police reports that show photographs of Ms. Giuffre's former home also implicate her privacy interests, and therefore should remain outside of the public realm.

Fifth, police records concerning alleged crimes committed by Ms. Giuffre as an adult are not in the public realm, and Ms. Giuffre has never been convicted of a crime. Accordingly, such police reports should be confidential as they naturally implicate her privacy interests, and wrongfully suggest she was involved in a crime.

Having had an opportunity to make a closer review of your production, I hereby de-designate GM_00841 through GM_00984, documents describing my client with a slur for female genitalia, as they appear to represent an article sourced from the internet.

BOIES, SCHILLER & FLEXNER LLP

**CONFIDENTIAL**

Letter to Jeffrey Pagliuca, esq.
May 20, 2016
Page 2

      By this letter, I am also seeking your good faith basis for labeling your client's many communications with Jeffrey Epstein as confidential, including what common law and statutory privacy interests they implicate.

Sincerely,

*[signature]*

Meredith Schultz

MS/ep