# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

### PLAINTIFF VIRGINIA GIUFFRE'S MOTION FOR AN ADVERSE INFERENCE INSTRUCTION PURSUANT TO RULE 37(b), (e), and (f), FED. R. CIV. P.

Plaintiff, Virginia Giuffre, hereby submits this Motion for an Adverse Inference Instruction to the jury for failure to comply with a Court Order pursuant to Rule 37(b); for failure to preserve electronically stored information pursuant to Rule 37(e); and for failure to participate in framing a discovery plan pursuant to Rule 37(f), Fed. R. Civ. P., and states as follows.

## I. BACKGROUND

After receiving written briefs on the Plaintiff's Motion for Forensic Examination (DE 96), and hearing oral argument on the same on May 12, 2016, this Court on June 20, 2016, granted in part and denied in part Plaintiff's Motion. Specifically, this Court held:

> Federal Rule of Civil Procedure 26(f)(3)(C) requires the parties to state their views and proposals as to preservation of electronically stored information ("ESI") and the form of the production of ESI. Fed. R. Civ. P. 26(f)(3)(C). Defendant having admitted to deletion practices that indicate relevant documents and also refused to detail document search methods, good cause exists to warrant court supervised examination of her electronic devices. Accordingly, Plaintiff's motion is granted in part.
>
> Defendant is ordered to collect all ESI by imaging her computers and collecting all email and text messages on any devices in Defendant's possession or to which she has access that Defendant used between the period of 2002 to present. Defendant is further directed to run mutually-agreed upon search terms related to Plaintiff's request for production over the

aforementioned ESI and produce responsive documents within 21 days of distribution of this opinion.

June 20, 2016, Order, filed in redacted form at Docket Entry 264-1. The deadline for production was Monday, July 11, 2016.

Pursuant to this Order, counsel for Ms. Giuffre sent Defendant's counsel a letter requesting that electronic documents, including email, be searched with a detailed list of proposed search terms. *See* Declaration of Meredith Schultz ("Schultz Decl.") at Exhibit 1, June 30, 2016, Letter to Laura Menninger regarding electronic document search terms. On the first page of this letter, the undersigned stated, "please let me know if you think additional terms would be appropriate or whether you object to any terms." *Id*. Ms. Giuffre's counsel sent a follow up letter on July 8, 2016 requesting that Defendant also search a previously undisclosed e-mail address for Defendant that Ms. Giuffre discovered when reviewing a FOIA production from the Palm Beach County State Attorney's Office relating to the police investigation of Jeffrey Epstein.  The undisclosed e-mail address for the Defendant was GNMM@Earthlink.net.  *See* Schultz Decl. at Exhibit 2, Palm Beach County State Attorney's Office, Public Records Request No.: 16-268, Disc 7 (GIUFFRE007590) at Page 2305. Upon finding this undisclosed email accounts, the undersigned sent a follow-up letter to Ms. Menninger, stating: "please include a search of Ms. Maxwell's GNMM@earthlink.net email account." *See* Schultz Decl. at Exhibit 3, July, 8 2016, Letter to Ms. Menninger.

To date, Defendant's counsel did not respond to either Ms. Giuffre's initial letter submitting requested search terms or her second letter adding the previously undisclosed e-mail account.  More importantly, Defendant has failed to comply with this Court's Order directing her to collect all her ESI by imaging her computers and electronic devises for the period of 2002 to the present and run search terms and produce those documents. The Court's deadline pursuant to

its June 20, 2016 Order was July 11, 2016. The deadline has come and gone without any production whatsoever by Defendant. Defendant completely disregarded this deadline and has not produced a single document in violation of this Court's order. Defendant has not provided any justification to date for her failure to comply with this Court's June 20, 2016, Order.

## II.     ARGUMENT

Ms. Giuffre is at a loss as to how to proceed in view of Defendant's willful noncompliance with this Court's Order. Accordingly, in light of the non-compliance, Ms. Giuffre respectfully requests that this Court instruct the jury at trial that it can draw an adverse inference about the information contained in the data that Defendant refuses to produce, contrary to this Court's Order. An adverse inference instruction is appropriate when a party refuses to turn over documents in defiance of a Court Order. *See Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, 2005 WL 1026461, at *1 (S.D.N.Y. May 2, 2005) (denying application to set aside Magistrate Judge Peck's order entering an adverse inference instruction against defendant for failure to produce documents that the Judge Peck had ordered Defendant to produce). Accordingly, because a "party's failure to produce evidence within its control creates a presumption that evidence would be unfavorable to that party" an adverse inference should be applied with respect to Defendant's failure to produce "in order to ensure fair hearing for [the] other party seeking evidence." *Doe v. U.S. Civil Service Commission*, 483 F.Supp. 539, 580 (S.D. N.Y., 1980) (*citing International Union v. NLRB*, 148 U.S.App.D.C. 305, 312-317, 459 F.2d 1329, 1336-41 (D.C.Cir.1972)).

"An adverse inference serves the remedial purpose "of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of [or willful refusal to produce] evidence by the opposing party." *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 222

3

(S.D.N.Y. 2013) (granting an adverse inference when defendants refused to produce documents pursuant to the District Court's order). Where "an adverse inference ... is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* citing *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 108 (2d Cir. 2002).

