# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH. 954.356.0011 • FAX 954.356.0022

Meredith Schultz, Esq.
Email: mschultz@bsfllp.com

July 18, 2016

**Via CM/ECF**

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

      **Re:** ***Giuffre v. Maxwell*,**
             **Case No. 15-cv-07433-RWS**

Dear Judge Sweet:

    This letter is a response in opposition to Defendant's improper letter motion to strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(B), (E), and (F), Fed. R. Civ. P.

    First, the instant motion is procedurally improper, as Rule 12(f), Fed. R. Civ. P., permits pleadings to be stricken - not motions. *See Huelbig v. Aurora Loan Services*, LLC, 2011 WL 4348281, at *2 (S.D.N.Y.,2011) ("Plaintiff's Motion to Strike is improper because Federal Rule of Civil Procedure 12(f) allows a court to strike pleadings only . . . motions, declarations, and affidavits are not pleadings."); *Del Col v. Rice*, 2014 WL 1834983, at *9 (E.D.N.Y. May 7, 2014) (denying motion to strike portions of memorandum of law as procedurally improper because it was not a "pleading"); 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Motions, briefs, or memoranda ... may not be attacked by the motion to strike.").

    Second, Ms. Giuffre's counsel *did* attempt to meet and confer regarding the underlying issue, by sending a detailed letter specifically asking counsel for defendant whether they objected to any terms and whether she thought different terms would be appropriate.[1] Defendant's counsel's failure to respond to that request for conference (and failure to respond to the follow-up letter) addressing these issues, is part of what made filing the motion for an adverse inference necessary. Defendant's wholesale failure to produce any documents by the deadline pursuant to this Court's Order and complete failure to request an extension of time from the Court is another reason Ms. Giuffre's Motion for Adverse Inference is necessary.

---

[1] As noted in Ms. Giuffre's Response in Opposition to Defendant's Motion for Sanctions, Defendant failed to confer with Ms. Giuffre's counsel before filing that motion.

BOIES, SCHILLER & FLEXNER LLP

Letter to the Honorable Robert W. Sweet
July 18, 2016
Page 3

In addition, Ms. Schultz's letter requested that Defendant to confirm that several steps would be taken to preserve and capture data. That request remains unanswered. Significantly, even Defendant's letter motion to strike only says that Defendant's (unspecified) "devices" will be copied. Defendant is silent about capturing Defendant's email.[2] Ms. Giuffre has uncovered a number of email addresses used by Ms. Maxwell. At this point, neither the Court nor Ms. Giuffre knows what, if anything will be done to capture the data from those accounts.

In addition, immediately after the filing of Ms. Giuffre's Motion for Adverse Inference, Defendant informed Ms. Schultz that she would further disobey this Court's order by running secret search terms unilaterally chosen by Defendant: ". . . we do not agree to the 344[3] search terms unilaterally proposed by Ms. Schultz. If Ms. Schultz wants to proposed reasonable search terms we will consider them. In the absence of reasonable terms we will conduct the search term I propose and advise you of the results." *See* Schultz Decl. at Exhibit 1, July 13, 2016, Menninger Email . This communication shows how Defendant plans to continue to violate this Court's Order ("Defendant is further directed to run mutually-agreed upon search terms . . . .") by running Defendant's own, undisclosed, secret search terms.

Running secret search terms, unilaterally chosen by Defendant simply because she did not agree to Ms. Giuffre's ***proposed*** search terms, is no better than Defendant's first efforts at collection. This Court has already rejected a process wherein Defendant's counsel allowed Defendant to pick-and-choose which documents to produce. Now, Defendant wants to take the same approach with search terms.

Ms. Giuffre was reluctant to bring this matter before the Court via a motion for an adverse inference, but had little choice given the surrounding circumstances. Defendant's failure to respond to request for dialogue and conferral is not limited to the instant intransigence regarding search terms. Defendant has made a habit of ignoring counsel's repeated, written requests to meet and confer on various issues. For example, on June 8, 2016, Ms. Schultz sent Defendant's counsel a lengthy and detailed letter concerning the deficiencies in Defendant's production in response to Plaintiff's Second Request for Production. *See* Schultz Decl. at Exhibit 2. In that letter, the undersigned proposed a meet and confer call at Defendant's counsel's convenience, any time Thursday, June 9, 2016, after 11:00 a.m. and any time 9:00 a.m. the following day, Friday, June 10, 2016. Defendant made no response.

Again, on June 13, 2016, the undersigned wrote requesting a meet and confer call. *See* Schultz Decl. at Exhibit 3. This time, the undersigned offered six hours during the work day on

---

[2] Defendant's letter motion improperly blacks out the portions of her attached communications that were written by Ms. Giuffre's counsel.

