# EXHIBIT 2
# (Filed Under Seal)

**BOIES, SCHILLER & FLEXNER LLP**

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • ☎ 954.356.0011 • FAX 954.356.0022

Meredith L. Schultz, Esq.
E-mail: mschultz@bsfllp.com

*CONFIDENTIAL*

June 8, 2016

**VIA E-MAIL**

Jeffrey Pagliuca, Esq.
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado  80203

     Re:    *Giuffre v. Maxwell*
             **Case No. 15-cv-07433-RWS**

Dear Jeffrey,

       This letter is in response to your Responses and Objections to Plaintiff's Second Request for Production of Documents, and to follow up on the designations of Confidentiality that have arisen in this case.

       In general, at various stages you have complained about our production; however, we have produced an enormous volume of documents.  On the other hand, you have produced virtually nothing.  We would like some good faith cooperation in the discovery process.  You cannot actually believe that we are not entitled to anything.  I am hopeful that you will quickly reconsider your numerous unwarranted objections so that we are not forced to fight to get readily available discoverable information from you.

       Regarding the Responses and Objections, I would like to set up a meet-and-confer call concerning the following issues.

Document Request No. 1



       The police reports you produced bear date-stamps on them from the issuing agency, all of the date-stamps post-date the March 21, 2016, phone call. Indeed, the earliest date is from April of 2016. Accordingly, these are not the documents you relied upon in the March 21, 2016, meet-

BOIES, SCHILLER & FLEXNER LLP

Jeffrey Pagliuca, Esq.
June 8, 2016
Page 2 of 4

and-confer, as the date on the documents show that you did not have them at that time. It is obvious that you obtained copies of these police reports (or detailed descriptions of them) by other means prior to the March 21, 2016, meet and confer. Accordingly, you have not made any production in response to this Request. That fact that you went to the trouble of getting copies of these reports in April - *after* the meet-and-confer and *after* Ms. Giuffre issued her Request - instead of simply producing the copies you already have, raises questions, as police reports of minors, especially those detailing sexual crimes by and against minors, are protected from public dissemination by Florida law.[1] Therefore, please provide all documents you reviewed or relied upon in making the statements referred to in Document Request No. 1 by Monday, June 13, 2016.

Document Request No. 2 and 3

The response to Document Request No. 2 is inadequate for the reasons stated above, and because there is no attorney-client or work product privilege associated in communications or other documents used to obtain public records, particularly as no privilege attaches to such communications and the existence of the public records themselves has already been revealed and used by you. Therefore, the communications concerning your procurement of these documents are responsive, not privileged, and not properly withheld. Additionally, there is no work product protection for illegally acquired documents, and police reports documenting the sexual assault of children are not publically available in Florida. Additionally, any statements or communications made by public officials in law enforcement or the state attorney's office are not privileged and are not protected by the work-product doctrine, and you cite no authority for such a proposition. Your failure to respond to these Requests is indicia that it is possible the police reports you relied upon in March were procured by improper means by whichever individual furnished you with them, particularly since Florida law protects such reports[2] and keeps them confidential. In short, how did you get materials that are protected from public disclosure by Florida law? How did your client get them? It appears many Florida statutes may well have been violated in obtaining these documents - violated prior to March 16, 2016, and information concerning how, and by whom, they were violated is responsive to Ms. Giuffre's requests.

Document Request Nos. 6, 7, 9, and 10

---

[1] First, Florida statutes protect "[a]ny information in a videotaped statement of a minor who is alleged to be or who is a victim of sexual battery . . . which reveals that minor's identity." Fla. Stat. § 119.071. Additionally, Fla. Stat. 985.036 protects records where a juvenile is a victim of a crime. Further, Section 794.026, Fla. Stat., creates a civil right of action against an individual who communicates to others, identifying information concerning the victim of a sexual offense. Additionally, Second, Fla. Stat. § 985.04 and Fla. Stat. § 985.054 make juvenile law enforcement records confidential from members of the public. , and states that information obtained by a law enforcement agent participating in the assessment of a juvenile is confidential. Finally, certain of the police reports implicate Ms. Giuffre's involvement with the Florida Department of Children and Families, see e.g., GM_00750, and if such reports are part of the State's Department of Children and Families' records, they are confidential pursuant to Fla. Stat. § 39.202(6).
[2] *Id.*

