# EXHIBIT 1

# (Filed Under Seal)



**Haddon, Morgan and Foreman,** P.C.
**Ty Gee**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

July 29, 2016

**VIA EMAIL**

Meredith Schultz
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
mschultz@bsfllp.com

Paul Cassell
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
cassellp@law.utah.edu

Re:  Conferral on Discovery Issues
      *Giuffre v. Maxwell*, No. 15-cv-07433-RWS (S.D.N.Y.)

Dear Counsel:

This letter is a follow-up to our conferral on July 26, 2016.

Regarding plaintiff's RFP 12, we are supplementing with the following based on your letter of June 8, 2016. The RFP requires defendant to "produce all documents concerning Virginia Giuffre (a/k/a Virginia Roberts), whether or not they reference her by name. This request includes, but is not limited to, all communications, diaries, journals, calendars, blog posts (whether published or not), notes (handwritten or not), memoranda, mobile phone agreements, wire transfer receipts, or any other document that concerns Plaintiff in any way, whether or not they reference her by name." Plaintiff is asking defendant to

Meredith Schultz
Paul Cassell
July 29, 2016
Page 2

produce any document that "concern[s]" plaintiff, "whether or not [the document] reference[s] her by name." As we pointed out in our response, this RFP is overbroad. Its overbreadth would be difficult to exaggerate. Of the many thousands of documents in this case, which ones would not "concern[]" the plaintiff in this case?

In your June 8 letter, apparently acknowledging the overbreadth of the RFP, you suggest the defendant could respond by conducting an electronic search for plaintiff's various names—searching all documents in defendant's possession. Setting aside that this is not what the RFP asked for, that too would entail an extraordinary and unreasonable amount of time and money, since plaintiff's various names are guaranteed to have thousands of hits, and someone would have to review every hit to determine, e.g., whether the document previously was provided to you, whether the document is not subject to production because of privilege, or whether it was a false hit. What would be the purpose of such an enormous expenditure of time and money? You have not said, but it appears fairly obvious that this is fishing with a drift net. We decline your request to engage in this exercise.

Regarding redacted police reports that plaintiff designated "confidential": We objected to plaintiff's confidentiality designation, and plaintiff failed to file a motion in accordance with the Protective Order to maintain the confidentiality of the reports. Accordingly, the reports are not confidential under the Protective Order.

Very truly yours,

Ty Gee

C: David Boies; Bradley J. Edwards