UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

------------------------------------------------------X

**Motion to Strike Plaintiff's Supplement to Motion for**
**Adverse Inference Instruction Based on New Information**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

On July 22, 2016 this Court Ordered the parties to submit proposed search terms to the Court and any briefing related to Plaintiff's Motion for an Adverse Inference Instruction, DE-279, and the briefing schedule set forth in the Court's Order, DE-287, was adjourned. *See*, DE-301.

In direct contravention to the Court's Order, on August 8, 2016, Plaintiff filed a document captioned "Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information". DE-338 . The motion is neither a "supplement" nor "based on new information," but rather a rehashing of issues previously litigated, repetitive and misleading arguments, and new, highly speculative arguments that are not based in fact. Plaintiff claims that Ms. Maxwell is withholding information when she is not and engages in *ad hominin*, scurrilous attacks on Ms. Maxwell and her lawyers. The document should be stricken because it violates the Court's Order of July 22, 2016; it violates basic rules of pleading, and is not a supplement to anything.

### A. The Pleading Violates the Court's Order

There was nothing unclear about the Court's July 22, 2016 order which adjourned the briefing schedule on the Plaintiff's motion for an adverse inference instruction as directed by the Court: "A briefing schedule and submission date will be set after search terms are determined." The Plaintiff, without the permission of the Court, has simply attempted to again additional briefing on a subject. To prevent a free-for-all motion practice in which the parties can violate Orders and the basic rules of civil procedure, the "Supplement" and related documents should be stricken.

### B. The Pleading is Not a Supplement

The Federal Rules of Civil Procedure do not define a "supplement" or "supplemental authority" outside of the context of a "pleading," which is defined in Rule 7(a). A motion is not

1

a pleading.  *See*, Advisory Committee Note 1 to F.R.C.P. 7.  A pleading may only be supplemented by leave of Court.  Fed. R. Civ. P. 15(d).  The Rules of Civil Procedure contain no authority for the filing of a supplement to a motion. See, F.R.C.P. 7(b).

Rule 28(j) of the Federal Rules of Appellate Procedure allows parties to provide "pertinent and significant" supplemental authorities during an appeal where the "pertinent and significant" authorities came to the party's attention after the brief was filed.  District Courts have relied on this rule when evaluating whether a purported filing was a "supplement" as opposed to an impermissible reply or sur-reply.  *See*, *Ormand v. Anthem, Inc.*, 2008 WL 906157, at *1, n.2 (S.D. Ind. Mar. 31, 2008) (granting motion to strike notice of supplemental authority under the criteria set forth in Fed. R. App. P. 28(j)).

Courts throughout the country have regularly granted motions to strike improper filings (such as improper supplemental authorities or improper sur replies), to control their own dockets. *See*, *Ormand*, supra, 2008 WL 906157, at *1, n.2 (striking improper supplemental authorities); *Gen. Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, 752 n.1 (W.D. Ky. 2001) (striking notice of supplemental authority as improper sur reply: "A rebuke is in order here. *** This is an improper filing, as proper motion practice under the local rules contemplates only motions, responses, replies and memoranda; the court's inadvertent attention to these "notices" occurred only after careful investigation of the record. This "Notice of Filing Supplemental Authority" is properly construed as a motion for leave to file a sur reply, which is routinely denied by this court. Moreover, such a motion, when utilized for the purpose of supplementing argument on pending motions, should be used sparingly and for new, controlling case law—not for recently discovered case law, nor for arguments which the parties did not think to make in their pleadings."); *E.T.I. Euro Telecom Int'l N.V. v. Republic of Boliva*, 2008 WL 4129987, at *1

2

n.2 (S.D.N.Y. Sept. 4, 2008) (Swain, J.) ("disregard[ing]" improper sur reply); *Pirnie v. Key Energy Servs., LLC*, 2009 WL 1386997 (D. Colo. May 15, 2009) (striking improper sur reply: "Plaintiffs never asked for leave of court to file their sur reply brief; nor did they argue that a sur reply brief was necessary under the circumstances of the case. Plaintiffs did not show that Defendant had presented new material in the reply brief that it had not included in the original motion for summary judgment. Thus, the Court finds that Plaintiffs' sur-reply brief is improper and should be stricken."); *Lust v. Dedicated Res., Inc.*, 2004 WL 5483695 (S.D. Fla. Oct. 14, 2004) (striking improper sur reply).

