COMPOSITE

EXHBIT 3

(File Under Seal)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 15-CV-07433-RWS

------------------------------------------x
VIRGINIA L. GIUFFRE,

                     Plaintiff,

v.

GHISLAINE MAXWELL,

                     Defendant.

------------------------------------------x

                June 21, 2016
                9:17 a.m.

       C O N F I D E N T I A L

Deposition of JOSEPH RECAREY, pursuant
to notice, taken by Plaintiff, at the
offices of Boies Schiller & Flexner, 401
Las Olas Boulevard, Fort Lauderdale, Florida,
before Kelli Ann Willis, a Registered
Professional Reporter, Certified Realtime
Reporter and Notary Public within and
for the State of Florida.



```
 1              JOSEPH RECAREY - CONFIDENTIAL
 2     Ghislane Maxwell?
 3          A.    I wanted to speak with everyone related to
 4     this home, including Ms. Maxwell.  My contact was
 5     through Gus, Attorney Gus Fronstin, at the time, who
 6     initially had told me that he would make everyone
 7     available for an interview.  And subsequent
 8     conversations later, no one was available for
 9     interview and everybody had an attorney, and I was
10     not going to be able to speak with them.
11          Q.    Okay.  During your investigation, what did
12     you learn in terms of Ghislane Maxwell's
13     involvement, if any?
14                MR. PAGLIUCA:  Object to form and
15          foundation.
16                THE WITNESS:  Ms. Maxwell, during her
17          research, was found to be Epstein's long-time
18          friend.  During the interviews, Ms. Maxwell was
19          involved in seeking girls to perform massages
20          and work at Epstein's home.
21                MR. PAGLIUCA:  Object to form and
22          foundation.
23     BY MR. EDWARDS:
24          Q.    Did you interview -- how many girls did
25     you interview that were sought to give or that
```



```
 1            JOSEPH RECAREY - CONFIDENTIAL
 2   I guess I'll start with where it says on 4/4/2005, I
 3   just want to ask you, was a voice mail message taken
 4   into evidence from HR to SG?
 5        A.   Yes.
 6        Q.   Okay.  And the purpose of that evidence is
 7   to corroborate what?
 8             MR. PAGLIUCA:  Object to form and
 9        foundation.
10             THE WITNESS:  It was actually a phone call
11        from HR to SG confirming an appointment to go
12        work at Epstein's residence.
13   BY MR. EDWARDS:
14        Q.   The next line down is what I wanted to
15   focus on, April 5th, 2005.
16             This trash pull, what evidence is yielded
17   from this particular trash pull?
18             MR. PAGLIUCA:  Object to form and
19        foundation.
20             THE WITNESS:  The trash pull indicated
21        that there were several messages with written
22        items on it.  There was a message from HR
23        indicating that there would be an 11:00
24        appointment.  There were other individuals that
25        had called during that day.
```



MAGNA LEGAL SERVICES

```
 1              JOSEPH RECAREY - CONFIDENTIAL
 2   BY MR. EDWARDS:
 3       Q.   And when you would -- when you would see
 4   females' names and telephone numbers, would you take
 5   those telephone numbers and match it to -- to a
 6   person?
 7            MR. PAGLIUCA:  Object to form and
 8       foundation.
 9            THE WITNESS:  We would do our best to
10       identify who that person was.
11   BY MR. EDWARDS:
12       Q.   And is that one way in which you
13   discovered the identities of some of the other what
14   soon came to be known as victims?
15            MR. PAGLIUCA:  Object to form and
16       foundation.
17            THE WITNESS:  Correct.
18   BY MR. EDWARDS:
19       Q.   Okay.  There's the second paragraph from
20   the bottom, it starts, "Detective Leigh provided
21   trash from 4/06, 4/07/2005."
22            Do you see that?
23       A.   Yes.
24       Q.   And what is the purpose of the indication
25   that "the following information was retrieved: Jet
```



```
 1            JOSEPH RECAREY - CONFIDENTIAL
 2   BY MR. EDWARDS:
 3       Q.   Okay.  Also reflected are the property
 4   receipts?
 5            MR. PAGLIUCA:  Object to form and
 6       foundation.
 7            THE WITNESS:  Correct.
 8   BY MR. EDWARDS:
 9       Q.   All right.
10            And where were those taken from, in terms
11   of whose property is that?
12            MR. PAGLIUCA:  Object to form and
13       foundation.
14            THE WITNESS:  This would have been taken
15       from the home of Jeffrey Epstein.
16   BY MR. EDWARDS:
17       Q.   And in reviewing that evidence, were you
18   able to substantiate or corroborate certain victims'
19   accounts of their allegations of having been at the
20   house?
21            MR. PAGLIUCA:  Object to form and
22       foundation.
23            THE WITNESS:  Correct.
24   BY MR. EDWARDS:
25       Q.   Did you find names of other witnesses and
```



1        JOSEPH RECAREY - CONFIDENTIAL
2   people that you knew to have been associated with
3   the house in those message pads?
4           MR. PAGLIUCA: Object to form and
5       foundation.
6           THE WITNESS: Yes.
7   BY MR. EDWARDS:
8       Q.   And so what was the evidentiary value to
9   you of the message pads collected from Jeffrey
10  Epstein's home in the search warrant?
11          MR. PAGLIUCA: Object to form and
12      foundation.
13          THE WITNESS: It was very important to
14      corroborate what the victims had already told
15      me as to calling in and for work.
16  BY MR. EDWARDS:
17      Q.   Okay. And did you learn the identities of
18  some of the other individuals associated with
19  Jeffrey Epstein through the review of that
20  particular evidence?
21          MR. PAGLIUCA: Object to form and
22      foundation.
23          THE WITNESS: Correct.
24  BY MR. EDWARDS:
25      Q.   Okay. And what did you do with that



```
                                                    Page 363
2                      AFFIDAVIT
3     STATE OF FLORIDA      )
      COUNTY OF             )
4
5
           I,                         , being first
6     duly sworn, do hereby acknowledge that I did
      read a true and certified copy of my deposition
7     which was taken in the case of GIUFFRE V.
      MAXWELL, taken on the 24th day of September,
8     2016, and the corrections I desire to make are
      as indicated on the attached Errata Sheet.
9
10                     CERTIFICATE
11
12    STATE OF FLORIDA      )
      COUNTY OF             )
13
14
           Before me personally appeared
15    _____,
      to me well known / known to me to be the
16    person described in and who executed the
      foregoing instrument and acknowledged to and
17    before me that he executed the said instrument
      in the capacity and for the purpose therein
18    expressed.
19
20         Witness my hand and official seal, this
      _____ day of _____, _____.
21
22
23
                                 _____
                                    (Notary Public)
24
25    My Commission Expires:
```

MAGNA LEGAL SERVICES