**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

      Plaintiff,                 Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

      Defendant.

_____/

**MS. GIUFFRE'S PROPOSED SEARCH TERMS**

Pursuant to this Court's July 21, 2016, Order, Ms. Giuffre hereby submits proposed search terms and a proposed method of employing them.

**I.    GATHERING DATA**

To ensure that Defendant captured all her email data, Ms. Giuffre requested that Defendant "please use IMAP Capable software (or a functional equivalent) to capture all of the sent/received emails from Ms. Maxwell's various email accounts, including but not limited to the following: (1) GMax1@ellmax.com (and any other accounts at ellmax.com); (2) gmax1@mindspring.com (and any other accounts at mindspring.com); (3) any of Ms. Maxwell's email account associated with The Terramar Project (including any account ending in @theterramarproject.org); and (4) any other email accounts either used in the past, or currently in use." Ms. Giuffre later requested that data from Ms. Maxwell's ▓▓▓▓▓▓▓ account be captured. To ensure that Defendant captured her data from her electronic devices, Ms. Giuffre requested: "please use FileSeek software (or a functional equivalent) to retrieve any data, including electronic documents (such as Word documents; PDFs; Excel sheets; etc.), from Ms. Maxwell's devices, including personal computers, work computers, any tablets, and any phones. This includes any cloud storage

accounts."

## II.     APPLYING THE SEARCH TERMS

Ms. Giuffre requested that Defendant apply the search terms in such a way that they would yield documents responsive to Ms. Giuffre's requests and in such a way wherein responsive documents would not be "missed" as a result of Defendant's behind-the-scenes maneuvering with the syntax of the search terms. Specifically, Ms. Giuffre requested:

> When applying the search terms, the search terms need to "hit" on documents even if the terms are embedded within other words. So, for example, the term "acuity" would yield a hit on the document, even if the word in the document is "acuityreputation." To return a hit on those embedded terms, I request that you use "wildcards" to ensure that embedded terms are located. (Wildcard characters are used to expand word searches into pattern searches by "replacing" single or multiple characters.) Where there are a specific number of characters needed to be included, a single wildcard will achieve that purpose. For example, in some programs, ! is used for single character wildcards, and * is used for multiple character wildcards. For instance:
>
>   (a) Single character wildcard example: a search for **L!n!** will return "long," "link," "lane," "lone," etc.
>   (b) Multiple character wildcard example: a search for **chil*** will return "children," "chill," "chilling," etc.
>   (c) Mixed use of wildcards: a search for **L!n*** will return "lines," "lining," "linty," etc.
>
> Accordingly, the below search terms are submitted with wildcard characters to be applied in the manner of the examples above. Please apply them as such with whatever characters is required by the software/platform that you will be using.
>
> Similarly, regarding how the terms are combined (**AND** or **OR**). **OR** should expand your results while **AND** will restrict result to only those which include all the terms.
>
> Additionally, I want to clarify that I would like all of the metadata to be searched in addition to the text of the documents. For example, if the search term is "acuity," "hits" should include all the document that include the word "acuity" in their text OR in their metadata (this includes words in items such as email subjects, filenames, as well as any documents which include that word somewhere within their text).

I also wanted to point out another special syntax with regard to proximity searching. This is a search that finds words within a specified distance from one another. On some software, this is represented as w/#, so a search for "**meet w/2 greet**" will return "meet and greet," "greet and meet" and "meet and nicely greet." Please apply accordingly.

Additionally, for searches for people's initials in the search terms, please use "exact matches," "stand alone," or "literal" terms (see, e.g., PA, AD, JE, GM).

Finally, the search terms are **not** to be treated as case-sensitive, meaning that the terms should be searched according to their letters, regardless of whether they are represented in the list as containing upper case or lower case letters.

Should the Court, again, order Defendant to run search terms over her data, Ms. Giuffre respectfully requests that the Court direct Defendant to employ the above methods in applying search terms.

