

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

January 29, 2021

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Limited Motion to Reconsider Proposed Redactions of Ms. Maxwell's July
     2016 Deposition Transcript
     *Giuffre v. Ghislaine Maxwell*, No. 15 Civ. 7433 (LAP)

Dear Judge Preska:

    I write in reply to the letters filed by plaintiff and the Miami Herald in opposition to Ms. Maxwell's limited motion for reconsideration. As explained below, neither letter appreciates the stakes, and both misunderstand the basis for Ms. Maxwell's narrow and targeted request of this Court. For her part, plaintiff's letter is patently inconsistent.

    The stakes first. "No right ranks higher than the right of the accused to a fair trial." *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 508 (1984). Neither plaintiff nor the Herald appreciate this, and both fail to acknowledge that the balance of interests weighs even more strongly in favor of Ms. Maxwell when, as here, the presumption of access to a judicial document is at its lowest, amounting to "little more than a prediction of public access absent a countervailing reason." *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")). The *Brown* court expressly acknowledged the right of an accused as a "countervailing interest" worthy of overcoming any presumption of access. *Id.* at 47 n. 13. ("Examples of such countervailing values may include, depending on the circumstances, preserving 'the right of an accused to fundamental fairness in the jury selection process . . .'") (*quoting Press-Enter. Co., supra*, 464 U.S. at 510)).

    Ms. Maxwell's arguments next. According to the Herald, Ms. Maxwell seeks to "suppress" evidence of perjury. Dkt. 1195 at 2. Not so. Ms. Maxwell did not lie during her depositions, and the government's claim that she committed perjury fails for several additional reasons, which Ms. Maxwell has spelled out in her criminal motions. That, however, is not an issue for this Court.

    Rather, Ms. Maxwell seeks here to preserve her right to a fair opportunity to challenge the government's unconstitutional and unlawful conduct in obtaining access to deposition

Honorable Loretta A. Preska
January 29, 2021
Page 2

testimony. *See United States v. Raddatz*, 447 U.S. 667, 677 (1980) (due process guarantees an accused the right to challenge the admissibility of evidence offered against her). If the government's conduct was unlawful and unconstitutional, as Ms. Maxwell contends it was, Judge Nathan can suppress the evidence and dismiss the perjury counts, as Ms. Maxwell argues she should.[1] There is nothing improper, as the Miami Herald implies there is, about Ms. Maxwell challenging the government's exploitation of its awesome investigatory powers.

To be sure, neither plaintiff nor the Herald challenges Ms. Maxwell's argument that her due process rights will be compromised if the testimony is unsealed. As Ms. Maxwell explained in her motion, if the testimony is disclosed the Government will argue that the release of the deposition transcript renders harmless any unconstitutional conduct in obtaining the transcript and indicting her for perjury. Dkt. 1191, p 2. Because Ms. Maxwell asks only to seal twenty lines of testimony from a 200-page deposition, the question is not close.

The Herald again presses the argument that Ms. Maxwell's reliance on the Protective Order was not reasonable because the Order did not apply to evidence produced at trial. Dkt. 1195 at 2. This argument undermines itself because the case *did not go to trial*. As the Second Circuit already held, Ms. Maxwell's reliance on the Protective Order was eminently reasonable. *Brown*, 929 F.3d at 48 n.22. (Respectfully, as Ms. Maxwell pointed out in her letter, Dkt. 1191 at 2, it appears this Court did not make findings on reliance at the January 19 hearing; the word "rely" in all its variations appears just once in the transcript, and not in the context of addressing Ms. Maxwell's reliance, Transcript of Jan. 19, 2021 Hearing at 15:22.)

Next, consider plaintiff's inconsistent positions. Plaintiff first argues that the ▇▇▇▇▇▇ line of questioning from Page 112, Line 17 through and including Page 113, Line 12 was not actually questioning about sexual activity. Dkt. 1194 at 1.[2] Of course, plaintiff thought differently when her counsel was asking the questions. Dkt. 1201-14, at 83 (David

---

[1] Ms. Maxwell filed her pretrial motions in the criminal case on Monday, January 25. *U.S. v. Maxwell*, Case No. 20-cr-330 (AJN), Dkt. # 118. Some of those motions, including those challenging the government's conduct, were redacted due to the criminal case Protective Order. *Id.* (#3 Motion under the Due Process Clause to Suppress All Evidence Obtained from the Government's Subpoena to [Redacted] and to Dismiss Counts Five and Six, and # 6 Motion Under the Fourth Amendment, *Martindell,* and the Fifth Amendment to Suppress All Evidence Obtained from the Government's Subpoena to [Redacted] and to Dismiss Counts Five and Six).  Last night, the government responded to Ms. Maxwell's proposed redactions, but as of the filing of this letter, Judge Nathan has not ruled on the redactions. *Id.* at Dkt. 127.  Once Judge Nathan rules on the redactions and the redacted motions are publicly filed, Ms. Maxwell will supplement the motion to reconsider in this Court with the motions relevant to these issues. Ms. Maxwell requests that this Court refrain from ruling until it has a chance to review the criminal motions that bear on Ms. Maxwell's reconsideration request.

[2] Plaintiff faults Ms. Maxwell for not seeking to redact all the testimony ▇▇▇▇▇▇▇▇ and instead asking to redact only the testimony at Page 112, Line 17 through and including Page 113, Line 12. Of course, if Ms. Maxwell had made a broader request, plaintiff would have argued that the request was far too sweeping. Ultimately, recognizing the extensive litigation that has already occurred, and appreciative of this Court's efforts and the burdens associated with this case, Ms. Maxwell decided to limit her motion to the most consequential testimony.

Honorable Loretta A. Preska
January 29, 2021
Page 3

Boies: "I think how much a girl [actually a woman in her 20's] was paid to give a 'massage' goes to whether there actually was or was not sexual activity involved.")).

Yet, if plaintiff is right that the questions were *not* about sexual activity, then how were they proper? (Plaintiff conspicuously does not deny that the questions were improper, Dkt. 1194 at 1–2.) After all, Judge Sweet limited Ms. Maxwell's second deposition to eight topics only, all of which related "███████████████████████" and ███████████████████████████████████." So, if the questions were not about sexual activity, they never should have been asked in the first place, and the limited presumption of access is easily overcome for all the reasons Ms. Maxwell has given.

Finally, as this Court recognized when it ordered the parties to redact the index to the deposition, it is proper to keep sealed those parts of the deposition that did not influence Judge Sweet's rulings. Tr. Jan. 19, 2021 at 15:19–22. If Judge Sweet did not rely on a portion of the deposition in issuing a decision, the public's interest in "monitoring federal courts' exercise of their Article III powers" is correspondingly less. *Id.* at 3:17. Here, there is no argument that Judge Sweet relied on Page 112, Line 17 through and including Page 113, Line 12 of the deposition transcript in making a ruling. And because this questioning either concerned Ms. Maxwell's sexual activities or, if not, was improper to begin with, the applicable presumption of access has all but dissipated and is easily overcome.

For these reasons, Ms. Maxwell respectfully requests that this Court further redact the July 2016 deposition transcript (and any DE that quotes from it) by redacting the testimony at Page 112, Line 17 through and including Page 113, Line 12 of the deposition. As with the motion, because this letter quotes from and describes information that cannot be disclosed publicly pursuant to the Protective Order in the criminal case, Ms. Maxwell will file a redacted version of the letter on ECF, and she requests leave to file the unredacted version of this letter under seal with this Court.

Respectfully submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF