# EXHIBIT A

Case 1:15-cv-07433-LAP Document 1206-3 Filed 02/04/21 Page 2 of 7
Case 1:15-cv-07433-RWS Document 62 Filed 03/18/16 Page 1 of 6
Case 1:15-cv-07433-RWS Document 39-1 Filed 03/02/16 Page 2 of 7

# United States District Court
## Southern District Of New York

-------------------------------------------------X

Virginia L. Giuffre,

    Plaintiff,

v.

Ghislaine Maxwell,

    Defendant.

-------------------------------------------------X

DATE FILED 3/18/16

15-cv-07433-RWS

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED**:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

Case 1:15-cv-07433-LAP Document 1206-3 Filed 02/04/21 Page 3 of 7
Case 1:15-cv-07433-RWS Document 62-3 Filed 03/16/16 Page 2 of 6
Case 1:15-cv-07433-RWS Document 39-1 Filed 03/02/16 Page 3 of 7

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. the parties;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court and its employees ("Court Personnel") in this case;

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. deponents, witnesses, or potential witnesses; and

Case 1:15-cv-07433-LAP Document 1206-3 Filed 02/04/21 Page 4 of 7
Case 1:15-cv-07433-RWS Document 62-3 Filed 03/16/16 Page 5 of 6
Case 1:15-cv-07433-RWS Document 39-1 Filed 03/02/16 Page 4 of 7

      h. other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Discovery material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

8. Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

Case 1:15-cv-07433-LAP Document 1206-3 Filed 02/04/21 Page 5 of 7
Case 1:15-cv-07433-RWS Document 62-3 Filed 03/18/16 Page 4 of 6
Case 1:15-cv-07433-RWS Document 39-1 Filed 03/02/16 Page 5 of 7

9. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10. Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

11. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an

Case 1:15-cv-07433-LAP Document 1206-3 Filed 02/04/21 Page 6 of 7
Case 1:15-cv-07433-RWS Document 62-3 Filed 03/16/16 Pages 6 of 6
Case 1:15-cv-07433-RWS Document 39-1 Filed 03/02/16 Page 6 of 7

appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.

Case 1:15-cv-07433-LAP Document 1206-3 Filed 02/04/21 Page 7 of 7
Case 1:15-cv-07433-RWS Document 62 Filed 03/18/16 Page 6 of 6
Case 1:15-cv-07433-RWS Document 39-1 Filed 03/02/16 Page 7 of 7

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT

_____
UNITED STATES DISTRICT JUDGE

3-17-16