UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>                    Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>                    Defendant. | 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

In response to Ms. Maxwell's counsel's letters of January 25, 2021 and January 29, 2021 (dkt. nos. 1191, 1204),[1] in ordering the continued sealing in its order of January 19, 2021 of Ms. Maxwell's testimony pertaining to private sexual activity with consenting adults and testimony and identifying information of non-party Does who have not been considered for unsealing, the Court considered, as it did during the last round of unsealing, the reliance of these parties on the case's protective order.

As Ms. Maxwell points out, the Court of Appeals recognized that third-party reliance on the protective order warranted the continued sealing of some materials in this case.  In considering for unsealing the materials at issue in its January

---

[1] (Letter from Laura Menninger ("Mot."), dated Jan. 25, 2021 [dkt. no. 1191]; Letter from Laura Menninger, ("Reply") dated Jan. 29, 2021 [dkt. no. 1204].)

1

19, 2021 order, this Court also considered this reliance when it undertook its particularized review and concluded that some portions of this case's materials should remain under unseal.

As the Court of Appeals recognized, however, reliance on the protective order does not per se outweigh the public's right to access the deposition testimony filed in connection with the motions in this case.  In unsealing the summary judgment record, the Court of Appeals redacted "deposition responses concerning intimate matters where the questions were likely only permitted— and the responses only compelled—because of a strong expectation of continued confidentiality."  Brown v. Maxwell, 929 F.3d 41, 48 n.22 (2d Cir. 2019).  In recognizing this reliance interest, the Court of Appeals redacted Ms. Maxwell's testimony related to her consensual sexual activity with adults, but unsealed testimony related to purportedly non-sexual massages, finding that the presumption of public access was not outweighed by the private interests in sealing this portion of her testimony. (See Ex. B to Decl. of Laura Menninger, dated Nov. 12, 2020 [dkt. no. 1150-2].)

Consistent with the Court of Appeal's directive, the Court considered the reliance of Ms. Maxwell and others on the protective order in this case in its January 19, 2021 order, and directed materials unsealed where this reliance interest--or

other private interests--did not outweigh the presumption of public access attached to these materials.

**SO ORDERED.**

Dated:   New York, New York
         February 08, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge