```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>                    Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>                    Defendant. | 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Ms. Maxwell's letter motion (see dkt. no. 1191) seeking limited reconsideration of the Court's order unsealing 20 lines of Ms. Maxwell's July 2016 deposition transcript, from page 112, line 17 through and including page 113, line 12.[1]  Ms. Giuffre and non-parties Julie Brown and Miami Herald Media Co oppose the motion.[2]

For the reasons described below, Ms. Maxwell's motion is denied.

I.   Legal Standard

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Drapkin v. Mafco

---

[1] (Letter from Laura Menninger ("Mot."), dated Jan. 25, 2021 [dkt. no. 1191]; Letter from Laura Menninger, ("Reply") dated Jan. 29, 2021 [dkt. no. 1204].)
[2] (Letter from Sigrid McCawley, dated Jan. 27, 2021 [dkt. no. 1194]; Letter from Christine N. Walz, dated Jan. 27, 2021 [dkt. no. 1195].)

1

Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted).  Such motions "are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." Id. at 696.  "Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided . . . ." Christoforou v. Cadman Plaza N., Inc., 04 Civ. 8403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009).  Local rules limit such motions to reconsideration of "matters or controlling decisions which counsel believes the court has overlooked." See S.D.N.Y. Local Civ. R. 6.3.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Glob. View Ltd. Venture Capital v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The Court may also grant the motion to "'correct a clear error or prevent manifest injustice.'" Id. (quoting Banco de Seguros Del Estado v. Mutual Marine Offices, Inc., 230 F.Supp.2d 427, 428). (S.D.N.Y.2002).

II. <u>Discussion</u>

Ms. Maxwell submits that the Court should reconsider its order unsealing Ms. Maxwell's July 2016 deposition at page 112, line 17 though page 113, line 12 on the basis that (1) this portion of testimony falls within the category of adult, consensual activity that warrants sealing and, to the extent the testimony was not sexual in nature, it was outside the scope of permissible deposition questions; (2) Ms. Maxwell's reliance on the confidentiality assurances of the protective order outweighs the public's interest in this portion of her testimony; and (3) because public release of this section of testimony will make it more difficult for Ms. Maxwell to suppress this testimony as evidence against her at her criminal trial.  (Mot. at 1-2.)

The Court declines Ms. Maxwell's invitation to reconsider its order unsealing those portions of her testimony.  First, Ms. Maxwell's motion does not meet the reconsideration standard.  Ms. Maxwell points to no change in controlling law, no new evidence, nor any clear error on the Court's part.  Ms. Maxwell made in her original objections to the unsealing the three points she raises for the second time in her motion, and the Court considered each argument when it ordered the testimony unsealed.  (<u>See</u> Transcript ("Tr."), dated Jan. 19, 2021 [dkt. no. 1196], at 3 "[T]he motions at issue today are, as noted, discovery motions.  Accordingly, the presumption of public

access is somewhat less weight than for a dispositive motion. It is, nevertheless, important to the public' interest in monitoring federal court's exercise of their Article II powers that the public reviews the documents.") 6-7; ("Public access to certain parts of this transcript is outweighed by Ms. Maxwell's countervailing interests in resisting disclosure of the details of her private, intimate relationships with consenting adults."); 5 ("The Court observes, however, that 'the right of an accused to fundamental fairness in the jury selection process' may be a countervailing interest that weighs against public access to documents."); 5-6 ("The public's First Amendment right of access to these documents is not outweighed by the prospective inadmissibility of certain of them in some later proceeding . . . . [T]he Court takes comfort in the fact that Ms. Maxwell recognizes that she has the Federal Rules of Criminal Procedure and [E]vidence at her disposal when the appropriate time comes to fight this fight down the road.").)

    Second and more importantly, there is no reason not to unseal this portion of testimony.  It does not relate to private sexual activity of consenting adults, but only to massages.  Ms. Maxwell's privacy interest in such testimony is minimal, and, as the Court determined when it unsealed this portion of testimony, any private interest she has in sealing this portion of

4

testimony does not outweigh the presumption of public access that attaches to it.

Third, while the Court acknowledges Ms. Maxwell's interest in a fair criminal trial, (see Tr. at 4-6), Ms. Maxwell can argue all her points to the presiding judge in her criminal trial, as she has already (see Memorandum of Ghislaine Maxwell in Support of Her Motion Under the Due Process Clause to Suppress Evidence Obtained from the Government's Subpoena to [Redacted] and to Dismiss Counts Five and Six, dated Jan. 25, 2021 [dkt. no. 1206-2]), and will still have at her disposal all of the tools that the Federal Rules of Evidence and Procedure afford her and any other criminal defendant. (See id.) To the extent that Ms. Maxwell can show at her criminal trial that the Government improperly obtained this section of her testimony ahead of time, she can argue then about whether the sanction of suppression is warranted.

III. Conclusion

For the reasons described above, Ms. Maxwell's motion for reconsideration (see dkt. no. 1191) is denied.

**SO ORDERED.**

Dated:   New York, New York
         February 8, 2021

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge