**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**


VIRGINIA L. GIUFFRE,

              Plaintiff,                       Case No.: 15 Civ. 7433 (LAP)

v.

GHISLAINE MAXWELL,

              Defendant.
_____/


**PLAINTIFF'S BRIEF IN OPPOSITION TO MAXWELL'S OBJECTIONS TO
UNSEALING SEALED MATERIALS RELATED TO DOCKET ENTRIES
345, 356, 362, 370, 422, 468, & 640**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .......................................................................................................................... 4

   I.   The Court Should Unseal the Documents at Issue.................................................... 4

   II.   This Court Should Continue to Unseal Publicly Available Documents. ............................ 7

       A.   The Court Should Unseal Documents that the Second Circuit Already Released. .... 8

       B.   The Court Should Unseal Documents that This Court Has Already Released........ 11

       C.   The Court Should Not Redact Information that is Already Public. ......................... 12

   III.  The Court Should Consider the Countervailing Interests of the Non-Parties Who Have

       Not Objected to Unsealing for Judicial Efficiency. ......................................... 12

CONCLUSION..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Maxwell*,
　929 F.3d 41 (2d Cir. 2019) ........................................................................ passim

*DiRussa v. Dean Witter Reynolds Inc.*,
　121 F.3d 818 (2d Cir. 1997) ...................................................................... 4

*E\*Trade Fin. Corp. v. Deutsche Bank AG*,
　582 F. Supp. 2d 528 (S.D.N.Y. 2008) ...................................................... 2

*Giuffre v. Maxwell*,
　827 F. App'x 144 (2d Cir. 2020) .......................................................... 4, 5

*In re Parmalat Sec. Litig.*,
　258 F.R.D. 236 (S.D.N.Y. 2009) .............................................................. 4

*Landmark Commc'ns, Inc. v. Virginia*,
　435 U.S. 829 (1978)................................................................................... 3

*Lugosch v. Pyramid Co. of Onondaga*,
　435 F.3d 110 (2d Cir. 2006) ................................................................ 2, 4

*Lytle v. JPMorgan Chase*,
　810 F. Supp. 2d 616 (S.D.N.Y. 2011) ...................................................... 4

*Nixon v. Warner Commc'ns, Inc.*,
　435 U.S. 589 (1978)................................................................................... 3

*Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*,
　487 F. Supp. 2d 374 (S.D.N.Y. 2007) ...................................................... 9

*Richmond Newspapers, Inc. v. Virginia*,
　448 U.S. 555 (1980)................................................................................... 2

*Rotger v. Montefiore Med. Ctr.*,
　No. 1:15-CV-7783-GHW, 2018 WL 11214575 (S.D.N.Y. Mar. 30, 2018) ............................. 6

*United States v. Amodeo*,
　44 F.3d 141 (2d Cir. 1995) ...................................................................... 4

*United States v. Avenatti*,
　No. (S1) 19 CR. 373 (PGG), 2020 WL 70952 (S.D.N.Y. Jan. 6, 2020)................................. 9

*United States v. Huntley*,
　943 F. Supp. 2d 383 (E.D.N.Y. 2013) ...................................................... 9

*United States v. Massino*,
   356 F. Supp. 2d 227 (E.D.N.Y. 2005) ........................................................................... 3

*Westmoreland v. Columbia Broad. Sys., Inc.*,
   752 F.2d 16 (2d Cir. 1984) ........................................................................................... 2

Pursuant to Paragraph 2(f) of the Court's Order and Protocol for Unsealing Decided Motions (ECF No. 1108), Plaintiff Virginia Giuffre files this Brief in Opposition to Maxwell's Objections to Unsealing Sealed Materials Related to Docket Entries 345, 356, 362, 370, 422, 468, & 640.  ECF No. 1208 ("Maxwell Br.").  Attached as Exhibit A hereto is a chart of Plaintiff's position as to each document.

## PRELIMINARY STATEMENT

Maxwell does not even attempt to explain why any particular document in the current round of unsealing should remain shielded from public access.  Recognizing that this Court and the Second Circuit have already held that the presumption of public access is *not* outweighed by speculation that unsealed documents may affect future criminal proceedings, Maxwell instead criticizes the court-ordered unsealing process generally, claiming that the unsealing process has been weaponized against her and that the media has not "served the function of 'monitoring the federal courts.'"  Maxwell Br. at 2.  Maxwell's complaints are misguided and irrelevant, and seek only to slow down proceedings when it is in the public's, the Court's, and the Original Parties' interests to continue moving through this unsealing process swiftly and efficiently.

