UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Virginia L. Giuffre,

*Plaintiff*,

v.

Ghislaine Maxwell,

*Defendant*.

Case No.: 15-cv-07433-LAP

**INTERVENORS' JULIE BROWN AND MIAMI HERALD MEDIA CO.'S RESPONSE TO MAXWELL'S OBJECTIONS TO UNSEALING SEALED MATERIALS RELATED TO DOCKET ENTRIES 345, 356, 362, 370, 422, 468, & 640**

Sanford L. Bohrer
Christine N. Walz
Cynthia A. Gierhart
HOLLAND & KNIGHT, LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*

Intervenors Julie Brown and Miami Herald Media Co. ("Miami Herald") respectfully submit this response to Defendant Ghislaine Maxwell's Memorandum of Law in Support of Objections to Unsealing Sealed Materials Related to Docket Entries 345, 356, 362, 370, 422, 468, & 640 (Dkt. 1208) ("the Objections").[1]

**ARGUMENT**

In the Objections, Ms. Maxwell concedes that this Court has consistently found that the presumption of public access outweighs Ms. Maxwell's asserted countervailing interests, and she fails to offer any additional arguments to warrant the continued sealing of materials in this matter. Instead, she rests on arguments that are irrelevant to the Court's evaluation of whether documents should be unsealed.

As set forth in Intervenors' prior responses, any privacy rights Ms. Maxwell may have are far outweighed by the public interest in allegations of sexual trafficking of minors, Ms. Maxwell's reliance on the protective order was not reasonable, and there are other measures available to mitigate any risk to Ms. Maxwell's right to a fair jury trial. *See* Dkt. Nos. 1067, 1155. Because Ms. Maxwell has not raised any new arguments regarding her countervailing interests, Intervenors rest on and incorporate into this response their prior arguments that the presumption of public access outweighs Ms. Maxwell's asserted countervailing interests. Ms. Maxwell has not met her burden to establish that any documents should remain sealed, and the documents at issue should be unsealed in full.

[1] As with prior filings, counsel for Intervenors have seen only the redacted versions of these documents that are available on the public docket and submit this response based on the known portions of the documents as well as the parties' public representations as to their contents. Therefore, Intervenors also join the arguments of Ms. Giuffre in favor of unsealing. *See* Dkt. 1213.

**I. The Court Should Unseal Documents That Have Already Been Made Public.**

Ms. Maxwell bears the burden of overcoming the presumption of public access to judicial documents. *See United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995) (*Amodeo II*); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). And where those documents Ms. Maxwell seeks to keep shielded were already unsealed, the burden is insurmountable. *See Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407 (NG), 2020 WL 3791865, at *7–8 (E.D.N.Y. July 7, 2020) ("[Party contesting unsealing] cannot defeat the already heavy presumption in favor of public access with respect to materials that are 'already in the public domain.'").

Continued sealing of documents that are already in the public domain would be "futile." *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("[T]he cat is out of the bag, the genie is out of the bottle."). The Court "simply do[es] not have the power, even were we of the mind to use it if we had, to make what has thus become public private again." *Gambale*, 377 F.3d at 144. In *Gambale*, the Second Circuit held that—even where it was a "serious abuse of discretion" for the lower court to disclose the parties' settlement amount in an unsealing order—there is no cause to order the document be resealed. *Id.* (The genie is out of the bottle . . . . We have not the means to put the genie back."); *see also Alcon Vision, LLC*, 2020 WL 3791865, at *7–8 (finding documents already unsealed in a parallel MDL action should also be unsealed in this case).

Ms. Maxwell's attempts to put the genie back in the bottle are futile. Ms. Maxwell in part argues that continued sealing will simply be easier. That is, continued sealing of duplicate filings "will keep the docket uncluttered by hundreds of 'released' documents which are, in fact, just copies of previously released documents." Objections, at 1208. At the same time, she argues that the Court should re-analyze the documents that the Second Circuit already unsealed to give the

Does a chance to weigh in.[2] *See id.* at 7 (claiming the Court should re-review the documents because the Does' "information may or may not have been appropriately redacted by the Second Circuit").

