

EXHIBIT 6

(File Under Seal)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-20-16

-----------------------------------------X

VIRGINIA L. GUIFFRE,

        Plaintiff,

  - against -

GHISLAINE MAXWELL,

        Defendant.

-----------------------------------------X

15 Civ. 7433 (RWS)

OPINION

A P P E A R A N C E S:

    Counsel for Plaintiffs

    BOEIS, SCHILLER & FLEXNER LLP
    401 East Las Olas Boulevard, Suite 1200
    Fort Lauderdale, FL 33301
    By:  Sigrid S. McCawley, Esq.
        Meredith L. Schultz, Esq.

    Counsel for Defendants

    HADDON, MORGAN AND FOREMAN, P.C.
    150 East Tenth Avenue
    Denver, CO 80203
    By:  Laura A. Menninger, Esq.
        Jeffrey S. Pagliuca, Esq.

**Sweet, D.J.**

Eight discovery motions are currently pending before this
court.

1. Plaintiff Virginia Giuffre ("Giuffre" or "Plaintiff") has
   moved for an order of forensic examination, ECF No. 96. As
   set forth below, this motion is granted in part and denied
   in part.

2. Defendant Ghislaine Maxwell ("Maxwell") or ("Defendant")
   has moved to compel Plaintiff to disclose alleged on-going
   criminal investigations by law enforcement, ECF No. 101. As
   set for below, this motion is denied.

3. Plaintiff has moved to compel Defendant to answer
   deposition questions, ECF No. 143. This motion is granted.

4. Defendant has moved to compel non-privileged documents, ECF
   No. 155. As set forth below, this motion is denied.

5. Plaintiff has moved for leave to serve three deposition
   subpoenas by means other than personal service, ECF No.
   160. As set forth below, this motion is granted in part and
   denied in part.

6. Defendant has moved to compel attorney-client
   communications and work product, ECF No. 164. As set forth
   below, this motion denied.

7. Plaintiff has moved to exceed the presumptive ten
   deposition limit, ECF No. 172. As set forth below, this
   motion is granted in part and denied in part.
8. Plaintiff has moved for leave to file an opposition brief
   in excess of the 25 pages permitted under this Court's
   Individual Rules of Practice. This motion is granted.

## I. Prior Proceedings

Familiarity with the prior proceedings and facts of this
case as discussed in the Court's prior opinions is assumed. See
Giuffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2016 WL 831949
(S.D.N.Y. Feb. 29, 2016); Giuffre v. Maxwell, No. 15 Civ. 7433
(RWS) (S.D.N.Y. May 2, 2016).

Plaintiff filed her motion for clarification of the Court's
March 17, 2016 Order and for forensic examination on April 13,
2016. By Order dated April 15, 2016, the motion for
clarification was denied on the basis that further clarification
was unnecessary. Oral argument was held with respect to forensic
examination on May 12, 2016, at which time the matter was deemed
fully submitted.

Defendant filed her motion to compel Plaintiff to disclose ongoing criminal investigations by law enforcement, or in the alternative to stay proceedings, on April 18, 2016. Oral argument was heard and the motion granted in part and denied in part on April 21, 2016. Plaintiff was directed to submit the relevant materials for in camera review. Plaintiff did so on April 28, 2016.

Plaintiff filed her motion to compel Defendant to answer deposition questions on May 5, 2016. Oral argument was held on May 12, 2016, at which time the matter was deemed fully submitted.

Defendant filed her motion to compel non-privileged documents on May 20, 2016. By Order dated May 23, 2016, the motion was set for argument on June 2, 2016. The motion was taken on submission on that date. Defendant filed a reply on June 6, 2016.

Plaintiff filed her letter motion for leave to serve three depositions subpoenas by means other than personal service. By Order dated May 27, 2016, the motion was set for argument on June 2, 2016. The motion was taken on submission on that date.

Defendant filed her motion to compel attorney-client
communications and work product on May 26, 2016. By Order dated
May 27, 2016, the motion was set for argument on June 2, 2016.
The motion was taken on submission on that date. Defendant filed
a reply on June 6, 2016.

Plaintiff filed her motion to exceed the presumptive ten
deposition limit on May 27, 2016. By Order dated June 6, 2016,
the motion was set returnable on June 16, 2016, at which time
the motion was deemed fully submitted.

Plaintiff filed her motion for leave to file excess pages
on June 1, 2016.

## II. **Applicable Standards**

Rule 26 "create[s] many options for the district judge . .
. [to] manage the discovery process to facilitate prompt and
efficient resolution of the lawsuit." Crawford-El v. Britton,
523 U.S. 574, 599, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759
(1998). It "vests the trial judge with broad discretion to
tailor discovery narrowly and to dictate the sequence of
discovery." Crawford-El v. Britton, 523 U.S. 574, 598, 118 S.

Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). The District Court may expand or limit the permitted number and time limits of depositions, direct "the time, place, and manner of discovery, or even bar discovery on certain subjects," and may "set the timing and sequence of discovery." Id. at 598-99; Fed. R. Civ. P. 26(b)(2)(A).

Consequently, the Court has wide discretion in deciding motions to compel. See Grand Cent. P'ship. Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir.1999). Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed. R. Civ. P. 26. If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. Freydl v. Meringolo, 09 Civ. 07196(BSJ)(KNF), 2011 WL 256608-7, at *3 (S.D.N.Y. June 16, 2011).

**III. The Motion For an Order of Forensic Examination Is Granted
in Part and Denied in Part**

Federal Rule of Civil Procedure 26(f)(3)(C) requires the
parties to state their views and proposals as to preservation of
electronically stored information ("ESI") and the form of
production of ESI. Fed. R. Civ. P. 26(f)(3)(C). Defendant having
admitted to deletion practices that indicate relevant documents
and also refused to detail document search methods, good cause
exists to warrant court supervised examination of her electronic
devices. Accordingly, Plaintiff's motion is granted in part.

Defendant is ordered to collect all ESI by imaging her
computers and collecting all email and text messages on any
devices in Defendant's possession or to which she has access
that Defendant used between the period of 2002 to present.
Defendant is further directed to run mutually-agreed upon search
terms related to Plaintiff's requests for production over the
aforementioned ESI and produce responsive documents within 21
days of distribution of this opinion.

**IV. The Motion to Compel Plaintiff to Disclose Ongoing Criminal Investigations is Denied**

The public interest privilege "exists to encourage witnesses to come forward and provide information in criminal investigations carried out by . . . [law enforcement] without fear that the information will be disclosed." Sanchez by Sanchez v. City of New York, 201 A.D.2d 325, 326, 607 N.Y.S.2d 321 (1994). A party seeking disclosure of such information "first must demonstrate a compelling and particularized need for access" beyond "[g]eneral and conclusory allegations." Id. The Court then weighs application of the qualified privilege by balancing the need for production against the potential harm to the public from disclosure. Id.

After review of the materials in camera, the qualified public interest privilege as set forth in Sanchez has been established with respect to the submitted documents. Defendant has articulated no need for the documents. Accordingly, the balance weighs in favor of the privilege, and the motion to compel is denied. To preserve the record, Plaintiff is directed to file under seal a comprehensive copy of the log and documents within 21 days of distribution of this opinion.





**VI. The Motion to Compel Non-Privileged Documents is Granted in Part and Denied in Part**

Defendant has sought to compel the following documents: (1) attorney-client communications regarding media advice; (2) pre-existing documents transmitted to counsel; (3) documents shared with or communicated to unidentified third parties; (4) documents primarily for the purpose of providing business advice; (5) documents subject to an unidentified common interest or joint defense protection.

Plaintiff has represented that all responsive "attachments" Defendant seeks to compel have been produced. Accordingly, this request is denied.

Defendant seeks to compel attorney-client communications that include "third parties" on the basis that Plaintiff's privilege log is deficient for identifying individuals as "professionals retained by attorneys to aid in the rendition of legal advice." A review of Plaintiff's privilege log shows Plaintiff has expressly claimed privilege, described the nature of the withheld documents, communications, and tangible things not produced, and generally logged communications in compliance with Federal Rule of Civil Procedure 26(b)(5)(A)(ii). "Unless

11

the client waives privilege, an attorney or his or her employee, or any person who obtains without the knowledge of the client evidence of a confidential communication *made between the attorney or his or her employee and the client in the course of professional employment*, shall not disclose, or be allowed to disclose such communication, nor shall the client be compelled to disclose such communication." N.Y. C.P.L.R. 4503 (McKinney) (emphasis added). The conduct explicitly described by statute as privileged does not operate as waiver, and again Defendant has provided no factual basis to suggest Plaintiff has misrepresented the identity or role of the third-parties listed. Defendant's request is denied.

Defendant's challenge to the common interest privilege claims is likewise unavailing. Regardless of whether Plaintiff has reflexively claimed the common interest privilege in each entry does not vitiate the otherwise applicable privilege claims made, and Defendant has provided no factual foundation to establish waiver or failure of the other claimed privileges.

Finally, with respect to the media and business advice communications, Defendant has marshaled no evidence to support her speculation that the documents logged as privileged are improperly withheld other than the fact that one member of

12

Plaintiff's legal team is an author. Plaintiff has represented
to the Court and via a detailed privilege log that the
communications in question are privileged. Stan Pottinger, the
author in question, is a barred attorney of record in this case,
incomparable to Defendant's media agent (and non-attorney) Ross
Gow. That Pottinger has written non-legal material, or even
whether his "primary occupation in the most recent years [is] as
a novelist," is irrelevant to whether his communication with
Plaintiff as her counsel was for the purpose of providing legal
advice. Similarly, Bradley Edwards, who Defendant has already
challenged, is an attorney of record in this case, and Defendant
has provided no evidence other than the fact of his
representation of Plaintiff's non-profit to doubt that the
communications logged are privileged.

