# EXHIBIT 14
# (Filed Under Seal)

Page 1

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:  CACE 15-000072

BRADLEY J. EDWARDS, and
PAUL G. CASSELL,

    Plaintiffs,

vs.

ALAN DERSHOWITZ,

    Defendant.
_____/

TRANSCRIPT OF NON-PARTY VIRGINIA ROBERTS'
EMERGENCY MOTION TO SEAL

    DATE TAKEN:    December 18, 2015
    TIME:    9:26 a.m - 9:45 a.m.
    PLACE:    Broward County Courthouse
        201 Southeast 6th Street
        Fort Lauderdale, Florida 33301
    BEFORE:    Thomas M. Lynch, IV, Circuit Court Judge

    This cause came on to be heard at the time and place aforesaid, when and where the following proceedings were reported by:

        Michele Cameron
        Magna Legal Services
        866-624-6221



```
                                                      Page 23
 1         negotiations between the parties.  It is
 2         without question that these were settlement
 3         conversations.
 4              I appreciate what he is trying to refer
 5         to, this later mediation with Judge
 6         Streitfeld.  There is a mediation that has
 7         gone on in the last couple of weeks with
 8         Judge Streitfeld.  These were confidential
 9         settlement negotiations that started in May
10         and went up to the present; so to say that --
11              THE COURT:  I agree with you.  I think
12         they're confidential settlement discussions.
13         I'm going to grant the Motion to Seal.
14              MS. MCCAWLEY:  Thank you, Your Honor.
15              MR. SAFRA:  Well, Your Honor --
16              THE COURT:  Over the strong objection of
17         the Defendant.
18              MR. SAFRA:  Can I, for the record --
19              MS. MCCAWLEY:  Thank you.
20              MR. SAFRA:  -- at least also reserve
21         that for the relief that needs to be shown
22         irreparable harm, death, or manifest injury,
23         and it's our position that that hasn't been
24         shown in the requested relief.
25              THE COURT:  You don't think confidential
```



```
                                            Page 24
 1            settlement agreements should be sealed?  I
 2            know you don't think they are confidential
 3            settlement agreements --
 4                 MR. SAFRA:  Well --
 5                 THE COURT:  -- but if they are, which
 6            I've made that finding, you don't think they
 7            should be sealed?
 8                 MR. SAFRA:  Well, you're making the
 9            finding that they were confidential
10            settlement --
11                 THE COURT:  I am.
12                 MR. SAFRA:  -- but that wasn't at issue
13            here, and they haven't even filed the
14            opposition, and we have our Motion in Limine;
15            so you're ruling upon that when --
16                 THE COURT:  No.  I'm just sealing these
17            because I think they should be sealed.
18                 MR. SAFRA:  Okay.
19                 THE COURT:  Although, you know --
20                 MR. SAFRA:  Take your words for the
21            future.
22                 THE COURT:  -- everyone is aware of --
23                 MR. SAFRA:  Understood.
24                 THE COURT:  Well, everyone.  Whoever
25            read the New York Times is aware of the
```



```
                                                   Page 25
 1      situation; so I will grant the motion.
 2           MR. SAFRA:  For clarity, the Motion in
 3      Limine, when that gets scheduled, is your
 4      finding that it's a settlement
 5      communication --
 6           THE COURT:  I'll listen to any argument
 7      anyone has on any issue.  We're not doing
 8      that today.
 9           MR. SAFRA:  Just the seal.
10           THE COURT:  I'm available for hearings
11      anytime after the 3rd of January.
12           MR. SAFRA:  And can I state, so you
13      don't get a disagreement where we end up back
14      before the Court -- just because I'm aware
15      and I want to raise --
16           MS. MCCAWLEY:  Right.
17           MR. SAFRA:   -- it and so that you have
18      an opportunity, it is our position or my
19      client's position that these meetings
20      occurred in New York and that the sealing
21      would apply to the public filings and in
22      Florida.
23           MS. MCCAWLEY:  Your Honor, if the intent
24      here is to continue to spew the confidential
25      settlement negotiations and have
```



```
                                            Page 26
 1        Mr. Dershowitz go to New York or other
 2        locations to say these things again, I would
 3        object to that.  I think this Court needs to
 4        be very stern in its response that these are
 5        not appropriate to be disclosed.
 6              THE COURT:  Well, I think he is aware of
 7        that.
 8              MR. SAFRA:  I'm aware, and I will convey
 9        to my client.  I think the Court's
10        jurisdiction is what is it, but I just wanted
11        to raise the issue and we will act in good
12        faith and, you know, do just like we did last
13        time, contact Mr. Boies to give opportunities
14        before anything happens.
15              MS. MCCAWLEY:  Your Honor, I disagree
16        with that.  I have no indication that
17        Mr. Boies was contacted about this in
18        advance.
19              THE COURT:  Thanks.  Nice to see you.
20              MS. MCCAWLEY:  Thank you, Your Honor.
21              MR. SAFRA:  Thank you, Your Honor.  Have
22        a good weekend.
23              THE COURT:  You, too.
24              MS. MCCAWLEY:  I have a Proposed Order
25        with me.  Do you want me to --
```



```
                                                              Page 28
  1
  2
  3
  4                      CERTIFICATE
  5  STATE OF FLORIDA    )
  6  COUNTY OF BROWARD   )
  7           I, MICHELE CAMERON, Notary Public in and for
  8  the State of Florida at Large, do hereby certify that
  9  the case of BRADLEY J. EDWARDS, and PAUL G. CASSELL
 10  are the Plaintiffs, and ALAN DERSHOWTIZ is the
 11  Defendant, was heard before the Honorabe Thomas M.
 12  Lynch, IV, as Judge, and that the foregoing pages,
 13  numbered 1 to 28, inclusive, constitute a true and
 14  correct transcription of the proceedings taken on
 15  December 18, 2015.
 16           WITNESS my hand and official seal in the City
 17  of Fort Lauderdale, County of Broward, State of
 18  Florida, this 18th day of December, 2015.
 19
 20
 21                      _____
                         MICHELE CAMERON
 22                      Notary Public, State of
                         Florida at Large
 23                      My Commission Expires: 12-27-15
                         My Commission No.: EE152087
 24
 25
```

