**McCAWLEY DECLARATION**

# EXHIBIT 16
# (Filed Under Seal)

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

BRADLEY J. EDWARDS, and    CASE NO. CACE 15-000072
PAUL G. CASSELL,

    Plaintiffs,

v.

ALAN DERSHOWITZ,

    Defendant.

_____/

## MOTION TO STRIKE AND FOR SANCTIONS

Non-Party Virginia Roberts, by and through undersigned counsel, hereby moves for this Court to enter sanctions against Defendant, Alan M. Dershowitz in connection to his filing the Motion in Limine to Overrrule Objections As to Application of Settlement Rules, Filing # 35429605 E-Filed 12/11/2015 at 10:08:04 a.m., and to strike Defendant's affidavit, pleadings and grant attorney's fees to Virginia Roberts, and hereby states as follows.

### INTRODUCTION

Alan Dershowitz intentionally and wrongfully submitted a misleading affidavit to this Court, knowing that Non-Party Virginia Roberts had a standing objection to the disclosure of confidential settlement discussions. Dershowitz filed the affidavit with the sole purpose of putting it in the public record so he could feed falsehoods to the media. He submitted this affidavit full of misrepresentations, betting that the consequences from this Court for his deliberate violation of the settlement privilege will not be harsh enough to offset the benefit he received by feeding false

information to the press. The Court should make clear to Dershowitz that his calculation is mistaken.

## FACTUAL BACKGROUND

David Boies, representing non-party Virginia Roberts, Defendant Alan Dershowitz, and David Stone, an attorney representing the interests of Dershowitz, met together to discuss the claims concerning litigation involving Dershowitz, Brad Edwards, Paul Cassell and Virginia Roberts. In partaking in these meetings, it was Non-Party Virginia Roberts' lawyers' clear understanding that the communications with Mr. Dershowitz were settlement discussions for the purposes of resolving claims concerning these individuals. *See* Exhibit 1, December 11, 2015, Declaration of David Boies.

Following those meetings, Defendant Dershowitz was recently deposed in the above-captioned matter. During the course of his deposition, Dershowitz attempted to interject into the record non-responsive answers that disclosed the confidential settlement discussions with David Boies. Counsel for Ms. Roberts plainly instructed Dershowitz that these matters were confidential and, if that was disputed, the issue needed to be presented to a judge for resolution.

> MS. McCAWLEY: Again, I'm going to object to this has happened in the context of settlement --
> A. -- false.
> MS. McCAWLEY: -- negotiations. *I'm going to move for sanctions if information is revealed that happened in the context of settlement discussions.*
> MR. SCOTT: I don't know whether -- I don't believe there were settlement discussions. But even if they weren't, they would still be admissible.
> A. Let me continue --
> MR. SCOTT: For discovery purposes.
> A. -- that David Boies had done --
> MS. McCAWLEY: I disagree. I think we're going to have to take this to the judge, then; if we're going to reveal settlement conversations in this conversation, then we need to go to the judge on it.

Deposition of Alan Dershowitz, Vol. 1, (Oct. 15, 2015) at 81-84 (emphasis added).

A few minutes later, counsel for Ms. Roberts raised the same objection when Dershowitz again attempted to interject settlement discussions into his deposition answers. And Dershowitz's counsel (Mr. Simpson) agreed that counsel had the right to raise the objection:

> MS. McCAWLEY: I object. I object. I'm not going to allow you to reveal any conversations that happened in the context of a settlement discussion.
> \*\*\*
> MR. SIMPSON: Wait a minute. Wait a minute. Wait a minute. *Please don't disclose something that she has a right to raise that objection if she wants to.*
> R. SCOTT: Exactly.
> THE WITNESS: Okay. 11:40:14
> MR. SCOTT: Ask your question.

Deposition of Alan Dershowitz, vol. 1, (Oct. 15, 2015) at 94-95 (emphasis added).

In light of these clear objections during the deposition, defendant Dershowitz, knew that Virginia Roberts' lawyers had lodged objections on the record to Defendant Dershowitz's wrongful attempts during his deposition to reveal confidential settlement discussions. Nonetheless, in spite of that objection, on the morning of Friday, December 11, 2015, Dershowitz intentionally disregarded those objections and filed an affidavit in this Court's public file, outlining what he alleges[1] were conversations between Defendant Dershowitz and David Boies.

