**McCAWLEY DECLARATION**

# EXHIBIT 17
# (Filed Under Seal)

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

BRADLEY J. EDWARDS, and
PAUL G. CASSELL,

CASE NO. CACE 15-000072

    Plaintiffs,

v.

ALAN DERSHOWITZ,

    Defendant.
_____/

## SEALED, UNREDACTED SUPPLEMENTAL MOTION TO STRIKE AND FOR SANCTIONS

Non-Party Virginia Giuffre, by and through undersigned counsel, hereby moves for this Court to enter sanctions against Defendant, Alan M. Dershowitz as a result of his willful defiance of this Court's Order.

### INTRODUCTION

Despite this Court's December 18, 2015, Order, attached as Exhibit A to Sigrid S. McCawley's Affidavit (hereinafter "McCawley Affidavit"), and despite this Court's admonition to Defendant to cease revealing confidential settlement negotiations *that this Court found to be confidential and placed under seal*, Dershowitz intentionally defied this Court's Order and revealed confidential settlement discussions. On January 13, 2016, Dershowitz gave testimony purporting to describe the confidential settlement negotiations with Non-Party Virginia Giuffre's counsel Sigrid McCawley. Mr. Dershowitz made this testimony willfully, in bad faith, in deliberate disregard of this Court's Order, and with gross indifference to this Court's authority. This Court must enter sanctions against Mr. Dershowitz for these serious transgressions pursuant

to Fla. R. Civ. P. 1.380, in order to protect the integrity of this proceeding. *See Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983) ("A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness...").

## BACKGROUND

As the Court is aware from Virginia Giuffre's first Motion for Sanctions (Exhibit B to McCawley Affidavit), Alan Dershowitz intentionally and wrongfully submitted a misleading affidavit to this Court, knowing that Non-Party Virginia Giuffre had a standing objection to the public disclosure of confidential settlement discussions. Without allowing the Court to make a ruling on privilege, he wagered that the consequences from this Court for his deliberate violation of the settlement privilege would not be harsh enough to offset the benefit he received by feeding false information to the press. On December 18, 2015, this Court granted Non-Party Boies, Schiller & Flexner's Emergency Motion to Seal the Affidavit, finding that the discussions were confidential settlement negotiations.

> **THE COURT: I agree with you. I think they're confidential settlement discussions. I'm going to grant the Motion to Seal.**
>
> MS. MCCAWLEY: Thank you, Your Honor.
>
> MR. SAFRA: Well, Your Honor --
>
> **THE COURT: Over the strong objection of the Defendant.**
>
> MR. SAFRA: Can I, for the record --
>
> MS. MCCAWLEY: Thank you.
>
> MR. SAFRA: -- at least also reserve that for the relief that needs to be shown irreparable harm, death, or manifest injury, and it's our position that that hasn't been shown in the requested relief.
>
> **THE COURT: You don't think confidential settlement agreements should be sealed? I know you don't think they are confidential settlement agreements --**

> MR. SAFRA: Well --
>
> **THE COURT: -- but if they are, which I've made that finding, you don't think they should be sealed?**
>
> MR. SAFRA: Well, you're making the finding that they were confidential settlement --
>
> **THE COURT: I am.**
>
> MR. SAFRA: For clarity, the Motion in Limine, when that gets scheduled, is your finding that it's a settlement communication --
>
> **THE COURT: I'll listen to any argument anyone has on any issue. We're not doing that today.**

*See* Exhibit C to McCawley Affidavit, December 18, 2015, Emergency Motion to Seal Hr. Tr. at 23:11-25:8 (emphasis added).

Furthermore, this Court admonished Mr. Dershowitz to stop revealing the confidential settlement negations going forward:

> MS. MCCAWLEY: Your Honor, if the intent here is to continue to spew the confidential settlement negotiations and have Mr. Dershowitz go to New York or other locations to say these things again, I would object to that. I think this Court needs to be very stern in its response that these are not appropriate to be disclosed.
>
> **THE COURT: Well, I think he is aware of that.**
>
> MR. SAFRA: I'm aware, and I will convey to my client...

*See* Exhibit C to McCawley Affidavit, December 18, 2015, Emergency Motion to Seal Hr. Tr. at 25:23-26:9 (emphasis added).

Despite this Court's December 18, 2015, Order and admonition to cease this exact behavior, Mr. Dershowitz, *again*, willfully disclosed confidential, alleged settlement negotiations in a brazen and self-serving attempt to discredit one of his accusers during the continuation of his deposition in this case:

> Q. And the lawyers generically, he's talking about the lawyers who believe Virginia Roberts?

A. No. The lawyers who pretend to believe Virginia Roberts. None of us think you believe her. Nobody I know thinks you believe her.

Q. Nobody you know thinks --

A. That's right.

Q. Any of the people you described yesterday, which is now inclusive of Brad Edwards, Paul Cassell, Jack Scarola, Sigrid McCawley and David Boies, believe Virginia Roberts; that's your testimony?

A. That's right, and Sigrid McCawley told me that.

MS. McCAWLEY: I'm sorry, I'm going to object. This again -- so I have no idea what context, or if you're referring to a context where we were having settlement discussions, that violates the seal order that's already in place. There's a motion for sanctions pending. We will be supplementing with this. You know, how many times do we have to go over this, Alan? It's not appropriate. First of all, you're misrepresenting things. And I'll state for the record, I did not say that. . .

