United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,            Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS SUBJECT TO IMPROPER OBJECTION AND IMPROPER CLAIM OF PRIVILEGE

Plaintiff Virginia Giuffre, by and through her undersigned counsel, respectfully submits this Motion to Compel Production of Documents in response to request nos. 1, 2, 3, 6, 7, 9, 10, 11, 12, 17, and 18, and Motion to Compel Production of certain documents on Defendant's Third Amended Privilege Log. For the reasons set forth below, this Court should grant Plaintiff's Motion in its entirety.

I. **FACTUAL BACKGROUND**[1]

---

[1] On Wednesday, June 8, 2016, the undersigned sent Defendant's counsel a lengthy and detailed letter concerning the deficiencies in Defendant's production in response to Plaintiff's Second Request for Production. *See* Schultz Decl. at Exhibit 1. In that letter, the undersigned proposed we meet and confer call at Defendant's counsel's convenience over the next couple days. On Monday, June 13, 2016, the following business day, the undersigned wrote again requesting a meet and confer call, again offering the next couple days to have the call. *See* Schultz Decl. at Exhibit 2. Again, the undersigned received no response whatsoever.
    Tellingly, it was not until July 16, 2016, when **Defendant** wanted to meet and confer about Ms. Giuffre's discovery that Defendant finally agreed to discuss these issues. The meet and confer call took place on July 26, 2016, and lasted two hours. *See* McCawley Decl. at Composite Exhibit 3, July 18, 2016, Email from Paul Cassell to Ty Gee, and July 21, 2016; Email from Paul Cassell to Ty Gee.

1

Plaintiff served her Second Request for Production on April 14, 2016. Despite the Court's former rulings, requiring Defendant to turn over documents subject to improper objections and improper claims of privilege, Defendant failed to produce relevant, responsive, non-privilege documents. It is important to note, Ms. Giuffre has had to litigate for every single other document that Defendant has produced in this case. That is inappropriate discovery behavior. "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Ottoson v. SMBC Leasing and Finance, Inc.*, (Sweet, J.) 2015 WL 4597542 at * 2 (S.D.N.Y. July 30, 2015) (granting motion to compel) (internal quotations omitted); *Stinson v. City of New York*, (Sweet, J.), 2015 WL 4610422 (S.D.N.Y. July 23, 2015) (granting in part motion to compel production). A party should not have to litigate over the production of *every single* document in the case. Yet, this has been Defendant's strategy, and the Court should not accept such stonewalling as a litigation tactic.

In the Second Circuit, courts have dismissed actions where a party has demonstrated willful disregard for its discovery obligations. *Edwards v. Am. Airlines, Inc.*, No. 95 CIV. 5356 (SAS), 1996 WL 432472, at *3 (S.D.N.Y. Aug. 1, 1996). *See also International Mining Co., Inc. v. Allen and Co.*, (Sweet, J.), 567 F.Supp 777 (S.D.N.Y. 1983) (failure to produce documents and supply adequate answers to interrogatories without justifiable excuse warranted the dismissal of the complaint). The blatant nature of the defendant's failure to participate in discovery is akin to the conduct for which the Second Circuit has awarded sanctions.

Specifically, Defendant is refusing to produce documents concerning Defendant's defamatory statements to the media and Defendant's documents concerning Ms. Giuffre - both categories of documents go directly to the claim at issue in this litigation. Therefore, this Court should compel her to produce them.

2

## II. LEGAL ARGUMENT

### A. Legal Standard

Under Federal Rule of Civil Procedure 34(a), a party may request that another party produce documents in its possession as long as the documents are within the scope of Fed. R. Civ. P. 26(b), which allows for broad discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Information within this scope of discovery need not be admissible in evidence to be discoverable. Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (granting motion to compel). If the opposing party objects to producing the documents, the party seeking production can file a motion to compel with the court pursuant to Fed. R. Civ. P. 37. Against this backdrop of broad discovery rights, Maxwell has refused to produce responsive documents.

