COMPOSITE

EXHIBIT 3

(File Under Seal)

| From: | Paul Cassell |
|---|---|
| To: | Ty Gee; Bradley Edwards (brad@pathtojustice.com); Meredith Schultz; Sigrid McCawley |
| Cc: | Laura Menninger; Jeff Pagliuca; Ann Lundberg; Nicole Simmons |
| Subject: | RE: Giuffre v Maxwell: Conferral re Defendant"s Second Set of Discovery Requests |
| Date: | Monday, July 18, 2016 6:50:58 PM |

Hi Ty,

 I represent Virginia Giuffre along with Sigrid.  Sigrid has asked me to get back to you on your email to set up a time for conferral and also to see if you (or another member of the team there) can also confer with us us on several issues.

 I see your topics for discussion.  I will be glad to confer on those.

 I think it also would make sense to set up a simultaneous conferral on Ms. Maxwell's objections to Ms. Giuffre's 2d set of requests for production and 1st set of interrogatories.  We sent letters out on June 8 and June 13 requesting a conferral, and we haven't heard back from anyone there yet.

 I have been out of the office for four days and am leaving for New York on Wednesday for a five-day trip through next Monday, July 25.  Would it be convenient for you to set up a conferral on the issues you have raised and the issues we have raised in our earlier letters on Tuesday, July 26 or Wednesday, July 27.  I am open any time either of those two days.

 Looking forward to conferring with you on all these issues next week.

 Paul Cassell for Virginia Giuffre

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

  and University Distinguished Professor of Law

S.J. Quinney College of Law at the University of Utah

332 S. 1400 E. , Room 101

Salt Lake City, UT 84112-0730

(801) 585-5202 (phone)

(801) 581-6897 (fax)

cassellp@law.utah.edu

You can access my publications on http://ssrn.com/author=30160

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message.  Professor Cassell is admitted to the Utah State Bar, but not the bars of other states. Thank you.

**From:** Ty Gee [tgee@hmflaw.com]
**Sent:** Friday, July 15, 2016 9:48 PM
**To:** Bradley Edwards (brad@pathtojustice.com); Meredith Schultz; Paul Cassell; Sigrid S. McCawley
**Cc:** Laura Menninger; Jeff Pagliuca; Ann Lundberg; Nicole Simmons
**Subject:** Giuffre v Maxwell: Conferral re Defendant's Second Set of Discovery Requests

Sigrid:

I am a lawyer with Haddon, Morgan and Foreman, P.C., and counsel to the defendant Ghislaine Maxwell. I'm writing you to schedule a meet and confer regarding plaintiff's responses to the defendant's Second Set of Discovery Requests.

These are the topics for discussion:

Interrogatory Nos. 5-8, 13-14. Plaintiff's responses to these interrogatories are improper. Plaintiff interposed numerous objections, including boilerplate objections, that are improper. Plaintiff's answers are either non-responsive or only partially responsive. As an example, it is an improper interrogatory response to direct defense counsel to more than 7,500 pages of documents for the "answer" to the interrogatory. As another example, the answers are evasive and/or incomplete.

Request for Admission Nos. 1-9, 12-13. Plaintiff's responses are improper. Plaintiff's objections to No. 12 are improper. Plaintiff's answers fail to comply with FRCP 36. For example, the answers routinely fail to specify the part of the request that is admitted. As another example, parts of the answers are nonresponsive. As another example, the answers are evasive and/or incomplete.

Request for Production Nos. 1, 4, 9-12. Plaintiff's responses are improper. Plaintiff's objections, including boilerplate objections, are improper. For example, a party may not resist discovery by arguing that the requesting party has access to the document through other persons. Some of the objections are evasive; others appear to manufacture strawman "interpretations" of requests for the purpose of justifying wholesale resistance to produce any responsive documents. Plaintiff's claimed ignorance of what constitutes a "statement" is an example.

Please provide me with your availability to discuss these matters. I am available on July 18 12PM-5PM MDT and July 19 1PM-5PM MDT.

I look forward to speaking with you.


Ty Gee
**Haddon, Morgan and Foreman**, P.C.
150 East 10th Avenue
Denver, Colorado 80203
PH  303.831.7364   FX  303.832.2628
www.hmflaw.com
tgee@hmflaw.com

| From: | Paul Cassell |
|---|---|
| To: | Ty Gee; Bradley Edwards (brad@pathtojustice.com); Meredith Schultz; Sigrid McCawley |
| Cc: | Laura Menninger; Jeff Pagliuca; Ann Lundberg; Nicole Simmons |
| Subject: | RE: Giuffre v Maxwell: Conferral re Defendant"s Second Set of Discovery Requests |
| Date: | Thursday, July 21, 2016 12:23:29 PM |

Hi Ty,

That times works for Meredith and me.

I understand that we will be discussing both our requests for information and your requests for information, as indicated in my previous email. If you could confirm that, I would appreciate it.

Thanks and looking forward to working on these issues with you next week.

