```
L71CgiuC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

VIRGINIA L. GIUFFRE,

        Plaintiff,

    v.                                15 CV 7433 (LAP)

GHISLAINE MAXWELL,

        Defendant.              Telephone Conference
------------------------------x

                                          New York, N.Y.
                                          July 1, 2021
                                          11:00 a.m.

Before:

                HON. LORETTA A. PRESKA,

                              District Judge

                      APPEARANCES

BOIES SCHILLER & FLEXNER LLP
    Attorneys for Plaintiff
BY: SIGRID S. McCAWLEY
    ANDREW VILLACASTIN
    SABINA MARIELLA

HADDON MORGAN & FOREMAN, P.C.
    Attorneys for Defendant
BY: JEFFREY PAGLIUCA

HOLLAND & KNIGHT
    Attorneys for Intervenors Julie Brown and Miami Herald
    Media Company
BY: CYNTHIA A. GIERHART

KRIEGER KIM & LEWIN, LLP
    Attorneys for John Doe Defendants
BY: PAUL M. KRIEGER
    NICHOLAS LEWIN

Case 1:15-cv-07433-LAP   Document 1220   Filed 07/22/21   Page 2 of 17    2
L71CgiuC

THE COURT:  Good morning, everyone.  It's so nice to be able to see you.

MS. MCCAWLEY:  Good morning, your Honor.

THE COURT:  All right.  May we begin, my friends.

Today, the Court announces its rulings on the unsealing of the motions associated with docket entries 345, 356, 362, 370, 422, 468, and 640 in Giuffre v. Maxwell, as well as the documents relevant to those motions.

As before, the Court will announce its general findings relevant to this round of unsealing, marching through each specific findings on each document.

In arriving at these findings, the Court has considered the papers filed by Ms. Maxwell at docket number 1208, the responses filed by Ms. Giuffre at docket number 1213, by the Miami Herald at docket number 1214, and Ms. Maxwell's reply brief at docket number 1215.

The Court, of course, has undertaken its own particularized review of each of the documents.

As for the Court's general findings to determine whether materials should be unsealed, the Court must undertake a particularized review of each document and, one, evaluate the weight of the presumption of public access to the materials; and two, identify and evaluate the weight of any countervailing interests; and 3, determine whether the countervailing interests rebut the presumption.  The presumption of public

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

access attaches to the access of judicial documents, that is those documents filed in connection with a decided motion or papers that are relevant to the Court's exercise of its inherent supervisory powers.

As with the last round of unsealed materials, the documents at issue here, unless otherwise mentioned, were submitted in connection with discovery motions decided by Judge Sweet. The parties and nonparties dispute whether certain of the documents at issue today are judicial documents.

First, docket number 422 and the materials filed in connection with that motion are not judicial documents. Ms. Maxwell submitted that motion to compel production of Ms. Giuffre's settlement agreement with Mr. Epstein. Judge Sweet never decided that motion. Instead, the parties briefed the motion and, while oral argument was pending, submitted a joint stipulation resolving the motion. As the so-ordered stipulation notes, it, quote, "rendered the need for any further proceedings on it moot," close quote. Accordingly, the presumption of public access does not attach to the documents submitted in connection with the motion at docket number 422. To the extent those materials are filed under seal, they will remain so.

The remainder of the motions at issue today are discovery motions, and Judge Sweet actually decided them.

