# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 212-513-3368
Christine.Walz@hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

July 30, 2021

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   **INTERVENORS' LETTER REGARDING REVISIONS TO THE UNSEALING PROTOCOL**
> *Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska:

  Intervenors Julie Brown and Miami Herald Media Co. respectfully submit this letter in response to the Court's inquiry at the July 1, 2021 hearing regarding ways to streamline the unsealing protocol moving forward, and in response to Ms. Giuffre's and Ms. Maxwell's letter (Dkt. 1224).

  Intervenors ask that the Court adopt the proposal submitted by Ms. Giuffre. (*See* Dkt. 1224.) Reviewing all of the documents referencing objecting Does at once will significantly reduce the number of times a single document is reviewed, redacted (if warranted), and released. This will streamline the process and allow for more timely and meaningful access to these records.

  Ms. Maxwell's submission argues that this proposed process is too onerous while her counsel prepare for her criminal trial, but her proposal (and the status quo) require far more duplication and therefore *more* work, absorbing *more* of her counsel's time. If the Does continue to be split into multiple groups with multiple rounds of reviews, as Ms. Maxwell proposes, then a single document such as initial disclosures or a witness list will continue to resurface in every round, only to have redactions removed from a few names each time, thereby multiplying the review. Instead, if all objecting Does are considered at the same time, along with any non-

July 30, 2021
Page 2

objecting Does referenced in the document set, then those documents will be released once and need not be revisited. The only remaining documents requiring review after that will be documents referencing non-objecting Does that do not include references to objecting Does.

      Much of Ms. Maxwell's submission focuses on her desire to delay the proceedings while her criminal trial is pending. But the public has been waiting for years to have these documents unsealed – many of which were improperly sealed from the start. A right to access means a right to *timely* access. The news media's reporting on judicial records "must be timely to be newsworthy and to allow for ample and meaningful public discussion regarding the functioning of our nation's court systems." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 585, 594 (9th Cir. 2020) (emphasis added); *see also United States v. Erie Cty., N.Y.*, 763 F.3d 235, 244 (2d Cir. 2014) ("recognizing the 'importance of immediate access where a right to access is found . . . .'"); *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 563 (E.D. Va. 2020) ("To efficiently inform the public, the media must have complete and timely access in our increasingly data-driven decision making."). Ms. Maxwell's attempts to stall the unsealing process are in direct contravention of the public's right to timely access.

      Finally, Intervenors request that the same procedure for placing non-objecting Does' submissions on the record from the current Unsealing Protocol be carried over into any revised protocol. The current protocol provides that objecting Does may file their submissions under seal, and then the Court staff will redact as appropriate, insert pseudonyms, and then place the redacted submissions on the docket. Any objections must be public to allow Intervenors and the public to assess the form and merit of the objections being made and meaningfully respond to them.

      Sincerely yours,

      HOLLAND & KNIGHT LLP

      /s/ Christine N. Walz
      Christine N. Walz
      Sanford L. Bohrer
      Cynthia A. Gierhart