**KRIEGER KIM & LEWIN** LLP

500 Fifth Avenue                                                                                                 Telephone: (212) 390-9550
New York, NY 10110                                                                                 www.KKLllp.com

August 4, 2021

By ECF

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

        Re:     *Giuffre v. Maxwell*, 15 Civ. 7433 (LAP)

Dear Judge Preska:

      We are writing on behalf of a non-party, John Doe, in response to the letters filed by the parties in the above-referenced case offering competing proposals for streamlining the unsealing process established by the Order and Protocol for Unsealing Decided Motions. *See* DE 1224. We write to express our views regarding the parties' respective submissions, as well as that offered by the Miami Herald. *See* DE 1225.

      As directed by the Second Circuit, this Court has made notable progress in its individualized review of the Sealed Materials. We appreciate that this is a substantial undertaking. However, we submit the time consumed by this review is not caused by the process prudently outlined under the Protocol; rather, it is a consequence of the more than one hundred non-parties implicated in the Sealed Records, the diversity and significance of their respective interests, and the sheer volume of materials contained within the Sealed Records. *See* DE at 1224, at 5. Plaintiff and Defendant each generously designated materials as confidential under the Protective Order, and the process of determining what excerpts to unseal from such a voluminous record is necessarily challenging, particularly given the significant privacy interests implicated.

      The Protocol ordered by the Court, after substantial input from the parties, is achieving its desired purpose of: (a) attempting to provide notice and an opportunity to object to non-parties to the release of Sealed Materials; (b) establishing a fixed schedule and procedure for both parties and non-parties to promptly state their respective positions on the release of Sealed Materials, including the opportunity to participate in an evidentiary hearing; and (c) creating a resolution process that allows the Court to render "particularized findings" for each non-party considering "the countervailing interest of" the respective non-parties. DE 1196, at 32.

      Execution of the Protocol has not been seamless, of course. Two examples stand out. First, the parties report they have failed to effectuate service on many of the non-parties. Although disappointing, we acknowledge this failing is mitigated, at least in part, by the Court's obligation, and sincere efforts, to independently review and balance the interests of affected non-parties.

The second issue arises from the parties' failure to properly make redactions of the publicly released materials.  In a series of orders, the Court has authorized the parties to release certain Sealed Materials to the public subject to required redactions.  However, the parties' redactions are not, in fact, fully protecting the identities of non-parties purported to be masked by the redactions.  In certain instances, the released materials include a deposition index which allows a reader to readily compare the redaction with the corresponding page index and identify the non-party's name.  *See, e.g.*, Josh Levin et al., *We Cracked the Redactions in the Ghislaine Maxwell Deposition*, SLATE (Oct. 22, 2020), https://slate.com/news-and-politics/2020/10/ghislaine-maxwell-deposition-redactions-epstein-how-to-crack.html.  In other contexts, the subject matter of the publicly disclosed excerpts allows the identification of the redacted name.  *See, e.g.*, Jim Mustian and Larry Neumeister, *Epstein Ex Maxwell Denied Getting Prince Andrew Sex Partners*, ASSOCIATED PRESS (Oct. 22, 2020), https://apnews.com/article/us-news-new-york-jeffrey-epstein-ghislaine-maxwell-manhattan-b05b397ce139a755f8a65a667e768452.  These disappointing efforts undermine the Protocol and deny non-parties the protection that this Court and the Second Circuit acknowledge they are entitled to receive.  But they also powerfully illustrate the need for the parties and the Court to ensure that the redactions protect the privacy interests to which they are directed.

We urge the Court to caution the parties to properly implement the redactions to protect the non-identified non-party by redacting the name and any other content that permits the reader to identify the redacted name.  Further, the Miami Herald correctly notes that the Protocol permits the Court's staff (with the assistance of the original parties) to redact the non-party submissions and publicly file them via ECF.  *See* DE 1225, at 2.  Equal care must be exercised with these redactions, as well, given that the public identification of a stated objection, a geographical location (such as in an address), or even the non-party's legal counsel (if she or he has one) could disclose the identity of the objecting non-party.  We anticipate that in certain instances, nearly the entire submission should and will be redacted given the facts disclosed and the privacy interests implicated.

