

August 5, 2021

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Giuffre v. Maxwell*, **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

      Plaintiff writes in response to John Doe's August 4, 2021, letter to the Court to correct certain inaccuracies and to address certain criticisms of the Original Parties.

      First, Doe criticizes the Original Parties' compliance with the Court's unsealing orders and directives to redact the names of non-parties whose interests the Court has not yet considered, which has involved an immense amount of resources. ECF No. 1226 at 2. According to Doe, the Original Parties must not only scour each document that the Court orders unsealed to identify all non-party names and identifying information for redaction, but must also determine what other information could potentially provide clues as to the identities of the non-parties. This suggestion is entirely unworkable, as it would involve weeks of conferral between the Original Parties. Further, Doe's suggestion must be viewed against the legal backdrop of these proceedings – that information filed on a docket enjoys a *presumption of public access*, not a presumption of closure. The Original Parties have wholly complied with the Court's directive to redact the "names and identifying information of nonparty Does." Tr. of July 1, 2021 Ruling at 7:9–14. As the Court explained during its most recent ruling, if there is identifying information about Doe himself that he contends must be redacted, he may request that relief under seal. *Id*. at 15:15–25. But he has not done so, apparently unwilling to even disclose his identity under seal.

      Second, Doe appears to misunderstand the current status of the unsealing process in contending that "the Court should continue its process of reviewing items in the order they appear on the Clerk's docket." ECF No. 1226 at 4. The Court has, in fact, *never* proceeded by reviewing documents in the order that they appear on the docket, and has instead been proceeding on a Doe-by-Doe basis, thus dealing with documents relating only to certain Does – Does 1 and 2 in the first instance – at a time. The Court has also requested input from the Original Parties as to which docket entries should be reviewed in what order. *See, e.g.*, ECF No. 1179.

      Third, Doe's contention that the Original Parties' time to submit oppositions to non-party objections has passed is incorrect. ECF No. 1226 at 2, 3. As Plaintiff clearly laid out in a letter submitted to the Court nine months ago, because the Court is currently proceeding through the unsealing process on a Doe-by-Doe basis, the Original Parties' understanding is that "any oppositions to those Non-Party Objections are not due until 7 days after the Court indicates that it will review sets of motions for those Does. Proceeding this way allows the Court to continue to

review materials on a 'Doe-by-Doe' basis, and will prevent the Court from having to resolve Non-Party Objections out of order." ECF No. 1143 at 2. Doe did not object to proceeding this way when Plaintiff filed her letter nine months ago, and the Original Parties have consistently relied on this understanding, which has never been challenged or otherwise contradicted.

Finally, even if the Original Parties' time to oppose non-party objections *had* passed, Doe's contention that all objections can be "summarily sustained" if they are unopposed entirely contradicts the law. ECF No. 1226 at 4. Again, there is a *presumption* of access, and the party seeking to seal documents bears the burden of demonstrating "that the interests favoring non-access outweigh those favoring access." *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995); *see also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection."). Plaintiff and the public, by contrast, have *no burden* in advocating for public access because it is presumed. If the Court determines that a non-party has not met its burden of justifying sealing in light of this presumption of public access, then it must unseal the documents regardless of whether or not Plaintiff files an opposition to the non-party objection.

                                      Sincerely,

                                      /s/ Sigrid S. McCawley

                                      Sigrid S. McCawley, Esq.

cc: Counsel of Record  (via ECF)