**KRIEGER KIM & LEWIN** LLP

500 Fifth Avenue					Telephone: (212) 390-9550
New York, NY 10110					www.KKLllp.com

August 10, 2021

<u>By ECF</u>

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

      Re:    *Giuffre v. Maxwell*, 15 Civ. 7433 (LAP)

Dear Judge Preska:

      On behalf of non-party, John Doe, we write in response to Plaintiff's letter of August 5, 2021, *see* DE 1227.

      Our letter of August 4, 2021 suggested several proposals to help expedite the continued implementation of the Protocol and the particularized review contemplated for each non-party. It appears, however, that the non-parties received, and presumably relied upon, a protocol process that is different than the process now being implemented.

      Specifically, the August 4 letter noted: "To the extent Plaintiff and Defendant suggest that they are entitled to file further oppositions to the non-parties' objections, they are incorrect." DE 1226 at 2. In support of this, we cited Section 2(d) of the Protocol: "Within 7 days of service of any Non-Party Objection and accompanying memorandum, if any, the Original Parties may file an opposition stating the reasons why any Sealed Item should be unsealed." DE 1108, at 3. That same paragraph further provides the "objecting Non-Party may file a reply in support of its objections within 7 days of service of the Original Parties' opposition." *Id.* This language is contained in the version of the Protocol which we understand was mailed to all Does. *See* DEs 1115–16.

      Subsequent to the filing of our letter, we were directed to the Court's October 20, 2020 Order, issued in the context of the Court's consideration of the Sealed Records pertaining to Does No. 1 and 2. *See* DE 1157. In that Order, the Court observed "that *several other Non-Party Does have already submitted Objections* to unsealing" and, at Plaintiff's urging,[1] the Court ruled that *"[a]ny oppositions to those Non-Party Objections* are not due until 7 days after the Court indicates it will review sets of motions for those Does." *Id*. at 3–4 (emphasis added). Thus, as to the non-party objections submitted as of October 20, 2020, the Court extended the original parties' response time, and further stated that the Court would "update the Protocol and file a revised version of the document that states explicitly that the clock does not start running on any opposition to a Non-Party objection until the Court takes up the motion relevant to the

---

[1]     Defendant apparently consented to or did not oppose Plaintiff's request.

Non-Party who objected." *Id.* at 4.  We are unaware of any subsequent amendment to, or filing of a revised Protocol, or anything that suggests that all of the non-parties had been informed of this change.  Yet, it appears that the original parties thereafter have elected to defer filing responses to non-parties' objections—even those submitted after October 2020.

This amendment to the Protocol, which apparently did not result in an actual amendment to the Protocol, is an example of the original parties' actions delaying the Protocol process.  The original parties' opposition to any objections should have been submitted long ago under the Protocol delivered to the non-parties.  Similarly, the replies of the non-parties would have been submitted at least six months ago and thus the issues would have been at least fully briefed.  But, because of the modification requested by the original parties after the Protocol was already mailed to non-parties, the briefing on these issues will be completed at some future point.  When this ultimately occurs, the original parties will have been afforded nearly a year in certain instances to submit their oppositions, while the non-parties will be expected to submit their replies within seven days.  Ironically, in preparing the Protocol, we had urged that non-parties be accorded additional time to submit their opposition given the potential necessity to secure counsel and other practical limitations then existing given the pandemic conditions.  *See* DE 1040, at 1.

Plaintiff's November 10, 2020, correspondence to this Court proffered that efficiencies would be realized under the Protocol by providing notice to all non-parties simultaneously (which we agree was reasonable), which would "provide greater clarity on exactly how many Non-Parties intend to participate in the unsealing process." DE 1143, at 1.  But the efficiencies were never realized because the Protocol schedule was not followed.  To our knowledge, the Court has not been informed whether the original parties oppose any of the objections lodged by the non-parties implicated in the sealed filings yet to be addressed.  Thus, unknown is whether additional briefing from both the original parties and the non-parties will be required.  Nor can a decision be made as to whether an evidentiary hearing might be required, as contemplated under the Protocol.

At this point, the foregoing serves only to further illustrate that the non-parties are not the source of the claimed delay or inefficiencies.  Rather, any execution issues are directly attributable to the original parties, first because of the volume and nature of the materials contained in the Sealed Materials, and second, because of the de facto modification of the Protocol.  The Court should therefore reject the original parties' proposals undermining the contemplated individual review and the other components of the Protocol, the latter of which was largely adopted for the benefit of the non-parties.  In particular, Plaintiff originally opposed certain aspects of the Protocol and some of the protections it afforded the non-parties.  *See, e.g.*, DE 1013.  Her group-based review proposal effectively reverses course in this matter and aligns it with Plaintiff's original, but rejected, position.

