# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 212-513-3368
Christine.Walz@hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

August 17, 2021

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  INTERVENORS' LETTER IN RESPONSE TO DOE'S LETTERS REGARDING THE UNSEALING PROTOCOL (DKT. NOS. 1226 and 1228)
> *Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska:

Intervenors Julie Brown and Miami Herald Media Co. respectfully submit this letter to respond to certain mistaken propositions in John Doe's letters regarding the unsealing protocol (Dkt. Nos. 1226 and 1228).

Doe's letters propose that non-party objections to unsealing that were not opposed by either of the original parties – because the parties relied on an order by this Court telling them not to respond – should be "summarily sustained."  The suggestion that documents should remain sealed simply because a non-party prefers it demonstrates a complete lack of understanding of the public right of access and these entire proceedings.

The burden of demonstrating that a document should remain sealed rests on the party seeking sealing. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). Judicial documents are presumed open to the public. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Court must determine the weight of presumption that should be afforded each document and then balance competing considerations to determine whether the presumption can be overcome. *Lugosch*, 435 F.3d at 119-20.

August 17, 2021
Page 2

The fact that a party (or non-party, in this case) prefers sealing does not eviscerate the Court's duty to "to review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown*, 929 F.3d at 48. Documents cannot remain sealed simply because the parties wish for them to be shielded from the public. *Id.* ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents."); *Rotger v. Montefiore Med. Ctr.*, No. 1:15-CV-7783-GHW, 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018) (holding the parties' "self-designation" of materials as "Confidential" "is not binding on the Court"); *In re Citibank Aug. 11, 2020 Wire Transfers*, No. 20-CV-6539 (JMF), 2020 WL 6782213, at *1 (S.D.N.Y. Nov. 18, 2020) ("The mere fact that information is subject to a confidentiality agreement between the parties is not a valid basis to overcome the presumption.").

The Court made clear that non-parties' participation in these proceedings was "intended merely to aid the Court in balancing privacy and other interests against the public's right of access." Dkt. 1108, at 5. It was not intended to supplant the Court's decision-making authority.

Doe's suggestion is particularly concerning because the redacted versions of the objections that Doe contends should have been responded to have not been provided to Intervenors or the public at this time. Therefore, there is no way that Intervenors could have responded to them. Further, the reason the parties did not yet respond to the non-parties' objections is because the Court issued an oral ruling directing them not to. Dkt. 1157, at 3-4. The Court held on November 20, 2020:

> Because the Court is still deciding the motions for Does 1 and 2 at this time, Plaintiff is correct that the clock has not yet started to run on oppositions to those Non-Party Objections. Any oppositions to those Non-Party Objections are not due until 7 days after the Court indicates that it will review sets of motions for those Does. The Court will update the Protocol and file a revised version on the docket that states explicitly that the clock does not start running on any opposition to a Non-Party Objection until the Court takes up the motion relevant to the Non-Party who has objected.

*Id.* Doe's arguments that the extension applied only to objections received prior to that ruling and that the ruling is void because a written amendment to the protocol didn't follow are paper thin and antithetical to the presumption of openness.

Intervenors respectfully request that the Court place all non-party objections on the docket, permit the parties a brief period to respond, and then conduct the individualized review it is required to do. *Brown*, 929 F.3d at 48. Only then can the Court determine whether the non-party Does have met their burden to overcome the presumption of openness. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

Sincerely yours,

August 17, 2021
Page 3

        HOLLAND & KNIGHT LLP

        /s/ Christine N. Walz
        Christine N. Walz
        Sanford L. Bohrer
        Cynthia A. Gierhart