UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

                    Plaintiff,

-against-                                    15 Civ. 7433 (LAP)

GHISLAINE MAXWELL,

                    Defendant.

LORETTA A. PRESKA, Senior United States District Judge:

      The Court is in receipt of submissions from counsel to Ms.

Giuffre and Ms. Maxwell (the "Parties"),[1] The Miami Herald (the

"Herald"),[2] and John Doe[3] in response to the Court's order

directing the Parties to confer and propose measures to

streamline the unsealing process.

      Having considered those submissions, the Court will proceed

as follows:

- **Non-Party Objections**: The Court will now turn to
  considering the objections of the sixteen non-parties who
  have submitted objections.[4]  The Parties shall submit

_____

[1] (Letter from S. McCawley and L. Menninger, dated July 28, 2021
[dkt. no. 1224]; Letter from S. McCawley, dated Aug. 5, 2021
[dkt. no. 1227].)

[2] (Letter from C. Walz, dated July 30, 2021 [dkt. no. 1225];
Letter from C. Walz, dated Aug. 17, 2021 [dkt. no. 1229].)

[3] (Letter from N. Lewin, dated Aug. 4, 2021 [dkt. no. 1226];
Letter from N. Lewin, dated Aug. 10, 2021 [dkt. no. 1228].)

[4]  The Court made clear in its November 20, 2020 order that the
time for the Parties to respond to any non-party objection was
(Footnote Continued on Next Page)

1

omnibus briefs addressing the objections of the first eight non-parties, to the extent the Parties wish to address all or some of those objections.  The Parties shall confer and propose the first eight objectors whom they will address and a briefing schedule for their first briefs, with consideration paid to alleviating any undue burden on Ms. Maxwell's counsel.

- **Non-Objecting Non-Parties:** After the Court rules on the unsealing of the names of non-party objectors, the Court will consider for unsealing the names of non-parties who have failed to file objections to unsealing.  The Court is of course mindful of its obligation to undertake a particularized review of the materials and, as has been made clear, a non-party's failure to object does make unsealing automatic.  The Court will make its assessment about unsealing the names of the non-objecting Does after balancing the competing interests at stake, with the benefit of the views of non-party objectors who may be similarly situated.

- **Docketing of Unsealed Materials:** At the time the Court rules on the unsealing of the non-party names, the Court will ask the parties to confer and propose a reasonable schedule for preparing and filing the documents ordered unsealed.[5]

---

stayed pending the Court's direction.  (Order, dated Nov. 20, 2020 [dkt. no. 1157] ("Plaintiff notes that several other Non-Party Does have already submitted Objections to unsealing. Because the Court is still deciding the motions for Does 1 and 2 at this time, Plaintiff is correct that the clock has not yet started to run on oppositions to those Non-Party Objections.").)

[5] While counsel for John Doe recounts that an appendix for one deposition transcript was unsealed in part during the first round of unsealing, (dkt. no. 1226 at 2), the Court directed the parties to redact the indices in subsequent rounds.  (Jan. 19, 2021 Hearing Transcript [dkt. no. 1196], at 16:19-22 ("With respect to Ms. Maxwell's deposition, you are to redact the index.  As we know, that might lead to premature identification of Does . . .")).  The Court further observes that the parties have exercised due care to ensure that appropriate redactions consistent with the Court's rulings have been applied.

The parties shall confer and submit a revised version of the protocol in accordance with the above, and shall submit a briefing schedule to address the objections of the first eight non-party objectors.

**SO ORDERED.**

Dated:     New York, New York
           September 28, 2021

LORETTA A. PRESKA
Senior United States District Judge