# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 212-513-3368
Christine.Walz@hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

October 5, 2021

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    **INTERVENORS' LETTER IN RESPONSE TO THE COURT'S ORDER AMENDING THE UNSEALING PROTOCOL, DKT. 1230**
           *Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska:

    Intervenors Julie Brown and Miami Herald Media Co. (the "Miami Herald") respectfully submit this letter in response to the Court's order dated September 28, 2021, amending the unsealing protocol (Dkt. 1230, "Order"). Intervenors seek clarification regarding two components of the protocol. Specifically, they ask for clarification to (1) ensure that redacted versions of the Does' objections are filed on the public docket and (2) ensure that Intervenors have an opportunity to respond to the Does' objections.

    The court outlined the following procedure regarding placement of the Does' submissions on the public docket in the unsealing protocol dated August 27, 2020:

> The Court's staff will receive Non-Party submissions, make appropriate redactions, e.g., the Non-Party's identifying information (with the assistance of the Original Parties, as appropriate), substitute Non-Party pseudonymous identifiers as appropriate, redact the submission as appropriate, and file them as redacted via ECF, identifying the Non-Party solely by his or her pseudonymous identifier.

Dkt. 1108, ¶ 3(e). Intervenors seek confirmation that this procedure will be followed, so that redacted versions of the Does' objections are placed on the public docket.

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland | San Francisco
Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

October 5, 2021
Page 2

     Intervenors further seek assurances that Ms. Giuffre's and Ms. Maxwell's briefs responding to the Does' objections (along with the Court's subsequent ruling) will be publicly filed. Any filing that is "relevant to the performance of the judicial function and useful in the judicial process" is a judicial document, and all judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The presumption for documents such as those at issue here may be overcome only by a "specific and substantial" showing that the presumption is outweighed by a recognized and substantial countervailing interest. *Id.*; *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

     The underlying documents being considered for unsealing were filed with decided motions and have already been determined to be judicial documents. The Does' objections and parties' responsive briefs arguing whether to disclose or withhold these judicial documents are undoubtedly themselves "relevant to the performance of the judicial function and useful in the judicial process," making them judicial documents themselves. *Brown*, 929 F.3d at 49.[1] Moreover, the Does' objections were filed voluntarily and with the understanding that they would be redacted and filed on the public docket. *See* Dkt. 1108, ¶ 3(e) (explaining in August 2020 that the objections would be publicly filed as part of the unsealing process). Intervenors therefore request that all of the briefings associated with the Does' objections, as well as the objections themselves, be filed publicly with limited redactions (to the extent they are necessary).

     Finally, Intervenors, as parties to this action, must be afforded an opportunity to respond meaningfully to the Does' objections. The Court's most recent order stated that "the Parties," defined as Ms. Giuffre and Ms. Maxwell, shall submit omnibus briefs addressing the Does' objections. Order, at 1-2. Intervenors seek clarification to ensure they are afforded an opportunity to submit their own brief addressing the Does' objections. Ms. Brown and the Miami Herald intervened in this action to provide a perspective on behalf of the public interest that is otherwise not represented by the parties. *See Schiller v. City of New York*, No. 04 CIV. 7921(KMK)(JC), 2006 WL 2788256, at *3 (S.D.N.Y. Sept. 27, 2006); *Kelly v. City of New York*, No. 01 CIV. 8906 (AGSDF), 2003 WL 548400, at *3 (S.D.N.Y. Feb. 24, 2003) (permitting invention by the news media "in order to articulate the public interest in access to the records at issue"); *see* Dkt. 953 (Aug. 27, 2018 Order granting motion to intervene), at 11-12.

     Even where a party who originally supported the protective order later agrees to unsealing, as Ms. Giuffre has done, such a party may well oppose unsealing any information that is adverse to it and does not represent the public. *Schiller*, 2006 WL 2788256 at *3. The media intervenors

---

[1] Intervenors recognize that the Second Circuit has recognized a narrow exception to its access jurisprudence to allow material to be privately submitted to the court so that the court may make a determination whether that same material should be disclosed in discovery. *See Brown v. Maxwell*, 929 F.3d 41, 50 n.33 (2d Cir. 2019). However, that exception does not apply here. The exception prevents an otherwise privately exchanged discovery document from becoming a judicial document simply by virtue of having been submitted to the Court to determine if one party must disclose it to the other. *Id.* ("[T]he presumption of public access does not apply to material that is submitted to the court solely so that the court may decide whether *that same material* must be disclosed in the discovery process or shielded by a Protective Order." (emphasis added)).

October 5, 2021
Page 3

are uniquely situated to advocate on behalf of the public interest and bring a "perspective and expertise … concerning issues of public access [that] may well facilitate determination of these issues." *Id.*

Excluding Intervenors from the briefing in response to the Does' objections defies the entire purpose and spirit of these unsealing proceedings. Intervenors initiated the request to unseal the documents at issue, and they are entitled to a meaningful opportunity to participate in this process and to advocate for public access.

Intervenors therefore respectfully request that the Court clarify its Order to address these two issues.

    Sincerely yours,

    HOLLAND & KNIGHT LLP

    /s/ Christine N. Walz
    Christine N. Walz
    Sanford L. Bohrer
    Cynthia A. Gierhart