

Sigrid S. McCawley
Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

October 29, 2021

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Giuffre v. Maxwell*,
              **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

      The Parties write in response to the Court's September 28, 2021, order directing the Parties to "submit a revised version of the protocol" and "a briefing schedule to address the objections of the first eight non-party objectors." ECF No. 1230 at 3.

**Plaintiff's Position**

      On October 5, 2021, pursuant to the Court's order, Plaintiff proposed via email that the following eight non-party objectors that should be briefed first: Does 17, 53, 54, 55, 56, 73, 93, and 151. Plaintiff also proposed that the deadline for the omnibus briefs for the first set of objectors be due on November 8, 2021. Maxwell's counsel responded on October 15, asserting that that she would be unlikely to meet a November 8 deadline given the schedule for her criminal trial. The parties met and conferred on October 20, and Defendant agreed to Plaintiff's proposed list of non-party objectors on October 29.

      As for timing, Plaintiff requests as expeditious a briefing schedule as possible. Plaintiff is, however, mindful of the Court's direction to "alleviat[e] any undue burden on Ms. Maxwell's counsel," *id*. at 2, who has represented that her firm is unavailable to complete briefing until Defendant's criminal trial is over. Under that case's current schedule, trial will conclude sometime in January. At meet and confer, the parties agreed that the deadline for the parties' first briefs should be no later than January 17, 2022, without prejudice to either side seeking to move that date sooner or later if the schedule in Maxwell's criminal proceedings changes. On October 24, Maxwell's counsel informed Plaintiff that she believed that the criminal trial will not be completed until January 15, and requested an extension of the deadline for the parties' first briefs until January 31. Other than Judge Nathan's statement that the trial may last until after the holidays, Plaintiff is

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



unaware of any changes to the timing of the criminal trial. In any event, to the extent the criminal trial's schedule will be extended due to a break in proceedings (during which Maxwell's counsel may work on the briefs due in this action), Plaintiff believes that the agreed-to January 17 deadline remains appropriate.

As to which Does to include in the first round of briefing, the Parties are in agreement that they should be Does 17, 53, 54, 55, 56, 73, 93, and 151.

Finally, the Parties have largely agreed to revisions to the Order and Protocol for Unsealing Decided Motions, with one minor disagreement. Attached as Exhibit A hereto is Plaintiff's proposed version, in redline to the current version. In addition to the changes reflected in Exhibit A, Maxwell suggests that paragraph 2.g. should include the following language: "Only those portions of an 'Omnibus brief' that addresses particular objecting Non-Parties will be shared with that objecting Non-Party; all references to other objecting Non-Parties referenced in the brief will be redacted prior to 'serving' the brief on the objecting Non-Party consistent with subparagraph (d) above." The addition of this language is unnecessary, however, as the Parties have consistently redacted from their briefs any identifying information that would allow the public (or another Doe) to identify who the other Does are. Moreover, Plaintiff disagrees with Maxwell to the extent this proposed language suggests that the Parties' briefs should only be "served" on each objecting Doe, as opposed to being filed on ECF with appropriate redactions in place. Paragraph 3.e. of the Protocol is clear that the briefing of these objections should occur on the public docket, using "pseudonymous identifiers as appropriate" and with "appropriate redactions, e.g., the Non-Party's identifying information" in place. ECF No. 1108 ¶ 3.e.

### Defendant's Position

First, with respect to timing, counsel for Ms. Maxwell proposed that any Omnibus brief be completed two weeks after the completion of the criminal trial. At the time counsel conferred, Judge Nathan had not yet announced her views as to the anticipated length of the trial. After counsel conferred, Judge Nathan publicly stated her intent to qualify a jury through January 15. Accordingly, counsel requests that the deadline be the end of January. Although unanticipated, if for some reason the criminal trial is delayed, counsel for Ms. Maxwell advised Plaintiff's counsel – and now the Court – that she would be amenable to moving that deadline forward.

Second, with respect to the additional language clarifying that the version of the Omnibus Briefs to be shared with each Doe will be redacted to eliminate the references to any other Doe, counsel believes it is important to include this language in the Protocol to alleviate any questions that the press or the Does have concerning how this Omnibus briefing will be handled. As the Court has seen, every change to the Protocol engenders concerns among the Non-Party Does and the press. Making clear to everyone that the Omnibus briefs will be redacted, and not shared on the public record without sufficient redactions to anonymize the Doe, will alleviate some of the inevitable follow-up pleadings that would otherwise occur.



The Honorable Loretta A. Preska
October 29, 2021
Page 3

Sincerely,

/s/ Sigrid S. McCawley
Sigrid S. McCawley

/s/ Laura Menninger
Laura Menninger

cc:  Counsel of Record  (via ECF)