UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Virginia L. Giuffre,<br><br>*Plaintiff*,<br><br>v.<br><br>Ghislaine Maxwell,<br><br>*Defendant*. | Case No.: 15-cv-07433-RWS |

### INTERVENORS' JULIE BROWN AND MIAMI HERALD MEDIA CO.'S RESPONSE TO NON-PARTIES' OBJECTIONS TO UNSEALING

Sanford L. Bohrer
Christine N. Walz
Cynthia A. Gierhart
HOLLAND & KNIGHT, LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*

Intervenors Julie Brown and Miami Herald Media Co. ("Miami Herald") respectfully submit this response to Non-Parties 17, 53, 54, 56, 73, 93, and 151's Objections to Unsealing ("the Objections"). Intervenors join in the arguments set forth in Ms. Giuffre's response (Dkt. 1237) and incorporate their prior arguments in support for unsealing (Dkts. 1214, 1155, 1067). [1]

## ARGUMENT

There is no basis in the record for this Court to continue to seal any of the documents concerning Does 17, 53, 54, 56, 73, 93, or 151, and these documents should be unsealed in their entirety.

The party requesting that documents remain sealed bears the heavy burden of demonstrating that there are compelling competing factors that outweigh the presumption of access that attaches to each of the judicial documents at issue here. *See Delta Air Lines, Inc. v. Bombardier, Inc.*, No. 1:20-CV-3025-GHW, 2020 WL 2614704, at *4 (S.D.N.Y. May 22, 2020); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621–22 (S.D.N.Y. 2011). Those factors and the harm of disclosure must be identified with specificity. *Lytle*, 810 F. Supp. 2d at 621–22.

As set forth below, the Does have failed to meet the burden to demonstrate that any of these documents should remain sealed.

### *Generalized Privacy Concerns Do Not Warrant Sealing*

This Court has already held that generalized concerns about embarrassment are insufficient to support sealing judicial documents. *See Giuffre v. Maxwell*, 20-cv-2413 (2d Cir. 2020), App. 838-39 (transcript of ruling) ("[w]ith respect to the argument that the material constitutes personal

---

[1] As with prior filings, counsel for Intervenors have seen only Ms. Giuffre's and Ms. Maxwell's responses and not the Doe objections or the underlying documents. This response is, therefore, limited to the public information.

information which might lead to annoyance or embarrassment if unsealed, Ms. Maxwell proffers little more than her [ipse] dixit; she provides no specifics as to these conclusions."); *Moussouris v. Microsoft Corp.*, No. 15-CV-1483 JLR, 2018 WL 2017296, at *2 (W.D. Wash. Apr. 26, 2018) (finding that non-parties' "desire not to be associated with this lawsuit" is not a sufficient privacy justification to warrant redacting their names).

Any privacy interests that the Does may have are substantially outweighed by the public interest in disclosure, which will shed light on the abuse of young girls and women—and the system that allowed the abuse to continue.

### *Claims of Inaccuracies Do Not Warrant Sealing*

Likewise, concerns about the accuracy or veracity of statements made in documents are irrelevant to the Court's analysis about whether documents should be unsealed. *See Burton v. Zwicker & Assocs.*, No. CV 10-227-WOB-JGW, 2012 WL 12925759, at *1 (E.D. Ky. Sept. 24, 2012) ("[D]efendant cites no authority—nor has the Court independently located any—which supports the sealing of documents based upon alleged evidentiary problems."); *Krause v. Rhodes*, 535 F. Supp. 338, 354 (N.D. Ohio 1979), aff'd, 671 F.2d 212 (6th Cir. 1982) ("It is not a ground for a protective order as suggested by deponents' counsel, that the depositions contain hearsay answers or answers whose relevancy or competency might be suspect. The test of the propriety of a discovery deposition question or answer is not admissibility at trial, nor is admissibility at trial the test for entry of the depositions into the public domain.").

The Does are free to make public statements to address their positions about any transcription errors or inaccuracies or to challenge the statements made in the documents themselves, but the public has a right of access to see what was filed in these Court documents.

*Confidentiality Agreements Cannot Override the Presumption of Access*

The fact that testimony may have been given under promises of confidentiality does not outweigh the presumption of public access to judicial documents. Parties to a case cannot – by agreement – override the public right of access to judicial documents.

For this reason, courts in this Circuit have routinely ordered unsealing of documents even though the parties in those cases had agreed to protective orders or confidentiality provisions. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (unsealing judicial document despite party's claim that it had settled claim to "avoid public disclosure at trial of the temporarily sealed documents"); *Bernsten v. O'Reilly,* 307 F. Supp. 3d 161 (S.D.N.Y. 2018) (unsealing documents submitted in support of motion to compel arbitration despite parties' agreement to file them under seal); *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014) (holding the fact that the agreement "contains a confidentiality clause is not binding here, given the public's right of access to 'judicial documents'").[2]  Courts do so, recognizing that "[t]he presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties…" *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 334 (S.D.N.Y. 2012).

---

[2] The case relied on by Maxwell is not to the contrary.  Instead, *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 297 (2d Cir. 1979), addresses only whether reliance on a valid protective order may be a considered as a countervailing interest to disclosure.  But here, the Second Circuit has already held that the protective order was not valid, as implemented.  *See Brown v. Maxwell*, 929 F.3d 41 (2d. Cir. 2019).  Therefore, *Martindell* is not applicable.  Further, in later cases, the Second Circuit limited *Martindell*'s ruling to cases involving documents that were not "judicial documents" subject to a presumption of access. *See United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995).

3

*Fearing Media Attention Is Not a Justification for Sealing*

It appears that multiple Does have objected to the disclosure of information in this case on the basis that they might experience unwanted media attention if their names are associated with Mr. Epstein or Ms. Maxwell.

As this Court is aware, and as was demonstrated at length at Ms. Maxwell's recent criminal trial, this case concerns the widespread abuse, sexual assault and trafficking of minors. It was only after and because of Intervenors' investigative reporting that Mr. Epstein and Ms. Maxwell were arrested and charged for their crimes.

Framing allegations of sexual abuse as "private" protects perpetrators at the expense of victims. The Miami Herald's coverage of Mr. Epstein's and his associates' alleged crimes has nothing to do with consensual sexual preferences and everything to do with the abuse of young girls, whether that crime was justly prosecuted or, instead, whether it was quietly dispensed with by the legal system to protect the reputations of well-connected adults. The public interest in these issues far outweighs any of the interests that the Does have asserted.

## CONCLUSION

For all of the foregoing reasons, Intervenors respectfully request that this Court unseal all of the materials at issue.

Dated: New York, New York
January 26, 2022

Respectfully submitted,

/s/ Christine N. Walz
Sanford L. Bohrer
Christine N. Walz
Cynthia A. Gierhart
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*

4