UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

       Plaintiff,                          Case No.: 15 Civ. 7433 (LAP)

v.

GHISLAINE MAXWELL,

       Defendant.
_____/

**PLAINTIFF'S REPLY BRIEF IN RESPONSE TO NON-PARTIES
17, 53, 54, 55, 56, 73, 93, AND 151'S OBJECTIONS TO UNSEALING**

Non-Parties 15, 53, 73, 93, and 151 did not submit reply briefs in response to Plaintiff's opening brief. Pursuant to the Court's November 15, 2021 Amended Order concerning the briefing schedule for the Non-Party Objectors, Plaintiff Virginia Giuffre files this Reply Brief in Response to Non-Parties 54, 55, and 56's Objections to unsealing docket entries containing references to them.

## PRELIMINARY STATEMENT

Only Non-Party Does 54, 55, and 56 have submitted reply submissions in response to Plaintiff's opening brief filed on January 12, 2022. Dkt. 1237. Moreover, Maxwell has declined this Court's invitation to submit her own opening brief, writing in a January 12, 2022 letter that "she does not wish to further address those objections" and that the Does can speak for themselves. Dkt. 1238. Accordingly, Plaintiff submits this reply brief to address the points raised in Does 54, 55, and 56's reply submissions, which mirror their principal objections. As neither Does 54, 55, or 56 have rebutted the presumption of public access to judicial documents, the Court should reject their objections alongside Does 17, 73, 93, and 151.[1]

## ARGUMENT

**I. Doe 54's Objection is Limited to a Single Document.**

Doe 54 does not object to unsealing material referencing them, aside from a single question in Docket Entry 450-1 that they assert was a transcription error. Plaintiff's initial brief is clear that she does not dispute that there may have been a transcription error. The public record is clear that

---

[1] Doe 53 did not object to unsealing. Given that no party is resisting unsealing materials related to them, the relevant materials should be unsealed. *See Brown v. Maxwell*, 929 F.3d 41, 47 n.13 (2d Cir. 2019) (noting that it is the "privacy interest of those who resist disclose" that serve as a countervailing interest) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (emphasis added)).

1

Doe 54 believes there is an error and that Plaintiff does not dispute that assertion. Plaintiff merely contends that any redactions be narrowly tailored to address the countervailing interests Doe 54 raised.

## II. Does 55 and 56 Have Not Rebutted the Presumption in Favor of Public Access.

Does 55 and 56 are mentioned in Docket Entries 204-2, 212-2, 258-1, and 340-9: four excerpts of the same deposition transcript.[2] Does 55 and 56's reply submissions generally repeat the same points and principles they raised in their initial objections: namely, that a) the motives of the deponent who mentioned them is somehow questionable and their testimony is false, and b) that the particularities of Does 55 and 56 are such that there is a greater need to seal material related to them under *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), and its progeny. Both points are incorrect.

First, in their principal objection, Does 55 and 56 took the position that the Court does not need to determine the veracity of the deposition testimony as part of this unsealing analysis. Does 55 & 56 November 5, 2020 Objs. 1 n.2. Both Does appear to have abandoned that argument in their reply submissions, citing to the *Amodeo* court's note that "The court should consider the reliability of the information. Raw, unverified information should not be as readily disclosed as matters that are verified." 71 F.3d at 1051; Does 55 & 56 February 2, 2022 Objs. 4 (the "Reply Objs."). Thus, according to Does 55 and 56, the Court should factor in the motives of the deponent in the unsealing analysis, as the content of the deposition has not been verified. That is incorrect, and the Court should decline Does 55 and 56's invitation to extend *Amodeo* in this way.

Does 55 and 56 are not the arbiters of the deponent's reliability and their reasons for testifying. Both are free to comment on the deposition as they see fit, but their labeling the

---

[2] Doe 56 is also indirectly mentioned in Docket Entry 339, which is a quote from the same deposition that mentions them.

deposition testimony as unreliable in this forum does not make it so. By their own admission, neither the Does nor any representative of them attended the deposition to cross the deponent, and their understanding of the deposition appears to stem from the "limited portions of filings that contain" mention of them. Does 55 & 56 Reply Objs. 2. Does 55 and 56 are questioning the reliability of the deponent based on a limited view of the deposition, and although they could not cross the deponent, nothing is stopping them from responding to any unsealed testimony in the public forum.

