## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

                Plaintiff,                        Case No.: 15 Civ. 7433 (LAP)

v.

GHISLAINE MAXWELL,

                Defendant.
_____/



## PLAINTIFF'S BRIEF IN RESPONSE TO NON-PARTIES
## 12, 28, 97, 107, 144, 147, 171 AND 183'S OBJECTIONS TO UNSEALING

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ........................................................................................................2

    I.    Legal Standard ....................................................................................2

    II.    Doe 28's Objection Should Be Rejected, Except as to Documents Describing Sexual Abuse. ........................................................................4

    III.    Doe 97's Objection Is Insufficient. ......................................................5

    IV.    Doe 107's Objection Should Be Overruled. ..........................................5

    V.    Doe 144's Objection Should Be Overruled. ..........................................7

    VI.    Doe 171's Objection Should Be Overruled. ........................................11

    VII.    Doe 183's Objection Should Be Overruled. ........................................12

        A.    Doe 183's Arguments Regarding Judicial Documents ..........................12

        B.    Doe 183's Purported Countervailing Interests ..........................15

    VIII.    Plaintiff Takes No Position with Respect to Does 12 and 147's Objections. .......20

CONCLUSION ..................................................................................................20

# **TABLE OF AUTHORITIES**

**Cases**

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP*,
  814 F.3d. 132 (2d Cir. 2016) ...................................................................................................4

*Bernstein v. O'Reilly*,
  307 F. Supp. 3d 161 (S.D.N.Y. 2018) ..............................................................................6, 12

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019) ......................................................................................2, 3, 8, 13

*DiRussa v. Dean Witter Reynolds Inc.*,
  121 F.3d 818 (2d Cir. 1997) .....................................................................................................2

*Hustler Magazine, Inc. v. Falwell*,
  485 U.S. 46 (1988) .................................................................................................................10

*In re Omnicom Grp., Inc. Sec. Litig.*,
  No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311 (S.D.N.Y. Oct. 23, 2006) .......................18

*In re Parmalat Sec. Litig.*,
  258 F.R.D. 236 (S.D.N.Y. 2009) .....................................................................................passim

*Kelly v. The City of New York*,
  No. 01 Civ. 8906 (AGSDF), 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003)............................10

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) .............................................................................................2, 14

*Lytle v. JPMorgan Chase*,
  810 F. Supp. 2d 616 (S.D.N.Y. 2011) .................................................................3, 6, 17, 20

*Prescient Acquisition Grp., Inc. v. MJ Public Trust*,
  487 F. Supp. 2d 374 (S.D.N.Y. 2007)....................................................................................16

*Rotger v. Montefiore Med. Ctr.*,
  No. 1:15-CV-7783-GHW, 2018 WL 11214575 (S.D.N.Y. Mar. 30, 2018)............................3

*United States v. Amodeo*,
  44 F.3d 141 (2d Cir. 1995) ......................................................................................................2

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995) ..........................................................................................passim

*United States v. Aref*,
  533 F.3d 72 (2d Cir. 2008) ................................................................................4

*United States v. Avenatti*,
  No. (S1) 19 CR. 373 (PGG), 2020 WL 70952 (S.D.N.Y. Jan. 6, 2020) ........................passim

*United States v. Gatto*,
  17-cr-686 (LAK), 2019 WL 4194569 (S.D.N.Y. Sept. 3, 2019) ........................................9, 10

*United States v. Massino*,
  356 F. Supp. 2d 227 (E.D.N.Y. 2005) ................................................................................14

*United States v. Maxwell*,
  No. 20-CR-330 (AJN), 2021 WL 5967913 (S.D.N.Y. Dec. 15, 2021) ....................................2

iii

Pursuant to the Court's November 15, 2021, Amended Order concerning the briefing schedule for the Non-Party Objectors, Plaintiff Virginia Giuffre files this Brief in Response to Non-Parties 12, 28, 97, 107, 144, 147, 171, and 183's Objections to unsealing docket entries containing references to them.  Attached as Exhibit A hereto is a chart of Plaintiff's position as to each document.

