UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Virginia L. Giuffre,<br><br>    *Plaintiff*,<br><br>v.<br><br>Ghislaine Maxwell,<br><br>    *Defendant*. | Case No.: 15-cv-07433-LAP |

**INTERVENORS' JULIE BROWN AND MIAMI HERALD MEDIA CO.'S
RESPONSE TO NON-PARTIES 12, 28, 97, 107, 144, 147, 171 AND 183's
OBJECTIONS TO UNSEALING**

Christine N. Walz
Cynthia A. Gierhart
HOLLAND & KNIGHT, LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*

Intervenors Julie Brown and Miami Herald Media Co. ("Miami Herald") respectfully submit this response to Non-Parties 12, 28, 97, 107, 144, 147, 171 and 183's Objections to Unsealing ("the Objections").[1]

## ARGUMENT

Intervenors generally join in the arguments set forth in Plaintiff Virginia Giuffre's response (Dkt. 1247) in support of broadly unsealing documents referencing Does 12, 28, 97, 107, 144, 147, 171 and 183.

The Does bear the burden of proving that continued sealing is warranted by offering "specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Delta Air Lines, Inc. v. Bombardier, Inc.*, No. 1:20-CV-3025-GHW, 2020 WL 2614704, at *4 (S.D.N.Y. May 22, 2020); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621–22 (S.D.N.Y. 2011). Facts allegedly supporting sealing and the harm of disclosure must be identified with specificity. *Lytle*, 810 F. Supp. 2d at 621–22. It does not appear that the Does have offered the requisite "specific facts," nor that closure is "essential to preserve higher values." *See Delta Air Lines*, 2020 WL 2614704, at *4.

Intervenors address the Does' objections based on the categories under which the Does fall: victims of sexual abuse, on the one hand, and those accused of wrongdoing or who were referenced as having some affiliation with or knowledge of Jeffrey Epstein and Ghislaine Maxwell, on the other. As discussed in more detail below, the former group can maintain privacy by narrowly redacting information that would identify those who have not previously been publicly identified

---

[1] As with prior filings, counsel for Intervenors have seen only Ms. Giuffre's response and not the Doe objections or the underlying documents. This response is, therefore, limited to the public information.

in connection with the abuse. The latter group has no privacy or other countervailing interests that can overcome the presumption of public access.

*Redactions Should Be Limited to*
*Redacting Information Identifying Sexual Abuse Victims Only*

With regard to the Does who are alleged to be victims of sexual abuse, redactions should be applied sparingly to shield only information that would identify those who have not already been publicly identified. *See McCord v. Reardon*, No. 20-CV-2005 (EK), 2020 WL 5342637, at *2 (E.D.N.Y. Sept. 4, 2020) (noting that protecting the identity of a sexual assault victim is not "a basis for withholding the document from the public in its entirety"). In *McCord*, the Court noted that courts frequently refer to sexual assault victims by their initials but otherwise keep the record open. *Id.*; *see also* Order (Dkt. 548, J. Nathan), *United States v. Maxwell*, No. 1:20-cr-00330 (S.D.N.Y. Dec. 15, 2021) (allowing alleged victims of sexual abuse to testify using pseudonyms but otherwise keeping the testimony open to the public and denying request from Ms. Maxwell to allow her defense witnesses to use pseudonyms, as they were not testifying as victims of sexual abuse). "Implicit in this approach is a balancing of the victim's privacy interest, on one hand, and the public interest in access to the judicial proceedings, on the other." *McCord*, 2020 WL 5342637, at *2 n.2.

The redactions should *not* extend to the acts or circumstances surrounding the abuse referenced in the documents. It is, after all, these acts that are at the center of the public controversy surrounding allegations of widespread abuse and the criminal justice system's handling of the complaints. To fully understand the extent of the allegations – the same allegations that law enforcement and prosecutors may have been aware of years ago when offering a plea deal to Mr. Epstein – the accuser's stories should be disclosed to the public.

