```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
VIRGINIA L. GIUFFRE,

              Plaintiff,            New York, N.Y.

         v.                         15 Civ. 7433 (LAP)

GHISLAINE MAXWELL,

              Defendant.
------------------------------x     Remote Decision

                                    April 19, 2022
                                    10:30 a.m.
Before:

              HON. LORETTA A. PRESKA,

                                    District Judge


                       APPEARANCES

BOIES, SCHILLER & FLEXNER, LLP
     Attorneys for Plaintiff
BY:  SIGRID S. McCAWLEY


HADDON MORGAN & FOREMAN, P.C.
     Attorneys for Defendant
BY:  LAURA A. MENNINGER


HOLLAND & KNIGHT LLP
     Attorneys for Miami Herald Media Co. and Julie Brown
BY:  CYNTHIA GIERHART


DYKEMA GOSSETT, PLLC
     Attorneys for Doe 17
BY:  BECKY JAMES


TALKIN MUCCIGROSSO & ROBERTS, LLP
     Attorneys for Doe 73
BY:  DENIS P. KELLEHER, JR.
```

THE COURT:  Good morning, counsel.  Judge Preska here.

COUNSEL:  Good morning.

THE COURT:  Nice to have you all.

Do we have the court reporter, here?

(Court and court reporter confer)

THE COURT:  Today the Court announces its ruling on the unsealing of documents associated with nonparty Does 17, 53, 54, 55, 56, 73, 93, and 151 in Giuffre v. Maxwell.

By way of history, the Court sought the parties' view as to how to streamline the unsealing process, and the revised protocol we have settled upon generally works as follows. Rather than reviewing objections by document, the Court is reviewing objections by objector.  This review will proceed in two phases.

(Court reporter confers)

THE COURT:  Will you do that?  I can hear the clicking of somebody's computer keys, and obviously it is not helpful to the court reporter.  Thank you, lawyers.

In talking about the phases through which the review will proceed, first, the parties' briefed and the Court reviewed the documents associated with the 16 nonparty objectors; and, second, the parties briefed and the Court reviewed the documents associated with the remaining nonparties who have not filed objections.

We are now in the first phase and today under

consideration are the objections of eight of the 16 nonparty objectors, as I mentioned, Does 17, 53, 54, 55, 56, 73, 93, and 151.

The Court will announce its general findings relevant to this round of unsealing and as to these eight objectors before marching through its specific findings for each document.

As to the presumption of public access, the Court's general findings are as follows:

To determine whether materials should be unsealed, the Court's mandate is to undertake a particularized review of each document and to (1) evaluate the weight of the presumption of public access to the materials; (2), identify and evaluate the weight of any countervailing interests; and (3) determine whether the countervailing interests rebut the presumption.

The presumption of public access attaches to judicial documents, those documents filed in connection with a decided motion or papers that are relevant to the Court's exercise of its inherent supervisory powers.  The documents at issue here were submitted in connection with discovery motions decided by Judge Sweet.  The Court concludes that they are judicial documents to which the presumption of public access attaches.

The motions at issue today are largely discovery motions and related papers whose presumption of public access is somewhat less weighty than for a dispositive motion.  These

documents are nevertheless important to the public interest in monitoring federal courts' exercise of their Article III powers.

With this presumption of public access in mind, the Court turns to the countervailing interests at stake. The Court has considered the arguments advanced by Ms. Giuffre in her briefing and by Ms. Maxwell in her letter stating that she takes no position.

The Court has also considered the submission from intervenors Julie Brown and Miami Herald Media Company.

Perhaps most importantly for our purposes today, the Court has also received submissions from the nonparty Does whom I have mentioned who have asserted privacy interests that they contend weigh against unsealing. These objecting Does have been afforded the opportunity to respond to the written positions of the parties and the Herald and some, but not all of them, have availed themselves of that opportunity.

The positions of the parties are as follows:

In earlier rounds of unsealing, Ms. Maxwell has objected to unsealing on the basis that doing so would imperil her right to a fair trial in what was then her pending criminal trial. She also advanced various privacy interests. Ms. Maxwell, whose criminal trial has now concluded, now takes no position one way or the other on those.

Ms. Giuffre supports the unsealing of the documents in

question relating to the nonparty Does presently under consideration given the presumption of public access to judicial records and the fact that much of the information that was sealed in this matter has since become public in the course of Ms. Maxwell's criminal trial.

