# EXHIBIT 13

# (Filed Under Seal)

## United States District Court
## Southern District of New York

Virginia L. Giuffre,

        Plaintiff,              Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

### PLAINTIFF, VIRGINIA GIUFFRE'S THIRD REVISED DISCLOSURE
### PURSUANT TO FED. R. CIV. P. 26

      COMES NOW the Plaintiff, Virginia L. Giuffre, by and through her undersigned counsel,

and serves this revised disclosure pursuant to Fed. R. Civ. P. 26 and states as follows:

A.    <u>Witnesses</u>:

    1.    Virginia L. Giuffre
             c/o Sigrid S. McCawley, Esq.
             Boies, Schiller & Flexner LLP
             401 East Las Olas Boulevard, Suite 1200
             Miami, Florida 33301
             Tel: (954) 356-0011
             Email: smccawley@bsfllp.com

             Plaintiff - Information regarding Defendant, Ghislaine Maxwell's conduct that is
             the subject of this action.

    2.    Ghislaine Maxwell
             c/o Laura A. Menninger, Esq.
             HADDON, MORGAN & FOREMAN, P.C.
             150 East 10th Avenue
             Denver, Colorado 80203
             Tel: (303) 831-7364
             Email: lmenninger@hmflaw.com

             Defendant in this action.

CONFIDENTIAL

3.    Juan Alessi
      
      Boynton Beach, FL 33472
      Telephone number unknown at this time

      May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual
      trafficking conduct and interaction with underage minors.

4.    Maria Alessi
      ████████████████████████████████████
      Telephone number unknown at this time

      May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual
      trafficking conduct and interaction with underage minors.

5.    ██████████████████████████████████

      May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual
      trafficking conduct and interaction with underage minors.

6.    ██████████████████████████████████

      May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual
      trafficking conduct and interaction with underage minors.

7.    ██████████████████████████████████

      Was present on flights with Jeffrey Epstein and Ghislaine Maxwell and ██████
      ████████ and may have knowledge of Jeffrey Epstein and Ghislaine Maxwell's
      sexual trafficking conduct and interactions with minors.

8.    ██████████████████████████████████

      May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual
      trafficking conduct and interaction with underage minors.

9.    ██████████████████████████████████

                                                                    CONFIDENTIAL



May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual
trafficking conduct and interaction with underage minors.

10.



Was present on flights with Jeffrey Epstein, Ghislaine Maxwell and Virginia
Guiffre and may have information about Ghislaine Maxwell and Jeffrey Epstein's
sexual trafficking conduct and interaction with underage minors.

11.



May have information relating to Ghislaine Maxwell and Jeffrey Epstein's sexual
trafficking conduct and interaction with underage minors.

12.



May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual
trafficking conduct and interaction with underage minors.

13.



Was present on flights with Jeffrey Epstein, Ghislaine Maxwell and Virginia
Guiffre and has information about Ghislaine Maxwell and Jeffrey Epstein's sexual
trafficking conduct and interaction with underage minors.

14.



Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking
conduct.

15.

3

CONFIDENTIAL

Worked for Ghislaine Maxwell and has information about Ghislaine Maxwell's recruiting of girls for Jeffrey Epstein.

16.



May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

17.



Worked for Jeffrey Epstein as a masseuse during the time that Virginia Giuffre was living and traveling with Jeffrey Epstein and Ghislaine Maxwell, and has information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

18.



Travelled with Jeffrey Epstein and Ghislaine Maxwell and may have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

19.



May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

20.



May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

21.



CONFIDENTIAL

Was present on flights with Jeffrey Epstein, Ghislaine Maxwell and may have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

22.

Was present on flights with Jeffrey Epstein, Ghislaine Maxwell and may have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

23.

May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

24.   Alan Dershowitz
      c/o Richard A. Simpson, Esq.
      WILEY REIN, LLP
      1776 K Street NW
      Washington, D.C. 20006
      Tel: (202) 719-7000

Has knowledge of Defendant's conduct that is the subject of this action.

