UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

                Plaintiff,

-against-

GHISLAINE MAXWELL,

                Defendant.

15 Civ. 7433 (LAP)

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the motion of The Gateway Pundit (TGP) to intervene in this matter for the purpose of unsealing certain materials, namely any materials containing the identities of clients of Jeffrey Epstein. (Dkt. nos. 1258-1259.) The Court invited any party who wished to be heard on the motion to submit a response. (Dkt. no. 1261.) One response opposing intervention was received on behalf of non-party John Doe. (Dkt. no. 1264.)

    It is well-settled that intervention pursuant to Rule 24(b) is the proper procedure for a third party to seek to modify a protective order in a private suit. See United States v. Alex Brown & Sons, Inc., 169 F.R.D. 532, 537 (S.D.N.Y.1996) ("[I]ntervention under [R]ule 24 is the proper mechanism for a non-party to seek modification of a protective order and thus to gain access to information generated through judicial

proceedings."), aff'd sub nom., United States v. Bleznak, 153 F.3d 16 (2d Cir. 1998).

Where a non-party, such as the TGP here, "seeks to modify a protective order in a private suit, the proper procedure is to seek permissive intervention under Rule 24(b)." Daniels v. City of New York, 200 F.R.D. 205, 207 (S.D.N.Y. 2001) (citing Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 294 (2d Cir. 1979)); see also Abdelal v. Kelly, 2017 WL 1843291, at *1 (S.D.N.Y. May 5, 2017) (collecting cases).

Rule 24(b), which governs permissive intervention, provides in relevant part that, "on timely motion," any party may intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention under Rule 24(b) is committed to "the broad discretion" of the district court. See AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005); H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986)("The district court's discretion under Rule 24(b)(2) is very broad."). In exercising its discretion, the Court is required by rule to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see also Calderon v. Clearview AI, Inc., 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020)("[T]he court's primary consideration is whether

intervention will unduly delay or prejudice the adjudication of the rights of the parties whose lawsuits are being 'invaded.'").

Additional relevant factors for the court's consideration "include the nature and extent of the intervenors' interests," the degree to which those interests are "adequately represented by other parties," and "whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." H.L. Hayden Co., 797 F.2d at 89.

The Court declines to exercise its discretion to permit TGP to intervene at this stage.  The Court does not consider TGP's motion to be "timely" and, relatedly, TGP's interests are already adequately represented by the existing parties and intervenors.  A number of intervenors, including media organizations, have been granted leave to intervene in this case to seek to unseal all or part of the record on the basis that they are judicial records subject to the presumption of public access--precisely the arguments TGP seeks to make.  The Court has carefully reviewed TGP's papers and concludes that TGP has no interest not adequately represented by, among others, existing intervenors Julie Brown and the Miami Herald.

Moreover, the unsealing protocols in this case have been carefully crafted over time, with input from the parties and

existing intervenors, to comply with the Court of Appeals' mandate in Brown v. Maxwell, 929 F.3d 41 (2d Cir. 2019). The Court, the parties, and the existing intervenors have made significant headway into the unsealing protocol, and intervention by TGP at this time likely would disrupt that progress. Thus, although the merits of this litigation were resolved years ago via settlement, TGP's intervention at this time would unduly delay the adjudication of the rights of the original parties with respect to the protective order, at least by requiring the parties and the Court to respond to an additional set of papers, likely to be redundant of other parties' and interventors' papers.

In sum, the interest TGP seeks to vindicate is already more than adequately represented by existing intervenors, and TGP's intervention at this late stage likely would delay, rather than expedite, the Court's review of the materials for unsealing pursuant to the established unsealing protocol.

TGP's motion to intervene (dkt. no. 1258) is, therefore, denied. The Clerk of the Court shall mark the motion (dkt. no. 1258) as closed.

**SO ORDERED.**

Dated:    New York, New York
          August 9, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge