Case 1:15-cv-07433-LAP   Document 1278   Filed 11/30/22   Page 1 of 4



November 30, 2022

**VIA CM/ECF**
The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  **RE:** *Giuffre v. Maxwell*, **Case No. 1:15-cv-07433-LAP**

Dear Judge Preska:

  On behalf of non-party Doe 171, we file this letter motion for extension of the stay pending appeal that Your Honor ordered on November 19, 2022, (Dkt. No. 1275), which is set to expire on December 5, 2022. This is Doe 171's first request for extension.[1]

  Non-Party Doe 171 has been represented by counsel located in the United Kingdom, and only recently retained undersigned counsel in the United States to file a narrow appeal in opposition to the release of certain sealed materials containing information that has not previously been disclosed and is likely to cause her to suffer irreparable harm if released. Undersigned counsel is attempting to access and review the relevant information, including any sealed materials, necessary to complete and file an emergency application for a stay pending appeal before the United States Court of Appeals for the Second Circuit as soon as possible, and in all events no later than **December 2, 2022**. Though undersigned counsel hopes that the Second Circuit

---

[1] In connection with this letter motion, the undersigned counsel has attempted to communicate with the other interested parties to the above referenced case but is still awaiting a response from the parties. Should any party object to the relief sought in this letter motion, the undersigned counsel will inform the Court of such a refusal promptly.

2121 NW 2nd Avenue | Suite 201 | Miami, FL 33127| 305.297.1878 |
www.axslawgroup.com



will have sufficient time to consider and rule on Doe 171's emergency application for a stay, this Court's November 19, 2022 Order only stays "the release of documents relating to her . . . until December 5, 2022." (Dkt. No. 1275). Accordingly, Doe 171 respectfully requests that this Court reform its Order, in part, to alleviate any unnecessary burden on the Second Circuit by leaving the stay in place until the Second Circuit resolves any motion for a stay pending appeal that is filed on or before December 2, 2022.

Approximately one week ago, Doe 171's undersigned counsel were retained to represent her in this matter. The privacy interests at stake in this litigation are the subject of considerable complexity that Doe 171's undersigned counsel are still attempting to digest. Although Doe 171's undersigned counsel still has not received all of the information, including the sealed materials, resulting in this Court's November 18, 2022 Order granting a motion to unseal documents pertaining to Doe 171, the Court's November 19 Order requires the unsealing of sealed materials to occur on December 5, 2022. However, it appears that at least some of the materials at issue reveal salacious and false accusations that have **not** been previously disclosed and would be potentially harmful to Doe 171's well-being if they are disclosed for the first time now. The Court's Order also appears to be based on certain misunderstandings of fact that Doe 171's undersigned counsel are currently investigating.

In short, Doe 171 does not intend to impose any bad-faith or unwarranted delay by investigating a narrowly tailored appeal that is focused on specific documents containing particularized information that has not been previously disclosed and could cause severe irreparable harm if revealed. The soonest date that Doe 171 and her undersigned counsel expect to be capable of seeking an emergency temporary stay pending appeal in the Second Circuit is December 2, 2022, only one business day before the Court's Order requires the unsealing of the documents at issue on December 5, 2022. While Doe 171's undersigned counsel have acted as promptly as possible, they hope to avoid imposing an undue burden on the Second Circuit to rule on such a motion to stay pending appeal on an emergency basis, and to prevent a manifestly unjust cat-out-of-the-bag disclosure that could potentially occur while an otherwise meritorious motion to stay pending appeal remains pending. *See generally Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678,



696 (S.D.N.Y. 2011) (reflecting that a motion for reconsideration is "properly granted" upon a showing of "a need to . . . prevent manifest injustice").

Courts in this Circuit routinely address these precise concerns by establishing a prompt deadline for a party to seek a further extension of a stay pending appeal without imposing a deadline on the Second Circuit to issue an emergency ruling. In one case, for instance, District Judge Caproni entered an unsealing order that imposed a tight deadline for any interested **party** to file a motion for an extended stay in the Second Circuit, after which time the materials would be immediately disclosed, without imposing any potentially undue burden on the **Second Circuit** to resolve the motion for an extended stay on such a strict timetable. Specifically, in an Order dated February 23, 2016 Judge Caproni provided that the materials at issue "will be disclosed with the limited Court-approved redactions on March 2, 2016, unless an interested party seeks an extended stay from the U.S. Court of Appeals for the Second Circuit on or before March 1, 2016," in which case **"the documents at issue in this Order will remain under seal until the Second Circuit rules on the request for a stay."** *United States v. Silver*, 2016 WL 1572993, at *9 (S.D.N.Y. Apr. 14, 2016) (emphasis added). Other Courts in this Circuit structure their unsealing orders in a similar fashion. *See, e.g.*, *United States v. Caicedo Velandia*, 2019 WL 6913524, at *4 (E.D.N.Y. Dec. 19, 2019) ("The unsealing of these items is STAYED for 30 days, and, if any party files a notice of appeal within that time period, the stay is continued until further order from the Court"); *United States v. Sater*, 2019 WL 3288389, at *5 (E.D.N.Y. July 22, 2019) ("[T]he docketing and unsealing of these two items shall be STAYED for 30 days, and, if the United States files a notice of appeal within that time period, thereafter until further order from the Court").

Accordingly, to avoid an undue burden on the Second Circuit and a potentially unjust cat-out-of-the-bag disclosure while the Second Circuit considers a prompt extension of this Court's stay on the release of sealed documents, Doe 171 respectfully requests that this Court reform its prior Order, in part, to stay the release of documents relating to her until December 5, 2022, unless she files a motion for extended stay in the United States Court of Appeals on or before December 2, 2022, in which case the stay shall continue pending further Order of this Court or the Second Circuit.



Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel: 305.297.1878

By: /s/ Jeff Gutchess
Jeffrey W. Gutchess
Jeff@axslawgroup.com

*Counsel for Doe 171*