

December 1, 2022

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     ***Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP**

Dear Judge Preska,

      Plaintiff writes in response to Doe 171's November 30, 2022, letter requesting "that this Court reform its prior Order, in part, to stay the release of documents relating to her until December 5, 2022, unless she files a motion for extended stay in the United States Court of Appeals on or before December 2, 2022, in which case the stay shall continue pending further Order of this Court or the Second Circuit." Dkt. 1278 at 3. Plaintiff opposes Doe 171's request.

      The basis for Doe 171's request is that she has recently retained new counsel who are still getting up to speed on this matter and who claim that the earliest they can seek a temporary stay pending appeal is December 2. *Id.* at 2. That is not a valid basis to extend the stay already provided to her by the Court's November 19, 2022, order. Dkt. 1275. Whether Doe 171 intended to seek any relief prior to December 5 was readily apparent in the approximately two weeks between when the Court issued its stay and when it was set to expire. Moreover, Doe 171 has been on notice that the Court would be ruling on whether to unseal materials related to her since the Court said as much in its November 3, 2022, order announcing that it would hold a hearing to announce its rulings on November 18. Dkt. 1271. Finally, Plaintiffs' brief addressing Doe 171's objection was filed on March 18, 2022 (Dkt. 1247), giving Doe 171 ample notice to decide on what she wanted to do in the event the Court overruled her objection.

      Doe 171 has had ample time to appeal in a non-urgent basis and she has not done so to date. Indeed, her most recent filing reveals that she engaged new counsel "approximately one week ago," yet to date has not taken any step required to seek a stay from the Second Circuit, as the Court ordered. "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks, alterations, and citations omitted). Having already been afforded a nearly two-week long stay, an extension of that time is unnecessary.

      Doe 171 has also made no showing that she is entitled to a further stay of the Court's order, and it is clear that any forthcoming appeal would be frivolous. In deciding to issue a stay pending appeal, courts consider the following:

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (internal quotation marks and citations omitted). "The party seeking the stay bears a heavy burden to establish a favorable balance of these factors." *Nat. Res. Def. Council, Inc. v. F.D.A.*, 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012) (internal quotation marks, alterations, and citations omitted).

Here, Doe 171 has not attempted to engage with these elements and cannot show that she "is likely to succeed on the merits." To the contrary, her ten-line, handwritten objection asserted only a generalized aversion of media attention which, as the Court noted, is insufficient to rebut the presumption in favor of public access. As the Court also noted, numerous sources have already identified her and published statements concerning her, which refutes her assertion that publication of these judicial documents will cause her harm.

Accordingly, the Court should deny Doe 171's request for an extension of her temporary stay pending appeal.

                                                     Sincerely,

                                                     /s/ Sigrid S. McCawley

                                                   Sigrid S. McCawley, Esq.

cc: Counsel of Record  (via ECF)