```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

VIRGINIA L. GIUFFRE,

              Plaintiff,

         v.                              15 CV 7433 (LAP)

GHISLAINE MAXWELL,

              Defendant.                 Conference
                                         (via Microsoft Teams)
------------------------------x
                                         New York, N.Y.
                                         November 18, 2022
                                         12:30 p.m.
Before:

                HON. LORETTA A. PRESKA,

                                         District Judge


                        APPEARANCES

BOIES SCHILLER & FLEXNER LLP
     Attorneys for Plaintiff
BY:  SIGRID S. McCAWLEY

HOLLAND & KNIGHT
     Attorneys for Intervenors Julie Brown and Miami Herald
     Media Company
BY:  CHRISTINE N. WALZ

ZEIGER TIGGES & LITTLE LLP
     Attorneys for Doe 183
BY:  MARION H. LITTLE, JR.
```

            THE COURT:  As we all know, this is Giuffre against Maxwell.  Today the Court announces its rulings on the unsealing of documents associated with nonparty Does 12, 28, 97, 107, 144, 147, 171, and 183.

            The Court sought the parties' views as to how to streamline the unsealing process, and the revised protocol we have now settled upon generally works as follows.  Rather than reviewing objections by document, the Court will undertake a particularized review of each document grouped by objector.

            This review will proceed in two phases.

            First, the parties brief and the Court will review the documents associated with the nonparty objectors.  And then the parties will brief and the Court will review the documents associated with the remaining nonparties who have not filed objections.

            We are now still in the first phase.  As I mentioned, upon consideration today are the objections of the second set of aid of the 16 nonparty objectors:  Does 12, 28, 97, 107, 144, 147, and 171 and 183.  The Court will announce its general findings relevant to this round of unsealing and march through the documents.

            As for the Court's general findings, to determine whether materials should be unsealed, the Court's mandate is to undertake a particularized review of each document and to (1) evaluate the weight of the presumption of public access to the

1  materials; (2) identify and evaluate the weight of any
2  countervailing interests; and (3) determine whether the
3  countervailing interests rebut the presumption.
4         The presumption of public access attaches to judicial
5  documents, those documents filed in connection with a decided
6  motion or papers that are relevant to the Court's exercise of
7  its inherent supervisory powers.
8         The documents at issue here were submitted in
9  connection with discovery motions decided by Judge Sweet.  The
10 Court concludes that if they are judicial documents, with an
11 exception or two, which I will note, to which the presumption
12 of public access attaches.  The motions at issue today are
13 largely discovery motions and related papers which presumption
14 of public access is somewhat less weighty than for a
15 dispositive motion.  It's nevertheless important to the
16 public's interest in monitoring federal courts' exercise of
17 their Article III powers.
18        With this presumption of public access in mind, the
19 Court turns to their countervailing interests at stake.  The
20 Court has considered the arguments advanced by Ms. Giuffre in
21 her briefing and the submissions from the intervenors.
22        Perhaps, most importantly, for our purposes today, we
23 have also received submissions from nonparty Does 12, 28, 97,
24 107, 144, 147, 171 and 183 who have asserted various privacy
25 interests which they contend weigh against unsealing.  These

1  objecting Does have been afforded the opportunity to respond to
2  the written positions of the parties and the herald and some,
3  but not all of them, have availed themselves of that
4  opportunity.
5          As to the parties, in the earlier rounds of unsealing,
6  Ms. Maxwell objected to unsealing on the basis that doing so
7  would imperil her right to a fair trial in what was then her
8  pending criminal trial.  She also advanced various privacy
9  interests.  Now that Ms. Maxwell's criminal trial has
10 concluded, she takes no position one way or the other on the
11 unsealing.
12         Ms. Giuffre generally supports the full unsealing of
13 42 of the documents in question relating to the nonparty Does
14 presently under consideration, given the presumption of public
15 access.
16         Public access to judicial documents and the fact that
17 much of the information that was sealed in this matter has
18 since become public in the course of Ms. Maxwell's criminal
19 trial.
20         About six documents concerning Doe number 28,
21 Ms. Giuffre supports the unsealing except for the redaction of
22 Doe 28's name.  Plaintiff takes no position as to approximately
23 26 of the documents.
24         As for the names and identifying information of the
25 objecting nonparty Does, much of the purportedly sensitive

information has already been made public in the course of Ms. Maxwell's criminal trial or otherwise in the media.

