

December 5, 2022

**VIA CM/ECF**
The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

```
Counsel for Plaintiff, Defendant, and the
Herald shall submit letter responses, if
any, by December 7, 2022.

SO ORDERED.
```

*Loretta A. Presla*
12/5/2022

**RE: *Giuffre v. Maxwell*, Case No. 1:15-cv-07433-LAP**

Dear Judge Preska:

On November 18, 2022, this Court held a videoconference to announce its *ore tenus* ruling to unseal 29 of 30 documents pertaining to Doe 171. On November 23, 2022, our firm was retained to represent Doe 171 in this matter, and we now write to respectfully request two different forms of relief on an expedited basis, in light of their gravity and potential effect on a pending appeal.

First, Doe 171 respectfully requests that this Court provide modest relief from its *ore tenus* unsealing order to remain consistent with its treatment of other Non-Party Does who continue to experience trauma as a result of the events that are the subject of this litigation by "keeping [her] name sealed in excerpts that discuss . . . sexual abuse." Doc. 1247 at 4 (Plaintiff consenting to such relief as to Doe 28); *accord* Nov. 18, 2022 Hr'g Tr. at 7 ("**Hr'g Tr.**") (this Court granting such relief as to Doe 28).

Based on the information available to us, Doe 171's requested relief pertains to at most 13 of the of the 29 documents that this Court unsealed, identified as the "**Confidential Records**"—namely, Doc. Nos. 144-6, 150-1, 172, 173-5, 173-6, 180-1, 211, 235-4, 249-13, 321-1, 363-7, 369-5, and 423-4. (Doe 171 agrees with this Court's determination that Doc. No. 185-15 properly remains under seal, does not seek review of this Court's determination to unseal the remaining documents, and will likely narrow her request for unsealing even further, upon being provided the



information necessary to evaluate her privacy interests at stake.) *See also* Appendix (Summary Chart).[1]

While Doe 171 strenuously maintains her right to remain anonymous, which precludes her from confirming or denying any details about her ordeals two decades ago, she unquestionably continues to experience trauma similar to that of at least one other Non-Party Doe whose privacy and identity this Court protected with Plaintiff Virginia Guiffre's consent. *See* Doc. 1247 at 4; Hr'g Tr. at 7.[2]

Yet, in its November 18, 2022 *ore tenus* order, this Court ultimately identified Doe 171 and stated that she was not entitled to any relief based on purported public disclosures that do not encompass the information contained in the documents subject to unsealing under this Court's *ore tenus* unsealing order. Hr'g Tr. at 6.

With the utmost respect, Doe 171 believes that the Court was misled or mistaken in determining that further unsealing as to Doe 171 was warranted based on the implicit conclusion(s) that: (a) Doe 171 does not "continue[ ] to experience trauma as a result of the events" described in the Confidential Records; (b) the materials allegedly pertaining to Doe 171 in the Confidential Records had ever been previously disclosed before; and/or (c) the materials allegedly pertaining to Doe 171 in the

---

[1] For instance, Doe 171 has not received Doc. 211, and thus only requests that it remain under seal in an abundance of caution pending her ability to review it and determine whether to withdraw her objection. In addition, Doe 171 cannot determine whether certain deposition excerpts unsealed in this Court's *ore tenus* order have already been publicly disclosed, and thus requests that those excerpts remain under seal in an abundance of caution pending review of any prior public disclosures of those excerpts.

[2] This Court also correctly noted that: (a) these documents comprise "discovery motions and related papers [for] which [the] presumption of public access is somewhat less weighty than for a dispositive motion"; and that, (b) even if any anonymous non-parties' "names and identifying information [have] already been made public," that "does not mean that the concerned third parties have lost any remaining privacy interests in their contents." Hr'g Tr. at 4-5.



Confidential Records are otherwise appropriate for public disclosure for the first time now.³

In sum, contrary to this Court's apparent misapprehension, our investigation indicates that Doe 171 has never been publicly associated with the scandalous and intimate activities described in most or all the Confidential Records before, meaning that this Court's *ore tenus* order stands to compound the hardships imposed by its prior rounds of unsealing, which would be particularly tragic given Doe 171's unique interests that she cannot fully disclose as explained in more detail immediately below. Regrettably, however, it appears that this Court appears overlooked, misunderstood, or mistook certain critical information that was timely presented in accordance with this Court's instructions for the Non-Party Does to submit their opposition to unsealing on an *ex parte* basis, resulting in a need for correction to avoid a manifest injustice which presents an imminent risk of causing grave trauma and imminent physical harm to Doe 171.

Second, Doe 171 requires this Court's clarification regarding the Court's standards and procedures for maintaining the confidentiality of *ex parte* submissions for purposes of explaining the basis of her concerns and providing a supporting declaration.

