

December 7, 2022

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Giuffre v. Maxwell*, **Case No. 15-cv-7433-LAP**

Dear Judge Preska,

Plaintiff writes in response to Doe 171's December 5, 2022, letter.  Dkt. 1285.  Doe 171's letter asks the Court to reconsider its unsealing order with respect to "13 of the 29 documents that this Court unsealed," based on her assertion that the Court's ruling was somehow inconsistent with its prior orders concerning other Non-Party Does.  *Id*. at 1.[1]  Doe 171's motion is procedurally and substantively deficient and should be denied outright.

While Doe 171 filed her letter as a "motion to seal," it is instead clearly a motion for reconsideration governed by Local Civil Rule 6.3.  That rule provides that any motion for reconsideration "shall be served withing fourteen (14) days after the entry of the Court's determination of the original motion" and "shall" include "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  S.D.N.Y. Local Civ. R. 6.3.  Any motion by Doe 171 seeking reconsideration of the Court's November 18, 2022, rulings was due on December 2, 2022, and her motion is therefore untimely.  Moreover, Doe 171's motion does not cite *any* new (let alone controlling) legal authorities that the Court failed to consider in its initial ruling, and instead rehashes the same generalized and conclusory arguments that she included in her initial objection to unsealing, which the Court already considered.  Doe 171's motion also does not directly address the Court's sound and obvious reason for unsealing, which is that numerous public sources, including a federal complaint she herself voluntarily filed, have already identified her, and described her relationship with Jeffrey Epstein.  On these bases alone, Doe 171's motion fails.  *See* Dkt. 1211 at 2 (Feb. 8, 2021, order denying Maxwell's motion for reconsideration and holding that "reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided").

Doe 171's filing also includes several errors that require correction.  For example, Doe 171 claims that she never received one of the documents at issue, DE 211, which was part of the Court's November 18, 2022, ruling.  Dkt. 1285 at 2 n.1.  But in a December 10, 2020, email from her attorneys at Manleys Solicitors to chambers, Doe 171 submitted her objection to unsealing to the Court, attaching the excerpts relating to her over which she sought continued sealing.  DE 211 was

---

[1]    On December 6, 2022, Doe 171 requested that an additional three docket entries remain under seal.  Dkt. 1288.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

included in that submission, rendering her current assertion that "Doe 171 has not received Doc. 211" demonstrably false.

Doe 171 also asserts that "Doe 171 has never been publicly associated with the scandalous and intimate activities described in most or all of the Confidential Records." *Id.* at 3. That is also untrue. As the Court explained in its November 18, 2022, ruling, Doe 171 filed a federal lawsuit against Julie Brown, a reporter, over her book, *Perversion of Justice: The Jeffrey Epstein Story*, claiming that the book republishes allegedly defamatory statements about Doe 171. Nov. 18, 2022, Hr'g Tr. 6:5–16. Moreover, as the Court observed, Doe 171 was referred to throughout Maxwell's criminal trial. *Id.* Material related to her was also already unsealed in *Brown v. Maxwell*, as part of the summary judgment record, which unsealing occurred before this Court's process began.[2]

Doe 171 also claims that she was denied notice of any unsealing. Dkt. 1285 at 3 n.3. That, too, is untrue. Doe 171 submitted her objection to unsealing on December 10, 2020, and Plaintiff responded to it, among others, on March 18, 2022, in accordance with the relevant briefing schedule. Doe 171's counsel inquired as to her Doe number and, on March 19, 2022, Plaintiff advised her counsel at Manleys that her Doe number was 171 and that she could submit a reply submission by April 8, 2022, which Doe 171 ultimately did in an *ex parte* submission.[3] Because Doe 171 would not have been able to reply to Plaintiff's brief before it was filed, it is unclear why she believes she was prejudiced by having three full weeks to draft her reply brief. Since then, Doe 171 unambiguously knew her Doe number, and, on November 3, 2022, the Court publicly scheduled its hearing on the latest batch of objections for November 18, 2022. Dkts. 1271; 1273. Indeed, Doe 171's counsel was included on the calendar invitation sent on November 16, 2022, for the upcoming November 18, 2022, hearing. Doe 171 plainly had notice throughout these proceedings.

Doe 171 also requests clarification on the Court's standards concerning *ex parte* submissions, asserting that she "reasonably believed that this Court has permitted the Non-Party Does to oppose unsealing in *ex parte* submissions if the basis for their opposition consisted of sensitive and private information that would itself be harmful if disclosed to the adversely situated parties and intervenors in the case." Dkt. 1285 at 4. No clarification is required, however, as neither the Court's unsealing protocol nor the Court's statements ever suggested that *ex parte* submissions were permitted, given that the disputes concern documents that the parties themselves have access to. To Plaintiff's knowledge, Doe 171 is the only Non-Party Doe that has submitted materials to the Court without copying the parties.

---

[2]    Doe 171 notes that she was not provided notice of her name being unsealed as part of the Court of Appeals' unsealing of the summary judgment record. Dkt. 1285 at 3 n.3. But the unsealing conducted by the Second Circuit predated this Court's unsealing process and was the result of that court's review and analysis of the presumption of public access to those judicial documents. *See Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).

[3]    Doe 171 has to date refused to provide Plaintiff with all *ex parte* submissions or briefs she provided to the Court.

Finally, Doe 171 asks that the Court redact portions of the November 18, 2022, hearing transcript—specifically the positions mentioning her.  There is no basis, however, for sealing the transcript to a public hearing that was attended by several members of the press and has already been reported on, and Doe 171's motion fails to provide any justification for the Court to undertake such a pointless endeavor.

For the foregoing reasons, the Court should deny Doe 171's motion in its entirety.

Sincerely,

/s/ Sigrid S. McCawley

Sigrid S. McCawley, Esq.

cc:  Counsel of Record  (via ECF)

3