# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 212-513-3368
Christine.Walz@hklaw.com

December 7, 2022

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   INTERVENORS' LETTER IN RESPONSE TO DOE 171'S LETTER
MOTION TO RECONSIDER, DKT. 1285
*Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP

Dear Judge Preska:

Intervenors Julie Brown and Miami Herald Media Co. respectfully submit this letter to oppose Doe 171's – whom this Court has identified as Emmy Tayler – letter motion to reconsider regarding unsealing, dated December 5, 2022. (Dkt. 1285). Doe 171 has failed to meet the standard necessary for reconsideration, and has provided no legitimate basis for continuing to seal documents in this matter. Thus, Intervenors respectfully request that her motion to reconsider be denied.

Notably absent from Doe 171's motion is the standard applicable to a motion to reconsider. This is likely because Doe 171 fails to even attempt to meet it. A motion for reconsideration may only be granted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020) (citing *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001)). The standard applicable to a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Sussman v. Newspaper & Mail Deliverers' Union of New York & Vicinity*, No. 16-CV-7659 (PKC), 2020 WL 4288029, at *2 (S.D.N.Y. July 27, 2020) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

December 7, 2022
Page 2

Doe 171 does not point to any case law, nor any data that the Court overlooked in her motion asking the Court to reconsider the November 18, 2022 *ore tenus* unsealing order. Doe 171 simply asserts that she "believes that the Court was misled or mistaken in determining that further unsealing as to Doe 171 was warranted" based on "implicit assumptions." Dkt. 1285 at 2. However, any assumptions the Court made were well founded, and the Court's ultimate ruling was correct and should not be reconsidered.

Doe 171's motion asserts that she "maintains her right to remain anonymous," yet her anonymity has been long gone, largely due to her own initiation of a lawsuit this past summer. The Court's November 18, 2022 ruling identified Doe 171 by name as Emmy Tayler. That ruling discussed how "on July 19, 2022, Doe 171 filed a federal lawsuit against Julie Brown, the reporter, and Harper Collins, alleging that Ms. Brown's book, *Perversion of Justice*, contains allegedly defamatory statements about Doe 171 and her alleged association with Jeffrey Epstein." This Court's ruling also highlighted that Doe 171 was mentioned by name in Ms. Maxwell's criminal trial, directly connecting her to Jeffrey Epstein and Ghislaine Maxwell.

Further, testimony from Ms. Maxwell's trial and other litigation has identified Doe 171 as a contributor to the abuse, rather than a victim of sexual assault, and there is no right of a person accused of misconduct to remain anonymous. Even if a portion of the information contained in the documents hasn't yet been disclosed, Doe 171 cannot choose to share certain information in litigation she initiates, and then attempt to shield information from the public when it is unfavorable to her. Given the fact that these same factual and legal issues are likely to be of critical importance in Doe 171's own lawsuit, she should not be allowed to use sealing to restrict access to information that could be relevant to that lawsuit. She cannot use the legal system as a sword in one instance and a shield in another.

Doe 171 continues to try to keep information that she has chosen to speak publicly about secret in this case. Intervenors note that the documents Doe 171 seeks to keep private are judicial documents, "to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). The documents at issue should have been unsealed a long time ago, and thus the decision to unseal made in the Court's November 18, 2022 ruling should remain intact.

Further, Doe 171's request that the Court redact or seal portions of the November 18, 2022 hearing transcript of a *public* hearing that has already been disseminated widely, including attached in publicly available filings in the Second Circuit, is out of step with the presumption of public access to court proceedings.

As the public is already aware of the relevant information, and because of the critical nature of the issues in this litigation, as well as other relevant litigation, there is no basis for continued secrecy. Doe 171 has failed to meet the standard necessary for a motion to reconsider and, further, there is no plausible basis for keeping documents concerning allegations of Doe 171's involvement

December 7, 2022
Page 3

in sexual abuse private.  For the foregoing reasons, Intervenors respectfully request that the Court deny Doe 171's December 5, 2022 Motion for Reconsideration of the *Ore Tenus* Unsealing Order.

                                              Sincerely yours,

                                              HOLLAND & KNIGHT LLP

                                              /s/ Christine N. Walz
                                              Christine N. Walz
                                              Cynthia A. Gierhart