```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>              Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>              Defendant. | 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    On November 18, 2022, the Court ordered the unsealing of certain documents pertaining to, among others, Doe 171 ("November 18 Order"). (Dkt. no. 1283.) On November 19, 2022, the Court granted Doe 171 a stay through December 5, 2022, pending appeal, of the release on documents relating to her. (Dkt. no. 1275.) On November 30, 2022, Doe 171 requested that the stay be extended until the Court of Appeals ruled on her request for a stay of the release of documents related to her (dkt. no. 1278), which the Court granted on December 1, 2022 (dkt. no. 1281). Doe 171 filed her Notice of Appeal on December 1, 2022 (dkt. no. 1280), and her appeal of the Court's November 18 Order is currently pending before the Court of Appeals (dkt. no. 1291).

    On December 5, 2022, Doe 171 submitted a document categorized as a letter motion to seal (the "December 5 Motion") requesting that the Court (i) seal certain documents that the

1

Court ordered unsealed in its November 18 Order, (ii) clarify whether it will accept and maintain as confidential additional *ex parte* submissions in further support of her request to seal, (iii) establish a schedule to address the issues related to the sealing of documents pertaining to Doe 171, and (iv) seal portions of the November 18 Order transcript pertaining to Doe 171.  (Dkt. no. 1285.)[1]  On December 7, 2022, Plaintiff Virginia Giuffre and Intervenors Julie Brown and the Miami Herald Media Co. (the "Herald") submitted letter responses opposing Doe 171's December 5 Motion. (Dkt. nos. 1289, 1290.)

On December 8, 2022, Doe 171 submitted a letter seeking a conference with the Court to address (i) her request to redact the November 18, 2022 Order transcript and (ii) Ms. Giuffre and the Herald's purported use of unidentified "information that Doe 171 is presently fighting and exercising her appellate rights to keep under seal" in their December 7 response letters to this Court and their briefs in the Court of Appeals.  (Dkt. no. 1292.)  Ms. Giuffre submitted a letter response requesting that Doe 171's request be denied.  (Dkt. no. 1293.)

---

[1] On December 5, 2022, Doe 171 also filed a Notice of Intention to Request Redaction, requesting that the November 18 Order transcript not be made electronically available until the Court ruled on Doe 171's December 5 Motion.  (Dkt. no. 1287.) On December 6, 2022, Doe 171 submitted a supplemental letter requesting that the Court seal additional documents that the Court ordered unsealed in its November 18 Order.  (Dkt. no. 1288.)

Upon due consideration of the submissions set forth above, the relief requested in Doe 171's December 5 Motion is DENIED.

## I. BACKGROUND

In accordance with *Brown v. Maxwell*, 929 F.3d 41, 49-51 (2d Cir. 2019), the Court has been conducting an individualized review of materials that were previously sealed (the "Sealed Materials") in the underlying litigation in this case. The Court reviews the Sealed Materials to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access.

To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopted a protocol ("Order and Protocol for Unsealing Decided Motions") that, among other things, required that the original parties to the litigation use their best efforts to provide non-parties whose privacy, reputational, or other interests may be implicated by the unsealing of the Sealed Materials (the "Non-Parties") with notice that documents pertaining to them were being considered for unsealing ("Notice to Non-Parties"). (Dkt. no. 1108 at 1-2.) The Notice to Non-Parties provided the Non-

Parties with a copy of the Court's Order and Protocol for Unsealing Decided Motions, informed the Non-Parties that they were entitled to request excerpts of the Sealed Materials pertaining to them, and provided the Non-Parties with fourteen days to file any objections to the unsealing of materials that identified them.  (Dkt. no. 1044 at 6-13.)  The Order and Protocol for Unsealing Decided Motions informed the Non-Parties that they were permitted to file a memorandum of law in support of their objection.  (Dkt. no. 1108 ¶ 2.d.)

