# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH. 954.356.0011 • FAX 954.356.0022

*FILED UNDER SEAL*

Sigrid McCawley, Esq.
E-mail: smccawley@bsfllp.com

January 19, 2017

**VIA EMAIL**

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

      **Re:** *Giuffre v. Maxwell*,
           <u>Case No.: 15-cv-07433-RWS</u>

Dear Judge Sweet,

    This is a letter motion to reopen discovery to allow inclusion of a newly-discovered witness, Sarah Ransome to be called to testify in Plaintiff's case-in-chief at trial.

    Sarah Ransome is an individual who appears on Jeffrey Epstein's private jet flight logs, which have been produced in this case. Plaintiff's counsel heretofore had no way to locate Ms. Ransome, nor any way to ascertain whether she had information relevant to this case.

    Recently, on her own initiative, Ms. Ransome contacted Professor Paul Cassell, counsel of record in this case, and someone with a reputation for being an advocate for crime victims. In her telephone call to Professor Cassell, she identified herself as someone with important information about the claims at issue in this case. Specifically, Ms. Ransome can testify about Defendant's involvement in Jeffrey Epstein's sex trafficking ring. Her testimony will directly refute sworn testimony given by Defendant.

    Once Ms. Ransome was known, Ms. Giuffre submitted a revised Rule 26 Disclosure to the Defendant specifically naming this new witness and sent a letter to Ms. Maxwell's counsel offering to coordinate to make this witness available for deposition if Ms. Maxwell desired to take her deposition.

    As Plaintiff Ms. Giuffre has described, Defendant and Jeffrey Epstein worked in concert to recruit and sexually exploit young girls. They also went to extensive lengths to keep their activities a secret. In addition to Defendant and Epstein, the other primary witnesses to this

criminal enterprise include witnesses such as ███████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████ The other witnesses who are able to provide testimony about the criminal sex trafficking activities and roles of the various participants, including the Defendant, are the victims –young females who were recruited and sexually exploited. Due to fear and embarrassment, many of these victims have been unwilling to testify about the abuse they endured. Sarah Ransome, however, has recently gained the courage to testify and contacted us to share her experiences which are relevant to the issues in this case. It would be inequitable for Defendant to profit from the exclusion of a newly-discovered witness

Accordingly, this Court should allow this newly-discovered witness to testify at trial, and allow Defendant to take her deposition prior to trial if she would like to do so. Defendant would suffer no prejudice in Ms. Ransome's inclusion at trial or in taking Ms. Ransome's deposition at this juncture for several reasons.

First, deposition discovery is still ongoing. Indeed, the Court ordered that Defendant sit for another deposition that has yet to be scheduled because Defendant's Motion for Reconsideration is still pending (DE 502). Additionally, the deposition of another key witness, ████████████████████████████████████████ Accordingly, with the depositions of both the Defendant and another key witness already pending at this stage, Defendant cannot claim prejudice in taking part in one other deposition, as deposition discovery is currently ongoing both by this Court's Order and by the agreement of the parties.

Second, upon learning that Ms. Ransome has highly relevant evidence and ascertaining her credibility, we reached out to the Defendant and offered to present her for a deposition at a time convenient for the Defendant in the next three weeks to ensure Defendant has the benefit of taking Ms. Ransome's testimony in advance of the trial date. Defendant has not yet taken a position and since this is a highly time-sensitive issue, we felt compelled to immediately inform this Court and request that we be allowed to take Ms. Ransome's deposition and present her testimony at trial. Accordingly, Defendant will not be prejudiced by the timing of this disclosure and deposition, and there will be no cause for a continuance of the trial date.

Third, Ms. Giuffre will not use evidence relating to Ms. Ransome in her opposition to Defendant's motion for summary judgment which Defendant already filed, so Defendant cannot claim prejudice regarding her summary judgment motion. This is a significant concession on behalf of Ms. Giuffre. Ms. Ransome has information pertinent to Defendant's claims and arguments in her motion for summary judgment. Moreover, an Eastern District of New York court specifically held that taking the depositions of four, newly-discovered witnesses by the party opposing summary judgment, *after the summary judgment motion was filed*, would not cause prejudice, because the expected testimony would be on the subjection of the complaint. *See Jacobs v. New York City Department of Education*, 2015 WL 7568642, at *3–4 (E.D.N.Y.

2015) (affirming court's grant of motion to reopen discovery to depose 4 witnesses after summary judgment was filed by the opposing party). The *Jacobs* Court explained:

> … [A]s to prejudice, Defendant argues that Plaintiff will benefit from conducting depositions with knowledge of Defendant's arguments in its summary judgment motion or Rule 56.1 statement and that it will be burdened by the costs of altering its summary judgment motion in response to the depositions. It is not apparent from the record that Defendant has made arguments at summary judgment that are outside predictable issues that Plaintiff would have raised had these depositions been conducted during discovery. Plaintiff states that these four witnesses will be questioned regarding knowledge of various events connected to her termination, which is the subject of her complaint.

*Id.* at *4. As in *Jacobs*, Defendant's arguments in her summary judgment motion are "predictable issues that Plaintiff would have raised [and did raise with other witnesses] had these depositions been conducted during discovery." Therefore, though there is relevant precedent holding that inclusion of newly-discovered witnesses, whose testimony relates to the complaint, does not prejudice the moving party of an already-filed motion for summary judgment, Ms. Giuffre is not even asking for that relief. So, Defendant can claim no prejudice regarding her motion for summary judgment or Rule 56.1 statement.

Fourth, as this Court has previously articulated, Defendant's ability to take Ms. Ransome's deposition cures any prejudice that may be suffered by a late-discovered witness. In recent years, this Court explained that "[t]his and other courts have adopted the taking of depositions as an appropriate mechanism to address late-disclosed witnesses." *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 2012 WL 2568972, at *14–15 (S.D.N.Y. 2012) (Sweet, J.), citing *Lesser v. Wildwood*, No. 01 Civ. 4209, 2003 WL 22228757, at *3 (S.D.N.Y. Sept. 29, 2003) ("Defendants are, however, under an obligation to cure any prejudice suffered by the plaintiffs as a result of defendants' violation of their discovery obligations ... [and][d]iscovery will be reopened in order to provide plaintiffs an opportunity to depose [the undisclosed witnesses]."); *McEnery v. City of N.Y.*, No. 03 Civ. 6307, 2007 WL 1574013, at *2–3 (S.D.N.Y. May 29, 2007) (concluding that plaintiff should be given opportunity to depose late-identified witnesses).

Fifth, and significantly, Defendant will not be prejudiced by this "new" witness because she is not "new" to Defendant. To the contrary, Defendant is acquainted with Ms. Ransome: she spent time with Ms. Ransome on Jeffrey Epstein's private island, and she has full knowledge of what Ms. Ransome's testimony will likely include. Ms. Ransome is no stranger to Defendant, and Defendant has direct knowledge of what Ms. Ransome observed while she was with Defendant. Indeed, for those reasons it was incumbent upon Defendant to include Ms. Ransome in her Rule 26 disclosures, yet that was not done.

Honorable Judge Robert W. Sweet
January 19, 2017
Page -4-

By contrast, Ms. Giuffre would be materially prejudiced should she not be allowed to call Ms. Ransome as a trial witness. As this Court is aware, Ms. Giuffre has not engaged in foot-dragging or neglect regarding witnesses or depositions in her case. To the contrary, Ms. Giuffre listed 80 individuals in her Rule 26 disclosures; this Court gave her leave to take additional depositions than the presumed limit of 10; this Court issued a Letter Rogatory to take the deposition of Defendant's agent in London; and Ms. Giuffre's counsel has diligently sought individuals with information relating to the claim.

In this defamation case, Defendant called Ms. Giuffre a liar in response to Ms. Giuffre's claims that Defendant participated in trafficking her with convicted pedophile Jeffrey Epstein. Ms. Ransome can testify to Defendant's direct involvement in Epstein's trafficking ring based on her personal observations made during the considerable time she spent with Defendant and Epstein. Her testimony is expected to directly refute Defendant's sworn testimony. Because Ms. Ransome can testify to the claims at issue in this case, namely, Defendant's involvement in sex trafficking with Jeffrey Epstein, Ms. Giuffre would be materially prejudiced without her testimony.

For the foregoing reasons, this Court should allow the reopening of discovery to include Ms. Ransome as a witness. Ms. Giuffre commits to making Ms. Ransome available for deposition at the reasonable convenience of Defendant's counsel.

Respectfully submitted,

s/ Sigrid McCawley
Sigrid McCawley, Esq.

SMC/akc

cc: All Counsel of Record