United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

# MOTION FOR PROTECTIVE ORDER FOR NON-PARTY WITNESS

Non-party Sarah Ransome, by and through her undersigned counsel, hereby submits this Motion for a Protective Order based on harassing and highly personal discovery sought by subpoena and during her deposition.

## BACKGROUND

On February 6, 2017, Defendant served non-party witness Sarah Ransome with a subpoena that included **30** different document requests and set her compliance date for just *seven* (7) days later on February 13, 2017. In addition, Defendant set her deposition for Friday, February 17, 2017 giving this witness less than two (2) weeks notice to make travel arrangements from Europe. Despite these obstacles, non-party Ransome complied by producing over 235 pages of highly relevant documents which include photographic evidence and e-mail communications during the mid-2000s that directly contradict Defendant's deposition testimony. For example, Defendant swore under oath that she hardly was around Jeffrey Epstein for more than "maybe an hour or two" in the years after 2003 until she claimed she ultimately left his employment in 2008 or 2009. *See* Pottinger Dec at Exhibit 1, Maxwell April 22, 2016,

Dep. Tr. at 84-85; 166. Shockingly this non-party witness was able to produce multiple photographs from Jeffrey Epstein Island, including pictures of Defendant with key witnesses in 2006, yet Defendant has not produced a **single** photograph or document of **any kind** in this case for any year prior to 2009. This non-party's production of photographic evidence directly contradicts Defendant's deposition testimony, demonstrates conclusively that Defendant was, in fact, a very active participant in the sexual trafficking ring in the mid -2000s.



RANSOME_000148



RANSOME_000128



RANSOME_000138



RANSOME_000069

The above photos were taken in 2006 on Jeffrey Epstein's island and depict Defendant Maxwell as an active participant in photos at the Island home. The photos also depict a number of the girls that Ransome testified Defendant put on "rotation" for sex with Jeffrey Epstein during the trips to Epstein's island.  For example, non-party Ransome witnessed the following:

> Q. And when you say you were on rotation, you mean you were having sex with Jeffrey multiple times per day?
>
> A. No. As when I was finished another girl was called by Ghislaine (Defendant). And when they had finished another girl was called.
>
> Q. How do you know that another girl was called by Ghislaine?
>
> A. Because I was there, and I saw it and heard it with all my senses.  I saw Ghislaine call another girl and she called me herself to go give Jeffrey Epstein a sexual massage.
>
> Q. What do you mean by call? I guess I'm thinking like telephone that may be my.
>
> **A. No. As in going up to the person and going, Jeffrey wants to see you in his bedroom which meant it's your turn to be abused.  That kind of thing. "**

*See* Pottinger Dec. at Exhibit 2, Ransome February 17, 2017, Dep. Tr. at p 311:13-312:10.

The electronic communications non-party Ransome produced corroborates her testimony that she was being trafficked by Defendant and Jeffrey Epstein, including being forced to lose additional weight during the time she was being trafficked in order to meet their demands.  For

example, the following e-mail dated corroborates Ransome's testimony:

> From: Sarah Ransome
> Sent: Tuesday, February 06, 2007 9:35 PM
> To:
> Subject: Re: FIT website
>
> The good news is that I got your email. I am not sure what happened the first time but I think I must have deleted it by mistake as it went to bulk for some reason. I am however having a little bit of hassle. Due to me applying so late I am unable to send my application on line due to technicalities which is very frustrating considering the whole thing has been fulled out and is waiting to be submitted. Please can you ask Jeffery what the plan of action is as I cant apply on line and need to apply asap otherwise I definitely wont be able to study. Please could you also let him know that I am now 57kg and that everything is going well in Cape Town. My South African number            if you could get back to me tomorrow that would be great. Also please send my regards to everyone and give Jeffery my SA number. I hope you are well and will send you some warmth from my side of the world.
>
> Sarah:)
>
> It's here! Your new message!
> Get new email alerts with the free Yahoo! Toolbar.

**RANSOME_000175
CONFIDENTIAL**

Despite this production by a witness, which far exceeds -- both in relevance and time period -- anything that Defendant has produced in this entire case, Defendant demanded during the deposition of non-party Ransome that she reveal highly personal information that is irrelevant to this action. For example, non-party Ransome produced her passport for the period that she was traveling with Defendant and Epstein in the mid 2000's, but Defendant is demanding production of her **current** passport and current license despite its having nothing to do with this action. This demand and others like it are clearly an effort to harass this non-party and intimidate her by digging into her current personal circumstances. *See* Pottinger Dec at Exhibit 2, Ransome February 17, 2017, Dep. Tr. at 420:18-421:4.

4

Defendant's counsel asked the following highly personal and irrelevant information as follows:

- Personal current financial information from this non-party which information is being sought only for the purposes of harassment. The witness answered that the source of her current income is her partner. She should not be required to provide any additional information in this regard. *See* Pottinger Dec at Exhibit 2, Ransome February 17, 2017, Dep. Tr. at 10:6-8.

- The cell phone number of her partner which is only being sought for the purposes of harassment. Ms. Ransome has expressed ***fear for her life*** in deciding to present herself and her testimony publicly against Jeffrey Epstein and the Defendant. She contends she has already been followed from her home by two male persons. This conclusion is not unreasonable. Ms. Giuffre, the plaintiff in this action, has herself been informed that another non-party witness in this case was threatened by an un-named person via her cell phone. *See* Pottinger Dec at Exhibit 2, Ransome February 17, 2017, Dep. Tr. at 28-29.

- Attorney-client communications with Alan Dershowitz arising from a time when non-party Ransome believed Mr. Dershowitz was acting as her lawyer. *See* Pottinger Dec at Exhibit 2, Ransome February 17, 2017, Dep. Tr. at 172-173

- The current medication she is taking for antidepressants and who prescribed them for her. The witness testified regarding the medication and provided details on how long she had been taking the medication despite the harassing nature of this line of questioning. She did not provide information regarding her current doctor because that information is being sought only to harass and embarrass her. This information has literally nothing to do with this action. *See* Pottinger Dec at Exhibit 2, Ransome February 17, 2017, Dep. Tr. at 204-206. When invited to proffer a basis for seeking such testimony, Defendant's counsel did not do so. *Id.* at 205-206.

## **ARGUMENT**

Federal Rule of Civil Procedure 26(c) states: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The court may for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery…." Counsel is not permitted to intentionally harass or embarrass a non-party witness during a deposition. *See Smartix*

5

*International LLC v. Garrubbo, Romankow & Capese*, No. 06 CIV 1501 (JGK), 2007 WL 41666035 at *2( Court protecting deponent from annoyance, embarrassment and harassment by denying party's attempt to obtain personnel records relating to non-party).

Courts are more vigilant with these protections when the discovery is being sought from a non-party. "[T]he fact of non-party status may be considered by the Court in weighing the burdens imposed in the circumstances." *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed.Cir.1993); Accord *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014); *see also Dart Industries Co., Inc. v. Westwood Chemical Co.,* 649 F.2d 646 (9th Cir.1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a non-party is the target of discovery.").

As explained above, this non-party was asked a host of questions that ran far afield of anything relevant to this deposition. The questions were clearly asked solely for the purpose of embarrassing, intimidating and harassing a non-party already fearful for her safety and life based upon the abuse she suffered at the hands of Defendant and Epstein, abuse as to which she testified. The Court should grant Non-Party Sarah Ransome a Protective Order and preclude Defendant from attempting to pursue these inappropriate areas of questioning, either through deposition or at trial. *See DaCosta v. City of Danbury*, 298 F.R.D. 37 (D. Conn. 2014) (protective order granted with respect to personal information of nonparties, including home addresses, email addresses, phone numbers, dates of birth, children's names, financial account numbers, and social security numbers); *see also Liz Claiborne, Inc., v. Mademoiselle Knitwear, Inc.*, No. 96 CIV 2064 (RWS), 1997 WL 53184 at *5 (J.Sweet) (S.D.N.Y. Feb. 10, 1997) (this Court limiting deposition questioning of party because relevance of the questions were tenuous

at best and appeared to be directed at improperly gathering information for a different lawsuit); *Night Hawk Limited v. Briarpatch Limited*, No. 03 CIV. 1382 (RWS), 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003).

## **CONCLUSION**

Simply put, Defendant is attempting to intimidate and harass this non-party witness who was a subject of Defendant's prior abuse, an extremely damaging witness who has emails and photographs that corroborate her testimony. There is no need whatsoever for the Defendant to know the name of the non-party's current treating physician or other intrusive, threatening, personal information irrelevant to this case. That information is being sought only for the purpose of harassment and intimidation. We respectfully submit that the Court should not tolerate this type of irrelevant inquiry into a non-party witness and should protect this non-party from having to disclose such information either by deposition or through testimony at trial.

Dated: February 22, 2017

                                                      Respectfully Submitted,

                                        By: /s/ J. Stanley Pottinger
                                              J. Stanley Pottinger (Pro Hac Vice)
                                              *Counsel for Sarah Ransome*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 22nd of February, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>         jpagliuca@hmflaw.com
>
>Sigrid McCawley, Esq.
>Meredith Schultz, Esq.
>BOIES SCHILLER & FLEXNER, LLP
>401 E. Las Olas Boulevard
>Suite 1200
>Fort Lauderdale, FL 33301
>Tel: (954) 356-0011
>Fax: (954) 956-0022
>smccawley@bsfllp.com
>mschultz@bsfllp.com
>
>David Boies
>BOIES SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, NY 10504
>dboies@bsfllp.com
>
>Bradley J. Edwards (Pro Hac Vice)
>FARMER, JAFFE, WEISSING,
>EDWARDS, FISTOS & LEHRMAN, P.L.
>425 North Andrews Avenue, Suite 2
>Fort Lauderdale, Florida 33301
>(954) 524-2820
>brad@pathtojustice.com

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]
cassellp@law.utah.edu

Peter Guirguis, Esq.
MINTZ & GOLD, LLP
600 Third Avenue
New York, NY 10016
(212) 696-4848
guirguis@mintzandgold.com

/s/ J. Stanley Pottinger
J. Stanley Pottinger

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.