# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

-------------------------------------------------X

## NOTICE OF SERVICE OF RULE 45 SUBPOENA
## AND NOTICE OF DEPOSITION OF SARAH RANSOME

PLEASE TAKE NOTICE that on **February 17, 2017 at 9:00 a.m.**, pursuant to Rule 30 of the Federal Rules of Civil Procedure, counsel for the defendant will take the deposition of Sarah Ransome at 575 Lexington Ave., Fl. 4, New York, NY 10022, before a certified court reporter or other officer duly authorized to administer oaths. The deposition will be recorded by stenographic means.

Pursuant to Rule 45, Defendant Ghislaine Maxwell also hereby provides Notice of Service of Subpoena upon Sarah Ransome. A copy of the Subpoena is attached to this Notice.


EXHIBIT
Dft 8
2/17/17
JEREMY RICHMAN

Dated: February 6, 2017

Respectfully submitted,

*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax: 303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on February 6, 2017, I electronically served this *NOTICE OF SERVICE OF RULE 45 SUBPOENA AND NOTICE OF DEPOSITION OF SARAH RANSOME* via Email on the following:

Sigrid S. McCawley
Meridith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

/s/ Nicole Simmons
Nicole Simmons

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| Virginia Giuffre | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 15-cv-07433-RWS |
| Ghislaine Maxwell | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sarah Ransome

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 575 Lexington Avenue, 4th Floor New York, New York 10022 | Date and Time: February 17 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method: stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/06/2017

*CLERK OF COURT*

_____    _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ghislaine Maxwell
_____, who issues or requests this subpoena, are:

Laura A. Menninger, 150 E. 10th Ave., Denver, CO 80203, LMenninger@HMFLaw.com, 303-831-7364.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 15-cv-07433-RWS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

1. "Any" means any and all.

2. "You" or "Your" means Sarah Ransome, and anyone acting on Your behalf, and any employee, agent, attorney, consultant, assignee, related entities or other representative of You.

3. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting, or purporting to act, at the discretion of or on behalf of another.

4. "Document" is intended to be defined as broadly as permitted by Rule 34 and includes every writing or record of every type and description that is or has been in Your possession, custody or control, or of which You have knowledge, including but not limited to, emails, text messages, instant messages, videotapes, photographs, notes, letters, memoranda, forms, books, magazines, resumes, notebooks, ledgers, journals, diaries, calendars, appointment books, papers, agreements, contracts, invoices, analyses, transcripts, plaques, correspondence, telegrams, drafts, data processing or computer diskettes and CD disks, tapes of any nature and computer interpretations thereof, instructions, announcements, and sound recordings of any nature. "Document" also means all copies which are not identical to the original document as originally written, typed or otherwise prepared. The term "Document" shall also include all documents of any nature that have been archived or placed in permanent or temporary storage including electronic storage.

5. "Communication" means any transmission or exchange of information between two or more persons, orally or in writing or otherwise, and includes, but is not limited to, any correspondence, conversation or discussion, whether face-to-face, or by means of telephone, email, text message, electronic message via apps such as Facebook, What's App, Snapchat, LinkedIN or similar, or other media or Documents.

6. "Virginia Roberts Giuffre" means Virginia Giuffre, formerly known as Virginia Roberts, date of birth ▮▮▮▮ ▮▮▮▮, the Plaintiff in the above captioned matter.

7. "Identify" means to specify as to a "Person," the name, address, telephone number and any other identifying information possessed by You.

8. "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

9. Regardless of the tense employed, all verbs should be read as applying to the past, present and future, as is necessary to make any paragraph more, rather than less, inclusive.

10. With respect to any Documents withheld on the basis of a privilege, provide a log consistent with Local Rule 26.2 of the Federal Rules of Civil Procedure for the Southern District of New York.

## INSTRUCTIONS

1. Production of documents and items requested herein shall be made to Laura Menninger, Haddon, Morgan & Foreman, PC, 150 E. 10th Ave., Denver, CO 80220, no later than February 13, 2017, at 9:00 a.m. Alternatively, you may provide the records electronically by that date and time to Laura Menninger at LMenninger@HMFLaw.com or by such other method as agreed upon with counsel for the subpoenaing party.

2. This Request calls for the production of all responsive Documents in your possession, custody or control without regard to the physical location of such documents.

3. If any Document was in your possession or control, but is no longer, state what disposition was made of said Document, the reason for the disposition, and the date of such disposition.

4. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

5. Any copy of a Document that is not identical shall be considered a separate document.

6. All Documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of business.

7. Responsive electronically stored information (ESI) shall be produced in its native form; that is, in the form in which the information was customarily created, used and stored by the native application employed by the producing party in the ordinary course of business.

8. Defendant does not seek and does not require the production of multiple copies of identical Documents.

9. Unless otherwise specified, the time frame of this request is from 1999 to present.

10. This Request is deemed to be continuing. If, after producing these Documents, you obtain or become aware of any further information, Documents, things, or information responsive to this Request, you are required to so state by supplementing your responses and producing such additional Documents to Defendant.

## DOCUMENTS TO BE PRODUCED

1. All Documents containing Communications with Virginia Roberts Giuffre, or any of her attorneys, agents, investigators, from the period 1999-present.

2. All fee agreements for Your engagements with any attorneys for the purpose of pursuing any civil or criminal claims regarding Jeffrey Epstein, Ghislaine Maxwell, ███████ ███ ███ ██████ █████.

3. All Documents that reference, relate to, or mention, whether by name or otherwise, the following individuals: Virginia Roberts, Ghislaine Maxwell, Jeffrey Epstein, █████. ███ ███ ██████ █████.

4. All Communications You have had in whatever form with any other female who you ever witnessed at or in a property, home, business, plane or automobile other vehicle owned or controlled by Jeffrey Epstein.

5. All Communications You have had with ████ █████, Virginia Roberts, Ghislaine Maxwell, Jeffrey Epstein, ████ █████████████.

6. Any photographs containing any image of Virginia Roberts, Ghislaine Maxwell, Jeffrey Epstein, █████████ ███ ████ █████ █████████.

7. Any photographs taken by You, or containing any image of You, at, in or near any home, business, private vehicle (including airplane), or any other property owned or controlled by Jeffrey Epstein.

8. Any photographs that depict any home, business, private vehicle (including airplane), or any other property owned or controlled by Jeffrey Epstein.

9. All of Your passports, travel visas, or permissions to live, work or study in a foreign country, related to the years 2005-present.

10. All Communications regarding any of Your passports, visas, visa applications, or other permission to live, work or study in a foreign country, for the years 2005-present.

11. All Documents referencing any commercial plane tickets, boarding passes, or any other mode of travel during the time period 2006-2007.

12. Any credit card receipt, canceled check, or any other Document reflecting travel by You during the time period 2006-2007.

13. All phone records for any cellphone owned, used or possessed by You during the years 2006-2007.

14. All Documents reflecting or relating to any Communications between Jeffrey Epstein or Ghislaine Maxwell and either of Your parents, step-parents or other family members.

15. All Documents reflecting any money, payment, valuable consideration or other remuneration received by You from Jeffrey Epstein or any person known by You to be affiliated with Jeffrey Epstein.

16. All bank statements, credit card statements, money transfer records, or other statements from any financial institution in Your name, in whole or in part, for the years 2006-2007.

17. Any Documents concerning Your residency during the years 2006-2007, including leases, rental agreements, rent payments, deeds, or trusts.

18. A copy of Your current driver's license.

19. Any Document reflecting any of Your post-secondary training or educational degree or course of study, to include transcripts, payments for tuition, courses taken, dates of attendance and grades received.

20. Any application for college, university, or any other post-secondary institution, or technical college, fashion college, modeling training or any similar institution, submitted by You or on Your behalf during the years 2005 – present.

21. All Documents reflecting any moneys received by You in exchange for any "modeling" by You.

22. All modeling contracts signed or entered into by You.

23. Any calendar, receipt, Communication or Document reflecting your whereabouts during the calendar years 2006-2007.

24. Any Documents reflecting Your medical, mental health or emergency care or other treatment for any eating disorder, malnourishment, kidney malfunction, emotional problems, psychological or psychiatric disorders, sexually transmitted diseases, and therapy records, and any prescriptions for any of the above categories.

25. Any Documents containing any Communications You have had with any law enforcement agency.

26. Any Documents that reflect any criminal charges, tickets, summonses, arrests, investigations concerning You or witnessed by You.

27. Any Documents containing any statement regarding Your experience or contact with Virginia Roberts, Ghislaine Maxwell, Jeffrey Epstein, ▬▬, ▬▬▬, ▬▬, ▬▬, ▬▬, ▬▬▬, including without limitation any Communication with anyone, any diary, journal, email, letter, witness statement, and summary.

28. Any civil complaint or civil demand filed by You or on Your behalf by which You have ever sought damages or compensation of any form or nature.

29. A copy of Your most recent paycheck, paycheck stub, earnings statement and any bank statement, credit card statement and any Document reflecting any money owed by You to anyone.

30. A copy of your Facebook, Instagram, Twitter, and any other social media application or program for the years 2006-2007 and from 2015 – present.