EXHIBIT 2

(File Under Seal)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Virginia L. Giuffre,

      Plaintiff,                            Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

      Defendant.

_____/

## NON-PARTY SARAH RANSOME's RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA REQUESTS

Sarah Ransome, a non-party to this action, hereby responds to the Subpoena *Duces Tecum* noticed by Defendant Maxwell, and submits these responses and objections ("Responses") to the document requests contained therein.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Defendant, Maxwell has served non-party Sarah Ransome with a subpoena *duces tecum* seeking an array of documents that are both irrelevant to this matter and entirely privileged. Defendant's subpoena is solely meant to harass and place an undue burden on Ms. Ransome.

To be discoverable, information sought must be relevant to the underlying action. Fed. R. Civ. P. 26(b)(1). Where discovery is sought from third parties, the Court must weigh the probative value of the information against the burden of production on said non-party. *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 74 (S.D.N.Y. 2007) (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48-49 (S.D.N.Y.1996)); Fed.R.Civ.P. 45(c)(2)(B). In order to determine whether a subpoena imposes an undue burden, the Court should consider: 1) relevance, 2) the need of the party for the documents, 3) the breadth of the document request, 4) the time period covered by it, 5) the particularity with which the documents are described, and 6) the burden imposed. *Id.*

Specifically, the subpoena served on Ms. Ransome seeks documents that are wholly irrelevant to the underlying action including protected financial information and documents or communications between Sarah Ransome and her attorneys, which are protected by the attorney-client privilege and the work product doctrine. Notably, the face of the subpoena demonstrates that Defendant is not even seeking documents relevant to the matter before this Court, and is instead attempting to obtain backdoor discovery for other actions.

Ms. Ransome's responses are subject to the following qualifications, explanations, and objections, which apply to each and every request, and are incorporated in full by this reference into each and every response below as if fully set forth therein:

1.      Ransome objects to Defendant's vastly overbroad non-party subpoena as it places an undue burden on her to have to search for the broad scope of materials requested, most of which seeks information that is irrelevant to the Defamation Action and clearly intended solely to harass, embarrass, intimidate, and oppress this non-party by seeking highly personal and sensitive information.

2.      Ransome objects to Defendant's clear abuse of the subpoena power of this Court as she issued subpoena requests that are intended to obtain discovery for the development of another action relating to this non-party, and are clearly unrelated to this case.

3.      Ransome responds to the requests as she reasonably interprets and understands the requests. Should Defendant subsequently assert an interpretation of any individual request that differs from her understanding, she reserves the right to supplement the responses.

4.      To the extent a request seeks documents protected from discovery by the attorney-client privilege, or any other privilege or protection, no such documents shall be produced even if

no specific objection is asserted in response to each individual request.  Inadvertent identification or production of privileged documents or information is not a waiver of any applicable privilege.

5.      Ransome objects to the Definitions and Instructions and to each Request to the extent they seek to alter or expand upon the obligations imposed by the Federal Rules of Civil Procedure.

6.      Ransome objects to the Definitions and Instructions and to each Request to the extent that it calls for the production of documents that are not in her custody, possession, or control.

7.      A statement in response to a specific request that Ransome will produce documents is not a statement that any such documents exist but, rather, means only that such documents that do exist and are responsive to a specific Request will be produced.

8.      To the extent that Ransome produces documents in response to specific requests to which she has objected, Ransome reserves the right to maintain such objections with respect to any additional information, and such objections are not waived by the production of responsive documents.

9.      Ransome objects to the requests to the extent they seek private and confidential financial information or other confidential information of any kind.

10.     Ransome objects to the requests to the extent they seek personal and confidential financial information related to third-parties.

11.     Ransome objects to the requests to the extent that they seek documents already in Defendant's possession or to the extent they are publicly available.

12.     Ransome objects to the requests as overbroad where a time limit has not been specified.  To the extent the Court directs discovery from this non-party, it should be limited to the date of the filing of this action to the present.

13.     Ransome objects to the Requests as they seek to place an undue burden on Ransome, who is a non-party to the pending litigation.

**RESPONSES AND OBJECTIONS**

1. All Documents containing Communications with Virginia Roberts Giuffre, or any of her attorneys, agents, investigators, from the period 1999-present.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks fundamentally privileged communications between a non-party and her counsel. Specifically, Ransome objects to this request on the grounds of privilege, the work product doctrine, the common interest privilege, or any other privilege or protection.

Ransome further objects to this Request in that it is vague and ambiguous with respect to its reference to "all documents" containing communications.  Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action.  Ransome objects to this Request to the extent it seeks confidential financial information from a non-party.  Ransome objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "documents," which has been very broadly defined, for a period of time lasting more than seventeen years.

Without waiving such objections, Ransome is not in possession of any non-privileged documents responsive to this request.

2. All fee agreements for Your engagements with any attorneys for the purpose of pursuing any civil or criminal claims regarding Jeffrey Epstein, Ghislaine Maxwell, █████████████, ███████ and ████████████.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks fundamentally privileged communications between a non-party and her counsel. Specifically, Ransome objects to this request on the grounds of privilege, the work product doctrine, the common interest privilege, or any other privilege or protection. Ransome further objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request to the extent it seeks confidential financial information from a non-party.

Without waiving such objections, a copy of non-party Sarah Ransome's retainer agreement is attached hereto as RANSOME_000016, which should be treated as Confidential pursuant to the parties' Protective Order. Ms. Ransome reserves the right to supplement this response should additional responsive documentation become available.

3. All Documents that reference, relate to, or mention, whether by name or otherwise, the following individuals: Virginia Roberts, Ghislaine Maxwell, Jeffrey Epstein, ████████████, ██████ █████ and ████████████.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks fundamentally privileged communications between a non-party and her counsel. Specifically, Ransome objects to this request on the grounds of privilege, the work product doctrine, the common interest privilege, or any other privilege or protection. Ransome further objects to this Request in that it is vague and ambiguous with respect to its reference to "all documents."

Ransome further objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request to the extent it seeks confidential financial information from a non-party. Ransome objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for all "documents," which has been broadly defined.

Without waiving such objections, all responsive documents in non-party Sarah Ransome's possession are attached hereto as RANSOME_000001-000016, which should be treated as Confidential pursuant to the parties' Protective Order.

4. All Communications You have had in whatever form with any other female who you ever witnessed at or in a property, home, business, plane or automobile other vehicle owned or controlled by Jeffrey Epstein.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks an unlimited number of communications between a non-party and an unlimited number of unidentified individuals. Defendant has made no effort to specifically identify a single individual, and instead casts an incredibly unreasonable net to include "any other female." Ransome objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "documents," which has been broadly defined, for an unspecified period of time. This request is entirely unreasonable, and the very definition of overly broad. Ransome further objects to this Request in that it is vague and ambiguous, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action.

5. All Communications You have had with ███████████, Virginia Roberts, Ghislaine Maxwell, Jeffrey Epstein, ███████, or ███████████.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks an unlimited number of unspecified communications. Specifically, Ransome objects to this request on the grounds of privilege, the work product doctrine, the common interest privilege, or any other privilege or protection. Ransome further objects to this request in that it is vague and ambiguous with respect to its reference to "all communications." Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "communications," which has been broadly defined for an unlimited period of time.

Without waiving such objections, all responsive documents in non-party Sarah Ransome's possession are attached hereto as RANSOME_000001-000016, which should be treated as Confidential pursuant to the parties' Protective Order.

6. Any photographs containing any image of Virginia Roberts, Ghislaine Maxwell, Jeffrey Epstein, ███████████, ████████████ or ███████████████.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks an unlimited number of unspecified photographs. Ransome further objects to this request in that it is vague and ambiguous with respect to its reference to all photographs. Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for photographs for an unlimited period of time.

Without waiving such objections, all responsive photographs in non-party Sarah Ransome's possession are attached hereto as RANSOME_000024-000028, 000069, 000121-000123, 000126-000135, 000138-000143, 000145-000155, which should be treated as Confidential pursuant to the parties' Protective Order.

7. Any photographs taken by You, or containing any image of You, at, in or near any home, business, private vehicle (including airplane), or any other property owned or controlled by Jeffrey Epstein.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks an unlimited number of unspecified photographs. Ransome further objects to this request in that it is vague and ambiguous with respect to its reference to "any photographs." Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for photographs for an unlimited period of time.

Without waiving such objections, all responsive photographs in non-party Sarah Ransome's possession are attached hereto as RANSOME_000022, 42-47, 52, 56-59, 71, 127-131, 152, 153, which should be treated as Confidential pursuant to the parties' Protective Order.

8. Any photographs that depict any home, business, private vehicle (including airplane), or any other property owned or controlled by Jeffrey Epstein.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks an unlimited number of unspecified photographs. Ransome further objects to this request in that it is vague and ambiguous with respect to its reference to "any photographs." Ransome objects to this Request as overbroad, harassing,

and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for photographs for an unlimited period of time.

Without waiving such objections, all responsive photographs in non-party Sarah Ransome's possession are attached hereto as RANSOME_00017-000156, which should be treated as Confidential pursuant to the parties' Protective Order.

9. All of Your passports, travel visas, or permissions to live, work or study in a foreign country, related to the years 2005-present.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Without waiving such objections, a copy of non-party Sarah Ransome's current passport is attached hereto as RANSOME_000157-000168, which should be treated as Confidential pursuant to the parties' Protective Order.

10. All Communications regarding any of Your passports, visas, visa applications, or other permission to live, work or study in a foreign country, for the years 2005-present.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

11. All Documents referencing any commercial plane tickets, boarding passes, or any other mode of travel during the time period 2006-2007.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying

action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Without waiving such objections, all responsive documents in non-party Sarah Ransome's possession are attached hereto as RANSOME_000001-000004, 000008, 000011, 000012, which should be treated as Confidential pursuant to the parties' Protective Order.

12. Any credit card receipt, canceled check, or any other Document reflecting travel by You during the time period 2006-2007.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine*

*Maxwell,* ██████████████████████████████ Case Number 1:17-cv-00616-JGK

(S.D.N.Y.). Ransome further objects to this Request as overbroad, harassing, and not calculated

to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this

Request in that it represents a complete invasion of privacy. A non-party should not be subjected

to undue harassment serving no admissible purpose.

Ransome objects to Defendant's attempt to abuse subpoena power to seek private and

confidential financial information or other confidential information of any kind from this non-

party. Ransome further objects on the basis that the confidential and private financial records

sought by Defendant relating to this non-party have no relevance to proving the allegations in the

complaint, and are not discoverable. *DeLeonardis v. Hara*, 25 N.Y.S.3d 185, 185 (N.Y. App. Div.

2016).

13. All phone records for any cellphone owned, used or possessed by You during the years 2006-
2007.

## RESPONSE:

In addition to the Preliminary Statement and General Objections, Ransome objects to this

request in that she is a non-party and this requests seeks information that is clearly not relevant to

the underlying action. Ransome objects to Defendant being permitted to utilize the underlying

action to obtain backdoor discovery into a separate action entirely unrelated to whether or not

Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the

face of the request demonstrates that the Defendant is abusing the subpoena power by serving a

subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead

allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine*

*Maxwell,* ██████████████████████████████ Case Number 1:17-cv-00616-JGK

(S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead

to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Without waiving such objections, Ransome is not in possession of documents responsive to this request.

14. All Documents reflecting or relating to any Communications between Jeffrey Epstein or Ghislaine Maxwell and either of Your parents, step-parents or other family members.

**<u>RESPONSE:</u>**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Without waiting such objections, Ransome is not in possession of any documents responsive to this request.

13

15. All Documents reflecting any money, payment, valuable consideration or other remuneration received by You from Jeffrey Epstein or any person known by You to be affiliated with Jeffrey Epstein.

**<u>RESPONSE:</u>**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Ransome objects to Defendant's attempt to abuse subpoena power to seek private and confidential financial information or other confidential information of any kind from this non-party. Ransome further objects on the basis that the confidential and private financial records sought by Defendant relating to this non-party have no relevance to proving the allegations in the complaint, and are not discoverable. *DeLeonardis v. Hara*, 25 N.Y.S.3d 185, 185 (N.Y. App. Div. 2016).

16. All bank statements, credit card statements, money transfer records, or other statements from any financial institution in Your name, in whole or in part, for the years 2006-2007.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Ransome objects to Defendant's attempt to abuse subpoena power to seek private and confidential financial information or other confidential information of any kind from this non-party. Ransome further objects on the basis that the confidential and private financial records sought by Defendant relating to this non-party have no relevance to proving the allegations in the complaint, and are not discoverable. *DeLeonardis v. Hara*, 25 N.Y.S.3d 185, 185 (N.Y. App. Div. 2016).

17. Any Documents concerning Your residency during the years 2006-2007, including leases, rental agreements, rent payments, deeds, or trusts.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

18. A copy of Your current driver's license.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████████ Case Number 1:17-cv-00616-JGK

(S.D.N.Y.).  Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action.  Ransome objects to this Request in that it represents a complete invasion of privacy.  A non-party should not be subjected to undue harassment serving no admissible purpose.

Without waiving such objections, Sarah Ransome's driver's license will be produced at her deposition in this matter.

19. Any Document reflecting any of Your post-secondary training or educational degree or course of study, to include transcripts, payments for tuition, courses taken, dates of attendance and grades received.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre.  Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.).  Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action.  Ransome objects to this Request in that it represents a complete invasion of privacy.  A non-party should not be subjected to undue harassment serving no admissible purpose

20. Any application for college, university, or any other post-secondary institution, or technical college, fashion college, modeling training or any similar institution, submitted by You or on Your behalf during the years 2005 – present.

17

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

21. All Documents reflecting any moneys received by You in exchange for any "modeling" by You.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead

18

allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Ransome objects to Defendant's attempt to abuse subpoena power to seek private and confidential financial information or other confidential information of any kind from this non-party. Ransome further objects on the basis that the confidential and private financial records sought by Defendant relating to this non-party have no relevance to proving the allegations in the complaint, and are not discoverable. *DeLeonardis v. Hara*, 25 N.Y.S.3d 185, 185 (N.Y. App. Div. 2016).

22. All modeling contracts signed or entered into by You.

**<u>RESPONSE:</u>**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead

to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Ransome objects to Defendant's attempt to abuse subpoena power to seek private and confidential financial information or other confidential information of any kind from this non-party. Ransome further objects on the basis that the confidential and private financial records sought by Defendant relating to this non-party have no relevance to proving the allegations in the complaint, and are not discoverable. *DeLeonardis v. Hara*, 25 N.Y.S.3d 185, 185 (N.Y. App. Div. 2016).

23. Any calendar, receipt, Communication or Document reflecting your whereabouts during the calendar years 2006-2007.

**<u>RESPONSE:</u>**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ██████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in

that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Without waiving such objections, all responsive electronic communications in non-party Sarah Ransome's possession are attached hereto as RANSOME_000001-000015, which should be treated as Confidential pursuant to the parties' Protective Order.

24. Any Documents reflecting Your medical, mental health or emergency care or other treatment for any eating disorder, malnourishment, kidney malfunction, emotional problems, psychological or psychiatric disorders, sexually transmitted diseases, and therapy records, and any prescriptions for any of the above categories.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

25. Any Documents containing any Communications You have had with any law enforcement agency.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

26. Any Documents that reflect any criminal charges, tickets, summonses, arrests, investigations concerning You or witnessed by You.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine*

*Maxwell,* ████████████████████████████████████ Case Number 1:17-cv-00616-JGK

(S.D.N.Y.).  Ransome objects to this Request as overbroad, harassing, and not calculated to lead

to discoverable evidence relevant to the Defamation Action.  Ransome objects to this Request in

that it represents a complete invasion of privacy.  A non-party should not be subjected to undue

harassment serving no admissible purpose.

27. Any Documents containing any statement regarding Your experience or contact with Virginia
Roberts, Ghislaine Maxwell, Jeffrey Epstein, ████████████████████████████████
██████████ including without limitation any Communication with anyone, any diary, journal,
email, letter, witness statement, and summary.

**<u>RESPONSE:</u>**

In addition to the Preliminary Statement and General Objections, Ransome objects to this

request in that she is a non-party and this requests seeks information that is clearly not relevant to

the underlying action. Ransome objects to Defendant being permitted to utilize the underlying

action to obtain backdoor discovery into a separate action entirely unrelated to whether or not

Maxwell defamed Virginia Roberts Giuffre.  Ransome further objects to this request in that the

face of the request demonstrates that the Defendant is abusing the subpoena power by serving a

subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead

allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine*

*Maxwell,* ████████████████████████████████████ Case Number 1:17-cv-00616-JGK

(S.D.N.Y.).  Ransome objects to this Request as overbroad, harassing, and not calculated to lead

to discoverable evidence relevant to the Defamation Action.  Ransome objects to this Request in

that it represents a complete invasion of privacy.  A non-party should not be subjected to undue

harassment serving no admissible purpose.

Without waiving such objections, all responsive electronic communications in non-party Sarah Ransome's possession are attached hereto as RANSOME_000001-000015, which should be treated as Confidential pursuant to the parties' Protective Order.

28. Any civil complaint or civil demand filed by You or on Your behalf by which You have ever sought damages or compensation of any form or nature.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ████████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.).

Defendant is currently in possession of the aforementioned pleading. Therefore, Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

29. A copy of Your most recent paycheck, paycheck stub, earnings statement and any bank statement, credit card statement and any Document reflecting any money owed by You to anyone.

**RESPONSE:**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre.  Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.).  Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action.  Ransome objects to this Request in that it represents a complete invasion of privacy.  A non-party should not be subjected to undue harassment serving no admissible purpose.

Ransome objects to Defendant's attempt to abuse subpoena power to seek private and confidential financial information or other confidential information of any kind from this non-party.  Ransome further objects on the basis that the confidential and private financial records sought by Defendant relating to this non-party have no relevance to proving the allegations in the complaint, and are not discoverable. *DeLeonardis v. Hara*, 25 N.Y.S.3d 185, 185 (N.Y. App. Div. 2016).

30. A copy of your Facebook, Instagram, Twitter, and any other social media application or program for the years 2006-2007 and from 2015 – present.

**<u>RESPONSE:</u>**

In addition to the Preliminary Statement and General Objections, Ransome objects to this request in that she is a non-party and this requests seeks information that is clearly not relevant to

the underlying action. Ransome objects to Defendant being permitted to utilize the underlying action to obtain backdoor discovery into a separate action entirely unrelated to whether or not Maxwell defamed Virginia Roberts Giuffre. Ransome further objects to this request in that the face of the request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter, but instead allegedly relevant to another Federal Action styled *JANE DOE 43 v. Jeffrey Epstein, Ghislaine Maxwell,* ███████████████████████████ Case Number 1:17-cv-00616-JGK (S.D.N.Y.). Ransome objects to this Request as overbroad, harassing, and not calculated to lead to discoverable evidence relevant to the Defamation Action. Ransome objects to this Request in that it represents a complete invasion of privacy. A non-party should not be subjected to undue harassment serving no admissible purpose.

Dated: February 13, 2017

Respectfully Submitted,


By: /s/ J. Stanley Pottinger

J. Stanley Pottinger
49 Twin Lakes Road
South Salem, New York 10590-1012
914-763-8333

**CERTIFICATE OF SERVICE**

I certify that on February 13, 2017, I electronically served this Objection to Subpoena via Email on the following.

Laura A. Menninger
Jeffrey S. Pagliuca
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
lmenninger@hmflaw.com


By: /s/ J. Stanley Pottinger