# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
JESSICA CLARKE
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

**FILED UNDER SEAL**

May 8, 2018

*By ECF*

Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Giuffre v. Maxwell,* No. 15 Civ. 7433 (RWS)

Dear Judge Sweet:

  This firm represents Intervenor Professor Alan M. Dershowitz, and we write in response to the pending application of Julie Brown and the Miami Herald Media Company to intervene and unseal materials filed in court in the above-captioned matter. Intervenor Dershowitz supports the pending application. As this Court knows, Intervenor Dershowitz has been litigating to unseal materials from this case for nearly two years. Indeed, at this very moment, Intervenor's appeal of this Court's order denying his motion, *inter alia*, to unseal materials filed in this case is awaiting an argument date in the Second Circuit Court of Appeals.

  Against that backdrop, Intervenor seeks to bring to this Court's attention his June 21, 2017 letter to Your Honor (ECF No. 922) (the "June 2017 Letter"). Last year, following the settlement of this action, Intervenor anticipated the possibility that this Court might be faced with an unsealing motion, or one to de-designate certain materials previously designated as "confidential" under the Protective Order in this case. Accordingly, in the June 2017 Letter, Intervenor called upon the Court, in the event of an unsealing order, to permit the release of certain emails to avoid a situation where selective and one-side unsealing of deposition testimony occurs, and information is released in a manner that is decontextualized and unfair to

innocent parties. A copy of the June 2017 Letter, with attachments, is annexed hereto as Exhibit A.

In light of the pending motion to unseal the *entire* filed record in this case, Intervenor reiterates the request that he made on June 21, 2017, to wit: that, in the event that this Court orders that the deposition of Sarah Ransome, which was filed in connection with a motion for a protective order (ECF No. 701-1), be unsealed and/or de-designated—an action that would require modification of the Protective Order in this case —the Court also simultaneously unseal Intervenor's June 21, 2017 letter and its attachments, and remove the confidentiality designation from several related emails and attachments that the parties previously designated confidential (RANSOME_000273-557) ("the Emails"). The Emails will demonstrate that Ms. Ransome's inflammatory, salacious, and defamatory testimony concerning the Intervenor and others is false and that the deponent is not credible. Absent this relief, the release of Ms. Ransome's deposition testimony will gravely and unfairly prejudice Intervenor.

Intervenor Dershowitz thanks the Court for its consideration of the instant application.

Respectfully submitted,

/s/ Andrew G. Celli, Jr.

Andrew G. Celli, Jr.

c: Counsel for Plaintiff and Defendant (by Email)