*Giuffre v. Maxwell*, 15–cv–7433–LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 003 | 235-13, 249-13, 280-1, 321-1, 423-4 | Employee of Epstein; Alleged Witness | **Plaintiff:** This material should be unsealed in full. First, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying "with specificity competing and compelling interests in closure" and that "those interests outweigh the presumption of access." *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621 (S.D.N.Y. 2011). Second, this individual gave a media interview about their work for Epstein to the Daily Mail in 2011, weighing against continued sealing. *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) ("In considering whether sealing is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public."); 4/19/22 Hearing Tr. at 7:11-16 (unsealing documents relating to Doe who gave media interviews and was identified in the press); *see* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Defendant:** All docket mentions are Rule 26 disclosures. This individual and Doe #4 reportedly live abroad and no confirmation of receipt of the Notice was received. |
| J. DOE 004 | 235-13, 249-13, 280-1, 321-1, 423-4 | Employee of Epstein; Alleged Witness | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual gave a media interview about their work for Epstein to the Daily Mail in 2011, weighing against continued sealing. *Avenatti*, 2020 WL 70952, at *6; 4/19/22 Hearing Tr. at 7:11-16; *see* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |

*Giuffre v. Maxwell*, **15-cv-7433-LAP**
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | | Defendant: All mentions are Rule 26 disclosures and search terms. This individual and Doe #3 reportedly live abroad and no confirmation of receipt of the Notice was received. |
| J. DOE 005 | 315, 316-7, 340-4, 368, 369-3 | Alleged Victim; Alleged Witness | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe whose name came up publicly at Maxwell criminal trial). This individual, however, testified under their first name only with Judge Nathan's permission. Plaintiff therefore has no objection to the redaction of this individual's last name in documents that are not already public.<br><br>Defendant objects to redaction of this Doe's last name. The witness publicly waived any right to anonymity after the criminal trial, as Judge Nathan found, and gave an interview using their first and last names, so no legal basis to redact last name remains. *See United States v. Maxwell*, 20-cr-330, Dkt. 589, 593, 662; ███████████████████████ |
| J. DOE 006 | 203, 211, 235-4, 235-13, 249-4, 249-14, 280-1, 321-1, 380, 381-4, 423-1, 510-4 | Alleged Victim Affiliate; Alleged Witness | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, portions of this individual's deposition were released by the Second Circuit, meaning their name and association with this case is already public. *Avenatti*, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7 (ruling that materials released by the Second Circuit should be unsealed).<br><br>Defendant: Confirmation of receipt of Notice received. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 007 | 338, 338-1, 338-9, 369-12, 397, 398, 398-5, 468, 469, 469-2, 479, 514-5, 660-1 | Employee of Epstein | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, portions of this individual's deposition were released by the Second Circuit, meaning their name and association with this case is already public. *Avenatti*, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7 (ruling that materials released by the Second Circuit should be unsealed). This individual's name and relationship to Epstein were also publicly discussed at Maxwell's criminal trial.<br><br>Defendant: Confirmation of receipt of Notice received. |
| J. DOE 008 | 144-6, 173-6, 249-13, 369-1, 407-9, 423-4 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual gave a media interview about their interactions with Epstein to Vanity Fair in 2020, weighing against continued sealing. *Avenatti,* 2020 WL 70952, at *6; 4/19/22 Hearing Tr. at 7:11-16 (unsealing documents relating to Doe who gave media interviews and was identified in the press); *see* ██████████████████████<br><br>Defendant: No confirmation of receipt of Notice received. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 009 | 122-4, 173-6, 180-1, 180-3, 235-13, 280-1, 321-1, 321-2, 321-3, 321-4, 338, 338-3, 346-4, 369-1, 384-1, 388, 389-8, 392, 397, 398-1, 466, 467-1, 467-2, 481, 482, 482-1, 482-3, 482-4, 637, 638, 638-1, 638-2, 638-3, 638-4, 638-5, 653, 654, 654-1, 660-3, 697, 698, 698-1, 698-2, 754 | Alleged Witness; Alleged Maxwell Employee | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, documents relating to this individual, including emails on which the individual is copied and a substantive declaration by the individual, were released by the Second Circuit, meaning their name and association with this case is already public. *Avenatti*, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7 (ruling that materials released by the Second Circuit should be unsealed).<br><br>Defendant:  Confirmation of receipt of Notice received. |
| J. DOE 010 | 173-6, 180-3, 346-4, 369-1, 384-1, 482-2, 638-1, 698-1, 698-2 | Alleged Witness; Alleged Maxwell Employee | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, the sealed material as to this individual is not salacious.<br><br>Defendant:  Individual served via email.  No confirmation of receipt of Notice received. |

*Giuffre v. Maxwell*, **15-cv-7433-LAP**
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 011 | 173-6, 249-13, 280-1, 321-1, 340-3, 340-4, 363-7, 369-1, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.    Second, this individual's association with Epstein has been reported in the media already, and their name came up at Maxwell's public criminal trial. *Avenatti,* 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  No confirmation of receipt of Notice received. |
| J. DOE 013 | 249-13, 321-1, 321-5, 321-6, 363-7, 423-4 | Alleged Employee of Epstein; Alleged Witness; Alleged Perpetrator | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.    Second, this individual's association with Epstein has been reported in the media already, and their name came up at Maxwell's public criminal trial.  *Avenatti,* 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  Confirmation of receipt of Notice received. |
| J. DOE 014 | 340-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant: sole reference is a deposition question to which the deponent denied any knowledge of individual.  No confirmation of receipt of Notice was received. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 015 | 249-13, 280-1, 321-1, 363-7, 423-4 | Alleged Victim Affiliate | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.<br><br>**Defendant:** This individual gave a press interview in 2011 publicly denying that Epstein had been alone with Doe # 16, who she mentioned by name and whose photograph is contained in the article. The article was produced by Plaintiff in this action at Giuffre003394 and was broadcast over the Web to millions of users. ███████████████ (the article appears to have been removed from the internet but a copy of Plaintiff's produced version can be provided to the Court upon request).<br><br>All redacted references are R. 26 disclosures, search terms, and a deponent who denied ever meeting individual. Confirmation of receipt of Notice was received. |
| J. DOE 016 | 150-1, 172, 173-6, 229-2, 249-13, 321-1, 321-5, 321-6, 339, 340-3, 340-4, 363-7, 369-1, 400, 401-5, 423-4, 450-1 | Alleged Victim | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe whose name came up publicly at Maxwell criminal trial). This individual, however, testified under a pseudonym with Judge Nathan's permission. Plaintiff therefore has no objection to the redaction of only this individual's name in documents that are not already public, but any relevant information about their allegations against Epstein and Maxwell should be unsealed because this individual revealed that information at trial publicly. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
|  |  |  | Defendant:  As an adult, this Doe voluntarily interviewed with the press about her allegations against Epstein. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬ <br><br> The Second Circuit has already released this Doe's entire name and details about her profession. Ex. KK to the summary judgment motion at pages 28 and 29. <br><br> Ms. Maxwell objected to this witness testifying under a pseudonym at the criminal trial. *See* 20-cr-330, Dkt. 382 at pp. 4-23 (redacted).  And for the same reasons objects to further "redaction of only this individual's name" as Plaintiff urges. |
| J. DOE 018 | 381-3 | Law Enforcement Officer | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, this individual's name appears only in an already publicly available police report, and the individual appears to be a member of law enforcement (specifically, an assistant state attorney). Finally, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted. *See* D.E. 1199-10. <br><br> Defendant:  No confirmation of receipt of Notice was received. |
| J. DOE 019 | 180-2,  203, 211, 235-10, 235-13, 249-14, 280-1, 321-1, 363-7 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.    Second, this individual's role in this case has been reported in the media already. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. <br><br> Defendant:  Confirmation of receipt of Notice was received. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 020 | 656-2, 947-1 | Alleged Witness Affiliate | Plaintiff:  Docket Entry 656-2 is a publicly available news article, and should thus be unsealed in full.  Plaintiff takes no position on Docket Entry 947-1.<br><br>Defendant: Doe was served through affiliated company, no confirmation of receipt was received. |
| J. DOE 021 | 435 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant: This individual is a public figure and the only insinuation is that his name was contained, along with many others, in an Epstein address book. There is no salacious allegation about him contained in the sole document. Confirmation of receipt was received. |
| J. DOE 022 | 701-1, 947-1 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein has been reported in the media already. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  This individual is a public figure and none of the materials that relate to him are salacious. |

*Giuffre v. Maxwell*, 15–cv–7433–LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 023 | 150-1, 160, 165-3, 172, 173-5, 173-6, 185-2, 185-3, 185-11, 189, 203, 211, 224, 229, 229-2, 235-4, 247-3, 249-4, 249-13, 272-3, 280-1, 316-6, 320, 321-1, 321-2, 321-3, 321-4, 321-5, 321-6, 339, 340-3, 363-7, 369-1, 369-2, 369-14, 369-15, 407-9, 408-1, 423-4, 641-1, 655, 700, 701-1, 714 | Alleged Perpetrator; Alleged Epstein Affiliate; Alleged Witness | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties," not those accused of serious misconduct, that "weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Finally, this individual's role in Epstein's sex trafficking has been widely reported in the media, the Second Circuit unsealed allegations about this individual in this case, and they were themselves subject to widely publicized criminal prosecution abroad for sex trafficking. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant: This individual passed away. The alleged "role" the individual played was never adjudicated in any court and consists largely of unsworn statements by Plaintiff. |
| J. DOE 024 | 246, 247-1 | Alleged Dershowitz Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious.<br><br>Defendant: This particular document has already been made public by Professor Dershowitz and this Court. The individual has passed away. ███████████████████████████████ |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 025 | 235-13, 381-3 | Alleged Victim Affiliate; Alleged Perpetrator | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, the only document that substantively discussing this individual is already publicly available on the docket with this individual's name unredacted. *See* D.E. 1199-10.<br><br>Defendant:  Confirmation of receipt of Notice was received. |
| J. DOE 026 | 381-3 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, the only document that substantively discussing this individual is already publicly available on the docket with this individual's name unredacted. *See* D.E. 1199-10.<br><br>Defendant:  No confirmation of receipt of Notice received. |
| J. DOE 027 | 249-13, 280-1, 321-1, 369-10, 423-4 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.  Third, this individual's association with Epstein has been reported in the media already. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  No confirmation of receipt of Notice was received. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 029 | 363-7 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7.  Only reference is deposition answer that he was a staff member possibly present at a time and place. |
| J. DOE 030 | 340-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant:  Confirmation of receipt of Notice received.  Only reference is a deposition question to which the deponent stated did not know the Doe. |
| J. DOE 031 | 235-4, 405-1 | Unknown[1] | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7.  Only references to individual are passing and in benign context. |

---

[1]     For individuals characterized as "unknown," the parties have been unable to determine from the information available to them and the relevant docket entries how to accurately characterize the individual.

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 032 | 173-5, 185-11, 235-4, 363-7, 369-10, 656-2 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about their relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  Plaintiff denied ever meeting this individual so not a witness.  No confirmation of receipt of Notice received. |
| J. DOE 033 | 173-6, 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 340-3, 340-4, 369-1, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.<br><br>Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided.  Dkt. 1116, ¶ 7.  All references are either R. 26 disclosure or search term. |
| J. DOE 034 | 701-1 | Plaintiff: Alleged Victim Affiliate<br><br>Defendant: Alleged Witness Affiliate | Plaintiff: This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant:  No confirmation receipt of Notice received.  The Doe was an affiliate of a purported 404(b) adult witness who was not named a victim either by this Court nor the criminal court. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 035 | 231, 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 355-2, 423-4 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious and mostly relate to deposition scheduling.<br><br>Defendant: No confirmation of receipt of Notice received. |
| J. DOE 036 | 144-6, 173-5, 173-6, 180-1, 180-6, 203, 211, 224, 228, 229-4, 235-4, 235-13, 246, 247- 1, 272-5, 272-6, 280-1, 307-8, 320, 321-1, 321-2, 321-3, 321-4, 321-6, 339, 340-1, 340-3, 354, 355-2, 363, 363-1, 363-7, 364, 368, 369-1, 369-2, 369-10, 378, 388, 389-9, 407-6, 407-8, 407-9, 423-1, 423-4, 435, 450-1, 471-1, 510-4, 632-1, | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and their name came up at Maxwell's public criminal trial. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant: The criminal trial testimony concerning the individual was limited to a single reference to a plane flight. The items that Plaintiff hopes to unseal contain a number of salacious, unproven allegations about this individual. Judge Sweet denied Plaintiff's efforts to depose the individual finding the "relevance of testimony" of the individual has "not been adequately established." *See* Order of June 20, 2016 at 17. The individual was served with the Notice through counsel. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | 656-2, 657, 947-1 | | |
| J. DOE 037 | 173-6, 180-1, 180-6, 185-3, 249-13, 272-5, 369-1, 388, 389-9, 407-18, 423-4 | Alleged Maxwell Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, the sealed materials all relate to the same two facts about this individual's association with Maxwell, which is not salacious and has been widely reported in the media already.  *Avenatti*,  2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  The individual was served with the Notice through counsel. |
| J. DOE 038 | 272-5, 320, 407-21, 947-1 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Finally, the sealed material about this individual is not salacious.<br><br>Defendant:  Served through counsel. |
| J. DOE 039 | 423-1, 510-4, 656-2 | Media | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual is a journalist who investigated Epstein, and thus their materials should all be unsealed. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 040 | 172, 173-5, 407-6, 407-8, 407-9, 450-1 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, this individual's association with Epstein has been reported in the media already, and in fact certain of the sealed documents at issue are news articles. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7. |
| J. DOE 041 | 249-13, 321-1, 321-5, 321-6, 423-4 | Alleged Victim | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms.<br><br>Defendant: All references are either R. 26 disclosures or search terms. |
| J. DOE 042 | 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 423-4 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.<br><br>Defendant:  Served.  All references either R. 26 disclosure, search term, or one deponent denying knowledge of the individual. |
| J. DOE 043 | 700, 701-1 | Plaintiff: Alleged Victim | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | Defendant: Alleged Epstein Affiliate | Defendant: No confirmation receipt of Notice received. The Doe was an affiliate of a purported 404(b) adult witness who was not named a victim either by this Court nor the criminal court, nor did she allege herself to be a victim in this case. |
| J. DOE 044 | 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 369-10, 423-4 | Plaintiff: Alleged Victim<br><br>Defendant: Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual's allegations against Epstein and others has been previously reported on by the press, and this individual has given multiple interviews to the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; *see* ███████<br><br>Defendant: 369-10 is a news article on the internet. Most of the documents are R. 26 disclosure or search terms. |
| J. DOE 045 | 247-1, 249-13, 280-1, 321-1, 321-5, 423-4 | Plaintiff: Alleged Victim<br><br>Defendant: Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, this individual's allegations against Epstein and others has been previously reported on by the press, and this individual has given multiple interviews to the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; *see* ████████<br><br>Defendant: Served through counsel. All items (except 247-1) either R. 26 disclosure or search term. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 046 | 258-3 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided.  Dkt. 1116, ¶ 7. |
| J. DOE 047 | 232-9, 235-8 | Law Enforcement | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name appears only in an already publicly available police report released by the Second Circuit, and the individual appears to be a member of law enforcement (specifically, a detective).  Finally, the only document that substantively discussing this individual is already publicly available on the docket with this individual's name unredacted. *See* D.E. 1199-10.<br><br>Defendant:  No confirmation receipt of Notice received. |
| J. DOE 048 | 249-13, 280-1, 321-1, 321-5, 321-6, 339, 423-4 | Plaintiff: Alleged Victim<br><br>Defendant: Alleged Witness | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's allegations against Epstein and others have been previously reported on by the press, and this individual testified publicly at a hearing before Judge Berman after Epstein's death. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  This individual testified under a pseudonym at the criminal trial. Judge Nathan determined that this witness was not a victim as a matter of law |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | | in the criminal trial. Judge Berman permitted any number of individuals to speak who were not named or otherwise adjudicated victims. |
| J. DOE 049 | passim | Plaintiff: Alleged Perpetrator, Alleged Epstein Affiliate<br><br>Defendant: Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. This individual has advocated to this Court that all materials relating to them should be unsealed. *See, e.g.,* D.E. 1138. Further, Defendant mischaracterizes Plaintiff's statements regarding her settlement with Doe 49, and Plaintiff refers the Court to her public statements on this topic.<br><br>Defendant: Plaintiff has publicly stated that she was "mistaken" with regard to her allegations against this individual and thus, there is no basis to advocate that he is an alleged "perpetrator." Specifically, Plaintiff publicly stated the following: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| J. DOE 050 | | Alleged Victim Affiliate | Plaintiff: This individual is a medical provider whose name has already been revealed in documents on the docket, unredacted. *See* D.E. 1256-19.<br><br>Defendant: Served. No unsealed documents related to this individual |
| J. DOE 051 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Employee of Epstein | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | | Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided.  Dkt. 1116, ¶ 7.  All references are either R. 26 disclosures or search terms. |
| J. DOE 052 | 150-1, 173-6, 340-3, 369-1 | Plaintiff: Alleged Victim; Alleged Witness<br><br>Defendant: Alleged Witness | Plaintiff: This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant: No confirmation of receipt of the Notice was received.  Defendant knows of no basis for considering this individual a "victim". |
| J. DOE 057 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 338, 338-6, 423-4 | Plaintiff: Alleged Victim<br><br>Defendant: Alleged Victim Affiliate | Plaintiff: This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant: No confirmation of receipt of the Notice was received.  Defendant knows of no basis for considering this individual a "victim". |
| J. DOE 058 | 947-1 | Alleged Witness Affiliate; Alleged Perpetrator | Plaintiff: Plaintiff takes no position on Docket Entry 947-1.<br><br>Defendant:  This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |

*Giuffre v. Maxwell*, 15–cv–7433–LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 059 | 235-10, 380, 423-1, 510-4 | Alleged Perpetrator | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Third, this individual or their representatives will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387. Finally, this individual's name was unsealed in materials released by the Second Circuit.<br><br>**Defendant:** This individual is dead and therefore will not have "a fair opportunty" to respond to any unsealed accusations which apparently was never adjudicated publicly. Dkt. 1116 at ¶ 8. |
| J. DOE 061 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Unknown | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.<br><br>**Defendant:** The parties were unable to locate an address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7. All of the references are either in R. 26 disclosures or search terms. |
| J. DOE 062 | 258-3 | Alleged Victim | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | | Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided.  Dkt. 1116, ¶ 7. This individual's name is mentioned once in a deposition as to a victim whose name the Second Circuit kept sealed. (*See* Doe # 84).  Releasing the individual's name could harm the privacy interests of the individual the Court deemed sealable by allowing the press and others to identify the deponent's identity. The only reference is a deposition question to which the answer was not included in the excerpt. |
| J. DOE 063 | 144-4, 144-6, 150-1, 173-6, 235-13, 249-13, 315, 339, 340-3, 340-4, 368, 369-1, 423-4, 845, 856 | Alleged Victim | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's allegations against Epstein and others has been previously reported on by the press, this individual has given multiple interviews to the media, and this individual testified publicly at Maxwell's criminal trial under their real name. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25;  ███████████████████████████████████  Defendant:  Plaintiff's counsel represents this individual and so should be in a position to give her position on unsealing directly. |
| J. DOE 064 | 280-1, 315, 316-7, 321-1, 339, 340-4, 368, 369-3, 845, 856 | Plaintiff: Alleged Victim  Defendant: Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's allegations against Epstein and others has been previously reported on by the press, and this individual has given multiple interviews to the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25;  ███████████████████████████████████  Defendant:  Plaintiff's counsel represents this individual and so should be in a position to give her position on unsealing directly. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 065 | 172, 173-5, 235-13 ▮▮▮▮ 249-13, 280-1, 321-1, 321-5, 321-6, 407-6, 423-4, 493-1 | Alleged Epstein Affiliate; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about their relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  Served |
| J. DOE 066 | 235-4, 235-13, 280-1, 316-7, 321-1, 340-4, 369-3, 381-1 | Alleged Victim Affiliate; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |
| J. DOE 067 | 203, 211, 235-4, 235-13, 249-13, 249-14, 257, 258, 258-3, 258-4, 258-9, 261, 267, 268, 268-2, 280-1, 307-8, 315, 316, 316-2, 316-7, 321-1, 321-5, 321-6, 339, 340, 340-4, 340-8, 363-7, 368, 369, 369-3, 369-4, 381-3, 388, 389, 389-4, | Plaintiff: Alleged Victim Affiliate; Alleged Witness<br><br>Defendant: Alleged Victim Affiliate; Alleged Perpetrator; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, portions of this individual's deposition were released by the Second Circuit, meaning their name and association with this case is already public. *Avenatti*, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7.<br><br>Defendant: During the criminal trial, one of the named victims testified that Plaintiff and this individual, who were then both over the age of 18, recruited her at the age of 14 to provide massages to Epstein.  This Doe's first and last name were provided in open court in connection with these allegations. *See* Trial Tr. 1517, 1743 (*U.S. v. Maxwell*, 20-cr-330). |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | 392, 393, 393-1, 400, 401, 401-6, 423-1, 423-4, 450-1, 510-4, 513, 845, 856 | | |
| J. DOE 068 | 340-4 | Plaintiff: Alleged Victim Affiliate <br><br> Defendant: Alleged Witness Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with this case has been reported in the media already. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 069 | 172, 173-6, 203, 211, 224, 229- 6, 249-4, 249-13, 369-1, 423-4, 435, 607-3 | Employee of Epstein; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, this individual's association with Epstein has been widely reported in the media already.  *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. <br><br> Defendant:  This individual has passed away. |
| J. DOE 070 | 228, 235-13, 280-1, 307-8, 321-1, 339, 363, 364, 406, 435 | Law Enforcement | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual is a former law enforcement official and, specifically, the former FBI director. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 071 | 249-13, 321-5, 321-6, 423-4 | Employee of Epstein; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.<br><br>Defendant:  All references are either R. 26 disclosures or search terms. |
| J. DOE 072 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Employee of Epstein; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.<br><br>Defendant:  All references are either R. 26 disclosures or search terms. |
| J. DOE 075 | 232-7, 232-9, 235-4, 235-8, 235-10, 235-13, 307-8, 363-7, 423-1 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  No confirmation of receipt of Notice was received. |
| J. DOE 076 | 450-1 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  This individual's name also appears in a publicly available police report.<br><br>Defendant:  The only reference is a deposition question in answer to which the deponent asserted a Fifth Amendment protection (as with all questions in the deposition). |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 077 | 173-5, 173-6, 340-5, 354, 355-2, 363-7, 369-1, 378, 408-1, 423-1, 435, 510-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about their relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  Served through organization. |
| J. DOE 078 | passim | Alleged Maxwell Affiliate; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the Second Circuit unsealed this individual's name and information about their relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 079 | 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  The only references are in R. 26 disclosures, search term, and a deposition question in answer to which the deponent knowledge of the Doe. |
| J. DOE 080 | 249-13, 423-4 | Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | | Defendant: The parties were unable to locate an address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7. The only references are contained in R. 26 disclosures and search terms. |
| J. DOE 081 | 655, 656-7, 656-8, 701-1, 714 | Plaintiff: Alleged Victim Affiliate<br><br>Defendant: Alleged Witness Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts.<br><br>Defendant: Served via email. |
| J. DOE 082 | 249-13, 280-1, 280-2, 321-1, 321-5, 321-6, 338-9, 398-5, 423-4, 450-1, 450-5, 655, 656-4, 656-8, 700, 701-1, 928, 947-1, 957 | Plaintiff: Employee of Epstein; Alleged Perpetrator; Alleged Witness<br><br>Defendant: Employee of Epstein; Alleged Witness | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media, this individual has been named as a defendant in public lawsuits relating to Epstein, and the Second Circuit unsealed substantial material relating to this individual. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 083 | 235-13, 280-1, 321-1, 423-1, 510-4 | Alleged Victim Affiliate | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |
| J. DOE 084 | 172, 203, 211, 224, 228, 229, 229-11, 231, 235-13, 249-4, 249-13, 257, 258, 258-3, 261, 280-1, 321-1, 321-4, 321-5, 321-6, 423-4, 567, 568, 568-4, 606, 631, 632, 632-1 | Alleged Victim; Alleged Witness | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant: This Doe's name was redacted by the Second Circuit when they released summary judgment materials containing the person's name. ███<br>███████████████<br>███████████████<br>███████████████<br>███████████████<br>███████████████<br>███████████ |
| J. DOE 085 | 340-4 | Unknown | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant: The parties were unable to locate an address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7. Only reference is a deposition question in answer to which the deponent denied knowledge of the individual. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
## Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 086 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  The parties were unable to locate an address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7. Some material related to this individual is salacious. |
| J. DOE 087 | 173-6, 180-1, 369-1, 423-1, 435, 510-4, 656-2 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein has been widely reported in the media already, along with pictures of this individual on Epstein's island.  *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant: This individual passed away in 2018 and therefore never received notice of the unsealing nor will have an opportunity to respond to any newly released items related to them.  Dkt. 1116, ¶ 8. |
| J. DOE 088 | 340-4 | Unknown | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  The parties were unable to locate and address for this individual and therefore no notice was provided. Dkt. 1116, ¶ 7.  The only reference is a deposition question in answer to which the deponent denied knowledge of the individual. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 089 | 235-13 ███████ 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 369-10, 423-4 | Employee of Epstein | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. Finally, this individual's name and association with Epstein has been publicized by the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 090 | 173-6, 340-3, 369-1 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant: Served |
| J. DOE 091 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Alleged Victim | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant: Served |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 092 | None Identified | Alleged Epstein Affiliate | Plaintiff: Any information about this individual should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, the sealed material as to this individual is not salacious and consists mostly of privilege logs and documents discussing privilege logs. Finally, this individual's name and association with Epstein has been widely publicized by the media, this individual has been named as a defendant in public lawsuits relating to Epstein, and the Second Circuit unsealed this individual's name and information about their relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. <br><br> Defendant: Served |
| J. DOE 093[2] | 701-1 | Alleged Victim Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious. Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |

---

[2] The Court previously unsealed materials relating to an individual identified as Doe 93 who had objected to unsealing, but Plaintiff had misidentified that individual's pseudonym number based on a prior, outdated version of the non-party list. Apr. 19, 2022, Hr'g Tr. at 7:1–10. The parties kept materials relating to that individual sealed, as ordered by the Court.

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 094 | 235-4 | Alleged Victim Affiliate; Alleged Perpetrator | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. |
| J. DOE 095 | 338-9, 398-5 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's counsel and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts.  Second, the sealed material as to this individual is not salacious.  Finally, this individual's name and association with Epstein has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein.  *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage"). |
| J. DOE 096 | 576 | Alleged Victim | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  Only reference is the Doe's reported name on a flight log. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 098 | 340-4 | Unknown | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Plaintiff was unable to locate any address for this individual. <br><br> Defendant:  Plaintiff located no address for this person.  Only reference is a deposition question to which the deponent denied knowledge of the Doe. |
| J. DOE 099 | passim | Employee of Epstein; Alleged Perpetrator | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's counsel and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media, this individual has been named as a defendant in public lawsuits relating to Epstein, and the Second Circuit unsealed substantial material relating to this individual. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050.  Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387. |
| J. DOE 100 | 340-4 | Unknown | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. <br><br> Defendant:  Plaintiff located no address for this person.  Only reference is a deposition question to which the deponent denied knowledge of the Doe. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 101 | 235-13, 280-1, 321-1, 423-1, 510-4 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms.  Plaintiff sent a non-party notice to this individual.  Although Plaintiff did not receive delivery confirmation, this individual received the notice because they requested excerpts and did not lodge and objection to unsealing. |
| J. DOE 102 | 280-2, 338-9, 398-5 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's counsel and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein has already been publicized by the media. |
| J. DOE 103 | 235-13, 363-7 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's counsel and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about their relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 104 | 247-1 | Unknown | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | | Defendant:  Plaintiff acknowledged that this person is deceased and therefore did not receive notice.  Unable to locate Doe's name in the listed pleading. |
| J. DOE 106 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4, 435 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |
| J. DOE 108 | 701-1 | Alleged Witness | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. |
| J. DOE 109 | 185-3, 363, 450-1, 450-5, 568-3 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein has already been widely publicized by the media.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 110 | 173-6, 249-13, 280-1, 321-1, 321-5, 321-6, 339, 340-3, 340-4, 363-7, 369-1, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, this individual's name and association with Epstein has been widely publicized by the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Plaintiff sent a non-party notice to this individual.  Although Plaintiff did not receive delivery confirmation, this individual received the notice because they requested excerpts and did not lodge and objection to unsealing. |
| J. DOE 111 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  Plaintiff located no address for this person.  The sole references appear to be in R. 26 disclosures and search terms. |
| J. DOE 112 | 235-13, 249-13, 280-1, 321-1, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein has been publicized by the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  Plaintiff located no address for this person.  The sole references appear to be in R. 26 disclosures and search terms. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 113 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4, 435 | Alleged Epstein Affiliate; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation.<br><br>Defendant:  The references all are included in R. 26 disclosures, search terms, and a hearsay statement that the name appears in Epstein's address book. |
| J. DOE 114 | 173-6, 369-1 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  Plaintiff located no address for this person.  The sole reference is that this individual's name appears to be contained on a flight log. |
| J. DOE 115 | 435 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, the sealed material as to this individual is not salacious.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation.<br><br>Defendant:  The sole reference to this individual is a hearsay statement that the Doe appeared in Epstein's address book. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 116 | 398-4, 338, 338-8, 468, 469-1, 660-1 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts.  Finally, the sealed material as to this individual is not salacious. |
| J. DOE 117 | 450-1, 471-1 | Law Enforcement Officer | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual is a former law enforcement official and, specifically, a former Assistant U.S. Attorney, and this individual's role in the Epstein case is part of a public Office of Professional Responsibility Report.  Plaintiff was unable to locate an address for this individual. |
| J. DOE 118 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation.<br><br>Defendant:  Plaintiff located no address for this person. |
| J. DOE 119 | 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | | | disclosures.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 120 | 576, 655, 656-4, 656-5, 656-6, 656-7, 700, 701-1, 947-1 | Plaintiff: Employee of Epstein; Alleged Perpetrator; Alleged Witness<br><br>Defendant: Employee of Epstein; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage").  Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050.  Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 121 | 381-1 | Law Enforcement | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name appears only in an already publicly available police report, and the individual appears to be a member of law enforcement (specifically, a police officer).  Finally, the only document that substantively discussing this individual is already publicly available on the docket with this individual's name unredacted. *See* D.E. 1199-8. Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 122 | 150-1, 173-6, 203, 211, 224, 235-4, 280-1, 320, 321-1, 321-6, 340-3, 340-4, 369, 369-1, 407, 407-9, 655, 656-5, 656-6, 656-9, 700, 701-1, 701-2 | Employee of Epstein; Alleged Perpetrator; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 123 | 260-2, 270-6, 272-9 | Alleged Victim Affiliate | Plaintiff:  The name of this individual should be unsealed.  This individual is a medical provider whose name has already been revealed in documents on the docket, unredacted. *See* D.E. 1090-45.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 124 | 701-1 | Alleged Witness | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  Plaintiff located no address for this person.  The witness's allegations against this individual are salacious. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 125 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation.   First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 621. Second, this individual's name and association with Epstein has been publicized by the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 126 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein has been publicized by the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 127 | 235-13, 280-1, 321-1 | Alleged Victim Affiliate; Witness | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name appears in a publicly available police report.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 128 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |
| J. DOE 129 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |

*Giuffre v. Maxwell*, 15–cv–7433–LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 130 | 450-1, 471-1 | Law Enforcement | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's counsel and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual is a former law enforcement official and, specifically, a former Assistant U.S. Attorney, and this individual's role in the Epstein case is part of a public Office of Professional Responsibility Report. |
| J. DOE 131 | 203, 211, 232, 235, 235-7, 235-13, 249-4, 258-10, 280-1, 320, 321-1, 368, 369, 369-8, 392, 393, 393-1 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, portions of this individual's deposition were released by the Second Circuit, meaning their name and association with this case is already public. *Avenatti*, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 132 | 173-5, 173-6, 235-13, 280-1, 321-1, 321-5, 321-6, 340-5, 363-7, 369-1, 435, 450-1, 510-3, 514-3, 701-1 | Plaintiff: Alleged Epstein Affiliate; Alleged Perpetrator  Alleged Epstein Affiliate; | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties," not those accused of serious misconduct, that "weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Finally, allegations about this individual have been widely reported in the media, and the Second Circuit unsealed allegations about this individual in this case. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Defendant:  Plaintiff acknowledged that this person is deceased and therefore did not receive notice. |

*Giuffre v. Maxwell*, **15-cv-7433-LAP**
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 134 | 173-6, 228, 249-13, 280-1, 321-1, 321-5, 321-6, 369-1, 423-4 | Alleged Epstein Affiliate; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, this individual's name and association with Epstein and Maxwell has been publicized by the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.   Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 135 | 173-6, 235-13, 321-5, 321-6, 340-3, 369-1 | Alleged Victim | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  Plaintiff located no address for this person. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 136 | 184, 185-3, 249-13, 280-1, 321-1, 321-5, 321-6, 406, 407, 408, 408-1, 423-4, 435 | Plaintiff: Employee of Epstein; Alleged Perpetrator; Alleged Witness<br><br>Defendant: Employee of Epstein Alleged Witness | Plaintiff:  This individual is the same individual as Doe 157.  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage").  Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387. |
| J. DOE 137 | 363-7 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  The information relating to his individual is also not salacious.<br><br>Defendant:  Plaintiff located no address for this person.  The only reference is a deposition question to which the Party denied knowledge of. |
| J. DOE 138 | 381-1 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Further, this individual's name appears only in a public police report and was already released by this Court. *See* D.E. 1199-8. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 139 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation.   First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the Second Circuit unsealed this individual's name and relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 140 | 249-13, 280-1, 280-2, 321-1, 423-4 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the Second Circuit unsealed this individual's name and relationship with Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 141 | 249-13, 363-7, 423-4 | Employee of Epstein | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the Second Circuit previously unsealed this individual's name. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 142 | 228, 249-13, 321-1, 321-5, 321-6, 340-4, 423-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 143 | passim | Alleged Perpetrator; Alleged Epstein Affiliate; Alleged Witness | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and their name came up at Maxwell's public criminal trial. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. This individual was also named as a defendant in public, federal lawsuit involving the same conduct underlying this action. Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387. |
| J. DOE 145 | 249-13, 321-1, 321-5, 321-6, 368, 369, 369-12, 423-4, 513, 514, 514-5, 568-5, 607-3 | Employee of Epstein | Plaintiff: This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Portions of this individual's 2009 deposition in a matter against Epstein were also unsealed by the Second Circuit. |
| J. DOE 146 | 701-1 | Plaintiff: Alleged Victim Affiliate<br><br>Defendant: Alleged Witness Affiliate | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant: Plaintiff located no address for this person. |

*Giuffre v. Maxwell*, 15–cv–7433–LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 148 | 172, 173-5, 185-11, 228, , 235-4, 235-13, 249-13, 363-7, 423-4, 435, 450-1, 701-1 | Plaintiff: Alleged Perpetrator; Alleged Epstein Affiliate; Alleged Witness<br><br>Defendant: Alleged Epstein Affiliate; Alleged Witness | Plaintiff: This material should be unsealed in full. Plaintiff sent a non-party notice to this individual, received delivery confirmation, and this individual requested excerpts.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and their name was unsealed by the Second Circuit previously.  *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. at 387. |
| J. DOE 149 | 173-5 | Law Enforcement | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  Plaintiff located no address for this person. |
| J. DOE 150 | 229-1 | Alleged Witness | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  The deposition of this individual's spouse was released with redactions by this Court and previously by the Second Circuit, and the only information in the transcript about this individual is not salacious.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |

*Giuffre v. Maxwell*, **15-cv-7433-LAP**
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 152 | 235-13, 423-1, 510-4 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual has given statements to the media in connection with this matter. *Avenatti*, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7.<br><br>Defendant:  Plaintiff located no address for this person. |
| J. DOE 153 | 203, 211, 235-4, 235-13, 249-4, 280-1, 321-1, 338, 423-1, 423-4, 510-4 | Alleged Victim Affiliate; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual has given statements and interviews to the media in connection with this matter, and portions of this individual's deposition were released by the Second Circuit. *Avenatti*, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7; ██████████████████████ Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 154 | 173-6, 249-13, 258-4, 280-1, 321-1, 321-5, 321-6, 340-3, 340-4, 369-1, 423-4, 450-1, 482-4 | Alleged Underage Victim; Alleged Witness | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's allegations against Epstein and others have been previously reported on by the press, and this individual has given interviews to the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; ████████████████████████ ████████████████████ |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 155 | 172, 173-6, 203, 211, 224, 229-12, 249-4, 249-13, 368, 369, 369-1, 369-2, 369-13, 388, 389, 389-5, 389-6, 392, 393, 393-1, 423-4 | Employee of Epstein; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing.  *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. Portions of this individual's deposition in this matter were also unsealed by the Second Circuit.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 156 | 152, 153-7, 172, 173-6, 185-3, 247-1, 249-13, 339, 340-3, 340-4, 363-7, 368, 369, 369-1, 369-16, 379-3, 406, 407, 407-1, 407-8, 408, 408-1, 423-4, 435, 450-1, 567, 568, 568-5, 606, 607, 607-3, 631, 656-2, 721-1 | Employee of Epstein; Alleged Witness | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's deposition in a prior Epstein-related matter is publicly available, and portions of that deposition were unsealed by the Second Circuit. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  Plaintiff acknowledged that this person is deceased and therefore did not receive notice. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 157 | 249-13, 321-5, 321-6, 338, 338-9, 398-5, 407, 407-9, 423-4, 450-1, 450-5, 660-1 | Plaintiff: Employee of Epstein; Alleged Perpetrator; Alleged Witness<br><br>Defendant: Employee of Epstein Alleged Witness | Plaintiff:  This individual is the same individual as Doe 136.  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation.  First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 621.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage").   Third, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. at 387. |
| J. DOE 158 | 173-6, 369-1, 235-13, 320, 450-1 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation.   First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's relationship with Epstein has been widely publicized by the media. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 159, J. DOE 160 | 701-1 | Alleged Witness Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.<br><br>Defendant:  Plaintiff located no address for these persons, who are believed to live abroad. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 161 | 381-1 | Alleged Victim Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  This individual's name also appears in a publicly available police report.  Finally, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted. *See* D.E. 1199-10.

Defendant:  Plaintiff located no address for this person.  Only reference appears to relate to juvenile criminal conduct by this individual in regards to Plaintiff, unclear why not redacted by the law enforcement agency. |
| J. DOE 162 | 143, 144-6, 150-1, 172, 173, 173-5, 173-6, 189, 203, 204, 204-1, 211, 212, 212-1, 224, 249-4, 249-13, 257, 258, 258-2, 261, 272-7, 280-1, 315, 316, 316-1, 316-6, 316-8, 321-1, 321-5, 321-6, 338, 338-1, 338-7, 339, 340, 340-3, 340-4, 340-5, 340-6,  363-7, 368, 369, 369-1, 369-2, 369-5, 378, 388, 389, | Alleged Victim; Alleged Witness | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's counsel and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 621.  Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts.  Finally, this individual's allegations against Epstein and others has been previously reported on by the press, this individual gave an interview to the Daily Mail in 2021, and the Second Circuit unsealed substantial information relating to this individual.  *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; ████████████████████ ██████████████████████████████ ████████████ |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| | 389-1, 392  393, 393-1, 400, 401, 401-3, 401-4, 423-4, 450-6, 492, 493, 493-1, 568-5, 660-3, 845, 856 | | |
| J. DOE 163 | 405-1 | Media | Plaintiff:  This individual is a journalist, and thus materials relating to this individual should be unsealed in full. |
| J. DOE 164 | 316-7, 340-4, 369-3 | Alleged Underaged Victim; Alleged Witness | Plaintiff: This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 165 | 340-4 | Unknown | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity.  *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.<br><br>Defendant:  Only reference is a deposition question after which the deponent denied knowledge of the individual. |

51

*Giuffre v. Maxwell*, 15–cv–7433–LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 166 | 173-5, 173-6, 340-3, 340-4, 363-7, 369-1, 369-10, 407-6, 435, 632-1 | Alleged Epstein Affiliate | **Plaintiff:** This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's production company and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and their name came up during Maxwell's public criminal trial. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 167 | 173-6, 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 369-1, 423-4 | Alleged Epstein Affiliate; Alleged Witness | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 621. Second, this individual is alleged to have engaged in serious wrongdoing, and it is generally the privacy interests of "innocent third parties" that "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. Finally, this individual will have "a fair opportunity" to respond to any unsealed accusations, putting countervailing privacy interests "at the lowest." *Huntley*, 943 F. Supp. 2d at 387. Plaintiff was unable to locate an address for this individual.

**Defendant:** Apart from R. 26 disclosures and search terms, a party deponent obviously confused this individual's name with another person with a similar name. |
| J. DOE 168 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | Employee of Epstein; Alleged Witness | **Plaintiff:** This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Plaintiff was unable to locate an address for this individual.

**Defendant:** All references are either R. 26 disclosures or search terms. |

*Giuffre v. Maxwell*, 15–cv–7433–LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 169 | 363-7, 435 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein has been widely reported in the media already.  *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 170 | 229-10, 450-3, 482-4 | Alleged Epstein Affiliate | This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, emails containing this individual's name and association with Epstein were previously unsealed by this Court. Third, the sealed material as to this individual is not salacious.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 172 | 173-6, 369-1 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, the sealed material as to this individual is not salacious.  Plaintiff was unable to locate an address for this individual.<br><br>Defendant:  The only reference is a deposition question to which the deponent denied knowledge of the Doe. |
| J. DOE 173 | 235-13, 280-1, 321-1, 381-3 | Alleged Victim Affiliate; Alleged Perpetrator | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.   Second, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  *See* D.E. 1199-10.  Plaintiff was unable to locate an address for this individual. |

*Giuffre v. Maxwell*, **15-cv-7433-LAP**
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 174 | 173-5, 340-5, 363-7, 407-6, 435, 656-2, 657, 701-1, 947-1 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and their name came up during Maxwell's public criminal trial. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 175 | 173-6, 340-3, 340-4, 369-1, 369-10 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and their name came up during Maxwell's public criminal trial. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation. |
| J. DOE 176 | 249-13, 321-5, 321-6, 423-4 | Employee of Epstein | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation.<br><br>Defendant: All references are either in R. 26 disclosure or search terms. |

*Giuffre v. Maxwell*, **15-cv-7433-LAP**
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 177 | 235-4, 235-13, 423-1, 510-4 | Alleged Victim Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, the sealed material as to this individual is not salacious. Plaintiff was unable to locate an address for this individual. |
| J. DOE 178 | 258-3, 568-4 | Alleged Underage Victim | Plaintiff: This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. |
| J. DOE 179 | 173-8, 340-6, 400, 401-3, 450-6 | Alleged Epstein Affiliate | Plaintiff: This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual's name was unsealed in materials released by the Second Circuit. |
| J. DOE 180 | 173-6, 340-3, 369-1 | Epstein Employee | Plaintiff: This is the same individual as Doe 181, and the deposition examiner mistakenly used the incorrect name in the deposition transcripts at issue. This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. Portions of this individual's deposition in this matter were also unsealed by the Second Circuit. Plaintiff was unable to locate an address for this individual. |

55

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 181 | 173-6, 249-13, 280-1, 280-2, 321-1, 321-5, 321-6, 363-7, 407-9, 423-4, 435 | Epstein Employee; Alleged Witness | Plaintiff:  This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Portions of this individual's deposition in this matter were also unsealed by the Second Circuit.<br><br>Defendant:  Almost all of the references are R. 26 disclosures or search terms. |
| J. DOE 182 | 340-4 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Plaintiff sent a non-party notice to this individual, but did not receive a delivery confirmation.<br><br>Defendant:  The only reference is in a deposition question that was never answered. |
| J. DOE 184 | 435 | Alleged Epstein Affiliate | Plaintiff:  This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621.  Second, this individual's association with Epstein has been reported in the media already. *Avenatti,* 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.<br><br>Defendant:  This person passed away in 2016.  The only reference is a hearsay assertion that the individual's name was in Epstein's address book. |

*Giuffre v. Maxwell*, 15-cv-7433-LAP
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
| J. DOE 185 | 235-13, 249-13, 321-1, 321-5, 321-6, 423-4 | Alleged Victim; Alleged Witness | **Plaintiff:** This material should be unsealed in full. Plaintiff sent a non-party notice to this individual's counsel and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Second, this individual's allegations against Epstein and others have been previously reported on by the press, this individual has given multiple interviews to the media, and this individual has been a plaintiff in public lawsuits relating to Epstein's sex trafficking. *Avenatti*, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; ███████████████<br><br>**Defendant:** All references are either R. 26 disclosures or search terms. |
| J. DOE 186 | 235-13, 280-1, 321-1 | Alleged Victim Affiliate | **Plaintiff:** This material should be unsealed in full. Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to unsealing after receiving those excerpts. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms.<br><br>**Defendant:** All references are either R. 26 disclosures or search terms. |
| J. DOE 187 | 249-13, 280-1, 321-1, 321-5, 321-6, 407-9, 423-4 | Employee of Epstein; Alleged Witness | **Plaintiff:** This material should be unsealed in full. Plaintiff sent a non-party notice to this individual, received delivery confirmation, and this individual request excerpts. First, this individual did not raise any objection to unsealing, and thus did not meet their burden of identifying interests that outweigh the presumption of access with specificity. *DiRussa*, 121 F.3d at 826; *Lytle*, 810 F. Supp. 2d at 621. Further, this individual actually requested excerpts of materials mentioning them, which the parties sent them, and still raised no objection to |

*Giuffre v. Maxwell*, **15-cv-7433-LAP**
**Original Parties' Joint Chart of Non-Objecting Does (February 7, 2023)**

| Pseudonym | Relevant Docket Entries | Characterization | Additional Comments/Argument |
|---|---|---|---|
|  |  |  | unsealing after receiving those excerpts.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms.<br><br>Defendant:  All references are R. 26 disclosures, search terms, or one deponent's refusal to answer whether the Doe is known to them, and refusing to answer all questions. |