**MANDATE**

22-1836
*TGP Communications, LLC v. Doe*

1:15-cv-07433-LAP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 19 2023\_\_

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           REENA RAGGI,
                   *Circuit Judges.*

---

TGP COMMUNICATIONS, LLC
d/b/a THE GATEWAY PUNDIT,

      *Intervenor-Appellant,*         22-1836

      v.

JOHN DOE,

      *Appellee.*[*]

---

**FOR INTERVENOR-APPELLANT:**     John C. Burns, Burns Law Firm, St. Louis, MO; Marc J. Randazza and Jay M. Wolman, Randazza Legal Group, PLLC, Gloucester, MA.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

MANDATE ISSUED ON 07/19/2023

**FOR APPELLEE:**  Paul M. Krieger and Andrew N. Stahl, Krieger Kim & Lewin LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 9, 2022 order of the District Court be and hereby is **AFFIRMED**.

TGP Communications, LLC d/b/a The Gateway Pundit ("TGP") filed a motion for permissive intervention in *Giuffre v. Maxwell*, No. 15-cv-7433 (S.D.N.Y.), pursuant to Federal Rule of Civil Procedure 24(b). That rule provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).[1] TGP, like existing intervenors, seeks the unsealing of "any and all documents" filed in *Giuffre v. Maxwell* that "identify the men who abused the girls trafficked by Jeffrey Epstein and Defendant Maxwell." Appellant's App'x at 260. The District Court denied TGP's motion to intervene because, among other things, it was untimely. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The issue on appeal is whether the District Court abused its discretion in denying TGP's motion for permissive intervention. *See DSI Assocs. LLC v. United States*, 496 F.3d 175, 182–83 (2d Cir. 2007). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 627 (2d Cir. 2018) (internal quotation marks and citation omitted).

Timeliness is a "threshold consideration under Rule 24(b)." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 74 (2d Cir. 1994). To determine whether an intervention motion is timely, "the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3)

---

[1] Federal Rule of Civil Procedure 24(a), which governs interventions as of right, is not here at issue.

prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.* at 70.[2]

The District Court did not abuse its discretion in denying TGP's motion for permissive intervention as untimely.  TGP does not contest that it has been aware of its interest in submissions filed under seal in the highly publicized underlying action since the District Court entered a Sealing Order prospectively granting motions to file submissions under seal on August 9, 2016, *six years* before TGP moved to intervene.[3]  We find no abuse of discretion in the District Court's conclusion that permitting TGP to intervene at this late stage "would unduly delay the adjudication of the rights of the original parties with respect to the protective order, at least by requiring the parties and the Court to respond to an additional set of papers, likely to be redundant of other parties' and intervenors' papers."  Appellant's App'x at 285.  We likewise find no abuse of discretion in the District Court's conclusion that TGP's interests are adequately represented by other intervenors, which include a reporter and media organization actively involved in the unsealing process.

In sum, we conclude that the District Court acted within its discretion when it denied TGP's motion to intervene.  *See Pitney Bowes*, 25 F.3d at 73 ("Reversal of a district court's denial of permissive intervention is a very rare bird indeed, so seldom seen as to be considered unique.").

## CONCLUSION

Having reviewed all of the arguments raised by TGP on appeal and finding them to be without merit, we **AFFIRM** the District Court's August 9, 2022 order.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We rely on the same circumstances to assess both the timeliness of Rule 24(a) motions for intervention as of right and Rule 24(b) motions for permissive interventions.  *See Floyd v. City of New York*, 770 F.3d 1051, 1058–60 (2d Cir. 2014) (per curiam).

[3] TGP instead argues that its "knowledge . . . is irrelevant" and that it "had no appreciation that the District Court would take over four times as long to unseal the records as it took to put them under seal in the first place." Reply Br. at 12.  First, TGP's knowledge *is* relevant. *See Pitney Bowes*, 25 F.3d at 70 (stating that a factor to consider when assessing timeliness is "how long the applicant had *notice* of the interest before it made the motion to intervene" (emphasis added)).  Second, the question is when TGP was on notice of its interest in the sealed submissions, not when it was on notice of how long it would take the District Court to unseal them.  Again, TGP does not contest that it has been aware of its interest in the submissions filed under seal for six years.