UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

        Plaintiff,                       Case No.: 15 Civ. 7433 (LAP)

v.

GHISLAINE MAXWELL,

        Defendant.
_____/

**PLAINTIFF'S BRIEF IN RESPONSE TO
NON-PARTY DOE 133'S OBJECTION TO UNSEALING**

Pursuant to the Court's August 26, 2020, Order concerning the briefing schedule for Non-Party Objectors, Plaintiff Virginia Giuffre files this Brief in Response to Non-Party Doe 133's September 29, 2023, Memorandum of Law and Objection to unsealing docket entries containing references to them.[1]

## PRELIMINARY STATEMENT

Doe 133's objections to unsealing are the same as those the Court has already rejected numerous times: that unsealing certain documents might be embarrassing, would expose non-parties to media attention, and could result in some unfortunate association between the non-parties and Jeffrey Epstein or Ghislaine Maxwell. But as the Court has previously recognized, such generalized concerns about annoyance or embarrassment are insufficient to overcome the presumption of public access to judicial documents in a case of great public interest like this one.[2] This is especially so when many of the facts underlying this case, and much of the information that non-parties seek to keep sealed, have already been presented to a jury at a public criminal trial where only minor victims were permitted to testify under a pseudonym. *See United States v. Maxwell*, No. 20-CR-330 (AJN), 2021 WL 5967913, at *2 (S.D.N.Y. Dec. 15, 2021) (rejecting concerns about media attention as basis to testify under pseudonym because "these generalized concerns are present in every high-profile criminal case").

Accordingly, the Court should overrule the objections of Doe 133 and unseal the judicial documents pertaining to them.

---

[1] By order dated July 20, 2023, the Court extended Doe 133's deadline to file an objection pending the Second Circuit's ruling on appeals filed by Doe 107 and Doe 171. Doe 133's deadline had previously been extended due to health issues.

[2] July 23, 2020, Hr'g Tr. at 4:3–7.

1

**ARGUMENT**

I. **Legal Standard**

"The common law right of public access to judicial documents is firmly rooted in our nation's history."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Indeed, as has been reiterated throughout this unsealing process, there is a presumption of public access to judicial documents. *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). Judicial documents are those documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "Materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—*but still substantial*—presumption of public access." *Id.* at 53 (emphasis added); *see also* July 23, 2020, Hr'g Tr. at 2:23-3:2 ("The documents at issue here relate to discovery motions previously decided by Judge Sweet, and so the Court concludes that they are judicial documents to which the presumption of public access attaches.").

To justify the sealing of judicial documents, courts must "review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown*, 929 F.3d at 48 (quoting *Lugosch*, 435 F.3d at 124). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Accordingly, non-party objectors like Doe 133 bear the burden of identifying with specificity countervailing interests that outweigh the presumption of public access. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621, 628–30 (S.D.N.Y. 2011).[3]

---

[3] Following *Brown*, minimal redactions have been applied to (1) "personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers"; (2) "the names of alleged minor victims of sexual abuse"; and (3) "deposition responses

"[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009); *see also* Jan. 16, 2020, Hr'g Tr. at 7:9–12, 21–23 ("[W]hat we are looking for from you is a specific explanation of why the document should remain sealed or the redactions should continue specific to that document. I think that's what the Court of Appeals told us we have to do."). And "a generalized concern of adverse publicity concerning a public figure is [not] a sufficiently compelling reason that outweighs the presumption of access." *Prescient Acquisition Grp., Inc. v. MJ Public Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (rejecting opposition to unsealing on the basis that the celebrity status of Michael Jackson would make portions of the record "subject to sensational media accounts"). Whether a protective order is in place does not negate the public's right to access the documents. *See Rotger v. Montefiore Med. Ctr.*, No. 1:15-CV-7783-GHW, 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018) ("[A] 'Confidential' designation made pursuant to a protective order does not by itself overcome the presumption of public access once the document containing the designation becomes a judicial document.").

Finally, whether the document in question is already public counsels against continued sealing. *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) ("In considering whether sealing is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public."); *Lytle*, 810 F. Supp. 2d at 626 ("While the conduct at issue may be potentially embarrassing to these employees . . . their names are already in the public record, and have been for several years."). "It's not the job of the Court to police press coverage and alert the public when reporting on unsealed materials

---

concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality." *Brown*, 929 F.3d at 48 n.22.

as yesterday's news when the unsealed material is already public." July 1, 2021, Hr'g Tr. at 7:5-8; *see id.* 6:6-11.

## II. Doe 133's Objection Should Be Overruled

Doe 133 is mentioned in 13 documents—two of which have already been unsealed in full including Doe 133's name—and objects to the unsealing of ten of them.[4] The documents at issue include excerpts of deposition transcripts, Rule 26 disclosures, letters regarding search terms and productions, a declaration, and an email chain. Doe 133's objection is premised on two arguments: (1) the documents are not actually judicial documents, or are entitled to only a minimal presumption of public access (Obj. at 2); and (2) Doe 133's privacy interests outweigh any public value in unsealing because they were "mistakenly identified" (*id.* at 4). These arguments fail, and Doe 133's objection should be overruled.

First, Doe 133 questions whether the ten documents are judicial documents and contends that they fall on the "lower end of [the] continuum" of the presumption of public access. *Id.* at 3. The Second Circuit in *Brown* held that "[m]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser— *but still substantial*—presumption of public access." 929 F.3d at 53 (emphasis added).

Contrary to Doe 133's suggestion, that the materials here were filed in connection with non-dispositive submissions does not negate the presumption of public access. Rather, it is "[d]ocuments that are never filed with the court, but simply 'passed between the parties in discovery [that] lie entirely beyond the presumption's reach.'" *Id.* at 50 (quoting *United States v.*

---

[4] DEs 173-5, 235-4, 247-1, 249-13, 280-1, 321-1, ▓▓▓▓▓▓, 407-6, 423-4, 435, 450-1, 701-1. Two of the 13 documents (▓▓▓▓▓▓) have already been released in full. *See* DE 1218. Another document (DE 423-4) was kept sealed by this Court, finding that it was "not a judicial document because it was not decided by Judge Sweet." DE 1220 at 12 ("the following documents shall remain sealed . . . 423-4 . . .").

4

*Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Here, the materials at issue were filed on the docket in connection with discovery disputes, are judicial documents, and are afforded a presumption of public access that, although somewhat lesser than that afforded to dispositive motions, is still substantial. *See id.* at 53.

Doe 133 asserts that there is little to no public value in the documents, as they are, according to Doe 133, untrue and unreliable. Obj. at 4–11. In support of that claim, Doe 133 argues that the content of select excerpts are incorrect. *Id.* at 3. As was explained in Plaintiff's previous submission filed on January 12, 2022, opposing the first tranche of non-party objections, the Court is not charged with making a decision on the credibility of deponents or of certain materials. DE 1237 at 9. Rather, the "Court's mandate is to undertake a particularized review of each document and to: (1) evaluate the weight of the presumption of public access to the materials; (2) identify and evaluate the weight of any countervailing interests; and (3) determine whether the countervailing interests rebut the presumption." Jan. 19, 2021, Hr'g Tr. at 2:22-3:3.

Like other Does, Doe 133 quotes the *Amodeo* court's note that the court should consider the "reliability of the information." Obj. at 9. Doe 133 does so in support of their self-serving assertion that they were "mistakenly identified" and their argument that an allegation's veracity somehow factors into unsealing. As Plaintiff has explained, such reliance on *Amodeo* is misplaced. DE 1242 at 3. The *Amodeo* court drew a two-part distinction between unsealing different parts of the report at issue in that case. 71 F.3d at 1052. On one hand, the first part of the report included "accusations [that were] all unsworn, and some or all may be of doubtful veracity, possibly stemming in part from apparent personality conflicts." *Id.* The second part, on the other hand, contained "little unverifiable hearsay and no material that might be described as scandalous,

5

unfounded, or speculative." *Id*.  In reversing the district court's unsealing of the first part of the report, the *Amodeo* court specifically called attention to the fact that the material was unsworn.  *Id*.

Here, much of the material at issue is sworn deposition testimony.  It is thus the opposite of what the *Amodeo* court cautioned:  it is sworn testimony given in a judicial proceeding.  The testimony relates to the deponents' knowledge and observations, and is not "little unverifiable hearsay and no material that might be described as scandalous, unfounded, or speculative." *Id*.

Doe 133 contends that they have "no available forum in which to respond to and contest these false accusations."  Obj. at 9.  To the extent Doe implies that any public refutations of the documents would be subject to defamation claims, they cite no authority at all that this would alter the presumption of public access.  *Anyone* who publicly responds to allegations of wrongdoing with lies could be liable for defamation, and anyone who responds to allegations of wrongdoing with the truth will not be liable for defamation.  Further, there is nothing stopping Doe 133 from filing their objection, in which they vehemently deny the allegations relating to them, on the public docket—that filing would be protected by the litigation privilege.  No non-party in this unsealing process is *required* to stay anonymous.

Doe 133 also claims that unsealing would unduly harm their privacy and reputational interests, and that outweighs what, according to Doe 133, is a minimal public interest in the material.  This claim, however, is undercut by the fact that documents containing Doe 133's identity have already been unsealed, *see* ▮▮▮▮▮, and that Doe 133 has already been subject to media attention.  *See* July 1, 2021 Hr'g Tr. at 7:5–8 ("It's not the job of the Court to police press coverage and alert the public when reporting on unsealed materials as yesterday's news when the unsealed material is already public."); ▮▮▮▮▮

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████  That Doe 133 has already been subject to media attention counts against sealing, as an "important consideration" of "whether the information sought to be kept confidential is already public." *Avenatti*, 2020 WL 70952, at *6.  Doe 133's objection highlights how much their name is already in the public domain due to prior rounds of unsealing, which lessens the reputational impact of further unsealing.  Further, Doe 133 has not at all explained why they are unable to respond publicly to the allegations against them that they contend are false.  *See Amodeo*, 71 F.3d at 1051 ("Similarly, a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein.").

In light of the amount of already public information about Doe 133, and their mere generalized concerns about negative publicity and reputational harm, the Court should overrule their objections to unsealing.

## CONCLUSION

For the foregoing reasons, the Court should unseal the material at issue.

Dated:  October 6, 2023                                                    Respectfully Submitted,

/s/ Sigrid S. McCawley

Sigrid S. McCawley

7

        (Pro Hac Vice)
        BOIES SCHILLER FLEXNER LLP
        401 E. Las Olas Blvd., Suite 1200
        Ft. Lauderdale, FL 33301
        (954) 356-0011

        *Counsel for Plaintiff Virginia Giuffre*