UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
VIRGINIA GIUFFRE,

                    Plaintiff,

    -against-

GHISLAINE MAXWELL,

                    Defendant.
```

15 Civ. 7433 (LAP)

<u>ORDER</u>

LORETTA A. PRESKA, Senior United States District Judge:

The Court reiterates here its previous recitation of the applicable law and descriptions of the unsealing process set out in the transcripts dated January 19, 2021 (dkt. no. 1196), July 1, 2021 (dkt. no. 1220), April 19, 2022 (dkt. no. 1254), and November 18, 2022 (dkt. no. 1283).  The following are the Court's findings as to the Does designated following its particularized review of the documents noted:

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 003 | 235-13, 249-13, 280-1, 321-1, 423-4 | This material should be unsealed in full.  First, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action."  DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).  No one has raised any objection to unsealing, and thus no "particular and specific demonstration of fact showing that disclosure would result in an injury" has been made that is sufficient to "overcome the presumption of access."  Lytle v. JPMorgan Chase, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011).  Second, this individual gave a media interview about his or her work for Epstein to the Daily Mail in 2011, weighing against continued sealing.  United States v. Avenatti, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) ("In considering whether sealing is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public."); 4/19/22 Hearing Tr. at 7:11-16 (unsealing documents relating to Doe who gave media interviews and was identified in the press); see https://www.dailymail.co.uk/news/article-1365733/How-Prince-Andrew-shared-room-Epsteins-Caribbean-hideaway-busty-blonde-claimed-brain-surgeon.html. |
| J. DOE 004 | 235-13, 249-13, 280-1, 321-1, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual gave a media interview about his or her work for Epstein to the Daily Mail in 2011, weighing against continued sealing.  Avenatti, 2020 WL 70952, at *6; 4/19/22 Hearing Tr. at 7:11-16; see https://www.dailymail.co.uk/news/article-1365733/How-Prince-Andrew-shared-room-Epsteins-Caribbean-hideaway-busty-blonde-claimed-brain-surgeon.html. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 005 | 315, 316-7, 340-4, 368, 369-3 | This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe whose name came up publicly at Maxwell criminal trial). Although this individual testified under his or her first name only, he or she publicly waived any right to anonymity after the criminal trial, as Judge Nathan found, and gave an interview using his or her first and last names. See United States v. Maxwell, 20-cr-330, Dkt. nos. 589, 593, 662; https://www.dailymail.co.uk/news/article-10380333/Key-witness-Ghislaine-Maxwells-trial-waives-anonymity-makes-sensational-new-claim.html. |
| J. DOE 006 | 203, 211, 235-4, 235-13, 249-4, 249-14, 280-1, 321-1, 380, 381-4, 423-1, 510-4 | This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, portions of this individual's deposition were released by the Second Circuit, meaning his or her name and association with this case is already public. Avenatti, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7 (ruling that materials released by the Second Circuit should be unsealed). |
| J. DOE 007 | 338, 338-1, 338-9, 369-12, 397, 398, 398-5, 468, 469, 469-2, 479, 514-5, 660-1 | This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, portions of this individual's deposition were released by the Second Circuit, meaning his or her name and association with this case is already public. Avenatti, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7 (ruling that materials released by the Second Circuit should be unsealed). This individual's name and relationship to Epstein were also publicly discussed at Maxwell's criminal trial. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 008 | 144-6, 173-6, 249-13, 369-1, 407-9, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual gave a media interview about his or her interactions with Epstein to Vanity Fair in 2020, weighing against continued sealing.  Avenatti, 2020 WL 70952, at *6; 4/19/22 Hearing Tr. at 7:11-16 (unsealing documents relating to Doe who gave media interviews and was identified in the press);  see  https://www.vanityfair.com/news/2020/12/confessions-of-a-clintonworld-exile. |
| J. DOE 009 | 122-4, 173-6, 180-1, 180-3, 235-13, 280-1, 321-1, 321-2, 321-3, 321-4, 338, 338-3, 346-4, 369-1, 384-1, 388, 389-8, 392, 397, 398-1, 466, 467-1, 467-2, 481, 482, 482-1, 482-3, 482-4, 637, 638, 638-1, 638-2, 638-3, 638-4, 638-5, 653, 654, 654-1, 660-3, 697, 698, 698-1, 698-2, 754 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, documents relating to this individual, including emails on which the individual is copied and a substantive declaration by the individual, were released by the Second Circuit, meaning his or her name and association with this case is already public.  Avenatti, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7 (ruling that materials released by the Second Circuit should be unsealed). |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 010 | 173-6, 180-3, 346-4, 369-1, 384-1, 482-2, 638-1, 698-1, 698-2 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |
| J. DOE 011 | 173-6, 249-13, 280-1, 321-1, 340-3, 340-4, 363-7, 369-1, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been reported in the media already, and his or her name came up at Maxwell's public criminal trial.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 013 | 249-13, 321-1, 321-5, 321-6, 363-7, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been reported in the media already, and his or her name came up at Maxwell's public criminal trial.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 014 | 340-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 015 | 249-13, 280-1, 321-1, 363-7, 423-4 | Doe 15's name shall remain redacted in the document at docket number 363-7. The unsealing of Doe 15's name in this document would disclose sensitive information regarding an alleged minor victim of sexual abuse who has not spoken publicly and who has maintained his or her privacy. As such, the public interest does not outweigh the privacy interests of the alleged minor victim.<br><br>Otherwise, this material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. In addition, this individual gave a press interview in 2011. |
| J. DOE 016 | 150-1, 172, 173-6, 229-2, 249-13, 321-1, 321-5, 321-6, 339, 340-3, 340-4, 363-7, 369-1, 400, 401-5, 423-4, 450-1 | Doe 16's name and any identifying information shall remain sealed. Doe 16 is an alleged minor victim of sexual abuse who has not spoken publicly and who has maintained his or her privacy. As such, the public interest does not outweigh the privacy interests of the alleged minor victim. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 018 | 381-3 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630.  Second, this individual's name appears only in an already publicly available police report, and the individual appears to be a member of law enforcement (specifically, an assistant state attorney).  Finally, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  <u>See</u> dkt. no. 1199-10. |
| J. DOE 019 | 180-2, 203, 211, 235-10, 235-13, 249-14, 280-1, 321-1, 363-7 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630.  Second, this individual's role in this case has been reported in the media already.  <u>Avenatti</u>, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 020 | 656-2, 947-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630.  Second, as to Docket Entry 656-2, this is a publicly available news article. |
| J. DOE 021 | 435 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630.  This individual is a public figure, and the only insinuation is that his or her name was contained, along with many others, in an Epstein address book.  There is no salacious allegation about him contained in the sole document. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 022 | 701-1, 947-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been reported in the media already.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  This individual is a public figure, and none of the materials that relate to him are salacious. |
| J. DOE 023 | 150-1, 160, 165-3, 172, 173-5, 173-6, 185-2, 185-3, 185-11, 189, 203, 211, 224, 229, 229-2, 235-4, 247-3, 249-4, 249-13, 272-3, 280-1, 316-6, 320, 321-1, 321-2, 321-3, 321-4, 321-5, 321-6, 339, 340-3, 363-7, 369-1, 369-2, 369-14, 369-15, 407-9, 408-1, 423-4, 641-1, 655, 700, 701-1, 714 | This material should be unsealed in full.  This individual's role in Epstein's sex trafficking has been widely reported in the media, the Second Circuit unsealed allegations about this individual in this case, and he or she was subject to widely publicized criminal prosecution abroad for sex trafficking.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 024 | 246, 247-1 | This material should be unsealed in full.  The sealed material as to this individual is not salacious.  Indeed, these documents have already been made public by Professor Dershowitz and this Court. |
| J. DOE 025 | 235-13, 381-3 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  See dkt. no. 1199-10. |
| J. DOE 026 | 381-3 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  See dkt. no. 1199-10. |
| J. DOE 027 | 249-13, 280-1, 321-1, 369-10, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures.  Third, this individual's association with Epstein has been reported in the media already.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 029 | 363-7 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the only reference is a deposition answer that this individual was a staff member possibly present at a time and place. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 030 | 340-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |
| J. DOE 031 | 235-4, 405-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious.  The only references to this individual are in passing and in a benign context. |
| J. DOE 032 | 173-5, 185-11, 235-4, 363-7, 369-10, 656-2 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about his or her relationship with Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 033 | 173-6, 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 340-3, 340-4, 369-1, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 034 | 701-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |
| J. DOE 035 | 231, 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 355-2, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and mostly relate to deposition scheduling. |
| J. DOE 036 | 144-6, 173-5, 173-6, 180-1, 180-6, 203, 211, 224, 228, 229-4, 235-4, 235-13, 246, 247- 1, 272-5, 272-6, 280-1, 307-8, 320, 321-1, 321-2, 321-3, 321-4, 321-6, 339, 340-1, 340-3, 354, 355-2, 363, 363-1, 363-7, 364, 368, 369-1, | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and his or her name came up at Maxwell's public criminal trial.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| | 369-2, 369-10, 378, 388, 389-9, 407-6, 407-8, 407-9, 423-1, 423-4, 435, 450-1, 471-1, 510-4, 632-1, 656-2, 657, 947-1 | |
| J. DOE 037 | 173-6, 180-1, 180-6, 185-3, 249-13, 272-5, 369-1, 388, 389-9, 407-18, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed materials all relate to the same two facts about this individual's association with Maxwell, which is not salacious and has been widely reported in the media already.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 038 | 272-5, 320, 407-21, 947-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material about this individual is not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 039 | 423-1, 510-4, 656-2 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual is a journalist who investigated Epstein, and thus his or her materials should all be unsealed. |
| J. DOE 040 | 172, 173-5, 407-6, 407-8, 407-9, 450-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been reported in the media already, and in fact certain of the sealed documents at issue are news articles.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 041 | 249-13, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. |
| J. DOE 042 | 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 043 | 700, 701-1 | Doe 43's name and any identifying information shall remain sealed. Doe 43 is an alleged minor victim of sexual abuse who has not spoken publicly about the subject matter of this litigation and who has maintained his or her privacy. As such, the public interest does not outweigh the privacy interests of the alleged minor victim. |
| J. DOE 044 | 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 369-10, 423-4 | This material should be unsealed in full. First, no interests that outweigh the presumption of access have been identified with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's allegations against Epstein and others have been previously reported on by the press, and this individual has given multiple interviews to the media. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; see https://www.nbcnews.com/news/us-news/how-british-teen-model-was-lured-jeffrey-epstein-s-web-n1056901. |
| J. DOE 045 | 247-1, 249-13, 280-1, 321-1, 321-5, 423-4 | This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's allegations against Epstein and others have been previously reported on by the press, and this individual has given multiple interviews to the media. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; see https://www.gloriaallred.com/wp-content/uploads/sites/1200518/2021/01/2019-08-27-Epstein-Teala-Davies.pdf. |
| J. DOE 046 | 258-3 | This material should be unsealed in full. First, no interests that outweigh the presumption of access have been identified with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, the sealed material as to this individual is not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 047 | 232-9, 235-8 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name appears only in an already publicly available police report released by the Second Circuit, and the individual appears to be a member of law enforcement (specifically, a detective).  Finally, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  See dkt. no. 1199-10. |
| J. DOE 048 | 249-13, 280-1, 321-1, 321-5, 321-6, 339, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's allegations against Epstein and others have been previously reported on by the press, and this individual testified publicly at a hearing before Judge Berman after Epstein's death.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 049 | passim | This material should be unsealed in full.  This individual has advocated to this Court that all materials relating to him or her should be unsealed.  See, e.g., dkt. no. 1138. |
| J. DOE 050 | 269 | This material should be unsealed in full.  This individual is a medical provider whose name has already been revealed in unredacted documents on the docket.  See, e.g., dkt. no. 1256-19. |
| J. DOE 051 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 052 | 150-1, 173-6, 340-3, 369-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |
| J. DOE 057 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 338, 338-6, 423-4 | Doe 57's name and any identifying information shall remain sealed.  Doe 57 is an alleged victim of sexual abuse who has not spoken publicly and has maintained his or her privacy.  As such, the public interest does not outweigh the privacy interests of the alleged victim. |
| J. DOE 058 | 947-1 | Doe 58's name and any identifying information shall remain sealed.  Doe 58 is a classic outsider, peripheral to the events at issue.  Doe 58 is neither a victim nor associated with Epstein or Maxwell.  Any reference to Doe 58 played no apparent role in Judge Sweet's ruling on the motion to which this document was attached. |
| J. DOE 059 | 235-10, 380, 423-1, 510-4 | This material should be unsealed in full.  This individual is deceased but his or her name was unsealed in materials released by the Second Circuit. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 061 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |
| J. DOE 062 | 258-3 | This material should be unsealed in full.  The parties were unable to locate an address for this individual, and therefore no notice was provided (dkt. no. 1116, ¶ 7).  However, the sealed material as to this individual is not salacious.<br><br>The material will redact the name of Doe 84, whose identity the Second Circuit kept sealed. Releasing Doe 84's name could harm the privacy interests of the individual the Court of Appeals deemed sealable by allowing the press and others to identify the deponent's identity. |
| J. DOE 063 | 144-4, 144-6, 150-1, 173-6, 235-13, 249-13, 315, 339, 340-3, 340-4, 368, 369-1, 423-4, 845, 856 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's allegations against Epstein and others have been previously reported on by the press, this individual has given multiple interviews to the media, and this individual testified publicly at Maxwell's criminal trial under his or her real name.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; https://www.nytimes.com/2019/08/26/us/epstein-farmer-sisters-maxwell.html. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 064 | 280-1, 315, 316-7, 321-1, 339, 340-4, 368, 369-3, 845, 856 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's allegations against Epstein and others have been previously reported on by the press, and this individual has given multiple interviews to the media.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; https://www.nytimes.com/2019/08/26/us/epstein-farmer-sisters-maxwell.html. |
| J. DOE 065 | 172, 173-5, 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 407-6, 423-4, 493-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about his or her relationship with Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 066 | 235-4, 235-13, 280-1, 316-7, 321-1, 340-4, 369-3, 381-1 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 067 | 203, 211, 235-4, 235-13, 249-13, 249-14, 257, 258, 258-3, 258-4, 258-9, 261, 267, 268, | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, portions of this individual's deposition were released by the Second Circuit, meaning his or her name and association with this case is already public.  Avenatti, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7.  During the criminal trial, one of the named victims testified that Plaintiff and this individual, who were then both over the age of 18, recruited him or her at the age of 14 to |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| | 268-2, 280-1, 307-8, 315, 316, 316-2, 316-7, 321-1, 321-5, 321-6, 339, 340, 340-4, 340-8, 363-7, 368, 369, 369-3, 369-4, 381-3, 388, 389, 389-4, 392, 393, 393-1, 400, 401, 401-6, 423-1, 423-4, 450-1, 510-4, 513, 845, 856 | provide massages to Epstein.  This Doe's first and last name were provided in open court in connection with these allegations.  See Trial Tr. 1517, 1743 (U.S. v. Maxwell, 20-cr-330). |
| J. DOE 068 | 340-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with this case has been reported in the media already.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 069 | 172, 173-6, 203, 211, 224, 229- 6, 249-4, 249-13, 369-1, 423-4, 435, 607-3 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been widely reported in the media already.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 070 | 228, 235-13, 280-1, 307-8, 321-1, 339, 363, 364, 406, 435 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 071 | 249-13, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |
| J. DOE 072 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |
| J. DOE 075 | 232-7, 232-9, 235-4, 235-8, 235-10, 235-13, 307-8, 363-7, 423-1 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 076 | 450-1 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  This individual's name also appears in a publicly available police report. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 077 | 173-5, 173-6, 340-5, 354, 355-2, 363-7, 369-1, 378, 408-1, 423-1, 435, 510-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about his or her relationship with Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 078 | passim | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the Second Circuit unsealed this individual's name and information about his or her relationship with Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 079 | 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 423-4 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 080 | 249-13, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 081 | 655, 656-7, 656-8, 701-1, 714 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 082 | 249-13, 280-1, 280-2, 321-1, 321-5, 321-6, 338-9, 398-5, 423-4, 450-1, 450-5, 655, 656-4, 656-8, 700, 701-1, 928, 947-1, 957 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media, this individual has been named as a defendant in public lawsuits relating to Epstein, and the Second Circuit unsealed substantial material relating to this individual.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 083 | 235-13, 280-1, 321-1, 423-1, 510-4 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 084 | 172, 203, 211, 224, 228, 229, 229-11, 231, 235-13, 249-4, 249-13, 257, 258, 258-3, 261, 280-1, 321-1, 321-4, 321-5, 321-6, 423-4, 567, 568, 568-4, 606, 631, 632, 632-1 | Doe 84's name and any identifying information shall remain sealed.  Doe 84 is an alleged victim of sexual abuse who has not spoken publicly and who has maintained his or her privacy.  As such, the public interest does not outweigh the privacy interests of the alleged victim. |
| J. DOE 085 | 340-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the only reference is a deposition question in answer to which the deponent denied knowledge of the individual. |
| J. DOE 086 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 423-4 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 087 | 173-6, 180-1, 369-1, 423-1, 435, 510-4, 656-2 | This material should be unsealed in full. This individual passed away in 2018. But this individual's association with Epstein has been widely reported in the media already, along with pictures of this individual on Epstein's island. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 088 | 340-4 | This material should be unsealed in full. First, no interests that outweigh the presumption of access have been identified with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, the only reference is a deposition question in answer to which the deponent denied knowledge of the individual. |
| J. DOE 089 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 369-10, 423-4 | This material should be unsealed in full. First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. Finally, this individual's name and association with Epstein has been publicized by the media. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 090 | 173-6, 340-3, 369-1 | This material should be unsealed in full. This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 091 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630. |
| J. DOE 092 | None Identified | Any information about this individual should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists mostly of privilege logs and documents discussing privilege logs.   Finally, this individual's name and association with Epstein has been widely publicized by the media, this individual has been named as a defendant in public lawsuits relating to Epstein, and the Second Circuit unsealed this individual's name and information about his or her relationship with Epstein.  <u>Avenatti</u>, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 093 | 701-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 094 | 235-4 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 095 | 338-9, 398-5 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, the sealed material as to this individual is not salacious.  Finally, this individual's name and association with Epstein has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein.   Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage"). |
| J. DOE 096 | 576 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 098 | 340-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| | | Second, the only reference is a deposition question to which the deponent denied knowledge of the Doe. |
| J. DOE 099 | passim | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media, this individual has been named as a defendant in public lawsuits relating to Epstein, and the Second Circuit unsealed substantial material relating to this individual.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 100 | 340-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the only reference is a deposition question to which the deponent denied knowledge of the Doe. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 101 | 235-13, 280-1, 321-1, 423-1, 510-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. |
| J. DOE 102 | 280-2, 338-9, 398-5 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein has already been publicized by the media. |
| J. DOE 103 | 235-13, 363-7 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's association with Epstein has been widely reported in the media already, and the Second Circuit unsealed this individual's name and information about his or her relationship with Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 104 | 247-1 | Plaintiff acknowledged that this person is deceased and therefore did not receive notice.  The Court is unable to locate Doe's name in the listed pleading.  Accordingly, any material relating to this Doe should be unsealed in full. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 106 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4, 435 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 108 | 701-1 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 109 | 185-3, 363, 450-1, 450-5, 568-3 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein has already been widely publicized by the media.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 110 | 173-6, 249-13, 280-1, 321-1, 321-5, 321-6, 339, 340-3, 340-4, 363-7, 369-1, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein has been widely publicized by the media.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 111 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sole references appear to be in Rule 26 disclosures and search terms. |
| J. DOE 112 | 235-13, 249-13, 280-1, 321-1, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sole references appear to be in Rule 26 disclosures and search terms. |
| J. DOE 113 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4, 435 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the references all are included in Rule 26 disclosures, search terms, and a hearsay statement that the name appears in Epstein's address book. |
| J. DOE 114 | 173-6, 369-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sole reference is that this individual's name appears to be contained on a flight log. |
| J. DOE 115 | 435 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious; the sole reference to this individual is a hearsay statement that the Doe appeared in Epstein's address book. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 116 | 398-4, 338, 338-8, 468, 469-1, 660-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |
| J. DOE 117 | 450-1, 471-1 | This material should be unsealed in full.  This individual is a former law enforcement official and, specifically, a former Assistant U.S. Attorney, and this individual's role in the Epstein case is part of a public Office of Professional Responsibility Report. |
| J. DOE 118 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |
| J. DOE 119 | 249-13, 280-1, 321-1, 321-5, 321-6, 340-4, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 120 | 576, 655, 656-4, 656-5, 656-6, 656-7, 700, 701-1, 947-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage"). |
| J. DOE 121 | 381-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name appears only in an already publicly available police report, and the individual appears to be a member of law enforcement (specifically, a police officer).  Finally, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  See dkt. no. 1199-8. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 122 | 150-1, 173-6, 203, 211, 224, 235-4, 280-1, 320, 321-1, 321-6, 340-3, 340-4, 369, 369-1, 407, 407-9, 655, 656-, 656-6, 656-9, 700, 701-1, 701-2 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 123 | 260-2, 270-6, 272-9 | This material should be unsealed.  This individual is a medical provider whose name has already been revealed in documents on the docket, unredacted.  See dkt. no. 1090-45. |
| J. DOE 124 | 701-1 | Doe 124's name and any identifying information shall remain sealed.  Doe 124 is a classic outsider, peripheral to the events at issue.  Doe 124 is neither a victim nor associated with Epstein or Maxwell.  Any reference to Doe 124 played no apparent role in Judge Sweet's ruling on the motion to which this document was attached. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 125 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  Plaintiff sent a non-party notice to this individual and received delivery confirmation. First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein has been publicized by the media.  Avenatti. |
| J. DOE 126 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's name and association with Epstein has been publicized by the media. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 127 | 235-13, 280-1, 321-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. Second, this individual's name appears in a publicly available police report. |
| J. DOE 128 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 129 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 130 | 450-1, 471-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual is a former law enforcement official and, specifically, a former Assistant U.S. Attorney, and this individual's role in the Epstein case is part of a public Office of Professional Responsibility Report. |
| J. DOE 131 | 203, 211, 232, 235, 235-7, 235-13, 249-4, 258-10, 280-1, 320, 321-1, 368, 369, 369-8, 392, 393, 393-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, portions of this individual's deposition were released by the Second Circuit, meaning his or her name and association with this case is already public.  Avenatti, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7. |
| J. DOE 132 | 173-5, 173-6, 235-13, 280-1, 321-1, 321-5, 321-6, 340-5, 363-7, 369-1, 435, 450-1, 510-3, 514-3, 701-1 | This material should be unsealed in full.  Allegations about this individual have been widely reported in the media, and the Second Circuit unsealed allegations about this individual in this case.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 133 | 173-5, 235-3, 247-1, 249-13, 280-1, 321-1, 407-6, 435, 450-1, 701-1 | This individual's name and identifying information shall remain sealed in full.  Plaintiff does not dispute that this Doe was mistakenly identified in a photograph and that this Doe's characterization as an alleged perpetrator was first introduced by a reporter, not by Plaintiff.  In addition, this Doe has sought to avoid public attention to the allegations.  As such, the public interest does not outweigh the privacy interests of this Doe. |
| J. DOE 134 | 173-6, 228, 249-13, 280-1, 321-1, 321-5, 321-6, 369-1, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein and Maxwell has been publicized by the media.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 135 | 173-6, 235-13, 321-5, 321-6, 340-3, 369-1 | Doe 135's name and any identifying information shall remain sealed.  Doe 135 is an alleged minor victim of sexual abuse who has not spoken publicly and who has maintained his or her privacy.  As such, the public interest does not outweigh the privacy interests of the alleged minor victim. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 136 | 184, 185-3, 249-13, 280-1, 321-1, 321-5, 321-6, 406, 407, 408, 408-1, 423-4, 435 | This individual is the same individual as Doe 157.  This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein.   Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage"). |
| J. DOE 137 | 363-7 | This material should be unsealed in full.  Plaintiff located no address for this person, but the only reference is a deposition question to which the Party denied knowledge of. |
| J. DOE 138 | 381-1 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Further, this individual's name appears only in a public police report and was already released by this Court.  See dkt. no. 1199-8. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 139 | 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the Second Circuit unsealed this individual's name and relationship with Epstein. |
| J. DOE 140 | 249-13, 280-1, 280-2, 321-1, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the Second Circuit unsealed this individual's name and relationship with Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 141 | 249-13, 363-7, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the Second Circuit previously unsealed this individual's name.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 142 | 228, 249-13, 321-1, 321-5, 321-6, 340-4, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 143 | passim | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and his or her name came up at Maxwell's public criminal trial.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  This individual was also named as a defendant in a public, federal lawsuit involving the same conduct underlying this action. |
| J. DOE 145 | 249-13, 321-1, 321-5, 321-6, 368, 369, 369-12, 423-4, 513, 514, 514-5, 568-5, 607-3 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Portions of this individual's 2009 deposition in a matter against Epstein were also unsealed. |
| J. DOE 146 | 701-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the references are not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 148 | 172, 173-5, 185-11, 228, 235-4, 235-13, 249-13, 363-7, 423-4, 435, 450-1, 701-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity. DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and his or her name was unsealed by the Second Circuit previously. Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 149 | 173-5 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Further, this individual is a law enforcement official, and the only information in the transcript about this individual is not salacious. |
| J. DOE 150 | 229-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the deposition of this individual's spouse was released with redactions by this Court and previously by the Second Circuit, and the only information in the transcript about this individual is not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 152 | 235-13, 423-1, 510-4 | This material should be unsealed in full.  This individual has given statements to the media in connection with this matter.  <u>Avenatti</u>, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7. |
| J. DOE 153 | 203, 211, 235-4, 235-13, 249-4, 280-1, 321-1, 338, 423-1, 423-4, 510-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630. Second, this individual has given statements and interviews to the media in connection with this matter, and portions of this individual's deposition were released by the Second Circuit.  <u>Avenatti</u>, 2020 WL 70952, at *6; 7/1/21 Hearing Tr. at 6-7; https://www.youtube.com/watch?v=Wq-KwAa1_JY. |
| J. DOE 154 | 173-6, 249-13, 258-4, 280-1, 321-1, 321-5, 321-6, 340-3, 340-4, 369-1, 423-4, 450-1, 482-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630. Second, this individual's allegations against Epstein and others have been previously reported on by the press, and this individual has given interviews to the media.  <u>Avenatti</u>, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; https://people.com/crime/woman-who-recruited-girls-for-jeffrey-epstein-as-teen-rape-survivor-i-was-confused-when-he-died/. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 155 | 172, 173-6, 203, 211, 224, 229-12, 249-4, 249-13, 368, 369, 369-1, 369-2, 369-13, 388, 389, 389-5, 389-6, 392, 393, 393-1, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Portions of this individual's deposition in this matter were also unsealed by the Second Circuit. |
| J. DOE 156 | 152, 153-7, 172, 173-6, 185-3, 247-1, 249-13, 339, 340-3, 340-4, 363-7, 368, 369, 369-1, 369-16, 379-3, 406, 407, 407-1, 407-8, 408, 408-1, 423-4, 435, 450-1, 567, 568, 568-5, 606, 607, 607-3, 631, 656-2, 721-1 | This material should be unsealed in full.  This person's deposition in a prior Epstein-related matter is publicly available, and portions of that deposition were unsealed by the Second Circuit.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 157 | 249-13, 321-5, 321-6, 338, 338-9, 398-5, 407, 407-9, 423-4, 450-1, 450-5, 660-1 | This individual is the same individual as Doe 136.  This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name and association with Epstein and Maxwell has been widely publicized by the media and this individual has been named as a defendant in public lawsuits relating to Epstein.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25 (unsealing documents relating to Doe who "has been the subject of intense media coverage"). |
| J. DOE 158 | 173-6, 369-1, 235-13, 320, 450-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's relationship with Epstein has been widely publicized by the media.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 159 | 701-1 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 160 | 701-1 | This material should be unsealed in full.  No interests that outweigh the presumption of access have been identified with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630. |
| J. DOE 161 | 381-1 | This material should be unsealed in full.  This individual's name appears in a publicly available police report, and the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  <u>See</u> dkt. no. 1199-10. |
| J. DOE 162 | 143, 144-6, 150-1, 172, 173, 173-5, 173-6, 189, 203, 204, 204-1, 211, 212, 212-1, 224, 247-1, 249-4, 249-13, 257, 258, 258-2, 261, 272-7, 280-1, 315, 316, 316-1, 316-6, 316-8, 321-1, 321-5, 321-6, 338, 338-1, 338-7, 339, 340, 340-3, 340-4, 340-5, | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  <u>DiRussa</u>, 121 F.3d at 826; <u>Lytle</u>, 810 F. Supp. 2d at 630. Second, this individual's allegations against Epstein and others have been previously reported on by the press, this individual gave an interview to the Daily Mail in 2021, and the Second Circuit unsealed substantial information relating to this individual.  <u>Avenatti</u>, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; https://www.dailymail.co.uk/news/article-10357057/Key-figure-case-against-Prince-Andrew-former-student-claims-met-Epstein-mansion.html. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| | 340-6, 363-7, 368, 369, 369-1, 369-2, 369-5, 378, 388, 389, 389-1, 392, 393, 393-1, 400, 401, 401-3, 401-4, 423-4, 450-6, 492, 493, 493-1, 568-5, 660-3, 845, 856 | |
| J. DOE 163 | 405-1 | This individual is a journalist, and thus materials relating to this individual should be unsealed in full. |
| J. DOE 164 | 316-7, 340-4, 369-3 | Doe 164's name and any identifying information shall remain sealed.  Doe 164 is an alleged minor victim of sexual abuse who has not spoken publicly and who has maintained his or her privacy.  As such, the public interest does not outweigh the privacy interests of the alleged minor victim. |
| J. DOE 165 | 340-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 166 | 173-5, 173-6, 340-3, 340-4, 363-7, 369-1, 369-10, 407-6, 435, 632-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and his or her name came up during Maxwell's public criminal trial.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 167 | 173-6, 249-13, 280-1, 321-1, 321-5, 321-6, 363-7, 369-1, 423-4 | This material should be unsealed in full.  This individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630. |
| J. DOE 168 | 235-13, 249-13, 280-1, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, all references to this person are either Rule 26 disclosures or search terms. |
| J. DOE 169 | 363-7, 435 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been widely reported in the media already.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 170 | 229-10, 450-3, 482-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, emails containing this individual's name and association with Epstein were previously unsealed by this Court.  Third, the sealed material as to this individual is not salacious. |
| J. DOE 172 | 173-6, 369-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |
| J. DOE 173 | 235-13, 280-1, 321-1, 381-3 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the only document that substantively discusses this individual is already publicly available on the docket with this individual's name unredacted.  See dkt. no. 1199-10. |
| J. DOE 174 | 173-5, 340-5, 363-7, 407-6, 435, 656-2, 657, 701-1, 947-1 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and his or her name came up during Maxwell's public criminal trial.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 175 | 173-6, 340-3, 340-4, 369-1, 369-10 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein and Maxwell has been widely reported in the media already, and his or her name came up during Maxwell's public criminal trial.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |
| J. DOE 176 | 249-13, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures. |
| J. DOE 177 | 235-4, 235-13, 423-1, 510-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious. |
| J. DOE 178 | 258-3, 568-4 | Doe 178's name and any identifying information shall remain sealed. Doe 178 is an alleged minor victim of sexual abuse who has not spoken publicly and who has maintained his or her privacy.  As such, the public interest does not outweigh the privacy interests of the alleged minor victim. |
| J. DOE 179 | 173-8, 340-6, 400, 401-3, 450-6 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's name was unsealed in materials released by the Second Circuit. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 180 | 173-6, 340-3, 369-1 | This is the same individual as Doe 181, and the deposition examiner mistakenly used the incorrect name in the deposition transcripts at issue.  This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Portions of this individual's deposition in this matter were also unsealed by the Second Circuit. |
| J. DOE 181 | 173-6, 249-13, 280-1, 280-2, 321-1, 321-5, 321-6, 363-7, 407-9, 423-4, 435 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual testified publicly at Maxwell's criminal trial, weighing against continued sealing.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25.  Portions of this individual's deposition in this matter were also unsealed by the Second Circuit. |
| J. DOE 182 | 340-4 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the only reference to this individual is in a deposition question that was never answered. |
| J. DOE 184 | 435 | This material should be unsealed in full.  First, no interests that outweigh the presumption of access have been identified with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's association with Epstein has been reported in the media already.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25. |

| Pseudonym | Relevant Docket Entries | Ruling |
|---|---|---|
| J. DOE 185 | 235-13, 249-13, 321-1, 321-5, 321-6, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, this individual's allegations against Epstein and others have been previously reported on by the press, this individual has given multiple interviews to the media, and this individual has been a plaintiff in public lawsuits relating to Epstein's sex trafficking.  Avenatti, 2020 WL 70952, at *6; 11/18/22 Hearing Tr. at 6:19-25; https://www.cbsnews.com/news/jeffrey-epstein-accuser-speaks-today-livestream-2019-07-16/. |
| J. DOE 186 | 235-13, 280-1, 321-1 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. |
| J. DOE 187 | 249-13, 280-1, 321-1, 321-5, 321-6, 407-9, 423-4 | This material should be unsealed in full.  First, this individual did not raise any objection to unsealing, and thus did not meet his or her burden of identifying interests that outweigh the presumption of access with specificity.  DiRussa, 121 F.3d at 826; Lytle, 810 F. Supp. 2d at 630.  Second, the sealed material as to this individual is not salacious and consists primarily of Rule 26 disclosures and lists of search terms. |

The Court stays its order for fourteen days to permit any impacted Doe the opportunity to appeal, after which counsel are asked to confer, prepare the documents for unsealing pursuant to this order, and post the documents on the docket.

**SO ORDERED.**

Dated:     December 18, 2023
           New York, New York

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge