United States District Court
Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                  Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.
_____/

**PLAINTIFF'S NON-REDACTED MOTION FOR LEAVE TO SERVE THREE DEPOSITION SUBPOENAS BY MEANS OTHER THAN PERSONAL SERVICE**

    Plaintiff Virginia Giuffre, by and through her undersigned counsel, hereby files this Motion for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service. The three persons to be subpoenaed – Jeffrey Epstein, Sarah Kellen and Nadia Marcinkova – were each involved in the sexual abuse and sexual trafficking at issue in this case. It appears that all three of them have evaded attempts to personally serve them (and two of the persons, Epstein and Kellen, have attorneys who have not been authorized by their clients to accept service). Ms. Giuffre seeks leave to provide service by several alternative means that are designed to assure actual notice is provided to these persons. *See* Declaration of Sigrid McCawley ("McCawley Decl.") at Composite Exhibit 1, Subpoenas for Jeffrey Epstein, Sarah Kellen (aka Sarah Kensington and Sarah Vickers) and Nadia Marcinkova. This Court has repeatedly held that Fed. R. Civ. P. 45 permits alternative service in appropriate circumstances, and this case presents such circumstances. Accordingly, the Court should grant Ms. Giuffre leave to serve deposition subpoenas by alternative means.

1

**BACKGROUND**

At the heart of this case lies Ms. Giuffre's allegations that that she was sexually abused by Jeffrey Epstein and the Defendant. Ms. Giuffre has also alleged that Epstein and the Defendant were aided by others who played keys roles in the sex trafficking organization, including Sarah Kellen and Nadia Marcinkova. Defendant has called Ms. Giuffre a "liar" and Ms. Giuffre is now in the process of assembling testimony and evidence to prove the truth of her allegations.

Apart from the Defendant in this case, Jeffrey Epstein is the most important person for Ms. Giuffre to depose. It was Epstein who gave the directions to Maxwell to recruit Ms. Giuffre and bring her to Epstein's mansions to be sexually abused. At several points during her recent deposition, Ms. Maxwell refused to answer Ms. Giuffre's questions about Epstein, but instead told her she should go ask Epstein about the subject. *See, e.g.,* Tr. of Depo. of Defendant (Apr. 22, 2016) at 100 ("Q: … [W]as it Jeffrey's preference to start a massage with sex? . . . A: I think you should ask that question of Jeffrey."); *id.* at 146-47 ("Q: So would [Ms. Giuffre] be brought on trips that were for the purpose of work and decorating the house? A: Like I said, I never worked with her but you would have to ask Jeffrey what he brought her on the trip for."); *id.* at 389-90 ("Q: Does [Epstein] . . . have any knowledge of any illegal activity that you've conducted? . . . A: If you want to ask Jeffrey questions about me, you would have to ask him."). *See* McCawley Decl. at Exhibit 2.

Because of Epstein's importance to this case, Ms. Giuffre has diligently tried to personally serve Epstein with a subpoena for his deposition. Epstein, however, appears to have no interest in answering questions under oath about the scope of his sex trafficking organization and he has not authorized his lawyer to accept service of the subpoena. On March 7, 2016, Ms.

2

Giuffre's counsel contacted counsel for Epstein to seek agreement that he would accept service of the subpoena in this matter. *See* McCawley Decl. at Composite Exhibit 3, Electronic Correspondence to Attorney Marty Weinberg. Ms. Giuffre was unable to obtain that agreement so she retained an investigative company to attempt to locate Epstein for purposes of personal service[1]. As explained in the attached affidavit, the Alpha Group Investigators commenced efforts to personally serve Epstein on April 26, 2016. *See* McCawley Decl. at Exhibit 4 Affidavit of Douglas G. Mercer, Chief Investigator Alpha Group. Those efforts have continued for weeks, and included over sixteen (16) attempts to personally serve Epstein, including as recently as May 18, 2016, at which time the investigator affixed the subpoena to the front door of Epstein's residence and mailed copies of the subpoena to both of his New York addresses along with a witness check. Counsel for Ms. Giuffre also provided a copy of the subpoena to Marty Weinberg, Epstein's attorney.

Jeffrey Epstein is not the only key witness who has been evading Ms. Giuffre's efforts to depose them. The next echelon in the sex trafficking organization below Epstein and the Defendant includes Sarah Kellen and Nadia Marcinkova. Ms. Giuffre alleges that they were heavily involved in the sex trafficking. Both Kellen and Marcinkova appear repeatedly on the flight logs of Jeffrey Epstein's aircraft. The U.S. Attorney's Office for the Southern District of Florida specifically identified both Kellen and Marcinkova as among four named "potential co-conspirators of Epstein" in the non-prosecution agreement it executed with Epstein as part of his guilty plea to Florida state sex offense charges. *See* Non-Prosecution Agreement, *In re: Investigation of Jeffrey Epstein* at 7. Additionally, both Kellen and Marcinkova previously

---

[1] As recently as today, Ms. Giuffre's counsel continues to attempt to negotiate acceptance of service of the subpoena for Mr. Epstein, which now includes a request that his deposition take place in the U.S. Virgin Islands but has still not received an agreement to accept service. *See* McCawley Decl. at Composite Exhibit 3, Correspondence with Marty Weinberg, counsel for Jeffrey Epstein.

invoked their 5th amendment privileges when asked about their involvement in Epstein and Defendant's sex trafficking ring.  At her recent deposition, Defendant appeared to be well aware of the fact that Epstein had potential co-conspirators.  *See, e.g.*, Tr. of Depo. of Defendant (Apr. 22, 2016) at 49 ("Q: Are you aware that Sarah Kellen was . . . named as a co-conspirator in the case involving Jeffrey Epstein?  . . . A: I am aware.").  *See* McCawley Decl. at Exhibit 2.

As with Epstein, however, Kellen and Marcinkova appear to be evading efforts to serve them.  On March 31, 2016, Ms. Giuffre's counsel reached out to Sarah Kellen's counsel to seek agreement that she would accept service of the subpoena in this matter.  *See* McCawley Decl. at Exhibit 5, Electronic Correspondence with Bruce Reinhart, of McDonald Hopkins, LLP in West Palm Beach, Florida.  Mr. Reinhart represented that Ms. Kellen refused to allow her counsel to accept service of the subpoena, so Ms. Giuffre was forced to commence the efforts to attempt to personally serve her with the subpoena.  As explained in the attached affidavit, the Alpha Group Investigators commenced efforts to personally serve Kellen on April 26, 2016.  *See* McCawley Decl. at 4, Affidavit of Douglas G. Mercer, Chief Investigator Alpha Group.  Those efforts have continued with over nineteen (19) attempts at service and concluded as recently as May 18, 2016, at which time the investigator affixed the subpoena to the front door of Kellen's residence and mailed copies of the subpoena to both of her New York addresses.  Ms. Giuffre's counsel also provided a copy of the subpoena to Kellen's attorney.

Marcinkova has also been evading service.  Ms. Giuffre has had her investigators make efforts to attempt to personally serve Marcinkova at her New York residence, and also made efforts to try to personally serve her while on a trip to California, but has been unable to obtain personal service.  Ms. Giuffre's investigators made over ten (10) attempts to personally serve Marcinkova.  *See* McCawley Decl. at Exhibit 4, Affidavit of Douglas G. Mercer, Chief

4

Investigator Alpha Group. In addition, counsel for Ms. Giuffre reached out to Ms. Marcinkova's former counsel but he indicated that he could not accept service as he no longer represents her. *See* McCawley Decl. at Exhibit 6, Electronic Correspondence with Jack Goldberger, at Atterbury, Goldberger & Weiss, P.A., in West Palm Beach, Florida.

In other litigation relating to Jeffrey Epstein, both Marcinkova and Kellen asserted their fifth amendment rights when asked questions about Defendant's recruitment of underage girls.

> Q Do you know Ghislaine Maxwell?
> A Fifth.
> Q Is that somebody who helped Jeffrey Epstein to devise the scheme to allow him access to various and a variety of underage minor females?
> A Fifth.
> Q Is Sarah Kellen somebody that was also involved in the planning of this scheme to gain access to underage minor females?
> A Fifth.

*See* McCawley Decl. at Exhibit 7, Nadia Marcinkova April 13, 2010 Dep. Tr. at p. 29-30 (GIUFFRE001171-1172)

> Q Isn't it true that yourself, Ghislaine Maxwell and Sarah Kellen had access to a master of list of underage minor females names and phone numbers so they could be called for the purpose of coming to Jeffrey Epstein's house to be sexually molested?
> A Fifth.

*See* McCawley Decl. at Exhibit 7, Nadia Marcinkova April 13, 2010 Dep. Tr. at p. 33-34 (GIUFFRE001173)

> Q Do you know Jane Doe-102 [Virginia Giuffre]?
> A Fifth.

*See* McCawley Decl. at Exhibit 7, Nadia Marcinkova April 13, 2010 Dep. Tr. at p. 47-48 (GIUFFRE001176)

5

Q Are you aware of Jeffrey Epstein and Ghislaine Maxwell's sexual interaction with Jane Doe-102 when she was a minor?

Q This is one of many underage minor females that was trafficked basically around the globe to be sexually exploited and abused; is that correct?

A Fifth.

Q Was that typical of Jeffrey Epstein and Ghislaine Maxwell to sexually abuse minors on Jeffrey Epstein's airplane?

A Fifth.

Q And also typical of Ghislaine Maxwell and Jeffrey Epstein to prostitute or pimp out underage minors to friends?

A Fifth.

*See* McCawley Decl. at Exhibit 7, Nadia Marcinkova April 13, 2010 Dep. Tr. at p. 47-48 (GIUFFRE001176)

Q Ghislaine Maxwell is somebody who you know to be bi-sexual, true?

A Fifth.

Q You know that Ghislaine Maxwell engaged in sexual acts with underage minor females, true?

A Fifth.

*See* McCawley Decl. at Exhibit 7, Nadia Marcinkova April 13, 2010 Dep. Tr. at p. 58-59 (GIUFFRE001179)

Q. Did Ghislaine Maxwell introduce you to Jeffrey Epstein for the first time?

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

*See* McCawley Decl. at Exhibit 8, Sarah Kellen March 24, 2010 Dep. Tr. p.21 (GIUFFRE001676)

Q. All right. All right. Ms. Kellen, would you agree with me that there was an agreement between Jeffrey Epstein, Ghislaine Maxwell, Jean-Luc Brunel, yourself and Nadia Marcinkova to bring in girls from out of state that were underage?

THE WITNESS: On the instruction of my
lawyer, I must invoke my Fifth Amendment right.

*See* McCawley Decl. at Exhibit 8, Sarah Kellen March 24, 2010 Dep. Tr. p. 38 (GIUFFRE001680)

> Q. Would you agree with me that Ghislaine Maxwell provides underage girls to Mr. Epstein for sex?
>
> THE WITNESS: Upon the instruction of my lawyer, I must invoke my Fifth Amendment privilege.

*See* McCawley Decl. at Exhibit 8, Sarah Kellen March 24, 2010 Dep. Tr. p. 100 (GIUFFRE001695).  Both Marcinkova and Kellen are key witnesses in this action because they were present with Mr. Epstein and Maxwell during the time period when Virginia Giuffre was with Epstein and Maxwell.

## ARGUMENT

A.  **The Court Should Permit Alternative Service**

In the unique circumstances of this case, this Court should grant Ms. Giuffre leave to serve Jeffrey Epstein, Sarah Kellen, and Nadia Marcincova via means other than personal service, because they are evading service of process and there are other means to assure actual notice.  Under Rule 45(b)(1) of the Federal Rules of Civil Procedure, "[s]erving a subpoena requires delivering a copy to the named person . . . ."  The purpose of "requiring delivery to a named person is to 'ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process.'" *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 304 (S.D.N.Y. 2009) (*quoting Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, Nos. 06 Civ. 7764 & 06 Civ. 13516, 2008 WL 3833238, at *2 (S.D.N.Y. Aug.15, 2008) (internal quotation marks omitted)).  *See also First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 (S.D.N.Y.2000) (finding that attaching a subpoena to the door, and mailing another copy to counsel of record was sufficient). Cases not only from this Court, but also from others in the Second Circuit, have interpreted that rule "liberally" to allow service so long as the "the type of

7

service used 'was calculated to provide timely actual notice.'" *Aristocrat Leisure Ltd.*, 262 F.R.D. at 304 (*quoting CareCore,* 2008 WL 3833238, at *2 (noting that "nothing in the word 'delivering' [in Rule 45(b)(1)] indicates personal service, and a personal service requirement can be unduly restrictive"); *see also Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (holding that because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met"); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116(PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) ("this Court joins other courts in this District in holding that effective service [of a deposition subpoena] under Rule 45 is not limited to personal service" (internal quotation omitted).

A prerequisite for using means other than personal service is typically that the party "requesting the accommodation diligently attempted to effectuate personal service." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (*citing Franklin v. State Farm Afire and Casualty Co.*, 2009 WL 3152993, at *2 (E.D. Mich. 2009). Here, Ms. Giuffre has diligently attempted to make personal service on each of the three individuals, having made multiple attempts to personal service them, including going to different locations at different times on different days, and attempting to reach them through their attorneys. *See* McCawley Decl. at Exhibit 4, Affidavit of Douglas G. Mercer, Chief Investigator Alpha Group. Indeed, it appears that the only reason that personal service has been unsuccessful thus far is that the important witnesses Ms. Giuffre is attempting to serve are fully aware of her efforts and are attempting to evade service. This Court will recall that efforts to evade service are a familiar practice of Jeffrey Epstein and his colleagues. As described in earlier pleadings in this case, for example, the Defendant herself refused to comply with a deposition subpoena in an earlier case

8

brought by one of Jeffrey Epstein's sexual assault victims. *See* Decl. of Sigrid McCawley at Composite Exhibit 9, Maxwell Deposition Notice; Subpoena and Cancellation Payment Notice, and January 13, 2015 Daily Mail Article.

Ms. Giuffre proposes that she be permitted to serve her deposition notices by means other than personal service. Ms. Giuffre asks this Court to rule that she be permitted to serve each of the three individuals in ways that are reasonably calculated to give them actual notice. The specific means that Ms. Giuffre proposes are the means that her investigators took on May 18th of posting the subpoenas to the addresses associated with each of the witnesses and mailing the subpoenas to those addresses with the witness fee check and providing copies of the subpoenas via e-mail to the witnesses known counsel. *See* McCawley Decl. at Exhibit 4, Affidavit of Douglas G. Mercer, Chief Investigator Alpha Group.

Means such as those described above have been approved by this Court in other cases. For example, in *Medical Diagnostic Imaging, PLLC v. Carecore National, LLC*, 2008 WL 3833238 (S.D.N.Y. 2008) (Katz, J.), this Court allowed service of a deposition subpoena to be made through mailing a copy of the subpoena to the witness' place of employment along with a copy of the Court's order directing the witness to comply with the subpoena or face sanctions. *Id.* at *3. Similarly, in *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116(PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009), this Court allowed service of a deposition subpoena to be made by sending a copy of the deposition subpoena to the witness' place of business and residence by certified mail; leaving a copy of the deposition subpoena at the witness' residence and place of business with a person of suitable age and discretion; and remitting a copy of the deposition subpoena by electronic mail and certified mail to counsel for a related corporation. And, in at least two cases, this Court has found that certified mailing of a

9

subpoena to the witness alone satisfies Rule 45. *See Cordius Trust v.. Kummerfeld,* 1999 U.S. Dist. Lexis 19980, *5–*6 (S.D.N.Y.1999); *Ultradent Products, Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002). Here, the means of service exceed those approved in those other cases and should be permitted.

## CONCLUSION

Ms. Giuffre should be granted leave to serve Jeffrey Epstein, Sarah Kellen, and Nadia Marcincova with deposition subpoenas by means other than personal service. As Ms. Giuffre has made multiple attempts at personal service, Ms. Giuffre should be granted leave to serve deposition subpoenas by the means employed by her investigators of posting the subpoenas to the known locations and also sending the subpoenas via U.S. mail.

Dated: May 25, 2016

                                        Respectfully Submitted,

                                        BOIES, SCHILLER & FLEXNER LLP

                              By: /s/ Sigrid McCawley
                                  Sigrid McCawley (Pro Hac Vice)
                                  Meredith Schultz (Pro Hac Vice)
                                  Boies Schiller & Flexner LLP
                                  401 E. Las Olas Blvd., Suite 1200
                                  Ft. Lauderdale, FL 33301
                                  (954) 356-0011

                                  David Boies
                                  Boies Schiller & Flexner LLP
                                  333 Main Street
                                  Armonk, NY 10504

                                  Bradley J. Edwards (Pro Hac Vice)
                                  FARMER, JAFFE, WEISSING,
                                  EDWARDS, FISTOS & LEHRMAN, P.L.
                                  425 North Andrews Avenue, Suite 2
                                  Fort Lauderdale, Florida 33301
                                  (954) 524-2820

>Paul G. Cassell (Pro Hac Vice)
>S.J. Quinney College of Law
>University of Utah
>383 University St.
>Salt Lake City, UT 84112
>(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 25th day of May, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
       jpagliuca@hmflaw.com


Copies of this filing were also provided by e-mail to:

Marty Weinberg, counsel for Jeffrey Epstein
Bruce Reinhart counsel for Sarah Kellen


/s/ Sigrid S. McCawley
Sigrid S. McCawley