Exhibit 5

(File Under Seal)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

                                  **15-cv-07433-RWS**

---------------------------------------------------X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant, Ghislaine Maxwell, by and through her undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.      This response is made to the best of Ms. Maxwell's present knowledge, information and belief. Ms. Maxwell, through her attorneys of record, have not completed the investigation of the facts relating to this case, have not completed discovery in this action, and have not completed preparation for trial. Ms. Maxwell's responses to Plaintiff's Interrogatories are based on information currently known to her and are given without waiving Ms. Maxwell's right to use evidence of any subsequently discovered or identified facts, documents or communications.  Ms. Maxwell reserves the right to supplement these Interrogatories in accordance with Fed. R. Civ. P. 26(e).

2.      Ms. Maxwell objects to the Interrogatories to the extent they attempt to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the local rules of this Court or any Orders of the Court.

3.      Ms. Maxwell objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

4.      Ms. Maxwell objects to the Interrogatories to the extent they seek information outside of Ms. Maxwell's possession, custody or control.

5.      Ms. Maxwell objects to the Interrogatories to the extent they seek information which is not relevant to the subject matter of the litigation and /or is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Ms. Maxwell objects to the Interrogatories to the extent they are overly broad, unduly burdensome and/or propounded for the improper purpose of annoying, embarrassing, or harassing Ms. Maxwell.

7.      Ms. Maxwell objects to the Interrogatories to the extent they are vague and ambiguous, or imprecise.

8.      Ms. Maxwell objects to the Interrogatories to the extent they seek information that is confidential and implicates Ms. Maxwell's privacy interests.

9.      Ms. Maxwell incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or for some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.

1

10.     The Interrogatories seek information that is confidential and implicates Ms. Maxwell's privacy interests.  To the extent such information is relevant and discoverable in this action, M s. Maxwell will produce such materials subject to an appropriate protective order pursuant to Fed. R. Civ. P. 26(c) limiting their dissemination to the attorneys and their employees.

## OBJECTIONS TO DEFINITIONS

1.     Ms. Maxwell objects to Definition No. 1 regarding "Agent" because it is an incorrect statement of the law.

2.     Ms. Maxwell objects to the Definition of "communication" to the extent it expands upon the meaning ascribed to that term by Local Rule 26.3(c).

3.     Ms. Maxwell objects to Definition No. 3 regarding "Defendant."  The Definition is overly broad and unduly burdensome to the extent it attempts to extend the scope of the Interrogatories to information in the possession, custody or control of individuals other than Ms. Maxwell or her counsel.

4.     Ms. Maxwell objects to the Definition No. 4 regarding "Document" to the extent it expands upon the meaning ascribed to that term by Local Rule 26.3(c).

5.     Ms. Maxwell objects to Definition No. 5 regarding "Employee."  Ms. Maxwell is an individual, sued in an individual capacity, and therefore there is no "past or present officer, director, agent or servant" of hers.  Additionally, "attorneys" and "paralegals" are not "employees" of Ms. Maxwell given that she herself is not an attorney and therefore cannot "employ" attorneys.

6.     Ms. Maxwell objects to Definition No. 7 of "Jeffrey Epstein" to include not only entities but also any employee, agent, attorney, consultant or representative of him, to include any entities owned or controlled by him.  Questions related to an individual named Jeffrey Epstein have been construed to mean only that individual and not any other individual who is affiliated in some capacity with entities owned or controlled by him.

7.     Ms. Maxwell objects to Definition No. 8 regarding "Massage" to include "any person touching another person," as the touching of another person may or may not include what is commonly understood to mean massage, it may be for a harmful, offensive or accidental reasons, or for any other purposes, or may be a touching incidental to being in close proximity with another.  Similarly, a definition of "massage" to include "using any object…to touch another person" can mean a wide variety of activities and for various purposes that exceed the relevancy of this defamation action.

8.     Ms. Maxwell objects to Definition No. 9 regarding "Person" to the extent it expands upon the meaning ascribed to that term by Local Rule 26.3(c).

9.     Ms. Maxwell objects to Definition No. 11 regarding "You" or "Your."  The Definition is overly broad and unduly burdensome to the extent it attempts to extend the scope of

the Interrogatories to information in the possession, custody or control of individuals other than Ms. Maxwell or her counsel.

## OBJECTIONS TO INSTRUCTIONS

1.      Ms. Maxwell objects to Instruction No. 1, in particular the definition of the "Relevant Period" to include July 1999 to the present, on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. The Complaint at paragraph 9 purports to describe events pertaining to Plaintiff and Defendant occurring in the years 1999 – 2002. The Complaint also references statements attributed to Ms. Maxwell occurring in January 2015. Defining the "Relevant Period" as "July 1999 to the present" is vastly overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and as to certain of the Interrogatories, is intended for the improper purpose of annoying or harassing Ms. Maxwell and it implicates her privacy rights. Thus, Ms. Maxwell interprets the Relevant Period to be limited to 1999-2002 and December 30, 2014 - January 31, 2015 and objects to the Interrogatories, except as specifically noted. Without waiver of this Objection, Ms. Maxwell notes the Court Order in this case which permits discovery regarding events between 2002 and the present which relate to the topics of the sexual trafficking of females and will respond to the Interrogatories for the period 2002 to the present on that topic.

2.      Ms. Maxwell objects to Instruction Nos. 2-21 to the extent they impose obligations beyond those imposed by Fed. R. Civ. P. 33(b) and Local Rule 33.3. In particular, the majority of the Instructions pertain to Requests for Production of Documents and are therefore inapplicable to Interrogatories.

3.      Ms. Maxwell objects to these Interrogatories to the extent they exceed those types of interrogatories permitted by Local Rule 33.3. In particular, the majority of these Interrogatories do not seek the names of witnesses with knowledge of information relevant to the subject matter of this action nor the existence, custodian and location or general description of relevant documents. Moreover, these Interrogatories are not a more practical method of obtaining the information sought than a deposition or a request for production of documents.

4.      Finally, the contention interrogatories are premature, as other discovery in this case has not concluded. Local Rule 33.3(c).

5.      Ms. Maxwell objects to the Definition of "Identify" to the extent it expands upon the meaning ascribed to that term by Local Rule 26.3(c).

## RESPONSES TO INTERROGATORIES

**1.      Identify all persons and entities authorized by you or authorized your agent(s) to make statements on your behalf in January of 2015.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory as vague and ambiguous, specifically by not defining what types or topics of "statements" are referred to.  As drafted, this Interrogatory calls for information clearly outside the relevancy of this lawsuit because it implicates her assistant making work calls for her, scheduling appointments for her and her representatives making "statements" in all manner of business capacities.  Further, Ms. Maxwell objects to this Interrogatory to the extent it calls for information protected by the attorney/client, attorney work product and joint defense privileges.  Without waiver of the foregoing objections, she responds as follows:

Ms. Maxwell has no recollection of any non-privileged communication by which she specifically authorized any agent or entity to "make statements on her behalf in January of 2015" nor does she possess any documents beyond those already produced by which any such authorization may be ascertained.

**2.      Identify any action that you took after Ross Gow issued the January 2015 statement regarding Ms. Giuffre to the public to retract or remediate the statement, clarify the statement, or otherwise cause a different message to enter the public domain.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory as vague and ambiguous, specifically by not defining what types or topics of "statements" are referred to.  Further, Ms. Maxwell objects to this Interrogatory to the extent it calls for information protected by the attorney/client, attorney work product and joint defense privileges.  Without waiver of the foregoing objections, she responds as follows:

Ms. Maxwell does not recall any actions that she took to retract, remediate or clarify a communication Mr. Gow made to the British press in January 2015 regarding Plaintiff's allegations nor upon the exercise of a reasonable inquiry has she located any actions that she took in that regard.

**3.      Name every blog, television station, newspaper, or other media or public outlet that you are aware covered the January 2015 statement issued, either by quoting from the statement or by referring to or referencing the statement.**

**ANSWER**

Ms. Maxwell objects to this Interrogatory as improper pursuant to Local Rule 33.3(a) and (b).  The Interrogatory does not seek the names of any witnesses nor the custodian or location of any

documents.  Moreover, Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney work product and attorney client communications.  The information sought is equally available to both parties within the public domain.  Without waiver of the foregoing, Ms. Maxwell responds as follows:

Ms. Maxwell is personally unaware of any particular coverage by any media regarding Mr. Gow's communication to the British press.  Any such articles or coverage of which she is aware have previously been produced in this action and are equally available to both parties in the public domain.

**4.      Identify all legal actions you, or someone acting on your behalf, have initiated, since January 1, 2015, identifying the jurisdiction, the date of initiation of the action, and the subject matter of the action.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory as vague and ambiguous, specifically by failing to define "legal action."  Further, Ms. Maxwell objects to the extent the Interrogatory calls for attorney-client communications or attorney work product.  Without waiver of the foregoing, Ms. Maxwell responds as follows:

Ms. Maxwell has not filed any complaint in a court since January 1, 2015.

**5.      Identify all payments made or things of value transferred to you by Jeffrey Epstein, directly or indirectly or through any entity or person affiliated with or controlled by Epstein, from 1992 through the present, and if loans, detailing the amount of the loans, the terms of the loans, the interest rate of the loans, and any payments made by you or on your behalf to repay such loans.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.  This Interrogatory also violates Local Rule 33.3(a) – (c) in that it does not seek the name of witnesses or the custodian and location of documents.  Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

From the time period of January 1, 2015 through the present, Ms. Maxwell has had no payments made or things of value transferred to her, including loans, by Jeffrey Epstein or any entity or person affiliated with or controlled by him.

5

**6.      Identify all loans issued to you by Jeffrey Epstein, directly or indirectly or through any entity or person affiliated with or controlled by Epstein, from 1992 through the present, detailing the amount of the loans, the terms of the loans, the interest rate of the loans, and any payments made by you or on your behalf to repay such loans.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.  This Interrogatory also violates Local Rule 33.3(a) – (c) in that it does not seek the name of witnesses or the custodian and location of documents.  Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

From the time period of January 1, 2015 through the present, Ms. Maxwell has had no loans issued to her by Jeffrey Epstein, either directly, indirectly or by any entity or person affiliated with or controlled by him.

**7.      Identify any other employment you have held since 1999, how you were compensated, and how much you were compensated, broken down by job title, employer, and year.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.  This Interrogatory also violates Local Rule 33.3(a) – (c) in that it does not seek the name of witnesses or the custodian and location of documents.  Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

From January 1, 2015 to the present, Ms. Maxwell has not been employed as that term is commonly understood to mean a salaried position.

**8.      Identify all persons who gave a massage to Jeffrey Epstein with whom you had any involvement, either in meeting the person who gave a massage, finding the person who gave the massage, making a referral to the person who gave the massage, conversing with the person who gave the massage, staffing the person who gave the massage, or otherwise facilitating that person giving a massage to Jeffrey Epstein.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to the Interrogatory as vague and ambiguous given the definition of "massage" to include any person touching another person.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

As she testified at her deposition, Ms. Maxwell on occasion met with adult, professional women and men who were employed at high-end spas or resorts and asked whether they made home visits for the purposes of massages.  She does not recall the names of those persons who ended up making professional, adult home visit massages that occurred between the years 2000 and 2002.  Other deposition testimony in this case has included that of Johanna Sjoberg who stated that she had met with Ms. Maxwell and later had trained for and become a masseuse and provided professional massages to Mr. Epstein.

**9.      Identify all efforts undertaken by you to ascertain the age and professional qualifications of any individual in your answer to Interrogatory number 9.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to the Interrogatory as vague and ambiguous given the definition of "massage" to include any person touching another person.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

As she testified at her deposition, Ms. Maxwell has contacted a number of professional masseuses from spas in various locations, including New York, Palm Beach, and the U.S. Virgin Islands, to provide professional, adult massages to be given to Jeffrey Epstein. Ms. Maxwell relied on and expected those various high-end registered and licensed spas to hire professional accredited massage therapists and to check the credentials, including the age and professional qualifications, of their employees.

**10.     Have you ever recruited, found, hired, approached, introduced, procured, or otherwise obtained, for the purposes of Jeffrey Epstein employing, any female who was not at the time a certified or licensed massage therapist for the purpose of having that female perform a massage on Jeffrey Epstein. If yes, please identify the name of each such female, the last known address and phone number, and a description of the circumstances surrounding that female meeting with your (sic) or Jeffrey Epstein.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to the Interrogatory as vague and ambiguous given the definition of "massage" to include any person touching another person.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Not to her knowledge.

**11.     Have you ever recruited, found, hired, introduced, approached, or encouraged any female, and told that female to meet with, or show themselves to, Jeffrey Epstein because he was associated in some way with Victoria's Secret. For each such female, please list her name, address, telephone number, as well as a description of the circumstances surrounding that female's encounter with your or Jeffrey Epstein.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of

documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Not to her knowledge.

**12**.    **Identify your basis for your contention that Plaintiff's claims are barred by the United Kingdom's Defamation Act of 2013.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery.  *See, e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

The January 2, 2015, communication by Ross Gow to members of the British media did not, nor was it likely to, cause serious harm to the reputation of Plaintiff.  The imputation conveyed by the communication is substantially true.  Substantial portions of the communication conveyed honest opinion.  The communication was privileged as a matter of public interest.  The communication is barred by the single publication rule because Mr. Gow previously issued a communication that was substantially the same as the January 2, 2015 communication, issued by materially the same manner of publication, and Plaintiff and her counsel did not deny or timely take action with respect to the previous communication.

**13.    Identify the basis, including all underlying facts, for your contention that Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent were protected by the self-defense privilege.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery.  *See,*

*e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

The self-defense privilege as it applies to Mr. Gow's January 2, 2015 communication to members of the British press are spelled out in detail in the Memorandum of Law In Support of Defendant's Motion to Dismiss at page 8-13.

**14.     Identify the basis, including all underlying facts, for your contention that Plaintiff is a public figure and unable to prove Ms. Maxwell exhibited actual malice.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery. *See, e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Plaintiff sought public attention to her fabricated story concerning Ms. Maxwell and others. To wit, Plaintiff was paid more than $100,000 for her false story to the Daily Mail as well as the sale of a photograph purporting to be of herself and Prince Andrew. Plaintiff then further sought public attention to her story through (a) an interview with Bradley Edwards and Jack Scarola, (b) through contact with various literary agents, ghost-writers and news outlets, and (c) through a carefully orchestrated scheme to publish her false claims in a public pleading in the U.S. District Court for the Southern District of Florida, as well as media interviews and other contacts including ABC News, Sharon Churcher, and her purported work on behalf of Victims Refuse Silence.

With regard to Maxwell's absence of actual malice, any statements attributed to her regarding Ms. Roberts were limited in scope, directly targeted to Plaintiff's mis-statements of fact without any further comment regarding the many character and truthfulness shortcomings of Plaintiff, and were directed to the media outlets who continued to publish Plaintiff's lies. Ms. Maxwell decided against making any further statements regarding Plaintiff and her many lies in order to minimize public attention to Plaintiff's false claims, despite the many opportunities to provide additional truthful comment and color, as demonstrated by her email communications provided in discovery.

**15.      Identify the basis, including all underlying facts, for your contention that Plaintiff's claims are barred because the statements made by Ms. Maxwell or her agent constituted "fair comment."**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery.  *See, e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Ms. Maxwell retains her First Amendment privilege to express her opinion, to criticize others including Plaintiff, and to comment on matters of public interest, including Plaintiff's allegations of being a sex slave or being sexually trafficked.  Mr. Gow's communication to members of the British media constituted expressions of opinion regarding Plaintiff and her public claims.

**16.      Identify the basis, including all underlying facts, for your contention that Ms. Maxwell or her agent did not cause or contribute to any damages suffered by Plaintiff?**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery.  *See, e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Mr. Gow's communication to the British media in January 2015 did not cause or contribute to any damages Plaintiff suffered because, *inter alia,* Plaintiff was widely reputed prior to any such communication to be a liar, a person who falsifies claims of sexual assault, and a sexually permissive woman, because Plaintiff already had substantial mental and medical conditions that pre-existed any statement issued, and because Plaintiff's damages, if any, were occasioned by her own wide-spread dissemination of her own false and defamatory statements.  Without the steps that Plaintiff took to publish her fabricated and falsified history, she would not have suffered any reputational harm.

11

**17.     Identify the basis, including all underlying facts, for your contention that Plaintiff failed to take reasonable, necessary, appropriate and feasible steps to mitigate her alleged damages.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery.  *See, e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Plaintiff was advised by her own physician in Australia to engage in psychotherapy but has refused to do so.  Plaintiff was advised to cease taking valium but has refused to do so. Plaintiff was advised by a court to stay away from her abusive husband but has refused to do so. Further, Plaintiff had the opportunity to truthfully tell her actual history on a number of occasions, including during her interviews with ABC, with other media outlets, with book authors and journalists, but chose not to tell her true story, instead telling falsehoods and fabricated and mistaken events, dates and participants.

**18.     Identify the basis, including all underlying facts, for your contention that Plaintiff's damages are the proximate result of intervening causes, pre-existing medical and mental conditions of Plaintiff, and/or causes that occurred without knowledge or participation of Ms. Maxwell and for which Ms. Maxwell is not responsible.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery.  *See, e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Plaintiff's records disclose that she (allegedly) had been sexually assaulted as a child by a family friend, that she had been held as a sexual slave in captivity as a young teenager, that she had been sexually assaulted by teens when she was 14 in the back of a house, that she had been

sexually assaulted as a 14 year old by two young men in the "Woodsies," that she had suffered at a since-closed drug rehabilitation facility at the hands of "guards," that she suffered from "anxiety," depression and suicidal ideation from at least 1998 before meeting Ms. Maxwell, that she has experienced marital discord, that she suffered from parental and familial alienation, that she has been beaten, choked and strangled by her husband on more than one occasion, that she has suffered from pre-existing and post-existing drug addictions, alcohol abuse and prescription medication addiction and abuse, that she has suffered many of the ill-effects of an impoverished childhood, and that she suffers from certain limitations of mental faculty.

**19.      Identify the basis, including all underlying facts, for your contention that Plaintiff's damages were the result of her own conduct or the conduct of others and were not proximately caused by any action of Ms. Maxwell.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory to the extent it calls for attorney-client communications and attorney work product. This Interrogatory is premature and violates Local Rule 33.3(c) because discovery is ongoing in this case, not complete, and it is more than thirty days from the conclusion of discovery.  *See, e.g., Shannon v. New York City Transit Auth.,* No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (Sweet, J).

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Plaintiff's records disclose that she (allegedly) had been sexually assaulted as a child by a family friend, that she had been held as a sexual slave in captivity as a young teenager, that she had been sexually assaulted by teens when she was 14 in the back of a house, that she had been sexually assaulted as a 14 year old by two young men in the "Woodsies," that she had suffered at a since-closed drug rehabilitation facility at the hands of "guards," that she suffered from "anxiety," depression and suicidal ideation from at least 1998 before meeting Ms. Maxwell, that she has experienced marital discord, that she suffered from parental and familial alienation, that she has been beaten, choked and strangled by her husband on more than one occasion, that she has suffered from pre-existing and post-existing drug addictions, alcohol abuse and prescription medication addiction and abuse, that she has suffered many of the ill-effects of an impoverished childhood, and that she suffers from certain limitations of mental faculty.

Plaintiff was advised by her own physician in Australia to engage in psychotherapy but has refused to do so.  Plaintiff was advised to cease taking valium but has refused to do so. Plaintiff was advised by a court to stay away from her abusive husband but has refused to do so. Further, Plaintiff had the opportunity to truthfully tell her actual history on a number of occasions, including during her interviews with ABC, with other media outlets, with book authors and journalists, but chose not to tell her true story, instead telling falsehoods and fabricated and mistaken events, dates and participants.

**20.     Identify all reasons why you failed to appear for a deposition scheduled in about 2009 to 2010 in a sexual assault civil suit filed against Jeffrey Epstein.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Ms. Maxwell did not fail to appear for a scheduled deposition in 2009 or 2010. At the only scheduled deposition date, December 9, 2009, Mr. Edwards failed to appear and failed to communicate with Ms. Maxwell's counsel following the November 9, 2009 involuntary bankruptcy of his law firm occasioned by the arrest (and subsequent imprisonment) of his law partner. Thereafter, including during 2010, the parties never agreed to a particular deposition date.

**21.     Identify all communications you have had with Jeffrey Epstein since January 1, 2015, and the substance of those communications.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. The Court has limited discovery of communications between 2002 to the present with Mr. Epstein to those related to the sexual trafficking of women.  Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Ms. Maxwell already produced any written communications with Mr. Epstein that were responsive to the Interrogatory for the same, as limited by the Court to (a) all communications from January 2015 and (b) all documents related to sex trafficking.

**22.** **Identify all flights you have taken on aircraft on which Ms. Giuffre was also a passenger.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

As she testified during her deposition, Ms. Maxwell has no recollection of ever having been on a flight on which Ms. Giuffre was a passenger.  Ms. Maxwell does not possess any other records which might refresh her recollection with respect to any such flights.

**23.** **Identify all occasions on which you either observed Ms. Giuffre massaging Jeffrey Epstein or understood that she was massaging Jeffrey Epstein.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to the Interrogatory as vague and ambiguous given the definition of "massage" to include any person touching another person.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Ms. Maxwell, as she has already testified, has no specific recollection of ever seeing Plaintiff massage Mr. Epstein or having any understanding that Plaintiff was massaging Mr. Epstein on any specific occasion, nor does she possess any records which would permit her to identify any such occasion.

**24.     Identify all persons or other sources of information who have told you or that suggested that Epstein had sexual interactions with persons under the age of 18.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to the Interrogatory as vague and ambiguous given the absence of definition of "sexual interactions." Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Ms. Maxwell objects to this Interrogatory to the extent it calls for information protected by the attorney/client, attorney work product and joint defense privileges.  Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

Ms. Maxwell knows of no person who has communicated to her directly any information concerning sexual interactions between Mr. Epstein and a person under the age of 18.

**25.     Identify all girls under the age of 18 with whom you have interacted at one of Epstein's properties, including his Palm Beach mansion or his New York City mansion.**

**ANSWER:**

Ms. Maxwell objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Interrogatory on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Further, Ms. Maxwell objects to this Interrogatory as a violation of Local Rule 33.3(a) – (b) as it seeks neither the names of witnesses nor the locations of documents and is more appropriately discovered through the deposition of Ms. Maxwell, during which time she already answered questions on this topic. Finally, Ms. Maxwell objects to this Interrogatory to the extent it seeks information from a time period not relevant to this action.

Without waiver of the foregoing, Ms. Maxwell responds as follows:

As described during her deposition, the only females with whom Ms. Maxwell interacted at any of Epstein's properties knowing that they were under the age of 18 were either members of her own extended family or the minor children of her or Mr. Epstein's friends, and any such interactions did not involve anything sexual or inappropriate by herself or anyone else to Ms. Maxwell's knowledge.  Based on their own privacy rights, Ms. Maxwell is not identifying these family members or children of her or Mr. Epstein's friends.

Dated: June 29, 2016

Respectfully submitted,

/s/ Laura A. Menninger
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364
Fax:      303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on June 29, 2016, I electronically served *this Defendant's Response to Plaintiff's First Set of Interrogatories* via Electronic Mail on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

18