# EXHIBIT D

| | |
|---|---|
| **From:** | Laura Menninger |
| **Sent:** | Tuesday, July 19, 2016 11:33 AM |
| **To:** | 'Meredith Schultz' |
| **Subject:** | RE: Giuffre -  Conferral regarding search terms |

Meredith:

I write to confirm our oral conferral. Please let me know if you disagree with the following or if there is some other agreement you think we reached:

1. I will endeavor to have my client gain access to an earthlink account that you believe is hers. Your basis for that belief is a disk you produced last week, obtained pursuant to a FOIA request, that contained at Page 2035 an address book from approximately 2005 which has that earthlink account name next to Ms. Maxwell's name.

2. Terramar – You have withdrawn that as a standalone search term. I have represented to you that we have searched all Terramar emails for otherwise responsive documents as well as ▓▓▓▓.

3. Witness names – You believe that search terms 124-341, which are witness names broken up into first and last names from your Rule 26 list, relate to your RFP number 5 ("All documents relating to massages…"). I represented to you that I have searched for the terms "massage," "masseur," "therapy" etc. as you requested, but you would still like me to search a subset of 124-341 surnames names for all communications with certain witnesses that you believe relate to "massages." I said I would look at your list, when you send it, and evaluate whether we still object to running those more limited names to see if there are any communications that "relate to massages." I still object that the search terms involving names is too broad and burdensome for me to have to review all communications with those individuals to try to discern what you believe may or may not relate to a "massage."

4. Lawyer names – You have withdrawn.

5. Common words – You have withdrawn with the exception of "lingerie," which I will run to see if it relates in some way to RFP 5 ("massages").

6. Other words –
   a. You have withdrawn #93 Abernathy and #94 Brillo.
   b. I maintain my objection to Guggenheim, the name of a museum which you represented to me pertains in some way to allegations made by witnesses Farmer, but for which no documents or other information has been shared (i.e., I have never seen any allegations by witnesses Farmer). Because there is no RFP to which I believe that term relates, and it is the name of a museum, I object to running that search term.
   c. Gerbil – You have withdrawn.

7. Additionally:
   a. I advised you that I was not able to search for #▓▓▓▓▓▓ because those letters are the first part of my client's longstanding email address, and search for that term will yield literally every single email she has sent or received. I believe you have withdrawn that requested search term.
   b. I advised you that I was not able to search for initials at #16-21 and 75-77. To the extent those initials represent people from whom you have requested all communications (and which the Court has limited to 1999-2002 and post-2002 as they relate to sex trafficking), for example, Jeffrey Epstein, Prince Andrew, I am searching for and producing responsive documents, so there is no need to search for the

1

initials. With regards to ▓, you told me that is "▓▓▓▓▓" and there is no standalone request for communications with her.

-Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
**lmenninger@hmflaw.com**
**www.hmflaw.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

---

**From:** Laura Menninger
**Sent:** Monday, July 18, 2016 2:27 PM
**To:** 'Meredith Schultz'
**Cc:** Jeff Pagliuca; 'Sigrid S. McCawley - Boies, Schiller & Flexner LLP (smccawley@bsfllp.com)'; ''brad@pathtojustice.com' (brad@pathtojustice.com)'
**Subject:** RE: Giuffre - Conferral regarding search terms

Dear Meredith,

I am in receipt of your opposition to the Letter Motion to Strike your Motion for an Adverse Inference. The representations in the Response are perplexing, particularly in light of the below email communication in which I specifically 1) informed you of the search terms that we would run derived from your list, and 2) specifically requested a telephone conference on the issue of search terms pursuant to the Court's Order and prior to any such search.

Your representation to the Court that we are running "secret search terms unilaterally chosen by Defendant" is simply inaccurate. As clearly set forth in the below email communication, in order to move production forward, we invited discussion regarding our plan to run a subset of the search terms that *you* selected. The items excluded from the search were those terms you proposed that were unattached to any discovery request, or would result in the selection irrelevant documents due to the commonality of the term or their irrelevance to this case, such as TerraMar. The terms run are not "secret" and not selected by the defense – they are "the remainder of the terms" not specifically discussed in the below email. For avoidance of doubt, it is your proposed list, *excluding* items 49, 50, 51, 64, 66-72, 93-94, 113, 114-116, 119-120, 121-122, 124-341, 355, 358, 360, 361, and 365, 366-368.

Second, and again contrary to the representation in your Response, I specifically requested a time for a telephone conferral to discuss the search terms. Specifically, I stated "***I am available by telephone today and tomorrow to discuss the issues raised herein.***" Despite this clear request for a call if there were issues you wished to discuss, or if you had specific RFP's to which the excluded terms related, I heard nothing from you on Thursday afternoon or Friday to set a

2

time to discuss the terms or the issues raised regarding overbreadth. As such, we proceeded processing your list with the exceptions set forth.

I will reiterate my offer to set a call to discuss the excluded terms to determine if there are agreeable additions. In light of the deposition scheduled for Friday and the time it takes to run searches, any call would need to be set prior to noon MT tomorrow. Please advise, one way or the other, if you are satisfied with the list or if you would like to set a call.

-Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
**lmenninger@hmflaw.com**
**www.hmflaw.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.

---

**From:** Laura Menninger
**Sent:** Thursday, July 14, 2016 2:35 PM
**To:** Meredith Schultz
**Cc:** Jeff Pagliuca; Sigrid S. McCawley - Boies, Schiller & Flexner LLP (smccawley@bsfllp.com); 'brad@pathtojustice.com' (brad@pathtojustice.com)
**Subject:** Giuffre - Conferral regarding search terms

Meredith –

I am writing to you, in compliance with the Court's Order, to negotiate the search terms for the search of our client's electronic devices. While Jeff raised many of these issues orally with Brad last week, I am including them in written form so that there can be no dispute about our position.

I do object to the vast number of your 368 search terms. Most are not tied to <u>any</u> Request for Production served on Ms. Maxwell, nor the Court's Orders limiting those requests.

Terramar –
Search term 49 is "Terramar." While we are searching our client's terramar email address for otherwise responsive documents, this search term would pull up thousands of documents related to her work for that organization which are (a) non-responsive and (b) irrelevant to this action. We will not agree to this standalone search term.

Witness Names

With regard to the search terms numbered 124-341, insofar as I can tell, you have simply broken apart the first and last names of every witness included within your Rule 26 disclosures. However, you never submitted a RFP seeking all communications between our client and your witnesses. There are some RFPs which identify individual witnesses whose communications with our client you sought (e.g., 1 – Epstein, 2, -Plaintiff, 3-Prince Andrew ▮▮▮▮ Kellen, Dubins, Brunel and Marcincova, 17-Gow, 37-Clintons) and I will include those names within our searches.

As to other names included on the list, many are incredibly common names (e.g., Bill, Mark, Phil, Pete, Bob, Mike, Todd) which you are asking to search as standalone terms, i.e., divorced from the accompanying surnames or first names. You have included the name "max*" well aware that our client's surname, and that of all of her paternal family members, will begin with those three letters together. Your search terms thus are likely to yield every single email sent or received by our client, or her family members, or any other document in her possession with her own name on the document or in the metadata, in other words hundreds of thousands of non-responsive documents. Your search terms include "bill" and thus are likely to include every bill that our client has received or sent or discussed. Your search terms include Philip Barden who the court has already ruled maintains an attorney-client relationship with our client (and to the extent others are copied on his emails, those would be captured by searches for the other people's names). You included my client's boyfriend of many years, though he is not on any witness list or in any RFP.

In sum, I will not agree to the search terms regarding witness names numbered 124-341 unless you (a) provide me with an actual RFP to which they each relate, and (b) make some effort to match them to actual people who have some relationship to this case (like first name /3 last name or some parts thereof).

Lawyer Names
What is your basis for search terms numbered 366-368: McCawley, Schultz and Boies? Likewise to the extent Mr. Edwards and Cassell are also included in the witness list, what is your basis for searching for documents referencing them? These search terms seemed designed to pull privileged attorney-client communications and do not correspond to any RFP. We will not agree to these terms.

Common Words
You have included a number of words that relate to common items and place names. Please explain which RFP allows for a search of the following terms:

50 – Southern District (which will pull up every attorney-client communication that refers to our case and includes any pleading)
51 – Palm Beach (a place our client lived for many years)
64 – New Mexico
66-72 – USVI by various names
113 – hospital
114 – 116 – hotel, suite, villa (every single travel record related to our client's travel which the Court has <u>not</u> ordered)
119 – 120 – Paris, France
121 – 122 – Zoro, Ranch
360 – Bed
361 – Bath
365 - Lingerie

Other Words
Many other words have no relationship to this case. Please advise me as to (a) which RFP they correspond to and (b) your good faith basis for seeking these search terms in relation to any such RFP:

93 – Abernathy
94 – Brillo
355 – Guggenheim
358 - Gerbil

4

Conferral
Although many of your other search terms are a tremendous stretch, I can agree to them in the interest of getting the search done on a timely basis. According to our forensic expert, running a search on Ms. Maxwell's devices of all 368 terms will take more than a week. I am available by telephone today and tomorrow to discuss the issues raised herein. If I do not hear from you, I will presume that you are in agreement to the remainder of the terms being run on the devices. That should allow a production of documents in time for Ms. Maxwell's continued deposition next week.

I am intentionally not taking a position regarding the other demands you provided in your letter of June 30 at pages 1-2. The searches will be conducted in accordance with standard practices in the industry and the Court ordered us to negotiate search terms only.

-Laura



**Laura A. Menninger**
**Haddon, Morgan and Foreman, P.C.**
**150 East 10th Avenue**
**Denver, Colorado 80203**
**Main 303.831.7364 FX 303.832.2628**
**lmenninger@hmflaw.com**
**www.hmflaw.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner. Thank you.