# EXHIBIT E

| | |
|---|---|
| **From:** | Meredith Schultz <mschultz@BSFLLP.com> |
| **Sent:** | Wednesday, July 20, 2016 11:24 AM |
| **To:** | Laura Menninger |
| **Cc:** | Sigrid McCawley; Jeff Pagliuca; Brad Edwards; Paul Cassell (cassellp@law.utah.edu) |
| **Subject:** | RE: Conferral regarding forensic search |
| | |
| **Follow Up Flag:** | Follow Up |
| **Flag Status:** | Flagged |

Laura,

Please see my additions in-line, **in black**, below to your email sent yesterday. My in-line communication should also be responsive to the email that you just sent. If I have left anything out, please let me know.

Thanks,

Meredith

Meredith L. Schultz
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4204
Fax: 954-356-0022
http://www.bsfllp.com

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Tuesday, July 19, 2016 1:33 PM
**To:** Meredith Schultz
**Subject:** RE: Giuffre - Conferral regarding search terms

Meredith:

I write to confirm our oral conferral. Please let me know if you disagree with the following or if there is some other agreement you think we reached:

1. I will endeavor to have my client gain access to an earthlink account that you believe is hers. Your basis for that belief is a disk you produced last week, obtained pursuant to a FOIA request, that contained at Page 2035 an address book from approximately 2005 which has that earthlink account name next to Ms. Maxwell's name. Please advise of the processes you are undertaking to access the account, and the process you undertook to ascertain that the mindspring account no longer exists.

2. Terramar – You have withdrawn that as a standalone search term. I have represented to you that we have searched all Terramar emails for otherwise responsive documents as well as ▮▮▮▮.

3. Witness names – You believe that search terms 124-341, which are witness names broken up into first and last names from your Rule 26 list, relate to your RFP number 5 ("All documents relating to massages..."). I represented to you that I have searched for the terms "massage," "masseur," "therapy" etc. as you requested,

1

but you would still like me to search a subset of 124-341 surnames names for all communications with certain witnesses that you believe relate to "massages." I said I would look at your list, when you send it, and evaluate whether we still object to running those more limited names to see if there are any communications that "relate to massages." I still object that the search terms involving names is too broad and burdensome for me to have to review all communications with those individuals to try to discern what you believe may or may not relate to a "massage."

I disagree with your objection that reviewing (and producing relevant) documents containing these discrete surnames is too broad a request or overly burdensome, particularly, as you have not presented any numbers of documents associated with those names, since you have not yet run the terms. Should one of the names somehow yield thousands of documents, please let me know, and I'm certain we can come to an agreement to adjust the term so as to not yield an unmanageable result. As it is, I would expect these discrete surnames to yield a reasonable number of "hits," as most are not common words (more on that below).

Per our conversation, there are a number of individuals who we have reason to believe were either:

(1) victims of the "massages;"
(2) witnesses the "massages" (including people who have knowledge of the "massages"); or
(3) perpetrators of the "massages," either by having a "massage" themselves, arranging for another to have a "massage," or by arranging for a girl to give a "massage" (either directly or through another girl).

The following are surnames of the aforementioned individuals, all of which are taken from the parties' Rule 26 disclosures. Individuals who possess the same last name will be represented once by the common name. Names enumerated in Plaintiff's individual requests are absent from this list pursuant to your representation that those names have been run. The vast majority of the surnames are fairly uncommon (e.g., ▮▮▮▮), therefore, I assume from the outset that any "hits" they yield will relate to the individual, and be limited in number. For those surnames are more common, or have other meanings (e.g., ▮▮▮▮), I have noted the full name for ease of reference. For those names, please use a reasonable, good-faith syntax to capture communications with those individuals -- ▮▮▮▮▮▮▮▮▮▮▮▮ Sometimes that takes some trial-and-error – I'm happy to be of any assistance with regard to that process. Please let me know what your syntax you ended up using for those terms.

- Alessi
- Biddle

- Brunel
- Casey (this is a sur-name to Caroly Casey)
- Chambers
- Cordero
- Cotrin
- Cousteau
- Davies
- DeGeorgieou
- Dionne
- Dubin
- Espinoza
- Farmer
- Ward
- Fekkai

2

- Figueroa
- Fontanilla
- Friedman
- Gibson-Butte
- Gramza
- Gany
- Grant
- Groff



- Hazel (surname of Claire Hazel)
- Harrison (surname of Shelley Harrison)
- Ignatieva



- Kovylina



- Liffman
- Lopez (surname of Cindy Lopez)
- Lutz
- Lynch (surname of Cheri Lynch)
- Meister
- Mellawa
- Minsky
- Mitrovich



- Mullen
- Pagano
- Paluga
- Peadon
- Pritzker
- Preece
- Rabuyo
- Rizzo
- Robson
- Ross (surname of Adriana)
- Mucinska (former surname of Adriana)
- Sjoberg
- Spamm
- Stein (surname of Cecilia)



- Valdes (surname of Cresenda)
- Vazquez
- Valenzuela
- Visosky
- Wexner
- Wild (surname of Courtney)
- Zinoview

4. Lawyer names – You have withdrawn.

3

5. Common words – You have withdrawn with the exception of "lingerie," which I will run to see if it relates in some way to RFP 5 ("massages").

6. Other words –
   a. You have withdrawn #93 Abernathy and #94 Brillo.
   b. I maintain my objection to Guggenheim, the name of a museum which you represented to me pertains in some way to allegations made by witnesses Farmer, but for which no documents or other information has been shared (i.e., I have never seen any allegations by witnesses Farmer). Because there is no RFP to which I believe that term relates, and it is the name of a museum, I object to running that search term.
   c. Gerbil – You have withdrawn.

7. Additionally:
   a. I advised you that I was not able to search for ▇▇▇▇ because those letters are the first part of my client's longstanding email address, and search for that term will yield literally every single email she has sent or received. I believe you have withdrawn that requested search term.
   b. I advised you that I was not able to search for initials at #16-21 and 75-77. To the extent those initials represent people from whom you have requested all communications (and which the Court has limited to 1999-2002 and post-2002 as they relate to sex trafficking), for example, Jeffrey Epstein, Prince Andrew, I am searching for and producing responsive documents, so there is no need to search for the initials. With regards to ▇, you told me that is "▇▇▇▇▇ and there is no standalone request for communications with her.

-Laura

Additionally, please inform me what steps you have taken to ascertain that the ▇▇▇▇▇▇▇▇ is no longer in existence. Similarly, please keep me informed of your steps to access the ▇▇▇▇▇▇ Please pursue all available avenues to access those accounts, as Ms. Giuffre did with regard to her email accounts.

Finally, Ms. Maxwell's produced documents that indicate that she has an iPad, etc. Please confirm that you have imaged her iPad as well as her phone in order to obtain the data from both (text messages, etc.).

One last thing - it occurred to me that in our discussion of terms that were run/not run and to be run/and not to be run, I don't believe we discussed the terms containing individuals' email account addresses, specifically Mr. Epstein and Mr. Dershowitz. (If we did discuss that, apologies for my lack of memory). Please confirm that you have run the terms associated with their email addresses. Specifically, these were the terms:

1) jeevacation*
2) j* w/2 *jep*
3) j* w/2 *jeep*
4) dersh*
5) law.harvard.edu*
6) alandersh*

Please let me know if you have any questions. Please treat this email as confidential under the Protective Order as it contains the names of underage victims of sexual abuse.

Thank you,

4

Meredith

Meredith L. Schultz
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011 ext. 4204
Fax: 954-356-0022
http://www.bsfllp.com

---

**From:** Laura Menninger [mailto:lmenninger@hmflaw.com]
**Sent:** Wednesday, July 20, 2016 1:01 PM
**To:** Meredith Schultz
**Cc:** Sigrid McCawley; Jeff Pagliuca; Brad Edwards; Paul Cassell (cassellp@law.utah.edu)
**Subject:** Conferral regarding forensic search

Meredith –

Apart from (i) the list of witness names you believe might be associated with the term "massage" ("massage" and related terms that you requested have been searched), (ii) the word "lingerie", and (iii) [REDACTED] we have completed the forensic copy, search, retrieval and review of all hits on our client's devices and email accounts as directed by the Court based on agreed to search terms, including those agreed to in our conferral yesterday.

After review of more than 9,000 documents and files containing your search terms, the only documents located not previously produced are 6 *privileged* documents which we will add to our log. We also located a number of privileged communications between our client and myself following the onset of litigation in this case which will not be logged consistent with both parties' agreed to practice. As predicted, no responsive non-privileged documents resulted from the exercise.

I will keep you apprised of the results of the "lingerie" and status of ability to access the [REDACTED] account. If you want me to consider running additional witness names because you believe those people may relate to RFP 5 regarding "massages", please forward those names to me and your basis.

-Laura

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]