# EXHIBIT B

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

# United States District Court
# Southern District of New York

Virginia L. Giuffre,

        Plaintiff,                         Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION AND DEFENDANT'S INTERROGATORIES, PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, Plaintiff hereby serves her responses and objections to Defendant's Second Set of Discovery Requests and serves her Answers to Defendant's Requests for Admission.

**GENERAL OBJECTIONS**

Defendant's Discovery Requests violate Rule 33, Fed. R. Civ. P., which provides "a party may serve on any other party no more than 25 interrogatories, including all discrete subparts" – in that Defendant has served a total of 59 interrogatories in this case, including subparts, in violation of Rule 33.

Ms. Giuffre objects to Defendant's Second Set of Discovery Requests to the extent they seek information that is protected by any applicable privilege, including but not limited to, attorney client privilege, work product privilege, joint defense privilege, public interest privilege, and any other applicable privilege.

1

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ms. Giuffre objects to the requests to the extent Defendant's Second Set of Discovery Requests call for the production of documents or information that is already in the possession, custody, or control of the Defendant.  Ms. Giuffre further objects to the requests to the extent that Defendant's Second Set of Discovery Requests are duplicative of documents and information that can equally or more readily be obtained by the Defendant.

Ms. Giuffre objects to the requests to the extent that they seek documents that are not relevant, material, or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre further objects because Defendant's Second Set of Requests for Production seeks documents that are in no way limited to their relation to this case.  Indeed, they seek documents that are not important to resolving the issues; documents that are not relevant to any party's claim or defense; and documents that are not proportional to the needs of the case. Such requests would create a heavy burden on Ms. Giuffre that outweighs any benefit.  Such discovery is prohibited by the Federal Rules of Civil Procedure, particularly under the 2015 amendments to Rule 26(b)(1), Fed. R. Civ. P., and is wholly inappropriate.

Ms. Giuffre objects to the requests to the extent that they are overly broad and unduly burdensome, as individually logging all privileged responsive documents would be overly burdensome. Plaintiff contends that requests targeting such privileged information are overly broad under Rule 26(b)(1), Fed. R. Civ. P.  Specifically, Ms. Giuffre objects to the requests as overly burdensome to the extent that they would require logging voluminous and ever-increasing privileged communications between Ms. Giuffre and her counsel after the date litigation commenced on September 21, 2015.  Ms. Giuffre additionally objects to the requests as overly burdensome to the extent that they would require logging voluminous privileged documents between Ms. Giuffre and her counsel related to *Jane Doe #1 and Jane Doe #2 v. United States*,

2

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Case no. 08-80736 CIV-Marra, pending in the Southern District of Florida; *Bradley Edwards and Paul Cassell v. Alan Dershowitz*, Case no. CACE 15-000072, from the Seventeenth Judicial Circuit, Broward County, Florida; and *Jane Doe No. 102 v. Jeffrey Epstein*, Case No. 09-80656-CIV-Marra/Johnson (Southern District of Florida). Accordingly, due to the undue burden of individually logging responsive privileged documents related to Defendant's overly broad requests, Plaintiff has employed categorical logging of such privileged responsive documents pursuant to Local Civil Rule 26.2(c).

Ms. Giuffre objects to the requests in that they seek to invade her privacy for the sole purpose of harassing and intimidating Ms. Giuffre who was a minor victim of sexual trafficking.

Ms. Giuffre objects to the requests to the extent they are overly broad and unduly burdensome.

Ms. Giuffre's responses to Defendant's Second Set of Discovery Requests as being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to her.  Ms. Giuffre reserves the right to modify and/or supplement her responses.  Ms. Giuffre has produced documents and information in response to these Requests.

Ms. Giuffre incorporates her above-listed general objections in the responses herein.

**<u>INTERROGATORIES</u>**

5.      Identify each Communication that You or Your Attorneys have had with any author, reporter, correspondent, columnist, writer, commentator, investigative journalist, photojournalist, newspaper person, freelance reporter, stringer, or any other employee of any media organization or independent consultant to the same, including:

a.   the date of any such Communication;

3

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

    b.   the form of any such Communication, whether oral or written and if written, the format of any such Communication;

    c.   the identities of all persons involved in such Communication, including, the identity of the media organization with whom the agent is or was affiliated;

    d.   the article title, date of publication, and means of publication of any article, report, or re-printing of any such Communication made by You or Your Attorneys;

    e.   the amount of Income that You and/or Your Attorneys received in exchange for any such Communication;

    f.   the dates on which You and/or Your Attorneys received any such Income for any such Communication.

**Response to Interrogatory No. 5**:

Ms. Giuffre objects to this interrogatory in that it violates Rule 33 as its subparts, in combination with the other interrogatories, exceed the allowable twenty-five interrogatories. Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, work product protections, and any other applicable privilege or protection as stated in the General Objections.

Ms. Giuffre further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time, manner, or subject matter. The request is grossly over broad in that it does not require the communication to have *any connection* with Ms. Giuffre or this case whatsoever. Indeed, a response to this interrogatory would require each of Ms. Giuffre's attorneys to research and find any communication they *have ever had* with a journalist, for every year of their practice, regardless of what case was involved, and regardless of what year the communication was made. Ms. Giuffre's attorney's, collectively, have worked

4

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

on hundreds (if not thousands) of matters, and collectively have well over 100 years of combined practice experience. Accordingly, a request that each of these attorneys list *all communications with the media* is facially overbroad.

Additionally, Ms. Giuffre objects to this Interrogatory because a response would cause Ms. Giuffre the incredible and undue burden of having to catalogue literally hundreds of communications that she has already produced in this case.

Moreover, Ms. Giuffre objects because this interrogatory calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Communications with the media regarding cases that bear no relation to the subject matter of this case, from decades in the past, are facially invalid and not calculated to lead to the discovery of admissible evidence.

Ms. Giuffre additionally objects to the extent that this interrogatory seeks the communications of her attorneys, any author, reporter, correspondent, columnist, writer, commentator, investigative journalist, photojournalist, newspaper person, freelance reporter, stringer, or any other employee of any media organization or independent consultant as such interrogatory is overly broad and unduly burdensome. Furthermore, Ms. Giuffre is not obligated to produce anything currently in the possession of Defendant Maxwell or her attorneys.

Notwithstanding such objections, Ms. Giuffre has already produced her responsive communications, which are found in documents Bates labelled GIUFFRE000001 to GIUFFRE007566.

6.     Identify any "false statements" attributed to Ghislaine Maxwell which were "published globally, including within the Southern District of New York" as You contend in paragraph 9 of Count I of Your Complaint, including:

5

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

    a.  the exact false statement;

    b.  the date of its publication;

    c.  the publishing entity and title of any publication containing the purportedly false statement;

    d.  the URL or internet address for any internet version of such publication; and the nature of the publication, whether in print, internet, broadcast or some other form of media.

**Response to Interrogatory No. 6**:

Ms. Giuffre objects because the information interrogatory above *is in the possession of Defendant* who has failed to comply with her production obligations in this matter, and has failed to comply with her production obligations with this very subject matter. *See* Document Request No. 17 from Ms. Giuffre's Second Request for Production of Documents to Defendant Ghislaine Maxwell.[1] Maxwell has not produced all "URL or Internet addresses for any internet version of such publication" that she directed her agent, Ross Gow, to send.

---

[1] Request No. 17 stated: Produce all documents concerning any statement made by You or on Your behalf to the press or any other group or individual, including draft statements, concerning Ms. Giuffre, by You, Ross Gow, or any other individual, from 2005 to the present, including the dates of any publications, and if published online, the Uniform Resource Identifier (URL) address. In response, Defendant stated: "Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative. Ms. Maxwell also objects to this Request to the extent it calls for information that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege. Ms. Maxwell is not producing documents that are available in the public domain. Ms. Maxwell has been unable to locate any additional documents responsive to this Request."

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ms. Giuffre further objects because the information requested above *is in the possession of Defendant's agent*, who caused the false statements to be issued to various media outlets. Ms. Giuffre has not had the opportunity to depose Maxwell's agent Ross Gow; therefore, this answer remains incomplete.  Consequently, Ms. Giuffre reserves the right to modify and/or supplement her responses, as information is largely in the possession of the Defendant and her agent.

Ms. Giuffre objects to this interrogatory in that it violates Rule 33 as its subparts, in combination with the other interrogatories, exceed the allowable twenty-five interrogatories. Ms. Giuffre objects to this request because it is in the public domain. Ms. Giuffre also objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections.

Notwithstanding such objections, Ms. Giuffre has already produced documents responsive to this request; Bates labelled GIUFFRE000001 to GIUFFRE007566, and supplements such responsive documents with the following list of publications. While the identification of an exhaustive responsive list would be unduly burdensome, in an effort to make a good faith effort towards compliance, Ms. Giuffre provides the following examples, which are incomplete based on the aforementioned reasons:

| Date | Nature | Publishing Entity | Statement/URL |
|------|--------|-------------------|---------------|
| January 2, 2015 | Internet | Ross Gow | Jane Doe 3 is Virginia Roberts - so not a new individual. The allegations made by Victoria Roberts against Ghislaine Maxwell are untrue. The original allegations are not new and have been fully responded to and shown to be untrue.<br><br>Each time the story is re told it changes with new salacious details about public figures and world leaders and now it is alleged by Ms. Roberts that Alan Dershowitz is involved in having sexual relations with her, which he denies.<br><br>Ms. Roberts's claims are obvious lies and should be treated as such and not publicized as news, as they are defamatory.<br><br>Ghislaine Maxwell's original response to the lies and defamatory claims remains the same.  Maxwell strongly denies allegations of an unsavoury nature, which have appeared in the British press and elsewhere and reserves her right to seek redress at |

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

| | | | the repetition of such old defamatory claims. |
|---|---|---|---|
| January 3, 2015 | Internet | Telegraph | http://www.telegraph.co.uk/news/uknews/theroyalfamily/11323872/Prince-Andrew-denies-having-relations-with-sex-slave-girl.html |
| January 4, 2015 | Internet | Express | http://www.express.co.uk/news/world/550085/Ghislaine-Maxwell-Jeffrey-Epstein-not-madam-paedophile-Florida-court-case-Prince-Andrew |
| January 3, 2015 | Internet | Daily Mail | http://www.dailymail.co.uk/news/article-2895366/Prince-Andrew-lobbied-government-easy-Jeffrey-Epstein-Palace-denies-claims-royal-tried-use-influence-help-billionaire-paedophile-2008-police-probe.html |
| January 3, 2015 | Internet | Huffington Post | http://www.huffingtonpost.co.uk/2015/01/03/duke-of-york-sex-abuse-claims_n_6409508.html |
| January 4, 2015 | Internet | Jewish News Online | http://www.jewishnews.co.uk/dershowitz-nothing-prince-andrews-sex-scandal/ |
| January 2, 2015 | Internet | Bolton News | http://www.theboltonnews.co.uk/news/national/11700192.Palace_denies_Andrew_sex_case_claim/ |
| January 5, 2015 | Internet / Broadcast | NY Daily News | http://www.nydailynews.com/news/world/alleged-madame-accused-supplying-prince-andrew-article-1.2065505 |
| January 5, 2015 | Internet / Broadcast | AOL UK | http://www.aol.co.uk/video/ghislaine-maxwell-declines-to-comment-on-prince-andrew-allegations-518587500/ |

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

7.     State whether You believe that You have ever been defamed by anyone other than Ghislaine Maxwell.  If so, as to each alleged act of Defamation, state

a. the exact false statement;

b.   the date of its publication;

c.   the publishing entity and title of any publication containing the purportedly false statement;

d.   the URL or internet address for any internet version of such publication; and

e.   the nature of the publication, whether in print, internet, broadcast or some other form of media.

**Response to Interrogatory No. 7**:

Ms. Giuffre objects to this interrogatory in that it violates Rule 33 as its subparts, in combination with the other interrogatories, exceed the allowable twenty-five interrogatories. Ms. Giuffre also objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections.

Without waiving the aforementioned objections, Alan Dershowitz published statements about Ms. Giuffre in January 2015 and thereafter that remain in the public realm.  Ms. Giuffre does not have knowledge as to every time and place that she was defamed by Dershowitz, and she is not required to provide such an exhaustive list as all relevant instances of defamation are available through public sources, and identification of the numerous publically made statements would be unduly burdensome.  Furthermore, upon information and belief, all defamatory statements made towards Ms. Giuffre by Dershowitz are within the knowledge and possession of Maxwell and her attorneys or can be easily obtained by contacting Dershowitz.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

8.      Identify the individuals referenced in Your pleadings filed in the U.S. District Court for the Southern District of Florida, *Jane Doe I and Jane Doe 2 v. United States of America*, 08-cv-80736-KAM, as the "high-profile non-party individuals" to whom Mr. Jeffrey Epstein sexually trafficked You, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," including as to each episode of alleged sexual trafficking:

     a.  the date of any such sexual trafficking;

     b.  the location of any such sexual trafficking;

     c.  any witnesses to any such sexual trafficking;

     d.  any Income You received in exchange for such sexual trafficking; and

     e.  any Documents You have to support or corroborate Your claim of such sexual trafficking.

**<u>Response to Interrogatory No. 8</u>**:

Ms. Giuffre objects to this interrogatory in that it violates Rule 33 as its subparts, in combination with the other interrogatories, exceed the allowable twenty-five interrogatories.  Ms. Giuffre also objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections.

Ms. Giuffre refers to the list of witnesses identified in her Revised Rule 26 Disclosures. Also, notwithstanding previously-noted objections, Ms. Giuffre testified in *Edwards v. Cassell*, Broward County Case Number CACE 15-000072 on January 16, 2016, regarding the subject matter requested.  *See* GIUFFRE005094- GIUFFRE007566.  Ms. Giuffre additionally testified regarding the subject matter requested in this interrogatory on in the above-captioned case in her deposition on May 3, 2016. Additionally, Ms. Giuffre was trafficked to other individuals whose name she never learned or whose names she does not remember.  Identification of any other

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

individuals would be irrelevant and unduly burdensome.  Moreover, as specifically provided in

Rule 33.3(b), "[d]uring discovery, interrogatories other than those seeking information described

in paragraph (a) [] may only be served (1) if they are a more practical method of obtaining the

information sought than a request for production or a deposition or (2) if ordered by the Court."

Because Ms. Giuffre has provided an answer to this interrogatory in her deposition, which was a

more practical method of obtaining the information sought, this interrogatory is improper under

the Local Rules as well as wholly duplicative.

> 11.     Identify any facts upon which You base Your contention that You have suffered

as a result of the Alleged Defamation by Ghislaine Maxwell "past and future lost wages and past

and future loss of earning capacity and actual earnings – precise amounts yet to be computed, but

not less than $5,000,000."

**Response to Interrogatory No. 11**:

Ms. Giuffre objects to this interrogatory in that it violates Rule 33 as it, in combination

with the other interrogatories, exceed the allowable twenty-five interrogatories.  Ms. Giuffre also

objects in that it seeks information protected by the attorney-client/work product privilege, and

any other applicable privilege stated in the General Objections.

Ms. Giuffre incorporates by reference herein her Revised Rule 26 disclosures.  Notably,

Ms. Giuffre's Rule 26 disclosures have been revised to reflect that she is not seeking a specific

monetary damage in the form of a specific lost wage claim.

> 13.     Identify any Health Care Provider from whom You received any treatment for any

physical, mental or emotional condition, including addiction to alcohol, prescription or illegal

drugs, that You suffered from prior to the Alleged Defamation by Ghislaine Maxwell, including:

> a.   the Health Care Provider's name, address, and telephone number;

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

b.  the type of consultation, examination, or treatment provided;

c.  the dates You received consultation, examination, or treatment;

d.  whether such treatment was on an in-patient or out-patient basis;

e.  the medical expenses to date;

g.  whether health insurance or some other person or organization or entity has paid for the medical expenses; and

h.  For each such Health Care Provider, please execute the medical and mental health records release attached hereto as Exhibit A.

**<u>Response to Interrogatory No. 13</u>**:

Ms. Giuffre objects to this interrogatory because it violates this Court's Order. The Court has excluded the production of medical records from prior to 1999, stating, "the damage issue relates, in my view, solely to the defamation." (April 21, 2016, Hearing Transcript at 20:23-24). This holding applies to pre-1999 medical records. As this interrogatory is not limited to the time period ordered by this Court, Ms. Giuffre objects.

Ms. Giuffre objects to this interrogatory in that it is overbroad and not limited in scope to the medical information relating to the abuse she suffered from Defendant and Jeffrey Epstein.

Ms. Giuffre objects because Rule 26 does not allow discovery that is so burdensome as to require a Herculean effort by an adult to track down every possible prescription ever written for Ms. Giuffre, or every physician who ever treated Ms. Giuffre, even as a small child. Such a request is not only impractical and unduly burdensome, but likely impossible. Accordingly, such an interrogatory is merely for the purpose of imposing a burden on Ms. Giuffre and her attorneys, not to mention the purposes of harassment.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Pursuant to the Rules, if requested documents are not yielded in a "reasonable inquiry," Ms. Giuffre is not obligated to expend all of her time and resources on a quest to gather medical files from her birth to the present to find any prescriptions ever written for her for anything at all. *See, e.g., Manessis v. New York City Dep't of Trans*p., No. 02 CIV. 359SASDF, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (concluding that "ability to pursue discovery regarding [plaintiff's] medical records should be limited in some manner"); *Evanko v. Electronic Systems Assoc., Inc.*, No. 91 Civ. 2851, 1993 WL 14458 at *2 (S.D.N.Y. Jan. 8, 1993) (applying the New York state physician-patient privilege, and holding that where plaintiff claimed that she suffered emotional distress, defendants did not have "a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress," including plaintiff's medical records); *Wachtman v. Trocaire College*, 532 N.Y.S.2d 943, 944 (N.Y. App. Div. 1988) (holding that the scope of a waiver of the physician-patient privilege in personal injury cases is "limited and does not permit discovery of information involving unrelated illnesses and treatment"); *Sgambellone v. Wheatley*, 165 Misc.2d 954, 958, 630 N.Y.S.2d 835, 838 (N.Y. Sup.Ct. 1995) (holding that in a personal injury action, plaintiff's waiver of the physician-patient privilege "is not a wholesale waiver of all information about the plaintiff's entire physical and mental conditions but a waiver *only* of the physical and/or mental condition that is affirmatively placed in controversy") (emphasis in original).

Finally, Ms. Giuffre objects in that it seeks information protected by the doctor-patient privilege, and any other applicable privilege stated in the General Objections.  Ms. Giuffre further objects to this interrogatory in that it violates Rule 33 as its subparts, in combination with the other interrogatories, exceed the allowable twenty-five interrogatories. Ms. Giuffre further

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

objects to this request in that it is overbroad and seeks confidential medical information of a sex abuse victim and is not limited in scope to the issues in this case.

Without waiving such objections, Ms. Giuffre has already produced her responsive documents Bates labelled GIUFFRE000001 to GIUFFRE007566, and supplements such documents as follows:

| MEDICAL PROVIDER | HEALTHCARE PROVIDED | ACTION TAKEN | RELATED GIUFFRE PRODUCTION |
|---|---|---|---|
| Dr. Olsen | ███████████████ | 3/8/16 Letter Request | Giuffre005342-005346          St. Thomas More Hospital Records (Dr. Olsen) Giuffre005492-005496          St. Thomas More Hospital Records (Dr. Olsen) |
| Centura Health | ████████████████ ███████████ | 5/23/16 Letter Request | Giuffre005498          Centura Health Release Form (All Medical Records) Giuffre005501-005569 Responsive Records (Centura Health) |
| Dr. Carol Hayek | ███████ | 3/8/16 Ltr Request 4/28/16 Ltr Request | Giuffre and counsel contacted physician's office via telephone and email to follow up. |
| Dr. Chris Donahue | ████████████ | 4/5/16 Ltr Request | Giuffre 006631-006635 (Dr. Donahue) |
| Dr. John Harris/Dr. Majliyana | ██████████ █████████ ████████ ████████████ ████████████ █████████ ██████████ | 4/5/16 Ltr Request | Giuffre005315          005322          The Entrance Medical Centre (Dr. John Harris and Dr. Darshanee Mahaliyana) |
| Dr. Wah Wah | █████████ | 4/5/16 Ltr Request | Giuffre005339          005341          Central Coast Family Medicine (Dr. Wah Wah) |
| Dr. Sellathuri | ████████████ ██████ | 4/5/16 Ltr | Giuffre005089          005091          ("Dr. M. Sella") |

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

| MEDICAL PROVIDER | HEALTHCARE PROVIDED | ACTION TAKEN | RELATED GIUFFRE PRODUCTION |
|---|---|---|---|
| | | Request | |
| Royal Oaks Medical Center | ███████████ | 4/5/16 Ltr Request | Giuffre005347        005349        Royal Oaks Medical Center's Response (No Records) |
| NY Presbyterian Hospital | ███████████ ███████████ ███████████ | Produced | Giuffre003258        003290 New York Presbyterian Hospital |
| Campbelltown Hospital/ Sydney West Hospital | █████████ ███████████ ███████████ ██████ | Produced | Giuffre003193        003241        Camselltown Hospital/Camden Hospital (Dr. Elbeaini) Giuffre003242        003257        Macarthur Health Service (Dr. Elbeaini) |
| Sydney West Hospital / Westmead Hospital | ███████████ █████████ | Produced | Giuffre 003291-003298 Sydney West/Westmead Hospital |
| Dr. Karen Kutikoff | | Release Provided to Defendant's Counsel | 04/29/16 Sent via e-mail signed release to Menninger (obtain records directly). |
| Wellington Imaging Associates | | Release Provided to Defendant's Counsel | 04/29/16 Sent via e-mail signed release to Menninger (obtain records directly). |
| Growing Together | | Release Provided to Defendant's Counsel | 04/29/16 Sent via e-mail signed release to Menninger (obtain records directly). |
| Ms. Judith Lightfoot | █████████ | 5/4/16 Ltr Request | Giuffre 005431-005438        Medical Release Form with documents (Ms. Lightfoot) Giuffre006636 Correspondence stating no further records available. |
| Dr. Mona Devanesan | ███████████ ████ | 3/28/16 Ltr | Evidence of efforts to obtain records and of Dr. Devanesan's retirement were |

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

| MEDICAL PROVIDER | HEALTHCARE PROVIDED | ACTION TAKEN | RELATED GIUFFRE PRODUCTION |
|---|---|---|---|
| | | Request | produced as GIUFFRE005335-5338. |
| Dr. Scott Robert Geiger | ███████ | ER Treating Physician | Giuffre 005498-005569 Centura Health Medical Release Form (Requested Entire Medical Record) |
| Dr. Joseph Heaney | ███████ | ER Treating Physician | Giuffre 005498-005569 Centura Health Medical Release Form (Requested Entire Medical Record) |
| Donna Oliver, PA | ███████ | ER Treating Physician Referral ENT | Giuffre 005498-005569 Centura Health Medical Release Form (Requested Entire Medical Record) |
| Dr. Michele Streeter | ███████ | ER Treating Physician | Giuffre 005498-005569 Centura Health Medical Release Form (Requested Entire Medical Record) |

The records in the chart above bear the date of treatment, the type of treatment, and indicate whether the treatment was inpatient or outpatient. Ms. Giuffre is not certain as to her the sum of her medical expenses from 1999 to the present, and therefore is unable to answer that subpart. Ms. Giuffre is not aware of what health insurance carrier or other organization paid for her historical medical expenses unless it is identified on the records produced to the Defendant. Subpart (h) is an inappropriate interrogatory; however, for each provider listed above, Ms. Giuffre already submitted medical releases for all records related to Ms. Giuffre.

14.     Identify any Person who You believe subjected You to, or with whom You engaged in, any illegal or inappropriate sexual contact, conduct or assault prior to June 1999, including the names of the individuals involved, the dates of any such illegal or inappropriate sexual contact, conduct or assault, whether Income was received by You or anyone else concerning such event, whether a police report was ever filed concerning such event and the outcome of any such case, as well as the address and location of any such event.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

**Response to Interrogatory No. 14**:

Ms. Giuffre objects to this request in that it is overbroad and invades Ms. Giuffre right to privacy (including her constitutionally-protected right of privacy) by seeking confidential information relating to the sexual abuse of a minor sex abuse victim. Ms. Giuffre objects to this request in that it seeks sexual assault information for a period prior to the sexual abuse at issue in this matter, and for a period when she was a minor child. The Court has excluded the production of medical records from prior to 1999, stating, "the damage issue relates, in my view, solely to the defamation." (April 21, 2016, Hearing Transcript at 20:23-24). This holding applies equally to pre-1999 sexual assault for two reasons. First, sexual assault is not only a crime, but a physical injury, and an injury for which medical treatment is needed and for which a forensic medical exam is often performed. Accordingly, any documentation of sexual assault is necessarily akin to a medical record, and therefore precluded under the Court's April 21, 2016 Order. Furthermore, this Court's holding likely expands specifically to sexual abuse and assault prior to 1999, because the holding was in response to the following argument from Ms. Menninger: "She has also alleged, for example, that many, several, three, I think, at last count, or four individuals had sexually abused her prior to ever meeting Mr. Epstein." (April 21, 2016, Hearing Transcript at 11:24-12:2).

Additionally, it has become increasingly clear that Defendant's counsel is seeking these documents for the improper purpose of harassment as part of Defendant's counsel's campaign to blame the victim and make Ms. Giuffre (who was 15 years old or younger at the time of the requested documents). Maxwell's counsel has used offensive language in this proceeding at every turn. First, Ms. Menninger called Ms. Giuffre a "professional victim" in open court. (January 14, 2016 Hearing Transcript at 5:9). Then, Mr. Pagliuca stated that Ms. Giuffre "cried

17

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

rape" in reference to police reports describing incidents that took place when Ms. Giuffre was *fourteen years old*. (March 21, 2016, meet and confer call). Then, Defendant's responses to Ms. Giuffre's interrogatories shockingly called this victim of sexual abuse a "sexually permissive woman." (Defendant's Response to Plaintiff's First Set of Interrogatories). This last blame-the-victim contention is strange and ironic for two reasons. First, Ms. Giuffre was a minor child, not a "woman," when Defendant sexually abused her. Second, it was Defendant and Mr. Epstein who trafficked her to other individuals - therefore, it was Defendant and Mr. Epstein's "permission" given to others to use Ms. Giuffre's sexually. Such language from Defendant and her counsel is wholly inappropriate.

Ms. Giuffre also objects to this request because such events would have taken place in Florida, and information relating to those events is protected from disclosure by law. Florida statutes protect "[a]ny information in a videotaped statement of a minor who is alleged to be or who is a victim of sexual battery . . . which reveals that minor's identity." Fla. Stat. § 119.071. Additionally, Fla. Stat. 985.036 protects records where a juvenile is a victim of a crime. Further, Section 794.026, Fla. Stat., creates a civil right of action against an individual who communicates to others, identifying information concerning the victim of a sexual offense. Additionally, Second, Fla. Stat. § 985.04 and Fla. Stat. § 985.054 make juvenile law enforcement records confidential from members of the public, and states that information obtained by a law enforcement agent participating in the assessment of a juvenile is confidential. Finally, certain of the police reports implicate Ms. Giuffre's involvement with the Florida Department of Children and Families, *see e.g.*, GM_00750, and if such reports are part of the State's Department of Children and Families' records, they are confidential pursuant to Fla. Stat. § 39.202(6). Accordingly, Ms. Giuffre objects to this request for the reasons stated in this paragraph.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ms. Giuffre additionally objects to this request in that it is sought solely to harass, and intimidate Ms. Giuffre who is a victim of sexual abuse by the Defendant. Ms. Giuffre objects on the basis that Defendant is not entitled to a full-scale production of everything that has happened throughout the entire course of her life time, particularly the time sought in this request which predates Defendant's meeting and abuse of Ms. Giuffre. A victim of sexual abuse should not be re-abused by having to disclose events that occurred prior to the time that she was sexually abused by Maxwell and her co-conspirators.

Furthermore, discovery concerning Ms. Giuffre's prior sexual assault is not relevant to the claim at issue in this case, the defenses at issue, or the damages claimed, and therefore well outside the scope of discovery permitted by Fed. R. Civ. P. 26. Specifically, Ms. Giuffre's sexual abuse as minor child neither proves nor disproves Defendant and Epstein's sexual abuse; therefore, it is not within the scope of discovery permitted by Fed. R. Civ. P. 26, particularly since the December 1, 2015, amendments to the Rule. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Giving testimony on such irrelevant, but painful, topics would be extraordinarily embarrassing, oppressive, and traumatic for Ms. Giuffre, and it is wholly irrelevant to any party's claim or defense. Accordingly, such discovery is not sought in good faith.

This request is particularly improper as it cannot conceivably lead to admissible evidence. While Federal Rule of Civil Procedure 26 controls the limits of discovery, FRE 412

19

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

informs discovery over the boundaries of the proper inquiry into an alleged sexual assault

victim's sexual conduct and history. *Silva v. Pioneer Janitorial Servs., Inc*., No. CIV.A. 10-

11264-JGD, 2011 WL 4729783, at *1 (D. Mass. Oct. 4, 2011). *See also Gibbons v. Food Lion,*

*Inc.,* No. 98–1197–CIV–T–23F, 1999 WL 33226474, at *2 (M.D. Fla. Feb.19, 1999) (stating that

a majority of courts that have considered whether Fed. R. Evid. 412 is applicable to discovery

"have found that Rule 412 has significance in the resolution of a discovery dispute").

    "As explained in the Advisory Committee Notes regarding the 1994 amendments to Rule

412, '[t]he rule aims to safeguard the alleged victim against the invasion of privacy, potential

embarrassment and sexual stereotyping that is associated with public disclosure of intimate

sexual details and the infusion of sexual innuendo into the factfinding process.' Moreover,

although the Advisory Committee Notes acknowledge that the procedures set forth in the Rule

for determining the admissibility of evidence relating to an alleged victim's past sexual conduct

or predisposition do not apply to discovery, they nevertheless provide as follows:

> In order not to undermine the rationale of Rule 412 ... ***courts should enter appropriate orders pursuant to Fed.R.Civ.P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery.*** In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant.

Silva, 2011 WL 4729783, at *1. (emphasis added). Accordingly, Ms. Giuffre objects to this

request based on the Federal Rules of Evidence and prevailing case law applying such Rules.

    Ms. Giuffre objects to this interrogatory in that it violates Rule 33 as it, in combination

with the other interrogatories, exceed the allowable twenty-five interrogatories. Ms. Giuffre

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections.

Additionally, to the extent that it is available to Ms. Giuffre, all of this information is already in the possession of Maxwell as she obtained and produced police reports regarding Ms. Giuffre, which Ms. Giuffre did not have in her possession. Ms. Giuffre was also questioned for seven hours in her May 3, 2016, deposition by Defendant's attorney. Finally, where a party possesses records and documents obtained or generated illegally, the court has the equitable power to vindicate and protect the rights of the parties affected. *Socialist Workers Party v. Attorney Gen. of U.S.*, 666 F. Supp. 621, 623 (S.D.N.Y. 1987). For all of the foregoing reasons, Ms. Giuffre objects to this request.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

**REQUESTS FOR ADMISSION**

1.      Admit that you were not 15 years old when you first met Ghislaine Maxwell.

**Response to Request For Admission No. 1**:

Denied in part. At the time Ms. Giuffre made the statement, many years after the events occurred, she firmly believed she was 15 years old when she was recruited away from her job at Mar-a-Lago by Ghislaine Maxwell.  She later obtained some records from Mar-a-Lago which indicated that she was employed there during the year 2000.  From January, 2000 through August 9, 2000, she was 16 years old; from August 9, 2000 through December 2000 she was 17 years old.  While she now knows, based on this discovery, that she was not 15 years old, she now has conclusive proof that she was an underage minor when Ghislaine Maxwell approached her, recruited her, introduced her to Jeffrey Epstein, and sexually trafficked her as an underage minor.

2.      Admit that you were not 15 years old when you first met Jeffrey Epstein.

**Response to Request For Admission No. 2**:

Denied in part. At the time Ms. Giuffre made the statement, many years after the events occurred, she firmly believed she was 15 years old when she was recruited away from her job at Mar-a-Lago by Ghislaine Maxwell.  She later obtained some records from Mar-a-Lago which indicated that she was employed there during the year 2000.  From January, 2000 through August 9, 2000, she was 16 years old; from august 9, 2000 through December 2000 she was 17 years old.  While she now knows, based on this discovery, that she was not 15 years old, she now has conclusive proof that she was an underage minor when Ghislaine Maxwell approached her, recruited her, introduced her to Jeffrey Epstein, and sexually trafficked her as an underage minor.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

3.      Admit that you were not 15 years old at the time you claim you were sexually trafficked by Jeffrey Epstein.

**<u>Response to Request For Admission No. 3</u>**:

Denied in part. At the time Ms. Giuffre made the statement, many years after the events occurred, she firmly believed she was 15 years old when she was recruited away from her job at Mar-a-Lago by Ghislaine Maxwell.  She later obtained some records from Mar-a-Lago which indicated that she was employed there during the year 2000.  From January, 2000 through August 9, 2000, she was 16 years old; from August 9, 2000 through December 2000 she was 17 years old.  While she now knows, based on this discovery, that she was not 15 years old, she now has conclusive proof that she was an underage minor when Ghislaine Maxwell approached her, recruited her, introduced her to Jeffrey Epstein, and sexually trafficked her as an underage minor.

4.      Admit that Ghislaine Maxwell did not celebrate your 16th birthday with You.

**<u>Response to Request For Admission No. 4</u>**:

Denied in part. At the time Ms. Giuffre made the statement, many years after the events occurred, she firmly believed she was 15 years old when she was recruited away from her job at Mar-a-Lago by Ghislaine Maxwell.  She later obtained some records from Mar-a-Lago which indicated that she was employed there during the year 2000.  From January, 2000 through August 9, 2000, she was 16 years old; from August 9, 2000 through December 2000 she was 17 years old.  While she now knows, based on this discovery, that she was not 15 years old, she now has conclusive proof that she was an underage minor when Ghislaine Maxwell approached her, recruited her, introduced her to Jeffrey Epstein, and sexually trafficked her as an underage minor. While she now knows, based on this discovery, that it could not have been her 16th birthday that Ghislaine celebrated, she now has conclusive proof that she was an underage minor when

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ghislaine Maxwell approached and recruited her for illegal purposes, and she remembers celebrating a birthday with Ghislaine Maxwell.

5.    Admit that Ghislaine Maxwell did not make a joke on your 16th birthday after You blew out an array of candles and said You "would be soon getting too old for Jeffrey's taste, and soon they'd have to trade me in."

**Response to Request For Admission No. 5**:

Denied in part. At the time Ms. Giuffre made the statement, many years after the events occurred, she firmly believed she was 15 years old when she was recruited away from her job at Mar-a-Lago by Ghislaine Maxwell.  She later obtained some records from Mar-a-Lago which indicated that she was employed there during the year 2000.  From January, 2000 through august 9, 2000, she was 16 years old; from august 9, 2000 through December 2000 she was 17 years old.  While she now knows, based on this discovery, that she was not 15 years old, she now has conclusive proof that she was an underage minor when Ghislaine Maxwell approached her, recruited her, introduced her to Jeffrey Epstein, and sexually trafficked her as an underage minor. While she now knows, based on this discovery, that it was not her 16th birthday that she celebrated with Ghislaine Maxwell, she now has conclusive proof that she was an underage minor when Ghislaine Maxwell approached and recruited me for illegal purposes, and she remember celebrating a birthday with Ghislaine Maxwell, during which she made the referenced joke.

6.    Admit that you did not work at Mar-a-Lago when you were 15 years old.

**Response to Request For Admission No. 6**:

Denied in part. At the time Ms. Giuffre made the statement, many years after the events occurred, she firmly believed she was 15 years old when she was recruited away from her job at

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Mar-a-Lago by Ghislaine Maxwell.  She later obtained some records from Mar-a-Lago which indicated that she was employed there during the year 2000.  From January, 2000 through August 9, 2000, she was 16 years old; from August 9, 2000 through December 2000 she was 17 years old.  While she now knows, based on this discovery, that she was not 15 years old, she now has conclusive proof that she was an underage minor when Ghislaine Maxwell approached her, recruited her, introduced her to Jeffrey Epstein, and sexually trafficked her as an underage minor.

7.     Admit that you did not work for Jeffrey Epstein for four years.

**Response to Request For Admission No. 7**:

Denied in part. At the time she made the statement, many years after the events occurred, and based purely from memory without the assistance of any documents, she firmly believed she was with Jeffrey Epstein over a four year period.  With the assistance of various records obtained after she made that statement, she now knows that she was not with Jeffrey Epstein for four years. She was sent to Thailand by Jeffrey Epstein in September 2002 and that was the last time she saw him.

8.     Admit that You did not spend four years as an underage sex slave for Jeffrey Epstein.

**Response to Request For Admission No. 8**:

Denied in part. At the time she made the statement, many years after the events occurred and based purely from memory without the assistance of any documents, she firmly believed she was with Jeffrey Epstein over a four year period.  With the assistance of various records obtained after she made that statement, she now knows that she was not with Jeffrey Epstein for four years; however she was a sex slave for Jeffrey Epstein for years.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

9.      Admit that you were no younger than 17 years old when you worked at Mar-a-Lago.

**Response to Request For Admission No. 9**:

Denied. After thorough investigation, she has only been able to discover the year in which she worked at Mar-a-Lago was 2000, and consequently was recruited by Ghislaine Maxwell, for sex with Epstein.  The month has not been made available, therefore denied.

10.      Admit that You never observed Ghislaine Maxwell ever have any sexual contact with any person under the age of 18.

**Response to Request For Admission No. 10**:

Denied.

11.      Admit that You never observed Bill Clinton on the island of Little St. James.

**Response to Request For Admission No. 11**:

Denied.

12.      Admit that You never had a conversation with Bill Clinton regarding him flying with Ghislaine Maxwell in a helicopter.

**Response to Request For Admission No. 12**:

Objection.  Defendant Maxwell has clearly incorrectly interposed and comingled the facts which comprise the foundation of this request for admission.  Ms. Giuffre has never alleged that she "had a conversation with Bill Clinton regarding him flying with Ghislaine Maxwell in a helicopter."  Instead, Ms. Giuffre has alleged, "I flew to the Caribbean with Jeffrey and then Ghislaine Maxwell went to pick up Bill [Clinton] in a huge black helicopter that Jeffrey had bought her."  Sara Nathan, *Bill Clinton Pictured with Jeffrey Epstein's Social Fixer*, Daily Mail, (12 January 2015).

26

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

As a threshold matter, a court must determine whether the statements set forth in a request for admissions satisfy the formal requirements of Rule 36: "(e)ach request for admissions must be direct, simple and 'limited to singular relevant facts,'" *United States v. Consolidated Edison Co.,* 1988 WL 138275 (E.D.N.Y. [Dec. 15, 1988] ) (*quoting S.E.C. v. Micro–Moisture Controls,* 21 F.R.D. 164, 166 (S.D.N.Y.1957)), so that "it can be admitted or denied without explanation." [8 C. Wright & A. Miller,] *Federal Practice and Procedure,* § 2258 [(1970)]. A request "should not state 'half a fact' or 'half-truths' which require the answering party to qualify responses." *Havenfield Corp. v. H & R Block, Inc.,* 67 F.R.D. 93, 96–97 (W.D.Mo.1973); *Dubin,* 125 F.R.D. at 375–76. *See also Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988) (court must consider phraseology of requests as carefully as that of answers or objections).

Consequently, Ms. Giuffre objects to answering this request for admission as it is based on "half-truths," which make it impossible to answer without a qualified response.

13.     Admit that You never observed Al Gore on the island of Little St. James.

**Response to Request For Admission No. 13**:

Denied in part. Her memory from 15 or more years ago is that it was on the island where she met Mr. Gore, although she has testified that she could have been incorrect on that location.  While traveling with Epstein and Maxwell, she met so many people and was taken to so many places as a minor that perfect recall of exact locations is difficult, but based on her best recollection, denied.

14.     Admit that You never had sexual contact with Alan Dershowitz.

**Response to Request For Admission No. 14**:

Denied.

15.     Admit that You never had sexual contact with Andrew, Duke of York.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

**Response to Request For Admission No. 15**:

Denied.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

## REQUESTS FOR PRODUCTION

1.      All Communications and Documents identified in Interrogatories 5-14, above.

**Response to Request For Production No. 1**:

Ms. Giuffre objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections. Ms. Giuffre objects to this request on the grounds that it is wildly overly broad and unduly burdensome, and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, as described more fully above in response to the interrogatories. For example, Interrogatory Number 5, would cover documents spanning over 100 years collectively from attorneys, and compliance with this production request would be literally impossible due to the untethered scope of the request. Ms. Giuffre objects to this request in that it seeks to invade the privacy rights of a sex abuse victims, and is meant for the improper purpose of harassing and intimidating this victim.

2.      All Documents reviewed or relied upon in answering Interrogatory Nos. 5-14 above.

**Response to Request For Production No. 2**:

Ms. Giuffre objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections. Ms. Giuffre objects to this request in that it is overly broad incorporating the interrogatories that total 59 subparts. Ms. Giuffre objects to this request for the reasons stated above in response to interrogatories, and in that it seeks to invade the privacy rights of a sex abuse victim and is meant for the improper purpose of harassing and intimidating this victim.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

3.      All Documents reviewed or relied upon in answering Requests for Admission Nos. 1-15 above.

**Response to Request For Production No. 3**:

Ms. Giuffre objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections.  Ms. Giuffre objects to this request in that it is overly broad incorporating the interrogatories that total 59 subparts. Ms. Giuffre objects to this request in that it seeks to invade the privacy rights of a sex abuse victims and is meant for the improper purpose of harassing and intimidating this victim.

Subject to and without waving the above objections, Ms. Giuffre is withholding production of documents that are privileged pursuant to the attorney-client privilege, the work product privilege, and the public interest privilege. Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE007566.

4.      All Documents relating to any Communications between or among You or Your attorneys or any agent for You or Your attorneys, and any of the following individuals or with their attorneys, agents or representatives:

a.   Any witness disclosed in Plaintiff's Rule 26(a) disclosures;

b.   Any witness disclosed in Defendant's Rule 26(a) disclosures;

c.   Any witness identified by You in response to Interrogatory No. 8 and No. 14.

**Response to Request For Production No. 4**:

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ms. Giuffre objection to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited in time, and it seeks documents relating to hundreds of individuals.  Ms. Giuffre objects because compliance with this request is unduly burdensome. For example,, this request seeks documents relating to over 100 individuals, and has no date or time limitations or subject matter limitations whatsoever. Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre. Ms. Giuffre objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections. Specifically, counsel's communications with witnesses are protected under the work product doctrine. Ms. Giuffre objects to this request in that it is sought solely to harass and intimidate Ms. Giuffre, and invade her privacy, by seeking her private communications with her various family members, including aunts, uncles and parents and siblings. Ms. Giuffre further objects as this request calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Ms. Giuffre is withholding production of documents that are privileged pursuant to the attorney-client privilege, the work product privilege, and the public interest privilege. Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ms. Giuffre additionally objects to the extent that this request seeks the communications of her attorneys, as such request is overly broad and unduly burdensome. This is especially true given that certain attorneys for Ms. Giuffre additionally represent other individuals listed on the Rule 26 Disclosures in separate legal matters, and revelation of such communications would violate privileges that do not belong to Ms. Giuffre, but rather belong to other victims of sexual abuse who have not waived such privileges. Accordingly, Ms. Giuffre is withholding these documents from production based on her objections.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE007566, which includes her communications with many of the individuals set forth in this request. However, producing documents with the additional, newly-added individuals would be overly burdensome, as there is no limitation as to time period, scope or subject-matter.

5.      All photographs or video containing any image of You and the following individuals. To the extent You have such photographs and video in their original, native format, please produce them in that format (not a paper copy).

a.  Any of the individuals identified by You in response to Interrogatory No. 8 and No.

14.

**<u>Response to Request For Production No. 5</u>**:

Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the Defendant and Jeffrey Epstein with whom she claims a joint defense privilege and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE007566, and will produce non-privileged documents responsive to this Request and will continue to supplement her production limited to documents that do not depict images of her minor children.  Ms. Giuffre does not have "original, native format," as requested so she is producing the paper copies she has in her possession, custody and control.

Furthermore, Ms. Giuffre has now produced the pictures in her possession related to the above-referenced case.  Any remaining photographs not produced are solely in the possession of the Defendant and her co-conspirators.

6.      All Documents concerning any Communications between you or your attorneys and any witness or any potential witness in *Giuffre v. Maxwell*.

**Response to Request For Production No. 6**:

Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly burdensome, particularly as it seeks documents relating to hundreds of individuals, and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Giuffre objects because compliance with this request is unduly burdensome. Ms. Giuffre objects to this request in that documents responsive to this request are within the possession, custody and control of the defendant and Jeffrey Epstein with whom she claims a joint defense privilege, and defendant has refused to produce responsive documents to Ms. Giuffre's request seeking communications between the Defendant and Ms. Giuffre and between Jeffrey Epstein and Ms. Giuffre.

Ms. Giuffre further objects to this request to the extent is seeks documents protected by the attorney client, work product, joint defense, public interest or any other applicable privilege.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ms. Giuffre objects to this request in that it is sought solely to harass and intimidate Ms. Giuffre, and invade her privacy, by seeking her private communications with her various family members, including aunts, uncles and parents and siblings.

Subject to and without waving the above objections, Ms. Giuffre is withholding production of documents that are privileged pursuant to the attorney-client privilege, the work product privilege, and the public interest privilege. Ms. Giuffre is also withholding electronic renditions of photographs that depict the faces of her minor children, including school portraits and other photographs taken that reveal the faces of her minor children.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE007566, and will produce non-privileged documents responsive to this Request limited to documents that do not depict images of her minor children as described *supra* and will continue to supplement this production. Ms. Giuffre will produce Ms. Giuffre's counsel's communications with attorneys for witnesses in this case from the date of filing this litigation to the present that are related to this litigation.

7.       All Documents concerning any Communications between You and Your attorneys and Johanna Sjoberg or her lawyer, Marshall Dore Louis.

**Response to Request For Production No. 7**:

Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly burdensome, particularly as it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and not waiving the above objections, Ms. Giuffre will produce Ms. Giuffre's counsel's communications with Marshall Dore Louis from the date of filing this litigation to the present.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

8.      All Documents concerning any Communications between You and Your attorneys and Allyson Chambers or her lawyer, Marshall Dore Louis.

**Response to Request For Production No. 8**:

Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly burdensome, particularly as it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Ms. Giuffre will produce Ms. Giuffre's counsel's communications with Marshall Dore Louis from the date of filing this litigation to the present relating to the above-captioned case.

9.      All Documents concerning any Communications between You or Your attorneys and any witness in the case captioned Jane Doe #1 and Jane Doe #2 v. United States, Case No. 08-cv-80736-KAM, in the U.S. District Court for the Southern District of Florida ("CVRA" case).

**Response to Request For Production No. 9**:

Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly burdensome, particularly as it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, and because it would require the review of hundreds of thousands of documents which would take hours upon hours of attorney time. Ms. Giuffre objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections.

With regard to communications by Ms. Giuffre's attorneys, this request seeks clearly privileged materials, because Ms. Giuffre's attorneys represent not only Ms. Giuffre (Jane Doe 3) in the CVRA matter, but also Jane Doe 1, Jane Doe 2, and Jane Doe 4.  Any communications

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

between the four Jane Does, via Ms. Giuffre's attorneys, would be plainly be subject to attorney

client protection, not to mention work product protection as well.

With regard to contact with "witnesses," the request is vague, unduly burdensome, and

overbroad.  The CVRA case centers on issues surrounding whether the U.S. Government failed

to confer and otherwise protect the rights of victims (including Janes Does 1, 2, 3, and 4) during

plea negotiations with Jeffrey Epstein.  Accordingly, some of the main "witnesses" in the case

are the Government prosecutors who handled the plea negotiations.  Several of the same

prosecutors who handled the plea negotiations are also involved in defending the CVRA case.

The CVRA has been in litigation for nearly eight years, and there have extensive

communications with the prosecutors (including communications concerning approximately

10,000 pages of documents that were requested by victims' counsel and provided to Judge Marra

for *in camera* review).  The request appears designed to target all of these communications, and

such communications, going *back eight years*, would necessitate a review of several hundreds of

thousands of emails over that time to identify communications with the Government prosecutors.

The burden would be substantial and the relevance would be essentially non-existent.  Whatever

communications Ms. Giuffre's attorneys would have had with government prosecutors about

CVRA notifications concerning a prosecution of Epstein would not shed light on whether

Defendant Maxwell defames Ms. Giuffre in attacking her as, for example, a liar.

Moreover, many materials related to this case remain under Judge Marra's protective

order. Accordingly, before Ms. Giuffre's counsel could even have the option to release certain

materials that the Government has provided to him as an attorney in the case, defendant Maxwell

would have to approach Judge Marra and seek a modification of the protective order.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

The request is also vague because it is not clear precisely what "witnesses" Defendant Maxwell is concerned about.  There have, for example, between communications between Ms. Giuffre's lawyers and lawyers for Mr. Epstein and Mr. Dershowitz connected with procedural and other aspects of this case.  Again, the relevance of such communications seems basically non-existent to the action.  But because the case has spanned eight years, collecting such communications would be difficult and overly burdensome.  Moreover, Defendant Maxwell has a close working relationship and/or joint defense arrangement with both Mr. Epstein and Mr. Dershowitz.  There is no reason to burden Ms. Giuffre's attorneys will collecting such communications when she can collect them in other ways.

10.     All Documents concerning any Communications between you or your attorneys and any witness or potential witness in Edwards and Cassell v Dershowitz ("Dershowitz" case).

**Response to Request For Production No. 10**:

Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly burdensome, particularly as it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, and because it would require the review of hundreds of thousands of documents which would take hours upon hours of attorney time.  It is not clear what the phrase "concerning" is designed to cover.  As a third-party witness in that action, Ms. Giuffre had numerous communications with, for example, her attorneys in relation to that matter, and therefore, these communications are subject to the attorney client privilege and protected by the work product doctrine.  It unclear what documents "concerning" communications with "witnesses" refers to, and it could expansively cover a vast number of documents, emails, and other communications that have taken place over the course of this litigation.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

With regard to communications by Ms. Giuffre's attorneys, this request seeks clearly privileged materials (or materials covered by the work product doctrine).

With regard to "witnesses" or "potential witnesses," the request is vague, unduly burdensome, and overbroad. The Dershowitz case centers on issues surrounding whether the Ms. Giuffre's lawyers (Edwards and Cassell) had conduct a sufficient investigation before filing a motion to join Jane Doe 3 (and Jane Doe 4) into the CVRA case. That investigation involves not only attorney-client materials, but also work product protections for Jane Doe 1 and Jane Doe 2. This request, then, covers communications going back eight years, and it would involve a review of several hundreds of thousands of emails over that time to identify communications relevant to the potential "witnesses" who might have been able to shed light on the claims in the CVRA case and, in turn, whether sex abuse had been committed by Alan Dershowitz. The burden would be substantial and the relevance would be essentially non-existent. Such a burden is not countenanced by Rule 26 or the prevailing case law. Whatever communications Ms. Giuffre's attorneys may have had as part of their (work product protected) investigation would not shed light on whether Defendant Maxwell defames Ms. Giuffre in attacking her as, for example, a liar.

The request is also vague because it is not clear precisely what "witnesses" Defendant Maxwell is concerned about. There have, for example, between communications between Ms. Giuffre's lawyers and lawyers for Mr. Epstein and Mr. Dershowitz Again, the relevance of such communications seems basically non-existent to the action. But because their investigations have spanned eight years, collecting such communications would be difficult. Moreover, Defendant Maxwell has a close working relationship and/or joint defense arrangement with both Mr. Epstein and Mr. Dershowitz. There is no reason to burden Ms. Giuffre's attorneys with

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

collecting such communications when she can collect them in other ways. Indeed, in light of the

fact that Maxwell and Dershowitz have a close working relationship, it is unduly burdensome

that Maxwell seeks these items not from her ally but from attorneys for her legal adversary.

11.     Any statement obtained by You or Your attorneys from any witness or potential

witness in the CVRA case.

**Response to Request For Production No. 11**:

Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly

burdensome, particularly as it calls for the production of documents that are irrelevant to this

action and not reasonably calculated to lead to the discovery of admissible evidence, and because

it would require the review of hundreds of thousands of documents which would take hours upon

hours of attorney time.  Ms. Giuffre objects in that it seeks information protected by the attorney-

client/work product privilege, and any other applicable privilege stated in the General

Objections.

Ms. Giuffre objects because the term "statement" is vague and ambiguous, unduly

burdensome and overbroad. With regard to communications to Ms. Giuffre's attorneys, this

request seeks clearly privileged materials, because Ms. Giuffre's attorneys represent not only Ms.

Giuffre (Jane Doe 3) in the matter, but also Jane Doe 1, Jane Doe 2, and Jane Doe 4.

 The CVRA case centers on issues surrounding whether the U.S. Government failed to

confer and otherwise protect the rights of victims (including Janes Does 1, 2, 3, and 4) during

plea negotiations with Jeffrey Epstein.

The CVRA has been in litigation for nearly eight years, and there have extensive

communications with the prosecutors (including communications concerning approximately

10,000 pages of documents that were requested by victims' counsels and provided to Judge

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Marra for in camera review).  It is not clear whether the request is designed to request all of these communications as "statements," but if it does capture these communications going back eight year, it would involve a review of several hundreds of thousands of emails over that time to identify communications with the Government prosecutor.  The burden would be substantial and the relevance would be essentially non-existent.  Whatever statements Ms. Giuffre's attorneys obtained from government prosecutors about CVRA notifications concerning a prosecution of Epstein would not shed light on whether Defendant Maxwell defames Ms. Giuffre in attacking her as, for example, a liar.  Moreover, many materials remain under Judge Marra's protective order. Accordingly, before Ms. Giuffre's counsel could even have the option to release certain materials that the Government has provided to him as an attorney in the case, defendant Maxwell would have to approach Judge Marra and seek a modification of the protective order.

The request is also vague because it is not clear precisely what "statements" Defendant Maxwell is concerned about.  There have, for example, between communications between Ms. Giuffre's lawyers and lawyers for Mr. Epstein and Mr. Dershowitz connected with procedural and other aspects of this case.  Again, the relevance of such communications seems basically non-existent to the action.  But because the case has spanned eight years, collecting such communications would be difficult.  Moreover, Defendant Maxwell has a close working relationship and/or joint defense arrangement with both Mr. Epstein and Mr. Dershowitz.  There is no reason to burden Ms. Giuffre's attorneys will collecting such statements when she can collect them in other ways.

12.     Any statement obtained by You or Your attorneys from any witness or potential witness in the Dershowitz case.

**Response to Request For Production No. 12**:

40

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Ms. Giuffre objects to this request on the grounds that it is overly broad and unduly burdensome, particularly as it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, and because it would require the review of hundreds of thousands of documents which would take hours upon hours of attorney time.  Ms. Giuffre objects in that it seeks information protected by the attorney-client/work product privilege, and any other applicable privilege stated in the General Objections.

Ms. Giuffre objects because the term "statement" is vague and ambiguous, unduly burdensome and overbroad. The Dershowitz  case centers on issues surrounding whether the Ms. Giuffre's lawyers (Edwards and Cassell) had conduct a sufficient investigation before filing a motion to join Jane Doe 3 (and Jane Doe 4) into the CVRA case.   That investigation involves not only attorney-client materials, but also work product protections for Jane Doe 1 and Jane Doe 2.  The request potentially covers communications or "statements" going back eight years, and it would involve a review of several hundreds of thousands of emails over that time to identify "statements" made by any "witness" or "potential witness" who might have been able to shed light on whether sex abuse had been committed by Alan Dershowitz.  The burden would be substantial and the relevance would be essentially non-existent  Whatever communications Ms. Giuffre's attorneys  may have had as part of their (work product protected) investigation would not shed light on whether Defendant Maxwell defames Ms. Giuffre in attacking her as, for example, a liar.

With regard to communications to Ms. Giuffre's attorneys, this request seeks clearly privileged materials, because Ms. Giuffre's attorneys represent not only Ms. Giuffre (Jane Doe 3) in the matter, but also Jane Doe 1, Jane Doe 2, and Jane Doe 4 in the CVRA litigation.

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

The CVRA has been in litigation for nearly eight years, and there have extensive communications with the prosecutors (including communications concerning approximately 10,000 pages of documents that were requested by victims' counsels and provided to Judge Marra for in camera review).  It is not clear whether the request is designed to request all of these communications as "statements," but if it does capture these communications going back eight year, it would involve a review of several hundreds of thousands of emails over that time to identify communications with the Government prosecutor.  The burden would be substantial and the relevance would be essentially non-existent.  Whatever statements Ms. Giuffre's attorneys obtained from government prosecutors about CVRA notifications concerning a prosecution of Epstein would not shed light on whether Defendant Maxwell defames Ms. Giuffre in attacking her as, for example, a liar.

The request is also vague because it is not clear precisely what "statements" Defendant Maxwell is concerned about.  There have, for example, between communications between Ms. Giuffre's lawyers and lawyers for Mr. Epstein and Mr. Dershowitz connected with procedural and other aspects of these cases.  Again, the relevance of such communications seems basically non-existent to the action.  Moreover, Defendant Maxwell has a close working relationship and/or joint defense arrangement with both Mr. Epstein and Mr. Dershowitz.  In light of the fact that Maxwell and Dershowitz have a close working relationship, it is unduly burdensome that Maxwell seeks these items not from her ally but from attorneys for her legal adversary. There is no reason to burden Ms. Giuffre's attorneys will collecting such statements when she can collect them in other ways.

Dated: July 1, 2016

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
     Sigrid McCawley (Pro Hac Vice)
     Meredith Schultz (Pro Hac Vice)
     Boies Schiller & Flexner LLP
     401 E. Las Olas Blvd., Suite 1200
     Ft. Lauderdale, FL 33301
     Telephone:  (954) 356-0011

     David Boies
     Boies Schiller & Flexner LLP
     333 Main Street
     Armonk, NY 10504

     Bradley J. Edwards (Pro Hac Vice)
     FARMER, JAFFE, WEISSING,
     EDWARDS, FISTOS & LEHRMAN, P.L.
     425 North Andrews Avenue, Suite 2
     Fort Lauderdale, Florida 33301
     Telephone:  (954) 524-2820

     Paul G. Cassell (Pro Hac Vice)
     S.J. Quinney College of Law
     University of Utah
     383 University St.
     Salt Lake City, UT 84112
     Telephone:  (801) 585-5202

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 1, 2016, I electronically sent the foregoing document

to the counsel below via e-mail.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com

43

This document is CONFIDENTIAL under the Court's Protective Order (DE 62)

jpagliuca@hmflaw.com