# EXHIBIT 14

# (Filed Under Seal)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CIV-80119-MARRA/JOHNSON

JANE DOE NO. 2,
Plaintiff,
-vs- VOLUME I OF III
JEFFREY EPSTEIN,
Defendant.
_______________/

Related cases:
08-80232, 08-08380, 08-80381, 08-80994
08-80993, 08-80811, 08-80893, 09-80469
09-80591, 09-80656, 09-80802, 09-81092
_______________/

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO. 502008CA028058XXXXMB AD

E.W.,
Plaintiff,
-vs- VOLUME I OF III
JEFFREY EPSTEIN,
Defendant.
_______________/

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO. 502008CA028051XXXXMB AB

L.M.,
Plaintiff,
-vs- VOLUME I OF III
JEFFREY EPSTEIN,
Defendant.
_______________/

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE No.502008CA037319XXXXMB AB

B.B.
Plaintiff,
-vs- VOLUME I OF III
JEFFREY EPSTEIN
AND SARAH KELLEN,
Defendants.
_______________

VIDEOTAPED DEPOSITION OF
SARAH KELLEN

Wednesday, March 24, 2010
10:37 - 6:51 p.m.

250 Australian Avenue South
Suite 1500
West Palm Beach, Florida 33401

Reported By:
Cynthia Hopkins, RPR, FPR
Notary Public, State of Florida
Prose Court Reporting Services
Job No.: 1484

answer the question based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Who introduced you to Jeffrey Epstein the first time that you met him?

MR. RHEINHART: Same instruction.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Did Ghislaine Maxwell introduce you to Jeffrey Epstein for the first time?

MR. RHEINHART: Same instruction.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. When was the first time you were in Jeffrey Epstein's home located on El Brillo Way on Palm Beach Island?

MR. RHEINHART: Object to the form of the question as compound and assuming facts not before the witness. And I instruct the witness not to answer based on her Fifth Amendment privilege.



THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Would you agree with me that Jeffrey Epstein owns a home at 358 El Brillo Way, Palm Beach Island, Florida?

MR. RHEINHART: Instruct the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On instruction of my counsel, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Would you agree with me that you've been in that home numerous times?

MR. RHEINHART: Instruct the witness not to answer the question based on her Fifth Amendment privilege.

THE WITNESS: On instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Would you agree with me that you have gone on Jeffrey Epstein's plane numerous times?

MR. RHEINHART: Object to the form. It assumes facts that are not present for the



witness, and I will instruct the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Would you agree with me that Jeffrey Epstein owns numerous planes, private planes?

MR. RHEINHART: Instruct the witness not to answer.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. And you've been on every one of those private planes; isn't that true?

MR. RHEINHART: Object to the form. It assumes facts not before the witness, and I will instruct the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Ma'am, isn't it true that you've seen the passenger manifest for Jeffrey Epstein's plane?

MR. RHEINHART: Object to the form. It



assumes facts that are not established as known to this witness, and I instruct the witness not to answer the question based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment right.

MR. KUVIN: Let me show you what we'll mark as Exhibit 2.

(Plaintiff's Exhibit No. 2 was marked for identification.)

MR. KUVIN: Thank you.

MR. RHEINHART: Do you want to zoom in on it like you did the last time?

MR. KUVIN: No, that's fine.

MR. RHEINHART: Take your time.

MR. KUVIN: And flip through.

BY MR. KUVIN:

Q. All right. Ma'am, would you agree with me that this is a passenger manifest for one of Jeffrey Epstein's airplanes?

MR. RHEINHART: Instruct the witness not to answer the question based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my


THE VIDEOGRAPHER: We're now on video record at 11:01 a.m.

MR. KUVIN: Just for the video record and for the written record Katherine Ezell and Amy Ederi have now appeared and are present in person.

MR. GOLDBERGER: Just one more matter for the record. Jack Goldberger, on behalf of Jeffrey Epstein. Rather than impose a form objection to every question, I think we have reached an agreement that on behalf of Mr. Epstein, I am adopting the form objections that Mr. Rheinhart is making on behalf of his client nunc pro tunc to the beginning of this deposition.

MR. KUVIN: No objection.

MR. GOLDBERGER: Okay.

BY MR. KUVIN:

Q. All right. All right. Ms. Kellen, would you agree with me that there was an agreement between Jeffrey Epstein, Ghislaine Maxwell, Jean-Luc Brunel, yourself and Nadia Marcinkova to bring in girls from out of state that were underage?

MR. RHEINHART: Object to the form of the question as leading, as compound, and instruct



the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Would you agree with me that there was an agreement between Jeffrey Epstein, Ghislaine Maxwell, Jean-Luc Brunel, yourself and Nadia Marcinkova to bring in girls that were underage from out of state for sexual contact?

MR. RHEINHART: Object to the form of the question as leading and compound, and I instruct the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer I must invoke my Fifth Amendment privilege.

BY MR. KUVIN:

Q. All right. Let me show you what we've premarked as Plaintiff's Exhibit 3. Do you recognize this as the passenger manifest for one of Jeffrey Epstein's planes?

MR. RHEINHART: I object to the form of the question. It assumes facts that this witness, evidence that this witness has no



personal knowledge and instruct her not to answer based on her Fifth Amendment privilege. It's also compound.

THE WITNESS: On the instruction of my lawyer I must invoke my Fifth Amendment privilege.

BY MR. KUVIN:

Q. The witness says that you may not have knowledge or we don't know whether you have knowledge regarding this passenger manifest, so let me ask you, do you have any knowledge about this passenger manifest?

MR. RHEINHART: Object to the form of the question as ambiguous as to this and what a manifest is, and also her knowledge, and I will instruct her not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment privilege.

BY MR. KUVIN:

Q. Based on the objection, do you know what a manifest is?

MR. RHEINHART: Object to the form of the question as ambiguous and instruct her not to



answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Have you heard the word "manifest" before?

MR. RHEINHART: I'll instruct the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Would you agree with me, ma'am, that you have seen this passenger manifest, listed as Exhibit 3, in the past?

MR. RHEINHART: I'll instruct the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my lawyer I must invoke my Fifth Amendment right.

BY MR. KUVIN:

Q. Who is Zinta Broukis?

MR. RHEINHART: I'll instruct the witness not to answer based on her Fifth Amendment privilege.

THE WITNESS: On the instruction of my

MR. RHEINHART: Same instruction.
THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment privilege.
BY MR. KUVIN:
Q. Have you ever worked as a professional model?
MR. RHEINHART: May I consult?
MR. KUVIN: Sure.
MR. RHEINHART: You can answer the question.
THE WITNESS: Yes.
BY MR. KUVIN:
Q. When?
A. I don't remember. I don't remember the dates. It was at least maybe ten years ago.
Q. And you're how old now?
MR. RHEINHART: I'll instruct the witness not to answer the question. Nice try.
Instruct you not to answer based on your Fifth Amendment privilege.
THE WITNESS: On the instruction of my lawyer, I'm going to invoke my Fifth Amendment privilege.
MR. KUVIN: I'm just trying to find out.

MR. RHEINHART: Like I said, good try. Move on.
BY MR. KUVIN:
Q. With respect to your work as a professional model, what company did you work for?
MR. RHEINHART: Instruct the witness not to answer based on the Fifth Amendment privilege.
THE WITNESS: On the instruction of my lawyer, I invoke my Fifth Amendment privilege.
BY MR. KUVIN:
Q. What is your understanding of Mr. Epstein's involvement with the modeling industry?
MR. RHEINHART: Standing objection, and instruct the witness not to answer based on Fifth Amendment, on that basis.
THE WITNESS: Upon the instruction of my lawyer, I must invoke my Fifth Amendment privilege.
BY MR. KUVIN:
Q. Were you ever promised anything regarding your modeling career by Jean-Luc Brunel?
MR. RHEINHART: Instruct the witness not to answer based on Fifth Amendment, also

assumes facts that have not been established and it's compound.
THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment privilege.
MR. RHEINHART: And to clarify the objection is that it assumes that she's ever met or knows anything about Jean-Luc Brunel.
BY MR. KUVIN:
Q. Were you ever promised anything regarding your modeling career by Jeffrey Epstein?
MR. RHEINHART: Same objection, instruct the witness not to answer.
THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment privilege.
BY MR. KUVIN:
Q. You would agree with me that there is a financial arrangement between Jean-Luc Brunel and Jeffrey Epstein, do you not?
MR. RHEINHART: Objection. It assumes she has any knowledge of either Mr. Epstein or Mr. Brunel, and as to that she is going to invoke her Fifth Amendment privilege. The question is compound and therefore ambiguous.

THE WITNESS: On the instruction of my lawyer, I must invoke my Fifth Amendment privilege.
BY MR. KUVIN:
Q. Would you agree with me that Ghislaine Maxwell provides underage girls to Mr. Epstein for sex?
MR. RHEINHART: Objection to the form. It assumes she knows anything at all about Ghislaine Maxwell and asks her to assume that she does, and therefore it is compound and ambiguous, and I would instruct her not to answer.
THE WITNESS: Upon the instruction of my lawyer, I must invoke my Fifth Amendment privilege.
MR. KUVIN: That's a good point. Take a look at what we'll mark as Exhibit 10.
(Plaintiff's Exhibit No. 10 was marked for identification.)
MR. KUVIN: All me to show it to the camera first.
MR. RHEINHART: Okay.
MR. KUVIN: Okay.
THE WITNESS: Okay.

reasonably designed to lead to discoverable evidence.

BY MS. EZELL:

Q. Did you facilitate these acts as well as assisting Mr. Epstein in avoiding police detection?

MR. REINHART: Same instruction.

BY MS. EZELL:

Q. Do you know when and by whom the computers were removed from the El Brillo mansion?

MR. REINHART: Objection to the form, lack of foundation, and it also assumes knowledge of a place known as the El Brillo mansion. So instruct the witness not to answer the question based on the Fifth Amendment.

THE WITNESS: At the instruction of my lawyer, I must invoke my Fifth Amendment right.

BY MS. EZELL:

Q. Was Jane No. 103 invited to just come and hang out at the El Brillo mansion?

MR. REINHART: Objection to the form, same as the previous question. It assumes knowledge of a place known as the El Brillo mansion and a person by the name of Jane No. 103. It is compound and lacking in foundation.

THE WITNESS: at the instruction of my lawyer,

I must invoke my Fifth Amendment right.

BY MS. EZELL:

Q. Have you called any girls under the age of 18 in Palm Beach or West Palm Beach in the last six years?

MR. REINHART: For any purpose?

MS. EZELL: Yes.

THE WITNESS: Can you repeat the question?

BY MS. EZELL:

Q. Have you called any girls under the age of 18 in Palm Beach or West Palm Beach in the last six years?

MR. REINHART: You can answer that yes or no, if you know.

THE WITNESS: I don't think so.

MS. EZELL: I don't have any other questions. Thank you.

THE VIDEOGRAPHER: All set?

MR. REINHART: Yes.

THE VIDEOGRAPHER: This concludes today's videotape deposition of Sarah Kellen.

MR. REINHART: Hold on, I'm sorry, one last thing. Since you're the last defense person or plaintiff's lawyer standing, I guess you need to advise her she has the right to read or waive on the record.

MS. EZELL: You do have the right to read this

deposition or you may waive reading and allow the court reporter to simply type it up and distribute it to the lawyers who order it.

Do you choose to read or waive?

THE WITNESS: Waive.

MS. EZELL: Thank you.

MR. REINHART: Thank you.

THE VIDEOGRAPHER: Okay, this concludes today's videotape deposition of Sarah Kellen. The time is 18:51.

(Witness excused.)

(Deposition was concluded.)

CERTIFICATE

THE STATE OF FLORIDA
COUNTY OF PALM BEACH

I, Rachel W. Bridge, Registered Professional Reporter, Florida Professional Reporter and Notary Public in and for the State of Florida at large, do hereby certify that I was authorized to and did report said deposition in stenotype; and that the foregoing pages are a true and correct transcription of my shorthand notes of said deposition.

I further certify that said deposition was taken at the time and place hereinabove set forth and that the taking of said deposition was commenced and completed as hereinabove set out.

I further certify that I am not attorney or counsel of any of the parties, nor am I a relative or employee of any attorney or counsel of party connected with the action, nor am I financially interested in the action.

The foregoing certification of this transcript does not apply to any reproduction of the same by any means unless under the direct control and/or direction of the certifying reporter.

Dated this 9th day of April, 20

Rachel W. Bridge, RMR, CRR, FPR

Electronically signed by Rachel Bridge (201-272-617-4627) 905d1499-0cd8-4599-a2a0-6d38827b68c6