UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA GIUFFRE,<br><br>                Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>                Defendant. | 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are letter-motions filed by Intervenors Julie Brown and Miami Herald Media Company, (dkt. no. 1321), and Intervenor Alan Dershowitz, (dkt. no. 1323), seeking to unseal in part docket entry 1026-3 to disclose the identities of the Jane and John Does.  For the reasons set forth below, the letter-motions to unseal docket entry 1026-3 are DENIED.

    First, docket entry 1026-3 is not an accurate list of non-party names.  Since this filing, the parties have provided the Court with an updated list of non-party names ("Document"), and disclosure of docket entry 1026-3, which is now outdated, would therefore compound, not "avoid," the "spread of incorrect information."  (See dkt. no. 1321 at 2.)

    Second, even so, the privacy interests at stake outweigh any presumption of public access to the Document.  The public does not have an absolute right to access and inspect court documents; rather, courts may exercise their supervisory power to ensure that

records are not used as "vehicle[s] for improper purposes," including, for example, "to promote public scandal." See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978); see also Brown v. Maxwell, 929 F.3d 41, 51 (2d Cir. 2019) (explaining the same). This Document is akin to a summary exhibit under Federal Rule of Evidence 1006 — a mere aid prepared by the parties to assist the Court in carrying out its work.  It includes the Does' names, pseudonyms, home addresses, and the document(s) in which each Doe appears.  Importantly, the underlying documents, akin to the evidence, have already been ordered unsealed with respect to most of the Does.[1]  (See dkt. no. 1315.)  Moreover, the Court's December 18 Order set forth an anonymized list of Does, the documents in which each appears, and the Court's reasoning for granting or denying unsealing.  Thus, disclosing the Document will contribute nothing to the public's information that is not already knowable from the underlying documents and the Court's December 18 Order.

At the same time, unsealing the Document poses a danger to the privacy interests of the parties whose identities the Court has declined to unseal.  Even if those Does' names were redacted in an unsealed version of the Document, the alphabetical order of

---

[1] With respect to the remaining Does, the Court has explained its reasons for declining to unseal their names, and any party dissatisfied with those reasons can appeal to the Court of Appeals.

the list could easily lead to speculation about the identities of the as-yet-unnamed Does. This outcome is particularly likely in the wake of the recent media frenzy about some supposed "Epstein List" and the mass speculation about the identities of those on it. The Document includes minor victims, health care providers, members of law enforcement, and mere bystanders who have not sought publicity on these matters, and the Court has already found that their privacy interests outweigh any presumption of public access. Those same reasons for denying unsealing continue to apply and to outweigh the public's interest in this Document.

Accordingly, the letter-motions to unseal in part docket entry 1026-3 (dkt. nos. 1321, 1323) are DENIED.

**SO ORDERED.**

Dated:    January 5, 2024
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge