**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

                Plaintiff,                Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

                Defendant.

_____/


**PLAINTIFF GIUFFRE'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION *IN LIMINE* TO EXCLUDE *IN TOTO* CERTAIN DEPOSITIONS**
**<u>DESIGNATED BY PLAINTIFF FOR USE AT TRIAL</u>**


Sigrid McCawley
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ...........................................................................................................2

I.      EPSTEIN AND, POTENTIALLY, ESPLIN ARE UNAVAILABLE WITNESSES.........2

        A.      Jeffrey Epstein is a Witness who is more than 100 miles from the place of
                hearing, or at a Minimum a Witness Who Cannot Be Subpoenaed. .....................2

        B.      Esplin May Be an Unavailable Witness. ................................................................4

II.     EPSTEIN, ███████, AND ESPLIN SHOULD ALL BE ALLOWED TO TESTIFY
        VIA DEPOSITION TESTIMONY. .............................................................................5

        A.      Jeffrey Epstein. ......................................................................................................5

        B.      ███████████████ Deposition Should Be Allowed..................................7

        C.      Esplin's Deposition Should Be Allowed if Defendant Decides Not to Make
                Him Available at Trial. ........................................................................................10

III.    ALFREDO RODRIGUEZ'S TESTIMONY IN AN EARLIER DEPOSITION
        SHOULD BE ALLOWED SINCE HE HAS SINCE DIED. ...........................................10

        A.      Mr. Rodriguez's Deposition Testimony is Admissible Under Fed. R. Evid.
                804(b)(1). .............................................................................................................11

        B.      If the Rodriguez Deposition is Not Admissible Under the Former Testimony
                Exception, It Should Be Admitted Under the Residual Hearsay Exception. ........13

CONCLUSION .....................................................................................................................16

CERTIFICATE OF SERVICE ...............................................................................................18

i

## **TABLE OF AUTHORITIES**

Page

**Cases**

*Amusement Indus., Inc. v. Stern*,
No. 07CIV11586LAKGWG, 2016 WL 4249965 (S.D.N.Y. Aug. 11, 2016) ............................6

*Brookover v. Mary Hitchcock Mem'l Hosp.*,
893 F.2d 411 (1st Cir. 1990)........................................................................................14

*In re Ashley*,
903 F.2d 599 (9th Cir. 1990) ........................................................................................3

*John Paul Mitchell Sys. v. Quality King Distributors, Inc.*,
106 F. Supp. 2d 462 (S.D.N.Y. 2000) ..........................................................................6

*LiButti v. United States*,
107 F.3d 110 (2d Cir. 1997).................................................................................5, 6, 7

*Lloyd v. American Export Lines, Inc.*,
580 F.2d 1179 (3d Cir. 1978) ...............................................................................12, 13

*S.E.C. v. Durante*,
No. 01 CIV. 9056 DAB AJP, 2013 WL 6800226 (S.D.N.Y. Dec. 19, 2013) ............................6

*United States ex rel. Bilokumsky v. Tod*,
263 U.S. 149 (1923) ......................................................................................................7

*United States v. Carneglia*,
256 F.R.D. 366 (E.D.N.Y. 2009) .................................................................................13

*United States v. Salerno*,
505 U.S. 317 ................................................................................................................13

*United States v. Sinclair*,
109 F.3d 1527 (10th Cir. 1997) ....................................................................................8

*United States v. Valdez-Soto*,
31 F.3d 1467 (9th Cir. 1994) .......................................................................................14

**<u>Rules</u>**

Fed. R. Civ. P. 32 ..................................................................................................11

Fed. R. Civ. P. 32(a)(4)(D)......................................................................................3

Fed. R. Civ. P. 32(a)(4)(E) ......................................................................................4

Fed. R. Civ. P. 32(a)(8) ..........................................................................................11

Fed. R. Evid. 102 ....................................................................................................15

Fed. R. Evid. 601 ......................................................................................................8

Fed. R. Evid. 612 ......................................................................................................8

Fed. R. Evid. 804 ....................................................................................................13

Fed. R. Evid. 804(8) ..................................................................................................9

Fed. R. Evid. 804(b)(1)..............................................................................10, 11, 13

Fed. R. Evid. 806 ....................................................................................................11

Fed. R. Evid. 807 ..................................................................................................9, 14

Plaintiff Ms. Giuffre respectfully submits this Response in Opposition to Defendant's Motion in Limine to Exclude in Certain Depositions Designated by Plaintiff for Use at Trial.

## PRELIMINARY STATEMENT

In carrying through on her threat to object to every piece of evidence that Ms. Giuffre intends to use at trial, Defendant Maxwell has raised three general objections to various depositions Ms. Giuffre has designated for use at trial.

First, Defendant argues that Jeffrey Epstein is not an unavailable witness and should appear as a live witness. Ms. Giuffre would like to have him appear at trial and it appears that Epstein's counsel is willing to accept a subpoena for him. If so, the issue is moot. But if for any reason that trial subpoena fails to secure his attendance, it is clear he is an unavailable witness since he previously evaded more than a dozen efforts to serve him with a pre-trial deposition subpoena.

Second, Defendant raises certain objections based on the fact that Jeffrey Epstein, ████████ and Philip Esplin gave testimony that is helpful to Ms. Giuffre during their depositions and therefore she seeks to exclude that damaging testimony. This hardly provides a basis for excluding their evidence. Epstein should be allowed to testify so that Ms. Giuffre can obtain adverse inferences from his Fifth Amendment invocations. ███ and Esplin should be allowed to testify, via deposition, because they have information relevant for the jury.

Finally, Defendant objects to the use of a deposition of Alfredo Rodriguez. But because he has since passed away, the choice is between preventing the jury from hearing any of his testimony and using the earlier transcript. The transcript should be allowed.

## ARGUMENT

I.   **EPSTEIN AND, POTENTIALLY, ESPLIN ARE UNAVAILABLE WITNESSES.**

   A.   **Jeffrey Epstein is a Witness who is more than 100 miles from the place of hearing, or at a Minimum a Witness Who Cannot Be Subpoenaed.**

Defendant argues that Jeffrey Epstein can simply appear live at the trial since he "reside[s]" within 100 miles of the courthouse, Mot. at 2, and thus Ms. Giuffre can simply subpoena him. It appears that this issue has been resolved because Epstein's attorneys have agreed to accept a trial subpoena on his behalf. *See* McCawley Dec. at Exhibit 1, Letter from Jack Goldberger, Esq. Epstein's lawyers have also indicated they will be moving to quash his subpoena. If Epstein appears live at trial, then Ms. Giuffre will, of course, simply present that live testimony rather than rely on his recorded deposition.

In her motion, Defendant fails to mention the extraordinary efforts that Ms. Giuffre had to undertake to obtain the pre-trial deposition of Epstein. As the Court will recall from Ms. Giuffre's Motion for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service, filed May 25, 2016, Ms. Giuffre began by asking Epstein's legal counsel to accept service of a subpoena in this matter. Epstein's counsel refused. Accordingly, Ms. Giuffre was forced to retain an investigative company to attempt to locate Epstein for purposes of personal service. What followed were no less than sixteen attempts to personally service Epstein, including affixing subpoenas to his "temporary" address in New York. A copy of the subpoena was also provided to Epstein's counsel.

As the Court will recall, Epstein was not the only person in the sex trafficking ring who was evading service. Sarah Kellen and Nadia Marcincova, two other conspirators who (along with Defendant), helped Epstein in his sex abuse and sex trafficking efforts were also evading service.

As a result of these efforts to evade service, Ms. Giuffre filed a motion for leave to proceed by way of alternative service with regard to Epstein. Before the Court could rule on the motion regarding Epstein, Epstein's legal counsel agreed to have Epstein appear for his deposition – in Florida.

Epstein has every motivation to evade service because the questions he would be asked at trial would involve his sexual abuse of minors. And given Epstein's success at evading sixteen earlier efforts to serve him, the Court should permit Ms. Giuffre to use Epstein's deposition at the upcoming trial – if, for any reason, he does not appear live. Under Fed. R. Civ. P. 32(a)(4)(D), a party may use a deposition of a witness when "the party offering the deposition could not procure the witness's attendance by subpoena." A showing that the witness has evaded attempts to be served with a subpoena suffices to make the showing of unavailability. *See In re Ashley*, 903 F.2d 599, 603 (9th Cir. 1990). Furthermore, Defendant will suffer no prejudice if Epstein appears by way of deposition rather than through live testimony. As discussed at greater length in Part II below, Epstein is being called for purposes of securing an adverse inference from his invocation of his Fifth Amendment right against self-incrimination. In these circumstances, live testimony will not provide any significantly different testimony from that which has already been secured by deposition.

Notably, Ms. Giuffre has already attempted to serve a trial subpoena upon Epstein in New York. On February 8, 2017, an investigator from Alpha Group Investigations went to 9 East 71st Street, New York, New York, a mansion where Epstein had previously resided (and sexually abused Ms. Giuffre). *See* McCawley Dec. at Exhibit 2, Affidavit of Anna Intriago.

Even if Epstein is somehow deemed to be "available," the Court retains discretion to allow the use of his deposition, where "on motion and notice" the Court finds "that exceptional

circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E). Given the importance of Epstein to this case, if for any reason he fails to appear, the Court should also exercise its discretion to allow his deposition to be used.

Defendant also argues that Rinaldo Rizzo is a witness who should appear live at the trial, rather than through deposition testimony. Ms. Giuffre agrees that it would be optimal if Rizzo were to appear in person at trial. Ms. Giuffre has contacted Mr. Rizzo's counsel to attempt to secure his appearance at trial. She anticipates that he will indeed appear at trial. But should it appear that those efforts to secure his attendance at trial be unsuccessful, Ms. Giuffre reserves the right to ask the Court to present his testimony via the deposition designations she has made, as he would be, at that point, "unavailable."

**B.     Esplin May Be an Unavailable Witness.**

Ms. Giuffre has also designated certain excerpts from the deposition of one of Defendant's own experts, Dr. Phillip Esplin. This designation was a defensive measure. Some of Esplin's testimony was so favorable to Ms. Giuffre that she wanted to ensure it would be available to present to the jury. Counsel for Ms. Giuffre has contacted defense counsel to confirm that Defendant will still be calling Esplin to trial. Defense counsel has, thus far, refused to respond to this inquiry in any way.

If Defendant calls Esplin as a witness at trial, Ms. Giuffre would then have no need to rely upon his deposition testimony, as she would simply cover the same terrain via live questions before the jury. Should, however, Defendant decide to withhold Esplin as a witness, Ms. Giuffre would like to use limited parts of his testimony at trial.

Of course, Defendant can hardly claim any sort of unfair prejudice from having testimony from her own expert witness presented at trial. Defendant also argues that the designated

excerpts are somehow beyond the scope of Esplin's expertise. Ms. Giuffre will address this concern at the appropriate time in the appropriate pleading which deals with relevance issues.

## II.    EPSTEIN, ███████ AND ESPLIN SHOULD ALL BE ALLOWED TO TESTIFY VIA DEPOSITION TESTIMONY.

Defendant next objects to testimony from Jeffrey Epstein, ███████ and Philip Esplin, claiming that they all "refused to respond to questions." Mot. at 5. Contrary to Defendant's argument, all three of the witnesses did, in fact, answer questions and provide useful information. Epstein answered questions by invoking his Fifth Amendment right against self-incrimination. ███████ answered questions after her recollection about certain events was refreshed. And Esplin answered questions in which he testified favorably for Ms. Giuffre, which led to Ms. Giuffre designating certain parts of his deposition for use at trial. Accordingly, Defendant's arguments lack merit with respect to all three of these witnesses and her motion should be denied.

### A.    Jeffrey Epstein.

Jeffrey Epstein is a pivotally important witness in this case. Ms. Giuffre should be permitted to call him, either live or via deposition, to have him invoke his Fifth Amendment right to refuse to answer pivotal questions in this case. The jury should then, in its discretion, be permitted to draw such adverse inferences as may be appropriate.

This procedure is very clearly recognized in the leading case of *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997). *LiButti* articulated several non-exclusive factors to be considered, in light of the circumstances of the case, which should guide a district court in making a determination about whether to allow the jury to hear a Fifth Amendment invocation. *LiButti*, 107 F.3d at 123–24. The Second Circuit emphasized, however, that whether these or other circumstances unique to a particular case are considered by the trial court, "the overarching

5

concern is fundamentally *whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth.*" *Id.* at 124 (emphasis added). A number of subsequent decisions from the Southern District of New York have allowed evidence of a third party's invocations to be used against a party in litigation. *See, e.g.*, *Amusement Indus., Inc. v. Stern,* No. 07CIV11586LAKGWG, 2016 WL 4249965, at *8 (S.D.N.Y. Aug. 11, 2016) (drawing negative inference against defendant based on key witness' invocation of privilege); *S.E.C. v. Durante*, No. 01 CIV. 9056 DAB AJP, 2013 WL 6800226, at *11 (S.D.N.Y. Dec. 19, 2013) (drawing negative inference when Fifth Amendment invoked by a "prominent figure in the case"), *report and recommendation adopted*, No. 01 CIV. 9056 DAB, 2014 WL 5041843 (S.D.N.Y. Sept. 25, 2014), *aff'd*, 641 F. App'x 73 (2d Cir. 2016); *John Paul Mitchell Sys. v. Quality King Distributors, Inc.*, 106 F. Supp. 2d 462, 471 (S.D.N.Y. 2000) (drawing inference from invocation and noting alignment of interests).

All of the *LiButti* factors tip in favor of allowing Ms. Giuffre to call Epstein. Ms. Giuffre has analyzed this issue at length in her contemporaneously filed Motion to Present Testimony from Jeffrey Epstein for Purposes of Obtaining an Adverse Inference. To avoid burdening the Court with duplicative briefing, Ms. Giuffre specifically adopts and incorporates by reference all of the briefing and arguments in that motion in the response here. For all of the reasons given in that motion, Ms. Giuffre should be allowed to call Epstein. Accordingly, Defendant's motion to exclude Epstein should be denied.

To be clear, as part of calling Epstein, Ms. Giuffre has no objection to the jury being given appropriate cautionary instructions about the adverse inferences. Those instructions should make clear that the jury is not required to draw any inference at all from Epstein's invocations, and that it should only draw inferences if it finds that there is an independent foundation for the

question being asked and independent corroboration for the adverse inference being drawn. The jury can also be instructed that it should draw such an inference only where, in light of all the other evidence presented at trial, the inference "is trustworthy under all of the circumstances." *LiButti*, 107 F.3d at 124. The Defendant may also request additional cautionary instructions, and the Court (after hearing from Ms. Giuffre) may determine to give such cautionary instructions. But the best course of action is to allow a properly-instructed jury to consider Epstein's invocations, along with all of the other evidence in the case, to reach a fair decision.

Finally, it is important to recognize that the Court has before it very specifically designated excerpts from Epstein's deposition transcript. While Ms. Giuffre intends to call Mr. Epstein live at trial, the Court can review each deposition excerpt to insure that the inference that might be drawn would be appropriate. The Court can then instruct Ms. Giuffre's counsel to ask only those specific questions that it approves. This approval process provides an additional safeguard against unfair prejudice.

*LiButti* specifically recognizes that "'[s]ilence is often evidence of the most persuasive character.'" 107 F.3d at 124 (*quoting United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153-54 (1923) (Brandeis, J.)). Ms. Giuffre should be allowed to present that persuasive evidence here.

### B.  ▬▬▬▬▬▬  Deposition Should Be Allowed.

Defendant next challenges testimony from one of Epstein's victims, ▬▬▬▬▬ who was very similarly situated to Ms. Giuffre. The basis for this meritless argument is that, according to Defendant, ▬▬ has "little or no memory of most or all of the events surrounding the time she knew Mr. Epstein." Mot. at 12.

This is a misleading summary of the testimony provided by ▬▬▬▬ During her deposition, ▬▬▬▬ explained that when she was about 16 years of age, she was brought to

7

Epstein's mansion under the guise of providing him with a massage. She was then led up to his bedroom, where Epstein sexually abused her in the same ways that Ms. Giuffre was also sexually abused. To be sure, because this happened a number of years ago, ███████ will unsurprisingly not be able to recall every tiny detail of her sexual abuse. But such lapses in memory are simply fodder for cross-examination. They do not provide any basis for excluding her testimony in its entirety. *See* Fed. R. Evid. 601 (providing presumption of competency to testify); *see, e.g.,* *United States v. Sinclair*, 109 F.3d 1527, 1536-37 (10th Cir. 1997) (even being "very strung out" on morning of events did not disqualify witness from testifying).

Defendant also raises technical objections to aspects of ███████ testimony. In doing so, Defendant simply repeats objections that she has already lodged at ███████ testimony in her separate pleading on that subject. Ms. Giuffre will respond in detail to those objections in a dedicated pleading, but a few general responses are appropriate herein.

Defendant seems to argue that Rule 612, Federal Rules of Evidence, somehow requires the exclusion of this evidence. Yet Rule 612 is not a rule of exclusion, but simply a rule of procedure that gives an adverse party the right to examine a writing used to refresh a witness's memory. Defendant does not claim that Ms. Giuffre's counsel in any way violated Rule 612, so it is not clear what her argument is for exclusion under that rule.

Defendant also makes reference to the Palm Beach police report, which details Epstein's sexual abuse of many young girls. With respect to claims that aspects of ███████ testimony simply read into evidence passages from the police report, those specific objections will be dealt with in Ms. Giuffre's specific responses to Defendant's objections to the testimony. Such objections concern only a tiny fraction of ███ testimony, most of which involves recounting Epstein's sexual abuse.

With regard to Defendant's general objections that the Palm Beach Police Report is inadmissible hearsay, her claim that it is simply inadmissible is clearly overbroad. The Court will need to address any objection to admission of the police report in the context of the particular occasion in which it arises. For example, Defendant's own expert – Dr. Esplin – has apparently reviewed the police report as part of his testimony. Presumably, this is because he believes that under Rule 703 the report is the kind of information that experts in this area need to rely upon.

More broadly, the Palm Beach police report, which was properly used to try and refresh ███████ recollection during her deposition, may be admitted at trial for multiple reasons. To begin with, the report may be admissible for various non-hearsay purposes – e.g., admissible because it would not be admitted for the truth of any matters asserted in the report. For instance, Defendant has indicated that she was aware of the police report. Accordingly, the report may be admissible - *not to show that its contents are true* - but to show Defendant's state of mind – specifically that when Defendant called Ms. Giuffre a liar, she not only knew, she herself had abused Ms.Giuffre, she was doing so knowing that the Palm Beach Police Department had found that dozens of girls in circumstances similar to Ms. Giuffre's had been abused. Moreover, the report may come in to show Defendant's strong ties to Epstein – i.e., that after she knew, by way of the police report, that he had sexually abused several dozen minor girls, she continued to associate with him.

Beyond that, the report may be properly admissible under exceptions to the hearsay rule. For example, it seems likely to qualify for admission under Rule 804(8) as a public record for an investigating government agency. Or, if for any reason it fails to fit Rule 804(8), it would be admissible under Rule 807, the residual hearsay clause.

Nevertheless, the Court need not resolve these evidentiary issues here, in a motion to exclude testimony by ▇▇▇▇▇▇▇ Instead, the Court should assess these issues either at trial or pre-trial if a motion in limine is filed.

> **C.     Esplin's Deposition Should Be Allowed if Defendant Decides Not to Make Him Available at Trial.**

Defendant also argues that Ms. Giuffre should not be permitted to designate extremely helpful testimony provided by Defendant's own expert, Dr. Esplin. While Defendant is apparently fine with Esplin's opinions that are helpful to her case, she claims that portions of his testimony that happen to be favorable to Ms. Giuffre are "outside the scope of his opinion." This pick-and-choose approach is not permitted, and Defendant is required to take the bitter with the sweet. Ms. Giuffre has properly designated portions of Esplin's deposition which are helpful to her and within the scope of his expertise. For example, Defendant offered Esplin as an expert on memory issues, and Ms. Giuffre is entitled to ask for his opinions concerning various memory issues in this case. Ms. Giuffre will respond specifically to Defendant's argument at greater length in response to his objections to her designation.

**III.     ALFREDO RODRIGUEZ'S TESTIMONY IN AN EARLIER DEPOSITION SHOULD BE ALLOWED SINCE HE HAS SINCE DIED.**

Ms. Giuffre has designated excerpts from a deposition of Alfredo Rodriguez, conducted in July 2009.  Mr. Rodriguez worked inside Epstein's Palm Beach mansion, and therefore had intimate details about how girls were being sexually trafficked by Epstein and Defendant. Ms. Giuffre would call Mr. Rodriguez as a witness at trial, but he has since died. Accordingly, the only way that his testimony can be presented to the jury is through the deposition transcript.

Mr. Rodriguez's previously-taken deposition testimony is admissible for two reasons. First, the testimony is admissible under Fed. R. Evid. 804(b)(1), as Mr. Rodriguez is unavailable and he is Defendant's predecessor in interest – her co-conspirator, Jeffrey Epstein – had an

opportunity to cross-examine Mr. Rodriguez earlier. Second, even if for some technical reason Mr. Rodriguez's deposition does not meet the requirements of Rule 804(b)(1), his testimony is clearly trustworthy and should be admitted under the residual hearsay provision of the Federal Rules of Evidence, Rule 806.

A.   **Mr. Rodriguez's Deposition Testimony is Admissible Under Fed. R. Evid. 804(b)(1).**

While Defendant has challenged virtually everything else in this case, she does not challenge that Mr. Rodriguez, who is dead, is an "unavailable" witness at the trial. Defendant does, however, contend that his previously-taken testimony must be excluded because it is, in her view, "inadmissible" under Fed. R. Civ. P. 32. Defendant claims that Rule 32 sets out the "prerequisite[s] to use of a deposition at trial." Mot. at 14. But, in fact, Rule 32 is not the only way to admit a prior deposition. The Federal Rules of Evidence also contain provisions allowing the use of a prior deposition. In fact, although not cited in Defendant's motion, Fed. R. Civ. P. 32(a)(8) specifically provides: "A deposition previously taken may also be used as allowed by the Federal Rules of Evidence."  This provision was specifically added to the Rules of Civil Procedure because, as the Advisory Committee Notes explain, "the Federal Rules of Evidence permit a broader use of depositions previously taken under certain circumstances." Adv. Comm. Notes, Fed. R. Civ. P. 32, 1980 Amendments.

The relevant provision of the Federal Rules of Evidence is Rule 804(b)(1). Prior deposition testimony of an unavailable witness (such as Mr. Rodriguez) is admissible so long as it meets these requirements:

> (1) *Former Testimony*. Testimony that:
> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

11

Defendant obviously cannot dispute that the requirements of item (A) are met, since Mr. Rodriguez's former testimony was given in a deposition.

The only remaining issue for admissibility concerns item (B), which allows use, in a civil case, of a deposition so long as the party (in this case, the Defendant) had a "predecessor in interest" who had "an opportunity and similar motive" to develop the testimony through cross-examination. The earlier deposition was taken in the case of *Jane Doe No. 6 v. Jeffrey Epstein*, Case No. 08-CV-80994, on August 7, 2009, as well as other civil cases brought by other victims of Epstein. *See* McCawley Dec. at Exhibit 3, Rodriguez Dep. Tr. at 271.

As the case caption itself makes clear, Defendant had a "predecessor in interest" in the case – namely, her co-conspirator, Jeffrey Epstein. To determine whether there is a predecessor in interest, the courts look to whether there was a "community of interest" between the two persons. *See Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1185-87 (3d Cir. 1978). In making such determinations, courts should give a "realistically generous" interpretation that presents a "complete picture" of the situation. *Id.* at 1187. For example, both the Coast Guard and a seaman were found to have the same interest in asking questions about an incident at sea. *Id.*

Similarly here, Epstein and Defendant had the same interest in asking questions about the sex abuse taking place in the Palm Beach mansion they cohabitated for years. At the deposition in question, Epstein was represented by legal counsel, Robert Critton, Esq. *Id.* at 275. Following questioning from counsel for Epstein's victims that suggested Mr. Rodriguez had seen evidence of sexual abuse going on in Epstein's mansion, Critton cross-examined Mr. Rodriguez. *See id.* at 338-419. Critton specifically asked an entire series of questions about Defendant. *See id.* at 364-

69, 375-76, 416-17. Indeed, several of the passages that Ms. Giuffre has designated for use in this trial come from questions asked of Mr. Rodriguez by Epstein's counsel.

Epstein also had a similar motive to ask questions during the deposition. Under Rule 804(b)(1), "'similar motive' does not mean 'identical motive.'" *United States v. Salerno*, 505 U.S. 317, 326 (Blackmun, J., concurring). Determining whether a motive is sufficiently similar is a "factual inquiry, depending in part on the similarity of the underlying issues and on the context." *Id.* "A motive to develop testimony is sufficiently similar for purposes of Rule 804(b)(1) when the party now opposing the testimony would have had, at the time the testimony was given, an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue now before the court." *United States v. Carneglia*, 256 F.R.D. 366, 372 (E.D.N.Y. 2009) (internal quotations omitted).

Here, Epstein's motive and Defendant's motive are the same – to deny that sexual abuse occurred. Both the victims in that case – and Ms. Giuffre here – are alleging that Epstein and Defendant worked together to sexually abuse minor girls. Epstein asked numerous questions designed to undercut those aspects of Mr. Rodriguez's deposition that could be used to support such claim. His motive was identical to Defendant's, and Mr. Rodriguez's deposition transcript should accordingly be presented to the jury. Rule 804 "expresses preferences: testimony given on the stand in person is preferred over hearsay, and hearsay, if of the specified quality, is preferred over complete loss of the evidence of the declarant." *Lloyd*, 580 F.2d at 1185. The jury should not suffer "complete loss" of the evidence of Mr. Rodriguez.

**B.    If the Rodriguez Deposition is Not Admissible Under the Former Testimony Exception, It Should Be Admitted Under the Residual Hearsay Exception.**

For all the reasons just explained, Mr. Rodriguez's deposition testimony falls within the former testimony exception to the hearsay rule. However, if for any reason the court concludes that the

testimony does not fall within that exception, the question would at least be a close one. In such "near miss" situations, the residual hearsay exception provided in Federal Rule of Evidence 807 comes into play. *See United States v. Valdez-Soto*, 31 F.3d 1467, 1472 (9th Cir. 1994) (almost fitting another exception cuts in favor of admitting).

To qualify for admission of a statement under the residual hearsay clause, four factors must apply, as explained in Rule 807:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Each of the four factors applies here.

First, Mr. Rodriguez's statements have equivalent circumstantial guarantees of trustworthiness. The "determination of equivalent trustworthiness is completely fact driven." *Brookover v. Mary Hitchcock Mem'l Hosp.*, 893 F.2d 411, 420 (1st Cir. 1990). Here, the facts make clear that Mr. Rodriguez's statements were trustworthy. As someone who was inside the Palm Beach mansion, he would have had every reason to minimize any illegal activities going on there. Indeed, to the extent that he was acknowledging sexual abuse of children, Mr. Rodriguez was making a statement against penal interest because of the duty to report such abuse. It is also relevant that he gave his statements under oath and was cross-examined by Epstein's attorney, who had a quite similar motive to Defendant's (as explained *supra*). All of these facts give Mr. Rodriguez's statements equivalent guarantees of trustworthiness.

Second, Mr. Rodriguez's statements are being offered as evidence of material facts. For example, one of the important issues in this case concerns whether Defendant was involved with child pornography or photographs of girls. Mr. Rodriguez's testimony will explain that he saw

14

such pictures on Defendant's computer. *See* McCawley Dec. at Exhibit 3, Rodriguez Dep. Tr. at 321-22, 371-73. Another important issue is Defendant's involvement in the arranging for the girls to come to Epstein's mansion for provide sexual massages. Here again, Mr. Rodriguez's deposition provides direct testimony regarding Defendant's involvement. *See id.* at 302-03, 366-69.

Third, Mr. Rodriguez's testimony is more probative on the points for which it is offered than any other evidence that Ms. Giuffre can obtain through reasonable efforts. As the Court is aware, Ms. Giuffre has alleged that she was a victim of a sex trafficking organization run by Epstein, with the assistance of Defendant. Ms. Giuffre has attempted to secure testimony from persons in the organization, starting with Epstein. He took the Fifth on all substantive questions. Then Defendant suffered from convenient memory lapses about critical events and times. Moving down one more echelon in the organization, Ms. Giuffre took the depositions of Sarah Kellan and Nadia Marcinkova. Again, they both took the Fifth on all substantive questions. In stark contrast, Mr. Rodriguez was more than willing to testify. He had a regular job inside Epstein's Palm Beach mansion and is thus able to provide testimony about what was occurring there during the critical 2005 time period, when girls who were later interviewed by the Palm Beach Police Department were brought there by Defendant to provide sexual massages for Epstein. Ms. Giuffre has diligently sought out other witnesses, but no other witnesses she can call can provide the testimony that Mr. Rodriguez will provide.

Finally, admitting Mr. Rodriguez's testimony will best serve the purposes of these rules and the interests of justice. The purposes of the Rules of Evidence prominently include "ascertaining the truth and securing a just result." Fed. R. Evid. 102. This Court is well aware of the bitter roadblocks that Defendant has been throwing out to impede testimony about what was

going on inside the Epstein mansion while she lived there. If Mr. Rodriguez had not passed away a few years ago, he would have been deposed in this case and presented as a witness to the jury. The happenstance of his death should not deprive Ms. Giuffre of the opportunity to allow the jury hear what he has to say.

The residual hearsay rule also concerns procedural requirements of prior notice. Ms. Giuffre has already alerted Defendant of her intent to use this testimony and has provided formal notice that complies with the rule. *See* Ms. Giuffre's Notice of Intent to Offer Statements Under, if Necessary, the Residual Hearsay Clause (DE 601) filed Feb. 9, 2017.

Accordingly, both the substantive and procedural requirements for admitting excerpts of Mr. Rodriguez's deposition have been satisfied, and the excerpts should be presented to the jury.

## CONCLUSION

For all of the foregoing reasons, Ms. Giuffre respectfully requests that the Court deny Defendant's motion in limine to exclude *in toto* deposition testimony from certain witnesses, except that Ms. Giuffre intends to present Jeffrey Epstein and Rinaldo Rizzo via live testimony. Similarly, if Defendant calls Dr. Esplin, Ms. Giuffre will present his testimony via cross-examination.

Dated:  February 10, 2017

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:  /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

17

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 10th day of February, 2017, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the

foregoing document is being served this day on the individuals identified below via transmission

of Notices of Electronic Filing generated by CM/ECF.

    Laura A. Menninger, Esq.
    Jeffrey Pagliuca, Esq.
    HADDON, MORGAN & FOREMAN, P.C.
    150 East 10th Avenue
    Denver, Colorado 80203
    Tel: (303) 831-7364
    Fax: (303) 832-2628
    Email: lmenninger@hmflaw.com
           jpagliuca@hmflaw.com

                         /s/ Sigrid S. McCawley
                         Sigrid S. McCawley