UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**DEFENDANT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE *IN TOTO* CERTAIN DEPOSITIONS DESIGNATED BY PLAINTIFF FOR USE AT TRIAL**

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell") files her Reply in Support of the Motion in Limine to Exclude In Toto certain depositions designated by Plaintiff for use at trial and states as follows:

I. **PLAINTIFF CANNOT SATSIFY THE LEGAL REQUIREMENTS FOR USE OF CERTAIN DEPOSITIONS AT TRIAL**

   A. **Jeffrey Epstein and Ronald Rizzo Are Not Unavailable**

Plaintiff cannot claim that Jeffery Epstein and Ronald Rizzo are "unavailable witnesses" whose testimony can be presented by deposition at trial under Rule 34 of the Federal Rules of Civil Procedure. She admits she simply had not, prior to designating testimony, even attempted to serve these witnesses or obtain their attendance at trial. She has now obtained an agreement to accept service by Mr. Epstein's counsel, mooting any claim that he is unavailable.[1] With respect to Mr. Rizzo, she concedes he resides within 100 miles of the courthouse, and provides no basis to claim that he cannot be served. Based on these confessions, the Motion in Limine to exclude the use of the designated portions of these depositions in toto must be granted.

   B. **As a Retained Expert, Phillip Esplin Cannot Be Deemed Unavailable**

Plaintiff's argument concerning Phillip Esplin fails to acknowledge or even address the cases cited that *require* that prior to being permitted to use prior sworn testimony of an expert witness she must carry the affirmative burden on proving: 1) Plaintiff "attempt[ed] to secure the voluntary [trial] attendance of a witness who lives beyond the subpoena power of the court" and 2) that no similar expert is available. *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972). Plaintiff cannot carry this burden, requiring that the Motion in Limine be granted.

---

[1] Issues concerning if Mr. Epstein should be required to appear to invoke this fifth amendment rights will be addressed in Response to Plaintiff's Motion to Present Testimony from Jeffrey Epstein for Purposes of Obtaining an Adverse Inference.

1

Plaintiff's misplaced argument that Ms. Maxwell is somehow required to make Dr. Esplin available at trial violates the fundamental rules of trial and the requirements for *rebuttal* witnesses. Of course, at this point, Ms. Maxwell does not know information Plaintiff may present in her case-in-chief. Ms. Maxwell has filed well-founded motions *in limine* to exclude the testimony of both Dr. Kliman and Professor Coonan prohibiting from providing their credibility and vouching opinions. This is the subject matter of Dr. Esplin's rebuttal report which explains that there is no reliable or scientific methodology by which an expert could reliably come to such opinions. Of course, if the improper testimony by Dr. Kliman and Professor Coonan is excluded, as it should be, there will be nothing for Dr. Esplin to "rebut" and he will not be called as a witness in the defense case-in-chief. In light of the well settled rules that a rebuttal expert is "intended solely to contradict or rebut evidence on the same subject matter identified" in the expert report of another party, there would be no basis to for Dr. Esplin to testify if Kliman and Coonan are excluded. Fed. R. Civ. P. 26(a)(2)(C)(ii). Moreover, because Dr. Esplin is a designated *rebuttal* expert, it is entirely improper to have any portion of his opinions or testimony presented in the Plaintiff's case in chief. *See Lindner v. Meadow Gold Dairies, Inc.,* 249 F.R.D. 625, 636 (D. Hawaii 2008) (holding that individuals designated only as rebuttal experts could present limited testimony, *could not testify as part of a party's case-in-chief*, and would not be allowed to testify "unless and until" the experts they were designated to rebut testified at trial); *Johnson v. Grays Harbor Cmty. Hosp.,* No. C06–5502BHS, 2007 WL 4510313, at *2 (W.D.Wash. Dec. 18, 2007) (finding that experts designated as rebuttal witnesses would "be permitted only to offer rebuttal testimony at trial"). Plaintiff also fails to explain how the designated testimony could be deemed permissible given that the questions posed were all

outside of the scope of Dr. Esplin's opinion. While Plaintiff may wish to waive this requirement of the rules of procedure and evidence, Ms. Maxwell does not.

Regardless, any decisions Ms. Maxwell and the undersigned counsel decide to make concerning their presentation of the defense and which witness to call is ours alone to make. There is no requirement that a party call a designated expert to testify if they choose not to do so at the time of trial. Such strategic decisions are solely in the province of the parties and their counsel. If Dr. Esplin is presented as a rebuttal witness by the defense, he will appear live. If he is not, then there is no rebuttal witness, and none to cross examine.

II.     ▮▮▮▮▮▮▮ WAS NOT PROPERLY "REFRESHED" AND THE READING OF THE HEARSAY POLICE REPORT IS INADMISSABLE

The use of the deposition testimony of ▮▮▮▮▮▮▮, and the reading or summary of hearsay statement in the Police Report sought to be admitted through counsel's questions is simply improper. As a small sampling of the designated testimony makes clear, there was no proper "refreshing" of recollection:

> Q. Do you remember how old you were when you met Jeffrey Epstein?
> A. Sixteen or 17.
> Q. Okay. And have you reviewed –
> A. I may have been 15. I don't recall. I apologize.
> Q. If you told the police officer 16, you were telling the truth?
> A. At the time, they were fresh.
> …
> Q. Okay. After speaking to the police or while speaking to the police, do you remember telling them that you're not safe because you're talking about this?
> MR. PAGLIUCA: Object to form and foundation.
> THE WITNESS: Yes.
> BY MR. EDWARDS:
> Q. And that you had heard Jeffrey Epstein making threats to people on the telephone?
> MR. PAGLIUCA: Object to form and foundation.

3

      THE WITNESS: Yes. He wasn't always friendly

*See* Menninger Decl., Ex. F, 10:6-14; 43:15-44:4

      As explained in in Wright & Miller, Federal Practice and Procedures, the use of a document during testimony to refresh recollections is limited:

> The law also places limits on how counsel and the witness may use a writing to refresh memory. In the usual case counsel will hand the witness the writing, show counsel for the adverse parties a copy, and ask the witness to silently read the writing. Counsel then will ask the witness if the writing has refreshed the witness' memory. If the witness responds in the affirmative, counsel will retrieve the writing and ask the witness to testify as to the matters on which the witness' memory was refreshed. Even where the witness claims a refreshed recollection, the court again has discretion to preclude further testimony if the circumstances suggest that the writing engendered a false memory. If the witness states that his recollection has not been refreshed, he cannot then testify as to the contents of the writing unless it is shown that the writing itself is admissible.

§ 6184 Refreshing Memory—Requirements and Procedures, 28 Fed. Prac. & Proc. Evid. § 6184 (2d ed.)(internal citations omitted); *see also Goings v. U.S.*, 377 F.2d 753, 759–762 (8th Cir. 1967) (trial court improperly permitted prosecutor to ask leading questions concerning contents of witness' written statement under the pretext of refreshing recollection but without laying the proper foundation; "[I]f a party can offer a previously given statement to substitute for a witness's testimony under the guise of 'refreshing recollection,' the whole adversary system of trial must be revised. *The evil of this practice hardly merits discussion. The evil is no less when an attorney can read the statement in the presence of the jury and thereby substitute his spoken word for the written document.*") (italics in original). *Gaines v. United States*, 349 F.2d 190, 192 (D.C. Cir. 1965)(error to allow prior written statement to be read to the witness in front of the jury for the purpose of refreshing recollection because "it was not necessary for counsel to read the statements aloud in the jury's presence. This is liable to cause the jury to consider their contents as evidence notwithstanding instructions to the contrary.")

4

All testimony from ▮ deposition based on leading questions summarizing her hearsay statements in the police report must be excluded.

With respect to the police report itself, this will obviously be a subject of a Motion in Limine. At this time, two points will suffice. Plaintiff's claim that she is not attempting to offer the police report for the truth of the matters asserted therein is farcical, which is evident in every briefing touching on the subject matter. Second, while the full 803(8) issue will be briefed, for present purposes we will simply point out that ▮ (or any other witnesses statement contained in the report) will never be admissible unless there is a separate and independent hearsay exemptions for such statement. As the Second Circuit has clearly held:

> "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted *but that statements made by third persons under no business duty to report may not.*" *United States v. Pazsint*, 703 F.2d 420, 424 (9 Cir.1983) (emphasis in original).

*Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)(quoting *United States v. Pazsint*, 703 F.2d 420, 424 (9[th] Cir.1983)).

Plaintiff does not address the objections to ▮ deposition under Fed. R. Evid. 401, 402 and 602 based on lack of personal knowledge, or the issues concerning the improper leading of this witness. They should thus be deemed confessed and are not re-argued here.

### III. TESTIMONY AND STATEMENTS MADE IN OTHER MATTERS TO WHICH MS. MAXWELL WAS NOT A PARTY, WAS NOT PRESENT, HAD NO NOTICE, AND DID NOT PARTICIPATE CANNOT BE DESIGNATED IN THIS CASE

Plaintiff does not seriously contest that the requirements of Fed. R. Civ. P. 32 and Fed. R. Evid. 804 cannot be met with respect to Mr. Rodriguez's deposition testimony. Indeed, the Plaintiff's Motions to Exclude Designation of Depositions Excerpts of Alan Dershowitz and Plaintiff argued this precise point. Ms. Maxwell was not a party to any of the litigations in which Mr. Rodriguez was deposed; Ms. Maxwell was neither present or given notice of the deposition.

5

Likewise, under Rule 32(a)(8), the subject matters of those litigations were completely different. The cases were personal claims against Mr. Epstein by various individuals. There could be no identity of issues between those matters and this case. Those cases were about personal claims against Mr. Epstein and had nothing to do with Ms. Maxwell. This case is about a *statement* by Ms. Maxwell's press agent *made over 6 years later*. There could be no motivations to develop similar testimony because the claims in this action by definition did not exist when the depositions was taken.

Mr. Epstein's counsel had no motive to discuss anything concerning Ms. Maxwell. He certainly had no motive to cross-examine Mr. Rodriguez regarding any interactions between Ms. Maxwell and Plaintiff given that Mr. Rodriguez had never met Plaintiff. The sheer lack of discussion of Ms. Maxwell, or follow up on any of the statements made concerning Ms. Maxwell makes clear there was simply no similar motive for Mr. Epstein's counsel to cross examine Mr. Rodriguez as Ms. Maxwell would have in this case.

Knowing that any argument for admission under Fed. R. Civ. P. 32 and Fed. R. Evid. 804 must fail, Plaintiff throws a Hail Mary and seeks admission of the testimony under the "Residual Hearsay" clause, 807. It is apparent that this is the new go-to for Plaintiff because of the serious evidentiary issues with the evidence she seeks to admit. Congress was very clear that it " intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances." Committee on the Judiciary, S.Rep.No.93-1277, Note to Paragraph (24), 28 U.S.C.A. Fed. R. Evid. p. 583 (1975). For this reason, it set very specific parameters that, none of which are satisfactorily met in the circumstances here.

> **(1)** the statement has equivalent circumstantial guarantees of trustworthiness;
> **(2)** it is offered as evidence of a material fact;

    **(3)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

    **(4)** admitting it will best serve the purposes of these rules and the interests of justice.

There is nothing trustworthy about Mr. Rodriguez or his statements. Mr. Rodriguez is a convicted criminal, and was convicted for obstruction of justice *based on the very testimony Plaintiff seeks to admit*. He either created evidence to use in those proceedings, or he hid evidence in them. Either way, his entire testimony is inherently untrustworthy.

Mr. Rodriguez has no knowledge of any fact material to this case. He flatly testifies that he had never heard or, met or seen the Plaintiff. He worked for Mr. Epstein over 2 years after Plaintiff left the country. Nothing Mr. Rodriguez could have possibly testified to, even if he was alive, has any bearing on any *material* fact.

Plaintiff's attempt to claim that Mr. Rodriguez's testimony "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts" is at best disingenuous. Plaintiff has designated the testimony of Juan Alessi, Mr. Rodriguez's predecessor who held that position during the timeframe in which Plaintiff claims to have been held as a "sex slave" by Mr. Epstein. It simply defies logic to claim that Mr. Rodriguez' testimony would somehow be *more probative* than that of the person in his same position at the time Plaintiff alleges she was being held captive as a sex slave.

Finally, nothing about the testimony will best serve the purposes of the rules or evidence or justice. Mr. Rodriguez's testimony is nothing more than hearsay and speculation, as pointed out in the specific objections. The purpose of the rules is thwarted, not served, by the admission of any portion of this wholly irrelevant and improper testimony.

7

## CONCLUSION

For the forgoing reasons, and those set forth in the Defendant's Motion In Limine To Exclude In Toto Certain Depositions Designated By Plaintiff For Use At Trial, Ms. Maxwell requests that the relief requested therein be granted.

Dated: February 17, 2017

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
*Ty Gee (pro hac vice)*
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

   I certify that on February 17, 2017, I electronically served this *Defendant's Reply In Support Of Motion In Limine To Exclude In Toto Certain Depositions Designated By Plaintiff For Use At Trial* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu


J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com


*/s/ Nicole Simmons*
Nicole Simmons

9