UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

------------------------------------------------X

## Defendant's Surreply in Opposition to "Motion to Compel" Work Product and Attorney-Client Communications with Philip Barden

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell, through counsel, submits this Surreply in opposition to plaintiff's "Motion to Compel All Work Product and Attorney Client [sic] Communications with Philip Barden" (Doc.637).

## INTRODUCTION

Procedurally, plaintiff's Motion to Compel is a mess. The motion violates every rule applicable to motions to compel: her counsel did not confer; the motion fails to identify any discovery request it is seeking to "compel" a response to; and it failed to list verbatim any such allegedly unanswered discovery request, as required by local rule. Additionally, discovery closed nearly eight months ago, and trial is 60 days away.

Substantively, the Motion to Compel is facially frivolous. It argues Mr. Barden's declaration effected a waiver of the attorney-client privilege between him and Ms. Maxwell. Plaintiff identified two sentences in the declaration in which Mr. Barden purportedly "*reveal[ed]* attorney client [sic] legal advice given to Defendant." Mot. 3 (emphasis supplied). The sentences are found in Paragraph 13 of the declaration, where Mr. Barden discusses his intent and purpose in preparing the January 2015 statement. We quote in full the two sentences so that the Court can see for itself the remarkably frivolous nature of the argument: "I did not ask Ms. Maxwell to respond point by point to Ms. Giuffre's factual allegations in the CVRA joinder motion. What we needed to do was issue an immediate denial and that necessarily had to be short and to the point." Doc.542-7, Ex.K ¶ 13.

After we filed our response pointing out the procedural and substantive flaws in the motion, plaintiff filed an excess-length reply (five pages longer than her motion) that, in violation of the rules, asserted a range of new factual statements and legal arguments. The reply identified four additional Barden sentences that purportedly effected a waiver of the attorney-client privilege. These are more frivolous than the two sentences identified in the motion. Her

1

counsel on March 9, 2017, followed up on this by presenting argument on the Motion to Compel that relied almost entirely on the rules-violating reply.

Because of the unfairness from plaintiff's chaotic approach to motion practice, we requested on March 9 leave to file a surreply, and the Court granted the request in open court.

## ARGUMENT

I. **THE MOTION TO COMPEL SHOULD BE DENIED BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH THE RULES.**

As discussed in our response (Doc.653) the failure to comply with the rules is an independent ground for denial of a motion to compel. Plaintiff tries in her reply to fix the rules violations, but there are some procedural defaults that cannot be fixed retroactively. One is the requirement of conferral. Compliance with the rule mandating conferral is a precondition for relief under Federal Rule of Civil Procedure 37.

In her reply plaintiff conspicuously fails to show how she conferred in good faith to resolve the alleged discovery issues before filing the motion. *See* Plf's Reply 3. She merely repeats what she said in her Rule 37(a)(1) certification—that she "raised" the "issue" of attorney-client waiver at the "recent oral argument." As we discussed in the response, "raising an issue" in court is not a "conferral in good faith." The failure to show conferral in good faith necessarily means her counsel's Rule 37(a)(1) certification was signed in violation of Rule 11(b).

We do not mean to stand on some "technical" objection to the motion. For one, Rule 37(a)(1) is not a technical rule; it is a "mandatory prerequisite to the court's consideration of a motion to compel," not simply "an empty formality." *Madison v. PALA Interstate, LLC*, Civ. No. 13-765-BAJ-RLB, 2014 WL 7004039, at *2 (M.D. La. Dec. 10, 2014); *accord, e.g.*, *Berndt v. Snyder*, Civ. No. 13-cv-368-SM, 2014 WL 6977848, at *3 (D.N.H. Dec. 9, 2014). For another, a principal purpose of the requirement is to avoid the filing of "unnecessary motions," *Sprint*

2

*Communic'ns Co. v. Comcast Cable Communic'ns, LLC*, Nos. 11-2684-, 11-2685- & 11-2686-JWL, 2015WL11122119, at 1 (D. Kan. Apr. 21, 2015).

The Motion to Compel is an example of an unnecessary motion and part of the "chaos" this Court described as characterizing this case. It resulted, yet again, from a disregard of the rules and practices of this Court intended to effectuate Rule 1 and minimize the parties' use of judicial resources. The need to enforce the rules—to prevent the plaintiff from treating them as merely advisory and to bring some order to the chaos of this case—is a good and sufficient ground to deny the Motion to Compel.

## II. PLAINTIFF'S ARGUMENT THAT MS. MAXWELL HAS WAIVED HER ATTORNEY-CLIENT PRIVILEGE IS STILL FRIVOLOUS.

As we demonstrated in our response, it was frivolous to argue that Ms. Maxwell waived her attorney-client privilege because her lawyer submitted a declaration saying: (a) he was not authorized to and was not waiving her attorney-client privilege; and (b) in preparing the January 2015 statement he did "not" ask Ms. Maxwell to respond point by point to plaintiff's allegations in the CVRA joinder motion." In short, a lawyer cannot waive the attorney-client privilege—which belongs to the client—by saying he did not communicate with his client. To argue otherwise is fatuous.

To try to improve on her argument, plaintiff argues on pages 2-3 of her reply there are four additional statements[1] in the Barden declaration that effected a waiver of the privilege because Ms. Maxwell "plac[ed] communications with her attorney at issue" (capitalization altered):

---

[1] In the Motion to Compel, she said she was providing one example. In her reply, she says these four additional statements also are "example[s]." Plf's Reply 1. We suggest the Court should read these statements by the plaintiff the way we do: "This is the best we can do to identify instances of alleged waiver."

1. "In liaison with Mr. Gow and my client, on January 2, 2015, I prepared a further statement denying the allegations, and I instructed Mr. Gow to transmit it via email to members of the British media who had made inquiry about plaintiff's allegations about Ms. Maxwell." Doc.638-2 ¶ 10.

2. "Second, I intended the January 2015 statement to be 'a shot across the bow' of the media, which I believed had been unduly eager to publish plaintiff's allegations without conducting any inquiry of their own. This was the purpose of repeatedly stating that plaintiff's allegations were 'defamatory.' In this sense, the statement was very much intended as a cease and desist letter to the media-recipients, letting the media-recipients understand the seriousness with which Ms. Maxwell considered the publication of plaintiff's obviously false allegations and the legal indefensibility of their own conduct."[2] *Id.* ¶ 17.

3. "Consistent with those two purposes, Mr. Gow's emails prefaced the statement with the following language: 'Please find attached a quotable statement on behalf of Ms Maxwell' (italics supplied). The statement was intended to be a single, one-time-only, comprehensive response—quoted in full, if it was to be used—to plaintiff's December 30, 2014, allegations that would give the media Ms. Maxwell's response. The purpose of the prefatory statement was to inform the media-recipients of this intent."[3] *Id.* ¶ 19.

4. "I directed that the statement indicate Ms. Maxwell 'strongly denie[d] the allegations of an unsavoury nature,' declare the allegations to be false, give the press-recipients notice that the publications of the allegations 'are defamatory,' and inform them that Ms. Maxwell was 'reserv[ing] her right to seek redress.'" *Id.* ¶ 30.

That is a terrible argument. For starters, this is not Ms. Maxwell's declaration, and Mr. Barden explicitly said he had no authority to waive her privilege. Doc.638-2 ¶ 3. Additionally, none of these four statements discloses any communication between Mr. Barden and Ms. Maxwell. To contend otherwise is the height of frivolousness and warrants sanctions under Rule 11(c)(3).

---

[2] In her reply plaintiff only quotes the last sentence of this paragraph. We think that is rather misleading; so we quote the entire paragraph.

[3] Plaintiff omits the last sentence. We think that is misleading; so we quote the entire paragraph.

4

To illustrate how frivolous the argument is, we turn to plaintiff's response to our May 2016 motion to compel (Doc.164) plaintiff to produce certain categories of her attorney-client communications. Our motion was premised on *plaintiff's own testimony* in which she repeatedly disclosed her communications with her attorney. *See* Doc.164 at 10-11. In opposition to that motion, plaintiff cited cases and advanced arguments that directly rebut her Motion to Compel. *See* Doc.184 at 9-14, 18-19, 21-22. Notably, plaintiff argued:

- "[B]oth federal and New York state law . . . require that a client waive attorney-client privilege." *Id.* at 18 n.14.

- "To find that an attorney waived his client's privilege, a clear record must exist concerning the attorney's attorney [sic] to waive privilege. *See Bus. Integration Servs. v. AT&T Corp.*, No. 06 CIV. 1863 (JGK), 2008 WL 318343, at *2 (S.D.N.Y. Feb. 4, 2008). Here . . . the record is clear that [plaintiff] did not authorize any waiver of her attorney-client privilege." *Id.* at 18. Compare Paragraph 3 of Mr. Barden's declaration: "I am not authorized to and do not waive Ms. Maxwell's attorney-client privilege." Doc.638-2 ¶ 3.

- Even though plaintiff submitted a declaration implicitly disclosing attorney-client communications, it did not result in waiver of the privilege because "*the routine step of submitting an affidavit is not a waiver of attorney-client protections*." Doc.184 at 19 (emphasis supplied).

- "A waiver of the attorney-client privilege occurs only if the client voluntarily discloses in court the substance of a communication with her attorney. No waiver occurs when the client merely discloses facts which were part of the communication with the client's attorney. . . . [T]he privilege attaches to the communication with counsel, not to the underlying facts. . . . To hold otherwise would eviscerate the attorney-client privilege. Such a ruling would mean that every time an attorney filed a declaration by his client that contained the factual basis for the client's claim, the opposing party would have the right to examine all privileged communications." *Id.* at 21-22 (citations omitted).

- It is an "<u>extreme assertion</u>" to say that a client "waived her privilege simply by allowing an affidavit to be filed in a court proceeding." *Id.* (emphasis supplied).

- "[D]isclosing the *absence* of communication is not the same as exposing any communication. It is a fundamental requirement that a communication be exposed,

5

not the absence of such a communication." *Id.* at 25 (italics in original; underscoring supplied). Compare plaintiff's argument at page 9 of the reply that Mr. Barden waived the attorney-client privilege when he stated in his declaration, "*I did not ask Ms. Maxwell to respond point by point . . .*" (emphasis supplied).

We cannot say this any better. So we incorporate herein by reference the cases and arguments at pages 9-14, 18-19 and 21-22 of Doc.184. Plaintiff's cases and argument are a resounding self-refutation of her own Motion to Compel. If no attorney-client communication was disclosed, then axiomatically the privileged communication was not used as a sword and the communication is not placed in issue. *See, e.g.*, *AIU Ins. Co. v. TIG Ins. Co.*, 2008 WL 5062030, at *4 (S.D.N.Y. Nov. 25, 2008) (holding that "[t]he at-issue doctrine is construed narrowly" and requires proof of three elements, including that the privilege holder "put *the protected information* at issue by making it relevant to the case") (emphasis supplied).

Plaintiff also argues in passing that Ms. Maxwell waived the attorney-client privilege by "fail[ing] to properly log communications on her privilege log." Plf's Reply 12. This does not appear to be a serious argument. There was not even a whisper of this claim in the Motion to Compel. Regardless, the argument presupposes that oral communications between an attorney and his client must be included in a privilege log. That is not the law. That is why plaintiff herself has not logged all her oral communications with her attorneys. Additionally, plaintiff forgets we have *produced* email communications predating January 10, 2015, involving Mr. Barden, Mr. Gow and Ms. Maxwell. Indeed, plaintiff attached a number of such communications to her Motion to Compel. *See* Doc.638-4.

### III.   PLAINTIFF IS NOT ENTITLED TO MR. BARDEN'S WORK PRODUCT.

As noted in Argument I, above, the Motion to Compel failed to identify a single unsatisfied discovery request. Accordingly, in our response we argued that plaintiff could not "compel" production of Mr. Barden's work product when she failed to identify an unsatisfied

6

discovery request seeking such work product. Resp. 7. In reply, plaintiff makes the *non-sequitur* argument that she requested in discovery documents subject to the *attorney-client privilege*. See Plf's Reply 3-5. This fails to cure the Motion to Compel's procedural default of failing to identify any unsatisfied discovery request seeking Mr. Barden's work product. If there is no such unsatisfied discovery request, *a fortiori* plaintiff is not entitled to any relief under Rule 37.

## CONCLUSION

The Court should deny the motion to compel, and award sanctions.


Dated:  March 17, 2017

                                          Respectfully submitted,

                                          */s/ Ty Gee*
                                          Laura A. Menninger (LM-1374)
                                          Jeffrey S. Pagliuca (*pro hac vice*)
                                          Ty Gee (*pro hac vice*)
                                          HADDON, MORGAN AND FOREMAN, P.C.
                                          150 East 10th Avenue
                                          Denver, CO 80203
                                          Phone:   303.831.7364
                                          Fax:     303.832.2628
                                          lmenninger@hmflaw.com

                                          *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on March 17, 2017, I electronically served this *Defendant's Surreply in Opposition to "Motion to Compel" Work Product and Attorney-Client Communications with Philip Barden* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons