UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

VIRGINIA L. GIUFFRE,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

15-cv-07433-RWS

---------------------------------------------------X

**Motion to Appoint Special Master to Preside Over Third Deposition of Defendant**

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell ("Ms. Maxwell"), pursuant to Federal Rule of Civil Procedure 53, files this Motion to Appoint a Special Master to Preside over the Third Deposition of Defendant Ghislaine Maxwell, and states as follows:

## STATEMENT OF CONFERRAL

The undersigned has conferred with counsel for Plaintiff, who stated that they do not agree to the appointment of a special master to oversee Ms. Maxwell's third deposition.

## INTRODUCTION

Plaintiff has deposed Defendant for more than thirteen hours of testimony on the record. During the previous depositions, a variety of issues arose, including repetitive and duplicative questioning on a variety of subjects outside of the Court's previous orders, resulting in the need for objections to the questioning and instructions not to answer. The Court has permitted Ms. Maxwell to be deposed for a third time, on limited subject areas, limited to non-duplicative examination, for a maximum of two hours. To avoid the possibility of any request for yet another deposition of Ms. Maxwell, we submit it is in the best interest of all parties to appoint a special master to preside over the deposition to provide immediate rulings on any objections that may arise regarding questions that are outside of the scope of the deposition as set forth in this Court's March 23, 2017 and November 10, 2016 Orders, or any other issues that might arise during the deposition.

**I.     THE SCOPE OF THE DEPOSITION**

On November 2, 2016, the Court granted Plaintiff's Motion to permit a third deposition of Ms. Maxwell concerning the following subjects:

(a) Johanna Sjoberg ,

(b) Maria and Annie Farmer,

(c) women brought by Tony Figueroa ,

1

      (d) other women who gave massages to Jeffrey Epstein, and any evidence, circumstances, or records relating to the massages.

Order of Nov. 2, 2016 at 7.

      During the hearing on November 10, 2016, this Court granted Plaintiff's Motion to permit this third deposition to include questioning concerning two emails produced August 16, 2016 (Doc. # 466); *see* Tr. of Nov. 10, 2016 hearing at 34.

      On November 15, 2016, Defendant moved for reconsideration or clarification of portions of the November 2, 2016 Order. With respect to the third deposition of Ms. Maxwell, the Court granted the motion for clarification, which requested that the Court clarify that the deposition would be limited to non-duplicative questioning "limited to the four areas of inquiry referred to in the Order at page 7." Sealed Order of March 23, 2017 at 4.[1]

      Pursuant to Fed. R. Civ. P. 53, the Court may appoint a special master to "address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." In light of the trial in this matter scheduled to begin May 15, 2017, it is in all parties' best interest to complete this final two hours of deposition quickly and efficiently. Given that in the prior depositions of Ms. Maxwell, counsel for Plaintiff has repeatedly covered the same questions, we believe that there is a high likelihood that this repetitive duplicative questioning will occur again, necessitating objections by counsel to enforce this Court March 23, 2017 Order, as is permitted by Fed. R. Civ. P. 30(c)(2). Should this occur, an immediate ruling on the issue by a special master would prevent the need for any further briefings on these matters, whether by Motion for Protective Order or otherwise.

---

[1] Because the Order pertaining to reopening the deposition concerning the two emails occurred after the November 2, 2016 Order, it was not addressed in the Motion for Reconsideration, and therefore not identified as one of the limited topics of the third deposition. It is clear from the hearing transcript, however, that the Court and counsel recognized that these topics would be covered in the same additional two-hour deposition.

There is also a legitimate concern regarding Plaintiff's counsel's treatment of Ms. Maxwell during her deposition, as evidenced by tactics in the prior depositions such as refusing to permit Ms. Maxwell to take requested breaks, scolding Ms. Maxwell that she could not speak with her counsel at break, and other deposition tactics clearly improper under Fed. R. Civ. P. 30(d)(3)(a).  By way of example, in her second deposition, the following occurred:

> THE WITNESS: Can we take a break?
> MR. BOIES: Only if you commit not to talk to your counsel during the break.
> THE WITNESS: That's ludicrous.
> MR. BOIES: You want a break to talk to your counsel, right?
> THE WITNESS: I want to use the bathroom.
> MR. BOIES: You want to talk to your counsel, right?
> THE WITNESS: I talk to my counsel all the time.
> MR. BOIES: I don't want you talking to your counsel while I'm in the middle of this examination.
> MR. PAGLIUCA: I'm going to talk to her, so are we going to sit here and go for the rest of the day until we're done?
> MR. BOIES: No, but I'm going to go through the rest of this line of questioning, unless you take her and walk out and then, I'm going to protest that to the judge.
> MR. PAGLIUCA: He is refusing a bathroom break to you right now.

*See* Menninger Decl. Ex. A, at 102-103.  Obviously, the risk of such improper oppressive conduct by counsel would be greatly reduced with the presence of a third-party neutral arbiter in the room.

Thus, for efficiency purposes and to protect Ms. Maxwell from harassment and oppression, we request that the Court appoint a Special Master to preside over Ms. Maxwell's third deposition and be given the following powers:

1)     Provide immediate and binding rulings on any and all objections concerning whether the questioning exceeds the limitations imposed by the Court, including duplicative questioning;

2)     Provide immediate and binding rulings on any claims of oppression or harassment of the witnesses;

3)     Provide immediate and binding rulings on any objections that would otherwise necessitate a Motion for Protective Order, other than instructions not to answer based on privilege, which shall be preserved in the deposition record.

4)     Provide immediate and binding rulings on any other matter occurring during the deposition that will effectuate the completion of Ms. Maxwell's final 2-hour deposition.

Consistent with Fed. R. Civ. P. 53(f) the Special Master's ruling on these questions will be reviewed under an abuse of discretion standard. We propose that each side share in the cost of the special master equally, pursuant to Fed. R. Civ. P. 53(g)(2)&(3). Within 2 days after the Court's approval of this request Ms. Maxwell will propose a list of three qualified special masters and request that the Court select one of these individuals to act as the Special Master for this deposition.

## CONCLUSION

WHEREFORE, Defendant requests the appointment of a Special Master under Fed. R. Civ. P. 53 to oversee and rule of any objections raised (other than form and foundation objections) in Ms. Maxwell's final two hours of deposition.

Dated: April 11, 2017

                              Respectfully submitted,

                              */s/ Laura A. Menninger*
                              Laura A. Menninger (LM-1374)
                              Jeffrey S. Pagliuca (*pro hac vice*)
                              Ty Gee *(pro hac vice)*
                              HADDON, MORGAN AND FOREMAN, P.C.
                              150 East 10th Avenue
                              Denver, CO 80203
                              Phone:   303.831.7364
                              Fax:     303.832.2628
                              lmenninger@hmflaw.com

                              *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2017, I electronically served this *Motion to Appoint Special Master to Preside Over Third Deposition of Defendant* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

6