# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,                   Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

**PLAINTIFF MS. GIUFFRE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO APPOINT A SPECIAL MASTER TO PRESIDE OVER THE THIRD DEPOSITION OF DEFENDANT**

Sigrid McCawley
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

Plaintiff, Ms. Virginia Giuffre, respectfully submits this memorandum of law in response and opposition to Defendant's Motion to Appoint a Special Master to Preside Over the Third Deposition of Defendant.

## BACKGROUND

Defendant's recounting of the certain background facts obscures the fact that the Court has entered two separate orders, each of which require a deposition of not more than two hours of Defendant. Accordingly, the upcoming deposition will not exceed a total of four hours. The two separate issues relate to (1) Defendant's failure to answer certain questions at her deposition and (2) her late production of important emails. These two issues developed as follows.

### Defendant's Failure to Answer Certain Questions

During her first deposition, Defendant improperly refused to answer certain questions. Accordingly, the Court ordered a second deposition, directing the Defendant to answer questions on several enumerated topics:

> Defendant is ordered to answer questions relating to Defendant's own sexual activity (a) with or involving Jeffrey Epstein ("Epstein"), (b) with or involving Plaintiff, (c) with or involving underage females known to Epstein or who Defendant believed or intended might become known to Epstein, or (d) involving or including massage with individuals Defendant knew to be, or believed might become, known to Epstein . Defendant is also directed to answer questions relating to her knowledge of sexual activities of others (a) with or involving Epstein, (b) with or involving Plaintiff, (c) with or involving underage females known to Epstein or who Defendant believed were known or might become known to Epstein, or (d) involving or including massage with individuals Defendant knew to be or believed might become known to Epstein. The scope of Defendant's answers are not bound by time period, though Defendant need not answer questions that relate to none of these subjects or that is clearly not relevant, such as sexual activity of third- parties who bear no knowledge or relation to the key events, individuals, or locations of this case.

Sealed Order June 20, 2016 at 9-10.

1

Pursuant to this June 20, 2016, Order, Ms. Giuffre took Defendant's deposition a second time. And – once again – the Defendant refused to answer questions on this subject. And, once again, Ms. Giuffre was forced to move to compel answers. And, once again, the Court ordered Defendant to answer questions about the subjects she had refused to address, enumerating four specific topics:

> The Plaintiff has moved to compel answers to questions which were the subject of the June 20, 2016 Order. In particular, Defendant refused to answer questions about (a) Johanna Sjoberg , (b) Maria and Annie Farmer , (c) women brought by Tony Figueroa, and (d) other women who gave massages to Jeffrey Epstein ("Epstein") , and any evidence, circumstances, or records relating to the massages. The Defendant has opposed the motion on the grounds that the questions were repetitive and her previous deposition testimony answered the questions posed. Directions not to answer except on the grounds of privilege or court order are not appropriate with respect to the particular deposition at issue. The motion to compel is granted and Defendant is directed to answer the deposition questions.

Sealed Omnibus Order, Nov. 2, 2016, at 7. The Court also indicated that the "deposition will be limited to two hours of questions and answers excluding counsel colloquy." *Id.* at 7-8.

Shortly after this order was entered, on November 16, 2016, Defendant moved for reconsideration of the order. On March 23, 2017, this Court refused to reconsider the Order, but reiterated that the third deposition would proceed "limited to the four areas of inquiry referred to in the Order at page 7." Sealed Order of March 23, 2017 at 4.

<u>Defendant's Deposition about Documents Produced Late.</u>

A separate issue arose about Defendant's belated production of important documents. After the close of discovery on July 31, 2016, Defendant produced two critical emails: one between her and her press agent, Ross Gow, and another between her and Jeffrey Epstein. Ms. Giuffre then filed a motion to reopen Defendant on these important documents. DE 466. As explained in length in the motion, these two documents involved central issues in the case,

2

including Defendant's coordination of the press attack on Ms. Giuffre and Defendant's coordination of the attack with her co-conspirator, Epstein.

The Court heard oral argument on Ms. Giuffre's motion on November 10, 2016. After argument, the Court agreed with Ms. Giuffre and ruled as follows: "Ms. Maxwell will be deposed with respect to the emails. The deposition will be limited to two hours." Sealed Transcript, Nov. 10, 2016, at 34.

## DISCUSSION

Defendant now moves for appointment of a special master, offering two arguments. First, Defendant claims that she is concerned about "repetitive duplicative questioning" of certain subjects. Mot. at 2. Of course, given the time limits involved, Ms. Giuffre's counsel would have no reason to engage in such repetitive questioning. But, in any event, there is no need for a special master to be involved in deciding whether questioning is somehow repetitive. Defense counsel can simply note an objection to that effect, and the deposition will move forward. *See* Fed. R. Civ. P. 30(c)(2). A special master is not needed – and would, of course, have great difficulty in getting up to speed on what subjects might or might not be regarded as repetitive.

Second, Defendant claims that she has been subject to "oppressive conduct" during her second deposition, citing an approximately one-minute long passage in the deposition with Ms. Giuffre's counsel, David Boies, indicated his view that caselaw did not permit a witness to substantively confer with legal counsel during the middle of a deposition. Defense counsel took the opposite view.

On this point, Mr. Boies was correct. It is hornbook law that

> once a deposition begins, however, an attorney and a client do not have an absolute right to confer. Rather, a private conference between a deponent and the

3

> deponent's attorney during the taking of a deposition is improper unless the conference is for the purpose of determining whether a privilege should be asserted. This rule applies to both conferences initiated by the attorney and conferences initiated by the witness, including conferences regarding documents shown to the witness during the deposition. If the witness does not understand a question or needs some language further defined or some documents further explained, the witness can ask the deposing attorney for clarification or additional information or may simply testify to a lack of knowledge or understanding.

10A FEDERAL PROCEDURE, LAWYER EDITION § 26:452 (current through Mar. 2017).

Indeed, it is well-known that requesting a break is a stratagem improperly used by clever lawyers and witnesses:

> Furthermore, private conferences between the deponent and the deponent's attorney are prohibited during deposition recesses; *otherwise, a clever lawyer or witness who finds that a deposition is going in an undesirable or unanticipated direction could simply insist on a short recess to discuss the unanticipated yet desired answers, thereby circumventing the prohibition on private conferences*.

*Id.* (emphasis added); *see Morales v. Zondo, Inc.*, 204 F.R.D. 50, 53 (S.D.N.Y. 2001) ("in general, a deponent and the deponent's attorney have no right to confer during a deposition, except for the purpose of determining whether a privilege shall be asserted"). There was nothing wrong with Mr. Boies explaining this law during the course of deposition, much less an "oppressive" practice that would require appointment of a special master.

    Defendant asks that the special master be given power to, among other things, "[p]rovide immediate and binding rulings on any other matter occurring during the deposition that will effectual the completion of Ms. Maxwell's final 2-hour deposition." Mot. at 4. For the special master to fairly make "binding" rulings, however, the master would have to immerse himself or herself in the details of more than 800 docket entries that now form the law of this case. That would be difficult for any special master to do effectively. It is far simpler – and fairer – for the normal deposition rules to simply apply. During the deposition, Defendant's counsel is free to instruct her not to answer any question on grounds of privilege; but as to other objections, they

4

are merely noted on the record and the deposition moves forward. *See* Fed. R. Civ. P. 30(c)(2). However, Defendant is wrongfully trying to assign costs relating to the appointment of an unnecessary special master to Plaintiff. That is prejudicial. It is Defendant who has behaved improperly in repeated depositions, and Plaintiff should not be required to pay for a special master.

  A final point needs to be mentioned. As recounted in the background section above, the Court has entered two separate orders for reopening Defendant's deposition on two separate subjects. Each of those orders directs an additional two-hour deposition on each of those subjects. Accordingly, Ms. Giuffre is entitled to depose Defendant for two hour on each subject, up to a total of four hours. The Defendant should not get a benefit from having *twice* improperly withheld information, by collapsing the two hours needed to address each of these topics into an average of one hour for each of these topics.

  The Court's orders on this point of the four hours appear to be clear. But because Defendant has alluded to a different interpretation of the Orders, Ms. Giuffre respectfully requests that the Court reiterate that the upcoming deposition of Defendant on these topics will not exceed four hours (exclusive of counsel colloquy).

  Of course, Ms. Giuffre's counsel will endeavor to take Defendant's deposition as quickly as possible. But as the Court is aware from previous pleadings, Defendant has had some remarkable memory lapses during earlier depositions, feigned incomprehension of common words such as "puppet," as well as repeatedly requesting that questions be re-asked or clarified, over and over and over again, when the those questions were clear, concise, and unambiguous, as a way to avoid answering the questions put to her. It is for these reasons that Ms. Giuffre is

5

concerned about time limits at the upcoming deposition and asks the Court to reiterate its ruling on the four hours total time permitted.

In light of the foregoing, this Court requiring an appointment of a special master would impose an undue and unwarranted expense upon Ms. Giuffre. Such a burden and expense is wholly inappropriate in light of the fact that the sole reason this third deposition is going forward is Defendant's repeated wrongful discovery failure. This Court ordered a third deposition for Defendant's failure to answer questions at her first and second deposition. And, this Court ordered a third deposition for Defendant wrongful failure to produce relevant documents until just days after her second deposition. Notably, Defendant withheld these documents until that second deposition was completed, thus depriving Ms. Giuffre the opportunity to ask questions on those emails.

Finally, Ms. Giuffre has been asking for April dates for this deposition since March. After repeated requests, counsel for Defendant was only willing to make Defendant available for deposition the first week of May, on the eve of trial. This motion for a Special Master is nothing more than an attempt to create yet another roadblock in taking Defendant's deposition – a deposition that would not be set but for Defendant's refusal to answer questions and comply with discovery obligations – and create additional and unnecessary expense for Ms. Giuffre.

## CONCLUSION

For all of the foregoing reasons, Ms. Giuffre respectfully requests that the Court deny Defendant's motion for appointment of a special master. Ms. Giuffre also respectfully requests that the Court reiterate that deposition of the each of the two topics will not exceed two hours, meaning that the total deposition of Defendant will not exceed four hours.

Dated: April 18, 2017

                                                      Respectfully Submitted,

                                                      BOIES SCHILLER FLEXNER LLP

                                  By: /s/ Sigrid McCawley
                                       Sigrid McCawley (Pro Hac Vice)
                                       Boies Schiller Flexner LLP
                                       401 E. Las Olas Blvd., Suite 1200
                                       Ft. Lauderdale, FL 33301
                                       (954) 356-0011

                                       David Boies
                                       Boies Schiller Flexner LLP
                                       333 Main Street
                                       Armonk, NY 10504

                                       Bradley J. Edwards (Pro Hac Vice)
                                       FARMER, JAFFE, WEISSING,
                                       EDWARDS, FISTOS & LEHRMAN, P.L.
                                       425 North Andrews Avenue, Suite 2
                                       Fort Lauderdale, Florida 33301
                                       (954) 524-2820

                                       Paul G. Cassell (Pro Hac Vice)
                                       S.J. Quinney College of Law
                                       University of Utah
                                       383 University St.
                                       Salt Lake City, UT 84112
                                       (801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 18th day of April, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

>Laura A. Menninger, Esq.
>Jeffrey Pagliuca, Esq.
>HADDON, MORGAN & FOREMAN, P.C.
>150 East 10th Avenue
>Denver, Colorado 80203
>Tel: (303) 831-7364
>Fax: (303) 832-2628
>Email: lmenninger@hmflaw.com
>         jpagliuca@hmflaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley