```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| VIRGINIA GIUFFRE,<br><br>              Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>              Defendant. | 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    On December 18, 2023, the Court entered an order directing the parties to unseal certain documents after the expiration of a fourteen-day stay of the order. (See dkt. no. 1315.) The parties commenced unsealing on January 3, 2024, and, since that time, the Court has received reports that information that was subject to continued sealing was inadvertently disclosed. The Court writes now to clarify the unsealing process intended by its December 18 Order.

    First, the Court reiterates its previous guidance set forth in the transcripts dated January 19, 2021 (dkt. no. 1196), July 1, 2021 (dkt. no. 1220), April 19, 2022 (dkt. no. 1254), and November 18, 2022 (dkt. no. 1283) that names and identifying information of nonparty Does should remain redacted. Identifying information includes, for example, the current home addresses, email addresses, and phone numbers of nonparty Does, in addition

to other categories of sensitive information set out in the Court's individual practices and Federal Rule of Civil Procedure 5.2.

Second, notwithstanding the above, the December 18 Order established a framework for unsealing the identities of certain Does. That is, each row identified an individual Doe, enumerated the relevant docket entries in which that Doe is mentioned, and stated the Court's reasoning for whether to unseal or keep sealed that specific Doe's identity. Where the Court stated its holding of, for example, unsealing in full, that finding related only to the mentions of the specific Doe, not to any and all redactions in the document.

As counsel is aware, this case has attracted a great deal of public attention, and there are, at any given moment, countless spectators surveilling the docket for newly unsealed documents. Once a document is posted to the docket, the information contained therein is pushed out to the greater public in a matter of moments. There is therefore no way to claw back information once it has been revealed.[1] Unfortunately, the repercussions of these disclosures are felt most by the Does whose information is disclosed and whose privacy interests are injured. Does have reported fearing for their safety and the safety of loved ones and

---

[1] Although the Court has granted requests to strike documents containing inadvertent disclosures, (see dkt. nos. 1333, 1336, 1337), the Court acknowledges that such orders only prevent future spread of sealed information.

for the impact of disclosure on their reputations, careers, and personal relationships.  Counsel is thus reminded of the human cost of inadvertently disclosing the names and identifying information of Does who should have remained under seal.

If counsel requires further clarification on the Court's December 18 Order, counsel should consult with the Court prior to filing.

**SO ORDERED.**

Dated:     January 12, 2024
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge