UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA GIUFFRE

- v. -

GHISLAINE MAXWELL,

         Defendant.

15 Civ. 7433 (LAP)

### UNITED STATES' MOTION FOR LIMITED UNSEALING OF CERTAIN DOCUMENTS

Pursuant to the Epstein Files Transparency Act, Pub. L. 119-38, 139 Stat. 656 (Nov. 19, 2025) (the "Act"), the Government respectfully moves to unseal—in a limited fashion—various materials previously produced by the law firm of Boies Schiller Flexner LLP to the Government pursuant to a Grand Jury subpoena (the "Materials") during the grand jury investigation of Jeffrey Epstein, Ghislaine Maxwell, and others, certain materials of which have since been filed under seal on this Court's docket.

The late Honorable Robert W. Sweet issued a protective order for the Materials on March 18, 2016. (Dkt. 62). The Government served a grand jury subpoena on Boies Schiller seeking "the production of copies of discovery and related materials" in this case, and asked the Honorable Colleen McMahon, sitting in Part I,[1] to "issue an order permitting Boies Schiller … to provide" the Materials "in compliance with grand jury process, notwithstanding the Protective Order." *In re Grand Jury Jury Subpoena*, No. 19 Misc. 149 (CM) ("*In re Grand Jury Subpoena*"), Dkt. 11 at 3–4 (S.D.N.Y. Mar. 23, 2021). In doing so, the Government represented that "[s]uch materials will be used solely in connection with the above-referenced grand jury investigation." *Id.* at 4. Judge

---

[1] The assigned district judge in this case, the Honorable Robert W. Sweet, had passed away.

McMahon agreed to modify the protective order "in order to permit Boies Schiller to comply with the subpoena." *In re Grand Jury Subpoena*, Dkt. 14 at 26 (S.D.N.Y. Mar. 29, 2021). Accordingly, Judge McMahon modified the protective order:

> Upon the Affirmation and Application of the United States Attorney for the Southern District of New York … requesting that an Order be issued relieving Boies Schiller & Flexner of their obligations under the protective order issued on March 18, 2016 in case *Virginia L. Giuffre v. Ghislaine Maxwell, et al.*, 15 Civ. 7433 (RWS) (S.D.N.Y.), for the limited and exclusive purpose of complying with grand jury process to provide materials to the Government in connection with a federal grand jury investigation:
>
> IT IS HEREBY ORDERED, that Boies Schiller & Flexner LLP is permitted to provide the Government with copies of materials generated, received, obtained, or otherwise possessed in connection with case *Virginia L. Giuffre v. Ghislaine Maxwell, et al.*, 15 Civ. 7433 (RWS), including discovery materials marked "CONFIDENTIAL" pursuant to the protective order dated March 18, 2016. Boies Schiller & Flexner LLP may provide these materials to the Government notwithstanding their obligations under the March 18, 2016 order.

*In re Grand Jury Subpoena*, Dkt. 13 at 1–2 (S.D.N.Y. Mar. 25, 2021). Pursuant to Judge McMahon's order and its obligations under the grand jury subpoena, Boies Schiller provided the r Materials to the Government. Since that time, the parties in this matter have filed various documents—presumably largely or entirely from the Materials—under seal; by virtue of their sealing, the Government does not know which specific documents have been filed under seal.

The Act requires the Government to produce publicly the Materials, subject to certain redactions and/or withholdings. In particular, subject to certain enumerated exceptions, the Act requires the Attorney General to "make publicly available … all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices" that relate to nine topics, including "Jeffrey Epstein" and "Ghislaine Maxwell." Act § 2. Because the Materials:

(1) are "unclassified records, documents, communications, and investigative materials"; (2) that are "in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices" and (3) "relate to … Jeffrey Epstein … [and] Ghislaine Maxwell," Act § 2(a)(1)–(2), the Act requires the Government to publish the Materials subject to appropriate redactions regarding victim-identifying information.

However, the Materials are subject to both (1) a protective order in this case (Dkt. 62);[2] and (2) the grand jury secrecy provisions in Federal Rule of Criminal Procedure 6(e). Additionally, this Court allowed the parties to file certain documents from the Materials partially or entirely under seal in this case; however, the docket does not clearly indicate which documents have been filed under seal.

With regard to the protective order, the Government is not a party to this case, nor to the protective order, and is not bound by the protective order. Indeed, Judge McMahon made clear that the protective order applied to Boies Schiller—and not the Government—when she ordered that the protective order be modified to allow Boies Schiller to provide the Materials to the Government and did not impose any additional or reciprocal obligations on the Government upon receipt of those materials. *In re Grand Jury Subpoena*, Dkt. 13 at 1–2. Nor did Judge McMahon need to impose obligations on the Government; as she explained: "the fact that the request comes from a grand jury, whose proceedings are by law conducted in secret, … gives Maxwell[3] the degree of

---

[2] On April 9, 2019, the Honorable Colleen McMahon, sitting in Part I, modified the protective order to permit Boies Schiller to comply with the Government's grand jury subpoena. *See In re Grand Jury Subpoena*, No. 19 Misc. 149 (CM), Dkt. 13 (S.D.N.Y. Mar. 25, 2021).

[3] There is no basis to believe that the protective order or subsequent sealing of documents were imposed solely for Maxwell's benefit; Judge McMahon discussed "Maxwell['s] … degree of protection" because she "assume[d], for the purposes of argument, that Maxwell would oppose releasing Boies Schiller from the terms of the Protective Order in order to accommodate the grand jury subpoena." *In re Grand Jury Subpoena*, Dkt. 14 at 16.

protection that could reasonably be expected in the context of a criminal investigation." *In re Grand Jury Subpoena*, Dkt. 14 at 25.[4]

With regard to Rule 6(e), The Honorable Richard M. Berman already found that "The Act requires disclosure of *Epstein* grand jury materials by requiring disclosure of 'all unclassified records, documents, communications, and investigative materials," and therefore "supersedes the otherwise secret grand jury materials under Federal Rule of Criminal Procedure 6(e)." *United States v. Epstein*, No. 19 Cr. 490 (RMB), Dkt. 92 at 3 (S.D.N.Y. Dec. 10, 2025) (Berman, *J.*); *see also United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 820 at 17, 23 (S.D.N.Y. Dec. 9, 2025) (Engelmayer, *J.*) ("in passing the Act, Congress overrode Rule 6(e), in the very limited context of the Maxwell and Epstein grand jury materials" and, therefore, "the Court grants DOJ's motion to unseal—subject to Section 2(c)(1)(A) of the Act—the grand jury materials in this case").

However, a number of documents from Materials have been filed under seal in this case. Of course, neither Judge Sweet, in issuing the protective order, nor Judge McMahon, in modifying the protective order, could or did predict the Act and its requirements, much less address the potential conflict—which arose only recently—between the Court's decision to permit certain documents from the Materials to be filed under seal in this case and the Government's obligations to produce publicly (subject to redactions and withholding) the Boies Schiller Materials. Indeed, Judge McMahon modified the protective order based on her understandings that "the Government's request for modification was "for the limited and exclusive purpose of complying with grand jury process to provide materials to the Government in connection with a federal grand jury

---

[4] Moreover, the Honorable Richard M. Berman and the Honorable Paul A. Engelmayer modified protective orders issues in the cases involving the prosecutions of Epstein and Maxwell, respectively, in order to allow the Government to comply with the Act. *See United States v. Epstein*, No. 19 Cr. 490 (RMB), Dkt. 92 at 1, 3 (S.D.N.Y. Dec. 10, 2025); *United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 820 at 23–24 (S.D.N.Y. Dec. 9, 2025).

investigation," *In re Grand Jury Subpoena*, Dkt. 13 at 1, and "the fact that the request comes from a grand jury, whose proceedings are by law conducted in secret," *In re Grand Jury Subpoena*, Dkt. 14 at 25.

In light of Judges Sweet's and McMahon's understandable inability to predict, much less address, the Government's obligations under the Act when Judge Sweet issued the protective order or when Judge McMahon modified the protective order, this Court's decision to permit sealed filings from the Materials even after that modification, and the Government's representation to Judge McMahon that the Materials "will be used solely in connection with the above-referenced grand jury investigation," and in order to protect the privacy interests of the various victims in this case, the Government respectfully asks this Court to unseal those documents to the extent necessary to permit the Government to comply with its obligations under the Act.[5] In particular, the Government asks that this Court order:

> Notwithstanding any other order or action of this Court, including this Court permitting the parties to file certain documents under seal, the Government may produce any and all documents that it received from Boies Schiller & Flexner LLP, in response to a grand jury subpoena and pursuant to the April 9, 2019, order issued in *In re Grand Jury Subpoena*, No. 19 Cr. 149 (CM) (S.D.N.Y.), in accordance with the Government's obligations under the Epstein Files Transparency Act, Pub. L. 119-38, 139 Stat. 656 (Nov. 19, 2025) (the "Act"), and subject to the Government's withholding and/or redaction obligations under Section 2(c) of the Act.

Notably, this order would *not* require the Court or the parties to unseal on the docket documents that have already been filed, which documents likely have victim information and/or are not in the Government's possession and are therefore not subject to the Act. Rather, this order

---

[5] There are likely many documents that were obtained from other sources that were also in the Boies Schiller Materials that have already been, or will shortly be, publicly produced, albeit in redacted form as required by the Act. This motion ensures that the Government can meet its obligations with respect to *all* documents in its possession.

5

would only apply to the Government, making clear that the Government may produce documents under the Act, subject to the Act's protections.

Dated: New York, New York
January 30, 2026

                                        Respectfully submitted,

                                        /s/ Sean S. Buckley
                                        SEAN S. BUCKLEY
                                        Deputy United States Attorney for the
                                        Southern District of New York
                                        26 Federal Plaza
                                        37th Floor
                                        New York, New York 10278