Case 1:15-cv-07433-LAP    Document 1356    Filed 02/12/26    Page 1 of 2

 **HADDON**
**MORGAN**
**FOREMAN**

**Laura A. Menninger**
lmenninger@hmflaw.com
Main: 303.831.7364

February 12, 2026

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Giuffre v. Maxwell*, 15 Civ. 7433 (LAP), Extension of Time to Respond to Government's
Motion for Limited Unsealing of Certain Documents (Dkt. 1353)

Dear Judge Preska:

I write regarding a motion filed by the Government—which is not a party to this case—asking this
Court to modify the Protective Order (Dkt. 62) to allow the unsealing and release of "certain
documents" (what the Government calls the "Materials") produced by Boies Schiller Flexner LLP
under a grand jury subpoena. The Government filed its Motion on January 30, 2026. Ms.
Maxwell's Response is due on February 13, 2026.

Ms. Maxwell respectfully requests a one-week extension of time to respond to the Government's
Motion.

This defamation case was settled and dismissed with prejudice nearly nine years ago. (Dkt. 916,
917). The case then sat largely dormant until April 2018, when the Miami Herald moved to
intervene and to unseal various filings. (Dkt. 935). Since then, this case has produced multiple
appeals from this Court's decisions to unseal some documents, to approve various redactions to
documents that were then released, or to keep certain documents entirely under seal. *E.g., Giuffre
v. Maxwell*, 146 F.4th 165 (2d Cir. 2025); *Doe 171 v. Giuffre*, No. 22-3050, 2023 WL 4926196
(2d Cir. Aug. 2, 2023); *Doe 107 v. Giuffre*, No. 22-3042, 2023 WL 4926195 (2d Cir. Aug. 2,
2023); *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019). At no point during this tortuous process did
the Government appear, move to intervene, or take a position about unsealing.

The case is (finally) nearing its end. Following the latest appeal, which concluded last month, (Dkt.
1351), all that remains is for this Court to consider whether and to what extent to unseal three
categories of documents: (1) documents filed in connection with undecided motions; (2) Virginia
Giuffre's Florida Deposition; and (3) the briefs, exhibits, and other submissions provided by
Objecting Does during earlier unsealing litigation. *Maxwell*, 146 F.4th at 182-83.

The Government, however, wants to unseal much more. It appears the Government wants
permission to release some 90,000 pages of documents, what we understand to be Boies Schiller's
entire file as it existed at the time of the grand jury subpoena. In making that request, the
Government relies on the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (Nov.

SO ORDERED

*[signature]*

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

Feb. 12, 2026

Haddon, Morgan and Foreman, P.C. | 945 North Pennsylvania Street | Denver, CO | 80203-3118

Case 1:15-cv-07433-LAP    Document 1356    Filed 02/12/26    Page 2 of 2

 HADDON
MORGAN
FOREMAN

Honorable Loretta A. Preska
February 12, 2026
Page 2

19, 2025) (the "Act"). But whether the Act even applies in this context is debatable, as is the Government's right to seek relief in this case. In any event, counsel for Ms. Maxwell needs more time to research the legal issues and to confer with their client about a response to the Government's Motion.

Counsel for Ms. Maxwell attempted to confer about this extension request with Deputy United States Attorney Sean S. Buckley. Mr. Buckley did not respond to either an email or a voicemail. Notably, counsel for the United States did not make any attempts to confer with Ms. Maxwell's counsel prior to filing the Motion.

For these reasons, Ms. Maxwell asks for a one-week extension of time (to and including February 20, 2026) to respond to the Government's Motion.

Very truly yours,

Laura A. Menninger

CC: Counsel of Record via ECF