**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIRGINIA L. GIUFFRE,
      Plaintiff,

   -against-

GHISLAINE MAXWELL,
      Defendant.

15-cv-7433 (LAP)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**

**PRELIMINARY STATEMENT**

George W Poncy Jr (the *Proposed Intervenor*), a member of the public, respectfully moves this Court for leave to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of seeking enforcement of this Court's December 18, 2023 Order (Dkt. No. 1315) regarding the unsealing of documents in this matter.

This Court's December 18, 2023 Order directed the unsealing of numerous documents and established a clear and narrow redaction protocol: *only the names and identifying information of nonparty Does* were to remain redacted. *See* Order dated January 12, 2024 (Dkt. No. 1339) (stating that *names and identifying information of nonparty Does should remain redacted*).

However, upon review of the unsealed documents filed in January 2024, it is apparent that numerous redactions extend far beyond this limited scope. While the Proposed Intervenor cannot identify with specificity what information has been improperly redacted—precisely because it has been redacted—the pattern, volume, and context of the redactions strongly suggest non-compliance with this Court's order. Redactions appear in contexts where they cannot plausibly be protecting victim identities, including in passages discussing business dealings, locations, and other non-victim information.

The Proposed Intervenor seeks intervention to request that this Court: (1) direct the parties to demonstrate compliance with the redaction protocol; (2) conduct an *in camera* review of

redacted documents to verify compliance; and (3) order the filing of properly redacted versions that conform to the Court's directive. This intervention is necessary to vindicate the public's First Amendment right of access to judicial records and to ensure that this Court's orders are faithfully executed and not rendered meaningless through overbroad redaction practices.

**BACKGROUND**

This defamation action was filed in 2015 and settled in 2017. *See Giuffre v. Maxwell*, 15-cv-7433 (S.D.N.Y.). Following settlement, numerous parties moved to unseal documents filed under seal during the litigation. This Court conducted an exhaustive, individualized review of sealed materials and issued detailed orders regarding unsealing.

On December 18, 2023, this Court issued its Order (Dkt. No. 1315) directing the unsealing of additional documents. The Court's subsequent January 12, 2024 Order (Dkt. No. 1339) clarified that *names and identifying information of nonparty Does should remain redacted*. This established a clear, narrow redaction protocol focused solely on protecting the privacy of victims and witnesses.

In January 2024, the parties began filing unsealed documents pursuant to these orders. However, many of these documents contain extensive redactions that appear to exceed the scope authorized by the Court. The Proposed Intervenor seeks intervention to address this apparent non-compliance and to ensure that the public docket reflects the level of transparency this court has already determined is appropriate.

**ARGUMENT**

**I. THE PROPOSED INTERVENOR IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(a)**

Rule 24(a)(2) provides that a court must permit intervention when the movant *(1)* timely moves; *(2)* claims an interest relating to the subject of the action; *(3)* is so situated that disposition of the action may impair that interest; and *(4)* the existing parties do not adequately represent that interest. Fed. R. Civ. P. 24(a)(2). The Proposed Intervenor satisfies each element.

**A. The Motion Is Timely**

A motion to intervene is timely when it is filed *as soon as the would-be intervenor learns that its interests might not be protected*. *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984). The Proposed Intervenor brings this motion promptly after reviewing the unsealed documents and identifying apparent over-redaction. Neither the existing parties nor any prior intervenors have sought enforcement of the redaction protocol, necessitating this intervention at the earliest practicable moment.

## B. The Proposed Intervenor Has a Significant Protectable Interest

The public and press possess a qualified First Amendment right of access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This right extends to documents filed in connection with substantive pre-trial motions and other non-dispositive matters that are more than tangential to the merits of a case. *Id.* at 121.

In this Circuit, members of the public have standing to intervene to vindicate the public's right of access. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*Amodeo II*) (recognizing public's First Amendment right requires judicial documents to remain accessible); *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (addressing intervention in this very litigation). Indeed, this Court has previously permitted public intervention in this case for purposes of challenging sealing orders.

The interest asserted here—enforcement of this Court's unsealing order—is directly related to the First Amendment right of access. When documents are unsealed pursuant to court order but then improperly redacted beyond the scope authorized, the public's right of access is effectively denied. The Proposed Intervenor thus has a *significantly protectable interest* in ensuring compliance with the Court's redaction protocol and preventing the erosion of the public's access rights through overbroad redaction.

## C. The Proposed Intervenor's Interest May Be Impaired

Without intervention, the Proposed Intervenor's interest in access to properly unsealed documents will be impaired. The existing parties have no incentive to challenge the current redactions; to the contrary, they may prefer broader redactions than the Court authorized. If the improperly redacted documents remain on the docket, the public's right of access is permanently frustrated and the court's prior unsealing determinations are undermined.

**D. The Existing Parties Do Not Adequately Represent the Proposed Intervenor's Interest**

Neither plaintiff nor defendant has an incentive to seek enforcement of the redaction protocol; both parties negotiated and agreed to the current redactions. The burden is minimal: the Proposed Intervenor need show only that representation *may be* inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). That standard is clearly met here, as no existing party seeks to enforce the Court's order limiting redactions or to ensure that the public docket accurately reflects the court's unsealing directives.

## II. ALTERNATIVELY, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION UNDER RULE 24(b)

Even if intervention as of right is not granted, the Court should permit intervention under Rule 24(b). Permissive intervention is appropriate when the movant *(1)* timely moves and *(2)* has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B).

As discussed above, this motion is timely. Moreover, the question presented—whether the redactions comply with this Court's order—arises directly from this litigation and the Court's unsealing directives. Permitting intervention will not delay or prejudice the existing parties, as the underlying litigation is long concluded. The sole issue is enforcement of the Court's prior orders and ensuring that the public receives the level of access this court has already determined is appropriate.

## III. THE COURT SHOULD ORDER IN CAMERA REVIEW AND REQUIRE COMPLIANCE WITH THE REDACTION PROTOCOL

The Proposed Intervenor faces an inherent evidentiary difficulty: the very redactions at issue prevent identification of specifically what has been improperly withheld. This creates a *Catch-22* where the public cannot demonstrate over-redaction because the improper redactions themselves conceal the evidence.

The appropriate remedy is *in camera* review by the Court. District courts routinely conduct such review to verify compliance with unsealing orders. *See Amodeo II*, 44 F.3d at 145 (directing

district courts to balance public access against countervailing interests through individualized review). The Court should:

> 1. Direct the parties to submit all redacted documents in unredacted form for *in camera* review;
>
> 2. Review each redaction to determine whether it falls within the authorized category of *names and identifying information of nonparty Does*;
>
> 3. Require the parties to file corrected versions removing any redactions that exceed the authorized scope; and
>
> 4. Alternatively, require the parties to demonstrate, for each redaction or category of redactions, that it falls within the Court's authorization and is narrowly tailored to a legitimate privacy interest.

This approach respects the parties' legitimate privacy interests while ensuring that this Court's carefully crafted unsealing orders are faithfully executed and that the public docket reflects the level of transparency the court has already determined is warranted.

**CONCLUSION**

For the foregoing reasons, the Proposed Intervenor respectfully requests that the Court grant leave to intervene for the limited purpose of seeking enforcement of the Court's unsealing orders, direct *in camera* review of redacted materials, and order the parties to file properly redacted versions that comply with the Court's directive limiting redactions to *names and identifying information of nonparty Does*. As noted above, this Court has repeatedly permitted intervention in this matter for the purpose of challenging sealing and redaction practices. See, e.g., Brown v. Maxwell, 929 F.3d 41(2d Cir. 2019) and the same principles support the limited relief requested here.

Dated: Palm Beach Gardens, Florida
February 12, 2026

Respectfully submitted,

/s/ George W. Poncy Jr.
George W Poncy Jr
5551 High Flyer Rd N
Palm Beach Gardens, FL 33418
561-310-2420
mail@capitol-pictures.com
Proposed Intervenor *Pro Se*