# EXHIBIT 2

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

IN RE APPLICATION TO UNSEAL CIVIL  :   **SEALED AFFIRMATION AND**
DISCOVERY MATERIALS,                   **APPLICATION**

                                   :

USAO Reference No. 2018R01618.     :

                                   :

- - - - - - - - - - - - - - - - - - X

ALEX ROSSMILLER, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

1.   I am an Assistant United States Attorney in the office of Geoffrey S. Berman, United States Attorney for the Southern District of New York.  I make this Affirmation and Application, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, for a limited order to unseal discovery materials in the possession of Boies Schiller & Flexner LLP, in connection with the matter of Virginia L. Giuffre v. Ghislaine Maxwell, et al., 15 Civ. 7433 (RWS) (S.D.N.Y.).  As further discussed below, the materials are currently subject to a protective order issued by this Court. The Government seeks these materials in connection with a federal grand jury investigation.

2.   On or about September 21, 2015, plaintiff Virginia L. Giuffre filed a civil action in this Court against defendant Ghislaine Maxwell, arising from allegations that the

defendant made defamatory statements denying that the plaintiff was a victim of sex crimes perpetrated by Jeffrey Epstein and Ghislaine Maxwell, among others (the "Litigation"). Attorneys for Boies Schiller & Flexner LLP, among others, represent the plaintiff. On or about March 18, 2016, this Court issued a protective order (the "Protective Order") in that action. The Protective Order, attached hereto as Exhibit A, among other things restricted the parties from disclosing discovery materials marked "CONFIDENTIAL" to third parties, absent express permission from the Court. On or about May 24, 2017, the parties entered into a settlement agreement, and voluntarily dismissed the civil action.

3. I am one of the prosecutors in this district in charge of an ongoing investigation into JEFFREY EPSTEIN and others, for possible violations of Title 18, United States Code, Sections 1591 and 1594(c) (unlawfully trafficking minors) and Section 2422(b) (unlawfully enticing minors) (the "Investigation"). The existence and scope of the Investigation in this district is not publicly known. As a result, premature public disclosure of this affirmation or the requested order, including to other parties involved in the Litigation, could alert potential criminal targets that they are under investigation, causing them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the

2

Investigation.  Accordingly, this application is made *ex parte* and is requested to be filed under seal.

4.    Based on publicly available information regarding the Litigation, including the complaint and other docketed filings that appear to make reference to certain subjects relating to the Investigation, the litigation files of Sigrid McCawley, Esq., of Boies Schiller & Flexner LLP, in the matter of <u>Virginia L. Giuffre v. Ghislaine Maxwell, et al.</u>, 15 Civ. 7433 (RWS) (S.D.N.Y.), are believed to contain information relevant to the ongoing Investigation.

5.    The Government has served a grand jury subpoena upon Boies Schiller & Flexner LLP (the "Subpoena") requiring the production of copies of discovery and related materials in the matter of <u>Virginia L. Giuffre v. Ghislaine Maxwell, et al.</u>, 15 Civ. 7433 (RWS) (S.D.N.Y.), solely for purposes of the above-referenced grand jury Investigation.  However, the Government has been advised that although plaintiff's counsel would not otherwise contest compliance with the Subpoena, plaintiff's counsel believes that the Protective Order precludes plaintiff's counsel from complying.

6.    Accordingly, the Government respectfully requests that the Court issue an order permitting Boies Schiller & Flexner LLP to provide materials to the Government relating to case <u>Virginia L. Giuffre v. Ghislaine Maxwell, et al.</u>, 15 Civ.

3

7433 (RWS) (S.D.N.Y.), in compliance with grand jury process, notwithstanding the Protective Order. Such materials will be used solely in connection with the above-referenced grand jury Investigation.

7. Because this application pertains to an ongoing grand jury investigation, the existence of which is not publicly known, it is requested that this Affidavit and Application, and any resulting Order except as to the recipients of such Order, be sealed pending further order of this Court.

WHEREFORE, it is respectfully requested that the Court grant this Application for an Order permitting Boies Schiller & Flexner LLP to comply with grand jury process to provide materials to the Government relating to case Virginia L. Giuffre v. Ghislaine Maxwell, et al., 15 Civ. 7433 (RWS) (S.D.N.Y.), notwithstanding the Protective Order.

The foregoing is true under penalty of perjury.

ALEX ROSSMILLER
Assistant United States Attorney
Tel. (212) 637-2415

Dated: New York, New York
       February 5, 2019

4

# Exhibit A

**United States District Court**
**Southern District Of New York**

-------------------------------------------------X

Virginia L. Giuffre,

    Plaintiff,

v.

Ghislaine Maxwell,

    Defendant.

-------------------------------------------------X

DATE FILED 3/18/16

15-cv-07433-RWS

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED**:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell.

4.   CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a.   attorneys actively working on this case;

   b.   persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c.   the parties;

   d.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e.   the Court and its employees ("Court Personnel") in this case;

   f.   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g.   deponents, witnesses, or potential witnesses; and

h. other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Discovery material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

8.    Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

3

9. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10. Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

11. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an

4

appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.

14.    This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.


BY THE COURT


_____

UNITED STATES DISTRICT JUDGE

3·/7-/6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

IN RE APPLICATION TO UNSEAL CIVIL   :   **SEALED ORDER**
DISCOVERY MATERIALS,

                              :

USAO Reference No. 2018R01618.

                              :

- - - - - - - - - - - - - - - - - - X

        Upon the annexed Affirmation and Application of the United States Attorney for the Southern District of New York, by Assistant United States Attorney Alex Rossmiller, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, requesting that an Order be issued relieving Boies Schiller & Flexner LLP of their obligations under the protective order issued on March 18, 2016 in case Virginia L. Giuffre v. Ghislaine Maxwell, et al., 15 Civ. 7433 (RWS) (S.D.N.Y.), for the limited and exclusive purpose of complying with grand jury process to provide materials to the Government in connection with a federal grand jury investigation:

        IT IS HEREBY ORDERED, that Boies Schiller & Flexner LLP is permitted to provide the Government with copies of materials generated, received, obtained, or otherwise possessed in connection with case Virginia L. Giuffre v. Ghislaine Maxwell, et al., 15 Civ. 7433 (RWS), including discovery materials marked "CONFIDENTIAL" pursuant to the protective order dated March 18, 2016.  Boies Schiller & Flexner LLP may provide

these materials to the Government notwithstanding their obligations under the November 29, 2018 protective order.

IT IS FURTHER ORDERED that, with the exception of a copy of this Order to Boies Schiller & Flexner LLP and the clerk of the court for files and testimony subject to this Order, this Order and the Affirmation and Application in support thereof are to be sealed pending further order of this Court.

Dated: New York, New York
      February ___, 2019

THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK