# EXHIBIT 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   04/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

IN RE APPLICATION TO UNSEAL CIVIL                    19-MC-00179 (SN)
DISCOVERY MATERIALS,

USAO Reference No. 2018R01618.                       **SEALED ORDER**

-------------------------------------------------------------- X

**SARAH NETBURN, United States Magistrate Judge:**

The United States Attorney for the Southern District of New York has moved, pursuant

to the All Writs Act, Title 28, United States Code, Section 1651, for an order relieving Boies

Schiller & Flexner LLP (the "Law Firm") of its obligations under the protective order issued on

November 29, 2018, in Jane Doe 43 v. Jeffrey Epstein, et al., 17-CV-616 (JGK)(SN) (S.D.N.Y.).

The purpose of such order is to permit the Law Firm to comply with a grand jury subpoena and

provide materials to the Government in connection with a federal grand jury investigation. The

motion is DENIED without prejudice.

## BACKGROUND

The Law Firm represented Jane Doe 43, a plaintiff in a civil suit against Jeffrey Epstein

and others. The case involves allegations of sex trafficking. Because of the sensitive nature of

some of the discovery, the parties entered into a Protective Order that deemed certain

information to be "Confidential Information."[1] Protective Order, at ECF No. 177. As relevant

---

[1] The Protective Order covers "information whose public release would violate common law and statutory
privacy interests, including information reflecting medical or psychological conditions, medical or
psychological treatment, prescriptions for controlled substances, non-public personal financial
information, sexual activity or sexual contact, education records, email addresses, telephone numbers,
home addresses, social security numbers and similarly personally identifying information for parties and
third-party witnesses, any information subject to N.Y. Civil Rights Law § 50 or 51, or any other
information deemed private by a Court of competent jurisdiction to include the tort of publication of
private facts." Protective Order, ¶ 3.

here, the Protective Order provides that Confidential Information shall not be disclosed or used for any purpose other than the civil case. Id. at ¶ 4. At the conclusion of the case, the Protective Order requires the destruction of Confidential hard-copy documents or electronic files. Id. at ¶ 12. The Protective Order further prohibits the distribution of Confidential electronic non-file copies without a court order. Id. The Protective Order contemplates that a subpoena for Confidential Information may be received and precludes the receiving party from complying with the subpoena absent a court order. Id. at ¶ 13. Finally, the Protective Order permits modification by the Court "at any time for good cause shown following notice to all parties and an opportunity for them to be heard." Id. at ¶ 15.

The United States Attorney has served a grand jury subpoena on the Law Firm for documents that are covered by the Protective Order.[2] The Government has represented that the subpoena was validly issued as part of an ongoing investigation into Jeffrey Epstein and others for possible violations of Title 18, United States Code, Section 591 and 1594(c) (unlawfully trafficking minors) and Section 2422(b) (unlawfully enticing minors). The production of the materials pursuant to the subpoena is solely for the purposes of the Investigation and is subject to the protections and restrictions of Federal Rule of Criminal Procedure 6(e). The Law Firm has indicated its willingness to comply with the subpoena so long as it is authorized to do so by a court order modifying the Protective Order.

## DISCUSSION

The All Writs Act provides, in relevant part, that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act permits a

---

[2] Because the Government has not provided the Court with a copy of the subpoena, the scope of that subpoena is unknown.

2

court, in its "sound judgment," to issue orders necessary "to achieve the rational ends of law" and "the ends of justice entrusted to it." United States v. New York Telephone Co., 434 U.S. 159, 172-73 (1977) (internal quotation marks and citations omitted). The All Writs Act provides a "residual source of authority to issue writs that are not otherwise covered by statute." Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). "Although the Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Id. The Court finds that it is authorized under the All Writs Act to modify the Protective Order.

The Court, however, declines to exercise its discretion to modify the Protective Order on the record before it. Before modifying a protective order on which parties to a civil action presumptively relied, the Court of Appeals for the Second Circuit has directed district courts to find either that: (1) the protective was improvidently granted or (2) the government has established exceptional circumstances or a compelling need. In re Grand Jury Subpoena Duces Tecum, 945 F.2d 1221, 1224 (2d Cir. 1991); see also Martindell v. International Tel. and Tel. Corp., 594 F.2d 291 (2d Cir. 1979). Because the Government does not argue that the Protective Order was improvidently granted (nor could it), and because the Government has not, on this record, established exceptional circumstances or a compelling need, the motion to modify is denied.

The Government argues that the presumption against modifying protective orders articulated in Martindell and In re Grand Jury does not apply here for two reasons. First, the Government argues that the standard from those cases applies only to their specific procedural posture, specifically a motion to quash (In re Grand Jury) or an informal request without a grand

3

jury subpoena (Martindell). This is a distinction without a difference. Nothing in those decisions cabins the rule to the procedural posture presented, and there is no logical reason to think a different standard should apply when the subpoena's recipient does not move to quash. If anything, the presumption of confidentiality applies more forcefully where, as is the case here, the Government's confidential application deprives the interested party of the chance to quash the subpoena.

Second, the Government argues that the presumption does not apply because the Protective Order protects only documents exchanged in pretrial litigation. It is true that the Court of Appeals has said the presumption may not apply in some cases because the expectation of continued confidentiality was unreasonable. See SEC v. TheStreet.com, 273 F.3d 222, 231 (2d Cir. 2001) ("[S]ome protective orders may not merit a strong presumption against modification. For instance, protective orders that are on their face temporary or limited may not justify reliance by the parties."); see also In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 147 (2d Cir. 1987) ("[A]ppellants . . . could not have relied on the permanence of the protective order. The . . . order by its very terms was applicable solely to the pretrial stages of the litigation."). But this is not a case where the "conditions contemplated by the Court for revisiting the Protective Order have now occurred." Allen v. City of N.Y., 420 F. Supp. 2d 295, 301 (S.D.N.Y. 2006). All parties to the Protective Order have not been given notice and an opportunity to be heard. See Protective Order ¶ 15. And although the Order contemplates the disclosure of Confidential Information during trial, see id. ¶ 14, that condition never arose. Instead, the parties settled, thereby foreclosing the possibility of a trial. Reliance on the continued effect of the Protective Order was and is, therefore, entirely reasonable. See SEC v. TheStreet.com, 273 F.3d 222, 230 (2d Cir. 2001) ("In some cases, settlement would not be possible but for the parties' reliance on a

4

protective order. . . . Thus, another compelling reason to discourage modification of protective orders in civil cases is to encourage testimony in pre-trial discovery proceedings and to promote the settlement of disputes.").

In response to an identical application seeking to modify a protective order in a different case between Epstein and an alleged victim, another judge in this District has reached a different conclusion. That judge found that Epstein's reliance on the protective order in that case was not reasonable, and therefore modified its terms to allow the Law Firm to respond to the grand jury subpoena. I reach a different conclusion.

Courts look to four factors when assessing whether reliance on a protective order was reasonable: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig., 255 F.R.D. 308, 318 (D. Conn. 2009). The Protective Order is not a blanket order that might be disfavored; instead, the definition of Confidential Information is limited and subject to objective standards, and the parties may designate material only in "good faith" after attorney review. Protective Order ¶¶ 3, 8. The Court entered the Protective Order after briefing, oral argument, and a direction from the Court to make modifications to their proposals. See ECF Nos. 163-177. The Protective Order's language also specifically contemplated that confidentiality would not be waived *ex parte* where the government has subpoenaed documents that were exchanged in discovery but never used at trial. Protective Order ¶ 15 ("This Protective Order may be modified . . . following notice to all parties and an opportunity for them to be heard."). Finally, no Confidential Information was filed with the Court after the entry of the Protective Order such

5

that the parties could anticipate its public disclosure.[3] On this record, the Court finds that the parties' reliance on the Protective Order was reasonable and the presumption of confidentiality should apply.

Thus, the Martindell/In re Grand Jury Subpoena test applies here. Under that standard, the Government's arguments for exceptional circumstances and compelling need are unpersuasive. The Government argues that it needs the protected documents because issuing subpoenas to other sources would alert the investigation's targets, possibly leading them to destroy evidence or flee prosecution. But the Government has not offered any affirmations or facts suggesting that the evidence in the Law Firm's possession cannot be obtained from other sources without compromising the investigation. Instead, it relies on the general desire for secrecy. That abstract concern, which applies to all confidential grand jury investigations, is not "a showing of exceptional circumstances or compelling need." In re Grand Jury, 945 F.2d at 1224.[4] Indeed, if anything, the extraordinary posture of the case requires the Court to police carefully government intrusions into areas of protections agreed to by civil litigants and so-ordered by the Court. The Government is attempting to side-step these protections by serving a subpoena only upon a party who is willing (and perhaps eager) to comply with the Government's investigation.

---

[3] The other decision found that reliance on a protective order is not reasonable when the order contemplates that the confidential material may become public if used at trial. But that is an argument in favor of finding reliance on *all* protective orders unreasonable. The public has a strong presumption in favor of accessing trial documents. See Under Seal v. Under Seal, 273 F. Supp. 3d 460, 468 (S.D.N.Y. 2017) ("[The First Amendment] provides the public and the press a constitutional right of access to all trials, criminal or civil.") (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980)) (alterations omitted).
[4] The Government also argues that the Confidential Information covered by the Protective Order is not the sort of sensitive information that has been protected in the past, such as trade secrets. The fact that the protected material here is not of a specific type that has arisen in prior cases does not suggest that this case is extraordinary.

The subject matter of the Government's investigation is obviously serious. But to pierce the Protective Order, the Government must demonstrate not that *this investigation* is an extraordinary circumstance, but that *the reason for seeking the documents* is so extraordinary or compelling that there is a need to modify the Protective Order. The Government has not met that standard.

## CONCLUSION

The motion for an order relieving the Law Firm of its obligations under the Protective Order to comply with the grand jury's subpoena is DENIED without prejudice. This order does not preclude the Law Firm from producing material in its possession responsive to the subpoena that is not covered by the Protective Order. It also does not preclude the Law Firm from disclosing to the Government an inventory of material in its possession that was marked confidential pursuant to the Protective Order in order to allow the Government to renew its application to the Court to establish extraordinary circumstances or a compelling need for the materials it seeks.

Because the Government's application is filed in connection with an on-going criminal investigation, this Order and all other documents filed within this Miscellaneous Case will remain UNDER SEAL until further Court Order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  April 16, 2019
        New York, New York

7