```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>              Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>              Defendant. | 15 Civ. 7433 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Following the remand of this case from the Court of Appeals, the Court received several motions and correspondence from the parties, Intervenors Julie Brown and The Miami Herald (the "Herald"), the Government, and several private nonparties.  This Order establishes a briefing schedule for each issue currently before the Court.

**A. EFTA Motion Briefing**

    The Government has moved for an order authorizing the Government to publish, pursuant to Congress' mandate in the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025) ("EFTA"), all of the materials from this case that the Government obtained through a grand jury subpoena on Plaintiff's counsel.  (See Dkt. 1353 (the "EFTA Motion").)  It is possible that some or all of the materials that the Government now seeks to publish under EFTA overlap with the materials that Plaintiff and the Herald independently seek to unseal.  Because the Government's EFTA Motion

may moot many of these unsealing requests, the Court intends first to resolve the EFTA Motion to avoid duplicative motion practice.

Defendant has opposed the EFTA Motion on various grounds. (Dkt. 1360.)  Plaintiff and the Herald have not yet taken a position on the EFTA Motion.  If they wish to do so, Plaintiff and the Herald may file any response in support of or in opposition to the Government's EFTA Motion by March 16, 2026.  The Government shall file its reply in support of the EFTA Motion by April 1, 2026.

### B. Other Nonparty Responses to the EFTA Motion

One nonparty has publicly asked for leave to file a response to the EFTA Motion.  (Dkt. 1355.)  The Court has also received a sealed submission from the Binder law firm on behalf of several then-minor victims opposing the Government's EFTA Motion.

At this juncture, the Court does not believe that it is necessary to invite additional submissions from nonparties regarding the EFTA Motion.  If the Court accepts the Government's position that EFTA mandates publication of these materials, then it would be the Government that would be charged with publishing and redacting the materials in its possession.  EFTA § 2(a) (providing that "the Attorney General shall . . . make publicly available" all materials subject to EFTA).  And it would be the Government—not this Court—that would have the exclusive discretion and authority to redact information as authorized under EFTA.  See

2

EFTA § 2(c)(1) (providing that "[t]he Attorney General may withhold or redact the segregable portions of records" that contain, among other items, identifiable information of victims).

To be sure, the Court is sympathetic to the difficulties that victims face in protecting their information from disclosure under EFTA, especially given that Congress did not create a pre-publication process for victims to request redactions. But the Court would have no roving power to police a redaction and publication process that Congress has squarely committed to the Executive Branch. Instead, the Court encourages any victims or other nonparties seeking EFTA-permitted redactions to make those requests to the Government directly.[1] In this way, should the Court later rule that sealed materials from this case must be published under EFTA, the Government will be better positioned to identify any victim information for which EFTA authorizes redaction.

---

[1] See, e.g. Department of Justice, Epstein Library (last updated Feb. 24, 2026), https://www.justice.gov/epstein ("In the event a member of the public identifies any information that should not have been posted, please notify us immediately by email at EFTA@usdoj.gov so we can take steps to correct the problem as soon as possible.").

3

**C. Substitution of Plaintiff Following Ms. Giuffre's Death**

The original Plaintiff who brought this action, Virginia Giuffre, is now deceased. Defendant argues that the Court may not consider any other unsealing requests until it first determines who should replace Ms. Giuffre as the appropriate party in interest.

The Court notes that Plaintiff's counsel did substitute the administrator of Ms. Giuffre's estate, Ian Torrington Blatchford, as Plaintiff in the proceedings before the Court of Appeals. However, while Plaintiff's counsel states that the Court of Appeals' substitution order "does not limit substitution to the Second Circuit case," Dkt. 1354 at 3, the substitution order merely approves Torrington Blatchford's unopposed request to "be substituted for Giuffre as the Plaintiff-Appellant in this case." Giuffre v. Maxwell, No. 24-182, Dkt. 101.1 (2d Cir. Dec. 19, 2025) (emphasis added). It is not clear to the Court that the substitution order automatically extends to any district court proceedings below, and Plaintiff's counsel cites no authority for the proposition that it does.

The Court is obligated to ensure that Ms. Giuffre's estate has been properly substituted as required by Federal Rule of Civil Procedure 25. Accordingly, by March 16, 2026, Plaintiff's counsel and the Herald shall file letters (or a joint letter if their positions align) stating their positions on this issue and whether

4

the Court of Appeals' substitution order automatically extends to this case.  If Plaintiff's counsel wishes to file a formal Rule 25 substitution motion, they shall also do so by March 16, 2026.

Defendant shall file any response to Plaintiff's letters and/or Rule 25 Motion by April 1, 2026, with Plaintiff's reply due on April 15, 2026.

### D. Protocol For Remaining Sealed Documents

The Court will reserve ruling on the status of the Unsealing Protocol until it first addresses the EFTA Motion, the outcome of which could narrow the universe of sealed documents and affected nonparties considerably.  After the Court rules on the EFTA Motion, the Court will ask the parties to again address the Protocol and identify the universe of sealed documents that remain.

## Conclusion

The Government shall file any reply in support of the EFTA Motion by April 1, 2026.  If Plaintiff's counsel or the Herald wish to take a position on the EFTA Motion, they may file any responses, either jointly or separately, by March 16, 2026.

Plaintiff's counsel and the Herald shall file a letter and/or any necessary Rule 25 motion regarding the substitution of Plaintiff by March 16, 2026.  Defendant shall file any response by April 1, 2026, and Plaintiff may file any reply by April 15, 2026.

To the extent that any litigant seeks to file any document partly or entirely under seal, the litigant is reminded to file a

5

publicly redacted version of the document and a contemporaneous motion to seal.  <u>See</u> Individual Rule of Practice 2(G).

The Clerk of Court shall close Dkt. 1355.

**SO ORDERED.**

Dated:   New York, New York
         March 6, 2026

_____
LORETTA A. PRESKA
Senior United States District Judge