

March 13, 2026

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **_Giuffre v. Maxwell_, Case No. 15-cv-7433-LAP**

Dear Judge Preska,

      Plaintiff, Virginia Giuffre and the administrator of her estate, Ian Torrington Blatchford (collectively, "Plaintiff"), submit this letter in response to the Court's March 6, 2026 Order (Dkt. 1361) regarding (1) Plaintiff's substitution of Mr. Blatchford, and (2) Plaintiff's position on the Government's Epstein Files Transparency Act ("EFTA") motion (Dkt. 1353).

    **I.**    **Substitution of Mr. Blatchford**

      Virginia Guiffre died on April 25, 2025 while this case was on appeal. On December 19, 2025, the Second Circuit granted Plaintiff's motion to substitute in Mr. Blatchford, the administrator of her estate, "as the Plaintiff-Appellant in this case." *Giuffre v. Maxwell*, No. 24-182, Dkt. 101.1 (2d Cir. Dec. 19, 2025). Neither the Second Circuit's order nor the Federal Rules of Appellate Procedure limit Mr. Blatchford's substitution to the appeal. *See* Fed. R. App. P. 43(a) ("If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party."). Indeed, other courts in this district have simply adopted the Second Circuit's substitution of a party following remand. *Compare Castorina v. Kijakazi*, 2023 WL 4229250, at *1 n.1 (granting motion to substitute Kristine Castorina for Alfred Castorina) *with Castorina v. Kijakazi*, No. 19-cv-991, ECF No. 44 (S.D.N.Y. Aug. 23, 2023) (subsequent district court order remanding the case to the Social Security Administration with Kristine Castorina listed as plaintiff in the case caption).

      Plaintiff is unaware of any authority requiring a party to reapply for substitution following remand, and further, submits that the mandate rule would not permit a district court to void substitution after remand. The mandate rule provides that, "[i]n following a mandate, the lower court must carry out its duty to give the mandate 'full effect.'" *In re Courdert Brothers LLP*, 809 F.3d 94, 98 (2d Cir. 2015) (citing *Ginnett v. Comput. Task Grp., Inc.*, 11 F.3d 359, 360-61 (2d Cir. 1992)). "The scope of a mandate may extend beyond express holdings, and precludes re-litigation both of 'matters expressly decided by the appellate court' and of 'issues impliedly resolved by the appellate court[]." *Coudert Brothers LLP*, 809 F.3d at 98 (citing *Sompo Japan Ins. Co. of America v. Norfolk Southern Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014)).



On July 23, 2025, the Second Circuit issued a decision affirming in part and vacating in part this Court's orders declining to unseal certain documents. The Second Circuit, however, extended the time for the parties to file a petition for panel rehearing or rehearing en banc until either 14 days after a decision on substitution or January 5, 2026 (whichever date was earlier). *Giuffre v. Maxwell*, No. 24-182, Dkt. 99 (2d Cir. Oct. 30, 2025). Mr. Blatchford was subsequently substituted for Ms. Giuffre on December 19, 2025, and the mandate issued shortly afterwards on January 8, 2026 (the "Mandate"). The Mandate, which the Second Circuit issued after substitution, was clearly intended to apply to Mr. Blatchford. Plaintiff submits that, in order for the Court to fully effectuate the Mandate, there should be no lapse where Mr. Blatchford is not substituted for Ms. Giuffre. Moreover, a new motion would necessarily require re-litigation of the scope and applicability of the Mandate, which would contravene the mandate rule.[1]

II.     **The Government's EFTA Motion**

Plaintiff agrees with the Government that the EFTA requires that the Government publicly produce certain materials that it received from Plaintiff's counsel (the "Materials") in connection with a grand jury subpoena, subject to appropriate redactions.[2]

The EFTA provides that the Attorney General shall "make publicly available . . . all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices" that relate to nine topics, including "Jeffrey Epstein" and "Ghislaine Maxwell." EFTA § 2. In its motion, the Government represented that the Materials are "unclassified records, documents, communications, and investigative materials," that are "in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Office" and "relate to . . . Jeffrey Epstein . . . [and] Ghislaine Maxwell." (Dkt. 1353 at 2-3.) Plaintiff has no basis to dispute this assertion. Thus, to the extent that the Government possesses documents subject to the clear directives of the EFTA, Plaintiff agrees that disclosure is required.

Respectfully,

*/s/   Sigrid S. McCawley*
Sigrid S. McCawley

cc: Counsel of record (via ECF)

---

[1] In the alternative, to the extent that the Court requires a new motion for substitution to be filed, Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 25. First, Plaintiff has timely moved for substitution. Courts "liberally permit substitution motions even years after death of a party." *Pastorello v. City of New York*, 2000 WL 1538518, at *1 (S.D.N.Y. Oct. 18, 2000). Ms. Giuffre passed away in April 2025, and the administrator of her estate was appointed in December 2025. Plaintiff's counsel then promptly moved for substitution on December 18, 2025. *Giuffre v. Maxwell*, No. 24-182, Dkt. 100 (2d Cir. Dec. 18, 2025). Plaintiff has also served Maxwell's counsel with a statement noting death, pursuant to Rule 25(a)(3), through her July 9, 2025 filing on the appellate docket. *Giuffre v. Maxwell*, No. 24-182, Dkt. 88 (2d Cir. Jul. 9, 2025).

[2] Ms. Maxwell's opposition to the Government's motion (Dkt. 1360) includes accusations towards Plaintiff and Boies Schiller Flexner ("BSF"). BSF did not engage in any wrongdoing, and in any case, her accusations are irrelevant to her opposition.