

**Laura A. Menninger**
lmenninger@hmflaw.com
Main: 303.831.7364

April 1, 2026

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Giuffre v. Maxwell*, 15 Civ. 7433 (LAP), Reply to Dkt. 1363 and Dkt. 1364

Dear Judge Preska:

I write in reply to the letters submitted by Boies Schiller Flexner (BSF) (Dkt. 1363) and the Miami Herald (Dkt. 1364), which concern two issues: (1) whether a different party should be substituted for the Plaintiff Virginia Giuffre, who has passed away; and (2) whether the Epstein Files Transparency Act requires certain documents to be unsealed.

**Substitution**

There are myriad problems with BSF's and the Herald's arguments that BSF should not be required to file a Fed. R. Civ. P. 25 Motion to Substitute in this Court.

First, the Herald has no stake in whether substitution is allowed or required. The Herald's interests as an intervenor are limited to its remaining unsealing requests. But it has no standing to contest or defend who is a proper Plaintiff.

Second, BSF argues that neither the Second Circuit's order nor the Federal Rules of Appellate Procedure "limit" Ian Torrington Blatchford's substitution to the appeal. (Dkt. 1363, p 1). But that assertion flips the inquiry on its head. The Second Circuit allowed substitution as Plaintiff-*Appellant*; it didn't say anything about Mr. Torrington's role as a *Plaintiff* in further proceedings. Thus, the question is not whether the law *limits* the Second Circuit's order from having downstream effects in this case but, instead, whether the law *allows* it.

Third, BSF's reliance on the substitution in *Castorina v. Kijakazi* is misplaced. (Dkt. 1363, p 1). The party substituted there was the Commissioner of the Social Security Administration. (*Castorina v. Kijakazi*, S.D.N.Y. No. 19-cv-991, Dkt. 44). And under the Federal Rules, "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending," the "officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d). Moreover, because substitution of federal officers is automatic, the "failure to enter an order does not affect the substitution." Fed. R. App. P. 43(c)(2).



By contrast, when a private party dies, as in this case, substitution is not automatic—a motion is required—and the Rule conspicuously does *not* say that "later proceedings should be in the substituted party's name." Nor, in the case of a private party, does the "failure to enter an order" have no effect. *Compare* Fed. R. Civ. P. 25(a)(1) *and* Fed. R. App. P. 43(a)(1), *with* Fed. R. Civ. P. 25(d) *and* Fed. R. App. P. 43(c)(2). BSF's citation to *Castorina v. Kijakazi* hurts rather than helps its cause.

Fourth, the order of the Supreme Court of Western Australia, by its plain terms, appointed Mr. Blatchford as the *Interim* Administrator of Ms. Giuffre's estate. (*Giuffre v. Maxwell*, 2d Cir No. 24-182, Dkt. 100.1, p 14). BSF has not indicated whether and when that appointment was made permanent, or whether it has or will expire. At the very least, BSF should be required to update this Court and Ms. Maxwell about these issues.

Perhaps "Interim Appointment" is a term of art under Australian law that doesn't signal a lack of permanence. Maybe, for example, the appointment is "interim" only in the sense that it will expire when the estate is fully administered. Either way, this Court and Ms. Maxwell deserve to know, since there is no dispute that BSF itself it not the proper Plaintiff, and Ms. Maxwell cannot be required to litigate against a law firm that doesn't represent any party to this case.

But this leads to the final point: BSF may be laboring under a conflict of interest. BSF represents other individuals who want the material unsealed. But unsealing may not be in the interest of Ms. Giuffre's estate now that Ms. Giuffre has passed away. And it might not be in the interest of members of Ms. Giuffre's family who have stakes in Ms. Giuffre's estate. BSF cannot both press for the release of the material on behalf of other clients while at the same time zealously advocating to keep it sealed if that's what Ms. Giuffre's estate wants. (*See* Dkt. 1354, p 4 & n.7).

**Epstein Act**

Neither BSF nor the Herald acknowledge, let alone discuss, Ms. Maxwell's several challenges to the Epstein Act. (Dkt. 1363, p 2; Dkt. 1364, p 1). That failure betrays the strength of Ms. Maxwell's legal arguments.

As for the Government's request to unseal, (Dkt. 1353), the Herald says three things: (1) The Government is not a party to the Protective Order in this case; (2) the Government was not bound by the Protective Order; and (3) Judge McMahon "imposed no reciprocal restrictions on the Government's use or disclosure of the material." (Dkt. 1364, p 1). None of these (related) contentions justifies granting the Government's Motion to Unseal.

The first is nothing but a truism. The Government is not a party to this case, which was why—as Ms. Maxwell explained in her Response, (Dkt. 1360, pp 27-28)—the Government was required by Second Circuit law to comply with *Martindell v. Int'l Tel. & Tel.,* 594 F.2d 291 (2d Cir. 1979). The Government didn't do that, so the documents it came to possess were never lawfully in its possession. Nor were the documents lawfully released by BSF. And crucially, Ms. Maxwell was never given notice and an opportunity to be heard before the Protective Order was modified.



Second, the Protective Order applies to nonparties, like the Government, who obtain information designated "confidential" under its terms. (Dkt. 1360, Ex. 1, pp 7-8, ¶ 5). Although Judge McMahon modified the Protective Order to allow BSF to comply with the grand jury subpoena, she did not modify the confidentiality requirements imposed by the Protective Order on third parties, like the Government, who come to possess information designated "confidential":

> IT IS HEREBY ORDERED, that Boies Schiller & Flexner LLP is permitted to provide the Government with copies of materials generated, received, obtained, or otherwise possessed in connection with case Virginia L. Giuffre v. Ghislaine Maxwell, et al., 15 Civ. 7433 (RWS), including discovery materials marked "CONFIDENTIAL" pursuant to the protective order dated March 18, 2016. Boies Schiller & Flexner LLP may provide

> these materials to the Government notwithstanding their obligations under the March 18, 2016 protective order.

(Dkt. 1360, Ex. 5, p. 1-2). As for the Government's use of the material, at most Judge McMahon authorized disclosure to the grand jury. (Dkt. 1360, pp 25-27).

Beyond allowing the Government to use the material before the grand jury, however, the Government was—and remains—bound by the Protective Order's terms. That, of course, is precisely why the Government came to this Court for permission to unseal the material under the Epstein Act. If the Government truly believed it wasn't bound by the Protective Order, it wouldn't have filed the Motion to Unseal. The Herald's argument that the Government is not bound by this case's Protective Order is a nonstarter.



Third, the Herald is simply wrong to claim that there were no restrictions on the Government's use of the material. As explained in Ms. Maxwell's Response, (Dkt. 1360, pp 25-27), the Government's sworn application to Judge McMahon promised that the material would "be used solely in connection with" the grand jury investigation. (*In re Grand Jury Subpoena*, Dkt. 11 at 4). This promise of secrecy and limited use was essential to Judge McMahon's decision to modify the Protective Order. In applying *Martindell* to the Government's application, Judge McMahon concluded that grand jury secrecy gave "[Ms.] Maxwell the degree of protection that could reasonably be expected in the context of a criminal investigation." (Dkt. 1360, Ex. 6, p 25). In other words, Judge McMahon—based on the Government's assurances—modified the Protective Order because the modification still vindicated Ms. Maxwell's reasonable reliance on the confidentiality it guaranteed. Because Judge McMahon relied on and adopted the Government's promise of limited use, that promise is enforceable, and it constrains the Government now.

As of the filing of this Letter, the Government has not filed its Reply in Support of its Motion to Unseal. And given the brevity of the Government's Motion to Unseal, Ms. Maxwell reserves the right to seek leave to file a sur-reply in support of her Response, since the Government has not yet articulated any defense of the Epstein Act's flaws.

***

For these reasons, as well as those previously given, this Court should require a motion under Fed. R. Civ. P. 25 to substitute a new party as Plaintiff. If this Court determines that Mr. Blatchford has already been substituted as Plaintiff by virtue of the Second Circuit's order, then BSF should be required to file an entry of appearance on behalf of Mr. Blatchford in his capacity as Interim Administrator of Ms. Giuffre's estate. In turn, this Court should deny the Government's Motion to Unseal.

Very truly yours,

Laura A. Menninger

CC: Counsel of Record via ECF