

April 15, 2026

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:**    ***Giuffre v. Maxwell*,**
> <u>**Case No. 15-cv-7433-LAP**</u>

Dear Judge Preska,

Plaintiff Virginia Giuffre and the administrator of her estate, Ian Torrington Blatchford, (collectively, "Plaintiff"), submit this letter in reply to Defendant Ghislaine Maxwell's April 1, 2026 Response.  Dkt. 1365.

## I.    Substitution of Mr. Blatchford

Ms. Maxwell attacks various aspects of Plaintiff's arguments, but she does not—and cannot—counter Plaintiff's primary argument that the mandate rule applies to the Second Circuit's previous order granting Plaintiff's motion for substitution in this case.

"The mandate rule is a branch of the law-of-the-case doctrine. This rule holds that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) (internal citation and quotation marks omitted).  The Second Circuit explicitly decided the issue of substitution when it granted Plaintiff's motion to substitute Mr. Blatchford, the administrator of her estate, "as the Plaintiff-Appellant in this case." *Giuffre v. Maxwell*, No. 24-182, Dkt. 101.1 (2d Cir. Dec. 19, 2025).

The district court would not be able to follow the mandate of the Second Circuit without providing effect to the Second Circuit's granting of substitution in this case.  The mandate rule provides that, "[i]n following a mandate, the lower court must carry out its duty to give the mandate 'full effect.'" *In re Courdert Brothers LLP*, 809 F.3d 94, 98 (2d Cir. 2015) (citing *Ginnett v. Comput. Task Grp., Inc.*, 11 F.3d 359, 360-61 (2d Cir. 1992)).  Case law in this Circuit makes clear that it would not be possible to follow a mandate on the merits without the procedural orders that make the mandate possible.  In *Taylor v. Atl. Mar. Co.*, the Second Circuit had reversed the district court's decision and remanded the case to the district court, but the Second Circuit vacated that order because an appropriate successor had not been substituted.  181 F.2d 84, 85 (2d Cir. 1950).  Even though the Second Circuit had already made a decision on the merits of the appeal, the court

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



said that "if no substitution has taken place on or before [a future deadline], the clerk will enter an order dismissing the appeal, and the judgment of the district court will stand; if a substitution has been made, the clerk will enter an order, as before, reversing the judgment of dismissal of the district court and remanding the cause for further proceedings." *Id.*  Similarly, here, the Second Circuit decided the appeal on the merits on July 23, 2025 but waited until after a successor could be substituted to send the mandate to the district court.  *See Giuffre v. Maxwell*, No. 24-182, Dkts. 94, 101, 102.

In light of the mandate rule, Ms. Maxwell's arguments are unpersuasive.

*First*, Ms. Maxwell argues that the Second Circuit's decision was limited to substituting Mr. Blatchford as a Plaintiff-Appellant and not as a Plaintiff in further proceedings.  The mandate rule and the law-of-the-case doctrine, however, are clear that decisions of the appellate court apply to later proceedings in the case.  *See United States v. Uccio*, 940 F.2d 753, 757 (2d Cir. 1991) (Under the law-of-the-case doctrine, "[w]hen an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue.").

*Second*, contrary to Ms. Maxwell's arguments, Plaintiff relied on *Castorina v. Kijakazi* because Kristine Castorina was substituted for Alfred Castorina and not because the Commissioner of the Social Security Administration was substituted.  *See Castorina v. Kijakazi*, 2023 WL 4229250, at *1 n.1 (granting motion to substitute Kristine Castorina for Alfred Castorina) *with Castorina v. Kijakazi*, No. 19-cv-991, ECF No. 44 (S.D.N.Y. Aug. 23, 2023) (subsequent district court order remanding the case to the Social Security Administration with Kristine Castorina listed as plaintiff in the case caption).

*Third*, Mr. Blatchford continues to serve as the executor of Ms. Giuffre's estate.

*Fourth*, Ms. Giuffre's interest in this case has been well-documented and was part of Plaintiff's motion to substitute directed at the Second Circuit. *See Giuffre v. Maxwell*, No. 24-182, Dkt. 100.1.  Ms. Giuffre has consistently held the position that all of the filings in the district court docket should be unsealed so that the public may have a complete picture of the abuse she suffered. Dkt. 945. This was in large part because of her interest in being able to defend against the horrific public attacks that she had suffered at the hands of the same people who caused and enabled her abuse.

## II.     The Government's EFTA Motion

Plaintiff continues to adopt the Government's arguments regarding the EFTA and agrees with the Government that the EFTA requires that the Government publicly produce certain materials that it received from Plaintiff's counsel.  Ms. Maxwell argues that the fact that Plaintiff did not address each of Ms. Maxwell's challenges to the Epstein Act shows that her arguments are strong, but Plaintiff did not address Ms. Maxwell's arguments simply because this was not Plaintiff's motion and she already indicated her agreement with the Government's arguments.  Dkt. 1363 at 2 (noting that "Plaintiff agrees with the Government that the EFTA requires that the Government publicly produce certain materials that it received from Plaintiff's counsel").



Sincerely,

*/s/  Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc: Counsel of record (via ECF)