BOIES SCHILLER FLEXNER

August 28, 2026

**VIA ECF**

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Giuffre v. Maxwell*,**
**Case No. 15-cv-7433-LAP**

Dear Judge Preska,

The Parties, Julie Brown, and the Miami Herald Company, jointly write in response to the Court's August 11 Order, with their proposals "for next steps for the review of any remaining sealed documents not captured by the Act." Dkt. 1367.

In our January 30 joint letter, we identified three categories of documents that remained subject to unsealing: (i) filings concerning "Undecided Motions," (ii) Giuffre's deposition transcript (Dkt. 363-7), and (iii) "the objecting Doe submissions previously submitted in this case." Dkt. 1354.

Plaintiff understands that all documents subject to unsealing within categories (i) and (ii) are "captured by the Act" because the Government received them via the grand jury subpoena. For those materials, the Parties and the Herald propose that the Government complete its production under the EFTA but that the Court allow the Parties and the Herald to raise with the Court any issues arising therefrom. If, for example, the Government withholds from its forthcoming productions materials that would otherwise be subject to unsealing based on this case's prior rulings, makes redactions to documents for reasons outside the Second Circuit's framework governing public access to judicial documents, or intends to release materials not "captured by the Act" that are allowed to remain under seal under prior rulings in this case,[1] one or more Parties or the Herald may raise these issues with the Court. For any such documents, the Parties' and the Herald's respective positions on the appropriate protocol for unsealing documents in these categories are set forth in our January 30 letter.

Counsel for Ms. Maxwell signs this letter in the context of this Court's August 11 Order, Dkt. 1367, without waiving arguments previously raised, including in Dkt. 1360, and without prejudice to any appellate rights Ms. Maxwell might have.

[1] The Herald disputes that the Court would have the authority to determine whether the Government, a non-party, properly "intends to release" documents under the Act. Plaintiff disputes that Ms. Maxwell has a role in deciding what materials are 'captured by the Act.'"

BSF

As to "the objecting Doe submissions previously submitted in this case," these documents were created after the grand jury subpoena and are "not captured by the Act." As set forth in the January 30 letter, the Herald and Plaintiff submit that "the Court should apply the same analysis to the Does' submissions that it applied to the documents it previously ruled on," publishing objections and applying only "targeted redactions to protect the specific privacy interests recognized in the Court's prior rulings." Dkt. 1354 at 6. Counsel for Ms. Maxwell took no position on this category of documents. *Id*.

Sincerely,

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley, Esq.

/s/ *Laura A. Menninger*
Laura A. Menninger, Esq.

/s/ *Christine Walz*
Christine Walz, Esq.