An adverse inference is appropriate regarding the documents that Defendant is withholding under the Second Circuit's test set forth in *Residential Funding*. First, Defendant has control over her own documents, and she has an obligation to produce them pursuant to Plaintiff's Requests for Production under Rule 34, Fed. R. Civ. P., and, more importantly, this Court's June 20, 2016 Order, specifically directing Defendant to produce them. Second, Defendant has a culpable state of mind because Defendant knew what documents she was supposed to produce pursuant to the Court's order, and willfully refused to produce them.[1] Third, the missing evidence is relevant to

---

[1] Defendant has admitted to deleting emails as this Court noted in its Order. An adverse inference is equally appropriate if the non-compliance was due to Defendant's destruction of evidence. *See Brown v. Coleman*, 2009 WL 2877602, at *2 (S.D.N.Y. Sept. 8, 2009) ("Where a party violates a court order—either by destroying evidence when directed to preserve it or by failing to produce information because relevant data has been destroyed—Rule 37(b) of the Federal Rules of Civil Procedure provides that the court may impose a range of sanctions, including dismissal or judgment by default, preclusion of evidence, imposition of an adverse inference, or assessment of attorneys' fees and costs. Fed.R.Civ.P. 37(b); *see Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 106–07 (2d Cir.2002)"). *See also Essenter v. Cumberland Farms, Inc.*, 2011 WL 124505, at *7 (N.D.N.Y. Jan. 14, 2011); and Rule 37(e), Fed. R. Civ. P. ("If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it . . . the court: (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information

Ms. Giuffre's claim, such that a reasonable trier of fact could find that it would support her claim. Specifically, Ms. Giuffre has accused Defendant of defaming her by calling her a liar when Ms. Giuffre came forward with accusations of Defendant's involvement in her abuse. As truth is a defense to defamation under New York law, a showing that Defendant was not telling the truth when she called Ms. Giuffre a liar - and that Defendant did, indeed, abuse Ms. Giuffre - defeats such a defense. A reasonable trier of fact could, and should, find that Defendant's refusal to produce these documents (which include her email communications), support Ms. Giuffre's claim of defamation.

Ms. Giuffre has suffered prejudice, and will continue to suffer prejudice, due to Defendant's non-compliance with her discovery obligations and non-compliance with this Court's Order, for multiple reasons. First, this Court granted Ms. Giuffre's Motion to Compel Defendant to Answer Deposition Questions in its June 20, 2016, Order. *See* June 20, 2016, Unredacted Order, at p. 9-10. This deposition is currently scheduled for July 22, 2016. Ms. Giuffre is forced to take this deposition without the discovery this Court ordered, and therefore, will not be able to depose Defendant on the wrongfully withheld discovery. Additionally, Ms. Giuffre will continue to suffer prejudice because she will not be able to use this discovery in summary judgment proceedings, nor present this evidence to the jury at trial.

The Second Circuit has stated, "[w]here documents, witnesses, or information of any kind relevant issues in litigation is or was within the exclusive or primary control of a party and is not provided, an adverse inference can be drawn against the withholding party. Such adverse inferences are appropriate as a consequence for failure to make discovery." *Bouzo v. Citibank*,

---

was unfavorable to the party; (b) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.").

N.A., 1993 WL 525114, at *1 (S.D.N.Y. 1993) (internal citations omitted). Similarly, Defendant has refused to produce documents in her control, despite this Court's Order to do so. Therefore, an adverse inference is an appropriate consequence for Defendant's failure to make discovery.

### III. CONCLUSION

For the reasons set forth above, Ms. Giuffre respectfully request that this Court grant her motion for an adverse inference jury instruction pursuant to Rule 27(b), (e), and (f), with respect to the electronic documents and electronic communications that this Court Ordered her to produce.

Dated: July 13, 2016.

                    Respectfully Submitted,
                    BOIES, SCHILLER & FLEXNER LLP

         By: /s/ Sigrid McCawley
              Sigrid McCawley (Pro Hac Vice)
              Meredith Schultz (Pro Hac Vice)
              Boies Schiller & Flexner LLP
              401 E. Las Olas Blvd., Suite 1200
              Ft. Lauderdale, FL 33301
              (954) 356-0011

              David Boies
              Boies Schiller & Flexner LLP
              333 Main Street
              Armonk, NY 10504

              Bradley J. Edwards (Pro Hac Vice)
              FARMER, JAFFE, WEISSING,
              EDWARDS, FISTOS & LEHRMAN, P.L.
              425 North Andrews Avenue, Suite 2
              Fort Lauderdale, Florida 33301
              (954) 524-2820

              Paul G. Cassell (Pro Hac Vice)
              S.J. Quinney College of Law
              University of Utah
              383 University St.
              Salt Lake City, UT 84112

(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

8

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 13th day of July, 2016, I served the attached document via Email and CM/ECF to the following counsel of record.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                            /s/ Sigrid S. McCawley
                                              Sigrid S. McCawley