[3] The majority of the search terms comprise the first and last names of individuals listed in Defendant's Rule 26 disclosures and Ms. Giuffre's Rule 26 disclosures.

BOIES, SCHILLER & FLEXNER LLP

Letter to the Honorable Robert W. Sweet
July 18, 2016
Page 2

Instead of producing discovery, Defendant has complained to this Court that she does not agree with the search terms Ms. Giuffre proposed. This belated complaint is not the proper vehicle for working out such issues. It was not until after Ms. Giuffre's counsel had sent Defendant's counsel two letters concerning the search for electronic documents, and then after she filed a Motion for an Adverse Inference, that counsel for defendant decided to provide objections to some terms.

Defendant's counsel did not meet and confer with Ms. Giuffre's counsel regarding Ms. Giuffre's proposed search terms, despite being asked. To be sure, Mr. Pagliuca told Mr. Edwards he thought the terms were "too broad." But after Mr. Edwards asked him to contact Ms. Schultz, there was no further discussions nor any objections. Mr. Edwards never stated that "Mr. Edwards would talk with Plaintiff's team of lawyers to narrow the scope." Tellingly, that claim is modified in Defendant's motion by the disclaimer, "as Mr. Pagliuca understood it." However, there is no rational basis for that "understanding."

There was no "miscommunication or misunderstanding" here. Instead, there was a blatant disregard for Ms. Giuffre's attempts to confer so she can finally get the discovery documents from Defendant's various email accounts and electronic devices as directed by this Court. Even assuming that it is true that Mr. Pagliuca believed, contrary to facts, that Ms. Giuffre's counsel would re-issue terms, Defendant's counsel never sought any modification of this Court's production deadline.

The facts here are straightforward. As this Court is aware, on June 20, 2016, this Court issued an Order directing Defendant to "run mutually-agreed upon search terms related to Plaintiff's request for production over the aforementioned ESI and produce responsive documents within 21 days of distribution of this opinion." After receiving no contact from the Defendant regarding the Order, on June 30, 2016, Ms. Schultz sent Defendant a list of proposed search terms and sought to confer with Defendant's counsel on this very issue. The letter specifically asked whether Defendant's counsel objected to any terms, and asked if Defendant's counsel thought different terms would be appropriate. They failed to respond in any way, and did not follow up on Ms. Schultz's request to discuss the terms, nor give any assent to capturing Ms. Maxwell's █████ email account (which Ms. Giuffre discovered in the Palm Beach Count State Attorney's records). Defendant cannot ignore and fail to respond in any way to Ms. Giuffre's two letters aimed at coming to mutually-agreed upon search terms for the relevant data and then claim that Ms. Giuffre failed to confer. Moreover, regarding this Court's July 11, 2016, production deadline, Defendant never asked Ms. Giuffre if she would consent to an extension of time to produce, and Defendant never moved the Court for an extension of time. Instead, Defendant simply ignored this Court's Order.

BOIES, SCHILLER & FLEXNER LLP

Letter to the Honorable Robert W. Sweet
July 18, 2016
Page 4

Tuesday, June 14, 2016, and 6 hours during the work day on Wednesday, June 15, 2016 (both days from 10:00 a.m. through 4:00 p.m.). Again, the undersigned received no response whatsoever.

As of the date of this filing, Defendant's counsel has wholly failed to respond in any way to the undersigned's repeated attempts to meet and confer on those issues as well. Indeed, Defendant's counsel did not even acknowledge these requests, let alone state any unavailability.

Ms. Schultz's June 30, 2016, letter inviting dialogue on proposed search terms, and Ms. Schultz's July 8, 2016, letter concerning collection from Ms. Maxwell's ███████ account, simply received the same treatment: Defendant utterly failed to respond. No response was made prior to the Court's deadline to produce, and no response was made after this Court's deadline to produce. It wasn't until Ms. Giuffre sought an adverse inference regarding the documents Defendant failed to produce in defiance of Court Order that there was any movement by Defendant on this issue, and even then, Defendant's first response was a threat of running self-selected, secret terms.

It should not have taken litigation and a Court Order for Defendant to search for mutually-agreed terms in Defendant's email and other electronic data, but it did. Now, Defendant has willfully violated this Court's Order, and completely ignored counsel's requests to confer. Therefore, this Court should not strike Ms. Giuffre's Motion for an Adverse Inference, but rather should grant it for the reasons given therein.

Respectfully submitted,

*Meredith Schultz*

Meredith Schultz, Esq.

MS:dk
cc: Laura Menninger, via CM/ECF
    Jeffrey Pagliuca, via CM/ECF