BOIES, SCHILLER & FLEXNER LLP

Jeffrey Pagliuca, Esq.
June 8, 2016
Page 3 of 4

Please explain, and cite any authority, as to why you believe a Joint Defense Agreement, or documents relating to such an agreement, with Jeffrey Epstein is protected by the attorney/client privilege, the work product doctrine, the common interest privilege or any other applicable privilege. You have demanded that our client produce her Joint Defense Agreement and she did, yet you continue to withhold your client's Joint Defense Agreements. How can you, in good faith, strenuously argue your entitlement to our Joint defense agreement while simultaneously lodging an objection to producing yours?

Document Request No. 11

In this Court's previous Order requiring you to turn over the vast majority of the documents on your first privilege log, this Court ordered you to turn over your client's communications with Alan Dershowitz because it ruled that such communications are not privileged. Yet, once again, you are apparently ignoring the Court's prior Order and wrongfully trying to claim privilege over your client's communications with Alan Dershowitz. Interestingly, you claim to be withholding communications with Dershowitz because they "concern joint defense or common interest matters," yet you claim that your client is "unable to locate" her JDA with Dershowitz. As you know, it is your burden to show a joint defense agreement exists, and cannot rightly claim a joint defense privilege while simultaneously failing to produce the joint defense agreement. Accordingly, based upon the foregoing and this Court's prior order, you are required to produce these documents.

Document Request No. 12

You state that "Ms. Maxwell and her counsel are not going to review every document in their possession for any additional documents response to this Request." I would like to discuss why you don't electronically run targeted search terms (such as Virginia, Jenna, Roberts, VR, Giuffre) over the electronic information. A key stroke would foreclose the need to "review[] . . . every single document in their possession," and doing so would not be burdensome. We have repeatedly complied with your expansive discovery requests and you have an obligation to participate in discovery in good faith.

Request Nos. 17 and 18

Please explain why you are not producing documents concerning the defamatory statement at issue in this case. These documents go to the heart of the matter, and you have not asserted a good-faith basis for refusal to produce them. You client defamed Ms. Giuffre on a global stage, but now is "unable to locate" documents concerning her statement? This response indicates absence of a thorough search of your client's documents, and I urge that you reconsider your decision to fail to produce documents concerning Ms. Maxwell's defamatory statements.

BOIES,   SCHILLER   &   FLEXNER   LLP

Jeffrey Pagliuca, Esq.
June 8, 2016
Page 4 of 4

Document Request No. 19

     The response to this request does not indicate that you are withholding any documents responsive to this request, but it seems likely that there exist responsive documents. Are you withholding any documents responsive to this request, and, if so, why?

     Additionally, pursuant to my May 20, 2016, letter, please identify all individuals with whom you have shared any copy of the police reports Bates labeled GM_00784-00801 and GM_00755-00775 by Friday, June 10, 2016.

     Finally, Paragraph 11 of the Protective Order states that "[i]f the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order." It was my understanding that the objection was resolved when I wrote to you in my May 20, 2016, letter setting forth the multiple bases for our confidentiality designation since I did not receive any response from you contradicting those bases or maintaining your objection. Accordingly, I consider the issue resolved, and I consider the confidentiality designation to stand. However, if you take a different view, please advise. Rather than litigate this issue it would seem a more productive use of all parties' time to discuss this matter and see if we can resolve it. If you intend, as you suggest, to treat as non-confidential the police reports which we maintain are confidential, without further discussion please let me know so that we can file the appropriate motion to protect our client. Lastly, it seems you are interpreting paragraph 11 to mean that if one party objects to the confidential status of a document and the other party does not file a motion to maintain the status then the document is immediately deemed non-confidential.  That is not my interpretation of that paragraph but if that is yours then I would like to know.

     I look forward to talking about all of these issues and hopefully resolving some.  I am available any time tomorrow after 11:00 AM EST, and any time on Friday prior to 4:00 PM EST to discuss.

                     Sincerely,

                     Meredith Schultz

MS:aa