The "Supplement" filed by Plaintiff is simply more argument on a topic that the Court has yet to set a briefing schedule. It is improper and should be stricken.

### C. The Improper Pleading Misrepresents the Facts

More significantly, Plaintiff's Supplement completely misrepresents the facts. Ms. Maxwell has run Plaintiff's name as a search term on all of her devices and all of her email accounts and has produced all responsive non-privileged documents. *See* Declaration of Laura A. Menninger of August 1 and Ex. F (search terms run on Ms. Maxwell's devices include: roberts*, g!!ff!!*, virginia*, jenna*, jena*, genna*) (Doc. # 321-1).

The defense, however, has not run Plaintiff's name on *defense counsel's* entire system of computers, servers, hard-drives and email accounts, as Plaintiff has requested. Plaintiff's Request for Production 12 requested that "You" (defined as Ms. Maxwell or her agents or attorneys) "[p]roduce all documents concerning Virginia Giuffre (a/k/a Virginia Roberts), whether or not they reference her by name." A search of the attorneys' files for all documents that "concern" Plaintiff is the search to which the defense has objected (repeatedly, in writing and on the phone) and about which counsel has stated, correctly, such a search term is inappropriate because it is "guaranteed" to generate "thousands of hits." *See,* Supplement at 4.

3

With the exception court filings and discovery in this case (which the Plaintiff already has), the results would be all privileged documents.

Plaintiff has conflated the issue of searching Ms. Maxwell's devices and email accounts with the issue of searching the attorneys' files and has based her entire Supplement on this fundamental misrepresentation.

Likewise, Plaintiff misconstrues and misrepresents many other facts concerning Ms. Maxwell's communications with other witnesses and with regard to her email accounts. The Court has limited, for example, discovery of communications with certain enumerated witnesses post-2000 to those related to "sexual trafficking," see Order of April 15, 2016, not to mention Plaintiff has never issued a discovery request for communications with witness███████. And Ms. Maxwell has only used her "████████" account as a spam account since the mid-2000's, when she opened her "██████" account. Unsurprisingly, documents from the early 2000's do not still exist on the "████████" account (Plaintiff also has produced not a single document from the 2000-2008 timeframe and has confessed to having a bonfire in her backyard in 2013 with responsive documents).

Responding to each and every one of Plaintiff's misrepresentations is a waste of precious resources for defense counsel and this Court, especially as to a matter for which this Court has issued an adjournment of briefing.

WHEREFORE, Ms. Maxwell respectfully requests the Court to strike docket entries 338, 338-1 and 338-2, filed by Plaintiff on August 8, 2016.

Dated: August 10, 2016

Respectfully submitted,

*/s/ Jeffrey S. Pagliuca*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:        303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

# CERTIFICATE OF SERVICE

I certify that on August 10, 2016, I electronically served this *Motion to Strike Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information* via ECF on the following:

Sigrid S. McCawley  
Meredith Schultz  
BOIES, SCHILLER & FLEXNER, LLP  
401 East Las Olas Boulevard, Ste. 1200  
Ft. Lauderdale, FL 33301  
smccawley@bsfllp.com  
mschultz@bsfllp.com  

Bradley J. Edwards  
FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.  
425 North Andrews Ave., Ste. 2  
Ft. Lauderdale, FL 33301  
brad@pathtojustice.com  

Paul G. Cassell  
383 S. University Street  
Salt Lake City, UT 84112  
cassellp@law.utah.edu  

J. Stanley Pottinger  
49 Twin Lakes Rd.  
South Salem, NY 10590  
StanPottinger@aol.com  

*/s/ Nicole Simmons*  
Nicole Simmons