### III. PROPOSED SEARCH TERMS

Running search terms necessarily involves some trial-and-error and some negotiation among the parties. Typically, if a proposed term yields an enormous number of "hits," and the first 50 randomly-chosen documents from different parts of the body of these hit are clearly unresponsive, the party running the term informs the party requesting the term of that fact and further discussions follows. For example, the requesting party might refine the term or eliminate the term entirely. A term can be refined by attaching another term to it or putting other limitations on the term.

By the method proposed by Ms. Giuffre, no party's search terms can yield an undue number of documents or an undue number of "false hits" for the other party to labor to review, since the search terms are crafted in a dynamic, "negotiated" fashion as describe above. Also, such a method, performed in good faith, does not necessitate motion practice or Court intervention.

In this case, counsel for Defendant has not disclosed to counsel for Ms. Giuffre the number of hits yielded by the terms to which they object. It is unclear whether or not Defendant's counsel has "run" the terms to which they object to see what sort of results are produced. Without taking that step, Defendant simply cannot put forth valid objections to Ms. Giuffre's proposed terms.

Many of Ms. Giuffre's proposed search terms are derived from the names listed in Defendant's Rule 26 disclosures and Plaintiff's Rule 26 disclosures, who, under Rule 26, are "individual[s] likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Ms. Giuffre has previously agreed to winnow that group down by omitting their first names as search terms. Those changes are reflected in the terms listed below.

Regarding Ms. Giuffre's refinement of those terms - eliminating the first names derived from individuals in the Rule 26 Disclosures - Ms. Giuffre noted to Defendant's counsel: "The vast majority of the surnames are fairly uncommon (e.g., "Kucukkoylu"), therefore, I assume from the outset that any "hits" they yield will relate to the individual, and be limited in number. For those surnames that are more common, or have other meanings (e.g., Grant, Hall), I have noted the full name [below in this email] for ease of reference. For those names, please use a reasonable, good-faith syntax to capture communications with those individuals -- for example: "Alex* w/50 Hall." Sometimes that takes some trial-and-error – I'm happy to be of any assistance with regard to that process. Please let me know what your syntax you ended up using for those terms." Ms. Giuffre's proposal of such syntax limitations shows that Ms. Giuffre is not trying to bury Defendant in a document review, but, instead, trying with precision to obtain relevant and responsive documents.

In addition, Ms. Giuffre has agreed to discard multiple other proposed search terms. Therefore, those discarded terms are not reflected in the terms below.

Certain terms appear to be very similar. These exist to capture American and British English variations (e.g. e.g. pedophile/paedophile; "high school"/"secondary school"), and spelling variations for names (Jeff/Geoff). Certain other terms are derived from the individuals' email addresses. This is necessary to capture relevant communications in the case that the individuals are not referred to by name in the communication, the communications with those individuals would still yield a "hit," because the email address terms capture their email addresses. For example, "jeevacation" is part of Jeffrey Epstein's email address. In addition, certain individuals have multiple search terms representing them due to their aliases and previous names (for example, Sarah Kellen is also known as Sarah Kensington and Sarah Vickers). Therefore, in the list below, there are often multiple terms designed to capture data concerning a single individual. Ms. Giuffre's remaining terms are as follows.

| #   | Term            | #    | Term       | #    | Term                  |
|-----|-----------------|------|------------|------|-----------------------|
| 1)  | jef*            | 19)  | AD         | 37)  | flight*               |
| 2)  | geof*           | 20)  | ▮          | 38)  | passport*             |
| 3)  | epst!!n*        | 21)  | ▮          | 39)  | southern* w/3 district* |
| 4)  | jeevacation*    | 22)  | massage*   |      |                       |
| 5)  | j* w/2 *jep*    | 23)  | masseur*   | 40)  | palm* w/3 beach*      |
| 6)  | j* w/2 *jeep*   | 24)  | therapist* | 41)  | state* /3 attorney*   |
| 7)  | roberts*        | 25)  | ▮          | 42)  | ▮                     |
| 8)  | g!!ff!!*        | 26)  | ▮          | 43)  | acuity*               |
| 9)  | virginia*       | 27)  | ▮          | 44)  | victoria* w/3 secret* |
| 10) | jenna*          | 28)  | ▮          |      |                       |
| 11) | jena*           | 29)  | ▮          | 45)  | al!n*                 |
| 12) | genna*          | 30)  | ▮          | 46)  | all!n*                |
| 13) | ▮               | 31)  | ▮          | 47)  | dersh*                |
| 14) | ▮               | 32)  | *copter*   | 48)  | ▮                     |
| 15) | ▮               | 33)  | chopper*   | 49)  | ▮                     |
| 16) | PA              | 34)  | pilot*     | 50)  | ▮                     |
| 17) | JE              | 35)  | manifest*  | 51)  | new* w/3 mexico*      |
| 18) | GM              | 36)  | log*       | 52)  | NM                    |

53) virgin* w/3 island*
54) usvi*
55) little* w/3 st*
56) little* w/3 saint*
57) st* w/3 j*
58) saint* w/3 j*
59) lsj*
60) lago*
61) ▇
62) ▇
63) ▇
64) ▇
65) police*
66) cop*
67) fbi*
68) federal* w/3 bur*
69) bur* w/8 inves! *
70) sex*
71) abuse*
72) toy*
73) dildo*
74) strap* w/3 on*
75) vibr*
76) sm* w/3 101*
77) slave*
78) erotic*
79) servitude*
80) high* w/3 school*
81) secondary* w/3 school*
82) campus*
83) ▇
84) ▇
85) licen!e*
86) assault*
87) juvenile*
88) seal*
89) joint* w/3 defen*
90) jda
91) roadhouse*
92) grill*
93) illegal*
94) immune*
95) prosecut*
96) law* w/3 enforc*
97) jane* w/3 *doe*
98) hospital*
99) hotel*
100) suite*
101) villa*
102) model*
103) actress*
104) france*
105) paris*
106) zoro*
107) ranch*
108) vanity* w/ 3 fair*
109) ▇
110) ▇
111) ▇
112) ▇
113) ▇
114) ▇
115) ▇
116) ▇
117) ▇
118) ▇
119) ▇
120) ▇
121) cassell*
122) churcher*
123) ▇
124) ▇
125) ▇
126) edwards*
127) ▇
128) ▇
129) ▇
130) ▇
131) ▇
132) ▇
133) ▇
134) ▇
135) ▇
136) ▇
137) ▇
138) ▇
139) ▇
140) ▇
141) ▇
142) ▇
143) ▇
144) ▇
145) ▇
146) ▇
147) ▇
148) ▇
149) ▇
150) ▇
151) ▇
152) ▇
153) ▇
154) ▇
155) ▇
156) ▇
157) ▇
158) pottinger*
159) recarey*
160) ▇
161) ▇
162) ▇
163) ▇
164) ▇
165) ▇
166) ▇
167) ▇
168) ▇
169) ▇
170) ▇

| | | | | | |
|---|---|---|---|---|---|
| 171) | ▇▇▇ | 197) | ▇▇▇ | 223) | ▇▇▇ |
| 172) | ▇▇▇ | 198) | ▇▇▇ | 224) | ▇▇▇ |
| 173) | ▇▇▇ | 199) | ▇▇▇ | 225) | underage* |
| 174) | ▇▇▇ | 200) | ▇▇▇ | 226) | under!age* |
| 175) | ▇▇▇ | 201) | ▇▇▇ | 227) | minor* |
| 176) | ▇▇▇ | 202) | ▇▇▇ | 228) | daily* w/10 mail* |
| 177) | ▇▇▇ | 203) | ▇▇▇ | 229) | daily* w/10 news* |
| | | 204) | ▇▇▇ | 230) | lie* |
| 178) | alessi* | 205) | ▇▇▇ | 231) | obvious* w/10 lie* |
| 179) | ▇▇▇ | | | 232) | sex w/3 toy* |
| 180) | ▇▇▇ | 206) | ▇▇▇ | 233) | nipple* |
| 181) | ▇▇▇ | 207) | ▇▇▇ | 234) | schoolgirl |
| 182) | ▇▇▇ | 208) | ▇▇▇ | 235) | school w/3 girl |
| 183) | ▇▇▇ | 209) | ▇▇▇ | 236) | us w/3 att* |
| 184) | ▇▇▇ | 210) | ▇▇▇ | 237) | United w/3 states w/3 att* |
| 185) | ▇▇▇ | 211) | ▇▇▇ | | |
| 186) | ▇▇▇ | 212) | ▇▇▇ | 238) | Guggenheim |
| 187) | ▇▇▇ | 213) | ▇▇▇ | 239) | Pedophil* |
| 188) | ▇▇▇ | 214) | ▇▇▇ | 240) | Paedophil* |
| 189) | ▇▇▇ | 215) | ▇▇▇ | 241) | Traffic* |
| 190) | ▇▇▇ | 216) | ▇▇▇ | 242) | Bed* |
| 191) | ▇▇▇ | 217) | ▇▇▇ | 243) | Bath* |
| 192) | ▇▇▇ | 218) | ▇▇▇ | 244) | Masturbate* |
| 193) | ▇▇▇ | 219) | ▇▇▇ | 245) | Ejaculate* |
| 194) | ▇▇▇ | 220) | ▇▇▇ | 246) | Masseuse* |
| 195) | ▇▇▇ | 221) | ▇▇▇ | 247) | lingerie |
| 196) | ▇▇▇ | 222) | ▇▇▇ | | |

As this Court is aware, Ms. Giuffre has run a huge number of search terms, including many names, in order to capture documents that may be responsive to Defendant's overly broad requests. She did this - without being asked by Defendant and without being ordered by the Court - so that she could make a robust production and fulfill her discovery obligations. Therefore, the number of search terms proposed by Ms. Giuffre - 247 - is not overly burdensome. These terms, in particular, are not overly burdensome because many of them come from Defendant's own Rule 26 disclosures, which lists 80 individuals, including Ms. Giuffre, who is the second person on her list. Doubling down on her recalcitrance, as of Friday, July 29, 2016 - three days ago - Defendant abjectly refused to even use Ms. Giuffre's name as a search

term.

## IV. CONCLUSION

Should this Court Order Defendant to run particular search terms, Ms. Giuffre respectfully requests that the Defendant be directed to run the terms set forth above, incorporating Ms. Giuffre's previous instructions reiterated above so that relevant data is captured. However, it is Ms. Giuffre's position that such a production - long after the close of fact discovery - would be untimely and prejudicial. Accordingly, based on Defendant's systematic foot-dragging and obstructionism during the entire discovery period, and based on the prejudice to Ms. Giuffre concerning the late production, Ms. Giuffre respectfully requests that this Court, also, grant her motion for an adverse inference jury instruction pursuant to Rule 27(b), (e), and (f), with respect to the electronic documents and electronic communications Defendant failed to produce in defiance of this Court's order. The time to negotiate search terms has long passed; this Court should not countenance Defendant profiting from her refusal to comply with her discovery obligations and from her refusal to obey this Court's Order.

Dated: August 1, 2016

                                        Respectfully Submitted,

                                        BOIES, SCHILLER & FLEXNER LLP

                      By: /s/ Sigrid McCawley
                           Sigrid McCawley (Pro Hac Vice)
                           Meredith Schultz (Pro Hac Vice)
                           Boies Schiller & Flexner LLP
                           401 E. Las Olas Blvd., Suite 1200
                           Ft. Lauderdale, FL 33301
                           (954) 356-0011

                           David Boies
                           Boies Schiller & Flexner LLP
                           333 Main Street
                           Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
 (954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

**CERTIFICATE OF SERVICE**

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**I HEREBY CERTIFY** that on the 1st day of August, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                          /s/ Sigrid S. McCawley
                                              Sigrid S. McCawley