Maxwell's complaints are not relevant to the question currently before this Court—whether to unseal Docket Entries 345, 356, 362, 370, 422, 468, and 640—because what the media ultimately does with unsealed documents is not determinative of whether presently sealed materials must be unsealed under controlling Second Circuit precedent.  Maxwell's criticisms are misguided because they are based on the proposition that public access to the courts is only warranted if the access is ultimately used specifically to monitor the federal courts.  But this characterization of the presumption of public access downplays our justice system's long history of maintaining public access to court proceedings.  "[T]he right to attend criminal trials is implicit

1

in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and of the press could be eviscerated."  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (citation and internal quotation marks omitted).  The same constitutional protections apply to civil proceedings, as "the First Amendment . . . secure[s] to the public and to the press a right of access to civil proceedings."  *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 22–23 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom."); *see also E*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008) (historically "both civil and criminal trials have been presumptively open").  For those reasons, there is a *presumption* in favor of public access and those seeking to limit that public access face a heavy burden and sealing must be supported by specific findings.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).  Maxwell's argument turns the presumption of public access on its head, implying that the public must somehow earn its right to access.[1]

There is no denying that unsealing documents that never should have been filed under seal in the first place is consistent with the public's right to access judicial documents under the First Amendment and the common law.  Here, the public not only has an interest in reviewing Judge Sweet's decisions in the underlying litigation, but it also has an interest in reviewing the actions of the public agencies who utterly failed to protect and bring justice to Jeffrey Epstein and Ghislaine Maxwell's victims.  "The press does not simply publish information about trials but

---

[1]      It is not clear on what basis Maxwell asserts that "not a single legal commentator nor media analyst has served the function of 'monitoring the federal courts.'"  Maxwell Br. at 2.  The statements Maxwell takes issue with (and copies into her brief) are admittedly "online comments" to news articles, and not statements from the articles themselves.  *Id*. at 2–3.

guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978); *see also Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597–98 (1978) ("The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies."); *United States v. Massino*, 356 F. Supp. 2d 227, 235 (E.D.N.Y. 2005) (recognizing that law enforcement's efforts "to stamp out organized crime in this District" were "a matter of vital public concern" and that the public had "a legitimate interest in being able to review materials that helped to ensure that the reputed boss of a notorious organized crime family will spend the rest of his natural life in a federal prison").  Maxwell's narrow view of the purpose of this unsealing process downplays the crucial role that the media has played in illuminating the abuses to which Epstein and Maxwell subjected Plaintiff and countless others.  The public's interest in this litigation, which involved voluminous documents and testimony about Epstein's transcontinental sex-trafficking operation and the failures of the criminal justice system, cannot be understated or confined to Maxwell's narrow definition of "monitoring the federal courts."

Maxwell's other arguments are equally meritless.  Time and again, Maxwell has raised the argument that bad pretrial publicity will affect her criminal trial and counsels against unsealing. This Court and the Second Circuit have both rejected that argument each time Maxwell has raised it.  And Maxwell's arguments about the future of the unsealing process are counterproductive in that she now advocates keeping information that is *already public* under seal.  That argument is at odds with the presumption of public access and is a clear attempt to hinder the unsealing process. Accordingly, the Court should reject Maxwell's objections to unsealing Docket Entries 345, 356, 362, 370, 422, 468, and 640.

## ARGUMENT

**I.    The Court Should Unseal the Documents at Issue.**

It is settled that there is a common law right to public access to judicial documents. *Lugosch*, 435 F.3d at 124; *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995).[2] "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Accordingly, Maxwell bears the burden of identifying with specificity countervailing interests that outweigh the presumption of public access. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621, 628–30 (S.D.N.Y. 2011). "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009); *see also* Jan. 16, 2020, Conf. Tr. at 7:9–12, 21–23 ("[W]hat we are looking for from you is a specific explanation of why the document should remain sealed or the redactions should continue specific to that document. I think that's what the Court of Appeals told us we have to do.").

As Maxwell recognizes, this Court and the Second Circuit have consistently rejected the countervailing interests she has put forward and held that those interests do not outweigh the presumption of public access to judicial documents. Specifically, on October 19, 2020, the Second Circuit affirmed this Court's order unsealing the deposition materials included within the first set of motions the Court reviewed. *Giuffre v. Maxwell*, 827 F. App'x 144 (2d Cir. 2020). The Second

---

[2]      Maxwell does not challenge (she cannot) the fact that each of the materials to which she objects is a judicial document. *See* Tr. of July 23, 2020, Conf. at 2:24–3:2 ("The documents at issue here relate to discovery motions previously decided by Judge Sweet, and so the Court concludes that they are judicial documents to which the presumption of public access attaches."); ECF No. 1018 at 1 (concluding that "motions actually decided by Judge Sweet—along with documents relevant to Judge Sweet's decisions on those motions—are properly considered judicial documents to which a presumption of public access attaches").

4

Circuit found that the Court "correctly held that the deposition materials are judicial documents to which the presumption of public access attaches, and did not abuse its discretion in rejecting Maxwell's *meritless arguments that her interests superseded the presumption of access.*" *Id.* (emphasis added).

Thus, rather than raising specific reasons that specific portions of judicial documents should remain under seal, Maxwell submits a chart with the same generic "Countervailing Interests" this Court has already rejected, with no explanation of how those countervailing interests apply as to each document. But the Second Circuit ordered this Court to conduct an "individualized review" and "produce specific, on-the-record findings." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Maxwell's bare-bones chart does not provide the Court with information that would enable it to make such specific findings warranting continued sealing. Thus, all arguments in favor of sealing documents aside from those specifically addressed in Maxwell's brief should be deemed waived, as Maxwell essentially concedes that, under the individualized review that the Second Circuit mandated this Court to undertake, the documents at issue should be unsealed.

The few document-specific arguments Maxwell raises in her brief should be rejected. First, Maxwell argues that Docket Entry 356—Plaintiff's Motion to Direct Defendant to Answer Deposition Questions—and its associated documents should not be unsealed because it is duplicative of documents unsealed at Docket Entry 316, which was previously unsealed by this Court. Maxwell Br. at 9. For all of the reasons set out below, the Court should unseal Docket Entry 356 consistent with its prior ruling on Docket Entries 315 and 316, as the documents at issue are already publicly available and Maxwell has not identified any countervailing interest that

would outweigh the presumption of public access.  *See infra* Part II.B; Jan. 19, 2021, Hr'g Tr. at 18:3–10.

Second, Maxwell states that she takes no position on Docket Entry 362 and its associated documents, but notes that some documents might "be subject to protective orders in other matters." Maxwell Br. at 9.  It is entirely unclear how a protective order in another matter could affect the unsealing process in this matter, or what protective order or matter Maxwell is referring to.  In any event, whether a protective order is in place does not negate the public's right to access the documents.  *See, e.g.*, *Rotger v. Montefiore Med. Ctr.*, No. 1:15-CV-7783-GHW, 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018) ("[A] 'Confidential' designation made pursuant to a protective order does not by itself overcome the presumption of public access once the document containing the designation becomes a judicial document.").  Docket Entry 362 and its related documents should be unsealed.

Third, Maxwell argues that Docket Entry 388—Plaintiff's Response In Opposition to Defendant's Motion for Protective Order Regarding Financial Information—should remain redacted because the only current redactions are of the names of Non-Parties and other personally identifying information.  Maxwell Br. at 10.  First, Maxwell's characterization of what is redacted in Docket Entry 388 is incorrect.  More than merely the names of and identifying information about Non-Parties is currently redacted in that document.  Large portions of argument in that brief are currently redacted and should be unsealed.  Second, for the reasons set out below, the Court should consider the interests of the Non-Parties mentioned in Docket Entry 388 whose time to object has expired now for efficiency.  *See infra* Part III.

Fourth, Maxwell contends that Docket Entry 422 is not actually a decided motion because the parties resolved the motion by stipulation.  Maxwell Br. at 10.  This belated objection should

be rejected.  Maxwell herself drafted the decided motions list, selected the motions to be included, and conferred extensively with Plaintiff about the contents of that list prior to submitting it to the Court for approval.  *See, e.g.*, ECF Nos. 1007, 1007-1, 1028, 1045, 1049.  Any objection to whether a certain motion was "decided" and thus was properly included on the decided motions list was waived.

Finally, Plaintiff agrees that Docket Entry 640, a motion for a protective order filed by Doe 147, should remain sealed because Doe 147 has filed an objection to unsealing.  Maxwell Br. at 10.

Accordingly, with the exception of Docket Entry 640 and its related documents, the Court should unseal the documents at issue subject only to (1) the "minimal redactions" the Second Circuit applied to the summary judgement record,[3] and (2) redactions of the names of Non-Parties that have submitted Non-Party objections per the Unsealing Protocol or any other Non-Party whose privacy interests the Court determines outweigh the presumption of public access.

## II.    This Court Should Continue to Unseal Publicly Available Documents.

As this Court has consistently held throughout this unsealing process, documents that are already publicly available should be unsealed as there is no privacy or other countervailing interest warranting their continued sealing.  Maxwell attempts to persuade the Court to reverse course on its prior holdings relating to publicly available documents, despite having never before objected to the release of publicly available information.  *See, e.g.*, ECF No. 1167-2 (chart of Maxwell's positions on documents in prior round of unsealing in which she did not object to the release of

---

[3]     The *Brown* minimal redactions encompass: (1) "personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers;" (2) "the names of alleged minor victims of sexual abuse;" and (3) "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Brown*, 929 F.3d at 48 n.22.

documents that were "[a]lready publicly filed").  These new arguments are meritless and clear attempts to draw out the unsealing process for as long as possible.  The Court should reject Maxwell's arguments both as to documents that the Second Circuit released as part of the summary judgment record and as to documents that this Court has released in prior rounds of unsealing.

A.     **The Court Should Unseal Documents that the Second Circuit Already Released.**

Maxwell's new argument that the Court should not unseal documents that have already been unsealed by the Second Circuit is meritless.  First and foremost, Maxwell's characterization of the Court's prior rulings on documents that were released by the Second Circuit as "pre-determined" or "automatic" is presumptive and incorrect.  As directed by the Second Circuit, the Court has made clear that it is reviewing each document on an individualized basis, even if it was already released by the Second Circuit. *See, e.g.*, Jan. 19, 2021, Hr'g Tr. at 19:5-8 ("Portions of this document were redacted and released by the Second Circuit.  So whatever happened with respect to the Second Circuit's release, we will abide by its ruling.").  The Court did not, by contrast, issue a blanket ruling at the start of the unsealing review that each document that has already been unsealed by the Second Circuit shall be automatically unsealed.

Instead of making such a blanket ruling, the Court has been weighing the fact that a document is already publicly available against the weak countervailing interests that Maxwell has set forth, which is precisely what the Second Circuit ordered on remand.  *Brown*, 929 F.3d at 51 (ordering the District Court to "conduct . . . a particularized review and unseal all documents for which the presumption of public access outweighs any countervailing privacy interests").  As Maxwell herself recognizes, whether a document is already public is "a factor to be considered by the Court in balancing competing interests to determine whether the seal should be maintained or removed."  Maxwell Br. at 6 (quoting ECF No. 1192 at 3).  And other courts in this District have

similarly held that whether a document is already public weighs against continued sealing.  *See,*
*e.g.*, *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan.
6, 2020) ("In considering whether sealing is appropriate, an important consideration is, of course,
whether the information sought to be kept confidential is already public."); *Lytle*, 810 F. Supp. 2d
at 626 ("While the conduct at issue may be potentially embarrassing to these employees . . . their
names are already in the public record, and have been for several years.").

In order to justify sealing documents that have already been released by the Second Circuit,
Maxwell cites the generalized privacy concerns of Non-Parties and concludes (without citing any
authority) that "all Non-Parties should be afforded a say" before this Court unseals documents that
have been publicly available since 2019.  Maxwell Br. at 6.  But Maxwell's general reference to
the privacy interests of Non-Parties cannot outweigh the presumption of public access, especially
where the information at issue is already public.  *See, e.g.*, *Prescient Acquisition Grp., Inc. v. MJ
Pub. Tr.*, 487 F. Supp. 2d 374, 376 (S.D.N.Y. 2007) (rejecting the notion that "a generalized
concern of adverse publicity concerning a public figure is a sufficiently compelling reason that
outweighs the presumption of access").  Countervailing privacy interests are at the lowest for
matters that have far-reaching "public ramifications," as this matter does, and where there exists
"a fair opportunity for the subject to respond to any accusations contained therein," an opportunity
that the Non-Parties have had since the Second Circuit released the summary judgment materials
in 2019.  *See United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013).

Second, Maxwell's concern over the privacy interests of Non-Parties is undercut by the
fact that the Second Circuit did not indiscriminately unseal the summary judgment record.  In
addition to holding that the summary judgment materials were entitled to a strong presumption of
public access and that "no countervailing privacy interest sufficient to justify their continued

sealing," *Brown*, 929 F.3d at 48, the Second Circuit "implemented minimal redactions to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers." *Id.* at 48 n.22.  The Second Circuit also "redacted the names of minor victims of sexual abuse from deposition testimony and police reports, as well as deposition response concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Id.*  In sum, the Second Circuit thoroughly examined the summary judgment materials and applied minimal redactions to protect privacy interests where appropriate.  Although Non-Parties were unable to submit objections to the unsealing of the summary judgment record as they have been able to in this Court, Non-Party input is not a requirement before a court can determine whether any countervailing interests outweigh the presumption of public access to judicial documents.  *Id.* at 49–51.

Finally, it is irrelevant that Maxwell had not yet been indicted at the time of the Second Circuit's ruling on the summary judgment materials.  Whether her indictment would have influenced the Second Circuit's holding is mere speculation and is irrelevant to whether Maxwell's indictment is a countervailing interest that outweighs the presumption of public access as to the documents currently before this Court.  Maxwell Br. at 7.  In reviewing the documents at issue in the present unsealing process, this Court has continually considered the criminal proceedings against Maxwell and has continually rejected Maxwell's argument that the speculative effects of unsealing on those proceedings outweighs the presumption of public access.  *See, e.g.*, Jan. 19, 2021, Hr'g Tr. at 5:6–10 ("Here, however, the Court rejects Ms. Maxwell's argument that the unsealing of any of materials today will jeopardize her right to a fair trial, let alone sufficiently enough to overcome the presumption of public access that attaches to these materials."); July 23,

10

2020, Hr'g Tr. at 5:4–6 ("Finally, that the material relates to a person now known to be under criminal investigation, Ms. Maxwell, is not entitled to much weight here."); ECF No. 1079 at 3 ("The Court . . . has already considered any role that criminal charges against Ms. Maxwell might play in rebutting the presumption of public access to the sealed materials.").  In its most recent order denying Maxwell's motion for reconsideration of the Court's ruling regarding certain portions of her deposition testimony, this Court explicitly stated that the proper forum for Maxwell to raise constitutional challenges to her criminal trial is the criminal case itself:

> Third, while the Court acknowledges Ms. Maxwell's interest in a fair criminal trial, (see Tr. at 4-6), Ms. Maxwell can argue all her points to the presiding judge in her criminal trial, as she has already (see Memorandum of Ghislaine Maxwell in Support of Her Motion Under the Due Process Clause to Suppress Evidence Obtained from the Government's Subpoena to [Redacted] and to Dismiss Counts Five and Six, dated Jan. 25, 2021 [dkt. no. 1206-2]), and will still have at her disposal all of the tools that the Federal Rules of Evidence and Procedure afford her and any other criminal defendant.

ECF No. 1211 at 5.  The Court should continue to reject Maxwell's criminal trial as a reason to keep documents in this separate civil case forever under seal.

### B.      The Court Should Unseal Documents that This Court Has Already Released.

Maxwell's next argument regarding publicly available documents—that this Court should not unseal documents that it previously unsealed merely because the same documents were attached to multiple discovery motions—is equally meritless.  Each motion at issue in this unsealing process, including each exhibit attached to such motion, is a separate document for which the Court must conduct an "individualized review" and "produce specific, on-the-record findings." *Brown*, 929 F.3d at 47.  The fact that certain discovery materials, such as excerpts from deposition transcripts, may have been attached to multiple discovery motions does not change the Second Circuit's directive "to review the documents individually." *Id.*  Each document is a judicial document subject to a presumption of public access, and if no countervailing interest outweighs

that presumption then each document must be unsealed.  And again, the Court must (as it has been) weigh the fact that the information in a document is already publicly available against any countervailing interests purportedly weighing in favor of continued sealing.

       **C.**     **The Court Should Not Redact Information that is Already Public.**

Finally, Maxwell argues that if the Court chooses to unseal documents that have already been released by this Court or the Second Circuit, the Court should redact all Non-Party names even if those names are not redacted in publicly available versions of the documents.  Maxwell provides no countervailing interest justifying the application of *more redactions* than the Second Circuit or this Court previously applied to documents.  Applying additional redactions on top of information that is already publicly available would cut against the purpose of this unsealing process—promoting public access to the courts and the judicial documents filed in this case—and would be a step backwards in the unsealing process, not forwards.  Once again, the fact that information is already public weighs in favor of unsealing, and Maxwell's general and speculative allegations that re-releasing information that is already in the public domain would cause harm are unavailing.

**III.**     **The Court Should Consider the Countervailing Interests of the Non-Parties Who Have Not Objected to Unsealing for Judicial Efficiency.**

Given the current pace of the unsealing process, its completion is likely years away. Currently, the Court is addressing documents on a Doe-by-Doe basis and has ordered that the Original Parties unseal only the names and testimony of the Non-Parties at issue while redacting the names of all other Non-Parties whose names appear in any given document whether or not they have objected to unsealing.  *See* Jan. 19, 2021, Hr'g Tr. at 32:1–19.  This is despite the fact that the Original Parties have provided notice of unsealing to all of the Non-Parties on the Non-Party list and that the majority of Non-Parties have not objected to unsealing.  If the unsealing process

12

continues in this manner, each time the Unsealing Protocol proceeds to the next Non-Party on the list, the Court will need to revisit the documents on which it previously ruled to determine whether the name of that Non-Party should be unsealed in those documents.  Given that there are 185 Non-Parties on the Non-Party list, and only two of the 185 Non-Parties' documents have been addressed after more than eight months of briefing, the unsealing process is likely to take several years and the public will continue to be denied access to information to which it has a constitutional right for an extended period of time.

Although Plaintiff recognizes that this Court must make particularized findings and weigh the countervailing interests of each Non-Party mentioned in a sealed document regardless of whether the Non-Party chose to object to unsealing, there is nothing binding the Court to considering the interests of a Non-Party who has not objected only when that particular Non-Party's documents are specifically at issue.  To the extent that the names of Non-Parties who have not objected to unsealing appear in documents currently under consideration, the Court can consider the particularized interests of those Non-Parties while proceeding through the documents before it.  For example, Docket Entry 357-2 is an excerpt from the deposition of Doe 67, who has not objected to unsealing.  There is no reason why the Court cannot or should not determine when ruling on Docket Entry 356, the motion associated with Docket Entry 357-2 that is currently before the Court, whether Doe 67 has any countervailing interest that outweighs the presumption of public access as to Docket Entry 357-2.  Because Doe 67's time to object to unsealing has expired, the Court will not at any point in the future have more information about Doe 67's countervailing interests than it currently has.

Addressing the particularized interests of the Non-Parties that have not submitted objections in this way would promote judicial efficiency and preserve both the Court and the

Original Parties' resources.  As it stands now, the Original Parties are combing through each document under consideration and redacting the names of many Non-Parties that have received notice and not objected to unsealing.  This task takes many hours of staff and attorney work, and will continue to do so with each round of unsealing.  Yet down the line, the Court and the Original Parties will need to revisit each and every one of those redactions and decide whether they are actually appropriate under the law.  Taking the example of Doe 67, if the Court does not rule on Doe 67's interests now, the Court will have to return to the documents currently before it at a later, undetermined date to decide whether to unredact Doe 67's name and testimony.  Doing so will only further prolong the unsealing process, and further deny the public access to documents that it has a right to access now.  Determining whether the names of Non-Parties who have not objected should be unsealed now will reduce the need to revisit documents already partially unsealed and will streamline the unsealing process (likely by years).

## **CONCLUSION**

For the foregoing reasons, the Court should overrule Maxwell's objections as to Docket Entries 345, 356, 362, 370, 422, 468, and 640 and order those materials unsealed subject to minimal redactions.

Dated:  February 12, 2021                     Respectfully Submitted,

                                              /s/ Sigrid S. McCawley
                                              _____

                                              Sigrid S. McCawley
                                              (Pro Hac Vice)
                                              BOIES SCHILLER FLEXNER LLP
                                              401 E. Las Olas Blvd., Suite 1200
                                              Ft. Lauderdale, FL 33301
                                              (954) 356-0011

                                              *Counsel for Plaintiff Virginia Giuffre*

14