These arguments are all unavailing. There is simply no benefit to debating whether documents should be sealed when they are already widely disseminated on the courts' public dockets. *See In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d at 300 ("Any balancing of the interests here, however, would be academic as the information the Government and Doe seek to maintain sealed has already been publicly revealed . . . .").[3]

**II. Docket 422 and Related Docket Entries 423-1 and 423-4 Are Judicial Documents.**

Ms. Maxwell argues that Docket 422 and its related filings are not judicial documents because, after Ms. Maxwell filed a motion to compel production of Ms. Giuffre's settlement agreement with Jeffrey Epstein (Dkt. No. 422), the parties thereafter filed a joint stipulation to resolve the motion. *See* Objections, at 10. However, the joint stipulation—which can be found at Docket No. 437 and which is public—states that the matter is resolved *only* if the Court endorses

---

[2] Now that the Court and the parties have had an opportunity to experience one full round of unsealing related to Does 1 and 2, Intervenors suggest streamlining the process moving forward. For example, as Ms. Giuffre suggests in her response (Dkt. 1213), there is no reason to continue sealing information related to Does who have not objected. Therefore, Intervenors join in Ms. Giuffre's request that all future unsealing orders additionally unseal information related to Does who have not objected. If there is one area where Intervenors agree with Ms. Maxwell it is that Intervenors also do not want to "clutter" the docket with repetitious filings, each time having to scour thousands of pages of duplicative documents, each round searching for the text that was newly un-redacted in that round.

[3] Ms. Maxwell continues to make futile arguments that are causing delay and unneeded expense for the Court and the parties, as she has in past filings. For example, Intervenors have only just obtained access to the 20 lines of text Ms. Maxwell fought to keep sealed in her motion for reconsideration, only to find that the text simply contained Ms. Maxwell's denials about non-sexual conduct and testimony that was *already public*, as those same lines of text appeared in the government's indictment of Ms. Maxwell.

the letter and orders Ms. Giuffre to produce the document. *See* Dkt. No. 437. She would not produce it without the court order. *Id.* On September 19, 2019, Judge Robert Sweet signed and endorsed the letter and filed it on the docket, which is also public, thereby ordering Ms. Giuffre to produce the document. *See* Dkt. No. 438.

Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "[A] court 'perform[s] the judicial function' not only when it rules on motions currently before it, but also when properly exercising its inherent 'supervisory powers.'" *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Here the motion at Docket No. 422 *was* decided by Judge Sweet, when Judge Sweet endorsed the letter and, in doing so, ordered Ms. Giuffre to produce a document. The parties could not have resolved their dispute without court intervention, which is precisely at the heart of the Court's judicial function and supervisory powers. *See Lugosch*, 435 F.3d at 119. Additionally, this Court has already made a determination that Docket 422 was a judicial document because it was included in the batch of decided motions for review. Docket 422 and its related filings are therefore judicial documents subject to a presumption of access.[4]

**III. Ms. Maxwell's Use of Selective Online Comments to Undermine the Unsealing Process Is Unfounded.**

Finally, Ms. Maxwell attempts to undermine this process by selectively quoting from

---

[4] Further, other courts in this Circuit have found that whether a motion is ruled on is not dispositive of whether it is a judicial document. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (finding that "pleadings—even in settled cases—are Judicial records subject to a presumption of public access"); *Dawson v. Merck & Co.*, No. 112CV1876BMCPK, 2021 WL 242148, at *2 (E.D.N.Y. Jan. 24, 2021) ("[A] judicial decision is not a prerequisite to finding a presumptive right of public access"); *Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399, 416 (S.D.N.Y. 2019) ("[T]he Amended Complaint is plainly 'a judicial document subject to a presumption of access.'").

unnamed online commenters exhibiting strong opinions about Ms. Maxwell. These quotes cannot and should not erode long-standing jurisprudence that providing public access to judicial records "is an essential feature of democratic control." *Amodeo II*, 71 F.3d at 1048. Nor should the comments detract from the exceptional discoveries that have resulted from the release of documents in this case, including important insights into how allegations of sexual trafficking of minors continued without recourse for years.

Documents in this case have been improperly sealed for too long—as documents are released, individuals will continue to comment on the facts of this case. That is not surprising, nor is it proof that the release of documents has not achieved its goals of educating the public on matters of grave public importance and the role of the courts in adjudicating the parties' disputes.

Online commentary about Ms. Maxwell does nothing to minimize that access to judicial records in this case has allowed—and will continue to allow—the public to monitor the courts and their functioning.[5]

## CONCLUSION

For all of the foregoing reasons, Intervenors respectfully request that this Court unseal sealed materials related to Docket Entries 345, 356, 362, 370, 422, 468, & 640, and their related submissions.

[5] The Second Circuit has also held that the "motive of the person seeking access" is "irrelevant to defining the weight accorded the presumption of access." *Amodeo II*, 71 F.3d at 1050. Considering *why* someone seeks access or what the person will do with the information "risks self-serving judicial decisions tipping in favor of secrecy." *Id.* Rather, the Court must look at the interests served more broadly. Making the information available through a news story means that "those interested in monitoring the courts may well learn of, and use, the information." *Id.*

Dated: New York, New York
February 12, 2021

Respectfully submitted,

/s/ Christine N. Walz

Sanford L. Bohrer
Christine N. Walz
Cynthia A. Gierhart
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010
*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*