Having provided no grounds to doubt the sworn
representations of Plaintiff's counsel, Defendant's motion to
compel these communications is denied. Defendant is granted
leave to refile the motions with respect to media and business
advice on the basis of relevant and non-specious factual
support. Court intervention should not be invoked to resolve
routine discovery matters on the basis of a supposition of bad
faith. Further filing of frivolous or vexatious motions lacking
sufficient factual support to support a colorable argument (or

13

on the basis of misrepresented or false facts or law) will be
met with sanctions.

**VII. The Motion for Leave to Serve Three Deposition Subpoenas By
Means Other than Personal Service is Granted in Part and Denied
in Part**

Plaintiff seeks to compel subpoenas to serve Nadia
Marcinkova, Sarah Kellen, and Jeffrey Epstein. The request is
denied with respect to Epstein as moot. No opposition having
been filed and the testimony of Marcinkova and Kellen being
relevant to falsity of the defamation at issue, the motion is
granted with respect to Marcinkova and Kellen.

**VIII.    The Motion to Compel Attorney-Client Communications
and Work Product is Denied**

Defendant argues that "Edwards and Cassell preemptively
filed an action against Dershowitz proclaiming they did not
violate Rule 11 . . . [and i]n doing so, they voluntarily put at
issue and relied on: a) their good faith reliance on information
communicated to them by Plaintiff, and b) their work product

14

showing that their filing was reasonably investigated and substantially justified." Def.'s Reply in Supp. Mot. to Compel all Att'y-Client Comms. and Att'y Work Product at 8-9 (Def.'s Reply on AC"). The Broward County, Florida Court ruled on this argument in Edwards and Cassell v. Dershowitz and Defendant argues in reply that this order is non-binding, and was issued prior to Plaintiff's testimony. Id. at 1.

Defendant was not a party to the Florida case. Nevertheless, Defendant's argument is nearly identical to Dershowitz's. Defendant argues Plaintiff's testimony arose after the ruling in the Florida case, however, the principle of that argument is the same: Defendant placed her attorney-client communications with Edwards and Cassell at issue by relying on the content of those communications in Edwards and Cassell v. Dershowitz. The Florida Court's ruling is therefore highly relevant privilege has not been waived.[2] The motion is accordingly denied.

---

[2] The Court declines to address the choice of law issue, as application of Florida or New York at-issue doctrines are not outcome determinative in this instance and thus no determination is necessary. Compare Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So. 2d 504, 510 (Fla. Dist. Ct. App. 2006) ("for waiver to occur under the at issue doctrine, the proponent of a privilege must make a claim or raise a defense based upon the privileged matter and the proponent must necessarily use the privileged information in order to establish its claim or defense.") with Chin v. Rogoff & Co., P.C., No. 05 CIV.



## X.  The Motion for Leave to File Excess Pages is Granted

Plaintiff sought leave to file excess pages in response to Defendant's motion to compel attorney-client communications and work product. To the extent the motion is not moot, leave is granted.

## XI.  Conclusion

As set forth above: the motion for an order of forensic examination is granted in part and denied in part; the motion to compel to compel Plaintiff to disclose alleged on-going criminal investigations by law enforcement is denied; the motion to compel Defendant to answer deposition questions is granted; the motion to compel non-privileged documents is denied; the motion for leave to serve three deposition subpoenas by means other than personal service is granted in part and denied in part; the motion to compel attorney-client communications and work product is denied; the motion to exceed the presumptive ten deposition limit is granted; the motion for leave to file an opposition brief in excess of the 25 pages permitted under this Court's Individual Rules of Practice is granted. This opinion resolves ECF Nos. 96, 101, 143, 155, 160, 164, 172, and 182.

For purposes of managing the filings in this case, the parties are further directed to comply with the Court's Individual Rules of Practice by providing all future motion papers in their full non-redacted form, complete with related declarations and exhibits, in a single complete bound hard copy delivered to Chambers at the time of filing. All soft-copies must be provided by attachment of a single PDF in its full non-redacted form, including all related declarations and exhibits irrespective of whether each attachment or declaration is intended to be filed under seal. Soft-copies must be provided in addition to, not in lieu of, hard-copies.

This matter being subject to a Protective Order, the parties are directed to meet and confer regarding redactions to this Opinion consistent with that Order. The parties are further directed to jointly file a proposed redacted version of this Opinion or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion.

It is so ordered.

New York, NY
June 20 , 2016

ROBERT W. SWEET
U.S.D.J.