On Saturday, December 12, 2015, the *New York Times* placed on its website a story that included statements from Mr. Dershowitz's affidavit wrongfully characterizing and disclosing settlement discussions. This story appeared in the print edition of the *New York Times* on Sunday, December 13, 2015.

Immediately after the release of Dershowitz's Affidavit, on Friday, December 11, 2015, Non-party Virginia Roberts filed an Emergency Motion to seal "Exhibit B, Affidavit of Alan M. Dershowitz Regarding Meetings with David Boies" until such time as the Court can hold a hearing

---

[1] Shockingly, Defendant Dershowitz submitted under oath an affidavit that contains a number of statements that were "misleading," "taken out of context," or "flatly untrue…" *See* Declaration of David Boies at Exhibit 1 at ¶ 2.

3

to rule on the settlement privilege. Non-party Virginia Roberts now moves the Court to enter sanctions against Defendant Dershowitz for purposefully making public confidential settlement discussions made under the auspices of confidentiality and for the admitted purpose of resolving claims.

## ARGUMENT

It defies common sense for Dershowitz to claim that the discussions at issue were not settlement discussions.[2] The parties represented at these discussions have wholly opposing interests related to ongoing litigation (and potential litigation). In short, Virginia Roberts has come forward to report sexual abuse she suffered as a minor child at the hands of Jeffery Epstein, Alan Dershowitz and others in relation to a Crime Victims Rights Act case in the Southern District of Florida (the "CVRA suit"). Thereafter, Alan Dershowitz proceeded to defame Ms. Roberts' lawyers, Bradley Edwards and Paul Cassell, who were pursuing justice on behalf of the minor sex abuse victims in the CVRA suit. In response, Brad Edwards and Paul Cassell filed the defamation action, pending before this Court.[3] After that the defamation action was pending, Mr. Boies had discussions with Dershowitz in an attempt to resolve the litigation. It is hard to image what other possible basis the meetings could have had.

Mr. Dershowitz argues that his discussions with David Boies were not settlement discussions. He also claims Fla. Stat. § 90.408 only attaches to the admissibility of settlement negotiations at trial, yet publically filing confidential settlement discussions with the court

---

[2] Florida courts adhere to the time-tested adage: if it looks, walks, quacks and swims like a duck, that is what it is. *N. Broward Hosp. Dist. v. Eldred By & Through Eldred*, 466 So. 2d 1210, 1211 (Fla. 4th DCA 1985) approved as modified sub nom. *Eldred v. N. Broward Hosp. Dist.*, 498 So. 2d 911 (Fla. 1986); *see also BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1337 (11th Cir. 1998).

[3] Courts confronted with this issue have held that settlement discussions should be protected, even if they are pursuant to another case, and should not be held up to public access. *See Delollis v. Fuchs*, No. 12-CV-2331 DRH AKT, 2012 WL 5867370, at *2 (E.D.N.Y. Nov. 16, 2012) ("the Court is persuaded that the interest in maintaining the confidentiality of the offer of settlement, which was made in a separate litigation not before this Court, outweighs the applicable presumption of public access").

frustrates the purpose of that statute. *"The purpose of [Fla. Stat. § 90.408] is for counsel to communicate freely in an effort to settle litigation without the risk that any statement made will be used against his clients."* Rubrecht v. Cone Distrib., Inc., 95 So. 3d 950, 956 (Fla. 5th DCA 2012). Here, Dershowitz filed with this Court, and made public, alleged statements of David Boies in order to use them against his opponents in this litigation and in his press battle.

Defendant Dershowitz intentionally submitted his affidavit in an effort to misrepresent what transpired and then fed that information to the press from the Court record. Indeed, the face of his motion demonstrates that he knows Non-Party Virginia Roberts has standing objections to the revelation of settlement discussions and he intentionally and knowingly submitted an affidavit attached to his motion outlining what he claims to be his version of those settlement discussions. If there was ever a case of intentional bad faith litigation conduct – this is it.

The Florida Supreme Court has given courts broad discretionary power to sanction parties. Breaching confidentiality warrants sanctions. *Paranzino v. Barnett Bank of S. Florida, N.A.*, 690 So. 2d 725, 729 (Fla. 4th DCA 1997) cause dismissed, (Fla. June 2, 1997) (sanctioning a party for making public discussions that took place during mediation by striking its pleadings and dismissing the case with prejudice: "If the trial court were to allow this willful and deliberate conduct to go unchecked, continued behavior in this vein could have a chilling effect upon the mediation process."). Similarly, allowing parties to publically file discussions that took place during confidential settlement negotiations over the other party's objections would have a chilling effect on settlement negotiations. Therefore, the Court should strike Dershowitz's pleadings as a sanction.

The trial court possesses the inherent authority to impose attorneys' fees against an attorney for bad faith conduct. *Moakley v. Smallwood*, 826 So. 2d 221, 226 (Fla. 2002). Here, Dershowitz easily could have moved for the relief he seeks in his Motion in Limine without making public the very statements he knows were being challenged as subject to the settlement

5

privilege. Attaching his Affidavit with his distorted version of the settlement negotiations' was simply a vehicle for him to falsely portray settlement discussions to the press in an attempt to prejudice this Court and tarnish the reputations of the attorneys involved. Dershowitz showed bad faith, abused the litigation process, and should therefore, at a minimum, pay attorneys' fees for non-party Virginia Robert's efforts to seal this filing and efforts to have it struck from the record. This Court should not countenance this obvious attempt to violate and frustrate the stated purpose of Florida statutes. *See* Rubrecht, *supra*, 95 So. 3d at 956.

Finally, in addition to striking Dershowitz's pleadings, striking his affidavit, and awarding attorneys' fees, Ms. Giuffre requests that the Court admonish Dershowitz that any further violations of confidentiality orders and obligations will be met with even more severe sanctions.

Dershowitz has previously written: "There's an old saying: 'If you have the law on your side, bang on the law. If you have the facts on your side, bang on the facts. If you have neither, bang on the table.' I have never believed that, but I do believe in a variation on that theme: *If you don't have the law or legal facts on your side, argue your case in the court of public opinion.*" Alan Dershowitz, Taking the Stand: My Life in the Law (2013) (emphasis added). Dershowitz has demonstrated that he is taking a page out his book and willing to reveal confidential information in his effort to win his battle in the court of public opinion. The Court should not permit such impermissible tactics to succeed.

## CONCLUSION

WHEREFORE, Non-Party Virginia Roberts respectfully requests that this Court grant her Motion for Sanctions and strike Dershowitz' pleadings, or, at the very least, strike "Exhibit B, Alan Dershowitz' Affidavit" in support of Defendant Alan M. Dershowitz's Motion in Limine to Overrule Objections As to Application of Settlement Rules, Filing # 35429605 E-Filed 12/11/2015

at 10:08:04 a.m., and award attorneys' fees and costs, and admonish Dershowitz that any further violations of his confidentiality obligations will lead to even more severe sanctions.

Dated: December 16, 2015

              Respectfully submitted,

              BOIES, SCHILLER & FLEXNER LLP
              401 East Las Olas Boulevard, Suite 1200
              Fort Lauderdale, Florida 33301
              Telephone: (954) 356-0011
              Facsimile: (954) 356-0022

            By: /s/Sigrid S. McCawley
              Sigrid S. McCawley, Esq.
              Florida Bar No. 129305

              *Attorney for Non-Party Virginia Roberts*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December16, 2015, a true and correct copy of the foregoing was served by Electronic Mail to the individuals identified below.

By: /s/Sigrid S. McCawley
Sigrid S. McCawley

| | |
|---|---|
| Thomas E. Scott<br>Thomas.scott@csklegal.com<br>Steven R. Safra<br>Steven.safra@csklegal.com<br>COLE, SCOTT & KISSANE, P.A.<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, Florida 33156<br>Renee.nail@csklegal.com<br>Shelly.zambo@csklegal.com<br><br>Richard A. Simpson<br>rsimpson@wileyrein.com<br>Mary E. Borja<br>mborja@wileyrein.com<br>Ashley E. Eiler<br>aeiler@wileyrein.com<br>WILEY REIN, LLP<br>1776 K Street NW<br>Washington, D.C. 20006<br><br>*Counsel for Defendant Alan Dershowitz* | Jack Scarola<br>SEARCY DENNEY SCAROLA BARNHART<br>& SHIPLEY, P.A.<br>JSX@searcylaw.com<br>2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409-6601<br><br>*Attorney for Plaintiffs* |