\*\*\*

MS. MCCAWLEY: I'm denying the allegation that you just made on the record. I'm making my record that you are not entitled to discuss anything that deals with confidential settlement discussions. Misrepresenting those is a violation of that, and I'll go back to the Judge and get another order if I need to.

\*\*\*

SPECIAL MASTER POZZUOLI: Give me a second. I'll grant the Motion to Strike from "and" all the way to the end.

See Exhibit D to McCawley Affidavit, January 13, 2016, Alan Dershowitz Depo. Tr. at 793:15-20; 794:13-19; 796:16-18. Mr. Dershowitz blatantly defied this Court's Order and manufactured testimony, all in attempt to prejudice this Court against Virginia Giuffre and generate a new press release. This time, however, he did so in contravention of this Court's Order. The Court cannot condone such willful misconduct.

4

### A. DERSHOWITZ'S WILLFUL VIOLATION OF THIS COURT'S ORDER REQUIRES SANCTIONS

"A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." *Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983) (citations omitted) (Florida Supreme Court approving the sanction of default for discovery violations). "Where a party willfully and flagrantly refuses to comply with the trial court's order, a trial judge has the discretion to impose appropriate sanctions." *Cape Cave Corp. v. Charlotte Asphalt, Inc.*, 384 So. 2d 1300, 1301 (2d DCA 1980). *See also Paranzino v. Barnett Bank of S. Florida, N.A.*, 690 So.2d 725, 729 (Fla. 4the DCA 1997) cause dismissed, (Fla. June 2, 1997) (sanctioning a party for making public discussions that took place during mediation by striking its pleadings and dismissing the case with prejudice: "If the trial court were to allow this willful and deliberate conduct to go unchecked, continued behavior in this vein could have a chilling effect upon the mediation process.").

Mr. Dershowitz willfully and deliberately defied this Court's order, and because of that, it is well within this Court's province to award severe sanctions against him. Mr. Dershowitz's deliberate and willful behavior is sufficient under the controlling precedent for this Court to strike his pleadings in this case. *Mercer v. Raine*, 443 So. 2d at 946. At a minimum, the Court should sanction Mr. Dershowitz by requiring him to pay Ms. Giuffre's attorneys' fees relating to sealing Mr. Dershowitz's affidavit and the subsequent work and motion practice related to his continuing violations of this Court's Order. *See, e.g., Moakley v. Smallwood*, 826 So.2d 221, 226 (Fla. 2002); *Dean Witter Reynolds, Inc. v. Hammock*, 489 So. 2d 761, 766 (Fla. 1st DCA 1986) (upholding award of attorney's fees for violation of a discovery order); *Roco Tobacco (USA), Inc. v. Florida Div. of Alcoholic Beverages*, 934 So. 2d 479, 481 (3d DCA 2004) (award of attorneys' fees appropriate for failure to obey a court order concerning discovery).

5

Now, for the second time, Mr. Dershowitz has demonstrated that he is willing to reveal - and misrepresent - confidential information in his effort to win his battle in the court of public opinion. This time, he did so in deliberate and brazen defiance of this Court's authority. The Court should not permit such impermissible tactics to continue.

## CONCLUSION

WHEREFORE, Non-Party Virginia Giuffre respectfully requests that this Court grant her Motion to Strike and For Sanctions and award attorney's fees and costs relating to Mr. Dershowitz's revelation of confidential information in violation of this Court's Order.

Dated: January 28, 2016

                                        Respectfully submitted,

                                        **BOIES, SCHILLER & FLEXNER LLP**
                                        Sigrid S. McCawley, Esq.
                                        smccawley@bsfllp.com
                                        Florida Bar No. 129305
                                        401 East Las Olas Boulevard, Suite 1200
                                        Fort Lauderdale, Florida 33301
                                        Telephone: (954) 356-0011
                                        Facsimile: (954) 356-0022
                                        ftleserve@bsfllp.com

                                    By:/s/ Sigrid S. McCawley
                                          Sigrid S. McCawley, Esq.

                                        *Attorney for Non-Party Virginia Giuffre*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 28, 2016, a true and correct copy of the foregoing was served by Electronic Mail to the individuals identified below.

By: /s/ Sigrid S. McCawley
Sigrid S. McCawley

| | |
|---|---|
| Thomas E. Scott<br>Thomas.scott@csklegal.com<br>Steven R. Safra<br>Steven.safra@csklegal.com<br>COLE, SCOTT & KISSANE, P.A.<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, Florida 33156<br>Renee.nail@csklegal.com<br>Shelly.zambo@csklegal.com<br><br>Richard A. Simpson<br>rsimpson@wileyrein.com<br>Mary E. Borja<br>mborja@wileyrein.com<br>Ashley E. Eiler<br>aeiler@wileyrein.com<br>Nicole Richardson<br>nrichardson@wileyrein.com<br>WILEY REIN, LLP<br>1776 K Street NW<br>Washington, D.C. 20006<br><br>*Counsel for Defendant Alan Dershowitz* | Jack Scarola<br>SEARCY DENNEY SCAROLA BARNHART<br>& SHIPLEY, P.A.<br>JSX@searcylaw.com<br>2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409-6601<br><br>*Attorney for Plaintiffs* |