### B. Defendant's Specific Objections Fail

#### i. Document Request No. 1

**Request No. 1**: Produce all documents that Your attorneys reviewed and/or relied upon in the March 21, 2016, meet and confer discussion when Mr. Pagliuca stated that (1) Plaintiff made false allegations concerning her sexual assault; (2) she made them in roughly the same time frame that Plaintiff was abused by Jeffrey Epstein; (3) that the allegations were made against a number of individuals in the area; and (4) that the allegations were found to be unfounded by local police.

**Response:** Ms. Maxwell has no knowledge of any statements made by Mr. Pagliuca during the March 21, 2016 meet and confer and hence has no documents responsive to this Request. Further, this Request inaccurately characterizes the statements of Ms. Maxwell's counsel during the March 16, 2016 meet and confer.

Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

3

Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Subject to and without waiver of the foregoing, Defendant refers to the public documents and news reports regarding Plaintiff's allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers. Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete.
Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's false allegations of sexual assaults in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures.

The police reports at issue depict the sexual assault of Ms. Giuffre when she was a fourteen-year-old girl, assaults that occurred in Florida. During a March 21, 2016, meet and confer call among counsel, Defendant's counsel referred to these police reports documenting Ms. Giuffre being raped prior to when she was abused by Defendant.[2]

The police reports produced in "response" to this Request bear date-stamps on them from the issuing agency. All of the date-stamps post-date the March 21, 2016, phone call. Specifically, they are from April 19, 2016 (e.g., GM_00802), April 22, 2016 (E.g. GM_00748) and April 25, 2016 (e.g., GM_00802). Accordingly, these are ***not*** the documents Defendant's counsel relied upon in the March 21, 2016, meet-and-confer, as the date on the documents show that Defendant's counsel did not have them at that time. It is obvious that Defendant's counsel obtained copies of these police reports by other means prior to the March 21, 2016, meet and confer. Defendant failed to make any production in response to this Request.

Indeed, the fact that Defendant's counsel went to the trouble of getting copies of these reports in April - *after* the meet-and-confer and *after* Ms. Giuffre issued her Request - instead of

---

[2] Defendant, for reasons unstated, seeks to challenge the confidentiality of these reports detailing the rape of Ms. Giuffre when she was a minor child.

4

simply producing the copies they already have, raises questions as to when they originally had the documents, who they obtained the documents from, and why Defendant went to the trouble to obtain a new copy. Police reports of minors, especially those detailing sexual crimes by and against minors, are protected from public dissemination by Florida law.

Specifically, Florida statutes protect "[a]ny information in a videotaped statement of a minor who is alleged to be or who is a victim of sexual battery . . . which reveals that minor's identity." Fla. Stat. § 119.071. Additionally, Fla. Stat. § 985.036 protects records where a juvenile is a victim of a crime. Further, Section 794.026, Fla. Stat., creates a civil right of action against an individual who communicates to others identifying information concerning the victim of a sexual offense. Further, Fla. Stat. § 985.04 and Fla. Stat. § 985.054 make juvenile law enforcement records confidential from members of the public, and states that information obtained by a law enforcement agent participating in the assessment of a juvenile is confidential. Finally, certain of the police reports implicate Ms. Giuffre's involvement with the Florida Department of Children and Families, *see e.g.*, GM_00750, and if such reports are part of the State's Department of Children and Families' records, they are confidential pursuant to Fla. Stat. § 39.202(6). Based upon the myriad of Florida Statutes that protect the confidentiality of these police reports, it is likely that the person who furnished the police reports to Defendant's counsel prior to the March 21, 2016, meet and confer call obtained them illegally.

In sum, Defendant did ***not*** produce the documents her counsel relied upon in the March 21, 2016, meet and confer call. Accordingly, Defendant should produce the requested documents. If such documents were obtained in contravention of Florida Statutes, it cannot be hidden behind a production of later-acquired police reports. Accordingly, the Court should compel production of these documents.

### ii.     Document Requests Nos. 2 and 3

**Document Request No. 2:** Produce all documents concerning how any such police report, or how any such recounting, retelling, summary, or description of any such police report (as referenced in Interrogatory No. 1), came into Your possession. This request includes, but is not limited to, all documents concerning how, when, and by whom such reports (or descriptions of reports) were obtained from a minor child's sealed juvenile records and files.

**Response**: Ms. Maxwell objects to this Request in that there is no "Interrogatory No. 1" to which the Request corresponds. She further objects to the Request in that it improperly seeks to propound an Interrogatory in the form of a Request for Production of Documents and is a contention Interrogatory barred according to Plaintiff's interpretation of the Local Rules. The Request embeds a number of assumptions that are not true and for which Plaintiff supplies no basis for assertion of their veracity.

Ms. Maxwell likewise objects to this Request because it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

Finally, Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Defendant refers to the public documents and news reports regarding Plaintiff's allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers. Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete.

Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's false allegations of sexual assaults in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures. Ms. Maxwell is withholding documents responsive to this request on the basis of the attorney-client and work product privileges.

**Document Request No. 3:** Produce all documents concerning how information or knowledge of the local police's findings or opinions concerning Ms. Giuffre's allegations of sexual assault as a minor child came into Your possession, including but not limited to documents concerning any statements made by law enforcement or any state attorney, written or oral, concerning such allegations.

**Response:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court

6

records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Subject to and without waiver of the foregoing, Defendant refers to the public documents and news reports regarding Plaintiff's allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers. Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete. Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's false allegations of sexual assaults in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures. Ms. Maxwell is withholding documents responsive to this request on the basis of the attorney-client and work product privileges.

The response to Document Request No. 2 is inadequate for the reasons stated regarding Request No. 1, and because there is no attorney-client or work product privilege that protects communications with non-client third-parties, particularly when those communications are with public administration personnel for the purpose of seeking police records. Tellingly, Defendant cites to no case or authority for this specious claim of privilege. Therefore, the communications concerning Defendant's procurement of these documents are responsive, not privileged, and not properly withheld.[3]

Additionally, any statements or communications made by public officials to request records are neither privileged nor protected by the work-product doctrine. Defendant's response cites no authority for such a proposition. Failure to respond to these requests suggests that the police reports relied upon in the March meet-and-confer were procured by improper means by whichever individual furnished Defendant with them, particularly since Florida law protects such reports and keeps them confidential. Accordingly, information concerning how, and by whom, these documents were procured is responsive to Ms. Giuffre's requests.

---

[3] Additionally, there is no work product protection for illegally or improperly acquired documents, and police reports documenting the sexual assault of children are generally not publically available in Florida. *See supra.* The processes by which Defendant obtained these documents is relevant to this action.

### iii. Requests Nos. 6, 7, 9, and 10

**Requests No. 6:** Produce any Joint Defense Agreement entered into between You and Jeffrey Epstein from 1999 to the present.

**Response:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Defendant is withholding production of any such agreement on the basis of such privileges.

**Request No. 7:** Produce any documents concerning any Joint Defense Agreement entered into between You and Jeffrey Epstein from 1999 to the present.

**Response:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Defendant is withholding documents on the basis of such privileges.

**Request No. 9:** Produce any Joint Defense Agreement entered into between You and Alan Dershowitz from 1999 to the present.

**Response:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiver of the foregoing, Defendant has been unable to locate any documents responsive to this Request.

**Request No. 10:** Produce any documents concerning any Joint Defense Agreement entered into between You and Alan Dershowitz from 1999 to the present.

**Response:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiver of the foregoing, Defendant has been unable to locate any documents responsive to this Request.

In Requests Nos. 6, 7, 9, and 10, Ms. Giuffre has requested Joint Defense Agreements (and related documents) among Defendant and Jeffrey Epstein, and Defendant and Alan Dershowitz. Defendant has been working closely with Alan Dershowitz, who has said that he is in a joint defense agreement with Defendant. Defendant has no valid basis for refusing to produce her joint defense agreements, particularly when Ms. Giuffre has produced her joint defense agreement.

Seven out of 26 entries on Defendant's privilege log are supported by a purported "common interest privilege." *See* Schultz Decl. at Exhibit 4, Defendant's Third Amended Privilege Log. The party asserting privilege carries the burden to prove every element of the privilege. *People v. Mitchell*, 58 N.Y.2d 368, 373, 461 N.Y.S.2d 267, 448 N.E.2d 121 (1983). The party asserting privilege also has the burden to establish that there has been no waiver. *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y. 2013). Such showings must be based on competent evidence, usually through affidavits, deposition testimony, or other admissible evidence. *See Von Bulow by Auersperg v. Von Bulow*, 811 F.2d 136, 147 (2d Cir.), cert. denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987); *Bowne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 465, 472 (S.D.N.Y.1993). *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y. 2013). In refusing to produce her joint defense agreements with Dershowitz and Epstein, and therefore, has not met her burden for her claim of common interest privilege.

Additionally, these documents are relevant to the underlying litigation in their own right, as they show the nature of the ongoing relationship between Defendant and her co-conspirator, Jeffrey Epstein, and between and Defendant and Epstein's close friend and attorney, Alan Dershowitz, and potentially other witnesses for whom Defendant may be claiming a common interest privilege. Accordingly, this Court should direct Defendant to produce all documents responsive to Requests Nos. 6, 7, 9, and 10.

### iv. Document Request No. 11

**Document Request No. 11:** Produce any documents concerning any of Your attorneys' or agents' communications with Alan Dershowitz's attorneys or agents from 1999 to the present.

**Response:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Defendant is withholding communications between Mr. Dershowitz's counsel and Defendant's counsel which contain work product and concern joint defense or common interest matters.

In this Court's previous Order, requiring Defendant to turn over the vast majority of the documents on her first privilege log, this Court ordered Defendant to turn over her communications with Alan Dershowitz because it ruled that such communications are not privileged. *See* Schultz Decl. at Exhibit 5, April 15, 2016 Sealed Order Granting in Part Plaintiff's Motion to Compel for Improper Claim of Privilege. Yet, once again, Defendant is apparently ignoring the Court's prior order and wrongfully claiming privilege over Defendant's communications with Alan Dershowitz. Strangely, Defendant claims to be withholding communications with Dershowitz because they "concern joint defense or common interest matters," while at the same time representing that she is "unable to locate" her JDA with Dershowitz. However, ***the Court already ruled against Defendant on this issue*** - she has to produce these materials. *See* April 15, 2016 Sealed Order Granting In Part Plaintiff's Motion to Compel for Improper Claim of Privilege. Therefore, if such a document exists, then the means of procuring a copy of the JDA is created pursuant to the document: Defendant can simply ask Dershowitz for a copy of the JDA pursuant to the JDA. As the case law above establishes, Defendant cannot rightly claim a joint defense or common interest privilege while simultaneously failing to produce the joint defense agreement. Accordingly, based upon the foregoing, and based upon this Court's prior order, Ms. Giuffre requests that the Court direct the Defendant to produce documents responsive to this request, including her communications with Alan Dershowitz or his attorneys or agents, along with a copy of the Joint Defense Agreement upon which she purports to claim a privilege.

v. **Document Request No. 12**

**Document Request No. 12:** Produce all documents concerning Virginia Giuffre (a/k/a Virginia Roberts), whether or not they reference her by name. This request includes, but is not limited to, all communications, diaries, journals, calendars, blog posts (whether published or not), notes

(handwritten or not), memoranda, mobile phone agreements, wire transfer receipts, or any other document that concerns Plaintiff in any way, whether or not they reference her by name.

**Response:** Ms. Maxwell objects to this Request as overly broad, unduly burdensome and interposed for improper purposes. Response to this Request would literally entail defense counsel reviewing for privilege every single document in their possession related to this case. Ms. Maxwell further objects to this Request on the grounds that it is cumulative and duplicative. Ms. Maxwell further objects to this request as exceeding the scope of this Court's March 17, 2016 Order. Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to the foregoing objections, Ms. Maxwell and her counsel are not going to review every document in their possession for any additional documents responsive to this Request.

As explained in Ms. Giuffre's Supplement to her Motion for Adverse Inference Jury Instruction, Defendant cannot withhold documents concerning the Plaintiff in this defamation action, and Defendant cites no authority for such an absurd position. Frankly, these documents should have been produced already as part of Defendant's Rule 26 Disclosures. *See* Fed. R. Civ. P. 26(a). Therefore, based on the foregoing, and based on the argument made in Ms. Giuffre's Supplement to her Motion for Adverse Inference Jury Instruction, Ms. Giuffre requests that the Court require Defendant to turn over all documents that concern Ms. Giuffre.

 vi. <u>Document Requests Nos. 17 and 18</u>

<u>Document Request No. 17</u>: Produce all documents concerning any statement made by You or on Your behalf to the press or any other group or individual, including draft statements, concerning Ms. Giuffre, by You, ▮▮▮▮▮▮▮▮, or any other individual, from 2005 to the present, including the dates of any publications, and if published online, the Uniform Resource Identifier (URL) address.

**Response:** Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative. Ms. Maxwell also objects to this Request to the extent it calls for information that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product

doctrine, or any other applicable privilege. Ms. Maxwell is not producing documents that are available in the public domain. Ms. Maxwell has been unable to locate any additional documents responsive to this Request.

**Document Request No. 18:** Produce all documents concerning which individuals or entities You or Your agents distributed or sent any statements concerning Ms. Giuffre referenced in Request No. 18 made by You or on Your behalf.

**Response:** Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative. Ms. Maxwell also objects to this Request to the extent it calls for information that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege. Ms. Maxwell is not producing documents that are available in the public domain. Ms. Maxwell has been unable to locate any additional documents responsive to this Request.

In this defamation case, Defendant caused her defamatory statements attacking Ms. Giuffre to be published in media outlets globally. She did so deliberately through ███, through her direct statements to the media, and, possibly, means unknown to Ms. Giuffre. Documents concerning Defendant's defamatory statement and their publication are central to the claim in this case. Indeed, such documents go to the heart of the matter, and Defendant has not asserted a good-faith basis for her refusal to produce them. Defendant, alone and through professionals, defamed Ms. Giuffre on a global stage, but now claims she is "unable to locate" documents concerning her statement. This response indicates absence of a reasonable search.

Moreover, only Defendant has access to a comprehensive list of her defamatory statements and of the outlets to which she distributed them. Defendant's refusal to produce such documents is wholly unjustified, and Ms. Giuffre request that the Court direct Defendant to produce responsive documents.

C. **Defendant has Withheld Documents based on an Improper Claim of Privilege**

As this Court stated in its April 15, 2016, Order Granting in Part Plaintiff's Motion to Compel for Improper Claim of Privilege, "[t]he presence of a third party during communication or disclosure of otherwise confidential attorney-client communications to a third party waives the privilege absent and exception. *People v. Osorio*, 75 N.Y.2d 80, 84, 549 N.E.2d 1183, 1185 (1989)." *Id*. at p. 14. This Court continued to explain: "Similarly, the common interest privilege extends the attorney-client privilege to 'protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel.' *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989)." *Id*. at 14-15. Further:

> Despite their shorthand names, neither the agency privilege nor the common-interest privilege operate independently; both may only exist to pardon the presumptive waiver that would result from disclosure of otherwise privileged attorney-client communications to a third party when that third-party is included under the umbrella of the agency or common-interest doctrines.

*Id*. at 15. Defendant, again, has failed to meet her burden to show that the communications she is withholding are actually protected by the common interest privilege.

### i. Defendant has Improperly Withheld an Email from Jeffrey Epstein to Defendant.

This Court previously held that Defendant had not met her burden of proving any privilege as to e-mails between Defendant and Jeffrey Epstein, yet Defendant continues to try to withhold those communications. *See* April 15, 2016, Sealed Order. Defendant claims a "common interest privilege" over an email sent from Epstein to her, in which Epstein forwarded a communication from one of his attorneys to Defendant. Such an action waives the privilege and Defendant has not shown that the common interest applies. "[T]he so-called joint defense privilege or common interest rule . . . serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon

13

and undertaken by the parties and their respective counsel." *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 203 (S.D.N.Y. 2013) (internal quotation marks omitted) (emphasis added). The "common interest" or "joint defense" privilege can only be invoked when at least one attorney for one of the parties is present for the communication. *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 434 (S.D.N.Y. 2013) ("communications are protected where there is a disclosure by A to the attorney representing B and vice-versa"). Therefore, this falls outside the common interest privilege.

Moreover, as articulated in this Court's April 15, 2016, Order, "[t]he party asserting protection bears the burden of proving each element of privilege and lack of waiver . . . Such showing must be based on competent evidence, usually through affidavits, deposition testimony, or other admissible evidence." April 15, 2016, Order Granting in Part Plaintiff's Motion to Compel for Improper Claim of Privilege at p. 16 (internal citations omitted).

Therefore, it is Defendant's burden to prove that a joint defense agreement exists, yet Defendant refuses to produce her joint defense agreement with Epstein, even while simultaneously claiming that privilege. The burden of establishing that a "common interest" privilege applies always rests upon the person asserting it. *Chevron Corp.*, 296 F.R.D. at 203. This showing must be made on a document-by-document basis, and based on competent evidence, usually through the admission of affidavits, deposition testimony or other admissible evidence. *Id*. By her refusal to produce her joint defense agreement, Defendant fails to meet her burden in establishing that a "joint defense" or "common interest" agreement even exists between her and convicted pedophile Jeffrey Epstein.

Previously, this Court ordered an email between Defendant and Epstein be produced that Defendant claimed was protected by a common interest privilege. April 15, 2016, Order

Granting in Part Plaintiff's Motion to Compel for Improper Claim of Privilege at 36. Because Defendant has not met her burden with regard to this email, it, too, should be produced.

### ii. Defendant has Improperly Withheld Emails from Alan Dershowitz's Attorney.

This Court has previously ordered Defendant to produce emails between Defendant and Dershowitz. The Court should do the same for the emails from Dershowitz's attorney. *See* April 15, 2016, Order Granting in Part Plaintiff's Motion to Compel for Improper Claim of Privilege at p. 32 ("Documents #1060-61 Must Be Produced"); p. 33 ("Communications with Epstein and Dershowitz, Documents #1030-43, Must Be Produced").

Similarly, Defendant has logged "various" emails from Mary Borja, Dershowitz's attorney, to Defendant's counsel and vice versa. She states that they are protected by the "attorney work product." . As recounted above, Defendant refuses to produce any joint defense agreement between her and Alan Dershowitz. Accordingly, she fails to meet her burden of establishing that any "joint defense" or "common interest" exist between her counsel and Alan Dershowitz's counsel.[4] *See Chevron Corp.*, 296 F.R.D. at 203. Based on the case law cited supra, Defendant's claim of privilege over these communications is improper.

Moreover, as articulated in this Court's April 15, 2016, Order, "[t]he party asserting protection bears the burden of proving each element of privilege and lack of waiver . . . Such showing must be based on competent evidence, usually through affidavits, deposition testimony, or other admissible evidence." April 15, 2016, Order Granting in Part Plaintiff's Motion to Compel for Improper Claim of Privilege at p. 16 (internal citations omitted). Defendant has failed to do this; accordingly, she should produce these documents.

### iii. Defendant has Improperly Withheld Emails from Jeffrey Epstein's Attorney.

---

[4] Additionally, Defendant has not claimed that Mary Borja is one of her attorneys, or represents her in any capacity.

Defendant has logged an "email chain with attachment" dated October 21, 2015, and October 22, 2016, that is to and from ▮▮▮▮ and Laura Menninger, stating that the communications are protected as "attorney work product" and "common interest privilege." ▮▮▮▮. Interestingly, the description of the communication states that it is a "Common Interest Agreement." Existence of a common interest agreement (upon which Defendant can legitimately claim a common interest privilege) must be made based on competent evidence, usually through the admission of affidavits, deposition testimony or other admissible evidence. *Chevron Corp.*, 296 F.R.D. at 203 Listing a "Common Interest Agreement" on a privilege log does not satisfy this burden. Therefore, this claim of privilege is unsupported and the Court should direct Defendant to produce this document.

### D. Defendant's Refusal to Produce and Admitted Deletions Weigh in Favor of Allowing Plaintiff to Conduct a Forensic Review of Defendant's Electronic Data

Furthermore, Maxwell has previously claimed that she has "long had a practice of deleting emails after they have been read." *See* Defendant's Responses and Objections to Plaintiff's First Requests for Production. Due to Defendant's failure to produce documents after purportedly running search terms as ordered by this Court, and Defendant's failure to gather email from two of her four known email accounts, there is strong indicia that Defendant deleted relevant documents. Accordingly, Ms. Giuffre believes she is entitled to a forensic examination of Maxwell's personal computers, devices, and email accounts, to recover deleted data and to discovery when Maxwell has performed a "wipe" of her computers/devices to permanently destroy deleted emails.

### III. CONCLUSION

---

[5] Similarly, Defendant has not claimed that ▮▮▮▮ is one of her attorneys, or represents her in any capacity.

16

For the reasons set forth above, plaintiff Virginia Giuffre respectfully requests that the Court grant her Motion to Compel and direct Defendant Maxwell to produce documents responsive to Request Nos. 1, 2, 3, 6, 7, 9, 10, 11, 12, 17, and 18 for the period of 1999 to the present, and produce the communications wrongfully logged on Defendant's privilege log which include communications with Dershowitz's attorney, Mary Borja, and the communication with Epstein, and the communication with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Dated: August 9, 2016

                                        Respectfully Submitted,
                                        BOIES, SCHILLER & FLEXNER LLP

                              By: /s/ Sigrid McCawley
                                    Sigrid McCawley (Pro Hac Vice)
                                    Meredith Schultz (Pro Hac Vice)
                                    Boies Schiller & Flexner LLP
                                    401 E. Las Olas Blvd., Suite 1200
                                    Ft. Lauderdale, FL 33301
                                    (954) 356-0011

                                    David Boies
                                    Boies Schiller & Flexner LLP
                                    333 Main Street
                                    Armonk, NY 10504

                                    Bradley J. Edwards (Pro Hac Vice)
                                    FARMER, JAFFE, WEISSING,
                                    EDWARDS, FISTOS & LEHRMAN, P.L.
                                    425 North Andrews Avenue, Suite 2
                                    Fort Lauderdale, Florida 33301
                                    (954) 524-2820

                                    Paul G. Cassell (Pro Hac Vice)
                                    S.J. Quinney College of Law
                                    University of Utah
                                    383 University St.
                                    Salt Lake City, UT 84112
                                    (801) 585-5202[6]

---

[6] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 9th day of August, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                                            /s/ Sigrid S. McCawley
                                              Sigrid S. McCawley