Paul Cassell for Ms. Giuffre

Paul G. Cassell
Ronald N. Boyce Presidential Professor of Criminal Law
   and University Distinguished Professor of Law
S.J. Quinney College of Law at the University of Utah
332 S. 1400 E. , Room 101
Salt Lake City, UT 84112-0730
(801) 585-5202 (phone)
(801) 581-6897 (fax)
cassellp@law.utah.edu
You can access my publications on http://ssrn.com/author=30160

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message.  Professor Cassell is admitted to the Utah State Bar, but not the bars of other states. Thank you.

**From:** Ty Gee [tgee@hmflaw.com]
**Sent:** Thursday, July 21, 2016 10:09 AM
**To:** Paul Cassell; Bradley Edwards (brad@pathtojustice.com); Meredith Schultz; Sigrid S. McCawley
**Cc:** Laura Menninger; Jeff Pagliuca; Ann Lundberg; Nicole Simmons
**Subject:** RE: Giuffre v Maxwell: Conferral re Defendant's Second Set of Discovery Requests

Thanks, Paul. Let's do this on Tues July 26 at 1 PM MDT.

I'll plan on calling you then at your phone number listed below.

Ty

**From:** Paul Cassell [mailto:cassellp@law.utah.edu]
**Sent:** Monday, July 18, 2016 4:51 PM
**To:** Ty Gee; Bradley Edwards (brad@pathtojustice.com); Meredith Schultz; Sigrid S. McCawley
**Cc:** Laura Menninger; Jeff Pagliuca; Ann Lundberg; Nicole Simmons
**Subject:** RE: Giuffre v Maxwell: Conferral re Defendant's Second Set of Discovery Requests

Hi Ty,

 I represent Virginia Giuffre along with Sigrid.  Sigrid has asked me to get back to you on your email to set up a time for conferral and also to see if you (or another member of the team there) can also confer

with us us on several issues.

I see your topics for discussion.  I will be glad to confer on those.

I think it also would make sense to set up a simultaneous conferral on Ms. Maxwell's objections to Ms. Giuffre's 2d set of requests for production and 1st set of interrogatories.  We sent letters out on June 8 and June 13 requesting a conferral, and we haven't heard back from anyone there yet.

I have been out of the office for four days and am leaving for New York on Wednesday for a five-day trip through next Monday, July 25.  Would it be convenient for you to set up a conferral on the issues you have raised and the issues we have raised in our earlier letters on Tuesday, July 26 or Wednesday, July 27.  I am open any time either of those two days.

Looking forward to conferring with you on all these issues next week.

Paul Cassell for Virginia Giuffre

Paul G. Cassell
Ronald N. Boyce Presidential Professor of Criminal Law
 and University Distinguished Professor of Law
S.J. Quinney College of Law at the University of Utah
332 S. 1400 E. , Room 101
Salt Lake City, UT 84112-0730
(801) 585-5202 (phone)
(801) 581-6897 (fax)
cassellp@law.utah.edu
You can access my publications on http://ssrn.com/author=30160

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message.  Professor Cassell is admitted to the Utah State Bar, but not the bars of other states. Thank you.

**From:** Ty Gee [tgee@hmflaw.com]
**Sent:** Friday, July 15, 2016 9:48 PM
**To:** Bradley Edwards (brad@pathtojustice.com); Meredith Schultz; Paul Cassell; Sigrid S. McCawley
**Cc:** Laura Menninger; Jeff Pagliuca; Ann Lundberg; Nicole Simmons
**Subject:** Giuffre v Maxwell: Conferral re Defendant's Second Set of Discovery Requests

Sigrid:

I am a lawyer with Haddon, Morgan and Foreman, P.C., and counsel to the defendant Ghislaine Maxwell. I'm writing you to schedule a meet and confer regarding plaintiff's responses to the defendant's Second Set of Discovery Requests.

These are the topics for discussion:

Interrogatory Nos. 5-8, 13-14. Plaintiff's responses to these interrogatories are improper. Plaintiff interposed numerous objections, including boilerplate objections, that are improper. Plaintiff's answers are either non-responsive or only partially responsive. As an example, it is an improper interrogatory response to direct defense counsel to more than 7,500 pages of documents for the "answer" to the interrogatory. As another example, the answers are evasive and/or incomplete.

Request for Admission Nos. 1-9, 12-13. Plaintiff's responses are improper. Plaintiff's objections to No. 12 are improper. Plaintiff's answers fail to comply with FRCP 36. For example, the answers routinely fail to specify the part of the request that is admitted. As another example, parts of the answers are nonresponsive. As another example, the answers are evasive and/or incomplete.

Request for Production Nos. 1, 4, 9-12. Plaintiff's responses are improper. Plaintiff's objections, including boilerplate objections, are improper. For example, a party may not resist discovery by arguing that the requesting party has access to the document through other persons. Some of the objections are evasive; others appear to manufacture strawman "interpretations" of requests for the purpose of justifying wholesale resistance to produce any responsive documents. Plaintiff's claimed ignorance of what constitutes a "statement" is an example.

Please provide me with your availability to discuss these matters. I am available on July 18 12PM-5PM MDT and July 19 1PM-5PM MDT.

I look forward to speaking with you.

Ty Gee
**Haddon, Morgan and Foreman**, P.C.
150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364   FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com