Ms. Maxwell argues that not every document filed in

Case 1:15-cv-07433-LAP   Document 1220   Filed 07/22/21   Page 4 of 17    4
L71CgiuC

connection with a decided motion is automatically granted the presumption of public access, and she's right.  The Court of Appeals has observed that filed motions are judicial documents if they, quote, "would reasonably have the tendency to influence the district court's ruling on a motion or in the exercise of its supervisory powers," close quote.  *Brown v. Maxwell*, 929 F.3d 41, 49 (2nd Cir. 2019).  Ms. Maxwell points out in her reply brief that Judge Sweet stated that certain, quote, "documents sealed in the course of discovery were neither relied upon by the Court in the rendering of an adjudication nor, single quote, 'necessary to or helpful in resolving a motion,'" close both quotes.  Maxwell reply at 3, citing *Giuffre v. Maxwell* 325 F.Supp.3d 428, 442, (S.D.N.Y. 2018)).  This finding is not synonymous with the standard for determining whether a filed paper is a judicial document, however.  Indeed, the Court of Appeals has noted that such a determination is made "without regard to which way the Court ultimately rules or whether the document also in fact influences the Court's decision."  See *Brown*, 929 F.3d 41, 49 (2nd Cir. 2019).  Having undertaken a particularized review of each of these motions and their associated submissions, the Court concludes that each document at least reasonably had the tendency to influence the Court's ruling on the motions at issue and is thus a judicial document.  As the Court has noted before, however, the presumption of public access is somewhat

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

less weighty than for dispositive motions.  It is, nevertheless, important to the public's interest in monitoring federal courts' exercise of their Article 3 powers.  The Court keeps this somewhat less substantial public presumption in mind in determining whether it is outweighed by any private interests in sealing.

As to the countervailing interests proffered, Ms. Maxwell has argued previously that continued unsealing of these materials implicates her right to a fair trial in her pending criminal case.  She has incorporated these previously made arguments by reference in her briefing of the motions at issue today.  She also asserts that media coverage of unsealed documents has not served the purpose of, quote, "monitoring the federal courts," but rather has generated adverse publicity and online commentary.  Here, the Court reiterates its prior ruling, rejecting Ms. Maxwell's argument that the unsealing of any of the materials under consideration today — with the two exceptions I will note as we proceed — will jeopardize her right to a fair trial, let alone sufficiently enough to overcome the presumption of public access that attaches to these materials.  Moreover, although certain materials contained within the unsealed documents may have provided tabloid fodder, it does not diminish the importance of making public materials that could reasonably tend to influence the Court's decision on a motion.

1          Now, Ms. Maxwell also argues that the Court should not
2    unseal exhibits and other documents that have already been made
3    public, because re-releasing already-publicly-available
4    documents serves no public access interests, but that gets the
5    standard backwards.  Where an exhibit is a judicial document
6    the presumption of public access attaches.  The Court need not
7    find additional reason to unseal a presumably public document.
8    It must find additional private interests only to justify
9    sealing, even if continued sealing maintains the status quo.
10   But where an identical exhibit has been made public already,
11   there cannot be cause for continued sealing.  See *Gambale v.*
12   *Deutsch Bank A.G.*, 377 F.3d 133, 144, note 11 (2nd Cir. 2004).
13   ("This is generally so when information that is supposed to be
14   confidential, whether it be settlement terms of a
15   discrimination lawsuit or the secret to making the hydrogen
16   bomb is publicly disclosed.  Once it is public, it necessarily
17   remains public.")
18          The Court is mindful of the fact of the parties and
19   media observing these proceedings may not as be as intimately
20   familiar as the parties to the litigation with the thousands of
21   documents that have been filed in connection with this lawsuit.
22   Because materials may have been previously unsealed by this
23   Court and separately by the Court of Appeals on its docket,
24   it's not always clear when documents ordered unsealed contained
25   materials that would be available publicly for the first time.

The Court's job is simply to weigh any private interests against the public's right of access to judicial documents. And, as I have just stated, there is rarely a scenario when there is sufficient cause to continue sealing materials on the docket where those materials are already public.  It's not the job of the Court to police press coverage and alert the public when reporting on unsealed materials as yesterday's news when the unsealed material is already public.

As for the names and identifying information of nonparty Doe's.

At this stage, unless otherwise noted, the only Doe's for whom names and identifying information should be unsealed are Doe's 1 and 2 for the reasons indicated on the record of the January 19, 2021 conference.

Additionally, as before, Alan Dershowitz's name and information identifying him may be unsealed.  As you know by his letter at docket entry 1138, he has requested that redactions of his name in these materials be unsealed in all the cases.

For efficiency as before, I won't repeat this caveat as to each document, I will only comment on it when it's not applicable.  Unless there is a specific comment, personal identifying information for all nonparty Doe's should be redacted, with the exception of Doe's 1 and 2, professor Dershowitz, and in deposition testimony already unsealed by the

Court of Appeals.

Now, let's get ready and march through the specific findings on the documents that are at issue in this motion to unseal. As always, these findings are resolved of the Court's particularized review of each document it has considered for unsealing today. As before, the Court will proceed in the order of the documents listed on the chart that the parties have so helpfully provided listing their respective positions for each document. The chart is Exhibit F to Ms. Menninger's declaration, filed with Ms. Maxwell's reply brief in support of her objections to unsealing at docket number 1167-2. So here we go.

Docket number 345, motion to compel defendant to produce documents, et cetera, et cetera. Unseal this consistent with docket entry 135.

Docket number 344 was not sealed.

Docket number 346, Ms. Schultz's declaration, and exhibits 1, 2, and 3 should be unsealed. So that's four documents, 346, 346-1, 346-2, 346-3. 346-4 was unsealed by the Second Circuit. 346-5 shall be unsealed as it was at docket entry 135.

Docket number 383, the response in opposition to the motion, we will redact the Doe's we have not gotten to consistently with docket entry 135.

Docket 384, Ms. Menninger's declaration in opposition,

1  we'll redact the names and identifying information of the
2  nonparty Doe's.  Docket number 384-1 has been unsealed.
3          Docket number 385, 386 shall be unsealed.
4          387 is not sealed.
5          397, unseal as it is at docket number 135.
6          Docket number 398, Ms. McCawley's declaration,
7  paragraph 7, which references a nonparty Doe, shall remain
8  sealed, otherwise it may be unsealed.  Docket number 398-1,
9  398-2 shall be unsealed.  398-4, unsealed as previously done.
10 398-5 shall remain sealed, this relates to a Doe.
11         356, Same ruling as in docket entry 315.
12         357, same ruling as docket entry 316.  357-1, same
13 ruling as docket 316-1.  357-2, same as docket entry 316-2.
14 357-3, same as docket entry 316-3.  357-4, same as docket entry
15 316-4.  And there is a pattern here.  357-5, 6, 7, 8, all as
16 with the prior rulings in docket entries 316-5, 6, 7, and 8.
17         367, Ms. Schultz's declaration, same ruling as in
18 docket entry 316.  Similarly, 367-1, 2, 3, 4, and 6, same
19 rulings as at docket entry 316-1, 2, 3, 4, 5, 6, and 7.  I'm
20 sorry, 367-7, same ruling as 316-7.  Same with 367-8, same
21 ruling as 316-8.  367, same ruling as the prior ruling.
22         369, same ruling as the prior ruling.  369-1, 2, 3, 4,
23 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, same as the
24 corresponding rulings in the prior round.
25         362 was not sealed, already public.

363, unsealed.  363-1 was unsealed by the Second Circuit.  363-2, same ruling as in the prior round.  363-7, same ruling as in the prior round.  363-13, but for Mr. Dershowitz's name, the other Doe's should remain sealed.

364, 382 shall be unsealed.

406, redact the names of Doe's we haven't gotten to yet.

407, same thing, redact the names of Doe's we haven't gotten to yet.  407-1, 2, 3, 4, 5, 6 shall be unsealed.  407-6, partially unsealed by the Second Circuit, so, of course, all the Doe names shall remain sealed.  407-7, unseal.  407-8 remains sealed.  407-9 should remain sealed because of the nonparty Doe's.  407-10, what should remain sealed are the nonparty Doe's.  Of course, as we've said before, Detective Recarey may be unsealed.  407-11, unseal.  407-12, 13, 14, 15, 16, 17, 18 — 19 wasn't sealed — 20, 21, 22, and 23 shall all be unsealed.

408, nonparty Doe names should remain sealed.  408-1, this is portions of the deposition transcript of Paul Cassell, this will remain sealed.  It mentions various Doe names, but more seriously, it marshals evidence in a manner that might be prejudicial to a fair trial for Ms. Maxwell, so this document will remain sealed for those reasons.  408-2, 3, and 4 shall be unsealed.

435, the nonparty Doe names shall be redacted.  435-1,

1   2, 3, 4, 5, 6, 7, 8, 9, and 10 were not sealed, and accordingly

2   should be unsealed.

3           436 was not sealed, shall be unsealed.

4           445 was not sealed, so should be unsealed.

5           447, unseal.

6           370, unseal.

7           371, unseal.  371-3, we will delete the email

8   addresses and the telephone numbers and otherwise unseal.

9           388, this is the response in opposition to motion 370.

10  It's filed by Ms. Dufrey (ph).  Pages 12 to 13 of this document

11  where the redactions are already noted, together with footnotes

12  5 through 9, also marshal evidence that might prejudice

13  Ms. Maxwell's right to a fair trial, and accordingly, that

14  material shall remain redacted.

15          389, any nonparty Doe's should remain sealed.  389-1

16  previously required to remain sealed because the mention of

17  Doe's.  389-2, remain sealed.  389-3, unsealed on remand from

18  the Court of Appeals.  389-4, remain sealed.  389-5, the

19  nonparty Doe's shall be unsealed, and, as always, Detective

20  Recarey's testimony, but for the redactions, may be unsealed.

21  389-6, unsealed by the Court of Appeals.  389-7 has been

22  unsealed.  389-8 has been unsealed.  389-9, to the extent that

23  this information was released publicly by law enforcement

24  agencies, it may be unsealed.

25          404, unseal.

                405, unseal.  405-1, unsealed, but redact the nonparty
Doe's names.

                Now we're up to a motion at docket entry 422.  That's
the one that I have previously ruled is not a judicial document
because it was not decided by Judge Sweet.  So the following
documents shall remain sealed.

                422, 423, 423-1, 423-2, 423-3, 423-4, and 437.

                468, delete or keep sealed the email addresses and the
names of the nonparty Doe's, otherwise release.

                469, unseal, except for paragraph 4 that references a
nonparty Doe.  469-1 was previously unsealed.  469-2 relates to
a nonparty Doe, it will remain sealed.  469-3 will remain
redacted in the same manner as docket entry 1137-13.

                479, redact the email addresses and, of course, redact
Mr. Alessi (ph).

                480, maintain the seals as to the nonparty Doe's.
480-1, redact the email addresses and otherwise unseal.  480-2,
same thing, unseal but for the email addresses.  480-3 has
previously been unsealed and will remain as it was at docket
entry 1137-13.  480-4, unseal.

                490, unseal, except for the email addresses.

                491, unseal.  491-1, not sealed anyway.  491-2,
unseal.  491-3 and 491-4, unseal.

                640, keep this sealed because of its relation to a
nonparty Doe.

641, same ruling. 641-1 has already been unsealed. 641-2, keep sealed.

We are going to, because of the subject matter of the following documents relating as they do to nonparty Doe's, the following shall remain sealed, and we're going right through to the end.

Docket number 641-2, 655, 656, 656-1, 2, 3, 4, 5, 6, 7, 8, and 9.

Docket number 700, 701, 701-1, 701-2, 707, 709, 714, 715, 715-1, and 715-2 all shall remain sealed.

Counsel, as always, I'll ask you to confer and to prepare the documents for unsealing pursuant to the findings just made. This is not an exercise that needs to be undertaken on the long Independence Day weekend, so nobody has to start until after the end of the long weekend. So I think, probably, we can do this two weeks from today. Is that acceptable to you folks? Plan on unsealing then?

MS. MCCAWLEY: Yes, your Honor, that is acceptable.

MR. PAGLIUCA: Yes, your Honor, on behalf of Ms. Maxwell.

Your Honor, I did have two questions related to two documents, and I may have misheard the Court, but I just want to clarify.

THE COURT: All right, go ahead, counsel.

MR. PAGLIUCA: I did not hear any ruling related to

1     docket 444, which I have on my list.
2              THE COURT:  What number document is it, please,
3     counsel?
4              MR. PAGLIUCA:  Yes.  444, your Honor.
5              THE COURT:  That's the docket entry.  Tell me what
6     number document it is on our list.  I'm told that it is 110.
7     Unseal is the answer.
8              MR. PAGLIUCA:  That's what I thought, but I didn't
9     hear anything.
10             Your Honor, I don't have those other numbers handy,
11    but in reference to docket number 389-5, I heard the Court say
12    nonparty Doe's to be unsealed, and I just want to make sure, my
13    assumption is that your ruling is consistent with your other
14    rulings, and that is with the exception of nonparty Doe's 1 and
15    2, Dershowitz and Recarey, the remaining nonparties Doe's are
16    to be sealed?
17             THE COURT:  Correct.  I undoubtedly misspoke.
18             MR. PAGLIUCA:  I don't know if you misspoke or I
19    misheard.  I just want to make sure we're all on the same page,
20    your Honor.
21             THE COURT:  Okay.  Anybody else?
22             MR. LEWIN:  Judge, this is Nick Lewin for nonparty
23    Doe.  May I briefly address one issue now, your Honor?
24             THE COURT:  Sure.
25             MR. LEWIN:  Your Honor ruled obviously today and

before that with certain exception you've noted, Doe names and identifying information that remains sealed, so it's that latter term, identifying information, I wanted to very briefly address with your Honor.

In the past, I think there have, perhaps, been some questions about whether the redactions that the parties alone applied were sufficient to prevent identification of a nonparty Doe.  So, your Honor, we would just request that, respectfully, your Honor make clear to those that are doing these redactions carrying out your Honor's order that identifying information that should be redacted, in addition to names, includes anything about that nonparty Doe that would identify her or him or could reasonably lead a person to identify that nonparty Doe.

THE COURT:  I think that's clear.  If, for example, the entry said Doe with purple hair and three arms, the purple hair and three arms would probably allow someone to identify who that Doe was.  Of course that should be redacted.  And maybe, Mr. Lewin, if you want to confer offline with counsel to assist, that's fine, too.  I thought we had understood what identifying information is.

If you are unsatisfied with your discussions with counsel and you want to put something in under seal, that's fine, but you have to do that soon so that counsel is able to prepare the documents for two weeks from now.  All right.

1   MR. LEWIN:  Yes, Judge.  I don't expect that we will
2   put anything in nor do I think we need to coordinate with
3   counsel.  Of course the three arm, purple hair example is one,
4   but there is ample public information about relationships
5   between people and the like that, if not redacted, could cause
6   a nonparty Doe, other than those you've dealt with, to be
7   accepted.
8   Your Honor, I think the record is clear, I don't think
9   there is much more that needs to be done, and I appreciate you
10  indulging that brief request.
11  THE COURT:  We've all seen things in the public press
12  and the public press in the materials before us.  We know we
13  can pick out some people we might be talking about, but I think
14  we all understand what we're doing here.
15  All right.  I just wanted to observe, friends, we have
16  gone through hundreds of documents already and ruled on them,
17  and we're just continuing to go back.  If any of you wants to
18  say I told you so, you're welcome to go ahead and do it.  We
19  might want to start thinking about another way to proceed to do
20  it more quickly.  For example, it might be that it would be
21  useful to consider all the folks from whom we have received
22  objections at one time.  I don't know if that's possible or
23  feasible, but I'll ask you folks to confer among yourselves and
24  in maybe three weeks, let me know if you have a suggestion
25  about how to move through more quickly.  I think we all know

1  now pretty much how it's going to go, and my own view is
2  perhaps it might be useful for us if we don't do just the Doe's
3  we received objections from, another thing we might do is
4  categorize the Doe's, because there are Doe's who are alleged
5  to be victims, there are Doe's who we've read about in the
6  tabloids, and then there is a whole bunch of other Doe's and we
7  might want to do rulings on those people in bunches.  But would
8  you be kind enough to talk among yourselves and give me some
9  thoughts on how we might speed the process.
10              Anything else today, counsel?
11              Mr. Reporter, do you anything?
12              (Pause)
13              Wonderful.  Counsel, nice to see you.  Happy
14  Independence Day.
15                            * * *