As for the parties' submissions concerning streamlining the Protocol, neither proposal is workable as stated without undermining the Protocol.  To date, several phases of the Protocol have been completed.  Through the original parties' efforts and the Court's rulings, documents have been placed into categories, *i.e.*, judicial and non-judicial documents.  From the judicial documents, notice was issued to affected non-parties and sixteen non-parties filed objections.  *See* DE 1224, at 1.  To the extent Plaintiff and Defendant suggest they are entitled to file further oppositions to the non-parties' objections, they are incorrect.  *See id*. at 2.  The time for the original parties to submit their opposition stating "why any Sealed Item should be unsealed" was due seven days after each non-party submitted its opposition and thus, has passed.  *See* DE 1108, at 3.  In short, the phase of non-party objections and any written opposition by the original parties is complete.  The parties and non-parties should not be permitted to delay the process by the submission of memoranda that were due over six months ago.

The aforementioned phases of the Protocol are simply the prelude to the most critical part of the Court ordered procedure: the individualized review to determine the weight of presumption of public access and the balancing of the non-party's and public's interest. *See* DE 1108, at 1. This next phase specifically contemplates individualized review for each affected non-party, and a provision is made for an evidentiary hearing to resolve any factual disputes as to each non-party. *See id.* at 3. We do not know whether the original parties filed any opposition to the non-party objections and thus do not know the likelihood that an evidentiary hearing or oral argument involving a non-party will be required. But any such proceeding involving a non-party would be separate and apart from any similar proceeding involving another non-party to protect their respective identities.

Thus, while it is undoubtedly tempting to propose grouping non-parties with the hope of achieving improved efficiencies, the parties' respective proposed modifications to the Protocol fail in this regard. Plaintiff effectively seeks to have all non-parties' interests simultaneously considered. She specifically proposes that the Court collectively consider the non-parties who timely submitted objections, but then adds that the Court should consider the interest of non-objecting non-parties whenever it considers an individual docket entry. Presuming that the non-party objections capture many, if not all, docket items, the result is a group, as opposed to individualized, based review of the diverse non-parties—which we believe substantially undermines the required particularized scrutiny. In contrast, Defendant proposes that the Court increase the number of docket items under review at any given time, but then also proposes that the non-parties within this larger subset be further grouped within four general categories, although the grouping itself, as we understand the proposal, would result in the same docket item being reviewed four times. Ironically, if any undue delay exists, it is not the fault of the non-parties who are intended beneficiaries of the Protocol's review procedures. Yet, given the passage of time, the parties seek to diminish the independent review owed to the non-parties by what is effectively a collective, group-based review.

There are measures that the Court can employ to improve efficiencies—several of which merely require enforcement of the Protocol:

1. The parties' respective submissions discuss the subjects of notice to, and lack of objections from, non-parties. Provided the parties complied with their notice obligations under the Protocol, the time for non-parties to submit objections has expired. While the parties should be permitted to continue any ongoing efforts to provide alternative notice to the non-parties, absent a showing of good cause, no out-of-rule opposition should be considered, and the lack of any objection is not a basis for delaying the next phase under the Protocol.

2. The legal briefing before the Court should be brought to a conclusion. The Protocol established a deadline for the original parties' response to any non-party objections, and therefore the briefing is closed on the objections. The Court should establish a cutoff for the original parties to submit any further legal

      briefing, if any, pertaining to the legal issues affecting the non-objecting non-parties.

3. Except as described in this paragraph, the Court should continue its process of reviewing items in the order they appear on the Clerk's docket.  Considering documents in sequence aids the Court in evaluating "the weight of presumption of public access that should be afforded to the document."  This process accelerates the release of documents to the public because it allows for the consideration of multiple non-parties, albeit in the context of the same document.  This process can be improved by increasing the number of docket items taken under consideration.  The exception is where a non-party objected to the release of the Sealed Materials and no opposition was filed in response.  If such objections are unopposed, and assuming the Court does not wish to have the matter otherwise heard, these objections can be summarily sustained.

We appreciate the Court's continued attention to this matter and stand ready to respond to any questions the Court may have or direct us to answer.

                                                                               Respectfully Submitted,
                                                                               KRIEGER KIM & LEWIN LLP

                                                          By: _____
                                                                    Nicholas J. Lewin
                                                                    Paul M. Krieger

cc (by ECF):  *Maxwell* Counsel of Record (15 Civ. 7433 (LAP))