What matters now, of course, is how the Court elects to proceed moving forward.  We submit there are means for expediting matters without diminishing the required individualized review and the Protocol.  The following suggestions are inclusive of those in our August 4 letter,

but account for the modification of the Protocol set out in DE 1157 and briefly respond to Plaintiff's comments in her August 5 letter.

1. The parties' respective submissions to streamline the Protocol discuss the subjects of notice to, and/or lack of objections from, non-parties. Provided the parties complied with their notice obligations under the Protocol, the time for non-parties to submit objections has expired. While the parties should be permitted to continue any ongoing efforts to provide alternative notice to the non-parties, absent a showing of good cause, no out-of-rule opposition should be considered, and the lack of any objection is not a basis for delaying the next phase under the Protocol.

2. The legal briefing before the Court should be brought to a conclusion. The Court should establish a cutoff for the original parties (a) to submit any further legal briefing, if any, pertaining to the legal issues affecting the non-objecting non-parties; and (b) to offer any response to the objections previously submitted by the non-parties.

3. The Court should continue its process of reviewing items in the order they appear on the Clerk's docket as to a Doe.[2] Considering documents in sequence aids the Court in evaluating "the weight of presumption of public access that should be afforded to the document." This process can be improved by increasing the number of docket items taken under consideration at a given time.

4. We proposed that if the original parties do not object to a non-party's objections, the Court should summarily sustain the objections "assuming the Court does not wish to have the matter otherwise heard." DE 1226. Plaintiff responds by insisting that a presumption of access has attached, the objecting party bears the burden of advancing the objection, and the Court must nevertheless conduct a particularized review. *See* DE 1227, at 2. Although not expressly stated, presumably Plaintiff's position is based on the Court's prior rejection of *Plaintiff's position* that if a non-party fails to object, the materials pertaining to that non-party should be automatically unsealed. *See* DE 1157, at 2. In rejecting Plaintiff's position, the Court noted that the Protocol expressly advised non-parties they were under no affirmative duty to object and the Court was obligated to conduct a particularized review. *See id.* But our position and Plaintiff's

---

[2] Plaintiff's criticism is misplaced and misunderstands our recommendation. We appreciate that the current review process is employed in the context of individual Does, and such records are effectively pulled in the order they appear on the Docket. That is, the Court examines a set of records pertaining to a particular Doe. The process can be improved by increasing the total number of records examined at a given time.

August 10, 2021<br>Page 4 of 4

position are not two sides of the same coin.[3]  As to the non-parties who have objected, they have affirmatively stated their grounds for continuing the seal.  If the one party who has posited throughout these proceedings that nothing should be sealed – namely, Plaintiff – does not oppose the objections, we submit that the Court can make quick work of that particular record.  One would reasonably conclude if Plaintiff has no objection, there is nothing to resolve, but we nevertheless, of course, specifically prefaced our recommendation: "[A]ssuming the Court does not wish to have the matter otherwise heard."  DE 1226, at 4.

5. Finally, as the Sealed Records are released, the original parties should be directed to make the appropriate comprehensive redactions.  This is hardly the burden Plaintiff suggests.  One does not need to assimilate an entire case file (although surely the original parties have) to know, for example, that if you redact a name at page 90 of a deposition transcript, you must make a corresponding redaction to the accompanying index, and that both such redactions should be made in a manner to prevent a reader from easily inferring the identity of the individual in question based on the name's location in the index and the context surrounding the name in the transcript.

As always, we appreciate the Court's attention and stand ready to answer any questions the Court may have.

Respectfully Submitted,<br>
KRIEGER KIM & LEWIN LLP<br><br>
By: <i>/s/ Nicholas Lewin</i><br>
Nicholas J. Lewin<br>
Paul M. Krieger

cc (by ECF):   *Maxwell* Counsel of Record (15 Civ. 7433 (LAP))

---

[3]  Plaintiff also overstates matters.  Not all Sealed Records are equal for this analysis, and there are many documents where the presumption of access "amounts to little more than a prediction of public access absent a countervailing reason," as the Second Circuit has observed.  *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) (citation and internal quotation marks omitted).