Does 55 and 56's reliance on *Amodeo* and the Second Circuit's note about unverified information is misplaced. The *Amodeo* court drew a two-part distinction between unsealing different parts of the report at issue in that case. 71 F.3d at 1052. On one hand, the first part of the report included "accusations [that were] all unsworn, and some or all may be of doubtful veracity, possibly stemming in part from apparent personality conflicts." *Id.* The second part, on the other hand, contained "little unverifiable hearsay and no material that might be described as scandalous, unfounded, or speculative." *Id.* In reversing the district court's unsealing of the first part of the report, the *Amodeo* court specifically called attention to the fact that the material was unsworn. *Id.*

Here, by contrast, the deponent gave sworn testimony in a deposition in this matter. Rather than consisting of untested information, the material at issue is the opposite of what *Amodeo* cautioned: it is sworn testimony given in a judicial proceeding, and it is testimony about the deponent's own personal knowledge and observations, not hearsay. If this material is not considered verified and reliable, then it is difficult to imagine what material would be considered such.

Next, in addition to questioning the motives and reliability of the deponent whose testimony references them, Does 55 and 56 argue that the testimony affects their privacy interests such that it should remained sealed. The deponent testified as to their observations of Does 55 and 56 when ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ███ Relying on *Amodeo*, again, Does 55 and 56 argue that sealing is required in this instance because, as innocent third parties who were minors during the time period the deponent testified to, their privacy interests are such that the material at issue should remained sealed in its entirety. Does 55 & 56 Reply Objs. 3 (citing *Amodeo*, 71 F.3d at 1051).

Taken to its logical conclusion, Does 55 and 56's argument suggests that anytime there is material about minors at issue, it should presumptively remain sealed. That is not the law. Rather, the "Court's mandate is to undertake a particularized review of each document and to: (1) evaluate the weight of the presumption of public access to the materials; (2) identify and evaluate the weight of any countervailing interests; and (3) determine whether the countervailing interests rebut the presumption." Jan. 19, 2021, Hr'g Tr. 2:22-3:3. The fact that a judicial document contains a reference to a minor does not invert the presumption of public access such that the analysis becomes a presumption against access absent a compelling reason. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). In this case, the Second Circuit unsealed the summary judgment record with limited redactions of "the names of alleged minor victims of sexual abuse," not *any* reference to a minor. *Brown*, 929 F.3d at 48 n.22. Like in *Brown*, in one of the cases the Does cite on this point, the court sealed information about minors because they were

alleged victims of sexual abuse, not merely because they were minors.[3] *Hilbert S. v. Cty. of Tioga*, No. 3:03-CV-193, 2005 WL 1460316, at *15 (N.D.N.Y. June 21, 2005) ("However, the papers filed in the action, including the depositions of the infant plaintiffs, reveal intimate details about the sexual and physical abuse these children have been subjected to during their lives."). Does 55 and 56 have not raised any such countervailing interest here.

Even assuming that the mere fact that Does 55 and 56 were minors at the time of the events described in the deposition is a countervailing factor, that countervailing factor is weighed against the presumption of public access and the public's interest in the allegations at issue. *See Amodeo*, 71 F.3d at 1048 ("The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."). Although the Does cite to *Amodeo* to support their assertion that materials concerning children are "a paradigmatic example" of material considered private, Does 55 & 56 Reply Objs. 3, their citation is incomplete. The *Amodeo* court reasoned that:

> In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. *Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public*.

71 F.3d at 1051 (emphasis added).

---

[3] Does 55 and 56's citation to *Alicia B. Through Cynthia B. v. Malloy*, 3:16-cv-00065 (SRU), 2016 WL 9782480 (D. Conn. Dec. 20, 2016) and *United States v. Litvak*, No. 3:13-cr-19 (CH), 2015 WL 328876 (D. Conn. Jan. 23, 2015), is misplaced given the instant circumstances. Does 55 & 56 Reply Objs. 3 n.7. The redaction of minor names in a settlement agreement filed under seal (*Malloy*) and in a sentencing memorandum (*Litvak*) does not account for the profound public interest in the subject matter of deposition testimony in this action.

There are few other instances where the public's interest could be greater than in the sex trafficking of young girls. *See* July 23, 2020, Hr'g Tr. 4:10-16 ("In the context of this case, especially its allegations of sex trafficking of young girls, the Court finds that any minor embarrassment or annoyance resulting from disclosure of Ms. Maxwell's mostly nontestimony about behavior that has been widely reported in the press is far outweighed by the presumption of access."). This is compounded by the fact that Maxwell was recently convicted of sex trafficking of a minor, among other crimes.

Does 55 and 56 fail to weigh their asserted countervailing factors against the presumption of public access; they claim that Plaintiff has not shown that unsealing serves the public interest. Does 55 & 56 Reply Objs. 2-3. It is the Does' burden to identify concrete, countervailing interests that outweigh the presumption of public access. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621, 628–30 (S.D.N.Y. 2011). Plaintiff need not "offer" any public interest, as Does 55 and 56 state, because the public's interest in access to judicial documents is *presumed*. *Lugosch*, 435 F.3d at 119 ("Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption."). Having failed to meet their burden, the Court should reject the objection of Does 55 and 56.

Finally, as Plaintiff noted in her initial submission, if the Court determines that it should keep any information under seal, it should do so by only redacting these Does' names. Dkt. 1237 at 10. Does 55 and 56 reject that approach; instead, they argue that the sealing of their names would be insufficient to anonymize them. Does 55 & 56 Reply Objs. 5. That position, however, fails to account for the need for any redactions to be narrowly tailored, and "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary." *United States*

6

*v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008); *see also United States v. Maxwell*, 20-CR-330 (AJN), ECF No. 596 at 3 (S.D.N.Y. Feb. 11, 2022) ("Wholesale sealing of the motion papers, even on a temporary basis, is not narrowly tailored to serve the interest in ensuring the integrity of any potential inquiry.").[4]  Even in one of the cases that Does 55 and 56 cite, the Court permitted redactions of only the names and personally identifiable information of minors, not wholesale sealing of judicial documents mentioning minors.  *See United States v. Johnson*, No. 16-CR-457-1 (NGG), 2018 WL 1611371, at *3 (E.D.N.Y. Apr. 3, 2018) (permitting redaction of "references to the children (including names and any other personally identifiable information)" in sentencing materials).

Instead, Does 55 and 56 present wholesale sealing as the only option available to this Court, as, according to the Does, they could still be identified by surrounding context even if their names are sealed.  The Court has already heard and addressed the argument from John Doe that the parties should redact more than just the names and identifying information about non-parties in unsealed materials, and has determined that the parties' redactions of only names and personally identifying information has been appropriate.  *See* ECF Nos. 1226 at 2; 1230 at 2 n.5.  The Court and the parties cannot prevent the public from speculating as to what material is redacted based on context clues, but that should not impact the sealing inquiry, which presumes public access.  Accordingly, any redactions should be narrowly tailored and sealing the deposition excerpts in their entirety is inappropriate.

---

[4] Does 55 and 56 note that even if their names were redacted, they would still be identifiable based on publicly available information. Does 55 & 56 Reply Objs. 5.  That point cuts against sealing, as "whether the information sought to be kept confidential is already public" is an "important consideration." *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020).

## **CONCLUSION**

For the foregoing reasons, the Court should reject Does 54, 55, and 56's objections.

Dated:  February 16, 2022                    Respectfully Submitted,

/s/ Sigrid S. McCawley

Sigrid S. McCawley
(Pro Hac Vice)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

*Counsel for Plaintiff Virginia Giuffre*