## PRELIMINARY STATEMENT

Like the majority of the Does who objected to unsealing materials referencing them, the objections of Does 12, 28, 97, 107, 144, 147, 171, and 183 essentially mirror objections to unsealing that this Court has already rejected: that unsealing certain documents might be embarrassing, would expose non-parties to media attention, and could result in some unfortunate association between the non-parties and Jeffrey Epstein or Ghislaine Maxwell.  But as the Court has previously recognized, such generalized concerns about annoyance or embarrassment are insufficient to overcome the presumption of public access to judicial documents in a case of great public interest like this one.[1]  This is especially so when many of the facts underlying this case, and much of the information that non-parties seek to keep sealed, have already been presented to a jury at a public criminal trial where only minor victims were permitted to testify under a pseudonym.  *See United States v. Maxwell*, No. 20-CR-330 (AJN), 2021 WL 5967913, at *2

---

[1]      July 23, 2020, Hr'g Tr. at 4:3-7 ("With respect to the argument that the material constitutes personal information which might lead to annoyance or embarrassment if unsealed, Ms. Maxwell proffers little more than her ipsi dixit; she provides no specifics as to these conclusions."); *id.* at 4:10-16 ("In the context of this case, especially its allegations of sex trafficking of young girls, the Court finds that any minor embarrassment or annoyance resulting from disclosure of Ms. Maxwell's mostly nontestimony about behavior that has been widely reported in the press is far outweighed by the presumption of access.").

(S.D.N.Y. Dec. 15, 2021) (rejecting concerns about media attention as basis to testify under pseudonym because "these generalized concerns are present in every high-profile criminal case").

Accordingly, the Court should overrule the objections of Does 12, 28, 97, 107, 144, 147, 171, and 183, and unseal the judicial documents pertaining to them, with only limited exceptions.

## ARGUMENT

### I.    Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Indeed, as has been reiterated throughout this unsealing process, there is a presumption of public access to judicial documents. *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). Judicial documents are those documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "Materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—*but still substantial*—presumption of public access." *Id.* at 53 (emphasis added); *see also* July 23, 2020, Hr'g Tr. at 2:23-3:2 ("The documents at issue here relate to discovery motions previously decided by Judge Sweet, and so the Court concludes that they are judicial documents to which the presumption of public access attaches.").

To justify the sealing of judicial documents, courts must "review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown*, 929 F.3d at 48 (quoting *Lugosch*, 435 F.3d at 124). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Accordingly, the Non-Party objectors bear the burden of identifying with specificity

countervailing interests that outweigh the presumption of public access. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621, 628–30 (S.D.N.Y. 2011).[2]

"[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009); *see also* Jan. 16, 2020, Hr'g Tr. at 7:9–12, 21–23 ("[W]hat we are looking for from you is a specific explanation of why the document should remain sealed or the redactions should continue specific to that document. I think that's what the Court of Appeals told us we have to do."). Whether a protective order is in place does not negate the public's right to access the documents. *See Rotger v. Montefiore Med. Ctr.*, No. 1:15-CV-7783-GHW, 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018) ("[A] 'Confidential' designation made pursuant to a protective order does not by itself overcome the presumption of public access once the document containing the designation becomes a judicial document.").

Finally, whether the document in question is already public counsels against continued sealing. *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) ("In considering whether sealing is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public."); *Lytle*, 810 F. Supp. 2d at 626 ("While the conduct at issue may be potentially embarrassing to these employees . . . their names are already in the public record, and have been for several years."). "It's not the job of the Court to police press coverage and alert the public when reporting on unsealed materials

---

[2]     Following *Brown*, minimal redactions have been applied to (1) "personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers"; (2) "the names of alleged minor victims of sexual abuse"; and (3) "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Brown*, 929 F.3d at 48 n.22.

as yesterday's news when the unsealed material is already public." July 1, 2021, Hr'g Tr. at 7:5-8; *see id.* 6:6-11.

## II.     Doe 28's Objection Should Be Rejected, Except as to Documents Describing Sexual Abuse.

Doe 28 is mentioned in 25 documents.[3]  The totality of Doe 28's objection is that unsealing of the materials at issue "would be detrimental to [Doe 28's] wellbeing as [they were] a sexual abuse victim of Jeffrey Epstein, who is deceased and a non-party but associated with the Defendant in this case." Doe 28 Obj. at 2.  Doe 28's objection claims that unsealing would be detrimental to their wellbeing.  Plaintiff does not object to keeping Doe 28's name sealed in excerpts that discuss Doe 28 being sexually abused.[4]  Such excerpts should redact Doe 28's name, but should not be sealed in their entirety.  *See United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) ("Although we affirm the district court in this case, we reinforce the requirement that district courts avoid sealing judicial documents in their entirety unless necessary.").

But as to the various excerpts that make no mention of sexual abuse, or any other private matter, "[b]road and general findings and conclusory assertions are insufficient to justify deprivation of public access to the record." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d. 132, 144-45 (2d Cir. 2016); *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244. Accordingly, the objection should be overruled as to those excerpts, as noted in Exhibit A.

---

[3]     DEs 172,173-5, 173-6, 203, 211, 224, 249, 249-4, 280-1, 321-1, 321-5, 321-6, 338, 339, 340-3, 353, 338-3, 338-6, 338-7, 363-7, 369-1, 369-5, 423-4, 450-1, and 482-1.

[4]     DEs 172, 173-5, 338, 338-7, 369-5, and 450-1.

### III.   Doe 97's Objection Is Insufficient.

Doe 97 is mentioned in nine documents.[5]  They are either excerpts of deposition transcripts, Rule 26 disclosures, or letters regarding search terms and productions.  Doe 97's objection is that (1) they have never met anyone referenced in the excerpts, (2) they have never met Plaintiff, and (3) their name is very common.  Implicit in their objection is that they may not be the same person that was being discussed in the excerpts.  Be that as it may, the Second Circuit has already unsealed material referencing Doe 97's name, and, as that is already public, there is no justification for continued sealing.  *See Avenatti*, 2020 WL 70952.  Moreover, with respect to Doe 97's remark that they have a relatively common name, that would weigh against continued, wholesale sealing as any specific harm resulting from unsealing would be minimal.  Accordingly, the objection should be overruled.

### IV.   Doe 107's Objection Should Be Overruled.

Doe 107 is mentioned in seven documents.[6]  The documents are a mix of deposition excerpts, Rule 26 disclosures, and letters concerning search terms and productions.  Doe 107's objection is premised on not wanting to be associated with Jeffrey Epstein and Ghislaine Maxwell, as well as a fear that unsealing would unduly invade their privacy.  Like other Does, Doe 107 writes that disclosure of this information will cause them severe anxiety and distress.  Doe 107 does not cite any legal authority suggesting that these concerns outweigh the presumption of public access.

As has been discussed at length in this proceeding, "[g]eneralized concerns of adverse publicity do not outweigh the presumption of public access." *Bernstein v. O'Reilly*, 307 F. Supp.

---

[5]      DEs 185-11, 235-4, 249-13, 280-1, 321-1, 321-5, 363-7, 423-4, and 450-1.

[6]      DEs 235-4, 235-12, 249-13, 280-1, 321-5, 363-7, and 423-4.

3d 161, 169 (S.D.N.Y. 2018) (internal quotation marks, alterations, and omitted);  *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244 ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").   Simply put, Doe 107's aversion to being associated with Epstein and Maxwell, and the effects on Doe 107's reputation, is not a reason to maintain sealing, and does not rebut the presumption of public access.

Nor are mere allegations of Doe 107's role in any wrongdoing enough to outweigh the presumption of public access—if that were the case, then the Court could not have unsealed the voluminous deposition testimony and briefing accusing Ghislaine Maxwell of wrongdoing. In any event, the excerpts mentioning Doe 107 do not accuse them of any wrongdoing at all.  The Rule 26 disclosures only state that Doe 107 may have knowledge of the sex-trafficking scheme at issue in this case, not that Doe 107 trafficked anyone.  And the vast majority of the excerpts are entirely mundane, containing no sensitive information.

Doe 107 writes that their association with Epstein and Maxwell may lead to them becoming targets of violence or death where they currently reside.  Doe 107 Obj. at 2.  Doe 107 also notes that they have already received "hate mail" from someone that has seen their name associated with Epstein and Maxwell.  *Id.*  Without downplaying Doe 107's concerns, Doe 107's failure to provide any specific support for this assertion is fatal to their objection.  Notably, Doe 107's objection does not provide any indication of where they are living, and, as they note, their name has already been associated with this action.[7]   As their name is already in the public domain, Doe 107's objection should be overruled.  *See Lytle*, 810 F. Supp. 2d at 626.   Finally, Doe 107 writes that the "disclosure of the information in these documents would serve no legitimate public purpose but

---

[7]     DE 249-13 contains an address associated with Doe 107.  Plaintiff does not oppose redacting the address.

rather would only lead to speculative and potentially false conclusions regarding" Doe 107.  Doe 107 Obj. at 2.  That conclusory remark does not negate the strong public interest in this action, and it is not Plaintiff's burden to identify why disclosure would serve the public interest—it is presumed under the presumption of public access.  *See* July 23, 2020, Hr'g Tr. at 4:10-16 ("In the context of this case, especially its allegations of sex trafficking of young girls, the Court finds that any minor embarrassment or annoyance resulting from disclosure of Ms. Maxwell's mostly nontestimony about behavior that has been widely reported in the press is far outweighed by the presumption of access.").  Accordingly, the excerpts mentioning Doe 107 should be unsealed.

## V.   Doe 144's Objection Should Be Overruled.

Doe 144 is mentioned in 18 documents.[8]  The documents are a mix of deposition excerpts, Rule 26 disclosures, correspondence concerning search terms and productions, and a declaration. Doe 144's objection is premised on three arguments: (1) the public value of the documents is limited, as they did not play a role in any merits decision in this action; (2) the public value of these documents are limited because they are untrue; and (3) Doe 144's privacy interests outweighs any public value in unsealing.  Doe 144 Obj. at 2, 6.  These arguments fail, and Doe 144's objection should be overruled.

*First*, Doe argues that "there is little or no judicial and, by extension, public value to the Excerpts because they played no role in the merits or disposition of this lawsuit; rather, they were contained in exhibits attached to ancillary discovery pleadings."  Doe 144 Obj. at 2.  That rationale is contrary to the *Brown* court's holding that "[m]aterials submitted in connection with, and

---

[8]     DEs 173-5, 173-6, 185-11, 232-7, 235-4, 247-2, 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 369-1, 423-4, 435, 510-3, 514-3, and 701-1

relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—*but still substantial*—presumption of public access." 929 F.3d at 53 (emphasis added).

Contrary to Doe's suggestion, that the materials here were filed in connection with discovery submissions does not negate the presumption of public access. Rather, it is "[d]ocuments that are never filed with the court, but simply 'passed between the parties in discovery [that] lie entirely beyond the presumption's reach.'" *Id.* at 50 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Here, the materials at issue were filed on the docket in connection with discovery disputes, are judicial documents, and are afforded a presumption of public access that, although somewhat lesser than that afforded to dispositive motions, is still substantial. *See id.* at 53.

*Next*, Doe 144 claims that there is little to no public value in the documents, as they are untrue, unreliable, and, according to Doe, defamatory. Doe 144 Obj. at 8, App. A.[9] In support of that claim, Doe details how they claim the content of select excerpts are incorrect. *Id.* at 3. As was explained in Plaintiff's previous submission filed on January 12, 2022, opposing the first tranche of non-party objections, the Court is not charged with making a decision on the credibility of deponents or of certain materials. DE 1237 at 9. Rather, the "Court's mandate is to undertake a particularized review of each document and to: (1) evaluate the weight of the presumption of public access to the materials; (2) identify and evaluate the weight of any countervailing interests; and (3) determine whether the countervailing interests rebut the presumption." Jan. 19, 2021, Hr'g Tr. at 2:22-3:3.

---

[9]   With respect to Doe 144's mention of DE 701-1, Plaintiff does not take a position on this document, as explained below.

Like other Does, Doe 144 quotes the *Amodeo* court's note that "[t]he court should consider the reliability of the information.  Raw, unverified information should not be as readily disclosed as matters that are verified."  71 F.3d at 1051; Doe 144 Obj. at 8.  Doe 144 does so in support of their argument that an allegation's veracity somehow factors into unsealing.  Doe 144 Obj. at 8.  As Plaintiff has explained in her February 16, 2022 reply submission, such reliance on *Amodeo* is misplaced.  DE 1242 at 3.  The *Amodeo* court drew a two-part distinction between unsealing different parts of the report at issue in that case.  71 F.3d at 1052.  On one hand, the first part of the report included "accusations [that were] all unsworn, and some or all may be of doubtful veracity, possibly stemming in part from apparent personality conflicts."  *Id.*  The second part, on the other hand, contained "little unverifiable hearsay and no material that might be described as scandalous, unfounded, or speculative."  *Id.*  In reversing the district court's unsealing of the first part of the report, the *Amodeo* court specifically called attention to the fact that the material was unsworn.  *Id.*

Here, much of the material at issue is sworn deposition testimony.  It is thus the opposite of what the *Amodeo* court cautioned: it is sworn testimony given in a judicial proceeding.  The testimony relates to the deponents' knowledge and observations, and is not "little unverifiable hearsay and no material that might be described as scandalous, unfounded, or speculative." *Id.*

Doe 144's other cited case law in support of their assertion that there "is little to no value to the pubic in receiving untrue or unreliable information" is inapposite. Doe 144 Obj. at 8.  The facts of *United States v. Gatto* are distinguishable.  17-cr-686 (LAK), 2019 WL 4194569 (S.D.N.Y. Sept. 3, 2019).  There, the proposed intervenors sought "materials (1) offered into evidence but excluded by the Court at trial, (2) used to refresh a witness's recollection, or (3) discussed on the record but never moved into evidence."  *Id.* at *2.  "None of the documents were admitted into

9

evidence at trial" and the court found that some were not judicial documents at all.  *Id.* at *2, 4.  In declining to unseal, the court noted that "the third-parties referenced in these documents could be harmed by disclosure of the additional information not already reported in the media" and that the "documents consists of hearsay, speculation, and rumor."  *Id.* at *8.  Here, by contrast, much of the information is sworn deposition testimony from a first-hand witness.  The other materials either draw from that deposition testimony or list Doe 144's name as a search term without including any allegations about them.  Moreover, Doe 144's name is already in the public domain with respect to this case.  Doe 144 Obj. at 4-5.

*Kelly v. The City of New York* is also inapposite.  No. 01 Civ. 8906 (AGSDF), 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003).  There, the court recognized that a non-party's privacy interest should be protected "if this can be done in a manner consistent with the public's reasonable interest in access to evidence relating to Plaintiffs' equal protection claim."  *Id.* at *4.  As has been described at length throughout the unsealing process, the public's interest in this case, one involving the sex trafficking of minors, is strong, and not analogous to the equal protection claim in *Kelly*. *See* July 23, 2020, Hr'g Tr. at 4:10-16.[10]

*Finally*, Doe 144 claims that unsealing would unduly harm their privacy and reputational interests, and that outweighs what, according to Doe 144, is a minimal public interest in the material. Doe 144 Obj. at 6, 8.  This claim, however, is undercut by the fact that Doe has already been subject to media attention.  *See* July 1, 2021 Hr'g Tr. at 7:5–8 ("It's not the job of the Court to police press coverage and alert the public when reporting on unsealed materials as yesterday's news when the unsealed material is already public.").  That Doe 144 has already been subject to

---

[10]     Doe 144's citation to the Supreme Court's decision in *Hustler Magazine, Inc. v. Falwell*, is unavailing given that that case was about "whether a public figure may recover damages for emotional harm caused" by a parody of him in a publication.  485 U.S. 46, 50 (1988).

media attention counts against sealing, as an "important consideration" of "whether the information sought to be kept confidential is already public." *Avenatti*, 2020 WL 70952, at *6. Doe 144's objection highlights how much their name is already in the public domain due to prior rounds of unsealing, which lessens the reputational impact of further unsealing.  Doe 144 Obj. at 4, 5.  Further, Doe 144 has not at all explained why they are unable to respond public to the allegations against them that they contend are false.  *See Amodeo*, 71 F.3d at 1051 ("Similarly, a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein.").  Accordingly, Doe 144's objection should be overruled.

## VI.    Doe 171's Objection Should Be Overruled.

Doe 171[11] is mentioned in 30 documents.[12]  Doe 171's single paragraph objection is premised on an aversion to any media attention, which stems from, according to Doe 171, "multiple intrusive and upsetting articles" mentioning them.  Doe 171 Obj. at 2.  Doe 171's failure to provide any other argument for sealing is fatal to the objection.  *See, e.g.*, July 23, 2020, Hr'g Tr. at 4:3-7 ("With respect to the argument that the material constitutes personal information which might lead to annoyance or embarrassment if unsealed, Ms. Maxwell proffers little more than her ipsi dixit; she provides no specifics as to these conclusions.").  As has been the case with nearly every other Doe, "[g]eneralized concerns of adverse publicity do not outweigh the presumption of

---

[11]    Plaintiff used the incorrect Doe number in her February 16, 2022 letter to the Court advising on the non-parties to be addressed in the second round of objection briefing.  DE 1243. Although Plaintiff referred to this Doe as "Doe 169," they are Doe 171.  Plaintiff's counsel sent Doe 171's counsel an email to inform them of this mistake, and they are aware that Plaintiff is responding to their objections in this brief.

[12]    DEs 144-6, 150-1, 153-1, 172, 173-5, 173-6, 185-3, 185-15, 203, 211, 224, 228, 235-4, 235-13, 249-4, 249-13, 272-5, 280-1, 320, 321-1, 321-6, 339, 340-3, 363-7, 369-1, 369-5, 407-4, 407-9, 423-4, and 450-1.

public access." *Bernstein*, 307 F. Supp. 3d at 169 (internal quotation marks, alterations, and omitted); *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244. Moreover, Doe 171 acknowledges that their name is already in the public domain. Doe 171 Obj. at 1-2. That recognition counsels in favor of unsealing, as an "important consideration" of "whether the information sought to be kept confidential is already public." *Avenatti*, 2020 WL 70952, at *6. The Court should overrule Doe 171's objections.

## VII.    Doe 183's Objection Should Be Overruled.[13]

Doe 183 is mentioned in 21 documents.[14] Doe 183 objects to the release of several categories of documents: (1) documents in which their name is listed as a proposed search term; (2) deposition excerpts; (3) Rule 26 disclosures; and (4) an interview of Plaintiff. Putting aside the fact that Doe 183 filed a 20-page objection in addition to an 8-page memorandum of law in violation of the Protocol, Doe 183's objections should be overruled because they are meritless. ECF No. 1108 ¶ 2(g) ("Any memorandum in support of a Non-Party or Party Objection to unsealing a set of Sealed Items shall be, in total, no longer than 15 double-spaced pages in 12 point, Times New Roman font.").

### A.    Doe 183's Arguments Regarding Judicial Documents

Doe 183 first attempts to argue that the above categories of documents are not actually judicial documents, or are entitled to only a minimal presumption of public access. Doe 183 argues that it is unlikely that the Court considered the portions of the documents that mention them in

---

[13]    Plaintiff used the incorrect Doe number in her February 16, 2022 letter to the Court advising on the non-parties to be addressed in the second round of objection briefing. DE 1243. Although Plaintiff referred to this Doe as "Doe 181," they are Doe 183. Plaintiff's counsel sent Doe 183's counsel an email to inform them of this mistake, and they are aware that Plaintiff is responding to their objections in this brief.

[14]    DEs 150-1, 173-5, 173-6, 185-15, 249-13, 280-1, 315, 316-7, 321-1, 321-5, 321-6, 339, 340-3, 340-4, 363-7, 368, 369-1, 369-10, 407-10, 423-4, 515.

resolving the motion at issue, and thus that those portions of the documents played no role in the Article III function. Doe 183 Obj. at 4–5, 10. They base this speculation on the fact that the specific portions of documents mentioning their name are not referenced in the Parties' briefs or the Court's opinions.

Although Doe 183's memorandum of law cites *Brown v. Maxwell*, it omits the Second Circuit's central holding on this point: whether or not the Court relied on a document does not dictate whether it is a judicial document entitled to a presumption of public access. *Brown*, 929 F.3d at 50 ("the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon"). Here, the Court has already ruled that the documents at issue are judicial documents entitled to a presumption of public access because they were attached to motions ruled on by Judge Sweet. ECF No. 1016; July 1, 2021 Hr'g Tr. at 4:20– 24 ("Having undertaken a particularized review of each of these motions and their associated submissions, the Court concludes that each document at least reasonably had the tendency to influence the Court's ruling on the motions at issue and is thus a judicial document."). Doe 183 cites no case law that the Court must *also* resolve "the issue of whether a particular Excerpt served any actual role in the resolution of the motion or somehow affected some other judicial function," Doe 183 MOL at 3, and binding Second Circuit precedent in this very case holds otherwise. Thus, the Court should ignore Doe 183's speculation about whether or not Judge Sweet considered certain pieces of certain exhibits in ruling on motions.

Doe 183 also suggests that the Court should determine whether *the portions* of documents that mention Doe 183 are judicial documents, rather than determining whether each document as a whole is a judicial document. This finds no support in the law—the exhibits to the discovery motions at issue are either judicial documents or they are not. This Court has held that they are,

with only one exception.  *See* July 1, 2021 Tr. at 3.  The only support Doe 183 cites is *Amodeo*, in which they contend the Court "evaluated separately the discrete portions of the subject report." Doe 183 MOL at 2.  But this is incorrect—the court in *Amodeo* did not evaluate separate portions of the report at issue in determining whether it was a judicial document.  Instead, the court found that the entire report was a judicial document, but in weighing the applicable countervailing interests found that one portion of the report should be redacted.  *Amodeo*, 71 F.3d at 1051–52.[15]

Finally, Doe 183 contends that the Court should consider how the information to be unsealed will be used, and whether it will "facilitate the public's supervision of the judicial process given the attenuated connection, if that, between the Excerpts and any exercise of judicial power." Doe 183 MOL at 6–7.  Maxwell too raised this argument, and it must fail again.  ECF No. 1208 at 2–4.  This argument is based on the proposition that public access to the courts is only warranted if the access is ultimately used specifically to monitor the federal courts.  But this characterization of the presumption of public access downplays our justice system's long history of maintaining public access to court proceedings.  There is a *presumption* in favor of public access and those seeking to limit that public access face a heavy burden and sealing must be supported by specific findings.  *See, e.g.*, *Lugosch*, 435 F.3d at 126.  Doe 183's argument that the public must somehow earn its right to access turns the presumption on its head.  And the public not only has an interest in monitoring the courts, but it also has an interest in reviewing the actions of the public agencies who utterly failed to protect and bring justice to Jeffrey Epstein and Ghislaine Maxwell's victims. *See United States v. Massino*, 356 F. Supp. 2d 227, 235 (E.D.N.Y. 2005) (recognizing that law

---

[15]     Doe 183 also appears to contend that Docket Entry 185-15, an interview transcript, is not a judicial document.  Doe 183 Obj. at 9.  But the Court already ordered that document released with redactions on July 30, 2020.  *See* ECF No. 1090-16.  The same is true of Docket Entry 363-7, Plaintiff's deposition in *Edwards v. Dershowitz*.  Doe 183 Obj. at 10.  The Court ordered that document unsealed with redactions on July 15, 2021.  *See* ECF No. 1218-12.

enforcement's efforts "to stamp out organized crime in this District" were "a matter of vital public concern" and that the public had "a legitimate interest in being able to review materials that helped to ensure that the reputed boss of a notorious organized crime family will spend the rest of his natural life in a federal prison").

### B.    Doe 183's Purported Countervailing Interests

After unsuccessfully arguing that certain excerpts are not judicial documents, Doe 183 sets forth the countervailing interests that they contend outweigh the presumption of public access; namely, that if the excerpts are unsealed, the public will assume that they are guilty of wrongdoing based on unproven allegations and they will suffer reputational damage.  Doe 183 Obj. at 12, 19–20.  The substance of the excerpts mentioning Doe 183 can be grouped into three categories: (1) those that are innocuous, such as lists of proposed search terms exchanged by the parties;[16] (2) those that discuss information that is already public, ███████████████████████████████ ███████████████████;[17] and (3) those few excerpts that accuse them of wrongdoing or imply wrongdoing, ██████████████████████████████████.[18]

First, as to the innocuous documents, like lists of search terms, by broadly claiming harm to their privacy and reputation if their name is unsealed in the excerpts, Doe 183 has failed to make particularized objections to each excerpt, and has provided the Court with only the same *ipsi dixit* it has rejected in the past.  July 23, 2020, Hr'g Tr. at 4:3-7 ("With respect to the argument that the

---

[16]    Docket Entries 280-1, 321-1, 321-5, 321-6.

[17]    Docket Entries 173-5, 173-6, 340-4 (████████████████); Docket Entries 315, 316-7, 339, 340-4, 368 (███████████████████████████████ ██████████████████).

[18]    Docket Entries 150-1, 185-15, 249-13, 340-3, 363-7, 369-1, 423-4, 515.

material constitutes personal information which might lead to annoyance or embarrassment if unsealed, Ms. Maxwell proffers little more than her ipsi dixit; she provides no specifics as to these conclusions.").

Doe 183 argues that even the mere mention of their name might create negative perceptions of them amongst the public.[19] *See, e.g.*, Doe 183 Obj. at 6. But, again, this is the sort of speculation and generalization that must be rejected in light of Doe 183's burden to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *See In re Parmalat Sec. Litig.*, 258 F.R.D. at 244 ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."); *see also* Jan. 16, 2020, H'rg Tr. at 7:9-12, 21-23 ("[W]hat we are looking for from you is a specific explanation of why the document should remain sealed or the redactions should continue specific to that document. I think that's what the Court of Appeals told us we have to do."). And "a generalized concern of adverse publicity concerning a public figure is [not] a sufficiently compelling reason that outweighs the presumption of access." *Prescient Acquisition Grp., Inc. v. MJ Public Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (rejecting opposition to unsealing on the basis that the celebrity status of Michael Jackson would make portions of the record "subject to sensational media accounts").

Second, as to the documents regarding information that is already public, because this information is no secret, its prior public dissemination weighs against continued sealing. *See, e.g.*,

---

[19]    Doe 183 also raises "the lack of evidentiary value to, and attendant prejudice or 'sting' resulting from, an unanswered question" citing cases about evidentiary rulings at trial. Doe 183 MOL at 7–8. But "[t]he public's First Amendment right of access to these documents is not outweighed by the prospective inadmissibility of certain of them in some later proceeding." Jan. 19, 2021 Hr'g Tr. at 5:23–6:1.

*Avenatti*, 2020 WL 70952, at *6; *Lytle*, 810 F. Supp. 2d at 626. █████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

Third, as to the small handful of excerpts that actually allege or imply they engaged in wrongdoing, Doe 183 makes several arguments that their privacy interests and the prospect of reputational harm should outweigh the presumption of public access.

For example, Doe 183 (1) alleges that they have never met Plaintiff; (2) ███████████████

███████████████████████████████████████████████████████; and

(3) ████████████████████████████ Doe 183 Obj. at 12–18. But the fact that Doe 183 denies that they engaged in any wrongdoing or might be able to demonstrate that the allegations are not credible at trial in no way negates the public's right to access the judicial documents at issue—the public is more than capable of evaluating all of the facts to which it is entitled, and making its own judgment about Doe 183's proclaimed innocence. Doe 183 simply cites no authority for the proposition that the fact ████████████████████████, for

---

20 ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████

21 ████████████████████████████████████████████████████████
██████████████████████████

example, eviscerates the public's right to additional information contained in judicial documents. And if Doe 183's point is that the Court should consider the excerpts at issue unreliable in light of ██████████████████████, they cite no authority stating that the Court must make such a credibility determination in evaluating the presumption of public access to judicial documents.[22]

Nor does Doe 183 cite a single case supporting their bald proposition that the "Court may act to protect non-parties from unproven allegations that will never be resolved in this proceeding given the Original Parties' settlement." Doe 183 Obj. at 19. At base, the fact that materials might include unproven allegations of wrongdoing is not enough to justify sealing, as it is generally the privacy interests of "innocent third parties," not those accused of serious misconduct, that "weigh heavily in a court's balancing equation." *See Amodeo II*, 71 F.3d at 1050. "Were this the standard for sealing, it is difficult to imagine any lawsuit in which any of the papers—starting with the complaint and ending with summary-judgment motions—would not be subject to seal." *In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311, at *2 (S.D.N.Y. Oct. 23, 2006). Indeed, individuals are routinely publicly accused of wrongdoing in court documents, such as complaints and indictments, before that wrongdoing is proven at trial or even before the individual has had a chance to respond.

Doe 183 also contends that they have not had a "fair opportunity to respond" to Plaintiff's allegations publicly because she may sue them for defamation if they respond. Doe 183 MOL at 6. But Doe 183 cites no authority at all that the fact that responding to allegations could subject them to defamation claims alters the presumption of public access, or why this "Hobson's Choice

---

[22]    Doe 183 cites *Amodeo II* for the proposition that "unreliable" documents should not be unsealed, Doe 183 MOL at 6, but that argument should be rejected for the reasons explained above: it is not the Court's duty to determine the reliability of the allegations relating to Doe 183, and the excerpts at issue involve sworn firsthand testimony, not unreliable hearsay.

supports maintenance of the seal." Doe 183 MOL at 6.   *Anyone* who publicly responds to allegations of wrongdoing with lies could be liable for defamation, and anyone who responds to allegations of wrongdoing with the truth will not be liable for defamation.  Further, there is nothing stopping from Doe 183 filing their objection, in which they vehemently deny the allegations relating to them, on the public docket—that filing would be protected by the litigation privilege. No non-party in this unsealing process is *required* to stay anonymous.

19

███████████████████████████████████████████████████ Again,

information that is already public should not remain sealed. *See, e.g.*, *Avenatti*, 2020 WL 70952,

at \*6; *Lytle*, 810 F. Supp. 2d at 626.

In light of the amount of already public information about Doe 183, and their mere

generalized concerns about negative publicity and reputational harm, the Court should overrule

their objections to unsealing.

## VIII.    Plaintiff Takes No Position with Respect to Does 12 and 147's Objections.

Plaintiff takes no position with respect to Doe 147's objection, as Doe 147 is victim of

sexual abuse and the excerpts at issue go into substantial detail about that abuse.  Doe 147 is

mentioned in 26 documents.[23]  Plaintiff also does not take a position with respect to Doe 12's

objection.  Doe 12 is mentioned in two documents: DE 701-1 and 947-1.  Both documents concern

Doe 147 and documents related to them.  DE 701-1 is an excerpt of a deposition transcript from

Doe 147.

## CONCLUSION

For the foregoing reasons, the Court should unseal the material at issue absent the limited

instances to contrary noted above and in Exhibit A.

---

[23]    DEs 576, 591, 640, 641, 641-2, 655, 656, 656-1, 656-2, 656-3, 656-4, 656-5, 656-6, 656-7, 656-8, 656-9, 700, 701-1, 701-2, 707, 708, 714, 715, 715-2, 947, and 947-1.

Dated:  March 18, 2022                            Respectfully Submitted,

                                                  /s/ Sigrid S. McCawley

                                                  Sigrid S. McCawley
                                                  (Pro Hac Vice)
                                                  BOIES SCHILLER FLEXNER LLP
                                                  401 E. Las Olas Blvd., Suite 1200
                                                  Ft. Lauderdale, FL 33301
                                                  (954) 356-0011

                                                  *Counsel for Plaintiff Virginia Giuffre*

21