Moreover, if the identity of a victim has already been disclosed in connection with the acts described, then there is no basis for continuing to withhold that victim's identity. *See Thomas v. Colvin*, No. 15-CV-948 ER KNF, 2015 WL 4240721, at *3 (S.D.N.Y. July 13, 2015) (denying party's request to file documents under seal to protect the name of a victim of a sex offense because the identity of the victim was already publicly available in the state court record).

For that reason, Intervenors respectfully request that documents referencing sexual abuse victims be disclosed in their entirety, subject only to limited redactions to protect the identity of a sexual assault victim who has not already been identified as such to the public.

Ms. Giuffre takes no position with regard to Doe 147, who she describes as a victim of sexual abuse, and Doe 12, who is described only as being mentioned in documents that concern Doe 147. (Dkt. 1247 at 24). Based on Ms. Giuffre's description, there is no reason to shield Doe 12's identity for simply being referenced in documents about another's sexual abuse. *See Thomas v. Colvin*, No. 15-CV-948 ER KNF, 2015 WL 4240721, at *2 (S.D.N.Y. July 13, 2015) (finding no basis to protect the identity of the *daughter* of a victim of a sexual offense). And the 26 documents referencing Doe 147 should be unsealed in their entirety, subject only to limited redactions to shield the identity of Doe 147, unless the identity and information regarding Doe 147 is already public.[2]

### *The Remaining Does Do Not Have Countervailing Interests Sufficient to Overcome the Presumption of Access*

For the remaining Does, mere association with Mr. Epstein or accusations of wrongdoing cannot justify sealing judicial documents. As stated in Ms. Giuffre's response, withholding documents based on a person's desire not to be associated with accusations of wrongdoing would

---

[2] The same is true for Doe 28, who Ms. Giuffre quotes as describing themselves as a sexual abuse victim. (Dkt. 1247, at 8).

3

require the sealing of nearly every complaint ever filed. Non-parties' "desire not to be associated with this lawsuit" is not a sufficient privacy justification to warrant redacting their identities. *Moussouris v. Microsoft Corp.*, No. 15-CV-1483 JLR, 2018 WL 2017296, at *2 (W.D. Wash. Apr. 26, 2018).

Further, it is not the Court's role to weigh the veracity or credibility of the statements contained within to determine whether disclosure is warranted. Claimed inaccuracy is not a recognized countervailing interest to overcome unsealing. *See Krause v. Rhodes*, 535 F. Supp. 338, 354 (N.D. Ohio 1979), aff'd, 671 F.2d 212 (6th Cir. 1982) (finding that a deposition cannot be sealed merely because it contains "hearsay answers or answers whose relevancy or competency might be suspect"). Once the documents are unsealed, the Does are free to correct any perceived inaccuracies or false statements appearing in the documents by making public statements.

That some of the Does might be associated with Mr. Epstein and Ms. Maxwell and that some might be accused of misconduct is not a "private" fact they are allowed to conceal from the public. It is vitally important for the public to understand how the sex trafficking of young girls by the wealthy and powerful was able to persist for years with impunity. And any adults who participated in these acts or can shed light on these facts cannot shield the public's eyes to this crucial information simply because they would prefer to sweep it under the rug and not be associated with the whole affair. The public interest in fully understanding the magnitude of the allegations and the people involved far outweighs any Doe's distaste of being associated with Mr. Epstein or Ms. Maxwell.

## **CONCLUSION**

For all of the foregoing reasons, Intervenors respectfully request that this Court unseal all of the materials referencing Does 12, 28, 97, 107, 144, 147, 171 and 183 in their entirety, subject only to the limited redactions discussed above.

Dated: New York, New York
April 1, 2022

Respectfully submitted,

/s/ Christine N. Walz
Christine N. Walz
Cynthia A. Gierhart
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorneys for Intervenors*
*Julie Brown and Miami Herald Media Company*