As to the nonparty Does, as to the names and identifying information of the objecting nonparty Does, much of the purportedly sensitive information has already become public in the course of Ms. Maxwell's criminal trial. However, as I will explain, there are certain details contained within certain documents as to certain Does that are not public and as to which the objecting Does have set forth a sufficient interest to preserve sealing.

Moving on to the specific findings, the Court will now announce its findings with respect to the objecting Does and the sealed documents that are the subject of this motion to unseal. These findings are a result of the Court's particularized review of each of the 64 documents it has considered for unsealing today.

I will first consider each objecting Doe and make findings as to him or her.

Doe 17. When asked about this Doe at her deposition, plaintiff Giuffre testified that she believed Doe 17 also went by another specified name "if it's the same woman I'm thinking of." Doe 17 never went by the specified name, and thus this is

a case of mistaken identity. Accordingly, there is no public value to unsealing Doe 17's name "to promote scandal arising out of unproven potentially libelous statements." *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) (Cabranes C.J.). Accordingly, the material relating to Doe 17 shall remain sealed.

Does 53 and 54. With one exception which I will note when I consider it, Does 53 and 54, Glenn and Eva Dubin have not objected to the unsealing of materials relating to them. Accordingly, with that single exception, the sealed material relating to Does 53 and 54 may be unsealed.

Does 55 and 56. These Does were minors at the time of the incidents at issue in this action and played no part in the allegations that form the basis of this action. There is no public value to identifying them and smearing their good names "to promote scandal arising out of unproven, potentially libelous statements." *Id.* Accordingly, the material relating to them will remain sealed.

Doe 73. This Doe worked for Epstein in a financial capacity and there is no allegation that he was involved in any of the conduct underlying this action. Given the sensitive and potentially salacious issues in this action, there is no public value in identifying him "to promote scandal arising out of unproven, potentially libelous statements." *Id.* Accordingly, the excerpts with respect to Doe 73 shall remain sealed.

1         Doe 93.  This Doe was listed on a flight log with
2    Epstein and Maxwell.  He has not been accused of any
3    wrongdoing, and plaintiff Giuffre has testified that she does
4    not remember a man with his name.  Thus, he has no relevance to
5    the issues in dispute in this matter.  Given the sensitive and
6    potentially salacious issues in this lawsuit, there is no
7    public value in harming Doe's good name by publishing
8    "unproven, potentially libelous statements" about him.  *Id.*
9    Accordingly, the excerpts relating to Doe 93 shall remain
10   sealed.
11        Doe 151.  This Doe, Ronaldo Rizzo, has already been
12   identified in the press and he has given press interviews.
13   Also, several previously sealed excerpts relating to him have
14   been unsealed.  Although he has objected to unsealing, no
15   justification exists for permitting the excerpts relating to
16   Rizzo to remain sealed.  Accordingly, they shall be unsealed.
17        As in earlier rounds of unsealing, the Court will now
18   proceed in the order of the documents listed on the chart that
19   the parties have so helpfully provided, listing their
20   respective positions for each document.  The chart is Exhibit A
21   to Ms. Giuffre's response in support of unsealing, Docket No.
22   1238-1.
23        The Court notes that it has removed two documents from
24   the parties' chart which it believes were included on the chart
25   in error.  First, the original chart lists Docket No. 258-10 as

relating to Doe 151.  The Court believes this was a typo and that the parties meant to list Docket No. 258-1, which is separately listed as relating to Does 53, 55, and 56.  The Court therefore does not consider Docket No. 258-10 and considers Document No. 258-1 with respect to each of Does 53, 55, 56, and 151.

Second, the original chart lists Docket No. 338-2 as relating to Does 53 and 54.  The Court believes this to be an error resulting from the fact that the declaration is Document 338-1, meaning that Exhibit 1 is Docket No. 338-2 and Exhibit 2 is Docket No. 338-3.  It's the Court's understanding that the documents objected to are the declaration and Exhibits 2, 3, and 4 to the declaration, which are filed at Docket Nos. 338-1, 338-3, 338-4, and 338-5.  The Court therefore does not consider Docket 338-2, which is Exhibit 1 to the declaration.  I will ask the parties to check my work and notify me afterwards if I have omitted either of those documents in error.

Now on to the particularized findings as to each document.

With respect to Document Entries 122-7 and 150-1, they implicate Does 53 and 54, who do not object to their unsealing, and therefore they may be unsealed.

Docket No. 172 relates to Doe 53, who does not object to unsealing.  The docket number shall be unsealed.

Docket No. 173-5 relates to Doe 4, who does not object

1     to unsealing, so it shall be unsealed.
2                 Document No. 173-6 relates to Does 53 and 54, who do
3     not object, but also to Doe 93.  The materials relating to Does
4     53 and 54 may be unsealed.  The material relating to Doe 93
5     shall remain sealed for the reasons I mentioned above with
6     respect to 93.
7                 Docket Nos. 203 and 204 relate to Doe 151.  For the
8     reasons I mentioned above, those documents shall be unsealed.
9                 Docket No. 204-2 relates to Does 53, 54, 55, 56, and
10    151.  The material relating to Does 53 and 54, who do not
11    object to unsealing, shall be unsealed.  The material relating
12    to Does 55 and 56 shall remain sealed for the reasons I stated
13    above.  The material relating to Doe 151 shall be unsealed for
14    the reasons stated above.
15                Documents 211 and 212 both relate to Doe 151 and shall
16    be unsealed for the reasons I noted above.
17                Document 212-2 relates to Does 53, 54, 55, 56 and 151.
18    The material in this document relating to Does 53 and 54, who
19    do not object to unsealing, shall be unsealed.  The material
20    relating to Does 55 and 56 shall remain sealed for the reasons
21    I stated earlier.  The material relating to Doe 151 shall be
22    unsealed for the reasons stated earlier.
23                Document No. 224 relates to Doe 151.  It shall be
24    unsealed for the reasons stated earlier.
25                Document 228 relates to Doe 54 and Doe 151.  The

1   material relating to Doe 54, who does not object to unsealing,
2   shall be unsealed.  The material relating to Doe 151 shall be
3   unsealed for the reasons stated earlier.
4           Document 229-1 relates to Does 53 and 54 and 151.  The
5   material relating to Does 53 and 54, who do not object to
6   unsealing, shall be unsealed.  The material relating to Doe 151
7   shall be unsealed for the reasons stated earlier.
8           Document No. 232-4 relates to Does 53 and 54 who do
9   not object to unsealing.  Somebody is not on mute, and I know
10  it is not the court reporter.  Let's try to make it easy for
11  her, please.  The material in Document No. 232-4 relating to
12  Does 53 and 54 shall be unsealed.
13          Document No. 235-13 relates to Doe 73.  That material
14  shall remain sealed for the reasons I stated earlier.
15          Document No. 249-4 relates to Doe 151 and shall be
16  unsealed for the reasons stated earlier.
17          Document 249-13 relates to Does 53, 54, 73, and 151.
18  The material relating to Does 53 and 54, who do not object to
19  unsealing, shall be unsealed.  The material relating to Doe 73
20  shall remain sealed for the reasons stated earlier.  The
21  material relating to Doe 151 shall be unsealed for the reasons
22  stated earlier.
23          Documents 257 and 258 both relate to Doe 151.  The
24  material relating to that Doe in these two documents shall be
25  unsealed for the reasons stated above.

1    Document 258-1 relates to Does 55, 56, 53 and 151.
2 With respect to Doe 53, who does not object to unsealing, the
3 material in this document relating to Doe 53 shall be unsealed.
4 The material relating to Does 55 and 56 shall remain sealed for
5 the reasons stated earlier.  The material relating to Doe 151
6 shall be unsealed for the reasons stated earlier.
7    Docket No. 261 relates to Doe 151 and shall be
8 unsealed for the reasons stated earlier.
9    Document 272-5 relates to Does 53 and 54, who do not
10 object to unsealing, and thus it shall be unsealed.
11    Document No. 280-1 relates to Does 17, 73, and 151.
12 The material relating to Doe 17 shall remain sealed for the
13 reasons stated earlier.  The material relating to Doe 73 shall
14 remain sealed for the reasons stated earlier.  The material
15 relating to Doe 151 shall be unsealed for the reasons stated
16 earlier.
17    Document 315 relates to Doe 53 and Doe 151.  Someone
18 is still not on mute.  Yeah, you.  How hard is this to make it
19 easier for the court reporter, my friends?
20    MR. KELLEHER:  Your Honor, this is Denis Kelleher.
21 Unfortunately, I'm at another house that has an old phone and
22 I'm not able to mute it.  I apologize.
23    THE COURT:  All right.  Then you know what?  Sit still
24 and don't twiddle with your papers or devices.  How's that?
25    MR. KELLEHER:  I apologize.

1            THE COURT:  Thank you, sir.

2            Document 315 relates to Does 53 and 151.  Doe 53, who
3    does not object to unsealing, shall have that material
4    unsealed.  Doe 151's material shall be unsealed for the reasons
5    stated earlier.

6            Document 316 relates to Doe 151.  That material shall
7    be unsealed for the reasons stated earlier.

8            Document 316-4 relates to Doe 53 and Doe 151.  The
9    material relating to Doe 53, who does not object to unsealing,
10   shall be unsealed.  The material relating to Doe 151 shall be
11   unsealed for the reasons stated above.

12           Document No. 320 relates to Does 53 and 54, who do not
13   object to unsealing.  Accordingly, that material shall be
14   unsealed.

15           Document No. 321-1 relates to Does 17, 53, 54, 73, and
16   151.  The material relating to Does 17 and 73 shall remain
17   sealed for the reasons stated earlier.  The material relating
18   to Does 53 and 54, who do not object to unsealing, shall be
19   unsealed.  The material relating to Doe 151 shall be unsealed
20   for the reasons stated above.

21           Documents 321-2, 321-3, and 321-4 all relate to Does
22   53 and 54, who do not object to unsealing.  Accordingly, the
23   material related to them in these documents shall be unsealed.

24           Document No. 321-5 and 321-6 relate to Does 53, 54,
25   73, and 151.  The material in these documents relating to Doe

73 shall remain sealed for the reasons stated.  The material in these documents relating to Does 53 and 54, who do not object to unsealing, shall be unsealed.  Material relating in these documents to Doe 151 shall be unsealed for the reasons stated earlier.

Document 338 relates to Doe 151, 53, and 54.  The material relating to Does 53 and 54, who do not object to unsealing, shall be unsealed.  The material relating to Doe 151 shall be unsealed for the reasons stated earlier.

Document 338-1 relates to Doe 51 and shall be unsealed for the reasons stated earlier.

Document 338-3 relates to Does 53 and 54, who do not object to unsealing, and thus that material shall be unsealed.

Document 338-4 relates to Does 53 and 54 and Doe 151.  The material relating to Does 53 and 54, who do not object to unsealing, shall be unsealed.  The material relating to Doe 151 shall be unsealed for the reasons stated earlier.

Document 338-5 relates to Doe 151.  Indeed, it is an excerpt of his deposition.  That material shall be unsealed for the reasons stated earlier.

Document 339 relates to Does 53, 54, and 151.  The material relating to Does 53 and 54, who do not object to unsealing, shall be unsealed.  The material relating to Doe 151 shall be unsealed for the reasons stated earlier.

Document 340 relates to Doe 151.  The material in that

1   document relating to him shall be unsealed for the reasons
2   stated earlier.
3           Document No. 340-3 relates to Does 53 and 54, who do
4   not object to unsealing, and thus that material shall be
5   unsealed.
6           Document 340-4 relates to Does 53, 54, and 151.  The
7   material relating to Does 53 and 54, who do not object to
8   unsealing, shall be unsealed.  The material relating to Doe 151
9   shall be unsealed for the reasons stated earlier.
10          Document 340-9 relates to Does 53, 55, 56, and 151.
11  The material relating to Doe 53, who does not object to
12  unsealing, shall be unsealed.  The material relating to Does 55
13  and 56 shall remain sealed for the reasons stated above.  The
14  material relating to Doe 151 shall be unsealed for the reasons
15  stated above.
16          Document No. 363-7 relates to Does 17, 53, 54, and 93.
17  The material relating to Does 17 and 93 shall remain sealed for
18  the reasons stated earlier.  The material related to Does 53
19  and 54, who do not object to unsealing, shall be unsealed.
20          Documents 368 and 369 relate to Doe 151.  The material
21  relating to him in those documents shall be unsealed for the
22  reasons stated above.
23          Document No. 369-1 relates to Does 53 and 54 and 93.
24  The material relating to Does 53 and 54, who do not object to
25  unsealing, shall be unsealed.  The material relating to Doe 93

1  shall remain sealed for the reasons stated earlier.
2           Document 369-2 relates to Doe 151.  The material in
3  that document relating to him shall be unsealed for the reasons
4  stated earlier.
5           Document 369-6 relates to Does 53, 54, and 151.  The
6  material there relating to Does 53 and 54, who do not object to
7  unsealing, shall be unsealed.  The material there relating to
8  Doe 151 shall be unsealed for the reasons stated earlier.
9           Document 388 and 389 relate to Doe 151.  The material
10 relating to him in those documents shall be unsealed for the
11 reasons stated earlier.
12          Document 389-2 relates to Does 53, 54, and 151.  The
13 material therein relating to Does 53 and 54, who do not object
14 to unsealing, shall be unsealed.  The material relating to Doe
15 151 shall be unsealed for the reasons stated earlier.
16          Document No. 392 relates to Doe 151.  The material in
17 that document relating to Doe 151 shall be unsealed for the
18 reasons stated earlier.
19          Document 393-1 relates to Does 53, 54, and 151.  The
20 material in that document relating to Does 53 and 54, who do
21 not object to unsealing, shall be unsealed.  The material in
22 that document relating to Doe 151 shall be unsealed for the
23 reasons stated earlier.
24          Document 400 relates to Doe 151.  The material in that
25 document relating to him shall be unsealed for the reasons

1   stated earlier.

2            Document 407-1 relates to Doe 54, who does not object
3   to unsealing, and thus the material relating to that Doe shall
4   be unsealed.

5            Document 423-4 relates to Does 17, 53, 54, 73, and
6   151.  The material relating to Does 53 and 54, who do not
7   object to unsealing, shall be unsealed.  The material relating
8   to Does 17 and 73 shall remain sealed for the reasons stated
9   above.  The material relating to Doe 151 shall be unsealed for
10  the reasons stated above.

11           Document 450-1 relates to Does 53 and 54 and 151.
12  Doe 53 does not object to unsealing, and therefore the material
13  relating to that Doe shall be unsealed.  There is material in
14  this document relating to Doe 54, who objects to the unsealing.
15  With respect to that matter, it is clear that the written
16  transcript, which is the actual exhibit, contained a
17  stenographic error.  The reason we know that is, in viewing the
18  video of the deposition, it is very clear what the answer is
19  and that it was a mistaken transcription.  Accordingly, the
20  portion of Document 450-1 that Doe 54 objects to unsealing
21  shall remain sealed.  It is document 450-1, at 217:17-19.  The
22  material in that document relating to Doe 151 shall be unsealed
23  for the reasons stated earlier.

24           And finally Documents 567, 568, 568-1, 606, and 631
25  all relate to Doe 151.  The material relating to that Doe in

1    those documents shall be unsealed for the reasons stated
2    earlier.
3               Counsel, as always, I will ask you to confer and
4    prepare the documents for unsealing pursuant to this order and
5    to post the documents on the docket within a week, as you all
6    have done so well in the earlier rounds of briefing.
7               Counsel, unmute.  Have I forgotten anything or do you
8    have any questions?
9               And counsel, I think I made a mistake.  I think I said
10   407-1 and what I meant was 407-9, but other than that, any
11   mistakes that are apparent to you, any questions, or other
12   issues?
13              MS. McCAWLEY:  Your Honor, this is Sigrid McCawley for
14   the plaintiff Virginia Giuffre.
15              I heard that you directed us to undertake the
16   unsealing within a week.  I know that Ms. Maxwell's counsel did
17   not submit objections in this round.  I just want to confirm
18   that that work is going to be divided between the two parties,
19   if that's the case, so we understand what needs to be
20   undertaken within the next week?
21              THE COURT:  That makes perfect sense.  Is there any
22   objection to that, Ms. Menninger?
23              MS. MENNINGER:  Your Honor, if we are going to be part
24   of that, I would need a little bit more time.  Our paralegal
25   who is responsible for this particular matter is concluding

1   another three-week trial right now and will not be available
2   until later this week.  So if we could extend that to two weeks
3   to give her time to be back in the office and help prepare the
4   redactions and unsealing, that would be much appreciated, your
5   Honor.
6           THE COURT:  Yes, ma'am.  Two weeks, ladies and
7   gentlemen.
8           Anything else, friends?
9           Counsel, thank you for being on.  Good morning.
10          COUNSEL:  Thank you, your Honor.
11                                oOo