25.

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

26.   Eva Anderson Dubin



Was present on flights with Jeffrey Epstein, Ghislaine Maxwell and has information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

27.   Glen Dubin



5

CONFIDENTIAL

Was present on flights with Jeffrey Epstein, Ghislaine Maxwell and has information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

28. ███████████████████████████

May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

29. ███████████████████████████████

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors, including Virginia Giuffre.

30. Records Custodian for Travel for ████████████████████
    ███████████████████

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors, including Virginia Giuffre.

31. Jeffrey Epstein
    c/o Marty Weinberg, Esq.
    20 Park Plaza, Suite 1000, Boston, MA 02116
    Tel: (617) 227-3700

Has knowledge of Defendant's conduct that is the subject of this action and knowledge of his sexual trafficking operation and other co-conspirators.

32. ████████████████████████

May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

33. ████████████████████████

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors, including Virginia Giuffre.

CONFIDENTIAL

34. ███████████████████████████████

    Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors, including Virginia Giuffre.

35. Vicky Ward
    Address unknown at this time
    Telephone unknown at this time

    Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors, including Virginia Giuffre.

36. ███████████████████████████████

    Has knowledge of Defendant's conduct that is the subject of this action.

37. ███████████████████████████████

    Has knowledge of Defendant's conduct that is the subject of this action.

38. ███████████████████████████████

    Jeffrey Epstein's staff member in his various homes and may have knowledge of Defendant and Jeffrey Epstein's inappropriate conduct with underage girls.

39. ███████████████████████████████

    May have knowledge of Defendant's conduct that is the subject of this action.

40. ███████████████████████████████

    Former house staff and may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with minors.

41. ███████████████████████████████

CONFIDENTIAL

Telephone number unknown at this time

Former house staff and may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with minors.

42.



Defendant's press agent who has knowledge of the defamatory statements in this case.

43.



May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors

44.



May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

45.



May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

46.



May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

47.



CONFIDENTIAL



Has information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and abuse and interaction with underage minors.

48.

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

49.

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

50.

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

51.  Brett Jaffe
Address noted on Defendant's Rule 26 disclosures

Defendant's attorney.

52.

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

53.



9

CONFIDENTIAL

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interactions with minors.

54. 

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

55. 

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

56. 

Traveling chef for Jeffrey Epstein and Ghislaine Maxwell and may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

57. 

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

58. 

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

59. 

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

60. 

10

CONFIDENTIAL

Telephone number unknown at this time

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

61.

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

62.

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

63.

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

64.

May have information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

65.

May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

66.

11

CONFIDENTIAL

House staff who may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

67. 

House staff who may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

68. 

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

69. 

Knowledge of Defendant's conduct that is the subject of this action.

70. 

House staff that may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

71. 

House staff that may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

72. 

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

73. 

12

CONFIDENTIAL

May have knowledge of Defendant's conduct in this action.

74.



House staff that may have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

75.   Joseph Recarey

Detective Recarey was the chief investigator of the crimes committed at Jeffrey Epstein's Palm Beach mansion and has information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

73.   Chief Michael Reiter



Police Chief Reiter oversaw the investigation of the crimes committed at Jeffrey Epstein's Palm Beach mansion and has information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and abuse of underage minors.

74.

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

75.   Rinaldo Rizzo
c/o Robert Lewis, Esq.
Freeman Lewis LLP
228 E. 45th Street, 17th Floor
New York, NY 10017
Tel: 212-980-4084

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

76.



13

CONFIDENTIAL

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

77.



Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

78.



Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

79.



Worked for Jeffrey Epstein during the time when Virginia Giuffre was living and traveling with Jeffrey Epstein and Ghislaine Maxwell. Johanna Sjobjerg was also present at an occasion with Prince Andrew, Ghislaine Maxwell, and Virginia Giuffre when Ms. Giuffre was a minor.

80.



May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

81.



May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

82.



14

CONFIDENTIAL

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

83.



May have knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct.

84.



Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

85.



Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

86.

Has information about Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

87.

Has knowledge of Ghislaine Maxwell and Jeffrey Epstein's sexual trafficking conduct and interaction with underage minors.

88.   All females identified in the police reports or identified through the United State's Attorney's office during or through the criminal investigation of Jeffrey Epstein and his co-conspirators.

15

CONFIDENTIAL

89. All other then-minor girls, recruited by Ghislaine Maxwell, whose identities Ms. Giuffre will attempt to determine, with whom Defendant, Ghislaine Maxwell and Jeffrey Epstein, have engaged in sexual activity.

90. All pilots, chauffeurs, chefs, and other employees of either Defendant Maxwell or Jeffrey Epstein with knowledge of Defendant and Jeffrey Epstein's inappropriate conduct with underage girls.

91. All staff and employees at the Mar-a-Lago Club during 1999-2002.

92. All other witnesses learned through discovery process.

**B.**   **Relevant Documents**:

1. All files held by the Palm Beach Police Department or the Palm Beach State Attorney's office which are publically available.

2. All press releases of Ghislaine Maxwell or on her behalf.

3. The video(s) of Ghislaine Maxwell adopting the January, 2015 press statement.

4. All newspaper or other media where Ghislaine Maxwell's press release appears.

5. All evidence obtained by the Federal Bureau of Investigations which relate in any way to Jeffrey Epstein or Ghislaine Maxwell.

6. All 302 statements that relate in any way to Jeffrey Epstein or Ghislaine Maxwell.

7. All evidence obtained by the FBI or United States Attorney's office by or through the criminal investigation of ███████████

8. All documents relating to the previous subpoenas served on Defendant for her deposition and all documents related in any way to that deposition.

9. All documents evidencing visitors or passengers at any of Jeffrey Epstein owned or controlled property or aircraft.

10. All documents demonstrating the relationship between ████████ and Jeffrey Epstein or Ghislaine Maxwell.

11. All photos of Ghislaine Maxwell at ████████████████

12. All documents or information refuting statements made by Ghislaine Maxwell.

13. All documents and information relating to ████████ travel, including travel to New York City and the Caribbean, in 1999 to 2002.

16

CONFIDENTIAL

C.    **Exhibits**:

1.    Palm Beach Police Department report and documents contained within Jeffrey Epstein's criminal files, attached hereto as Exhibit 1.

2.    March 10, 2011 Statement on behalf of Ghislaine Maxwell by Media agent Ross Gow, attached hereto as Exhibit 2.

3.    September 3, 2008 Victim Notification Letter, attached hereto as Exhibit 3.

4.    May 1, 2009 Complaint in Jane Doe No. 102 v. Jeffrey Epstein, CIV-09-80656, in the Southern District of Florida, attached hereto as Exhibit 4.

5.    FBI 302 Statement, attached hereto as Exhibit 5.

6.    Flight Logs, attached hereto as Composite Exhibit 6.

7.    Message Pads from Law Enforcement from trash pull of Jeffrey Epstein's Palm Beach home, attached hereto as Exhibit 7.

8.    Jeffrey Epstein's Phone Book, also referred to as his "Black Book," attached hereto as Exhibit 8.

9.    Deposition of ████████, attached hereto as Composite Exhibit 9.

10.   Deposition Transcripts of Juan Alessi, attached hereto as Exhibit 10.

11.   Deposition Transcripts of ████████████, attached hereto as Exhibit 11.

12.   January 2, 2015 Corrected Joinder Motion [DE 280] filed in the CVRA action pending in the Southern District of Florida, attached hereto as Exhibit 12. **[All paragraphs between "The Government then concealed from Jane Doe No. 3 the existence of the NPA (pg. 3) and "The Government was well aware of Jane Doe No. 3 when it was negotiating the NPA" (pg. 6) were stricken by Judge Marra.]**

13.   January 21, 2015 Declaration of Jane Doe No. 3 filed in the CVRA action pending in the Southern District of Florida, attached hereto as Exhibit 13. **[Paragraphs 4, 5, 7, 11, 13, 15, 19-53, and 59 were stricken by Judge Marra]**

14.   February 6, 2015 Declaration of Jane Doe No. 3 filed in the CVRA action pending in the Southern District of Florida, attached hereto as Exhibit 14. **[Paragraphs 7-12, 16, 39 and 49 were stricken by Judge Marra.]**

15.   November 25, 2015 Affidavit of Virginia Giuffre, filed in the *Bradley Edwards and Paul Cassell v. Alan Dershowitz* matter, pending in the Seventeenth Judicial Circuit, Broward County, Florida, attached hereto as Exhibit 15.

16.   Virginia Roberts' passport, attached hereto as Exhibit 16.

17

CONFIDENTIAL

17. Judge Thomas Lynch's January 12, 2016 Confidentiality Order regarding Virginia Giuffre's deposition, attached hereto as Exhibit 17.

18. Documents produced and bates labelled Non-Party VR 000001 – Non-Party VR 000644, in the *Bradley Edwards and Paul Cassell v. Alan Dershowitz* matter, pending in the Seventeenth Judicial Circuit, Broward County, Florida, attached hereto as Exhibit 18.

19. Victims Refuse Silence Articles of Incorporation and Amendment, attached hereto as Composite Exhibit 19.

20. Victims Refuse Silence By-laws, attached hereto as Exhibit 20.

21. Victims Refuse Silence 2016 Annual Report, attached hereto as Exhibit 21.

22. January 3, 2015 Daily Mail article: "Harvard Law Professor Named Alongside Prince Andrew in 'Sex Slave' Case Accuses Alleged Victim of 'Making Up Stories,'" attached hereto as Exhibit 22.

23. January 3, 2015 Press Statement issued by Ross Gow to Express set forth in "Ghislaine Maxwell: I was not a madam for paedophile," attached as Exhibit 23.

24. January 4, 2015 Statement by Ghislaine Maxwell to New York Daily News Reporter "Alleged Madam Accused of Supplying Prince Andrew With Underage Teen for Sex Spotted in NYC – As He's Seen Cutting Swiss Vacation Short to Face Queen," attached hereto as Exhibit 24.

25. February 1, 2015 Mirror article: "Prince Andrew's Pal Ghislaine Maxwell May Sue Over Madam Allegations," attached hereto as Exhibit 25.

26. September 23, 2007 Red Ice Creations Article "Prince Andrew's Friend, Ghislaine Maxwell, Some Underage Girls, and A Very Disturbing Story," attached hereto as Exhibit 26.

27. Photographs, attached hereto as Exhibit 27.

28. April 13, 2010 Deposition Transcript of Nadia Marcinkova, attached hereto as Exhibit 28.

D. **Computation of Damages**:

1. Physical, psychological and psychiatric injuries and resulting medical expenses – in an amount of approximately $ 102,200 present value.

   a. **Computation Analysis**:

      i. Giuffre has had to receive treatment for the psychological harm as a result of Maxwell's conduct towards Giuffre.

18

CONFIDENTIAL

      ii.     The average annual expenditures for mental health services for adults 18-64 in the United States is $1,751.

      iii.    Giuffre needs continuing care as a result of the harm she has suffered. Ms. Giuffre was born August 9, 1983 and was 31.4 years old at the beginning of 2015 when the alleged harm occurred. The average remaining life expectancy for a 31 year old female is 51.1 years.

      iv.    Based on a remaining life expectancy of 51.1 years, annual healthcare cost growth of 3.3% and a discount rate of 2.7%, the present value of expected treatment costs is $102,200 as of 1/1/2015.

   b.   **Supporting Evidence**:

      i.     Ms. Giuffre is in the process of collecting records from her physicians

      ii.     Ms. Giuffre's testimony

      iii.    Ms. Giuffre is in the process of retaining an expert to calculate damages, and will provide further information through expert disclosure.

2.    Past, present and future pain and suffering, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity and invasion of privacy in her public and private life not less than $30,000,000.00.

   a.   **Computation Analysis**

      i.     Under New York law, defamation per se as alleged in this case presumes damages and special damages do not need to be plead and proven. *See Celle v. Filipino Reporter Enterprises Inc.,* 209 F.3d 163, 179 (2nd Cir. 2000) (Second Circuit holding that '[i]f a statement is defamatory per se, injury is assumed. In such a case 'even where the plaintiff can show no actual damages at all, a plaintiff who has otherwise shown defamation may recover at least nominal damages' and the Second Circuit also confirmed an award of punitive damages). Ms. Giuffre has been severely damaged by the defamation of the defendant, by calling her claims of sexual abuse "obvious lies". The defamation caused Ms. Giuffre to re-live the sexual abuse she previously endured. Ms. Giuffre has suffered and continues to suffer from the pain, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of standing in the community, loss of dignity and invasion of privacy in her public and private life. The computation of this amount is in the province of the jury but Ms. Giuffre contends,

CONFIDENTIAL

including but not limited to, awards in other similar matters, that the amount is not less than $30,000,000.00. Ms. Giuffre is in the process of retaining an expert, and will provide further information through expert disclosure.

b.   **Supporting Evidence**

    i.   Ms. Giuffre's testimony

    ii.   Witness testimony

    iii.   Awards in similar matters

    iv.   Ms. Giuffre is in the process of retaining an expert, and will provide further information through expert disclosure.

3.   Estimated lost income of $180,000 annually. Present value of $3,461,000 to $5,407,000.

a.   **Computation Analysis**

    i.   Ms. Giuffre's estimated compensation capacity is $180,000 annually. Ms. Giuffre was born August 9, 1983 and was 31.4 years old at the beginning of 2015 when the alleged injury occurred. Her expected remaining work life based on mortality and probability of continued work was 20.2 years. Based on these factors, a 2% annual growth rate and a 2.4% discount rate, the present value of lost compensation is $3,461,000 as of 1/1/2015.

    ii.   Alternatively, if Ms. Giuffre is assumed to work until a normal retirement age of 65, or 33.6 years from her age at the beginning of 2015, and based on an annual growth rate of 2.0% and a discount rate of 2.7%, the present value of lost compensation is $5,407,000 as of 1/1/2015.

b.   **Supporting Evidence**

    i.   Materials regarding compensation and work life expectancy

        1)   2010 Life Table for Females, *National Vital Statistics Report*, November 6, 2014, U.S. Department of Health & Human Services, Centers for Disease Control & Prevention, National Center for Health Statistics.

CONFIDENTIAL

        2)    "Calculation of Work life Expectancy Using the Life, Participation, Employment Method," Vocational Econometrics, Inc.

        3)    Consumer Price Index for Urban Wage Earners and Clerical Workers, United States Department of Labor, Bureau of Labor Statistics.

        4)    Federal Reserve Statistical Release H.15, 1/5/2015.

  ii.  Ms. Giuffre's testimony

  iii.  Ms. Giuffre is in the process of retaining a damages expert and will provide further information through expert disclosures.

4.  **Punitive Damages** - to be based upon all relevant factors, including the egregious nature of Defendant, Ghislaine Maxwell's conduct and the need for a large award to punish and deter conduct in view of the vast wealth of Defendant Maxwell, in an amount not less than $50,000,000.00.

    a.  This calculation is in the province of the jury.

21

CONFIDENTIAL

Dated:  June 1, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

22

CONFIDENTIAL

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing Disclosure Pursuant to Fed. R. Civ. P. 26 has been provided by United States mail and electronic mail to all counsel of record identified below, on this 1st day of June, 2016.

Laura A. Menninger, Esq.
Jeffrey S. Pagliuca, , Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
Email: jpagliuca@hmflaw.com


By:  /s/ Sigrid McCawley
             Sigrid McCawley

23

CONFIDENTIAL