However, just because "some information relating to the documents in question already has been discussed on the public record or reported in the media does not mean that the concerned third parties have lost any remaining privacy interests in their contents." *United States v. Gatto*, 2019 WL 4194569 at *8 (S.D.N.Y. Sept. 3, 2019) (Kaplan, J.).

As I will explain, there are certain details contained within certain documents as to certain of the Does that are not public and as to which the objecting Does have set forth a sufficient interest to preserve sealing or redactions, despite the presumption of public access to these documents.

I will now go through the documents and, needless to say, these findings are a result of the Court's particularized review of each document it has considered.

As with the earlier rounds of unsealing, the Court will proceed in the order of the documents listed on the chart that the parties have very helpfully provided listing their respective positions for each document. The chart is Exhibit A to Ms. Giuffre's response in support of unsealing. The docket number of that document is 1247-1.

Here we go.

With respect to docket entry 144-6, the motion to unseal is granted. Emmy Tayler argues that her name and

identity should be sealed because she was a victim of serious abuse by Jeffrey Epstein.  The Court is generally inclined to protect the identities of victims of sexual abuse, even in the face of a presumption of public access.

However, on July 19, 2022, Ms. Tayler filed a federal lawsuit against Julie Brown, the reporter, and Harper Collins alleging that Ms. Brown's book, *Perversion of Justice*, contains allegedly defamatory statements about Ms. Tayler and her alleged association with Jeffrey Epstein.  In her complaint Ms. Tayler republishes certain allegedly defamatory statements made in the book, and she states that "from 1997 to 2001, she was employed in London and then New York as an assistant to Ghislaine Maxwell."  Numerous other public sources, including unsealed portions of Ms. Maxwell's criminal trial transcript, similarly refer to Ms. Tayler.  Accordingly, this document will be unsealed.

Document number 150-1, with respect to Doe 171, the unsealing is granted for the same reasons as mentioned above.

With respect to Doe 183, the motion to unseal is granted.  This document is a 56-page excerpt of Ms. Maxwell's deposition, and Doe 183 is referred to three times.  That Doe's relationship with Jeffrey Epstein has been the subject of intense media coverage and Doe 183's name has appeared in numerous places in unsealing portions of Ms. Maxwell's criminal trial transcript.  In the Court's view, there is no reason to

redact Doe 183's name from the document.  However, Doe 183 has asked the Court to stay unsealing to allow appellate rights to be pursued.  Accordingly, the unsealing of all of these documents with respect to Doe 183 is stayed until Monday, November 28, in order to allow Doe number 183 to seek a further stay from the Court of Appeals.

Document 153-1.  With respect to Doe 171, the unsealing motion is granted for the same reasons.

Docket entry 172, with respect to Doe 171, motion to unseal is granted.  With respect to Doe 28, the motion is denied.  On the consent of the plaintiff and in light of Doe 28's status as a victim of sexual assault who continues to experience trauma as a result of these events, Doe 28's name shall remain sealed.

Document 173-5, same with respect to Doe 171.  Same with respect to Doe 28.

With respect to Doe 144, the motion to unseal is granted.  Doe 144, Tom Pritzker, objects to the unsealing of this document on the ground that it may wrongfully harm his privacy and reputation.  The document merely shows that a witness did not recall meeting a, quote, Tom Pritzker, name misspelled, but very similar.  There is no basis for keeping this document under seal.

With respect to 183, same answer as above.

Document 173-6, same as to all of the Does:  171, 28,

1   144, and 183.
2           Document 185-3, same as to Doe 171.
3           Document 185-11, with respect to Doe 97, motion to
4   unseal is denied.  This is a situation of apparently mistaken
5   identity.  Same response as above on Doe 144.
6           Document 185-15, same responses as above to Does 183
7   and 171.
8           Document 203, same as above on Does 28 and 171, 211,
9   224, same responses as above on Does 28 and 171.
10          Document 228, same as above on Doe 171.
11          Document 232-7, same as above on Doe number 144.
12          Document 235-4, same responses as above as to Does 97,
13   107, 144, and 171.
14          Document 235-12, same as above for Does 107 and 171.
15          Document 247-2, same as above with respect to Doe
16   number 144.
17          Document 249-4, same as above for Doe 171 and 28.
18          Document 249-13, same as above with respect to Does
19   144, 97, 183, 171, 28, and 107.
20          Document 272-5, same as above with respect to Doe 171.
21          Document 280-1, same as above with respect to Does 28,
22   97, 107, 144, and 171, and 183.
23          Document 315, same as above with respect to Doe number
24   183.
25          Document 316-7, same as above with respect to Doe 183.

             Document 320, same as above with respect to Doe 171.

             Document 321-1, this is identical to document 280-1 and the same rulings apply.

             Document 321-5, same as above with respect to Does 28, 97, 107, 144, and 183.

             Document 321-6, same as above with respect to Does 28, 144, 171, and 183.

             Documents 338, 338-3, 338-6, 338-7, same as above with respect to Doe number 28.

             Document 339, same as above with respect to Does 28, 171, and 183.

             Document 340-3, same as above with respect to Does 28, 171, 183.

             Document 340-4, same as above, Doe 183.

             Document 350, same as above with respect to Doe 28.

             Document 363-7, same as above with respect to Does 28, 97, 107, 144, 171, and 183.

             Actually, I take that back.  Let me do document 363-7 again.

             This is a deposition excerpt from a Florida state litigation attached by Mr. Dershowitz to his motion to intervene in this case.  The document played no apparent role in the Court's decision on the motion.  Thus, any presumption of public access to this document is barely cognizable and, accordingly, the objections of the Does to this document being

1   unsealed are sustained.  So the motion to unseal 363-7 is
2   denied.
3           With respect to document 368, same as above regarding
4   Doe 183.
5           With respect to document 369-1, same as above with
6   respect to Does 128, 144, 171, and 183.
7           With respect to document 369-5, same as above with
8   respect to Does 28 and 171.
9           With respect to document 369-10, same as above with
10  respect to Doe 183.
11          Document 407-4, same as above with respect to Doe 171.
12  Same thing with respect to document 407-9, same as above as to
13  Doe 171.
14          Document 407-10, same as above with respect to Doe
15  183.
16          Document number 423-4, same as above with respect to
17  Does 28, 97, 107, 144, 171, and 183.  Except to the extent that
18  this document contains personal information, such as addresses
19  and that sort of thing, that personal information should be
20  redacted.
21          With respect to document 435, same as above with
22  respect to Doe 144.
23          Document 450-1, same as above with respect to Doe 97,
24  28, and 171.
25          With respect to document 482-1, same as above with

1  respect to Doe 28.
2              Document 510-3, same as above as to Doe 144.
3              Document 514-3, same as above with respect to Doe 144.
4              Document 515, same as above with respect to Doe 183.
5              Documents 591, 576, 640, 641, 641-2, 655, 656, and
6  656-1, 656-2, 656-3, 656-4, 656-5, 656-6, and 656-7, same as
7  above on all these documents with respect to Doe 147s.
8              Continuing on, document 656-8, 656-9, and 700, same as
9  above with respect to Doe 147.
10             Document 701-1, same as above with respect to Does --
11 there is no same as above as to Doe 12.  As to Doe 12, the
12 motion to unseal is denied.  Doe 12 is a classic outsider,
13 peripheral to the events at issue.  Doe 12 is neither a victim
14 nor associated with Epstein or Maxwell.  Any reference to Doe
15 12 played no apparent role in Judge Sweet's ruling on the
16 discovery motion to which this document was attached.  And Doe
17 12 was not mentioned, so far as the Court is aware, at
18 Ms. Maxwell's criminal trial.  With respect to document 701-1,
19 the motion to unseal with respect to Doe 12 is denied.
20             With respect to Does 144 and 147, the motion to unseal
21 is granted, as per the same reasons as above.
22             With respect to documents 701-2, 707, 708, 714, 715,
23 715-2, and 947, same result as above with respect to Doe 147.
24             Document 947-1, same as above with respect to Does 12
25 and 147.

1    Counsel, I think I've gotten my way through this.  If
2  you discover any mistakes or inconsistencies, let me know, but
3  I'll ask counsel to confer in the manner you have in the past
4  and prepare the documents for unsealing and posting on the
5  docket sheet.
6    I'll just remind you that with respect to Doe 183, the
7  unsealing is stayed until Monday, November 28, to allow that
8  Doe to seek a further stay from the Court of Appeals.
9    Any questions, concerns, or mistakes I made, counsel?
10    MS. McCAWLEY:  Judge, I tried to pay very close
11  attention, but I think I missed one, and that was Doe 107.  I'm
12  unclear as to whether that is sealed or unsealed as to Doe 107.
13    THE COURT:  Where do you see Doe 107 appearing first,
14  Ms. McCawley, please?
15    MS. McCAWLEY:  I think the first appearance of Doe
16  107, if I'm doing this correct, is in 249-13.
17    THE COURT:  107.  With respect to Doe 107, the motion
18  to unseal is granted.  Doe 107 objects essentially on the
19  grounds that unsealing would connect that Doe with this case
20  and would unnecessarily invade Doe 107's privacy.  But
21  generalized concerns of adverse publicity do not outweigh the
22  presumption of public access, and the information contained in
23  these excerpts is not particularly salacious, as opposed to the
24  some of the other information we have all seen.  Accordingly,
25  the Court concludes that the presumption of public access

1   overcomes any generalized interest that Doe 107 might have.
2             Thank you for catching me on that, Ms. McCawley.
3             MS. McCAWLEY:  I have one more.
4             THE COURT:  Yes, ma'am.
5             MS. McCAWLEY:  I think I heard you correct.  This
6   shows up for the first time, Judge, in docket entry 591 and
7   it's Doe 147.  I believe you said that remained sealed.  But I
8   just want to confirm that.
9             THE COURT:  That, I think, is not correct with respect
10  to Doe 147.  The motion to unseal has been granted for the
11  reason that I stated with respect to document 144-6.
12            MS. McCAWLEY:  OK.  Thank you, your Honor.
13            THE COURT:  That was the first document we did.
14            Does that appear consistent to you?
15            MS. McCAWLEY:  Let me see.  The first document we
16  did --
17            THE COURT:  I'm sorry.  You are right.  147.  Hold on.
18  I was mistaken.
19            MS. McCAWLEY:  147 first shows up at docket entry 591,
20  so the very back that you were just doing.
21            THE COURT:  I am having trouble finding my note on
22  that one.  I'm sorry, Ms. McCawley, to hold these people up.
23            MS. McCAWLEY:  That's totally fine.  That individual
24  is in a number of entries.
25            THE COURT:  Let me just add this.  I am looking at

1    another note here.  To the extent that there is personal
2    contact information in any of these excerpts, needless to say,
3    that should remain sealed.
4             While I'm looking through these notes, I will thank
5    counsel yet again for organizing the chart in such a helpful
6    manner.
7             MS. McCAWLEY:  Thank you, your Honor.
8             THE COURT:  Thank you for catching me on that.
9             With respect to Doe number 147 -- I'm looking, first,
10   at document 591, which is a letter to the Court regarding
11   reopening discovery.  The motion to unseal is granted.  This
12   letter generally identifies Ms. Ransome as an individual with
13   information relevant to the case and thus whose deposition
14   should be taken.
15            Ms. Ransome, apparently a victim of sexual trauma and
16   abuse by Mr. Epstein, testified publicly at Ms. Maxwell's
17   sentencing on June 28, 2022 about the details of her abuse.
18   She said at the hands of Mr. Epstein and Ms. Maxwell.
19   Ms. Ransome also published a book about her experiences called
20   silenced no more and recently published an op-ed in the
21   Washington Post on July 18, 2022, further describing her
22   background and experiences.  Thus, because this information is
23   already public and because Ms. Ransome has put herself out into
24   the public forum relating to these issues and because the
25   presumption of public access attaches to the document, document

1   number 591 should be unsealed.

2           With respect to the other documents mentioning Doe
3   147, they shall be unsealed as well.

4           I think some of those documents also had some personal
5   contact information.  Of course that should be excluded from
6   the production.

7           One more.  I'm looking at document 641-2.  That should
8   be unsealed, except page 204, line 14 through page 206, line 25
9   shall remain sealed because it contains sensitive medical
10  information.  I'm sorry.  Did I interrupt someone?

11          MS. McCAWLEY:  That was me interrupting you.  I
12  apologize, your Honor.

13          The only other issue, question I have, just so I'm
14  clear, at the beginning of this you asked me if everybody was
15  on and I didn't realize.  I didn't see whether -- there are
16  some phone numbers, but I'm unclear if Ms. Menninger is on.
17  Could you give us time to confer with her on the timing of when
18  we have a trial coming up.  Also, the holidays.  We probably
19  need to -- December 8 is what we are looking at for our portion
20  of it.  I would need to confer with her to see how quickly her
21  staff can help, and we can divide it up.

22          THE COURT:  Yes, ma'am.  Just let me know what works
23  for you people.

24          MS. McCAWLEY:  Thank you so much.

25          THE COURT:  Good afternoon, counsel.  Thank you for

1  being on.

2  　　　　　MR. LITTLE:  Your Honor, if I may, as to Doe 183, I do

3  not believe the Court ruled as to excerpt 185-15 or excerpt

4  249-13.

5  　　　　　THE COURT:  I am going to have go look for those.

6  　　　　　Is there any reason why the ruling should not be same?

7  　　　　　MR. LITTLE:  As to 249-13, I believe it would be the

8  same, your Honor.  However, as to 185-15, I believe it might be

9  different.

10  　　　　　THE COURT:  Let me look.  185-15.

11  　　　　　MS. McCAWLEY:  It would be toward the beginning, your

12  Honor, of your list.

13  　　　　　THE COURT:  Yes, ma'am.  I have it right in front of

14  me.

15  　　　　　With respect to that, I take it, counsel, that your

16  argument, I think I recall it as being that this document has

17  really minimal presumption of public access because it's just

18  notes.

19  　　　　　MR. LITTLE:  That is correct, your Honor.

20  　　　　　THE COURT:  In that case, I stand corrected.  Thank

21  you for bringing that to my attention.

22  　　　　　With respect to document 185-15, these are notes of a

23  teleconference, so obviously they played no part in Judge

24  Sweet's decision on the motion and, thus, the presumption of

25  public access does not attach.

1          Accordingly, the motion to unseal 185-15 is denied
2    both as to 183, Doe 183 and 171.
3          Thank you, counsel, for your assistance.
4          MR. LITTLE:  Thank you, your Honor.
5          THE COURT:  Anything else, ladies and gentlemen?
6          MS. WALZ:  Your Honor, after counsel have had an
7    opportunity to confer, will you let us know when the unsealing
8    is expected?
9          THE COURT:  Yes, ma'am.  I am sure counsel will be
10   happy to let you know.
11         MS. WALZ:  Thank you.
12         THE COURT:  Happy Thanksgiving.
13         MS. McCAWLEY:  Thank you, Judge.
14         THE COURT:  Thank you.
15         Thank you, Ms. Phillips.
16         (Adjourned)