Our initial investigation indicated that Doe 171 reasonably believed that this Court had permitted the Non-Party Does to oppose unsealing in *ex parte* submissions if the

---

³ Further investigation is required to determine whether, how, and why it appears that Doe 171 has seemingly been repeatedly deprived of notice or an opportunity to respond before she is publicly identified by this Court's unsealing orders. For instance, Doe 171 reports that she was not advised before her name was identified for the very first time in an initial round of unsealing that took place in August 2019, which has apparently been cited as justification for allowing further harmful disclosures as to her. Similarly in connection with this round of unsealing, Plaintiff Virginia Guiffre acknowledged that she had "mistake[nly]" "used the incorrect Doe number" to identify Doe 171, which deprived Doe 171 of any notice of the potential unsealing until the afternoon on the day of the deadline for the parties to file their opening briefs, before demeaning Doe 171's supposedly paltry "single[-]paragraph response" as a basis for rejecting her opposition to unsealing. Doc. 1247 at 15 & n.11.



basis for their opposition consisted of sensitive and private information that would itself be harmful if disclosed to the adversely situated parties and intervenors in the case. But, immediately after Doe 171's undersigned counsel appeared in the case last week, counsel for Plaintiff Virginia Guiffre demanded that they produce Doe 171's prior *ex parte* submissions, which has caused them to question the intended operation of Court's procedures for Non-Party Does to oppose unsealing based on private facts.

Doe 171 and her undersigned counsel require urgent clarification of this Court's *ex parte* procedures—not only to substantiate her basis for seeking relief with respect to the Court's *ore tenus* unsealing order, but also to explain the basis of another independent potential invasion of her privacy interests. Specifically, during the November 18, 2022 videoconference, it appears that this Court—albeit seemingly inadvertently—made incidental assertions that could be prejudicial to Doe 171 if they were to be further disseminated.

But Doe 171 does not feel secure explaining the basis for her concerns or providing the Court with the declaration necessary to substantiate them to the extent that there is a difference in understanding with respect to the scope and effect of this Court's procedures for maintaining the confidentiality of *ex parte* submissions. If this Court, in fact, permits the Non-Party Does to express their privacy concerns on an *ex parte* basis to avoid making additional harmful disclosures to the adverse parties, intervenors, and other potential bad actors, then Doe 171 would appreciate an opportunity to do so.

Accordingly, Doe 171 respectfully requests that this Court: (a) exercise its inherent supervisory authority to provide Doe 171 relief from its *ore tenus* unsealing order through the use of the "powerful tools" available to "protect[ ] the integrity of the judicial process" and prevent undue harm to Doe 171's privacy and reputation" that would result if such "damaging material" were to "irrevocably enter[ ] the public record," *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); (b) clarify whether it will accept and maintain the confidentiality of Doe 171's proposed *ex parte* submissions—including a declaration—necessary to explain and substantiate her position in this matter; (c) establish a prompt schedule for any additional briefing or hearing (*ex parte* or otherwise) that this Court deems necessary for the parties to address any of these urgent and delicate matters in more comprehensive detail; and/or (d) to the extent that this Court determines that it "lacks authority" to grant



any particular form of relief "because of an appeal that has been docketed and is pending, . . . state either that it would grant" the relief requested "if the court of appeals remands for that purpose," or at least that Doe 171 "raises a substantial issue" deserving of deliberation. Fed. R. Civ. P. 62.1(a).

Finally, while this particularly sensitive matter remains under advisement, Doe 171 respectfully requests that this Court limit any further dissemination of the November 18, 2022 hearing transcript, including redacting or sealing (at least temporarily) the following pages and lines of the transcript that personally identify her: **page 5, line 24 through page 6, line 16**. *See* Docs. 1283 & 1284 (notices of filing official transcript).

        Very respectfully submitted,

        **AXS LAW GROUP, PLLC**
        2121 NW 2nd Avenue, Suite 201
        Miami, FL 33127
        Tel: 305.297.1878

        By: /s/ Jeff Gutchess_____
        Jeffrey W. Gutchess
        Jeff@axslawgroup.com

        *Counsel for Doe 171*



# APPENDIX

## SUMMARY OF DOE 171'S POSITION AS TO SEALING CONFIDENTIAL RECORDS

| Doc. No. | Doe 171's Position |
|---|---|
| 144-6 | Seal, pending opportunity to review any prior disclosures |
| 150-1 | Seal, pending opportunity to review any prior disclosures |
| **172** | **Seal; not previously disclosed and harmful** |
| **173-5** | **Seal; not previously disclosed and harmful** |
| 173-6 | Seal, pending opportunity to review any prior disclosures |
| 180-1 | Seal, pending opportunity to review any prior disclosures |
| **211** | **Seal, pending opportunity to this document** |
| 235-4 | Seal, pending opportunity to review any prior disclosures |
| 249-13 | Seal, pending opportunity to review any prior disclosures |
| 321-1 | Seal, pending opportunity to review any prior disclosures |
| 363-7 | Seal, pending opportunity to review any prior disclosures |
| 369-5 | Seal, pending opportunity to review any prior disclosures |
| 423-4 | Seal, pending opportunity to review any prior disclosures |