On October 10, 2020, via counsel, Doe 171 acknowledged receipt of the Notice to Non-Parties and the Court's Order and Protocol for Unsealing Decided Motions and requested the opportunity to review the excerpts pertaining to her.  On December 10, 2020, via counsel, Doe 171 acknowledged receipt of all of the excerpts pertaining to her and submitted her objection.  Doe 171 requested redactions to every single excerpt and attached each excerpt to her submission with proposed redactions.  Every excerpt that the Court unsealed in its November 18 Order was included in this request, meaning that Doe 171 received all relevant excerpts.  Doe 171 did not submit a memorandum of law in support of her objections and requests for redactions.

On February 16, 2022, the Court entered a briefing schedule to address the objections of a group of Non-Parties that

4

included Doe 171, but mistakenly identified her as Doe 169. (Dkt. no. 1245.)  The Court ordered the original parties to submit opening briefs by March 18, 2022, the Herald to file a responsive brief two weeks later, the objecting Non-Parties to file a reply in response to the parties' and the Herald's briefs a week after the Herald filed its responsive brief, and the original parties to file any reply briefs two weeks after that. (Id.)  Doe 171 was informed that she was mistakenly identified as Doe 169 the day that the *original parties* were required to file their opening briefs responding to the Non-Parties' objections.  (Dkt. No. 1285 at 3 n.3.)  Thus, Doe 171 had the full three weeks allotted to each of the Non-Parties to file their replies in further support of their objections.  Doe 171 submitted her reply on April 7, 2022 and asked that her submission *not* be shared with the parties pursuant to the Order and Protocol for Unsealing Decided Motions but instead be treated *ex parte* due to its sensitivity, which the Court permitted based on that specific request.

On November 3, 2022, after acknowledging receipt of the briefing regarding the objections to unsealing submitted by the relevant Non-Parties, the Court publicly scheduled a hearing regarding the unsealing of documents related to, among others, Doe 171 for November 18, 2022.  (Dkt. nos. 1271, 1273.)  Doe 171's counsel was also provided an invitation to that hearing

5

and attended.  At the November 18 hearing, the Court again acknowledged receipt and consideration of the Non-Parties' submissions and briefing.  (Dkt. no. 1283 at 3-4.)  The Court proceeded to issue its November 18 Order unsealing documents pertaining to, among others, Doe 171.

Doe 171 sought a stay of the unsealing of documents pertaining to her to provide her an opportunity to appeal the November 18 Order, which the Court granted.  (Dkt. nos. 1275, 1278, 1281.)  Doe 171 filed her Notice of Appeal on December 1, 2022 (dkt. no. 1280), and her appeal of the Court's November 18 Order is currently pending before the Court of Appeals (dkt. no. 1291).  While that appeal was pending, Doe 171 filed her December 5 Motion requesting, among other things, that the Court "exercise its inherent supervisory authority to provide Doe 171 relief from its" November 18 Order.  (Dkt. no. 1285 at 4.)

II. **DISCUSSION**

The Court assumes without deciding that Doe 171's filing of her Notice of Appeal did not oust the Court of jurisdiction.

As set forth in detail above, Doe 171 had ample notice and opportunity to participate in the unsealing process, which Doe 171 availed herself of.  Doe 171 submitted both her objection to unsealing and a reply in further support of her objection.  The Court carefully considered, and acknowledged considering, Doe 171's submissions and the original parties and the Herald's

briefs.  In other words, Doe 171 chose what facts and issues of law to raise in those submissions and was heard by the Court prior to the Court's November 18 Order.  Thus, nomenclature and careful drafting aside, Doe 171's December 5 Motion, which seeks to retread the propriety of unsealing a subset of the unsealed documents, is a motion for reconsideration of the Court's November 18 Order.

Reconsideration is an "extraordinary remedy." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  Such motions "are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 271 (S.D.N.Y. 2001).

Doe 171 does not identify any change in controlling law, new evidence, or clear error.  Instead, Doe 171 assumes that the Court "overlooked, misunderstood, or mistook certain critical information that was timely presented" to it.  (Dkt. no. 1285 at

3.)  Thus, Doe 171 acknowledges that the Court received the information Doe 171 seeks to submit to the Court a second time, and her request to submit additional arguments on an *ex parte* basis is an impermissible request to "relitigat[e] issues already decided by the Court."  Bennett, 156 F. Supp. 2d at 271.  The Court did not overlook or misunderstand Doe 171's submissions, nor does Doe 171 identify a basis for assuming so besides the fact that the Court decided the issue differently from the way Doe 171 would like.  Indeed, the Court acknowledged Doe 171's submissions and arguments on the record.  (Dkt. no. 1283 at 3-6.)  To the extent Doe 171 seeks to submit not the same but "new facts, issues or arguments not previously presented to the Court," this too is insufficient to warrant reconsideration.  Bennett, 156 F. Supp. 2d at 271.  Doe 171 had the opportunity to submit the facts and arguments she thought relevant to the Court's decision the first time around.  She does not get a second opportunity to try a different tack.

Nor does Doe 171 "meet the high burden that a party seeking reconsideration for manifest injustice bears." *Sigmon v. Goldman Sachs Mortg. Co.*, No. 1:12-cv-03367 (ALC), 2019 U.S. Dist. LEXIS 32348, at *11 (S.D.N.Y. Feb. 28, 2019).  "Courts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes.  At least one court has held though that reconsideration is not

8

warranted unless the prior decision is 'dead wrong.'" Ogi Oceangate Transp. Co. v. RP Logistics Pvt. Ltd., 2007 U.S. Dist. LEXIS 74180, at *3 n.1 (S.D.N.Y. Oct. 4, 2007) (quoting Parts & Electric Motors, Inc. v. Sterling Electric. Inc., 866 F.2d 228, 233 (7th Cir. 1988); see also Corpac v. Does, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) ("In the context of a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable.") (internal citation and quotation omitted).

The Court weighed the privacy interests advanced by Doe 171 against the public interest in access to judicial documents. The Court held that Doe 171's privacy interests did not outweigh the presumption of public access, particularly in light of the surfeit of public information regarding Doe 171's alleged association with Jeffrey Epstein and Ghislaine Maxwell and references to Doe 171 in already unsealed portions of Ms. Maxwell's criminal trial transcript, as well as numerous other public sources, that rendered her privacy interests less weighty. (Dkt. no. 1283 at 2-6.) For these reasons, the November 18 Order was correct on the merits and as such was not wrong, much less "dead-wrong."

Because the Court denies Doe 171's December 5 Motion to the extent it seeks reconsideration, it denies the remainder of the relief sought in Doe 171's December 5 Motion, including her

9

request to seal portions of the November 18 Order transcript pending a determination of Doe 171's December 5 Motion.  The Court also denies Doe 171's request to seal portions of the November 18 Order transcript because the public's interest in access to this transcript outweighs Doe 171's privacy interests.  Again, Doe 171's alleged affiliation with Jeffrey Epstein and Ms. Maxwell and the other information contained in the November 18 Order transcript are already publicly known, rendering her privacy interests insufficient to overcome the presumption of public access.[2]  Finally, the Court denies Doe 171's December 8 request for a status conference as unnecessary in light of its holdings herein, including its holdings that the November 18 Order was correct on the merits and its holding that the November 18 Order transcript should not be sealed.

---

[2] The Court also notes that, as a practical matter, the hearing was public and the Court's ruling and statements have already been widely disseminated. Sealing the November 18 Order transcript would not unring that bell.

10

### III. **CONCLUSION**

For the reasons set forth above, Doe 171's December 5 Motion (dkt. no. 1285) and her December 8 request for a status conference (dkt. no. 1292) are denied.  The Clerk of the Court is directed to close the open motion (dkt. no. 1285).

SO ORDERED.

Dated:   New York, New York
         December 11, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge